Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Tel: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to Cingular Wireless n/k/a AT&T Mobility LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation, *et al.*,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**NOTICE OF CURE CLAIM OF CINGULAR WIRELESS N/K/A AT&T MOBILITY LLC IN ACCORDANCE WITH THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN <u>AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION</u>**

Cingular Wireless n/k/a AT&T Mobility LLC ("AT&T Mobility")[1], by and through its undersigned counsel, hereby submits this Notice of Cure Claims in Accordance with the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Cure Claim").  In support of the Cure Claim, AT&T Mobility

---

[1] On or about November 19, 2005, AT&T Corp. merged into and with SBC Communications Inc. with SBC Communications Inc. being the surviving entity.  SBC Communications Inc. subsequently changed its name to AT&T Inc.  Additionally, on or about December 29, 2006, AT&T Inc. purchased Bellsouth Telecommunications, Inc. with AT&T Inc. being the surviving entity.  It was through that merger that AT&T Inc. acquired Cingular Wireless n/k/a AT&T Mobility LLC.

12459/1249
03/06/2008 5404358.1

respectfully represents as follows:

## BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Prior to the Petition Dates, AT&T Mobility provided -- and continues to provide -- certain telecommunications services and related services to the Debtors pursuant to, among other things, the agreement described in the "Cure Claim" section below (collectively, the "AT&T Mobility Agreements").

3.      AT&T Mobility and certain of its affiliates (collectively, the "AT&T Entities") filed various pre-petition claims (as amended from time to time)[2] against the Debtors' estates aggregating approximately $8,255,577 arising from services provided by the AT&T Entities to the Debtors.[3]

4.      On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan") (Docket No. 11386).

5.      Pursuant to Article 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with §§ 365 or 1123 of the Bankruptcy Code, as of the Effective Date, unless such contract (i) was previously rejected,

---

[2]    The full list of the pre-petition proofs of claim filed by the AT&T Entities is set forth in the AT&T Entities' Objection to the Debtors' Claims Estimation Motion (Docket No. 11915) and is incorporated herein by reference.

[3]    The Debtors and the AT&T Entities recently reached a tentative deal (subject to documentation) fixing the amount of the pre-petition claims filed by the AT&T Entities.

-2-

(ii) was the subject of a motion to reject, (iii) expired or terminated on or prior to December 31, 2007 and not otherwise extended, (iv) is listed on the schedule of rejected contracts and leases -- Exhibit 8.1(a) to the Plan, or (v) is otherwise rejected pursuant to the Plan.

6. On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan listing those contracts to be rejected.

7. The AT&T Mobility Agreements were not listed on Exhibit 8.1(a) and have not otherwise been rejected.

8. On January 10, 2008, the AT&T Entities filed a limited objection to confirmation of the Debtors' Plan (Docket No. 11894) addressing cure issues.

9. On January 25, 2008, the Bankruptcy Court entered an order confirming the Debtors' Plan.

10. On January 29, 2008, the Debtors filed a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice").

11. The AT&T Mobility Agreements, however, were not listed in the Cure Notice, despite the fact that Article 8.1 of the Plan provides executory contracts are deemed assumed unless, among other things, expressly rejected. In that regard, on February 7, 2008, the AT&T Entities filed an Objection to the Cure Notice.

12. Additionally, pursuant to Article 8.2(b) of the Plan, parties to "Other Executory Contracts" have until 45 days after the entry of the Confirmation Order to file cure

claims relative to such executory contracts. Thus, in accordance with Article 8.2(b), AT&T Mobility hereby submits the Cure Claim.

## CURE CLAIM

A.  Customer Digital Agreement

13. AT&T Mobility and Delphi Automotive Systems, LLC are parties to a certain Customer Digital Agreement ("CDA") dated December 23, 2003, as amended from time to time.[4] Pursuant to the CDA, AT&T Mobility provided -- and continues to provide -- certain telecommunications and related services to the Debtors. As of the Petition Date, the amount owing under the CDA was $42,486.37. Accordingly, the appropriate Cure Claim arising from the Debtors' assumption of the CDA is **$42,486.37**.

## RESERVATION OF RIGHTS

14. AT&T Mobility expressly reserves any and all rights to supplement and modify the Cure Claim. The Cure Claim relates only to pre-petition amounts. As stated in a previous filing by the AT&T Entities, the Debtors currently owe the AT&T Entities approximately $2,598,263 on account of post-petition services provided by the AT&T Entities to the Debtors.[5] Nothing contained herein shall be deemed or construed to be a waiver of AT&T Mobility's or the AT&T Entities' rights. Accordingly, AT&T Mobility and the AT&T Entities reserve all rights.

---

[4]  The CDA and its terms are proprietary. Thus, AT&T Mobility is not attaching a copy of the CDA to this Cure Claim. The CDA will, however, be provided to the Debtors upon request.

[5]  The AT&T Entities are reviewing their books and records to determine the precise amount of post-petition amounts owing and reserve all rights, including the right to modify such amount.

**WHEREFORE,** AT&T Mobility respectfully requests that the Court (i) allow the Cure Claim, (ii) require that the Debtors pay the amount of the Cure Claim (as such amount may have been modified pursuant the agreement reached between the Debtors and the AT&T Entities), and (iii) grant such other and further relief as is just and proper.

Dated: March 6, 2008                    Respectfully submitted,

By: */s/ Eric H. Horn*
Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Phone: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to Cingular Wireless n/k/a
AT&T Mobility LLC*