Elena Lazarou (EL-5681)
Debra Turetsky (DT-7189)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

Attorneys for General Electric Capital Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
    In re                                 :
                                        :     Chapter 11
    DELPHI CORPORATION, et al.,    :
                                        :     Case No. 05-44481 (RDD)
                 Debtors.            :
                                        :     (Jointly Administered)
------------------------------------------------------------x

## CURE CLAIM OF GENERAL ELECTRIC CAPITAL CORPORATION

General Electric Capital Corporation ("GE"), by its attorneys Reed Smith LLP, hereby files this Cure Claim (the "Cure Claim") pursuant to Article VIII of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"), and respectfully states as follows: [1]

### Background:

1. On or about October 8 and 14, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On or about July 31, 2006, GE filed five claims, Claim Numbers 15449, 15450, 15451, 15452, and 15453 (the "GE Claims"), against the Debtors pursuant to various master lease agreements and over 1100 related schedules (collectively, the "Leases").

3. The GE Claims were filed against various Delphi entities as a precaution in the

---
[1] Unless otherwise defined, capitalized terms shall have the meaning ascribed to them in the Plan.

event of, among other things, a rejection of the Leases, and were comprised of, among other things, pre-petition and post-petition amounts due or to be due under the Leases totaling $11,565,841.91.

4. On or about February 15, 2007, the Debtors filed their Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, objecting to the GE Claims.

5. On or about April 13, 2007, the Debtors and GE entered into a Joint Stipulation and Agreed Order (I) Compromising and Capping Proof of Claim Number 15452 and (II) Withdrawal Without Prejudice of Proofs of Claims Nos. 15449, 15450, 15451, and 15453 (General Electric Capital Corp.) and related Settlement Agreement (together, the "Joint Stipulation and Settlement"), whereby the parties agreed, among other things, to the withdrawal of GE's protective filings as to the lease rejection damages, without prejudice to file a claim upon rejection of the Leases, and capping the pre-petition amounts due under the Leases at $651,626.18 as Claim 15452. Copies of the Joint Stipulation and Settlement are attached hereto as "Exhibit A".

6. Notwithstanding the parties' agreement under the Joint Stipulation and Settlement, on or about August 24, 2007, the Debtors filed their Twentieth Omnibus Claim Objection, in an effort to again expunge Claim 15452 -- asserting that Claim 15452 is not reflected in their books and records.

7. On or about September 20, 2007, GE filed its Response to Debtors' Twentieth Omnibus Claim Objection (the "Second Claim Objection Response"), attaching a detailed breakdown of the $651,626.18 in pre-petition amounts asserted (the "Spreadsheet"). A copy of

NYLIB-7015932.3

the Second Claim Objection Response is attached hereto as "Exhibit B". The Debtors have not yet scheduled a Claims Objection Hearing with respect to Second Claim Objection Response.

8. On or about December 28, 2007, the Debtors filed a Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering (the "Motion"). Pursuant to the Motion, the Debtors sought to estimate Claim 15452 in the amount of $635,904.99 (the "Estimated Claim") for purposes of the Discount Rights Offering.

9. GE filed an objection to the Motion, on or about January 11, 2007, on the grounds that, among other things, the Motion failed account for creditors whose claims are ultimately allowed in amounts greater than the Debtors' estimated amounts (the "Claim Estimation Objection").

10. In an effort to resolve the Claim Estimation Objection, the Debtors and GE entered into an agreement by e-mail dated January 16, 2008 (the "Claim Estimation Agreement"). The Claim Estimation Agreement provided, among other things, that GE would withdraw the Claim Estimation Objection, that any pre-petition cure claim would be capped at $651,626.18, and that the Debtors would not reject GE's leases pursuant to 11 U.S.C. § 365 and would waive any rights to do so under the Plan. GE withdrew its Claim Estimation Objection on or about January 16, 2008. A copy of the Claim Estimation Agreement is attached hereto as "Exhibit C".

11. By email dated February 14, 2008, the Debtors offered to settle Claim 15452 with GE for $620,181.39 as a general unsecured claim (the "Settlement Offer"). A copy of the Settlement Offer is attached hereto as "Exhibit D". GE has reached out to counsel for the Debtors to confirm that the Settlement Offer represents a Cure Claim, but has received no

NYLIB-7015932.3

response. Accordingly, GE files in the instant Cure Claim in the $620,181.39 amount offered by the Debtors.

### Cure Claim:

12. Pursuant to Section 8.1(a) of the Plan:

    All executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed . . . unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject pending on or before the Effective Date, (iii) shall have expired or terminated on or prior to December 31, 2007 (and not otherwise extended) pursuant to their own terms, (iv) are listed on the schedule of rejected executory contracts and unexpired leases attached hereto as Exhibit 8.1 or (v) are otherwise rejected pursuant to this Plan.

13. Pursuant to Section 8.2(b) of the Plan:

    The provisions (if any) of each Other Executory Contract or Other Unexpired Lease to be assumed under this Plan which are or may be in default shall be satisfied solely by Cure. Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto.

14. GE's Leases have not been rejected and, pursuant to the Claim Estimation Agreement, GE's leases will not be rejected under the Plan or otherwise.

15. GE asserts this Cure Claim against the Debtors prior to the Cure Claim Submission Deadline and in accordance with the terms of the Plan.

NYLIB-7015932.3

**Waiver of Memorandum of Law:**

16. Pursuant to Rule 9013-1(b) of the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, GE respectfully requests that the Court waive the requirement of a memorandum of law in support of this Objection, because the legal points and authorities on which this Objection relies are incorporated herein. Accordingly, GE respectfully requests that the Court find that Local Rule 9013-1(b) is satisfied.

17. GE reserves the right to amend or supplement this Cure Claim to the extent made necessary by the response of any party, or as may be requested by the Court.

18. Nothing herein shall be construed as a waiver of GE's rights to file an administrative claim for post-petition amounts owed by the Debtors, all of which are expressly preserved.

WHEREFORE, GE respectfully requests that the Debtors pay to GE a Cure Claim in the amount of $620,181.39 in connection with the assumption of the Leases.

Dated: March 6, 2008

Respectfully submitted,

REED SMITH LLP

s/ Elena Lazarou
Elena Lazarou (EL-5681)
Debra Turetsky (DT-7189)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

*Attorneys for General Electric Capital Corporation*