BARNES & THORNBURG LLP
Attorneys for EMCON Technologies, LLC
Attorneys for EMCON Technologies Canada, ULC
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Alan K. Mills, Esq.
Mark R. Owens, Esq. (MO 9742)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481(RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF CURE CLAIM OF EMCON TECHNOLOGIES, LLC
AND EMCON TECHNOLOGIES CANADA, ULC PURSUANT TO
ARTICLE VIII OF THE CONFIRMED FIRST AMENDED JOINT PLAN
OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN
AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION WITH
<u>RESPECT TO CERTAIN EXECUTORY CONTRACTS</u>**

EMCON Technologies, LLC ("EMCON")[1] and EMCON Technologies Canada, ULC ("EMCON Canada"),[2] by and through their undersigned counsel, hereby file this Notice of Cure Claim of EMCON Technologies, LLC and EMCON Technologies Canada, ULC Pursuant to Article VIII of the Confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession With Respect to Certain Executory Contracts (the "Notice of Cure Claim"), and in support of this Notice of Cure Claim, respectfully state as follows:

---

[1] EMCON is the assignee of the Delphi Energy & Chassis Purchase Orders Cure Amount (as defined herein).

[2] EMCON Canada is the assignee of the Delphi Energy & Engine Purchase Orders Cure Amount (as defined herein).

1

## BACKGROUND

1. On or about October 11, 2004, ArvinMeritor OE, LLC and Delphi Energy & Chassis, which EMCON believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 394620 and 394622 (as amended, the "Delphi Energy & Chassis Purchase Orders").[3]

2. On or about June 2, 2005, ArvinMeritor Canada ET and Delphi Energy & Engine Management, which EMCON Canada believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 400176 and 400178 (as amended, the "Delphi Energy & Engine Purchase Orders").[4]

3. Delphi Energy & Chassis and Delphi Energy & Engine Management are collectively referred to herein as "Delphi."

4. EMCON and Delphi Energy & Chassis continue to do business under the Delphi Energy & Chassis Purchase Orders.

5. EMCON Canada and Delphi Energy & Engine Management continue to do business under the Delphi Energy & Engine Purchase Orders.

6. The Delphi Energy & Chassis Purchase Orders and the Delphi Energy & Engine Purchase Orders are collectively referred to herein as the "Purchase Orders."

---

[3] Copies of the Delphi Energy & Chassis Purchase Orders are not attached to this Notice of Cure Claim because such purchase orders may contain confidential pricing information and terms. If necessary, EMCON will provide the Debtors with copies of the Delphi Energy & Chassis Purchase Orders. Further, if necessary, EMCON reserves its rights to file the Delphi Energy & Chassis Purchase Orders under seal.

[4] Copies of the Delphi Energy & Engine Purchase Orders are not attached to this Notice of Cure Claim because such purchase orders may contain confidential pricing information and terms. If necessary, EMCON Canada will provide the Debtors with copies of the Delphi Energy & Engine Purchase Orders. Further, if necessary, EMCON Canada reserves its rights to file the Delphi Energy & Engine Purchase Orders under seal.

## THE JOINT PLAN OF REORGANIZATION

7.   On December 10, 2007, this Court approved the Debtors' First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession.

8.   On December 28, 2007, the Debtors filed Exhibit 8.1(a) of the Plan, which discloses three (3) categories of executory contracts and unexpired leases that are to be rejected pursuant to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"). The Purchase Orders were neither listed nor identified on Exhibit 8.1(a) of the Plan. Further, neither EMCON nor EMCON Canada is aware of any order providing for the rejection of the Purchase Orders or aware of any pending motion to reject the Purchase Orders. Therefore, pursuant to Article VIII of the Plan, and unless subject to a subsequent objection, the Purchase Orders are scheduled to be automatically assumed as of the Effective Date.[5]

9.   On January 25, 2008, this Court entered Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed.R.Bankr.P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

10.  Pursuant to Article VIII of the Plan and the Confirmation Order, in the event that a non-Debtor party wishes to assert an entitlement to Cure, such party must file and serve a Cure Claim within forty-five (45) days after the entry of the Confirmation Order (March 10, 2008), after which the Debtors shall have forty-five (45) days to file an objection to the Cure Claim. This

---

[5] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

3

Notice of Cure Claim is filed by EMCON and EMCON Canada in satisfaction of such requirements under the Plan and Confirmation Order.

## THE CURE CLAIMS

11.  The parties agreed that Delphi was required to pay certain freight charges for the goods purchased under the Purchase Orders. However, Delphi failed to pay certain pre- and post-petition freight charges as goods were ordered and shipped. Rather, EMCON and EMCON Canada unknowingly paid the freight charges, which freight charges were Delphi's responsibility to pay. This error was discovered in late 2006 and EMCON and Delphi and EMCON Canada and Delphi entered into discussions to resolve the situation.

12.  Delphi has reimbursed EMCON and EMCON Canada for the post-petition freight charges that were unknowingly paid by EMCON and EMCON Canada, but certain pre-petition freight charges remain unpaid.

13.  Delphi has continued to pay the post-petition freight charges under the Purchase Orders.

14.  Delphi's failure to reimburse EMCON and EMCON Canada for the outstanding pre-petition freight charges, as more fully set forth in Invoice No. 5410178 and Invoice No. 10099 (collectively, the "Invoices"), is a default under the Purchase Orders and must be cured under 11 U.S.C. § 365 before the Purchase Orders can be assumed by Delphi.

15.  As more fully set forth in Invoice No. 5410178, the total outstanding pre-petition freight charges that were to be paid by Delphi under the Delphi Energy & Chassis Purchase Orders totals $58,256.61. A true and correct copy of Invoice No. 5410178 is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth at length. Therefore, $58,256.61 must be paid by Delphi to EMCON before the Delphi Energy & Chassis Purchase

Orders can be assumed by Delphi (the "Delphi Energy & Chassis Purchase Orders Cure Amount").

16. As more fully set forth in Invoice No. 10099, the total outstanding pre-petition freight charges that were to be paid by Delphi under the Delphi Energy & Engine Purchase Orders totals $104,757.60. A true and correct copy of Invoice No. 10099 is attached hereto as <u>Exhibit B</u> and incorporated herein by reference as if fully set forth at length. Therefore, $104,757.60 must be paid by Delphi to EMCON Canada before the Delphi Energy & Engine Purchase Orders can be assumed by Delphi (the "Delphi Energy & Engine Purchase Orders Cure Amount").

## **MEMORANDUM OF LAW**

17. This Notice of Cure Claim sets forth the relief requested by EMCON and EMCON Canada under appropriate headings and contains citation of authorities upon which the relief requested is based. EMCON and EMCON Canada respectfully request that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## **RESERVATION OF RIGHTS**

18. EMCON and EMCON Canada expressly reserve their rights to supplement and modify this Notice of Cure Claim and the Cure Claims contained herein. This Notice of Cure Claim is being filed as it pertains to the Purchase Orders and the Invoices and the rights derived thereunder or related thereto. Nothing contained herein should be construed as a waiver by EMCON or EMCON Canada with respect to any other rights.

WHEREFORE, (i) EMCON respectfully requests that this Court enter an order requiring Delphi to pay the Delphi Energy & Chassis Purchase Orders Cure Amount, in cash, prior to the

5

assumption of the Delphi Energy & Chassis Purchase Orders; (ii) EMCON Canada respectfully requests that this Court enter an order requiring Delphi to pay the Delphi Energy & Engine Purchase Orders Cure Amount, in cash, prior to the assumption of the Delphi Energy & Engine Purchase Orders; and (iii) EMCON and EMCON Canada both respectfully request that this Court enter an order granting such other and further relief that is just and appropriate under the circumstances.

Dated:  March 6, 2008

 /s/ Mark R. Owens
Alan K. Mills, Esq.
Mark R. Owens (MO 9742)
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433
E-Mail:  alan.mills@btlaw.com
E-Mail:  mark.owens@btlaw.com

*Attorneys for EMCON Technologies, LLC
and EMCON Technologies Canada, ULC*

INDS01 MOWENS 1018248v1