BARNES & THORNBURG LLP
Attorneys for Clarion Corporation of America
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF CURE CLAIM OF CLARION CORPORATION OF AMERICA
WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS BETWEEN
CLARION CORPORATION OF AMERICA AND DELPHI AUTOMOTIVE SYSTEMS
LLC PURSUANT TO ARTICLE VIII OF THE CONFIRMED FIRST AMENDED JOINT
PLAN OF REORGANIZATION OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION**

Clarion Corporation of America ("Clarion"), by and through its undersigned counsel, files this Notice of Cure Claim of Clarion Corporation of America With Respect to Certain Executory Contracts Between Clarion Corporation of America and Delphi Automotive Systems LLC Pursuant to Article VIII of the Confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Notice of Cure Claim"), and in support of this Notice of Cure Claim, respectfully states as follows:

## BACKGROUND

1. From approximately January 7, 2005 until October 7, 2005, Clarion and Delphi Automotive Systems LLC ("DAS LLC") entered into a series of not less than fifteen (15) purchase orders (the "Purchase Orders"). A non-exhaustive list summarizing the Purchase Orders and the numerous invoices associated therewith that comprise the Cure Amount (as defined herein) is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth at length.[1] Copies of the Purchase Orders and associated invoices are voluminous and available upon request.

2. DAS LLC purchased goods under the Purchase Orders prior to filing for protection under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and DAS LLC continues to purchase goods under the Purchase Orders.

## THE JOINT PLAN OF REORGANIZATION

3. On December 10, 2007, this Court approved the Debtors' First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession.

4. On December 28, 2007, the Debtors filed Exhibit 8.1(a) of the Plan, which discloses three (3) categories of executory contracts and unexpired leases that are to be rejected pursuant to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"). The Purchase Orders were neither listed nor identified on Exhibit 8.1(a) of the Plan. Further, Clarion is not aware of any order providing for the rejection of the Purchase Orders or aware of any pending motion to reject the Purchase Orders. Therefore, pursuant to Article VIII of the Plan and unless subject to a

---

[1] Clarion reserves the right to add additional Purchase Orders to Exhibit A that are associated with Clarion's Cure Amount (as defined herein), but are not currently listed on Exhibit A.

subsequent objection, the Purchase Orders are scheduled to be automatically assumed as of the Effective Date.

5.      On January 25, 2008, this Court entered Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed.R.Bankr.P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

6.      Pursuant to Article VIII of the Plan and the Confirmation Order, DAS LLC and/or the other Debtors (collectively, "Delphi") is/are required to send a notice of the assumption of the Purchase Orders as well as the proposed cure amount, among other things, to Clarion before assuming the Purchase Orders.

7.      Delphi sent a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Delphi Cure Notice") to Clarion, which Delphi Cure Notice covered only four (4) of the Purchase Orders.[2]  Clarion responded to the Delphi Cure Notice.  A true and correct copy of Clarion's response to the Delphi Cure Notice is attached hereto as Exhibit B and incorporated herein by reference as if fully set forth at length.

8.      Delphi failed to send a cure notice, as required by Article VIII of the Plan and Confirmation Order, with respect to not less than eleven (11) Purchase Orders.

9.      Pursuant to Article VIII of the Plan and the Confirmation Order, in the event that a non-Debtor party wishes to assert an entitlement to Cure,[3] such party must file and serve a Cure Claim within forty-five (45) days after the entry of the Confirmation Order (March 10, 2008),

---

[2] The purchase orders are identified as (i) D0550045280, (ii) D0550056526, (iii) D0550063148, and (iv) D0550074476.

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

after which the Debtors shall have forty-five (45) days to file an objection to the Cure Claim. This Notice of Cure Claim is filed by Clarion in satisfaction of such requirements under the Plan and Confirmation Order.

## CLARION'S CURE CLAIM

10. Pursuant to the Purchase Orders, DAS LLC purchased goods prior to filing for protection under the Bankruptcy Code. However, DAS LLC failed to pay all amounts due under the Purchase Orders for such goods.

11. DAS LLC's failure to pay Clarion for all outstanding amounts due is a default under the Purchase Orders and must be cured under 11 U.S.C. § 365 before the Purchase Orders can be assumed by Delphi.

12. The total outstanding pre-petition amount to be paid under the Purchase Orders is not less than Two Million Two Thousand Nine Hundred Eight Dollars and 45/100 ($2,002,908.45). As previously noted, Delphi sent the required notice - the Delphi Cure Notice - with respect to four (4) of the Purchase Orders and the total cure amount associated therewith was Two Hundred Eighty One Thousand Five Hundred Fifty-Five Dollars and 40/100 ($281,555.40). Therefore, One Million Seven Hundred Twenty-One Thousand Three Hundred Fifty-Three Dollars and 05/100 ($1,721,353.05)[4] remains outstanding under the Purchase Orders and must be paid to Clarion before the Purchase Orders can be assumed (the "Cure Amount").[5]

13. Clarion demands that Delphi pay the Cure Amount in cash.

---

[4] $2,002,908.45 - $281,555.40 = $1,721,353.05.

[5] As of the date of the filing of this Notice of Cure Claim, Clarion was able to identify Purchase Orders and/or invoices totaling $1,644,996.20 with respect to the $1,721,353.05 Cure Amount. Clarion reserves the right to amend Exhibit A to add any additional invoices as well as reserves the right to introduce any additional Purchase Orders and/or invoices at any hearing or trial on this Notice of Cure Claim.

14.    Clarion does not object to the assumption of the Purchase Orders provided the Cure Amount is paid in cash.

## MEMORANDUM OF LAW

15.    This Notice of Cure Claim sets forth the relief requested by Clarion under appropriate headings and contains citation of authorities upon which the relief requested is based. Clarion respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## RESERVATION OF RIGHTS

16.    Clarion expressly reserves any and all rights to supplement and modify this Notice of Cure Claim and the Cure Claims contained herein. This Notice of Cure Claim is being filed as it pertains to the Purchase Orders and the rights derived thereunder or related thereto. Nothing contained herein should be construed as a waiver by Clarion with respect to any other rights.

WHEREFORE, Clarion respectfully requests that this Court enter an order (i) requiring Delphi to pay the Cure Amount, in cash, prior to the assumption of the Purchase Orders and (ii) granting such other and further relief that is just and appropriate under the circumstances.

Dated: March 6, 2008
/s/ Mark R. Owens
Michael K. McCrory
Mark R. Owens (MO 9742)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: michael.mccrory@btlaw.com
E-Mail: mark.owens@btlaw.com
*Attorneys for Clarion Corporation of America*