**SEYFARTH SHAW LLP**
1545 Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 885-1500
Paul M. Baisier (PB 8927)

-and-

**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
Tel: 212-218-5500
Robert W. Dremluk (RD 3109)

*Attorneys for Fujikura America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                              )    Chapter 11
                                                    )
DELPHI CORPORATION, et al.                          )    Case No. 05-44481 (RDD)
                                                    )
                                                    )    (Jointly Administered)
                                                    )
        Debtors.                                    )
-----------------------------------------------------------X

### CURE CLAIM OF FUJIKURA AMERICA, INC. PURSUANT TO SECTION 8.2(B) OF CONFIRMED PLAN

Fujikura America, Inc. ("Fujikura"), through its undersigned counsel, hereby files this Cure Claim of Fujikura America, Inc. pursuant to Section 8.2(b) of Confirmed Plan (the "Cure Claim") and states as follows:

**I.    BACKGROUND**

1.    Delphi Corporation and its related entities (collectively, the "Debtors") commenced their bankruptcy cases under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") on October 8 and 14, 2005 (the "Filing Dates"). No trustee or examiner has

NY1 26505111.1

been appointed in these cases, and the Debtors remain in possession, operation and control of their business and property.

2. On or about December 10, 2007, Debtors purportedly served a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Notice of Cure") on Fujikura.

3. Fujikura properly and timely submitted its completed Notice of Cure to Debtors' administrator, Kurtzman Carson Consultants LLC, by the January 11, 2008 deadline.

4. Debtors have not objected to the form or substance of Fujikura's submission of its completed Notice of Cure.

5. However, the Notice of Cure failed to list several executory contracts with Fujikura that should have been listed.

6. As a result, on or about January 10, 2008, Fujikura filed its Limited Objection to Confirmation of the Plan of Reorganization (the "Limited Objection"). The Limited Objection identified several open prepetition executory contracts between Debtors and Fujikura that were not included in the Cure Notice, but that had unpaid prepetition amounts associated with them.

7. Specifically, the Limited Objection noted that the Notice of Cure failed to list (and provide cure amounts for) the following eight (8) open prepetition purchase orders between Fujikura and Debtors:

>PO# 550028999
>PO# 550053057
>PO# 550143952
>PO# 550079361
>PO# 550143952
>PO# 550054621
>PO# 550069721
>PO# 550029000

NY1 26505111.1

8.  Subsequently, in an attempt to resolve Fujikura's Limited Objection, Debtors and Fujikura exchanged communications regarding the eight (8) executory contracts that were not included in the Notice of Cure.

9.  Based on the communications with the Debtors, as well as a review of Fujikura's records, Fujikura has determined that the following three (3) prepetition executory contracts have outstanding prepetition obligations that must be cured in order for same to be assumed (the "Outstanding Executory Contracts":

| Contract/PO# | Cure Amount Owed |
|---|---|
| PO#550028999 | $25,974.00 |
| PO#550029000 | $1,166.20 |
| PO#550079361 | $3,341.25 |

10. Pursuant to the terms of the Disclosure Statement and the Plan of Reorganization, the Debtors are to assume all executory contracts not otherwise rejected. Accordingly, Fujikura understands that all executory contracts with Debtors will be assumed, and thus all defaults under same must be cured.

11. On or about January 25, 2008, the Court entered an order confirming Debtors' Plan of Reorganization (the "Confirmation Order").

12. Article 8.2(b) of the confirmed Plan of Reorganization (the Plan") provides, in pertinent part: "Any party to an Other Executory Contract . . . who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto."

3

NY1 26505111.1

13.  Because the Confirmation Order was entered on January 25, 2008, the deadline for submitting proposed Cure Claims is March 10, 2008.

## II. PROPOSED CURE CLAIM

14.  The following Outstanding Executory Contracts (and the associated cure amounts for each contract) between Debtors and Fujikura were not included in the Notice of Cure sent to Fujikura and remain outstanding:

| Contract/PO# | Cure Amount Owed |
| --- | --- |
| PO#550028999 | $25,974.00 |
| PO#550029000 | $1,166.20 |
| PO#550079361 | $3,341.25 |

15.  Accordingly, Fujikura requests that the Debtors be required to cure defaults under the three (3) Outstanding Executory Contracts by paying the indicated amounts.[1]

16.  Moreover, Fujikura requests that the payment of the cure amounts be made in cash as soon as reasonably practicable after the Effective Date (as defined by the Plan), but in any event no later than 30 days after the Effective Date.

17.  Fujikura reserves its rights to revise this Cure Claim.

WHEREFORE, Fujikura requests that this Court enter an order:

(a) acknowledging the Outstanding Executory Contracts as being subject to cure;

(b) directing Debtors to cure the Outstanding Executory Contracts by paying the amounts indicated herein with respect thereto;

---

[1] Additional information regarding these amounts are included in the timely field Proof of Claim of Fujikura. These amounts are in addition to the amounts requested under the response filed by Fujikura to the Notice of Cure.

4

NY1 26505111.1

(c) directing Debtors to pay the amounts owed for the Outstanding Executory Contracts in cash as soon as reasonably practicable after the Effective Date (as defined by the Plan), but in any event no later than 30 days after the Effective Date; and

(d) granting such other relief as is appropriate.

Dated: March 7, 2008

Respectfully submitted,

**SEYFARTH SHAW LLP**
/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

-and-

**SEYFARTH SHAW LLP**
Paul Baisier (PB 8927)
1545 Peachtree Street, NE, Suite 700
Atlanta, Georgia 30309
404-885-6715
404-885-6779 (FAX)
pbaisier@seyfarth.com

*Attorneys for Fujikura America, Inc.*

## CERTIFICATE OF SERVICE

I, Robert W. Dremluk, hereby certify that the foregoing was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served by overnight mail to the parties identified below, on this 7th day of March, 2008.

Delphi Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: David Sherbin, General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr., George N. Panagakis, and Ron E. Meisler
Counsel for Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attn: Kayalyn A. Marafioti and Thomas J. Matz

Office of the U.S Trustee
33 Whitehall St., Suite 2100
New York, NY 10004

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, NY 10004

/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

*Attorneys for Fujikura America, Inc.*

6

NY1 26505111.1