**MASUDA FUNAI EIFERT & MITCHELL, LTD.**
Gary Vist (admitted *Pro Hac Vice*)
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

**DUANE MORRIS LLP**
Joseph H. Lemkin
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

**Attorneys for American Aikoku Alpha, Inc.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et. al., | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**RESPONSE OF AMERICAN AIKOKU ALPHA, INC. TO THE DEBTORS'
TWENTY-SIXTH OMNIBUS CLAIMS OBJECTION**

American Aikoku Alpha, Inc. ("American Aikoku"), by and through undersigned counsel, hereby files this response to Delphi's Twenty-Sixth Omnibus Claims Objection. In support of this response, American Aikoku states as follows:

1

## I. Factual Background

1. On October 8, 2005, Delphi and certain of its subsidiaries and affiliates (collectively the "Debtors") filed voluntary petitions with this Bankruptcy Court for relief under Chapter 11 of Title 11, United States Code.

2. On October 17, 2005, American Aikoku submitted a reclamation demand letter (the "Reclamation Demand") to Delphi in the amount of $62,642.89. A copy of the Reclamation Demand is attached hereto as Exhibit "A." The Reclamation Demand was submitted well in advance of the Claims Bar Date.

3. On or about January 15, 2008, American Aikoku filed an amended proof of claim (the "Amended POC") with this Court in the amount of $429,525.84. A copy of the Amended POC is attached hereto as Exhibit "B." (attachments thereto omitted).

4. On February 15, 2008, Delphi filed the Twenty-Sixth Omnibus Claims Objection. In Exhibit C-1 thereto, Delphi objected to American Aikou's Amended POC as being untimely.

## II. American Aikoku's Reclamation Demand Is An Informal Proof Of Claim

5. The allowance of informal proofs of claim has developed as an equitable principle over the years. In re Nutri*Bevco, Inc., 117 B.R. 771 (Bankr. S.D.N.Y. 1990).

2

Bankruptcy courts are courts of equity and must assure that substance will not give way to form, and that technical considerations will not prevent substantial justice from being done. In re Anderson-Walker Industries, Inc., 798 F.2d 1285 (9th Cir. 1986).

6. It has been held by numerous courts that for a document to constitute an informal proof of claim, it must make explicit demand showing the nature and amount of the claim against the estate, and must evidence an intent to hold the estate liable. In re Nutri*Bevco, Inc., 117 B.R. 771 (Bankr. S.D.N.Y. 1990); In re American Classic Voyages Co., 405 F.3d 127 (3rd Cir. 2005); In re Charter Co., 876 F.2d 861 (11th Cir. 1989); In re Haugen Construction Services, Inc., 876 F.2d 681 (8th Cir. 1989); In re Sambo's Restaurants, Inc., 754 F.2d 811 (9th Cir. 1985).

7. There is no requirement that an informal proof of claim subject to amendment following the claims bar date include a writing by the creditor setting forth the specific amount of the claim. In re Harper, 138 B.R. 229 (Bankr. N.D.Ind. 1991); In re Smith, 100 B.R. 293 (D.S.C. 1989); In re Joiner, 93 B.R. 130 (Bankr. N.D.Ohio 1988).

8. A document relied upon as an informal proof of claim need not be filed with the court. In re Wheatfield Business Park, LLC, 308 B.R. 463 (9th Cir. 2004). An informal proof of claim need not appear on the bankruptcy court records or in its files. In re Franciscan Vineyards, Inc., 597 F.2d 181 (9th Cir. 1979).

3

9. A creditor shall not be required to file proofs of claim with respect to the amounts contained in the creditor's reclamation claim. In re Pittsburgh-Canfield Corp., 305 B.R. 688 (Bankr. N.D.Ohio 2003).

### III. American Aikoku's Amended POC Is An Appropriate Amendment Of Its Informal Proof Of Claim.

10. Amendments to claims in bankruptcy are freely allowed where the purpose is to cure defects in the claim originally filed, to supply greater particularity to the claim, or even to plead a new theory on facts already given in the claim. In re Fiegel, 22 F. Supp. 364 (D.C.N.Y. 1937).

11. It is well settled that an amended claim can be filed after the statutory period for filing has expired if it is in fact an amendment of a claim previously filed within time and not a new claim. In re Hanscom Retail Foods, Inc., 96 B.R. 33 (Bankr. E.D.Pa. 1988). The trend is uniformly toward the greatest liberality in the allowance of the filing of amended proofs of claim, where there is anything in the record to justify such course of action. Continental Motors Corp. v. Morris, 169 F.2d 315 (10th Cir. 1948).

12. It is well-established law that the fact that a subsequent proof of claim is for a larger sum than the earlier proof does not prevent the latter from amending the former. Industrial Commissioner v. Schneider, 162 F.2d 847 (2nd Cir. 1947); Fidelity and Deposit Co. v. Fitzgerald, 272 F.2d 121 (10th Cir. 1959).

13. Amendments intended merely to increase the amount of a claim grounded in the same right to payment are not considered new claims under the Bankruptcy Code. In re Hemingway Transp., Inc., 954 F.2d 1 (1st Cir. 1992).

14. Late amendments increasing the amount of a claim are permitted so long as the increased claim is for the same type of claim, even though the amendment relates to different indebtedness periods. In re Northeast Office and Commercial Properties, Inc., 178 B.R. 915 (Bankr. D.Mass. 1995).

15. Because the legal points and authorities upon which this objection relies are incorporated herein and do not represent novel theories of law, American Aikoku respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, American Aikoku respectfully requests that the Court enter an order (a) overruling Delphi's objection to American Aikoku's Amended Proof of Claim as being untimely; and (b) granting such other further relief as this Court deems just and proper.

Date: March 7, 2008

# AMERICAN AIKOKU ALPHA, INC.

/s/ Gary Vist
_____
By One of its Attorneys

Gary Vist
MASUDA FUNAI EIFERT &
MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

-and-

Joseph H. Lemkin
DUANE MORRIS LLP
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

N:\SYS04\2920\amendment_objection_response.doc