Paul H. Deutch
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Ave
New York, NY 10174
(212) 704-6000 (telephone)
(212) 704-6288 (facsimile)

Attorneys for Georgia Power Company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **DELPHI CORPORATION,** *et al.* | ) | **Case No. 05-44481 (RDD)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**CURE CLAIM WITH RESPECT TO ASSUMPTION OF MASTER CONTRACT FOR
ELECTRIC POWER SERVICE PURSUANT TO FIRST AMENDED JOINT PLAN OF
REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES,
<u>DEBTORS AND DEBTORS-IN-POSSESSION</u>**

Georgia Power Company ("Georgia Power"), by its attorneys Troutman Sanders LLP, hereby files this *Cure Claim With Respect to Assumption of Master Contract for Electric Power Service Pursuant to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Cure Claim"), and respectfully states as follows:

1. On or about October 8, 2005 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Georgia Power and Delphi Automotive Systems LLC (the "Debtor") (Case No. 05-44640) entered into that certain Master Contract for Electric Power

Service, dated as of July 30, 1996, and effective as of July 1, 1996 (the "Master Contract," a copy of which is attached hereto as Exhibit "A").

3.  Georgia Power filed a proof of claim for pre-petition indebtedness of the Debtor in connection with the Master Contract in the amount of Four Hundred Seven Thousand One Hundred Ninety-Nine Dollars and Twenty Cents ($407,199.20) (Claim No. 465). In its Ninth Omnibus Objection to Claims, the Debtor objected to the proof of claim amount as overstated, and the amount was modified to Four Hundred Six Thousand, Nine Hundred Thirty Three Dollars and Thirty Five Cents ($406,933.35) by the Court's *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, And (D) Claims Subject to Modification* entered March 30, 2007 (Docket No. 7507) (relevant portions of which are attached hereto as Exhibit "B").

4.  Pursuant to Section 8.1 of the *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Plan"), "[a]ll executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject pending on or before the Effective Date, (iii) shall have expired or terminated on or prior to December 31, 2007 (and not otherwise extended) pursuant to their own terms, (iv) are listed on the schedule of rejected executory contracts or unexpired leases attached hereto as Exhibit 8.19a), or (v) are otherwise rejected pursuant to the terms of this Plan."

5. The Master Contract has not expired or terminated prior to December 31, 2007 and has not: (1) been previously rejected, (2) been the subject of a motion to reject, (3) been listed on any schedule of rejected executory contracts or (4) otherwise rejected pursuant to the terms of the Plan.

6. Section 8.2(b) of the Plan, in relevant part, provides:

> The provisions (if any) of each Other Executory Contract or Other Unexpired Lease to be assumed under this Plan which are or may be in default shall be satisfied solely by Cure. Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline") . . . .

7. On January 25, 2008, the Court entered the order confirming the Plan (the "Confirmation Order").

8. Paragraph 25 of the Confirmation Order, in relevant part, provides:

> This Confirmation Order shall constitute an order approving the assumptions described in Article 8.1 of the Plan, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date. The provisions (if any) of each Other Executory Contract or Other Unexpired Lease to be assumed under the Plan which are or may be in default shall be satisfied solely by Cure. Any party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 of the Plan within 45 days after entry of this Confirmation Order (the "Cure Claim Submission Deadline") . . . .

9. Both the Plan and the Confirmation Order further provide that the failure to file the proposed Cure Claim by the Cure Claim Submission Deadline will result in any default in existence being deemed cured as of the day after the Cure Claim Submission Deadline and any

- 3 -

claim relating to any such default arising on or prior to the entry of the Confirmation Order being forever barred.

10.  Accordingly, Georgia Power hereby asserts this Cure Claim against the Debtor in the amount of Four Hundred Six Thousand, Nine Hundred Thirty Three Dollars and Thirty Five Cents ($406,933.35).[1]

11.  This Cure Claim is being submitted prior to the Cure Claim Submission Deadline and in accordance with the terms and provisions of both the Plan and the Confirmation Order.

**WHEREFORE**, Georgia Power respectfully requests that the Debtor pay Georgia Power's Cure Claim in the amount of Four Hundred Six Thousand, Nine Hundred Thirty Three Dollars and Thirty Five Cents ($406,933.35) in connection with the assumption of the Master Contract.

Dated: March 7, 2008
        Atlanta, Georgia

                                TROUTMAN SANDERS LLP

                                By:    /s/ Paul H. Deutch
                                       Paul H. Deutch
                                       The Chrysler Building
                                       405 Lexington Ave
                                       New York, NY 10174
                                       (212) 704-6000 (telephone)
                                       (212) 704-6288 (facsimile)

[SIGNATURES CONTINUED ON NEXT PAGE]

---

[1] Georgia Power sought confirmation from Debtor's counsel that the Master Contract was assumed pursuant to the terms of the Plan but the Debtor could not confirm or deny that it was assumed. Thus, out of an abundance of caution, Georgia Power also filed a protective claim for rejection damages.

- 4 -

- 5 -

        Kelly E. Culpin (GA Bar No. 142677)
        600 Peachtree St., N.E., Suite 5200
        Atlanta, GA 30308
        (404) 885-3000 (telephone)
        (404) 885-3900 (facsimile)

Attorneys for Georgia Power Company

**Exhibit "A"**

**GEORGIA POWER COMPANY**



## MASTER CONTRACT FOR ELECTRIC POWER SERVICE

Georgia Power Company (Company) and **Delphi Automotive** (Customer) agree that Company will supply and Customer will receive and pay for electrical energy at each premises identified on one or more Premises Exhibits referencing this Master Contract for Electric Power Service (Master Contract).

The Rules, Regulations and Rate Schedules for Electric Service on file with and regulated by the Georgia Public Service Commission govern this service and are incorporated herein by reference. They are subject to change as provided by the law. Copies of current Rules, Regulations and Rate Schedules are available from Company upon request.

Customer will pay Company monthly during the term of each Premises Exhibit charges calculated in accordance with the applicable rate schedules. Company shall have no liability for any loss or damage from any loss of service. During any period when Company is prevented from delivering or Customer is prevented from receiving service at one or more premises by any cause beyond Customer's reasonable control for a period in excess of five hours duration, that portion of Customer's bill for the relevant premises shall be calculated using actual demands and energy used during that billing period provided that Customer notifies Company in writing within seven (7) days of such occurrence. Company does not guarantee that service will be free from, nor shall Company be liable for, occasional temporary interruptions, voltage fluctuations or disturbances.

Company is not responsible for any use made by Customer of this service and Customer will indemnify and hold Company harmless from any claim for personal injuries, fatalities, or property loss resulting from the operation or maintenance of Customer's electrical equipment and facilities.

This Master contract shall bind the successors and assigns of Company and Customer and shall remain in effect throughout the term of each Premises Exhibit. The term of each Premises Exhibit shall automatically renew for one (1) year terms, thereafter, unless

Customer provides thirty (30) days' written notice prior to the expiration of the initial term or any renewal term. This Master Contract shall run with each premises identified in one or more Premises Exhibits referencing this Master Contract, so as to obligate any owner until the completion of the final term of each Premises Exhibit or any renewal.

Customer shall retain Company as sole electric supplier for each premises identified in one or more Premises Exhibits referencing this Master Contract. In the event the preceding sentence is or becomes unenforceable for any reason, then Company shall have the right to match or better any competing electric supplier's bona fide offer to serve each premises identified in such Premises Exhibits. The provisions of this subsection are intended by the parties to survive notwithstanding the enforceability of any other provision of the Master Contract.

In the event Customer ceases to take electric service from Company under any Premises Exhibit prior to the expiration of the term of such Premises Exhibit, Customer shall make Company whole with respect to any unrecovered capital investment or other costs incurred by Company to serve Customer at such premises and any costs incurred by Company to remove Company's facilities following termination.

This Master Contract shall be governed by the laws of the State of Georgia.

This Master Contract, upon becoming effective, shall cancel and supersede any previously existing agreement or Master Contract covering supply by Company to Customer of electric energy to any premises identified in one or more Premises Exhibits referencing this Master Contract. Company may assign this Master Contract to any of its affiliates, parents, or subsidiaries.

In consideration of these mutual promises, the authorized representatives of Company and Customer shown below have executed this Master Contract this _30th_ day of _July_, 19_96_.

**Delphi Automotive (Customer)**                **Georgia Power Company**

By: _Raymond J Jessie_                          By: _Marshall Conner_

Title: _Director_                               Title: Region Manager

GEORGIA POWER COMPANY

## PREMISES EXHIBIT

Georgia Power Company (Company) and **Delphi Automotive** (Customer) agree that the Master Contract for Electric Power Service between Company and Customer shall apply to the premises identified below. Additional provisions relating to specific rates and rate riders may be set forth in addenda to this Premises Exhibit which, when executed by the parties and attached hereto, shall become part of this Premises Exhibit and be incorporated as if set forth fully herein. The terms of any such addenda shall be controlling over any conflicting terms set forth herein or in the Contract. In the event of conflicts between addenda to this Premises Exhibit, the last dated addendum shall control.

Premises Address:   Fitzgerald Battery Plant
    342 Perry House Road
    Fitzgerald, GA  31750

Service Conditions: Voltage and Phase: **13.8 kV, Three Phase**
    Total Contract Firm Capacity: **13,500 kW**
    Total Contract Minimum after Modernization: **7508 kW**
    Rate Schedules: **PLL-2, RTP-DA**
    Riders: **OP-5, M-2**
    Contract Term: **5 years**
    Estimated Delivery Date: **July 1, 1996**

This Premises Exhibit is executed this  30th  day of   July   , 19 96 .

Delphi Automotive (CUSTOMER)                Georgia Power Company

By: _Raymond J Jessie_                      By: _Marshall Conne_

Title: _Director_                           Title:  Region Manager

premexhi

## MODERNIZATION ADDENDUM
## TO PREMISES EXHIBIT

Customer has notified the Company of a modernization at the below - identified premises which will add **755 kW** to Customer's existing billing demand. The attached letter from Customer describing the modernization is incorporated herein by reference. The demand increase caused by this modernization will entitle Customer to service under the Modernization Rider at the below - identified premises for as long as Customer satisfies the terms of such rider. Customer's actual billing demand at the below - identified premises will be adjusted by an estimated Billing Demand Adjustment Factor ("BDAF") of **0.9040** for the first year. This BDAF shall be adjusted on **7/1/1997** using actual historical data.

The Contract minimum demand during modernization is set at **6753 kW.**

This Addendum is executed this _30th_ day of _July_, 1996.

**Delphi Automotive (Customer)**          **Georgia Power Company**

By: _Raymond J Jessie_                    By: _Marshall Conny_

Title: _Director_                          Title: Region Manager


Customer Name:     Delphi Automotive - Fitzgerald Battery Plant
Premises Address:  342 Perry House Road
                   Fitzgerald, GA  31750

**Exhibit "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                           :    Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,     :    Case No. 05-44481 (RDD)
                                        :
           Debtors.      :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING AND EXPUNGING CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY <u>CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION</u>

("NINTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, dated February 15, 2007 (the "Ninth Omnibus Claims Objection"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Ninth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Each holder of a claim (as to each, a "Claim") listed on Exhibits A-1, A-2, B-1, B-2, C, and D attached hereto was properly and timely served with a copy of the Ninth Omnibus Claims Objection, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), a personalized Notice Of Objection To Claim, the proposed order in respect of the Ninth Omnibus Claims Objection, and notice of the deadline for responding to the Ninth Omnibus Claims Objection. No other or further notice of the Ninth Omnibus Claims Objection is necessary.

      B.    The Court has jurisdiction over the Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Ninth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Ninth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on Exhibit A-1 hereto contain insufficient documentation to support the Claims asserted (the "Insufficiently Documented Claims").

      D.    The Claims list on Exhibit A-2 hereto contain insufficient documentation to support the Claims asserted and were also untimely pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claims").

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Ninth Omnibus Claims Objection.

2

E. The Claims listed on Exhibit B-1 hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books and Records Claims").

F. The Claims listed on Exhibit B-2 hereto contain liabilities or dollar amounts that are not reflected on the Debtors books and records and were also untimely pursuant to the Bar Date Order (the "Untimely Books and Records Claims").

G. The Claims listed on Exhibit C hereto were untimely pursuant to the Bar Date Order (the "Untimely Claims").

H. The Claims listed on Exhibit D hereto (a) were denominated in a foreign currency or are overstated, including as a result of the assertion of invalid unliquidated claims, (b) were filed and docketed against the wrong Debtors, and/or (c) incorrectly assert secured, administrative, or priority status (the "Claims Subject to Modification").

I. The relief requested in the Ninth Omnibus Claims Objection is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each Insufficiently Documented Claim listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.

2. Each Untimely Insufficiently Documented Claim listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.

3. Each Books and Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

3

      4.      Each Untimely Books and Records Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

      5.      Each Untimely Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

      6.      Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit D</u> hereto is changed to the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit D</u> will be entitled to (a) a recovery for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, (b) assert a classification that is inconsistent with the classification that is listed in the "Claim As Modified" column, and/or (c) assert a claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit D</u>, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.  For clarity, <u>Exhibit I</u> displays the formal name of each of the Debtor entities and their associated bankruptcy case number referenced in <u>Exhibit D</u>.

      7.      With respect to each Claim for which a Response to the Ninth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on <u>Exhibits E</u>, <u>F-1</u>, <u>F-2</u>, <u>G</u>, and <u>H</u> hereto, the hearing regarding the objection to such Claims is adjourned to a future hearing date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses were untimely or otherwise deficient under the Claims Objection Procedures Order.

8. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to claims that are the subject of the Ninth Omnibus Claims Objection.

9. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

10. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Ninth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11. Each of the objections by the Debtors to each Claim addressed in the Ninth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Ninth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12. Kurtzman Carson Consultants, LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

13. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Ninth Omnibus Claims Objection.

Dated: New York, New York
       March 30, 2007

                                          /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE

5

In re: Delphi Corporation, et al.                                                                                              Ninth Omnibus Objection

**Exhibit D - Claims Subject to Modification**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 3844<br>Date Filed:05/01/06<br>Docketed Total:   $955.20<br>Filing Creditor Name and Address<br> GENERAL FASTENERS COMPANY<br> 11820 GLOBE RD<br> LIVONIA MI 48150 | Claim Holder Name and Address<br>GENERAL FASTENERS COMPANY<br>11820 GLOBE RD<br>LIVONIA MI 48150<br><br>Case Number*<br>05-44481 | Docketed Total<br><br><br><br>Secured | <br><br><br><br>Priority | $955.20<br><br><br><br>Unsecured<br>$955.20<br>$955.20 | <br><br><br><br>Case Number*<br>05-44640 | Modified Total<br><br><br><br>Secured | <br><br><br><br>Priority | $796.00<br><br><br><br>Unsecured<br>$796.00<br>$796.00 |
| Claim: 468<br>Date Filed:11/07/05<br>Docketed Total:   $407,189.20<br>Filing Creditor Name and Address<br> GEORGIA POWER COMPANY<br> PO BOX 4545<br> BIN 80002 LAKECIA BURNAM<br> ATLANTA GA 30302 | Claim Holder Name and Address<br>GEORGIA POWER COMPANY<br>PO BOX 4545<br>BIN 80002 LAKECIA BURNAM<br>ATLANTA GA 30302<br><br>Case Number*<br>05-44481 | Docketed Total<br><br><br><br>Secured | <br><br><br><br>Priority | $407,189.20<br><br><br><br>Unsecured<br>$407,189.20<br>$407,189.20 | <br><br><br><br>Case Number*<br>05-44640 | Modified Total<br><br><br><br>Secured | <br><br><br><br>Priority | $406,933.35<br><br><br><br>Unsecured<br>$406,933.35<br>$406,933.35 |
| Claim: 3129<br>Date Filed:04/28/06<br>Docketed Total:   $3,217.22<br>Filing Creditor Name and Address<br> GERSTER SALES & SERVICE INC<br> TRANE SERVICE OF WESTERN NEW Y<br> 45 EARHART DR STE 103<br> WILLIAMSVILLE NY 14221-7079 | Claim Holder Name and Address<br>GERSTER SALES & SERVICE INC<br>TRANE SERVICE OF WESTERN NEW Y<br>45 EARHART DR STE 103<br>WILLIAMSVILLE NY 14221-7079<br><br>Case Number*<br>05-44481 | Docketed Total<br><br><br><br>Secured | <br><br><br><br>Priority | $3,217.22<br><br><br><br>Unsecured<br>$3,217.22<br>$3,217.22 | <br><br><br><br>Case Number*<br>05-44640 | Modified Total<br><br><br><br>Secured | <br><br><br><br>Priority | $3,217.22<br><br><br><br>Unsecured<br>$3,217.22<br>$3,217.22 |
| Claim: 2415<br>Date Filed:03/27/06<br>Docketed Total:   $4,855.16<br>Filing Creditor Name and Address<br> GFS CHEMICALS INC<br> PO BOX 245<br> POWELL OH 43065 | Claim Holder Name and Address<br>GFS CHEMICALS INC<br>PO BOX 245<br>POWELL OH 43065<br><br>Case Number*<br>05-44481 | Docketed Total<br><br><br><br>Secured | <br><br><br><br>Priority | $4,855.16<br><br><br><br>Unsecured<br>$4,855.16<br>$4,855.16 | <br><br><br><br>Case Number*<br>05-44482<br>05-44640 | Modified Total<br><br><br><br>Secured | <br><br><br><br>Priority | $4,855.16<br><br><br><br>Unsecured<br>$4,668.06<br>$187.10<br>$4,855.16 |

*See Exhibit I for a listing of debtor entities by case number                                                Page:   141 of 402

Paul H. Deutch
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Ave
New York, NY 10174
(212) 704-6000 (telephone)
(212) 704-6288 (facsimile)

Attorneys for Georgia Power Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **DELPHI CORPORATION**, *et al.* | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I, Paul H. Deutch, certify that a copy of *Cure Claim With Respect to Assumption of Master Contract for Electric Power Service Pursuant to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* was made on March __, 2008 by deposit in the regular, first class U.S. mail, postage fully pre-paid, addressed to:

Delphi Corporation
Attn: David M. Sherbin, General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
Attn: John Wm. Butler, Jr., George N. Panagakis, Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Skadden Arps Slate Meagher & Flom LLP
Attn: Kayalyn A. Marafioti, Thomas Matz
4 Times Square
New York, NY 10036

Neil S. Berger
Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, NY 10119

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: March 7, 2008

*/s/ Paul H. Deutch*
Paul H. Deutch

TROUTMAN SANDERS LLP