IVEY, BARNUM & O'MARA, LLC
Melissa Zelen Neier (MZ 7510)
170 Mason Street
Greenwich, CT 06830
(203) 661-6000

*Attorneys for Lord Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## CURE CLAIM OF LORD CORPORATION

Lord Corporation ("Lord"), a creditor and party-in-interest, submits this cure claim ("Cure Claim") in accordance with the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"), and requests that the Court enter an order requiring the debtors to pay Lord the sum of $323,068.14 in order to cure the existing defaults under an executory contract between Lord and the debtor Delphi Automotive Systems, LLC, acting through its Delphi Automotive Holdings Group ("Delphi"), which was assumed by the debtors pursuant to the Plan. In support of this Cure Claim, Lord hereby states as follows:

### Background

1.    On October 8 and 14, 2005 (the "Petition Dates"), the debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.     Prior and subsequent to the Petition Dates, Lord provided – and continues to provide – certain goods to the debtors pursuant to, among other things, a Supply and Development Agreement between Lord and Delphi dated September 17, 2003 (as amended by the First Amendment to the Supply Agreement and Development Agreement between Lord and Delphi dated January 25, 2008, the "Lord Agreement"). The goods provided by Lord pursuant to the Lord Agreement primarily consist of magneto-rheological fluids used by Delphi in the manufacture of devices for automotive suspension systems.

3.     On or about September 12, 2006, Lord filed a proof of claim asserting an unsecured nonpriority claim in the amount of $362,371.05 (this proof of claim amended a prior proof of claim which was filed on July 27, 2006). The debtors objected to this claim in part, and it was reduced to $331,047.89 pursuant to the Court's Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification That is Subject to Prior Order Identified in Twenty-Fourth Omnibus Claims Objection (docket no. 12363). Of this amount, $323,068.14 relates to goods provided by Lord to the debtors pursuant to the Lord Agreement.

4.     In addition to filing the proof of claim mentioned above, Lord made a proper and timely written reclamation demand upon the debtors in the amount of $88,909.15. Pursuant to Court's Amended Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for the Treatment of Reclamation Claims (docket no. 881), the debtors and Lord agreed to reduce the amount of Lord's reclamation claim to $21,723.03. This reclamation claim has not been paid.

CLT 1112947v2

5.      On December 10, 2007, the debtors filed the Plan.  Pursuant to Article 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with sections 365 or 1123 of the Bankruptcy Code, as of the Effective Date, unless such contract (i) was previously rejected, (ii) was the subject of a motion to reject, (iii) expired or terminated on or prior to December 31, 2007 and not otherwise extended, (iv) is listed on the schedule of rejected contracts and leases – Exhibit 8.1(a) to the Plan, or (v) is otherwise rejected pursuant to the Plan.

6.      On December 28, 2007, the debtors filed Exhibit 8.1(a) to the Plan listing those contracts to be rejected.  The Lord Agreement was not listed on Exhibit 8.1(a) and has not otherwise been rejected.  Therefore, pursuant to Article 8.1(a) of the Plan, the Lord Agreement has been assumed by the debtors.[1]

7.      On January 25, 2008, the Bankruptcy Court entered an order confirming the  Plan.

8.      On January 29, 2008, the Debtors filed a Notice of Cure Amount with Respect to Executory Contracts to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Cure Notice").

9.      The Lord Agreement was not listed in the Cure Notice, despite the fact that Article 8.1 of the Plan provides executory contracts are deemed assumed unless, among other things, expressly rejected.

10.      Pursuant to Article 8.2(b) of the Plan, parties to "Other Executory Contracts" have until 45 days after the entry of the Confirmation Order to file cure claims relative to such executory contracts.

---

[1] The debtors' intent to assume the Lord Agreement is further evidenced by the fact that the parties entered into a First Amendment to the Supply and Development Agreement on or about January 25, 2008.

CLT 1112947v2

11.    Lord believes that the Lord Agreement is a "Material Supply Agreement" as defined in the Plan, and that the debtors are therefore required to provide Lord with a "Cure Amount Notice" in accordance with Article 8.2(a) of the Plan. Lord has never been provided with a Cure Amount Notice, however, and Lord specifically reserves its right to respond to any such notice if and when it is received. Lord files this Cure Claim in accordance with Article 8.2(b) of the Plan in order to preserve its rights under the Plan and 11 U.S.C. § 365.

### Cure Claim

12.    The amount necessary to cure the existing defaults under the Lord Agreement is $323,068.14. As set forth more fully in Lord's proof of claim and the attachments thereto, this is the amount which is due and owing to Lord for product delivered to Delphi pursuant to the Lord Agreement between August and October 2005.

WHEREFORE, Lord respectfully requests that the Court enter an Order (i) allowing Lord a cure claim in the amount of $323,068.14, (ii) requiring the debtors to immediately pay the cure claim to Lord in cash, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Greenwich, Connecticut
        March 7, 2008

By:    /s/ Melissa Zelen Neier
       Melissa Zelen Neier (MN-7510)
       Ivey, Barnum & O'Mara, LLC
       170 Mason Street
       Greenwich, Connecticut 06830
       Phone (203) 661-6000
       mneier@ibolaw.com

       and

4

CLT 1112947v2

Kiah T Ford IV
Parker Poe Adams & Bernstein LLP
Three Wachovia Center
401 S. Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Phone (704) 372-9000
chipford@parkerpoe.com

**ATTORNEYS FOR LORD CORPORATION**

CLT 1112947v2