1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET. AL


       Debtors.


- - - - - - - - - - - - - - - - - - - -x


       United States Bankruptcy Court

       One Bowling Green

       New York, New York


       January 31, 2008

       10:05 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

```
                                                                    2

 1

 2   HEARING re Consolidated Application and Memorandum in Support

 3   of Motion of Conestoga-Rovers, Inc. (I)to Allow Amended Claim,

 4   Filed After Bar Date, as Relation Back to Original Claim; or,

 5   in the Alternative, (II)for Leave to File Late Proof of Claim

 6   (Adjourned to 2/7/08 hearing)

 7

 8   HEARING re Motion to Reconsider FRCP 60 or FRBP 3008

 9   Disallowing and Expunging Certain Claims Identified in Eleventh

10   Omnibus Claims Objection with Regard to Proof of Claim No.

11   16485 of Samsung Electro-Mechanics Co., Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed By:   Lisa Bar-Leib
```

```
                                                               3
 1
 2   A P P E A R A N C E S:
 3   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
 4        Attorneys for Debtors
 5        333 West Wacker Drive
 6        Chicago, IL 60606
 7
 8   BY:  JOHN K. LYONS, ESQ.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

4

1                P R O C E E D I N G S

2           THE COURT:  Please be seated.  Okay.  Delphi

3   Corporation.

4           MR. LYONS:  Good morning, Your Honor.

5           THE COURT:  Good morning.

6           MR. LYONS:  John Lyons on behalf of the debtors.

7   This is the nineteenth claims hearing we've had, Your Honor.

8   And it should be a fairly short agenda.  If I could turn to

9   that?

10          THE COURT:  Okay.

11          MR. LYONS:  The first item is the motion of

12  Conestoga-Rovers for leave to file late proof of claim.  We've

13  actually sat down and resolved that claim.  It's in

14  documentations.  So, by the parties' agreement, we've agreed to

15  adjourn that to February 7th.

16          THE COURT:  Okay.

17          MR. LYONS:  And then finally, Your Honor, the Samsung

18  matter which we styled as a motion to reconsider although it

19  was a letter which Your Honor received.

20          THE COURT:  Right.

21          MR. LYONS:  We have made several attempts to reach

22  out to the contact party at Samsung to request an adjournment

23  of this hearing to the 7th.  We figure for efficiency purposes

24  it would make sense to do so.  But we've got no response.  And

25  we previously contacted them earlier this month and they

5

1  consented to an adjournment and told them it would be on the
2  31st.  Since then, we've had -- and I have a chart, Your Honor,
3  if you'd like to see it.  We've reached out at least -- at
4  least over fifteen times to try to contact them.
5          THE COURT:  Okay.
6          MR. LYONS:  And, really, we've heard nothing from
7  them.  So we're just going to proceed forward based upon what
8  they've submitted.  We did file our objection and the
9  declaration of Evan Gershbein who was at KCC.  You know,
10 basically, Your Honor may have read the papers but we did serve
11 the address that was listed on the proof of claim.  Samsung
12 argues that they didn't know about the case and the bar date
13 and therefore they were -- you know, they ask your Court to
14 consider the claim.  That's not relevant.  I mean, we're not
15 seeking to -- I mean, we originally filed their omnibus
16 objection to object on grounds of being late.  But they never
17 responded.  Your Honor entered an order.  We mailed that
18 personalized notice pursuant to the procedures to them at the
19 address.  We also served the notice of entry of the order again
20 on Samsung on the proof of claim address and no response until
21 they sent the letter to the Court, you know, almost six months.
22 And so, here's where we are.
23         We think we've met the standard.  They have not
24 demonstrated excusable neglect.  The burden is on Samsung and
25 for reasons too numerous to really go through but are set forth

6

1  in our objection, we think the request should be denied.

2      THE COURT: Okay. Does anyone have anything to say

3  on this motion? Okay. I agree with the debtors on this. The

4  motion seeks reconsideration of an order expunging Samsung's

5  claim and that was done on default basis. As is the procedure

6  in this case adopted pursuant to the claims procedures order,

7  Samsung got an individualized notice of the claim objection as

8  well as was served with a copy of the order expunging its

9  claim. And the letter, which I've treated as a request for

10 reconsideration from Mr. Park, an attorney at Samsung, and, in

11 fact, the manager of the Legal Affairs Group, sets forth no

12 basis whatsoever for Samsung having failed to respond to the

13 objection or to the notice of the entry of the order expunging

14 its claim. The letter was sent several months after those

15 events occurred and merely says that Samsung's claim should be

16 recognized as not late because of notice issues. But, as Mr.

17 Lyons points out, that's not what's at issue today. What's at

18 issue is whether there's a basis for being relieved of the

19 default and neither under the American Alliance case or under

20 Rule 60, as discussed in In re JWP Information Services, Inc.,

21 231 B.R. 209 (Bankr. S.D.N.Y. 1999), I don't believe that the

22 letter submitted by Mr. Park establishes a basis for

23 reconsidering the disallowance of the claim.

24      So you can submit an order denying the motion.

25      MR. LYONS: Thank you, Your Honor. As your Court is

7

1  aware, we've been submitting various stipulations and
2  settlement agreements.  But pursuant to our understanding,
3  we're not going to include those go forward on agendas.
4          THE COURT:  That's fine as long as --
5          MR. LYONS:  Since --
6          THE COURT:  As long as you've provided them to the
7  creditors' committee as per the order that's in place.
8          MR. LYONS:  Yeah, the settlement procedures.  We
9  will, Your Honor.
10         Also, just housekeeping.  I know there was a letter
11 of request for an adjournment.  I don't know when Your Honor
12 would want to take that up from the U.S. attorney's office.  It
13 was sent last night but --
14         THE COURT:  Oh, I haven't seen that.
15         MR. LYONS:  Okay.  Then I guess we'll just take that
16 up after you have a chance to look at it.
17         THE COURT:  Well, I don't know what it is but I
18 would've asked you if I knew it.  Does the debtor oppose the
19 request?
20         MR. LYONS:  Yes, we do.  We do, Your Honor.
21         THE COURT:  Okay.  So you should just let me know in
22 a letter copying the -- so you say it's the U.S. attorney?
23         MR. LYONS:  Yes.
24         THE COURT:  Copying the U.S. attorney's office.  And
25 I'll decide whether I want to have a call with the parties or

```
                                                                  8
 1   just go according to the letters and let you know.
 2              MR. LYONS:  Very good, Your Honor.  We will do that.
 3   Thank you very much.
 4              THE COURT:  Okay.  Thanks.  Thank you.
 5              (Whereupon these proceedings were concluded at 10:11
 6   a.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                      9

 1
 2                              I N D E X
 3
 4                            R U L I N G S
 5   DESCRIPTION                                          PAGE     LINE
 6   Debtors' objection to Samsung                          6       23
 7   Electro-Mechanics Co., Ltd. motion to
 8   reconsider order expunging claim granted
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                  10

 1

 2                    C E R T I F I C A T I O N

 3

 4    I Lisa Bar-Leib, court-approved transcriber, certify that the

 5    foregoing is a correct transcript from the official electronic

 6    sound recording of the proceedings in the above-entitled

 7    matter.

 8

 9                                               February 1, 2008

10    Signature of Transcriber                   Date

11

12    Lisa Bar-Leib

13    typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25
```