BURR & FORMAN, LLP
420 20th Street North
Suite 3400
Birmingham, Alabama
D. Christopher Carson
Marc P. Solomon

Attorneys for Futaba Corporation of America
(successor by merger to Trans-Tron Ltd., Inc.)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re:                                                          : Chapter 11
                                                                :
DELPHI CORPORATION., et al.,                                    : Case No.: 05-44481 (RDD)
                                                                :
                                      Debtors.                  : (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x


**FUTABA CORPORATION OF AMERICA'S  (AS SUCCESSOR BY MERGER TO
TRANS-TRON LTD., INC.) RESPONSE TO DEBTORS' TWENTY-SIXTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED.R.BANKR.P. 3007 TO
CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) CLAIMS NOT REFLECTED
ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS,  AND (D) CLAIMS
SUBJECT TO MODIFICATION AND MODIFIED CLAIMS ASSERTING
RECLAMATION**


**COMES NOW,** Futaba Corporation of America (successor by merger to Trans-Tron

Ltd., Inc.) ("TTL"), by and through its undersigned attorneys, and hereby objects to the *Debtors'*

*Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to*

*Certain (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and*

1648979 v1

*Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claims Asserting Reclamation* (the "Omnibus Objection").  In support thereof, TTL states as follows:

## STANDARD FOR CLAIMS OBJECTIONS

1.      A creditor's filing of a proof of claim that complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the amount and validity of such creditor's claim.  *See* Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001).

2.      Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the prima facie validity of such claim.  *See, e.g., Sherman v. Novak*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).  In meeting its burden, the debtor must produce evidence rebutting the filed proof of claim of probative force equal to the contents of the claim. *See, e.g., In re Brown*, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor 'bears[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves'…that the claims should not be allowed.").

3.      In order to refute the prima facie validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim."  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity.").

## II.    TTL'S CLAIM AND DEBTORS' OBJECTION

4.    TTL filed a timely Proof of Claim, Claim No. 9263[1], which is incorporated herein in by reference, asserting a claim in the total amount of $2,901,601.14 for goods shipped to the Debtors prior to the Petition Date that have not been paid for by the Debtors.   This claim was made up of a general unsecured claim in the amount of $2,713,191.25 and a priority claim in the amount of $188,409.89, for goods that are the subject of a reclamation demand.  Debtors seek to reduce Claim No. 9263 to a total claim of $660,882.60, which would be made up of a general unsecured claim in the amount of $660,882.60 and a priority claim in the amount of $0.  The Debtors' Omnibus Objection fails to provide any specific evidence supporting the reduction and reclassification of TTL's claim.

5.    The Debtors' Omnibus Objection contains insufficient evidence to rebut the prima facie validity of the claims of TTL.  The conclusory, unsupported statements in the Omnibus Objection that are not specific to the claims of TTL are not sufficient to rebut the validity of the respective claims.   The claims of TTL must be allowed as the basis of which is goods shipped to the Debtors prior to the Petition Date for which the claimants have not been paid and for which the Debtors have no valid defense to payment.  TTL has not entered into an agreement with the Debtors regarding a reduced amount of their respective reclamation claims or otherwise consented to a reduced amount.  As such, the claims of TTL should be allowed in full and with the priority set forth in its Proof of Claim.

### III.   RESERVATION OF RIGHTS

6.   TTL expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any of the exhibits, including by, but not limited to, additional documentation of the amount of the claims of TTL; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this response.

### IV.   ADDRESS FOR RESPONSES

9.   Any reply to the response of TTL to the Omnibus Objection should be addressed to:

> D. Christopher Carson
> Marc P. Solomon
> Burr & Forman, LLP
> 420 20th Street North, Suite 3400
> Birmingham, AL  35203
> (205) 458-5372
>
> With a copy to:
>
> Tara Hannon
> Mandel, Katz & Brosnan LLP
> The Law Building
> 210 Route 303
> Valley Cottage, NY 10989
> (845) 639-7800

**WHEREFORE, PREMISES CONSIDERED,** TTL respectfully requests the Court: (1) deny the Omnibus Objection as it relates to TTL's claim; (2) allow the claims of TTL in the amounts and in the priority set forth in their respective proof of claims; and (3) grant TTL such other and further relief that the Court may deem just and appropriate.

---

[1] Attached to Proof of Claim No. 9263 are the invoices and other documentation that support TTL's right to payment.

1648979 v1

/s/ Marc P. Solomon
D. Christopher Carson
Marc P. Solomon

Attorneys for Futaba Corporation of America
(successor by merger to Trans-Tron Ltd., Inc.)

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3100
Birmingham, Alabama 35283-0719
Phone: (205) 251-3000
Facsimile: (205) 458-5100

1648979 v1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Electronic Filing, and to the entities below by Federal Express on this the 10th day of March, 2008:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI  48098

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Hon. Robert D. Drain
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, NY  10004

Tara Hannon
Mandel, Katz & Brosnan LLP
The Law Building
210 Route 303
Valley Cottage, NY 10989

/s/ Marc P. Solomon
OF COUNSEL

1648979 v1