ARENT FOX LLP
Mary Joanne Dowd (MD-0743)
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
        and
1675 Broadway
New York, NY 10019
Telephone:  (212) 484-3900

*Attorneys for Audio MPEG, Inc. and S.I.SV.EL., S.p.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No.: 05-44481 (RDD) |
| Debtors. | Jointly Administered |

## CURE CLAIM OF AUDIO MPEG, INC. AND S.I.SV.EL., S.p.A.

Audio MPEG, Inc. ("Audio MPEG") and Societa' Italiana per lo Sviluppo dell'Elettronica, S.I.SV.EL., S.p.A. ("SISVEL," together with Audio MPEG, "Licensors"), by counsel, file this cure claim as required by the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as modified, the "Plan") and the Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").  In support, Licensors state as follows:

## BACKGROUND

**A.     The License Agreement**

1.     On August 7, 2003, Licensors and Delco Electronics Corporation ("Delco") executed a License Agreement the ("2003 License Agreement"), whereby Delco and its Controlled Companies (as defined in the License Agreement) were granted non-exclusive licenses under certain U.S. and non U. S. patents (the "Licenses") to make, have made, use, import, sell, offer to sell, or otherwise dispose of "MPEG Audio Products" (defined in the License Agreement as "Licensed Products") and agreed to submit Royalty Statements (as in the form required by the License Agreement) and pay royalties on each such MPEG Audio Product. On April 4, 2005, Licensors and Delco executed a 2005 Addendum to the 2003 License Agreement (the "2005 Addendum" and, together with the 2003 License Agreement, the "License Agreement").

2.     During licensing negotiations, it was decided that various other entities affiliated with Delco were not to be covered by the License Agreement. As a result, at least one non-Debtor European affiliate that sells MPEG Audio Products has been negotiating an agreement separately with Licensors regarding MPEG Audio Products.

3.     On September 30, 2005, Delco merged into Delphi Automotive Systems LLC ("DAS").

4.     Only MPEG Audio Products sold by DAS and its Controlled Companies are licensed under the License Agreement. DAS is the only entity that has submitted Royalty Statements reporting sales of MPEG Audio Products, and DAS is the only entity that ever paid royalties on sales of MPEG Audio Products.

**B.    The Bankruptcy Case**

5.    On October 8 and 14, 2005 (the "Petition Date"), the Debtors, including DAS, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.    On December 10, 2007, the Debtors filed the Plan, which provided for the assumption of all executory contracts.

7.    Licensors, on January 9, 2008, filed the Motion to Modify Automatic Stay to Perform Audit under License Agreement (the "Audit Motion") (Docket No. 11820) and on January 10, 2008, filed the Objection to Confirmation of Plan and Assumption of License Agreement (Docket No. 11883).

8.    On January 25, 2008, the Court entered the Joint Stipulation and Agreed Order Resolving Licensors' Objection to Plan and Assumption of License Agreement and the Audit Motion (Docket No. 12354).

9.    On January 25, 2008, the Court entered the Confirmation Order. (Docket No. 12359). Pursuant to the Plan and Confirmation Order, DAS has elected to assume the License Agreement. Therefore, Licensors are entitled to Cure (as defined in the Plan) and are filing this Cure Claim.

## CURE CLAIM

10.    Since only MPEG Audio Products sold by DAS and its Controlled Companies are licensed under the License Agreement, and DAS is the only entity that has submitted Royalty Statements reporting sales of MPEG Audio Products and paid any royalties, only claims for MPEG Audio Products sold and reported by DAS are released and discharged under the Plan upon payment of the Cure Claim and assumption of the License Agreement.

3

11. Since sales of MPEG Audio Products by Debtor entities other than DAS have not been reported, and claims for any such sales are not included in this Cure Claim, any such claims are not released and discharged under the Plan upon payment of the Cure Claim and assumption of the License Agreement.

12. Royalties are due from DAS for the period prior to 4Q 2005 in the amount of $190,821.59, including interest through January 30, 2008, plus interest from that date until payment at the rate of 1% per month as provided for in the License Agreement. *See* Exhibit A.

13. In addition, royalties are due from DAS for 4Q 2005 through and including 4Q 2007 in the amount of $1,474,114.43, including interest through January 30, 2008, plus interest from that date until payment at the rate of 1% per month as provided for in the License Agreement. *See* Exhibit A.

14. Royalty Statements for 1Q 2008 and the respective royalties are due on April 30, 2008 and, therefore, are not included in the Cure Claim stated herein and are not in any way waived. Royalty Statements and royalties for subsequent quarters are not yet due and are not included in the Cure Claim stated herein and are not in any way waived.

15. The Debtors have recently advised that they require additional time to review the sales of MPEG Audio Products by Delphi entities other than by DAS to determine whether or not any additional Debtor or non-Debtor affiliates are Controlled Companies of DAS and therefore licensed under the License Agreement and obligated for additional royalties. The Debtors have agreed that royalties for any such additionally reported and covered sales would be considered a timely addition to Licensors' Cure Claim. In the event the Debtors assert that there are additional sales beyond those reported in the Royalty Statements submitted by DAS through February 2008 that are covered under the License Agreement, and the Court determines that such

4

sales are covered under the License Agreement, then royalties for those additional sales are also due to Licensors and are added to the amount of this Cure Claim and relate back to the date hereof.

16. Licensors have reserved their rights to audit DAS and its Controlled Companies and further reserve their rights to amend and supplement this Cure Claim based on any audit that determines the Royalty Statements submitted by DAS are inaccurate.

17. Nothing in this Cure Claim, the Plan or the Confirmation Order impairs the rights of Licensors to recover from any non-Debtor affiliates of the Debtors, all of which rights are expressly reserved and such recoveries will be made directly from such non-Debtor affiliates. In particular, Licensors reserve the right to recover compensation for sales of MPEG Audio Products directly from such non-Debtor affiliates.

18. Licensors reserve their rights to file and recover administrative expense claims for post-petition sales of MPEG Audio Products from DAS and/or other Debtors.

19. Historically, DAS has failed to report accurate sales of MPEG Audio Products and pay royalties for such sales within the time periods required by the License Agreement. As adequate assurance of DAS's future performance, Licensors require that DAS timely pay the post-petition royalties for such sales.

## NOTICE

20. Notice of this Cure Claim has been provided to the Debtors and any other party entitled to receive notice hereof under the Federal Rules of Bankruptcy Procedure or the Orders of this Court.

## WAIVER OF MEMORANDUM OF LAW

21.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Licensors respectfully request that the Court waive the requirement that it file a separate memorandum of law in support of this Cure Claim because this Cure Claim does not present a new or novel issue of law and this Cure Claim sets forth the relevant points and authority.

WHEREFORE, Licensors respectfully request that the Court enter an order establishing their Cure Claim as $1,664,936.02, plus interest from January 30, 2008 until payment, to be paid in cash, plus any additional amounts subsequently asserted by the Debtors as covered by the License Agreement, to be paid in cash, and granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Dated:  March 10, 2008

*/s/ Mary Joanne Dowd*
Mary Joanne Dowd (MD-0743)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone:  (202) 857-6000
Fax:  (202) 857-6395
Email:  dowd.mary@arentfox.com
       and
1675 Broadway
New York, NY 10019
Telephone:  (212) 484-3900

*Counsel to Audio MPEG and SISVEL*