BARNES & THORNBURG LLP
Attorneys for Harman Becker
   Automotive Systems, Inc.
John T. Gregg, Esq. (Admitted Pro Hac Vice)
Barnes & Thornburg LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999
jgregg@btlaw.com

Samuel D. Hodson, Esq.
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
shodson@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al.* | ) ) ) | No. 05-44481 |
| Debtors. | ) ) | (Jointly Administered) |

**RESPONSE OF HARMAN BECKER AUTOMOTIVE SYSTEMS, INC.
TO DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR
AMENDED CLAIMS, (B) UNTIMELY CLAIMS NOT REFLECTED ON DEBTORS'
BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT
TO MODIFICATION AS MODIFIED CLAIM ASSERTING RECLAMATION**

     Harman Becker Automotive Systems, Inc. ("Harman Becker"), by and through its undersigned attorneys, hereby files this response (the "Response") to the Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim

Asserting Reclamation (the "Objection"). In support of its Response, Harman Becker states as follows:

## BACKGROUND

1.  Prior to the Petition Date (as defined below), Harman Becker supplied Delphi Corporation (the "Delphi Corp.") with various goods and related services.

2.  On October 8, 2005 (the "Petition Date"), Delphi Corp. and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.  On or around May 22, 2006, Harman Becker timely filed a proof of claim against Delphi Corp. (Claim No. 6606) in the amount of $191,024.66 (the "Proof of Claim"). A copy of the invoices that form the basis for the Proof of Claim are attached hereto as <u>Exhibit A</u>.

4.  On or about February 15, 2008, the Debtors filed the Objection, which seeks entry of an order modifying the amount of Harman Becker's claim because it allegedly states an incorrect amount or is overstated. (Objection at ¶ 34.)

5.  The Objection provides no evidentiary basis for the reduction of the claims of Harman Becker against the Debtors, except to conclude that the reduction of the claim is appropriate due to certain generic reasons. (Objection at ¶¶ 34-38.)

## RESPONSE

6.  In accordance with Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "[a] proof of claim or interest executed and filed in accordance with this subdivision shall supersede any scheduling of that claim or interest pursuant to § 521(1)" of the Bankruptcy Code. Furthermore, in accordance with Rule 3001(f) of the Bankruptcy Rules,

2

"[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

7.    Therefore, pursuant to Rule 3001(f) of the Bankruptcy Rules, a debtor has the burden of producing evidence rebutting the *prima facie* validity of a creditor's claim. *See, e.g.*, *In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) ("onus is on the debtor to overcome the presumption of validity").

8.    To satisfy this burden, a debtor must present "a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); *see also In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("[t]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim").

9.    The Debtors have offered no evidence in support of their objection to the claim asserted by Harman Becker. Instead, the Debtors have simply alleged that the claim is not reconcilable with the Debtors' books and records.[1] (Objection at ¶ 36.) Therefore, the Debtors' Objection as it relates to Harman Becker should be overruled.

## MEMORANDUM OF LAW

10.    This Response sets forth specific responses with supporting law divided under numerous paragraphs. Harman Becker respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[1] Harman Becker will continue to work with the Debtors to reconcile amounts due and owing on the Debtors' books and records with amounts due and owing on Harman Becker's books and records.

3

WHEREFORE, Harman Becker objects to the relief requested in the Objection as it relates to Harman Becker and respectfully requests that the Court (i) overrule the objection, and (ii) allow the claim in the amount stated on the Proof of Claim, and (iii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: March 10, 2008

Respectfully submitted,

**HARMAN BECKER
AUTMOTIVE SYSTEMS, INC.**

By:   /s/John T. Gregg
        One of its Attorneys

John T. Gregg (Admitted Pro Hac Vice)
Barnes & Thornburg LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999
jgregg@btlaw.com

- and -

Samuel Hodson
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
shodson@btlaw.com

Attorneys for Harman Becker
Automotive Systems, Inc.

GRDS01 JGREGG 360214v1