**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Fax:  (212) 697-1559
Steven J. Reisman (SR 4906)
James V. Drew (JD 2344)

*Attorneys for Multek Flexible Circuits, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                  :
In re:                                            :    Case No. 05-44481 (RDD)
                                                  :
DELPHI CORPORATION, *et al.*,                     :    Chapter 11
                                                  :
                         Debtors.                 :    Jointly Administered
                                                  :
------------------------------------------------------------------- x

**STATEMENT OF MULTEK FLEXIBLE
CIRCUITS, INC. WITH RESPECT TO CURE CLAIMS**

Multek Flexible Circuits, Inc. ("Multek"), by and through its undersigned counsel, hereby submits this statement (the "Statement") and respectfully states as follows:

**BACKGROUND**

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("DAS LLC") and certain of Delphi's subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in this Court.

2.      On July 25, 2006, Multek filed a proof of claim against DAS LLC (Claim #13815), asserting a claim in the amount of $223,843.01, consisting of a $195,706.98 general unsecured claim, and a priority (reclamation) claim of $28,136.03 (the "Multek Claim").

3.      On March 27, 2007, Multek assigned the Multek Claim to SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point").

-1-

4402700

    4. On or about August 27, 2007, Multek, Silver Point and DAS LLC entered into a Settlement Agreement which provided, among other things, that the reclamation portion of the Multek Claim shall be deemed to be withdrawn with prejudice and that the Multek Claim "shall be allowed against DAS LLC" in the amount of $180,000 and "shall be treated as a prepetition general unsecured non-priority claim."

    5. On October 10, 2007, this Court entered a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 13815 (Multek Flexible Circuits, Inc. and SPCP Group, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.) [Docket No. 10514] (the "Joint Stipulation and Agreed Order"), which similarly provided, among other things, that the Multek Claim "shall be allowed in the amount of $180,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC."

    6. On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").

    7. On or before January 4, 2008, Multek received a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Multek Cure Notice"). The Multek Cure Notice identified six purchase orders to be assumed, each with associated cure amounts, which amounts together totaled $39,816.00 (the "Proposed Cure Payment"). On January 4, 2008, Multek forwarded the Multek Cure Notice to Silver Point.

    8. On or about January 11, 2008, with Multek's consent, Silver Point executed and delivered a timely, completed Multek Cure Notice to Kurtzman Carson Consultants LLC, the Debtors' agent designated to receive the Multek Cure Notice.

    9. On January 25, 2008, this Court entered its Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

10. On February 11, 2008, the Debtors filed an expedited motion to strike the completed Multek Cure Notice, among other notices, which motion was granted with respect to the Multek Cure Notice by order of this Court dated February 27, 2008, on the stated grounds that the completed Multek Cure Notice was "Improperly Executed (no evidence of authority to act signed by the counterparty)." See Third Order Pursuant to Solicitation Procedures Order, Confirmation Order, plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 Striking Certain Non-Conforming Cure Amount Notices and Objections Identified in Non-Conforming Cure Notice Motion [Docket No. 12901].

11. Pursuant to Article 8.2(b) of the Plan, within 45 days after entry of the Confirmation Order (in this case, March 10, 2008), any "party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim."

**STATEMENT**

12. The Multek Cure Notice does not reference several purchase orders between Multek and the Debtors that existed as of the time of the Debtors' bankruptcy petitions. The following is a list of such purchase orders, which list Multek believes to be complete and accurate, but which Multek reserves the right to amend, modify or supplement as appropriate:

(i) 550052720
(ii) 550052725
(iii) 550052726
(iv) 550052728
(v) 550052738
(vi) 550070341
(vii) 550077385
(viii) JMS42673
(ix) PEDP4420081

13. Multek has not received, to its knowledge, any notices with respect to rejection or assumption of any of the purchase orders between it and the Debtors not referenced in the Multek Cure Notice. Thus it is unclear whether these other purchase orders are Other Executory Contracts and/or

-3-

whether such purchase orders are being assumed, and at what purported cure amounts,[1] although Multek understands that under Article 8.1(a) of the Plan, generally, all unexpired contracts not rejected by the Debtors are being assumed.

14. Accordingly, in an abundance of caution, Multek files this statement, pursuant to Article 8.2(b) of the Plan, to the extent that any of its purchase orders with the Debtors are Other Executory Contracts and thus a separate Cure Claim may be required to be filed by Multek. Multek is entitled to a Cure Claim of no less than $180,000 on account of any prepetition defaults under purchase orders between it and the Debtors, plus any postpetition amounts due under such purchase orders. Multek believes that the Debtors are substantially current on any postpetition amounts due, but nothing in this Statement should be deemed a waiver with respect to such amounts.

---

[1] The Multek Claim is based on, among other things, any prepetition amounts owing under purchase orders between Multek and the Debtors. The specific dollar amounts that correspond with each of the purchase orders comprising the Multek Claim have never been agreed between the parties because it was unnecessary to do so, given the Joint Stipulation and Agreed Order which allowed the Multek Claim at a settled amount. Multek understands, based on conversations with Debtors' counsel, that notwithstanding the Multek Cure Notice, the Multek Claim will continue to be treated as an allowed claim in the amount of $180,000, subject to being reduced by the amount of the cure payment received by Multek to the extent that the cure payment corresponds to purchase orders included within the Multek Claim (to avoid a double payment), and that accordingly, the Debtors will make a distribution on account of the entire $180,000 allowed amount of the Multek Claim (subject to the Plan becoming effective). Provided this is correct, then Multek is ambivalent with regard to how the Debtors choose to match dollar/cure amounts to purchase orders or otherwise allocate value to the items comprising the Multek Claim. To the extent, however, that Multek's right to receive full value on account of the Multek Claim will be prejudiced in some way by the Multek Cure Notice, by adjusting the value associated with the purchase orders comprising the Multek Claim and thereafter allowing a reduction of the Multek Claim on that basis, Multek objects to that limited extent.

4402700

## **CONCLUSION**

WHEREFORE, given that Multek is unsure whether various of its purchase orders are being assumed by the Debtors and how such assumption may affect distributions on its allowed claim, and given the inability to obtain definitive guidance from Debtors' counsel, Multek respectfully submits that it is entitled to a Cure Claim of no less than $180,000 on account of any prepetition defaults under purchase orders between it and the Debtors, plus any postpetition amounts due under such purchase orders.  Multek reserves the right to amend, modify, supplement or withdraw this Statement in all respects, including, without limitation, the list of purchase orders set forth above.

Dated:  New York, New York
         March 10, 2008

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**

By:  /s/ Steven J. Reisman
     Steven J. Reisman (SR 4906)
     James V. Drew (JD 2344)
     101 Park Avenue
     New York, New York  10178-0061
     Telephone:  (212) 696-6000
     Facsimile:  (212) 697-1559

*Attorneys for Multek Flexible Circuits, Inc.*