Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                                        Debtors.           :    (Jointly Administered)
-----------------------------------------------------------x

## CURE CLAIMS OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, SUBMITTED IN ACCORDANCE WITH THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

Liquidity Solutions, Inc. d/b/a Revenue Management and certain of its affiliates ("LSI"), as assignee of certain original creditors, hereby files its cure claims (collectively, the "Cure Claim") in accordance with the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[1] As stated more fully below, this Cure Claim is filed purely out of an abundance of caution. In support of this Cure Claim, LSI respectfully states as follows:

1.  On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. A list of certain LSI Assigned Claims is attached hereto as Exhibit A.

3. Pursuant to the underlying agreement between LSI and each of the Assignors, LSI was assigned (i) all right, title and interest in and to the respective Assigned Claims and any distributions thereon, (ii) the right to payment of any pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to each of the respective Assigned Claims that are assumed (or assumed and assigned) by any Debtor, and (iii) the right to receive any and all distributions on account of such pre-petition cure amounts. Each Assignor also authorized and appointed LSI as its true and lawful agent and attorney-in-fact with respect to all matters concerning the respective Assigned Claims; accordingly, LSI has standing to file this Cure Claim to the extent it is necessary.[2]

---

[2] LSI is aware that the Debtors previously have relied on the Solicitation Procedures Order [Docket No. 11389] entered in these chapter 11 cases to assert that purchasers or other transferees of claims such as LSI do not have standing with respect to matters of assumption, assumption and assignment, and cure. However, because (a) the Solicitation Procedures Order expressly dealt only with Material Supply Agreements and (b) as stated below (see paragraph 7 hereof and accompanying footnote text), this Cure Claim does not include Assigned Claims as to which LSI is aware bear a relation to a Material Supply Agreement, LSI submits that the Solicitation Procedures Order cannot operate to deny LSI standing to assert this protective Cure Claim. Moreover, because all right to payment of cure in connection with each respective Assigned Claim was transferred to LSI, LSI further submits that its standing to assert this Cure Claim should be evident and should be recognized since LSI – and not each Assignor – is the only party with an economic interest in these cure matters. Finally, although they are too voluminous to attach to this pleading, LSI would be willing to provide, upon request (on a redacted basis) of the Debtors or this Court, copies of

4.   On or about December 10, 2007, the Debtors filed the Plan. Pursuant to Article 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with sections 365 or 1123 of the Bankruptcy Code as of the Effective Date of the Plan, with certain exceptions.[3]

5.   This Court confirmed the Plan by order entered on January 25, 2008. Section 8.2(b) of the Plan provides that cure claims relating to Other Executory Contracts (i.e., contracts that are not Material Supply Agreements) must be filed within forty-five (45) days after entry of the Confirmation Order. Accordingly, March 10, 2008 is the deadline for filing cure claims relating to Other Executory Contracts.

6.   LSI recently became aware that, on or about January 29, 2008, the Debtors filed a Notice of Cure Amount with Respect to Executory Contracts to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Omnibus Cure Notice"). The Omnibus Cure Notice provides, among other things, that objections to the proposed cure amounts must be interposed so as to be received within ten days of service of the Omnibus Cure Notice. LSI was not served with the Omnibus Cure Notice.

7.   LSI does not have sufficient information to determine whether any of the claims set forth on <u>Exhibit A</u> hereto arise as part of any executory contract or unexpired lease being assumed in conjunction with Article 8.1(a) of the Plan, nor does LSI have the associated Delphi contract numbers that would enable it to review the Omnibus Cure Notice even had LSI

---

each agreement underlying the transfer of an Assigned Claim as evidence of each Assignor's appointment of LSI as its agent and attorney-in-fact to the extent that LSI is not recognized as having independent standing to assert this Cure Claim.

[3] The exceptions to the presumptive assumption of contracts under the Plan include any executory contract or unexpired lease that (a) was previously rejected, (ii) was the subject of a motion to reject, (iii) expired or terminated by its own terms on or prior to December 31, 2007, and was not otherwise extended, (iv) was listed on a schedule of contracts and leases attached to the Plan to be specifically rejected by operation of the Plan or (v) was otherwise to be rejected pursuant to the Plan. See Plan, at § 8.1(a).

been timely served with such notice.[4] In addition, although most of the Assigned Claims listed on <u>Exhibit A</u> hereto do not relate to purchase orders or other contracts that were expressly included within the Omnibus Cure Notice, LSI is not aware whether the Omnibus Cure Notice covers the entire universe of contracts that the Debtors intend to assume by operation of Article 8.1(a) of the Plan.

8.    Accordingly, LSI files this omnibus Cure Claim out of an abundance of caution, to preserve its right to payment in cash, in full, of any cure amounts associated with the assumption of any executory contracts or unexpired leases relating to LSI Assigned Claims. LSI reserves the right to amend, modify or supplement this Cure Claim.

---

[4] In composing the list of Assigned Claims attached hereto as <u>Exhibit A</u>, LSI did not include any of its Assigned Claims (a) that LSI is aware relate to a Material Supply Agreement that is already the subject of an associated Cure Amount Notice or (b) were assigned to LSI from an entity (if any) whose contract is listed on Exhibit 8.1(a) to the Plan as a contract to be specifically rejected upon the Effective Date of the Plan. To the extent that there is some overlap – e.g., an Assignor that is party to a Material Supply Agreement separately is party to an Other Executory Contract that is affected by Sections 8.1(a) and 8.2(a) of the Plan – LSI reserves the right to supplement this Cure Claim.

4

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order (i) to the extent that the Debtors' assumption of any executory contact or unexpired lease pursuant to Section 8.1(b) of the Plan relates in whole or in part to a contract or lease underlying an Assigned Claim held by LSI, establishing the cure amount for each Assigned Claim at the respective Claim Amount set forth on Exhibit A hereto, (ii) requiring the Debtors to timely pay the established cure amount in cash to LSI and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
       March 10, 2008

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010