# EXHIBIT 7

**From:** Diamond, Colin
**Sent:** Sunday, December 10, 2006 3:24 AM
**To:** 'TJanson@milbank.com'; 'gbray@milbank.com'; 'CBell@milbank.com'; 'jfleischer@milbank.com'; 'Bmintz@kayescholer.com'; 'lfisher@kayescholer.com'; 'john.sheehan@delphi.com'; 'Sherbin, David'; 'Corcoran, Sean P'; 'david.resnick@us.rothschild.com'; 'william.shaw@us.rothschild.com'; 'Eisenberg, Randall'; 'Butler, Jr., John (Jack) Wm'; 'Marafioti, Kayalyn'; 'Cochran, Eric'; 'Panagakis, George'; 'Gibson, Marie'; 'Saggese, Nick'; 'Matz, Thomas'; 'Furman, Erin'; 'Stuart, Nathan'; 'Hardin, Adlai'; 'sgardner@cerberuscapital.com'; 'LTessler@cerberuscapital.com'; 'scohen@cerberuscapital.com'; 'jeffrey_kaplan@ml.com'; 'scott_levy@ml.com'; 'arosenberg@paulweiss.com'; 'bgutenplan@paulweiss.com'; 'pfalcone@harbingercap.net'; 'jkirshner@harbingercap.net'; 'JMcCullough@Harbert.net'; 'davidalan@amlp.com'; 'r.goldstein@amlp.com'; 'k.maiman@amlp.com'; 'gavin.kagan@ubs.com'; 'sd.smith@ubs.com'; 'jmcmullin@cgsh.com'; 'lsilverman@cgsh.com'; 'ted.waksman@weil.com'; 'nicole.ostrowski@weil.com'; 'michael.kessler@weil.com'; 'jeff.tanenbaum@weil.com'; 'robert.lemons@weil.com'; 'fred.fromm@gm.com'; 'warren.g.andersen@gm.com'; 'hmiller@greenhill-co.com'; 'mhootnick@greenhill-co.com'; 'michael.lukas@gm.com'; 'kevan.parekh@gm.com'
**Cc:** Alm, Charles; Lauria, Thomas E.; Reiss, John; Hollander, Evan; Rotenstein, Jack; Dantzler, J. William; Raskin, Ken; Trimarchi, Peter; Milmed, Paul; Pryor, Gregory; Goldenberg, Avi
**Subject:** Equity Purchase and Commitment Agreement

Attached please find a revised version of the Equity Purchase and Commitment Agreement dated December 10, 2006 in clean form and marked to show changes from (1) the version distributed on Saturday, December 9 by counsel to Delphi, and (2) the version distributed by us on behalf of the plan investors on Thursday, December 7. The attached reflects conversations held today with the investors and their respective counsel, although they have not had an opportunity to review the revised draft, and it therefore remains subject to their comments in all respect.

We look forward to our discussions with you on Sunday.

Sincerely,

Colin Diamond
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: + 212 819 8754
Fax:        + 212 354 8113
cdiamond@whitecase.com

**[W&C Draft: (New York) December 10, 2006]**
**CONFIDENTIAL**

**SUBJECT TO FED. R. EVID. 408**

~~SASM&F Draft 12/9/06~~

EQUITY PURCHASE AND COMMITMENT AGREEMENT

THIS EQUITY PURCHASE AND COMMITMENT AGREEMENT (this "Agreement"), dated as of December __, 2006, is made by and among A-D Acquisition Holdings, LLC, a limited liability company formed under the laws of the State of Delaware ("Appaloosa"), [Harbinger Capital Partners Entity], a [_____] formed under the laws of [_____] ("Harbinger"), Dolce Investments, LLC ("Cerberus"), a limited liability company formed under the laws of the State of Delaware, Merrill Lynch ~~& Co.~~**, Pierce, Fenner & Smith, Incorporated**, a Delaware corporation ("Merrill"), ~~and~~ UBS Securities LLC, a [_____] limited liability company ("UBS"), ~~on the one hand,~~ and Delphi Corporation, a Delaware corporation (as a debtor-in-possession and a reorganized debtor, as applicable, the "Company")~~, on the other hand~~.  Appaloosa, Harbinger, Cerberus, Merrill and UBS are each individually referred to herein as an "Investor" and collectively as the "Investors".  Capitalized terms used in the agreement have the meanings assigned thereto in the sections indicated on Schedule 1 hereto.

WHEREAS, the Company and certain of its subsidiaries and affiliates (the "Debtors") commenced jointly administered cases (the "Chapter 11 Cases") under United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, the Company intends to propose and submit to the Bankruptcy Court for its approval a plan of reorganization for the Debtors that is consistent with this Agreement and the PSA;

WHEREAS, the Company has requested that the Investors participate in the plan of reorganization, and the Investors are willing to participate in the plan of reorganization, on the terms and subject to the conditions contained in this Agreement;

WHEREAS, the Company has filed a motion and supporting papers (the "Initial Approval Motion") seeking an order of the Bankruptcy Court (the "Initial Approval Order") (i) approving and authorizing the Company to enter into this Agreement, (ii) authorizing the payment of the Commitment Fees, the Alternate Transaction Fee and the Transaction Expenses provided for herein, and (iii) approving and authorizing the Company to enter into the PSA**, and the Bankruptcy Court has entered** the Initial Approval Order; and

WHEREAS, each of Appaloosa Management L.P., Harbinger Capital Partners Master Fund I, Ltd. and Cerberus Partners L.P. (collectively, the "Commitment ~~Partners~~**Parties**") will provide, on the date hereof, commitment letters ~~addressed to the Company, as well as~~**to** Appaloosa, Harbinger, and Cerberus, respectively, whereby each Commitment Party will confirm **its** commitment to provide equity financing to Appaloosa, Harbinger and Cerberus,

19. Adjustment to Shares.  If, in accordance with the terms of this Agreement, the Company effects a reclassification, stock split (including a reverse stock split), stock dividend or distribution, recapitalization, merger, issuer tender or exchange offer, or other similar transaction with respect to any shares of its capital stock, references to the numbers of such shares and the prices therefor**herefore** shall be equitably adjusted to reflect such change and, as adjusted, shall, from and after the date of such event, be subject to further adjustment in accordance herewith.

20. Headings.  The headings in this Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

21. Specific Performance.  The parties acknowledge and agree that any breach of the terms of this Agreement would give rise to irreparable harm for which money damages would not be an adequate remedy, and, accordingly, the parties agree that, in addition to any other remedies, each will be entitled to enforce the terms of this Agreement by a decree of specific performance without the necessity of proving the inadequacy of money damages as remedy and without the necessity of posting bond.

**21.** 22. Publicity.  The initial press release regarding this Agreement shall be a joint press release.  Thereafter, the Company and Investors each shall consult with each other prior to issuing any press releases (and provide each other a reasonable opportunity to review and comment upon such release) or otherwise making public announcements with respect to the transactions contemplated by this Agreement and the Plan, and prior to making any filings with any third party or any governmental entity (including any national securities exchange or interdealer quotation service) with respect thereto, except as may be required by law or by the request of any governmental entity.

23. Effectiveness.  With respect to Delphi, this Agreement is expressly contingent on, and shall automatically become effective on such date as the Initial Approval Order has been entered by the Bankruptcy Court.

**22.** 24. Knowledge.  The phrase "Knowledge**"knowledge** of the Company"**"** and similar phrases shall mean the actual conscious knowledge of the Chief Restructuring Officer of the Company. **and [insert other applicable officers.]**

[Signature Page Follows]

69

NEWYORK 5905747 v2 (2K)