# EXHIBIT 25

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

Direct Dial + 212-819-8394     cshore@whitecase.com

February 29, 2008

BY E-MAIL AND U.S. MAIL

Albert L. Hogan, III
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522

Re:   In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

Dear Mr. Hogan:

On behalf of ADAH and the other Plan Investors (other than Goldman Sachs), we write in response to your letter of last night.

First, thank you for sending us a draft of the 1142 Motion. While that has provided us some insight into Delphi's arguments with respect to the issues at bar, and without debating the legal or practical effect of the "notice" of that motion you provided to us in off-the-record status conferences, we are still not in a position to consent to your proposed timeline. Among other things, because the draft is being held on an attorneys' eyes only basis, we will need a reasonable period of time after the filing of the Motion for our clients to review the Motion, provide input to us and review our responsive papers.

Obviously, while we believe that there is currently an insufficient basis for expedited treatment, we cannot file a motion for a continuance/opposition to an expedited hearing until you file the Motion. In the meantime, we want to inform you of our continuing objection. Further, we have on several occasions asked to have you explain the reasoning behind seeking to proceed with the 1142 Motion on such an expedited basis in light of the fact that, regardless of which party prevails on that motion in the Bankruptcy Court, the dispute will not be finally resolved prior to Delphi's anticipated filing of its registration statement (or indeed even before its projected Effective Date). In the absence of a satisfactory explanation, the Plan Investors will insist that Delphi make an evidentiary record on an application properly brought under Rule 9006 before proceeding next Thursday. If we have to proceed down that route, we also hereby demand that you provide us, at least 48 hours in advance of any hearing on such application, all of the documents that Delphi will introduce in connection with such application and the name of any testifying witness.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   MUNICH   NEW YORK
PALO ALTO   PARIS   PRAGUE   RIYADH   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 6518463 (2K)

Albert L. Hogan, III

February 29, 2008

Second, and this will be no surprise, we do not agree that a hearing on the 1142 Motion can proceed without discovery, nor do we agree that Delphi can avoid discovery relating to its Motion by deeming the hearing as being without a "substantial evidentiary presentation." For the Court to grant the relief requested in the 1142 Motion, we believe that there will need to be a general fact-finding exercise into several specific issues including, among other things, the negotiating history of the applicable provisions of the EPCA, the genesis of the February GM proposal, the current ability of Delphi to raise market-based exit financing, the effects of the GM proposal on Delphi's post-exit business and financial performance, the sufficiency of the exit financing to meet the requirements of the Plan, whether the proposed exit financing is consistent, with the EPCA and the Plan, the proposed reduction in the size of the second lien term loan, and Delphi's general liquidity needs post-exit. To that end, we enclose herewith (i) draft deposition notices and document requests directed to Delphi and (ii) draft subpoenae for GM and JPM. The enclosed notices, requests and subpoenae are preliminary given that we have not had an opportunity to obtain input from our clients and we reserve the right to supplement them as necessary. While the response dates on the Delphi discovery cannot be set until the Motion is filed, we thought it would be useful for planning purposes to let you know what we will be requiring in advance of the hearing. We leave it entirely to Delphi's discretion whether to begin its preparation for responding to these notices and requests now or wait until after the formal filing of the Motion, in which case the hearing date may need to be adjourned.

Similarly, while we will withhold serving any subpoenae (or even word of the existence of such subpoenae) until the Motion is publicly filed, if the Motion must be filed, we will serve the subpoenae and therefore insist that you make the matter public on a schedule that allows us sufficient time to conduct limited third-party discovery.

Finally, you have requested a draft of our response to the Motion. Beyond being an extraordinary request in the context of a contested proceeding, we are simply not in a position to provide you with our advance thoughts on a draft that you have expressly stated you "reserve [Delphi's] right to amend or supplement. . . in any respect before presentation to the Court." If Delphi files the Motion and needs additional time to respond to any opposition papers that we might file, we would be happy to discuss providing you with a reasonable period of time for preparing your response.

Please feel free to call me should you have any questions regarding the foregoing. Thank you.

Sincerely,

*[signature: Christopher Shore]*

J. Christopher Shore

JCS:dh

<u>Enclosure</u>

2

NEWYORK 6518463 (2K)

Albert L. Hogan, III

February 29, 2008

cc: Jeffrey Rosenthal, Esq. (w/enc.)
    Andrew Rosenberg, Esq. (w/enc.)
    Terry McLaughlin, Esq. (w/enc.)
    Myron Kirschbaum, Esq. (w/enc.)
    Bonnie Steingart, Esq. (w/enc.)
    Robert Rosenberg, Esq. (w/enc.)

NEWYORK 6518463 (2K)