# EXHIBIT 26

          **Hearing Date And Time: March 19, 2008 at 10:00 a.m.**
          **Objection Deadline: March 12, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
    In re                         :      Chapter 11
                                :
DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
                                :
                                :      (Jointly Administered)
            Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          MOTION FOR ORDER UNDER 11 U.S.C. § 1121(d) EXTENDING
            DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE
          AND SOLICIT ACCEPTANCES OF REORGANIZATION PLAN

              ("SIXTH § 1121(d) EXCLUSIVITY EXTENSION MOTION")

Therefore, it is solely out of an abundance of caution that the Debtors move to extend the Exclusive Periods to prevent any lapse in exclusivity.

17. The Debtors seek entry of an order further extending the Plan Proposal Period through and including May 31, 2008 and the Solicitation Period through and including July 31, 2008 without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods. Although the Debtors are requesting a two-month extension,[4] the Debtors nonetheless anticipate having the Plan become effective as soon as reasonably practicable.

## Basis For Relief

18. The Exclusive Periods are intended to afford chapter 11 debtors a full and fair opportunity to rehabilitate their businesses and to negotiate, propose, confirm, and consummate a reorganization plan without the deterioration and disruption of their businesses that might be caused by the filing of competing reorganization plans by non-debtor parties.

19. A further prophylactic extension of the Exclusive Periods is justified here by the significant progress the Debtors have made toward emerging from chapter 11 since they last sought an extension of the Exclusive Periods. The Debtors have developed, solicited, and achieved confirmation of a reorganization plan that was accepted by 81% of their creditors and 78% of their stockholders. Upon the effective date of the Plan, comprehensive settlements with GM, Delphi's U.S. labor unions, and other settling parties

---

[4] The Debtors sought five- and six-month extensions in their first four motions and a three-month extension in their fifth motion to extend the Exclusive Periods.

will be implemented. All of this was the result of diligent work by the Debtors over many months.

20.   The Debtors' efforts were affected by severe dislocations in the capital markets that began late in the second quarter of 2007 and that have continued through the first quarter of 2008. This turbulence in the capital markets was a principal cause of the delay in the Debtors' emergence from chapter 11 before the end of 2007. And the continued turbulence constitutes an additional factor justifying a further extension of the Exclusive Periods. Moreover, as further detailed below, the Debtors have accomplished numerous other tasks related to many different aspects of the case in an effort to emerge from chapter 11 protection. The unresolved contingencies relating to fully committed exit financing and the size and complexity of the Debtors' cases also justify a further extension of the Exclusive Periods.

<u>Applicable Authority</u>

21.   Section 1121(d) of the Bankruptcy Code permits the court to extend a debtor's exclusive periods upon a demonstration of cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d). The court in <u>In re McLean Industries, Inc.</u>, 87 B.R. 830 (Bankr. S.D.N.Y. 1987), identified the following factors as relevant to the determination of "cause" to extend a debtor's Exclusive Periods:

(a)   the existence of good-faith progress toward reorganization;

9

      (i)      entered into an agreement to sell the bearings business;

      (j)      obtained court approval of the sale of the interiors and closures business;

      (k)      obtained court approval of the sale of the steering business; and

      (l)      filed four omnibus claims objections.

28.    In summary, the Debtors are making significant, good-faith progress toward their reorganization.

G.    Unresolved Contingencies Still Exist

29.    Courts have also cited the need to resolve an important contingency as justification for extending a debtor's exclusive periods. Although the Court has confirmed the Debtors' Plan, the Debtors must still procure fully committed exit financing that will support implementation of the Plan and consummate all of the transactions contemplated by the Plan and Delphi's investment agreement with its Plan investors. The tasks of securing such exit financing and satisfying all other conditions to the effectiveness of the Plan and investment agreement are significant for both their magnitude and complexity and amply satisfy the contingency component described in the McLean test.

H.    These Cases Are Large And Complex

30.    The size and complexity of the Debtors' chapter 11 cases alone constitute sufficient cause to extend the Exclusive Periods. See, e.g., In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); In re United Press Int'l, Inc., 60 B.R. 265, 270 (Bankr. D.D.C. 1986) ($40 million company granted extension of exclusive periods based on size and complexity of case; "In many much smaller cases, involving far less complications, two or three years go by before the debtor is in a position to file a plan.").