**Florence Bonaccorso-Saenz**
**(La. Bar No. 25493)**
**Louisiana Department of Revenue**
**Legal Division**
**617 North Third Street**
**Post Office Box 4064**
**Baton Rouge, LA  70821-4064**
**Tel.  225-219-2080, main line**
**Fax: 225-219-0861**
**email: florence.saenz@la.gov**

**Attorney for Creditor**
**Appearing *Pro Hac Vice***

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| DELPHI CORPORATION, ET AL., | ) Case No.: 05-44481(RDD) ) |
| Debtor. | ) Jointly Administered ) |

**RESPONSE TO TWENTY-SIXTH OBJECTION TO CLAIMS,
PARTICULARLY THE OBJECTION TO
<u>THE LOUISIANA DEPARTMENT OF REVENUE'S CLAIM (CLAIM 16707)</u>**

**NOW INTO COURT,** through undersigned counsel, comes the Louisiana Department of Revenue, who responds to the debtors' and debtors-in-possession's TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS, particularly, to it's/their objection to claim 16707 filed by the Louisiana Department of Revenue in the amount of $7,436.36 on September 7, 2007, the entirety of which is a priority tax claim for the balance of the corporate taxes and interest through the date of the petition on that balance owed by Delco Electronics, LLC, (LDR Account number 5786595001), (now Delphi Automotive Systems, LLC) for the tax period ending 12/31/2002 based on the tax returns filed by the debtor (which are privileged and confidential documents pursuant

RESPONSE - 1

to Louisiana Revised Statute §47:1508 except in a proceeding seeking to administer or enforce the tax laws of the State of Louisiana), after credit for a payment of $197,269.00, and represents as follows:

**1.**

The allegations of paragraph 1 are admitted.

**2.**

The allegations of paragraph 2 are admitted.

**3.**

The allegations of paragraph 3 are admitted.

**4.**

The allegations of paragraph 4 are admitted.

**5.**

Except as expressly admitted herein, the allegations of paragraph 5 are denied. The Louisiana Department of Revenue admits that section 502(b) and Bankruptcy Rule 3007 are relied upon by the debtor with respect to the relief requested.

**6.**

The allegations of paragraph 6 do not require an answer by the Louisiana Department of Revenue. Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 6 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**7.**

The allegations of paragraph 7 do not require an answer by the Louisiana Department of Revenue. Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 7 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**8.**

The allegations of paragraph 8 do not require an answer by the Louisiana Department of Revenue.  Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 8 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**9.**

The allegations of paragraph 9 do not require an answer by the Louisiana Department of Revenue.  Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 9 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**10.**

The allegations of paragraph 10 do not require an answer by the Louisiana Department of Revenue.  Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 10 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**11.**

The allegations of paragraph 11 do not require an answer by the Louisiana Department of Revenue.  Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 11 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**12.**

The allegations of paragraph 12 do not require an answer by the Louisiana Department of Revenue.  Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 12 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**13.**

The allegations of paragraph 13 do not require an answer by the Louisiana Department of Revenue. Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 13 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**14.**

The allegations of paragraph 14 do not require an answer by the Louisiana Department of Revenue. Out of an abundance of caution, in the event an answer is required, the Louisiana Department of Revenue denies the allegations contained in paragraph 14 for lack of sufficient information to justify a belief therein and avers that each allegation must be proven.

**15.**

The allegations of paragraph 15 are admitted.

**16.**

The allegations of paragraph 16 are admitted. However, see further answer hereinbelow.

**17.**

The allegations contained in paragraph 17 are denied for lack of sufficient information to justify a belief therein; proof is required. However, even if all of the allegations are proven to be true, the publication of Bar Date Notices in the newspapers alleged were likely deficient for the same reasons that the mailed notices are alleged to be deficient. See Louisiana Department of Revenue's further answer hereinbelow regarding the notice of commencement and subsequent notices.

**18.**

The allegations of paragraph 18 do not require an answer from the Louisiana Department of Revenue. However, out of an abundance of caution, if

an answer is required, the allegations are denied; proof of the allegations is required.

**19.**

The allegations of paragraph 19 are admitted.

**20.**

The allegations of paragraph 20 are admitted.

**21.**

Paragraph 21 is an explanation of the relief requested and does not require an answer from the Louisiana Department of Revenue. The Louisiana Department of Revenue's claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**22.**

Paragraph 22 does not require an answer by the Louisiana Department of Revenue as it is also an explanation of the relief requested. The Louisiana Department of Revenue's claim, Claim 16707, is not listed on either Exhibit.

**23.**

The allegations of paragraph 23 do not require an answer by the Louisiana Department of Revenue. The Louisiana Department of Revenue's claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**24.**

The allegations of paragraph 24 do not require an answer by the Louisiana Department of Revenue. The Louisiana Department of Revenue's claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**25.**

The allegations of paragraph 25 do not require an answer by the Louisiana Department of Revenue. The Louisiana Department of Revenue's

claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**26.**

The allegations of paragraph 26 do not require an answer by the Louisiana Department of Revenue. The Louisiana Department of Revenue's claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**27.**

The allegations of paragraph 23 do not require an answer by the Louisiana Department of Revenue. The Louisiana Department of Revenue's claim, Claim 16707, is objected to on the grounds that it was not timely filed. See Louisiana Department of Revenue's further answer hereinbelow.

**28.**

Except as expressly admitted hereinbelow, the allegations of paragraph 28 are denied. The Louisiana Department of Revenue admits that its claim was filed after the bar date established for pre-petition claims. *See the Louisiana Department of Revenue's further answer hereinbelow.* The Louisiana Department of Revenue denies that the claim amount is not owed and/or that the debtors' determined that the liabilities or dollar amounts are not owed, regardless of what the debtors Books and Records reflect. The Louisiana Department of Revenue avers that it is a creditor of the Debtors, specifically, Delphi Automotive Systems, LLC formerly known as and/or doing business as Delco Electronics, LLC.

**29.**

Paragraph 29 does not require an answer by the Louisiana Department of Revenue. However, out of an abundance of caution, the Louisiana Department of Revenue avers that the claim filed represents the balance of corporate taxes owed for the tax period ending 12/31/2002 and interest accrued through the date of filing the petition under Chapter 11.

**30.**

The allegations of paragraph 30 do not require an answer by the Louisiana Department of Revenue as it is a legal argument, and not a factual allegation.

**31.**

The allegations of paragraph 31 do not require an answer by the Louisiana Department of Revenue as Louisiana Department of Revenue's Claim, Claim 16707 is not included on Exhibit B-1.

**32.**

Paragraph 32 is a request for relief and does not require an answer from the Louisiana Department of Revenue.  If an answer is required, the Louisiana Department of Revenue avers that the debtor(s) are not entitled to the relief requested.

**33.**

Except as expressly admitted, the allegations of paragraph 32 are denied.  The Louisiana Department of Revenue admits that its Claim, Claim 16707 was not filed prior to the established Bar Date for pre-petition claims against the debtor.  The Louisiana Department of Revenue avers that the claim was untimely filed on the basis of excusable neglect within the meaning of Federal Rule of Bankruptcy Procedure Rule 9006(b)(1).

**34-45.**

Paragraphs 34-35 do not require an answer by the Louisiana Department of Revenue as the only Exhibit on which the Louisiana Department of Revenue was included was exhibit C-2.

**46.**

Paragraph 46 does not require a response by the Louisiana Department of Revenue.

**47.**

The Louisiana Department of Revenue objects to any reservation of rights to add to the basis on which the debtor has objected to the claim once a response has been filed. Once a response has been filed, leave of court is required to amend a pleading. All bases for objection are required to be filed in one pleading for purposes of judicial economy and unwarranted expense to the parties.

**48-59.**

Paragraphs 48-53 do not require a response by the Louisiana Department of Revenue. However, out of an abundance of caution, the Louisiana Department of Revenue avers that the Order establishing the Claims Objection procedure shall govern all responses and replies.

And now further answering, the Louisiana Department of Revenue represents as follows:

**60.**

The Louisiana Department of Revenue avers that the claim was untimely filed on the basis of excusable neglect within the meaning of Federal Rule of Bankruptcy Procedure Rule 9006(b)(1). Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing, if the movant's failure to comply with an earlier deadline was the result of excusable neglect. <u>Pioneer Inv. Services. Co. v. Brunswick Assoc. Ltd. Partnership, et al.</u>, 113 S. Ct. 1489, 1491-92 (1993). However, Congress provided no guideposts for determining what sorts of neglect would be considered excusable. Id. at 1498. The Supreme Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." Id. At 1495. The Supreme Court concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Id. at 1498. The relevant circumstances recited by the court include: (1) the

danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  Id.

    (A)   The Louisiana Department of Revenue avers that the claim was not timely filed because the notice provided of the bar date was insufficient to give the Louisiana Department of Revenue notice of the inclusion of the entity by which the debt was owed in the jointly administered cases and/or of the bar date.  Similarly, the schedules filed with the court did not contain the account numbers for the debts that were disputed by the debtor.

    (B)   The notice of commencement and the notice referred to in the objection to claims did not provide the Louisiana Department of Revenue with the Louisiana Department of Revenue account number for the entity that owed the debt.  Neither the notice of commencement nor the notice referred to in the objection to claim contained the former name of the entity which owed the Louisiana Department of Revenue the debt.

        (1)   The notice of commencement contained approximately 40 entities and federal tax identification numbers, none of which were the name of any entity that owed the Louisiana Department of Revenue the debt for 2002 Corporate Income and Franchise Taxes for which the Louisiana Department of Revenue ultimately filed its claim.  ***Included in the list of entities was "Delphi Automotive Systems (Holding), LLC," <u>not</u> "Delphi Automotive Systems, LLC, formerly known as or doing business as Delco Electronics, LLC" (under which it was operated and doing business at the time it incurred the debt to the Louisiana Department of Revenue for the tax period 12/31/2002).***

    (C)   Further, the Notice of Commencement was sent to an incorrect division of the Louisiana Department of Revenue.  The Notice of Commencement was sent to "Louisiana Department of Revenue, Acct of Ida W. Lee, Levy 436726792, Post Office Box 31705 (Attn: M. Eddins), Shreveport, LA  43872-

6792" rather than to the Lake Charles Regional Office at Post Office Box 3702, Lake Charles, Louisiana 70602 and/or the Collections Division for the Louisiana Department of Revenue, Post Office Box 66658, Baton Rouge, Louisiana 70896.

    (D)   The Louisiana Department of Revenue, Collections Division, Bankruptcy Section did not learn until on or about August 21, 2007 that DELCO Electronics Corporation had become DELCO Electronics LLC, a single member limited liability company whose sole member was Delphi Corporation or that on September 30, 2005, Delco Electronics, LLC was liquidated, becoming a division of DELPHI AUTOMOTIVE SYSTEMS, LLC.[1]  Upon learning of this, the Louisiana Department of Revenue filed a claim for the amount owed by the former corporation, including interest through the date the Chapter 11 petition was filed.  The Louisiana Department of Revenue learned this as a result of a notice of intended seizure to Delco Electronics, LLC, GM Payroll Service, for the debt in question.  The Louisiana Department of Revenue sent this notice on May 9, 2007 from its Lake Charles Regional Office, Post Office Box 3702, Lake Charles, Louisiana  70602.  This notice included a payment address of Post Office Box 207, Baton Rouge, Louisiana 70821-0201.  The debtor responded with a letter dated May 16, 2007 to the payment address where at the time of year in question the Louisiana Department of Revenue, based on belief, gets on average anywhere between 15,000 and 25,000 pieces of mail.  Tax returns are due in Louisiana on or about May 15th.  This was the height of tax season.  The correspondence in question did not reach the Collections Division, Bankruptcy Section until August 21, 2007.  At that time the tax specialist assigned to review the correspondence contacted the debtor's tax specialist, Lee Matthews and ultimately filed a claim on September 7, 2007.

---

[1] I

(E)    As the notice provided to the Louisiana Department of Revenue was defective or insufficient to place the Louisiana Department of Revenue on notice that the entity in question that owed the debt to the Louisiana Department of Revenue was included in the filings and/or was sent to inappropriate addresses, the Louisiana Department of Revenue prays that the debtor's and/or debtor-in-possession's objection to claim 16707 will be disallowed, and that the Louisiana Department of Revenue's claim will be allowed as a late filed claim pursuant to **Rule 9006(B) of the Federal Rules of Bankruptcy Procedure, NUNC PRO TUNC, on the basis of excusable neglect.**

**61.**

All replies should be directed to undersigned counsel at the address and telephone number on the first page of this pleading.  Specifically,

**Florence Bonaccorso-Saenz**
**Louisiana Department of Revenue**
**Legal Division**
**617 North Third Street**
**Post Office Box 4064**
**Baton Rouge, LA   70821-4064**
**Fax: 225-219-0861**
**email: florence.saenz@la.gov**

**and**

**Louisiana Department of Revenue**
**Collections Division, Bankruptcy Section**
**Post Office Box 66658**
**Baton Rouge, Louisiana   70896**

**62.**

The Louisiana Department of Revenue's claim is prima facie correct as the debtor has not challenged the correctness of the amount of Louisiana Department of Revenue's claim, only the timeliness of the filing.  The Louisiana Department of Revenue bears the burden of proof as to why the claim should not be disallowed on that basis alone.  The claim is based on the debtor's filed tax returns and the debtor bears the burden of proving why the

balance alleged to be owed should not be paid, if the Court should allow the claim based on Rule 9006(B).

**63.**

Because the legal points and authorities relied upon which this response relies is incorporated herein, the Louisiana Department of Revenue respectfully requests that the requirement of the service and filing of a separate memorandum of law be deemed satisfied.

**WHEREFORE,** the Louisiana Department of Revenue prays that after all due delays and legal proceedings are had, that the debtor(s) objection to its priority tax claim, claim 16707, will be denied and that the claim will be allowed as filed on the basis of excusable neglect.

Respectfully submitted,

/s/ Florence Bonaccorso-Saenz
Florence Bonaccorso-Saenz
La. Bar No. 25493, Pro Hac Vice
Louisiana Department of Revenue
Legal Division
617 North Third Street
Post Office Box 4064
Baton Rouge, LA  70821-4064
Tel. 225-219-2080
Fax: 225-219-0861
email: florence.saenz@la.gov