TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York  10119
Telephone:  (212) 594-5000
Facsimile:  (212) 967-4258
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2689

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :    Chapter 11
DELPHI CORPORATION *et al.*,                                   :    Case No. 05-44481 (RDD)
                                                               :    (Jointly Administered)
                                         Debtors.              :
---------------------------------------------------------------x

**JOINT STIPULATION AND AGREED ORDER DISALLOWING
AND EXPUNGING CLAIM NUMBER 15579, 15580, 15581, AND 15582
AND CAPPING PROOF OF CLAIM NUMBER 15583 (AUTOLIV ASP, INC.)**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Autoliv ASP, Inc. ("Autoliv") respectfully submit this Joint Stipulation And Agreed Order Disallowing and Expunging Proof of Claim Numbers 15579, 15580, 15581 and 15582 and Capping Proof of Claim Number 15583 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 ("Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on or about July 28, 2006, Autoliv filed five separate proofs of claim (the "Proofs of Claim") against various Debtor entities, asserting identical unsecured, non-priority, unliquidated claims (the "Claims") arising from alleged acts of patent infringement occurring before the Petition Date.

WHEREAS, on October 31, 2006, the Debtors filed their Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Third Omnibus Objection") (Docket No. 5452).

WHEREAS, on November 22, 2006, Autoliv filed its Response of Autoliv ASP, Inc. to the Debtors' Third Omnibus Objection to Claims (the "Response")).

WHEREAS, on January 12, 2007, Debtors filed its Notice of Claims Objection Hearing with Respect to Proofs of Claim Nos. 15579 through 15583 (Autoliv ASP, Inc.).

WHEREAS, on February 9, 2007, Debtors filed its Debtors' Statement of Disputed Issues Regarding Debtors' Objection to Proofs of Claim Nos. 15579 through 15583 (Autoliv ASP, Inc.) (the "Disputed Issues Statement").

WHEREAS, on March 1, 2007, Debtors filed its Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Nos.

2

15579 through 15583 (Autoliv ASP, Inc.).

WHEREAS, by an order entered on January 28, 2008, the Debtors confirmed their First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan") (Docket No. 11386).

WHEREAS, on February 11, 2008, the Debtors filed and served on Autoliv its Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 15579, 15580, 15581 and 15582 (Autoliv ASP, Inc.) (the "Sufficiency Hearing Notice") to address claims that Debtors contend are duplicative.

WHEREAS, to resolve the Third Omnibus Objection and the Claims Estimation Motion, Delphi and Autoliv have, subject to certain reserved rights, agreed: (i) to consolidate the Proofs of Claims into Proof of Claim No. 15583 asserted against Delphi ("Proof of Claim No. 15583"); (ii) that in no event shall Proof of Claim No. 15583 be allowed in any amount exceeding $250,000.00; and (iii) the Debtors shall waive the Administrative Claims Bar Date as defined in Section 1.3 of the Plan (the "Bar Date") with respect to any claim arising after the Petition Date and before the effective date of any plan of reorganization of the Debtors on the condition that no term in any plan of reorganization of the Debtors shall override such waiver.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    For administrative convenience only, the Proofs of Claims are deemed consolidated into Proof of Claim No. 15583.

  2. Subject to Paragraph 1 of this Stipulation, in no event shall Proof of Claim No. 15583 be allowed in any amount exceeding $250,000.00 and only if liability for Proof of Claim No. 15583 is later adjudicated in Autoliv's favor in a court of competent jurisdiction or resolved by further stipulation and agreement by the parties. Autoliv shall receive no consideration on account of Proof of Claim No 15583 except in accordance with the Plan or any other plan of reorganization as ultimately approved by the Court. Autoliv is barred from asserting any amount for Proof of Claim No. 15583 greater than $250,000, asserting that Proof of Claim 15583 is anything but a general unsecured claim, or later asserting any other pre-petition claim.

  3. Subject to Paragraph 1 of this Stipulation, Proofs of Claim Nos. 15579, 15580, 15581 and 15582 shall be and are hereby disallowed and expunged.

  4. In the event that it is later adjudicated in a court of competent jurisdiction that an alternate Debtor is liable for the infringement described in Proof of Claim No. 15583, then Autoliv may reassert a claim against such Debtor, so long as the aggregate liability against any and all Debtors for claims arising before the Petition Date does not exceed $250,000.00, by filing such a reasserted claim with the Court and serving such reasserted claim on the claims agent in these chapter 11 cases, counsel for the Debtors, and counsel to the Court appointed statutory committees. The rights of the Debtors to object to the same are reserved and nothing in this Stipulation constitutes or should be construed to waive those or any other rights.

  5. Autoliv may assert a claim against the Debtors arising after the Petition Date and before the effective date of any plan of reorganization of the Debtors

4

(the "Administrative Claim").  The Administrative Claim shall not be subject to the Bar Date (as defined in the First Amended Joint Plan of Reorganization filed by the Debtors, the disclosure statement with respect thereto, or the order confirming such plan).  The rights of the Debtors to seek disallowance and/or reduction of the Administrative Claim on any basis (other than that the Bar Date has passed), are reserved.

6. The Sufficiency Hearing Notice shall be deemed withdrawn.

7. The Debtors fully reserve their rights, objections, arguments, and other defenses that they may have against the patent infringement allegations asserted by Autoliv in Proof of Claim No. 15583, and any other claim that Autoliv may file against any of the Debtors in any future case.

8. Nothing contained in this Stipulation shall be construed as an allowance of any of the Claims.  Nothing in this Stipulation shall impair any claim by Autoliv arising from the Debtor's post-confirmation activities including, but not limited to, claims for patent infringement.

9. The terms of this Joint Stipulation and Agreed Order shall not be probative in and/or used as an admission of liability of damages against or in favor of any future adjudication of Proof of Claim No. 15583, any administrative expense claim of Autoliv, or any claim of Autoliv against Debtors or any of their successors and assigns arising after the effective date of the Debtors' Plan of Reorganization.

Dated:  New York, New York
        March 2008

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,

5

By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

6

Dated:  Detroit, Michigan
March 2008

                                    The Member Companies of
AUTOLIV ASP, INC.,
By their Counsel,

/s/ Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Stephen S. LaPlante
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420


**SO ORDERED**

This <u>10th</u> day of <u>March</u>, 2008
in New York, New York


    /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7