Hearing Date: March 22, 2007 at 10:00 a.m. (Eastern Time)

David S. Rosner (DR-4214)
Adam L. Shiff (AS-7571)
Jeffrey R. Gleit (JG-8710)
Daniel A. Fliman (DF-2236)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel for Longacre Master Fund Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                                          )
In re:                                                    )    Chapter 11
                                                          )
DELPHI CORPORATION, et al.,                               )    Case No. 05-44481 (RDD)
                                                          )
                                    Debtors.              )    (Jointly Administered)
                                                          )
----------------------------------------------------------x

### RESPONSE OF LONGACRE MASTER FUND LTD. TO DEBTORS' NINTH OMNIBUS OBJECTION (SUBSTANTIVE) PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) INSUFFICIENTLY DOCUMENTED CLAIMS, (B) CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION

Longacre Master Fund Ltd. ("Longacre"), as assignee of Park Enterprises of Rochester, Inc. ("Park")[1] and as assignee of Calvary Design Team, Inc. ("Calvary"),[2] by its undersigned counsel, hereby submits this response ("Response") to the *Debtors' Ninth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A)*

---

[1]     Pursuant to an assignment agreement (the "Park Assignment Agreement") dated November 10, 2006, Park assigned all of its rights, title, and interests in and to certain claims of Park to Longacre Master Fund Ltd.

[2]     Pursuant to an assignment agreement (the "Calvary Assignment Agreement") dated November 10, 2006, Calvary assigned all of its rights, title, and interests in and to certain claims of Calvary to Longacre Master Fund Ltd.

*Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification* (the "Omnibus Objection") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), as the Omnibus Objection relates to proof of claim number 16395 ("POC 16395") and proof of claim number 16378 ("POC 16378"). In support of this Response, Longacre respectfully represents as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (as applicable, the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

### Proof of Claim Number 16395

2. On December 21, 2005, Park timely filed proof of claim number 1229 ("POC 1229") asserting a $585,708.55 unsecured non-priority claim. POC 1229 lists the claim as an obligation of Delphi Corporation ("Delphi Corp.").

3. Delphi Automotive Systems, LLC's ("DAS") schedules, filed on April 18, 2006, reflected the obligation underlying POC 1229 as an undisputed, liquidated, non-contingent claim against DAS in the amount of $638,839.98.

4. On May 16, 2006, following an update of the Debtors' accounting system, Park timely filed proof of claim number 5996 ("POC 5996"), amending POC 1229 and asserting a $594,393.96 unsecured non-priority claim. POC 5996 again lists the claim as an obligation of Delphi Corp.

5. On July 12, 2006, following a further update of the Debtors' accounting system, Park timely filed proof of claim number 9647 ("POC 9647"), amending POC 5996 and asserting

2

a $618,507.09 unsecured non-priority claim. POC 9647 also lists the claim as an obligation of Delphi Corp.

6. On October 30, 2006, Park filed proof of claim number 16395 ("POC 16395"), amending POC 9647 to reflect that DAS is the proper Debtor, and increasing the claim amount to $655,646.82, due to an updated claim amount reflected in the Debtors' accounting system.

### Proof of Claim Number 16378

7. On May 1, 2006, Calvary timely filed proof of claim number 4298 ("POC 4298") asserting a $108,481.34 unsecured non-priority claim. POC 4298 lists the claim as an obligation of Delphi Corp.

8. DAS's schedules, filed on April 18, 2006, reflected the obligation underlying POC 4298 as an undisputed, liquidated, non-contingent claim against DAS in the amount of $108,481.34.

9. On August 25, 2006, following an update of the Debtors' accounting system, Calvary timely filed proof of claim number 16266 ("POC 16266"), amending POC 4298 and asserting a $113,031.34 unsecured non-priority claim. POC 16266 again lists the claim as an obligation of Delphi Corp.

10. On October 20, 2006, Park filed proof of claim number 16378 ("POC 16378"), amending POC 16266 to reflect that DAS is the proper Debtor.

### RESPONSE TO OMNIBUS OBJECTION

11. In the Omnibus Objection, the Debtors list POC 16395 and POC 16378 as "Untimely Claims," which category is defined by the Omnibus Objection to include claims that "were received by the Debtors after the Bar Date." For reasons set forth below, POC 16395 and POC 16378 were timely filed and should be allowed, in full.

12. The Bar Date Order entered in these cases on April 12, 2006, requires proofs of claim to be filed on or before July 31, 2006 (the "Bar Date"). Park filed POC 1229 on December 21, 2005 and Calvary filed POC 4298 on May 1, 2006. Both POC 1229 and POC 4298 were filed prior to the Bar Date. POC 16395 relates back to December 21, 2005 and POC 16378 relates back to May 1, 2006. As the Second Circuit recently explained:

> [T]he bankruptcy rules permit courts to accept late-filed amendments to timely filed proofs of claim.
>
> ***
>
> Courts considering amendments to claims typically engage in a two-step inquiry: First, they examine " 'whether there was [a] timely assertion of a similar claim or demand evidencing an intention to hold the estate liable.' " An amendment will meet this threshold if it "1) **corrects a defect of form in the original claim; 2) describes the original claim with greater particularity**; or 3) pleads a new theory of recovery on the facts set forth in the original claim." Second, if an amendment does, in fact, "relate back" to the timely filed claim, courts will "examine each fact within the case and determine whether it would be equitable to allow the amendment." Multiple factors play a role in this analysis, including whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would "receive a windfall" from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified. Of these, however, "**[t]he critical consideration is whether the opposing party will be unduly prejudiced by the amendment.**"

In re Enron Corp., 419 F.3d 115, 133 (2d Cir. 2005) (citations omitted) (emphasis added).

13. Park filed POC 16395, POC 9647 and POC 5996 solely to correct alleged defects in POC 1229 (which have no impact upon the validity of the Debtors' obligations with respect to the claim) and to describe POC 1229 with greater particularity. Similarly, Calvary filed POC 16378 and POC 16266 solely to correct alleged defects in POC 4298 (which have no impact upon the validity of the Debtors' obligations with respect to the claim) and to describe POC 4298 with greater particularity. The Debtors were not, and would never be, prejudiced by these

4

amendments because (as shown by their schedules) they were fully aware of these claims. For these reasons, and pursuant to well-established Second Circuit precedent, POC 16395 and POC 16378 were timely filed and should be allowed in full.

WHEREFORE, for the foregoing reasons, Longacre respectfully requests that the Court enter an Order (i) overruling the Omnibus Objection as it relates to POC 16395 and POC 16378 and allowing those claims in full; and (ii) granting Longacre such other and further relief as is just and proper.

Dated: March 15, 2007
      New York, New York

           Respectfully submitted,

           KASOWITZ, BENSON, TORRES
           & FRIEDMAN LLP

           /s/ Jeffrey R. Gleit
           David S. Rosner (DR-4214)
           Adam L. Shiff (AS-7571)
           Jeffrey R. Gleit (JG-8710)
           Daniel A. Fliman (DF-2236)
           1633 Broadway
           New York, NY 10019
           Telephone: (212) 506-1700
           Facsimile: (212) 506-1800

           *Counsel for Longacre Master Fund Ltd.*