**Hearing Date and Time:  March 19, 2008 at 10:00 a.m.**
**Response Date:  March 12, 2008 at 4:00 p.m.**

SQUIRE, SANDERS & DEMPSEY, L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
G. Christopher Meyer (GM-9058) (OH 0016268)
Sherri L. Dahl (OH 0073621)

Attorneys for the City of Dayton, Ohio

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :   Chapter 11
                                                           :
In re                                                      :
                                                           :   Case No. 05-44481
DELPHI CORPORATION, *et al.*,                              :   Jointly Administered
                                                           :
            Debtors.                                       :   Judge Drain
---------------------------------------------------------- x

**CITY OF DAYTON'S (1) RESPONSE TO DEBTORS' TWENTY-SIXTH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO CERTAIN (A) DUPLICATE OR AMENDED
CLAIMS, (B) UNTIMELY CLAIMS NOT REFLECTED ON DEBTORS' BOOKS AND
RECORDS, (C) UNTIMELY CLAIMS, AND (D) CLAIMS SUBJECT TO
MODIFICATION AND MODIFIED CLAIM ASSERTING RECLAMATION,
OR IN THE ALTERNATIVE (2) MOTION FOR RECONSIDERATION OF
EXPUNGEMENT OF THE CLAIMS OF THE CITY OF DAY RELATED TO
THE DEBTORS' THIRTEENTH OMNIBUS OBJECTIONS**

The City of Dayton, Ohio ("Dayton"), by and through its undersigned counsel, responds

to and opposes the Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b)

and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims

Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to

Modification and Modified Claim Asserting Reclamation (the "Twenty-Sixth Objection"), filed

by the above-captioned debtors (collectively, the "Debtors"), Docket No. 12686, as it relates to

~1~

claim number 16640 of Dayton.   Specifically, Dayton asks the Court to deny the Debtors'

objection and deem claim number 16640 timely filed.   In the alternative, Dayton asks the Court

to reconsider its previous ruling expunging Dayton's claim number 16404 associated with the

Debtors' thirteenth omnibus objection to claims (the "Thirteenth Objection").    Dayton

respectfully states as follows:

### BACKGROUND

1.      On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(collectively, the "Bankruptcy Code").

2.      In the Debtors' schedules of assets and liabilities, filed on January 20, 2006

("Schedules"):   (a) Delphi Corporation listed two priority, and one general unsecured non-

priority, contingent, unliquidated, disputed claims for Dayton; (b) Delphi Automotive Systems

LLC listed two general unsecured non-priority contingent, unliquidated, disputed claims, and one

general unsecured claim, for Dayton; and (c) Delphi International Services, Inc. listed one

priority contingent, unliquidated, disputed claim for Dayton.   The Debtors also included within

their Statements of Financial Affairs ("Sofas") eighteen separate liabilities related to the City of

Dayton.

3.      On April 12, 2006, the Court entered an order (the "Bar Date Order"),

establishing July 31, 2006 as the deadline for filing proofs of claim in these cases, including the

claims of government entities.

4.      The Debtors filed a tax return with Dayton, dated October 5, 2006, related to

taxes for the 2002 tax period involving Delphi Corporation, Delco Electronics Corp., and Delphi

Automotive Systems Services LLC.

5.      On November 6, 2006, Dayton filed a priority claim in the amount of $427,534.25 against the Delphi Corporation estate with respect to such taxes, which is referred to by the Debtors' claims agent, Kurtzman Carson Consultants (the "Claims Agent") as claim number 16404.

6.      On April 27, 2007, the Debtors objected to Dayton's claim number 16404 in their Thirteenth Objection, Docket No. 7825.  Pursuant to the affidavit of service filed by the Claims Agent, Docket No. 7920, it is unclear whether Dayton was served with notice of the Thirteenth Objection.  On June 6, 2007, the Court entered an order related to the Thirteenth Objection, Docket No. 8194, expunging Dayton's claim number 16404.

7.      On August 7, 2007, Dayton mailed a priority claim in the amount of $427,534.25 against Delphi Corporation's estate, referred to by the Claims Agent as claim number 16640, which is listed by the Claims Agent as having been filed on August 13, 2007.

8.      On January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, Docket No. 12359 (the "Plan Order").

9.      On February 15, 2008, the Debtors filed the Twenty-Sixth Objection, which objects to, among others, Dayton's claim number 16640.

## BASIS FOR RELIEF

10.     Dayton requests that the Court deem Dayton's claim 16640 timely filed, or in the alternative, reconsider the Debtors' order related to the Thirteenth Objections as it relates to the expunged claim number 16404 of Dayton.  Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") sets forth the requirements for filing claims in a chapter 11 proceeding.  Rule 3003(c) provides that "[t]he court shall fix and for cause shown may extend

the time within which proofs of claim or interest may be filed." Rule 9006(b)(1) of the

Bankruptcy Rules allows a court to permit late filing if a claimant's failure to timely file was the

result of excusable neglect.

11.     Pursuant to section 1111(a) of the Bankruptcy Code, "a proof of claim . . . is

deemed filed under section 501 of this title for any claim or interest that appears in the schedules

filed under section 521(1)[1] or 1106(a)(2) of this title, except a claim or interest that is scheduled

as disputed, contingent, or unliquidated." Pursuant to Rule 3003(c)(2) of the Bankruptcy Rules,

any creditor whose claim is scheduled as disputed, contingent, or unliquidated must file a proof

of claim.

### Dayton did not know that its previously filed claim was included within the Thirteenth Objection.

12.     Dayton does not generally employ outside bankruptcy counsel to file proofs of

claim. In this case, Dayton filed several proofs of claim throughout these chapter 11 proceedings.

Dayton did not know that claim number 16404 was expunged in the  order related to the

Thirteenth Objection. The constant flow of information in this large chapter 11 proceeding has

been overwhelming for Dayton. In its Twenty-Sixth Objection, the Debtors state that in the

twenty-five previous omnibus objections, the Court has disallowed or expunged 9,530 claims

and modified approximately 3,400 claims. *See* Twenty-Sixth Objection at ¶ 18. Dayton did not

know that in the Debtors' Thirteenth Objection, Dayton's claim was objected to and

subsequently expunged.

---

[1] Section 521(1) of the Bankruptcy Code requires that a debtor file, among other things, a "schedule of assets and liabilities" and a "statement of the debtor's financial affairs".

**Motion to reconsider previously
<u>expunged claim based upon excusable neglect.</u>**

13.     In the alternative, Dayton requests that the Court reconsider the order sustaining

the Thirteenth Objection, to the extent that it relates to Dayton's claim number 16404.   Rule

3008 of the Bankruptcy Rules provides that "[a] party in interest may move for reconsideration

of an order allowing or disallowing a claim against the estate."   Further section 502(j) of the

Bankruptcy Code provides that "[a] claim that has been . . . disallowed may be reconsidered for

cause.   A reconsidered claim may be allowed or disallowed according to the equities of the

case."

14.     In *In re Enron, Inc.*, 326 B.R. 46 (Bankr. S.D.N.Y. 2005), the Court found that a

motion for reconsideration of a previously disallowed claim is analyzed under the standard set

forth in Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to

bankruptcy proceedings through Rule 9024 of the Bankruptcy Rules.   In Enron, similar to this

case, a claimant failed to respond to an objection filed by a debtor resulting in the disallowance

of the creditor's claims.   Ultimately, the Court found that the creditor's failure to respond to the

previously filed objection was excusable neglect and allowed the creditor to file another claim.

Accordingly, pursuant to *Enron*, on motion for reconsideration of a previously disallowed claim,

a claim may be allowed if a creditor demonstrates that its failure to respond to a previously filed

omnibus objection including the creditor's claim was the result of excusable neglect.   *See In re

Enron*, 326 B.R. at 50.

15.     In considering excusable neglect, the Second Circuit considers (a) whether the

failure to respond was willful, (b) whether the claimant had a legally supportable defense, or in

this case, a potentially valid claim, and (c) the amount of prejudice to the debtor, if the motion is

granted.   *See id.*

16.     When determining whether a failure to respond is willful, the Second Circuit

requires more than "just negligence or carelessness". *See id.* at 51 (citations omitted).    In

addition, courts generally resolve doubts about willfulness in the favor of a movant to increase

the likelihood that disputes are resolved on their merits. *See id.*

17.     The Court should vacate the order for the Thirteenth Objection, to the extent that

it relates to Dayton, and deny the objection to Dayton's claim number 16404, because the

Debtors' notice to Dayton is questionable.    It is unclear whether Dayton was served with the

Thirteenth omnibus objection.    A review of the Debtors' affidavit of service for the Thirteenth

Objection, Docket No. 7920 (the "Affidavit"), fails to expressly provide whether Dayton

received service of the Thirteenth Objection via regular U.S. mail or any other form of delivery.

The Affidavit provides that parties listed on exhibits A, B, C, E, G, I, K, and M received service

of the Thirteenth omnibus objection.    Dayton's name and address are not listed on exhibits A, B,

C, E, G, I, K, or M.    Dayton is listed on page 283 of the Affidavit, which is labeled as Exhibit D-

2 of the Thirteenth Objection.    The Affidavit never provides that the parties listed on Exhibit D-2

received service.    Accordingly, it is unclear whether or not Dayton was served with the Debtors'

Thirteenth omnibus objection.    Based upon the vagueness of the Debtors' service, Dayton asks

this Court to preserve Dayton's due process rights and vacate the portion of the Thirteenth

Objection order related to claim number 16404.

18.     Even if the Debtors mailed Dayton a copy of the Thirteenth Objection, in this case,

Dayton's failure to respond to the Debtors' Thirteenth Objections should not be considered

willful.    Dayton did not realize that its claims were included among the numerous pages of

exhibits attached to the Debtors' omnibus objections.    The Debtors have filed objections to

thousands of claims.    The Debtors' omnibus objections often include multiple exhibits on

differing bases, each often containing hundreds of claims. Dayton did not willfully and purposely decide to ignore the objections. In contrast, Dayton merely failed to realize that such objections pertained to it. Accordingly, Dayton's failure to respond was not willful and should be excused.

19.     Dayton has a legally supportable claim and weighing the likely prejudices if Dayton's claim is not reconsidered, Dayton will bear the brunt of the prejudice. Dayton's claim is, in part, based upon taxes due to Dayton. After the July 31, 2006 claims filing deadline, the Debtors filed a tax return with Dayton, dated October 5, 2006, related to taxes for the 2002 tax period involving Delphi Corporation, Delco Electronics Corp., and Delphi Automotive Systems Service LLC. Several other liabilities related to Dayton are listed in the Debtors' Schedules and Sofas. Based upon the Debtors' tax return, the validity of Dayton's claim may be presumed valid. Therefore, Dayton would be greatly prejudiced if its claims were not allowed on their merits.

20.     In contrast, the Debtors will not be prejudiced by allowing Dayton's claim. The Debtors have not expended significant cost in objecting to Dayton's claims. In addition, the Debtors' are still in the process of resolving many disputed claims, therefore reviewing Dayton's claim on its merits will result in no significant time delay on the part of the Debtors' overall claims process. Further, the Debtors' inclusion of liabilities related to Dayton in its Schedules and Sofas emphasizes that the Debtors have been aware of Dayton's potential claims throughout these proceedings; accordingly, allowing Dayton's claim will not result in an unfair surprise or prejudice to the Debtors.

**Pursuant to *Pioneer Investment
Services Co. v. Brunswick Associates Ltd.
Partnership* courts may allow late filed claims.**

21.     In the alternative, Dayton requests that the Court enlarge the deadline for filing a

claim and deem Dayton's claim number 16640 timely filed.  Rule 9006(b)(1) allows a court to

permit a late filing if a claimant's failure to comply with an earlier deadline is the result of

excusable neglect.    *See Pioneer Investment Services Co. v. Brunswick Associates Ltd.*

*Partnership*, 507 U.S. 380, 382 (1993).  In *Pioneer*, a claimant failed to file a proof of claim

within the established deadline; the Supreme Court ultimately allowed the claimant to file the

late filed claim.  *See id* at 398-99.  In its ruling, the Supreme Court set forth a two-step test for

determining whether a late filed claim may be allowed.  First, a movant must show that its failure

to file a timely claim was due to neglect, as opposed to willfulness; neglect is generally attributed

to inadvertent mistake, or simple carelessness.  *See id.* at 387-88.  Second, the movant claimant

must show by a preponderance of the evidence that the neglect was excusable.

22.     The *Pioneer* Court concluded that determining whether neglect was excusable

requires a balancing of the danger of prejudice to the debtor, the length of delay, the reason for

the delay, and whether the movant acted in good faith.  *See id.* at 395.  As discussed previously

in this Response, allowing the filing of the Dayton claim will not prejudice the Debtors or other

creditors.  There has been no significant delay in the Debtors' claims proceedings, as the Debtors

are still deeply involved in the resolution of at least 700 other claims.  *See* Twenty-Sixth

Objection at ¶ 18.

23.     Dayton has acted in good faith throughout these proceedings; the Debtors have

not alleged that Dayton willfully chose to ignore objections to its claims.  Dayton's claim

number 16640 was filed after the claim filing deadline, but the Debtors' Dayton tax return, the

basis for claim number 16640, was also filed after the bar date.  Dayton's neglect in determining

that its previous claim was expunged was inadvertent.  Accordingly, any neglect that may exist is excusable.

## CONCLUSION

For the reasons set forth above, Dayton respectfully requests that the Court (a) allow Dayton's claim 16640 as a claim deemed timely filed, or in the alternative (b) reconsider the order related to the Thirteenth Objection and allow Dayton's claim number 16404, and (c) grant such other and further relief as the Court deems just.


Dated:  March 12, 2008                    Respectfully submitted,

                                          SQUIRE, SANDERS & DEMPSEY L.L.P.


                                          */s/ G. Christopher Meyer*
                                          G. Christopher Meyer (GM-9058) (OH 0016268)
                                          Sherri L. Dahl (OH 0073621)
                                          4900 Key Tower
                                          127 Public Square
                                          Cleveland, Ohio 44114-1304
                                          Telephone: (216) 479-8500
                                          Facsimile:  (216) 479-8780
                                          CMeyer@ssd.com
                                          SDahl@ssd.com

                                          Counsel for the City of Dayton, Ohio

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the City of Dayton's (1) Response to Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting Reclamation, or in the Alternative (2) Motion for Reconsideration of Expungement of the Claim of the City of Dayton Related to the Debtors' Thirteenth Omnibus Objection:

(A) was served on the following on the 12th day of March 2008 via Federal Express:

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
One Bowling Green, Room 632
New York, New York 10004;

and

(B) was served on the following on the 12th day of March 2008 via regular U.S. mail:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Atten: General Counsel

Skadden, Arps, Slate,
Meagher & Flom LLP
333 West Wacker Drive,
Suite. 2100
Chicago, Illinois 60606
Atten: John Wm. Buttler, Jr.;
John K. Lyons; and
Joseph N. Wharton

    _/s/ Sherri L. Dahl_____
    Sherri L. Dahl

~10~