Hearing Date and Time: **March 19, 2008 at 10:00 a.m.**
Response Deadline: **March 12, 2008 at 4:00 p.m.**

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                                   :

In re:                                    :         Chapter 11

DELPHI CORPORATION, et al.,         :         Case No. 05-44481 (RDD)

                              Debtors.   :         (Jointly Administered)
--------------------------------------------------------------x

**LIMITED RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE,**
**TO DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION PURSUANT**
**TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN CLAIMS**
**TO IMPLEMENT CURE PAYMENTS AND MODIFY GENERAL**
**UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS**

        Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of

certain original creditors, hereby files its limited response (the "Response") to the Debtors'

Twenty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007

to Certain Claims to Implement Cure Payments and Modify General Unsecured Claims by

Amount of Cure Payments (the "Twenty-Seventh Omnibus Objection" or the "Objection").[1] In

support of its Response, LSI respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the
Twenty-Seventh Omnibus Objection.

## BACKGROUND

1.          On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"),

Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and

affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Court"). An order confirming the First Amended Joint

Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-

Possession (the "Plan") was entered by this Court on January 25, 2008.

2.          On various dates during the pendency of these chapter 11 cases, LSI

entered into agreements with certain original creditors (each, an "Assignor") for assignment of

certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI

Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount[2] | Date of Transfer | Transfer Docket No. |
|---|---|---|---|---|
| Bei Duncan Electronics | 15493 | $5,762.88 | 6/8/06 | 4068 |
| Detroit Heading LLC | 2387 | $61,578.63 | 2/17/06 | 2418 |
| Freeway Corporation | 15469 | $1,501.00 | 3/14/06 | 2810 |
| NN Ball and Roller Inc. | 7289 | $104,313.33 | 3/31/06[3] | 3053 |
| St. Mary's Carbon Co. Inc. | 11854 | $49,788.00 | 7/20/06[4] | 4629 |
| Zylux Acoustic Corp. | 805 | $310,941.94 | 6/13/07 | 8236 |

Pursuant to the underlying agreement between LSI and each of the Assignors, LSI was assigned

(i) all right, title and interest in and to the respective Assigned Claims and any distributions

thereon, (ii) the right to payment of any "cure" amounts within the meaning of section 365 of the

---

[2] All claim amounts listed below are asserted as non-priority unsecured claims.

[3] An amended transfer was filed on October 15, 2007 [Docket No. 10599].

[4] The related notice of transfer has been amended from time to time, the latest of which was filed on October 15, 2007 [Docket No. 10590].

Bankruptcy Code that may be related to contracts giving rise to each of the respective Assigned

Claims that are assumed (or assumed and assigned) by any Debtor, and (iii) the right to receive

any and all distributions on account of such cure amounts.

3.    On or about February 15, 2008, the Debtors filed the Twenty-Seventh

Omnibus Objection [Docket No. 12687], objecting to, among other claims, each of the above-

listed LSI Assigned Claims, as follows:

| Assigned Claim | Claim No. | Filed Claim Amt. | Claim Amt. Per Objection | Purported Basis for Objection |
|---|---|---|---|---|
| Bei Duncan Electronics | 15493 | $5,762.88 unsecured | $5,762.88 Priority | Claims Subject to Modification Due to Cure |
| Detroit Heading LLC | 2387 | $61,578.63 unsecured | $49,326.96 priority; $11,549.98 unsecured | Claims Subject to Prior Orders and to Modification Due to Cure |
| Freeway Corporation | 15469 | $1,501.00 unsecured | $1,501.00 priority | Claims Subject to Modification Due to Cure |
| NN Ball and Roller Inc. | 7289 | $104,313.33 unsecured | $104,313.33 priority | Claims Subject to Modification Due to Cure |
| St. Mary's Carbon Co. Inc. | 11854 | $49,788.00 unsecured | $49,788.00 priority | Claims Subject to Modification Due to Cure |
| Zylux Acoustic Corp. | 805 | $310,941.94 secured | $291,767.68 priority | Claims Subject to Prior Orders and to Modification Due to Cure |

The Debtors' basis for the modifications to the LSI Assigned Claims sought pursuant to the

Twenty-Seventh Omnibus Objection is that such claims relate to certain material supply

agreements and/or contracts involved in businesses of which the Debtors are divesting

themselves, which agreements the Debtors will be assuming (or assuming and assigning) either

by operation of the Plan or pursuant to separate orders of the Court. See Objection, at ¶¶ 23-24.

Upon each such Contract Assumption, under section 365 of the Bankruptcy Code, the Debtors

will be required to cure all outstanding defaults under the agreement in question. As such, the

Debtors seek an order of the Court modifying the classification and/or amount of affected claims

due to cure payments that the Debtors expect to make on account of Contract Assumptions. See id. at ¶ 22.

4.     In addition to the foregoing, the Debtors have stated their intent to make the anticipated cure payments upon the Effective Date of the Plan to the Assignors of the foregoing Assigned Claims. See id. at ¶ 24 ("Upon assumption of the contracts by the Debtors, or as soon thereafter as practicable, the non-Debtor contract counterparties will receive payments to cure the defaults on the contracts."); ¶ 25 ("...certain Claims will be satisfied in whole or in part by a cure payment that the Debtors will make to counterparties to executory contracts or unexpired leases under which such Claim arose.").

## LIMITED RESPONSE TO OBJECTION

5.     LSI does not object to the modifications to the Assigned Claims proposed by the Debtors in the Twenty-Seventh Omnibus Objection since, working in conjunction with each respective Assignor, LSI assented to the Debtors' proposed cure amount in each case. However, once the relief sought by the Objection is granted, what the Debtors will have set up is a situation in which LSI will be the actual record holder of a number of priority claims – as clearly set forth on the Debtors' own exhibits to the Twenty-Seventh Omnibus Objection – but payment on account of these priority claims held by LSI actually will be made to another entity.

6.     LSI has, on several occasions – both in pleadings filed with this Court and otherwise – requested that the Debtors make any cure payments associated with claims assigned to LSI directly to LSI. On each such occasion, LSI's request has been met with opposition by the Debtors and their counsel who cite, among other things, the order entered by the Court in connection with solicitation of the Plan vote (the "Solicitation Procedures Order") [Docket No.

4

11389], for the proposition that the Debtors need only negotiate with – and make payments to – original contract counterparties in matters of assumption, assumption and assignment, and cure.

7.      LSI does not seek to undo the Solicitation Procedures Order in any way. Indeed, it is important to note that LSI's request is not inconsistent with the Solicitation Procedures Order, which *authorizes* – but does not *require* – the Debtors to pay the original contract counterparties in connection with a Contract Assumption. See Solicitation Procedures Order, at ¶ 43 ("The Debtors are authorized, but not directed, to remit resolved, uncontested or adjudicated distributions on account of cure directly to the contract party whose contract is being assumed or assumed and assigned.").

8.      LSI simply believes that, given the consensual nature of both the assumption of the contracts underlying the Assigned Claims and the amount of the cure payment required in connection therewith, the primary rationales articulated by the Debtors for dealing with original contract counterparties as opposed to third-party claims purchasers– upholding the integrity of the cure process and preventing interference with the Debtors' relationships with their suppliers[5] – are mooted at this stage of the process, where all that is left is the ultimate payment of the cure. Especially where the contract counterparties in question affirmatively assigned their Claims to LSI (expressly including cures) and submitted the applicable cure notices at LSI's behest and according to LSI's direction, payment directly to LSI should not prejudice the Debtors or their supplier relationships.

9.      In sum, LSI does not take issue with the relief requested in the Twenty-Seventh Omnibus Objection, but files this limited Response to respectfully reiterate its request to

---

[5] See, e.g., Debtors' Omnibus Reply in Support of Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9010 [Docket No. 12773] (the "Reply") and accompanying exhibits thereto.

05-44481-rdd    Doc 13093    Filed 03/12/08    Entered 03/12/08 15:10:34    Main Document
Pg 6 of 6
Pg 6 of 6

have the associated cure amounts paid to it directly.

Dated: Hackensack, New Jersey
      March 12, 2008

                              Respectfully submitted,
                              LIQUIDITY SOLUTIONS, INC.

                       By: _____
                              Dana P. Kane, Esq. (DK-3909)
                              Liquidity Solutions, Inc.
                              One University Plaza, Suite 312
                              Hackensack, New Jersey  07601
                              Phone:  (201) 968-0001
                              Fax:  (201) 968-0010