Hearing Date and Time: March 19, 2008 at 10:00 a.m.
Response Deadline: March 12, 2008 at 4:00 p.m.

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                                     :     Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :     Case No. 05-44481 (RDD)
                                                           :
                              Debtors.                     :     (Jointly Administered)
---------------------------------------------------------x

## RESPONSE OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, TO DEBTORS' OMNIBUS OBJECTION TO CLAIMS FOR POSTPETITION INTEREST

Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee[1] of various original creditors, hereby files its response (the "Response") to the Debtors' Omnibus Objection to Claims for Postpetition Interest (the "Postpetition Interest Objection").[2] In support of this Response, LSI respectfully states as follows:

### BACKGROUND

1.     On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title

---

[1] LSI is also authorized to file this Response (as defined below) on behalf of KT Trust and AFI, LLC, which are assignees of certain claims at issue in the Postpetition Interest Objection (as defined below).

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Postpetition Interest Objection.

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

| Original Creditor | Claim No. | Claim Amount | Date of Transfer | Transfer Docket No. |
|---|---|---|---|---|
| Cornerstone Design | 2549 | $8,714.00 | 3/23/06 | 2940 |
| Duncan Equipment | 2039 | $420,550.26 | 10/20/06 | 5365 |
| Goyette Mechanical Co. | 4954 | $1,023.00 | 3/20/06[3] | 2874 |
| Integris Metals | 199 | $16,633.18 | 3/1/06 | 2616 |
| Maul Electric | 1162 | $128,342.76 | 6/28/06[4] | 4383 |
| Northway Trucking Inc. | 7466 | $52,257.70 | 4/27/07 | 7811 |
| Nu Cut Grinding | 7287 | $1,877.85 | 5/9/06[5] | 3689 |
| Roessel & Co. Inc. | 2437 | $11,299.48 | 6/8/06[6] | 4084 |
| Schwind d/b/a CNC Technical | 6076 | $10,689.00 | 2/21/06[7] | 2454 |
| Shaltz Fluid Power | 6075 | $32,191.85 | 3/6/06[8] | 2669 |
| Sortman Crane & Hoist | 6115 | $13,935.72 | 5/26/06 | 3920 |
| Thompson Emergency Freight | 1731 | $37,112.19 | 5/15/06[9] | 3757 |

3. On or about December 10, 2007, this Court entered an Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV)

---

[3] An amended transfer was filed on September 20, 2006 [Docket No. 5161].

[4] The related notice of transfer has been amended from time to time, the latest of which was filed on October 15, 2007 [Docket No. 10592].

[5] An amended transfer was filed on October 12, 2007 [Docket No. 10573].

[6] This claim was further assigned to KT Trust by notice of transfer dated September 1, 2006 [Docket No. 5062].

[7] This claim was further assigned to AFI, LLC by notice of transfer dated September 11, 2006 [Docket No. 5097].

[8] This claim was further assigned to AFI, LLC by notice of transfer dated September 11, 2006 [Docket No. 5097].

[9] This claim was further assigned to KT Trust by notice of transfer dated July 21, 2006 [Docket No. 4653].

Procedures for Filing Objections to Plan, (V) Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving Disputes Relating to Postpetition Interest, and (VIII) Reclamation Procedures Order (the "Solicitation Procedures Order") [Docket No. 11389]. The Debtors also filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan") on December 10, 2007 [Docket No. 11386].

    4.  The Plan's treatment of General Unsecured Claims includes, among other things, the payment of Postpetition Interest at the Michigan Statutory Rate or at the applicable contractual non-default rate. See Plan, at §§ 1.84, 1.134, 1.136, 1.156 and 5.3. Pursuant to the Solicitation Procedures Order, holders of General Unsecured Claims are presumed to be entitled only to the Michigan Statutory Rate on account of post-petition interest, unless a Postpetition Interest Rate Determination Notice relating to a Claim (each, a "Notice") has been duly completed and returned as provided more fully in the Order. See Solicitation Procedures Order, at ¶ 46. LSI timely returned a Notice with respect to each of the Assigned Claims set forth above, among others.

    5.  This Court confirmed the Plan by order entered on January 25, 2008. Thereafter, the Debtors filed the Postpetition Interest Objection on or about February 22, 2008. By such Objection, the Debtors assert, among other things, that (i) the Notices relating to the Assigned Claims are ineffective because the Assigned Claims are subject to the terms of a blanket Purchase Order, which purportedly contains an integration clause expressly prohibiting modifications to the agreement without a contractual amendment issued by the Debtors and (ii) the Debtors are not bound by the interest rates set forth in each Assignor's standard forms or invoices unless the Debtors provided each respective Assignor a signed, written assent.

## **RESPONSE TO OBJECTION**

5.     LSI objects to the relief requested in the Postpetition Interest Objection. At LSI's request, the Debtors provided LSI with a sample form of blanket Purchase Order, which, based on LSI's review, does not appear to contain a contractual rate of interest on late payments - nor does it provide for any limitations with respect to interest. Accordingly, any rate of interest set forth in an Assignor's standard form or invoice, as more fully set forth in the Notices timely provided to the Debtors, is not a modification of the Purchase Order.

6.     Even if the Debtors were to assert that (a) supplying (as opposed to changing) an interest rate on an invoice or other standard form applicable to each Assignor's business is a modification to the Debtors' blanket Purchase Order, which is otherwise silent on interest or (b) charging interest on a past due account is a generally prohibited addition to the Purchase Order relating to any Assigned Claim, LSI believes that discovery should be taken on the issue of whether there has been a waiver of the interest rate issue by the course of conduct between each Assignor and the Debtors.[10] Accordingly, to the extent that the Court is not inclined to overrule the Postpetition Interest Objection as to the Assigned Claims outright, at a minimum, LSI requests an adjournment of the hearing to afford it the opportunity to investigate the questions of waiver and course of conduct. Additionally, to the extent that the Debtors are relying on a blanket Purchase Order, LSI believes that an adjournment would be appropriate to permit LSI sufficient time to gather and review additional applicable documentation, including but not limited to the Purchase Orders specific to each Assigned Claim.

7.     Finally, as this Court is aware, thousands of Claims were filed in these chapter 11 cases. By the Postpetition Interest Objection, the Debtors appear to have objected to

---

[10] In that regard, LSI requested that the Debtors adjourn the response deadline with respect to the Postpetition Interest Objection so that LSI could further investigate this question, among others, but the request was denied, necessitating the filing of this Response.

4

less than sixty Notices which, taken together, were returned by only a handful of entities. Upon inquiry of Debtors' counsel, LSI was informed that the Postpetition Interest Objection essentially contained the entire universe of creditors that sent in Notices, and that LSI was not receiving disparate treatment as compared to similarly situated General Unsecured Creditors, including LSI's competitors. LSI has no reason to disbelieve this statement, but given the sheer number of Claims asserted in these cases – which may have given rise to any number of notices for post-petition interest at an alternative interest rate – LSI believes that it should be afforded the opportunity to independently verify this assertion, including the taking of discovery, should it be necessary.

## CONCLUSION

WHEREFORE, LSI respectfully requests that the Court enter an order (i) either overruling the Postpetition Interest Objection as to the Assigned Claims or, alternatively, adjourning such objection as to the Assigned Claims to afford LSI the opportunity to gather additional documentation from the Assignors and take discovery of the Debtors (if necessary) as to the issues that LSI believes merit further investigation, and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
March 12, 2008

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

5