UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 11 |
| DELPHI CORPORATION, et al. | ) |
|  | ) Case No. 05-44481 (RDD) |
|  | ) |
| Debtors. | ) (Jointly Administered) |

Hearing Date and Time:  March 19, 2008

**RIVERSIDE CLAIMS, LLC'S  RESPONSE TO DEBTORS'
OMNIBUS OBJECTION TO CLAIMS FOR POSTPETITION INTEREST**

NOW INTO COURT, through undersigned counsel, comes RIVERSIDE CLAIMS, LLC, ("Riverside") and files this response to Debtors' Omnibus Objection to Claims for Postpetition Interest (the "Objection") and in support thereof would state as follows:

**BACKGROUND**

1. On or about February 22, 2008, the Debtors' filed their Objection.

2. Riverside is the assignee of numerous claims in the Delphi bankruptcy.[1]

3. All creditors, as part of the Plan solicitation package, received a Postpetition Interest Rate Determination Notice (the "Notice").

4. Riverside completed a Notice for each of its claims, as assignee.  With respect to the four (4) claims listed on Exhibit 2 of the Objection (the "Exhibit 2 Claims"), Riverside

---

[1] Specifically, Riverside is the assignee of the following creditors' claims Colorado Fluid Power, Land Instrument, Lowry Holding Co., Inc., Jan Pak Huntsville, Alcor Supply Fixture Company, Applied Scintillation Technologies, Dickinson Wright, PLLC, Faulker Ind Maintenance, Vanex Fire Systems, Trienda A. Wilbert Company, SA Technologies, Inc., Prospect Mold, Inc., MPS Group, Lauren Manufacturing, Arnold Engineering Pastiform, Standard Scale & Supply Co., Metprotech, Dynalab Corporation, DSM Engineering Plastics, Inc., Brillcast, Inc., Thermal Innovations Corporation, Scott Electronics, Inc., Whyco Finishing, Force Control Industries, Inc., Fort Wayne Anodizing, RDP Corporation and Product Action International, LLC.

contended that the creditors contracts and/or invoices provided for a specific rate and that this rate should be paid and not the alleged Michigan Statutory Rate. With respect to the twenty-three (23) claims listed on Exhibit 4 of the Objection (the "Exhibit 4 Claims"), Riverside contended that one, Michigan was not the appropriate statutory rate to be used, but rather it should be New York's statutory rate in that the bankruptcy case was filed in New York, by Debtors' own choosing. Two, in the event that position was not accepted, then Riverside contended that at least the rate should be computed correctly under the Michigan statute.

5. With respect to the Exhibit 2 Claims, in the alternative to the contractual rate claims, Riverside's notices made the same argument it made for the Exhibit 4 Claims.

6. Riverside filed an objection to confirmation of the Debtors' Plan (the "Riverside Plan Objection"). The objections Riverside asserted in the Notices with respect to the proper statutory rate and amount of same, was incorporated in Riverside's Plan Objection.

## **EXHIBIT 2 CLAIMS**

7. With respect to the Exhibit 2 Claims, Riverside's claims fall into two different scenarios. The first includes Riverside's claims as assignee of the claims of Force Control Industries, Inc., Fort Wayne Anodizing, and RDP Corporation. The second is the claim of Product Action International, LLC.

8. Debtors claim that their Purchase Orders and the General Terms and Conditions ("General Terms"), made applicable by Debtors' Purchase Orders, estop any assertion by creditors that interest rate is charged for late payments. They assert that the Purchase Order and General Terms provide that the Purchase Order is the complete agreement between the parties, and that any agreement to modify is not binding on Debtor **unless made in writing and signed by the Debtors' representative.**

2

9.     Product Action International, LLC ("Product Action") did, and still does, a substantial amount of work with Delphi. With respect to each job Product Action does with Debtors, the parties enter into Product Action's form Terms of Service agreement. This agreement is signed by both a Product Action representative and a Delphi representative. A sample of this agreement is attached to the Notice Riverside filed as assignee of the claim of Product Action. Paragraph 11 of the Product Action Terms of Service makes it clear that this is the controlling document by and between the Delphi entities and Product Action. In fact, it specifically provides notice to its customers that Product Action objects to and rejects any additional terms in customer's (Delphi's) proposal, acknowledgment, purchase order or other documents. Given that this agreement is the controlling document between the parties, the provisions contained in that agreement are applicable. Paragraph 2 of the Product Action Terms of Service provides for a service charge on late payments of 1½% per month (18% per annum).

10.    With respect to the remaining Exhibit 2 Claims, Riverside submits that it needs additional time to conduct discovery to ensure that there were not other documents entered into by and between the other Riverside Exhibit 4 Claimants and Delphi which may have modified Delphi's purchase order and General Terms. Assuming the Court does not shorten the time for responses to written discovery, Riverside requests that the hearing on the Objection relative to the claims of Riverside as Assignee of Force Control Industries, Inc., Fort Wayne Anodizing, and RDP Corporation be adjourned for sixty (60) days.

## **EXHIBIT 4 CLAIMS**

11.    With respect to the Exhibit 4 Claims, all of which are Riverside claims, Debtors contend that Riverside could not use the Notice to object to the application of the Michigan statutory rate as of the Petition Date. Rather Debtors argue that the Notice only gave claimants

3

the ability to object based on a contractual rate. Further, Debtors argue that Riverside did not object to the Plan and thus, it could not use the Notice to "overcome their failure to object timely" to the rate provided for by the Plan. *Objection*, p. 6, ¶ 12.

12. As stated previously, Riverside did file a timely objection to the Plan and said objection included an objection to the application of the Michigan statutory rate. Thus, Riverside was not using the Notice to overcome its failure to object to the Plan. Rather, Riverside was following the instructions provided in the Notice.

13. On page 6 of the Objection, Debtors state:

This form of challenge to the Plan's stated postpetition interest rate was not an option under the Solicitations Procedure Order, however, as the **Notice made Clear.** (emphasis added).

14. On page 2 of the Objection, Debtors state the following:

The Notice informed affected claimants that they would receive postpetition interest at the Michigan Statutory Rate unless they followed the instructions in the Notice for asserting the application of **some other contractual rate.** (emphasis added).

15. A major component of the Debtors' Objection is that the Notice only provided one option and that was to set forth a contractual rate. That is not set forth in anything like the form and fashion asserted by the Debtors. This was not made clear by the Notice whatsoever. Rather the only mention of a contract is on the Information Sheet that the claimant was to fill out if it did not agree to the Michigan Statutory Rate in effect on the Petition Date. It asks for "Description of Contract(s)." It then asks for "Interest Rate Asserted." It does not say Contract Interest Rate Asserted, which it easily could have if it was truly limited. Further, the Information Sheet, asks for the "Basis for Asserted Interest Rate." If, as the Debtors contend, the only basis

4

for asserting a rate different than the Michigan rate was a contractual rate, there would be no need for this section of the Information Sheet because the question would have been answered by the "Description of Contract(s)" field.

16. During the confirmation hearing, Riverside agreed to withdraw its Plan objection, which objection had many other bases for objection beside the postpetition interest rate. Riverside was willing and able to withdraw its objection because it knew the postpetition rate issue was preserved by the Notices it had filed.

17. After having reviewed Debtors' Objection and the terms of the Purchase Orders and the General Terms, if, in fact, there is no other controlling agreement between the parties, Riverside concedes that Michigan is the applicable law and not New York. However, Riverside requests time to conduct minimal discovery to confirm that there were no signed agreements by and between the assignors and Delphi which controlled the relationships between the parties, as opposed to the Delphi Purchase Orders. Assuming there are not, then Riverside's remaining objection will be that even using Michigan as the controlling law, the Debtor's should pay postpetition interest in accord with the terms of the Michigan statute, as set forth fully in the statement attached to the Notices filed by Riverside.

18. In order to undertake this discovery, Riverside requests that the Objection as it relates to the Exhibit 4 Claims be adjourned for sixty (60) days.

WHEREFORE, Riverside Claims, LLC requests that this Court enter an order (i) overruling the Objection as to Product Action International, LLC,; (ii) finding that to the extent Michigan is the controlling law with respect to any of the claims, the Michigan statute must be applied in accord with the statute; (iii) adjourning the hearing on the Objection with respect to all

Riverside claims, other than Product Action, in order to allow Riverside to conduct minimal discovery; and (iv) granting such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED,

 /s/  Robyn J. Spalter_____
Robyn J. Spalter, Esq.
Riverside Claims LLC
c/o ReGen Capital, LLC
2109 Broadway, Suite 206
New York, NY 10023
Phone: (212) 501-0990
Fax: (212) 501-7088
e-mail: rspalter@regencap.com
