**Hearing Date and Time: April 4, 2008 at 10:00 a.m.**
**Objection Deadline:      March 28, 2008 at 4:00 p.m.**

**MASUDA FUNAI EIFERT & MITCHELL, LTD.**
Gary Vist (admitted *Pro Hac Vice*)
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

**DUANE MORRIS LLP**
Joseph H. Lemkin
744 Broad Street, 12th Floor
Newark, New Jersey 07102
 (973) 424-2000

**Attorneys for American Aikoku Alpha, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et. al.</u>, | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | x | |

**AMERICAN AIKOKU ALPHA, INC.'S MOTION FOR LEAVE TO FILE AN**
**AMENDED CLAIM**

        American Aikoku Alpha, Inc. ("American Aikoku"), by and through undersigned

counsel, hereby respectfully seeks leave to file an amended claim, and in support thereof

states as follows:

1

## I. Factual Background

1.      On October 8, 2005, Delphi and certain of its subsidiaries and affiliates (collectively the "Debtors") filed voluntary petitions with this Bankruptcy Court for relief under Chapter 11 of Title 11, United States Code.

2.      On October 17, 2005, American Aikoku submitted a reclamation demand letter (the "Reclamation Demand") to Delphi in the amount of $62,642.89.  A copy of the Reclamation Demand is attached hereto as Exhibit "A."  The Reclamation Demand was submitted well in advance of the Claims Bar Date.

3.      On or about January 15, 2008, American Aikoku filed an amended proof of claim (the "Amended POC") with this Court in the amount of $429,525.84.  A copy of the Amended POC is attached hereto as Exhibit "B."

4.      On March 11, 2008, the Debtors filed a Notice of Deadline to File Motion for Leave to File Late Claims with Respect to Late Claims Filed by American Aikoku Alpha Inc. (Proofs of Claim Nos. 16783 and 16796) (the "Notice of Deadline").

5.      The Notice of Deadline incorrectly refers to American Aikoku's filed claims as "late".  As is set forth in greater detail below, and as is apparent from the Amended POC itself, American Aikoku's claim filed on or about January 15, 2008 is an amendment to an earlier claim, not a new late claim.

6. The Notice of Deadline also refers to two (2) proofs of claim allegedly filed late by American Aikoku – proof of claim 16783 and proof of claim 16796. However, American Aikoku filed only one Amended POC in the amount of $429,525.84, $5,823.94 of which was claimed to be a priority-entitled amount. Said Amended POC is attached hereto as Exhibit "B." Therefore, this Motion for Leave is filed only with respect to said Amended POC.

## II. American Aikoku's Reclamation Demand Is An Informal Proof Of Claim

7. The allowance of informal proofs of claim has developed as an equitable principle over the years. In re Nutri*Bevco, Inc., 117 B.R. 771 (Bankr. S.D.N.Y. 1990). Bankruptcy courts are courts of equity and must assure that substance will not give way to form, and that technical considerations will not prevent substantial justice from being done. In re Anderson-Walker Industries, Inc., 798 F.2d 1285 (9th Cir. 1986).

8. It has been held by numerous courts that for a document to constitute an informal proof of claim, it must make explicit demand showing the nature and amount of the claim against the estate, and must evidence an intent to hold the estate liable. In re Nutri*Bevco, Inc., 117 B.R. 771 (Bankr. S.D.N.Y. 1990); In re American Classic Voyages Co., 405 F.3d 127 (3rd Cir. 2005); In re Charter Co., 876 F.2d 861 (11th Cir. 1989); In re Haugen Construction Services, Inc., 876 F.2d 681 (8th Cir. 1989); In re Sambo's Restaurants, Inc., 754 F.2d 811 (9th Cir. 1985).

3

9.      There is no requirement that an informal proof of claim subject to amendment following the claims bar date include a writing by the creditor setting forth the specific amount of the claim. In re Harper, 138 B.R. 229 (Bankr. N.D.Ind. 1991); In re Smith, 100 B.R. 293 (D.S.C. 1989); In re Joiner, 93 B.R. 130 (Bankr. N.D.Ohio 1988).

10.     A document relied upon as an informal proof of claim need not be filed with the court. In re Wheatfield Business Park, LLC, 308 B.R. 463 (9th Cir. 2004). An informal proof of claim need not appear on the bankruptcy court records or in its files. In re Franciscan Vineyards, Inc., 597 F.2d 181 (9th Cir. 1979).

11.     A creditor shall not be required to file proofs of claim with respect to the amounts contained in the creditor's reclamation claim. In re Pittsburgh-Canfield Corp., 305 B.R. 688 (Bankr. N.D.Ohio 2003).

### III. American Aikoku's Amended POC Is An Appropriate Amendment Of Its Informal Proof Of Claim.

12.     Amendments to claims in bankruptcy are freely allowed where the purpose is to cure defects in the claim originally filed, to supply greater particularity to the claim, or even to plead a new theory on facts already given in the claim. In re Fiegel, 22 F. Supp. 364 (D.C.N.Y. 1937).

13.     It is well settled that an amended claim can be filed after the statutory period for filing has expired if it is in fact an amendment of a claim previously filed

within time and not a new claim. In re Hanscom Retail Foods, Inc., 96 B.R. 33 (Bankr.

E.D.Pa. 1988). The trend is uniformly toward the greatest liberality in the allowance of

the filing of amended proofs of claim, where there is anything in the record to justify

such course of action. Continental Motors Corp. v. Morris, 169 F.2d 315 (10th Cir. 1948).

14.    It is well-established law that the fact that a subsequent proof of claim is

for a larger sum than the earlier proof does not prevent the latter from amending the

former. Industrial Commissioner v. Schneider, 162 F.2d 847 (2nd Cir. 1947); Fidelity and

Deposit Co. v. Fitzgerald, 272 F.2d 121 (10th Cir. 1959).

15.    Amendments intended merely to increase the amount of a claim grounded

in the same right to payment are not considered new claims under the Bankruptcy Code.

In re Hemingway Transp., Inc., 954 F.2d 1 (1st Cir. 1992).

16.    Late amendments increasing the amount of a claim are permitted so long

as the increased claim is for the same type of claim, even though the amendment relates

to different indebtedness periods. In re Northeast Office and Commercial Properties, Inc.,

178 B.R. 915 (Bankr. D.Mass. 1995).

17.    Because the legal points and authorities upon which this objection relies

are incorporated herein and do not represent novel theories of law, American Aikoku

respectfully requests that the requirement of service and filing of a separate memorandum

of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York be deemed satisfied.

## IV. Conclusion

For the reasons stated above, American Aikoku respectfully requests that this

Court permit it to file an amended proof of claim which has been filed on or about

January 15, 2008 and which is attached hereto as Exhibit B."


Date:    March 13, 2008


                                    **AMERICAN AIKOKU ALPHA, INC.**


                                    _____/s/ Gary Vist_____
                                    By One of its Attorneys


                                    Gary Vist
                                    MASUDA FUNAI EIFERT &
                                    MITCHELL, LTD.
                                    203 N. LaSalle Street, Suite 2500
                                    Chicago, Illinois 60601
                                    (312) 245-7500

                                         -and-


                                    Joseph H. Lemkin
                                    DUANE MORRIS LLP
                                    744 Broad Street, 12th Floor
                                    Newark, New Jersey 07102
                                    (973) 424-2000


N:\SYS04\2920\motion_leave_amendment.doc