SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
                             :
    In re                        :        Chapter 11
                             :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
                             :
                Debtors.    :        (Jointly Administered)
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) DISALLOWING AND EXPUNGING
PROOFS OF CLAIM NUMBERS 6354, 6383, AND 9272, (II) COMPROMISING AND
ALLOWING CLAIM 16724, AND (III) CAPPING CLAIMS 9273 AND 16633
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY - SBT TAXES)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and State of Michigan, Department of Treasury ("MDOT"), respectfully submit this Joint Stipulation And Agreed Order (I) Disallowing And Expunging Proofs Of Claim Numbers 6354, 6383, And 9272, (II) Compromising And Allowing Claim 16724 , And (III) Capping Claims 9273 And 16633 (State Of Michigan, Department Of Treasury – SBT Taxes) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors, filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on or about May 19, 2006, MDOT filed proof of claim number 6383 ("Claim 6383") against Delphi which asserts an unsecured non-priority claim in the amount of $248,083.00 arising from certain penalties relating to Michigan Single Business Tax ("SBT") taxes allegedly owed by Delphi to MDOT for tax years 2001, 2002, 2003, and 2004.

WHEREAS, on or about May 19, 2006, MDOT filed proof of claim number 6354 ("Claim 6354") against Delphi which asserts an unsecured non-priority claim in the amount of $666,927.27 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years 1999, 2000, and 2001.

WHEREAS, on or about July 11, 2006, MDOT filed proof of claim number 9272 ("Claim 9272") against Delphi which asserts an unsecured priority claim in the amount of $5,731,238.42 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 1999, 2000, 2002, 2003, 2004, and 2005.

2

WHEREAS, on or about July 11, 2006, MDOT filed proof of claim number 9273 ("Claim 9273") against Delphi which asserts an administrative expense claim in the amount of $585,989.54 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for October 8, 2005 though December 31, 2005.

WHEREAS, on or about July 30, 2007, MDOT filed proof of claim number 16633 ("Claim 16633") against Delphi which asserts an unsecured priority claim in the amount of $12,954,363.21 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 1999, 2000, 2002, 2003, 2004, and 2005.

WHEREAS, on or about October 17, 2007, MDOT filed proof of claim number 16724 ("Claim 16724") against Delphi which asserts an unsecured priority claim in the amount of $10,459,293.50 arising from certain SBT and use taxes and interest allegedly owed by Delphi to MDOT for tax years, or portions thereof, 2002, 2003, 2004, and 2005.

WHEREAS, on December 8, 2006, the Debtors objected to Claim 9273 pursuant to the Debtors' Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation and (B) Claims Not Reflected On Debtors' Books and Records (Docket No. 6100).

WHEREAS, on December 22, 2006, MDOT filed its Response Of The State Of Michigan, Department Of Treasury To Debtors' Fifth Omnibus Objection To Claims (Docket No. 6266), and in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), Claim 9273 was adjourned until a date to be decided by the Debtors.

WHEREAS, on August 24, 2007, the Debtors objected to Claim 6354, Claim 6383, and Claim 9272 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 11, 2007, MDOT filed its Response Of The State Of Michigan, Department Of Treasury To Debtor's 20th Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (C) Claims Not Reflected On The Debtor's Books And Records, And (E) Tax Claims Subject To Modification (Docket No. 9337) (the "Twentieth Omnibus Response"), and in accordance with the Claims Objection Procedures Order, Claims 6354, Claim 6383, and Claim 9272 were adjourned until a date to be decided by the Debtors.

WHEREAS, on September 21, 2007, the Debtors objected to Claim 16633 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 4, 2007, MDOT filed its Response Of The State Of

Michigan, Department Of Treasury to Debtor's Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10445) (the "Twenty-First Omnibus Response"), and in accordance with the Claims Objection Procedures Order, Claim 16633 was adjourned until a date to be decided by the Debtors.

       WHEREAS, on October 26, 2007, the Debtors objected to Claim 16724 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

       WHEREAS, on November 15, 2007, MDOT filed its Response Of The State Of Michigan, Department Of Treasury To Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10945) (the "Twenty-Second Omnibus Response") and in accordance with the Claims Objection Procedures Order, Claim 16724 was adjourned until a date to be decided by the Debtors.

       WHEREAS, Claim 16724 amends and supersedes Claim 9272 and Claim 16633 (except by agreement the 2005 SBT taxes on Claim 16633), and Claim 6354 amends and supersedes Claim 6383.

       WHEREAS, on February 22, 2008, to resolve (a) the Twentieth Omnibus Claims Objection with respect to Claim 6354, Claim 6383, and Claim 9272, (b) the Twenty-First

5

Omnibus Claims Objection with respect to Claim 16633, to the extent related to anything other than SBT taxes for the period of January 1, 2005 through October 7, 2005, and (c) the Twenty-Second Omnibus Claims Objection with respect to Claim 16724, Delphi and MDOT entered into a settlement agreement (the "Settlement Agreement").

    WHEREAS, pursuant to the Settlement Agreement, (a) Delphi acknowledges and agrees that Claim 16724 shall be allowed against Delphi as an unsecured priority tax claim in the amount of $1,329,760.01 (corresponding to $1,259,365.00 in taxes and $70,395.01 in prepetition interest) and (b) MDOT agrees that (i) Claim 6354, Claim 6383, and Claim 9272 shall be disallowed and expunged from the record with prejudice, (ii) Claim 16633 shall be capped at $1,150,684.80 with respect to SBT taxes for the period of January 1, 2005 through October 7, 2005, (iii) Claim 9273 shall be capped at $349,315.20 with respect to the SBT taxes for the period of October 8, 2005 through December 31, 2005, and (iv) Claim 16633 and Claim 9273 in the aggregate shall be capped at $1,500,000.00 with respect to 2005 SBT taxes.

    WHEREAS, Delphi is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

    THEREFORE, the Debtors and MDOT stipulate and agree as follows:

1.  Claim 6354 shall be disallowed and expunged from the record with prejudice.

2.  Claim 6383 shall be disallowed and expunged from the record with

6

prejudice.

        3.      Claim 9272 shall be disallowed and expunged from the record with prejudice.

        4.      Claim 16724 shall be allowed in the amount of $1,329,760.01 (corresponding to $1,259,365.00 in taxes and $70,395.01 in prepetition interest) and shall be treated as an unsecured priority tax claim against the estate of Delphi.

        5.      Claim 16633 shall be reduced and capped such that in no event shall Claim 16633 be allowed (i) in an amount exceeding $1,150,684.80 or (ii) on account of anything other than SBT taxes for the period of January 1, 2005 through October 7, 2005.

        6.      Claim 9273 (other than assessments for use taxes) and any other request for payment of an administrative expense on account of SBT taxes for the period of October 8, 2005 through December 31, 2005 or portion thereof shall be capped such that in no event shall Claim 9273 and any such request be allowed in an aggregate amount exceeding $349,315.20.

        7.      Claim 9273 (other than assessments for use taxes) and any other request for payment of an administrative expense on account of SBT taxes for the period of January 1, 2005 through December 31, 2005 or portion thereof shall be capped such that in no event shall Claim 9273 and any such request be allowed in an aggregate amount exceeding $1,500,000.00.

        8.      The Debtors fully reserve their rights to object to Claim 16633 and Claim 9273, and any request for payment of an administrative expense on account of SBT taxes for the period of January 1, 2005 through December 31, 2005 or portion thereof on any basis whatsoever (other than on the bases of the timeliness of the filing of Claim 16633 or the abandonment of Claim 16633) and to seek disallowance and reduction of those claims, in whole or in part, on any basis whatsoever (other than on the bases of the timeliness of the filing of

7

Claim 16633 or the abandonment of Claim 16633).

9. The Twentieth Omnibus Claims Objection with respect to Claim 6354, Claim 6383, and Claim 9272, to the extent that such claims have not been previously resolved, and the Twentieth Omnibus Response, to the extent not previously resolved, shall be deemed resolved.

10. The Twenty-First Omnibus Claims Objection with respect to Claim 16633, to the extent related to anything other than SBT taxes for the period of January 1, 2005 through October 7, 2005, and the Twenty-First Omnibus Response, to the extent related to anything other than SBT taxes for the period of January 1, 2005 through October 7, 2005, shall be deemed resolved.

11. The Twenty-Second Omnibus Claims Objection with respect to Claim 16724, to the extent that such claim has not been previously resolved, and the Twenty-Second Omnibus Response, to the extent not previously resolved, shall be deemed resolved.

So Ordered in New York, New York, this <u>14th</u> day of March, 2008

                                                   /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/   John K. Lyons | /s/   Peggy A. Housner |
| John Wm. Butler, Jr. | Peggy A. Housner |
| John K. Lyons | Assistant Attorney General |
| Albert L. Hogan, III | MICHAEL A. COX, ATTORNEY GENERAL |
| Ron E. Meisler | 3030 W. Grand Boulevard |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 10th Floor-Suite 200 |
| | Detroit, Michigan 48202 |
| 333 West Wacker Drive, Suite 2100 | (313) 456-0140 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | Attorney for State of Michigan, Department of Treasury |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession