MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
By:  MATTHEW L. SCHWARTZ  
Assistant United States Attorney  
86 Chambers Street  
New York, New York 10007  
Tel.: (212) 637-1945  
Fax: (212) 637-2750  

HEARING DATE: March 19, 2008  
TIME:  10:00 AM  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  
IN RE:

    DELPHI CORPORATION, *et al.*,

                  Debtors.  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

**UNITED STATES OF AMERICA'S RESPONSE TO**  
**DEBTORS' OBJECTION TO THE CLAIM OF THE**  
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (16753) AND THE**  
**CLAIM OF STANLEY N. STRAUGHTER (16754)**

The United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this response to Debtors' Twenty-Sixth Omnibus Claims Objection, dated February 15, 2008 (the "Objection"), to the extent that the Debtors object to the claim of the Equal Employment Opportunity Commission (EEOC), listed on the Objection's Exhibit B-1 as claim number 16753 (the "EEOC Claim") and to the claim of Stanley N. Straughter, listed on the Objection's Exhibit B-1 as claim number 16754 (the "Straughter Claim," and, together with the EEOC Claim, the

"Discrimination Claims").[1]

The Debtors object to the Discrimination Claims on two grounds: (1) because they were filed after the July 31, 2006 Bar Date, and (2) because they are not reflected on the debtors' books and records. Neither contention has merit. The Discrimination Claims are both Administrative Expense Claim Requests for debtors' post-petition liabilities, and so are not subject to the Bar Date and therefore are not untimely. In addition, at a hearing before the Court on February 29, 2008, counsel for the debtors orally withdrew their objection to the Straughter Claim and any post-petition claim by the EEOC. Also, debtors' objection to the Straughter Claim should be rejected for an additional reason: Straughter was never served with the Bar Date Order, and had no claim at the time that the Bar Date Notice was served via publication. Finally, the Discrimination Claims both arise out of pending litigation against Delphi Corporation, and for that reason are not reflected on Delphi's books and records.

## BACKGROUND

1.  On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.*, as amended (the "Bankruptcy Code").

---

[1] This Office does not represent Stanley Straughter. However — in light of the position previously taken by debtors, and adopted by the Court, that the EEOC may not be able to assert claims on behalf of employees who are themselves individually barred from asserting their claims — we file this response to debtors' objection to the Straughter Claim to protect the Government's interests.

2

2.  The Bar Date in these jointly-administered cases was July 31, 2006.

3.  On or about October 18, 2007, the EEOC filed two claims with the Debtors' claims agent.  Claim number 16727 asserts an unliquidated priority claim; a copy is attached as Exhibit A.  Claim number 16728 asserts an unliquidated priority administrative expense claim; a copy is attached as Exhibit B.

4.  The debtors' claims agent also has a record of the EEOC having filed a third claim, number 16753, on or about December 18, 2007.  A copy, as provided by counsel for the debtors on or about March 12, 2008, is attached as Exhibit C.  That claim appears to have been misfiled by the claims agent, and is in fact identical to claim number 16728.  *Compare* Ex. C with Ex. B.

5.  All of the claims filed by the EEOC arise out of a lawsuit filed by the EEOC against the Delphi Corporation ("Delphi") on September 28, 2007, in United States District Court for the Western District of New York, on behalf of a class of Delphi employees.  According to the complaint in that action, attached as Exhibit D (the "EEOC Complaint"), Delphi maintains a policy that requires employees to sign a complete release to access their medical records in order to verify claims of sick leave — a policy that violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*

6.  As set forth at length in the EEOC Complaint, Delphi's unlawful practice was brought to the attention of the EEOC by Stanley N. Straughter, who had been employed by Delphi since May 22, 2006, as a laborer.  After calling in sick on August 14 and 15, 2006, Straughter returned to work on August 16, 2006, with a

note from his doctor. Delphi informed Straughter that he needed to complete a release so that Delphi could obtain more information about his medical condition from his personal physician. Straughter initially refused to sign, but was told that Delphi would not accept the excuse for his absence without the release. Straughter then signed the release, but modified it to permit Delphi only to verify that he was unable to work on August 14th and 15th, but not to discuss his actual medical condition. Delphi did not accept this modified release, and when Straughter explained that he believed Delphi's policy was unlawful, he was immediately fired for being an "unsatisfactory temporary employee."

7.     Straughter first filed a complaint of discrimination with the EEOC on September 22, 2006. On or about September 28, 2007, the EEOC filed the EEOC Complaint on behalf of Straughter, as well as a class of similarly-situated Delphi employees.

8.     The EEOC Complaint seeks, *inter alia*, injunctive relief, as well as monetary relief to make the victims of Delphi's policy whole, including back-pay as well as non-pecuniary losses (*i.e.*, pain and suffering, emotional distress, and the like). The EEOC Complaint also seeks punitive damages.

9.     The EEOC's claims in this bankruptcy are comprised of the monetary component of damages requested in the EEOC Complaint. Claim number 16727 is a proof of claim that corresponds to the pre-petition portion of damages. Claim numbers 16728 and 16753 are administrative expense claims that correspond to the post-petition portion of damages.

10. On or about December 18, 2007, Stanley N. Straughter also filed a claim with the debtors' claims agent. Claim number 16754 asserts an unliquidated administrative expense claim; a copy is attached as Exhibit E. According to the claim form, the Straughter Claim seeks "compensation for lost wages, benefits, pain & suffering, etc." after Straughter was terminated by Delphi "in retaliation for opposing an unlawful inquiry under the ADA." As noted above, Straughter worked for Delphi exclusively after the Petition Date, and he was terminated and brought Delphi's practices to the EEOC's attention after the Bar Date.

11. Straughter was not served with the Bar Date Order or other notice of the Bar Date prior to filing his claim.

12. On or about October 26, 2007, debtors' filed their Twenty-Second Omnibus Claims Objection, which included timeliness objections to EEOC claims numbered 16727 and 16728. The Government responded on November 26, 2007, arguing that the pre-petition claim (16727) was filed late due to excusable neglect, and that the post-petition claim (16728) was not subject to the Bar Date.

13. Debtors subsequently filed a notice requiring the EEOC to move for leave to file claim number 16727 (the pre-petition claim) late, which the EEOC did. A hearing was held on that motion on February 29, 2008.

14. In opposition to the EEOC's motion for leave to file its claim late, debtors specifically disavowed any timeliness objection to the Straughter claim or any post-petition claim brought by the EEOC in connection with Delphi's allegedly unlawful sick leave policy:

5

> [T]o the extent the EEOC is pursuing a claim solely on Mr. Straughter's behalf, the Debtors do not, by this Objection [to the Government's motion for leave to file late claim], seek to disallow and expunge such claim on timeliness grounds *because Mr. Straughter's claim clearly arose postpetition and, if valid, would constitute an administrative expense not subject to the Bar Date Order*.

Debtors' Objection to Untied States of America's Motion for Leave to File Late Claim at 4 n.1 (attached as Exhibit F) (emphasis supplied). Debtors added:

> By their objection to the Proof of Claim, the Debtors are not seeking to cutoff any claim to injunctive relief, *nor any other postpetition claim*, that the EEOC holds.

*Id.* at 17 n.5 (emphasis supplied). And:

> Slaughter [*sic*], the charging employee who initiated the ADA Claim, was not hired until after the Petition Date, and thus *any claim that he holds did not arise prepetition*.

*Id.* at 17 n.6 (emphasis supplied).

15.     Moreover, at the February 29, 2008, hearing, counsel for debtors explicitly withdrew the Twenty-Sixth Omnibus Claims Objection, as it applied to Straughter:

> MR. LYONS:     Just very quickly.  You know, if Mr. Straughter was just involved, Your Honor, we wouldn't be here. I mean, I think if there's liability to Mr. Straughter it would be an administrative —
>
> THE COURT:     Well, it's admit — it's post-petition.
>
> MR. LYONS:     It's post-petition, exactly. . . .
>
>       *   *   *

6

>    MR. SCHWARTZ:  Just one factual note, Judge.  They have objected on timeliness grounds to Mr. Straughter's personal proof of claim, that's part of their twenty-sixth omnibus objection.
>
>    MR. LYONS:    If we did, Your Honor, it's inadvertent. I mean, again, the timeliness of Mr. Straughter's claim is governed by the administrative bar date, which is established under the plan.

Transcript at 36-37 (attached as Exhibit G).  Debtors also disavowed any timeliness objection to the EEOC's post-petition claim:

>    MR. LYONS:    Thank you, Your Honor.  I did clarify that proof of claim 16727 is actually the claim that was filed on behalf of the other pre-petition claimants.  Claim number 16728 [which is identical to the EEOC Claim at issue here, number 16753, *see supra* ¶ 4] was actually the administrative expense request filed by Mr. Straughter.[2]
>
>    THE COURT:    And that's not objected to on the basis of timeliness.
>
>    MR. LYONS:    Correct.  So that one would clearly remain — survive Your Honor's ruling. . . .

Ex. G. at 59.

16.    On or about February 15, 2008, debtors filed this Objection, which included objections to the Discriminations Claims on the theory that they are "untimely books and records claims."  Responses were originally due on March 12, 2008, but debtors subsequently adjourned the Government's response date to March 14, 2008.

---

[2]    Debtors' counsel mis-spoke.  Claim numbers 16728 (and 16753) are not claims filed by Straughter, but are claims filed by the EEOC on behalf of post-petition claimants, including Mr. Straughter.

7

## ARGUMENT

## THE DISCRIMINATION CLAIMS ARE ADMINISTRATIVE EXPENSE CLAIMS, AND ARE THEREFORE NOT UNTIMELY

17. Delphi first objects to the Discrimination Claims because they were filed after the Bar Date. While that is true, they are not untimely.

18. Claim numbers 16753 (the EEOC Claim) and 16754 (the Straughter Claim), as well as claim number 16728 (the other EEOC administrative claim, subject of the debtors' Twenty-Second Omnibus Claims Objection) are all administrative claims for debtors' post-petition liabilities, and so are not subject to the Bar Date at all. *See* Bar Date Order ¶ 5(c) ("Proofs of claim are not required, at this time, to be filed by any Person or Entity . . . which asserts a Claim allowable . . . as an administrative expense of the Debtors' chapter 11 cases."). Debtors' timeliness objection to the Discrimination Claims should therefore be summarily rejected. *See generally In re Pro Set, Inc.*, 193 B.R. 812, 815-16 (Bankr. N.D. Tex. 1996) ("Because administrative expense claimants . . . do not file proofs of claim, the deadlines set for filing a proof of claim do not apply to them." (citing WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE 2d § 42:14 (1994)).

19. In addition, any untimeliness with respect to the Straughter Claim should also be excused because Straughter was never served with notice of the Bar Date. Delphi's failure to provide notice of the Bar Date directly to Straughter under these circumstances (*i.e.*, where it unlawfully fired him) is an independent reason to reject the objection. *See In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 898031,

at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("A debtor must send actual notice of the bar date to any known creditor"); *see also Tulsa Prof'l. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988) (publication notice suffices only for creditors whose identities are not "reasonably ascertainable"). Delphi did not serve Straughter with notice of the Bar Date Order even after he was fired and he filed a Charge of Discrimination with the EEOC. Nor did Delphi ever, during the course of administrative proceedings before the EEOC, invoke this bankruptcy or the Bar Date as a defense to claims either by Straughter or by the EEOC.

### DEBTORS HAVE WITHDRAWN AND DISAVOWED ANY TIMELINESS OBJECTION TO POST-PETITION CLAIMS BASED ON VIOLATION OF THE ADA, AND ARE THEREFORE ESTOPPED FROM ASSERTING OTHERWISE

20. In connection with their opposition to the EEOC's motion for leave to file its *pre-petition* claim late, debtors explicitly withdrew any timeliness objection to both the EEOC Claim at issue here and to the Straughter Claim. For the reasons just given — *i.e.*, the Discrimination Claims all relate to post-petition conduct, and are therefore properly characterized as administrative claims not subject to the Bar Date Order — debtors were absolutely right to withdraw their objections. But in any case, debtors are bound by their concession.

21. Statements of fact made by a party in the course of litigating a claim constitute admissions, which are binding throughout the course of litigation. These so-called "judicial admissions" are "formal concessions that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed,

9

they are not evidence at all but rather have the effect of withdrawing a fact from contention." *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 464 (S.D.N.Y. 2000) (internal quotation marks and alterations omitted). *See generally* 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE & PROCEDURE § 7026 (Interim Ed. 2006) ("A judicial admission is binding upon the party making it; it may not be controverted at trial or on appeal of the same case."); *id.* ("Unequivocal admissions made by counsel during the course of trial are judicial admissions binding on his client."); 4 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 1063, at 67 (Chadbourne rev. 1972) ("The concessions of attorneys of record bind their clients in all matters relating to the trial and progress of the cause."); 2 JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 254 (1999) ("[F]ormal concessions in the pleadings in the case or stipulations by a party or counsel . . . have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission . . . is conclusive in the case.").

22.  The related concept of "[j]udicial estoppel, sometimes called the 'doctrine against the assertion of inconsistent positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding. . . . [I]t is designed to prevent litigants from playing fast and loose with the courts." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 358 (3d Cir. 1996) (quotation marks and internal citations omitted). *See also Zurich American Ins. Co.*

10

*v. Felipe Grimberg Fine Art*, No. 04 Civ. 763 (RLE), 2008 WL 394808, at *4 (S.D.N.Y. Feb. 13, 2008).

23. In this case, debtors have made clear that they could have no valid timeliness objection to post-petition administrative claims, brought either by the EEOC or by Straughter, with respect to the ADA claims alleged in the EEOC Complaint. Debtors stated in their papers in opposition to the EEOC's motion for leave to file late claim:

> [T]o the extent the EEOC is pursuing a claim solely on Mr. Straughter's behalf, the Debtors do not, by this Objection [to the Government's motion for leave to file late claim], seek to disallow and expunge such claim on timeliness grounds *because Mr. Straughter's claim clearly arose postpetition and, if valid, would constitute an administrative expense not subject to the Bar Date Order*.

Ex. F at 4 (emphasis supplied). And:

> By their objection to the Proof of Claim, the Debtors are not seeking to cutoff any claim to injunctive relief, *nor any other postpetition claim*, that the EEOC holds.

*Id.* at 17 n.5 (emphasis supplied). Also:

> Slaughter [*sic*], the charging employee who initiated the ADA Claim, was not hired until after the Petition Date, and thus *any claim that he holds did not arise prepetition*.

*Id.* at 17 n.6 (emphasis supplied).

24. Debtors' counsel also specifically withdraw *this objection* at a hearing on February 29, 2008, first with respect to the Straughter Claim:

> MR. LYONS: Just very quickly. You know, if Mr. Straughter was just involved, Your Honor, we wouldn't be here. I

11

> mean, I think if there's liability to Mr. Straughter it would be an administrative —
>
> THE COURT:    Well, it's admit — it's post-petition.
>
> MR. LYONS:    It's post-petition, exactly. . . .
>
>                 \*      \*      \*
>
> MR. SCHWARTZ:    Just one factual note, Judge. They have objected on timeliness grounds to Mr. Straughter's personal proof of claim, that's part of their twenty-sixth omnibus objection.
>
> MR. LYONS:    If we did, Your Honor, it's inadvertent. I mean, again, the timeliness of Mr. Straughter's claim is governed by the administrative bar date, which is established under the plan.

Ex. G at 36-37. And then with respect to the EEOC Claim:

> MR. LYONS:    Thank you, Your Honor. I did clarify that proof of claim 16727 is actually the claim that was filed on behalf of the other pre-petition claimants. Claim number 16728 [which is identical to the EEOC Claim at issue here, number 16753, *see supra* ¶ 4] was actually the administrative expense request filed by Mr. Straughter.
>
> THE COURT:    And that's not objected to on the basis of timeliness.
>
> MR. LYONS:    Correct. So that one would clearly remain — survive Your Honor's ruling. . . .

Ex. G. at 59.

      25.    The Court, the Government, and Straughter are entitled to rely on debtors' judicial admissions, whether made in their papers, *see Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Intern. Corp.*, 401 F.3d 28, 35 (2d Cir. 2005) ("statements in papers submitted to the court may constitute judicial admissions"); *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately

treat statements in briefs as binding judicial admissions of fact."), or orally, *see General Ins. Co. of America v. Mezzacappa Bros., Inc.*, No.01 Civ. 7394 (FB), 2003 WL 22244964, at *5 (E.D.N.Y. Oct. 1, 2003) ("Statements made by an attorney during oral argument thus constitute binding judicial admissions."); *see also Kohler v. Inter-Tel, Inc.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (attorney's statement during oral argument constitutes judicial admission); *McCaskill v. SCI Management Corp.*, 298 F.3d 677, 680 (7th Cir. 2001) ("The verbal admission by [defendant's] counsel at oral argument is a binding judicial admission, the same as any other formal concession made during the course of proceedings.").

**THE COURT SHOULD REJECT ANY BOOKS AND RECORDS OBJECTION TO THE DISCRIMINATION CLAIMS**

26.   The Discrimination Claims, like other proofs of claim, are statutorily entitled to a presumption of *prima facie* validity, and the objecting party bears the initial burden of producing sufficient evidence to rebut the EEOC and Straughter's *prima facie* case.  *See* Fed. R. Bankr. P. 3001(f); *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990).  Debtors "'may not rebut the prima facie case merely by stating that the amount . . . claimed . . .  is not correct; the [Debtors] must produce some evidence to support that statement.'"  *In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (citation omitted); *see also In re Enron Creditors' Recovery Corp.*, No.01-16034 (AJG), 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007) ("An objecting party must provide 'substantial evidence' to rebut the prima facie presumption of validity of a proof of claim" (quoting *In re Hemingway Transp., Inc.*,

13

993 F.2d 915, 925 (1st Cir. 1993)); *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) ("[T]he objector [must] produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case." (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). Only after a debtor has succeeded in rebutting the *prima facie* validity of a claim does the burden shift to the creditor to prove its claims. *See Forte*, 234 B.R. at 618; *see also In re Worldcom, Inc.*, 2005 WL 3832065, at *4.

27. By this Objection, the debtors seek a court order expunging the Discrimination Claims based solely on the unsupported allegation that they have reviewed their books and records and determined that the EEOC and Straughter's claims for compensation, as a result of Delphi's unlawful sick leave policy, are invalid. Such *ipse dixit* assertions simply cannot rebut the EEOC and Straughter's *prima facie* claim. *See SEC v. Unifund SAL*, 910 F.2d 1028, 1037 (2d Cir. 1990) ("'*prima facie* case' has a clear meaning: evidence of an amount and quality sufficient to send a case to the trier of fact"). Furthermore, even if the Court were to find that this bare allegation were sufficient to rebut the *prima facie* claim, debtors' assertion of no liability is refuted by the explanations supporting the Discrimination Claims, which specify the source of debtors' liability (the ADA) and the time period during which those debts accrued (at all times after the Petition Date and, specifically with respect to Straughter, when he was terminated in

14

August 2006).

28.     Indeed, debtors' books and records objection is especially misplaced here, where the Discrimination Claims are associated with a pending lawsuit in United States District Court.  While debtors' "books and records" may not reflect the Discrimination Claims, they are surely aware of these claims because debtors are actively litigating them in another forum.  Debtors may therefore disagree that the claims are valid — because they dispute the allegations of discrimination made by the EEOC and Straughter — but they cannot plausibly claim either that they are unaware of these claims, or that they have already been paid.  *But see* Objection ¶ 29 (claiming that all claims subject to their books and records objection are either not reflected on debtors' book and records claim, or have been paid).  The claim that the EEOC and Straughter "are not creditors of the Debtors," Objection ¶ 28, therefore turns on a jury's verdict in Buffalo, not the debtors' books and records.

29.     Accordingly, the Government requests that the Court reject the debtors' Objection and allow the Discrimination Claims.  Alternatively, the Government requests that the Court permit discovery regarding the Discrimination Claims.

## CONCLUSION

For the foregoing reasons, the Debtors' objection to the Discrimination Claims should be denied.

Dated:   March 14, 2008
         New York, New York

                                  Respectfully submitted,

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for the United States of America

By:   /s/ Matthew L. Schwartz
      MATTHEW L. SCHWARTZ (MS-8159)
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Tel.: (212) 637-1945
      Fax: (212) 637-2750