Audrey Amort
730 Bounty Drive, Apt. #3018
Foster City, Ca. 94404
**RE: Case #: 05-44481**
**Claim #: 9221**

March 11, 2008



**Att: Honorable Robert D. Drain**

United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room #632
New York, N.Y. 10004

Dear Honorable Robert D. Drain:

I received a Notice of Objection to Claim from Delphi Corporation, which to be honest with you, do not understand but I need to respond to it in order to seek from them approval to my claim and in doing so I will do it the best I can.

I ask you to please excuse my lack of knowledge of the law and the simple manner in which I am presenting it. I do not want to offend nobody I just do not know how to do it better.

a) Delphi Corporation gave my claim the title of Class C General Unsecured Claim.

b) I understand that I (Audrey Amort) am the claimant and the Claim is base on Child and Spousal Support owe to me by my ex-husband.

c) I asked you on a letter dated December 28, 2007, to please change the correct amount of my Claim to $105,672.90, because the amount Delphi had was wrong, I included the pertinent documentation and explanation with my petition and when I did that I was not introducing another Claim I was just trying to correct the existing one. The Claim is valid, also is the amount.

d) I am sending to you again all copies of the letters and documents I sent you before for your review and hoping that with them you will find my Claim a valid one.

e) As I mentioned before, I honestly believe that the amount of my Claim is $105,672.90 and I hope the documents included will help you to find it so.

Delphi Corporation is trying to disregard my Claim #9221 because of my modification of the dollar amount, as I mentioned before my Claim is valid, always existed; it exists now with a modification.

Delphi Corporation wants to disallow my Claim #9221 and in its place has listed a Surviving Claim #16768, which I did not know it existed or what it is.

I hope this explanation will help you to clarify better my Claim and finding it valid to be considered worthy of my objection.

Thank you very much for your time and consideration to this matter.

Respectfully yours,

Audrey Amort

cc:
Delphi Corporation
Counsel Skadden, Arps, Slate, Meagher & Flom

Audrey Amort
730 Bounty Drive, Apt. #3018
Foster City, CA. 94404
**RE: Case #05-44481**


December 28, 2007


United States Bankruptcy Court
Southern District of New York
Delphi Corporation
P. O. Box 5058
New York, NY. 10274-5058


To whom it may concern:

Dear Sir/Madam:

I just learned today that my total amount of money owed to me from Delphi Corporation,
$79,362.00 is the wrong one, should be $105, 672.90, that is why I am writing to you to
ask you to please change it to the correct one. Please read the following explanation, it
was a misunderstanding from my part, please, re-consider my petition.

I have sent you back in July 3, 2006 my Proof of Claim, but it was incomplete as I
mentioned to you, I was still going back and forth to Court about the case and I needed to
re-calculate my **QDRO**. (I am attaching my proof of claim I sent you, so you can see what
I am talking about)

Then, on August 2, 2006, I received a letter from Ms. Jeanine DeLuca and here is my
confusion as you can see from her letter (I am attaching it too). She mentioned that my
Proof of Claim was incomplete (as I mentioned that to you before), she even asked me for
the correct amount of money, which I changed it when I sent her my completed Proof of
Claim, she also mentioned that I needed to send more supporting documents for my
Claim to be considered, all those questioned misled me and made me think that I was
sending the promised documents to you.

Today, around 10:15 am, California Time, I called Delphi Ballot Tabulation at (888) 249-
2691 and I spoke with a gentleman by the name of Josh, I needed to ask him something
about a Postpetition Interest Rate Determination Notice, which I received and I need to
vote on it but he did not know anything about it, then I asked him about why they have

the wrong amount of money on my petition, that I have sent my completed application
with the right amount of money on it to Ms. DeLuca and he told me that I needed to
contact you and to try to change the amount of money through you to the correct one,
because she is not with Delphi,  that she is with some sort of Child Support Agency,
which I did not know until today, all this time I thought she was with Delphi as all her
documents made me think that.

I will like to explain another thing, if you allow me. I am not making Ms. DeLuca
responsible for my misunderstanding, I am a simple, single mother trying to collect
money long owe to me from child and spousal support and I thought I was doing the
correct thing sending the documents to her. I do not know anything about the law, I do not
have a lawyer, I am doing all this filing and filling of documents by myself the best I can,
I ignore legal procedures, I do not know anything about that.

That is why I am asking you, just now, instead of asking you before, if I had known
everything about Ms. DeLuca before, to please study my case again and if it is possible
and it is in your best judgement to change my petition and have the correct amount of
money to be paid to me by Delphi Corporation from $79,362.00 to $105,672.90.

Thank you in advance for all your help and understanding.


Audrey Amort

Audrey Amort
730 Bounty Drive, Apt. #3018
Foster City, CA  94404
RE: Case #05-44481

July 3, 2006

United States Bankruptcy Court
Southern District of New York
Delphi Corporation
P. O. Box 5058
New York, NY  10274-5058

To Whom It May Concern:

Enclosed is my Proof of Claim you are requesting and attached you can find the Order
Setting Arrears signed by Commissioner Kathleen McKenna.

As you can see, these set of papers are incomplete; but since I have to send them to you
this way before the due date of July 31, 2006 so you can have me on file.

I will be forwarding you a completed set of recalculated papers as soon as I have them
ready.

Thank you in advance for your understanding.

Sincerely,

Audrey Amort

PROOF OF CLAIM

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Audrey Amort Carbrera

Name and address where notices should be sent:

Audrey Amort Carbrera
730 Bounty Dr 3013
Foster City CA 94404

Telephone number: 650 358 9197

[ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
N/A

Check here [ ] replaces
if this claim [ ] amends  a previously filed claim, dated:_____

**1. Basis for Claim**
- [ ] Goods Sold / Services Performed
- [ ] Customer Claim
- [ ] Taxes
- [ ] Money Loaned
- [ ] Personal Injury
- [X] Other  CHILD A. & SPOUSAL SUPPORT

- [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
- [ ] Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:_____
  Unpaid compensation for services performed
  from_____ to_____
  (date)      (date)

**2. Date debt was incurred:** JUNE 15, 2000

**3. If court judgment, date obtained:** MARCH 7, 2006

**4. Total Amount of Claim at Time Case Filed: $** _____ (unsecured) _____ (secured) $10,560.00 (priority) $179,332.00 (Total)

[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- [ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- [ ] Real Estate   [ ] Motor Vehicle
- [ ] Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $**_____
- [ ] Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
- [X] Check this box if you have an unsecured priority claim

Amount entitled to priority $79,332.00

Specify the priority of the claim:
- [ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- [ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- [X] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- [ ] Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 07-25-06 | [signature] Audrey Amort |

# AFFIDAVIT OF MAILING

**CASE NAME:**        **AUDREY AMORT & YADER CABRERA**
**CASE NUMBER:**      **F053794**

**DOCUMENT:**         **ORDER SETTING ARREARS**
                     **(Hearing Date: February 23, 2006)**

I declare, under penalty of perjury, that on the following date I deposited in the United States Post Office Mail Box at Redwood City, California a true copy of the foregoing document, enclosed in an envelope, with the proper and necessary postage pre-paid thereon, and addressed to the following:

Clifton J. Lurkis, Esq.
Knapp & Viola
441 First Avenue
P. O. Box 1290
San Mateo, CA  94401


Yader Cabrera
623 Dorchester, #124
Rochester Hills, MI 48307

Executed on __March 8, 2006__ at Redwood City, California

## CLERK OF THE SUPERIOR COURT

By: _____**LINDA LUFKINS**_____
       **Linda Lufkins, Deputy Clerk**

ENDORSED FILED
SAN MATEO COUNTY

MAR - 8 2006

Clerk of the Superior Court
By _____LINDA LUFKINS_____
DEPUTY CLERK



1
2
3
4
5
6
7

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| In re the Marriage of: | No. F053794 |
| Petitioner: AUDREY AMORT | ORDER SETTING ARREARS |
| and | Hearing Date: February 23, 2006 |
| Respondent: YADER CABRERA | |

On September 8, 2005, Petitioner filed an Order to Show Cause, requesting, among other requests, for the court to determine child and spousal support arrears for the purpose of setting an amount to be taken from Respondent's retirement account. Based on the pleadings and a review of the court file, the following determination is made.

### Spousal Support Arrears

On Sept. 8, 2000, a wage assignment was signed by Judge Hall which established spousal support arrears through July 14, 2000, in the amount of $4,000. In the motion now before the court, Petitioner has presented an accounting which shows the amount of support due and the

Page 1

amount paid for the period commencing Aug. 1, 2001 through Dec. 31, 2005. There is a period of approximately twelve months, from July 15, 2000 through July 31, 2001, unreported. The court is unaware of what was paid during that time (most relevant, what was paid against the arrears). Therefore, spousal support arrears for the period between Aug. 1, 2001 and Dec. 31, 2005, shall be calculated at $1,000 per month for fifty-three months, for a total of $53,000 plus interest at the legal rate. Petitioner shall recalculate the interest due and submit the calculation with the QDRO. At this time, the court makes no determination of any arrears which may have accumulated prior to August 1, 2001, as that issue was not before the court.

### Child Support Arrears

In the motion now before the court, Petitioner sets forth an accounting of child support owed and paid for the period commencing June 15, 2000, through the date the youngest child emancipated, June 30, 2002. Included in this accounting is a charge of $200 per month ordered to be applied to arrears. However, a review of the court file does not reveal any determination of what the amount of arrears was when that order was made. Therefore, arrears for this time period June 15, 2000 through June 30, 2002 shall be set at $1,076 per month for twenty-four and one-half months, for a total pf $26,362 plus interest at the legal rate. Petitioner shall recalculate the interest due and submit the calculation with the QDRO. At this time, the court makes no determination of any arrears which may have accumulated prior to June 15, 2000, as that issue was not before the court.

Dated: 3/7/06

COMMISSIONER KATHLEEN MCKENNA

# AFFIDAVIT OF MAILING

| | |
|---|---|
| **CASE NAME:** | **AUDREY AMORT & YADER CABRERA** |
| **CASE NUMBER:** | **F053794** |

| | |
|---|---|
| **DOCUMENT:** | **ORDER SETTING ARREARS** |
| | **(Hearing Date: February 23, 2006)** |

I declare, under penalty of perjury, that on the following date I deposited in the United States Post Office Mail Box at Redwood City, California a true copy of the foregoing document, enclosed in an envelope, with the proper and necessary postage pre-paid thereon, and addressed to the following:

Clifton J. Lurkis, Esq.
Knapp & Viola
441 First Avenue
P. O. Box 1290
San Mateo, CA  94401


Yader Cabrera
623 Dorchester, #124
Rochester Hills, MI 48307


Executed on   **March 8, 2006**   at Redwood City, California

## CLERK OF THE SUPERIOR COURT

By: _____**LINDA LUFKINS**_____
        **Linda Lufkins, Deputy Clerk**

**DELPHI**

August 2, 2006

Audrey Amort Carbrera
730 Bounty Dr. 3018
Foster City, CA  94404

Dear Audrey:

        We are in receipt of the proof of claim form that you filed in the cases of Delphi Corporation and certain of its U.S. affiliates (collectively, the "Debtors"). You have not included sufficient information for the Debtors to reconcile your asserted claim to the Debtors' books and records. Therefore, by September 2, 2006, please forward to the address below all additional information which you believe supports your asserted claim, including the amount of your asserted claim, the type of claim you are asserting, and any supporting documentation evidencing the existence of your claim. Failure to meet this deadline will result in the Debtors objecting to your proof of claim.

        Sincerely,

        DELPHI CLAIMS RECONCILIATION TEAM

        *Jeanine De Luca*

        By:    Jeanine DeLuca
        Its:    Manager, Proof of Claim
        Address: Delphi Proof of Claim
                900 Tower Drive, 9th floor
                Troy, MI.  48098
                M/C 480-900-001
        Fax:    (248) 265-4277

Audrey Amort
730 Bounty Dr. #3018
Foster City, CA 94404

August 25, 2006

Delphi Proof of Claim
900 Tower Dr. 9th floor
Troy, MI 48098
M/C 480-900-001

### RE: CASE NUMBER 05-44481

Dear Jeanine De Luca,

Please find enclosed my completed proof of claim with its respective supporting documents.

I hope you find them sufficient proof for your approval. I would appreciate you letting me know if there is anything else you need.

Thank you in advance for your understanding and consideration.

Sincerely,

Audrey Amort

| UNITED STATES BANKRUPTCY COURT    Southern    DISTRICT OF   New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Audrey Amort Carbrera**

Name and address where notices should be sent:

Audrey Amort Carbrera
730 Bounty Dr 3018
Foster City CA 94404

Telephone number: 650·358·9147

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
N/A

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other   CHILD AND SPOUSAL SUPPORT

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
     (date)          (date)

**2. Date debt was incurred:**
JUNE 15, 2000

**3. If court judgment, date obtained:**
MARCH 7, 2006 / 5·12·06

**4. Total Amount of Claim at Time Case Filed:** $ _____ $ 79,362.00 $ 79,362.00
      (unsecured)   (secured)   (priority)   (Total)
      $ 105,672.90

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 79,362.00 / $ 105,672.90
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☒ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 150-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this proof of claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.*

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>8·24·06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*Audrey Amort* | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544481060410191305014119

| Date | Action | Payment Due | Paid | Penalty Bal | Interest Accr | Cred | Bal | Principal & Costs Cred | Bal |
|------|--------|-------------|------|-------------|---------------|------|-----|------------------------|-----|
| Jun 15, 2000 | @10.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Jun 15, 2000 | pmt due | 538.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 538.00 |
| Jul 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 2.36 | 0.00 | 2.36 | 0.00 | 1614.00 |
| Aug 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 13.71 | 0.00 | 16.07 | 0.00 | 2690.00 |
| Sep 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 22.85 | 0.00 | 38.91 | 0.00 | 3766.00 |
| Oct 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 30.95 | 0.00 | 69.87 | 0.00 | 4842.00 |
| Nov 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 41.12 | 0.00 | 110.99 | 0.00 | 5918.00 |
| Dec 01, 2000 | pmt due | 1076.00 | 0.00 | 0.00 | 48.64 | 0.00 | 159.63 | 0.00 | 6994.00 |
| Jan 01 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 59.40 | 0.00 | 219.03 | 0.00 | 8070.00 |
| Feb 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 68.54 | 0.00 | 287.57 | 0.00 | 9146.00 |
| Mar 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 70.16 | 0.00 | 357.73 | 0.00 | 10222.00 |
| Apr 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 86.82 | 0.00 | 444.55 | 0.00 | 11298.00 |
| May 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 92.86 | 0.00 | 537.41 | 0.00 | 12374.00 |
| Jun 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 105.09 | 0.00 | 642.50 | 0.00 | 13450.00 |
| Jul 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 110.55 | 0.00 | 753.05 | 0.00 | 14526.00 |
| Aug 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 123.37 | 0.00 | 876.42 | 0.00 | 15602.00 |
| Sep 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 132.51 | 0.00 | 1008.93 | 0.00 | 16678.00 |
| Oct 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 137.08 | 0.00 | 1146.01 | 0.00 | 17754.00 |
| Nov 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 150.79 | 0.00 | 1296.80 | 0.00 | 18830.00 |
| Dec 01, 2001 | pmt due | 1076.00 | 0.00 | 0.00 | 154.77 | 0.00 | 1451.56 | 0.00 | 19906.00 |
| Jan 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 169.06 | 0.00 | 1620.63 | 0.00 | 20982.00 |
| Feb 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 178.20 | 0.00 | 1798.83 | 0.00 | 22058.00 |
| Mar 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 169.21 | 0.00 | 1968.04 | 0.00 | 23134.00 |
| Apr 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 196.48 | 0.00 | 2164.52 | 0.00 | 24210.00 |
| May 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 198.99 | 0.00 | 2363.51 | 0.00 | 25286.00 |
| Jun 01, 2002 | pmt due | 1076.00 | 0.00 | 0.00 | 214.76 | 0.00 | 2578.26 | 0.00 | 26362.00 |
| Apr 18, 2006 | appl | 0.00 | 0.00 | 0.00 | 10234.23 | 0.00 | 12812.50 | 0.00 | 26362.00 |
| Apr 18, 2006 | totals | 26362.00 | 0.00 | 0.00 | 12812.50 | 0.00 | 12812.50 | 0.00 | 26362.00 |

Audrey Amen vs. Yader Cabrera (Respondent), Case Number F053794, 4/19/2006

## Amounts Due Now

| | |
|---|---|
| Costs: | $0.00 |
| Principal: | $26,362.00 |
| *Interest: | $12,812.50 |
| **Fam C §4722 Penalty: | $0.00 |
| | ------------- |
| Total: | $39,174.50 |

Daily interest from Tuesday, April 18, 2006 is: $7.22

* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
** Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

| Date | Action | Payment | | Penalty Bal | Interest | | | Principal & Costs | |
|------|--------|---------|------|-------------|----------|------|------|-------------------|------|
| | | Due | Paid | | Accr | Cred | Bal | Cred | Bal |
| Aug 01, 2001 | @10.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Aug 01, 2001 | pmt due | 1000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1000.00 |
| Sep 01, 2001 | pmt due | 1000.00 | 0.00 | 0.00 | 8.49 | 0.00 | 8.49 | 0.00 | 2000.00 |
| Oct 01, 2001 | pmt due | 1000.00 | 0.00 | 0.00 | 16.44 | 0.00 | 24.93 | 0.00 | 3000.00 |
| Nov 01, 2001 | pmt due | 1000.00 | 0.00 | 0.00 | 25.48 | 0.00 | 50.41 | 0.00 | 4000.00 |
| Dec 01, 2001 | pmt due | 1000.00 | 0.00 | 0.00 | 32.88 | 0.00 | 83.29 | 0.00 | 5000.00 |
| Jan 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 42.47 | 0.00 | 125.75 | 0.00 | 6000.00 |
| Feb 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 50.96 | 0.00 | 176.71 | 0.00 | 7000.00 |
| Mar 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 53.70 | 0.00 | 230.41 | 0.00 | 8000.00 |
| Apr 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 67.95 | 0.00 | 298.36 | 0.00 | 9000.00 |
| May 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 73.97 | 0.00 | 372.33 | 0.00 | 10000.00 |
| Jun 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 84.93 | 0.00 | 457.26 | 0.00 | 11000.00 |
| Jul 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 90.41 | 0.00 | 547.67 | 0.00 | 12000.00 |
| Aug 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 101.92 | 0.00 | 649.59 | 0.00 | 13000.00 |
| Sep 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 110.41 | 0.00 | 760.00 | 0.00 | 14000.00 |
| Oct 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 115.07 | 0.00 | 875.07 | 0.00 | 15000.00 |
| Nov 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 127.40 | 0.00 | 1002.47 | 0.00 | 16000.00 |
| Dec 01, 2002 | pmt due | 1000.00 | 0.00 | 0.00 | 131.51 | 0.00 | 1133.98 | 0.00 | 17000.00 |
| Jan 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 144.38 | 0.00 | 1278.36 | 0.00 | 18000.00 |
| Feb 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 152.88 | 0.00 | 1431.24 | 0.00 | 19000.00 |
| Mar 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 145.75 | 0.00 | 1576.99 | 0.00 | 20000.00 |
| Apr 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 169.86 | 0.00 | 1746.86 | 0.00 | 21000.00 |
| May 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 172.60 | 0.00 | 1919.46 | 0.00 | 22000.00 |
| Jun 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 186.85 | 0.00 | 2106.31 | 0.00 | 23000.00 |
| Jul 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 189.04 | 0.00 | 2295.35 | 0.00 | 24000.00 |
| Aug 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 203.84 | 0.00 | 2499.19 | 0.00 | 25000.00 |
| Sep 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 212.33 | 0.00 | 2711.52 | 0.00 | 26000.00 |
| Oct 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 213.70 | 0.00 | 2925.22 | 0.00 | 27000.00 |
| Nov 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 229.32 | 0.00 | 3154.53 | 0.00 | 28000.00 |
| Dec 01, 2003 | pmt due | 1000.00 | 0.00 | 0.00 | 230.14 | 0.00 | 3384.67 | 0.00 | 29000.00 |
| Jan 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 246.30 | 0.00 | 3630.97 | 0.00 | 30000.00 |
| Feb 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 254.80 | 0.00 | 3885.77 | 0.00 | 31000.00 |
| Mar 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 246.30 | 0.00 | 4132.07 | 0.00 | 32000.00 |
| Apr 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 271.78 | 0.00 | 4403.85 | 0.00 | 33000.00 |
| May 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 271.23 | 0.00 | 4675.09 | 0.00 | 34000.00 |
| Jun 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 288.77 | 0.00 | 4963.86 | 0.00 | 35000.00 |
| Jul 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 287.67 | 0.00 | 5251.53 | 0.00 | 36000.00 |
| Aug 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 305.76 | 0.00 | 5557.28 | 0.00 | 37000.00 |
| Sep 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 314.25 | 0.00 | 5871.53 | 0.00 | 38000.00 |
| Oct 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 312.33 | 0.00 | 6183.86 | 0.00 | 39000.00 |
| Nov 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 331.23 | 0.00 | 6515.10 | 0.00 | 40000.00 |
| Dec 01, 2004 | pmt due | 1000.00 | 0.00 | 0.00 | 328.77 | 0.00 | 6843.86 | 0.00 | 41000.00 |
| Jan 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 348.22 | 0.00 | 7192.09 | 0.00 | 42000.00 |
| Feb 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 356.71 | 0.00 | 7548.80 | 0.00 | 43000.00 |
| Mar 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 329.86 | 0.00 | 7878.66 | 0.00 | 44000.00 |
| Apr 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 373.70 | 0.00 | 8252.36 | 0.00 | 45000.00 |
| May 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 369.86 | 0.00 | 8622.23 | 0.00 | 46000.00 |
| Jun 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 390.69 | 0.00 | 9012.91 | 0.00 | 47000.00 |
| Jul 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 386.30 | 0.00 | 9399.22 | 0.00 | 48000.00 |
| Aug 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 407.67 | 0.00 | 9806.89 | 0.00 | 49000.00 |
| Sep 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 416.17 | 0.00 | 10223.06 | 0.00 | 50000.00 |

| Date | Action | Payment | | Penalty Bal | Interest | | | Principal & Costs | |
| | | Due | Paid | | Accr | Cred | Bal | Cred | Bal |
|---|---|---|---|---|---|---|---|---|---|
| Oct 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 410.96 | 0.00 | 10634.02 | 0.00 | 51000.00 |
| Nov 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 433.15 | 0.00 | 11067.17 | 0.00 | 52000.00 |
| Dec 01, 2005 | pmt due | 1000.00 | 0.00 | 0.00 | 427.40 | 0.00 | 11494.57 | 0.00 | 53000.00 |
| Apr 18, 2006 | appl | 0.00 | 0.00 | 0.00 | 2003.83 | 0.00 | 13498.40 | 0.00 | 53000.00 |
| Apr 18, 2006 | totals | 53000.00 | 0.00 | 0.00 | 13498.40 | 0.00 | 13498.40 | 0.00 | 53000.00 |

05-A14814 Doc 13-21  Filed 03/12/08  Entered 03/17/08 11:59:32  Main Document
Pg 18 of 23

Audrey Amor vs. Yader Cabrera (Respondent), Case Number F053794, 4/19/2006

## Amounts Due Now

| | |
|---|---|
| Costs: | $0.00 |
| Principal: | $53,000.00 |
| *Interest: | $13,498.40 |
| **Fam C §4722 Penalty: | $0.00 |
| | ------------ |
| Total: | $66,498.40 |

Daily interest from Tuesday, April 18, 2006 is:  $14.52

* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
** Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS Hall of Justice & Records
MAILING ADDRESS 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch - Family Law Division

PETITIONER/PLAINTIFF: AUDREY AMORT

RESPONDENT/DEFENDANT: YADER CABRERA

OTHER PARENT:

ENDORSED FILED
SAN MATEO COUNTY
MAR 1 3 2006
Clerk of the Superior Court
By ELENI MELAS
DEPUTY CLERK

| QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT (EARNINGS ASSIGNMENT ORDER FOR SUPPORT) | CASE NUMBER: F053794 |
|---|---|
| ☐ Modification   ☒ Child Support   ☒ Spousal or Family Support | |

**TO THE PAYOR/PLAN:** This is an earnings assignment order for support governed by Chapter 8 of the Family Code and is intended to be a qualified domestic relations order (QDRO) under applicable federal law. This order applies to the following named plan:

Name: GENERAL MOTORS CORPORATION / GLOBAL HEADQUARTERS / EMPLOYEE BENEFITS GROUP

Address: MAIL CODE 482-C-336
300 RENAISSANCE CENTER / P.O. BOX 300 / DETROIT, MI. 48265-3000

This order requires you to withhold a portion of the benefits payable under the Plan with respect to *(specify Obligor/Participant's full legal name, and, if known, mailing address, date of birth, and employee identification number)*:

Name: YADER CABRERA          DOB:  12/31/56          ID#:  ss# 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
Address: ENEL 1 Cuadra al este
Leon, Nicaragua, Centro America

and pay as directed below.

Note: A separate *Attachment to Qualified Domestic Relations Order for Support* (form FL-461) that sets forth the social security number of any participant named above must be completed and served on the Plan with a copy of this order. The Plan will require this information for tax reporting purposes. Do not file a copy of form FL-461 with the court.

**THE COURT ORDERS THE FOLLOWING:**

. **WITHHOLDING OF PERIODIC BENEFIT PAYMENTS**

 a. If Participant has commenced receiving benefits under the Plan in the form of monthly or other periodic payments or has applied to receive monthly or other periodic payments *(if benefits are not in pay status and have not been applied for, see item 5; if benefits are payable in a lump sum, see item 3)*, withhold the following amounts from the monthly benefits otherwise payable to the Participant:

| | | |
|---|---|---|
| (1) ☐ $ _____ per month current **child support** | (4) ☐ $ _____ | per month **child support arrearages** |
| (2) ☐ $ _____ per month current **spousal support** | (5) ☐ $ _____ | per month **spousal support arrearages** |
| (3) ☐ $ _____ per month current **family support** | (6) ☐ $ _____ | per month **family support arrearages** |

 b. Total monthly support obligation of *(sum of item 1a(1) through (6))*:     $ 0.00

 c. If the total monthly support obligation exceeds 50 percent of Participant's periodic benefits, withhold the greater of 50 percent or the percentage, if any, set forth in item 12.

 d. If Participant's benefits are payable on a periodic basis other than monthly (e.g., quarterly, semiannually, or annually), multiply each of the amounts in items 1a and 1b by the number of months included in the payment period, and withhold the adjusted amounts (subject to the limitations in item 1c, taking into account the adjustment of the amount in item 1b) from each benefit payment.

 e. If the amount withheld is less than the total monthly support obligation, prorate the amount first to current child support, then to current family support, and then to current spousal support. Apply any remainder in the same order of priority to support arrearages.

Form Approved for Optional Use
Judicial Council of California
FL-460 [Rev. January 1, 2003]
From Dean's Essential Forms TM1

Page 1 of 4

**QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT**
**(EARNINGS ASSIGNMENT ORDER FOR SUPPORT)**

Family Code § 5208, Code of
Civil Procedure, § 706.052,
25 U S C § 414(p) 29 U S C § 1056(d)
www.courtinfo.ca.gov

Amort, Audrey

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN MATEO
STREET ADDRESS Hall of Justice & Records
MAILING ADDRESS 400 County Center
CITY AND ZIP CODE Redwood City, CA 94063
BRANCH NAME Southern Branch - Family Law Division

PETITIONER/PLAINTIFF: AUDREY AMORI

RESPONDENT/DEFENDANT: YADER CABRERA

OTHER PARENT:

SAN MATEO COUNTY

MAR 1 3 2006

Clerk of the Superior Court
By    ELENI MELAS
DEPUTY CLERK

QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT
(EARNINGS ASSIGNMENT ORDER FOR SUPPORT)

CASE NUMBER: F053794

☐ Modification    ☒ Child Support    ☒ Spousal or Family Support

**TO THE PAYOR/PLAN:** This is an earnings assignment order for support governed by Chapter 8 of the Family Code and is intended to be a qualified domestic relations order (QDRO) under applicable federal law. This order applies to the following named plan:

Name: **GENERAL MOTORS CORPORATION   GLOBAL HEADQUARTERS   EMPLOYEE   BENEFITS GROUP**
Address: **MAIL CODE 482-C-B36**
**300 RENAISSANCE CENTER   P.O. BOX 300   DETROIT, MI 48265-3000**

This order requires you to withhold a portion of the benefits payable under the Plan with respect to (specify Obligor/Participant's full legal name, and, if known, mailing address, date of birth, and employee identification number):

Name: YADER CABRERA    DOB:  12 31/56    ID#: ss# 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
Address: ENEL 1 Cuadra al este
Leon, Nicaragua, Centro America
and pay as directed below.

*Note: A separate Attachment to Qualified Domestic Relations Order for Support (form FL-461) that sets forth the social security number of any participant named above must be completed and served on the Plan with a copy of this order. The Plan will require this information for tax reporting purposes. Do not file a copy of form FL-461 with the court.*

**THE COURT ORDERS THE FOLLOWING:**

**WITHHOLDING OF PERIODIC BENEFIT PAYMENTS**

a.  If Participant has commenced receiving benefits under the Plan in the form of monthly or other periodic payments or has applied to receive monthly or other periodic payments (if benefits are not in pay status and have not been applied for, see item 5. If benefits are payable in a lump sum, see item 3), withhold the following amounts from the monthly benefits otherwise payable to the Participant:

(1) ☐ $_____ per month current child support   (4) ☐ $_____ per month child support arrearages
(2) ☐ $_____ per month current spousal support (5) ☐ $_____ per month spousal support arrearages
(3) ☐ $_____ per month current family support** (6) ☐ $_____ per month family support arrearages

b.  Total monthly support obligation of (sum of item 1a(1) through (6)).    $    0.00

c.  If the total monthly support obligation exceeds 50 percent of Participant's periodic benefits, withhold the greater of 50 percent or the percentage, if any, set forth in item 12.

d.  If Participant's benefits are payable on a periodic basis other than monthly (e.g., quarterly, semiannually, or annually), multiply each of the amounts in items 1a and 1b by the number of months included in the payment period, and withhold the adjusted amounts (subject to the limitations in item 1c, taking into account the adjustment of the amount in item 1b) from each benefit payment.

e.  If the amount withheld is less than the total monthly support obligation, prorate the amount first to current child support, then to current family support, and then to current spousal support. Apply any remainder in the same order of priority to support arrearages.

QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT
(EARNINGS ASSIGNMENT ORDER FOR SUPPORT)

Amori, Audrey

2. **ARREARAGES:** For purposes of this order, the total arrearages are set as follows (interest that has not been calculated or included is not waived):

|  | | Amount | As of (date) |
|---|---|---|---|
| a. | [X] Child support: | $ 39,275.61 | 05/02/2006 |
| b. | [X] Spousal support: | $ 66,701.69 | 05/02/2006 |
| c. | [ ] Family support: | $ | |

3. **WITHHOLDING FROM LUMP SUM DISTRIBUTIONS:** Withhold from any lump sum distributions currently payable to Participant under the Plan as follows:

a. An amount equal to the total of the support arrearages, if any, set forth in item 2.

b. To the extent the amounts withheld under item 3a are for child support arrearages, withhold from the lump sum distribution and pay over to the appropriate taxing authorities an additional amount sufficient to satisfy the Plan's mandatory federal and state income tax withholding obligations with respect to those arrearages and with respect to all additional amounts withheld under this item 3b. Any amounts withheld under this item 3b may not be applied to reduce the amount of the child support arrearages.

c. To the extent the amounts withheld under item 3a are for support arrearages other than child support, withhold from those amounts and pay over to the appropriate taxing authorities an additional amount sufficient to satisfy the Plan's mandatory federal and state income tax withholding obligations with respect to those arrearages. Any amounts withheld under this item 3c must be applied proportionally to reduce the amount of the family support arrearages and spousal support arrearages.

d. If the amounts withheld under item 3a are less than the total of the support arrearages, if any, set forth in item 2, prorate the amounts first to child support arrearages, then to family support arrearages, and then to spousal support arrearages.

e. If the amounts to be withheld under items 3a and 3b would exceed the total amount of the lump sum distribution currently payable, withhold the entire amount of the lump sum distribution, allocate from it an amount sufficient to satisfy the Plan's mandatory federal and state income tax withholding obligations with respect to the amount of such distribution, and allocate the balance to satisfaction of the child support arrearages. Any income tax withheld under this item 3e may not be applied to reduce the amount of the child support arrearages.

f. The limitations on withholding set forth in items 1 and 12 do not apply to the withholding provisions of this item 3.

4. **DISTRIBUTE AMOUNTS WITHHELD OR ALLOCATED AS FOLLOWS:**

a. **Child Support:** All amounts withheld or payable for child support under this order are for the benefit of (specify name of each Alternate Payee, with date of birth, if available):

| Name of each child | Date of birth of each child |
|---|---|
| Loreley M. Cabrera-Amort | 8/22/1984 |

b. Amounts withheld for child support must be paid to (specify name, capacity, and mailing address of agent to receive payments-hereafter "Agent") :

Name: Audrey Amort    Capacity: Mother

Address: **730 Bounty Drive, #3018**
         **Foster City, CA 94404**

c. **Spousal or Family Support**

(1) All amounts withheld or payable for spousal/family support under this order are for the benefit of (specify name of Spousal or Family Alternate Payee, with date of birth, if available): *

Name: Audrey Amort    DOB: 5/13/1959

Note: A separate Attachment to Qualified Domestic Relations Order for Support (form FL-461) that sets forth the social security number of any Spousal or Family Alternate Payee named in item 4c(1) must be completed and served on the Plan with a copy of this order. The Plan will require this information for tax reporting purposes. Do not file a copy of form FL-461 with the court.

(2) Amounts withheld for spousal or family support must be paid to (check one):

(a) [ ] Spousal or Family Alternate Payee at the following address (specify mailing address of Alternate Payee):
Address:

(b) [ ] Spousal or Family Alternate Payee's Agent (specify name, mailing address, and capacity of agent to receive payments):
Name:    Capacity:
Address:

FL-460 [Rev. January 1, 2003]
Martin Dean's Essential Forms TM

QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT
(EARNINGS ASSIGNMENT ORDER FOR SUPPORT)

Page 2 of 4

Amort, Audrey

PETITIONER/PLAINTIFF: AUDRE AMORT
RESPONDENT/DEFENDANT: ODER AND DUDESL ABRERA
OTHER PARENT:

NUMBER
453794

Filed 03/12/08    Entered 03/17/08 11:59:32    Main Document
Pg 22 of 23

5. **IF BENEFITS ARE NOT CURRENTLY IN PAY STATUS:**
   a. If Participant applies for benefits (including a lump sum distribution) within 90 days after the Plan receives this order or while the temporary restraining order in item 13 remains in effect, the withholding provisions of this order must take effect once such benefits become payable.
   b. If Participant has not commenced receiving benefits under the Plan (other than by reason of the temporary restraining order in item 13), and does not apply to receive benefits by the end of the period specified in item 5a, the Plan has no obligation under this order to withhold payments from Participant's benefits, provided the Plan sends prompt written notice to Alternate Payee(s) stating that no benefits are currently available for distribution under this order and specifying the earliest date on which Participant could begin receiving benefits under the Plan if Participant terminated employment.

6. Any notices required or permitted under this order to any Alternate Payee must be sent by first-class mail, postage prepaid, to the Alternate Payee or to the Alternate Payee's Agent, if one is designated, at the address set forth in item 4, or such other address as the Alternate Payee/Agent may specify by written notice to the Plan.

7. This order upon approval as a QDRO (check appropriate box, if either is applicable):
   (a) ☐ amends/replaces any existing QDRO with respect to support for any Alternate Payee's named herein.
   (b) ☐ supplements but does not amend or replace any existing payment obligations under a previous QDRO issued with respect to any Alternate Payee named herein.

8. This order must not be interpreted to require payment of benefits in any form not permitted by the Plan or in an amount greater than the actuarial value of Participant's benefits, less any benefits otherwise payable to another alternate payee under another order previously determined to be a QDRO.

9. Upon approval of this order as a QDRO, the Plan must send to Alternate Payee(s) any forms or notices that the Plan may require in order to effectuate the distribution of benefits as specified herein. This requirement does not apply if item 5b applies.

10. This order affects all benefits of Participant payable beginning as soon as possible but not later than 10 days after you receive it, including any retroactive benefit payments, whether those payments relate to a period before or after the date you receive this order. You must withhold from retroactive benefit payments according to the provisions of item 1 as if the payments had been made when due. The payments ordered herein will continue until further court order or notarized written notice from the Alternate Payee(s).

11. The Plan must give the Obligor/Participant a copy of this order and the accompanying blank *Request for Hearing Regarding Earnings Assignment* (form FL-450) within 10 days.

12. ☐ **MAXIMUM WITHHOLDING PERCENTAGE GREATER THAN 50%** *(If a maximum withholding percentage greater than 50% has been authorized by court order, check the box to the left and complete the following.)*
   By order entered on *(date):* _____ , by stipulation or following noticed motion and appropriate proceedings, the court has determined, following Code of Civil Procedure section 706.052, that because support arrearages exist and/or when Participant's disposable earnings from all sources are taken into account, the maximum percentage of Participant's benefits under the Plan that are subject to withholding pursuant to item 1 of this order is *(check one)* :
   (a) ☐ 100%
   (b) ☐ _____ % *(If this box is checked, fill in the maximum percentage specified in the order.)*

13. **TEMPORARY RESTRAINING ORDER:** During any period in which the status of this order as a QDRO is being determined (by the Plan, a court of competent jurisdiction, or otherwise) and such further period as may be ordered by the court, the Plan is hereby TEMPORARILY RESTRAINED from making any distribution to Participant or Participant's beneficiary (other than a beneficiary under another QDRO) of any amount that would have been payable during such period to any Alternate Payee named herein if this order had been determined to be a QDRO. In no event may this temporary restraining order remain in effect for a period of more than 18 months after the date of this order.

14. **OTHER PROVISIONS**
   (a) ☐ The Plan shall provide to the Alternate Payee, or to the Alternate Payee's agent, a copy of the Summary Plan Description; any subsequent summaries of material modifications with respect to the Plan; and the Plan's QDRO procedures, if any.
   (b) ☐ Other *(specify):*

Date: 5 | 12 | 06

**KATHLEEN McKENNA**

JUDICIAL OFFICER

FL-450 (Rev. January 1, 2003)
Martin Dean's Essential Forms ™

QUALIFIED DOMESTIC RELATIONS ORDER FOR SUPPORT
(EARNINGS ASSIGNMENT ORDER FOR SUPPORT)

Page 3 of 4

Amort, Audrey

PETITIONER/PLAINTIFF: AUDRE AMORT
RESPONDENT/DEFENDANT: YADER CABRERA
OTHER PARENT:

NUMBER

03/12/08   Entered 03/17/08 05:39:32   Main Document
Pg 23 of 23

## INSTRUCTIONS FOR QUALIFIED DOMESTIC RELATIONS ORDER
### (EARNINGS ASSIGNMENT ORDER FOR SUPPORT)

1. **DEFINITIONS OF IMPORTANT WORDS IN THE ORDER**
   (a) **Alternate payee:** any spouse, former spouse, child, or other dependant of the Participant.
   (b) **Participant/Obligor:** any person ordered by a court to pay child support, spousal support, or family support who has an accrued benefit or account balance (whether or not vested) under a Plan.
   (c) **Agent:** any person, including the district attorney or other governmental agency, to whom the support is to be paid on behalf of an alternate payee.
   (d) **Payor/Plan:** any employee benefit plan described in Family Code section 80 that is not a governmental plan as defined in 29 U.S.C. § 1002(32). The term includes plans benefiting self-employed individuals such as partners and sole proprietors. If an entity other than the Plan pays benefits to participants under the Plan, the term Payor/Plan also includes that entity.
   (e) **QDRO:** an order that has been approved by the administrator of the Plan (or by a court of competent jurisdiction) as meeting the requirements for a qualified domestic relations order under 29 U.S.C. § 1056(d) or 26 U.S.C. § 414(p).
   (f) **Annuity:** a form of benefit in which periodic payments (usually monthly) are made for the life of the recipient and/or the recipient's survivor. This order applies to annuities and to any other form of benefit payment or distribution allowable under the Plan (e.g., single sum, installments, and other periodic payments).

2. **TAX INFORMATION FOR PAYORS**
   Generally speaking, for federal income tax purposes, the Participant will be taxed on any child support paid from a Plan based on this order. Amounts paid by the Plan for spousal or family support generally will be taxable to the Alternate Payee for whose benefit those amounts are paid.

2. **TAX INFORMATION FOR PAYORS** *(continued)*
   You should consult with your professional tax advisor on the specific tax treatment and reporting requirements applicable to distributions under this order.

3. **OTHER INFORMATION FOR PAYORS**
   This order, which is an earnings assignment order, and you as the Payor are governed by Chapter 8, beginning with section 5200, of the Family Code and related provisions of that code and the Code of Civil Procedure. Your attention is directed particularly to the provisions of Chapter 8 that set forth your obligations as a Payor (referred to therein as the "Employer").

   When benefits under the Plan are currently payable to the Participant, withholding under this order should commence as soon as possible but no later than 10 days after you receive the *Qualified Domestic Relations Order for Support.* If benefits are not currently payable but Participant has applied to receive benefits, or applies within 90 days after you receive this order or while the temporary restraining order contained in item 13 of this order is in effect, this order (including the temporary restraining order) applies to the benefits Participant has applied for and becomes entitled to receive under the terms of the Plan.

   Once this order has been approved as a QDRO, all benefits withheld pursuant to the temporary restraining order must be disbursed in accordance with the terms of this order or, to the extent those benefits are not affected by this order, to the person or persons entitled to them under the terms of the Plan.

   If you have any questions about this order, please contact the office that sent this form to you, as shown in the upper left-hand corner.

4. **INFORMATION FOR ALL PARTICIPANTS:** You should have received a *Reques: for Hearing Regarding Earnings Assignment* (form FL-450) with the *Qualified Domestic Relations Order for Support.* If not, you may get one from either the court clerk or the local child support agency. If you want the court to stop or modify the assignment of your benefits under the Plan, you must file (hand-deliver or mail) an original copy of form FL-450 with the court clerk within 10 days of the date you received this order. Keep a copy of the form for your records.

   If you think your support order is wrong, you can ask for a modification of the order, or in some cases you can have the order set aside and a new order issued. You can talk to any attorney or visit the family law facilitator if you need more help.

Amort, Audrey