SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING SKF USA INC.'S OBJECTION TO
(I) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR
UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND
HALFSHAFT BUSINESS RELATING TO (A) PURCHASE ORDER NUMBERS 9OI6236, 9OI6280,
9OI6383, (B) PURCHASE ORDER NUMBERS SAG9OI4765, SAG9OI2726, AND
(C) PURCHASE ORDER NUMBER 9OI5996, 6242, 6243; AND (II) NOTICE OF CURE AMOUNT
WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND
ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS
RELATING TO (A) PURCHASE ORDER NUMBER SAG9OI4765 AND
(B) PURCHASE ORDER NUMBER SAG9OI2726; AND (III) THE "STEERING SALE MOTION"

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and SKF USA Inc., an entity that, in part, does business under the trade name Chicago Rawhide ("SKF") respectfully submit this Stipulation And Agreed Order (the "Stipulation") Resolving SKF USA Inc.'s Objection To (I) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Numbers 9OI6236, 9OI6280, 9OI6383, (B) Purchase Order Numbers SAG9OI4765, SAG9OI2726, And (C) Purchase Order Number 9OI5996, 9OI6242, 9OI6243; And (II) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Number SAG9OI4765 And (B) Purchase Order Number SAG9OI2726; And (III) The "Steering Sale Motion", and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and SKF entered into Purchase Order Nos. SAG9OI4765 and SAG9OI2726 (the "SKF Prepetition Steering Contracts") under which SKF would provide certain products to the Debtors.

WHEREAS following the Petition Date, certain of the Debtors and SKF entered into Purchase Order Nos. SAG9OI6236, SAG9OI6280, SAG9OI6383, SAG9OI5996, SAG9OI6242, and SAG9OI6243 (collectively, the "SKF Postpetition Steering Contracts" and,

together with the SKF Prepetition Steering Contracts, the "SKF Steering Contracts") under which SKF would provide certain products to the Debtors.

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and assign the SKF Prepetition Steering Contracts to Steering Solutions Corporation and certain of its affiliates (the "Buyers"), and that the alleged cure amount associated with the assumption of the SKF Prepetition Steering Contracts is $0.00 for SAG9OI4765 and $103,159.81 for SAG9OI2726.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

3

And Debtors-In-Possession (the "Plan").

WHEREAS, on February 1, 2008, SKF filed its Objection To (I) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Numbers 9OI6236, 9OI6280, 9OI6383, (B) Purchase Order Numbers SAG9OI4765, SAG9OI2726, And (C) Purchase Order Number 9OI5996, 9OI6242, 9OI6243; And (II) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Number SAG9OI4765 And (B) Purchase Order Number SAG9OI2726; And (III) The "Steering Sale Motion" (Docket No. 12465) (the "SKF Objection"), in which SKF objected to the Debtors' proposed cure amounts for the SKF Prepetition Steering Contracts and asserted, among other things, that additional postpetition amounts may be owed to cure defaults under the SKF Steering Contracts.

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order, among other things, adjourned the SKF Objection to the March 19, 2008 omnibus hearing.

THEREFORE, the Debtors and SKF, stipulate and agree as follows:

4

1.  Upon the Debtors' assumption and assignment of the SKF Prepetition Steering Contracts and no later than the Closing (as that term is defined below) or as soon thereafter as is reasonably practicable, the Debtors shall pay the prepetition cure amount arising under Purchase Order Number SAG9OI2726 to SKF, in cash, in the amount of $83,147.38 (the "Prepetition Cure Amount").  Notwithstanding anything herein to the contrary, no party shall assert that prepetition cure amounts related to SAG9OI2726 and SAG9OI4765 are greater than $83,147.38 in the aggregate.

2.  If the closing date of the sale of the Debtor's Steering and Halfshaft Business (the "Closing") occurs before the date the Debtors emerge from their Chapter 11 cases (the "Effective Date"), then the Prepetition Cure Amount and any other liabilities accruing under SKF Steering Contracts that, as of the Closing, have not been paid within the applicable payment terms contained in or incorporated into the SKF Steering Contracts (as of the date of this Stipulation, the SKF Steering Contracts contain or incorporate "MNS-2" payment terms), will be paid by the Debtors in full (in the currency used by the parties in the ordinary course of business) in the ordinary course of business and, in any event, no later than Closing or as soon thereafter as is reasonably practicable.

3.  If the Closing occurs after the Effective Date, then the Debtors shall assume, and cure all defaults arising under, the SKF Prepetition Steering Contracts (including, without limitation, the Prepetition Cure Amount) pursuant to the terms of the Plan.  Nothing herein, or in the Sale Approval Order, shall in any way modify or restrict SKF's right to seek the allowance and payment of (a) any amounts necessary to cure any defaults that SKF alleges existed under any of the SKF Prepetition Steering Contracts as of the Effective Date; (b) any administrative expense priority claims arising or accruing under any of the SKF Steering

5

Contracts and existing as of the Effective Date; and (c) any post-Effective Date Claims arising or accruing under any of the SKF Steering Contracts prior to Closing, provided, however, that, except as provided in this Stipulation (including the Prepetition Cure Amount, which the Debtors acknowledge is valid and outstanding), the Debtors reserve any and all defenses with respect to any claims of SKF identified in this sentence.

4. Regardless of whether the Closing occurs before or after the Effective Date, all liabilities related to the SKF Steering Contracts accruing pre-Closing and which, as of the Closing, are not past due (i.e., are outstanding as of the Closing and can still be paid within the applicable payment terms, and hereafter, such liabilities are referred to as the "Transferred Obligations"), will be paid by the Buyers, pursuant to the terms, and subject to the conditions, of the SKF Steering Contracts and as set forth in the Master Sale and Purchase Agreement among the Selling Debtor Entities and the Buyers, dated December 10, 2007. Nothing contained herein or in the Sale Approval Order is, or shall be deemed to be, a release of the Selling Debtor Entities' obligation to pay the Transferred Obligations. If the Buyers fail to pay any of the Transferred Obligations before such obligation is past due or if any of the Transferred Obligations remain outstanding as of the administrative claims bar date set forth in Section 10.5 of the Plan (the "Administrative Claims Bar Date"), SKF reserves all of its rights under applicable law to seek payment (or, in the case of a postpetition Transferred Obligation that is not past due as of the Administrative Claims Bar Date, to preserve its right to obtain payment) of such Transferred Obligations from the Debtors, including, without limitation, its right to file administrative expense claims on or before the Administrative Claims Bar Date and assert any claims arising after the Effective Date but prior to Closing, provided, however, that, except as provided in this Stipulation, the Debtors reserve any and all defenses with respect to any claims

of SKF identified in this sentence.

    5.  Regardless of whether the Closing occurs before or after the Effective Date, all liabilities arising after the Closing under any of the SKF Steering Contracts shall be paid by the Buyers in the ordinary course of business.

    6.  As soon as reasonably practicable following the full execution of this Stipulation by counsel for SKF, the Debtors, and the Buyers, the Debtors shall submit this Stipulation to the Court for its approval.  The hearing on the SKF Objection shall be adjourned pending Court Approval of the Stipulation, and the SKF Objection shall be identified as being settled, pending approval by the Court.  Upon the Court's approval of this Stipulation, SKF shall be deemed to have withdrawn with prejudice the SKF Objection, subject to a full reservation of all of SKF's rights and of all the Debtors' defenses under this Stipulation.

    7.  If the Closing occurs prior to the Effective Date, and the Debtors determine that they will not be assuming and assigning (with respect to any of the SKF Prepetition Steering Contracts) or assigning (with respect to any of the SKF Postpetition Steering Contracts) one or more of the SKF Steering Contracts to the Buyers, then the Debtors shall provide SKF's counsel of record with written notice of the same prior to Closing and, in such notice, shall designate such omitted contract(s) with particularity.  If the Closing occurs after the Effective Date, any issues regarding the Debtors' assumption or rejection of any of the SKF Prepetition Steering Contracts shall be governed by the Plan and any issues regarding the assignment of any of the SKF Postpetition Steering Contracts shall be governed by the Sale Approval Order, as modified by this Stipulation.  Any SKF Steering Contract that is either omitted from the list of contracts to be assigned to the Buyers pursuant to the first sentence of this Paragraph 7 or is an executory contract that is rejected pursuant to the second sentence of

7

this Paragraph 7 and the Plan, shall be deemed to be excluded from the SKF Steering Contracts for purposes of the Sale Approval Order and this Stipulation.

8. SKF hereby acknowledges that upon Debtors' payment of the Prepetition Cure Amount in connection with an assumption and assignment of the SKF Prepetition Steering Contracts to the Buyers, SKF shall be forever barred from asserting against the Debtors any other claim related to the SKF Prepetition Steering Contracts arising at any time prior to and including the date of this Stipulation, except for such other claims that SKF may assert pursuant to the terms of this Stipulation (including, but not limited to, claims that SKF may assert under paragraphs 2, 3, and 4 of this Stipulation).

9. Nothing herein, nor anything in the Sale Approval Order, shall in any way affect any of SKF's rights unrelated to the SKF Steering Contracts, including any of SKF's rights with respect to any prepetition, postpetition, or post-Effective Date contracts other than the SKF Steering Contracts, or any prepetition, postpetition, or post-Effective Date claims not arising under any of the SKF Steering Contracts.

10. To the extent that the Sale Approval Order conflicts with, or is in any way inconsistent with, this Stipulation, the terms of this Stipulation shall govern and shall be binding on SKF, the Debtors, and the Buyers.

So Ordered in New York, New York, this <u>17th</u> day of March, 2008

                                            <u>/s/Robert D. Drain</u>
                                            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Henry J. Jaffe |
| John Wm. Butler, Jr. | Henry J. Jaffe |
| John K. Lyons | PEPPER HAMILTON LLP |
| Ron E. Meisler | 1313 North Market Street, Suite 5100 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | P.O. Box 1709 |
| | Wilmington, DE  19899-1709 |
| 333 West Wacker Drive, Suite 2100 | (302) 777-6500 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | Attorney for SKF USA Inc. |
| - and – | /s/ Richard Wynne |
| Kayalyn A. Marafioti | Richard Wynne |
| Thomas J. Matz | Bennett L. Spiegel |
| Four Times Square | KIRKLAND & ELLIS LLP |
| New York, New York  10036 | 777 South Figueroa Street |
| (212) 735-3000 | Los Angeles, CA 90017-5800 |
| | (213) 680-8400 |
| Attorneys for Delphi Corporation, et al. Debtors and Debtors-in-Possession | Attorney for Steering Solutions Corporation |