**Hearing Date: March 19, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
            In re                                        :        Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :        Case No. 05-44481 (RDD)
                                                         :
                          Debtors.                       :        (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SIXTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO CERTAIN (A) DUPLICATE OR AMENDED CLAIMS, (B) UNTIMELY CLAIMS
NOT REFLECTED ON DEBTORS' BOOKS AND RECORDS, (C) UNTIMELY
CLAIMS, AND (D) CLAIMS SUBJECT TO MODIFICATION
AND MODIFIED CLAIM ASSERTING RECLAMATION

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SIXTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection"), and respectfully represent as follows:

1.    The Debtors filed the Twenty-Sixth Omnibus Claims Objection on February 15, 2008, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they (i) were duplicative of other Claims or have been amended or superseded by later-filed Claims, (ii) assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (iii) were filed by taxing authorities and assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (iv) were untimely filed pursuant to the Bar Date Order, and (v) were filed by taxing authorities and were untimely filed pursuant to the Bar Date Order, and (b) revising the (i) amount or classification, and/or changing the identity of the alleged Debtor, with respect to certain Claims and (ii) amount and classification with respect to a Claim which is subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, and other claims

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Fifth Omnibus Claims Objection.

which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses.

2.       The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Sixth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Twenty-Sixth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on March 12, 2008.

3.       As of March 17, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 10 timely-filed formal docketed responses and one undocketed response (collectively, the "Responses") to the Twenty-Sixth Omnibus Claims Objection.  In the aggregate, the Responses cover 17 Claims.  Attached hereto as Exhibit A is a chart summarizing each of the Responses and listing the 17 Claims for which a Response was filed.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the 17 Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4.       Attached hereto as Exhibit B is a revised proposed order (the "Revised Proposed Order"),[2] which reflects the adjournment of the hearings with respect to the Claims for

---

[2]      Attached hereto as Exhibit C is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Sixth Omnibus Claims Objection.

which Responses were filed or received by the Debtors.  Such adjournment will be without

prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise

deficient under the Claims Objection Procedures Order.

    5.  In addition to the Responses, the Debtors also received informal letters, e-

mails, and telephone calls from various parties questioning the relief requested with the Twenty-

Sixth Omnibus Claims Objection and seeking to reserve certain of their rights with respect

thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the

Informal Responses have been adequately resolved.

    6.  Except for those Claims with respect to which the hearings have been

adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the

issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief

requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the

Revised Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed

pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and

further relief as is just.


Dated: New York, New York
       March 18, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession