**Exhibit A**

In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

*Responses To The Debtors' Twenty-Sixth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | City of Pharr (Docket No. 12769) | 16790 | City of Pharr, Texas ("Pharr") disagrees with the Debtors' Twenty-Sixth Omnibus Claims Objection (the "Objection") to disallow and expunge proof of claim no. 16790. Pharr asserts that it did not receive adequate notice of the filing of the bankruptcy case and therefore should not be bound by the bar date. Pharr further asserts that even if its claim is disallowed, its tax liens will survive and the Debtors will be required to segregate all assets and/or proceeds from the sale of any assets encumbered by its tax liens. | Untimely tax claims | Adjourn |
| 2. | Rosalyn Motley (Docket No. 12949) | 16794 | Rosalyn Motley ("Motley") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 16794. Motley asserts that proof of claim no. 11184 was timely filed and disallowed pursuant to the Third Omnibus Claims Objection Order (Docket No. 6224). Motley appears to argue that because the Debtors were aware of (i) the underlying action pending in the Northern District of Alabama Western Division, and (ii) the timely filed but disallowed proof of claim no. 11184, the Debtors fail to meet | Untimely books and records claims | Adjourn |

---

[1] This chart reflects all Responses entered on the docket as of Monday, March 17, 2008 at 12:00 p.m. (prevailing Eastern time).

[2] This chart reflects all resolutions or proposals as of Monday, March 17, 2008 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | their burden in objecting to proof of claim no. 16794. Motley further asserts that proof of claim no. 16794 should be estimated and allowed in the amount of $40,000.00. Motley attaches a copy of the complaint filed in the underlying action. | | |
| 3. | American Aikoku Alpha (Docket No. 13013) | a) 16783<br><br>b) 16796 | American Aikoku Alpha ("Aikoku") disagrees with the Debtors' Objection to disallow and expunge its proofs of claim as untimely. Aikoku asserts that it submitted a reclamation demand letter to the Debtors' on October 17, 2005. Aikoku further asserts that its reclamation demand letter (i) operates as a valid informal proof of claim and (ii) that untimely filed proof of claim 16783 therefore amends the timely informal proof of claim. Aikoku attaches its reclamation demand letter and proof of claim no. 16783. | a) Untimely claims<br><br>b) Duplicate or amended claims | Adjourn |
| 4. | Futaba Corporation Of America (As Successor By Merger To Trans-Tron Ltd., Inc.) (Docket No. 13039) | 9263 | Futaba Corporation of America ("Futaba"), as successor by merger to Trans-Tron Ltd., Inc., disagrees with the Debtors' Objection to reduce proof of claim no. 9263 from $2,901,601.14 (of which $2,713,191.25 was an unsecured claim and $188,409.89 was a priority reclamation claim) to an unsecured claim in the amount of $660,882.60. Futaba asserts that the Debtors have not produced sufficient evidence to rebut the prima facie validity of proof of claim no. 9263. | Modified claims asserting reclamation | Adjourn |
| 5. | Harman Becker Automotive Systems, Inc. (Docket No. 13052) | 6606 | Harman Becker Automotive Systems, Inc. ("Harman") disagrees with the Debtors' Objection to reduce proof of claim no. 6606 from $191,024.66 to $181,360.63. Harman asserts that the Debtors have not produced any evidence to rebut the prima facie validity of proof of claim no. 6606. Harman attaches new additional documentation in support of | Claims subject to modification | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | its claim. | | |
| 6. | Louisiana Department Of Revenue (Docket No. 13077) | 16707 | The Louisiana Department of Revenue ("Louisiana DOR") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 16707, which was asserted as a prioty tax claim in the amount of $7,436.36. Lousiana DOR argues that each of the factors for excusable neglect outlined in Pioneer Investment Services v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993) supports allowance of proof of claim no. 16707. | Untimely tax claims | Adjourn |
| 7. | TGI Direct Inc. (Docket No. 13084) | 16780 | TGI Direct Inc. ("TGI") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 16780. TGI asserts that proof of claim no. 16780 is supported by separate consideration and documentation. | Duplicate or amended claims | Adjourn |
| 8. | City Of Dayton, Ohio (Docket No. 13092) | 16440 | The City of Dayton, Ohio ("Dayton") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 16440. Dayton appears to assert that proof of claim no. 16440 amends previously filed proof of claim no. 16404. Dayton argues that proof of claim no. 16440 should be deemed timely filed pursuant to Pioneer Investment Services v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). In the alternative, Dayton asserts that the Court should reconsider previously expunged proof of claim no. 16404 based on excusable neglect.<br><br>Dayton further asserts (i) that it was unaware that proof of claim no. 16404 was expunged on the Debtors' Thirteenth Omnibus Claims Objection and (ii) that it is "unclear" whether Dayton was ever served with the Debtors' | Untimely tax claims | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Thirteenth Omnibus Claims Objection. | | |
| 9. | United States of America (Docket No,. 13121) | 16753, 16754 | The United States Attorney for the Southern District of New York (the "United States"), disagrees with the Debtors' Objection to disallow proof of claim no. 16753, which was filed by the Equal Employment Opportunity Commission (the "EEOC") and proof of claim no. 16754, which was filed on behalf of Stanley N. Straughter ("Straughter").

Firstly, the United States asserts that both proof of claim no. 16753 and proof of claim no. 16754 are administrative expense claims that are not subject to the bar date.  Secondly, the United States further asserts that at the February 29, 2008 hearing, counsel for the Debtors orally withdrew their Objection to the Straughter claim and any postpetition claim filed by the EEOC, therefore the Debtors are estopped from objecting on timeliness grounds.  Thirdly, the United States argues that Straughter (i) was never served with the Bar Date Order and (ii) had no claim at the time the Bar Date Notice was served via publication.

The United States further asserts that the Debtors have failed to produce evidence sufficient to rebut the prima facie validity of proofs of claim nos. 16753 and 16754.  The United States reattaches the proofs of claim and new additional supporting documentation. | Untimely books and records claims | Adjourn |
| 10. | Audrey Amort (Docket No. 13131) | 9221 | Audrey Amort ("Amort") disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 9221 as duplicative of proof of claim no. 16768.  Amort asserts (i) | Duplicate or amended claims | Adjourn |

4

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | that the proper amount of her claim is $105,672.90 and (ii) that she has no knowledge of proof of claim no. 16768. | | |
| 11. | Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd. (Undocketed) | 13926, 16622, 16624, 16770, and 16775 | Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd. (collectively, "Apple") and the Debtors are currently negotiating a stipulation resolving the Debtors' Objection as to proofs of claim nos. 13926, 16622, 16624, 16770, and 16775.  Proof of claim no. 16778 will be treated as Apple's surviving claim. | Duplicate or amended claims | Adjourn |