**Hearing Date: March 19, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                          :       Chapter 11
:
DELPHI CORPORATION, et al.,         :       Case No. 05-44481 (RDD)
:
                      Debtors.     :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SEVENTH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 TO CERTAIN CLAIMS TO IMPLEMENT
CURE PAYMENTS AND MODIFY GENERAL
UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-SEVENTH
OMNIBUS CLAIMS OBJECTION")

   Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Claims To Implement Cure Payments And Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 12687) (the "Twenty-Seventh Omnibus Claims Objection"), and respectfully represent as follows:

   1.  The Debtors filed the Twenty-Seventh Omnibus Claims Objection on February 15, 2008, seeking entry of an order revising, upon the occurrence of the Effective Date of the Plan as modified pursuant to the Confirmation Order, (a) the classification with respect to certain Claims, as that term is defined in 11 U.S.C. § 101(5), due to cure payments that the Debtors expect to make on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of certain executory contracts or unexpired leases (each, a "Contract Assumption"), (b) the classification with respect to certain Claims that have been modified pursuant to prior orders due to cure payments that the Debtors expect to make on account of a Contract Assumption, and (c) the classification with respect to certain Claims, some of which are subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, others of which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses, and all of which are subject to prior orders that modified the classification of such claims due to cure payments that the Debtors expect to make on account of a Contract Assumption.

---

[1]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Seventh Omnibus Claims Objection.

2

    2.  The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Seventh Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Twenty-Seventh Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on March 12, 2008.

    3.  As of March 17, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received three timely-filed formal docketed responses (collectively, the "Responses") to the Twenty-Seventh Omnibus Claims Objection. In the aggregate, the Responses cover eight Claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the eight Claims for which a Response was filed. The Response filed by Carolina Forge Co. and Meadville Forging Co. (Docket No. 12854) (the "Resolved Response") pertaining to proof of claim number 10703 has been resolved and withdrawn pursuant to the Withdrawal of Objections of (I) Carolina Forge Co. and Meadville Forging Co. to the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Qualified Bidders in Connection to Sale of Debtors' Bearing Business and (II) Carolina Forge Co. to Debtor's Twenty Seventh Omnibus Objection Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to Certain Claims to Implement Cure Payments and Modify General Unsecured Claims by Amount of Cure Payment (Docket No. 13113).

    4.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims entered on December 6, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the hearing with respect to each of the seven Claims for which a Response was filed, other than the Resolved Response, will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

5.      Attached hereto as <u>Exhibit B</u> is the revised proposed order in respect of the Twenty-Seventh Omnibus Claims Objection (the "Revised Proposed Order"),[2] which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed, other than proof of claim number 10703.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

6.      In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-Seventh Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

7.      Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2]     Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Seventh Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
      March 18, 2008

                            SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                            By: /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr. (JB 4711)
                                John K. Lyons (JL 4951)
                                Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                                    - and -

                            By: /s/ Kayalyn A. Marafioti
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York  10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession