**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-Seventh Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Carolina Forge Co. And Meadville Forging Co. (Docket No. 12854) | 10703 | Carolina Forge Co. and Meadville Forging Co. have withdrawn their response to the Debtors' Twenty-Seventh Omnibus Claims Objection (the "Objection") (Docket No. 13113). | Claims asserting reclamation subject to prior orders, modification, and cure | Modified |
| 2. | Longacre Master Fund Ltd. (Docket No. 13089) | 9647 | Longacre Master Fund Ltd. ("Longacre") disagrees with the Debtors' Objection to reclassify proof of claim no. 9647. Longacre disagrees that Park Enterprises of Rochester, Inc. ("Park") holds proof of claim no. 9647 because Park transferred the claim to Longacre. Longacre further asserts that the Objection is improper because proof of claim no. 16395, a sub judice claim, amends and replaces proof of claim no. 9647. Therefore until the Court adjudicates proof of claim no. 16395, any Objection to reclassify proof of claim no. 9647 should be denied on the grounds that allowance of proof of claim no. 16395 would moot the relief sought with respect to proof of claim no. 9647. Longacre attaches its response to the Ninth Omnibus Claims Objection. | Claims asserting reclamation subject to prior orders, modification, and cure | Adjourned |

---

[1]   This chart reflects all Responses entered on the docket as of Monday, March 17, 2008 at 12:00 p.m. (prevailing Eastern time).

[2]   This chart reflects all resolutions or proposals as of Monday, March 17, 2008 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 3. | Liquidity Solutions (Docket No. 13093) | a) 15493, 15469, 7289, 11854<br><br>b) 2387, 805 | Liquidity Solutions, Inc. d/b/a Revenue Management ("LSI"), as assignee of certain original creditors, does not object to the reclassification of proofs of claim nos. 15493, 2387, 15469, 7289, 11854, and 805.  LSI requests, however, that payment of the cure amounts be remitted directly to LSI, the current owner of the claims.  LSI argues that the Debtors' arguments for dealing only with contract counterparties – upholding the integrity of the cure process and preventing interference with the Debtors' relationship with the counterparties – are moot because all that is left is the ultimate payment of cure. | a) Claims subject to modification due to cure<br><br>b) Claims subject to prior orders and to modification due to cure | Adjourned |