UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
~~TO~~MODIFYING CERTAIN CLAIMS TO IMPLEMENT CURE PAYMENTS AND MODIFY
GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS
<u>IDENTIFIED IN TWENTY-SEVENTH OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Claims To Implement Cure Payments And Modify General Unsecured Claims By Amount Of Cure Payments, dated February 15, 2008 (the "Twenty-Seventh Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Seventh Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Seventh Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.        Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A-1, A-2, and A-3 hereto was properly and timely served with a copy of the Twenty-Seventh Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Seventh Omnibus Claims Objection. No other or further notice of the Twenty-Seventh Omnibus Claims Objection is necessary.

        B.        This Court has jurisdiction over the Twenty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Twenty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Twenty-Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.        The Claims listed on Exhibit A-1 hereto will be satisfied in whole or in part by Cure Payments (the "Exhibit A-1 Claims").

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2   DeltaView comparison of pcdocs://chisr01a/588121/5 and pcdocs://chisr01a/588121/9. Performed on 3/18/2008.

D.  The Claims listed on <u>Exhibit A-2</u> hereto were modified pursuant to prior orders and will be satisfied in whole or in part by Cure Payments (the "Exhibit A-2 Claims").

E.  The Claims listed on <u>Exhibit A-3</u> hereto will be satisfied in whole or in part by Cure Payments ~~and~~<u>, such Claims</u> (a) state the incorrect amount or are overstated and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Exhibit A-3 Claims").

F.  The relief requested in the Twenty-Seventh Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Upon the occurrence of the Effective Date of the Plan as modified pursuant to the Conf~~o~~<u>i</u>rmation Order, each "Claim As Docketed" classification listed on <u>Exhibit A-1</u> hereto shall be revised to reflect classification listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit A-1</u> hereto shall be entitled to assert a

---

3    DeltaView comparison of pcdocs://chisr01a/588121/5 and pcdocs://chisr01a/588121/9. Performed on 3/18/2008.

classification that is inconsistent with that listed in the "Claim As Modified" column, subject to the Debtors' right to further object to each such Exhibit A-1 Claim.  The Exhibit A-1 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        2.      Upon the occurrence of the Effective Date of the Plan as modified pursuant to the Conf~~o~~irmation Order, each "Claim As Docketed" classification listed on <u>Exhibit A-2</u> hereto shall be revised to reflect the classification listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit A-2</u> hereto shall be entitled to assert a classification that is inconsistent with that listed in the "Claim As Modified" column, subject to the Debtors' right to further object to each such Exhibit A-2 Claim.  The Exhibit A-2 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        3.      Upon the occurrence of the Effective Date of the Plan as modified pursuant to the Conf~~o~~irmation Order, each "Claim As Docketed" classification listed on <u>Exhibit A-3</u> hereto shall be revised to reflect the classification listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit A-3</u> shall be entitled to assert a classification that is inconsistent with that listed in the "Claim As Modified" column on <u>Exhibit A-3</u> hereto, subject to the Debtors' right to further object to each such Exhibit A-3 Claim.  The Exhibit A-3 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        4.      For clarity, <u>Exhibit ~~B~~C</u> hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on <u>Exhibits A-1</u>, <u>A-2</u>, <u>A-3, B-1, B-2,</u> and <u>~~A~~B-3</u> and <u>Exhibit ~~C~~D</u> sets forth each of the Claims referenced

---

4    DeltaView comparison of pcdocs://chisr01a/588121/5 and pcdocs://chisr01a/588121/9. Performed on 3/18/2008.

on Exhibits A-1, A-2, A-3, B-1, B-2, and ~~A~~B-3 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

      5.      The hearing regarding the objection to the Claims listed on Exhibits B-1, B-2, and B-3 hereto, for which a Response to the Twenty-Seventh Omnibus Claims Objection has been filed and served and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

      6.      ~~5.~~ Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Seventh Omnibus Claims Objection.

      7.      ~~6.~~ Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

      8.      ~~7.~~ This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Seventh Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

      9.      ~~8.~~ Each of the objections by the Debtors to each Claim addressed in the Twenty-Seventh Omnibus Claims Objection and attached hereto as Exhibits A-1, A-2, A-3, B-1, B-2, and ~~A~~B-3 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Seventh Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

10.    9. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

6    DeltaView comparison of pcdocs://chisr01a/588121/5 and pcdocs://chisr01a/588121/9. Performed on 3/18/2008.

11.    ~~10.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Seventh Omnibus Claims Objection.

Dated: New York, New York
       March ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

---

7    DeltaView comparison of pcdocs://chisr01a/588121/5 and pcdocs://chisr01a/588121/9. Performed on 3/18/2008.