**Hearing Date: March 19, 2008**
                          **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,

Debtors and Debtors-in-Possession
Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                                   :        Chapter 11
                                              :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                              :
                        Debtors.      :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEBTORS' SUPPLEMENTAL OMNIBUS REPLY TO OBJECTIONS TO (A) NOTICES OF ASSUMPTION AND/OR ASSIGNMENT AND (B) CURE NOTICES IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this supplemental omnibus reply (the "Supplemental Reply") in support of the Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 11390) (the "Sale Motion").[1]  The Debtors respectfully request that the Court (i) dispose of certain objections related to assumption and/or assignment of executory contracts in connection with the Sale Motion which were adjourned from the omnibus hearing on February 21, 2008 to the omnibus hearing on March 19, 2008 and (ii) further adjourn certain matters to the April 4, 2008 claims hearing or April 30, 2008 omnibus hearing, as set forth below.

Preliminary Statement

1. As part of the Company's transformation plan, the Company identified the steering and halfshaft business (the "Steering and Halfshaft Business") as one of its non-core businesses subject to disposition. Accordingly, following extensive marketing efforts, on December 10, 2007, the Sellers and the Buyers entered into a Master Sale and Purchase

---

[1] Unless otherwise defined herein, capitalized terms used herein have the meanings ascribed to them in the Sale Motion.

2

Agreement (the "Agreement").  The Agreement contemplates a global divestiture of the Company's Steering Business to the Buyers.  The Sellers will receive approximately $447 million worth of consideration under the proposed transactions (the "Transaction Value").  This Transaction Value is comprised of approximately $190 million in Assumed Liabilities and estimated restructuring costs,[2] and GM will provide the Selling Debtor Entities $257 million under a Transaction Facilitation Agreement among Delphi and GM.  Finally, GM will be responsible for certain additional expenses, in an amount estimated to be up to $65 million, which expenses would otherwise have been Delphi's obligations under the Agreement.

    2.  On December 20, 2007, the Court entered an Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In Connection With Sale Of Steering And Halfshaft Business (Docket No. 11578) (the "Bidding Procedures Order").  On February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order").

    3.  On March 7, 2008, the Debtors filed the Expedited Motion (I) Establishing Procedures For Assumption and Assignment of Certain Omitted Executory Contracts and

---

[2] Some of these restructuring costs would otherwise have been borne by GM under the MRA when the MRA becomes effective.

Unexpired Leases re Steering and Halfshaft Business (II) Authorizing Recovery of Excess Discounts Rights (the "Omitted Contracts Assumption Procedures Motion"). The Omitted Contracts Assumption Procedures Motion does not relate to the Objections (as defined below) discussed herein.

### Assumption And Assignment Of Executory Contracts

4.     In accordance with the Bidding Procedures Order, on January 23, 2008 and January 30, 2008, the Debtors served (i) notices of assumption and assignment of certain executory contracts (collectively, the "Notices of Assumption/Assignment") and (ii) notices of cure of executory contracts (the "Cure Notices" and, collectively with the Notices of Assumption/Assignment, the "Initial Notices") upon counterparties to the Debtors' executory contracts related to the Steering and Halfshaft business. In total, the Debtors served approximately 1,510 Notices of Assumption/Assignment and 889 Cure Notices.[3]

5.     The Debtors received 42 objections (the "Objections") to the Initial Notices.[4] Seven Objections were withdrawn or otherwise resolved prior to the Sale Hearing. To provide additional opportunity for consensual resolution of 35 of the Objections, (the "Adjourned Objections"),[5] the Court granted the Debtors' request to adjourn the Sale Hearing from February

---

[3] After filing the Initial Notices, the Debtors learned that certain executory contracts were inactive, expired, or had been terminated prior to the sale of the Steering and Halfshaft Business. Accordingly, on February 5, 2008, the Debtors filed and served seven Supplemental Notices Of Non-Assumption And Assignment Of Executory Contract In Connection With Sale Of Steering And Halfshaft Business (the "Supplemental Notices").

[4] In addition to the 42 objections to the Initial Notices, the Debtors received an objection to the Sale filed by the Maricopa County Treasurer which was subsequently withdrawn (Docket No. 12304). In addition, the Debtors received a limited objection (the "Timken Limited Objection") (Docket No. 12652) filed by Timken Company and Timken U.S. Corp. (collectively, "Timken"), which reflected concerns regarding how payment for Timken's contracts and certain of its defenses would be effected by the Sale Order. The Timken Limited Objection has been resolved as part of a stipulation and agreed order between the Debtors and Timken, which has been submitted to Court for signature and entry.

[5] The Adjourned Objections were as follows:  ALPS Automotive Inc. (Docket Nos. 12428, 12689), American Aikoku Alpha Inc. (Docket Nos. 12369, 12376), BI Technologies Corporation (Docket No. 12477), Castwell Products LLC (Docket No. 12524), Columbia Industrial Sales Inc. (Undocketed), E.I. du Pont de Nemours and
*(cont'd)*

4

21, 2008 to March 19, 2008, solely with respect to the Adjourned Objections. A chart summarizing the Adjourned Objections and the resolution of each is attached hereto as <u>Exhibit A</u>. The primary issues raised in the Adjourned Objections included disputed cure amounts, the identification or characterization in the Initial Notices of contracts to be assumed and assigned, and adequate assurance of future performance.

6. All but seven of the Adjourned Objections (with six counterparties) have been withdrawn or otherwise definitively resolved consensually and explicitly.[6] Negotiations are ongoing with the parties to the remaining Adjourned Objections (the "Outstanding Objections").[7] One of the Outstanding Objections has been substantially resolved but is awaiting finalization of a stipulation and agreed order. Negotiations between the Debtors and four contract counterparties are ongoing. Finally, the Buyers are working with a sixth party to address

---

*(cont'd from previous page)*
Company (Docket No. 12464), F&G Multi-Slide Inc. (Docket No. 12368), Freudenberg-Nok General Partnership (on Behalf of Itself and Its Affiliates Freudenberg Telas Sin Tejer Sa and Freudenberg Iberica Sa en Comandita) (Docket No. 12479), Furukawa Electric Company Ltd. (Docket Nos. 12391, 12424), Furukawa Electric North America APD Inc. (Docket No. 12426), Hydro Aluminum North America Inc. (Docket No. 12452), Intermet Corporation (Docket No. 12422), Lear Corporation (Docket No. 12475), Liquidity Solutions Inc. (Docket No. 12419), MacArthur Corporation (Docket No. 12443), Master Automatic Inc. (Docket No. 12459), Metal-Matic Inc. (Docket No. 12418), Nissan North America Inc. (Docket No. 12468), Robin Industries Inc. (Docket No. 12466), Rosler Metal Finishing USA L.L.C. (Docket No. 12455), S.A. Gevelot Extrusion (Undocketed), S&Z Tool & Die Co. Inc. (Docket Nos. 12447, 12454), SKF USA Inc. (Docket No. 12465), Small Parts Inc. (Docket No. 12408), Stoneridge Inc. (Docket No. 12481), Teleflex Incorporated (Docket No. 12515), Temic Automotive of North America Inc. and Motorola Inc. (Docket No. 12519), The Timken Company and Timken U.S. Corp. (Docket Nos. 12532, 12652), Universal Bearings LLC (Docket No. 12501), and ZF Boge Elastmetall LLC (Docket No. 12425).

[6] The Debtors and Furukawa have reached a settlement of the objections filed at Docket Nos. 12391, 12424, and 12426. A stipulation and agreed order between the parties will be submitted to court for entry.

[7] Objections filed by the following parties are outstanding: American Aikoku Alpha Inc. (Docket Nos. 12369, 12376), E.I. du Pont de Nemours and Company (Docket No. 12464), Freudenberg-Nok General Partnership (on Behalf of Itself and Its Affiliates Freudenberg Telas Sin Tejer Sa and Freudenberg Iberica Sa en Comandita) (Docket No. 12479), S.A. Gevelot Extrusion (Undocketed), Hydro Aluminum North America Inc. (Docket No. 12452), and S&Z Tool & Die Co. Inc. (Docket Nos. 12454).

remaining adequate assurance concerns.[8] The Debtors believe that resolution of many of the Outstanding Objections will be possible prior to the April 4, 2008 hearing. To provide a reasonable opportunity for resolution of these Outstanding Objections and issues, the Debtors respectfully request that the Court adjourn the hearing on the Motion as it pertains to the contracts covered by the Outstanding Objections from March 19, 2008 to April 4, 2008 at 10:00 a.m.[9] and April 30, 2008[10] at 10:00 a.m. (prevailing Eastern time) solely with respect to the Outstanding Objections and issues with respect to assumption and/or assignment of executory contracts.

       7.      Attached hereto as <u>Exhibit B</u> is a form of proposed order (the "Proposed Order"), which approves the Sale and the assumption and assignment of the contracts associated with the Adjourned Objections and reflects the adjournment of the Sale Hearing only with respect to the Outstanding Objections and issues regarding assumption and/or assignment of certain executory contracts.[11] The Debtors submit that the Proposed Order should be approved

---

[8] With respect to adequate assurance of performance, the Agreement includes a representation that the Buyers are required to provide such assurance at or prior to Closing. The Debtors understand that the Buyers are in the process of resolving this objection in accordance with the Buyers' contractual obligations.

[9] By consent of the parties, the Objections of E.I. du Pont de Nemours and Company (Docket No. 12464), Freudenberg-Nok General Partnership (on Behalf of Itself and Its Affiliates Freudenberg Telas Sin Tejer Sa and Freudenberg Iberica Sa en Comandita) (Docket No. 12479), S.A. Gevelot Extrusion (Undocketed), Hydro Aluminum North America Inc. (Docket No. 12452), and S&Z Tool & Die Co. Inc. (Docket Nos. 12454) have been adjourned to the April 4, 2008 claims hearing.

[10] By consent of the parties, the Objections of American Aikoku Alpha Inc. (Docket Nos. 12369, 12376) have been adjourned to the April 30, 2008 omnibus hearing.

[11] Such adjournment would be without prejudice to the Debtors' right to assert that any such Outstanding Objection was untimely or otherwise deficient, and without prejudice to the Debtors' right to submit a response to any Outstanding Objection or issue with respect to assumption and/or assignment of executory contracts prior to the next scheduled hearing in accordance with the Court's Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (Docket No. 2883).

for all of the reasons set forth in the Sale Motion and herein. Accordingly, the Debtors request that the Court grant the relief requested by the Debtors and enter the Proposed Order.

Resolved And/Or Withdrawn Adjourned Objections

8. As set forth above, a chart summarizing the resolution of all of the withdrawn or otherwise resolved Adjourned Objections is attached hereto as <u>Exhibit A</u>.

9. <u>BI Technologies Corporation ("BI Technologies")</u>. One party to an Adjourned Objection, BI Technologies, conditioned resolution and withdrawal of its Objection on the inclusion of specific statements in this Reply and accordingly, this summary of the resolution is set forth both in the chart and below.

10. Specifically, on February 4, 2008, BI Technologies filed the Response And Objection Of BI Technologies Corporation To (I) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business; And (II) Debtors' Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12477) ("BI Technologies Objection"). In its response, BI Technologies asserted (i) a cure amount that differed from the cure amount provided on the Debtors' Cure Notice, (ii) that the Buyers must provide adequate assurance of future performance, and (iii) that the Debtors must compensate BI Technologies for it pecuniary losses arising from the Debtors' alleged default under a certain purchase order. BI Technologies' objection was resolved in part based on the Debtors' acknowledgement as follows:

> The Debtors acknowledge and agree that, in the proceedings relating to their sale of the Steering and Halfshaft Business, aside from the assignment of Purchase Order #SAG90I4995 to the Buyers, the Debtors are not attempting to modify, and are not modifying, in any way the terms and conditions relating to Purchase Order #SAG90I4995 with BI Technologies Corporation existing as of the date of the assumption and assignment of that Purchase Order.

7

In addition, BI Technologies now accepts the Cure Amount of $167,743.50 proposed by the Debtors.  On account of the above, BI Technologies has filed a notice of withdrawal of the BI Technologies Objection at docket number 13128.

WHEREFORE the Debtors respectfully request that the Court enter the Amended And Restated Steering And Halfshaft Sale Approval Order (i) disposing of certain of the Adjourned Objections, (ii) adjourning the Outstanding Objections to the hearing on April 4, 2008 or April 30, 2008, as set forth on Exhibit A hereto, and (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       March 18, 2008

                SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

                By:  /s/ John Wm. Butler, Jr.
                    John Wm. Butler, Jr. (JB 4711)
                    John K. Lyons (JL 4951)
                    Ron E. Meisler (RM 3026)
                333 West Wacker Drive, Suite 2100
                Chicago, Illinois 60606
                (312) 407-0700

                        –and –

                By: /s/ Kayalyn A. Marafioti
                    Kayalyn A. Marafioti (KM 9632)
                    Thomas J. Matz (TM 5986)
                Four Times Square
                New York, New York 10036
                (212) 735-3000

                Attorneys for Delphi Corporation, et al.,
                  Debtors and Debtors-in-Possession