**EXHIBIT A**

*In re Delphi Corporation, et al.,*
*Case No. 05-44481 (RDD)*

**Steering And Halfshaft Sale**

**Objections To (I) Notices Of Assumption And/Or Assignment And (II) Cure Notices Organized By Objector**

|  | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 1. | 12368 | F&G Multi-Slide Inc. | • Asserts that the cure amount for PO SAG9OI4150 is $9,913.77 (not $0.00), but that the Court should order that the correct cure is $250,442.69, which it asserts is the correct amount of cure for all POs between F&G and the Debtor | • Resolved<br>• Stipulation and agreed order entered (Docket No. 13108) confirming that the cure amount for PO SAG90I4150 should be increased to $9,913.77, which will be paid in cash |
| 2. | 12369 | American Aikoku Alpha, Inc. | • Asserts that cure amounts are incorrect for four POs<br>-SAG9OI2815 should be $275,636.94, not $5,823.94<br>-SAG9OI4657 should be $48,687.46, not $0<br>-SAG9OI5218 should be $86,310.00, not $0<br>-SAG9OI5386 should be $5,126.64, not $0 | • Negotiations continuing<br>• Adjourned on consent to the April 30, 2008 hearing |
| 3. | 12376 | American Aikoku Alpha, Inc. | • Objects to assumption and assignment of POs SAG9OI3417, SAG9OI2815, SAG9OI5386, SAG9OI5218, SAG9OI4657, and 9OI6283 unless POs are fully cured in the amount of $415,761.04 | • Negotiations continuing<br>• Adjourned on consent to the April 30, 2008 hearing |
| 4. | 12391 | Furukawa Electric Company Ltd. | • Initial response objected to the assumption and/or assignment of contracts for which only a Sale Assumption Notices has been received by Furukawa and stated that insufficient information was provided to identify the contracts to be assumed<br>• Amended response asserts that the proper cure amount for SAG9OI5497 is $58,992.75, not $0, and that Furukawa does not object to the proposed cure amount for its other contracts | • Resolved<br>• After discussions between the parties, Furukawa has agreed to accept a cure amount of $32,356.14.<br>• The parties intend to enter into a stipulation and an agreed order documenting the agreement between the parties<br>• The resolution of this objection relates to the same issues as item no. 9 |
| 5. | 12408 | Small Parts, Inc. | • Objects to the cure notice, asserting that that the proper cure amount for purchase order SAG90J2634 is $7,599.77, not $1,536.70 and requesting that the assumption and assignment of the contract be conditioned upon providing a cure payment in the asserted amount | • Resolved<br>• Objection withdrawn (Docket No. 13134)<br>• Delphi has agreed to increase the cure amount to $7,106.79 for PO SAG90I2634 and $492.98 for PO SAG90I5387, for a total cure amount of $7,599.77 |

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 6. | 12418 | Metal-Matic Inc. | • Asserts that the correct cure amount for POs SAG9OI5603 and SAG9OI0209 is $86,009.76, not $43,080.52 and agrees that no cure is necessary for POs 9OI6342 and 9OI6377<br>• Asserts that Ore Hill should have standing for issues related to this cure, because Ore Hill owns the interest in the claim and that all future notices should be sent to Ore Hill | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) resolving Metal-Matic objection (Docket No. 12418) and Liquidity Solutions objection (Docket No. 12419)<br>• Stipulation and agreed order states that the prepetition cure amounts for POs SAG90I5603 and SAG90I0209 are $6,097.19 and $36,983.33, respectively |
| 7. | 12419 | Liquidity Solutions, Inc. as agent for Ore Hill Hub Fund Ltd. (assignee of Metal-Matic claim) | • Asserts that the correct cure amount for MMI POs SAG9OI5603 and SAG9OI0209 is $86,009.76, not $43,080.52 and that no cure is necessary for POs 9OI6342 and 9OI6377<br>• Liquidity also asserts that the remaining MMI cure claim should be $374.24 but that such amount is not related to the steering sale | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) resolving Metal-Matic objection (Docket No. 12418) and Liquidity Solutions objection (Docket No. 12419)<br>• Stipulation and agreed order states that the prepetition cure amounts for POs SAG90I5603 and SAG90I0209 are $6,097.19 and $36,983.33, respectively |
| 8. | 12422 | Intermet Corporation | • Asserts that the Debtors should also be assuming an April 27, 2007 letter agreement between Delphi and Intermet that relates to the purchase orders to be assumed and assigned as part of the Steering transaction<br>• Intermet argues that the failure to include the letter agreement is improper because it is part of the overall contracts and the Debtors may not assume and assign only a portion of an executory contract | • Resolved<br>• Stipulation and agreed order entered (Docket No. 13116) confirming the incorporation of terms of the April 27, 2007 letter agreement shall be applied to the purchase orders to be assumed and assigned |

2

|  | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 9. | 12424 | Furukawa Electric Company Ltd. | • Initial response objected to the assumption and/or assignment of contracts for which only a Sale Assumption Notice has been received by Furukawa and stated that insufficient information was provided to identify the contracts to be assumed<br>• Amended response asserts that the proper cure amount for SAG9OI5497 is $58,992.75, not $0, and that Furukawa does not object to the proposed cure amount for its other contracts | • Resolved<br>• After discussions between the parties, Furukawa has agreed to accept a cure amount of $32,356.14<br>• The parties intend to enter into a stipulation and an agreed order documenting the agreement between the parties<br>• The resolution of this objection relates to the same issues as item no. 4 |
| 10. | 12425 | ZF BOGE ELASTMETALL, LLC) | • ZF Boge objects to the assumption and assignment of purchase order 9OI4381 solely on the grounds of cure<br>• ZF Boge asserts that purchase order 9OI4381 is a prepetition agreement (originally dated 09/19/2000) for which $17,830.70 is outstanding and that such amount should be paid as a condition to assumption and assignment of the agreement | • Resolved<br>• Objection withdrawn (Docket No. 13106)<br>• Objection was resolved as part of reconciliation of underlying claim |
| 11. | 12426 | Furukawa Electric North America APD, Inc. | • Asserts that the proper cure amount for PO SAG9OI4073 is $2,832,655.73, not $2,664,471.29, and objects to the assumption and/or assignment of that contract unless the cure amount is modified accordingly | • Resolved<br>• Furukawa and the Debtors have agreed that the proper cure amount for the prepetition contracts is $2,752,655.73<br>• The parties intend to enter into a stipulation and an agreed order documenting the agreement between the parties |

3

|     | **Docket No.** | **Objector** | **Summary Of Objection** | **Potential Resolution, Response, Or Proposal** |
| --- | --- | --- | --- | --- |
| 12. | 12428 | Alps Automotive, Inc. | • Objects to the proposed assumption and assignment of purchase orders 9OI5747 and 9OI5746 on the following grounds:<br>  - The notice purportedly does not include the assumption of all related purchase orders that are part of the same relationship and executory contract, which would allegedly be all invoices and purchase orders attached to Alps' Claim No. 2246<br>  - The notice indicates no cure amounts and the contract allegedly may not be assumed without curing arrearages<br>  - The notice does not provide an adequate showing of future performance<br>  - The purchase orders may not be assumed or assigned because allegedly they have been expressly or implicitly rejected by the Debtors | • Resolved<br>• Stipulation and agreed order entered resolving the objections docketed at Docket No. 12428 and Docket No. 12689 (submitted to court for signature and entry)<br>• See also item no. 34 |
| 13. | 12443 | MacArthur Corporation | • Objects to notice of cure amount and asserts that the correct cure amount for PO SAG9OI0361 is $42,701.48, not $23,206.15, and the correct cure amount for PO SAG9OI4883 is $340.00, not $0.00 | • Resolved<br>• Objection withdrawn (Docket No. 13138)<br>• After further negotiations and clarification of payment terms, the parties have resolved the dispute without a change to the Debtor's proposed cure amount |

4

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 14. | 12447 | S&Z Tool & Die Co., Inc. | • Objects to the Notice of Assumption And/Or Assignment of PO SAG9OI0375, as well as the corresponding cure amount on the following bases:<br>   - Asserts that a cure payment in cash is owed for this PO in the amount of $705,217.71 (no cure notice provided), which represents the amounts payable as of January 24, 2008.  This amount is allegedly subject to increase if S&Z is not authorized to retain prior disbursements in the amount of $2,701.35 and should be adjusted to account for any pre-Closing purchases or payments by the Debtors under the PO<br>   - Asserts that adequate assurance of future performance must be provided by the assignee including a good faith demonstration satisfactory to S&Z that the buyer is willing and financially able to perform under all terms of the purchase order going forward<br>   - Asserts that upon payment of cure amount, S&Z's claim should be reduced by no more than $594,783.76, which is the alleged prepetition amount due<br>   - Asserts that Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments, as defined in the objection | • Stipulation and agreed order entered narrowing issues for litigation and agreeing to the payment of certain postpetition amounts (submitted to court for signature and entry)<br>• Remaining issues adjourned on consent to the April 4, 2008 hearing |
| 15. | 12452 | Hydro Aluminum North America, Inc. | • Objects to the Cure Notice regarding POs SAG9OI5217 and SAG9OI5216, asserting that the correct combined cure amount is $603,421.56, not $2,760.00 and $531,000.05, respectively | • Adjourned on consent to the April 4, 2008 hearing<br>• Parties have reached a settlement in principle and the adjournment will allow time to finalize the stipulation and agreed order |

5

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 16. | 12454 | S&Z Tool & Die Co., Inc. | • Objects to Notice of Assumption and/or Assignment, and Notice of Cure Amount regarding PO SAG9OI5449 on the following bases<br>    - Asserts that the proper cure amount for this PO is $5,250.00 (representing postpetition obligations through January 31, 2008), not $0.00. S&Z further asserts that this amount should be adjusted to account for any pre-Closing purchases or payments by the Debtors under the PO<br>    - Asserts that adequate assurance of future performance must be provided by the assignee including a good faith demonstration satisfactory to S&Z that the buyer is willing and financially able to perform under all terms of the purchase order going forward<br>    - Asserts that Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments, as defined in the objection | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) clarifying the rights of the parties regarding the payment of certain postpetition obligations |
| 17. | 12455 | Rosler Metal Finishing USA, L.L.C. | • Asserts that $585,346.30 is past due on its postpetition POs to be assumed and assigned by the Debtors as follows: $110,165.40 on 450493269, $110,165.40 on 450479564, $358,015.50 on 450479563, and $7,000.00 on 450515125 (no cure notice provided)<br>• Asserts that Rosler lacks adequate assurance that obligations under the POs will be satisfied<br>• Requests clarification of whether the Debtors or the Buyer is authorized to give final "sign off" on machinery sold by Rosler and delivered to the Debtors | • Resolved<br>• Objection withdrawn (Docket No. 12971)<br>• Debtors provided clarification regarding the party to provide "sign off" on machinery and the parties resolved the outstanding postpetition amounts owed. In addition, the buyer provided adequate assurance to Rosler |

6

|    | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|----|------------|----------|----------------------|---------------------------------------------|
| 18. | 12459 | Master Automatic, Inc. | • Asserts that under PO SAG9OI557, Debtors owe $34,088.68 prepetition and $100,974.42 postpetition, ($9,193.35 past-due), but the Notice indicates $0.00<br>• Asserts that under SAG9OI4412 Debtors owe $3,013.76 prepetition, and $15,791.67 postpetition, but the Notice indicates only $3,013.76 owed<br>• Asserts that adequate assurance must be provided for accrued work in progress that may not yet have become an account receivable<br>• Objects insofar as there are other POs to be assumed and assigned that are not included in the cure notices | • Resolved<br>• Objection withdrawn (Docket No. 13150)<br>• As previously noticed by the Debtors, the cure amount for PO SAG90I4412 will be $3,013.76 and the cure amount for PO SAG90I5571 will be $0.00<br>• In addition, the parties have agreed that the following postpetition contracts will also be assigned: 450559256, 450571076, 450591632, 450665440, 450666061, 450666387, 450532807, 9FI6350, and 90I5263<br>• The Debtors have also agreed to pay $4,306.18 for postpetition amounts under invoices 161926 and 161962 |
| 19. | 12464 | E.I. Du Pont De Nemours And Company | • Objects to proposed assumption and assignment of Purchase Order Number SAG9OI0737 on the following grounds:<br>  - Asserts that other, related, POs are not being assumed and assigned<br>  - Asserts that the Notice of Assumption does not explain how the assumption is reconciled with Du Pont's claims<br>  - Asserts that the Notice does not mention any cure amount but that postpetition amounts are owed under the purchase order in the amount of $345,670.97<br>  - Asserts that the Notice does not provide adequate assurance of future performance | • Negotiations continuing<br>• Adjourned on consent to the April 4, 2008 hearing |

7

|  | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 20. | 12465 | SKF USA Inc. | • Asserts that the proposed sale order contradicts the proposed sale agreement, creates ambiguity as to the respective obligations of the Selling Debtor Entities and the Buyer for payments of amounts owed under executory contracts to be assumed and assigned, and thus may deprive SKF of its rights to be paid in full for amounts owed under its prepetition and postpetition contracts<br>• Objects to the releases of the Debtors in the form set forth in the proposed sale order<br>• Asserts that the Buyer must accept the assignment of assumed executory contracts in their present form, including any valid amendments thereto<br>• Asserts that the proper cure amount for PO SAG9OI4765 is $1,650.75 for postpetition amounts owed under the PO (plus any additional amounts incurred prior to the closing of the sale)<br>• Asserts that the proper cure amount for PO SAG9OI2726 is $352,715.93 (not $103,159.81), including $83,147.38 for prepetition invoices and $269,568.55 for postpetition invoices (plus any additional amounts incurred prior to the closing of the sale)<br>• Asserts that the proposed order must say whether the Debtor or Buyer is responsible for paying accrued but unpaid amounts regarding postpetition POs to be assumed (SAG9OI6236, SAG9OI6280, SAG9OI6383, SAG9OI5996, SAG9OI6242, and SAG9OI6243)<br>• Reserves the right to object to the winning bidder on the grounds that the assignee has not provided adequate assurance of future performance | • Resolved<br>• Stipulation and agreed order entered (Docket No. 13133) stating that the prepetition cure amount for PO SAG9OI2726 is $83,147.38 and clarifying the rights of the parties regarding the payment of certain postpetition obligations |

8

|  | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 21. | 12466 | Robin Industries, Inc. | • Objects to the proposed assumption and assignment of PO SAG9OI2523 unless cure payment of $25,640.00 (not $9,615.00) (representing prepetition and postpetition obligations through January 31, 2008) is provided at or before closing.  Robin further asserts that this amount should be adjusted to account for any pre-Closing purchases or payments by the Debtors under the PO<br>• Asserts that adequate assurance of future performance must be provided by the assignee including a good faith demonstration satisfactory to Robin that the buyer is willing and financially able to perform under all terms of the purchase order going forward<br>• Asserts that Delphi or any assignee is obligated to pay (among other obligations) for the then-current Inventory and Advance Purchase Commitments, as defined in the objection | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) stating that the prepetition cure amount for PO SAG9OI2523 is $12,820.00, agreeing that payments of $3,205.00 will be paid to Robin, and clarifying the rights of the parties regarding the payment of certain postpetition obligations |

9

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 22. | 12468 | Nissan North America, Inc. | • Responds to the Notice of Assumption and/or Assignment, and the Cure Notice, asserting that there was insufficient time to reconcile the notices with their sales records, especially in regard to a service location in Japan.<br>• Asserts that PO numbers are insufficient to identify the executory contracts at issue<br>• Asserts that to the extent the Debtors allege that any of the contracts for which Nissan has received assumption and assignment notices are postpetition agreements not subject to cure, Nissan objects to preserve its rights until such allegation may be reconciled and verified<br>• Asserts that Debtors must assume the master purchase agreement, dated as of June 14, 2004 by and between the Sellers and Nissan North America, which governs the production relationship.  To the extent the Buyers are seeking to continue production of Nissan parts, Nissan requires that the Debtors assume the master purchase agreement and all obligations thereunder, including without limitation warranty and other obligations and assign it to the buyers<br>• Objects to assumption of two Confidentially Agreements, asserting that it is unclear that Delphi can give adequate assurance of that the Buyers will maintain the confidential nature of information received under the agreements<br>• Requests that the Court require the Debtors to provide Nissan additional information on each contract to be assumed | • Resolved<br>• Stipulation and agreed order entered (Docket No. 13107) confirming the proper agreements to be assumed and assigned in conjunction with the sale of the steering and halfshaft business and clarifying certain obligations of the parties |

10

|     | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
| --- | --- | --- | --- | --- |
| 23. | 12475 | Lear Corporation | • Objects to the assumption and assignment of its contracts because it has not yet determined in the contracts to be assumed and assigned are executory contracts or have any cure amounts owing<br>• Asserts that the Debtors should remain liable for accounts payable related to the contracts arising before the sale closing but which will not be due until after the closing<br>• Asserts that it has not been provided adequate assurance of future performance by the prospective purchaser and than such purchaser must meet Lear supplier qualifications and demonstrate its ability to pay for the Debtors' pre-assignment accounts payable | • Resolved<br>• Objection withdrawn (Docket No. 13137)<br>• Contact between Lear and the Buyer resolved Lear's assertion that adequate assurance of future performance had not been given |
| 24. | 12477 | BI Technologies Corporation | • Asserts that its contract may not be assumed and assigned until it is provided cure in cash of no less than $189,736.75 (not $167,743.50) for prepetition amounts owed plus outstanding postpetition amounts owed<br>• Asserts that adequate assurance of future performance must be provided by the assignee including a good faith demonstration satisfactory to BI Technologies that the ultimate assignee is willing and financially able to perform under all terms of the purchase order going forward<br>• Asserts that BI Technologies must be compensated for its pecuniary losses as a result of the Debtors' alleged defaults under the purchase order, but does not quantify such losses | • Resolved<br>• Objection withdrawn (Docket No. 13128)<br>• The Debtors included specific language in the Debtors' Supplemental Reply by agreement of the parties |

11

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 25. | 12479 | Freudenberg-Nok General Partnership (on Behalf of Itself and Its Affiliates Freudenberg Telas Sin Tejer Sa and Freudenberg Iberica Sa en Comandita) | • Objects to the assumption and assignment of its contracts because it has not yet determined if the contracts to be assumed and assigned are executory contracts or have any cure amounts owing<br>• Asserts that the Debtors should remain liable for accounts payable related to the contracts arising before the sale closing but which will not be due until after the closing<br>• Asserts that it has not been provided adequate assurance of future performance by the prospective purchaser and than such purchaser must meet Freudenberg supplier qualifications and demonstrate its ability to pay for the Debtors' pre-assignment accounts payable | • Adjourned on consent to the April 4, 2008 hearing to allow Buyer more time to provide adequate assurance to the counterparty |
| 26. | 12481 | Stoneridge, Inc. | • Asserts that the proper cure amount for PO SAG9OI4428 is $564,996.36 (not $436,312.36), including $527,323.92 in prepetition amounts owed and $37,672.44 in postpetition amounts owed | • Resolved<br>• Debtors have agreed to increase the cure amount to $445,412.18 for PO SAG90I4428<br>• The counterparty has agreed to withdraw its objection, and a formal withdrawal is expected |
| 27. | 12501 | Universal Bearings, LLC | • Objects to Cure Notice, asserting that the correct cure amount for PO SAG9OI0226 is $283,230.52, not $275,509.55 | • Resolved<br>• Objection withdrawn (Docket No. 13143)<br>• After further negotiations, the parties have resolved the dispute without a change to the Debtors' proposed cure amount |

|  | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 28. | *12515 | • Teleflex Incorporated<br><br>*(Although docketed on February 5, 2008, an extension was granted and thus the objection is not considered late) | • Objects to the Notice of Assumption and/or Assignment and Cure notice related to PO SAG9OI0952<br>• Asserts that it does not know the correct cure amount, because it has sold the portion of its business related to this PO, and is awaiting a response from its buyer in this regard<br>• Asserts that it was owed as much as $212,632.48 as of the petition date, but the Cure Notice only provides $144,080.72 in cure<br>• Objects to the Cure Notice to the extent that all amounts due have not been paid as of the time of assumption and/or assignment, and requests adequate assurance that such payments will be made | • Resolved<br>• Objection withdrawn (Docket No. 13110)<br>• After further negotiations, the parties have resolved the dispute without a change to the Debtors' proposed cure amount |
| 29. | *12519 | Temic Automotive of North America, Inc. and Motorola, Inc.<br><br>*(Docketed 02/05/2008) | • Objects to Cure Notice, asserting that the proper total cure amount is $2,516,096.88 (not $2,255,696.88), as stipulated by the parties as part of the settlement of claim #2402.<br>• Asserts that Debtors may have neglected to include PO 550068913 in the contracts to be assumed | • Resolved<br>• Objection withdrawn (Docket No. 13090)<br>• After discussions between the parties, this objection was resolved without a change to the Debtors' asserted cure amount |

13

| | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 30. | 12524 | Castwell Products LLC<br><br>*(Although docketed on February 6, 2008, an, extension was granted and thus the objection is not considered late) | • Asserts that the correct cure for PO D550014481 is $32,228.91, not $29,089.19<br>• Asserts that the correct cure for PO D550014482 is $2,830.80, not $2,542.20<br>• Asserts that the correct cure for PO D550014483 is $21,017.24, not $18,874.50<br>• Asserts that the correct cure for PO D550056750 is $67,490.76, not $57,557.80<br>• Asserts that the correct cure for PO SAG9OI2001 is $14,857.44, not $0.00<br>• Reserves the right to object to the assumption and assignment of each of the underlying contract related to each of the purchase orders<br>• Objects to the Debtors' assertion that a hearing on the Castwell objection may be held after the Closing Date in the Debtors' sole discretion | • Resolved<br>• Objection withdrawn (Docket No. 13123)<br>• The parties agreed that the cure amount for PO SAG9OI2001 would be $10,000.00 |
| 31. | 12532 | The Timken Company and Timken U.S. Corp.<br><br>*(Although docketed on February 6, 2008, an extension was granted and thus the objection is not considered late) | • Asserts that Timken has not had sufficient time to reconcile apparent inconsistencies, duplications, and/or omissions in the Cure Notices with Timken's records, which precludes Timken from responding to the cure amounts for 22 POs, as listed in the objection<br>• Requests that the Debtors be required to provide Timken with all relevant information in connection with the assumption and/or assignment of any contracts including cure and other relevant identifying information<br>• Asserts that Debtors have failed to provide adequate assurances of future performance<br>• Reserves right to further object to assumption and/or assignment of executory contracts on any grounds | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) resolving Timken objections docketed at Docket No. 12532 and Docket No. 12652<br>• Stipulation and agreed order provides clarification with respect to postpetition obligations, providing modification to one provision in the order with respect to Timken as it relates to contracts being assumed and assigned, reserving Timken's rights to challenge the expiration dates of certain purchase orders and reserving the Debtors' and the Buyers rights and defenses with respect t any assertion made by Timken, rescinding assumption and assignment of purchase orders SAG90I3746 and SAG 90I5065, agreeing to assume and assign purchase order SAG90I3747 and a certain long term agreement, and agreeing to assign a postpetition pricing agreement |

14

|    | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|----|-----------|----------|----------------------|---------------------------------------------|
| 32. | *Undocketed | Columbia Industrial Sales, Inc. | • Asserts that Cure Notice incorrectly fails to set forth a cure amount (records show that proposed cure amount was $526.26)<br>• Asserts that Columbia is currently ascertaining correct cure amount | • Resolved<br>• Objection withdrawn (Docket No. 12975)<br>• Debtors have agreed to increase the cure amount to $1,031.92 for PO SAG90I5589 |
| 33. | 12652 | Timken Company and Timken U.S. Corp. | • Limited objection seeks to clarify that the Proposed Sale Order does not affect Timken's defenses<br>• Proposes that section 17 of the Proposed Sale Order be modified by adding the following words in bold:<br>➤ Each nondebtor party to any Pre-Petition Contract shall be deemed to have consented to the assumption and assignment of the Pre-Petition Contracts to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting **any claim** against the Selling Debtor Entities or the Buyers, or the property of any of them **on account of** any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Pre-Petition Contracts. | • Resolved<br>• Stipulation and agreed order (submitted to court for signature and entry) resolving Timken objections docketed at Docket No 12532 and Docket No. 12652<br>• Stipulation and agreed order provides clarification with respect to postpetition obligations, providing modification to one provision in the order with respect to Timken as it relates to contracts being assumed and assigned, reserving Timken's rights to challenge the expiration dates of certain purchase orders and reserving the Debtors' and the Buyers rights and defenses with respect t any assertion made by Timken, rescinding assumption and assignment of purchase orders SAG90I3746 and SAG 90I5065, agreeing to assume and assign purchase order SAG90I3747 and a certain long term agreement, and agreeing to assign a postpetition pricing agreement |

15

|    | Docket No. | Objector | Summary Of Objection | Potential Resolution, Response, Or Proposal |
|---|---|---|---|---|
| 34. | 12689 | Alps Automotive<br><br>* Filed 2/15/2008 (Untimely objection, though counsel has filed motion to permit late-filed objection) | • Asserts that the Subject POs cannot be assumed without assumption of all related purchase orders that are part of the same relationship and executory contract, stating that at a minimum, this includes all purchase orders related to the Steering Business at the Saginaw, Michigan plant, with an aggregate cure amount of $3,218,543.96<br>• Alleges that the cure amounts for the following POs are incorrect, as indicated:<br>  - PO SAG9OI5557, $202,790.40 cure required (not $0.00)<br>  - PO SAG9OI0507, $2,680,366.40 cure required (not $1,517,985.24)<br>  - PO SAG9OI5647, $1,308.96 cure required (not $0.00) (also notes that this PO is numbered 5647 not 5697)<br>• Alleges that the notice does not provide an adequate showing of future performance<br>• Alleges that other prepetition purchase orders placed upon Alps by the Debtors in connection with the Steering Business in Saginaw, Michigan and not included within the Subject POs have payment defaults in the aggregate amount of $334,078.20 | • Resolved<br>• Stipulation and agreed order resolving the objections docketed at Docket No. 12428 and Docket No. 12689 stating, among other things, that the parties agreed to increase the cure amounts for PO SAG9OI0507 to $2,680,366.40 and PO SAG9OI5557 to $192,764.15 (submitted to court for signature and entry) |
| 35. | Undocketed | S.A. Gevelot Extrusion<br><br>* Dated 2/8/2008 and received 2/20/2008 (Letter objection sent to counsel for the Debtors; may not have been sent to the Court) | • Objects to the assumption and/or assignment of POs SAG9OI3428 and SAG9OI4577<br>• Asserts that there is $83,219.85 in unpaid invoices under these purchase orders | • Negotiations continuing<br>• Adjourned on consent to the April 4, 2008 hearing |

16