Hearing Date and Time:  March 19, 2008 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                           :   Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :   Case No. 05-44481 (RDD)
                                      :
            Debtors.                  :   (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' STATEMENT IN SUPPORT OF FOURTH SUPPLEMENT TO KECP MOTION
(DOCKET NO. 213) SEEKING AUTHORITY TO CONTINUE SHORT-TERM AT-RISK
PERFORMANCE PAYMENT PROGRAM ("AIP") FOR FIRST HALF OF 2008

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this statement (the "Statement") in support of their Fourth Supplement To KECP Motion (Docket No. 213) Seeking Authority To Continue Short-Term At-Risk Performance Payment Program ("AIP") For First Half Of 2008 (Docket No. 12920), dated February 28, 2008 (the "Fourth Supplement").  Capitalized terms used and not defined in this Statement have the meanings ascribed to them in the Fourth Supplement.

1.      The Debtors served and filed the Fourth Supplement on February 28, 2008. Under this Court's Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e) (Docket No. 245), dated October 14, 2005, as supplemented, the deadline for objections to the Fourth Supplement was March 12, 2008.  No party objected to the Fourth Supplement.

2.      After the filing on February 28, 2008, the Debtors continued their discussions with the Creditors' Committee concerning the Debtors' financial targets, payout curves, and other aspects of the AIP for the first half of 2008.  As a result of those discussions, the Debtors agreed to certain modifications to the AIP and the Creditors' Committee agreed to support a continuation of the AIP for the first half of 2008 with those modifications.  The modifications are included in the updated form of Fourth Supplemental Order Under 11 U.S.C. §§ 105 And 363 Authorizing Debtors To Continue Short-Term At-Risk Performance Payment

Program ("AIP") For First Half Of 2008 (the "Fourth Supplemental AIP Order") attached to this Statement as <u>Exhibit A</u> and are summarized below.[1]

(a) <u>Creditors' Committee's Adjustment Authority</u>. If the Debtors do not emerge from chapter 11 on or before August 15, 2008, the Creditors' Committee may review and raise reasonable objections to the Debtors' adjustments to their EBITDAR performance related to the Debtors' agreements with their labor unions and General Motors Corporation, the timing of their emergence from chapter 11, and other adjustments. If the Debtors and the Creditors' Committee cannot resolve such objections, the Creditors' Committee can adjust by up to $150 million the Debtors' EBITDAR performance for purposes of the AIP, but in no event can the adjustment be used to decrease EBITDAR performance below the EBITDAR target, and any adjustment must be based on an unresolved objection.

(b) <u>Creditors' Committee's Review Of Compensation Committee Adjustments</u>. If the Debtors do not emerge from chapter 11 on or before August 15, 2008 and the Compensation Committee determines that it is in Delphi's best interests to make further adjustments to the AIP, the Debtors will review such adjustments with the Creditors' Committee. If the Creditors' Committee does not object, the Debtors will implement the adjustments without further order of this Court. If the Creditors' Committee does object, however, such adjustments will not become effective unless they are approved by this Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order in substantially the same form as the updated form of Fourth Supplemental AIP Order and grant the Debtors such other and further relief as is just.

---

[1] A copy of the form of Fourth Supplemental AIP Order marked to show changes from the proposed order submitted on February 28, 2008 is attached to this Statement as <u>Exhibit B</u>.

Dated: New York, New York
      March 18, 2008

                                  SKADDEN, ARPS, SLATE, MEAGHER
                                        &FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Albert L. Hogan, III (AH 8807)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

                - and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

4