# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
    In re                          :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
                                            :
                   Debtors.       :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

FOURTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 105 AND 363
AUTHORIZING DEBTORS TO CONTINUE SHORT-TERM AT-RISK
PERFORMANCE PAYMENT PROGRAM ("AIP") FOR FIRST HALF OF 2008

("FOURTH SUPPLEMENTAL AIP ORDER")

Upon the Fourth Supplement To KECP Motion (Docket No. 213) Seeking Authority To Continue Short-Term At-Risk Performance Payment Program ("AIP") For First Half Of 2008 (the "Fourth Supplement"), dated February 28, 2008, of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and ~~after consideration of any~~ no objections to the Fourth Supplement having been filed by any party; and upon the record of the hearing ~~held on March 19, 2008 on the relief requested in~~ on the Fourth Supplement~~,~~ held on March 19, 2008, including the Court's consideration of the testimony and exhibits; and the Court having determined that the relief requested in the Fourth Supplement is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest; and the Court having entered an Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Short-Term Annual Incentive Program (Docket No. 2441), dated February 17, 2006 (the "AIP Order"), an Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To:  (A) Fix Second Half 2006 AIP Targets And Continue AIP Program And (B) Further Adjourn KECP Emergence Incentive Program Hearing (Docket No. 4660), dated July 21, 2006, a Second Supplemental Order Under 11 U.S.C.

§§ 105 And 363 Authorizing The Debtors To Continue AIP For First Half 2007 (Docket No. 7474), dated March 19, 2007, and a Third Supplemental Order Under 11 U.S.C. §§ 105 And 363 Authorizing Debtors To Continue Short Term At-Risk Performance Payment Program ("AIP") For Second Half Of 2007 (Docket No. 10428), dated October 2, 2007 (collectively, the "AIP Orders"); and it appearing that proper and adequate notice of the Fourth Supplement was given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The Debtors have exercised reasonable business judgment in seeking the authority to implement a short-term at-risk performance payment program (the "AIP") covering the six-month period running from January 1, 2008 through June 30, 2008.

B.  The Debtors' proposal to implement the AIP covering the first half of 2008 was proposed in good faith and is in all respects fair and reasonable.

C.  It is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest, and it is necessary to the Debtors' reorganization efforts, that the Debtors implement at this time an AIP for the period from January 1, 2008 through June 30, 2008.

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

The AIP Order shall continue in full force and effect except as follows:

1.  The relief requested in the Fourth Supplement is GRANTED.

2.  This Court approves the implementation at this time of an AIP covering the six-month period from January 1, 2008 through June 30, 2008, and the Debtors are authorized, pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1), to forthwith take all actions consistent with this Fourth Supplemental AIP Order that are reasonably necessary to implement an AIP for that period

---

2   DeltaView comparison of pcdocs://chisr01a/593277/1 and pcdocs://chisr01a/589936/9. Performed on 3/18/2008.

on the terms and conditions set forth in the AIP Orders and this Fourth Supplemental AIP Order; provided, however, that the range of at-risk incentive-compensation opportunities for Covered Employees (as defined below) during that period shall be determined pursuant to the payout curves attached hereto as Exhibit 1, which do not include any incentive-compensation opportunities for corporate or divisional performance that is below target.

3.  The AIP covering the period from January 1, 2008 through June 30, 2008 shall apply to all individuals holding executive positions with the Debtors in the United States during that period as described in the Fourth Supplement (the "Covered Employees").

4.  Subject to the adjustments referenced in paragraphs five and six of this Fourth Supplemental AIP Order, the corporate-level EBITDAR target for the AIP covering the period from January 1, 2008 through June 30, 2008 shall be $871.7 million, and the division-level OIBDAR targets for the same period shall be as follows: (i) Powertrain, $180.2 million, (ii) Steering, $43.6 million, (iii) Thermal, $91.1 million, (iv) Electronics and Safety, $232.0 million, (v) Electrical and Electronic Architecture, $262.6 million, (vi) Product and Service Solutions, $23.7 million, and (vii) Automotive Holdings Group, $11.7 million.

5.  For purposes of the AIP covering the period from January 1, 2008 through June 30, 2008, EBITDAR and OIBDAR shall be adjusted on a dollar-for-dollar basis to reflect any positive or negative variance between the assumptions underlying the Debtors' Budget Business Plan for 2008 and the Debtors' actual financial results using the protocol attached hereto as Exhibit 2 (the "Adjustment Protocol"). That is, any costs or savings resulting from such variances shall not affect (positively or negatively) payments under the AIP. The Adjustment Protocol shall also govern any adjustments arising from (a) the Debtors' divestiture of substantially all of the assets comprising their cockpits and interior systems and integrated closure systems businesses and their

---

3   DeltaView comparison of pcdocs://chisr01a/593277/1 and pcdocs://chisr01a/589936/9. Performed on 3/18/2008.

steering and halfshaft business or (b) adjustments to the Budget Business Plan (limited to the categories in Exhibit 2) for the period from January 1, 2008 through the date of emergence as a result of the Debtors' continued operation in chapter 11 reorganization during that period.

6. The post-emergence Compensation and Executive Development Committee of Delphi's Board of Directors is authorized to make further adjustments to the AIP if it determines that such adjustments are in Delphi's best interests so as to preserve the incentive features of the plan.

7. In the event that the Debtors have not emerged from the Chapter 11 Cases[1] on or before August 15, 2008, the official committee of unsecured creditors (the "Creditors' Committee") may review adjustments made to actual EBITDAR performance for the first half of 2008 on account of the Debtors' agreements with labor unions, the Debtors' agreements with General Motors, the timing of the Debtors' emergence from the Chapter 11 Cases, and any other one-off adjustments. To the extent the Creditors' Committee reasonably objects to the appropriateness of any such EBITDAR adjustments, the Creditors' Committee shall meet and confer with the Debtors regarding the Creditors' Committee's specific objections and both the Debtors and the Creditors' Committee shall use good faith reasonable efforts to resolve such objections on a consensual basis. If the Creditors' Committee and the Debtors cannot resolve the specific objections, the Creditors' Committee may direct that the actual EBITDAR performance for the period used solely to calculate the corporate level EBITDAR target be reduced by up to $150 million, but in no event below target performance or by an amount greater than the calculated amount attributable solely to the Creditors' Committee's unresolved objections. Notwithstanding

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as confirmed by the Court on January 25, 2008.

4    DeltaView comparison of pcdocs://chisr01a/593277/1 and pcdocs://chisr01a/589936/9. Performed on 3/18/2008.

the foregoing, the Creditors' Committee is not seeking to retain, and shall not have, a right to review the AIP covering the period from January 1, 2008 through June 30, 2008, if the Debtors emerge from the Chapter 11 Cases on or prior to August 15, 2008.

    8.  7. In the event that the Debtors emerge from chapter 11 protection on or before August 31,15, 2008, determinations regarding future AIP performance periods beginning on and after July 1, 2008 shall be made solely by the Compensation and Executive Development Committee of Delphi's Board of Directors; otherwise, a hearing on continuing the AIP for the performance period from July 1, 2008 through December 31, 2008 shall be adjourned to the September 2008 omnibus hearing currently scheduled for September 12, 2008, at 10:00 a.m. (prevailing Eastern time).

    9.  In the event that Delphi does not emerge from the Chapter 11 Cases on or before August 15, 2008 and the Compensation and Executive Development Committee of Delphi's Board of Directors determines that it is in the best interests of the Company to make further adjustments to the AIP covering the period from January 1, 2008 through June 30, 2008 so as to preserve the incentive features of the plan and/or preserve human capital in light of then extant circumstances and events, the Debtors shall review such proposed adjustments with the Creditors' Committee and, to the extent the Creditors' Committee does not object, the Debtors are hereby authorized to implement such adjustments without further order of this Court. If the Creditors' Committee exercises its objection rights, the Debtors shall be required to obtain Bankruptcy Court approval of the proposed adjustments before such adjustments may become effective.

    10.  8. This Court shall retain jurisdiction over the Debtors and Covered Employees participating in any AIP implemented pursuant to this Fourth Supplemental AIP Order,

5  DeltaView comparison of pcdocs://chisr01a/593277/1 and pcdocs://chisr01a/589936/9. Performed on 3/18/2008.

including without limitation for the purposes of interpreting, implementing, and enforcing the terms and conditions of this Fourth Supplemental AIP Order or any of the AIP Orders.

<u>11.</u>    ~~9.~~ The requirement under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Fourth Supplement.

Dated:  New York, New York
        March ___, 2008

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

---

6    DeltaView comparison of pcdocs://chisr01a/593277/1 and pcdocs://chisr01a/589936/9. Performed on 3/18/2008.