# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

ORDER UNDER 11 U.S.C. §§ 363 AND 1146 AND FED. R. BANKR. P.
2002 AND 9014 (I) APPROVING BIDDING PROCEDURES, (II)
GRANTING CERTAIN BID PROTECTIONS, (III) APPROVING FORM
AND MANNER OF SALE NOTICES, AND (IV) SETTING SALE
HEARING DATE IN CONNECTION WITH SALE OF
<u>KETTERING MACHINERY, EQUIPMENT AND INVENTORY</u>

("KETTERING ASSET BIDDING PROCEDURES ORDER")

Upon the expedited motion, dated March 7, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11 U.S.C. §§ 363 and 1146 and Fed. R. Bankr. P. 2002, 6004, and 9014 (i) approving the bidding procedures set forth herein and attached hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii) granting certain bid protections, (iii) approving the form and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") in connection with the sale (the "Sale") of certain assets of Delphi Automotive Systems LLC ("DAS LLC" or the "Seller") comprising certain assets used in the Seller's U.S. damper business (the "Acquired Assets"), including, without limitation, the machinery, equipment, and inventory primarily used and located at DAS LLC's damper manufacturing facility in Kettering, Ohio for approximately $18.8 million and other consideration, as such purchase

price may be adjusted based on Inventory Value (as defined below) at closing and (ii) entry into a lease agreement in connection with the Sale; and upon the Limited Objection Of IUE-CWA And Affiliated Local 755 (Docket No. 13140) (the "Objection"); and upon the record of the Hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C. The relief requested in the Motion is in the best interests of the Seller, its estate, its stakeholder, and other parties-in-interest.

D. The notice given by the Seller of the Motion and the Hearing constitutes due and sufficient notice thereof.

E. The Seller has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion and the Sale Hearing, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, and (v) set the Sale Hearing.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

  F. The Break-Up Fee[2] or the Expense Reimbursement may be paid in accordance with the terms, conditions, and limitations of the Agreement (together, the "Bid Protections") and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Seller's estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Seller's estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Acquired Assets, (iv) were negotiated by the parties at arms' length and in good faith, and (v) are necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Acquired Assets. The Bid Protections were a material inducement for, and condition of, the Purchaser 's entry into the Agreement. The Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets under the terms of the Agreement unless it is assured of payment of the Bid Protections. Thus, assurance to the Purchaser of payment of the Bid Protections promoted more competitive bidding by inducing the Purchaser to hold its bid open. Without the Bid Protections, other bidding would have been limited. Further, because the Bid Protections induced the Purchaser to research the value of the Acquired Assets and to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has provided a benefit to the Seller's estate by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth. Finally, absent authorization of the Bid Protections, the Seller may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

   G. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

   THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

<u>Limited Objection</u>

   <u>1.</u> <u>The Objection is overruled in its entirety.</u>

<u>Bidding Procedures</u>

   <u>2.</u> ~~1.~~ The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Acquired Assets and the Auction, if applicable.

   <u>3.</u> ~~2.~~ The Seller may: (a) determine, in its business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituency in connection with the Bidding Procedures, and (c) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Seller's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Seller, its estate, and its stakeholders.  The Seller is authorized (x) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the Acquired Assets to be realized by the Seller's estate and (y) seek Bankruptcy Court approval of the Agreement with Purchaser.

### Sale Hearing

4. 3. Subject to paragraph 5 below, the Court shall hold a Sale Hearing on **April 30, 2008 at 10:00 a.m**. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the sale aspect of the Motion. Objections to the Motion, if any, shall be filed and served no later than 4:00 p.m. (prevailing Eastern time) on April 23, 2008 (the "Objection Deadline").

5. 4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, the Auction, or the Seller's consummation and performance of the Agreement (including the transfer of the Acquired Assets free and clear of liens), if authorized by the Court.

6. 5. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### Break-Up Fee

7. 6. The Bid Protections, as more fully described in the Motion and the Agreement, are hereby approved. The Seller shall be authorized to pay the Bid Protections to the Purchaser in accordance with the terms of the Agreement without further order of the Court.

Notice

8. ~~7.~~ Notice of the Motion and the Sale Hearing shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) Notice Of Sale Hearing. Within five days after entry of this order, the Seller (or its agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past six months, (ii) all entities known to have asserted any lien in or upon the Acquired Assets, (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, (iv) the United States Attorney's office, (v) the United States Department of Justice, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service, (viii) all entities which filed a notice of appearance or request for notice in these cases, and (ix) counsel to the official committee of unsecured creditors and the official committee of equity security holders appointed in these cases.

(b) Publication Notice. Within five days after entry of this order, or as soon thereafter as is practicable, the Debtors or their agents shall publish notice of the Sale substantially in the form of the notice attached hereto as Exhibit 2 in the Wall Street Journal, the New York Times, and the Dayton Daily News.

9. ~~8.~~ This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

10. ~~9.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:   New York, New York
         ____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Tuesday, March 18, 2008 3:55:43 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/591158/4 |
| Document 2 | pcdocs://chisr01a/591158/5 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| <Moved from> |
| >Moved to< |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 4 |
| Deletions | 9 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 13 |

7    DeltaView comparison of pcdocs://chisr01a/591158/4 and pcdocs://chisr01a/591158/5. Performed on 3/18/2008.