SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
                                   :
    In re                            :        Chapter 11
                                   :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                   :
                Debtors.      :        (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

           STIPULATION AND AGREED ORDER RESOLVING OBJECTIONS
    OF THE TIMKEN COMPANY AND TIMKEN U.S. CORP. IN CONNECTION
              WITH SALE OF STEERING AND HALFSHAFT BUSINESS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and The Timken Company And Timken U.S. Corp. and certain of their affiliates ("Timken"), respectfully submit this Stipulation And Agreed Order Resolving Objections Of The Timken Company And Timken U.S. Corp. In Connection With Sale Of Steering And Halfshaft Business (the "Stipulation and Agreed Order"), and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and Timken entered into certain purchase orders under which Timken would provide certain products to the Debtors.

WHEREAS, on December 10, 2007, the Debtors filed the Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 11390) (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In

2

Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and assign purchase order SAG9013746 to Steering Solutions Corporation and certain of its affiliates (the "Buyers"), and that the alleged cure amount associated with such purchase order is $116,909.95.

WHEREAS, purchase order SAG90I5065, which is listed in the Assumption Notice and the Cure Notice is no longer a valid purchase order.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

WHEREAS, on February 6, 2008, Timken filed its Objection Of The Timken Company And Timken U.S. Corp. To The Debtors' Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12532) (the "Timken Objection") in which Timken raised certain issues relating to the Debtors' proposed assumption and assignment of certain purchase orders in connection with the sale of the Debtors' steering and halfshaft business (together with the agreements referred to in paragraphs 6 and 7 of the Stipulation and Agreed Order, the "Timken Purchase Orders").

WHEREAS, on February 14, 2008, Timken filed its Limited Objection Of The Timken Company And Timken U.S. Corp. To Debtors' Expedited Motion For Order Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)

3

Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Of Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12652) (the "Timken Limited Objection"), in which Timken objected to a specific provision in the draft order approving the sale of the Debtors' steering and halfshaft business as such order relates to the assumption and assignment of the Timken Purchase Orders.

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order adjourned the Timken Objection and the Timken Limited Objection to the March 19, 2008 omnibus hearing.

WHEREAS, on March 7, 2008, the Debtors filed their Expedited Motion For Order Under 11 U.S.C. §§ 105(A) And 365 And Fed. R. Bankr. P. 6006 (I) Establishing Procedures For Assumption And Assignment Of Certain Omitted Executory Contracts And Unexpired Leases In Connection With Sale Of Debtors' Steering And Halfshaft Business And (II) Authorizing Recovery Of Excess Discount Rights (Docket No. 13029) (the "Omitted Contracts Assumption Procedures Motion") whereby the Debtors requested approval of

4

procedures for assuming and assigning certain additional prepetition contracts related to the Debtors' steering and halfshaft business.

THEREFORE, the Debtors and Timken stipulate and agree as follows:

1. Notwithstanding any provision in the Sale Approval Order or other order applicable to Timken with respect to the sale of the Debtors' steering and halfshaft business, all postpetition liabilities related to the Timken Purchase Orders accruing prior to the closing date of the sale of the Debtors' steering and halfshaft business (the "Closing") and due and owing pre-Closing, will be paid in full (in the currency used by the parties in the ordinary course of business) by the Selling Debtor Entities (as defined in the Motion) in the ordinary course of business and, in any event, no later than the Closing.

2. Notwithstanding any provision in the Sale Approval Order or other order applicable to Timken with respect to the sale of the Debtors' steering and halfshaft business, all postpetition liabilities related to the Timken Purchase Orders accruing pre-Closing but due and owing post-Closing (the "Transferred Obligations") will be paid by the Buyers pursuant to the terms, and subject to the conditions, of the Timken Purchase Orders and as set forth in the Master Sale and Purchase Agreement among the Selling Debtor Entities and the Buyers, dated December 10, 2007. Nothing contained herein, in the Sale Approval Order, or in any other order applicable to Timken with respect to the sale of the Debtors' steering and halfshaft business is or shall be deemed to be a waiver by Timken or a release of the Selling Debtor Entities' obligation to pay the Transferred Obligations. In the event that the Buyers fail to pay the Transferred Obligations, Timken may assert its right to payment of such Transferred Obligations by filing a motion or an administrative expense claim on or before the bar date set forth in section 10.5 of the Plan.

3. Notwithstanding any difference in the defined terms "Pre-Petition Contracts," "Adjourned Objection Contracts," or "Omitted Contracts," in (a) the order addressing the Adjourned Objection Contracts (as defined in the Sale Approval Order), (b) any order approving the Omitted Contracts Assumption Procedures Motion, or (c) any other order applicable to Timken with respect to the sale of the Debtors' steering and halfshaft business (together, the "Steering Sale Orders"), the following sentence as it may appears in the Steering Sale Orders, shall not apply to Timken:

> Each non-debtor party to any Adjourned Objection Contract shall be deemed to have consented to the assumption and assignment of the Adjourned Objection Contract to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the property of any of them, any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Adjourned Objection Contracts.

Rather, the following sentence shall apply to Timken in place of the sentence quoted immediately above:

> Timken shall be deemed to have consented to the assumption and assignment of the Pre-Petition Contracts to the Buyers on credit terms agreed to between Timken and the Buyers and, subject to the Stipulation and Agreed Order, shall be forever barred, estopped, and permanently enjoined from asserting any claim against the Selling Debtor Entities or the Buyers, or the property of any of them on account of any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Pre-Petition Contracts.

4. Nothing in the Steering Sale Orders or this Stipulation and Agreed Order shall be construed to bar Timken from asserting that purchase order numbers SAG90I3772, SAG90I5837, SAG90I0832, SAG90I6270, SAG90I4167, and SAG90I5831 have a different expiration date than the expiration date stated in such purchase orders, and Timken expressly

6

reserves all its rights with respect thereto. The Debtors and the Buyers expressly reserve all of their rights and defenses with respect to any assertion by Timken regarding the applicable expiration dates of the purchase orders listed in this paragraph 4.

      5.      Purchase order SAG90I3746 is a postpetition contract, and as a result, is not subject to assumption under section 365 of the Bankruptcy Code. The Cure Notice with respect to purchase order SAG90I3746 is hereby rescinded, and the Debtors shall not be required to cure any prepetition defaults under purchase order SAG90I3746 prior to its assignment to the Buyers. Purchase order SAG 90I5065 is no longer a valid purchase order and therefore is not one of the Timken Purchase Orders. The Debtors will not seek to assume and assign purchase order SAG 90I5065 and hereby withdraw any cure amounts previously asserted on the Cure Notice with respect to purchase order SAG 90I5065.

      6.      The Debtors agree to assume and assign (i) purchase order SAG90I3747, and (ii) the Long Term Contract between Delphi Inc., Delphi Saginaw Division, and The Timken Corporation, dated December 10, 2003.

      7.      The Debtors agree to assign the 2008-2009 Bar Pricing for Grade 4121M2.5 Supplied to Delphi letter agreement, dated December 4, 2007.

      8.      The cure amount, if any, for purchase order SAG90I3747 will be noticed in accordance with the order approving the Omitted Contracts Assumption Procedures Motion.

      9.      Notwithstanding any provision in an order approving the Omitted Contracts Assumption Procedures Motion, with respect to Timken, the provisions approved in this Stipulation and Agreed Order shall apply and supersede anything to the contrary in any order approving Omitted Contracts Assumption Procedures Motion.

      10.      Upon the Court's approval of this Stipulation and Agreed Order, Timken

shall be deemed to have withdrawn with prejudice the (i) Timken Objection and (ii) Timken Limited Objection.

11. Prior to the Closing, the Debtors may amend their decision with respect to the assumption and assignment of the purchase orders identified in the Assumption Notice, the Cure Notice, or herein and provide a new notice to Timken amending the information provided in such documents.

So Ordered in New York, New York, this 18th day of March, 2008

                                                /s/Robert D. Drain
                                                UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/  John K. Lyons | /s/  James M. Sullivan |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | James M. Sullivan<br>Nava Hazan<br>McDERMOTT WILL & EMERY LLP<br>340 Madison Avenue<br>New York, New York 10173-1922<br>(212) 547-5400<br><br>Counsel for The Timken Company And Timken U.S. Corp. |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession