SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
                                         :
    In re                    :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05–44481 (RDD)
                                         :
                        Debtors.    :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING IN PART THAT CERTAIN OBJECTION AND
RESPONSE OF S&Z TOOL & DIE., INC. N/K/A S&Z METALWORKS, LTD. TO (1) NOTICE OF
ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE
TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND
(2) ANY CORRESPONDING CURE AMOUNT PROPOSED BY DELPHI OR OTHERWISE AND
<u>RESERVING ISSUES FOR HEARING</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. ("S&Z") respectfully submit this Stipulation And Agreed Order Resolving in Part that Certain Objection and Response of S&Z Tool & Die., Inc. n/k/a S&Z Metalworks, Ltd. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business, and (2) any Corresponding Cure Amount Proposed by Delphi or Otherwise and Reserving Issues for Hearing (the "Stipulation"), stating and agreeing as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, prior to the Petition Date, certain of the Debtors and S&Z entered into Purchase Order No. SAG9OI0375 (the "Purchase Order");

WHEREAS, the Parties (as defined below) are in disagreement as to whether the Purchase Order was renegotiated or otherwise superseded on October 24, 2006 (the "Alleged Renegotiation Date") resulting in a new postpetition purchase order dated October 24, 2006 (as subsequently extended, the "Asserted New Postpetition Purchase Order") merely having the same purchase order number assigned thereto for convenience purposes and to avoid confusion;

WHEREAS, after the Petition Date, S&Z filed Proof of Claim No. 2036, thereby asserting its right to payment of an amount not less than $1,288,259.67 (the "Proof of Claim");

WHEREAS, on December 21, 2007, the Debtors filed the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And

2

Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Claim Objection"), thereby objecting to the allowance of all or certain portions of the Proof of Claim;

WHEREAS, on January 17, 2008, S&Z and Liquidity Solutions, Inc. ("LSI") filed the Response of Liquidity Solutions, Inc. and the S&Z Entities to Debtors' Twenty Fourth Omnibus Objection (Docket No. 12225) (the "Claim Response" and, together with the Proof of Claim, and Claim Objection, the "Claim Pleadings");

WHEREAS, the Claim Pleadings remain pending before the Court subject to the Court's scheduling of a future hearing thereon upon request by the Debtors subsequent to negotiation efforts;

WHEREAS, on December 10, 2007, the Debtors filed the Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 11390) (the "Motion");

WHEREAS, on or about January 23, 2008, the Debtors served a Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the

3

"Assumption Notice"). The Assumption Notice asserted, among other things, that the Debtors seek to assign or assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates (the "Buyers") and that any cure amount associated with the assignment or the assumption and assignment of the Purchase Order is $0.00;

WHEREAS, on January 25, 2008, the Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession, As Modified (Docket No. 12359) (the "Confirmation Order"), thereby confirming the Plan (as defined in the Confirmation Order);

WHEREAS, on February 1, 2008, S&Z filed its Objection and Response of S&Z Tool & Die., Inc. n/k/a S&Z Metalworks, Ltd. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business, and (2) any Corresponding Cure Amount Proposed by Delphi or Otherwise (Docket No. 12447)[1] (the "S&Z Objection"), in which S&Z objected to the Debtors' proposed assumption or assumption and assignment of the Purchase Order and asserted that the cure amount associated with the assumption of the Purchase Order is not less than $705,217.71;

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And

---

[1] Nothing contained herein affects or shall be deemed to affect the Objection And Response Of S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, And (2) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12454).

4

Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order" and the sale of assets authorized thereby, the "Sale").  The Sale Approval Order, among other things, adjourned the S&Z Objection to the March 19, 2008 omnibus hearing (the "Hearing"); and

WHEREAS, S&Z and the Debtors (collectively, the "Parties") desire to resolve as many issues as possible in advance of the Hearing, thereby narrowing the anticipated scope and duration of the same, by way of this Stipulation.

THEREFORE, the Parties stipulate and agree as follows:

1.    Pursuant to the Purchase Order, on a prepetition basis, S&Z asserts it is owed an amount not less than $594,783.76 (the "Asserted Prepetition Cure Amount"), which amount is included in the Proof of Claim.[2]

2.    Pursuant to the Purchase Order, for the period commencing with the Petition Date, through and including October 23, 2006, the Debtors and S&Z acknowledge and agree (subject to verification by the Debtors and only to the extent not previously paid) that the amount of $9,184.71 (the "Initial Unpaid Postpetition Amount") is owed and past due for the invoices referenced in Exhibit A attached hereto.

3.    Pursuant to the Purchase Order or the Asserted New Postpetition Purchase Order, as the case may be, for the period commencing with the Alleged Renegotiation Date through and including March 13, 2008, the Debtors and S&Z acknowledge and agree (subject to

---

[2] Plus an additional amount of $2,701.35 if a certain postpetition payment by the Debtors to S&Z cannot be retained by S&Z.

verification by the Debtors and only to the extent not previously paid) that the amount of $13,568.92 (the "Undisputed Postpetition Cure Amount") is past due and owing for the invoices referenced in <u>Exhibit B</u> attached hereto.

      4.      All obligations related to the Purchase Order or the Asserted New Postpetition Purchase Order, as the case may be, that arose or arise on or after the Alleged Renegotiation Date including, without limitation the Undisputed Postpetition Cure Amount, and which are due and owing or past due and owing as of the closing of the Sale (the "Closing") shall be paid in full (in United States Dollars) by the Selling Debtor Entities in the ordinary course of business and, in any event, no later than Closing or as soon thereafter as reasonably practicable.

      5.      All obligations related to the Purchase Order and/or the Asserted New Postpetition Purchase Order, as the case may be, that arise prior to the Closing but that are due and owing post-Closing (the "Transferred Obligations") will be paid by the Buyers, pursuant to the terms, and subject to the conditions, of the Purchase Order and/or the Asserted New Postpetition Purchase Order, as the case may be; provided, however, that nothing contained herein or in the Sale Approval Order is or shall be deemed to be a waiver or release of the Selling Debtor Entities' obligation to pay the Transferred Obligations.

      6.      Subject to the provisions of paragraph 2 hereof, the Initial Unpaid Postpetition Amount shall be paid promptly by the Debtors to S&Z upon entry of this Stipulation.

      7.      Nothing contained herein affects, modifies, or prevents or shall be deemed to affect, modify or prevent in any way, S&Z's right to file and recover on an administrative expense claim (an "Administrative Claim") seeking the payment of postpetition obligations under the Purchase Order and/or the Asserted New Postpetition Purchase Order, as the case may

6

be, including without limitation, the Initial Unpaid Postpetition Amount, the Undisputed Postpetition Cure Amount, and/or the Transferred Obligations, on or before the bar date set forth in Section 10.5 of the Plan.  Nothing contained herein affects or shall be deemed to affect the nature, extent, validity, or priority of any Administrative Claim filed by S&Z and any defenses of the Debtors with respect thereto.

8. Nothing contained herein affects or shall be deemed to affect in any way the nature, extent, validity, or priority of the Proof of Claim.

9. If there are any inconsistencies between this Stipulation and the Sale Approval Order or any order approving the Sale, then (a) this Stipulation shall govern the parties' respective rights and remedies in all respects; and (b) all such inconsistencies shall be resolved in favor of this Stipulation.

10. The parties agree that the Hearing on this matter in the Debtors' cases shall be adjourned until April 4, 2008, and shall concern only resolution of issues pertaining to whether in fact the Asserted Prepetition Cure Amount constitutes a proper and allowable cure amount that must be paid in connection with the assumption and assignment of the Purchase Order and/or the Asserted New Postpetition Purchase Order as subsequently extended (the "Issue").  S&Z or any successor in interest or other party in interest with respect to the Proof of Claim shall be entitled to proffer all appropriate evidence relevant to the Issue and assert any further arguments related to such Issue at the April 4, 2008 hearing provided such party otherwise complies with applicable evidentiary procedures in the Debtors' cases; <u>provided however</u>, that the Debtors reserve their rights to make any objection based on a party's standing. If in fact a cure amount with respect to the Asserted Prepetition Cure Amount is determined by the Court to be due and owing, the matter shall be set over for a hearing on April 18, 2008 for a

determination by the Court of the exact amount of the Asserted Prepetition Cure Amount which shall constitute a portion of the required cure claim.

11. If the Court determines that no amount of the Asserted Prepetition Cure Claim constitutes a required cure claim in connection with the Purchase Order and/or the Asserted New Postpetition Purchase Order, or if no hearing is held on such issue, such determination and/or the entry of this Stipulation shall not in any way impact or diminish S&Z's Proof of Claim as subject to the Debtors' Twenty-Fourth Omnibus Objection.

So Ordered in New York, New York, this 18th day of March, 2008

        /s/Robert D. Drain
    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Michael P. Shuster |
|---|---|
| John Wm. Butler, Jr. | Michael P. Shuster |
| John K. Lyons | Rocco Debitetto |
| Ron E. Meisler | HAHN LOESER & PARKS LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 200 Public Square, Suite 3300 |
| | Cleveland, Ohio 44114-2301 |
| 333 West Wacker Drive, Suite 2100 | (216) 621-0150 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorney for S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. |

- and –

| Kayalyn A. Marafioti | /s/ Richard Wynne |
|---|---|
| Thomas J. Matz | Richard Wynne |
| Four Times Square | Bennett L. Spiegel |
| New York, New York 10036 | KIRKLAND & ELLIS LLP |
| (212) 735-3000 | 777 South Figueroa Street |
| | Los Angeles, CA 90017-5800 |
| | (213) 680-8400 |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | Attorney for Steering Solutions Corporation |