SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING CERTAIN OBJECTION AND RESPONSE OF
S&Z TOOL & DIE CO., INC. N/K/A S&Z METALWORKS, LTD. TO (1) NOTICE OF ASSUMPTION
AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN
CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS, AND (2) NOTICE OF
CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE
ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF
<u>STEERING AND HALFSHAFT BUSINESS</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. ("S&Z") respectfully submit this Stipulation And Agreed Order Resolving Objection And Response Of S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, And (2) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business, and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and S&Z entered into Purchase Order No. SAG9OI5449 (the "Purchase Order").

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices,  And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates (the "Buyers"), and that the cure amount associated with the assumption of the Purchase Order is $0.00.

WHEREAS, on January 25, 2008, the Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession, As Modified (Docket No. 12359) (the "Confirmation Order"), thereby confirming the Plan (as defined in the Confirmation Order).

WHEREAS, on February 1, 2008, S&Z filed its Objection And Response Of S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks, Ltd. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, And (2) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12454)[1] (the "S&Z Objection"), in which S&Z

---

[1] Nothing contained herein affects or shall be deemed to affect the Objection and Response of S&Z Tool & Die., Inc. n/k/a S&Z Metalworks, Ltd. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business, and (2) any Corresponding Cure Amount Proposed by Delphi or Otherwise (Docket No. 12447).

objected to the Debtors' proposed assumption or assumption and assignment of the Purchase Order and asserted that the cure amount associated with the assumption of the Purchase Order is not less than $5,250.00, which amount was paid to S&Z on or about February 25, 2008.

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order" and the sale of assets authorized thereby, the "Sale"). The Sale Approval Order, among other things, adjourned the S&Z Objection to the March 19, 2008 omnibus hearing.

THEREFORE, the Debtors and S&Z stipulate and agree as follows:

1. All postpetition obligations related to the Purchase Order arising prior to the closing of the Sale (the "Closing") and due and owing (or past due and owing) as of the Closing, will be paid in full (in United States Dollars) by the Selling Debtor Entities (as defined in the Sale Approval Order) in the ordinary course of business and, in any event, no later than Closing or as soon thereafter as reasonably practicable.

2. All postpetition liabilities related to the Purchase Order arising pre-Closing but due and owing post-Closing (the "Transferred Obligations") will be paid by the Buyers, pursuant to the terms, and subject to the conditions, of the Purchase Order; provided, however, that nothing contained herein or in the Sale Approval Order is or shall be deemed to be a waiver or release of the Selling Debtor Entities' obligation to pay the Transferred Obligations.

3. Nothing contained herein affects, modifies, or prevents, or shall be deemed to affect, modify, or prevent in any way, S&Z's right to file and recover on an administrative expense claim (an "Administrative Claim") seeking the payment of postpetition obligations under the Purchase Order, including without limitation, any unpaid Transferred Obligations, on or before the bar date set forth in Section 10.5 of the Plan. Nothing contained herein affects or shall be deemed to affect the nature, extent, validity, or priority of any Administrative Claim filed by S&Z and any defenses of the Debtors with respect thereto.

4. Nothing contained herein affects or shall be deemed to affect the nature, extent, validity, or priority of any prepetition claims of S&Z and any defenses of the Debtors with respect thereto.

5. Upon the Court's approval of this Stipulation, S&Z shall be deemed to have withdrawn with prejudice the S&Z Objection.

6. If there are any inconsistencies between this Stipulation and the Sale Approval Order or any order approving the Sale, then (a) this Stipulation shall govern the parties' respective rights and remedies in all respects; and (b) all such inconsistencies shall be resolved in favor of this Stipulation.

So Ordered in New York, New York, this <u>18th</u> day of March, 2008

                                                                          /s/Robert D. Drain
                                                                          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Rocco Debitetto |
|---|---|
| John Wm. Butler, Jr. | Rocco Debitetto |
| John K. Lyons | HAHN LOESER & PARKS LLP |
| Ron E. Meisler | 200 Public Square, Suite 3300 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Cleveland, Ohio 44114-2301 |
| | (216) 621-0150 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | Attorney for S&Z Tool & Die Co., Inc. n/k/a |
| (312) 407-0700 | S&Z Metalworks, Ltd. |

- and –

| | /s/ Richard Wynne |
|---|---|
| Kayalyn A. Marafioti | Richard Wynne |
| Thomas J. Matz | Bennett L. Spiegel |
| Four Times Square | KIRKLAND & ELLIS LLP |
| New York, New York 10036 | 777 South Figueroa Street |
| (212) 735-3000 | Los Angeles, CA 90017-5800 |
| | (213) 680-8400 |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | Attorney for Steering Solutions Corporation |