SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING OBJECTION AND RESPONSE OF ROBIN
INDUSTRIES, INC. TO (1) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING
AND HALFSHAFT BUSINESS, AND (2) NOTICE OF CURE AMOUNT WITH RESPECT TO
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
<u>IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and Robin Industries, Inc. ("Robin") respectfully submit this Stipulation And Agreed Order Resolving Objection And Response Of Robin Industries, Inc. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, And (2) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business, and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and Robin entered into Purchase Order No. SAG9OI2523 (the "Purchase Order") under which Robin would provide certain products to the Debtors.

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates (the "Buyers"), and that the cure amount associated with the assumption of the Purchase Order is $9,615.00.

WHEREAS, on January 25, 2008, the Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession, As Modified (Docket No. 12359) (the "Confirmation Order"), thereby confirming the Plan (as defined in the Confirmation Order).

WHEREAS, on February 1, 2008, Robin filed its Objection And Response Of Robin Industries, Inc. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, And (2) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12466) (the "Robin Objection"), in which Robin objected to the Debtors' proposed assumption or assumption and assignment of the Purchase Order.

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And

Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order" and the sale of assets authorized thereby, the "Sale"). The Sale Approval Order, among other things, adjourned the Robin Objection to the March 19, 2008 omnibus hearing.

THEREFORE, the Debtors and Robin, stipulate and agree as follows:

1. Upon the Debtors' assumption or assumption and assignment of the Purchase Order, the Debtors shall pay the cure amount to Robin in the amount of $12,820.00 (the "Cure Amount"). If the closing date of the Sale (the "Closing") occurs before the Effective Date (as defined in the Plan), then the Cure Amount will be paid in full in cash at the Closing. If the Closing occurs after the Effective Date, then the Cure Amount will be paid in full in New Common Stock (as defined in the Plan) and Discount Rights (as defined in the Plan) pursuant to Section 8.2(a) of the Plan. The obligations giving rise to the Cure Amount are prepetition obligations under the Purchase Order; payment of the Cure Amount shall not affect, or be deemed to affect in any way, any existing or future postpetition obligations under the Purchase Order.

2. All postpetition obligations related to the Purchase Order arising pre-Closing and due and owing (or past due and owing) as of the Closing, including, without limitation, the obligation to pay $3,205.00 as set forth in Invoice No. 26494, will be paid in full (in United States Dollars) by the Selling Debtor Entities (as defined in the Sale Approval Order) in the ordinary course of business and, in any event, no later than Closing or as soon thereafter as

reasonably practicable.

        3.     All postpetition obligations related to the Purchase Order arising pre-Closing but due and owing post-Closing (the "Transferred Obligations") will be paid by the Buyers, pursuant to the terms, and subject to the conditions, of the Purchase Order; provided, however, that nothing contained herein or in the Sale Approval Order is or shall be deemed to be a waiver or release of the Selling Debtor Entities' obligation to pay the Transferred Obligations.

        4.     Nothing contained herein affects, modifies, or prevents, or shall be deemed to affect, modify, or prevent in any way, Robin's right to file and recover on an administrative expense claim (an "Administrative Claim") seeking the payment of postpetition obligations under the Purchase Order, including without limitation, any unpaid Transferred Obligations, on or before the bar date set forth in Section 10.5 of the Plan.  Nothing contained herein affects or shall be deemed to affect the nature, extent, validity, or priority of any Administrative Claim filed by Robin and any defenses of the Debtors with respect thereto.

        5.     Upon the Court's approval of this Stipulation, Robin shall be deemed to have withdrawn with prejudice the Robin Objection.

        6.     Prior to the Closing, the Debtors may determine to remove the Purchase Order from the list of executory contracts to be assumed and assigned to the Buyer (a "Removal"); provided, however, that (a) all required notice of Removal shall be provided by the Debtors to Robin in accordance with the Sale Approval Order, Agreement, and otherwise; and (b) nothing contained herein shall affect or be deemed to affect any rights, claims, or remedies of Robin arising on account of, or in respect of, such Removal.

        7.     Upon Robin's actual receipt of the Cure Amount when and as provided herein (a) all prepetition obligations under the Purchase Order will be paid in full and Robin shall

be forever barred from asserting any other claim for the payment of prepetition obligations under the Purchase Order; and (b) to the extent that Robin has already asserted prepetition claims against any of the Debtors (collectively, the "Prepetition Claims") that include obligations incurred pursuant to the Purchase Order, the amount of such Prepetition Claims shall be deemed reduced by the amount of the Cure Amount upon Robin's actual receipt of the Cure Amount in accordance herewith (the "Claim Reduction"). Save for and with the sole exception of the Claim Reduction, nothing contained herein affects or shall be deemed to affect in any way the nature, extent, validity, or priority of any Prepetition Claims.

        8.    If there are any inconsistencies between this Stipulation and the Sale Approval Order or any order approving the Sale, then (a) this Stipulation shall govern the parties' respective rights and remedies in all respects; and (b) all such inconsistencies shall be resolved in favor of this Stipulation.

So Ordered in New York, New York, this <u>18th</u> day of March, 2008

                                                         /s/Robert D. Drain_____
                                           UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

/s/ Rocco Debitetto
Daniel A. DeMarco
Rocco Debitetto
HAHN LOESER & PARKS LLP
200 Public Square, Suite 3300
Cleveland, Ohio 44114-2301
(216) 621-0150

Attorneys for Robin Industries, Inc.

/s/ Richard Wynne
Richard Wynne
Bennett L. Spiegel
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

Attorney for Steering Solutions Corporation