SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING (I) OBJECTION OF
ALPS AUTOMOTIVE, INC. TO DEBTORS' ASSUMPTION AND/OR ASSIGNMENT OF
EXECUTORY CONTRACTS TO BUYERS IN CONNECTION WITH SALE OF STEERING AND
HALFSHAFT BUSINESS AND (II) OBJECTION OF ALPS AUTOMOTIVE, INC. TO DEBTORS'
(A) NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR
UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH THE SALE OF STEERING AND
HALFSHAFT BUSINESS; AND (B) NOTICE OF CURE AMOUNT WITH RESPECT TO
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH THE SALE OF STEERING AND HALFSHAFT BUSINESS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and

Alps Automotive, Inc. ("Alps") respectfully submit this Stipulation And Agreed Order (the

"Stipulation") Resolving Objection Of Alps Automotive, Inc. To Debtors' Assumption And/Or

Assignment Of Executory Contracts To Buyers In Connection With Sale Of Steering And

Halfshaft Business Objection Of Alps Automotive, Inc. To Debtors' Assumption And/Or

Assignment Of Executory Contracts To Buyers In Connection With Sale Of Steering And

Halfshaft Business (Docket No. 12428) And Objection Of Alps Automotive, Inc. To Debtors'

(A) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To

Buyers In Connection With The Sale Of Steering And Halfshaft Business; And (B) Notice Of

Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And

Assigned In Connection With The Sale Of Steering And Halfshaft Business (Docket No. 12689),

and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the

"Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern

District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and Alps entered

into Purchase Order Nos. SAG9OI5557 (including the related RMA 5494), SAG9OI0507,

SAG9OI5701, SAG9OI5698, SAG9OI5697, SAG9OI5523 and SAG9OI5304 (collectively, the

"Alps Prepetition Steering Contracts"), among other purchase orders, under which Alps would

provide certain products to the Debtors.

WHEREAS, following the Petition Date, certain of the Debtors and Alps entered

into Purchase Order Nos. SAG9OI5802, SAG9OI5747, SAG9OI5746, SAG9OI3288 and

SAG9OI5647, among others, and the Binding Letter of Intent between Delphi Automotive

Systems LLC and Alps Automotive Inc., dated January 18, 2006 (collectively, the "Alps

Postpetition Steering Contracts" and, together with the Alps Prepetition Steering Contracts, the

"Alps Steering Contracts") under which Alps would provide certain products to the Debtors.

WHEREAS, among the purchase orders entered into by certain of the Debtors and

Alps prior to the Petition Date that are not Alps Prepetition Steering Contracts, and which the

Debtors do not seek to assume or assign as described below, are purchase orders numbered

SAG9OI3288 and SAG9OI5647 (the "Duplicate Numbered Contracts").  As stated above, those

numbers also identify certain of the Alps Postpetition Steering Contracts.  Nonetheless, the

Duplicate Numbered Contracts are separate and distinct from the Alps Postpetition Steering

Contracts, and nothing herein is intended to require the cure of any defaults or delinquencies by

the Debtors, or to eliminate any rejection claims held by Alps, arising under the Duplicate

Numbered Contracts.

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited

Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004,

6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B)

Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All

Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens,

Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts

And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And

Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and assign the Alps Prepetition Steering Contracts to Steering Solutions Corporation and certain of its affiliates (the "Buyers"), and that the alleged cure amount associated with the assumption of the Alps Prepetition Steering Contracts is $1,517,985.24 for PO SAG9OI0507 and $0.00 for the remaining Alps Prepetition Steering Contracts.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

WHEREAS, on or about February 1, 2008, Alps filed its Objection Of Alps Automotive, Inc. To Debtors' Assumption And/Or Assignment Of Executory Contracts To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12428) and on or about February 15, 2008, Alps filed its Objection Of Alps Automotive, Inc. To Debtors' (A) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With The Sale Of Steering And Halfshaft Business; And (B) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The Sale Of Steering And Halfshaft Business (Docket No. 12689) (together, the "Alps Objections"), in which Alps objected to the Debtors' proposed cure amounts

4

for the Alps Prepetition Steering Contracts and asserted, among other things, that additional

amounts must be paid to Alps in order to cure defaults under the Alps Steering Contracts.

WHEREAS, on or about February 15, 2008, Alps filed its Motion To Permit Late-

Filed Objection Of Alps Automotive, Inc. To Debtors' (A) Notice Of Assumption And/Or

Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With The Sale

Of Steering And Halfshaft Business; And (B) Notice Of Cure Amount With Respect To

Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With The

Sale Of Steering And Halfshaft Business (the "Alps Motion").

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C.

§§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And

Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The

Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And

Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And

Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And

Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order").

The Sale Approval Order, among other things, adjourned the Alps Objections to the March 19,

2008 omnibus hearing.

THEREFORE, the Debtors and Alps, stipulate and agree as follows:

1.      Upon the Debtors' assumption and assignment of the Alps Prepetition

Steering Contracts, as a condition to such assumption and assignment, and no later than the

Closing (as that term is defined below) or as soon thereafter as is reasonably practicable, but in

no event later than seven days following the Closing, the Debtors shall pay to Alps the

prepetition cure amount arising under Purchase Order Number SAG9OI0507 in the amount of

$2,680,366.40 and Purchase Order Number SAG9OI5557 in the amount of $192,764.15, in the

aggregate amount of $2,873,130.55 (the "Prepetition Cure Amount").

        2.      If the closing date of the sale of the Debtor's Steering and Halfshaft

Business (the "Closing") occurs before the Selling Debtor Entities emerge from their Chapter 11

cases (the "Emergence Date"), then the Prepetition Cure Amount will be paid under the terms of

the Sale Approval Order.  If the Closing occurs after the Emergence Date, then the Prepetition

Cure Amount will be paid under the terms of the Plan.

        3.      Notwithstanding anything to the contrary herein, Alps hereby

acknowledges that upon the Debtors' payment of the Prepetition Cure Amount, Alps' claim shall

not include the amount of the Prepetition Cure Amount and Alps shall be forever barred from

asserting any other claim related to the Alps Prepetition Steering Contracts arising at any time

prior to and including the date of this Stipulation against the Debtors.  To the extent that Alps has

already asserted claims against any of the Debtors related to the Alps Prepetition Steering

Contracts, the portion of such claims attributable to the Alps Prepetition Purchase Orders shall be

deemed withdrawn with prejudice upon timely payment to Alps of the Prepetition Cure Amount.

        4.      The Debtors acknowledge that nothing herein shall affect, discharge,

satisfy, release or waive any claims that Alps or its transferee may hold with respect to damages

arising from the rejection and default of any contracts between Alps and any of the Debtors other

than the Alps Prepetition Steering Contracts.

        5.      The Debtors and Alps agree, and the Court hereby finds and determines,

that payment of the Prepetition Cure Amount to Alps shall be made in consideration of the

assumption and assignment of the Alps Prepetition Steering Contracts and Alps' obligation to

continue to perform thereunder, pursuant to the provisions of Section 365 of the Bankruptcy

6

Code, and not on account of a receivable or other claim, whether for rejection damages or otherwise, arising under the provisions of Section 502 of the Bankruptcy Code; provided however, that the Debtors shall be entitled to apply the payment of the Prepetition Cure Amount to reduce the allowable amount of any claim that is based upon any prepetition arrearage under the Alps Prepetition Steering Contracts.  The Debtors and Alps further agree, and the Court hereby finds and determines, that payment of the Prepetition Cure Amount, and ownership thereof, shall be made to and vest in, Alps and not in any transferee of any of Alps' prepetition claims.

6.      Upon the Debtors' assumption and assignment of the Alps Postpetition Steering Contracts, as a condition to such assumption and assignment, any and all amounts owing thereunder shall be paid to Alps in accordance with the terms of such contracts.

7.      Upon the Court's Entry of this Stipulation, Alps shall be deemed to have withdrawn with prejudice the Alps Objections and Alps Motion as moot.

So Ordered in New York, New York, this 18th day of March, 2008

_____/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE


AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons_____ | /s/ Merle C. Meyers_____
John Wm. Butler, Jr. | Merle C. Meyers
John K. Lyons | MEYERS LAW GROUP, P.C.
Ron E. Meisler | 44 Montgomery Street, Suite 1010
SKADDEN, ARPS, SLATE, MEAGHER | San Francisco, California 94104
& FLOM LLP | (415) 362-7500
333 West Wacker Drive, Suite 2100 |
Chicago, Illinois  60606-1285 | Attorney for Alps Automotive, Inc.
(312) 407-0700 |

- and –

7

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in-Possession