UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
   In re                              :         Chapter 11
                               :
DELPHI CORPORATION, et al.,         :         Case No. 05-44481 (RDD)
                               :
                     Debtors.   :         (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105(a) AND 365 AND FED. R. BANKR. P.
6006 (I) ESTABLISHING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF
CERTAIN OMITTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH SALE OF DEBTORS' STEERING AND HALFSHAFT BUSINESS
AND (II) AUTHORIZING RECOVERY OF EXCESS DISCOUNT RIGHTS

("OMITTED CONTRACTS ASSUMPTION PROCEDURES ORDER")

Upon the motion, dated March 7, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a) and 365 (i) establishing procedures for the assumption and assignment of certain omitted prepetition executory contracts and unexpired leases (the "Omitted Contracts") related to the Debtors' sale of their steering and halfshaft business (the "Steering Business") to Steering Solutions Corporation and certain of its affiliates (the "Buyers") and (ii) authorizing the recovery of Excess Discount Rights (as defined below) related to Omitted Contracts; and the Court having entered an order on February 25, 2008 (Docket No. 12868) approving, among other things, the sale (the "Sale") of certain of the Debtors' assets (the "Purchased Assets") comprising substantially all the assets of the Steering Business to the Buyers pursuant to the Master Sale And Purchase Agreement dated December 10, 2007 together with all Exhibits, Schedules, and related Ancillary Agreements (the "Agreement"), by and between Delphi and certain of its affiliates, including certain affiliated

Debtors as set forth in the Agreement (the "Selling Debtors Entities"),[1] and the Buyers, and (ii) the assumption and assignment of certain prepetition executory contracts and unexpired leases as defined in the Agreement to the Buyers; and the Court having reviewed and considered the Motion and the arguments of counsel made, and the evidence proffered or adduced, at the hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors', their estates, creditors, stakeholders, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief sought in the Motion are sections 105(a) and 365 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6006.

    C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the hearing, (i) proper, timely, adequate, and sufficient notice of the Motion and hearing has been provided in accordance with 11 U.S.C. §§ 102(l) and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good,

---

[1] Under the Agreement, the Selling Debtor Entities are comprised of Delphi, Delphi Automotive Systems LLC, Delphi China LLC, Delphi Technologies, Inc., and Delphi Automotive Systems (Holding) Inc. Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion and hearing is necessary.

        D.      A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee"), (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, and (v) all entities on the Master Service List (as defined by the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(M), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883), as amended from time to time (collectively, the "Case Management Orders")).

        E.      The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and assign the Omitted Contracts to the Buyers in connection with the Closing of the Sale, and the assumption and assignment of the Omitted Contracts is in the best interests of the Selling Debtor Entities, their estates, their creditors, and their equity holders.  The Omitted Contracts being assigned to, and the liabilities being assumed by, the Buyers are an integral part of the Purchased Assets being purchased by the Buyers and, accordingly, such assumption and assignment of the Omitted Contracts and related liabilities is reasonable and enhances the value of the Selling Debtor Entities' estates.

        F.      Approval of the assumption or the assumption and assignment, as the case may be, of the Omitted Contracts is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

General Provisions

1. The Motion as is GRANTED.

2. The Selling Debtor Entities are authorized, but not directed, to take all further actions as may be requested by the Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyers or reducing to possession the Omitted Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

3. This order shall be binding in all respects upon all creditors and stakeholders (whether known or unknown) of the Debtors, the Buyers, all successors and assigns of the Buyers and the Selling Debtor Entities, all affiliates and subsidiaries of the Buyers and the Selling Debtor Entities, and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code.  To the extent that any provision of this order is inconsistent with the terms of the Agreement, this order shall govern.

Omitted Contracts Assumption Procedures

4. The following procedures (the "Omitted Contracts Assumption Procedures") shall govern the assumption and assignment to the Buyers of the Omitted Contracts:

(a) The Selling Debtor Entities shall serve upon each non-Debtor counterparty to an Omitted Contract a notice substantially in the form attached hereto as Exhibit A (the "Omitted Contract Notice").  Any objection to an Omitted Contract Notice, including to the Cure Amount, must be filed within ten days of mailing of the Omitted Contract Notice and served as set forth in the Omitted Contract Notice, and must state, with specificity, (a) the legal and factual grounds upon which the objection is based and (b) to the extent the counterparty disputes the Debtors' proposed Cure Amount, the Cure Amount the counterparty alleges is owed by the Debtors.  The counterparty's objection must include appropriate documentation in support of its objection and alleged Cure Amount.  If an objection to the assumption and assignment of an Omitted Contract is timely filed and received, and such objection is not otherwise resolved or

withdrawn, a hearing with respect to the objection will be held on April 30, 2008 or such date as the Court may schedule. If no objection is timely received, the Cure Amount set forth in the Omitted Contract Notice shall be controlling notwithstanding anything to the contrary in any Omitted Contract or other document.

(b)    If the Selling Debtor Entities emerge from these chapter 11 cases prior to the closing of the sale of the Steering Business, then the Omitted Contracts shall be assumed by the Selling Debtor Entities on the effective date of the Plan (the "Effective Date") and any Cure Amounts owed by the Debtors under the Omitted Contracts shall be paid in cash to the contract counterparties pursuant to the Plan; provided, however, that the Omitted Contracts shall not be assigned to the Buyers until consummation of the sale of the Steering Business; provided further, however, that if there is a dispute as to a Cure Amount or otherwise as to the proposed assumption and assignment of an Omitted Contract that cannot be resolved consensually among the parties, then the parties shall appear before this Court on April 30, 2008, or such date as the Court may schedule, to seek a judicial determination of the dispute; provided further, however, that the Debtors shall have the right to reject the Omitted Contract for a period of five days after entry of a final order establishing a Cure Amount in excess of that provided by the Debtors.

Assumption And Assignment To The Buyers Of The Omitted Steering Contracts

5.    Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale and paragraph 4 hereof, the Selling Debtor Entities' assumption and assignment to the Buyers, and the Buyers' assumption on the terms set forth in the Agreement, of the Omitted Contracts is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied, provided that the Omitted Contracts Assumption Procedures are satisfied.

6.    Subject to the Omitted Contracts Assumption Procedures, the Selling Debtor Entities are hereby authorized in accordance with 11 U.S.C. §§ 105(a), 363, and 365 to (a) assume and assign to the Buyers, effective upon the Closing of the Sale, the Omitted Contracts and (b) execute and deliver to the Buyers such documents or other instruments as may be necessary to assign and transfer the Omitted Contracts to the Buyers.

7.    Upon satisfaction of the Omitted Contracts Assumption Procedures and upon the Closing of the Sale, the Omitted Contracts shall be transferred to, and remain in full

5

force and effect for the benefit of, the Buyers in accordance with their respective terms, notwithstanding any provision in any such Omitted Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Selling Debtor Entities shall be relieved from any further liability with respect to the Omitted Contracts after such assignment to and assumption of such contracts by the Buyers.

        8.     All defaults or other obligations of the Selling Debtor Entities under the Omitted Contracts arising or accruing prior to the Closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities at the Closing of the Sale or as soon thereafter as practicable, or absent an agreement as to the Cure Amount between the Selling Debtor Entities and the non-Debtor party to the Omitted Contract, by the order of this Court, and to the extent not subsequently rejected as set forth in paragraph 4(b) above, the Buyers shall have no liability or obligation arising or accruing prior to the date of the Closing of the Sale, except as otherwise expressly provided in the Agreement.  Subject to the Omitted Contracts Assumption Procedures, each non-debtor party to any Omitted Contract shall be deemed to have consented to the assumption and assignment of the Omitted Contract to the Buyers and shall be forever barred, estopped, and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the property of any of them, any default, breach, claim, pecuniary loss, or condition to assignment that exists, arises, or accrues as of the date of the Closing or any purported written or oral modification to the Omitted Contracts.  The failure of the Debtors or the Buyers to enforce prior to the Closing of the Sale one or more terms or conditions of any Omitted Contracts shall not be a waiver of such terms or conditions, or of the

Debtors' or the Buyers' rights to enforce every term and condition of any such Omitted Contracts. There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Buyers as a result of the assumption and assignment of the Omitted Contracts.

### Additional Provisions

9.   In connection with the Discounts Rights Offering[3] and the allocation of Discount Rights in accordance with Article 7.15(a)(i) of the Plan, to the extent that payment of a Cure Amount related to an Omitted Contract results in a particular claimant's receiving more Discount Rights than such claimant should have received based on the ultimate allowed amount of such claim and such rights are transferred or exercised (the "Excess Discount Rights"), thenthe Debtors shall withhold an amount of New Common Stock (at Plan value) equivalent to the value of the Excess Discount Rights (at Plan value) from the ultimate direct distribution to such claimant.  To the extent the value of the direct grant of New Common Stock is less than the value of the Excess Discount Rights, and the Reorganized Debtors pursue such payment, such claimant shall remit payment to the Reorganized Debtors upon written demand in an amount equal to the value of the Excess Discount Rights in excess of the value of the New Common Stock withheld by the Reorganized Debtors.

10.   Upon the Closing of the Sale and subject to the satisfaction of the Omitted Contract Assumption Procedures, this order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Omitted Contracts or a bill of sale transferring good and marketable title in such Omitted Contracts to the Buyers pursuant to the terms of the Agreement.

---

[3]   Capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Plan.

Pg 8 of 9

11. The Debtors, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of this order. The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this order.

12. The terms and provisions of this order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, and their stakeholders, the Buyers, and their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest or Claim against or in the Omitted Contracts to be assumed and assigned to the Buyers pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and provisions likewise shall be binding.

13. This Court retains exclusive jurisdiction to interpret, construe, enforce and implement the terms and provisions of this order,

14. All material portions of this order are nonseverable and mutually dependent.

15. Notwithstanding rules 6006(d), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

16. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       March 25, 2008

                                        /s/ Robert D. Drain
                                       UNITED STATES BANKRUPTCY JUDGE