SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
 http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
    In re                                         :         Chapter 11
                                                 :
DELPHI CORPORATION, et al.,      :         Case No. 05-44481 (RDD)
                                               :
                  Debtors.    :         (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 9826
(SECRETARY OF UNITED STATES DEPARTMENT OF LABOR)

    Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the Secretary of the United States Department of Labor (the "Secretary") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 9826 (Secretary Of The United States Department Of Labor) and agree and state as follows:

    WHEREAS, on October 8 and 14, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

    WHEREAS, the Secretary, on behalf of the ASEC Manufacturing Employee Benefit Plans, filed proof of claim number 9826, dated July 14, 2006, asserting unsecured non-priority and priority claims in an unliquidated amount arising from potential violations of the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the ASEC Manufacturing Savings Plan (the "Plan"), the Plan's investment in Delphi common stock, and Delphi's restatement of certain of its financial statements in 2005 (the "Claim").

    WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

    WHEREAS, on August 9, 2007, the Secretary filed the Secretary Of Labor's Response To The Debtors' Nineteenth Omnibus Claims Objection To Her Proof Of Claim Filed

On Behalf Of The ASEC Manufacturing Sponsored Employee Benefit Plans (Docket No. 9000) (the "Response").

WHEREAS, on August 31, 2007, Delphi and certain other parties entered into that certain Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions, and on October 31, 2007, Delphi and certain other parties entered into that certain Amended Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions (the "Amended ERISA Stipulation").

WHEREAS, pursuant to the Amended ERISA Stipulation, the Named Plaintiffs (as defined in the Amended ERISA Stipulation), as representatives of the Class (as defined in the Amended ERISA Stipulation), were granted an allowed interest in the above-captioned cases in the face amount of $24,500,000, with no additional provision to be made for accrued interest (the "ERISA Allowed Interest").

WHEREAS, pursuant to a plan of allocation approved by the United States District Court for the Eastern District of Michigan in connection with the Amended ERISA Stipulation, some portion of any consideration distributed on account of the ERISA Allowed Interest will be distributed to current or former Plan participants.

WHEREAS, on March 26, 2008, to resolve the Nineteenth Omnibus Claims Objection with respect to the Claim, ASEC and the Secretary entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, ASEC, without admitting or denying the allegations made by the Secretary concerning the Claim, including, without limitation, the Secretary's allegations concerning the application of section 502(l) of ERISA, 29 U.S.C. § 1132(l), acknowledges and agrees that the Claim shall be allowed against ASEC in the

3

amount of $28,000.00.

WHEREAS, ASEC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Secretary stipulate and agree as follows:

1.  The Claim shall be allowed in the amount of $28,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of ASEC.

2.  Within five business days after the Court's entry of this order, the Secretary shall withdraw with prejudice the Response to the Nineteenth Omnibus Claims Objection.

3.  If any party to the Amended ERISA Stipulation terminates the Amended ERISA Stipulation for any reason or the Amended ERISA Stipulation is otherwise rendered null and void, this order shall be null and void.

So Ordered in New York, New York, this <u>27th</u> day of March, 2008

                                                     /s/Robert D. Drain
                                           UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John Wm. Butler, Jr. | /s/ Robert A. Goldberg |
| John Wm. Butler, Jr. (JB 4711) | Gregory F. Jacob, Solicitor of Labor |
| John K. Lyons (JL 4951) | William E. Everheart, Dallas Regional Solicitor |
| Ron E. Meisler (RM 3026) | Robert A. Goldberg, ERISA Counsel/TA |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | UNITED STATES DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR |
| 333 West Wacker Drive, Suite 2100 | 525 South Griffin Street, Suite 501 |
| Chicago, Illinois 60606-1285 | Dallas, Texas 75202 |
| (312) 407-0700 | (972) 850-3100 |
| - and - | Attorneys for Elaine L. Chao, Secretary of Labor, United States Department of Labor |
| Kayalyn A. Marafioti | |
| Thomas J. Matz | |
| Four Times Square | |
| New York, New York 10036 | |
| (212) 735-3000 | |
| | |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | |