SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
                                 :
    In re                           :        Chapter 11
                                 :
DELPHI CORPORATION, et al.,     :        Case No. 05–44481 (RDD)
                                 :
                Debtors.      :        (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER (I) RESOLVING OBJECTION OF HYDRO
ALUMINUM NORTH AMERICA, INC., TO THE DEBTORS' NOTICE OF CURE AMOUNT
WITH RESPECT TO EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND
(II) DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 9111

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Hydro Aluminum North America, Inc. ("Hydro") and Contrarian Funds, LLC ("Contrarian"), respectfully submit this Stipulation And Agreed Order (I) Resolving Objection Of Hydro Aluminum North America, Inc., To The Debtors' Notice Of Cure Amount With Respect To Executory Contracts To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business And (II) Disallowing And Expunging Proof Of Claim Number 9111 (the "Stipulation and Agreed Order"), and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Date, certain of the Debtors and Hydro entered into Purchase Order No. SAG90I5216 and Purchase Order No. SAG90I5217 (together, the "Purchase Orders") under which Hydro would provide certain products to the Debtors.

WHEREAS, on July 7, 2006, Contrarian, as assignee of Hydro, filed proof of claim number 9111 against DAS LLC, in which Contrarian asserts an unsecured non-priority prepetition claim related to, among other things, goods shipped by Hydro and delivered to the Debtors pursuant to the Purchase Orders in the amount of $603,421.56 (the "Claim").

WHEREAS, on December 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified

2

Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection") seeking to modify the Claim from an unsecured non-priority prepetition claim in the amount of $603,421.56 to an unsecured non-priority prepetition claim in an amount not to exceed $533,760.05.

WHEREAS, on January 18, 2008, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Twenty-Fourth Omnibus Claims Objection (Docket No. 12259) (the "Contrarian Response").

WHEREAS, on January 18, 2008, Hydro filed its Response Of Hydro Aluminum North America, Inc. To The Debtors' Twenty-Fourth Omnibus Claims Objection (Docket No. 12280) together with certain related exhibits (Docket Nos. 12281 and 12282) (collectively, the "Hydro Response").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume the Purchase Orders and to assign the Purchase Orders to Steering Solutions Corporation and certain of its affiliates, and that the cure amounts associated with the assumption of Purchase Order SAG90I5216 and Purchase Order SAG90I5217 are $531,000.05 and $2,760.00, respectively.

WHEREAS, on February 1, 2008, Hydro filed its Objection of Hydro Aluminum North America, Inc. to the Debtors' Notice of Cure Amount with Respect to Executory Contract

3

to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business (Docket No. 12452) (the "Cure Notice Objection"), in which Hydro objected to the cure amounts proposed by the Debtors in the Cure Notice with respect to the Purchase Orders.

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order adjourned the hearing with respect to the Cure Notice Objection to the March 19, 2008 omnibus hearing.

WHEREAS, Hydro asserts that prior to the Debtors' assumption and assignment of the Purchase Orders, Hydro is entitled to payment of $603,421.56 as a cure for amounts due under the Purchase Orders prior to the Petition Date.

WHEREAS, Hydro and the Debtors dispute, among other things, (i) proof of delivery of certain shipments prior to the Petition Date; (ii) certain pricing issues associated with certain goods delivered to the Debtors by Hydro; and (iii) and whether certain amounts included in the Claim were prepetition or postpetition obligations and whether certain of those obligations were previously paid by the Debtors.

NOW THEREFORE, in consideration of the respective agreements set forth below and other good and valuable consideration, the receipt of which is hereby acknowledged, the Debtors, Hydro, and Contrarian, stipulate and agree as follows:

4

1.      Upon the Debtors' assumption and assignment of Purchase Orders SAG90I5216 and SAG90I5217, the Debtors shall pay the cure amounts to Hydro in cash in the amounts of $582,981.89 and $2,760.00, respectively (together, the "Cure Amount").  Payment of the Cure Amount shall be consistent with the terms of the Sale Approval Order.

2.      Upon the Debtors' payment of the Cure Amount to Hydro, (i) the Debtors will reduce their postpetition liability due to Hydro pursuant to the Purchase Orders by $45,217.84 and (ii) the Claim shall be deemed disallowed with prejudice.

3.      Hydro and Contrarian hereby acknowledge that upon the Debtors' payment of the Cure Amount to Hydro, Hydro and Contrarian each shall be forever barred from asserting any other claim related to Purchase Orders SAG90I5216 and SAG90I5217 arising at any time prior to and including the date of this Stipulation and Agreed Order against either the Debtors or Steering Solutions Corporation (except for those postpetition invoices of Hydro that are to be paid in the ordinary course of business, net of the reduction described in paragraph 2 herein).

4.      Upon the Court's approval of this Stipulation and Agreed Order, Hydro shall be deemed to have withdrawn with prejudice the Cure Notice Objection.

5.      Prior to the closing date of the sale of the Debtors' steering and halfshaft business, the Debtors may amend their decision with respect to the assumption and assignment of the Purchase Orders and may provide a new notice to Hydro amending the information provided in the Assumption Notice.  Notwithstanding the Debtors' right to amend its decision to assume and assign Purchase Orders, if the Debtors at any time in these chapter 11 cases seek to assume the Purchase Orders, the parties agree to the terms of this Stipulation and Agreed Order, including but not limited to, (i) the Cure Amounts for the Purchase Orders as provided herein,

5

(ii) the reduction of the Debtors' postpetition liability of amounts due to Hydro as provided herein, and (iii) that the Cure Amounts shall be paid in cash as provided by paragraph 1 hereof, regardless of when paid.

6. In the event that the Debtors amend their decision to assume and assign the Purchase Orders and provide a new notice to Hydro amending the information provided in the Assumption Notice, Hydro reserves its right, and shall be entitled to object to the assumption and assignment of the Purchase Orders; <u>provided however</u>, that Hydro shall not be permitted to object to the cure amount unless such cure amounts differ from the terms agreed to herein.

7. Within ten (10) business days from date on which the Debtors pay the Cure Amount to Hydro, (i) Contrarian shall withdraw the Contrarian Response to the Twenty-Fourth Omnibus Claims Objection with prejudice with respect to the Claim and (ii) Hydro shall withdraw the Hydro Response to the Twenty-Fourth Omnibus Claims Objection with prejudice.

8. This Stipulation and Agreed Order is being entered into solely for the purpose of settlement and does not constitute, and shall in no way be construed, as an admission of liability of any sort by any party.

9. The parties to this Stipulation and Agreed Order stipulate, agree and warrant that the persons executing this Stipulation and Agreed Order have the necessary and appropriate authority and capacity to execute this Stipulation and Agreed Order and to make this Stipulation and Agreed Order fully binding and enforceable against the Debtors, Hydro, and Contrarian.

So Ordered in New York, New York, this 31st day of March, 2008

                                     /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Patricia A. Borenstein |
|---|---|
| John Wm. Butler, Jr. | Thomas D. Renda |
| John K. Lyons | Patricia A. Borenstein |
| Ron E. Meisler | MILES & STOCKBRIDGE P.C. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 10 Light Street |
| | Baltimore, Maryland 21202 |
| 333 West Wacker Drive, Suite 2100 | (410) 385-3406 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |
| | |
| – and – | – and – |
| | |
| Kayalyn A. Marafioti | Dorothy H. De Marinis-Riggio |
| Thomas J. Matz | CALINOFF & KATZ LLP |
| Four Times Square | 140 East 45th Street |
| New York, New York 10036 | 17th Floor |
| (212) 735-3000 | New York, New York 10017 |
| | (212) 826-8800 |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | Attorneys for Hydro Aluminum North America, Inc. |
| | |
| | /s/ Daniel A. Fliman |
| | David S. Rosner |
| | Adam L. Shiff |
| | Jeffrey R. Gleit |
| | Daniel A. Fliman |
| | KASOWITZ, BENSON, TORRES & FREIDMAN LLP |
| | 1633 Broadway |
| | New York, NY 10019 |
| | (212) 506-1700 |
| | |
| | Attorneys for Contrarian Funds, LLC |