SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)


      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05–44481 (RDD)
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 10180
(THE CHERRY CORPORATION AND HAIN CAPITAL HOLDINGS, LLC)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi

Automotive Systems LLC ("DAS LLC") debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), The Cherry Corporation ("Cherry"), and Hain

Capital Holdings, LLC ("Hain Capital" and, together with Cherry, the "Claimants") respectfully

submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim

Number 10180 (The Cherry Corporation And Hain Capital Holdings, LLC) (the, "Joint

Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the

United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 10, 2005, Cherry submitted a demand to the Debtors

asserting a reclamation claim in the amount of $810,094.18 arising from the alleged supply of

goods prior to the Petition Date (the "Reclamation Claim").

WHEREAS, on February 21, 2006, the Debtors sent a statement of reclamation to

Cherry (the "Statement of Reclamation") with respect to the Reclamation Claim, whereby the

Debtors asserted that the valid amount of the Reclamation Claim is $42,450.42, subject to the

Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the

"Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on April 13, 2006, Cherry sent a letter response to the Statement of

Reclamation, asserting that the valid amount of the Reclamation Claim is $487,902.68.

WHEREAS, on July 21, 2006, Cherry filed proof of claim number 10180 against

DAS LLC, asserting a claim in the total amount of $1,670,436.79 (the "Claim").  The Claim

2

includes a secured claim in the amount of $487,902.68 on account of the Reclamation Claim, an

unsecured non-priority claim in the amount of $994,316.93 for goods that were allegedly

delivered to DAS LLC but not paid for, and an unsecured non-priority claim in the amount of

$194,993.00 for goods that were allegedly manufactured by Cherry for DAS LLC but never

delivered or paid for.

WHEREAS, on August 14, 2006, Cherry transferred the Claim to Hain pursuant

to a notice of transfer (Docket No. 4905).

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to

the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims

Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And

(ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c)

(Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 21, 2006, Cherry filed the Response Of Cherry

Corporation To The Debtors' Third Omnibus Objection To Claims (Docket No. 5653) (the

"Response").

WHEREAS, on January 25, 2008, the Delphi Bankruptcy Court entered an order

(Docket No. 12359) confirming the First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan")

WHEREAS, on December 10, 2007, the Debtors provided a Notice Of Cure

Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned

Under Plan Of Reorganization ("Notice of Cure") to Cherry, pursuant to which the Debtors gave

notice that they intend to cure and assume or assume and assign Cherry purchase orders no.

3

D0550022830 and D0550063311 (the "Assigned Purchase Orders") pursuant to the Plan.

Pursuant to Article 1.69 of the Plan, "Effective Date" means "the Business Day determined by

the Debtors on which all conditions to the consummation of this Plan set forth in Article 12.2 of

this Plan have been either satisfied or waived as provided in Article 12.3 of this Plan and the day

upon which this Plan is substantially consummated."

WHEREAS, on December 19, 2007, pursuant to the Second Amended and

Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019

Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second

Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the

Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan

Of Reorganization (the "Reclamation Election Notice") on Cherry with respect to the

Reclamation Claim, whereby the Debtors presented the Cherry with the option of electing either

(i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that

such claim is allowed or (ii) to continue to assert administrative priority status for the

Reclamation Claim and have its Reclamation Claim automatically adjourned to a future

contested hearing at which the Debtors would seek a judicial determination that the Reclamation

Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to

administrative priority status on the grounds that the goods and/or the proceeds form the sale of

the goods for which the Cherry is seeking a Reclamation Claim are or were subject to a valid

security interest ( the "Prior Lien Defense").

WHEREAS, Cherry failed to return the Reclamation Election Notice.  Thus,

pursuant to the Second Amended Reclamation Order, Cherry has been deemed to have waived

its right to assert administrative priority status for its Reclamation Claim and to the extent that

such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, on March 31, 2008, to resolve the Third Omnibus Claims Objection with respect to the Claim, DAS LLC and the Claimants entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $1,443,710.70.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Claimants stipulate and agree as follows:

1.      As expressly set forth in the Settlement Agreement, the Claim shall be allowed in the amount of $1,443,710.70 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC (the "Agreed-Upon Claim"). Notwithstanding the foregoing, upon the occurrence of the Effective Date (as defined in the Plan) of the Plan, the sum of $110,224.09 of the Agreed-Upon Claim, which relates to the Assigned Purchase Orders, shall be paid in cash as provided under the Plan as the agreed-to Cure Amount Claim for the Assigned Purchase Orders pursuant to Section 8.2 of the Plan.

2.      Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure

5

payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code,

of an executory contract or unexpired lease giving rise to the Agreed-Upon Claim.

3.      Cherry hereby withdraws its Response to the Third Omnibus Claims

Objection with prejudice.

4.      This Joint Stipulation does not impact, alter or affect any other proofs of

claim or reclamation demands that Cherry GmbH or Hain Capital may file or otherwise assert

against the Debtors, and it pertains solely to the Claim.

5.      With respect to any conflict between this Joint Stipulation and the

Settlement Agreement, the terms of the Settlement Agreement shall apply.


So Ordered in New York, New York, this 2nd day of April, 2008


                    /s/Robert D. Drain_____
                    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons

| | |
|---|---|
| John Wm. Butler, Jr. | Nava Hazan |
| John K. Lyons | Abigail M. Beal |
| Ron E. Meisler | McDERMOTT WILL & EMERY LLP |
| SKADDEN, ARPS, SLATE, MEAGHER | 340 Madison Avenue |
|   & FLOM LLP | New York, New York  10017-4613 |
| 333 West Wacker Drive, Suite 2100 | (212) 547-5400 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | |

- and –                                    - and –

/s/ Jason J. DeJonker

| | |
|---|---|
|   Kayalyn A. Marafioti |   Peter A. Clark |
|   Thomas J. Matz |   Jason J. DeJonker |
| Four Times Square | 227 West Monroe Street |
| New York, New York  10036 | Chicago, Illinois 60606 |
| (212) 735-3000 | (312) 372-2000 |

Attorneys for Delphi Corporation, et al.,      Attorneys for The Cherry Corporation
   Debtors and Debtors-in-Possession

/s/ Ganna Liberchuk

Ganna Liberchuk
Hain Capital Holdings, LLC
301 Route 17, 6th Floor
Rutherford, New Jersey 07070
(201) 896-6100