SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
   In re                                : Chapter 11
                                        :
DELPHI CORPORATION, et al.,             : Case No. 05–44481 (RDD)
                                        :
              Debtors.                  : (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 15454
(NEUMAN AUTOMOTIVE, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including "Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Neuman Automotive, Inc. and Neuman Aluminium Impact Extrusion, Inc. ("Neuman Aluminium") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 15454 (Neuman Aluminium Automotive, Inc.) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 13, 2005, Neuman Aluminium submitted a demand to the Debtors asserting a reclamation claim in the amount of $67,726.35 (the "Reclamation Demand").

WHEREAS, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to Nueman Aluminium with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $2,521.51 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on July 31, 2006, Neuman Aluminium filed proof of claim number 15454 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $631,976.95 (the "Claim") stemming from the sale of goods.

WHEREAS, on October 26, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To

2

Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

WHEREAS, on November 20, 2007, Neuman Aluminium filed its Response Of Neuman Aluminium Automotive, Inc. And Neuman Aluminium Impact Extrusion, Inc. To Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10995) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Neuman Aluminium with respect to the Reclamation Claim, whereby the Debtors presented Neuman Aluminium with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to

3

administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which Neuman Aluminium is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense").

WHEREAS, Neuman Aluminium failed to return the Reclamation Election Notice. Thus, pursuant to the Second Amended Reclamation Order, Neuman Aluminium has been deemed to have waived its right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, DAS LLC acknowledges and agrees that the Claim shall be allowed in the amount of $598,180.06 and shall be treated as a general unsecured claim against the estate of DAS LLC.

WHEREAS, DAS LLC is authorized to enter into this stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Neuman Aluminium stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $598,180.06 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure

4

payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Neuman Aluminium is a party.

       3.      Neuman Aluminium shall withdraw its Response to the Twenty-Second Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 2nd day of April, 2008

        /s/Robert D. Drain
    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

*/s/ John K. Lyons*
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

*/s/ Brett S. Moore*
John S. Mairo
Brett S. Moore,
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997
(973) 538-4006

Attorneys for Neuman Automotive, Inc. and
Neuman Aluminium Impact Extrusion, Inc.

5