IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
               :

In re                :    Chapter 11
               :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
               :

           Debtors.  :    (Jointly Administered)
               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

        I, Sheryl Betance, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

        On March 27, 2008, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

    1)    Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation ("Twenty-Eighth Omnibus Claims Objection") (Docket No. 13269) [a copy of which is attached hereto as Exhibit D]

    2)    Notice of Filing of Proposed Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 (I) Disallowing and Expunging (A) Duplicate or Amended Claims, (B) Books and Record Claim, (C) Untimely Books and Records Claim, and (D) Untimely Claim and (II) Modifying (A) Claims Subject to Modification and (B) Modified Claim Asserting Reclamation Identified in Twenty-Eighth Omnibus Claims Objection (Docket No. 13271) [a copy of which is attached hereto as Exhibit E]

        On March 27, 2008, I caused to be served the documents listed below upon the parties listed on Exhibit F hereto via postage pre-paid U.S. mail:

    3)    Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And

Modified Claim Asserting Reclamation ("Twenty-Eighth Omnibus Claims Objection") (without exhibits) (Docket No. 13269) [a copy of which is attached hereto as <u>Exhibit D</u>]

4)      Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit G</u>]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit F</u> attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 8 of <u>Exhibit F</u> attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit G</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 8 of <u>Exhibit F</u> attached hereto was incorporated into each Personalized Notice.

5)      Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit H</u>]

On March 27, 2008, I caused to be served the documents listed below upon the parties listed on <u>Exhibit I</u> hereto via postage pre-paid U.S. mail:

6)      Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation ("Twenty-Eighth Omnibus Claims Objection") (without exhibits) (Docket No. 13269) [a copy of which is attached hereto as <u>Exhibit D</u>]

7)      Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit J</u>]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit I</u> attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of <u>Exhibit I</u> attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit J</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of <u>Exhibit I</u> attached hereto was incorporated into each Personalized Notice.

8)      Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures

Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit H</u>]

On March 27, 2008, I caused to be served the documents listed below upon the parties listed on <u>Exhibit K</u> hereto via postage pre-paid U.S. mail:

9)   Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation ("Twenty-Eighth Omnibus Claims Objection") (without exhibits) (Docket No. 13269) [a copy of which is attached hereto as <u>Exhibit D</u>]

10)   Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit L</u>]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit K</u> attached hereto.  In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 12 of <u>Exhibit K</u> attached hereto.  The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit L</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 12 of <u>Exhibit K</u> attached hereto was incorporated into each Personalized Notice.

11)   Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit H</u>]

Dated: April 2, 2008

_____*/s/ Sheryl Betance*_____
Sheryl Betance

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 2nd day of April, 2008, by Sheryl Betance, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____*/s/ Vanessa R. Quiñones*_____

Commission Expires:_____*3/20/11*_____

# EXHIBIT A

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L. Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/1/2008 12:19 PM
Master Service List Overnight Mail

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | garrick.sandra@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William J. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/1/2008 12:19 PM
Master Service List Overnight Mail

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 7960 | 973-656-8365 | | | Creditor Committee Member |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com slivini@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com | Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/1/2008 12:20 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 212735860 3 | 917522310 3 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Jeffrey Cohen | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Ralph L. Landy | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2.023E+09 | 2.023E+09 | landy.ralph@pbgc.gov | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2.123E+09 | 2.123E+09 | cbs@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/1/2008 12:20 PM
Master Service List Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/1/2008 12:20 PM
Master Service List Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1° | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | 590 Madison Ave | | New York | NY | 10022-2524 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, LLC, and Furukawa Electric North America APD, Inc. |
| Ambrake Corporation | Brandon J. Kessinger | 300 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5428 | bkessinger@akebono-usa.com | Representative for Ambrake Corporation |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Monica S. Blacker | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | mblacker@andrewskurth.com | Counsel to  ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Anthony Ostlund & Baer PA | John B Orenstein | 3600 Wells Fargo Ctr | 90 S 7th St | Minneapolis | MN | 55402 | | 612-349-6969 | jorenstein@aoblaw.com | Attorneys for Whitebox Hedged High Yield Partners, LP |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnald Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Bingham McHale LLP | John E Taylor Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | jtaylor@binghammchale.com wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 2700 First Indiana Plz | 135 N Pennsylvania St | Indianapolis | IN | 46204 | | 317-684-5000 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc.; Hewitt Tool & Die, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | rusadi@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200  (230) 862-8231 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy G. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | | 302-425-0430 | mbusenkell@eckertseamans.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Erman, Teicher, Miller, Zucker & Freedman, P.C. | David H. Freedman | 400 Galleria Officentre | Ste. 444 | Southfield | MI | 48034 | | 248-827-4100 | dfreedman@ermanteicher.com | Counsel to Doshi Prettl International, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Fagel Haber LLC | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@fagelhaber.com | Counsel to Aluminum International, Inc. |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | ddragich@foley.com | Counsel to Intermet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Garvey Schubert Barer | Roberto Carrillo | 100 Wall St 20th Fl | | New York | NY | 10005 | | 212-965-4511 | rcarrillo@gsblaw.com | Attorney's for Tecnomec S.r.l. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Counsel to Wells Manufacturing Co., Inc.; Attorneys for MasTec Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Sharan Nirmul | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | | 302-622-7000 | snirmul@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | tch@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Guaranty Bank | Herb Reiner | 8333 Douglas Avenue | | Dallas | TX | 75225 | | 214-360-2702 | herb.reiner@guarantygroup.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Heller Ehrman LLP | Timothy Mehok | Times Square Tower | Seven Times Square | New York | NY | 10036 | | 212-832-8300 | timothy.mehok@hellerehrman.com | Counsel to @Road, Inc. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 230 Park Avenue | 17th Floor | New York | NY | 10169 | | 212-751-4300 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation; Co-Counsel for Yazaki North America, Inc. |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | sgross@hodgsonruss.com | Co-Counsel for Yazaki North America, Inc. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@bwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | heather@inplaytechnologies.com | Creditor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | (302) 552-4200 | dbrown@klettrooney.com | Counsel to Entergy |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Erika Ruiz | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | erika.ruiz@lw.com | UCC Professional |
| Latham & Watkins | Henry P. Baer, Jr. | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | henry.baer@lw.com | UCC Professional |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-0370 | tmcfadden@lordbissell.com | Counsel to Methode Electronics, Inc. |
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | | 312-443-1832 | tbrink@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-947-8304 | kwalsh@lordbissell.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Jeffrey M. Levinson, Esq. Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | jml@ml-legal.com lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| Mayer, Brown, Rowe & Maw LLP | Jeffrey G. Tougas | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | jgtougas@mayerbrownrowe.com | Counsel to Bank of America, N.A. |
| Mayer, Brown, Rowe & Maw LLP | Raniero D'Aversa, Jr. | 1675 Broadway | | New York | NY | 10019 | | 212-262-1910 | rdaversa@mayerbrown.com | Counsel to Bank of America, N.A. |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | John H Maddock IIII, Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | jmaddock@mcguirewoods.com dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | jdonahue@miheritage.com | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | bbeckworth@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | jangelovich@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | susanwhatley@nixlawfirm.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com lscharf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com jbrass@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | caseyl@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | jkp@qad.com | Counsel to QAD, Inc. |
| Quadrangle Debt Recovery Advisors LLC | Andrew Herenstein | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1742 | andrew.herenstein@quadranglegroup.com | Counsel to Quadrangle Debt Recovery Advisors LLC |
| Quadrangle Group LLC | Patrick Bartels | 375 Park Avenue, 14th Floor | | New York | NY | 10152 | | 212-418-1748 | patrick.bartels@quadranglegroup.com | Counsel to Quadrangle Group LLC |
| Quarles & Brady Streich Lang LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady Streich Lang LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation |
| Quarles & Brady Streich Lang LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady Streich Lang LLP | Scott R. Goldberg | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | sgoldber@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | gregory.kaden@ropesgray.com | Attorneys for D-J, Inc. |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. Counsel for Pamela Gellar |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automottive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Simon, Stella & Zingas, PC | Stephen P. Stella | 422 W Congress Ste 400 | | Detroit | MI | 48226 | | 313-962-6400 X225 | attorneystella@sszpc.com | Counsel to Motor City Electric |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Squire Sanders & Dempsey | G Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114-1304 | | 216-479-8500 | cmeyer@ssd.com | Counsel for the City of Dayton, Ohio |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 21

4/1/2008 12:20 PM
Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stroock & Stroock & Lavan, LLP | Kristopher M. Hansen | 180 Maiden Lane | | New York | NY | 10038 | | 212-806-5400 | khansen@stroock.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | marvin.clements@state.tn.us | Tennesse Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| Thaler & Gertler LLP | Andrew M. Thaler Esq | 90 Merrick Ave Ste 400 | | East Meadow | NY | 11554 | | 516-228-3533 | thaler@tglawfirm.com | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC -08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2226 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Varnum, Riddering, Schmidt & Howlett LLP | Michael S. McElwee | Bridgewater Place | P.O. Box 352 | Grand Rapids | MI | 49501-0352 | | 616-336-6827 | msmcelwee@varnumlaw.com | Co-Counsel to Tower Automotive, Inc. |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | robert.welhoelter@wallerlaw.c om | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | lekvall@wgllp.com | Counsel to Toshiba America Electronic Components, Inc. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.co m | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winstead Sechrest & Minick P.C. | R. Michael Farquhar | 5400 Renaissance Tower | 1201 Elm Street | Dallas | TX | 75270 | | 214-745-5400 | mfarquhar@winstead.com | Counsel to National Instruments Corporation |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.c om | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.co m | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Lillian H. Pinto | 300 North Greene Street | Suite 1900 | Greensboro | NC | 27402 | | 336-574-8058 | lpinto@wcsr.com | Counsel to Armacell |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 21 of 21

4/1/2008 12:20 PM
Email

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | 610-230-3064 | Counsel to Airgas, Inc. |
| Akebono Corporation North America | Alan Swiech | 34385 Twelve Mile Road | | Farminton Hills | MI | 48331 | 248-489-7406 | Vice President of Administration for Akebono Corporation |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | 313-496-1200 | Counsel to Kamax L.P.; Optrex America, Inc. |
| Bingham McHale LLP | Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | 317-635-8900 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Cage Williams & Abelman, P.C. | Steven E. Abelman | 1433 Seventeenth Street | | Denver | CO | 80202 | 303-295-0202 | Counsel to United Power, Inc. |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio | 140 East 45th Street | 17th Floor | New York | NY | 10017 | 212-826-8800 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Colbert & Winstead, P.C. | Amy Wood Malone | 1812 Broadway | | Nashville | TN | 37203 | 615-321-0555 | Counsel to Averitt Express, Inc. |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Steven M. Wachstein | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Coolidge, Wall, Womsley & Lombard Co. LPA | Sylvie J. Derrien | 33 West First Street | Suite 600 | Dayton | OH | 45402 | 937-223-8177 | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Andrew M. Thau | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-8898 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | David S. Karp | 101 Park Avenue | | New York | NY | 10178-0061 | 212-696-6065 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co. |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | 212-682-4940 | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dykema Gossett PLLC | Brendan G Best Esq | 39577 Woodward Ave Ste 300 | | Bloomfield Hills | MI | 48304 | 248-203-0523 | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Gregory J. Jordan | 10 Wacker | Suite 2300 | Chicago | IL | 60606 | 312-627-2171 | Counsel to Tremont City Barrel Fill PRP Group |
| Fagel Haber LLC | Gary E. Green | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | 312-346-7500 | Counsel to Aluminum International, Inc. |
| Genovese Joblove & Battista, P.A. | Craig P. Rieders, Esq. | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | 305-349-2300 | Counsel to Ryder Integrated Logistics, Inc. |
| Grant & Eisenhofer P.A. | Geoffrey C. Jarvis | 1201 North Market Street | Suite 2100 | Wilmington | DE | 19801 | 302-622-7000 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Heller Ehrman LLP | Carren Shulman | Times Square Tower | Seven Times Square | New York | NY | 10036 | 212-832-8300 | Counsel @ @Road, Inc. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | 248-723-0396 | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | 678-384-7000 | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | 419-255-4300 | Counsel to ZF Group North America Operations, Inc. |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | 850-763-8421 | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Kelley Drye & Warren, LLP | Mark I. Bane | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Mark. R. Somerstein | 101 Park Avenue | | New York | NY | 10178 | 212-808-7800 | Counsel to the Pension Benefit Guaranty Corporation |
| King & Spalding, LLP | H. Slayton Dabney, Jr. Bill Dimos | 1185 Avenue of the Americas | | New York | NY | 10036 | 212-556-2100 | Counsel to KPMG LLP |
| Klett Rooney Lieber & Schorling | DeWitt Brown | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | (302) 552-4200 | Counsel to Entergy |
| Klett Rooney Lieber & Schorling | Eric L. Schnabel | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | (302) 552-4200 | Counsel to Entergy |
| Latham & Watkins | John W. Weiss | 885 Third Avenue | | New York | NY | 10022 | 212-906-1200 | UCC Professional |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | 214-880-0089 | Counsel to Dallas County and Tarrant County |
| Lord, Bissel & Brook | Timothy S. McFadden | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-0370 | Counsel to Methode Electronics, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 4

4/1/2008 12:21 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Lord, Bissel & Brook | Timothy W. Brink | 115 South LaSalle Street | | Chicago | IL | 60603 | 312-443-1832 | Counsel to Sedgwick Claims Management Services, Inc. |
| Lord, Bissel & Brook LLP | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-947-8304 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Lord, Bissel & Brook LLP | Rocco N. Covino | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | 212-812-8340 | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| McGuirewoods LLP | Elizabeth L. Gunn | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | 804-775-1178 | Counsel to Siemens Logistics Assembly Systems, Inc. |
| Miami-Dade County Tax Collector | Metro-Dade Paralegal Unit | 140 West Flagler Street | Suite 1403 | Miami | FL | 33130 | 305-375-5314 | Paralegal Collection Specialist for Miami-Dade County |
| Miles & Stockbridge, P.C. | Kerry Hopkins | 10 Light Street | | Baltimore | MD | 21202 | 410-385-3418 | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | Counsel to Rotor Clip Company, Inc. |
| North Point | Michelle M. Harner | 901 Lakeside Avenue | | Cleveland | OH | 44114 | 216-586-3939 | Counsel to WL. Ross & Co., LLC |
| O'Rourke Katten & Moody | Michael C. Moody | 161 N. Clark Street | Suite 2230 | Chicago | IL | 60601 | 312-849-2020 | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423 | | |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Reed Smith | Richard P. Norton | One Riverfront Plaza | 1st Floor | Newark | NJ | 07102 | 973-621-3200 | Counsel to Jason Incorporated, Sackner Products Division |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | William I. Kohn | 6600 Sears Tower | | Chicago | IL | 60066 | 312-258-5500 | Counsel to  Means Industries |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 4

4/1/2008 12:21 PM
US MAIL

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Stroock & Stroock & Lavan, LLP | Joseph G. Minias | 180 Maiden Lane | | New York | NY | 10038 | 212-806-5400 | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. a |
| Swidler Berlin LLP | Robert N. Steinwurtzel | The Washington Harbour | 3000 K Street, N.W. Suite 300 | Washington | DC | 20007 | 202-424-7500 | Attorneys for Sanders Lead Co., Inc. |
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | 212-603-2000 | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts counsel to Debtors |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | 412-562-2549 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | 614-464-8322 | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | 817-810-5250 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | 714-966-1000 | Counsel to Toshiba America Electronic Components, Inc. |
| Winstead Sechrest & Minick P.C. | Berry D. Spears | 401 Congress Avenue | Suite 2100 | Austin | TX | 78701 | 512-370-2800 | Counsel to National Instruments Corporation |
| WL Ross & Co., LLC | Stephen Toy | 600 Lexington Avenue | 19th Floor | New York | NY | 10022 | 212-826-1100 | Counsel to WL Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 4

4/1/2008 12:21 PM
US MAIL

# EXHIBIT D

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Response Date And Time: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                       :
     In re                     :     Chapter 11
                       :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                       :
                       :     (Jointly Administered)
           Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) DUPLICATE OR AMENDED
CLAIMS, (B) BOOKS AND RECORDS CLAIM, (C) UNTIMELY BOOKS AND RECORDS
CLAIM, (D) UNTIMELY CLAIM, AND (E) CLAIMS SUBJECT TO MODIFICATION AND
MODIFIED CLAIM ASSERTING RECLAMATION

("TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No. 9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 9264). Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of

2

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with respect to the Plan  (Docket No. 11388) (the "Disclosure Statement").  The Court entered an order approving the adequacy of the Disclosure Statement and granting the related solicitation procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order"), which became a final order on February 4, 2008.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested herein are sections 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

6.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately $13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and have continued their business operations without supervision from the Court.[2]

---

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency

*(cont'd)*

3

7.       The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

8.       Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.       Events Leading To The Chapter 11 Filing

9.       In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

_____

(cont'd from previous page)

proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion. Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

   10. The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

   11. In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements. Because discussions

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D. The Debtors' Transformation Plan

   12. On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

---

[3] Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004. The Company's net operating loss in calendar year 2004 was $482 million.

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.      Confirmation Of The Debtors' Plan Of Reorganization

        13.     The confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Global Settlement Agreement and the Master Restructuring Agreement provide for a

comprehensive settlement with GM, and both agreements were approved by this Court in the

Confirmation Order.  With the Plan confirmed, the Debtors are focusing their efforts on

satisfying the conditions for the Plan to become effective and allow them to emerge from chapter

11.  The Debtors anticipate having the Plan become effective as soon as reasonably practicable.

        14.     Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally.  Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

15.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b),

501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order

established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or

wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"),

against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such

Claim.

16.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the

claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date

by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a

proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets

and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and

subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and

Statements") and (b) the persons and entities included in the notice database compiled by the

Debtors, but not listed on any of the Schedules and Statements.  In total, the Debtors provided

Bar Date Notices to more than 500,000 persons and entities.

17.    In addition, the Debtors published the Bar Date Notice in the New York

Times (National Edition), the Wall Street Journal (National, European, and Asian Editions),

USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions

of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo

News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader,

Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the

7

Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,

the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile

Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the

Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, the Tuscaloosa

News, and The Vindicator, and electronically through posting on the Delphi Legal Information

Website, www.delphidocket.com, on or before April 24, 2006.

18.    Approximately 16,700 proofs of claim (the "Proofs of Claim") have been

filed against the Debtors in these cases.  The Debtors have filed 27 omnibus Claims objections, [4]

pursuant to which this Court has disallowed and expunged 9,577 Claims and modified

approximately 3,550 Claims.  In addition, the hearings with respect to approximately 690 Claims

have been adjourned pursuant to the Claims Objection Procedures Order (as defined below).

19.    On October 31, 2006, the Debtors filed the Motion For Order Pursuant To

11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among

other things, to approve certain procedures for contested claim objections.  On December 7, 2006,

the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

---

[4]    The Debtors filed objections on September 19, 2006 (Docket No. 5151), October 31, 2006 (Docket Nos. 5451
and 5452), December 8, 2006 (Docket Nos. 6099 and 6100), January 12, 2007 (Docket Nos. 6571 and 6585),
February 15, 2007  (Docket Nos. 6962 and 6968), March 16, 2007 (Docket Nos. 7300 and 7301), April 27,
2007 (Docket Nos. 7824 and 7825), May 22, 2007 (Docket Nos. 7998 and 7999), June 15, 2007 (Docket Nos.
8270 and 8271), July 13, 2007 (Docket Nos. 8616 and 8617), August 24, 2007 (Docket No. 9151), September
21, 2007 (Docket No. 9535), October 26, 2007 (Docket No. 10738), November 19, 2007 (Docket No. 10982),
December 21, 2007 (Docket No. 11588), January 18, 2008 (Docket No. 12288), and February 15, 2008 (Docket
Nos. 12686 and 12687).

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

(Docket No. 6089) (the "Claims Objection Procedures Order").

       20.    On November 30, 2007, the Debtors filed the Motion Under New

Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) For Order Authorizing Debtors To Continue

Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I)

Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 11187), in which the Debtors requested this Court,

among other things, to authorize the Debtors to continue the current practices and procedures for

filing and serving notice of omnibus Claims objections pursuant to the Claims Objection

Procedures Order previously entered by this Court, including omnibus Claims objections to more

than 100 Claims.  On December 20, 2007, this Court entered the Order Under New Bankruptcy

Rule 3007 And 11 U.S.C. § 105(a) Authorizing Debtors To Continue Claims Objection

Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings

Regarding Objections To Claims And (II) Certain Notices And Procedures Governing

Objections To Claims (Docket No. 11561).

       21.    In this Twenty-Eighth Omnibus Claims Objection, the Debtors are

objecting to nine Proofs of Claim, all of which are set forth on Exhibit F hereto in alphabetical

order by claimant and cross-referenced by proof of claim number and basis of objection.[5]

---

[5]   Contemporaneously with this Twenty-Eighth Omnibus Claims Objection, the Debtors are filing the Twenty-
Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And

<u>Relief Requested</u>

22.     By this Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging (a) the Claims set forth on <u>Exhibit A</u> hereto as "Claims To Be Expunged" because they are duplicative of other Claims or have been amended or superseded by later-filed Claims, (b) the Claim set forth on <u>Exhibit B-1</u> hereto because it asserts a liability or dollar amount that is not reflected on the Debtors' books and records, (c) the Claim set forth on <u>Exhibit B-2</u> hereto because it asserts a liability or dollar amount that is not reflected on the Debtors' books and records and was untimely filed pursuant to the Bar Date Order, and (d) the Claim set forth on <u>Exhibit C</u> hereto because it was untimely filed pursuant to the Bar Date Order.

23.     In addition, by this Objection the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 revising (a) the asserted amount with respect to the Claims set forth on <u>Exhibit D-1</u> hereto and (b) the asserted amount and classification with respect to the Claim set forth on <u>Exhibit D-2</u> hereto, which is subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses.

---

*(cont'd from previous page)*

Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments (the "Twenty-Ninth Omnibus Claims Objection"). In the Twenty-Ninth Omnibus Claims Objection, the Debtors object to Claims and are seeking to (i) disallow and expunge certain Claims, including those that have been modified pursuant to prior orders, that were satisfied in whole due to cure payments that the Debtors have made on account of the assumption of certain executory contracts or unexpired leases and (ii) modify certain Claims, including those that have been modified pursuant to prior orders, that were satisfied in part by cure payments that the Debtors have made on account of the assumption of certain executory contracts or unexpired leases.

Objections To Claims

G.    Duplicate Or Amended Claims

24.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that a certain Proof of Claim in fact asserts a duplicate Claim (the "Duplicate Claim") for a single

liability.  In this instance, the Duplicate Claim arose when a Claimant filed two Proofs of Claim

against the same Debtor entity for the same liability.  In an effort to eliminate the Duplicate

Claim, the Debtors reviewed the Proofs of Claim, the supporting documentation provided in

those Proofs of Claim, and the Debtors' Schedules and Statements to determine which duplicate

claim should be the surviving claim.

25.    Additionally, the Debtors determined that certain Claims evidenced by

Proofs of Claim were subsequently amended or superseded by other Proofs of Claim filed by

creditors with respect to the same liabilities (the "Amended Claims").  For instance, the

Amended Claims were filed to (a) amend an amount previously claimed in an earlier Proof of

Claim (the "Original Claim") and/or (b) to amend the classification of an earlier Original Claim.

26.    It is axiomatic that creditors are not entitled to multiple recoveries for a

single liability against a debtor.  Accordingly, the Debtors wish to eliminate the Duplicate Claim.

In addition, the Debtors wish to eliminate from the Debtors' claims register Original Claims for

which Amended Claims were subsequently filed (collectively, the "Duplicate Or Amended

Claims").

27.    Set forth on Exhibit A hereto is a list of Claims that the Debtors have

identified as Duplicate Or Amended Claims.  For each Duplicate Or Amended Claim, Exhibit A

classifies a Proof of Claim as either a "Claim To Be Expunged" (the "Expunged Claim") or as a

"Surviving Claim" (the "Surviving Claim").  Generally, the Surviving Claims reflect the

classifications of the liabilities as reflected on the Debtors' Schedules and Statements.  The

11

Debtors request that the Claims marked as Expunged Claims on <u>Exhibit A</u> be disallowed and

expunged.  With respect to the Claims on <u>Exhibit A</u> marked as Surviving Claims, the Debtors do

not seek any relief at this time.  The inclusion of the Surviving Claims on <u>Exhibit A</u>, however,

does not reflect any view by the Debtors as to the ultimate validity of any such Claims.  The

Debtors therefore expressly reserve all of their rights to further object to any or all of the

Surviving Claims at a later date on any basis whatsoever, except as expressly provided in

paragraph 46 below.

28.    Accordingly, the Debtors (a) object to the Duplicate Or Amended Claims

and (b) seek entry of an order disallowing and expunging the Duplicate Or Amended Claims in

their entirety.

H.    <u>Books And Records Claim And Untimely Books And Records Claim</u>

29.    During the Debtors' review of the Proofs of Claim, the Debtors determined

that a certain Proof of Claim asserts a liability or dollar amount that is not owing pursuant to the

Debtors' books and records (the "Books And Records Claim").  The Debtors have also

determined that a certain Proof of Claim asserts a liability or dollar amount that is not owing

pursuant to the Debtors' books and records and, in addition, was not timely filed pursuant to the

Bar Date (the "Untimely Books And Records Claim").  The Debtors believe that the parties

asserting the Books And Records Claim and the Untimely Books And Records Claim are not

creditors of the Debtors.  The Debtors determined that they are not liable for the Books And

Records Claim and the Untimely Books And Records Claim because the Debtors' books and

records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim.

30.    A claimant's proof of claim is entitled to the presumption of <u>prima</u> <u>facie</u>

validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the

allegations that is essential to the claim's legal sufficiency.'"  <u>WorldCom</u>, 2005 WL 3832065, at

12

*4 (quoting <u>Allegheny</u>, 954 F.2d at 174).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  <u>Id</u>.

31.    Attached hereto as <u>Exhibit B-1</u> is the Books And Records Claim that the Debtors have identified as a Claim for which the Debtors are not liable.  Identified on <u>Exhibit B-2</u> hereto is the Untimely Books And Records Claim that the Debtors have also identified as a Claim for which the Debtors are not liable.[6]  The Debtors object to the Untimely Books And Records Claim not only because the Debtors have no liability in respect thereof, but also because the Claim was not timely filed pursuant to the Bar Date Order.[7]  If this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to either or both of the Books And Records Claim and the Untimely Books And Records Claim at a later date on any basis whatsoever.

32.    Accordingly, the Debtors (a) object to the Books And Records Claim and the Untimely Books And Records Claim and (b) seek entry of an order disallowing and expunging the Books And Records Claim and the Untimely Books And Records Claim in their entirety.

I.    <u>Untimely Claim</u>

33.    Although the Bar Date passed more than 18 months ago, various parties have continued to file Proofs of Claim in these chapter 11 cases.  During the Debtors' continuing review of the Proofs of Claim, the Debtors have determined that a certain Proof of Claim was received by the Debtors after the Bar Date (the "Untimely Claim").  The Debtors object to the

---

[6]    The Untimely Books And Records Claim listed on <u>Exhibit B-2</u> hereto was not included as part of the Motion For Order Under Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September 29, 2006 (Docket No. 5238) (the "Claims Timeliness Motion").

[7]    See Bar Date Order cited <u>supra</u> note 14.

13

Untimely Claim on the basis that it was not timely filed pursuant to the Bar Date Order.  The

Untimely Claim is identified on Exhibit C hereto.  Accordingly, the Debtors (a) object to the

Untimely Claim[8] and (b) seek entry of an order disallowing and expunging the Untimely Claim

in its entirety.

J.    Claims Subject To Modification

34.    During the Debtors' review of the Proofs of Claim, the Debtors have

determined that certain Claims state the incorrect amount or are overstated (collectively, the

"Claims Subject To Modification").

35.    Although in this Twenty-Eighth Omnibus Claims Objection the Debtors

do not seek to disallow and expunge the Claims Subject To Modification, based on an initial

review, the Debtors have determined that their liability with respect to each such Claim does not

exceed the dollar amount set forth on Exhibit D-1 hereto.  The bases for placing a Claim in the

Claims Subject To Modification category of objection include, but are not limited to, the

following: the asserted Claim (a) does not account for amounts that may have been paid or

credited against such Claim prior to the commencement of these cases and/or (b) does not

account for amounts that may have been paid or credited against such Claim following the

commencement of these cases.  Thus, the Debtors seek to convert the amount of each Claim

Subject To Modification to a fully liquidated, U.S. dollar-denominated amount consistent with

the Debtors' books and records and/or the liquidated amount requested by the Claimant (thus

eliminating the unliquidated component).

36.    As stated above, a Claimant's Proof of Claim is entitled to the presumption

of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

---

[8]    The Untimely Claim listed on Exhibit C hereto was not included as part of the Claims Timeliness Motion.

least one of the allegations that is essential to the claim's legal sufficiency.'"  <u>WorldCom</u>, 2005

WL 3832065, at *4 (quoting <u>Allegheny</u>, 954 F.2d at 174).  As with the unsubstantiated Claims,

the Debtors' books and records refute that the claims asserted in each Claims Subject To

Modification are actually owed by any of the Debtors.

37.    Set forth on <u>Exhibit D-1</u> hereto is a list of Claims Subject To Modification

that the Debtors believe should be modified solely to assert a properly classified, fully liquidated

claim amount against a different Debtor than the one identified by the Claimant.  For each Claim

Subject To Modification, <u>Exhibit D-1</u> reflects the amount, classification, and Debtor asserted in

the Claimant's Proof of Claim in a column titled "Claim As Docketed"[9] and the proposed

modified dollar amount for the Claim in a column titled "Claim As Modified."

38.    The Debtors object to the amount for each Claim Subject To Modification

listed on <u>Exhibit D-1</u> and request that each such Claim be revised to reflect the amount listed in

the "Claim As Modified" column of <u>Exhibit D-1</u>.  Thus, no Claimant listed on <u>Exhibit D-1</u> would

be entitled to recover for any Claim Subject To Modification in an amount exceeding the dollar

value listed as the "Modified Total" for such Claim on <u>Exhibit D-1</u>.  For clarity, <u>Exhibit D-1</u>

refers to a Debtor entity by case number and <u>Exhibit E</u> displays the formal name of the Debtor

entity and its associated bankruptcy case number referenced in <u>Exhibit D-1</u>.

39.    The inclusion of the Claims Subject To Modification on <u>Exhibit D-1</u>,

however, does not reflect the Debtors' view as to the ultimate validity of any such Claim.  The

Debtors therefore expressly reserve all of their rights to further object to any or all of the Claims

Subject To Modification at a later date on any basis whatsoever.

---

[9]    The Asserted Claim Amounts on <u>Exhibit D-1</u> reflect only asserted liquidated claims.

40.    Accordingly, the Debtors (a) object to the asserted amount for each Claim

Subject To Modification set forth on Exhibit D-1 and (b) seek an order modifying the Claim

Subject To Modification to reflect the Modified Total as set forth on Exhibit D-1.

K.    Modified Claim Asserting Reclamation

41.    In addition, the Debtors have also determined that a certain Claim (the

"Modified Claim Asserting Reclamation") (a)(i) states the incorrect amount and is overstated and

(ii) states the incorrect classification and (b) asserts a reclamation demand and the Debtors and

the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed

upon the valid amount of the reclamation demand, subject to certain reserved defenses (with

respect to (b), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and

notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation

Agreement, a judicial determination that certain reserved defenses with respect to the

reclamation demand are valid.

42.    As stated above, a Claimant's Proof of Claim is entitled to the presumption

of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at

least one of the allegations that is essential to the claim's legal sufficiency.'"  WorldCom, 2005

WL 3832065, at *4 (quoting Allegheny, 954 F.2d at 174).  As with the unsubstantiated Claims,

the Debtors' books and records refute that the claim asserted in the Modified Claim Asserting

Reclamation is actually owed by any of the Debtors.

43.    Set forth on Exhibit D-2 hereto is the Modified Claim Asserting

Reclamation that the Debtors believe should be modified solely to assert a properly classified,

fully liquidated claim amount against the appropriate Debtor.  For this Modified Claim Asserting

Reclamation, Exhibit D-2 reflects the amount, classification, and Debtor asserted in the Proof of

16

Claim in a column titled "Claim As Docketed"[10] and the proposed modified dollar amount, and the Debtor against which such Claim should be asserted, in a column titled "Claim As Modified."

44.     The Debtors object to the amount and classification for the Modified Claim Asserting Reclamation listed on Exhibit D-2 and request that such Claim be revised to reflect the amount and  classification listed in the "Claim As Modified" column of Exhibit D-2. Thus, the Claimant listed on Exhibit D-2 would not be entitled to (a) recover for the Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" for the Claim on Exhibit D-2, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation.  For clarity, Exhibit D-2 refers to a Debtor entity by case number and Exhibit E displays the formal name of the Debtor entity and its associated bankruptcy case number referenced in Exhibit D-2.

45.     Accordingly, the Debtors (a) object to the amount and classification for the Modified Claim Asserting Reclamation set forth on Exhibit D-2 and (b) seek an order modifying the Modified Claim Asserting Reclamation to reflect the Modified Total and classification, as set forth on Exhibit D-2.

<u>Separate Contested Matters</u>

46.     Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Twenty-Eighth Omnibus Claims

---

[10]     The Asserted Claim Amount on Exhibit D-2 reflects only the asserted liquidated claim.

Objection, each such Claim and the objection to such Claim asserted in this Twenty-Eighth

Omnibus Claims Objection will be deemed to constitute a separate contested matter as

contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order,

any order entered by the Court with respect to an objection asserted in this Twenty-Eighth

Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

### Reservation Of Rights

47.     The Debtors expressly reserve the right to amend, modify, or supplement

this Twenty-Eighth Omnibus Claims Objection and to file additional objections to the Proofs of

Claim or any other Claims (filed or not) which may be asserted against the Debtors, including

without limitation the right to object to any Claim on the basis that it has been asserted against

the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Twenty-

Eighth Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on

other stated grounds or on any other grounds that the Debtors discover during the pendency of

these cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to

the extent that such Claim has been paid.

### Responses To Objections

48.     Responses to the Twenty-Eighth Omnibus Claims Objection are governed

by the provisions of the Claims Objection Procedures Order.  The following summarizes the

provisions of that Order, but is qualified in all respects by the express terms thereof.

L.      Filing And Service Of Responses

49.     To contest an objection, responses (each, a "Response"), if any, to the

Twenty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal

Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New

York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 632, New York, New York

10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,

John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00**

**p.m. (prevailing Eastern time) on April 23, 2008.**

M.    Contents Of Responses

50.    Every Response to this Twenty-Eighth Omnibus Claims Objection must

contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)    a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases
upon which the Claimant will rely in opposing the claims objection;

(d)    unless already set forth in the Proof of Claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; provided,
however, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the Claimant must disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be
confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in
support of its Claim, subject to appropriate confidentiality constraints;

19

(e)    to the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

N.    Timely Response Required

51.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors request that this Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Twenty-Eighth Omnibus Claims Objection.

52.    Pursuant to the Claims Objection Procedures Order, only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose Proof of Claim is subject to the Twenty-Eighth Omnibus Claims Objection and who is served with the Twenty-Eighth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Debtors may present to the Court an appropriate order seeking relief with respect to such Claim consistent with the relief sought in the Twenty-Eighth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Debtors may seek

20

disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Hearing Procedures Order.

53.    To the extent that a Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or partially unliquidated and (b) provides the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), pursuant to the Claims Objection Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code, by providing notice as described more fully in the Claims Objection Procedures Order.

## Replies To Responses

54.    Replies to any Responses will be governed by the Claims Objection Procedures Order.

## Service Of Twenty-Eighth Omnibus Claims Objection Order

55.    Service of any order with regard to this Twenty-Eighth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

## Further Information

56.    Questions about this Twenty-Eighth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be

directed to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-

5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,

Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N.

Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed

to the Claims Agent at 1-888-249-2691 or www.delphidocket.com.  <u>Claimants should not

contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

Notice

57.     Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).  In light of the

nature of the relief requested, the Debtors submit that no other or further notice is necessary.

58.     Pursuant to the Claims Objection Procedures Order, the Debtors will

provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Twenty-

Eighth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which

specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis

for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the

Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibits A</u>, <u>B-1</u>, <u>B-2</u>, and <u>C</u>

is attached hereto as <u>Exhibit G</u>.  A form of the Notice Of Objection To Claim to be sent to the

Claimants listed on <u>Exhibits D-1</u> and <u>D-2</u> is attached hereto as <u>Exhibit H</u>.  Claimants will receive

22

a copy of this Twenty-Eighth Omnibus Claims Objection without <u>Exhibits A</u> through <u>H</u> hereto.

Claimants will nonetheless be able to review <u>Exhibits A</u> through <u>H</u> hereto free of charge by

accessing the Debtors' Legal Information Website (www.delphidocket.com).  In light of the

nature of the relief requested, the Debtors submit that no other or further notice is necessary.

<u>Memorandum Of Law</u>

59.    Because the legal points and authorities upon which this objection relies

are incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         March 27, 2008

                          SKADDEN, ARPS, SLATE, MEAGHER
                             & FLOM LLP

                          By:   /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr. (JB 4711)
                                John K. Lyons (JL 9331)
                                Ron E. Meisler (RM 3026)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                - and -

                          By:   /s/ Kayalyn A. Marafioti
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**EXHIBIT A - DUPLICATE OR AMENDED CLAIMS**

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|

| | | | |
|---|---|---|---|
| Claim Number:  3425 | Debtor:  DELPHI CORPORATION (05-44481) | Claim Number:  16769 | Debtor:  DELPHI CORPORATION (05-44481) |
| Date Filed:  05/01/2006 | | Date Filed:  01/07/2008 | |
| Creditor's Name and Address: | Secured: | Creditor's Name and Address: | Secured: |
| | Priority  $6,822.24 | | Priority |
| CHARLES A COTTEN | Administrative: | CHARLES A COTTEN | Administrative |
| 9281 PROMONTORY CIRCLE | Unsecured: | 9281 PROMONTORY CIR | Unsecured:  $1,897,936.00 |
| INDIANAPOLIS, IN 46236 | | INDIANAPOLIS, IN 46236 | |
| | Total:  $6,822.24 | | Total:  $1,897,936.00 |
| Claim Number:  12152 | Debtor:  DELPHI CORPORATION (05-44481) | Claim Number:  16798 | Debtor:  DELPHI CORPORATION (05-44481) |
| Date Filed:  07/28/2006 | | Date Filed:  02/01/2008 | |
| Creditor's Name and Address: | Secured: | Creditor's Name and Address: | Secured: |
| | Priority | | Priority |
| JACKSON JERRY F | Administrative: | JACKSON JERRY F | Administrative |
| 7418 CAMPFIRE RUN | Unsecured:  $179,695.45 | 7418 CAMPFIRE RUN | Unsecured:  $1,672,405.95 |
| INDIANAPOLIS, IN 46236-9260 | | INDIANAPOLIS, IN 46236-9260 | |
| | Total:  $179,695.45 | | Total:  $1,672,405.95 |
| Claim Number:  16773 | Debtor:  DELPHI CORPORATION (05-44481) | Claim Number:  16779 | Debtor:  DELPHI CORPORATION (05-44481) |
| Date Filed:  01/09/2008 | | Date Filed:  01/10/2008 | |
| Creditor's Name and Address: | Secured: | Creditor's Name and Address: | Secured: |
| | Priority: | | Priority: |
| RONALD R MALANGA | Administrative: | RONALD R MALANGA | Administrative |
| 1567 WOODHILL DR NE | Unsecured:  $773,764.00 | 1567 WOODHILL DR NE | Unsecured:  $773,764.00 |
| WARREN, OH 44484 | | WARREN, OH 44484 | |
| | Total:  $773,764.00 | | Total:  $773,764.00 |

Total Claims To Be Expunged:    3
Total Asserted Amount To Be Expunged:    $960,281.69

In re Delphi Corporation, et al.   Twenty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B-1 - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| LISS & SHAPERO<br>DENNIS STEJAKOWSKI & LISS & SHAPERO<br>2695 COOLIDGE HWY<br>BERKLEY, MI 48072 | 1144 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$1,000,000.00<br>$1,000,000.00 | 12/13/2005 | DELPHI CORPORATION (05-44481) |
| | **Total:** 1 | | **$1,000,000.00** | | |

Page 1 of 1

**In re Delphi Corporation, et al.**                    Twenty-Eighth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| METHODE ELECTRONICS INC<br>C/O TIMOTHY S MCFADDEN ESQ<br>LORD BISSELL & BROOK LLP<br>111 S WACKER DR<br>CHICAGO, IL 60606 | 16194 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $2,939,137.00<br><br><br><br>$2,939,137.00 | 08/14/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

Total:          1                    $2,939,137.00

**In re Delphi Corporation, et al.**                    Twenty-Eighth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT C - UNTIMELY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| PIONEER SPEAKERS INC C/O MAX J NEWMAN BUTZEL LONG PC STONERIDGE WEST 41000 WOODWARD AVE BLOOMFIELD HILLS, MI 48304 | 16802 | Secured: Priority: Administrative: Unsecured: Total: | $153,750.00 $153,750.00 | 02/11/2008 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
|  | **Total:** 1 |  | **$153,750.00** | | |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 4577<br>Date Filed: 05/03/2006<br>Docketed Total: $ 58,674.29<br>Filing Creditor Name and Address:<br>CONNECTOR PRODUCTS<br>DIVISION A DIVISION OF<br>METHODE ELECTRONICS INC<br>C O TIMOTHY S MCFADDEN ESQ<br>LORD BISSELL & BROOK LLP<br>111 S WACKER DR<br>CHICAGO, IL 60606 | Claim Holder Name and Address<br><br>BLUE ANGEL CLAIMS LLC<br>C O DAVIDSON KEMPER CAPITAL<br>MANAGEMENT LLC<br>65 E 55TH ST 19TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $58,674.29 | Modified Total: | | | $55,427.49 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$58,674.29 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$55,427.49 |
| | | | | **$58,674.29** | | | | **$55,427.49** |
| Claim: 4575<br>Date Filed: 05/03/2006<br>Docketed Total: $ 406,570.92<br>Filing Creditor Name and Address:<br>METHODE ELECTRONICS MALTA<br>LTD A WHOLLY OWNED<br>SUBSIDIARY OF METHODE<br>ELECTRONICS INC FKA MERIT<br>MALTA METHODE LTD<br>C O TIMOTHY S MCFADDEN ESQ<br>LORD BISSELL & BROOK LLP<br>111 S WACKER DR<br>CHICAGO, IL 60606 | Claim Holder Name and Address<br><br>BLUE ANGEL CLAIMS LLC<br>C O DAVIDSON KEMPER CAPITAL<br>MANAGEMENT LLC<br>65 E 55TH ST 19TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $406,570.92 | Modified Total: | | | $397,816.85 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$406,570.92 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$397,816.85 |
| | | | | **$406,570.92** | | | | **$397,816.85** |

**Total Claims To Be Modified: 2**

**Total Amount As Docketed: $465,245.21**

**Total Amount As Modified: $ 453,244.34**

*See Exhibit E for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

**Twenty-Eighth Omnibus Claims Objection**

EXHIBIT D-2 - MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 4576<br>Date Filed: 05/03/2006<br>Docketed Total: $ 149,937.86<br>Filing Creditor Name and Address:<br>  AUTOMOTIVE ELECTRONIC<br>  CONTROLS DIVISION A DIVISION<br>  OF METHODE ELECTRONICS INC<br>  C O TIMITHY S MCFADDEN ESQ<br>  LORD BISSELL & BROOK LLP<br>  111 S WACKER DR<br>  CHICAGO, IL 60606 | Claim Holder Name and Address<br><br>BLUE ANGEL CLAIMS LLC<br>C O DAVIDSON KEMPER CAPITAL<br>MANAGEMENT LLC<br>65 E 55TH ST 19TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $149,937.86 | Modified Total: | | | $143,391.45 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$149,937.86 | Case Number*<br>05-44640 | Secured | Priority<br>$3,268.34 | Unsecured<br>$140,123.11 |
| | | | | $149,937.86 | | | $3,268.34 | $140,123.11 |

**Total Claims To Be Modified: 1**

**Total Amount As Docketed: $149,937.86**

**Total Amount As Modified: $ 143,391.45**

In re Delphi Corporation, <u>et al.</u>                                        Twenty-Eighth Omnibus Claims Objection

Case No. 05-44481 (RDD)

Exhibit E - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

Exhibit F - Claimants And Related Claims Subject To Twenty-Eighth Omnibus Claims Objection

| Claimant | Claim | Exhibit |
|---|---|---|
| AUTOMOTIVE ELECTRONIC CONTROLS DIVISION A DIVISION OF METHODE ELECTRONICS INC | 4576 | EXHIBIT D-2 - MODIFIED CLAIMS ASSERTING RECLAMATION |
| BLUE ANGEL CLAIMS LLC | 4575 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| BLUE ANGEL CLAIMS LLC | 4576 | EXHIBIT D-2 - MODIFIED CLAIMS ASSERTING RECLAMATION |
| BLUE ANGEL CLAIMS LLC | 4577 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| CHARLES A COTTEN | 3425 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |
| CONNECTOR PRODUCTS DIVISION A DIVISION OF METHODE ELECTRONICS INC | 4577 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| JACKSON JERRY F | 12152 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |
| LISS & SHAPERO | 1144 | EXHIBIT B-1 - BOOKS AND RECORDS CLAIMS |
| METHODE ELECTRONICS INC | 16194 | EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS |
| METHODE ELECTRONICS MALTA LTD A WHOLLY OWNED SUBSIDIARY OF METHODE ELECTRONICS INC FKA MERIT MALTA METHODE LTD | 4575 | EXHIBIT D-1 - CLAIMS SUBJECT TO MODIFICATION |
| PIONEER SPEAKERS INC | 16802 | EXHIBIT C - UNTIMELY CLAIMS |
| RONALD R MALANGA | 16773 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
    In re                                   :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                            Debtors.        :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records
Claim, (D) Untimely Claim, And (D) Claims Subject To Modification And Modified Claim Asserting
Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), dated March 27, 2008, a copy of which
is enclosed (without exhibits). The Debtors' Twenty-Eighth Omnibus Claims Objection is set for hearing
on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-EIGHTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON APRIL 23, 2008. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED
BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT
ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Eighth Omnibus Claims Objection identifies six different categories of
objections. The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        either duplicates of other Claims or have been amended or superseded by later-filed
        Claims.

The Claim identified as having a Basis For Objection of "Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation" is a Claim (i) that the Debtors have determined (a) states the incorrect amount and is overstated and (b) states the incorrect classification and (ii) in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand (with respect to (ii), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|------------|--------------|-----------------------|---------------------|--------------------|------------------------|
|            |              |                       |                     |                    |                        |

If you wish to view the complete exhibits to the Twenty-Eighth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Twenty-Eighth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT

ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Eighth Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on April 23, 2008. Your Response, if any, to the Twenty-Eighth Omnibus Claims Objection must
(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon
which you will rely in opposing the Twenty-Eighth Omnibus Claims Objection, (iv) unless already set
forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima
facie right to payment; provided, however, that you need not disclose confidential, proprietary, or
otherwise protected information in the Response; provided further, however, that you must disclose to the
Debtors all information and provide copies of all documents that you believe to be confidential,
proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the
extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be
the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as
appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if
different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such
Response will automatically be adjourned from the April 30, 2008 hearing date to a future date to be set
pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the
Debtors have requested that the Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing
Eastern time).

**[PAGE INTENTIONALLY LEFT BLANK HERE]**

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
         March 27, 2008

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
      In re                         :        Chapter 11
                                   :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                   :
                 Debtors.      :       (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records
Claim, (D) Untimely Claim, And (D) Claims Subject To Modification And Modified Claim Asserting
Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), dated March 27, 2008, a copy of which
is enclosed (without exhibits).  The Debtors' Twenty-Eighth Omnibus Claims Objection is set for hearing
on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-EIGHTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON APRIL 23, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED
BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT
ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Twenty-Eighth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

      Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
either duplicates of other Claims or have been amended or superseded by later-filed
Claims.

The Claim identified as having a Basis For Objection of "Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation" is a Claim (i) that the Debtors have determined (a) states the incorrect amount and is overstated and (b) states the incorrect classification and (ii) in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand (with respect to (ii), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | | |
|------------|--------------|-----------------------|---------------------|--------------------|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Twenty-Eighth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Twenty-Eighth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at

delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Eighth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on April 23, 2008. Your Response, if any, to the Twenty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Eighth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

3

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the April 30, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        March 27, 2008

4

# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
     In re                      :    Chapter 11
                            :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                            :
             Debtors.    :    (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF FILING OF PROPOSED ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 (I) DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS, (B) BOOKS AND RECORDS CLAIM, (C) UNTIMELY BOOKS AND
RECORDS CLAIM, AND (D) UNTIMELY CLAIM AND (II) MODIFYING (A) CLAIMS
SUBJECT TO MODIFICATION AND (B) MODIFIED CLAIM ASSERTING
RECLAMATION IDENTIFIED IN TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION

PLEASE TAKE NOTICE that due to a filing error in the initial filing of Debtors'

Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007

To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And

Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And  Modified

Claim Asserting Reclamation (the "Twenty-Eighth Omnibus Claims Objection "). The <u>Proposed</u>

<u>Order</u> is attached hereto.

Dated:  New York, New York
       March 27, 2008

                           SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

        - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                              :

       In re                        :        Chapter 11

                                :

DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)

                                :

                   Debtors.       :        (Jointly Administered)

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS, (B) BOOKS AND RECORDS CLAIM, (C) UNTIMELY BOOKS AND
RECORDS CLAIM, AND (D) UNTIMELY CLAIM AND (II) MODIFYING (A) CLAIMS
SUBJECT TO MODIFICATION AND (B)
MODIFIED CLAIM ASSERTING RECLAMATION IDENTIFIED IN
<u>TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records

Claim (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject

To Modification And Modified Claim Asserting Reclamation, dated March 27, 2008 (the

"Twenty-Eighth Omnibus Claims Objection")[1] (Docket No. 12686), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Eighth Omnibus Claims Objection.

the Twenty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A, B-1, B-2, C, D-1, and D-2 hereto was properly and

timely served with a copy of the Twenty-Eighth Omnibus Claims Objection, a personalized

Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order

granting the Twenty-Eighth Omnibus Claims Objection, and notice of the deadline for

responding to the Twenty-Eighth Omnibus Claims Objection.  No other or further notice of the

Twenty-Eighth Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Twenty-Eighth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Eighth Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the

Twenty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and

1409.

C.    The Claims listed on Exhibit A hereto under the column heading "Claim

To Be Expunged" are either duplicates of other Claims filed with this Court or have been

amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.      The Claim listed on <u>Exhibit B-1</u> contains a liability or dollar amount that is not reflected on the Debtors' books and records (the "Untimely Books And Records Claim").

E.      The Claim listed on <u>Exhibit B-2</u> contains a liability or dollar amount that is not reflected on the Debtors' books and records and was also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claim").

F.      The Claim listed on <u>Exhibit C</u> hereto was untimely filed pursuant to the Bar Date Order (the "Untimely Claim").

G.      The Claims listed on <u>Exhibit D-1</u> hereto state the incorrect amount or are overstated (the "Claims Subject To Modification").

H.      The Claim listed on <u>Exhibit D-2</u> hereto (a) (i) states the incorrect amount and is overstated and (ii) states the incorrect classification and (b) asserts a reclamation demand and the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand (with respect to (b), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claim Asserting Reclamation").

I.      The relief requested in the Twenty-Eighth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby

disallowed and expunged in its entirety.  Those Claims identified on Exhibit A hereto as

"Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to

future objection by the Debtors and other parties-in-interest.

2.      The Books And Records Claim listed on Exhibit B-1 hereto is hereby

disallowed and expunged in its entirety.

3.      The Untimely Books And Records Claim listed on Exhibit B-2 hereto is

hereby disallowed and expunged in its entirety.

4.      The Untimely Claim listed on Exhibit C hereto is hereby disallowed and

expunged in its entirety.

5.      Each "Claim As Docketed" amount listed on Exhibit D-1 hereto is hereby

revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit

D-1 hereto shall be entitled to recover for any Claim Subject to Modification in an amount

exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors'

right to further object to each such Claim Subject to Modification.  The Claims Subject to

Modification shall remain on the claims register, and shall remain subject to future objection by

the Debtors and other parties-in-interest.

6.      The "Claim As Docketed" amount and classification listed on Exhibit D-2

hereto is hereby revised to reflect the amount and classification listed as the "Claim As

Modified."  The Claimant listed on Exhibit D-2 shall not be entitled to (a) recover for the

Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the

"Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that

any Reserved Defense is valid and denying priority status to such Claimant's reclamation

4

demand and/or (b) assert a classification that is inconsistent with that listed in the "Claim As

Modified" column on Exhibit D-2 hereto, subject to the Debtors' right to further object to such

Modified Claim Asserting Reclamation.  The Modified Claim Asserting Reclamation shall

remain on the claims register, and shall remain subject to future objection by the Debtors and

other parties-in-interest.

    7.  For clarity, Exhibit E hereto displays the formal name of the Debtor entity

and its associated bankruptcy case number referenced on Exhibits D-1 and D-2.

    8.  Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any Claim asserted against any of the Debtors.

    9.  This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Twenty-Eighth Omnibus Claims Objection to hear and determine all

matters arising from the implementation of this order.

    10.  Each of the objections by the Debtors to each Claim addressed in the

Twenty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B-1, B-2, C, D-1,

and D-2 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This

order shall be deemed a separate order with respect to each Claim that is the subject of the

Twenty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the

contested matter which involves such Claim and shall not act to stay the applicability or finality

of this order with respect to the other contested matters covered hereby.

    11.  Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

12.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Eighth Omnibus

Claims Objection.


Dated: New York, New York
       April ___, 2008


_____
        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT F

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit A Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Charles A Cotten | 9281 Promontory Circle Indianapolis, IN 46236 | 5/1/06 | 3425 | $6,822.24 | Duplicate Or Amended Claims | Disallow and Expunge | 16769 |
| Jackson Jerry F | 7418 Campfire Run Indianapolis, IN 46236-9260 | 7/28/06 | 12152 | $179,695.45 | Duplicate Or Amended Claims | Disallow and Expunge | 16798 |
| Ronald R Malanga | 1567 Woodhill Dr NE Warren, OH 44484 | 1/9/08 | 16773 | $773,764.00 | Duplicate Or Amended Claims | Disallow and Expunge | 16779 |

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit B-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Dennis Stejakowski & Liss & Shapero | Liss & Shapero 2695 Coolidge Hwy Berkley, MI 48072 | 12/13/05 | 1144 | $1,000,000.00 | Books And Records Claims | Disallow and Expunge | |
| Dennis Stejakowski & Liss & Shapero | Robert F Liss Liss & Shapero 2695 Coolidge Hwy Berkley, MI 48072 | 12/13/05 | 1144 | $1,000,000.00 | Books And Records Claims | Disallow and Expunge | |

4/1/2008 12:22 PM
Omni 28 Objection Exhibit B-1 Service List

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit B-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Methode Electronics Inc | c/o Timothy S McFadden Esq<br>Lord Bissell & Brook LLP<br>111 S Wacker Dr<br>Chicago, IL 60606 | 8/14/06 | 16194 | $2,939,137.00 | Untimely Books And Records Claims | Disallow and Expunge | |

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim | Surviving Claim Number |
| Pioneer Speakers Inc | c o Max J Newman Butzel Long PC Stoneridge West 41000 Woodward Ave Bloomfield Hills, MI 48304 | 2/11/08 | 16802 | $153,750.00 | Untimely Claims | Disallow and Expunge | |

4/1/2008 12:22 PM
Omni 28 Objection Exhibit C Service List

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records
Claim, (D) Untimely Claim, And (D) Claims Subject To Modification And Modified Claim Asserting
Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), dated March 27, 2008, a copy of which
is enclosed (without exhibits).  The Debtors' Twenty-Eighth Omnibus Claims Objection is set for hearing
on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-EIGHTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON APRIL 23, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED
BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT
ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Eighth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        either duplicates of other Claims or have been amended or superseded by later-filed
        Claims.

The Claim identified as having a Basis For Objection of "Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation" is a Claim (i) that the Debtors have determined (a) states the incorrect amount and is overstated and (b) states the incorrect classification and (ii) in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand (with respect to (ii), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|---|---|---|---|---|---|
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ |

If you wish to view the complete exhibits to the Twenty-Eighth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Eighth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT

ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Eighth Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on April 23, 2008. Your Response, if any, to the Twenty-Eighth Omnibus Claims Objection must
(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon
which you will rely in opposing the Twenty-Eighth Omnibus Claims Objection, (iv) unless already set
forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima
facie right to payment; provided, however, that you need not disclose confidential, proprietary, or
otherwise protected information in the Response; provided further, however, that you must disclose to the
Debtors all information and provide copies of all documents that you believe to be confidential,
proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the
extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be
the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as
appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if
different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such
Response will automatically be adjourned from the April 30, 2008 hearing date to a future date to be set
pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the
Debtors have requested that the Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing
Eastern time).

**[PAGE INTENTIONALLY LEFT BLANK HERE]**

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        March 27, 2008

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                             :
      In re                      :     Chapter 11
                             :
  DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                             :
              Debtors.    :     (Jointly Administered)
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And
Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For
Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And
Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated
October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and
affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the
"Debtors"); and upon the objections to the Motion and the record of the hearing held on the
Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.     Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.     The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

> December 13, 2006 at 10:00 a.m. (prevailing Eastern time)
>
> January 12, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> February 14, 2007 at 10:00 a.m. (prevailing Eastern time)
>
> March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.      Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.      Every Response must contain at a minimum the following:

        (a)      the title of the claims objection to which the Response is directed;

        (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

        (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.      Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.      Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.      The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)      Adjournment Of Claims Hearing.

(i)      All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

6

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)     for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)     for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice Of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)     <u>Sufficiency Hearing Procedures</u>.

(i)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)     To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)     <u>Mandatory Meet And Confer</u>.

(i)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided</u> further, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

(f)    Debtors' Supplemental Reply.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; provided, however, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    Mandatory Non-Binding Summary Mediation.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)    Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)     No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)     Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)     <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)     <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)     <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10.    The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11.    With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12.    The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.     Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      December 6, 2006

                                       _____/s/Robert D. Drain_____
                                         UNITED STATES BANKRUPTCY JUDGE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

        PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated: New York, New York
         _____ _, 200_

                                        BY ORDER OF THE COURT

                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                           - and -

                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated:  New York, New York
      _____ \_, 200\_

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP

By:_____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By:_____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

         PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
            _____ _, 200_

                                              SKADDEN, ARPS, SLATE, MEAGHER &
                                                 FLOM LLP

                                              By:_____
                                                   John Wm. Butler, Jr. (JB 4711)
                                                   John K. Lyons (JL 4951)
                                                   Ron E. Meisler (RM 3026)
                                              333 West Wacker Drive, Suite 2100
                                              Chicago, Illinois  60606
                                              (312) 407-0700

                                              By:_____
                                                   Kayalyn A. Marafioti (KM 9632)
                                                   Thomas J. Matz (TM 5986)
                                              Four Times Square
                                              New York, New York 10036
                                              (212) 735-3000

                                              Attorneys for Delphi Corporation, et al.,
                                                   Debtors and Debtors-in-Possession

<u>EXHIBIT D</u>

## <u>LIST OF MEDIATORS</u>

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
          _____ _, 200_

                            SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM LLP

                            By:_____
                               John Wm. Butler, Jr. (JB 4711)
                               John K. Lyons (JL 4951)
                               Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                            By:_____
                               Kayalyn A. Marafioti (KM 9632)
                               Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                               Debtors and Debtors-in-Possession

3

# EXHIBIT I

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit D-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature |
| Blue Angel Claims LLC | Attn Jennifer Donovan<br>c o Davidson Kemper Capital Management LLC<br>65 E 55th St 19th Fl<br>New York, NY 10022 | 5/3/06 | 4575 | $406,570.92 | Subject To Modification | 05-44640 | $397,816.85 | General Unsecured |
| Blue Angel Claims LLC | Attn Jennifer Donovan<br>c o Davidson Kemper Capital Management LLC<br>65 E 55th St 19th Fl<br>New York, NY 10022 | 5/3/06 | 4577 | $58,674.29 | Subject To Modification | 05-44640 | $55,427.49 | General Unsecured |

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>NOTICE OF OBJECTION TO CLAIM</u>


[Claimant Name]:


     Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), dated March 27, 2008, a copy of which is enclosed (without exhibits). The Debtors' Twenty-Eighth Omnibus Claims Objection is set for hearing on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 23, 2008. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

     The enclosed Twenty-Eighth Omnibus Claims Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

     Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are either duplicates of other Claims or have been amended or superseded by later-filed Claims.

The Claim identified as having a Basis For Objection of "Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation" is a Claim (i) that the Debtors have determined (a) states the incorrect amount and is overstated and (b) states the incorrect classification and (ii) in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand (with respect to (ii), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Twenty-Eighth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Twenty-Eighth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND

PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Eighth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on April 23, 2008. Your Response, if any, to the Twenty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Eighth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the April 30, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing Eastern time).


IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE

3

AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO
THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR
SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED
AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING
VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION.  YOUR PROOF
OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS
APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE TWENTY-
EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN
ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS
OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER
SUSTAINING THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER
NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE
CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you
from sustaining a Claim against the Debtors.

Dated:  New York, New York
        March 27, 2008

4

# EXHIBIT K

Delphi Corporation
Twenty-Eighth Omnibus Claims Objection
Exhibit D-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature | Correct Debtor2 | Modified Amount2 | Modified Nature2 |
| Blue Angel Claims LLC | Attn Jennifer Donovan c o Davidson Kemper Capital Management LLC 65 E 55th St 19th Fl New York, NY 10022 | 5/3/06 | 4576 | $149,937.86 | Modified Claim Asserting Reclamation | 05-44640 | $3,268.34 | Priority | 05-44640 | $140,123.11 | General Unsecured |

4/1/2008 12:23 PM
Omni 28 Objection Exhibit D-2 Service List

# EXHIBIT L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
        In re                           :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05-44481 (RDD)
                                        :
                        Debtors.        :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


                        NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007
To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records
Claim, (D) Untimely Claim, And (D) Claims Subject To Modification And Modified Claim Asserting
Reclamation (the "Twenty-Eighth Omnibus Claims Objection"), dated March 27, 2008, a copy of which
is enclosed (without exhibits).  The Debtors' Twenty-Eighth Omnibus Claims Objection is set for hearing
on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New
York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED TWENTY-EIGHTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON APRIL 23, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED
BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT
ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Twenty-Eighth Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        Claims identified as having a Basis For Objection of "Duplicate Or Amended Claims" are
        either duplicates of other Claims or have been amended or superseded by later-filed
        Claims.

The Claim identified as having a Basis For Objection of "Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Claim" is a Claim that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and was also not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Claim" is a Claim that was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

The Claim identified as having a Basis For Objection of "Modified Claim Asserting Reclamation" is a Claim (i) that the Debtors have determined (a) states the incorrect amount and is overstated and (b) states the incorrect classification and (ii) in which the claimant asserted a reclamation demand and the Debtors and the claimant have entered into a letter agreement pursuant to which the Debtors and the claimant agreed upon the valid amount of the reclamation demand (with respect to (ii), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |
| | | | | ❿ | ⓫ | ⓬ |

If you wish to view the complete exhibits to the Twenty-Eighth Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Twenty-Eighth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Twenty-Eighth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on April 23, 2008. Your Response, if any, to the Twenty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Twenty-Eighth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the April 30, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on April 30, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        March 27, 2008