SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
    In re                      :    Chapter 11
                            :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                            :
               Debtors.    :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' UNOPPOSED APPLICATION UNDER 11 U.S.C. § 107(b) AND
FED. R. BANKR. P. 9018 FOR ORDER AUTHORIZING PARTIES TO FILE UNDER
SEAL MATERIALS DESIGNATED FOR INCLUSION IN RECORD ON APPEAL
FROM BANKRUPTCY COURT'S DENIAL OF AUTOMODULAR'S MOTION TO
COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND
<u>ALLOW AND DIRECT PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM</u>

("UNOPPOSED APPLICATION TO FILE APPELLATE RECORD ITEMS UNDER SEAL")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this Unopposed Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Parties To File Under Seal Materials Designated For Inclusion In Record On Appeal From Bankruptcy Court's Denial Of Automodular's Motion To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (the "Application"), and respectfully represent as follows:

Preliminary Statement

1.  On November 30, 2007, Automodular Assemblies Inc., Tec-Mar Distribution Services, Inc., and Automodular Assemblies (Ohio) Inc. (collectively, "Automodular") filed a Motion To Compel Assumption Or Rejection Of Executory Contracts And Allow And Direct Payment Of Administrative Expense Claim (Docket No. 11180) (the "Automodular Motion"). The Debtors filed an objection to the Automodular Motion on December 13, 2007 (Docket No. 11447), and after several adjournments and supplemental motions by the parties, the matters were considered by this Court at a hearing held on February 21, 2008.

2.  In relevant part, Automodular argued that the Debtors had breached certain contracts between Automodular and DAS LLC for work to be performed at two Automodular parts assembly facilities, one in Lordstown, Ohio and the other in Oshawa, Ontario, Canada. More particularly, Automodular alleged that following reductions in production volume at its Lordstown and Ontario facilities, Automodular was contractually entitled to a per-piece price increase for costs associated with those reductions. Automodular also alleged that it was entitled to damages for

2

"early termination" of production at the Ontario facility following GM's decision to phase out the Chevrolet Monte Carlo at the close of the 2007 model year.[1]

        3.      After receiving testimony, considering documents and other exhibits submitted in support of the parties' respective pleadings, and following argument, this Court concluded in a Modified Bench Ruling (the "MBR") that (a) the contracts at issue "are very clearly requirements contracts," (b) the contracts' disputed terms and conditions are "clear and unambiguous," (c) when the contracts were "read[] . . . as a whole," the interpretation urged by Automodular was "clearly not what the parties intended" when they entered into the contracts, (d) the remedies sought by Automodular were "completely counter" to the contracts' express terms and conditions, and thus, (e) Automodular had failed to establish that it was entitled to payment of an administrative expense claim or other relief under the Bankruptcy Code. (MBR Ex. A at 2, 4, 6–7, 9.)

        4.      On March 12, 2008, Automodular filed a notice of appeal from this Court's order denying the Motion (Docket No. 13099), and on March 24, 2008, Automodular filed with the Clerk of the Bankruptcy Court its Designation Of Record And Statement Of Issues On Appeal (the "Record Designation Motion") (Docket No. 13201). See Fed. R. Bankr. P. 8001, 8002, 8006. In its Record Designation Motion, Automodular designated 35 individual documents, communications, pleadings, transcripts, and related exhibits submitted by the parties to this Court in connection with the Automodular Motion. In response, the Debtors are filing concurrently with this unopposed application a Supplemental Designation of Record, designating an additional 16 documents, communications, pleadings, transcripts, and related exhibits in connection with the Automodular appeal.

---

[1]      The Automodular Motion raised additional claims that are not at issue in this appeal.

5.      Many items in the parties' proposed record designations include specific pricing information or contractual terms that properly would be considered confidential commercial information under Federal Rule of Civil Procedure 26(c)(7) and Bankruptcy Rules 7026 and 9018. Furthermore, on January 9, 2008 (prior to the exchange of discovery in this matter), the parties executed a stipulation and agreed protective order that provides, in relevant part, that the parties "shall not reveal or discuss [Confidential Information] to or with any person" who is not a party to the agreement, and further expressly provides that

> [i]f documents, materials, or information (including portions of deposition transcripts) designated as Confidential . . . are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those provisions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

(Stipulation And Agreed Protective Order, dated Apr. 1, 2008 (Docket No. 13295), ¶¶ 5, 7, 12.)

Relief Requested

6.      Although the procedure for appeals taken from the bankruptcy court to the district court has been amended, Local Bankr. R. 8007–1 provides in relevant part that "a party filing a designation of items to be included on a record on appeal shall cause to be filed on the CM/ECF system, unless previously filed, a copy of each item designated and attached to the designation."[2]  As Bankruptcy Rules 8006 and 8007 also indicate, the Clerk of the Bankruptcy Court retains control over the record on appeal until such time as the record is transmitted to the Clerk of the District Court or, if a United States District Judge has been assigned to hear the appeal, to that district judge.  See Fed. R. Bankr. P. 8006, 8007(b), 8009; S.B.N.Y. Gen'l Ord. M-242

---

[2]    Subdivision (b) of LR 8007-1 concerns documents of unusual bulk or weight and physical exhibits, and thus is not applicable here.

4

("Revised Electronic Filing Procedures") Ex. 1, at 7–8; In re W.T. Grant Co., 432 F. Supp. 105, 106–07 (S.D.N.Y. 1977) (discussing allocation of record-related responsibility between bankruptcy and district courts under former Bankruptcy Rule 806, and noting that Federal Rule of Appellate Procedure 10(e), upon which Bankruptcy Rule 8006 is modeled, favors settlement of such disputes by court in which record was created, but concluding that given particular procedural posture of case that it would be "pointless" to remand for a decision by the bankruptcy court); In re Adelphia Comm'n. Corp., Nos. 02–B–41729 (REG), 06 Civ. 4983 (JGK), 2007 WL 4615604, at *1 (S.D.N.Y. Dec. 26, 2007) ("After a notice of appeal has been filed, bankruptcy courts do retain jurisdiction to decide issues different from those on appeal.") (citing In re Emergency Beacon Corp., 58 B.R. 399, 402-03 (Bankr. S.D.N.Y. 1986) and In re Action Redi-Mix Corp., No. 03 Civ. 9583, 2005 WL 1337259, at *2 (S.D.N.Y. June 7, 2005)); see also Fed. R. App. P. 10(e)(1), 2(a)–(b).

7.  In light of the confidential information contained in the materials designated as record items for purposes of Automodular's appeal (Record Designation Motion, fn. 2; Debtors' Supp'l Designation of Record, at 3), the Debtors have filed this Application pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018, seeking entry of an order (a) releasing the parties from their obligation under Local Rule 8007–1 from filing on this Court's CM/ECF system a copy of each item designated for the record on appeal, to the extent that the rule remains in force, (b) directing the parties to provide the Court with redacted copies of the designated record items, and (c) directing the Clerk of the Bankruptcy Court to place under seal a copy of the unredacted confidential record items when the record in this matter is complete for purposes of appeal.

8.  Counsel for Claimant/Appellant Automodular have agreed to this Application, and have expressly authorized the Debtors to represent to the Court that they have no objection to the filing of this Application.

Basis For Relief

9. The declarations, deposition transcripts, exhibits, and other documents designated by the parties to this appeal contain specific and highly sensitive business terms and pricing information. If publicly disclosed, the release of this information would detrimentally affect the ability of the Debtors, Automodular, and General Motors Corporation ("GM") (for which the work at issue in the Automodular-DAS LLC contracts is being performed) to negotiate the terms and pricing of future agreements. Public disclosure of this confidential commercial information likewise would affect the parties' ability to negotiate terms and prices of similar contracts with other auto industry OEMs and suppliers, thus affecting the ability of these parties and the beneficiaries of the subject contracts to remain competitive going forward.

10. Moreover, given the extremely competitive nature of the automotive industry, public disclosure of the confidential pricing information contained in the designated record items would place the Debtors, Automodular, and GM at a disadvantage vis-à-vis their respective business competitors. It is thus of the utmost importance to the Debtors, Automodular, and GM that pricing and other sensitive terms included in the record materials be kept confidential so that competitors may not use the information contained therein to gain a strategic marketplace advantage.

Applicable Authority

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect parties or other entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> > protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.     In addition, Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code.  It provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

13.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial.  <u>Id.</u> at 28.  The bankruptcy court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)."  <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27)).

14.     Here, there is good cause for the relief requested, because the declarations, documents, exhibits, and other items designated by the parties for inclusion in the appellate record contain specific pricing information, contract terms and conditions, and discussions of related commercially sensitive matters, the disclosure of which would be harmful to the Debtors, Automodular, and GM.  The confidential information, including pricing and trade terms contained in the designated documents, most certainly qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the parties to file the exhibits and other record designations with this Court pursuant to General Order M-242, and also

permits the United States Bankruptcy Clerk for the Southern District of New York, or the parties to this appeal, if requested, to file and transmit the record designations under seal.

15. To preserve the public's presumptive right of access to the courts, while at the same time protecting the parties' legitimate interest in the confidentiality of sensitive commercial information (much of which was not filed on this Court's public docket), the parties propose to redact from the publicly-filed appellate record specific pricing and related confidential information, but will file in unredacted form the remainder of the record documents. See Fed. R. Bankr. P. 9018, 9037(c), (e); United States v. Amodeo, 71 F.3d 1044, 1048–50 (2d Cir. 1995); Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 158–61 (S.D.N.Y. 2003).

16. No prior application for the relief requested herein has been made to this or any other Court.

## Notice Of Application

17. Bankruptcy Rule 9018 does not mandate that notice be given to any party-in-interest. Given the specific nature of the relief requested in this Application, particularly in light of the fact that the Debtors have discussed this application with counsel for Automodular, who has indicated that Automodular does not oppose the application, no other or further notice is or should be necessary. Nevertheless, the Debtors will serve a copy of this application in accordance with the Tenth Supplemental Order Under 11 U.S.C §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 12487) and the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883).

## Memorandum Of Law

18.     Because the legal points and authorities upon which this application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that their Application be granted, and that this Court enter an order (a) releasing the parties from their obligation under Local Rule 8007–1 from filing on this Court's CM/ECF system a copy of each item designated for the record on appeal, to the extent that the rule remains in force, (b) directing the parties to provide the Court with redacted and unredacted copies of the designated record items, (c) directing the Clerk of the Bankruptcy Court to place under seal a copy of the unredacted confidential record items when the record in this matter is complete for purposes of appeal, and (d) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         April 3, 2008

                                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                   By:   */s/* Ron E. Meisler
                                                         John Wm. Butler, Jr. (JB 4711)
                                                         John K. Lyons (JL 4951)
                                                         Ron E. Meisler (RM 3026)
                                     333 West Wacker Drive, Suite 2100
                                     Chicago, Illinois  60606
                                     (312) 407-0700

                                                          - and -

                                                    By:   */s/* Kayalyn A. Marafioti
                                                         Kayalyn A. Marafioti (KM 9632)
                                                         Thomas J. Matz (TM 5986)
                                     Four Times Square
                                     New York, New York  10036
                                     (212) 735-3000

                                   Attorneys for Delphi Corporation, et al.,
                                       Debtors and Debtors-in-Possession