Hearing Date:  To be Determined
Objection Deadline: To be Determined

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400
Mark S. Indelicato (MI-1459)
Edward L. Schnitzer (ES-6299)

    and

**KANE RUSSELL COLEMAN & LOGAN PC**
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 777-0046
Facsimile:  (214) 777-4299
Attn:  Robert J. Taylor

Attorneys for Affina Canada Corp., EFT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **DELPHI CORPORATION, et al.,** | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Debtor. | |

## MOTION TO RECONSIDER DEFAULT ORDER REDUCING CLAIM

Affinia Canada Corp., EFT ("Affinia"), submits this motion (the "Motion") pursuant to 11 U.S.C. § 502(j), asking this Court to reconsider its *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order Identified in Twenty-Fourth Omnibus Claims*

*Objection* (the "Default Order") [Docket No. 12363] that was entered by default as to Affinia on or about January 25, 2008. In support of this Motion Affinia would respectfully state as follows:

I.

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.

**BACKGROUND**

2. On October 8 and 14, 2005, Delphi Corporation and its affiliated debtors in the above-styled jointly administered bankruptcy cases (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108. This Court has ordered joint administration of these cases.

3. No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors Committee").

4. On September 6, 2007, the Debtors filed their *Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession* [Docket No. 9263] and the *Disclosure Statement with Respect to Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession* [Docket No. 9264].

2

Subsequently, on December 10, 2007, the Debtors filed their *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Plan") [Docket No. 11386] and a first amended disclosure statement with respect to the Plan (the "Disclosure Statement") (Docket No. 11388). On or about January 25, 2008, the Court entered its order confirming the Plan.

**The Debtors' Objection to Affinia's Proof of Claim**

5.  On December 21, 2007, the Debtors filed their *Twenty-Fourth Omnibus Claims Objection* [Docket No. 11588]. Among the approximately 136 proofs of claim objected to was the proof of claim filed by Affinia (the "Affinia Proof of Claim").

6.  The Affinia Proof of Claim was timely filed on July 7, 2006 and entered on the Court's docket as Claim No. 11099. The Affinia Proof of Claim asserts an unsecured, non-priority claim against Delphi Corporation in the amount of $173,734.07. A true and correct copy of the Affinia Proof of Claim is attached hereto as **Exhibit "A."**

7.  Pursuant to that *Notice of Transfer of Claim Other than for Security* filed with the Court on or about July 30, 2007, Affinia transferred its claim to SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd (collectively, "SPCP"). However, Affinia retained the duty and capacity to defend the Affinia Proof of Claim in the event of an objection.

8.  The Twenty-Fourth Omnibus Claims Objection categorizes the Affinia Proof of Claim as a Type D-2 "modified claim asserting reclamations," which the Debtors argue should be modified "solely to assert a properly classified, fully liquidated claim amount against the appropriate debtor." (Twenty-Fourth Omnibus Claims Objection, ¶ 43.) The Twenty-Fourth Omnibus Claims Objection further represents that Affinia's claim should be reduced from a

general, unsecured claim against Delphi Corporation in the amount of $173,734.07 to (i) a priority claim against Delphi Automotive Systems, LLC in the amount of $10,000.00; and (ii) a general, unsecured claim against Delphi Automotive Systems, LLC in the amount of $34,511.79.

9. The Twenty-Fourth Omnibus Claims Objection further provided (i) that responses should be filed and served so as to be received by the Debtors and certain other parties no later than 4:00 p.m. on January 18, 2008; (ii) a procedure pursuant to which "personalized notice" of an objection was to be given to each claimant whose proof of claim was subject to an objection; and (iii) that such notice should specifically identify each claimant's proof of claim that is the subject of an objection, and the basis for such objection, as well as a copy of the Court's Claims Objection Procedure Order [Docket No. 6089] (Twenty-Fourth Omnibus Claims Objection, ¶¶ 55-64.)

**Affinia's Default**

10. Affinia either failed to receive the Twenty-Fourth Omnibus Claims Objection, or simply failed to recognize that the objection affected Affinia's interests. During the pendency of the Debtors' cases, a senior employee in Affinia's Customer Financial Services department monitored pleadings in the Delphi cases on behalf of Affinia (the "Affinia Representative"). As evidenced by the docket in these cases, such pleadings number in the thousands.

11. Despite diligently monitoring the multitudinous pleadings filed in these cases, the Affinia Representative either failed to receive, or simply did not recognize the affect on Affinia of, the Twenty-Fourth Omnibus Claims Objection and the purported personalized notice of the Debtors' objection to the Affinia Proof of Claim. As a result, Affinia was not aware of the significance to Affinia of the January 18, 2008 deadline for responding to the Twenty-Fourth

4

999990.006-1431064.1

Omnibus Claims Objection, nor did Affinia participate in the Court's hearing on the Twenty-Fourth Omnibus Claims Objection that took place on January 25, 2008.

12.     Because Affinia failed to file a response to the Twenty-Fourth Omnibus Claims Objection, an order granting the Twenty-Fourth Omnibus Claims Objection [Docket No. 12363] was entered by default as to Affinia. The Default Order effectively reduced Affinia's total claim by nearly $130,000. The Default Order was entered on or about January 25, 2008.

### III.

### **RELIEF REQUESTED**

13.     Cause exists for this Court to reconsider entry of the Default Order, solely as to Affinia, pursuant to the provisions of Bankruptcy Code section 502(j). Bankruptcy Code section 502(j) provides, in part "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

14.     Affinia requests that the Court reconsider and withdraw the Default Order as to Affinia, and enter a new order in the form attached as **Exhibit "B"** providing that Affinia and the Debtors shall engage in good faith negotiations to reconcile the Affinia claim amount for a period of 60 days, and in the event the parties are not able to resolve their differences at the end of that time, that the Court authorize the reinstatement of the Debtors' objection to Affinia's Proof of Claim in a subsequent omnibus objection.

IV.

## ARGUMENT AND AUTHORITY

15.     Reconsideration of the Default Order is appropriate under Bankruptcy Code section 502(j) and applicable case authority. *See, e.g., In re Enron, Inc.*, 326 B.R. 46 (Bankr. S.D.N.Y. 2005) (citing grounds whereby reconsideration of entry of a default order is appropriate); *In re Enron, Inc.*, 325 B.R. 114 (Bankr. S.D.N.Y. 2005) (same) and *In re JWP Information Services, Inc.*, 231 B.R. 209 (Bankr. S.D.N.Y. 1999) (same).

**Factors to Consider in Granting a Motion for Reconsideration**

16.     Bankruptcy Courts of this district have uniformly held that a motion for reconsideration is analyzed under the standard set forth in Fed. R. Civ. P. 60(b), which applies to bankruptcy proceedings via Bankruptcy Rule 9024. *In re Enron*, 325 B.R. 114, 117-18 (Bankr. S.D.N.Y. 2005). A motion for reconsideration of a default order disallowing a creditor's claim may be granted if the creditor demonstrates its failure to respond was the result of "excusable neglect." *In re Enron, Inc.*, 326 B.R. 46, 50 (Bankr. S.D.N.Y. 2005). *See also In re JWP Information Services, Inc.*, 231 B.R. 209, 211 (Bankr. S.D.N.Y. 1999) (same).

17.     In the *Enron* decisions cited above, the *Enron* Court looked for guidance to the three factors described by the United States Court of Appeals for the Second Circuit in *American Alliance Insurance Co., Ltd. v. Eagle Insurance Co. (American Alliance)*, 92 F.3d 57 (2nd Cir. 1996) in determining a motion for reconsideration of a default judgment under the excusable neglect standard in Rule 60(b). These three factors include (i) whether the movant's failure to respond was willful, (ii) whether the movant had a legally supported defense, and (iii) the amount of prejudice that the non-movant would incur if the court granted the motion. *See generally, In re Enron, Inc.,* 326 B.R. at 50 (citing *American Alliance* factors).

6

18.     The first factor in the Second Circuit's test is whether the default on the part of a movant was "willful." The Second Circuit has interpreted this factor to require something more than mere negligence or carelessness on the part of the movant. *In re Enron, Inc.,* 326 B.R. at 51. Defaults that are caused by negligence may be excusable, while defaults that occur as a result of deliberate conduct are not excusable. *Id*. *See also American Alliance*, 92 F.3d at 60-61 (holding willfulness standard to include conduct which is deliberate, egregious, or evidencing bad faith).

19.     The "degree of negligence" remains a relevant factor when assessing whether the movant acted in good faith. *American Alliance*, 92 F.3d at 60-61; *In re Enron, Inc.,* 326 B.R. at 51. Courts are to resolve any doubts in favor of the movant in order to increase the likelihood that disputes will be resolved on their merits. *Id*.

20.     The second element of the Second Circuit test requires that the movant have a "legally supportable defense or position within the underlying litigation." *American Alliance*, 92 F.3d at 61. To satisfy the "meritorious defense" element, the movant's defense "need not be ultimately persuasive at this stage." *Id.* at 61. Rather, a defense must be "good at law so as to give the factfinder some determination to make." *Id*.

21.     The amount of prejudice to the non-movant is the third and final factor that Second Circuit courts examine in deciding a motion for reconsideration. *American Alliance*, 92 F.3d at 61; *In re Enron, Inc.,* 326 B.R. at 53. "Generally, mere delay is not sufficient to demonstrate a sufficient level of prejudice." *In re Enron, Inc.,* 326 B.R. at 53. Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of recovery, or provide greater opportunities for fraud and collusion." *Id*.

**Application of the *American Alliance* Factors**

7

22.     Here, the facts show (i) Affinia's failure to respond to the Twenty-Fourth Omnibus Claims Objection was not willful; (ii) Affinia has a legally supportable defense to the Debtors' reduction of Affinia's claim amount; and (iii) there is no prejudice to the Debtors if the Court grants this Motion.

23.     Affinia and two of its affiliates had originally filed proofs of claim against one or more of the Debtors.  Disputes regarding the claim amounts of Affinia's two affiliates were settled in late 2007 following interactive discussions between the respective Affinia affiliates and business representatives of Delphi.

24.     Affinia also engaged with Delphi in substantial discussions and exchanges of information in an effort to reconcile the claim amount set forth in the Affinia Proof of Claim. Throughout October 2007, representatives of Affinia and Delphi engaged in numerous telephone conversations, emails, and exchanges of documents in an effort to reconcile the differences between the Affinia Proof of Claim amount and the amount reflected in the Debtors' respective books and records.

25.     In that regard, on or about October 19, 2007, Delphi sent Affinia an email requesting copies of voluminous documentation between the parties, including invoices, purchase orders and change purchase orders – nearly all of which could have been found in Delphi's internal records.  A copy of Delphi's October 19, 2007 email is attached as **Exhibit "C."**  After receiving Delphi's October 19, 2007 request for documents, Affinia telephoned Delphi and requested a narrowing of the documents requested, as it appeared Delphi had not first looked internally for those documents.

26.     At approximately the same time, Delphi's representative verbally represented that if Affinia and Delphi worked together, the parties could "jointly move this forward."  Because of

8

the assurances given by Delphi's representative and the continued cooperation of the parties in resolving their dispute, Affinia's Representative had no indication that an objection to the Affinia Proof of Claim might be forthcoming. Affinia therefore continued to cooperate with Delphi in attempting to reconcile Affinia's claim amount.

27. On October 22, 2007, Affinia sent Delphi a lengthy reconciliation of the discrepancies between the parties' accounts, which showed the outstanding amount of Affinia's claim to be approximately $173,520.00. A copy of that email is attached as **Exhibit "D."**

28. Affinia received its final email correspondence from Delphi's representative on October 22, 2007, at which time Delphi's representative requested only a single proof of delivery document from Affinia, which Affinia provided the following day. A copy of Delphi's October 22, 2007 email is attached as **Exhibit "E."**

29. There was no indication given by Delphi after October 22, 2007 that Delphi intended to cease communications with Affinia and object to Affinia's Proof of Claim. In fact, the October 22, 2007 correspondence from Delphi's representative was the last received by Affinia until it learned that an objection had been filed to the Affinia Proof of Claim, and that Affinia had missed both the deadline for responding to the Twenty-Fourth Omnibus Claims Objection and the hearing on the objection.

30. As noted previously, in the ordinary course of Affinia's business, Affinia's Representative received copies of Court pleadings and other notices served in the Delphi cases, and reviewed those documents immediately to determine whether any of those pleadings related to Affinia and its claims. Affinia's Representative does not recall seeing a copy of either the Twenty-Fourth Omnibus Claims Objection or the personalized notice thereof referenced in the Twenty-Fourth Omnibus Claims Objection and the Default Order.

999990.006-1431064.1

31. In fact, Affinia's Representative was not aware of the Twenty-Fourth Omnibus Claims Objection until approximately the time of the hearing on the Twenty-Fourth Omnibus Claims Objection. Although SPCP had sent an email notice of the deadline for responding to the Twenty-Fourth Omnibus Claims Objection to Affinia's Representative on January 16, 2008, Affinia's Representative was traveling at the time, and did not receive that notice until after the January 18, 2008 objections deadline. It was after the hearing date of the Twenty-Fourth Omnibus Claims Objection that the Affinia Representative became aware of the nature and extent of the Twenty-Fourth Omnibus Claims Objection, and that Affinia's claim had been objected to.

32. After finding that Affinia's claim had been reduced pursuant to the Default Order, Affinia's Representative attempted to contact business representatives of Delphi in an effort to determine why settlement discussions had ceased, and why Delphi had chosen to object, in part, to the Affinia Proof of Claim. Delphi's representative eventually explained to the Affinia Representative that he "went silent" because Delphi was finishing up its Plan, and Delphi had to "close" these files in order to be able to file the Plan.

33. Affinia's failure to respond to the Twenty-Fourth Omnibus Claims Objection should be excused, as such failure was clearly not "willful" or "deliberate conduct." *See American Alliance,* 92 F.3d at 60-61 (holding willfulness standard to include conduct which is deliberate, egregious, or evidencing bad faith).

34. Affinia also satisfies the second element of the *American Alliance* test, in that Affinia has a legally supported defense to the Debtor's proposed reduction of Affinia's claim. As evidenced by the attached exhibits, and particularly **Exhibit "D,"** consisting of a claims reconciliation that was provided earlier to Delphi and which shows Affinia's claim amount to be

999990.006-1431064.1

in excess of $170,000.00, Affinia's claim exceeds the reduced amount approved and allowed by the Court pursuant to the Default Order. At the very least, the unfinished efforts of Affinia and Delphi in late 2007 to determine the amount of Affinia's claim demonstrate that valid disputes remain as to the nature and amount of Affinia's claim.

35. As to the third and final *American Alliance* factor, there is no prejudice to the Debtors if this Court grants the Motion for Reconsideration. The Debtors are still in the process of determining the amount of outstanding claims against the estate. The Debtors have not yet begun making distributions to holders of unsecured creditors in these cases. Moreover, given the total claims against the Debtor's estates, and Affinia's proportionately tiny share of those claims, any prejudice to the Debtors arising from reconsideration of the Default Order is negligible. Finally, further consideration of the approval and allowance of Affinia's claim will not delay distributions, prejudice the Debtors or their creditors, or otherwise hinder the Debtors' operations or implementation of the Plan.

36. Under the circumstances, the facts show that Affinia's failure to respond to the Twenty-Fourth Omnibus Claims Objection was a product of excusable neglect, and that cause exists to grant this Motion under Bankruptcy Code section 502(j) and applicable case authority.

WHEREFORE, for the reasons set forth above, Affinia prays that the Court grant Affinia's Motion, and modify the Default Order as to Affinia by entry of an order substantially in the form attached hereto as **Exhibit "B."** Affinia prays for such other and further relief as is just.

Respectfully submitted this 4th day of April 2008.

Respectfully submitted,

**HAHN & HESSEN LLP**

By: /s/ Mark S. Indelicato
    Mark S. Indelicato (MI-1459)
    Edward L. Schnitzer (ES-6299)

488 Madison Avenue
New York, New York  10022
Phone:  212-478-7200
Email:  mindelicato@hahnhessen.com
Email:  eschnitzer@hahnhessen.com

-and-

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/ Robert J. Taylor (by permission)
    Joseph M. Coleman
    Texas Bar No. 04566100
    Robert J. Taylor
    Texas Bar No. 19721200

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Phone:  214-777-4200
Email:  rtaylor@krcl.com

**ATTORNEYS FOR AFFINIA CANADA CORP. EFT**