UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
           In re                                          :   Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :   Case No. 05-44481 (RDD)
                                                          :
                                 Debtors.                 :   (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF NON-LEGAL ORDINARY COURSE PROFESSIONAL

STATE OF WAYNE          )
                        ) ss:
COUNTY OF MICHIGAN      )

James C. Becker, being duly sworn, deposes and says:

1. I am Managing Director of Jones Lang LaSalle Americas, Inc. ("JLL"), which company maintains offices at 535 Griswold Street, Suite 825, Detroit, Michigan 48226.

2. Neither I, JLL, nor any partner, auditor or other member thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, or any other party-in-interest, or their attorneys, except as set forth in this affidavit.

3. From November 5, 2005 through June 30, 2007, JLL was retained, pursuant to section 327(a) of the United States Bankruptcy Code (the "Bankruptcy Code") as the Debtors' real estate administrative and management services provider pursuant to that certain Real Estate Services Agreement between Delphi Automotive Systems LLC and Jones Lang LaSalle Americas, Inc., dated October 2, 2005, as amended by that certain First Amendment to Real Estate Services Agreement dated November 9, 2005 (the "Engagement Agreement"), providing real estate transaction management and advisory services to the Debtors in North America, South America, Europe and Asia.

4. From July 1, 2007 through December 31, 2007, JLL served the Debtors in a similar capacity pursuant to a consulting agreement, but under a more limited geographic scope, providing real estate transaction management and advisory services only in North America (the "Consulting Agreement").

5. JLL and the Debtors have also entered into two listing agreements (the "Listing Agreements"), pursuant to which JLL currently serves as the Debtors' listing agent for certain properties in Michigan and Ohio. Pursuant to the terms of the Listing Agreements, JLL shall be compensated for serving as the Debtors' listing agent solely from the proceeds from the sale of the subject properties.

{ JLL / 004 / 00013097.DOC / 2}

6. In addition, JLL provides facilities management services to the Debtors, for which it is compensated under section 363 of the Bankruptcy Code.

7. Although the Consulting Agreement expired, by its terms, on December 31, 2007, at the Debtors' request, JLL has agreed to continue to provide professional services to the Debtors pursuant to section 327(a) of the Bankruptcy Code, with respect to the Debtors' real estate transaction needs. Specifically, the Debtors requested that JLL dedicate the services of a transaction manager to provide support to the Debtors' Operations Support Group and corporate real estate organization and undertake additional real estate-related activities and services as directed by the Debtors relating to building and lease acquisitions and dispositions.

8. JLL's current fee arrangement is governed by the Amendment to the Consulting Agreement into which JLL and the Debtors entered (the "Amendment"). The Amendment contemplates that JLL will dedicate not less than 50% of the professional services of Mr. Brian Collins, Transaction Manager, to the Debtors, and requires Mr. Collins to spend, on average, at least three days per week on-site at the Debtors' Troy, Michigan headquarters. In exchange for these services, the Debtors agree to pay JLL base monthly compensation in the amount of $6,226.50. In addition, the Amendment provides:

> [I]n the event that [the Debtors] request additional services in a given week beyond the 50% allocation, such additional services will be compensated at the rate of $72.00 per hour, provided however that [the Debtors] will approve such additional services in writing by reviewing a weekly time sheet provided by [Mr. Collins] at the end of each week during the term.

9. Except as set forth herein, no promises have been received by JLL or any partner, auditor or other member thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.

10. JLL has no agreement with any entity to share with such entity any compensation received by JLL from the Debtors.

11. JLL and its partners, auditors, and other members may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending chapter 11 cases. These relationships have been previously disclosed in my prior affidavits filed in these cases. JLL does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, or with such entity's attorneys or accountants that would be adverse to the Debtors or their estates.

12. Neither I, JLL, nor any partner, officer, auditor or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which JLL is to be engaged.

13. In view of the foregoing, JLL is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

14. The foregoing constitutes the statement of JLL pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

FURTHER AFFIANT SAYETH NOT

_____
JAMES C. BECKER

Subscribed and sworn before me
this 4th day of April, 2008

*Linda L. McCown*
Notary Public

**LINDA L. McCOWN**
**Notary Public, Macomb County, MI**
Acting in _Wayne_ County, MI
My Commission Expires Feb. 23, 2011

{JLL / 004 / 00013097.DOC / 2}    - 3 -

# CERTIFICATE OF SERVICE

I, Jeremy C. Kleinman, an attorney, hereby certify that on **April 4, 2008**, a copy of the foregoing **Affidavit of Non-Legal Ordinary Course Professional** was filed electronically. Notice of this filing will be sent to all parties on the Court's Electronic Mail Notice List by operation of the Court's CM/ECF system. In addition, true and correct copies were served upon the following interested parties via first class mail, postage prepaid:

Delphi Corporation
Attention:  General Counsel
5725 Delphi Drive
Troy, Michigan  48098

Skadden, Arps, Slate, Meagher & Flom
Attention:  John W. Butler, Jr.
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606

United States Trustee
Attention:  Alicia M. Leonhard
33 Whitehall Street
Suite 2100
New York, New York  10044

Delphi Corporation
Attention:  John D. Sheehan, Vice
   President and Chief Restructuring Officer
5725 Delphi Drive
Troy, Michigan  48098

Latham & Watkins
Attention:  Mark A. Broude
885 Third Avenue
New York, New York  10022

Simpson Thacher & Bartlett LLP
Attention:  Marissa Wesley
425 Lexington Avenue
New York, New York  10017

Davis Polk & Wardwell
Attention:  Donald Bernstein
            Brian Resnick
450 Lexington Avenue
New York, New York  10017

GE Plastics, Americas
Attention:  Valeria Venable
Credit Manager
9930 Kincey Avenue
Huntersville, North Carolina  28078


Dated April 4, 2008

                /s/ Jeremy C. Kleinman
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
(312) 276-1400

{ JLL / 004 / 00013097.DOC / 2 }