### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
(312) 407-0860
DIRECT FAX
(312) 407-8532
EMAIL ADDRESS
JLYONSCH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 4, 2008

**BY HAND**

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Courthouse
One Bowling Green
New York, New York 10004

Re: In re Delphi Corporation, Case No. 05-44481 (RDD)
Concerning Proof of Claim Number 16727 filed by the
U.S. Equal Employment Opportunity Commission

Dear Judge Drain:

On behalf of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-referenced cases (the "Debtors"), we hereby submit this letter in response to the letter dated January 30, 2008 from the Office of the United States Attorney for the Southern District of New York on behalf of the U.S. Equal Employment Opportunity Commission (the "EEOC").

In the letter, the EEOC requests a two-week extension of time by which it must file a motion for leave to file a late claim from February 7, 2008 on the grounds that counsel for the EEOC will be on trial. The Debtors appreciate potential scheduling conflicts of counsel for the EEOC and do not oppose adjourning the EEOC's filing deadline to February 22, 2008 provided that (1) the EEOC makes any of its declarants in support of its motion for leave to file a late claim available to the Debtors for depositions within 3 business days of filing their motion and (2) the EEOC will not seek an adjournment of the hearing on the late claims motion which, pursuant to the Court's previously ordered procedure, would be scheduled to be heard at the February 29, 2008 claims hearing.

Judge Drain
February 4, 2008
Page 2

       The Debtors believe the conditional approval of the EEOC's extension request is warranted based upon the nature of, and facts underlying, the EEOC's late claim. Without leave of Court, on October 18, 2007 the EEOC unilaterally filed the late claim on behalf of putative current and former employees although it only identified one employee, Stanley Straughter, a temporary employee who was hired by the Debtors on May 22, 2006 (during the chapter 11 cases) and subsequently terminated on August 17, 2006. Nowhere in either its lawsuit or in its proof of claim has the EEOC identified a single employee that was adversely affected by the allegedly discriminatory sick policy prior to the Petition Date. In addition, contrary to the EEOC's assertions, the EEOC and all of the Debtors' employees that could possibly be affected by the lawsuit were served with the bar date notice. Neither the EEOC, nor a single allegedly affected employee, ever timely filed a proof of claim alleging any claim arising from the supposed discriminatory sick leave policy.

       Moreover, the EEOC waited for over one year after Mr. Straughter filed his charge with the EEOC on September 22, 2006 before filing the late proof of claim. This, in the Debtors' view, seriously undermines any possible argument that the EEOC acted with excusable neglect.

       Finally, the EEOC has refused to consensually cap the late claim for any amount less than $15 million, an amount that the Debtors believe greatly exaggerates any potential liability of the Debtors regarding this matter. The Debtors believe that the EEOC's refusal to accept a reasonable cap in this regard necessitates the scheduling of the hearing regarding the late claim motion at the Court's earliest convenience.

       Accordingly, the Debtors do not oppose the two-week adjournment sought by the EEOC, but respectfully request the Court to order that (1) the EEOC must file its motion on or before February 22, 2008, (2) the EEOC make any of its declarants available to the Debtors for depositions within 3 business days of filing their motion, and (3) the hearing on the EEOC motion will occur on February 29, 2008 without further adjournments unless otherwise agreed between the EEOC and the Debtors.

                                       Respectfully submitted,

                                       /s/ John K. Lyons

                                       John K. Lyons