TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
In re:                                    :
                                          :        Chapter 11
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 [RDD]
                                          :
                        Debtors.          :        Jointly Administered
                                          :
---------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER DISALLLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS 68, 69, 70, AND 72 (GW PLASTICS, INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-

possession in the above-captioned cases (the "Debtors") and GW Plastics, Inc.

("Claimant") respectfully submit this Joint Stipulation And Agreed Order Disallowing

and Expunging Proofs Of Claims Number 68, 69, 70 And 72 (the "Stipulation") and

agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York;  and

WHEREAS, before the petition date, Claimant incurred debt owing to DAS LLC in the amount of $201,773 for services and/or goods provided (the "Payable");  and

WHEREAS, before the petition date, DAS LLC incurred debt owing to Claimant in the amount of $156,987 for services and/or goods provided by Claimant to DAS LLC (the "Receivable");  and

WHEREAS, on October 21, 2005, Claimant filed proof of claim number 68 ("Proof of Claim 68") against DAS LLC, asserting an unsecured non-priority claim in the amount of $120,455.83 and a priority claim in the amount of $58,734.92 ("Claim 68"); and

WHEREAS, on October 21, 2005, Claimant filed proof of claim number 69 ("Proof of Claim 69") against DAS LLC asserting an unsecured non-priority claim in the amount of $75,093.37 ("Claim 69");  and

WHEREAS, on October 21, 2005, Claimant filed proof of claim number 70 ("Proof of Claim 70") against DAS LLC, asserting an unsecured non-priority claim in the amount of $235,648.50 and a priority claim in the amount of $40,364.77 ("Claim 70");  and

WHEREAS, on October 22, 2005, Claimant filed proof of claim number 72 ("Proof of Claim 72" together with Proof of Claim 68, Proof of Claim 69 and Proof of Claim 70, the "Proofs of Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of $107,785.70 ("Claim 72 together with Claim 68, Claim 69 and Claim 70, the "Claims"); and

WHEREAS, on December 21, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection").

WHEREAS, the Debtors and Claimant have reconciled all applicable prepetition invoices.

WHEREAS, to resolve the Twenty-Fourth Omnibus Claims Objection with respect to the Claim, Claimant and DAS LLC have agreed to enter into a settlement agreement (the "Settlement Agreement").

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And

3

Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court

on June 29, 2006.

        **WHEREAS,** pursuant to the Settlement Agreement, Claimant

acknowledges and agrees that the Claims shall be disallowed and expunged.

        **NOW, THEREFORE**, in consideration of the foregoing, the Debtors and

Claimant stipulate and agree as follows:

        1.      Claimant shall be authorized to set off the amount of the

Receivable, as reconciled in Exhibit "1", against the amount of the Payable, as

reconciled in Exhibit "1", pursuant to section 553 of the Bankruptcy Code (the "Setoff")

and paragraph 18 of the Final DIP Order.

        2.      The Claims shall be disallowed and expunged in their entirety.

        3.      The exercise of the Setoff and disallowance of the Claims results in

a balance owing to DAS LLC of $44,726 which Claimant shall pay to DAS LLC within

three business days following the date hereof.

        **[signatures concluded on following page]**

Dated:   New York, New York
         March 27, 2008

                                        DELPHI CORPORATION, et al.,
                                        Debtors and Debtors-in-Possession,
                                        By their Bankruptcy Conflicts Counsel,
                                        TOGUT, SEGAL & SEGAL LLP,
                                        By:

                                        /s/ Neil Berger_____
                                        NEIL BERGER (NB-3599)
                                        A Member of the Firm
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

Dated:   Minneapolis, Minnesota
         March 12, 2008

                                        GW PLASTICS, INC.
                                        By its counsel
                                        HISCOCK AND BARCLAY
                                        By:

                                        /s/ Eric Charlton_____
                                        ERIC CHARLTON
                                        One Park Place
                                        300 South State Street
                                        Syracuse, New York
                                        (315) 425-2716


**SO ORDERED**

This 8th day of April, 2008
in New York, New York

_____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE