TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Richard K. Milin (RM-7755)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                        :
In re:                                  :
                                        :        Chapter 11
DELPHI CORPORATION, et al.,             :        Case No. 05-44481 [RDD]
                                        :
                      Debtors.          :        Jointly Administered
                                        :
-----------------------------------------------------------------x

**JOINT STIPULATION AND AGREED ORDER
COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 2773
(SIEMENS VDO AUTOMOTIVE, INC.,
n/k/a CONTINENTAL AUTOMOTIVE CANADA, INC.)**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors") and Siemens VDO

Automotive, Inc. n/k/a Continental Automotive Canada, Inc. ("VDO") respectfully

submit this Joint Stipulation And Agreed Order Compromising and Allowing Proof of

Claim Number 2773 and agree and state as follows:

**WHEREAS**, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Southern District of New York;  and

**WHEREAS**, on or about April 27, 2006, VDO filed proof of claim number 2773 ("Claim 2773") against "Delphi Corporation, et al." and asserted an unsecured non-priority claim in the amount of $2,291,767.58;  and

**WHEREAS**, on October 26, 2007, the Debtors objected to Claim 2773 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection");  and

**WHEREAS**, on November 20, 2007, VDO filed a Response to the Twenty-Second Omnibus Claims Objection (Docket No. 10990) (the "Response");  and

**WHEREAS**, on March 24, 2008, the Debtors and VDO entered into a settlement agreement to resolve the Twenty-Second Omnibus Claims Objection with respect to Claim 2773 (the "Settlement Agreement");  and

2

**WHEREAS**, pursuant to the Settlement Agreement, the Debtors acknowledge and agree that Claim 2773 shall be allowed against DAS LLC in the amount of $750,000 as a general unsecured non-priority claim, and any and all distributions on account of Claim 2773 shall be made to VDO; and

**WHEREAS,** the Debtors are authorized to enter into the Settlement Agreement either because Claim 2773 involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing and in accordance with the terms of the Settlement Agreement, the Debtors and VDO hereby stipulate and agree as follows:

1.    Claim 2773 shall be allowed in the amount of $750,000 and shall be treated as a general unsecured non-priority claim against DAS LLC.

2.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of, or objection to, any claim asserted by VDO against any of the Debtors except as expressly set forth herein.

3.    The objections relating to Claim 2773 contained in the Twenty-Second Omnibus Claims Objection are hereby withdrawn.

4.    The Response is hereby withdrawn.

5.      Without further order of the Court, DAS LLC is authorized to offset

or reduce Claim 2773 for purposes of distribution to holders of allowed claims entitled

to receive distributions under any plan of reorganization of the Debtors by the amount

**[Concluded on next page]**

of any cure payments made on account of the assumption, pursuant to section 365 of the

Bankruptcy Code, of an executory contract or unexpired lease to which VDO is a party.

Dated:   New York, New York
         April 1, 2008

        DELPHI CORPORATION, et al.,
        Debtors and Debtors-in-Possession,
        By their Bankruptcy Conflicts Counsel,
        TOGUT, SEGAL & SEGAL LLP,
        By:

        /s/ Neil Berger
        NEIL BERGER (NB-3599)
        A Member of the Firm
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

Dated:   Chicago, Illinois
         March 24, 2008

        SIEMENS VDO AUTOMOTIVE, INC., n/k/a
        CONTINENTAL AUTOMOTIVE CANADA,
        INC.
        By its Counsel,
        MCDERMOTT WILL & EMERY LLP
        By:

        /s/ Peter A. Clark
        PETER A. CLARK
        227 W. Monroe St.
        Chicago, Illinois 60606
        (312) 984-7504

**SO ORDERED**

This <u>8th</u> day of <u>April</u>, 2008
in New York, New York

<u>      /s/Robert D. Drain      </u>
HONORABLE ROBERT D. DRAIN