TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
In re:                                                          :
                                                                :    Chapter 11
DELPHI CORPORATION, et al.,                                     :    Case No. 05-44481 [RDD]
                                                                :
                        Debtors.                                :    Jointly Administered
                                                                :
---------------------------------------------------------------x

# JOINT STIPULATION AND AGREED ORDER
# COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 6407
# (UNITED TELEPHONE COMPANY OF OHIO)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and United Telephone Company of Ohio ("United Telephone") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 6407 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** on May 24, 2006, United Telephone filed proof of claim number 6407 against Delphi, asserting an unsecured non-priority claim in the amount of $289,254.87 (the "Claim"); and

**WHEREAS,** on August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection"); and

**WHEREAS,** on September 20, 2007, United Telephone filed a Response to the Twentieth Omnibus Claims Objection (Docket No. 9447) (the "Response"); and

**WHEREAS,** on March 20, 2008, to resolve the Twentieth Omnibus Claims Objection with respect to the Claim, DAS LLC and United Telephone entered into a settlement agreement (the "Settlement Agreement"); and

**WHEREAS,** pursuant to the Settlement Agreement, the Debtors acknowledge and agree that the Claim shall be allowed against DAS LLC in the amount of $266,050 as a general unsecured non-priority claim; and

**WHEREAS,** DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and United Telephone stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $266,050 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors to the extent that amounts comprising the Claim are paid to United Telephone as cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which United Telephone is a party.

3. The Twentieth Omnibus Claims Objection, solely as it relates to the Claim, and the Response are hereby withdrawn.

**[signatures on the following page]**

Dated: New York, New York
March 27, 2008

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

_/s/ Neil Berger___
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: New York, New York
March 20, 2008

UNITED TELEPHONE COMPANY OF OHIO,
By its Counsel,
BRYAN CAVE LLP
By:

s/ Michelle McMahon
MICHELLE MCMAHON (MM-8130)
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

**SO ORDERED**

This 8th day of April, 2008
in New York, New York

_____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4