TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :
In re:                                        :
                                              :    Chapter 11
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 [RDD]
                                              :
                  Debtors.                    :    Jointly Administered
                                              :
-------------------------------------------------------------x

# JOINT STIPULATION AND AGREED ORDER
## COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 12239
## (TOSHIBA AMERICA ELECTRONIC COMPONENTS INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Toshiba America Electronic Components Inc. ("Toshiba") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12239 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York;  and

**WHEREAS,** on January 20, 2006, DAS LLC filed its Schedule of Assets and Liabilities, and scheduled therein an unsecured non-priority claim in favor of Toshiba in the amount of $597,611.14 (the "Scheduled Claim");  and

**WHEREAS,** on July 28, 2006, Toshiba filed proof of claim number 12239 against DAS LLC, asserting an unsecured non-priority claim in the amount of $599,351.09 (the "Proof of Claim");  and

**WHEREAS,** on April 30, 2007, in order to resolve the discrepancy between the Scheduled Claim and the Proof of Claim, DAS LLC and Toshiba entered into a settlement agreement (the "Settlement Agreement");  and

**WHEREAS,** on May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection");  and

**WHEREAS,** on June 15, 2007, Toshiba filed a Response to the Fifteenth Omnibus Claims Objection (Docket No. 8321) (the "Response");  and

**WHEREAS,** pursuant to the Settlement Agreement, the Debtors

2

acknowledge and agree that the Proof of Claim shall be allowed against DAS LLC in the amount of $597,611.14 as a general unsecured non-priority claim; and

**WHEREAS,** DAS LLC was authorized to enter into the Settlement Agreement either because the Proof of Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and Toshiba stipulate and agree as follows:

1. The Proof of Claim shall be allowed in the amount of $597,611.14 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to reduce the Proof of Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors to the extent that amounts comprising the Proof of Claim are paid to Toshiba as cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Toshiba is a party.

3. The Fifteenth Omnibus Claims Objection, solely as it relates to the Proof of Claim, and the Response are hereby withdrawn.

**[signatures on the following page]**

Dated:  New York, New York
         March 27, 2008

                                DELPHI CORPORATION, et al.,
                                Debtors and Debtors-in-Possession,
                                By their Bankruptcy Conflicts Counsel,
                                TOGUT, SEGAL & SEGAL LLP,
                                By:

                                _/s/ Neil Berger_____
                                NEIL BERGER (NB-3599)
                                A Member of the Firm
                                One Penn Plaza, Suite 3335
                                New York, New York 10119
                                (212) 594-5000

Dated:  Costa Mesa, California
         March 26, 2008

                                TOSHIBA AMERICA ELECTRONIC
                                COMPONENTS INC.,
                                By its Counsel,
                                WEILAND, GOLDEN, SMILEY, WANG
                                EKVALL & STROK, LLP
                                By:

                                /s/ Lei Lei Wang Ekvall_____
                                LEI LEI WANG EKVALL
                                650 Town Center Drive, Suite 950
                                Costa Mesa, California 92626
                                (714) 966-1000

                                **SO ORDERED**

                          This 8th day of April, 2008
                           in New York, New York

                      _____/s/Robert D. Drain_____
                        HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE