**Hearing Date and Time: April 18, 2008 at 10:00 a.m.**
**Supplemental Response Date and Time: April 16, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

**DEBTORS' SUPPLEMENTAL REPLY TO JAMES PENNEY'S RESPONSE TO DEBTORS'
TWENTY-THIRD OMNIBUS OBJECTION REGARDING CLAIM NO. 11395**

("SUPPLEMENTAL REPLY TO THE RESPONSE OF JAMES PENNEY")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit the Debtors' Supplemental Reply To James Penney's Response To Debtors' Twenty-Third Omnibus Objection Regarding Claim No. 11395, and respectfully represent as follows:

Preliminary Statement

1. On July 26, 2006, James Penney, an hourly Delphi employee and a member of the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers - Communications Workers of America (the "IUE-CWA"), filed proof of claim no. 11395 (the "Proof of Claim") asserting an unsecured non-priority claim in the amount of $115,276.00 against Delphi.  In the Proof of Claim, Mr. Penney asserts that he is entitled to participate in and receive benefits under an attrition plan entered into between Delphi and his local union, the IUE-CWA, Local 755, in 2003 (the "2003 Attrition Plan").  Mr. Penney continues to assert this Proof of Claim even though, on August 7, 2006, he elected to receive benefits under a special hourly attrition plan entered into between the Debtors and the IUE-CWA on June 16, 2006 (the "2006 SAP") and by doing so waived any and all claims arising under the 2003 Attrition Plan.  The 2006 SAP, which was authorized pursuant to the Order Under 11 U.S.C. § 363(b) and Fed.R.Bankr.P. 6004 Approving (I) Supplement to UAW Special Attrition Program, and (II) IUE-CWA Special Attrition Program (Docket No. 4461) entered by this Court on July 7, 2006, provides for incentivized and early retirements along with buyouts for eligible employees.  A copy of the collectively bargained 2006 SAP is attached hereto as Exhibit 1.  The amount set forth in the Proof of Claim is based on what Mr. Penney states is the difference

between the value of the benefits that Mr. Penney asserts he would have received under the 2003 Attrition Plan and the benefits that he asserts he will receive under the 2006 SAP.

2.      Mr. Penney's assertion that he is entitled to benefits under the 2003 Attrition Plan is without merit not only because he elected to receive benefits under the 2006 SAP, but also because, in choosing the early retirement option under the 2006 SAP, Mr. Penney executed two forms, "Form A - Special Attrition Program IUE-CWA-Delphi Plants" (the "Form A") and "Form B - Special Attrition Program Conditions Of Participation Release Form" (the "Form B"), acknowledging his acceptance of the terms of his retirement and releasing Delphi, General Motors Corporation ("GM"), and the IUE-CWA from all other claims relating to his employment.  Mr. Penney executed each of Form A and Form B on August 7, 2006, when he elected early retirement effective January 1, 2007.  On Form A, a copy of which is attached hereto as <u>Exhibit 2</u>, Mr. Penney elected to transition to GM for the purposes of retirement and executed a release of postretirement health care and life insurance.  Additionally, on Form B, a copy of which is attached hereto as <u>Exhibit 3</u>, Mr. Penney acknowledged that he voluntarily elected to receive certain benefits pursuant to the 2006 SAP and executed a broad release of all claims including without limitation a breach of employment contracts, either express or implied.

3.      On November 19, 2007, the Debtors filed the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection").  In the Twenty-

Third Omnibus Claims Objection, the Debtors objected to, and sought an order disallowing and expunging, inter alia, the Proof of Claim. (Docket No. 10982, ¶ 30, Ex. B-1).

    4.  On December 5, 2007, Mr. Penney filed his Response To Twenty-Third Omnibus Objection Regarding Claim No. 11395 (Docket No. 11476) (the "Response"). In the Response, Mr. Penney disagrees with the Twenty-Third Omnibus Claims Objection to disallow the Proof of Claim. Mr. Penney asserts that of the five categories of losses asserted in the Proof of Claim, including (i) lost retirement incentive, (ii) reduced retirement, (iii) lost income, (iv) lost stock value, and (v) lost guarantee. Mr. Penney does not submit further documentation to the Response, but reattaches his proof of claim, including its supporting documentation.

    5.  On March 21, 2008, the Debtors filed a Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proof Of Claim No. 11395 (Docket No. 13192) in which the Debtors provided notice that the Twenty-Third Omnibus Claims Objection with respect to the Proof of Claim will be heard at a sufficiency hearing on April 18, 2008.

    6.  The Debtors respectfully submit that the Proof of Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). First, Mr. Penney has not proved any facts to support a right to payment by the Debtors. Second, Mr. Penney voluntarily agreed to accept the benefits associated with the 2006 SAP, Delphi has provided those benefits, and Mr. Penney's signed releases extinguish his right to any further benefits pursuant to any other attrition programs. Accordingly, the Twenty-Third Omnibus Claims Objection should be sustained with respect to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

Argument

A. Mr. Penney Has Not Met His Burden Of Proof To Establish A Claim Against The Debtors

    7.    The burden of proof to establish a claim against the Debtors rests on Mr. Penney and, if the Proof of Claim does not include sufficient factual support, such Proof of Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

    8.    For purposes of sufficiency, this Court determined that the standard of whether the claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355

U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

9. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c).

10. In this case, Mr. Penney has not proved, and cannot prove, any set of facts that support a right to payment from the Debtors for the difference between the value of the benefits he purports he would have received under the 2003 Attrition Plan and the benefits he is eligible for under the 2006 SAP.  Mr. Penney has not met his burden of proof and cannot provide facts or law supporting his claim.  Further, neither the Proof of Claim nor the Response assert any other valid basis upon which Mr. Penney could base his claim.  Accordingly, the Twenty-Third Omnibus Claims Objection should be sustained as to the Proof of Claim; and the Proof of Claim should be disallowed and expunged in its entirety.

B. Delphi Fulfilled All Of Its Contractual Obligations Under The 2006 SAP And Is Not Liable To Mr. Penney[1]

11. Delphi has fully performed all of its duties and obligations due Mr. Penney under the 2006 SAP, a fact that Mr. Penney does not even dispute.  Instead, Mr. Penney

---

[1] The Debtors' submission of this Supplemental Reply To The Response Of James Penney is without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Proof of Claim.

6

seeks additional benefits he is not entitled to receive. Full performance of a duty under a contract discharges that duty. See Restatement (Second) of Contracts § 235(1) (1981). According to the comments from the Restatement (Second) of Contracts, "a duty is discharged when it is fully performed." Restatement (Second) of Contracts § 235 cmt. a (1981); see also Rory v. Continental Insurance Company, 703 N.W. 2d 23, 30 (Mich. 2005) ("A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written.")

12. Moreover, Mr. Penney executed a broad and unambiguous release of any claims against Delphi. Under Michigan law, which governs the terms of the release executed by Mr. Penney, a release of liability is valid if it is fairly and knowingly made. Xu v. Gay, 257 Mich. App. 263 (Mich. Ct. App. 2003). If the text of the release is clear, then the parties' intentions must be ascertained from the plain, ordinary meaning of the language of the release. Id. The fact that the parties may dispute the meaning of the release does not alone evidence an ambiguity; a contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. Id. If the terms of the release are clear, the effect of the language is a question of law to be resolved summarily. Id.; see also Gortney v. Norfolk & W. Ry. Co., 216 Mich. App. 535 (Mich. Ct. App. 1996) (holding that the language of the release evidenced a clear, unambiguous intent to settle and because the release was capable of but one reasonable interpretation, namely that all claims were released, in exchange for a substantial monetary consideration, the trial court correctly granted summary disposition); Cole v. Ladbroke Racing Mich., Inc., 241 Mich. App. 1 (Mich. Ct. App. 2000) (holding that "[t]he scope of a release is governed by the intent of the parties as it is expressed in the release"). Mr. Penney argues that even in light of Delphi's full performance of the 2006 SAP and his own fully executed releases,

7

the terms of the 2003 Attrition Plan should control. Yet by continuing to prosecute the Proof of Claim, Mr. Penney directly breached such releases. For example, by executing Form B, Mr. Penney acknowledged:

> <u>In consideration for participation in the Special Attrition Program, I hereby release and forever discharge Delphi, GM, and the IUE-CWA and their respective officers, directors, agents, employees, stockholders and employee benefit plans from all existing claims, demands and causes of action (claims) known or unknown which I may have related to my employment or the cessation of my employment or denial of any employee benefit.</u> This release specifically includes, without limitation, a release of any claims I may now have under The Employee Retirement Income Security Act of 1974, as amended (ERISA); the Age Discrimination in Employment Act, which prohibits discrimination in employment based on age; Title VII of the Civil Rights Act of 1964 as amended, which prohibits discrimination in employment based on race, color, national origin, religion or sex; The Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Equal Pay Act; state fair employment practices or civil rights laws; and any other federal state or local laws or regulations, or any common law actions relating to employment discrimination. This includes without limitation any claims for breach of employment contract, either express or implied, and wrongful discharge. The release does not waive any claims that arise after the date I separate from Delphi under this Agreement. The release does not waive any claims that arise after the date I separate from Delphi under this Agreement. The release does not include workers' compensation claims. <u>I further agree not to institute any proceedings against Delphi, GM, the IUE-CWA, or its officers, directors, agents, employees, stockholders or employee benefit plans related to my employment, cessation of my employment, or the denial of any employee benefit.</u>

Form B, at 2 (emphasis added).

        13.    Furthermore, Mr. Penney asserts in the Proof of Claim and the Response that he is entitled to several additional retirement benefits, including a lump sum payment pursuant to the terms of the 2003 Attrition Plan. These assertions by Mr. Penney are not consistent with the 2006 SAP under which he voluntarily retired. By asserting his claim, Mr.

8

Penney ignores the acknowledgements and releases that he agreed to by executing Form A, specifically that:

> I acknowledge no prior representations, promises, or agreements relating to my employment, redeployment, separation from service, or retirement have been made by Delphi, GM or the IUE-CWA which are contrary to this document and the Special Attrition Program. I further acknowledged that my selections are voluntarily made and irrevocable.
>
> ….(ii) in exchange for eligibility to receive post-retirement health care and life insurance benefits from GM waive any and all rights I might otherwise have to post-retirement health care and life insurance benefits from Delphi, including but not limited to any and all rights to COBRA continuation through Delphi.

Form A, at 2.

14. The Debtors have satisfied all their obligations under the 2006 SAP and are not liable to Mr. Penney for the difference between the 2006 SAP and the 2003 Attrition Plan. Therefore, the Twenty-Third Omnibus Claims Objection should be sustained as to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

## Memorandum of Law

15. Because the legal points and authorities upon which this Reply relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request this Court enter an order (i) sustaining the Twenty-Third Omnibus Claims Objection with respect to the Proof of Claim, (ii) disallowing and expunging the Proof of Claim in its entirety, and (iii) granting such further and other relief this Court deems just and proper.

Dated:  New York, New York
        April 8, 2008

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

          By:  /s/ John Wm. Butler, Jr.
             John Wm. Butler, Jr. (JB 4711)
             John K. Lyons (JL 9331)
             Ron E. Meisler (RM 3026)
          333 West Wacker Drive, Suite 2100
          Chicago, Illinois 60606

            - and -

          By:  /s/ Kayalyn A. Marafioti
             Kayalyn A. Marafioti (KM 9632)
             Thomas J. Matz (TM 5986)
          Four Times Square
          New York, New York 10036

          Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession