Hearing Date and Time: April 30, 2008 at 10:00 AM
Response Date and Time: April 10, 2008

McDERMOTT WILL & EMERY LLP
Peter A. Clark (IL# 6203985)
Jason J. DeJonker (IL# 6272128)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for Temic Automotive of North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X
In re                                             : Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       : Case No. 05-44481 (RDD)
                                                  :
        Debtors.                                  : (Jointly Administered)
                                                  :
                                                  :
------------------------------------------------- X

### OBJECTION OF TEMIC AUTOMOTIVE OF NORTH AMERICA, INC. TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

Temic Automotive of North America, Inc. ("**Temic**"), by and through its undersigned counsel, hereby submits this Objection (the "**Objection**") to the Debtors' Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection With Sale of Steering and Halfshaft Business (the "**Notice of Assumption**").

## BACKGROUND

1. On October 8, 2005 (the "**Petition Date**"), Delphi Corporation and certain related entities (collectively, "**Delphi**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. Delphi remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

**A.    Claim Number 2402**

2. On March 24, 2006, Motorola Inc. ("**Motorola**") filed claim number 2402 against the Debtors. Claim number 2402 relates to services performed and goods delivered by Motorola to Delphi pursuant to a certain "Additional Purchase Order Provisions Long Term Contract" dated March 21, 2001 between Delphi and Motorola (the "**Agreement**"). According to the Agreement, Delphi agreed to purchase approximately 100% of its production and service requirements for certain products from Motorola.

3. After the Debtors filed their voluntary petitions for relief, Motorola sold certain assets to Temic, which included claim number 2402 and the Agreement. On August 4, 2006, Motorola and Temic filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e)(2) and disclosed that Motorola had transferred "all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with" certain claims filed against Delphi, including claim number 2402, to Temic.

4. On December 10, 2007, the Debtors filed a motion to sell their steering and halfshaft business (the **"Steering Sale Motion"**), pursuant to which the Debtors sought authority to establish certain bidding procedures (the "**Bidding Procedures**") and sell their steering

business to Steering Solutions Corporation and certain of its affiliates (collectively, the "**Buyers**") or a successful bidder. In addition, pursuant to the Steering Sale Motion, the Debtors sought authority to assume and assign certain prepetition contracts to the Buyers or a successful bidder.

5. On December 21, 2007, this Court entered an order approving the Bidding Procedures, including certain forms of notice (the "**Bidding Procedures Order**").

6. On January 23, 2008, the Debtors filed a Notice of Cure Amount With Respect To Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection With Sale of Steering and Halfshaft Business (the "**Notice**"). According to the Notice, the Debtors sought to assume and assign a purchase order number SAG90I4704 between Temic and the Debtors (the "**Purchase Order**").

7. On February 22, 2008, Temic filed a Motion for Order Extending Time to Elect Cash Payment for Cure Amount (the "**Motion**"), pursuant to which Temic requested that the Bankruptcy Court (i) extend the time for Temic to elect payment of cash or plan currency on account of the cure amount, and (ii) allow Temic to elect payment of cash on account of the cure amount.

8. By order dated March 14, 2008 (the "**Order**"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>, the Bankruptcy Court granted the Motion and ruled that Temic was "deemed to have elected to receive a cash cure payment in the amount of $2,255,696.88 as of January 11, 2008 in response to the Plan Cure Notice served upon Temic in connection with P.O. number SAG90I4704."

**B.    Claim Number 8391**

9.    On June 20, 2006, Motorola filed proof of claim number 8391 in the amount of $8,385,154.00 against the Debtors, a true and correct copy of which is attached hereto as <u>Exhibit B</u>. Claim number 8391 arose from Delphi's prepetition cancellation of a long term contract relating to the development, manufacture, sale and purchase of automobile parts for use in the Delphi GMT-900 Quadrasteer program. After the Debtors filed their voluntary petitions for relief, Motorola sold certain assets to Temic, which included claim number 8391.

10.   On August 4, 2006, Motorola and Temic filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e)(2) and disclosed that Motorola had transferred "all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with" certain claims filed against Delphi, including claim number 8391, to Temic.

11.   On June 15, 2007, Delphi filed an objection to claim number 8391 (the "**Claim Objection**").

12.   The hearing on the Claim Objection has been postponed numerous times and no final resolution has been reached between the Debtors and Temic with respect to claim number 8391.

**C.    Notices of Assumption**

13.   On March 25, 2008, this Court entered an order which established procedures for the Debtors to assume and assign certain remaining executory contracts that were not included on the Notices under the Bidding Procedures Order (the "**Omitted Contract Assumption Procedure Order**").

14.   In accordance with the Omitted Contract Assumption Procedure Order, the Debtors provided a Notice of Assumption to Temic with respect to the following contracts:

| Counterparty | Contract to be Assumed and Assigned | Proposed Cure Amount |
|---|---|---|
| Motorola | Long Term Contract between Delphi Corporation LLC acting through its Delphi Saginaw Steering Systems and Motorola Inc., with a term through calendar year 2011 for OEM, and 2027 for 15-year service requirement and an execution date of November 1, 2002 ("**Contract One**") | $0 |
| Motorola | Long Term Contract between Delphi Automotive Systems LLC acting through its Saginaw Steering Systems and Motorola AIEG, with a term of 2003 - 2009 for OEM production and calendar years 2010 - 2024 for 15-year service requirement and an execution date of March 21, 2001 ("**Contract Two**") | $0 |

## ARGUMENT

15.    Pursuant to section 365(a) of the Bankruptcy Code, a trustee may, subject to the court's approval, assume or reject any of its executory contract or unexpired lease. However, "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A). Thus, section 365 of the Bankruptcy Code authorizes the trustee "to assume or reject executory contracts and unexpired leases … [and] contains provisions for the trustee to cure certain defaults before assumption…" 3 *Collier on Bankruptcy* P 365.01 (rev. 15th ed. 2007).

NYK 1154417-3.076532.0011

A.   **Objection Relating to Contract One**

16.   Contract One relates to claim number 8391. As set forth in proof of claim number 8391, on November 1, 2002, Delphi and Motorola executed the "Additional Purchase Order Provisions Long Term Contract" by which Delphi agreed to purchase from Motorola 100% of its production and service requirements for certain products relating to the Quadrasteer program. This program was subsequently cancelled by Delphi but not before Motorola incurred significant damages because of such premature cancellation. As set forth in claim number 8391, Temic seeks $8,385,154.00 in damages against Delphi for terminating the contract.

17.   By this Objection, Temic objects to the Notice of Assumption with respect to Contract One because the Debtors cannot assume Contract One and all documents and intellectual property that may be connected with it and assign to the Buyers before the litigation with respect to claim number 8391 is concluded and before the prepetition damages in the amount of $8,385,154.00 are paid to Temic. Temic therefore objects to the Notice of Assumption with respect to Contract One because the cure amount indicated in the Notice of Assumption of $0 is simply incorrect.

18.   The Debtors or the Buyers need to pay all amounts demanded in claim number 8391, which is the amount due to cure Contract One.

B.   **Objection Relating to Contract Two**

19.   Contract Two relates to claim number 2402 and specifically P.O. number SAG90I4704. Temic objects to the Notice of Assumption with respect to Contract Two because the cure amount indicated in the Notice of Assumption of $0 is incorrect. Contract Two is one of the contracts relating to claim number 2402, for which the Debtors have agreed to pay a cash

cure payment in the aggregate amount of $2,255,696.88 in accordance with the Order and P.O. number SAG90I4704.

20. The Debtors need to modify the cure amount reflected in the Notice of Assumption to reflect the actual cure amount due with respect to Contract Two, which is at least $2,255,696.88.[1]

21. Temic further reserves all other rights and remedies under the Bankruptcy Code and other applicable law.

WHEREFORE, Temic respectfully requests that the Court (i) deny the Debtors the right to assume and assign Contract One and Contract Two for the cure amounts listed on the Notice of Assumption, and (ii) grant Temic such other relief as the Court deems just and proper.

Dated: April 9, 2008

Respectfully submitted,
**McDermott Will & Emery LLP**

By: /s/ James M. Sullivan
James M. Sullivan (JS-2189)
340 Madison Avenue
New York, New York  10173-1922
Telephone:  (212) 547-5400
Fax:  (212) 547-5444

Peter A. Clark
Jason J. DeJonker
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

***Counsel for Temic Automotive of North America, Inc.***

---

[1] Temic reserves its rights to further object to the cure amount in the Notice of Assumption of Contract Two to the extent there are any post-petition amounts which continue to be due and payable at the time of the assumption and assignment.