PEPPER HAMILTON LLP
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Henry J. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Counsel for SKF USA Inc.*

Hearing Date and Time: April 30, 2008 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

**SKF USA INC.'S OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYER IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

SKF USA Inc. ("SKF") hereby files this objection (the "Objection") to the Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyer In Connection With Sale Of Steering And Halfshaft Business (the "Notice") and in support hereof states as follows:

**INTRODUCTION**

1.  SKF and debtor Delphi Automotive Systems, LLC ("DASL"), and/or debtor Delphi Corporation ("DelCorp"), and/or one or more of DASL or DelCorp.'s debtor

#9517764 v1

affiliates (collectively, the "Debtors") are parties to certain contracts that SKF believes are, were or may be pre-petition executory contracts or are post-petition contracts. These pre-petition contracts include SAG90I4051 and SAG90I4642 (the "Purchase Orders").

2. The Debtors have obtained authority to sell certain assets comprising substantially all of the assets primarily used in the Seller Debtor Entities' (as defined by the Debtors) steering and halfshaft business. In connection therewith, the Debtors have sought authority to assume and assign certain previously-omitted pre-petition executory contracts.

3. SKF has received notices of the Debtors' intent to assume the Purchase Orders in connection with the steering and halfshaft business. The cure notice sent by the Debtors assert that there are no defaults under Purchase Order SAG90I4051, and that the cure amount relating to SAG90I4642 is $447.91.

4. The notices provide that, if the closing on the sale of the steering and halfshaft business does not occur prior to the effective date (the "Effective Date") of the Debtors' Chapter 11 plan (the "Plan"), the Purchase Orders will be assumed on the Effective Date. If the sale closes prior to the Effective Date (the "Closing Date"), the Purchase Orders will be assumed on the Closing Date. In either event, the cure amount is being paid in cash.

## OBJECTION

I. **OBJECTION TO TERMS OF ASSUMPTION**

   A. **General Rights of Parties to Assumed Executory Contracts and Post-petition Contracts**

5. Pursuant to 11 U.S.C. § 365(b)(1)(A), a debtor may not assume any pre-petition executory contract unless it cures any existing defaults. In addition, a debtor must provide adequate assurance of future performance under such executory contract. 11 U.S.C. § 365(b)(1)(C). As such, a non-debtor party to an executory contract is entitled to both the cure of

#9517764 v1

all defaults under such contract and the future performance of all outstanding contract obligations existing under such contract (including obligations relating to claims that have accrued, but are not yet in default). Any proposed assumption (or assumption and assignment) of a contract that does not provide for the payment of all claims arising under such contract clearly violates the Bankruptcy Code.

6. Any order entered by the Court authorizing the assumption of the Purchase Orders should: (a) clearly provide that all pre-petition and post-petition amounts arising under each Purchase Order will be satisfied in full, regardless of whether such amounts are in default as of the Closing Date; (b) clearly delineate the respective obligations of the Selling Debtor Entities and the Buyer with regard to all amounts accrued as of the Closing Date (regardless of whether such amounts are then in default) under the Purchase Orders; (c) require the Buyer to accept the assignment of the assumed pre-petition executory contracts in their present form, including any valid amendments thereto; (d) not provide for improper releases; and (e) be consistent with the terms of the final sale agreement and require the modification of the final sale agreement to the extent that such agreement would violate any section of the Bankruptcy Code or otherwise improperly interfere with SKF's right to be paid, in full, for all claims that have accrued as of the Closing Date, under the Purchase Orders.

II.     **OBJECTION TO CURE AMOUNTS FOR PRE-PETITION CONTRACTS**

7. <u>SAG90I4051</u>. SKF agrees that there are no amounts currently due and owing, whether in default or otherwise, in connection with this Purchase Order. SKF reserves the right to seek payment, in full in cash, of all amounts that accrue between the date of this response and the date the Debtors assume the Purchase Order, whether such amounts are in default or otherwise.

#9517764 v1

8. <u>SAG90I4642.</u> The Debtors assert that the proper cure amount is only $447.91. However, the proper cure amount, as of the date of this response is $4,332.00, comprised of the following unpaid invoices:

| Invoice No. | Amount |
|---|---|
| 1560408 | $160.00 |
| 1560448 | $2,432.00 |
| 1560450 | $1,420.00 |
| 1561738 | $320.00 |

Attached hereto are copies of each of these invoices. In addition, SKF reserves the right to seek payment, in full in cash, of all amounts that accrue between the date of this response and the date the Debtors assume the Purchase Order, whether such amounts are in default or otherwise.

9. SKF is entitled to payment in full, in cash, of all post-petition invoices issued under these purchase orders. In addition, SKF is entitled to payment in full, in cash, of any post-petition amounts that accrues between April 9, 2008 and the assignment date and SKF objects to the assignment of such contracts to the extent that its right to obtain payment of such claims is in any way impaired.

#9517764 v1

WHEREFORE, SKF USA respectfully requests that this Court require that the Debtors and/or the buyer provide payment in full, in cash, of all outstanding amounts due and owing under the Purchase Orders, whether such amounts are in default as of the date of assumption or otherwise, and grant such other and further relief as is just and appropriate.

          Respectfully submitted,

/s/ Linda J. Casey
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

-and-

Henry J. Jaffe
James C. Carignan
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(302) 777-6500
Counsel for SKF USA Inc.

DATED: April 9, 2008

#9517764 v1