**BUCHANAN INGERSOLL & ROONEY PC**
620 Eighth Avenue, 23rd Floor
New York, NY  10018-1669
T 212 440 4400
F 212 440 4401
Christopher P. Schueller (CS 9525)
Attorneys for Keystone Powdered Metal Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>**DELPHI CORPORATION, et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No.:  05-44481(RDD)<br>(Jointly Administered) |

**LIMITED OBJECTION OF KEYSTONE POWDERED METAL COMPANY TO NOTICE OF ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

TO:    HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

Keystone Powdered Metal Company ("Keystone"), by and through its attorneys Buchanan Ingersoll & Rooney PC, submits the within Limited Objection to Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business, and in support thereof, respectfully states as follows:

   1.    On or about April 3, 2008, Keystone was served with a Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "Cure Notice").  The Cure Notice was not dated but provides that objections are due within 10-days of the date of the Cure Notice.

2. Pursuant to the Cure Notice, the Debtors seek authority to assume and assign that certain Long Term Contract between Delphi Automotive Systems LLC acting through its Saginaw Steering Systems Division and Keystone Powdered Metal Company, with a term of October 1, 2004 - December 31, 2009 (the "Long-Term Contract").

3. The Long-Term Contract governs, among other things, pricing for three (3) parts manufactured by Keystone for the Debtors.

4. Previously, the Debtors served a notice of assumption and assignment and cure notice relating to Purchase Order #'s 90I2692 and 90I4952 (collectively, the "Purchase Orders"). The Purchase Orders provide for the sale of corresponding part numbers and were issued under the Long-Term Contract (the "Initial Cure Notice").

5. Under the Initial Cure Notice, the Debtor identified $105,700 in cure costs to be paid upon the assumption and assignment of the Purchase Orders. The Initial Cure Notice also provides that the Debtors reserve the right to revise their decision to assume the Purchase Orders at any time prior to closing on the sale of the steering and halfshaft business.

6. Separately, Keystone and the Debtors have stipulated to an allowed general unsecured claim in the amount of $125,161.16 relating to pre-petition amounts due under Purchase Orders and/or the Long-Term Contract. Keystone did not object to the Initial Cure Notice, electing to be paid $105,700 in cash upon assumption of the Purchase Orders with the balance of its allowed unsecured claim to be treated in accordance with the Debtors' plan.

7. To date, Keystone has not received payment for cure costs relating to the assumption and assignment of the Purchase Orders. Keystone understands that payment will not be made until the closing on the sale of the Debtors' steering and halfshaft business.

8. Keystone does not object to the assumption and assignment of the Long-Term Contract. Keystone does, however, object to the Cure Notice to the extent that it provides for a $0 cure amount. The amount presently due and owing and which is required to be cured prior to assumption is $125,161.16.

9. It is the Debtors' position that because Keystone will be paid its cure costs upon the assumption of the Purchase Orders, it would be duplicative to provide for cure costs under the Long Term Contract.

10. Because the Debtors have reserved the right to revise their decision to assume the Purchase Orders, there is a possibility that the Debtors may elect to assume the Long-Term Contract and reject the Purchase Orders. Under such a scenario, Keystone would be bound by the $0 cure claim set forth in the Cure Notice.

11. Keystone does not believe it is the Debtors' intention to deprive Keystone of its cure rights and files the within limited objection in an abundance of caution. It is submitted that unless and until the Purchase Orders are assumed and the cure costs paid in accordance with the Initial Cure Notice, the appropriate cure amount under the Long-Term Contract should be modified to $125,161.16.

WHEREFORE, Keystone Powdered Metal Company respectfully requests an Order modifying the Cure Notice consistent with the objections contained herein.

Dated: April 11, 2008
      Pittsburgh, Pennsylvania

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Christopher P. Schueller
Christopher P. Schueller (CS 9525)
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
T 212 440 4400
F 212 440 4401

3

and

301 Grant Street, 20th Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 562-8800

Attorneys for Keystone Powdered Metal Company

#4325121-v1

4