IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF NOTICING AGENT REGARDING SERVICE OF
THIRTEENTH OMNIBUS CLAIMS OBJECTION ON
CITY OF DAYTON, OHIO**

I, Evan Gershbein, state as follows:

    1.    I am over eighteen years of age and not a party to the above-captioned cases. I believe the statements contained herein are true based on my personal knowledge. I am one of the Senior Consultants employed by Kurtzman Carson Consultants LLC ("KCC") and my business address is 2335 Alaska Avenue, El Segundo, California 90245. KCC was retained as the noticing agent pursuant to the Final Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent for Clerk Of Bankruptcy Court, entered by the Court on December 1, 2005 (Docket No. 1374). I am familiar with KCC's routine practices and procedures for the mailing of notices and other pleadings. This declaration is based upon my personal knowledge, except as to such matters as are stated upon information and belief.

    2.    KCC has been the claims and noticing agent for numerous large bankruptcy cases. In order to fulfill this role, we have established a number of safeguards to make certain that notices and other pleadings are served in a proper manner. Our

procedures are specifically designed to insure that documents are always properly addressed and mailed.  Our procedures for mailing are generally outlined as follows:

    a.    <u>Placement of the document into an envelope</u>:  After carefully reviewing the printed versions of the personalized notices, and objections/orders, the pleading is collated and placed into envelopes.

    b.    <u>Addressing of the envelope</u>:  A team member cross-references the various addresses for each mailing with the actual addresses on the proofs of claim, notices of transfer, and change of address requests prior to the mailing.

    c.    <u>Monitoring of returned mail</u>:  We preprint the return address (i.e. KCC's address) on our envelopes.  We carefully monitor the mail sent out and returned to our office.

    d.    <u>The affixing of the proper postage</u>:  Once we approve the completed packages, our production department applies the proper postage.

    e.    <u>The placing of the letter in an outgoing mail receptacle</u>: Depending upon the completion time of the mailing, we either have our regular courier take the mail directly to the post office or we physically drive it there. For the Thirteenth Omnibus Objection, our office physically delivered the Thirteenth Omnibus Objection packages to the post office in the evening on April 27, 2007.

  f. <u>The retention of a copy of each document</u>:  KCC retains copies of all personalized notices.  Additionally, we store copies both electronically on protected servers and physically in file cabinets.

  g. <u>Records of each mailing</u>:  I execute and file Affidavits of Service for most omnibus objection mailings.  I include a specific service list containing a listing of all parties to receive an omnibus objection/order, and personalized notice in my notarized and filed Affidavits of Service.

  h. <u>Other checks or cross-checks built into the office routine to insure mailing</u>:  We have many checks for the quality control of an omnibus objection/order mailing, including utilizing independent reviewers to verify address information against filed proofs of claim and the formatting and accuracy of the various data merge files and completed personalized notices.  In addition, I create data merge files containing the address and claim information to be merged into the personalized notices and monitor the entire process from inception to completion.

3. In preparation of the mailing of the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject to Modification,

And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection"), I personally supervised the following:

    a.    <u>Creation of data files used to merge claim and address information into personalized notices</u>: I personally reformatted the Thirteenth Omnibus Claims Objection data files, including the extraction and incorporation of the various claimants' address information from KCC CaseView into those data files.

    b.    <u>Submit data files, personalized notice and Thirteenth Omnibus Claims Objection to Production staff</u>: I personally emailed the data files, blank personalized notice and Thirteenth Omnibus Claims Objection to the Technological Programming Consultant in the KCC Production department.

    c.    <u>Monitor preparation of merge project</u>: I supervised and monitored the creation of the project where we merge the data files into the personalized notice. I, along with another Consultant, reviewed electronic copies of the merged notices. The Consultant and I approved the electronic copies and instructed the Technological Programming Consultant to print hard copies for the service.

    d.    <u>Address included on attached slip sheet during merge process</u>: During the process of merging a claimant's objection information, we also merge that individual claimant's address information to a slip sheet, which we print and staple to the back of the personalized notice.

  e. <u>Review printed documents</u>:  A Consultant approved the printed copies of the completed personalized notices and Thirteenth Omnibus Claims Objection for service.

  f. <u>Collating and inserting documents into windowed envelopes</u>: After receiving approval, our Production department collated and inserted the personalized notices with the Thirteenth Omnibus Claims Objection into windowed envelopes, with the claimants' addresses showing through the windowed section of the envelopes.

  g. <u>Review and finalize completed packages</u>:  A Consultant reviewed and counted the completed packages.  Afterwards, we provided our Production department with the approval for sealing, applying postage and delivering all packages to the Post Office.  Throughout the merging, printing and inserting portions of the project, all packages to be sent to foreign addresses are processed and metered separately.  It is KCC's procedure to notify me of any problems with or deviation from KCC's normal procedures in relation to the service of any Delphi documents.  With respect to the mailing of the Thirteenth Omnibus Claims Objection to the appropriate parties, including the City of Dayton, Ohio ("Dayton"), I was not notified of any such problem or deviation.

4. On April 27, 2007, KCC served copies of the Thirteenth Omnibus Claims Objection, without exhibits, and the personalized Notice of Objection to Claim pertaining to proof of claim no. 16404 on Dayton via First Class mail at the address below, which is the address set forth on Proof Of Claim No. 16404:

      City of Dayton
      Attn: Tax Collections
      City of Dayton Finance Department
      101 West Third Street
      Dayton, OH 45402

      5.      On May 10, 2007, KCC filed with this Court an Affidavit Of Service with respect to KCC's service of the Thirteenth Omnibus Claims Objection and the Specialized Personalized Notice (Docket No. 7920). The service information for Dayton appears in Exhibit E of the Affidavit of Service, which spans pages 240 – 284 of the Affidavit of Service, on page 283. The parties listed in Exhibit E are grouped by exhibits as they appeared in the Thirteenth Omnibus Claims Objection. Thus, the page on which Dayton's service information appears references Exhibit D-2 of the Thirteenth Omnibus Claims Objection.

      6.      When preparing the Thirteenth Omnibus Claims Objection, KCC merged claimants' contact information directly onto the personalized Notices of Objection to Claim. The Thirteenth Omnibus Claims Objections, without exhibits, and Claim Objection Procedures Order were collated and served with the personalized Notices of Objection to Claim. The address for mailing is printed directly on the Personalized Notice, which is placed at the back of the packet of documents so that the mailing address appears through the window of the envelopes in order to effectuate service.

      7.      On June 8, 2007, KCC served the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject

To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement Identified In The Thirteenth Omnibus Claims Objection (Docket No. 8194) (the "Thirteenth Omnibus Order"), without exhibits, and the personalized Notice of Entry of Order pertaining to Claim No. 16404 on Dayton via First Class mail at the address below:

> City of Dayton
> Attn: Tax Collections
> City of Dayton Finance Department
> 101 West Third Street
> Dayton, OH 45402

8.  On June 15, 2007, KCC filed with this Court an Affidavit Of Service with respect to KCC's service of the Thirteenth Omnibus Order and the Specialized Personalized Notice (Docket No. 8265).

9.  KCC maintains a department of employees that specifically receive and track all returned mail. This department provides myself and other Consultants assigned to the Delphi case with all Omnibus Claims packages containing personalized notices. In turn, we maintain and update a tracking sheet with all such returned packages. After reviewing the tracking sheet and these returned packages, I have determined that none of the packages sent to the addresses listed above were returned to KCC as undeliverable. Attached hereto as Exhibit C is a copy of the returned mail tracking sheet.

10. To the best of my knowledge, information and belief, I hereby declare and state that the foregoing information is true and correct.

11.     To the best of my knowledge, information and belief, I hereby declare and state under penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing information is true and correct.

Executed on April 15, 2008, at Los Angeles, California.

*/s/ Evan Gershbein*_____
Evan Gershbein