Pg 1 of 8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :     Chapter 11
                                                                 :     Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                                      :     Jointly Administered
                                                                 :
                               Debtor.                           :
-----------------------------------------------------------------x

## AFFIDAVIT OF CHARLES H. MENDELJIAN IN SUPPORT OF
## MOTION TO RECONSIDER DEFAULT ORDER REDUCING CLAIM

STATE OF MICHIGAN         §
                          §
COUNTY OF WASHTENAW       §

On this day before me personally appeared Charles H. Mendeljian, who, upon oath, deposed and stated as follows:

1.  My name is Charles H. Mendeljian. I am over the age of 18 years old, have never been convicted of a felony, and am not otherwise disqualified from making this Affidavit. I am the Vice President Customer Financial Services of Affinia Group Inc., the parent company of Affinia Canada Corp., EFT ("Affinia"), and submit my affidavit in support of Affinia's *Motion to Reconsider Default Order Reducing Claim* (the "Motion") which asks this Court to reconsider its *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order Identified in*

Page 1

*Twenty-Fourth Omnibus Claims Objection* (the "Default Order") [Docket No. 12363] that was entered by default as to Affinia on or about January 25, 2008.

2. On October 8 and 14, 2005, Delphi Corporation and its affiliated debtors in the above-styled jointly administered bankruptcy cases (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

3. On December 21, 2007, the Debtors filed their *Twenty-Fourth Omnibus Claims Objection*. Among the approximately 136 proofs of claim objected to was the proof of claim filed by Affinia (the "Affinia Proof of Claim").

4. The Affinia Proof of Claim was timely filed on July 7, 2006 and entered on the Court's docket as Claim No. 11099. The Affinia Proof of Claim asserts an unsecured, non-priority claim against Delphi Corporation in the amount of $173,734.07. A true and correct copy of the Affinia Proof of Claim is attached to the Motion as **Exhibit "A."**

5. Pursuant to that *Notice of Transfer of Claim Other than for Security* filed with the Court on or about July 30, 2007, Affinia transferred its claim to SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd (collectively, "SPCP"). However, Affinia retained the duty and capacity to defend the Affinia Proof of Claim in the event of an objection.

6. The Twenty-Fourth Omnibus Claims Objection categorizes the Affinia Proof of Claim as a Type D-2 "modified claim asserting reclamations," which the Debtors argue should be modified "solely to assert a properly classified, fully liquidated claim amount against the appropriate debtor." The Twenty-Fourth Omnibus Claims Objection further represents that Affinia's claim should be reduced from a general, unsecured claim against Delphi Corporation in

the amount of $173,734.07 to (i) a priority claim against Delphi Automotive Systems, LLC in the amount of $10,000.00; and (ii) a general, unsecured claim against Delphi Automotive Systems, LLC in the amount of $34,511.79.

7. The Twenty-Fourth Omnibus Claims Objection further provided (i) that responses should be filed and served so as to be received by the Debtors and certain other parties no later than 4:00 p.m. on January 18, 2008; (ii) a procedure pursuant to which "personalized notice" of an objection was to be given to each claimant whose proof of claim was subject to an objection; and (iii) that such notice should specifically identify each claimant's proof of claim that is the subject of an objection, and the basis for such objection, as well as a copy of the Court's Claims Objection Procedure Order.

8. Affinia either failed to receive the Twenty-Fourth Omnibus Claims Objection, or simply failed to recognize that the objection affected Affinia's interests. During the pendency of the Debtors' cases, I personally monitored pleadings in the Delphi cases on behalf of Affinia. As evidenced by the docket in these cases, such pleadings number in the thousands.

9. Despite diligently monitoring the multitudinous pleadings filed in these cases, I either failed to receive, or simply did not recognize the affect on Affinia of, the Twenty-Fourth Omnibus Claims Objection and the purported personalized notice of the Debtors' objection to the Affinia Proof of Claim. As a result, I was not aware of the significance to Affinia of the January 18, 2008 deadline for responding to the Twenty-Fourth Omnibus Claims Objection, nor did Affinia participate in the Court's hearing on the Twenty-Fourth Omnibus Claims Objection that took place on January 25, 2008.

10. Because Affinia failed to file a response to the Twenty-Fourth Omnibus Claims Objection, an order granting the Twenty-Fourth Omnibus Claims Objection [Docket No. 12363]

was entered by default as to Affinia. The Default Order effectively reduced Affinia's total claim by nearly $130,000. The Default Order was entered on or about January 25, 2008.

11. Here, I believe the facts show (i) Affinia's failure to respond to the Twenty-Fourth Omnibus Claims Objection was not willful; (ii) Affinia has a legally supportable defense to the Debtors' reduction of Affinia's claim amount; and (iii) there is no prejudice to the Debtors if the Court grants this Motion.

12. Affinia and two of its affiliates had originally filed proofs of claim against one or more of the Debtors. Disputes regarding the claim amounts of Affinia's two affiliates were settled in late 2007 following interactive discussions between the respective Affinia affiliates and business representatives of Delphi.

13. Under my direction, Helen Muir (Affinia Canada Credit Manager) and I also engaged with Delphi in substantive discussions and began the exchanges of information in an effort to reconcile the claim amount set forth in the Affinia Proof of Claim. Throughout October 2007, Helen Muir, Douglas Cassidy from Delphi and I and other Affinia representatives and Delphi engaged in numerous telephone conversations, emails, and exchanges of documents in an effort to reconcile the differences between the Affinia Proof of Claim amount and the amount reflected in the Debtors' respective books and records.

14. In that regard, on or about October 19, 2007, Douglas Cassidy from Delphi sent Affinia an email requesting copies of voluminous documentation between the parties, including invoices, purchase orders and change purchase orders – nearly all of which could have been found in Delphi's internal records. A copy of Delphi's October 19, 2007 email is attached to the Motion as **Exhibit "C."** After receiving Delphi's October 19, 2007 request for documents,

Affinia telephoned Delphi and requested a narrowing of the documents requested, as it appeared Delphi had not first looked internally for those documents.

15. At approximately the same time, Delphi's representative (Douglas Cassidy) verbally and via email represented that if Affinia and Delphi worked together, the parties could "jointly move this forward." This was also inferred in Douglas Cassidy's email dated October 19, 2007. This email is attached to the Motion as Exhibit "C." Because of the assurances given by Delphi's representative and the continued cooperation of the parties in resolving their dispute, and the past cooperation Affinia had with other Delphi representatives on the other Affinia claims, I had no indication that an objection to the Affinia Proof of Claim might be forthcoming. Affinia therefore continued to cooperate with Delphi in attempting to reconcile Affinia's claim amount.

16. On October 22, 2007, Helen Muir from Affinia sent Douglas Cassidy from Delphi a lengthy reconciliation of the discrepancies between the parties' accounts, which showed the outstanding amount of Affinia's claim to be approximately $173,520.00. A copy of that email is attached to the Motion as **Exhibit "D."**

17. Affinia received its final email correspondence from Delphi's representative Douglas Cassidy on October 22, 2007, at which time Delphi's representative requested only a single proof of delivery document from Affinia, which Helen Muir from Affinia provided the following day. A copy of Delphi's October 22, 2007 email is attached to the Motion as **Exhibit "E."**

18. There was no indication given by Delphi after October 22, 2007 that Delphi intended to cease communications with Affinia and object to Affinia's Proof of Claim. In fact, the October 22, 2007 correspondence from Delphi's representative was the last received by

Affinia until it learned that an objection had been filed to the Affinia Proof of Claim, and that Affinia had missed both the deadline for responding to the Twenty-Fourth Omnibus Claims Objection and the hearing on the objection.

19. As noted previously, in the ordinary course of Affinia's business, I received copies of Court pleadings and other notices served in the Delphi cases, and reviewed those documents immediately to determine whether any of those pleadings related to Affinia and its claims. I do not recall seeing a copy of either the Twenty-Fourth Omnibus Claims Objection or the personalized notice thereof referenced in the Twenty-Fourth Omnibus Claims Objection and the Default Order.

20. In fact, I was not aware of the Twenty-Fourth Omnibus Claims Objection until approximately the time of the hearing on the Twenty-Fourth Omnibus Claims Objection. Although SPCP had sent an email notice of the deadline for responding to the Twenty-Fourth Omnibus Claims Objection to Affinia's Representative on January 16, 2008, I was traveling at the time, and did not receive that notice until after the January 18, 2008 objections deadline. It was after the hearing date of the Twenty-Fourth Omnibus Claims Objection that I became aware of the nature and extent of the Twenty-Fourth Omnibus Claims Objection, and that Affinia's claim had been objected to.

21. After finding that Affinia's claim had been reduced pursuant to the Default Order, I attempted to contact business representatives of Delphi in an effort to determine why settlement discussions had ceased, and why Delphi had chosen to object, in part, to the Affinia Proof of Claim. Delphi's representative eventually explained to me that he "went silent" because Delphi was finishing up its Plan, and Delphi had to "close" these files in order to be able to file the Plan.

22. Affinia's failure to respond to the Twenty-Fourth Omnibus Claims Objection should be excused, as such failure was clearly not "willful" or "deliberate conduct."

23. I believe Affinia has a legally supported defense to the Debtor's proposed reduction of Affinia's claim. As evidenced by the exhibits attached to the Motion, and particularly **Exhibit "D,"** consisting of a claims reconciliation that was provided earlier to Delphi and which shows Affinia's claim amount to be in excess of $170,000.00, Affinia's claim exceeds the reduced amount approved and allowed by the Court pursuant to the Default Order. At the very least, the unfinished efforts of Affinia and Delphi in late 2007 to determine the amount of Affinia's claim demonstrate that valid disputes remain as to the nature and amount of Affinia's claim.

24. I also believe there is no prejudice to the Debtors if this Court grants the Motion for Reconsideration. I have been informed by my counsel that the Debtors are still in the process of determining the amount of outstanding claims against the estate, and that the Debtors have not yet begun making distributions to holders of unsecured creditors in these cases. Moreover, given the total claims against the Debtor's estates, and Affinia's proportionately tiny share of those claims, any prejudice to the Debtors arising from reconsideration of the Default Order is negligible. Finally, further consideration of the approval and allowance of Affinia's claim will not delay distributions, prejudice the Debtors or their creditors, or otherwise hinder the Debtors' operations or implementation of the Plan.

25. Based on the above, I believe cause exists to grant the Motion.

_____
CHARLES H. MENDELJIAN
Vice President Customer Financial Services

STATE OF MICHIGAN § 
§
COUNTY OF WASHTENAW §

This instrument was sworn to and subscribed before me on April 15, 2008, by Charles H. Mendeljian, the Vice President Customer Financial Services of Affinia Group, Inc.., the parent company of Affinia Canada Corp., EFT, a _CANADIAN_ corporation, on behalf of said corporation.

[S E A L]

My Commission Expires:

_Susan J. Stewart_
Notary Public - State of Michigan

_SUSAN J. STEWART_
Printed Name of Notary Public

NOTARY PUBLIC
County Of Washtenaw
My Commission Expires:
July 12, 2012
Acting in the County of
WASHTENAW
STATE OF MICHIGAN