```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                :
    In re                                       :   Chapter 11
                                                :
    DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                                :
                                     Debtors.   :   (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

ORDER (I) SUPPLEMENTING JANUARY 5, 2007 DIP ORDER
(DOCKET NO. 6461) AND AUTHORIZING DEBTORS TO
(A) EXTEND MATURITY DATE OF DIP FACILITY, (B) ENTER INTO
RELATED DOCUMENTS, AND (C) PAY FEES IN CONNECTION THEREWITH
AND (II) AUTHORIZING DEBTORS TO ENTER INTO ARRANGEMENT WITH
<u>GENERAL MOTORS CORPORATION OR AN AFFILIATE</u>

("SECOND DIP EXTENSION ORDER")

Upon the motion, dated April 15, 2008 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order supplementing January 5, 2007 DIP Order (Docket No. 6461) (as supplemented by the November 16, 2007 DIP Order (Docket No. 10957) (the "DIP Extension Order"), hereinafter referred to as the "DIP Order") and authorizing the Debtors to (i) extend the maturity date of DIP Facility,[1] (ii) enter into related documents, including a Fourth Amendment to the First Amended and Restated DIP Credit Agreement (the Fourth Amendment, together with all other documentation executed in connection therewith, hereinafter referred to as the "Fourth Amendment Documents"), (iii) pay the fees in accordance with the Fourth Amendment

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1
(NY) 27011/094/DIP.REFI.AMEND.4/refi.amend.4.dip.order.doc

Documents (the "Fourth Amendment Fees") and (iv) enter into an arrangement with General Motors Corporation or an affiliate; due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487) and no other or further notice being necessary; and the Court having held a hearing on the Motion on April 30, 2008, and after due deliberation and consideration, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The Motion is hereby granted in its entirety.

3.     The Fourth Amendment Documents are hereby authorized and approved, and the Debtors are hereby authorized, but not directed, to perform, and take all actions necessary to make, execute and deliver, all of the Fourth Amendment Documents with any other instruments and documents in connection therewith, including, without limitation, to pay the Fourth Amendment Fees.  Upon execution and delivery of each of the Fourth

Amendment Documents and such other instruments and documents, such instruments and documents shall constitute valid and binding obligations of the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms.

4.  The Debtors have a need to obtain an extension of their current financing under the terms set forth in the Fourth Amendment Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, without the continuation of the liens and claims granted pursuant to the DIP Order and incorporated by reference herein to secure the DIP Facility, as amended by the Fourth Amendment Documents (the "Second Amended and Restated DIP Credit Facility") and any obligations in respect thereof.

5.  The DIP Order shall be deemed supplemented by this order, and shall continue in full force and effect as supplemented hereby and by the DIP Extension Order (in each case including, without limitation, paragraph 6 of the DIP Extension Order). Without limiting the generality of the foregoing, (a) for all obligations and indebtedness arising under the Second Amended and Restated DIP Credit Facility, the Agent and the DIP Lenders and any other secured creditor granted rights under the DIP Order are each granted each and every right and remedy granted to such secured creditor under the DIP Order (the relevant provisions of the DIP Order being incorporated herein by reference) and (b) nothing herein shall adversely affect any of the rights and remedies granted to the Agent and the DIP Lenders or any other secured creditor under the DIP Order, which rights and remedies shall continue in full force and effect and shall be deemed applicable to the Second Amended and Restated DIP Credit Facility to the same extent applicable to the DIP

Facility.  Consistent with and not in any way limiting the generality of the foregoing, (a) the definitions of "DIP Credit Agreement" and "DIP Documents" contained in the DIP Order shall be deemed to include the Fourth Amendment Documents, as applicable, (b) the definition of "DIP Obligations" contained in the DIP Order shall be deemed to include all obligations and indebtedness arising under, in respect of, or in connection with the Second Amended and Restated DIP Credit Facility (including, without limitation, all "Obligations" as defined in the First Amended and Restated DIP Credit Agreement, as amended and restated by the Fourth Amendment Documents), and (c) all liens, security interests, priorities, and other rights, remedies, benefits, privileges, and protections provided in the DIP Order shall apply with equal force and effect to the amended DIP Facility and all obligations in connection therewith or related thereto.

      6.      The second sentence of Paragraph 6 of the DIP Extension Order is hereby amended in its entirety to read as follows:  "In addition, to the extent any similar replacement liens (including consensual liens) on Collateral (as defined in the DIP Order) are granted to the PBGC (the "Future PBGC Liens" and together with the Existing PBGC Liens, the "PBGC Liens"), the DIP Lenders, under the Amended and Restated DIP Credit Agreement, are deemed to consent to the granting of such liens, provided that such Future PBGC Liens shall be subject to the same limitations set forth in the DASHI Intercompany Transfer Order with respect to the priority of such Future PBGC Liens relative to the liens granted to the Agent and the DIP Lenders."

      7.      Paragraph 5(b) of the DIP Order is hereby amended in its entirety to read as follows:  "For purposes hereof, the "Carve Out" means (i) all unpaid fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee

under section 1930(a) of title 28 of the United States Code, (ii) all fees and expenses incurred by a trustee under Section 726(b) of the Bankruptcy Code, (iii) after the occurrence and during the continuance of an Event of Default (as defined in the DIP Credit Agreement), all allowed and unpaid professional fees and disbursements incurred by the Debtors and any statutory committees appointed in the Cases (each, a "Committee"), that remain unpaid subsequent to the payment, pro rata with other nonpriority administrative creditors, of such fees and expenses from available funds remaining in the Debtors' estates for such creditors, in an aggregate amount not exceeding $35,000,000, which amount may be used subject to the terms of this Order, including, without limitation, paragraph 15 hereof, and (iv) all unpaid professional fees and disbursements incurred or accrued by the Debtors and any Committees, in each case incurred or accrued at any time when no Event of Default is continuing (and promptly upon receipt of a notice of an Event of Default, the Debtors shall provide a copy of such notice to counsel for the Creditors' Committee), that remain unpaid subsequent to the payment, pro rata with other nonpriority administrative creditors, of such fees and expenses from available funds remaining in the Debtors' estates for such creditors, in an aggregate amount not exceeding the sum of (x) such unpaid professional fees and disbursements reflected on the most recent Borrowing Base Certificate (as defined in the DIP Credit Agreement) delivered to the Agent prior to any Event of Default that is then continuing and (y) such unpaid professional fees and disbursements incurred or accrued after such Borrowing Base Certificate (but at a time when no Event of Default is continuing) in an aggregate amount under this clause (y) not exceeding $5,000,000 (and with amounts included in this clause (y), to be supported by back-up documentation in respect of the amounts and dates of incurrence of such fees and

disbursements), in each of the foregoing clauses (i), (ii), (iii) and (iv), to the extent allowed by the Bankruptcy Court at any time; *provided*, *however*, that (1) to the extent the dollar limitation in this clause 5(b) on fees and disbursements is reduced by any amount as a result of the payment of fees and disbursements during the continuance of an Event of Default, and such Event of Default is subsequently cured or waived and no other Event of Default then exists, then effective as of the effectiveness of such cure or waiver, such dollar limitation shall be increased by an amount equal to the amount by which it has been so reduced, and (2) (A) nothing herein shall be construed to impair the ability of any party to object to any of the fees, expenses, reimbursement or compensation described in clauses (iii) and (iv) above, and (B) following the Termination Date (as defined in the DIP Credit Agreement), cash or other amounts on deposit in the Letter of Credit Account (as defined in the DIP Credit Agreement), shall not be subject to the Carve Out."

    8.  The Fourth Amendment Documents have been negotiated in good faith and at arm's-length between the Debtors and the Agent, and all of the Debtors' obligations under the Second Amended and Restated DIP Credit Agreement as authorized by the DIP Order and this order, including, without limitation, the obligation to pay the Fourth Amendment Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code. In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this order, the DIP Order, or any Fourth Amendment Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall effect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby. Notwithstanding any such modification, amendment, or vacation, any

claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this order, the DIP Order, and the other DIP Documents (as defined in the DIP Order), and the Agent and the DIP Lenders, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

9.   A sound business purpose exists for the Debtors to enter into the Fourth Amendment Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

10.   The Second Amended and Restated DIP Credit Facility and the provisions of this order shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

11.   The Debtors are hereby authorized, but not directed, to execute, deliver and perform their obligations under, any GM Arrangement that is permissible under the Second Amended and Restated DIP Credit Agreement.

12.   In the event of any inconsistency between the provisions of this Order and the DIP Order, the DIP Documents or any GM Arrangement, the provisions of this Order shall govern.

13.   This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this order, the Second Amended and Restated DIP Credit

(NY) 27011/094/DIP.REFI.AMEND.4/refi.amend.4.dip.order.doc

Agreement, as amended, including pursuant to the Fourth Amendment and the GM Arrangement, in all respects.

14. Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

15. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:
    New York, New York

                                                          _____
                                                           UNITED STATES BANKRUPTCY JUDGE

(NY) 27011/094/DIP.REFI.AMEND.4/refi.amend.4.dip.order.doc