SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
      In re                          :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,       :       Case No. 05–44481 (RDD)
                                        :
                     Debtors.    :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 9106 (TECHNICAL
MATERIALS INC. AND SPCP GROUP, LLC, AS AGENT FOR
SILVER POINT CAPITAL FUND, L.P. AND SILVER POINT
CAPITAL OFFSHORE FUND, LTD.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Technical Materials Inc. ("TMI"), and SPCP Group L.L.C. as agent for Silver Point Capital Fund L.P. and Silver Point Capital Offshore Fund Ltd. (collectively, "Silver Point") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 9106 and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 17, 2005, TMI submitted a demand to the Debtors asserting a reclamation claim in the amount of $156,114.54 which it subsequently modified to $144,093.53 (the "Reclamation Demand").

WHEREAS, on July 7, 2006, TMI filed proof of claim number 9106 against DAS LLC, asserting an unsecured non-priority claim in the amount of $407,748.06 (the "Claim") arising from the sale of goods to DAS LLC.

WHEREAS, on July 19, 2006, the Debtors and TMI entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and TMI acknowledge and agree that the valid amount of the Reclamation Demand is $149,208.16[1] (the "Reclamation Claim"), subject to the Debtors' right to seek, at any

---

[1] This amount is the total amount of the reconciled reclamation claims associated with proof of claim numbers
*(cont'd)*

2

time and notwithstanding TMI's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on March 19, 2007, TMI assigned its interest in the Claim to Silver Point pursuant to a Notice of Transfer (Docket No. 7337).

WHEREAS, on March 16, 2007, the Debtors objected to the Claim pursuant to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7825) (the "Eleventh Omnibus Claims Objection").

WHEREAS, on April 2, 2007, Silver Point assigned part of its interest in the Claim to 3V Capital Master Fund Ltd. ("3V Capital") pursuant to a Notice of Transfer (Docket No. 7549).

WHEREAS, on April 12, 2007, TMI filed its Response Of Technical Materials, Inc. To Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7647) (the "Response").

WHEREAS, on July 30, 2007, 3V Capital assigned its interest in the Claim to Silver Point pursuant to a Notice of Transfer (Docket No. 8771).

WHEREAS, on October 2, 2007, the Second Amended And Restated Final Order

---

*(cont'd from previous page)*
9105, 9106 and 9107. With respect to this Claim, the amount of the reconciled Reclamation Claim is $113,099.98.

Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For Treatment Of Reclamation Claims ("Second Amended And Restated Final Reclamation Order") (Docket No. 10409) was entered. In accordance with the Second Amended And Restated Final Reclamation Order, TMI submitted its reclamation notice electing that its Reclamation Claim be treated, to the extent allowed and for purposes of distribution, as a general unsecured claim, including postpetition interest as set forth more fully in the Debtors' plan of reorganization. By making this election, TMI waived its rights to seek administrative priority for its Reclamation Claim.

WHEREAS, on April 7, 2008, to resolve the Eleventh Omnibus Claims Objection with respect to the Claim, DAS LLC and TMI entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $190,345.06.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and TMI stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $190,345.06 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. TMI agrees that its Response to the Eleventh Omnibus Claims Objection

4

shall be withdrawn with prejudice.

        3.    The Settlement Agreement does not impact, alter or affect any other proofs of claim that Claimants have filed or own against the Debtors and relates solely to those matters arising out of or related to the Claim.

So Ordered in New York, New York, this 18th day of April, 2008

                /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

/s/ Jean R. Robertson
Jean R. Robertson
CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688

Attorneys for Technical Materials Inc.

/s/ Anthony B. Stumbo
Paul Traub (PT 3752)
Maura I. Russell (MR 1178)
Anthony B. Stumbo (AS 9374)
DREIER LLP
499 Park Ave., 14th Floor
New York, New York 10022
(212) 328-6100

Attorneys for SPCP Group L.L.C. as agent for
  Silver Point Capital Fund L.P. and Silver Point
  Capital Offshore Fund Ltd.