CALINOFF & KATZ, LLP
Dorothy H. De Marinis-Riggio (DR 3273)
140 East 45th Street
17th Floor
New York, NY 10017
(212) 826-8800
(212) 644-5123 (fax)
    --and--
MILES & STOCKBRIDGE P.C.
Thomas D. Renda
Patricia A. Borenstein
10 Light Street
Baltimore, Maryland 21202
(410) 385-3406
(410) 385-3700 (fax)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------x<br>In re:                                 :<br>                                       :<br>                                       :<br>DELPHI CORPORATION, et al.,    :<br>                                       :<br>                                       :<br>      Debtors.                     :<br>-------------------------------------------------x | Hearing Date and Time: 4/30/08 at 10:00 a.m.<br>Objection Deadline: 4/23/2008 at 4:00 p.m.<br><br><br><br>**Chapter 11**<br>**Case No.: 05-44481 (RDD)**<br>**(Jointly Administered)** |

**RESPONSE OF EMHART TEKNOLOGIES, INC. TO THE
DEBTORS' TWENTY-NINTH OMNIBUS CLAIMS OBJECTION**

      Emhart Teknologies, Inc. ("Emhart"), by its undersigned attorneys, Miles & Stockbridge P.C. and Calinoff & Katz, LLP, hereby files this response to the *Debtors' Twenty-Ninth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Disallow and Expunge Claims Due to Cure Payments and, (B) Modify General Unsecured Claims by Amount of Cure Payments* filed on March 27, 2008 (the "Twenty-Ninth Objection"). In support hereof, Emhart states as follows:

1. On May 23, 2006, Emhart filed a timely proof of claim in the Debtors' bankruptcy case asserting an unsecured, non-priority claim in the amount of $293,357.43 (the "Claim").[1] The Claim is based upon products supplied by Emhart to the Debtors between June 2004 and October 2005. Emhart attached an accounts receivable statement to the Claim, which included purchase order reference numbers, invoice numbers, invoice dates and amounts due.

2. The Debtors have objected to the Claim as a "Claim Subject to Prior Orders and to Modification Due to Cure Payment." *See* Schedule B-2 to the Twenty-Ninth Objection. According to the Twenty-Ninth Objection, this means that the Claim has already been modified pursuant to a prior omnibus claims objection order, and that Emhart has received cure payments on account of the Claim. Thus, the Debtors are attempting to modify the Claim from $293,357.43 to $178,474.16. However, the only cure payments that Emhart has received on behalf of the claim total $9,870.92, far less than the reduction proposed by the Debtors.

3. Although no specific information is provided in the Twenty-Ninth Objection regarding any prior omnibus claims objection orders that modified the Claim, it appears the Debtors may be referring to the Order granting the Debtors' Nineteenth Omnibus Claims Objection [Docket No. 9225].

4. In the Nineteenth Omnibus Claims Objection [Docket No. 8617], the Debtors requested modification of, among others, a class of claims "some of which are subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses, and others of which are held by Claimants who are deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand, subject to certain reserved defenses." The Nineteenth Omnibus Claims Objection purported to include Emhart's Claim in that class of claims.

---

[1] The Claim is listed as Claim No. 6670 in the Debtor's bankruptcy case.

5. Despite the Debtors' assertions in the Nineteenth Omnibus Claims Objection, Emhart has never entered into a letter agreement regarding the amount of its reclamation demand, nor has Emhart taken any action whereby it would be deemed to have consented to the Debtors' determination of its reclamation claim amount. Nor did the Debtors offer proof of any such agreement or deemed consent in its Nineteenth Omnibus Claims Objection.

6. Although the Order granting the Nineteenth Omnibus Claims Objection was entered on September 4, 2007, Emhart and its counsel were unaware that the Debtors had asserted the existence of a letter agreement or deemed consent reducing the amount of the Claim, until they investigated the grounds underlying the Twenty-Ninth Objection. Furthermore, given that Emhart disputes the existence of the Debtors' basis for modifying the Claim, and that the Debtors did not serve Emhart's counsel with any exhibits to the Nineteenth Omnibus Claims Objection that would have identified Emhart's claim, Emhart believes there are valid grounds for modifying the Order granting the Debtors' Nineteenth Omnibus Claims Objection, pursuant to Fed. R. Bankr. P. 9024.

6. The Claim and the exhibits thereto establish *prima facie* evidence of the validity and amount of the Claim pursuant to Fed. R. Bankr. P. 3001(f).

7. "A party in interest may overcome the presumptive validity of a proof of claim by 'negating the *prima facie* validity of the filed claim...the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency...'" *In re King*, 305 B.R. 152, 164 -165 (Bankr. S.D.N.Y. 2004) (*quoting In re Allegheny Int'l, Inc.,* 954 F.2d 176, 173-174 (3rd Cir. 1992)). In this case, the Debtor has failed to produce any evidence whatsoever to rebut the Claim. Accordingly, the Claim must be allowed in the amount submitted. *See id.*

8.    The Debtors have not objected to the Claim on the basis of insufficient documentation. Thus, in accordance with the *Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing Objections to Claims* entered by the Court on December 7, 2006 ("Claims Objections Procedures Order"), Emhart believes that the documentation attached to the Claim is sufficient to establish its *prima facie* right to payment and further documentation is not necessary at this time.

9.    The addresses to which the Debtors must return any reply to this Response are as follows:

> Patricia A. Borenstein, Esquire
> Miles & Stockbridge P.C
> 10 Light Street
> Baltimore, Maryland 21202
>
> and
>
> Ryan Masterson, Credit Supervisor
> Emhart Teknologies, Inc.
> 49201 Gratiot Avenue
> Chesterfield, Michigan 48051

WHEREFORE, Emhart Teknologies, Inc. respectfully requests that this Court enter an Order (i) overruling the Twenty-Ninth Objection and allowing the Claim in the stated amount of $293,357.43, or (ii) continuing the hearing on the Twenty-Ninth Objection with respect to the Claim pursuant to the Claims Objections Procedures Order and the Notice of Objection to Claim, and (iii) provide such other and further relief that the Court deems just and necessary.

Date:   New York, New York
      April 23, 2008                  Respectfully Submitted,

                                      CALINOFF & KATZ, LLP
                                      By: /s/ Dorothy H. De Marinis-Riggio
                                      Dorothy H. De Marinis-Riggio (DR 3273)
                                      140 East 45th Street
                                      17th  Floor
                                      New York, NY 10017
                                      (212) 826-8800
                                      (212) 644-5123 (fax)

                                      --and—

                                      MILES & STOCKBRIDGE P.C.
                                      Thomas D. Renda
                                      Patricia A. Borenstein
                                      10 Light Street
                                      Baltimore, Maryland 21202
                                      (410) 385-3406
                                      (410) 385-3700 (fax)

                                      *Attorneys for Emhart Teknologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 22nd day of April, 2008, a copy of the foregoing Response of Emhart Teknologies, Inc. to the Debtors' Twenty-Ninth Omnibus Claims Objection was sent to the following, as indicated below:

> The Chambers of the Honorable Robert D. Drain
> United States Bankruptcy Judge
> United States Bankruptcy Court for the Southern District of New York
> One Bowling Green, Room 632
> New York, New York 10004
> *(via federal express, overnight delivery)*

> Delphi Corporation *(the Debtor)*
> 5725 Delphi Drive
> Troy, Michigan 48098
> Att'n: General Counsel
> *(via federal express, overnight delivery)*

> Skadden, Arps, Slate, Meagher & Flom LLP *(Counsel to the Debtors)*
> 333 West Wacker Drive
> Suite 2100
> Chicago, Illinois 60606
> Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
> *(via federal express, overnight delivery)*

/s/ Patricia A. Borenstein_____
Patricia A. Borenstein