# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
               Debtors.                :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CURE PROPOSAL

[Claimant Name]:

      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more cure proposals in the Debtors' reorganization cases. Based upon the Debtors' review of your cure proposal, the Debtors have determined that one or more of your "Cure Proposals," as such term is defined in the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "Omnibus Cure Objection"), identified in the table below should be disallowed, modified, or provisionally allowed as summarized in that table and described in more detail in the Debtors' Omnibus Cure Objection, dated April 24, 2008, a copy of which is enclosed (with exhibits). The Debtors' Omnibus Cure Objection is set for hearing on May 29, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED OMNIBUS CURE OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CURE PROPOSAL(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 22, 2008. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Omnibus Cure Objection identifies five different categories of objections. The category of objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

      The Cure Proposal identified as having a Basis For Objection of "Non- Article 8 Cure Proposal" us not contemplate under Article 8 of the Plan.

      The Cure Proposal identified as having a Basis For Objection of "Untimely Cure Proposal" is a Cure Proposal that was not timely filed on or before March 10, 2008, the Cure Proposal Bar Date, as defined in the Plan.

The Cure Proposal identified as having a Basis For Objection of "Improper Third Party" is a Cure Proposal that asserts a liability or dollar amount that the Debtors have determined is not owing because it was submitted by an improper third party, without satisfying the evidentiary requirements to reflect the underlying counterparty's authorization for such a submission.

The Cure Proposals identified as having a Basis For Objection of "Books And Records Cure Proposal" are Cure Proposals that assert liabilities or dollar amounts that the Debtors have determined are not consistent with, or owing as cure payments pursuant to, the Debtors' books and records, and the Debtors seek to modify the Books And Records Cure Proposals and provisionally allow the Books And Records Cure Proposals in the respective Reconciled Cure Amounts, provided that (a) each such Cure Proposal shall be satisfied by and subject to the terms of a consummated plan of reorganization, and (b) each such Cure Proposal shall be subject to expiration of the underlying executory contract or unexpired lease or subject to further modification on account of any increases or decreases to the proposed cure amount as a result of acts or omissions following entry the order granting the relief requested in the Omnibus Cure Objection.

The Cure Proposals identified as being "Provisionally Allowed Cure Proposals" are Cure Proposals that shall be provisionally allowed, provided that (a) each such Cure Proposal shall be satisfied by and subject to the terms of a consummated plan of reorganization, and (b) each such Cure Proposal shall be subject to expiration of the underlying executory contract or unexpired lease or subject to further modification on account of any increases or decreases to the proposed cure amount as a result of acts or omissions following entry the order granting the relief requested in the Omnibus Cure Objection.

| Docket Number | Asserted Cure Amount | Basis For Objection | Modified Amount/ Treatment Sought |
|---|---|---|---|
|  |  |  |  |

If you wish to view the Omnibus Cure Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Omnibus Cure Objection to your Cure Proposal, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron Meisler, and Carl Tullson).  PARTIES SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CURE PROPOSAL.

THE PROCEDURES SET FORTH IN THE OMNIBUS CURE OBJECTION AND THE SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 102(1) AND 105 AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES, ENTERED MARCH 20, 2006 (THE "SUPPLEMENTAL CASE MANAGEMENT ORDER"), APPLY TO YOUR CURE PROPOSALS THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE SUPPLEMENTAL CASE MANAGEMENT ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER AND THE OMNIBUS CURE OBJECTION BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER AND THE OMNIBUS CURE OBJECTION.

If you disagree with the Omnibus Cure Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on May 22, 2008. Your Response, if any, to the Omnibus Cure Objection would be required to (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Carl Tullson), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard) in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on May 22, 2008.

Your Response, if any, must also contain at a minimum the following: (i) the title of the omnibus cure objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Cure Proposal, (iii) a concise statement setting forth the reasons why the Omnibus Cure Objection should not be sustained, including, but not limited to, the specific factual and legal bases upon which the Counterparty would rely in opposing the Omnibus Cure Objection, (iv) documentation sufficient to establish a prima facie case to support the Counterparty's asserted Cure Proposal; provided, however, that the Counterparty need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Counterparty must disclose to the Debtors all information and provide copies of all documents that the Counterparty believes to be confidential, proprietary, or otherwise protected and upon which the Counterparty intends to rely in support of its position, subject to appropriate confidentiality constraints, and (v) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Cure Proposal.

3

      If a Response is properly and timely filed and served in accordance with the foregoing procedures, then such contested matter would be adjourned.  Thereafter, the Debtors will negotiate in good faith to reach a consensual resolution of the disputed Cure Proposal.  If no consensual resolution is reached, then the Debtors will notice the disputed Cure Proposal for a hearing pursuant to the Supplemental Case Management Order and schedule the matter for hearing at the next regularly scheduled hearing that is at least twenty days following service of the foregoing notice.  The proponent of such disputed Cure Proposals would be entitled to file a supplemental response by 4:00 p.m. (prevailing Eastern time) at least seven calendar days prior to such hearing and the Debtors (or the Reorganized Debtors) would be entitled to file a reply no later than 4:00 p.m. (prevailing Eastern time) on the business day prior to such hearing.  To the extent that an evidentiary hearing is necessary to resolve the disputed Cure Proposals, the procedures for such evidentiary hearings would be governed by the Supplemental Case Management Order, including any amendments or supplements thereto, and the established practices of this Court in these cases.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Supplemental Case Management Order.  IF NO RESPONSES TO THE OMNIBUS CURE OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE SOLICITATION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE OMNIBUS CURE OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER.  Thus, your failure to respond may forever bar you from sustaining a Cure Proposal against the Debtors.

      [Claimant Name]
      [Address 1]
      [Address 2] [Address 3]
      [City], [State] [Zip]
      [Country]

Dated:  New York, New York
       April 24, 2008