UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :
    In re                                :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                  Debtors.   :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR.
P. 3007 ~~(I)~~ DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS~~, (B) BOOKS AND RECORDS CLAIM, (C) UNTIMELY BOOKS AND
RECORDS CLAIM, AND (D) UNTIMELY CLAIM AND (II) MODIFYING (A) CLAIMS
SUBJECT TO MODIFICATION AND (B)
MODIFIED CLAIM ASSERTING RECLAMATION~~ AND (B) UNTIMELY CLAIM
IDENTIFIED IN
TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION

("TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation, dated March 27, 2008 (the "Twenty-Eighth Omnibus Claims Objection")[1] (Docket No. 12686), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Eighth Omnibus Claims Objection.

Twenty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, ~~B-1, B-2, C, D-1,~~ and ~~D-2~~B hereto was properly and timely served with a copy of the Twenty-Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Eighth Omnibus Claims Objection. No other or further notice of the Twenty-Eighth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Twenty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Twenty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Twenty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2   DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.

C. The Claims listed on <u>Exhibit A</u> hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

D. The Claim listed on <u>Exhibit B</u> ~~1 contains a liability or dollar amount that is not reflected on the Debtors' books and records (the "Untimely Books And Records Claim")~~.

~~E. The Claim listed on Exhibit B-2 contains a liability or dollar amount that is not reflected on the Debtors' books and records and was also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claim").~~

~~F. The Claim listed on Exhibit C~~ hereto was untimely filed pursuant to the Bar Date Order (the "Untimely Claim").

~~G. The Claims listed on Exhibit D-1 hereto state the incorrect amount or are overstated (the "Claims Subject To Modification").~~

~~H. The Claim listed on Exhibit D-2 hereto (a) (i) states the incorrect amount and is overstated and (ii) states the incorrect classification and (b) asserts a reclamation demand and the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand (with respect to (b), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claim Asserting Reclamation").~~

---

3    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.

E.    ~~I.~~ The relief requested in the Twenty-Eighth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety. Those Claims identified on Exhibit A hereto as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

~~2.    The Books And Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.~~

~~3.    The Untimely Books And Records Claim listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.~~

2.    ~~4.~~ ~~The Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.~~ The Untimely Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

~~5.    Each "Claim As Docketed" amount listed on Exhibit D-1 hereto is hereby revised to reflect the amount listed as the "Claim As Modified." No Claimant listed on Exhibit D-1 hereto shall be entitled to recover for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to further object to each such Claim Subject to Modification. The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.~~

4    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.

6. The "Claim As Docketed" amount and classification listed on Exhibit D-2 hereto is hereby revised to reflect the amount and classification listed as the "Claim As Modified." The Claimant listed on Exhibit D-2 shall not be entitled to (a) recover for the Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit D-2 hereto, subject to the Debtors' right to further object to such Modified Claim Asserting Reclamation. The Modified Claim Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

3. 7. For clarity, Exhibit ED hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits D-1 and D-2 C-3 and C-4 and Exhibit E sets forth each of the Claims referenced on Exhibits A, B, C-1, C-2, C-3, and C-4 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

4. The hearing regarding the objection to the Claim listed on Exhibits C-1, C-2, C-3, and C-4 hereto, for which a Response to the Twenty-Eighth Omnibus Claims Objection has been filed or received by the Debtors and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

5. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Eighth Omnibus Claims Objection.

5    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.

6.    8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

7.    9. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.    10. Each of the objections by the Debtors to each Claim addressed in the Twenty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, B C-2, C, D-1, 3, and DC-24 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.    11. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

6    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7.  Performed on 4/29/2008.

10.    ~~12.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Eighth Omnibus Claims Objection.

Dated: New York, New York
April ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

---

7    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.

Document comparison done by DeltaView on Tuesday, April 29, 2008 3:22:42 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/594432/5 |
| Document 2 | pcdocs://chisr01a/594432/7 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 16 |
| Deletions | 28 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 44 |

8      DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7. Performed on 4/29/2008.