**Hearing Date: April 30, 2008**
                                   **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                     Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-NINTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A)
DISALLOW AND EXPUNGE CLAIMS DUE TO CURE PAYMENTS AND (B) MODIFY
<u>GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-NINTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 13270) (the "Twenty-Ninth Omnibus Claims Objection"), and respectfully represent as follows:

1. The Debtors filed the Twenty-Ninth Omnibus Claims Objection on March 27, 2008, seeking entry of an order (a) disallowing and expunging (i) a "Claim," as that term is defined in 11 U.S.C. § 101(5), because it asserts a liability or dollar amount that is not owed by the Debtors as the result of cure payments that the Debtors have made on account of assumptions, pursuant to section 365 of the Bankruptcy Code, of certain executory contracts or unexpired leases (each, a "Contract Assumption") and (ii) certain Claims that have been modified pursuant to prior orders because they assert liabilities or dollar amounts that are not owed by the Debtors as the result of cure payments that the Debtors have made on account of a Contract Assumption and (b) revising (i) the asserted amount with respect to certain Claims, due to cure payments that the Debtors have made on account of a Contract Assumption, and (ii) the asserted amount with respect to certain Claims that have been modified pursuant to prior orders due to cure payments that the Debtors have made on account of a Contract Assumption.

2. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Ninth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Ninth Omnibus Claims Objection.

2

objection and the basis for such objection. Responses to the Twenty-Ninth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on April 23, 2008.

3.   As of April 28, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received two timely-filed formal docketed responses (collectively, the "Responses") to the Twenty-Ninth Omnibus Claims Objection. In the aggregate, the Responses cover two claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the two Claims for which a Response was filed.

4.   Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims entered on December 6, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the hearing with respect to each of the two Claims for which a Response was filed will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

5.   Attached hereto as <u>Exhibit B</u> is the revised proposed order in respect of the Twenty-Ninth Omnibus Claims Objection (the "Revised Proposed Order"),[2] which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed. Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

6.   In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-

---

[2]   Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Ninth Omnibus Claims Objection.

3

Ninth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

    7.  Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Proposed Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
April 29, 2008

                SKADDEN, ARPS, SLATE, MEAGHER
                    & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 4951)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession