UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

    In re                                  :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,       :        Case No. 05-44481 (RDD)
                                         :
                    Debtors.   :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(A) DISALLOWING AND EXPUNGING CLAIMS DUE TO CURE PAYMENTS AND (B)
MODIFYING GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS
<u>IDENTIFIED IN TWENTY-NINTH OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-NINTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments, dated March 27, 2008 (the "Twenty-Ninth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Ninth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Ninth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A-1, A-2, B-1, and B-2 hereto was properly and timely served with a copy of the Twenty-Ninth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Ninth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Ninth Omnibus Claims Objection.  No other or further notice of the Twenty-Ninth Omnibus Claims Objection is necessary.

      B.      This Court has jurisdiction over the Twenty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Ninth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Ninth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Claim listed on Exhibit A-1 hereto was fully satisfied by Cure Payments (the "Exhibit A-1 Claim").

      D.      The Claims listed on Exhibit A-2 hereto were modified pursuant to prior orders and were fully satisfied by Cure Payments (the "Exhibit A-2 Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

   E. The Claims listed on Exhibit B-1 hereto were satisfied in part by Cure Payments (the "Exhibit B-1 Claims").

   F. The Claims listed on Exhibit B-2 hereto were modified pursuant to prior orders and were satisfied in part by Cure Payments (the "Exhibit B-2 Claims").

   G. The relief requested in the Twenty-Ninth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. The Exhibit A-1 Claim is hereby disallowed and expunged in its entirety.

   2. Each Exhibit A-2 Claim is hereby disallowed and expunged in its entirety.

   3. Each "Claim As Docketed" amount listed on Exhibit B-1 hereto shall be revised to reflect the amount listed as the "Claim As Modified." No Claimant listed on Exhibit B-1 hereto shall be entitled to recover an amount exceeding the dollar value listed as the "Modified Total" column, subject to the Debtors' right to further object to each such Exhibit B-1 Claim. The Exhibit B-1 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

   4. Each "Claim As Docketed" amount listed on Exhibit B-2 hereto shall be revised to reflect the amount listed as the "Claim As Modified." No Claimant listed on Exhibit B-2 hereto shall be entitled to recover an amount exceeding the dollar value listed as the "Modified Total" column, subject to the Debtors' right to further object to each such Exhibit B-2 Claim. The Exhibit B-2 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

5. For clarity, Exhibit D hereto displays the formal name of each of the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits A-1, A-2, B-1, B-2, and C. Exhibit E hereto sets forth each of the Claims referenced on Exhibits A-1, A-2, B-1, B-2, and C in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

6. The hearing regarding the objection to the Claims listed on Exhibit C hereto, for which a Response to the Twenty-Ninth Omnibus Claims Objection has been filed and served and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

7. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Ninth Omnibus Claims Objection.

8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

9. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Ninth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10. Each of the objections by the Debtors to each Claim addressed in the Twenty-Ninth Omnibus Claims Objection and attached hereto as Exhibits A-1, A-2, B-1, B-2, and C constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Ninth Omnibus Claims Objection. Any stay of this order shall apply only to the

4

contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        11.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

        12.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Twenty-Ninth Omnibus Claims Objection.

Dated: New York, New York
       April 30, 2008

                                    _____/s/ Robert D. Drain_____
                                    UNITED STATES BANKRUPTCY JUDGE