IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Elizabeth Adam, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On April 29, 2008, I caused to be served the document listed below upon the parties listed on Exhibit A hereto via overnight mail:

1) Debtors' Omnibus Reply In Support Of Twenty-Eight Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation ("Debtors' Omnibus Reply In Support Of Twenty-Eighth Omnibus Claims Objection") (Docket No. 13476) [a copy of which is attached hereto as Exhibit B]

On April 29, 2008, I caused to be served the document listed below upon the parties listed on Exhibit C hereto via overnight mail:

2) Debtors' Omnibus Reply In Support Of Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallowing And Expunge Claims By Amount Of Cure Payments ("Debtors; Omnibus Reply In Support Of Twenty-Ninth Omnibus Claims Objection") (Docket No. 13477) [a copy of which is attached hereto as Exhibit D]

Dated: May 1, 2008

_/s/ Elizabeth Adam_
Elizabeth Adam

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 1st day of May, 2008, by
Elizabeth Adam, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: _/s/ L. Maree Sanders_

Commission Expires: _10/1/09_

# EXHIBIT A

Delphi Corporation
Response Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|------------------|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/30/2008 9:34 AM
Response Service List 070530 Overnight

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Phone |
|---|---|---|---|---|---|---|---|
| Dennis Stejakowski & Liss & Shapero | Robert F Liss | Liss & Shapero | 2695 Coolidge Hwy | Berkley | MI | 48072 | |
| Locke Lord Bissell & Liddell LLP | Kevin J Walsh | Attorneys for Methode Electronics Inc | 885 Third Ave 26th Fl | New York | NY | 10022-4802 | 212-947-4700 |
| Locke Lord Bissell & Liddell LLP | Timothty S McFadden | Attorneys for Methode Electronics Inc | 111 S Wacker Dr | Chicago | IL | 60606 | 312-443-0370 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/30/2008 9:34 AM
Twenty Eighth Omnibus Objection Special Parties

# EXHIBIT B

**Hearing Date: April 30, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :
In re                    :      Chapter 11
                    :
DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
                    :
           Debtors.   :      (Jointly Administered)
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-EIGHTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A)
DUPLICATE OR AMENDED CLAIMS, (B) BOOKS AND RECORDS CLAIM, (C)
UNTIMELY BOOKS AND RECORDS CLAIM, (D) UNTIMELY CLAIM, AND (E) CLAIMS
SUBJECT TO MODIFICATION AND MODIFIED CLAIM ASSERTING RECLAMATION

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-EIGHTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 13269) (the "Twenty-Eighth Omnibus Claims Objection"), and respectfully represent as follows:

1.    The Debtors filed the Twenty-Eighth Omnibus Claims Objection on March 27, 2008, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because they (i) were duplicative of other Claims or have been amended or superseded by later-filed Claims, (ii) assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (iii) assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, and (iv) were untimely filed pursuant to the Bar Date Order and (b) revising the (i) amount with respect to certain Claims and (ii) amount and classification with respect to a Claim which is subject to a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of such Claimant's reclamation demand, subject to certain reserved defenses.

2.    The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Eighth Omnibus Claims Objection a personalized Notice Of

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Eighth Omnibus Claims Objection.

2

Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Twenty-Eighth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on April 23, 2008.

3.      As of April 28, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received one timely-filed formal docketed response and one undocketed response (collectively, the "Responses") to the Twenty-Eighth Omnibus Claims Objection.  In the aggregate, the Responses cover five Claims.  Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the five Claims for which a Response was filed. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the five Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4.      Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[2] which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed or received by the Debtors.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

---

[2]      Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Eighth Omnibus Claims Objection.

5.        In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested with the Twenty-Eighth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

6.        Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the

Revised Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed

or received by the Debtors pursuant to the Claims Objection Procedures Order, and (c) grant the

Debtors such other and further relief as is just.


Dated: New York, New York
     April 29, 2008

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP


                    By: /s/ John Wm. Butler, Jr
                        John Wm. Butler, Jr. (JB 4711)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700


                            - and -


                    By: /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York  10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession

**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To Debtors' Twenty-Eighth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Methode Electronics, Inc. (Docket No. 13444) | a) 16194 | a) Methode Electronics, Inc. ("Methode") requests that the Court adjourn the hearing on the Debtors' Twenty-Eighth Omnibus Claims Objection (the "Objection") (Docket No. 13269) with respect to proof of claim no. 16194, which the Debtors seek to disallow as an untimely books and records claim. | a) Untimely books and records claims | Adjourn |
| | | b) 4575, 4577 | b) Methode also requests that the Court adjourn the hearing on the Debtors' Objection with respect to proofs of claim nos. 4575 and 4577.  The Debtors seek to reduce proof of claim no. 4575 from $406,570.92 to $397,816.85 and proof of claim no. 4577 from $58,674.29 to $55,427.49. | b) Claims subject to modification | |
| | | c) 4576 | c) Methode further requests that the Court adjourn the hearing on the Debtors' Objection with respect to proof of claim no. 4576.  The Debtors seek to reduce and reclassify proof of claim no. 4576 from an unsecured claim in the amount of $149,937.86 to $143,391.45 (of which $3,268.34 would be a priority reclamation claim subject to certain reserved | c) Modified claims asserting reclamation | |

[1]    This chart reflects all responses entered on the docket as of Tuesday, April 29, 2008 at 4:00 p.m. (prevailing Eastern time).

[2]    This chart reflects all resolutions or proposals as of Tuesday, April 29, 2008 at 4:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | defenses and $140,123.11 would be an unsecured claim). | | |
| 2. | Dennis Stejakowski and Liss & Shapero (Undocketed) | 1144 | Dennis Stejakowski, through his counsel Liss & Shapero, disagrees with the Debtors' Objection to disallow and expunge proof of claim no. 1144. The Debtors and Mr. Stejakowski and Liss & Shapero have reached a settlement in principle setting a maximum allowed amount for proof of claim no. 1144. | Books and records claim | Adjourn |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                              :        Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :        Case No. 05-44481 (RDD)
                                        :
              Debtors.            :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR.
P. 3007 DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS AND (B) UNTIMELY CLAIM IDENTIFIED IN
TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION

("TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records

Claim, (C) Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject

To Modification And Modified Claim Asserting Reclamation, dated March 27, 2008 (the

"Twenty-Eighth Omnibus Claims Objection")[1] (Docket No. 12686), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on

the Twenty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A and B hereto was properly and timely served with a

copy of the Twenty-Eighth Omnibus Claims Objection, a personalized Notice Of Objection To

Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007,

7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To

Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No.

6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-

Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-

Eighth Omnibus Claims Objection.  No other or further notice of the Twenty-Eighth Omnibus

Claims Objection is necessary.

B.      This Court has jurisdiction over the Twenty-Eighth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Eighth Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the

Twenty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and

1409.

C.      The Claims listed on Exhibit A hereto under the column heading "Claim

To Be Expunged" are either duplicates of other Claims filed with this Court or have been

amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

D.      The Claim listed on Exhibit B hereto was untimely filed pursuant to the

Bar Date Order (the "Untimely Claim").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
       of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.      The relief requested in the Twenty-Eighth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.  Those Claims identified on Exhibit A hereto as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2.      The Untimely Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

3.      For clarity, Exhibit D hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits C-3 and C-4 and Exhibit E sets forth each of the Claims referenced on Exhibits A, B, C-1, C-2, C-3, and C-4 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

4.      The hearing regarding the objection to the Claim listed on Exhibits C-1, C-2, C-3, and C-4 hereto, for which a Response to the Twenty-Eighth Omnibus Claims Objection has been filed or received by the Debtors and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

5.      Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Eighth Omnibus Claims Objection.

6.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

7.      This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.      Each of the objections by the Debtors to each Claim addressed in the Twenty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, C-2, C-3, and C-4 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.      Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

4

10.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Eighth Omnibus

Claims Objection.

Dated: New York, New York
        April ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

In re Delphi Corporation, et al.                                                                                    Twenty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT A - DUPLICATE OR AMENDED CLAIMS**

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|

| | |
|---|---|
| Claim Number: 3425     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 05/01/2006<br>Creditor's Name and Address:<br><br>CHARLES A COTTEN<br>9281 PROMONTORY CIRCLE<br>INDIANAPOLIS, IN 46236<br><br>Secured:<br>Priority: $6,822.24<br>Administrative:<br>Unsecured:<br><br>Total: $6,822.24 | Claim Number: 16769     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 01/07/2008<br>Creditor's Name and Address:<br><br>CHARLES A COTTEN<br>9281 PROMONTORY CIR<br>INDIANAPOLIS, IN 46236<br><br>Secured:<br>Priority:<br>Administrative:<br>Unsecured: $1,897,936.00<br><br>Total: $1,897,936.00 |
| Claim Number: 12152     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 07/28/2006<br>Creditor's Name and Address:<br><br>JACKSON JERRY F<br>7418 CAMPFIRE RUN<br>INDIANAPOLIS, IN 46236-9260<br><br>Secured:<br>Priority:<br>Administrative:<br>Unsecured: $179,695.45<br><br>Total: $179,695.45 | Claim Number: 16798     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 02/01/2008<br>Creditor's Name and Address:<br><br>JACKSON JERRY F<br>JERRY F JACKSON<br>7418 CAMPFIRE RUN<br>INDIANAPOLIS, IN 46236-9260<br><br>Secured:<br>Priority:<br>Administrative:<br>Unsecured: $1,672,405.95<br><br>Total: $1,672,405.95 |
| Claim Number: 16773     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 01/09/2008<br>Creditor's Name and Address:<br><br>RONALD R MALANGA<br>1567 WOODHILL DR NE<br>WARREN, OH 44484<br><br>Secured:<br>Priority:<br>Administrative:<br>Unsecured: $773,764.00<br><br>Total: $773,764.00 | Claim Number: 16779     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 01/10/2008<br>Creditor's Name and Address:<br><br>RONALD R MALANGA<br>1567 WOODHILL DR NE<br>WARREN, OH 44484<br><br>Secured:<br>Priority:<br>Administrative:<br>Unsecured: $773,764.00<br><br>Total: $773,764.00 |

Total Claims To Be Expunged: 3
Total Asserted Amount To Be Expunged: $960,281.69

**In re Delphi Corporation, et al.**                    Twenty-Eighth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT B - UNTIMELY CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| PIONEER SPEAKERS INC C/O MAX J NEWMAN BUTZEL LONG PC STONERIDGE WEST 41000 WOODWARD AVE BLOOMFIELD HILLS, MI 48304 | 16802 | Secured: Priority: Administrative: Unsecured: Total: | $153,750.00 $153,750.00 | 02/11/2008 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

|  | **Total:** | **1** | **$153,750.00** |
|---|---|---|---|

**In re Delphi Corporation, et al.**
Twenty-Eighth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT C-1 - ADJOURNED BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| LISS & SHAPERO<br>DENNIS STEJAKOWSKI & LISS & SHAPERO<br>2695 COOLIDGE HWY<br>BERKLEY, MI 48072 | 1144 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$1,000,000.00<br>$1,000,000.00 | 12/13/2005 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **$1,000,000.00** | | |

**In re Delphi Corporation, et al.**                          Twenty-Eighth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT C-2 - ADJOURNED UNTIMELY BOOKS AND RECORDS CLAIM

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| METHODE ELECTRONICS INC C/O TIMOTHY S MCFADDEN ESQ LORD BISSELL & BROOK LLP 111 S WACKER DR CHICAGO, IL 60606 | 16194 | Secured: Priority: Administrative: Unsecured: Total: | $2,939,137.00 $2,939,137.00 | 08/14/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Total: | 1 | $2,939,137.00 | | | |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)                                                Twenty-Eighth Omnibus Claims Objection

## EXHIBIT C-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 4577**
Date Filed: 05/03/2006
Docketed Total: $ 58,674.29
Filing Creditor Name and Address:
    CONNECTOR PRODUCTS
    DIVISION A DIVISION OF
    METHODE ELECTRONICS INC
    C O TIMOTHY S MCFADDEN ESQ
    LORD BISSELL & BROOK LLP
    111 S WACKER DR
    CHICAGO, IL 60606

Claim Holder Name and Address
BLUE ANGEL CLAIMS LLC        Docketed Total:    **$58,674.29**
C O DAVIDSON KEMPER CAPITAL
MANAGEMENT LLC
65 E 55TH ST 19TH FL
NEW YORK, NY 10022

Modified Total:    **$55,427.49**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $58,674.29 |
| | | | **$58,674.29** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $55,427.49 |
| | | | **$55,427.49** |

**Claim: 4575**
Date Filed: 05/03/2006
Docketed Total: $ 406,570.92
Filing Creditor Name and Address:
    METHODE ELECTRONICS MALTA
    LTD A WHOLLY OWNED
    SUBSIDIARY OF METHODE
    ELECTRONICS INC FKA MERIT
    MALTA METHODE LTD
    C O TIMOTHY S MCFADDEN ESQ
    LORD BISSELL & BROOK LLP
    111 S WACKER DR
    CHICAGO, IL 60606

Claim Holder Name and Address
BLUE ANGEL CLAIMS LLC        Docketed Total:    **$406,570.92**
C O DAVIDSON KEMPER CAPITAL
MANAGEMENT LLC
65 E 55TH ST 19TH FL
NEW YORK, NY 10022

Modified Total:    **$397,816.85**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $406,570.92 |
| | | | **$406,570.92** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $397,816.85 |
| | | | **$397,816.85** |

**Total Claims To Be Modified: 2**

**Total Amount As Docketed: $465,245.21**

**Total Amount As Modified: $ 453,244.34**

*See Exhibit D for a listing of debtor entities by case number.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

### EXHIBIT C-4 - ADJOURNED MODIFIED CLAIMS ASSERTING RECLAMATION

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 4576<br>Date Filed: 05/03/2006<br>Docketed Total: $ 149,937.86<br>Filing Creditor Name and Address:<br>AUTOMOTIVE ELECTRONIC<br>CONTROLS DIVISION A DIVISION<br>OF METHODE ELECTRONICS INC<br>C O TIMITHY S MCFADDEN ESQ<br>LORD BISSELL & BROOK LLP<br>111 S WACKER DR<br>CHICAGO, IL 60606 | Claim Holder Name and Address<br><br>BLUE ANGEL CLAIMS LLC<br>C O DAVIDSON KEMPER CAPITAL<br>MANAGEMENT LLC<br>65 E 55TH ST 19TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $149,937.86 | | Modified Total: | | $143,391.45 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$149,937.86 | Case Number*<br>05-44640 | Secured | Priority<br>$3,268.34 | Unsecured<br>$140,123.11 |
| | | | | $149,937.86 | | | $3,268.34 | $140,123.11 |

**Total Claims To Be Modified: 1**

**Total Amount As Docketed: $149,937.86**

**Total Amount As Modified: $ 143,391.45**

In re Delphi Corporation, <u>et al.</u>                                                          **Twenty-Eighth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

### Exhibit D - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

Exhibit E - Claimants And Related Claims Subject To Twenty-Eighth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| AUTOMOTIVE ELECTRONIC CONTROLS DIVISION A DIVISION OF METHODE ELECTRONICS INC | 4576 | EXHIBIT C-4 - ADJOURNED MODIFIED CLAIMS ASSERTING RECLAMATION |
| BLUE ANGEL CLAIMS LLC | 4575 | EXHIBIT C-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION |
| BLUE ANGEL CLAIMS LLC | 4576 | EXHIBIT C-4 - ADJOURNED MODIFIED CLAIMS ASSERTING RECLAMATION |
| BLUE ANGEL CLAIMS LLC | 4577 | EXHIBIT C-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION |
| CHARLES A COTTEN | 3425 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |
| CONNECTOR PRODUCTS DIVISION A DIVISION OF METHODE ELECTRONICS INC | 4577 | EXHIBIT C-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION |
| JACKSON JERRY F | 12152 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |
| LISS & SHAPERO | 1144 | EXHIBIT C-1 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| METHODE ELECTRONICS INC | 16194 | EXHIBIT C-2 - ADJOURNED UNTIMELY BOOKS AND RECORDS CLAIMS |
| METHODE ELECTRONICS MALTA LTD A WHOLLY OWNED SUBSIDIARY OF METHODE ELECTRONICS INC FKA MERIT MALTA METHODE LTD | 4575 | EXHIBIT C-3 - ADJOURNED CLAIMS SUBJECT TO MODIFICATION |
| PIONEER SPEAKERS INC | 16802 | EXHIBIT B - UNTIMELY CLAIMS |
| RONALD R MALANGA | 16773 | EXHIBIT A - DUPLICATE OR AMENDED CLAIMS |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
       In re                                    :    Chapter 11
                                                        :
DELPHI CORPORATION, <u>et al.</u>,                         :    Case No. 05-44481 (RDD)
                                                        :
              Debtors.                   :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR.
P. 3007 ~~(I)~~ DISALLOWING AND EXPUNGING (A) DUPLICATE OR
AMENDED CLAIMS, ~~(B) BOOKS AND RECORDS CLAIM, (C) UNTIMELY BOOKS AND RECORDS CLAIM, AND (D) UNTIMELY CLAIM AND (II) MODIFYING (A) CLAIMS SUBJECT TO MODIFICATION AND (B) MODIFIED CLAIM ASSERTING RECLAMATION~~ AND (B) UNTIMELY CLAIM
IDENTIFIED IN
<u>TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION</u>

("TWENTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Twenty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Books And Records Claim, (C)

Untimely Books And Records Claim, (D) Untimely Claim, And (E) Claims Subject To

Modification And Modified Claim Asserting Reclamation, dated March 27, 2008 (the

"Twenty-Eighth Omnibus Claims Objection")[1] (Docket No. 12686), of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Eighth Omnibus Claims Objection.

Twenty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5)

(as to each, a "Claim"), listed on Exhibits A, ~~B-1, B-2, C, D-1,~~ and ~~D-2~~ B hereto was

properly and timely served with a copy of the Twenty-Eighth Omnibus Claims Objection,

a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain

Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims

Objection Procedures Order"), the proposed order granting the Twenty-Eighth Omnibus

Claims Objection, and notice of the deadline for responding to the Twenty-Eighth

Omnibus Claims Objection.  No other or further notice of the Twenty-Eighth Omnibus

Claims Objection is necessary.

B.    This Court has jurisdiction over the Twenty-Eighth Omnibus

Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Eighth Omnibus

Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases

and the Twenty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C.

§§ 1408 and 1409.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact when appropriate.  See Fed. R. Bankr. P. 7052.

2    DeltaView comparison of pcdocs://chisr01a/594432/5 and pcdocs://chisr01a/594432/7.
Performed on 4/29/2008.

C.    The Claims listed on <u>Exhibit A</u> hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

D.    The Claim listed on <u>Exhibit B</u> ~~1 contains a liability or dollar amount that is not reflected on the Debtors' books and records (the "Untimely Books And Records Claim").~~

E.    ~~The Claim listed on~~ <u>Exhibit B-2</u> ~~contains a liability or dollar amount that is not reflected on the Debtors' books and records and was also untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claim").~~

F.    ~~The Claim listed on~~ <u>Exhibit C</u> hereto was untimely filed pursuant to the Bar Date Order (the "Untimely Claim").

G.    ~~The Claims listed on~~ <u>Exhibit D-1</u> ~~hereto state the incorrect amount or are overstated (the "Claims Subject To Modification").~~

H.    ~~The Claim listed on~~ <u>Exhibit D-2</u> ~~hereto (a) (i) states the incorrect amount and is overstated and (ii) states the incorrect classification and (b) asserts a reclamation demand and the Debtors and the Claimant have entered into a letter agreement pursuant to which the Debtors and the Claimant agreed upon the valid amount of the reclamation demand (with respect to (b), a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the relevant Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid (the "Modified Claim Asserting Reclamation").~~

E.    I. The relief requested in the Twenty-Eighth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Each "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.  Those Claims identified on Exhibit A hereto as "Surviving Claims" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

2.    The Books And Records Claim listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

3.    The Untimely Books And Records Claim listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.

2.    4. The Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety. The Untimely Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

5.    Each "Claim As Docketed" amount listed on Exhibit D-1 hereto is hereby revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit D-1 hereto shall be entitled to recover for any Claim Subject to Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to further object to each such Claim Subject to Modification.  The Claims Subject to Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

6.     The "Claim As Docketed" amount and classification listed on Exhibit D-2 hereto is hereby revised to reflect the amount and classification listed as the "Claim As Modified." The Claimant listed on Exhibit D-2 shall not be entitled to (a) recover for the Modified Claim Asserting Reclamation in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, unless the Debtors obtain an order of this Court providing that any Reserved Defense is valid and denying priority status to such Claimant's reclamation demand and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column on Exhibit D-2 hereto, subject to the Debtors' right to further object to such Modified Claim Asserting Reclamation.  The Modified Claim Asserting Reclamation shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

3.     7. For clarity, Exhibit ED hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits D-1 and D-2.C-3 and C-4 and Exhibit E sets forth each of the Claims referenced on Exhibits A, B, C-1, C-2, C-3, and C-4 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

4.     The hearing regarding the objection to the Claim listed on Exhibits C-1, C-2, C-3, and C-4 hereto, for which a Response to the Twenty-Eighth Omnibus Claims Objection has been filed or received by the Debtors and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

5.     Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Twenty-Eighth Omnibus Claims Objection.

6.    8. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

7.    9. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Twenty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.    10. Each of the objections by the Debtors to each Claim addressed in the Twenty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, B C-2, C, D-1, 3, and DC-24 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Twenty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.    11. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

10.    ~~12.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Eighth Omnibus

Claims Objection.


Dated: New York, New York
       April ___, 2008

_____
        UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Tuesday, April 29, 2008 3:22:42 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/594432/5 |
| Document 2 | pcdocs://chisr01a/594432/7 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| <Moved from > |
| >Moved to < |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 16 |
| Deletions | 28 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 44 |

# EXHIBIT C

Delphi Corporation
Response Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/30/2008 9:34 AM
Response Service List 070530 Overnight

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Phone |
|---|---|---|---|---|---|---|---|
| Calinoff & Katz LLP | Dorothy H De Marinis Riggio | Attorneys for Emhart Teknologies Inc | 140 E 45th St 17th Fl | New York | NY | 10017 | 212-826-8800 |
| Emhart Teknologies Inc | Ryan Masterson Credit Supervisor | 49201 Gratiot Ave | | Chesterfield | MI | 48051 | |
| Greenberg Traurig LLP | Allen G Kadish | Attorneys for Jacobson Mfg LLC | 200 Park Ave | New York | NY | 10166 | 212-801-9200 |
| Greenberg Traurig LLP | David W Baddley | Attorneys for Jacobson Mfg LLC | 77 W. Wacker Dr Ste 2500 | Chicago | IL | 60601 | 312-456-5205 |
| Miles & Stockbridge PC | Thomas Renda Patricia Borenstein | Attorneys for Emhart Teknologies Inc | 10 Light St | Baltimore | MD | 21202 | 410-385-3406 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/30/2008 9:35 AM
Twenty Ninth Omnibus Claims Objection Special Parties

# EXHIBIT D

**Hearing Date: April 30, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :
      In re                :     Chapter 11
                       :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                       :
             Debtors.    :     (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-NINTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A)
DISALLOW AND EXPUNGE CLAIMS DUE TO CURE PAYMENTS AND (B) MODIFY
GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF TWENTY-NINTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 13270) (the "Twenty-Ninth Omnibus Claims Objection"), and respectfully represent as follows:

1.      The Debtors filed the Twenty-Ninth Omnibus Claims Objection on March 27, 2008, seeking entry of an order (a) disallowing and expunging (i) a "Claim," as that term is defined in 11 U.S.C. § 101(5), because it asserts a liability or dollar amount that is not owed by the Debtors as the result of cure payments that the Debtors have made on account of assumptions, pursuant to section 365 of the Bankruptcy Code, of certain executory contracts or unexpired leases (each, a "Contract Assumption") and (ii) certain Claims that have been modified pursuant to prior orders because they assert liabilities or dollar amounts that are not owed by the Debtors as the result of cure payments that the Debtors have made on account of a Contract Assumption and (b) revising (i) the asserted amount with respect to certain Claims, due to cure payments that the Debtors have made on account of a Contract Assumption, and (ii) the asserted amount with respect to certain Claims that have been modified pursuant to prior orders due to cure payments that the Debtors have made on account of a Contract Assumption.

2.      The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Twenty-Ninth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an

---

[1]      Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Twenty-Ninth Omnibus Claims Objection.

2

objection and the basis for such objection.  Responses to the Twenty-Ninth Omnibus Claims

Objection were due by 4:00 p.m. (prevailing Eastern time) on April 23, 2008.

       3.      As of April 28, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had

received two timely-filed formal docketed responses (collectively, the "Responses") to the Twenty-

Ninth Omnibus Claims Objection.  In the aggregate, the Responses cover two claims.  Attached

hereto as Exhibit A is a chart summarizing each of the Responses and listing the two Claims for

which a Response was filed.

       4.      Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

entered on December 6, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the

hearing with respect to each of the two Claims for which a Response was filed will be adjourned to

a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of

each such Claim.

       5.      Attached hereto as Exhibit B is the revised proposed order in respect of the

Twenty-Ninth Omnibus Claims Objection (the "Revised Proposed Order"),[2] which reflects the

adjournment of the hearings with respect to the Claims for which Responses were filed.  Such

adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was

untimely or otherwise deficient under the Claims Objection Procedures Order.

       6.      In addition to the Responses, the Debtors also received informal letters, e-

mails, and telephone calls from various parties questioning the relief requested with the Twenty-

---

[2]      Attached hereto as Exhibit C is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Twenty-Ninth Omnibus Claims Objection.

Ninth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto

(the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal

Responses have been adequately resolved.

        7.      Except for those Claims with respect to which the hearings have been

adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately addresses

the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief

requested by the Debtors and enter the Revised Proposed Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised

Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed

pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further

relief as is just.


Dated: New York, New York
        April 29, 2008

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP


                                By: /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois  60606
                                (312) 407-0700

                                            - and -


                                By: /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York  10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

**Exhibit A**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Responses To The Debtors' Twenty-Ninth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Jacobson Mfg., LLC (Docket No. 13449) | 14240 | Jacobson Mfg., LLC ("Jacobson") disagrees with the Debtors' Twenty-Ninth Omnibus Claims Objection (the "Objection") (Docket No. 13270) seeking to reclassify, reduce, and change the identity of the Debtor against which proof of claim no. 14240 is asserted from an unsecured claim asserted against Delphi Corporation in the amount of $114,342.92 to a claim in the amount of $81,536.34 asserted against Delphi Automotive Systems LLC ("DAS LLC") (of which $22,226.09 would be a priority reclamation claim subject to certain reserved defenses and $59,310.25 would be an unsecured claim). Jacobson asserts that the Objection does not take into account the Joint Stipulation And Agreed Order Compromising and Allowing Proof of Claim Number 14240 (Jacobson Mfg. LLC) (Docket No. 12667), which Jacobson asserts granted it an allowed unsecured claim against DAS LLC in the amount of $95,486.27. Jacobson further asserts that it has not received any cure payment from the Debtors, and accordingly | Claims subject to prior orders and modification due to cure payment | Adjourn |

---

[1]    This chart reflects all Responses entered on the docket as of Tuesday, April 29, 2008 at 4:00 p.m. (prevailing Eastern time).

[2]    This chart reflects all resolutions or proposals as of Tuesday, April 29, 2008 at 4:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | opposes the reduction to proof of claim no. 14240 set forth in the Objection. | | |
| 2. | Emhart Technologies, Inc. (Docket No. 13450) | 6670 | Emhart Technologies, Inc. ("Emhart") disagrees with the Debtors' Objection to reclassify, reduce, and change the identity of the Debtor against which proof of claim no. 6670 is asserted from an unsecured claim asserted against Delphi Corporation in the amount of $293,357.43 to a claim in the amount of $178,474.16 (of which $10,800.00 would be an unsecured claim asserted against Delphi Mechatronic Systems, Inc., $27,128.77 would be a priority reclamation claim asserted against DAS LLC and subject to certain reserved defenses, and $140,545.39 would be an unsecured claim asserted against DAS LLC).  Emhart asserts that it has only received $9,870.92 in cure payments, far less than the reduction proposed by the Debtors. Emhart further asserts that the Debtors' basis for modifying proof of claim no. 6670 as reflected in the Order granting the Debtors' Nineteenth Omnibus Claims Objection is improper because (i) Emhart never entered into a letter agreement with the Debtors and (ii) the Debtors never served Emhart's counsel with a copy of the Nineteenth Omnibus Claims Objection with exhibits.<br><br>Emhart further argues that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 6670, the claim should be allowed as submitted. | Claims subject to prior orders and modification due to cure payment | Adjourn |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :
        In re                    :     Chapter 11
                        :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                        :
            Debtors.     :     (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(A) DISALLOWING AND EXPUNGING CLAIMS DUE TO CURE PAYMENTS AND (B)
MODIFYING GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS
IDENTIFIED IN TWENTY-NINTH OMNIBUS CLAIMS OBJECTION

("TWENTY-NINTH OMNIBUS CLAIMS OBJECTION ORDER")

          Upon the Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B)

Modify General Unsecured Claims By Amount Of Cure Payments, dated March 27, 2008 (the

"Twenty-Ninth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of

its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Ninth

Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Twenty-Ninth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.        Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A-1, A-2, B-1, and B-2 hereto was properly and timely served with a copy of the Twenty-Ninth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Ninth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Ninth Omnibus Claims Objection.  No other or further notice of the Twenty-Ninth Omnibus Claims Objection is necessary.

B.        This Court has jurisdiction over the Twenty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Ninth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Ninth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.        The Claim listed on Exhibit A-1 hereto was fully satisfied by Cure Payments (the "Exhibit A-1 Claim").

D.        The Claims listed on Exhibit A-2 hereto were modified pursuant to prior orders and were fully satisfied by Cure Payments (the "Exhibit A-2 Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

E.     The Claims listed on Exhibit B-1 hereto were satisfied in part by Cure

Payments (the "Exhibit B-1 Claims").

F.     The Claims listed on Exhibit B-2 hereto were modified pursuant to prior

orders and were satisfied in part by Cure Payments (the "Exhibit B-2 Claims").

G.     The relief requested in the Twenty-Ninth Omnibus Claims Objection and

granted herein is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.     The Exhibit A-1 Claim is hereby disallowed and expunged in its entirety.

2.     Each Exhibit A-2 Claim is hereby disallowed and expunged in its entirety.

3.     Each "Claim As Docketed" amount listed on Exhibit B-1 hereto shall be

revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit

B-1 hereto shall be entitled to recover an amount exceeding the dollar value listed as the

"Modified Total" column, subject to the Debtors' right to further object to each such Exhibit B-1

Claim.  The Exhibit B-1 Claims shall remain on the claims register, and shall remain subject to

future objection by the Debtors and other parties-in-interest.

4.     Each "Claim As Docketed" amount listed on Exhibit B-2 hereto shall be

revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit

B-2 hereto shall be entitled to recover an amount exceeding the dollar value listed as the

"Modified Total" column, subject to the Debtors' right to further object to each such Exhibit B-2

Claim.  The Exhibit B-2 Claims shall remain on the claims register, and shall remain subject to

future objection by the Debtors and other parties-in-interest.

3

5.      For clarity, <u>Exhibit D</u> hereto displays the formal name of each of the
Debtor entities and their associated bankruptcy case numbers referenced on <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>,
<u>B-1</u>, <u>B-2</u>, and <u>C</u>.  <u>Exhibit E</u> hereto sets forth each of the Claims referenced on <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>,
<u>B-1</u>, <u>B-2</u>, and <u>C</u> in alphabetical order by claimant and cross-references each such Claim by proof
of claim number and basis of objection.

6.      The hearing regarding the objection to the Claims listed on <u>Exhibit</u> <u>C</u>
hereto, for which a Response to the Twenty-Ninth Omnibus Claims Objection has been filed and
served and which has not been resolved by the parties, shall be adjourned to a future date to be
noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

7.      Entry of this order is without prejudice to the Debtors' right to object, on
any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to
Claims that are the subject of the Twenty-Ninth Omnibus Claims Objection.

8.      Nothing contained herein shall constitute, nor shall it be deemed to
constitute, the allowance of any Claim asserted against any of the Debtors.

9.      This Court shall retain jurisdiction over the Debtors and the holders of
Claims subject to the Twenty-Ninth Omnibus Claims Objection to hear and determine all matters
arising from the implementation of this order.

10.      Each of the objections by the Debtors to each Claim addressed in the
Twenty-Ninth Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>, <u>B-1</u>, <u>B-2</u>,
and <u>C</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This
order shall be deemed a separate order with respect to each Claim that is the subject of the
Twenty-Ninth Omnibus Claims Objection.  Any stay of this order shall apply only to the

4

contested matter which involves such Claim and shall not act to stay the applicability or finality

of this order with respect to the other contested matters covered hereby.

11.     Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

12.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Ninth Omnibus

Claims Objection.


Dated: New York, New York
       April ___, 2008


_____
       UNITED STATES BANKRUPTCY JUDGE

In re Delphi Corporation, et al.                    Twenty-Ninth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A-1 - BOOKS AND RECORDS CLAIMS DUE TO CURE PAYMENT

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CONTRARIAN FUNDS LLC AS ASSIGNEE OF MAGNESIUM PRODUCTS OF AMERICA INC 411 W PUTNAM AVE STE 225 GREENWICH, CT 06830 | 7242 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$1,427,654.68<br>$1,427,654.68 | 05/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

Total:        1                    $1,427,654.68

In re Delphi Corporation, et al.                                                    Twenty-Ninth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT A-2 - BOOKS AND RECORDS CLAIMS DUE TO CURE PAYMENT THAT ARE SUBJECT TO PRIOR ORDERS** *

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HELLA INNENLEUCHTEN SYSTEME GMBH MRS SONIA WIEKENBERG MAIENBUEHLSTRASSE 7 WEMBACH, 79677 GERMANY | 1739 | Secured: Priority: Administrative: Unsecured: Total: | $12,893.76 $12,893.76 | 01/31/2006 | DELPHI CORPORATION (05-44481) |
| TOTOKU ELECTRIC CO LTD YOSHINARI MAYUINI 3 21 OKUBO 1 CHOME SHINJUKY KU TOKYO, 169 8543 JAPAN | 13451 | Secured: Priority: Administrative: Unsecured: Total: | $30,660.85 $30,660.85 | 07/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| **Total:** | **2** | **$43,554.61** | | | |

*The asserted and docketed debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

### EXHIBIT B-1 - CLAIMS SUBJECT TO MODIFICATION DUE TO CURE PAYMENT

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 16352<br>Date Filed: 10/05/2006<br>Docketed Total: $ 771,893.38<br>Filing Creditor Name and Address:<br>ORTECH YUHSHIN USA LTD<br>2806 N INDUSTRIAL RD<br>KIRKSVILLE, MO 63501 | Claim Holder Name and Address<br><br>DEUTSCHE BANK SECURITIES INC<br>60 WALL ST 3RD FL<br>NEW YORK, NY 10005 | Docketed Total: | | **$771,893.38** | | Modified Total: | | **$137.06** |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$771,893.38 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$137.06 |
| | | | | **$771,893.38** | | | | **$137.06** |
| Claim: 7279<br>Date Filed: 06/01/2006<br>Docketed Total: $ 19,154.10<br>Filing Creditor Name and Address:<br>UNIVERSAL POLYMER & RUBBER<br>EFT LTD<br>ONE UNIVERSITY PLAZA STE 312<br>HACKENSACK, NJ 07601 | Claim Holder Name and Address<br><br>LIQUIDITY SOLUTIONS INC AS<br>ASSIGNEE OF UNIVERSAL POLYMER<br>AND RUBBER EFT LTD<br>ONE UNIVERSITY PLZ STE 312<br>HACKENSACK, NJ 07601 | Docketed Total: | | **$19,154.10** | | Modified Total: | | **$3,164.10** |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$19,154.10 | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$3,164.10 |
| | | | | **$19,154.10** | | | | **$3,164.10** |

**Total Claims To Be Modified: 2**

**Total Amount As Docketed: $791,047.48**

**Total Amount As Modified: $ 3,301.16**

*See Exhibit D for a listing of debtor entities by case number.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Ninth Omnibus Claims Objection

**EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT\*\***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 11413<br>Date Filed: 07/27/2006<br>Docketed Total: $ 617,679.20<br>Filing Creditor Name and Address:<br>ACCURATE THREADED<br>FASTENERS INC ATF INC<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR<br>CHICAGO, IL 60606-7507 | Claim Holder Name and Address<br><br>ACCURATE THREADED FASTENERS INC ATF INC<br>SACHNOFF & WEAVER LTD<br>10 S WACKER DR<br>CHICAGO, IL 60606-7507 | Docketed Total: | | $617,679.20 | Modified Total: | | | $372,053.20 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44640 | | | $617,679.20 | 05-44640 | | $71,376.60 | $300,676.60 |
| | | | | $617,679.20 | | | $71,376.60 | $300,676.60 |
| Claim: 4458<br>Date Filed: 05/02/2006<br>Docketed Total: $ 11,070.00<br>Filing Creditor Name and Address:<br>ARMADA RUBBER<br>MANUFACTURING COMPANY<br>PO BOX 579<br>ARMADA, MI 48005-0579 | Claim Holder Name and Address<br><br>ASM CAPITAL LP<br>7600 JERICHO TURNPIKE STE 302<br>WOODBURY, NY 11797 | Docketed Total: | | $11,070.00 | Modified Total: | | | $10,050.00 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44640 | | $1,210.00 | $9,860.00 | 05-44640 | | $1,210.00 | $8,840.00 |
| | | | $1,210.00 | $9,860.00 | | | $1,210.00 | $8,840.00 |
| Claim: 1936<br>Date Filed: 02/09/2006<br>Docketed Total: $ 71,393.25<br>Filing Creditor Name and Address:<br>CREATIVE FOAM CORPORATION<br>300 N ALLOY DR<br>FENTON, MI 48430 | Claim Holder Name and Address<br><br>REDROCK CAPITAL PARTNERS LLC<br>475 17TH ST STE 544<br>DENVER, CO 80202 | Docketed Total: | | $71,393.25 | Modified Total: | | | $60,422.85 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44481 | | | $71,393.25 | 05-44640 | | | $60,422.85 |
| | | | | $71,393.25 | | | | $60,422.85 |

\*See Exhibit D for a listing of debtor entities by case number.

\*\*The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Ninth Omnibus Claims Objection

**EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT\*\***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 105￼Date Filed: 10/25/2005￼Docketed Total: $ 233,508.18￼Filing Creditor Name and Address:￼  KEATS MANUFACTURING CO￼  350 W HOLBROOK DR￼  WHEELING, IL 60090 | Claim Holder Name and Address￼￼  KEATS MANUFACTURING CO￼  350 W HOLBROOK DR￼  WHEELING, IL 60090 | Docketed Total: | | $233,508.18 | Modified Total: | | | $46,893.42 |
| | Case Number*￼05-44481 | Secured | Priority | Unsecured￼$233,508.18￼￼$233,508.18 | Case Number*￼05-44567￼05-44640 | Secured | Priority | Unsecured￼$3,034.10￼$43,859.32￼$46,893.42 |
| Claim: 14404￼Date Filed: 07/31/2006￼Docketed Total: $ 1,204,920.60￼Filing Creditor Name and Address:￼  KOSTAL OF MEXICANA S A DE C V￼  40950 WOODWARD AVE STE 100￼  BLOOMFIELD HILLS, MI 48304 | Claim Holder Name and Address￼￼  SPCP GROUP LLC AS AGENT FOR￼  SILVER POINT CAPITAL FUND LP￼  AND SILVER POINT CAPITAL￼  OFFSHORE FUND LTD￼  TWO GREENWICH PLZ 1ST FL￼  GREENWICH, CT 06830 | Docketed Total: | | $1,204,920.60 | Modified Total: | | | $1,174,068.13 |
| | Case Number*￼05-44640 | Secured | Priority | Unsecured￼$1,204,920.60￼￼$1,204,920.60 | Case Number*￼05-44640 | Secured | Priority￼$11,188.73￼￼$11,188.73 | Unsecured￼$1,162,879.40￼￼$1,162,879.40 |
| Claim: 14534￼Date Filed: 07/31/2006￼Docketed Total: $ 3,629,694.59￼Filing Creditor Name and Address:￼  L&W ENGINEERING CO￼  40950 WOODWARD AVE STE 100￼  BLOOMFIELD HILLS, MI 48304 | Claim Holder Name and Address￼￼  TPG CREDIT MANAGMENT LP￼  90 S SEVENTH ST￼  MINNEAPOLIS, MN 55402 | Docketed Total: | | $3,629,694.59 | Modified Total: | | | $563,590.50 |
| | Case Number*￼05-44640 | Secured￼$3,629,694.59￼￼$3,629,694.59 | Priority | Unsecured | Case Number*￼05-44640 | Secured | Priority | Unsecured￼$563,590.50￼￼$563,590.50 |

*See Exhibit D for a listing of debtor entities by case number.

Page 2 of 4

\*\*The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Twenty-Ninth Omnibus Claims Objection

**EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT\*\***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 9576**
Date Filed: 07/17/2006
Docketed Total: $ 64,897.96
Filing Creditor Name and Address:
MEDALIST INDUSTRIES INC
MEDALIST INDL FASTENER DIV
2700 YORK RD
ELK GROVE VILLAGE, IL 60007

Claim Holder Name and Address
MEDALIST INDUSTRIES INC
MEDALIST INDL FASTENER DIV
2700 YORK RD
ELK GROVE VILLAGE, IL 60007

Docketed Total: **$64,897.96**

Modified Total: **$44,953.64**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $53,088.55 | $11,809.41 | 05-44640 | | $33,896.44 | $11,057.20 |
| | | **$53,088.55** | **$11,809.41** | | | **$33,896.44** | **$11,057.20** |

**Claim: 8259**
Date Filed: 06/20/2006
Docketed Total: $ 2,583,993.60
Filing Creditor Name and Address:
OLSON INTERNATIONAL CO
FRMLY OLSON R
MANUFACTURING CO
50 W NORTH AVE
LOMBARD, IL 60148

Claim Holder Name and Address
AMROC INVESTMENTS LLC
535 MADISON AVE 15TH FL
NEW YORK, NY 10022

Docketed Total: **$2,583,993.60**

Modified Total: **$2,488,124.67**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $60,854.76 | $2,523,138.84 | 05-44640 | | $60,854.76 | $2,427,269.91 |
| | | **$60,854.76** | **$2,523,138.84** | | | **$60,854.76** | **$2,427,269.91** |

**Claim: 5988**
Date Filed: 05/16/2006
Docketed Total: $ 223,768.64
Filing Creditor Name and Address:
PLASTOMER CORP
PO BOX 67000 DEPT 15601
DETROIT, MI 48267-0156

Claim Holder Name and Address
LONGACRE MASTER FUND LTD
810 SEVENTH AVE 22ND FL
NEW YORK, NY 10019

Docketed Total: **$223,768.64**

Modified Total: **$215,994.50**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $223,768.64 | 05-44567 | | | $810.00 |
| | | | | 05-44640 | | | $215,184.50 |
| | | | **$223,768.64** | | | | **$215,994.50** |

*See Exhibit D for a listing of debtor entities by case number.

Page 3 of 4

\*\*The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

### EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | CLAIM AS MODIFIED |
|---|---|---|

| CLAIM TO BE MODIFIED | | | | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Claim: 7606 Date Filed: 06/07/2006 Docketed Total: $ 36,759.75 Filing Creditor Name and Address: SEMBLEX CORPORATION 199 WEST DIVERSEY ELMHURST, IL 60126 | | | | Claim Holder Name and Address AMROC INVESTMENTS LLC 535 MADISON AVE 15TH FL NEW YORK, NY 10022 | Docketed Total: | | $36,759.75 | | Modified Total: | $30,151.96 |
| | | | | Case Number* 05-44481 | Secured | Priority | Unsecured $36,759.75 | Case Number* 05-44640 | Secured | Priority | Unsecured $30,151.96 |
| | | | | | | | $36,759.75 | | | | $30,151.96 |

**Total Claims to be Modified: 10**

**Total Amount as Docketed:  $8,677,685.77**

**Total Amount as Modified:  $ 5,006,302.87**

*See Exhibit D for a listing of debtor entities by case number.

Page 4 of 4

**The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

## EXHIBIT C - ADJOURNED CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 6670<br>Date Filed: 05/23/2006<br>Docketed Total: $ 293,357.43<br>Filing Creditor Name and Address:<br>EMHART TEKNOLOGIES LLC<br>49201 GRATIOT AVE<br>CHESTERFIELD, MI 48051 | Claim Holder Name and Address<br><br>EMHART TEKNOLOGIES LLC<br>49201 GRATIOT AVE<br>CHESTERFIELD, MI 48051 | | Docketed Total: | **$293,357.43** | | | Modified Total: | **$178,474.16** |
| | **Case Number\*** | Secured | Priority | Unsecured | **Case Number\*** | Secured | Priority | Unsecured |
| | 05-44481 | | | $293,357.43 | 05-44567<br>05-44640 | | $27,128.77 | $10,800.00<br>$140,545.39 |
| | | | | **$293,357.43** | | | **$27,128.77** | **$151,345.39** |
| Claim: 14240<br>Date Filed: 07/31/2006<br>Docketed Total: $ 114,342.92<br>Filing Creditor Name and Address:<br>JACOBSON MFG LLC<br>MUCH SHELIST<br>191 N WACKER DR STE 1800<br>CHICAGO, IL 60606 | Claim Holder Name and Address<br><br>JACOBSON MFG LLC<br>MUCH SHELIST<br>191 N WACKER DR STE 1800<br>CHICAGO, IL 60606 | | Docketed Total: | **$114,342.92** | | | Modified Total: | **$81,536.34** |
| | **Case Number\*** | Secured | Priority | Unsecured | **Case Number\*** | Secured | Priority | Unsecured |
| | 05-44481 | | | $114,342.92 | 05-44640 | | $22,226.09 | $59,310.25 |
| | | | | **$114,342.92** | | | **$22,226.09** | **$59,310.25** |

**Total Claims to be Modified: 2**

**Total Amount as Docketed:  $407,700.35**

**Total Amount as Modified:  $ 260,010.50**

\*See Exhibit D for a listing of debtor entities by case number.

\*\*The asserted and docketed debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the debtor, classification, and amount as modified in prior omnibus claims objections orders.

**In re Delphi Corporation, et al.**                              **Twenty-Ninth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

### Exhibit D - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |
| 05-44567 | DELPHI MECHATRONIC SYSTEMS, INC. |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

Exhibit E - Claimants And Related Claims Subject To Twenty-Ninth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ACCURATE THREADED FASTENERS INC ATF INC | 11413 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| AMROC INVESTMENTS LLC | 7606 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| AMROC INVESTMENTS LLC | 8259 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| APS CAPITAL CORP/TPG CREDIT MANAGMENT LP | 14534 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| ARMADA RUBBER MANUFACTURING COMPANY | 4458 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| ASM CAPITAL LP | 4458 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| CONTRARIAN FUNDS LLC AS ASSIGNEE OF MAGNESIUM PRODUCTS OF AMERICA INC | 7242 | EXHIBIT A-1 - BOOKS AND RECORDS CLAIMS DUE TO CURE PAYMENT |
| CREATIVE FOAM CORPORATION | 1936 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| DEUTSCHE BANK SECURITIES INC | 16352 | EXHIBIT B-1 - CLAIMS SUBJECT TO MODIFICATION DUE TO CURE PAYMENT |
| EMHART TEKNOLOGIES LLC | 6670 | EXHIBIT C - ADJOURNED CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| HELLA INNENLEUCHTEN SYSTEME GMBH | 1739 | EXHIBIT A-2 - BOOKS AND RECORDS CLAIMS DUE TO CURE PAYMENT THAT ARE SUBJECT TO PRIOR ORDERS |
| JACOBSON MFG LLC | 14240 | EXHIBIT C - ADJOURNED CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| KEATS MANUFACTURING CO | 105 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| KOSTAL OF MEXICANA S A DE C V | 14404 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| L&W ENGINEERING CO | 14534 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| LIQUIDITY SOLUTIONS INC AS ASSIGNEE OF UNIVERSAL POLYMER AND RUBBER EFT LTD | 7279 | EXHIBIT B-1 - CLAIMS SUBJECT TO MODIFICATION DUE TO CURE PAYMENT |
| LONGACRE MASTER FUND LTD/PLASTOMER CORP | 5988 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| MEDALIST INDUSTRIES INC | 9576 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |

Exhibit E - Claimants And Related Claims Subject To Twenty-Ninth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| OLSON INTERNATIONAL CO | 8259 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| ORTECH YUHSHIN USA LTD | 16352 | EXHIBIT B-1 - CLAIMS SUBJECT TO MODIFICATION DUE TO CURE PAYMENT |
| PLASTOMER CORP | 5988 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| REDROCK CAPITAL PARTNERS LLC | 1936 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| SEMBLEX CORPORATION | 7606 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | 14404 | EXHIBIT B-2 - CLAIMS SUBJECT TO PRIOR ORDERS AND TO MODIFICATION DUE TO CURE PAYMENT |
| TOTOKU ELECTRIC CO LTD | 13451 | EXHIBIT A-2 - BOOKS AND RECORDS CLAIMS DUE TO CURE PAYMENT THAT ARE SUBJECT TO PRIOR ORDERS |
| UNIVERSAL POLYMER & RUBBER EFT LTD | 7279 | EXHIBIT B-1 - CLAIMS SUBJECT TO MODIFICATION DUE TO CURE PAYMENT |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                             :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(A) DISALLOWING AND EXPUNGING CLAIMS DUE TO CURE PAYMENTS AND (B)
MODIFYING GENERAL UNSECURED CLAIMS BY AMOUNT OF CURE PAYMENTS
IDENTIFIED IN TWENTY-NINTH OMNIBUS CLAIMS OBJECTION

("TWENTY-NINTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments, dated March 27, 2008 (the "Twenty-Ninth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Twenty-Ninth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Ninth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

   A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits <u>A-1</u>, <u>A-2</u>, <u>B-1</u>, and <u>B-2</u> hereto was properly and timely served with a copy of the Twenty-Ninth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Twenty-Ninth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Ninth Omnibus Claims Objection.  No other or further notice of the Twenty-Ninth Omnibus Claims Objection is necessary.

   B. This Court has jurisdiction over the Twenty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Twenty-Ninth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Twenty-Ninth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   C. The Claim listed on <u>Exhibit A-1</u> hereto was fully satisfied by Cure Payments (the "Exhibit A-1 Claim").

   D. The Claims listed on <u>Exhibit A-2</u> hereto were modified pursuant to prior orders and were fully satisfied by Cure Payments (the "Exhibit A-2 Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

2 DeltaView comparison of pcdocs://chisr01a/594448/4 and pcdocs://chisr01a/594448/5. Performed on 4/29/2008.

E.      The Claims listed on Exhibit B-1 hereto were satisfied in part by Cure Payments (the "Exhibit B-1 Claims").

F.      The Claims listed on Exhibit B-2 hereto were modified pursuant to prior orders and were satisfied in part by Cure Payments (the "Exhibit B-2 Claims").

G.      The relief requested in the Twenty-Ninth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Exhibit A-1 Claim hereto is hereby disallowed and expunged in its entirety.

2.      Each Exhibit A-2 Claim hereto is hereby disallowed and expunged in its entirety.

3.      Each "Claim As Docketed" amount listed on Exhibit B-1 hereto shall be revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit B-1 hereto shall be entitled to recover an amount exceeding the dollar value listed as the "Modified Total" column, subject to the Debtors' right to further object to each such Exhibit B-1 Claim.  The Exhibit B-1 Claims shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

4.      Each "Claim As Docketed" amount listed on Exhibit B-2 hereto shall be revised to reflect the amount listed as the "Claim As Modified."  No Claimant listed on Exhibit B-2 hereto shall be entitled to recover an amount exceeding the dollar

value listed as the "Modified Total" column, subject to the Debtors' right to further object

to each such Exhibit B-2 Claim.  The Exhibit B-2 Claims shall remain on the claims

register, and shall remain subject to future objection by the Debtors and other

parties-in-interest.

     5.     For clarity, Exhibit ~~C~~D hereto displays the formal name of each of

the Debtor entities and their associated bankruptcy case numbers referenced on Exhibits

A-1, A-2, B-1, B-2, and ~~B-2~~C.  Exhibit ~~D~~E hereto sets forth each of the Claims referenced

on Exhibits A-1, A-2, B-1, B-2, and ~~B-2~~C in alphabetical order by claimant and

cross-references each such Claim by proof of claim number and basis of objection.

     6.     The hearing regarding the objection to the Claims listed on Exhibit C hereto, for which a Response to the Twenty-Ninth Omnibus Claims Objection has been filed and served and which has not been resolved by the parties, shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order.

     7.     ~~6.~~ Entry of this order is without prejudice to the Debtors' right to object, on

any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to

Claims that are the subject of the Twenty-Ninth Omnibus Claims Objection.

     8.     ~~7.~~ Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any Claim asserted against any of the Debtors.

     9.     ~~8.~~ This Court shall retain jurisdiction over the Debtors and the holders of

Claims subject to the Twenty-Ninth Omnibus Claims Objection to hear and determine all matters

arising from the implementation of this order.

     10.     ~~9.~~ Each of the objections by the Debtors to each Claim addressed in the

Twenty-Ninth Omnibus Claims Objection and attached hereto as Exhibits A-1, A-2, B-1, B-2, and

B  2C constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This

order shall be deemed a separate order with respect to each Claim that is the subject of the

Twenty-Ninth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested

matter which involves such Claim and shall not act to stay the applicability or finality of this order

with respect to the other contested matters covered hereby.

        11.      10. Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

        12.      11. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Twenty-Ninth Omnibus Claims

Objection.


Dated: New York, New York
      April ___, 2008


                                        _____
                                          UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Tuesday, April 29, 2008 3:34:45 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/594448/4 |
| Document 2 | pcdocs://chisr01a/594448/5 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 24 |