SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF
KEYSTONE POWDERED METAL COMPANY TO ASSUMPTION AND/OR
ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and Keystone Powdered Metal Company ("Keystone"), respectfully submit this Stipulation And Agreed Order Resolving Objection Of Keystone Powdered Metal Company To Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, certain of the Debtors and Keystone entered into Purchase Order Nos. SAG9OI2692 and SAG9OI4952 (the "Purchase Orders"), under which Keystone would provide certain products to the Debtors.

WHEREAS, on July 1, 2004, Keystone and DAS LLC entered into a long term agreement (the "LTA") that modified various terms of the Purchase Orders.

WHEREAS, on August 02, 2006, Keystone Powdered Metal Company filed proof of claim number 15792 against Delphi Automotive Systems LLC, which asserts an unsecured non-priority claim in the amount of $140,983.79 (the "Claim").

WHEREAS, on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and

2

Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation ("Twenty-First Omnibus Claims Objection") (Docket No. 9535) (the "Objection").

WHEREAS, on October 17, 2007, Keystone Powdered Metal Company filed its response to the Objection (Docket No. 10630) (the "Response").

WHEREAS, on January 15, 2008, Keystone and DAS LLC entered into the Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 15792 (Keystone Powdered Metal Company) (Docket No. 12058) (the "Claim Stipulation") whereby DAS LLC acknowledged and agreed that the Claim would be allowed against DAS LLC as a general unsecured non-priority claim in the amount of $125,161.16.

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or

3

Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors seek to assume and/or assign the Purchase Orders to Steering Solutions Corporation and certain of its affiliates (the "Buyers") and listed a cure amount of $105,881.79.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order, among other things, approved the assumption and assignment o the Purchase Orders and ascribed to them a cure amount of $105,881.79.

WHEREAS, on March 7, 2008, the Debtors filed an Expedited Motion for Order Under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 (I) Establishing Procedures for Assumption and Assignment of Certain Omitted Executory Contracts and Unexpired Leases in Connection with Sale of Debtors' Steering and Halfshaft Business and (II) Authorizing Recovery of Excess Discount Rights (Docket No. 13029) (the "Omitted Contracts Assumption Procedures Motion").

WHEREAS, on March 25, 2008. the Court entered an Order Under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 (I) Establishing Procedures for Assumption and Assignment of Certain Omitted Executory Contracts and Unexpired Leases in Connection with Sale of Debtors' Steering and Halfshaft Business and (II) Authorizing Recovery of Excess Discount Rights (Docket No. 13232) (the "Omitted Contract Assumption Procedures Order").

WHEREAS, on March 31, 2008, the Debtors served a Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (Docket No. 13292) (the "Supplemental Cure Notice").  The Supplemental Cure Notice stated, among other things, that the Debtors seek to assume and/or assign the LTA to the Buyers and listed a cure amount of $0.00.

WHEREAS, on April 11, 2008, Keystone filed the Limited Objection of Keystone Powdered Metal Company to Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (Docket No. 13364) (the "Steering Objection"), in which Keystone asserted that although it could not be paid its cure claim twice, unless and until the Purchase Orders were assumed and assigned to Buyer and the cure claim of Keystone paid in accordance with the Cure Notice, the cure amount under the LTA should be $125,161.16.

WHEREAS, to resolve the Steering Objection, the Debtors and Keystone have agreed to enter into this stipulation (the "Stipulation").

THEREFORE, the Debtors and Keystone, stipulate and agree as follows:

1. As soon as reasonably practicable upon the closing of the sale of the steering and halfshaft business, Keystone shall receive a cure payment of $105,881.79 representing the cure due to Keystone under both the Purchase Orders and the LTA.  In the event

5

that the Debtor elects to assume either the Purchaser Orders or the LTA, but not both, the cure payment associated with such assumption shall remain $105,881.79.

2. Upon payment of the cure amount, the Claim shall be reduced by the amount of the cure payment, thereby reducing the Claim to a general unsecured non-priority claim in the amount of $19,279.37.

3. Upon the Court's entry of this Stipulation, Keystone shall be deemed to have withdrawn with prejudice the Steering Objection.

So Ordered in New York, New York, this 7th day of May, 2008

                                            ___/s/Robert D. Drain_____
                                            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Timothy P. Palmer |
| John Wm. Butler, Jr. | Timothy P. Palmer |
| John K. Lyons | Buchanan Ingersoll & Rooney PC |
| Ron E. Meisler | One Oxford Centre |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 301 Grant Street, 20th Floor Pittsburgh, PA 15219 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorney for Keystone Powdered Metal Company |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in-Possession