TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
In re:                                    :
                                          :        Chapter 11
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 [RDD]
                                          :
                        Debtors.          :        Jointly Administered
                                          :
---------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 15239 (ENERGY CONVERSION SYSTEMS COMPANY)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-

possession in the above-captioned cases (the "Debtors") and Energy Conversion

Systems Company (the "Claimant") respectfully submit this Joint Stipulation And

Agreed Order Compromising And Allowing Proof Of Claim Number 15239 (the

"Stipulation") and agree and state as follows:

        **WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§
101-1330, as amended, in the United States Bankruptcy Court for the Southern District
of New York;  and

      **WHEREAS**, on July 31, 2006, Claimant filed proof of claim number 15239
("Proof Of Claim No. 15239") against DAS LLC.  Proof Of Claim No. 15239 asserts (i) an
unsecured non-priority claim in the amount of $126,007.23; and (ii) an unsecured
priority claim in the amount of $13,500, aggregating a total of $139,507.23 (the "Claim");
and

      **WHEREAS,** on April 27, 2007, the Debtors objected to Proof of Claim No.
15239 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant
To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently
Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C)
Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books
And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject
To Modification, Tax Claims Subject To Modification, And Claims Subject To
Modification And Reclamation Agreement  (Docket No. 7825) (the "Thirteenth Omnibus
Claims Objection");  and

      **WHEREAS,** the Thirteenth Omnibus Claims Objection seeks to reduce
Proof of Claim No. 15239 to a total claim of $58,655.00 comprised as a general
unsecured claim against DAS LLC;  and

      **WHEREAS,** on March 19, 2008, to resolve the Thirteenth Omnibus Claims
Objection with respect to the Claim, DAS LLC and Claimant entered into a settlement

agreement (the "Settlement Agreement");  and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC

acknowledges and agrees that the Claim shall be allowed against DAS LLC in the

amount of $85,500 as a general unsecured non-priority claim in favor of Claimant;  and

**WHEREAS,** DAS LLC is authorized to enter into the Settlement

Agreement either because the Claim involves ordinary course controversies or pursuant

to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b)

Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And

Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court

on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and

Claimant stipulate and agree as follows:

1.     The Claim shall be allowed in the amount of $85,500 and shall be

treated as an allowed general unsecured non-priority claim against DAS LLC in favor of

Claimant.

2.     The Thirteenth Omnibus Claims Objection is hereby deemed

withdrawn with prejudice.

3.     The Settlement Agreement does not impact, alter or affect any other

proofs of claim that Claimant has filed or owns against the Debtors and relates solely to

those matters arising out of or related to the Claims.

4.     The Clerk of the Court and/or the Debtors' claims agent are

authorized to reflect the foregoing on the official claims register maintained in the

Debtors' cases.

5.    Without further order of the Court, DAS LLC is authorized to offset

or reduce the Claim for purposes of distribution to holders of allowed claims entitled to

receive distributions under any plan of reorganization of the Debtors by the amount of

any cure payments made on account of the assumption, pursuant to section 365 of the

Bankruptcy Code, of an executory contract or unexpired lease to which Claimant is a

party.


Dated:   New York, New York
         April 15, 2008

                                        DELPHI CORPORATION, et al.,
                                        Debtors and Debtors-in-Possession,
                                        By their Bankruptcy Conflicts Counsel,
                                        TOGUT, SEGAL & SEGAL LLP,
                                        By:

                                        /s/ Neil Berger
                                        NEIL BERGER (NB-3599)
                                        A Member of the Firm
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000


Dated:   New York, New York
         March 19, 2008

                                        ENERGY CONVERSION COMPANY, INC.
                                        By its Counsel,
                                        MCCARTER & ENGLISH LLP
                                        By:

                                        /s/ G. Amanda Mallan
                                        G. AMANDA MALLAN
                                        245 Park Avenue, 27th floor
                                        New York, NY 10167-0001
                                        (212) 609-6818

**SO ORDERED**

This <u>8th</u> day of <u>May</u>, 2008
in New York, New York


_____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE