TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                              :
In re:                                        :
                                              :    Chapter 11
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 [RDD]
                                              :
                    Debtors.                  :    Jointly Administered
                                              :
-----------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 7547 (GOLDMAN SACHS CREDIT PARTNERS, L.P.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), and Goldman Sachs Credit Partners, L.P. ("GSCP") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 7547 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York;  and

**WHEREAS,** on or about June 6, 2006, M&Q Plastic Products, L.P. ("M&Q") filed proof of claim number 7547 against DAS LLC, asserting an unsecured non-priority claim in the amount of $653,828.81 (the "Claim");  and

**WHEREAS,** on or about August 1, 2006, M&Q transferred all of its right, title and interest in the Claim to GSCP;  and

**WHEREAS,** on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection");  and

**WHEREAS,** on October 18, 2007, GSCP filed a Response to the Twenty-First Omnibus Claims Objection (Docket No. 10646) (the "Response");  and

**WHEREAS,** on April 30, 2008, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claim, GSCP, GSCP's predecessor in interest, Delphi and DAS LLC entered into a settlement agreement (the "Settlement Agreement");  and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknow-

2

ledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $627,270.51; and

**WHEREAS,** Delphi and DAS LLC are authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and GSCP stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $627,270.51 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. The Response is hereby withdrawn.

3. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of

**[Concluded on next page]**

any cure payments made on account of the assumption, pursuant to section 365 of the

Bankruptcy Code, of an executory contract or unexpired lease to which M&Q is a party.

Dated:  New York, New York
        April 30, 2008

                              DELPHI CORPORATION, et al.,
                              Debtors and Debtors-in-Possession,
                              By their Bankruptcy Conflicts Counsel,
                              TOGUT, SEGAL & SEGAL LLP,
                              By:

                              /s/ Neil Berger
                              NEIL BERGER (NB-3599)
                              A Member of the Firm
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000

Dated:  Boston, Massachusetts
        April 30, 2008

                              GOLDMAN SACHS CREDIT PARTNERS, L.P.
                              By its Counsel,
                              BROWN RUDNICK BERLACK ISRAELS LLP
                              By:

                              /s/Jessica M. Paris
                              JESSICA M. PARIS
                              One Financial Center
                              Boston, MA 02111
                              (617) 856-8274

**SO ORDERED**

This 8th day of May, 2008
in New York, New York


_____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE