BARNES & THORNBURG LLP
Attorneys for EMCON Technologies, LLC
Attorneys for EMCON Technologies Canada, ULC
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Alan K. Mills, Esq.
Mark R. Owens, Esq. (MO 9742)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| Debtors. | : | (Jointly Administered) |

**EMCON TECHNOLOGIES, LLC'S AND EMCON TECHNOLOGIES CANADA, ULC'S RESPONSE TO THE DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS (THE "OMNIBUS 8.2 (b) CURE OBJECTION")**

EMCON Technologies, LLC ("EMCON")[1] and EMCON Technologies Canada, ULC ("EMCON Canada"),[2] by and through their undersigned counsel, hereby file EMCON Technologies, LLC's and EMCON Technologies Canada, ULC's Response (the "Response") to the Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of

[1] EMCON is the assignee of the Delphi Energy & Chassis Purchase Orders Cure Amount (as defined herein). [Virtue Declaration, ¶ 6].

[2] EMCON Canada is the assignee of the Delphi Energy & Engine Purchase Orders Cure Amount (as defined herein). [Virtue Declaration, ¶ 8].

Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure Objection").

In addition, EMCON and EMCON Canada contemporaneously herewith are filing the Declaration of Michael D. Virtue in support of EMCON Technologies, LLC's and EMCON Technologies Canada, ULC's Response to the Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure Objection") (the "Virtue Declaration") in support of the Response.

In further support of this Response, EMCON and EMCON Canada respectfully state as follows:

**BACKGROUND**

1. On or about October 11, 2004, ArvinMeritor OE, LLC and Delphi Energy & Chassis, which EMCON believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 394620 and 394622 (as amended, the "Delphi Energy & Chassis Purchase Orders"). [Virtue Declaration, ¶ 5].

2. On or about June 2, 2005, ArvinMeritor Canada ET and Delphi Energy & Engine Management, which EMCON Canada believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 400176 and 400178 (as amended, the "Delphi Energy & Engine Purchase Orders"). [Virtue Declaration, ¶ 7].

3. The Delphi Energy & Chassis Purchase Orders and the Delphi Energy & Engine Purchase Orders are collectively referred to herein as the "Purchase Orders."

4. EMCON and Delphi Energy & Chassis continued to do business under the Delphi Energy & Chassis Purchase Orders post-petition. [Virtue Declaration, ¶ 9].

5. EMCON Canada and Delphi Energy & Engine Management continued to do business under the Delphi Energy & Engine Purchase Orders post-petition. [Virtue Declaration, ¶ 10].

6. Delphi Energy & Chassis and Delphi Energy & Engine Management are collectively referred to herein as "Delphi."

**THE JOINT PLAN OF REORGANIZATION**

7. On December 10, 2007, this Court approved the Debtors' First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession.

8. On December 28, 2007, the Debtors filed Exhibit 8.1(a) of the Plan, which discloses three (3) categories of executory contracts and unexpired leases that are to be rejected pursuant to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"). The Purchase Orders were neither listed nor identified on Exhibit 8.1(a) of the Plan. Further, neither EMCON nor EMCON Canada is aware of any order providing for the rejection of the Purchase Orders or aware of any pending motion to reject the Purchase Orders. Therefore, pursuant to Article VIII of the Plan, and unless subject to a subsequent objection, the Purchase Orders are scheduled to be automatically assumed as of the Effective Date.[3]

9. On January 25, 2008, this Court entered Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed.R.Bankr.P. 3020 Confirming First

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

10. Pursuant to Article VIII of the Plan and the Confirmation Order, a non-Debtor party was required to file and serve a Cure Claim on or before March 10, 2008, after which the Debtors were allotted forty-five (45) days to file an objection to the Cure Claim.

**THE FILING OF THE CURE CLAIMS**

11. On March 6, 2008, EMCON and EMCON Canada timely filed the Notice of Cure Claim of EMCON Technologies, LLC and EMCON Technologies Canada, ULC Pursuant to Article VIII of the Confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession With Respect to Certain Executory Contracts (the "EMCON Cure Claim"). A true and correct copy of the EMCON Cure Claim is attached hereto as Exhibit 1 and incorporated herein by reference as if fully set forth at length.

12. Copies of the Purchase Orders were not attached to the EMCON Cure Claim because they may contain confidential pricing information and terms. [Virtue Declaration, ¶ 11].

13. However, EMCON and EMCON Canada agreed to submit copies of the Purchase Orders to the Debtors, upon request, and also reserved their rights to file the Purchase Orders under seal. By e-mail dated March 21, 2008, copies of the Purchase Orders were sent to counsel to the Debtors, Carl T. Tullson, Esquire.

14. The Debtors filed the Omnibus 8.2(b) Cure Objection on April 24, 2008, which was forty-nine (49) days after EMCON and EMCON Canada filed the EMCON Cure Claim.

15. The Debtors objected to the EMCON Cure Claim by stating that amounts asserted in the EMCON Cure Claim do not match the Debtors' books and records.

16. The Debtors neither submitted nor proffered any evidence to support their position other than the bare assertion that the EMCON Cure Claim does not match the Debtors' books and records.

**THE CURE CLAIMS**

17. The parties agreed that Delphi was required to pay freight charges for goods purchased under the Purchase Orders. [Virtue Declaration, ¶ 12]. However, Delphi failed to pay, and EMCON and EMCON Canada unknowingly paid, certain pre- and post-petition freight charges as goods were ordered and shipped. [Virtue Declaration, ¶ 13-14]. This error was discovered in late 2006 and EMCON and Delphi and EMCON Canada and Delphi entered into discussions to resolve the situation. [Virtue Declaration, ¶ 15].

18. Delphi has reimbursed EMCON and EMCON Canada for the post-petition freight charges that were unknowingly paid by EMCON and EMCON Canada, but certain pre-petition freight charges remain unpaid. [Virtue Declaration, ¶ 17]. Until the current dispute arose with respect to the EMCON Cure Claim, the Debtors did not previously contest that certain pre-petition freight charges were due and owing by Delphi to EMCON and EMCON Canada under the Purchase Orders. [Virtue Declaration, ¶ 18]. In fact, as part of the negotiations between Delphi and EMCON and EMCON Canada, Delphi requested that EMCON and EMCON Canada split the total amount of outstanding freight charges into the pre- and post-petition amounts owed and Delphi promptly paid the post-petition amounts owed. [Virtue Declaration, ¶ 16]. It is EMCON and EMCON Canada's understanding that Delphi requested that the total amount of the freight charges due and owing by Delphi to EMCON and EMCON Canada be split into pre- and post-petition amounts because Delphi had authority to promptly pay the post-petition amounts owed under its bankruptcy case, but did not have the present authority to pay the pre-petition amounts

owed under its bankruptcy case. [Virtue Declaration, ¶ 19]. Delphi did not dispute that the pre-petition amounts were owed. [Virtue Declaration, ¶ 20].

19. Delphi continued to pay the post-petition freight charges under the Purchase Orders. [Virtue Declaration, ¶ 21].

**THE AMOUNT OWED UNDER THE EMCON CURE CLAIM**

20. As more fully explained in the attached EMCON Cure Claim, Delphi must pay Fifty-Eight Thousand Two Hundred Fifty-Six and 61/100 Dollars ($58,256.61) to EMCON before Delphi can assume the Delphi Energy & Chassis Purchase Orders (the "Delphi Energy & Chassis Purchase Orders Cure Amount") and Delphi must pay One Hundred Four Thousand Seven Hundred Fifty-Seven and 60/100 Dollars ($104,757.60) to EMCON Canada before Delphi can assume the Delphi Energy & Engine Purchase Orders (the "Delphi Energy & Engine Purchase Orders Cure Amount"). [Virtue Declaration, ¶ 22-23].

21. Both the Delphi Energy & Chassis Purchase Orders Cure Amount and the Delphi Energy & Engine Purchase Orders Cure Amount remain unpaid by Delphi. Delphi cannot assume the Purchase Orders until they are cured under 11 U.S.C. § 365.

**THE DEBTORS DID NOT TIMELY FILE THE OMNIBUS 8.2(b) CURE OBJECTION**

22. EMCON and EMCON Canada timely filed the EMCON Cure Claim on March 6, 2008.

23. The Debtors filed the Omnibus 8.2(b) Cure Objection on April 24, 2008, which was forty-nine (49) days after the filing of the EMCON Cure Claim.

24. Section 8.2(b) of the Plan states "[a]ny party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or

Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto."

25. Pursuant to Section 8.2(b) of the Plan, the Debtors were required to respond to the EMCON Cure Claim forty-five (45) days after filing and receipt of the EMCON Cure Claim. Since the EMCON Cure Claim was electronically filed and served via Federal Express, overnight delivery,[4] on March 6, 2008 and received by the Debtors on March 7, 2008, the Omnibus 8.2(b) Cure Objection was due on or before April 21, 2008. The Omnibus 8.2(b) Cure Objection was filed on April 24, 2008. Accordingly, the Omnibus 8.2(b) Cure Objection was filed late and the Debtors should be required to pay the EMCON Cure Claim, in cash.

**THE DEBTORS HAVE NOT PRODUCED OR PROFFERED SUFFICIENT EVIDENCE TO SUPPORT THE OMNIBUS 8.2(b) CURE OBJECTION**

26. Even if the Debtors timely filed the Omnibus 8.2(b) Cure Objection, the Debtors have not produced or proffered sufficient evidence to support the Omnibus 8.2(b) Cure Objection. On the other hand, EMCON and EMCON Canada have submitted sufficient proof to support the amount of both the Delphi Energy & Chassis Purchase Orders Cure Amount and the Delphi Energy & Engine Purchase Orders Cure Amount, which proof has not been rebutted by the Debtors.

27. As such, the Omnibus 8.2(b) Cure Objection is ineffective against the EMCON Cure Claim. Therefore, the EMCON Cure Claim is required to be paid, in cash, under 11 U.S.C. § 365.

[4] *See* Certificate of Service at Docket No. 13006.

## MEMORANDUM OF LAW

28. This Response sets forth the relief requested by EMCON and EMCON Canada under appropriate headings and contains citation of authorities upon which the relief requested is based. EMCON and EMCON Canada respectfully request that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## RESERVATION OF RIGHTS

29. EMCON and EMCON Canada expressly reserve their rights to supplement and modify this Response as well as the EMCON Cure Claim. This Response is being filed as it pertains to the Purchase Orders and the Invoices (as defined in the EMCON Cure Claim) and the rights derived thereunder or related thereto. Nothing contained herein should be construed as a waiver by EMCON or EMCON Canada with respect to any other rights.

WHEREFORE, (i) EMCON respectfully requests that this Court enter an order requiring Delphi to pay the Delphi Energy & Chassis Purchase Orders Cure Amount, in cash, prior to the assumption of the Delphi Energy & Chassis Purchase Orders; (ii) EMCON Canada respectfully requests that this Court enter an order requiring Delphi to pay the Delphi Energy & Engine Purchase Orders Cure Amount, in cash, prior to the assumption of the Delphi Energy & Engine Purchase Orders; and (iii) EMCON and EMCON Canada both respectfully request that this Court enter an order granting such other and further relief that is just and appropriate under the circumstances.

[signature page follows]

Dated: May 19, 2008

/s/ Mark R. Owens

Alan K. Mills, Esq.
Mark R. Owens, Esq. (MO 9742)
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433
E-Mail: alan.mills@btlaw.com
E-Mail: mark.owens@btlaw.com

*Attorneys for EMCON Technologies, LLC and EMCON Technologies Canada, ULC*