BARNES & THORNBURG LLP
Attorneys for EMCON Technologies, LLC
Attorneys for EMCON Technologies Canada, ULC
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Alan K. Mills, Esq.
Mark R. Owens, Esq. (MO 9742)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL D. VIRTUE IN SUPPORT OF
EMCON TECHNOLOGIES, LLC'S AND EMCON TECHNOLOGIES
CANADA, ULC'S RESPONSE TO THE DEBTORS' (I) OMNIBUS OBJECTION
PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R.
BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER
ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND
(II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN
CURE PROPOSALS (THE "OMNIBUS 8.2 (b) CURE OBJECTION")**

I, Michael D. Virtue, declare as follows:

1.    I am a Program Manager for EMCON Technologies, LLC ("EMCON").

2.    I was previously a Commercial Account Manager for EMCON.

3.    I am over the age of 21 years, have personal knowledge of the facts set forth herein, and am competent to testify to the same.

4.    I am submitting this Declaration in support of EMCON Technologies, LLC's and EMCON Technologies Canada, ULC's Response (the "Response") to the Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014

Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure Objection").

5. On or about October 11, 2004, ArvinMeritor OE, LLC and Delphi Energy & Chassis, which EMCON believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 394620 and 394622 (as amended, the "Delphi Energy & Chassis Purchase Orders").

6. ArvinMeritor OE, LLC's rights in the Delphi Energy & Chassis Purchase Orders were subsequently assigned to EMCON.

7. On or about June 2, 2005, ArvinMeritor Canada ET and Delphi Energy & Engine Management, which EMCON Technologies Canada, ULC ("EMCON Canada") believes is part of Delphi Automotive Systems, LLC, entered into those certain Purchase Orders identified as numbers 400176 and 400178 (as amended, the "Delphi Energy & Engine Purchase Orders" and with the Delphi Energy & Chassis Purchase Orders, collectively, the "Purchase Orders").

8. ArvinMeritor Canada ET's rights in the Delphi Energy & Engine Purchase Orders were subsequently assigned to EMCON Canada.

9. EMCON and Delphi Energy & Chassis continued to do business under the Delphi Energy & Chassis Purchase Orders after the Debtors filed for bankruptcy protection.

10. EMCON Canada and Delphi Energy & Engine Management continued to do business under the Delphi Energy & Engine Purchase Orders after the Debtors filed for bankruptcy protection.

11. The Purchase Orders may contain confidential pricing information and terms.

12.   EMCON and Delphi[1] and EMCON Canada and Delphi agreed that Delphi was required to pay freight charges for goods purchased under the Purchase Orders.

13.   Delphi failed to pay certain pre- and post-petition freight charges under the Purchase Orders.

14.   EMCON and EMCON Canada unknowingly paid the pre- and post-petition freight charges as goods were ordered and shipped, which freight charges were Delphi's obligation.

15.   EMCON and EMCON Canada's unknown payment of these freight charges was discovered in late 2006 and EMCON and Delphi and EMCON Canada and Delphi entered into discussions to resolve the situation.

16.   As part of the negotiations between Delphi and EMCON and EMCON Canada, Delphi requested that EMCON and EMCON Canada split the total amount of outstanding freight charges into the pre- and post-petition amounts owed.

17.   Delphi has reimbursed EMCON and EMCON Canada for the post-petition freight charges that were unknowingly paid by EMCON and EMCON Canada, but certain pre-petition freight charges remain unpaid.

18.   Until the current dispute arose with respect to the EMCON Cure Claim, the Debtors did not previously contest that certain pre-petition freight charges were due and owing by Delphi to EMCON and EMCON Canada under the Purchase Orders.

19.   It is EMCON and EMCON Canada's understanding that Delphi requested that the total amount of the freight charges due and owing by Delphi to EMCON and EMCON Canada be split into pre- and post-petition amounts because Delphi had authority to promptly pay the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Response.

3

post-petition amounts owed under its bankruptcy case, but did not have the present authority to pay the pre-petition amounts owed under its bankruptcy case.

20.   During these negotiations, Delphi did not dispute that the pre-petition amounts were owed for the freight charges.

21.   Delphi continued to pay the post-petition freight charges under the Purchase Orders as such became due and owing.

22.   Delphi owes a pre-petition amount totaling Fifty-Eight Thousand Two Hundred Fifty-Six and 61/100 Dollars ($58,256.61) to EMCON under the Delphi Energy & Chassis Purchase Orders.

23.   Delphi owes a pre-petition amount totaling One Hundred Four Thousand Seven Hundred Fifty-Seven and 60/100 Dollars ($104,757.60) to EMCON Canada under the Delphi Energy & Engine Purchase Orders.

[signature page follows]

5

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on May 14, 2008.

*Michael D. Virtue*

Michael D. Virtue

INDS01 MOWENS 1039066v1