BARNES & THORNBURG LLP
Attorneys for Clarion Corporation of America
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

**CLARION CORPORATION OF AMERICA'S RESPONSE TO THE DEBTORS'
(I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C.
§§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS
SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION
AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN
CURE PROPOSALS (THE "OMNIBUS 8.2 (b) CURE OBJECTION")**

Clarion Corporation of America ("Clarion"), by and through its undersigned counsel, hereby files Clarion Corporation of America's Response (the "Response") to the Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure Objection") and in support of this Response, respectfully states as follows:

## BACKGROUND

1. From approximately January 7, 2005 until October 7, 2005, Clarion and Delphi Automotive Systems LLC ("DAS LLC") entered into a series of not less than fifteen (15)

purchase orders (the "Purchase Orders"). A non-exhaustive list summarizing the Purchase Orders and the numerous invoices associated therewith that comprise the Cure Amount (as defined below) was attached to the Notice of Cure Claim of Clarion Corporation of America With Respect to Certain Executory Contracts Between Clarion Corporation of America and Delphi Automotive Systems LLC Pursuant to Article VIII of the Confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Clarion Cure Claim") as <u>Exhibit A</u> and incorporated therein by reference as if fully set forth at length.[1] Copies of the Purchase Orders and associated invoices are voluminous and available upon request.

2. DAS LLC purchased goods under the Purchase Orders prior to filing for protection under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and DAS LLC continues to purchase goods under all or substantially all of the Purchase Orders.

## THE JOINT PLAN OF REORGANIZATION

3. On December 10, 2007, this Court approved the Debtors' First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession.

4. On December 28, 2007, the Debtors filed Exhibit 8.1(a) of the Plan, which discloses three (3) categories of executory contracts and unexpired leases that are to be rejected pursuant to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"). The Purchase Orders were neither listed nor identified on Exhibit 8.1(a) of the Plan. Further, Clarion is neither aware of any order

---

[1] Clarion continues to reserve the right to add additional Purchase Orders to Exhibit A of the Notice of Cure Claim that are associated with Clarion's Cure Amount (as defined herein), but are not currently listed on Exhibit A.

providing for the rejection of the Purchase Orders nor aware of any pending motion to reject the Purchase Orders. Therefore, pursuant to Article VIII of the Plan, and unless subject to a subsequent objection, the Purchase Orders are scheduled to be automatically assumed as of the Effective Date.[2]

5.   On January 25, 2008, this Court entered Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed.R.Bankr.P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

6.   Pursuant to Article VIII of the Plan and the Confirmation Order, DAS LLC and/or the other Debtors (collectively, the "Debtors") was/were required to send a notice of the assumption of the Purchase Orders as well as the proposed cure amount, among other things, to Clarion before assuming the Purchase Orders.

7.   The Debtors sent a Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Debtors' Cure Notice") to Clarion, which Debtors' Cure Notice covered only four (4) of the Purchase Orders.[3] Clarion responded to the Debtors' Cure Notice. A true and correct copy of Clarion's response to the Debtors' Cure Notice was attached to the Clarion Cure Claim as <u>Exhibit B</u> and incorporated therein by reference as if fully set forth at length.

8.   The Debtors failed to send a cure notice, as required by Article VIII of the Plan and Confirmation Order, with respect to not less than eleven (11) Purchase Orders.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] The purchase orders are identified as (i) D0550045280, (ii) D0550056526, (iii) D0550063148, and (iv) D0550074476.

9. Pursuant to Article VIII of the Plan and the Confirmation Order, a non-Debtor party was required to file and serve a Cure Claim on or before March 10, 2008, after which the Debtors were allotted forty-five (45) days to file an objection to the Cure Claim.

### THE FILING OF THE CURE CLAIM

10. On March 6, 2008, Clarion timely filed the Clarion Cure Claim. A true and correct copy of the Clarion Cure Claim is attached hereto as Exhibit 1 and incorporated herein by reference as if fully set forth at length.

11. The Debtors filed the Omnibus 8.2(b) Cure Objection on April 24, 2008, which was forty-nine (49) days after Clarion filed the Clarion Cure Claim.

12. The Debtors objected to the Clarion Cure Claim by stating that amounts asserted in the Clarion Cure Claim do not match the Debtors' books and records.

13. The Debtors neither submitted nor proffered any evidence to support their position other than the bare assertion that the Clarion Cure Claim does not match the Debtors' books and records.

### THE AMOUNT OWED UNDER THE CLARION CURE CLAIM

14. As more fully explained in the attached Clarion Cure Claim, the total outstanding pre-petition amount to be paid under the Purchase Orders is not less than Two Million Two Thousand Nine Hundred Eight Dollars and 45/100 ($2,002,908.45). As noted above, the Debtors sent the Debtors' Cure Notice with respect to four (4) of the Purchase Orders and the total cure amount associated therewith was Two Hundred Eighty One Thousand Five Hundred Fifty-Five Dollars and 40/100 ($281,555.40). Therefore, One Million Seven Hundred Twenty-One Thousand Three Hundred Fifty-Three Dollars and 05/100 ($1,721,353.05)[4] remains outstanding

---

[4] $2,002,908.45 - $281,555.40 = $1,721,353.05.


under the Purchase Orders and must be paid to Clarion before the Purchase Orders can be assumed (the "Cure Amount").[5]

15. The Cure Amount remains unpaid by the Debtors. The Debtors cannot assume the Purchase Orders until they are cured under 11 U.S.C. § 365.

16. Clarion does not object to the assumption of the Purchase Orders provided the Cure Amount is paid in cash.

## THE DEBTORS DID NOT TIMELY FILE THE OMNIBUS 8.2(b) CURE OBJECTION

17. Clarion timely filed the Clarion Cure Claim on March 6, 2008.

18. The Debtors filed the Omnibus 8.2(b) Cure Objection on April 24, 2008, which was forty-nine (49) days after the filing of the Clarion Cure Claim.

19. Section 8.2(b) of the Plan states "[a]ny party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto."

20. Pursuant to Section 8.2(b) of the Plan, the Debtors were required to respond to the Clarion Cure Claim forty-five (45) days after filing and receipt of the Clarion Cure Claim. Since the Clarion Cure Claim was electronically filed and served via Federal Express, overnight

---

[5] As of the date of the filing of the Notice of Cure Claim, Clarion was able to identify Purchase Orders and/or invoices totaling $1,644,996.20 with respect to the $1,721,353.05 Cure Amount. Clarion reserves the right to amend Exhibit A to the Notice of Cure Claim to add any additional invoices as well as reserves the right to introduce any additional Purchase Orders and/or invoices at any hearing or trial on this Notice of Cure Claim.

delivery,[6] on March 6, 2008 and received by the Debtors on March 7, 2008, the Omnibus 8.2(b) Cure Objection was due on or before April 21, 2008.[7] The Omnibus 8.2(b) Cure Objection was filed on April 24, 2008. Therefore, the Omnibus 8.2(b) Cure Objection was filed late and the Debtors should be required to pay the Clarion Cure Claim, in cash.

### THE DEBTORS HAVE NOT PRODUCED OR PROFFERED SUFFICIENT EVIDENCE TO SUPPORT THE OMNIBUS 8.2(b) CURE OBJECTION

21. Even if the Debtors timely filed the Omnibus 8.2(b) Cure Objection, the Debtors have not produced or proffered sufficient evidence to support the Omnibus 8.2(b) Cure Objection. On the other hand, Clarion has submitted sufficient proof to support the amount of the Cure Amount, which proof has not been rebutted by the Debtors.

22. As such, the Omnibus 8.2(b) Cure Objection is ineffective against the Clarion Cure Claim. Therefore, the Clarion Cure Claim is required to be paid, in cash, under 11 U.S.C. § 365.

### MEMORANDUM OF LAW

23. This Response sets forth the relief requested by Clarion under appropriate headings and contains citation of authorities upon which the relief requested is based. Clarion respectfully requests that the requirements of the service and filing of a memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

### RESERVATION OF RIGHTS

24. Clarion expressly reserves its right to supplement and modify this Response as well as the Clarion Cure Claim. This Response is being filed as it pertains to the Purchase Orders

---

[6] *See* Certificate of Service at Docket No. 13007.

[7] April 20, 2008 was a Sunday. Therefore, pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, the Omnibus 8.2(b) Cure Objection was due on April 21, 2008.

and the rights derived thereunder or related thereto. Nothing contained herein should be construed as a waiver by Clarion with respect to any other rights.

WHEREFORE, Clarion respectfully requests that this Court enter an order (i) requiring the Debtors to pay the Cure Amount, in cash, prior to the assumption of the Purchase Orders, and (ii) granting such other and further relief that is just and appropriate under the circumstances.

Dated: May 20, 2008

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone (317) 236-1313
Facsimile (317) 231-7433
E-Mail: michael.mccrory@btlaw.com
E-Mail: mark.owens@btlaw.com

*Attorneys for Clarion Corporation of America*