SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN
<u>CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS</u>

PLEASE TAKE NOTICE THAT:

          1.      On December 21, 2007, the United States Bankruptcy Court entered an

order (Docket No. 11578) (the "Steering Bidding Procedures Order") authorizing and

approving, among other things, notice procedures related to the assumption and assignment

of certain prepetition executory contracts and unexpired leases in connection with the sale of the Debtors' steering and halfshaft business (the "Steering Business").

2. Pursuant to the terms of the Master Sale and Purchase Agreement entered into by and among Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] and Steering Solutions Corporation and certain of its affiliates (the "Buyers"), the Selling Debtor Entities will seek to assume and assign to the Buyers certain prepetition executory contracts and unexpired leases related to the Steering Business.

3. On March 25, 2008, the Bankruptcy Court entered an order, which, among other things, established procedures for assuming and assigning certain remaining executory contracts that were not included on the notices under the Bidding Procedures Order (Docket No. 13232) (the "Omitted Contract Assumption Procedures Order").

4. In accordance with the Omitted Contract Assumption Procedures Order and the Agreement, the Selling Debtor Entities hereby provide notice of their intent to cure ("Cure") and assume and assign to the Buyers the contract(s) listed on Exhibit 1 attached hereto (the "Omitted Contracts"). The Debtors' records reflect the amounts owing for prepetition arrearages as set forth on Exhibit 1 (the "Cure Amount").

5. The assumption of the Omitted Contracts would occur on the earlier of the Debtors' emergence date from these chapter 11 cases (the "Emergence Date") pursuant to the Debtors' confirmed plan of reorganization (the "Plan") or the closing date on the sale of the Steering Business (the "Closing Date"). Under either scenario, the Cure Amounts would be paid in cash.

---

[1] Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC, Delphi Technologies, Inc., Delphi China LLC, and Delphi Automotive Systems (Holdings), Inc. Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

6. Even if the Emergence Date occurs before the Closing Date and the Omitted Contracts listed on Exhibit 1 are assumed by the Debtors on the Emergence Date, the Selling Debtor Entities would assign such contracts to the Buyers on the Closing Date.

7. Objections, if any, to the assumption and assignment of an Omitted Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered February 4, 2008 (Docket No. 12487) (together with the Supplemental Case Management Order, the "Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form so that it is actually received within ten days after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii)

3

counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons, Ron E. Meisler, and Brian M. Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyers, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017 (Att'n: Richard L. Wynne), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard).

8. If an objection to the assumption and assignment of an Omitted Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, **on June 24, 2008, at 10:00 a.m. (prevailing Eastern time)** or such date and time as the Court may schedule.  If no objection is timely received, the non-Debtor party to the Omitted Contract will be deemed to have consented to the assumption and assignment of the Omitted Contract to the Buyers and will be forever barred from asserting any other claims, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Omitted Contract, against the Selling Debtor Entities or the Buyers, or the property of either of them.

9. Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in this Notice will be paid in accordance with the

4

terms of the Omitted Contracts Assumption Procedures Order.  Further, there is adequate assurance of the Buyers' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Buyers.

        10.     Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Omitted Contract and provide a new notice amending the information provided in this notice.

Dated: New York, New York
      May 20, 2008

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

            - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

# EXHIBIT 1

Air Products and Chemicals, Inc.
Marcia Goroski
Global Account Manager
4 Lord Stirling Drive
Parsippany, NY 07054

| **Contract to be assumed and assigned:** | **Cure Amount:** |
|---|---|
| Purchase Order No. 450176269 | $7,081.41 |

# EXHIBIT 1

Henry Country REMC
Steve Wolfrom
Manager
Henry County REMC
PO Box D
New Castle, IN 43762

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Electric Facilities Agreement among Dephi Corporation, Henry Country REMC, and Hoosier Energy Rural Electric Cooperative, Inc., dated March 23, 2004 | $0.00 |

## EXHIBIT 1

Henry County Rural Electric Membership Corporation
Steve Wolfrom
Manager
Henry County REMC
PO Box D
New Castle, IN 43762

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Henry County REMC Service Contract between Henry County Rural Electic Membership Corporation and Delphi Corporation, dated March 11, 2004 | $18,060.84 |

# EXHIBIT 1

Hoosier Energy Rural Electric Corporation, Inc.
Chuck Martindale
Hoosier Energy REC
7398 North State Road 37
Bloomington, IN 47404

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Electric Facilities Agreement among Dephi Corporation, Henry Country REMC, and Hoosier Energy Rural Electric Cooperative, Inc., dated March 23, 2004 | $12,388.21 |

# EXHIBIT 1

Tennessee Valley Authority
General Manager
Industrial Marketing
PO Box 292409
Nashville, TN 37229-2409

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Firm Power and LFP Power Contract (Contract No. 0044496) between Delphi Corporation and Tennessee Valley Authority, dated April 20, 2005 | $0.00 |

# EXHIBIT 1

Tennessee Valley Authority
General Manager
Industrial Marketing
PO Box 292409
Nashville, TN 37229-2409

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Letter Agreement between Tennessee Valley Authority and Delphi Corporation, dated April 6, 2005 (Supplement No. 1 to Contract 00044496) | $0.00 |

# EXHIBIT 1

Tennessee Valley Authority
General Manager
Industrial Marketing
PO Box 292409
Nashville, TN 37229-2409

| Contract to be assumed and assigned: | Cure Amount: |
|---|---|
| Letter Agreement between Tennessee Valley Authority and Delphi Corporation, dated May 6, 2005 (Supplement No. 2 to Contract 00044496) | $0.00 |