PEPPER HAMILTON LLP
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

and

Henry J. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Counsel for SKF USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | |

**SKF USA INC.'S RESPONSE TO OBJECTION TO CURE PROPOSAL**

SKF USA Inc. ("SKF") hereby files this response to the Debtors' Objection to Cure Proposal. SKF also hereby reiterates its notice to the Debtors that it elects to be paid in cash for all cure amounts due and owing to it for any executory contract assumed by the Debtors, whether assumed pursuant to the Steering Sale Motion, the Debtors' plan of reorganization or otherwise. In support hereof, SKF states as follows:

#9651566 v1

## APPLICABLE DEADLINES AND PURPOSE OF THIS PLEADING

1.    Pursuant to the Debtors' confirmed plan of reorganization (the "Plan") and various motions and notices, the Debtors have created different procedures for counterparties to assert the proper cure amounts relating to executory contracts being assumed by one or more of the Debtors. SKF has met all previous deadlines to preserve its rights to payment of proper cure amounts, in full, in cash:

a.    On February 1, 2008, SKF filed its Objection Of SKF USA Inc. To (I) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With The Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Numbers 9016236, 9016280, 9016383, (B) Purchase Order Numbers SAG9014765, SAG9012726; And (C) Purchase Order Numbers 9015996, 9016242, 9016243; (II) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business Relating To (A) Purchase Order Number SAG9014765; And (B) Purchase Order Number SAG9012726 (the "Initial Steering Objection");

b.    On February 7, 2008, SKF filed SKF USA Inc.'s (I) Objection To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization; (II) Preliminary Statement Of Cure Amounts With Respect To All Executory Contracts That Have Not Been Previously Assumed; And (III) Preliminary Request For Administrative Expense Claim (the "Initial Cure and Administrative Expense Claim Statement");

c.    On March 7, 2008, SKF filed SKF USA, Inc.'s (A) Supplemental Statement Of Cure Amounts With Respect To All Executory Contracts That Have Not Been

#9651566 v1

Previously Assumed; And (III) Supplemental Request For Administrative Expense Claim (the "Supplemental Cure and Administrative Expense Claim Statement"); and

   d. On April 9, 2008, SKF filed its Objection To Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (the "Supplemental Steering Objection").

   2. Because the Debtors have sought to assume certain purchase orders under more than one procedure, SKF has filed several pleadings relating to the same purchase order(s) in order to comply with all applicable procedures.

   3. On or about April 24, 2006, the Debtors filed an objection to cure proposals submitted pursuant to Section 8.2(b) of the Plan. Although the Debtors do not specify to which of SKF's pleadings the objection relates, it objects to the cure proposal relating to SKF purchase order number SAG9014642. This purchase order is the subject of the Initial Cure and Administrative Expense Claim Statement, the Supplemental Cure and Administrative Expense Claim Statement, and the Supplemental Steering Objection.

   4. Pursuant to the procedures relating to the sale of the Debtors' Steering and Halfshaft Business, the Debtors have sought to assume Purchase Order SAG9014642 and assign it to the purchaser. In connection with that process, the Debtors and SKF have agreed to a resolution of the cure amount and are currently engaged in the process of reducing that agreement to writing. However, the Debtors have refused to include within that resolution an agreement regarding the cure amount for Purchase Order SAG9014642 if it is assumed pursuant to the terms of the Plan, and not the sale of the Steering and Halfshaft Business. As a result, the Debtors will not withdraw the present objection. SKF hereby files this pleading to again

#9651566 v1

preserve its rights to be paid, in full, in cash, all amounts due and owing under Purchase Order SAG9014642, either as a cure claim or an administrative expense priority claim.

5. Nothing herein shall be deemed a waiver of any of SKF's rights, and shall not constitute a waiver, abandonment, withdrawal or otherwise of any of the Initial Steering Objection, the previously approved stipulation resolving the Initial Steering Objection, the Initial Cure and Administrative Expense Statement, the Supplemental Steering Objection or the Supplemental Cure and Administrative Expense Statement.

### RESPONSE TO OBJECTION

6. The Debtors' Plan provides that all executory contracts that have not terminated on or prior to December 31, 2007 (with some exceptions not relevant here) will be assumed on the Effective Date. As set forth in its previous pleadings, SKF elects to be paid in full, in cash for all cure amounts relating to the assumption of any executory contract.

7. SKF does not object to the current amount proposed by the Debtors as the cure amount required to be paid in connection with the assumption of Purchase Order SAG9014642. However, any amounts that accrue from the date of this pleading through the assumption of the purchase order, whether in default and subject to "cure" or not in default and entitled to an administrative expense priority claim, must be paid in full, in cash.

8. SKF objects to the entry of any order fixing the cure amount to the amount currently due and owing, without preserving SKF's rights to be paid for any subsequently incurred claims relating to the assumed executory contract.

WHEREFORE, SKF respectfully requests that this Court enter an order (a) allowing SKF's cure claims, to be paid in full in cash prior to the assumption of its executory contracts, in the full amount of all outstanding obligations for which the Debtors are currently in default relating to such executory contracts; (ii) requiring the Debtors to cure, by making

#9651566 v1

payment in full in cash to SKF prior to the assumption of any executory contract, any amount that is incurred in the future and for which the Debtors are in default as of the assumption date; and (iii) requiring the Debtors to pay, in full and in cash, any administrative expense priority claims for all outstanding amounts incurred in the future which are not in default as of the assumption date; and (b) grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Linda J. Casey
Linda J. Casey (LC 1891)
Anne Marie Aaronson (AA 1679)
PEPPER HAMILTON LLP
3000 Two Logan Square,
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

-and-

Henry J. Jaffe
James C. Carignan
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(302) 777-6500
Counsel for SKF USA Inc.

DATED: May 21, 2008

#9651566 v1