Hearing Date and Time: May 29, 2008 at 10:00 a.m.
Objection Deadline: May 22, 2008 at 4:00 p.m.

**SEYFARTH SHAW LLP**
1545 Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 885-1500
Paul M. Baisier (PB 8927)

-and-

**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
Tel: 212-218-5500
Robert W. Dremluk (RD 3109)

*Attorneys for Fujikura America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
In re:                                    )        Chapter 11
                                          )
DELPHI CORPORATION, et al.                )        Case No. 05-44481 (RDD)
                                          )
                                          )        (Jointly Administered)
          Debtors.                        )
--------------------------------------------------X

### FUJIKURA AMERICA, INC.'S RESPONSE TO THE DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS

Fujikura America, Inc. ("Fujikura"), through its undersigned counsel, hereby files

Fujikura's Response ("Response") to the Debtors' (I) Omnibus Objection Pursuant to

Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure

Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request

for Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure

Objection"), and to the Debtors' associated "Notice of Objection to Cure Proposal", dated April

24, 2008 and addressed to Fujikura.

In support of its Response, Fujikura states as follows:

## I.    BACKGROUND

1.    Delphi Corporation and its related domestic entities (collectively, the "<u>Debtors</u>")

commenced their bankruptcy cases under Chapter 11 of title 11, United States Code (the

"<u>Bankruptcy Code</u>") on October 8 and 14, 2005 (the "<u>Filing Dates</u>").  No trustee or examiner has

been appointed in these cases, and the Debtors remain in possession.

2.    On or about December 10, 2007, Debtors purportedly served a Notice of Cure

Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under

Plan of Reorganization (the "<u>Notice of Cure</u>") on Fujikura.

3.    Fujikura properly and timely submitted its completed Notice of Cure to Debtors'

administrator, Kurtzman Carson Consultants LLC, by the January 11, 2008 deadline.

4.    Debtors did not object to the form or substance of Fujikura's submission of its

completed Notice of Cure.

5.    However, the Notice of Cure failed to list several executory contracts with

Fujikura that should have been listed.

6.    As a result, on or about January 10, 2008, Fujikura filed its Limited Objection to

Confirmation of the Plan of Reorganization (the "<u>Limited Objection</u>").  The Limited Objection

identified several open prepetition executory contracts between Debtors and Fujikura that were

not included in the Cure Notice but that had unpaid prepetition amounts associated with them.

2

7.      Specifically, the Limited Objection noted that the Notice of Cure failed to list

(and provide cure amounts for) the following eight (8) open prepetition purchase orders between

Fujikura and Debtors:

> PO# 550028999
> PO# 550053057
> PO# 550143952
> PO# 550079361
> PO# 550143952
> PO# 550054621
> PO# 550069721
> PO# 550029000

8.      Subsequently, in an attempt to resolve Fujikura's Limited Objection, Debtors and

Fujikura exchanged communications and documents regarding the eight (8) executory contracts

that were not included in the Notice of Cure.

9.      Based on the communications with the Debtors, as well as a review of Fujikura's

records, Fujikura determined that the following three (3) prepetition executory contracts that

were not included in the Notice of Cure have outstanding prepetition obligations that must be

cured in order for same to be assumed (the "Additional Outstanding Executory Contracts"):

| Contract/PO# | Cure Amount Owed |
| --- | --- |
| PO#550028999 | $25,974.00 |
| PO#550029000 | $1,166.20 |
| PO#550079361 | $3,341.25 |

10.      Pursuant to the terms of the Disclosure Statement and the Plan of Reorganization,

the Debtors are to assume all executory contracts not otherwise rejected.  Accordingly, Fujikura

understands that all executory contracts with Debtors will be assumed, and thus all defaults

under same must be cured.

11.      On or about January 25, 2008, the Court entered an order confirming Debtors'

Plan of Reorganization (the "Confirmation Order").

3

1.      ATI 32489137.2

12.    Article 8.2(b) of the confirmed Plan of Reorganization (the Plan") provides, in

pertinent part: "Any party to an Other Executory Contract . . . who wishes to assert that Cure

shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to

be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the

address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the

"Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the

case may be, shall have 45 days to file any objections thereto."

13.    On March 7, 2008, Fujikura timely filed its "Cure Claim Pursuant to Section

8.2(b) of Confirmed Plan" (the "Fujikura Cure Claim") before the Cure Claim Submission

Deadline.

14.    The Fujikura Cure Claim itemized the following Additional Outstanding

Executory Contracts (and the associated cure amounts for each contract) between Debtors and

Fujikura that were not included in the Notice of Cure sent to Fujikura and remain outstanding:

| Contract/PO# | Cure Amount Owed |
|---|---|
| PO#550028999 | $25,974.00 |
| PO#550029000 | $1,166.20 |
| PO#550079361 | $3,341.25 |

15.    Fujikura requested that the Debtors cure defaults under the three (3) Additional

Outstanding Executory Contracts by paying the indicated amounts.[1]  Also, Fujikura requested

that the payment of the cure amounts be made in cash as soon as reasonably practicable after the

Effective Date (as defined by the Plan), but in any event no later than 30 days after the Effective

Date.

---

[1]    Additional information regarding these amounts are included in the timely field Proof of
Claim of Fujikura.  These amounts are in addition to the amounts requested under the response
filed by Fujikura to the Notice of Cure.

4

16.    On or about April 24, 2008, which was forty-eight (48) days after Fujikura filed its Fujikura Cure Claim, Debtors filed its Omnibus 8.2(b) Objection.

17.    In Debtors' Omnibus 8.2(b) Objection, Debtors objected to the Fujikura Cure Claim by stating that the amounts asserted did not match the Debtors' books and records.

18.    Debtors concede that of the asserted total additional cure amount of $30,481.45, $22,518.00 should be permitted as the modified amount.  Therefore, Debtors are objecting to Fujikura's request for cure of contracts totaling $7,963.45.

19.    Debtors did not submit or reference any evidence to support their objection and did not address the documents and communications previously exchanged by Fujikura with Debtors' counsel.

## II.    THERE IS NO BASIS TO SUPPORT DEBTORS' OBJECTION TO THE FUJIKURA CURE CLAIM

20.    After review of the Debtors' Omnibus 8.2(b) Objection and prior communications and exchanged documents with Debtors' counsel, it appears Debtors object to the Fujikura Cure Claim as follows:

| Contract/PO# | Cure Amount Sought | Summary of Debtors' Objection |
| --- | --- | --- |
| PO#550028999 | $25,974.00 | Reduce by $3,456 for Invoice Q1120104 because the product was returned |
| PO#550029000 | $1,166.20 | Eliminate because Invoices 102005QG and 26-DE029 were paid in full. |
| PO#550079361 | $3,341.25 | Eliminate because it was paid in full. |

21.    Each of Debtors' objections are incorrect.

A.    PO#550028999

22.    Debtors do not object to curing this contract in entirety.  Rather, based on prior communications with Debtors' counsel, Debtors object to the cure of one of the invoices under

PO#550028999.  Specifically, Debtors contend that Invoice Q1120104 should not be subject to

cure because the product was returned to Fujikura.

23.      However, Debtors' own records confirm that the product that the Debtors' allege

was returned was (a) not a product of Fujikura; and (b) returned to a third party named Krah.

Attached as <u>Exhibit A</u> is the Purchased Material Rejection Report forwarded to Fujikura by

Debtors, along with a cover e-mail from Fujikura.

24.      Accordingly, Debtors' books and records are incorrect.  Invoice Q1120104 is

subject to cure and PO#550028999 should be cured for the total amount of $25,974.00.

B.      PO#550029000

25.      Debtors object to curing this contract in its entirety.  Based on prior

communications with Debtors' counsel, Debtors assert that the invoices under this contract

(Invoice 102005QG and Invoice 26-DE029) were paid in full.

26.      Fujikura admits that the amounts owed under Invoice 102005QG were paid in

full.

27.      However, a balance of $1166.20 remains under Invoice 26-DE029, and therefore,

PO#550029000 remains subject to cure.  Attached as <u>Exhibit B</u> is Fujikura's records showing

that of the $8,616.96 owing on Invoice 26-DE029, only $7,450.76 was paid by Debtors, with the

balance of $1,166.20 written off by Fujikura for internal record-keeping purposes only.

28.      Accordingly, Debtors' books and records are incorrect.  Invoice 26-DE029

remains subject to cure and PO#550029000 should be cured for the total amount of $1166.20.

6

C.    PO#550079361

29.    Debtors object to curing this contract in its entirety.  Based on prior communications with Debtors' counsel, Debtors assert that the invoice under this contract (Invoice QF100505, in the amount of $3,341.25) was paid in full.

30.    However, Fujikura was never paid for this contract.  Attached as Exhibit C are Fujikura's records showing that Fujikura was never paid for Invoice QF100505.

31.    Accordingly, Invoice QF100505 remains subject to cure and PO#550079361 should be cured for the total amount of $3,341.25.

## III.    DEBTORS DID NOT TIMELY FILE THE OMNIBUS 8.2 OBJECTION

32.    Fujikura timely filed the Fujikura Cure Claim on March 7, 2008.

33.    Debtors filed its Omnibus 8.2(b) Objection on April 24, 2008, forty-eight (48) days after the filing of the Fujikura Cure Claim.

34.    Article 8.2(b) of the Plan states: "Any party to an Other Executory Contract . . . who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 hereof within 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), *after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto*." (Emphasis added.)

35.    Accordingly, the Omnibus 8.2(b) Objection is ineffective as it related to the Fujikura Cure Claim.  Therefore, the Fujikura Cure Claim is required to be paid, in cash, under 11 U.S.C. § 365.

7

36.     Fujikura expressly reserves its rights to supplement and modify this Response as well as the Fujikura Cure Claim.  This Response is filed as it relates to the Fujikura Cure Claim and the rights derived thereunder.  Nothing contained herein should be construed as a waiver of Fujikura with respect to any other rights.

WHEREFORE, Fujikura respectfully requests that this Court enter an order:

(a) holding that all defaults under the Additional Outstanding Executory Contracts must be cured and associated damages paid as set forth herein, and that Debtors' Omnibus 8.2(b) Objection as it relates to Fujikura's claim is overruled;

(b) directing Debtors to cure the Additional Outstanding Executory Contracts by paying the amounts indicated herein with respect thereto;

(c) directing Debtors to pay the amounts owed for the Additional Outstanding Executory Contracts in cash as soon as reasonably practicable after the Effective Date (as defined by the Plan), but in any event no later than 30 days after the Effective Date; and

(d) granting Fujikura such other relief as is appropriate.

Dated: May 21, 2008

Respectfully submitted,

**SEYFARTH SHAW LLP**
/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

8

-and-

**SEYFARTH SHAW LLP**
Paul Baisier (PB 8927)
1545 Peachtree Street, NE, Suite 700
Atlanta, Georgia 30309
404-885-6715
404-885-6779 (FAX)
pbaisier@seyfarth.com

*Attorneys for Fujikura America, Inc.*

1.      ATI 32489137.2

## CERTIFICATE OF SERVICE

I, Robert W. Dremluk, hereby certify that the foregoing was electronically filed using the

Court's CM/ECF filing system, which will send notice of this filing pursuant to the Court's ECF

system. Moreover, I further certify that a true and correct copy of the same was served by

overnight mail to the parties identified below, on this 21st day of May, 2008.

Delphi Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John K. Lyons, Carl Tullson and Ron E. Meisler

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the U.S Trustee
Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Alicia M. Leonard

1.    AT1 32489137.2

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, NY 10004

/s/  Robert W. Dremluk
Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

*Attorneys for Fujikura America, Inc.*

1.    ATI 32489137.2

# EXHIBIT A

## Fides Pacheco

|          |                                                          |
|----------|----------------------------------------------------------|
| From:    | Fides Pacheco [fides@fujikura.com]                       |
| Sent:    | Wednesday, May 16, 2007 3:33 PM                          |
| To:      | 'Arambasich, Rob'                                        |
| Subject: | FW: Delphi claimed that attached shipment was returned.  |
| Importance: | High                                                  |

Rob,

Below is the feedback I got from my staff handling Delphi shipments.

I quote:
Fides,

I just reviewed the paperwork again, and saw the vendor as KRAH C/O IQS.
I wonder if the products were made by Krah, that is why we don't have any record.

"ASN# QI120104" is for the shipment that Fujikura / IQS made on 12/1/04, but since this number was noted by handwriting, it is possible that it isn't a valid number.

I doubt this claim was not for FAI, but it was for Krah.

Please let me know if you have any comments.
Thank you.

Unquote:

Please verify and advise us if this return is not for FAI but for Krah.

FYi.


*Fides N. Pacheco*
GM - Operations Group
Tel No. 408 988 7467
Cell No. 408 529 4154
Fax No. 408 980 9750
Fides,

I just reviewed the paperwork again, and saw the vendor as KRAH C/O IQS.
I wonder if the products were made by Krah, that is why we don't have any record.

"ASN# QI120104" is for the shipment that Fujikura / IQS made on 12/1/04, but since this number was noted by handwriting, it is possible that it isn't a valid number.

I doubt this claim was not for FAI, but it was for Krah.

Please let me know if you have any comments.
Thank you.


12/13/2007

DEC-14 2007  16:24     Fujikura America INC.                    408 727 3415    P.017

DELPHI ADMINISTRATION  Fax:7164393845          Aug 19 2005    9:23    P. 03

## Purchased Material Rejection Report

PMRR NO.
396

| Krah C/O IQS | | | F/I DEPT | DATE RECEIVED (EST | |
| VENDOR | | | | 12/2/2004 | |
| | | | MATERIAL NO. | RETURN | |
| STREET ADRESS | | | 58A02974 | | |
| Kenmore | NY | 14217 | MATERIAL | | |
| CITY | STATE | ZIP CODE | Resistor | | |

**PRELIMINARY**   TOTAL UNITS   UNIT OF   DELPHI CONTACT/ PHONE:
                  2880          Piece     L Stellrecht      / 716 4383355

Reason Rejected
To be tested by IQS

**FINAL**          FINAL PURCH          SUM TOTAL     UNIT OF
                   RETURN TO VENDOR     2880          Piece

COMMENTS & MOVEMENT INSTRUCTIONS:
Claim #22 / 3552 – To be tested by IQS and returned to Delphi T&I (08/19/2005)

**SAP Delivery
Number**                          **ZRET Number**

5004070·950                       5005521338

01832750 81

Q I 120104

RECEIVING BLDG.          Fax:7164393735          May  7 2007 12:29    P.01

TOTAL P.017

# EXHIBIT B

**Fujikura America, Inc.**

**INVOICE**

Invoice : Reprint
Page 1 of 1

Invoice No : **133167**
Invoice Date : 9/13/2005
Order No : 38736-0
Order Date : 6/1/2005
Cust PO No : 0550029000/HN02513

Date Shipped : 9/13/2005
Carrier : DANZAS
Freight :
FOB : FCA JAPAN

Sold To : 001715
DELPHI AUTOMOTIVE SYSTEMS - DO NOT USE
ACCOUNTS PAYABLE
200 UPPER MOUNTAIN ROAD
LOCKPORT, NY 14094
USA

Ship To : ELPASO
DELPHI AUTOMOTIVE SYSTEMS
DELPHI HARRISON DISTRIBUTION CENTER
32 CELERITY WAGON
EL PASO, TX 79906
USA

Contact : RICK LIRA
Terms : NET 30
Tax : NOTAX

| | Item No / Description | Ordered | Shipped | UOM | Unit Price | Ext Amount |
|---|---|---|---|---|---|---|
| 1 | 52405740 REV04 | 6,528.0 | 6,528.0 | EA | 1.3200 | $8,616.96 |
| | RESISTOR ASM (329N) | | | | | |

**PAID**

Remit To : FUJIKURA AMERICA INC
WACHOVIA BANK N.A.
PO BOX 930885
ATLANTA GA 31193
USA

Comments :
FAIPO# 55171, 26-DE029
BU# TYO039568
shipped on 8/5/05

| | |
|---|---|
| Subtotal : | $8,616.96 |
| | $0.00 |
| Tax : | $0.00 |
| Freight : | $0.00 |
| **Invoice Total :** | $8,616.96 |
| Total Payments : | $.00 |
| **Amount Due :** | $8,616.96 |

DEC-14-2007  16:20       Fujikura America INC.                    408 727 3415      P.007

Printed 12/13/2007                    Posted Cash Receipts Listing By: Document Control Number / Payer Customer Code                    Page
Printed   10:26:52AM

Beginning Payer Customer Code: 001715                                                                    Ending Payer Customer Code: 001715
Beginning Apply Date: 12/06/2005                                                                         Ending Apply Date: 12/06/2005

FAI
Detail Style

| TRX CONTROL NUMBER | CURRENCY CODE | DESCRIPTION | ENTRY DATE | APPLY DATE | BATCH CODE | SETTLEMENT NUM |
| PAYER CUST CODE | | PAYER CUSTOMER NAME | POST DATE | GL JRNL CTRL NUM | USER ID | CASH ACCOUNT CODE |
|---|---|---|---|---|---|---|
| PYTRX0034957 | USD | | 1/6/2006 | 12/6/2005 | ARB0014202 | STL0010998 |
| 001715 | | DELPHI AUTOMOTIVE SYSTEMS - DO NOT USE | 1/6/2006 | JRNL0034648 | 8 | 1002-0001-0000001-000000 |

---------- PAYMENT INFORMATION ----------

Payment Method ................. : WIRE          Payment Amount .................. : $7,450.76
Payment Type ................... : Normal Payment  Undistributed Amount .......... : $0.00
Document Number ................ : 120692380        Deposit Number ................. : DEPSIT00002881
Document Date ................. : 12/6/2005

HOME / OPERATIONAL CURRENCY INFORMATION

| CURRENCY | RATE TYPE | RATE | PAYMENT AMOUNT | DISCOUNT | UNDISTRIBUTED AMOUNT | WRITE-OFF AMOUNT | APPLIED AMOUNT |
|---|---|---|---|---|---|---|---|
| HOME 1 USD | BUY | 1.000000* | $7,450.76 | $0.00 | $0.00 | $0.00 | $7,450.76 |

| APPLY TO NUMBER | DOCUMENT NUMBER | DOCUMENT TYPE | AGING DATE | DISCOUNT TAKEN | GAIN/LOSS HOME | | |
| CUSTOMER CODE | DESCRIPTION | | APPLY DATE | AMOUNT | | | |
|---|---|---|---|---|---|---|---|
| INV00133167 | INV00133167 | INVOICE | 9/13/2005 | | | | |
| 001715 | | | 12/6/2005 | | | | |

Document Control Number 120692380001715 Totals:

Standard Payment ....... :   $7,450.76   Undistributed ........ :   $0.00
Non-AR Payment ......... :   $0.00       Write-Off ............ :   $0.00
Credit Memo Amount ..... :   $0.00       Discount Taken ....... :   $0.00
Gain \ Loss ............ :   $0.00

REPORT TOTALS:
Standard Payment ....... :   $7,450.76   Undistributed ........ :   $0.00
Non-AR Payment ......... :   $0.00       Write-Off ............ :   $0.00
Credit Memo Amount ..... :   $0.00       Discount Take ........ :   $0.00
Gain \ Loss ............ :   $0.00

TOTAL NUMBER OF POSTED CASH RECEIPTS LISTED:         1

DEC-14-2007  16:21     Fujikura America INC.                    408 727 3416     P.009



# EXHIBIT C

EXHIBIT "B" TO PROOF OF CLAIM OF FUJIKURA AMERICA, INC.

| Invoice No. | | Part Number | Program | Doc Amt | QTY | Location | Shipped | Delphi ASN# | Delphi Receiving# | Remarks as of 6-18-07 |
|---|---|---|---|---|---|---|---|---|---|---|
| INV00132565 | HN02512/0550028999 | 52402974 | P90 | $3,369.60 | 2,880 | Lockport | 8/11/2005 | QG081105 | 184519224 | |
| INV00132834 | HN02512/0550028999 | 52402974 | P90 | $3,369.60 | 2,880 | Lockport | 8/23/2005 | QG082305 | 184584010 | |
| INV00132833 | HN02512/0550028999 | 52402974 | P90 | $3,229.20 | 2,760 | Lockport | 8/24/2005 | QG082405 | 184593387 | |
| INV00133380 | HN02512/0550028999 | 52402974 | P90 | $3,369.60 | 2,880 | Lockport | 9/1/2005 | 083105QF | 184635861 | |
| INV00133381 | HN02512/0550028999 | 52402974 | P90 | $3,369.60 | 2,880 | Lockport | 9/8/2005 | 090805QF | 184674757 | |
| INV00133382 | HN02512/0550028999 | 52402974 | P90 | $2,808.00 | 2,400 | Lockport | 9/20/2005 | QF092005 | 184738560 | |
| INV00133683 | HN02512/0550028999 | 52402974 | P90 | $3,229.20 | 2,760 | Lockport | 9/22/2005 | QG092205 | 184753002 | |
| INV00133684 | HN02512/0550028999 | 52402974 | P90 | $3,229.20 | 2,760 | Lockport | 9/27/2005 | QF092705 | 184779732 | |
| INV00133167 | 0550029000/HN02513 | 52405740 | 329N | $8,616.96 | 6,528 | El Paso | 8/5/2005 | 26-DE029 | N/A | paid |
| INV00133941 | 0550029000/HN02513 | 52405740 | 329N | $8,616.96 | 6,528 | El Paso | 9/16/2005 | 10200SQG | 185161428 | paid |
| INV00129425 | 550072559 | 52406833 | Rodman | $232.83 | 130 | El Paso | 4/22/2005 | DHL TRK# 2158675352 | | submitted FAI invoice and POD |
| INV00132837 | 550072559 | 52406833 | Rodman | $3,481.70 | 1,944 | El Paso | 8/23/2005 | QF082305 | 184584009 | |
| INV00133378 | 550072559 | 52406833 | Rodman | $3,481.70 | 1,944 | El Paso | 8/29/2005 | QF082905 | 184623956 | |
| INV00133379 | 550072559 | 52406833 | Rodman | $3,481.70 | 1,944 | El Paso | 9/1/2005 | QH090105 | 184645169 | |
| INV00133685 | 550072559 | 52406833 | Rodman | $3,481.70 | 1,944 | El Paso | 9/16/2005 | QF091605 | 184721019 | |
| INV00133862 | 550072559 | 52406833 | Rodman | $3,481.70 | 1,944 | El Paso | 9/23/2005 | QI092305 | 185027454 | |
| INV00133383 | 550075750 | 52409025 | Delta | $10,771.20 | 7,920 | Lockport | 8/25/2005 | QG082505 | 18493270 | |
| INV00133384 | 550075750 | 52409025 | Delta | $5,385.60 | 3,960 | Lockport | 9/15/2005 | QF091505 | 184714648 | |
| INV00133385 | 550075750 | 52409025 | Delta | $5,385.60 | 3,960 | Lockport | 9/20/2005 | 09190SQF | 184743785 | |
| INV00133864 | 550075750 | 52409025 | Delta | $5,385.60 | 3,960 | Lockport | 9/30/2005 | QF093005 | 184745382 | |

| FAll/Acctg Comments |
|---|
| INV00133184 was paid on 12/06/05 in the amount of $7,450.76  Remaining balance of $1,166.20 INV00133941 was paid on 11/04/05 in the amount of $8,616.96 |
| Unpaid |

| INV00128642 | 550069721 | 52409172 | GMX | $2,154.24 | 1,632 | EL Paso | 3/11/2005 | Fedex TRK# 839291518604 | submitted FAI invoice and POD | | | | | | | | | | | | | | | | | paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| INV00132566 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 8/2/2005 | QF080205 | 184465309 | | | | | | | | | | | | | | | | | |
| INV00132567 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 8/5/2005 | QF080505 | 184488636 | | | | | | | | | | | | | | | | | |
| INV00132568 | 550054621 | 52409172 | GMX | $4,930.00 | 3,944 | Lockport | 8/11/2005 | 0810050D | 184518058 | | | | | | | | | | | | | | | | | |
| INV00132569 | 550069721 | 52409172 | GMT | $5,100.00 | 4,080 | San Ant | 8/11/2005 | QH081105 | 184520819 | | | | | | | | | | | | | | | | | |
| INV00132570 | 550054621 | 52409172 | GMX | $4,930.00 | 3,944 | Lockport | 8/12/2005 | QF081205 | 184526951 | | | | | | | | | | | | | | | | | |
| INV00132571 | 550054621 | 52409172 | GMX | $4,760.00 | 3,808 | Lockport | 8/17/2008 | QF081705 | 184551226 | | | | | | | | | | | | | | | | | |
| INV00132838 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 8/23/2005 | QG082305 | 184584010 | | | | | | | | | | | | | | | | | |
| INV00132839 | 550069721 | 52409172 | GMT | $5,100.00 | 4,080 | San Ant | 8/24/2005 | QF082405 | 184593383 | | | | | | | | | | | | | | | | | |
| INV00132840 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 8/25/2005 | QH082505 | 184593271 | | | | | | | | | | | | | | | | | |
| INV00133336 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/1/2005 | 083105QF | 184635861 | | | | | | | | | | | | | | | | | |
| INV00133337 | 550054621 | 52409172 | GMX | $4,760.00 | 3,808 | San Ant | 9/2/2005 | QH090205 | 184646622 | | | | | | | | | | | | | | | | | |
| INV00133388 | 550069721 | 52409172 | GMT | $5,100.00 | 4,080 | Lockport | 9/2/2005 | QG090205 | 184646623 | | | | | | | | | | | | | | | | | |
| INV00133661 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | San Ant | 9/2/2005 | QG090205 | 184674757 | | | | | | | | | | | | | | | | | |
| INV00133659 | 550054621 | 52409172 | GMX | $4,930.00 | 3,944 | Lockport | 9/8/2005 | 09080SQF | 184704431 | | | | | | | | | | | | | | | | | |
| INV00133660 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/14/2005 | 09130SQF | 184714649 | | | | | | | | | | | | | | | | | |
| INV00133662 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/15/2005 | QG091505 | 184738560 | | | | | | | | | | | | | | | | | |
| INV00133679 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/20/2005 | QF092005 | 184753002 | | | | | | | | | | | | | | | | | |
| INV00133680 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/22/2005 | QG092205 | 184759732 | | | | | | | | | | | | | | | | | |
| INV00133944 | 550069721 | 52409172 | GMX | $4,760.00 | 3,808 | Lockport | 9/27/2005 | QF092705 | 184779734 | | | | | | | | | | | | | | | | | |
| INV00133863 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/27/2005 | QG092705 | 18502O335 | | | | | | | | | | | | | | | | | |
| INV00133949 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 9/30/2005 | QG093005 | 185039265 | | | | | | | | | | | | | | | | | |
| INV00133948 | 550054621 | 52409172 | GMX | $5,100.00 | 4,080 | Lockport | 10/6/2005 | QG100605A | 185051106 | | | | | | | | | | | | | | | | | |
| INV00133168 | 550078028 | 52409877 | Epsilon | $20,047.50 | 14,580 | Lockport | 9/7/2005 | 26-DN073 | 184696200 | | | | | | | | | | | | | | | | | |
| INV00133950 | 5500791S7/550025742 | 52409877 | Epsilon | $3,341.25 | 2,430 | Kansas City | 9/30/2005 | QG092905 | 185048729 | | | | | | | | | | | | | | | | | |
| INV00133951 | 5500257425500791S7 | 52409877 | Epsilon | $6,682.50 | 4,860 | Kansas City | 10/4/2005 | QF100405 | 185048704 | | | | | | | | | | | | | | | | | |
| INV00133952 | 550079361 | 52409877 | Adrian | $3,341.25 | 2,430 | Adrian | 10/5/2005 | QF100505 | 185043777 | | | | | | | | | | | | | | | | | |
| INV00133953 | 550078028 | 52409877 | Epsilon | $3,341.25 | 2,430 | Lockport | 10/6/2005 | QG100605 | 185051107 | | | | | | | | | | | | | | | | | |
| Unsecured Claim | | | | $242,455.24 | | | | | | | | | | | | | | | | | | | | | | |

Unpaid

Unpaid