Hearing Date and Time: May 29, 2008 at 10:00 a.m.
Response Date and Time: May 22, 2008 at 4:00 p.m.

Elena Lazarou (EL-5681)
Debra Turetsky (DT-7189)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

*Attorneys for General Electric Capital Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                                      :

In re                                                   :        Chapter 11

DELPHI CORPORATION, et al.,        :
                                                   :        Case No. 05-44481 (RDD)

               Debtors.               :
                                                   :        (Jointly Administered)
-----------------------------------------------------------x

**RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO THE DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS**

General Electric Capital Corporation ("GE"), by its attorneys Reed Smith LLP, hereby files its response (the "Response") to Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (the "Cure Objection"), and states as follows: [1]

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in GE's Cure Claim dated March 6, 2008 (the "Cure Claim").

NYLIB-8022460.3

1. This Cure Objection is the Debtors' <u>fourth</u> attempt to deny GE its rightful recovery for pre-petition amounts due under the Leases. Even though the Debtors acknowledge that these amounts are owed (GE has filed its Cure Claim in the amount proposed by the Debtors), and GE has provided comprehensive data in support of these amounts, the Debtors continue to object to GE's Cure Claim in a blatant attempt to force a settlement. In any event, the Cure Objection is untimely and should be overruled.

2. As more fully set forth in the Cure Claim, by email dated February 14, 2008, Mr. Rob Arabasich, a representative of the Debtors, expressly offered to settle Claim 15452 with GE for $620,181.39 as a general unsecured claim (the "Settlement Offer"). <u>See</u> Exhibit D to Cure Claim. Despite the fact that GE is actually owed $651,626.18 in pre-petition amounts, GE, in an effort to avoid any further litigation, filed its Cure Claim in the amount of $620,181.39 – the <u>precise amount offered</u> to GE by Mr. Arabasich. GE has in the past provided spreadsheets detailing that $651,626.18 is in fact owed. <u>See</u> Exhibit B to Cure Claim.

3. In response to GE's Cure Claim and the allegations therein, counsel for the Debtors advised that the Debtors are treating pre-petition cure claims and pre-petition general unsecured claims differently for purposes of the claims resolution process. To be clear, counsel for the Debtors acknowledge that there is no legal or theoretical difference in these amounts – just in the way that the Debtors are settling them. In that regard, Debtors' counsel further advised that the $620,181.39 offer from Mr. Arabasich was not for the resolution of the cure claim, but for the pre-petition unsecured claim, and that Mr. Arabasich in fact had no authority to resolve the very separate and distinct cure claim – an unfounded notion, given that <u>Mr. Arabasich is the contact provided months ago by Debtors' counsel themselves in response to GE's request to resolve its claim.</u> This discussion is memorialized in an email from GE's

NYLIB-8022460.3

counsel to Debtors' counsel dated April 3, 2008, which is attached hereto as Exhibit 1.

4.    In the Cure Objection, Debtors put forth <u>no evidence</u> to rebut GE's documents or provide a basis for the lesser $431,077.32 that is allegedly reflected on their books and records.

5.    In any event, the Cure Objection is untimely and should be barred. Pursuant to Section 8.2(b) of the Plan, "[a]ny party...who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors... <u>within</u> 45 days after entry of the Confirmation Order (the "Cure Claim Submission Deadline"), <u>after which</u> the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto" (emphasis added). The Confirmation Order was entered on January 25, 2008, and GE timely filed its Cure Claim on March 6, 2008. Therefore, the Debtors' Cure Objection was due by April 21, 2008 – 46 days thereafter (the 45th day fell on a Sunday). The Debtors, however, filed their Cure Objection on April 24, 2008 – 49 days thereafter and, thus, their Cure Objection is barred as untimely.

6.    Accordingly, GE is entitled to a Cure Claim in the amount of $620,181.39, and the Debtors' Cure Objection and their proposed cure amount of $431,077.32 should be overruled.

### <u>Waiver of Memorandum of Law</u>:

7.    Pursuant to Rule 9013-1(b) of the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, GE respectfully requests that the Court waive the requirement of a memorandum of law in support of this Response, because the legal points and authorities on which this Response relies are incorporated herein. Accordingly, GE respectfully requests that the Court find that Local Rule 9013-1(b) is satisfied.

8.    GE reserves the right to amend or supplement this Response to the extent made

- 3 -

necessary by the response of any party, or as may be requested by the Court.

9. Nothing herein shall be construed as a waiver of GE's rights to file an administrative claim for post-petition amounts owed by the Debtors, all of which are expressly preserved.

WHEREFORE, GE respectfully requests that the Court overrule the Debtors' Cure Objection and their proposed cure amount of $431,077.32, and uphold GE's Cure Claim in the amount of $620,181.39.

Dated: May 21, 2008

> Respectfully submitted,
>
> REED SMITH LLP
>
> /s/ Elena Lazarou
> Elena Lazarou (EL-5681)
> Debra Turetsky (DT-7189)
> REED SMITH LLP
> 599 Lexington Avenue
> New York, New York 10022
> Telephone: 212.521.5400
> Facsimile: 212.521.5450
>
> *Attorneys for General Electric Capital Corporation*

NYLIB-8022460.3