Response Date and Time:  May 22, 2008 at 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
620 Eighth Avenue, 23rd Floor
New York, NY  10018
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: susan.persichilli@bipc.com
Susan P. Persichilli, Esq. (SP- 0368)

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------------------------------- X : | |
| In re: : | Chapter 11 |
| : | Case No. -05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| ---------------------------------------------------------------- X | |

**RESPONSE OF ATEL LEASING CORPORATION
TO DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION
ORDER, II U.S.C.§ § 105(a), 365, AND FED. R. BANKR.P. 9014 REGARDING
CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS'
PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER
PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS**

ATEL Leasing Corporation ("ATEL") as agent for: (i)  Eireann II, a division of ATEL

Transatlantic Investors, Inc. ("ATI"),  (ii)  CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ

Equipment , a division of ATI, (iv) II Bu de Mexico S.A. de C.V.,  and (v) Eireann III, a division of

ATEL Transatlantic Investors II, Inc. (collectively, the "Claimants"), by and through its counsel,

Buchanan Ingersoll & Rooney PC, as and for its Response (the "Response") to the Debtors' (I)

Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C.§ § 105(a), 365, And Fed. R.

Bankr.P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of

Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "'Objection"), hereby respectfully submits this Response and, states as follows:

**PRELIMINARY SUMMARY OF RESPONSE**

1. On March 5, 2008, ATEL timely filed a Cure Claim (the "Cure Claim") pursuant to Article 8.2 of the Debtors' First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession, as Modified (the "Plan"). *See* Docket Entry No. 12976. The Cure Claim asserts that the total *cure* due ATEL is approximately $710,881.87 (the "Cure Claim"). A copy of the Cure Claim is attached hereto as Exhibit 1 and is incorporated by reference herein.

2. By way of the Objection, Delphi Corporation and certain of its subsidiaries and affiliates, the debtors in the above-captioned cases (collectively, the "Debtors"), seek to reduce and modify the Cure Amount on the conclusory basis that the Cure Claim is not consistent with, or owing as Cure Payments pursuant to, the Debtors' books and records. *See* Objection at pages 10-12. Specifically, the Debtors seek to reduce the Cure Amount to $191,055.40 which is the amount of the allowed unsecured pre-petition claim as set forth in the Claims Stipulation (such term is hereinafter defined). Thus, the Objection totally disregards the amounts due and owing post-petition under the Leases and fails to provide any evidence or documentation to refute the post-petition defaults under the leases.

3. The Cure Claim should not be reduced or modified because, among other reasons, (i) the Debtors have failed to state the specific basis upon which the Debtors are objecting to the Claim, (ii) the Debtors have failed to produce any evidence to support the Objection to the Cure Claim, and (iii) the Claimants have sufficiently substantiated the Cure Claim with relevant documentary evidence, including, a detailed breakdown of the Cure Claim and (b) a copy of the underlying master lease agreements and Leases**.**

2

## BACKGROUND

4. On October 8, 2005, and subsequently, on October 14, 2005 (collectively, the "Filing Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code, as amended (the "Bankruptcy Code").

5. On July 28, 2006, ATEL timely filed a proof of claim, Claim No. 12195 (the "Claim") against Delphi Corporation, *et al.* and Delphi Automotive Systems, Inc. for amounts due and owing to ATEL under the Leases. The Claim asserts a claim as of July 18, 2006 in the amount of $4,140,179.97, of which $582,300.00 is asserted as secured, $3,306,138.54 as unsecured, and $251,741.43 as an administrative expense claim.

6. On or about October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C.§ 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "'Objection"). *See* Docket Entry No. 5452.

7. On or about November 22, 2006, ATEL filed a response to the Objection (the "Response"). *See* Docket Entry No. 5781.

8. On or about September 4, 2007, the Debtors filed Notice of Claims Objection Hearing with Respect to the Debtors' Objection to the Claim which provided for a hearing date of November 8, 2007. *See* Docket Entry No. 9242.

9. On or about September 11, 2007, the Debtors filed the Debtors' Statement of Disputed Issues with Respect to the Claim. *See* Docket Entry No. 9330.

10. On September 19, 2007, the Debtors' representatives and ATEL's representatives participated in a "meet and confer" pursuant to the Order Pursuant to 11 U.S.C.§ 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, and 9014 Establishing (i) Dates for Hearings Regarding Objections to claims and (ii) Certain Notices and Procedures Governing Objections to Claim, entered December 7, 2006. *See* Docket Entry No. 6089.

11. Subsequently, the Debtors and ATEL entered into a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 12195 (the "Claims Stipulation"), that was approved by this Court on November 5, 2007. The Claims Stipulation provides, among other things, that the Claim shall be allowed in the amount of $191,055.40 and shall be treated as an allowed general unsecured non-priority claim against the estate of DLS, LLC. *See* Docket Entry No. 10842.

12. On December 10, 2007, this Court approved the Debtors' disclosure statement and on the same day, the Debtors filed the Plan.

13. On December 28, 2007, the Debtors filed Exhibit 8.1(a) to the Plan, which discloses three categories of executory contracts and unexpired leases that are to be rejected pursuant to the Plan. Pursuant to Exhibit 8.1(a) and the Plan, all of the Leases were assumed by the Debtors.

14. On January 25, 2008, this Court approved the Plan by entering its Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Confirmation Order").

15. On March 6, 2008, ATEL timely filed the Cure Claim pursuant to Article 8.2 of the Plan. The Cure Claim provides that as of the date thereof, the total cure amount under the Leases is approximately $710,881.87. See Cure Claim at ¶¶ 17 to 21.

4

16.     On April 24, 2008, the Debtors filed the Objection, which provides that the "Debtors determined that certain Cure Proposals assert liabilities or dollar amounts that are not consistent with, or owing as Cure Payments pursuant to, the Debtors' books and records (the "Books and Records Cure Proposals")." *See* Objection at ¶ *22*.

17.     The bases for determining that the Debtors are not liable for an asserted "Books and Records Cure Proposal" include the following:

> . . . (a) the Debtors' books and records reflect payments made by the Debtors that are not accounted for in the Cure Proposal, (b) the Debtors' books and records reflect that the asserted Cure Proposal states the incorrect, or overstated, amount or (c) the Cure Proposal asserts liabilities for which the Debtors are not liable as a matter of law." *Id.* at ¶ 23.

18.     Accordingly for the reasons set forth below, the relief sought in the Objection should be denied to the extent that it relates to the Cure Claim.

## THE RESPONSE

### A.     The Objection Fails To Set Forth the Specific Basis for Objecting to the Proof of Claim and the General Bases do not Warrant Modification or Reduction of the Cure Claim

19.     The Objection fails to set forth the specific basis for which the Debtors' seek to have the Cure Claim reduced and modified. Instead it merely provides a list of three possible conclusory and vague reasons why the Debtors assert that a claim is a "Books and Records Cure Proposal" -- all of which do not support reduction of the Cure Claim.

20.     As stated above, the three bases for objection to Cure Proposals set forth in the Objection include (a) the Debtors' books and records reflect payments made by the Debtors that are not accounted for in the Cure; (b) the Debtors' books and records reflect that the asserted Cure Proposal states the incorrect, or overstated, amount, or (c) the Cure Proposal asserts liabilities for which the Debtors are not liable as a matter of law.

21. Here, the Cure Claim provides a detailed breakdown of the Cure Amount and the Objection fails to include any evidence to support the reduction of the Cure Claim. As set forth in the Cure Claim, pursuant to section 365(b)(1) of the Bankruptcy Code, prior to the Debtors' assumption of the Leases, the Debtors must cure all outstanding defaults due thereunder. Pursuant to the terms of the Leases, the Debtors are in default under the Leases based upon their failure, *inter alia*, to pay pre-petition and post-petition rent, taxes and/or other obligations due under the Leases.

22. As set forth in the Claims Stipulation, the allowed unsecured pre-petition Claim under the Leases is $191,055.40. In addition, as of February 29, 2008, the total amount due and owing post-petition under the Leases is $470,637.93 plus additional outstanding sales and property taxes. See Exhibit B to the Cure Claim for a breakdown of the total post-petition amounts due and owing under the Leases.

23. Moreover, the Leases provide in pertinent part, that upon a declaration of default, and to the extent permitted by law, the debtor shall pay "all reasonable costs and expenses, including reasonable legal fees incurred by the Lessor in connection with the enforcement of, but not the administration of, the Agreement." *See* the Leases at Section XII(a). As of the date of this Cure Claim and subject to continued accrual, ATEL has incurred the aggregate amount of $46,585.00 in legal fees and the aggregate amount of $2,603.54 in expenses.

24. As of March 5, 2008 and subject to continued accrual, ATEL asserts in the Cure Claim that the total *cure* amount under the Leases is approximately $710,881.87. However, to the extent that rent, attorneys' fees, taxes and any other charges continue to accrue or become due and/or ATEL suffers other liabilities and/or losses under the Leases, ATEL hereby reserves its right to amend and/or supplement the Cure Amount to reflect such additional amounts.

25. As for the books and records objection, the Debtors fail to submit one scintilla of evidence to support that basis. In fact, the Proof of Claim, its supporting documentation, the Cure

6

Claim and the Claims Stipulation sufficiently supports the existence and validity of the Cure Claim. Should however, the Debtors require additional information to process and review the Cure Claim; the Claimants would provide such information/documentation. Further, ATEL through its counsel contacted Debtors' counsel on several occasions to inquire as to what, if any, additional documentation they required to reconcile the Cure Claim and provided counsel with a copy of the underlying master lease agreement.

26. Moreover, on or about February 19, 2007, the Claimants filed a Motion (A) for Allowance and Payment of Outstanding Post-Petition Amounts as Administrative Expense Claim; (B) To Compel Assumption or Rejection of Unexpired Lease; and (C) For Immediate Turnover of Equipment Upon Rejection ("<u>Motion to Compel</u>"). For more than three months, ATEL worked with the Debtors' in an effort to reconcile the post-petition amounts due and owing under the Leases and provided substantial detailed supporting documentation. For the Debtors to now assert that there are no monies due "post-petition" is specious at best.

B. **<u>The Debtors Did Not Timely File the Objection</u>**

27. The Claimants filed the Cure Claim on March 5, 2008.

28. The Debtors filed the Objection on April 24, 2008, which was fifty (50) days after the filing of the Cure Claim.

29. Section 8.2(b) of the Plan and the Paragraph 25 of the Confirmation Order, "[a]ny party to an Other Executory Contract or Other Unexpired Lease who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors or Reorganized Debtors, as applicable, and their counsel at the address set forth in Article 14.8 of the Plan within 45 days after entry of this Confirmation Order (the "Cure Claim Submission Deadline"), after which the Debtors or Reorganized Debtors, as the case may be, shall have 45 days to file any objections thereto."

7

30. Accordingly, the Debtors were required to respond to the Cure Claim within 45 days after filing of the Cure Claim on March 5, 2008. As the Objection was filed 50 days after the filing of the Cure Claim, the Objection was filed late.

31. Accordingly, for the reasons set forth herein, the Objection should be overruled and the relief sought to the extent that it relates to the Cure Claim be denied.

## NOTICE OF REPLY AND RESERVATION OF RIGHTS

32. Any reply with respect to the Cure Claim or this Response shall be delivered to the address below, with a copy to the undersigned counsel at the address provided below.

> Vasco H. Morais, Jr.
> Senior Vice President,
> General Counsel and Secretary
> ATEL Capital Group
> 600 California Street, 6th Floor
> San Francisco California 94108
> Direct Dial (415) 616-3410

33. ATEL expressly reserves the right to amend, modify or supplement this Response (and the Cure Claim) from time to time hereafter as ATEL may deem necessary and proper, including, without limitation, the right to file additional responses and/or to present additional evidence in support of the Cure Claim.

WHEREFORE, ATEL respectfully request entry of an order (i) overruling the Objection and denying the relief sought in the Objection with respect to the Cure Claim, (ii) allowing the Cure Claim in its entirety, and (ii) granting such other relief as is just and proper.

Dated: New York, New York
May 21, 2008

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for ATEL Leasing Corporation as agent for Eireann II, CAI-UBK Equipment, CAI-ALJ Equipment, II BU de Mexico S.A. de C.V .and Eireann* III

By:  /s/Susan P. Persichilli
Susan P. Persichilli, Esq. (SP - 0368)
620 Eighth Avenue, 23rd Floor
New York, New York  10018
Telephone:  (212) 440-4400
Facsimile:  (212) 440-4401
E-mail: susan.persichilli@bipc.com

#381379-v2