BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
C. David Bargamian (Mich. P43742), admitted *pro hac vice*
Leo J. Gibson (Mich. P64984), admitted *pro hac vice*

*Attorneys for ICX Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re                                                              : Chapter 11
                                                                   :
DELPHI CORPORATION, et al.,                                        : Case No. 05-44481(RDD)
                                                                   :
                    Debtors.                                       : (Jointly Administered)
------------------------------------------------------------------ X

## ICX CORPORATION'S RESPONSE TO DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(A), AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(B) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS

ICX Corporation, through its undersigned counsel, states as follows for its Response to the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals:

### BACKGROUND

1.   ICX and the Debtors were parties to a number of equipment leases (the "Leases").

2.   The Leases involve various equipment that falls under one of two overarching lease schedules: the 1251 lease and the 1455 lease. Further, the parties already negotiated a resolution of ICX's claims with respect to the 1137 lease.

3. The Debtors' obligations arising from the 1251 lease and the 1455 lease are reflected in the proofs of claim attached hereto as Exhibits 1 and 2.[1]

## THE JOINT PLAN OF REORGANIZATION

4. Pursuant to 11 U.S.C. § 365(b) and Section 8.2(b) of the Plan, the Debtors are required to cure all defaults that exist under these Leases before they assume them. Debtors are currently in default under the Leases.

## ICX'S CURE CLAIM

5. On March 6, 2008, ICX timely submitted its proposed Cure Claim. (Ex. 3, ICX's Cure Claim.)

6. As of March 5, 2008, the Debtors owed $135,556.20 on the 1455 lease, and $52,987.20 on the 1251 lease. (See debt itemization at Ex. A of ICX's Cure Claim and Affidavit of James Ray attached as Ex. 4.)

7. These cure amounts include $5,818.50 in attorneys' fees and costs incurred by ICX since September 2007 through March 5, 2008 in enforcing its rights under the Leases.

8. The attorneys' fees and costs incurred by ICX have been allocated proportionately between the Leases.

9. Additionally, Debtors must:

- cure any additional defaults that have occurred since the filing of ICX's Cure Claim, and which may occur under the Leases

---

[1] These proofs of claim were withdrawn by the stipulation of ICX and the Debtors, since they were filed as a protective measure in the event that the Debtors attempted to argue that the ICX leases were not true leases or rejected such leases. ICX reserved its right to set forth a cure claim in the event that the Debtors attempted to assume the leases. The voluminous additional supporting documents related to these proofs of claims will be submitted to the Court and to the Debtors in the event that the parties are unable to negotiate a resolution to this dispute over ICX's Cure Claim.

subsequent to the filing of this Response and prior to the date upon which the Leases are actually assumed;

- remain obligated to pay and taxes and assessments that are currently due, or which may become due in the future, with respect to the equipment covered by the Leases without regard to the period in which such taxes and assessments occurred; and

- pay all attorneys' fees and costs incurred by ICX in connection with preserving its rights and interests under the Leases.

## THE DEBTORS' OBJECTION TO ICX'S CURE CLAIM

10. Instead of honoring its cure obligations, the Debtors have objected to ICX's proposed cure amount. Debtors claim a reconciled cure amount of $0.00, and claim that the proposed cure amount set forth by ICX is not reflected in the Debtors' books and records.

11. The Debtors have not submitted or proffered any evidence to support their position other than the bare assertion that the ICX's Cure Claim does not match the Debtors' books and records.

12. ICX, on the other hand, has submitted sufficient proof to support the amount of its Cure Claim, which has not been rebutted by the Debtors.

13. Furthermore, contrary to the position taken by Debtors' counsel, Debtors' business representatives have told ICX that they acknowledge that the amounts set forth in the Cure Claim are due and owing in full.

## MEMORANDUM OF LAW

14. This Response sets forth the relief requested by ICX under appropriate headings and contains citation to the authorities upon which the relief requested is based. ICX requests that the requirements of the service and filing of a memorandum of law under local rule 9013-1(b) of the Local Rules for the Bankruptcy Court for the Southern District of New York be deemed satisfied.

## RESERVATION OF RIGHTS

15. ICX expressly reserves its right to supplement and modify this Response as well as its Cure Claim. This Response is being filed as it pertains to the ICX Leases and the rights derived thereunder or related thereto. Nothing contained in this Response should be construed as a waiver by ICX of any other rights it might have.

WHEREFORE, ICX respectfully requests that this Court enter an order (i) requiring the Debtors to pay ICX's Cure Claim prior to the assumption of the ICX Leases, and (ii) granting such other and further relief that is just and appropriate under the circumstances.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Leo J. Gibson
    C. David Bargamian (Mich. P43742)
    Leo J. Gibson (Mich. P64984)
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
dbargamian@bsdd.com
lgibson@bsdd.com

*Attorneys for ICX Corporation*

Dated: May 21, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st day of May, 2008, I caused a copy of **ICX CORPORATION'S RESPONSE TO DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(A), AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(B) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS** to be served upon the following via Federal Express:

Honorable Robert D. Drain
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green, Room 632
New York, NY 10004

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Counsel to the Debtors
Skadden, Arps, Slate, Meagher & Flom, LLP
Attn:   John K. Lyons, Esq.
        Ron E. Meisler, Esq.
        Carl Tullson, Esq.
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Official Committee of Equity Security Holders
Fried, Frank, Harris, Shriver & Jacobson, LLP
Attn: Bonnie Steingart
One New York Plaza
New York, NY 10004

Office of the United States Trustee for the
Southern District of New York
Attn: Alicia M. Leonhard
33 Whitehall Street
Suite 2100
New York, NY 10004

Davis Polk & Wardwell
Attn: Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY 10017

Official Committee of Unsecured Creditors
Latham & Watkins, LLP
Attn: Robert J. Rosenberg and Mark A. Broude
885 Third Avenue
New York, NY 10022

/s/Leo J. Gibson
Leo J. Gibson

f:\docsopen\lgibson\l-resp\0357273.01