# EXHIBIT 3

# ICX'S CURE CLAIM

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
C. David Bargamian (Mich. P43742), admitted *pro hac vice*
Leo J. Gibson (Mich. P64984), admitted *pro hac vice*

*Attorneys for ICX Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In re                                : Chapter 11
                                     :
DELPHI CORPORATION, et al.,          : Case No. 05-44481(RDD)
                                     :
            Debtors.                 : (Jointly Administered)
------------------------------------------------------------- X

## CURE CLAIM OF ICX CORPORATION

ICX Corporation, through its undersigned counsel, hereby asserts its Cure Claim in accordance with Section 8.2(b) of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan"):

1.  ICX and the Debtors were parties to a number of equipment leases (the "Leases").

2.  Pursuant to 11 U.S.C. § 365(b) and Section 8.2(b) of the Plan, the Debtors are required to cure all defaults that exist under these Leases before they assume them. Debtors are currently in default under the Leases.

3.  The Leases involve various equipment that falls under one of two overarching lease schedules: the 1251 lease and the 1455 lease. Further, the parties already negotiated a resolution of ICX's claims with respect to the 1137 lease.

4.  As of March 5, 2008, Debtor owes $135,556.20 on the 1455 lease, and $52,987.20 on the 1251 lease. (See debt itemization at Ex. A.)

5. These cure amounts include $5,818.50 in attorneys' fees and costs incurred by ICX since September 2007 in enforcing its rights under the Leases.

6. The attorneys' fees and costs incurred by ICX have been allocated proportionately between the Leases.

7. Additionally, Debtors must:

- cure any additional defaults that may occur under the Leases subsequent to the filing of this Cure Claim and prior to the date upon which the Leases are actually assumed;

- remain obligated to pay and taxes and assessments that are currently due, or which may become due in the future, with respect to the equipment covered by the Leases without regard to the period in which such taxes and assessments occurred, including an estimated $335,000 in property taxes that will soon come due on the 1137 lease; and

- pay all attorneys' fees and costs incurred by ICX in connection with preserving its rights and interests under the Leases.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Leo J. Gibson
C. David Bargamian (Mich. P43742)
Leo J. Gibson (Mich. P64984)
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
dbargamian@bsdd.com
lgibson@bsdd.com

*Attorneys for ICX Corporation*

Dated: March 6, 2008

f:\docsopen\lgibson\l-not\0353693.01

2