# EXHIBIT 4

# AFFIDAVIT OF JAMES RAY

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, Michigan 48226-3281
(313) 965-9725
C. David Bargamian (Mich. P43742), admitted *pro hac vice*
Leo J. Gibson (Mich. P64984), admitted *pro hac vice*

*Attorneys for ICX Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re                                              : Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        : Case No. 05-44481(RDD)
                                                   :
                    Debtors.                       : (Jointly Administered)
---------------------------------------------------------------X

## AFFIDAVIT OF JAMES RAY IN SUPPORT OF ICX'S CURE CLAIM

STATE OF MASSACHUSETTS    )
                          )SS
COUNTY OF SUFFOLK         )

JAMES RAY, being duly sworn, hereby states as follows:

1. I have personal knowledge of the facts recited in this Affidavit, and I am competent to testify to them if called as a witness in this matter.

2. I am employed by Citizens Bank as a Vice President.

3. ICX Corporation ("ICX") is an affiliate of Citizens Bank. Citizens Bank manages various assets of ICX. I am responsible for over-seeing the day to day management of ICX's leases (the "Leases") with the Debtors.

4. I am submitting this affidavit in support of ICX's Response to the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals.

5. The Leases involve various equipment that falls under one of two overarching lease schedules: the 1251 lease and the 1455 lease. Further, the parties already negotiated a resolution of ICX's claims with respect to the 1137 lease.

6. As of March 5, 2008, the Debtors owed $135,556.20 on the 1455 lease, and $52,987.20 on the 1251 lease.

7. These cure amounts included $5,818.50 in attorneys' fees and costs incurred by ICX since September 2007 through March 5, 2008 in enforcing its rights under the Leases.

8. The attorneys' fees and costs incurred by ICX have been allocated proportionately between the Leases.

9. Additionally, Debtors must:

(A) cure any additional defaults that have occurred and that may occur under the Leases between the date that ICX filed its Cure Claim and the date upon which the Leases are actually assumed;

(B) remain obligated to pay and taxes and assessments that are currently due, or which may become due in the future, with respect to the equipment covered by the Leases without regard to the period in which such taxes and assessments occurred; and

(C) pay all attorneys' fees and costs incurred by ICX in connection with preserving its rights and interests under the Leases.

10. The Debtors must also pay all additional interest, costs, attorneys' fees, property taxes and assessments that have come due since March 5, 2008.

_____
JAMES RAY

STATE OF ~~MASSACHUSETTS~~ Rhode Island  )
                                          )SS
COUNTY OF ~~SUFFOLK~~ Bristol             )

Acknowledged before me in Suffolk County, Massachusetts, on May ___, 2008, by James Ray on his own behalf.

_____
Notary's Signature                          (Seal)
Printed Name: _____
Notary Public, State of Massachusetts,
County of _____
My Commission Expires: _____
Acting in the County of _____

DENNIS J. CHANDLER JR.
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES 3/12/20

f:\docsopen\gibson\l-aff0357266.01