Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to Cingular Wireless n/k/a
AT&T Mobility LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> Delphi Corporation, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-44481 (RDD) <br><br> (Jointly Administered) |

**RESPONSE OF CINGULAR WIRELESS N/K/A AT&T MOBILITY LLC TO DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(A), 365 AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS**

Cingular Wireless n/k/a AT&T Mobility LLC ("AT&T Mobility"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' (i) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365 and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (ii) Request for Order Provisionally Allowing Certain Cure Proposals (the "Cure Objection"). In support of the Response, AT&T Mobility respectfully represents as follows:

**BACKGROUND**

1. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors[1] filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

2. Prior to the Petition Dates, AT&T Mobility provided -- and continues to provide -- certain telecommunications and related services to the Debtors.

3. On December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan") (Docket No. 11386).

4. On January 25, 2008, this Court entered an order confirming the Plan (the "Confirmation Order") (Docket No. 12359).

5. Pursuant to § 8.2 of the Plan, parties had forty-five days from the entry of the Confirmation Order to file cure claims.

6. On March 6, 2008, AT&T Mobility timely filed its cure claim in the amount of $42,486.37 (the "Mobility Cure Claim"). A copy of the Mobility Cure Claim is annexed hereto as Exhibit A.

7. On April 24, 2008, the Debtors filed the Cure Objection (Docket No. 13459) pursuant to which, the Debtors objected to the Mobility Cure Claim on the grounds that

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Cure Objection.

-2-

the Debtors' books and records reflect a cure amount of $0.00.

## RESPONSE

6.    AT&T Mobility contests the Debtors' proposed cure amount of $0.00. Indeed, AT&T Mobility has sent, and the Debtors have received invoices and support (the "Invoices") underlying the Mobility Cure Claim in the ordinary course of business prior to the Petition Date that evidence the proofs of claim that make up the Mobility Cure Claim. AT&T Mobility submits that the Invoices properly reflect the $42,486.37 cure amount. Accordingly, AT&T Mobility respectfully requests that the Court overrule the Cure Objection as it relates to AT&T Mobility.[2]

*[remainder of page intentionally left blank]*

---

[2]    In the alternative, because AT&T Mobility remains committed to working with the Debtors to reconcile the Mobility Cure Claim, AT&T Mobility respectfully submits that it may be appropriate to adjourn the hearing relative to the Cure Objection as it relates to AT&T Mobility so as to give the parties additional time to reconcile their numbers.

**WHEREFORE**, AT&T Mobility respectfully requests that the Court (i) deny the Cure Objection as it relates to AT&T Mobility or alternatively adjourn the hearing so as to allow the parties to continue reconciliation, and (ii) grant such other and further relief as is just and proper.

Dated: May 21, 2008

Respectfully submitted,

By: */s/ Eric H. Horn*
Vincent A. D'Agostino (VAD-0120)
Eric H. Horn (EH-2020)
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Phone: (973) 597-2500
Fax: (973) 597-2400

-and-

1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel to Cingular Wireless n/k/a AT&T Mobility LLC*