HEARING DATE: MAY 29, 2009 AT 10:00 A.M.
OBJECTION DEADLINE: MAY 22, 2008 AT 4:00 P.M.

DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
(973) 966-6300
RICHARD M. METH, ESQ. (RM7791)(ADMITTED PRO HAC VICE)
AMISH R. DOSHI, ESQ. (AD5996)
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800

- and -

ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
DAVID L. GOING, ESQ.

ATTORNEYS FOR SPARTECH CORPORATION AND SPARTECH POLYCOM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481(RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF SPARTECH CORPORATION AND SPARTECH
POLYCOM, INC. TO DEBTORS' OMNIBUS 8.2(b) CURE OBJECTION**

Spartech Corporation and Spartech Polycom, Inc. (collectively, "Spartech"), by and through undersigned counsel, hereby file this Response to *Debtors' (I) Omnibus Objection Pursuant to the Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization*

*and (II) Request for Order Provisionally Allowing Certain Cure Proposals* (the "Omnibus 8.2(b) Cure Objection"). In support of the Response, Spartech states as follows:

1. Pursuant to Section 8.1 of the Plan, the Debtors assumed all executory contracts as to which any of the Debtors was a party, unless such executory contract expired, terminated or was rejected. The material supply agreements between Spartech and the Debtors have not terminated. Nor have the Debtors rejected those agreements by Final Order or in Exhibit 8.1 of the Plan. Therefore, the Debtors assumed a number of material supply agreements with Spartech by confirmation of the Plan.

2. The Debtors did not provide to Spartech a Cure Amount Notice with respect to each such assumed material supply agreement.

3. Therefore, Spartech filed its Notice of Proposed Cure Claims [Docket No. 13042] in accordance with Section 8.2(b) of the Plan (the "Notice of Proposed Cure Claims") seeking therein (a) to require that the Debtors cure all defaults under the assumed agreements as a condition to the Debtors' assumption and (b) to preserve all claims arising under the assumed agreements which arose prior to the Confirmation Date.

4. Spartech is owed $1,832,945.29 for products delivered after the Petition Date to the Debtors under various material supply agreements and purchase orders identified in the Notice of Proposed Cure Claims (the "Cure Claims").

5. The Debtors assert that Spartech's outstanding Cure Claims in the amount of $1,832,945.29 is "not consistent with, or owing as cure payments pursuant to, the Debtors' books and records." The Debtors further allege that no amount is owed to Spartech according to their books and records. See, Omnibus 8.2(b) Cure Objection, Exhibit C – Books and Records Cure

Proposals, No. 21, p. 4-5.

6. Spartech disputes the Debtors' objection and asserts that Debtors' "Reconciled Cure Amount" of $0.00 set forth in the Omnibus 8.2(b) Cure Objection is not consistent with Spartech's books and records. The Cure Claims arise from Spartech's delivery, and Debtors' post-petition acceptance, of products delivered to a number of Debtors' plants and locations and the Debtors' refusal to pay for the products received.

7. Over the past several months, Spartech has sought out and engaged in discussions with Delphi employees in attempts to obtain and expedite payment of post-petition payables. At the request of the Debtors, Spartech has provided substantial documentation, including invoices and bills of lading, in support of its Cure Claims.

8. Because the documentation supporting Spartech's Cure Claims contains proprietary information and is voluminous, Spartech will provide the same solely to counsel for the Debtors contemporaneously herewith.

9. The Debtors continue to purchase products from Spartech. Therefore, Spartech reserves the right to modify the amount of Spartech's Cure Claims to reflect transactions that were not included in Spartech's Notice of Proposed Cure, but which also must be cured as a condition to the assumption of Spartech's contracts.

10. Any reply to this Response shall be provided to the following:

> Richard M. Meth, Esq.
> DAY PITNEY LLP
> (MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
> (DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, NJ 07932-0950
> Phone No.: (973) 966-6300
> Email: rmeth@daypitney.com
>
> - and -

David L. Going, Esq.
ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
Phone No. (314) 621-5070
Email: dgoing@armstrongteasdale.com

Dated: May 21, 2008
Florham Park, NJ

By: /s/ Richard M. Meth
RICHARD M. METH (RM7791)
AMISH R. DOSHI (AD5996)
DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, NJ 07962-1945
(DELIVERY TO) 200 CAMPUS DR., FLORHAM PK., NJ 07932-0950
(973) 966-6300
- and -
7 Times Square
New York, NY 10036-7311
(212) 297-5800

- and -

By: /s/ David L. Going
DAVID L. GOING (MO Bar No. 33435)
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070

ATTORNEYS FOR SPARTECH CORPORATION
AND SPARTECH POLYCOM