**Hearing Date:  July 18, 2008**
                      **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
    In re                               :          Chapter 11
                                       :
DELPHI CORPORATION, et al.,      :          Case No. 05-44481 (RDD)
                                       :
                 Debtors.     :          (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF
CLAIM NUMBER 16633 WITH RESPECT TO MICHIGAN SINGLE BUSINESS
TAXES FOR THE PERIOD OF JANUARY 1, 2005 THROUGH OCTOBER 7, 2005
<u>(STATE OF MICHIGAN DEPARTMENT OF TREASURY – SBT TAXES)</u>**

("STATEMENT OF DISPUTED ISSUES –
STATE OF MICHIGAN, DEPARTMENT OF TREASURY—SBT TAXES")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 16633 With Respect To Michigan Single Business Taxes For The Period Of January 1, 2005 Through October 7, 2005 (State Of Michigan Department Of Treasury – SBT Taxes) (this "Statement of Disputed Issues") and respectfully represent as follows:

Background

1. On July 30, 2007, Michigan filed proof of claim number 16633 ("Claim 16633") against Delphi. Claim 16633 asserts an unsecured priority claim in the amount of $12,954,363.21 arising from certain taxes and interest allegedly owed by Delphi to Michigan for all or portions of tax years 1999, 2000, 2002, 2003, 2004, and 2005. As more fully discussed below, Claim 16633 has been capped at $1,150,684.80 and has been limited so that it may only relate to Michigan Single Business Tax ("SBT") taxes for the period of January 1, 2005 through October 7, 2005. All other amounts asserted on Claim 16633 have been disallowed with prejudice.

2. On September 21, 2007, the Debtors objected to Claim 16633, among others, pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535).

3. On October 4, 2007, Michigan filed its Response Of The State Of Michigan, Department Of Treasury to Debtor's Twenty-First Omnibus Objection Pursuant To

11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10445). In accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), Claim 16633 was adjourned until a date to be decided by the Debtors.

        4.        On November 2, 2007, the Debtors filed their Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6354, 6383, 9272, And 16633 (State Of Michigan Department Of Treasury) (Docket No. 10812). On November 9, 2007, the Debtors filed the Debtors' Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (Docket No. 10884) (the "Original Statement Of Disputed Issues").

        5.        On December 5, 2007, the Claimant filed its State Of Michigan, Department Of The Treasury's Supplemental Response To Debtors' Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 6354, 6383, 9272 And 16633 (State Of Michigan, Department Of Treasury) (Docket No. 11296) (the "Claimant's Supplemental Response"). On December 19, 2007, the Debtors filed the Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (Docket No. 11551) (the "Debtors' Supplemental Reply").

        6.        On March 14, 2008, the Bankruptcy Court entered the Joint Stipulation And Agreed Order (I) Disallowing And Expunging Proofs Of Claim Numbers 6354, 6383, And 9272, (II) Compromising And Allowing Claim 16724 And (III) Capping Claims 9273 And 16633 (State Of Michigan, Department Of Treasury - SBT Taxes) (Docket No. 13118) (the

"SBT Joint Stipulation").  In the SBT Joint Stipulation, Michigan and Delphi agreed, among other things, that Claim 16633 was reduced and capped such that in no event will Claim 16633 be allowed (i) in an amount exceeding $1,150,684.80 or (ii) on account of anything other than SBT taxes for the period of January 1, 2005 through October 7, 2005.

       7.     The Original Statement Of Disputed Issues, the Claimant's Supplemental Response, and the Debtors' Supplemental Reply having been filed pursuant to paragraphs 9 (d), (e), and (f), respectively, of the Claims Objection Procedures Order, the Debtors believe that the briefing of the legal issue set forth therein to the extent they apply to Claim 16633 has been completed and no further briefing on that legal issue is required.

Disputed Issues

       8.     The Debtors dispute the 2005 SBT taxes asserted on Claim 16633 on at least two grounds.  First, Delphi correctly computed its SBT tax liability for 2005, and therefore, Claim 16633 should be disallowed.  Second, the Debtors believe that Michigan may also assert that Delphi owes additional amounts for 2005 SBT taxes.  A more detailed description of these issues follows.

A.    <u>Delphi Correctly Computed Its SBT Tax For 2005</u>

      9.     Delphi's liability for the 2005 SBT tax claims asserted on Claim 16633 hinges on a single issue: Delphi's treatment of research and experimental ("R&E") expenditures in its 2005 Michigan SBT return.  During the 2005 calendar tax year, Delphi incurred substantial expenditures that constituted R&E expenditures under section 174 of the Internal Revenue Code of 1986, as amended ("I.R.C.").  For federal income tax purposes, I.R.C. § 59(e) permits Delphi to choose to capitalize and amortize its R&E expenses over a period of ten years using a straight-line method rather than deducting all such expenses in the year incurred.  Delphi chose to

4

capitalize and amortize R&E expenditures in its Federal Form US-1120 filed for the 2005 tax year.

10. In its 2005 Michigan SBT return, Delphi chose to compute its business income (as defined in Mich. Comp. Laws § 208.3(3)) by deducting all R&E expenses in the year incurred and adding back the 1/10 amortization that was deducted on its federal return for that year. Delphi included a schedule with its 2005 SBT return that reconciled the difference between its treatment of R&E expenses in its Federal Form US-1120 and its SBT return. Michigan, however, contends that Delphi must compute its business income exactly the same way it computed its federal taxable income as reported in its Form US-1120 for that year, giving rise to a much higher SBT liability.

11. This legal issue was previously disclosed by Delphi in its Original Statement of Disputed Issues with respect to tax years 2002 through 2004. Although this Statement of Disputed Issues relates to 2005 SBT taxes, the legal issue is identical to the one discussed in the Original Statement of Disputed Issues. Because the briefing of this legal issue has been completed (see ¶¶ 4-5 above), the Debtors incorporate by reference the Original Statement of Disputed Issues as it relates to the same legal issue with respect to 2005 SBT taxes. A copy of the Original Statement of Disputed Issues is attached hereto as <u>Exhibit A</u>.

B. <u>Potential Additional Liability</u>

(1) <u>Computation Of Section 59(e) Amount</u>

12. The Debtors believe that no amount is owed on account of Michigan SBT taxes for 2005. In the event that this Court rules in favor of Michigan with respect to the legal issue under I.R.C. § 59(e) and Michigan SBT law, Delphi believes it would owe Michigan

5

$949,842.08 for the pro-rata portion of 2005 SBT taxes for the period from January 1, 2005 through October 7, 2005 asserted on Claim 16633.

(2) <u>SBT Adjustments For Federal Amortization Of R&E Expenses</u>

13. In addition to the above, the Debtors believe that Michigan may assert that the Debtors owe other amounts for 2005 SBT taxes. The Debtors believe that the basis of the assertion may be that the Debtors allegedly must accelerate some of their post-2005 upward adjustments to federal taxable income on their post-2005 SBT returns so that the adjustments are made instead on the 2005 SBT return. In 2002 through 2004, the Debtors deducted in full their R&E expenses in the year incurred for SBT purposes. Those R&E expenses, however, are being deducted over ten years for federal tax purposes, and the amortization of those same expenses (if not adjusted) in 2005 would (again) reduce the Debtors' 2005 SBT liability. The Debtors' upward adjustments to federal taxable income therefore prevent the Debtors from deducting the same R&E expense twice.

14. For example, the Debtors amortized 1/10 of their R&E expenses incurred in 2002 when determining their 2005 federal taxable income, and this amortization correspondingly reduced the Debtors' federal taxable income for 2005.[1] The determination of 2005 SBT business income, in turn, begins with the Debtors' 2005 federal taxable income. But because the Debtors already deducted the entire amount of 2002 R&E expenses on their 2002 SBT return, the Debtors made an upward adjustment to their 2005 federal taxable income

---

[1] The 2005 federal taxable income adjustment relating to 2002 R&E expenses described in this paragraph is being used for illustrative purposes only. The Debtors anticipate that Michigan would also assert a similar position with respect to 2005 federal taxable income adjustments relating to 1/10 amortization of R&E expenses incurred in 2003 and 2004.

reflected on their 2005 SBT return equal to 1/10 of the 2002 R&E expenses.  Thus, the Debtors avoided deducting twice that 1/10 of their 2002 R&E expenses, once on the 2002 SBT return and again on the 2005 SBT return (indirectly through the 1/10 amortized deduction to 2005 federal taxable income).

15.    Michigan seeks to compel the Debtors to adjust their 2005 federal taxable income by more than 1/10 of the 2002 R&E expenses (i.e., accelerate the adjustments that would otherwise occur after 2005) so that all adjustments are made before the end of the 2007 tax year, when Michigan's SBT statute was repealed.  Michigan asserts this position even though the Debtors amortized only 1/10 of the 2002 R&E expenses when determining their 2005 federal taxable income.  The Debtors contend that there is no basis to require acceleration of these adjustments to a year in which they are not needed to prevent a double deduction.

## Reservation Of Rights

16.    This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) the Claims Objection Procedures Order.  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of Claim 16633; (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of Claim 16633; (c) the Debtors' right to seek a determination of tax liability under section 505 of the Bankruptcy Code with respect to Claim 16633; and (d) the Debtors' right to identify later additional claims asserted by Michigan on account of SBT taxes and schedule a hearing under the Claims Objection Procedures Order.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 16633 and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
May 21, 2008

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 9331)
    Albert L. Hogan, III (AH 8807)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession