# **<u>Exhibit A</u>**

          **Hearing Date: January 8, 2008**
          **Hearing Time: 10:00 A.M. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
    In re                           :       Chapter 11
                                               :
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                                               :
               Debtors.     :       (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
      PROOFS OF CLAIM NUMBERS 6354, 6383, 9272, AND 16633
        <u>(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)</u>

            ("STATEMENT OF DISPUTED ISSUES –
    STATE OF MICHIGAN, DEPARTMENT OF TREASURY")



Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (this "Statement of Disputed Issues") and respectfully represent as follows:

## Background

1. On May 19, 2006, the State Of Michigan, Department Of Treasury ("Michigan") filed proof of claim number 6354 ("Claim 6354") against Delphi. Claim 6354 asserts an unsecured non-priority claim in the amount of $666,927.27 arising from certain taxes and interest allegedly owed by Delphi to Michigan for tax years 1999, 2000, and 2001. Of the total amount asserted in Claim 6354, $298,003.75 (comprising both taxes and interest) is on account of the Michigan Single Business Tax ("SBT")[1] for tax year 2001, and the remainder relates to use tax.

2. On May 19, 2006, Michigan filed proof of claim number 6383 ("Claim 6383") against Delphi. Claim 6383 asserts an unsecured non-priority claim in the amount of $248,083.00 arising from certain penalties allegedly owed by Delphi to Michigan for tax years 2001, 2002, 2003, and 2004 in connection with the SBT taxes. No amounts for taxes or interest are included in Claim 6383.

3. On July 19, 2006, Michigan filed proof of claim number 9272 ("Claim 9272") against Delphi. Claim 9272 asserts an unsecured priority claim in the amount of $5,731,238.42 arising from certain taxes and interest allegedly owed by Delphi to Michigan for

---

[1] See Mich. Compl. Laws § 208.

tax years, or portions thereof, 1999, 2000, 2002, 2003, 2004, and 2005. Of the total amount asserted in Claim 9272, $5,528,355.06 (comprising both taxes and interest) is on account of SBT taxes, and the remainder relates to use tax.

4. On July 30, 2007, Michigan filed proof of claim number 16633 ("Claim 16633") against Delphi. Claim 16633 asserts an unsecured priority claim in the amount of $12,954,363.21 arising from certain taxes and interest allegedly owed by Delphi to Michigan for all or portions of tax years 1999, 2000, 2002, 2003, 2004, and 2005. Of the total amount asserted in Claim 16633, $12,751,479.85 (comprising both taxes and interest) is on account of SBT taxes and the remainder relates to use tax.

5. On August 24, 2007, the Debtors objected to Claims 6354, 6383, and 9272, among others, pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate And Amended Claims, (b) Insufficiently Documented Claims, (c) Claims Not Reflected On Debtors' Books And Records, (d) Untimely Claim, And (e) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

6. On September 11, 2007, Michigan filed its Response Of The State Of Michigan, Department Of Treasury To Debtor's 20th Omnibus Objection Pursuant To 11§USC 502(b) And Fed. R. Bankr. P. 3007 To Certain (C) Claims Not Reflected On The Debtor's Books And Records, And (E) Tax Claims Subject To Modification (Docket No. 9337) (the "20th Objection Response"). In accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates

For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), Claim 6354, Claim 6383, and Claim 9272 were adjourned until a date to be decided by the Debtors.

7.   On September 21, 2007, the Debtors objected to Claim 16633, among others, pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

8.   On October 2, 2007, the Debtors filed their Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6354, 6383, And 9272 (State Of Michigan Department of Treasury) (Docket No. 10423), and on October 10, 2007, the Debtors filed their Notice Of Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6354, 6383, And 9272 (State Of Michigan Department of Treasury) (Docket No. 10532).

9.   On October 4, 2007, Michigan filed its Response Of The State Of Michigan, Department Of Treasury to Debtor's Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (E) Untimely Claims (Docket No. 10445).  In accordance with the Claims Objection Procedures Order, Claim 16633 was adjourned until a date to be decided by the Debtors.

10.     On November 2, 2007, the Debtors filed their Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6354, 6383, 9272, And 16633 (State Of Michigan Department Of Treasury) (Docket No. 10812) (the "Notice of Evidentiary Hearing").

11.     Although Claim 6354, Claim 9272, and Claim 16633 assert amounts on account of SBT and use taxes, the Debtors intend with respect to the Notice of Evidentiary Hearing to seek a determination only of the SBT taxes asserted in Claim 6354, Claim 9272, and Claim 16633. The Debtors anticipate that use tax issues will be resolved expeditiously in the ordinary course of business before the end of the current calendar year. Therefore, it is not necessary to commence an evidentiary hearing with respect to the use tax issues at this time.

<u>Disputed Issues</u>

12.     The Debtors dispute Claim 6354, Claim 6383, Claim 9272, and Claim 16633 on at least two grounds. First, Michigan's claims are redundant, conflict with one another, and have been superseded by a proof of claim recently filed on October 17, 2007 ("Claim 16724").[2] Second, Delphi correctly computed its SBT tax liability for 2001-2005, and thus those SBT claims should be disallowed. A more detailed description of these issues follows.

---

[2]     The Debtors objected to Claim 16724 on the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738), filed on October 26, 2007. As of the filing of this Statement Of Disputed Issues, no order has been issued with respect to Claim 16724. The Debtors reserve their rights to further challenge any and all amounts asserted in Claim 16724. To the extent, however, that claims asserted in Claim 16724 are substantially similar to the claims asserted in Claim 9272 or Claim 16633, the Debtors believe it is appropriate for this Court to resolve those issues now.

5

A.  Proofs Of Claim Superseded By Claim 16724

13. As reflected in Michigan's 20th Objection Response, Michigan's practice has been to file an amended proof of claim that constitutes "the last amended and only remaining claim (of each type)," i.e., nonpriority, priority, or administrative tax claim. See 20th Objection Response at 8. For example, that response stated that Claim 6383 (dated March 23, 2006), which asserted nonpriority tax claims for 2001 to 2004,[3] was superseded by Claim 6354 (dated May 16, 2006). See id. ¶ 8, at 5-7, 8. Claim 16724, which asserts priority tax claims for 2002 through 2004, supersedes all prior proofs of claim relating to Michigan's priority tax claims, including Claim 9272 and Claim 16633.[4] Consequently, Claim 6383, Claim 9272, and Claim 16633 should be disallowed.

B.  Delphi Correctly Computed Its SBT Tax For 2001 Through 2004

14. Delphi's records reflect that it has no unpaid SBT tax liability for tax year 2001. Claim 6354 should therefore be disallowed.

15. Delphi's liability for the SBT tax claims asserted by Michigan for 2002 through 2004 (now asserted in Claim 16724) hinges on a single issue: Delphi's treatment of research and experimental ("R&E") expenditures in its Michigan SBT returns. During each of its calendar tax years 2002, 2003 and 2004 (collectively, the "Tax Periods At Issue"), Delphi incurred substantial expenditures that constituted R&E expenditures under section 174 of the Internal Revenue Code of 1986, as amended ("I.R.C."). For federal income tax purposes, I.R.C.

---

[3]  Claim 6383 asserted penalties relating to SBT taxes for 2001 through 2004 as general (nonpriority) unsecured claims. The Debtors are not liable for penalties on account of any SBT taxes. Claim 6383 should therefore be expunged on this ground as well.

[4]  The 20th Objection Response had stated that Claim 9272 (dated May 16, 2006) had been superseded by Claim 16633 (dated July 23, 2007). See id. ¶ 1, at 1.

§ 59(e) permits Delphi to choose to amortize its R&E expenses over a period of ten years using a straight-line method rather than deducting all such expenses in the year incurred. Delphi chose to amortize R&E expenditures in its Federal Forms US-1120 filed for each of the Tax Periods At Issue.

16. In its Michigan SBT returns for each of the Tax Periods At Issue, Delphi chose to compute its business income (as defined in Mich. Comp. Laws § 208.3(3)) by deducting all R&E expenses in the year incurred.[5] Delphi included a schedule with each of its SBT returns for the Tax Periods At Issue that reconciled the difference between its treatment of R&E expenses in its Federal Form US-1120 and its SBT return. Michigan, however, adjusted during audit Delphi's treatment of R&E expenses. Michigan's auditors determined that Delphi must compute its business income exactly the same way it computed its federal taxable income as reported in its Form US-1120 for that year, giving rise to a much higher SBT liability.

17. Michigan law, however, does not require Delphi to compute its business income each year exactly the same as its federal taxable income reported on its Form US-1120. As long as Delphi computes its business income in accordance with the I.R.C. (as allowed by Mich. Comp. Laws § 208.5(4)), that business income is acceptable as the starting point in determining its SBT liability even if not the same as the business income reported on its federal return.

18. A corporation computes its SBT tax base starting with its "business income." Mich. Comp. Laws § 208.9(1). "Business income" is defined as the corporation's

---

[5] A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group that in certain years during the 1990s made similar elections on its consolidated SBT returns to deduct all R&E expenses in the year incurred after having amortized those expenses on its consolidated federal return. Michigan did not adjust those SBT elections during audit.

federal taxable income.  Mich. Comp. Laws § 208.3(3).  "Federal taxable income" means taxable income as defined in Section 63 of the Internal Revenue Code.  Mich. Comp. Laws § 208.5(3).  Notably, the definition does not refer to the federal taxable income that appears on the taxpayer's federal return, but rather it refers solely to the federal definition of taxable income.  "Internal Revenue Code" means the United States Internal Revenue Code of 1986 "in effect on January 1, 1999 <u>or, at the taxpayer's option, in effect for the tax year</u> for which the return is filed."  Mich. Comp. Laws § 208.5(4) (<u>emphasis added</u>).

        19.      The SBT Act does not require a corporation's business income for a tax year to be identical to its federal taxable income as reported on its Form US-1120 for that year.  Such a statutory construction would be inconsistent with Mich. Comp. Laws § 208.5(4), which gives a taxpayer the option to choose annually which version of the I.R.C. it wishes to have applied for that SBT tax year, either the version of the I.R.C. in effect for that year or the version of the I.R.C. in effect as of January 1, 1999.  Because the two available versions of the I.R.C. may result in different computations of federal taxable income, the SBT Act is premised on the possibility that there can be a difference between federal taxable income as reported on a taxpayer's Form US-1120 and the computation of its business income under the SBT Act.  Thus, a corporation such as Delphi can compute its SBT business income differently than its federal taxable income, provided it uses the SBT-mandated definition of taxable income under the I.R.C.

        20.      Here, Delphi amortized R&E expenditures on its Federal Forms US-1120 filed for each of the Tax Periods At Issue, as permitted by the version of the I.R.C. in effect for those tax years (2002 to 2004).  But the I.R.C. permitted Delphi to deduct the full amount of

8

R&E (i.e., Delphi could choose not to amortize R&E expenditures over a period of years).[6] Delphi thus elected to take the full R&E deduction on its SBT returns for 2002 through 2004.

Reservation Of Rights

21.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) the Claims Objection Procedures Order.  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of Claim 6354, Claim 6383, Claim 9272, or Claim 16633; (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of Claim 6354, Claim 6383, Claim 9272, or Claim 16633; (c) the Debtors' right to seek a determination of tax liability under section 505 of the Bankruptcy Code with respect to Claim 6354, Claim 6383, Claim 9272, or Claim 16633; and (d) the Debtors' right to identify later additional claims asserted by Michigan on account of SBT taxes and schedule a hearing under the Claims Objection Procedures Order.

---

[6] The I.R.C. versions in effect for each the Tax Periods At Issue also permitted Delphi to choose between a full deduction of R&E expenses and amortization of R&E expenses.  Delphi, however, chose to apply the ten-year straight-line amortization of R&E expenses on its federal returns for those years (2002 to 2004).

WHEREFORE the Debtors respectfully request that this Court enter an order

(a) disallowing and expunging Claim 6354, Claim 6383, Claim 9272, and Claim 16633 and

(b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         November 9, 2007

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 9331)
     Albert L. Hogan, III (AH 8807)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession