Hearing Date and Time: May 29, 2008 at 10:00 a.m.

ANDREWS KURTH LLP
450 Lexington Avenue
New York, New York 10017
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
Telephone: (212) 850-2800
Fax: (212) 850-2929

Counsel to Liquidity Solutions, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :   Case No. 05-44481 (RDD)
                                                            :
                              Debtors.                      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**LIQUIDITY SOLUTIONS INC.'S RESPONSE TO DEBTORS' (1)
OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§
105(A), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE CLAIM
SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF
REORGANIZATION AND (II) REQUEST FOR ORDER
PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

Liquidity Solutions, Inc. ("LSI"), by its undersigned counsel, respectfully represents:

1.    LSI's "Cure Claim," which was timely filed, was a protective filing aimed at assuring that claims owned by LSI were not improperly and unfairly expunged. A copy of LSI's Cure Proposal is annexed hereto as Exhibit "1".

2.    The Debtors contend that LSI's protective Cure Claim was "submitted by an improper third party." (Objection at ¶ 21) There is no legal or factual basis for the Debtors' contention.[1]

---
[1] The Debtors' other "jabs" at LSI are out of line and do not warrant a response.

NYC:176925.1

3.   LSI filed its protective Cure Claim because the Debtors refused to provide LSI with a list of "Other Executory Contracts" and "Other Unexpired Leases" that were being assumed (including proposed cure amounts). The Debtors' procedure for dealing with cure claims relating to "Other Executory Contracts" and "Other Unexpired Leases" is, in substance, geared at maximizing the forfeiture of claims. This Court should view this matter with a firm sense of fairness and fair play.

4.   The procedure for dealing with these cure claims was markedly different from the procedures employed by the Debtors in connection with cure claims for "Material Supply Agreements." For those contracts that the Debtors viewed as "Material Supply Agreements", the Debtors sent to the original contract counterparties a cure notice identifying, among other things, the contract being assumed (or assumed and assigned) and the proposed cure amount. After several requests, Delphi finally gave LSI a list of parties to Material Supply Agreements that were being assumed, which enabled LSI to contact those contract counterparties that were on the assumption list, make sure they got a cure notice, and assist them in complying with the cure notice and election procedures.

5.   In marked contrast to the procedures for Material Supply Agreements, for all Other Executory Contracts and Other Unexpired Leases, as a condition to assumption the non-debtor party is required by the Debtors to file and serve a proposed cure claim within 45 days after entry of the Confirmation Order. That deadline for filing cure claims was March 10, 2008. Essentially, under this procedure if a cure claim is not filed -- even though a creditor might have a scheduled claim or a valid proof of claim on file -- the creditor would apparently lose any right to payment of a cash cure, and, arguably, that language could mean that the creditor's unsecured claim itself would be wiped out too.

6.   In every Chapter 11 case in which LSI is involved, where contracts are being assumed under a plan, LSI (i) reviews the notice of proposed cure amounts that accompanies the

2

NYC:176925.1

Plan confirmation submissions for any proposed cures to counterparties from which LSI purchased a claim, (ii) checks the proposed cure amount against the proof of claim or other documents it has, and (iii) if there is any question or discrepancy, contacts the original counterparty to prosecute, or assist LSI in prosecuting, an objection to the cure amount. Here, however, the Debtors refused to give LSI, or otherwise publish, a list of "Other Executory Contracts" and "Other Unexpired Leases" that were being assumed or even a generic list of original counterparties to such contracts. That would have enabled LSI to determine whether, or which of, the many entities and individuals from whom LSI purchased claims is a party to Other Executory Contracts or Other Unexpired Leases that are being assumed pursuant to the Plan.

7.      LSI respectfully requests that the Debtors be directed to provide LSI with a list of Other Executory Contracts and Other Unexpired Leases that relate to LSI claims (ideally, with contract numbers). LSI would then contact its counterparties from whom it purchased claims who are on such list and LSI would then amend its Cure Claim with specific cure amounts and bifurcate such Cure Claim by having each original cure counterparty prosecute its particular portion thereof. Any claim by the Debtors as to prejudice with respect to such a procedure is ludicrous. The Debtors did not meet the Plan's April 4, 2008 deadline to close and they have been unable to consummate the Plan to date.

WHEREFORE, LSI respectfully requests that, as to LSI, the Debtors' Omnibus Objection be denied in all respects.

| | |
|---|---|
| Dated: May 22, 2008 | ANDREWS KURTH LLP |
| | /s/ Paul N. Silverstein<br>Paul N. Silverstein (NY Bar No. PS 5098)<br>450 Lexington Avenue, Floor 15<br>New York, New York 10017<br>Tel. (212) 850-2800<br>Fax (212) 850-2929 |
| | Counsel to Liquidity Solutions, Inc. |

3

NYC:176925.1