May 13, 2008

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green Room 610
New York, New York 10004

Dear Honorable Robert D. Drain:

Enclosed is a copy of Am Erica Litigation Legal Notice of Sheryl J. Carter received early May 2008. I am wondering if this notice is due to the letter I forwarded to your court, and Delphi Corp. Attorney previously. My concern is that I am writing you, your Honorable Robert D. Drain Also and United States District Court for the Eastern District of Michigan Judge Nancy G. Edmunds objecting the decisions of it, and for the Attorneys to get 30% of the settlement, unknown amount to me. I assume I was going through your court, now I am sent a notice of another Judge and court in Michigan. As I continue these tactics, misleading representations, delay, etc. Also enclosed is a copy of my Unemployment statement, determination of Unemployment withholding my funds, stop payment, unknown reason. Is this a part of court decision on settlements, etc. With that said I know its too late, but I am requesting my settlement

to be in cash, and not through Delphi Stock. I do not want any more delay tactic, etc.

Thank you Your Honorable Robert D. Drain

Sincerely,

GM ERISA LITIGATION
C/O RUST CONSULTING, INC.
P.O. BOX 9478
MINNEAPOLIS, MN 55440-9478

**IMPORTANT LEGAL NOTICE**

*3388659*

2782-5-1 *************SINGLE-PIECE
SHARYL Y CARTER
92 WOOLERY LN APT C
DAYTON OH 45415-1726

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE GENERAL MOTORS ERISA LITIGATION | :: :: :: :: | Civil Action No. 05-71085<br>Honorable Nancy G. Edmunds |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO: All persons who were participants in or beneficiaries of the General Motors Personal Savings Plan for Hourly Rate Employees or the General Motors Savings-Stock Purchase Program for Salaried Employees (collectively, the "Plans") at any time between March 18, 1999 and May 26, 2006, inclusive (the "Class Period"), who bring claims for breach of fiduciary and co-fiduciary duty under ERISA, excluding Defendants and their heirs, successors in interest, and assigns.

If you fall within this group of persons, you are a "Settlement Class Member."

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to orders issued by the United States District Court for the Eastern District of Michigan (the "Court"). This Notice serves to inform you of the proposed settlement of this class action lawsuit (the "Settlement") and the hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement as set forth in the Settlement Agreement among the Named Plaintiffs and General Motors Corporation (the "Company"), The Investment Funds Committee of the General Motors Board of Directors, E. Stanley O'Neal, Armando Codina, Kent Kresa, Eckhard Pfeiffer, Phillip A. Laskawy, Percy N. Barnevik, Nobuyuki Idei, John F Smith, Jr., George M.C. Fisher, Willard Marriott, Jr., Ellen J. Kullman, Richard Wagoner, Jr., General Motors Investment Management Corporation ("GMIMCo"), Jean Rose, Cindy Gier, Paul Gonzales, Terry Lee, Jenny Machak, Robert Moroni and Michael Morris (collectively, the "Defendants"), dated as of December 17, 2007 (the "Agreement"), on file with the Court. This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

- 1 -

### HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you were a participant (or are the beneficiary of someone who was a participant) in the General Motors Personal Savings Plans for Hourly Rate Employees (collective, the "Plans") who held an interest in GM Stock in a Plan account at any time between March 18, 1999 and May 26, 2006, inclusive (the "Class Period"), and are not a Defendant (or the heir, successor in interest or assign of a Defendant), you are a Settlement Class Member. If you were not a participant (or are the beneficiary of someone who was not a participant) in either of the Plans during the Class Period, or if you were a participant (or are the beneficiary of someone who was a participant) in one or both of the Plans during the Class Period who did not hold GM Stock in a Plan account during the Class Period, or if you are a Defendant, or an heir, successor in interest, or assign of a Defendant, you are not a Settlement Class Member.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED PARTIAL SETTLEMENT?

The Settlement, if approved, would result in the creation of a cash settlement fund in the amount of $37.5 million (the "Settlement Fund") which, subject to deduction for the costs of Notice, Service Awards of up to $4,000 for each of the six Named Plaintiffs in recognition of the benefits each has generated for the Settlement Class by coming forward and devoting time and knowledge to the prosecution of this case, and attorneys' fees and expenses as approved by the Court, will be distributed to Settlement Class Members pursuant to the Plan of Allocation, which is described in the next section of this Notice.

### WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The cost of this Notice and any Court-approved costs and attorneys' fees and Named Plaintiffs' Service Awards will be deducted from the Settlement Fund. The remainder of the Settlement Fund will be paid to Settlement Class Members in accordance with a Plan of Allocation designed to distribute the Settlement Fund to Class Members roughly in proportion to any decline in the value of their investments in GM Stock in the Plans during the Class Period. A copy of the Plan of Allocation may be obtained at no charge by contacting Class Counsel at the addresses provided below, or downloaded from the Settlement website at GMERISACLASSACTION.COM.

### DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN ANY FUTURE DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice by mail delivery to your correct address, that means that your name and address are properly maintained in the Plans' database. *If you did not receive this Notice but believe you should have, or if your address changes, please advise Class Counsel at the address listed below.*

### WHAT OTHER BENEFITS WILL THE CLASS OBTAIN IF THE SETTLEMENT IS APPROVED?

In addition to the Settlement Fund, the Settlement also provides for significant additional benefits for Settlement Class Members. In particular, pursuant to this Settlement, the Company has agreed that: (1) it will retain an independent fiduciary to continually monitor the prudence of offering the GM Stock as an investment in the Plans; (2) no participant in the Plans will be

- 2 -

required to hold any GM Stock in their Plan accounts for any period of time; (3) the Company will maintain upgraded communications to Plan participants; (4) the Company will make available to all Settlement Class Members free of charge the use of a Savings Plan portfolio tool for a period of one year that will enable Settlement Class Members to model various retirement scenarios based upon the investment risk profile they select; and, (5) the Company will make available to all Settlement Class Members one year of participation in the "Money in Motion" financial advisory program from the Ayco Company at a reduced cost of $30.

Class Counsel believe that this Settlement is fair and reasonable to the Members of the Settlement Class. They have reached this conclusion for several reasons. *First*, if the Settlement is approved, the Settlement Class will receive a significant monetary recovery. *Second*, the Settlement Class will receive the benefits outlined in the previous section which will allow all Settlement Class Members to receive financial planning services and will provide significant protections for Plan participants going forward. *Finally*, Class Counsel believe that the significant and immediate benefits of the proposed Settlement are an excellent result for the Class — especially given the uncertain state of the case law under ERISA, which governs Plaintiffs' claims in this case.

## WHAT IS THIS LAWSUIT ABOUT?

### A. The Allegations.

In this lawsuit, Plaintiffs allege that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") by continuing to offer Plan investments in GM stock, when, according to Plaintiffs, GM stock was no longer a prudent investment. Plaintiffs further allege that Defendants' failure to diversify the Plans' investments harmed the Plans and the participants in the Plans because of the decline in value of GM stock during the Class Period. Finally, Plaintiffs allege that Defendants failed to adequately apprise the Plans' participants of material and adverse information concerning the state of the Company's financial condition during the Class Period. Defendants deny Plaintiffs' allegations, and have vigorously defended the litigation.

The Court has not ruled as to whether the Defendants are liable to Plaintiffs or to the Class. This Notice is not intended to be an expression of any opinion by the Court with respect to the truth of the allegations in this lawsuit or the merits of the claims or defenses asserted. This Notice is solely to advise you of the pendency of the action and proposed Settlement thereof and your rights in connection with that Settlement.

### B. Status of the Case.

This litigation originally consisted of a series of cases filed in March of 2005. Shortly thereafter, the Court consolidated those cases and appointed lead counsel for Plaintiffs. In April of 2006, the Defendants had filed, but only dismissed in part and denied in part various motions to dismiss that the proposed Settlement. In February of 2007, Plaintiffs filed their motion for Class certification, but the Court had not ruled on that motion as of the time this proposed Settlement was reached. In August of 2007, the Court denied in part and granted in part a second motion to dismiss, dismissing only one Defendant, GMIMCo, who is a party to this Settlement. Through Discovery in this case, Plaintiffs obtained and reviewed nearly one million pages of documents.

- 3 -

## WHO REPRESENTS THE SETTLEMENT CLASS?

The following attorneys are Class Counsel:

David R. Scott
SCOTT + SCOTT, LLP
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Phone: (860) 537-5537
Email: drscott@scott-scott.com

Andrew M. Volk
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Phone: (206) 623-7292
Email: Andrew@hbsslaw.com

- and -

Geoffrey M. Johnson
SCOTT + SCOTT, LLP
12434 Cedar Road
Cleveland Heights, OH 44106
Phone: (216) 229-6088
Fax: (216) 229-6092
Email: gjohnson@scott-scott.com

The following individuals are the Named Plaintiffs and Class Representatives:

Al Bahnus,
Jerry L. Canter
Michael Birmingham
Bryan Moore
Jerry Don Fowle
William LaPrad

You may obtain a copy of the Settlement Agreement by contacting Class Counsel at the telephone number or email address listed above, *or* you may download a copy from the Settlement website, GMERISACLASSACTION.COM.

If you have any questions, you are entitled to consult with Class Counsel by contacting them at the phone numbers or email addresses listed above.

## CAN I CHOOSE TO EXCLUDE MYSELF FROM THE CLASS?

No. If you meet the description of a member of the Class, you are a member of the Class. There is no right to opt-out. You will be bound by the outcome of this litigation, whether favorable or unfavorable to the Class. If this Settlement is approved, you will be bound by it.

## HOW WILL THE LAWYERS AND NAMED PLAINITFFS BE PAID?

On or before May 21, 2008, Class Counsel will file a motion for the award of attorneys' fees and expenses for Class Counsel. The motion will be considered at the Fairness Hearing. Class Counsel will limit their application for an award of attorneys' fees to not more than 30% of the Settlement Fund, plus reimbursement of expenses incurred in connection with the Action.

The Named Plaintiffs will share in the allocation of money paid to the Plans on the same basis and to the same extent as all other members of the Settlement Class, except that, in addition, the Named Plaintiffs may each apply to the Court for compensation of up to $4,000 in recognition of the benefits each has generated for the Settlement Class by coming forward and devoting time and knowledge to the prosecution of this case. Any compensation awarded to the Named Plaintiffs by the Court will be payable from the Settlement Fund.

## CAN I OBJECT TO THE PROPOSED SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED SERVICE AWARDS FOR NAMED PLAINTIFFS AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement and urge that the Court not approve the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees and expenses, the requested Service Awards for the Named Plaintiffs, and/or The Plan of Allocation. In order for any objection to be considered, you **must** file a written statement with the Court, Class Counsel and Settling Defendants' counsel at the addresses listed herein by May 16, 2008.

If you are a Settlement Class Member, you may receive the benefit of, and you will be bound by, the terms of the proposed Settlement described in this Notice, upon approval by the Court.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE PARTIAL SETTLEMENT?

**If You Change Your Address, Or If This Notice Was Not Mailed To Your Correct Address, You Should Immediately Send Notice In Writing Of Your Correct Address To: GM ERISA Litigation, c/o Rust Consulting, P.O. Box 9478, Minneapolis, MN 55440-9478, or call toll-free at 1-877-625-9452.**

## WHAT CLAIMS WILL BE RELEASED BY THE PARTIAL SETTLEMENT?

If the proposed Settlement is approved by the Court, the Court will enter a judgment that will permanently dismiss this litigation against the Settling Defendants. In addition, on the day the Judgment becomes effective, all Settlement Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have fully, finally and forever released, relinquished and discharged all claims (whether known or unknown) of any nature whatsoever that they had or may have against the Settling Defendants or their insurer based on, arising out of, or related to any shares of GM stock held in either of the Plans. At the same time, all Settlement Class Members shall be permanently barred and enjoined from instituting, commencing or prosecuting any such claim against the Settling Defendants or their insurer. This Settlement does not release or otherwise compromise any claims by any persons in *In re General Motors Corp. Securities & Derivative Litigation* currently pending in the Eastern District of Michigan or any claims in connection with *Young v. General Motors Investment Management Corporation*, and *Brewer v. General Motors Investment Management Corporation*, both currently pending in the Southern District of New York.

## THE FAIRNESS HEARING

A hearing (the "Fairness Hearing") will be held on June 5, 2008, at 1:30 p.m., before the Honorable Nancy G. Edmunds, United States District Court Judge, at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226, for the purpose of determining (a) whether the proposed Settlement as set forth in the Agreement is fair, reasonable and adequate and should be approved by the Court; (b) whether the Named Plaintiffs will receive Service Awards in an amount not to exceed $4,000 each; (c) whether Class Counsel should receive an award in fees and costs, and the amount of any such award; (d) whether the Proposed Plan of Allocation should be approved by the Court; and (e) whether an Order of Final Judgment and Dismissal should be entered.

Any Settlement Class Member may appear at the Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by him, her or it to the Court at the Fairness Hearing, with the Court no later than May 16, 2008, and showing due proof of service on Class Counsel:

Andrew M. Volk
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

and upon the following counsel for the Defendants:

Robert J. Kopecky
Timothy A. Duffy
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the Court, United States District Court, Eastern District of Michigan. In addition, Settlement Documents may be downloaded from the website GMERISACLASSACTION.COM. If you have any questions concerning the matters **contained in this Notice, you may call Class Counsel, toll-free, or send an email to Class Counsel** at the address provided above. **DO NOT WRITE TO OR TELEPHONE THE COURT, DEFENDANTS OR DEFENDANTS' ATTORNEYS FOR INFORMATION.**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
JUDGE NANCY G. EDMUNDS

May 13, 2008

Honorable Nancy G. Edmunds
United States District Court Eastern Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd
Detroit Michigan 48226

Dear Honorable Nancy G. Edmunds:

I, Sheryl J. Lacter, reside at
92 Wolcott Lane #16, Dayton Ohio 45415
(937) 890-2176, cell (937) 222-8072.
I am writing to object against
the settlement, and Attorney fees at $3.00.
Attn: Erisa Litigation C/O Rust Consulting, Inc
P.O. Box 9178 Minneapolis, MN 55440. I
received an important legal notice in the
mail, dated re. May 14 2008, court date
June 3, 2008.
I do not know of the settlement
amount as I do not have information on
this claim. I called Attorney Scott
1-866-534-5537 but was held quickly.
If I receive a letter there is a settle-
ment date June 5, 2008, end of conver-
sation. Again I am objecting to this.

Sincerely
Sheryl J Lacter

May 13, 2008

Geoff M. Johnson
Scott + Scott LLP
12434 Cedar Road
Cleveland Heights, OH 44106

Dear Geoff M. Johnson,

I, Stacey J. Porter, 90 Woolery Lane E, Dayton, OH 45415, (937) 890-0170, am objecting to the civil action re Delphi Retail ERISA Litigation No# 05-71085. Honorable Nancy G. Edmunds.

I do not know the amount of the settlement, or intervention, other than my own.

Sincerely,
Ms. Stacey J. Porter

# OFFICE OF UNEMPLOYMENT COMPENSATION
## DETERMINATION OF TRADE READJUSTMENT ALLOWANCES

Ohio Job & Family Services
JFS-83500 02/05/2007

| Claimant's Name | | Social Security Number | Determination Identification Number |
|---|---|---|---|
| SHARYL Y. CARTER | | 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 | 214894322-1 |
| Certification Date | Expiration Date | Impact Date | Petition Number | Date Issued |
| 03/16/2007 | 03/16/2009 | 02/26/2006 | 61038 | 11/26/2007 |

SHARYL Y. CARTER
92 WOOLERY LN #C
DAYTON, OH 45415-1726

ODJFS Office

Trade Section Initial
PO Box 182153
Columbus, OH 43218-2153

Phone: (866) 288-0989
Fax:   (614) 752-7520

**THIS NOTICE IS A DETERMINATION OF AN APPLICATION FOR TRADE READJUSTMENT ALLOWANCES UNDER THE TRADE ACT OF 1974, AS AMENDED**

The claimant's application for TRA dated 10/22/2007 is ALLOWED. The claimant's entitlement to TRA, which is not payable until the claimant exhausts all entitlement to regular unemployment compensation, is established as follows:

| | |
|---|---|
| TRA Weekly Benefit Amount is: | $431.00 |
| Total Benefits Payable Amount is: | $12,499.00 |
| Total Benefits Payable Balance is: | $12,499.00 |
| Eligibility Period Beginning Date: | 12/17/2006 |
| Eligibility Period Ending Date: | 12/13/2008 |

**APPEAL RIGHTS:** If you do not agree with this determination, you may file an appeal by mail or fax to the ODJFS Claims Processing Center shown above. You may also file an appeal online at https://unemployment.ohio.gov. The appeal should include the determination ID number, name, claimant's social security number, and any additional facts and/or documentation to support the appeal. **To be timely, your appeal must be received/postmarked no later than 12/17/2007** (21 calendar days after the 'Date Issued'). If the 21st day falls on a Saturday, Sunday, or legal holiday, your deadline has already been extended to include the next scheduled work day. If you do not file your appeal within the 21-day calendar period, include a statement with the date you received the determination and your reason for filing late. If your appeal is late due to a physical or mental condition, provide certified medical evidence that your condition prevented you from filing within the 21-day period. In order for your appeal to be considered timely, it must be received/postmarked no later than 21 calendar days after the ending date of the physical or mental condition. **If unemployed, claimants should continue to file weekly claims for benefits while the determination is under appeal.** For additional information, call the ODJFS automated telephone system at 1-877-644-6562 and select the General Information option or visit the agency's website at https://unemployment.ohio.gov. Claimants may also review the *Worker's Guide to Unemployment Compensation.*

Si usted no puede leer esto, llame por favor a 1-877-644-6562 para una traduccion.

| DSN: 016122 | THIS SPACE FOR OFFICIAL USE ONLY | PSN: 0013107 |
|---|---|---|
| Page 1 of 1 | ID: 000000245099460 | NOTICE: JI42N1 |

**OFFICE OF UNEMPLOYMENT COMPENSATION**

# UNEMPLOYMENT BENEFIT PAYMENT

JFS-81110 08/21/2007

| Claimant's Name | | | Social Security Number | |
|---|---|---|---|---|
| SHARYL Y. CARTER | | | 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 | |
| Date | Deposit Transaction Number | Total Remaining Benefits | Amount Deposited | |
| 04/28/2008 | 11908903222 | $11,637.00 | $***388.00 | |

EACH ITEM BELOW APPLIES TO YOUR CLAIM - MAINTAIN THIS STUB AS YOUR RECORD OF PAYMENT

| WEEK ENDING | WEEKLY BENEFIT AMOUNT | EARNINGS | INCOME | GROSS AMOUNT PAYABLE | OVER-PAYMENT OFFSET | CHILD SUPPORT | FEDERAL TAX | NET PAYABLE AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 04/19/2008 | $431.00 | $0.00 | $0.00 | $431.00 | $0.00 | $0.00 | $43.00 | $388.00 |



The deposit amount shown on this stub should be deposited into your bank account within 3 working days beyond the date shown. Verify funds have been deposited into your account prior to using.

- CONTINUED ON NEXT PAGE -

Si usted no puede leer esto, llame por favor a 1-877-644-6562 para una traduccion.



| FUND | DATE | DEPOSIT TRANS NO. | AMOUNT | 25-174 |
|---|---|---|---|---|
| 005839 | 04/28/2008 | 11908903222 | $388.00 | 65  440 |

OFFICE OF UNEMPLOYMENT COMPENSATION

ADVICE OF DEPOSIT ONLY                           NON-NEGOTIABLE
CREDIT FROM THE UNEMPLOYMENT COMPENSATION BENEFIT ACCOUNT
*Three Hundred Eighty-Eight and 00/100 Dollars*

005839   PSN: 0005839
TO THE   SHARYL CARTER
ACCOUNT  92 WOOLERY LN #C
OF       DAYTON, OH 45415-1726

| DEPOSIT AMOUNT |
|---|
| $***388.00 |

THE ELIGIBILITY PERIOD FOR YOUR TRA BENEFITS WILL END WITHIN FOUR WEEKS. YOU WILL NOT BE ELIGIBLE FOR TRA BENEFITS FOR WEEKS THAT BEGIN AFTER THAT DATE. IF YOU EXPERIENCE ANOTHER QUALIFYING SEPARATION FROM AN ADVERSELY AFFECTED EMPLOYER YOU MAY POTENTIALLY QUALIFY FOR ADDITIONAL TRA BENEFITS. FILE A NEW APPLICATION THROUGH THE WEB AT https://unemployment.ohio.gov OR BY CALLING 1-877-644-6562.    IF YOU HAVE WORKED IN ANOTHER STATE OR HAD EMPLOYMENT WITH A RAILROAD, YOU MAY BE POTENTIALLY ELIGIBLE FOR BENEFITS FROM THE OTHER STATE OR THE RAILROAD.

DURING EACH WEEK YOU CLAIM BENEFITS, YOU MUST PERSONALLY APPLY FOR WORK WITH AT LEAST TWO EMPLOYERS WHO HIRE IN YOUR TRADE OR OCCUPATION. YOU MUST KEEP A WRITTEN RECORD OF THE EMPLOYER'S NAME AND DATE CONTACTED AND PRESENT THE RECORD FOR EXAMINATION UPON REQUEST.

WHEN FILING A CLAIM FOR A WEEK OF UNEMPLOYMENT, ALWAYS REPORT THE GROSS EARNINGS (BEFORE ANY DEDUCTIONS) FOR ALL WORK PERFORMED DURING THE WEEK (REGARDLESS OF WHEN YOU ARE PAID). REPORT ALL OFFERS OF WORK, ANY ILLNESS OR DISABILITY THAT WOULD PREVENT YOU FROM WORKING, AND ANY APPLICATION FOR OR RECEIPT OF WORKERS COMPENSATION.



A34218240 0005839001

Si usted no puede leer esto, llame por favor a 1-877-644-6562 para una traduccion.

I had certified, and again certify by my acceptance of this electronic deposit into my designated bank account, that I did not work or earn wages during the benefit week(s) paid by this deposit except as I reported. I also know penalties are provided if I am paid benefits based on my false statement.