**Hearing Date And Time:  May 29, 2008 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
   In re                              :      Chapter 11
:
DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)
:
:      (Jointly Administered)
          Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DEBTORS' REPLY AND SUMMARY OF RESOLUTIONS IN SUPPORT OF MOTION
FOR ORDER UNDER 11 U.S.C. §§ 361 AND 363, FED. R. BANKR. P. 9019, AND CASH
MANAGEMENT ORDER AUTHORIZING DASHI TO GRANT ADEQUATE
PROTECTION TO PENSION BENEFIT GUARANTY CORPORATION IN CONNECTION
<u>WITH CERTAIN INTERCOMPANY TRANSFERS OF REPATRIATED FUNDS</u>

("REPLY IN SUPPORT OF PBGC ADEQUATE PROTECTION MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), including Delphi Automotive Systems (Holding), Inc. ("DASHI"), hereby submit this reply and summary of resolutions (the "Reply") in support of the motion for an order pursuant to 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 9019, and the Cash Management Order (as defined below), authorizing DASHI to grant adequate protection to the Pension Benefit Guaranty Corporation (the "PBGC") in connection with certain anticipated intercompany transfers of repatriated funds (the "Motion"), and respectfully represent as follows:

Preliminary Statement

1.  In the Motion, the Debtors seek entry of an order under 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 9019, and the Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use of Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 882) (the "Cash Management Order"), authorizing DASHI to grant adequate protection to the PBGC in connection with certain anticipated intercompany transfers of repatriated funds in an amount not to exceed $750 million. Specifically, over the course of this calendar year, DASHI will accumulate cash balances on account of repatriated funds from certain non-Debtor global affiliates (the "Global Affiliates"), which cash will subsequently be transferred to Delphi Automotive Systems LLC ("DAS LLC") in accordance with the Cash Management Order and then deposited into the Debtors' integrated

2

cash management system.[1] The anticipated repatriation of cash to DASHI is governed by the laws of the respective jurisdictions of each of the Global Affiliates. The cash will ultimately be used to reduce the borrowing under the Debtors DIP financing facility.

2. As disclosed in the Motion, in an effort to prevent litigating the propriety of the PBGC's purported liens on the repatriated cash, the Debtors and the PBGC took a practical approach and resolved their differences consensually. Indeed, the Debtors have agreed to provide adequate protection to the PBGC in the form of conditional junior replacement liens in DASHI's assets that are already encumbered by the liens of the Debtors' DIP lenders. These replacement liens would be granted in the amounts transferred from DASHI to DAS LLC up to $750 million and would be valid only to the extent that the PBGC has valid and perfected liens in the cash abroad before the repatriation of such funds. Importantly, all parties in interest reserve their rights to challenge the validity of the PBGC's purported liens on any grounds, and the PBGC's claims, defense, and arguments with respect to any such challenge is preserved. Notably, no party objected to the Debtors' request to grant the PBGC conditional adequate protection liens. Moreover, the Debtors served the Motion on all of the known direct creditors of DASHI, and none of DASHI's direct creditors filed an objection to the relief requested in the Motion.

3. Nevertheless, in connection with the filing of the Motion, the official committee of unsecured creditors (the "Creditors' Committee) and Wilmington Trust Company ("WTC") raised certain issues with respect to the Motion. The Creditors' Committee did not file a formal objection because the Debtors and the Creditors' Committee agreed upon an interim resolution described more fully below. On the other hand, WTC filed a Preliminary Objection of

---

[1] As stated in the Motion, DAS LLC is the holder of the treasury account that acts as the "hub" for the company's integrated cash management system.

Wilmington Trust Company, as Indenture Trustee (Docket No. 13623) (the "Preliminary Wilmington Trust Objection") and the Supplemental Objection of Wilmington Trust Company, as Indenture Trustee (Docket No. 13652) (the "Supplemental Wilmington Trust Objection"). The Debtors vigorously dispute WTC's allegations. Nevertheless, in an effort to minimize litigation costs and related risks, the Debtors reached an interim resolution agreeable to both the Creditors' Committee and WTC. The resolution is summarized below and is reflected in the form of proposed order attached hereto as <u>Exhibit A</u>, which is marked to show the changes from the form of order submitted with the Motion.

<u>Summary Of Resolutions</u>

4.      To resolve the concerns raised by the Creditors' Committee and WTC, the parties have agreed that if on or before June 17, 2008, either the Creditors' Committee or WTC files an objection to the Debtors' granting of the conditional junior replacement liens to the PBGC in connection with certain intercompany transfers to occur on or after July 1, 2008, then a supplemental hearing would take place on June 24, 2008 with respect only to such objection. If such an objection is filed and a supplemental hearing on the Motion is scheduled for June 24, 2008 as described herein, (a) the Debtors would retain the burden of proof to prevail against the objection, (b) the Debtors may not rely on the entry of the order approving the Motion in connection with defending against such objection and the findings in the order approving the Motion would not be binding on the Creditors' Committee or WTC with respect to their respective objection, and (c) the rights of the Creditors' Committee, WTC, and the Debtors with respect to the relief sought in the Motion are reserved in all respects. In the event that the Debtors are unable to resolve the concerns raised by the Creditors' Committee or WTC prior to

05-44481-rdd    Doc 13667    Filed 05/28/08    Entered 05/28/08 15:42:45    Main Document
Pg 5 of 6

the June 24, 2008 omnibus hearing, the parties may reach another short-term solution or litigate this matter to resolution.

5. In connection with this resolution, and as reflected in the revised proposed order, WTC has agreed to withdraw without prejudice the Preliminary Wilmington Trust Objection and the Supplemental Wilmington Trust Objection.

6. Finally, with respect to the Creditors' Committee, the Debtors agree that the cash accumulated by DASHI and ultimately transferred to DAS LLC would be materially consistent with the cash flow projections that have been provided to the Creditors' Committee on May 28, 2008, or any subsequent cash flow projection to be provided to the Creditors' Committee periodically. The Debtors may transfer funds in accordance with a cash flow projection provided to the Creditors' Committee after May 28, 2008 if either (a) the Creditors' Committee does not object within ten days of its counsel's receipt of such cash flow projection or (b) this Court authorizes such request at an expedited supplemental hearing on the Motion (in which case the rights of the Debtors and Creditors' Committee would be fully preserved).

WHEREFORE the Debtors respectfully request that the Court (i) enter the revised proposed order in substantially the form attached hereto as <u>Exhibit A</u> and (ii) grant the Debtors such other and further relief as is just.

Dated:   New York, New York
         May 28, 2008

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By:    /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606
                              (312) 407-0700

                                    - and –

                              By:    /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, <u>et</u> <u>al.</u>,
                                  Debtors and Debtors-in-Possession