**Hearing Date: May 29, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
    In re                            :        Chapter 11
                                   :
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
                                   :
                  Debtors.    :        (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF (I) OMNIBUS OBJECTION
PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R.
BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE
8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER
<u>PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF OMNIBUS 8.2(b) CURE OBJECTION")

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Omnibus Reply In Support Of (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459) (the " Omnibus 8.2(b) Cure Objection"), and respectfully represent as follows:

A.    Preliminary Statement

1.    The Debtors filed the Omnibus 8.2(b) Cure Objection on April 24, 2008, objecting to 30 Cure Proposals[1] and seeking entry of an order (a) disallowing (i) a certain Cure Proposal relating to contracts that will not be assumed pursuant to Article 8.1 of the Debtors' confirmed plan of reorganization (the "Plan") and, therefore, is not entitled to cure under Article 8.2(b) of the Plan, (ii) an untimely Cure Proposal, (iii) any Cure Proposal submitted by an improper third party and (b) modifying certain Cure Proposals to an amount that conforms to the Debtors' books and records.  In addition, with respect to certain Cure Proposals that are currently consistent with the Debtors' books and records and Cure Proposals that are ordered modified to conform to the Debtors' books and records, the Debtors seek an order provisionally allowing such Cure Proposals, as set forth in more detail in the Omnibus 8.2(b) Cure Objection and the proposed order.

2.    The Debtors received 18 responses to the Omnibus Cure Objection. Pursuant to the procedures set forth in the Omnibus 8.2(b) Cure Objection, the Debtors request that this Court adjourn proceedings on each of the 18 responses to the Omnibus 8.2(b) Cure Objection until a date

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Omnibus 8.2(b) Cure Objection.

to be further noticed by the Debtors. In the meantime, the Debtors will work with respondents to try to resolve the disputed Cure Proposals consensually. With respect to the 8 parties that did not file a response and with whom the Debtors have not reached an agreement as described herein, the Debtors request that this Court grant the relief requested in the Omnibus 8.2(b) Cure Objection. The remaining 4 parties have either withdrawn their Cure Proposals or the Debtors anticipate their withdrawal, as described more fully below.

B.     Procedural Background

       3.     On April 24, 3008, the Debtors sent a personalized Notice Of Objection To Cure Proposal to each party subject to the Omnibus 8.2(b) Cure Objection, which specifically identified the Cure Proposal that is subject to an objection and the basis for such objection. Responses to the Omnibus 8.2(b) Cure Objection were due by 4:00 p.m. (prevailing Eastern time) on May 22, 2008.

       4.     The Debtors received eighteen timely-filed docketed responses (collectively, the "Responses") to the Omnibus 8.2(b) Cure Objection.[2] Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the corresponding cure amount asserted by the applicable respondent.

       5.     As of May 28, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received one docketed withdrawal (the "Withdrawal") to the Omnibus 8.2(b) Cure Objection. Attached hereto as <u>Exhibit B</u> is a chart summarizing the Withdrawal and listing the corresponding cure amount asserted in the Cure Proposal for which the Withdrawal was filed. The Debtors and Fiduciary Counselors, Inc. ("FCI") have agreed that FCI will withdraw its Cure Proposal without prejudice, and the Debtors expressly reserve all rights to object to any subsequent Cure Proposal

---

[2]     The Response filed by XM Satellite Radio on May 23, 2008 and the Response filed by Bank of America, N.A. on May 27, 2008 are timely pursuant to an agreed extension of the objection deadline with the Debtors.

3

that may be filed by FCI in accordance with Section 8.2(b) of the Plan, except with respect to the timeliness of such Cure Proposal. The Debtors have reached an agreement with Orix Warren LLC ("Orix Warren") to adjourn Orix Warren's deadline to respond to the Omnibus 8.2(b) Cure Objection until this Court decides the Debtors' Motion Pursuant to 11 U.S.C. § 363 To Enter Into Lease For Property Located In Warren, Ohio (Docket No. 13583) (the "Lease Motion"). If this Court denies the Lease Motion, then Orix Warren would have until five days thereafter to respond to the Omnibus 8.2(b) Cure Objection. If this Court approves the Lease Motion, then Orix Warren has agreed to withdraw its Cure Proposal with prejudice. The Debtors and American Aikoku Alpha, Inc. ("American Aikoku") entered into the Joint Stipulation And Agreed Order (i) Resolving Objection Of American Aikoku Alpha, Inc. To Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business And (ii) Disallowing And Expunging Proofs Of Claim Numbers 16692 And 16783 (American Aikoku Alpha, Inc.) (Docket No. 13551), dated May 8, 2008, wherein, among other things, American Aikoku agreed to withdraw its Cure Proposal with prejudice once American Aikoku receives payment of cure as set forth in the stipulation.

C.      The Revised Proposed Order

        6.      To the extent not withdrawn, the Debtors request that each contested cure proposal and related response be adjourned until further notice by the Debtors for hearing, as set forth in paragraph 7 below and in paragraph 4 of the form of proposed order attached hereto as Exhibit C.

        7.      Pursuant to the Omnibus 8.2(b) Cure Objection and proposed order, the Debtors request that the hearing with respect to each of the eighteen Cure Proposals for which a Response was filed be adjourned until noticed by the Debtors for a later hearing pursuant to the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order").  The matter would be scheduled for hearing at the next regularly scheduled hearing that is at least 20 days following service of the foregoing notice.

8.      Attached hereto as <u>Exhibit C</u> is the revised proposed form of order, which is marked to show revisions to the form of proposed order that was submitted with the Omnibus 8.2(b) Cure Objection (the "Revised Proposed Order"), which reflects the proposed adjournment of the hearings with respect to each of the Cure Proposals for which Responses were filed.  Such adjournments would be without prejudice to the Debtors' right to assert that any of such Responses were untimely or otherwise deficient.

9.      Except for those Cure Proposals with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Proposed Order.

D.      <u>Timeliness Of The Omnibus 8.2(b) Cure Objection</u>

Five respondents now assert that the Omnibus 8.2(b) Cure Objection was untimely under Article 8.2(b).  The Debtors vigorously object to these assertions and maintain that they properly followed the directive of Article 8.2(b) requiring that any objections to Cure Proposals be filed within 45 days after the Cure Claim Submission Deadline, as defined by the Plan.  Nevertheless, those parties who asserted in their Responses that the Omnibus 8.2(b) Cure Objection was untimely and whose Responses are now adjourned have preserved their right to challenge the timeliness of the Omnibus 8.2(b) Cure Objection.  Likewise, the Debtors reserve their right to defend and uphold the timeliness of the Omnibus 8.2(b) Cure Objection and to submit additional documentation to demonstrate that the responding parties were aware of the Debtors' April 24, 2008

objection deadline long before the Debtors filed the Omnibus 8.2(b) Cure Objection. Nevertheless, the Debtors are optimistic that the timeliness objections will be resolved to the extent the underlying cure dispute is resolved consensually.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Cure Proposals for which a Response was filed, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
       May 28, 2008

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession