# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
    In re                                             :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                            Debtors.                  :    (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

OMNIBUS ORDER (I) PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS

("OMNIBUS 8.2(b) CURE OBJECTION ORDER")

Upon the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "Objection")[1] (Docket No. [——]13459) of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:~~2~~1

  A. ~~Each~~Subject to decretal paragraph 5, each party that submitted a cure proposal (each a "Cure Proposal") was properly and timely served with a copy of the Objection, a personalized Notice Of Objection To Cure Proposal, the proposed order ~~granting~~seeking the relief requested in the Objection, and notice of the deadline for responding to the Objection. No other or further notice of the Objection is necessary.

  B. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  ~~C. The Cure Proposal identified on Exhibit 1 hereto does not relate to contracts that are assumable by the Debtors under Article 8.1(a) of the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (as modified) (the "Plan") or entitled to cure under Article 8.2(b) of the Plan (the "Non-Article 8 Cure Proposal").~~

  ~~D. The Cure Proposal identified on Exhibit 2 hereto was not timely filed (the "Untimely Cure Proposal") as required by the Plan, the order confirming the Plan (the "Confirmation Order"), and the confirmation hearing notice.~~

  ~~E. The Cure Proposal identified at Docket No. 13065 submitted by Liquidity Solutions, Inc. as assignee of certain original creditors was filed by an improper third party not entitled to assert cure or receive a cure payment under the Plan (the "LSI Cure Proposal").~~

  C. ~~F.~~ The Cure Proposals identified on Exhibit ~~3~~1 hereto assert incorrect cure amounts (the "Books And Records Cure Proposals").

---

[~~2~~1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

[2] DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

D. ~~G.~~ The relief requested in the Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. ~~The~~Except as expressly provided herein, the relief requested in the Objection is GRANTED.

~~2.    The Non-Article 8 Cure Proposal identified on Exhibit 1 hereto is hereby disallowed in its entirety with prejudice.~~

~~3.    The Untimely Cure Proposal identified on Exhibit 2 hereto is hereby disallowed in its entirety with prejudice.~~

~~4.    The LSI Cure Proposal found at Docket No. 13065 is hereby disallowed in its entirety with prejudice.~~

2. ~~5.~~ The Books And Records Cure Proposals listed on Exhibit 3̶1 hereto are hereby modified to the amount set forth in the column labeled "Debtors' Reconciled Cure Amount" on Exhibit 3̶1 attached hereto (each such reconciled and modified amount, the "Reconciled Cure Amount"). The Books And Records Cure Proposals are hereby provisionally allowed at the respective Reconciled Cure Amounts, provided that (a) each such Cure Proposal shall be satisfied by and subject to the terms of a consummated plan of reorganization, and (b) each such Cure Proposal shall be subject to expiration of the underlying executory contract or unexpired lease ~~or~~and subject to further modification on account of any increases or decreases to the proposed cure amount as a result of acts or omissions following entry of this order.

3. ~~6.~~ The Cure Proposals listed on Exhibit 4̶2 hereto are hereby provisionally allowed ~~(the "Provisionally Allowed Cure Proposals")~~, provided that (a) each such Cure Proposal

---

3   DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

shall be satisfied by and subject to the terms of a consummated plan of reorganization, and (b) each such Cure Proposal shall be subject to expiration of the underlying executory contract or unexpired lease or subject to further modification on account of any increases or decreases to the proposed cure amount as a result of acts or omissions following entry of this order.

        4.        7. The disputed Cure Proposals set forth on Exhibits 53 and the Rresponses related thereto are adjourned subject to the procedures set forth in this paragraph.  The Debtors and the respective counterparties shall negotiate in good faith in an effort to reach a consensual resolution of the disputed Cure Proposal.  If no consensual resolution is reached, then the Debtors shall notice the disputed Cure Proposal for a hearing pursuant to the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the matter shall be scheduled for hearing at the next regularly scheduled hearing that is at least twenty days following service of the foregoing notice.  The proponent of such disputed Cure Proposals shall be entitled to file a supplemental response by 4:00 p.m. (prevailing Eastern time) at least seven calendar days prior to such hearing and the Debtors (or the Reorganized Debtors) shall be entitled to file a supplemental reply no later than 4:00 p.m. (prevailing Eastern time) on the business day prior to such hearing.  To the extent that an evidentiary hearing is necessary to resolve the disputed Cure Proposals, the procedures for such evidentiary hearings shall be governed by the Supplemental Case Management Order, including any amendments or supplements thereto, and the established practices of this Court in these cases.

        5.        Notwithstanding the findings of fact set forth in paragraph A above, the rights of Emcon Technologies LLC and Emcon Technologies Canada, LLC (Docket No. 13626),

---

4        DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

Clarion Corporation of America (Docket No. 13631), Fujikura America, Inc. (Docket No. 13635), General Electric Capital Corp. (Docket No. 13636), and ATEL Leasing Corporation (Docket No. 13637) are hereby reserved in connection with their response related to the timeliness of the Debtors' Omnibus 8.2(b) Cure Objection, and the Debtors' rights and reciprocal defenses are hereby reserved.  The relief granted in paragraphs 2 and 3 shall not apply to the Cure Proposal filed by XM Satellite Radio, Inc. (Docket No. 12539) or the underlying contract.

    6.  The deadline for Orix Warren LLC ("Orix Warren") to file a response to the Omnibus 8.2(b) Cure Objection is hereby extended until 5 days after the entry of an order on the Debtors' Motion Pursuant to 11 U.S.C. § 363 To Enter Into Lease For Property Located In Warren, Ohio (Docket No. 13583) (the "Lease Motion").  If this Court denies the Lease Motion, then Orix Warren shall have until five days thereafter to respond to the Omnibus 8.2(b) Cure Objection.  If this Court approves the Lease Motion, then Orix Warren shall withdraw its Cure Proposal with prejudice.  Proceedings in connection with the Cure Proposal filed by American Aikoku Alpha, Inc. ("American Aikoku") are continued until after the closing of the sale of the Debtors' steering and halfshaft business, as set forth in the Joint Stipulation And Agreed Order (i) Resolving Objection Of American Aikoku Alpha, Inc. To Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business And (ii) Disallowing And Expunging Proofs Of Claim Numbers 16692 And 16783 (American Aikoku Alpha, Inc.) (Docket No. 13551).

    7.  8. Kurtzman Carson Consultants, LLC ("KCC") is hereby authorized and directed to serve all orders entered with respect to the Objection, including exhibits, upon only the master service list and the 2002 list.  KCC is hereby further authorized and directed to serve all parties whose Cure Proposals are the subject of an order entered with respect to the Objection with

---

5  DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

a copy of such order, without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as <u>Exhibit</u> <u>6</u><u>4</u> specifically identifying the Cure Proposal that is subject to the order, the Court's treatment of such Cure Proposal, and the basis for such treatment, and advising the party of its ability to view the order with exhibits free of charge on the Debtors' Legal Information Website.

        <u>8.</u>       <s>9.</s> Each of the objections by the Debtors to each Cure Proposal addressed in the Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Cure Proposal that is the subject of the Objection. Any stay of this order shall apply only to the contested matter which involves such disputed Cure Proposal and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        <u>9.</u>       <s>10.</s> The Debtors shall have the right to amend, modify, or supplement the Objection and to file additional objections to the Cure Proposals or any other Cure Proposals (filed or not) which may be asserted against the Debtors. Should one or more grounds for the objection stated in the Objection be dismissed, the Debtors shall have the right to object on other stated grounds or on any grounds that the Debtors discover during the pendency of these chapter 11 cases.

        <u>10.</u>       <s>11.</s> The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Objection.

Dated:  New York, New York
       May ___, 2008

                                 _____

---

6    DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

UNITED STATES BANKRUPTCY JUDGE

7       DeltaView comparison of pcdocs://chisr01a/598694/7 and pcdocs://chisr01a/598694/8. Performed on 5/28/2008.

*In re Delphi Corporation, et al.,*
*Case No. 05-44481 (RDD)*

**Exhibit 1 – Books And Records Cure Proposals**

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease | Debtors' Reconciled Cure Amount |
|---|---|---|---|---|---|
| 1. | 12993 | AT&T Corp. And AT&T Solutions | $4,056,663.77 | Master Telecommunications Service Agreement dated November 19, 1999<br><br>Managed Network Agreement dated November 19, 1999 | $4,048,185.31 |
| 2. | 12995 | SBC Global Services, Inc. | $3,244,533.05 | Master Services Agreement dated August 17, 1999<br><br>Master Agreement dated February 2003 | $3,082,258.90 |
| 3. | 13034 | Lexington Rubber Group, Inc. | $360,000.00 | Contracts associated with proofs of claim numbers 11924, 11925, 23262 | $352,350.80 |
| 4. | 13035 | Lord Corporation | $323,068.14 | Supply and Development Agreement | $320,688.36 |
| 5. | Undocketed | Lawrence Tippmann, Sr. Family Limited Partnership | $58,763.23 | Lease for 1125 East Vaile Avenue, Kokomo, Indiana | $28,387.76 |

*In re Delphi Corporation, et al.,*
*Case No. 05-44481 (RDD)*

**Exhibit 2 – Provisionally Allowed Cure Proposals**

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease | Debtors' Reconciled Cure Amount |
|---|---|---|---|---|---|
| **1.** | 12409 | Offshore International, Inc. | $84,892.57 | Shelter Plan Service Agreement | $84,892.57 |
| **2.** | 13015 | Georgia Power Company | $406,933.35 | Master Contract for Electric Power | $406,933.35 |
| **3.** | Undocketed | TR Butterfield Trail Corporation | $32,627.13 | Warehouse Lease | $32,627.13 |

*In re Delphi Corporation, et al.,*
*Case No. 05-44481 (RDD)*

**Exhibit 3 – Disputed Cure Proposals**

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease |
|---|---|---|---|---|
| 1. | 12441 | Bank Of America, N.A. | $157,234.02 | Learjet Lease<br>Learjet Charter Agreement<br>Challenger Lease |
| 2. | 12934 | Fiduciary Counselors, Inc. | $3,490,580,050.00 (if IRS funding waiver is ignored)<br><br>$355,502,050.00 (if IRS funding waiver is included) | Delphi Corporation Retirement Program for Salaried Employees<br><br>Delphi Hourly-Rate Employees Pension Plan,<br><br>ASEC Manufacturing Retirement Program<br><br>Delphi Mechatronic Systems Retirement Program<br><br>Packard Hughes Interconnect Non-Bargaining Retirement Plan<br><br>Packard Hughes Interconnect Bargaining Retirement Plan |
| 3. | 12973 | F&G Multislide, Inc. | $250,422.69 | D0450126844<br>D0550000257<br>D0550000989<br>D0550005716<br>D0550040290<br>D0550041274<br>D0550054594<br>D0550054595<br>D0550077222<br>D0550005085 |

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease |
|---|---|---|---|---|
| 4. | 12974 | F&G Tool & Die Co. Inc. | $145,739.73 | D0550041831<br>D0550047007<br>D0550060396<br>D0550069859 |
| 5. | 12976 | ATEL Leasing Corporation | $710,881.87 | Master Lease Agreement dated May 1, 1995 |
| 6. | 12983 | IBJTC Business Credit Corporation | $44,643.53 | Master Lease Agreement |
| 7. | 12988 | United Telephone Company of Ohio | $449,492.14 | Contract Nos. 02JABS5CPU5J and 02JABS5AS2B8 |
| 8. | 12996 | Cingular Wireless n/k/a AT&T Mobility LLC | $42,486.37 | Customer Digital Agreement dated December 23, 2003 |
| 9. | 12998 | General Electric Capital Corp. | $620,181.39 | Master Lease Agreement dated August 31, 2003 |
| 10. | 12999 | Emcon Technologies, LLC and Emcon Technologies Canada, LLC | $163,014.21 | 394620<br><br>394622<br><br>400176<br><br>400178 |

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease |
|---|---|---|---|---|
| 11. | 13000 | Clarion Corporation of America | $1,721,353.05 | 450067797<br><br>4500828781<br><br>450082783<br><br>450089543<br><br>450090326<br><br>450100924<br><br>550045282<br><br>550045609<br><br>DO550045282<br><br>DO550045283<br><br>DO550052359<br><br>DO550056527 |
| 12. | 13008 | Fujikura America, Inc. | $30,481.45 | 550028999<br>550029000<br>550079361 |
| 13. | 13025 | SKF USA, Inc. | $4,299.52 | SAG014642 |
| 14. | 13041 | Audio MPEG, Inc. | Unliquidated | 2003 License Agreement |
| 15. | 13042 | Spartech Corporation, Spartech Polycom, and affiliates | $1,832,945.29 | DO550028680<br>DO450329319<br>DO550028679<br>DO450374346<br>DO450423767<br>DO550151908<br>DO450428851<br>DO550164251<br>DO550079834<br>DO450311250<br>DO45447813<br>DO450522487<br>DO450428851 |

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease |
|---|---|---|---|---|
| | | | | DO450551688<br>DO550190272<br>DO450585585<br>DO550190110<br>450622580<br>450635713<br>450651921<br>550164251<br>DO550028730<br>DO550028729<br>DO550079930<br>DO450232065<br>DO550087114<br>DO550146267<br>DO550079834<br>550190109<br>DO550138363<br>DO550190108<br>DO550164251<br>DO550190273<br>PEDP5030124<br>PEDP5030128<br>P5030124<br>DO550155146<br>550147166<br>PEDP7030026<br>DO550185713<br>550168931<br>DO550147166<br>DO550185712<br>PEDP5030125<br>PEDP7030023<br>PEDP6030048<br>PEDP6030052<br>PEDP50.0126<br>DO550057020<br>DO550057021<br>DO550077738<br>DO550082772<br>DO550143946<br><br>P5030717 |
| 16. | 13065 | Liquidity Solutions, Inc. | Unliquidated | N/A |
| 17. | Undocketed | ICX Corporation | $188,543.40 | 1251 lease<br>1455 lease |

| No. | Docket No. | Party Name | Cure Amount Asserted In Cure Proposal | Alleged Executory Contract or Unexpired Lease |
|---|---|---|---|---|
| **18.** | 13236 | Microsoft Corporation | $3,005,830.42 | Microsoft Business Agreement<br><br>Microsoft Enterprise Agrement |

# Exhibit 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                        Debtors.    :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

NOTICE OF ENTRY OF OMNIBUS ORDER (I) PURSUANT TO CONFIRMATION
ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING
CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN
OF REORGANIZATION AND (II) REQUEST FOR ORDER
<u>PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS</u>

PLEASE TAKE NOTICE that on May __, 2008, the United States Bankruptcy Court for the Southern District of New York entered an Omnibus Order (I) Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "Omnibus 8.2(b) Cure Objection Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Omnibus 8.2(b) Cure Objection Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that the "Cure Proposal," as such term is defined in the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "Omnibus Cure Objection") listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was subject to the Omnibus 8.2(b) Cure Objection Order, was listed on Exhibit __ to the Omnibus 8.2(b) Cure Objection Order, and was accordingly modified, as provided below in the column entitled "Modified Amount/Ordered Treatment," subject to further modification as set forth in the Omnibus 8.2(b) Cure Objection Order.

| Docket Number | Asserted Cure Amount | Basis For Objection | Modified Amount/ Ordered Treatment |
|---|---|---|---|
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that you may view the Omnibus 8.2(b) Cure Objection Order in its entirety by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-249-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

3

Dated:  New York, New York
      June __, 2008

                            BY ORDER OF THE COURT

                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                            SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                              - and -

                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                            SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession