SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                         :         Chapter 11
:
DELPHI CORPORATION, et al.,         :         Case No. 05–44481 (RDD)
:
                      Debtors.    :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING FEDERAL SCREW WORKS'
OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF CURE AMOUNT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS
IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and Federal Screw Works ("Federal Screw"), respectfully submit this Stipulation And Agreed Order Resolving Federal Screw Works' Objection To Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business, and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on January 17, 2005, certain of the Debtors and Federal Screw entered into a surcharge implementation agreement (the "Surcharge Agreement"), setting certain terms under which Federal Screw would provide certain products to the Debtors.

WHEREAS, on March 21, 2006, Federal Screw filed proof of claim number 2350 against Delphi, which asserted an unsecured non-priority claim in the amount of $222,736.28 (the "Claim").

WHEREAS, on November 19, 2007, the Debtors objected to the Claim pursuant To The Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected on Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject to Prior Order, And Modified Claim Asserting Reclamation

2

That Is Subject to Prior Order ("Twenty-Third Omnibus Claims Objection") (Docket No. 10982) (the "Objection").

WHEREAS, on December 10, 2007, the Debtors filed an Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on December 20, 2007, this Court entered an Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claims, (D) Certain Claims Not Reflected on Debtors' Books and Records, (E) Certain Claims Subject to Modification, Modified Claims Asserting Reclamation, Claim Subject to Modification that is Subject to Prior Order, and Modified Claim Asserting Reclamation that is Subject to Prior Order Identified in Twenty-Third Omnibus Claims Objection ("Twenty-Third Omnibus Claims Objection Order") (Docket 11560). The Twenty-Third Omnibus Claims Objection Order, among other things, modified the amount of the Claim to $216,117.26 (the "Modified Claim Amount").

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the

3

"Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice").  The Cure Notice stated, among other things, that the Debtors sought to assume and/or assign certain purchase orders (the "Initial Contracts") to Steering Solutions Corporation and certain of its affiliates (the "Buyers") and that the aggregate associated cure amount would be $114,999.66.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order, among other things, approved the assumption and/or assignment of the Initial Contracts and ascribed to them a cure amount of $114,999.66 (the "Initial Steering Cure").

WHEREAS, on March 7, 2008, the Debtors filed an Expedited Motion for Order Under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 (I) Establishing Procedures for Assumption and Assignment of Certain Omitted Executory Contracts and Unexpired Leases in Connection with Sale of Debtors' Steering and Halfshaft Business and (II) Authorizing Recovery of Excess Discount Rights (Docket No. 13029) (the "Omitted Contracts Assumption Procedures

4

Motion").

WHEREAS, on March 25, 2008. the Court entered an Order Under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 (I) Establishing Procedures for Assumption and Assignment of Certain Omitted Executory Contracts and Unexpired Leases in Connection with Sale of Debtors' Steering and Halfshaft Business and (II) Authorizing Recovery of Excess Discount Rights (Docket No. 13232) (the "Omitted Contract Assumption Procedures Order").

WHEREAS, on March 31, 2008, the Debtors served a Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (Docket No. 13292) (the "Surcharge Cure Notice").  The Surcharge Cure Notice stated, among other things, that the Debtors seek to assume and assign the Surcharge Agreement to the Buyers and that the cure amount associated with such assumption and assignment would be $0.00.

WHEREAS, on April 10, 2008, Federal Screw filed the Federal Screw Works' Objection To Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13356) (the "Steering Objection"), in which Federal Screw asserted that the cure amount due under the Surcharge Agreement and certain related purchase orders, numbered S2S52096 and SAG9FI967, should be $52,603.56.

WHEREAS, to resolve the Steering Objection, the Debtors and Federal Screw have agreed to enter into this stipulation (the "Stipulation").

THEREFORE, the Debtors and Federal Screw, stipulate and agree as follows:

1.    As soon as reasonably practicable upon the closing of the sale of the

5

steering and halfshaft business (the "Sale Closing"), Federal Screw shall receive a cure payment of $52,148.79 (the "Supplemental Steering Cure") in full and final satisfaction of defaults under the Surcharge Agreement and the Purchase Orders.  Upon payment of the Initial Steering Cure and the Supplemental Steering Cure, the Modified Claim Amount shall be further reduced by the amount of the Initial Steering Cure and the Supplemental Steering Cure.

        2.        Prior to the Sale Closing, the Debtors may revise their decision with respect to the assumption and assignment of the Surcharge Agreement and provide a new notice to Federal Screw, as well as its counsel (via US Mail to: Brendan G. Best, Dykema Gossett PLLC, 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304-2820) amending the information related to the assumption and/or assignment of the Initial Contracts and the Surcharge Agreement.

        3.        Upon the Court's entry of this Stipulation, Federal Screw shall be deemed to have withdrawn with prejudice the Steering Objection.

So Ordered in New York, New York, this 27th day of May, 2008

        /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                                     /s/ Brendan Best
John Wm. Butler, Jr.                                              Brendan G. Best
John K. Lyons                                                        DYKEMA GOSSETT PLLC
Ron E. Meisler                                                      39577 Woodward Avenue, Suite 300
SKADDEN, ARPS, SLATE, MEAGHER         Bloomfield, Michigan 48304
  & FLOM LLP                                                      (248) 203-0523
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700                                                       Attorney for Federal Screw Works

            - and –

    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in-Possession