SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
                                                         :
    In re                                          :         Chapter 11
                                                         :
DELPHI CORPORATION, et al.,         :         Case No. 05–44481 (RDD)
                                                         :
                           Debtors.      :         (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER RESOLVING OBJECTION AND
RESPONSE OF S&Z TOOL & DIE, INC. N/K/A S&Z METALWORKS LTD TO (1) NOTICE
OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR
UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND
HALFSHAFT BUSINESS, AND (2) ANY CORRESPONDING CURE AMOUNT PROPOSED

1

BY DELPHI OR OTHERWISE, AND RESOLVING OBJECTION AND RESPONSE OF S&Z TOOL & DIE, INC. N/K/A S&Z METALWORKS, LTD. TO NOTICE OF ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS

(S&Z TOOL & DIE, INC. N/K/A S&Z METALWORKS LTD)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors"), Liquidity Solutions, Inc. ("LSI"), the Buyers (as defined below), and S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks Ltd ("S&Z") respectfully submit this Joint Stipulation And Agreed Order Resolving Objection and Response of S&Z Tool & Die, Inc. n/k/a S&Z Metalworks, Ltd. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business, and (2) any Corresponding Cure Amount Proposed by Delphi or Otherwise, and Resolving Objection and Response of S&Z Tool & Die, Inc. n/k/a S&Z Metalworks, Ltd. To Notice of Assumption and Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale of Steering and Halfshaft Business (the "Joint Stipulation"), stating and agreeing as follows:

WHEREAS, certain of the Debtors and S&Z entered into Purchase Order No. SAG90I0375 (the "Purchase Order").

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, on February 15, 2006, S&Z filed Proof of Claim Number 2036 asserting a general unsecured claim in the amount of $1,288,259.67 (the "Claim") against DAS LLC for goods shipped pursuant to the Purchase Order and other agreements between DAS LLC and S&Z.

WHEREAS, on June 23, 2006, Liquidity Solutions, Inc. ("LSI") duly filed a notice of transfer of the Claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (Docket No. 4338), as provided under a separate Assignment of Claim agreement between S&Z and LSI. S&Z did not object to the transfer of the Claim within the prescribed twenty-day period, and as such, LSI asserts that it is the owner of all right, title and interest in and to the Claim.

WHEREAS, on December 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588), which objection sought to reduce the Claim to $925,384.66 (the "Books and Records Amount").

WHEREAS, on January 17, 2008, S&Z and LSI filed the Response Of Liquidity Solutions, Inc. And The S&Z Entities To Debtors' Twenty Fourth Omnibus Objection (Docket No. 12225).

WHEREAS, on or about January 23, 2008, the Debtors served on certain counterparties, including S&Z, a Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Steering Assumption Notice"), pursuant to which the Debtors asserted,

3

among other things, that they seek to assume and assign the Purchase Order to Steering Solutions Corporation and certain of its affiliates (the "Buyers") pursuant to section 365 of the Bankruptcy Code and that any cure amount associated with the assumption of the Purchase Order is $0.00.

WHEREAS, on February 1, 2008, S&Z filed its Objection and Response of S&Z Tool & Die, Inc. n/k/a S&Z Metalworks, Ltd. to (1) Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in connection with Sale of Steering and Halfshaft Business, and (2) any Corresponding Cure Amount Proposed by Delphi or Otherwise (Docket No. 12447) (the "S&Z Steering Assumption Objection-PO"), in which S&Z objected to the Debtors' proposed assumption and assignment of the Purchase Order and asserted that the cure amount associated with the assumption of the Purchase Order is not less than $705,217.71.

WHEREAS, on February 25, 2008, the Delphi Bankruptcy Court entered the Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order" and the sale of assets authorized thereby, the "Sale").  The Sale Approval Order, among other things, adjourned the First S&Z Steering Assumption Objection to a hearing on March 19, 2008.

WHEREAS, on March 18, 2008, the Delphi Bankruptcy Court entered that certain Stipulation And Agreed Order Resolving In Part That Certain Objection And Response Of S&Z Tool & Die, Inc. n/k/a S&Z Metalworks, Ltd. To (1) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And

Halfshaft Business, And (2) Any Corresponding Cure Amount Proposed By Delphi Or Otherwise And Reserving Issues For Hearing (Docket No. 13166) (the "Steering Assumption Stipulation"), which in part provided that the hearing with respect to certain unresolved issues arising from the Steering Assumption Notice and the S&Z Steering Assumption Objection-PO was adjourned to April 18, 2008.

WHEREAS, on April 3, 2008, the Debtors filed their Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13320), which, among other things, (i) listed as a contract to be assumed and assigned pursuant to section 365 of the Bankruptcy Code that certain "Long Term Contract covering part numbers 26105188 and 26105189 between Delphi LLC acting through its Delphi Saginaw Steering Systems Division and S&Z Tool & Die with a term of May 1, 2003 – December 31, 2011" (the "LTA") and (ii) proposed that the cure amount with respect to the LTA is $6,009.23.

WHEREAS, on April 10, 2008, S&Z filed its Objection and Response of S&Z Tool & Die, Inc. n/k/a S&Z Metalworks, Ltd. To Notice of Assumption and Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale of Steering and Halfshaft Business (Docket No. 13358) (the "S&Z Steering Assumption Objection-LTA" and, together with the S&Z Steering Assumption Objection-PO, the "S&Z Steering Assumption Objections"), in which S&Z objected to the Debtors' proposed assumption and assignment of the LTA.

WHEREAS, the Debtors issued certain written additions to the Purchase Order dated April 16, 2008 (together with any other, further, and/or or future amendments, supplements, or

5

other modifications to the Purchase Order proposed by the Debtors or otherwise implemented and effected at any time before the Closing (as defined below), the "Purchase Order Additions").

WHEREAS, on June 26, 2007, the Bankruptcy Court entered that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) (the "Claim Order"), pursuant to which, among other things, the Debtors have authority to settle the Claim without further Bankruptcy Court approval or further notice.

WHEREAS, DAS LLC, LSI, the Buyers, and S&Z entered into a certain Settlement Agreement dated May ___, 2008 (the "Settlement Agreement"), pursuant to which, among other things, the Claim was resolved as set forth therein and the parties reached agreement as to the resolution of the S&Z Steering Assumption Objections.

WHEREAS, pursuant to the Settlement Agreement, Proof of Claim Number 16816 ("Proof of Claim 16816") was filed against DAS LLC as an unsecured non-priority claim in the amount of $100,000.00 asserting liabilities relating to steel surcharges in order to resolve the $298,384.15 in steel surcharges and other material-related obligations asserted by S&Z in connection with the Purchase Order.

WHEREAS, the Settlement Agreement is contingent on, among other things, the entry of this Joint Stipulation, in order, among other things, to provide the Debtors with all required authority to pay the Cure Payment (as defined below).

NOW THEREFORE, in consideration of the foregoing, and pursuant to and in furtherance of the Settlement Agreement, the parties STIPULATE and AGREE as follows:

6

1.      Incorporation of Recitals.  The foregoing recitals are hereby adopted and made a part hereof.

2.      Allowed Claim.  In accordance with the terms of the Settlement Agreement, Proof of Claim 16816 is hereby allowed against DAS LLC as a prepetition general unsecured non-priority claim in the amount of One Hundred Thousand Dollars And Zero Cents ($100,000.00).

3.      Payment of Cure.  In the event that the Purchase Order is assumed, DAS LLC shall, at the closing of the Sale (the "Closing") or as soon thereafter as practicable, make a cash prepetition cure payment of $278,174.82 (the "Cure Payment") to S&Z to cure all prepetition defaults under the Purchase Order.  S&Z and LSI also agree that the Cure Payment agreed to herein with respect to the Purchase Order shall also be in full satisfaction of any prepetition cure due in connection with the assumption of the Purchase Order and LTA.  DAS LLC will offset or reduce the Books and Records Amount in accordance with the terms of the Settlement Agreement for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of the Cure Payment made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of the Purchase Order and the LTA.  Payment of the Cure Payment shall be without prejudice to S&Z to recover post-petition obligations due pursuant to the Purchase Order and/or LTA from DAS LLC or any other Debtors or third parties.

4.      Resolution of Steering Assumption Objection—LTA.  Notwithstanding any contrary provisions set forth in the Purchase Order Additions, all obligations related to the LTA that arose or arise on or after the Petition Date, and which are due and owing in accordance with the payment terms applicable to the LTA or past due and owing as of the Closing shall be paid in full (in United States Dollars) by the Debtors in the ordinary course of business and, in any event,

7

no later than Closing or as soon thereafter as reasonably practicable but in any event no sooner than as provided under the payment terms applicable to the LTA.  Notwithstanding any contrary provisions set forth in the Purchase Order Additions, all obligations related to the LTA that arise prior to the Closing but that are due and owing post-Closing (the "Transferred Obligations") will be paid by the Buyers, pursuant to the terms, and subject to the conditions, of the Purchase Order; provided, however, that nothing contained herein, in the Sale Approval Order, or in the Purchase Order Additions is or shall be deemed to be a waiver or release of the Debtors' obligation to pay the Transferred Obligations.

5.  Postpetition Obligations Under Purchase Order.  Notwithstanding anything to the contrary set forth herein or in the Purchase Order Additions, all postpetition obligations under the Purchase Order shall be paid in accordance with the Steering Assumption Stipulation, which remains in full force and effect to the extent that it applies to postpetition obligations, including without limitation as set forth in paragraphs 2 through 7 and paragraph 9 of the Steering Assumption Stipulation.

6.  Withdrawal of S&Z Steering Assumption Objection-PO.  The S&Z Steering Assumption Objection-PO is hereby withdrawn, which withdrawal shall be with prejudice unless the Debtors propose (i) to assume (but not assign) the Purchase Order or (ii) to assume and assign the Purchase Order to a party other than the Buyer (a "Third-Party Assignee"), in either of which cases (A) the terms of the Settlement Agreement shall govern such assumption, or assumption and assignment and (B) S&Z's right to object to assumption and assignment of the Purchase Order to such Third-Party Assignee on the grounds of the identity of such Third-Party Assignee and/or a lack of adequate assurance of future performance by such Third-Party

8

Assignee shall be expressly preserved notwithstanding any withdrawal of the S&Z Steering Assumption Objection-PO.

7.      <u>Withdrawal of S&Z Steering Assumption Objection-LTA</u>.  The S&Z Steering Assumption Objection-LTA is hereby withdrawn, which withdrawal shall be with prejudice unless the Debtors propose (i) to assume (but not assign) the LTA or (ii) to assume and assign the LTA to a Third-Party Assignee, in either of which cases (A) the terms of the Settlement Agreement shall govern such assumption, or assumption and assignment and (B) S&Z's right to object to assumption and assignment of the LTA to such Third-Party Assignee on the grounds of the identity of such Third-Party Assignee and/or a lack of adequate assurance of future performance by such Third-Party Assignee shall be expressly preserved notwithstanding any withdrawal of the S&Z Steering Assumption Objection-LTA.

05-44481-rdd    Doc 13674    Filed 05/28/08    Entered 05/28/08 17:02:18    Main Document
            Pg 10 of 11

So Ordered in New York, New York, this 27th day of May, 2008

        /s/Robert D. Drain_____
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Rocco I. Debitetto |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700<br><br>        - and –<br><br>  Kayalyn A. Marafioti<br>  Thomas J. Matz<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>   Debtors and Debtors-in-Possession | Michael P. Shuster<br>Rocco Debitetto<br>HAHN LOESER + PARKS LLP<br>200 Public Square, Suite 3300<br>Cleveland, Ohio 44114-2301<br>(216) 621-0150<br><br>Attorneys for S&Z Tool & Die Co., Inc. n/k/a S&Z Metalworks Ltd<br><br>/s/ Dana Kane<br>Dana Kane<br>One University Plaza, Ste 312<br>Hackensack, New Jersey  07601<br>(201) 968-0001<br><br>Attorney for Liquidity Solutions, Inc. |

/s/ Richard Wynne
Richard Wynne
Bennett L. Spiegel
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

Attorney for Steering Solutions Corporation

11