UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::::::::::::::::::::::::::::

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 361 AND 363, FED. R. BANKR. P. 9019, AND CASH
MANAGEMENT ORDER AUTHORIZING DASHI TO GRANT ADEQUATE
PROTECTION TO PENSION BENEFIT GUARANTY CORPORATION IN CONNECTION
WITH CERTAIN INTERCOMPANY TRANSFERS OF REPATRIATED FUNDS

("PBGC ADEQUATE PROTECTION ORDER")

Upon the motion, dated May 9, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, including Delphi Automotive Systems (Holding), Inc. ("DASHI") and Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 9019, and the Cash Management Order (as defined below), authorizing DASHI to grant adequate protection to the Pension Benefit Guaranty Corporation (the "PBGC") in connection with certain anticipated intercompany transfers of repatriated funds (the "Intercompany Transfers") in an amount expected to be up to $750 million; and upon the Preliminary Objection of Wilmington Trust Company, as Indenture Trustee (Docket No. 13623) (the "Preliminary Wilmington Trust Objection") and the Supplemental Objection of Wilmington Trust Company, as Indenture Trustee (Docket No. 13652) (the "Supplemental Wilmington Trust Objection"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best

1

interests of the Debtors, including DASHI and DAS LLC, their estates, their stakeholders, and other parties-in-interest; and this Court having determined that the proceeds of the Intercompany Transfers will be used by the Debtors in accordance with the terms of this order, the Order Under 11 U.S.C. §§ 363 And 553 Authorizing (I) Continued Maintenance Of Existing Bank Accounts, (II) Continued Use Of Existing Cash Management System, (III) Continued Use of Business Forms, (IV) Preservation And Exercise Of Intercompany Setoff Rights, And (V) Grant Of Administrative Status For Postpetition Intercompany Transactions (Docket No. 882) (the "Cash Management Order"), the Order Under 11 U.S.C. §§ 105, 361, 362, 363 , 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and Fed. R. Bankr. P. 2002, 4001, and 6004(g) (I) Authorizing Debtors to Obtain Post-Petition Financing and (II) Authorizing Debtors to Refinance Secured Post-Petition Financing and Prepetition Secured Debt (Docket No. 6461) (the "DIP Refinancing Order"), the Order Supplementing January 5, 2007 DIP Order (Docket No. 6461) and Authorizing Debtors to (I) Extend Maturity Date of DIP Facility, (II) Enter into Related Documents, and (III) Pay Fees in Connection Therewith (Docket No. 10957) (the "DIP Extension Order"), and the Order (I) Supplementing January 5, 2008 DIP Order (Docket No. 6461) and Authorizing Debtors to (A) Extend Maturity Date of DIP Facility, (B) Enter into Related Documents, and (C) Pay Fees in Connection Therewith and (II) Authorizing Debtors to Enter into Arrangement with General Motors Corporation or an Affiliate (Docket No. 13489) (the "Second DIP Extension Order," together with the DIP Refinancing Order and the DIP Extension Orders, and as such orders may be subsequently supplemented or amended, the "DIP Orders"); and this Court having determined that DASHI has satisfied its fiduciary obligations with respect to the Intercompany Transfers, including providing adequate protection to the PBGC as set forth below; and it appearing that proper and adequate notice of the Motion has

been given and that no other or further notice is necessary; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED; <u>provided</u>, <u>however</u>, that as between only the Debtors and the official committee of unsecured creditors (the "Creditors' Committee") and Wilmington Trust Company (solely in its capacity as Indenture Trustee with respect to the Debtors' debt indentures) (the "Potential Objectors"), to the extent that, on or before June 17, 2008, a Potential Objector files an objection to the Debtors' granting of Replacement Liens (as defined in paragraph 4 below) in connection with Intercompany Transfers to occur on or after July 1, 2008, then there shall be a supplemental hearing at the June 24, 2008 omnibus hearing with respect only to the objection of such Potential Objector as it relates to relief sought in the Motion regarding granting Replacement Liens to the PBGC in connection with Intercompany Transfers to occur on or after July 1, 2008 (a "Potential Objection"); <u>provided further</u> that at such hearing, if ever scheduled: (a) the Debtors shall retain the burden of proof to prevail against a Potential Objection; (b) the Debtors may not rely on the entry of this Order in connection with a Potential Objection and the findings in this Order shall not be deemed binding on the Potential Objectors with respect to a Potential Objection; and (c) the rights of the Potential Objectors and the Debtors with respect to the relief sought in the Motion are reserved in all respects (including a Potential Objector arguing that the motion should be denied because the Debtors' underlying predicate that they have the ability to repatriate funds without further order of the Court is not supported by the record and the Debtors' arguing to the contrary).

2.     The Preliminary Wilmington Trust Objection and the Supplemental Wilmington Trust Objection are hereby withdrawn without prejudice.

3. The Debtors shall, subject to the terms of this order, grant the PBGC, pursuant to sections 361, 363(c)(2), and 363(e) of the Bankruptcy Code, adequate protection of the PBGC's asserted interest, on account of up to $750 million in unpaid contributions to the Delphi Plans (as defined below), in up to $750 million of the cash that will be accumulated by DASHI from the Debtors' non-U.S. global affiliates (the "Global Affiliates") and subsequently transferred to DAS LLC pursuant to the Intercompany Transfers that are materially consistent with the cash flow projections provided to the Creditors' Committee from time to time (collectively, the "Adequate Protection Obligations"); provided, however, that the amount of cash so transferred shall be materially consistent with the cash flow projections provided to the Creditors' Committee as of May 28, 2008, or any subsequent cash flow projections provided to the Creditors' Committee from time to time and to which the Creditors' Committee does not object (within ten days of receipt of such projections by the Creditors' Committee counsel) or the Court otherwise authorizes at an expedited supplemental hearing on the Motion (at which hearing the rights of the Debtors and the Creditors' Committee shall be fully preserved pursuant to paragraph 1 above).

4. To secure the Adequate Protection Obligations, the PBGC (for the benefit of the Delphi Retirement Program for Salaried Employees, the Delphi Hourly-Rate Employees Pension Plan, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan, collectively the "Delphi Plans") is hereby granted (effective and perfected upon the transfer of the accumulated cash described in paragraph 3 above from DASHI to DAS LLC and without the necessity of the execution by the Debtors of security agreements, pledge agreements, financing statements or other agreements) valid, perfected replacement security interests in and liens in the amount of cash accumulated by

4

DASHI from the Global Affiliates up to $750 million (the "Replacement Liens") upon those DASHI assets encumbered by the liens granted under this Court's DIP Orders, which Replacement Liens shall be subject and subordinate to the liens granted to the DIP Agent (as defined in the DIP Refinancing Order) for the benefit of the DIP Lenders (as defined in the Second DIP Extension Order) and any Setoff Claimant (as defined in the DIP Refinancing Order); provided, however, that the Adequate Protection Obligations and the resulting Replacement Liens granted hereunder to the PBGC shall be valid only to the extent that the PBGC's asserted liens on the cash to be accumulated by DASHI from the Global Affiliates are valid, perfected, enforceable and non-avoidable against such assets; provided further that all parties in interest in these cases shall retain and reserve the right to challenge the PBGC's purported liens on any grounds, including without limitation the enforceability, validity, perfection, and non-avoidability of such purported liens, and that all of PBGC's claims, defenses and arguments with respect to any such challenges are expressly reserved and preserved.

        5.       The relief granted in this order does not alter the relief granted in the 2007 DASHI Intercompany Transfer Order (as defined in the Motion and found at Docket No. 10725).

        6.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

        7.       The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated:   New York, New York
          May 29, 2008

                      /s/Robert D. Drain
                      UNITED STATES BANKRUPTCY JUDGE