UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
   In re                              :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                             Debtors.   :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER SUPPLEMENTING SECOND DIP EXTENSION MOTION (DOCKET NO.
13489) AUTHORIZING INCREASE IN FINANCING COMMITMENTS IN
RESPONSE TO OVERSUSBSCRIPTION OF DEBTORS' SYNDICATION OF
SECOND DIP EXTENSION DEBTORS TO COMPLETE SUBSEQUENT
TRANCHE C LOAN AND RELATED TRANSACTIONS

("SUPPLEMENTAL SECOND DIP EXTENSION ORDER")

Upon the motion, dated May 9, 2008 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order supplementing the Second DIP Extension Order (Docket No. 13489) authorizing an increase in financing commitments in response to oversubscription of the Debtors' syndication of the Second DIP Extension; due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain

Notice, Case Management, and Administrative Procedures, entered February 4, 2008 (Docket No. 12487) and no other or further notice being necessary; and the Court having held a hearing on the Motion on May 29, 2008 (the "Hearing"), and upon the record of the Hearing and after due deliberation and consideration, and sufficient cause appearing therefore,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The Motion is hereby granted in its entirety.

    3.    The Second DIP Extension Order is hereby deemed amended by replacing Exhibit A thereto with the Second Amended and Restated DIP Credit Agreement attached hereto as Exhibit A (the "Second Amended and Restated DIP Credit Agreement"), and all of the provisions of the Second DIP Extension Order applicable to the form of Second Amended and Restated DIP Credit Agreement attached thereto and all other documentation executed in connection therewith shall be deemed to apply to the Second Amended and Restated DIP Credit Agreement attached hereto and all other documentation executed in connection therewith (the "Second Amended and Restated DIP Credit Facility").  Without limiting the generality of the foregoing, the Debtors are hereby authorized to (a) perform all obligations under the Second Amended and Restated DIP Credit Agreement in respect of the Subsequent Tranche C Loan (as defined in the Second

2

Amended and Restated DIP Credit Agreement), and (b) pay the Total Subsequent Tranche C Fees (as defined in the Second Amended and Restated DIP Credit Agreement).

4. It is in the best interests of the Debtors to obtain the Subsequent Tranche C Loan under the terms set forth in the Second Amended and Restated DIP Credit Agreement, and the Debtors are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, without the continuation of the liens and claims granted pursuant to the DIP Order and incorporated by reference herein to secure the Subsequent Tranche C Loan.

5. The Second DIP Extension Order shall be deemed supplemented by this order, and the DIP Order (as supplemented by the DIP Extension Order and the Second DIP Extension Order, as supplemented hereby) shall continue in full force and effect. Without limiting the generality of the foregoing, (a) for all obligations and indebtedness arising under the Second Amended and Restated DIP Credit Facility, the Agent and the DIP Lenders and any other secured creditor granted rights under the DIP Order are each granted each and every right and remedy granted to such secured creditor under the DIP Order (the relevant provisions of the DIP Order being incorporated herein by reference) and (b) nothing herein shall adversely affect any of the rights and remedies granted to the Agent and the DIP Lenders or any other secured creditor under the DIP Order, which rights and remedies shall continue in full force and effect and shall be deemed applicable to the Second Amended and Restated DIP Credit Facility to the same extent applicable to the DIP Facility. Consistent with and not in any way limiting the generality of the foregoing, (a) the definitions of "DIP Credit Agreement" and "DIP Documents" contained in the DIP

Order shall be deemed to include the Second Amended and Restated DIP Credit Agreement and all other documentation executed in connection therewith, as applicable, (b) the definition of "DIP Obligations" contained in the DIP Order shall be deemed to include all obligations and indebtedness arising under, in respect of, or in connection with the Second Amended and Restated DIP Credit Facility (including, without limitation, all "Obligations" as defined in the First Amended and Restated DIP Credit Agreement, as amended and restated by the Second Amended and Restated DIP Credit Agreement), and (c) all liens, security interests, priorities, and other rights, remedies, benefits, privileges, and protections provided in the DIP Order shall apply with equal force and effect to the Second Amended and Restated DIP Credit Facility and all obligations in connection therewith or related thereto.

6. The Subsequent Tranche C Loan has been negotiated in good faith and at arm's-length between the Debtors and the Agent, and all of the Debtors' obligations under the Second Amended and Restated DIP Credit Agreement as authorized by the DIP Order and the Second DIP Extension Order (as supplemented by this order), including, without limitation, the obligation to pay the Total Subsequent Tranche C Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code. In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this order, the DIP Order, or any of the documents executed in connection with the Second Amended and Restated DIP Credit Facility are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall effect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby. Notwithstanding any such modification,

amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this order, the DIP Order, and the other DIP Documents (as defined in the DIP Order), and the Agent and the DIP Lenders, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

7.  A sound business purpose exists for the Debtors to incur all obligations under the Second Amended and Restated DIP Credit Agreement in respect of the Subsequent Tranche C Loan and pay the Total Subsequant Tranche C Fees, in each case in accordance with the requirements of 11 U.S.C. § 363(b).

8.  The Second Amended and Restated DIP Credit Facility and the provisions of this order shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

9.  In the event of any inconsistency between the provisions of this order and the DIP Order or the DIP Documents, the provisions of this order shall govern.

10. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this order, and the Second Amended and Restated DIP Credit Agreement, in all respects.

Error! Unknown document property name.
659979.02-New York Server 5A - MSW

Error! Unknown document property name.

11. Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

12. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: May 30, 2008
New York, New York

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

**Error! Unknown document property name.**
659979.02-New York Server 5A - MSW

**Error! Unknown document property name.**