Scott A. Golden (SG-6663)
Dena Copulsky Kaufman (DC-9222)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Attorneys for XM Satellite Radio Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
DELPHI CORPORATION, et. al,                         :    Case No. 05-44481 (RDD)
                                                    :
                        Debtors.                    :    (Jointly Administered)
                                                    :
                                                    :
------------------------------------------------------------x

## XM SATELLITE RADIO INC.'S RESPONSE TO DEBTORS' (I) OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§ 105(a), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE PROPOSALS SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF REORGANIZATION AND (II) REQUEST FOR ORDER PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS

XM SATELLITE RADIO INC. ("**XM**"), by its attorneys Hogan & Hartson LLP, hereby files this Response (the "**Response**")[1] to the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (the "**Objection**"), and respectfully states as follows:

---

[1] The Debtors agreed to extend XM's time to file and serve this Response to 12:00 noon on May 23, 2008.

1. XM and Delphi Automotive Systems LLC are parties to that certain OEM Receiver Production, Marketing and License Agreement, dated as of June 1, 2004 and effective as of April 16, 2004, as amended by Amendment 1 dated as of August 15, 2006 and effective as of January 3, 2005, and as may be further amended thereafter from time to time (the "**XM Contract**").

2. On February 7, 2008, XM timely filed a cure claim in the amount of $1,017,448.45 (the "**XM Cure Claim**").

3. Pursuant to the Objection, the Debtors seek to "provisionally allow" the XM Cure Claim. XM objects to relief requested in the Objection as it relates to the XM Contract and the XM Cure Claim.

4. Notwithstanding the foregoing, XM has had discussions with the Debtors in an attempt to resolve XM's objection to the Objection and, as a result of such discussions, XM and the Debtors have agreed to the following:

(a) XM's Response to the Objection shall be adjourned indefinitely; <u>provided, however,</u> that XM or the Debtors may schedule a hearing before this Court on XM's Response to the Objection at any time hereafter on forty-five (45) days prior notice to the other party and <u>further provided</u>, that XM may file a supplemental response to the Objection in connection with such hearing on or before 4:00 p.m. (prevailing Eastern time) on the day at least seven days prior to the hearing and the Debtors may file a reply to XM's supplemental response on or before 4:00 p.m. (prevailing Eastern time) on the day immediately prior to the hearing,

(b) The order to be presented at the May 29, 2008 hearing shall state that the substantive relief granted therein shall not apply to the XM Contract or the XM Cure Claim and that such order shall not prejudice XM's rights to assert its response to the Objection,

(c) The Debtors and XM agree that all of XM's rights are reserved with respect to the contents of any order proposed by the Debtors in connection with the Objection, including without limitation, the right to assert that such order is prejudicial to XM, and

(d) In addition to the foregoing, each of XM and the Debtors reserve all rights and defenses with respect to the XM Contract and the XM Cure Claim including, without

limitation, XM's right, at any time, to seek an order of this Court compelling payment of the XM Cure Claim and the Debtors rights to contest same..

5.  Based on the foregoing agreement, XM will not at this time pursue its Response to the Objection provided that any order entered in connection with the Objection contains the statement described in paragraph 4(b) above.

6.  The Debtors have agreed that XM may, and XM reserves the right to, supplement this Response with a further response and/or pursue its objection to the Objection in the event that any proposed order in connection with the Objection does not contain the statement described in paragraph 4(b) above and/or this Court determines to enter an order approving the Objection which does not contain said statement.

Dated: May 23, 2008
New York, New York

HOGAN & HARTSON LLP

By: /s/ Scott A. Golden
Scott A. Golden (SG-6663)
Dena Copulsky Kaufman (DC-9222)
875 Third Avenue
New York, New York 10022
(212) 918-3000 (telephone)
(212) 918-3100 (facsimile)

Attorneys for XM Satellite Radio Inc.