UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                              :        Chapter 11
:
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
:
                    Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 365 AUTHORIZING AND APPROVING
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS IN CONNECTION WITH SALE OF DEBTORS' POWER
<u>PRODUCTS BUSINESS TO STRATTEC BUYERS</u>

("POWER PRODUCTS CONTRACT ASSUMPTION AND ASSIGNMENT ORDER")

Upon the motion, dated June 4, 2008 (the "Motion")[1], of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 365 authorizing and approving the assumption and assignment of certain prepetition executory contracts (the "Assumed U.S. Contracts") in connection with the Debtors' sale (the "Sale") of sale of certain assets related to the power products (the "Power Products Business") to Strattec Security Corporation, Witte-Velbert GmbH & Co. Kg, Vehicle Access Systems Technology LLC, and certain of their affiliates (collectively, the "Strattec Buyers"); and the Court having entered an order on October 28, 2005 approving procedures to sell certain <u>de minimis</u> assets for $10 million or less without further Court approval (Docket No. 766) (the "<u>De Minimis</u> Asset

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Sale Order"); and certain selling Debtor entities (the "Selling Debtor Entities")[2] and non-Debtor selling affiliates having entered into a master sale and purchase agreement (the "Agreement") on May 27, 2008 with the Strattec Buyers for the sale of the Power Products Business for $7.8 million, subject to certain adjustments; and the Selling Debtor Entities having given notice on May 27, 2008 in accordance with the De Minimis Asset Sale Order to Interested Parties (as defined in the De Minimis Asset Sale Order) of their intention to sell certain assets related to the Power Products Business to the Strattec Buyers;; and the Court having reviewed and considered the Motion and the arguments of counsel made, and the evidence proffered or adduced, at the hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and all other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicate for the relief sought in the Motion is section 365 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code").

    C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the hearing, (i) proper, timely, adequate, and sufficient notice of the Motion and hearing has been provided, (ii) such notice was good,

---

[2] Under the Agreement the Selling Debtor Entities are Delphi, Delphi Automotive Systems LLC, and Delphi Technologies, Inc.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion and hearing is necessary.

        D.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

        E.    The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and assign the Assumed U.S. Contracts to the Strattec Buyers in connection with the closing of the Sale, and the assumption and assignment of the Assumed U.S. Contracts is in the best interests of the Selling Debtor Entities, their estates, their creditors, and their stakeholders.  The Assumed U.S. Contracts being assigned to, and the liabilities being assumed by, the Strattec Buyers are an integral part of the Power Products Business being purchased by the Strattec Buyers and, accordingly, such assumption and assignment of the Assumed U.S. Contracts and related liabilities is reasonable and enhances the value of the Selling Debtor Entities' estates.

        F.    Approval of the assumption and assignment of the Assumed U.S. Contracts is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties-in-interest.

        NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Motion is GRANTED.

        2.    The Selling Debtor Entities are authorized, but not directed, to assume the Assumed U.S. Contracts provided on Schedule 1 hereto pursuant to section 365(a) of the Bankruptcy Code, effective as of the date hereof.

    3.  The Selling Debtor Entities are authorized, but not directed, to take all further actions as may be requested by the Strattec Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Strattec Buyers the Assumed U.S. Contracts.

    4.  All defaults or other obligations of the Selling Debtor Entities under the Assumed U.S. Contracts arising or accruing prior to the closing of the Sale (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities at the closing of the Sale or as soon thereafter as practicable, or absent an agreement as to the cure amount between the Selling Debtor Entities and the non-Debtor party to the Assumed U.S. Contract, by the order of this Court.

    5.  This Court retains exclusive jurisdiction to interpret, construe, enforce and implement the terms and provisions of this order.

    6.  The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York  
    June \_\_\_\_, 2008

                             _____  
                              UNITED STATES BANKRUPTCY JUDGE