Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02110
(617) 946-4800
William J. Hanlon, Esq. (WH 8128)

**Hearing Date/Time:**
July 23, 2008 at 10:00 a.m.

*Attorneys for Bradford Industries, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION

              Debtors.

Chapter 11
Case No. 05-44481 (RDD)

## MOTION FOR LEAVE TO FILE LATE CLAIMS WITH RESPECT TO LATE CLAIM FILED BY BRADFORD INDUSTRIES, INC. (PROOF OF CLAIM NO. 16564) AND <u>REQUEST FOR FINDING THAT CURE CLAIM IS CONFORMING</u>

Bradford Industries, Inc. ("Bradford Industries"), a creditor of Delphi Corporation

("Delphi" or "Debtor") and holder of Claim No. 16564 in the amount of $60,814.07 for goods

sold, hereby moves for an order pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)

extending the time for Bradford Industries to file its claim, and allowing such claim against the

Debtor as if Bradford Industries had filed the claim before the bar date, as Bradford Industries'

untimeliness is due to "excusable neglect."  Bradford Industries also requests that this Court find

that its "Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed

and Assigned Under Plan of Reorganization" ("Cure Claim," attached hereto as <u>Exhibit A</u>) is

conforming.  In support of this motion, Bradford Industries states as follows:  (a) that Delphi

representatives <u>agree</u> with the amount of the claim, (b) that Bradford Industries' deferred proof

of claim filing was made in reliance in good faith upon the efforts of Delphi's personnel to

resolve the amount of the claim; and (c) that there is no prejudice to the estate in allowing a claim in the amount that Delphi acknowledges is due. In further support of this motion, Bradford Industries states as follows:

### Factual Background

1.  Bradford Industries has supplied products to Delphi pursuant to five contracts, and has performed under each of these contracts in good faith. Four of these contracts are to be assumed by the Debtor.

2.  Bradford Industries' claim was originally scheduled by Delphi in the amount of $52,978.08.

3.  Prior to the bar date, Bradford Industries' CEO, Bill Larrivee, was engaged in claim resolution with Terri Cleveland, Consualo Leal and Tim White at Delphi.

4.  Based on Mr. Larrivee's prior experience working with Delphi and in reliance on assurances of the above-referenced Delphi representatives of their intent to work out the amount of the claim, Mr. Larivee did not file a proof of claim until he had reached an agreement with Delphi as to the amount. This did not occur until after the bar date of July 31, 2006. Copies of email and fax negotiations are attached hereto as Exhibit B.

5.  On March 1, 2007, Bradford Industries filed a proof of claim for $60,814.07, a copy of which is attached hereto as Exhibit C.

6.  Delphi agrees with Bradford Industries as to the correct amount of the claim. Copies of Delphi's internal ledger and Bradford Industries' open invoice analysis are attached to Bradford Industries' proof of claim.

7.  Delphi's counsel has engaged in a multi-faceted, highly technical attempt to disallow this claim in the face of their own client's agreement as to the amount of the claim.

2

8.      Despite the fact that it originally scheduled Bradford Industries' claim at

$52,978.08 and that Debtor's representatives have agreed to an amount exceeding $60,000.00,

Debtor has since scheduled the cure amount for its contracts with Bradford Industries as $0.00.

9.      On an expedited basis, served on Bradford Industries and not on counsel (other

than as one of 13,000 pleadings) Debtor objected to Bradford Industries' timely Cure Claim, to

wit, that one of the five pages of the notice is a copy, although it bears an original signature.

10.     With regard to the proof of claim, Debtor first scheduled a hearing on this matter

for May 31, 2007.  After removing that hearing from the calendar and stating that it would try to

negotiate a resolution, Debtor held the claim in abeyance for nearly a year, finally serving

Bradford Industries with the "Notice of Deadline to File Motion for Leave to File Late Claims

with Respect to Late Claim Filed by Bradford Industries, Inc." to which Bradford Industries

responds here.

### The Claim should be allowed under Bankruptcy Rule 9006(b)(1)

11.     This Court should allow the Claim under Federal Rule of Bankruptcy Procedure

9006(b)(1), which authorizes a bankruptcy court to extend a bar date after the date has lapsed by

reason of excusable neglect.[1]

12.     In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,

the Supreme Court determined that, in evaluating what constitutes excusable neglect, a court

must take account of "all relevant circumstances surrounding the party's omission." 507 U.S.

---

[1] Rule 9006(b)(1) provides in relevant part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or
> allowed to be done at or within a specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its discretion. . . . (2) on motion
> made after the expiration of the specified period permit the act to be done where the failure to act
> was the result of excusable neglect.

380, 395 (1993). These circumstances include, " the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

13.    The Second Circuit Court of Appeals has stated its inclination to focus mainly upon the third factor outlined in *Pioneer Investment*, "the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003), cert. denied sub nom. *Essef Corp. v. Silivanch*, 540 U.S. 1105,124 S.Ct. 1047 (2004), citing *Pioneer Investment*, 507 U.S. at 395.

14.    Bradford Industries satisfies this standard, and therefore the Court should permit Bradford Industries late filing of its proof of claim.

15.    Bradford Industries' delay was precipitated by the false assurances made by Delphi's representatives with regard to their commitment to work out the amount of the claim. These were not within Bradford Industries' control.  This claim will not prejudice the Debtor or its other creditors and will not otherwise affect the case in any meaningful way as the claim is relatively small and, as illustrated above, the Debtor agrees as to the amount of the claim.

16.    Bradford Industries has acted in good faith throughout all of its pre- and post-petition dealings with the Debtor, whereas Debtor's attorneys have not proceeded in good faith, raising procedural hurdles to prevent this claim from going forward despite their client's own acknowledgement of its validity.

## **Bradford Industries' Cure Claim Is Conforming**

17.    This Court should find that Bradford Industries' Cure Claim is conforming.

18.    As described above, Debtor's objection to Bradford Industries' Cure Claim is highly technical. The Debtor has exercised its discretion not to press the same objection in other instances but refused to extend the same courtesy to Bradford Industries. A short notice, technical objection to the form of a notice of cure claim should not derail a legitimate claim.

19.    Delphi is equitably estopped from taking one position for business purposes and the opposite position for litigation. The Debtor seeks to assume for "free" while acknowledging and agreeing to the amounts of Bradford Industries' claims.

20.    Therefore, based on the parties' <u>agreement</u> on the amount of the claim, Bradford Industries' good faith performance under the contract, the lack of prejudice to the estate and the thin technical grounds of the Debtor's objection, Bradford Industries requests that this Court find that its Cure Claim is conforming so as to allow it to proceed with that claim.

WHEREFORE, Bradford Industries respectfully requests that this court:

1. enter an order enlarging the time allowed for it to file its claim;

2. find that Bradford Industries' Cure Claim is conforming; and,

3. grant such other and further relief as is just and equitable.

5

BRADFORD INDUSTRIES, INC.

By its attorneys,


/s/ William J. Hanlon
William J. Hanlon (WH 8128)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone:    617-946-4800
Telecopier:    617-946-4801
whanlon@seyfarth.com

DATED: June 9, 2008

BO1 15927392.3