UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 05-44481RDD |
| DELPHI CORPORATION, ET AL., | Chapter 11 (Jointly Administered) |
| Debtor(s). | Hon. Robert D. Drain |

**STATE OF MICHIGAN DEPARTMENT OF TREASURY'S SUPPLEMENTAL RESPONSE TO DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 16633, WITH RESPECT TO MICHIGAN SINGLE BUSINESS TAXES FOR THE PERIOD OF JANUARY 1, 2005 THROUGH OCTOBER 7, 2005 (STATE OF MICHIGAN DEPARTMENT OF TREASURY-SBT TAXES)**

The State of Michigan, Department of Treasury (Treasury), Creditor in the above captioned case, hereby submits this Supplemental Response to Debtors' Statement of Disputed issues relative to Treasury's Proof of Claim Number 16633 as it relates to Michigan Single Business Tax (SBT) for the period of January 1, 2005 through October 7, 2005.

Background

The State of Michigan, Department of Treasury (Treasury) has filed numerous tax claims in this bankruptcy proceeding, dating back to March 2006. Tax claims have been filed against four different Delphi entities including Delphi Corporation (Tax Identification Number 38-3430473), Delphi Automotive Systems, LLC (Tax Identification Number 38-3431131), Delphi Automotive Systems Services, LLC (Tax Identification Number 38-3568834) and Delphi Technologies, Inc. (Tax Identification Number 38-3430681). The filed tax claims have included Priority Tax Claims, General Unsecured Tax Claims and Administrative Expense Claims. The

1

only claim that is subject to the current claim objection is that filed against Delphi Corporation (Delphi) that contains Michigan Single Business Tax assessments (SBT). [1]

Delphi asserts that it presently owes Treasury zero dollars in pre-petition SBT. Delphi asserts that due to its recalculation of its business income and the resulting reduction in SBT, Treasury potentially owes a refund to Delphi for these taxes. The claim (16633) as originally filed contained numerous assessments for a variety of taxes assessed against Delphi Corporation, Federal Tax Identification 38-3430473. As the result of prior claims objections and proceedings some of the tax year returns proceeded through audit and were resolved as reflected by amended claims and some were resolved as the result of the 3-14-08 Joint Stipulation and Agreed Order (I) Disallowing and Expunging Proofs of Claim Numbers 6354, 6383, and 9272, (II) Compromising and Allowing Claim 16724; and (III) Capping Claims 9273 and 16633 (State of Michigan, Department of Treasury, SBT Taxes) (Docket No. 13118). As a result of this resolution, the only remaining tax assessment on Claim 16633 is the 2005 SBT for the pre-petition tax period of January 1, 2005 through October 7, 2005. Treasury asserts that based on its recently concluded audits, and previously concluded Internal Revenue Service (IRS) audits, that Delphi continues to owe the SBT as assessed and reflected on the current capped claim asserted by Treasury in this action. Treasury has capped the amount of this claim in the amount of $1.5 million.

1.	On or about July 30, 2007 Treasury filed Proof of Claim # 16633 (Claim 16633) as an amended priority tax claim in the amount of $12,954,363.21 against Delphi Corporation.

---

[1] Michigan SBT is a consumption type value added tax that is subject to certain exemptions, exclusions, and deductions. The calculation starts with federal taxable income, which for purposes of the SBT is business income; this amount is then modified by the addition or subtraction of various defined costs. MCL 208.1 *et. seq.*

2

The Claim as originally filed contained multiple tax assessments for a variety of taxes for multiple tax years (from tax year 1999 through and including October 7, 2005). Claim 16633 as presently asserted and disputed is for 2005 Michigan SBT for the tax period of January 1, 2005 through October 7, 2005. The 2005 tax year SBT assessment is capped at $1.5 million. The pro-rata share of the Claim for the pre-petition period is capped at $1,150,684.80.

2. On or about September 21, 2007 Delphi objected to Claim 16633 in its Twenty-First Omnibus Objection.

3. On or about October 4, 2007 Treasury responded to Debtor's Twenty-First Omnibus Objection.

4. On or about November 2, 2007 Delphi filed its Notice of Claims Objection Hearing with respect to proofs of Claim numbers 6354, 6383, 9272 and 16633.

5. On or about December 5, 2007 Treasury filed its Supplemental Response to Debtors' Statement of Disputed Issues relative to Claim numbers 6354, 6383, 9272 and 16633.

6. On March 14, 2008, the Court entered the Joint Stipulation and Agreed Order which resolved the amounts due Treasury for SBT assessments issued against Delphi for tax years 1999 through 2004 and capped the SBT assessment for 2005.

7. By way of the Original Statement of Disputed Issues, the Claimant's Supplemental Response, and the Debtors' Supplemental Reply having been filed pursuant to paragraphs 9 (d), (e) and (f) respectively, of the Claims Objections Procedures Order, Treasury believes that the briefing of the legal issue set forth therein to the extent they apply to Claim 16633 have been completed and no further briefing on that legal issue is required.

Disputed Issues

8.    Treasury asserts that the 2005 SBT assessed against Delphi and capped in the total amount of $1.5 million for the entire year 2005 (capped for the pre-petition period of January 1, 2005 through October 7, 2005 in the amount of $1,150,684.80) are taxes due and owing Treasury for unpaid SBT.  Treasury asserts that Delphi did not properly compute its SBT liabilities for tax year 2005 and the balance remaining to be paid is based on the audit of the tax returns as prepared and filed by Delphi.

A.    Delphi Failed to Comply with Michigan Tax Law when it Computed its 2005 SBT

9.    Treasury agrees that Delphi complied with federal law when it completed its 2005 federal income tax return.  Further Treasury agrees that under Internal Revenue Code (IRC) IRC §59(e), Delphi was allowed to amortize its research and experimental (R&E) expenditures over ten years rather than deducting all such expenses in the year that they were incurred.

10.   In its filed 2005 Michigan SBT return, Delphi did not properly report its "business income" as required by Michigan law.  MCL 208.3(3) defines Michigan "business income" as federal taxable income.  Delphi did not use its filed 2005 federal taxable income as its Michigan "business income" as required by statute.  Delphi instead re-calculated its federal taxable income by fully deducting the R&E expenses that it incurred during the year and used that amount on its Michigan 2005 SBT return as "business income." Delphi then added back 1/10 of its reported R&E expenses on its Michigan return.  This treatment is not an accepted method of accounting for R&E expenses.  There is no authority for such treatment of R&E expenses and Delphi has not identified any authority.  Delphi erroneously relies on an attached "schedule" to its Michigan SBT return to justify the differences in the reported income.  Treasury rejected Delphi's unauthorized "schedule" because Michigan law requires that whatever treatment Delphi elects

4

for its R&E expenses to compute its federal taxable income must be the same method used to compute Michigan business income. Michigan business income is defined as federal taxable income.

11.   Treasury agrees that the issue involving the reporting and/or deduction of R&E expenses from federal taxable income and/or Michigan business income has been previously briefed by the parties in their initial responsive pleadings for the Original Disputed Issues Statement as it related to previous years of SBT. A copy of Michigan's Supplemental Response to Debtors' Statement of Disputed Issues is attached hereto as Exhibit A.

B.   Potential Additional Liability

   (1)   Computation of Section 59(e) Amount

12.   Treasury asserts that additional amounts of 2005 SBT are still due and owing by Delphi as the result of further review and audit of Delphi's filed 2005 Michigan SBT return. The Michigan Department of Treasury's audit of Delphi's 2005 SBT return resulted in additional tax due for 2005 of $1,444,917. The amount of SBT due for the pre-petition tax period of January 1, 2005 through October 7, 2005 is $1,108,429.

   (2)   SBT Adjustments for Federal Amortization of R&E Expenses

13.-14.   Treasury seeks to be made whole on the 2005 SBT tax due. By failing to comply with the basic statutory requirements of the Michigan SBT, Delphi has unnecessarily convoluted an already complex tax. Delphi, under its scheme, seeks to make Michigan whole through a 10 year repayment process. Due to the repeal of the Michigan SBT in December 2007, however, Treasury no longer has 10 years to be made whole.

Treasury asserts that under MCL 208.3(3) the federal taxable income as reported on the federal tax return must match the Michigan "business income" as reported on the Michigan SBT

5

return for the same tax year. If the Debtor correctly files its Michigan SBT return and uses the same federal taxable income that it reported on the federal return as its Michigan "business income", there are no future upward adjustments. Should Delphi continue to elect the §59(e) 10 year amortization of R&E expenses to calculate its federal taxable income and use that figure as Michigan "business income" (as required by statute) there would be no upward adjustments in future tax years attributable to that particular year. For example, in 2005 Delphi calculated federal taxable income using the §59(e) election. If the federal taxable income was used as Michigan "business income" (as required by statute) there would not be any add-backs in 2006 (or future years) attributable to the 2005 SBT.

15. Delphi asserts that it amortized only 1/10 of the R&E expenses for federal tax purposes and that it fully deducted the expense for Michigan SBT purposes in 2002. In its attempt to make Michigan whole, Delphi then adds back 1/10 of the claimed expenses to its Michigan "business income". This treatment of R&E expenses wherein it is amortized over 10 years for federal taxable income purposes and fully deducted for Michigan "business income" purposes is not recognized under Michigan law. Because Michigan law requires the federal taxable income to match the Michigan "business income" there is no provision to reconcile the differences when they do not match. Therefore the 1/10 add back of R&E expenses is not recognized in Michigan law.

To the extent that this treatment has occurred, Treasury is seeking to accelerate the add backs from prior SBT tax years. The Michigan SBT was repealed effective December 2007. There are no statutory provisions in the new Michigan Business Tax that allow R&E expense add backs, at any rate. Treasury must be allowed to collect the SBT that is legally due.

6

The Michigan SBT is statutorily based on taxpayers filing their SBT returns using their federal taxable income as reported and filed on their federal return. When and if that did not occur or there were discrepancies between the federal taxable income reported on the federal tax return and the federal taxable income used as Michigan "business income" and reported on the Michigan SBT return, adjustments to collect the SBT due were made. Treasury has always insisted that any adjustments made to SBT must result in the State being made whole. While Delphi asserts that it was making 1/10 adjustments to its R&E expenses and adding back 1/10 of the reported deduction the end result was the same—Treasury eventually over 10 years was able to recoup 100% of the expense and hence the tax due. Since the SBT has been repealed Treasury has lost its ability to recoup the full amount of the R&E expense allegedly taken by this taxpayer. When Delphi started the process of adding back 1/10 of the R&E expenses for a year, in which it had deducted 100% of the R&E expenses from the Michigan "business income", it in essence agreed to allow Treasury to fully recapture the deduction over a 10 year period. There is no longer 10 years in which Treasury can fully recoup the R&E expenses. It is logical and reasonable to assume that it must accelerate the add backs of this tax within the life of the SBT or lose its ability to collect this tax money forever. The taxpayer should not be allowed this windfall due to the fate of the SBT. Treasury should be allowed to fully recapture the SBT tax due it.

Reservation of Rights

16.     This Supplemental Response to Debtors' Statement of Disputed Issues is submitted by the State of Michigan, Department of Treasury pursuant to paragraph 9(e) of the Claims Objection Procedures Order. Consistent with the provisions of the Claims Objection Procedures Order, the State of Michigan, Department of Treasury (Claimant), Claimant's

submission of this Supplemental Response to Debtors' Statement of Disputed Issues is without prejudice to (a) the Claimant's right to later identify and assert additional legal and factual defenses for the allowance of Claim 16633; (b) the Claimant's right to later identify additional documentation supporting the allowance of its claim; (c) the Claimant's right to file an amended Supplemental Response to any Supplemental Reply filed by the Debtor; and (d) the Claimant's right to raise additional factual and legal defenses to any Bankruptcy Code section 505 actions instituted by the Debtor in which they seek to the have the Bankruptcy Court determine the taxes due the State of Michigan with respect to Claim 16633.

      Wherefore the State of Michigan, Department of Treasury respectfully requests that this Court enter an order (a) allowing Claim 16633 in the actual amount for the pre-petition period of 01/01/05 through 10/07/05 in the amount of $1,108,429; and (b) granting Michigan any other such relief as is just.

      Respectfully submitted,

MIKE A. COX
Attorney General

/s/ Peggy A. Housner
Peggy A. Housner (P47207)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., #10-200
Detroit, MI  48202
(313) 456-0140
(313) 456-0141 (Fax)

Dated:  June 10, 2008

9