IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :    Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,                 :    Case No. 05-44481 (RDD)
                                          :
                     Debtors.         :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On June 9, 2008, I caused to be served the documents listed below (i) upon the parties listed on <u>Exhibit A</u> hereto via overnight mail and (ii) upon the parties listed on <u>Exhibit B</u> hereto via electronic notification:

1) Respondents' Corporate Disclosure Statement [a copy of which is attached hereto as <u>Exhibit C</u>]

2) Memorandum of Law in Support of Respondents' Opposition to Government's Motion for Order Withdrawing Reference [a copy of which is attached hereto as <u>Exhibit D</u>]

3) Declaration of Evan Gershbein in Support of Memorandum of Law in Support of Respondent's Opposition to Government's Motion to Withdraw Reference [a copy of which is attached hereto as <u>Exhibit E</u>]

Dated: June 12, 2008

_____*/s/ Darlene Calderon*_____
Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 12th day of June, 2008, by
Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: _____*/s/ Vanessa R. Quiñones*_____

Commission Expires:_____*3/20/11*_____

# EXHIBIT A

Delphi Corporation
Adversary Proceedings Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | gianni.russello@jpmorgan.com susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| United States Trustee | Alicia M. Leonhard | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | | Counsel to United States Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

6/10/2008 5:13 PM
Adversary Proceedings Service List Overnight

# EXHIBIT B

Delphi Corporation
Adversary Proceedings Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-------|------------------|
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

6/10/2008 5:16 PM
Adversary Proceedings Service List Email

# EXHIBIT C

SKADDEN, ARPS, SLATE,                    BAKER & MCKENZIE LLP
    MEAGHER & FLOM LLP                   815 Connecticut Avenue, N.W.
333 West Wacker Drive, Suite 2100        Washington, D.C.  20006-4078
Chicago, Illinois  60606                 (202) 452-7080
(312) 407-0700                           Mary B. Hevener
John Wm. Butler, Jr.
Albert L. Hogan, III
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, Delphi Automotive Systems LLC, and
Delphi Automotive Systems Services LLC, Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :   08 Civ. 04487 (PKC)
        In re                           :
                                        :
DELPHI CORPORATION, <u>et. al.</u>,      :   Bankr. Case No. 05-44481 (RDD)
                                        :
        Debtors.                        :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
DELPHI CORPORATION, DELPHI              :   Adversary Proceeding
AUTOMOTIVE SYSTEMS LLC, AND             :   No. 08-01038
DELPHI AUTOMOTIVE SYSTEMS               :
SERVICES LLC,                           :
                                        :
        Plaintiffs,                     :
                                        :
    - against -                         :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
        Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>RESPONDENTS' CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned

counsel for Respondents Delphi Corporation, Delphi Automotive Systems LLC, and Delphi

Automotive Systems Services LLC, non-governmental corporate parties in this civil proceeding,

hereby certifies the following on behalf of Respondents:

<u>Parent Corporations</u>:

Respondent Delphi Corporation has no parent corporation.

Respondent Delphi Corporation is the parent corporation of Respondents Delphi
Automotive Systems LLC and Delphi Automotive Systems Services LLC.

As of December 31, 2007, no publicly held companies owned 10% or more of
Delphi Corporation's stock.

[signatures on next page]

1

Dated:  New York, New York
           June 9, 2008

BAKER & MCKENZIE LLP

Mary B. Hevener
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
(202) 452-7080


- and -

SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP


By:  /s/ Albert L. Hogan, III
      John Wm. Butler, Jr. (JB 4711)
      Albert L. Hogan, III (AH 8807))
      Ron E. Meisler (RM 3026)
      333 West Wacker Drive, Suite 2100
      Chicago, Illinois 60606
      (312) 407-0700

           - and -

      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
      Four Times Square
      New York, New York 10036
      (212) 735-3000

      Attorneys for Delphi Corporation, Delphi
      Automotive Systems LLC, and Delphi
      Automotive Systems Services LLC,
        Respondents

2

# EXHIBIT D

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, D.C.  20006-4078
(202) 452-7080
Mary B. Hevener

Attorneys for Delphi Corporation, Delphi Automotive Systems LLC, and
Delphi Automotive Systems Services LLC, Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re | 08 Civ. 04487 (PKC) |
| DELPHI CORPORATION, et. al., | Bankr. Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| DELPHI CORPORATION, DELPHI AUTOMOTIVE SYSTEMS LLC, AND DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC, | Adversary Proceeding No. 08-01038 |
| Plaintiffs, |  |
| - against - |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' OPPOSITION TO
GOVERNMENT'S MOTION FOR ORDER WITHDRAWING REFERENCE

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ...................................................................................................................2

A.    The Chapter 11 Cases...................................................................................................2

B.    The Adversary Proceeding ...........................................................................................3

ARGUMENT .........................................................................................................................5

THE ADVERSARY PROCEEDING SHOULD REMAIN IN THE BANKRUPTCY
COURT ..................................................................................................................................5

A.    The Scope Of Bankruptcy Court Jurisdiction And The Standard For
      Withdrawal Of The Reference .....................................................................................5

B.    This Court Should Not Withdraw The Reference As A Matter Of
      Discretion......................................................................................................................7

      1.    The Adversary Proceeding Is A Core Matter.......................................................8

      2.    Defendant Has Not Met Its Burden With Respect To The Existence
            Of Other Permissive Withdrawal Factors .........................................................15

C.    The Adversary Proceeding Is Not Subject To Mandatory Withdrawal .........................16

      1.    Whether FICA Taxation Applies To Payments Made On Signing
            Or Cancellation Of An Employment Contract Is Not A Question
            Of First Impression ...........................................................................................18

      2.    The Standard Applicable To Retroactive Revenue Rulings Is
            Settled Law.......................................................................................................21

      3.    The Adversary Proceeding Requires Only Straightforward
            Application Of Non-Bankruptcy Law ...............................................................23

CONCLUSION .....................................................................................................................25

TABLE OF AUTHORITIES

Cases                                                                                    Page

Allstate Insurance Co. v. United States, 530 F.2d 378 (Ct. Cl. 1976) .......................... 19

AMP, Inc. v. United States, 185 F.3d 1333 (Fed. Cir. 1999) ...................................... 22

ANC Rental Corp. v. Dallas County (In re ANC Rental Corp.), 316 B.R. 153
        (Bankr. D. Del. 2004) ...................................................................... 9

Appoloni v. United States, 450 F.3d 185 (6th Cir. 2006) .......................................... 21

Associated Bicycle Service, Inc. v. United States (In re Associated Bicycle Service, Inc.),
        128 B.R. 436 (Bankr. N.D. Ind. 1990) ...................................................... 23

Baker v. United States, 748 F.2d 1465 (11th Cir. 1984), acq., 1995-2 C.B. 1 ............... 21

Becker v. Commissioner, 85 T.C. 291 (1985) ....................................................... 21

Ben Cooper, Inc. v. Ins. Co. of Pa. (In re Ben Cooper, Inc.), 896 F.2d 1394
        (2d Cir. 1990) ............................................................................... 12

In re Best Payphones, Inc., 370 B.R. 532 (S.D.N.Y. 2007) ......................................... 7

Brooks Fashion Stores, Inc. v. Michigan Employment Security Commission (In re
        Brooks Fashion Stores, Inc.), 124 B.R. 436 (Bankr. S.D.N.Y. 1991) ................. 6

Burleson v. Commissioner, 68 T.C.M. (CCH) 288, T.C. Mem. 1994-364, 1994 WL
        395021 (1994) ............................................................................... 21

In re COM 21, No. C-04-03396 RMW, 2005 WL 1606357, 2005 U.S. Dist. LEXIS
        34339 (N.D. Cal. July 6, 2005) ............................................................ 13

Central Illinois Public Service Co. v. United States, 435 U.S. 21 (1978) ................... 19

Chance Rides, Inc. v. New Jersey (In re Chance Rides, Inc.), No. 01-12000, Adv. No.
        015123, 2001 WL 34656216, 2001 Bankr. LEXIS 2168 (Bankr. D. Kan.
        Dec. 5, 2001) ............................................................................... 9

Cleveland Indians Baseball Co. v. United States,
        532 U.S. 200 (2001) ....................................................................... 22

Cluck v. United States (In re Cluck), 165 B.R. 1005 (W.D. Tex. 1993) ................. 9, 16

Continental Engineering & Consultants, Inc. v. Lake County Assessor (In re Continental
        Engineering & Consultants, Inc.), No. 03-62669, Adv. No. 04-6068, 2005 Bankr.
        LEXIS 1794 (Bankr. N.D. Ind. Apr. 21, 2005) ................................................................9

Cottage Savings Association v. Commissioner,
        499 U.S. 554 (1991) .........................................................................................................22

D'Alessio v. IRS (In re D'Alessio), 181 B.R. 756 (Bankr. S.D.N.Y. 1995)..................................8

Dunmore v. United States, 358 F.3d 1107 (9th Cir. 2004) ............................................. 10, 12 13

Enron Corp. v. J.P. Morgan Securities, Inc. (In re Enron Corp.), Ch. 11 Case No. 01-
        16034, Adv. No. 03-92677, 07 Civ. 10527, 2008 WL 649770, 2008 U.S. Dist.
        LEXIS 18173 (S.D.N.Y. Mar. 10, 2008).........................................................................17

Erickson v. Commissioner (In re Erickson), 172 B.R. 900 (Bankr. D. Minn. 1994) ...............9, 23

Fogarty v. United States, 780 F.2d 1005 (Fed. Cir. 1986) ..........................................................21

French v. United States (In re French), 242 B.R. 369 (Bankr. N.D. Ohio 1999)..........................9

Fribourg Navigation Co. v. Commissioner, 383 U.S. 272 (1966)................................................22

Frito-Lay, Inc. v. Chateaugay Corp. (In re Chateaugay Corp.),
        99 B.R. 206 (S.D.N.Y. 1989)..........................................................................................17

Gehl Co. v. Commissioner, 795 F.2d 1324 (7th Cir. 1986) .........................................................21

General Dynamics Corp. v. Commissioner, 108 T.C. 107 (1997) ...............................................22

Grant v. United States (In re Grant), No. 89-02131, 1990 Bankr. LEXIS 1993
        (Bankr. W.D. Pa. Sept. 11, 1990)....................................................................................23

Grynberg v. United States (In re Grynberg), Ch. 11 Case No. 81 B 00821 C, Adv. No. 89
        C 1371 1991 Bankr. LEXIS 783 (Bankr. D. Colo. May 28, 1991) ...................................9

HAL, Inc. v. United States (In re HAL, Inc.), 122 F.3d 851 (9th Cir. 1997)...............................11

Holywell Corp. v. Bank of New York (In re Holywell Corp.), 177 B.R. 991
        (S.D. Fla. 1995)...........................................................................................................9, 15

Hospitality Ventures/La Vista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/La
        Vista), 314 B.R. 843 (Bankr. N.D. Ga. 2004) ..................................................................9

Humble Oil Refining Co. v. United States, 442 F.2d 1362 (Ct. Cl. 1971) ..................................19

Humble Pipe Line Co. v. United States, 442 F.2d 1353 (Ct. Cl. 1971)........................................ 19

IRS v. CM Holdings, Inc. (In re CM Holdings, Inc.), 221 B.R. 715 (D. Del. 1998) ................... 17

Keene Corp. v. Williams Bailey & Wesner, LLP (In re Keene Corp.),
        182 B.R. 379 (S.D.N.Y. 1995)....................................................................................... 17

Kiesner v. IRS (In re Kiesner), 194 B.R. 452 (Bankr. E.D. Wis. 1996)..................................... 23

Klippel v. IRS (In re Klippel), No. 98-23315, 1999 Bankr. LEXIS 1598
        (Bankr. D.N.J. Nov. 18, 1999) ...................................................................................... 23

Kramer v. Commissioner, 930 F.2d 975 (2d Cir. 1991) ............................................................. 13

Kreidle v. IRS (In re Kreidle), 146 B.R. 464 (Bankr. D. Colo. 1991)........................................ 24

LTV Steel Co. v. Pennsylvania (In re Chateaugay Corp.), No. 90 Civ. 7713, 1992 U.S.
        Dist. LEXIS 15245 (S.D.N.Y. Oct. 7, 1992) ....................................................................7

Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.),
        304 F.3d 233 (2d Cir. 2002) ......................................................................................... 14

Ludwig v. Commissioner, 68 T.C. 979 (1977).......................................................................... 22

North America Energy Conservation, Inc. v. Interstate Energy Resources, Inc. (In re N.
        America Energy Conservation, Inc.), No. 00-40563 (PCB), 00-2276,
        00CIV4302(SHS), 2000 WL 1614614 (S.D.N.Y. Oct. 12, 2000) ..............................11-12

North Dakota State University v. United States, 255 F.3d 599 (8th Cir. 2001).......................... 20

Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
        458 U.S. 50 (1982) ...............................................................................6, 12, 13, 14, 24

Oakridge Consulting, Inc. v. United States (In re Consolidated FGH Liquidating Trust),
        325 B.R. 564 (Bankr. S.D. Miss. 2005) ......................................................................... 23

Oneida Ltd. v. Pension Benefit Guaranty Corp., 372 B.R. 107 (S.D.N.Y. 2007)........................ 17

Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d
        1095 (2d Cir. 1993) ............................................................................................ 7, 8, 14

People's Life Insurance Co. v. United States, 373 F.2d 924 (Ct. Cl. 1967)................................ 20

Prabel v. Commissioner, 91 T.C. 1101 (1988), aff'd, 882 F.2d 820 (3d Cir. 1989).................... 21

In re Pruitt, 910 F.2d 1160 (3d Cir. 1990) ...................................................................................8

iv

_Rowan Cos. v. United States_, 452 U.S. 247 (1981) ....................................................... 19

_Royster Co. v. United States_, 479 F.2d 387 (4th Cir. 1973) ....................................... 20

_Shepard v. United States_ (In re Shepard), 253 B.R. 397 (Bankr. D.S.C. 2000) ........................... 23

_Shurgrue v. Air Line Pilots Association, International_ (In re Ionosphere Clubs, Inc.),
    922 F.2d 984 (2d Cir. 1990) ..................................................... 16

_Shugrue v. Blackwall Green Ltd._ (In re Ionosphere Clubs, Inc.), No. 93 Civ. 1260 (CSH),
    1994 U.S. Dist. LEXIS 4676 (S.D.N.Y. Apr. 14, 1994) ................................... 8

_Space Sys./Loral, Inc. v. Int'l Launch Servs., Inc._ (In re Loral Space & Communications),
    No. 04 Civ. 04547 (PKC), 2004 U.S. Dist. LEXIS 13230
    (S.D.N.Y. July 14, 2004) ..................................................... 7

_Statutory Committee of Unsecured Creditors v. Motorola, Inc._ (In re Iridium Operating
    LLC), 285 B.R. 822 (S.D.N.Y. 2002) ..................................................... 11, 12

_Stubbs, Overbeck & Associates v. United States_, 445 F.2d 1142 (5th Cir. 1971) ...................... 19

_Tandy Corp. v. Commissioner_, 92 T.C. 1165 (1989) ................................................. 22

_In re Texaco, Inc._, 84 B.R. 911 (S.D.N.Y. 1988) ....................................................... 17

_In re Turchon_, 62 B.R. 461 (Bankr. S.D.N.Y. 1986) ................................................. 23

_Turner v. Small Business Administration_ (In re Turner), 84 F.3d 1294 (10th Cir. 1996) ........... 11

_In re UAL Corp._, 336 B.R. 370 (Bankr. N.D. Ill. 2006) ............................................... 8

_In re US Airways Group, Inc._, 296 B.R. 673 (E.D. Va. 2003) ....................................... 16

_United States Lines, Inc. v. American Steamship Owners Mutual Protection & Indemnity
    Association_ (In re United States Lines, Inc.), 197 F.3d 631 (2d Cir. 1999) ..................... 12

_United States v. Gordon Sel-Way, Inc._ (In re Gordon Sel-Way, Inc.), 239 B.R. 741
    (E.D. Mich. 1999) ..................................................... 9

_United States v. Johns-Manville Corp._ (In re Johns-Manville Corp.),
    63 B.R. 600 (S.D.N.Y. 1986) ..................................................... 17

_United States v. Walters_ (In re Walters), 176 B.R. 835 (Bankr. N.D. Ind. 1994) ................... 9, 16

_United States v. Wilson_, 974 F.2d 514 (4th Cir. 1992) ............................................... 9

Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.),
    419 F.3d 83 (2d Cir. 2005) ............................................................................... 6

University of Pittsburgh v. United States, 507 F.3d 165 (3d Cir. 2007) ...................................... 21

In re Venture Stores, Inc., 54 F. App'x 721 (3d Cir. 2002) ........................................................... 9

In re Waters, Case No. 99-31833, 2008 Bankr. LEXIS 374
    (Bankr. D. Conn. Feb. 8, 2008) ......................................................................... 9

In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998) ...................................................................... 11

Wood v. Wood (In re Wood), 825 F.2d 90 (5th Cir. 1987) ........................................................ 6

In re WorldCom, Inc., 371 B.R. 19 (Bankr. S.D.N.Y. 2007) ................................................. 9, 23

## Statutes and Rules

11 U.S.C. §§ 101-1330 ................................................................................................................. 2

11 U.S.C. § 323 .......................................................................................................................... 10

11 U.S.C. § 505(a) ....................................................................................................................... 8

11 U.S.C. § 541 .......................................................................................................................... 15

11 U.S.C. § 542(b) ...................................................................................................................... 10

11 U.S.C. § 1107(a) .................................................................................................................... 10

26 U.S.C. § 3121(a) ....................................................................................................... 17, 18, 23

26 U.S.C. § 3121(b) ....................................................................................................... 17, 18, 23

26 U.S.C. § 6672 ......................................................................................................................... 23

26 U.S.C. § 7805(b)(8) ......................................................................................... 17, 18, 21, 23

28 U.S.C. § 157 .......................................................................................................................... 13

28 U.S.C. § 157(a) ........................................................................................................................ 5

28 U.S.C. § 157(b) ................................................................................................................ 6, 8, 9

28 U.S.C. § 157(b)(2) .................................................................................................. 6, 14

28 U.S.C. § 157(b)(2)(A) .......................................................................................... 14, 15

28 U.S.C. § 157(b)(2)(B), (O) ........................................................................................ 12

28 U.S.C. § 157(b)(2)(C) .......................................................................................... 11, 12

28 U.S.C. § 157(c)(1) ....................................................................................................... 6

28 U.S.C. § 157(d) ............................................................................... 1, 7, 16, 17, 23, 24

28 U.S.C. § 1334(a) .......................................................................................................... 5

28 U.S.C. § 1334(b) ................................................................................................. 8, 9, 12

Fed. R. Civ. P. 13(b) ...................................................................................................... 12

Other Authorities

H.R. Rep. No. 74-615 (1935) ......................................................................................... 18

S. Rep. No. 74-628 (1935) ............................................................................................. 18

Rev. Proc. 89-14, 1989-1 C.B. 814 ............................................................................... 21

Rev. Rul. 58-145, 1958-1 C.B. 360 ................................................................................. 4

Rev. Rul. 2004-109, 2004-2 C.B. 958 ............................................................................. 5

Rev. Rul. 2004-110, 2004-2 C.B. 960 ........................................................................... 20

Other Materials

Gen. Counsel Mem. 35396 (July 11, 1973) (explanatory memorandum prepared as
background to Rev. Rul. 58-145) ..................................................................................... 5

News Release, Dep't Of Treasury, Treasury And IRS Clarify Employment Tax Treatment
        Of Payments Made On The Signing Or Cancellation Of An Employment Contract
        (Nov. 23, 2004), available at Treas. JS-2114, 2004 WL 2669356 (Dep't Treas.) ........... 20

Respondents Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC,

and Delphi Automotive Systems Services LLC (collectively, "Plaintiffs") respectfully submit

this memorandum of law in support of their opposition to the motion for withdrawal of the

reference to the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") with respect to an adversary proceeding pursuant to 28 U.S.C. § 157(d) (the

"Motion") filed by the Movant, the United States of America ("Defendant").

PRELIMINARY STATEMENT

Plaintiffs commenced the adversary proceeding under section 505 of the

Bankruptcy Code by filing a complaint (the "Complaint") in the Bankruptcy Court on January 18,

2008. As set forth in the Complaint, Plaintiffs seek an order and judgment directing the return of

$25,058,130 in overpayments of employment taxes paid under the Federal Insurance

Contribution Act ("FICA") taxes plus interest. The employment taxes relate to payments made

by Plaintiffs to certain union members upon ratification of collective bargaining agreements in

1999 and 2003, regardless of whether the union members provided any services to Plaintiffs.

Defendant seeks withdrawal of the reference with respect to the adversary

proceeding largely on the basis of two erroneous contentions. Defendant asserts that, primarily

because the adversary proceeding does not fall within the Bankruptcy Court's "core" jurisdiction,

this Court should withdraw the reference as a matter of discretion. In fact, however, as discussed

below, the adversary proceeding is plainly a core matter arising under section 505 of the

Bankruptcy Code, and Defendant has not met its burden of proof for establishing that cause

exists for discretionary withdrawal of the reference.

Defendant also alleges that because the adversary proceeding gives rise to

material issues of "first impression" and will require the adjudication of "substantial questions"

under non-bankruptcy federal law, mandatory withdrawal of the reference applies.  As set forth

herein, however, the adversary proceeding presents no issues of first impression, and its

adjudication will require only a straightforward application of non-bankruptcy federal law to

determine that the payments were not in exchange for services and thus not wages for FICA

purposes.  Accordingly, mandatory withdrawal of the reference does not apply.

BACKGROUND

A.    The Chapter 11 Cases

On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates

(including the two additional Plaintiffs identified above), debtors and debtors-in-possession in

the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions in

the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession under

Bankruptcy Code sections 1107(a) and 1108.  The Bankruptcy Court has ordered joint

administration of the chapter 11 cases under In re Delphi Corporation, Case No. 05-44481

("Bankr. Case").  (Bankr. Case Docket Nos. 28, 404.)

On September 6, 2007, the Debtors filed with the Bankruptcy Court a joint plan of

reorganization and related disclosure statement.  (Bankr. Case Docket Nos. 9263-9264.)

Subsequently, on December 10, 2007, the Debtors filed an amended reorganization plan (the

"Plan") and an amended disclosure statement (the "Disclosure Statement").  (Bankr. Case Docket

Nos. 11386, 11388.)  The Bankruptcy Court approved the adequacy of the Disclosure Statement

and granted the related solicitation procedures motion with respect to the Plan on December 10,

2007.  (Bankr. Case Docket No. 11389.)  On January 25, 2008, the Bankruptcy Court entered an

2

order confirming the Plan (as modified), which became a final order on February 4, 2008. (Bankr. Case Docket No. 12359.)

On April 4, 2008, the Debtors announced that although they had met the conditions required to substantially consummate the Plan, including obtaining $6.1 billion of exit financing, certain investors under the Plan (the "Plan Investors") refused to participate in a closing that was commenced but not completed. The Plan Investors also refused to fund their investments with Delphi. The Plan Investors delivered written notices purporting to terminate the Investment Agreement based on both alleged breaches by the Debtors and the failure of the Plan's effective date to occur by April 4, 2008. On May 16, 2008, Delphi filed complaints for damages and specific performance against the Plan Investors and related parties who refused to honor their equity financing commitments and refused to participate in the closing that would have led to Delphi's successful emergence from chapter 11. (Bankr. Case Docket Nos. 13622-13623.) The Debtors nevertheless are working with their stakeholders to evaluate their options to move forward with emerging from chapter 11 as soon as reasonably practicable.

B.    The Adversary Proceeding

On January 18, 2008, Plaintiffs commenced the FICA adversary proceeding by filing the Complaint in the Bankruptcy Court. Defendant filed an answer to the Complaint in the Bankruptcy Court on May 13, 2008. The same day, Defendant moved to withdraw the reference and filed various exhibits and a supporting memorandum of law ("Defendant's Memorandum").

The material facts underlying the adversary proceeding are easily summarized. In 1999, pursuant to a tentative three-year national labor agreement, Delphi agreed to pay $1,350 to each of its employees who was a union member in a certain "specified status" (including employees on temporary layoff or various forms of short-terms leave of absence, in addition to active employees), upon ratification of the 1999 collectively bargained national labor agreement

3

was ratified by the union membership. In 2003, Delphi agreed to make a payment of $3,000 to

each union member employee subject to similar conditions, again payable upon ratification of

the 2003 national labor agreement by the union membership. In each instance the payments

were made without regard to whether the union member had voted to ratify the agreement,

without regard to the union member's historic length of service or rate of pay, and without regard

to whether the union member had performed or continued to perform services for Delphi.

(Compl. ¶¶ 14-15, 18, 19.) Plaintiffs timely filed refund claims with respect to both the 1999 and

2003 payments (the 1999 Refund Claims" and the "2003 Refund Claims"). (Compl. ¶¶ 24, 33.)

As set forth in the Complaint, nearly 50 years ago, the Internal Revenue Service

("IRS") issued a ruling that an employer's payments made to an individual solely for signing an

employment contract, and not conditioned on the performance of future services or continued

employment, did not constitute "wages." See Rev. Rul. 58-145, 1958-1 C.B. 360. While

Plaintiffs' 1999 Refund Claims were pending before the IRS, and with full knowledge of the

1999 Refund Claims and similar claims by other taxpayers, the IRS revoked Revenue Ruling 58-

145. The revocation was announced in Revenue Ruling 2004-109, 2004-2 C.B. 958, published

on November 23, 2004, in which the IRS set forth a previously unstated principle for analyzing

the wage treatment of a "ratifying bonus pursuant to a collective bargaining agreement."

In Revenue Ruling 58-145, the IRS noted that whether or not the payment was in

respect of a new employee or a new contract for an existing employee, the determining

consideration was whether the payment was "predicated on continued employment." If not, the

amount was not to be treated as wages and therefore was not subject to FICA withholding. The

rationale behind Revenue Ruling 58-145 (as explained by the IRS attorneys who drafted the

ruling) was that a signing bonus is simply not compensation for personal services, but is paid for

the promises made by the individual in agreeing to be bound by the employment contract that the bonus served as an inducement to sign.  <u>See</u> Gen. Counsel Mem. 35396 (July 11, 1973) (explanatory memorandum prepared as background to Rev. Rul. 58-145).

In contrast, the IRS took the unprecedented position in Revenue Ruling 2004-109, without the benefit of public notice and comment, that all amounts paid to employees are wages unless "the employee provides clear, separate, and adequate consideration for the employer's payment that is not dependent upon the employer-employee relationship."  Revenue Ruling 2004-109 provides that the IRS will not apply the position taken in that ruling to any signing bonus, sign-on fee, or similar amount paid to an employee in connection with the employee's initial employment with the employer under a sign-on agreement or other contract entered into before January 12, 2005 if the amount is paid under facts and circumstances that are substantially the same as those of Revenue Ruling 58-145.  By contrast, the IRS applies Revenue Ruling 2004-109 on a retroactive basis to any signing bonus, sign-on fee, or similar amount paid to an employee that is not incurred in connection with the employee's initial employment.

<u>ARGUMENT</u>

THE ADVERSARY PROCEEDING SHOULD
<u>REMAIN IN THE BANKRUPTCY COURT</u>

A.    The Scope Of Bankruptcy Court Jurisdiction And The Standard For Withdrawal Of The Reference

Federal district courts have original and non-exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11, of the United States Code, 28 U.S.C. § 1334(a), and may refer these bankruptcy civil proceedings to the bankruptcy courts.  <u>See</u> 28 U.S.C. § 157(a).  In this district, the reference of bankruptcy civil proceedings to the bankruptcy courts is made automatically by standing order.  <u>See</u> Standing Order of Reference signed by Acting Chief Judge Robert J. Ward, dated July 10, 1984.

5

Bankruptcy courts may "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b). Section 157(b)(2) of title 28 does not define "core proceeding" but contains a non-exclusive list of core proceedings under section 157(b). "A proceeding is core pursuant to § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Brooks Fashion Stores, Inc. v. Mich. Employment Sec. Comm'n (In re Brooks Fashion Stores, Inc.), 124 B.R. 436, 441 (Bankr. S.D.N.Y. 1991) (citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). In addition, a bankruptcy court may "hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). In such matters, however, absent the parties' consent, the bankruptcy court submits to the district court proposed findings of fact and conclusions of law, which are reviewed de novo. Id.

Congress established this jurisdictional structure in 1984 following the Supreme Court's ruling in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), which held that the previous grant of jurisdiction to the bankruptcy courts was overly expansive and unconstitutional. In response to Marathon, "Congress reshaped the jurisdictional relationship between the district courts and the bankruptcy courts . . . by making the bankruptcy courts delegated adjuncts of the district courts." Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 96 (2d Cir. 2005).

Under limited conditions, the district court may withdraw the reference to the bankruptcy court with respect to a civil proceeding (or any part thereof), as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding

6

> requires consideration of both title 11 and other laws of the United States
> regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Thus, in some circumstances, a district judge has discretion to withdraw the reference, whereas in others, withdrawal of the reference is mandatory.  In other words, although "[a]n application to withdraw the reference <u>may</u> be granted 'for cause shown.'  The reference <u>shall</u> be withdrawn 'if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.'"  <u>Space Sys./Loral, Inc. v. Int'l Launch Servs., Inc.</u> (In re Loral Space & Commc'ns), No. 04 Civ. 04547(PKC), 2004 U.S. Dist. LEXIS 13230, at *2-3, 2004 WL 1586466, at *1 (S.D.N.Y. July 14, 2004) (citations omitted) (emphasis in original).  Defendant asserts that the reference should be withdrawn with respect to this adversary proceeding under the discretionary and the mandatory standards set forth in section 157(d).

B.      <u>This Court Should Not Withdraw The Reference As A Matter Of Discretion</u>

Under the discretionary withdrawal standard, "for cause shown" a district court may withdraw the reference to a bankruptcy court.  "Although section 157(d) does not define cause, the Second Circuit has identified a number of relevant factors, including 'whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.'"  <u>In re Best Payphones, Inc.</u>, 370 B.R. 532, 536 (S.D.N.Y. 2007) (quoting <u>Orion Pictures Corp. v. Showtime Networks, Inc.</u> (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993)).  The proponent of a motion to withdraw the reference bears the burden of showing requisite cause for the relief requested.  <u>See, e.g.</u>, <u>LTV Steel Co. v. Pennsylvania</u> (In re Chateaugay Corp.), No. 90 Civ. 7713, 1992 U.S. Dist. LEXIS 15245, at *13 (S.D.N.Y. Oct. 7,

7

1992) (citing In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)).  Here, Defendant has not met its

burden.

        1.       The Adversary Proceeding Is A Core Matter

        The "first task" for a court presented with a motion for discretionary withdrawal

of the reference "is to decide whether the [proceeding] is core or non-core, since this

determination will significantly affect questions of economy [and] uniformity."  Shugrue v.

Blackwall Green Ltd. (In re Ionosphere Clubs, Inc.), No. 93 Civ. 1260 (CSH), 1994 U.S. Dist.

LEXIS 4676, at *5 (S.D.N.Y. Apr. 14, 1994) (citing Orion Pictures Corp., 4 F.3d at 1101).

Notwithstanding Defendant's assertions to the contrary, the adversary proceeding is plainly a

core matter because it arises under the Bankruptcy Code.

        Indeed, a statutory predicate for the adversary proceeding is section 505 of the

Bankruptcy Code.  (See Compl. ¶ 1.)  Section 505 grants bankruptcy courts "broad authority to

review any kind of tax attributable to the estate, both federal and state." D'Alessio v. IRS (In re

D'Alessio), 181 B.R. 756, 759 (Bankr. S.D.N.Y. 1995).  This section provides in relevant part

that, subject to certain narrow exceptions not applicable here, a bankruptcy court "may determine

the amount or legality of any tax, . . . whether or not previously assessed [and] whether or not

paid."  11 U.S.C. § 505(a).

        A debtor which commences a proceeding under section 505 invokes a

"substantive right" that "arises under" title 11, consistent with case law interpretations of

28 U.S.C. §§ 157(b) and 1334(b).  See, e.g., In re UAL Corp., 336 B.R. 370, 371 (Bankr. N.D. Ill.

2006) ("The determination of tax liability provided for by § 505(a) 'arises under' the Bankruptcy

Code.").  As a result, the vast majority of courts to have addressed the question (including courts

in this district) have determined that actions under section 505 (whether brought by motion or by

commencement of a separate adversary proceeding) constitute core matters under 28 U.S.C.

§§ 157(b) and 1334(b) because they "arise under title 11."[1]

---

[1]    Courts that have come to this conclusion include the Courts of Appeal in the Third and Fourth Circuits and lower courts in the Second, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits. See, e.g.:

Second Circuit:  In re WorldCom, Inc., 371 B.R. 19, 22 (Bankr. S.D.N.Y. 2007) (court had core jurisdiction over debtor's motion for determination of refund rights); In re Waters, No. 99-31833, 2008 Bankr. LEXIS 374, at *2 (Bankr. D. Conn. Feb. 8, 2008) (contested matter commenced by United States under section 505(a)(1) and Fed. R. Bankr. P. 9014 was core proceeding);

Third Circuit:  In re Venture Stores, Inc., 54 F. App'x 721, 722 (3d Cir. 2002) (district court sitting in bankruptcy had jurisdiction over section 505 dispute under 28 U.S.C. § 157(b) "because this was a core proceeding arising under the Bankruptcy Code"); ANC Rental Corp. v. Dallas County (In re ANC Rental Corp.), 316 B.R. 153, 157 (Bankr. D. Del. 2004) (section 505 proceeding was core matter "because it invokes a right given to the Debtor under title 11");

Fourth Circuit:  United States v. Wilson, 974 F.2d 514, 517 (4th Cir. 1992) (debtor's challenge under section 505 to chapter 7 trustee's settlement of tax dispute with United States was core matter "[u]nder 28 U.S.C. § 157(b), and more specifically under 11 U.S.C. § 505(a)(1)");

Fifth Circuit:  Cluck v. United States (In re Cluck), 165 B.R. 1005, 1009 (W.D. Tex. 1993) (bankruptcy court properly denied debtor's request for proposed findings of facts and conclusions of law and entered final order in estate tax dispute under section 505 because matter was core proceeding (as both litigants appear to have conceded)), aff'd mem., 20 F.3d 1170 (5th Cir. 1994);

Sixth Circuit:  United States v. Gordon Sel-Way, Inc. (In re Gordon Sel-Way, Inc.), 239 B.R. 741, 747 (E.D. Mich. 1999) (debtor's federal employment tax refund claim was core matter), aff'd, 270 F.3d 280 (6th Cir. 2001); French v. United States (In re French), 242 B.R. 369, 374 (Bankr. N.D. Ohio 1999) ("A determination of a debtor's tax liability under 11 U.S.C. § 505(a) involves a right afforded to a debtor by virtue of the Bankruptcy Code, and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2).");

Seventh Circuit:  Cont'l Eng'g & Consultants, Inc. v. Lake County Assessor (In re Cont'l Eng'g & Consultants, Inc.), No. 03-62669, Adv. No. 04-6068, 2005 Bankr. LEXIS 1794, at *17 (Bankr. N.D. Ind. Apr. 21, 2005) ("as has been routinely determined, proceedings under § 505(a)(1) do in fact constitute core proceedings"); United States v. Walters (In re Walters), 176 B.R. 835, 867 (Bankr. N.D. Ind. 1994) ("Section 505 involves a substantive right provided by title 11, and it is a proceeding that, by its nature, could only arise in the context of a bankruptcy case, and thus this proceeding is a core proceeding.") (citations omitted);

Eighth Circuit:  Erickson v. Commissioner (In re Erickson), 172 B.R. 900, 905-08 (Bankr. D. Minn. 1994) (dispute under section 505 over debtor's tax liability (including that related to employment taxes) was core matter);

Tenth Circuit:  Chance Rides, Inc. v. New Jersey (In re Chance Rides, Inc.), No. 01-12000, Adv. No. 015123, 2001 WL 34656216, 2001 Bankr. LEXIS 2168, at *13 (Bankr. D. Kan. Dec. 5, 2001) ("Because § 505(a) specifically provides bankruptcy courts with jurisdiction to hear tax liability matters, most courts have held that a § 505(a) proceeding 'arises under' the Bankruptcy Code and is a 'core proceeding.'"); Grynberg v. United States (In re Grynberg), Ch. 11 Case No. 81 B 00821 C, Adv. No. 89 C 1371, 1991 Bankr. LEXIS 783, at *19 (Bankr. D. Colo. May 28, 1991) ("Section 505 of the Bankruptcy Court provides this Court with the authority to adjudicate [debtors'] pre-petition gift tax liability as a core matter.");

*(cont'd)*

Defendant's only support for its contention that this adversary proceeding is a
non-core matter consists of a Ninth Circuit opinion concerning a chapter 7 proceeding in which
an individual debtor (appearing pro se) sought to pursue tax claims the chapter 7 trustee had
abandoned as worthless, for his own benefit rather than for the benefit of the estate.  (See
Defendant's Mem. at 31 (citing Dunmore v. United States, 358 F.3d 1107 (9th Cir. 2004)).  Even
assuming that the Ninth Circuit is correct that a debtor's non-estate refund claim under
section 505 is non-core, the Dunmore decision is distinguishable because it did not involve the
determination of the chapter 7 estate's rights under sections 505 or 542(b)[2] or the allowance or
disallowance of claims against the estate, which would have been core proceedings.  Here,
Plaintiffs seek refunds under section 505 and section 542(b) in their capacity as representatives
of their respective chapter 11 estates as debtors-in-possession, which under sections 323[3] and
1107(a)[4] have the powers of a chapter 11 trustee to sue and invoke section 505 jurisdiction to
determine the estates' rights to a refund and to enforce payment under 542(b).

In addition, Defendant has filed various proofs of claim, some which assert setoff
rights (including the right to offset FICA penalties against the Plaintiffs' claims), and Plaintiffs

_____
(cont'd from previous page)

Eleventh Circuit:  Holywell Corp. v. Bank of New York (In re Holywell Corp.), 177 B.R. 991, 998-99 (S.D. Fla.
1995) (bankruptcy court had core jurisdiction over disputes over federal tax settlement under section 505(a) and
11 U.S.C. § 157(b)(2)(A) and (O); United States filed amicus brief in support of bankruptcy court ruling);
Hospitality Ventures/La Vista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/La Vista), 314 B.R. 843, 847
(Bankr. N.D. Ga. 2004) ("The Court has jurisdiction under 28 U.S.C. § 1334(b) over Debtor's complaint for
§ 505(a) relief as a core proceeding under 28 U.S.C. § 157(b).").

[2]     Section 542(b) provides that "an entity that owes a debt that is property of the estate and that is matured . . .
shall pay such debt to . . . the trustee." 11 U.S.C. § 542(b).

[3]     Section 323 provides:  "(a) The trustee in a case under this title is the representative of the estate.  [¶]  (b) The
trustee in a case under this title has capacity to sue and be sued." 11 U.S.C. § 323.

[4]     Section 1107(a) provides:  "Subject to any limitations on a trustee serving in a case under this chapter, and to
such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than
the right to compensation under section 330 of this title, and powers, and shall perform all the functions and
duties . . . of a trustee serving in a case under this chapter."  11 U.S.C. § 1107(a).

10

have objected to those claims and have similarly preserved their rights to offset estate claims,

including the refund claims, against the claims of the United States.  (Gershbein Decl. ¶ 3,

Exs. 1-12.)   Under 28 U.S.C. § 157(b)(2)(C), "where a creditor of the estate files a proof of

claim and the estate counterclaims against him, or where the estate brings an action against a

creditor and the creditor counterclaims asserting a set-off, it is entirely appropriate for the action

to be classified as a core proceeding."  Statutory Comm. of Unsecured Creditors v. Motorola, Inc.

(In re Iridium Operating LLC), 285 B.R. 822, 831 (S.D.N.Y. 2002).  Moreover, "claims in an

adversary proceeding are tantamount to counterclaims against a creditor who filed a claim

against the estate under § 157(b)(2)(C)."  Id.

      Furthermore, even though Defendant's setoff claims were filed by multiple

agencies and departments of the United States, Defendant has a unitary right to setoff.  See In re

Whimsy, Inc., 221 B.R. 69, 72 (S.D.N.Y. 1998) (agencies, departments, and subdivisions of

United States constitute single, unitary creditor for purposes of setoff in bankruptcy); HAL, Inc.

v. United States (In re HAL, Inc.), 122 F.3d 851, 852-54 (9th Cir. 1997); Turner v. Small Bus.

Admin. (In re Turner), 84 F.3d 1294, 1299 (10th Cir. 1996) (en banc).  Because Plaintiffs' FICA

refund claims are tantamount to counterclaims against Defendant who filed multiple proofs of

claim (or Defendant's multiple claims asserting setoff,[5] regardless of which federal agency has

---

[5]    Although Defendant notes in its Memorandum that it has not formally asserted setoff rights in its answer to the
Complaint (Def.'s Mem. At 31, n. 11), the fact remains that Defendant has asserted setoff rights in various of its
proofs of claim (see Gershbein Decl. ¶ 3, Exs. 1, 5-11 (setoff expressly preserved at pp. 6, 36, 40-41, 44-45, 47-
48, 50-51, 53-54, 57-58)) and has not otherwise waived any setoff rights, which prepetition setoff rights are
generally preserved under section 553(a) of the Bankruptcy Code and which under section 506(a) of the
Bankruptcy Code would secure Defendant's claims against the estates.  Thus, the Bankruptcy Court's
adjudication of the adversary proceeding will determine whether each side can exercise its setoff rights against
the other (assuming that any of Defendant's proofs of claim are ultimately allowed by the Bankruptcy Court)
and whether any of Defendant's claims constitute secured claims under the Bankruptcy Code.  The adversary
proceeding in this respect is core to the process of allowing and disallowing claims against the Delphi estates, to
a determination of whether Defendant's claims are secured, and to the adjustment of the debtor-creditor
relationship.  See 28 U.S.C. § 57(b)(2)(B), (O); N. Am. Energy Conversation, Inc. v. Interstate Energy Res., Inc.

*(cont'd)*

asserted them, constitute counterclaims[6] to the estates' refund adversary proceeding), the

adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(C).

No court in this circuit appears to have relied on Dunmore in considering

jurisdictional issues remotely comparable to those presented here, and the decision is rarely cited

in published opinions by courts outside the Ninth Circuit. The reluctance of courts from other

jurisdictions to rely on Dunmore in this context may result from the Ninth Circuit's interpretation

of "core" in 28 U.S.C. § 1334(b), which is considerably more constrained than that adopted by

most other circuits, including the Second Circuit. In the Second Circuit, the term 'core

proceeding' is "given a broad interpretation that is close to or congruent with constitutional limits

as set forth in Marathon, and that Marathon is to be construed narrowly." United States Lines,

Inc. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n (In re United States Lines, Inc.), 197

F.3d 631, 637 (2d Cir. 1999); Ben Cooper, Inc. v. Ins. Co. of Pa. (In re Ben Cooper, Inc.), 896

F.2d 1394, 1398-99 (2d Cir.), vacated, 498 U.S. 964 (1990), opinion reinstated, 924 F.2d 36 (2d

Cir. 1991). By contrast, "the Ninth Circuit has adopted a relatively narrow interpretation,"

_____
*(cont'd from previous page)*

    (In re N. Am. Energy Conservation, Inc.), No. 00-40563 (PCB), 00-2276, 00CIV4302(SHS), 2000 WL 1614614, at *2 (S.D.N.Y. Oct. 12, 2000) (adversary proceeding on estate's prepetition contract is core because defendant's setoff claim against estate "elevates an unsecured claim to secured statues").

[6]    Some case law concludes that an estate's core counterclaim referred to in section 157(b)(2)(C) must be compulsory (i.e., arise out of the same transaction or occurrence), as opposed to merely permissive (i.e., unrelated), with respect to the creditor's proof of claim. See, e.g., Iridium Operating LLC, 285 B.R. at 832. The statute, however, does not make such a distinction. Cf. Fed. R. Civ. P. 13(b) (defining permissive counterclaim as any claim unrelated to primary claim). Nor do the cases limiting core matters to compulsory counterclaims explain why an estate's permissive counterclaim implicates the constitutional right to an Article III judge at issue in Marathon. These cases provide no rationale for why a creditor who has invoked bankruptcy court jurisdiction, by filing a proof of claim so as to share in the distribution of estate assets, retains the constitutional right to have an Article III judge adjudicate one of the estate's assets, i.e., the estate's permissive counterclaim. In any event, Defendant has expressly asserted setoff rights with respect to FICA penalties for tax year 2005 (and section 553(a) of the Bankruptcy Code generally preserves all prepetition setoff rights, whether asserted in a proof of claim or not). The 2005 FICA penalties on their face would appear sufficiently related to the Plaintiffs' FICA refund claims for tax years 1999 and 2003 so that the refund adversary falls within the definition of a core matter under section 157(b)(2)(C). Moreover, Defendant's rights to contest the estates' FICA refund claims are public rights, which as discussed below do not give rise to the constitutional issues present in Marathon.

holding that "core proceeding administrative matters that only arise in bankruptcy and would have no existence outside of bankruptcy." In re COM 21, No. C-04-03396 RMW, 2005 WL 1606357, at *4-5, 2005 U.S. Dist. LEXIS 34339, at *13, *15 (N.D. Cal. July 6, 2005). In any case, the Ninth Circuit's limited reading of "core" does not apply in the Second Circuit, and Dunmore has no bearing on this adversary proceeding.

Finally, Plaintiffs' FICA refund claim simply is not comparable to the proceeding at issue in Marathon that led to the enactment of 28 U.S.C. § 157. In Marathon, because the dispute involved two private parties (a chapter 11 debtor and a non-debtor contract counterparty), the Supreme Court held that it fell within the sole authority of courts established under Article III of the United States Constitution. The adjudication of "public rights," on the other hand, is not subject to this limitation. "[A] matter of public rights must at a minimum arise between the government and others. In contrast, the liability of one individual to another . . . is a matter of private rights. Our . . . controversies in the former category may be removed from Art. III courts to legislative courts [which include bankruptcy courts and] administrative agencies for their determination." Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 69-70 (1982) (internal quotations and citations omitted). The Second Circuit has defined "public rights" as "rights which arise between governmental agencies and the citizens subject to the authority of these bodies." Kramer v. Comm'r, 930 F.2d 975, 988 (2d Cir. 1991). By definition, public rights encompass rights arising between a taxing authority and a taxpayer. "The relationship between the government and taxpayer plainly gives rise to public rights and we have no doubt that the resolution of such disputes can be relegated to a non-Article III forum." Id. at 992.

13

The refund adversary proceeding falls squarely within the following statutory definitions of core matters at 28 U.S.C. § 157(b)(2): subpart (A) ("matters concerning the administration of the estate"); subpart (B) ("allowance or disallowance of claims against the estate"); subpart (C) ("counterclaims by the estate against persons filing claims against the estate"); subpart (E) ("orders to turn over property of the estate"); and subpart (O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship").  The section 157(b)(2) categories, however, are broad enough to capture the type of lawsuits which Marathon holds must be deemed non-core (i.e., subject to a final decision only by an Article III judge).  Courts, therefore, will find Marathon-type lawsuits to be non-core even though they otherwise fall within the literal terms of section 157(b)(2), especially subpart (A)'s "matters concerning the administration of the estate" and subpart (O)'s "other proceedings."  See, e.g., Orion Pictures Corp., 4 F.3d at 1102 (estate's prepetition contract actions are not core matters, notwithstanding they would inure to benefit of estate and thus concern estate's administration under section 157(b)(2)(A)).  As noted above, however, the Plaintiffs' public rights adversary proceeding against the government is not a private rights proceeding that must be deemed non-core in accordance with Marathon.   See Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 233, 229 (2d Cir. 2002) ("we construe Marathon narrowly and give core proceedings 'a broad interpretation that is "close to or congruent with constitutional limits"'").

For the foregoing reasons, the adversary proceeding falls squarely within the Bankruptcy Court's core jurisdiction.

14

2.    Defendant Has Not Met Its Burden With Respect To The Existence
Of Other Permissive Withdrawal Factors

Having failed even to acknowledge that it bears the burden of establishing the

existence of cause for discretionary withdrawal, it is perhaps not surprising that Defendant has

failed to meet its burden.  Three of Defendant's arguments in support of discretionary withdrawal

rely expressly on the mistaken assertion that this adversary proceeding is not a core matter.  (See

Def.'s Mem. at 31, 33, 34.)  Absent the jurisdictional foundation asserted, Defendant's arguments

concerning judicial economy, cost and delay, and forum shopping simply fall away.  And

because the Bankruptcy Court plainly has the authority to issue a final ruling in the adversary

proceeding, all of these factors weigh against discretionary withdrawal.

Defendant's only remaining point in support of discretionary withdrawal appears

to be that the dollar amount at issue in this adversary proceeding is insufficient to affect

"meaningfully" the administration of the Debtors' estates.  (Def.'s Mem. at 34.)  Defendant cites

no authority purporting to establish a minimum threshold of the amount in dispute for a

controversy to be deemed to have a meaningful effect on a debtor's estate.  Plaintiffs are aware of

no such authority.  Even if the amount in dispute were relevant in determining whether to grant

Defendant's request for relief, the value of Plaintiffs' claims is hardly negligible by any standards.

Plaintiffs' claims against Defendant and any proceeds thereof indisputably

constitute property of the Debtors' estates under 11 U.S.C. § 541, the disposition of which falls

squarely within a bankruptcy court's jurisdictional purview.  Indeed, core matters include all

matters concerning the administration of the estate.  See 28 U.S.C. § 157(b)(2)(A).  Courts

routinely have recognized the resolution of tax disputes as core proceedings concerning the

administration of a debtor's estate or the liquidation of assets therein under section 157(b)(2)(A)

and (O).  See, e.g., Holywell Corp. v. Bank of New York (In re Holywell Corp.), 177 B.R. 991,

15

998-99 (S.D. Fla. 1995); <u>United States v. Walters</u> (In re Walters), 176 B.R. 835, 867 (Bankr. N.D.

Ind. 1994); <u>Cluck</u>, 165 B.R. at 1009.

        In sum, because the adversary proceeding is a core matter, and because Defendant

has failed to meet its burden to show requisite cause under applicable law, this Court has solid

grounds for denying the request to withdraw the reference as a matter of discretion.

C.      <u>The Adversary Proceeding Is Not Subject To Mandatory Withdrawal</u>

        Section 157(d) of title 28 of the United States Code provides that a district court

"shall" withdraw the reference concerning a proceeding that "requires consideration of both

title 11 and other laws of the United States regulating organizations or activities affecting

interstate commerce."  28 U.S.C. § 157(d).  As with discretionary withdrawal, the movant bears

the burden of establishing that mandatory withdrawal is warranted.  <u>In re US Airways Group,</u>

<u>Inc.</u>, 296 B.R. 673, 677 (E.D. Va. 2003) ("[T]he burden of demonstrating both mandatory and

discretionary withdrawal is on the movant.") (citations omitted).

        Although the term "consideration" is not defined, courts in this circuit have

stressed that section 157(d) should "not become an 'escape hatch' for matters properly before [the

bankruptcy] court."  <u>Oneida Ltd. v. Pension Benefit Guar. Corp.</u>, 372 B.R. 107, 110 (S.D.N.Y.

2007) (quoting <u>United States v. Johns-Manville Corp.</u> (In re Johns-Manville Corp.), 63 B.R. 600,

603 (S.D.N.Y. 1986)).  "The Second Circuit Court of Appeals construes this provision

'narrowly,' requiring withdrawal of the reference only if 'substantial and material consideration of

non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding.'"  <u>Enron</u>

<u>Corp. v. J.P. Morgan Secs., Inc.</u> (In re Enron Corp.), Ch. 11 Case No. 01-16034, Adv. No. 03-

92677, 07 Civ. 10527 (SAS), 2008 WL 649770, at *4, 2008 U.S. Dist. LEXIS 18173, at *13

( S.D.N.Y. Mar. 10, 2008) (quoting <u>Shurgrue v. Air Line Pilots Ass'n, Int'l</u> (In re Ionosphere

Clubs, Inc.), 922 F.2d 984, 995 (2d Cir. 1990)).

16

The phrase "substantial and material consideration" is understood to mean "significant interpretation of federal laws that [C]ongress would have intended to have decided by a district judge rather than a bankruptcy judge." Enron Corp., 2008 U.S. Dist. LEXIS 18173, at *13-14 (quoting In re Texaco, Inc., 84 B.R. 911, 921 (S.D.N.Y. 1988) (in turn quoting United States v. Johns-Manville Corp. (In re Johns-Manville Corp.), 63 B.R. 600, 602 (S.D.N.Y. 1986))). Mandatory withdrawal applies only "where 'issues arising under non-title 11 laws dominated those arising under title 11,'" Enron Corp., 2008 U.S. Dist. LEXIS 18173, at *14 (quoting In re Texaco, Inc., 84 B.R. at 921 (in turn quoting Johns-Manville Corp., 63 B.R. at 602)), or where the substantial and material consideration of non-bankruptcy federal law "is necessary for the resolution of a case or proceeding." Frito-Lay, Inc. v. Chateaugay Corp. (In re Chateaugay Corp.), 99 B.R. 206, 208 (S.D.N.Y. 1989) (citations omitted).   "[T]he mandatory withdrawal standard is more easily satisfied when complicated issues of first impression are implicated under non-bankruptcy federal laws." Keene Corp. v. Williams Bailey & Wesner, LLP (In re Keene Corp.), 182 B.R. 379, 382 (S.D.N.Y. 1995).  "[W]ithdrawal is not mandatory where a case requires the 'straightforward application of a federal statute to a particular set of facts.'" Oneida Ltd. v. Pension Benefit Guar. Corp., 372 B.R. at 110 (quoting In re Johns-Manville Corp., 63 B.R. at 602).

Defendant portrays this adversary proceeding as ground-breaking litigation that will give rise to multiple issues of first impression and require "substantial interpretation" of the federal tax laws.[7]  In fact, however, Defendant's discussion of the tax law authorities is

---

[7]    Defendant effectively asks this Court to assume that the sections of the Internal Revenue Code that are relevant to the adversary proceeding (26 U.S.C. §§ 3121(a) and (b) and 7805(b)(8)) constitute "other laws of the United States regulating organizations or activities affecting interstate commerce" for purposes of 28 U.S.C. § 157(d). (Def.'s Mem. at 12-13.)  Such an assumption would be improper.

*(cont'd)*

egregiously incomplete and gives the erroneous impression that the relevant law is highly

unsettled and unusually complex. On the contrary, as discussed below, this adversary

proceeding raises no issues of first impression and will require only a straightforward application

of existing law. Moreover, the legal issues in the adversary proceeding are considerably simpler

than those in other tax matters routinely adjudicated by bankruptcy courts.

1.    Whether FICA Taxation Applies To Payments Made On Signing Or
      Cancellation Of An Employment Contract Is Not A Question Of First Impression

FICA taxes apply to "all remuneration for employment." 26 U.S.C. § 3121(a).

"Employment" is defined to include "any service . . . performed . . . by an employee for the

person employing him." 26 U.S.C. § 3121(b). The term "wages" was similarly described in the

Congressional committee reports accompanying enactment of the statute. See H.R. Rep. No. 74-

615, at 32-33 (1935); S. Rep. No. 74-628, at 44-45 (1935). When an employer makes a payment

to an employee as compensation for something other than services, that payment, by the terms of

the statute, is not subject to FICA taxes. Defendant glosses over this critical statutory exemption

---

*(cont'd from previous page)*

Strictly speaking, these Internal Revenue Code provisions do not "regulate" conduct. They simply impose particular tax consequences and resulting tax liability for activities and operations freely undertaken by taxpayers; the statutes do not regulate the activities themselves. By contrast, other provisions of the Internal Revenue Code (such as those concerning eligibility for tax exempt status under 26 U.S.C. § 502(c)(3)) do in fact regulate conduct in a manner comparable to other federal statutes that regulate organizations and activities for purposes of 28 U.S.C. § 157(d), such as the federal civil rights, environmental protection, and labor laws. Those sections of the Internal Revenue Code, however, are not at issue in the adversary proceeding.

In IRS v. CM Holdings, Inc. (In re CM Holdings, Inc.), 221 B.R. 715 (D. Del. 1998), the only authority cited by Defendant in support of the proposition that the tax laws at issue here regulate organizations or activities affecting interstate commerce, the court concluded, with no reference to either statutory or common law authority, that "[i]t cannot be gainsaid that the federal Tax Code must be consulted in order to determine the validity of the IRS' claims and federal tax law regulates organizations or activities affecting interstate commerce, as required under 28 U.S.C. § 157(d)."). Id. at 721. This decision shed no light on whether statutory authority to assess tax liability constitutes regulation for purposes of section 157(d). The legislative history of section 157(d) appears to provide no pertinent guidance.

As a consequence, Defendant has failed to meet its burden that mandatory withdrawal of the reference applies to a dispute implicating 26 U.S.C. §§ 3121(a) and (b) and 7805(b)(8).

in its attempt to assert that this matter should simply be resolved under a 2004 revenue ruling

(apparently to be applied without regard to the statute or the case law).  (See Def.'s Mem. at 14.)

Whether compensation constitutes wages for FICA purposes has been litigated

with considerable frequency, and courts in dozens of cases have rejected the government's

assertions that all payments by employers to employees are subject to payroll taxes.  In Central

Illinois Public Service Co. v. United States, 435 U.S. 21 (1978), a case not cited in Defendant's

Memorandum, the Supreme Court held that employee lunch allowances were not wages subject

to payroll taxes and categorically rejected the government's persistent contention that all

reimbursements in an employer-employee relationship are subject to withholding.

Other cases both before and after Central Illinois have similarly held that where

payments are made by an employer to an employee for something other than services, those

payments are simply not subject to employment taxes (including, specifically, FICA taxes).  For

example, Central Illinois cited as authority both Humble Oil Refining Co. v. United States, 442

F.2d 1362 (Ct. Cl. 1971), and Humble Pipe Line Co. v. United States, 442 F.2d 1353 (Ct. Cl.

1971).  In the Humble cases, the Federal Court of Claims held that, where the employer required

an employee to change job locations, the employer's reimbursement of the employee's moving

expenses did not constitute wages.  The Humble Oil court acknowledged that the moving

expense reimbursements were income to the employee but held the reimbursements were not

wages because they were not meant by the employer to be paid "for services performed."  See

also Allstate Ins. Co. v. United States, 530 F.2d 378 (Ct. Cl. 1976) (also concluding that moving

expenses were not wages); Rowan Cos. v. United States, 452 U.S. 247 (1981) (meals and

lodging provided to offshore oil rig workers were not wages for FICA and Federal

Unemployment Tax Act purposes); Stubbs, Overbeck & Assocs. v. United States, 445 F.2d 1142

19

(5th Cir. 1971) (per diem living allowances paid to employees sent to remote temporary work

locations were not wages); Royster Co. v. United States, 479 F.2d 387 (4th Cir. 1973) (meal

reimbursements paid on day trips were not wages because not paid as remuneration for services,

i.e., paid for employer's own business purposes and regardless of performance of employee);

People's Life Ins. Co. v. United States, 373 F.2d 924 (Ct. Cl. 1967) (amounts paid to send

employees to convention were not wages, but legitimate expenses of employer).  This principle

of Central Illinois has also been followed in North Dakota State University v. United States, 255

F.3d 599, 603 (8th Cir. 2001), addressing the wage characterization of payments made to tenured

faculty in exchange for relinquishment of their tenure rights.

   Even the revenue rulings directly at issue here have been the subject of several

court decisions.  In November 2004, the IRS released Revenue Ruling 2004-109 (concerning

FICA taxation of payments to sign employment contracts) simultaneously with another revenue

ruling (Rev. Rul. 2004-110, 2004-2 C.B. 960, addressing the FICA taxation of payments for

breach of employment contracts).  The government formally acknowledged the correlation

between these two revenue rulings at the time of their release.  See News Release, Dep't Of

Treasury, Treasury And IRS Clarify Employment Tax Treatment Of Payments Made On The

Signing Or Cancellation Of An Employment Contract (Nov. 23, 2004), available at Treas.

JS-2114, 2004 WL 2669356 (Dep't Treas.).  Indeed, Defendant acknowledges that Revenue

Ruling. 2004-110 is "consistent with the IRS's view that 'wages' for FICA purposes encompasses

any [payments by an employer to an employee]."  (See Def.'s Mem. at 18.)

   In straining to characterize as a case of "first impression" any matter dealing with

the FICA taxation of signing bonuses, Defendant neglects to make it sufficiently clear in its

Memorandum that Revenue Ruling 2004-110 (which was paired upon its issuance with Revenue

20

Ruling 2004-109) has already been the subject of several court decisions.  See, e.g., Appoloni v. United States, 450 F.3d 185 (6th Cir. 2006); Univ. of Pittsburgh v. United States, 507 F.3d 165 (3d Cir. 2007).  If a ruling closely related to the issues addressed in Revenue Ruling 2004-109 has already been addressed by several courts, Plaintiffs' refund claim can hardly be said to be a matter of first impression.

      2.    <u>The Standard Applicable To Retroactive Revenue Rulings Is Settled Law</u>

      Defendant makes much of the jurisprudence concerning the deference due to revenue rulings in the abstract.  (See Def.'s Mem. at 21-25.)  More to the point, however, Defendant devotes comparatively little attention to the standard that courts apply when examining whether a revenue ruling should be applied retroactively during pending litigation, a standard that is routinely applied and hardly controversial.

      Internal Revenue Code section 7805(b)(8) provides that "[t]he Secretary may prescribe the extent, if any, to which any ruling . . . relating to the internal revenue laws shall be applied without retroactive effect."  26 U.S.C. § 7805(b)(8).  That authority, however, is reviewable for abuse of discretion.  See, e.g., Gehl Co. v. Comm'r, 795 F.2d 1324, 1332 (7th Cir. 1986); Becker v. Comm'r, 85 T.C. 291, 294 (1985); Prabel v. Comm'r, 91 T.C. 1101, 1112 (1988), aff'd, 882 F.2d 820 (3d Cir. 1989); Burleson v. Comm'r, 68 T.C.M. (CCH) 288, T.C. Mem. 1994-364, 1994 WL 395021 (1994).  As a matter of official policy, the revocation or modification of prior rulings are not applied retroactively to the extent that the new rulings have adverse tax consequences for taxpayers.  Rev. Proc. 89-14, 1989-1 C.B. 814 at §§ 7.01(4)-(5). Abuse of the IRS's discretion to issue retroactive rulings may also be found where the retroactive withdrawal or modification of a prior revenue ruling creates a distinction between taxpayers that has no rational basis.  See, e.g., Fogarty v. United States, 780 F.2d 1005 (Fed. Cir. 1986); Baker v. United States, 748 F.2d 1465 (11th Cir. 1984), acq., 1995-2 C.B. 1; Prabel, 91 T.C. at 1112.

21

More importantly, "[a] revenue ruling issued at a time when the IRS is preparing to litigate is often self-serving and not generally entitled to deference by the courts." AMP, Inc. v. United States, 185 F.3d 1333, 1338-39 (Fed. Cir. 1999); see also Fribourg Navigation Co. v. Comm'r, 383 U.S. 272 (1966) (rejecting revenue ruling issued on eve of trial); Gen. Dynamics Corp. v. Comm'r, 108 T.C. 107, 120 (1997) ("revenue rulings are generally not afforded any more weight than . . . a position on brief . . . especially [when] not publish[ed] . . . prior to this controversy"); Tandy Corp. v. Comm'r, 92 T.C. 1165, 1170 (1989) ("We were well aware of respondent's position on this issue before the issuance of [the ruling at issue]; we think that the ruling is a thinly veiled attempt to influence this litigation, judging from the similarity of the facts and the timing of its issuance. This and other courts have routinely looked upon such bootstrapping revenue rulings with disfavor.") (citing Ludwig v. Comm'r, 68 T.C. 979, 986 n.4 (1977)).[8]

The 2004 revenue ruling at issue in this adversary proceeding was issued some eighteen months after the filing of the 1999 Refund Claims and after the IRS became aware of the refund claims filed by numerous other taxpayers in reliance on Revenue Ruling 58-145. A court examining whether the 2004 revenue ruling should govern retroactively will apply the abuse of discretion standard described above. This standard is routinely applied in many areas of the law, and the Bankruptcy Court is certainly no stranger to it.

---

[8]    In contrast, courts have given particular deference to long-standing revenue rulings and administrative guidance issued contemporaneously with the adoption of a statute or regulation. The Supreme Court has observed as a well-settled principle that "Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." Cleveland Indians Baseball Co. v. United States, 532 U.S. 200, 219-20 (2001) (quoting Cottage Savs. Assn. v. Comm'r, 499 U.S. 554, 561 (1991)). Thus, the deference accorded to Revenue Ruling 58-145 would be greater than that accorded Revenue Ruling 2004-109 and would support not permitting the government to retroactively revoke the prior ruling. Here again, the proper amount of deference is certainly not a matter of "first impression" that could only be decided by a district court.

3.    The Adversary Proceeding Requires Only Straightforward Application Of
Non-Bankruptcy Law

The legal questions in the adversary proceeding bear little resemblance to the

skein of issues arising under non-bankruptcy law suggested in Defendant's Memorandum.  The

dispute here concerns whether or not certain identified payments are wages and whether the IRS

abused its discretion in applying a new revenue ruling retroactively.  Therefore, the adjudication

of the dispute will require the straightforward application of 26 U.S.C. §§ 3121(a) and (b) and

7805(b)(8) which does not require mandatory withdrawal of the reference under 28 U.S.C.

§ 157(d).

Bankruptcy courts routinely apply federal tax law in contested matters and

adversary proceedings that call for far more substantial and material interpretation of the Internal

Revenue Code than this adversary proceeding would require.  For example, numerous

bankruptcy courts have adjudicated disputes over whether debtors should be considered

responsible parties for FICA purposes under 26 U.S.C. § 6672.  See, e.g., Shepard v. United

States (In re Shepard), 253 B.R. 397 (Bankr. D.S.C. 2000); Klippel v. IRS (In re Klippel), No.

98-23315, 1999 Bankr. LEXIS 1598 (Bankr. D.N.J. Nov. 18, 1999); Erickson v. Comm'r (In re

Erickson), 172 B.R. 900 (Bankr. D. Minn. 1994); Associated Bicycle Serv., Inc. v. United States

(In re Associated Bicycle Serv., Inc.), 128 B.R. 436 (Bankr. N.D. Ind. 1990); Grant v. United

States (In re Grant), No. 89-02131, 1990 Bankr. LEXIS 1993 (Bankr. W.D. Pa. 1990 Sept. 11,

1990); In re Turchon, 62 B.R. 461 (Bankr. S.D.N.Y. 1986).  In addition, many bankruptcy courts

have adjudicated disputes arising in other areas of federal tax law as well.  See, e.g., WorldCom,

371 B.R. at 26 (determining federal telecommunications excise taxes); Oakridge Consulting, Inc.

v. United States (In re Consolidated FGH Liquidating Trust), 325 B.R. 564 (Bankr. S.D. Miss.

2005) (construing Internal Revenue Code consolidation provisions); Kiesner v. IRS (In re

23

Kiesner), 194 B.R. 452 (Bankr. E.D. Wis. 1996) (construing Internal Revenue Code partnership

tax provisions); Kreidle v. IRS (In re Kreidle), 146 B.R. 464 (Bankr. D. Colo. 1991) (construing

Internal Revenue Code net operating loss provisions).

Defendant has offered no explanation for why this adversary proceeding should

require "substantial and material interpretation" of non-bankruptcy law when bankruptcy courts

regularly issue final rulings in disputes that give rise to issues of equal or greater complexity

under the Internal Revenue Code.  Because of the broad jurisdictional grant inherent in

Bankruptcy Code section 505, bankruptcy courts hear and adjudicate, as a routine matter, a wide

variety of disputes that implicate the federal tax laws.  Were Defendant's interpretation of

28 U.S.C. § 157(d) taken to its logical extreme, bankruptcy courts would never have occasion to

rule on federal tax disputes, notwithstanding Bankruptcy Code section 505.  Such a conclusion

certainly would be at odds with Marathon and the legislative intent behind 28 U.S.C. § 157(d).

In light of the foregoing, Defendant has not, and cannot, carry its burden.

Because of the nature of the dispute, this adversary proceeding calls for only a straightforward

application of settled law.[9]  As a consequence, mandatory withdrawal of the reference under

28 U.S.C. § 157(d) is not applicable here.

---

[9]     Defendant incorrectly asserts that "counsel for Delphi recognized years ago that the 1958 ruling [Revenue
Ruling 58-145] was shaky precedent in the CBA ratification payment context, especially with respect to FICA
taxes."  (Def.'s Mem. at 28 (citing Mary B. Hevener & Anne G. Batter, When Are Payments From An Employer
To An Employee Not "Wages" Subject To Employment Taxes, 95 J. Tax'n 349 (2001).)  Although the cited
article discusses uncertainty in various other contexts, nowhere does the article suggest that Revenue Ruling 58-
145 was wrongly decided or inapplicable to collective bargaining agreements.  To the contrary, the 2001 article
explains that the IRS continued to adhere to Revenue Rule 58-145 in subsequent rulings and concludes that
"consistent with Rev. Rul. 58-145, bonuses paid on ratification of a collective bargaining agreement should not
be treated as wages.  Further, in all events, a signing bonus should not be treated as wages as long as the bonus
is not conditioned on the performance of services."  Id. at 355-56.

24

<u>CONCLUSION</u>

The Court should deny Defendant's motion to withdraw the reference.

Dated: New York, New York
June 9, 2008

BAKER & MCKENZIE LLP

Mary B. Hevener
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
(202) 452-7080

- and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By:   */s/ Albert L. Hogan, III*
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807))
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, Delphi
Automotive Systems, LLC, and Delphi
Automotive Systems Services, LLC,
  Respondents

25

# EXHIBIT E

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, D.C.  20006-4078
(202) 452-7080
Mary B. Hevener

Attorneys for Delphi Corporation, Delphi Automotive Systems LLC, and
Delphi Automotive Systems Services LLC, Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | 08 Civ. 04487 (PKC) |
| DELPHI CORPORATION, <u>et. al.,</u> | Bankr. Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DELPHI CORPORATION, DELPHI AUTOMOTIVE SYSTEMS LLC, AND DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC, | Adversary Proceeding No. 08-01038 |
| Plaintiffs, | |
| - against - | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF
MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' OPPOSITION TO
<u>GOVERNMENT'S MOTION TO WITHDRAW REFERENCE</u>

I, Evan Gershbein, declare:

1.    Respondents Delphi Corporation, Delphi Automotive Systems LLC, and Delphi Automotive Systems LLC ("Plaintiffs") and certain of their subsidiaries and affiliates are debtors and debtors-in-possession (the "Debtors" in chapter 11 cases (the "Chapter 11 Cases") under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended as of October 8, 2005.  I submit this declaration in support of the Memorandum Of Law In Support Of Objection To Government Motion To Withdraw Reference.

2.    I am over eighteen years of age and not a party to the above-captioned civil proceeding.  I am a Senior Consultant of Kurtzman Carson Consultants LLC ("KCC"), and my business address is 2335 Alaska Avenue, El Segundo, California 90245.  The Debtors retained KCC as the claims agent in the Chapter 11 Cases pursuant to the Final Order Under 28 U.S.C. § 156(c) Authorizing Retention And Appointment Of Kurtzman Carson Consultants LLC As Claims, Noticing, And Balloting Agent for Clerk Of Bankruptcy Court, entered by the United States Bankruptcy Court for the Southern District of New York on December 1, 2005 (Chapter 11 Case Docket No. 1374).  This declaration is based upon my personal knowledge, except as to such matters as are stated upon information and belief.

3.    I certify that the following attached exhibits are true and correct copies of certain proofs of claims filed in the Chapter 11 Cases.  For each attached exhibit, the following table indicates: the exhibit number, the claimant listed on the proof of claim, the Debtor against which the claim is filed, the proof of claim number, and the status of the proof of claim.

2

| Exhibit Number | Gov't Agency Claimant | Debtor | Claim Number | Status Of Claim |
|---|---|---|---|---|
| 1 | DHHS | Delphi Automotive Systems, Inc. (predecessor to Delphi Corp.) | 2578 | Objection pending |
| 2 | EEOC | Delphi Corporation | 14821 | Expunged |
| 3 | EEOC | Delphi Corporation | 16727 | Expunged/Appealed |
| 4 | EEOC | Delphi Corporation | 16747 | Expunged |
| 5 | EPA | Delphi Automotive Systems LLC | 14309 | Claim filed |
| 6 | IRS | Delphi Automotive Systems Services LLC | 7314 | Expunged |
| 7 | IRS | Delphi Automotive Systems Services LLC | 14154 | Objection pending |
| 8 | IRS | Delphi Automotive Systems Services LLC | 15822 | Expunged |
| 9 | IRS | Delphi Corporation | 7498 | Expunged |
| 10 | IRS | Delphi Corporation | 12127 | Expunged |
| 11 | IRS | Delphi Corporation | 14259 | Expunged |
| 12 | SEC | Delphi Corporation | 2445 | Withdrawn |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

June 9, 2008 in Los Angeles, California.

Evan Gershbein

3

# Exhibit 1
# Claim No. 2578

APR-06-2006  12:48   CMS   P.02/02

**FORM B10** (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT __Southern__ DISTRICT OF New York | **PROOF OF CLAIM** |
|---|---|

Name of Debtor
**Delphi Automotive Systems, Inc.**

Case Number ~44596
05-44596-rdd

Claim #02578
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**U.S. Dept. of Health and Human Services**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
**Office of the United States Attorney
Southern District of New York
86 Chambers Street, NY; NY 10007**

☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**
**APR 1 0 2006**
**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

Telephone number: 212-637-2700

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends   a previously filed claim, dated:_____
if this claim

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other __Overpayment to Madicare__ Program

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)       (date)

2. **Date debt was incurred:**
   1/1/2001 to Present

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 65,799.34 _____ _____ $55,799.34
   (unsecured)   (secured)   (priority)   (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ 65,799.34
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4/6/06 | Mr. Glenn Chaney, CMS, HHS   _Glenn J. Chaney_ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment



0544596060406000000000001

Gerschbein Decl. Exs. Page 5

Attachment to Proof of Claim of the
United States Department of Health and Human Services

**In Re Delphi Automotive Systems, Inc.**
Case No. 05-44596-rdd
Chapter 11 (Voluntary, Asset)

United States Bankruptcy Court for the Southern District of New York (Manhattan)

1.    Basis For Claim

Debts arising under the Medicare Program established under Title XVIII of the Social
Security Act, 42 U.S.C. § 1395-1395ggg.

2.    Date Debt Was Incurred

This claim reflects the estimated liability of the debtor to this agency of the United
States for debts arising under the Medicare Program from 1/1/2001 to the petition date.
Because the United States continues to search its data bases for further debts which arose
under the provisions of the Medicare Secondary Payer Act, 42 U.S.C. § 1395y,
subsequent debts for these and other years may be determined at a later date.

8.    Credits and Setoffs

The United States reserves the right to amend this claim to assert subsequently discovered
liabilities.  The indemnification of any sums held subject to setoff is without prejudice to
any other right under 11 U.S.C. § 553 to set off, against this claim, debts owed to the
debtor by this or any other federal agency.

# Exhibit 2
# Claim No. 14821

**FORM B10** (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT  S. D.    DISTRICT OF  New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Delphi Corporation | Case Number: 05 – 44481(RDD) |
|---|---|

Claim #14821
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

U.S. Equal Employment Opportunity Commission

Name and address where notices should be sent:
Donna L. Williams Alexander, Esq,
AJC Federal Building, Suite 3001
1240 East Ninth Street
Cleveland, Ohio 44199
Telephone number: 216-522-7454

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☑ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
AUG 1 1 2006
KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends     a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim ☒ Date Stamped Copy Returned
- ☐ Taxes
- ☐ Money Loaned ☐ No self addressed stamped envelope
- ☑ Personal Injury ☐ No copy to return
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☑ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:
  Unpaid compensation for services performed
  from _____ (date) to _____ (date)

**2. Date debt was incurred:** June 1, 2004

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____
(unsecured) ___ (secured) ___ (priority) ___ (Total) ___

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 300,000.00
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☑ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
· 1 2008
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date: 7/24/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Donna L. Williams-Alexander |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up

0544481060731000000000538

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 220-2005-00381 |

| Ohio Civil Rights Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Amy M. ~~Hauke~~ McCullAigh | (419) 625-2925 | 04-06-1980 |

| Street Address | City, State and ZIP Code |
|---|---|
| Po Box 1867 Sandusky, OH 44870 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DELPHI AUTOMOTIVE | 500 or More | (419) 627-7000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2509 Hayes Ave., Sandusky, OH 44870 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-15-2004    Latest: 11-01-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the above named Respondent on November 29, 1999 as a Machine Operator. My current job title is General Service Attendant (GSA). On or about June 15, 2004 and continuing on an ongoing basis thereafter, my immediate supervisor, Greg McKown, began making sexually offensive comments to me and putting his arm around me and intentionally brushing up against my breasts. Each time, I told McKown his actions were offensive and to stop, but he kept harassing me.

In October 2004, I warned McKown not to touch me again. Immediately afterwards, I was written up and suspended for not following instructions. On November 1, 2004, I confronted McKown again and told him I would no longer tolerate working in the sexually hostile environment he created. On November 3, 2004, a meeting was held with Management, and I made them aware of the situation. No corrective action was taken.

I believe I have been discriminated against because of my sex, female, and retaliated against for complaining about a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC
CLEVELAND DISTRICT OFFICE

DEC 2 ~~ 2004

RECEIVED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 12-20-04    X Amy May McCullough Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Gerschbein Decl. Exs. Page 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DELPHI CORPORATION, | ) ) ) ) ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

3:06CV0680

JUDGE KATZ

**COMPLAINT AND
JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female and to make whole Amy McCullough and similarly situated employees who were adversely affected by Defendant's unlawful practices.

As alleged with greater particularity in paragraph 7 below, the Commission alleges that beginning in June of 2004,    Defendant subjected its employee, Amy McCullough, to a pattern of severe and pervasive sexual harassment resulting in the creation of a sexually hostile work environment for Ms. McCullough and similarly

Gerschbein Decl. Exs. Page 10

situated females.  As a result of the discrimination, Ms. McCullough suffered emotional distress.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and  pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within The jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Delphi Corporation ("Employer") has continuously been a corporation doing business in the State of Ohio and the City of Sandusky and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to institution of this lawsuit, Amy M. McCullough filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7.      Beginning during the month of June of 2004,   Defendant Employer engaged in unlawful employment practices in its Sandusky, Ohio location, by subjecting Amy McCollough to a sexually hostile work environment based on her sex, in  violation of Section 703  of Title VII, 42 U.S.C. §2000e-2.  These unlawful practices include, but are not limited to the following:

a) Amy M. McCullough has been employed at Defendant's plant since November of 1999.  In June of 2004, shortly after she came under the supervision of Greg McKown, she was subjected to a pattern of severe and pervasive sexual harassment perpetrated by McKown.

b)    The sexual harassment perpetrated by McKown against Ms. McCullough consisted of constant inappropriate remarks and touching.

c) Ms. McCullogh made it clear from the beginning of the harassment that it was unwelcome and she objected to the behavior.

d) Ms. McCullough complained about the inappropriate conduct not only to McKown, she also complained to his supervisor and other management personnel at Defendant.

Gerschbein Decl. Exs. Page 12

e)    Despite her complaints, Defendant Employer failed to stop the harassment and allowed a workplace permeated with severe and pervasive harassment based on sex, female;

f) Defendant Employer subjected Amy M. McCullough and similarly situated female employees to a pattern of severe and pervasive sexual harassment during her/their employment;

g) Defendant Employer failed to exercise reasonable care to prevent and eradicate the sexual harassment;

h)  Defendant's conduct caused Amy M. McCullough emotional suffering and anxiety which required medical attention.

8.    The effect of the practices complained of deprived Amy M. McCullough of equal employment opportunities and adversely affected her status as an employee due to impermissible considerations of sex.

9.    The unlawful practices complained of above were intentional.

10.    The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Amy M. McCullough.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which prevent discrimination on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Amy M. McCullough by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its   unlawful employment practices.

D.  Order Defendant Employer to make whole Amy M. McCullough by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, back pay and front pay in amounts to be proven at trial.

E.  Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

F.  Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future non-pecuniary losses in amounts to be proven at trial.

G.   Grant an order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
1801 L. Street, N.W.
Washington, D.C. 20507

Jacqueline McNair
Regional Attorney

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

Donna Williams-Alexander
Trial Attorney
Registration No. 0037838
donna.williams-alexander@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Federal Office Building
1240 East Ninth Street  - Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax
donna.williams-alexander@eeoc.gov

# Exhibit 3
# Claim No. 16727

Gerschbein Decl. Exs. Page 16

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor<br>**Delphi Corp. et al** | Case Number<br>**05-44481** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
**U.S. Equal Employment Opportunity Commission**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Claim #16727
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name and address where notices should be sent:
**Margaret A. Malloy**
**Trial Attorney**
**U.S. Equal Employment Opportunity Commission**
**33 Whitehall St.**
**New York, NY 10004**
**212-336-3690**

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**NA**

Check here if this claim: ☐ replaces
☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM:
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (Describe briefly): **Violation of Americans with Disabilities Act 42 U.S.C. § 12101 et seq.**
  (date)                    (date)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☒ Wages, salaries, and compensations (fill out below)
  Your SS#: _____
  Unpaid compensation for services performed
  from _____ to _____

2. DATE DEBT WAS INCURRED: **May 21, 2004**

3. IF COURT JUDGMENT, DATE OBTAINED:

RECEIVED
OCT 1 8 2007
CLAIMS PROCESSING CENTER
USBC, SDNY

4. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: **Unliquidated**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. SECURED CLAIM.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other: _____

Value of Collateral: _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: _____

6. UNSECURED PRIORITY CLAIM.
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ **unliquidated**
Specify the priority of the claim:
☒ Wages, salaries, or commissions (up to $4,000)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11U.S.C. § 507(a)(4).
☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
* Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. DATE-STAMPED COPY: To receive an acknowledgment copy of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE FOR COURT USE ONLY

| Date<br><br>**October 12, 2007** | Sign and print the name and title any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*[signature]*   **Margaret A. Malloy**<br>                              **Trial Attorney** |
|---|---|

RECEIVED
OCT 16 2007
KURTZMAN CARSON

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or b



0544481071018000000000026

Gerschbein Decl. Exs. Page 17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,
                                      :
                                      :        CIVIL ACTION NO.
                    Plaintiff,        :
                                      :
        -against-                     :
                                      :        COMPLAINT
DELPHI CORP.,                         :        JURY TRIAL DEMANDED
                                      :
                    Defendant.        :
-------------------------------------------------------------X

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to

provide relief to Stanley Straughter ("Charging Party") and to a class of similarly situated

individuals who have been adversely affected by such practices. As alleged with particularity

below, Defendant Delphi Corp. ("Defendant") violated the ADA by making disability-related

inquiries of employees, including Charging Party, for purposes inconsistent with those permitted

by the ADA, and by taking adverse employment action against Charging Party and a class of

similarly situated individuals in retaliation for and interfering with their exercise of their rights

protected by the ADA.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e-5(f)(1) and (3).

1

2.    The unlawful employment practices alleged were committed within the

jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency

of the United States of America charged with the administration, interpretation, and enforcement

of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the

ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title

VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant has continuously been a corporation doing

business in the State of New York and has continuously employed at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of the lawsuit, Charging Party filed a

charge with the EEOC alleging violations of Title I of the ADA by Defendant.  All conditions

precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least 2004, Defendant has engaged in unlawful employment practices in

violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112(d)(4)(A) and 12203, as

outlined below:

2

  a.  Charging Party was employed as a Laborer by Defendant from May 22 to August 17, 2006.

  b.  On August 14 and 15, 2006, Charging Party called in sick.

  c.  On August 16, 2006, Charging Party returned to work with a doctor's note verifying that he had been unable to work due to illness on the two days that he was out.

  d.  Defendant informed Charging Party that he was required to sign an authorization form to allow Defendant to obtain information from Charging Party's personal physician about his medical condition.

  e.  Charging Party refused to sign the form, stating that he believed the inquiry into his medical condition was unlawful.

  f.  Defendant informed Charging Party that it was Defendant's policy to check all doctors' notes to verify that the reasons for the absence are acceptable, and that although an employee could refuse to sign the release, the result would be that Defendant would not accept the excuse for the absence.

  g.  Charging Party asked to take a copy of the form and respond the next day. Defendant consented to this request.

  h.  Charging Party then modified the form to allow Defendant to verify with his doctor that he had been unable to work on the two days that he was out, but not to discuss his actual medical condition.

  i.  When Charging Party presented Defendant with the modified form the next day, he was told that it was unacceptable.

  j.  Charging Party again stated his belief that it was unlawful for Defendant to demand to know his medical information.

3

k.    Defendant immediately fired Charging Party for being "an unsatisfactory temporary employee."

9.    The ADA prohibits employers from making inquiries as to whether an employee is an individual with a disability unless the inquiry is shown to be job-related and consistent with business necessity.

10.    Defendant's requirement that employees returning from sick leave sign a release of their medical information is a disability-related inquiry that is not job-related or consistent with business necessity.

11.    Defendant's requirement that employees returning from sick leave sign a release of their medical information and its practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who fail to comply with this unlawful policy constitutes coercion, intimidation and/or interference with employees' exercise or enjoyment of their rights under the ADA.

12.    Defendant's practice of disciplining, withholding pay from and/or taking any other adverse employment action against employees who refuse to comply with the unlawful policy constitutes retaliation against such employees for engaging in activity protected by the ADA.

13.    The effect of the practices complained of above has been to deprive Charging Party and a class of other individuals of equal employment opportunities and otherwise adversely affect their status as employees.

14.    The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party and similarly situated individuals.

15.    The unlawful employment practices complained of above were intentional.

4

16.    The unlawful employment practices complained of above are continuing.

17.    The unlawful employment practices complained of above were done with malice
and reckless disregard for the federally protected rights of Charging Party and similarly situated
individuals, in violation of 42 U.S.C. § 12101, *et seq.*

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Enjoin Defendant, its officers, successors, assigns, and all persons in active
concert or participation with it, from making any disability-related inquiries that are not job-
related and consistent with business necessity;

B.    Order Defendant to institute and carry out policies, practices, and programs that
provide equal employment opportunities for qualified individuals with disabilities and that
eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole all those individuals affected by the unlawful
employment practices described above, by providing appropriate back-pay with prejudgment
interest, in amounts to be determined at trial, and other affirmative relief necessary including re-
instatement to eradicate the effects of Defendants' unlawful employment practices;

D.    Order Defendant to make whole all of those individuals adversely affected by the
unlawful employment practices described above by providing compensation for nonpecuniary
losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.    Order Defendant to pay all those individuals adversely affected by the unlawful
employment practices described above punitive damages for Defendant's malicious and/or
reckless conduct in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

5

H.    Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated:  September 27, 2007

Ronald S. Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

s/Elizabeth Grossman
_____

Elizabeth Grossman
Regional Attorney

s/Judy Keenan
_____

Judy Keenan
Supervisory Trial Attorney

s/Margaret A. Malloy
_____

Margaret A. Malloy
Trial Attorney, U.S. EEOC
33 Whitehall Street, 5th Floor
New York, New York 10004
margaret.malloy@eeoc.gov
Phone 212-336-3690
Fax 212-336-3623

Gerschbein Decl. Exs. Page 23

# Exhibit 4
# Claim No. 16747

**FORM B10** (Official Form 10) (04/05)

| United States Bankruptcy Court _Southern_    District of _New York_ | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: _Delphi Corporation, et al_ | Case Number _05-44481 (RDD)_ | |
|---|---|---|

Claim #16747
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): _U.S. Equal Employment Opportunity Commission_

Name and address where notices should be sent:
_Anthony J. Celebrezze Building_
_1240 East Ninth St. Suite 3001_
_Cleveland, Ohio 44199_
Telephone number: _216-522-7454_

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**

**NOV 16 2007**

**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☑ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
     (date)      (date)

**2. Date debt was incurred:** _6.15.04 > continuing violation_

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____ _____ _30,000.00_ $_30,000.00_
(unsecured) (secured) (priority) (Total)

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
NOV 14 2007
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date _11.13.07_ | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Donna P. Williams-Alexander, Esq._ |
|---|---|

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0544481071114000000000028



**Cleveland Field Office**

### DONNA L. WILLIAMS-ALEXANDER
Senior Trial Attorney

Anthony J. Celebrezze Office Building
1240 East Ninth Street, Suite 3001
Cleveland, OH 44199                    Fax (216) 522-7430
(216) 522-7454          donna.williams-alexander@eeoc.gov

# Exhibit 5
# Claim No. 14309

# ORIGINAL

**FORM B10** (Official Form 10) (04/05)

| United States Bankruptcy Court ___SOUTHERN___ District of ___NEW YORK___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**Delphi Automotive Systems LLC** | Case Number<br>**05-44640 (RDD)** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be made pursuant to 11 U.S.C. § 503.

**Received**

AUG 0 9 2006

**Kurtzman Carson**

Claim #14309
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**U.S. Environmental Protection Agency**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

David J. Kennedy
Assistant U.S. Attorney, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone number:   (212) 637-2733

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim**

☐ Goods sold
☐ Services performed         See attached.
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)            (date)

**2. Date debt was incurred:**
See attached.

**3. If court judgment, date obtained:**
See attached.

**4. Total Amount of Claim at Time Case Filed:** $ __See attached.__
(unsecured)         (secured)         (priority)         (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).         See attached.

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:   $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority   $_____

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

U.S. BANKRUPTCY COURT
S.D.N.Y.
2006 JUL 31 P 3 3
FILED

| Date<br>7/31/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>_[signature]_   DAVID J. KENNEDY, A.U.S.A. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

0544640060731000000000126

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DAVID J. KENNEDY (DK-8307)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-2733
Fax No.: (212) 637-2686

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                         CHAPTER 11

DELPHI AUTOMOTIVE SYSTEMS LLC,                 Case No. 05-44640-rdd

                                               Jointly Administered

                          Debtors.

-----------------------------------------------------------x

### PROOF OF CLAIM OF THE UNITED STATES ON BEHALF OF
### THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

1.     The United States files this Proof of Claim at the request of the U.S.

Environmental Protection Agency ("EPA"), against debtor Delphi Automotive Systems LLC

("Delphi"), for response costs incurred and to be incurred by the United States under the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

U.S.C. §§ 9601-9675 at the Superfund Sites set forth herein in Paragraphs 2 through 7, infra. In

addition, with respect to equitable remedies that are not within the Bankruptcy Code's definition

of "claim," 11 U.S.C. § 101(5), this proof of claim is only filed in protective fashion. See, e.g.,

Paragraphs 3, 8, 9, and 10, infra.

2.     Tremont City Landfill Superfund Site.  Delphi is liable to the United States under

CERCLA with respect to the Tremont City Landfill Superfund Site located at 3108 Snyder-

Domer Road, Tremont City, German Township, Clark County, Ohio (the "Tremont City Site"). The 80-acre Site includes several facilities including a closed 8.5 acre chemical waste landfill (the "Barrel Fill" facility), a closed 56 acre sanitary landfill (the "Landfill" facility), and a 15.5 acre closed oil recycling and hazardous waste storage and transfer operation (the "Waste Storage" facility). Delphi is liable to the United States because by contract, agreement or otherwise, it arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by Delphi at the Barrel Fill and Landfill facilities owned by another party or entity, and containing hazardous substances, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). Delphi disposed of drums and bulk wastes containing, inter alia, paint sludge, polyester resins, polystyrene, sulfuric acid sludge, paint waste, polyol resin and caustic sludge at the Barrel Fill facility and solid wastes at the Landfill facility. The closed Barrel Fill and Landfill operations are facilities within the meaning of CERCLA. There have been releases or threats of releases of hazardous substances, including but not limited to, inorganic compounds (antimony, arsenic, thallium, cyanide and lead) and volatile organic compounds (xylene, methylene chloride, ethyl benzene and acetone), from the facilities at the Tremont City Site. These hazardous substances have been released into the waterways, surface water, soils, and sediments at the Tremont City Site. Other potentially responsible parties may, along with Delphi, also be jointly and severally liable to the United States under CERCLA with respect to the Barrel Fill and Landfill facilities.

     3.     This Proof of Claim is filed in a protective manner with respect to Delphi's obligations to perform work with respect to the Tremont City Site. See Paragraph 8, infra. On October 3, 2002, EPA entered into an Administrative Order on Consent ("AOC")(Docket # V-

2

W-03-C-719) with Delphi that required Delphi, and six other respondents, inter alia, to conduct a

Remedial Investigation/Feasibility Study ("RI/FS") at the Tremont City Site. Delphi and the

remaining AOC respondents have completed the RI field work. EPA estimates that it may cost

the jointly and severally liable parties, including Delphi, approximately $1 million to complete

the required work under the AOC, some of which has already been performed. EPA has not yet

selected remedial action under CERCLA for the Barrel Fill and Landfill facilities at the Tremont

City Site and Delphi has therefore not yet been ordered to perform remedial work, but may be

ordered by a court or other authority found to have jurisdiction to do so in the future. Since

investigations at the Barrel Fill and Landfill facilities at the Tremont City Site are continuing and

remedial action has not yet been selected, the cost of Remedial Design/Remedial Action

("RD/RA") to Delphi is uncertain at this time, but the work with respect to these facilities could

cost the jointly and severally liable parties, including Delphi, as much as a total of $22.2 million

or more, in addition to the $1 million described above. EPA estimates that RD/RA work relating

to the Barrel Fill facility could cost the jointly and severally liable parties, including Delphi,

approximately $7 million. EPA estimates that RI/FS work and RD/RA work relating to the

Landfill facility could cost the jointly and severally liable parties, including Delphi,

approximately $14.5 million.

     4.     Response costs have been and will be incurred by EPA with respect to the

Tremont City Site not inconsistent with the National Contingency Plan promulgated pursuant to

Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended.

Under the AOC, Delphi is also liable to make payments for future oversight costs to EPA, which

EPA estimates to be $100,000. In addition, the United States has incurred unreimbursed

3

response costs to date of approximately $820,000 with respect to the Barrel Fill and Landfill

facilities at the Tremont City Site for previous work, including inter alia, a Preliminary

Assessment/Site Investigation ("PA/SI"). Delphi is jointly and severally liable to the United

States for the above amounts. Delphi is also jointly and severally liable for interest due under 42

U.S.C. § 9607(a). Other potentially responsible parties may along with Delphi also be jointly

and severally liable to the United States for all of the above amounts plus interest due under 42

U.S.C. § 9607(a).

     5.    <u>South Dayton Dump & Landfill Superfund Site</u>. Delphi is liable to the United

States under CERCLA with respect to the South Dayton Dump and Landfill Superfund Site

("South Dayton Site") located at 1975 Dryden Road, Moraine, Ohio. Delphi is liable to the

United States because by contract, agreement or otherwise, it arranged for disposal or treatment,

or arranged with a transporter for transport for disposal or treatment, of hazardous substances

owned or possessed by Delphi at the South Dayton Site owned by another party or entity, and

containing hazardous substances, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C.

§ 9607(a)(3). Delphi arranged for the disposed of hazardous wastes, including but not limited to

asbestos, flyash, metallic dust, oil and grease sludge and paint wastes at the South Dayton Site

from several Delphi facilities in the Dayton and Kettering, Ohio area. The South Dayton Site is a

facility within the meaning of CERCLA. The South Dayton Site was proposed for inclusion on

the National Priorities List ("NPL"), pursuant to CERCLA Section 105, 42 U.S.C. § 9605, on

September 23, 2004 (<u>see</u> 69 <u>Fed</u>. <u>Reg</u>. 56970). There have been releases or threats of releases of

hazardous substances, including but not limited to, inorganic compounds (arsenic, cadmium,

chromium, mercury and lead) and volatile and semi-volatile organic compounds (1,2-

4

dichloroethene, tetrachloroethene, toluene, polychlorinated biphenyls ("PCBs")), at the South

Dayton Site. These hazardous substances have been released into the soil and groundwater at the

South Dayton Site. Other potentially responsible parties may, along with Delphi, also be jointly

and severally liable to the United States under CERCLA with respect to the South Dayton Site.

6.    Response costs have been and will be incurred by EPA with respect to the

South Dayton Site not inconsistent with the National Contingency Plan promulgated pursuant to

Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended.

The United States has incurred unreimbursed response costs to date of approximately $404,349

with respect to the South Dayton Site. Delphi is liable to the United States for this amount.

Delphi is also liable for interest due under 42 U.S.C. § 9607(a). Other potentially responsible

parties may along with Delphi also be jointly and severally liable to the United States for all of

the above amounts plus interest due under 42 U.S.C. § 9607(a).

7.    EPA expects to incur future response costs in connection with the remedial

design and remedial action for the South Dayton Site. These costs have been estimated by EPA

at between $20 and 50 million. Along with other identified PRPs, Delphi is jointly and severally

liable to the United States for these amounts.

8.    Protective Filing For Work Obligations. The United States is not required to file a

proof of claim with respect to Delphi's injunctive obligations to comply with work requirements

arising under Orders of Courts, Administrative Orders, and other environmental regulatory

requirements imposed by law that are not claims under 11 U.S.C. § 101(5). Delphi and any

reorganized debtor(s) must comply with such mandatory injunctive and regulatory and

compliance requirements. The United States reserves the right to take future actions to enforce

5

any such obligations of Delphi. While the United States believes that its position will be upheld by the Court, the United States has filed only in protective fashion with respect to such obligations and requirements as indicated herein to protect against the possibility that Delphi will contend that it does not need to comply with any such obligations and requirements and the Court finds that it is not required to do so. Therefore, a protective contingent claim is filed in the alternative for such obligations and requirements but only in the event that the Court finds that such obligations and requirements are dischargeable claims under 11 U.S.C. § 101(5) rather than obligations and requirements that reorganized Delphi must comply with. Nothing in this Proof of Claim constitutes a waiver of any rights of the United States or an election of remedies with respect to such rights and obligations.

9. <u>RCRA Compliance and Work Obligations</u>. This Proof of Claim is filed in a protective manner with respect to Delphi's compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 - 6992k. <u>See</u> Paragraph 8, <u>supra</u>. RCRA establishes a comprehensive regulatory program for generators of hazardous waste and for owners and operators of facilities that treat, store, or dispose of hazardous waste. Delphi is the owner and operator of RCRA-regulated facilities in including, but not limited to, Vandalia, Ohio (Vandalia Facility), as well as other locations. Pursuant to its authority under RCRA, EPA has promulgated regulations applicable to such generators and such owners and operators of hazardous waste management facilities. The federal RCRA implementing regulations are set forth at 40 C.F.R. Part 260 <u>et seq</u>. Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, EPA has authorized various States to administer various aspects of the hazardous waste management program in such States. Pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), these

6

authorized State hazardous waste management program are enforceable by EPA. Under RCRA, Delphi is required, inter alia, to operate in compliance with RCRA regulatory requirements, implement closure and post-closure work and corrective action work, and perform any necessary action with respect to any imminent and substantial endangerment to health or the environment, see, e.g., 42 U.S.C. §§ 6924, 6928, 6973, as required by RCRA and/or RCRA permits or Administrative Orders. For example, in or about January 2002, EPA and Delphi entered into a RCRA Administrative Order on Consent with regard to the Vandalia, Ohio Facility, which requires, inter alia, the continuing implementation of a Corrective Measures Plan at that Facility. Delphi is liable for injunctive and compliance obligations that it is required to perform under RCRA, RCRA permits, and all work requirements under RCRA permits and administrative orders. It is the position of the United States that a proof of claim is not required to be filed for injunctive, compliance, and regulatory obligations and requirements under RCRA. See Paragraph 8, supra. Other liable parties may along with Delphi also be jointly and severally liable to the United States under RCRA.

10.    Property of the Estate. Delphi also has or may in the future have environmental liabilities for properties that are part of its bankruptcy estate and/or for the migration of hazardous substances from property of its bankruptcy estate. For example, Delphi has voluntary corrective action agreements for ongoing investigations pursuant to schedules approved by EPA for certain facilities set forth in Paragraph 9, supra. In accordance with 28 U.S.C. § 959, Delphi is required to comply with non-bankruptcy law, including all applicable environmental laws, in managing and operating its property. Upon confirmation of any Plan of Reorganization, reorganized Delphi will be liable as owner or operator of property in accordance with applicable

7

environmental law. The United States is not required to file a proof of claim relating to property of the estate other than for response costs incurred prior to the petition date. The United States reserves the right to file an application for administrative expense or take other appropriate action in the future with respect to property of the estate. This Proof of Claim is filed only protectively with respect to property of the estate.

11.    This Proof of Claim reflects certain known liabilities of Delphi to the United States. The United States reserves the right to amend this claim to assert subsequently discovered liabilities.   This Proof of Claim is without prejudice to any right under 11 U.S.C. § 553 to set off, against this claim, debts owed (if any) to the debtor by this or any other federal agency.

12.    The United States has not perfected any security interest on its claims against Delphi.

13.    This claim is filed as a general unsecured claim except to the extent of any secured/trust interest in insurance proceeds received by Delphi on account of environmental liability to the United States, disputed past cost amounts held in escrow by Delphi pending dispute resolution, and to the extent administrative expense priority exists relating to property of the estate, post-petition violations of law, or otherwise.  In addition, the United States will file any application for administrative expense priority at the appropriate time.  The United States' position with respect to injunctive, compliance, regulatory, and work obligations that are not claims under 11 U.S.C. § 101(5) is set forth in Paragraph 8, supra.

14.    Except as stated in this Proof of Claim, no judgments against Delphi have been rendered on this Proof of Claim.

8

15.    This Proof of Claim is also filed to the extent necessary to protect the United

States' rights relating to any insurance proceeds received by Delphi relating to sites discussed

herein and any funds being held in escrow by Delphi relating to the sites discussed herein.

Dated:    New York, New York
         July 31, 2006

                    Respectfully submitted,

                    FOR THE UNITED STATES OF AMERICA:

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York

                    DAVID J. KENNEDY (DK-8307)
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York  10007
                    Tel. No.:  (212) 637-2733
                    Fax No.:  (212) 637-2730

                    W. BENJAMIN FISHEROW
                    Deputy Section Chief
                    Environment and Natural Resources Division


                    ALAN S. TENENBAUM
                    National Bankruptcy Coordinator
                    Environmental Enforcement Section
                    Environment and Natural Resources  Division
                    U.S. Department of Justice
                    P.O. Box 7611, Ben Franklin Station
                    Washington, D.C. 20044-7611
                    (202) 514-5409

9

_Francis J. Biros_

FRANCIS J. BIROS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-6552


OF COUNSEL:

DIANA L. EMBIL
THOMAS C. NASH
THOMAS WILLIAMS
Associate Regional Counsels
U.S. Environmental Protection Agency-- Region 5–Mail Code C14J
77 West Jackson Boulevard
Chicago, Illinois 60604-3594

10

# Exhibit 6
# Claim No. 7314

Gerschbein Decl. Exs. Page 39

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT___ SOUTHERN ___ DISTRICT OF _NEW YORK_ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number 05-44632-RDD | Claim #07314 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | RECEIVED JUN 1 2006 |
|---|---|---|
| Name and address where notices should be sent: Internal Revenue Service INTERNAL REVENUE SERVICE 290 BROADWAY, 5TH FL NEW YORK, NY 10007 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone number: (212) 436-1038    Creditor #: | | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor:        see attachment | Check here ☐ replaces    a previously filed claim, dated: _____ if this claim ☐ amends |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
        (date)            (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☒ Real Estate  ☒ Motor Vehicle  ☒ Other  see below*
Value of Collateral: $___ see below*___
* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $___ 103,138.05___

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ 103,138.05 _____ _____ 103,138.05
                                                    (unsecured)   (secured)   (priority)      (Total)
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    (except as noted on attachment) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | RECEIVED JUN 0 5 2006 KURTZMAN CARSON |
| **8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date 05/26/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/MARIA VALERIO-Insolvency Specialist | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0544632060601000000000001

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

**Docket Number**

05-44632-RDD

**Type of Bankruptcy Case**

CHAPTER 11

**Date of Petition**

10/08/2005

**In the Matter of:**   DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC
5725 DELPHI DRIVE
TROY, MI  48098

The United States has the right of setoff or counterclaim(s) in the amount of $103,138.05. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified.  All rights of setoff are preserved and will be asserted to the extent lawful.

FICA 12/31/04 & 9/30/05    FUTA 12/31/05 (PARTIAL)

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date   Office Location |
|---|---|---|---|---|---|---|---|
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $103,138.05 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:**  $103,138.05

**Page 1 of 1**

Gerschbein Decl. Exs. Page 41

 **IRS** Department of the Treasury
Internal Revenue Service

INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY  10007

SOUTHERN NEW YORK BANKRUPTCY COURT
U.S. BANKRUPTCY COURT
ONE BOWLING GREEN
NEW YORK, NY  10004-1408

------------------------------------------------------------------------
**Please Fold Here.  Do not detach.**  Please be sure our address shows through the envelope window.

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY  10007

# Exhibit 7
# Claim No. 14154

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT___SOUTHERN___ DISTRICT OF _NEW YORK_ | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number **05-44632-RDD** | Claim #14154 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Department of the Treasury - Internal Revenue Service

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Received**
**AUG 0 9 2006**
**Kurtzman Carson**
THIS SPACE IS FOR COURT USE ONLY

Telephone number: (212) 436-1038    Creditor #:

Last four digits of account or other number by which creditor identifies debtor:    see attachment

Check here ☐ replaces ☒ amends a previously filed claim, dated: _05/26/2006_ if this claim

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:_____
  Unpaid compensation for services performed
  from _____ to _____
  (date)            (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
- ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
- ☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(5).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
- ☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☒ Real Estate  ☒ Motor Vehicle  ☒ Other _see below*_

Value of Collateral:  $ _see below*_
* All of debtor(s) right, title and interest to property - 26 U.S.C. § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ __9,281.26__

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ __9,281.26_____ __9,281.26__
(unsecured)    (secured)    (priority)    (Total)

- ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

THIS SPACE IS FOR COURT USE ONLY

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    (except as noted on attachment)

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date 07/27/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ MARIA A VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment f

05446320607310000000000010

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44632-RDD |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

**In the Matter of:** DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC
5725 DELPHI DRIVE
TROY, MI 48098

Amendment No. 1 to Proof of Claim dated 05/26/2006

The United States has the right of setoff or counterclaim(s) in the amount of $9,281.26. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

FICA 12/31/04

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $9,281.26 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:** $9,281.26

Gerschbein Decl. Exs. Page 45

# Exhibit 8
# Claim No. 15822

Gerschbein Decl. Exs. Page 46

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT____SOUTHERN____DISTRICT OF _NEW YORK____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Case Number 05-44632-RDD | Claim #15822 USBC SDNY Delphi Corporation, et al. 05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | RECEIVED AUG 1 2006 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK |
|---|---|---|
| Name and address where notices should be sent: Internal Revenue Service INTERNAL REVENUE SERVICE 290 BROADWAY, 5TH FL NEW YORK, NY 10007 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Telephone number: (212) 436-1038   Creditor #: | | |

| Last four digits of account or other number by which creditor identifies debtor:    see attachment | Check here ☐ replaces if this claim ☒ amends  a previously filed claim, dated: 05/26/2006 |
|---|---|

RECEIVED

'AUG 18 2006'

KURTZMAN CARSON

| 1. Basis for Claim | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
|---|---|
| ☐ Goods sold ☐ Services performed ☐ Money loaned ☐ Personal injury/wrongful death ☒ Taxes ☐ Other_____ | ☐ Wages, salaries, and compensation (fill out below) Last four digits of your SS #: _____ Unpaid compensation for services performed from _____ to _____ (date)              (date) |

| 2. Date debt was incurred:    see attachment | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim $ _____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate   ☒ Motor Vehicle   ☒ Other_ see below*

Value of Collateral: $ __see below*__
* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ __9,281.26__

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: $ | _____ | 9,281.26 | _____ | 9,281.26 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.   (except as noted on attachment)

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED AUG -9 2006 CLAIMS PROCESSING CENTER USBC, SDNY

| Date 07/27/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ MARIA VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up ☐

§§ 152 and 3571

0544632060809000000000001

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44632-RDD |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

In the Matter of:  DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC
5725 DELPHI DRIVE
TROY, MI  48098

Amendment No. 1 to Proof of Claim dated 05/26/2006

The United States has the right of setoff or counterclaim(s) in the amount of $9,281.26. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

FICA 12/31/04

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | Right to setoff |
| 38-3568834 | WT-FICA | 06/30/2005 | 10/03/2005 | $0.00 | $9,281.26 | $0.00 | |

**Total Amount of Secured Claims:** $9,281.26

**Page 1 of 1**

Gerschbein Decl. Exs. Page 48

# Exhibit 9
# Claim No. 7498

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT ___ SOUTHERN ___ DISTRICT OF __ NEW YORK ___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>DELPHI CORPORATION | Case Number<br>05-44481-RDD | Claim #07498<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>INTERNAL REVENUE SERVICE<br>290 BROADWAY, 5TH FL<br>NEW YORK, NY 10007<br>Telephone number: (212) 436-1038   Creditor #: | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

**RECEIVED**

**JUN 0 7 2006**

**KURTZMAN CARSON**

THIS SPACE IS FOR COURT USE ONLY

| Last four digits of account or other number by which creditor identifies debtor:    see attachment | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ |
|---|---|

| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☒ Taxes<br>☐ Other_____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of your SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>         (date)              (date) |
|---|---|

| **2. Date debt was incurred:**    see attachment | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

| | |
|---|---|
| **Unsecured Nonpriority Claim $**      10,427.75<br>☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.<br><br>**Unsecured Priority Claim.**<br>☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.<br><br>Amount entitled to priority $   10,000.00<br><br>Specify the priority of the claim:<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). | **Secured Claim.**<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☒ Real Estate  ☐ Motor Vehicle  ☒ Other__see below*<br><br>Value of Collateral:  $___see below*<br>* All of debtor(s) right, title and interest in property - 26 U.S.C. § 6321.<br>Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____11,411.00_____<br><br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br><br>☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| **5. Total Amount of Claim at Time Case Filed: $** | 10,427.75<br>(unsecured) | 11,411.00<br>(secured) | 10,000.00<br>(priority) | 31,838.75<br>(Total) |
|---|---|---|---|---|

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    **(except as noted on attachment)**

**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**

**JUN 5 2006**

| Date<br>06/01/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/s/ MARIA V VALERIO, Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imr...*



0544481060650000000000052

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44481-RDD |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

**In the Matter of:**   DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI  48098

The United States has the right of setoff or counterclaim(s) in the amount of $11,411.00. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

*FICA 9/30/05  & Excise 6/30/05*

### Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $11,411.00 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:**  $11,411.00

### Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |
| 38-3430473 | FOREIGN | 12/31/2005 | 1 UNASSESSED-NO RETURN | $10,000.00 | $0.00 |
|  |  |  |  | $10,000.00 | $0.00 |

**Total Amount of Unsecured Priority Claims:**  $10,000.00

### Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon)  . . . . . . . . $10,427.75

**Total Amount of Unsecured General Claims:**  $10,427.75

1  UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS RE
QUIRED BY LAW THE CLAIM WILL BE AMENDED.

**Page 1 of 1**

# Exhibit 10
# Claim No. 12127

Gerschbein Decl. Exs. Page 52

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT   SOUTHERN   DISTRICT OF  NEW YORK | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor   DELPHI CORPORATION | Case Number   05-44481-RDD |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Received**

**AUG 05 2006**

**Kurtzman Carson**

Claim #12127
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Department of the Treasury - Internal Revenue Service

Name and address where notices should be sent:

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

Telephone number: (212) 436-1038   Creditor #:

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:   see attachment

Check here ☐ replaces ☒ amends   a previously filed claim, dated: 06/01/2006
if this claim

**1. Basis for Claim**

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
        (date)              (date)

**2. Date debt was incurred:**   see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

Unsecured Nonpriority Claim $_____11,688.75

- ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority  $_____0.00

Specify the priority of the claim:

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☒ Motor Vehicle  ☒ Other  see below*

Value of Collateral:  $  see below*
*All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $  10,150.00

- ☐ Up to $2,225*of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $  11,688.75   10,150.00   _____   21,838.75
                                                      (unsecured)   (secured)   (priority)   (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

THIS SPACE IS FOR COURT USE ONLY

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.   (except as noted on attachment)

**7. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

RECEIVED
JUL 28 2006
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

| Date   07/21/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):   /s/ MARIA VALERIO Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for u

0544481060728000000000229

Gerschbein Decl. Exs. Page 53

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44481-RDD |
| **Type of Bankruptcy Case** |
| Chapter 11 |
| **Date of Petition** |
| 10/08/2005 |

**In the Matter of:**    DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI  48098

Amendment No. 1 to Proof of Claim dated 06/01/2006

The United States has the right of setoff or counterclaim(s) in the amount of $10,150.00. The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified. All rights of setoff are preserved and will be asserted to the extent lawful.

Excise Tax  9/30/05

## Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $10,150.00 | $0.00 | Right to setoff |
| | | | | | **Total Amount of Secured Claims:** | | $10,150.00 |

## Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |
| | | | **Total Amount of Unsecured Priority Claims:** | | $0.00 |

## Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $11,688.75

**Total Amount of Unsecured General Claims:**    $11,688.75

**Page 1 of 1**

Gerschbein Decl. Exs. Page 54



**INTERNAL REVENUE SERVICE**
290 BROADWAY, 5TH FL
NEW YORK, NY 10007


ROBERT D. DRAIN
U.S. BANKRUPTCY COURT
ONE BOWLING GREEN
NEW YORK, NY 10004-1408

---------------------------------------------------------------------------------------------

**Please Fold Here. Do not detach.** Please be sure our address shows through the envelope window.

Internal Revenue Service
INTERNAL REVENUE SERVICE
290 BROADWAY, 5TH FL
NEW YORK, NY 10007

# Exhibit 11
# Claim No. 14259

Gerschbein Decl. Exs. Page 56

**FORM B10** (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT ___SOUTHERN___ DISTRICT OF _NEW YORK_ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**DELPHI CORPORATION** | Case Number<br>**05-44481-RDD** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #14259
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

**Received**

**AUG 0 9 2006**

**Kurtzman Carson**
THIS SPACE IS FOR COURT USE ONLY

| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>INTERNAL REVENUE SERVICE<br>290 BROADWAY, 5TH FL<br>NEW YORK, NY 10007<br><br>Telephone number: **(212) 436-1038**   Creditor #: | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|

| Last four digits of account or other number by which creditor identifies debtor:        **see attachment** | Check here ☐ replaces<br>if this claim ☒ amends   a previously filed claim, dated: _06/01/2006_ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                    (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $_____11,688.75_____**

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____0.00_____

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate   ☒ Motor Vehicle   ☒ Other_ see below*

Value of Collateral: $_ see below*_

* All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_10,150.00_

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed: $**  _11,688.75_ (unsecured)  _10,150.00_ (secured)  _____ (priority)  _21,838.75_ (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.   (except as noted on attachment)

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
**JUL 1 2006**
CLAIMS PROCESSING CENTER
USBC ...

| Date<br>07/21/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>/s/ MARIAU VALERIO/ Insolvency Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for


054448106073100000000314

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 05-44481-RDD |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 10/08/2005 |

In the Matter of:    DELPHI CORPORATION
5725 DELPHI DRIVE
TROY, MI 48098

Amendment No. 1 to Proof of Claim dated 06/01/2006

The United States has the right of setoff or counterclaim(s) in the amount of $10,150.00.  The identification of the right of setoff in this amount is based on available data and is not intended to waive or limit the right to setoff against this claim debts owed to this debtor by this or any other federal agency that have not been identified.  All rights of setoff are preserved and will be asserted to the extent lawful.

Excise Tax  9/30/05

## Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date    Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $10,150.00 | $0.00 | Right to setoff |

**Total Amount of Secured Claims:**   $10,150.00

## Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 38-3430473 | WT-FICA | 06/30/2005 | 09/05/2005 | $0.00 | $0.00 |

**Total Amount of Unsecured Priority Claims:**   $0.00

## Unsecured General Claims

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $11,688.75

**Total Amount of Unsecured General Claims:**   $11,688.75

# Exhibit 12
# Claim No. 2445

Gerschbein Decl. Exs. Page 59

*original*

FORM B10 (Official Form 10) (Rev. 4/01)

| United States Bankruptcy Court  Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor  DELPHI CORPORATION | Case Number 05-44481 | Claim #02445<br>USBC SDNY<br>Delphi Corporation, et al.<br>05-44481 (RDD) |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
U.S. SECURITIES AND EXCHANGE COMMISSION

❏ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
3 WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281
ATTN: BANKRUPTCY GROUP

❏ Check box if you have never received any notices from the bankruptcy court in this case.

❏ Check box if the address differs from the address on the envelope sent to you by the court.

**RECEIVED**

APR 03 2006

**KURTZMAN CARSON**

This space is for Court Use Only

Telephone number: (212) 336-0095

Account or other number by which creditor identifies debtor:

Check here ❏ replaces    a previously filed claim, dated: _____
if this claim ❏ amends

**1. Basis for Claim**
❏ Goods sold
❏ Services performed
❏ Money loaned
❏ Personal injury/wrongful death
❏ Taxes
☒ Other: Disgorgement and civil penalties arising from possible violations of federal securities laws (see attachment A)

❏ Retiree benefits as defined in 11 U.S.C. § 1114(a)
❏ Wages, salaries, and compensation (Fill out below)

Your SS#: _____ - _____ - _____

Unpaid compensation for services performed

from _____ to _____
(date)        (date)

| **2. Date debt was incurred: Various.** | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**  $ Undetermined
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
❏ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
❏ Real Estate    ❏ Motor Vehicle
❏ Other___ _____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**
❏ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
❏ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
❏ Contributions to an employee benefit plan - 11 U.S.C § 507(a)(4).
❏ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
❏ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
❏ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
❏ Other  Specify applicable paragraph of 11 U.S.C. § 507(a-___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

S.D. OF N.Y.

2006 MAR 16  A 3:36

| Date 3-16-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Neal Jacobson, Senior Trial Counsel, U.S. Securities & Exchange Commission |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571*

0544481060031600000000000052

Attachment "A"

This claim is an undetermined claim for penalties, disgorgement, and prejudgment interest arising from possible violations of the federal securities laws. The Securities and Exchange Commission ("SEC") has been investigating pre-bankruptcy activities and transactions involving Delphi Corporation, and may file a civil action against the debtor in the appropriate court, where its claim would be determined in a final amount.

The SEC reserves the right to amend and supplement this claim as appropriate under the circumstances.