SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

       In re                            :        Chapter 11

DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)

                       Debtors.   :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBERS 12829, 12830, 12832, AND 12840
(BARNES GROUP INC., ASSOCIATED SPRING DO BRASIL LTDA., BARNES
GROUP CANADA CORP., AND LONGACRE MASTER FUND, LTD.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Medical Systems Colorado Corporation ("Delphi Medical" and, together with DAS LLC, the "Settling Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Barnes Group, Inc. ("BGI"), Associated Spring do Brasil Ltda. ("Associated Spring"), Barnes Group Canada Corp. ("Barnes Canada" and, together with BGI and Associated Spring, "Barnes"), and Longacre Master Fund, Ltd. ("Longacre" and, together with Barnes, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Numbers 12829, 12830, 12832, And 12840 (Barnes Group, Inc., Associated Spring do Brasil Ltda., Barnes Group Canada Corp., And Longacre Master Fund, Ltd.) and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 13, 2005, Barnes submitted a demand to the Debtors asserting a reclamation claim in the amount of $219,108.66 (the "Reclamation Demand").

WHEREAS, on July 28, 2006, (i) Barnes Canada filed proof of claim number 12829 against DAS LLC, asserting an unsecured non-priority claim in the amount of $90,716.91 ("Claim 12829"), (ii) Associated Spring filed proof of claim number 12830 against DAS LLC, asserting an unsecured non-priority claim in the amount of $12,847.12 ("Claim 12830"), (iii) BGI filed proof of claim number 12832 against Delphi Medical, asserting an unsecured non-priority claim in the amount of $38,054.54 ("Claim 12832"), and (iv) BGI filed proof of claim number 12840 against DAS LLC, asserting an unsecured non-priority claim in the amount of

2

$662,721.49 ("Claim 12840" and, together with Claim 12829, Claim 12830, and Claim 12832, the "Claims"), all of which arise from the delivery of goods prior to the Petition Date.

WHEREAS on November 14, 2006, the Debtors and Barnes entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Barnes acknowledge and agree that the valid amount of the Reclamation Demand is $37,650.77 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Barnes' agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on December 28, 2006, (i) Barnes Canada assigned its interest in Claim 12829 to Longacre pursuant to a Notice of Transfer (Docket No. 6323), (ii) Associated Spring assigned its interest in Claim 12830 to Longacre pursuant to a Notice of Transfer (Docket No. 6320), (iii) BGI assigned its interest in Claim 12832 to Longacre pursuant to a Notice of Transfer (Docket No. 6322), and (iv) BGI assigned its interest in Claim 12840 to Longacre pursuant to a Notice of Transfer (Docket No. 6321).

WHEREAS, on April 27, 2007, the Debtors objected to Claim 12830 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on June 13, 2007, Associated Spring and Longacre filed the Joint Response Of Associated Spring do Brasil Ltda., As Claimant, And Longacre Master Fund, Ltd., As Assignee, To Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 8237) (the "Thirteenth Omnibus Objection Response").

WHEREAS, on June 15, 2007, the Debtors objected to Claim 12829 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 9, 2007, Barnes Canada and Longacre filed the Joint Response Of Barnes Group Canada Corp., As Claimant, And Longacre Master Fund, Ltd., As Assignee, To Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting

4

Reclamation (Docket No. 8493) (the "Seventeenth Omnibus Objection Response").

WHEREAS, on December 21, 2007, the Debtors objected to Claim 12840 pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection" and, together with the Thirteenth Omnibus Claims Objection and Seventeenth Omnibus Claims Objection, the "Omnibus Claims Objections").

WHEREAS, on January 17, 2008, BGI filed the Response Of Barnes Group Inc., As Claimant, To Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 12226) (the "Twenty-Fourth Omnibus Objection Response" and, together with the Thirteenth Omnibus Objection Response and the Seventeenth Omnibus Objection Response, the "Omnibus Objection Responses").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Barnes with respect to the

Reclamation Claim, whereby the Debtors presented Barnes with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which the Barnes is seeking a Reclamation Claim are or were subject to a valid security interest ( the "Prior Lien Defense").

WHEREAS, Barnes returned the Reclamation Election Notice and chose to maintain its right to assert an administrative priority status for the amount of the Reclamation Claim to the extent that such claim is allowed.

WHEREAS, on May 6, 2008, to resolve the Omnibus Claims Objections with respect to the Claims, Delphi and the Claimants entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, the Settling Debtors acknowledge and agree that (i) Claim 12829 shall be allowed against DAS LLC in the amount of $88,440.43, (ii) Claim 12830 shall be allowed against DAS LLC in the amount of $12,847.12, (iii) Claim 12832 shall be allowed against Delphi Medical in the amount of $38,054.54, and (iv) Claim 12840 shall be allowed against DAS LLC in the amount of $604,168.51.

WHEREAS, the Settling Debtors are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R.

Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Claimants stipulate and agree as follows:

1. Claim 12829 shall be allowed in the amount of $88,440.43 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 12830 shall be allowed in the amount of $12,847.12 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim 12832 shall be allowed in the amount of $38,054.54 and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi Medical.

4. Claim 12840 shall be allowed in the amount of $604,168.51 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

5. Without further order of the Court, Delphi is authorized to offset or reduce the Claims for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which one or more of Barnes is a party.

6. Longacre reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $37,650.77 of the Claim 12840 on the grounds that Longacre has a valid reclamation claim in the amount of $37,650.77, and the Debtors reserve the right to seek, at any time and notwithstanding Barnes' agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses, including the Prior Lien Defense, are valid.

7.  The Claimants shall withdraw the Omnibus Objection Responses with prejudice.

So Ordered in New York, New York, this 12th day of June, 2008

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Ilan Markus |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | Ilan Markus<br>TYLER, COOPER, & ALCORN, LLP<br>555 Long Wharf Drive, 8th Floor<br>P.O. Box 1936<br>New Haven, CT 06509-0906<br>(203) 784-8200<br><br>Attorneys for Barnes Group, Inc., Associated Spring do Brasil Ltda., and Barnes Group Canada Corp. |
| - and – | /s/ Vladimir Jelisavcic |
|   Kayalyn A. Marafioti<br>  Thomas J. Matz<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | Vladimir Jelisavcic<br>LONGACRE MASTER FUND, LTD.<br>810 Seventh Avenue, 22nd Floor<br>New York, NY 10019<br>(212) 259-4300<br><br>Attorney for Longacre Master fund, Ltd. |

8