UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :

In re                                   :     Chapter 11
                                         :

DELPHI CORPORATION, <u>et al.</u>,       :     Case No. 05-44481 (RDD)
                                         :

                     Debtors.     :     (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
<u>NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS</u>

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,


0544481061207000000000000015

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proper, timely, adequate, and sufficient notice of the Motion has been
provided, such notice was good, sufficient and appropriate under the particular circumstances,
and no other or further notice of the Motion is or shall be required.

B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157
and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases
and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The relief requested in the Motion and granted herein is in the best
interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:

1.    This Court shall conduct special periodic hearings on contested claims
matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States
Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified
by the Court. The following dates and times have been scheduled as Claims Hearing Dates in
these chapter 11 cases:

December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Motion.

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.       Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,
And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth
Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy
Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest
must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or
any other Windows-based word processing format), (d) be submitted in hard copy form directly
to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United
States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,
New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,
Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,
Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:
John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no
later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus
Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

      3.      Every Response must contain at a minimum the following:

      (a)      the title of the claims objection to which the Response is directed;

      (b)      the name of the claimant (each holder of a proof of claim, a
"Claimant") and a brief description of the basis for the amount of the claim;

      (c)      a concise statement setting forth the reasons why the claim should
not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific
factual and legal bases upon which the Claimant will rely in opposing the claims objection;

      (d)      unless already set forth in the proof of claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; provided,
however, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the Claimant shall disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, <u>provided</u> that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; <u>provided</u>, <u>however</u>, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.    Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.    The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)    Adjournment Of Claims Hearing.

(i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)    <u>Sufficiency Hearing Procedures</u>.

(i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)    <u>Mandatory Meet And Confer</u>.

(i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

        (e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

        (i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

        (ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided</u> further, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

        (iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

        (iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

(f)    <u>Debtors' Supplemental Reply</u>.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); <u>provided</u>, <u>however</u>, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; <u>provided further</u>, <u>however</u>, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; <u>provided</u>, <u>however</u>, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    <u>Mandatory Non-Binding Summary Mediation</u>.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on <u>Exhibit D</u> hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; <u>provided</u>, <u>however</u>, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)    Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)   The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)   The Debtors and the Claimant shall each bear its own costs in participating in the Mediation. The Debtors are hereby authorized to pay the Mediator's fees.

(h)   <u>Claims Objection Hearing Discovery</u>. If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)   No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)   That the Claimant produce documents relevant to the Contested Claim. Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)   That the Claimant respond to no more than 15 interrogatories, including discrete subparts. Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)   That the Claimant respond to no more than ten requests for admission. Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)   No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)   That the Debtors produce documents relevant to the Contested Claim. Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)   That the Debtors respond to no more than 15 interrogatories, including discrete subparts. Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)   That the Debtors respond to no more than ten requests for admission. Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)   No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response. Each deposition shall not exceed three hours.

12

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

10.     The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11.     With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12.     The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.     Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
        December 6, 2006


            /s/Robert D. Drain_____
            UNITED STATES BANKRUPTCY JUDGE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
         In re                              :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                           Debtors.         :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

        PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to

the Order by requesting a copy from the claims and noticing agent in the above-captioned

chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the

Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
           _____ _, 200_

                              BY ORDER OF THE COURT

                              John Wm. Butler, Jr. (JB 4711)
                              John K. Lyons (JL 4951)
                              Ron E. Meisler (RM 3026)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                - and -

                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

     In re                          :     Chapter 11
                                            :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                                          :

                  Debtors.    :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

         PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated:  New York, New York
            _____ _, 200_

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

By:_____
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By:_____
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
        In re                            :    Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :    Case No. 05-44481 (RDD)
                                         :
                        Debtors.         :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

                PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
            _____ _, 200_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                            FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:_____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

3

<u>EXHIBIT D</u>

<u>LIST OF MEDIATORS</u>

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                             :
        In re                                :     Chapter 11
                                             :
DELPHI CORPORATION, et al.,                  :     Case No. 05-44481 (RDD)
                                             :
                       Debtors.              :     (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

                    PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
        _____ _, 200_

                            SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM LLP

                            By:_____
                               John Wm. Butler, Jr. (JB 4711)
                               John K. Lyons (JL 4951)
                               Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                            By:_____
                               Kayalyn A. Marafioti (KM 9632)
                               Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                               Debtors and Debtors-in-Possession