SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
 http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 16815
<u>(SECRETARY OF UNITED STATES DEPARTMENT OF LABOR)</u>

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the Secretary of the United States Department of Labor (the "Secretary") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 16815 (Secretary Of The United States Department Of Labor) and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, the Secretary, on behalf of the Delphi Personal Savings Plan for Hourly Rate Employees in the United States (the "Plan"), filed proof of claim number 15135 against Delphi, which asserts an unsecured non-priority claim in an unliquidated amount arising from alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the investment of certain stock dividends held in the Plan's General Motors $1-2/3 Par Value Common Stock Fund from 2000 to 2003 and certain remedial actions taken in connection therewith in 2004 and 2005 (the "Original Claim").

WHEREAS, on July 13, 2007, the Debtors objected to the Original Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 2, 2007, the Secretary, on behalf of the Plan, filed proof

2

of claim number 16638, which amended the Original Claim and asserted an unsecured non-priority claim in the amount of approximately $3,233,000 (the "Amended Claim").

WHEREAS, on August 9, 2007, the Secretary filed the Secretary Of Labor's Response To The Debtors' Nineteenth Omnibus Claims Objection To Her Proof Of Claim Filed On Behalf Of The Delphi Personal Savings Plan For Hourly Employees In The United States (Docket No. 8975) (the "Response").

WHEREAS, on September 21, 2007, the Debtors objected to the Amended Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535).

WHEREAS, on October 22, 2007, the Secretary filed The Secretary's Supplemental Response To The Debtors' Objection To Proof Of Claim Number 15135 And Statement Of Disputed Facts (Docket No. 10695) (the "Supplemental Response").

WHEREAS, on October 25, 2007, the Delphi Bankruptcy Court issued the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation Identified In Twenty-First Omnibus Claims Objection (Docket No. 10728) disallowing and expunging the Amended Claim in its entirety and providing that the Original Claim shall remain on the Debtors' claims register.

WHEREAS, on March 31, 2008, the Secretary, on behalf of the Plan, filed proof of claim number 16815, which replaced the Original Claim and asserted an unsecured non-priority claim in the amount of $3,232,133 arising from alleged violations of ERISA in connection with the investment of certain stock dividends held in the Plan's General Motors $1-2/3 Par Value Common Stock Fund from 2000 to 2003 and certain remedial actions taken in connection therewith in 2004 and 2005 (the "Claim").

WHEREAS, on May 12, 2008, Delphi presented to the Secretary a petition under section 502(l)(3)(B) of ERISA, 29 U.S.C. § 1132(l)(3)(B), and 29 C.F.R. § 2570.85, seeking a waiver of any civil penalty arising from the Secretary's recovery from Delphi of any applicable recovery amount on account of the Claim (the "Petition").

WHEREAS, on May 19, 2008, the Secretary granted the Petition.

WHEREAS, on June 12, 2008, to resolve the Nineteenth Omnibus Claims Objection with respect to the Original Claim, as replaced by the Claim, Delphi and the Secretary entered into a settlement agreement (the "Settlement Agreement"), a copy of which is attached to this Order as Exhibit A.

WHEREAS, pursuant to the Settlement Agreement, Delphi, without admitting or denying the allegations made by the Secretary concerning the Claim, acknowledges and agrees that the Claim shall be allowed as a general unsecured claim against Delphi in the amount of $1,623,392.00.

WHEREAS, pursuant to the Settlement Agreement, the Secretary assigned to Delphi in its capacity as a Plan fiduciary any unexpired Rights (as defined in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as confirmed by the Delphi Bankruptcy Court in its order dated January

4

25, 2008) received by the Secretary or the United States Department of Labor on account of the Claim prior to the execution of the Settlement Agreement by the Secretary and Delphi.

WHEREAS, pursuant to the Settlement Agreement, the Secretary and Delphi agreed that any other consideration distributed by the Debtors on account of the Claim (together with the Rights, the "Consideration") shall be distributed directly to Delphi in its capacity as a Plan fiduciary.

WHEREAS, pursuant to the Settlement Agreement, the Secretary and Delphi agreed that Delphi shall distribute any Consideration it receives at no cost to the Plan in accordance with the Allocation Plan (as defined in the Settlement Agreement).

WHEREAS, pursuant to the Settlement Agreement, Delphi agrees to cause certain third parties (the "Third Parties") to deliver to Delphi in its capacity as a Plan fiduciary a cash payment (the "Third-Party Payment"), and to distribute the Third-Party Payment at no cost to the Plan in accordance with the Allocation Plan (as defined in the Settlement Agreement).

WHEREAS, in connection with the settlement contemplated by the Settlement Agreement, Delphi and the Third Parties agreed that the Plan will release and waive any right to assert against the Third Parties any claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or any matters giving rise to the Claim (the "Plan Releases").

WHEREAS, pursuant to the Settlement Agreement, Delphi and the Secretary acknowledged and agreed that, to the extent the distribution of Consideration in the form of securities to the Plan or the Plan Releases could be construed as prohibited transactions under ERISA, such transactions qualify as exempt transactions under Prohibited Transaction

5

Exemption 79-15, provided that this Court authorizes such transactions in this Order.

WHEREAS, Delphi is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Secretary stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $1,623,392.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi and shall not be subject to reconsideration pursuant to section 502(j) of the Bankruptcy Code.

2. Within five business days after the Secretary receives written notice from Delphi that Delphi, in its capacity as a Plan fiduciary, has received the Third-Party Payment, the Secretary shall withdraw with prejudice the Response and the Supplemental Response to the Nineteenth Omnibus Claims Objection.

3. Delphi shall distribute the Consideration to the Plan in accordance with the Settlement Agreement.

4. The Plan shall implement the Plan Releases.

So Ordered in New York, New York, this 26th day of June, 2008

                         /s/Robert D. Drain
                         UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Peter D. Broitman |
| John Wm. Butler, Jr. | Peter D. Broitman |
| John K. Lyons | Chicago ERISA Counsel |
| Ron E. Meisler | United States Department of Labor |
| SKADDEN, ARPS, SLATE, MEAGHER | Office of the Solicitor |
|   & FLOM LLP | 230 South Dearborn Street, Room 844 |
| 333 West Wacker Drive, Suite 2100 | Chicago, Illinois 60604 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |
| | |
| - and - | - and - |
| | |
| Kayalyn A. Marafioti | Janice L. Thompson |
| Thomas J. Matz | United States Department of Labor |
| Four Times Square | Office of the Solicitor |
| New York, New York 10036 | 1240 East Ninth Street, Room 881 |
| (212) 735-3000 | Cleveland, Ohio 44199 |
| | |
| Attorneys for Delphi Corporation, et al., | Attorneys for Elaine L. Chao, Secretary of Labor, |
|   Debtors and Debtors-in-Possession |   United States Department of Labor |