**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

**SIXTH SUPPLEMENTAL DECLARATION OF MICHAEL D. WARNER**
**IN SUPPORT OF THE RETENTION OF WARNER STEVENS, L.L.P., AS**
**CONFLICTS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, MICHAEL D. WARNER, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a partner of the law firm of Warner Stevens, L.L.P. ("WarnerStevens"), which

maintains one office located at 301 Commerce Street, Suite 1700, Fort Worth, Texas, 76102.  I am

familiar with the matters set forth herein and submit this Sixth Supplemental Declaration in support

of the retention of WarnerStevens as conflicts counsel to the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter  11 Cases") of the

above-captioned debtors and debtors in possession (collectively the "Debtors").

**Background**

2.      On November 23, 2005, WarnerStevens filed the Application Under 11 U.S.C. §§

327(a), 328 and 1103 and Fed.R.Bankr.P. 2014(a) Authorizing Employment and Retention of

WarnerStevens, L.L.P., as Conflicts Counsel for the Official Committee of Unsecured Creditors,

nunc pro tunc to November 10, 2005 (the "Retention Application").

3.      On January 6, 2006, this Court entered a Final Order approving the retention of

WarnerStevens.

4.      On January 27, 2006, the First Supplemental Declaration of Michael D. Warner in Support of the Retention of WarnerStevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "First Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Sierra Liquidity Fund, LLC in other bankruptcy cases.

5.      On February 6, 2006, the Second Supplemental Declaration of Michael D. Warner in Support of the Retention of WarnerStevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Second Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Madison Niche Opportunities, LLC in other bankruptcy cases.

6.      On March 3, 2006, the Third Supplemental Declaration of Michael D. Warner in Support of the Retention of WarnerStevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Third Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of Longacre Master Fund, Ltd. in other bankruptcy cases.

7.      On July 10, 2006, the Fourth Supplemental Declaration of Michael D. Warner in Support of the Retention of WarnerStevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Fourth Supplemental Declaration"), was filed with the Court disclosing Warner Stevens' representation of A.T. Kearney, Inc. in other bankruptcy cases.

8.      On July 20, 2006, the Fifth Supplemental Declaration of Michael D. Warner in Support of the Retention of WarnerStevens, L.L.P., as Conflicts Counsel to Official Committee of Unsecured Creditors (the "Fifth Supplemental Declaration"), was filed with the Court disclosing WarnerStevens' representation of Amroc Investments, L.L.C., Argo Partners, and Contrarian Funds, L.L.C. in other bankruptcy cases.

9.      I am filing this Sixth Supplemental Declaration to disclose WarnerStevens' general policy regarding the employment of new professionals.

### Supplemental Disclosure Regarding WarnerStevens' Hiring Policy

10.     Since WarnerStevens' formation in 1998, the firm's practices and procedures have traditionally included the employment of new and additional attorneys and para-professionals (collectively, "Professionals") as the firm's needs require, via the use of one or more employment agencies ("Agencies").  Because of its relatively small size WarnerStevens does not maintain a full time human resource department or person, but rather relies upon Agencies to undertake the initial search and interview process for new Professionals.  As is the common practice in the employment agency business, a fee is paid by WarnerStevens to the Agencies, typically based upon the first year annual salary of the Professional retained by WarnerStevens, usually ranging between 20 and 30 percent of such annual compensation (the "Agency Fee").  WarnerStevens generally initially retains new Professionals on a trial basis for a period of 90 to 120 days (the "Trial Period").  In this way, WarnerStevens does not pay the Agency Fee until the Trial Period has expired and both WarnerStevens and the Professional have determined that a long term relationship is in the best interests of both.

11.     During the Trial Period:

    a.      WarnerStevens compensates the Professional by way of a payment to the Agency, which is calculated on an hourly basis, based upon a fee agreed to by WarnerStevens, the Agency and the Professional.  The fee paid by WarnerStevens to the Agency includes a mark-up for the Agency, and is calculated based upon the number of hours, on a weekly basis, the Professional is physically at WarnerStevens, not on the actual hours billed by the Professional to a WarnerStevens client, thus WarnerStevens covers the non-billable time of the Professional;

    b.      The Professional is required to work for WarnerStevens only, and is not permitted to work on matters for non-WarnerStevens clients or for other law firms;

    c.      The Professional works full time on WarnerStevens' matters;

---

d.      The Professional's legal time and effort is devoted exclusively to WarnerStevens;

e.      The Professional is supervised in all his/her efforts by a partner of WarnerStevens;

f.      WarnerStevens includes the Professional on the firm's malpractice insurance;

g.      The Professional works in WarnerStevens' office and utilizes staffing, including secretarial services, supplies and equipment provided by WarnerStevens;

h.      The Professional travels on behalf of clients, as all professionals of the Firm do, and as is the policy of WarnerStevens, travel time that is not spent working on a client matter is not billed to a client, and thus the Firm covers the cost of such "down travel time" and pays the Professional via the Agency for such time, notwithstanding the fact that the Firm does not bill a client for such time;

i.      WarnerStevens pays the Professionals' monthly parking costs in the Firm's office building parking lot, as the Firm does for all employees of the firm;

j.      As specialized computer programs are purchased by WarnerStevens, the Firm includes the Professional in training programs and presentations which time is compensated but not billed to a client;

k.      The Professional is included in all WarnerStevens firm functions, including social and business meals and event; and

l.      The Professional's past relationships are considered for purposes of "conflicts checks" on matters wherein WarnerStevens is currently retained, and to the extent that an issue arises, the same is appropriately disclosed and addressed with the client or clients involved.

12.     Other than the compensation structure provided during the Trial Period, the

Professional, is entitled to certain benefits from the Agency, depending upon the particular Agency

and arrangements between the Agency and the Professional.  Such benefits have included, the right

to unemployment insurance were the Professional "laid off" from employment, and the right to

purchase medical insurance, through a plan arranged by the Agency.  Upon completion of the Trial

Period and assuming the Professional and WarnerStevens agree upon a long term relationship, the

Professional is immediately eligible to participate in WarnerStevens' benefit programs, including

medical insurance.

13.    For all intents and purposes during the Trial Period, other than the method of

compensating the Professional, the Professional is treated and supervised as an employee of

WarnerStevens.  During the Trial Period, the Professional is supervised completely and fully by

WarnerStevens, and WarnerStevens provides the Professional all of the necessary tools and

instructions to perform services for clients of WarnerStevens.

14.    In most instances, upon conclusion of the Trial Period, and assuming the Professional

and WarnerStevens agree to a long term employment arrangement, WarnerStevens pays the Agency

Fee, and all further hourly compensation paid to the Agency ceases.  In all remaining instances, the

Professional is either terminated or WarnerStevens' relationship with the Professional remains as

described above.

15.    Based upon the foregoing, the normal and customary practice of WarnerStevens is to

bill the Professional, utilized during the Trial Period, no differently than any other professional

employed by WarnerStevens.  The hourly billing rate charged to all clients for any professional

employed by this Firm, including a Professional utilized during the Trial Period, is based upon

numerous factors, including, but not limited to, years of practice, experience in the particular matter

or field of law and client requirements.  WarnerStevens respectfully represents that its attorneys,

para-professionals, and Professionals, have the requisite skill to render to the Committee the

professional services as set forth in the Retention Application and the Order approving the Retention

Application.  In addition, WarnerStevens respectfully represents that the hourly rates charged by any

professional employed by this Firm, including a Professional utilized during the Trial Period, are in line with the prevailing market rate in this legal community for similar services by attorneys, para-professionals, and professionals of comparable skill, experience, and reputation in cases of like nature before this Court.

16.     In this particular representation as conflicts counsel to the Committee, prior to June 2008, WarnerStevens has not used Professionals that have been provided by Agencies and subject to the Trial Period described above.  However, as the legal field in which WarnerStevens primarily practices continues to become more active, requiring WarnerStevens to employ additional Professionals, WarnerStevens anticipates that it will utilize Professionals introduced to the firm via Agencies and will implement the normal and customary procedures it has in the past with regard to the Trial Period.

17.     In conclusion, insofar as I have been able to ascertain and subject to the disclosures contained herein and in my previous declarations, neither WarnerStevens, nor any member or associate thereof, represents any interest adverse to the Debtors herein, or their estates, in the matters upon which WarnerStevens has been engaged.  Accordingly, I continue to believe that Warner Stevens is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Dated:  June 30, 2008

/s/ Michael D. Warner
MICHAEL D. WARNER (MW-3381)
Warner Stevens, L.L.P.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: 817.810.5250
Facsimile:  817.810.5255
Email: mwarner@warnerstevens.com