# Exhibit A

Hearing Date:   January 10, 2008
Hearing Time:   10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
          In re                         :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :     Case No. 05-44481 (RDD)
                                        :
                         Debtors.       :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 6354, 6383, 9272, AND 16633
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)

("SUPPLEMENTAL REPLY –
STATE OF MICHIGAN, DEPARTMENT OF TREASURY")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383,

9272, And 16633[1] (State Of Michigan, Department Of Treasury) (this "Supplemental Reply")

and respectfully represent as follows:

Preliminary Statement

1.     For their tax years 2002 through 2004, the Debtors took the seemingly

unusual step of deferring significant deductions for research and experimental expenditures

("R&E Expenses") when computing federal taxable income for federal income tax reporting,

which all things being equal would have increased the amount of their federal income tax

liability.  By deferring the deduction of R&E Expenses, the Debtors were able to decrease the

amount of their federal taxable loss and thereby reduce their federal net operating loss carry-

forwards for tax years 2002 through 2004.  By reducing their net operating loss carry-forwards,

the Debtors were able to (i) use certain foreign tax credits to offset the Debtors' federal tax

liability in future years and (ii) preserve additional R&E Expense deductions for future tax years.

Because the foreign tax credits would have expired within ten years, much more quickly than

any net operating losses carry-forwards arising from R&E Expense deductions, and because

---

[1]     As set forth in the Debtors' Statement of Disputed Issues With Respect To Proofs of Claim Numbers 6354, 6383, 9272, and 16633 (State of Michigan, Department of Treasury) (Docket No. 10884), on October 17, 2007 the State of Michigan, Department of Treasury ("Michigan") filed proof of claim number 16724, which amended and superseded proof of claim 16633. In fact, in Michigan's Supplemental Response To Debtors' Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 6354, 6383, 9272 And 16633 (State Of Michigan, Department Of Treasury) (Docket No. 11296), Michigan claims that proof of claim number 16724 is the only surviving priority claim against Delphi. The Debtors have previously objected to the proof of claim 16724 and Michigan filed a response to the objection and therefore the claim has been adjourned to a later time. Because the issues relating to proofs of claim 9272 and 16633 are identical to the issues raised by proof of claim 16724, however, the Debtors request that any determination with respect to proofs of claim 9272 and 16633 apply to proof of claim 16724 as well.

foreign tax credits can offset only tax on foreign source income while net operating losses can offset both domestic and foreign source income, the Debtors opted to maximize the application of the foreign tax credits. Taxpayers are able to defer R&E Expense deductions because under section 59(e) of the Internal Revenue Code ("I.R.C.") taxpayers may either deduct the full current amount of R&E Expenses or capitalize some or all of such expenses and amortize the deduction over ten years.

        2.      In contrast, the Michigan Single Business Tax ("Michigan SBT" or "SBT") does not contain or provide for use of foreign tax credits to offset SBT liability. Thus, the Debtors had no reason to defer their R&E Expenses with respect to their SBT return and thereby increase their SBT liability. Accordingly, for SBT purposes the Debtors deducted the full amount of R&E Expenses when calculating their "federal taxable income," which under the SBT Act is "business income," the starting point for calculating their tax base under the SBT Act. As explained below, the Michigan SBT Act permits and contemplates that taxpayers may calculate their federal taxable income for SBT purposes in a manner beneficial to the taxpayer, so long as the calculation is done in accordance with one of two permitted versions of the I.R.C.

        3.      Michigan's position is essentially that a taxpayer may not use one of the statutorily permitted methods for calculating federal taxable income to determine its business income for SBT purposes, but instead must transpose to its SBT return the actual dollar amount found on the "taxable income" line of the taxpayer's as-filed federal return, federal income tax Form 1120 or Form 1120A. This position is inconsistent with the Michigan SBT Act, which does not require mere transposition of "taxable income" from a federal return to the SBT return. To the contrary, the SBT Act permits calculation of "federal taxable income" in accordance with one of two versions of the I.R.C., one of which would not have any corresponding actual federal

3

return filed with the IRS (thus undermining Michigan's position that a taxpayer must merely transpose the taxable income from a federal return onto an SBT return). The Debtors have therefore properly calculated their SBT liability for 2002 through 2004 and Michigan's proofs of claim, to the extent they assert SBT liability, should be disallowed in their entirety.

4.      As noted below, Michigan has recently issued an audit determination that the Debtors have no SBT liability for 2001. Therefore, for the reasons described herein, the Debtors request that this Court find that the Debtors have no liability for SBT taxes for tax years 2001, 2002, 2003, and 2004.

## Background

5.      During each of their tax years 2002, 2003, and 2004, the Debtors incurred substantial expenditures that constituted R&E Expenses under section 174 of the I.R.C. As noted above, when the Debtors computed their federal taxable income for federal income tax reporting for tax years 2002, 2003, and 2004, the Debtors elected to capitalize certain of these R&E Expenses and to amortize them over ten years. This was done to reduce the federal net operating loss carry-forwards from those tax years. This allowed the Debtors to use certain foreign tax credits to offset federal tax liability in future tax years which otherwise would have expired if not used within ten years. In contrast, federal net operating losses arising from R&E Expenses or otherwise can be carried forward as long as 20 years. Accordingly, the Debtors elected under I.R.C. § 59(e) to amortize the R&E Expenses over ten years and thereby reduce their net operating losses for tax years 2002, 2003, and 2004. (See Declaration of James P. Whitson executed on December 19, 2007 (the "Whitson Decl."), attached hereto as Exhibit A, ¶ 4).

4

6.    When calculating their "business income" under the SBT for tax years 2002, 2003, and 2004, however, the Debtors chose to calculate their federal taxable income for SBT purposes by deducting the full amount of R&E Expenses for each tax year.[2]  The Debtors included a schedule with each applicable SBT return or amended SBT return showing the calculation for SBT purposes of federal taxable income, which under the SBT Act is "business income."  (Whitson Decl. ¶ 5.)  Redacted versions of these schedules are attached hereto as Exhibits B.

7.    Michigan has filed proofs of claim asserting that the Debtors' SBT liability for 2002 through 2004 is as follows:

| Year | Tax | Prepetition Interest |
|------|-----|----------------------|
| 2002 | $3,985,924 | $516,342.37 |
| 2003 | $3,184,581 | $242,327.56 |
| 2004 | $2,269,304 | $ 57,931.21 |

8.    The Debtors do not dispute that if they were required to calculate their SBT liability as Michigan contends, these amounts from Michigan's proofs of claims would be allowed with respect to the Debtors' SBT liability for tax years 2002 through 2004.  Conversely, Michigan has not disputed that if the SBT Act permits the Debtors to prepare SBT returns as they have done, the Debtors have no SBT liability for tax years 2002 through 2004.

---

[2]    As noted below, the group of Delphi entities filing the consolidated federal return was different than the group of Delphi entities filing the consolidated SBT return.

Argument

A.    The Final Audit Letter Indicates No Liability For 2001 SBT Taxes

9.    The Debtors' records reflect that they have no unpaid SBT tax liability for tax year 2001. A Final Audit Determination Letter dated June 21, 2007 indicates that Delphi is owed an $88 refund for 2001 SBT taxes and no amounts are due or owing. (Whitson Decl. ¶ 10.) A redacted copy of the Final Audit Determination Letter is attached hereto as Exhibit C. Claim 6354 should therefore be disallowed with respect to SBT taxes.

B.    The Debtors Properly Computed Their 2002 Through 2004 SBT Taxes

10.    The Debtors' liability for the SBT tax claims asserted by Michigan for 2002 through 2004 hinges on a single issue: the Debtors' treatment of R&E Expenses in their Michigan SBT returns. For federal income tax purposes, I.R.C. § 59(e) permits the Debtors to choose to amortize their R&E Expenses over a period of ten years using a straight-line method rather than deducting all such expenses in the year incurred. Because the Debtors sought to reduce certain federal net operating loss carry-forwards for tax years 2002 through 2004, the Debtors elected to amortize R&E Expenses for 2002 through 2004, and thereby both defer the tax deductions to future tax years and permit the Debtors to use certain foreign tax credits to reduce their federal tax liability in future years.

(a)    The Debtors' Deductions Of R&E Expenses Were Appropriate In Computing Federal Taxable Income Used To Determine SBT Business Income

11.    With respect to Michigan SBT liability for tax years 2002 through 2004, the Debtors chose to compute their business income (as defined in Mich. Comp. Laws

6

§ 208.3(3)[3]) by deducting all R&E Expenses in the year incurred. For each of those tax years,

the Debtors included a schedule that reconciled the difference between their treatment of R&E

Expenses when calculating their federal taxable income for federal purposes and when

calculating their federal taxable income for SBT purposes. See Exhibits B. During audit,

however, Michigan adjusted the Debtors' treatment of R&E Expenses. Michigan's auditors

determined that the Debtors must compute their business income exactly the same way they

computed their federal taxable income for federal income tax reporting for each year, resulting in

a much higher SBT liability.[4] (Whitson Decl. ¶ 7.)

       12.    Michigan admits that Delphi is "allowed to elect to compute its federal

taxable income with either the 10-year amortization of its R&E or by taking the full R&E

expenditure for the tax year it incurred the expense." See Supp. Response at 7-8. But Michigan

contends that "what is reported as federal income federally is what is required to be utilized for

SBT . . . [because] Michigan's policy is that the taxable income listed on the federal US-1120

---

[3]      "'Business income' means federal taxable income . . . ."

[4]      Michigan alleges that the Debtors prepared two sets of federal Forms US-1120: one for their federal return
and one that was attached to the Michigan SBT returns. See Supp. Response at 9. This is not quite
accurate. For tax years 2002 and 2003, the Debtors filed their federal Form US-1120 taking the full
deduction for R&E Expenses under I.R.C. § 59(e). While the federal audit for 2002 and 2003 was in
progress, the Debtors chose to amortize the R&E Expenses under I.R.C. § 59(e). This adjustment was
reflected in the federal Revenue Agent Report ("RAR") along with other adjustments that resulted in an
amended amount of taxable income for tax years 2002 and 2003. The Debtors did not file an amended
federal Form US-1120 for 2002 or 2003. As required by Mich. Comp. Laws § 208.75(2), however, the
Debtors filed amended Michigan SBT returns to reflect the federal RAR adjustments for those tax years.
When filing the amended Michigan SBT returns for tax years 2002 and 2003, the Debtors chose not to
amortize the R&E Expenses on their amended SBT returns, even though the Debtors made a federal
election to amortize R&E Expenses as part of the federal RAR adjustments. To clarify the difference
between the I.R.C. § 59(e) election used to compute the Debtors' federal taxable income and the R&E
accounting method used to compute business income for Michigan SBT purposes, the Debtors' amended
Michigan SBT returns included a schedule reconciling the difference between currently expensing R&E
expenses versus amortizing them under I.R.C. § 59(e). Thus, for tax years 2002 and 2003, the Debtors
filed only one federal Form US 1120 for each tax year, but changes from the federal RAR adjustments
required the Debtors to file amended SBT returns in accordance with Mich. Comp. Laws § 208.75(2).
(Whitson Decl. ¶ 6.)

form for a specified tax year must be identical to the business income reported in the Michigan

SBT." Supp. Response at 8-9. These statements are not only conclusory and without any

backup or support, but they also do not follow from the plain language of the Michigan SBT

statute. Indeed, Michigan has not provided any statutory, regulatory, or formal support for its

conclusory policy statement.

13.    Michigan claims that SBT taxpayers must take the number from line 30 of

federal Form US-1120 (taxable income) and report the same number on line 11 of the SBT form

(business income).[5] The instructions for the SBT return state that for business income for

corporations, "[e]nter federal taxable income from U.S. 1120 or 1120A." See Exhibit E at 16.

As explained below, this instruction does not follow from the language of the SBT Act. Nor

does it carry the force of law. The Michigan Supreme Court has stated that "[i]n order for an

agency regulation, statement, standard, policy, ruling, or instruction of general applicability to

have the force of law, it must fall under the definition of a properly promulgated rule. If it does

not it is merely explanatory." Danse Corp. v. City of Madison Heights, 644 N.W.2d 721, 725

(Mich. 2002). With respect to instructions relating to the SBT return, one court has noted that

there is "no evidence that the [SBT] instruction pamphlet was properly promulgated under the

Administrative Procedures Act." ADAC Plastics, Inc. v. Dep't. of Treasury, Case No. 00-307524,

2006 WL 2085040, at *3 (Mich. App. Ct. July 27, 2006). Thus, the instructions on the SBT

form are merely explanatory and are not binding law. And as explained immediately below, they

are contrary to the plain language of the SBT Act.

_____

[5]    For illustrative purposes, the 2004 version of federal Form-US 1120 is attached hereto as Exhibit D and the
2004 version of the SBT Annual Tax Return form is attached hereto as Exhibit E.

(b)     The Plain Language Of The SBT Act Allows For Different
        Calculations Of Federal Taxable Income Used To Determine SBT
        Business Income

14.     The Michigan SBT Act does not require the Debtors to compute their

business income each year exactly the same as their federal taxable income reported on their

Form US-1120. As long as the Debtors determine their business income as federal taxable

income in accordance with the I.R.C. (as required by Mich. Comp. Laws § 208.5(3)-(4)), that

business income is acceptable as the starting point in determining its SBT liability even if not the

same as the federal taxable income reported on the Debtors' federal return, Form US-1120. In

addition, if the Debtors were required to calculate "federal taxable income" for SBT purposes

using the identical calculations employed for federal purposes, Michigan would be penalizing the

taxpayer for making strategic decisions at the federal level based on certain tax credit benefits

offered only at the federal level and which do not apply and are unavailable for Michigan SBT

purposes.

15.     A corporation computes its SBT tax base starting with its "business

income." Mich. Comp. Laws § 208.9(1). "Business income" is defined as the corporation's

federal taxable income. Mich. Comp. Laws § 208.3(3). "'Federal taxable income' means taxable

income as defined in section 63 of the internal revenue code." Mich. Comp. Laws § 208.5(3).

Notably, and contrary to Michigan's assertion otherwise, the definition does not mandate the use

of, or even refer to, the federal taxable income that appears on the taxpayer's Form US-1120

federal return, but rather it refers solely to the Internal Revenue Code definition of taxable

income. "'Internal revenue code' means the United States internal revenue code of 1986 in effect

9

on January 1, 1999 <u>or, at the option of the taxpayer, in effect for the tax year</u>" for which the

return is filed.  Mich. Comp. Laws § 208.5(4) (emphasis added).[6]

   16. Thus, the SBT Act does not require that a corporation's business income

for a tax year must be identical to its Form US-1120 taxable income.  Such a statutory

construction would be inconsistent with Mich. Comp. Laws § 208.5(4), which gives a taxpayer

the option to choose annually for SBT purposes the version of the I.R.C. in effect for that year

rather than the default version of the I.R.C. in effect as of January 1, 1999.  The two available

versions of the I.R.C. may result in different computations of federal taxable income.  Obviously,

a taxpayer would choose to use the version of the I.R.C. in effect for the year for which the

return was filed only if it were more beneficial to the taxpayer than using the I.R.C. in effect on

January 1, 1999.  Therefore, for any year other than 1999, the SBT Act is premised on the notion

that there can be a difference between federal taxable income as reported on a taxpayer's Form

US-1120 and the computation of federal taxable income used to determine its business income

under the SBT Act.  Thus, a corporation such as Delphi can compute its SBT business income

differently than its federal taxable income as reported on its federal Form US-1120, provided it

uses the SBT-mandated definition of federal taxable income under one of the permitted versions

of the I.R.C.

   17. Furthermore, in another definitional section of the Michigan SBT Act, the

statute, as part of its definition of "compensation," provides:  "Compensation also includes, on a

cash or accrual basis <u>consistent with the taxpayer's method of accounting for federal income tax</u>

---

[6] The default I.R.C. under the Michigan SBT Act for computing "business income" is the I.R.C. in effect on
January 1, 1999, rather than the I.R.C. in effect for the year for which the return was filed.  Thus, the
default I.R.C. for SBT purposes would be different than the current year version of the I.R.C. required to be
used for Form US-1120 filed with the Internal Revenue Service.

purposes . . . ."  Mich. Comp. Laws § 208.4(3) (<u>emphasis added</u>).  Therefore, when the SBT Act

requires that a taxpayer report any items on its SBT return in the exact same manner that it

reports those items on its federal income tax return, the statute expressly set outs that

requirement as the SBT Act did with respect to cash or accrual accounting within its definition of

"compensation."  No similar requirement with respect to reporting business income appears

within the definition of "business income" or any other provision of the SBT Act.  <u>See</u> Mich.

Comp. Laws § 208.3(3).  Had the drafters of the SBT Act intended for "business income" to be

"consistent with the taxpayer's method [used] for federal income tax purposes," they could have

so provided in the statute.  The lack of this explicit language in the definition of "business

income," together with the notion that a taxpayer may choose which version of the I.R.C. to

apply when computing "business income," indicate that the taxpayer's federal taxable income as

set forth on its federal Form US-1120 need not be identical to its "business income" for SBT

purposes.[7]

        18.    Moreover, the federal Form US-1120 filed by the Debtors was for a

consolidated group of several Delphi entities, many of which were not subject to the Michigan

SBT.  The consolidated Michigan SBT return permitted under Michigan law included only a

subset of the entities that were included in the federal consolidated Form US-1120.  Putting aside

the issue of an accounting election under I.R.C. § 59(e), applying Michigan's self-proclaimed

"policy" of requiring that a taxpayer's SBT business income be exactly the same as its taxable

_____

[7]    To the extent that Michigan argues or this Court finds that the Michigan SBT Act is ambiguous in any way,
the SBT Act must be construed in favor of the taxpayer and against the state of Michigan.  <u>See</u> In re Dodge
<u>Bros., Inc.</u>, 217 N.W. 777, 779 (Mich. 1928) ("The scope of tax laws may not be extended by implication
or forced construction.  Such laws may be made plain, and the language thereof, if dubious, is not resolved
against the taxpayer.").

income on its Form US-1120 would be illogical where the subset of entities included on the SBT

return is smaller than the group of entities included on the federal consolidated Form US-1120.

Therefore, applying Michigan's "policy" would be impractical and would lead to an absurd

result.[8]

---

[8]    A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group
that in certain years during the 1990s similarly accounted for R&E expenses on its consolidated SBT
returns by deducting them in the year incurred while amortizing those expenses on its consolidated federal
return.  Michigan auditors specifically reviewed that SBT accounting for R&E Expenses and did not adjust
it during more than one audit.  (Whitson Decl. ¶ 9.)

In Michigan, all taxpayers must be treated similarly and fairly.  The Debtors understand, based on
information provided to them, that Michigan has allowed other taxpayers who elect to amortize R&E
Expenses under I.R.C. § 59(e) when computing federal taxable income for federal tax reporting purposes to
calculate taxable income for SBT purposes without the I.R.C. § 59(e) election.  The Debtors understand
that Michigan accepted that accounting treatment during previous audits.  To the extent that Michigan is
taking a contrary position now with respect to Delphi, Michigan may be in violation of the Equal Protection
Clauses of the United States Constitution and the Michigan Constitution, as well as the Uniformity of
Taxation Clause of the Michigan Constitution.  The Debtors are conducting discovery with respect to these
issues and reserve their right to supplement their pleadings in accordance with this Court's order governing
these proceedings.

## Conclusion

WHEREFORE the Debtors respectfully request that this Court enter an order

(a) disallowing and expunging proofs of claim numbers 6383, 9272, and 16633, (b) disallowing

proofs of claim numbers 6354 and 16724 to the extent that they assert SBT liability, and

(c) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          December 19, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 9331)
      Albert L. Hogan, III (AH 8807)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

13

Exhibit A

Hearing Date & Time:  January 10, 2008 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
        Debtors.                          :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF JAMES P. WHITSON IN SUPPORT OF DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS OF CLAIM
NUMBERS 6354, 6383, 9272, AND 16633
(STATE OF MICHIGAN, DEPARTMENT OF TREASURY)

I, James P. Whitson, declare as follows:

1.    Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors").  I submit this declaration in support of the Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 6354, 6383, 9272, And 16633 (State Of Michigan, Department Of Treasury) (the "Supplemental Reply").  Capitalized terms used but not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.    I am the Chief Tax Officer of Delphi.  I am responsible for directing Delphi's global tax and customs planning and reporting.  I have been employed by Delphi since August 1998.  Before joining Delphi, I was the Vice President, Assistant Treasurer and Director of Taxes at ITT.  During my more than 17 years at ITT, I was responsible for a broad range of tax matters and directed activities of outside tax counsel and accountants.  I received an MBA from Harvard Business School in 1971 and a Bachelor in Economics from Davidson College in 1966.  I am a Certified Public Accountant and a member of the American Institute of Certified Public Accountants, the Tax Executives Institute, the Financial Executives Institute, and the International Fiscal Association.

3.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, and my experience with and knowledge of Delphi's tax matters, or are based upon knowledge obtained from Delphi's employees reporting to me in the course of their duties.  If I were called upon to testify, I could and would testify to the facts set forth herein.

4.    During each of their tax years 2002, 2003 and 2004, the Debtors incurred substantial expenditures that constituted research and experimental expenditures ("R&E

2

Expenses") under section 174 of the Internal Revenue Code ("I.R.C."). When the Debtors

computed their federal taxable income for 2002, 2003, and 2004, the Debtors elected to

capitalize certain of these R&E Expenses and to amortize them over ten years. This was done in

order to reduce federal net operating loss carry-forwards from those tax years. Taking this

approach allowed the Debtors to use certain foreign tax credits to offset federal tax liability in

future tax years which otherwise would have expired if not used within ten years. In contrast,

federal net operating losses arising from R&E Expenses or otherwise can be carried forward as

long as 20 years. Accordingly, the Debtors elected under I.R.C. § 59(e) to amortize the R&E

Expenses over ten years and thereby reduce their net operating losses for tax years 2002, 2003,

and 2004.

      5.     When calculating their "business income" under the Michigan Single

Business Tax Act ("SBT") for tax years 2002, 2003, and 2004, however, the Debtors chose to

calculate their federal taxable income for SBT purposes by deducting the full amount of R&E

Expenses for each tax year. The Debtors included a schedule with each applicable SBT return or

amended SBT return showing the calculation for SBT purposes of federal taxable income, which

under the SBT Act is "business income," the starting point for calculating their tax base under

the SBT Act.

      6.     The Debtors' federal tax returns, as originally filed, deducted the full

amount of R&E expenses for tax years 2002 and 2003. While the federal audit for 2002 and

2003 was in progress, the Debtors chose to amortize the R&E Expenses under I.R.C. § 59(e).

This adjustment was reflected in the federal Revenue Agent Report ("RAR") along with other

adjustments that resulted in an amended amount of taxable income for tax years 2002 and 2003.

The Debtors did not file an amended federal Form US-1120 for 2002 or 2003. The Debtors filed

3

James P. Whitson Declaration

amended Michigan SBT returns, however, to reflect the federal RAR adjustments for those tax years.  Thus, for tax years 2002 and 2003, Delphi filed only one federal Form US-1120 for each tax year, but changes from the federal RAR adjustments required Delphi to file amended SBT returns in accordance with Mich. Comp. Laws § 208.75(2).

7.      During audit, however, Michigan adjusted the Debtors' treatment of R&E Expenses.  Michigan's auditors determined that the Debtors must compute their business income exactly the same way they computed their federal taxable income for each year, resulting in a much higher SBT liability.

8.      The Debtors do not dispute that if they were required to calculate their SBT liability as Michigan contends, these amounts from Michigan's proofs of claims would be allowed with respect to the Debtors' SBT liability for tax years 2002 through 2004.

9.      A predecessor-in-interest to Debtor Delphi Automotive Systems LLC was a member of a corporate group that in certain years during the 1990s similarly accounted for R&E Expenses on its consolidated SBT returns by deducting them in the year incurred while amortizing those expenses on its consolidated federal return.  Michigan auditors specifically reviewed such SBT accounting for R&E Expenses and did not adjust it during more than one audit.

James P. Whitson Declaration

10.    The Debtors' records reflect that they have no unpaid SBT tax liability for tax year 2001.  A Final Audit Determination Letter dated June 21, 2007 indicates that Delphi is owed an $88 refund for 2001 SBT taxes and no amounts are due or owing.  A redacted copy of that letter is attached to the Supplemental Reply as Exhibit C.

11.    I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2007.

/s/ James P. Whitson
_____
JAMES P. WHITSON

5

Exhibit B

**REDACTED**

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2002 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2002 Delphi Corporation & Subsidiaries Federal pro-forma return included in the 2002 Delphi Corporation and Subsidiaries Consolidated Federal income tax return as filed. The adjustment reflects the reversal of the 2002 election to capitalize R & E expenditures under I.R.C. Section 59(e). This election reverses the net R & E capitalization reported by Delphi Corporation and Subsidiaries on its separate Federal pro-forma return and also adds back the prior year amortized amounts.

RECONCILIATION

|  | Delphi | Delco | DTI | Exhaust |
|---|---|---|---|---|
| Fed. Tax. Inc.(loss) | | | | |
| Current Yr. Net 59(e) adj. | * | | | |
| **REDACTED** | | | | |
| Business Income | | | | |
| Gross Sec. 59(e) Adj. | | | | |
| 2002 Sec. 59(e) Amort.(1/10th) | | | | |
| *Net Current Yr. 59(e) | | | | |

Further details available upon audit.

**REDACTED**

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2003 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2003 Delphi Corporation & Subsidiaries Federal
pro-forma return included in the 2003 Delphi Corporation and Subsidiaries Consolidated
Federal income tax return as filed. The adjustment reflects the reversal of the 2003
election to capitalize R & E expenditures under I.R.C. Section 59(e). This election
reverses the net R & E capitalization reported by Delphi Corporation & Subsidiaries on
its separate Federal pro-forma return and also adds back the prior year amortized
amounts.

<u>RECONCILIATION</u>

| | <u>Delphi</u> | <u>Delco</u> | <u>DTI</u> | <u>Exhaust</u> |
|---|---|---|---|---|
| Fed. Tax. Inc.(loss) | | | | |
| 2003  Net 59(e) adj | * | **REDACTED** | | |

**REDACTED**

| | | | | |
|---|---|---|---|---|
| 2002 Amortization (1/10th) | _____ | _____ | _____ | _____ |
| Business Income | _____ | _____ | _____ | _____ |

| | | | | |
|---|---|---|---|---|
| Gross Sec. 59(e) Adj. | | **REDACTED** | | |
| 2003 Sec. 59(e) Amort.(1/10th) | _____ | _____ | _____ | _____ |
| *Net Current Yr. 59(e) | _____ | _____ | _____ | _____ |

Further details available upon audit.

REDACTED

**Delphi Corporation & Subsidiaries**
**F.E.I.N. 38-3430473**
**2004 Adjustment to Federal Taxable Income**

This return reflects an adjustment to the 2004 Delphi Corporation & Subsidiaries Federal
pro-forma return included in the 2004 Delphi Corporation and Subsidiaries Consolidated
Federal income tax return as filed. The adjustment reflects the reversal of the 2004
election to capitalize R & E expenditures under I.R.C. Section 59(e). This election
reverses the net R & E capitalization reported by Delphi Corporation & Subsidiaries on
its separate Federal pro-forma return and also adds back the prior year amortized
amounts.

RECONCILIATION

| | Delphi | DTI | Exhaust |
|---|---|---|---|
| Fed. Tax. Inc.(loss) | | **REDACTED** | |
| 2004  Net 59(e) adj | * | | |
| **REDACTED** | | | |
| 2002 Amortization (1/10th) | | | |
| 2003 Amortization (1/10th) | _____ | _____ | _____ |
| Business Income | _____ | _____ | _____ |
| | | | |
| Gross Sec. 59(e) Adj. | | **REDACTED** | |
| 2004 Sec. 59(e) Amort.(1/10th) | _____ | _____ | |
| *Net Current Yr. 59(e) | _____ | _____ | |

Further details available upon audit.

Exhibit C

REDACTED

# MICHIGAN DEPARTMENT OF TREASURY
# FINAL AUDIT DETERMINATION LETTER

## Single Business Tax

Taxpayer Name: Delphi Corporation
Account No: 38-3430473

Date: June 21, 2007

Audit Period:  1/1/2001  to  12/31/2004

Audit Adjusted Tax Liability or (Refund or Credit)  $
Penalty
Interest                                              **REDACTED**
Total Audit Adjusted Tax Liability or (Refund or Credit)  $  ____

**If it is determined that you owe additional tax, penalty or interest, the Department will send to you a**
**NOTICE OF INTENT TO ASSESS (BILL FOR TAXES DUE).**

As a result of this audit the Department has made the above determination. If this determination denies or reduces a refund that you claim is due you, denies or reduces a credit forward that you claim is due you, or states that you are entitled to a refund or credit that you claim is in an amount less than you believe you are entitled to, this final decision of the Department may be appealed as follows:

* Send a written request for an Informal Conference within <u>60</u> days of the date of this determination to the Office of Hearings, 430 West Allegan Street, Lansing, MI 48922.
* File an appeal within 35 days of the date of this determination with the Michigan Tax Tribunal, 611 W. Ottawa, 2nd Floor, Lansing, MI 48909, or
* File an appeal within 90 days with Michigan Court of Claims, 313 W. Kalamazoo Street, Lansing, MI 48933.

The NOTICE OF INTENT TO ASSESS will explain your right to seek an Informal Conference by sending a written request to the Office of Hearings, 430 West Allegan Street, Lansing, MI 48922 within 60 days of the date of the NOTICE OF INTENT TO ASSESS. If you do not seek an Informal Conference within 60 days of receiving the NOTICE OF INTENT TO ASSESS, the Department will issue a FINAL ASSESSMENT that will advise you of your right to appeal to the Michigan Tax Tribunal within 35 days, or the Michigan Court of Claims within 90 days of the date of the FINAL ASSESSMENT. Appeals to the Court of Claims require that you pay the contested amount and then seek a refund.

If you have questions regarding the appeals process, you may confer with the auditor or contact the Office of Hearings at (517) 636-4100, Michigan Tax Tribunal at (517) 373-3003, or Court of Claims at (517) 483-6500.

Audit conducted by: *Stricklin Owens*, Auditor, Audit Division, Tax Compliance Bureau, Michigan Department of Treasury. If you have questions regarding this final determination, you may confer with the auditor, audit supervisor, or contact the State Administrative Manager.

_____
Dewayne Miller, Acting Administrative Manager
Tax Compliance Bureau
Michigan Department of Treasury
Lansing, MI 48922
Phone:   (517) 636-4200
Fax:     (517) 636-4201

6/25/07
Date

**THIS IS NOT A BILL**

<u>Suspension of Statute of Limitations:</u>
The running of the statute of limitations is suspended for: (1) The period pending a final determination of tax, including audit, conference, hearing, and litigation of liability for federal income tax or a tax administered by the department and for 1 year after that period; (2) The period for which the taxpayer and the state treasurer have consented to in writing. The running of the statute of limitations is suspended only as to those items that were the subject of the audit, conference, hearing, or litigation for federal income tax or a tax administered by the department.

REDACTED

State of Michigan - Department of Treasury                                                          04/18/0?
Taxpayer Name:    DELPHI CORPORATION                          Account Number:    383430473

**SBT Audit Summary**

| | Ref | 01/01-12/01 | 01/02-12/02 | 01/03-12/03 |
|---|---|---|---|---|
| SBT Audit Summary | | | | |
| Determined Tax Due | | (88) | | |
| Interest Due | | 0 | | |
| Penalty Due | | | | |
| Total Amount Due | | (88) | **REDACTED** | |
| Less Credit Audits | | 0 | | |
| Less Unapplied Payments or Prepayments | | 0 | | |
| Net Payment Due | | (88) | | |

| | Ref | 01/04-12/04 | Total |
|---|---|---|---|
| SBT Audit Summary | | | |
| Determined Tax Due | | | |
| Interest Due | | | |
| Penalty Due | | | |
| Total Amount Due | | **REDACTED** | |
| Less Credit Audits | | | |
| Less Unapplied Payments or Prepayments | | | |
| Net Payment Due | | | |

Sch.A
Page 1

# Exhibit D

Form **1120**

Department of the Treasury
Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 2004 or tax year beginning ............... , 2004, ending ............... , 20 ......
▶ See separate instructions.

OMB No. 1545-0123

**2004**

**A Check if:**

1 Consolidated return (attach Form 851) ☐
2 Personal holding co. (attach Sch. PH) ☐
3 Personal service corp. (see instructions) ☐
4 Schedule M-3 required (attach Sch. M-3) ☐

Use IRS label. Otherwise, print or type.

Name

Number, street, and room or suite no. If a P.O. box, see page 9 of instructions.

City or town, state, and ZIP code

**B Employer identification number**

**C Date incorporated**

**D Total assets (see page 8 of instructions)**
$

**E Check if:** (1) ☐ Initial return   (2) ☐ Final return   (3) ☐ Name change   (4) ☐ Address change

**Income**

| | | | |
|---|---|---|---|
| 1a | Gross receipts or sales | b Less returns and allowances | c Bal ▶ | 1c | |
| 2 | Cost of goods sold (Schedule A, line 8) | | 2 | |
| 3 | Gross profit. Subtract line 2 from line 1c | | 3 | |
| 4 | Dividends (Schedule C, line 19) | | 4 | |
| 5 | Interest | | 5 | |
| 6 | Gross rents | | 6 | |
| 7 | Gross royalties | | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | | 8 | |
| 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | 9 | |
| 10 | Other income (see page 11 of instructions—attach schedule) | | 10 | |
| 11 | **Total income.** Add lines 3 through 10 ▶ | | 11 | |

**Deductions (See instructions for limitations on deductions.)**

| | | | |
|---|---|---|---|
| 12 | Compensation of officers (Schedule E, line 4) | | 12 | |
| 13 | Salaries and wages (less employment credits) | | 13 | |
| 14 | Repairs and maintenance | | 14 | |
| 15 | Bad debts | | 15 | |
| 16 | Rents | | 16 | |
| 17 | Taxes and licenses | | 17 | |
| 18 | Interest | | 18 | |
| 19 | Charitable contributions (see page 14 of instructions for 10% limitation) | | 19 | |
| 20 | Depreciation (attach Form 4562) | 20 | | |
| 21 | Less depreciation claimed on Schedule A and elsewhere on return | 21a | | 21b | |
| 22 | Depletion | | 22 | |
| 23 | Advertising | | 23 | |
| 24 | Pension, profit-sharing, etc., plans | | 24 | |
| 25 | Employee benefit programs | | 25 | |
| 26 | Other deductions (attach schedule) | | 26 | |
| 27 | **Total deductions.** Add lines 12 through 26 ▶ | | 27 | |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 | |
| 29 | **Less:** a Net operating loss deduction (see page 16 of instructions) | 29a | | |
| | b Special deductions (Schedule C, line 20) | 29b | | 29c | |

**Tax and Payments**

| | | | |
|---|---|---|---|
| 30 | **Taxable income.** Subtract line 29c from line 28 (see instructions if Schedule C, line 12, was completed) | | 30 | |
| 31 | **Total tax** (Schedule J, line 11) | | 31 | |
| 32 | Payments: a 2003 overpayment credited to 2004 | 32a | | |
| b | 2004 estimated tax payments | 32b | | |
| c | Less 2004 refund applied for on Form 4466 | 32c | d Bal ▶ | 32d | |
| e | Tax deposited with Form 7004 | | 32e | |
| f | Credit for tax paid on undistributed capital gains (attach Form 2439) | | 32f | |
| g | Credit for Federal tax on fuels (attach Form 4136). See instructions. | 32g | | 32h | |
| 33 | Estimated tax penalty (see page 17 of instructions). Check if Form 2220 is attached ▶ ☐ | | 33 | |
| 34 | **Tax due.** If line 32h is smaller than the total of lines 31 and 33, enter amount owed | | 34 | |
| 35 | **Overpayment.** If line 32h is larger than the total of lines 31 and 33, enter amount overpaid | | 35 | |
| 36 | Enter amount of line 35 you want: **Credited to 2005 estimated tax** ▶       **Refunded** ▶ | | 36 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer          Date          Title

May the IRS discuss this return with the preparer shown below (see instructions)? ☐ **Yes** ☐ **No**

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
| Firm's name (or yours if self-employed), address, and ZIP code | | EIN |
| | | Phone no. (     ) |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 11450Q          Form **1120** (2004)

Form 1120 (2004)                                                                                          Page **2**

## Schedule A    Cost of Goods Sold (see page 17 of instructions)

| | | |
|---|---|---|
| 1 | Inventory at beginning of year | **1** |
| 2 | Purchases | **2** |
| 3 | Cost of labor | **3** |
| 4 | Additional section 263A costs (attach schedule) | **4** |
| 5 | Other costs (attach schedule) | **5** |
| 6 | **Total.** Add lines 1 through 5 | **6** |
| 7 | Inventory at end of year | **7** |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 | **8** |

9a  Check all methods used for valuing closing inventory:

    (i)  ☐  Cost as described in Regulations section 1.471-3

    (ii)  ☐  Lower of cost or market as described in Regulations section 1.471-4

    (iii)  ☐  Other (Specify method used and attach explanation.) ▶ ...........................................................................

  b  Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) ........... ▶ ☐

  c  Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ......... ▶ ☐

  d  If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO ...... **9d**

  e  If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? ....... ☐ Yes   ☐ No

  f  Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation .... ☐ Yes   ☐ No

## Schedule C    Dividends and Special Deductions (see page 18 of instructions)

| | | (a) Dividends received | (b) % | (c) Special deductions (a) × (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations that are subject to the 70% deduction (other than debt-financed stock) | | 70 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations that are subject to the 80% deduction (other than debt-financed stock) | | 80 see instructions | |
| 3 | Dividends on debt-financed stock of domestic and foreign corporations (section 246A) | | | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 42 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 48 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs that are subject to the 70% deduction | | 70 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs that are subject to the 80% deduction | | 80 | |
| 8 | Dividends from wholly owned foreign subsidiaries subject to the 100% deduction (section 245(b)) | | 100 | |
| 9 | **Total.** Add lines 1 through 8. See page 19 of instructions for limitation | | | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from affiliated group members and certain FSCs that are subject to the 100% deduction | | 100 | |
| 12 | Dividends from controlled foreign corporations subject to the 85% deduction (attach Form 8895) | | 85 | |
| 13 | Other dividends from foreign corporations not included on lines 3, 6, 7, 8, 11, or 12 | | | |
| 14 | Income from controlled foreign corporations under subpart F (attach Form(s) 5471) | | | |
| 15 | Foreign dividend gross-up (section 78) | | | |
| 16 | IC-DISC and former DISC dividends not included on lines 1, 2, or 3 (section 246(d)) | | | |
| 17 | Other dividends | | | |
| 18 | Deduction for dividends paid on certain preferred stock of public utilities | ▶ | | |
| 19 | **Total dividends.** Add lines 1 through 17. Enter here and on page 1, line 4 | ▶ | | |
| 20 | **Total special deductions.** Add lines 9, 10, 11, 12, and 18. Enter here and on page 1, line 29b | | ▶ | |

## Schedule E    Compensation of Officers (see instructions for page 1, line 12, on page 13 of instructions)

**Note:** Complete Schedule E only if total receipts (line 1a plus lines 4 through 10 on page 1) are $500,000 or more.

| (a) Name of officer | (b) Social security number | (c) Percent of time devoted to business | Percent of corporation stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| 1 | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |

| | | |
|---|---|---|
| 2 | Total compensation of officers | |
| 3 | Compensation of officers claimed on Schedule A and elsewhere on return | |
| 4 | Subtract line 3 from line 2. Enter the result here and on page 1, line 12 | |

Form **1120** (2004)

Form 1120 (2004)                                                                                                            Page **3**

## Schedule J  Tax Computation (see page 20 of instructions)

| | | | |
|---|---|---|---|
| **1** | Check if the corporation is a member of a controlled group (see sections 1561 and 1563) . . . . ▶ ☐ | | |
| | **Important:** Members of a controlled group, see page 20 of instructions. | | |
| **2a** | If the box on line 1 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order): | | |
| | **(1)** $ _____  **(2)** $ _____  **(3)** $ _____ | | |
| **b** | Enter the corporation's share of: **(1)** Additional 5% tax (not more than $11,750) | $ | |
| | **(2)** Additional 3% tax (not more than $100,000) | $ | |
| **3** | Income tax. Check if a qualified personal service corporation under section 448(d)(2) (see page 21) . . . ▶ ☐ | **3** | |
| **4** | Alternative minimum tax (attach Form 4626) . . . . . . . . . . . . . . . | **4** | |
| **5** | Add lines 3 and 4 . . . . . . . . . . . . . . . . . . . . . | **5** | |
| **6a** | Foreign tax credit (attach Form 1118) | **6a** | |
| **b** | Possessions tax credit (attach Form 5735) | **6b** | |
| **c** | Check: ☐ Nonconventional source fuel credit  ☐ QEV credit (attach Form 8834) | **6c** | |
| **d** | General business credit. Check box(es) and indicate which forms are attached: | | |
| | ☐ Form 3800  ☐ Form(s) (specify) ▶ .......................... | **6d** | |
| **e** | Credit for prior year minimum tax (attach Form 8827) | **6e** | |
| **f** | Qualified zone academy bond credit (attach Form 8860) . . . . . | **6f** | |
| **7** | **Total credits.** Add lines 6a through 6f . . . . . . . . . . . . . . . | **7** | |
| **8** | Subtract line 7 from line 5 . . . . . . . . . . . . . . . . . | **8** | |
| **9** | Personal holding company tax (attach Schedule PH (Form 1120)) . . . . . . . . | **9** | |
| **10** | Other taxes. Check if from: ☐ Form 4255  ☐ Form 8611  ☐ Form 8697 | | |
| | ☐ Form 8866  ☐ Other (attach schedule) . . . . . . | **10** | |
| **11** | **Total tax.** Add lines 8 through 10. Enter here and on page 1, line 31 | **11** | |

## Schedule K  Other Information (see page 23 of instructions)

| | | Yes | No |
|---|---|---|---|
| **1** | Check accounting method:  **a** ☐ Cash | | |
| | **b** ☐ Accrual  **c** ☐ Other (specify) ▶ .................. | | |
| **2** | See page 25 of the instructions and enter the: | | |
| **a** | Business activity code no. ▶ ........................... | | |
| **b** | Business activity ▶ ................................ | | |
| **c** | Product or service ▶ ............................... | | |
| **3** | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) | | |
| | If "Yes," attach a schedule showing: **(a)** name and employer identification number (EIN), **(b)** percentage owned, and **(c)** taxable income or (loss) before NOL and special deductions of such corporation for the tax year ending with or within your tax year. | | |
| **4** | Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? . . . . . | | |
| | If "Yes," enter name and EIN of the parent corporation ▶ ................................ | | |
| | .................................................. | | |
| **5** | At the end of the tax year, did any individual, partnership, corporation, estate, or trust own, directly or indirectly, 50% or more of the corporation's voting stock? (For rules of attribution, see section 267(c).) | | |
| | If "Yes," attach a schedule showing name and identifying number. (Do not include any information already entered in **4** above.) Enter percentage owned ▶ ............... | | |
| **6** | During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? (See sections 301 and 316.) . . | | |
| | If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions. | | |
| | If this is a consolidated return, answer here for the parent corporation and on **Form 851,** Affiliations Schedule, for each subsidiary. | | |

| | | Yes | No |
|---|---|---|---|
| **7** | At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of **(a)** the total voting power of all classes of stock of the corporation entitled to vote or **(b)** the total value of all classes of stock of the corporation? | | |
| | If "Yes," enter: **(a)** Percentage owned ▶ ............... | | |
| | and **(b)** Owner's country ▶ ........................ | | |
| **c** | The corporation may have to file **Form 5472,** Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter number of Forms 5472 attached ▶ ............... | | |
| **8** | Check this box if the corporation issued publicly offered debt instruments with original issue discount . ▶ ☐ | | |
| | If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| **9** | Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ .................. | | |
| **10** | Enter the number of shareholders at the end of the tax year (if 75 or fewer) ▶ ........................ | | |
| **11** | If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ▶ ☐ | | |
| | If the corporation is filing a consolidated return, the statement required by Temporary Regulations section 1.1502-21T(b)(3)(i) or (ii) must be attached or the election will not be valid. | | |
| **12** | Enter the available NOL carryover from prior tax years (Do not reduce it by any deduction on line 29a.) ▶ $ ..................... | | |
| **13** | Are the corporation's total receipts (line 1a plus lines 4 through 10 on page 1) for the tax year **and** its total assets at the end of the tax year less than $250,000? . . . | | |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2 on page 4. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year. ▶ $ ................... | | |

**Note:** *If the corporation, at any time during the tax year, had assets or operated a business in a foreign country or U.S. possession, it may be required to attach **Schedule N (Form 1120)**, Foreign Operations of U.S. Corporations, to this return. See Schedule N for details.*

Form **1120** (2004)

Form 1120 (2004)                                                                                                          Page **4**

**Note:** *The corporation is not required to complete Schedules L, M-1, and M-2 if Question 13 on Schedule K is answered "Yes."*

| **Schedule L** | **Balance Sheets per Books** | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | **(a)** | **(b)** | **(c)** | **(d)** |
| 1 | Cash . . . . . . . . . | | | | |
| 2a | Trade notes and accounts receivable . . | | | | |
| b | Less allowance for bad debts . . . | ( ) | | ( ) | |
| 3 | Inventories . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . | | | | |
| 5 | Tax-exempt securities (see instructions) . | | | | |
| 6 | Other current assets (attach schedule) . . | | | | |
| 7 | Loans to shareholders . . . . . | | | | |
| 8 | Mortgage and real estate loans . . . | | | | |
| 9 | Other investments (attach schedule) . . . | | | | |
| 10a | Buildings and other depreciable assets . . | | | | |
| b | Less accumulated depreciation . . . | ( ) | | ( ) | |
| 11a | Depletable assets . . . . . . | | | | |
| b | Less accumulated depletion . . . | ( ) | | ( ) | |
| 12 | Land (net of any amortization) . . . . | | | | |
| 13a | Intangible assets (amortizable only) . . | | | | |
| b | Less accumulated amortization . . . | ( ) | | ( ) | |
| 14 | Other assets (attach schedule) . . . | | | | |
| 15 | Total assets . . . . . . . . | | | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable . . . . . . | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach schedule) . | | | | |
| 19 | Loans from shareholders . . . . | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach schedule) . . . | | | | |
| 22 | Capital stock:  **a** Preferred stock . . . | | | | |
| | **b** Common stock . . . | | | | |
| 23 | Additional paid-in capital . . . . . | | | | |
| 24 | Retained earnings—Appropriated (attach schedule) | | | | |
| 25 | Retained earnings—Unappropriated . . . | | | | |
| 26 | Adjustments to shareholders' equity (attach schedule) | | | | |
| 27 | Less cost of treasury stock . . . . | | ( ) | | ( ) |
| 28 | Total liabilities and shareholders' equity . . | | | | |

| **Schedule M-1** | **Reconciliation of Income (Loss) per Books With Income per Return** (see page 24 of instructions) |
|---|---|

| 1 | Net income (loss) per books . . . . . | | 7 | Income recorded on books this year not |
|---|---|---|---|---|
| 2 | Federal income tax per books . . . . | | | included on this return (itemize): |
| 3 | Excess of capital losses over capital gains . | | | Tax-exempt interest $ .................... |
| 4 | Income subject to tax not recorded on books | | | ......................................... |
| | this year (itemize): ......................... | | | |
| | ......................................... | | 8 | Deductions on this return not charged |
| 5 | Expenses recorded on books this year not | | | against book income this year (itemize): |
| | deducted on this return (itemize): | | **a** | Depreciation . . . . $............. |
| **a** | Depreciation . . . . $............. | | **b** | Charitable contributions  $............. |
| **b** | Charitable contributions  $ .................... | | | ......................................... |
| **c** | Travel and entertainment  $ .................... | | 9 | Add lines 7 and 8 . . . . . |
| 6 | Add lines 1 through 5 . . . . . . | | 10 | Income (page 1, line 28)—line 6 less line 9 |

| **Schedule M-2** | **Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)** |
|---|---|

| 1 | Balance at beginning of year . . . . . | | 5 | Distributions:  **a** Cash . . . . |
|---|---|---|---|---|
| 2 | Net income (loss) per books . . . . | | | **b** Stock . . . . |
| 3 | Other increases (itemize): .................... | | | **c** Property . . . |
| | ......................................... | | 6 | Other decreases (itemize): ............. |
| | ......................................... | | 7 | Add lines 5 and 6 . . . . . |
| 4 | Add lines 1, 2, and 3 . . . . . | | 8 | Balance at end of year (line 4 less line 7) |

Form **1120** (2004)

Exhibit E

Michigan Department of Treasury
(Rev. 12-04)

**2004**
**C-8000**

# 2004 MICHIGAN  Single Business Tax Annual Return

Issued under authority of P.A. 228 of 1975. See instruction booklet for filing guidelines.

▶ **1.** This return is for calendar year **2004** or for the following tax year

Beginning Date
month        year

Ending Date
month        year

**2004**

▶ **5.** Federal Employer Identification Number (FEIN) or TR Number

2. Name (Type or Print)

▶ **6.** If discontinued, enter effective date

DBA

7.  Business Start Date

Street Address

8.  Principal Business Activity

City, State, ZIP Code

▶ 9. Organization Type (check one)

a. ☐ Individual          b. ☐ Fiduciary

▶ **3.** Check this box if filing a Michigan consolidated return.

c. ☐ Professional Corporation    d. ☐ S Corporation

Enter authorization number

e. ☐ Other Corporation    f. ☐ Partnership/LLC-Partnership

▶ **4.** Check this box if you are a member of a controlled group (see instructions).

g. ☐ Limited Liability
Company-Corporation

| | | |
|---|---|---|
| **10.** Gross receipts | ▶ 10. | .00 |
| **11.** Business income. Filers using the Short-Method, go to C-8000S, line 9 | ▶ 11. | .00 |

**COMPENSATION**

| | | |
|---|---|---|
| **12.** Salaries, wages and other payments to employees | ▶ 12. | .00 |
| **13.** Employee insurance plans - health, life | ▶ 13. | .00 |
| **14.** Pension, retirement, profit sharing plans | ▶ 14. | .00 |
| **15.** Other payments - supplemental unemployment benefit trust, etc | ▶ 15. | .00 |
| 16. **Total Compensation.** Add lines 12 - 15 | 16. | .00 |

**ADDITIONS - to the extent deducted in arriving at business income.**

| | | |
|---|---|---|
| **17.** Depreciation and other write-off of tangible assets | ▶ 17. | .00 |
| **18.** Taxes imposed on or measured by income (e.g., city, state, foreign) | ▶ 18. | .00 |
| **19.** Single business tax | ▶ 19. | .00 |
| **20.** Dividends, interest and royalty expenses | ▶ 20. | .00 |
| **21.** Capital loss carryover or carryback | ▶ 21. | .00 |
| **22.** Net operating loss carryover or carryback | ▶ 22. | .00 |
| **23.** Gross interest and dividend income from bonds and similar obligations issued by states other than Michigan and its political subdivisions | ▶ 23. | .00 |
| **24.** Any deduction or exclusion due to classification as FSC or similar classification and expenses of financial organizations, see instructions | ▶ 24. | .00 |
| **25.** Losses from partnerships. Account No. | ▶ 25. | .00 |
| **26.** **Total Additions.** Add lines 17 - 25 | 26. | .00 |
| 27. **Subtotal.** Add lines 11, 16 and 26 | 27. | .00 |

**SUBTRACTIONS**

| | | |
|---|---|---|
| **28.** Dividends, interest and royalty income included in business income | ▶ 28. | .00 |
| **29.** Capital losses not deducted in arriving at business income | ▶ 29. | .00 |
| **30.** Income from partnerships included in business income, Account No. | ▶ 30. | .00 |
| 31. **Total Subtractions.** Add lines 28 - 30 | 31. | .00 |

**TAX BASE**

| | | |
|---|---|---|
| 32. **Tax Base.** Subtract line 31 from line 27 | 32. | .00 |
| 33. **Apportioned Tax Base.** Multiply line 32 by _____% from C-8000H, line 16 or 19 | 33. | .00 |

**62. PAYMENT.** Enter amount from page 2, line 58 .......................... **PAY THIS AMOUNT**  ▶ 62. _____ .00

**WITHOUT PAYMENT - Mail return to:**



**Michigan Department of Treasury**
P.O. Box 30059
Lansing, MI  48909

**WITH PAYMENT -** Pay amount on line 62 and mail check and return to:
**Michigan Department of Treasury**
Department 77375
P.O. Box 77000
Detroit, MI  48277-0375

Make checks payable to "State of Michigan." Print the FEIN or TR Number  and "SBT" on the front of the check.  Do not staple the check to the return.

*Continue and sign on page 2.*

C-8000, Page 2

Federal Employer Identification Number _____

## TAX BASE

34. Enter amount from line 32 or 33, whichever applies ........................................................ 34._____.00

## ADJUSTMENTS

**35.** Recapture of capital acquisition deduction from C-8000D, line 19 ................................ ▶ **35.**_____.00

**36.** ADJUSTED TAX BASE BEFORE loss deduction and statutory exemption.
Add line 34 and line 35. If line 35 is negative, subtract ................................................. ▶ **36.**_____.00
If negative, this is a business loss carryforward; **do not complete lines 37 through 42.  Enter zero on line 43.**

37. Business loss deduction ................................................................................................ 37._____.00

38. **Adjusted Tax Base Before Statutory Exemption.** Subtract line 37 from line 36 ............... 38._____.00

## STATUTORY EXEMPTION - Complete and attach Form C-8043, *Statutory Exemption Schedule.*

39. Allowable statutory exemption, from C-8043, line 16 ................................................... 39._____.00

40. **Adjusted Tax Base.** Subtract line 39 from line 38. Check if C-8000G is attached  ▶**a.** ☐ ........ 40._____.00

## REDUCTIONS, NONREFUNDABLE CREDITS, AND TAX

41. Reduction to adjusted tax base, if applicable. See instructions for Form C-8000S ........... 41._____.00
**Check the method being used:** ▶ ☐ **Compensation Reduction OR** ▶ ☐ **Gross Receipts Reduction**

42. Taxable base. Subtract line 41 from line 40. If the gross receipts short-method was used,
enter the amount from C-8000S, line 14 ...................................................................... 42._____.00

**43. Tax Before All Credits.** Multiply line 42 by 1.9% (.019) .............................................. ▶ **43.**_____.00
**If you are not taking the Investment Tax Credit on C-8000ITC, enter the amount from line 43 on line 44.**

**44. Tax After Investment Tax Credit.** Enter the amount from C-8000ITC, line 37 ................ ▶ **44.**_____.00

**The small business and contribution credits are computed on Form C-8000C and/or C-8009. Complete Form C-8000C and/or C-8009 before continuing. If not filing Form C-8000C or C-8009, enter the amount from line 44 on line 45.**

45. Enter the amount from C-8000, line 44, C-8000C, lines 19, 26 or 36 or C-8009, line 33 or 34 ........... 45._____.00

46. Unincorporated/S Corp. credit. Multiply line 45 by percent from page 15 ........ 46._____.00

47. Nonrefundable credits from C-8000MC, line 82 ................................... 47._____.00

48. Add lines 46 and 47 ..................................................................................................... 48._____.00

**49. Tax After Nonrefundable Credits.** Subtract line 48 from line 45 ................................... ▶ **49.**_____.00

## PAYMENTS, REFUNDABLE CREDITS AND TAX DUE

50. Overpayment credited from 2003 ...................................... 50._____.00

51. Estimated tax payments .................................................... 51._____.00

52. Tax paid with request for extension .................................. 52._____.00

53. Refundable credits from C-8000MC, line 14 ..................... 53._____.00

**54.** Total. Add lines 50 - 53 ............................................................................................... ▶ **54.**_____.00

**55.** TAX DUE. Subtract line 54 from line 49. If less than zero, leave blank ......................... ▶ **55.**_____.00

56. Underpaid estimate penalty and interest from C-8020, line 28 or 40, whichever applies ........................ 56._____.00

57. Annual return penalty  at ____ % = _____.00  and interest = _____.00   57._____.00

58. If line 55 is blank, go to line 59.  Otherwise, add lines 55 - 57; enter the amount here and on
page 1, line 62. ............................................................................................................ 58._____.00

## OVERPAYMENT - REFUND OR CREDIT FORWARD

59. Overpayment.  Subtract line 49, and any penalty and interest due on lines 56 and 57, from line 54.
If less than zero, leave blank.  See instructions .......................................................... 59._____.00

**60.** Enter the amount of overpayment on line 59 to be refunded ........................................ ▶ **60.**_____.00

**61.** Enter the amount of overpayment on line 59 to be **credited forward** ......................... ▶ **61.**_____.00

| TAXPAYER'S DECLARATION | PREPARER'S DECLARATION |
|---|---|
| *I declare under penalty of perjury that this return is true and correct to the best of my knowledge.* | *I declare under penalty of perjury that this return is based on all information of which I have any knowledge.* |
| I authorize Treasury to discuss my return with my preparer.  ☐ Yes ☐ No | Preparer's Signature |
| Taxpayer's Signature | Print or Type Preparer's Name | Date |
| Print or Type Taxpayer's Name | Date | Business Address, Phone and Identification Number |
| Title | | |

**This return is due April 30, or on or before the last day of the 4th month after the close of the tax year.**

# Instructions for Form C-8000, Annual Return

*Lines not listed are explained on the form.*

Every person engaged in business activity in Michigan with apportioned or allocated gross receipts of $350,000 or more must file an annual return.

**Line 1, Taxable Year.** Enter the beginning and ending dates, month and year, of the annual accounting period. For periods less than 12 months, enter the beginning and ending dates that correspond to the taxable period reported to the IRS.

**Line 3, Consolidated Filing.**

✔ **Corporations.** If a business receives the State Treasurer's approval to file a consolidated or combined SBT return, check the box and enter the authorization number on the line provided. Attach a copy of the approved Form C-8007, *Request for Consolidated or Combined Filing*, and Form C-8008, *Affiliation Schedule - Consolidated Filing*.

**Line 4, Controlled Groups.** A controlled corporate group is an affiliated group of corporations as defined in the SBT Act or a controlled group of corporations as defined in IRC Section 1563. **Entities under common control** are two or more trades or businesses, whether or not incorporated, under common control as defined in the IRS Regulation 1.414(c). This includes parent-subsidiary, brother-sister or combined groups of corporations. See RAB 1989-48 for further information.

ⓘ **Reminder:** Controlled groups must complete Form C-8010AGR, *SBT Adjusted Gross Receipts for Controlled Groups*, on page 63, to determine filing requirements for the group and to determine adjusted gross receipts for the group if an investment tax credit is taken. Attach completed schedule to return.

ⓘ **Important:** If the taxpayer is a member of a controlled group and is claiming a statutory exemption or small business credit, complete Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. Attach completed schedule to the tax return.

**Line 5, Account Number.** Use the taxpayer's Federal Employer Identification Number (FEIN) or the Michigan Treasury (TR) assigned number. If an organization type is individual and an account number does not exist yet, enter the taxpayer's social security number and enter an "S" in the box to the right. Treasury will notify the taxpayer when a Michigan TR number is assigned. Use that number on all future SBT filings unless a federal number has been assigned. For all other organization types without an account number, leave line 5 blank. Be sure to use the same account number on all forms.

## Gross Receipts Checklist

Note: This checklist is not intended to be all encompassing.

Receipts include, but are not limited to:

* Receipts (sales price) from the sale of assets used in a business activity;
* Sale of products;
* Services performed;
* Gratuities stipulated on a bill;
* Sales tax collected on the sale of tangible personal property;
* Dividend and interest income;
* Gross commissions earned;
* Rents;
* Royalties;
* Professional services;
* Sales of scrap and other similar items;
* Client reimbursed expenses not obtained in an agency capacity;
* Gross proceeds from intercompany sales.

Receipts exclude:

* Proceeds from sales by a principal that are collected in an agency capacity solely on behalf of the principal and delivered to the principal;
* Amounts received as an agent solely on behalf of the principal that are expended by the taxpayer under certain circumstances;
* Amounts from gross income of a foreign corporation engaged in the international operation of aircraft under section 883(a) of the Internal Revenue Code;
* Amounts received by an advertising agency used to acquire advertising media time, space, production, or talent on behalf of another person;
* Amounts received by a person that manages real property owned by a client that are deposited into a separate account kept in the name of the client and that are not reimbursed and are not indirect payments for management services provided to that client.
* Proceeds from the original issue of stock, equity instruments, or debt instruments;
* Refunds from returned merchandise;
* Cash and in-kind discounts;
* Trade discounts;
* Federal, State or local tax refunds;
* Security deposits;
* Payment of the principal portion of loans;
* Value of property received in like-kind exchange;
* Proceeds from a sale, transaction, exchange, involuntary conversion, or other disposition of tangible, intangible or real property that is a capital asset as defined in section 1221(a) of the Federal Internal Revenue Code, or land that qualifies as property used in trade or business as defined in section 1231(b) of the Internal Revenue Code, less any gain from the disposition to the extent that gain is included in federal taxable income;
* Proceeds from an insurance policy, settlement of a claim, or judgment in a civil action, less any proceeds that are included in federal taxable income;
* Proceeds from the taxpayer's transfer of an account receivable, if the sale that generated the account receivable was included in gross receipts for federal income tax purposes. This provision will not apply to a taxpayer who both buys and sells any receivables during the tax year.

**Line 7, Business Start Date.** Enter the start date of first Michigan business activity.

**Line 8, Principal Business Activity.** Enter a brief description of business activity (e.g., forestry, fisheries, mining, construction, manufacturing, transportation, communication, electric, gas, sanitary services, wholesale trade, retail trade, finance or services).

**Line 9, Organization Type.** Check the box that

11

describes the organization type. A Limited Liability Company should check the appropriate box based on the federal return.

**Line 10, Gross Receipts.** Gross receipts means the entire amount received from any activity, whether in intrastate, interstate or foreign commerce, carried out for direct or indirect gain, benefit, or advantage to the taxpayer or to others, with certain exceptions. Use the Gross Receipts Checklist as a guide to be sure receipts have been totaled correctly.  Use the appropriate worksheet on page 16 to calculate gross receipts.

**Line 11, Business Income.** Use the appropriate worksheet on page 16 to calculate business income.

## The SHORT METHOD to Compute SBT

The maximum SBT any filer pays is equal to the tax rate times one-half of the adjusted gross receipts. Adjusted gross receipts for this purpose means gross receipts, apportioned for companies doing business outside of Michigan, plus recapture of capital acquisition deduction. Figure this amount quickly by using Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55, lines 9-14, instead of figuring the tax base on Form C-8000. However, to claim the standard small business credit, the tax base must be computed.

If using the SHORT METHOD, complete Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55.

To use the SHORT METHOD, follow these steps:

1. Enter gross receipts on Form C-8000, line 10.
2. If claiming an unincorporated credit, enter the business income on Form C-8000, line 11.
3. Enter recapture, if applicable, from Form C-8000D, line 19, on Form C-8000, line 35.
4. Complete Form C-8000S, lines 9 through 14 only.
5. Enter the amount from Form C-8000S, line 14 on Form C-8000, line 42, and complete Form C-8000.

## Compensation Payments

**Line 12, Salaries, Wages and Other Payments.** Enter total payments, including the cash value of all consideration other than cash, made on behalf of or for the benefit of employees, officers or directors. Report these payments on a cash-only basis (i.e., include only the actual payments made during the year). For most filers this is the amount reported on U.S. 940 for the taxable year.

**Payments** include, but are not limited to, salaries, wages, fees, bonuses, commissions and other payments to employees, officers and directors that are subject to or specifically exempt or excepted from federal income tax withholding. This includes payments for casual services, but does not include payments to independent contractors.

An employee is a person from whom an employer is required to withhold federal income taxes (IRC Section 340l(c)).

**Lines 13 through 15.** Report any payments made on behalf of or for the benefit of employees, officers or directors on a cash or accrual basis consistent with the method of federal income tax reporting.

**Line 13, Employee Insurance Plans.** Enter payments to health or life insurance plans for employees, payments for health and welfare and non-insured benefit plans, and payment of fees for the administration of health and welfare and non-insured benefit plans.

Do not include here or on line 15, contributions for FICA (Social Security and Medicare), workers' compensation insurance, or the State and Federal Unemployment Compensation Fund.

For tax years beginning in 2004, compensation excludes 5% of health care benefits provided to Michigan residents. Health care benefits are payments under health and welfare and noninsured benefit plans and payments for the administration of those plans. The percentage exclusion increases for subsequent years.

| Tax Years beginning after: | % Exempted for MI residents: |
|---|---|
| 12/31/2003 | 5% |
| 12/31/2004 | 20% |
| 12/31/2005 | 40% |
| 12/31/2006 | 50% |

**Line 15, Other Payments.** Enter any payments made for the benefit of employees that are not included on lines 13-14.  For example, payments to supplemental unemployment benefit trusts, payments to individuals not currently working or payments to dependents and heirs for labor services rendered by an individual.

## Additions

Additions are generally added to the extent deducted in arriving at business income, line 11.

**Line 17, Depreciation.** Enter all depreciation or amortization of tangible assets which are claimed as a deduction on the federal return. This includes the immediate (permitted under IRC Section 179) or accelerated write-off of tangible assets.

Taxpayers choosing the mileage method to determine car expenses must include in depreciation that portion of the mileage rate that is required by the IRC to reduce the adjusted basis of the vehicle.

**Safe Harbor Leases.** The lessor and lessee must report any rent attributable to a leaseback agreement under IRC Section 168(f)(8). The lessor subtracts rental receipts from such property, while the lessee adds rental payments.

**Line 18, Taxes.** Enter all taxes on, or measured by, net income including city and state taxes, foreign

income tax and federal environmental tax claimed as a deduction on the federal return.

**Line 19, Single Business Tax.** Enter the single business tax claimed as a deduction on the federal return.

**Line 20, Dividends, Interest and Royalty Expenses.** Enter any dividend, interest and/or royalties claimed as a deduction on your federal return.

Do not include any of the following:

• Dividends not claimed as federal deductions

• Interest payments made by financial organizations

• Initial franchise fees and any royalties, fees and other payments or consideration paid or incurred by a franchisee to a franchisor to establish or maintain the franchise relationship

• Oil and gas royalties deducted

• Cable franchise fees paid to units of government

• Film rental payments made by a theater owner to a distributor or to a producer

• Payments made by radio or TV broadcasters for syndication or royalty fees, or any other charges for program matter

• Computer software royalties deducted.

**Line 21, Capital Loss Carryover or Carryback.**

✔ **Fiduciaries and Corporations.** Enter any capital loss carryover or carryback from the federal schedule that was included in the business income reported on line 11. Cannot be a negative number.

**Line 22, Net Operating Loss Carryover or Carryback.**

✔ **Fiduciaries and Corporations.** Enter any net operating loss carryover or carryback that was included in arriving at business income reported on line 11. This cannot be a negative number.

**Line 23, Gross Interest and Dividend Income.** Enter any income from bonds and similar obligations or securities of states other than Michigan and their political subdivisions. Include only the income derived from business activity. Subtract from this income-related expenses, if those expenses were not allowed as deductions on the federal return (IRC Sections 265 and 291).

**Line 24, Special Classifications Deduction.**

✔ **Corporations** - Enter any deduction or exclusion by a filer due to a classification as, or the payment of commissions or fees to, a domestic international sales corporation, Foreign Sales Corporation (FSC) or any similar special classification which reduces or postpones federal income tax liability. This does not apply to special provisions of IRC Sections 805, 809, 815(c)(2)(A), 823(c) & 824(a).

**Financial Organization Expense Addback.** Enter total expenses deducted in arriving at federal taxable income, less expenses which are added in determining the SBT tax base, times the following fraction:

$$\frac{\text{Interest from U.S. obligations that} \quad + \quad \text{Interest on}}{\text{Michigan is prohibited from taxing} \qquad \text{Michigan obligations}}$$
$$\text{Total Interest Income}$$

The result cannot exceed interest from U.S. obligations subtracted in arriving at the tax base.

**Line 25, Losses from Partnerships.** Enter any losses attributed to another taxable entity included in the business income reported on line 11. Enter the FEIN(s) of the partnerships, S Corporations or LLCs.

## Subtractions

Subtractions are generally subtracted to the extent included in arriving at business income, line 11.

**Line 28, Dividends, Interest or Royalty Income.** Enter dividends, interest and royalty income included in the business income reported on line 11.

Do not include:

• Dividends allowed as a dividend-received deduction on a federal return

• Oil and gas royalty income

• Initial franchise fees and any royalties, fees and other payments or consideration paid or incurred by a franchisee to a franchisor to establish or maintain the franchise relationship

• Interest income received by a financial organization. **Exception:** Interest from U.S. obligations that Michigan is prohibited from taxing may be included

• Film rental payments made by a theater owner to a distributor or to a producer

• Payments made by radio or TV broadcasters for syndication or royalty fees, or any other charges for program matter

• Computer software royalty income.

**Exception:** System software which interacts with operating system software and is developed, licensed and intended for the exclusive use of data processing professionals to build, test, manage or maintain application computer software. System software may not be transferred as part of, or in conjunction with, a sale or lease of computer hardware. System software royalty income may be included as a subtraction on line 28.

**Line 29, Excluded Capital Losses.** Enter any capital losses not included in arriving at federal taxable income in the year the loss occurred.

**Line 30, Income from Partnerships.** Enter income

13

attributed to another taxable entity included in the business income reported on line 11. Enter the FEIN(s) of the partnerships, S Corporations, or LLCs.

## Tax Base

**Line 32, Tax Base.** Tax base is business income or loss on line 11, plus compensation on line 16 and additions on line 26, and minus subtractions on line 31.

If income is taxable in another state, complete Form C-8000H, *SBT Apportionment Formula*, (page 33), before continuing. Attach the completed schedule to the return.

**Line 33, Apportioned Tax Base.** If taxable in another state, multiply line 32 by the percentage from Form C-8000H, line 16 or 19, whichever applies.

## Adjustments

A taxpayer must complete Form C-8000D, *SBT Recapture of Capital Acquisition Deduction*, on page 27, if **depreciable real or personal property** was:

- Purchased in a tax year beginning on or after January 1, 1976 and beginning before January 1, 2000, and disposed of during the current tax year; or
- Purchased in a tax year beginning after December 31, 1996 and before January 1, 2000, and moved outside of Michigan during the current tax year.

Attach the completed Form C-8000D to the return.

**Line 36, Adjusted Tax Base Before Loss Deduction and Statutory Exemption.** Any negative amount on this line is a business loss which may be carried forward successively to the next 10 taxable years, or until the loss is used, whichever occurs first. If line 36 is negative, no tax is due; enter 0 on line 43.

**Line 37, Business Loss Deduction.** Enter any unused business loss carryover from the SBT returns for the preceding 10 years (loss on line 38 in preceding years less the adjusted tax base in intervening years).

ⓘ **Note:** The Business Loss Deduction is not the federal net operating loss.

**Line 38, Adjusted Tax Base Before Statutory Exemption.** Subtract line 37 from line 36. If negative, enter zero and carry the unused loss to next year's SBT return.

## Statutory Exemption

✔ **Corporations** - If claiming a statutory exemption or a small business credit, complete Form C-8000KC, *SBT Schedule of Shareholders and Officers*, on page 43, before continuing. Attach the completed schedule to the return.

✔ **Partnerships** - Before continuing, complete Form C-8000KP, *SBT Schedule of Partners*, on page 47, to determine which partners qualify for the increased statutory exemption. Attach the completed schedule to the return.

**Line 39, Allowable Statutory Exemption.** For most filers, the statutory exemption is available only if business income is less than $67,500.

✔ **Corporations** - For most corporations, the statutory exemption is available only if the sum of business income, federal loss carryovers or carrybacks, and compensation/director fees of all shareholders is less than $67,500.

A statutory exemption cannot be used to increase a business loss or to offset adjusted tax base as determined on Form C-8000, line 36, before loss carryovers are reported on Form C-8000, line 37. An unused statutory exemption cannot be carried forward.

Complete Form C-8043, *SBT Statutory Exemption Schedule*, on page 69, before continuing. Attach completed schedule to the return.

If a member of a **controlled group** claiming an allocated statutory exemption, complete Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. A controlled group is entitled to only one statutory exemption, which is allocated on Form C-8009.

✔ **Individuals, Fiduciaries, Partnerships and Limited Liability Companies** - If averaging business income to determine the statutory exemption, complete Form C-8000G, *SBT Statutory Exemption/Business Income Averaging*, on page 31. Attach the completed schedule to the return.

## Reductions, Nonrefundable Credits, and Tax

**Line 41, Reduction to Adjusted Tax Base.** Taxpayers may qualify for either the compensation or the gross receipts reduction on Form C-8000S, *SBT Reductions to Adjusted Tax Base*, on page 55, but may use only one. Enter the amount of the reduction from Form C-8000S, line 16.

ⓘ **Reminder:** If a reduction is chosen, check the appropriate box which indicates the method of reduction used. The Investment Tax Credit (ITC) is not available if a gross receipts reduction to the adjusted tax base is taken to arrive at the tax liability. If an adjusted tax base is reduced by the percentage that compensation exceeds 63 percent, the ITC must also be reduced. Choose a reduction method or the ITC based on which option is most advantageous.

**Line 42, Taxable Base.** Filers using the SHORT METHOD, enter the amount from Form C-8000S, line 14. In no case should the amount on this line be more than 50 percent of the sum of apportioned gross receipts plus recapture of capital acquisition

14

deduction. If this method is used, the ITC is not available.

ⓘ **Important:** If eligible for the ITC, complete Form C-8000ITC, *SBT Investment Tax Credit*, on page 39, before continuing. Attach the completed schedule to the return.

**Line 44, Tax After Investment Tax Credit.** If claiming an ITC, enter the amount from Form C-8000ITC, line 37. If not claiming an ITC, carry the amount from line 43 to line 44.

The small business credit and the alternate tax are computed on Form C-8000C, *SBT Credit for Small Businesses and Contribution Credits*, on page 21. Review Form C-8000C to make sure all tax credits are taken for which the taxpayer is eligible. Attach the completed schedule to the return.

If the taxpayer is a member of a controlled group, the small business credit and alternate tax are computed on Form C-8009, *SBT Allocation of Statutory Exemption, Standard Small Business Credit and Alternate Tax for Members of Controlled Groups*, on page 57. Attach the completed schedule to the return.

**Line 45.** If claiming a small business credit or any contribution credits, enter the amount from Form C-8000C or Form C-8009. If not claiming these credits, carry the amount from line 44 to line 45.

**Line 46, Unincorporated and S Corporation Credit.** Unincorporated or S Corporations taxpayers are allowed a credit against SBT. Multiply line 45 by the percent from the table below and enter the result on line 46.

### Unincorporated/S Corporation Tax Credit Table

| If business income* is: | The credit is: |
| --- | --- |
| $20,000 or less | 20% of the SBT liability |
| $20,001-$39,999 | 15% of the liability |
| $40,000 or more | 10% of the liability |

*See page 6 for tax years less than 12 months.

**Line 47, Other Nonrefundable Credits**. If claiming an Enterprise Zone Credit, a Michigan Economic Growth Authority Business Activity Credit, Renaissance Zone Credit, Michigan Historic Preservation Tax Credit, Brownfield Redevelopment Credit, Next Energy Credit, Low-Grade Hematite Pellet Credit or Pharmaceutical Credit, see Form C-8000MC, *SBT Miscellaneous Credits*, on page 49. Note that these credits have strict eligibility requirements.

**Line 49, Tax After Nonrefundable Credits.**

ⓘ **Important:** If apportioned or allocated gross receipts are less than $350,000, enter a zero on this line.

Special rules apply to members of a controlled group. See page 4, "Filing an SBT Annual Return." If a business operated less than 12 months, annualize gross receipts to determine if a tax liability exists.

## Payments, Refundable Credit and Tax Due

**Line 51, Estimated Tax Payments**. Enter the total tax paid with Form C-8002, *SBT Quarterly Tax Returns*, or the estimated single business tax paid with Form 160, *Combined Return for Michigan Taxes*. Include all payments made on returns that apply to the current tax year. For example, calendar-year filers include money paid with the combined returns for return periods January through December.

**Line 53, Refundable Credits.** If claiming a Michigan Economic Growth Authority Employment Tax Credit, a Workers' Disability Supplemental Benefit Credit, an Apprenticeship Credit or a Next Energy Credit, see Form C-8000MC, *SBT Miscellaneous Credits*, on page 49.

**Line 56, Underpaid Estimate Penalty and Interest.** If penalty and interest are owed for not filing estimated returns or for underestimating tax, complete Form C-8020, *SBT Penalty and Interest Computation for Underpaid Estimated Tax*, on page 65, to compute penalty and interest due. If a taxpayer chooses not to file this form, Treasury will compute penalty and interest and bill for payment.

**Line 57, Annual Return Penalty and Interest**. See "Computing Penalty and Interest" on page 8.

**Line 58.** Enter the amount of payment due here and on line 62. If less than zero, leave blank.

**Line 59.** If the amount of overpayment, less any penalty and interest due on lines 56 and 57 is less than zero, enter the difference (as a positive number) on lines 58 and 62. If the amount is greater than zero, enter on line 59.

ⓘ **Reminder:** Taxpayers must sign and date returns. If someone else has prepared the return, they must also sign and date the return. See "Signing the Return" on page 8. Print the names in the areas provided for the taxpayer and the tax preparer.

**FEDERAL FORMS:** Attach copies of these federal forms to the return.

✔ **Corporations** - U.S. *1120, 1120A*, pages 1 - 4. If filing as part of a consolidated federal return, attach a proforma or consolidated schedule.

✔ **S Corporations** - U.S. *1120S*, pages 1 - 4*

✔ **Individuals** - U.S. *1040, Schedules C, C-EZ, D* and *E* and *4797.*

✔ **Fiduciaries** - U.S. *1041, Schedule D*

✔ **Partnerships** - U.S. *1065*, pages 1 - 4* and *8825.*

✔ **Limited Liability Companies** - attach appropriate schedules shown above based on federal return filed.

*★ Do not send copies of K-1s. Treasury will request them if necessary.*

** See the Gross Receipts Checklist on Page 11 for detailed information for these items.

> **Note: This worksheet may not be all inclusive to all taxpayers. There may be additional amounts that are included in gross receipts for Single Business Tax purposes that may not be picked up for federal purposes.**

## WORKSHEET 1
## GROSS RECEIPTS/BUSINESS INCOME
## INDIVIDUALS AND FIDUCIARIES

### PART 1: GROSS RECEIPTS

1. *U.S. 1040, Schedule C or C-EZ,* gross receipts (net of returns) _____ .00
2. *U.S. 1040, Schedule C,* other income _____ .00
3. *U.S. 1040, Schedule D,*** short and long term sales price _____ .00
4. *U.S. 1040, Schedule E,*
   a. Part I, total rents received _____ .00
   b. Total royalties received _____ .00
5. *U.S. 4797,* gross sales price, ** business assets _____ .00
6. Other receipts _____ .00
7. Total gross receipts
   Add lines 1 through 6. _____ .00

### PART 2: BUSINESS INCOME

8. *U.S. 1040, Schedule C or C-EZ,* net profit or (loss) _____ .00
9. *U.S. 1040, Schedule D,* gain or (loss) * _____ .00
10. *U.S. 1040, Schedule E,* line 22 rent and royalty income or (loss) _____ .00
11. *U.S. 4797* gains or (loss) not included in Schedule D _____ .00
12. Other income _____ .00
13. Total business income
    Add lines 8 through 12. _____ .00

*U.S. 1040D* and *4797*: Report only gains or losses from assets used in a business activity. Do not include personal gains and losses.

## WORKSHEET 2
## GROSS RECEIPTS/BUSINESS INCOME
## CORPORATIONS

### PART 1: GROSS RECEIPTS

1. *U.S. 1120* or *1120A,* line 1c _____ .00
2. *U.S. 1120* or *1120A,* lines 4-7 _____ .00
3. *U.S. 1120* or *1120A,* line 10 _____ .00
4. *U.S. 1120* or *1120A,* Schedule D ** short and long term sales price _____ .00
5. *U.S. 4797,* gross sales price ** _____ .00
6. Add lines 1 through 5 _____ .00

### PART 2: BUSINESS INCOME

Enter federal taxable income from *U.S. 1120* or *1120A.*

## WORKSHEET 3
## GROSS RECEIPTS/BUSINESS INCOME
## PARTNERSHIPS OR S CORPORATIONS

### PART 1: GROSS RECEIPTS

1. *U.S. 1065* or *U.S. 1120S*
   a. Gross receipts (net of returns) _____ .00
   b. Other income/receipts _____ .00
2. *U.S. 8825,* gross income from real estate rentals _____ .00
3. *U.S. 1065* or *1120S,* Schedule D ** short and long term sales price _____ .00
4. *U.S. 1065* or *1120S,* Schedule K
   a. Gross other rental income _____ .00
   b. Interest, dividend, royalty income _____ .00
   c. Other income _____ .00
5. *U.S 4797,* gross sales price ** business assets _____ .00
6. Other receipts _____ .00
7. Total gross receipts
   Add lines 1 through 6. _____ .00

### PART 2: BUSINESS INCOME

8. *U.S. 1065* or *1120S, Schedule K,* Income (Loss)
   a. Ordinary income (loss) _____ .00
   b. Net real estate rental income (loss) _____ .00
   c. Net other rental income (loss) _____ .00
   d. Interest, dividend & royalty income _____ .00
   e. Net short-term gain (loss) _____ .00
   f. Net long-term gain (loss) _____ .00
   g. Other portfolio income (loss) _____ .00
   h. Guaranteed payments to partners _____ . 00
   i. Other net gain (loss) under section 1231 _____ .00
   j. Other income _____ .00
9. Total income or (loss)
   Add lines 8a through 8j. _____ .00
10. *U.S. 1065* or *1120S, Schedule K,* Deductions
    a. Charitable contributions _____ .00
    b. Section 179 expense _____ .00
    c. Deductions related to portfolio income _____ .00
    d. Other deductions _____ .00
11. Total deductions
    Add lines 10 through 10d. _____ .00
12. Total business income
    Subtract line 11 from line 9. _____ .00

> **Note: Limited liability companies should choose the appropriate worksheet based on their federal return.**