# **Exhibit B**

Hearing Date & Time:  August 5, 2008 at 10:00 a.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Kurt Ramlo (KR 8629)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF JAMES P. WHITSON IN SUPPORT OF DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM
NUMBER 16633 WITH RESPECT TO MICHIGAN SINGLE BUSINESS TAXES
FOR THE PERIOD OF JANUARY 1, 2005 THROUGH OCTOBER 7, 2005
(STATE OF MICHIGAN DEPARTMENT OF TREASURY – SBT TAXES)

James P. Whitson Declaration

I, James P. Whitson, declare as follows:

1. Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates are debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors"). I submit this declaration in support of the Debtors' Supplemental Reply With Respect To Proof Of Claim Number 16633 With Respect To Michigan Single Business Taxes For The Period Of January 1, 2005 Through October 7, 2005 (State Of Michigan Department Of Treasury – SBT Taxes) (the "Supplemental Reply"). Capitalized terms used but not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2. I am the Chief Tax Officer of Delphi. I am responsible for directing Delphi's global tax and customs planning and reporting. I have been employed by Delphi since August 1998. Before joining Delphi, I was the Vice President, Assistant Treasurer and Director of Taxes at ITT. During my more than 17 years at ITT, I was responsible for a broad range of tax matters and directed activities of outside tax counsel and accountants. I received an MBA from Harvard Business School in 1971 and a Bachelor in Economics from Davidson College in 1966. I am a Certified Public Accountant and a member of the American Institute of Certified Public Accountants, the Tax Executives Institute, Financial Executives International (formerly known as the Financial Executives Institute), and the International Fiscal Association.

3. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, my opinion, and my experience with and knowledge of Delphi's tax matters, or are based upon knowledge obtained from Delphi's employees reporting to me in the course of their duties. If I were called upon to testify, I could and would testify to the facts set forth herein.

    4.  In the 2005 tax year, the Debtors made over $1.6 billion of expenditures that constituted research and experimental expenditures ("R&E Expenses") under I.R.C. § 174. When the Debtors computed their federal taxable income for federal income tax reporting for the 2005 tax year, the Debtors elected to capitalize $1,002,000,000 of these R&E Expenses and to amortize them over ten years. Thus, $100,200,000 of the capitalized 2005 R&E Expenses were deducted in computing federal taxable income for 2005, and the same amount would be deducted when computing federal taxable income for each of the nine tax years following 2005.

    5.  The Debtors' decision to defer allowable deductions on their 2005 federal income tax return at first impression seems counterintuitive. This decision was predicated on the Debtors' situation of having available foreign tax credits and an unusually large amount of foreign source income in 2005. The Debtors capitalized and amortized their 2005 R&E Expenses on their filed Form 1120 for 2005 so as to reduce the amount of the domestic source loss that would offset foreign source income. This produced an amount of tax that was based solely on foreign source income and allowed the Debtors to use certain foreign tax credits to offset over 99% of their 2005 federal tax liability. A fraction of 1% of the tax pertained to "passive basket" income for which the debtors did not have sufficient "passive basket" foreign tax credits to offset the entire tax. The foreign tax credits that were utilized would otherwise have expired if not used within ten years from the years in which they originated. In this way, the Debtors were able to (i) use certain foreign tax credits to offset substantially all of the Debtors' 2005 federal tax liability and (ii) preserve additional R&E Expense amortization deductions for future tax years. Because the foreign tax credits would have expired within ten years, and because foreign tax credits can offset only tax on foreign source income while future deductions of R&E Expenses can offset both domestic and foreign source income, the Debtors

James P. Whitson Declaration

opted to maximize the application of the foreign tax credits in 2005. Accordingly, the Debtors elected under I.R.C. § 59(e) to amortize the 2005 R&E Expenses over ten years and thereby increase their 2005 federal tax liability, before credits.

6. The Michigan Single Business Tax ("SBT") Act, however, does not contain or provide for use of foreign tax credits to offset SBT liability. Thus, the Debtors had no reason to defer their 2005 R&E Expenses with respect to their 2005 SBT return and thereby increase their SBT liability. When calculating their 2005 SBT "business income," therefore, the Debtors chose to calculate their federal taxable income for SBT purposes by deducting the full amount of R&E Expenses for that tax year. The Debtors included a schedule with their 2005 SBT return showing the calculation for SBT purposes of federal taxable income, which under the SBT Act is "business income." A copy of this schedule is attached hereto as Exhibit C. This schedule could have been substituted or replaced by a pro forma Form 1120 to show the calculation of federal taxable income for SBT purposes.

7. The group of Delphi entities filing the consolidated federal return was different than the group of Delphi entities filing the consolidated SBT return.

8. The Debtors computed their 2005 SBT liability beginning with "business income," as defined in Mich Comp. Laws § 208.3(3). For purposes of their SBT return, the Debtors properly computed their 2005 "business income" as federal taxable income under the Internal Revenue Code by deducting in full its R&E Expenses incurred in 2005. The Debtors prepared and submitted with their 2005 SBT return a schedule of adjustments to the federal taxable income amount that appeared on their federal income tax return (which included capitalization and amortization of R&E Expenses). The adjustments showed the federal taxable income amount that results from the Debtors' deduction of R&E Expenses in full. The deduction

4

James P. Whitson Declaration

of 2005 R&E Expenses in full is shown by the line item entitled "Reversal of R&E Capitalization – Delphi Corporation." As I describe below, however, this "reversal" line item by itself would not accurately reflect the full deduction of 2005 R&E Expenses.

9.  Because one-tenth amortization of the 2005 R&E Expenses appeared on the federal Form 1120, the adjustments also included an addback of this one-tenth amortization. This adjustment is shown in the line item entitled "Addback of 2005 Amortization – Delphi Corporation." In addition, R&E Expenses incurred in prior years (1999 and 2002 through 2004), and fully deducted for SBT purposes, were also amortized on the Debtors' 2005 federal income tax return. Thus, the Debtors' adjustments also included addbacks of those prior year amortizations, which were reflected in three separate line items that all begin with "Addback of Prior Years' Amortizations." All of these adjustments resulted in an amount equal to the Debtors' 2005 federal taxable income after deducting all 2005 R&E Expenses in full and accounting for R&E Expenses incurred in 1999 and 2002 through 2004 which had already been deducted in full in prior years for SBT purposes.

10. Had the Debtors not made these addbacks, the Debtors would have effectively been deducting under the SBT certain R&E Expenses more than once, a result the Debtors were intentionally trying to avoid under the SBT. In fact, rather than using federal taxable income as reported on Form 1120 as the starting point for calculating SBT "business income," the Debtors could have instead calculated their federal taxable income by preparing a pro forma Form 1120 that deducted the full amount of R&E Expenses for 2005 and accounted for the prior year deductions in full of the R&E Expenses. This would have obviated the need for addbacks altogether; yet, it would have yielded the same result—amortizing R&E Expenses

5

James P. Whitson Declaration

for federal purposes but adding back those same amortizations for SBT purposes to ensure that R&E Expenses were deducted once, and only once.

11. The following three charts illustrate that the reconciling items or "addbacks" made by the Debtors served the sole purpose of substituting for separately prepared Forms 1120 to calculate federal taxable income for SBT purposes:

| Federal Income Tax – Federal Returns—Forms 1120 | | | | | |
|---|---|---|---|---|---|
| Year | 1999 | 2002 | 2003 | 2004 | 2005 |
| R&E Expenses capitalized | 2,795,550 | 1,102,849,497 | 1,050,331,255 | 1,328,995,124 | 1,002,000,000 |
| Amount amortized (**deducted**) when calculating federal taxable income | **(279,555)** | **(110,284,949)** | **(105,033,125)** | **(132,899,512)** | **(100,200,000)** |
| | | (279,555) | (110,284,949) | (105,033,125) | (132,899,512) |
| | | | (279,555) | (110,284,949) | (105,033,125) |
| | | | | (279,555) | (110,284,949) |
| | | | | | (279,555) |

| Michigan Single Business Tax – Adjustment Schedules To SBT Returns | | | | | |
|---|---|---|---|---|---|
| Year | 1999 | 2002 | 2003 | 2004 | 2005 |
| Amortization deductions included within "federal taxable income" from filed Forms 1120 | (279,555) | (110,284,949) | (105,033,125) | (132,899,512) | (100,200,000) |
| | | (279,555) | (110,284,949) | (105,033,125) | (132,899,512) |
| | | | (279,555) | (110,284,949) | (105,033,125) |
| | | | | (279,555) | (110,284,949) |
| | | | | | (279,555) |
| R&E Expenses **deducted in full** (through reversal adjustments) | **(2,795,500)** | **(1,102,849,497)** | **(1,050,331,255)** | **(1,328,995,124)** | **(1,002,000,000)** |
| Schedule of "addback" adjustments to calculate federal taxable income for SBT purposes | 279,555 | 110,284,949 | 105,033,125 | 132,899,512 | 100,200,000 |
| | | 279,555 | 110,284,949 | 105,033,125 | 132,899,512 |
| | | | 279,555 | 110,284,949 | 105,033,125 |
| | | | | 279,555 | 110,284,949 |
| | | | | | 279,555 |

| Michigan Single Business Tax – Potential Pro Forma Federal Returns—Forms 1120 | | | | | |
|---|---|---|---|---|---|
| Year | 1999 | 2002 | 2003 | 2004 | 2005 |
| R&E Expenses **deducted in full** in the year incurred (rather than capitalized) | **(2,795,550)** | **(1,102,849,497)** | **(1,050,331,255)** | **(1,328,995,124)** | **(1,002,000,000)** |

12. If the Debtors were required to calculate their 2005 SBT liability by using their unadjusted federal taxable income from their Form 1120 that was filed with the Internal Revenue Service as their "business income" for SBT purposes, their 2005 SBT liability for the period of January 1, 2005 through October 7, 2005 would be $946,674.63.

13. If the Debtors were required to accelerate addbacks in the manner asserted by Michigan, the Debtors agree that Michigan's claim for the period of January 1, 2005 though October 7, 2005 for unpaid 2005 SBT liability would be $1,108,429.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2008.

/s/ James P. Whitson
JAMES P. WHITSON