UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                               :        Chapter 11
:
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
:
                  Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER, SOLELY AS TO STATUTORY COMMITTEES, EXTENDING UNDER 11 U.S.C. § 1121(d) DEBTORS' EXCLUSIVE PERIODS WITHIN
WHICH TO FILE AND SOLICIT ACCEPTANCES OF REORGANIZATION PLAN

("§ 1121(d) STATUTORY COMMITTEE EXCLUSIVITY EXTENSION MOTION")

        Upon the motion, dated July 11, 2008 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 1121(d) further extending the Debtors' exclusive periods within which to file and solicit acceptances of a plan of reorganization (collectively, the "Exclusive Periods"), solely as between the Debtors and the official committee of unsecured creditors and the official committee of equity security holders (collectively, the "Statutory Committees"), and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED, AND DECREED THAT:

        1.      The Motion is GRANTED.

2. The Debtors' exclusive period under 11 U.S.C. § 1121(d) for filing a plan of reorganization, solely as between the Debtors and the Statutory Committees, is extended through and including October 31, 2008.

3. The Debtors' exclusive period under 11 U.S.C. § 1121(d) for soliciting acceptances of a plan of reorganization, solely as between the Debtors and the Statutory Committees, is extended through and including December 31, 2008.

4. Entry of this order is without prejudice to (a) the Debtors' right to seek such additional and further extensions of the Exclusive Periods, as between the Debtors and the Statutory Committees, as may be necessary or appropriate and (b) the Statutory Committees' right to seek to reduce the Exclusive Periods, as between the Debtors and the Statutory Committees, for cause in accordance with 11 U.S.C. § 1121(d).

5. The Debtors and the Statutory Committees expressly reserve their rights to address, if any of the Exclusive Periods, as between the Debtors and the Statutory Committees, expires, whether 11 U.S.C. § 1129(c) prevents the Statutory Committees from filing and soliciting a competing plan of reorganization.

6. The relief granted in this order does not alter the relief granted in paragraphs 2 and 3 of the Postconfirmation Exclusivity Order (as defined in the Motion and found at Docket No. 13483) as to all other parties-in-interest other than the Statutory Committees.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

8. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      July ___, 2008

 

_____
UNITED STATES BANKRUPTCY JUDGE