SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOFS OF CLAIM NUMBERS 1933, 2708, 2709, 2710, 2711, AND 2712
<u>(LIQUIDITY SOLUTIONS INC., AS ASSIGNEE OF METAL POWDER PRODUCTS CO.
AND EST TESTING SOLUTIONS)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Liquidity Solutions Inc. d/b/a Revenue Management ("LSI"), as assignee of Metal Powder Products Company ("MPP") and EST Testing Solutions ("EST"), respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 1933, 2708, 2709, 2710, 2711, And 2712 (Liquidity Solutions Inc., As Assignee Of Metal Powder Products Company and EST Testing Solutions) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 17, 2005, MPP submitted five demands to the Debtors asserting reclamation claims in the aggregate amount of $25,655.33 (collectively, the "Reclamation Demands").

WHEREAS, on February 9, 2006, EST filed proof of claim number 1933 ("Proof of Claim No. 1933") against DAS LLC, asserting an unsecured non-priority claim in the amount of $161,818.99 ("Claim 1933") arising from the sale of goods.

WHEREAS, on April 5, 2006, MPP filed proof of claim number 2708 ("Proof of Claim No. 2708") against DAS LLC, asserting an unsecured non-priority claim in the amount of $2,554.78 and a reclamation claim in the amount of $459.77 ("Claim 2708") arising from the sale of goods.

2

WHEREAS, on April 5, 2006, MPP filed proof of claim number 2709 ("Proof of Claim No. 2709") against DAS LLC, asserting an unsecured non-priority claim in the amount of $33,544.10 ("Claim 2709") arising from the sale of goods.

WHEREAS, on April 5, 2006, MPP filed proof of claim number 2710 ("Proof of Claim No. 2710") against Delphi, asserting an unsecured non-priority claim in the amount of $143,824.89 and a reclamation claim in the amount of $1,498.18 ("Claim 2710") arising from the sale of goods.

WHEREAS, on April 5, 2006, MPP filed proof of claim number 2711 ("Proof of Claim No. 2711") against Delphi, asserting an unsecured non-priority claim in the amount of $14,700.00 ("Claim 2711") arising from the sale of goods.

WHEREAS, on April 5, 2006, MPP filed proof of claim number 2712 ("Proof of Claim No. 2712") against Delphi, asserting an unsecured non-priority claim in the amount of $26,184.00 ("Claim 2712," and together with Claim 1933, Claim 2708, Claim 2709, Claim 2710, and Claim 2711, the "Claims") arising from the sale of goods.

WHEREAS, on April 24, 2006 , the Debtors and MPP entered into a letter agreement (the "April 24 Reclamation Letter Agreement") with respect to the Reclamation Demands, whereby the Debtors and MPP acknowledge and agree that the valid amount of the Reclamation Demands is, in the aggregated, $1,957.95 (the "Reclamation Claims"), subject to the Debtors' right to seek, at any time and notwithstanding MPP's agreement to the amount set forth in the April 24 Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on June 15, 2007, the Debtors objected to Claim 1933, Claim 2708, Claim 2709, Claim 2711, and Claim 2712 pursuant to the Debtors' Seventeenth Omnibus

3

Objection (Substantive) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 11, 2007, LSI filed its Response Of Liquidity Solutions Inc., As Assignee, To Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8531) (the "Seventeenth Omnibus Objection Response").

WHEREAS, on July 13, 2007, the Debtors objected to Claim 2710 pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection," and together with the Seventeenth Omnibus Claims Objection, the "Omnibus Claims Objections").

WHEREAS, on August 8, 2007, LSI filed its Response of Liquidity Solutions, Inc., as Assignee, to Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to Section

502(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims (Docket No. 8928) (the "Nineteenth Omnibus Objection Response," and together with the Seventeenth Omnibus Objection Response, the "Responses").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served copies of a personalized Notices Of Treatment Of Reclamation Claim Under Plan Of Reorganization (collectively, the "Reclamation Election Notices") on MPP with respect to the Reclamation Claims, whereby the Debtors presented MPP with the option of electing either (i) to take a general unsecured claim for the amount of each of the Reclamation Claims to the extent that such claims are allowed or (ii) to continue to assert administrative priority status for each of the Reclamation Claims and have such Reclamation Claims automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that such Reclamation Claims are subject to the Debtors' Reserved Defenses that such Reclamation Claims are not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which the MPP is seeking a Reclamation Claim are or were subject to a valid security interest.

WHEREAS, MPP failed to return the Reclamation Election Notices. Thus, pursuant to the Second Amended Reclamation Order, MPP has been deemed to have waived its

5

right to assert administrative priority status for its Reclamation Claims and to the extent that such claims are allowed, such claims will be treated as prepetition general unsecured claims.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 1933 shall be allowed against DAS LLC in the amount of $142,833.34 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 2708 shall be allowed against DAS LLC in the amount of $3,014.55 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 2709 shall be allowed in the amount of $33,544.10 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 2710 shall be allowed against DAS LLC in the amount of $145,323.07 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 2711 shall be allowed in the amount of $14,700.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim 2712 shall be allowed in the amount of $23,622.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either

because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and LSI stipulate and agree as follows:

1. Claim 1933 shall be allowed in the amount of $142,833.34 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 2708 shall be allowed in the amount of $3,014.55 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim 2709 shall be allowed in the amount of $33,544.10 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4. Claim 2710 shall be allowed in the amount of $145,323.07 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

5. Claim 2711 shall be allowed in the amount of $14,700.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

6. Claim 2712 shall be allowed in the amount of $23,622.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

7. Without further order of the Court, DAS LLC is authorized to offset or reduce Claim 2710 for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which MPP is a party.

8. Allowance of Claim 1933, Claim 2708, Claim 2709, Claim 2710, Claim 2711, and Claim 2712 is in full satisfaction of each of Claim 1933, Claim 2708, Claim 2709, Claim 2710, Claim 2711, and Claim 2712, respectively, and LSI, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "LSI Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that each of the Claims is anything but a prepetition general unsecured non-priority claim against DAS LLC. The LSI Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the LSI Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date in connection with the Claims.

9. LSI shall withdraw its Responses to the Omnibus Claims Objections with prejudice with respect to the Claims.

So Ordered in New York, New York, this 15th day of July, 2008

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Michael Handler |
|---|---|
| John Wm. Butler, Jr. | Michael Handler |
| John K. Lyons | Dana Kane |
| Ron E. Meisler | LIQUIDITY SOLUTIONS, INC. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | One University Plaza, Suite 312 |
| 333 West Wacker Drive, Suite 2100 | Hackensack, New Jersey 07601 |
| Chicago, Illinois 60606-1285 | (201) 968-0001 |
| (312) 407-0700 | |
| | Attorneys for Liquidity Solutions, Inc,. As Assignee of Metal Powder Products Co. And EST Testing Solutions |

                     - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession