SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::::::::::::::::::::::::::::::::::::::::
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING CLAIM (DENNIS L. CHAPPELL AND SPOUSE)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Dennis L. Chappell ("Retiree") and Spouse (together with Retiree, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Claim (Dennis L. Chappell And Spouse) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) (the "Plan").  On January 25, 2008, the Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order"), which became a final order on February 4, 2008.  Pursuant to Article 1.69 of the Plan as modified by the Confirmation Order, "Effective Date" means "the Business Day determined by the Debtors on which all conditions to the consummation of this Plan set forth in Article 12.2 of this Plan have been either satisfied or waived as provided in Article 12.3 of this Plan and the day upon which this Plan is substantially consummated."

WHEREAS, on March 17, 2008, Delphi and the Claimants entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, Delphi acknowledges and agrees that Retiree shall have an allowed claim against Delphi in the amount of $224,533.84 (the "Allowed Claim").

WHEREAS, the Claimants acknowledge that they have been given the opportunity to consult with counsel before executing the Settlement Agreement and are executing such Settlement Agreement without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth in the Settlement Agreement.

WHEREAS, Delphi is authorized to enter into the Settlement Agreement either because the claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Claimants stipulate and agree as follows:

1. Retiree shall have an allowed claim in the amount of $224,533.84 and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi.

2. In the event the Effective Date occurs later than March 31, 2008, the Allowed Claim will be automatically adjusted, as necessary, to account for, among other things, actual payments received during these chapter 11 cases pursuant to that certain Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Docket No. 198) entered by the Court on October 13, 2005.

      3.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Joint Stipulation.

So Ordered in New York, New York, this <u>15th</u> day of July, 2008

          /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Dennis L. Chappell |
|---|---|
| John Wm. Butler, Jr. | Dennis L. Chappell |
| John K. Lyons | 104 Whippoorwill Drive |
| Ron E. Meisler | Monroe, LA  71203-9630 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | |
| - and – | - and – |
| | /s/  Vickie Chappell |
| Kayalyn A. Marafioti | Spouse |
| Thomas J. Matz | |
| Four Times Square | |
| New York, New York  10036 | |
| (212) 735-3000 | |

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4