SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
                                                         :
     In re                                        :        Chapter 11
                                                         :
DELPHI CORPORATION, et al.,        :        Case No. 05–44481 (RDD)
                                                          :
                        Debtors.       :        (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 12166
(IER FUJIKURA, INC. AND LONGACRE MASTER FUND, LTD.)

1

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), IER Fujikura, Inc., f/k/a IER Industries, Inc. ("IER"), and Longacre Master Fund, Ltd. ("Longacre" and, together with IER, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12166 (IER Fujikura, Inc. And Longacre Master Fund, Ltd.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 13, 2005, IER submitted a demand to the Debtors asserting a reclamation claim in the amount of $63,708.23 (the "Reclamation Demand").

WHEREAS, on June 12, 2006, the Debtors and IER entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and IER acknowledge and agree that the valid amount of the Reclamation Demand is $37,316.37 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding IER's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses to the Reclamation Claim are valid.

WHEREAS, IER filed proof of claim number 12166 against DAS LLC on July 28, 2006, which asserts a secured claim in the amount of $177,730.00 (the "Claim") for goods purchased by DAS LLC prior to the Petition Date.  IER asserted that a portion of the Claim was entitled to administrative expense priority as it consisted of goods subject to a reclamation

2

demand.

WHEREAS, the Debtors objected to the Claim pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), which was filed on October 31, 2006.

WHEREAS, on November 22, 2006, IER filed its Response Of Fujikura, Inc. To Debtors' Third Omnibus Objection To Claim No. 12166 (Docket No. 5687) (the "Response").

WHEREAS, on February 21, 2007, IER assigned its interest in the Claim to Longacre pursuant to a Notice Of Transfer (Docket No. 7002).

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on IER with respect to the Reclamation Claim, whereby the Debtors presented IER with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which

3

IER is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense").

WHEREAS, IER failed to return the Reclamation Election Notice. Thus, pursuant to the Second Amended Reclamation Order, IER has been deemed to have waived its right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, on May 12, 2008, to resolve the Third Omnibus Claims Objection with respect to the Claims, Delphi and the Claimants entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $174,339.13.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Claimants stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $174,339.13 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code,

4

of an executory contract or unexpired lease to which IER is a party.

   3. Both the Third Omnibus Claims Objection with respect to the Claim and the Response are resolved pursuant to the Settlement Agreement and this Joint Stipulation.

So Ordered in New York, New York, this 15th day of July, 2008

          /s/Robert D. Drain
         UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ James M. Lawniczak |
|---|---|
| John Wm. Butler, Jr. | James M. Lawniczak |
| John K. Lyons | Nathan A. Wheatley |
| Ron E. Meisler | CALFEE, HALTER & GRISWOLD LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 1400 McDonald Investment Center |
| | 800 Superior Ave. |
| 333 West Wacker Drive, Suite 2100 | Cleveland, Ohio 44114 |
| Chicago, Illinois 60606-1285 | (216) 622-8200 |
| (312) 407-0700 | |
| | Attorneys for IER Fujikura, Inc. f/k/a IER Industries, Inc. |
| - and – | |
| | /s/ Vladimir Jelisavcic |
| Kayalyn A. Marafioti | Vladimir Jelisavcic |
| Thomas J. Matz | LONGACRE MASTER FUND, LTD. |
| Four Times Square | 810 Seventh Avenue, 22nd Floor |
| New York, New York 10036 | New York, NY 10019 |
| (212) 735-3000 | (212) 259-4300 |
| | |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | Attorney for Longacre Masterfund, Ltd. |

5