TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for DAS LLC Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
   In re                              :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05–44481 (RDD)
                                        :
                     Debtors.   :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT STIPULATION AND AGREED ORDER RESOLVING
DEBTORS' OBJECTION TO NOTICE OF CURE CLAIM OF BANK
OF AMERICA, N.A. WITH RESPECT TO CERTAIN LEASES BY
AND BETWEEN BANK OF AMERICA, N.A. AND DELPHI
<u>AUTOMOTIVE SYSTEMS HUMAN RESOURCES, LLC</u>**

      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and Bank of America, N.A. ("BofA") respectfully submit this Stipulation And Agreed Order Resolving The Debtors' Objection To The Notice Of Cure (the "Cure Notice") Claim Of Bank Of America, N.A. With Respect To Certain Aircraft Leases By And Between Bank Of America, N.A. And Delphi Automotive Systems Human Resources LLC ("DAS HR"), and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern District of New York.

**WHEREAS,** prior to the Petition Date, certain of the Debtors and BofA's predecessors in interest entered into aircraft leases, each dated March 30, 2001 (the "Leases"), pursuant to which BofA leases two aircraft to the DAS HR.

**WHEREAS**, Delphi Corporation and Delphi Automotive Systems LLC (the "Guarantors") guaranteed the obligations under the Leases.

**WHEREAS,** on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

**WHEREAS,** BofA asserts that after the Petition Date, BofA incurred legal fees and expenses in defense of its rights under the Leases and that the Debtors are obligated to reimburse BofA for those legal fees and expenses pursuant to the terms of the Leases.

**WHEREAS,** on or about February 1, 2008, BofA filed the Cure Notice (the "Cure Notice"), seeking (a) reimbursement of legal fees of $147,056.02 and expenses of $10,718, all of which were incurred after the Petition Date (the "Legal Costs") and (b) reaffirmations of Guarantors ' guarantees of the Leases.

**WHEREAS**, the Debtors have objected to the Legal Costs sought in the Cure Notice.

**NOW THEREFORE,** in consideration of the foregoing, the Debtors and BofA stipulate and agree:

2

(1)    Promptly after an Order approving this Stipulation becomes final, the Debtors shall pay BofA $85,178 (the "Settlement Amount") in full and final satisfaction of Legal Costs through and including the date hereof.

(2)    BofA hereby acknowledges that upon the Debtors' payment of the Settlement Amount, BofA shall be forever barred from asserting any other claim against the Debtors relating to the Legal Costs. To the extent that BofA already has asserted claims against any of the Debtors which pertain to the Legal Costs and which have not yet been withdrawn, such claims are hereby deemed withdrawn with prejudice.

(3)    Upon the effective date of the Plan, as may be amended, modified or superseded (the "Effective Date"), the Guarantors shall execute and deliver to BofA Guaranty Reaffirmations substantially in the forms annexed hereto (the "Guaranty Reaffirmations"). The Guaranty Reaffirmations shall become effective the Effective Date of the Plan.

(4)    The Court's prior Orders in this case at Docket No.1805, at Docket No. 21 in Adversary Proceeding No. 06-01121, and paragraph 25 in the Court's prior Order at Docket No. 797 (the "Orders") shall continue in full force and effect, including, without limitation, as to all agreements referenced in the Orders and to the Segregated Account, as that term is defined in the Orders, including any and all extensions and modifications thereto including, without limitation, the April 28, 2006 Agreement between Delphi Automotive Systems Human Resources, LLC, Pentastar Aviation, LLC and Automotive Air Charter, Inc., and all charter revenue and lease proceeds therefrom.

(5)     The Cure Notice shall be deemed withdrawn with prejudice once an Order approving this Stipulation becomes final.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Neil Berger

Neil Berger (NB-3599)
A Member of the Firm

TOGUT SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in-Possession

/s/ Patrick E. Mears

Patrick E. Mears
A Member of the Firm

BARNES & THORNBURG, LLP
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, Michigan 49503
(616) 742-3930

Attorneys for Bank of America, N.A.

**SO ORDERED**

This ___ day of _____, 2008
in New York, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE