TOGUT, SEGAL & SEGAL LLP                                    **Hearing Date: July 23, 2008**
Conflicts Counsel for Delphi Corporation, *et al.*          **Hearing time: 10:00 AM**
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Howard P. Magaliff (HPM-2189)
Lara R. Sheikh (LS-0879)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
In re:                                        :        Chapter 11
                                              :        Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*                  :
                                              :
                              Debtors.        :
                                              :
---------------------------------------------------------------x

## DEBTORS' OBJECTION TO MOTION BY AFFINIA CANADA CORP., EFT FOR RECONSIDERATION OF ORDER REDUCING CLAIM

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to the motion (the "Reconsideration Motion) by Affinia Canada Corp., EFT ("Affinia") for reconsideration of the Court's January 25, 2008 Order (the "Order") reducing claim number 11099 (the "Claim") pursuant to section 502(j) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein by Rule 9024 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Bankruptcy Rule 3008.  In support of this

Objection, the Debtors respectfully state:

## Preliminary Statement

1.      Affinia lacks standing to seek reconsideration of the Order because

it assigned the Claim to SPCP Group, L.L.C. ("SPCP") on July 30, 2007 pursuant to a

Notice of Assignment of Claim (the "Notice of Assignment") (Docket No. 9215) five

months before the Debtors objected to the Claim on December 21, 2007 (the "Claim

Objection").  The Notice of Assignment that was filed to evidence the assignment of the

Claim directed that the Claim Objection and all other notices regarding the Claim be

served upon SPCP – which is precisely how notice of the Claim Objection was

provided.

2.      Even if Affinia had standing to seek reconsideration of the Order, it

has failed to establish "excusable neglect" as required by Bankruptcy Rules 3008 and

9024, and it has similarly failed to establish that reconsideration would be appropriate

"according to the equities of the case," as required by Bankruptcy Code section 502(j).

3.      The Reconsideration Motion is based upon Affinia's infirm

assertions that (a) it did not receive adequate notice of the Debtors' December 21, 2007

Claim Objection either because (i) the Debtors served the Claim Objection upon SPCP,

the holder/assignee of the claim, rather than Affinia, or (ii) Affinia failed to recognize

that the Claim Objection affected Affinia's interest;  and (b) Affinia did not have reason

to believe that there would be any objection to the Claim because it had provided

information to the Debtors concerning the Claim as part of communications which

ended on October 22, 2007 without agreement.

4.      Having acknowledged receipt of service of the Claim Objection

before the deadline to respond, Affinia has not and cannot establish any legal, factual or

equitable basis to warrant reconsideration of the Order.  Moreover, Affinia fails to

address its lack of standing to seek reconsideration.  The Reconsideration Motion

should be denied.

### Procedural History Regarding the Claim

5.      Affinia filed the Claim on July 7, 2006 and asserted an unsecured,

non-priority claim against Delphi Corporation in the amount of $173,734.07.

6.      On July 30, 2007, Affinia transferred the Claim to SPCP as agent for

Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, LTD, pursuant

to the Notice of Assignment, which was signed by Charles H. Mendeljian, VP Customer

Financial Services for Affinia ("Mendeljian"), a copy of which is annexed hereto as

Exhibit "1."  The Notice of Assignment provides that "[i]f no objection is timely

received by the court, the transferee [SPCP] will be substituted as the original claimant

without further order of the court."  No objection was docketed in response to the

Notice of Assignment, and SPCP was substituted for Affinia as the Claimant pursuant

to the Notice of Assignment and Bankruptcy Rule 3001(e)(2).

7.      When Affinia assigned the Claim to SPCP, Affinia expressly

waived its right to receive notice of the Claim Objection and directed the Debtors to

give notice to SPCP concerning the Claim.  Exhibit "A" to the Notice of Assignment (the

"Evidence of Transfer"), signed by Mr. Mendeljian provides, in relevant part, that

> "[a]ssignor [Affinia] further directs the Debtor, the
> Bankruptcy Court and all other interested parties that all
> further notices related to the Assigned Claim, and all
> payments or distributions of money or property in respect of
> the claim, shall be delivered or made to the Assignee
> [SPCP]."

8.      Moreover, although SPCP and Affinia acknowledge receipt of the

Claim Objection, neither of them filed a response to it.  See Affidavit of Charles H.

3

Mendeljian ("Mendeljian Aff.") ¶19, annexed to the Motion to Reconsider. The

Reconsideration Motion was filed nearly four months after the Claim Objection was

filed, served and received by SPCP and Affinia.

       9.     On December 21, 2007, the Debtors filed their Twenty-Fourth

Omnibus Claims Objection (Docket No. 11588).

       10.    Also on December 21, 2007, the Debtors' claims agent, Kurzman

Carson Consulting LLC ("KCC"), served the Claim Objection (without exhibits), the

Personalized Notice[1], and the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates for Hearings

Regarding Objections to Claims and (ii) Certain Notices and Procedures Governing

Objections to Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims

Objection Procedures Order") upon SPCP, by first class mail to the attention of Brian A.

Jarmain at the following address, which was contained in the Notice of Assignment:

> SPCP Group LLC as agent for
>   Silver Point Capital Fund LP
>   and Silver Point Capital Off-
>   shore Fund LTD
> Two Greenwich Plz 1st Fl
> Greenwich, CT 06830

       11.    KCC also served a copy of the Claim Objection (without exhibits),

the Personalized Notice, and the Claims Objection Procedures Order by first-class mail

upon Goodwin Procter, counsel of record for SPCP.

       12.    On January 15, 2008, KCC filed with this Court its Affidavit of

Service by mail for the Claim Objection and the Personalized Notice (Docket No. 12029)

(the "Affidavit of Service"). A copy of the Affidavit of Service is attached hereto as

---

[1] The Personalized Notice provides, at p. 3: "If you wish to view the complete exhibits to the Twenty-Fourth Omnibus Claims Objection, you can do so at www.delphidocket.com."

Exhibit "2." Exhibit "J," p. 196 of the KCC Affidavit of Service confirms that KCC caused the Claim Objection to be served on SPCP and its counsel.

13.    Affinia admits that Mr. Mendeljian received copies of pleadings and other notices filed in the Debtors' cases and that he "reviewed those documents immediately to determine whether any of those pleadings related to Affinia and its claims." *See* Mendeljian Aff. ¶ 19. Significantly, Affinia also admits that a copy of the Claim Objection was e-mailed to Affinia by SPCP on January 16, 2008 – two days prior to the deadline to respond to the Claim Objection. *See* Mendeljian Aff. ¶ 8. Although Affinia alleges that Mr. Mendeljian was traveling at the time and did not receive the e-mail until shortly after the January 18, 2008 response deadline. Mendeljian Aff. ¶ 20, it fails to explain how or why Mr. Mendeljian did not receive or review the Claim Objection when it was filed a month earlier.

14.    On January 25, 2008, this Court entered its Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claims Subject to Modification That Are Subject to Prior Order Identified in Twenty-Fourth Omnibus Claims Objection (Docket No. 12363).

15.    The Order reduced the Claim from an unsecured claim of $173,734.07 against Delphi Corporation to a claim of $44,511.79 against DAS LLC, of which (i) $10,000 is a reclamation claim and (ii) $34,511.79 is an unsecured, non-priority claim.

16.    Notice of Entry of the Order was served upon SPCP on February 6, 2008 (Docket No. 12748).

17.    On April 4, 2008 -- 10 weeks after the Order was entered -- Affinia

filed its Motion to Reconsider.

**Argument**

A.    **Affinia Lacks Standing to Seek**
      **Reconsideration of the Order**

18.    The Reconsideration Motion should be denied based upon the

indisputable facts that:  (i) Affinia assigned the Claim to SPCP;  (ii) the Debtors

complied with the service instructions contained in the Notice of Assignment;  and

(iii) Affinia lacks standing to seek reconsideration.

19.    Parties to a claims proceeding are entitled to rely upon the address

and notice information provided by a claimant in its proof of claim and notices

regarding that claim.  This is especially true in this case, where the Debtors have had to

examine more than 16,800 proofs of claim and numerous claims transfers.

20.    Affinia sold its claim and identified SPCP as the sole party to

receive Notices regarding the Claim.  The Debtors complied with Affinia's directions, as

stated in the Notice of Assignment, and served SPCP with the Claim Objection.

21.    Consequently, Affinia was not deprived of any due process or

other right to be served or heard regarding the Claim Objection.

(i)    Affinia Substituted SPCP As the Party
       Entitled to Notices Related to the Claim

22.    Bankruptcy Rule 3001(e)(2) governs the transfer of claims, and

provides that, with exceptions not applicable here, upon transfer of a claim the

transferee must submit a notice of transfer to the Clerk to effectuate a transfer.  The

notice must include information about the transferor, the transferee, evidence of the

transfer, and the location where future notice regarding the claim should be sent.  If no

objection is filed in response to the notice of transfer, the "*transferee shall be substituted for*

6

*the transferor.*" Bankruptcy Rule 3001(e)(2) (emphasis added).  The purpose of filing

evidence of the transfer of a claim is to put parties in interest on notice that the original

holder of the claim against the estate is no longer an interested party with respect to

that claim.  *In re Kreisler*, 331 B.R. 364, 376 (Bankr. N.D. Ill. 2005).

23.    Moreover, creditors bear the burden of keeping their contact

information current, and other parties in the case are entitled to rely upon that

information.  *In re Barker*, 306 B.R. 339, 348 (Bankr. E.D. Cal. 2004).  In *Barker*, a

scheduled creditor filed a proof of claim and shortly thereafter sold the claim.  Choosing

to forego the procedural safeguards of Rule 3001(e), the transferee never filed a notice of

transfer with the Court.  The claim was paid in full, but the Court later reduced the

claim pursuant to Bankruptcy Code section 502(j) and Bankruptcy Rule 3008.  Notice of

the hearing on the claim reduction was sent to the original claim holder.  Neither the

original claim holder nor the transferee opposed the request for the reduction or

attended the hearing thereon.

24.    After the claim was reduced, the transferee filed a motion to

reconsider the order reducing the claim.  The Court denied the motion to reconsider

and held that "due process requirements were satisfied when notice of the

reconsideration of the claim was sent to Conseco [the original claim holder] at the

address on the proof of claim."  *In re Barker*, 306 B.R. at 348.  The Court reasoned that

"[p]arties in claims proceedings are entitled to rely on the address provided by the

claimant on a proof of claim and that requirements of due process are satisfied by

mailing notice to such address."  *Id.*, citing *DeVore v. Marshack (In re Devore)*, 223 B.R.

193, 196-97 (9th Cir. BAP 1998).

25.    The Court further held:  "one risk of not complying with Rule

3001(e)(2) and thereby changing ownership records on a filed proof of claim is that the

transferee of the filed claim, in effect, appoints the transferor as its agent for receipt of notice of claim objections." *In re Barker*, 306 B.R. at 348.

26.    Here, much like *Barker*, the Debtors gave notice to the party to whom Affinia directed that notice be given.  SPCP filed its Notice of Assignment with the attached Evidence of Transfer signed by Affinia.  In the Evidence of Transfer, Affinia directed that all further notices with respect to the Claim be delivered or made to SPCP, and the Debtors complied with that direction.  *See*, Exhibit "1."  Thus, Affinia waived its right to future notices regarding the Claim and there is no due process violation warranting reconsideration.

(ii)    The Sale of the Claim by Affinia to SPCP Divested
        Affinia of Standing Concerning the Claim

27.    Affinia is not a "party in interest" with standing to seek relief regarding the Claim.  A party in interest is one with a direct pecuniary or legal interest in the debtor, not a derivative claim, because standing cannot be established by asserting the right of another creditor.  Here, Affinia holds no direct claim against the Debtors.  Rather, it asserts a right held by SPCP, and it does not have standing as a party in interest.

28.    In bankruptcy, any "party in interest" may be heard on any issue in a Chapter 11 case.  11 U.S.C. § 1109(b).  While the term is not defined by the Bankruptcy Code, section 1109 provides that party in interest "includ[es] the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  11 U.S.C. § 1109(b).  The common link between the entities listed is that they each have a "direct financial stake in the outcome of the case."  *In re Ionosphere Clubs, Inc.*, 208 B.R. 812, 814 (S.D.N.Y. 1997) (emphasis

added), citing, Lawrence P. King et al., Collier on Bankruptcy ¶ 1109.01 (15th ed. Rev. 1997).

29.    Recently, the Court of Appeals for the Second Circuit cautioned that while section 1109 includes a "somewhat greater breadth" of parties, it does not extend standing to parties with too great a "degree of separation from the primary parties in a bankruptcy." *In re Refco Inc.* ("In re Refco"), 505 F.3d 109, 117 (2d Cir. 2007); see also, *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) (standing is conferred upon "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings"). Circumscribing the reach of section 1109, *In re Refco* reaffirmed the principle in *In re Comcoach*, 698 F.2d 571 (2d Cir. 1983), that "party in interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding." *In re Refco*, 505 F.3d at 117 n.10.

30.    In the instant matter, Affinia lacks standing as a party in interest because it divested itself of its direct claim against the Debtors when it transferred its claim to SPCP and listed SPCP as the sole contact for the Claim.  The attached Notice of Assignment expressly confirms that Affinia "hereby unconditionally an irrevocably sells, transfers and assigns to. . . [SPCP] . . . all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with" the Claim.

31.    Affinia seeks to expand the "degree of separation from the primary parties in a bankruptcy" that the Court of Appeals for the Second Circuit specifically circumscribed. *In re Refco Inc.*, 505 F.3d at 117.  Nowhere in the Notice of Assignment or Evidence of Transfer is there any indication that Affinia retained any rights concerning the Claim.  In fact, the Notice of Assignment expressly assigns all notice and causes of

action to SPCP. As a result, Affinia retained no interest in the Claim and it is not a party

in interest with standing to object to the modification of the Claim.

    32.  The fact that SPCP and Affinia may have had a separate agreement

that may have granted Affinia the right, or even an obligation, to respond to the Claim

Objection is irrelevant to the Court's determination of the Reconsideration Motion. *See*

*In re Barker*, 306 B.R. at 351 (the existence of a contractual right between two creditors

does not affect the rights of the debtor); *In re Northwest*, No. 05-17930, 2007 WL 498285

at * 2 (Bankr. S.D.N.Y. Feb. 9, 2007) (recognizing a Bankruptcy Court's limited role

regarding to adjudication of disputes related to transfers of claims and finding that a

dispute over ownership of a claim is a contractual issue that does not involve

bankruptcy issues); *In re Lynn*, 285 B.R. 858, 861-62 (Bankr. S.D.N.Y. 2002) (Bankruptcy

Rule 3001(e) limits the Court's role to the adjudication of disputes regarding the transfer

of claims).

    33.  The Debtors were not a party to any agreement between Affinia

and SPCP. Furthermore, the Notice of Assignment could have, but did not, require

notice to be provided to Affinia. The Debtors caused SPCP to be served with the Claim

Objection in accordance with the instructions contained in the Notice of Assignment, as

endorsed by Affinia, and the Debtors should not bear the burden of Affinia's (or

SPCP's) failure to stay apprised of the status of the Claim.

    34.  Allowing Affinia, a party with no direct pecuniary or legal interest

in the Debtors on account of the Claim, to assert an argument that might be asserted by

SPCP would be "extremely unfair to the debtor[]" and "force [it] to negotiate not only

with the legal representatives of creditors, but also with any interested holders of a

creditor." *In re Refco, Inc.*, 505 F.3d at 119.

35.    Even if the Court were to determine that Affinia was entitled to notice of the Claim Objection, Affinia has not met its burden to establish a basis for reconsideration of the Order.

## B.    Affinia Has Failed to Establish Excusable Neglect

36.    Affinia was not entitled to notice of the Claim Objection and it lacks standing to seek reconsideration of the Order.  Nonetheless, Affinia attempts, but has not and cannot establish "excusable neglect" as a ground for reconsideration of the Order.[2]  As this Court has previously observed in this case, there is some variation in the case law in the Second Circuit as to whether the proper standard for a motion to reconsider is the three-factor analysis set forth in *American Alliance Insurance Co., Ltd. v. Eagle Insurance Co.,* 92 F.3d 57 (2d Cir. 1996) ("*American Alliance*") under § 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008, or the four-factor analysis set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) ("*Pioneer*") under Bankruptcy Rule 9024, which incorporates Federal Rule 60(b) for reconsideration of judgments.  *See*, Transcript of Hearing, Feb. 14, 2007, at 25:22-24 (Docket No. 7446).  Nonetheless, Affinia has failed to establish "excusable neglect" or any "equitable basis" for having the Order reconsidered under either standard.

(i)    Reconsideration of the Order is Not Warranted
          Under the *American Alliance* Standard

37.    Affinia has not and cannot satisfy its burden of establishing "excusable neglect" under the standard articulated in *American Alliance.*  In *American Alliance*, the Second Circuit identified three factors to be considered when determining

---

[2]    While the Debtors submit that the Reconsideration Motion should be denied based upon Affinia's lack of standing alone, to the extent the Court defers consideration of the issue Affinia's standing, this Objection addresses the absence of excusable neglect.

whether excusable neglect may be found:  "(1) whether the default was willful; (2) whether the defendant has a meritorious defense;  and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted."  *American Alliance*, 92 F.3d at 59.

### a.  <u>Affinia's Default was "Willful"</u>

38.    The first factor in the Second Circuit test is whether the default on the part of the movant was willful.  Willfulness does not require bad faith or wrongful conduct.  *In re Gucci America, Inc.*, 158 F.3d 631, 635 (2d Cir. 1998).  Instead it may be sufficient that the movant knew that the action was pending and failed to respond.  *Id.* As Judge Gonzalez noted in *In re Enron, Inc.*, 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005), "[d]efaults that are caused by negligence may be excusable, while defaults that occur as a result of deliberate conduct are not excusable."

39.    Affinia had actual knowledge of the Claim Objection before its objection deadline expired.  Recognizing this negative factor, Affinia asserts that it did not have sufficient time to timely respond.  In making the argument, however, Affinia fails to address the fact that it directed the Debtors to provide all notices related to the Claim to SPCP.  Affinia could have, but did not request that notices also be mailed to Affinia.

40.    Apparently to ensure that it would receive notice of pleadings related to the Claim, Affinia admits that it monitored pleadings filed in the cases. Mendeljian Aff. ¶¶ 8, 19.  Affinia also admits that it received an e-mail notice of the Claim Objection from SPCP two days prior to the Claim Objection response deadline. Mendeljian Aff. ¶ 20.

41.    Although Affinia asserts that Mr. Mendeljian was traveling and did not receive SPCP's e-mail on the date that it was sent, Mendeljian Aff. ¶ 20, Affinia does

not disclose when Mr. Mendeljian returned from traveling or why Mr. Mendeljian failed to notice the Claim Objection in his admitted review of the pleadings filed in the Debtors' cases between the date that the Claim Objection was filed on December 21, 2007 and the January 25, 2008 hearing date.

42.    Furthermore, the Reconsideration Motion fails to provide any explanation for Affinia having waited until April 5, 2008, to file the Reconsideration Motion.

43.    Affinia points to communications that it had with the Debtors when they attempted to reconcile the Claim in October 2007. Based upon those communications, Affinia asserts that it did not believe its claim would be subject to objection. However, the facts belie Affinia's argument. The Debtors and Affinia were not in active negotiations regarding the Claim while the Claim Objection was pending. Rather, the Claim Objection was filed on December 21, 2007 – two months after the last communication between the Debtors and Affinia relating to the Claim occurred, and those communications ended without any agreement.

44.    The facts presented here warrant a finding that Affinia's conduct was "willful." By signing to the Evidence of Transfer, Affinia made a deliberate choice to waive receipt of service of notices pertaining to the Claim. Furthermore, Affinia concedes that it received notice of the Claim Objection in January 2008, yet it waited until April 2008 to seek relief from the Court. Affinia has provided no evidence of extenuating circumstances that might rise to the level of excusable neglect concerning to its failure to respond to the Claim Objection. Certainly, Affinia's deliberate acts tip the equities of the case decidedly in favor of denial of Affinia's request for reconsideration.

### b.  Affinia Has Not Established a Meritorious Defense

45.    The only evidence that Affinia has provided to support its purported meritorious defense to the Debtors' Claim Objection is a spreadsheet that allegedly demonstrates a reconciliation of outstanding invoices for goods sold to the Debtors.  Affinia has not provided copies of invoices or purchase orders to substantiate its alleged reconciliation of outstanding invoices, despite the Debtors' repeated requests.  See, Mendeljian Aff. ¶ 14 and e-mails attached as Exhibit "D" to the Motion to Reconsider (which confirm the Debtors' prior requests for copies of invoices and purchase orders).  The Debtors submit that an unverified and self-serving reconciliation does not establish a meritorious defense to the Claim Objection.

### c.  The Debtors Will Be Prejudiced if the Court Grants Reconsideration of the Order

46.    The Debtors have had to address more than 16,800 proofs of claim and numerous claim transfers in this case.  Granting the relief requested by Affinia would signal an excuse to all other claim holders of their obligation to timely respond to the claim objections and which could undermine the integrity and finality of the entire claims administrative process.

47.    Consequently, the Debtors would be prejudiced by the granting of Affinia's Motion to Reconsider.  Courts have often looked primarily to concerns about opening the floodgates. *See, e.g., In re Enron Corp.*, 419 F.3d 115, 132 (2d Cir. 2005); *In re Kmart Corp.,* 381 F.3d 709, 714 (7th Cir. 2004); *Enron Creditors Recovery Corp.,* 2007 WL 1705653, at *10-11 (Bankr. S.D.N.Y. June 13, 2007); *In re Dana Corp.*, 2007 WL 1577763, *6 (Bankr. S.D.N.Y. 2007).

48.    More than 16,800 proofs of claim that asserted approximately $34 billion in liquidated amounts plus certain unliquidated amounts were filed in this case.

The Debtors have objected to approximately 13,800 claims that asserted approximately $10.7 billion (plus additional unliquidated amounts) and this Court has granted relief regarding approximately $10.3 billion in asserted liquidated claims (plus additional unliquidated claims). Thus, the Debtors have successfully reduced the aggregate amount of Trade and Other Unsecured Claims (as defined by the Plan) below the $1.45 billion amount set by the Plan.

49.    The Claims Objection Procedures Order that the Court entered in these cases contemplates timely responses. SPCP and Affinia had actual knowledge of the Claim Objection before the objection deadline, but neither of them responded to it. Instead Affinia inexplicably waited nearly three months after entry of the Order to file the Reconsideration Motion. Permitting reconsideration under these circumstances could encourage other similarly situated parties to challenge other final orders of the Court and could severely prejudice the Debtors' efforts to emerge from Chapter 11.

(ii)    Affinia is Not Eligible for Reconsideration of the Order
Modifying its Reclamation Claim Under the *Pioneer* Standard

50.    In *Pioneer*, the Supreme Court examined whether a creditor's failure to file a claim by the bar date constituted excusable neglect. The Supreme Court clarified that the determination is an equitable one, and takes into account equitable considerations that include (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id*. at 395. While *Pioneer* addressed, specifically, late-filed claims, the Supreme Court's analysis has been applied to motions for reconsideration under Federal Rule 60(b). *See, e.g., In re Johansmeyer*, 231 B.R. 467, 470-471 (E.D.N.Y. 1999).

51.    The Second Circuit has taken a "hard line" when applying the

*Pioneer* factors.  *See Midland Cogeneration Venture L.P. v. Enron Corp.*, 419 F.3d 115, 122

(2d Cir. 2005).  Recognizing that in a typical case three of the *Pioneer* factors – length of

delay, danger of prejudice, and good faith – usually weigh in favor of the party seeking

an extension of time, the Second Circuit has held the most important factor is the reason

for the delay, including whether it was within the reasonable control of the movant.  *See*

*Midland*, 419 F.3d at 122.  The Second Circuit has also held that under this approach, the

equities will rarely if ever favor a party who does not follow the clear dictates of a Court

rule or order, and "where the rule is entirely clear, the Second Circuit continues to

expect that a party claiming excusable neglect will, in ordinary course, lose under the

*Pioneer* test."  *Midland*, 419 F.3d at 122-123.

52.    Applying this analytic framework to the facts presented here, the

Motion to Reconsider must be denied.  As discussed above, the Claim Objection was

properly served in accordance with the service instructions contained in the Notice of

Assignment that Affinia and SPCP caused to be filed.  SPCP received proper and timely

notice of the Claim Objection.  Affinia admits that SPCP forwarded a copy of the Claim

Objection prior to the objection deadline and that Affinia was aware of the Claim

Objection in January 2008.  Neither Affinia nor SPCP made any attempt to file an

objection or seek an extension of time to do so.  Affinia's assertion that it had no reason

to think the Debtors might object to the Claim is undercut by the fact that Affinia

regularly monitored the docket for anything that might affect the Claim and that the

last communications regarding the Claim occurred two months before the Claim

Objection was filed and without any agreement.

53.    The ability to timely respond to the Claim Objection rested

squarely with SPCP and Affinia.  This factor, together with the other factors described

above, raise serious questions concerning the good faith, or lack thereof, surrounding Affinia's conduct.

54.    The Reconsideration Motion fails under the *Pioneer* standard.

## Conclusion

55.    Affinia lacks standing to seek reconsideration of the Order. Moreover, Affinia has failed to demonstrate that reconsideration is warranted under any standard. Relief under either Rule 60(b) or Bankruptcy Code section 502(j) and Bankruptcy Rule 3008 is not available to Affinia. Accordingly, the Reconsideration Motion should be denied.

## Memorandum Of Law

56.    Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**(Remainder of Page Left Intentionally Blank)**

**WHEREFORE** the Debtors respectfully request that the Court enter an

order (a) denying the Motion to Reconsider and (b) granting them such other and

further relief as is just.

Dated:   New York, New York
       July 16, 2008

                                 DELPHI CORPORATION, *et al.*
                                 By their attorneys,
                                 TOGUT, SEGAL & SEGAL LLP
                                 By:

                               /s/ Neil Berger
                               NEIL BERGER (NB-3599)
                               HOWARD MAGALIFF (HPM-2189)
                               LARA SHEIKH (LS-0879)
                               One Penn Plaza, Suite 3335
                               New York, New York 10119
                               (212) 594-5000