**Hearing Date and Time: July 23, 2008 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (IL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
    In re                                 :    Chapter 11
                                             :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                             :
                    Debtor.        :    (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO BRADFORD INDUSTRIES, INC. MOTION FOR
LEAVE TO FILE LATE CLAIMS WITH RESPECT TO LATE CLAIM FILED BY
BRADFORD INDUSTRIES, INC. (PROOF OF CLAIM NO. 16564) AND REQUEST
FOR FINDING THAT CURE CLAIM IS CONFORMING

1. Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to the Motion For Leave To File Late Claims With Respect To Late Claim Filed By Bradford Industries, Inc. (Proof Of Claim No. 16564) And Request For Finding That Cure Claim Is Conforming (Docket No. 13718) (the "Motion") filed by the Bradford Industries, Inc. ("Bradford").

2. In support of this Objection, the Debtors submit the Declaration Of Noticing Agent Regarding Service Of The Bar Date Notice, Motion to Strike, And The First Non-Conforming Cure Notice Order On Bradford Industries, Inc., executed and sworn to on July 16, 2008 by Evan Gershbein of Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11 cases (the "Gershbein Declaration"). In further support of this Objection, the Debtors respectfully represent as follows:

<u>Preliminary Statement</u>

3. Through the Motion, Bradford seeks relief from different orders entered by this Court. Bradford seeks relief from (i) the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, entered by this Court on April 12, 2006 (Docket No. 3206) (the "Bar Date Order") setting a bar date of July 31, 2006 (the "Bar Date") for creditors to file proofs of claim in Delphi's chapter 11 cases and (ii) the First Order Pursuant To Solicitation Procedures Order, Confirmation Order, Plan Of Reorganization, 11 U.S.C. § 105(a), And Fed. R. Bankr. P. 9010 Striking Certain Non-

2

Conforming Cure Amount Notices And Objections Identified In Non-Conforming Cure Notice Motion, entered by this Court on February 27, 2008 (Docket No. 12899) (the "First Non-Conforming Cure Notice Order") which, among other things, struck certain non-conforming cure notices submitted by parties who failed to respond to the Debtors' Expedited Motion to Strike (I) Non-Conforming Cure Amount Notices and (II) Improper Objections Pursuant to Solicitation Procedures Order, Confirmation Order, Plan of Reorganization, 11 U.S.C. § 105(A), and Fed. R. Bankr. P. 9010 (Docket No. 12615) (the "Motion to Strike").

        4.        In support of Bradford's request for leave to file a late claim, Bradford asserts that proof of claim no. 16564 (the "Proof of Claim") was filed eight months after the Bar Date because of (i) Bradford's decision to defer filing until it "had reached an agreement with Delphi as to the amount" owed by Delphi (Motion ¶4) and (ii) assurances made by Delphi's representatives to "work out the amount of the claim." (Motion ¶15.) Bradford's reliance on excusable neglect is without merit because Bradford has presented no evidence that either the Debtors or the Debtors' counsel ever represented that it was unnecessary to file a proof of claim by the Bar Date. Furthermore, the mere presentation of evidence by Bradford of the Debtors' ordinary course reconciliation efforts is insufficient alone to support a finding of excusable neglect.

        5.        In support of its request to reconsider the First Non-Conforming Cure Notice Order, Bradford questions whether its counsel received notice of the Debtors' Motion to Strike and, four months after entry of the First Non-Conforming Cure Notice Order, asserts that this Court should now find that its cure amount notice (the "Cure Amount Notice") is conforming. Neither contention has merit for two reasons. First, as evidenced by the Gershbein Declaration, both the Motion to Strike and the First Non-Conforming Cure Notice Order were

(i) sent to the same address provided by Bradford in its Proof of Claim and (ii) served electronically on Bradford's counsel of record, thereby creating a "very strong" presumption that Bradford received proper notice of the Motion to Strike and the First Non-Conforming Cure Notice Order. Consequently, Bradford has not rebutted the presumption of delivery. Second, Bradford's argument that the Cure Amount Notice is conforming is barred by the doctrine of res judicata. The standard for evaluating Cure Amount Notices was already before this Court and was adjudicated by this Court's First Non-Conforming Cure Notice Order. Cure Amount Notices filed by parties who failed to respond to the Motion to Strike were stricken pursuant the First Non-Conforming Cure Notice Order. Bradford cannot sidestep the finality of this Court's order by arguing four months later that the relief granted to certain objecting parties should now be applicable to Bradford's Cure Amount Notice even though Bradford failed to file a timely objection to the Motion to Strike.

6. For the reasons set forth herein, Bradford's Motion should be denied in its entirety.

## Background

7. Bradford was served with the Bar Date Order setting a bar date of July 31, 2006 for creditors to file proofs of claim in Delphi's chapter 11 cases and, in fact, did not file a timely proof of claim. Over 16,000 proofs of claim were timely filed by the Bar Date. Additionally, since Bradford was characterized as a schedule F creditor with an unliquidated disputed liability against the Debtors, the proof of claim form that was served on Bradford made it clear that Bradford was required to file a timely proof of claim in order to preserve any rights to seek compensation from the Debtors.

4

8.  On March 12, 2007, eight months after the Bar Date, Bradford filed the Proof of Claim in the amount of $60,814.07 for goods sold to Delphi. On April 27, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection") on the grounds that the Proof of Claim was untimely. On May 23, 2007, Bradford filed its Response Of Bradford Industries To Debtor's Thirteenth Omnibus Claims Objection (Docket No. 8006) (the "Response").

9.  Pursuant to this Court's protocol for untimely proofs of claim filed in these cases without leave of this Court, on May 30, 2008, the Debtors filed the Notice Of Deadline To File Motion For Leave To File Late Claims With Respect To Late Claim Filed By Bradford Industries, Inc. (Proof Of Claim No. 16564) (Docket No. 13697). On June 9, 2008, Bradford filed the present Motion.

## Argument

**I.  MOTION FOR LEAVE TO FILE LATE CLAIM**

A.  Bradford Was Properly Served With And Is Presumed To Have Received Notice Of The <u>Bar Date Order</u>

(i)  <u>A Proper Mailing Constitutes Effective Service</u>

10.  On or before April 20, 2006, KCC served copies of the notice of bar date for filing proofs of claim and a copy of the proof of claim form (together, the "Bar Date Notice")

5

on Bradford.  These documents were served by KCC on Bradford by First Class mail at the addresses below, which is the address set forth on the Proof of Claim.

>Bradford Industries
>1857 Middlesex St
>Lowell, MA 01851
>
>Bradford Industries Inc
>1857 Middlesex St
>Lowell, MA 01851

On April 28, 2006, KCC filed with this Court an Affidavit of Service with respect to KCC's service of the Notice of Bar Date (Docket No. 3501).

11.     Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped, and deposited the item in the mail. See, e.g., Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993) (finding, under New York law, that when sender "presents proof of office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed," a presumption of receipt arises); In re R.H. Macy Co., Inc., 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) ("Mail properly addressed, stamped and deposited in the mail system is presumed to have been received by the party to whom it has been addressed.").

12.     Pursuant to paragraph 12 of the Bar Date Order, the Debtors provided timely, proper, and sufficient notice of the Bar Date by mailing the Bar Date Notice over three months prior to the Bar Date to the correct addresses for Bradford.

                (ii)      <u>Bradford Does Not Dispute That Service Of The Bar Date Notice Was Proper</u>

        13.      Bradford has failed to present any objective evidence to rebut the presumption that it was properly served with the Bar Date Notice.  "While the presumption is a rebuttable one, it is a <u>very strong presumption</u> and can only be rebutted by specific facts <u>and not by invoking another presumption</u> and not by a mere affidavit to the contrary." <u>In re Dana Corp.</u>, No. 06-10354, 2007 WL 1577763, *3 (Bankr. S.D.N.Y. 2007) (emphasis added); <u>see also</u> <u>Hagner</u>, 285 U.S. at 430 ("proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); <u>In re Mid-Miami Diagnostics, L.L.P.</u>, 195 B.R. 20, 22-23 (Bankr. S.D.N.Y. 1996) ("A creditor's denial of receipt, standing alone, does not rebut the presumption that the mail was received, but merely creates a question of fact.").

        14.      "The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." <u>Moody v. Bucknum</u>, 951 F.2d 204, 207 (9th Cir. 1991); <u>In re Dana Corp.</u>, 2007 WL 1577763, at *3.  Bradford bears the burden of rebutting the presumption of receipt of the personalized notice. <u>In re Alexander's Inc.</u>, 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995).  To rebut the presumption of proper service, the claimant must prove that the "regular office procedure was not followed or was carelessly executed so that the presumption that notice was mailed becomes unreasonable." <u>Id.</u> (citing <u>Meckel v. Cont'l Res. Co.</u>, 758 F.2d 811, 817 (2d Cir. 1985)).  It is established in the Second Circuit that the "mere denial of receipt does not rebut the presumption that notice was properly addressed and mail is received." <u>Capital Data Corp. v. Capital Nat'l Bank</u>, 778 F. Supp. 669, 675-76 (S.D.N.Y. 1991);

In re Alexander's, 176 B.R. at 721 ("It is black letter law that once an item is properly mailed, the law presumes that it is received by the addressee.").

15. Accordingly, Bradford is presumed to have received the Bar Date Notice, and as such Bradford was obligated to file a proof of claim by the Bar Date or be "forever barred, estopped, and enjoined" from asserting a claim for prepetition liability. See Bar Date Order ¶11. The Court should, therefore, deny Bradford's Motion.

B.     Bradford Has Not Met Its Burden Of Proof For Establishing Excusable Neglect Under The Pioneer Test

16. Because notice of the Bar Date was proper, Bradford is forced to assert excusable neglect pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure. As this Court has noted, excusable neglect is determined under the four-factor analysis set forth in Pioneer Investment Services Co. vs. Brunswick Associates Limited Partnership under Bankruptcy Rule 9024, which incorporates rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of judgments. Bradford has not established excusable neglect or any equitable basis for its non-compliance with the Bar Date Order.

17. Bradford seeks an extension of the Bar Date pursuant to Bankruptcy Rule 9006(b)(1) for its failure to file a proof of claim by the Bar Date. The Supreme Court held that excusable neglect is the failure to comply with a filing deadline because of negligence. Pioneer Inv. Servs. Co. vs. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 394 (1993). In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "(1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the

movant acted in good faith." Id. at 395. The Second Circuit has held the most important factor is the reason for the delay, including whether it was within the reasonable control of the movant. In re Enron Corp., 419 F.3d 115, 122-24 (2d Cir. 2005). The Second Circuit has taken a "hard line" when applying the Pioneer factors and has held that the equities will rarely favor a party who does not follow the clear dictates of a court rule or order. See Hearing Tr. 27, Feb. 14, 2007 (Docket No. 7446). Furthermore, "where the rule is entirely clear, the Second Circuit continues to expect that a party claiming excusable neglect will, in ordinary course, lose under the Pioneer test." Id.

    18. The most important factor, the reason for the delay, weighs heavily in favor of the Debtors. Bradford's only explanation for not filing a proof of claim – reconciliation by the Debtors prior to the Bar Date – is inapposite in light of service of the personalized Bar Date Notice and the proof of claim form enclosed, which clearly indicated that a proof of claim must be filed by July 31, 2006 to be considered timely. Moreover, Bradford's eight month delay before it filed its Proof of Claim was entirely within Bradford's control. Bradford has not provided any evidence that it was given false assurances regarding the applicability of the Bar Date Order, nor has it given any reason excusing its eight month delay in filing the Proof of Claim. As this Court recently stated, parties with disputed and unliquidated scheduled amounts are required to file claims on "a protective basis under the bar date order by the bar date.... The bar date notice and order made it clear that that under those circumstances to protect ones rights a claimant would have to file a proof of claim." See Hearing Tr. 39, April 18, 2008 (Docket No. 13512). In this case, the proof of claim form sent to Bradford further confirmed the requirements in the Bar Date Order and stated "The Debtor has listed your claim as Unliquidated and Disputed on Schedule F as a (General Unsecured/Priority/Secured) claim in the amount of $52,978.08. If

9

you believe that you have a claim against the Debtor, you are required to complete and return this form."

19. With respect to prejudice to the Debtors, Bradford dismisses any possibility of prejudice, asserting that the Debtors would suffer no harm because (i) the claim is relatively small and (ii) the Debtors have already scheduled an amount for Bradford. (See Motion ¶15.) This argument should be rejected because it ignores, to the detriment of all creditors in these cases, the ramifications if this Court were to grant the same relief to every claimant that failed to timely file a proof of claim. The courts have often recognized the danger of opening the floodgates to potential claimants. See, e.g., In re Enron Corp., 419 F.3d at 132; In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); Enron Creditors Recovery Corp., 370 B.R. 90, 103 (Bankr. S.D.N.Y. 2007) ("'It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process.'" (citation omitted)); In re Dana Corp., 2007 WL 1577763, at *6 ("the floodgates argument is a viable one").

20. Allowing Bradford to prevail may inspire many other similarly situated potential claimants to file similar motions. Any potential claimant who, by its own error, failed to file a timely proof of claim may seek to follow Bradford's lead. Granting Bradford's request for leave to file a late claim may also call into question the Debtors' efforts to enforce the Bar Date and undermine the integrity of the Bar Date Order. Moreover, granting the relief requested by Bradford would excuse it from its obligation to comply with the Bar Date Order and would encourage other claimants to seek similar relief, undermining the integrity and finality of the

10

entire claims administration process.  Accordingly, establishing a precedent for enlarging the Bar Date to allow late filed claims without a compelling justification would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' restructuring efforts.

   21. The length of Bradford's delay in seeking this relief also favors the Debtors, as Bradford's eight month delay, and further delay of fifteen month between filing the Proof of Claim and filing this Motion, is long enough to have a disparate impact on the bankruptcy proceedings.  See In re Dana Corp., 2007 WL 1577763, at *5, citing In re Enron, 419 F.3d at 125 (delay of more than six months after bar date was "substantial").  In bankruptcy cases, deadlines, "and more particularly bar dates, are important, indeed often critical, to the successful management of the Chapter 11 case."  See Hearing Tr. 35, April 18, 2008 (Docket No. 13512).

   22. Accordingly, Bradford has failed to provide any evidence of circumstances justifying the extraordinary relief it seeks under the "excusable neglect" standard and has not met its burden for establishing excusable neglect.  Relief under Bankruptcy Rule 9006(b) is not available to Bradford.  Therefore, Bradford's Motion should be denied.

## II. MOTION TO RECONSIDER FIRST NON-CONFORMING CURE NOTICE ORDER

### A. Res Judicata Precludes Bradford From Disputing The Cure Amount

   23. The doctrine of res judicata also bars parties from pursuing claims where they were either parties to an action in which a court of competent jurisdiction has entered a final judgment or where the parties could have pursued their claims in the earlier proceeding. Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002); Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997).  For purposes of res judicata, a bankruptcy court order striking a cure notice is a final judgment.  See generally Katchen v. Landy, 382 U.S. 323, 334

(1966) ("The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." (citations omitted)); cf. EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 325-27 (2d. Cir. 2007) (finding, in the context of an order allowing a claim that was not contested on the merits, that a bankruptcy court order was final for res judicata purposes even though other relief, such as reconsideration, may have been available).

24.     The First Non-Conforming Cure Notice Order was a final judgment that struck Bradford's Cure Amount Notice as non-conforming.  Moreover, Bradford's counsel is presumed to have received notice of the Motion to Strike because the Motion to Strike was served on the 2002 list and, thus, counsel had an opportunity to protect Bradford's interest by simply filing a response.  Furthermore, on February 21, 2008, KCC filed an affidavit of service showing that Bradford was served a personalized notice of the Motion to Strike at the same address as the Cure Amount Notice returned by Bradford (Docket No. 12785).  The First Non-Conforming Cure Notice Order is, therefore, subject to res judicata and Bradford is precluded from now disputing its cure amount.

B.     <u>Bradford Improperly Invokes Equitable Estoppel For Cure Amount Notice</u>

25.     Bradford's invocation of the equitable estoppel standard in the Motion is in error.  Bradford asserts that the Debtors are equitably estopped from taking one position for business purposes and another for litigation.  However, Bradford produces no evidence that the Debtors took a position for business purposes that is inconsistent with the Motion to Strike.  First, pursuant to the Bar Date Order and the Debtors' standard practice, where there is no Proof of Claim superseding a schedule of liability and such schedule of liability is classified as disputed and unliquidated, to indicate a cure amount of zero.  Second, any withdrawal of the Motion to Strike with respect to Cure Amount Notices submitted by contesting parties and not with

12

respect to Cure Amount Notices submitted by the 146 notice holders, including Bradford, who failed to respond to the Motion to Strike was based, not on the Debtors' own discretion, but upon guidance given to the Debtors by this Court.[1] The equitable estoppel argument is therefore without merit, and any argument that this Court should excuse Bradford's failure to respond to the Motion to Strike is barred by the doctrine of res judicata.

## Conclusion

26.     In its' Motion, Bradford seeks to (i) maintain its late proof of claim without having satisfied any of the grounds for relief from the Bar Date Order and (ii) exhume prior judicial determinations regarding the conformity of its Cure Amount Notice, an issue that has already been fully adjudicated by this Court.  With respect to both issues, Bradford fails to provide any compelling justification for such extraordinary relief.  Accordingly, the relief requested in the Motion should be denied.

## Memorandum Of Law

27.     Because the legal points and authorities upon which this Objection relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

---

[1] See Hearing Tr. 200, February 21, 2008 (Docket No. 13210) explaining that the order will "grant the motion to strike as to the 146 non-contesting notice holders"; see also Paragraph 2 of the First Non-Conforming Cure Notice Order which strikes the Cure Amount Notice submitted by parties who failed to respond to the Motion to Strike and states in relevant part that "[w]ith respect to the cure notices set forth on Exhibit A-1 (No Objection Filed/Default Treatment) hereto, such notices are hereby stricken and each applicable counterparty shall receive, in full satisfaction of such counterparty's cure amount, the default cure election treatment set forth in Article 8.2(a) of the Plan (the "Default Treatment") in the cure amount proposed by the Debtors and listed on the schedule attached to the applicable Cure Amount Notice and set forth on Exhibit A-1 (No Objection Filed/Default Treatment) hereto."; see also Paragraph 4 of the First Non-Conforming Notice Order which authorizes the Debtors to honor Cure Amount Notices which (i) were submitted by parties who responded to the Motion to Strike and (ii) conformed to guidelines given by the Court regarding watermarked notices and states in relevant part that "[w]ith respect to the cure notices set forth on Exhibit B (Motion Withdrawn) hereto, the Debtors are hereby authorized to honor such notices as submitted."

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying Bradford's Motion, (b) disallowing and expunging proof of claim number 16564, and (c) granting them such other and further relief as is just.

Dated:   New York, New York
         July 16, 2008

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr. (JB 4711)
     John K. Lyons (JL 9331)
     Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

   - and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti (KM 9632)
     Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession