```
 1                     UNITED STATES BANKRUPTCY COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3   --------------------------------X
                                      :  05-44481
 4   In re:                           :
                                      :  One Bowling Green
 5      DELPHI CORPORATION,           :  New York, New York
                                      :
 6                           Debtor.  :  June 24, 2008
     --------------------------------X
 7
                     TRANSCRIPT OF OMNIBUS HEARING
 8              BEFORE THE HONORABLE ROBERT D. DRAIN
                   UNITED STATES BANKRUPTCY JUDGE
 9

10   APPEARANCES:

11   For the Debtor:         JOHN W. BUTLER, JR., ESQ.
                             KAYALYN MARAFIOTI, ESQ.
12                           JOHN K. LYONS, ESQ.
                             Skadden, Arps, Slate, Meagher &
13                             Flom, LLP
                             33 West Wacker Drive
14                           Chicago, Illinois  60606-1285

15   For the Creditors'      MICHAEL RIETA, ESQ.
       Committee:            Latham & Watkins, LLP
16                           53rd at Third, 885 Third Avenue
                             New York, New York  10022-4834
17
     For the Equity          RICHARD J. SILVINSKI, ESQ.
18     Committee:            Fried, Frank, Harris, Shriver &
                               Jacobson, LLP
19                           One New York Plaza
                             New York, New York  10004-1980
20

21   Court Transcriber:      RUTH ANN HAGER
                             TypeWrite Word Processing Service
22                           356 Eltingville Boulevard
                             Staten Island, New York 10312
23

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
```

```
                                                                  2
 1  (Proceedings began at 10:03 a.m.)
 2           THE COURT:  Please be seated.  Okay.  Delphi
 3  Corporation.
 4           MR. BUTLER:  Your Honor, good morning.  Jack
 5  Butler, Kayalyn Marafioti and John Lyons here on behalf of
 6  Delphi Corporation for its June 2008 omnibus hearing.
 7           Your Honor, we did file the 32nd omnibus hearing
 8  agenda.  There are five matters on the agenda.  All of them are
 9  uncontested.  We have a few comments regarding them.
10           Just covering the ones that we submitted that
11  there were stipulations submitted to the Court already, matters
12  two through five on the agenda deal with intervention motions
13  involving the Creditors' Committee and Equity Committee in the
14  plan investor litigation.  Those have been resolved on consent
15  between the movants, the plaintiffs, and the defendants in that
16  adversary proceeding.  Those stipulations were submitted to
17  chambers separately.  We have both Mr. Friedman and
18  Mr. Weintraub are present in the courtroom today if the Court
19  has any questions about this.
20           THE COURT:  I don't.  I've reviewed the
21  stipulations and -- well, actually, it's one stipulation --
22           MR. BUTLER:  Right.
23           THE COURT:  -- with regard to both committees and
24  I don't have any questions, so I'm prepared to enter that.
25           MR. BUTLER:  Okay.  Thank you, Your Honor.  Your
```

3

1  Honor, just to note, also at a prior hearing we had some
2  colloquy and regarding the retention of the special counsel for
3  the plan investor litigation.  The Court made a suggestion that
4  the debtors might want to consider filing retention
5  applications as a prophylactic and precautionary matter
6  notwithstanding the confirmation order being in effect.
7            We've reviewed that with particularly the
8  Creditors' Committee and with the special counsel and the
9  company has reached its determination that it would file those
10 on ten days' notice on a prophylactic basis.  The company
11 continues to believe that the confirmation order would not
12 require it, but we want to make sure that with respect to that
13 litigation that there's -- are no questions regarding the
14 retention of the two separate firms, so those papers will be
15 filed this week on negative notice.
16            THE COURT:  Okay.  That's fine.
17            MR. BUTLER:  Thank you, Your Honor.  Your Honor,
18 also just a word regarding the progress that we're making in
19 connection with the company's reorganization following the
20 April 4th inability to complete consummation of the first
21 amended plan on that date.
22            I would report to the Court that the company is
23 making measured progress on pursuing plan modifications that
24 are designed to permit Delphi to emerge from Chapter 11 as soon
25 as practicable and to begin to mitigate the damages inflicted

4

1  by the plan investors' failure to close and consummate the
2  investment agreement under the first amended plan.
3              When these discussions have progressed to the
4  point where the debtors believe they can propose feasible plan
5  modifications, we will do so by motion pursuant to Section 1127
6  of the Bankruptcy Code to -- seeking to modify the plan.  It is
7  our present view that those modifications will require
8  resolicitation of one or more classes that were previously
9  solicited.  So we are making measured progress.  We're
10 continuing to focus on it.
11             We are mindful of the guidance that the Court gave
12 the debtors post-April 4th that we should pursue this
13 reorganization on separate tracks.  The plan investment
14 litigation is being handled by special counsel.  The
15 restructuring is being handled by restructuring counsel.  We
16 are obviously all being coordinated by Mr. Sheehan, who's the
17 chief restructuring officer here, and Mr. Corwin [Ph.], the
18 deputy general counsel, and Mr. Sheehan and others at the
19 company.  We're mindful of making progress and focused on it
20 and wants the Court to know that we're are work.
21             THE COURT:  Okay.  Thank you.  I previously
22 entered the scheduling order in the litigation.  As I viewed
23 that order, I certainly permitted the debtor to seek and
24 register reliefs under a preliminary injunction if that made
25 sense in connection with your two-track process, so I

```
                                                                   5
 1  appreciate the update.
 2              MR. BUTLER:  Thank you, Your Honor.  Your Honor,
 3  the other matter on the agenda today, matter number one, which
 4  is not contested, is our motion for authorizing and approving
 5  the assumption and assignment of certain executory contracts in
 6  connection with the sale of the debtor's products business to
 7  strategic buyers at docket number 13713.
 8              This involves the assumption and assignment of
 9  57 -- approximately 57 U.S. contracts under the motion; 54 of
10  those contracts are material supply agreements, which were
11  already -- received a plan cure notice.  Of that group, only
12  four parties objected to the debtor's proposed cure amount and
13  then the other three of the 57 are U.S. contracts that are not
14  material supply agreements.  The debtors on June 4th served a
15  notice of assumption and a proposed cure amount on those
16  contract parties and no objections were received to the
17  assumption notice that was served.
18              Your Honor, we have an evidentiary record for
19  today and a few comments to make about this.  There are 17
20  exhibits.  Exhibit Number 1 is Mr. Sheehan's declaration, which
21  does have some information we wanted to address in connection
22  with the Court hearing today.
23              Exhibits 2 through the balance of the -- sorry, 2
24  through 6 are orders -- proposed orders and notices have been
25  sent.  Exhibits 7 through 15 involve not just the master sale
```

6

1  and purchase agreement with the proposed purchaser, Stratic
2  [Ph.] Corporation, but also a series of exchanges of info -- of
3  communications with a competing bidder who came on the scene,
4  which I'll address in a few minutes.  Finally, Exhibits 16 and
5  17 are the Affidavits of Service.
6              Your Honor, I'd like to move those 16 -- 17
7  exhibits into evidence.
8              THE COURT:  Okay.  I've read Mr. Sheehan's
9  declaration.  Does anyone want to question him on his
10 declaration?  All right.  Hearing no one, I'll admit that as
11 his testimony and I don't have any questions, unless something
12 you say will spark one.
13             MR. BUTLER:  All right.  Well, I'll try not to --
14             THE COURT:  Mr. Sheehan is hoping you don't, too.
15             MR. BUTLER:  I was hoping I won't do that, but I
16 do want to -- I do feel it's important, Your Honor, just to
17 make a couple of quick observations.
18             One, this is a motion before the Court today for
19 assumption and assignment only.  The company has -- because the
20 proposed sale is for less than ten million dollars, the company
21 has relied on the de minimis asset sale order that the Court
22 entered on October 27, 2005 at docket number 766 with respect
23 to the transaction.
24             The only other point I want to make -- point out
25 is -- and we've -- Mr. Sheehan has testified in his declaration

7

1  about the events and circumstances surrounding this, but there
2  was another bidder that came onto the scene in response to the
3  notice given under the de minimis asset sale order.  The
4  company subsequently determined that for the reasons described
5  in Mr. Sheehan's sworn statement that the value in connection
6  with that offer did not exceed the value of the bid submitted
7  by the Stratic buyers were said differently.  It was not the
8  highest or otherwise best bid in the process for the reasons
9  that have been described.
10             Your Honor, I just wanted to -- the procedural
11 posture for this motion to be different than some others that
12 have been before you because we're here just on the assumption
13 and assignment portion of it and we did have an intervening
14 bidder that the company concluded it would not pursue, so we
15 wanted to make sure --
16             THE COURT:  All right.
17             MR. BUTLER:  -- we had those disclosures to the
18 Court.
19             THE COURT:  Mr. Sheehan's declaration said that
20 the Creditors' Committee had been kept up to speed with the
21 back-and-forth with the potential competing buyer.
22             MR. BUTLER:  Yes.  The committee has no objection,
23 Your Honor, to the process.
24             THE COURT:  Okay.  Certainly the rationale is laid
25 out and his declaration supports the debtor's exercise of their

8

1  business judgment, which may have come into play given the
2  nominal size at one point of the competing bid.
3           I had just one question on the motion.  I didn't
4  see a revised order, so maybe this has been dealt with.  Well,
5  actually two questions.  First, the four contract parties who
6  had objected to the cure notice are they not going to be
7  attached on the exhibit or have those objections been resolved
8  at this point?
9           MR. BUTLER:  Your Honor, I think they were going
10 to be attached.  I think the only issue is there is about -- I
11 think the cost of cure is about somewhere in the neighborhood
12 of a total of $350,000.00 here.  We need to get that cure --
13 those cures ultimately determined, but it would be subject to
14 their cure being approved here, right.
15          THE COURT:  The cure -- they haven't objected to
16 assumption and assignment.  They've just objected to cure.
17          MR. BUTLER:  Correct.
18          THE COURT:  So the exhibit will give the cure for
19 everybody, but for those four it will say to be determined by
20 the Court --
21          MR. BUTLER:  Correct, correct.
22          THE COURT:  -- or by the parties?
23          MR. BUTLER:  Yes, Your Honor.
24          THE COURT:  Okay.  All right.  That was my only
25 question.  So again based on the notice given and the lack of

```
                                                                  9
 1  objection except as to the cure with regard to those four,
 2  which will be dealt with by either a court order or agreement
 3  between the parties, the debtors have satisfied Section 365, so
 4  I'll approve the motion.
 5              MR. BUTLER:  Thank you very much, Your Honor.
 6  Your Honor, that concludes the business for -- that's on this
 7  agenda.
 8              THE COURT:  Okay.  Very well.  Thank you.
 9              MR. BUTLER:  Thank you.
10              (Proceedings concluded at 10:13 a.m.)
11                        * * * * * *
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              10
 1            I certify that the foregoing is a transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5
 6                          _____
 7                                   RUTH ANN HAGER
 8   Dated:  June 24, 2008
```