UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
      In re                     :      Chapter 11

DELPHI CORPORATION, et al.,   :      Case No. 05-44481 (RDD)

                 Debtors.   :      (Jointly Administered)
------------------------------x

## VEENSTRA RESPONSE TO
## DEBTORS' THIRTIETH OMNIBUS CLAIMS OBJECTION

Charles K. Veenstra submits this response to Debtor's Thirtieth Omnibus Claims Objection.

### Background

Charles K. Veenstra submitted claim 16805 for retiree benefits.

In paragraphs 47 and 49 of their Thirtieth Omnibus Claims Objection, Debtors objected to the amount and/or classification of that claim, and requested modification of the amount of that claim.

### Basis for Amount & Classification of the Claim

The claim includes the following priority component and estimated amount:

- pension contributions                                                        $31,882

The claim also includes the following unsecured components and estimated amounts, some portions of which had not been estimated and thus were unliquidated when the claim was submitted:

- pension benefits
    $95372/year & surviving spouse pension $61992/year      $982,600

- supplemental executive retirement program (SERP) benefits
    $18382/year & surviving spouse SERP $11949/year        $189,386

- supplemental life benefit                                                $611,760

- basic life insurance benefit                                            $240,000

- medical, prescription drug, dental, vision, extended care benefits
    $6000/year                                                                                    $62,000

- health reimbursement account (HRA) balance                              $5,690

- personal umbrella liability insurance (PULI) benefit
    $1200/year                                                                                    $12,400

The total estimated unsecured amount is $2,103,836, and I believe that would be the allowable unsecured amount.

The priority claim for SSPP contributions, and the claim components relating to SSPP and options benefits, are withdrawn.

The priority claim for pension contributions, and the unsecured claim for pension benefits, would be satisfied by continuation and funding of the pension program.

Documentation sufficient to establish a right to payment was submitted with the claim.

The foregoing benefits were provided by the debtors as of the petition date. 11 USC 1114(e)(1) provides that the debtor in possession shall not modify any retiree benefits, except that the court may order modification of such payments. However, the court has not ordered any modification of the claimed retiree benefits.

The debtors motion focuses solely on the portion of the claim relating to SERP benefits (about which there is apparently no dispute), and ignores the other components of this claim.

Relief Requested

I request allowance of this entire claim for retiree benefits.

Dated _____

_____
Charles K. Veenstra
631 Windsor Run
Bloomfield Hills MI 48304
phone 248-770-5437

CERTIFICATE OF SERVICE

On the date entered below, I served a copy of the foregoing Response upon the following via first class mail:

Delphi Corporation
Attention: General Counsel
5725 Delphi Drive
Troy MI  48098

Skadden, Arps, Slate, Meagher & Flom
Attention: John Wm. Butler, Jr.
        John K. Lyons
        Joseph N. Wharton
333 West Wacker Drive, Suite 2100
Chicago IL  60606

Dated /0. /_ 2..08

_____
Charles K. Veenstra
631 Windsor Run
Bloomfield Hills MI  48304
phone 248-770-5437

3