Response                                                          Claim # 5368

In regards to:

Delphi Corporation, Chapter 11,   Case No. 05-44481 (RDD)
Thirtieth Omnibus Claims Objection

This is an official response to the Delphi Corporation Chapter 11, Case 05-44481 (RDD), Thirtieth Omnibus Claims Objection on behalf of Mr. Anthony N. Gardner (claim # 5368). In general this response seeks to correct the "Modified Amount" of $580,203.73 (shown in Exhibit A, "Notice of Objection to Claims" document, dated June 27, 2008, page 2). The corrected amount should be $800,000.00. The details of this correction are as follows:

- (i.)   Claims Objection "Thirtieth Omnibus Claims Objection"
- (ii.)  Claim # 5368 for Mr. Anthony N. Gardner based on Supplemental Executive Retirement Program obligation
- (iii.) The Modified claim amount of $580,203.73 should be corrected to the agreed to amount of $800,000.00 by Delphi Salary Personnel Director Debra Alexander and Attorney Lisa Diaz of the firm Skadden, Arps, Slate, Meagher & Flom LLP representing Delphi. This was the agreed to amount as evidenced by email dated March 24, 2008 in exhibit B. Delphi originally calculated a proposed claim settlement based on standard data such as actuary tables and select published interest rates to produce a net present value. Although this may be numerically correct it is no more accurate than the underlying assumptions on mortality and interest rates. I believe that this understates the true value. In order to determine the true current value, I selected three major insurance companies that provide annuities, to do a market test. The average premium and fees of the three insurance companies to provide an equivalent income to the current one, was about a $800,000.00. I believe that this is more representative of the true market value and replacement cost. Using this data, I held several conference calls in March 2008 with the above mention Delphi parties and reached an agreement of the stated amount of $800,000.00.
- (iv.)  Proof of general claim has already been established.
- (v.)   Total "corrected" Modified Claim amount of $800,000.00
- (vi.)  Address of Claimant: (unchanged) 9217 Canyon Mesa Dr., Las Vegas, NV 89144

Any questions on the above response to the Delphi objection to claim may be addressed to the location identified in section (vi.) or my home phone (702) 869-3338. Please note that we are in the Pacific Time Zone for any calls.

Respectfully,

*[signature]* 8Oct08
Anthony N. Gardner

RECEIVED
JUL 1 4 2008
U.S. BANKRUPTCY COURT, SDNY

9217 Canyon Mesa Dr.
Las Vegas, NV 89144

July 8, 2008

Honorable Robert D. Drain, United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 632
New York, NY 10004

Your Honor:

Enclosed is a "Response" to the Thirtieth Omnibus Claims Objection" filed by Delphi Corporation Chapter 11, Case No. 05-44481 (RDD) based on claim #5368 for Anthony N. Gardner. The "Response" requests a correction/adjustment to the Modified Settlement Amount. Copies have also been sent to Delphi Corporation and their legal council. Any concerns or questions should be addressed to Mr. Gardner at the above noted address.

Respectfully,

Anthony N. Gardner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
      In re                                    :      Chapter 11
:
DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
:
                  Debtors.   :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Gardner Anthony N:

      Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (the "Thirtieth Omnibus Claims Objection"), dated June 27, 2008, a copy of which is enclosed (without exhibits). The Debtors' Thirtieth Omnibus Claims Objection is set for hearing on July 31, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRTIETH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JULY 24, 2008. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Thirtieth Omnibus Claims Objection identifies ten different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

      The Claim identified as having a Basis For Objection of "Amended Claim" has been amended and superseded by a later-filed Claim.
      The Claim identified as having a Basis For Objection of "Amended Claim That Is Subject To Prior Order" has been amended and superseded by a later-filed Claim and is subject to a prior order.

The Claim identified as having a Basis For Objection of "Equity Claim" is a Claim filed by a holder of Delphi common stock solely on account of its stock holdings.

Claims identified as having a Basis For Objection of "Untimely Equity Claims" are Claims filed by holders of Delphi common stock solely on account of their stock holdings and were untimely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Untimely Insufficiently Documented Claim" is a Claim that (i) did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors meaningfully to review the asserted Claim and (ii) was untimely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Books And Records Claims" are Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are Claims that (i) assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and (ii) were not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Untimely Books And Records Tax Claim" is a Claim filed by a taxing authority that (i) asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and (ii) was not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Claims Subject To Modification" are those Claims that the Debtors have determined state the incorrect amount or are overstated.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| 05/09/2006 | 5368 | UNL | Claims Subject To Modification | 05-44481 | $580,203.73 | General Unsecured |

---

[1] Asserted Claim Amounts listed as "UNL" reflect that the claim amount asserted is Unliquidated.

2

If you wish to view the complete exhibits to the Thirtieth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Thirtieth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirtieth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on July 24, 2008. Your Response, if any, to the Thirtieth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirtieth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable

3

amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the July 31, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on July 31, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE THIRTIETH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTIETH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated: New York, New York
June 27, 2008

## WebMail: Inbox

**Read Message**

jang5@cox.net | Logout

Move to: Drafts

| | |
|---|---|
| From: | jang5@cox.net |
| Date: | Monday, April 7, 2008 12:46 PM |
| To: | ldiaz@skadden.com |
| Cc: | debra.alexander@delphi.com |
| Subject: | Delphi Settlement Cap |
| Size: | 2 KB |

Lisa:

I finally got your message on the proposed cap of $800K. I had been out of state since Thursday morning and received some of the voice mails but not the recording on my home phone. I know that you and Debbie Alexander were anxious to receive confirmation of the cap amount because Delphi was to announce exiting bankruptsy on Friday. However, I was notified Friday morning that the deal fell through so I held off on any communications. I am now back in town (Las Vegas) and can receive all types of comunications. Since there apears to be more time now , I believe that we should just complete an actual agreement rather than a patch work cap. Please call or write as soon as possible with you settlement offer. I have already provided data on what I believe is fair. If you have any questions fee free to call or email.

Regards,

Tony Gardner

Move to: Drafts

Cox High Speed Internet Support | Advertise with us
Copyright 2008 Cox Communications, Inc. ALL RIGHTS RESERVED. Privacy Policy | Visitor Agreement | Other Policies
Cox® High Speed Internet℠ is a registered trademark of Cox Communications, Inc.
Cox.net and www.cox.net are trademarks of Cox Communications, Inc.