## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | **Case No. 05-44481 (RDD)** |
| | ) | **Chapter 11** |
| **DELPHI CORPORATION, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |

### RESPONSE OF DAVID WOHLEEN TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT MODIFICATION, <u>CLAIM NO. 12363</u>

David Wohleen ("Wohleen"), by his attorneys, Vedder Price P.C., states as follows for his response to that certain Debtors' Thirteenth Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books and Records Claims, (E) Untimely Claims, and (F) Claims Subject to Modification (the "Thirteenth Omnibus Claims Objection"):

### BACKGROUND FACTS

1.      On October 8 and 14, 2005 (the "Petition Dates"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code"), thereby commencing the above-captioned chapter 11 cases.

2.      Prior to the commencement of these cases, Wohleen served in various executive roles with the Debtors, most recently as Vice Chairman of Delphi Corporation. Wohleen retired from the Debtors on June 1, 2006. While employed by the Debtors, Wohleen participated in various employee benefit plans, including but not limited to Debtor's Supplemental Executive

Retirement Plan, Benefit Equalization Plan, Supplemental Life Insurance Plan and retiree PULI. Wohleen also received various equity awards.

3.    The benefits plans were operable and in effect on the Petition Dates, and to Wohleen's knowledge remain so as of this writing.

4.    A copy of Wholeen's Proof of Claim, Claim No. 12363, timely filed with the Bankruptcy Court on July 28, 2006, is attached hereto as Exhibit 1.

## BASIS OF THE DEBTORS' OBJECTION

5.    According to the Thirteenth Omnibus Claims Objection, the summarily stated basis of the objection to Wohleen's Proof of Claim is that it "asserts liabilities or dollar amounts that the Debtors have determined are not owed pursuant to the Debtor's books and records." The Debtors, however, fail to provide any legal or factual justification for their allegations, and, therefore, fail to meet their burden of proof.

## THE DEBTORS HAVE FAILED TO MEET THEIR BURDEN OF PROOF

6.    Once a proof of claim is filed, the burden of proof shifts to the debtor to overcome the proof of claim's *prima facie* evidence of validity.  "[A] proof of claim is *prima facie* evidence of validity and amount; [the] burden of going forward then shifts to [the] objecting party, who must bring forth evidence equal in probative force; only then does [the] burden revert to [the] claimant to prove validity of claim by a preponderance of the evidence." *Carlson v. United States of America* (In re Carlson), 126 F.3d 915, 921 (7th Cir. 1997)(citing *Placid Oil Co. v. IRS (In re Placid Oil Co.)*, 988 F.2d 554, 557 (5th Cir. 1993)).  An objection must be supported by "substantial evidence." *In re Hemingway Transp. Inc.*, 993 F.2d 915, 925 (1st Cir. 1993).  A presumed valid prepetition claim may be overcome only if the objecting party produces evidence "of equal probative force" in rebuttal. *In re Fullmer*, 962 F.2d 1463, 1466 (10th Cir. 1992).

7.     Again, the Debtors have not identified a single legal theory or fact identified in Wohleen's Proof of Claim with which the Debtors disagree.  The Debtors do not deny the existence of the various benefit plans in which Wohleen participated, Wholeen's participation in such benefit plans, or Wohleen's right to claim benefits thereunder, nor do they dispute the legal justification set forth in Wohleen's Proof of Claim.  Furthermore, the Debtors fail to attach a single document to support the Thirteenth Omnibus Claims Objection.  It does not appear that the Debtors have made any attempt to meet their burden of proof in objecting to Wohleen's Proof of Claim.  As such, Wohleen is left to attempt to respond to a non-specific objection or face complete disallowance of his claim.

8.     Accordingly, Wohleen hereby requests that this Court deny the Thirteenth Omnibus Claims Objection and allow Wohleen's Proof of Claim in full.

9.     The undersigned counsel, after consultation with Wohleen, will have the authority to reconcile, settle or otherwise resolve Wohleen's Proof of Claim.

WHEREFORE, Wohleen respectfully requests that this Court enter an Order (1) denying the Thirteenth Omnibus Claims Objection as to Wohleen's Proof of Claim and (2) granting such other relief as is just and equitable under the circumstances.

Respectfully submitted,

VEDDER PRICE P.C.


By:   /s/ Philip L. Mowery

Philip L. Mowery
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

and

Michael L. Schein
1633 Broadway, 47th Floor
New York, New York 10019
Tel: (212) 407-7700
Fax: (212) 407-7799

Counsel for David Wohleen


Dated: July 23, 2008