UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____ )
                                        )   Chapter 11 Case
In re                                   )
                                        )
DELPHI CORPORATION, et al.              )   Case No. 05-44481 (RDD)
                                        )
    Debtors.                            )   (Jointly Administered)
_____ )

## CSX TRANSPORTATION, INC.'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION

CSX Transportation, Inc., ("CSX"), by counsel, hereby submits its response (the "Response") to Debtors' Thirtieth Omnibus Objection pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books and Records Claims, (E) Untimely Claims, and (F) Claims Subject to Modification (the "Claim Objection"), and in support thereof respectfully states as follows:

### STATEMENT OF FACTS

1.      On October 8 and 14, 2005, the above-captioned Debtors filed voluntary petitions with this Court for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code").

2.      On January 25, 2008, the Court entered an order confirming the Debtors' Joint Plan of Reorganization of Delphi Corporation (the "Plan"). The Plan has not become effective.

## CSX CLAIMS

3.   On March 20, 2008, CSX filed an administrative claim in the amount of $212,573.70 for unpaid postpetition freight and transportation services and expenses, which the Debtors' claims agent, Kurtzman Carson Consultants, LLC, identified as claim number 16813 ("Claim No. 16813").  Attached to Claim No. 16813 were copies of the applicable accounts receivable summaries and each of the invoices that comprised Claim No. 16813.

4.   On June 27, 2008, the Debtors filed their Claim Objection, objecting to, among others, Claim No. 16813.  The basis for the Debtors' objection to Claim No. 16813 is that Claim No. 16813 was "untimely" and the liabilities were "not reflected on the Debtors' books and records."  Claim Objection, ¶ 23.[1]

5.   It is well settled that a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim.  See In re Alper Holdings USA, 2008 WL 160203, * 3 (Bankr. S.D.N.Y. Jan. 15, 2008); In re Musicland Holding Corp., 362 B.R. 644, 651-652 (Bankr. S.D.N.Y. 2007); In re Castaldo, 2006 WL 3531459, *3 (Bankr. S.D.N.Y. Dec. 7, 2006).  If the claimant avers sufficient facts to support its claim, it is prima facie valid and the burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim.  "It is often said that the objector must produce evidence equal in force to the prima facie case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  Id.  If the objector produces sufficient evidence

---

[1] On or about July 7, 2008, counsel for the Debtors advised counsel for CSX that the Debtors were prosecuting the Clam Objection against Claim No. 16813 solely on the grounds that the liabilities were not reflected on the Debtors' books and records and were no longer objecting to Claim No. 16813 on the grounds that Claim No. 16813 was filed after the applicable bar date.

2

to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  In re Spiegel, Inc., 2007 WL 2456626, *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing In re Alleghany Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)); In re Lehning, 2007 WL 1200820, *3 (Bankr. N.D.N.Y. Apr. 20, 2007); In re MarketXT Holdings Corp., 2007 WL 680763, *4 (Bankr. S.D.N.Y. Mar. 1, 2007); see also In re DeGeorge Financial Corp., 2002 WL 31096716, *5 (D. Conn., June 15, 2002)  ("The filing a proof of claim is prima facie evidence of that claim and thus the "interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence.") (citing In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir.1993).  An objecting party must allege facts necessary to support the objection – at least to overcome the prima facie validity of the proof of claim and describe the theories upon which the objection is founded.  See 9 COLLIER ON BANKRUPTCY ¶ 3007.01[1] (15th ed. 2008).

6. The Debtors have failed to overcome the presumptive validity of Claim No. 16813.  Simply stating that the liabilities in Claim No. 16813 are not reflected in the Debtors' books and records is not sufficient to shift the burden to CSX.  Moreover, attached to Claim No. 16813 are copies of each invoice that comprise Claim No. 16813 and evidence the liabilities.

## CONCLUSION

WHEREFORE, CSX respectfully requests the Court to enter an order (i) overruling the Claim Objection; (ii) allowing Claim No. 16813 in the amount filed; and (iii) granting such other and further relief as the Court deems just and appropriate.

3

Dated:  July 23, 2008                                   Respectfully submitted,


  /s/ John H. Maddock III
John H. Maddock III (JM-9924)
Daniel F. Blanks
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
804.775.1000 Telephone
804.775.1061 Facsimile

*Counsel to CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

      I, John H. Maddock, III, hereby certify that I caused a true and correct copy of the foregoing CSX' RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION TO THE ALLOWANCE OF CLAIMS: (A) AMENDED CLAIMS, (B) REDUCED CLAIMS, (C) SATISFIED CLAIMS, (D) WITHDRAWN CLAIMS, (E) DUPLICATE CLAIMS, AND (F) LATE-FILED CLAIMS to be served on July 23, 2008 by electronic notification through the Court's electronic case filing system to all parties who receive electronic notice in the Debtors' bankruptcy cases and to each of the following parties via first class mail:

      Honorable Robert D. Drain
      United States Bankruptcy Judge
      United States Bankruptcy Court for the
      Southern District of New York
      One Bowling Greeg, Rm. 632
      New York, New York  10004

      Delphi Corporation
      5725 Delphi Drive
      Troy, Michigan 48098
      (Attn:  General Counsel)

      Skadden, Arps, Slate, Meagher & Flom, LLP
      222 West Wacker Drive, Ste. 2100
      Chicago, Illinois 60606
      Attn:   John Wm. Butler, Jr.
              John K. Lyons
              Joseph N. Wharton

           /s/ John H. Maddock III
           John H. Maddock III

\6421729.2