Hearing date and time: July 31, 2008 at 10:00 a.m.
Response date and time: July 24, 2008 at 4:00 p.m.

BOSE MCKINNEY & EVANS LLP
Michael A. Trentadue
Attorney No. 12037-49
Carina M. de la Torre
Attorney No. 24849-49
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (FAX)
Attorneys for Lorentson Mfg. Co. SW, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DELPHI CORPORATION, *et al.*, ) | CASE NO. 05-44481 (RDD) |
| ) | (Jointly Administered) |
| Debtors. ) | Chapter 11 |

**LORENTSON MFG. CO. SW, INC.'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION**

Lorentson Mfg. Co. SW, Inc. ("Lorentson SW"), by counsel, objects to the *Debtors' Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502 (b) and Fed. R. Bankr. P. 3007 to certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books and Records Claims, (E) Untimely Claims, and (F) Claims Subject to Modification* filed herein on June 27, 2008 as Docket No. 13823 (hereinafter "Omnibus Objection 30"). In support of its Objection to Omnibus Objection 30, Lorentson SW states as follows:

1169887/18126-1

1.     On October 8, 2005 (the "Petition Date"), Delphi and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.     This Court set July 31, 2006 as the date for general unsecured creditors to file proofs of claim against the Debtors (the "Bar Date").

3.     Lorentson SW supplied molded parts, tools and services to various of the Delphi entities prior to the Petition Date (and has continued to do business with Debtors since then). On July 28, 2006, Lorentson SW timely filed Proof of Claim No. 12375 in the gross amount of $449,485.89, comprised of a secured claim in the amount of $190,379.68 (which includes a claim for $105,650.00 in setoff and $84,729.68 in reclamation claim), and an unsecured claim in the amount of $259,106.21 (the "Lorentson SW Claim").

4.     Attached to the Lorentson SW Claim, and in support thereof, are: (1) a summary indicating the foregoing breakdown and calculation of the claim; (2) a 17 page spreadsheet listing line items supporting the claim and which includes, but is not limited to, the Debtor name, invoice number, invoice date, part number (where the charge relates to parts produced), Delphi Purchase Order Number, number of parts produced, cost per part, shipper name and shipping information, total amount still due, Bill of Lading number, and due date on the invoice; (3) a copy of the Demand to Exercise Setoff filed by Lorentson SW on December 15, 2005 as Docket No. 1525

5.     Lorentson SW also filed, On December 15, 2005, at Docket No. 1525, a Demand to Exercise Setoff By Lorentson Manufacturing Company Southwest, Inc. in the amount of $105,650.00 (the "Lorentson SW Demand").

2

6. Lorentson SW also sent a Setoff Demand Letter on November 18, 2005, and a copy of that letter and proof of delivery was attached to the Lorentson SW Demand.

7. Since the filing of the Lorentson SW Claim, representatives of Lorentson SW have worked with the Debtors' claims reconciliation people on an ongoing basis, including since the filing of Omnibus Objection 30. Lorentson SW has repeatedly supplied information and clarification to the Debtors' reconciliation people (several people over the last 2-1/2 years including Barry Turner, Douchie Bosquet, Brian Kearney, Terry Navratil, Christine Justice, Donna Sprague, Debra Grado, Douglas Cassidy and Mark Carroll)[1] and has on several occasions faxed or shipped (in some cases boxes) backup documentation to those people, including additional spreadsheets, copies of invoices, shipping receipts, proofs of delivery, signed authorizations and purchase orders. Lorentson SW has no objection to, and upon request will again supply such backup documentation to Debtors or as Debtors direct, but as such backup documentation is extremely voluminous (literally boxes worth of information have been supplied to Debtors), has been supplied to the Debtors' claims reconciliation people on several occasions, and may contain confidential or proprietary information, it has not been attached to this Response.

8. As a result of working with Debtors and their claims reconciliation people the sums remaining due to Lorentson SW have been refined, and payments made by Delphi which were unidentified as to where they should be applied have now been applied. Attached hereto as **Exhibit A** is a spreadsheet listing the amounts still claimed due by Lorentson SW. That spreadsheet lists the Debtor, Invoice number, Invoice date, PO#, Part Number, Shipper, Amount

---

[1] Lorentson SW will continue to work with the Debtors to reconcile the amounts due and owing and the character thereof.

3

1169887 (18126-1)

due, and other information for each amount still claimed by Lorentson SW (the "Lorentson SW Spreadsheet").

9.    The Lorentson SW Spreadsheet indicates that $233,310.32 gross is still owed Lorentson SW. Of that amount $105,650.00 constitutes a secured setoff claim and the remainder of $127,660.32 constitutes a general unsecured claim. If the Setoff of $105,650.00 is or has been allowed, and the debt in that amount to Delphi is canceled, then the amount owed to Lorentson SW is a general unsecured claim in the amount of $127,660.32. The foregoing are the amounts that Lorentson SW asserts are the allowable amounts and character of its claims.

10.   On December 21, 2007, the Debtors filed Omnibus Objection 30 in which the Debtors objected to the Lorentson SW claim, and listed it on Exhibit F to Omnibus Objection 30, as a "Claim Subject to Modification," on the grounds identified in Part L of Omnibus Objection 30.

11.   In Omnibus Objection 30, Debtors propose to reduce and reclassify the Lorentson SW Claim as a general unsecured claim in the amount of $92,029.83, against Debtor No. 05-44640.

## LORENTSON SW'S RESPONSE

12.   Lorentson SW executed and filed the Lorentson SW Claim in accordance with the provisions of 11 U.S.C. § 502(a), and Fed. R. Bankr. P. 3001, 3002 and 3003 in effect as of the Petition Date, prior to the Bar Date and on the form provided by the Debtors.

13.   Lorentson sent the above-referenced Setoff Letter on November 18, 2005, and filed the Lorentson Demand on December 15, 2005.

14.    Lorentson SW attached to the Lorentson SW Claim a Summary of the Claim, a spreadsheet listing extensive information on the amounts due (as indicated above), and a copy of the Lorentson SW Demand in support of its claim..

15.    Furthermore, Lorentson SW has provided Debtors, on multiple occasions, copies of spreadsheets, invoices, purchase orders, signed authorizations, delivery documentation and shipping receipts in support of the Lorentson SW Claim.

16.    A Proof of Claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim.  See Fed. R. Bankr. P. 3001(f); see also In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000).

17.    Once the claimant has established its *prima facie* case, the burden of going forward then shifts to the debtor to provide evidence sufficient to negate the *prima facie* validity of the filed claim.  Reilly, 245 B.R. at 773 (citing In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir.1992); In re Giordano, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999)).

18.    In order to "overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  Id.

19.    In this regard, the debtor must introduce evidence in order to overcome the claim's *prima facie* validity.  See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); see also 5 King, Collier on Bankruptcy ¶ 502.02(f), n.38 (15th ed. 2007).  The filing of an objection to a proof of claim filed in compliance with Fed. R. Bankr. P. 3001 :. . . does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."  McDaniel v. Riverside County Dep't of Child Support Services, 264 B.R. 531, 533 (8th Cir. B.A.P. 2001), citing Brown v. IRS (In re Brown), 82 F.3d 801, 805 (8th Cir.1996).

5

20. Only if the debtor overcomes the presumption of validity in favor of the claimant does the ultimate burden to establish the validity of a claim revert to the creditor. <u>Reilly</u>, 245 B.R. at 773 (citing Fed. R. Bankr. P. 3001(f) Adv. Comm. Notes).

21. Debtors' Omnibus Objection 30 sets forth no evidence or even specifics to disprove the asserted amount of the Lorentson SW Claim or demonstrate why it is subject to modification.

22. Furthermore, Debtors' Omnibus Objection 30 fails to provide any legal basis for the Proposed modification of the Lorentson SW Claim.

23. Rather, the Debtors merely assert that the asserted amount of the Claim should be modified, and do nothing to address the evidence of the Lorentson SW Claim as attached to the proof of claim itself, and as supplied to Debtors post petition.

24. The Debtors' arguments in this regard are unsworn statements not accompanied by any supporting evidence.

25. Accordingly, the Debtors' proposed modification fails to overcome *the prima facie* validity of the Lorentson SW Claim, as required by Federal Rule of Bankruptcy Procedure 3001(f).

26. Moreover the Objection is unfounded on the merits, as the Debtors have failed to identify any particular disagreement with the evidence supporting the Lorentson SW Claim.

27. Furthermore, the Debtors are not, in Omnibus Objection 30, objecting to allowance of the claims, but rather, only seek to "modify" these claims. Debtors' request in this regard is inappropriate for at least three reasons. First, the Debtors cite no authority whereby the Debtors can seek to modify yet not allow a claim. Second, the right to modify a claim is a right which only the asserting creditor holds. Third, the Debtors are asking for a remedy that is highly

6

inefficient and wasteful.  This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later.  This would cause an unnecessary drain of the resources of the Debtors, Lorentson SW, and this Court.

28. Finally, by virtue of the Debtors' failure to provide such evidentiary support for the Omnibus Objection 30, Lorentson SW is unable to respond specifically to any purported discrepancies in the parties' books and records.

29. Lorentson SW objects to the Debtors' Omnibus Objection 30 insofar as it seeks to reduce, modify or reclassify the Lorentson SW Claim, and respectfully requests that the Court deny the Debtors' Omnibus Objection 30 in this regard.

30. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, Lorentson SW respectfully requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

31. The address to which the Debtors must return any reply to the Response, if different from the addresses presented in the Lorentson SW Claim, is:

> Michael A. Trentadue
> Carina M. de la Torre
> BOSE MCKINNEY & EVANS LLP
> 2700 First Indiana Plaza
> 135 North Pennsylvania Street
> Indianapolis, Indiana  46204

32. Lorentson SW reserves the right to amend or supplement this Response, including by, but not limited to, providing additional documentation of the amount or nature of the claims

of Lorentson SW, and to present other evidence if an evidentiary hearing is held with respect to Omnibus Objection 30 and this response.

WHEREFORE, Lorentson Mfg. Co. SW, Inc., by counsel, objects to the Debtors' Thirtieth Omnibus Claims Objection insofar as it seeks to reduce or modify the Lorentson SW Claim and respectfully requests that the Court enter an order: (1) denying the Debtors' Thirtieth Omnibus Claims Objection with respect to the Lorentson SW Claim, (2) continuing the hearing on the Thirtieth Omnibus Claims Objection with respect to the Lorentson SW Claim pursuant to the Claims Objections Procedures Order and the Notice of Objection to Claim, (3) allowing the Lorentson SW Claim in the amount of $233,310.32 (with $105,650 of that amount being a secured Setoff Claim and the remainder of $127,660.32 constituting a general unsecured claim), (4) alternatively recognizing Lorentson SW's right to setoff in the amount of $105,650, ordering that setoff, and allowing the amount of $127,660.32 as a general unsecured claim, and (5) ordering all other relief just and proper in the premises.

Dated: July 22, 2008

Respectfully submitted,

/s/ Michael A. Trentadue
Michael A. Trentadue, Attorney No. 12037-49
    (MT1819)
Carina M. de la Torre, Attorney No. 24849-49
BOSE MCKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 684-5000 / (317) 684-5173 (FAX)
mtrentadue@boselaw.com
cdelatorre@boselaw.com

Attorneys for Lorentson Mfg. Co. SW, Inc.

1169887 (18126-1)

## PARTIAL CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties, via overnight delivery, on the 22nd day of July, 2008*:

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green<br>Room 632<br>New York, NY  10004 | Skadden, Arps, Slate, Meagher & Flom LLP<br>ATTN: John Wm. Butler Jr., John K. Lyons and Joseph N. Wharton<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL  60606 |
| Delphi Corporation<br>ATTN:  General Counsel<br>5725 Delphi Drive<br>Troy, MI  48098 | |

/s/ Michael A. Trentadue
Michael A. Trentadue

*An Affidavit as to service on all others is being filed separately.