Hearing date and time: July 31, 2008 at 10:00 a.m.
                                                         Response date and time: July 24, 2008 at 4:00p.m.

BOSE MCKINNEY & EVANS LLP
Michael A. Trentadue
Attorney No. 12037-49
Carina M. de la Torre
Attorney No. 24849-49
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 (FAX)
Attorneys for Lorentson Mfg. Co., Inc

                               UNITED STATES BANKRUPTCY COURT
                                SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | CASE NO. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |

**LORENTSON MFG. CO., INC.'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION**

      Lorentson Mfg.. Co., Inc. ("Lorentson MFG"), by counsel, objects to the *Debtors' Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502 (b) and Fed. R. Bankr. P. 3007 to certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books and Records Claims, (E) Untimely Claims, and (F) Claims Subject to Modification* filed herein on June 27, 2008 as Docket No. 13823 (hereinafter "Omnibus Objection 30"). In support of its Objection to the Omnibus Objection 30, Lorentson MFG states as follows:

1. On October 8, 2005 (the "Petition Date"), Delphi and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. This Court set July 31, 2006 as the date for general unsecured creditors to file proofs of claim against the Debtors (the "Bar Date").

3. Lorentson MFG fabricated and supplied molded parts, tools and services to various of the Delphi entities prior to the Petition Date (and has continued to do business with Debtors since then). On July 28, 2006, Lorentson MFG timely filed Proof of Claim No. 12192 in the gross amount of $1,296,063.40, comprised of a secured claim in the amount of $789,167.04 (which includes a claim for $222,257.50 in setoff, $169,730.04 in a reclamation claim, and tooling lien claims totaling $397,179.50), and an unsecured claim in the amount of $506,896.36 (the "Lorentson MFG Claim").

4. Attached to the Lorentson MFG Claim, and in support thereof, is a 67 page Exhibit A which includes: (1) a summary indicating the foregoing breakdown and calculation of the claim; (2) a spreadsheet detailing the unsecured and tooling lien amounts owed including invoice number, invoice date, part number (where the charge relates to parts produced), Delphi Purchase Order Number, number of boxes, quantity shipped, unit price, shipper name and shipping information, PRO#, total amount still due, Bill of Lading number, and due date on the invoice; (3) a copy of an Amended Reclamation Demand filed by Lorentson MFG on or about November 2, 2005 and response by Delphi (reclamation claim no. 479); (4) a 14 page spreadsheet detailing the reclamation amounts due and listing line items supporting the claim and which includes, but is not limited to, the Debtor name, packing list number, shipping date, Purchase Order Number, part number, number of boxes shipped, quantity shipped, unit price,

2

total, carrier and Pro #; (5) a copy of the Demand to Exercise Setoff filed by Lorentson MFG on December 15, 2005 as Docket No. 1535.

5.   Lorentson MFG also filed, On December 15, 2005, at Docket No. 1535, a Demand to Exercise Setoff By Lorentson Manufacturing Company Southwest, Inc. in the amount of $222,257.50 (the "Lorentson MFG Setoff Demand").

6.   Lorentson MFG also sent a Setoff Demand Letter, with an exhibit detailing the setoff amounts claimed, on November 18, 2005, and a copy of that letter (without exhibits) and proof of delivery was attached to the Lorentson MFG Setoff Demand.

7.   Lorentson also sent to Counsel for the Debtors, John K. Lyons, and Delphi Corporation World Headquarters, by email, facsimile and certified mail, numerous Notices of Intent to Assert Tooling Lien Rights (with Exhibits) on various dates including but not limited to October 26, 2005, May 18, 2006 and July 17, 2006.

8.   Since the filing of the Lorentson MFG Claim, representatives of Lorentson MFG have worked with the Debtors' claims reconciliation people on an ongoing basis, including since the filing of Omnibus Objection 30.  Lorentson MFG has repeatedly supplied information and clarification to the Debtors' reconciliation people (several people over the last 2-1/2 years including Barry Turner, Douchie Bosquet, Brian Kearney, Terry Navratil, Christine Justice, Donna Sprague, Debra Grado, Douglas Cassidy and Mark Carroll)[1] and has on several occasions faxed or shipped (in some cases boxes) backup documentation to those people, including additional spreadsheets, copies of invoices, tooling lien information, shipping receipts, proofs of delivery, signed authorizations and purchase orders.  Lorentson MFG has no objection to, and upon request will again supply such backup documentation to Debtors or as Debtors direct, but

---

[1] Lorentson MFG will continue to work with the Debtors to reconcile the amounts due and owing and the character thereof.

3

1169902 (18126-1)

as such backup documentation is extremely voluminous (literally boxes worth of information have been supplied to Debtors) and has been supplied to the Debtors' claims reconciliation people on several occasions, and may contain confidential or proprietary information, it has not been attached to this Response.

   9. As a result of working with Debtors and their claims reconciliation people the sums remaining due to Lorentson MFG have been refined, and payments made by Delphi which were unidentified as to where they should be applied have now been applied.  Attached hereto as **Exhibit A** are several spreadsheets listing the amounts still claimed due by Lorentson MFG and divided into the amounts which are the subject of tooling liens, and the amounts due for molded parts.  Those spreadsheets list the Debtor, Invoice number, Invoice date, Purchase Order Number, tool number (where appropriate), Part Number, Shipper, Amount due, and other information for each amount still claimed by Lorentson MFG (the "Lorentson MFG Spreadsheets").

   10. The Lorentson MFG proof of claim and spreadsheets demonstrate that $749,732.92 gross is still owed Lorentson MFG.  Of that amount, $385,439.50 is a secured claim secured by tooling liens under the Indiana statute governing liens on dies, tools and molds (Ind. Code §32-33-16-1 et seq.) ("tooling liens"), $222,257.50 is a secured Setoff claim, and the remainder of $142,035.92 is a general unsecured claim.  If the Setoff of $222,257.50 is or has been allowed, and the debt in that amount to Delphi canceled, then the amounts owed to Lorentson MFG are a $385,439.50 secured claim (secured by tooling liens), plus a $142,035.92 unsecured claim, for a total claim of $527,475.42.  The foregoing are the amounts that Lorentson MFG asserts are the allowable amounts and character of its claims.

1169902 (18126-1)

11. On December 21, 2007, the Debtors filed Omnibus Objection 30 in which the Debtors objected to the Lorentson MFG claim, and listed it on Exhibit F to Omnibus Objection 30, as a "Claim Subject to Modification," on the grounds identified in Part L of Omnibus Objection 30.

12. In Omnibus Objection 30, Debtors propose to reduce and reclassify the Lorentson MFG Claim as a general unsecured claim in the amount of $172,805.21, against Debtor No. 05-44640.

### **LORENTSON MFG'S RESPONSE**

13. Lorentson MFG executed and filed the Lorentson MFG Claim in accordance with the provisions of 11 U.S.C. § 502(a), and Fed. R. Bankr. P. 3001, 3002 and 3003 in effect as of the Petition Date, prior to the Bar Date and on the form provided by the Debtors.

14. Lorentson sent the above-referenced Setoff Demand Letter on November 18, 2005, and filed the Lorentson Demand on December 15, 2005.

15. Lorentson MFG attached to the Lorentson MFG Claim a Summary of the Claim, spreadsheets listing extensive information on the amounts due (as indicated above), and a copy of the Lorentson MFG Setoff Demand in support of its claim.

16. As indicated above, Lorentson MFG also sent numerous Notices of the Intent to Assert Tooling Liens to Delphi and its Counsel.

17. Lorentson is entitled to secured claim treatment for setoff pursuant to 11 U.S.C. §553, as is more specifically set forth in its Lorentson MFG Setoff Demand.

18. Lorentson is entitled to secured claim treatment of that part of its claim (as identified in its proof of claim and in the Notices of Intent to Assert Tooling Lien Rights sent to Debtor and its counsel) that relates to the molds, tools and dies which it fabricated for Debtors

5

and for which it has not been paid, pursuant to Indiana statutes including Ind. Code §32-33-16-1 et seq. Debtors have provided no evidence or argument to contradict this.

19. Furthermore, Lorentson MFG has provided Debtors, on multiple occasions, copies of spreadsheets, invoices, purchase orders, signed authorizations, delivery documentation and shipping receipts in support of the Lorentson MFG Claim.

20. A Proof of Claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000).

21. Once the claimant has established its *prima facie* case, the burden of going forward then shifts to the debtor to provide evidence sufficient to negate the *prima facie* validity of the filed claim. Reilly, 245 B.R. at 773 (citing In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir.1992); In re Giordano, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999)).

22. In order to "overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Id.

23. In this regard, the debtor must introduce evidence in order to overcome the claim's *prima facie* validity. See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); see also 5 King, Collier on Bankruptcy ¶ 502.02(f), n.38 (15th ed. 2007). The filing of an objection to a proof of claim filed in compliance with Fed. R. Bankr. P. 3001 ". . . does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." McDaniel v. Riverside County Dep't of Child Support Services, 264 B.R. 531, 533 (8th Cir. B.A.P. 2001), citing Brown v. IRS (In re Brown), 82 F.3d 801, 805 (8th Cir.1996).

24. Only if the debtor overcomes the presumption of validity in favor of the claimant does the ultimate burden to establish the validity of a claim revert to the creditor. <u>Reilly</u>, 245 B.R. at 773 (citing Fed. R. Bankr. P. 3001(f) Adv. Comm. Notes).

25. Debtors' Omnibus Objection 30 sets forth no evidence or even specifics to disprove the asserted amount of the Lorentson MFG Claim or demonstrate why it is subject to modification.

26. Furthermore, Debtors' Omnibus Objection 30 fails to provide any legal basis for the Proposed modification of the Lorentson MFG Claim.

27. Rather, the Debtors merely assert that the asserted amount of the Claim should be modified, and do nothing to address the evidence of the Lorentson MFG Claim as attached to the proof of claim itself, and as supplied to Debtors post petition.

28. The Debtors' arguments in this regard are unsworn statements not accompanied by any supporting evidence.

29. Accordingly, the Debtors' proposed modification fails to overcome *the prima facie* validity of the Lorentson MFG Claim, as required by Federal Rule of Bankruptcy Procedure 3001(f).

30. Moreover the Objection is unfounded on the merits, as the Debtors have failed to identify any particular disagreement with the evidence supporting the Lorentson MFG Claim.

31. Furthermore, the Debtors are not, in Omnibus Objection 30, objecting to allowance of the claims, but rather, only seek to "modify" these claims. Debtors' request in this regard is inappropriate for at least three reasons. First, the Debtors cite no authority whereby the Debtors can seek to modify yet not allow a claim. Second, the right to modify a claim is a right which only the asserting creditor holds. Third, the Debtors are asking for a remedy that is highly

inefficient and wasteful. This "two bites at the apple" approach would permit the Debtors to modify claims now and to seek disallowance later. This would cause an unnecessary drain of the resources of the Debtors, Lorentson MFG, and this Court.

32. Finally, by virtue of the Debtors' failure to provide such evidentiary support for the Omnibus Objection 30, Lorentson MFG is unable to respond specifically to any purported discrepancies in the parties' books and records.

33. Lorentson MFG objects to the Debtors' Omnibus Objection 30 insofar as it seeks to reduce, modify or reclassify the Lorentson MFG Claim, and respectfully requests that the Court deny the Debtors' Omnibus Objection 30 in this regard.

34. Because the legal points and authorities upon which this objection relies do not represent novel theories of law, Lorentson MFG respectfully requests that the requirement of the filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

35. The address to which the Debtors must return any reply to the Response, if different from the addresses presented in the Lorentson MFG Claim, is:

> Michael A. Trentadue
> Carina M. de la Torre
> BOSE MCKINNEY & EVANS LLP
> 2700 First Indiana Plaza
> 135 North Pennsylvania Street
> Indianapolis, Indiana 46204

36. Lorentson MFG reserves the right to amend or supplement this Response, including by, but not limited to, providing additional documentation of the amount or nature of

8

the claims of Lorentson MFG, and to present other evidence if an evidentiary hearing is held with respect to Omnibus Objection 30 and this response.

WHEREFORE, Lorentson MFG & Associates, Inc., by counsel, objects to the Debtors' Thirtieth Omnibus Claims Objection insofar as it seeks to reduce or modify the Lorentson MFG Claim and respectfully requests that the Court enter an order: (1) denying the Debtors' Thirtieth Omnibus Claims Objection with respect to the Lorentson MFG Claim, (2) continuing the hearing on the Thirtieth Omnibus Claims Objection with respect to the Lorentson MFG Claim pursuant to the Claims Objections Procedures Order and the Notice of Objection to Claim, (3) allowing the Lorentson MFG Claim in the amount of $749,732.92 (with $222,257.50 of that amount being a secured Setoff Claim, $385,439.50 being a secured claim secured by tooling produced by Lorentson for Debtors, and the remainder of $142,035.92 constituting a general unsecured claim), (4) alternatively recognizing Lorentson MFG's right to setoff in the amount of $222,257.50, ordering that setoff, and allowing the amount of $385,439.50 as a secured claim, and $142,035.92 as a general unsecured claim, and (5) ordering all other relief just and proper in the premises.

Date: July 22, 2008                                Respectfully submitted,

/s/ Michael A. Trentadue
Michael A. Trentadue, Atty. No. 12037-49
(MT1819)
Carina M. de la Torre, Attorney No. 24849-49
BOSE MCKINNEY & EVANS LLP
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, Indiana  46204
(317) 684-5000 / (317) 684-5173 (FAX)
mtrentadue@boselaw.com
cdelatorre@boselaw.com
Attorneys for Lorentson Mfg. Co., Inc.

## **PARTIAL CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following parties, via overnight delivery, on the 22nd day of July, 2008*:

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Court for the Southern<br>District of New York<br>One Bowling Green<br>Room 632<br>New York, NY  10004 | Skadden, Arps, Slate, Meagher & Flom LLP<br>ATTN: John Wm. Butler Jr., John K. Lyons<br>and Joseph N. Wharton<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL  60606 |

Delphi Corporation
ATTN:  General Counsel
5725 Delphi Drive
Troy, MI  48098

/s/ Michael A. Trentadue
Michael A. Trentadue

*An Affidavit as to service on all others is being filed separately.

1169902 (18126-1)