**Hearing Date and Time: July 31, 2008 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 24, 2008 at 4:00 p.m. (Prevailing Eastern Time)**

Patricia C. Weinmann
2913 Tyler Avenue
Berkley, Michigan 48072
(248) 546-3279

Creditor, Pro se

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CREDITOR PATRICIA C. WEINMANN'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION

### ("RESPONSE TO OBJECTION")

Patricia C. Weinmann (Ms. Weinmann) hereby submits this Response to the

Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007

to Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently

Documented Claim, (D) Books and Records Claims, (E) Untimely Claims, and (F)

Claims Subject to Modification (the "Thirtieth Omnibus Claims Objection"), and

respectfully represents as follows:

<u>Parties and Jurisdiction</u>

1.      This Court has jurisdiction over this Response to Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §501(a), 502(b), and 502(c) and Rules 3001 and 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules).

<u>Factual Background</u>

<u>The Chapter 11 Filings and Objection to Ms. Weinmann's Claim</u>

3.      On October 8, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  This Court has ordered joint administration of these cases.

4.      On August 9, 2006, Ms. Weinmann filed a Proof of Claim with this Court for her one-half interest in Ronald K. Weinmann's pension fund. (Proof of Claim No. 16175).  On June 27, 2008, Debtors' filed the Thirtieth Omnibus Objection with this Court, objecting to Ms. Weinmann's claim. (Ct. Docket No. 13823).  Debtors based their objection on the grounds that Ms. Weinmann's claim was not owing pursuant to their books and records. (Thirtieth Omnibus Objection ¶ 37) (Ct. Docket No. 13823).

## Relief Under 11 U.S.C. §§ 501and 502

### A. Factual Basis of Ms. Weinmann's Claim

5.      On June 19, 1996, a Consent Judgment of Divorce ("Judgment of Divorce") was entered in case number 95-504046-DO in the Circuit Court for the County of Oakland in the State of Michigan dissolving the marriage between Ronald K. Weinmann ("Mr. Weinmann") and Ms. Weinmann. (See Exhibit 1).  In addition to dissolving the marriage, the judgment also distributed marital property between Ms. Weinmann and Mr. Weinmann, an employee of Delphi Corporation.

6.      Mr. Weinmann's pension through Delphi was ordered to be equally divided between Ms. Weinmann and Mr. Weinmann by means of a Qualified Domestic Relations Order ("QDRO") executed by Mr. Weinmann's counsel. The QDRO was executed and filed in Oakland County Court in the State of Michigan on August 15, 1996. (See Exhibit 2).

7.      Mr. Weinmann retired in 1999.  Ms. Weinmann receives a monthly payment of $604.43 as her one-half interest in Mr. Weinmann's pension. (See Exhibit 3). As Ms. Weinmann's right to a one-half interest in Mr. Weinmann's pension benefits was established at the filing of the QDRO and is not dependent on the duration of Mr. Weinmann's life or her own life (see Exhibit 2), it is neither contingent nor unliquidated.

### B. Legal Basis of Ms. Weinmann's Claim

8.      Pursuant to 11 U.S.C. 501, a creditor has the right to file a proof of claim. If an objection to the claim is made, the Court, after notice and a hearing, must determine the amount of the claim as of the date the petition was filed and "shall allow such claim in such amount." 11 U.S.C. § 502(b).  A bankruptcy claim is valid if (1) the claimant

possessed a right to payment and (2) that right arose before the filing of the petition. In re Chateaugay Corp., 53 F.3d 478, 497 (2d Cir. 1995). A claim is any "right to payment," whether or not the right is "liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, [or] equitable." 11 U.S.C. 101(5)(A). A claim exists if "the relationship between the debtor and the creditor contained all the elements necessary to give rise to a legal obligation…under the relevant non-bankruptcy law." Chateaugay, 53 F.3d at 497 (quoting In re National Gypsum Co., 139 B.R. 397, 405 (N.D. Tex. 1992).

9.      Under Michigan law, a judgment of divorce determines all rights of a spouse in and to any vested pension, annuity, or retirement benefit or any accumulated contributions in any pension, annuity, or retirement system. MCLA 552.101 (West 2008). Ms. Weinmann's Judgment of Divorce granted her a one-half interest in Mr. Weinmann's pension. As a result, the judgment determined her right to payment regarding Mr. Weinmann's pension. The Judgment of Divorce was entered June 19, 1996. Delphi filed for bankruptcy in 2005. Therefore, Ms. Weinmann's right to payment existed before the filing of Delphi's petition. Consequently, Ms. Weinmann has a valid claim against Delphi.

10.     For the reasons set forth above, Ms. Weinmann's claim meets the requirements of 11 U.S.C. §§ 101(5) and 501 and should not be disallowed or expunged without further hearing.

11.    WHEREFORE, Ms. Weinmann prays this Honorable Court for the entry

of an order (a) denying Debtors' Motion to disallow and expunge her claim and (b) for

such other relief as this Court shall deem just.


Dated: Berkley, Michigan
       July 22, 2008

By: _____
Patricia C. Weinmann, Pro se
2913 Tyler Avenue
Berkley, Michigan 48072
(248) 546 - 3279

# EXHIBIT 1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PATRICIA C. WEINMANN,

    Plaintiff,

vs.                      RECEIVED FOR FILING          HON. BARRY L. HOWARD
                         OAKLAND COUNTY CLERK          CASE NO. 95-504046-DO
RONALD K. WEINMANN,

    Defendant.  '96   JUN 19   01:39

_____

EVELYN L. REDMOND   (P44520)
Attorney for Plaintiff
1500 Woodward,  Ste 100
Bloomfield Hills, MI  48304
(810) 540-8783

THOMAS R. DILLEY   (P29402)
Attorney for Defendant
40 Pearl Street N.W.,  Ste 1000
Grand Rapids, MI   49503
(616) 459-8383

STATE OF MICHIGAN  }  SS.
COUNTY OF OAKLAND  }

LYNN D. ALLEN, County Clerk for the County of
Oakland, Clerk of the Circuit Court thereof, the same
being a Court of Record and having a Seal, hereby certify
that the attached is a true copy.

In Testimony whereof, I have hereunto set my hand and
affixed the Seal of said Court this _____ JUN 1 9 1996 _____

LYNN D. ALLEN, Clerk-Register of Deeds
_____ Deputy Clerk

## CONSENT JUDGMENT OF DIVORCE

At a session of said Court held in the Courthouse in
the City of Pontiac, County of Oakland, State of
Michigan on _____ JUN 1 9 1996

PRESENT: THE HONORABLE _____BARRY L. HOWARD_____
                              CIRCUIT JUDGE
                         CIRCUIT COURT JUDGE

    This cause having come on to be heard upon the Complaint

and pleadings filed herein and Defendant having withdrawn his

pleadings thereto, and upon proofs being taken in open Court

from which it satisfactorily appears that the material

allegations in Plaintiff's Complaint are true and there has

been a breakdown in the marriage relationship to the extent

that the objects of matrimony have been destroyed and that

there remains no reasonable likelihood that the marriage can be preserved,

On motion of Evelyn L. Redmond, attorney for the Plaintiff;

### ABSOLUTE DIVORCE

IT IS HEREBY ORDERED AND ADJUDGED that the marriage between the Plaintiff, PATRICIA C. WEINMANN, and the Defendant, RONALD K. WEINMANN, be and the same hereby is dissolved and an absolute divorce from the bonds of matrimony between the parties is adjudged and decreed.

### PROPERTY SETTLEMENT AND INDEBTEDNESS PROVISION

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff, Patricia C. Weinmann, is awarded as her sole and separate property, free and clear of any claim of right, title or interest of Defendant, the marital home of the parties hereto, said home located at 2913 Tyler Berkley, Michigan 48072, more particularly described as:

*Parcel Identification #04 25-18-206-043*
*See attachment for further description.*

IT IS FURTHER ORDERED AND ADJUDGED that Defendant, Ronald K. Weinmann, shall execute a Quit Claim Deed conveying his interest in the above-described property to Plaintiff, Patricia C. Weinmann. The two mortgage balances shall be paid out of the proceeds of the marital estate at the time of entry of this Consent Judgment of Divorce and Plaintiff shall

thereafter be responsible for the taxes and insurance on said property and shall hold Defendant harmless thereon.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant, Ronald K. Weinmann, is awarded as his sole and separate property, free and clear of any claim of right, title or interest of Plaintiff, the parties' Florida lot, said lot located in North Port Charlotte, Florida and more particularly described as:

*Charlotte Subdivision, a subdivision according to plat thereof as recorded in Plat Book 11, Page 30 of Public Records of Sarasota County, Flor.*

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff, Patricia C. Weinmann, shall execute a Quit Claim Deed conveying her interest in the above-described property to Defendant, Ronald K. Weinmann. Defendant shall thereafter be responsible for any indebtedness on said property and shall hold Plaintiff harmless thereon.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall each be awarded the automobile(s) in their individual possession as his/her sole and separate property, free and clear of any claim of right, title or interest of the other and shall assume and pay any indebtedness thereon holding each other harmless as to any such indebtedness.

IT IS FURTHER ORDERED AND ADJUDGED that, except as provided herein, the parties hereto shall equally divide the furniture, furnishings and appliances in the marital home and, in the event that they cannot agree as to such division,

either party may petition the Court for assistance.

IT IS FURTHER ORDERED AND ADJUDGED that, except as provided herein, the parties shall each hold the personal property in their individual possession as of the date of entry of this Consent Judgment of Divorce as their sole and separate property, free and clear of any claim of right, title or interest of the other.

IT IS FURTHER ORDERED AND ADJUDGED that the IRAs entitled in the name of either or both of the parties, and the General Motors Stock Savings Plan shall all be equally divided between the parties after payment of the mortgages on the marital home and any marital debts not covered by the prior order of November 8, 1995.

IT IS FURTHER ORDERED AND ADJUDGED that any spousal support arrearages, past due medical bills or household bills which Defendant was ordered to pay pursuant to the Court Order of November 8, 1995 shall be and are hereby preserved and payable out of Defendant's share of the IRAs and Stock Savings Plan, payment of which shall be made at the time of entry of the Consent Judgment of Divorce.

IT IS FURTHER ORDERED AND ADJUDGED that, except as provided herein, each party shall assume and pay any outstanding debts incurred by him or her individually as of the date of filing of the Complaint and shall each hold the other harmless as to such indebtedness.

IT IS FURTHER ORDERED AND ADJUDGED that each party shall



hold the other harmless on all notes, mortgages, obligations, charge accounts and other debts specifically assumed herein or which may arise from or attach to assets transferred or conveyed pursuant to this Consent Judgment of Divorce.

### HEALTH CARE INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff shall be entitled to remain on Defendant's current medical insurance policy for a period of thirty-six months and Defendant, Ronald K. Weinmann, shall pay Plaintiff's COBRA payments in full during the first year following entry of this Consent Judgment of Divorce.  Thereafter, he shall pay two-thirds of the payments during the second year and one-half of the payments during the third year.

### PENSION AND RETIREMENT PLAN RIGHTS

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's General Motors pension shall be equally divided between the parties by means of a Qualified Domestic Relations Order executed by Defendant's counsel.

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to MCLA §552.101, MSA §25.131, and except as provided herein, each party is individually awarded his or her own interest that either may have in any other pension, annuity, or retirement benefits; any accumulated contributions in any pension, annuity, or retirement system; or any right or contingent right in and to unvested pensions, annuity, or retirement benefits.



## INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that, except as provided herein, the interest which either of said parties hereto may now have or may heretofore have had in any of the life insurance, annuity, endowment, pension contracts, profit sharing trusts or policies of the other party shall be and the same is hereby extinguished and the parties herein shall, in the future, hold all such insurance free and clear or any right or interest which the party now has or may heretofore have had therein or thereto by virtue of being the beneficiary, the contingent beneficiary or otherwise.

## DOWER

IT IS FURTHER ORDERED AND ADJUDGED that the foregoing property settlement shall be in lieu of either of the parties' dower interest in the lands of the other, and each party shall hereafter hold their remaining lands free, clear and discharged from any such dower right or claim, and this provision shall also be in full satisfaction of all claims that either party may have or in which they have or may hereafter have any interest.

## ALIMONY

IT IS FURTHER ORDERED AND ADJUDGED that Defendant shall pay to Plaintiff by way of spousal support the amount of Three Hundred Thirty (330.00) Dollars per week until Plaintiff dies.

IT IS FURTHER ORDERED AND ADJUDGED that said amount is to be paid through the Oakland County Friend of the Court and



Defendant is to pay all Friend of the Court service fees.

IT IS FURTHER ORDERED AND ADJUDGED that, absent exigent circumstances warranting an earlier review, said spousal support shall be subject to review and modification every two years following entry of this Consent Judgment of Divorce upon a showing of a change of circumstances.

IT IS FURTHER ORDERED AND ADJUDGED that there shall be no alimony awarded to Defendant and alimony shall be and is hereinafter forever barred as to Defendant.

### ORDER OF INCOME WITHHOLDING

IT IS FURTHER ORDERED AND ADJUDGED that an Order of Income Withholding shall be immediately entered pursuant to Public Acts 291 through 297 of 1990.

### POLICY OF INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that Defendant, Ronald K. Weinmann, shall maintain a life insurance policy on his own life naming the Plaintiff, Patricia C. Weinmann, as irrevocable beneficiary for as long as the order for alimony is operative or until further order of the Court.

### ATTORNEY FEES

IT IS FURTHER ORDERED AND ADJUDGED that each party shall be responsible for his/her own attorney fees.

### ATTORNEY'S LIENS

IT IS FURTHER ORDERED AND AD JUDGED that counsel for each of the parties is hereby granted a lien against the property awarded to their respective clients to secure the payment of



attorney fees earned but not yet collected.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for each of the parties may record their attorney's liens against the property awarded to their respective clients, as applicable.

### FULL DISCLOSURE OF ASSETS

IT IS FURTHER ORDERED AND ADJUDGED that each party, in signing this Consent Judgment of Divorce, declares that they have truthfully provided accurate information with regard to all assets to which they may be entitled and, in the case of both parties, all current wage and benefit information is true and accurate and all other financial assets of any type or description are also true and accurately disclosed.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until such time as all of the terms and conditions of the property settlement provisions of this Consent Judgment of Divorce are carried out in full, and to enforce the executory terms but not to modify same.

### IMPLEMENTATION

IT IS FURTHER ORDERED AND ADJUDGED that each party shall at any time and from time to time hereafter, take any and all steps necessary to execute, acknowledge, deliver and transfer to the other party any and all checks, drafts, instruments and assurances that the other party may reasonable require for the purpose of giving full force and effect to the provisions of this Consent Judgment of Divorce.



IT IS FURTHER ORDERED AND ADJUDGED that if either of the parties fail, refuse or neglect to execute, acknowledge, deliver or transfer such instruments as required herein, this Consent Judgment of Divorce shall operate as a conveyance and transfer of title, and a presentation of a copy of this Consent Judgment of Divorce to any bank, credit union, register of deeds, Secretary of State or appropriate governmental agency, having the authority to assist in, render or complete said transfer, negotiate checks or drafts required herein, the submission of a copy hereof shall serve in the same fashion as if the party required to so perform had in fact done so.

### RELEASE OF ATTORNEYS

IT IS FURTHER ORDERED AND ADJUDGED that, upon entry of this Consent Judgment of Divorce, representation by counsel for each of the parties herein is concluded.

_____
CIRCUIT COURT JUDGE

APPROVED AS TO FORM AND CONTENT:

_____
EVELYN L. REDMOND   (P44520)
Attorney for Plaintiff

_____
THOMAS R. DILLEY   (P29402)
Attorney for Defendant

_____
PATRICIA C. WEINMANN
Plaintiff

_____
RONALD K. WEINMANN
Defendant



```
CRD490                        CITY OF BERKLEY                    06/19/96
                        LAND FILE DISPLAY SCREEN                11:33:11

CVT CODE:    04
BIDWELL NO: 25 18 206 043              PROPERTY DESCRIPTION:
                                        01 T1N, R11E, SEC 18
OWNER(S)                                02 THOMAS BROTHERS' BEVERLY
      RONALD K WEINMANN                 03 PARK SUB.
                                        04 LOT 23


PROPERTY ADDRESS
      2913 TYLER
      BERKLEY            MI 48072-1335

MAILING ADDRESS



SCHOOL: 020   ZONE: RI   USE: RI
NBRD: R37   BANK: 2000
HOME EX: 1  100 %   03/01/1994


LAND RECORD DISPLAYED AS REQUESTED
```

# EXHIBIT 2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PATRICIA C. WEINMANN,

    Plaintiff,

v

RONALD K. WEINMANN,

    Defendant.

_____/

Case

Hon.

95-504046-DO

JUDGE BARRY L. HOWARD
WEINMANN,PATR V WEINMANN,RC

EVELYN L. REDMOND (P44520)
Attorney for Plaintiff
1500 Woodward Ave. #100
Bloomfield Hills, MI 48304
(810) 540-8783

THOMAS R. DILLEY (P29402)
Attorney for Defendant
1000 Trust Building
40 Pearl St., N.W.
Grand Rapids, MI 49503
(616) 459-8383

JAMES T. MELLON (P23876)
Court Appointed Receiver
2301 W. Big Beaver, Ste. 500
Troy, MI 48087
(810) 649-1330

_____/

## QUALIFIED DOMESTIC RELATIONS ORDER RELATING TO GM PENSION/RETIREMENT BENEFIT PLANS

At a session of said Court, held in the City of
Pontiac, County of Oakland, State of Michigan,
on _____ *August 15* _____, 1996.

PRESENT:  HON. STEVEN N. ANDREWS

This Order constitutes a component part of the property

settlement provisions of the judgment of divorce entered in this

matter on June 19, 1996 in the Oakland County Circuit Court.  It

is entered for the purpose of awarding to the Plaintiff, Patricia

Weinmann a portion of the interest in the Defendant, Ronald K.

Weinmann's accrued benefit in the qualified retirement plans

specified below, pursuant to sections 401(a)(13) and 414(p) of

the Internal Revenue Code of 1986, as amended (Code) and Section
206(d) of the Employee Retirement Security Act of 1974, as
amended (ERISA).

## A. IDENTITY OF PLANS AND PARTIES

1. Plan

   The Plan(s) subject to this Order is(are):

   a.    GM Pension/Retirement Benefit Plan

2. Plan Administrator

   The Plan Administrator (Administrator) is:

   General Motors Pension Admin. Center
   P.O. Box 5014
   Southfield, MI 48086

   Communications to the Administrator should be addressed
   "Attention P.A.R.T."

3. Participant

   The Participant is the Defendant,

   Ronald Weinmann
   2135 Wilshore SE #202
   Kentwood, MI 49508

   SS# 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

   DOB 3-23-39.

4. Alternate Payee

   The Alternate Payee is the Plaintiff,

   Patricia Weinmann
   2913 Tyler
   Berkley, MI 48072

   SS# 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

   DOB 6-20-43.

5. Relationship of Participant and Alternate Payee

   The Alternate Payee is the former wife of the
Participant.  The Participant and Alternatite Payee were lawful
married, however, a consent Judgment of Divorce was entered by
this Court on June 19, 1996.

2

**B.    QUALIFIED DOMESTIC RELATIONS ORDER**

It is the intent of the Court, the Participant and the Alternate Payee that this order shall be a Qualified Domestic relations Order (QDRO) within the meaning of the foregoing provisions of the Code and ERISA.  In the event this order is determined by the Administrator to not be a QDRO, the Participant and Alternate Payee, by acceptance and execution of this order, agree and consent that this Court may modify the order to the extent necessary to comply with the requirements for a QDRO consistent with the intent of the parties and the order of Court reflected herein.

1.    AMOUNT OF ALTERNATE PAYEE'S BENEFIT

The Alternate Payee is hereby awarded and shall be entitled the following benefits:

a.    It is the parties intention, and the Order of this court, that the Alternate Payee receive a monthly benefit from the plan equal to 50% of the participant's monthly benefit under the plan.

b.    If the plan pays an early retirement subsidy to the participant, then the Alternate Payee will receive a share of that subsidy when it is paid to the participant.  The Alternate Payee's share of such subsidy will equal her percentage, under the above formula, of the participant's benefit without the subsidy.

c.    If the Alternate Payee elects to receive her benefit at the participant's early retirement age under paragraph 1(f) below, it is the parties intention and the Order of this court that the Alternate Payee receive a monthly benefit which is the actuarial equivalent of 50% of the participant's monthly accrued benefit payable at his normal retirement under the plan as of the date of the early retirement election by the Alternate Payee.

d.    If the Alternate Payee makes the election to receive her benefit at the participant's early retirement age under paragraph 1(f) below and the participant subsequently retires with subsidized early retirement benefits, the amount payable to the Alternate Payee shall be recalculated so that she also receives a share of the subsidized benefit to which the participant is entitled, but only if the participant was eligible for a subsidized benefit effective the date of this Order.  The Alternate Payee's share of this subsidy is to be determined under paragraph B(1)(b) above.

e.    The benefits payable to the Alternate Payee will otherwise commence when the participant begins to receive benefits under the plan.

3

      f.    The Alternate Payee shall have the right to elect to receive benefit payments under the plan at any time beginning when the participant reaches early retirement age under the plan.

      g.    If the plan pays a cost of living increase or any other post retirement benefit increase to the participant, then the Alternate Payee will receive each such increase that is paid after the date of this Order.  The Alternate Payee's share of each such increase will equal the Alternate Payee's percentage of the participants benefits under the above formula.

2.    FORM OF BENEFIT

      The plan will pay benefits to the Alternate Payee in any form permitted by the plan which is selected by her, provided that the form she selects does not adversely affect the selection by the participant of a form of benefit payment (including the participants right to designate a beneficiary other than or in addition to the Alternate Payee).

3.    TIME OF BENEFIT PAYMENT

      The benefits hereunder may be paid to the Alternate Payee as soon as administratively feasible following the Plan Administrator's acceptance of this order as a QDRO.

      The benefits payable to the Alternate Payee under this order shall be made payable to the Alternate Payee and shall be mailed to the address provided to the Plan Administrator in writing by the alternate payee.

4.    BENEFITS UPON DEATH OF PARTICIPANT

      a.    The death of the Participant shall not affect the payment of benefits to the Alternate Payee under this order.

      b.    The Alternate Payee shall not be considered the "surviving spouse" of the Participant for purposes of pre-retirement survivor annuity or a joint and survivor annuity (if such benefit forms exist under the terms of the Plan)or for any other purpose under the Plan.

5.    BENEFITS UPON DEATH OF ALTERNATE PAYEE

      If the Alternate Payee should die before all benefits have been paid under this order, the remaining benefits payable to the Alternate payee shall be distributed in a single lump sum as soon as administratively feasible following the Alternate Payee's death, to such beneficiary or beneficiaries as the Alternate Payee shall have designated in writing to the Plan Administrator.  If no written beneficiary designation form has

4

been filed, the benefits will be paid to the estate of the
Alternate Payee.

    6.    NATURE OF DISTRIBUTION

        This distribution represents payment of property
settlement.

**C.    LIMITATIONS OF BENEFITS OF ALTERNATE PAYEE**

        Nothing contained in this order shall be construed to
require the Plan or Plan Administrator to:

        1.    Provide any type or form of benefit, or any
optional form of payment, not otherwise provided under the Plan.

        2.    Provide benefits greater than would otherwise be
payable to the Participant in the absence of the order.

        3.    Pay any benefits to the Alternate Payee which are
required to another alternate payee under another order
previously determined to be a Qualified Domestic Relations Order.

**D.    TAX TREATMENT OF BENEFITS TO ALTERNATE PAYEE**

        Any benefit payment to the Alternate Payee pursuant to
this QDRO shall be taxable to the Alternate Payee as provided in
Section 72 and 402 of the Code, as amended, and shall not be
taxable to the Participant.  Determination and allocation of the
Participant's investment in the Plan, if any, shall be made in
accordance with the provisions of Section 72(m)(10)of the Code.


**E.    APPLICATION OF STATE LAW**

        This order is entered pursuant to the authority granted
by applicable domestic relations laws of the State of Michigan.

**F.    NOTICE TO ADMINISTRATION**

        The Alternate Payee shall deliver a certified copy of
this order to the Administrator listed below immediately upon the
signing of this order.

                            General Motors Pension Administration Center
                            P.O. Box 5014
                            Southfield, Michigan  48086
                            Attn: P.A.R.T.

        Pursuant to this Court order the aforementioned
Administrator shall expeditiously determine whether this
qualifies as a QDRO and pay out such benefits.

        Approved as to form and content:

                                    5

*Evelyn Redmond / per permission*
_____
Attorney for Plaintiff

*Thomas C. Drilley / per consent*
_____
Attorney for Defendant

_____
Court Appointed Receiver

_____
Circuit Judge

FOR BARRY L. HOWARD
Circuit Judge

6

# EXHIBIT 3

# DELPHI SALARY RETIREMENT TRUST

| | |
|---|---|
| **Payment Type:** | Installment |
| **Advice Number:** | 00013422840 |
| **Advice Date:** | July 1, 2007 |

**PATRICIA C. WEINMANN**
*Questions? Please call 1-877-389-2374*

**Funding Breakdown**

| | |
|---|---|
| SALARY RETIRE PROG | $468.75 |
| CONTRIBUTIONS | $135.68 |

| Description | Current | Year to Date |
|---|---|---|
| GROSS PAYMENT | $604.43 | $4,231.01 |

| Description | Current | Year to Date |
|---|---|---|
| TAXABLE | $604.43 | $4,231.01 |
| NET PAYMENT | $604.43 | $4,231.01 |

Did you know that you can now view and update your pension payment information online?  Go to (yourdelphibenefits.com) to view your pension payment history, change direct deposit elections and change federal and state tax withholding, where allowed by law. This service is not available to alternate payees under QDRO arrangements, surviving spouses or beneficiaries receiving payments.

## DIRECT DEPOSIT CONFIRMATION

Your net payment has been direct deposited to your account ending 6864.