# EXHIBIT C

05-44481-rdd Doc 13977-2 Filed 07/24/08 Entered 07/24/08 15:05:09 Exhibit C Pg 1 of 3

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

333 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
1-312-407-0868
DIRECT FAX
1-312-827-9332
EMAIL ADDRESS
AHERRIOT@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 25, 2007

***VIA EMAIL***
Max J. Newman
Law Offices of Max J. Newman, P.C.
3000 Middlebury Lane
Bloomfield Hills, MI 48301

RE:   Pioneer North America, Inc.'s Demand for Payment from
      <u>Delphi Corporation and its affiliate debtors (the "Debtors")</u>

Dear Max:

I am writing in response to the June 4, 2007 demand letter forwarded by you on behalf of your client Pioneer North America, Inc. regarding payments you allege are owed by the Debtors to Pioneer Speakers, Inc. ("Pioneer"). I have reviewed the issues raised in your letter with my client and provide the following in response.

In response to the first issue raised in your letter – the request for payment for outstanding amounts owed for tools delivered under PO 450066978 – the Debtors disagree with your characterization of such amounts as postpetition obligations and do not believe that they can make such payments at this time. Specifically, the Debtors disagree with your interpretation of the plain language of the purchase order. Purchase orders are frequently issued containing orders for multiple tools and/or parts. To accommodate the Debtors' vendors, the plain language of the purchase order allows for invoices to be submitted for tools shipped in partial satisfaction of a purchase order. So long as the tools for which the invoice was issued have received full PPAP approval, it is the Debtors' practice to pay such invoices.

Max J. Newman
July 25, 2007
Page 2

       In this case, although PPAP approval was granted for one of the three tools ordered under PO 450066978 during the postpetition period, the other two tools received full PPAP approval in June and August 2005, during the prepetition period. Thus, as you have acknowledged, upon receipt of Pioneer's invoice, the Debtors paid for the tool that received PPAP approval in November 2005, but cannot pay for those tools that were granted full PPAP approval prior to October 8, 2005 – the petition date.

       In response to the second issue raised in your letter – payment of $93,720 allegedly owed to Pioneer under PO number 450056206 – the Debtors have reviewed the materials presented with your letter in conjunction with their books and records and agree that this invoice may be paid as a postpetition obligation. Thus, the Debtors will forward payment for this invoice to Pioneer in the manner utilized in the ordinary course of business.

       Please let me know if you have any questions regarding the foregoing responses.

       Sincerely,

       /s/ Allison Verderber Herriott
       Allison Verderber Herriott
       Counsel to the Debtors

cc:    Karen J. Craft
       Ron E. Meisler