Hearing Date: July 31, 2008 at 10:00 a.m.
Objection Deadline: July 24, 2007 at 4:00 p.m.

Trevor Hoffmann (TH-5876)
**HAYNES AND BOONE, LLP**
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
Telephone: 212-659-7300

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
                                                                        :
In re:                                                                  :   Chapter 11
                                                                        :
DELPHI CORPORATION, *et al.*,                                           :   Case No. 05-44481 (RDD)
                                                                        :
                                                            Debtors.    :   (Jointly Administered)
------------------------------------------------------------------------X

**LIQUIDATING UE, INC.'S RESPONSE TO DEBTORS' THIRTIETH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND FED. R.
BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY
CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIMS,
(D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS,
AND (F) CLAIMS SUBJECT TO MODIFICATION**

Liquidating UE, Inc. ("UE") files this response to the Debtors' Thirtieth

Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To

Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently

Documented Claims, (D) Books And Records Claims, (E) Untimely Claims, And

(F) Claims Subject To Modification (the "Objection") and respectfully represents as

follows:

       1.       On October 8 and 14, 2005, Delphi Corporation and certain of its

subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code.

       2.       On July 27, 2006, UE filed the following proofs of claim:

      a.    Proof of Claim Number 11638 in the amount of $412,428.88, filed in the bankruptcy estate of Delphi Corporation, Case No. 05-44481 (RDD); and

      b.    Proof of Claim Number 11639 in the amount of $412,428.88, filed in the bankruptcy estate of Delphi Automotive Systems LLC, Case No. 05-44640 (RDD).

True and correct copies of the above Proofs of Claim (collectively, the "UE Claims") are attached hereto and incorporated herein by reference as Exhibits "A" and "B" respectively.

    3.    On June 27, 2008, the Debtors filed their Objection to Proof of Claim Number 11639.

    4.    UE, f/k/a Ultimate Electronics, Inc, and certain of its subsidiaries and affiliates filed petitions for relief under chapter 11 of title 11 of the United States Code on January 11, 2005 in the United States Bankruptcy Court for the District of Delaware, Case Number 05-10104 (KG).  According to UE's books and records, UE made transfers to the Debtors which constitute preferences pursuant to 11 U.S.C. § 547 in the total sum of $285,483.09 (the "Preferences").  The transfers that constitute Preferences are detailed in the UE Claims.

    5.    In addition, according to UE's books and records, the Debtors owe UE accounts receivable in the amount of $126,945.79 (the "Accounts Receivable").  The detail supporting the outstanding Accounts Receivable owed by the Debtors to UE is itemized in the UE Claims.

6. UE has previously provided to the Debtors copies of the underlying documents supporting the Preferences and Accounts Receivable detailed in the UE Claims. The UE Claims, as well as the underlying documents previously produced to the Debtors in support of the UE Claims, establish a *prima facie* right to payment.

7. The UE Claims constitute *prima facie* evidence of the validity and amount of UE's claims. *See* Fed. R. Bankr. P. 3001(f); *see also In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). To overcome this *prima facie* evidence, the Debtors must come forth with sufficient evidence which, "if believed, would refute at least one of the allegations essential to the claim." *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005); *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) ("Pursuant to 11 U.S.C. § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects . . . such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case.") (internal citations omitted).

8. The Debtors' Objection sets forth no evidence in support of their objection. Unless and until the Debtors provide evidence of the basis for their objection (at which time UE would have the opportunity to respond), the Debtors cannot overcome the *prima facie* presumption of validity.

9. Pursuant to the Notice of Objection to Claim accompanying the Objection, unless UE and the Debtors are able to reach a consensual resolution as to the UE Claims, the filing of this Response shall result in the automatic adjournment of the July 31, 2008 hearing to a future date to be set pursuant to the Claims Objection Procedures Order.

10. The addresses to which the Debtors must return any reply to this response, is:

|  |  |
|---|---|
| **HAYNES AND BOONE, LLP**<br>Attn: Trevor Hoffmann<br>1221 Avenue of the Americas<br>26th Floor<br>New York, NY 10020 | **HAYNES AND BOONE, LLP**<br>Attn: Mark X. Mullin<br>901 Main Street<br>Suite 3100<br>Dallas, TX 75202 |

11. UE reserves the right to amend, supplement or otherwise modify this response.

**WHEREFORE**, UE respectfully requests that the Court deny the Debtors' Objection, order that the UE Claims be allowed in full, and grant UE such other and further relief as is just.

Dated: New York, New York
       July 24, 2008

                      HAYNES AND BOONE, LLP

                      By:   /s/  Trevor Hoffmann
                      Trevor Hoffmann (TH-5876)
                      1221 Avenue of the Americas
                      26th Floor
                      New York, NY 10020
                      Telephone:  (212) 659-7300
                      Facsimile:   (212) 884-9558

                      COUNSEL FOR LIQUIDATING UE, INC.

# EXHIBIT A

FORM B10 (Official Form 10) (04/04)

**COPY**  D_14??250_1

| United States Bankruptcy Court | Southern District of New York | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 (RDD) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **Liquidating Ultimate Electronics, Inc.** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **RECEIVED** AUG 0 4 2006 **KURTZMAN CARSON** |
|---|---|---|
| Name and address where notices should be sent: Mark X. Mullin / Haynes and Boone, LLP / 901 Main Street, Suite 3100 / Dallas, TX 75202 / Telephone number: (214) 651-5539 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court Use Only |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____ | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other **See Attached**
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  - Last four digits of SS#: _____
  - Unpaid compensation for services performed
  - from _____ to _____ (date) (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 412,428.88
(unsecured)  (secured)  (priority)  412,428.88 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $

**6. Unsecured Nonpriority Claim.** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

**RECEIVED** JUL 2 7 2006 CLAIMS PROCESSING CENTER USBC, SDNY

| Date: July 20, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) **David A. Carter, Plan Administrator** | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Re:   *In re Ultimate Electronics, Inc.*; Case No. 05-10104(KG) pending in the United States Bankruptcy Court for the District of Delaware

Proof of Claim filed in the bankruptcy estates of (i) Delphi Product & Services and Solutions, a division of Delphi Automotive Systems LLC (Case No. 05-44640); and (ii) Delphi Product & Services and Solutions, a division of Delphi Corporation (Case No. 05-44481) pending in the United States Bankruptcy Court for the Southern District of New York

Liquidating Ultimate Electronics, Inc ("Ultimate"), in the above-referenced bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware holds the following claims against (i) Delphi Product & Services and Solutions, a division of Delphi Automotive Systems LLC (Case No. 05-44640); and (ii) Delphi Product & Services and Solutions, a division of Delphi Corporation (Case No. 05-44481) (collectively, "Delphi") pending in the United States Bankruptcy Court for the Southern District of New York.

According to Ultimate's books and records, the Ultimate debtors made transfers to Delphi during the Ultimate preference period in the total sum of $285,483.09 (the "Preference"). For your convenience, the transfers that constitute the Preference are detailed on the attached *Exhibit A*.

In addition, according to Ultimate's books and records, Delphi owes Ultimate accounts receivable in the amount of $126,945.79 (the "Accounts Receivable"). For your convenience, the detail supporting the outstanding Accounts Receivable owed by Delphi to Ultimate is detailed on the attached *Exhibit B*.

Therefore, the total claims of Ultimate against Delphi total $412,428.88.

EXHIBIT A

**Ultimate Electronics, Inc.**
**Delphi**

Payments During Preference Period:
Checks           $    251,065.68
Wires                       -
Credit Memos            34,417.41
Total Payments   $    285,483.09

| Date | Type | Number | Check/Wire Amount | Credit Memo Amount |
|---|---|---|---|---|
| 10/13/04 | Check | 74395 | 3,043.02 | |
| 10/20/04 | Check | 74918 | 40,081.66 | |
| 10/26/04 | Credit Memo | 93479164 | | 5,280.00 |
| 11/09/04 | Check | 76112 | 2,178.78 | |
| 11/09/04 | Check | 76185 | 18,971.59 | |
| 11/09/04 | Check | 76704 | 9,171.39 | |
| 11/29/04 | Credit Memo | 83636134 | | 2,251.92 |
| 11/29/04 | Credit Memo | 93636134 | | 2,251.92 |
| 12/01/04 | Credit Memo | 93653928DM | | 20,680.00 |
| 12/01/04 | Credit Memo | 93653928DM | | (620.40) |
| 12/08/04 | Check | 76762 | 3,494.41 | |
| 12/08/04 | Check | 77310 | 53,613.84 | |
| 12/08/04 | Check | 77369 | 51,451.22 | |
| 12/08/04 | Check | 77750 | 5,041.55 | |
| 12/08/04 | Check | 77865 | 8,905.22 | |
| 12/08/04 | Check | 77948 | 915.43 | |
| 12/08/04 | Check | 78697 | 34,203.65 | |
| 12/09/04 | Credit Memo | 93688039 | | 4,280.00 |
| 12/16/04 | Check | 79235 | 19,993.92 | |
| 12/18/04 | Credit Memo | 93803831DM | | 293.97 |
| | Total | | $ 251,065.68 | $ 34,417.41 |
| | Amt that is Negative | | - | (620.40) |

Total $ 285,483.09

**DELPHI**                                                                                                                EXHIBIT B

| | ULTE | | Delphi | |
|---|---|---|---|---|
| Invoice Date | Invoice Num | Invoice Amount | Invoice Num | Invoice Amount |
| 01/31/05 | 93930754 | (3,116.79) | 93930754 | (3,116.79) |
| 03/16/05 | 94167888 | (5,454.00) | 94167888 | (5,454.00) |
| 03/21/05 | 94187745 | (6,403.07) | 94187745 | (6,403.07) |
| 03/30/05 | 94225661 | (5,266.14) | 94225661 | (5,266.14) |
| 03/31/05 | 94234043 | (1,898.85) | 94234043 | (1,898.85) |
| 03/31/05 | 94234373 | (938.13) | 94234373 | (938.13) |
| 04/21/05 | 94346891 | (30,000.00) | 94346891 | (30,000.00) |
| 04/26/05 | 94369687 | (2,415.22) | 94369687 | (2,415.22) |
| 02/21/05 | CD 300-1002 | (15,261.22) | | (15,261.22) |
| 02/28/05 | CD 10872 | (1,320.00) | | (1,320.00) |
| 03/07/05 | UNDERPMT 3/2 | 2,553.42 | | 2,553.42 |
| 03/14/05 | RA031005EM02 | (161.71) | | (161.71) |
| 03/21/05 | CD 10385 | (2,000.00) | | (2,000.00) |
| 03/30/05 | 94225637 | (1,200.00) | | (1,200.00) |
| 03/30/05 | OVRPMT WT 3/30/05 | (2,468.75) | | (2,468.75) |
| 04/01/05 | RA033005EM02 | (2,426.30) | | (2,426.30) |
| 05/09/05 | 94439506 | (9,272.35) | | (9,272.35) |
| 05/22/05 | 94513703 | (3,702.94) | | (3,702.94) |
| 05/23/05 | 94513919 | (2,391.25) | | (2,391.25) |
| 05/23/05 | 94514316 | (775.37) | | (775.37) |
| 06/06/05 | 94574331 | (7,810.72) | | (7,810.72) |
| 06/28/05 | 94689637 | (248.59) | | (248.59) |
| 07/06/05 | MDF5-DELP1 | (8,068.41) | | (8,068.41) |
| 07/25/05 | 94798543 | (2,394.76) | | (2,394.76) |
| 08/05/05 | 94867594A | (1,743.87) | | (1,743.87) |
| 08/05/05 | 94867595A | (3,705.77) | | (3,705.77) |
| 12/08/05 | 90771734A | (8,855.00) | | (8,855.00) |
| | **Total Outstanding A/R** | **(126,745.79)** | | **(126,745.79)** |

# EXHIBIT B

05-44481-rdd    Doc 13980    Filed 07/24/08    Entered 07/24/08 15:40:04    Main Document
Pg 10 of 14

FORM B10 (Official Form 10) (04/04)

**United States Bankruptcy Court    Southern District of New York**    **PROOF OF CLAIM**

COPY
ID: 1433259 1

| Name of Debtor | Case Number |
|---|---|
| Delphi Automotive Systems LLC | 05-44640 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Liquidating Ultimate Electronics, Inc.**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**RECEIVED**
AUG 0 4 2006
KURTZMAN CARSON

Name and address where notices should be sent:
Mark X. Mullin
Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, TX 75202
Telephone number: (214) 651-5539

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This space is for Court Use Only

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
■ Other **See Attached**

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of SS#:_____
Unpaid compensation for services performed
from _____ to _____
(date)    (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ **412,428.88** _____ _____ **412,428.88**
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| July 20, 2006 | David A. Carter, Plan Administrator |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Re:   *In re Ultimate Electronics, Inc.*; Case No. 05-10104(KG) pending in the United States Bankruptcy Court for the District of Delaware

Proof of Claim filed in the bankruptcy estates of (i) Delphi Product & Services and Solutions, a division of Delphi Automotive Systems LLC (Case No. 05-44640); and (ii) Delphi Product & Services and Solutions, a division of Delphi Corporation (Case No. 05-44481) pending in the United States Bankruptcy Court for the Southern District of New York

Liquidating Ultimate Electronics, Inc ("Ultimate"), in the above-referenced bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware holds the following claims against (i) Delphi Product & Services and Solutions, a division of Delphi Automotive Systems LLC (Case No. 05-44640); and (ii) Delphi Product & Services and Solutions, a division of Delphi Corporation (Case No. 05-44481) (collectively, "Delphi") pending in the United States Bankruptcy Court for the Southern District of New York.

According to Ultimate's books and records, the Ultimate debtors made transfers to Delphi during the Ultimate preference period in the total sum of $285,483.09 (the "Preference"). For your convenience, the transfers that constitute the Preference are detailed on the attached *Exhibit A.*

In addition, according to Ultimate's books and records, Delphi owes Ultimate accounts receivable in the amount of $126,945.79 (the "Accounts Receivable"). For your convenience, the detail supporting the outstanding Accounts Receivable owed by Delphi to Ultimate is detailed on the attached *Exhibit B.*

Therefore, the total claims of Ultimate against Delphi total $412,428.88.

EXHIBIT A

**Ultimate Electronics, Inc.**
**Delphi**

Payments During Preference Period:
| | | |
|---|---|---:|
| Checks | $ | 251,065.68 |
| Wires | | - |
| Credit Memos | | 34,417.41 |
| Total Payments | $ | 285,483.09 |

| Date | Type | Number | Check/Wire Amount | Credit Memo Amount | | |
|---|---|---|---:|---:|---|---:|
| 10/13/04 | Check | 74395 | 3,043.02 | | | |
| 10/20/04 | Check | 74918 | 40,081.66 | | | |
| 10/26/04 | Credit Memo | 93479164 | | 5,280.00 | | |
| 11/09/04 | Check | 76112 | 2,178.78 | | | |
| 11/09/04 | Check | 76185 | 18,971.59 | | | |
| 11/09/04 | Check | 76704 | 9,171.39 | | | |
| 11/29/04 | Credit Memo | 83636134 | | 2,251.92 | | |
| 11/29/04 | Credit Memo | 93636134 | | 2,251.92 | | |
| 12/01/04 | Credit Memo | 93653928DM | | 20,680.00 | | |
| 12/01/04 | Credit Memo | 93653928DM | | (620.40) | | |
| 12/08/04 | Check | 76762 | 3,494.41 | | | |
| 12/08/04 | Check | 77310 | 53,613.84 | | | |
| 12/08/04 | Check | 77369 | 51,451.22 | | | |
| 12/08/04 | Check | 77750 | 5,041.55 | | | |
| 12/08/04 | Check | 77865 | 8,905.22 | | | |
| 12/08/04 | Check | 77948 | 915.43 | | | |
| 12/08/04 | Check | 78697 | 34,203.65 | | | |
| 12/09/04 | Credit Memo | 93688039 | | 4,280.00 | | |
| 12/16/04 | Check | 79235 | 19,993.92 | | | |
| 12/18/04 | Credit Memo | 93803831DM | | 293.97 | | Total |
| | Total | | $ 251,065.68 | $ 34,417.41 | $ | 285,483.09 |
| | Amt that is Negative | | - | (620.40) | | |

**DELPHI**                                                                                                                    EXHIBIT B

|  | | ULTE | | Delphi |
| --- | --- | --- | --- | --- |
| Invoice Date | Invoice Num | Invoice Amount | Invoice Num | Invoice Amount |
| 01/31/05 | 93930754 | (3,116.79) | 93930754 | (3,116.79) |
| 03/16/05 | 94167888 | (5,454.00) | 94167888 | (5,454.00) |
| 03/21/05 | 94187745 | (6,403.07) | 94187745 | (6,403.07) |
| 03/30/05 | 94225661 | (5,266.14) | 94225661 | (5,266.14) |
| 03/31/05 | 94234043 | (1,898.85) | 94234043 | (1,898.85) |
| 03/31/05 | 94234373 | (938.13) | 94234373 | (938.13) |
| 04/21/05 | 94346891 | (30,000.00) | 94346891 | (30,000.00) |
| 04/26/05 | 94369687 | (2,415.22) | 94369687 | (2,415.22) |
| 02/21/05 | CD 300-1002 | (15,261.22) | | (15,261.22) |
| 02/28/05 | CD 10872 | (1,320.00) | | (1,320.00) |
| 03/07/05 | UNDERPMT 3/2 | 2,553.42 | | 2,553.42 |
| 03/14/05 | RA031005EM02 | (161.71) | | (161.71) |
| 03/21/05 | CD 10385 | (2,000.00) | | (2,000.00) |
| 03/30/05 | 94225637 | (1,200.00) | | (1,200.00) |
| 03/30/05 | OVRPMT WT 3/30/05 | (2,468.75) | | (2,468.75) |
| 04/01/05 | RA033005EM02 | (2,426.30) | | (2,426.30) |
| 05/09/05 | 94439506 | (9,272.35) | | (9,272.35) |
| 05/22/05 | 94513703 | (3,702.94) | | (3,702.94) |
| 05/23/05 | 94513919 | (2,391.25) | | (2,391.25) |
| 05/23/05 | 94514316 | (775.37) | | (775.37) |
| 06/06/05 | 94574331 | (7,810.72) | | (7,810.72) |
| 06/28/05 | 94689637 | (248.59) | | (248.59) |
| 07/06/05 | MDF5-DELP1 | (8,068.41) | | (8,068.41) |
| 07/25/05 | 94798543 | (2,394.76) | | (2,394.76) |
| 08/05/05 | 94867594A | (1,743.87) | | (1,743.87) |
| 08/05/05 | 94867595A | (3,705.77) | | (3,705.77) |
| 12/08/05 | 90771734A | (8,855.00) | | (8,855.00) |
| | **Total Outstanding A/R** | (126,745.79) | | (126,745.79) |