# **Exhibit A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 8508
(FLOW DRY TECHNOLOGY LTD.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Flow Dry Technology Ltd. ("Flow Dry") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 8508 (Flow Dry Technology Ltd.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on June 26, 2006, Flow Dry filed proof of claim number 8508 against Delphi, which asserts a secured claim in the amount of $22,258.80 (the "Claim") stemming from the sale of goods and services performed.

WHEREAS, on May 22, 2007, the Debtors objected to the Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 19, 2007, Flow Dry filed its Opposition Of Flow Dry Technology Inc. To Debtors' Objection To Flow Dry's Proof Of Claim (Docket No. 8345) (the "Response").

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $22,258.80.

2

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Flow Dry stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $22,258.80 and shall be treated as a general allowed unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Flow Dry is a party.

3. Allowance of the Claim is in full satisfaction of the Claim and Flow Dry, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Flow Dry Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The Flow Dry Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Flow Dry

Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

       4.      Flow Dry shall withdraw its Response to the Fifteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of August, 2008

                                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ James N. Lawlor |
|---|---|
| John Wm. Butler, Jr. | James N. Lawlor |
| John K. Lyons | WOLLMUTH MAHER & DEUTSCH LLP |
| Ron E. Meisler | One Gateway Center, 9th Floor |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Newark, New Jersey 07102 |
|  | (973) 733-9200 |
| 333 West Wacker Drive, Suite 2100 |  |
| Chicago, Illinois 60606-1285 | Attorneys for Flow Dry Technology Ltd. |
| (312) 407-0700 |  |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4