# **Exhibit A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 16561
(MCNAUGHTON-MCKAY ELECTRIC OF OHIO)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and McNaughton McKay Electric Of Ohio ("McNaughton McKay") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 16561 (McNaughton McKay Electric Of Ohio) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 12, 2005, McNaughton McKay submitted a demand to the Debtors asserting a reclamation claim in the amount of $23,230.90 (the "Reclamation Demand").

WHEREAS, on May 26, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to McNaughton McKay with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $23,290.90 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on March 2, 2007, McNaughton McKay filed proof of claim number 16561 against Delphi, which asserts an unsecured non-priority claim in the amount of $46,886.26 and a priority claim in the amount of $23,230.90 (the "Claim") stemming from the sale of goods.

2

WHEREAS, on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 18, 2007, McNaughton McKay filed its Response of McNaughton McKay Electric of Ohio in Opposition to Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims (D) Claims Not Reflected on the Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification and Modified Claims Asserting Reclamation (Docket No. 10642) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by this Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on McNaughton McKay with respect to the Reclamation Claim, whereby the Debtors presented the McNaughton McKay with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for

the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which the McNaughton McKay is seeking a Reclamation Claim are or were subject to a valid security interest.

WHEREAS, McNaughton McKay failed to return the Reclamation Election Notice.  Thus, pursuant to the Second Amended Reclamation Order, McNaughton McKay has been deemed to have waived its right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $62,309.09.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and McNaughton McKay stipulate and agree as follows:

1.    The Claim shall be allowed in the amount of $62,309.09 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.  Allowance of the Claim is in full satisfaction of the Claim and McNaughton McKay, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "McNaughton McKay Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC. The McNaughton McKay Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the McNaughton McKay Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date. The waiver and release in this paragraph shall not constitute a waiver and release of the McNaughton McKay Releasing Parties' right to file a claim under section 502(h) of the Bankruptcy Code, if any, and said right is expressly reserved, should such a claim arise.

3.  McNaughton McKay shall withdraw its Response to the Twenty-First Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this \_\_\_\_ day of August, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Robert D. Gordon |
| John Wm. Butler, Jr. | Robert D. Gordon |
| John K. Lyons | CLARK HILL PLC |
| Ron E. Meisler | 500 Woodward Avenue, Suite 3500 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Detroit, Michigan 48226-3435 |
| 333 West Wacker Drive, Suite 2100 | (313) 965-8300 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | Attorneys for McNaughton McKay Electric Of Ohio |

       - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

6