```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

SECOND SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 361 AND 363, FED. R.
BANKR. P. 9019, AND CASH MANAGEMENT ORDER AUTHORIZING DASHI
TO GRANT ADEQUATE PROTECTION TO PENSION BENEFIT GUARANTY
CORPORATION IN CONNECTION WITH CERTAIN INTERCOMPANY
<u>TRANSFERS OF REPATRIATED FUNDS</u>

("SECOND SUPPLEMENTAL PBGC ADEQUATE PROTECTION ORDER")

Upon the motion, dated May 9, 2008 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, including Delphi Automotive Systems (Holding), Inc. ("DASHI") and Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 9019, and the Cash Management Order (as defined below), authorizing DASHI to grant adequate protection to the Pension Benefit Guaranty Corporation (the "PBGC") in connection with certain anticipated intercompany transfers of repatriated funds (the "Intercompany Transfers") in an amount expected to be up to $750 million; and the Court having entered an order on May 29, 2008 (Docket No. 13694) (the "PBGC Adequate Protection Order") granting the relief requested in the Motion subject only to the rights of the official committee of unsecured creditors (the "Creditors' Committee") and Wilmington Trust Company (solely in its capacity as Indenture Trustee with respect to the Debtors' debt indentures) (together with the Creditors' Committee, the "Potential Objectors"); and the Court

1

having entered an order on June 12, 2008 (Docket No. 13733) (the "Supplemental PBGC Adequate Protection Order") extending the dates set forth in decretal paragraph 1 of the PBGC Adequate Protection Order; and upon an agreement by the Debtors and the Potential Objectors to (i) further extend the dates set forth in decretal paragraph 1 of the PBGC Adequate Protection Order to allow the Potential Objectors to object to certain Intercompany Transfers at least 10 days prior to the next scheduled omnibus hearing and (ii) modify the objection rights of the Potential Objectors as set forth below; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. This order amends and supplements the PBGC Adequate Protection Order and supersedes and replaces the Supplemental PBGC Adequate Protection Order in its entirety.

2. The Potential Objectors have the right to file either a comprehensive objection (as described in more detail below, a "Comprehensive Objection") or a limited objection (as described in more detail below, a "Limited Objection," and together with a Comprehensive Objection, a "Potential Objection") on or before 10 days prior to an omnibus hearing (the date upon which a Potential Objection is filed shall be referred to herein as the "Objection Filing Date," and the omnibus hearing date following the Objection Filing Date shall be referred to herein as the "Omnibus Objection Hearing Date"). The scope of the Comprehensive Objection may include any grounds permitted under the PBGC Adequate Protection Order. The scope of the Limited Objection is limited solely to a request to defer Intercompany Transfers projected to occur during the calendar month following the Omnibus Objection Hearing Date to the subsequent calendar month, and to contest the Debtors' business judgment related to its refusal to acquiesce to such a request as set forth more fully below,

2

provided that (a) the Potential Objectors shall not have a right to file a Limited Objection unless the projected Intercompany Transfers for such calendar month exceed 50 million dollars, (b) at least 10 calendar days prior to filing a Limited Objection, the Potential Objector(s) shall formally request in writing that the Debtors consider postponing the projected Intercompany Transfers and grant related adequate protection and shall provide the rationale therefore (the "Request to Reconsider"), and (c) no later than 14 calendar days before the applicable Omnibus Objection Hearing Date the Debtors shall have either not acquiesced or failed to respond to such Request to Reconsider. Other than seeking a deferment of Intercompany Transfers, a Limited Objection shall not raise any other issues, including without limitation, contesting the ordinary course nature of such Intercompany Transfers. The hearing on a Limited Objection shall be limited to contesting the Debtors' reasonable exercise of business judgment regarding their decision not to acquiesce to such Request to Reconsider. To the extent that prior to the applicable Omnibus Objection Hearing Date the Debtors subsequently acquiesce to the Request to Reconsider, the contested matter shall be resolved and there shall be no need for a hearing thereon.

3. Decretal paragraph 1 of the PBGC Adequate Protection Order is restated in its entirety as follows:

> The Motion is GRANTED; provided, however, that as between only the Debtors and the Potential Objectors (as defined in the Second Supplemental PBGC Adequate Protection Order), to the extent that, on or before 10 days prior to an omnibus hearing a Potential Objector files a Potential Objection (as defined in the Second Supplemental PBGC Adequate Protection Order) in connection with Intercompany Transfers to occur on or after the first day of the next calendar month following the Omnibus Objection Hearing Date (as defined in the Second Supplemental PBGC Adequate Protection Order), then there shall be a supplemental hearing at the Omnibus Objection Hearing Date with respect only to the Potential Objection of such Potential Objector as it relates to relief sought in the Motion regarding granting Replacement Liens to the PBGC in connection with Intercompany Transfers to occur on or after the first day of the next calendar month following the Omnibus Objection Hearing Date; provided further that at such hearing, if

3

ever scheduled: (a) the Debtors shall retain the burden of proof to prevail against a Potential Objection; (b) the Debtors may not rely on the entry of this Order in connection with a Potential Objection and the findings in this Order shall not be deemed binding on the Potential Objectors with respect to a Potential Objection; and (c) the rights of the Potential Objectors and the Debtors with respect to the relief sought in the Motion are reserved in all respects (including a Potential Objector arguing that the motion should be denied because the Debtors' underlying predicate that they have the ability to repatriate funds without further order of the Court is not supported by the record and the Debtors' arguing to the contrary).

4. Notwithstanding any other provision in decretal paragraph 1 (as modified above) of the PBGC Adequate Protection Order, in the event that either Potential Objector files a Comprehensive Objection as permitted above and such objector does not prevail on such objection, then such Potential Objector shall have no further rights to object in any respect to the PBGC Adequate Protection Order, as supplemented by this order, and such PBGC Adequate Protection Order, as supplemented by this order, shall be binding and fully enforceable as to such Potential Objector.  Furthermore, notwithstanding any other provision in decretal paragraph 1 of the PBGC Adequate Protection Order (as modified above), in the event that either Potential Objector files a Limited Objection, such Limited Objection shall be without prejudice as to such Potential Objector's right to file either a subsequent Limited Objection (but only if the Intercompany Transfers scheduled to occur during the calendar month following the applicable Omnibus Objection Hearing Date exceed 50 million dollars) or a Comprehensive Objection; provided that the Debtors can raise any defenses in support of such Intercompany Transfers.

5. In all other respects, the PBGC Adequate Protection Order remains in full force and effect.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:   New York, New York
         July 30, 2008

                                          /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE