**Hearing Date: July 31, 2008**
        **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                                       :        Chapter 11
                                                :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                               :
                      Debtors.    :        (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO CERTAIN (A) AMENDED CLAIMS, (B) EQUITY CLAIMS, (C) UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY <u>CLAIMS, AND (F) CLAIMS SUBJECT TO MODIFICATION</u>**

**("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTIETH OMNIBUS CLAIMS OBJECTION")**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection"), and respectfully represent as follows:

        1.        The Debtors filed the Thirtieth Omnibus Claims Objection on June 27, 2008, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) it was amended and superseded by a later-filed Claim, (ii) it was amended and superseded by a later-filed Claim and is subject to a prior order, (iii) it was filed by a holder of Delphi common stock solely on account of its stock holdings, (iv) they were filed by holders of Delphi common stock solely on account of their stock holdings and were untimely filed pursuant to the Bar Date Order, (v) it contained insufficient documentation in support of the Claim asserted and was untimely filed pursuant to the Bar Date Order, (vi) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records, (vii) they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (viii) it asserted liabilities or dollar amounts that are not reflected on the Debtors' books and records and was untimely filed by a taxing authority pursuant to the Bar Date Order, or (ix) they were untimely filed pursuant to the

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirtieth Omnibus Claims Objection.

2

Bar Date Order and (b) revising the amount and/or classification with respect to certain Claims because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records.

2. The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Thirtieth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Thirtieth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on July 24, 2008.

3. As of July 29, 2008 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 12 timely-filed formal docketed responses (collectively, the "Responses") to the Thirtieth Omnibus Claims Objection. In the aggregate, the Responses cover 12 Claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the 12 Claims for which a Response was filed. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the 12 Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4. Proof of claim number 16807 filed by Georgia Power Company ("GPC") asserted a general unsecured claim for rejection damages against Delphi Automotive Systems LLC, a Debtor, in the amount of $640,344.63. After the Debtors filed the Thirtieth Omnibus Claims Objection, the Debtors and GPC executed a Joint Stipulation And Agreed Order

Disallowing And Expunging Proof Of Claim Number 16807 (Georgia Power Company) (the "Joint Stipulation").  Pursuant to the terms of the Joint Stipulation, upon this Court's entry of the Joint Stipulation, the Thirtieth Omnibus Claims Objection shall be deemed withdrawn with respect to proof of claim number 16807.

          5.        Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Thirtieth Omnibus Claims Objection which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed or received by the Debtors.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

          6.        In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirtieth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

          7.        Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Order.

---

[2]     Attached hereto as <u>Exhibit C</u> is a copy of the Revised Order marked to show revisions to the form of proposed order that was submitted with the Thirtieth Omnibus Claims Objection.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
July 30, 2008

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

5