**Exhibit A**

In re Delphi Corporation, et al., Case No. 05-44481 (RDD)

*Responses To The Debtors' Thirtieth Omnibus Claims Objection*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | RT Sub, LLC, f/k/a Receptec, LLC (Docket No. 13931) | 15939 | RT Sub, LLC, f/k/a Receptec, LLC ("RT Sub") disagrees with the Debtors' Thirtieth Omnibus Claims Objection (the "Objection") (Docket No. 13823) seeking to disallow and expunge proof of claim no. 15939 which asserts an unsecured claim against Delphi Automotive Systems LLC ("DAS LLC") in the amount of $16,662.36.  RT Sub notes that the Debtors have also objected to the surviving claim (proof of claim no. 16507) as untimely pursuant to the Debtors' Eleventh Omnibus Claims Objection and argues that proof of claim no. 15939 should not be disallowed as an amended claim in the event that the surviving claim is disallowed as untimely.  RT Sub states that it has reached a tentative settlement with the Debtors resolving proofs of claim nos. 15939 and 16507. | Amended claim | Adjourn |
| 2. | Charles K. Veenstra (Docket No. 13948) | 16805 | Charles K. Veenstra ("Veenstra") disagrees with the Debtors' Objection seeking to reclassify and reduce proof of claim no. 16805, asserted as a priority claim in the amount of $399,440.00 and an unsecured | Claims subject to modification | Adjourn |

---

[1]  This chart reflects all Responses entered on the docket as of Tuesday, July 29, 2008 at 12:00 p.m. (prevailing Eastern time).

[2]  This chart reflects all resolutions or proposals as of Tuesday, July 29, 2008 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim in an unliquidated amount, to an unsecured claim in the amount of $189,385.85.  Veenstra asserts that (i) the total estimated amount of his unsecured claim is $2,103,836.00 and (ii) the priority component of his claim is $31,882.00 on account of pension contributions. | | |
| 3. | Anthony N. Gardner (Docket No. 13949) | 5368 | Anthony N. Gardner ("Gardner") disagrees with the Debtors' Objection seeking to reclassify proof of claim no. 5368 from an unsecured claim in an unliquidated amount to an unsecured claim in the amount of $580,203.73.  Gardner asserts that the correct amount of proof of claim no. 5368 should be $800,000.00 to reflect a settlement agreement he asserts that he reached with the Debtors in March 2008.  The Debtors dispute that assertion. | Claims subject to modification | Adjourn |
| 4. | David Wohleen (Docket No. 13960) | 12363 | David Wohleen asserts that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 12363, the claim should be allowed as submitted. | Books and records claims | Adjourn |
| 5. | CSX Transportation, Inc. (Docket No. 13964) | 16813 | CSX Transportation, Inc. asserts that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 16813, the claim should be allowed as submitted. | Untimely books and records claims | Adjourn |
| 6. | Lorentson Mfg. Co. SW, Inc. (Docket No. 13967) | 12375 | Lorentson Mfg. Co. SW, Inc. ("Lorentson SW") disagrees with the Debtors' Objection seeking to reclassify and reduce proof of claim no. 12375, asserted as a secured claim in the amount of $190,379.68 and an unsecured claim in the amount of $259,106.21, to an unsecured claim in the amount of $92,029.83.  Lorentson SW asserts that, on account of a setoff, (i) its unsecured | Claims subject to modification | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | claim is $127,660.32 and (ii) its secured claim is $105,650.00.<br><br>Lorentson SW further asserts that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 12375 and because the Debtors improperly seek to modify the claim, the claim should be allowed as described above. | | |
| 7. | Lorentson Mfg. Co., Inc. (Docket No. 13968) | 12192 | Lorentson Mfg. Co., Inc. ("Lorentson") disagrees with the Debtors' Objection seeking to reclassify and reduce proof of claim no. 12192, asserted as a secured claim in the amount of $789,167.04 and an unsecured claim in the amount of $506,896.36, to an unsecured claim in the amount of $172,805.21.  Lorentson asserts (i) its unsecured claim is $142,035.92 and (ii) its secured claim is $607,697.00 on account of tooling liens and a setoff claim.<br><br>Lorentson further asserts that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 12192 and because the Debtors improperly seek to modify the claim, the claim should be allowed as described above. | Claims subject to modification | Adjourn |
| 8. | Mary H. Schafer (Docket No. 13971) | 12446 | Mary H. Schafer disagrees with the Debtors' Objection seeking to expunge proof of claim no. 12446, asserted as an unsecured claim in an unliquidated amount. | Books and records claims | Adjourn |
| 9. | Calsonic Kansei Corporation (Docket No. 13974) | 11185 | Calsonic Kansei Corporation ("Calsonic") disagrees with the Debtors' Objection seeking to expunge proof of claim no. 11185, asserted as secured claim of $131,850.65 and an | Books and records claims | Adjourn |

3

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | unsecured claim of $112,658.39. Calsonic states that it and the Debtors are engaged in ongoing negotiations and have executed a joint stipulation that will resolve the claim. | | |
| 10. | Pioneer Speakers, Inc. (Docket No. 13975) | 16809 | Pioneer Speakers, Inc. ("Pioneer") asserts that the untimely filing of proof of claim no. 16809 was the result of excusable neglect. Alternatively, Pioneer asserts that its claim should be allowed as an administrative claim. | Untimely claims | Adjourn |
| 11. | Patricia C. Weinmann | 16175 | Patricia C. Weinmann disagrees with the Debtors' Objection seeking to expunge proof of claim no. 16175, which is asserted as an unsecured claim in an unliquidated amount. | Books and records claims | Adjourn |
| 12. | Liquidating Ultimate Electronics, Inc. (Docket No. 13980) | 11639 | Liquidating Ultimate Electronics, Inc. asserts that because the Debtors have failed to produce any evidence sufficient to overcome the prima facie validity of proof of claim no. 11639, the claim should be allowed as submitted. | Books and records claims | Adjourn |

4