UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.  3007 DISALLOWING AND EXPUNGING CERTAIN CLAIMS INCLUDING (A) AN AMENDED CLAIMS,
(B) EQUITY CLAIMS, (C) AN UNTIMELY INSUFFICIENTLY DOCUMENTED CLAIM, (D) BOOKS AND RECORDS CLAIMS, (E) UNTIMELY CLAIMS,
AND (F) CLAIMS SUBJECT TO MODIFICATION IDENTIFIED IN THE THIRTIETH OMNIBUS CLAIMS OBJECTION

("THIRTIETH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification, dated June 27, 2008 (the "Thirtieth Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Thirtieth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A ~~1, A-2,~~, B-1, B-2, C, D-1, D-2, D-3, E, and F hereto was properly and timely served with a copy of the Thirtieth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirtieth Omnibus Claims Objection, and notice of the deadline for responding to the Thirtieth Omnibus Claims Objection. No other or further notice of the Thirtieth Omnibus Claims Objection is necessary.

      B.    This Court has jurisdiction over the Thirtieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirtieth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirtieth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      ~~C.    The Claim listed on Exhibit A-1 hereto under the column heading "Claim To Be Expunged" has been amended and superseded by a later-filed Claim (the "Amended Claim").~~

---

*(cont'd from previous page)*

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirtieth Omnibus Claims Objection.

2

C.    ~~D.~~ ~~The Claim listed on Exhibit A-2~~The Claim listed on Exhibit A hereto under the column heading "Claim To Be Expunged" has been amended and superseded by a later-filed Claim and was also subject to a prior order (the "Amended Claim That Is Subject To Prior Order").

D.    ~~E.~~ The Claim listed on Exhibit B-1 hereto was filed by a holder of Delphi common stock solely on account of its stock holdings (the "Equity Claim").

E.    ~~F.~~ Each of the Claims listed on Exhibit B-2 hereto was filed by a holder of Delphi common stock solely on account of ~~its~~such holder's stock holdings and ~~were~~was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claims").

F.    ~~G.~~ The Claim listed on Exhibit C contains insufficient documentation to support the Claim asserted and was untimely filed pursuant to the Bar Date Order (the "Untimely Insufficiently Documented Claim").

G.    ~~H.~~ The Claims listed on Exhibit D-1 contain liabilities or dollar amounts that are not reflected on the Debtors' books and records (the "Books And Records Claims").

H.    ~~I.~~ The Claims listed on Exhibit D-2 contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

I.    ~~J.~~ The Claim listed on Exhibit D-3 hereto, which was filed by a taxing authority, asserts a liability and dollar amount that is not reflected on the Debtors' books and records and was untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Tax Claim").

_____
*(cont'd from previous page)*

2    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
*(cont'd)*

3

        J.      ~~K.~~ The Claims listed on <u>Exhibit E</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

        K.      ~~L.~~ The Claims listed on <u>Exhibit F</u> hereto (a) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (b) incorrectly assert secured or priority status (the "Claims Subject To Modification").

        L.      ~~M.~~ The relief requested in the Thirtieth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        ~~1.      The "Claim To Be Expunged" listed on Exhibit A-1 hereto is hereby disallowed and expunged in its entirety.  The Claim identified on Exhibit A-1 hereto as a "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.~~

        1.      ~~2. The "Claim To Be Expunged" listed on Exhibit A-2 hereto is hereby disallowed and expunged in its entirety.  The Claim identified on Exhibit A-2~~<u>The "Claim To Be Expunged" listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.  The Claim identified on Exhibit A</u> hereto as a "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

        2.      ~~3.~~ The Equity Claim listed on <u>Exhibit B-1</u> hereto is hereby disallowed and expunged in its entirety.

---

*(cont'd from previous page)*
    fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

4

       3.    ~~4.~~ Each Untimely Equity Claim listed on <u>Exhibit B-2</u> hereto is hereby disallowed and expunged in its entirety.

       4.    ~~5.~~ The Untimely Insufficiently Documented Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

       5.    ~~6.~~ Each Books And Records Claim listed on <u>Exhibit D-1</u> hereto is hereby disallowed and expunged in its entirety.

       6.    ~~7.~~ Each Untimely Books And Records Claim listed on <u>Exhibit D-2</u> hereto is hereby disallowed and expunged in its entirety.

       7.    ~~8.~~ The Untimely Books And Records Tax Claim listed on <u>Exhibit D-3</u> hereto is hereby disallowed and expunged in its entirety.

       8.    ~~9.~~ Each Untimely Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

       9.    ~~10.~~ Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit F</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on <u>Exhibit F</u> hereto shall be entitled to (a) recover any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit F</u> hereto, subject to the Debtors' right to further object to each such Claim Subject to Modification. The Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

5

10. For clarity, Exhibit H hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits F and G-5.  Exhibit I sets forth each of the Claims referenced on Exhibits A, B-1, B-2, C, D-1, D-2, D-3, E, F, G-1, G-2, G-3, G-4, and G-5 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

11. With respect to each Claim for which a Response to the Thirtieth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits G-1, G-2, G-3, G-4, and G-5 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

12. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirtieth Omnibus Claims Objection.

13. ~~11.~~ Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

14. ~~12.~~ This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirtieth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15. ~~13. The objection~~Each of the objections by the Debtors to each Claim addressed in the Thirtieth Omnibus Claims Objection and attached hereto as Exhibits A ~~1, A-2,~~, B-1, B-2, C, D-1, D-2, D-3, E, F, G-1, G-2, G-3, G-4, and ~~F~~G-5 constitutes a separate contested

6

matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirtieth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

    16.    ~~14.~~ Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

    17.    ~~15.~~ The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Thirtieth Omnibus Claims Objection.

Dated: New York, New York
   July ___, 2008

                _____
                UNITED STATES BANKRUPTCY JUDGE

7