UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                                 :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                    Debtors.           :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND 6004 AUTHORIZING
AND APPROVING ENTRY BY DELPHI AUTOMOTIVE SYSTEMS LLC INTO
RESTRUCTURING AND EXCHANGE AGREEMENT WITH ENER1, INC. RELATED TO
JOINT VENTURE ENERDEL, INC.

("JOINT VENTURE ORDER")

Upon the unopposed motion, dated July 11, 2008 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. § 363 and

Fed. R. Bankr. P. 2002 and 6004 authorizing and approving, but not directing, the entry by

Delphi Automotive Systems LLC ("DAS LLC") into that certain Restructuring and Exchange

Agreement (the "Restructuring and Exchange Agreement"), a copy of which is attached hereto as

Exhibit A, with Ener1, Inc. ("Ener1") for the restructuring and exchange of ownership interests

in the joint venture EnerDel, Inc. ("EnerDel") for cash, equity interest, and revised warrants (the

"Exchange Consideration"); and upon the record of the hearing held on the Motion; and after due

deliberation thereon, and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT[2]:

A.      The transactions contemplated by the Restructuring and Exchange Agreement and the related agreements, documents, and instruments contemplated by the Restructuring and Exchange Agreement have been negotiated and documented in good faith and from arm's length bargaining positions.

B.      The transactions contemplated by the Restructuring and Exchange Agreement and the related agreements, documents, and instruments contemplated by the Restructuring and Exchange Agreement satisfy the requirements of section 363(b) of the Bankruptcy Code.

C.      The relief requested in the Motion and granted herein, including the execution of and performance of the Restructuring and Exchange Agreement by DAS LLC, is in the best interests of DAS LLC, its estate, its creditors, and its other stakeholders.

D.      The Debtors have given adequate notice of the Motion, including notice as required under rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and no other or further notice of the Motion or the hearing on the Motion is necessary.

E.      The terms and conditions of the Restructuring and Exchange Agreement are fair and reasonable.

F.      The Exchange Consideration provided by Ener1 represents fair and at least reasonably equivalent value for all of the common stock and preferred stock in EnerDel owned by DAS LLC (the "Shares").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

1.    The Motion is GRANTED.

2.    DAS LLC is authorized, but not directed, to enter into the Restructuring and

Exchange Agreement and to perform its obligations thereunder.

3.    The Restructuring and Exchange Agreement and all of the terms and

conditions thereof are hereby approved pursuant to section 363 of the Bankruptcy Code and rule

6004 of the Federal Rules of Bankruptcy Procedure, and accordingly the terms and conditions of

such agreement are valid, binding and enforceable.

4.    DAS LLC is authorized, but not directed, to execute and deliver, and

empowered to perform under, consummate, and implement, the Restructuring and Exchange

Agreement, together with all additional instruments and documents as may be necessary or

desirable to implement the Restructuring and Exchange Agreement.

5.    Upon execution and delivery of the Restructuring and Exchange Agreement

and the transfer by DAS LLC of the Shares to Ener1, the Shares shall be free and clear of any

and all claims (as defined in the Bankruptcy Code), pledges, options, charges, hypothecations,

easement, security interest, right-of-way, encroachment, mortgage, deed of trust, imperfection of

title, prior assignment or other encumbrance of any kind or nature whatsoever as permitted under

section 363 of the Bankruptcy Code (based upon, inter alia, compliance with section 363(f) of

the Bankruptcy Code) in exchange for the Exchange Consideration.

6.    The terms and provisions of the Restructuring and Exchange Agreement

and this order shall be binding in all respects upon, and shall inure to the benefit of, DAS LLC,

its estate, and its stakeholders, Ener1, and their respective affiliates, successors and assigns,

including without limitation, any Trustee appointed in these chapter 11 cases, and any affected

third parties.

7.    The Restructuring and Exchange Agreement and any related agreements,

documents or other instruments may be modified, amended or supplemented by the parties

thereto, in a writing signed by both parties, and in accordance with the terms thereof, without

further order of the Court, provided that any such modification, amendment or supplement is

disclosed to counsel to the Creditors' Committee and does not have a material adverse effect on

DAS LLC's estate in the good faith business judgment of DAS LLC.

8.    This Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

9.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        July 31, 2008

                            /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE

Exhibit A
<u>Restructuring And Exchange Agreement</u>