1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 05-44481

5    Adv. Proceeding Nos. 08-01232, 08-01233

6    - - - - - - - - - - - - - - - - - - - -x

7    In the Matter of:

8

9    DELPHI CORPORATION, ET AL.,

10

11          Debtors.

12

13    - - - - - - - - - - - - - - - - - - - -x

14

15              U.S. Bankruptcy Court

16              One Bowling Green

17              New York, New York

18

19              July 31, 2008

20              10:07 a.m.

21

22    B E F O R E:

23    HON. ROBERT D. DRAIN

24    U.S. BANKRUPTCY JUDGE

25

2

1    DELPHI CORPORATION, ET AL. CHAPTER 11 CASE, 05-44481

2    MOTION for Order Authorizing and Approving Entry by Delphi

3    Automotive Systems LLC into Restructuring and Exchange

4    Agreement with Ener1, Inc. Related to Joint Venture

5

6    MOTION for Order, Solely as to Statutory Committees, Extending

7    Debtors' Exclusive Periods Within Which to File and Solicit

8    Acceptances of Reorganization Plan

9

10   DEBTORS' Thirtieth Omnibus Objection to Certain (A) Amended

11   Claims, (B) Equity Claims, (C) Untimely Insufficiently

12   Documented Claim, (D) Books and Records Claims, (E) Untimely

13   Claims, and (F) Claims Subject to Modification

14

15   DELPHI CORPORATION v. APPALOOSA MANAGEMENT, LP, ET AL., 08-

16   01232

17   MOTION of General Motors Corporation to Participate in

18   Adversary Proceeding as Party-in-Interest

19

20   DELPHI CORPORATION v. UBS SECURITIES LLC, 08-01233

21   MOTION of General Motors Corporation to Participate in

22   Adversary Proceeding as Party-in-Interest

23

24   Transcribed By:  Esther Accardi

25

3

1    A P P E A R A N C E S :

2    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

3         Attorneys for Debtors

4         333 West Wacker Drive

5         Chicago, Illinois 60606

6

7    BY:   JOHN WM. BUTLER, JR., ESQ.

8

9

10   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

11        Attorneys for Debtors

12        Four Times Square

13        New York, New York 10036

14

15   BY:   KAYALYN A. MARAFIOTI, ESQ.

16

17

18   LATHAM & WATKINS, LLP

19        Attorneys for Creditors' Committee

20        885 Third Avenue

21        New York, New York 10022

22

23   BY:   MICHAEL RIELA, ESQ.

24

25

4

1    A P P E A R A N C E S : (continued)

2    WEIL, GOTSHAL & MANGES LLP

3        Attorneys for General Motors

4        1300 Eye Street, N.W.

5        Washington, D.C. 20005

6

7    BY:   MICHAEL P. KESSLER, ESQ.

8

9

10    FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

11        Attorneys for Official Committee of

12         Equity Security Holders

13        One New York Plaza

14        New York, New York 10004

15

16    BY:   JENNIFER L. RODBURG, ESQ.

17

18

19    WHITE & CASE LLP

20        Attorneys for ADAH and AMLP

21        1155 Avenue of the Americas

22        New York, New York 10036

23

24    BY:   J. CHRISTOPHER SHORE, ESQ.

25

5

1    A P P E A R A N C E S : (continued)

2    REED SMITH LLP

3         Attorneys for Ener1, Inc.

4         2500 One Liberty Place

5         1650 Market Street

6         Philadelphia, PA 19103

7

8    BY:   MATTHEW E. TASHMAN, ESQ.

9

10

11   FRIEDMAN KAPLAN SEILER & ADELMAN LLP

12        1633 Broadway

13        New York, New York 10019

14

15   BY:   WILLIAM P. WEINTRAUB, ESQ.

16         EDWARD A. FRIEDMAN, ESQ.

17

18

19   WARNER STEVENS, LLP

20        301 Commerce Street

21        Fort Worth, Texas 76102

22

23   BY:   MICHAEL D. WARNER, ESQ.

24

25

6

1                    P R O C E E D I N G S

2              THE COURT:  Okay.  Delphi Corporation.

3              MR. BUTLER:  Your Honor, good morning.  Jack Butler

4     and Kayalyn Marafioti for the debtors, with respect to the

5     debtors' thirty-third omnibus hearing for the month of July

6     2008, Your Honor.

7              We filed a proposed hearing agenda.  There are five

8     matters on the agenda, and we'd like to take them in the order

9     of the agenda if that's all right?

10             THE COURT:  Okay, that's fine.

11             MR. BUTLER:  Your Honor, the first matter on the

12    agenda, which is uncontested, is the EnerDel joint venture

13    motion filed at docket number 13847.  Your Honor, this is a

14    request for Your Honor to approve the debtors' business

15    judgment in entering into a restructuring and exchange

16    agreement with Ener1, Inc. for the restructuring and exchange

17    of DAS LLC's ownership interest in EnerDel, Inc., an existing

18    joint venture between DAS and Ener1.

19             This was a joint venture, Your Honor, that was put

20    together pursuant to a 2004 formation agreement.  And the

21    purpose of the joint venture was to design and manufacture

22    lithium ion battery technologies and products.

23             The key part of the business judgment underlying this

24    transaction is a view of the company, the few of the debtors,

25    that we ought to take the opportunity to monetize and to

7

1    diversify the investment that we had in Ener1 -- excuse me, in

2    EnerDel, by essentially exchanging our investments in EnerDel

3    to investments in Ener1 and receiving $8,000,000 in cash.

4            The reasons for this, among others, are that we are

5    dealing with a technology that we sold that was not core to the

6    business.  The debtors want to monetize their investment in

7    that.  We expect there to be additional cash calls and

8    investments at the joint venture level that the debtors do not

9    want to participate in and, therefore, there's a risk that the

10   investment would be diluted at the EnerDel level.

11           At the Ener1 level there's a more diversified

12   investment because there Ener1 has three businesses that the

13   investment would be covering.

14           And then, finally, the liquidity point, which is

15   important in addition to the $8,000,000 in cash, which is about

16   a third, a little under a third of the investment.

17           The Ener1 stock is now trading on AMEX.  And as our

18   papers indicate, it's trading at the moment, at least, at a

19   value higher than the valuation point upon which our business

20   judgment was based.

21           So those are the principal reasons, Your Honor, that

22   the company believes it makes sense to do this.  I'm not going

23   to go into the detailed structure of the agreement unless Your

24   Honor has questions.

25           We have reviewed this with the creditors' committee

8

1   who I did some due diligence with respect to it and there are

2   no objections filed to the proposed transaction.

3           We did file exhibits with respect to this

4   transaction.  There are nine of them, including a declaration

5   from Mr. Sheehan.  And a fairness opinion that was prepared, I

6   point out, at the Ener -- for the joint venture as opposed to

7   the debtors.  So we're not saying this is our fairness opinion,

8   but one was prepared by the joint venture.  We did take it in

9   as a factor, but it's not something that we relied exclusively

10  on, which is Exhibit Number 8.  But I would move, Your Honor,

11  admission of Exhibits 1 through 9.

12          THE COURT:  Okay.  Does anyone have any objection to

13  the admission of those exhibits into the record?

14          Okay, they're admitted.

15  (Debtors' Exhibits 1 through 9 were hereby received for

16  identification, as of this date.)

17          MR. BUTLER:  Your Honor, unless you have questions, I

18  don't have anything else.

19          THE COURT:  Well, two.  I assume from the motion and

20  from what you said that this is consistent with the business

21  plan, to get out of non-core assets and the like?

22          MR. BUTLER:  That's correct, Your Honor.

23          THE COURT:  And, secondly, is DAS or another Delphi

24  entity providing services and know-how and research to Ener

25  still?

9

1          MR. BUTLER:  I don't believe we're providing any

2     further technology.

3          THE COURT:  Okay.

4          MR. BUTLER:  We sold the technology is my

5     understanding.

6          THE COURT:  All right.  It's an investment at this

7     point?

8          MR. BUTLER:  Yes, Your Honor.

9          THE COURT:  If you're going to have some other

10     relationship it will be via contract?

11          MR. BUTLER:  That's correct, Your Honor.

12          THE COURT:  Okay.  All right.  Does anyone have

13     anything to say on this motion?

14          All right.  Hearing no objections and having seen no

15     objections and having read the motion and the supporting

16     affidavit, I'll approve the motion as being within the debtors'

17     good business judgment.

18          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

19     next item on the agenda is the debtors' 1121(d) statutory

20     committee exclusivity extension motion, which would extend the

21     exclusive periods for the debtors to file a plan to October 31,

22     2008 in terms of the time to file modifications to a plan and a

23     solicitation period until December 31, 2008.

24          As Your Honor knows from the papers and from the

25     prior court record, we have dealt with exclusivity as to all

10

1    parties other than the statutory committees which have had a

2    shorter time period.  There are no objections to the proposed

3    extension here.

4         As we move forward, we have said in the past that the

5    debtors are filing these motions out of an abundance of caution

6    because the debtors are relying under 1129(c) and the sections

7    of the plan and the confirmation order.

8         I would point out that there have been, during the

9    180-day period following the January 25, 2008 confirmation

10   order, there have been two complaints filed now for revocation

11   of the confirmation order.  The parties filing those complaints

12   at the moment are negotiating with the debtors and don't intend

13   to prosecute those, although we're going to accept service of

14   the complaints, and I assume we'll enter into a stipulation to

15   toll the time to answer the complaints.  But there's obviously

16   the potential that the Court will need to consider those 1144

17   complaints at some point in time.

18        So, in fact, these motions we're bringing before the

19   Court may be more than just out of an abundance of caution,

20   depending upon what might occur.  So we have negotiated the

21   form of this exclusivity extension with our statutory

22   committees who support the extensions as we indicated.

23        Obviously, Your Honor, since April 4th, in addition

24   to operating our businesses and doing the various things we've

25   outlined in the papers in support of the exclusivity extension,

1   there are three major focuses that we've been involved in.  We

2   have been focused on engaging in a reaffirmation process with

3   respect to the debtors' business plan through 2011, which

4   includes an analysis of the impact of, among other things, the

5   increases in global commodity costs and the reductions that

6   have occurred this year in the projections of North American

7   automotive industrial production volumes.

8          We've also been exploring our exit financing, our

9   possibilities in capital markets that remain turbulent and very

10  challenging, and are engaged on working on exit financing and

11  related matters.

12         And we've also been involved in negotiations with our

13  statutory committees and General Motors, among other

14  stakeholders, with respect to exploring possible modifications

15  to the plan that has been confirmed by this Court that would

16  enable Delphi to emerge from Chapter 11 as soon as practicable.

17         And we are doing that, obviously, to allow us to

18  focus on our business operations and to mitigate the damages

19  the debtors believe have been caused by the plan investors.

20  And, obviously, we have separately -- on a separate track have

21  commenced the litigation of the plan investors that is being

22  dealt with by special counsel.

23         And so we have been on this dual path that we've

24  described since April 4th to the Court.  I think we are making,

25  as I've said before, measured progress on it.  We're very

12

1    deeply involved in these discussions, and I think it's in the

2    interest of the estate, the debtors' interest in the estate,

3    for the Court to grant the relief that we're requesting.

4             THE COURT:  Okay.  Does anyone have anything to say

5    on this motion?

6             All right.  I don't believe it's just a matter of an

7    excess of caution.  In other words, I don't think it's a moot

8    motion, given the complaints to seek revocation of the plan,

9    and also based on my recollection of colloquy during the

10   confirmation hearing about the resolution of the concern about

11   not having a specific drop dead date for consummation in the

12   plan and the way that was left.  So there's certainly a basis

13   for filing the motion and it addresses, really, just the two

14   committees.  Neither committee has opposed the motion.  So,

15   clearly, the motion states cause and I'll approve it.

16            MR. BUTLER:  Thank you very much, Your Honor.

17            Your Honor, the next matter on the agenda is the

18   thirtieth omnibus claims objection filed at docket number

19   13823.  This deals with 135 proofs of claim that were on the

20   objection.  Thirteen of those we're not proceeding with today

21   because we either had responses filed as to twelve of those

22   objections, and we've had one objection that we've withdrawn

23   pending entry of a stipulation at the next claims hearing.

24            The twelve responses that were filed cover twelve

25   proofs of claims asserting liquidated claims of approximately

13

1    3.18 million dollars.  And the objection that we're withdrawing

2    relates to proof of claim number 16807 filed by Georgia Power

3    Company.  We've executed a joint stipulation with them to

4    expunge that claim.  We'll be handing that stipulation up at

5    the next claims hearing.  It's off of this omnibus objection.

6        That leaves, Your Honor, 122 claims that assert

7    liquidated claims of approximately 4.22 million dollars.  We're

8    asking Your Honor to expunge 120 of these claims, with an

9    asserted claim amount of 3.57 million.  And with respect to the

10   two other claims, relating to about $650,000, we're only

11   seeking to modify the class of the claim.

12       We have provided Your Honor the particularized

13   notice, that has been the custom in these claims objection

14   processes, to the individual claim holders.  And if Your Honor

15   grants the relief that we're seeking today we will serve

16   particularized notice of that relief as well.

17       THE COURT:  Okay.  Is anyone here in opposition to

18   this motion?

19       All right.  As modified on the record, i.e., now that

20   the objection is dealing with the claims that are not objected

21   to -- claim objection, excuse me, where the claimant has not

22   objected to the objection, or in one case, where the claim has

23   been settled, I'll approve the omnibus objection based on the

24   lack of opposition as well as the averments in the objection

25   and the particularized notice under the claims procedures.

14

1     MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

2     remaining two matters on the agenda relate to the plan investor

3     litigation.

4          Item number 4 on the docket is a motion to authorize

5     General Motors Corporation to participate in an adversary

6     proceeding number 08-01232, filed at docket number 64 of that

7     proceeding.

8          Number 5 on the agenda is a companion motion, dealing

9     with the other adversary proceeding, docket number 08-01233 and

10    it's filed at docket number 31 of that proceeding.

11         Your Honor, the debtors have not filed any opposition

12    of the relief requested.  Mr. Friedman and Mr. Weintraub and

13    others are here on behalf of the debtors, to the extent the

14    debtors need to be involved in this.  But there have been

15    objections filed by certain of the plan investors.

16         THE COURT:  Okay.

17         MR. KESSLER:  Good morning, Your Honor.  Michael

18    Kessler from Weil, Gotshal & Manges for General Motors

19    Corporation.

20         As Mr. Butler introduced, this is General Motor's

21    motion to participate in the adversary proceedings filed by

22    Delphi against the plan investors, merely as a participant in

23    the proceedings and not as an intervener, to have the

24    permission to monitor or be an observer at all issues, or all

25    matters relating to these adversary cases, including discovery,

15

1    mediation, settlements, chambers conferences, etcetera.

2            Your Honor, we have a stipulation and order between

3    Delphi and General Motors, which, if approved by Your Honor,

4    will grant the motion with some amendments or revisions to the

5    proposed order.

6            The unsecured creditors' committee has agreed not to

7    oppose this stipulation and order.  The equity committee did

8    not file any papers.  And we did have opposition from the

9    various defendants.  And in the courtroom before this hearing

10   we had some discussion, and I believe that we have resolved

11   their opposition, which I'd like to state on the record, and

12   then we could amend the stipulation and order and present it to

13   Your Honor a little later.

14           THE COURT:  Okay.

15           MR. KESSLER:  The objections amounted to essentially

16   the following:  They did not want General Motors to appear at

17   mediations.  They've now, as I understand it, consented to

18   General Motors appearing at the mediation as an observer with

19   the provision or the proviso or clarification that clearly Your

20   Honor's order permitting us to be at the mediation will not

21   override the mediator's rights to discuss matters individually

22   with parties and outside the hearing of other parties, which

23   we've consented to.  If the mediator suggests, for example,

24   that he wants to talk to just Delphi and the plan investors and

25   leave other people out for the moment, obviously, we're not

1    asking that this order override that.

2         Second objection was to General Motors' participation

3    in settlement conferences.  In our stipulation with Delphi

4    we've agreed that we only want permission to be present at

5    formal settlement conferences.  And we've clarified that we

6    don't expect Delphi to conference us in to every telephone

7    conversation or invite us to every lunch meeting they have as

8    to which settlement is discussed.  And I believe that the

9    defendants are now in agreement with that.

10        And the third issue I believe related to General

11   Motors signing onto the confidentiality agreement that the

12   other parties have signed on the case, and we've already agreed

13   to do that in the stipulation.  So I believe that the

14   defendants will now agree to not oppose the stipulation, but

15   I'll allow them to speak for themselves.

16        MR. SHORE:  Good morning, Your Honor.  Chris Shore

17   from White & Case for Appaloosa and ADAH.

18        Just two clarifications, there have been some minor

19   textual changes that GM has agreed to which will conform into

20   the order and one further understanding.

21        Paragraph 9 of the proposed order would provide that

22   Delphi will not settle either of the adversary proceedings

23   without obtaining input in advance from GM.  And it's our

24   understanding, in agreeing to this, that that does not mean

25   that Delphi needs to adopt any input from GM or change its

17

1   decision based upon input from GM, but that it will receive

2   input from GM before taking any action to settle.

3           THE COURT:  Is that a correct understanding, Mr.

4   Butler?

5           MR. KESSLER:  Yes, Your Honor.

6           THE COURT:  GM doesn't have a contractual veto under

7   that language.

8           MR. KESSLER:  I thought the stipulation was clear

9   that Delphi will consult with General Motors and General Motors

10  does not waive any rights that it may have to object to a

11  settlement if it wants to.

12          THE COURT:  Okay.  I appreciate the -- Mr. Shore,

13  were you speaking for the other four defendants who adopted

14  Appaloosa's objection?

15          MR. SHORE:  I'm really just here for Appaloosa and

16  ADAH.

17          THE COURT:  The two Appaloosa entities, all right.

18  Is anyone here on behalf of the other four objectors?  No,

19  fine.

20          Before we go further, I haven't had the -- I haven't

21  seen the modified order.  And I just want to make sure I

22  understand what GM is seeking at this point and what's been

23  agreed to other than the terms you've laid out which clearly

24  have been agreed to by the two Appaloosa defendants and the

25  debtor and without opposition by the two committees.

18

1          Is it clear now that, although its reserving its

2    rights including to intervene and anything else that's

3    reserved, GM is not going to be seeking to take discovery?

4          MR. KESSLER:  Yes, Your Honor.

5          THE COURT:  Rather all it wants is to participate in

6    discovery in the sense of sitting in, monitoring it?

7          MR. KESSLER:  Yes, Your Honor.  The essence of it is

8    that we would participate in all proceedings as an observer.

9    So with respect to discovery, we can come to the depositions.

10   We'll get copies of all the discovery produced documents,

11   etcetera.  But we're not asking to ask questions.  We're not

12   asking to propound our own discovery or anything of that sort,

13   subject to not waiving our right to seek to intervene at a

14   later date.

15         THE COURT:  Okay.

16         MR. KESSLER:  With respect to other aspects of the

17   litigation where we would be permitted to attend mediations, if

18   Your Honor takes the parties back into chambers, we would be

19   permitted to go there.  But, again, in a nonspeaking role

20   unless someone asks us to speak.  We won't file pleadings, we

21   don't plan to file pleadings.

22         THE COURT:  Okay.  So you can obviously whisper a

23   question into someone's ear but --

24         MR. KESSLER:  Absolutely.

25         THE COURT:  -- they have to make the decision of

19

 1   whether they're going to ask it or not.

 2            MR. KESSLER:  Absolutely.

 3            THE COURT:  Or the same with making a point in a

 4   brief or making a point at oral argument?

 5            MR. KESSLER:  Yes, Your Honor.

 6            THE COURT:  Okay.  Right.  Does anyone have anything

 7   further to say on this motion?

 8            I appreciate the context in which you presented it,

 9   which is that it is unopposed by those parties who were

10   interested enough in it to appear at the hearing.  The lack of

11   opposition, I guess, does not extend to the four non-Appaloosa

12   related parties to the adversary proceeding, each of whom filed

13   an objection to the motion that adopted ADAH and Appaloosa's

14   objection.  But, again, they were not sufficiently interested

15   in those objections to appear at today's hearing or I guess to

16   continue to be up to speed with regard to the developments

17   involving changes to the proposed relief that were reflected on

18   the record.

19            So I will approve the motion as modified, or grant

20   the motion as modified, which I view to be largely, if not

21   entirely, on consent, as I just stated.

22            With regard to the other four objectors to the extent

23   they didn't hitch their wagon to whatever Appaloosa decided,

24   I'll overrule those objections based on the relief sought as

25   modified.

20

1            The Second Circuit in Caldor made it clear, as it

2    stated, that -- this is a quote, "that the phrase any issue in

3    a case in Section 1109(b) plainly grants a right to appear,"

4    I'm sorry, "to raise, appear and be heard on any issue,

5    regardless whether it arises in a contested matter or an

6    adversary proceeding."  That's 303 F.3d 161, 169 (2nd Cir.

7    2002).  What that holding left open was, as noted by Judge

8    Gerber in the Adelphia case, the extent of a party-in-

9    interest's rights in respect of any proceeding, whether it's an

10   adversary proceeding or a contested matter, but particularly,

11   an adversary proceeding.  The objections highlighted aspects of

12   those issues but I believe that the agreed order now clearly

13   lies within the spectrum of permissibility as outlined by Judge

14   Gerber in the Adelphia case, which appears at 285 B.R. 848

15   (Bankr. S.D.N.Y. 2002) or the continuum, as he describes it, at

16   page 856 through 857.

17           The only other issue that I saw that was raised by

18   the objection is whether, in fact, to exercise 1109(b).  In an

19   adversary proceeding one has to seek to intervene in a formal

20   motion pursuant to Bankruptcy Rule 7024.

21           I don't believe that Caldor requires that.  I also

22   don't believe that the Iridium case requires it.  All that

23   Iridium said is that in Caldor the Second Circuit stated that

24   if one wants to intervene, or to put it differently, if one

25   makes a motion to intervene, Caldor does not change the

21

1    requirements of Rule 24, both (a)(1) as a right which has its

2    limitations as stated in Iridium, and also (a)(2) if one didn't

3    have the right under 1109, that's Iridium India Telecom Ltd. v.

4    Motorola Inc., 165 Fed.S. 878 (2nd Cir. 2005).

5           So I view Caldor as saying that to somewhat undefined

6    extent, 1109 gives a party-in-interest a right to be heard in

7    an adversary proceeding even though they have not formally been

8    given leave to intervene.  What that right extends to -- for

9    example, whether it extends to the right to take discovery, is

10   an interesting question.  But that question is now not raised,

11   given the terms that GM has agreed to in connection with the

12   stipulated order.  So I don't need to address the question at

13   this point.

14          So you can submit that order.

15          MR. KESSLER:  Okay.  Thank you, Your Honor.

16          We could do it one of two ways as Your Honor prefers.

17   We could mark it up in the courtroom and hand it up with the

18   disk or we can take it back to the office and make the

19   corrections.

20          THE COURT:  Why don't you mark it up, because you

21   have Mr. Shore here and he can look it over.

22          MR. KESSLER:  Okay.  Thank you, Your Honor.

23          THE COURT:  And you can just walk it down to

24   chambers.

25          MR. KESSLER:  Thank you.

22

1              THE COURT:  Okay.

2              MR. BUTLER:  Thank you, Your Honor.  That's all we

3      have on the agenda.

4              THE COURT:  Okay.  Before you all go, Mr. Friedman, I

5      just want to make sure I was clear on Monday.  You shouldn't

6      wait to receive my review of my bench ruling before submitting

7      the order on the motions to dismiss; you can submit that order

8      before then.  Because I gave such a lengthy bench ruling and

9      because I, in all likelihood, will attach a somewhat modified,

10     in terms of style not content, ruling to the order, you don't

11     need to put in a lot of findings or conclusions.  You can just

12     say for the reasons stated in the Court's bench ruling.  So

13     it's perfectly fine if you're circulating that order among the

14     parties to get their -- preferably to get their consent at

15     least to the form of the order.  But you don't need to wait

16     until I go over the transcript in order to submit it.

17             MR. FRIEDMAN:  I appreciate that, Your Honor.  And we

18     actually prepared a form of order along the lines that Your

19     Honor is suggesting now yesterday and we circulated it to the

20     defendants.

21             We've received a couple of comments that we are

22     considering.  And my hope and expectation is that we will

23     submit a proposed form of order to the Court this afternoon,

24     hopefully with agreement of the defendants.  But if not, then

25     there will be some disagreement.

23

1          THE COURT:  Okay.  Fine, very well.  Thank you.

2      (Proceedings concluded at 10:35 a.m.)

24

1

2                              I N D E X

3

4                           E X H I B I T S

5    DEBTOR'S                                           ADMITTED

6    1 through 9                                        8

7

8                              RULINGS

9                                              PAGE LINE

10   Motion for Order Authorizing and Approving      9    16

11   Entry By DAS LLC into Restructuring and

12   Exchange Agreement with Ener1 Granted

13

14   Motion for Order, Solely as to the Statutory   12    15

15   Committees, Extending Debtors' Exclusive

16   Periods Within Which to File and Solicit

17   Acceptances of Reorganization Plan Granted

18

19   Debtors' Thirtieth  Omnibus Objection to       13    23

20   Certain Claims Granted

21

22   Motion of GM to Participate in Adversary       19    19

23   Proceeding as Party-in-Interest Granted

24   as Modified

25

25

1

2                          C E R T I F I C A T I O N

3

4       I, Esther Accardi, certify that the foregoing transcript is a

5       true and accurate record of the proceedings.

6

7       _____

8       ESTHER ACCARDI

9

10      Veritext LLC

11      200 Old Country Road

12      Suite 580

13      Mineola, New York 11501

14

15      Date: August 4, 2008

16

17

18

19

20

21

22

23

24

25