TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                              :
In re:                                                        :
                                                              :        Chapter 11
DELPHI CORPORATION, et al.,                                   :        Case No. 05-44481 [RDD]
                                                              :
                              Debtors.                        :        Jointly Administered
                                                              :
----------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER
## COMPROMISING AND DISALLOWING
## PROOF OF CLAIM NUMBERS 1850 AND 1854 (VISTEON CORPORATION)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-

possession in the above-captioned cases (the "Debtors") and Visteon Corporation (the

"Claimant") respectfully submit this Joint Stipulation And Agreed Order

Compromising And Disallowing Proof Of Claim Numbers 1850 And 1854 (the

"Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York;  and

**WHEREAS**, on February 8, 2006, Claimant filed (i) proof of claim number 1854 (the "DAS Proof of Claim") against DAS LLC, asserting a claim in an undetermined amount secured by right of setoff and (ii) proof of claim number 1850 (the "Diesel Proof of Claim," and collectively with the DAS Claim, the "Proof of Claim") against Delphi Diesel in an undetermined amount secured by right of setoff; and

**WHEREAS,** Claimant has asserted that (i) prior to the Petition Date, it completed a setoff (the "Setoff") of the amounts owed as of the Petition Date by one or more of the Debtors to Claimant for prepetition services and/or goods provided by Claimant to one or more of the Debtors (the "Receivable") against the amounts owed as of the Petition Date by Claimant to one or more of the Debtors for prepetition services and/or goods provided by one or more of the Debtors to Claimant (the "Payable"); and (ii) the balance of the Payable (after the Setoff) was paid in full to the Debtors; and

**WHEREAS**, the Debtors dispute that Claimant completed the Setoff prior to the Petition Date; and

**WHEREAS**, on June 19, 2007, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. Section 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims and (B) Protective Claims ("Sixteenth Omnibus Claims Objection"); and

**WHEREAS**, on July 13, 2007, Claimant filed a Response to Debtors'
Sixteenth Omnibus Objection (the "Response"); and

**WHEREAS,** the Parties have agreed (i) on the amount of the Payable and
the amount of the Receivable; (ii) that as of the Effective Date (defined below), the
Receivable shall be deemed to have been setoff against the Payable (irrespective of
whether the Setoff was effectuated prior to the Petition Date); and (iii) that as of the
Effective Date, the Payable shall be deemed to have been paid in full; and

**WHEREAS**, to document and set forth the agreements among the Parties
(as set forth in the immediately preceding recital), and to resolve the Sixteenth Omnibus
Claims Objection with respect to the Proofs of Claim and the Response, the Parties
entered into a Settlement Agreement dated as of June 25, 2008;  and

**WHEREAS**, the Debtors are authorized to enter into the Settlement
Agreement without further Court approval or further notice, including that of the
Delphi Bankruptcy Court, either because the Proofs of Claim involve ordinary course
controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, and 503 and
Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes
of Controversy and Allow Claims Without Further Court Approval (Docket No. 4414)
entered by the Delphi Bankruptcy Court on June 29, 2006.

**WHEREAS,** pursuant to the Settlement Agreement, Claimant
acknowledges and agrees that the Proofs of Claim shall be disallowed and expunged;
and

3

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and Claimant stipulate and agree as follows:

1.      As provided in the Settlement Agreement, the Proofs of Claim shall be disallowed and expunged in their entirety.  The disallowance and expungement of the Proofs of Claim are without prejudice to customer obligations, including any warranty claims or other claims related to defective parts or the quality of parts, which may arise in the ordinary course of the Debtors' business in favor of Claimant.

2.      The Response shall be deemed withdrawn.

**[signatures concluded on following page]**

Dated:   New York, New York
         July 30, 2008

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

   /s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:   Troy, Michigan
         July 30, 2008

VISTEON CORPORATION
By its Counsel,
JACOB & WEINGARTEN P.C.

4

By:


/s/ Alan J. Schwartz
ALAN J. SCHWARTZ
2301 W. Big Beaver Road
Suite 777
Troy, Michigan 48084
248-649-1900



**SO ORDERED**
This 6th day of August, 2008
in New York, New York
/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE