SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: :
: :
    In re                               :        Chapter 11
: :
DELPHI CORPORATION, et al.,         :        Case No. 05–44481 (RDD)
: :
                           Debtors.    :        (Jointly Administered)
: :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 1714, 1715, AND 1716
(HENMAN ENGINEERING & MACHINE, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Henman Engineering & Machine, Inc. ("Henman") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 1714, 1715, And 1716 (Henman Engineering & Machine, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on January 30, 2006, Henman filed proof of claim number 1714 against Delphi Automotive Systems (Holding), Inc. which asserts an unsecured non-priority claim in the amount of $2,002.09 ("Claim No. 1714"), stemming from good sold or services provided.

WHEREAS, on January 30, 2006, Henman filed proof of claim number 1715 against Delphi Automotive Systems (Holding), Inc. which asserts an unsecured non-priority claim in the amount of $127,058.35 ("Claim No. 1715"), stemming from good sold or services provided.

WHEREAS, on January 30, 2006, Henman filed proof of claim number 1716 against Delphi Automotive Systems (Holding), Inc. which asserts an unsecured non-priority claim in the amount of $282,500.00 ("Claim No. 1716" and together with Claim No. 1714 and Claim No. 1715, the "Claims"), stemming from good sold or services provided.

WHEREAS, on April 27, 2007, the Debtors objected to Claim No. 1714 and No.

1716 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 22, 2007, Henman filed its response to the Thirteenth Omnibus Claims Objection (Docket No. 7825) (the "First Response").

WHEREAS, on June 15, 2007, the Debtors objected to Claim No. 1715 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(B) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Insurance Claim Not Reflected on Debtors' Books and Records, (D) Untimely Claims and Untimely Tax Claims, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 12, 2007, Henman filed its response to the Seventeenth Omnibus Claims Objection (Docket No. 8658) (the "Second Response").

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to Claims No. 1714 and No. 1716 and to resolve the Seventeenth Omnibus Claims Objection with respect to Claims No. 1715, DAS LLC and Henman have agreed to enter into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and

agrees that Claim No. 1714 shall be allowed against DAS LLC in the amount of $1,507.00.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim No. 1715 shall be allowed against DAS LLC in the amount of $119,934.43.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that Claim No. 1716 shall be allowed against DAS LLC in the amount of $214,500.00.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Henman stipulate and agree as follows:

1. Claim No. 1714 shall be allowed in the amount of $1,507.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim No. 1715 shall be allowed in the amount of $119,934.43 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim No. 1716 shall be allowed in the amount of $214,500.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4. Without further order of the Court, DAS LLC is authorized to offset or reduce each of Claim No. 1714, Claim No. 1715, and Claim No. 1716 for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or

unexpired lease to which Henman is a party.

       5.       Allowance of each of Claim No. 1714, Claim No. 1715, and Claim No. 1716 is in full satisfaction of each of Claim No. 1714, Claim No. 1715, and Claim No. 1716, respectively, and Henman, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Henman Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claims are anything but prepetition general unsecured non-priority claims against DAS LLC.  The Henman Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the Henman Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

       6.       Henman shall withdraw its First Response to the Thirteenth Omnibus Claims Objection and its Second Response to the Seventeenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this <u>7th</u> day of August, 2008

                                                                               /s/Robert D. Drain                       
                                                                   UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Gregory A. Huffman |
| John Wm. Butler, Jr. | Gregory A. Huffman |
| John K. Lyons | 201 East Jackson Street – Suite 400 |
| Ron E. Meisler | Muncie, Indiana 47305 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | (765) 288-3651 |
| 333 West Wacker Drive, Suite 2100 | Attorney for Henman Engineering & Machine, Inc. |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession