SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | |
| In re : | Chapter 11 |
| : | |
| DELPHI CORPORATION, et al., : | Case No. 05-44481 (RDD) |
| : | |
| : | (Jointly Administered) |
| Debtors. : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R.
BANKR. P. 9018 FOR ORDER AUTHORIZING DEBTORS TO FILE
SCHEDULE TO AMENDMENT TO ARRANGEMENT WITH
GENERAL MOTORS CORPORATION UNDER SEAL

("GM ARRANGEMENT AMENDMENT SCHEDULE
UNDER SEAL APPLICATION")

On August 6, 2008, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion (the "Motion") For Order Authorizing Amendment To Arrangement With General Motors Corporation Approved Pursuant To Second DIP Extension Order (Docket No. 13489), filed at Docket No. 14031.  By this Ex Parte Application Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Schedule To Amendment To Arrangement With General Motors Corporation (the "GM Arrangement Amendment") Under Seal (the "Application"), the Debtors seek authority to file under seal a schedule to an exhibit to the GM Arrangement Amendment identified on Attachment 1 to the proposed order submitted herewith (collectively, the "Schedule"), and respectfully represent as follows:

## Background

A.     The Chapter 11 Filings

1.     On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.     No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

2

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    The GM Arrangement And The GM Arrangement Amendment

5. Pursuant to various orders entered by this Court during these chapter 11 cases, and in anticipation of entering into the GSA and the MRA, the Debtors have expended significant sums that would otherwise have been paid or reimbursed by GM following the effectiveness of the GSA and the MRA. In connection with the Debtors' efforts to secure lender support for amendments to the DIP Facility now reflected in the Second Amended and Restated DIP Credit Agreement, the Debtors entered into an agreement with GM, dated as of May 9, 2008 (the "GM Arrangement") pursuant to which GM agreed to make specified accommodations to enhance the Debtors' liquidity through the second half of 2008.

6. Under the GM Arrangement Amendment, GM has agreed to increase the aggregate principal amount available under the GM Arrangement by a maximum of $300,000,000 to a total aggregate amount of $950,000,000, as necessary for Delphi to maintain a minimum of $300,000,000 in liquidity in Available Funds (as defined in the GM Arrangement Amendment). Under the terms of the GM Arrangement Amendment, interest on advances above the original facility amount of $650,000,000 will be cancelled if a plan of reorganization reasonably satisfactory to GM becomes effective on or prior to the Tranche B Termination Date (as defined in the GM Arrangement Amendment), and upon the satisfaction of certain conditions set forth in the GM Arrangement Amendment.

3

D.  Schedule 1 To Exhibit A To The GM Arrangement Amendment (the "Schedule")

7. As set forth in the GM Arrangement Amendment, certain of the Debtors' repayment obligations thereunder are conditioned on specified agreed cash balance levels. These agreed cash balance levels include amounts that the Debtors expect to repatriate from their foreign affiliates. The Schedule sets forth the estimated amounts that the Debtors expect to repatriate from their foreign affiliates through the end of 2008. It is Schedule 1 that the Debtors seek to file under seal by this Application.

Relief Requested

8. By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Schedule under seal.

Basis For Relief

9. The Schedule contains highly sensitive and confidential business information related to the Debtors' international cash management and the flow of funds among the Debtors and their non-Debtor foreign affiliates. The Debtors believe this information to be highly sensitive and confidential financial information not typically disclosed to the public or made available in the automotive industry, particularly in light of recent matters before this Court relating to the repatriation of funds from Delphi's non-Debtor foreign affiliates. It is, therefore, of the utmost importance to the Debtors and GM that the sensitive terms of the Exhibits be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or GM in the marketplace.

10. Additionally, disclosure of the terms contained in the Schedule is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the GM Arrangement Amendment, including the Schedule,

4

is subject to this Court's approval in any case, and (b) the Debtors are prepared to provide complete copies of the Schedule to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, and (iii) such other parties as may be ordered by this Court or as agreed to in writing by the Debtors and GM.

11.     After evaluating whether they could effectively redact the Schedule, the Debtors and GM concluded that redaction was not appropriate because the amount of redaction required would not permit parties-in-interest to conduct a meaningful review of the Schedule. Accordingly, the Debtors and GM believe that filing redacted versions of the Schedule would not serve the interests of the Debtors' estates or other parties-in-interest.

## Applicable Authority

12.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

14.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures

5

Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id. at 28. The Bankruptcy Court  "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

        15.       Here, there is good cause for the relief requested.  The Schedule contains sensitive commercial and financial information, the disclosure of which would be harmful to the Debtors and GM.  The confidential information qualifies as "[confidential research, development, or] commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Debtors to file the Exhibits with this Court pursuant to General Order M-242 and requiring the United States Bankruptcy Clerk for the Southern District of New York to file the Exhibits under seal.

        16.       No prior application for the relief requested herein has been made to this or any other Court.

### Notice Of Application

        17.       Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the  Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Twelfth Supplemental Order Under 11

6

U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered July 23, 2008 (Docket No. 13965).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Schedule under seal.

      WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Schedule under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
         August 11, 2008

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By: /s/ John Wm. Butler, Jr.
                                             John Wm. Butler, Jr. (JB 4711)
                                             John K. Lyons (JL 4951)
                                             Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                               - and -

                                        By: /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti (KM 9632)
                                             Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession