Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
                                                      :
     In re                                          :        Chapter 11
                                                      :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                                      :
                        Debtors.    :        (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND
ALLOWING PROOFS OF CLAIM NUMBERS 9950, 9951, AND 9953
(CONTRARIAN FUNDS, LLC AND FERRO ELECTRONIC MATERIALS, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Contrarian Funds, LLC ("Contrarian"), and Ferro Electronic Materials, Inc. ("Ferro") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 9950, 9951, And 9953 (Contrarian Funds, LLC And Ferro Electronic Materials) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 19, 2006, Ferro filed proof of claim number 9950 ("Proof of Claim No. 9950") against Delphi, asserting an unsecured non-priority claim in the amount of $131,873.52 ("Claim 9950") arising from the sale of goods.

WHEREAS, on July 19, 2006, Ferro filed proof of claim number 9951 ("Proof of Claim No. 9951") against Delphi, asserting an unsecured non-priority claim in the amount of $79,244.79 ("Claim 9951") arising from the sale of goods.

WHEREAS, on July 19, 2006, Ferro filed proof of claim number 9953 ("Proof of Claim No. 9953," and, together with Proofs of Claim Nos. 9950 and 9951, the "Proofs of Claim") against Delphi, asserting an unsecured non-priority claim in the amount of $24,500.00 ("Claim 9953," and, together with Claims 9950 and 9951, the "Claims") arising from the sale of goods.

WHEREAS, on January 12, 2007, Ferro transferred its interest in the Claims to Contrarian pursuant to a Notice of Transfer (Docket No. 6587).

WHEREAS, on March 16, 2007 the Debtors objected to Proof of Claim No. 9953 pursuant to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection").

WHEREAS, on April 13, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Tenth And Eleventh Omnibus Claims Objection (Docket No.7672) (the "Eleventh Omnibus Response").

WHEREAS, on June 15, 2007 the Debtors objected to Proof of Claim No. 9951 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 10, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Seventeenth Omnibus Claims Objection (Docket No. 8508) (the "Seventeenth Omnibus Response").

WHEREAS, on August 24, 2007 the Debtors objected to Proof of Claim No. 9950 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently

Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 20, 2007, Contrarian filed its Response Of Contrarian Funds, LLC To Debtors' Twentieth Omnibus Claims Objection (Docket No. 9444) (the "Twentieth Omnibus Response," and together with the Eleventh and Seventeenth Omnibus Responses, the "Responses").

WHEREAS, on January 25, 2008, the Delphi Bankruptcy Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (Docket No. 12359) (the "Confirmation Order"), thereby confirming the Plan (as defined in the Confirmation Order).

WHEREAS, on August 15, 2008, to resolve the Eleventh, Seventeenth, and Twentieth Omnibus Claims Objections and the Responses with respect to the Claims, DAS LLC, Contrarian, and Ferro entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9950 shall be allowed against DAS LLC in the amount of $47,252.75.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 9951 shall be allowed against DAS LLC in the amount of $75,460.94.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and

agrees that Claim 9953 shall be allowed against DAS LLC in the amount of $18,830.00.

WHEREAS, the Debtors acknowledge and agree that nothing contained in the Settlement Agreement or in this Joint Stipulation shall be deemed to modify or impair prior allowance of Proof of Claim No. 9952 pursuant to the Joint Stipulation and Agreed Order dated December 12, 2007 (Docket No. 11413) or Proof of Claim No. 9954 pursuant to the Joint Stipulation and Agreed Order dated January 7, 2008 (Docket No. 11752).

WHEREAS, nothing in this Joint Stipulation, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that any transfer of any of the Claims constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Joint Stipulation to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize any transfer of any of the Claims as a sale to Contrarian or to characterize any transfer of any of the Claims as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

WHEREAS, as of the date of this Settlement Agreement, Ferro would be entitled to a cure payment in the amount of $6,906.00 with respect to an executory contract or unexpired lease to which Ferro is a party, underlying Claim 9951, with the Debtors' obligation to make such a cure payment being subject to (i) the assumption of the executory contract or unexpired

5

lease pursuant to section 365 of the Bankruptcy Code and (ii) the terms and conditions of the Plan.

      THEREFORE, the Debtors, Contrarian, and Ferro stipulate and agree as follows:

      1.    Claim 9950 shall be allowed in the amount of $47,252.75 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      2.    Claim 9951 shall be allowed in the amount of $75,460.94 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      3.    Claim 9953 shall be allowed in the amount of $18,830.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      4.    Without further order of the Court, DAS LLC is authorized to offset or reduce Claim 9951 by no more than $6,906.00 for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors, to the extent, and in such amount, of cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Ferro is a party and underlying Claim 9951.

      5.    The Eleventh, Seventeenth, and Twentieth Omnibus Claims Objections and the Responses, with respect to the Claim, are deemed resolved by the terms of the Settlement Agreement.

So Ordered in New York, New York, this ____ day of August, 2008.

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                   /s/ Daniel A. Fliman
John Wm. Butler, Jr.                                David S. Rosner
John K. Lyons                                       Adam L. Shiff
Ron E. Meisler                                      Jeffrey R. Gleit
SKADDEN, ARPS, SLATE, MEAGHER                       Daniel A. Fliman
  & FLOM LLP                                        KASOWITZ, BENSON, TORRES &
333 West Wacker Drive, Suite 2100                   FRIEDMAN LLP
Chicago, Illinois  60606-1285                       1633 Broadway
(312) 407-0700                                      New York, New York 10019
                                                    (212) 506-1700

                                                    Attorneys for Contrarian Funds, LLC

            - and –

   Kayalyn A. Marafioti
   Thomas J. Matz                                   /s/ Kelly S. Burgan
Four Times Square                                   Kelly S. Burgan
New York, New York  10036                           BAKER & HOSTETLER LLP
(212) 735-3000                                      3200 National City Center
                                                    1900 E. 9th Street
Attorneys for Delphi Corporation, et al.,           Cleveland, Ohio 44114
   Debtors and Debtors-in-Possession                (216) 621-0200

                                                    Attorney for Ferro Electronic Materials, Inc.

7