SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
   In re                              :     Chapter 11
                                      :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                      :
                                      :     (Jointly Administered)
                    Debtors.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STIPULATION AND CONSENT ORDER STAYING PROCEEDINGS OF ADVERSARY
COMPLAINTS FILED TO OBTAIN RELIEF PURSUANT TO 11 U.S.C. § 1144

       Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), the

Official Committee of Unsecured Creditors (the "Creditors Committee"), and the Wilmington

Trust Company, as Successor Indenture Trustee ("Wilmington Trust"), hereby agree and state as follows:

WHEREAS on October 8, 2005 and October 14, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS on December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) and the First Amended Disclosure Statement With Respect To First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11388).

WHEREAS on January 25, 2008 the Bankruptcy Court entered its Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, and Debtors-In-Possession, As Modified (Docket No. 12359).

WHEREAS on July 22, 2008 the Creditors Committee filed its Adversary Complaint Pursuant To 11 U.S.C. § 1144 To Revoke Order Confirming Chapter 11 Plan Based Upon Promissory Fraud Of Appaloosa Management, L.P., David A. Tepper, And A-D Acquisition Holdings, LLC (the "Creditors Committee's § 1144 Complaint") (Docket No. 13959).  Furthermore, on July 22, 2008 Wilmington Trust filed its Complaint for revocation (the "Wilmington Trust § 1144 Complaint") (Docket No. 13957) (collectively, the "Revocation Complaints").

WHEREAS each of the Creditors Committee and Wilmington Trust served a summons and complaint upon counsel for the Debtors, who accepted service of the summons and complaint as to all Debtor entities.

WHEREAS in light of current events and ongoing negotiations surrounding these Chapter 11 cases, the Debtors, the Creditors Committee, and Wilmington Trust seek to stay all further proceedings with respect to the Revocation Complaints, subject to the terms set forth herein.

THEREFORE, the Debtors, the Creditors Committee, and Wilmington Trust (the "Parties") stipulate and agree as follows:

1. All activity in respect of the Creditors Committee's § 1144 Complaint shall be stayed until the earlier of (i) the service by the Creditors Committee upon the Debtors of a written notice terminating the stay with respect to the Creditors Committee's § 1144 Complaint or (ii) further Order of the Bankruptcy Court.

2. All activity in respect of the Wilmington Trust § 1144 Complaint shall be stayed until the earlier of (i) the service by Wilmington Trust upon the Debtors of a written notice terminating the stay with respect to the Wilmington Trust § 1144 Complaint or (ii) further Order of the Bankruptcy Court.

3. Upon receipt of a notice of termination of stay as set forth in paragraphs 1 or 2 above, the Debtors shall have thirty days, or such other period of time as the parties may agree or may be ordered by the Bankruptcy Court, to answer or otherwise file a responsive pleading as to each particular Revocation Complaint.

4. For purposes of this stipulation, any notice to the Debtors shall be deemed to have been received and shall be effective on the day on which delivered if (a) personally

3

delivered; (b) sent by email; (c) sent by facsimile transmission; (d) sent by national overnight delivery service (in which case notice shall be deemed to be delivered on the next business day); or (e) mailed return receipt requested (in which case such notice shall be deemed to be delivered on the date shown on such receipt for delivery or refusal), and shall be addressed to:

> John Wm. Butler, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> 333 West Wacker Drive, Suite 2100
> Chicago, IL 60606
> Jack.Butler@skadden.com
> Telephone: (312) 407-0700
> Facsimile: (312) 407-8501

5. In the event that the stay is terminated with respect to both Revocation Complaints, the Parties agree that the Revocation Complaints shall be coordinated for the purposes of pre-trial conferences, scheduling and management, and subsequent discovery under the applicable Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

6. This stipulation may be executed in counterparts and by facsimile signature, and all executed counterparts and facsimile signatures taken together constitute one document.

SO ORDERED:

Dated: New York, New York
August 22, 2008

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

DATED: New York, New York

_____, 2008

| | |
|---|---|
| John Wm Butler, Jr. (JB 4711)<br>Albert L. Hogan, III (AH 8807)<br>Ron E. Meisler (RM 3026)<br>333 West Wacker Dr., Suite 2100<br>Chicago, IL 60606<br>Telephone: (312) 407-0700<br><br>By: \_/s/_____<br><br>　　-and-<br><br>Kayalyn A. Marafioti (KM 9632)<br>Thomas J. Matz (TM 5986)<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036<br>Telephone: (212) 735-3000<br>Attorneys for the Debtors<br><br>By: \_\_\_/s/_____ | Robert J. Rosenberg (RR-9585)<br>Mitchell A. Sieder (MS 4321)<br>Mark A. Broude (MB 1902)<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022<br>Telephone: (212) 906-1200<br>Attorneys for the Official Committee<br>of Unsecured Creditors<br><br>By: \_\_/s/_____<br><br><br>Eric Moser (EM5637)<br>K&L Gates LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 536-3900<br>Attorney for Wilmington Trust Company, as<br>Indenture Trustee<br><br>By: \_\_\_/s/_____ |