# Exhibit A

Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 15140
(GMD INDUSTRIES LLC d/b/a PRODUCTION SCREW MACHINE CO.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and GMD Industries, LLC d/b/a Production Screw Machine Co. ("GMD Industries") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 15140 (GMD Industries, LLC d/b/a Production Screw Machine Co.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 10, 2005, GMD Industries submitted a demand to the Debtors asserting a reclamation claim in the amount of $162,310.55 (the "Reclamation Demand").

WHEREAS, on July 31, 2006, GMD Industries filed proof of claim number 15140 against DAS LLC, which asserts (i) an unsecured non-priority claim in the amount of $93,708.73 stemming from the sale of goods and (ii) an unsecured priority claim in the amount of $136,420.72 stemming from its Reclamation Demand, for a total claim of $230,129.45 (the "Claim").

WHEREAS on May 11, 2007, the Debtors and GMD Industries entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and GMD Industries acknowledge and agree that the valid amount of the Reclamation Demand is $78,986.42 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding GMD Industries' agreement to the amount set forth in the

2

Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on November 19, 2007, the Debtors objected to the Claim pursuant to the Debtors' (i) Debtors' Twenty-Third Omnibus Objection Pursuant to 11 U.S.C. §502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10708) (the "Twenty-Third Omnibus Claims Objection").

WHEREAS, on December 11, 2007, GMD Industries filed its Response Of GMD Industries LLC dba Production Screw Machine Co. To Debtors' Twenty-Third Omnibus Objection (Docket No. 11392) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on GMD Industries with respect to the Reclamation Claim, whereby the Debtors presented the GMD Industries with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the

3

Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which the GMD Industries is seeking a Reclamation Claim are or were subject to a valid security interest.

WHEREAS, GMD Industries returned the Reclamation Election Notice and chose to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed.

WHEREAS, to resolve the Twenty-Third Omnibus Claims Objection with respect to the Claim, DAS LLC and GMD Industries enter into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $131,580.75 as a general unsecured non-priority claim.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and GMD Industries stipulate and agree as follows:

1.   The Claim shall be allowed in the amount of $131,580.75 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.   Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive

distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which GMD Industries is a party.

       3.       Allowance of the Claim is in full satisfaction of the Claim and GMD Industries, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "GMD Industries Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The GMD Industries Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the GMD Industries Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

       4.       GMD Industries shall withdraw its Response to the Twenty-Third Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of September, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Ronald S. Pretekin |
|---|---|
| John Wm. Butler, Jr. | Ronald S. Pretekin |
| John K. Lyons | COOLIDGE WALL CO., L.P.A. |
| Ron E. Meisler | 33 West First Street, Suite 600 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Dayton, OH 45402 |
| | (937) 223-8177 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | Attorneys for GMD Industries, LLC d/b/a |
| (312) 407-0700 | Production Screw Machine Co. |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession