SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :
                          :
    In re                  :        Chapter 11
                          :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
                          :
                Debtors.   :        (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 12162
<u>(MARQUARDT SWITCHES, INC.)</u>

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Marquardt Switches, Inc. ("Marquardt") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12162 (Marquardt Switches, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, Marquardt filed proof of claim number 12162 (the "Claim") against DAS LLC, asserting an unsecured non-priority claim in the amount of $89,372.32, stemming from goods sold or services provided.

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 9, 2007, Marquardt filed Marquardt Switches, Inc.'s Response To Debtors' Nineteenth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (Docket No. 8965) (the "Response").

WHEREAS, on August 5, 2008, to resolve the Nineteenth Omnibus Claims Objection with respect to the Claim, DAS LLC and Marquardt entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $78,154.17.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Marquardt stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $78,154.17 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Allowance of the Claim is in full satisfaction of the Claim and Marquardt, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Marquardt Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The Marquardt Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Marquardt Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

      3.    Marquardt shall withdraw its Response to the Nineteenth Omnibus Claims Objection and the Response with prejudice.

So Ordered in New York, New York, this 27th day of August, 2008

          /s/Robert D. Drain
          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Karen Veronica DeFio |
|---|---|
| John Wm. Butler, Jr. | Karen Veronica DeFio |
| John K. Lyons | BOND, SCHOENECK & KING, PLLC |
| Ron E. Meisler | One Lincoln Center |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Syracuse, New York 13202 |
| 333 West Wacker Drive, Suite 2100 | (315) 218-8200 |
| Chicago, Illinois 60606-1285 | Attorney for Marquardt Switches, Inc. |
| (312) 407-0700 | |

      - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession