SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                           :        Chapter 11
                                      :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                      :
                    Debtors.      :        (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOFS
OF CLAIM NUMBERS 808, 1544, 1546, 2364, 5102, 7235, 7367, 7369, 7459, 8024, 8029, 8030,
8718, 8791, 9789, 9795, 10184, 10385, 11447, 15447, 16377, 16446, 16542, AND 16544
<u>ASSERTED BY CONTRARIAN FUNDS, LLC</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Technologies, Inc. ("DTI"), and ASEC Manufacturing General Partnership ("ASEC," together with Delphi, DAS LLC, and DTI, the "Settling Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Contrarian Funds, LLC ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 808, 1544, 1546, 2364, 5102, 7235, 7367, 7369, 7459, 8024, 8029, 8030, 8718, 8791, 9789, 9795, 10184, 10385, 11447, 15447, 16377, 16446, 16542, And 16544 Asserted By Contrarian Funds, LLC (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on the dates listed in column B on Exhibit A (titled "Date Filed"), attached hereto, the proofs of claim (the "Proofs of Claim") listed in column A on Exhibit A (titled "Proof of Claim Number") were filed by the parties (collectively, the "Claimants") listed in column C on Exhibit A (titled "Party Filing Proof of Claim") against the Debtor entities listed in column G on Exhibit A (titled "Debtor Named on Proof of Claim") asserting claims (collectively, the "Claims") in the amounts and classifications listed in columns E and H, respectively, on Exhibit A (titled "Asserted Amount" and "Asserted Class," respectively).

WHEREAS, each of the Claimants, other than Contrarian (collectively, the "Assignors"), assigned their interests in the Claims to Contrarian pursuant to a Notice of Transfer.

WHEREAS, as listed on Exhibit A, the Debtors objected to the Proofs of Claim

2

pursuant to the Debtors' omnibus claims objections (collectively, the "Omnibus Claims Objections") identified in column F on <u>Exhibit A</u> (titled "Omnibus Claims Objection").

WHEREAS, with respect to each such Omnibus Claims Objection to a Claim, Contrarian filed a response (collectively, the "Responses") to the Omnibus Claims Objection.

WHEREAS, on July 30, 2008, to resolve the relevant Omnibus Claims Objections with respect to the Claims, Delphi, DAS LLC, DTI, ASEC, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, the Settling Debtors acknowledge and agree that each Claim shall be allowed as a general unsecured claim against the corresponding Debtor entity and in the corresponding amount set forth in columns I and K, respectively, on <u>Exhibit A</u> (titled "Debtor" and "Allowed Amount," respectively).

WHEREAS, nothing in this Joint Stipulation, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that any transfer of any of the Claims constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Joint Stipulation to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize any transfer of any of the Claims as a sale to Contrarian or to characterize any transfer of any of the Claims as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, the Debtors are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June

26, 2007.

        THEREFORE, the Debtors and Contrarian stipulate and agree as follows:

        1.        Each Claim is hereby allowed as a general unsecured claim in the corresponding amount set forth in column K on <u>Exhibit A</u> (titled "Allowed Amount") against the estate of the Debtor entity identified in column I on <u>Exhibit A</u> (titled "Debtor").

        2.        The Omnibus Claims Objections and the Responses filed by Contrarian with respect to the Claims are deemed resolved by the terms of the Settlement Agreement.

So Ordered in New York, New York, this <u>27th</u> day of August, 2008

                                                  /s/Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| AGREED TO AND<br>APPROVED FOR ENTRY: | |
| /s/ John K. Lyons | /s/ Daniel A. Fliman |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | David S. Rosner<br>Adam L. Shiff<br>Jeffrey R. Gleit<br>Daniel A. Fliman<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700<br><br>Attorneys for Contrarian Funds, LLC |
| - and – | |
| Kayalyn A. Marafioti<br>Thomas J. Matz<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>   Debtors and Debtors-in-Possession | |