**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103
AUTHORIZING EMPLOYMENT AND RETENTION OF
MOELIS & COMPANY LLC AS CO-INVESTMENT BANKER TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JULY 1, 2008**

Upon the application, dated September 3, 2008 (the "Application"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the employment and retention of Moelis & Company LLC ("Moelis") as co-investment banker to the Committee *nunc pro tunc* to July 1, 2008; and upon the Declaration of William Q. Derrough, a Managing Director of Moelis (the "Derrough Declaration"); and upon the proceedings held before this Court; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that Moelis does not represent any entity having an adverse interest in connection with these cases; and the Court being satisfied that the terms of compensation being sought by Moelis as set forth in the Engagement Letter attached to the Derrough Declaration as Annex 1 (the "Engagement Letter") are reasonable; and it appearing that proper and adequate notice of the Application and the terms of the Engagement Letter has been given and that no further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

NY\1429242.3

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is GRANTED on an interim basis.

2. The Committee is authorized to employ and retain Moelis, *nunc pro tunc* to July 1, 2008, as its co-investment banker, on an interim basis (pending a final hearing upon adequate notice) pursuant to the terms set forth in the Engagement Letter.

3. During the time in which this Interim Order is in effect, Moelis is entitled to receive from the Debtors' estates, as compensation for its services in these cases: (a) a monthly fee of $131,250 per month and (b) a transaction fee in an amount equal to one third of (i) 0.50% of Total Consideration (as defined in the Engagement Letter) greater than $0.50 and up to including $0.75 per $1.00 of allowed unsecured claim and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim.  The Transaction Fee payable to Moelis shall not be less than $0.67 million or greater than $3.33 million (the "Cap").  Moelis reserves the right to request modification of the Cap.  Any request by Moelis or Jefferies & Company, Inc. to modify or waive the Cap, as defined in (a) the Engagement Letter and (b) the engagement letter between Jefferies & Company, Inc. and the Committee, shall be analyzed by this Court under the standards applicable to professional fee enhancement requests.  To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash.  To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

4. All of Moelis' fees and expenses in these chapter 11 cases, including without limitation the monthly fees and the transaction fees, are approved pursuant to section 328(a) of the Bankruptcy Code.  Except as set forth in the next decretal paragraph, compensation and

expense reimbursements sought by Moelis shall not hereafter be subject to challenge or review except under the standards of review under 11 U.S.C. § 328(a).

5.  Any and all fees will be paid to Moelis upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by this Court in these cases provided, however, that Moelis' restructuring professionals shall keep time records in one-hour increments and Moelis' non-restructuring professionals shall not be required to keep time records. Any fees or expenses paid to Moelis but disapproved by this Court will be promptly returned by Moelis to the Debtors' estates. Only the United States Trustee shall retain the right to object to Moelis' fee applications (including expense reimbursements) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

6.  All requests of Indemnified Persons (as defined in the Engagement Letter) for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to review by this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, subject to the condition that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

7.  In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors,

their estates or the Committee asserts a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

8.  In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Moelis' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code.

9.  To the extent that any express term of this Interim Order is inconsistent with the Engagement Letter, such term of this Interim Order shall govern.

10. The Interim Order shall remain in full force and effect until the time the Court enters a final order approving Moelis' retention.

11. The Committee shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 1, on all known creditors in these chapter 11 cases, at least 45 days before such final hearing. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application is necessary.

12. Objections, if any, to the approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. The hearing to determine whether to approve the Application on a final basis shall be held on _____ 2008.

NY\1429242.3

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

14. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Date:  New York, New York
       _____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

## **NOTICE**

NY\1429242.3

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Michael J. Riela (MR-7829)
Email: robert.rosenberg@lw.com
 mitchell.seider@lw.com
 mark.broude@lw.com
 michael.riela@lw.com

Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**NOTICE OF APPLICATION AND ENTRY OF INTERIM ORDER UNDER
11 U.S.C. §§ 328 AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF
MOELIS & COMPANY LLC AS CO-INVESTMENT BANKER TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JULY 1, 2008**

TO:   ALL KNOWN CREDITORS OF THE DEBTORS AND UNITED
          STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that on September 3, 2008, the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") filed its application, of for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure authorizing the employment and retention *nunc pro tunc* to July 1, 2008, of Moelis & Company LLC ("Moelis") as its co-investment banker (the "Application").

NY\1429242.3

PLEASE TAKE FURTHER NOTICE that, on September 23, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Interim Order") authorizing the employment and of Moelis on an interim basis pending a final hearing on the Application.

PLEASE TAKE FURTHER NOTICE that pursuant to the Application, the Committee is seeking to retain Moelis, pursuant to that certain Engagement Letter, dated as of July 1, 2008, between the Committee and Moelis (the "Engagement Letter"), to perform, among others, the following services:[1]

- a. become familiar, to the extent Moelis deems appropriate, with and analyze the business, operations, assets, financial condition and prospects of the Debtors;
- b. advise the Committee on the current state of the "restructuring market";
- c. assist and advise the Committee in examining and analyzing any potential or proposed strategy for restructuring or adjusting the Debtors' outstanding indebtedness, labor costs or capital structure, whether pursuant to a plan of reorganization, a sale of assets or equity under Section 363 of the Bankruptcy Code, a liquidation, or otherwise (the "Restructuring"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Restructuring;
- d. assist and advise the Committee in evaluating and analyzing the proposed implementation of any Restructuring, including the value of the securities, if any, that may be issued under any plan of reorganization; and
- e. render such other financial advisory services as may from time to time be agreed upon by the Committee and Moelis, including but not limited to providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation.

PLEASE TAKE FURTHER NOTICE that, if the Application is approved, Moelis will, unless such terms prove to be improvident in light of developments not capable of being

---

[1] This summary is qualified in its entirety by reference to the provisions of the Engagement Letter annexed as Annex 1 to the Declaration of William Q. Derrough, which was attached to the Application. To the extent there is any discrepancy between the terms contained herein and those set forth in the Engagement Letter, the terms of the Engagement Letter shall control. Unless otherwise defined, capitalized terms used in this summary shall have the meanings ascribed to them in the Engagement Letter.

2

NY\1429242.3

anticipated at the time of the Hearing (as defined below), be entitled to receive compensation as set forth in the Engagement Letter upon approval of its fees and expenses by the Court. In summary, Moelis will be entitled to receive the following:[2]

a.   a monthly fee of $131,250 per month beginning on July 1, 2008, and

b.   a transaction fee in an amount equal to one third of (i) 0.50% of Total Consideration[3] greater than $0.50 and up to including $0.75 per $1.00 of allowed unsecured claim and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim. The Transaction Fee for Moelis shall not be less than $0.67 million or greater than $3.33 million (the "Cap"); however Moelis has reserved the right to request modification of the Cap. Any request by Moelis or Jefferies & Company, Inc. to modify or waive the Cap, as defined in (a) the Engagement Letter and (b) the engagement letter between Jefferies & Company, Inc. and the Committee, would be analyzed by the Bankruptcy Court under the standards applicable to professional fee enhancement requests. To the extent that the Total Consideration to unsecured creditors consists of cash consideration, then the Transaction Fee shall be payable in cash. To the extent that the Total Consideration consists of non-cash consideration, then the Transaction Fee described herein may be paid in like consideration, at the Committee's sole discretion.

---

[2]   This summary is qualified in its entirety by reference to the provisions of the Engagement Letter annexed as Annex 1 to the Declaration of William Q. Derrough, which was attached to the Application. To the extent there is any discrepancy between the terms contained herein and those set forth in the Engagement Letter, the terms of the Engagement Letter shall control. Unless otherwise defined, capitalized terms used in this summary shall have the meanings ascribed to them in the Engagement Letter.

[3]   The Engagement Letter defines "Total Consideration" as:

"[T[he total aggregate consideration paid by the Debtors on account of allowed unsecured claims against the Debtors pursuant to a plan or plans of reorganization in the Cases (including any amounts in escrow), but excluding any unsecured claims of, and consideration paid by the Debtors on account of claims of, the Pension Benefit Guaranty Corporation (the "PBGC") or any assignee of the PBGC. Total Consideration shall include, without limitation: (i) cash; (ii) notes, securities and other property; (iii) payments made in installments; and (iv) contingent payments (whether or not related to future earnings or operations). For purposes of computing any fees payable to Moelis hereunder, non-cash consideration shall be valued as follows: (x) publicly traded securities shall be valued at the ten day volume weighted average price (as reported in The Wall Street Journal) commencing on the sixty-first trading day after the closing of the transaction and (y) any other non-cash consideration shall be valued at the fair market value thereof on the day prior to closing as determined in good faith by the Committee and Moelis. If the parties are unable to agree on the value of any other property, its value will be determined by arbitration in a manner consistent with any order entered by the Bankruptcy Court and in accordance with the rules of the American Arbitration Association and judgment upon the award entered by the arbitrators may be entered in any court having jurisdiction. Each party will pay its own costs in connection with the arbitration, and the cost of the arbitration itself will be borne equally by the parties."

3

      c.      reimbursement of all reasonable out-of-pocket expenses, including, without limitation, all reasonable travel expenses, duplicating charges, messenger services, long distance telephone calls and other customary expenditures incurred by Moelis in performing its investment banking services.

PLEASE TAKE FURTHER NOTICE that if the Application is granted, the Debtors and their estates will indemnify and hold harmless Moelis, its divisions or affiliates, the respective directors, officers, partners, agents or employees of any of its affiliates, or any other person controlling Moelis or any of its affiliates for all claims, damages, liabilities and expenses to which such parties may have been subject to as a result of their involvement with providing investment banking services, subject to the condition that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person (as defined in the Engagement Letter).

PLEASE TAKE FURTHER NOTICE that the foregoing summary of certain elements of Moelis' retention is not complete and that the full terms of the retention are contained in the Application and the Engagement Letter, which are available for inspection at the office of the clerk of the Bankruptcy Court, on the Bankruptcy Court's internet site at www.nysb.uscourts.gov, through an account obtained from Pacer Services Center at 800-676-6856, and on www.delphidocket.com.  To the extent that the summary of the retention terms set forth in this notice conflict with the terms of the Application and the Engagement Letter, the terms of the Application and the Engagement Letter shall control.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the approval of the Application on a final basis must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242, as amended

4

NY\1429242.3

(registered users of the Bankruptcy Court's case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert Drain, United States Bankruptcy Judge, and (e) served upon (i) Moelis at 245 Park Avenue, 32nd Floor, New York, New York 10167 (Att'n: William Q. Derrough), (ii) counsel to the Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, NY 10022 (Att'n Robert J. Rosenberg and Mark A. Broude), (iii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (iv) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (v) counsel to the agent under the Debtors' post-petition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York (Att'n Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York 10044 (Att'n: Alicia M. Leonhard and Brian S. Masumoto), in each case so as to be **received** no later than **4:00 p.m. Eastern Time on [_____]**, **2008.**

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") to consider approval of the Application on a final basis will be held on [_____], 2008 at 10:00 a.m. before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 100004-1408.

| | |
|---|---|
| Date:  New York, New York<br>          [_____], 2008 | **LATHAM & WATKINS LLP**<br><br>By: _____<br>Robert J. Rosenberg (RR-9585)<br>Mitchell A. Seider (MS-4321)<br>Mark A. Broude (MB-1902)<br>Michael J. Riela (MR-7829)<br>885 Third Avenue, Suite 1000<br>New York, New York 10022<br>Telephone:  (212) 906-1200<br><br>Attorneys for the Official Committee of Unsecured Creditors |