**Presentment Date and Time: September 15, 2008 at 4:00 p.m.**
**Objection Deadline: September 15, 2008 at 2:00 p.m.**

Bonnie Steingart (BS-8004)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

Counsel for the Official Committee of Equity Security Holders

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
In re:                                            :   Chapter 11
                                                  :
  Delphi Corporation, et al.,                     :   Case No. 05-44481 (RDD)
                                                  :   (Jointly Administered)
                        Debtors.                  :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION NUNC PRO TUNC TO AUGUST 5, 2008 OF FARRELL FRITZ, P.C. AS CONFLICTS COUNSEL TO THE OFFICIAL <u>COMMITTEE OF EQUITY SECURITY HOLDERS</u>**

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi" and collectively with the other above-captioned debtors, the "Debtors") hereby submits this application (the "Application") for entry of an order pursuant to §§ 328 and 1103 of title 11, United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Farrell Fritz, P.C. ("Farrell Fritz"), as conflicts counsel to the Equity Committee *nunc pro tunc* to August 5, 2008 in connection with the above captioned chapter 11 cases (the "Chapter 11 Cases").  In support of this Application, the Equity Committee relies on the

Declaration of Louis A. Scarcella, sworn to on September 3, 2008 (the "Scarcella Declaration"), attached hereto as Exhibit A.  In further support of this Application, the Equity Committee respectfully represents as follows:

### Background to Chapter 11 Cases

1.     On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.     On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "UCC").  On April 28, 2006, the U.S. Trustee appointed the Equity Committee.  On May 8, 2006, the Equity Committee engaged Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as counsel, with such retention approved by this Court on June 19, 2006.

### Background for Retention of Farrell Fritz as Conflict Counsel

3.     On November 9, 2007, counsel to A-D Acquisition Holdings, LLC, an affiliate of Appaloosa Management L.P. ("Appaloosa"), one of the Plan Investors under the Court approved Equity Purchase and Commitment Agreement ("EPCA"), raised for the first time the issue of whether Fried Frank was conflicted from further representation of the Equity Committee in matters in which the Equity Committee was potentially adverse to the Plan Investors due to its representation of Appaloosa on matters unrelated to these Chapter 11 Cases.

4.     Fried Frank believed then and continues to believe that allegations of a potential conflict between its representation of Appaloosa and its representation of the Equity Committee

2

are unfounded and tactical. However, Fried Frank and the Equity Committee believed then, and continue to believe now, that the most efficient course of action for the Equity Committee was to retain conflicts counsel.

5. As a result, and without objection from the U.S. Trustee, the Debtors or the UCC, on November 13, 2007, the Equity Committee filed its Emergency Application for an Order Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 (I) Authorizing the Employment and Retention Nunc Pro Tunc from November 9, 2007 of Gregory P. Joseph Law Offices LLC as Conflicts Counsel to the Official Committee of Equity Security Holders and (II) Scheduling a Final Hearing Thereon (the "Joseph Application") (Docket No. 10906). The Court approved the Interim Order Authorizing the Employment and Retention Nunc Pro Tunc From November 9, 2007 of the Gregory P. Joseph Law Offices LLC as Conflicts Counsel to the Official Committee of Equity Holders and Scheduling Final Hearing Thereon on November 16, 2007 (Docket. No. 10959) and entered the Final Order Authorizing the Employment and Retention Nunc Pro Tunc From November 9, 2007 of the Gregory P. Joseph Law Offices LLC as Conflicts Counsel to the Official Committee of Equity Holders on December 4, 2007 (Docket No. 11233).

6. As this Court is aware, on May 16, 2008, the Debtors filed an adversary proceeding against the Plan Investors arising out of, among other things, the Plan Investors' breach of the EPCA and certain other matters involving the Plan Investors. The adversary proceeding process continues to move forward on an expedited schedule. Up to this point, the Gregory P. Joseph Law Offices LLC (the "Joseph Firm") has represented the Equity Committee in the adversary proceeding and has been actively involved in the adversary proceeding on the Equity Committee's behalf.

3

7. For reasons outlined in the Motion to Withdraw (as defined below), Gregory P. Joseph notified the Equity Committee of his firm's desire to withdraw as conflicts counsel to the Equity Committee. After discussing the terms and conditions of such a withdrawal, the Equity Committee consented to the Joseph Firm's withdrawal provided that the Equity Committee was able to obtain this Court's authorization to retain substitute conflicts counsel and that the Joseph Firm would cover the costs associated with the transition to substitute conflicts counsel. With respect to costs, the Joseph Firm and Farrell Fritz have agreed that Farrell Fritz will bill the Joseph Firm for the reasonable time spent by Farrell Fritz attorneys, at their customary billing rates, to become familiar with the Adversary Proceedings case file and to develop the requisite background knowledge to proceed with the representation, and that the Joseph Firm will pay such billed amounts directly to Farrell Fritz and not seek reimbursement of any such amounts from the Debtors. Therefore, on September 3, 2008, the Joseph Firm filed the Motion of Gregory P. Joseph Law Offices LLC to Withdraw as Counsel (the "Motion to Withdraw") on behalf of the Joseph Firm simultaneous to and in connection with the filing of this Application.

8. To ensure that the Equity Committee continues to have conflicts counsel to represent them in the mediation and litigation with the Plan Investors, the Equity Committee is submitting this Application to retain Farrell Fritz to replace the Joseph Firm as conflicts counsel. The Equity Committee has previewed this Application with the United States Trustee, the Debtors and the UCC. The United States Trustee and the Debtors have indicated that they have no objection to the retention.[1] The Equity Committee believes that it is in the best interests of the Equity Committee, the Debtors and their estates to engage Farrell Fritz as conflicts counsel.

---

[1] The UCC has not indicated an intention to object to this Application. If the UCC has any issues with the requested relief, the Equity Committee will work with the UCC to resolve such issues on a consensual basis.

4

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are §§ 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014, 2016 and 5002.

## RELIEF REQUESTED

10.  This Application is made by the Equity Committee for an order, pursuant to §§ 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing it to retain and employ Farrell Fritz as its conflicts counsel, effective as of August 5, 2008.

## SERVICES TO BE RENDERED

11.  Farrell Fritz is expected to render legal services in matters that may not be handled by Fried Frank due to conflicts of interest.  As conflicts counsel to the Equity Committee, subject to the Court's approval, Farrell Fritz's responsibilities will include representing the Equity Committee in matters where Fried Frank has a conflict of interest or is otherwise unable to represent the Equity Committee.  Those matters will include any legal services in connection with the pending litigation against the Plan Investors.  In addition, it is expected that Farrell Fritz's services may include assisting, advising and representing the Equity Committee with respect to certain other matters.

12.  The Equity Committee seeks to retain Farrell Fritz as its conflicts counsel because Farrell Fritz has extensive experience in the fields of business and financial litigation, bankruptcy and creditors' rights.  Furthermore, Farrell Fritz's practice, which also includes banking and finance, corporate, securities and mergers and acquisitions, will permit it to fully represent the

5

interest of the Equity Committee in an efficient and effective manner. The Equity Committee believes that Farrell Fritz is well-qualified and uniquely able to represent the Equity Committee effectively in these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

13. Farrell Fritz has stated its willingness to serve as conflicts counsel to the Equity Committee in these cases and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Equity Committee in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. Farrell Fritz's billing practices and rates are summarized below and are consistent with those generally governing Farrell Fritz's representation of its other clients.

14. The principal attorneys expected to represent the Equity Committee in this matter and their current hourly rates are: Louis A. Scarcella ($575) and Ted A. Berkowitz ($575). In addition, other attorneys and para-professionals may, from time to time, provide services to the Equity Committee in connection with these Chapter 11 Cases. The Equity Committee has been informed that the hourly rates for attorneys and paralegals of Farrell Fritz are as follows:

    a.    Law Clerks/Paralegals:    $75 - $225 per hour
    b.    Associates:    $250 - $360 per hour
    c.    Partners:    $425 - $595 per hour
    d.    Counsel:    $335 - $650 per hour

15. Farrell Fritz's hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such changes will be noticed. Farrell Fritz has not received a retainer.

16. The hourly rates set forth above are Farrell Fritz's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Farrell Fritz for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

17. Farrell Fritz's hourly billing rates for professionals are not intended to cover out of pocket expenses that are typically billed separately. Accordingly, Farrell Fritz regularly charges its clients for the expenses and disbursements incurred in connection with the client's case. The expenses charged to clients include, among other things, long distance telephone and fax charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, and transportation costs. With regard to all expenses for which reimbursement will be sought, Farrell Fritz will comply with all rules and orders applicable to these Chapter 11 Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

18. The Equity Committee believes that Farrell Fritz does not hold or represent any interest that is adverse to the Equity Committee or the Debtors' estates, and has no connection to the Equity Committee, the Debtors, their creditors or any party in interest, except as set forth in the Scarcella Declaration. Therefore, to the best of the Equity Committee's knowledge, Farrell Fritz is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

19. Based upon all of the foregoing, the Equity Committee believes that the employment of Farrell Fritz as conflicts counsel to the Equity Committee is appropriate and in the best interests of the Equity Committee and the Debtors' estates.

## NO PRIOR REQUEST

20.     No prior request for the relief sought in this Application has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

21.     Pursuant to Local Rule 9013-1(b), the Equity Committee respectfully submits that no separate memorandum of law in support of Application is necessary, as all authorities relied on for the Application are set forth herein.

## NOTICE

22.     Notice of this Application has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures entered by this Court on March 17, 2006 (Docket No. 2883).  In light of the nature of the relief requested, the Equity Committee submits that no other or further notice is necessary. The United States Trustee and the Debtors have informed the Equity Committee that they do not object to the relief sought herein.

WHEREFORE, subject to the entry of an order authorizing the withdrawal of the Joseph Firm as conflicts counsel, the Equity Committee requests entry of an order (a) authorizing the Equity Committee to employ and retain Farrell Fritz as conflicts counsel on the terms set forth herein, and (b) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 3, 2008

> FRIED, FRANK, HARRIS, SHRIVER
>   & JACOBSON LLP
>
> By: /s/ Bonnie Steingart
>     Bonnie Steingart (BS-8004)
> One New York Plaza
> New York, New York 10004
> Telephone:  212.859.8000
> Facsimile:  212.859.4000
>
> *Counsel for the Official Committee of Equity Security Holders*