**Presentment Date and Time: September 15, 2008 at 4:00 p.m.**
**Objection Deadline: September 15, 2008 at 2:00 p.m.**

Gregory P. Joseph (GJ-1210)
Peter R. Jerdee (PJ-1240)
GREGORY P. JOSEPH LAW OFFICES LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: 212.407.1200
Facsimile: 212.407.1299

*Attorneys for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Delphi Corporation, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MOTION OF GREGORY P. JOSEPH LAW OFFICES LLC
## TO WITHDRAW AS COUNSEL

TO THE HONORABLE ROBERT D. DRAIN

UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Local Bankruptcy Rule 2090-1(e) for the Southern District of New York, Gregory P. Joseph Law Offices LLC (the "Joseph Firm") hereby moves the Court for an order permitting it to withdraw as conflict counsel for The Official Committee of Equity Security Holders (the "Committee") in the above-captioned jointly administered bankruptcy cases, including the adversary proceedings therein captioned *Delphi Corporation v. Appaloosa Management L.P., et al.*, Case No. 08-01232-rdd, and *Delphi Corporation v. UBS Securities LLC*, Case No. 08-01233-rdd (the "Adversary

Proceedings"). This motion is made with the consent of the Committee, which has agreed to the Joseph Firm's withdrawal and is in the process of seeking Bankruptcy Court authorization to retain new conflict counsel to represent it in the Adversary Proceedings, subject to the approval of the Joseph Firm's withdrawal.

In support of this motion (the "Motion"), the Joseph Firm respectfully represents as follows:

1.   In early November 2007, Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel for the Committee, approached the Joseph Firm about serving as conflict counsel for the Committee in connection with the Debtors' motion to amend the Equity Purchase and Commitment Agreement of August 3, 2007 (the "EPCA Motion"), which motion was then set for an evidentiary hearing on November 29, 2007. The Joseph Firm agreed to that short-term engagement, and by order entered December 4, 2007, the Court approved the Joseph Firm's retention as conflict counsel to the Committee *nunc pro tunc* to November 9, 2007.

2.   In the ensuing weeks, the Joseph Firm proceeded to represent the Committee in discovery and pre-hearing proceedings with respect to the EPCA Motion and prepared to conduct the evidentiary hearing on the EPCA Motion on the Committee's behalf.

3.   Ultimately, the evidentiary hearing did not occur. Debtors, with the consent of the Committee and other stakeholders, entered into an agreement with the Plan Investors to amend the EPCA as of December 10, 2007, and the Court approved the EPCA amendments. The December 10, 2007 EPCA amendments effectively mooted the purpose of the Joseph Firm's retention as conflict counsel.

4. Subsequently, following the Plan Investors' purported termination of the EPCA on April 4, 2008, the Debtors commenced the Adversary Proceedings against the Plan Investors. As a continuation of its prior engagement, the Joseph Firm has monitored the proceeding and, on June 13, 2008, the Joseph Firm filed a Motion for an Order authorizing the Committee's intervention in the Adversary Proceedings. Subsequently, the parties negotiated and executed a Stipulation and Order authorizing the Committee's intervention in the Adversary Proceedings, which was so ordered by the Court as of June 24, 2008.

6. Subsequently, the Joseph Firm made a request to the Committee to end the Joseph Firm's representation of the Committee as conflict counsel in the above-captioned bankruptcy cases and in the Adversary Proceedings. The Joseph Firm has requested to end its representation for reasons unrelated to any substantive aspects of its representation of the Committee, and no current conflicts have arisen in connection with the Joseph Firm's representation. After due consideration, the Committee acquiesced to the Joseph Firm's request, provided that the Committee first obtain and put in place replacement counsel and that the Joseph Firm cover the costs associated with the transition to replacement counsel. The Joseph Firm has agreed to these terms for withdrawal, and the Committee is now seeking Bankruptcy Court authorization and approval to retain the services of the law firm of Farrell Fritz, P.C. ("Farrell Fritz") to represent it in the Adversary Proceedings in substitution of the Joseph Firm. Fried Frank will continue to serve as the Committee's principal counsel in these bankruptcy cases.

7. Good cause for the Joseph Firm's withdrawal is established by the Committee's consent to the Firm's withdrawal and because its interests will be fully

protected by successor counsel. The Committee will not be prejudiced by the Joseph Firm's withdrawal as conflict counsel. Moreover, the Joseph Firm has made appropriate arrangements with the Committee and the Committee's successor counsel to ensure that the Debtors' estates do not incur any incremental cost as a result of the Joseph Firm's withdrawal. Specifically, the Joseph Firm and Farrell Fritz have agreed that Farrell Fritz will bill the Joseph Firm for the reasonable time spent by Farrell Fritz attorneys, at their customary billing rates, to become familiar with the Adversary Proceedings case file and to develop the requisite background knowledge to proceed with the representation, and that the Joseph Firm will pay such billed amounts directly to Farrell Fritz and not seek reimbursement of any such amounts from the Debtors. In addition, the Joseph Firm will not bill the Debtors for the costs associated with the transition to Farrell Fritz.

8.      Because the grounds for this motion are fully set forth herein and do not implicate any unusual or novel issue of law, the Joseph Firm requests that the Court waive the requirement of Local Bankruptcy Rule 9013-1(b) that a memorandum of law accompany this motion.

9.      This motion has been discussed with counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors (the "UCC") and with the Office of the United States Trustee. The Debtors and the Office of the United States Trustee do not object to this motion.[1]

---

[1] The UCC has not indicated an intention to object to this Application. If the UCC has any issues with the requested relief, the Joseph Firm will work with the UCC to resolve such issues on a consensual basis.

## **CONCLUSION**

WHEREFORE, for the above stated reasons, the Joseph Firm respectfully requests that the Court grant the Motion and enter an order in the form attached as Exhibit A hereto, permitting it to withdraw as counsel for the Committee and grant such other and further relief as the Court deems just and proper.

Dated: September 3, 2008

                                                  Respectfully submitted,

                                                  _____/s/ Peter R. Jerdee_____
                                                  Gregory P. Joseph (GJ-1210)
                                                  Peter R. Jerdee (PJ-1240)
                                                  GREGORY P. JOSEPH LAW OFFICES LLC
                                                  485 Lexington Avenue, 30th Floor
                                                  New York, NY 10017
                                                  Telephone: 212.407.1200
                                                  Facsimile: 212.407.1299

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Delphi Corporation, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

Having considered the Motion to Withdraw as Counsel submitted by Gregory P. Joseph Law Offices (the "Joseph Firm"), any opposition thereto and the evidence presented, it is this _____ day of _____ 2008:

ORDERED that the motion is granted; and further

ORDERED that the Joseph Firm is relieved of obligations toward the Committee in connection with the above-captioned jointly administered bankruptcy cases.

SO ORDERED.

_____
Honorable Robert D. Drain
United States Bankruptcy Judge