Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 5970
(LIQUIDITY SOLUTIONS, INC. AS TRANSFEREE OF WARNER ELECTRIC LLC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Liquidity Solutions, Inc. ("LSI") As Transferee Of Warner Electric LLC ("Warner Electric") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 5970 (Liquidity Solutions, Inc. As Transferee Of Warner Electric LLC) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 16, 2006, Warner Electric filed proof of claim number 5970 against Delphi, which asserts an unsecured non-priority claim in the amount of $78,321.60 (the "Claim") stemming from the sale of goods or services provided.

WHEREAS, on January 16, 2007, Warner Electric assigned its interest in the Claim to LSI pursuant to a Notice of Transfer (Docket No. 6617).

WHEREAS, on February 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection").

WHEREAS, on March 14, 2007, LSI filed its Response Of Liquidity Solutions, Inc., As Assignee, To Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

2

(B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification (Docket No. 7220) (the "Response").

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $74,592.00.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and LSI stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $74,592.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Warner Electric is a party.

3. Allowance of the Claim is in full satisfaction of the Claim and LSI, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "LSI Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general

3

4

unsecured non-priority claim against DAS LLC.  The LSI Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the LSI Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date in connection with the Claim.

    4.    LSI shall withdraw its Response to the Ninth Omnibus Claims Objection with respect to the Claim with prejudice.

So Ordered in New York, New York, this ____ day of September, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Dana Kane |
| John Wm. Butler, Jr. | Dana Kane |
| John K. Lyons | LIQUIDITY SOLUTIONS, INC. |
| Ron E. Meisler | One University Plaza, Suite 312 |
| SKADDEN, ARPS, SLATE, MEAGHER | Hackensack, New Jersey 07601 |
|   & FLOM LLP | (201) 968-0001 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | Attorneys for Liquidity Solutions, Inc. As |
| (312) 407-0700 | Transferee of Warner Electric LLC |

               - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession