SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
   In re                            :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                                    :   (Jointly Administered)
          Debtors.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 FOR
ORDER AUTHORIZING DEBTORS TO FILE CERTAIN EXHIBITS TO AMENDED AND
RESTATED GLOBAL SETTLEMENT AGREEMENT AND MASTER RESTRUCTURING
AGREEMENT WITH GENERAL MOTORS CORPORATION UNDER SEAL

("GSA AND MRA SEALING APPLICATION")

On September 12, 2008, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), intend to file a Motion (the "Motion") For Order Authorizing Debtors To Implement Amended And Restated Global Settlement And Master Restructuring Agreement With General Motors Corporation.  By this <u>Ex Parte</u> Application Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Certain Exhibits To Amended And Restated Global Settlement Agreement And Master Restructuring Agreement With General Motors Corporation Under Seal (the "Application"), the Debtors seek limited relief to protect certain confidential information.  Specifically, the Application seeks authority to file certain exhibits to the Amended and Restated Global Settlement Agreement (the "Amended GSA") and the Amended and Restated Master Restructuring Agreement (the "Amended MRA") with General Motors Corporation ("GM") under seal.  The exhibits proposed to be filed under seal are identified on Attachment 1 to the proposed order submitted herewith (collectively the "Exhibits").  In furtherance of the relief being sought, the Debtors respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

        1.    On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.     <u>Exhibits To Amended GSA And Amended MRA To Be Filed Under Seal</u>

5. Pursuant to the Motion, the Debtors seek to implement certain modifications to the Global Settlement and Master Restructuring Agreements with GM that were approved by the Court's order confirming the Debtors' First Amended Joint Plan of Reorganization entered on January 25, 2008 the (the "Approved GSA" and the "Approved MRA," respectively).[1] The Debtors propose to file the Amended GSA and the Amended MRA as exhibits to the Motion.

6. The Exhibits contain detailed descriptions of sensitive business information and trade terms which may, if publicly disclosed, detrimentally affect the competitiveness of the Debtors and GM as well as the ability of Delphi and GM to negotiate the terms of future agreements. More specifically, the Exhibits include: schedules of certain assets held by certain of the Debtors' business units, financial projections, purchasing and pricing information, information related to new business opportunities and extensions of existing

---

[1]    A description of the proposed amendments to the Approved GSA and the Approved MRA are contained in the Motion.

3

contracts, information relevant to the marketing of certain of the Debtors' non-core assets, and metrics and procedures for calculating various payment amounts provided for in the Amended MRA. The Exhibits form an integral part of the Amended GSA and the Amended MRA, and the terms of the Exhibits were heavily negotiated.

       7.      Pursuant to this Court's Order Under § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Exhibits To Master Restructuring Agreement Under Seal (Docket No. 9270) (the "Original Sealing Order"), the Court granted the Debtors' request to file substantially similar exhibits under seal in connection with the Approved MRA. This Application merely seeks an extension of the same relief already granted by the Original Sealing Order. With the exception of four Exhibits (Exhibit E of the Amended GSA and Exhibits 3.01(b)(i), 3.14, and 6.01 of the Amended MRA), all of the Exhibits were protected by the Original Sealing Order. With respect to those Exhibits protected by the Original Sealing Order, such Exhibits have either remained unchanged or have been updated to reflect current information.

## Relief Requested

      8.      By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Exhibits under seal.

## Basis For Relief

      9.      The Exhibits contain highly sensitive and confidential business terms in connection with the business relationship between Delphi and GM which, if publicly disclosed, could detrimentally affect the Debtors' and GM's ability to negotiate terms of future agreements and could affect the competitiveness of the Debtors and GM going forward. The Exhibits also contain detailed proprietary information describing the business relationship between the parties, which the Debtors believe to be highly sensitive and confidential information not typically

disclosed to the public or made available in the automotive industry. Because information of this type is usually a well-guarded secret, the disclosure of such information would put both Delphi and GM at a disadvantage vis-à-vis their respective competitors in the extremely competitive automotive industry. In light of the sensitive nature of the subject matter of the Exhibits, Article II of the Amended MRA provides that Delphi and GM will use commercially reasonable efforts to obtain an order of this Court approving the relief requested herein. Thus, the Amended MRA itself reflects that it is of the utmost importance to the Debtors and GM that the sensitive terms of the Exhibits be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or GM in the marketplace.

10. Additionally, disclosure of the terms contained in the Exhibits is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the Amended GSA and the Amended MRA is subject to this Court's approval in any case and (b) the Debtors are prepared to provide complete copies of the Exhibits to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, and (iii) such other parties as may be ordered by this Court after imposition of appropriate confidentiality provisions or as may be agreed to in writing by the Debtors and GM.

11. After evaluating whether they could effectively redact the Exhibits, the Debtors and GM concluded that redaction was not appropriate because the amount of redaction required would not permit parties-in-interest to conduct a meaningful review of the Exhibits. In addition, the Debtors and GM believe that heavily redacted versions of the Exhibits could be misleading. Accordingly, the Debtors and GM believe that filing redacted versions of the Exhibits would not serve the interests of the Debtors' estates or other parties-in-interest.

Applicable Authority

12.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . . –

>  (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

14.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id. at 28.  The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

15.     Here, there is good cause for the relief requested.  The Exhibits contain sensitive commercial and financial information, the disclosure of which would be harmful to the Debtors and GM.  Such information qualifies as "[confidential research, development, or]

6

commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Debtors to file the Exhibits with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the Exhibits under seal.

16. Indeed, this Court already made such a determination with respect to substantially similar exhibits accompanying the Approved MRA.  The relief granted in the Original Sealing Order is equally appropriate here.

17. No prior application for the relief requested herein has been made to this or any other Court.

## Notice Of Application

18. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the  Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered July 23, 2008 (Docket No. 13965).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. §102(1)(B) so that the Debtors may file the Exhibits under seal.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Exhibits under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
September 12, 2008

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                              By: /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                    - and -

                              By: /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti
                                  Thomas J. Matz
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession