UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

    In re                                  :        Chapter 11
                                             :

   DELPHI CORPORATION, <u>et al.</u>,     :        Case No. 05-44481 (RDD)
                                           :

                      Debtors.       :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER AUTHORIZING DEBTORS TO IMPLEMENT AMENDED AND RESTATED
GLOBAL SETTLEMENT AGREEMENT AND AMENDED AND RESTATED
<u>MASTER RESTRUCTURING AGREEMENT</u>

("GSA AND MRA AMENDMENT ORDER")

       Upon the motion, dated September 12, 2008 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order authorizing the Debtors to implement an amended and restated Global Settlement Agreement (the "Amended GSA") and an amended and restated Master Restructuring Agreement (the "Amended MRA") with General Motors Corporation ("GM"); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Order To Show Cause entered on September __, 2008 and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and no other or further notice being necessary; and the Court having held a hearing

on the Motion on September 23, 2008 (the "Hearing"); and upon the record of the Hearing and after due deliberation and consideration, and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. This Court has core jurisdiction over the Chapter 11 Cases, the Motion, this Order, and the parties and property affected hereby pursuant to 28. U.S.C. §§ 157(b) and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363, 365, and 503 of the Bankruptcy Code and rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. The notices given by the Debtors of the Motion and the Hearing constitute proper, timely, adequate, and sufficient notice thereof and comply with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary.

C. The Debtors' settlement with GM, as memorialized in the Amended GSA and the Amended MRA (the "GM Settlement"), is essential to the Debtors' restructuring and provides material and substantial consideration to Delphi. Pursuant to Bankruptcy Rule 9019, and based on the admitted evidence and considerations by the Court of the probability of success, the difficulties in collection, the complexity of litigation, the expense, inconvenience, and delay, and other factors, the Court finds:

(i) The proposed benefits to be received by the Debtors as a result of the GM Settlement are higher than reasonably foreseeable litigation outcomes in the absence of the GM Settlement and therefore fall within the range of reasonableness;

       (ii) Any litigation against GM in the absence of the GM Settlement would be very complex and very time consuming, with attendant expense, inconvenience, and delay to the Debtors' estates;

       (iii) The releases of the GM-Related Parties pursuant to the GM Settlement are fair and equitable and are a material, integral, and essential part of the consideration that GM is receiving under the GM Settlement, without which GM would not have agreed to the GM Settlement; and

       (iv) The GM Settlement is the product of good faith negotiations and arms'-length bargaining between the parties, all of whom were represented by competent and experienced counsel and other advisors, and is necessary to the Debtors' reorganization.

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1. The Motion is hereby granted in its entirety.

  2. The Debtors are hereby authorized, but not directed, to implement, deliver, and perform their obligations under the Amended GSA and the Amended MRA substantially in the forms attached as <u>Exhibit A</u> and <u>Exhibit B</u> hereto.  If the conditions to effectiveness of Amended GSA have been satisfied or waived by the Parties on or prior to September 29, 2008, the First Net Liability Transfer shall be deemed to be effective and occur for all purposes on September 29, 2008.[1]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Amended GSA

3. The Debtors are authorized, but not directed, to take any and all action, including modifying the relevant provisions of the applicable union memoranda of understanding, necessary to implement the Amended GSA and Amended MRA.

4. The GM Settlement embodied in the Amended GSA and the Amended MRA is hereby authorized and approved pursuant to Bankruptcy Rule 9019.

5. Without limiting the generality of the foregoing, GM shall receive the following consideration:

(a) an allowed administrative expense claim under section 503(b) of the Bankruptcy Code pursuant to the terms and conditions of section 4.04(a) of the Amended GSA;

(b) an allowed general unsecured claim pursuant to the terms and conditions of section 4.04(b) of the Amended GSA;

(c) the releases described in section 4.01 of the Amended GSA; and

(d) the survival of the GM Surviving Claims (as defined in section 4.03 of the Amended GSA).

6. A sound business purpose exists for the Debtors to undertake the transactions pursuant to the Amended GSA and Amended MRA in accordance with the requirements of 11 U.S.C. § 363(b) and to assume or reject any executory contracts under the Amended GSA and the Amended MRA in accordance with the requirements of 11 U.S.C. § 365(a).

7. Notwithstanding anything to the contrary in any Delphi Plan (including any amendments, supplements, or modifications thereto) or the Confirmation

4

Order (and any amendments, supplements, or modifications thereto), in the event that any of the terms of any Delphi Plan (including any amendments, supplements, or modifications thereto) or any confirmation order entered with respect to any Delphi Plan (including any amendments, supplements, or modifications thereto) conflict with any of the terms of the Amended GSA or the Amended MRA, the terms of the Amended GSA or the Amended MRA shall govern.

8.  This Court shall retain exclusive jurisdiction over all matters related to the construction, interpretation, or enforcement of the Amended GSA and the Amended MRA; <u>provided</u>, <u>however</u>, that this Court shall not have jurisdiction over (i) disputes arising out of the provisions set forth in Article III of the Amended MRA or the agreements referenced in sections 5.01(c) and (d) of the Amended MRA or (ii) disputes arising out of agreements between any Delphi-Affiliate Party on the one hand and GM or any of its Affiliates on the other in which disputes no Delphi-Related Party has an interest; and <u>provided further</u> that after the second anniversary of the Effective Date, this Court shall retain non-exclusive jurisdiction over all matters related to the construction, interpretation, or enforcement of the Amended GSA and the Amended MRA; and provided further that the jurisdiction of this Court over all matters related to the Amended GSA and the Amended MRA shall terminate upon the fourth anniversary of the Effective Date.

9. Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
       September ___, 2008

                                                                      UNITED STATES BANKRUPTCY JUDGE