Master Restructuring Agreement

**<u>Exhibit 5.01(a)(xiv)</u>**
**Real Estate Assignment and Assumption Agreements**

## EXHIBIT 5.01(a)(xiv)

### Real Estate-Related Assignment and Assumption Agreements

1.  Assignment and Assumption between General Motors Corporation ("GM") and
    Delphi Automotive Systems LLC ("DAS"), dated December 10, 1998, with
    respect to Lease between 1401 Troy Associates Limited Partnership, as Landlord,
    and GM, as Tenant, dated June 1, 1989, as amended, covering premises located at
    1401 Crooks Road, Troy, Michigan

2.  Assignment and Assumption between GM and DAS, dated December 10, 1998,
    with respect to Warehouse Building Lease between Opus South Corporation, as
    Landlord, and GM, as Tenant, dated February 1, 1994, as amended, covering
    premises located at Butterfield Trail Industrial Park, El Paso, Texas

3.  Assignment of Lease and Termination of Sublease Agreement between GM and
    DAS, dated May 28, 1999, with respect to Sublease between GM, as Sublessor,
    and DAS, as Sublessee, dated December 10, 1998 (under prime lease between
    Detroit and Mackinac Railway Company, as Lessor, and GM, as Lessee, dated
    June 26, 1998), covering premises located at 12501 East Grand River Avenue,
    Brighton, Michigan

4.  Assignment and Assumption between GM and DAS, dated December 10, 1998,
    with respect to Lease between John E. Benz, as Landlord, and GM, as Tenant,
    dated September 28, 1998, covering premises located at 3535 Kettering
    Boulevard, Moraine, Ohio

5.  Assignment and Assumption between GM and DAS, dated December 10, 1998,
    with respect to Lease between Orix GF Warren Venture, as Landlord, and GM, as
    Tenant, dated November 26, 1997, covering the Delphi Packard Electric Systems
    Research Building located in Warren, Ohio

6.  Assignment and Assumption between GM and DAS, dated December 10, 1998,
    with respect to Lease Agreement between The Industrial Development Board of
    the City of Athens, as Landlord, and GM, as Tenant, dated April 1, 1975, as
    amended, covering the Water Pollution Facility located in Limestone County,
    Alabama

7.  Assignment and Assumption between GM and DAS, dated December 10, 1998,
    with respect to Lease Agreement between The Industrial Development Board of
    the City of Athens, as Landlord, and GM, as Tenant, dated September 1, 1977, as
    amended, covering Plants 21 and 22 located at U.S. Highway 31 North,
    Limestone County, Alabama

8. Assignment and Assumption between GM and DAS, dated December 10, 1998, with respect to Lease Agreement between The Industrial Development Board of the City of Athens, as Landlord, and GM, as Tenant, dated May 1, 1974, as amended (the "May 1, 1974 Lease Agreement"), originally covering approximately 319.1736 acres of land and buildings constructed thereon in Limestone County, Alabama;

9. Assignment and Assumption between GM and DAS, dated February 16, 2007, with respect to Additional Equipment Lease Agreement between The Industrial Development Board of the City of Athens, as Landlord, and GM, as Tenant, dated September 1, 1977, covering certain items of machinery and equipment for use in the buildings in Limestone County, Alabama leased pursuant to the May 1, 1974 Lease Agreement

10. Assignment and Assumption between GM and DAS, dated December 10, 1998, with respect to Lease between The Industrial Development Board of the City of Athens, as Landlord, and GM, as Tenant, dated August 8, 1975, as amended, covering approximately 22.1 acres of land in Limestone County, Alabama

11. Assignment and Assumption between GM and DAS, dated December 10, 1998, with respect to Lease Agreement between The Industrial Development Board of the City of Athens, as Landlord, and GM, as Tenant, dated September 1, 1977, as amended, covering approximately 70.2824 acres of land and buildings constructed thereon in Limestone County, Alabama

12. Assignment and Assumption between GM and DAS, dated February 16, 2007, with respect to Lease Agreement between The Industrial Development Board of the City of Athens, as Landlord, and GM, as Tenant, dated December 1, 1981, as amended, covering machinery and equipment and additions to the buildings pursuant to the May 1, 1974 Lease Agreement

*'461 Crowles*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: ~~November~~ DEC 10 , 1998

GENERAL MOTORS CORPORATION

By _____
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____  .SLS

Its _____

*EXECUTION RECOMMENDED
WORLDWIDE REAL ESTATE
BY*

318.RE14159
Prepared 11/23/98

# EXHIBIT "A"

Lease between 1401 TROY ASSOCIATES LIMITED PARTNERSHIP, as Landlord, and
GENERAL MOTORS CORPORATION, as Tenant, dated June 1, 1989, as amended,
covering premises at 1401 Crooks Road, Troy, Michigan.

GM | Worldwide Real Estate

T-FILE  RECEIVED

FEB - 1 1999

ETKIN EQUITIES

January 25, 1999

VIA CERTIFIED MAIL

1401 Troy Associates Limited Partnership
200 Franklin Center
29100 Northwestern Highway
Southfield, Michigan 48034

RE:  Assignment of Lease
     Assignor:  General Motors Corporation
     Assignee:  Delphi Automotive Systems LLC
     1401 Crooks Road Troy, MI.
     GMC File No. RE14159

Dear Sir/Madam;

This is to inform you that Delphi Automotive Systems, formerly a division of General
Motors Corporation, has recently become a separate legal entity known as Delphi
Automotive Systems LLC.

Effective January 1, 1999, General Motors Corporation has assigned its interest in the
above referenced Lease to Delphi Automotive Systems LLC. A photocopy of the
Assignment and Assumption document is enclosed for your records.

Please direct any future notices in connection with the above referenced Lease to Delphi
Automotive Systems LLC at the following address:

        Delphi Automotive Systems LLC
        5725 Delphi Drive
        Troy, Michigan 48098
        Attn: Assistant Corporate Counsel-Commercial Practices

Thank you for your attention to this matter. Please contact me at (313) 556-2930 if you
require any further information.

Very truly yours,

Betty Stichler

cc: Edward O'Neill

Worldwide Real Estate - 485 W. Milwaukee Avenue - Detroit, Michigan 48202 - (313)556-5000 - Fax (313)374-7227

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: ~~November~~ Dec 10, 1998

GENERAL MOTORS CORPORATION

By _____
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____

Its Director Real Estate

SLS

218.RE15185
Prepared 11/23/98

## EXHIBIT "A"

Warehouse Building Lease by and between Opus South Corporation, as Landlord, and
GENERAL MOTORS CORPORATION, as Tenant, dated February 1, 1994, as
amended, covering premises at Butterfield Trail Industrial Park, El Paso, Texas.

*12501 E Grand Blvd*
*Brighton MI*

## ASSIGNMENT OF LEASE AND
## TERMINATION OF SUBLEASE AGREEMENT

THIS AGREEMENT, made and entered into this *25th* day of May, 1999, by and

between General Motors Corporation, a Delaware corporation, whose address is 3044

West Grand Boulevard, Detroit, Michigan  48202 ("GM"), and Delphi Automotive Systems,

LLC, a Delaware limited liability company whose address is 5725 Delphi Drive, Troy, MI

48098 ("Delphi").

WITNESSETH:

WHEREAS, GM, as Lessee, did hereto before enter into a Lease dated June 26,

1998, with Detroit and Mackinac Railway Company, as Lessor, (the "Lease"), covering

premises consisting of a 178,560 square foot office, light industrial, warehouse facility

commonly known as 12501 East Grand River Avenue, Brighton, Michigan    (the

"Premises"), which Premises are move particularly described in the Lease;

WHEREAS, GM and Delphi did heretofore enter into a certain Sublease dated

December 10, 1998 (the "Sublease") covering the Premises; and

WHEREAS, the parties hereto are presently desirous of cancelling and terminating

the Sublease and, in addition, are desirous of entering into an agreement in which GM shall

assign its interest in the Lease to Delphi.

NOW, THEREFORE, for and in consideration of the covenants herein contained and

other good and valuable considerations, the receipt and adequacy of which are confessed

by each of the parties hereto, it is agreed as follows:

1.    The Sublease shall be and the same is hereby cancelled and terminated

effective as of the date of this Agreement.

{W0022073.DOC;}

2.    As of the date of this Agreement, GM does hereby assign all of its right, title and interest in the Lease unto Delphi, and Delphi does hereby assume all of the terms, covenants and conditions of GM as Lessee under the Lease arising from and after the effective date of such assignment.

3.    This Agreement is contingent upon the Lessor under the Lease consenting to the above assignment of the Lease.

IN WITNESS WHEREOF, the parties hereto have signed this Agreement on the day and year first above written and declare this Agreement to be binding on them, their respective successors and permitted assigns.

IN THE PRESENCE OF:

_Karen Dickery._

GENERAL MOTORS CORPORATION,
a Delaware corporation

By: _Conrad P. Schwartz_

Its: _DIRECTOR_

DELPHI AUTOMOTIVE SYSTEMS, L.L.C.,
a Delaware limited liability company

By: _Edmund J. Churd_

Its: _Director, Real Estate_

EXECUTION RECOMMENDED
DELPHI REAL ESTATE
BY:

{W0022073.DOC;}

## CONSENT OF LESSOR

The undersigned, Detroit & Mackinac Railway Company, does hereby consent to the

assignment of General Motors Corporation's interest in the Lease dated June 26, 1998, for

12501 East Grand River Avenue, Brighton, Michigan, to Delphi Automotive Systems, LLC.


                                              DETROIT & MACKINAC RAILWAY COMPANY,
IN THE PRESENCE OF:                                  a Michigan railroad corporation


_____          By: _____
JENNIFER M. JOHNSON
_____          Its:    VICE PRESIDENT
B. LYNN STRAEBEL

{W0022073.DOC;}



12501 East Grand River
Brighton, Michigan
# 713

**SUBLEASE**

**THIS SUBLEASE**, made this _10_ day of December, 1998, by and between **GENERAL MOTORS CORPORATION**, a Delaware corporation, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 (hereinafter referred to as "Sublessor") and **DELPHI AUTOMOTIVE SYSTEMS LLC**, a Delaware limited liability company, whose address is 5725 Delphi Drive, Troy, Michigan  48098 (hereinafter referred to as "Subtenant").

## W I T N E S S E T H:

**WHEREAS**, Detroit & Mackinac Railway Company (hereinafter referred to as the "Prime Landlord"), as lessor, and Subtenant, as lessee, entered into that certain lease dated June 26, 1998, covering property commonly known as 12501 East Grand River Avenue, Brighton, Michigan (such Lease is hereinafter referred to as the "Prime Lease" and the premises covered thereby are hereinafter referred to as the "Premises");  and

**WHEREAS**, Sublessor wishes to sublet the Premises to Subtenant and Subtenant wishes to sublease the same from Sublessor upon all of the terms and provisions herein set forth.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1.    (a)    Sublessor hereby subleases to Subtenant and Subtenant hires from Sublessor the Premises for a term which commences January 1, 1999 (hereinafter referred to as the "Commencement Date") and expires June 29, 2001.

(b)    Sublessor hereby grants Subtenant the right to extend the term of this Sublease for (i) the period from June 30, 2001, to June 29, 2002, (ii) the period from June 30, 2002, to June 29, 2003, (iii) the period from June 30, 2003, to June 29, 2006, and (iv) the period from June 30, 2006, to June 29, 2008, upon the terms, conditions and rents contained in this Sublease. Subtenant shall exercise such right, if at all, by written notice to Sublessor at least six (6) months prior to the expiration of then current term of this Sublease. If Subtenant shall fail to exercise any such right, all such subsequent rights to so extend hereunder shall be of no further force or effect.

2.    Sublessor shall be deemed to have delivered the Premises to Subtenant on the Commencement Date and Subtenant shall be deemed to have accepted the same in its then "as is, where is" condition.

3.    The parties agree that this Sublease shall be subject and subordinate to all of the terms, covenants, conditions and provisions of the Prime Lease and to all the title and other matters to which the Prime Lease is subject or subordinate. A copy of the Prime Lease has been delivered to and examined by Subtenant. ·

4.    (a)    The terms, covenants, conditions and provisions in the Prime Lease (including, but not limited to, the rents and other charges and the remedies provided thereunder) are incorporated herein by reference, and shall, as between Sublessor and Subtenant, constitute the terms, covenants, conditions and provisions of this Sublease, except to the extent that they are inapplicable to, inconsistent with, or modified by the provisions of this Sublease. The parties agree to observe and perform the terms, covenants, conditions and provisions on their respective parts to be observed and performed hereunder, including, but not limited to, those terms, covenants, conditions and provisions of the Prime Lease which are incorporated herein.

(b)    Subtenant shall, in no case, have any rights in respect of the Premises greater than Sublessor's rights under the Prime Lease.

(c)    To the extent the performance by Sublessor of any of the terms and conditions of this Sublease upon the Sublessor's part to be performed are subject and dependent upon the performance by the Prime Landlord under the Prime Lease of the terms, covenants, conditions and provisions, expressed or implied, of the Prime Lease on the part of the Prime Landlord under the Prime Lease to be performed, Sublessor shall be under no obligation or liability whatsoever to the Subtenant in the event that the Prime Landlord shall fail to perform any of such terms or conditions contained therein on the part of the Prime Landlord to be performed, but Sublessor shall take all reasonable actions to cause the Prime Landlord to so perform such obligations.

(d)    Sublessor agrees that it will not enter into any modification, termination or other agreement or take any action with respect to the Prime Lease that would terminate the Prime Lease or prevent or materially and adversely affect the use by Subtenant of the Premises in accordance with the terms of this Sublease or materially increase the obligations or liabilities (financial or otherwise) of Subtenant hereunder; provided, however, that Sublessor reserves the right to terminate the Prime Lease (and this Sublease) pursuant to the terms of the Prime Lease, including, without limitation, upon fire and condemnation but not upon the default of the Prime Landlord.

5.    Subtenant will indemnify and hold Sublessor and the Prime Landlord harmless from and against all losses, costs, damages, expenses and liability, including, but not limited to, reasonable attorneys' fees, which Sublessor and/or the Prime Landlord may incur or pay out by reason of any injury to persons or property occurring in, on or about the Premises, or by reason of any breach or default hereunder on Subtenant's part or by reason of any work done in or to the Premises or any act or negligence on the part of Subtenant.

6.    Nothing contained in this Sublease shall be construed to create privity or estate or of contract between Subtenant and the Prime Landlord. Subtenant shall not do or permit to be done any act or thing which will constitute a breach or violation of any of the terms, covenants, conditions or provisions of the Prime Lease.

7.    Subtenant will cause Sublessor and the Prime Landlord to be listed as an additional insured on all public liability, property damage and fire and extended coverage insurance procured by Subtenant relating to the Premises. Sublessor and Subtenant each hereby

2

releases and discharges the other and Subtenant releases the Prime Landlord of and from any liability whatsoever hereafter arising from loss, damage or injury caused by fire or other casualty.

8.    During the continuance of this Sublease, Subtenant shall pay the rent and other charges payable under the Prime Lease directly to the Prime Landlord in lawful money of the United States, as agent for and on behalf of Sublessor.

9.    Subtenant shall not cause or suffer to be caused any releases or threatened releases of hazardous or solid waste materials or constituents, contaminants, pollutants, petroleum or petroleum products (including derivatives or fractions thereof) or hazardous substances ("Hazardous Material"), as defined under any applicable federal, state or local environmental law ("Environmental Law"), in, on or about the Premises, and otherwise shall not cause, contribute to, exacerbate or suffer any other person to cause, contribute to or exacerbate any contamination of the ground surface, soil, air, groundwater, surface water, buildings or improvements in, on or about the Premises. In the event of a breach of this Paragraph 9, Subtenant shall promptly notify Sublessor and, at its sole cost and in cooperation with Sublessor, shall promptly take all action(s) necessary under and in compliance with applicable Environmental Law to restore the Premises to their condition prior to such breach. If Subtenant fails to promptly take such action(s), Sublessor may take such action(s) at Subtenant's sole cost. Subtenant shall indemnify and defend Sublessor with respect to all releases or threatened releases of Hazardous Material or contamination otherwise caused, contributed to or exacerbated in, on or about the Premises in breach of this Paragraph 9.

10.    Sublessor's refusal to consent to or approve any matter or thing, whenever Sublessor's consent or approval is required under the terms of this Sublease, shall be deemed reasonable if, inter alia, the Prime Landlord has refused to give such consent or approval.

11.    (a)    Notices and other communications hereunder shall be in writing and shall be given or made by certified mail addressed to the parties at their respective addresses set forth above, or at any other address which either party may hereafter designate for such purpose by a written notice.

(b)    Subtenant shall promptly deliver to Sublessor copies of all notices received by Subtenant from the Prime Landlord and copies of all notices served upon the Prime Landlord under the terms of the Prime Lease.

12.    If for any reason the term of the Prime Lease is terminated prior to the expiration date of this Sublease, this Sublease shall thereupon be terminated and Sublessor shall not be liable to Subtenant by reason thereof, unless such termination shall have been effected because of the breach or default of the Sublessor under the Prime Lease.

13.    Notwithstanding anything contained in the Prime Lease to the contrary, Subtenant shall not by operation of law or otherwise assign, sublet, mortgage, pledge or otherwise encumber this Sublease, without the prior written consent of the Sublessor in each instance, which approval shall not be unreasonably withheld.  Any assignment or subletting, or purported

3

assignment or subletting without such consent shall be void and of no effect. Notwithstanding such assignment or subletting, Subtenant shall not be released from any and shall perform all obligations imposed upon Subtenant hereunder.

14.    This Sublease shall be binding upon and inure to the benefit of the parties hereto and their respective successors, successors in interest and assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first above written.

WITNESS:                                 SUBLESSOR:

                                         GENERAL MOTORS CORPORATION,
                                         a Delaware corporation

                                         By: _____
                                            John J. Dues
                                            General Director, Worldwide Real Estate

                                                 EXECUTION RECOMMENDED
                                                 WORLDWIDE REAL ESTATE
                                                 BY

                                         SUBTENANT:

                                         DELPHI AUTOMOTIVE SYSTEMS LLC,
                                         a Delaware limited liability company

                                         By: _____
                                            Edward J. O'Neill
                                            Director, Real Estate

DET_C\208109.3
WJZ 12/15/98

*3535 Kettering Blvd*
*Moraine OH*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: November 1 0 , 1998

GENERAL MOTORS CORPORATION

By _____
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____    SLS

Its _____

717.REI9508
Prepared 11/23/98

## EXHIBIT "A"

Lease between JOHN E. BENZ, as Landlord, and GENERAL MOTORS
CORPORATION, as Tenant, dated September 28, 1998, covering premises at 3535
Kettering Boulevard, Moraine, Ohio.

717.RE19508
Prepared 11/20/98



January 25, 1999

VIA CERTIFIED MAIL

Mr. John E. Benz
C/O John E. Benz & Co.
3017 Exchange Court, Suite A
West Palm Beach, Florida  33409

RE:  Assignment of Lease
     Assignor:  General Motors Corporation
     Assignee:  Delphi Automotive Systems LLC
      3535 Kettering Moraine, Ohio
     GMC File No. RE 19565
                      22124

Dear Mr. Benz;

This is to inform you that Delphi Automotive Systems, formerly a division of General
Motors Corporation, has recently become a separate legal entity known as Delphi
Automotive Systems LLC.

Effective January 1, 1999, General Motors Corporation has assigned its interest in the
above referenced Lease to Delphi Automotive Systems LLC.  A photocopy of the
Assignment and Assumption document is enclosed for your records.

Please direct any future notices in connection with the above referenced Lease to Delphi
Automotive Systems LLC at the following address:

                Delphi Automotive Systems LLC
                5725 Delphi Drive
                Troy, Michigan 48098
                Attn: Assistant Corporate Counsel-Commercial Practices

Thank you for your attention to this matter.  Please contact me at (313) 556-2930 if you
require any further information.

Very truly yours,

Betty Stichler

cc: Edward O'Neill

P 144 994 723

US Postal Service
**Receipt for Certified Mail**

John E. Benz
C/O John E. Benz & Company
3017 Exchange Court Suite A
West Palm Beach, Florida 33409

| | |
|---|---|
| Postage | $ 33 |
| Certified Fee | 1.70 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | 1.25 |
| TOTAL Postage & Fees | $ 2.48 |
| Postmark or Date | |

PS Form 3800, April 1995

STICHLER 1040 1939

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the
following services (for an
extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

John E. Benz
C/O John E. Benz & Company
3017 Exchange Court Suite A
West Palm Beach, Florida 33409

4a. Article Number
P 144 994 723

4b. Service Type
☐ Registered          ☑ Certified
☐ Express Mail        ☐ Insured
☑ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
2/13/9C

5. Received By: (Print Name)

8. Addressee's Address (Only if requested
and fee is paid)

6. Signature: (Addressee or Agent)

PS Form 3811, December 1994          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

*4551 Research Pkwy
Warren OH*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: ~~November~~ *Dec* *10*, 1998

GENERAL MOTORS CORPORATION

By _____

JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____

Its *Director Real Estate*

531B.RE18121
Prepared 11/23/98

## EXHIBIT "A"

Lease between ORIX GF WARREN VENTURE, as Landlord, and GENERAL MOTORS CORPORATION, as Tenant, dated November 26, 1997, covering 94,000 rentable square feet of area in a building commonly known as the Delphi Packard Electric Systems Research Building located in Warren, Ohio.

531B.RE18121
Prepared 11/20/98

*Water Pollution Facility*
*Limestone City, AL*
*# 2476.0000*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: December __10__, 1998

GENERAL MOTORS CORPORATION

By _____    SLS
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____    SLS
Its _Director Real Estate_

600(607).RE10430
Prepared 12/03/98

## EXHIBIT "A"

Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE
CITY OF ATHENS, as Landlord, and GENERAL MOTORS CORPORATION, as
Tenant, dated April 1, 1975, as amended, covering approximately 2.855 acres of land and
pollution control facilities constructed thereon in Limestone County, Alabama, as more
particularly described in the Lease Agreement.



*Plant 2) #22
US Hwy 31 North
Limestone City, AL
#2476800*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

      A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

      B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

      C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

      D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: December 10, 1998

                                    GENERAL MOTORS CORPORATION

                                    By _____    SLS
                                      JOHN J. DUES, General Director
                                      Worldwide Real Estate

                                      DELPHI AUTOMOTIVE SYSTEMS LLC

                                      By _Edward J. Curran_    SLS
                                      Its _Director Real Estate_



## EXHIBIT "A"

Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE
CITY OF ATHENS, as Landlord, and GENERAL MOTORS CORPORATION, as
Tenant, dated September 1, 1977, as amended, covering approximately 70.2824 acres of
land and buildings constructed thereon in Limestone County, Alabama, as more
particularly described in the Lease Agreement.

*ASSIGNMENT OF*
*1974 LEASE*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: December 10, 1998

GENERAL MOTORS CORPORATION

By _____    SLS
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____    SLS
Its _Director Real Estate_

600(601).RE11180
Prepared 12/03/98

## EXHIBIT "A"

Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE
CITY OF ATHENS, as Landlord, and GENERAL MOTORS CORPORATION, as
Tenant, dated May 1, 1974, as amended, currently covering approximately 319.1736
acres of land and buildings constructed thereon in Limestone County, Alabama, as more
particularly described in the Lease Agreement.

*Plants 21 & 23*
*Athens, AL*
*(1977 equip lease)*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on **Exhibit A** hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorneys' fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorneys' fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: February _16_, 2007

Print Name:

Print Name: Lisa Markham

Print Name: Donna Kystarz

Print Name: Susan L. Bacon

GENERAL MOTORS CORPORATION

By:

Print Name: DEBRA HOMCHOGE

Its: DIRECTOR WORLDWIDE REAL ESTATE

DELPHI AUTOMOTIVE SYSTEMS LLC

By:

Print Name: John A. Taffura

Its: Executive Director Operations Support Group

## EXHIBIT A

Additional Equipment Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF ATHENS (as Landlord) and GENERAL MOTORS CORPORATION (as Tenant), dated September 1, 1977, covering certain items of machinery and equipment for use in the landlord buildings in Limestone County, Alabama leased pursuant to a May 1, 1974 Lease between the parties, as more particularly described in the Lease Agreement.

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: ~~November~~ DEC 10 , 1998

GENERAL MOTORS CORPORATION

By _____
JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____

Its Director Real Estate

EXECUTION RECOMMENDED
WORLDWIDE REAL ESTATE
BY

SLS

605.REI0457
Prepared 11/23/98

## EXHIBIT "A"

Lease by and between THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY
OF ATHENS, as Landlord, and GENERAL MOTORS CORPORATION, as Tenant,
dated August 8th, 1975, as amended, covering approximately 22.1 acres of land in
Limestone County, Alabama, as more particularly described in said Lease.

605.RE10457
Prepared 11/20/98

P 144 989 460

US Postal Service
**Receipt for Certified Mail**

Industrial Development Board of
The City of Athens
C/O Patton Lathom Legge & Cole
Attn: Mike Kohl, Esq.
P.O. Box 470
Athens, Alabama 35612

| | |
|---|---|
| Postage | $ |
| Certified Fee | 7.25 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | 1.40 |
| TOTAL Postage & Fees | $ 2.98 |
| Postmark or Date | |

STICHLER  A260 A759

PS Form 3800, April 1995

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Industrial Development Board of The City of Athens C/O Patton Lathom Legge & Cole Attn: Mike Kohl, Esq. P.O. Box 470 Athens, Alabama 35612 | P 144 989 460 |
| | 4b. Service Type |
| | ☐ Registered   ☒ Certified |
| | ☐ Express Mail   ☐ Insured |
| | ☐ Return Receipt for Merchandise   ☐ COD |
| | 7. Date of Delivery |

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

Is your RETURN ADDRESS completed on the reverse side?

PS Form 3811, December 1994          **Domestic Return Receipt**

Unidentified Property
GM 372—Revised 3-48

## This Lease, dated _____ August 8 _____, 19 75,

between THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF ATHENS, a

public corporation and instrumentality organized under the laws of

the State of Alabama, whose address is c/o Malone, Steele & Alexan

Attorneys at Law, Athens, Alabama 35611,

hereinafter called the Lessor, and _____ GENERAL MOTORS CORPORATION, a Delaware

Corporation, with its principal office at 3044 West Grand Boulevar

Detroit, Michigan 48202, _____ hereinafter called the Lessee.

### Witnesseth:

**PREMISES**

The Lessor hereby lets to the Lessee, and the Lessee hires from the Lessor:

A tract of land lying in Limestone County, State of
Alabama, in the E1/2NW1/4 Section 33, Town 4 South,
Range 4 West, on the East side of Pryor Branch
Embayment of Wheeler Lake, approximately 1 1/2 miles
North of Keller Memorial Bridge, the said tract be-
ing more particularly described in Exhibit A attached
hereto and made a part hereof,

**USE OF PREMISES**

with the appurtenances to be used for providing transportation, utilities,
storm water retention pond, sewer lines, railroad spur tracks and
any other services required by adjoining Industrial Plant or any type of
Facility owned by Lessor

business conducted or controlled by GENERAL MOTORS CORPORATION, for a term commencing

June 1, 1975, _____ and expiring April 30, 1994,

**RENT**

at the total/yearly rent of _____ ONE DOLLAR ($1.00)

payable in installments of $_____ in advance on the first business day of each and every
month during the term. upon execution of this Lease.

The parties hereto covenant and agree with each other as follows:

**VACATION OF PREMISES**

FIRST: The Lessee shall pay the rent at the times and in the manner aforesaid and at the
expiration of the term will remove its goods and effects and will peaceably yield up to the Lessor said
premises in as good order and condition as when delivered to it, ordinary wear and tear, damage by
fire, the elements and casualty excepted as well as damage due to any cause or happening not occa-
sioned by the act or negligence of the Lessee.

**EASEMENTS**

SECOND: That the enjoyment and use of all entrances, exits, approaches and means of entrance
and approach and of light and air now existing in favor of the demised premises shall not be interfered
with or interrupted by any act or assent of the Lessor during the term of this Lease.

**ASSIGNMENT**

THIRD: That the Lessee will not assign this Lease without the written consent of the Lessor,
except such assignment be to a corporation then owned or controlled by the Lessee or by GENERAL
MOTORS CORPORATION. The Lessor agrees that such consent will not be unreasonably withheld

**CATIVE
VENANTS**

**FOURTH:** That the Lessee will not consent to any unlawful use of the demised premises.

**VENANTS
LESSOR**

**FIFTH:** That the Lessor covenants and agrees that the possession of the demised premises will be delivered to the Lessee on the commencement of the term of this Lease in as good condition as the same now are, free from all tenancies and occupancies, and free from all orders and notices and violations filed or entered by any public or quasi-public authority, and free from complaints and/or reports of violations, noted or existing in or filed with any Federal, State, County, Municipal, Borough, and/or any other local authority.

**WING
EMISES**

~~SIXTH: That the Lessor may during the term at reasonable times enter to view the premises~~ and may at any time within three (3) months next before the expiration of the said term, show the said premises to others, ~~and affix to any suitable part of the said premises a notice for letting or selling the premises and keep the same affixed without hindrance or molestation.~~

**AWFUL
CUPATION**

**SEVENTH:** ~~That the Lessor represents that the demised premises may be lawfully used for all of the purposes for which they are hereby leased and~~ In the event of the enactment or existence of any law, ordinance, rule, ruling or regulation prohibiting the use of said premises for any one or more of the purposes for which they are hereby demised, then in that event at the option of the Lessee, this Lease shall terminate and all liability hereunder shall cease from and after the date such prohibition becomes effective, and any unearned rent paid in advance by the Lessee shall be refunded to it.

**ITS
IN
'AULT**

**EIGHTH:** That if the Lessee shall neglect or fail to perform or observe any of the covenants contained herein on its part to be observed and performed for thirty (30) days after written notice by the Lessor, or if the Lessee shall be adjudicated bankrupt or insolvent according to law, or shall make an assignment for the benefit of creditors, then and in any of said cases the Lessor may lawfully enter into and upon the said premises or any part thereof in the name of the whole, and repossess the same as of the former estate of the Lessor and expel the Lessee and those claiming under and through it and remove its effects (forcibly if necessary), without being deemed guilty of any manner of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant and upon entry as aforesaid this Lease shall terminate and the Lessee covenants that in case of such termination it will indemnify the Lessor against all unavoidable loss of rent which the Lessor may incur by reason of such termination during the residue of the term above specified.

**MINATION**

**NINTH:** That notwithstanding any provision of law or any judicial decision to the contrary, (a) no notice shall be required to terminate the term of this Lease on the date herein specified and the term hereof shall expire on the date herein mentioned without notice being required from either party;

**D OVER**

(b) in the event that the Lessee, any assignee or sublessee remains beyond the expiration date of the term herein, it is the intention of the parties and it is hereby agreed that a tenancy from month to month shall arise.

**ET
SESSION**

**TENTH:** Lessor herein represents that it is the ~~fee owner~~ of the premises hereby leased and hereby covenants that Lessee on paying the rent and performing all and singular the covenants and conditions of this Lease on its part to be performed, shall and may peaceably and quietly have, hold and enjoy the demised premises for the term aforesaid, and for the term of any renewal or renewals hereof, free from molestation, eviction or destruction by the Lessor, or by any other person or persons lawfully claiming the same, and that the Lessor has good right to make this Lease for the full term hereby granted, including the period for which the Lessee has the right to effect a renewal hereof. Should Lessee be dispossessed from the premises by reason of a superior title, the payment of rent shall cease from and after the date of such dispossession and all rent that may have been prepaid for any period of time Lessee is deprived of its peaceful possession by reason of said dispossession, shall be returned to Lessee forthwith, but the Lessor shall not thereby be relieved of liability to the Lessee for damages sustained by Lessee due to such dispossession. Lessor further agrees that in the event the premises are sold during the term of this Lease or any extension thereof, a certified copy of the Deed of Conveyance or an executed copy of the Assignment of this Lease shall be furnished to Lessee, it being understood that the consideration for such conveyance may be deleted from such instruments.

**NSION**

**ELEVENTH:** That the Lessee may, at its option, obtain an extension of the term of this Lease, for a further term of ___twenty (20) years___ so as to expire ___April 30, 2014,___ and upon like terms and conditions, by giving to the Lessor written notice of its intention to extend on or before ___January 31, 1994___

**ELLATION**

~~TWELFTH: That the Lessee may cancel this Lease effective~~ 19___, or at any time thereafter by giving Lessor ___days' ~~written notice prior to such cancellation.~~

*Grantee in an Easement granted to it by the Tennessee Valley Authority by instrument dated May 5, 1975, and recorded in Volume 690, Page 698, Limestone County Records

**IMPROVEMENTS**

THIRTEENTH: That it is understood that the demised premises consist of unimproved real estate only and that any improvements or buildings placed or constructed upon said premises by the Lessee shall be and remain personal property and at all times belong to the said Lessee and at the expiration of the term of this Lease, or any renewal thereof, the Lessee may remove any such improvements, but Lessee shall repair any damage caused by such removal.

**SIGNS**

FOURTEENTH: That the Lessee shall have the right to install or place signs or posters anywhere on or about the demised premises and upon removal of said signs and posters at the termination of this Lease shall repair any damage caused by such installation and removal.

**CONDEMNATION**

FIFTEENTH: That in the event that the premises or any part thereof are taken or condemned for a temporary or permanent public or quasi-public use, Lessee may at its option terminate this Lease and in such event any unearned rent paid in advance shall be returned to Lessee, but nothing herein contained shall prevent Lessee from recovering from the condemning authority any damages sustained by Lessee due to such taking.

**WAIVER OF SUBROGATION**

SIXTEENTH: The Lessor and the Lessee waive all rights, each against the other, for damages caused by fire or other perils covered by insurance where such damages are sustained in connection with the occupancy of the leased premises.

**NOTICES**

SEVENTEENTH: That all notices to be given hereunder by either party shall be in writing and given by personal delivery to the Lessor or to one of the executive officers of the Lessee or shall be sent by registered mail addressed to the party intended to be notified at the post office address of such party last known to the party giving such notice and notice given as aforesaid shall be a sufficient service thereof, and shall be deemed given as of the date when deposited in any post office, or in any post office box regularly maintained by the Federal Government. Provided, however, that it is mutually agreed that the Lessee appoints the President, the Executive Vice Presidents and the Vice ** ~~and the Assistant Secretary (Secretaries)~~ of Argonaut Realty Division, General Motors Corporation, Argonaut Building, 485 West Milwaukee Avenue, Detroit, Michigan 48202, as its agents, and that any one of them may give all notices and receive all notices to be given hereunder, and may pay the rent, and notices shall be sent to any one of said agents and not otherwise. The right is hereby reserved by the Lessee to countermand such appointments and make others consistent herewith, due notice of which shall be given by the Lessee to the Lessor.

\*\*President in Charge of Real Estate, General Motors Corporation, and the Director

EIGHTEENTH:  It is understood by the parties that the premise hereby leased are being used in conjunction with a plant facility adjacent to the described premises.  In the event the Lease coveri the premises adjacent to the property herein described, which is dated May 1, 1974, and between the parties hereto, shall be terminated, Lessee shall have the right and option to terminate this Lease or any renewals hereof upon thirty (30) days prior written notice.

The use of the premises described herein is subject to the te conditions and covenants contained in the aforementioned Easement granted to Lessor by the Tennessee Valley Authority.

NINETEENTH:  At the election of Lessee, and upon written request of Lessee at any time, Lessor shall convey its aforesaid Easement rights to Lessee for the full consideration of ONE DOLLAR ($1.00) and in such event this Lease would automatically be terminated without further writing or action by either party.

The covenants and agreements contained in the foregoing Lease are binding upon the parties hereto and their respective heirs, executors, administrators, successors, legal representatives and assigns.

**In Witness Whereof,** Lessor has signed and sealed this instrument this ____10____ day of ____September____ A.D. 19 75 , and Lessee has signed and sealed this instrument this ____18th____ day of ____August____ A.D. 19 75 .

In the presence of:

THE INDUSTRIAL DEVELOPMENT BOARD
OF THE CITY OF ATHENS

BY _____
CHAIRMAN

ATTEST _____
SECRETARY

In the presence of:

Betty M. North

Carmen F. Paniccia

GENERAL MOTORS CORPORATION

BY _____
R. L. Kessler
Vice President

ATTEST _____
A. T. Hastings
Assistant Secretary

INSTRUMENT PREPARED BY:

West Grand Boulevard
, Michigan  48202

Beginning at a metal marker
(Coordinates: N. 1,692,409; E.
661,695) in the center line of a
road, in the South line of the
NW 1/4 Section 33 and in the
boundary of the United States of
America's land at a corner of the
lands of Mrs. G. Wilson Taylor and
Floyd P. Marsh; Thence with the
center line of the road approxi-
mately along the following bearings
and distances:  North 2 degrees 31
minutes West, 2292 feet to a metal
marker and North 5 degrees 36 min-
utes West, 357 feet, passing a
metal marker at 327 feet, to a
point in the center of a road
junction, in the North line of
Section 33 and in the boundary
of the United States of America's
land; Thence with the United States
of America's boundary line and the
center line of the road South 88
degrees 54 minutes East, 420 feet
to the Northeast corner of the
NW1/4NE1/4NW1/4 Section 33; Thence
leaving the road and with the East
line of the W1/2NE1/4NW1/4 Section
33 South 0 degrees 45 minutes West,
1050 feet, passing a metal marker
at 30 feet, to a concrete monument;
Thence, leaving the said East line,
North 89 degrees 15 minutes East,
232 feet to a concrete monument;
Thence South 2 degrees 55 minutes
East, 398 feet to a concrete monu-
ment; Thence South 87 degrees 31
minutes West, 259 feet to a concrete
monument in the East line of the
NW1/4SE1/4NW1/4 Section 33; Thence
South 0 degrees 49 minutes West,
1173 feet to a concrete monument at
the Southeast corner of the SW1/4
SE1/4NW1/4 Section 33; Thence North
88 degrees 33 minutes West, 247 feet
to the point of beginning, and con-
taining 22.1 acres, more or less.

EXHIBIT A



General Motors Corporation

**November 29, 1993**

The Industrial Development Board
   of the City of Athens
c/o James M. Corder
Alexander, Corder & Plunk, P.C.
Attorneys at Law
Jefferson at Green
P. O. Box 809
Athens, AL 35611

Gentlemen:

Pursuant to the Lease Agreement dated August 8, 1975, between your Corporation, as Lessor, and General Motors Corporation, as Lessee, covering premises containing approximately 22.1 acres of land in Limestone County, Alabama, and described as follows:

> A tract of land lying in Limestone County, State of Alabama, in the E1/2NW1/4 Section 33, Town 4 South, Range 4 West, on the East side of Pryor Branch Embayment of Wheeler Lake, approximately 1 1/2 miles North of Keller Memorial Bridge, which tract is more particularly described in Exhibit "A" attached to said Lease Agreement dated August 8, 1975,

we hereby notify you of our election to exercise our option to extend the term of said Lease for a period of twenty (20) years on all the terms and conditions contained in said Lease.

Also enclosed is a check in the amount of $1.00 as required by the terms of the Lease.

Please acknowledge receipt and acceptance of the above by signing and returning the enclosed

General Motors Building  3044 West Grand Boulevard  Detroit  Michigan  48202

The Industrial Development Board
of the City of Athens
Page 2

copy of this notice to Argonaut Realty, 485 West Milwaukee Avenue, Detroit, Michigan 48202,
Attention: Geri M. Ireson.

Sincerely,

GENERAL MOTORS CORPORATION

BY

RECEIPT AND ACCEPTANCE ACKNOWLEDGED

THE INDUSTRIAL DEVELOPMENT BOARD
OF THE CITY OF ATHENS

BY

DATE    1/6/94



$C^{-1}$

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on Exhibit "A" hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.      This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.      Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.      Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.      Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorney's fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: December 10, 1998

GENERAL MOTORS CORPORATION

By _____    SLS

JOHN J. DUES, General Director
Worldwide Real Estate

DELPHI AUTOMOTIVE SYSTEMS LLC

By _____    SLS

Its _Director Real Estate_

600(602).RE11043
Prepared 12/03/98

## EXHIBIT "A"

Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE
CITY OF ATHENS, as Landlord, and GENERAL MOTORS CORPORATION, as
Tenant, dated September 1, 1977, as amended, covering approximately 70.2824 acres of
land and buildings constructed thereon in Limestone County, Alabama, as more
particularly described in the Lease Agreement.

600(602).RE11043
Prepared 12/03/98

*Plants 21+23*
*Athens, AL*
*(1991 Lease)*

## ASSIGNMENT AND ASSUMPTION

Know all men by these presents that for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, GENERAL MOTORS CORPORATION, whose address is 3044 West Grand Boulevard, Detroit, Michigan 48202 ("Assignor"), hereby assigns, upon the terms and conditions herein contained, to DELPHI AUTOMOTIVE SYSTEMS LLC, whose address is 5725 Delphi Drive, Troy, Michigan 48098 ("Assignee") its entire right, title and interest, as Tenant, including, but not limited to, Tenant's option to purchase, in and to that certain Lease more particularly described on **Exhibit A** hereto (the "Lease"). The terms and conditions above referred to are as follows:

A.    This Assignment shall be effective as of January 1, 1999 (the "Effective Date").

B.    Assignee hereby assumes and agrees to perform all of the obligations of Tenant under the Lease from and after the Effective Date.

C.    Assignor shall indemnify Assignee, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorneys' fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease arising prior to the Effective Date.

D.    Assignee shall indemnify Assignor, its officers, directors, stockholders, representatives, agents and employees and save them harmless from and against any and all claims, actions, damages, liability, costs and expenses, including reasonable attorneys' fees, in connection with any obligations of Tenant under the Lease and all losses, including loss of life, personal injury and/or damage to property, arising from or out of any occurrence in, upon or at the premises covered by the Lease from and after the Effective Date.

Dated: February _16_, 2007

Print Name: *Moya Kelly*

Print Name: *Lisa Markham*

Print Name: *Donna Kustarz*

Print Name: *Susan L. Bacon*

**GENERAL MOTORS CORPORATION**

By: _____

Print Name: _____

Its: _____

**DELPHI AUTOMOTIVE SYSTEMS LLC**

By: _____

Print Name: _____ *Jim A. Jeffers*

Its: *Executive Director Operation Support Group*

**EXHIBIT A**

Lease Agreement between THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF
ATHENS (as Landlord) and GENERAL MOTORS CORPORATION (as Tenant), dated December 1,
1981, as amended, regarding machinery and equipment and additions to the buildings covered
by a May 1, 1974 lease between the parties for land in Limestone County, Alabama, as more
particularly described in the Lease Agreement.