SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 197
<u>(KNOX COUNTY TRUSTEE)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Knox County Trustee ("Knox County") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 197 (Knox County Trustee) and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 28, 2005, Knox County filed proof of claim number 197 against Delphi, which asserts a secured claim in the amount of $23,130.99 (the "Claim") arising from taxes allegedly owed by Delphi to Knox County.

WHEREAS, on June 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 11 2007, Knox County filed the Response On Behalf Of Knox County To Debtors' Seventeenth Omnibus Objection (Docket No. 8528) (the "First Response").

WHEREAS, on July 31 2007, Knox County filed the Response To Seventeenth

2

Omnibus Claims Objection By Knox County Trustee Scheduled Exhibit D-2 (Docket No. 8896) (the "Second Response").

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $17,744.32.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Knox County stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $17,744.32 and shall be treated as an allowed secured claim against the estate of DAS LLC.

2. Knox County hereby releases and waives any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date; <u>provided</u>, <u>however</u>, that to the extent that a confirmed plan of reorganization provides for postpetition interest with respect to the Claim, Knox County shall be entitled to that postpetition interest.

3. Knox County shall withdraw its First Response and Second Response to the Seventeenth Omnibus Claims Objection with prejudice.

3

So Ordered in New York, New York, this 15th day of September, 2008

             /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Dean B. Farmer |
| John Wm. Butler, Jr. | Dean B. Farmer |
| John K. Lyons | HODGES, DOUGHTY & CARSON, PLLC |
| Ron E. Meisler | P.O. Box 869 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Knoxville, Tennessee 37901-0869 |
| 333 West Wacker Drive, Suite 2100 | (865) 292-2307 |
| Chicago, Illinois 60606-1285 | Attorney for Fred Sisk, Knox County Trustee |
| (312) 407-0700 | |

     - and –

 Kayalyn A. Marafioti
 Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

4