Bonnie Steingart
Jennifer L. Rodburg
Richard J. Slivinski
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                              :      Chapter 11
                                                    :
 Delphi Corporation, et al.,                        :      Case No.  05-44481 (RDD)
                                                    :      (Jointly Administered)
                          Debtors.                  :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS TO THE RENEWED MOTION FOR
AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO PROSECUTE THE DEBTORS'
CLAIMS AND DEFENSES AGAINST
<u>GENERAL MOTORS CORPORATION</u>**

TO:   THE HONORABLE JUDGE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi

Corporation and the other above-captioned debtors (collectively, the "Debtors") by and through

its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, files this objection (the "Objection")

to the Renewed Motion of the Official Committee of Unsecured Creditors (the "Creditors'

Committee") for an Order Authorizing the Committee to Prosecute the Debtors' Claims and

Defenses Against General Motors Corporation ("GM") [Docket No. 14167] (the "Renewed STN Motion"), and respectfully states as follows:

## BACKGROUND

1. On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2. No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors' Committee. On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

3. On July 28, 2006, the Creditors' Committee filed its original motion (the "Original STN Motion") seeking authorization to prosecute the Debtors' claims and defenses against GM [Docket No. 4718].

4. On September 6, 2006, the Equity Committee filed an objection to the Original STN Motion (the "Previous Equity Committee Objection") [Docket No. 5070].

5. On September 29, 2006, the Equity Committee filed a motion for authorization to file under seal a supplemental objection in further support of its Previous Equity Committee Objection [Docket No. 5229].

6. On October 5, 2007, the Debtors, GM, the Creditors' Committee and the Equity Committee entered into a stipulation and consent order that suspended proceedings in connection with the Original STN Motion and tolled the statute of limitations with respect to claims asserted

by and against GM.

7.    On December 10, 2007, the Debtors filed their First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession (the "December Plan") [Docket No. 11386].  The Debtors also filed revised versions of the Delphi-GM Global Settlement Agreement (the "Approved GSA") and the Delphi-GM Master Restructuring Agreement (the "Approved MRA").

8.    On January 25, 2008, the Court entered an order confirming the December Plan (the "Confirmation Order") [Docket No. 11389], which became a final order on February 4, 2008.  The Court also approved the terms and conditions of the Approved GSA and the Approved MRA in the Confirmation Order.

9.    On April 4, 2008, the Debtors announced that the Debtors' plan investors had refused to participate in the closing of the Equity Purchase and Commitment Agreement (the "EPCA"), which was approved by the Court as amended on December 10, 2008 and which formed the basis of the December Plan.  Despite the non-implementation of the EPCA, the Debtors and GM did not terminate the Approved GSA or the Approved MRA, and the parties began discussions regarding modifications to the Debtors' December Plan and the settlement agreements.

10.    On September 12, 2008, the Debtors filed their motion (the "GM Settlement Motion") seeking an order approving amendments to the Approved GSA (as amended, the "Amended GSA") and the Approved MRA (as amended, the "Amended MRA" and, together with the Amended GSA, the "Amended Settlement Agreements") [Docket No. 14164].  On that same day, the Creditors' Committee filed the Renewed STN Motion.

**OBJECTION**

11.     The Equity Committee does not disagree with the Debtors' current efforts to maximize value from GM and thus, the Equity Committee is not objecting to the relief the Debtors are currently seeking pursuant to the GM Settlement Motion.  Nevertheless, if the Court does not approve the GM Settlement Motion and determines that the estates would be better served if a party other than the Debtors controlled the Debtors' claims, causes of action and defenses against GM (the "GM Claims"), the Creditors' Committee would not be the appropriate sole party to assume that role.  In essence, if the Court is inclined to designate a party other than the Debtors to pursue the GM Claims, the Equity Committee should be a designee individually or, if necessary, in conjunction with the Creditors' Committee.

12.     The value of the Debtors' claims, causes of action and defenses against GM is massive, and the settlement of these claims, causes of action and defenses will shape the Debtors' estates and form most of the value from which distributions will be allocated to the Debtors' stakeholders pursuant to a chapter 11 plan.  The Debtors are in chapter 11 because of GM and the Debtors have been harmed and damaged by GM's dominance and control of the Debtors since their inception and every day thereafter.  The Debtors' existing equity holders were and are the constituents most harmed and damaged by the wrongful conduct of GM prior to, during, and subsequent to GM's spin-off of the Debtors.  As a result, the Equity Committee has a sufficient interest in pursuing the GM Claims.

13.     In that regard, control of the GM Claims must lie with those who owe fiduciary duties to existing equity holders.  The Debtors, their officers, directors and various professionals owe fiduciary duties directly to equity holders and have a clear and definitive burden, duty and

4

obligation to achieve the maximum recovery possible on the GM Claims for the benefit of the Debtors' estates and all stakeholders.  See Commodity Futures Trading Com. v. Weintraub, 471 U.S. 343, 355 (U.S. 1985); Mims v. Kennedy Capital Mgmt., Inc. (In re Performance Nutrition, Inc.), 239 B.R. 93, 111 (Bankr. N.D. Tex. 1999) ("A trustee in bankruptcy owes a duty of care and a duty of loyalty to the corporation and its shareholders, similar to a director's fiduciary duties, but also owes those same duties to the creditors of the bankrupt corporation.").  It is precisely because of the Debtors' broad fiduciary duties that the Bankruptcy Code permits the Debtors to continue in the operation of its business as a debtor in possession.  See Commodity Futures Trading Com, 471 U.S. at 355 (citing Wolf v. Weinstein, 372 U.S. 633, 651 (1963) ("Indeed, the willingness of courts to leave debtors in possession 'is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee.'")).  Those fiduciary responsibilities of the Debtors "run[] to shareholders as well as to creditors." Id.

14. While the Equity Committee reserves the right to take issue with and object to the allocation of proceeds from the Amended Settlement Agreements in connection with the Debtors' chapter 11 plan process, the Equity Committee does not believe that the proposed settlement with GM should be disturbed at this time.  At this time, there is absolutely no reason, basis, merit or support for granting control of the GM Claims to the Creditors' Committee, and granting such control will not lead to the maximization of value for the benefit of all of the Debtors' stakeholders and the Debtors' estates as a whole.  The Creditors' Committee's clear intention by its Renewed STN Motion is to position itself to cut the best possible deal for its constituents without regard to the Debtors' other stakeholders or the Debtors' estates at large.

As such, granting the Creditors' Committee control will likely result in a settlement arrangement between the Creditors' Committee and GM that maximizes creditor recoveries to the potential detriment of the estates as a whole and certainly to existing equity.

15. To the extent that the Court determines that the GM Claims should no longer be vested with the Debtors, the Equity Committee would be the most appropriate party to pursue the GM Claims. As the statutory representative of the Debtors' existing equity holders (the constituency most harmed by GM's wrongful conduct), the Equity Committee is the only other party with both the duty and the incentive to maximize the value for those claims, causes of action and defenses.

## CONCLUSION

For the foregoing reasons and for reasons set forth in the Previous Equity Committee Objection, the Equity Committee respectfully requests that the Renewed STN Motion be denied, and control of the GM Claims remain with the Debtors at this time. However, if this Court determines that the Debtors should not be permitted to enter into the Amended Settlement Agreements and should no longer control and have authority to prosecute the GM Claims, the Equity Committee respectfully requests control over and authority to prosecute the GM Claims on behalf of the Debtors' estates solely or in conjunction with the Creditors' Committee.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: September 19, 2008
New York, New York

                    FRIED, FRANK, HARRIS, SHRIVER
                          & JACOBSON LLP

                    By: /s/ Bonnie Steingart
                        Bonnie Steingart
                        Jennifer L. Rodburg
                        Richard J. Slivinski

One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

7104846