BUCHANAN INGERSOLL & ROONEY PC
Counsel for Fiduciary Counselors, Inc.
620 Eighth Avenue, 23rd Floor
New York, NY 10018
(212) 440-4400 - Telephone
(212) 440-4401 - Facsimile
William H. Schorling, Esquire (WS-6322)

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**FIDUCIARY COUNSELORS INC.'S RESPONSE IN SUPPORT OF DEBTORS' EXPEDITED MOTION FOR ORDER AUTHORIZING DEBTORS TO IMPLEMENT AMENDED AND RESTATED GLOBAL SETTLEMENT AGREEMENT AND MASTER RESTRUCTURING AGREEMENT WITH GENERAL MOTORS CORPORATION**

Fiduciary Counselors Inc. ("FCI"), as independent fiduciary under the Delphi Hourly-Rate Employees Pension Plan ("HRP") hereby submits this Response (the "Response") In Support of Debtors' Expedited Motion For Order Authorizing Debtors To Implement Amended And Restated Global Settlement Agreement And Master Restructuring Agreement With General Motors Corporation (the "Motion"). In support of its Response, FCI respectfully represents as follows:

1. FCI is the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the HRP. In such capacity, FCI filed a proof of claim on the HRP's behalf on July 28, 2006 (the "Original Claim") for legally required contributions owed to the HRP. On January 16,

2008, FCI filed on HRP's behalf an amended proof of claim (the "Amended Claim", together with the Original Claim, the "Claim") to reflect additional unfunded required contributions. Based on information received from the HRP's actuaries, the Claim amount through December 31, 2007 was identified as $2.6 billion.

2. FCI has recently conferred with the HRP's actuaries and confirmed that the amount required to meet the statutory minimum funding requirements for the HRP as of September 30, 2008 will be in an amount ranging from $2.1 billion to $2.3 billion.

3. The Claim asserted administrative priority for amounts owed to the HRP. Moreover, under the Debtors' confirmed plan of reorganization (the "Plan"), upon the effective date of the Plan, the Debtors would assume and continue the HRP on a frozen basis and make all unpaid legally required contributions. Accordingly, payment of the Claim is a requirement for the Debtors' emergence from chapter 11.

4. GM and Delphi have obtained a private letter ruling from the Internal Revenue Service that the proposed 414(l) Transfer (as defined in the Motion) will eliminate Delphi's obligations for all contributions due on or before September 30, 2008. However, this result can only be achieved if the transfer occurs on or before September 29, 2008.

5. FCI supports the relief requested in the Motion. Effectuating the 414(l) Transfer (as defined in the Motion) in the manner described in the Motion in paragraphs 61 through 69 will substantially satisfy HRP's Claim (HRP will also still have claims for any unpaid amounts due in the future), making the Debtors' emergence from chapter 11 more viable. Implementing the 414(l) Transfer before September 30, 2008 will avoid application of the provisions of the Pension Protection Act to the unfunded HRP

obligations, again aiding the Debtors' exit from bankruptcy.  Finally, the 414(l) Transfer should mitigate the risk that the PBGC would take steps to terminate the HRP.

WHEREFORE, FCI respectfully requests that the Court grant the Motion.

Dated:  September 22, 2008

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  William H. Schorling (WS-6322)
William H. Schorling, Esquire (WS-6322)
620 Eighth Avenue, 23rd Floor
New York, NY 10018
(212) 440-4400 - Telephone
(212) 440-4401 - Facsimile

*Counsel for Fiduciary Counselors Inc.*