# Exhibit 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                               :      Chapter 11
:
DELPHI CORPORATION, et al.,         :      Case No. 05-44481 (RDD)
:
                           Debtors.    :      (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER AUTHORIZING AMENDMENT TO ARRANGEMENT WITH
GENERAL MOTORS CORPORATION APPROVED PURSUANT TO
SECOND DIP EXTENSION ORDER (DOCKET NO. 13489)

("GM ARRANGEMENT AMENDMENT APPROVAL ORDER")

Upon the motion, dated August 6, 2008 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order authorizing an amendment to the arrangement with General Motors Corporation approved pursuant to the Second DIP Extension Order (Docket No. 13489); and upon the objection of CR Intrinsic Investors, LLC and Highland Capital Management, L.P. (Docket No. 14082), the preliminary (Docket No. 14168) and subsequent (Docket No. 14205) objections of the official committee of unsecured creditors (collectively, the "Objections"); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883),

and the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered July 23, 2008 (Docket No. 13965), and no other or further notice being necessary; and the Court having held a hearing on the Motion on ~~August 26,~~September 23, 2008 (the "Hearing"); and upon the record of the Hearing and after due deliberation and consideration, and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The Motion is hereby granted in its entirety.

    <u>3.    The Objections to the Motion that have not been withdrawn are hereby overruled.</u>

    <u>4.</u>    ~~3.~~ The Debtors are hereby authorized, but not directed, to execute, deliver, and perform their obligations under the GM Arrangement[1] substantially in the form attached as <u>Exhibit A</u> hereto. Without limiting the foregoing, such authorization shall include authorization of Delphi pursuant to section 364(b) of the Bankruptcy Code to receive additional advances of up to $300,000,000 pursuant to the terms of the GM Arrangement Amendment and pay any and all fees and expenses provided for by the GM Arrangement Amendment.

---

[1]    Capitalized terms used but not defi<u>ne</u>~~n~~d herein shall have the means ~~in~~<u>gs</u> ascribed to them ~~ni~~<u>in</u> the Motion.

2    DeltaView comparison of pcdocs://nycsr05a/673192/5 and pcdocs://nycsr05a/673192/7. Performed on 9/22/2008.

5.    4. Upon the effectiveness of the GM Arrangement Amendment, the Second DIP Extension Order is hereby deemed amended by replacing Exhibit B thereto with the GM Arrangement Amendment (as defined below) substantially in the form attached hereto as Exhibit A, and all of the provisions of the Second DIP Extension Order applicable to the form of GM Arrangement attached thereto and all other documentation executed in connection therewith shall be deemed to apply to the GM Arrangement Amendment attached hereto.

6.    5. The Second DIP Extension Order shall be deemed supplemented by this order, and the DIP Order (as supplemented by the DIP Extension Order, the Second DIP Extension Order, and the Supplemental Second DIP Extension Order, as supplemented hereby) shall continue in full force and effect.

7.    6. Wihtout Without limiting the generality of the foregoing, upon effectiveness of the GM Arrangement Amendment, GM and its relevant Affiliates (as defined in the GM Arrangement Amendment, the "GM Affiliates") shall have (a) allowed claims with administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code against Delphi and the GM Guarantors for all Obligations (as defined in the GM Arrangement Amendment, the "GM Arrangement Obligations") owing to GM or any applicable GM Affiliates and (b) all other rights under the GM Arrangement Amendment, including, without limitation, the ability to exercise the right to setoff and apply, subject to the terms of the GM Arrangement Amendment, any indebtedness or liabilities owing by GM or the GM Affiliates to or for the credit or the account of Delphi or the GM Guarantors against any and all GM Arrangement Obligations of Delphi or the GM

Guarantors without need to seek additional modification of the automatic stay imposed pursuant to section 362 of the Bankruptcy Code and without further order of the Court.

      8. ~~7.~~ The GM Arrangement Amendment has been negotiated in good faith and at arm's-length between the Debtors and GM, and all of the GM Arrangement Obligations as authorized by this order have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code. In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all provisions of this order, the Second DIP Extension Order, or the GM Arrangement Amendment are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien (including any rights of setoff of GM or any GM Affiliate permitted by the GM Arrangement Amendment and this order or the Second DIP Extension Order) or claim authorized or created hereby or thereby. Notwithstanding any such modification, amendment, or vacation, any claim granted to GM or any GM Affiliate hereunder or under the GM Arrangement Amendment arising prior to the effective date of such amendment, modification, or vacation shall be governed in all respects by the original provisions of this order, the Second DIP Extension Order, and the GM Arrangement Amendment, and GM and the GM Affiliates shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

      9. ~~8.~~ A sound business purpose exists for the Debtors to incur all obligations under the GM Arrangement Amendment in accordance with the requirements of 11 U.S.C. § 363(b).

---

4    DeltaView comparison of pcdocs://nycsr05a/673192/5 and pcdocs://nycsr05a/673192/7. Performed on 9/22/2008.

10. ~~9.~~ In the event of any inconsistency between the provisions of this order and the GM Arrangement Amendment, the provisions of this order shall govern.

11. ~~10.~~ This Court shall retain jurisdiction to enforce and implement the terms and provisions of the GM Arrangement Amendment in all respects.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated:  New York, New York
~~August~~ September____,
2008

                                                          UNITED STATES BANKRUPTCY JUDGE