Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004
Attn: Deliver directly to the chambers of Honorable Robert D. Drain

Dear Honorable Judge Drain,

As you approach the impending hearing on the Delphi proposal announced on September 12, 2008 to resolve pension funding issues, I would like to bring the following issue to your attention. As you may be aware the group of retired Delphi Executives, listed in **Amended Schedule F – Creditors Holding Unsecured Non-priority Claims**, have been active with Delphi and General Motors (GM) to insure equitable treatment concerning our Supplemental Executive Retirement Program (SERP) portion of our pension agreement with Delphi.

Following the delay of the original emergence plan in early 2008, the group initiated individual letters to General Motors (Mr. G. R. Wagoner, Jr., Chairman and CEO) and Delphi (Mr. Rodney O'Neal, CEO) to outline our concerns with the original treatment of the retired executives SERP claims (Attachment 1). We received responses from GM in the June - August 2008 timeframe stating "...sufficient assets were provided to Delphi for this benefit" (Attachment 2) on our behalf.

In the most recent pension settlement proposal of September 12, 2008, Exhibits 11, 13 and 15 raise serious concern, that while additional assets are being transferred for the SERP program, the current retirees will be excluded from equitable SERP treatment.

Our concern is that we would like to insure that fair treatment is given to the current retired executives through either (1) the continuation of our SERP payments or (2) through a fairly determined cash settlement. In either case, sufficient assets have been provided for SERP and therefore its continuance should not be subject to the risk of an indeterminate stock issuance (as cited in our individual letters to GM/Delphi as referenced in Attachment 1).

We would like to ensure your awareness concerning this issue and are requesting your careful consideration, that this matter be resolved fairly with respect to our concern in the final resolution of the larger issue.

Respectfully,

Michael K. Stout
SEPT 19, 2008

**Attachment 1**

Mr. Rick Wagoner, Chairman and CEO
General Motors Corporation
P. O. Box 33170
Detroit, Michigan, 48232-5170

To: Rick Wagoner, Chairman and CEO, General Motors
Cc: Rodney O'Neal, President and CEO, Delphi

Subject: Please Help Your Retired Executives

Dear Mr. Wagoner,

As Delphi and GM work diligently to reconfigure Delphi's bankruptcy exit plan, I would like to take this opportunity to offer the thoughts shared by many of the non-officer level Delphi retired unclassified executives that I have spoken with. You should be aware that as the original reorganization plan rolled out, the retired executive community initiated an e-mail campaign to try and obtain best value (translate to mean "minimize losses") for the proposed SERP settlement. It quickly became obvious the rights offering and stock distribution would result in not only a significant loss in fixed income stream, but also a potentially unwarranted tax burden on a group of individuals with no recourse for mitigation.

For these reasons I am requesting that you reconsider the direction to consider the Delphi executive retirees as a simple class of "unsecured creditors" with respect to SERP. As GM takes a larger roll in the responsibility for legacy pensions and benefits, I am requesting GM accept responsibility for the current Delphi executive retirees on-going monthly SERP benefits because:

1. We materially "earned" it at GM. Most of the Delphi retirees dedicated the majority of their careers to the success of GM. Using myself as an example: I spent 32 of my 32.5 years at GM with only ~½ years at Delphi – and now I am going to lose the monthly SERP payments that I "earned" for my years of dedicated service at GM.

2. GM has a reputation of doing the right thing. GM has a long history of taking responsibility to minimize impacts on former executives in similar matters. All were told during the spin-off – "you will be treated the same [as other GM executives] – don't be concerned." To date this has not happened. Under the original reorganization plan, 21% of our SERP value has been lost. We were told that there were two ways to obtain value from the discounted rights distributed to us. One was to purchase/execute the discounted rights or, two, to sell /transfer the discounted rights to someone else. Due to the lack of any market, I was unable to sell/transfer any of the discounted rights that were pledged to me in lieu of a portion of my SERP benefit. As a result, the method proposed by Delphi for their retirees to achieve value did not materialize. And, the ultimate value of any new Delphi stock is still in question. In addition to the SERP treatment, we have had our SLBP (Supplemental Life Benefit Program) and PULI (Personal Umbrella Liability Insurance) discontinued.

3. Its fair treatment for all "spin-off" retirees. To do this would provide equity for all former employees of GM affected by Delphi's spin-off and subsequent bankruptcy, whether formerly an hourly or salary retiree.

4. It's the ethical and responsible thing to do. SERP Retirees are not Companies – we are people. As a group of approximately 100+ people we are currently being treated like companies by putting us in the group of "Class C - Unsecured Creditors." Companies can "write off" most "bad debt", while we as individuals cannot take losses incurred as a result of this settlement.

In conclusion, I would hope, as Delphi configures a new reorganization plan, with GM's input, that the retired SERP eligible executives might receive better treatment than in the last plan.

Sincerely,

**Attachment 2**



Gregory E. Lau Executive Director

Global Compensation and Corporate Governance

General Motors Corporation 300 Renaissance Center Mail Code 482-C32-C66 Detroit,
MI 48265-3000 (313) 665-3021

Your letter to Mr. G. R. Wagoner, Jr. concerning your Delphi SERP benefit has been
forwarded to me for response.

As part of the spin-off transaction, Delphi and the Delphi SERP plan assumed all the
responsibilities and obligations of GM related to SERP liability for active executives
transitioning to Delphi, including but not limited to the liability for service time that had
been rendered at GM. At the same time, sufficient assets were provided to Delphi for
this benefit.

As GM has no responsibility or liability for SERP benefits of Delphi executive retirees, we
are unable to support your request.

Gregory E. Lau