Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004
Attn: Deliver directly to the chambers of Honorable Robert D. Drain

Dear Judge Drain:

    As you approach the impending hearing on the Delphi proposal announced on September 12, 2008 to resolve pension funding issues, I would like to bring the following issue to your attention. As you may be aware the group of retired Delphi Executives, listed in **Amended Schedule F – Creditors Holding Unsecured Non-priority Claims**, have been active with Delphi and General Motors (GM) to insure equitable treatment concerning our Supplemental Executive Retirement Program (SERP) portion of our pension agreement with Delphi.

    Following the delay of the original emergence plan in early 2008, the group initiated individual letters to General Motors (Mr. G. R. Wagoner, Jr., Chairman and CEO) and Delphi (Mr. Rodney O'Neal, CEO) to outline our concerns with the original treatment of the retired executives SERP claims (Attachment 1). We received responses from GM in the June - August 2008 timeframe stating "…sufficient assets were provided to Delphi for this benefit" (Attachment 2) on our behalf.

    In the most recent pension settlement proposal of September 12, 2008, Exhibits 11, 13 and 15 raise serious concern, that while additional assets are being transferred for the SERP program, the current retirees will be excluded from equitable SERP treatment.

Our concern is that we would like to insure that fair treatment is given to the current retired executives through either (1) the continuation of our SERP payments or (2) through a fairly determined cash settlement. In either case, sufficient assets have been provided for SERP and therefore its continuance should not be subject to the risk of an indeterminate stock issuance (as cited in our individual letters to GM/Delphi as referenced in Attachment 1).

    We would like to ensure your awareness concerning this issue and are requesting your careful consideration, that this matter be resolved fairly with respect to our concern in the final resolution of the larger issue.

Respectfully,

*Ronald R. Malanga*

Ronald R. Malanga
1567 Woodhill Drive N.E.
Warren, OH 44484

1567 Woodhill Drive NE
Warren, OH 44484
May 21, 2008

Mr. Rick Wagoner, Chairman and CEO
General Motors Corporation
P.O. Box 33170
Detroit, Michigan 48232-5170

Cc. Rodney O'Neal, President and CEO, Delphi

Dear Mr. Wagoner:

    I am writing to add my voice to the growing chorus of retired Delphi executives who feel abandoned by the company we were shuffled off to in 1999, but, more importantly, by the company where most of us began our careers and spent the large majority of our work life, General Motors. As the original reorganization plan was rolled out with its proposed SERP settlement, the retired executive community sought to obtain the best value for what was being offered. It quickly became obvious that the Rights Offering and stock distribution would result in not only a significant loss in our fixed income stream, but also a potentially unwarranted tax burden which further deteriorates the value of any settlement.

    As GM works with Delphi to reconfigure the bankruptcy exit plan, with GM appearing to take a larger role in legacy costs for some classes of employes, I am requesting that you reconsider the treatment afforded GM/Delphi executive retirees as "unsecured creditors" with respect to our SERP. My reasons for this request are:

1. <u>We materially "earned" it at GM.</u> Using myself as an example, I spent 28 years at General Motors and two at Delphi. I now stand to lose my SERP payments that were largely earned during my GM service. At the same time, my peers who retired from Delphi a year earlier are protected as "GM retirees."

2. <u>GM has a reputation for doing the right thing.</u> GM has a long history of taking responsibility to minimize impacts on its employes in similar matters. We were repeatedly told during the spin-off that we would "be treated the same [as other GM executives] – don't be concerned." To date, this has not happened. Being a part of Delphi with its shaky financial position and poor results has cost us in salary and bonus treatment during the latter part of our careers and now we see 21% of our SERP as worthless given that we could

find no market for the Rights Offering. Additionally, the ultimate value of the new Delphi stock was highly speculative serving to put the balance of our SERP in jeopardy; this on top of the loss of our Supplemental Life Benefit Program and Personal Umbrella Liability Insurance.

3. <u>It would be the ethical and responsible thing to do.</u> Retirees are not companies – we are people. Our group of approximately 150 people is now being treated the same as companies by putting us in the group of "Class C-Unsecured Creditors." Companies can "write off" what is lost as "bad debt." We, as individuals, are facing the prospect of our futures being heavily impacted by the loss of the value of our SERP which would result from the current settlement plan.

In conclusion, as the new reorganization plan is developed, my request is that the retired GM/Delphi executives continue to receive our SERP benefit. If that is not financially feasible, we would, at least, appreciate a more equitable settlement offer, perhaps one which would include cash instead of just speculative rights and stock. In addition, some provision which would enable us to shelter the proceeds from immediate taxation as " ordinary income" would also be most appreciated.

Sincerely,

Ronald R. Malanga

Ronald R. Malanga

Delphi/General Motors Retiree

*ATTACHMENT 2*



Gregory E. Lau
Executive Director
Global Compensation and
 Corporate Governance

General Motors Corporation
300 Renaissance Center
Mail Code 482-C32-C66
Detroit, MI 48265-3000
(313) 665-3021

August 5, 2008

Ronald R. Malanga
1567 Woodhull Drive, NE
Warren, OH 44484-3932

Dear Mr. Malanga:

Your letter to Mr. G. R. Wagoner, Jr. concerning your Delphi SERP benefit has been forwarded to me for response.

As part of the spin-off transaction, Delphi and the Delphi SERP plan assumed all the responsibilities and obligations of GM related to SERP liability for active executives transitioning to Delphi, including but not limited to the liability for service time that had been rendered at GM. At the same time, sufficient assets were provided to Delphi for this benefit.

As GM has no responsibility or liability for SERP benefits of Delphi executive retirees, we are unable to support your request.

Sincerely,

Gregory E. Lau

Ron —
Am sorry about this
outcome.
[signature]