Date: September 18, 2008

To: Honorable Robert D. Drain; Delphi Corporation; Counsel to the debtors; Counsel for the agent under the post petition credit facility; Counsel for the official committee of unsecured creditors; Counsel for the official committee of equity security holders; The Office of the United States Trustee for the Southern District of New York.

Re: Objections to Notice of Expedited Motion for Order Under 11 U.S.C.& 363 for Authority to Modify Benefits under Hourly and Salaried Pension Programs and Modify Applicable Union Agreements In Connection therewith

As a Salaried Employee, an unsecured creditor; and a current or former equity security holder I have 3 objections:

1) To the frivolous waste of an estimated $4 million* spent by the Delphi Attorneys to send 1lb. hard copies of this document via FedEx Priority Overnight to the homes of every employee. It is a company related document. There are other channels of communication that would have been far less expensive. For example - It could have been sent via mass E-mail for free. If buttons were included in the E-mail there would have been a record of receipt. Since the FedEx packages required no signature, there is no record. *Note that the cost estimate does not include charges for document preparation, printing, or envelope stuffing. It covers only paper and minimum possible FedEx charges.

2) To the plan to freeze the SERP effective 9/30/08 and to partially replace the loss to employees of previously committed funds with a Delphi "Defined Contribution Plan" effective 10/108 but not becoming payable until emergence. The "Defined Contribution Plan" creates a Post-Petition debt which must be paid immediately by bankruptcy law as I understand it. Either the SERP freeze should be postponed until emergence or the payment of the Defined Contribution Plan should begin October 1, 2008. Delphi should not be allowed to have it both ways.

3) To the repeated reference to the "Defined Contribution Plan" as "unsecured and unfunded". This is part of a pension plan and as such should be both funded and either secured or insured.

Thank you for considering these objections.

Respectfully;

Dawn M. Eaton
2402 Lehigh Parkway S.
Allentown, Pa. 18103
EDTC 2N