SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 12667
(CONTRARIAN FUNDS, LLC AND CEP LIQUIDATING TRUST,
AS SUCCESSOR TO CEP PRODUCTS LLC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Contrarian Funds, LLC ("Contrarian") and CEP Liquidating Trust, as successor to CEP Products LLC ("CEP") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12667 (Contrarian Funds, LLC And CEP Liquidating Trust, As Successor To CEP Products LLC) and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), Delphi, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on July 28, 2006, Contrarian, as assignee of CEP Products LLC f/k/a Carlisle Engineered Products, filed proof of claim number 12667 (the "Proof of Claim") against DAS LLC asserting an unsecured non-priority claim in the amount of $3,585,701.25 (the "Claim") arising from the sale of goods.

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 9, 2007, Contrarian filed its Response Of Contrarian

2

Funds, LLC To Debtors' Nineteenth Omnibus Claims Objections (Docket No. 8953) (the "Response").

WHEREAS, on January 25, 2008, the Delphi Bankruptcy Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (Docket No. 12359) (the "Confirmation Order"), thereby confirming the Plan (as defined in the Confirmation Order).

WHEREAS, on August 21, 2008, to resolve the Nineteenth Omnibus Claims Objection and the Response with respect to the Claim, DAS LLC, CEP, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $3,077,717.78.

WHEREAS, nothing in this Joint Stipulation and Agreed Order, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that the transfer of the Claim constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Joint Stipulation and Agreed Order to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize the transfer of the Claim as a sale to Contrarian or to characterize the transfer of the Claim as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P.

3

9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

WHEREAS, as of the date of this Settlement Agreement, CEP would be entitled to a cure payment in the amount of $10,618.34 with respect to an executory contract or unexpired lease to which CEP is a party, under which Claim 12667 arose, with the Debtors' obligation to make such a cure payment being subject to (i) the assumption of the executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code and (ii) the terms and conditions of the Plan.

THEREFORE, the Debtors, CEP, and Contrarian stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $3,077,717.78 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce Claim 12667 by no more than $10,618.34 for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors, to the extent, and in such amount, of cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which CEP is a party and under which Claim 12667 arose.

3. The Nineteenth Omnibus Claims Objection and the Response, with respect to the Claim, are deemed resolved by the terms of the Settlement Agreement.

So Ordered in New York, New York, this 25th day of September, 2008

   /s/Robert D. Drain                      
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Daniel A. Fliman |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700<br><br>- and –<br><br>  Kayalyn A. Marafioti<br>  Thomas J. Matz<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br><br>Attorneys for Delphi Corporation, et al.,<br>   Debtors and Debtors-in-Possession | David S. Rosner<br>Adam L. Shiff<br>Jeffrey R. Gleit<br>Daniel A. Fliman<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700<br><br>Attorneys for Contrarian Funds, LLC |

| /s/ William C. Price |
|---|
| Mark E. Freedlander<br>Sally E. Edison<br>William C. Price<br>MCGUIREWOODS LLP<br>Dominion Tower, 23rd Floor<br>625 Liberty Avenue<br>Pittsburgh, PA 15222<br>(412) 667-6000<br><br>Attorneys for CEP Liquidating Trust |