SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
     In re                      :         Chapter 11
                                 :
DELPHI CORPORATION, et al.,    :         Case No. 05–44481 (RDD)
                                 :
                 Debtors.    :         (Jointly Administered)
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND
ALLOWING PROOFS OF CLAIM NUMBERS 6672 AND 10380
(CONTRARIAN FUNDS, LLC AND MEADWESTVACO CORPORATION)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive System LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), MeadWestvaco Corporation ("MWV"), and Contrarian Funds, LLC ("Contrarian") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 6672 And 10380 (Contrarian Funds, LLC And MeadWestvaco Corporation) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on December 3, 2004, MWV entered into a contract, identified as 550064177, with DAS LLC and on December 20, 2004, MWV entered into a contract identified as 550058463 (together, the "Prepetition Contracts"), with DAS LLC.

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, on October 10, 2005, MWV submitted a demand to the Debtors asserting a reclamation claim in the amount of $578,146.23 (the "Reclamation Demand").

WHEREAS, on May 23, 2006, MWV filed proof of claim number 6672 ("Proof of Claim No. 6672") against DAS LLC, asserting an unsecured non-priority claim in the amount of $550,655.78 ("Claim 6672") arising from the sale of goods.

WHEREAS, on June 16, 2006, the Debtors and MWV entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and MWV acknowledge and agree that the valid amount of the Reclamation Demand is $28,965.90 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding MWV's agreement to the amount set forth in the

2

Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on July 24, 2006, Contrarian, as assignee of MWV, filed proof of claim number 10380 ("Proof of Claim No. 10380" and together with Claim 6672, the "Claims") against DAS LLC, asserting an unsecured non-priority claim in the amount of $1,462,250.93 and a secured claim in the amount of $24,826.27 arising from the sale of goods.

WHEREAS, on September 21, 2007, the Debtors objected to Proof of Claim No. 10380 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 17, 2007, MWV filed its Response Of MeadWestvaco Corporation, As Transferor Of Claim No. 10380 To Contrarian Funds, LLC, To The Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 10631) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the

Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on MWV with respect to the Reclamation Claim, whereby the Debtors presented MWV with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which MWV is seeking a Reclamation Claim are or were subject to a valid security interest.

WHEREAS, on December 21, 2007, the Debtors mailed a "Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization" (the "Cure Amount Notice") to MWV, indicating the Debtors' proposed cure payment.

WHEREAS, on January 25, 2008, the Delphi Bankruptcy Court entered the Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (Docket No. 12359), which authorizes the Debtors to assume, pursuant to sections 365 and 1123 of the Bankruptcy Code, certain executory contracts or unexpired leases (each, an "Assumable Agreement").

WHEREAS, section 365 of the Bankruptcy Code requires that a default in an Assumable Agreement be cured, or that the counterparty to such contract be given adequate

assurance of prompt cure, in an amount sufficient to cure the default.

WHEREAS, on January 11, 2008, MWV returned the Cure Amount Notice indicating that MWV disagreed with Debtors' proposed cure payment.

WHEREAS, the Debtors and MWV acknowledge and agree that the Prepetition Contracts have expired or been cancelled, and therefore no cure payment is owed on account of the Prepetition Contracts.

WHEREAS, MWV returned the Reclamation Election Notice and chose to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed.

WHEREAS, on August 29, 2008, to resolve the Twenty-First Omnibus Claims Objection with respect to Claim 10380, DAS LLC, MWV, and Contrarian entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 6672 shall be allowed against DAS LLC in the amount of $60,655.78.

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 10380 shall be allowed against DAS LLC in the amount of $1,444,045.60.

WHEREAS, nothing in this Joint Stipulation, including without limitation the recital paragraphs hereof, shall be deemed to conclusively determine that the transfer of Claim 10380 constitutes a sale to Contrarian or constitutes an assignment to Contrarian. Notwithstanding anything in this Joint Stipulation to the contrary including, without limitation, the recital paragraphs hereof, Contrarian expressly reserves the right to characterize the transfer of Claim 10380 as a sale to Contrarian or to characterize the transfer of Claim 10380 as an assignment to Contrarian and the Debtors expressly reserve the right to contest the same.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement

either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors, MWV, and Contrarian stipulate and agree as follows:

1. Claim 6672 shall be allowed in the amount of $60,655.78 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim 10380 shall be allowed in the amount of $1,444,045.60 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. The Twenty-First Omnibus Claims Objection and the Response, with respect to Claim 10380, are deemed resolved by the terms of the Settlement Agreement.


So Ordered in New York, New York, this <u>25th</u> day of September, 2008


       <u>/s/Robert D. Drain</u>                       
       UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Daniel A. Fliman |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | David S. Rosner<br>Adam L. Shiff<br>Jeffrey R. Gleit<br>Daniel A. Fliman<br>KASOWITZ, BENSON, TORRES &<br>FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019<br>(212) 506-1700 |
| | Attorneys for Contrarian Funds, LLC |
| - and – | /s/ Margot Erlich |
| Kayalyn A. Marafioti<br>Thomas J. Matz<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000 | Margot Erlich<br>PILLSBURY WINTHROP SHAW PITTMAN<br>LLP<br>1540 Broadway<br>New York, New York 10036<br>212-858-1536 |
| Attorneys for Delphi Corporation, et al.,<br>  Debtors and Debtors-in-Possession | Attorneys for MeadWestvaco Corporation |

7