**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**INTERIM ORDER UNDER 11 U.S.C. §§ 328 AND 1103**
**AUTHORIZING EMPLOYMENT AND RETENTION OF**
**MOELIS & COMPANY LLC AS CO-INVESTMENT BANKER TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JULY 1, 2008**

Upon the application, dated September 3, 2008 (the "Application"), of the Official

Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee")

for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016

and 5002 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the

employment and retention of Moelis & Company LLC ("Moelis") as co-investment banker to the

Committee *nunc pro tunc* to July 1, 2008; and upon the Declaration of William Q. Derrough, a

Managing Director of Moelis (the "Derrough Declaration"); and upon the proceedings held

before this Court; and this Court having determined that the relief requested in the Application is

in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that

Moelis does not represent any entity having an adverse interest in connection with these cases;

and the Court being satisfied that the terms of compensation being sought by Moelis as set forth

in the Engagement Letter attached to the Derrough Declaration as Annex 1 (the "Engagement

Letter") are reasonable; and it appearing that proper and adequate notice of the Application and

the terms of the Engagement Letter has been given and that no further notice is necessary; and

after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Application is GRANTED on an interim basis.

2.      The Committee is authorized to employ and retain Moelis, *nunc pro tunc* to July 1, 2008, as its co-investment banker, on an interim basis (pending a final hearing) pursuant to the terms set forth in the Engagement Letter.

3.      During the time in which this Interim Order is in effect, Moelis is entitled to receive from the Debtors' estates, as compensation for its services in these cases: (a) a monthly fee of $131,250 per month and (b) a transaction fee in an amount equal to one third of (i) 0.50% of Total Consideration (as defined in the Engagement Letter) greater than $0.50 and up to including $0.75 per $1.00 of allowed unsecured claim and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim.  The Transaction Fee payable to Moelis shall not be less than $0.67 million or greater than $3.33 million (the "Cap").  Moelis reserves the right to request modification of the Cap.  Any request by Moelis or Jefferies & Company, Inc. to modify or waive the Cap, as defined in (a) the Engagement Letter and (b) the engagement letter between Jefferies & Company, Inc. and the Committee, shall be analyzed by this Court under the standards applicable to professional fee enhancement requests.  To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash.  To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

4.      All of Moelis' fees and expenses in these chapter 11 cases, including without limitation the monthly fees and the transaction fees, are approved pursuant to section 328(a) of the Bankruptcy Code.  Except as set forth in the next decretal paragraph, compensation and

expense reimbursements sought by Moelis shall not hereafter be subject to challenge or review except under the standards of review under 11 U.S.C. § 328(a).

5.      Any and all fees will be paid to Moelis upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by this Court in these cases provided, however, that Moelis' restructuring professionals shall keep time records in one-hour increments and Moelis' non-restructuring professionals shall not be required to keep time records.  Any fees or expenses paid to Moelis but disapproved by this Court will be promptly returned by Moelis to the Debtors' estates.  Only the United States Trustee shall retain the right to object to Moelis' fee applications (including expense reimbursements) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

6.      All requests of Indemnified Persons (as defined in the Engagement Letter) for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to review by this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, subject to the condition that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

7.      In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors,

their estates or the Committee asserts a claim for, and the Court determines by final order that

such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence,

or willful misconduct on the part of that or any other Indemnified Person.

8.      In the event an Indemnified Person seeks reimbursement for attorneys' fees from

the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from

such attorneys shall be included in Moelis' own interim and final fee applications, and such

invoices and time records shall be subject to the United States Trustee's guidelines for

compensation and reimbursement of expenses and the approval of the Bankruptcy Court under

the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has

been retained under section 1103 of the Bankruptcy Code.

9.      To the extent that any express term of this Interim Order is inconsistent with the

Engagement Letter, such term of this Interim Order shall govern.

10.      Objections, if any, to the approval of the Application on a final basis must (a) be

in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy

Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court in

accordance with General Order M-242, as amended (registered users of the Bankruptcy Court's

case filing system must file electronically and all other parties-in-interest must file on a 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) served upon (i) Moelis at

245 Park Avenue, 32nd Floor, New York, New York 10167 (Att'n: William Q. Derrough), (ii)

counsel to the Committee, Latham & Watkins LLP, at 885 Third Avenue, New York, NY 10022

(Att'n Robert J. Rosenberg and Mark A. Broude), (iii) Delphi Corporation, 5725 Delphi Drive,

4

Troy, Michigan 48098 (Att'n: General Counsel), (iv) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr.), (v) counsel to the agent under the Debtors' post-petition credit facility,

Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald

Bernstein and Brian Resnick), (vi) counsel to the Official Committee of Equity Security Holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

(Att'n Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York 10044 (Att'n: Alicia M.

Leonhard and Brian S. Masumoto), in each case so as to be received no later than 4:00 p.m.

Eastern Time on November 14, 2008.   The hearing to determine whether to approve the

Application on a final basis will be held on November 21, 2008, or on such other date as this

Court may determine.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Interim Order.

12.     This Interim Order shall remain in full force and effect until the time the Court

enters a final order approving Moelis' retention.

13.     The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.


Date:   New York, New York
        September 25, 2008


                              /s/Robert D. Drain_____
                              UNITED STATES BANKRUPTCY JUDGE


                                         5