Exhibit A

Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
     In re                           :       Chapter 11
                                         :
DELPHI CORPORATION, et al.,      :       Case No. 05–44481 (RDD)
                                       :
                 Debtors.     :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 9463 AND 9464
(LYDALL THERMAL/ACOUSTICAL SALES LLC)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Lydall Thermal/Acoustical Sales LLC (formerly known as Lydall Westex) ("Lydall") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 9463 And 9464 (Lydall Thermal/Acoustical Sales LLC) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 13 2006, Lydall filed proof of claim number 9463 ("Claim No. 9463") and proof of claim number 9464 ("Claim No. 9464," together with Claim No. 9463, the "Claims") against DAS LLC, which assert unsecured non-priority claims in the amounts of $108,415.00 and $5,465.00, respectively, stemming from the sale of goods and services provided.

WHEREAS, on March 16, 2007, the Debtors objected to Claim No. 9464 pursuant to the Debtors' (i) Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection"), seeking to modify Claim No. 9464 to an asserted amount of $4,840.00 against the estate of DAS LLC.

WHEREAS, Lydall did not file a response to the Eleventh Omnibus Claims Objection and on April 23, 2007, this Court entered the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification Identified in Eleventh Omnibus Claims Objection (Docket No. 7771), modifying Claim No. 9464 to an asserted amount of $4,840.00 against the estate of DAS LLC.

WHEREAS, on April 27, 2007, the Debtors objected to Claim No. 9463 pursuant to the Debtors' (i) Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject to Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May, 23 2007, Lydall filed its Response And Reservation of Rights (Docket No. 8015) (the "Response") to Debtors' Thirteenth Omnibus Claims Objection.

WHEREAS, on September 19, 2008, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim No. 9463 and provide for the allowance of Claim No. 9464, DAS LLC and Lydall entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that (i) Claim No. 9463 shall be allowed as a general unsecured non-priority claim against

3

DAS LLC in the amount of $15,900.27 and (ii) Claim No. 9464 shall be allowed as a general unsecured non-priority claim against DAS LLC in the amount of $4,840.00.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Proofs of Claim involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Lydall stipulate and agree as follows:

1. Claim No. 9463 shall be allowed in the amount of $15,900.28 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim No. 9464 shall be allowed in the amount of and $4,840.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Lydall is a party.

4. Lydall shall withdraw its Response to the Thirteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of October, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ C. Donald Neville |
|---|---|
| John Wm. Butler, Jr. | C. Donald Neville |
| John K. Lyons | Kroll, McNamara, Evans & Delehanty, LLP |
| Ron E. Meisler | 65 Memorial Road – Suite 300 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | West Hartford, CT 06107 |
| | (860) 561-7070 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | Attorney for Lydall Thermal/Acoustical Sales LLC |
| (312) 407-0700 | |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession