UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS
TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION

("PRELIMINARY PLAN MODIFICATION APPROVAL ORDER")

Upon the motion, dated October 3, 2008 (the "Motion"),[1] of Delphi Corporation

("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (each, a "Debtor"), for entry of an order (i) approving certain

modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January

25, 2008 (the "Confirmed Plan"), related modifications to the First Amended Disclosure

Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10 Disclosure

Statement"), and related voting procedures as set forth in the December 10 Solicitation

Procedures Order (Docket No. 11389), a copy of which (without exhibits) is attached hereto as

Exhibit A, and (ii) setting a final hearing date for approval of the Debtors' proposed plan

modifications; and the Court having reviewed the Modified Disclosure Statement and the Motion;

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the December 10 Solicitation
Procedures Order.

and a hearing having been held on October 23, 2008 (the "Preliminary Modification Hearing");
and the Court having reviewed and considered (i) the Modified Disclosure Statement, (ii) the
Motion, (iii) the adequacy of notice, (iv) the arguments of counsel made at the Preliminary
Modification Hearing, (v) the evidence proffered or adduced at the Preliminary Modification
Hearing; and for further reasons stated on the record at the Preliminary Modification Hearing;
and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as
follows:

   A.  The Modified Disclosure Statement complies with the requirements of 11
U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") and contains adequate information as that term is defined in section
1125 of the Bankruptcy Code.  Specifically, but without limitation, the Modified Disclosure
Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing
in specific and conspicuous bold language the provisions of the Modified Plan that provide for
releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and
sufficiently identifies the persons and entities that are subject to the releases and injunctions.

   B.  The Modified Disclosure Statement complies with section 1127(c) of the
Bankruptcy Code because the requirements of section 1125 of the Bankruptcy Code have been
satisfied.

   C.  Nothing has come to the attention of the Court to suggest that all currently
material information regarding the Debtors and their subsidiaries, their respective assets, affairs,
and financial condition, and the reorganization and restructuring provided for under the Modified
Plan has not been set forth in the Modified Disclosure Statement and the Debtors' public filings

with the Securities and Exchange Commission (or the exhibits or appendices thereto) incorporated in the Modified Disclosure Statement.

    D.  The Debtors' notice of the hearing on the Motion, the Preliminary Modification Hearing, and the time fixed for filing objections to the Modified Disclosure Statement was good and sufficient under the particular circumstances, and no other or further notice need be given.

    E.  Resolicitation of votes for holders of claims and/or interests in Classes C, D, E, G-1, G-2, and H is appropriate because of the nature of the modifications included in the Modified Plan.

    F.  The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

    G.  The Debtors' proposed procedures for transmitting the Modified Disclosure Statement, the Modified Plan, the Ballots (as defined below), and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

    H.  The Debtors' proposed modified cure claim procedures, as described more fully in the Motion, are fair and reasonable.

    I.  The Debtors' proposed reclamation claim procedures, as described more fully in the Motion, are fair and reasonable.

    J.  Upon the record of the Preliminary Modification Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties-in-interest.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.        The Motion is GRANTED.

2.        The Debtors are hereby authorized and directed to solicit votes to accept or reject the Modified Plan in accordance with the procedures set forth in the December 10 Solicitation Procedures Order, as modified herein.

3.        <u>Key Dates And Deadlines</u>.  When applying the procedures set forth in the December 10 Solicitation Procedures Order with respect to the Modified Plan, the following dates shall replace the dates included in the December 10 Solicitation Procedures Order:

| Event and Paragraph from December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Deadline For Trustees And Transfer Agents Must Provide Record Holder Information To Securities Voting Agent(¶14) | November 6, 2008 |
| Solicitation Mailing Deadline (¶10) | November 13, 2008 |
| Deadline For Filing Of Plan Exhibits And Disclosure Statement Appendices (the "Exhibit Filing Date") (¶40) | December 2, 2008 |
| Rule 3018(a) Motion Deadline (¶24-26) | Received no later than 4:00 p.m. (prevailing Eastern time) on December 2, 2008 <br><br> If the Debtors objected to a claim or interest after November 21, 2008, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection |
| Plan Objection Deadline (¶8) | December 12, 2008 at 4:00 p.m. (prevailing Eastern time) |
| Voting Deadline (¶29) | Received by the Voting Agents by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 |
| Final Modification Hearing Date (¶7) | To commence on December 17, 2008 |

4.        <u>Ballots</u>.  The Debtors' proposed forms of ballots, in substantially the forms annexed to this order as <u>Exhibit B</u> (as may be specifically modified for particular classes of

claims or interests), are hereby approved for use in connection with the Debtors' solicitation of votes to accept or reject the Modified Plan.

5.    <u>Notices</u>.  Except as set forth below, the Notices listed in the chart below and attached hereto substantially in the forms of <u>Exhibits C, D, E, F, G, and H</u> attached hereto, are substantially similar to those approved by the December 10 Solicitation Procedures order and the Debtors are authorized to use such notices in same manner that each corresponding notice was used under the December 10 Solicitation Procedures Order, except as otherwise set forth herein:

| Exhibit | Title of Notice | Exhibit to December 10 Solicitation Procedures Order |
|---|---|---|
| C | Unimpaired Notice | D |
| D | Non-Voting Status Notice | E |
| E | Notice To Parties Subject To A Post-Solicitation Date Objection | F |
| F | Notice to Employees Regarding Multiple Solicitation Documents | N |
| G | Final Plan Modification Approval Hearing Notice | C |
| H | Notice of Non-Assumption of Executory Contracts | O |
| I | Modified Plan Reclamation Election Notice | S |

6.    <u>Approval Of Modified Disclosure Statement</u>. Pursuant to Bankruptcy Rule 3017(b), the Modified Disclosure Statement (Docket No. [•]) is approved as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

7.    The Debtors are authorized to (i) make non-material changes to the Modified Disclosure Statement and related documents (including the exhibits thereto and to the Motion) and (ii) revise the Modified Disclosure Statement and related documents (including the

exhibits thereto) to add further disclosure concerning events occurring at or after the Preliminary Modification Hearing, before distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

8.    Final Modification Hearing Date.  The hearing (the "Final Modification Hearing") to consider approval of the Modified Plan, as the same may be further modified or amended, shall commence on December 17, 2008 (the "Final Modification Hearing Date"), at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.  The Final Modification Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties-in-interest.

9.    Objections To Proposed Modifications To Confirmed Plan.  December 12, 2008 at 4:00 p.m. (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed with the Court together with proof of service, and served by personal service, overnight delivery, or first-class mail, with a hard copy delivered to the chambers of the Honorable Robert D. Drain, and served so that they are RECEIVED no later than the Objection Deadline by:

Counsel For The Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(800) 718-5305
Att'n: John Wm. Butler, Jr.
Att'n: George N. Panagakis
Att'n: Ron E. Meisler
Att'n: Nathan L. Stuart

      and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n: Kayalyn A. Marafioti
Att'n: Thomas J. Matz

United States Trustee

The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Brian Masumoto

Counsel For The Creditors' Committee

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n: Robert J. Rosenberg
Att'n: Mitchell A. Seider
Att'n: Mark A. Broude

Counsel For The Equity Committee

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Att'n: Brad E. Scheler
Att'n: Bonnie K. Steingart

<u>Counsel For The Postpetition Lenders</u>

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10022
Att'n: Donald S. Bernstein
Att'n: Brian M. Resnick

**Objections not timely-filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.**

10.    <u>Record Date.</u>  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), November 26, 2007, shall remain the record date originally fixed by the December 10 Solicitation Procedures Order(the "Record Date") for purposes of determining the members of Classes C, D, E, G-1, G-2, and H[2] (the "Voting Classes") that are entitled to receive a Solicitation Package and to vote on the Plan.  The holders of any claims filed after the Record Date shall not be entitled to vote.

11.    <u>Content And Transmittal Of Solicitation Packages.</u>  On or before November 13, 2008 (the "Solicitation Date"), the Debtors shall cause Kurtzman Carson Consultants LLC (the "Creditor Voting Agent" or "KCC") and Financial Balloting Group, LLC (the "Securities Voting Agent," and together with the Creditor Voting Agent, the "Voting Agents") or their agents to transmit by first class mail to the holders of claims against and interests in the Debtors as of the Record Date, a Solicitation Package containing a copy or conformed version of:

---

[2]    Class C consists of all General Unsecured Claims against the applicable Debtor or consolidated group of Debtors, Class D consists of the GM Claim against the applicable Debtor or consolidated group of Debtors, Class E consists of all Section 510(b) Note Claims against Delphi Corporation, Class G-1 consists of all Existing Common Stock of Delphi Corporation, Class G-2 consists of all Section 510(b) Equity Claims against Delphi Corporation, and Class H consists of all Section 510(b) ERISA Claims against the applicable Debtors.

A.    the Final Modification Hearing Notice;

B.    to the extent applicable, the appropriate ballot and notice as set forth above for the specific creditor or interest holder, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

C.    a CD-ROM containing the order approving this Motion (without exhibits attached), solicitation letters, if any, from the Creditors' Committee and Equity Committee, the Modified Disclosure Statement, the Modified Plan, and the publicly-filed materials appended thereto, and a copy of the Debtors' most recently filed Form 10-Q;

D.    solicitation letters from the Creditors' Committee and the Equity Committee;

12.    <u>No Notice Or Transmittal For Classes I and F</u>.  With respect to holders of claims or interests in non-voting Class I, the Debtors shall not be required to send to the members of Class I ballots, the Solicitation Package, or any other notice in connection with the Motion.

13.    With respect to holders of claims or interests in Class F, the Debtors shall not be required to send to holders of Class F Intercompany Claims ballots, the Solicitation Package, or any other notice in connection with the Motion.

14.    <u>Final Modification Hearing Notice</u>.  The notice of the Final Modification Hearing and the Final Modification Objection Deadline (the "Final Modification Hearing Notice") substantially in the form of <u>Exhibit G</u> annexed hereto is approved and shall be included in the Solicitation Packages distributed to all creditors and interest holders and all persons or entities on the Debtors' master service list.

15.    Notice of the Final Modification Hearing shall be effected in the same manner, and served on the same categories of parties, as that of the Confirmation Hearing Notice in the December 10 Solicitation Procedures Order, including the supplementary notice described therein, subject to the exceptions detailed in this Order with regard to members of Classes F and

9

I.  The Final Modification Hearing Notice complies with the requirements of Bankruptcy Rules

2002(c)(3) and 3017(f) by including in conspicuous bold language a statement that the Modified

Plan proposes releases and injunctions against conduct not otherwise enjoined under the

Bankruptcy Code, describing briefly the nature of the releases and injunctions, identifying the

persons and entities that are subject to the releases and injunctions, and providing those persons

and entities that are not creditors or equity security holders with contact information to obtain a

copy of the Modified Plan and Modified Disclosure Statement.

16.    <u>Vote Certification</u>.  The requirement under Rule 3018-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

for the certification of acceptance and rejections of the plan is modified to require the Voting

Agents to file their certifications no later than 4:00 p.m. (prevailing Eastern time) on December

16, 2008.

17.    Service of all notices and documents described herein in the time and

manner as set forth herein, including the service and publication of the Final Modification

Hearing Notice, as described in the Motion, shall be adequate and sufficient and no other or

further notice shall be necessary.

18.    <u>Effect Of Failure Of Class To Vote</u>.  If no claim or interest holder of a

particular class votes either to accept or reject the Modified Plan, that class shall be deemed to

have accepted the Modified Plan.

19.    <u>Maintenance Of Records By Intermediary Record Holders</u>.  Pursuant to

the procedures approved in the December 10 Solicitation Procedures Order, Intermediary Record

Owners who were required to use the Master Ballot voting process were required to retain for

inspection by the Court the Beneficial Owner Ballots cast by Beneficial Owners for one year

following the January 11, 2008 Voting Deadline set by that order, and Intermediary Record

Owners who were required to send Prevalidated Ballots to Beneficial Owners for direct return to

the respective Voting Agent were also required to retain for inspection by the Court a list of

those Beneficial Owners to whom the Prevalidated Ballots were sent for one year following the

January 11, 2008 Voting Deadline. To facilitate the Debtors' resolicitation of votes on the

Modified Plan, the Intermediary Record Owners shall maintain these records and any other data

relating to Beneficial Holders for an additional year, until at least January 11, 2010.

20. _Distribution Of Solicitation Packages By Intermediary Record Owners._

Within five business days after an Intermediary Record Owner's receipt of the Solicitation

Packages, the Intermediary Record Owner shall distribute the Solicitation Packages to the

respective Beneficial Owners for which they hold Securities.

21. _Voting By Beneficial Owners._ Intermediary Record Owners are hereby

authorized and directed to use the appropriate procedure set forth below for obtaining the votes

of Beneficial Owners. First, the Intermediary Record Owners may forward the Solicitation

Package to the Beneficial Owners of the Securities for voting, which package shall include a

beneficial owner ballot substantially in the form of the beneficial owner ballots attached as part

of _Exhibit B_ to this order (the "Beneficial Owner Ballot") and a return envelope provided by, and

addressed to, the Intermediary Record Owner. Upon receipt of the Beneficial Owner Ballots, the

Intermediary Record Owner shall summarize the individual votes of its Beneficial Owners, as

reflected on the Beneficial Owner Ballots, on a master ballot in substantially the form of the

master ballots attached as part of _Exhibit B_ to this order (each a "Master Ballot"). The

Intermediary Record Owners shall then return the Master Ballot to the Securities Voting Agent

prior to the Voting Deadline.

22.    Alternatively, if an Intermediary Record Owner is unable to use the option above, it may prevalidate a Beneficial Owner Ballot (a "Prevalidated Ballot") by signing that ballot and by indicating on that ballot the identity of the Intermediary Record Owner, the principal amount or number of shares, as applicable, of Securities owned by the Beneficial Owner, and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  The Intermediary Record Owner shall then forward a Solicitation Package, including the Prevalidated Ballot and a return envelope addressed to the appropriate Securities Voting Agent, for voting by the Beneficial Owner.

23.    The Debtors are hereby authorized to reimburse Intermediary Record Owners for their reasonable and customary out-of-pocket expenses incurred in performing the tasks described above upon written request of the Intermediary Record Owner, subject to the Court's jurisdiction to resolve any disputes over any such request for reimbursement.

24.    Rights Offering Participation Amounts.  To determine the correct participation amounts for the purpose of participation in the discount rights offering that will be available for general unsecured creditors in connection with the Modified Plan, the Debtors shall use the amounts set by the Rights Offering Estimation Order entered on January 24, 2008 (Docket No. 12334), unless either (i) the claim has been adjudicated to a different amount in the intervening period or (ii) the Debtors and the individual claimholder agree to a different amount.

25.    Notices To Union-Represented Employees And Former Employees.  The Debtors shall not be required to provide the current and former employees represented by Unions (as defined in the Modified Plan) or non-represented hourly active employees and retirees with any specialized notices.

26.    <u>Notice To Employees Receiving Multiple Solicitation Documents</u>.  For
those current and former employees who may receive multiple documents as part of the
solicitation process, the Debtors shall be authorized, in their sole discretion, to make available by
either normal internal communications channels or posting on the Delphi intranet and at
www.delphidocket.com a notice substantially in the form attached hereto as hereto as <u>Exhibit F</u>
which form is hereby approved.

27.    <u>Modified Cure Claim Procedures</u>.  The procedures established in the
December 10 Solicitation Procedures Order with respect to the assumption of executory
contracts shall continue in full force and effect, except as expressly modified herein.  The
Debtors shall continue to apply the previously established procedures to resolve the remaining
disputed cure amounts, except as provided herein.  Notwithstanding anything to the contrary in
the December 10 Solicitation Procedures Order, the Confirmed Plan, or the Confirmation Order,
each counterparty to a Material Supply Agreement (as defined in the Modified Plan) shall be
paid in cash for the cure of monetary defaults under a Material Supply Agreement assumed
pursuant to the Modified Plan.  For the avoidance of doubt, the Debtors shall not be required to
send out new or additional Cure Amount Notices under the Modified Plan.  The Debtors shall
work to resolve objections that are timely submitted pursuant to the procedures set forth in the
December 10 Solicitation Procedures Order, the Confirmed Plan, and Confirmation Order with
respect to the Cure Amount Notices.

28.    For executory contracts that have expired or were terminated since the
Cure Amount Notices were sent out, the Debtors shall send a Notice of Non-Assumption of
Executory Contracts substantially in the form attached hereto as <u>Exhibit H</u>, which form is hereby

approved, by mailing such notice on or before November 13, 2008 notifying the counterparty that such executory contract has expired or has been terminated.

29.    <u>Modified Reclamation Claim Procedures</u>.  The Debtors are authorized to implement the following procedures regarding reclamation claims ("Reclamation Claims") asserted by sellers of goods with a statutory or common law right to reclamation or holders of such claims ("Sellers").  Because the Modified Plan provides for reduced distributions to unsecured creditors, the Debtors are hereby authorized to rescind and deemed to have rescinded rescind the elections made by Sellers pursuant to the procedures established by this Court regarding Reclamation Claims in conjunction with the Confirmed Plan under the Second Reclamation Order (Docket No. 10409).  The Debtors are authorized to seek a judicial determination at a contested hearing before this court following the Modified Plan's effective date (the "Reclamation Hearing") that Reclamation Claims shall not be entitled to priority treatment because the goods and/or the proceeds from the sale of the goods that are the subject of Reclamation Claims are or were subject to, among other things, a valid security interest (the "Prior Lien Defense").  Pursuant to a separate personalized notice (the "Reclamation Election Notice"), Sellers shall be given the choice to opt out of such litigation and receive the treatment afforded to holders of general unsecured claims under the Modified Plan, the opt out notice being substantially in the form attached hereto as <u>Exhibit I</u> and which the Debtors shall transmit no later than November 26, 2008 and which shall be returned to the Debtors so as to be received no later than December 12, 2008.  Notwithstanding this procedure, the Debtors reserve all rights in law and in equity to contest the amount of any Reclamation Claim to the extent such amount has yet to be resolved pursuant to the Second Reclamation Order.  The Sellers shall not receive any voting rights on the Modified Plan on account of Reclamation Claims.  If a Seller (i) elects to

dispute its Reclamation Claim on the Reclamation Election Notice, (ii) makes no election on the

Reclamation Election Notice, or (iii) fails to return the Reclamation Election Notice so as to be

received by the Debtors no later than December 12, 2008, then such Seller shall have its

Reclamation Claim determined at the Reclamation Hearing.

       30.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
      October \_\_, 2008

                                                  _____
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

(December 10 Solicitation Procedures Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
            In re                   :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) RECORD DATE, VOTING
DEADLINE, AND PROCEDURES FOR TEMPORARY ALLOWANCE
OF CERTAIN CLAIMS, (III) HEARING DATE TO CONSIDER CONFIRMATION
OF PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN,
(V) SOLICITATION PROCEDURES FOR VOTING ON PLAN, (VI) CURE CLAIM
PROCEDURES, (VII) PROCEDURES FOR RESOLVING DISPUTES RELATING TO
POSTPETITION INTEREST, AND (VIII) RECLAMATION CLAIM PROCEDURES

("SOLICITATION PROCEDURES ORDER")

Upon the motion, dated September 6, 2007 (the "Motion"),[1] of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (each, a "Debtor"), for entry of an order approving

(i) the Disclosure Statement filed on September 6, 2007, as amended and filed on December 10,

2007 (the "Disclosure Statement"), (ii) a voting record date, voting deadline, and procedures for

temporary allowance of certain claims for voting purposes, (iii) procedures for filing objections

to the Plan of Reorganization filed on September 6, 2007, as amended and filed on December 10,

2007, and as may be further amended (the "Plan"), (iv) procedures for soliciting and tabulating

votes on the Plan, (v) a hearing date to consider confirmation of the Plan, (vi) cure claim

procedures, (vii) procedures for resolving disputes relating to postpetition interest, and (viii)

reclamation claim procedures; and the Court having reviewed the Disclosure Statement and the



Motion; and the Court having received and reviewed various objections and responses to the

Motion filed by various parties in advance of the October 3, 2007 hearing (the "Initial

Objectors");[2] and upon the Debtors' Omnibus Response to Disclosure Statement Objections,

dated October 2, 2007 (Docket No. 10418); and the Court having commenced the hearing on the

Motion on October 3, 2007 (the "Hearing") in accordance with the Order Scheduling Non-

Omnibus Hearing on the Debtors' Motion To Approve Solicitation Procedures And Disclosure

Statement, dated August 6, 2007 (Docket No. 8898); and upon the admission into evidence of

Debtors' hearing exhibits nos. 1 through 20 at the Hearing without objection from any party; and,

on October 9, 2007, the Court having entered its Order (A) Disposing of Certain Objections to

Debtors' Disclosure Statement and Solicitation Procedures Motion and (B) Setting Further Non-

Omnibus Hearing Date and Related Procedures (the "First Disclosure Statement and Solicitations

Procedures Order") (Docket No. 10497) pursuant to which this Court (i) found that notice of the

Hearing was properly and timely given and was sufficient and no further notice being necessary

or required with respect to the Court's consideration of the Motion or the Disclosure Statement

including any Potential Amendments (as defined in the First Disclosure Statement and

Solicitation Procedures Order) and (ii) overruled the objections filed by the Initial Objectors to

the extent such objections were not otherwise resolved or withdrawn, and (iii) continued the

Hearing to October 25, 2007; and on October 19, 2007, in its Supplemental Order

(A) Establishing Revised Hearing Date and Related Procedures on Disclosure Statement and

Solicitations Procedure Motion and (B) Setting Hearing Date and Related Procedures for

Potential Motions Amending Investment Agreement and Approving Certain Exit Financing

_____
*(cont'd from previous page)*
[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Agreements ("Supplemental Disclosure Statement, Investment Agreement, and Exit Financing

Procedures Order") (Docket No. 10662) the Court having further continued the Hearing to

November 8, 2007; and upon the filing of the Debtors' Notice of Potential Amendments To

Debtors' Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi

Corporation And Certain Of Its Affiliates, Debtors And Debtors-In-Possession And Certain

Appendices And Exhibits Related Thereto (Docket No. 10759), dated October 29, 2007; and a

meet and confer having taken place on October 23, 2007; and the Court having received on

November 2, 2007 further objections to the Disclosure Statement Approval Motion;[3] and upon

the Emergency Motion Of The Official Committee of Equity Security Holders Of Delphi

Corporation To Adjourn The Hearing On, And Fix A New Time To Object To, (A) The

Disclosure Statement Approval Motion And (B) The Amended Investment Agreement Approval

Motion (Docket No. 10795), dated November 2, 2007 (the "Adjournment Motion");[4] and upon

the Debtors' request to the Court on November 5, 2007 to adjourn the Hearing on these matters

from November 8, 2007 to 10:00 a.m. (prevailing Eastern time) on November 29, 2007 pursuant

to the Second Supplemental Disclosure Statement And Investment Agreement Procedures Order

(Docket No. 10864); and a second meet and confer having taken place on November 6, 2007;

and the Debtors having filed further proposed amendments to the Plan and Disclosure Statement

_____

*(cont'd from previous page)*

[2]    The Initial Objectors filed the objections found at docket numbers 9513, 9668, 9669, 9670, 9674, 9677, 9680,
       10398 10413, 10414, and 10417.

[3]    Further objections and responses filed on November 2, 2007 to the Disclosure Statement Approval Motion may
       be found at docket numbers 10794, 10802, 10803, 10804, and 10810.

[4]    Brandes Investment Partners, L.P. filed a statement in support of the Adjournment Motion at docket number
       10807 and Law Debenture Trust Company of New York, as indenture trustee, filed a joinder to the
       Adjournment Motion at docket number 11161.

3

on November 14, 2007; and on November 16, 2007 the Potential Objectors[5] having filed further

objections to the Disclosure Statement Approval Motion; and upon the objections filed by the

Potential Objectors (the "November Objections");[6] and a third meet and confer having taken

place on November 27, 2007; and upon the Debtors' request to the Court on November 28, 2007

to adjourn the Hearing on these matters from November 29, 2007 to 10:00 a.m. (prevailing

Eastern time) on December 6, 2007 pursuant to the Third Supplemental Order (A) Establishing

Revised Hearing Date and Related Procedures on Disclosure Statement and Solicitations

Procedure Motion and (B) Setting Hearing Date and Related Procedures for Motion To Amend

Investment Agreement (Docket No. 11198); and the Debtors having filed their Debtors'

(I) Omnibus Reply To Objections To Disclosure Statement And Potential Disclosure Statement

Amendments And (II) Response To Equity Committee's Emergency Motion To Adjourn Hearing

And Fix New Objection Deadline (Docket No. 11295), on December 5, 2007; and the Debtors

having filed (i) blacklined changed pages to certain documents, (ii) proposed changes in response

to certain objections, (iii) a cumulative blackline of each document for which additional changed

pages were filed marked against the documents originally filed on September 6, 2007, and (iv) a

proposed blacklined approval order and revised Plan solicitation timeline, which timeline

provides for a Plan exhibit filing date no later than ten days prior to the proposed Plan voting and

---

[5]    "Potential Objectors" was defined in the Supplemental Disclosure Statement, Investment Agreement, And Exit
Financing Procedures Order as "the Official Committee of Unsecured Creditors, the Official Committee of
Equity Security Holders, A-D Acquisition Holdings, LLC (an affiliate of Appaloosa Management L.P.) as lead
plan investor under the Plan, General Motors Corporation, the Ad Hoc Committee of Trade Creditors,
Wilmington Trust Company, as indenture trustee, and a group of bondholders represented by common counsel
consisting of DK Acquisition Co., Silverpoint Capital, Sandell Management Co., Elliott Management Company,
and CR Intrinsic, as well as the Lead Plaintiffs (but only to the extent of matters raised in the Lead Plaintiffs
Response or any Potential Amendments)." All parties reserve all rights with respect to whether the bondholders
constitute "an entity or committee representing more than one creditor or equity security holder" subject to the
requirements of Bankruptcy Rule 2019.

[6]    The November Objections can be found at docket numbers 10794, 10795, 10802, 10803, 10804, 10810, 11017,
11022, 11028, 11034, 11045, 11048, and 11049.

4

objection deadline; and the second day of the hearing on the Motion and the adequacy of the

Disclosure Statement having been scheduled to resume on December 6, 2007 and having

concluded on December 7, 2007, at which time all remaining objectors, including the Potential

Objectors, were offered an opportunity to be heard with respect to the Disclosure Statement and

Motion; and the Adjournment Motion having been withdrawn; and upon the admission into

evidence of Debtors' hearing exhibits nos. 21 through 81 at the Hearing without objection from

any party; and the Court having reviewed and considered (i) the Disclosure Statement, the

objections thereto, and the Debtors' response to such objections, (ii) the Motion and the

objections thereto, (iii) the adequacy of notice, (iv) the arguments of counsel made at the

Disclosure Statement Hearing, and (v) the evidence proffered or adduced at the Disclosure

Statement Hearing; and all objections having been withdrawn or overruled, except as reflected in

changes made to the Disclosure Statement as required by the Court; and for further reasons

stated on the record at the Hearing; and after due deliberation thereon, and good cause appearing

therefor, the Court hereby finds as follows:

A.    The Disclosure Statement complies with the requirements of 11 U.S.C.

§§ 101-1330, as amended on October 8, 2005 (the "Bankruptcy Code"), and the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and contains adequate information as that term

is defined in section 1125 of the Bankruptcy Code.  Specifically, but without limitation, the

Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently

describing in specific and conspicuous bold language the provisions of the Plan that provide for

releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and

sufficiently identifies the persons and entities that are subject to the releases and injunctions.

B.    Nothing has come to the attention of the Court to suggest that all currently

material information regarding the Debtors and their subsidiaries, their respective assets, affairs,

and financial condition, and the reorganization and restructuring provided for under the Plan has

not been set forth in the Disclosure Statement and the Debtors' public filings with the Securities

and Exchange Commission (or the exhibits or appendices thereto) incorporated in the Disclosure

Statement.

C.     The Debtors' notice to all parties-in-interest of the hearing on the Motion,

the Disclosure Statement Hearing, and the time fixed for filing objections to the Disclosure

Statement was good and sufficient under the particular circumstances, and no other or further

notice need be given.

D.     The Debtors' proposed solicitation procedures, as described more fully in

the Motion, are fair and reasonable.

E.     The Debtors' proposed procedures for transmitting the Disclosure

Statement, the Plan, the Ballots (as defined below), and the voting instructions are adequate and

comply with the requirements of Bankruptcy Rule 3017(d) and (e).

F.     Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the

establishment of the Record Date as a date other than the date this Order is entered.

G.     The Debtors' proposed cure claim procedures, as described more fully in

the Motion, are fair and reasonable.

H.     The Debtors' proposed procedures for resolving disputes relating to

postpetition interest, as described more fully in the Motion, are fair and reasonable.

I.     Upon the record of the Disclosure Statement Hearing and these cases, the

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

their interest holders, and other parties-in-interest.

Accordingly, it is hereby

6

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Notice of the Disclosure Statement Hearing was properly and timely given
and was sufficient.  No further notice is necessary or required with respect to the Court's
consideration of the Motion or the Disclosure Statement including any Potential Amendments.

3.      To the extent not already withdrawn or reflected in changes to the
Disclosure Statement that have been made as required by the Court, all objections filed or
otherwise asserted against the Motion or Disclosure Statement are hereby overruled.

4.      The reservation of rights made on the record at the hearing held on
December 6, 2007 regarding the Equity Committee's reservation of rights to assert claims,
interests, defenses, or offsets against any and all holders of equity in these Chapter 11 Cases
solely within Class 1G-1 with respect to the allocation of Plan consideration among holders of
Existing Common Stock based on the facts and circumstances in these Chapter 11 Cases and the
reciprocal reservation of rights made by counsel on behalf of the Plan Investors with respect to
the rights reserved by the Equity Committee on the record at the hearing of the same date are
incorporated herein and all such rights are reserved in all respects.

5.      Approval Of Disclosure Statement.  Pursuant to Bankruptcy Rule 3017(b),
(i) the Disclosure Statement (Docket No. 11388) is approved as containing adequate information
within the meaning of section 1125(a) of the Bankruptcy Code and (ii) to the extent not
withdrawn, settled, or otherwise resolved, all objections to the Disclosure Statement are
overruled on the merits.

6.      The Debtors are authorized to (i) make non-material changes to the
Disclosure Statement and related documents (including the exhibits thereto and to the Motion)
and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to

7

add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

7.      Confirmation Hearing Date; Objection Deadline.  The hearing (the "Confirmation Hearing") to consider confirmation of the Plan, as the same may be further modified or amended, shall commence on January 17, 2008 (the "Confirmation Hearing Date"), at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties-in-interest.

8.      January 11, 2008 at 4:00 p.m. (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to confirmation of the Plan.  Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed with the Court together with proof of service, and served by personal service, overnight delivery, or first-class mail, with a hard copy delivered to the chambers of the Honorable Robert D. Drain, and served so that they are RECEIVED no later than the Objection Deadline by:

Counsel For The Debtors

Skadden, Arps, Slate, Meagher & Flom LLP

333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(800) 718-5305
Att'n: John Wm. Butler, Jr.
Att'n: George N. Panagakis
Att'n: Ron E. Meisler
Att'n: Nathan L. Stuart

and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n: Kayalyn A. Marafioti
Att'n: Thomas J. Matz

United States Trustee

The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Alicia M. Leonhard

Counsel For The Creditors' Committee

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n: Robert J. Rosenberg
Att'n: Mitchell A. Seider
Att'n: Mark A. Broude

Counsel For The Equity Committee

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Att'n: Brad E. Scheler
Att'n: Bonnie K. Steingart
Att'n: Vivek Melwani

Counsel For The Postpetition Lenders

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10022
Att'n:  Donald S. Bernstein

Att'n:  Brian M. Resnick

Counsel For A-D Acquisition Holdings, LLC

White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900, Miami, Florida 33131
Att'n: Thomas E. Lauria
Att'n:  Michael C. Shepherd


       and
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Att'n:  Gerard H. Uzzi
Att'n:  Glenn M. Kurtz
Att'n:  Douglas P. Baumstein

Counsel for General Motors Corporation

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Att'n:  Jeffrey L Tanenbaum
Att'n:  Michael P. Kessler
Att'n:  Robert J. Lemons


**Objections not timely filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.**

       9.    <u>Record Date</u>.  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), November 26, 2007 shall be the record date (the "Record Date") for purposes of determining the members of Classes C, D, E, G-1, G-2, and H[7] (the "Voting Classes") that are entitled to receive a Solicitation Package and to vote on the Plan.  The Record Date for a

---

[7]    Class C consists of all General Unsecured Claims against the applicable Debtor or consolidated group of Debtors, Class D consists of the GM Claim against the applicable Debtor or consolidated group of Debtors, Class E consists of all Section 510(b) Note Claims against Delphi Corporation, Class G-1 consists of all Existing Common Stock of Delphi Corporation, Class G-2 consists of all Section 510(b) Equity Claims against Delphi Corporation, and Class H consists of all Section 510(b) ERISA Claims against the applicable Debtors.

docketed proof of claim or scheduled claim shall be determined by reference to KCC's (as

defined below) claims register as may be modified by Notices of Transfer filed and reflected on

the Court's official docket (ECF) at **11:59 p.m.** (prevailing Eastern time) on **November 26, 2007,**

and only those registered holders of claims as reflected on the docket together with KCC's

database on the Record Date shall be entitled to vote.  The holders of any claims filed after the

Record Date shall not be entitled to vote.

        10.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before

December 15, 2007 (the "Solicitation Date"), the Debtors shall cause Kurtzman Carson

Consultants LLC (the "Creditor Voting Agent" or "KCC") and Financial Balloting Group, LLC

(the "Securities Voting Agent," and together with the Creditor Voting Agent and the Securities

Voting Agent, the "Voting Agents") or their agents to transmit by first class mail (or in the case

of non-US holders of Class I claims or interests, the Debtors shall, in certain cases, have local

plant managers transmit) to the holders of claims against and interests in the Debtors as of the

Record Date a Solicitation Package containing a copy or conformed version of:

        A.    the Confirmation Hearing Notice,

        B.    to the extent applicable, the appropriate ballot and/or notice as set forth below for the specific creditor or equity holder, with appropriate voting instructions, such ballots in substantially the forms attached hereto as <u>Exhibit A</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage pre-paid return envelope,

        C.    a CD-ROM containing this order (without exhibits attached), the solicitation letters from the Creditors' Committee and the Equity Committee as referenced below, the Disclosure Statement, the Plan, and the publicly filed materials appended thereto,

        D.    to the extent appropriate, and at the Debtors' discretion, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) or form W-8BEN to be returned with a party's ballot,

        E.    solicitation letters, in hard copy, from the Creditors' Committee and the Equity Committee, substantially in the forms of <u>Exhibits B-1</u> and <u>B-2</u>,

respectively, attached hereto, and hereby approved for inclusion in the Solicitation Package,

F.    an informational letter from the UAW to its members who will receive a ballot, substantially in the form of <u>Exhibit B-3</u> attached hereto, and hereby approved for inclusion in the Solicitation Package, and

G.    Postpetition Interest Rate Determination Notice for all holders of General Unsecured Claims, other than Senior Note Claims and TOPrS Claims.

11.    The Voting Agents shall transmit the Solicitation Package to the following creditors, interest holders, and other parties-in-interest (with exclusions as noted herein): (i) the United States Trustee, (ii) all non-voting unimpaired creditors, (iii) equity holders, (iv) holders of claims or interests in non-voting Class I under the Plan, (v) persons or entities which timely filed a proof of claim reflecting a claim or portion of a claim that is unliquidated, and (vi) creditors holding claims in a class designated as impaired and entitled to vote on the Plan (A) who have filed timely proofs of claim (or untimely proofs of claim which have been allowed as timely by the Court under applicable law on or before the Record Date) that have not been disallowed by an order of the Court entered on or before the Record Date or (B) whose claims are scheduled in the Debtors' schedules of assets and liabilities dated April 18, 2006, or any amendment thereof (the "Schedules") other than those scheduled as (x) unliquidated, contingent, or disputed or (y) zero or unknown in amount and for which no proof of claim was timely filed.  Creditors, if any, who have filed duplicate claims in a given class shall be entitled to receive only one Solicitation Package with respect to that class.

12.    With respect to non-US holders of claims or interests in non-voting class I, the Debtors are authorized but not directed to include in (or provide in conjunction with) the Solicitation Package a translated Confirmation Hearing Notice and a translated notice of non-voting status.  The Debtors shall not be required to cause to be translated any other documents contained in the Solicitation Package.

13.    Not later than the Solicitation Date, the Debtors shall transmit, through the
Voting Agents, the Solicitation Packages to all holders of the Debtors' Securities, or of claims
based on those Securities where appropriate, including Class C General Unsecured Claims
(Senior Note Claims), Class C General Unsecured Claims (TOPrS Claims), and Class G-1
Existing Common Stock Claims, by mailing or delivering the Solicitation Packages to (i) each
registered holder of Securities as of the Record Date (collectively, the "Record Owners") and
(ii) to each bank or brokerage firm, or the agent therefor, identified by the Debtors or the Voting
Agents as an entity through which beneficial owners (the "Beneficial Owners") hold the
Securities (collectively, the "Intermediary Record Owners").  In addition, the Debtors shall
distribute master ballots to the Intermediary Record Owners in accordance with customary
procedures in the publicly traded securities industry.  Further, the Debtors shall distribute a ballot
directly to registered record holders of common stock who hold the stock in their own name (and
not in street name).  Claims in Class E (Section 510(b) Note Claims), Class G-2 (Section 510(b)
Equity Claims), and Class H (Section 510(b) ERISA Claim) shall be voted by their respective
class action representatives, as approved by the Order Preliminarily Approving Multidistrict
Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the
"Preliminary MDL Settlement Approval Order"), or putative members of the classes who filed
Claims and opted out of the class and whose Claims have not been expunged by Court order.

14.    <u>Labels For Record Holders</u>.  To facilitate the distribution described in the
immediately preceding paragraph, each of the indenture trustees and transfer agents for the
Securities, including, without limitation, Wilmington Trust Company (as Indenture Trustee for
the Senior Notes), Law Debenture Trust Company of New York (as Indenture Trustee for the
Subordinated Notes), and Computershare Shareholder Services (as Transfer Agent of Existing
Common Stock) or any successors thereto, shall, if and to the extent they have not done so

13

previously, provide to the Securities Voting Agent an electronic file containing the names,

addresses, and holdings of the respective Record Owners of the Securities as of the Record Date

or, if unable to provide an electronic file, two sets of adhesive labels and a list containing the

same information no later than December 11, 2007.

15.    Within five business days after an Intermediary Record Owner's receipt of

the Solicitation Packages, the Intermediary Record Owner shall distribute the Solicitation

Packages to the respective Beneficial Owners for which they hold Securities.

16.    Voting By Beneficial Owners.  Intermediary Record Owners are hereby

authorized and directed to use the appropriate procedure set forth below for obtaining the votes

of Beneficial Owners.  First, the Intermediary Record Owners may forward the Solicitation

Package to the Beneficial Owners of the Securities for voting, which package shall include a

beneficial owner ballot substantially in the form of the beneficial owner ballots attached as part

of Exhibit A to this order (the "Beneficial Owner Ballot") and a return envelope provided by, and

addressed to, the Intermediary Record Owner.  Upon receipt of the Beneficial Owner Ballots, the

Intermediary Record Owner shall summarize the individual votes of its Beneficial Owners, as

reflected on the Beneficial Owner Ballots, on a master ballot in substantially the form of the

master ballots attached as part of Exhibit A to this order (each a "Master Ballot").  The

Intermediary Record Owners shall then return the Master Ballot to the Securities Voting Agent

prior to the Voting Deadline.

17.    Alternatively, if an Intermediary Record Owner is unable to use the option

above, it may prevalidate a Beneficial Owner Ballot (a "Prevalidated Ballot") by signing that

ballot and by indicating on that ballot the identity of the Intermediary Record Owner, the

principal amount or number of shares, as applicable, of Securities owned by the Beneficial

Owner, and the appropriate account numbers through which the Beneficial Owner's holdings are

14

derived.  The Intermediary Record Owner shall then forward a Solicitation Package, including

the Prevalidated Ballot and a return envelope addressed to the appropriate Securities Voting

Agent, for voting by the Beneficial Owner.

        18.    The Debtors are hereby authorized to reimburse Intermediary Record

Owners for their reasonable and customary out-of-pocket expenses incurred in performing the

tasks described above upon written request of the Intermediary Record Owner (subject to the

Court's jurisdiction to resolve any disputes over any such request for reimbursement).

        19.    The Debtors shall serve a copy of this order on each indenture trustee, the

transfer agent, and each Intermediary Record Owner identified by the Debtors and the Securities

Voting Agent as an entity through which Beneficial Owners hold Securities.

        20.    <u>Confirmation Hearing Notice</u>.  The form of notice of the Confirmation

Hearing and the Confirmation Objection Deadline (the "Confirmation Hearing Notice") annexed

hereto as <u>Exhibit C</u> is approved and shall be included in the Solicitation Packages distributed to

all creditors and interest holders and all persons or entities on the Debtors' master service list.

The Confirmation Hearing Notice complies with the requirements of Bankruptcy

Rules 2002(c)(3) and 3017(f) by including in conspicuous bold language a statement that the

Plan proposes releases and injunctions against conduct not otherwise enjoined under the

Bankruptcy Code, describing briefly the nature of the releases and injunctions, identifying the

persons and entities that are subject to the releases and injunctions, and providing those persons

and entities that are not creditors or equity security holders with contact information to obtain a

copy of the Plan and Disclosure Statement.  As to those persons and entities subject to the

releases and injunctions, and not receiving a copy of <u>Exhibit C</u> as provided herein, notice by

publication as set forth above is sufficient notice as permitted by Bankruptcy Rule 2002(l).  To

supplement notice of the Confirmation Hearing, and to ensure proper notice of any releases and

injunctions contained in the Plan, the Debtors shall transmit the Confirmation Hearing Notice to
parties to executory contracts and unexpired leases, which parties are not currently "creditors" as
defined in section 101(10) of the Bankruptcy Code.  In addition, the Debtors shall give
supplemental publication notice of the Confirmation Hearing by causing the Confirmation
Hearing Notice to be published not fewer than 25 days before the Confirmation Hearing in the
New York Times (national edition), the Wall Street Journal (national, European, and Asian
editions), USA Today (worldwide), the Automotive News (national edition), and in local
editions of the following: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News,
the Chicago Sun Times, the Cleveland Plain Dealer, the Clinton News, the Columbus Dispatch,
the Daily Leader, the Dayton Daily News, the Detroit Free Press, the Detroit News , the El Paso
Times, the Fitzgerald Herald Leader, The Flint Journal, the Gadsden Times, the Grand Rapids
Press, the Greensville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune,
the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee
Journal Sentinel, the Mobile Beacon, The Mobile Register, the Oakland Press, the Olathe Daily
News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the
Toledo Blade, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and The
Vindicator.

        21.    Ballots.  The Debtors' proposed forms of ballots, in substantially the forms
annexed to this order as Exhibit A (as may be specifically modified for particular classes of
claims or interests), are hereby approved for use in connection with the Debtors' solicitation of
votes to accept or reject the Plan.

        22.    The Unimpaired Creditors in Classes A, B, and J are conclusively
presumed to have accepted the Plan and solicitation of votes from those Creditors is not required.
In lieu of a ballot and in accordance with Bankruptcy Rule 3017(d), the Solicitation Packages

mailed to the Unimpaired Creditors shall contain a notice of non-voting status substantially in the

form of Exhibit D to this order.

23.    The holders of claims and interests in Class I are conclusively presumed to

have rejected the Plan and solicitation of votes from those creditors and interest holders shall not

be required.  In lieu of a ballot, the Solicitation Packages mailed to those creditors and interest

holders, as well as holders of contingent and disputed claims, shall contain a notice of non-voting

status substantially in the form of Exhibit E to this order.  In addition, recipients of an objection

to expunge their claim or interest shall receive a notice of non-voting status.

24.    The deadline for the filing and serving of motions requesting temporary

allowance of a movant's claim or interest for purposes of voting pursuant to Bankruptcy

Rule 3018(a) ("Rule 3018(a) Motion(s)") shall be 4:00 p.m. (prevailing Eastern time) on

January 2, 2008 (the "Rule 3018(a) Motion Deadline"); provided, however, that if the Debtors

object to a claim or interest after December 21, 2007, the Rule 3018(a) Motion Deadline shall be

extended for that claim or interest such that the deadline shall be ten days following the filing of

the Debtors' objection.  Rule 3018(a) Motions shall be filed with the Clerk of the Court and

served on the Notice Parties in the manner set forth for objections to the confirmation of the

Debtors' Plan.  Any party timely filing and serving a Rule 3018(a) Motion shall be provided a

provisional ballot and be permitted to cast a provisional vote to accept or reject the Plan.  If, and

to extent that, the Debtors and such party are unable to resolve the issues raised by the Rule

3018(a) Motion, then at the Confirmation Hearing, the Court shall determine whether the

provisional ballot should be counted as a vote on the Plan.

25.    Any holder of a claim or interest to which the Debtors filed objections

requesting the Court to modify claims either in (a) amount, (b) Debtor or Debtor group, or

(c) Plan class shall be allowed to vote in the amount and class set forth in the Debtors' objection.

Solicitation Packages shall be transmitted to the appropriate parties based upon the Debtors'
records as of the Record Date.  To provide notice to any holders of claims or interests of a
change in voting status on account of an objection filed after the Solicitation Date and to provide
notice of a claimant's right to file a Rule 3018(a) Motion, the Debtors shall provide such holders
with the Notice To Parties Subject To A Post-Solicitation Date Objection, the form of which is
attached hereto as Exhibit F and hereby approved as being in compliance with Rule 3018-1(b) of
the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of
New York.  Any holder whose claim or interest has been estimated pursuant to the Estimation
Order (Docket No. 9685), however, shall be allowed to vote in the amount set forth for that claim
or interest therein, notwithstanding that this claim or interest is subject to a pending objection,
subject to any intervening orders of the Court.

26.    The filing of an avoidance action by the Debtor which includes no
objection to a claim held by the defendant shall not, by itself, cause the defendant's claim to lose
the benefit of deemed allowance under section 502(a) with respect to voting on the Plan.
Alternatively, under Rule 3018(a), such claims shall be allowed temporarily for voting purposes,
and not for the purposes of distribution or otherwise, but only if the claim would have been
deemed allowed under section 502(a) but for the filing of the avoidance action.

27.    When No Notice or Transmittal Necessary; Voting Deadline; Procedures
For Vote Tabulation.  Solicitation Packages shall not be sent to creditors whose claims are based
solely on amounts scheduled by the Debtors and whose claims already have been paid in the full
scheduled amount; provided, however, that if, and to the extent that, any such creditor would be
entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its
claim had been scheduled by the Debtors, the creditor shall be sent a Solicitation Package in
accordance with the procedures set forth above.  In addition, the Debtors shall not be required to

18

send a Solicitation Package to any party who filed a proof of claim if the amount asserted in the

proof of claim has already been paid.   The Debtors, however, shall send the Confirmation

Hearing Notice to any such party, who, for the foregoing reasons, shall not be sent a Solicitation

Package.

28.    The Debtors shall not be required to give notice or effectuate service of

any kind upon any person or entity to which the Debtors mailed a Disclosure Statement Hearing

Notice and received any of these notices returned by the U.S. Postal Service marked

"undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired,"

or a similar reason for return of the notice, unless the Debtors have been informed in writing by

that person or entity of the person's or entity's new address.

29.    Subject to paragraph 31(i) below, to be counted, ballots (including Master

Ballots) for accepting or rejecting the Plan must be received by the appropriate Voting Agent not

later than January 11, 2008, at 7:00 p.m. (prevailing Eastern time) (the "Voting Deadline").

Ballots must be returned to the appropriate Voting Agent on or before the Voting Deadline by (a)

mail, in the return envelope provided with each ballot, (b) overnight delivery, or (c) hand

delivery.  Any ballot submitted by facsimile or other electronic means of transmission shall not

be counted.

30.    Any ballot timely received that contains sufficient information to permit

the identification of the claimant or interest holder and is cast as an acceptance or rejection of the

Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case

may be, of the Plan.  Each Record Owner or Beneficial Owner of a Security shall be deemed to

have voted the full amount of its claims or interest relating to the Security, notwithstanding

anything to the contrary on any ballot.  The foregoing general procedures shall be subject to the

following:

19

(i)      If a claim is deemed allowed in accordance with the Plan, that claim would be allowed for voting purposes in the deemed allowed amount set forth in the Plan,

(ii)     If a claim for which a proof of claim has been filed is marked as unliquidated or partially unliquidated, the claim, if fully unliquidated, shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00, and if the claim is partially unliquidated, the liquidated portion shall be similarly temporarily allowed at its liquidated amount for voting purposes and no amount shall be allocated for voting purposes on account of the unliquidated portion,

(iii)    If a claim is subject to a potential avoidance action, the action shall not, by itself, cause the claim to lose the benefit of deemed allowance under section 502(a) of the Bankruptcy Code with respect to voting on the Plan,

(iv)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, and

(v)     If the Debtors have served and filed an objection to a claim at least thirteen calendar days before the Confirmation Hearing, subject to the filing of a Rule 3018(a) Motion, the claim shall be temporarily disallowed for voting purposes only and not for the purposes of the allowance or distribution, except to the extent and in the manner as may be set forth in the objection.

31.    The following ballots shall not be counted or considered for any purpose

in determining whether the Plan has been accepted or rejected:

(i)      Any ballot received after the Voting Deadline unless the Debtors have granted an extension in writing of the Voting Deadline with respect to that ballot, which extension of the Voting Deadline shall be subject to Court approval,

(ii)     Any ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder, as the case may be,

(iii)    Any ballot cast by a person or entity which does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan,

(iv)    Any ballot cast on account of a proof of claim filed, or a Security purchased or otherwise obtained, after the Record Date,

(v)    Any ballot cast for a claim listed in the Schedules as unliquidated, contingent, or disputed and for which (i) no superseding proof of claim was timely filed and (ii) no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline,

(vi)    Any ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan,

(vii)    Any ballot submitted by facsimile transmission or other electronic means of transmission, and

(viii)    Any unsigned ballot.

32.    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim or interest before the Voting Deadline, the last ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; provided, however, that where an ambiguity exists as to which ballot was the latest transmitted, the appropriate Voting Agent is permitted to contact the voting party and calculate the vote according to the party's stated intent.  The foregoing shall be without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

33.    Vote splitting shall not be permitted (except as it may relate to the procedures with respect to Master Ballots), and creditors and interest holders who vote must vote all their claims or interests within a particular class to either accept or reject the Plan.

34.    For all persons or entities which timely filed a proof of claim reflecting a claim or portion of a claim that is unliquidated, the claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes,

21

subject to the right of the holder to file a Rule 3018(a) Motion under paragraph 24 hereof.

Unliquidated claims shall also include any claims that were the subject of prepetition litigation

between the Debtors and the claimant as of the Petition Date.

35.    For all persons or entities which filed a proof of claim reflecting a claim or

portion of a claim that is contingent, the claim shall be disallowed in its entirety for voting

purposes, subject to the right of such holder to file a Rule 3018(a) Motion under paragraph 24

hereof.  Contingent claims shall include any claim that has been explicitly designated as

contingent on the proof of claim form.  Finally, contingent claims shall include any claims that

were not the subject of prepetition litigation, but that otherwise involved an allegation of liability

against the Debtors that was contested or otherwise was the subject of continuing, unresolved

investigations as of the Petition Date.

36.    The following procedures shall be used by the Debtors and the Securities

Voting Agent for tabulating votes cast by holders of Securities:

(i)    Intermediary Record Owners required to use the Master Ballot voting
process shall be required to retain for inspection by the Court the
Beneficial Owner Ballots cast by Beneficial Owners for one year
following the Voting Deadline, and Intermediary Record Owners required
to send Prevalidated Ballots to Beneficial Owners for direct return to the
respective Voting Agent shall be required to retain for inspection by the
Court a list of those Beneficial Owners to whom the Prevalidated Ballots
were sent for one year following the Voting Deadline.

(ii)    Votes cast by Beneficial Owners holding Securities through Intermediary
Record Owners and transmitted by means of a Master Ballot or
Prevalidated Ballot shall be applied against the positions held by the
Intermediary Record Owners with respect to the Securities.  Votes
submitted by an Intermediary Record Owner on a Master Ballot or
Prevalidated Ballot must not be counted to the extent they are in excess of
the position maintained by the respective Intermediary Record Owner in
the Securities on the Record Date.

(iii)    The following assumptions apply to Prevalidated Ballots: (i) each
Prevalidated Ballot shall be for a single account and (ii) each vote shall be
a separate vote and not duplicative of any other vote cast by other

customers of the Intermediary Record Owner (unless specific evidence
exists that indicates that one vote is for the identical account number and
amount of another vote).

(iv)    To the extent that conflicting votes or overvotes are submitted on a timely
received Master Ballot or Prevalidated Ballot, the Securities Voting Agent
shall attempt to resolve the conflict or overvote before the preparation of
the vote certification.

(v)     To the extent that overvotes on a timely received Master Ballot or
Prevalidated Ballot are not reconcilable before the preparation of the vote
certification, the Securities Voting Agent shall count votes in respect of
the Master Ballot or Prevalidated Ballot in the same proportion as the
votes to accept and reject the Plan submitted on the Master Ballot or
Prevalidated Ballot that contained the overvote, but only to the extent of
the applicable Intermediary Record Owners' position on the Record Date
in the applicable Securities.

(vi)    Intermediary Record Owners shall be authorized to complete multiple
Master Ballots, and the votes reflected by the multiple Master Ballots shall
be counted except to the extent that they are duplicative of other Master
Ballots.  If two or more duplicative Master Ballots submitted are
inconsistent in whole or in part, the latest Master Ballot received before
the Voting Deadline, to the extent of such inconsistency, shall supersede
and revoke any prior Master Ballot, subject to the Debtors' right to object
to the validity of the second Master Ballot on any basis permitted by law,
including under Bankruptcy Rule 3018(a).

(vii)   Each Intermediary Record Owner or Beneficial Owner of the Securities
shall be deemed to have voted the full principal amount (and with respect
to the TOPrS, number of TOPrS), or number of shares held,
notwithstanding anything to the contrary on the Ballot.  Therefore, with
respect to the Senior Notes and the TOPrS, the Securities Voting Agent
may adjust any principal amount or number of TOPrS voted to reflect the
corresponding claim amount, including prepetition interest.

37.    The requirement under Rule 3018-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York for the certification of

acceptance and rejections of the plan is modified to require the Voting Agents to file their

certifications no later than 4:00 p.m. (prevailing Eastern time) on January 16, 2008.

38.    To the extent that (a) an objection to confirmation of the Plan is timely and

properly filed and served, (b) such objection opposes the classification of claims or interests

23

proposed under the Plan and requests the receipt of periodic reports during the solicitation period

disclosing the interim tabulation of votes, and (c) the objector executes, or is party to, a

stipulation and agreed protective order applicable to confirmation or a mutually agreeable non-

disclosure agreement, then following the receipt of such objection through and including the

filing of the voting report with the Court, the Debtors shall provide, or shall cause to be provided,

to such objector on a highly confidential basis balloting reports on each business day that the

Debtors receive balloting reports which disclose the interim tabulation of votes received and

tabulated as of a specific date and time during the solicitation period (which date shall vary by

report) and which shall, to the extent included in the Debtors' reports, include the tabulation

broken down by type of claim and by Debtor (which may vary by report); provided, however,

that counsel to the Statutory Committees, White & Case LLP on behalf of the Plan Investors, and

Weil, Gotshal & Manges LLP on behalf of General Motors Corporation shall receive on a highly

confidential basis balloting reports on each business day that the Debtors receive balloting

reports without the necessity of filing an objection.

      39.     Service of all notices and documents described herein in the time and

manner as set forth herein, including the service and publication of the Confirmation Hearing

Notice and the Confirmation Hearing Publication Notice, as described in the Motion, shall be

adequate and sufficient and no other or further notice will be necessary.

      40.     Plan Exhibits And Disclosure Statement Appendices Filing Deadline.  The

Debtors shall file all exhibits and schedules to the Plan and appendices to the Disclosure

Statement with the Court on or before December 28, 2007 (the "Exhibit Filing Date").  After the

Exhibit Filing Date, copies of exhibits to the Plan and appendices to the Disclosure Statement

shall be available by accessing the Delphi Legal Information Website at www.delphidocket.com.

In addition, printed copies of the Plan and its exhibits and the Disclosure Statement and its

appendices may also be obtained, upon reasonable written request, from the Creditor Voting

Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245,

Att'n: Delphi Corporation, et al.  The Debtors shall not be required to serve the exhibits and

schedules to the Plan and appendices to the Disclosure Statement upon any of the parties-in-

interest in these cases.

41.   <u>Notices To Union-Represented Employees And Former Employees</u>.  The

Debtors are authorized to provide the current and former employees represented by the United

Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), the

United Steel Workers (the "USW"), the International Union of Electronic, Electrical, Salaried,

Machine and Furniture Workers-Communication Workers of America (the "IUE-CWA"), the

International Association of Machinists and Aerospace Workers and its District 10 and Tool and

Die Makers Lodge 78 (the "IAM"), the International Brotherhood of Electrical Workers and its

Local 663 (the "IBEW"), the International Union of Operating Engineers Locals 832S, 18S, and

101S (the "IUOE"), and certain non-represented employees and former employees with the

Confirmation Hearing Notice and the appropriate specialized notice.  The forms of UAW, USW,

IUE-CWA, IAM, IBEW, and  IUOE Notices are attached hereto as <u>Exhibits G</u>, <u>H</u>, <u>I</u>, <u>J</u>, <u>K</u>, and <u>L</u>,

respectively, and the forms of notice to be sent to certain non-represented employees and former

employees is attached hereto as <u>Exhibit M</u>, each of which are hereby approved.

42.   <u>Notice To Employees Receiving Multiple Solicitation Documents</u>.  For

those current and former employees who may receive multiple documents as part of the

solicitation process, the Debtors shall be authorized, in their sole discretion, to make available by

either normal internal communications channels or posting on the Delphi intranet and at

www.delphidocket.com a notice, the form of which is attached hereto as <u>Exhibit N</u> and hereby

approved.

43.    <u>Cure Claim Procedures</u>.  The Debtors shall be authorized to provide counterparties to supply contracts that the Debtors intend to assume with the Cure Amount Notice, the form of which is attached hereto as <u>Exhibit O</u> and hereby approved, by mailing such notice on or before December 21, 2007.  Parties wishing to object to the assumption of their contracts under the terms set forth in the Cure Amount Notice shall be required to return the Cure Amount Notice in accordance with the instructions provided therein so as to be received by the undersigned counsel to the Debtors and such other notice parties as required in the instructions on or before January 11, 2008.  Such objecting party shall also be required to subsequently file a substantive objection to the Cure Claim Amount (in accordance with the procedures outlined in the Cure Amount Notice) and/or assumption of their contract on or before the date that is 30 days following the effective date of the Plan.  The Cure/assumption dispute shall then be resolved following the effective date of the Plan.  Parties which either agree with the cure of their supply contracts as set forth in the Cure Amount Notice or do not timely return the Cure Amount Notice shall be given plan currency (as provided to allowed general unsecured creditors including any postpetition interest) on account of their Cure Claim Amount as set forth in the Cure Amount Notice and in the amount set forth in such notice.  The Debtors are authorized, but not directed, to remit resolved, uncontested, or adjudicated distributions on account of cure directly to the contract party whose contract is being assumed or assumed and assigned.

44.    The Debtors shall be authorized to provide a notice titled Notice To Holders, Assignees, Transferees, And Purchasers Of Claims Of Cure Procedures Established Under Solicitation Procedures Order, the form of which is attached hereto as <u>Exhibit P</u> and hereby approved, to parties that may have purchased claims from certain of the Debtors' Material Supply Agreement counterparties who have been provided with a cure payment election pursuant

to the Cure Amount Notice.  This shall be the only notice the Debtors shall be required to

provide to these purchasers with respect to the cure and these purchasers shall have no rights or

recourse against the Debtors with respect to the cure.

45.    For those counterparties who will receive a Cure Amount Notice for

whom the Debtors have multiple addresses for a single contract, the Debtors shall be authorized

to transmit, on or before December 21, 2007, a notice, the form of which is attached hereto as

Exhibit Q and hereby approved.  This notice shall communicate to the counterparty that a Cure

Amount Notice has been sent to multiple addresses, which addresses shall be set forth on an

exhibit to the notice.  Transmission of this proposed notice, as applicable, together with the Cure

Amount Notice to addresses in the Debtors' current books and records shall satisfy the Debtors'

noticing obligations.

46.    Postpetition Interest Rate Dispute Procedures.  The Debtors shall be

authorized to provide creditors holding General Unsecured Claims, other than Senior Note

Claims and TOPrS Claims, with the Postpetition Interest Rate Determination Notice, the form of

which is attached hereto as Exhibit R and hereby approved, by mailing such notice on or before

December 15, 2007.  Any party wishing to contest the proper rate of interest to be paid on

account of its claims under the terms set forth in the Postpetition Interest Rate Determination

Notice shall be required to return the Postpetition Interest Rate Determination Notice in

accordance with the instructions provided therein so as to be received on or before January 11,

2008.  If the Debtors disagree with the interest rate asserted in a returned Postpetition Interest

Rate Determination Notice, they shall file an objection no later than 30 days after the effective

date of the Plan.  To the extent that the Postpetition Interest Rate Determination Notice is

returned and contests the rate of interest and relates to a claim that would otherwise be allowed,

27

such claim shall no longer be deemed an allowed claim for purposes of distribution until the interest rate issue is resolved consensually or by Court order.

47.    <u>Reclamation Claim Procedures</u>.  The Debtors shall be authorized to provide to a party asserting a reclamation claim the Reclamation Election Notice (as defined in the Second Amended And Restated Final Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For Treatment Of Reclamation Claims entered by this Court on October 2, 2007 (Docket No. 10409) (the "Reclamation Order")), the form of which is attached hereto as <u>Exhibit S</u> and which was approved pursuant to the Reclamation Order.

48.    <u>Trading In Delphi Securities</u>.  To the extent Delphi determines to open a trading window for insiders to trade in Delphi securities, it shall inform counsel to the Creditors' Committee and Equity Committee of its intention to do so in advance of the opening of such trading window.

49.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
         December 10, 2007

                                  /s/ Robert D. Drain
                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# (Proposed Form Of Ballots)

| Exhibit | Document | | |
|---|---|---|---|
| B | Class C | General Unsecured Claims Ballot (B-1) | |
| | | 6.55% Notes due 2006 | Beneficial Owner Ballot (B-2) |
| | | | Master Ballot (B-3) |
| | | 6 1/2 % Notes due 2009 | Beneficial Owner Ballot (B-4) |
| | | | Master Ballot (B-5) |
| | | 6.50% Notes due 2013 | Beneficial Owner Ballot (B-6) |
| | | | Master Ballot (B-7) |
| | | 7 1/8% Notes due 2029 | Beneficial Owner Ballot (B-8) |
| | | | Master Ballot (B-9) |
| | | 8 1/4% Adjustable TOPrS Claims (due 2033) | Beneficial Owner Ballot (B-10) |
| | | | Master Ballot (B-11) |
| | | 6.197% TOPrS Claims (due 2033) | Beneficial Owner Ballot (B-12) |
| | | | Master Ballot (B-13) |
| | Class D | General Motors Corporation Claim Ballot (B-14) | |
| | Class E | Section 510(b) Note Claims Ballot (B-15) | |
| | Class G-1 | Existing Common Stock | Beneficial Owner Ballot (B-16) |
| | | | Master Ballot (B-17) |
| | | | Registered Owner Ballot (B-18) |
| | Class G-2 | Section 510(b) Equity Claims Ballot (B-19) | |
| | Class H | Section 510(b) ERISA Claims Ballot (B-20) | |

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                                        | :  |                          |
|----------------------------------------|----|--------------------------|
| In re                                  | :  | Chapter 11               |
|                                        | :  |                          |
| DELPHI CORPORATION, et al.,            | :  | Case No. 05-44481 (RDD)  |
|                                        | :  |                          |
| Debtors.                               | :  | (Jointly Administered)   |
|                                        | :  |                          |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)</u>

(Class C General Unsecured Claims)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to holders of Class C General Unsecured Claims for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

**You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.**

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS C GENERAL UNSECURED CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Modified Plan. (Please check one.)**  The undersigned, the holder of a Class C General Unsecured Claim against the Debtors in the unpaid amount of $_____,

☐      ACCEPTS (votes FOR) the Modified Plan.          ☐      REJECTS (votes AGAINST) the Modified Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on November 26, 2007, it was the holder of a Class C General Unsecured Claim to which this Ballot pertains (or an authorized signatory therefor), (b) it has full power and authority to vote to accept or reject the Modified Plan, (c) it has received a copy of the Modified Disclosure Statement (including the appendices and exhibits thereto), (d) it understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement, and (e) either (i) it has not submitted any other Ballots for Class C General Unsecured Claims or (ii) it has provided the information specified in the following table for all other Class C General Unsecured Claims for which it has submitted additional Ballots (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C General
Unsecured Claim Ballots Other Than This Ballot**

</div>

| Name Of Holder | Account Number (If Applicable) | Amount Of Claim |
|---|---|---|
| 1._____ | _____ | $_____ |
| 2._____ | _____ | $_____ |
| 3._____ | _____ | $_____ |

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS C GENERAL UNSECURED CLAIMS**

2

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Modified Plan.  You will be deemed to have voted the full amount of your claim in your vote.  **A Ballot that partially rejects and partially accepts the Modified Plan will not be counted.**  You must vote all your claims within a single class to either accept or reject that Modified Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block on the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

### <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS C GENERAL UNSECURED CLAIMS**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
In re                                                      :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                          Debtors.                         :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C General Unsecured Claims — 6.55% Notes due 2006, dated May 31, 2001)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.55% Notes due 2006, dated May 31, 2001, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do not wish to change your vote on the Modified Plan, you do not need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on December 12, 2008* or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$ \boxed{\$ \qquad\qquad\qquad}$

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:  ☐  ACCEPTS (votes FOR) the Modified Plan.

☐  REJECTS (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007, (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
                        (Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
                              (Optional)

Signature:_____

Name Of Signatory:_____
                        (If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**BENEFICIAL OWNER**

3

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot. Please review the Modified Disclosure Statement and Modified Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a) Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b) Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2. Ballots that are signed and returned but not expressly voted to accept or reject the Modified Plan will not be counted. A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c) Provide the information required by Item 3, if applicable to you.

(d) Read Item 4 carefully.

(e) Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f) If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i) Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                    :    Chapter 11
:
DELPHI CORPORATION, et al.,                              :    Case No. 05-44481 (RDD)
:
Debtors.                           :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C General Unsecured Claims — 6.55% Notes due 2006, dated May 31, 2001)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●). This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 6.55% Notes due 2006, dated May 31, 2001 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan, as described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot. Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Modified Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation. If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

CLASS C GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006,
DATED MAY 31, 2001
MASTER

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐    Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐    Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐    Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6.55% Notes due 2006, dated May 31, 2001, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
| --- | --- | --- |
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

---

[1]    To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

3

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Notes.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

**No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

---

**Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

---

**CLASS C GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006,**
**DATED MAY 31, 2001**
**MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make Any Representation, Other Than What Is Contained In The Materials Mailed With This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

In re                      :     Chapter 11
                      :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                      :

           Debtors.     :     (Jointly Administered)
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C General Unsecured Claims — 6 1/2% Notes due 2009, dated April 28, 1999)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6 1/2% Notes due 2009, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$ _____

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    ACCEPTS (votes FOR) the Modified Plan.

☐    REJECTS (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

2

**Item 4. Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**BENEFICIAL OWNER**

3

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does** *not* **constitute and** *will not* **be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is** *not* **a letter of transmittal and may** *not* **be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make**
**Any Representation, Other Than What Is Contained In The Materials Mailed With**
**This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C General Unsecured Claims — 6 1/2% Notes due 2009, dated April 28, 1999)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.**
**For the votes of your Beneficial Owners to be counted, your Master Ballot**
**must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the 6 1/2% Notes due 2009, dated April 28, 1999 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan, as described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Modified Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐          Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐          Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐          Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6 1/2% Notes due 2009, dated April 28, 1999, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the October 24, 2008 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
| --- | --- | --- |
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

----

[1]          To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

3

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

6 1/2% NOTES DUE 2009,
**DATED APRIL 28, 1999
MASTER**

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot. Please review the Modified Disclosure Statement and Modified Plan carefully before you return this Master Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"). **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1. If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3. To complete the Master Ballot properly, take the following steps:**

(a) Provide appropriate information for each of the items on the Master Ballot. Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners. Please provide information for each individual Beneficial Owner for whom you are voting Notes. If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b) Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c) Read Item 4 carefully.

(d) Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

5

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

**No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Modified Plan.**

<div style="border:1px solid black">

**Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

</div>

**CLASS C GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009,**
**DATED APRIL 28, 1999**
**MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C General Unsecured Claims -- 6.50% Notes due 2013, dated July 22, 2003)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.50% Notes due 2013, dated July 22, 2003, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will not be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
BENEFICIAL OWNER**

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of October 22, 2008, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$ _____

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:   ☐   <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐   <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

</div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

<div align="right">

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
BENEFICIAL OWNER**

</div>

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on October 22, 2008 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**BENEFICIAL OWNER**

3

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot. Please review the Modified Disclosure Statement and Modified Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted. A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make**
**Any Representation, Other Than What Is Contained In The Materials Mailed With**
**This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                          :       Chapter 11
                          :

DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
                          :

            Debtors.      :       (Jointly Administered)
                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF**
**DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)**

(Class C General Unsecured Claims — 6.50% Notes due 2013, dated July 22, 2003)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.**
**For the votes of your Beneficial Owners to be counted, your Master Ballot**
**must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●). This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 6.50% Notes due 2013, dated July 22, 2003 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot. Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Modified Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation. If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

                                      **CLASS C GENERAL UNSECURED CLAIMS**
                                               **6.50% NOTES DUE 2013,**
                                                **DATED JULY 22, 2003**
                                                       **MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐    Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐    Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐    Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—6.50% Notes due 2013, dated July 22, 2003, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
|---|---|---|
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |

---

[1]    To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

| TOTALS: | $ | $ |
|---|---|---|

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

6.50% NOTES DUE 2013,
DATED JULY 22, 2003
MASTER

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Notes.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

**CLASS C GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013,**
**DATED JULY 22, 2003**
**MASTER**

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**PLEASE NOTE:**

**No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Modified Plan.**

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS C GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013,
DATED JULY 22, 2003
MASTER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re                                               :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                              Debtors.              :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)</u>

(Class C General Unsecured Claims — 7 1/8% Notes due May 1, 2029, dated April 28, 1999)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 7 1/8% Notes due May 1, 2029, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

<table>
<tr><td>

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.
</td></tr>
</table>

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

**You must vote all of the Notes and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

> $

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

<div align="center"><b>Complete This Table Only If You Have Voted Class C<br>Securities Ballots Other Than This Ballot</b></div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

<div align="right"><b>CLASS C GENERAL UNSECURED CLAIMS<br>7 1/8% NOTES DUE 2029,<br>DATED APRIL 28, 1999<br>BENEFICIAL OWNER</b></div>

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**BENEFICIAL OWNER**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make Any Representation, Other Than What Is Contained In The Materials Mailed With This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re                           :    Chapter 11
                                 :

DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                               :

           Debtors.        :    (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)</u>

(Class C General Unsecured Claims — 7 1/8% Notes due 2029, dated April 28, 1999)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

      On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for  beneficial owners (the "Beneficial Owners") of the 7 1/8% Notes due 2029, dated April 28, 1999 (the "Notes") of Delphi Corporation, Class C General Unsecured Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

      You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Notes, and take any action required to enable the Beneficial Owner to timely vote its Notes to accept or reject the Modified Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote the Notes, you may return a Beneficial Owner Ballot or a Master Ballot.

**      Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

                                               **CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐     Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Notes listed in Item 2 below, and is the registered or record holder of the securities, or

☐     Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below, or

☐     Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C General Unsecured Claims—7 1/8% Notes due 2029, dated April 28, 1999, and certifies that the following Beneficial Owners of the Class C Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate principal amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Notes and other Class C securities to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Notes | Principal Amount Of Notes[1] | |
|---|---|---|
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |

---

[1]     To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
MASTER**

2

| TOTALS: | $ | $ |
|---------|---|---|

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner. For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by the Beneficial Owner according to your records. A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3. Additional Ballots Submitted By Beneficial Owners.** The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

3

**Item 4.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number: _____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

7 1/8 % NOTES DUE 2029,
**DATED APRIL 28, 1999**
**MASTER**

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot. Please review the Modified Disclosure Statement and Modified Plan carefully before you return this Master Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"). **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1. If you are both the registered or record holder and Beneficial Owner of** *any* **Notes and you wish to vote the Notes,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package"), and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Notes voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (z) forward the Master Ballots to the Securities Voting Agent.

**3. To complete the Master Ballot properly, take the following steps:**

(a) Provide appropriate information for each of the items on the Master Ballot. Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the Notes held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners. Please provide information for each individual Beneficial Owner for whom you are voting Notes. If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b) Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

**CLASS C GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029,**
**DATED APRIL 28, 1999**
**MASTER**

5

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

(e)  Provide your name and mailing address.

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.


**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Modified Plan.

---

**Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

---

**CLASS C GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029,
DATED APRIL 28, 1999
MASTER**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                         :        Chapter 11
:
DELPHI CORPORATION, et al.,                  :        Case No. 05-44481 (RDD)
:
Debtors.                        :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C TOPrS Claims -- 8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the  8 1/4% Adjustable Rate Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C TOPrS Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement, which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on December 12, 2008* or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any TOPrS with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**You must vote all of the TOPrS and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all of your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the TOPrS or other Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Amount Of TOPrS.**   The undersigned hereby certifies that as of November 26, 2007, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount  (insert amount in box below).  **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To TOPrS And Other Class C Securities Held In Additional Accounts.**   By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

2

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on November 26, 2007 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

3

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                   :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
            Debtors.    :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C TOPrS Claim — 8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This  master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 8 1/4% Adjustable Rate Junior Subordinated Notes, Due 2033 (the "TOPrS") of Delphi Corporation, Class C TOPrS Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold TOPrS, and take any action required to enable the Beneficial Owner to timely vote its TOPrS to accept or reject the Modified Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the TOPrS and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any TOPrS and you wish to vote the TOPrS, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐        Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of TOPrS listed in Item 2 below, and is the registered or record holder of the securities, or

☐        Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below, or

☐        Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the TOPrS described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C TOPrS Claim—8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033, and certifies that the following Beneficial Owners of the Class C TOPrS, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its TOPrS to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of TOPrS | Amount Of TOPrS[1] | |
|---|---|---|
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | | |

---

[1]        To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

Please note that each Beneficial Owner of TOPrS who votes must vote all the TOPrS owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of TOPrS owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| **Your Customer Name Or Account Number For Each Beneficial Owner** | **TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT** | | | |
|---|---|---|---|---|
| | **Name Of Holder** | **Account Number** | **Amount Of Other Class C Securities Voted** | **Type Of Other Class C Securities Voted** |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

**Item 4.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement. The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008. For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

4

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **TOPrS and you wish to vote such TOPrS,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of TOPrS other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold TOPrS, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the TOPrS voted, the amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the TOPrS for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold TOPrS and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the TOPrS held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting TOPrS.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

(e)  Provide your name and mailing address.

**CLASS C TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

(f) Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Modified Plan.

---

**Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

---

**CLASS C TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

6

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                            :    Chapter 11
:
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
:
Debtors.                                  :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C TOPrS Claims -- 6.197% Junior Subordinated Note, Due 2033)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●). This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.197% Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C TOPrS Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement, which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote. You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan. Your claims have been placed in Class C under the Modified Plan. If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do not wish to change your vote on the Modified Plan, you do not need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on December 12, 2008* or your ballot will *not* be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any TOPrS with this Ballot. This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

**You must vote all of the TOPrS and any other Class C securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C securities that you own, you must vote all of your Class C securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the TOPrS or other Class C securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Amount Of TOPrS.**   The undersigned hereby certifies that as of October 22, 2008, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount  (insert amount in box below).  **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

<br>

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To TOPrS And Other Class C Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

<div align="center">

**Complete This Table Only If You Have Voted Class C
Securities Ballots Other Than This Ballot**

</div>

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C securities.

<div align="right">

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER**

</div>

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on October 22, 2008 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block of the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## <u>Please Mail Your Ballot Promptly!</u>

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make Any Representation, Other Than What Is Contained In The Materials Mailed With This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                  :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
       Debtors.                 :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C TOPrS Claim — 6.197% Junior Subordinated Note, Due 2033)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.**
**For the votes of your Beneficial Owners to be counted, your Master Ballot**
**must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

      On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This master ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the 6.197% Junior Subordinated Notes, Due 2033 (the "TOPrS") of Delphi Corporation, Class C TOPrS Claims under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Modified Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

      You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold TOPrS, and take any action required to enable the Beneficial Owner to timely vote its TOPrS to accept or reject the Modified Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the TOPrS and (2) forward the Master Ballots to the Securities Voting Agent. If you are both the registered or record holder and Beneficial Owner of any TOPrS and you wish to vote the TOPrS, you may return a Beneficial Owner Ballot or a Master Ballot.

      **Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

 

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐    Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of TOPrS listed in Item 2 below, and is the registered or record holder of the securities, or

☐    Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below, or

☐    Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of TOPrS listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the TOPrS described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class C TOPrS Claim—6.197% Junior Subordinated Note, Due 2033, and certifies that the following Beneficial Owners of the Class C TOPrS, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting such votes.  Indicate, in the appropriate column, the aggregate amount voted for each account, or attach such information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its TOPrS to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of TOPrS | Amount Of TOPrS[1] | |
| --- | --- | --- |
| | To Accept (Vote For) The Modified Plan | To Reject (Vote Against) The Modified Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | | |

---

[1]    To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

Please note that each Beneficial Owner of TOPrS who votes must vote all the TOPrS owned by such Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of TOPrS owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name Or Account Number For Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF BENEFICIAL OWNER BALLOT | | | |
| --- | --- | --- | --- | --- |
| | Name Of Holder | Account Number | Amount Of Other Class C Securities Voted | Type Of Other Class C Securities Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

**Item 4.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **TOPrS and you wish to vote such TOPrS,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of TOPrS other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold TOPrS, along with the Modified Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable each Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(ii) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the TOPrS voted, the amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the TOPrS for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold TOPrS and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 2 for the TOPrS held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting TOPrS.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to each Beneficial Owner or, if no customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Owner in each completed Beneficial Owner Ballot relating to other Class C securities voted.

(c)  Read Item 4 carefully.

(d)  Sign and date your Master Ballot.

(e)  Provide your name and mailing address.

**CLASS C TOPrS CLAIMS**
**6.197% JUNIOR**
**SUBORDINATED NOTE, DUE 2033**
**MASTER**

(f)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Modified Plan.

---

Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.

---

**CLASS C TOPrS CLAIMS
6.197% JUNIOR
SUBORDINATED NOTE, DUE 2033
MASTER**

6

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make Any Representation, Other Than What Is Contained In The Materials Mailed With This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class D General Motors Corporation Claim)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●). This ballot (the "Ballot") is being sent to General Motors Corporation as the holder of the Class D General Motors Corporation Claim for its use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan with counsel before you vote.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do **not** wish to change your vote on the Modified Plan, you do **not** need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on December 12, 2008* or your ballot will *not* be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

**Item 1.  Vote On Modified Plan. (Please check one.)**  The undersigned, on behalf of the holder of a Class D General Motors Corporation Claim against the Debtors in the unpaid amount of $_____,

☐    ACCEPTS (votes FOR) the Modified Plan.          ☐    REJECTS (votes AGAINST) the Modified Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned certifies that: (a) on November 26, 2007 General Motors Corporation was the sole holder of a Class D General Motors Corporation Claim to which this Ballot pertains (or an authorized signatory therefor), (b) he/she/it has full power and authority to vote on behalf of General Motors Corporation to accept or reject the Modified Plan, (c) General Motors Corporation has received a copy of the Modified Disclosure Statement (including the appendices and exhibits thereto), (d) General Motors Corporation understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement, and (e) either General Motors Corporation (i) has not submitted any other Ballots for the Class D General Motors Corporation Claim or (ii) has provided the information specified in the following table for all other Class D General Motors Corporation Claims for which it has submitted additional Ballots (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class D General Motors
Corporation Claim Ballots Other Than This Ballot**

| Name Of Holder | Account Number (If Applicable) | Amount Of Claim |
|---|---|---|
| 1._____ | _____ | $_____ |
| 2._____ | _____ | $_____ |
| 3._____ | _____ | $_____ |

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

2

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective creditors, shareholders, and certain other creditors and interest holders on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot. Please review the Modified Disclosure Statement and Modified Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

You may not split your vote. You must vote the entire claim that you hold to accept or to reject the Modified Plan. You will be deemed to have voted the full amount of your claim in your vote. **A Ballot that partially rejects and partially accept the Modified Plan will not be counted.** You must vote all your claims within a single class to either accept or reject that Modified Plan.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"). **If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a) Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot

(b) Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 1. Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted. A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c) Read Item 2 carefully.

(d) Sign and date your Ballot.

(e) If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h) Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS D GENERAL MOTORS CORPORATION CLAIM**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                 Debtors.                 :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class E Section 510(b) Note Claims)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class E Section 510(b) Note Claims for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

**You should review the Modified Disclosure Statement and the Modified Plan before you vote.  Your claims have been placed in Class E under the Modified Plan.**

**If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.**

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS E SECTION 510(b) NOTE CLAIMS**

**Item 1.  Vote On Modified Plan. (Please check one.)**  The undersigned, the representative of holders of Class E Section 510(b) Note Claims against the Debtors in the unpaid amount of $_____,

☐      ACCEPTS (votes FOR) the Modified Plan.      ☐      REJECTS (votes AGAINST) the Modified Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
(Print Or Type)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS E SECTION 510(b) NOTE CLAIMS**

2

## INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block on the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS E SECTION 510(b) NOTE CLAIMS**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                               :    Chapter 11
:
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
:
Debtors.                      :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class G-1 Existing Common Stock)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the existing common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed By
The Nominee And Voted On A Master Ballot Before The Voting Deadline**

## IMPORTANT

**You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class G-1 under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do not wish to change your vote on the Modified Plan, you do not need to re-vote on the Modified Plan.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on December 12, 2008_ or your ballot will _not_ be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Existing Common Stock with this Ballot.  This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER

**You must vote all of the Existing Common Stock you hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Existing Common Stock that you own, you must vote all of your Existing Common Stock in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner, then you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Existing Common Stock through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Existing Common Stock that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Number of Shares Of Existing Common Stock.**   The undersigned hereby certifies that as of October 22, 2008, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Existing Common Stock in the following amount (insert amount in box below).  **(If your Existing Common Stock is held by a Nominee on your behalf and you do not know the number of shares held, please contact your Nominee immediately.)**

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐        <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐        <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on October 22, 2008 (a) it was the registered or record holder and the Beneficial Owner of the Existing Common Stock to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Existing Common Stock, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Existing Common Stock, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Existing Common Stock to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of interest or (b) an admission by the Debtors of the nature, validity, or amount of any interest.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender certificates representing their Existing Common Stock, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.

**Do not submit Existing Common Stock with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballot completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the number of shares of your Existing Common Stock, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 3 carefully.

(d)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(e)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.


### Please Mail Your Ballot Promptly!


If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.


**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
BENEFICIAL OWNER**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make Any Representation, Other Than What Is Contained In The Materials Mailed With This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                         :     Chapter 11
                           :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                           :

          Debtors.       :     (Jointly Administered)
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)</u>

(Class G-1 Existing Common Stock)

---

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.
For the votes of your Beneficial Owners to be counted, your Master Ballot
must be *received* by the Securities Voting Agent before the Voting Deadline.**

---

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This  master  ballot (the "Master Ballot") is to be used by you—as a bank, broker, or other nominee; or as the agent of a bank, broker, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner—for beneficial owners (the "Beneficial Owners") of the common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 Existing Common Stock under the Modified Plan, to transmit to the Securities Voting Agent the votes of the Beneficial Owners to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement, which accompanies this Master Ballot.  Before you transmit the votes of your Beneficial Owners, please review the Disclosure Statement carefully, particularly the voting procedures described in Section XVI—Voting Requirements.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

You are required to deliver Beneficial Owner ballots (each a "Beneficial Owner Ballot") to each Beneficial Owner for whom you hold Existing Common Stock, and take any action required to enable the Beneficial Owner to timely vote its Existing Common Stock to accept or reject the Modified Plan.  With regard to any Beneficial Owner Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Existing Common Stock and (2) forward the Master Ballots to the Securities Voting Agent.  If you are both the registered or record holder and Beneficial Owner of any Existing Common Stock and you wish to vote the Existing Common Stock, you may return a Beneficial Owner Ballot or a Master Ballot.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot and return it so that it is received by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline"), by Financial Balloting Group (the "Securities Voting Agent"), 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation.  If this Master Ballot is not completed, signed, and timely received by the Voting Deadline, the votes transmitted hereby will *not* be counted.**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

**Item 1.  Certification Of Authority To Vote.**  The undersigned certifies that as of the November 26, 2007 voting record date, the undersigned (please check applicable box):

☐    Was a bank, broker, or other nominee for the Beneficial Owners of the aggregate amount of Existing Common Stock listed in Item 2 below, and is the registered or record holder of the securities, or

☐    Was acting under a power of attorney and agency (a copy of which will be provided upon request) granted by a bank, broker, or other nominee that is the registered or record holder of the aggregate amount of Existing Common Stock listed in Item 2 below, or

☐    Had been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other nominee, or a Beneficial Owner, that is the registered or record holder of the aggregate amount of Existing Common Stock listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Modified Plan on behalf of the Beneficial Owners of the Existing Common Stock described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of Beneficial Owners in respect of their Class G-1 Existing Common Stock, and certifies that the following Beneficial Owners of the Class G-1 Existing Common Stock, as identified by their respective customer account numbers set forth below, are Beneficial Owners of those securities as of the November 26, 2007 record date and have delivered to the undersigned, as Nominee, Ballots casting those votes.  Indicate, in the appropriate column, the aggregate number of shares voted for each account, or attach the information to this Master Ballot, in the form of the following table.  Please note that each Beneficial Owner must vote all of his, her, or its Class G-1 Existing Common Stock to accept or reject the Modified Plan and may not split the vote.  In addition, this Master Ballot must be received by Financial Balloting Group, the Securities Voting Agent, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 or the votes listed below will not be counted:

| Customer Name Or Account Number For Each Beneficial Owner Of Class G-1 Existing Common Stock | Number Of Shares Of Existing Common Stock[1] | |
|---|---|---|
| | **To Accept (Vote For) The Modified Plan** | **To Reject (Vote Against) The Modified Plan** |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| **TOTALS:** | | |

---

[1]    To vote on the Modified Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Modified Plan on the Beneficial Owner Ballot.  Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, do not enter any vote in this column.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

Please note that each Beneficial Owner of Existing Common Stock who votes must vote all the Existing Common Stock owned by the Beneficial Owner.  For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Existing Common Stock owned by the Beneficial Owner according to your records.  A Beneficial Owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Modified Plan may not be counted.

**Item 3.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.  The undersigned also acknowledges that the solicitation of votes to accept or reject the Modified Plan is subject to all the terms and conditions set forth in the Modified Disclosure Statement.

Name Of Bank, Broker, Or Other Nominee:

_____
(Print Or Type)

Participant Number:_____

Name Of Proxy Holder Or Agent For Bank,
Broker, Or Other Nominee (if applicable):

_____
(Print Or Type)

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Title:_____

Address:_____

_____

_____

Phone Number:_____

Date Completed:_____

---

**VOTING DEADLINE**

**The Voting Deadline is 7:00 p.m. (prevailing Eastern time) on December 12, 2008.  For the votes of your Beneficial Owners to be counted, your Master Ballot must be *received* by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, before the Voting Deadline or your customers' votes will not be counted.**

---

**ADDITIONAL INFORMATION**

**If you have any questions regarding this Master Ballot or the voting procedures, or if you need additional copies of the Master Ballot, the Beneficial Owner Ballot, or the other enclosed materials, please call the Securities Voting Agent, Financial Balloting Group, at (646) 282-1800.**

---

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Master Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you return this Master Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign, and return this Master Ballot so that it is RECEIVED by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

**1.  If you are both the registered or record holder and Beneficial Owner of** *any* **Existing Common Stock and you wish to vote the Existing Common Stock,** you may complete, execute, and return to the Securities Voting Agent a Beneficial Owner Ballot or a Master Ballot.

**2.  If you are transmitting the votes of any Beneficial Owners of Existing Common Stock other than yourself, you may either:**

(a) deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Existing Common Stock, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and take any action required to enable the Beneficial Owner to (i) complete and execute that Ballot voting to accept or reject the Modified Plan and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Securities Voting Agent before the Voting Deadline;

*OR*

(b) prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Ballot and by indicating on that Ballot the record holder of the Existing Common Stock voted, the principal amount, and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Existing Common Stock for voting so that the Beneficial Owner may return the completed Ballot directly to the Securities Voting Agent in the return envelope provided in the Solicitation Package.

**The Solicitation Package Must Not Be Forwarded To Any Person Or Entity Other Than The Beneficial Owners Or Their Intermediaries.**

With regard to any Beneficial Owner Ballots returned to you, you must (y) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Existing Common Stock and (z) forward the Master Ballots to the Securities Voting Agent.

**3.  To complete the Master Ballot properly, take the following steps:**

(a)  Provide appropriate information for each of the items on the Master Ballot.  Vote to accept (vote for) or reject (vote against) the Modified Plan in Item 3 for the Existing Common Stock held by you as the Nominee or proxy holder on behalf of the Nominee or the Beneficial Owners.  Please provide information for each individual Beneficial Owner for whom you are voting Existing Common Stock.  If you are unable to disclose the identity of the Beneficial Owners, please use the customer account number assigned by you to the Beneficial Owner or, if no such customer account number exists, please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and its, his, or her assigned sequential number).

(b)  Read Item 3 carefully.

(c)  Sign and date your Master Ballot.

(d)  Provide your name and mailing address.

(e)  Deliver your Master Ballot to the Securities Voting Agent before the Voting Deadline.

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

**PLEASE NOTE:**

No Ballot or Master Ballot constitutes or will be deemed to constitute (a) a proof of claim or equity interest or (b) an admission by the Debtors of the nature, validity, or amount of any claim or equity interest.

This Master Ballot is not a letter of transmittal and may not be used for any other purpose than to cast votes to accept or reject the Modified Plan.

> **Nothing contained herein or in the enclosed documents constitutes you or any other person an agent of the Debtors or the Securities Voting Agent, or authorizes you or any other person to use any document or make any statements on behalf of any of them with respect to the Modified Plan, except for the statements contained in the documents enclosed herewith.**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
MASTER**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/REGISTERED HOLDER BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class G-1 Existing Common Stock)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the existing common stock of Delphi Corporation (the "Existing Common Stock"), Class G-1 under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
So That It Is Received By
The Voting Deadline Of 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

**You should review the Modified Disclosure Statement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class G-1 under the Modified Plan.  If you hold claims or interests in another class, you will receive a ballot for each class in which you are entitled to vote.**

**If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>received</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  Do not return any Existing Common Stock with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

---

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
REGISTERED HOLDER**

[REGI CODE]

**You must vote all of the Existing Common Stock you hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Existing Common Stock that you own, you must vote all of your Existing Common Stock in the same way (i.e., all "Accepts" or all "Rejects").  An authorized signatory of an eligible Beneficial Owner may execute this Ballot, but must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating the signatory's authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Existing Common Stock through more than one account. You should vote each Ballot that you receive for all of the Existing Common Stock that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Number of Shares Of Existing Common Stock.**   The undersigned hereby certifies that as of October 22, 2008, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner) of Existing Common Stock in the following amount (insert amount in box below).

<div style="border:1px solid black; width:200px; height:40px;"></div>

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Authorization.**   By returning this Ballot, the Beneficial Owner hereby certifies (or the authorized signatory hereby certifies on behalf of the Beneficial Owner, as applicable) that it was on October 22, 2008 the registered or record holder and the Beneficial Owner of the Existing Common Stock to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Modified Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)

Title:_____

Address:_____

Date Signed :_____

<div style="text-align:right;">

**CLASS G-1 EXISTING COMMON STOCK**
**OF DELPHI CORPORATION**
**REGISTERED HOLDER**
</div>

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of interest or (b) an admission by the Debtors of the nature, validity, or amount of any interest.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender certificates representing their Existing Common Stock, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.

**Do not submit Existing Common Stock with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue–3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the number of shares of your Existing Common Stock, please refer to the back page of the Ballot for the number of shares.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 3 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486 1727.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship in the signature block on the Ballot with that person or entity and the capacity in which you are signing.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent promptly:

Financial Balloting Group
757 Third Avenue, 3rd Floor
New York, NY  10017
**(866) 486-1727**

**CLASS G-1 EXISTING COMMON STOCK
OF DELPHI CORPORATION
REGISTERED HOLDER**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
<u>DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)</u>

(Class G-2 Section 510(b) Equity Claims)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●). Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class G-2 Section 510(b) Equity Claims for their use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote. Your claims have been placed in Class G-2 under the Modified Plan.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be <u>*received*</u> by the voting agent is <u>*7:00 p.m. (prevailing Eastern time) on December 12, 2008*</u> or your ballot will *not* be counted. If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

**Item 1.  Vote On Modified Plan. (Please check one.)**  The undersigned, the representative of holders of Class G-2 Section 510(b) Equity Claims against the Debtors in the unpaid amount of $_____,

☐          ACCEPTS (votes FOR) the Modified Plan.          ☐          REJECTS (votes AGAINST) the Modified Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
                                                    (Print Or Type)

Signature:_____

Name Of Signatory:_____
                                                    (If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____


If your address or contact information has changed, please note the new information here:


**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS G-2 SECTION 510(b) EQUITY CLAIMS**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                  Debtors.                :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION OF
DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class H Section 510(b) ERISA Claims)

On [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  Pursuant to the terms of the Order Preliminarily Approving Multidistrict Litigation and Insurance Settlement entered on October 29, 2007 (Docket No. 10746) (the "Preliminary MDL Settlement Approval Order"), this ballot (the "Ballot") is being sent to the Lead Plaintiffs (as defined in the Preliminary MDL Settlement Approval Order) representing the holders of Class H Section 510(b) ERISA Claims for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Modified Disclosure Statement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan and if it is accepted by the holders of at least two-thirds in number of shares in each class of interests entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  To change your vote, you must complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided**

**The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On December 12, 2008**

---

**IMPORTANT**

You should review the Modified Disclosure Statement and the Modified Plan before you vote.  Your claims have been placed in Class H under the Modified Plan.

If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, and you do <u>not</u> wish to change your vote on the Modified Plan, you do <u>not</u> need to re-vote on the Modified Plan.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be <u>*received*</u> by the voting agent is *7:00 p.m. (prevailing Eastern time) on December 12, 2008* or your ballot will *not* be counted.  If you have any questions please call Kurtzman Carson Consultants LLC (the "Creditor Voting Agent") at (888) 249-2691.

---

**The Creditor Voting Agent Will Not Accept Ballots By Electronic Or Facsimile Transmission**

**CLASS H SECTION 510(b) ERISA CLAIMS**

**Item 1.  Vote On Modified Plan. (Please check one.)**  The undersigned, the representative of holders of Class H Section 510(b) ERISA Claims against the Debtors in the unpaid amount of $_____,

☐        ACCEPTS (votes FOR) the Modified Plan.          ☐        REJECTS (votes AGAINST) the Modified Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that it is the party authorized to submit this Ballot in accordance with the Preliminary MDL Settlement Approval Order:

Name Of Voter:_____
(Print Or Type)

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address:_____

Date Signed:_____


If your address or contact information has changed, please note the new information here:


**CLASS H SECTION 510(b) ERISA CLAIMS**

2

### INSTRUCTIONS FOR COMPLETING THE BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, shareholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Modified Disclosure Statement accompanying this Ballot.  Please review the Modified Disclosure Statement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots must be received by the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on December 12, 2008 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Creditor Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Creditor Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11.5 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a) Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Read Item 2 carefully.

(d)  Sign and date your Ballot.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, at (888) 249-2691.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing in the signature block of the Ballot.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Creditor Voting Agent, Kurtzman Carson Consultants LLC, promptly
at (888) 249-2691 or Kurtzman Carson Consultants LLC,
2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Ballot Tabulation

**CLASS H SECTION 510(b) ERISA CLAIMS**

# Exhibit C

## (Unimpaired Notice)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                       :    Chapter 11
                           :

DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                           :

              Debtors.    :    (Jointly Administered)
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE TO UNIMPAIRED CREDITORS OF (I) FILING OF PROPOSED MODIFIED PLAN OF REORGANIZATION, (II) TREATMENT OF CLAIMS UNDER MODIFIED PLAN, (III) HEARING ON APPROVAL OF MODIFIED PLAN, AND (IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS THERETO

PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).

PLEASE TAKE FURTHER NOTICE that holders of certain claims under the Modified Plan are unimpaired as defined in section 1124 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code").  Specifically, holders of Secured Claims,[1] Flow-Through Claims,[2] and Interests in Affiliate Debtors are unimpaired under the Modified Plan.  Such claims are identified in the Modified Plan as Class A (Secured Claims), Class B (Flow-Through Claims), and Class J (Interests in Affiliate Debtors).  These claims are referred to in the Modified Plan as "Unimpaired Claims."

PLEASE TAKE FURTHER NOTICE that the Modified Plan provides that:

Section 5.1—Class A Claims.  Except as otherwise provided in and subject to Article 9.8 of this Plan, at the sole option of the Debtors or Reorganized Debtors, each Allowed Secured Claim shall be satisfied in full in Cash or Reinstated.  Notwithstanding section 1141(c) or any other provision of the Bankruptcy Code, all valid, enforceable, and perfected prepetition liens on property of the Debtors held by or on behalf of holders of Secured Claims with respect to such Claims shall

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Modified Plan.

[2]    For ease of  reference, a "Flow-Through Claim" is defined under Article 1.82 of the Modified Plan as a " a claim arising from (a) an Ordinary Course Customer Obligation to a customer of Delphi as of the date of the commencement of the hearing on the Disclosure Statement, (b) an Environmental Obligation (excluding those environmental obligations that were settled or capped during the Chapter 11 Cases (to the extent in excess of the capped amount)), (c) an Employee-Related Obligation (including worker compensation and unemployment compensation claims) asserted by an hourly employee that is not otherwise waived pursuant to the Union Settlement Agreements, (d) any Employee-Related Obligation asserted by a salaried, non-executive employee who was employed by Delphi as of the date of the commencement of the hearing on the Disclosure Statement, (e) any Employee-Related Obligation asserted by a salaried executive employee who was employed by Delphi as of the date of the commencement of the hearing on the Disclosure Statement and has entered into a new employment agreement as described in Article 7.8 of this Plan, and (f) litigation exposures and other liabilities arising from litigation that are covered by insurance, but only in the event that the party asserting the litigation ultimately agrees to limit its recovery to available insurance proceeds; provided, however, that all Estate Causes of Action and defenses to any Flow-Through Claim shall be fully preserved."

survive the Effective Date and continue in accordance with the contractual terms of the underlying agreements with such holders of such Secured Claims and/or applicable law until, as to each such holder of an Allowed Secured Claim, such Secured Claim is satisfied.

Section 5.2—Class B Claims.  The legal, equitable, and contractual rights of each holder of a Flow-Through Claim, if any, shall be unaltered by the Plan and shall be satisfied in the ordinary course of business at such time and in such manner as the applicable Reorganized Debtor is obligated to satisfy each Flow-Through Claim (subject to the preservation and flow-through of all Estate Causes of Action and defenses with respect thereto, which shall be fully preserved).  The Debtors' failure to object to a Flow-Through Claim in their Chapter 11 Cases shall be without prejudice to the Reorganized Debtors' right to contest or otherwise object to the classification of such Claim in the Bankruptcy Court.

Section 5.11—Class J Interests.  On the Effective Date, except as otherwise contemplated by the Restructuring Transactions, the holders of Interests in the Affiliate Debtors shall retain such Interests in the Affiliate Debtors under the Plan.

PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of an Unimpaired Claim under the Modified Plan.  In accordance with section 1126(f) of the Bankruptcy Code, with respect to your Unimpaired Claim, you will (a) be deemed to have accepted the Modified Plan and (b) not be entitled to vote on the Modified Plan.  The Debtors therefore will not solicit your vote, and you will not receive a ballot with respect to your Unimpaired Claim.  Accordingly, this may be the final notice you receive with respect to the Modified Plan and with respect to your Unimpaired Claim.  Although you will not be entitled to vote on the Modified Plan with respect to your Unimpaired Claim, you are a party-in-interest in the Debtors' Chapter 11 Cases.  Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to approval of the Modified Plan.

PLEASE TAKE FURTHER NOTICE that copies of the Modified Disclosure Statement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

PLEASE TAKE FURTHER NOTICE that the hearing (the "Final Modification Hearing") to consider approval of the Modified Plan, will commence on **December 17, 2008** at **10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE that **December 12, 2008** at **4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b)  conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 23, 2008 (Docket No. 13965), and the Order (i) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Modifications And Related Disclosures And Voting Procedures And (ii) Setting Final

2

Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization (the "Preliminary Plan Modification Approval Order") (Docket No. ●), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., George N. Panagakis, Ron E. Meisler, and Nathan L. Stuart), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart and Brad E. Scheler), (vi) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L Tanenbaum, Michael P. Kessler, and Robert J. Lemons) and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), **in each case so as to be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

Delphi Legal Information Hotline:                Delphi Legal Information Website:
Toll Free:  (800) 718-5305                       http://www.delphidocket.com
International:  (248) 813-2698


Dated:          New York, New York
                [●], 2008
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP
                                             John Wm. Butler, Jr.
                                             George N. Panagakis
                                             Ron E. Meisler
                                             Nathan Stuart
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                                - and -
                                            Kayalyn A. Marafioti
                                            Thomas J. Matz
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for Delphi Corporation, et al.,
                                         Debtors and Debtors-in-Possession

# Exhibit D

(Non-Voting Status Notice)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

In re                           :     Chapter 11
                                :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                :

                Debtors.     :    (Jointly Administered)
                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF NON-VOTING STATUS WITH RESPECT TO
CERTAIN CLAIMS AND INTERESTS

      PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to
modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And
Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed
by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii)
approved related modifications to the disclosure statement approved by the Bankruptcy Court on
December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to
consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification
Approval Order") (Docket No. ●).

      PLEASE TAKE FURTHER NOTICE that under the Preliminary Plan Modification
Approval Order, the provisions of chapter 11 of the Bankruptcy Code,[1] and the Modified Plan,
holders of certain claims or interests under the Modified Plan are not entitled to vote.
Specifically, holders of claims to which the Debtors filed an objection to expunge such claims,
which objection is still pending ("Disputed Claims"), and holders of claims which were
scheduled or filed as contingent ("Contingent Claims"), are not entitled to vote on the Modified
Plan.

      PLEASE TAKE FURTHER NOTICE **that your claim or interest is either a Disputed
Claim, or a Contingent Claim, and you are accordingly not entitled to vote on the Modified
Plan.**

      PLEASE TAKE FURTHER NOTICE that if your claim is a Disputed Claim or a
Contingent Claim and you disagree with the Debtors' objection to your claim or interest and wish
to vote on the Modified Plan, or if you otherwise believe that you should be entitled to vote on
the Modified Plan, then you must (a) have timely filed a proof of claim by the applicable bar date
or your proof of claim must be deemed timely filed by an order of the Bankruptcy Code before
**7:00 p.m.** (prevailing Eastern time) on **December 12, 2008** (the "Voting Deadline"), (b) contact
Kurtzman Carson Consultants LLC at 2335 Alaska Avenue, El Segundo, California 90245, (888)
249-2691 (the "Creditor Voting Agent") to obtain a ballot and return the ballot by the Voting
Deadline, and (c) timely file and serve a motion ("Rule 3018(a) Motion") under Bankruptcy Rule
3018(a) for temporary allowance of your claim or interest for purposes of voting.  The deadline

---

[1] Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005.

for filing and serving Rule 3018 Motions is **December 2, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline"); provided, however, that if the Debtors object to a claim or interest after November 23, 2008, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.  Rule 3018(a) Motions must be filed with the Clerk of the Court on or before the Rule 3018(a) Motion Deadline and served so as to be received by the Notice Parties (as defined in the Preliminary Plan Modification Approval Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Preliminary Plan Modification Approval Order.

PLEASE TAKE FURTHER NOTICE that copies of the Modified Disclosure Statement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com.  This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at its address set forth above.

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") will commence on **December 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **December 12, 2008 at 4:00 p.m.** (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline").  To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Preliminary Plan Modification Approval Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., George N. Panagakis, Ron E. Meisler, and Nathan L. Stuart), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004

(Att'n: Bonnie Steingart and Brad E. Scheler), (vi) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L Tanenbaum, Michael P. Kessler, and Robert J. Lemons) and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), in each case so as to be **received no later than Objection Deadline**.  **Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

Delphi Legal Information Hotline:  
Toll Free:  (800) 718-5305  
International:  (248) 813-2698

Delphi Legal Information Website:  
http://www.delphidocket.com


Dated:    New York, New York  
      [●], 2008

    SKADDEN, ARPS, SLATE, MEAGHER  
    & FLOM LLP  
      John Wm. Butler, Jr.  
      George N. Panagakis  
      Ron E. Meisler  
      Nathan Stuart  
    333 West Wacker Drive, Suite 2100  
    Chicago, Illinois 60606

        - and -  
      Kayalyn A. Marafioti  
      Thomas J. Matz  
    Four Times Square  
    New York, New York 10036

    Attorneys for Delphi Corporation, et al.,  
      Debtors and Debtors-in-Possession

# Exhibit E

(Notice To Parties Subject To A Post-Solicitation  Date Objection)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
    In re                             :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
               Debtors.    :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

<u>NOTICE TO PARTIES SUBJECT TO A POST-SOLICITATION DATE OBJECTION</u>

       PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).

       PLEASE TAKE FURTHER NOTICE that on or about November 13, 2008, the Debtors mailed a solicitation package to you, which included a ballot that was populated with data that is based upon the claims register as of November 26, 2007, the record date established by the Bankruptcy Court.

       PLEASE TAKE FURTHER NOTICE that the Debtors have recently filed an objection to your claim or interest.  In accordance with the Preliminary Plan Modification Approval Order, your vote will now be tabulated in an amount and classification consistent with the modifications requested in the current objection (or, if the objection seeks to disallow and expunge your claim, your vote will not be tabulated).

       PLEASE TAKE FURTHER NOTICE that, to the extent that you wish to vote your claim or interest in an amount and classification other than that in the Debtors' objection, you must file a motion requesting temporary allowance of your claim or interest for purposes of voting pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion").  If you timely file and serve a Rule 3018(a) Motion, you will receive a provisional ballot and will be permitted to cast this provisional ballot to accept or reject the Modified Plan.  If you and the Debtors are unable to resolve the issues raised by the Rule 3018(a) Motion, the Bankruptcy Court will determine at the Final Modification Hearing whether the provisional ballot should be counted as a vote on the Modified Plan.

       PLEASE TAKE FURTHER NOTICE that the deadline for filing and serving a Rule 3018(a) Motion is **4:00 p.m. (prevailing Eastern time) on December 2, 2008** (unless the Debtors object to your claim or interest after November 23, 2008, in which case the deadline for filing and serving a Rule 3018(a) Motion for that claim or interest will be ten days following the filing of the Debtors' objection).

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          [●], 2008

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
          John Wm. Butler, Jr.
          George N. Panagakis
          Ron E. Meisler
          Nathan Stuart
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and –

          Kayalyn A. Marafioti
          Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

## <u>Exhibit F</u>

(Notice To Employees Regarding Multiple Solicitation
Documents)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                       :
    In re                                                              :    Chapter 11
                                                                       :
DELPHI CORPORATION, et al.,                                            :    Case No. 05-44481 (RDD)
                                                                       :
                                    Debtors.                           :    (Jointly Administered)
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

<div align="center">

NOTICE TO CURRENT AND FORMER EMPLOYEES REGARDING
MULTIPLE SOLICITATION DOCUMENTS

</div>

This Notice explains why you may be receiving various documents in the Delphi bankruptcy case.

PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).  As a part of this process of soliciting votes on the Modified Plan, the Debtors have sent numerous documents to various parties in interest.  ("Parties in interest" include people who have claims against the Debtors.)  Capitalized terms used and not defined in this notice have the meanings set forth in the Modified Plan.

As an employee or former employee of the Debtors, you may be one of these parties in interest and may have a number of different interests or claims, as defined by the Modified Plan.  As such, you may be receiving a variety of documents from the Debtors, depending on the nature of your interests or claims.  The information below explains why you may be receiving various documents based upon the types of claims or interests you may have.

If you are or were represented by a labor union while employed at Delphi, you may wish to contact your union about any notices that you receive.

Please note that this information is only a summary of some of the terms of the Modified Disclosure Statement and the Modified Plan and is qualified entirely by and is subject to the actual terms and conditions of the Modified Plan and Modified Disclosure Statement.  In the event of any conflict between this notice and another document, the applicable document, and not this notice, will control.  Complete copies of Delphi's Court papers, including the Modified Plan and Modified Disclosure Statement can be obtained at www.delphidocket.com or by calling 1-888-249-2691.

<div align="center">

**The Information Below Merely Attempts To Explain The Reason That Certain Parties Are Receiving Particular Documents As A Part Of The Solicitation Process And Is Not Intended As A Substitute For Careful Review Of The Modified Plan And Modified Disclosure Statement And The Other Notices And Documents You May Receive In Your Solicitation Package.**

**No Action Is Required Of You In Connection With *This* Notice.  However, Please Read Carefully Each Of The Documents That You Have Received To Determine If Any Action Is Required In Connection With Any Of These Other Documents.**

</div>

**Please Carefully Review The Modified Plan And Modified Disclosure Statement. You May Wish To Seek Legal Advice Concerning The Plan And Your Classification And Treatment Under The Modified Plan.**
**Documents You May Have Received**

Certain parties in interest will receive a "solicitation package" containing:

- the Final Modification Hearing Notice,
- a CD-ROM containing the Preliminary Plan Modification Approval Order, solicitation letters from the Creditors' Committee and the Equity Committee, the Modified Disclosure Statement, the Modified Plan, and the publicly filed materials appended thereto, and a copy of the Debtors' most recently filed 10-Q.

Additionally you may have received the following documents:

**Notice of Non-Voting Status**:  If you received a Notice of Non-Voting Status, you may have a claim subject to an objection, in which case, you will not receive or retain any property on account of such claim or interest.  You are therefore deemed to reject the Modified Plan and you will not vote on the Modified Plan *on account of such claims* (although you may still be allowed to vote because of other claims or interests that you may have).

**Unimpaired Notice**:  If you received an Unimpaired Notice, you may have one or more of the claims described below which are unimpaired under the Modified Plan.  Holders of unimpaired claims are deemed to accept the Modified Plan and therefore do not vote on the Modified Plan *on account of such claims* (although you may still be allowed to vote because of other claims or interests that you may have).

| Examples Of Interests/Claims That May Trigger An Unimpaired Notice | Modified Plan Class | Proposed Modified Plan Treatment |
|---|---|---|
| • Unpaid healthcare and insurance-related benefit claims for active employees<br>• Unpaid wages for active employees<br>• Workers Compensation claims | Flow Through Claims: include claims arising from, among other things, (i) an Employee-Related Obligation asserted by an hourly employee that is not otherwise waived pursuant to the Union Settlement Agreements (workers compensation and unemployment compensation claims are "flow-through claims"), or (ii) any Employee-Related Obligation asserted by a salaried, non-executive employee who was employed by Delphi as of the date of the commencement of the hearing on the Modified Disclosure Statement, (iii) any Employee-Related Obligation asserted by a salaried executive employee who was employed by Delphi as of the date of the commencement of the hearing on the Modified Disclosure Statement and has entered into a new | Please refer to Article 5.2 of the Modified Plan for treatment of "Flow Through Claims." |

| | employment agreement as described in Article 7.8 of the Modified Plan. | |
|---|---|---|

**Ballot**:  Some claims result in a right to vote on the Modified Plan.  If you received a Ballot, please review the plan class title on the Ballot and the corresponding description of such class in the Modified Plan and Modified Disclosure Statement and read and follow the instructions on the Ballot carefully in order for your vote on the Modified Plan to be counted. Your receipt of a Ballot or Ballots indicates your claim(s) is currently listed on Delphi's claims docket.

| Examples Of Interests/Claims That May Trigger A Ballot | Modified Plan Class | Proposed Modified Plan Treatment |
|---|---|---|
| • Allowed SERP claims from current retirees<br>• Unpaid base compensation, incentive compensation, and retention grant claims for which a timely, valid proof of claim was filed and to the extent such claims were not released<br>• Claims for unpaid cash compensation for which retirees or a non-current employee for which a timely proof of claim has been filed, to the extent required by the Bar Date Order | General Unsecured Claims, other than Senior Note Claims or TOPrS Claims | Please refer to Article 5.3 of the Modified Plan for treatment of General Unsecured Claims. |
| • Holding Stock in the Delphi | Class G-1 Existing Common Stock | Please refer to Article 5.7 of the Modified Plan for treatment of Existing Common Stock |

    If you have any questions not answered by the chart above, please contact Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Employee Multiple Notice or at (888) 249-2691.  If applicable, you may also contact your union.

Delphi Legal Information Hotline:     Delphi Legal Information Website:

Toll Free:  (800) 718-5305        http://www.delphidocket.com

International:  (248) 813-2698


Dated:   New York, New York
       [●], 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
     John Wm. Butler, Jr.
     George N. Panagakis
     Ron E. Meisler
     Nathan Stuart
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

       - and -
     Kayalyn A. Marafioti
     Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

# Exhibit G

(Final Plan Modification Approval Hearing Notice)

**Hearing Date And Time: December 17, 2008 At 10:00 a.m.**
**Objection Deadline: December 12, 2008 At 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
    In re                                   :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                         Debtors.         :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF

(1) APPROVAL OF MODIFIED DISCLOSURE STATEMENT;
(2) HEARING ON MODIFICATIONS TO PLAN;
(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATION OF PLAN;
(4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
(5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(6) RECORD DATE;
(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

        PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan")[1], modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

        PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

        PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on [●], 2008 (as defined below, the "Preliminary Plan Modification Approval Order") (Docket No. [●])

---

[1]    The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures  (Docket No. 11389) (the "Solicitation Procedures Order").

approving the modified disclosure statement (the "Modified Disclosure Statement") with respect to the Modified Plan and providing, among other things, that:

1. <u>Final Modification Hearing Date</u>. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **December 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. <u>Objections To Approval Of Modified Plan</u>. **December 12, 2008 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 23, 2008 (Docket No. 13965), and the Preliminary Plan Modification Approval Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., George N. Panagakis, Ron E. Meisler, and Nathan L. Stuart), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart and Brad E. Scheler), and (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

3. <u>Temporary Allowance Of Claims</u>. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting

2

Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan.  The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **December 2, 2008** at **4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Preliminary Plan Modification Approval Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Preliminary Plan Modification Approval Order; provided, however, that if the Debtors object to a claim or interest after November 23, 2008, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4.  Provisional Votes.  Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan.  If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5.  Treatment Of Certain Claims.  Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan.  Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6.  Record Date.  **November 26, 2007**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7.  Voting Deadline.  If you hold a claim against or an equity interest or other interest in one of the Debtors as of November 26, 2007, the Record Date as established in the Solicitation Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest.  For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **December 12, 2008** (the "Voting Deadline") by the appropriate voting agent,

Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson
Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

|  |  |
|---|---|
| Securities Voting Agent | Creditor Voting Agent |
| Delphi Corporation, <u>et al.</u> | Delphi Corporation, <u>et al</u>. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York  10017 | El Segundo, California  90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not
received by the Voting Deadline will not be counted.**

8. <u>Injunction To Enforce Releases And Exculpation In The Modified Plan</u>.  **The Modified Plan
proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to
the releases and exculpation.  The releases generally provide that the Debtors, the Debtors' present
and certain former officers and directors, the official committee of unsecured creditors, the official
committee of equity security holders, the DIP agent, the DIP lenders, all professionals retained in
these cases, the unions representing the Debtors' employees and former employees, General Motors
Corporation, and certain related persons and entities, will receive releases from the Debtors'
present and former creditors and equity security holders, certain hourly employees and former
employees of the Debtors, and certain related persons and entities, with respect to any claims or
causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or
the Debtors' chapter 11 cases.  These released parties will also be exculpated generally from
Debtor-related liability by all parties.**

4

> **You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

   10. <u>Information And Documents</u>.  Copies of the Modified Disclosure Statement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:    Delphi Legal Information Website:
Toll Free:  (800) 718-5305      <u>http://www.delphidocket.com</u>
International:  (248) 813-2698


Dated:  New York, New York
    [●], 2008

       SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
         John Wm. Butler, Jr.
         George N. Panagakis
         Ron E. Meisler
         Nathan L. Stuart
        333 West Wacker Drive, Suite 2100
       Chicago, Illinois 60606

          - and -

         Kayalyn A. Marafioti
         Thomas J. Matz
       Four Times Square
       New York, New York 10036

        Attorneys for Delphi Corporation, <u>et al.</u>,
          Debtors and Debtors-in-Possession

# <u>Exhibit H</u>

## (Notice Of Non-Assumption Of Executory Contracts)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                    :
        In re                                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                            Debtors.                :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

NOTICE OF NON-ASSUMPTION UNDER THE MODIFIED PLAN WITH RESPECT TO CERTAIN
EXPIRED OR TERMINATED CONTRACTS OR LEASES PREVIOUSLY DEEMED TO BE
ASSUMED OR ASSUMED AND ASSIGNED UNDER PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the Southern
District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to
the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors
And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its
affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the
disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure
Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan
(the "Preliminary Plan Modification Approval Order") (Docket No. ●).

        The Modified Plan provides that any all executory contracts and unexpired leases as to which any
Debtor is a party shall be deemed automatically assumed in accordance with the provisions and
requirements of section 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such
executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by final
order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject filed on or before the
Effective Date (as defined in the Modified Plan), (iii) shall have expired or terminated on or prior to the
Effective Date (and not otherwise extended) pursuant to their own terms, (iv) are listed on the schedule of
rejected contracts or unexpired leases attached as Exhibit 8.1(a) to the Modified Plan, or (v) are otherwise
rejected pursuant to the terms of the Modified Plan.

        In accordance with the Preliminary Plan Modification Approval Order, the Modified Disclosure
Statement, and the Modified Plan, the Debtors hereby provide notice that the contract(s) listed on
Schedule 1 attached hereto will not be assumed or assumed and assigned by the Debtors, as provided in
the Modified Plan and the Modified Disclosure Statement, because such contract(s) have expired or
terminated.

        PLEASE TAKE FURTHER NOTICE that if you disagree with the Debtors' determination that
the contract(s) listed on Schedule 1 have expired or terminated, **then you must file an objection on or
prior to the Effective Date of the Modified Plan**.

        PLEASE TAKE FURTHER NOTICE that copies of the Modified Disclosure Statement, the
Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case
information, at www.delphidocket.com.  This information may also be obtained, upon reasonable written
request, from the Creditor Voting Agent (as set forth in the Preliminary Plan Modification Approval
Order).

PLEASE TAKE FURTHER NOTICE that the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") will commence on **December 17, 2008 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **December 12, 2008 at 4:00 p.m.** (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline").  To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 23, 2008 (Docket No. 13965), and the Preliminary Plan Modification Approval Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., George N. Panagakis, Ron E. Meisler, and Nathan L. Stuart), (iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart and Brad E. Scheler), (vi) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L Tanenbaum, Michael P. Kessler, and Robert J. Lemons) and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), in each case so as to be **received no later than Objection Deadline**.  **Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

Delphi Legal Information Hotline:                    Delphi Legal Information Website:
Toll Free:  (800) 718-5305                             http://www.delphidocket.com
International:  (248) 813-2698


Dated:    New York, New York
              [●], 2008

                                          SKADDEN, ARPS, SLATE, MEAGHER
                                             & FLOM LLP
                                                John Wm. Butler, Jr.
                                                George N. Panagakis
                                                Ron E. Meisler
                                                Nathan Stuart
                                          333 West Wacker Drive, Suite 2100
                                          Chicago, Illinois 60606

                                                      - and -
                                                Kayalyn A. Marafioti
                                                Thomas J. Matz
                                          Four Times Square
                                          New York, New York 10036

                                          Attorneys for Delphi Corporation, et al.,
                                             Debtors and Debtors-in-Possession

## Exhibit I

(Modified Plan Reclamation Election Notice)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :

|  |  |
|---|---|
| In re | :    Chapter 11 |
|  | : |
| DELPHI CORPORATION, et al., | :    Case No. 05-44481 (RDD) |
|  | : |
| Debtors. | :    (Jointly Administered) |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### NOTICE OF TREATMENT OF RECLAMATION CLAIM UNDER MODIFIED PLAN OF REORGANIZATION

        PLEASE TAKE NOTICE that on [●], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified) (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved related modifications to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Modified Disclosure Statement"), and (iii) set a final hearing date to consider approval of modifications to the  Modified Plan (the "Preliminary Plan Modification Approval Order") (Docket No. ●).

        In accordance with the Preliminary Plan Modification Approval Order, the Debtors hereby provide notice of the proposed treatment of the reclamation claim listed on <u>Schedule 1</u> attached hereto.

---

You must return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Reclamation Claims, so as to be received by **7:00 p.m. (prevailing Eastern time) on December 12, 2008**.

**If you fail to timely return this form, the treatment of your Reclamation Claim will be determined at the Reclamation Hearing** (as defined below) on a date following the effective date of the Modified Plan in a manner consistent with the treatment described in Step 3 below**.**

---

        The Debtors' records reflect that you are the holder of the reclamation claim identified on <u>Schedule 1</u> (the "Reclamation Claim ").  **Please follow the three steps below and sign this notice to ensure that you receive the desired treatment for your Reclamation Claim.**

---

[1]    The date shall coincide with the deadline to be established by the Bankruptcy Court pursuant to the Preliminary Plan Modification Approval Order for the submission of votes on the Modified Plan.

**Step 1**

Review the Modified Plan in its entirety, including Article 5.3 of the Modified Plan governing treatment of general unsecured claims ("General Unsecured Claims"), and check one of the boxes below:

☐  I request that my Reclamation Claim be treated, to the extent Allowed (as defined in the Modified Plan) and for purposes of distribution, as a General Unsecured Claim as set forth in the Modified Plan.  I acknowledge and agree that I have no accompanying voting rights on account of this election or any Reclamation Claim.

☐  I request that my Reclamation Claim, to the extent Allowed, be given administrative priority status pursuant to section 503(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended and in effect on October 8, 2005 (the "Bankruptcy Code").

**Step 2**

If you checked the box indicating that you request that your Reclamation Claim, to the extent Allowed, be given administrative priority status pursuant to section 503(b) of the Bankruptcy Code, the treatment of your Reclamation Claim will be determined at a contested hearing (the "Reclamation Hearing") before the Bankruptcy Court on a date following the effective date of the Modified Plan.  At this hearing, the Debtors will assert that your claim is not entitled to administrative priority status on the grounds that, among other things, the goods and/or the proceeds from the sale of the goods for which you are seeking a reclamation claim are, or were, subject to a valid and perfected security interest.  The Debtors will retain all other reserved defenses (the "Reserved Defenses") regarding your Reclamation Claim, as set forth in the Reclamation Order (Docket No. 10409).  If the Debtors prevail at this hearing, then, subject to the Bankruptcy Court's ruling, your Reclamation Claim will be disallowed.  The underlying claim will then be subject to further reconciliation to determine the amount in which you may still have a valid General Unsecured Claim.

If you checked the box indicating that you request your Reclamation Claim be treated for purposes of distribution, to the extent Allowed, as a General Unsecured Claim as set forth in the Modified Plan (subject to the procedures described in the Preliminary Plan Modification Approval Order), then you will be deemed to have waived any right to seek administrative priority status for your Reclamation Claim; provided, however that to the extent the Debtors resolicit acceptances or rejections of the Modified Plan (or any alternative plan of reorganization), such resolicitation shall include a provision allowing any holder of a reclamation claim that made any election pursuant to this notice to amend such election by filing a duly executed copy of a rescission notice (which shall be in a form reasonably acceptable to the Creditors' Committee) on or before the deadline for voting on such amended plan.  The Debtors will retain all Reserved Defenses regarding your Reclamation Claim.

In either event, you must return this form in accordance with Step 3 below.

**Step 3**

Sign and return this form in the envelope provided to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Reclamation Claims, so that it is received by

**7:00 p.m. (prevailing Eastern time) on December 12, 2008.**  If you fail to return a signed and completed form, the treatment of your Reclamation Claim will be determined at the Reclamation Hearing. The Debtors will retain all other Reserved Defenses regarding your Reclamation Claim, as set forth in the Reclamation Order (Docket No. 10409).  If the Debtors prevail at this hearing, then, subject to the Bankruptcy Court's ruling, your Reclamation Claim will be disallowed.  The underlying claim will then be subject to further reconciliation to determine the amount in which you may still have a valid General Unsecured Claim.

Company Name:_____

By: _____

Print Name:
Title:

Delphi Legal Information Hotline:           Delphi Legal Information Website:
Toll Free:  (800) 718-5305                     http://www.delphidocket.com
International:  (248) 813-2698


Dated:    New York, New York
              [●], 2008

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP
                                          John Wm. Butler, Jr.
                                          George N. Panagakis
                                          Ron E. Meisler
                                          Nathan Stuart
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606

                                               - and -
                                          Kayalyn A. Marafioti
                                          Thomas J. Matz
                                    Four Times Square
                                    New York, New York 10036

                                       Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession

# <u>SCHEDULE 1</u>

**[Reclamation Claimant]**
**[Contact Information of Reclamation Claimant]**
**[Reclamation Claim Number]**
**[Reclamation Claim Amount]**[2]

---

[2]     The Reclamation Claim Amount may be reduced by payments made by the Debtors subsequent to your
entry into or consent to a letter agreement establishing the amount of your Reclamation Claim (subject to
the Reserved Defenses), a subsequently filed proof of claim, or for other reasons.