Bonnie Steingart
Jennifer Rodburg
Richard Slivinski
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Delphi Corporation, <u>et al.</u>, | : | Case No.  05-44481 (RDD) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS WITH RESPECT TO THE DEBTORS' MOTION FOR ORDER,
SOLELY AS TO STATUTORY COMMITTEES, EXTENDING DEBTORS'
EXCLUSIVE PERIODS WITHIN WHICH TO FILE AND SOLICIT
ACCEPTANCES OF REORGANIZATION PLAN UNDER 11 U.S.C. § 1121(d)**

TO:    THE HONORABLE JUDGE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi

Corporation ("Delphi") in connection with the Motion For An Order, Solely As To Statutory

Committees, Extending Debtors' Exclusive Periods Within Which To File And Solicit

Acceptances of Reorganization Plan Under 11 U.S.C. § 1121(d) (the "Motion"), filed by Delphi

and the other above-captioned debtors (collectively, the "Debtors"), respectfully states as

follows:

1.      On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

2.      No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC").  On April 28, 2006, the U.S. Trustee appointed the Equity Committee.

3.      On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession [Docket No. 9263], and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession [Docket No. 9264].

4.      On December 10, 2007, the Debtors filed their First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession [Docket No. 11386] (the "December Plan") and the First Amended Disclosure Statement With Respect To The First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-in-Possession [Docket No. 11388].

5.      On January 25, 2008, the Court entered an order confirming the December Plan [Docket No. 11389], which became a final order on February 4, 2008.

6.      On April 4, 2008, the Debtors announced that the Debtors' plan investors had

refused to participate in the closing of the Equity Purchase and Commitment Agreement (the "EPCA"), which was approved by the Court as amended on December 10, 2008 and which formed the basis of the December Plan.  Despite the non-implementation of the EPCA, the Debtors began discussions regarding modifications to the December Plan.

7.    On April 30, 2008, the Court entered an order approving the Debtors' motion to extend further the Debtors' exclusive periods within which to file and solicit acceptances of a plan of reorganization.  With respect to the UCC and the Equity Committee (collectively, the "Statutory Committees"), the exclusive periods to file and solicit acceptances of a plan were extended to August 31, 2008 and October 31, 2008, respectively.  With respect to all other interested parties, the exclusive periods to file and solicit acceptances of a plan were extended to thirty days and ninety days after substantial consummation of the December Plan or any modified plan, respectively.

8.    On July 31, 2008, the Court entered an order approving the Debtors' second motion to extend further the Debtors' exclusive periods within which to file and solicit acceptances of a plan of reorganization, solely as between the Debtors and the Statutory Committees, to October 31, 2008 and December 31, 2008, respectively.

9.    On September 26, 2008, the Court entered an order approving the Debtors' motion to implement the amended and restated Delphi-GM Global Settlement Agreement (as amended, the "Amended GSA") and the amended and restated Delphi-GM Master Restructuring Agreement (together with the Amended GSA, the "GM Settlement").

10.    On October 3, 2008, the Debtors filed their motion [Docket No. 14310] (the "Modification Approval Motion") for an order (i) approving modifications to the Debtors' First

3

Amended Plan of Reorganization (as modified) (the "Modified Plan") and related disclosures

(the "Modified Disclosure Statement") and voting procedures and (ii) setting a final hearing date

to consider modifications to the confirmed First Amended Plan of Reorganization.  The Debtors

also filed the Motion, by which the Debtors are seeking to extend further the Debtors' exclusive

periods within which to file and solicit acceptances of a plan of reorganization, solely as

between the Debtors and the Statutory Committees, until January 31, 2009 and March 31, 2009,

respectively.

11.    The Equity Committee does not object to the Debtors' request to extend the

exclusive periods within which the Debtors may file and solicit acceptances to a modified plan

of reorganization.  However, the Equity Committee respectfully submits and hereby puts the

Debtors and all parties in interest on notice that, to date, the Debtors have not addressed the

concerns of the constituents most harmed by GM's wrongful conduct prior to, during, and

subsequent to GM's spin-off of Delphi in 1999.  In their zeal to emerge from chapter 11, the

Debtors have formulated a modified plan structure that fails to provide existing equity with just

compensation for the harm and damage caused by GM.  The Debtors are attempting to use the

momentum of this Court's approval of the GM Settlement as an accelerant for the Debtors'

emergence from chapter 11 notwithstanding the infirmities of the Debtors' proposed Modified

Plan.  The Debtors should not be allowed to use momentum to push through to confirmation a

plan that wrongfully forfeits value that belongs to existing equity.

12.    As the Equity Committee has made clear to this Court, in major part, the Debtors'

current circumstances are the direct result of a scheme perpetrated by GM pursuant to which

GM used the Debtors to improperly prop up GM's balance sheet and operating performance at

the expense of the Debtors' estates and Delphi's existing equity holders.  The Debtors and

4

Delphi's existing equity holders have been harmed and damaged since the Debtors' inception and every day thereafter by GM's domination and control.

13.     As recompense for this harm and for its own business, financial and legal benefits, GM has agreed to make contributions to the Debtors' estates, the net value of which the Debtors estimate at approximately $10.6 billion.  Distributions of value from GM must be made on the basis of the wrongful acts and the resulting and repeated harm and damage to existing equity.  In that regard, a fair and appropriate portion of the value obtained from GM through the GM Settlement -- clearly greater than the insufficient distribution offered under the Modified Plan -- should and must be allocated to existing equity holders.

14.     In the context of the instant request for extended exclusivity, the Equity Committee hereby notes its objection to the Modified Plan and the third party releases granted therein.  In the context of the hearing on the Modified Disclosure Statement and the hearing on the Modified Plan, the Equity Committee will pursue recourse before this Court to protect and preserve the right of Delphi's existing equity holders to recover from the enhanced value of the Debtors' estates attributable to the GM Settlement and any other contributions by GM.

15.     The Debtors' emergence from chapter 11 by year end is, and must be, subject to two essential requirements.  Ardor and passion of the Debtors and GM and momentum can not and should not trump the same.  First, as above, there should and must be fair and appropriate allocation of a portion of the GM Settlement to existing equity holders.  Second, the Debtors and all parties in interest should and must ensure that the Debtors' plan is feasible by obtaining requisite financing and liquidity for the reorganized Debtors.  With respect to the first, the Equity Committee remains willing, able and at the ready for and awaits substantive negotiations

among the Debtors, GM, the UCC and the Equity Committee.  Satisfaction of the second

component is subject to favorable markets for financing and capital which are not available

today, and it does not appear that such favorable markets will be available prior to December

31, 2008.

16.    The Equity Committee remains hopeful that a consensual and confirmable plan

structure will be formulated in the near term.  However, absent necessary changes, the Equity

Committee intends to contest the Modification Approval Motion and the Modified Disclosure

Statement and Modified Plan.  The Equity Committee also reserves its rights to object to any

future requests by the Debtors to extend the exclusive periods in which to file and solicit

acceptances of a chapter 11 plan.

Dated:  October 16, 2008
New York, New York

FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP

 /s/ Bonnie Steingart_____  _____
Bonnie Steingart
Jennifer Rodburg
Richard Slivinski
One New York Plaza
New York, New York 10004
Phone: (212) 859-8000
Fax:    (212) 859-4000

*Counsel for the Official Committee of Equity
Security Holders*

6

7115473