Hearing Date and Time: October 23, 2008 at 10:00 a.m.
Objection Deadline: October 16, 2008

ANDREWS KURTH LLP
450 Lexington Avenue
New York, New York 10017
Paul N. Silverstein (PS 5098)
Telephone: (212) 850-2800
Fax: (212) 850-2929

Counsel to Liquidity Solutions, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
In re:                                                          :      Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                     :      Case No. 05-44481 (RDD)
                                                                :
                                        Debtors.                :      (Jointly Administered)
----------------------------------------------------------------x

**LIQUIDITY SOLUTIONS INC.'S OBJECTION TO MOTION FOR
ORDER (I) APPROVING MODIFICATIONS TO THE DEBTORS' FIRST
AMENDED PLAN OF REORGANIZATION (AS MODIFIED) AND
RELATED DISCLOSURES AND VOTING PROCEDURES AND (II)
SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS
TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

Liquidity Solutions, Inc. ("LSI"), by its undersigned counsel, respectfully represents:

1.    LSI holds various claims against the Debtors which have been identified in prior pleadings filed in these cases. (*See, e.g.*, Exhibit "A" to "Cure Claims of Liquidity Solutions, Inc., as Assignee, submitted in Accordance with the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates" [Docket No. 13065], which is annexed hereto as Exhibit "1.")

2.    On May 22, 2008, LSI filed its "Response to Debtors' (I) Omnibus Objection pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365 and Fed.R. Bankr. p. 9014 Regarding

NYC:182746.2

Cure Claim Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals" [Docket No. 13648], which is annexed hereto as Exhibit "2." Paragraph "7" of LSI's Objection states in pertinent part:

> LSI respectfully requests that the Debtors be directed to provide LSI with a list of Other Executory Contracts and Other Unexpired Leases that relate to LSI claims (ideally, with contract numbers). LSI would then contact its counterparties from whom it purchased claims who are on such list and LSI would then amend its Cure Claim with specific cure amounts and bifurcate such Cure Claim by having each original cure counterparty prosecute its particular portion thereof.

The Debtors have not complied with LSI's very simple and very appropriate request.

3. Paragraph "38" of the present Motion proposes that "procedures to be used in connection with the Modified Plan shall be the same as the "procedures" previously approved by the Court, except that the Debtors propose "[c]hanges to the Cure Claim Procedures pursuant to the Modified Plan." Paragraph "57" and "58" of the present Motion state that "cure payments" under the Modified Plan: (i) would be made only in cash; and (ii) in all other respects the "previously established procedures" would govern. As a consequence, LSI hereby objects (and renews and reiterates its prior objections) to such cure procedures in respect of "Other" executory contracts and leases:

4. The previously approved "cure procedures" were apparently designed to maximize creditor forfeiture. While it is beyond dispute that Chapter 11 of the Bankruptcy Code is a debtor statute - - intended to foster reorganization and rehabilitation of businesses - - Chapter 11 should not be employed to result in unwarranted forfeitures by creditors.

5. Under the "cure procedures" employed under the Debtors' prior failed Plan, as to Material Supply Agreements the creditor was required affirmatively to "check a box" to get the cash cure entitlement, otherwise cures were to be paid in illusory Plan currency if the election was not made or the original cure notice with original signatures (no copies, no faxes, no emails)

2

NYC:182746.2

was not returned to the Debtors. As indicated in the present Motion, and above, the illusory Plan currency is no longer being used by the Debtor. Instead, only cash is being paid to cure claims.

6.  As to "Other" executory contracts and unexpired leases (i.e., non-Material Supply Agreements), however, rather than providing a list of Other Contracts that the Debtors intended to assume at exit and/or providing proposed cure amounts to the affected creditors (as is done in every other Chapter 11 case), the Debtors turned the tables and required creditors to take the affirmative step to file a "cure claim" by March 10, 2008, asserting what the creditor believed the cure amount should be - - even if the creditor already has a valid proof of claim on file and/or a valid scheduled liability.

7.  Due to the impracticality of contacting all of hundreds of LSI's assignors without a list of proposed contract assumptions, LSI filed a protective Cure Claim (Exhibit "1" hereto) to which the Debtors objected as having been submitted by "an improper third party." Exhibit "2" hereto is LSI's response to such Objection. The Debtors have now had almost one year in which many executory contracts have expired by their own terms thereby rolling out of the "cure" pool. The Debtors have also retained the flexibility since that time to make decisions not to assume contracts that they had identified as being subject to "cure." Meanwhile, over the last year, the Debtors have a new Plan and the landscape has dramatically changed as to what it means to be a creditor with a "cure claim" given that general unsecured claims that formerly were to receive 100 cents in Plan currency are now to receive approximately 20 cents on the dollar. It is patently unfair and legally improper, in the context of a new Plan to lock creditors with "Other" executory contracts and unexpired leases into an artificial March 10, 2008 bar date for cure claims.

3

8.    In every Chapter 11 case in which LSI is involved, where contracts are being assumed under a plan, LSI (i) reviews the notice of proposed cure amounts that accompanies the Plan confirmation submissions for any proposed cures to counterparties from which LSI purchased a claim, (ii) checks the proposed cure amount against the proof of claim or other documents it has, and (iii) if there is any question or discrepancy, contacts the original counterparty to prosecute, or assist LSI in prosecuting, an objection to the cure amount. Here, however, the Debtors refuse to give LSI, or otherwise publish, a list of "Other Executory Contracts" and "Other Unexpired Leases" that are being assumed or even a generic list of original counterparties to such contracts. That would enable LSI to determine whether, or which of, the many entities and individuals from whom LSI purchased claims is a party to Other Executory Contracts or Other Unexpired Leases that are being assumed pursuant to the Plan. Accordingly, LSI <u>again</u> respectfully requests that the Debtors be directed to provide LSI with a list of Other Executory Contracts and Other Unexpired Leases that relate to LSI claims (ideally, with contract numbers). LSI would then, as appropriate, amend its Cure Claim with specific cure amounts.

WHEREFORE, LSI respectfully requests that the Debtors' Motion be denied for the reasons set forth above together with such other relief as may be just and proper.

Dated: October 16, 2008

ANDREWS KURTH LLP

/s/ Paul N. Silverstein
Paul N. Silverstein (PS 5098)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Tel. (212) 850-2800
Fax (212) 850-2929

Counsel to Liquidity Solutions, Inc.

4

NYC:182746.2

# Exhibit 1

Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, et al.,　　　　　　　　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Debtors.　　　　:　　(Jointly Administered)
------------------------------------------------------------x

### CURE CLAIMS OF LIQUIDITY SOLUTIONS, INC., AS ASSIGNEE, SUBMITTED IN ACCORDANCE WITH THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION

Liquidity Solutions, Inc. d/b/a Revenue Management and certain of its affiliates ("LSI"), as assignee of certain original creditors, hereby files its cure claims (collectively, the "Cure Claim") in accordance with the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[1] As stated more fully below, this Cure Claim is filed purely out of an abundance of caution. In support of this Cure Claim, LSI respectfully states as follows:

1.　On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and

---
[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On various dates during the pendency of these chapter 11 cases, LSI entered into agreements with certain original creditors (each, an "Assignor") for assignment of certain claims against the Debtors (each, an "Assigned Claim" and collectively, the "LSI Assigned Claims"), and LSI duly filed notices of transfer of claim pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. A list of certain LSI Assigned Claims is attached hereto as Exhibit A.

3. Pursuant to the underlying agreement between LSI and each of the Assignors, LSI was assigned (i) all right, title and interest in and to the respective Assigned Claims and any distributions thereon, (ii) the right to payment of any pre-petition "cure" amounts within the meaning of section 365 of the Bankruptcy Code that may be related to contracts giving rise to each of the respective Assigned Claims that are assumed (or assumed and assigned) by any Debtor, and (iii) the right to receive any and all distributions on account of such pre-petition cure amounts. Each Assignor also authorized and appointed LSI as its true and lawful agent and attorney-in-fact with respect to all matters concerning the respective Assigned Claims; accordingly, LSI has standing to file this Cure Claim to the extent it is necessary.[2]

---

[2] LSI is aware that the Debtors previously have relied on the Solicitation Procedures Order [Docket No. 11389] entered in these chapter 11 cases to assert that purchasers or other transferees of claims such as LSI do not have standing with respect to matters of assumption, assumption and assignment, and cure. However, because (a) the Solicitation Procedures Order expressly dealt only with Material Supply Agreements and (b) as stated below (see paragraph 7 hereof and accompanying footnote text), this Cure Claim does not include Assigned Claims as to which LSI is aware bear a relation to a Material Supply Agreement. LSI submits that the Solicitation Procedures Order cannot operate to deny LSI standing to assert this protective Cure Claim. Moreover, because all right to payment of cure in connection with each respective Assigned Claim was transferred to LSI, LSI further submits that its standing to assert this Cure Claim should be evident and should be recognized since LSI – and not each Assignor – is the only party with an economic interest in these cure matters. Finally, although they are too voluminous to attach to this pleading, LSI would be willing to provide, upon request (on a redacted basis) of the Debtors or this Court, copies of

4. On or about December 10, 2007, the Debtors filed the Plan. Pursuant to Article 8.1(a) of the Plan, all executory contracts and unexpired leases shall be deemed automatically assumed in accordance with sections 365 or 1123 of the Bankruptcy Code as of the Effective Date of the Plan, with certain exceptions.[3]

5. This Court confirmed the Plan by order entered on January 25, 2008. Section 8.2(b) of the Plan provides that cure claims relating to Other Executory Contracts (i.e., contracts that are not Material Supply Agreements) must be filed within forty-five (45) days after entry of the Confirmation Order. Accordingly, March 10, 2008 is the deadline for filing cure claims relating to Other Executory Contracts.

6. LSI recently became aware that, on or about January 29, 2008, the Debtors filed a Notice of Cure Amount with Respect to Executory Contracts to be Assumed or Assumed and Assigned Under Plan of Reorganization (the "Omnibus Cure Notice"). The Omnibus Cure Notice provides, among other things, that objections to the proposed cure amounts must be interposed so as to be received within ten days of service of the Omnibus Cure Notice. LSI was not served with the Omnibus Cure Notice.

7. LSI does not have sufficient information to determine whether any of the claims set forth on <u>Exhibit A</u> hereto arise as part of any executory contract or unexpired lease being assumed in conjunction with Article 8.1(a) of the Plan, nor does LSI have the associated Delphi contract numbers that would enable it to review the Omnibus Cure Notice even had LSI

---

each agreement underlying the transfer of an Assigned Claim as evidence of each Assignor's appointment of LSI as its agent and attorney-in-fact to the extent that LSI is not recognized as having independent standing to assert this Cure Claim.

[3] The exceptions to the presumptive assumption of contracts under the Plan include any executory contract or unexpired lease that (a) was previously rejected, (ii) was the subject of a motion to reject, (iii) expired or terminated by its own terms on or prior to December 31, 2007, and was not otherwise extended, (iv) was listed on a schedule of contracts and leases attached to the Plan to be specifically rejected by operation of the Plan or (v) was otherwise to be rejected pursuant to the Plan. See Plan, at § 8.1(a).

3

been timely served with such notice.[4] In addition, although most of the Assigned Claims listed on Exhibit A hereto do not relate to purchase orders or other contracts that were expressly included within the Omnibus Cure Notice, LSI is not aware whether the Omnibus Cure Notice covers the entire universe of contracts that the Debtors intend to assume by operation of Article 8.1(a) of the Plan.

8. Accordingly, LSI files this omnibus Cure Claim out of an abundance of caution, to preserve its right to payment in cash, in full, of any cure amounts associated with the assumption of any executory contracts or unexpired leases relating to LSI Assigned Claims. LSI reserves the right to amend, modify or supplement this Cure Claim.

---

[4] In composing the list of Assigned Claims attached hereto as Exhibit A, LSI did not include any of its Assigned Claims (a) that LSI is aware relate to a Material Supply Agreement that is already the subject of an associated Cure Amount Notice or (b) were assigned to LSI from an entity (if any) whose contract is listed on Exhibit 8.1(a) to the Plan as a contract to be specifically rejected upon the Effective Date of the Plan. To the extent that there is some overlap – e.g., an Assignor that is party to a Material Supply Agreement separately is party to an Other Executory Contract that is affected by Sections 8.1(a) and 8.2(a) of the Plan – LSI reserves the right to supplement this Cure Claim.

4

## **CONCLUSION**

WHEREFORE, LSI respectfully requests that the Court enter an order (i) to the extent that the Debtors' assumption of any executory contact or unexpired lease pursuant to Section 8.1(b) of the Plan relates in whole or in part to a contract or lease underlying an Assigned Claim held by LSI, establishing the cure amount for each Assigned Claim at the respective Claim Amount set forth on Exhibit A hereto, (ii) requiring the Debtors to timely pay the established cure amount in cash to LSI and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
       March 10, 2008

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq. (DK-3909)
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

## EXHIBIT A

| Creditor Name | Claim Amount per LSI Records | Claim No. |
|---|---|---|
| ACORN DISTRIBUTORS INC | $7,723.11 | 2287 |
| AMES REESE INC | $105,853.47 | 9816 & 9820 |
| APPLIED HANDLING INC | $13,966.00 | 15495 |
| ASHLAND CANADA CORP | $2,692.80 | 15496 |
| ASSOCIATED PACKAGING INC | $4,120.26 | 4853 |
| BEACH MOLD & TOOL | $3,588.72 | 15494 |
| BUCKHORN RUBBER PRODUCTS | $178,955.76 | 2610 |
| CAPITAL FIRE PROTECTION | $15,930.00 | 15488 |
| CARBY CORP | $5,340.00 | 15491 |
| CASTROL INDUSTRIAL NORTH AMERICA, INC. | $245,023.06 | 8676 |
| CEMAN INDUSTRIAL WELDING | $2,394.65 | NONE |
| CHEMCENTRAL CORP | $9,667.54 | 769 |
| CINCINNATI MACHINE, LLC | $221,982.00 | 234 |
| CINCINNATI TOOL STEEL CO | $1,353.50 | 268 |
| COAN & SON INC | $2,955.00 | NONE |
| COBAR SOLDER PRODUCTS INC | $19,476.40 | 15486 |
| COLUMBIA MACHINE WORKS | $1,081.58 | 15487 |
| CONAX BUFFALO CORP | $6,822.00 | 15490 |
| CONNOR FORMED METAL | $1,613.62 | 15489 |
| CONTACT EAST INC | $552.15 | 15485 |
| CORNERSTONE DESIGN LTD | $8,714.00 | 2549 |
| COYNE OIL CORPORATION | $1,488.03 | 1993 |
| CROWN PAPER BOX CORP | $16,539.37 | 3990 |
| CUSTOM COATING INC | $11,827.41 | 194 |
| CUSTOM LASER INC | $2,753.10 | NONE |
| CW INDUSTRIES | $2,793.00 | |
| D&L ENERGY INC | $1,717.05 | |
| DDM HOPTSCHULER | $1,834.00 | 2169 |
| DE ANZA MANUFACTURING | $662.54 | NONE |
| DECATUR PRINTING | $3,063.75 | |
| DECATUR SPORTSFIT & WELLNESS | $1,995.00 | 15484 |
| DECATUR TRUCK & TRAILER SALES | $1,130.00 | |
| DICKEY & SON MACHINE TOOL | $7,848.25 | 451-454 |
| DIGATRON FIRING CIRCUITS | $8,730.29 | 5596 |
| DUNCAN EQUIPMENT CO | $432,071.89 | 2039 |
| EKB ELEKTRO UND | $159,078.53 | 15478 |
| ELECTRODES INC | $1,590.60 | 2078 |
| ELEKTRISOLA INC | $54,165.90 | 15455 |
| ELESA USA CORP | $1,370.95 | 15481 |
| ELGIN DIE MOLD CO | $86,176.25 | 9459 |
| ELGIN DIE MOLD CO | $29,862.80 | 9460 |
| ELKHART PRODUCTS CORP | $138,545.28 | 432 |
| EMPIRE WAREHOUSE INC | $3,699.50 | 15471 |
| ENMARK TOOL & GAGE CO | $21,460.00 | 182 |
| ENVIRONMENTAL SCREEENING TESTING SOLUTIONS INC | $161,818.99 | 1678/1750/1933 |
| ENVIRONMENTAL TECH & COMMUNICATIONS, INC | $1,957.00 | |
| EXEC WAREHOUSE | $3,714.99 | 15482 |
| EXELDA MANUFACTURING CO | $182,105.93 | 1934 |
| FAIRHAVEN INDUSTRIES, INC | $1,075.00 | NONE |
| FARGO ASSEMBLY OF PA INC. | $89,884.41 | 1686 |
| FLINT RIGGERS & ERECTORS INC | $11,800.00 | 15470 |

## EXHIBIT A

| Creditor Name | Claim Amount per LSI Records | Claim No. |
|---|---|---|
| FLYNN METERING SYSTEM | $2,145.80 | |
| FREEMAN WATER TREATMENT | $2,625.42 | |
| FUTURE PRODUCTS CORP | $1,795.00 | NONE |
| GEOCORP INDUSTRIAL CONTROLS INC | $1,120.00 | 15466 |
| GOYETTE MECHANICAL CO INC | $1,023.00 | NONE |
| GRAPHITE SALES INC | $11,912.00 | 15464 |
| GRETAGMACBETH LLC | $4,286.00 | 15462 |
| GUYSON INTERNATIONAL LIMITED | $1,160.00 | 15463 |
| HAMMOND GROUP INC | $139,663.46 | 4427 |
| HASSEL MATERIAL HANDLING CO | $13,356.75 | 15457 |
| HELLA INC | $216,182.60 | 2543 & 9018 |
| HENRY COUNTY REMC | $30,449.05 | NONE |
| HEXCEL CORPORATION | $100,584.84 | 15458 |
| HYDRO ALUMINUM ADRIAN LLC | $570,535.00 | 12142 |
| HYDRO ALUMINUM PRECISION TUBING | $16,662.24 | 12143 |
| HY-GRADE DISTIBUTORS INC | $1,518.24 | 15456 |
| IET LABS INC | $58,575.00 | |
| INDAK MANUFACTURING CORP | $9,083.02 | 5563 |
| INDUSTRIAL GRINDING INC | $4,679.00 | 9286 |
| INDUSTRIAL MOLDING CORP | $102,059.47 | 4583 |
| INDUSTRIAL PAINT & STRIP INC | $19,211.45 | NONE |
| INDY EXPEDITING INC | $2,482.48 | 596 |
| INNOVATIVE DUTCH ELECTRO | $24,285.14 | 15465 |
| INTEGRIS METALS INC | $16,419.30 | 199 |
| JONES DAY | $261,562.88 | 2652 |
| JORGESEN CONVEYORS INC | $2,040.00 | 15468 |
| JUNKERWERK LINDER GMBH & CO KG | $39,084.15 | NONE |
| KEENAN WELDING & REPAIR | $11,796.92 | 15472 |
| KENWORTH TRUCK OF UPSTATE NY INC | $7,000.00 | - |
| KEY ENGINEERING INC | $6,513.60 | 15475 |
| KEY POLYMER | $7,337.66 | 439 |
| KINREI OF AMERICA INC | $22,213.00 | 15474 |
| LANDOVER COOLING TOWER SERVICE INC | $1,400.00 | 15499 |
| LASER ELECTRICAL SUPPLIES INC | $5,430.00 | 15497 |
| LAWRENCE SEMICONDUCTOR | $6,271.05 | - |
| LEONARD MECHANICAL SERVICES INC | $1,100.00 | 15498 |
| LINC MECHANICAL | $119,070.35 | 15473 |
| MAGIC VALLEY ELECTRIC COOP | $23,148.97 | 11855 |
| MAHAR TOOL SUPPLY CO INC | $11,684.67 | 2013 |
| MAHONING VALLEY CARTAGE & AIR CARGO INC | $9,778.10 | 6068 |
| MANUFACTURERS BRUSH CORP | $1,088.00 | 7294 |
| MARATHON ROOFING PRODUCTS | $2,620.00 | 397 |
| MARKETING INNOVATIONS INTL | $15,855.07 | 4387 |
| MATTESON RIDOLFI INC | $5,589.00 | 4013-4014 |
| MAUL ELECTRIC INC | $128,342.76 | 1162 |
| MEDCO | $4,379.80 | 11852 |
| MELTON MACHINE & CONTROL CO | $51,450.00 | 358 |
| MICHAEL E PISTON PC | $1,150.00 | 6080 |
| MICROMERITICS | $10,209.00 | 6081 |
| MILACRON MARKETING CO | $128,067.32 | 2679 |
| MINITAB INC | $35,618.58 | 6082 |

# EXHIBIT A

| Creditor Name | Claim Amount per LSI Records | Claim No. |
|---|---|---|
| MIYACHI UNITEK CORPORATION | $15,552.64 | NONE |
| MOES TRANSPORT TRUCKING | $3,690.00 | 6083 |
| MOR TECH DESIGN INC | $25,880.30 | 7829 |
| MRTZ INC DBA TEXAS INDUSTRIAL SUPPLY | $1,042.50 | 2055 |
| NEW DIMENSIONS INC | $5,553.00 | 6084 |
| NORTHWAY TRUCKING INC | $52,257.70 | 7466 |
| NORTON CONSTRUCTION SERVICES | $8,592.00 | 6085 |
| NU CUT GRINDING | $1,877.85 | 7287 |
| ONESOURCE FACILITY SERVICES INC | $22,224.00 | 386 |
| OPTIMAL COMPUTER AIDED ENGR INC | $2,000.00 | 3298 |
| ORBIS CORPORATION | $239,472.32 | 811 |
| ORTHODYNE ELECTRONICS CORP EFT | $47,094.44 | 7563 |
| PACE ANALYTICAL SERVICES INC | $2,378.00 | 1892 |
| PAINTING & PROCESS ASSOCIATES | $5,364.64 | 7286 |
| PARADIGM SINTERED PRODUCTS / Comerica | $95,860.80 | 8197 |
| PENN TOOL CO | $1,111.48 | 78 |
| PETERS DRY CLEANING | $2,601.00 | 2408 |
| PINNACLE FREIGHT SPECIALISTS INC | $2,225.00 | 11851 |
| PREFERRED QUALITY SERVICE EFT INC | $24,231.56 | 6086 |
| PREYCO MFG CO INC EFT | $3,530.27 | NONE |
| PRICE WATERHOUSE COOPERS LLP | $1,515.02 | 829 |
| PYRAMID TECHNOLOGIES | $119,311.05 | 2074 |
| QUALITY LABS OF OHIO | $1,457.00 | 7789 |
| R & R PRESS EQUIPMENT INC | $6,271.00 | 2349 |
| RAM METER INC EFT | $10,563.30 | 2288 |
| RAWAC PLATING COMPANY | $398,139.37 | 16334 |
| RAYSE SA DE CV | $1,909.98 | 7296 |
| RCMA AMERICAS / ATRADIUS TRADE CREDIT INSURANCE | $286,377.08 | 2099 |
| REACTEL INCORPORATED | $2,240.00 | 11850 |
| RELIABLE OIL EQUIPMENT INC | $11,553.00 | 6078 |
| REPROS INC | $10,700.00 | 7290 |
| ROBERTS DONALD INC | $15,432.00 | NONE |
| RODAK PLASTICS | $2,393.65 | 16359 |
| ROESSEL & CO INC | $12,687.09 | 2437 |
| ROOTSTOWN WATER SERVICE CO | $4,435.16 | NONE |
| S G CONSTRUCTION SERVICES EFT | $20,679.25 | 15479 |
| SAFETYTECH PROTECTION INC | $24,196.30 | 7285 |
| SAI SIMCOX ASSOCIATES INC | $9,193.54 | 7297 |
| SAISHA TECHNOLOGY AND CIRCUITS INTL | $25,950.00 | 15600 |
| SAMTEC INC | $1,068.12 | 233 |
| SANDMOLD SYSTEMS INC | $17,850.50 | NONE |
| SARGENT DOCKS & TERMINAL EFT | $35,457.92 | 1998 |
| SCHMIEDE CORP | $625.00 | NONE |
| SCHUNK INEX CORPORATION | $18,850.00 | 6077 |
| SCHWIND ROBERT M DBA CNC TECHNICAL SVCS | $10,689.00 | 6076 |
| SERVICE TECHNOLOGY CORP | $6,547.10 | NONE |
| SGF OF AMERICA CORPORATION | $9,959.89 | 726 |
| SGS CONTROLL CO MBH | $8,669.70 | 8441 |
| SHALTZ FLUID POWER | $32,191.85 | 6075 |
| SHOWTECH PRESENTATION SYSTEMS INC | $3,663.00 | 6074 |
| SILICON MOUNTAIN MEMORY INC | $2,089.97 | 15459 |

## EXHIBIT A

| Creditor Name | Claim Amount per LSI Records | Claim No. |
|---|---|---|
| SIMPLEX INC | $3,903.44 | NONE |
| SMITH & WHITE CONSTRUCTION GROUP INC | $4,411.00 | 1648 |
| SORENSEN DIV OF ELGAR | $3,870.00 | 6073 |
| SORTMAN CRANE & HOIST INC | $22,797.72 | 6115 |
| SOUTHWEST METAL FINISHING | $114,951.80 | 5595 |
| Special Counsel (MPS Group) | $12,667.50 | 4475 |
| SPECIAL PURPOSE EQUIPMENT LIMITED | $4,228.32 | 7293 |
| SPERRY & RICE MANUFACTURING CO | $46,019.84 | multiple poc's |
| SPIREX CORP | $144,608.00 | 2470 |
| STELRON COMPONENTS CO | $3,239.27 | 3792-3793 |
| TATTILE USA | $3,000.00 | NONE |
| TEAM QUALITY SERVICES INCOPORATED | $11,292.83 | 7085 |
| TECHNASEAL MFG CORP | $43,941.56 | 7277 |
| TECHNICAL ILLUSTRATION CORPO | $17,401.25 | 8142 |
| TECHNIFOR INC | $23,910.00 | 7280 |
| TECNOMEC SRL | $24,742.00 | 2451 |
| TECNOMEC SRL | $7,291.83 | 2455 |
| TECNOMEC SRL | $4,082.43 | 2454 |
| TECNOMEC SRL | $3,788.49 | 2450 |
| TECNOMEC SRL | $1,880.39 | 2448 |
| TECNOMEC SRL | $1,635.00 | 2447 |
| TECNOMEC SRL | $1,442.59 | 2452 |
| TECNOMEC SRL | $1,076.77 | 2456 |
| TECNOMEC SRL | $642.11 | 2449 |
| TECNOMEC SRL | $360.65 | 2453 |
| TEST GMBG | $6,045.46 | 7283 |
| THOMPSON & KNIGHT LLP | $2,146.02 | NONE |
| THOMPSON EMERGENCY FREIGHT EFT SYSTEMS | $37,112.19 | 1731 |
| TIMCO RUBBER PRODUCTS INC | $10,212.00 | 7284 |
| TOTAL TOTE INC | $17,266.00 | 1124 |
| TRADEPOINT SYSTEMS LLC (S) | $46,559.22 | 1931 |
| TRUCKS UNLIMITED INC | $1,060.80 | 5346 |
| TRUTEC INDUSTRIES INC | $22,962.89 | 7486 |
| UNIVERSAL POLYMER & RUBBER EFT LTD | $19,154.10 | 7279 |
| UNIVERSAL TEST EQUIPMENT INC | $18,846.30 | 201202203 |
| UPPER PENINSULA POWER CO MI | $1,643.70 | 5454 |
| US METAL PROCESSING / CHOICE ONE SERVICE GROUP INC | $2,713.35 | 7292 |
| US MICRO SOLUTIONS INC | $3,731.50 | NONE |
| VERFAHRENSTECHNIK HUBERS | $42,278.14 | 7276 |
| VERMONT MACHINE TOOL CORP | $10,799.50 | 7275 |
| VISUAL SOLUTIONS INCORPORATED | $25,200.00 | 7281 |
| WAGNER ROBERT G ESTATE OF | $1,146.90 | NONE |
| WALKER STAINLESS EQUIPMENT | $52,133.44 | 4449 |
| WARREN TRUMBULL URBAN LEAGUE INC | $1,200.00 | 7278 |
| WATERTECH OF AMERICA INC | $18,182.10 | 184 |
| WEST MICHIGAN TAG & LABEL | $4,990.86 | 5586 |
| WESTERN NY FLUID SYSTEMS TECH | $12,790.21 | multiple poc's |
| WOODEN & MCLAUGHLIN LLP | $18,977.40 | 4732 |
| WORKING ENVIRONMENTS INC | $5,476.32 | NONE |
| WYATT SEAL INC | $1,370.10 | 7291 |
| XAMAX INDUSTRIES | $30,474.83 | 6669 |

Ex. A Page 4

# EXHIBIT A

| Creditor Name | Claim Amount per LSI Records | Claim No. |
|---|---|---|
| XILINX INC | $44,400.00 | 7282 |
| ZIP INDUSTRIAL PRODUCTS CORP | $4,433.36 | NONE |
| ZODIAC AUTOMOTIVE US INC | $49,108.50 | 7697 |

# Exhibit 2

Hearing Date and Time: May 29, 2008 at 10:00 a.m.

ANDREWS KURTH LLP
450 Lexington Avenue
New York, New York 10017
Paul N. Silverstein (PS 5098)
Jonathan Levine (JL 9674)
Telephone: (212) 850-2800
Fax: (212) 850-2929

Counsel to Liquidity Solutions, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :   Case No. 05-44481 (RDD)
                                                           :
                           Debtors.                        :   (Jointly Administered)
-----------------------------------------------------------x

**LIQUIDITY SOLUTIONS INC.'S RESPONSE TO DEBTORS' (I)
OMNIBUS OBJECTION PURSUANT TO CONFIRMATION ORDER, 11 U.S.C. §§
105(A), 365, AND FED. R. BANKR. P. 9014 REGARDING CURE CLAIM
SUBMITTED UNDER ARTICLE 8.2(b) OF DEBTORS' PLAN OF
REORGANIZATION AND (II) REQUEST FOR ORDER
PROVISIONALLY ALLOWING CERTAIN CURE PROPOSALS**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Liquidity Solutions, Inc. ("LSI"), by its undersigned counsel, respectfully represents:

1.   LSI's "Cure Claim," which was timely filed, was a protective filing aimed at assuring that claims owned by LSI were not improperly and unfairly expunged. A copy of LSI's Cure Proposal is annexed hereto as Exhibit "1".

2.   The Debtors contend that LSI's protective Cure Claim was "submitted by an improper third party." (Objection at ¶ 21) There is no legal or factual basis for the Debtors' contention.[1]

---

[1] The Debtors' other "jabs" at LSI are out of line and do not warrant a response.

NYC:176925.1

3. LSI filed its protective Cure Claim because the Debtors refused to provide LSI with a list of "Other Executory Contracts" and "Other Unexpired Leases" that were being assumed (including proposed cure amounts). The Debtors' procedure for dealing with cure claims relating to "Other Executory Contracts" and "Other Unexpired Leases" is, in substance, geared at maximizing the forfeiture of claims. This Court should view this matter with a firm sense of fairness and fair play.

4. The procedure for dealing with these cure claims was markedly different from the procedures employed by the Debtors in connection with cure claims for "Material Supply Agreements." For those contracts that the Debtors viewed as "Material Supply Agreements", the Debtors sent to the original contract counterparties a cure notice identifying, among other things, the contract being assumed (or assumed and assigned) and the proposed cure amount. After several requests, Delphi finally gave LSI a list of parties to Material Supply Agreements that were being assumed, which enabled LSI to contact those contract counterparties that were on the assumption list, make sure they got a cure notice, and assist them in complying with the cure notice and election procedures.

5. In marked contrast to the procedures for Material Supply Agreements, for all Other Executory Contracts and Other Unexpired Leases, as a condition to assumption the non-debtor party is required by the Debtors to file and serve a proposed cure claim within 45 days after entry of the Confirmation Order. That deadline for filing cure claims was March 10, 2008. Essentially, under this procedure if a cure claim is not filed – even though a creditor might have a scheduled claim or a valid proof of claim on file – the creditor would apparently lose any right to payment of a cash cure, and, arguably, that language could mean that the creditor's unsecured claim itself would be wiped out too.

6. In every Chapter 11 case in which LSI is involved, where contracts are being assumed under a plan, LSI (i) reviews the notice of proposed cure amounts that accompanies the

2

NYC:176925.1

Plan confirmation submissions for any proposed cures to counterparties from which LSI purchased a claim, (ii) checks the proposed cure amount against the proof of claim or other documents it has, and (iii) if there is any question or discrepancy, contacts the original counterparty to prosecute, or assist LSI in prosecuting, an objection to the cure amount. Here, however, the Debtors refused to give LSI, or otherwise publish, a list of "Other Executory Contracts" and "Other Unexpired Leases" that were being assumed or even a generic list of original counterparties to such contracts. That would have enabled LSI to determine whether, or which of, the many entities and individuals from whom LSI purchased claims is a party to Other Executory Contracts or Other Unexpired Leases that are being assumed pursuant to the Plan.

7. LSI respectfully requests that the Debtors be directed to provide LSI with a list of Other Executory Contracts and Other Unexpired Leases that relate to LSI claims (ideally, with contract numbers). LSI would then contact its counterparties from whom it purchased claims who are on such list and LSI would then amend its Cure Claim with specific cure amounts and bifurcate such Cure Claim by having each original cure counterparty prosecute its particular portion thereof. Any claim by the Debtors as to prejudice with respect to such a procedure is ludicrous. The Debtors did not meet the Plan's April 4, 2008 deadline to close and they have been unable to consummate the Plan to date.

WHEREFORE, LSI respectfully requests that, as to LSI, the Debtors' Omnibus Objection be denied in all respects.

Dated: May 22, 2008

ANDREWS KURTH LLP

/s/ Paul N. Silverstein
Paul N. Silverstein (NY Bar No. PS 5098)
450 Lexington Avenue, Floor 15
New York, New York 10017
Tel. (212) 850-2800
Fax (212) 850-2929

Counsel to Liquidity Solutions, Inc.