Hearing Date and Time: October 24, 2008 at 10:00 a.m.

Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
(617) 946-4800
William J. Hanlon, Esq. (WH 8128)

*Attorneys for Bradford Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION<br><br>Debtors. | Chapter 11<br>Case No. 05-44481 (RDD) |

**SUPPLEMENTAL RESPONSE OF BRADFORD INDUSTRIES TO DEBTORS OBJECTION TO MOTION FOR LEAVE TO FILE LATE CLAIMS AND REQUEST FOR FINDING THAT CURE CLAIM IS CONFORMING**

In response to Debtor's Objection to Bradford Industries Motion for Leave to File Late Claims With Respect To Late Claim Filed by Bradford Industries, Inc. (Proof of Claim No. 16564) And Request For Finding That Cure Claim is Conforming (Docket No. 13929) (the "Objection"), and in addition to the arguments put forward in its Motion for Leave to File Late Claims With Respect To Late Claim Filed by Bradford Industries, Inc. (Proof of Claim No. 16564) And Request For Finding That Cure Claim is Conforming (Docket No. 13718) (the "Motion"), Bradford Industries, Inc. ("Bradford") hereby states the following:

1. On or about January 19, 2007 the Debtor and Bradford Industries came to an agreement regarding the amount of Bradford's claim, establishing under New York law an "account stated."

BO1 15938486.2

2. Debtor's counsel was on notice of its client's agreement with Bradford's claim by virtue of Bradford's May 23, 2007 Response of Bradford Industries to Debtor's Thirteenth Omnibus Claims of Objection (Docket No. 8006).

3. On December 10, 2007, following the meeting of the minds between Bradford and the Debtor which established a stated account, the Debtor filed its proposed cure amounts as zero.

4. Pursuant to Bankruptcy Rule 9011, when cure amounts were filed, Debtor and Debtor's counsel were certifying to this Court that "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the allegations and other factual contentions [had] evidentiary support."

5. Where, as here, Debtor had reached an agreement, binding under New York law, with Bradford as to the amount of the claim, and Debtor and Bradford were continuing to do business, Debtor could not in good faith assert a cure amount of zero. Debtor may not hide behind its "standard practice" where it knew a zero cure amount to be factually unsupported.[1]

6. Debtor's agreement with Bradford as to the outstanding amount owed to Bradford is binding. Under the New York common law doctrine of Account Stated, where "a party who receives an account . . . admits that the account is correct, it becomes a stated account and is binding on both parties." *Kramer, Levin Nessen, Kamen & Frankel v. Aronoff*, 638 F.Supp. 714, 719 (S.D.N.Y. 1986)(quoting *Lockwood v. Thorne*, 11 N.Y. 170, 174 (1854)). Once stated, an account "may be reopened only upon a showing of

---

[1] Email conversations between Debtor's and Bradford's respective counsel prior to Debtor's filing of the Objection confirm the lack of factual investigation performed by Debtor. A copy of this email conversation are attached hereto as **Exhibit A**. In this correspondence, Debtor's counsel refused to answer Bradford's counsel's question with regard to whether Debtor disputed that an agreement had been reached as to the claim amount, and stated that counsel was focusing solely upon the legal issues raised in Bradford's motion.

BO1 15938486.2

fraud, mistake, or other equitable considerations." *In re Rockefeller Center Properties*, 46 Fed. Appx. 40, 43 (2d Cir. 2002); *see also Kramer, Levin, Nessen, Kamen & Frankel*, 638 F.Supp. at 720. Pursuant to this doctrine, Debtors were bound by their agreement with Bradford as to the amount of Bradford's claim.

7. Based on the foregoing, Debtor's arguments in opposition to the Motion are without merit. In particular, Debtor's argument with regard to Bradford's cure claim (Objection ¶¶ 23-25) is unsupportable.

WHEREFORE, Bradford Industries, Inc. respectfully requests that this Court grant its Motion for Leave to File Late Claims With Respect To Late Claim Filed by Bradford Industries, Inc. (Proof of Claim No. 16564) And Request For Finding That Cure Claim is Conforming.

BRADFORD INDUSTRIES, INC.

By its attorneys,

/s/ William J. Hanlon
William J. Hanlon (WH 8128)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone:    617-946-4800
Telecopier:    617-946-4801
whanlon@seyfarth.com

DATED: October 17, 2008

BO1 15938486.2