# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 10596 AND 10598
(E.I. DU PONT DE NEMOURS AND COMPANY AND LATIGO MASTER FUND, LTD.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Mechatronic Systems, Inc. ("Mechatronic"), and Delphi Connection Systems ("Connections"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), E.I. du Pont de Nemours and Company ("DuPont"), and Latigo Master Fund, Ltd. ("Latigo" and, together with DuPont, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Numbers 10596 And 10598 (E.I. Du Pont De Nemours and Company And Latigo Master Fund, Ltd.) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 14, 2005, DuPont submitted a demand to the Debtors asserting a reclamation claim in the amount of $2,558,033.09 (the "Reclamation Demand").

WHEREAS, on February 21, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to DuPont with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $90,659.67 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, DuPont failed to respond to the Statement of Reclamation.  Thus, pursuant to the Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019 Establishing Procedures For The Treatment Of Reclamation Claims (Docket No. 881) entered by the Delphi Bankruptcy Court on November 4, 2005, Dupont has

2

been deemed to have consented to the amount set forth in the Statement of Reclamation, subject to the Reserved Defenses.

WHEREAS, on July 25, 2006, DuPont filed proof of claim number 10596 against Mechatronic, asserting an unsecured non-priority claim in the amount of $123,481.26 ("Claim 10596") arising from the sale of goods.

WHEREAS, on July 25, 2006, DuPont filed proof of claim number 10598 against Connections, asserting an unsecured non-priority claim in the amount of $172,287.79 ("Claim 10598," and together with Claim 10596, the "Claims") arising from the sale of goods.

WHEREAS, on December 18, 2006, DuPont assigned its interest in the Claims to Latigo pursuant to a Notice of Transfer.

WHEREAS, November 19, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Claims, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection").

WHEREAS, on December 4, 2007, DuPont filed its Response of E.I. Du Pont De Nemours And Company To Debtors' Twenty-Third Omnibus Objection To Claims (Docket No. 11235) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019

3

Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on DuPont with respect to the Reclamation Claim, whereby the Debtors presented DuPont with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which the DuPont is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense").

WHEREAS, DuPont returned the Reclamation Election Notice and chose to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed.

WHEREAS, on October 2, 2008, to resolve the Twenty-Third Omnibus Claims Objection with respect to the Claims, DAS LLC, Mechatronic, Connections, and the Claimants entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, (i) Mechatronic acknowledges and agrees that Claim 10596 shall be allowed against Mechatronic in the amount of $99,169.26 ("Allowed Claim 10596") and (ii) DAS LLC and Connections acknowledge and agree that Claim 10598 shall be allowed against DAS LLC in the amount of $156,479.11 and

4

against Connections in the amount of $15,808.68 ("Allowed Claim 10598," and together with Allowed Claim 10596, the "Allowed Claims").

WHEREAS, DAS LLC, Mechatronic, and Connections are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and the Claimants stipulate and agree as follows:

1. Claim 10596 shall be allowed in the amount of $99,169.26 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

2. Claim 10598 shall be allowed in the amount of $156,479.11 against DAS LLC and in the amount of $15,808.68 against Connections, and shall be treated as an allowed general unsecured non-priority claim against the estates of DAS LLC and Connections.

3. Without further order of this Court, the Debtors are authorized to offset or reduce the Allowed Claims for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which DuPont is a party.

4. DuPont shall withdraw the Response to the Twenty-Third Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of October, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                        /s/ Angela Z. Miller
John Wm. Butler, Jr.                                 William J. Brown
John K. Lyons                                           Angela Z. Miller
Ron E. Meisler                                          PHILLIPS LYTLE LLP
SKADDEN, ARPS, SLATE, MEAGHER      437 Madison Avenue, 34th Floor
    & FLOM LLP                                        New York, New York 10022
333 West Wacker Drive, Suite 2100          (212) 759-4888
Chicago, Illinois  60606-1285
(312) 407-0700

                – and –                                                       – and –

    Kayalyn A. Marafioti                              3400 HSBC Center
    Thomas J. Matz                                     Buffalo, New York 14203
Four Times Square                                   (716) 847-8400
New York, New York  10036
(212) 735-3000                                         Attorneys for E.I. du Pont de Nemours
                                                                  and Company

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

                                                                /s/ Paul Malek
                                                                Paul Malek
                                                                Latigo Master Fund, Ltd.
                                                                590 Madison Avenue, 9th Floor
                                                                New York, New York 10022
                                                                (212) 754-1627

                                                                Attorney for Latigo Master Fund, Ltd.

6