# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
                                :
    In re                       :         Chapter 11
                                :
DELPHI CORPORATION, et al.,    :         Case No. 05–44481 (RDD)
                                :
               Debtors.   :         (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING
PROOFS OF CLAIM NUMBERS 2625, 2626, 2627, 2636, AND 2638 AND DISALLOWING
AND EXPUNGING PROOF OF CLAIM NUMBER 2628
(LIQUIDITY SOLUTIONS, INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Mechatronic Systems, Inc. ("Mechatronic"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Liquidity Solutions, Inc. ("Liquidity Solutions") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Numbers 2625, 2626, 2627, 2636, And 2638 And Disallowing And Expunging Claim Number 2628 (Liquidity Solutions, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on April 13, 2006, Tinnerman Palnut Engineered Products ("Tinnerman") filed proof of claim number 2625 against Delphi, which asserts an unsecured non-priority claim in the amount of $202,626.18 ("Claim No. 2625") stemming from the sale of goods.

WHEREAS, on April 13, 2006, Tinnerman filed proof of claim number 2626 against Delphi, which asserts an unsecured non-priority claim in the amount of $1,174.50 ("Claim No. 2626") stemming from the sale of goods.

WHEREAS, on April 13, 2006, Tinnerman) filed proof of claim number 2627 against Delphi, which asserts an unsecured non-priority claim in the amount of $1,923.00 ("Claim No. 2627") stemming from the sale of goods.

WHEREAS, on April 13, 2006, Tinnerman filed proof of claim number 2628 against Delphi, which asserts an unsecured non-priority claim in the amount of $2,690.25

("Claim No. 2628") stemming from the sale of goods.

WHEREAS, on April 13, 2006, Tinnerman filed proof of claim number 2636 against Mechatronic, which asserts an unsecured non-priority claim in the amount of $4,770.00 ("Claim No. 2636") stemming from the sale of goods.

WHEREAS, on April 13, 2006, Tinnerman filed proof of claim number 2638 against Delphi, which asserts an unsecured non-priority claim in the amount of $2,012.50 ("Claim Number 2638," and together with Claim Nos. 2625, 2626, 2627, 2628, and 2636, the "Claims") stemming from the sale of goods.

WHEREAS, on August 28, 2006, Tinnerman assigned its interest in the Claims to Liquidity Solutions pursuant to a Notice of Transfer (Docket No. 5033).

WHEREAS, on February 15, 2007, the Debtors objected to the Claims pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection").

WHEREAS, on March 15, 2007, Liquidity Solutions filed its Response Of Liquidity Solutions, Inc., As Assignee, To Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification (Docket No. 7220) (the "Response").

WHEREAS, on or about March 8, 2008, DAS LLC issued cure payments to Tinnerman, pursuant to section 365 of the Bankruptcy Code, in connection with the divestiture of its Cockpits and Interior Systems and Integrated Closure Systems Businesses in amounts of

$4,137.91 and $1,110.83, which offset Claim No. 2625 and Claim No. 2626 in those amounts, respectively.

WHEREAS, DAS LLC acknowledges and agrees that Claim No. 2625 shall be allowed against DAS LLC in the amount of $194,431.94 as a general unsecured non-priority claim.

WHEREAS, DAS LLC acknowledges and agrees that Claim No. 2626 shall be allowed against DAS LLC in the amount of $31.84 as a general unsecured non-priority claim.

WHEREAS, DAS LLC acknowledges and agrees that Claim No. 2627 shall be allowed against DAS LLC in the amount of $710.54 as a general unsecured non-priority claim.

WHEREAS, Liquidity Solutions acknowledges and agrees that Claim No. 2628 shall be disallowed and expunged in its entirety.

WHEREAS, Mechatronic acknowledges and agrees that Claim No. 2636 shall be allowed against Mechatronic in the amount of $4,764.96 as a general unsecured non-priority claim.

WHEREAS, DAS LLC acknowledges and agrees that Claim No. 2638 shall be allowed against DAS LLC in the amount of $4,764.96 as a general unsecured non-priority claim.

THEREFORE, the Debtors and Liquidity Solutions stipulate and agree as follows:

1. Claim No. 2625 shall be allowed in the amount of $194,431.94 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Claim No. 2626 shall be allowed in the amount of $31.84 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3. Claim No. 2627 shall be allowed in the amount of $710.54 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      4.      Claim No. 2628 shall be disallowed and expunged in its entirety.

      5.      Claim No. 2636 shall be allowed in the amount of $4,764.96 and shall be treated as an allowed general unsecured non-priority claim against the estate of Mechatronic.

      6.      Claim No. 2638 shall be allowed in the amount of $1,512.50 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      7.      Liquidity Solutions, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Liquidity Solutions Releasing Parties"), hereby acknowledges that the allowance of each of Claim Nos. 2625, 2626, 2627, 2636, and 2638 is in full satisfaction of each of Claim Nos. 2625, 2626, 2627, 2636, and 2638, respectively, and Liquidity Solutions waives any and all rights to assert, against any and all of the Debtors, that Claim Nos. 2625, 2626, 2627, and 2638 are anything but prepetition general unsecured non-priority claims against DAS LLC and that Claim No. 2636 is anything but a prepetition general unsecured non-priority claim against Mechatronic. The Liquidity Solutions Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the Liquidity Solutions Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date that relates to the Claims.

      8.      Liquidity Solutions shall withdraw its Response to the Ninth Omnibus Claims Objection with prejudice with respect to the Claims.

So Ordered in New York, New York, this \_\_\_\_ day of October, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Dana P. Kane |
| John Wm. Butler, Jr. | Dana P. Kane |
| John K. Lyons | Liquidity Solutions, Inc. |
| Ron E. Meisler | One University Plaza, Suite 312 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Hackensack, New Jersey 07601 |
| | (201) 968-0001 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | Attorney for Liquidity Solutions, Inc. |
| (312) 407-0700 | |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession