IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                  :    Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                 Debtors.    :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On October 17, 2008, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery; (ii) upon the parties listed on Exhibit B via email notification and (ii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

    1)    Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders ("Thirty-First Omnibus Claims Objection") (Docket No. 14349) [a copy of which is attached hereto as Exhibit D]

     On October 17, 2008, I caused to be served the documents listed below upon the parties listed on Exhibit E hereto via postage pre-paid U.S. mail:

    2)    Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders ("Thirty-First Omnibus Claims Objection") (without exhibits) (Docket No. 14349) [a copy of which is attached hereto as Exhibit D]

3)      Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit F]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit E attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 7 of Exhibit E attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit F has been marked so as to demonstrate the manner in which the information listed in columns 3 through 7 of Exhibit E attached hereto was incorporated into each Personalized Notice.

4)      Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as Exhibit G]

On October 17, 2008, I caused to be served the documents listed below upon the parties listed on Exhibit H hereto via postage pre-paid U.S. mail:

5)      Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders ("Thirty-First Omnibus Claims Objection") (without exhibits) (Docket No. 14349) [a copy of which is attached hereto as Exhibit D]

6)      Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as Exhibit I]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of Exhibit H attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 12 of Exhibit H attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as Exhibit I has been marked so as to demonstrate the manner in which the information listed in columns 3 through 12 of Exhibit H attached hereto was incorporated into each Personalized Notice.

7)      Order Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as Exhibit G]

Dated: October 21, 2008

_____*/s/ Evan Gershbein*_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 21st day of October, 2008, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____*/s/ Shannon J. Spencer*_____

Commission Expires:___*6/20/10*_____

# EXHIBIT A

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | rstark@brownrudnick.com |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | bsimon@cwsny.com |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | sreisman@cm-p.com |
| Davis, Polk & Wardwell | Donald Bernstein<br>Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092<br>212-450-4213 | 212-450-3092<br>212-450-3213 | donald.bernstein@dpw.com<br>brian.resnick@dpw.com |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | sean.p.corcoran@delphi.com<br>karen.j.craft@delphi.com |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | cschiff@flextronics.com |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | paul.anderson@flextronics.com |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | trey.chambers@freescale.com |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler<br>Bonnie Steingart<br>Vivek Melwani<br>Jennifer L Rodburg<br>Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | rodbuje@ffhsj.com<br>sliviri@ffhsj.com |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | randall.eisenberg@fticonsulting.com |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | valerie.venable@ge.com |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | lhassel@groom.com |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | 212-751-0928 | sgross@hodgsonruss.com |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | fgorman@honigman.com |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | rweiss@honigman.com |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | mariaivalerio@irs.gov |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | bderrough@jefferies.com |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | richard.duker@jpmorgan.com |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | gianni.russello@jpmorgan.com<br>susan.atkins@jpmorgan.com |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | gnovod@kramerlevin.com |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

10/21/2008 10:41 AM
Master Service List 080911 Overnight

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | tmayer@kramerlevin.com |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | sbetance@kccllc.com |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | robert.rosenberg@lw.com |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | daniel.fisher@lawdeb.com |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | patrick.healy@lawdeb.com |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | dcleary@mwe.com |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | jdejonker@mwe.com |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | mkhambati@mwe.com |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | pclark@mwe.com |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | conh@mctiguelaw.com |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | bmctigue@mctiguelaw.com |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | lszlezinger@mesirowfinancial.com |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | 9175223103 | jmoldovan@morrisoncohen.com |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | newyork@sec.gov |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | william.dornbos@oag.state.ny.us |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | rsiegel@omm.com |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | tjerman@omm.com |
| Pension Benefit Guaranty Corporation | Israel Goldowitz | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | sriemer@phillipsnizer.com |
| Rothcild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | david.resnick@us.rothschild.com |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | rdremluk@seyfarth.com |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

10/21/2008 10:41 AM
Master Service List 080911 Overnight

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|---|---|---|
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | dbartner@shearman.com<br>jfrizzley@shearman.com |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | kziman@stblaw.com<br>rtrust@stblaw.com<br>wrussell@stblaw.com |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | 312-407-0411 | jbutler@skadden.com<br>jlyonsch@skadden.com<br>rmeisler@skadden.com |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | kmarafio@skadden.com<br>tmatz@skadden.com |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | ddoyle@spencerfane.com |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | nfranke@spencerfane.com |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | cp@stevenslee.com<br>cs@stevenslee.com |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | altogut@teamtogut.com |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 07960 | 973-656-8365 | 973-656-8805 | |
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | mwarner@warnerstevens.com |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | harvey.miller@weil.com |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | jeff.tanenbaum@weil.com |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | martin.bienenstock@weil.com |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | michael.kessler@weil.com |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | scimalore@wilmingtontrust.com |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

10/21/2008 10:41 AM
Master Service List 080911 Overnight

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | sreisman@cm-p.com | Counsel to Flextronics International, Inc.; Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Vivek Melwani Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Stephen H. Gross | 1540 Broadway | 24th Fl | New York | NY | 10036 | 212-751-4300 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | patrick.healy@lawdeb.com | Indenture Trustee |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Peter A. Clark | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | pclark@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| Morrison Cohen LLP | Joseph T. Moldovan, Esq. | 909 Third Avenue | | New York | NY | 10022 | 2127358603 | jmoldovan@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | tjerman@omm.com | Special Labor Counsel |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 333 W. Wacker Dr. | Suite 2100 | Chicago | IL | 60606 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti, Thomas J. Matz | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com tmatz@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

10/21/2008 10:41 AM
Master Service List 080911 Email

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

10/21/2008 10:41 AM
Master Service List 080911 Email

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1° | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | 590 Madison Ave | | New York | NY | 10022-2524 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Company, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Anthony Ostlund & Baer PA | John B Orenstein | 3600 Wells Fargo Ctr | 90 S 7th St | Minneapolis | MN | 55402 | | 612-349-6969 | jorenstein@aoblaw.com | Attorneys for Whitebox Hedged High Yield Partners, LP |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Cohen.Mitchell@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku") America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | John T. Gregg | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3930 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 300 Ottawa Avenue, NW | Suite 500 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | wallace@blbglaw.com | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 111 Monument Circle Ste 2700 | | Indianapolis | IN | 46204 | | 317-684-5000 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. and Eikenberry & Associates, Inc.; Lorentson Manufacturing, Company, Inc.; Lorentson Manufacturing Compnay Southwest, Inc.; Lorentson Tooling, Inc.; L & S Tools, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney | William H. Schorling, Esq. | 1835 Market St. 14th Floor | | Philadelphia | PA | 19103 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc. |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Robert Usadi | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | rusadi@cahill.com | Counsel to Engelhard Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLp | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 300 East Maple Road | Third Floor | Birmingham | MI | 48009-6317 | | 248-644-4840 | rweisberg@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200<br><br>(230) 862-8231 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Dreier LLP | Maura I. Russell Wendy G. Marcari | 499 Park Ave | 14th Fl | New York | NY | 10022 | | 212-328-6100 | jguerrier@dreierllp.com | Counsel to SPCP Group LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Morgan Smith | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-5679 | mmsmith@dykema.com | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | David G Dragich | 500 Woodward Ave Suite 2700 | | Detroit | MI | 48226-3489 | | 313-234-7100 | ddragich@foley.com | Counsel to Internet Corporation |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | Michael P. Richman | 90 Park Avenue | 37th Floor | New York | NY | 10016-1314 | | 212-682-7474 | mrichman@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhod of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Anne Marie Kennelly | 3000 Hanover St., M/S 1050 | | Palo Alto | CA | 94304 | | 650-857-6902 | anne.kennelly@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | sgross@hodgsonruss.com | Counsel to Hexcel Corporation, Co-Counsel for Yazaki North America, Inc. |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Holme Roberts & Owen, LLP | Elizabeth K. Flaagan | 1700 Lincoln | Suite 4100 | Denver | CO | 80203 | | 303-861-7000 | elizabeth.flaagan@hro.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Michael P. Massad, Jr. | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | mmassad@hunton.com | Counsel to RF Monolithics, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | heather@inplaytechnologies.com | Creditor |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky Desiree K. Killen | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com dkillen@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | pbarr@jaffelaw.com | Counsel to Trutron Corporation |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Joseph Boyle | 200 Kimball Dr | | Parsippany | NJ | 07054 | | 973-503-5900 | jboyle@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McCarthy Tetrault LLP | John J. Salmas Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | jsalmas@mccarthy.ca lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuireWoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | jdonahue@miheritage.com | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Morrison Cohen LLP | Michael R. Dal Lago | 909 Third Avenue | | New York | NY | 10022 | | 212-735-8757 | mdallago@morrisoncohen.com | Counsel to Blue Cross and Blue Shield of Michigan |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 666 Fifth Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Anne Marie Aaronson | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | aaronsona@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 16 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Jason Pickering, Esq. | 10,000 Midlantic Drive | | Mt. Laurel | NJ | 08054 | | 856-840-2489 | jkp@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | John J. Dawson | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jdawson@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Street | New York | NY | 10022 | | 212-521-5400 | elazarou@reedsmith.com | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Riemer & Braunstein LLP | Mark S. Scott | Three Center Plaza | | Boston | MA | 02108 | | 617-523-9000 | mscott@riemerlaw.com | Counsel to ICX Corporation |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | holly@regencap.com | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | amathews@robinsonlaw.com | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropes & Gray LLP | Marc E. Hirschfield | 45 Rockefeller Plaza | | New York | NY | 10111-0087 | | 212-841-5700 | marc.hirschfield@ropesgray.com | Attorneys for D-J, Inc. |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | agelman@sachnoff.com | Counsel to Infineon Technologies North America Corporation |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.l. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7056 | myarnoff@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | shandler@sbclasslaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schulte Roth & Sabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Sabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schulte Roth & Zabel LLP | Carol Weiner Levy | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | carol.weiner.levy@srz.com | Counsel to D.C. Capital Partners, L.P. |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Simon, Stella & Zingas, PC | Stephen P. Stella | 422 W Congress Ste 400 | | Detroit | MI | 48226 | | 313-962-6400 X225 | attorneystella@sszpc.com | Counsel to Motor City Electric |
| Smith, Gambrell & Russell, LLP | Barbara Ellis-Monro | 1230 Peachtree Street, N.E. | Suite 3100 | Atlanta | GA | 30309 | | 404-815-3500 | bellis-monro@sgrlaw.com | Counsel to Southwire Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | rkidd@srcm-law.com | Counsel to Excel Global Logistics, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jposta@sternslaw.com jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Terra Law LLP | David B. Draper | 60 S. Market Street | Suite 200 | San Jose | CA | 95113 | | 408-299-1200 | ddraper@terra-law.com | Counsel to Maxim Integrated Products, Inc. |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thelen Reid Brown Raysman & Steiner LLP | Marcus O. Colabianchi | 101 Second St Ste 1800 | | San Francisco | CA | 94105-3606 | | 415-369-7301 | mcolabianchi@thelen.com | Counsel to Oki Semiconductor Company |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc |
| Thurman & Phillips, P.C. | Ed Phillips, Jr. | 8000 IH 10 West | Suite 1000 | San Antonio | TX | 78230 | | 210-341-2020 | ephillips@thurman-phillips.com | Counsel to Royberg, Inc. d/b/a Precision Mold & Tool and d/b/a Precision Mold and Tool Group |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | City Place | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | jwilson@tylercooper.com | Counsel to Barnes Group, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers Street 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Emil A. Kleinhaus | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | EAKleinhaus@wlrk.com | Counsel to Capital Research and Management Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 21 of 22

10/21/2008 10:42 AM
Email (400)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Waller Lansden Dortch & Davis, PLLC | David E. Lemke, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | david.lemke@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | robert.welhoelter@wallerlaw.com | Counsel to Nissan North America, Inc. |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weinstein, Eisen & Weiss LLP | Aram Ordubegian | 1925 Century Park East | #1150 | Los Angeles | CA | 90067 | | 310-203-9393 | aordubegian@weineisen.com | Counsel to Orbotech, Inc. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Peter Janovsky | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | pjanovsky@zeklaw.com | Counsel to Toyota Tsusho America, Inc. and Karl Kufner, KG aka Karl Kuefner, KG |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 22 of 22

10/21/2008 10:42 AM
Email (400)

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | 212-692-8251 | |
| APS Clearing, Inc. | Andy Leinhoff<br>Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | 512-314-4416 | Counsel to APS Clearing, Inc. |
| Bingham McHale LLP | John E Taylor<br>Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | 317-635-8900 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | 248-576-5741 | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Eckert Seamans Cherin & Mellott LLC | Michael G. Busenkell | 300 Delaware Avenue | Suite 1360 | Wilmington | DE | 19801 | 302-425-0430 | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Gratz, Miller & Brueggeman, S.C. | Timothy C. Hall | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | 414-271-4500 | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | General Counsel to Jason Incorporated |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Jeffrey J. Angelovich | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Nix, Patterson & Roach, L.L.P. | Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | 903-645-7333 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

10/21/2008 10:42 AM
US Mail (31)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | 908-722-0700 | Counsel to Rotor Clip Company, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3157 | Counsel to Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | 215-981-4000 | Counsel to SKF USA, Inc. |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | 989-385-3230 | Corporate Secretary for Professional Technologies Services |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | 330-670-3004 | Counsel to Republic Engineered Products, Inc. |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | 213-312-2000 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | 617-951-7000 | Attorneys for D-J, Inc. |
| Sachnoff & Weaver, Ltd | Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | 312-207-1000 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | 248-540-3340 | Counsel to Dott Industries, Inc. |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | 860-251-5811 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | 201-930-7483 | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | 248-352-4700 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Thaler & Gertler LLP | Andrew M. Thaler Esq | 90 Merrick Ave Ste 400 | | East Meadow | NY | 11554 | 516-228-3533 | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| Thelen Reid Brown Raysman & Steiner LLP | David A. Lowenthal | 875 Third Avenue | | New York | NY | 10022 | 212-603-2000 | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation and Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | Conflicts counsel to Debtors |
| Vorys, Sater, Seymour and Pease LLP | Robert J. Sidman, Esq. | 52 East Gay Street | P.O. Box 1008 | Columbus | OH | 43216-1008 | 614-464-6422 | |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | 817-810-5250 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | 714-966-1000 | Counsel to Toshiba America Electronic Components, Inc. |
| WL Ross & Co., LLC | Stephen Toy | 1166 Avenue of the Americas | | New York | NY | 10036-2708 | 212-826-1100 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

10/21/2008 10:42 AM
US Mail (31)

# EXHIBIT D

**Hearing Date And Time: November 21, 2008 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: November 14, 2008 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                       :
            In re                         :      Chapter 11
                                         :
DELPHI CORPORATION, et al.,        :      Case No. 05-44481 (RDD)
                                         :
                                         :      (Jointly Administered)
               Debtors.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x

DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (A) UNTIMELY
EQUITY CLAIM, (B) BOOKS AND RECORDS CLAIM THAT IS SUBJECT
TO PRIOR ORDER, (C) UNTIMELY BOOKS AND RECORDS CLAIMS,
(D) BOOKS AND RECORDS TAX CLAIM THAT IS SUBJECT TO PRIOR
ORDER, (E) UNTIMELY CLAIMS, AND (F) MODIFIED CLAIMS
<u>ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS</u>

("THIRTY-FIRST OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject

To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim

That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting

Reclamation That Are Subject To Prior Orders (the "Thirty-First Omnibus Claims Objection"),

and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders (together with the official committee of unsecured creditors, the

"Statutory Committees").

3.    On December 10, 2007, the Debtors filed the First Amended Joint Plan Of

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

Possession (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with

2

respect to the Plan (Docket No. 11388) (the "December 10 Disclosure Statement").  The Court

entered an order approving the adequacy of the Disclosure Statement and granting the related

solicitation procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008,

the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan

(as modified) (the "Confirmed Plan"), which order became final on February 4, 2008.  Although

the Debtors on April 4, 2008 had satisfied the conditions required to substantially consummate

the Confirmed Plan, including obtaining $6.1 billion of exit financing, Delphi's Plan Investors

(as defined in the Confirmed Plan) refused to participate in a closing that was commenced but

not completed and refused to fund their Investment Agreement (as defined in the Confirmed Plan)

with Delphi.

>              4.       On October 3, 2008, the Debtors filed a motion (the "Plan Modification

Approval Motion") under 11 U.S.C. § 1127 for an order approving (i) certain modifications to

the Confirmed Plan and related modifications to the December 10 Disclosure Statement and (ii)

approving related procedures for re-soliciting votes on the Confirmed Plan as modified (the

"Modified Plan").

>              5.       This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

>              6.       The statutory predicates for the relief requested herein are sections 502(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.       Current Business Operations Of The Debtors

>              7.       Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

3

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

        8.      The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer ("OEM").

        9.      Delphi was incorporated in Delaware in 1998 as a wholly owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its
worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core
automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency
proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso
receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of
which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31,
2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing
footprint and to lower its overall cost structure.

single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

11.    The Debtors believe that the Company's financial performance deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which had the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

13.     On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.      Plan Confirmation And Postconfirmation Matters

14.     The Confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Confirmation Order approved the Global Settlement Agreement (the "Original GSA") and

the Master Restructuring Agreement (the "Original MRA"), which provided for a comprehensive

settlement with GM.  After the Plan was confirmed, the Debtors focused their efforts on

satisfying the conditions for the Confirmed Plan to become effective.  The Debtors satisfied

those conditions and on April 4, 2008 began a formal closing process attended by representatives

of GM, the exit lenders, and the Statutory Committees.

6

15.    The Plan Investors, however, refused to participate in the closing or fund their obligations under the Investment Agreement.  Instead, the Plan Investors delivered written notices purporting to terminate the Investment Agreement based on both alleged breaches by the Debtors and the failure of the Confirmed Plan's effective date to occur by April 4, 2008.  On May 16, 2008, Delphi filed complaints for damages and specific performance against the Plan Investors and related parties who refused to honor their equity financing commitments and refused to participate in the closing that would have led to Delphi's successful emergence from chapter 11.

F.    Background Of The Modified Disclosure Statement And Modified Plan

16.    The Debtors nevertheless continued working with their stakeholders to evaluate their options to move forward with emerging from chapter 11 as soon as reasonably practicable.  On September 12, 2008, Delphi announced steps that they were taking to complete the successful restructuring of their U.S. operations, transformation of the company on a global basis, and emergence from chapter 11.  Those steps included reaching agreements with GM to amend the GSA and MRA, taking action to fund and preserve Delphi's hourly and salaried pension plans, and completing the reaffirmation process for Delphi's August 2008 Reaffirmed Plan Of Reorganization Business Plan (the "2008-2011 RPOR Business Plan").  Among other changes, the 2008-2011 RPOR Business Plan includes revised actual and expected volumes for the North American automotive market, significant increases in commodities costs that are used as raw materials in certain of Delphi's products, and changes in the underfunded status of its pension plans as a result of negative plan asset return.

17.    On September 23, 2008, this Court entered an order authorizing Delphi to take certain actions with respect to its pension plans and to implement replacement pension plans.  On September 26, 2008, this Court entered an order authorizing the Debtors' implementation of

7

the amended GSA (the "Amended GSA") and the amended MRA (the "Amended MRA"), which agreements became effective on September 29, 2008.  Delphi estimates the value of the consideration received under those agreements to be approximately $10.6 billion (increased from approximately $6.0 billion in the Original GSA/MRA), which includes an increase of nearly $2 billion in connection with the amount of Delphi's net hourly pension liabilities transferred and to be transferred to GM pursuant to section 414(l) of the Internal Revenue Code (increased from $1.5 billion under the Original GSA to approximately $3.4 billion under the Amended GSA).

18.    The Amended GSA and Amended MRA allowed the Debtors to carry out their transformation goals of (i) obtaining financial support from GM for certain of Delphi's legacy and labor costs and GM's business commitments to Delphi going forward and (ii) devising a workable solution to Delphi's pension funding situation.  Implementation of the Amended GSA and Amended MRA also allowed the Debtors to move forward on the basis of their reaffirmed emergence business plan to enter the capital markets and to be in a position to negotiate with their stakeholders regarding funding of, and modifications to, the Confirmed Plan.

19.    The Debtors have accordingly formulated certain modifications to the Confirmed Plan which are set forth in the Plan Modification Approval Motion filed on October 3, 2008.  Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

8

G.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

20.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such Claim.

21.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and Statements") and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements.  In total, the Debtors provided Bar Date Notices to more than 500,000 persons and entities.

22.    In addition, the Debtors published the Bar Date Notice in the New York Times (National Edition), the Wall Street Journal (National, European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the

Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis

Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,

the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile

Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the

Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, the Tuscaloosa

News, and The Vindicator, and electronically through posting on the Delphi Legal Information

Website, www.delphidocket.com, on or before April 24, 2006.

23.    Approximately 16,825 proofs of claim (the "Proofs of Claim") have been

filed against the Debtors in these cases.  The Debtors have filed 30 omnibus Claims objections, [4]

pursuant to which this Court has disallowed and expunged 9,741 Claims and modified

approximately 3,726 Claims.  In addition, the hearings with respect to approximately 513 Claims

remain adjourned pursuant to the Claims Objection Procedures Order (as defined below).

24.    On October 31, 2006, the Debtors filed the Motion For Order Pursuant To

11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims

And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or

Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among

other things, to approve certain procedures for contested claim objections.  On December 7, 2006,

---

[4]    The Debtors filed Claims objections on September 19, 2006 (Docket No. 5151), October 31, 2006 (Docket Nos. 5451 and 5452), December 8, 2006 (Docket Nos. 6099 and 6100), January 12, 2007 (Docket Nos. 6571 and 6585), February 15, 2007  (Docket Nos. 6962 and 6968), March 16, 2007 (Docket Nos. 7300 and 7301), April 27, 2007 (Docket Nos. 7824 and 7825), May 22, 2007 (Docket Nos. 7998 and 7999), June 15, 2007 (Docket Nos. 8270 and 8271), July 13, 2007 (Docket Nos. 8616 and 8617), August 24, 2007 (Docket No. 9151), September 21, 2007 (Docket No. 9535), October 26, 2007 (Docket No. 10738), November 19, 2007 (Docket No. 10982), December 21, 2007 (Docket No. 11588), January 18, 2008 (Docket No. 12288), February 15, 2008 (Docket Nos. 12686 and 12687), March 27, 2008 (Docket Nos. 13269 and 13270), and June 27, 2008 (Docket No. 13823).

the Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

(Docket No. 6089) (the "Claims Objection Procedures Order").

      25.     On November 30, 2007, the Debtors filed the Motion Under New

Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) For Order Authorizing Debtors To Continue

Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I)

Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 11187).  In that motion, the Debtors requested this

Court, among other things, to authorize the Debtors to continue the current practices and

procedures for filing and serving notice of omnibus Claims objections pursuant to the Claims

Objection Procedures Order, including omnibus Claims objections to more than 100 Claims.  On

December 20, 2007, this Court granted this relief by entering the Order Under New Bankruptcy

Rule 3007 And 11 U.S.C. § 105(a) Authorizing Debtors To Continue Claims Objection

Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings

Regarding Objections To Claims And (II) Certain Notices And Procedures Governing

Objections To Claims (Docket No. 11561).

      26.     In this Thirty-First Omnibus Claims Objection, the Debtors are objecting

to 11 Proofs of Claim, all of which are set forth on Exhibit F hereto in alphabetical order by

claimant and cross-referenced by proof of claim number and basis of objection.

11

<u>Relief Requested</u>

27.     By this Thirty-First Omnibus Claims Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging (a) the Claim set forth on <u>Exhibit A</u> because it was filed by a holder of Delphi common stock solely on account of stock holdings and was untimely filed pursuant to the Bar Date Order, (b) the Claim that is set forth on <u>Exhibit B-1</u> hereto, and which is subject to a prior order of this Court, because it asserts a liability or dollar amount that is not reflected on the Debtors' books and records, (c) the Claims set forth on <u>Exhibit B-2</u> hereto because they assert liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order, (d) the Claim filed by a taxing authority that is set forth on <u>Exhibit B-3</u> hereto, and which is subject to prior order of this Court, because it asserts a liability or dollar amount that is not reflected on the Debtors' books and records, and (f) the Claims set forth on <u>Exhibit C</u> hereto because they were untimely filed pursuant to the Bar Date Order.

28.     In addition, by this Thirty-First Omnibus Claims Objection the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 revising the asserted amount and/or changing the identity of the alleged Debtor with respect to the Claims set forth on <u>Exhibit D</u> hereto, which are subject to a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or the claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand.

Objections To Claims

H.    Untimely Equity Claim

29.    During their Claims review, the Debtors determined that a certain Proof of
Claim filed against the Debtors represents a proof of interest that was filed by or on behalf of a
person holding Delphi common stock and was received by the Debtors after the Bar Date[5] (the
"Untimely Equity Claim").  The Debtors caused the Claims Agent to serve notice of the Bar Date
on holders of Delphi common stock to ensure that holders of stock who wished to assert claims
against any of the Debtors that were not based solely upon their ownership of Delphi common
stock would be afforded the opportunity to file claims in these chapter 11 cases.

30.    The ownership of Delphi common stock constitutes an equity interest in
Delphi, but does not constitute a "claim" against Delphi's estate as such term is defined in section
101(5) of the Bankruptcy Code.  Furthermore, as set forth in the Bar Date Notice that was
approved by this Court, creditors and equity holders were notified that they were not required to
file proofs of claim based exclusively on ownership interests in Delphi common stock.[6]

---

[5]    The Untimely Equity Claim listed on Exhibit A hereto was not included as part of the Motion For Order Under
Fed. R. Bankr. P. 3003(c)(3) And 9006(b)(1) Deeming Certain Proofs Of Claim Timely Filed, dated September
29, 2006 (Docket No. 5238) (the "Claims Timeliness Motion").

[6]    The Bar Date Order provides, in relevant part:

Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the
types set forth below:

*    *    *

(h)  Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's
ownership interest in or possession of such equity securities, or other interest; provided, however, that any such
holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of
the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or
sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

13

31.    Identified on Exhibit A is the Untimely Equity Claim that the Debtors have identified as representing solely a proof of interest that was untimely filed pursuant to the Bar Date Order.  The Debtors seek to have this claim reclassified from a Claim to an interest and be disallowed and expunged.  To the extent that the individual who filed the Untimely Equity Claim listed on Exhibit A holds valid equity interests in Delphi as of the applicable record date, the requested reclassification of the Untimely Equity Claim and disallowance of such Claim will not impair any entitlements the Claimant may ultimately have under a plan of reorganization with respect to such holders' equity interests.

32.    Accordingly, the Debtors (a) object to the Untimely Equity Claim and (b) seek entry of an order disallowing and expunging the Untimely Equity Claim in its entirety.

I.    Books And Records Claims

33.    During the Debtors' review of the Proofs of Claim, the Debtors determined that a Claim that was modified pursuant to a prior order on a Claims objection asserts a liability or dollar amount that is not owing pursuant to the Debtors' books and records (the "Books And Records Claim That Is Subject To Prior Order").  The Debtors have also determined that certain Proofs of Claim assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records and, in addition, were not timely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").  In addition, the Debtors have determined that a certain Proof of Claim filed by a taxing authority that was modified pursuant to a prior order of this Court asserts a liability or dollar amount that is not owing pursuant to the Debtors' books and records (the "Books And Records Tax Claim That Is Subject To Prior Order").  The Debtors believe that the parties asserting the Books And Records Claim That Is Subject To Prior Order, the Untimely Books And Records Claims, and the Books And Records Tax Claim That Is Subject To Prior Order are not creditors of the Debtors.  The Debtors determined that they are

14

not liable for the Books And Records Claim That Is Subject To Prior Order, the Untimely Books And Records Claims, and the Books And Records Tax Claim That Is Subject To Prior Order because the Debtors' books and records do not reflect the existence of the asserted Claims or of the Claimants asserting such Claims.

34.    A claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" In re WorldCom, Inc., 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 174 (3d Cir. 1992)). Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'" Id.

35.    Identified on Exhibit B-1 hereto is the Books And Records Claim That Is Subject To Prior Order to which the Debtors object because the Debtors have no liability in respect thereof.  Attached hereto as Exhibit B-2 is a list of the Untimely Books And Records Claims to which the Debtors object not only because the Debtors have no liability in respect thereof, but also because these Claims were not timely filed pursuant to the Bar Date Order.[7] Identified on Exhibit B-3 hereto is the Books And Records Tax Claim That Is Subject To Prior Order to which the Debtors object because the Debtors have no liability in respect thereof.  If this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to the Books And Records Claim That Is Subject To Prior Order, the Untimely Books And Records Claims, and the Books And Records Tax Claim That Is Subject To Prior Order at a later date on any basis whatsoever.

_____

[7]    The Untimely Books And Records Claims listed on Exhibit B-2 hereto was not included as part of the Claims Timeliness Motion.

36.     Accordingly, the Debtors (a) object to the Books And Records Claim That Is Subject To Prior Order, the Untimely Books And Records Claims, and the Books And Records Tax Claim That Is Subject To Prior Order and (b) seek entry of an order disallowing and expunging the Books And Records Claim That Is Subject To Prior Order, the Untimely Books And Records Claims, and the Books And Records Tax Claim That Is Subject To Prior Order in their entirety.

J.     Untimely Claims

37.     Although the Bar Date passed more than two years ago, various parties have continued to file Proofs of Claim in these chapter 11 cases.  During the Debtors' continuing review of the Proofs of Claim since the filing of the Debtors' most recent Claims objection, the Debtors have identified certain Proofs of Claim that were received by the Debtors after the Bar Date (the "Untimely Claims").  The Debtors object to these Untimely Claims on the basis they were not timely filed pursuant to the Bar Date Order.  The Untimely Claims are identified on Exhibit C hereto.  If this Court does not disallow and expunge these Claims in full, the Debtors expressly reserve all of their rights to further object to the Untimely Claims at a later date on any basis whatsoever.

38.     Accordingly, the Debtors (a) object to the Untimely Claims[8] and (b) seek entry of an order disallowing and expunging the Untimely Claims in their entirety.

K.     Modified Claims Asserting Reclamation And Subject To Prior Orders

39.     In addition, the Debtors have also determined that certain Claims that were modified pursuant to prior orders (the "Modified Claims Asserting Reclamation That Are Subject To Prior Orders") (a)(i) state the incorrect amount or are overstated, including as a result

---

[8]     The Untimely Claims listed on Exhibit C hereto were not included as part of the Claims Timeliness Motion.

16

of the assertion of invalid unliquidated claims and/or (ii) were filed and docketed against the wrong Debtor and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") with respect to the reclamation demand are valid.

40.    Set forth on Exhibit D hereto is a list of Modified Claims Asserting Reclamation That Are Subject To Prior Orders that the Debtors believe should be modified solely to assert a properly classified, fully liquidated claim amount against the appropriate Debtor.  For each Modified Claim Asserting Reclamation That Is Subject To Prior Orders, Exhibit D reflects the amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim As Docketed" and the proposed modified dollar amount and classification for the Modified Claim Asserting Reclamation That Is Subject To Prior Orders, and the Debtor against which such Claim should be asserted, in a column titled "Claim As Modified."

41.    The Debtors object to the amount and/or identity of the Debtor for each Modified Claim Asserting Reclamation That Is Subject To Prior Orders listed on Exhibit D and request that each such Claim be revised to reflect the amount, classification, and identity of the Debtor listed in the "Claim As Modified" column of Exhibit D.  Thus, no Claimant listed on Exhibit D would be entitled to (a) recover for any Modified Claim Asserting Reclamation That Is Subject To Prior Orders in an amount exceeding the dollar value listed as the "Modified Total"

17

for such Claim on Exhibit D, unless the Debtors obtain an order of this Court providing that any

Reserved Defense is valid and denying priority status to such Claimant's reclamation demand, or

(b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column,

or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As

Modified" column on Exhibit D, subject to the Debtors' right to further object to each such

Modified Claim Asserting Reclamation That Is Subject To Prior Orders.  For clarity, Exhibit D

refers to the Debtor entities by case number and Exhibit E displays the formal name of three

Debtor entities and their associated bankruptcy case numbers referenced in Exhibit D.

42.    Accordingly, the Debtors (a) object to the amount and/or identity of the

Debtor for the Modified Claims Asserting Reclamation That Are Subject To Prior Orders and (b)

seek an order modifying the Modified Claims Asserting Reclamation That Are Subject To Prior

Orders to reflect the Modified Total, classification, and/or identity of the Debtor against which

such Claim should be asserted, as set forth on Exhibit D.

<u>Separate Contested Matters</u>

43.    Pursuant to the Claims Objection Procedures Order, to the extent that a

response is filed with respect to any Claim listed in this Thirty-First Omnibus Claims Objection,

each such Claim and the objection to such Claim asserted in this Thirty-First Omnibus Claims

Objection will be deemed to constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered

by the Court with respect to an objection asserted in this Thirty-First Omnibus Claims Objection

will be deemed a separate order with respect to each Claim.

## Reservation Of Rights

44.     The Debtors expressly reserve the right to amend, modify, or supplement

this Thirty-First Omnibus Claims Objection and to file additional objections to the Proofs of

Claim or any other Claims (filed or not) which may be asserted against the Debtors, including

without limitation the right to object to any Claim on the basis that it has been asserted against

the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Thirty-

First Omnibus Claims Objection be dismissed, the Debtors reserve their rights to object on other

stated grounds or on any other grounds that the Debtors discover during the pendency of these

cases.  In addition, the Debtors reserve the right to seek further reduction of any Claim to the

extent that such Claim has been paid.

## Responses To Objections

45.     Responses to the Thirty-First Omnibus Claims Objection are governed by

the provisions of the Claims Objection Procedures Order.  The following summarizes the

provisions of that Order, but is qualified in all respects by the express terms thereof.

L.      Filing And Service Of Responses

46.     To contest an objection, responses (each, a "Response"), if any, to the

Thirty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules

of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in

accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's

case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

19

for the Southern District of New York, One Bowling Green, Room 632, New York, New York

10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,

John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00**

**p.m. (prevailing Eastern time) on November 14, 2008.**

M.    <u>Contents Of Responses</u>

47.    Every Response to this Thirty-First Omnibus Claims Objection must

contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)    a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases
upon which the Claimant will rely in opposing the claims objection;

(d)    unless already set forth in the Proof of Claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; <u>provided</u>,
<u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant must disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be
confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in
support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that the Claimant believes would be the allowable amount of such
Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the
Response, if different from the address(es) presented in the claim.

N.    <u>Timely Response Required</u>

48.    If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the hearing on the relevant Claims covered by the Response will be

20

adjourned to a future hearing, the date of which will be determined by the Debtors, by serving

notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all

uncontested objections, the Debtors request that this Court conduct a final hearing on November

21, 2008 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims

Objection Procedures Order will apply to all Responses and hearings arising from this Thirty-

First Omnibus Claims Objection.

   49. Pursuant to the Claims Objection Procedures Order, only those Responses
made in writing and timely filed and received will be considered by the Court.  If a Claimant
whose Proof of Claim is subject to the Thirty-First Omnibus Claims Objection and who is served
with the Thirty-First Omnibus Claims Objection fails to file and serve a timely Response in
compliance with the Claims Objection Procedures Order, the Debtors may present to the Court
an appropriate order seeking relief with respect to such Claim consistent with the relief sought in
the Thirty-First Omnibus Claims Objection without further notice to the Claimant, provided that,
upon entry of such an order, the Claimant will receive notice of the entry of such order as
provided in the Claims Objection Procedures Order; provided further, however, that if the
Claimant files a timely Response which does not include the required minimum information
required by the Claims Objection Procedures Order, the Debtors may seek disallowance and
expungement of the relevant Claim or Claims only in accordance with the Claims Hearing
Procedures Order.

   50. To the extent that a Claim would be subject to estimation pursuant to

section 502(c) of the Bankruptcy Code, if the Claimant has filed a Response in accordance with

the procedures outlined above which (a) acknowledges that the Claim is contingent or fully or

partially unliquidated and (b) provides the amount that the Claimant believes would be the

allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), <u>pursuant to the Claims Objection Procedures Order the Debtors may elect to accept provisionally the Claimant's Asserted Estimated Amount as the estimated amount of such Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution under a reorganization plan, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code</u>, by providing notice as described more fully in the Claims Objection Procedures Order.

Replies To Responses

51.    Replies to any Responses will be governed by the Claims Objection Procedures Order.

Service Of Thirty-First Omnibus Claims Objection Order

52.    Service of any order with regard to this Thirty-First Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

Further Information

53.    Questions about this Thirty-First Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Debtors' counsel by e-mail to delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to the Claims Agent at 1-888-249-2691 or www.delphidocket.com.  <u>Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

<u>Notice</u>

54.    Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 23, 2008 (Docket No. 13965).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

55.    Pursuant to the Claims Objection Procedures Order, the Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Thirty-First Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibits A</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, and <u>C</u> is attached hereto as <u>Exhibit G</u>.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibit D</u> is attached hereto as <u>Exhibit H</u>.  Claimants will receive a copy of this Thirty-First Omnibus Claims Objection without <u>Exhibits A</u> through <u>H</u> hereto.  Claimants will nonetheless be able to review <u>Exhibits A</u> through <u>H</u> hereto free of charge by accessing the Debtors' Legal Information Website (<u>www.delphidocket.com</u>).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          October 17, 2008

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP


                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606

                                      - and -

                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                      Thomas J. Matz
                                Four Times Square
                                New York, New York 10036

                                Attorneys for Delphi Corporation, et al.,
                                   Debtors and Debtors-in-Possession

**In re Delphi Corporation, et al.**   **Thirty-First Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - UNTIMELY EQUITY CLAIM

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ROBERT W ANDERSON ESTATE OF ANNE M ANDERSON PERSONAL REPRESENTATIVE 14611 MCGUIRE ST TAYLOR, MI 48180-4433 | 16824 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/29/2008 | DELPHI CORPORATION (05-44481) |
| | **Total:** **1** | **UNL** | | | |

**In re Delphi Corporation, et al.**   **Thirty-First Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT B-1 - BOOKS AND RECORDS CLAIM THAT IS SUBJECT TO PRIOR ORDER*

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ARGO PARTNERS<br>12 W 37TH ST 9TH FL<br>NEW YORK, NY 10018 | 1460 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$22,262.96<br>$22,262.96 | 01/06/2006 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **$22,262.96** | | |

Page 1 of 1

* The asserted and docketed Debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, the proof of claim on this Exhibit has been ordered modified with respect to the Debtor pursuant to a prior order on an omnibus claims objection. This Exhibit does not reflect the Debtor, classification, and amount as modified in the prior order.

In re Delphi Corporation, et al.                                    Thirty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CONTRARIAN FUNDS LLC<br>ATTN ALPA JIMENEZ<br>411 W PUTNAM AVE STE 225<br>GREENWICH, CT 06830 | 16386 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $168,862.08<br>$168,862.08 | 10/24/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| JENKINS WILLIAM M<br>105 MAGNOLIA LN<br>NOBLESVILLE, IN 46062 | 16797 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $174,063.76<br>$174,063.76 | 01/31/2008 | DELPHI CORPORATION (05-44481) |
| RALPH E TOLLIVER<br>4229 COLUMBIA RD<br>MEDINA, OH 44256 | 16826 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $477.34<br>$477.34 | 09/08/2008 | DELPHI CORPORATION (05-44481) |
| | **Total:** **3** | | **$343,403.18** | | |

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

**Thirty-First Omnibus Claims Objection**

## EXHIBIT B-3 - BOOKS AND RECORDS TAX CLAIM THAT IS SUBJECT TO PRIOR ORDER *

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ERIE COUNTY TREASURER<br>247 COLUMBUS AVE STE 115<br>SANDUSKY, OH 44870 | 11372 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $218,106.97<br><br><br><br>$218,106.97 | 07/27/2006 | DELPHI CORPORATION (05-44481) |
| | **Total:    1** | | **$218,106.97** | | |

* The asserted and docketed Debtor, classification, and amount is as asserted in the proof of claim filed with the Court. However, the proof of claim on this Exhibit has been ordered modified with respect to the Debtor and amount pursuant to a prior order on an omnibus claims objection. This Exhibit does not reflect the Debtor, classification, and amount as modified in the prior order.

**In re Delphi Corporation, et al.**                              **Thirty-First Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**EXHIBIT C - UNTIMELY CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GERALDINE R CATCHINGS HOLMES<br>6723 BARBADOS DR<br>HOUSTON, TX 77088 | 16823 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$26,573.61<br><br><br>$26,573.61 | 07/01/2008 | DELPHI CORPORATION (05-44481) |
| NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205-0300 | 16822 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$4,123.19<br><br>$621.56<br>$4,744.75 | 05/13/2008 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| Total: | 2 | $31,318.36 | | | |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Thirty-First Omnibus Claims Objection

**EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS\*\***

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODIFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 10703￼Date Filed: 07/25/2006￼Docketed Total: $ 1,380,747.26￼Filing Creditor Name and Address:￼ CAROLINA FORGE COMPANY￼ LLC EFT￼ PO BOX 370￼ WILSON, NC 27893 | Claim Holder Name and Address￼￼JPMORGAN CHASE BANK NA￼270 PARK AVE 17TH FL￼NEW YORK, NY 10017 | Docketed Total: | | **$1,380,747.26** | | | Modified Total: | **$1,110,146.77** |
| | Case Number*￼05-44640 | Secured | Priority￼$197,519.25 | Unsecured￼$1,183,228.01 | Case Number*￼05-44640 | Secured | Priority￼$197,519.25 | Unsecured￼$912,627.52 |
| | | | **$197,519.25** | **$1,183,228.01** | | | **$197,519.25** | **$912,627.52** |
| Claim: 2350￼Date Filed: 03/21/2006￼Docketed Total: $ 222,736.28￼Filing Creditor Name and Address:￼ FEDERAL SCREW WORKS￼ 20229 9 MILE RD￼ SAINT CLAIR SHORES, MI￼ 48080-1775 | Claim Holder Name and Address￼￼FEDERAL SCREW WORKS￼20229 9 MILE RD￼SAINT CLAIR SHORES, MI 48080-1775 | Docketed Total: | | **$222,736.28** | | | Modified Total: | **$211,647.27** |
| | Case Number*￼05-44481 | Secured | Priority￼$4,013.35 | Unsecured￼$218,722.93 | Case Number*￼05-44640 | Secured | Priority￼$4,013.35 | Unsecured￼$207,633.92 |
| | | | **$4,013.35** | **$218,722.93** | | | **$4,013.35** | **$207,633.92** |
| Claim: 1787￼Date Filed: 02/06/2006￼Docketed Total: $ 596,771.49￼Filing Creditor Name and Address:￼ UNIVERSAL BEARINGS INC￼ PO BOX 38￼ BREMEN, IN 46506 | Claim Holder Name and Address￼￼GOLDMAN SACHS CREDIT￼PARTNERS LP￼C/O GOLDMAN SACHS & CO￼30 HUDSON 17TH FL￼JERSEY CITY, NJ 07302 | Docketed Total: | | **$596,771.49** | | | Modified Total: | **$435,247.55** |
| | Case Number*￼05-44481 | Secured | Priority￼$132,614.03 | Unsecured￼$464,157.46 | Case Number*￼05-44640 | Secured | Priority￼$1,391.72 | Unsecured￼$433,855.83 |
| | | | **$132,614.03** | **$464,157.46** | | | **$1,391.72** | **$433,855.83** |
| | | | | | **Total Claims to be Modified: 3**￼￼**Total Amount as Docketed:  $2,200,255.03**￼￼**Total Amount as Modified:  $ 1,757,041.59** | | | |

\*    See Exhibit E for a listing of debtor entities by case number.

Page 1 of 1

\*\*    The asserted and docketed Debtor, classification, and amount reflected in the "Claim As Docketed" column on this Exhibit is as asserted in the proof of claim filed with the Court. However, each proof of claim on this Exhibit has been ordered modified with respect to the Debtor and/or classification and/or amount pursuant to prior omnibus claims objection orders. This Exhibit does not reflect the Debtor, classification, and amount as modified in prior omnibus claims objections orders.

In re Delphi Corporation, <u>et al.</u>                                    **Thirty-First Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**Exhibit E - Debtor Entity Reference**

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |
| 05-44639 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

Exhibit F - Claimants And Related Claims Subject To Thirty-First Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ARGO PARTNERS | 1460 | EXHIBIT B-1 - BOOKS AND RECORDS CLAIM THAT IS SUBJECT TO PRIOR ORDER |
| CAROLINA FORGE COMPANY LLC EFT | 10703 | EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS |
| CONTRARIAN FUNDS LLC | 16386 | EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS |
| ERIE COUNTY TREASURER | 11372 | EXHIBIT B-3 - BOOKS AND RECORDS TAX CLAIM THAT IS SUBJECT TO PRIOR ORDER |
| FEDERAL SCREW WORKS | 2350 | EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS |
| FHBC AMERICA INC | 16386 | EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS |
| GERALDINE R CATCHINGS HOLMES | 16823 | EXHIBIT C - UNTIMELY CLAIMS |
| GOLDMAN SACHS CREDIT PARTNERS LP | 1787 | EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS |
| JENKINS WILLIAM M | 16797 | EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS |
| JPMORGAN CHASE BANK NA | 10703 | EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS |
| METALBAGES SA | 1460 | EXHIBIT B-1 - BOOKS AND RECORDS CLAIM THAT IS SUBJECT TO PRIOR ORDER |
| NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE | 16822 | EXHIBIT C - UNTIMELY CLAIMS |
| RALPH E TOLLIVER | 16826 | EXHIBIT B-2 - UNTIMELY BOOKS AND RECORDS CLAIMS |
| ROBERT W ANDERSON | 16824 | EXHIBIT A - UNTIMELY EQUITY CLAIM |
| UNIVERSAL BEARINGS INC | 1787 | EXHIBIT D - MODIFIED CLAIMS ASSERTING RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS |

# Exhibit G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re                               :      Chapter 11
                                              :
DELPHI CORPORATION, et al.,       :      Case No. 05-44481 (RDD)
                                              :
                    Debtors.       :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders (the "Thirty-First Omnibus Claims Objection"), dated October 17, 2008, a copy of which is enclosed (without exhibits).  The Debtors' Thirty-First Omnibus Claims Objection is set for hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-FIRST OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Thirty-First Omnibus Claims Objection identifies six different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

       The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim filed by a holder of Delphi common stock solely on account of stock holdings and was untimely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing

Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Books And Records Claim That Is Subject To Prior Order" asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are Claims that (i) assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and (ii) were not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim That Is Subject To Prior Order" is a Claim filed by a taxing authority that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation That Are Subject To Prior Orders" are those Claims, each of which is subject to a prior order of the Bankruptcy Court, that the Debtors have determined (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims and/or (ii) were filed and docketed against the wrong Debtor and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
|  |  |  |  |  |

If you wish to view the complete exhibits to the Thirty-First Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Thirty-First Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT

2

CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR
CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES
FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND
PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE
"CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT
ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE
CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING
SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY
THE TERMS OF THAT ORDER.

If you disagree with the Thirty-First Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern
Time) on November 14, 2008. Your Response, if any, to the Thirty-First Omnibus Claims Objection must
(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules
for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be
served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)
and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive,
Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon
which you will rely in opposing the Thirty-First Omnibus Claims Objection, (iv) unless already set forth
in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie
right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise
protected information in the Response; provided further, however, that you must disclose to the Debtors
all information and provide copies of all documents that you believe to be confidential, proprietary, or
otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the
Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable
amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and
(vi) the address(es) to which the Debtors must return any reply to the Response, if different from the
address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such
Response will automatically be adjourned from the November 21, 2008 hearing date to a future date to be
set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the

3

Debtors have requested that the Court conduct a final hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION UNDER A REORGANIZATION PLAN.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        October 17, 2008

# Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

In re                        :     Chapter 11
                          :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                          :

              Debtors.     :     (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders (the "Thirty-First Omnibus Claims Objection"), dated October 17, 2008, a copy of which is enclosed (without exhibits).  The Debtors' Thirty-First Omnibus Claims Objection is set for hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-FIRST OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Thirty-First Omnibus Claims Objection identifies six different categories of objections.  The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

       The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a Claim filed by a holder of Delphi common stock solely on account of stock holdings and was untimely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing

Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Books And Records Claim That Is Subject To Prior Order" asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are Claims that (i) assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and (ii) were not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim That Is Subject To Prior Order" is a Claim filed by a taxing authority that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation That Are Subject To Prior Orders" are those Claims, each of which is subject to a prior order of the Bankruptcy Court, that the Debtors have determined (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims and/or (ii) were filed and docketed against the wrong Debtor and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2

If you wish to view the complete exhibits to the Thirty-First Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirty-First Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-First Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on November 14, 2008. Your Response, if any, to the Thirty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirty-First Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and

3

(vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

   If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the November 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time).

   IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION UNDER A REORGANIZATION PLAN.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

   The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

             [Claimant Name]
             [Address 1]
             [Address 2] [Address 3]
             [City], [State] [Zip]
             [Country]

Dated:  New York, New York
   October 17, 2008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                             :          Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :          Case No. 05-44481 (RDD)
                                              :
                   Debtors.        :          (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 (I) DISALLOWING AND EXPUNGING CERTAIN CLAIMS
INCLUDING (A) AN UNTIMELY EQUITY CLAIM, (B) A BOOKS AND
RECORDS CLAIM THAT IS SUBJECT TO PRIOR ORDER, (C)
UNTIMELY BOOKS AND RECORDS CLAIMS, (D) A BOOKS AND
RECORDS TAX CLAIM THAT IS SUBJECT TO PRIOR ORDER, AND (E)
UNTIMELY CLAIMS AND (II) MODIFYING CLAIMS ASSERTING
RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS IDENTIFIED
IN THIRTY-FIRST OMNIBUS CLAIMS OBJECTION

("THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is

Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax

Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting

Reclamation That Are Subject To Prior Orders, dated October 17, 2008 (the "Thirty-First

Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-
First Omnibus Claims Objection.

"Debtors"); and upon the record of the hearing held on the Thirty-First Omnibus Claims

Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A, B-1, B-2, B-3, C, and D hereto was properly and timely

served with a copy of the Thirty-First Omnibus Claims Objection, a personalized Notice Of

Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order

granting the Thirty-First Omnibus Claims Objection, and notice of the deadline for responding to

the Thirty-First Omnibus Claims Objection.  No other or further notice of the Thirty-First

Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Thirty-First Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-First Omnibus Claims Objection

is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirty-First

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claim listed on Exhibit A hereto was filed by a holder of Delphi

common stock solely on account of such holder's stock holdings and was untimely filed pursuant

to the Bar Date Order (the "Untimely Equity Claim").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.      The Claim listed on <u>Exhibit B-1</u> hereto contains a liability or dollar amount that is not reflected on the Debtors' books and records and was also subject to a prior order of this Court (the "Books And Records Claim That Is Subject To Prior Order").

E.      The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

F.      The Claim listed on <u>Exhibit B-3</u> hereto, which was filed by a taxing authority, asserts a liability or dollar amount that is not reflected on the Debtors' books and records and was also subject to a prior order of this Court (the "Books And Records Tax Claim That Is Subject To Prior Order").

G.      The Claims listed on <u>Exhibit C</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

H.      The Claims listed on <u>Exhibit D</u> hereto were modified pursuant to prior orders of this Court and (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain

reserved defenses with respect to the reclamation demand are valid (the "Modified Claims

Asserting Reclamation That Are Subject To Prior Orders").

        I.      The relief requested in the Thirty-First Omnibus Claims Objection and

granted herein is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest.

        NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

        1.      The Untimely Equity Claim listed on Exhibit A hereto is hereby

disallowed and expunged in its entirety.

        2.      The Books And Records Claim That Is Subject To Prior Order listed on

Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

        3.      Each of the Untimely Books And Records Claims listed on Exhibit B-2

hereto is hereby disallowed and expunged in its entirety.

        4.      The Books And Records Tax Claim That Is Subject To Prior Order listed

on Exhibit B-3 hereto is hereby disallowed and expunged in its entirety.

        5.      Each of the Untimely Claims listed on Exhibit C hereto is hereby

disallowed and expunged in its entirety.

        6.      Each "Claim As Docketed" amount, classification, and Debtor listed on

Exhibit D hereto is hereby revised to reflect the amount, classification, and Debtor listed as the

"Claim As Modified."  No Claimant listed on Exhibit D hereto shall be entitled to (a) recover any

Modified Claim Asserting Reclamation That Is Subject To Prior Order in an amount exceeding

the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that

is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim

4

against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit</u> <u>D</u> hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation That Is Subject To Prior Order.  The Modified Claims Asserting Reclamation That Are Subject To Prior Orders shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

7.    For clarity, <u>Exhibit E</u> hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit D</u>.  <u>Exhibit F</u> sets forth each of the Claims referenced on <u>Exhibits A</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, <u>C</u>, and <u>D</u> in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

8.    Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-First Omnibus Claims Objection.

9.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

10.    This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-First Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11.    Each of the objections by the Debtors to each Claim addressed in the Thirty-First Omnibus Claims Objection and attached hereto as <u>Exhibits A</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, <u>C</u>, and <u>D</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-First Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter

which involves such Claim and shall not act to stay the applicability or finality of this order with

respect to the other contested matters covered hereby.

12.    Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.

13.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Thirty-First Omnibus Claims

Objection.


Dated: New York, New York
       November ___, 2008


_____
       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT E

Delphi Corporation

Thirty-First Omnibus Claims Objection

Exhibit A Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
| Estate of Robert W Anderson | Anne M Anderson Personal Representative 14611 Mcguire St Taylor, MI 48180-4433 | 7/29/08 | 16824 | $0.00 | Untimely Equity Claim | Disallow and Expunge |

Delphi Corporation

Thirty-First Omnibus Claims Objection

Exhibit B-1 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
| Argo Partners | Argo Partners 12 W 37th St 9th Fl New York, NY 10018 | 1/6/06 | 1460 | $22,262.96 | Books And Records Claim That Is Subject To Prior Order | Disallow and Expunge |
| Argo Partners | Kasowitz Benson Torres & Friedman LLP David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman 1633 Broadway 22nd Fl New York, NY 10019 | 1/6/06 | 1460 | $22,262.96 | Books And Records Claim That Is Subject To Prior Order | Disallow and Expunge |

Delphi Corporation
Thirty-First Omnibus Claims Objection
Exhibit B-2 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
| Contrarian Funds LLC | Attn Alpa Jimenez<br>411 W Putnam Ave Ste 225<br>Greenwich, CT 06830 | 10/24/06 | 16386 | $168,862.08 | Untimely Books And Records Claims | Disallow and Expunge |
| Contrarian Funds LLC | Kasowitz Benson Torres & Friedman LLP<br>David S Rosner Adam L Shiff Daniel N Zinman<br>Daniel A Fliman<br>1633 Broadway 22nd Fl<br>New York, NY 10019 | 10/24/06 | 16386 | $168,862.08 | Untimely Books And Records Claims | Disallow and Expunge |
| Jenkins William M | 105 Magnolia Ln<br>Noblesville, IN 46062 | 1/31/08 | 16797 | $174,063.76 | Untimely Books And Records Claims | Disallow and Expunge |
| Ralph E Tolliver | 4229 Columbia Rd<br>Medina, OH 44256 | 9/8/08 | 16826 | $477.34 | Untimely Books And Records Claims | Disallow and Expunge |

10/21/2008 10:43 AM
Omni 31 Exhibits A - C Service List

Delphi Corporation

Thirty-First Omnibus Claims Objection

Exhibit B-3 Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
| Erie County Treasurer | Erie County Treasurer 247 Columbus Ave Ste 115 Sandusky, OH 44870 | 7/27/06 | 11372 | $218,106.97 | Books And Records Tax Claim That Is Subject To Prior Order | Disallow and Expunge |

Delphi Corporation
Thirty-First Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Treatment of Claim |
| Geraldine R Catchings Holmes | 6723 Barbados Dr Houston, TX 77088 | 7/1/08 | 16823 | $26,573.61 | Untimely Claims | Disallow and Expunge |
| New York State Department of Taxation and Finance | Bankruptcy Section PO Box 5300 Albany, NY 12205-0300 | 5/13/08 | 16822 | $4,744.75 | Untimely Claims | Disallow and Expunge |

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
(A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely
Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E)
Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders (the
"Thirty-First Omnibus Claims Objection"), dated October 17, 2008, a copy of which is enclosed (without
exhibits).  The Debtors' Thirty-First Omnibus Claims Objection is set for hearing on November 21, 2008
at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy
Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York
10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-FIRST OMNIBUS CLAIMS
OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS'
OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER
14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE
ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER
NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Thirty-First Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a
        Claim filed by a holder of Delphi common stock solely on account of stock holdings and

was untimely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Books And Records Claim That Is Subject To Prior Order" asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are Claims that (i) assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and (ii) were not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim That Is Subject To Prior Order" is a Claim filed by a taxing authority that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation That Are Subject To Prior Orders" are those Claims, each of which is subject to a prior order of the Bankruptcy Court, that the Debtors have determined (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims and/or (ii) were filed and docketed against the wrong Debtor and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim |
|:---:|:---:|:---:|:---:|:---:|
| ❸ | ❹ | ❺ | ❻ | ❼ |

If you wish to view the complete exhibits to the Thirty-First Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirty-First Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com,

2

by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-First Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on November 14, 2008. Your Response, if any, to the Thirty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirty-First Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

3

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the November 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.  PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION UNDER A REORGANIZATION PLAN.  YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE.  THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        October 17, 2008

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
          In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.        Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.      Every Response must contain at a minimum the following:

        (a)      the title of the claims objection to which the Response is directed;

        (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

        (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)      to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)      the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.      Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.      To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.      The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

7.    Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

8.    Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

9.    The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

(a)    Adjournment Of Claims Hearing.

(i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)    <u>Sufficiency Hearing Procedures</u>.

(i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)    <u>Mandatory Meet And Confer</u>.

(i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)        If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)        The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)        The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)        Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided</u> <u>further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

(f)    <u>Debtors' Supplemental Reply</u>.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); <u>provided</u>, <u>however</u>, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; <u>provided</u> <u>further</u>, <u>however</u>, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; <u>provided</u>, <u>however</u>, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    <u>Mandatory Non-Binding Summary Mediation</u>.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)    Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10. The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11. With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12. The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.     Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        December 6, 2006


                            _____/s/Robert D. Drain_____
                            UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                       Debtors.           :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

        PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
            _____ _, 200_

                        BY ORDER OF THE COURT

                        John Wm. Butler, Jr. (JB 4711)
                        John K. Lyons (JL 4951)
                        Ron E. Meisler (RM 3026)
                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP
                        333 West Wacker Drive, Suite 2100
                        Chicago, Illinois  60606
                        (312) 407-0700

                          - and -

                        Kayalyn A. Marafioti (KM 9632)
                        Thomas J. Matz (TM 5986)
                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
      In re                         :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,       :     Case No. 05-44481 (RDD)
                                        :
               Debtors.    :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

         PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
           _____ _, 200_

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

By: _____
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By: _____
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
       Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                       Debtors.           :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
        _____ _, 200_

                            SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM LLP

                            By:_____
                                John Wm. Butler, Jr. (JB 4711)
                                John K. Lyons (JL 4951)
                                Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois  60606
                            (312) 407-0700

                            By:___ _____
                                Kayalyn A. Marafioti (KM 9632)
                                Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

<u>EXHIBIT D</u>

<u>LIST OF MEDIATORS</u>

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

　　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　:
　　　　In re　　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, et al.,　　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Debtors.　　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

　　　　　　　　PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.


Dated:  New York, New York
        _____ \_, 200\_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:_____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

3

# EXHIBIT H

Delphi Corporation
Thirty-First Omnibus Claims Obection
Exhibit D Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis for Objection | Correct Debtor | Modified Amount | Modified Nature | Correct Debtor2 | Modified Amount2 | Modified Nature2 |
| Goldman Sachs Credit Partners LP | Attn Pedro Ramirez c/o Goldman Sachs & Co 30 Hudson 17th Fl Jersey City, NJ 07302 | 2/6/06 | 1787 | $596,771.49 | Modified Claims Asserting Reclamation That Are Subject To Prior Orders | 05-44640 | $1,391.72 | Priority | 05-44640 | $433,855.83 | General Unsecured |
| Federal Screw Works | 20229 9 Mile Rd Saint Clair Shores, MI 48080-1775 | 3/21/06 | 2350 | $222,736.28 | Modified Claims Asserting Reclamation That Are Subject To Prior Orders | 05-44640 | $4,013.35 | Priority | 05-44640 | $207,633.92 | General Unsecured |
| JPMorgan Chase Bank NA | Neelima Veluvolu 270 Park Ave 17th Fl New York, NY 10017 | 7/25/06 | 10703 | $1,380,747.26 | Modified Claims Asserting Reclamation That Are Subject To Prior Orders | 05-44640 | $197,519.25 | Priority | 05-44640 | $912,627.52 | General Unsecured |
| JPMorgan Chase Bank NA | JPMorgan Chase Bank NA Attn Susan McNamara Legal Dept Mail Code NY1 A436 1 Chase Manhattan Plz 26th Fl New York, NY 10081 | 7/25/06 | 10703 | $1,380,747.26 | Modified Claims Asserting Reclamation That Are Subject To Prior Orders | 05-44640 | $197,519.25 | Priority | 05-44640 | $912,627.52 | General Unsecured |

10/21/2008 10:44 AM
Omni 31 Exhibit D Service List

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
        In re                                       :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :       Case No. 05-44481 (RDD)
                                                    :
                            Debtors.                :       (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice.  According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases.  Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be
disallowed and expunged or modified as summarized in that table and described in more detail in the
Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
(A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely
Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To Prior Order, (E)
Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders (the
"Thirty-First Omnibus Claims Objection"), dated October 17, 2008, a copy of which is enclosed (without
exhibits).  The Debtors' Thirty-First Omnibus Claims Objection is set for hearing on November 21, 2008
at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy
Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York
10004.  AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-FIRST OMNIBUS CLAIMS
OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS'
OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER
14, 2008.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE
ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER
NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Thirty-First Omnibus Claims Objection identifies six different categories of
objections.  The category of claim objection applicable to you is identified in the table below in the
column entitled "Basis For Objection":

        The Claim identified as having a Basis For Objection of "Untimely Equity Claim" is a
        Claim filed by a holder of Delphi common stock solely on account of stock holdings and

was untimely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

The Claim identified as having a Basis For Objection of "Books And Records Claim That Is Subject To Prior Order" asserts liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Books And Records Claims" are Claims that (i) assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and (ii) were not timely filed pursuant to the Bar Date Order.

The Claim identified as having a Basis For Objection of "Books And Records Tax Claim That Is Subject To Prior Order" is a Claim filed by a taxing authority that asserts a liability or dollar amount that the Debtors have determined is not owing pursuant to the Debtors' books and records and is subject to a prior order of the Bankruptcy Court.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of "Modified Claims Asserting Reclamation That Are Subject To Prior Orders" are those Claims, each of which is subject to a prior order of the Bankruptcy Court, that the Debtors have determined (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims and/or (ii) were filed and docketed against the wrong Debtor and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses with respect to the reclamation demand are valid.

| Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |
| | | | | ❿ | ⓫ | ⓬ |

2

If you wish to view the complete exhibits to the Thirty-First Omnibus Claims Objection, you can do so at www.delphidocket.com.  If you have any questions about this notice or the Thirty-First Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-First Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern Time) on November 14, 2008. Your Response, if any, to the Thirty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirty-First Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the

3

Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the November 21, 2008 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on November 21, 2008 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION UNDER A REORGANIZATION PLAN. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        October 17, 2008

4