# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: :
: :
In re : Chapter 11
: :
DELPHI CORPORATION, et al., : Case No. 05–44481 (RDD)
: :
Debtors. : (Jointly Administered)
: :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 9540
(HOLLINGSWORTH & VOSE CO.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems, LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Hollingsworth & Vose Co. ("Hollingsworth") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12197 (Hollingsworth & Vose Co.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 11, 2005, Hollingsworth submitted a demand to the Debtors asserting a reclamation claim in the amount of $8,455.44 (the "Reclamation Demand").

WHEREAS, on July 14, 2006, Hollingsworth filed proof of claim number 9540 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $39,111.67 (the "Claim") stemming from the sale of goods.

WHEREAS on April 24, 2006, the Debtors and Hollingsworth entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Hollingsworth acknowledge and agree that the valid amount of the Reclamation Demand is $5,984.96 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Hollingsworth's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And

2

Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject to Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

  WHEREAS, on May 24, 2007, Hollingsworth filed its Hollingsworth & Vose Co.'s Response To Debtors' Objection To Claim No. 9540 (Docket No. 8036) (the "Response").

  WHEREAS, on May 30, 2007, Hollingsworth withdrew its Response pursuant to its filing of the Withdrawal Of Hollingsworth & Vose Co.'s Response to Debtors' Objection To Claim No. 9540 (Docket No. 8102).

  WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Hollingsworth with respect to the Reclamation Claim, whereby the Debtors presented Hollingsworth with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to

3

administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which Hollingsworth is seeking a Reclamation Claim are or were subject to a valid security interest ( the "Prior Lien Defense").

WHEREAS, Hollingsworth failed to return the Reclamation Election Notice. Thus, pursuant to the Second Amended Reclamation Order, the Debtors reserve the right to assert that Hollingsworth has been deemed to have waived its right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim, the Debtors and Hollingsworth entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed in the amount of $15,157.96 as an allowed general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Hollingsworth stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $15,157.96 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Allowance of the Claim is in full satisfaction of the Claim and

4

Hollingsworth, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Hollingsworth Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The Hollingsworth Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Hollingsworth Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

So Ordered in New York, New York, this _____ day of November, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Peter Nils Baylor |
| John Wm. Butler, Jr. | Peter Nils Baylor |
| John K. Lyons | NUTTER, MCCLENNEN & FISH, LLP |
| Ron E. Meisler | World Trade Center West |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 155 Seaport Boulevard |
| | Boston, Massachusetts 02210 |
| 333 West Wacker Drive, Suite 2100 | (617) 439-2000 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | Attorneys for Hollingsworth & Vose Co. |

    - and –

 Kayalyn A. Marafioti
 Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession