## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE:                                        CASE NO.   05-44481 (RDD)

**DELPHI CORPORATION, et al.**

DEBTOR                                        CHAPTER 11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### BRIEF IN SUPPORT OF MOTION TO ALLOW LATE FILED CLAIM

Through undersigned counsel, the Louisiana Department of Revenue, hereinafter referred to as the "Department", submits the following brief in support of its Motion to Allow Late Filed Claim.

### FACTS

The Department filed claim number 16707 in the amount of $7,436.36 on September 7, 2007.  The entirety of claim number 16707 is a priority tax claim for the balance of the Louisiana corporation income/franchise taxes and interest through the date of the petition on that balance owed by Delco Electronics, LLC, (now Delphi Automotive Systems, LLC) for the tax period ending 12/31/2002 based on the tax return filed by the debtor, after credit for a payment of $197,269.00.  The Department admits that its claim was filed after the July 31, 2006 bar date established for pre-petition claims; however, the Department avers that its claim was filed late due to excusable neglect within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

### ISSUE

Was the Department's claim number 16707 filed late due to excusable neglect within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure?

LAW AND ARGUMENT

The Department avers that the claim was untimely filed on the basis of excusable neglect within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing, if the movant's failure to comply with an earlier deadline was the result of excusable neglect. *Pioneer Inv. Services. Co. v. Brunswick Assoc. Ltd. Partnership, et al.*, 113 S. Ct. 1489, 1491-92 (1993). However, Congress provided no guideposts for determining what sorts of neglect would be considered excusable. *Id.* at 1498. The Supreme Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." *Id.* at 1495. The Supreme Court concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.* at 1498. The relevant circumstances recited by the court include: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

The Department avers that the claim was not timely filed because the notice provided of the bar date was insufficient to give the Department notice of the inclusion of the entity by which the debt was owed in the jointly administered cases and/or of the bar date. Similarly, the schedules filed with the court did not contain the account numbers for the debts that were disputed by the debtor.

The notice of commencement and the notice referred to in the objection to claims did not provide the Department with the account number for the entity that owed the debt. Neither the

notice of commencement nor the notice referred to in the objection to claim contained the former name of the entity which owed the Department the debt.

The notice of commencement contained approximately 40 entities and federal tax identification numbers, none of which were the name of any entity that owed the Department the debt for 2002 Louisiana corporation income/franchise taxes for which the Department ultimately filed its claim.    Included in the list of entities was "Delphi Automotive Systems (Holding), LLC," not "Delphi Automotive Systems, LLC, formerly known as or doing business as Delco Electronics, LLC" (under which it was operated and doing business at the time it incurred the debt to the Department for the tax period 12/31/2002).

Further, the Notice of Commencement was sent to an incorrect division of the Department.  The Notice of Commencement was sent to "Louisiana Department of Revenue, Acct of Ida W. Lee, Levy 436726792, Post Office Box 31705 (Attn: M. Eddins), Shreveport, LA 43872-6792" rather than to the Lake Charles Regional Office at Post Office Box 3702, Lake Charles, Louisiana 70602 and/or the Collections Division for the Louisiana Department of Revenue, Post Office Box 66658, Baton Rouge, Louisiana 70896.

The Louisiana Department of Revenue, Collections Division, Bankruptcy Section did not learn until on or about August 21, 2007 that Delco Electronics Corporation had become Delco Electronics LLC, a single member limited liability company whose sole member was Delphi Corporation or that on September 30, 2005, Delco Electronics, LLC was liquidated, becoming a division of DELPHI AUTOMOTIVE SYSTEMS, LLC.  Upon learning of this, the Louisiana Department of Revenue filed a claim for the amount owed by the former corporation, including interest through the date the Chapter 11 petition was filed.  The Department learned this as a result of a notice of intended seizure to Delco Electronics, LLC, GM Payroll Service, for the debt

in question.  The Department sent this notice on May 9, 2007 from its Lake Charles Regional

Office, Post Office Box 3702, Lake Charles, Louisiana  70602.  This notice included a payment

address of Post Office Box 207, Baton Rouge, Louisiana 70821-0201.  The debtor responded

with a letter[1] dated May 16, 2007 to the payment address where at the time of year in question

the Department gets on average anywhere between 15,000 and 25,000 pieces of mail.  State

individual income tax returns are due in Louisiana on or about May 15th.  This was the height of

tax season.  The correspondence in question did not reach the Collections Division, Bankruptcy

Section until August 21, 2007.  At that time, Vernette LeJeune, the Department's Revenue Tax

Specialist assigned to review the correspondence, contacted the debtor's tax specialist, Lee

Matthews and ultimately mailed a claim on September 4, 2007.[2]  Subsequent to filing the claim,

the Department's Bankruptcy Section requested that the Department's Legal Division file a

Motion to Allow Late filed Claim.[3]

CONCLUSION

The Department's claim is prima facie correct as the debtor has not challenged the

correctness of the amount of the Department's claim, only the timeliness of the filing.  The

Department bears the burden of proof as to why the claim should not be disallowed on that basis

alone.  The claim is based on the debtor's filed tax return and the debtor bears the burden of

proving why the balance alleged to be owed should not be paid, if the Court should allow the

claim based on Rule 9006(B).

For these reasons, the Department respectfully requests that its claim No. 16707 be

allowed as late filed.  As the notice provided to the Department was defective or insufficient to

---

[1]  See Lee Matthews' letter dated May 16, 2007 attached as Exhibit A

[2]  See Vernette LeJeune's Affidavit attached as Exhibit B

[3]  See Vernette LeJeune's Case Log Sheet attached as Exhibit C

place the Department on notice that the entity in question that owed the debt to the Department was included in the filings and/or was sent to inappropriate addresses, the Department prays that the debtor's and/or debtor-in-possession's objection to claim 16707 will be denied, and that the Department's claim will be allowed as a late filed claim pursuant to Rule 9006(B) of the Federal Rules of Bankruptcy Procedure on the basis of excusable neglect.

Respectfully submitted by:

/s/ David M. Hansen
David M. Hansen, La. Bar Roll No. 26916
Florence Bonaccorso-Saenz, La. Bar Roll No. 25493
Louisiana Department of Revenue
Legal Division
617 North Third Street
Baton Rouge, Louisiana 70802
Post Office Box 4064
Baton Rouge, Louisiana 70821
Telephone (225) 219-2084
Facsimile (225) 231-6235

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that electronic notice of the electronic filing of the above and foregoing has been sent to all parties who are registered participants in the Electronic Case Filing System; and that a copy of the above and foregoing has been sent to Lisa B. Diaz, attorney for the Debtors, via U.S. Mail, postage prepaid and properly addressed.

Signed in Baton Rouge, Louisiana, on this 3rd day of November, 2008.

__/s/ David M. Hansen___
David M. Hansen