TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :    Chapter 11
DELPHI CORPORATION, *et al.*,                               :    Case No. 05-44481 [RDD]
                                                            :
                        Debtors.                            :    Jointly Administered
                                                            :
------------------------------------------------------------x

# JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 2402 (MOTOROLA, INC. A/K/A MOTOROLA AIEG/LONGACRE MASTER FUND, LTD.)

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), Temic Automotive of North America, Inc. ("Temic"), as assignee of Motorola, Inc. a/k/a Motorola AIEG ("Motorola"), Motorola and Longacre Master Fund, Ltd. ("Longacre") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 2402 and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** by letter dated October 11, 2005, Motorola made a reclamation demand in the amount of $2,460,482.10, seeking the return of certain goods it asserted had been delivered to the Debtors within ten (10) days prior to the Petition Date (the "Reclamation Demand"); and

**WHEREAS,** on March 24, 2006, Motorola filed proof of claim number 2402 (the "Claim") against Delphi Automotive Systems LLC ("DAS LLC"), asserting a claim of $2,537,512.52 consisting of: (i) an unsecured non-priority claim in the amount of $1,787,025.08 (the "Unsecured Claim") and (ii) a secured claim pursuant to section 507(a)(1) of the Bankruptcy Code in the amount of $750,487.44 based on goods which Motorola asserted remained subject to the Reclamation Demand (the "Reclamation Claim"); and

**WHEREAS,** Motorola subsequently transferred the Claim to Longacre as evidenced by those certain Notices of Transfer filed on June 2, 2006 (Docket No. 4015); and

**WHEREAS,** on June 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not

2

05-44481-rdd    Doc 14404    Filed 11/06/08    Entered 11/06/08 16:31:36    Main Document
Pg 3 of 9

Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection"); and

**WHEREAS,** on July 6, 2007, Motorola filed the Response of Motorola, Inc. To The Debtors' Seventeenth Omnibus Objection To Claims (Docket No. 8482) (the "Response"); and

**WHEREAS,** on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Motorola with respect to the Reclamation Claim, whereby the Debtors asserted that the amount of the Reclamation Claim was $39,060 and presented Motorola with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' reserved defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which the

3

Motorola is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense");  and

**WHEREAS,** Motorola failed to return the Reclamation Election Notice and, consequently, pursuant to the Second Amended Reclamation Order, Motorola has been deemed to have waived its right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim;  and

**WHEREAS,** on December 21, 2007, the Debtors served plan cure notices on Temic, proposing a cure amount of $2,255,696.88 based on the Debtors' assumption of P.O. number SAG90I4704, which was issued under the Long Term Contract between DAS LLC acting through its Saginaw Steering Systems Division and Motorola, with a term of 2003 - 2009 for OEM production and calendar years 2010 - 2024 for 15 - year service requirements and an execution date of March 21, 2001 ( " Contract Two " ), in connection with the divestiture of the Debtors' steering and halfshaft business pursuant to the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures for Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 12359) (the "Solicitation Procedures Order");  and

**WHEREAS,** by Order dated March 14, 2008, this Court ordered that

4

Motorola and its assignee Temic were deemed to have elected to receive a cash cure payment in the amount of $2,255,696.88 based on the Debtors' assumption of Contract Two  (Docket No. 13119);  and

**WHEREAS,** on March 31, 2008, the Debtors served a cure notice on Motorola pursuant to the Order Under 11 U.S.C. §§ 105(a) And 365 And Fed. R. Bankr. P. 6006 (I) Establishing Procedures For Assumption And Assignment Of Certain Omitted Executory Contracts And Unexpired Leases In Connection With Sale Of Debtors' Steering And Halfshaft Business And (II) Authorizing Recovery Of Excess Discount Rights (Docket No. 13232) (the "Omitted Contracts Assumption Procedures Order"), proposing, <u>inter</u> <u>alia</u>, a cure amount of $0.00 in connection with the assumption of the Contract Two;  and

**WHEREAS,** on April 9, 2008, Temic filed the Objection Of Temic Automotive of North America, Inc. To The Debtors' Notice Of Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13343);  and

**WHEREAS,** on April 28, 2008, the Debtors filed an Amended Notice Of Assumption And Assignment Of Executory Contracts In Connection With Sale of Steering And Halfshaft Business (Temic Automotive of North America, Inc.) (Docket No. 13468);  and

**WHEREAS,** on April 28, 2008, Temic filed the Notice Of Withdrawal Of Objection Of Temic Automotive Of North America, Inc. To The Debtors' Notice Of

5

Assumption And Assignment And Cure Amount Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13470); and

**WHEREAS,** on October 29, 2008, to resolve the Seventeenth Omnibus Claims Objection with respect to the Claim, DAS LLC, Temic and Longacre entered into a settlement agreement (the "Settlement Agreement"); and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $2,516,096.88 as a general unsecured non-priority claim, $2,255,696.88 (the "Cure Amount") of which will be paid in cash to Temic as a cure payment with respect to the assumption of Contract Two ; and

**WHEREAS,** DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

**NOW, THEREFORE,** in consideration of the foregoing, the Debtors, Temic, Motorola and Longacre stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $2,516,096.88 and, with exception solely of the Cure Amount, which shall be paid in cash to Temic, shall be treated as an allowed general unsecured non-priority claim against the estate of DAS

6

LLC.

2. The Reclamation Demand and the Response are hereby withdrawn with prejudice.

3. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the Cure Amount paid on account of the assumption of Contract Two, pursuant to section 365 of the Bankruptcy Code.

4. This Stipulation does not impact, alter or affect any other proofs of claim that Temic or Longacre have on file against the Debtors and relates solely to those

matters arising out of or related to the Claim.

Dated:  New York, New York
        November 4, 2008

                                      DELPHI CORPORATION, *et al.*,
                                      Debtors and Debtors-in-Possession,
                                      By their Bankruptcy Conflicts Counsel,
                                      TOGUT, SEGAL & SEGAL LLP,
                                      By:

                                      /s/ Neil Berger
                                      NEIL BERGER (NB-3599)
                                      A Member of the Firm
                                      One Penn Plaza, Suite 3335
                                      New York, New York 10119
                                      (212) 594-5000


Dated:  Chicago, Illinois
        October 28, 2008

                                      TEMIC AUTOMOTIVE OF NORTH
                                      AMERICA, INC. and MOTOROLA, INC.
                                      A/K/A MOTOROLA AIEG,
                                      By their Counsel,
                                      MCDERMOTT WILL & EMERY LLP
                                      By:

                                      /s/ Peter A. Clark
                                      PETER A. CLARK
                                      227 West Monroe Street
                                      Chicago, Illinois 60606
                                      (312) 372-2000


*[Signatures concluded on following page]*

Dated: New York, New York
October, 2008

                LONGACRE MASTER FUND, LTD.,
                By:

                /s/ Vladimir Jelisavcic
                VLADIMIR JELISAVCIC
                810 Seventh Avenue, 33rd Floor
                New York, New York 10019
                (212) 259-4305

**SO ORDERED**

This 6th day of November, 2008
in New York, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

9