**Hearing Date and Time: November 18, 2008 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: November 14, 2008 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Debtors. | : |

**DEBTORS' SUPPLEMENTAL REPLY TO DAVID WOHLEEN'S RESPONSE TO DEBTORS' THIRTIETH OMNIBUS OBJECTION REGARDING PROOF OF CLAIM NO. 12363**

("SUPPLEMENTAL REPLY TO THE RESPONSE OF DAVID WOHLEEN")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit the Debtors' Supplemental Reply To David Wohleen's Response To Debtors' Thirtieth Omnibus Objection Regarding Proof of Claim No. 12363 (the "Supplemental Reply"),[1] and respectfully represent as follows:

Preliminary Statement

1.    David Wohleen, a former executive, retired from Delphi on June 1, 2006. On July 28, 2006, Mr. Wohleen filed proof of claim number 12363 (the "Proof of Claim") asserting an unsecured nonpriority claim in an unliquidated amount arising from certain compensation and benefits items allegedly accrued while Mr. Wohleen was employed at Delphi. Specifically, the Proof of Claim asserts that Mr. Wohleen is entitled to recover amounts in connection with the Supplemental Employee Retirement Plan ("SERP"), stock options granted between February 1997 and May 2004, restricted stock units granted between January 2002 and March 2005, the Benefit Equalization Plan ("BEP"), Supplemental Life Benefits, and the retiree Personal Umbrella Liability Insurance ("PULI"). The Proof of Claim has no merit, however, because (i) Mr. Wohleen is not a participant in the SERP and (ii) on April 20, 2006, Mr. Wohleen executed a release of all claims asserted in the Proof of Claim against the Debtors based on his employment with and separation from Delphi (the "Release").[2]

---

[1]    The Debtors' submission of this Supplemental Reply is without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Proof of Claim.

[2]    The Release contains information that the Debtors have determined is confidential. Consistent with the procedures set forth in paragraph 9(f)(ii) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims entered by this Court December 6, 2006 (Docket No. 6089) regarding confidential information disclosed in supplemental pleadings filed prior to evidentiary hearings on contested claims, the Debtors are not attaching the Release to this

*(cont'd)*

        2.      On June 27, 2008, the Debtors objected to the Proof of Claim on the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection"). In the Thirtieth Omnibus Claims Objection, the Debtors, among other things, sought an order disallowing and expunging the Proof of Claim.

        3.      On July 23, 2008, Mr. Wohleen filed his Response Of David Wohleen To Debtors' Thirteenth [sic] Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject Modification, Claim No. 12363 (Docket No. 13960) (the "Response"). In the Response, Mr. Wohleen disagrees with the Thirtieth Omnibus Claims Objection to disallow the Proof of Claim and asserts that the Debtors have failed to meet their burden of proof for rebutting the Proof of Claim. Mr. Wohleen does not submit further documentation with the Response, but reattaches his proof of claim, including its supporting documentation.

        4.      On October 21, 2008, the Debtors filed a Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proof Of Claim No. 12363 (David Wohleen) (Docket No. 14360) in which the Debtors provided notice that the Thirtieth Omnibus Claims Objection with respect to the Proof of Claim will be heard at a sufficiency hearing on November 18, 2008.

---

*(cont'd from previous page)*
    Supplemental Reply, but will make it available upon request to parties-in-interest, subject to appropriate nondisclosure confidentiality constraints.

5.      The Debtors respectfully submit that the Proof of Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  First, Mr. Wohleen is not entitled to any benefits from the SERP because he was not qualified to participate in the program when he retired from Delphi.  Second, pursuant to the Release, Mr. Wohleen agreed to waive his claims against Delphi in consideration for certain payments from the Debtors.  Accordingly, Mr. Wohleen has not proved any fact to support a right to payment by the Debtors.  The Thirtieth Omnibus Claims Objection, therefore, should be sustained with respect to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

Argument

A.  Mr. Wohleen Has Not Met His Burden Of Proof To Establish A Claim Against The Debtors

6.      The burden of proof to establish a claim against the Debtors rests on Mr. Wohleen and, if the Proof of Claim does not include sufficient factual support, such Proof of Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp.,

267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

7.      For purposes of sufficiency, this Court determined that the standard of whether the claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

8.      This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).

9.      In this case, Mr. Wohleen has not proved, and cannot prove, any set of facts that support a right to payment for any of the compensation and benefit items listed in the Proof of Claim.  Mr. Wohleen has not met his burden of proof and cannot provide facts or law supporting his claim.  Further, neither the Proof of Claim nor the Response assert any other valid basis upon which Mr. Wohleen could base his claim.  Accordingly, the Thirtieth Omnibus Claims Objection should be sustained as to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

   B. <u>Mr. Wohleen's SERP Benefits Have Not Vested</u>

       10.    In the Proof of Claim, Mr. Wohleen asserts that he is entitled to payment under the SERP. This claim is without merit. An eligible executive must satisfy both an age and a service requirement before SERP benefits vest: the executive must (a) reach the age of 62 and (b) have at least ten years of service. If an employee separates from Delphi before the SERP benefits vest, then the employee forfeits the benefits. The age requirement set forth in the SERP is unambiguous and, therefore, presents no issue of fact or law for this Court to consider in determining whether Mr. Wohleen is entitled to benefits under the SERP. <u>See</u> <u>Cruden v. Bank of New York</u>, 957 F.2d 961, 976 (2d Cir. 1992) ("A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case."); <u>Rory v. Continental Insurance Company</u>, 703 N.W. 2d 23, 30 (Mich. 2005) ("A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be <u>enforced as written</u>.").

       11.    Mr. Wohleen was 56 years old when he retired from Delphi and, thus, had not achieved the requisite age to qualify for SERP benefits. Consequently, Mr. Wohleen is not entitled to any recovery relating to the SERP benefits asserted on the Proof of Claim.

   C. <u>Mr. Wohleen Released Delphi From Liability For All Other Items Asserted In The Proof Of Claim</u>

      12.    The Release executed by Mr. Wohleen included a broad and unambiguous waiver and release of any claims against the Debtors relating to his employment with or

6

separation from Delphi.[3] Under Michigan law, which governs the terms of the release executed by Mr. Wohleen, a release of liability is valid if it is fairly and knowingly made. Xu v. Gay, 257 Mich. App. 263 (Mich. Ct. App. 2003). If the text of the release is clear, then the parties' intentions must be ascertained from the plain, ordinary meaning of the language of the release. Id. The fact that the parties may dispute the meaning of the release does not alone evidence an ambiguity; a contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. Id. If the terms of the release are clear, the effect of the language is a question of law to be resolved summarily. Id.; see also Gortney v. Norfolk & W. Ry. Co., 216 Mich. App. 535 (Mich. Ct. App. 1996) (holding that the language of the release evidenced a clear, unambiguous intent to settle and because the release was capable of but one reasonable interpretation, namely that all claims were released, in exchange for a substantial monetary consideration, the trial court correctly granted summary disposition); Cole v. Ladbroke Racing Mich., Inc., 241 Mich. App. 1 (Mich. Ct. App. 2000) (holding that "[t]he scope of a release is governed by the intent of the parties as it is expressed in the release").

13.     The amounts asserted on the Proof of Claim relating to stock options, restricted stock units, and the BEP, fall squarely within the scope of the Release.[4] Furthermore, Mr. Wohleen is not entitled to benefits such as Supplemental Life Benefits or PULI because

---

[3]  The Release provides for certain specific exceptions to the general waiver and release of claims. For example, the Release would not apply to SERP benefits insofar as nonqualified deferred compensation and retirement benefits are excepted from the Release. As noted above, however, Mr. Wohleen is not entitled to SERP benefits because he retired before his SERP benefits vested.

[4]  Mr. Wohleen's waiver and release of liability on behalf of the Debtors notwithstanding, the Debtors are prepared to demonstrate that the Debtors have no underlying obligations to Mr. Wohleen for amounts asserted in the Proof of Claim relating to stock options, restricted stock units, or the BEP. First, all of Mr. Wohleen's stock options have either expired or have a strike price that is higher than the offering price. Mr. Wohleen's stock options will be terminated upon the Effective Date of the Debtors' plan of reorganization. Second, the Debtors distributed all restricted stock units that were previously outstanding. The Debtors sent Mr. Wohleen a letter confirming this distribution on January 16, 2008. Finally, the amounts owed to Mr. Wohleen under the BEP were paid before Mr. Wohleen's retirement pursuant to Delphi's ordinary practices and procedures.

7

Delphi does not offer those benefits to former employees, and Mr. Wohleen expressly acknowledged the Debtors' right to terminate such programs in the Release. Accordingly, Mr. Wohleen is not entitled to recover any amount asserted in the Proof of Claim.

14. For the foregoing reasons, the Thirtieth Omnibus Claims Objection should be sustained as to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

D. Proof Of Claim Asserts Amounts Based On Equity Interests

15. The Proof of Claim asserts equity interests in Delphi based on stock options and restricted stock units. Mr. Wohleen's equity interests, however, do not qualify as a "claim" against the Debtors' estate within the definition set forth in section 101(5) of the Bankruptcy Code. Furthermore, on April 12, 2006, this Court entered the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), which made clear that equity holders were not required to file proofs of claim based on equity interests in Delphi common stock. Accordingly, Mr. Wohleen is not entitled to recover any amounts for stock options and restricted stock units asserted in the Proof of Claim.

WHEREFORE the Debtors respectfully request this Court enter an order (i) sustaining the Thirtieth Omnibus Claims Objection with respect to the Proof of Claim, (ii) disallowing and expunging the Proof of Claim in its entirety, and (iii) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
November 7, 2008

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

          By: /s/ John Wm. Butler, Jr.
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
          333 West Wacker Drive, Suite 2100
          Chicago, Illinois 60606

            - and -

          By: /s/ Kayalyn A. Marafioti
            Kayalyn A. Marafioti
            Thomas J. Matz
          Four Times Square
          New York, New York 10036

          Attorneys for Delphi Corporation, et al.,
            Debtors and Debtors-in-Possession