UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                   :
   In re                          :   Chapter 11
                                                                   :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                                                   :
                         Debtors.    :   (Jointly Administered)
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

ORDER (I) SUPPLEMENTING JANUARY 5, 2007 DIP REFINANCING ORDER
(DOCKET NO. 6461) AND AUTHORIZING DEBTORS TO ENTER INTO AND
IMPLEMENT ACCOMMODATION AGREEMENT WITH AGENT AND
PARTICIPATING LENDERS AND (II) AUTHORIZING DEBTORS TO (A) ENTER
INTO RELATED DOCUMENTS AND (B) PAY FEES IN CONNECTION
THEREWITH

("DIP ACCOMMODATION ORDER")

Upon the motion, dated November 7, 2008 (the "Motion"), of Delphi Corporation

(the "Borrower") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order supplementing January 5, 2007 DIP Refinancing Order (Docket No. 6461) (as

supplemented by the November 16, 2007 DIP Order (Docket No. 10957) (the "DIP

Extension Order") and the April 30, 2008 DIP Order (Docket No. 13489) (as supplemented

by the May 30, 2008 Supplemental Second DIP Extension Order (Docket No. 13699)) (the

"Second DIP Extension Order"), hereinafter referred to as the "DIP Order") and authorizing

the Debtors to (i) enter into and implement an accommodation agreement with the

Participating Lenders,[1] the form of which is attached hereto as Exhibit A (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Accommodation Agreement") which, inter alia, (a) provides certain accommodations to the Debtors to enable them to continue to operate, notwithstanding the occurrence and continuance of any Specified Defaults during the Accommodation Period (as each such term is defined in the Accommodation Agreement), (b) amends the Second Amended and Restated DIP Credit Agreement (as amended, supplemented, waived, or otherwise modified from time-to-time, including, without limitation, pursuant to the Accommodation Agreement, the "Amended DIP Credit Agreement") and (c) amends and restates the Security and Pledge Agreement, dated as of January 9, 2007, by and among the Borrower and the subsidiaries of the Borrower signatory thereto, each of the Debtors, and JPMorgan Chase Bank, N.A., as administrative agent (the "Security and Pledge Agreement," and together with the Accommodation Agreement, the Amended DIP Credit Agreement and all other documentation related to the foregoing, hereinafter referred to as the "Accommodation Documents") and (ii) pay the fees in accordance with the Accommodation Documents (the "Accommodation Fees") ; due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered July 23, 2008 (Docket No. 13965), and no other or further notice being necessary; and the Court

having held a hearing on the Motion on November __, 2008 (the "Hearing"), and upon the record of the Hearing and after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Motion is hereby granted in its entirety.

3.  The Accommodation Documents are hereby authorized and approved, and the Debtors are hereby authorized, but not directed, to perform, and take all actions necessary to make, execute and deliver, all of the Accommodation Documents with any other instruments and documents in connection therewith, including, without limitation, to pay the Accommodation Fees and all interest payable under the DIP Credit Agreement (including, without limitation, at the default rate of interest on overdue amounts to the extent provided in the DIP Credit Agreement ).  Upon execution and delivery of each of the Accommodation Documents and such other instruments and documents, and the effectiveness thereof in accordance with the terms thereof, such instruments and documents shall constitute valid and binding obligations of (i) the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms and (ii) the Lenders, enforceable against each Lender in accordance with their respective terms.

3

4.       The Debtors have a need to obtain certain accommodations in respect of their current financing under the terms set forth in the Accommodation Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, without the continuation of the liens and claims granted pursuant to the DIP Order and incorporated by reference herein to secure the DIP Facility, as amended by the Accommodation Documents (the "Amended DIP Credit Facility") and any obligations in respect thereof.

5.       The DIP Order shall be deemed supplemented by this Order, and shall continue in full force and effect as supplemented hereby, by the DIP Extension Order, and the Second DIP Extension Order.  Without limiting the generality of the foregoing, but subject to the terms of the Accommodation Documents (a) for all obligations and indebtedness arising under the Amended DIP Credit Facility, the Agent and the DIP Lenders and any other secured creditor granted rights under the DIP Order are each granted each and every right and remedy granted to such secured creditor under the DIP Order (the relevant provisions of the DIP Order being incorporated herein by reference), and (b) nothing herein shall adversely affect any of the rights and remedies granted to the Agent and the DIP Lenders or any other secured creditor under the DIP Order, which rights and remedies shall continue in full force and effect and shall be deemed applicable to the Amended DIP Credit Facility to the same extent applicable to the existing DIP Facility. Consistent with and not in any way limiting the generality of the foregoing, (a) the definitions of "DIP Credit Agreement" and "DIP Documents" contained in the DIP Order

4

shall be deemed to include the Accommodation Documents, as applicable, (b) the definition of "DIP Obligations" contained in the DIP Order shall be deemed to include all obligations and indebtedness arising under, in respect of, or in connection with the Amended DIP Credit Facility (including, without limitation, all "Obligations" as defined in the Second Amended and Restated DIP Credit Agreement, as amended by the Accommodation Documents), and (c) subject to the Accommodation Agreement, all liens, security interests, priorities, and all other rights, remedies, benefits, privileges, and protections provided in the DIP Order shall apply with equal force and effect to the Amended DIP Credit Facility and all obligations in connection therewith or related thereto.

6. Paragraphs 5(b) and 6 of the DIP Order are hereby amended by deleting each reference to the term "Event of Default" and replacing it with the term "Other Event of Default."

7. Paragraph 5(b) of the DIP Order is hereby amended by adding the following sentence at the end of such subsection: "The term "Other Event of Default" shall mean any Event of Default, other than a Specified Default occurring and continuing during the Accommodation Period (as each such term is defined in the Accommodation Agreement)."

8. Paragraph 6(a) of the DIP Order is hereby amended by deleting the proviso to the first sentence thereof, and replacing it with the following *proviso*: "*provided, however*, that the Borrower and the Guarantors shall not be required to pledge to the Agent any voting capital stock or interests of its indirect Foreign Subsidiaries if, in the good faith judgment of the Borrower, adverse tax consequences would result to the Borrower".

9. Paragraph 6(d) of the DIP Order is hereby amended by adding the following phrase at the end of such subsection: ", including, without limitation, the liens on cash collateral permitted by clauses (xxi) and (xxii) of Section 6.01 of the Credit Agreement."

10. Paragraph 16 of the DIP Order is hereby amended by (a) inserting the following phrase after "To the extent that a customer or supplier of the Debtors": "(other than General Motors Corporation or any of its affiliates, to whom this paragraph 16, including all subparagraphs hereof, does not apply)" and (b) deleting the *proviso* set forth in paragraph 16(a)(3). Furthermore, GM and all GM Affiliates are hereby deemed to have waived any rights, liens and claims granted to GM or any GM Affiliate pursuant to paragraph 16 of the DIP Order, including all subparagraphs thereof, and paragraph 18 of the Existing DIP Order (as defined in the DIP Order), including all subparagraphs thereof, prior to the date hereof.

11. Notwithstanding anything herein to the contrary, this Order shall not modify the August 2, 2007 Order Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) (Docket No. 8856), the December 10, 2007 Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Amendment (Docket No. 11382) (the "EPCA Amendment Order"), the Amended Investment Agreements (as defined in the EPCA Amendment Order), or any rights of the parties under any of the foregoing, including without limitation with respect to (i) the propriety, allowance, or payment of any unpaid Transaction Expenses or Post-Order Transaction Expenses or the timing thereof or (ii) the Delphi-GM

Agreement (as defined below), as to which the rights of all parties are hereby expressly reserved.

12. The Accommodation Documents have been negotiated in good faith and at arm's-length between the Debtors and the Agent, and all of the Debtors' obligations under the Amended DIP Credit Agreement as authorized by the DIP Order and this Order, including, without limitation, the obligation to pay the Accommodation Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code. In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this Order, the DIP Order, or any Accommodation Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby. Notwithstanding any such modification, amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Order, the DIP Order, and the other DIP Documents (as defined in the DIP Order); and the Agent and the DIP Lenders shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

13. A sound business purpose exists for the Debtors to enter into the Accommodation Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

7

14. The Amended DIP Credit Facility and the provisions of this Order shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

15. Without limiting the generality of paragraph 7(b) of the DIP Order, the automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit the Agent and the DIP Lenders to deliver a notice terminating the Accommodation Period pursuant to Section 2(b) of the Accommodation Agreement in accordance with the terms thereof.

16. In the event of any inconsistency between the provisions of this Order and the DIP Order, or the DIP Documents (including, without limitation, the Accommodation Documents), the provisions of this Order shall govern.

17. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this Order and the DIP Documents (including, without limitation, the Accommodation Documents).

18. Notwithstanding Bankruptcy Rule 6004(g) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated:   New York, New York
                  , 2008

_____
UNITED STATES BANKRUPTCY JUDGE

8