# **<u>Exhibit E</u>**

# DELPHI

November 6, 2008

General Motors Corporation
767 Fifth Avenue
New York, NY 10153-0013

Attention:  Walter G. Borst
            Treasurer

<u>Global Settlement Agreement Side Letter</u>

Dear Walter:

Reference is made to the Global Settlement Agreement, dated September 12, 2008, between Delphi Corp. ("Delphi") and General Motors Corp. ("GM"), as currently in effect (the "GSA").  Each capitalized term used but not defined herein shall have the meaning assigned to such term in the GSA.

In order to facilitate Delphi's efforts to obtain from the DIP Lenders certain accommodations in respect of the DIP Credit Agreement, which accommodations would be mutually beneficial to Delphi and GM, we hereby request that you provide written confirmation of our mutual agreement regarding certain rights of GM and its Affiliates in respect of the First Net Liability Transfer Claim, the Second Net Liability Transfer Claim and the GM Unsecured Claim (collectively, the "GM GSA Claims") provided to GM pursuant to section 4.04 of the GSA.

By signing below, you hereby confirm that it is the agreement of the parties to the GSA that GM and its Affiliates will not, prior to the earlier of (i) the DIP Termination Date (as defined in the Agreement between Delphi, certain subsidiaries of Delphi, and GM, dated as of May 9, 2008 and as amended through the date hereof (the "Agreement")), (ii) the effective date of any chapter 11 plan of Delphi, or (iii) receipt by GM of written consent from the DIP Agent (which consent may be withheld if the DIP Agent believes, in its sole and absolute discretion, that it does not have the authority to provide such consent under the terms of the DIP Credit Agreement), assert or exercise against any of the GM GSA Claims any setoff of any amounts payable by GM or any of its Affiliates to or for the credit or the account of Delphi or any of its Affiliates (or defer, delay or suspend the payment of any such amounts); *provided*, that the foregoing shall not be deemed to be an admission by any party or any other person, and shall not prejudice the rights of any party or any other person to contest, that GM is entitled to assert or exercise any such setoff rights (a) in the event this letter does not become effective or (b) after the occurrence of any of the events set forth in clauses (i), (ii) and (iii) above.  The agreement in this letter will become effective on the date on which all of the conditions precedent set forth in Section 3 of Amendment Number 2 to the Agreement have been satisfied or waived in accordance with the terms thereof.

   Your confirmation of and agreement to the foregoing shall inure to the benefit of, and be enforceable by, Delphi and its Affiliates, any successor to Delphi or any of its Affiliates (including, without limitation, a chapter 7 or chapter 11 trustee appointed or elected for Delphi or any of its Affiliates), the DIP Agent and the DIP Lenders.

                       Regards,


                       On behalf of
                       Delphi and its Affiliates

Acknowledged and agreed:

_____
Name:  Walter G. Borst
Title:   Treasurer

On behalf of GM and its Affiliates


cc:      Mary Ellen Egbert
         JPMorgan Chase, Bank, N.A.
         DIP Agent