SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05–44481 (RDD)
                                              :
                     Debtors.                 :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 9760
(SPECIAL SITUATIONS INVESTING GROUP, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Special Situations Investing Group, Inc. ("SSI") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 9760 (Special Situations Investing Group, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 13, 2005, Cataler North America Corporation ("Cataler") submitted a demand to the Debtors asserting a reclamation claim in the amount of $1,383,074.02 (the "Reclamation Demand").

WHEREAS on April 24, 2006, the Debtors and Cataler entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Cataler acknowledge and agree that the valid amount of the Reclamation Demand is $18,298.73 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Cataler's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on July 13, 2006, Cataler filed proof of claim number 9760 against DAS LLC, which asserts (i) an unsecured non-priority claim in the amount of $4,023,387.57 stemming from the sale of goods and (ii) an unsecured priority claim in the amount of

2

$18,298.73 stemming from the Reclamation Claim, for an aggregate amount of $4,041,686.30 (the "Claim").

WHEREAS, on July 11, 2006, Cataler assigned its interest in the Claim to Bank of Tokyo-Mitsubishi UFJ ("Bank of Tokyo") pursuant to a Notice of Transfer (Docket No. 5081).

WHEREAS, on July 11, 2006, Bank of Tokyo assigned its interest in the Claim to JPMorgan Chase Bank, N.A. ("JPMorgan Chase") pursuant to a Notice of Transfer (Docket No. 5082).

WHEREAS, on August 31, 2006, JPMorgan Chase assigned its interest in the Claim to SSI pursuant to a Notice of Transfer (Docket No. 5083).

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 25, 2007, SSI filed its Response of Special Situations Investment Group, Inc. to Thirteenth Omnibus Objection to Claims (Docket No. 8065) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019

Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on SSI with respect to the Reclamation Claim, whereby the Debtors presented SSI with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which SSI is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense").

WHEREAS, SSI returned the Reclamation Election Notice and chose to continue to assert administrative priority status for the Reclamation Claim.

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim, the Debtors and SSI entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against the estate of DAS LLC in the amount of $4,041,686.30 as a general unsecured non-priority claim, subject to SSI's and DAS LLC's reservations of rights set forth in paragraphs 4 and 5 of this Joint Stipulation.

WHEREAS, SSI acknowledges that it has been given the opportunity to consult with counsel before executing this Joint Stipulation and is executing such Joint Stipulation

without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth in this Joint Stipulation.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and SSI stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $4,041,686.30 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Cataler is a party.

3. Allowance of the Claim is in full satisfaction of the Claim and SSI, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "SSI Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The SSI Releasing Parties further release and

waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the SSI Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

4.     Notwithstanding anything in paragraph 3 of this Joint Stipulation, SSI reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $18,298.73 of the Claim on the grounds that SSI, as assignee of Cataler, has a valid reclamation claim in the amount of $18,298.73.

5.     The Debtors reserve the right to seek, at any time and notwithstanding Cataler's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

6.     The Thirteenth Omnibus Claims Objection and SSI's Response to the Thirteenth Omnibus Claims Objection are deemed resolved with respect to the Claim pursuant to this Joint Stipulation.

So Ordered in New York, New York, this 10th day of November, 2008

                                                  /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Michael Friedman |
| John Wm. Butler, Jr. | Michael Friedman |
| John K. Lyons | RICHARDS KIBBE & ORBE LLP |
| Ron E. Meisler | One World Financial Center |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York  10281-1003 |
| 333 West Wacker Drive, Suite 2100 | (212) 530-1800 |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | Attorneys for Special Situations Investing Group, Inc. |

- and –

　Kayalyn A. Marafioti
　Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
　Debtors and Debtors-in-Possession