UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :

    In re                                      :        Chapter 11
                                               :
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
                                             :
                           Debtors.    :        (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
REGARDING (A) ASSERTED AMOUNT CLAIMS, (B) CLAIMS
SUBJECT TO MODIFICATION, AND (C) CLAIMS TO BE EXPUNGED,
<u>AS IDENTIFIED IN THIRTY-SECOND OMNIBUS CLAIMS OBJECTION</u>

("THIRTY-SECOND OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged, dated November 14, 2008 (the "Thirty-Second Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Thirty-Second Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Second Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C-1, and C-2 hereto was properly and timely served with a copy of the Thirty-Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Second Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Second Omnibus Claims Objection. No other or further notice of the Thirty-Second Omnibus Claims Objection is necessary.

      B.      This Court has jurisdiction over the Thirty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Claims listed on Exhibit A hereto assert liabilities or dollar amounts that the Debtors have determined should be allowed in their asserted amounts (the "Asserted Amount Claims").

      D.      The Claims listed on Exhibit B hereto assert claims that the Debtors have determined should be modified solely to assert a properly classified, fully liquidated claim

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

amount against a Debtor that, in some instances, may be different from the one identified by the Claimant (the "Claims Subject To Modification").

    E.  The Claims listed on <u>Exhibit C-1</u> hereto under the column heading Claims To Be Expunged are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

    F.  The Claims listed on <u>Exhibit C-2</u> hereto assert liabilities or dollar amounts that are not owing as a result of settlements in principle with the holders of such Claims (the "Claims To Be Expunged Pursuant To Settlement").

    G.  <u>Exhibit D</u> hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit C-1</u> or <u>C-2</u>.  <u>Exhibit G</u> sets forth each of the Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C-1</u>, and <u>C-2</u> in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

    H.  The relief requested in the Thirty-Second Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Asserted Amount Claim listed on <u>Exhibit A</u> hereto is hereby allowed at the amount asserted on the corresponding proof of claim.

    2.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit B</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit B</u> hereto shall be entitled to (a) recover any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified

Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit B</u> hereto.  Each Claim Subject To Modification is hereby modified and allowed to reflect the Modified Total as set forth on <u>Exhibit B</u> hereto.

        3.        Each of the Claims To Be Expunged listed on <u>Exhibit C-1</u> hereto is hereby disallowed and expunged in its entirety.

        4.        Each of the Claims To Be Expunged Pursuant To Settlement listed on <u>Exhibit C-2</u> hereto is hereby disallowed and expunged in its entirety.

        5.        Allowance of each of the Asserted Amount Claims set forth on <u>Exhibit A</u> hereto and each of the Claims As Modified set forth on <u>Exhibit B</u> hereto (and together with the Asserted Amount Claims, the "Allowed Claims") is subject to the following:

        (a)    Without further order of this Court, the Debtors are authorized to offset or reduce the Allowed Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which the counterparty associated with the Proof of Claim is a party.

        (b)    To the extent an Asserted Amount Claim set forth on <u>Exhibit A</u> or a Claim Subject To Modification set forth on <u>Exhibit B</u> also incorporates a reclamation demand with respect to which either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), the Claimant holding such Claim reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for that portion of the Claim subject to such Reclamation Agreement, subject to the Debtors' right to seek, at any time and notwithstanding a Claimant's agreement to the amount pursuant to the Reclamation Agreement, a

4

        judicial determination that certain reserved defenses (the "Reserved Defenses") with respect to the reclamation demand are valid.

(c)     The allowance of the Allowed Claim shall act as an injunction against any "Person" (as that term is defined in 101(41) of the Bankruptcy Code) commencing any action, employment of process, or act to collect, offset, or recover with respect to each such Allowed Claim.

(d)     The allowance of each such Allowed Claim subject to this Thirty-Second Omnibus Claims Objection resolves all of the responses filed by Claimants to prior omnibus claims objections with respect to each such Allowed Claim subject to the Thirty-Second Omnibus Claims Objection.

6.     Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases.

7.     This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.     Each of the objections by the Debtors to each Claim addressed in the Thirty-Second Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, and C-2 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Second Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
       December ___, 2008

                                        _____
                                            UNITED STATES BANKRUPTCY JUDGE