**<u>Exhibit B</u>**

**Bidding Procedures Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                         :          Chapter 11
                                            :
DELPHI CORPORATION, <u>et al.</u>,     :          Case No. 05-44481 (RDD)
                                            :
                   Debtors.   :          (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 363 AND 1123 AND FED. R. BANKR. P. 2002
AND 9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING
CERTAIN BID PROTECTIONS, (III) APPROVING FORM AND MANNER OF
SALE NOTICES, AND (IV) SETTING SALE HEARING DATE
<u>IN CONNECTION WITH SALE OF EXHAUST BUSINESS</u>

("EXHAUST BIDDING PROCEDURES ORDER")

          Upon the expedited motion, dated November 14, 2008 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

orders pursuant to 11 U.S.C. §§ 363, 365, 1123, and 1146 and Fed. R. Bankr. P. 2002,

6004, 6006, and 9014 (a)(i) approving the bidding procedures set forth herein and

attached hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii) granting certain bid

protections, (iii) approving the form and manner of sale notices, and (iv) setting a date for

the sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the

"Sale") of certain of the Selling Debtor Entities' (defined below) assets (the "Acquired

Assets") comprising substantially all of the assets exclusively used in the Selling Debtor

Entities' exhaust emissions business (the "Exhaust Business"), free and clear of liens,

claims, and encumbrances, to Bienes Turgon S.A. de C.V. and certain of its affiliates (the

"Buyers"), pursuant to the Master Sale And Purchase Agreement dated November 10,

2008, by and between the Buyers and Delphi and certain of its affiliates, including certain

affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities")[1]

(the "Agreement"), or to the Successful Bidder (as hereinafter defined) submitting a

higher or otherwise better bid, (ii) the assumption and assignment of certain prepetition

executory contracts and unexpired leases as defined in the Agreement (the "Assumed U.S.

Contracts") and the assignment of certain postpetition executory contracts and unexpired

leases as defined in the Agreement (the "Post-Petition Contracts" and collectively with

the Assumed U.S. Contracts, the "Assumed and Assigned Contracts,") to the Buyers or

the Successful Bidder, and (iii) the assumption of certain liabilities as defined in the

Agreement (the "Assumed Liabilities") by the Buyers or the Successful Bidder; and upon

the record of the hearing held on November 24, 2008 (the "Bidding Procedures Hearing");

and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     The Court has jurisdiction over this matter and over the property of

the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and

1334.

B.     This matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (N), and (O).

---

[1]     Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC, Delphi Technologies, Inc., and Delphi Corporation.  Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

C.    The relief requested in the Motion and granted herein is in the best interests of the Selling Debtor Entities, their estates, their stakeholders, and other parties-in-interest.

D.    The notice of the Motion and the Bidding Procedures Hearing given by the Selling Debtor Entities constitutes due and sufficient notice thereof.

E.    The Selling Debtor Entities have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and this order, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed U.S. Contracts, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption and assignment of the Assumed U.S. Contracts to be filed with the Court and served on the non-Debtor counterparties thereto, and (vi) set the Sale Hearing.

F.    The Break-Up Fee and the Expense Reimbursement, as either, but not both, may be payable in accordance with the terms, conditions, and limitations of the Agreement (together, the "Bid Protections"), (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Selling Debtor Entities' estates, within the meaning of sections 503 and 507 of the Bankruptcy Code, (ii) are of substantial benefit to the Selling Debtor Entities' estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Buyers notwithstanding that the proposed Sale is subject to higher or

3

better offers for the Acquired Assets, (iv) were negotiated by the parties at arms' length and in good faith, and (v) are necessary to ensure that the Buyers will continue to pursue the proposed acquisition of the Acquired Assets.  The Bid Protections were a material inducement for, and condition of, the Buyers' entry into the Agreement.  The Buyers are unwilling to commit to hold open their offer to purchase the Acquired Assets under the terms of the Agreement unless they are assured of payment of the Bid Protections. Thus, assurance to the Buyers of payment of the Bid Protections should promote more competitive bidding by inducing the Buyers to hold their bid open.  Without the Bid Protections, other bidding would have been limited.  Further, because the Bid Protections induced the Buyers to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Buyers have provided a benefit to the Selling Debtor Entities' estates by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth.  Finally, absent authorization of the Bid Protections, the Selling Debtor Entities may lose the opportunity to obtain the highest or otherwise best available offer for the Acquired Assets.

G.      In the event that the Buyers terminate the Agreement or the Sellers terminate the Agreement and the Buyers become entitled to receive or do receive any Expense Reimbursement, the Buyers shall not be entitled to receive nor shall they receive the Break-Up Fee or any portion thereof, and, conversely, in the event that the Buyers become entitled to receive or do receive any Break-Up Fee, they shall not be entitled to receive nor shall they receive the Expense Reimbursement or any portion thereof.

H.      The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Acquired Assets.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

Bidding Procedures

1.      The Bidding Procedures, substantially in the form as set forth on Exhibit 1 attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement, any subsequent bids for the Acquired Assets in these cases, and the Auction, if applicable.

2.      The Selling Debtor Entities may: (i) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer, (ii) consult with the representative of any official committee or significant constituent in connection with the Bidding Procedures, and (iii) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid (other than the Buyers' bid) which, in the Selling Debtor Entities' sole discretion, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Selling Debtor Entities, their estates, and their stakeholders. The Selling Debtor Entities are authorized (x) to terminate the bidding process or the Auction at any time if they determine, in their business judgment, that the bidding process will not maximize the value of the Acquired Assets to be realized by the Selling Debtor Entities' estates and (y) to seek Bankruptcy Court approval of the Agreement with the Buyers.  If the Sellers do not receive any Qualified Bids other than the Agreement received from the Buyers or should the Selling Debtor Entities terminate the bidding process or the Auction as set forth above, the Selling Debtor Entities shall report the same to the Bankruptcy Court and shall proceed with the Sale pursuant to the terms of the Agreement.

Sale Hearing

3.      The Court shall hold a Sale Hearing on December 17, 2008, at

10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, Room 610, New York, New York

10004, at which time the Court shall consider the remainder of the Motion not approved

by this order, approve the Successful Bidder, and confirm the results of the Auction, if

any.  The Sale Hearing or any portion thereof, such as with respect to the proposed

assumption and assignment of a particular executory contract, may be adjourned by the

Debtors from time to time without further notice to creditors or parties-in-interest other

than by announcement of the adjournment in open court or on the Court's calendar on the

date scheduled for the Sale Hearing or any adjourned date.

4.      Objections to the Motion, if any, shall be filed and served no later

than 4:00 p.m. (prevailing Eastern time) on December 10, 2008 (the "Objection

Deadline").  The failure of any objecting person or entity to timely file and serve its

objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or

thereafter, of any objection to the Motion, the Sale, or the Selling Debtor Entities'

consummation and performance of the Agreement (including the transfer of the Acquired

Assets and the Assumed and Assigned Contracts free and clear of liens, claims, and

encumbrances), with the exception of any objection to the conduct of the Auction or the

Selling Debtor Entities' selection of the Successful Bidder, which may be made two

business days following the end of the Auction or at the Sale Hearing, whichever is

earlier.

5.      If a non-Debtor counterparty to any Assumed U.S. Contract that is

proposed to be an Assumed and Assigned Contract fails to file and serve an objection to

the Notice of Assumption/Assignment in accordance with the instructions in the Notice

of Assumption/Assignment, the Court may authorize the assumption and assignment of

the applicable Assumed U.S. Contract at the Sale Hearing.

6.      In accordance with this Court's prior orders in connection with

confirmation of the Debtors' Plan, non-Debtor counterparties to Assumed U.S. Contracts

shall be entitled to recover only the Cure Amounts[3] listed on Exhibit E to the Motion and

shall be barred and enjoined from asserting at the Sale Hearing or otherwise that any

other amounts are owing.  In addition, should a non-Debtor counterparty to an Assumed

U.S. Contract assert that a postpetition default exists which must be cured pursuant to

section 365, such counterparty must file an objection as set forth in paragraph 9(b) below.

### Bid Protections

7.      The Bid Protections are hereby approved.

8.      The Selling Debtor Entities' obligation to pay the Bid Protections

pursuant to the terms of the Agreement shall survive termination of the Agreement and,

until paid in accordance with the Agreement, shall constitute an administrative expense

claim in favor of the Buyers.  The Selling Debtor Entities shall be authorized to pay the

Bid Protections to the Buyers in accordance with the terms of the Agreement without

further order of the Court.

### Notice

---

[3]      "Cure Amounts" are those amounts that the Selling Debtor Entities believe are necessary to
assume contracts or leases under section 365 of the Bankruptcy Code.

9.        Notice of (i) the Motion, including the proposed Sale of the

Acquired Assets to the Buyers, (ii) the Sale Hearing, and (iii) the proposed assumption

and assignment of the Assumed U.S. Contracts to the Buyers pursuant to the Agreement

or to a Successful Bidder shall be good, sufficient, and timely notice, and no other or

further notice shall be required, if notice is given as follows:

(a)      Notice Of Sale Hearing.  Within one business day after entry
of this order (the "Mailing Date"), the Debtors (or their agent) shall serve the Motion, the
Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the
Bidding Procedures Order by overnight mail, postage prepaid, upon (i) the Office of the
United States Trustee for the Southern District of New York, (ii) counsel for the Buyers,
(iii) counsel for the official committee of unsecured creditors appointed in these chapter
11 cases, (iv) counsel for the official committee of equity security holders appointed in
these chapter 11 cases, (v) counsel for the agent under the Debtors' postpetition credit
facility, (vi) all entities known to have expressed an interest in a transaction with respect
to the Acquired Assets during the past six months, (vii) all entities known to have
asserted any lien, claim, interest, or encumbrance in or upon the Acquired Assets, (viii)
all federal, state, and local regulatory or taxing authorities or recording offices, including
but not limited to environmental regulatory authorities, which have a reasonably known
interest in the relief requested by the Motion, (ix) all counter-parties to the Assumed and
Assigned Contracts, (x) the United States Attorney's office, (xi) the United States
Department of Justice, (xii) the Securities and Exchange Commission, (xiii) the Internal
Revenue Service, and (xiv) all entities on the Master Service List (as defined by the
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),
9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case
Management, And Administrative Procedures (Docket No. 2883), as amended from time
to time (collectively, the "Case Management Orders")).

(b)      Assumption/Assignment Notice For Buyers.  At least 20 days
prior to the Sale Hearing, the Selling Debtor Entities shall file with this Court and serve
on all non-Debtor counterparties to the Assumed U.S. Contracts a notice (the "Buyer
Assumption/Assignment Notice"), substantially in the form of the notice attached hereto
as Exhibit 2, identifying the Buyers as the parties which will be assigned all of the Selling
Debtor Entities' right, title, and interest in the Assumed U.S. Contracts, subject to
completion of the bidding process provided under the Bidding Procedures.  The non-
Debtor party to an Assumed U.S. Contract shall have ten days from the service of the
Buyer Assumption/Assignment Notice to object to the proposed assumption and
assignment to the Buyers, including an objection on account of a postpetition default, and
must state in its objection, with specificity, the legal and factual basis of its objection.  If
no objection is timely received, the non-Debtor party to the Assumed U.S. Contract shall
be deemed to have consented to the assumption and assignment of the Assumed U.S.

Contract to the Buyers and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(c)    Assumption/Assignment Notice For A Qualified Bidder.  On the business day following the Bid Deadline, the Selling Debtor Entities shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as Exhibit 3, to be sent to each non-Debtor party to an Assumed U.S. Contract identifying all Qualified Bidders (except the Buyers, which notice shall be governed by the Buyer Assumption/Assignment Notice set forth above). The non-Debtor counterparty to the Assumed U.S. Contract shall have until two days prior to the Sale Hearing to object to the proposed assumption and assignment to any Qualified Bidder and must state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed U.S. Contract shall be deemed to have consented to the assumption and assignment of the Assumed U.S. Contract to the Buyers or any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(d)    Publication Notice.  Within five business days following entry of this order, or as soon as reasonably practicable, the Debtors shall cause notice substantially in the form of the notice attached hereto as Exhibit 4, to be published in the Wall Street Journal (U.S. and International Editions) and the Detroit Free Press.

10.    Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other

Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be

immediately effective and enforceable upon its entry and there shall be no stay of

execution of this order.

11.    To the extent that any chapter 11 plan confirmed in these cases or

any order confirming any such plan or in any other order in these cases (including any

order entered after any conversion of these cases to cases under chapter 7 of the

Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this order,

the provisions of this order shall control.  The Debtors' obligations under this order and

the portions of the Agreement pertaining to the Bid Protections shall survive confirmation

of any plan of reorganization or discharge of claims thereunder and shall be binding upon

Debtors, and the reorganized or reconstituted debtors, as the case may be, after the

effective date of the confirmed plan or plans in the Debtors' cases.

    12.  This Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this order.

Dated: New York, New York
     _____, 2008

          _____
          UNITED STATES BANKRUPTCY JUDGE