**Exhibit C**

**Sale Approval Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER UNDER 11 U.S.C. §§ 363, 365, 1123, AND 1146 AND FED. R. BANKR. P. 2002,
6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF CERTAIN OF
DEBTORS' ASSETS COMPRISING SUBSTANTIALLY ALL ASSETS OF DEBTORS'
EXHAUST BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS,
AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
(III) ASSUMPTION OF CERTAIN LIABILITIES

("EXHAUST SALE APPROVAL ORDER")

Upon the motion, dated November 14, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for orders pursuant to 11

U.S.C. §§ 363, 365, 1123, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a) (i)

approving the bidding procedures, (ii) granting certain bid protections, (iii) approving the form

and manner of sale notices, and (iv) setting a sale hearing date (the "Sale Hearing") and (b)

authorizing and approving (i) the sale (the "Sale") of certain of the Debtors' assets (the "Acquired

Assets") comprising substantially all the assets exclusively used in the Debtors' global exhaust

emissions business (the "Exhaust Business"), free and clear of liens, claims, encumbrances, and

interests to Bienes Turgon S.A. de C.V. and certain of its affiliates (the "Buyers") pursuant to the

Master Sale And Purchase Agreement, dated November 10, 2008 (such Master Sale And

Purchase Agreement, including all schedules, exhibits, and related agreements and documents,

the "Agreement," a copy of which (without such schedules, exhibits, and related agreements and

documents) is attached hereto as <u>Exhibit 1</u>), by and between Delphi and certain of its affiliates,

including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor

Entities")[1] and the Buyers, or to the party submitting the highest or otherwise best bid (the

"Successful Bidder"), (ii) the assumption and assignment of certain prepetition executory

contracts and unexpired leases (the "Assumed U.S. Contracts") and the assignment of certain

postpetition executory contracts and unexpired leases (the "Post-Petition Contracts," and

collectively with the Assumed U.S. Contracts, the "Assumed and Assigned Contracts") to the

Buyers or the Successful Bidder, and (iii) the assumption of certain liabilities (the "Assumed

Liabilities") by the Buyers or the Successful Bidder; and the Court having entered an order on

November **[___]**, 2008 (the "Bidding Procedures Order") (Docket No. **[_____]**) (a) approving

bidding procedures, (b) approving the bid protections, (c) approving the form and manner of sale

notices, and (d) setting the Sale Hearing; and the Sale Hearing having been held on December 17,

2008, at which time all interested parties were offered an opportunity to be heard with respect to

the Motion; and the Court having reviewed and considered the Motion and the arguments of

counsel made, and the evidence proffered or adduced at and on the record of the Sale Hearing;

and it appearing that the relief requested in the Motion is in the best interests of the Selling

Debtor Entities, their estates, their stakeholders, and all other parties-in-interest; and after due

deliberation thereon, and sufficient cause appearing therefor,

---

[1]    Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC, Delphi
Technologies, Inc., and Delphi Corporation.  Certain assets will be sold under the Agreement by non-Debtor
affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and
the selling non-Debtor affiliates are collectively referred to as the "Sellers."

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 363, 365, 1123, and 1146 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, the Auction, and the assumption and assignment of the Assumed U.S. Contracts, and the Cure Amounts as approved herein has been provided in accordance with 11 U.S.C. §§ 102(l), 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, the Auction, or the assumption and assignment of the Assumed U.S. Contracts or assignment of the Postpetition Contracts as provided herein is necessary or shall be required.

D.    As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Selling Debtor Entities have marketed the Acquired Assets and conducted the sale

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3

process in compliance with the Bidding Procedures Order and in a manner that afforded a full,

fair, and reasonable opportunity for any party to make a higher or better offer to purchase the

Acquired Assets.

E.    The Selling Debtor Entities (i) have full power and authority to execute

the Agreement and all other applicable documents contemplated thereby, and the transfer and

conveyance of the Acquired Assets by the Selling Debtor Entities has been duly and validly

authorized by all necessary action of the Selling Debtor Entities, (ii) have all of the power and

authority necessary to consummate the transactions contemplated by the Agreement, and (iii)

have taken all action necessary to authorize and approve the Agreement and to consummate the

transactions contemplated thereby, and no consents or approvals, other than those expressly

provided for in the Agreement, are required for the Selling Debtor Entities to consummate such

transactions.

F.    The Selling Debtor Entities have demonstrated (i) good, sufficient, and

sound business purposes and justification for the Sale because, among other things, the Selling

Debtor Entities and their advisors diligently and in good faith analyzed all other available options

in connection with the disposition of the Acquired Assets and determined that (a) the terms and

conditions set forth in the Agreement, (b) the transfer to Buyers of the Acquired Assets pursuant

to the terms of the Agreement, and (c) the Purchase Price agreed to as reflected in the Agreement

are all fair and reasonable and together constitute the highest or otherwise best value obtainable

for the Acquired Assets and (ii) that compelling circumstances for the Sale pursuant to 11 U.S.C.

§ 363(b) prior to the effective date of a plan of reorganization exist because, among other things,

absent the Sale the value of the Acquired Assets will be substantially diminished.

4

G.      A reasonable opportunity to object or be heard with respect to the Motion

and the relief requested therein has been afforded to all interested persons and entities, including

without limitation: (i) the Office of the United States Trustee for the Southern District of New

York, (ii) counsel for the Buyers, (iii) counsel for the official committee of unsecured creditors

appointed in these chapter 11 cases (the "Creditors' Committee"), (iv) counsel for the official

committee of equity security holders appointed in these chapter 11 cases, (v) all entities known

to have expressed an interest in a transaction with respect to the Acquired Assets during the past

six months, (vi) all entities known to have asserted any Interests and/or Claims (as defined below)

in or upon the Acquired Assets, (vii) all United States federal, state, and local regulatory or

taxing authorities or recording offices, including but not limited to environmental regulatory

authorities, which have a reasonably known interest in the relief requested by the Motion, (viii)

all counterparties to Assumed and Assigned Contracts, (ix) the United States Attorney's office, (x)

the United States Department of Justice, (xi) the Securities and Exchange Commission, (xii) the

Internal Revenue Service, (xiii) all entities on the Master Service List (as defined by the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures (Docket No. 2883) (the "Supplemental Case Management

Order")), and (xiv) such other entities as are required to be served with notices under the

Supplemental Case Management Order.

H.      The Agreement was negotiated, proposed, and entered into by the Selling

Debtor Entities and the Buyers without collusion, in good faith, and from arm's-length

bargaining positions.  Neither the Selling Debtor Entities nor the Buyers have engaged in any

conduct that would cause or permit the Sale or any part of the transactions contemplated by the

Agreement to be avoidable under 11 U.S.C. § 363(n).

   I.  The Buyers are good faith purchasers under 11 U.S.C. § 363(m) and, as

such, are entitled to all of the protections afforded thereby.  The Buyers will be acting in good

faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the

Agreement at all times after the entry of this order.

   J.  The consideration provided by the Buyers for the Acquired Assets

pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for

the Acquired Assets, (iii) will provide a greater recovery for the Selling Debtor Entities'

stakeholders than would be provided by any other practical available alternative, and (iv)

constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and

under the laws of the United States, any state, territory, or possession thereof, or the District of

Columbia.

   K.  The Sale must be approved and consummated promptly to preserve the

viability of the Exhaust Business as a going concern. The Sale is consistent with and

contemplates the terms of the First Amended Plan Of Reorganization Of Delphi Corporation

And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (as amended, the

"Plan") confirmed by order of this Court on January 25, 2008 (the "Confirmation Order")

(Docket No. 12359), and, accordingly, constitutes a transfer to which section 1146(c) of the

Bankruptcy Code applies.

   L.  The transfer of the Acquired Assets to the Buyers will be a legal, valid,

and effective transfer of the Acquired Assets and shall vest the Buyers with all right, title, and

interest of the Selling Debtor Entities to the Acquired Assets free and clear of any and all liens,

claims, interests, and encumbrances (including, without limitation, Encumbrances as defined in the Agreement, but excluding Permitted Encumbrances and Assumed Liabilities, each as defined in the Agreement) of any type whatsoever (whether known or unknown, secured or unsecured or in the nature of setoff or recoupment, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including claims otherwise arising under doctrines of successor liability), including but not limited to those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Selling Debtor Entities' or the Buyers' interest in the Acquired Assets, or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Exhaust Business prior to the Closing Date, including the transfer of the Acquired Assets to the Buyers (all such liens, claims, interests, and encumbrances listed herein, the "Interests and/or Claims").

M.    If the Sale of the Acquired Assets with respect to the Selling Debtor Entities were not free and clear of all Interests and/or Claims as set forth in the Agreement and this order, or if the Buyers would, or in the future could, be liable for any of the Interests and/or Claims as set forth in the Agreement and this order, the Buyers would not have entered into the Agreement and would not consummate the Sale or the transactions contemplated by the Agreement, thus adversely affecting the Selling Debtor Entities, their estates, and their stakeholders.

N.      The Selling Debtor Entities may sell their interests in the Acquired Assets free and clear of all Interests and/or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  All holders of Interests and/or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of Interests and/or Claims who did object fall under one or more of the other subsections of 11 U.S.C. § 363(f), and all holders of Interests and/or Claims are adequately protected by having their Interests and/or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest and/or Claim with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

O.      The Selling Debtor Entities have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Assumed and Assigned Contracts as applicable to the Buyers in connection with the consummation of the Sale, and the assumption and/or assignment of the Assumed and Assigned Contracts is in the best interests of the Selling Debtor Entities, their estates, and their creditors.  The Assumed and Assigned Contracts being assigned to, and the liabilities being assumed by, the Buyers are an integral part of the Acquired Assets being purchased by the Buyers and, accordingly, such assumption and/or assignment of Assumed and Assigned Contracts and liabilities is reasonable and enhances the value of the Selling Debtor Entities' estates.

P.      The Selling Debtor Entities have (i) cured, or have provided adequate assurance of cure, of any default existing prior to the Closing of the Sale under all of the Assumed and Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) provided compensation or adequate assurance of compensation to any party for any actual

pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed and Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B). The Buyers have provided adequate assurance of their future performance of and under the Assumed and Assigned Contracts, within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B). Pursuant to 11 U.S.C. § 365(f), the Assumed and Assigned Contracts to be assumed and assigned under the Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Buyers notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer.

Q.    Approval of the Agreement and consummation of the Sale of the Acquired Assets and assignment of the Assumed and Assigned Contracts at this time are in the best interests of the Selling Debtor Entities, their stakeholders, their estates, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

<u>General Provisions</u>

1.    The Motion is GRANTED.

<u>Approval Of The Agreement</u>

2.    Pursuant to 11 U.S.C. § 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to 11 U.S.C. § 363(b), the Selling Debtor Entities are authorized, but not directed, to perform their obligations under the Agreement and comply with the terms

thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.      Each of the signatories to the Agreement is authorized, but not directed, to take all actions necessary or appropriate to effectuate the terms of this order.

5.      The Selling Debtor Entities are authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyers or reducing to possession the Acquired Assets, the Assumed and Assigned Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6.      This order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Debtors, all affiliates and subsidiaries of the Selling Debtor Entities (including the reorganized or reconstituted Debtors after the effective date of the Plan), and any subsequent trustees appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.  To the extent that any provision of this order is inconsistent with the terms of the Agreement, this order shall govern.

7.      The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement is disclosed to the Creditors' Committee and does not have a material

10

adverse effect on the Selling Debtor Entities' estates in the good faith business judgment of the

Selling Debtor Entities.

<u>Sale And Transfer Of The Acquired Assets</u>

8.      Except as expressly permitted or otherwise specifically provided for in the

Agreement or this order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of

the Agreement, the Selling Debtor Entities' right, title, and interest in the Acquired Assets shall

be transferred to the Buyers free and clear of all Interests and/or Claims, with all such Interests

and/or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the

same validity, force, and effect which they had as against the Acquired Assets immediately

before such transfer, subject to any claims and defenses the Selling Debtor Entities may possess

with respect thereto.

9.      The transfer of the Acquired Assets to the Buyers pursuant to the

Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest

the Buyers with all right, title, and interest of the Selling Debtor Entities in and to the Acquired

Assets free and clear of all Interests and/or Claims of any kind or nature whatsoever.

10.     If any person or entity which has filed financing statements, mortgages,

mechanic's liens, <u>lis pendens</u>, or other documents or agreements evidencing Interests and/or

Claims against or in the Acquired Assets shall not have delivered to the Selling Debtor Entities

prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties,

termination statements, instruments of satisfaction, releases of all Interests and/or Claims that the

person or entity has with respect to the Acquired Assets, or otherwise, then (a) the Selling Debtor

Entities are hereby authorized to execute and file such statements, instruments, releases, and

11

other documents on behalf of the person or entity with respect to the Acquired Assets and (b) the

Buyers are hereby authorized to file, register, or otherwise record a certified copy of this order

which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the

release of all Interests and/or Claims in the Acquired Assets of any kind or nature whatsoever.

11.    This order (a) shall be effective as a determination that, upon the Closing

of the Sale, all Interests and/or Claims of any kind or nature whatsoever existing as to the Selling

Debtor Entities or the Acquired Assets of the Selling Debtor Entities prior to the Closing of the

Sale have been unconditionally released, discharged, and terminated (other than any surviving

obligations), and that the conveyances described herein have been effected and (b) shall be

binding upon and shall govern the acts of all entities including, without limitation, all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies, United States governmental departments, secretaries

of state, federal, state, and local officials, and all other persons and entities who may be required

by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise

record or release any documents or instruments, or who may be required to report or insure any

title or state of title in or to any of the Acquired Assets.

12.    All persons and entities, including, but not limited to, all debt security

holders, equity security holders, United States Federal, state, and local governmental, tax, and

regulatory authorities, lenders, trade creditors, and other stakeholders, holding Interests and/or

Claims of any kind or nature whatsoever against or in the Selling Debtor Entities or the Acquired

Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or

non-contingent, senior or subordinated), arising under or out of, in connection with, or in any

way relating to, the Exhaust Business, the Acquired Assets, the operation of the Exhaust

Business by the Selling Debtor Entities prior to the Closing of the Sale, or the transfer of the

Acquired Assets to the Buyers, hereby are forever barred, estopped, and permanently enjoined

from asserting against the Buyers, their successors or assigns, their property, or the Acquired

Assets, such persons' or entities' Interests and/or Claims.  Nothing in this order or the Agreement

releases or nullifies any Liability to any United States federal, state, or local governmental

agency under any environmental laws and regulations that any entity would be subject to as

owner or operator of any Acquired Assets after the date of entry of this order.  Nothing in this

order or the Agreement bars, estops, or enjoins any United States federal, state, or local

governmental agency from asserting or enforcing, outside the Court, any liability described in

the preceding sentence.  Notwithstanding the above, nothing herein shall be construed to permit

any United States federal, state, or local governmental agency to obtain penalties from the

Buyers for days of violation of environmental laws and regulations prior to Closing.

13.     All persons and entities are hereby forever prohibited and enjoined from

taking any action that would adversely affect or interfere with the ability of the Selling Debtor

Entities to sell and transfer the Acquired Assets to the Buyers, in each case in accordance with

the terms of the Agreement or this order.

### Assumption And Assignment Of The Assumed And Assigned Contracts To The Buyers

14.     Pursuant to 11 U.S.C. § 365, and subject to and conditioned upon the

Closing of the Sale, the Selling Debtor Entities' assumption and assignment to the Buyers, and

the Buyers' assumption on the terms set forth in the Agreement, of the Assumed U.S. Contracts

is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f) with respect

thereto are hereby deemed satisfied; provided, however, that in the event the effective date of the

Plan occurs prior to the Closing of the Sale, then the Assumed U.S. Contracts shall be assumed

13

pursuant to the Plan and assigned in accordance with 11 U.S.C. §§ 365 and 1123 and the

provisions of this order pursuant to the terms set forth in the Agreement.

15.     The Selling Debtor Entities are hereby authorized in accordance with 11

U.S.C. §§ 105(a), 363, and 365 to (a) assume and/or assign to the Buyers, effective upon the

Closing of the Sale, the Assumed and Assigned Contracts free and clear of all Interests and/or

Claims of any kind or nature whatsoever and (b) execute and deliver to the Buyers such

documents or other instruments as may be necessary to assign and transfer the Assumed and

Assigned Contracts and Assumed Liabilities to the Buyers.

16.     The Assumed and Assigned Contracts shall be transferred to, and remain

in full force and effect for the benefit of, the Buyers in accordance with their respective terms,

notwithstanding any provision in any such Assumed and Assigned Contract (including those of

the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts,

or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Selling Debtor

Entities shall be relieved from any further liability with respect to the Assumed and Assigned

Contracts after such assignment to and assumption of such contracts by the Buyers.

17.     All defaults or other obligations of the Selling Debtor Entities under the

Assumed and Assigned Contracts arising or accruing prior to the Closing of the Sale (without

giving effect to any acceleration clauses or any default provisions of the kind specified in section

365(b)(2) of the Bankruptcy Code) shall be cured by the Selling Debtor Entities at the Closing of

the Sale or as soon thereafter as practicable or in the event the effective date of the Plan occurs

prior to the Closing of the Sale, in accordance with the terms of the Plan, or absent an agreement

as to the Cure Amount between the Selling Debtor Entities and the non-Debtor counterparty to

14

an Assumed U.S. Contract, by order of this Court, in the amounts as set forth on <u>Exhibit 2</u> hereto,

and the Buyers shall have no liability or obligation arising or accruing prior to the date of the

Closing of the Sale, except as otherwise expressly provided in the Agreement.  Cure shall be

payable only to the counterparty to any Assumed U.S. Contract.  Each non-Debtor counterparty

to any Assumed U.S. Contract shall be deemed to have consented to the assumption and

assignment of the Assumed U.S. Contract to the Buyers and shall be forever barred, estopped,

and permanently enjoined from asserting against the Selling Debtor Entities or the Buyers, or the

property of any of them, any default existing, arising, or accruing as of the date of the Closing or

any purported written or oral modification to such Assumed U.S. Contract.  Each non-Debtor

counterparty to any Assumed U.S. Contract shall be forever barred, estopped, and permanently

enjoined from asserting against the Buyers (or their property, including the Acquired Assets) any

claim, counterclaim, defense, breach, condition, or setoff asserted or assertable against the

Debtors.  The failure of the Selling Debtor Entities or the Buyers to enforce prior to the Closing

of the Sale one or more terms or conditions of any Assumed and Assigned Contracts shall not be

a waiver of such terms or conditions or of the Selling Debtor Entities' or Buyers' rights to enforce

every term and condition of any such Assumed and Assigned Contracts.  There shall be no rent

accelerations, assignment fees, increases (including of rates), or any other fees charged to the

Buyers as a result of the assumption and assignment of the Assumed U.S. Contracts.

<u>Additional Provisions</u>

18.    The transactions contemplated by the Agreement, and the execution,

delivery, and/or recordation of any and all documents or instruments necessary or desirable to

consummate the transactions contemplated by the Agreement shall be, and hereby are, exempt

15

from the imposition and payment of all stamp taxes or any other similar taxes pursuant to section 1146(c) of the Bankruptcy Code.

19.     The consideration provided by the Buyers for the Acquired Assets under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and the laws of the United States and any state, territory, or possession thereof, or the District of Columbia.

20.     Upon the Closing of the Sale, this order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets and Assumed and Assigned Contracts or a bill of sale transferring good and marketable title in such Acquired Assets and Assumed and Assigned Contracts to the Buyers pursuant to the terms of the Agreement.

21.     Upon the Closing of the Sale, each of the Selling Debtor Entities' creditors is authorized and directed to execute such documents and take all other such actions as may be necessary to release their respective Interests and/or Claims against the Acquired Assets, if any, as such Interests and/or Claims may have been recorded or may otherwise exist.

22.     Each and every United States federal, state, and local governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

23.     All entities which are currently, or as of the Closing of the Sale may be, in possession of some or all of the Acquired Assets to be sold, transferred, or conveyed pursuant to the Agreement are hereby directed to surrender possession of the Acquired Assets to the Buyers upon the Closing of the Sale.

24.     All entities holding Interests and/or Claims against or in the Selling Debtor Entities or the Acquired Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests and/or Claims of any kind or nature whatsoever against the Buyers, their property, their successors and assigns, or the Acquired Assets with respect to any Interest and/or Claim of any kind or nature whatsoever which such person or entity had, has, or may have against or in the Selling Debtor Entities, their estates, their officers, their directors, their shareholders, or the Acquired Assets.  Following the Closing of the Sale, no holder of an Interest and/or Claim in or against the Selling Debtor Entities shall interfere with the Buyers' title to or use and enjoyment of the Acquired Assets based on or related to such Interest and/or Claim or any actions that the Selling Debtor Entities may take, or have taken, in their chapter 11 cases.

25.     The transactions contemplated by the Agreement are undertaken by the Buyers in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Acquired Assets shall not affect the validity of the Sale to the Buyers, unless such authorization is duly stayed pending such appeal.  The Buyers are purchasers in good faith of the Acquired Assets pursuant to section 363(m) of the Bankruptcy Code, and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

17

26.    The consideration provided by the Buyers for the Acquired Assets under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

27.    The purchase price shall be and hereby is allocated between the Selling Debtor Entities and the non-Debtor Sellers as set forth on Exhibit 3 hereto.  To the extent that indemnification obligations arise under the Agreement on account of the liability of a non-Debtor Seller, such indemnity shall be paid from the proceeds of the Sale allocated to such non-Debtor Seller.

28.    The Selling Debtor Entities, including, but not limited to, their officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Agreement and this order.  The Selling Debtor Entities shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this order.

29.    The terms and provisions of the Agreement and this order shall be binding in all respects upon the Selling Debtor Entities, their estates, and their stakeholders, the Buyers and their affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all entities asserting an Interest and/or Claim against or in the Acquired Assets to be sold to the Buyers pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and provisions likewise shall be binding.

30.    Notwithstanding anything contained herein to the contrary, the term "Acquired Assets" as defined herein does not include property that is not property of the Selling

Debtor Entities' estates or of the other Sellers, such as funds that are trust funds under any

applicable state lien laws.

31.    To the extent permitted by section 525 of the Bankruptcy Code, no

governmental unit may revoke or suspend any permit or license relating to the operation of the

Acquired Assets sold, transferred, or conveyed to the Buyers on account of the filing or

pendency of these chapter 11 cases or the consummation of the Sale.

32.    The failure specifically to include or to reference any particular provision

of the Agreement in this order shall not diminish or impair the effectiveness of such provision, it

being the intent of the Court that the Agreement be authorized and approved in its entirety.

33.    This Court retains exclusive jurisdiction to interpret, construe, enforce,

and implement the terms and provisions of this order, the Agreement, all amendments thereto,

any waivers and consents thereunder, and of each of the agreements executed in connection

therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel

delivery of the Acquired Assets to the Buyers, (b) compel delivery of the purchase price or

performance of other obligations owed pursuant to the Agreement, (c) resolve any disputes

arising under or related to the Agreement, except as otherwise provided therein, (d) interpret,

implement, and enforce the provisions of this order, (e) protect the Buyers against any Interests

and/or Claims against or in the Selling Debtor Entities or the Acquired Assets, of any kind or

nature whatsoever, attaching to the proceeds of the Sale, and (f) determine all disputes among the

Selling Debtor Entities, the Buyers, and any non-Debtor parties to any Assumed and Assigned

Contracts concerning, inter alia, the Selling Debtor Entities' assumption and/or assignment of

any Assumed and Assigned Contract to the Buyers under the Agreement.

Dated: New York, New York
_____

_____

UNITED STATES BANKRUPTCY JUDGE