**Hearing Date:  January 15, 2009**
                                                **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                        :         Chapter 11
                                               :
DELPHI CORPORATION, et al.,       :         Case No. 05-44481 (RDD)
                                             :
                    Debtors.      :         (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 13590, 13591, AND 13592
(<u>MOTOR CITY ELECTRIC</u>)**

("STATEMENT OF DISPUTED ISSUES – MOTOR CITY ELECTRIC")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Diesel Systems Corporation ("Delphi Diesel"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proofs Of Claim Numbers 13590, 13591, And 13592 filed by Motor City Electric ("Motor City") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Motor City filed proof of claim number 13590 ("Proof of Claim No. 13590") against Delphi. Proof of Claim No. 13590 asserts a secured claim in the amount of $62,435.12 stemming from goods sold and/or services provided.

3. On July 31, 2006, Motor City filed proof of claim number 13591 ("Proof of Claim No. 13591") against Delphi. Proof of Claim No. 13591 asserts a secured claim in the amount of $10,487.41 stemming from goods sold and/or services provided.

4. On July 31, 2006, Motor City filed proof of claim number 13592 ("Proof of Claim No. 13592," and together with Proof of Claim No. 13590 and Proof of Claim No. 13591, the "Proofs of Claim") against Delphi Diesel. Proof of Claim No. 13592 asserts a secured claim in the amount of $1,901.51 stemming from goods sold and/or services provided.

5. On December 21, 2007, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On

2

Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Fourth Omnibus Claims Objection").

6.  On January 17, 2008, Motor City filed its Response Of Motor City Electric Co. To Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. §502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims; (B) Claims Not Reflected On Debtors' Books And Records (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 12217) (the "Response").

Disputed Issues

A.  <u>Delphi Does Not Owe Motor City The Amount Asserted In Proof Of Claim No. 13590</u>

7.  Motor City asserts in Proof of Claim No. 13590 that it has a secured claim against Delphi in the amount of $62,435.12 for goods sold and/or services performed ("Claim No. 13590"). Delphi has reviewed the information attached to Proof Of Claim No. 13590 and the Response and disputes that it owes the amount asserted in Proof of Claim No. 13590 for the following reasons: (a) certain prepetition invoices are billed to non-Debtor entities and (b) certain postpetition invoices are billed to non-Debtor entities. In addition, Proof of Claim No. 13590 is not a secured claim, because each of the construction liens attached to Proof of Claim No. 13590 was filed postpetition.

8.  <u>Invoices For Non-Debtor Entities</u>. Based upon Delphi's review of Proof of Claim No. 13590, the Claim includes certain invoices billed to Direct Sourcing Solutions, Inc. ("DSSI"), a non-Delphi, non-Debtor entity. Therefore, $47,331.25 should be subtracted from the amount claimed on Proof of Claim No. 13590.

3

9.     <u>Postpetition Invoices For Non-Debtor Entities</u>. Based upon Delphi's review of Proof of Claim No. 13590, Claim No. 13590 includes invoice 65878, a postpetition invoice billed to Jones Lang LaSalle, a non-Delphi, non-Debtor entity. Therefore, because the invoice is (i) to a non-Debtor entity and (ii) for postpetition periods, $2,400.49 should be subtracted from the amount claimed on Proof of Claim No. 13590.

10.     <u>Sum Of Invoices Exceeds Amount Claimed</u>. The total dollar amount of the invoices submitted with Proof of Claim No. 13590 is approximately $138.69 greater than the amount claimed on Proof of Claim No. 13590. Proof of Claim No. 13590 asserts a liability of $62,435.12, but the invoices submitted total to $62,573.81. After subtracting $47,331.25 for invoices to a non-Debtor entity and $2,400.49 for postpetition invoices to a non-Debtor entity, the debtors propose adding $138.69, for a total reconciled amount of $12,842.07.

11.     After taking into account the above-referenced deductions to Proof of Claim No. 13590, the Debtors reconciled Proof of Claim No. 13590 as illustrated in the following chart:

| Claimant's Asserted Amount on Proof of Claim No. 13590 | | $62,435.12 secured |
|---|---|---|
| <u>Modifications</u> | Invoices For Non-Debtor Entities | ($47,331.25) |
| | Postpetition Invoices For Non-Debtor Entities | ($2,400.49) |
| | Sum Of Invoices Exceeds Amount Claimed | $138.69 |
| <u>Reconciled Amount</u> | | $12,842.07 unsecured |

12.     The Debtors do not dispute at this time the remaining $12,842.07 of Proof of Claim No. 13590 and request that Proof of Claim No. 13590 be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $12,842.07.

4

B.     <u>Delphi Does Not Owe Motor City The Amount Asserted In Proof Of Claim Number 13591</u>

13.     Motor City asserts in Proof of Claim No. 13591 that it has a secured claim against Delphi in the amount of $10,487.41 for goods sold and/or services provided ("Claim No. 13591"). Delphi has reviewed the information attached to the Proof of Claim No. 13591 and the Response and disputes that it owes the amount asserted in Proof of Claim No. 13591 for the following reasons: (a) certain prepetition invoices are billed to non-Debtor entities and (b) certain postpetition invoices are billed to non-Debtor entities. In addition, Proof of Claim No. 13591 is not a secured claim, because each of the construction liens attached to Proof of Claim No. 13591 was filed postpetition.

14.     <u>Invoices For Non-Debtor Entities</u>. Based upon Delphi's review of Proof of Claim No. 13591, Claim No. 13591 includes certain invoices billed to DSSI, a non-Delphi, non-Debtor entity. Therefore, $10,195.25 should be subtracted from the amount claimed on Proof of Claim No. 13591.

15.     <u>Postpetition Invoices For Non-Debtor Entities</u>. Based upon Delphi's review of Proof of Claim No. 13591, the Claim includes invoice 65877, a postpetition invoice billed to Jones Lang LaSalle, a non-Delphi, non-Debtor entity. Therefore, because the invoice is (i) to a non-Debtor entity and (ii) for postpetition periods, $292.16 should be subtracted from the amount claimed on Proof of Claim No. 13591.

16.     After taking into account the above-referenced deductions to Proof of Claim No. 13591, the Debtors reconciled Proof of Claim No. 13591 as illustrated in the following chart:

5

| Claimant's Asserted Amount on Proof of Claim No. 13591 | | $10,487.41 secured |
|---|---|---|
| Modifications | Invoices For Non-Debtor Entities | ($10,195.25) |
| | Postpetition Invoices For Non-Debtor Entities | ($292.16) |
| Reconciled Amount | | $0.00 unsecured |

17.     The Debtors accordingly dispute the entirety of Proof of Claim No. 13591 and request that Claim No. 13591 be disallowed and expunged in its entirety.

C.     Delphi Diesel Does Not Owe Motor City The Amount Asserted In Proof Of Claim Number 13592

18.     Motor City asserts in Proof of Claim No. 13592 that it has a secured claim against Delphi Diesel in the amount of $1,901.51 for goods sold and/or services provided ("Claim No. 13592").  Delphi has reviewed the information attached to the Proof of Claim No. 13592 and the Response and disputes that it owes the amount asserted in Proof of Claim No. 13592 because a certain postpetition invoice has been paid.  In addition, Proof of Claim No. 13592 is not a secured claim, because each of the construction liens attached to Proof of Claim No. 13592 was filed postpetition.

19.     Invoices For Non-Debtor Entities.  Based upon Delphi's review of Proof of Claim No. 13592, Claim No. 13592 includes invoice 64319, an invoice billed to Jones Lang LaSalle, a non-Delphi, non-Debtor entity.  Therefore, because the invoice is to a non-Debtor entity, $993.92 should be subtracted from the amount claimed on Proof of Claim No. 13592.

20.     Certain Postpetition Invoices Have Been Paid.  Based upon Delphi Diesel's various accounts payable records, postpetition invoice 66085 reflected in Proof of Claim No. 13592 has been paid.  Therefore, $907.59 should be subtracted from the amount claimed in Proof of Claim No. 13592.

6

| Claimant's Asserted Amount on Proof of Claim No. 13592 | | $1,901.51 secured |
|---|---|---|
| Modifications | Invoices For Non-Debtor Entities | ($993.92) |
| | Paid Postpetition Invoice | ($907.59) |
| Reconciled Amount | | $0.00 unsecured |

21. The Debtors accordingly dispute the entirety of Proof of Claim No. 13592 and request that Claim No. 13592 be disallowed and expunged in its entirety.

### Reservation Of Rights

22. This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing Proof of Claim No. 13590 to the maximum amount of $12,842.07 as a general unsecured non-priority claim against the estate of DAS LLC, (b) disallowing and expunging Proof of Claim No. 13591 in its entirety, (c) disallowing and expunging Proof of Claim No. 13592 in its entirety, and (d) granting the Debtors such other and further relief as is just.

Dated: New York, New York
November 18, 2008

       SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

       By: /s/ John Wm. Butler, Jr.
         John Wm. Butler, Jr.
         John K. Lyons
         Albert L. Hogan, III
         Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

       By: /s/Kayalyn A. Marafioti
         Kayalyn A. Marafioti
         Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

8