**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | ) | Case No. 05-44481(RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**FINAL ORDER UNDER 11 U.S.C. §§ 328 AND 1103**
**AUTHORIZING EMPLOYMENT AND RETENTION OF**
**MOELIS & COMPANY LLC AS CO-INVESTMENT BANKER TO THE OFFICIAL**
<u>COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO JULY 1, 2008</u>

Upon the application, dated September 3, 2008 (the "<u>Application</u>"), of the Official

Committee of Unsecured Creditors appointed in the above-captioned cases (the "<u>Committee</u>")

for entry of interim and final orders under 11 U.S.C. §§ 328(a) and 1103 and Rules 2014, 2016

and 5002 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") authorizing the

employment and retention of Moelis & Company LLC ("<u>Moelis</u>") as co-investment banker to the

Committee *nunc pro tunc* to July 1, 2008; and upon the Declaration of William Q. Derrough, a

Managing Director of Moelis (the "<u>Derrough Declaration</u>"); and upon the proceedings held

before this Court; and this Court having determined that the relief requested in the Application is

in the best interests of the Debtors, their estates and creditors; and the Court being satisfied that

Moelis does not represent any entity having an adverse interest in connection with these cases;

and the Court being satisfied that the terms of compensation being sought by Moelis as set forth

in the Engagement Letter attached to the Derrough Declaration (the "<u>Engagement Letter</u>") are

reasonable; and it appearing that proper and adequate notice of the Application and the terms of

the Engagement Letter has been given and that no further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

NY\1442378.1

**ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Application is GRANTED on a final basis.

2.      The Committee is authorized to employ and retain Moelis, *nunc pro tunc* to July 1, 2008, as its co-investment banker, on a final basis pursuant to the terms set forth in the Engagement Letter, including the modification of the Committee's compensation of Jeffries & Company, Inc., set forth in the Agreement attached as Annex 2 to the Derrough Declaration (the "Jeffries/ Moelis Agreement")

3.      Pursuant to the Jeffries/ Moelis Agreement, Moelis is entitled to receive from the Debtors' estates, as compensation for its services in these cases: (a) a monthly fee of $131,250 per month and (b) a transaction fee in an amount equal to one third of (i) 0.50% of Total Consideration (as defined in the Engagement Letter) greater than $0.50 and up to including $0.75 per $1.00 of allowed unsecured claim and (ii) 0.75% of Total Consideration greater than $0.75 per $1.00 of allowed unsecured claim.  The Transaction Fee payable to Moelis shall not be less than $0.67 million or greater than $3.33 million (the "Cap").  Moelis reserves the right to request modification of the Cap.  Any request by Moelis or Jefferies & Company, Inc. to modify or waive the Cap, as defined in (a) the Engagement Letter and (b) the engagement letter between Jefferies & Company, Inc. and the Committee, shall be analyzed by this Court under the standards applicable to professional fee enhancement requests.  To the extent the Total Consideration is paid in cash, the Transaction Fee is also payable in cash.  To the extent the Total Consideration will consist of non-cash consideration, in the Committee's sole discretion, the Transaction Fee may be payable in like consideration.

4.      All of Moelis' fees and expenses in these chapter 11 cases, including without limitation the monthly fees and the transaction fees, are approved pursuant to section 328(a) of

2

NY\1442378.1

the Bankruptcy Code.  Except as set forth in the next decretal paragraph, compensation and expense reimbursements sought by Moelis shall not hereafter be subject to challenge or review except under the standards of review under 11 U.S.C. § 328(a).

5.    Any and all fees will be paid to Moelis upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by this Court in these cases provided, however, that Moelis' restructuring professionals shall keep time records in one-hour increments and Moelis' non-restructuring professionals shall not be required to keep time records.  Any fees or expenses paid to Moelis but disapproved by this Court will be promptly returned by Moelis to the Debtors' estates.  Only the United States Trustee shall retain the right to object to Moelis' fee applications (including expense reimbursements) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

6.    All requests of Indemnified Persons (as defined in the Engagement Letter) for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to review by this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, subject to the condition that in no event shall an Indemnified Person be indemnified or receive contribution in the case of bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

NY\1442378.1

7.      In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors, their estates or the Committee asserts a claim for, and the Court determines by final order that such claim arose out of, bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

8.      In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Moelis' own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code.

9.      To the extent that any express term of this Final Order is inconsistent with the Engagement Letter, such term of this Final Order shall govern.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

NY\1442378.1

11.     The requirement under Local Rule 9013-1(b) for the service and filing of a

separate memorandum of law is deemed satisfied by the Application.


Date:   New York, New York
        November 24, 2008


                                        _____/s/ Robert D. Drain_ _____
                                        UNITED STATES BANKRUPTCY JUDGE

NY\1442378.1