UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

    In re                                 :          Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        :          Case No. 05-44481 (RDD)
                                          :
                    Debtors.     :          (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 (I) DISALLOWING AND EXPUNGING CERTAIN CLAIMS
INCLUDING (A) AN UNTIMELY EQUITY CLAIM, (B) A BOOKS AND
RECORDS CLAIM THAT IS SUBJECT TO PRIOR ORDER, (C)
UNTIMELY BOOKS AND RECORDS CLAIMS, (D) A BOOKS AND
RECORDS TAX CLAIM THAT IS SUBJECT TO PRIOR ORDER, AND (E)
UNTIMELY CLAIMS AND (II) MODIFYING CLAIMS ASSERTING
RECLAMATION THAT ARE SUBJECT TO PRIOR ORDERS, AS
IDENTIFIED IN THIRTY-FIRST OMNIBUS CLAIMS OBJECTION

("THIRTY-FIRST OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is

Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax

Claim That Is Subject To Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting

Reclamation That Are Subject To Prior Orders, dated October 17, 2008 (the "Thirty-First

Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries

and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-First Omnibus Claims Objection.

"Debtors"); and upon the record of the hearing held on the Thirty-First Omnibus Claims Objection; and there being no objection to the relief provided herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B-1, B-2, B-3, C, and D hereto was properly and timely served with a copy of the Thirty-First Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-First Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-First Omnibus Claims Objection. No other or further notice of the Thirty-First Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Thirty-First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-First Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-First Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claim listed on Exhibit A hereto was filed by a holder of Delphi common stock solely on account of such holder's stock holdings and was untimely filed pursuant to the Bar Date Order (the "Untimely Equity Claim").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

   D. The Claim listed on <u>Exhibit B-1</u> hereto contains a liability or dollar amount that is not reflected on the Debtors' books and records and was also subject to a prior order of this Court (the "Books And Records Claim That Is Subject To Prior Order").

   E. The Claims listed on <u>Exhibit B-2</u> hereto contain liabilities or dollar amounts that are not reflected on the Debtors' books and records and were untimely filed pursuant to the Bar Date Order (the "Untimely Books And Records Claims").

   F. The Claim listed on <u>Exhibit B-3</u> hereto, which was filed by a taxing authority, asserts a liability or dollar amount that is not reflected on the Debtors' books and records and was also subject to a prior order of this Court (the "Books And Records Tax Claim That Is Subject To Prior Order").

   G. The Claims listed on <u>Exhibit C</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

   H. The Claims listed on <u>Exhibit D</u> hereto were modified pursuant to prior orders of this Court and (a)(i) state the incorrect amount or are overstated, including as a result of the assertion of invalid unliquidated claims, and/or (ii) were filed and docketed against the wrong Debtor, and/or (iii) incorrectly assert secured or priority status and (b) assert a reclamation demand and either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), subject to the Debtors' right to seek, at any time and notwithstanding the Claimant's agreement or consent to the amount pursuant to the Reclamation Agreement, a judicial determination that certain

reserved defenses with respect to the reclamation demand are valid (the "Modified Claims Asserting Reclamation That Are Subject To Prior Orders").

I.  For clarity, Exhibit E hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibit D.  Exhibit F sets forth each of the Claims referenced on Exhibits A, B-1, B-2, B-3, C, and D in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

J.  No Responses to the Thirty-First Omnibus Claims Objection have been filed and served, such that the hearing will not be adjourned for any of the Claims subject to the Thirty-First Omnibus Claims Objection pursuant to the Claims Objection Procedures Order.

K.  The relief requested in the Thirty-First Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Untimely Equity Claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

2.  The Books And Records Claim That Is Subject To Prior Order listed on Exhibit B-1 hereto is hereby disallowed and expunged in its entirety.

3.  Each of the Untimely Books And Records Claims listed on Exhibit B-2 hereto is hereby disallowed and expunged in its entirety.

4.  The Books And Records Tax Claim That Is Subject To Prior Order listed on Exhibit B-3 hereto is hereby disallowed and expunged in its entirety.

5.  Each of the Untimely Claims listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

6.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit D</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on <u>Exhibit D</u> hereto shall be entitled to (a) recover any Modified Claim Asserting Reclamation That Is Subject To Prior Order in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit D</u> hereto, subject to the Debtors' right to further object to each such Modified Claim Asserting Reclamation That Is Subject To Prior Order.  The Modified Claims Asserting Reclamation That Are Subject To Prior Orders shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

7.  Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-First Omnibus Claims Objection.

8.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against any of the Debtors.

9.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-First Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10. Each of the objections by the Debtors to each Claim addressed in the Thirty-First Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>, <u>B-1</u>, <u>B-2</u>, <u>B-3</u>, <u>C</u>, and

5

<u>D</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-First Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

11.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

12.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Thirty-First Omnibus Claims Objection.

Dated: New York, New York
       November <u>24</u>, 2008

                                             _____/s/Robert D. Drain_____
                                             UNITED STATES BANKRUPTCY JUDGE