DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-6501
Donald S. Bernstein (DB 6681)
Michael S. Flynn (MF 0505)
Brian M. Resnick (BR 4687)

*Counsel to JPMorgan Chase Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
**In re:**                                             :
                                                       :   **Chapter 11 Case No.**
                                                       :
**DELPHI CORP., et al.,**                              :   **05-44481 (RDD)**
                                                       :
                                                       :   **(Jointly Administered)**
**Debtors.**                                           :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JPMORGAN CHASE BANK, N.A.'S RESPONSE TO THE SUPPLEMENTAL
OBJECTION OF TRANCHE C COLLECTIVE IN RESPONSE TO DEBTORS'
REVISED ACCOMMODATION AGREEMENT**

JPMorgan Chase Bank, N.A., ("**JPMC**"), the Administrative Agent (the

"**Administrative Agent**") for the Amended and Restated Revolving Credit, Term Loan

and Guaranty Agreement (the "**DIP Credit Agreement**") and a Lender thereunder,

respectfully submits this Response to the Tranche C Collective's Supplemental Objection

in Response to Debtors' Revised Accommodation Agreement (the "**Supplemental

Objection**").

The Supplemental Objection largely repeats the Tranche C Collective's prior

baseless accusations against JPMC.  JPMC addressed those unfounded accusations in its

prior response (the "**JPMC Response**"), which it hereby incorporates by reference.[1]  In

repeating its accusations, the Collective completely ignores the JPMC Response.  Most

notably, it ignores the fact that JPMC has repeatedly informed the Collective and the

Debtors, and repeats again, that JPM would agree to an Accommodation Agreement

without an increased hedging basket.  (JPMC Response, 3.)  The Collective knows full

well that JPMC did not insist on an increase in the hedging basket.  Rather it was the

Debtors that insisted on such increase to induce the hedging counterparties (JPMC among

them) to agree not to exercise their respective rights to terminate their hedging

transactions.

        The Collective purports to recognize that the Debtors must address a multiplicity

of issues raised by numerous parties (including, for example, General Motors) in order to

reach an Accommodation Agreement that meets the needs of both the Debtors and the

Required Lenders.  (Supplemental Objection, 1.)  The Debtors believe that the current

version of the Accommodation Agreement strikes an appropriate balance, and despite the

fact that the Collective does not like the balance the Debtors have struck, the Debtors

have every right to propose (and each of the signing Lenders, including JPMC, has every

right to enter into) the revised Accommodation Agreement.

        Despite the Tranche C Collective's innuendos, there is nothing improper about the

Accommodation Agreement or about any party's decision to enter into it.[2]  As the

---

[1]  JPMorgan Chase Bank, N.A.'s Response to the Tranche C Collective's Response to Debtors'
Motion to Supplement DIP Financing Order and Approve Accommodation Agreement (Docket No. 14480).

[2]  There is little sense in debating the Collective's inflammatory characterization of the fees that
JPMC would receive if the Court authorizes the Debtors to, and the Debtors then execute, the
Accommodation Agreement.  The Court will undoubtedly consider the fees being paid to various parties in
evaluating the sufficiency of the Debtors' business justification for entering into the Accommodation
Agreement.

members of the Tranche C Collective well know, the Accommodation Agreement is

permitted under the terms of the DIP Credit Agreement to which they voluntarily agreed,

and the sole relevant issue for the Court is whether the Debtors have a sufficient business

justification for entering into the Accommodation Agreement.[3]

New York, New York
Dated: November 30, 2008

By:  /s/ Donald S. Bernstein
     Donald S. Bernstein (DB 6681)
     Michael S. Flynn (MF 0505)
     Brian M. Resnick (BR 4687)

     DAVIS POLK & WARDWELL
     450 Lexington Avenue
     New York, New York 10017
     Telephone: (212) 450-4000
     Facsimile:  (212) 450-6501

     *Counsel to JPMorgan Chase Bank,
     N.A.*

---

[3]   The Tranche C Collective has commented on the process regarding the latest changes to the Accommodation Agreement.  To be clear, the Debtors filed with the Bankruptcy Court, on Wednesday, November 26, 2008, a blackline of the execution version of the Accommodation Agreement showing the revisions made to the agreement since Friday, November 21, 2008, and all Lenders have now been given until Monday, December 1, 2008 at 9:00 a.m. to decide whether or not to assent.  The Debtors have decided not to pay Accommodation Fees (as defined in the Accommodation Agreement) to Lenders who did not send in a signature page prior to November 26, 2008 at 5:00 p.m. (which deadline was posted to IntraLinks on the morning of Monday, November 24, 2008).  That is the Company's decision to make, subject to the Court's grant of authority to the Company.