1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, et al.


        Debtors.


- - - - - - - - - - - - - - - - - - - -x


                United States Bankruptcy Court

                One Bowling Green

                New York, New York


                November 24, 2008

                11:01 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2  HEARING re the Official Committee of Unsecured Creditors'

3  Application for Interim and Final Orders Under §§ 328 and 1103

4  of the Bankruptcy Code and Bankruptcy Rule 2014 Approving

5  Retention of Moelis & Company LLC as Co-Investment Banker to

6  the Committee Nunc Pro Tunc to July 1, 2008

7

8  HEARING re Debtors' Thirty-First Omnibus Objection Pursuant to

9  11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (a) Untimely

10  Equity Claim; (b) Books and Records Claim that is Subject to

11  Prior Order; (c) Untimely Books and Records Claims; (d) Books

12  and Records Tax Claim that is Subject to Prior Order; (e)

13  Untimely Claims; and (f) Modified Claims Asserting Reclamation

14  that are Subject to Prior Orders

15

16  Hearing Re Expedited Motion for Orders Under 11 U.S.C. §§ 363,

17  365, 1123, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and

18  9014 (A) (i) Approving Bidding Procedures; (ii) Granting

19  Certain Bid Protections; (iii) Approving Form and Manner of

20  Sale Notices; and (iv) Setting Sale Hearing Date and (B)

21  Authorizing and Approving (i) Sale of Debtors' Assets

22  Comprising Debtors' Exhaust Emissions Business Free and Clear

23  of Liens, Claims, and Encumbrances; (ii) Assumption and

24  Assignment of Certain Executory Contracts and Unexpired Leases,

25  and (iii) Assumption of Certain Liabilities

3

1

2    HEARING re Expedited Motion for Order Authorizing Debtors to

3    Enter Into (i) Second Amendment to Arrangement with General

4    Motors Corporation Approved Pursuant to Second DIP Extension

5    Order and (ii) Partial Temporary Accelerated Pay

6

7    Hearing Re Expedited Motion for Order (i) Supplementing January

8    5, 2007 Dip Refinancing Order (Docket No. 6461) and Authorizing

9    Debtors to Enter Into and Implement Accommodation Agreement

10   with Agent and Participating Lenders and (ii) Authorizing

11   Debtors to (A) Enter Into Related Documents and (B) Pay Fees in

12   Connection Therewith

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

```
                                                                    4

 1

 2     A P P E A R A N C E S :

 3     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

 4           Attorneys for Debtors and Debtors-in-Possession

 5           333 West Wacker Drive

 6           Chicago, IL 60606

 7

 8     BY:   JOHN WM. BUTLER, JR.

 9           ALBERT L. HOGAN III

10

11     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

12           Attorneys for Debtors and Debtors-in-Possession

13           Four Times Square

14           New York, NY 10036

15

16     BY:   KAYALYN A. MARAFIOTI, ESQ.

17

18     LATHAM & WATKINS LLP

19           Attorneys for Official Committee of Unsecured Creditors

20           53rd at Third

21           885 Third Avenue

22           New York, NY 10022

23

24     BY:   MARK A. BROUDE, ESQ.

25           MICHAEL RIELA, ESQ.
```

```
                                                                      5

 1

 2    WARNER STEVENS, LLP

 3          Attorneys for Official Committee of Unsecured Creditors

 4          301 Commerce Street

 5          Suite 1700

 6          Fort Worth, TX 76102

 7

 8    BY:   LEWIS T. STEVENS, ESQ.

 9          (TELEPHONICALLY)

10

11    FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

12          Attorneys for Equity Committee

13          One New York Plaza

14          New York, NY 10004

15

16    BY:   BONNIE STEINGART, ESQ.

17

18    WEIL, GOTSHAL & MANGES LLP

19          Attorneys for General Motors Corporation

20          767 Fifth Avenue

21          New York, NY 10153

22

23    BY:   JEFFREY L. TANENBAUM, ESQ.

24

25
```

```
                                                              6
 1

 2    HAYNES AND BOONE, LLP

 3          Attorneys for Calyon New York Branch

 4          1221 Avenue of the Americas

 5          26th Floor

 6          New York, NY 10020

 7

 8    BY:   JUDITH ELKIN, ESQ.

 9

10    COOLEY GODWARD KRONISH LLP

11          Attorneys for Greywolf Capital

12          1114 Avenue of the Americas

13          New York, NY 10036

14

15    BY:   RONALD R. SUSSMAN, ESQ.

16

17    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18          Attorneys for Tranche C Collective

19          51 Madison Avenue

20          22nd Floor

21          New York, NY 10010

22

23    BY:   SUSHEEL KIRPALANI, ESQ.

24          RICHARD I. WERDER, ESQ,

25
```

7

1

2    ANDREWS KURTH LLP

3          450 Lexington Avenue

4          New York, NY 10017

5

6    BY:   PAUL SILVERSTEIN, ESQ.

7

8    DAVIS POLK & WARDWELL

9          Attorneys for JPMorgan Chase as DIP Agent

10         450 Lexington Avenue

11         New York, NY 10017

12

13   BY:   DONALD S. BERNSTEIN, ESQ.

14         MICHAEL S. FLYNN, ESQ.

15         KARIN S. DAY, ESQ.

16         BRIAN M. RESNICK, ESQ.

17

18   WINSTON & STRAWN LLP

19         Attorneys for Group of Lenders

20         200 Park Avenue

21         New York, NY 10166

22

23   BY:   ROBERT BOUDREAU, ESQ.

24         (TELEPHONICALLY)

25

8

1

2  BINGHAM MCCUTCHEN, LLP

3       Attorneys for General Electric Capital Corp.

4       One Federal Street

5       Boston, MA 02110

6

7  BY:   JULIA FROST-DAVIES, ESQ.

8       (TELEPHONICALLY)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9

P R O C E E D I N G S

1

2          THE COURT:  Okay.  Delphi Corporation.

3          MR. BUTLER:  Your Honor, good morning.  Jack Butler,

4     Al Hogan and Kayalyn Marafioti here from Skadden on behalf of

5     Delphi Corporation for its thirty-seventh omnibus hearing.

6     Your Honor, this morning's agenda has five matters on it.  With

7     the Court's permission, I'd like to address matters 4 and 5

8     first.

9          THE COURT:  Okay.

10         MR. BUTLER:  Your Honor, earlier this morning, there

11    were separate chambers conferences between the interested

12    parties in the court on matters number 4, the GM arrangement

13    second amendment agreement approval motion, filed at docket

14    number 14409, and the accommodation motion at docket number

15    14408.  The GM arrangement second amendment agreement approval

16    motion is not contested.  There have been a series of

17    objections filed to the accommodation motion.  And today is the

18    date and time scheduled for the contested hearing on that

19    matter.

20         Over the course of the weekend, there have been

21    discussions between the interested parties including

22    discussions between General Motors and Delphi Corporation.  And

23    based on those discussions in connection with GM providing the

24    600 million dollars worth of additional liquidity to the estate

25    under the terms of the GM arrangement second amendment

10

1    agreement approval motion, GM has requested, and Delphi has

2    agreed, that we will continue review with our DIP lenders the

3    terms and conditions of the proposed accommodation motion

4    including reviewing certain amendments that have been made

5    since the November 7th original filing.  There are meetings

6    scheduled to conduct those discussions this week.  And the lead

7    arranger has, on the bank Interlink system, extended the

8    consent date for pages under the accommodation motion to

9    Wednesday at 5:00.  The company -- well, the company had --

10            THE COURT:  So Wednesday this week?

11            MR. BUTLER:  This Wednesday this week, Your Honor.

12   Two days from now at 5 p.m. Eastern time.  While the company

13   had obtained the vote of the required lenders who's prepared to

14   proceed today, it is extremely important to the company that we

15   proceed to the extent that we can on a consensual manner and

16   that we obtain the liquidity under the GM agreement.  So for

17   that reason, we have asked the Court and contacted chambers --

18   we've asked the Court to consider adjourning these two matters

19   through the balance of the Thanksgiving weekend to give us an

20   opportunity to complete these discussions and to be back here,

21   if it's acceptable to the Court, at 10:00 on December 1st.

22            THE COURT:  Okay.  I have the time on December 1st so

23   I'll adjourn the two motions until 10 on that date.  It's

24   perfectly fine for the parties to try to reach agreements based

25   on their respective rights and remedies.  So I encourage you

11

1    all to do that.

2            MR. BUTLER:  Thank you, Your Honor.  So, I'll pause

3    just for a couple of minutes, with the Court's permission, if

4    it's all right, and just give anyone who would like to leave

5    the courtroom before going to the balance of the agenda the

6    opportunity to do so, if that's all right.

7            THE COURT:  Okay.

8        (Pause)

9            THE COURT:  Okay.

10           MR. BUTLER:  Your Honor, proceeding with the other

11   three matters on the agenda, the first of them is the Moelis

12   retention at docket number 14126 presented by the creditors'

13   committee.

14           MR. RIELA:  Good morning, Your Honor.  Michael Riela

15   of Latham & Watkins on behalf of the committee.  I stand before

16   this Court on the final hearing on the committee's motion, or

17   application, to retain Moelis & Company as co-investment banker

18   nunc pro tunc to July 1st, 2008.

19           As this Court may recall, an interim order was

20   entered approving this application on September the 25th.  That

21   interim order was placed on the docket as well as on the

22   delphidocket.com website.  No objections have been filed to

23   that application.  The objections were due on November the

24   14th.

25           Jeffries & Company, the currently retained financial

12

1    advisor to the committee, will continue to be retained by the

2    committee in this case but there was going to be a sharing of

3    the fees as set forth in the Moelis retention application as

4    well the engagement letter.

5            In the interest of saving time here, I don't have

6    anything more to add unless Your Honor has any questions.

7            THE COURT:  No.  As I -- we talked about this

8    earlier.  There's no net increase in the fees here.

9            MR. RIELA:  That's correct.

10           THE COURT:  It's just an allocation as between Moelis

11   and Jeffries to accommodate the fact that a couple of the more

12   senior people are at Moelis now.

13           MR. RIELA:  That is correct, Your Honor.

14           THE COURT:  Okay.  Given that and given there are no

15   objections, I'll approve the modification and retention of

16   Moelis on a final basis.

17           MR. RIELA:  Thank you, Your Honor.  And may I

18   approach with the order?

19           THE COURT:  Yes.

20           MR. RIELA:  Thank you.

21           MR. BUTLER:  Your Honor, the next matter on the

22   agenda is matter number 2, is the debtors' thirty-first omnibus

23   claims objection at docket number 14349.  There were eleven

24   proofs of claim on the objection as it was filed.  The debtors

25   are withdrawing from that objection one claim objection and

13

1    that is with respect to proof of claim number 16797 filed by

2    William M. Jenkins.  That leaves ten proofs of claim that are

3    the subject to the objection asserting approximately 2.8

4    million dollars in claims plus unliquidated amounts.  No

5    responses were received from any party even though we provided

6    the customary particularized notice that is usual in these

7    cases with respect to these matters.

8            As a result, Your Honor, the relief we're seeking

9    today on an uncontested basis covers the ten claims asserting

10   liquidated claims, as I indicated, of about 2.6 million.  We're

11   seeking to expunge seven of those claims with an asserted

12   amount of about 441,000 dollars.  And with respect to the three

13   remaining claims that assert 2.2 million, we are seeking to

14   modify those claims downward by about 400,000 dollars to a

15   total of 1.8 million dollars.

16           This otherwise -- this motion is presented in the

17   same routine manner as the others before it.

18           THE COURT:  Okay.  And the one that was withdrawn, is

19   that going into the contested category or is that just resolved

20   at this point?

21           MR. BUTLER:  Your Honor, I think at this point -- I

22   don't have the information on whether they resolved it or not.

23           THE COURT:  All right.

24           MR. BUTLER:  The claims team just indicated to me

25   that they weren't --

14

1          THE COURT:  It's just not covered by this order at

2     this point?

3          MR. BUTLER:  Not covered by this order at this point.

4          THE COURT:  Okay.  All right.  Well, given the

5     uncontested relief that's sought after individualized notice

6     and the averments in the objection, I'll grant the omnibus

7     objection as modified on the record.

8          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

9     last matter on the agenda is the exhaust business sale motion

10    at docket number 14443.  There was a response filed by the

11    creditors' committee at docket number 14465 which is not an

12    objection to the relief today but simply putting the Court and

13    other interested parties on notice that the creditors'

14    committee continues to do due diligence about the

15    appropriateness of the value being received under the terms of

16    the motion which will come up at the final sale hearing and

17    reserving their rights in that regard.  In the world in which

18    we currently live, the amounts being paid for divestitures

19    continues to be reduced in terms of multiples and other

20    matters.  And as the committee quite properly notes in their

21    objection, this is at approximately a multiple of one in terms

22    of the value which is less than we have been able to accomplish

23    in some of the other sales although I would just note that for

24    many of the sales we've had in these cases, there has been

25    really a de minimis amount of actual cash that's come back to

15

1    the company after satisfying the claims and supply agreements

2    and union requirements and all the other matters that have had

3    to be addressed.

4           But nonetheless, this is a proposed sale to a buyer

5    by the name of Bienes Turgon S.A. de C.V.  It is for a purchase

6    price of seventeen million dollars subject to certain working

7    capital adjustments.  There is an allocation of only 150,000

8    dollars to the selling debtor entities.  The balance of it is

9    allocated outside of that property -- or, excuse me, of those

10   entities.  There is an expense reimbursement which is capped at

11   600,000 dollars and we have set up the usual two-step process

12   here to go out and establish a bid deadline here which is

13   proposed to be December 8th, 2008 at 11 a.m.  If there are bids

14   received that are qualified bids as determined under the

15   bidding procedures order, there would be an auction held on

16   December 11th, 2008 and the sale hearing would be at the next

17   omnibus which is schedule to be December 17th, 2008 at 10 a.m.

18          The terms of the motion describe in detail the

19   termination rights that give rise to expense reimbursements and

20   the limitations regarding bid protections.  I would note, Your

21   Honor, that there was another sentence added to paragraph 8 of

22   the bid protection order, which I think has been provided to

23   the Court, but I just want to read it into the record.  At the

24   end of paragraph 8, the following sentence has been added:

25   "Notwithstanding any of the language in this order, the selling

16

1    debtor entities and the nondebtor sellers shall be obligated to

2    pay the bid protection only if the buyers are not in material

3    breach of the agreement."  In the order we'll hand up to Your

4    Honor, that has been added after discussions among the parties

5    that are working on this transaction.

6         I don't know if Your Honor has specific questions

7    about the bidding nature of the bidding order which -- it's

8    fairly similar to what we've used in the past.

9         THE COURT:  I didn't have any issues with the bidding

10   procedures.  I wanted to spell out a little more clearly in the

11   order that any payment of the bid protection shall be allocated

12   among the sellers in proportion to their allocable share of the

13   purchase price so that there's no doubt that the debtors

14   wouldn't be stuck with more than their proportionate share.

15        And then, at least as I read it, unless you sell

16   these assets down the road within the time prescribed in the

17   agreement, if I simply disapprove the sale, again, thinking of

18   the committees' reservation, it didn't seem to me that the

19   breakup fee was triggered.  It wasn't clear whether the expense

20   reimbursement was triggered or not.  I think it may not be.

21   But given the allocation language, I think it's much less of an

22   issue because the amount that the debtors would have to pay of

23   the expense reimbursement would be very small.

24        So, with that change, I'm prepared to approve it.

25        MR. BUTLER:  Thank you, Your Honor.  Your Honor,

17

1    those were all the matters on the agenda for today.  We'll get

2    back to the business of sorting out the matters on the other

3    two motions and we'll be back before Your Honor on Monday.

4            THE COURT:  Okay.  Thank you.

5            MR. BUTLER:  Thank you very much.

6        (Whereupon these proceedings were concluded at 11:14 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

```
 1
 2                        I N D E X
 3
 4                      R U L I N G S
 5    DESCRIPTION                              PAGE      LINE
 6    Motion of Official committee of unsecured   12        15
 7    creditors to retain Moelis & Company as
 8    co-investment banker nunc pro tunc to July
 9    1st, 2008 approved
10    Debtors' thirty-first omnibus claims        14         6
11    objection granted
12    Debtors' exhaust business sale motion       16        24
13    approved subject to modification of the Court
14    as spelled out on the record
15
16
17
18
19
20
21
22
23
24
25
```

19

1

2                        C E R T I F I C A T I O N

3

4        I, Lisa Bar-Leib, certify that the foregoing transcript is a

5        true and accurate record of the proceedings.

6

7        _____

8        LISA BAR-LEIB

9

10       Veritext LLC

11       200 Old Country Road

12       Suite 580

13       Mineola, NY 11501

14

15       Date:  November 26, 2008

16

17

18

19

20

21

22

23

24

25