SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

          In re                              :         Chapter 11

DELPHI CORPORATION, et al.,      :         Case No. 05–44481 (RDD)

                           Debtors.   :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 2447, 2448,
2449, 2450, 2451, 2452, 2453, 2454, 2455, AND 2456
(TECNOMEC S.R.L.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Tecnomec S.R.L. ("Tecnomec") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 2447, 2448, 2449, 2450, 2451, 2452, 2453, 2454, 2455, And 2456 (Tecnomec S.R.L.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on March 29, 2006, Tecnomec filed the following proofs of claim asserting the following amounts (the "Asserted Amount"), each against DAS LLC, stemming from goods sold and the cost of materials (collectively, the "Claims"):

| **Proof of Claim No.** | **Asserted Amount** |
|---|---|
| 2447 ("Claim No. 2447") | $1,635.00 |
| 2448 ("Claim No. 2448") | $1,880.39 |
| 2449 ("Claim No. 2449") | $642.11 |
| 2450 ("Claim No. 2450") | $3,788.49 |
| 2451 ("Claim No. 2451") | $24,742.00 |
| 2452 ("Claim No. 2452") | $1,442.59 |
| 2453 ("Claim No. 2453") | $360.65 |
| 2454 ("Claim No. 2454") | $4,082.43 |
| 2455 ("Claim No. 2455") | $7,291.83 |
| 2456 ("Claim No. 2456") | $1,076.77 |

WHEREAS, on March 16, 2007 the Debtors objected to the Claims pursuant to the Debtors' (i) Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To

2

Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection").

WHEREAS, on April 16, 2007 Tecnomec filed Tecnomec S.R.L.'s Response To Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification (Docket No. 4697) (the "Response").

WHEREAS, on August 3, 2006, Tecnomec assigned its interest in the Claims to Liquidity Solutions, Inc. d/b/a Capital Markets ("Liquidity") pursuant to a Notice of Transfer (Docket No. 4838).

WHEREAS, on April 12, 2007 Liquidity filed the Response of Liquidity Solutions, Inc., As Assignee, To Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And (D) Claims Subject To Modification (Docket No. 7649) (the "Response").

WHEREAS, on June 17, 2008, Liquidity terminated its assigned interest in the Claims pursuant to a Notice of Withdrawal of Transfer (Docket No. 13777).

WHEREAS, on August 20, 2008, Liquidity withdrew with prejudice its Response to the Eleventh Omnibus Claims Objection with respect to the Claims (Docket No. 14081).

WHEREAS, to resolve the Eleventh Omnibus Claims Objection with respect to the Claims, DAS LLC and Tecnomec entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that each of the Claims shall be allowed against DAS LLC in the following amounts (the "Allowed Amount") as general unsecured non-priority claims against the estate of DAS LLC:

3

| Claim No. | Allowed Amount |
|---|---:|
| Claim No. 2447 | $1,621.84 |
| Claim No. 2448 | $1,855.50 |
| Claim No. 2449 | $627.85 |
| Claim No. 2450 | $3,711.01 |
| Claim No. 2451 | $24,236.00 |
| Claim No. 2452 | $1,410.51 |
| Claim No. 2453 | $347.53 |
| Claim No. 2454 | $3,988.91 |
| Claim No. 2455 | $7,142.71 |
| Claim No. 2456 | $1,054.75 |

WHEREAS, DAS LLC is authorized to enter into the Joint Stipulation either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Tecnomec stipulate and agree as follows:

1.     Claim No. 2447 shall be allowed in the amount of $1,621.84 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.     Claim No. 2448 shall be allowed in the amount of $1,855.50 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

3.     Claim No. 2449 shall be allowed in the amount of $627.85 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4.     Claim No. 2450 shall be allowed in the amount of $3,711.01 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

5.     Claim No. 2451 shall be allowed in the amount of $24,236.00 and shall be

treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    6.  Claim No. 2452 shall be allowed in the amount of $1,410.51 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    7.  Claim No. 2453 shall be allowed in the amount of $347.53 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    8.  Claim No. 2454 shall be allowed in the amount of $3,988.91 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    9.  Claim No. 2455 shall be allowed in the amount of $7,142.71 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    10.  Claim No. 2456 shall be allowed in the amount of $1,054.75 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    11.  Allowance of each of Claim No. 2447, Claim No. 2448, Claim No. 2449, Claim No. 2450, Claim No. 2451, Claim No. 2452, Claim No. 2453, Claim No. 2454, Claim No. 2455, Claim No. 2456, and Claim No. 2457 is in full satisfaction of each of Claim No. 2447, Claim No. 2448, Claim No. 2449, Claim No. 2450, Claim No. 2451, Claim No. 2452, Claim No. 2453, Claim No. 2454, Claim No. 2455, Claim No. 2456, and Claim No. 2457, respectively. Tecnomec on its of own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and its former, current, and future officers, directors, owners, employees, and other agents (the "Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that each of the Claims is anything but a prepetition general unsecured non-priority claim against DAS LLC. The Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether

or not known or suspected at this time, which relate to the Claims or which the Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date with respect to the Claims.

So Ordered in New York, New York, this 3rd day of December, 2008

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Robert Carillo |
| John Wm. Butler, Jr. | Robert Carrillo |
| John K. Lyons | SATTERLEE SEPHENS BURKE & BURKE |
| Ron E. Meisler |   LLP |
| SKADDEN, ARPS, SLATE, MEAGHER | 230 Park Avenue |
|   & FLOM LLP | Suite 1130 |
| 333 West Wacker Drive, Suite 2100 | New York, New York 10169 |
| Chicago, Illinois 60606-1285 | (212) 818-9200 |
| (312) 407-0700 | |
| | Attorney for Tecnomec S.R.L. |
|           - and – | |
| | |
|   Kayalyn A. Marafioti | |
|   Thomas J. Matz | |
| Four Times Square | |
| New York, New York 10036 | |
| (212) 735-3000 | |
| | |
| Attorneys for Delphi Corporation, et al., | |
|     Debtors and Debtors-in-Possession | |