SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 11279
(CTS OF CANADA CO. AND BEAR STEARNS INVESTMENT PRODUCTS INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and CTS of Canada Co. ("CTS of Canada") and Bear Stearns Investment Products Inc. ("Bear Stearns Investment Products") (collectively, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11279 (CTS of Canada Co. And Bear Stearns Investment Products Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 11, 2005, CTS of Canada submitted a demand to the Debtors asserting a reclamation claim in the amount of $3,120.45 (the "Reclamation Demand").

WHEREAS, on July 13, 2006, the Debtors and CTS of Canada entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and CTS of Canada acknowledge and agree that the valid amount of the Reclamation Demand is $3,120.00 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding CTS of Canada's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on July 27, 2006, CTS of Canada filed proof of claim number 11279 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $34,432.00 (the "Claim") stemming from the sale of goods.

WHEREAS, on January 11, 2007, CTS of Canada assigned its interest in the

2

Claim to Bear Stearns Investment Products pursuant to a Notice of Transfer (Docket No. 6553).

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' (i) Thirteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. 502(b) and Fed. R. Bank. P 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims and Untimely Tax Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, and Claims Subject to Modification and Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 21, 2007, CTS of Canada filed its Response to the Thirteenth Omnibus Objection to Claims (Docket No. 8085) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on CTS of Canada with respect to the Reclamation Claim, whereby the Debtors presented CTS of Canada with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to

administrative priority status on the grounds that the goods and/or the proceeds form the sale of the goods for which CTS of Canada is seeking a Reclamation Claim are or were subject to a valid security interest ( the "Prior Lien Defense").

WHEREAS, CTS of Canada returned the Reclamation Election Notice and chose to continue to assert administrative priority status for the Reclamation Claim.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $29,372.00.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Claimants stipulate and agree as follows:

1.     The Claim shall be allowed in the amount of $29,372.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.     CTS of Canada and Bear Stearns Investment Products, on each of their own behalves and on behalf of each of their own predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their own former, current, and future officers, directors, owners, employees, and other agents (the "Releasing Parties"), hereby acknowledges that, except as set forth in paragraph 3 hereof, the allowance of the Claim is in full satisfaction of the Claim and, except as set forth in paragraph 3 hereof, the Releasing Parties waive any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition

4

general unsecured non-priority claim against DAS LLC. The Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date and arising out of or relating to the Claim.

       3. Notwithstanding anything in paragraph 2 of this Joint Stipulation, Bear Stearns Investment Products reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $3,120.45 of the Claim on the grounds that Bear Stearns Investment Products, as the assignee of CTS of Canada with respect to the Reclamation Demand, has a valid reclamation claim in the amount of $3,120.45.

       4. The Debtors reserve the right to seek, at any time and notwithstanding CTS of Canada's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

       5. CTS of Canada shall withdraw its Response to the Thirteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 3rd day of December, 2008

                                       ___/s/Robert D. Drain_____
                                       UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Elizabeth Bottorff Ahlemann |
| John Wm. Butler, Jr. | Elizabeth Bottorff Ahlemann |
| John K. Lyons | CTS Corporation |
| Ron E. Meisler | 905 West Boulevard N. |
| SKADDEN, ARPS, SLATE, MEAGHER | Elkhart, IN 46514 |
|   & FLOM LLP | (574) 293-7511 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | |

              - and –

| | |
|---|---|
| | /s/ Samantha Hammerman |
| Kayalyn A. Marafioti | Samantha Hammerman |
| Thomas J. Matz | Bear Stearns Investment Products Inc. |
| Four Times Square | 383 Madison Avenue |
| New York, New York  10036 | New York, New York 10179 |
| (212) 735-3000 | |
| | |
| Attorneys for Delphi Corporation, et al., | Attorneys for CTS of Canada and Bear Stearns |
|    Debtors and Debtors-in-Possession | Investment Products Inc., Claimants |