SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05–44481 (RDD) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 12223
<u>(WESCO DISTRIBUTION, INC.)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Wesco Distribution, Inc. ("Wesco") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 12223 (Wesco Distribution, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, Wesco filed proof of claim number 12223 against Delphi, which asserts an unsecured non-priority claim in the amount of $59,964.21 (the "Claim") stemming from the sale of goods or services performed.

WHEREAS, on November 19, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection").

WHEREAS, on December 13, 2007, Wesco filed its Response and Limited Objection of WESCO Distribution, Inc. to Debtors' Twenty-Third Omnibus Objection (Docket No. 11441) (the "Response").

2

WHEREAS, on November __, 2008, to resolve the Twenty-Third Omnibus Claims Objection with respect to the Claim, DAS LLC and Wesco entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $57,118.82.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Wesco stipulate and agree as follows:

1.      The Claim shall be allowed in the amount of $57,118.82 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.      Allowance of the Claim is in full satisfaction of the Claim and Wesco, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Wesco Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The Wesco Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Wesco Releasing

Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of,

related to, or by reason of any event, cause, thing, act, statement, or omission occurring before

the Petition Date which relate to the Claim.

        3.      Wesco shall withdraw its Response to the Twenty-Third Omnibus Claims

Objection with prejudice.

So Ordered in New York, New York, this 3rd day of December, 2008

                   ____/s/Robert D. Drain_____

                   UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285
(312) 407-0700

              - and –

    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

/s/ David A. Murdoch

David A. Murdoch
K&L GATES LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222

              - and –

    Robert N. Michaelson,
599 Lexington Avenue
New York, New York 10022-6030
(212) 536-3900

Attorneys for Wesco Distribution, Inc.