**Hearing Date:  January 29, 2009**
                                           **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                       :
   In re                               :         Chapter 11
                                       :
DELPHI CORPORATION, et al.,      :         Case No. 05-44481 (RDD)
                                       :
                  Debtors.     :         (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
<u>PROOF OF CLAIM NUMBER 842 (JUKI AUTOMATION SYSTEMS, INC.)</u>

("STATEMENT OF DISPUTED ISSUES – JUKI AUTOMATION SYSTEMS, INC.")

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 842 filed by Juki Automation Systems, Inc. ("Juki") and respectfully represent as follows:

Background

        1.      On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

        2.      On November 23, 2005, Juki filed proof of claim number 842 (the "Proof of Claim") against Delphi. The Proof of Claim asserts a secured claim in the amount of $138,443.00 for the sale of equipment (the "Claim").

        3.      On March 16, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301) (the "Eleventh Omnibus Claims Objection"), seeking to modify the Claim to a general unsecured claim in the amount of $130,493.00.

        4.      On April 12, 2007, Juki filed its Response Of Juki Automation Systems, Inc. To Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To

Modification (Docket No. 7657) (the "Response") contesting the Debtors' classification of the Claim but not the Debtors' proposed modified amount of the Claim.

Disputed Issues

A.   The Claim Should Be Classified As A General Unsecured Claim Against DAS LLC

5.   Juki asserts in the Proof of Claim that it holds a secured claim against DAS LLC for equipment sold in the amount of $138,443.00 secured by a lien on the equipment. As provided above, the Debtors objected on the Eleventh Omnibus Claims Objection seeking to modify the claim to a general unsecured claim in a lower amount. In the Response, Juki contests only the Debtors' classification of the Claim and not the Debtors' proposed modified amount of the Claim. DAS LLC has reviewed the Proof of Claim and the Response and disputes that the Claim is secured.

6.   The purchase order accepted by Juki, comprising the complete and final agreement between the parties, incorporated Delphi's general terms and conditions, which expressly provide that: "When permitted by law, Seller waives any lien or other rights that Seller might otherwise have on or in any of Buyer's Property for work performed on, or utilizing, such property or otherwise." Juki has not alleged that its waiver of any right to assert a lien is impermissible by law. Accordingly, Juki is precluded from asserting a security interest in the goods purchased by the Debtors.

7.   DAS LLC does not dispute the $130,493.00 amount of the Claim proposed in the Eleventh Omnibus Claims Objection, but seeks to have the Claim reclassified as a general unsecured non-priority claim against DAS LLC in an amount not to exceed $130,493.00.

Reservation Of Rights

8.      This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reclassifying the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $130,493.00, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 4, 2008

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                      By:    /s/ John Wm. Butler Jr.
                                             John Wm. Butler, Jr.
                                             Albert L. Hogan, III
                                             John K. Lyons
                                             Ron E. Meisler
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois  60606
                                    (312) 407-0700

                                    - and -

                                      By:    /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti
                                             Thomas J. Matz
                                    Four Times Square
                                    New York, New York  10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                       Debtors and Debtors-in-Possession