IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
  In re                           :   Chapter 11
                                   :
DELPHI CORPORATION, et al.,        :   Case No. 05-44481 (RDD)
                                   :
                          Debtors.    :   (Jointly Administered)
                                   :
---------------------------------- x

## AFFIDAVIT OF SERVICE

      I, Elizabeth Adam, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

      On November 25, 2008, I caused to be served the document listed below upon the parties listed on Exhibit A hereto via overnight mail:

      Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Exhaust Business and customized exhibit [a copy of which is attached hereto as Exhibit B]

Dated: December 4, 2008

                                                                                      */s/ Elizabeth Adam*
                                                                                       Elizabeth Adam

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 4th day of December, 2008, by Elizabeth Adam, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: */s/ Vanessa R. Quiñones*

Commission Expires: *3/20/11*

# EXHIBIT A

Exhaust Business Assumption /AssignmentParties

| Company | Name | Title | Street | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|
| Borla Romcat S.A. | Gheorghe Badea | General Manager, Grupul Industrial Componente | Strada Street, George Cosbuc #35 Judetul Arges, Postal Code 0300 | Pitesti | | | Romania |
| Katcon S.A. de C.V. | | | Av Manuel Ordonez 601 | Centro, Santa Catarina | Nuevo Leon | 66350 | Mexico |
| Sango Co., Ltd. | Overseas Project Development | | 3, Fukuta, Miyoshi-cho, Nishikamo-gun | Aichi-Ken | | 470-0224 | Japan |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/1/2008 3:55 PM
Special Parties - Assumption List

# EXHIBIT B

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| Debtor. | : (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE  TO BUYERS IN CONNECTION
WITH SALE OF EXHAUST BUSINESS

PLEASE TAKE NOTICE THAT:

1. Pursuant to the Order Under 11 U.S.C. § 363 And 1123 And Fed. R. Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale

Hearing Date In Connection With Sale Of Exhaust Business (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on November 25, 2008, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the "Agreement") with Bienes Turgon S.A. de C.V. and certain of its affiliates (the "Buyers") for the purchase of substantially all of the assets exclusively used in the exhaust emissions business of Delphi (the "Exhaust Business").

2.      Pursuant to the terms of the Agreement and subject to completion of a competitive bidding process described in the Bidding Procedures Order and the attachments thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Assumed U.S. Contracts") listed on <u>Exhibit 1</u> hereto to the Buyers at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on December 17, 2008 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

3.      In accordance with this Court's prior orders in connection with confirmation of the Debtors' Plan, non-Debtor counterparties to Assumed U.S. Contracts shall be entitled to recover only the Cure Amounts[2] as listed on <u>Exhibit 2</u> hereto and shall be barred and enjoined from asserting at the Sale Hearing or otherwise that any other amounts are owing.  In addition, should a non-Debtor counterparty to an Assumed U.S. Contract assert

---

[1]  Under the Agreement, the Selling Debtor Entities are comprised of Delphi Automotive Systems LLC, Delphi Technologies, Inc., and Delphi Corporation.  Certain assets will be sold under the Agreement by non-Debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

[2]  "Cure Amounts" are those amounts that the Selling Debtor Entities believe are necessary to assume contracts or leases under section 365 of the Bankruptcy Code.

2

that a postpetition default exists which must be cured pursuant to section 365, such counterparty must file an objection as set forth in paragraph 4 below.

        4.      Objections, if any, to the assumption and assignment of an Assumed U.S. Contract, including objections asserting the existence of a postpetition default that must be cured under section 365, must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Twelfth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 23, 2008 (Docket No. 13965) (together with the Supplemental Case Management Order, the "Case Management Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form <u>so that it is actually received</u> within ten days after the date of this notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional &

3

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Allison K. Verderber Herriott), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii) counsel for the Buyers, Butzel Long, Stoneridge West, 41000 Woodward Avenue, Bloomfield Hills, Michigan 48304 (Att'n Michael F. Golab), and (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Brian Masumoto).

    5.  If an objection to the assumption and assignment of a Assumed U.S. Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such date and time as the Court may schedule.  If no objection is timely received, the non-Debtor party to the Assumed U.S. Contract will be deemed to have consented to the assumption and assignment of the Assumed U.S. Contract to the Buyers and will be forever barred from asserting any other claims, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed U.S. Contract, against the Selling Debtor Entities or the Buyers, or the property of either of them.

6. Pursuant to 11 U.S.C. § 365, the Selling Debtor Entities assert there is adequate assurance of future performance that the Cure Amount set forth on <u>Exhibit 2</u> hereto will be paid in accordance with the terms of the Sale Approval Order. Further, the Selling Debtor Entities assert there is adequate assurance of the Buyers' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Buyers.

7. In the event that the Selling Debtor Entities emerge from these chapter 11 cases prior to the closing of the Sale, then the Assumed U.S. Contracts listed on <u>Exhibit 1</u> would not be assumed under the Sale Approval Order. Instead, the Assumed U.S. Contracts listed on <u>Exhibit 1</u> would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any Cure Amounts would be paid in accordance with the confirmed Plan. Even if the Assumed U.S. Contracts listed on <u>Exhibit 1</u> are assumed pursuant to the Debtors' Plan, the Selling Debtor Entities would assign such contracts to the Buyers under the terms of the order approving the sale of the Exhaust Business.

8. Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Assumed U.S. Contract and provide a new notice amending the information provided in this notice.

5

Dated:  New York, New York
       November 25, 2008

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By:  /s/ John Wm. Butler, Jr.
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois  60606
        (312) 407-0700

            - and -

        By:  /s/ Kayalyn A. Marafioti
            Kayalyn A. Marafioti
            Thomas J. Matz
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Attorneys for Delphi Corporation, et al.,
          Debtors and Debtors-in-Possession

# EXHIBIT 1

Borla Romcat S.A.
Gheorghe Badea
General Manager, Grupul Industrial Componente
Strada Street, George Cosbuc #35
Judetul Arges, Pitesti 0300, Romania

| **Contract to be assumed and assigned:** |
| --- |
| License and Technical Assistance Agreement between Delphi Automotive Systems LLC and Borla Romcat S.A. dated February 28, 1999 |

# EXHIBIT 1

Katcon S.A. de C.V.
Av Manuel Ordonez 601
Centro, Santa Catarina, Nuevo Leon  66350, Mexico

| **Contract to be assumed and assigned:** |
| --- |
| Technical Information and Assistance Agreement Amendment between Delphi Technologies, Inc and Katcon, S.A. de C.V. dated May 2, 2000 |

# EXHIBIT 1

Sango Co., Ltd.
Overseas Project Development
3, Fukuta, Miyoshi-cho, Nishikamo-gun
Aichi-Ken, 470-0224 Japan

| **Contract to be assumed and assigned:** |
| --- |
| License Agreement between Sango Co., Ltd and Delphi Automotive Systems LLC dated March 14, 2003 |

# Exhibit 2
## Schedule of Cure Amounts

| Party | Contract | Cure Amount |
|---|---|---|
| Borla Romcat S.A. | License and Technical Assistance Agreement between Delphi Automotive Systems LLC and Borla Romcat S.A., dated February 28, 1999 | $0 |
| Sango Co., Ltd. | License Agreement between Sango Co., Ltd. and Delphi Automotive Systems LLC, dated March 14, 2003 | $0 |
| Katcon S.A. de C.V. | Technical Information and Assistance Agreement Amendment between Delphi Technologies, Inc and Katcon, S.A. de C.V. dated May 2, 2000 | $0 |