SILLS CUMMIS & GROSS P.C.  
Charles N. Panzer, Esq.  
One Rockefeller Plaza  
New York, New York 10020  
212-643-7000 (telephone)  
212-643-6500 (facsimile)  
Attorneys for Hewlett Packard Financial  
  Services Company

Hearing Date and Time:  
December 17, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

In re

DELPHI CORPORATION, et al.,

                Debtors.

Chapter 11 Case No. 05-44481 (RDD)  
(Jointly Administered)

## RESPONSE OF HEWLETT PACKARD FINANCIAL SERVICES COMPANY TO DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED.R.BANKR.P. 3007 REGARDING (A) ASSERTED AMOUNT CLAIMS, (B) CLAIMS SUBJECT TO MODIFICATION, AND (C) CLAIMS TO BE EXPUNGED

Hewlett Packard Financial Services Company ("HPFS"), by its counsel, Sills Cummis & Gross P.C., hereby submits its response to the Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 Regarding (a) Asserted Amount Claims, (b) Claims Subject to Modification, and (c) Claims to be Expunged (the "Thirty-Second Omnibus Claims Objection") and represents as follows:

### Background

1.  On or about October 8 and 14, 2005, the above captioned debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.     HPFS is a creditor of the Debtors and timely filed its proof of claim in the Chapter 11 cases. The claim, in the amount of $953,280.40 (the "HPFS Claim"), was assigned claim #10683.

3.     On or about August 24, 2007, the Debtors filed the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (the "Twentieth Omnibus Claims Objection"), which sought to reduce the amount of the HPFS Claim from $953,280.40 to $166,642.02.

4.     On September 19, 2007, HPFS filed a Response of Hewlett Packard Financial Services Company to Debtors' Twentieth Omnibus Objection to the Allowance of Certain Claims (ECF Document No. 9401) (the "HPFS Response to Twentieth Omnibus Objection"), objecting to and contesting the Twentieth Omnibus Claims Objection as it pertained to the HPFS Claim. A copy of the HPFS Response to Twentieth Omnibus Objection is annexed hereto as Exhibit 1.

5.     As set forth in the HPFS Response to Twentieth Omnibus Claims Objection, and the Exhibits thereto:

    (a)     The Debtors provided no support in the Twentieth Omnibus Claims Objection for their contention that the HPFS Claim should be reduced;

    (b)     The HPFS Claim is based upon amounts due from the Debtors under Master Lease No. 412666250 and five (5) lease schedules executed in connection therewith pursuant to which the Debtors leased certain computer equipment (the "Equipment"). Three of the lease schedules

2

expired during the pendency of the Chapter 11 cases but the Debtors have continued in possession of the Equipment. The HPFS Claim as filed represented all amounts due under the Master Lease and lease schedules as of the date of the commencement of the Chapter 11 cases and through the expiration date (one lease was already expired and had incurred Usage Past Maturity charges at the time HPFS filed the POC in late July 2006) of the lease schedules.

(c)  As of September 18, 2007, the Debtors owed rent obligations to HPFS totaling $447,898.41, of which total $171,514.12 represented rent obligations owed as of the commencement of the case and $276,384.29 represented rent obligations then incurred post-petition.

(d)  As of September 18, 2007, the Debtors owed tax obligations to HPFS totaling $96,748.60, of which total $80,727.63 represented tax obligations owed as of the commencement of the case and $16,022.97 represented tax obligations incurred post-petition.

(e)  As reflected on Exhibits A and B of the HPFS Response to Twentieth Omnibus Objection, the obligations due HPFS from the Debtors as of September 18, 2007 totaled $544,647.01, of which $252,239.75 represented pre-petition obligations and $292,407.26 represented post-petition obligations.

6.  Subsequently, principals of the Debtors and HPFS engaged in settlement discussions and eventually agreed to resolve the Twentieth Omnibus Claims Objection with respect to both pre-petition and post-petition components of the HPFS Claim (the "Settlement") whereby, *inter alia*, the Debtors would buy out the Master Lease and lease schedules and permanently retain possession of the Equipment, in exchange for payment of $166,642.02 to HPFS.

7.  However, when Debtors' counsel forwarded the draft settlement documents to HPFS's counsel, the draft settlement documents did not accurately reflect the Settlement.

3

Instead of providing for payment to HPFS in the amount of $166,642.02, the draft settlement documents provided only for allowance of the HPFS Claim as a general unsecured claim in the amount of $166,642.02.

8. Upon receiving the draft settlement documents from Debtors' counsel in January 2008, HPFS's counsel advised Debtors' counsel of the discrepancy between the terms of the Settlement reached by the parties and the operative provisions of the draft settlement documents, and requested that the draft settlement documents be conformed to properly reflect the Settlement.

9. Over approximately the next eight months, HPFS's counsel attempted to obtain the Debtors' commitment to honor the Settlement and to properly conform and finalize the settlement documents. However, during that time and through the present, the Debtors have taken the illogical and baseless position that, in exchange for the Debtors' buyout of the Master Lease and lease schedules and permanent retention of the Equipment, the Debtors agreed only to allowance of the HPFS Claim as a general unsecured claim in the amount of $166,642.02; *i.e.*, the amount to which the Debtors sought to reduce the HPFS Claim by way of the Twentieth Omnibus Claim Objection. Also during that time and through the present, the Debtors have continued to retain possession of all of the Equipment.

10. As HPFS's counsel explained to Debtors' counsel, the Debtors' position makes no sense, because it would make no sense for HPFS to agree to "settle" the Twentieth Omnibus Claims Objection simply by agreeing to reduction of its pre and post petition claims to only a general unsecured claim in the amount set forth in the Objection, with the Debtors permanently retaining the Equipment. Nevertheless, the Debtors refused to finalize the settlement documents pursuant to the terms of the Settlement Agreement and on November 14, 2008, the Debtors' filed

the Thirty-Second Omnibus Claims Objection, again seeking to reduce the HPFS Claim to the amount of $166,642.02, but now on the incorrect alleged basis that "the Debtors have reached a settlement in principal" with HPFS. *See*, Thirty-Second Omnibus Claims Objection, ¶28, Exhibit B at 19.

10. As set forth above, the Debtors and HPFS indeed reached a settlement in principal whereby HPFS would be <u>paid</u> the amount of $166,642.02 in exchange for the Debtors' buyout of the HPFS Master Lease and schedules and permanent retention of the Equipment, but the parties <u>did not</u> reach a settlement on the terms set forth in the Thirty-Second Claims Objection, which provides for only the allowance of the HPFS Claim as a general unsecured claim in the amount of $166,642.02.

## **LEGAL ARGUMENT**

11. Section 502 of the Bankruptcy Code provides for the allowance of claims or interests in a bankruptcy case. As a general matter, a claim, proof of which is properly filed, constitutes prima facie evidence of the amount and validity of a claim, and is deemed allowed unless a party in interest objects. *See*, 11 U.S.C. § 502(a); *In re Rockefeller Center Prop.*, 241 B.R. 804 (Bankr. S.D.N.Y. 1999); *In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346 (Bankr. S.D.N.Y. 1995); *In re Stallings*, 118 B.R. 387, 390 (Bankr. D.S.C. 1989); *aff'd*, 1989 WL 180888 (D.S.C. Dec. 12, 1989); *aff'd*, 914 F.2d 249 (4th Cir. 1990).

12. The party objecting to a proof of claim has the initial burden of proof to rebut the prima facie validity of a properly filed proof of claim. *See*, *In re Mid-American Waste Systems, Inc.*, 284 B.R. 553 (D. Del. 2002); *In re Field*, 226 B.R. 178, 182 (Bankr. D.S.C. 1998). In order to overcome the presumption of validity that attaches to a properly filed proof of claim, a party objecting must produce substantial evidence. *In re Micro-Precision Technologies, Inc.*, 303 B.R.

238 (Bankr. D.N.H. 2003). Indeed, bald assertions or conclusory statements are insufficient to rebut the presumption of validity. *See, In re Hollars*, 198 B.R. 270 (Bankr. S.D. Ohio 1996).

13. HPFS's Proof of Claim was timely filed. The Debtors have not articulated any legal or factual basis for the proposed reduction of the HPFS Claim.

14. Further, the parties entered into the Settlement, pursuant to which the Debtors agreed to pay HPFS the amount of $166,642.02 in exchange for the Debtors' buyout of the Master Lease and lease schedules and permanent retention of the Equipment, and the Debtors have continued to retain the Equipment. However, the Debtors have refused to finalize documentation of the Settlement or to perform their corresponding obligation to pay HPFS $166,642.02.

15. Based on the foregoing, (i) the Twentieth Omnibus Claims Objection should be overruled with respect to the HPFS Claim; (ii) the post-petition component of the HPFS Claim should be allowed in the amount of $252,239.75 and paid as an administrative expense; and (iii) the pre-petition component of the HPFS Claim should be allowed in the amount of $292,407.26 and paid *pari passu* with other allowed general unsecured claims.

16. HPFS reserves all of its rights to seek payment of any and all additional sums that are due or become due post-petition.

WHEREFORE, for all of the foregoing reasons, HPFS respectfully requests that this Court enter an order (i) overruling the Twentieth Omnibus Claims Objection with respect to the HPFS Claim; (ii) allowing the post-petition component of the HPFS Claim in the amount of $252,239.75 as an administrative expense and directing payment of same; (iii) allowing the pre-petition component of the HPFS Claim in the amount of $292,407.26 as a general unsecured claim and directing payment of same *pari passu* with other allowed general unsecured claims;

(iv) requiring the Debtors to assemble the Equipment and make same available for retrieval by HPFS and (v) granting such other relief as the Court deems just.

                SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 100020
Telephone: 212-643-7000
Facsimile: 212-643-6500
*Counsel to Hewlett Packard Financial Services Company*


By: */s/ Charles N. Panzer*
      Charles N. Panzer, Esq.

Dated: December 9, 2008

# EXHIBIT 1

SILLS CUMMIS EPSTEIN & GROSS P.C.
Charles N. Panzer, Esq.
One Rockefeller Plaza
New York, New York 10020
212-643-7000 (telephone)
212-643-6500 (facsimile)
Attorneys for Hewlett Packard Financial
  Services Company

Hearing Date: TBD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>Debtors. | Chapter 11 Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

## RESPONSE OF HEWLETT PACKARD FINANCIAL SERVICES COMPANY TO DEBTORS' TWENTIETH OMNIBUS OBJECTION TO THE ALLOWANCE OF CERTAIN CLAIMS

Hewlett Packard Financial Services Company ("HPFS"), by counsel, Sills Cummis Epstein & Gross P.C., hereby submits its response to the Debtors' Twentieth Omnibus Objection to the Allowance of Certain Claims (the "Claims Objection") and represents as follows:

### Background

1. On or about October 8 and 14, 2005, the above captioned debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. HPFS is a creditor of the Debtors and timely filed its proof of claim in the Chapter 11 cases. The claim, in the amount of $953,280.40 was assigned claim #10683.

1256173 v1

3. On or about August 24, 2007, the Debtors filed the Claims Objection. Included in the Claims Objection as a claim subject to modification was HP's claim # 10683. Specifically, the Claims Objection seeks to reduce the claim from $953,280.40 to $166,000.

4. The Debtors have provided no support for their contention that HPFS' claim should be reduced.

5. HPFS' claim is based upon amounts due from the Debtors under Master Lease No. 412666250 and five (5) lease schedules executed in connection therewith pursuant to which the Debtors leased certain computer equipment. Three of the lease schedules expired during the pendency of the Chapter 11 cases but the Debtors have continued in possession of the leased equipment. The claim as filed represented all amounts due under the Master Lease and lease schedules as of the date of the commencement of the Chapter 11 cases and through the expiration date (one lease was already expired and had incurred Usage Past Maturity charges at the time HPFS filed the POC in late July 2006) of the lease schedules.

6. Attached hereto as Exhibit "A is a schedule reflecting the pre and post-petition amounts due from the Debtors under the Master Lease and lease schedules. As reflected on Exhibit "A", as of September 18, 2007, the Debtors owe rent obligations to HPFS totaling $447,898.41, of which total $171,514.12 represented rent obligations owed as of the commencement of the case and $276,384.29 represented rent obligations incurred post-petition.

7. Attached hereto as Exhibit "B" is a schedule reflecting personal property and/or use tax obligations due HPFS pursuant to the Master Lease and lease schedules. As reflected on Exhibit "B, as of September 18, 2007, the Debtors owed tax obligations to HPFS totaling $96,748.60, of which total $80,727.63 represented tax obligations owed as of the commencement of the case and $16,022.97 represented obligations incurred post-petition.

8.  As reflected on Exhibits "A" and "B" the total obligations due HPFS as of September 18, 2007 were $544,647.01, of which $252,239.75 represented pre-petition obligations and $292,407.26 represented post-petition obligations.

9.  Section 502 of the Bankruptcy Code provides for the allowance of claims or interests in a bankruptcy case. As a general matter, a claim, proof of which is properly filed, constitutes *prima facie* evidence of the amount and validity of a claim, and is deemed allowed unless a party in interest objects. *See*, 11 U.S.C. § 502(a); *In re Rockefeller Center Prop.*, 241 B.R. 804 (Bankr. S.D.N.Y. 1999); *In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346 (Bankr. S.D.N.Y. 1995); *In re Stallings*, 118 B.R. 387, 390 (Bankr. D.S.C. 1989); *aff'd*, 1989 WL 180888 (D.S.C. Dec. 12, 1989); *aff'd*, 914 F.2d 249 (4th Cir. 1990).

10. The party objecting to a proof of claim has the initial burden of proof to rebut the *prima facie* validity of a properly filed proof of claim. *See In re Mid-American Waste Systems, Inc.*, 284 B.R. 553 (D. Del. 2002); *In re Field*, 226 B.R. 178, 182 (Bankr. D.S.C. 1998). In order to overcome the presumption of validity that attaches to a properly filed proof of claim, a party objecting must produce substantial evidence. *In re Micro-Precision Technologies, Inc.*, 303 B.R. 238 (Bankr. D.N.H. 2003). Indeed, bald assertions or conclusory statements are insufficient to rebut the presumption of validity. *See In re Hollars*, 198 B.R. 270 (Bankr. S.D. Ohio 1996).

11. HPFS's Proof of Claim was timely filed. The Debtors have not articulated any legal or factual basis for the reduction of the claim.

12. Should the Debtors assume the Master Lease and lease schedules as is apparently their intention under their Plan of Reorganization, they will be required to cure the pre-petition obligations in full as well as paying all post-petition obligations that are or become due. Should

the Debtors reject the Master Lease and lease schedules, HPFS is entitled to the allowance of a pre-petition claim in the sum of $252,239.75 and the payment in full of all sums that are due or become due post-petition as an expense of administration.

WHEREFORE, for all of the foregoing reasons, HPFS respectfully requests that this Court enter an Order (i) overruling the Omnibus Objection as to HPFS, (ii) allowing the HPFS pre-petition claim in the sum of $252,239.75, and requiring the Debtors to pay all post-petition obligations due HPFS as an expense of administration and (iii) granting such other relief as the Court deems just.

Dated:  September 19, 2007

By:/s/ Charles N. Panzer
    Charles N. Panzer, Esq.
    SILLS CUMMIS EPSTEIN & GROSS P.C.
    One Rockefeller Plaza
    New York, New York 100020
    Telephone: 212-643-7000
    Facsimile:  212-643-6500
    Counsel to Hewlett Packard Financial Services Company

# EXHIBIT A

Report Title: Contract List

Customer: Delphi Automotive Systems LLC (123514939)

| Contract # | Commence Date | Maturity Date | Term | Rem. Term | Total Rent Due Thru 9/30/2007 | Pre-Petition | Post-Petition |
|---|---|---|---|---|---|---|---|
| 41250A | 02/01/2003 | 01/31/2006 | 36 | 0 | 81,718.06 | 31,455.86 | 50,262.20 |
| 41250B | 02/01/2003 | 01/31/2006 | 36 | 0 | 36,179.24 | 25,052.88 | 11,126.36 |
| 4126-66250-05 | 06/01/2003 | 05/31/2006 | 36 | 0 | 17,189.28 | 0.00 | 17,189.28 |
| 4126-66250-06 | 09/01/2003 | 08/31/2006 | 36 | 0 | 44,360.00 | 13,308.00 | 31,052.00 |
| 4126-66250-07 | 05/01/2004 | 04/30/2007 | 36 | 0 | 4,817.21 | 0.00 | 4,817.21 |
| 4126-66250-08 | 10/01/2004 | 09/30/2007 | 36 | 0 | 32,556.24 | 14,405.02 | 18,151.22 |
| 4126-66250-09 | 07/01/2005 | 06/30/2008 | 36 | 9 | 231,078.38 | 87,292.36 | 143,786.02 |
| TOTALS: | | | | | 447,898.41 | 171,514.12 | 276,384.29 |

# EXHIBIT B

Open PPT Summary as of 9-12-; Report Date: 09/12/2007

Customer: Delphi Automotive Systems LLC (123514939)

| Contract # | Pmt Due Date | Inv Control # | Inv Type | Billing Amt | Tax Amt | Invoice Total | Applied Credit | Amt Due | PRE-PETITION | POST-PETITION | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10066300004-04 | 05/13/2005 | 100501052777 | Property Tax | 8,791.44 | 0.00 | 8,791.44 | 0.00 | 8,791.44 | 8,791.44 | 0.00 | 2003 PPT (pre-petition) |
| 41250A | 05/28/2005 | 100501056442 | Property Tax | 42,169.52 | 0.00 | 42,169.52 | 0.00 | 42,169.52 | 42,169.52 | 0.00 | 2004 PPT (pre-petition) |
| 41250B | 05/28/2005 | 100501056443 | Property Tax | 5,558.18 | 0.00 | 5,558.18 | 0.00 | 5,558.18 | 5,558.18 | 0.00 | 2004 PPT (pre-petition) |
| 41250A | 12/02/2005 | 501427951 | Property Tax | 19,947.60 | 0.00 | 19,947.60 | 0.00 | 19,947.60 | 15,302.27 | 4,645.33 | petition |
| 41250B | 03/24/2006 | 501624482 | Property Tax | 4,726.68 | 0.00 | 4,726.68 | 0.00 | 4,726.68 | 3,625.95 | 1,100.73 | petition |
| 4126-66250-05 | 12/02/2005 | 501427950 | Property Tax | 289.00 | 17.43 | 306.43 | -17.43 | 289.00 | 221.70 | 67.30 | petition |
| 4126-66250-05 | 03/24/2006 | 501624481 | Property Tax | 131.21 | 7.98 | 139.19 | -7.98 | 131.21 | 100.65 | 30.56 | petition |
| 4126-66250-06 | 12/02/2005 | 501427950 | Property Tax | 470.19 | 28.23 | 498.42 | -28.23 | 470.19 | 360.69 | 109.50 | petition |
| 4126-66250-06 | 03/24/2006 | 501624481 | Property Tax | 213.60 | 12.85 | 226.45 | -12.85 | 213.60 | 163.86 | 49.74 | petition |
| 4126-66250-06 | 11/03/2006 | 501980676 | Property Tax | 264.53 | 15.89 | 280.42 | -15.89 | 264.53 | 202.93 | 61.60 | petition |
| 4126-66250-07 | 12/02/2005 | 501427949 | Property Tax | 199.67 | 0.00 | 199.67 | 0.00 | 199.67 | 153.17 | 46.50 | petition |
| 4126-66250-07 | 12/02/2005 | 501427950 | Property Tax | 27.98 | 0.00 | 27.98 | 0.00 | 27.98 | 21.46 | 6.52 | petition |
| 4126-66250-07 | 03/24/2006 | 501624483 | Property Tax | 210.04 | 0.00 | 210.04 | 0.00 | 210.04 | 161.13 | 48.91 | petition |
| 4126-66250-07 | 03/24/2006 | 501624481 | Property Tax | 12.72 | 0.00 | 12.72 | 0.00 | 12.72 | 9.76 | 2.96 | petition |
| 4126-66250-08 | 12/02/2005 | 501427951 | Property Tax | 5,061.67 | 328.83 | 5,390.50 | -328.83 | 5,061.67 | 3,882.92 | 1,178.75 | petition |
| 4126-66250-08 | 04/28/2007 | 502311052 | Property Tax | 3,689.88 | 0.00 | 3,689.88 | 0.00 | 3,689.88 | 0.00 | 3,689.88 | 2006 PPT |
| 4126-66250-05 | 04/28/2007 | 502311050 | Property Tax | 86.53 | 5.26 | 91.79 | -5.26 | 86.53 | 0.00 | 86.53 | 2006 PPT |
| 4126-66250-06 | 04/28/2007 | 502311050 | Property Tax | 140.73 | 8.50 | 149.23 | -8.50 | 140.73 | 0.00 | 140.73 | 2006 PPT |
| 4126-66250-07 | 04/28/2007 | 502311050 | Property Tax | 8.44 | 0.00 | 8.44 | 0.00 | 8.44 | 0.00 | 8.44 | 2006 PPT |
| 4126-66250-07 | 04/28/2007 | 502311051 | Property Tax | 144.84 | 0.00 | 144.84 | 0.00 | 144.84 | 0.00 | 144.84 | 2006 PPT |
| 4126-66250-08 | 11/04/2006 | 501981052 | Property Tax | 3,020.87 | 196.48 | 3,217.35 | -196.48 | 3,020.87 | 0.00 | 3,020.87 | 2006 PPT |
| 4126-66250-09 | 11/04/2006 | 501981052 | Property Tax | 208.28 | 13.44 | 221.72 | -13.44 | 208.28 | 0.00 | 208.28 | 2006 PPT |
| 4126-66250-09 | 11/14/2006 | 502003479 | Property Tax | 56.16 | 4.35 | 60.51 | -4.35 | 56.16 | 0.00 | 56.16 | 2006 PPT |
| 4126-66250-09 | 04/28/2007 | 502311050 | Property Tax | 1,140.64 | 68.46 | 1,209.10 | -68.46 | 1,140.64 | 0.00 | 1,140.64 | 2006 PPT |
| 4126-66250-09 | 04/28/2007 | 502311051 | Property Tax | 178.20 | 10.69 | 188.89 | -10.69 | 178.20 | 0.00 | 178.20 | 2006 PPT |
| TOTALS: | | | | 96,748.60 | 718.39 | 97,466.99 | -718.39 | 96,748.60 | 80,725.63 | 16,022.97 | |