Hearing Date and Time: December 17, 2008 at 10:00 a.m.
Response Date and Time: December 10, 2008 at 4:00 p.m.

Debra Turetsky (DT-7189)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

*Attorneys for General Electric Capital Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11
DELPHI CORPORATION, et al.,                                :
                                                           :    Case No. 05-44481 (RDD)
            Debtors.                                       :
                                                           :    (Jointly Administered)
-----------------------------------------------------------x

### RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO THE DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 REGARDING (A) ASSERTED AMOUNT CLAIMS, (B) CLAIMS SUBJECT TO MODIFICATION, AND (C) CLAIMS TO BE EXPUNGED

General Electric Capital Corporation ("**GE**"), by its attorneys Reed Smith LLP, hereby files its response to the Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification, and (C) Claims to be Expunged (the "**Thirty-Second Omnibus Objection**"), and states as follows:

### INTRODUCTION

The Thirty-Second Omnibus Objection is the latest of the Debtors' many attempts to deny GE its rightful recovery for cure amounts flowing from GE's leases and schedules, as set forth in GE's Cure Claim (defined herein). By way of the Thirty-Second Omnibus Objection,

the Debtors have admitted that they owe GE $620,181.39. However, they attempt to re-categorize that amount as a **general unsecured** claim when it is, by the Debtors' own admission, a **cure** claim that must be paid immediately.

## BACKGROUND

1.  On or about July 31, 2006, GE filed five claims, Claim Numbers 15449, 15450, 15451, 15452, and 15453 (the "**GE Claims**"), against the Debtors pursuant to various master lease agreements and over 1100 related schedules (collectively, the "**Leases**"). The GE Claims were ultimately consolidated into Claim 15452.

2.  On or about December 28, 2007, the Debtors filed a Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 502(c) Estimating or Provisionally Allowing Certain Unreconciled Claims Solely for Purposes of Administration of Discount Rights Offering [Docket No. 11606] (the "**Estimation Motion**"). Pursuant to the Estimation Motion, the Debtors sought to estimate Claim 15452 in the amount of $635,904.99 for purposes of the Discount Rights Offering.

3.  GE filed an objection to the Estimation Motion, on or about January 11, 2008, on the grounds that, among other things, the Estimation Motion failed account for creditors whose claims are ultimately allowed in amounts greater than the Debtors' estimated amounts [Docket No. 11948] (the "**Claim Estimation Objection**").

4.  In an effort to resolve the Claim Estimation Objection, the Debtors and GE entered into an agreement by e-mail dated January 16, 2008 (the "**Claim Estimation Agreement**"). The Claim Estimation Agreement provided, among other things, that GE would withdraw the Claim Estimation Objection, that any pre-petition cure claim would be capped at $651,626.18, and that the Debtors would not reject GE's leases pursuant to 11 U.S.C. § 365 and would waive any rights to do so under the Plan. GE withdrew its Claim Estimation Objection

US_ACTIVE-43022460.3

on or about January 16, 2008 [Docket No. 12184].

5.      Thereafter, by email dated February 14, 2008, the Debtors, by their business person, Rob Arabasich, offered to settle Claim 15452 with GE for $620,181.39. GE had reached out to counsel for the Debtors to confirm that this amount represents a cure claim, but received no response. A copy of this correspondence is attached hereto as Exhibit "A".

6.      Therefore, on March 6, 2008, GE filed a Cure Claim in the amount of $620,181.39 – the precise amount offered to GE by the Debtors – despite the fact that GE is actually owed $651,626.18 in pre-petition amounts [Docket No. 12190] (the "**Cure Claim**").

7.      In response to GE's Cure Claim and the allegations therein, counsel for the Debtors advised that the Debtors are treating pre-petition cure claims and pre-petition general unsecured claims differently for purposes of the claims resolution process. In that regard, Debtors' counsel then advised that the $620,181.39 offer from Mr. Arabasich was not for the resolution of the cure claim, but for the pre-petition unsecured claim, and that Mr. Arabasich in fact had no authority to resolve the very separate and distinct cure claim. This assertion is outrageous, given that Mr. Arabasich is the contact provided months ago by Debtors' counsel themselves in response to GE's request to resolve its claim. A copy of this correspondence is attached hereto as Exhibit "B".

8.      In any event, on May 19, 2008, the Debtors filed an Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtor's Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals [Docket No. 13626] (the "**Cure Objection**"), asserting that they could account for only a $431,077.32 **cure claim** on their books and records (although they provided no evidence regarding this lesser amount).

9.      On May 21, 2008, GE filed its Response in Further Support of its Cure Claim, again asserting its entitlement to a $620,181.39 **cure claim**, pursuant to an agreement with the Debtors [Docket No. 13635].

10.     On May 29, 2008, this Court entered an Omnibus Order (I) Pursuant to Confirmation Order, sections 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals [Docket No. 13696] (the "**Cure Order**"). Pursuant to the Cure Order, the Debtors were required to "negotiate in good faith to reach a consensual resolution of the disputed cure proposal".

11.     The Debtors are in direct breach of this requirement, having failed to engage in good faith negotiations to resolve the cure dispute. For months, GE has been chasing after Debtors' counsel for any proof or information regarding the disputed portion of GE's Cure Claim, but counsel's response is simply that he is waiting for information from the Debtors.

12.     Now, after the Debtors conceded in their Cure Objection that at least $431,077.32 in **cure** amounts is owed, they filed their Thirty-Second Objection, effectively seeking to re-categorize this amount as a general **unsecured** claim. Contrary to what the Debtors assert in the Thirty-Second Objection, GE **did not** agree to a settlement of a $620,181.39 **general unsecured claim**. Rather, GE agreed to a settlement of a $620,181.39 **cure claim**.

13.     Accordingly, the Thirty-Second Objection should be overruled to the extent it seeks to modify GE's cure claim to a $620,181.39 general unsecured claim, and the Debtors should be compelled to immediately pay GE's $620,181.39 cure claim.

US_ACTIVE-43022460.3

### Waiver of Memorandum of Law:

14. Pursuant to Rule 9013-1(b) of the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, GE respectfully requests that the Court waive the requirement of a memorandum of law in support of this Response, because the legal points and authorities on which this Response relies are incorporated herein. Accordingly, GE respectfully requests that the Court find that Local Rule 9013-1(b) is satisfied.

15. GE reserves the right to amend or supplement this Response to the extent made necessary by the response of any party, or as may be requested by the Court.

16. Nothing herein shall be construed as a waiver of GE's rights to file an administrative claim for post-petition amounts owed by the Debtors, all of which are expressly preserved.

WHEREFORE, GE respectfully requests that the Court overrule the Debtors' Thirty-Second Objection, and require the Debtors to immediately pay GE's Cure Claim in the amount of $620,181.39.

Dated: December 9, 2008

         Respectfully submitted,

         REED SMITH LLP

         /s/ Debra Turetsky
         Debra Turetsky (DT-7189)
         REED SMITH LLP
         599 Lexington Avenue
         New York, New York 10022
         Telephone: 212.521.5400
         Facsimile: 212.521.5450

         *Attorneys for General Electric Capital Corporation*

US_ACTIVE-43022460.3