**Hearing Date: February 10, 2009**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 15141 (EIKENBERRY & ASSOCIATES, INC.)

("STATEMENT OF DISPUTED ISSUES – EIKENBERRY & ASSOCIATES, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 15141 filed by Eikenberry & Associates, Inc. ("Eikenberry") and respectfully represent as follows:

Background

1.    On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.    On July 31, 2006, Eikenberry filed proof of claim number 15141 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $233,896.39 and a secured claim in the amount of $204,708.80 for the sale of goods (the "Claim").

3.    On December 21, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection").

4.    On January 17, 2008, Eikenberry filed its Eikenberry & Associates, Inc. Response To Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On

2

Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 12224) (the "Response").

Disputed Issues

A.   DAS LLC Does Not Owe Claimant The Amount Asserted In the Proof of Claim

5.   Eikenberry asserts in the Proof of Claim that Delphi owes Eikenberry a total of $438,605.19 for goods sold. DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

6.   Certain Invoices Have Been Paid. Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid, including payments in the amount of $278,556.45 that Eikenberry acknowledges in the Response. Therefore, $297,743.76 should be subtracted from the amount claimed.

7.   Proof of Claim Overstates Prices. The price detailed on certain purchase orders are lower than the price detailed on Eikenberry's invoices. The purchase orders reflect the contractual pricing. Therefore, $26,453.74 should be subtracted from/to the amount of the Proof of Claim.

8.   Proofs of Delivery Not Provided. Eikenberry claimed $24,670.91 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Furthermore, Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1. DAS LLC has no record of receiving the goods associated with the invoices listed on Exhibit A hereto.

3

Because Eikenberry has not provided proofs of delivery for invoices listed on <u>Exhibit A</u>, the amount of $24,670.91 should not be included in the claim.

        9.    <u>Invoices For A Non-Debtor Entity</u>.  The amount asserted by Eikenberry includes invoices to certain entities in Thailand that are not debtors in these chapter 11 cases. Accordingly, $13,008.75 should be subtracted from the Claim.

        10.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $438,605.19 |
|---|---|---|
| <u>Modifications</u> | Paid Invoices | ($297,743.76) |
| | Price Discrepancies | ($26,453.74) |
| | No Proofs of Delivery | ($24,670.91) |
| | Invoices For Non-Debtor Entity | ($13,008.75) |
| <u>Reconciled Amount</u> | | $76,728.03 |

        11.    DAS LLC does not dispute the remaining $76,728.03 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $76,728.03.

B.    <u>The Claim Should Be Classified As A General Unsecured Claim Against DAS LLC</u>

        12.    Eikenberry asserts in the Proof of Claim that it holds a secured claim against Delphi for equipment sold in the amount of $204,708.80, including a tooling lien in the amount of $69,995.00 secured by a lien on equipment.  DAS LLC has reviewed the Proof of Claim and the Response and disputes that the Claim is secured.

4

13.     The purchase order accepted by Eikenberry, comprising the complete and final agreement between the parties, incorporated Delphi's general terms and conditions, which expressly provide that: "When permitted by law, Seller waives any lien or other rights that Seller might otherwise have on or in any of Buyer's Property for work performed on, or utilizing, such property or otherwise."  Eikenberry has not alleged that its waiver of any right to assert a lien is impermissible by law.  Accordingly, Eikenberry is precluded from asserting a security interest in the goods purchased by the Debtors.

<u>Reservation Of Rights</u>

14.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $76,728.03, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 12, 2008

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    Albert L. Hogan, III
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

# Exhibit A

**NOT IN RECORDS**

| INVOICE NUMBER | DATE | VENDOR AMOUNT |
|---|---:|---:|
| 5139 - 8074 | 3/18/04 | ($528.20) |
| 85365 - 112096870 | 8/3/05 | $204.20 |
| 1187 - 0 | 12/19/01 | $1,500.00 |
| 3034 - 0 | 3/18/03 | $2,125.00 |
| 3052 - 0 | 3/19/03 | $5,285.00 |
| 4748 - 0 | 12/31/03 | $2,295.00 |
| 6341 - 9263 | 11/12/04 | $215.71 |
| 1053 - 0 | 10/29/01 | $4,026.50 |
| 1054 - 0 | 10/29/01 | $958.00 |
| 964 - 0 | 9/24/01 | $6,695.00 |
| 965 - 0 | 9/24/01 | $8,658.50 |
| 6319 - 9233 | 11/1/04 | $311.65 |
| 74276B - 0 | 8/25/05 | $1.99 |
| 84825B - 0 | 9/9/05 | $7.30 |
| 84373 - 0 | 6/22/05 | ($58.55) |
| 5670 - 8614 | 6/9/04 | ($44.64) |
| 83612C - 0 | 8/19/05 | ($4,784.00) |
| 85222 - 547237994 | 7/29/05 | $87.75 |
| 85231 - 0 | 7/29/05 | $31.60 |
| 85479 - 121972160 | 8/8/05 | $73.12 |
| 85602 - 0 | 8/11/05 | $9.15 |
| Adj - . | 10/7/08 | $712.08 |
| 84691 - 0 | 7/12/05 | $8.21 |
| 6272 - 0 | 10/21/04 | ($369.29) |
| 6375 - 0 | 11/30/04 | ($126.57) |
| 6415 - 0 | 12/31/04 | ($2.84) |
| 5265 - 0 | 3/31/04 | ($482.50) |
| 4877 - 0 | 1/30/04 | ($192.40) |
| 6233 - 9145 | 10/8/04 | $62.49 |
| 85798 - 547401772 | 8/17/05 | $3.36 |
| 85119 - 1208406 | 7/27/05 | $7.60 |
| 84725 - 0 | 7/13/05 | $8.21 |
| 84759 - 0 | 7/14/05 | $8.21 |
| 85940 - 547458855 | 8/23/05 | $590.40 |
| 86652 - 547689516 | 9/15/05 | $120.40 |
| 85125 - 547211663 | 7/27/05 | $217.60 |
| 84205 - 546835354 | 6/15/05 | $258.34 |
| 82249 - 1224931 | 3/28/05 | $1,153.40 |
| 85329 - 112096870 | 8/3/05 | $60.50 |
| 85689 - 108267642 | 8/15/05 | $73.12 |
| 85333 - 547271944 | 8/3/05 | $144.48 |
| 4704 - 7643 | 12/31/03 | $73.00 |
| Subtotal | | **$29,397.88** |
| LESS UNCLAIMED PAYABLES | $ | 4,726.97 |
| **NET MISSING INVOICES** | **$** | **24,670.91** |