**Hearing Date:  February 10, 2009**
                    **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :
 In re             :   Chapter 11
                :
DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)
                :
      Debtors.     :   (Jointly Administered)
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 1406 (AUTOPARTES DE PRECISION,
A DIVISION OF MINIATURE PRECISION COMPONENTS)**

("STATEMENT OF DISPUTED ISSUES – AUTOPARTES DE PRECISION,
A DIVISION OF MINIATURE PRECISION COMPONENTS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 1406 filed by Autopartes de Precision, a division of Miniature Precision Components ("Miniature Precision") and subsequently transferred to Hain Capital Holdings LLC ("Hain," and together with Miniature Precision, the "Claimants") and respectfully represent as follows:

Background

1.   On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.   On October 14, 2005, Miniature Precision submitted a demand to the Debtors asserting a reclamation claim in the amount of $66,206.52 (the "Reclamation Demand").

3.   On December 30, 2005, Miniature Precision filed proof of claim number 1406 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $247,963.45 and a priority reclamation claim in the amount of $66,206.52 for the sale of goods, for a total asserted amount of $314,170.07 (the "Claim").

4.   On Feb 21, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to Miniature Precision with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $0.00 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses to the Reclamation Claim are valid.

2

      5.    On May 9, 2006, Miniature Precision transferred the Proof Of Claim to Hain pursuant to a notice of transfer (Docket No. 3697).

      6.    On May 24, 2006, Miniature Precision returned the Statement of Reclamation and agreed to the amount set forth in the Statement of Reclamation.

      7.    On November 19, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection").

      8.    On December 13, 2007, Miniature Precision filed its Response of Autopartes De Precision and Miniature Precision Components to Debtors' Twenty-Third Omnibus Claims Objection (Docket No. 11445) (the "Response").

Disputed Issues

A.    <u>Delphi Does Not Owe Claimant The Amount Asserted In the Proof of Claim</u>

      9.    Miniature Precision asserts in the Proof of Claim that Delphi owes Miniature Precision a total of $314,170.07 for goods sold.  Delphi has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim because (a) proofs of delivery were not provided for certain invoices, (b) certain prices are incorrect and/or overstated, and (c) certain materials were returned and/or were defective.

3

        10.        <u>Proofs of Delivery Not Provided</u>.  Miniature Precision claimed $45,167.00 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Furthermore, Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions, § 2.1.  The Debtors have no record of receiving the goods associated with Invoice Nos. SID899225, SID 899269, SID898870, SID899299, SID899360, SID899414, SID899691, or SID899736 asserted in the Proof of Claim.  Because Miniature Precision has not provided these proofs of delivery, the amount of $45,167.00 asserted with respect to Invoice Nos. SID899225, SID 899269, SID898870, SID899299, SID899360, SID899414, SID899691, and SID899736 should not be included in the Claim.

        11.        <u>Price Discrepancies</u>.  The price detailed on certain purchase orders are lower than the price detailed on Miniature Precision's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $6,491.65 should be subtracted from the amount of the Proof of Claim.

        12.        <u>Returned And/Or Defective Materials</u>.  The Proof of Claim includes invoices for materials that have been returned by the Debtors in the ordinary course of business, including materials returned because the goods were defective.  In addition, certain invoices were for materials which were defective but were not returned.  In each case, debit memos were issued by the Debtors on account of the defective goods in the amount of $825.52.  Therefore, $825.52 should be subtracted from the amount claimed.

        13.        After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount On Proof Of Claim No. 1406 | | $314,170.07 |
|---|---|---|
| Modifications | Proofs of Delivery Not Provided | ($45,167.00) |
| | Price Discrepancies | ($6,491.65) |
| | Returned And/Or Defective Materials | ($825.52) |
| Reconciled Amount | | $261,685.90 |

14.     The Debtors do not dispute at this time the remaining $261,685.90 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $261,685.90.

### Reservation Of Rights

15.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $261,685.90, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 12, 2008

                          SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     Albert L. Hogan, III
     John K. Lyons
     Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
     Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession