**Hearing Date:  February 11, 2009**
                   **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|        Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 10155
(COMMODITY MANAGEMENT SERVICES AND GBS PRINTED
PRODUCTS & SERVICES)**

("STATEMENT OF DISPUTED ISSUES – COMMODITY MANAGEMENT
SERVICES AND GBS PRINTED PRODUCTS & SERVICES")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 10155 filed by Commodity Management Services And GBS Printed Products & Services ("CMS") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On October 17, 2005, CMS submitted a demand to the Debtors asserting a reclamation claim in the amount of $621,501.33 (the "Reclamation Demand").

3. On Feb 21, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to CMS with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $511.45 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses to the Reclamation Claim are valid.

4. On April 21, 2006, CMS returned the Statement of Reclamation and agreed to the amount set forth in the Statement of Reclamation.

5. On July 21, 2006, CMS filed proof of claim number 10155 (the "Proof Of Claim") against DAS LLC, which asserts an unsecured non-priority claim in the amount of $266,081.47 (the "Claim") stemming from goods sold and/or services provided.

6.      On December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on CMS with respect to the Reclamation Claim, whereby the Debtors presented CMS with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which CMS is seeking a Reclamation Claim are or were subject to a valid security interest.

7.      On December 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588), seeking to modify the Claim to (i) an unsecured non-priority claim in the amount of $94,368.15 and (ii) a priority reclamation claim in the amount of $511.95.

8.      CMS failed to return the Reclamation Election Notice. Thus, pursuant to the Second Amended Reclamation Order, CMS has been deemed to have waived its right to

assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

9. On January 18, 2008, CMS filed its Commodity Management Services' And GBS Printed Products & Services' Supplemental Response To Debtors' Twenty-Fourth Omnibus Claims Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Book And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject to Modification That Is Subject To Prior Order (Claim No. 10155) (Docket No. 12300). (the "Response").

Disputed Issues

A.  <u>Delphi Does Not Owe The Amount Asserted In Proof Of Claim No. 10155</u>

10. CMS asserts in the Proof of Claim that it has an unsecured non-priority claim against DAS LLC in the amount of $266,081.47 for goods sold and/or services performed. The Debtors have reviewed the information attached to the Proof Of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim because (a) a certain invoices relate to goods allegedly supplied to the Debtors postpetition and (b) certain prices are incorrect and/or overstated.

11. <u>Postpetition Invoices</u>.  A portion of the Proof of Claim is based on allegedly outstanding postpetition invoices.  Those postpetition invoices have been paid in the ordinary course of business and therefore $170,913.93 should be subtracted from the amount claimed.

12. <u>Price Discrepancies</u>.  The prices detailed on certain purchase orders are lower than the prices detailed on CMS's invoices.  The purchase orders reflect the contractual pricing.  Therefore, $287.44 should be subtracted from the amount of the Proof of Claim.

4

13.     After taking into account the above-referenced deduction to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Asserted Amount on Proof of Claim No. 10155 | | $266,081.47 unsecured |
|---|---|---|
| Modifications | Postpetition Invoices | ($170,913.93) |
| | Price Discrepancies | ($287.44) |
| Reconciled Amount | | $94,880.10 unsecured |

14.     The Debtors do not dispute at this time the remaining $94,880.10 of the Proof of Claim and request that the Proof of Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $94,880.10.

Reservation Of Rights

15.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

5

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to the maximum amount of $94,880.10 as a general unsecured non-priority claim against the estate of DAS LLC and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
       December 15, 2008

           SKADDEN, ARPS, SLATE, MEAGHER
             & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Albert L. Hogan, III
     Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:   /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
     Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

6