**Hearing Date:  February 11, 2009**
        **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|         Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | : | |

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM
NUMBER 1704 (CAPRO LTD. AND BEAR STEARNS INVESTMENT PRODUCTS, INC.)

("STATEMENT OF DISPUTED ISSUES – CAPRO LTD. AND
BEAR STEARNS INVESTMENT PRODUCTS, INC.")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 1704 filed by Capro Ltd. ("Capro") and subsequently transferred to Bear Stearns Investment Products, Inc. ("Bear Stearns," and together with Capro, the "Claimants") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On January 30, 2006, Capro filed proof of claim number 1704 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $574,724 and a secured claim in the amount of $299,723.41 for the sale of goods (collectively, the "Claim"). The secured claim is based on a reclamation demand (the "Reclamation Demand") asserted by Capro against the Debtors on October 10, 2005.

3. On May 12, 2006, Capro transferred the Proof Of Claim to Bear Stearns pursuant to a notice of transfer (Docket No. 3744).

4. On October 26, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To

2

Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

5. On November 20, 2007, Capro filed its Response of Capro Ltd. To Debtors' Twenty-Second Omnibus Objection (Docket No. 10986) (the "Response").

Disputed Issues

A. <u>DAS LLC Does Not Owe Claimant The Amount Asserted In the Proof of Claim</u>

6. Capro asserts in the Proof of Claim that DAS LLC owes Capro a total of $874,448.21 for goods sold. DAS LLC has reviewed the information attached to the Proof of Claim and the Response and disputes that it owes the amount asserted in the Proof of Claim.

7. <u>Certain Invoices Have Been Paid</u>. Based upon Delphi's various accounts payable records, a portion of the invoices reflected in the Proof of Claim have been paid. Therefore, $28,680.22 should be subtracted from the amount claimed.

8. <u>Proof of Claim Overstates Prices</u>. The prices detailed on certain of Capro's invoices comprising part of the Claim are higher than the prices detailed on the corresponding purchase orders issued by the Debtors. The purchase orders reflect the contractual pricing. Therefore, $56,252.86 should be subtracted from the amount of the Proof of Claim.

9. <u>Proofs of Delivery Not Provided</u>. Capro claimed $41,162.68 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries. Furthermore, Delphi's General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1. DAS LLC has no

record of receiving the goods associated with the invoices listed on Exhibit A[1] hereto. Because Capro has not provided proofs of deliveries for the invoices listed in Exhibit A, the amount of $41,162.68 should not be included in the claim.

          10.    Credits For Certain Invoices. DAS LLC has agreed to credits for certain invoices included in the Proof of Claim. Accordingly, the Claim should be increased by an amount of $80,083.31.

          11.    Reclamation Claim. As noted above, the Proof of Claim asserts a secured claim in the amount of $299,723.41 on account of Capro's Reclamation Demand. The Debtors assert that the valid amount of the Reclamation Demand is $57,003.23 (the "Reclamation Claim"), subject to DAS LLC's right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid. If DAS LLC is successful in prosecuting the Reserved Defenses, the amount of $57,003.23 would be treated as a general unsecured claim.

          12.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

---

[1]    The Proof of Claim includes a total amount of $50,779.62 of invoices for which Capro did not provide proofs of deliveries. DAS LLC's records include $9,616.94 of invoices that were submitted by Capro and receipted by DAS LLC but were not included on the Proof of Claim. DAS LLC proposes to credit Capro for this $9,616.94 of invoices and net that amount against the $50,779.62 of invoices for which no proofs of deliveries were provided, showing a net amount of $41,162.68.

4

| Claimant's Asserted Amount | | $874,448.21 |
|---|---|---|
| Modifications | Paid Invoices | ($28,680.22) |
| | Overstated Pricing | ($56,252.86) |
| | No Proofs of Deliveries | ($41,162.68) |
| | Credits | $80,083.31 |
| Reconciled Amount | | $828,435.76[2] |

13.     DAS LLC does not dispute the remaining $828,435.76 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $828,435.76.

Reservation Of Rights

14.     This Statement of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s)

---

[2]     The Claimants are entitled to assert that $57,003.23 is entitled to priority treatment on account of the Reclamation Claim, subject to the Reserved Defenses.

5

and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DAS LLC in an amount not to exceed $828,435.76, and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
December 15, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:    /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession