**Hearing Date: December 17, 2008**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
         In re                                                :         Chapter 11
                                                              :
DELPHI CORPORATION, et al.,                                   :         Case No. 05-44481 (RDD)
                                                              :
                              Debtors.                        :         (Jointly Administered)
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-SECOND OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
REGARDING (A) ASSERTED AMOUNT CLAIMS, (B) CLAIMS SUBJECT TO
MODIFICATION, AND (C) CLAIMS TO BE EXPUNGED

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-SECOND
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged (Docket No. 14442) (the "Thirty-Second Omnibus Claims Objection"), and respectfully represent as follows:

1.      The Debtors filed the Thirty-Second Omnibus Claims Objection on November 14, 2008, seeking entry of an order (a) allowing certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) the Debtors have agreed to allow each such Claim at the amount asserted in the corresponding Proof of Claim or (ii) the Debtors have reached a settlement in principle with the holder of such Claims and (b) disallowing and expunging certain Claims because (i) they are duplicative of other Claims or have been amended or superseded by later-filed Claims or (ii) the Debtors have reached a settlement in principle with each holder of such Claims that such Claims should be disallowed and expunged.

2.      The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Thirty-Second Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Thirty-Second Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on December 10, 2008.

---

[1]      Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirty-Second Omnibus Claims Objection.

3.    As of December 15, 2008 at 12:00 p.m. (prevailing Eastern time), the

Debtors had received nine timely-filed formal docketed responses (collectively, the "Responses")

to the Thirty-Second Omnibus Claims Objection.  In the aggregate, the Responses cover nine

Claims.  Attached hereto as Exhibit A is a chart summarizing each of the Responses and listing

the nine Claims for which a Response was filed.  Pursuant to the Order Pursuant To 11 U.S.C.

§ 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing

(i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And

Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006

(the "Claims Objection Procedures Order"), the hearing with respect to each of the nine Claims

covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing,

as appropriate, to determine the disposition of each such Claim.

4.    In addition, the Debtors are withdrawing the Thirty-Second Omnibus

Claims Objection with respect to the following nine proofs of claim for which no Response was

filed, for the reasons set forth below:

| Proof Of Claim Number | Claimant | Reason For Withdrawal Of Objection |
| --- | --- | --- |
| 2680 | Rothrist Tube, Inc. | Executed Joint Stipulation and Agreed Order to be entered by this Court |
| 11248, 11249, 11250, and 11251 | Greeley Containment & Rework, Inc. | Executed Joint Stipulation and Agreed Order to be entered by this Court |
| 11462 | Valeo Climate Control Corporation | Executed Joint Stipulation and Agreed Order to be entered by this Court |
| 416 | Hitachi Chemical Signapore Pte. Ltd., f/k/a Hitachi Chemical Asia Pacific Pte. Ltd. | Objection withdrawn by agreement of Debtors and claimant |

| Proof Of Claim Number | Claimant | Reason For Withdrawal Of Objection |
|---|---|---|
| 2246 | Bear Stearns Investment Products, Inc. as assignee of Alps Automotive | Objection withdrawn by agreement of Debtors and claimant |
| 6691 | Contrarian Funds LLC, as assignee of FHBC America, Inc. | Objection withdrawn by agreement of Debtors and claimant |

5.    Attached hereto as Exhibit B is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Thirty-Second Omnibus Claims Objection which reflects the adjournment of the hearings with respect to the Claims for which Responses were filed or received by the Debtors.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

6.    In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirty-Second Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Debtors believe that all of the concerns expressed by the Informal Responses have been adequately resolved.

7.    Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately

---

[2]    Attached hereto as Exhibit C is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Thirty-Second Omnibus Claims Objection.

addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the

relief requested by the Debtors and enter the Revised Proposed Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.


Dated: New York, New York
      December 16, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -


By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
     Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession