Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :

    In re                                      :        Chapter 11
                                                   :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                                   :
                         Debtors.        :        (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
REGARDING (A) ASSERTED AMOUNT CLAIMS, (B) CLAIMS SUBJECT
TO MODIFICATION, AND (C) CLAIMS TO BE EXPUNGED, <u>AS
IDENTIFIED IN THIRTY-SECOND OMNIBUS CLAIMS OBJECTION</u>

("THIRTY-SECOND OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged, dated November 14, 2008 (the "Thirty-Second Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Thirty-Second Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Second Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C-1, and C-2 hereto was properly and timely served with a copy of the Thirty-Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Second Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Second Omnibus Claims Objection. No other or further notice of the Thirty-Second Omnibus Claims Objection is necessary.

    B.    This Court has jurisdiction over the Thirty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The Claims listed on Exhibit A hereto assert liabilities or dollar amounts that the Debtors have determined should be allowed in their asserted amounts (the "Asserted Amount Claims").

    D.    The Claims listed on Exhibit B hereto assert claims that the Debtors have determined should be modified solely to assert a properly classified, fully liquidated

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2  DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.

claim amount against a Debtor that, in some instances, may be different from the one identified by the Claimant (the "Claims Subject To Modification").

E.   The Claims listed on Exhibit C-1 hereto under the column heading Claims To Be Expunged are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Duplicate Or Amended Claims").

F.   The Claims listed on Exhibit C-2 hereto assert liabilities or dollar amounts that are not owing as a result of settlements in principle with the holders of such Claims (the "Claims To Be Expunged Pursuant To Settlement").

G.   Exhibit ~~D~~E hereto displays the formal name of the Debtor entity and its associated bankruptcy case number referenced on ~~Exhibit C-1 or C-2.~~Exhibits A, B, C-1, C-2, D-1, D-2, and D-3.  Exhibit ~~G~~F sets forth each of the Claims referenced on Exhibits A, B, C-1, C-2, D-1, D-2, and ~~C~~D-~~2~~3 in alphabetical order by claimant and cross-references each such Claim by proof of claim number and basis of objection.

H.   The relief requested in the Thirty-Second Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Each Asserted Amount Claim listed on Exhibit A hereto is hereby allowed at the amount asserted on the corresponding proof of claim.

2.   Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit B hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified."  No Claimant listed on Exhibit B hereto shall be entitled to (a)

---

3   DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.

recover any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit B hereto.  Each Claim Subject To Modification is hereby modified and allowed to reflect the Modified Total as set forth on Exhibit B hereto.

3.  Each of the Claims To Be Expunged listed on Exhibit C-1 hereto is hereby disallowed and expunged in its entirety.

4.  Each of the Claims To Be Expunged Pursuant To Settlement listed on Exhibit C-2 hereto is hereby disallowed and expunged in its entirety.

5.  Allowance of each of the Asserted Amount Claims set forth on Exhibit A hereto and each of the Claims As Modified set forth on Exhibit B hereto (and together with the Asserted Amount Claims, the "Allowed Claims") is subject to the following:

> (a) Without further order of this Court, the Debtors are authorized to offset or reduce the Allowed Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which the counterparty associated with the Proof of Claim is a party.
>
> (b) To the extent an Asserted Amount Claim set forth on Exhibit A or a Claim Subject To Modification set forth on Exhibit B also incorporates a reclamation demand with respect to which either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), the Claimant holding such Claim reserves the right, pursuant to section 503(b) of the Bankruptcy Code,

---

4   DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.

        to seek administrative priority status for that portion of the Claim subject to such Reclamation Agreement, subject to the Debtors' right to seek, at any time and notwithstanding a Claimant's agreement to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") with respect to the reclamation demand are valid and the classification set forth on Exhibit A or Exhibit B for such Allowed Claim shall not be deemed to waive or in any way impair the foregoing right of the Claimant to seek administrative expense priority status for that portion of the Allowed Claim subject to such Reclamation Agreement.

(c)    The allowance of the Allowed Claim shall act as an injunction against any "Person" (as that term is defined in 101(41) of the Bankruptcy Code) commencing any action, employment of process, or act to collect, offset, or recover with respect to each such Allowed Claim.

(d)    The allowance of each such Allowed Claim subject to this Thirty-Second Omnibus Claims Objection resolves all of the responses filed by Claimants to prior omnibus claims objections with respect to each such Allowed Claim subject to the Thirty-Second Omnibus Claims Objection.

6.    With respect to each Claim for which a Response to the Thirty-Second Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits D-1, D-2, and D-3 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

7.    <s>6.</s> Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Second Omnibus Claims Objection.

---

5    DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.

8.    ~~7.~~ This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

9.    ~~8.~~ Each of the objections by the Debtors to each Claim addressed in the Thirty-Second Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, C-2, D-1, D-2, and ~~C~~D-~~2~~3 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Second Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

10.    ~~9.~~ Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated:  New York, New York
        December ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

6    DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.

Document comparison done by DeltaView on Tuesday, December 16, 2008 12:32:32 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr02a/717923/4 |
| Document 2 | pcdocs://chisr02a/717923/6 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 13 |
| Deletions | 11 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 24 |

7    DeltaView comparison of pcdocs://chisr02a/717923/4 and pcdocs://chisr02a/717923/6. Performed on 12/16/2008.