SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :
      In re                              :       Chapter 11
                                            :
DELPHI CORPORATION, et al.,        :       Case No. 05–44481 (RDD)
                                            :
                    Debtors.      :       (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 11248, 11249, 11250, AND 11251
<u>(GREELEY CONTAINMENT & REWORK INC.)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems, LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Greeley Containment & Rework Inc. ("Greeley Containment") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 11248, 11249, 11250, And 11251 (Greeley Containment & Rework Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 27, 2006, Greeley Containment filed proof of claim number 11248 against Delphi, which asserts an unsecured non-priority claim in the amount of $1,777.27 ("Claim 11248") stemming from goods sold.

WHEREAS, on July 27, 2006, Greeley Containment filed proof of claim number 11249 against Delphi Corporation, which asserts an unsecured non-priority claim in the amount of $31,625.46 ("Claim 11249") stemming from goods sold.

WHEREAS, on July 27, 2006, Greeley Containment filed proof of claim number 11250 against Delphi Corporation, which asserts an unsecured non-priority claim in the amount of $46,237.04 ("Claim 11250") stemming from goods sold.

WHEREAS, on July 27, 2006, Greeley Containment filed proof of claim number 11251 against Delphi Corporation, which asserts an unsecured non-priority claim in the amount of $31,625.46 ("Claim 11251," together with Claim 11248, Claim 11249, and Claim 11250, the "Claims") stemming from goods sold.

WHEREAS, on May 22, 2007, the Debtors objected to the Claims pursuant to the

Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 18, 2007, Greeley Containment filed its Response to Fifteenth Omnibus Claims Objection Filed by Greeley Containment & Rework, Inc. (Docket No. 8373) (the "Response").

WHEREAS, pursuant to this Stipulation, DAS LLC acknowledges and agrees that the Claim 11248 shall be allowed against DAS LLC in the amount of $1,512.63.

WHEREAS, pursuant to this Stipulation, DAS LLC acknowledges and agrees that the Claim 11249 shall be allowed against DAS LLC in the amount of $31,625.46.

WHEREAS, pursuant to this Stipulation, DAS LLC acknowledges and agrees that the Claim 11250 shall be allowed against DAS LLC in the amount of $34,571.14.

WHEREAS, pursuant to this Stipulation, DAS LLC acknowledges and agrees that the Claim 11251 shall be allowed against DAS LLC in the amount of $14,271.26.

WHEREAS, DAS LLC is authorized to enter into this Stipulation either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Greeley Containment stipulate and agree as

3

follows:

      1.      Claim 11248 shall be allowed in the amount of $1,512.63 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      2.      Claim 11249 shall be allowed in the amount of $31,625.46 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      3.      Claim 11250 shall be allowed in the amount of $34,571.14 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      4.      Claim 11251 shall be allowed in the amount of $14,271.26 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

      5.      Allowance of each of Claim 11248, Claim 11249, Claim 11250, and Claim 11251 is in full satisfaction of each of Claim 11248, Claim 11249, Claim 11250, and Claim 11251, respectively, and Greeley Containment, on its own behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Greeley Containment Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claims are anything but prepetition general unsecured non-priority claims against DAS LLC.  The Greeley Containment Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the Greeley Containment Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

6. Greeley Containment shall withdraw its Response to the Fifteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 15th day of December, 2008

                                    /s/Robert D. Drain
                                  UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Justin Blackhall |
|---|---|
| John Wm. Butler, Jr. | Justin Blackhall |
| John K. Lyons | Solomon Pearl Heymann & Stich LLP |
| Ron E. Meisler | 40 Wall Street |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10005 |
| | (212) 267-7600 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | Attorney for Greeley Containment & Rework Inc |
| (312) 407-0700 | |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5