UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                          :       Chapter 11
:
DELPHI CORPORATION, et al.,         :       Case No. 05-44481 (RDD)
:
                         Debtors.       :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
REGARDING (A) SERP CLAIMS AND SCHEDULED LIABILITIES
SUBJECT TO MODIFICATION, (B) DUPLICATE OR AMENDED SERP
CLAIMS, (C) CLAIMS SUBJECT TO MODIFICATION, AND (D) CLAIM
TO BE EXPUNGED PURSUANT TO SETTLEMENT, AS IDENTIFIED IN
<u>THIRTY-THIRD OMNIBUS CLAIMS OBJECTION</u>

("THIRTY-THIRD OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) SERP Claims And Scheduled Liabilities Subject To Modification, (B) Duplicate Or Amended SERP Claims, (C) Claims Subject To Modification, And (D) Claim To Be Expunged Pursuant To Settlement, dated December 22, 2008 (the "Thirty-Third Omnibus Claims Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Thirty-Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Third Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A-1, A-2, B, C, and D hereto was properly and timely served with a copy of the Thirty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Third Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Third Omnibus Claims Objection. No other or further notice of the Thirty-Third Omnibus Claims Objection is necessary.

      B.    This Court has jurisdiction over the Thirty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    The Claims listed on Exhibit A-1 hereto assert SERP Claims that the Debtors have determined should be modified solely to assert a properly classified, fully liquidated claim amount against a Debtor that, in some instances, may be different from the one identified by the SERP Claim Holder (the "SERP Claims Subject To Modification").

      D.    The Scheduled Liabilities listed on Exhibit A-2 hereto assert liabilities arising from the SERP that the Debtors have determined should be modified solely to assert a

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

properly classified, fully liquidated claim amount against a Debtor that, in some instances, may be different from the one identified by the SERP Scheduled Party (the "SERP Scheduled Liabilities Subject To Modification").

  E.  The SERP Claims listed on <u>Exhibit B</u> hereto under the column heading Claims To Be Expunged are either duplicates of other SERP Claims filed with this Court or have been amended or superseded by later-filed SERP Claims.

  F.  The Claims listed on <u>Exhibit C</u> hereto assert claims that the Debtors have determined should be modified solely to assert a properly classified, fully liquidated claim amount against a Debtor that, in some instances, may be different from the one identified by the Claimant (the "Claims Subject To Modification").

  G.  The Claim listed on <u>Exhibit D</u> hereto asserts liabilities and a dollar amount that are not owing as a result of a settlement in principle with the holder of such Claim (the "Claim To Be Expunged Pursuant To Settlement").

  H.  <u>Exhibit E</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits <u>A-1</u>, <u>A-2</u>, <u>B</u>, <u>C</u>, and <u>D</u>. <u>Exhibit F</u> sets forth each of the SERP Claims, Scheduled Liabilities, and Claims referenced on Exhibits <u>A-1</u>, <u>A-2</u>, <u>B</u>, <u>C</u>, and <u>D</u> in alphabetical order by claimant and cross-references each such Claim by (i) proof of claim number or schedule number and (ii) basis of objection.

  I.  The relief requested in the Thirty-Third Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Each "SERP Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit A-1</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "SERP Claim As Modified." No SERP Claim Holder listed on <u>Exhibit A-1</u> hereto shall be entitled to (a) recover any SERP Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on <u>Exhibit A-1</u> hereto; <u>provided</u>, <u>however</u>, that each such Claim shall be automatically adjusted, as necessary, to account for, among other things, actual payments received by the SERP Claim Holder during these chapter 11 cases pursuant to that certain Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Docket No. 198) (the "Human Capital Order") entered by this Court on October 13, 2005. Each SERP Claim Subject To Modification is hereby modified and allowed to reflect the Modified Total as set forth on <u>Exhibit A-1</u> hereto.

2.     Each SERP Scheduled Liability Subject To Modification listed on <u>Exhibit A-2</u> is hereby revised to reflect the amount, classification, and Debtor listed as the "SERP Scheduled Liability As Modified." No SERP Scheduled Party listed on <u>Exhibit A-2</u> hereto shall be entitled to (a) recover any SERP Scheduled Liability Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "SERP Scheduled Liability As Modified"

4

column, and/or (c) assert a SERP Claim against a Debtor whose case number is not listed in the "SERP Scheduled Liability As Modified" column on Exhibit A-2 hereto; provided, however, that each such Claim will be automatically adjusted, as necessary, to account for, among other things, actual payments received by the SERP Scheduled Party during these chapter 11 cases pursuant to the Human Capital Order. Each SERP Scheduled Liability Subject To Modification is hereby modified and allowed to reflect the Modified Total as set forth on Exhibit A-2 hereto.

        3. Each of the SERP Claims To Be Expunged listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

        4. Each "Claim As Docketed" amount, classification, and Debtor listed on Exhibit C hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on Exhibit C hereto shall be entitled to (a) recover any Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, and/or (b) assert a classification that is inconsistent with that listed in the "Claim As Modified" column, and/or (c) assert a Claim against a Debtor whose case number is not listed in the "Claim As Modified" column on Exhibit C hereto. Each Claim Subject To Modification is hereby modified and allowed to reflect the Modified Total as set forth on Exhibit C hereto.

        5. The Claim To Be Expunged Pursuant To Settlement listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

        6. Allowance of each of the Claims set forth on Exhibits A-1, A-2, and C hereto (together, the "Allowed Claims") is subject to the following:

        (a) The allowance of the Claim shall act as an injunction against any "Person" (as that term is defined in 101(41) of the Bankruptcy Code) commencing any action, employment of process, or act to collect, offset, or recover with respect to each such Claim. This injunction

5

    specifically includes all Actions under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination in Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. Nothing contained herein is intended to preclude Delphi from continuing the benefits provided under the Delphi Life And Disability Benefits Program For Salaried Employees and the Salaried Health Care Plan (or Claimant's rights, if any, to receive benefits thereunder), subject to the terms thereof and Delphi's rights and defenses thereto. Furthermore, nothing contained herein shall alter (a) the Claimant's right(s) to continue to receive benefits related to the Delphi Retirement Program for Salaried Employees and (b) Delphi's reciprocal rights and defenses thereto.

  (b) The allowance of each such Claim subject to this Thirty-Third Omnibus Claims Objection shall resolve all of the responses filed by Claimants to prior omnibus claims objections with respect to each such Claim subject to this Thirty-Third Omnibus Claims Objection.

 7. Allowance of each of the Claims Subject To Modification set forth on

<u>Exhibit C</u> is further subject to the following:

  (a) Without further order of this Court, the Debtors are authorized to offset or reduce the Claim Subject To Modification for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which the counterparty associated with the Proof of Claim is a party.

  (b) To the extent that a Claim Subject To Modification also incorporates a reclamation demand with respect to which either (i) the Debtors and the Claimant have entered into a letter agreement whereby the Debtors and the Claimant agreed upon the valid amount of the reclamation demand or (ii) the Claimant is deemed to have consented to the Debtors' determination of the valid amount of the

6

>   reclamation demand (with respect to (b)(i) and (ii), each, a "Reclamation Agreement"), the Claimant holding such Claim Subject To Modification reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for that portion of the Claim Subject To Modification subject to such Reclamation Agreement, subject to the Debtors' right to seek, at any time and notwithstanding a Claimant's agreement to the amount pursuant to the Reclamation Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") with respect to the reclamation demand are valid and the classification set forth on <u>Exhibit C</u> for such Claim Subject To Modification shall not be deemed to waive or in any way impair the foregoing right of the Claimant to seek administrative expense priority status for that portion of the Claim Subject To Modification subject to such Reclamation Agreement.

8.  Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Third Omnibus Claims Objection.

9.  This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10. Each of the objections by the Debtors to each Claim addressed in the Thirty-Third Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A-1</u>, <u>A-2</u>, <u>B</u>, <u>C</u>, and <u>D</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Third Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

11. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
      January ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE