1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

DELPHI CORPORATION, ET AL.,

       Debtors.

- - - - - - - - - - - - - - - - - - - -x

      U.S. Bankruptcy Court

      One Bowling Green

      New York, New York

      December 17, 2008

      10:09 a.m.

B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

1    DEBTORS' Thirty-Second Omnibus Objection

2

3    MOTION for an Order Solely as to Statutory Committees Extending

4    Debtors' Exclusive Periods Within Which to File and Solicit

5    Acceptances of Reorganization Plan

6

7    EXHAUST Business Sale Motion

...

24    Transcribed By:   Esther Accardi

25

```
                                                              3
 1    A P P E A R A N C E S :
 2    SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
 3         Attorneys for Debtors
 4         333 West Wacker Drive
 5         Chicago, Illinois 60606
 6
 7    BY:   JOHN WM. BUTLER, JR., ESQ.
 8
 9
10    SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
11         Attorneys for Debtors
12         Four Times Square
13         New York, New York 10036
14
15    BY:   KAYALYN A. MARAFIOTI, ESQ.
16
17
18    LATHAM & WATKINS, LLP
19         Attorneys for Creditors' Committee
20         885 Third Avenue
21         New York, New York 10022
22
23    BY:   CATHERINE M. MARTIN, ESQ.
24
25
```

4

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                                |
| 2  | THE COURT:  Be seated.  Okay.  Delphi Corporation.                   |
| 3  | MR. BUTLER:  Your Honor, good morning.  Jack Butler                  |
| 4  | and Kayalyn Marafioti on behalf of Delphi Corporation for our        |
| 5  | thirty-eighth omnibus hearing.  This is the December omni.           |
| 6  | There are three matters on the agenda, two of which                  |
| 7  | are uncontested and the third contested matter we're only going      |
| 8  | to present the uncontested portion of it today.                      |
| 9  | THE COURT:  Okay.                                                    |
| 10 | MR. BUTLER:  The first matter on the agenda is the                   |
| 11 | Exhaust Business sale motion at docket number 14443.  This is        |
| 12 | for the sale, Your Honor.  This is the second step of a sale         |
| 13 | process we've had to seek approval of the sale of the debtors'       |
| 14 | exhaust business to BN Turgeon SA (ph.) and certain of its           |
| 15 | affiliates, which were the stalking horse bidder.                    |
| 16 | Your Honor approved the bidding procedures on                        |
| 17 | November 25th at docket number 14490.  The bid deadline was 11       |
| 18 | a.m. eastern time on December 8, 2008.  And the selling debtor      |
| 19 | entities did not receive any bids by that time, so there was no      |
| 20 | auction that was held.                                               |
| 21 | Your Honor, this particular transaction pursuant to                  |
| 22 | the purchase and sale agreement, dated November 10, 2008,            |
| 23 | involves an allocation of the purchase price.  Seventeen             |
| 24 | million of which is allocated to non-debtor entities.  And           |
| 25 | 150,000 dollars which is allocated to selling debtor entities.       |

5

1           There have been no objections filed to the motion.
2   The creditors' committee had previously filed a reservation of
3   rights.  We've reviewed the transaction with the committee's
4   legal and financial advisors, and the committee is not
5   contesting the sale today.
6           THE COURT:  Okay.  And the allocation was reviewed
7   with the committee, too?
8           MR. BUTLER:  Yes, Your Honor.  The entire transaction
9   I think has been reviewed.
10          We had fifteen exhibits that have been submitted to
11  the Court in connection with this hearing, including Exhibit 1,
12  which is the declaration of Keith Stipp, the company's director
13  of restructuring, who is present in the courtroom today.  And
14  the balance of the exhibits include the agreements, the various
15  court filings and proofs and service, and other matters
16  relating to the transaction.  And I would point out that
17  Exhibits 14 and 15 are documents prepared by Lincoln
18  International Advisors, which are the debtors' financial
19  advisors for this particular transaction, which describe the
20  sale process and their assessment of the value of the exhaust
21  business, which are part of the documents and the bases for Mr.
22  Stipp's declaration.
23          Your Honor, I'd move to admit Exhibits 1 through 15.
24          THE COURT:  Okay.  Any objection to their admission?
25          All right, they're admitted.

1  (Debtor's Exhibit 1 through 15 were hereby received in
2  evidence, as of this date.)
3         MR. BUTLER:  Your Honor, a couple of things I'd like
4  to point out even though this is not contested because I simply
5  want to make sure that the record is clear on this.
6         First, let me address the allocation.  As I
7  indicated, there was an allocation of the purchase price, both
8  among non-debtor affiliates and with respect to the selling
9  debtor entities.  The portion of the acquired assets being sold
10 by the selling debtor entities is comprised of intellectual
11 property, including patents and trademarks and certain
12 engineering resources, including equipment used by engineers to
13 develop and test products.  And Mr. Stipp describes in his
14 declaration the basis upon which the debtors negotiated, and
15 Delphi negotiated that allocation.
16        Second thing I wanted to point out to Your Honor so
17 that the record is clear here, is that one of the items being
18 sold here, one of the aspects of the items included in the
19 transaction is the debtors -- excuse me, the sale by the
20 sellers of forty percent of a non-debtor affiliate, Delphi
21 Contra Ladura SA DCV (ph.), it's called DCSA in the motion.
22 And this is owned already sixty percent by the buyer and forty
23 percent -- the non-debtor affiliate owns forty percent of this
24 joint venture.  And the non-debtor affiliate is selling that
25 joint venture to the buyer as part of this.

7

1       Because of that transaction and because the
2  purchasers have sixty percent interest in a joint venture of a
3  non-debtor affiliate, the question could be raised as to
4  whether or not this is an insider transaction.  I simply want
5  that to be on the record and describe to you what that
6  transaction is.
7       There is a Mexican joint venture that the seller --
8  as I said, the purchasers own sixty percent of, it is -- the
9  forty percent is owned by a non-debtor affiliate which I've
10 just describe to you.  And that works its way up eventually to
11 DASHE (ph.), which is a debtor in these cases.  And while I --
12 I don't believe that this sale necessarily qualifies as an
13 insider transaction.  If Your Honor concluded that it did, it's
14 still the debtor's view that this transaction satisfies the
15 heightened scrutiny standard.  It will be applied in such
16 situations when you would sell assets to insiders pursuant to
17 Section 363 of the Bankruptcy Code.  I point to Mr. Stipp's
18 declaration and I point to Exhibits 14 and 15 that have been
19 admitted into evidence by the debtors' financial advisors about
20 the activities taken to market this transaction.  And the other
21 particularized circumstances of the transaction.  But I did
22 want to make that presentation specifically on the record.
23      In addition, Your Honor, I should point out that
24 Exhibit F to the motion sets forth the contracts that we're
25 seeking to assume and assign in connection with the U.S. to the

1  buyer.  We served the buyer assumption and assignment notices
2  on November 25, 2008.  There have been no objections to the
3  buyer notices of assumption or assignment that have been
4  presented to the debtors.  So we have no objections on that
5  piece either.
6              I don't know if Your Honor has any other questions
7  about the transaction, but I wanted to -- other than making no
8  specific notes on the record, I would otherwise rely on the
9  pleadings and the evidentiary record that's been admitted.
10             THE COURT:  Okay.  I don't have any questions.  Mr.
11 Stipp's declaration sets forth the business rationale for the
12 transaction as well as the allocation.  I don't view it as an
13 insider transaction given the arms length of the negotiations
14 and the arms length relationship between the sellers and the
15 buyer.  Moreover, there's clearly a several months long sale
16 process that gave any third party wishing to buy some or all
17 the assets more than adequate time to put in a bid and do the
18 due diligence and then make a final bid.
19             So I am prepared to approve the transaction as well
20 as the sale free and clear given that there were no objections
21 by anyone claiming an interest in the assets as well as the
22 assumption and assignment of the contracts, again, in light of
23 their being no objection after due notice of the assignment and
24 cure notice.
25             MR. BUTLER:  Thank you, Your Honor.

9

1   THE COURT:  I have a form of order.  I had a couple
2   of minor -- very minor changes to it.  But I'll need the three
3   exhibits.  Hopefully the disk that you have includes the three
4   exhibits.
5   MR. BUTLER:  We'll submit it after the hearing, Your
6   Honor.
7   THE COURT:  Okay.
8   MR. BUTLER:  Your Honor, the second matter on the
9   agenda is the third Section 1121(d) statutory committee
10  exclusivity extension motion at docket number 14556.  No party
11  has filed an objection to this motion.  Both committees have
12  indicated to the debtors that they do not oppose the relief.
13  This order, Your Honor, if granted by the Court,
14  would extend the existing deadlines of January 31, 2009 and
15  March 31, 2009 to file any plan modifications or alternative
16  plan.  I am seeking substances in respect of such matters to
17  March 31 and May 31 of 2009.  Intention of this motion is,
18  among other matters, to align this schedule to the milestones
19  that are set forth in the accommodation agreement that Your
20  Honor previously approved and which has been implemented.
21  I should also point out to the Court that the plan
22  modification motion filed on October 3rd, which was scheduled
23  for hearing today, was previously adjourned to the March 2009
24  omnibus hearing.  Again, for the same purpose, to align the
25  schedule so that we can move forward with the process

10

1   contemplated under the accommodation agreement, and the

2   anticipated filing of further plan modifications on or about

3   February 27th of next year.

4       THE COURT:  Okay.  Does anyone have anything to say

5   on this motion.  All right.  I'll approve the motion as the

6   motion reminded everyone, the exclusive period issue is

7   preserved pursuant to an earlier order entered in April as to

8   the two committees.  And the extension is clearly in line with

9   the accommodation agreement as well as what we all hear is

10  going on with GM and other major customers of the debtor.  So

11  clearly there's cause to extend the period as far as the

12  committee's right to seek to break exclusivity.

13      MR. BUTLER:  Thank you, Your Honor.

14      THE COURT:  I'll enter that order.

15      MR. BUTLER:  Thank you, Your Honor.

16      Your Honor, the last matter on the agenda matter

17  number 3 is the thirty-second omnibus claims objection at

18  docket number 14442.  I am going to make a bit of a

19  presentation on this particular claims objection because it's

20  slightly different than what we've done in the past, and it's

21  intended to expedite and bring further economy to the claims

22  administration process.

23      In the prior thirty-one claims objections, the debtor

24  sought to disallow or modify claims under the claims procedures

25  authorized by the Court.  A claimant could file a response that

11

1  didn't agree with that treatment.  And the hearing on a
2  particularized claim would be adjourned to a future hearing
3  date.  As Your Honor knows, more often than not we would
4  continue working with the claimant and resolve those claims in
5  connection with and, frankly, in order to avoid a contested
6  hearing.
7          In this particular claims objection, in addition to
8  certain other claims, we have chosen to address 170 claims that
9  were previously objected to and resolved.  While we're waiting
10 execution of settlement agreements and joint stipulations to
11 provide for their allowance, that is an expensive and time
12 consuming process at this point in the case.  Particularly,
13 with all the circumstances of this case.  And the debtors
14 concluded that it would make sense rather than going into the
15 process of entering separate settlement agreements and
16 stipulations, that we would, in fact, devote our resources on a
17 matter that would seek entry of an omnibus order that would
18 allow each of the claims in their respective amount as agreed
19 between the debtors and the claimant.  And that's the primary
20 purpose of this claims objection.
21         What we are seeking is entry of an order allowing
22 certain claims, where the debtors and claimants have agreed
23 upon the amount debtor and classification.  We're also seeking
24 that certain other claims disallowed, where the debtors and
25 claimants agreed for one reason or another that the claim had

12

1  been fully satisfied and should be disallowed and expunged.
2  Therefore, we're addressing 176 claims totaling 119.1 million
3  dollars in stated amounts plus additional unliquidated amounts.
4         As of December 10th we received nine timely filed
5  docketed responses covering 16.14 million dollars. We filed
6  the usual omnibus reply yesterday with a chart detailing all
7  that information.
8         In addition to those nine responses covering those
9  nine proofs of claims, we are also, Your Honor, withdrawing the
10 claims objection with respect to eight claims. Let me briefly
11 address those. Five of those proofs of claim involved -- and
12 these are claims number -- I'll just read the claim numbers.
13 2680, 11248, 11249, 11251 and 11462 involve claims in which the
14 debtors and claimants executed joint stipulations with respect
15 to those claims after the filing of the thirty-second claims
16 objection. And, therefore, we no longer need the relief
17 either.
18         But one proof of claim, which is claim number 416,
19 the debtors and claimants presently disagree as to the proper
20 debtor entity and, therefore, we're withdrawing that objection,
21 we'll deal with that separately.
22         With respect to claim number 2246, the debtors have
23 decided to withdraw that objection because counsel involving
24 the claimant requested the allowed amount of the claim, the
25 adjusted reflected cure payments involving the sale of the

1   debtors' steering business.  Those cure payments haven't been
2   made, and therefore -- because we haven't closed that sale yet.
3   Therefore, we've withdrawn that objection and that will go off
4   on a different track.
5            And, finally, claim number 6991.  We've agreed to
6   enter into a separate stipulation involving expungement of that
7   claim and not use this particular vehicle to do that.
8   Therefore, Your Honor, we're seeking in this hearing to address
9   a 159 claims involving 90.54 million dollars.  Of those 159
10  claims, fifty proofs of claims in the aggregate amount of
11  15,712,375 dollars will be allowed in various asserted amounts
12  because the variance between the debtors' books and records and
13  the asserted amount of those claims, is in the debtors'
14  judgment, de minimis.
15           With respect to ninety-one claims involving 72.29
16  million dollars, we're asking the Court to adjust those
17  downward to 65.39 million.  With respect to six duplicate or
18  amended claims, we're asking the Court to disallow and expunge
19  those claims.  And with respect to twelve claims, we're asking
20  the Court based on a settlement with the claimants to expunge
21  those claims.
22           Two other comments, Your Honor, that occurred in the
23  last day or so.  First, we have a revised -- the order that was
24  submitted yesterday has certain provisions in it.  We have
25  revised the allowed amounts for four proofs of claims.  But we

Pg 14 of 17

14

1  determined after filing the objection that the amount reflected
2  on the exhibit needed to be revised.  These involved claims
3  numbers 15423, 11191, 14161 and claim number 11968.
4          Your Honor, we also had a discussion with counsel for
5  Contrarian Funds LLC which led to a proposed revision of
6  paragraph 5 of the proposed order.  And this is an inquiry from
7  Contrarian having to do with the allowance of claims and the
8  impact of those claims on the reclamation demand.  We agreed to
9  add language to paragraph 5 that makes it clear that the
10 allowance of the claims impacted by the reclamation demand does
11 not otherwise prejudice the claimant's right to seek priority
12 administrative status.  With respect to the portion of the
13 allowed claims subject to the reclamation demand.  And the
14 order also clearly reserves the debtors' rights to assert
15 certain reserve defenses to that priority treatment, in
16 particular the prior lien defense.
17         THE COURT:  Otherwise the release language is in
18 there?
19         MR. BUTLER:  Correct, Your Honor.
20         THE COURT:  Okay.
21         MR. BUTLER:  So, Your Honor, those are the items I
22 wanted to address.  As we have done in the past claims matters
23 I've provided a particularized notice in the form and manner
24 that Your Honor requires in these circumstances.
25         THE COURT:  And the changes in the allowed numbers in

212-267-6868                                              516-608-2400

1  the four claims, those are in favor of the claimants, or the
2  claimants have agreed to it?
3         MR. BUTLER:  Yes, Your Honor.
4         THE COURT:  Okay.  All right.  I will approve the
5  objections as modified.  It's a good idea to put the consensual
6  ones in here.  Maybe in the future you can tell people if they
7  don't want to just turn around the stip that you give them,
8  filling in the numbers that will show up in the motion.
9         MR. BUTLER:  Thank you, Your Honor.
10        THE COURT:  In the future.
11        MR. BUTLER:  Thanks very much.
12        THE COURT:  So you have that order, too?
13        MR. BUTLER:  We do, Your Honor.
14        THE COURT:  Okay, great.  Thank you.
15        MR. BUTLER:  Your Honor, that concludes the matters
16  on the agenda for today's hearing.
17        THE COURT:  Okay.
18     (Proceedings concluded at 10:26 a.m.)

```
                                                                16
 1
 2                          I N D E X
 3
 4                         E X H I B I T S
 5   DEBTOR'S                                               PAGE
 6   1 through 15                                             6
 7
 8                          RULINGS
 9                                                    PAGE  LINE
10   Exhaust Business Sale Motion Approved              8    19
11   Motion to Extend Exclusive Periods Granted        10    15
12   Claims Objection Approved as Modified             15     5
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2                   C E R T I F I C A T I O N
3
4    I, Esther Accardi, certify that the foregoing transcript is a
5    true and accurate record of the proceedings.
6
7    _____
8    ESTHER ACCARDI
9
10   Veritext LLC
11   200 Old Country Road
12   Suite 580
13   Mineola, New York 11501
14
15   Date: December 19, 2008
16
17
18
19
20
21
22
23
24
25