TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                   :
In re:                                             :
                                                   :    Chapter 11
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 [RDD]
                                                   :
              Debtors.                             :    Jointly Administered
                                                   :
-----------------------------------------------------------------x

# AMENDED JOINT STIPULATION AND
# AGREED ORDER COMPROMISING AND ALLOWING
# PROOFS OF CLAIM NUMBERS 14125, 14126, 14127, 14128, 14129, 14130, 14042
# (FCI CANADA INC., FCI AUTOMOTIVE DEUTSCHLAND GMBH,
# FCI ITALIA S.P.A, FCI ELECTRONICS MEXIDO [*sic*], S. DE R.L. DE C.V.,
# FCI AUTOMOTIVE FRANCE, S.A., FCI USA, INC., AND FCI AUSTRIA GMBH)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), FCI Canada Inc., FCI Automotive Deutschland GmbH, FCI Italia S.p.A., FCI Electronics Mexido [*sic*], S. de R.L. de C.V., FCI Automotive France, S.A., FCI USA, Inc. and FCI Austria GmbH

(collectively, the "Claimants"), respectfully submit this Amended Joint Stipulation and

Agreed Order Compromising and Allowing Proofs Of Claim Numbers 14125, 14126,

14127, 1418, 14129, 14130, 14042 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court");  and

**WHEREAS,** on October 14, 2005, Claimants submitted a demand to the Debtors asserting a reclamation claim in the amount of $232,321.92 (the "Reclamation Demand");  and

**WHEREAS,** on July 31, 2006, FCI Canada Inc. filed proof of claim number 14125 against DAS LLC, asserting an unsecured non-priority claim in the amount of $76,964.21 ("Claim 14125");  and

**WHEREAS,** on July 31, 2006, FCI Automotive Deutschland GmbH filed proof of claim number 14126 against DAS LLC, asserting an unsecured non-priority claim in the amount of $376,357.61 ("Claim 14126");  and

**WHEREAS,** on July 31, 2006, FCI Italia S.p.A. filed proof of claim number 14127 against DAS LLC, asserting an unsecured non-priority claim in the amount of $361.40 ("Claim 14127");  and

**WHEREAS,** on July 31, 2006, FCI Electronics Mexido [*sic*], S. de R.L. de C.V. filed proof of claim number 14128 against DAS LLC, asserting an unsecured non-priority claim in the amount of $294,001.77 ("Claim 14128");  and

3

**WHEREAS,** on July 31, 2006, FCI Automotive France, S.A. filed proof of claim number 14129 against DAS LLC, asserting an unsecured non-priority claim in the amount of $15,945.87 ("<u>Claim 14129</u>");  and

**WHEREAS,** on July 31, 2006, FCI USA, Inc. filed proof of claim number 14130 against DAS LLC, asserting an unsecured non-priority claim in the amount of $407,299.95 ("<u>Claim 14130</u>");  and

**WHEREAS,** on July 31, 2006, FCI Austria GmbH filed proof of claim number 14042 against DAS LLC, asserting an unsecured non-priority claim in the amount of $711.42 ("<u>Claim 14042</u>" and collectively with Claims 14125, 14126, 14127, 14128, 14129 and 14130, the "<u>Claims</u>");  and

**WHEREAS,** on August 24, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 9151) (the "<u>Twentieth Omnibus Claims Objection</u>");  and

**WHEREAS,** September 20, 2007, Claimants filed a Response to the Twentieth Omnibus Claims Objection (Docket No. 9446) (the "<u>Response</u>");  and

**WHEREAS,** on December 19, 2007, pursuant to the Second Amended and

4

Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Claimants with respect to the Reclamation Claim, whereby the Debtors presented the Claimants with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to all of the Debtors' reserved defenses (the "Reserved Defenses") with respect to the Reclamation Claim as set forth in the Second Amended Reclamation Order, including, without limitation, the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that, among other things, the goods and/or the proceeds form the sale of the goods for which the Claimants are seeking a Reclamation Claim are or were subject to a valid security interest ( the "Prior Lien Defense"); and

   **WHEREAS**, the Debtors' records indicate that Claimants failed to return the Reclamation Election Notice; and

   **WHEREAS,** pursuant to the Second Amended Reclamation Order, the Debtors reserve the right to assert that Claimants have been deemed to have waived

5

their right to assert administrative priority status for its Reclamation Claim based upon Claimants' failure to return the Reclamation Election Notice (the "<u>Reclamation Claim Waiver Defense</u>"), and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim; and

**WHEREAS,** on November 6, 2008, to resolve the Reclamation Demand and the Twentieth Omnibus Claims Objection with respect to the Claims, DAS LLC and the Claimants entered into a settlement agreement (the "Settlement Agreement"); and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claims shall be allowed against DAS LLC in the total amount of $864,500; and

**WHEREAS,** DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Upon Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and the Claimants stipulate and agree as follows:

    1.    The Claims shall be allowed against DAS LLC in the total amount of Eight Hundred Sixty-Four Thousand Five Hundred Dollars ($864,500) and each claim shall be treated and allocated as follows:

    (a) Claim 14125 shall be expunged;

6

  (b) Claim 14126 shall be allowed as a $232,500 general unsecured non-priority claim;

  (c) Claim 14127 shall be expunged;

  (d) Claim 14128 shall be expunged;

  (e) Claim 14129 shall be expunged;

  (f) Claim 14130 shall be allowed as a $632,000 general unsecured non-priority claim (the "Agreed-Upon Claim 14130"); and

  (g) Claim 14042 shall be expunged.

  2. Without further order of the Court, DAS LLC is authorized to reduce the Claims for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors to the extent that amounts comprising the Claims are paid to any of the Claimants as cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which any of the Claimants is a party.

  3. Notwithstanding anything in paragraph 1 of this Stipulation to the contrary, DAS LLC and Claimants further acknowledge and agree that Claimants reserve the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $32,040.63 of Agreed-Upon Claim 14130 on the grounds that Claimants hold a valid reclamation claim in the amount of $32,040.63 and that the Debtors reserve the right to seek, at any time, a judicial determination (a) that the Reclamation Claim Waiver Defense and/or the Reserved Defenses, including, without limitation, the Prior Lien Defense, are valid; and (b) that such reclamation claim is not entitled to priority status.

4. The Reclamation Demand and the Twentieth Omnibus Claims Objection, solely as it relates to the Claims, and the Response are hereby withdrawn.

Dated: New York, New York
December 11, 2008

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Portland, Maine
December 10, 2008

        FCI CANADA INC., FCI AUTOMOTIVE
        DEUTSCHLAND GMBH, FCI ITALIA S.P.A.,
        FCI ELECTRONICS MEXIDO [*sic*], S. DE R.L.
        DE C.V., FCI AUTOMOTIVE FRANCE, S.A.,
        FCI USA, INC. and FCI AUSTRIA GMBH,
        By its Counsel,
        PIERCE ATWOOD LLP,

        /s/ Keith J. Cunningham
        KEITH J. CUNNINGHAM
        One Monument Square
        7th Floor
        Portland, Maine 04101
        (207) 791-1187

**SO ORDERED**

This 22nd day of December, 2008
in New York, New York


    /s/Robert D. Drain
    HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE