UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

DELPHI CORPORATION, ET AL.,

Debtors.

- - - - - - - - - - - - - - - - - - - - - -x

U.S. Bankruptcy Court

One Bowling Green

New York, New York

December 17, 2008

10:09 a.m.

B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

DEBTORS' Thirty-Second Omnibus Objection

MOTION for an Order Solely as to Statutory Committees Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan

EXHAUST Business Sale Motion

Transcribed By: Esther Accardi

A P P E A R A N C E S :

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Attorneys for Debtors
333 West Wacker Drive
Chicago, Illinois 60606

BY: JOHN WM. BUTLER, JR., ESQ.

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Attorneys for Debtors
Four Times Square
New York, New York 10036

BY: KAYALYN A. MARAFIOTI, ESQ.

LATHAM & WATKINS, LLP
Attorneys for Creditors' Committee
885 Third Avenue
New York, New York 10022

BY: CATHERINE M. MARTIN, ESQ.

P R O C E E D I N G S

THE COURT: Be seated. Okay. Delphi Corporation.

MR. BUTLER: Your Honor, good morning. Jack Butler and Kayalyn Marafioti on behalf of Delphi Corporation for our thirty-eighth omnibus hearing. This is the December omni.

There are three matters on the agenda, two of which are uncontested and the third contested matter we're only going to present the uncontested portion of it today.

THE COURT: Okay.

MR. BUTLER: The first matter on the agenda is the Exhaust Business sale motion at docket number 14443. This is for the sale, Your Honor. This is the second step of a sale process we've had to seek approval of the sale of the debtors' exhaust business to BN Turgeon SA (ph.) and certain of its affiliates, which were the stalking horse bidder.

Your Honor approved the bidding procedures on November 25th at docket number 14490. The bid deadline was 11 a.m. eastern time on December 8, 2008. And the selling debtor entities did not receive any bids by that time, so there was no auction that was held.

Your Honor, this particular transaction pursuant to the purchase and sale agreement, dated November 10, 2008, involves an allocation of the purchase price. Seventeen million of which is allocated to non-debtor entities. And 150,000 dollars which is allocated to selling debtor entities.

There have been no objections filed to the motion. The creditors' committee had previously filed a reservation of rights. We've reviewed the transaction with the committee's legal and financial advisors, and the committee is not contesting the sale today.

THE COURT: Okay. And the allocation was reviewed with the committee, too?

MR. BUTLER: Yes, Your Honor. The entire transaction I think has been reviewed.

We had fifteen exhibits that have been submitted to the Court in connection with this hearing, including Exhibit 1, which is the declaration of Keith Stipp, the company's director of restructuring, who is present in the courtroom today. And the balance of the exhibits include the agreements, the various court filings and proofs and service, and other matters relating to the transaction. And I would point out that Exhibits 14 and 15 are documents prepared by Lincoln International Advisors, which are the debtors' financial advisors for this particular transaction, which describe the sale process and their assessment of the value of the exhaust business, which are part of the documents and the bases for Mr. Stipp's declaration.

Your Honor, I'd move to admit Exhibits 1 through 15.

THE COURT: Okay. Any objection to their admission?

All right, they're admitted.

(Debtor's Exhibit 1 through 15 were hereby received in evidence, as of this date.)

MR. BUTLER: Your Honor, a couple of things I'd like to point out even though this is not contested because I simply want to make sure that the record is clear on this.

First, let me address the allocation. As I indicated, there was an allocation of the purchase price, both among non-debtor affiliates and with respect to the selling debtor entities. The portion of the acquired assets being sold by the selling debtor entities is comprised of intellectual property, including patents and trademarks and certain engineering resources, including equipment used by engineers to develop and test products. And Mr. Stipp describes in his declaration the basis upon which the debtors negotiated, and Delphi negotiated that allocation.

Second thing I wanted to point out to Your Honor so that the record is clear here, is that one of the items being sold here, one of the aspects of the items included in the transaction is the debtors -- excuse me, the sale by the sellers of forty percent of a non-debtor affiliate, Delphi Contra Ladura SA DCV (ph.), it's called DCSA in the motion. And this is owned already sixty percent by the buyer and forty percent -- the non-debtor affiliate owns forty percent of this joint venture. And the non-debtor affiliate is selling that joint venture to the buyer as part of this.

Because of that transaction and because the purchasers have sixty percent interest in a joint venture of a non-debtor affiliate, the question could be raised as to whether or not this is an insider transaction. I simply want that to be on the record and describe to you what that transaction is.

There is a Mexican joint venture that the seller -- as I said, the purchasers own sixty percent of, it is -- the forty percent is owned by a non-debtor affiliate which I've just describe to you. And that works its way up eventually to DASHE (ph.), which is a debtor in these cases. And while I -- I don't believe that this sale necessarily qualifies as an insider transaction. If Your Honor concluded that it did, it's still the debtor's view that this transaction satisfies the heightened scrutiny standard. It will be applied in such situations when you would sell assets to insiders pursuant to Section 363 of the Bankruptcy Code. I point to Mr. Stipp's declaration and I point to Exhibits 14 and 15 that have been admitted into evidence by the debtors' financial advisors about the activities taken to market this transaction. And the other particularized circumstances of the transaction. But I did want to make that presentation specifically on the record.

In addition, Your Honor, I should point out that Exhibit F to the motion sets forth the contracts that we're seeking to assume and assign in connection with the U.S. to the

buyer. We served the buyer assumption and assignment notices on November 25, 2008. There have been no objections to the buyer notices of assumption or assignment that have been presented to the debtors. So we have no objections on that piece either.

I don't know if Your Honor has any other questions about the transaction, but I wanted to -- other than making no specific notes on the record, I would otherwise rely on the pleadings and the evidentiary record that's been admitted.

THE COURT: Okay. I don't have any questions. Mr. Stipp's declaration sets forth the business rationale for the transaction as well as the allocation. I don't view it as an insider transaction given the arms length of the negotiations and the arms length relationship between the sellers and the buyer. Moreover, there's clearly a several months long sale process that gave any third party wishing to buy some or all the assets more than adequate time to put in a bid and do the due diligence and then make a final bid.

So I am prepared to approve the transaction as well as the sale free and clear given that there were no objections by anyone claiming an interest in the assets as well as the assumption and assignment of the contracts, again, in light of their being no objection after due notice of the assignment and cure notice.

MR. BUTLER: Thank you, Your Honor.

THE COURT: I have a form of order. I had a couple of minor -- very minor changes to it. But I'll need the three exhibits. Hopefully the disk that you have includes the three exhibits.

MR. BUTLER: We'll submit it after the hearing, Your Honor.

THE COURT: Okay.

MR. BUTLER: Your Honor, the second matter on the agenda is the third Section 1121(d) statutory committee exclusivity extension motion at docket number 14556. No party has filed an objection to this motion. Both committees have indicated to the debtors that they do not oppose the relief.

This order, Your Honor, if granted by the Court, would extend the existing deadlines of January 31, 2009 and March 31, 2009 to file any plan modifications or alternative plan. I am seeking substances in respect of such matters to March 31 and May 31 of 2009. Intention of this motion is, among other matters, to align this schedule to the milestones that are set forth in the accommodation agreement that Your Honor previously approved and which has been implemented.

I should also point out to the Court that the plan modification motion filed on October 3rd, which was scheduled for hearing today, was previously adjourned to the March 2009 omnibus hearing. Again, for the same purpose, to align the schedule so that we can move forward with the process

contemplated under the accommodation agreement, and the anticipated filing of further plan modifications on or about February 27th of next year.

THE COURT: Okay. Does anyone have anything to say on this motion. All right. I'll approve the motion as the motion reminded everyone, the exclusive period issue is preserved pursuant to an earlier order entered in April as to the two committees. And the extension is clearly in line with the accommodation agreement as well as what we all hear is going on with GM and other major customers of the debtor. So clearly there's cause to extend the period as far as the committee's right to seek to break exclusivity.

MR. BUTLER: Thank you, Your Honor.

THE COURT: I'll enter that order.

MR. BUTLER: Thank you, Your Honor.

Your Honor, the last matter on the agenda matter number 3 is the thirty-second omnibus claims objection at docket number 14442. I am going to make a bit of a presentation on this particular claims objection because it's slightly different than what we've done in the past, and it's intended to expedite and bring further economy to the claims administration process.

In the prior thirty-one claims objections, the debtor sought to disallow or modify claims under the claims procedures authorized by the Court. A claimant could file a response that

didn't agree with that treatment. And the hearing on a particularized claim would be adjourned to a future hearing date. As Your Honor knows, more often than not we would continue working with the claimant and resolve those claims in connection with and, frankly, in order to avoid a contested hearing.

In this particular claims objection, in addition to certain other claims, we have chosen to address 170 claims that were previously objected to and resolved. While we're waiting execution of settlement agreements and joint stipulations to provide for their allowance, that is an expensive and time consuming process at this point in the case. Particularly, with all the circumstances of this case. And the debtors concluded that it would make sense rather than going into the process of entering separate settlement agreements and stipulations, that we would, in fact, devote our resources on a matter that would seek entry of an omnibus order that would allow each of the claims in their respective amount as agreed between the debtors and the claimant. And that's the primary purpose of this claims objection.

What we are seeking is entry of an order allowing certain claims, where the debtors and claimants have agreed upon the amount debtor and classification. We're also seeking that certain other claims disallowed, where the debtors and claimants agreed for one reason or another that the claim had

been fully satisfied and should be disallowed and expunged. Therefore, we're addressing 176 claims totaling 119.1 million dollars in stated amounts plus additional unliquidated amounts.

As of December 10th we received nine timely filed docketed responses covering 16.14 million dollars. We filed the usual omnibus reply yesterday with a chart detailing all that information.

In addition to those nine responses covering those nine proofs of claims, we are also, Your Honor, withdrawing the claims objection with respect to eight claims. Let me briefly address those. Five of those proofs of claim involved -- and these are claims number -- I'll just read the claim numbers. 2680, 11248, 11249, 11251 and 11462 involve claims in which the debtors and claimants executed joint stipulations with respect to those claims after the filing of the thirty-second claims objection. And, therefore, we no longer need the relief either.

But one proof of claim, which is claim number 416, the debtors and claimants presently disagree as to the proper debtor entity and, therefore, we're withdrawing that objection, we'll deal with that separately.

With respect to claim number 2246, the debtors have decided to withdraw that objection because counsel involving the claimant requested the allowed amount of the claim, the adjusted reflected cure payments involving the sale of the

debtors' steering business. Those cure payments haven't been made, and therefore -- because we haven't closed that sale yet. Therefore, we've withdrawn that objection and that will go off on a different track.

And, finally, claim number 6991. We've agreed to enter into a separate stipulation involving expungement of that claim and not use this particular vehicle to do that. Therefore, Your Honor, we're seeking in this hearing to address a 159 claims involving 90.54 million dollars. Of those 159 claims, fifty proofs of claims in the aggregate amount of 15,712,375 dollars will be allowed in various asserted amounts because the variance between the debtors' books and records and the asserted amount of those claims, is in the debtors' judgment, de minimis.

With respect to ninety-one claims involving 72.29 million dollars, we're asking the Court to adjust those downward to 65.39 million. With respect to six duplicate or amended claims, we're asking the Court to disallow and expunge those claims. And with respect to twelve claims, we're asking the Court based on a settlement with the claimants to expunge those claims.

Two other comments, Your Honor, that occurred in the last day or so. First, we have a revised -- the order that was submitted yesterday has certain provisions in it. We have revised the allowed amounts for four proofs of claims. But we

determined after filing the objection that the amount reflected on the exhibit needed to be revised. These involved claims numbers 15423, 11191, 14161 and claim number 11968.

Your Honor, we also had a discussion with counsel for Contrarian Funds LLC which led to a proposed revision of paragraph 5 of the proposed order. And this is an inquiry from Contrarian having to do with the allowance of claims and the impact of those claims on the reclamation demand. We agreed to add language to paragraph 5 that makes it clear that the allowance of the claims impacted by the reclamation demand does not otherwise prejudice the claimant's right to seek priority administrative status. With respect to the portion of the allowed claims subject to the reclamation demand. And the order also clearly reserves the debtors' rights to assert certain reserve defenses to that priority treatment, in particular the prior lien defense.

THE COURT: Otherwise the release language is in there?

MR. BUTLER: Correct, Your Honor.

THE COURT: Okay.

MR. BUTLER: So, Your Honor, those are the items I wanted to address. As we have done in the past claims matters I've provided a particularized notice in the form and manner that Your Honor requires in these circumstances.

THE COURT: And the changes in the allowed numbers in

the four claims, those are in favor of the claimants, or the claimants have agreed to it?

MR. BUTLER: Yes, Your Honor.

THE COURT: Okay. All right. I will approve the objections as modified. It's a good idea to put the consensual ones in here. Maybe in the future you can tell people if they don't want to just turn around the stip that you give them, filling in the numbers that will show up in the motion.

MR. BUTLER: Thank you, Your Honor.

THE COURT: In the future.

MR. BUTLER: Thanks very much.

THE COURT: So you have that order, too?

MR. BUTLER: We do, Your Honor.

THE COURT: Okay, great. Thank you.

MR. BUTLER: Your Honor, that concludes the matters on the agenda for today's hearing.

THE COURT: Okay.

(Proceedings concluded at 10:26 a.m.)

I N D E X

E X H I B I T S


| DEBTOR'S | PAGE |
|---|---|
| 1 through 15 | 6 |


RULINGS


| | PAGE | LINE |
|---|---|---|
| Exhaust Business Sale Motion Approved | 8 | 19 |
| Motion to Extend Exclusive Periods Granted | 10 | 15 |
| Claims Objection Approved as Modified | 15 | 5 |

C E R T I F I C A T I O N

I, Esther Accardi, certify that the foregoing transcript is a true and accurate record of the proceedings.

Esther Accardi

Digitally signed by Esther Accardi
DN: cn=Esther Accardi, c=US
Reason: I am the author of this document
Date: 2008.12.22 11:59:35 -05'00'

ESTHER ACCARDI

Veritext LLC
200 Old Country Road
Suite 580
Mineola, New York 11501

Date: December 19, 2008