Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
        In re                       :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,          :        Case No. 05–44481 (RDD)
                                    :
                    Debtors.         :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 16477 AND DISALLOWING
AND EXPUNGING PROOF OF CLAIM NUMBERS 16317 AND 16333
(MARICOPA COUNTY TREASURER)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and the Maricopa County Treasurer ("Maricopa") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 16477 And Disallowing And Expunging Proof Of Claim Numbers 16317 And 16333 (Maricopa County Treasurer) and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on September 15, 2006, Maricopa filed proof of claim number 16317 against DAS LLC, which asserts a secured claim in the amount of $6,041.34 ("Claim 16317") arising from taxes allegedly owed by DAS LLC to Maricopa.

WHEREAS, on September 15, 2006, Maricopa filed proof of claim number 16333 against Delphi, which asserts a secured claim in the amount of $6,041.34 ("Claim 16333") arising from taxes allegedly owed by Delphi to Maricopa.

WHEREAS, on December 8, 2006, the Debtors objected to the Claim 16317 and Claim 16333 pursuant to the Debtors' Fifth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation And (B) Claims Not Reflected On Debtors' Books And Records (Docket No. 6100) (the "Fifth Omnibus Claims Objection").

WHEREAS, on January 9, 2007, Maricopa filed proof of claim number 16477 against Delphi, which asserts a secured claim in the amount of $4,742.82 ("Claim 16477," and

2

together with Claim 16317 and Claim 16333, the "Claims") arising from taxes allegedly owed by Delphi to Maricopa.

WHEREAS, on April 27, 2007, the Debtors objected to Claim 16477 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 18, 2007, Maricopa filed the Response Of Maricopa County Treasurer To Objection To Its Secured Tax Claim (Docket No. 8084) (the "Response").

WHEREAS, on September 28, 2007, this Court entered the Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685) capping Claim 16317 at the maximum amount of $0.00.

WHEREAS, pursuant to this Joint Stipulation, DAS LLC acknowledges and agrees that the Claim 16477 shall be allowed against DAS LLC in the amount of $879.40.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow

3

Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26,

2007.

THEREFORE, the Debtors and Maricopa stipulate and agree as follows:

1.    Claim 16477 shall be allowed in the amount of $879.40 and shall be

treated as an allowed prepetition secured claim against the estate of DAS LLC.

2.    Claim 16317 shall be disallowed and expunged with prejudice.

3.    Claim 16333 shall be disallowed and expunged with prejudice.

4.    Allowance of Claim 16477 is in full satisfaction of Claim 16477 and

Maricopa, on its behalf and on behalf of each of its predecessors, successors, assigns, parents,

subsidiaries, and affiliated companies, and each of their former, current, and future officers,

directors, owners, employees, and other agents (the "Maricopa Releasing Parties"), hereby

releases and waives any and all rights to assert, against any and all of the Debtors, that Claim

16477 is anything but a secured claim against Delphi.  The Maricopa Releasing Parties further

release and waive any right to assert any other claim, cause of action, demand, lien, or liability of

every kind and nature whatsoever, including those arising under contract, statute, or common

law, whether or not known or suspected at this time, which relate to Claim 16317, Claim 16333,

or Claim 16477 or which the Maricopa Releasing Parties have, ever had, or hereafter shall have

against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing,

act, statement, or omission occurring on or before December 31, 2006.

5.    Maricopa shall withdraw its Response to the Thirteenth Omnibus Claims

Objection with prejudice.

4

So Ordered in New York, New York, this _____ day of January, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                        /s/ Barbara Lee Caldwell
John Wm. Butler, Jr.                                    Barbara Lee Caldwell
John K. Lyons                                          HEBERT SCHENK, P.C.
Ron E. Meisler                                         4742 North 24th Street, Suite 100
SKADDEN, ARPS, SLATE, MEAGHER          Phoenix, Arizona 85016
    & FLOM LLP                                         (602) 248-8203
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606-1285                          Attorney for Maricopa County Treasurer
(312) 407-0700

                    - and –

    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession