# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 4527
(TAX COLLECTOR, PINELLAS COUNTY)

      Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Tax Collector, Pinellas County ("Pinellas County") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 4527 (Tax Collector, Pinellas County) (the "Joint Stipulation") and agree and state as follows:

      WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

      WHEREAS, on May 2, 2006, Pinellas County filed proof of claim number 4527 against DAS LLC, which asserts a secured claim in the amount of $44,542.68 (the "Claim") arising from certain taxes allegedly owed by DAS LLC to Pinellas County.

      WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

      WHEREAS, on June 15, 2007, Pinellas County filed its Response To Debtors' Thirteenth Omnibus Objection By Tax Collector, Pinellas County, Florida (Docket No. 8316) (the "Response").

WHEREAS, Pinellas County asserts that the tax owed for the entire 2005 tax year is a prepetition claim.

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim, the Debtors and DAS LLC entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, the Debtors acknowledge and agree that the Claim shall be deemed allowed against the estate of DAS LLC in the amount of $22,271.35 as a prepetition secured claim.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Pinellas County stipulate and agree as follows:

1. The Claim shall be deemed allowed in the amount of $22,271.35 and shall be treated as an allowed prepetition secured claim against the estate of DAS LLC; <u>provided, however</u>, that to the extent that a confirmed plan of reorganization, federal bankruptcy law, or other applicable law provides for postpetition interest with respect to prepetition claims, Pinellas County shall be entitled only to interest accruing postpetition on $17,048.87 of the Claim.

2. Allowance of the Claim as set forth herein is in full satisfaction of the Claim and Pinellas County, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Pinellas County Releasing

3

Parties"), hereby releases and waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition secured claim against DAS LLC as set forth herein; <u>provided</u>, <u>however</u>, that Pinellas County shall retain its lien securing the Claim in accordance with applicable non-bankruptcy law until the Claim is paid as provided herein.  The Pinellas County Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Pinellas County Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring on or before December 31, 2005.

        3.      Although the Debtors agree as a compromise and to avoid further litigation to treat the Claim as an allowed prepetition secured claim as set forth herein, with respect to any other claim asserted on the basis of taxes for a tax year that straddles the Petition Date, the Debtors reserve their right to assert that the portion of such a claim arising or accruing postpetition must be treated as a postpetition claim.

        4.      The Thirteenth Omnibus Claims Objection, with respect to the Claim, and the Response shall be deemed resolved.

So Ordered in New York, New York, this ____ day of January, 2009

 

                                                 UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Sarah Richardson |
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>333 West Wacker Drive, Suite 2100<br>Chicago, Illinois  60606-1285<br>(312) 407-0700 | Sarah Richardson<br>Managing Assistant County Attorney<br>PINELLAS COUNTY ATTORNEY'S OFFICE<br>315 Court Street<br>Clearwater, Florida 33756<br>(727) 464-3354<br><br>Attorney for Tax Collector, Pinellas County |

      - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession