# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBERS 9469 AND 9470
(D&R TECHNOLOGY LLC, TPG CREDIT OPPORTUNITIES FUND, L.P. AND TPG
CREDIT OPPORTUNITIES INVESTORS, L.P.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), D&R Technology LLC ("D&R"), TPG Credit Opportunities Fund, L.P. ("TPGF"), and TPG Credit Opportunities Investors, L.P. ("TPGI," and together with TPGF, "TPG") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Numbers 9469 And 9470 (D&R Technology LLC) ("Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 13, 2006, D&R filed proof of claim number 9469 against DAS LLC, asserting an unsecured non-priority claim in the amount of $40,936.77 ("Claim 9469") arising from the sale of goods.

WHEREAS, on July 13, 2006, D&R filed proof of claim number 9470 against DAS LLC, asserting an unsecured non-priority claim in the amount of $1,347,828.94 ("Claim 9470," and together with Claim 9469, the "Claims") arising from the sale of goods.

WHEREAS, on February 28, 2007, D&R assigned its interest in the Claims to APS Clearing, Inc. ("APS") pursuant to a Notice of Transfer (Docket No. 7067).

WHEREAS, on March 6, 2007, APS assigned its interest in the Claims to JPMorgan Chase Bank, N.A. ("JPM") pursuant to a Notice of Transfer (Docket No. 7135).

WHEREAS, on March 19, 2007, JPM assigned its interest in the Claims to TPG pursuant to Notices of Transfer (Docket Nos. 7310, 7311).

WHEREAS, on December 21, 2007, the Debtors objected to the Claim 9470 pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection").

WHEREAS, on January 17, 2008, D&R filed its D&R Technology LLC's Response To Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 12219) (the "Response").

WHEREAS, on December 17, 2008, to resolve Claim 9469 and the Twenty-Fourth Omnibus Claims Objection with respect to the Claim 9470, DAS LLC, D&R, and TPG entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim 9469 shall be allowed against DAS LLC in the amount of $40,936.77 and that Claim 9470 shall be allowed against DAS LLC in the amount of $1,296,345.32.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And

3

Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

    THEREFORE, the Debtors, D&R, and TPG stipulate and agree as follows:

    1.  Claim 9469 shall be allowed in the amount of $40,936.77 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    2.  Claim 9470 shall be allowed in the amount of $1,296,345.32 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

    3.  Without limiting the preceding paragraphs, ownership of Claim 9469 and Claim 9470 shall be reflected on the books and records of the Debtors' Claims Agent as follows:

    A.  Claim 9469:

      (i)  TPGF: An allowed general unsecured non-priority claim in the amount of $18,830.91;

      (ii)  TPGI: An allowed general unsecured non-priority claim in the amount of $22,105.86;

    B.  Claim 9470:

      (i)  TPGF: An allowed general unsecured non-priority claim in the amount of $596,318.85;

      (ii)  TPGI: An allowed general unsecured non-priority claim in the amount of $700,026.47.

    4.  Without further order of the Court, DAS LLC is authorized to offset or reduce the Claims for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which D&R is a party.

     5.    D&R shall withdraw its Response to the Twenty-Fourth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of January, 2009

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Courtney Engelbrecht Barr |
|---|---|
| John Wm. Butler, Jr. | Courtney Engelbrecht Barr |
| John K. Lyons | LOCKE LORD BISSELL & LIDDELL LLP |
| Ron E. Meisler | 111 South Wacker Drive |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Chicago, Illinois 60606 |
| 333 West Wacker Drive, Suite 2100 | (312) 443-0700 |
| Chicago, Illinois 60606-1285 | Attorneys for D&R Technology LLC |
| (312) 407-0700 | |
| - and – | /s/ Siu Lan Chan |
| Kayalyn A. Marafioti | Siu Lan Chan |
| Thomas J. Matz | MANDEL, KATZ & BROSNAN LLP |
| Four Times Square | The Law Building |
| New York, New York 10036 | 210 Route 303 |
| (212) 735-3000 | Valley Cottage, New York 10989 |
| | (845) 639-7800 |
| Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession | Attorney for TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors, L.P. |