# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
: 
In re : Chapter 11
: 
DELPHI CORPORATION, et al., : Case No. 05–44481 (RDD)
: 
Debtors. : (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 10155
(COMMODITY MANAGEMENT SERVICES AND GBS PRINTED
PRODUCTS & SERVICES)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Commodity Management Services And GBS Printed Products & Services ("CMS") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 10155 (Commodity Management Services And GBS Printed Products & Services) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 17, 2005, CMS submitted a demand to the Debtors asserting a reclamation claim in the amount of $621,501.33 (the "Reclamation Demand").

WHEREAS, on Feb 21, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to CMS with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $511.45 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses to the Reclamation Claim are valid.

WHEREAS, on April 21, 2006, CMS returned the Statement of Reclamation and agreed to the amount set forth in the Statement of Reclamation.

WHEREAS, on July 21, 2006, CMS filed proof of claim number 10155 (the "Proof Of Claim") against DAS LLC, which asserts an unsecured non-priority claim in the

2

amount of $266,081.47 (the "Claim") stemming from goods sold and/or services provided.

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on CMS with respect to the Reclamation Claim, whereby the Debtors presented CMS with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which CMS is seeking a Reclamation Claim are or were subject to a valid security interest.

WHEREAS, on December 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588) (the "Twenty Fourth Omnibus Claims Objection").

WHEREAS, CMS failed to return the Reclamation Election Notice.  Thus, pursuant to the Second Amended Reclamation Order, CMS has been deemed to have waived its

3

right to assert administrative priority status for its Reclamation Claim and to the extent that such claim is allowed, it will be treated as a prepetition general unsecured claim.

WHEREAS, on January 18, 2008, CMS filed its Commodity Management Services' And GBS Printed Products & Services' Supplemental Response To Debtors' Twenty-Fourth Omnibus Claims Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Book And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject to Modification That Is Subject To Prior Order (Claim No. 10155) (Docket No. 12300). (the "Response").

WHEREAS, to resolve the Twenty-Fourth Omnibus Claims Objection with respect to the Claim, the Debtors and CMS entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, the Debtors acknowledge and agree that the Claim shall be allowed in the amount of $151,947.22 and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, CMS acknowledges that it has been given the opportunity to consult with counsel before executing the Settlement Agreement and is executing such Settlement Agreement without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth in the Stipulation.

WHEREAS, DAS LLC is authorized to enter into the Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow

4

Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and CMS stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $151,947.22 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Allowance of the Claim is in full satisfaction of the Claim and CMS, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "CMS Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The CMS Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the CMS Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

3. CMS shall withdraw its Response to the Twenty-Fourth Omnibus Claims Objection with prejudice.

4. The Reclamation Demand shall be deemed withdrawn with prejudice.

5

So Ordered in New York, New York, this ____ day of January, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Michael L. Merriman |
|---|---|
| John Wm. Butler, Jr. | Michael L. Merriman |
| John K. Lyons | Exec. VP & Treasurer, GBS |
| Ron E. Meisler | Commodity Management Services And GBS |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Printed Products & Services PO Box 2340 |
| 333 West Wacker Drive, Suite 2100 | North Canton, Ohio 44720 |
| Chicago, Illinois 60606-1285 | (330) 494-5330 |
| (312) 407-0700 | |

  - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession