Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER DISALLOWING
AND EXPUNGING PROOF OF CLAIM NUMBER 11950
(HAMLIN TOOL & MACHINE CO, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Hamlin Tool & Machine Co., Inc. ("Hamlin Tool") respectfully submit this Joint Stipulation And Agreed Order Disallowing And Expunging Proof Of Claim Number 11950 (Hamlin Tool & Machine Co., Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, Hamlin Tool filed proof of claim number 11950 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts an unsecured non-priority claim in the amount of $32,546.40 for the sale of goods (the "Claim").

WHEREAS, on February 15, 2007, the Debtors objected to Proof of Claim No. 11950 pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject to Modification (Docket No. 6968)("Ninth Omnibus Claims Objection").

WHEREAS, on March 9, 2007, Hamlin Tool filed its Response to the Notice of Objection to Claims (Docket No. 7392).

WHEREAS, to resolve the Ninth Omnibus Claims Objection with respect to the Claim, the Debtors and Hamlin Tool entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, the Debtors acknowledge and agrees that the Claim shall be expunged.

WHEREAS, Hamlin Tool acknowledges that it has been given the opportunity to

consult with counsel before executing the Joint Stipulation and is executing this Joint Stipulation without duress or coercion and without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments set forth herein.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Hamlin Tool stipulate and agree as follows:

1. The Claim shall be disallowed and expunged in its entirety.

2. Expungement of the Claim is in full satisfaction of the Claim and Hamlin Tool, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Hamlin Tool Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that the Claim is anything but an expunged claim. The Hamlin Tool Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Hamlin Tool Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

       3.      Hamlin Tool shall withdraw its Response to the Ninth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this ____ day of January, 2009

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Mary Ellen McSwain |
|---|---|
| John Wm. Butler, Jr. | Mary Ellen McSwain |
| John K. Lyons | HAMLIN TOOL & MACHINE CO., INC. |
| Ron E. Meisler | 1671 East Hamlin Road |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Rochester, Michigan 48307 |
| 333 West Wacker Drive, Suite 2100 | (248) 651-6302 |
| Chicago, Illinois 60606-1285 | |
| (312) 407-0700 | |

       - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession