SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
                                         :
       In re                              :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,       :        Case No. 05–44481 (RDD)
                                         :
                       Debtors.    :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 13590 AND (II) DISALLOWING
AND EXPUNGING PROOFS OF CLAIM NUMBERS 13591 AND 13592
(MOTOR CITY ELECTRIC)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Diesel Systems Corporation ("Delphi Diesel"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Motor City Electric ("Motor City") respectfully submit this Joint Stipulation And Agreed Order (I) Compromising And Allowing Proof Of Claim Numbers13590 And (II) Disallowing And Expunging Proofs Of Claim Numbers 13591 And 13592 (Motor City Electric) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, Motor City filed proof of claim number 13590 against Delphi, which asserts a secured claim in the amount of $62,435.12 ("Claim 13590") stemming from goods sold and/or services provided.

WHEREAS, on July 31, 2006, Motor City filed proof of claim number 13591 against Delphi, which asserts a secured claim in the amount of $10,487.41 ("Claim 13591") stemming from goods sold and/or services provided.

WHEREAS, on July 31, 2006, Motor City filed proof of claim number 13592 against Delphi Diesel, which asserts a secured claim in the amount of $1,901.51 ("Claim 13592," and together with Claim 13590 and Claim 13591, the "Claims") stemming from goods sold and/or services provided.

WHEREAS, on December 21, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Fourth Omnibus Claims Objection").

WHEREAS, on January 17, 2008, Motor City filed its Response Of Motor City Electric Co. To Debtors' Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. §502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims; (B) Claims Not Reflected On Debtors' Books And Records (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 12217) (the "Response").

WHEREAS, to resolve the Twenty-Fourth Omnibus Claims Objection with respect to the Claims, the Debtors and Motor City entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, the Debtors acknowledge and agree that (i) Claim 13590 shall be allowed against the estate of DAS LLC in the amount of $12,842.07 as a general unsecured non-priority claim, (ii) Claim 13591 shall be disallowed and expunged in its entirety, and (iii) Claim 13592 shall be disallowed and expunged in its entirety.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Motor City stipulate and agree as follows:

3

1. Claim 13590 shall be allowed against the estate of DAS LLC in the amount of $12,842.07 as a general unsecured non-priority claim.

2. Claim 13591 shall be disallowed and expunged in its entirety.

3. Claim 13592 shall be disallowed and expunged in its entirety.

4. Allowance of Claim 13590 is in full satisfaction of Claim 13590, and Motor City, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Motor City Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that Claim 13590 is anything but a prepetition general unsecured non-priority claim against DAS LLC.  The Motor City Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the Motor City Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date with respect to the Claims.

5. Motor City shall withdraw its Response to the Twenty-Fourth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 29th day of January, 2009

                          /s/Robert D. Drain_____  
                          UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Stephen P. Stella |
|---|---|
| John Wm. Butler, Jr. | Stephen P. Stella |
| John K. Lyons | SIMON, STELLA & ZINGAS, P.C. |
| Ron E. Meisler | 422 W. Congress, Ste. 400 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Detroit, MI 48226 |
| | (313) 962-6400 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | Attorneys for Motor City Electric |
| (312) 407-0700 | |

               - and –

   Kayalyn A. Marafioti  
   Thomas J. Matz  
Four Times Square  
New York, New York  10036  
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession