SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
                                         :
     In re                             :        Chapter 11
                                         :
DELPHI CORPORATION, et al.,      :        Case No. 05–44481 (RDD)
                                         :
                    Debtors.     :        (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 11462
(VALEO CLIMATE CONTROL CORPORATION)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Valeo Climate Control Corporation ("Valeo") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11462 (Valeo Climate Control Corporation) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 10, 2005, Valeo submitted a demand to the Debtors asserting a reclamation claim in the amount of $649,520.52 arising from the alleged supply of goods prior to the Petition Date (the "Reclamation Demand")

WHEREAS, on October 30, 2006, the Debtors and Valeo entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Valeo acknowledge and agree that the valid amount of the Reclamation Demand is $156,725.41 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Valeo's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on July 27, 2006, Valeo filed proof of claim number 11462 against DAS LLC, asserting an unsecured non-priority claim in the amount of $506,709.93 for the alleged sale of goods (the "Claim").

WHEREAS, on May 22, 2007, the Debtors objected to the Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.

2

R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 18, 2007, Valeo filed the Response Of Valeo Climate Control Corporation In Opposition To Debtors' Objection To Proof Of Claim Number 11462 Included In Debtors' Fifteenth Omnibus Claims Objection (Substantive) (Docket No. 8278) (the "Response").

WHEREAS, on December 19, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order"), entered by this Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "Reclamation Election Notice") on Valeo with respect to the Reclamation Claim, whereby the Debtors presented Valeo with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have its Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which Valeo is seeking a Reclamation Claim are or were subject to a valid security interest (the "Prior Lien Defense").

WHEREAS, Valeo returned the Reclamation Election Notice electing treatment of its Reclamation Claim, to the extent that such claim is allowed, as a prepetition general unsecured claim.

WHEREAS, on December __, 2008, to resolve the Fifteenth Omnibus Claims Objection with respect to the Claim and the Reclamation Claim, DAS LLC and Valeo entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $156,725.41.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement without further court approval or further notice, including that of this Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Valeo stipulate and agree as follows:

1.  The Claim and the Reclamation shall be allowed in the amount of $156,725.41 (the "Agreed-Upon Claim").  The Agreed-Upon Claim shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2.  The Debtors shall not move for reconsideration of any order allowing the Agreed-Upon Claim, or file any further objection to the Claim, the Reclamation Claim, or the Agreed-Upon Claim; _provided_, _however_, that the Debtors shall be authorized to reduce, without further order of this Court, the Agreed-Upon Claim for purposes of any distribution to Valeo as the holder of a general unsecured non-priority claim under any confirmed plan of reorganization

of the Debtors by the amount of any cure payments made to Valeo on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Valeo is a party.

   3.  Valeo shall withdraw its Response to the Fifteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this <u>29th</u> day of January, 2009

                _/s/Robert D. Drain_____
                UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Seth A. Drucker |
|---|---|
| John Wm. Butler, Jr. | E. Todd Sable |
| John K. Lyons | Seth A. Drucker |
| Ron E. Meisler | HONIGMAN MILLER SCHWARTZ AND |
| SKADDEN, ARPS, SLATE, MEAGHER |  COHN LLP |
|  & FLOM LLP | 2290 First National Building |
| 333 West Wacker Drive, Suite 2100 | 660 Woodward Avenue |
| Chicago, Illinois  60606-1285 | Detroit, Michigan  48226 |
| (312) 407-0700 | (313) 465-7000 |
| | |
| | Attorneys for Valeo Climate Control Corporation |
|    - and – | |
| | |
|  Kayalyn A. Marafioti | |
|  Thomas J. Matz | |
| Four Times Square | |
| New York, New York  10036 | |
| (212) 735-3000 | |
| | |
| Attorneys for Delphi Corporation, et al., | |
|  Debtors and Debtors-in-Possession | |