SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
                                  :
    In re                          :        Chapter 11
                                  :
DELPHI CORPORATION, et al.,    :        Case No. 05–44481 (RDD)
                                  :
                  Debtors.    :        (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 15230 AND 15231
(QUALITY SYNTHETIC RUBBER, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Electronics (Holding) LLC ("Delphi Electronics"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Quality Synthetic Rubber, Inc. ("Quality Synthetic") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 15230 And 15231 (Quality Synthetic Rubber, Inc.) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, On July 31, 2006, Quality Synthetic filed proof of claim number 15230 ("Proof of Claim No. 15230") against DAS LLC. Proof of Claim No. 15230 asserts an unsecured non-priority claim in the amount of $826,312.04 stemming from goods sold and/or services provided.

WHEREAS, On July 31, 2006, Quality Synthetic filed proof of claim number 15231 ("Proof of Claim No. 15231," and together with Proof of Claim No. 15230, the "Proofs of Claim") against Delphi Electronics. Proof of Claim No. 15231 asserts a unsecured non-priority claim in the amount of $614,058.16 stemming from goods sold and/or services provided.

WHEREAS, on July 13, 2007, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims

2

Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 7, 2007, Quality Synthetic filed its Response Of Quality Synthetic Rubber, Inc. To Debtors' Nineteenth Omnibus Objection (Substantive) To Certain Claims (Docket No. 8917) (the "Response").

WHEREAS, to resolve the Nineteenth Omnibus Claims Objection with respect to the Claim, the Debtors and Quality Synthetic entered into this Joint Stipulation.

WHEREAS, pursuant to this Joint Stipulation, the Debtors acknowledge and agree that (i) Proof of Claim No. 15230 shall be allowed in the amount of $755,037.93 and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC and (ii) Proof of Claim No. 15231 shall be allowed in the amount of $581,779.76 and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC.

WHEREAS, DAS LLC is authorized to enter into this Joint Stipulation either because the Proofs of Claim involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Quality Synthetic stipulate and agree as follows:

1. Proof of Claim No. 15230 shall be allowed in the amount of $755,037.93 and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC.

2. Proof of Claim No. 15231 shall be allowed in the amount of $581,779.76

and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC.

    3.  Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which Quality Synthetic is a party.

    4.  Allowance of each of the Proofs of Claim is in full satisfaction of each of the Claims and Quality Synthetic, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "Quality Synthetic Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Debtors, that each of the Proofs of Claim are anything but prepetition general unsecured non-priority claims against DAS LLC. The Quality Synthetic Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims or which the Quality Synthetic Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date.

    5.  Quality Synthetic shall withdraw its Response to the Nineteenth Omnibus Claims Objection with prejudice.

So Ordered in New York, New York, this 29th day of January, 2009

    /s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Patrick J. Keating |
|---|---|
| John Wm. Butler, Jr. | Patrick J. Keating |
| John K. Lyons | Buckingham, Doolittle & Burroughs, LLP |
| Ron E. Meisler | 3800 Embassy Parkway, Suite 300 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Akron, OH 44333-8332 |
| | (330) 258-6554 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois 60606-1285 | Attorneys for Quality Synthetic Rubber, Inc. |
| (312) 407-0700 | |

        - and –

  Kayalyn A. Marafioti
  Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession