## Exhibit A

**Bidding Procedures**

## DELPHI AUTOMOTIVE SYSTEMS LLC
## ANAHEIM, CALIFORNIA ASSET BIDDING PROCEDURES

Set forth below are the bidding procedures (the "**Bidding Procedures**") to be employed with respect to the proposed sale (the "**Sale**") of certain assets of Delphi Automotive Systems LLC ("**DAS LLC**" or the "**Selling Debtor Entity**") comprising an improved parcel of real property containing approximately 21.6 acres and located in the City of Anaheim and the County of Orange, State of California (the "**Anaheim Property**").  On December 18, 2008, the Selling Debtor Entity executed that certain Real Property Purchase Agreement And Escrow Instructions (together with any amendments thereto, the "**Agreement**") with Birtcher Anaheim Magnolia Avenue, LLC (the "**Purchaser**").  The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "**Bankruptcy Code**"), and certain other closing conditions.

On February 4, 2009, the Selling Debtor Entity and certain of its affiliates (collectively, the "**Debtors**") filed a Motion For Orders Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date And (B) Authorizing And Approving (I) Sale By Delphi Automotive Systems LLC ("DAS LLC" or the "Selling Debtor Entity") Of Certain Real Property Located In Anaheim, California And (II) Assumption And Assignment Of Related Executory Contract (the "**Sale Motion**").  On [_____], 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date (the "**Bidding Procedures Order**").

Pursuant to the Bidding Procedures Order, the Bankruptcy Court will conduct a hearing on March 24, 2009 (the "**Sale Hearing**") to authorize the Selling Debtor Entity to enter into and perform under the Agreement.

All capitalized terms used but not otherwise defined in these Bidding Procedures have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the asset available for sale, the manner in which bidders and bids become Qualified, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder, and the Bankruptcy Court's approval thereof (collectively, the "**Bidding Process**").  The Selling Debtor Entity intends to consult with, among others, the official committee of unsecured creditors (the "**Creditors' Committee**") throughout the Bidding Process.  In the event that the Selling Debtor Entity and any other party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

## Free Of Any And All Liens

Except to the extent otherwise set forth in the Agreement or the relevant purchase agreement of a Successful Bidder, as applicable, all of the Selling Debtor Entity's right, title, and interest in and to the Anaheim Property, or any portion thereof, to be acquired will be sold free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) (the "Liens") and any monetary amounts which are secured by any Lien.

## Participation Requirements

Unless otherwise ordered by the Bankruptcy Court or as otherwise determined by Delphi in its sole discretion, to participate in the bidding process, each person (a "**Potential Bidder**"), other than the Purchaser, must deliver (unless previously delivered) to the Selling Debtor Entity and its counsel at the addresses provided below:

(a) An executed confidentiality agreement in form and substance acceptable to the Selling Debtor Entity;

(b) Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Anaheim Property, current audited financial statements of the equity holders of the Potential Bidder who must guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement as may be acceptable to the Selling Debtor Entity and its financial advisors;

(c) A preliminary (non-binding) written proposal regarding (i) the purchase price, (ii) any property to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the Agreement) and the requisite financial assurances), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame, and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that it may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence must be completed; and

(d) A good faith deposit in the amount of $1,500,000 (the "**Good Faith Deposit**").

A Potential Bidder who delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as a successful bidder, and who the Selling Debtor Entity determines in its sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the Agreement, will be deemed a "**Qualified Bidder**."  As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Selling Debtor Entity will determine, and will notify the Potential Bidder, whether such Potential Bidder

2

is a Qualified Bidder.  At the same time when the Selling Debtor Entity notifies the Potential
Bidder that it is a Qualified Bidder, the Selling Debtor Entity will allow the Qualified Bidder to
commence due diligence with respect to the Anaheim Property as provided below.
Notwithstanding the foregoing, the Purchaser shall be deemed a Qualified Bidder for purposes of
the Bidding Process.

### Due Diligence

The Selling Debtor Entity will afford each Qualified Bidder due diligence access to the
Anaheim Property.  Due diligence access may include such management presentations as may be
scheduled by the Selling Debtor Entity, access to data rooms, on-site inspections, and such other
matters as a Qualified Bidder may request and as to which the Selling Debtor Entity, in its sole
discretion, may agree.  The Selling Debtor Entity will designate an employee or other
representative to coordinate all reasonable requests for additional information and due diligence
access from Qualified Bidders.  Any additional due diligence may not continue after the Bid
Deadline.  The Selling Debtor Entity may, in its discretion, coordinate diligence efforts such that
multiple Qualified Bidders have simultaneous access to due diligence materials and/or
simultaneous attendance at management presentations or site inspections.  Neither the Selling
Debtor Entity nor any of its affiliates (or any of its respective representatives) will be obligated
to furnish any information relating to the Anaheim Property to any person other than to Qualified
Bidders which make an acceptable preliminary proposal.

Each Qualified Bidder will be deemed to acknowledge and represent that it has had an
opportunity to conduct any and all due diligence regarding the Anaheim Property prior to making
its offer, that it has relied solely upon its own independent review, investigation, and/or
inspection of any documents and/or the Anaheim Property in making its bid, and that it did not
rely upon any written or oral statements, representations, promises, warranties, or guaranties
whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Anaheim
Property or the completeness of any information provided in connection therewith, the Bidding
Process, or the Auction (as defined herein), except as expressly stated in the definitive agreement
with the Successful Bidder approved by the Bankruptcy Court.

### Bid Deadline

A Qualified Bidder, other than the Purchaser, which desires to make a bid must deliver
written copies of its bid to:  Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,
Michigan 48098, Attention: Executive Director, Operations Support Group, with copies to:  (i)
Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen
J. Craft, Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate,
Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E.
Meisler and T. Kellan Grant; (iii) counsel to the Creditors' Committee, Latham & Watkins LLP,
885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A.
Broude; (iv) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC,
666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; (v)
counsel for the Debtors' postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington
Avenue, New York, New York 10017, Attention: Donald Bernstein and Brian Resnick; and (vi)
the Purchaser, Birtcher Anaheim Magnolia Avenue, LLC, Attention: Shannon Hondl, with

3

copies to Allen Matkins Leck Gamble Mallory & Natsis LLP 1900 Main Street, 5th Floor, Irvine, CA 92614-7321, Attention: John Kittleson, Esq., so as to be received not later than 10:00 a.m. (prevailing Eastern time) on March 9, 2009 (the "Bid Deadline").  The Selling Debtor Entity may extend the Bid Deadline once or successively, but is not obligated to do so.  If the Selling Debtor Entity extends the Bid Deadline, it must promptly notify all Qualified Bidders of such extension.

### Bid Requirements

All bids must include the following documents (the "**Required Bid Documents**"):

(a) A letter stating that the bidder's offer is irrevocable until two Business Days after the closing of the Sale of the Anaheim Property.

(b) An executed copy of the Agreement, together with all schedules, marked to show those amendments and modifications to such Agreement that the Qualified Bidder proposes, including the Purchase Price (as defined in the Agreement) (a "**Marked Agreement**"). The Marked Agreement should delete the section relating to inspection period which will be substituted with the due diligence provided under these Bidding Procedures.

(c) The Good Faith Deposit in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Selling Debtor Entity in its sole discretion) payable to the order of the Selling Debtor Entity (or such other party as the Selling Debtor Entity may determine) in the amount of $1,500,000.

(d) Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transactions that is satisfactory to the Selling Debtor Entity and its advisors.

### Qualified Bids

A bid will be considered only if the bid:

(a) is on terms and conditions (other than the amount of the consideration) that are substantially similar to, and are not materially more burdensome or conditional to the Selling Debtor Entity than, those contained in the Agreement;

(b) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(c) proposes a transaction that the Selling Debtor Entity determines, in its sole discretion, has a value, either individually or, in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price and the amount of the Expense Reimbursement, plus (i) in the case of the initial Qualified Bid, $500,000.00, and (ii) in the case of any subsequent Qualified Bids, $250,000.00 over the immediately-preceding highest Qualified Bid;

(d) is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment;

(e) an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Anaheim Property prior to making its offer, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Anaheim Property in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Anaheim Property, the completeness of any information provided in connection therewith, or the Auction, except as expressly stated in the Agreement or the Marked Agreement;

(f) includes a commitment to consummate the purchase of the Anaheim Property (including the receipt of any required governmental or regulatory approvals) within not more than ten days after entry of an order by the Bankruptcy Court approving such purchase; and

(g) is received by the Bid Deadline.

A bid received from a Qualified Bidder will constitute a "**Qualified Bid**" only if it includes all of the Required Bid Documents and meets all of the above requirements; provided, however, that the Selling Debtor Entity will have the right, in its sole discretion, to entertain bids for the Anaheim Property that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids. Notwithstanding the foregoing, the Purchaser will be deemed a Qualified Bidder, and the Agreement will be deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchaser is referred to as a "**Subsequent Bid.**"

If the Selling Debtor Entity does not receive any Qualified Bids other than the Agreement received from the Purchaser, the Selling Debtor Entity will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

## Bid Protection

Recognizing the Purchaser's expenditure of time, energy, and resources, the Selling Debtor Entity has agreed to provide certain bidding protections to the Purchaser. Specifically, the Selling Debtor Entity has determined that the Agreement will further the goals of the Bidding Procedures by setting a floor which all other potential bids must exceed. As a result, the Selling Debtor Entity has agreed that if the Selling Debtor Entity terminates the Agreement to close an alternative transaction and sell the Anaheim Property to a Successful Bidder other than the Purchaser, the Selling Debtor Entity will, in certain circumstances, be obligated to pay the Purchaser an Expense Reimbursement of up to $450,000 (the "**Expense Reimbursement**"). The payment of the Expense Reimbursement will be governed by the provisions of the Agreement and the Bidding Procedures Order.

## Auction

If the Selling Debtor Entity receives at least one Qualified Bid in addition to the Agreement, the Selling Debtor Entity will conduct an auction (the "**Auction**") of the Anaheim Property upon notice to all Qualified Bidders which have submitted Qualified Bids at 10:00 a.m. (prevailing Eastern time) on or before March 13, 2009, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 or Four Times Square, New York, New York 10036 (at the Selling Debtor Entity's election), or such later time or other place as the Selling Debtor Entity may notify all Qualified Bidders which have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing) in accordance with the following procedures:

(a) Only the Selling Debtor Entity, Purchaser, any representative of the Creditors' Committee and the Equityholders' Committee, any representative of Selling Debtor Entity's secured lender (and the legal and financial advisers to each of the foregoing), and any Qualified Bidder who has timely submitted a Qualified Bid shall be entitled to attend the Auction, and only the Purchaser and the other Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b) At least two Business Days prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Selling Debtor Entity whether it intends to participate in the Auction and at least one Business Day prior to the Auction, the Selling Debtor Entity shall provide copies of the Qualified Bid or combination of Qualified Bids which the Selling Debtor Entity believes is the highest or otherwise best offer going into the Auction (the "**Lead Bid**") to all Qualified Bidders who have informed the Selling Debtor Entity of their intent to participate in the Auction. Notwithstanding this determination of the Lead Bid, the Selling Debtor Entity reserves the right, in its sole discretion, to determine which bid, or subsequent bid, is the Successful Bid (as defined below), following the conclusion of the Auction based upon a number of factors and other considerations.

(c) All bidders will be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction.

(d) The Selling Debtor Entity may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith.

(e) Bidding at the Auction will begin with the highest or otherwise best Qualified Bid or combination of Qualified Bids and continue in minimum increments of $250,000.00 higher than the previous bid or bids. The Auction will continue in one or more rounds of bidding and will conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written

confirmation of the then-existing highest bid or bids.  For the purpose of evaluating the
value of the consideration provided by Subsequent Bids (including any Subsequent Bid
by Purchaser), the Selling Debtor Entity will give effect to any Expense Reimbursement
as well as any assets to be retained by the Selling Debtor Entity.

### Selection Of Successful Bid

At the conclusion of the Auction, or as soon thereafter as practicable, the Selling Debtor
Entity, in consultation with its advisors, will: (i) review each Qualified Bid on the basis of
financial and contractual terms and the factors relevant to the sale process, including those
factors affecting the speed and certainty of consummating the sale, and (ii) identify the highest or
otherwise best offer(s) for the Anaheim Property received at the Auction (the "**Successful Bid**"
and the bidder(s) making such bid, the "**Successful Bidder(s)**").

The Selling Debtor Entity will sell the Anaheim Property for the highest or otherwise best
Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the
Bankruptcy Court after the Sale Hearing.  If, after an Auction in which the Purchaser:  (i) has bid
an amount in excess of the consideration currently provided for in the Agreement with respect to
the transactions contemplated under the Agreement and (ii) is the Successful Bidder, the
Purchaser must, at the Closing under the Agreement, pay, in full satisfaction of the Successful
Bid, an amount equal to:  (a) the amount of the Successful Bid less (b) the Expense
Reimbursement.

The Selling Debtor Entity's presentation of a particular Qualified Bid to the Bankruptcy
Court for approval does not constitute the Selling Debtor Entity's acceptance of the bid.  The
Selling Debtor Entity will be deemed to have accepted a bid only when the bid has been
approved by the Bankruptcy Court at the Sale Hearing.

### The Sale Hearing

The Bankruptcy Court will conduct a Sale Hearing on March 24, 2009, at 10:00 a.m.
(prevailing Eastern time).

The Sale Hearing will take place before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One
Bowling Green, Room 610, New York, New York 10004.  The Sale Hearing may be adjourned
or rescheduled by the Selling Debtor Entity without notice other than by an announcement of the
adjourned date at the Sale Hearing.

If the Selling Debtor Entity does not receive any Qualified Bids (other than the Qualified
Bid of the Purchaser), the Selling Debtor Entity will report the same to the Bankruptcy Court at
the Sale Hearing and will proceed with a sale of the Anaheim Property to the Purchaser
following entry of the Sale Approval Order.  If the Selling Debtor Entity does receive additional
Qualified Bids, then at the Sale Hearing the Selling Debtor Entity will seek approval of the
Successful Bid(s), as well as the second highest or best Qualified Bids (each an "**Alternate Bid**,"
and such bidder, the "**Alternate Bidder**").  The Selling Debtor Entity's presentation to the
Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) will not constitute the Selling

Debtor Entity's acceptance of either or any such bid(s), which acceptance will occur only upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing.  Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of:  (i) failure of a condition precedent beyond the control of either the Selling Debtor Entity or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Selling Debtor Entity will be permitted to effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

## Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "**Return Date**").  Notwithstanding the foregoing, the Good Faith Deposit submitted by the Successful Bidder(s), together with interest thereon, if any, will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s).  If a Successful Bidder fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the Selling Debtor Entity will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit will irrevocably become property of the Selling Debtor Entity.  Subject to the preceding sentence, on the Return Date, the Selling Debtor Entity will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon, if any.

## Reservations Of Rights

The Selling Debtor Entity, after consultation with, among others, the Creditors' Committee:  (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject at any time any bid (other than the Purchaser's bid) that is:  (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Selling Debtor Entity, its estate, or its stakeholders as determined by the Selling Debtor Entity in its sole discretion.