-UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
In re                                       :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
       Debtors.                             :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STIPULATION AND AGREED ORDER RESOLVING
LAUTZENHISER TECHNOLOGIES, LLC'S MOTION FOR A
DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY
IN ORDER TO ALLOW IT TO ASSERT CLAIMS IN PENDING
LITIGATION BEING PROSECUTED AGAINST
DELPHI MEDICAL SYSTEMS CORPORATION

Delphi Medical Systems Corporation ("Delphi Medical"), debtor and debtor-in-possession in the above-captioned cases and Lautzenhiser Technologies, LLC ("Lautzenhiser") respectfully submit this Stipulation And Agreed Order Resolving Lautzenhiser Technologies, LLC's Motion For a Determination That The Automatic Stay Under §362(a) And The Bankruptcy Code Does Not Apply In Order To Allow It To Assert Claims In Pending Litigation Being Prosecuted Against Delphi Medical Systems Corporation (the "Stipulation and Order") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Medical and certain of its affiliates, including Delphi Corporation (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"); and

WHEREAS, on or about January 27, 2007, Lautzenhiser filed a complaint for patent infringement asserting various patents allegedly covering wheelchair technologies against Delphi Medical's customer, Sunrise Medical HHG, Inc. and Sunrise Medical, Inc., in the United States District Court for the Southern District of Indiana (the "Indiana Court"), Case No. 4:07-cv-0084 (the "Lawsuit"); and

WHEREAS, on or about July 11, 2008, the Indiana Court granted Lautzenhiser's Motion requesting to file a Second Amended Complaint to add Delphi Medical as a defendant to the Lawsuit; and

WHEREAS, on or about July 28, 2008, Lautzenhiser served Delphi Medical with the Summons and Second Amended Complaint; and

WHEREAS, on or about August 15, 2008, Delphi Medical timely filed its Suggestion of Bankruptcy and Notice of Operation of Automatic Stay under § 362(a) of the Bankruptcy Code with the Indiana Court; and

WHEREAS, on December 30, 2008, Lautzenhiser filed a Motion for a Determination that the Automatic Stay under SEC. 362(a) of the Bankruptcy Code Does Not Apply to its Patent Infringement Claims Against Defendant Delphi Medical Systems Corporation before the Indiana Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.	The automatic stay of 11 U.S.C. § 362 shall be and hereby is modified for the sole and limited purpose of allowing Lautzenhiser to advance its alleged patent infringement claims by seeking a determination on the alleged liability and quantification of damages, including the potential for enhanced damages as a result of willful infringement, if at all, and a finding for the

2

appropriateness of injunctive relief requested in the Lawsuit as set forth in its Second Amended Complaint against Delphi Medical before the Indiana Court, as of the Effective Date (as defined below) of this Stipulation and Order. Subject to the restrictions of this Stipulation and Order as set forth below and the requirements of the Bankruptcy Code, as it may apply, Lautzenhiser shall in no way be precluded from asserting that the Debtors are obligated to satisfy any judgment or award obtained against Delphi Medical in the lawsuit.

2.  Except as provided in paragraph 1 of this Stipulation and Order, the automatic stay shall remain in full force and effect for any other purpose.

3.  In the event that the Indiana Court finds Delphi Medical liable to Lautzenhiser, Lautzenhiser shall return to this Court for any further relief from the automatic stay, including but not limited to, Lautzenhiser's attempt to enforce any judgment in the patent litigation against any of the Debtors, including Delphi Medical, and/or to seek enforcement of any injunction against Delphi Medical or the Debtors; provided that Lautzenhiser shall in no way be precluded from seeking enforcement in the Indiana Court of any injunction and/or judgment against a "successor" for the purpose of the Bankruptcy Code of Delphi Medical or any of the Debtors (which shall include Delphi Medical or any of the Debtors to the extent they continue to exist as separate entities following the effective date of a confirmed plan of reorganization), arising exclusively from the activities of such successor of Delphi Medical or any of the Debtors. Lautzenhiser shall also not be precluded from seeking enforcement of any injunction or judgment against Delphi Medical or the Debtors if the necessary relief from the automatic stay has been previously obtained from this Court at the time when such enforcement is sought.

4.  Lautzenhiser agrees, waives and hereby dismisses its right to seek and/or enforce any claim(s) and/or judgment for damages, including any enhanced damages, against Delphi

3

Medical, the Debtors, or any affiliated entity of the Debtors to which Lautzenhiser may have been entitled to seek with respect to its claims asserted in or claims which it could have asserted in the Lawsuit that would have arisen or accrued from actions or activities of Delphi Medical, the Debtors or any affiliated entity of the Debtors occurring before July 28, 2008.

5.   Subject to paragraph 4 above, Lautzenhiser's rights to seek further relief from the automatic stay, or to seek a determination that the automatic stay does not apply to any other aspect of its claims, are preserved in full, and the Debtors reserve all rights to object to any further relief requested by Lautzenhiser.

6.   The "Effective Date" of this Stipulation and Order shall be the date on which this Stipulation and Order becomes a final and non-appealable order; provided, however, that if this Court shall deny entry of this Stipulation and Order or enter an order declining to approve this Stipulation and Order, then this Stipulation and Order shall become null and void at that time, and the parties shall have all the respective rights, obligations and arguments which they possessed prior to entering into this Stipulation and Order.

7.   This Stipulation and Order shall in no way be construed as a waiver or release of Lautzenhiser's rights to seek and/or enforce any claim(s) and/or judgment for damages against any of the other Defendants in the Lawsuit, including without limitation Sunrise Medical HHG, Inc. d/b/a Quickie Designs, Inc., Sunrise Medical, Inc., and PG Drives Technology, Inc., arising at any period of time. The limited waiver of claims provided herein applies exclusively to Delphi Medical, the Debtors, or any affiliated entity of the Debtors and exclusively relates to the specific period of time referenced herein. This provision shall in no way be construed to prevent Lautzenhiser from seeking discovery from Delphi Medical or the other Debtors relating to the allegedly infringing activities occurring prior to July 28, 2008, and Delphi Medical and the

4

Debtors reserve all rights to object to or otherwise challenge any discovery that Lautzenhiser may seek.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order.

9. Notwithstanding the requirements under Bankruptcy Rule 4001(a)(3), good cause exists to have this Stipulation and Order become effective immediately upon entry.

SO ORDERED.

Dated: February ___, 2009
       New York, New York

                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John Wm. Butler, Jr. | /s/ Michael A. Valenti |
| John Wm. Butler, Jr. | Michael A. Valenti (mvalenti@vhrlaw.com) |
| John K. Lyons | Kevin T. Duncan (kduncan@vhrlaw.com) |
| Ron E. Meisler | VALENTI HANLEY & ROBINSON, PLLC |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | One Riverfront Plaza, Suite 1950 |
| | 401 West Main Street |
| 333 West Wacker Drive, Suite 2100 | Louisville, Kentucky 40202 |
| Chicago, Illinois 60606-1285 | (502) 568-2100 |
| (312) 407-0700 | |
| | Attorneys for Lautzenhiser Technologies, LLC |

            - and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession