FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
1633 Broadway, 46th Floor
New York, NY 10019-6708
Telephone: (212) 833-1100
Facsimile: (212) 833-1250
Edward A. Friedman (EF 1995)
William P. Weintraub (WW 2897)
Andrew W. Schilling (AS 7872)

Attorneys for Delphi Corporation
    Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
IN RE:                                         :    Chapter 11
:
    DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
:
                                   Debtors.   :    (Jointly Administered)
:
------------------------------------------------------------x

**AFFIDAVIT OF WILLIAM P. WEINTRAUB AND DISCLOSURE
STATEMENT ON BEHALF OF FRIEDMAN KAPLAN SEILER &
ADELMAN LLP PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), 329, 363 AND 504,
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b),
AND RULE 2014-1 OF THE LOCAL BANKRUPTCY RULES FOR THE
SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF DEBTOR'S MOTION
PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), 329, 363 AND 504 TO CONFIRM
ENGAGEMENT AND RETENTION OF SPECIAL COUNSEL IN CONNECTION WITH
PLAN INVESTOR LITIGATION *NUNC PRO TUNC* TO APRIL 4, 2008**

STATE OF NEW YORK           )
                                  )    ss:
COUNTY OF NEW YORK      )

        William P. Weintraub, being duly sworn, deposes and says:

        1.    I am a member of the firm of Friedman Kaplan Seiler & Adelman LLP

("FKSA" or the "Firm"), a law firm with its principal office at 1633 Broadway, New York, New

691253.2

York, 10019-6708, and I am duly admitted to practice law in the State of New York and the State of California, and in the United States District Courts for the Southern and Eastern Districts of New York and the Southern, Eastern, Central and Southern Districts of California.

2.    I submit this affidavit in support of the motion (the "Motion") of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order pursuant to sections 327(a), 328(a), 329, 363 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to the extent applicable as described in further detail below, confirming the Debtors' prior retention and employment of Friedman Kaplan Seiler & Adelman LLP ("FKSA") and Susman Godfrey LLP ("SG") (collectively referred to as "Special Counsel") as special counsel for the Debtor as of April 4, 2008. Capitalized terms shall have the meanings assigned to them in the Motion.

3.    Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires amendment or modification upon FKSA's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

4.    Neither I, FKSA, nor any member, counsel to, or associate of the Firm represents any entity other than Delphi or the other Debtors in connection with these jointly administered chapter 11 cases. In addition, to the best of my knowledge, after due inquiry,

neither I, FKSA, nor any member, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in matters related to these jointly administered chapter 11 cases.

5. The Debtors have retained various professionals during the pendency of these cases. FKSA will communicate with such professionals to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

6. FKSA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that FKSA, its members, counsel and associates (a) are not creditors, equity security holders or insiders of Delphi or the other Debtors; (b) are not and were not, within two (2) years before the date of the filing of the petition, a director, officer or employee of Delphi or the other Debtors; and (c) do not have interests materially adverse to the interest of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Delphi or the other Debtors, or for any other reason.

7. The Firm and certain of its members, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent entities that are claimants or interest holders of Delphi or the other Debtors in matters unrelated to the Debtors and these chapter 11 cases. At this time, FKSA is not aware of such representations, except as set forth on <u>Exhibit A</u> hereto.

### FKSA Disclosure Procedures

8. In preparing this affidavit, the Firm used a set of procedures developed by FKSA to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and any Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures"). Pursuant to the Firm Disclosure

Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Affidavit and to ascertain FKSA's connection to such parties:

(a) Using information obtained from the Debtors, and additional information identified by FKSA, a list of the names of the Debtors, creditors, and other entities who may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") was assembled.

(b) FKSA maintains a database containing the names of the entities for which any attorney time charges have been recorded in the past (the "Client Database"). The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the FKSA personnel who are or were responsible for current or former matters for such client. FKSA compared each of the Potential Parties in Interest to the names in the Client Database.

(c) Matches between the Potential Parties in Interest and the Client Database were identified (the "Client Match List") and reviewed by an attorney. Obvious name coincidences and entities that were adverse to FKSA's client both in this matter and the matter referenced in the Client Database were deleted. The remaining client connections were compiled for purposes of preparing this affidavit.

### FKSA's Connections with Parties in Interest in Matters Unrelated to these Chapter 11 Cases

9. I, or an attorney working under my supervision, have reviewed the Client Match List and have determined that, in respect of each connection between FKSA and such party that is disclosed on <u>Exhibit A</u> hereto, because FKSA's role is limited to that of special counsel as described in the Motion, FKSA does not hold or represent an interest that is adverse to Delphi, the other Debtors, or their estates. In that regard, none of the persons or parties listed on <u>Exhibit A</u> are potential defendants in the litigation that was commenced by FKSA on behalf of Delphi.

691253.2                                    4

10. In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is utilized in section 101(14)(E) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between FKSA and (i) the United States Trustee for the Southern District of New York or any person employed by the Office of the United States Trustee, or (ii) any attorneys, accountants, financial consultants, or investment bankers that represent or may represent Delphi, the other Debtors, claimants, or other parties in interest in these cases, except as set forth herein.

11. As part of its practice, FKSA appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these cases. FKSA has not and will not represent any of such parties in relation to Delphi, the other Debtors, or their chapter 11 cases. FKSA does not have any relationship with any such attorneys, accountants, financial consultants, and investment bankers which would be adverse to the Debtors or their estates.

12. In addition, these chapter 11 cases are large cases and FKSA has active litigation, corporate and restructuring practices. Consequently, the Firm and certain of its members, counsel and associates have worked in the past in other cases with or against, and may in the future work in other cases with or against, the attorneys, advisors, accountants and other professionals involved in the Debtors' cases, and may have referred cases or clients to, or may have had cases or clients referred by, such attorneys, advisors, accountants and other professionals. Nonetheless, to the best of FKSA's knowledge, any such connections are the result of the routine practice of law and ordinary professional relationships and interactions and,

therefore, do not result in FKSA holding or representing an interest that is adverse to Delphi, the other Debtors, or the estates or their creditors.

13. Lastly, FKSA previously has represented, currently represents, and may represent in the future UBS Securities LLC and/or its affiliates ("UBS") in matters totally unrelated to the Debtors. FKSA has not and will not represent UBS in relation to Delphi, the other Debtors, or their chapter 11 cases. Moreover, FKSA has not and will not represent Delphi in any actions against UBS.

14. FKSA will continue to apply the Firm Disclosure Procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court as necessary.

## Compensation of FKSA

15. The principal attorneys and paralegals presently designated to represent Delphi and their current standard hourly rates are:

| | | |
|---|---|---|
| (a) | Edward A. Friedman (partner) | $850 |
| (b) | William P. Weintraub (partner) | $750 |
| (c) | Andrew W. Schilling (partner) | $595 |
| (d) | Jessica Murzyn (associate) | $460 |
| (e) | Shira D. Weiner (associate) | $435 |
| (f) | Danya S. Reda (associate) | $390 |
| (g) | Kevin S. Haeberle (associate) | $350 |
| (h) | Christopher Wimmer (associate) | $350 |
| (i) | Jordan Brackett (associate) | $325 |
| (j) | Cynthia Starr (paralegal) | $150 |

    (k)    Zach Torres-Fowler (paralegal)    $150

    (l)    Jessica Pevzner (paralegal)    $150

16.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve Delphi in connection with the work to be performed and the services to be provided.

17.    The hourly rates set forth above are FKSA's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate FKSA for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

18.    It is FKSA's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by FKSA to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs. When travel is required, FKSA will charge the client for its travel and lodging expenses. FKSA will charge Delphi for these expenses in a manner and at rates consistent with charges made generally to FKSA's other clients. FKSA believes that it is more fair to charge these expenses to the clients incurring them than to increase hourly rates and spread the expenses among all clients.

19.    Pursuant to Bankruptcy Code sections 329 and 504, no promises have been received by the Firm nor by any member, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the Motion and the provisions of the Bankruptcy Code. No compensation has been paid by Delphi to the Firm to date and no services

were rendered or agreed to be rendered by the Firm in contemplation of these chapter 11 cases.[1] The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the members, counsel and associates of the Firm. The source of payments to the Firm will be the Debtors.

20. The Motion requests confirmation of the Debtors' retention of FKSA on terms and conditions consistent with what FKSA charges non-title 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based upon formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, to the extent applicable in light of the terms of the Confirmation Order and the Plan, the Debtors have been compensating (and will continue to compensate) FKSA at its customary hourly rates, and have reimbursed (and will continue to reimburse) the actual, necessary expenses and other charges incurred by FKSA.[2]

---

[1] FKSA has been compensated for its work done during the chapter 11 case in connection with the adversary proceeding commenced by it on behalf of Delphi.

[2] The filing of the Motion is precautionary. Pursuant to the Confirmation Order, upon the Confirmation Date (as defined in the Plan), any requirement that professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for such services rendered after the Confirmation Date terminated and thereafter professionals could be retained and paid in the ordinary course of business. See Confirmation Order ¶ 33. This same provision can be found in Article 10.3(d) of the Plan. Although Delphi believes that a confirmatory retention order for FKSA is unnecessary, Delphi filed the Motion out of an abundance of caution, seeking confirmation that FKSA has been properly retained pursuant to Bankruptcy Code section 327(a) and 328(a) and Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1. FKSA is prepared to comply with whatever reporting requirements may be imposed by the Court.

21.     The foregoing constitutes the statement of FKSA pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1.

Dated:  February 4, 2009
        New York, New York

_____
William P. Weintraub

Sworn to before me this
4th day of February, 2009

_____
Notary Public

VERONICA M. GARVEY
Notary Public, State of New York
No. 01GA4929722
Qualified in Kings County
Commission Expires May 2, 20 10

# **EXHIBIT A**

**Client of Firm in Open Unrelated Matter(s):**     Alltel Corporation, Amerada Hess Corporation, Contrarian Capital Management, LLC, Deutsche Bank, Foley & Lardner LLP, Highland Capital Management LP, Honeywell International, SilverPoint Capital, LP, Sony Electronics, Inc., Time Warner, Inc., UBS Securities LLC, Lazard Freres & Co., Mayer, Brown, Rowe & Maw LLP, Greenhill & Co.

**Client of Firm in Closed Unrelated Matter(s) Within the Last Five Years:**     ABN AMRO Bank, Cornell University, Ernst & Young, Great American Insurance Company, Jeffries & Company, Inc., Katonah Capital, LLC, Sequa Corporation, SilverPoint Capital, LP, Time Warner, Inc.

**Firm represents (or represented) Affiliate of these Parties in Unrelated Matter(s):** DaimlerChrysler Corp., Texas Pacific Group Ltd., Time Warner, Inc., Lazard Freres & Co., Marathon Asset Management LLC, King Street Capital Management, LLC

**Note:** In addition to the disclosures made above on this Exhibit A, FKSA has an active transactional practice in the telecommunications industry and therefore in the past the firm has represented both AT&T Wireless and Cingular Wireless and affiliates on numerous transactional matters, and FKSA has also handled litigation matters for each from time to time, but in no instance has any transactional or litigation matter been related to Delphi. FKSA has no open matters for AT&T. In this regard, In October 2004, Cingular acquired AT&T Wireless Services, Inc., and took the name Cingular. In November 2005, SBC Communications Inc. ("SBC") merged with AT&T Corp. and the merged entity took the name "AT&T." Thereafter, in December 2006, one of AT&T's (formerly SBC) subsidiaries merged with BellSouth Corporation ("BellSouth"). With the BellSouth acquisition, AT&T acquired BellSouth's 40 percent economic interest in AT&T Mobility LLC, formerly Cingular Wireless LLC. In 2007, AT&T rebranded its wireless operations from Cingular to "AT&T."