SUSMAN GODFREY
654 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Jacob W. Buchdahl (JB 1902)

Attorney for Debtor and
Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
IN RE:                                             :    Chapter 11
                                                   :
    DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                                   :
                               Debtors.    :    (Jointly Administered)
                                                   :
-----------------------------------------------------------------x

AFFIDAVIT OF JACOB W. BUCHDAHL AND DISCLOSURE
STATEMENT ON BEHALF OF SUSMAN GODFREY LLP IN SUPPORT OF DEBTORS'
MOTION PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), 329, 363,
AND 504 TO CONFIRM ENGAGEMENT AND RETENTION OF SPECIAL COUNSEL
IN CONNECTION WITH PLAN INVESTOR LITIGATION

STATE OF NEW YORK      )
                       )   ss:
COUNTY OF NEW YORK     )

        Jacob W. Buchdahl, being duly sworn, deposes and says:

        1.    I am a partner at Susman Godfrey LLP ("SG" or the "Firm"), a law firm with an office at 654 Madison Avenue, 5th Floor, New York, New York, 10065, and I am duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York.

        2.    I submit this affidavit in support of the motion (the "Motion") of Delphi Corporation, as debtor and debtor in possession ("Delphi" or the "Debtor"), to confirm the

603595.4

engagement and retention of special counsel in connection with plan investor litigation, as well as to provide disclosure under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").[1]

3.  Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires amendment or modification upon SG's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

4.  Neither I, SG, nor any member, counsel to, or associate of the Firm represents any entity other than Delphi in connection with these jointly administered chapter 11 cases. In addition, to the best of my knowledge, after due inquiry, neither I, SG, nor any member, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in matters related to these jointly administered chapter 11 cases.

5.  Delphi and its subsidiaries and affiliates who are the debtors in these jointly administered cases (collectively, the "Debtors") have retained various professionals

---

[1] Although the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) (the "Plan") has been confirmed and an employment application may no longer be required, the Firm is filing this Motion out of an abundance of caution. In this regard, the Plan provides at section 10.3(d) that, upon the Confirmation Date (as defined in the Plan), professionals need no longer comply with the retention or compensation requirements of the Bankruptcy Code, but instead may be retained and paid in the ordinary course of business. Likewise, the Confirmation Order provides at paragraph 33 that, upon the Confirmation Date, professionals need no longer comply with the retention and compensation requirements of the Bankruptcy Code and thereafter professionals may be retained and paid in the ordinary course of business. The Confirmation Order is a final order and it has not been revoked, modified or rescinded and remains in full force and effect. The Firm is prepared to comply with whatever reporting requirements are imposed by the Court.

during the pendency of these cases. SG will communicate with such professionals to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

6. SG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that SG, its members, counsel and associates (a) are not creditors, equity security holders or insiders of Delphi or the other Debtors; (b) are not and were not, within two (2) years before the date of the filing of the petition, a director, officer or employee of Delphi or the other Debtors; and (c) do not have interests materially adverse to the interest of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Delphi or the other Debtors, or for any other reason.

7. The Firm and certain of its members, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent entities that are claimants or interest holders of Delphi or the other Debtors in matters unrelated to the Debtors and these chapter 11 cases. At this time, SG is not aware of such representations, except as set forth on Exhibit A hereto.

## SG Disclosure Procedures

8. In preparing this affidavit, the Firm used a set of procedures to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and any Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Firm Disclosure Procedures"). I performed, or caused to be performed, the following actions to identify the parties relevant to this Affidavit and to ascertain SG's connection to such parties:

    a.    Using information obtained from the Debtors, a list of the names of the Debtors, creditors, and other entities who may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest") was assembled.

  b. SG maintains a database containing the names of the entities for which any attorney time charges have been recorded in the past (the "Client Database"). The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the SG personnel who are or were responsible for current or former matters for such client. SG compared each of the Potential Parties in Interest to the names in the Client Database.

  c. Matches between the Potential Parties in Interest and the Client Database were identified (the "Client Match List") and reviewed by an attorney. Obvious name coincidences and entities that were adverse to SG's client both in this matter and the matter referenced in the Client Database were deleted. The remaining client connections were compiled for purposes of preparing this affidavit.

**SG's Connections with Parties in Interest
in Matters Unrelated to these Chapter 11 Cases**

  9. I have reviewed the Client Match List and have determined that, in respect of each connection between SG and such party that is disclosed on <u>Exhibit A</u> hereto, because SG's role is limited to that of special counsel as described in the Motion, SG does not hold or represent an interest that is adverse to Delphi, the other Debtors, or their estates. In that regard, none of the persons or parties listed on <u>Exhibit A</u> is a potential defendant in any litigation that might be commenced by SG on behalf of Delphi.

  10. In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is utilized in section 101(14)(E) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between SG and (i) the United States Trustee for the Southern District of New York or any person employed by the Office of the United States Trustee, or (ii) any attorneys, accountants, financial consultants, or investment bankers that represent or may represent Delphi, the other Debtors, claimants, or other parties in interest in these cases, except as set forth herein.

11.     As part of its practice, SG appears in cases and proceedings involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and other parties in interest in these cases. SG has not and will not represent any of such parties in relation to Delphi, the other Debtors, or their chapter 11 cases. SG does not have any relationship with any such attorneys, accountants, financial consultants, and investment bankers which would be adverse to the Debtors or their estates.

12.     In addition, these chapter 11 cases are large cases and SG has an active litigation practice. Consequently, the Firm and certain of its members, counsel and associates have worked in the past in other cases with or against, and may in the future work in other cases with or against, the attorneys, advisors, accountants and other professionals involved in the Debtors' cases, and may have referred cases or clients to, or may have had cases or clients referred by, such attorneys, advisors, accountants and other professionals. Nonetheless, to the best of SG's knowledge, any such connections are the result of the routine practice of law and ordinary professional relationships and interactions and, therefore, do not result in SG holding or representing an interest that is adverse to Delphi, the other Debtors, or the estates or their creditors.

13.     SG will continue to examine any possible conflicts as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court as necessary.

### Compensation of SG

14.     The principal attorneys and paralegals presently designated to represent Delphi and their current standard hourly rates are:

      a.     Jacob W. Buchdahl (partner)          $625

      b.    Kenneth S. Marks (partner)    $700

      c.    Arun Subramanian (associate)    $350

      d.    Martin Powers (paralegal)    $250

15. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve Delphi in connection with the work to be performed and the services to be provided.

16. The hourly rates set forth above are SG's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate SG for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

17. It is SG's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by SG to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses. When travel is required, SG will charge the client for its travel and lodging expenses. SG will charge Delphi for these expenses in a manner and at rates consistent with charges made generally to SG's other clients. SG believes that it is more fair to charge these expenses to the clients incurring them than to increase hourly rates and spread the expenses among all clients.

18. Pursuant to Bankruptcy Code sections 329 and 504, no promises have been received by the Firm nor by any member, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the Firm's Motion and the

provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the members, counsel and associates of the Firm. The source of payments to the Firm will be Delphi.

19. The Motion requests approval of Delphi's retention of SG on terms and conditions consistent with what SG charges non-title 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based upon formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, to the extent applicable in light of the terms of the Confirmation Order and the Plan, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee, and existing orders of this Court, and subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, to the extent required, SG intends to apply for compensation of professional services rendered in connection with these chapter 11 cases at its customary hourly rate, and reimbursement of actual, necessary expenses and other charges incurred by SG.

20. The foregoing constitutes the statement of SG pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1.

Dated: February 3, 2009
New York, New York

*[signature]*
Jacob W. Buchdahl

Sworn to before me this
3rd day of February, 2009

*[signature]*
Notary Public

ROBERTA ANN LEONE
Notary Public, State of New York
No. 24-4790044
Qualified in Kings County
Certificate Filed in New York County
Commission Expires June 30, 2011

## **EXHBIT A**

**Client of Firm (or Firm represented Affiliate of these Parties) in Unrelated Matter(s) within the Last Five Years:**

ACE American Insurance Co., Appaloosa Investment LP, Blue Cross Blue Shield, Chubb Group, Citibank, City of Houston, Comerica Bank, Credit Industriel et Commerciel, Coinstar, Inc., Continental Casualty Co., Dai-Ichi Kangyo Bank, Ltd., Robert E. Davis, Jr., Entergy Services, Inc., Equistar Chemicals LP, First National Bank of Chicago, Fortis Bank SA, Galaxy, General Electric Capital Corp., Harley Davidson, Hidalgo County, Illinois Union Insurance Company, Kensington International Limited, KZH, Lexington Insurance Company, Lloyds of London, Medtronic, Inc., Metropolitan Life Ins. Co., Mountain Capital CLO, National City Bank, Nokia, Oak Hill Securities Fund, Octagon Investment Partners, Pacific Employers Insurance Co., Sequils Ing I, Ltd., Silver Point Capital LP, Societe Generale, St. Paul Fire & Marine Insurance Company, State of Michigan, State of Ohio, State of Wisconsin, Sumitomo Mitsui Banking Corporation, Swiss Re Insurance Co., Texas Instruments, Textron Financial Corporation, Time Warner, Inc., Tokio Marine, Toronto Dominion Bank, TPG Capital, LP, United Health Group, Victory Packaging, Wachovia Bank, NA, and Wal-Mart Stores.