UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
    In re                                 :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), 363, AND 504
CONFIRMING ENGAGEMENT AND RETENTION OF SPECIAL
<u>COUNSEL IN CONNECTION WITH PLAN INVESTOR LITIGATION</u>

("SPECIAL COUNSEL RETENTION CONFIRMATION ORDER")

Upon the motion (the "Motion") of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), dated February 4, 2009, for an order pursuant to sections 327(a), 328(a), 363, and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to the extent applicable, confirming the Debtors' prior retention and employment of Friedman Kaplan Seiler & Adelman LLP ("FKSA") and Susman Godfrey LLP ("SG") (collectively referred to as "Special Counsel") as special counsel to the Debtors as of April 4, 2008; and upon the affidavit of William P. Weintraub, a member of FKSA (the "Weintraub Affidavit"), sworn to February 4, 2009 in support of the Motion; and upon the affidavit of Jacob W. Buchdahl, a member of SG (the "Buchdahl Affidavit"), sworn to February 3, 2009 in support of the Motion; and the Court being satisfied, based on the representations made in the Motion and the Weintraub and Buchdahl Affidavits, that neither FKSA nor SG represents or holds any interest

adverse to the Debtors or their estates with respect to the matters upon which FKSA and SG are to be engaged, and that FKSA and SG are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors being authorized pursuant to paragraph 33 of this Court's January 25, 2008 order confirming the Debtors' reorganization plan to retain and pay its professionals in the ordinary course of business, without complying with sections 327 through 331 of the Bankruptcy Code; and due and proper notice of the Motion having been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered December 4, 2008 (Docket No. 14534); and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation thereon, and sufficient cause appearing therefor, it is

ORDERED that the Motion be and it hereby is granted in its entirety; and it is further

ORDERED that, to the extent applicable, pursuant to sections 327(a), 328(a), 363, and 504 of the Bankruptcy Code, Delphi is authorized to employ and retain FKSA and SG as counsel, effective as of April 4, 2008, on the terms set forth in the Motion and the Weintraub and Buchdahl Affidavits; and it is further

ORDERED that, to the extent applicable, FKSA and SG shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee (the "Guidelines"), and such other or further procedures as may be fixed by order of this Court; and it is further

ORDERED that Special Counsel shall maintain time records consistent with Local Rules and Guidelines ("Time Records"), shall provide informational copies of such Time Records to counsel for the Debtors' official committee of unsecured creditors and official committee of equity security holders, and shall comply with such other reporting requirements as this Court may order from time to time; and it is further

ORDERED that this order shall be deemed a separate order with respect to the retention of each of FKSA and SG. Any stay of this order shall with respect to FKSA or SG, as the case may be, shall not act to stay the applicability or finality of this order with respect to the other Special Counsel not affected by the stay.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  New York, New York
        February __, 2009

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE