TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :
                                                              :    Chapter 11
DELPHI CORPORATION, et al.,                                   :    Case No. 05-44481 [RDD]
                                                              :
                      Debtors.                                :    Jointly Administered
                                                              :
-------------------------------------------------------------x

### JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 16739 AND EXPUNGING CLAIM 1672 (FIRST TECHNOLOGY HOLDINGS, INC. AND AFFILIATES)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and Sensata Technologies, Inc., Control Devices, Inc. and First Inertia Switch Limited (together, "Current Claimant") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 16739 and Expunging Claim 1672 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed

voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** on October 16, 2005, First Technology Holdings, Inc. and its Affiliates and Subsidiaries ("Initial Claimant") submitted a demand to the Debtors asserting a reclamation claim in the amount of $175,006 (the "Reclamation Demand").

**WHEREAS**, on February 21, 2006, the Debtors sent a statement of reclamation (the "Statement of Reclamation") to Initial Claimant with respect to the Reclamation Demand, whereby the Debtors asserted that the valid amount of the Reclamation Demand is $23,525.65 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

**WHEREAS**, Initial Claimant failed to respond to the Statement of Reclamation. Thus, the Debtors assert that pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the "Second Amended Reclamation Order") entered by the Delphi Bankruptcy Court on October 2, 2007, Initial Claimant and Current Claimant, as the successor to Initial Claimant's rights with respect to the Reclamation Demand, have been deemed to have consented to the amount set forth in the Statement of Reclamation, subject to the Reserved Defenses.

**WHEREAS**, on January 26, 2006, Initial Claimant filed proof of claim

2

number 1672 against the Debtors, asserting an unsecured non-priority claim in the amount of $458,258 and an unsecured priority claim in the amount of $175,000 for a total unsecured claim in the amount of $633,258 (the "Original Claim") arising from goods sold to DAS LLC.

**WHEREAS**, on April 27, 2007, the Debtors objected to the Original Claim pursuant to the Debtors' (i) Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected on the Debtors' Books and Records, (e) Untimely Claims and Untimely Tax Claims, And (f) Claims Subject to Modification, Tax Claims Subject to Modification, And Claims Subject to Modification and Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

**WHEREAS**, by the Thirteenth Omnibus Claims Objection, the Debtors sought to modify the Original Claim to reflect a general unsecured claim in the amount of $633,258 against DAS LLC.

**WHEREAS**, by an Order dated June 29, 2007, the Delphi Bankruptcy Court granted the Thirteenth Omnibus Claims Objection as to the Original Claim.

**WHEREAS**, on October 28, 2007, Current Claimant filed proof of claim number 16739 against the Debtors and asserted an unsecured non-priority claim in the amount of $633,258 (the "Amended Claim," and together with the Original Claim, the "Claims") to direct all correspondence and distributions regarding the Claims to

3

Current Claimant.

**WHEREAS**, Current Claimant represents that to the best of its knowledge Control Devices, Inc. and First Inertia Switch Limited – and not First Technology Holdings, Inc. – are the parties whose contracts with DAS LLC give rise to the Claims.

**WHEREAS**, Current Claimant represents that Sensata Technologies, Inc. acquired the stock of Control Devices, Inc. and First Inertia Switch Limited on December 20, 2006.

**WHEREAS**, Current Claimant represents that it is the holder of the Claims and the Reclamation Demand and that, to the best of its knowledge, Initial Claimant has no rights to or interest in the Claims or the Reclamation Demand.

**WHEREAS**, on December 21, 2007, the Debtors objected to the Claims pursuant to the Debtors' (i) Twenty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Duplicate or Amended Claims, (b) Claims Unsubstantiated By Debtors' Books And Records, (c) Untimely Claims, (d) Claims Subject to Modification, Modified Claims Asserting Reclamation, And Claim Subject to Modification That is Subject to Prior Order (Docket No. 11588) (the "Twenty-Fourth Omnibus Claims Objection").

**WHEREAS**, on January 22, 2008, Current Claimant filed its Response to the Twenty-Fourth Omnibus Objection and Cross-Motion for Reconsideration of Reclamation Claim (Docket No. 12292) (the "Response and Cross-Motion").

**WHEREAS**, on November 13, 2008, to resolve the Twenty-Fourth Omnibus Objection with respect to the Claims and the Reclamation Demand and to

4

resolve the Response and Cross-Motion, DAS LLC and Current Claimant entered into a settlement agreement (the "Settlement Agreement").

**WHEREAS**, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Amended Claim shall be allowed in the amount of $566,254.64 in favor of Current Claimant and shall be treated: (i) as an allowed general unsecured non-priority claim in the amount of $542,728.99 and (ii) as a reclamation claim in the amount of $23,525.65 (subject to the Reserved Defenses as defined in the Twenty-Fourth Omnibus Objection and as set forth in the Settlement Agreement and hereinbelow) against DAS LLC (the "Agreed Upon Claim").

**WHEREAS**, DAS LLC is authorized to enter into the Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

**WHEREAS,** Initial Claimant has been provided with notice of presentment of this Stipulation and Order and an opportunity to object to its entry as an Order of this Court.

**WHEREAS,** pursuant to the Settlement Agreement, Current Claimant has agreed to indemnify and hold the Debtors harmless from and against the entirety of any cost, expense and liability caused by any dispute relating to Current Claimant's

5

ownership of and rights relating to the Claims and ownership of and rights relating to the Reclamation Demand and incurred by the Debtors, including, without limitation, the Debtors' reasonable legal costs and expenses arising from any such dispute and any liability that the Debtors may have to Initial Claimant, on account of the Claims or the Reclamation Demand.

**WHEREAS,** the Settlement Agreement shall become effective on the date that this Joint Stipulation and Order becomes a final Order of this Court (the "Effective Date").

**NOW, THEREFORE**, in consideration of the foregoing and conditioned upon the occurrence of the Effective Date, the Debtors and Current Claimant stipulate and agree as follows:

1. The Amended Claim shall be allowed in the amount of $566,254.64 and shall be treated: (i) as an allowed general unsecured non-priority claim in the amount of $542,728.99 and (ii) as a reclamation claim in the amount of $23,525.65 (subject to the Reserved Defenses) against DAS LLC in favor of Current Claimant.

2. The Original Claim is hereby expunged.

3. Notwithstanding anything in paragraph 1 of this Stipulation, Current Claimant reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $23,525.65 of the Agreed-Upon Claim on the grounds that Current Claimant has a valid reclamation claim in the amount of $23,525.65.

4. The Debtors reserve the right to seek, at any time, a judicial

determination (a) that the Reserved Defenses are valid; and (b) that the Reclamation Claim is not entitled to priority status.

  5.  The Response and Cross-Motion are hereby withdrawn with prejudice.

  6.  By this Stipulation, that certain Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Regarding (a) Asserted Amount Claims, (b) Claims Subject to Modification, and (c) Claims to be Expunged, as Identified in Thirty-Second Omnibus Claims Objection entered by the Delphi Bankruptcy Court on December 17, 2008, neither dictates nor describes the treatment of the Claims.  Instead, allowance of the Claims shall be governed by the terms of this Stipulation and the Settlement Agreement.

  7.  The Delphi Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of the Settlement Agreement, including the indemnification provision, and to hear and determine a Claim Dispute; provided, however, that in the event that the Delphi Bankruptcy Court abstains from exercising, or declines to exercise, such jurisdiction, or is without jurisdiction with respect to the Settlement Agreement or the indemnification provision, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

**(Signatures Continued on Following Page)**

Dated:  New York, New York
        January 28, 2009

                    DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:
/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:  New York, New York
        January 28, 2009

SENSATA TECHNOLOGIES, INC. AND AFFILIATES AND SUBSIDIARIES, CONTROL DEVICES, INC., AND FIRST INERTIA SWITCH LIMITED
By its Counsel,
NIXON PEABODY LLP
By:

/s/ Joseph M. Gitto
JOSEPH M. GITTO (JG-1012)
437 Madison Avenue
New York, New York 10022
(212) 940-3000

**SO ORDERED**
This 9th day of February, 2009
in New York, New York

   /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

8