**From:** Mark E. Thornburg
119 Cherry Hill Lane
Santa Teresa, NM 88008
Phone: (915) 613-0348

**To:** Honorable Judge Robert D. Drain
One Bowling Green
New York, NY 10004-1408

**Date:** February 6, 2009

**Subject:**
Objection TO MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES

("SALARIED OPEB TERMINATION MOTION")

As an affected party I wish to make an objection to the above listed Delphi motion. As a salaried Employee of Delphi and previously General Motors Corporation my retirement pension will be adversely affected by allowing the Delphi motion.

**Reason for objection:**
General motors made promises to provide healthcare and life insurance benefits to salaried employees hired prior to 1993 in retirement. General Motors employees hired after 1993 were not promised healthcare insurance in retirement. In lieu of not receiving health care insurance in retirement the employees hired after 1993 were provided a benefit of 1% of their base pay in a personal retirement account. General Motors salaried employees hired prior to 1993 were continually promised healthcare and life insurance benefits as a portion of their retirement benefit. These promised retirement benefits should have been paid into the salaried employee's pension plan. The cost of healthcare insurance should not be removed from Delphi's future obligations. Instead this obligation should be transferred from Delphi's future obligations to the Delphi salaried employee's pension plan. The pension plan should be funded to cover the cost of General Motors' and Delphi's promise to provide healthcare and life insurance benefits in retirement to employees hired prior to 1993.
If this motion is allowed it will be the same as allowing Delphi to reduce the retirement pension payment to affected retirees by forcing retirees to use the cash portion of retirement to fund the healthcare portion of retirement.

In this matter, Delphi has ample resources to file motions before the court. As a salaried employee I am left without any legal representation in these matters. Salaried Employees are the most affected but are the least represented. For this reason I plead upon the court to consider my objection.

Sincerely,


Mark E Thornburg
43 years Delphi Salaried Employee