Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Gary F. Musgrave
4510 North 3000 West
Kokomo, IN 46901
(765) 452-1981

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
In re                               :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**OBJECTION AND LETTER IN OPPOSITION TO DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIEDEMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")**

PRELIMINARY STATEMENT

I am a retired Delphi employee. I began working at the Kokomo, Indiana facility for General Motors February 13, 1963. I started my career as an hourly worker and worked my way up the ladder and entered salary management in 1974. I retired as a salaried employee from Delphi Corp. on March 1, 2007. I was a loyal and dedicated employee for over 44 years. Over the last decade, I have watched benefits for salaried employees be reduced or completely

eliminated including COLA adjustments and health insurance coverage, while hourly workers have sustained their similar benefits. Once again, by means of the Debtors recently filed Motion, we are the group facing further elimination of benefits. As the court knows, the Debtor, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees such as myself. The notice also stated Retiree Health Reimbursement Accounts (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age. (See Ex. A for my personal balance information).

I am opposing the Debtor's Motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited and has already been reduced in recent years. Retirees hired after 1992 do not receive health care coverage in retirement. For others like myself who worked over 40 years for the company, we were informed medical coverage for retirees stops when they reach age 65 and obtain Medicare benefits. I have recently reached the age of 65 and became eligible for Medicare coverage. However, my spouse remains on the Delphi medical insurance plan.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement at the time of their hire. Therefore, they have had time to plan for health care in retirement. People such as myself who were hired in the 1960's were told by the company we would receive health care coverage in retirement for ourselves and elected spouses. Over the years this was presented to us as a benefit of our employment. I now have no time to plan for providing my family with health care coverage after retirement. I and others like me live on fixed incomes and the termination of these benefits is devastating. The proposed cost of health

insurance for my spouse will cost approximately one-fourth of our fixed retirement income to sustain medical coverage for her alone.

3) Likewise, people hired after December 31, 1992 knew they would not receive life insurance coverage in retirement at the time of their hire. Again, this class of employees have had time to plan for their future and acquire appropriate life insurance coverage to meet the needs of their family. Those who worked for the company for decades like myself were again told by the company we would receive the life insurance coverage as a benefit of our employment. Simply terminating these benefits for retirees such as myself is heartless. We have reached the time in our lives where life insurance is a critical means of making sure our families are cared for when we are gone. Obtaining the level of life insurance I was promised from my former employer on our fixed income is impossible.

4) The motion made by Delphi is for **permanent** elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers, emerges from bankruptcy, receives federal funds to maintain its obligations and continue business, and the executives are receiving their bonuses, it only seems fair and just that the company would honor its commitment to provide health care coverage and life insurance benefits to those who worked to building the company. I devoted 44 years to this company. We were promised coverage. We relied on the representations and promises of our long term employer. The group most affected by this proposal, the present retirees hired before 1993, is the group most unable to recover from this broad sweeping termination of coverage and benefits. For these reasons I urge this Court to carefully review the impact of the Debtor's Motion to terminate these benefits and to deny the Motion.

## **CONCLUSION**

Myself and others like me have worked for GM and Delphi. We have dedicated our working careers to making GM and then Delphi the best company we could. We were loyal employees who in turn anticipate honesty, fairness, and at least some sense of appreciation and loyalty from our long term employer.

The extraordinary and difficult economic times that the auto industry faces are understood. Sacrifices have been made and likely more will be necessary. If temporary modifications to the health and life insurance plans need to be made to ensure the company's survival, then those options must be considered. However, permanent elimination of health care coverage and life insurance benefits for salaried retirees is not justified. Under this reorganization the same groups continue to face the most drastic reductions and eliminations. The class of retirees simply cannot withstand these terminations without drastic economic impact.

I appreciate the Court's time and attention. I ask that my arguments by considered and respectfully request the Court deny the Debtor's Motion to terminate these benefits for myself, my family and others like me who worked their entire career for this company. We depended on the representations these benefits would exist for us. To terminate them at this point sends a message that loyalty, dedication, and hard work will not be rewarded or even justly compensated.

Respectfully submitted on this the 13th day of February, 2009.

_Gary F. Musgrave_
Gary F. Musgrave
4510 North 300 West
Kokomo, IN 46901
(765) 452-1981

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following Courts and individuals listed below by placing copy of the same in the United States Mail, postage prepaid on this the 12th day of February, 2009:

*/s/ Gary F. Musgrave*
Gary F. Musgrave

United States Bankruptcy Court (2 Copies *via* Overnight Mail)
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Attn: Dorothy Li
Attn: Honorable Judge Robert d.Drain

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Berstein and Brian Resnick

Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Brian Masumoto

**WageWorks**

Delphi Retiree HRA Service Center
PO Box 60010
Phoenix, AZ 85082-0010

# Monthly Account Statement

>21272 5607074 001 008158
GARY MUSGRAVE
4510 N COUNTY ROAD 300 W
KOKOMO, IN 46901-9147

**Questions?**
Online: http://www.wageworks.com
Email: help@wageworks.com
Phone: (877)924-3967

### Included on this Statement

|  | Balance Last Statement | Funds In | Funds Out | Balance This Statement | Claim It By |
|---|---|---|---|---|---|
| Retiree Health Reimbursement Account | $0.00 | $10,000.00 | $0.00 | $10,000.00 | NA |

**Reminder: All Reimbursement Checks Must Be Cashed within 180 Days**

Please remember that all WageWorks reimbursement checks must be cashed within 180 days of the date on the check. All unredeemed checks will be cancelled after 180 days. Any attempt to cash an expired check will be rejected and may be subject to bank penalty fees.

**Use and Claim Your FSA Benefits Before It's Too Late**

Be sure to get the most from your benefits by incurring and claiming any eligible expenses before your plan's 'Use It by' and 'Claim It by' Dates. The 'Claim It by' date is the deadline to submit claims in order to receive reimbursement from your account. The 'Spend It by' date is the deadline in which you can spend funds from your account and be reimbursed. For a list of eligible expenses, go to the Web site indicated at the top of the page, select the appropriate benefits tab and then click on the 'What's Covered' link. Please remember that once the new plan year begins, all Card transactions will be debited from your new account.

Please Remember: The IRS requires that any remaining balance be forfeited at the end of your 'Claim It by Date'. With over a month left in the plan year, now is a great time to take stock of your balance and plan out the rest of your expenses to minimize the chance of forfeiting any money.

**Please Review Your Mailing Address**

Please take the opportunity to log on to your account at www.wageworks.com and review your mailing address on record. Without a valid address, we cannot guarantee the timely delivery of important account-related correspondence such as Explanation of Benefits and other notices.



EXHIBIT A

**WageWorks**

# Retiree Health Reimbursement Account
## Monthly Statement

**Questions?**

Online: http://www.wageworks.com
Email: help@wageworks.com
Phone: (877)924-3967

**Coverage Period:** 01-Nov-08 to ...
**Statement Period:** 01-Nov-08 to 30-Nov-08

### ACCOUNT VALUE (To Date)

| | |
|---|---:|
| Election Amount | $10,000.00 |
| **Total Benefits** | **$10,000.00** |
| Total Payments | $0.00 |
| Total Repayments | $0.00 |
| **Available Now** | **$10,000.00** |

### ACCOUNT ACTIVITY (This Statement)

| | |
|---|---:|
| Balance Last Statement | $0.00 |
| Funds In | $10,000.00 |
| Funds Out | $0.00 |
| **Balance This Statement** | **$10,000.00** |

### HOW TO ACCESS YOUR ACCOUNT

- Submit a Pay Me Back claim for reimbursement

### YOUR ACCOUNT SETTINGS

Direct Deposit = No

**To learn more or change your settings:** go to the web site listed on this page, enter your user name and password or click on 'First Time User?' and click on the appropriate tab.

### ACCOUNT ACTIVITY (Based on Date When Funds Moved In / Out of Account)

| Date | Type | Paid/Description | Qualified | Payment | Funds In (+) | Funds Out (-) | Balance (=) |
|---|---|---|---|---|---|---|---|
| 01-Nov-08 | Deposit | Election | N/A | | $10,000.00 | | $10,000.00 |