February 11, 2009

Cynthia A. Gooding
4990 Woodrose Lane
Anderson, IN 46011

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

Case Number:  05-44481
Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement
Health Care Benefits And Employer-Paid Post-Retirement Life Insurance
Benefits For Certain (A) Salaried Employees And (B) Retirees And Their
Surviving Spouses (the "Motion").

Dear Judge Drain:

I am contesting the referenced motion for reasons outlined below.  I request your
consideration of these objections.

**1)  Settlement of Legal Action**
I accepted a disability retirement package from Delphi Corporation (hereafter
referred to as Delphi) in 2000 as consideration for dismissing a lawsuit
against Delphi.  This settlement package was proposed by Delphi.  Because I
have health issues, the health care coverage and life insurance was a
critically important consideration in evaluating the economics of settlement
options.  If Delphi is allowed to unilaterally terminate the retiree health care
and life insurance, I believe that they will be materially changing the
agreement that we made in 2000.  Therefore, I believe that Delphi should be
prevented from terminating the salary retiree health care benefit.

**2)  Breach of Employment Agreement**
Delphi entered into contractual agreements individually and collectively with
its salary employees for compensation.  In essence the employees agreed to
do work for the benefit of Delphi as defined by Delphi.  The employees also
agreed to comply with a set of rules of conduct and the protection of Delphi's
trade secrets and confidential information.  In return Delphi agreed to provide
compensation in the form of salary, benefits (not limited to but including
health care and life insurance), and retirement upon meeting the
requirements established by Delphi.  The retirement includes a monthly

payment of cash plus benefits not limited to but including health care and life insurance.  While Delphi considers the cost of employing each person, each person considers the compensation provided to determine if there is an equitable agreement.  If employment continues, both parties are making a tacit agreement that the compensation is equitable, and a contract exists between the employees and Delphi.

For retirees, all of their work has been completed to the benefit of Delphi.  Based on the agreement for employment and retirement to which Delphi committed, the retirees should rightfully expect Delphi to meet its contractual agreement to provide a pension and health care and life insurance benefits.  To make a unilateral, ex post facto change to the compensation agreement leaves the retirees with no redress since all of their work has already been completed for the benefit of Delphi.   To arbitrarily terminate a major portion of the compensation agreement places Delphi in a material breach of the agreement.  Therefore, I believe that Delphi should be prevented from arbitrarily and capriciously violating its agreement with its salary retirees.

### 3)  Age Discrimination
This action disproportionately impacts a class of people solely based on their ages.  Those who have attained the age of 65 years are covered by Medicare for their health insurance needs.  Only those retirees who have not attained the age of 65 years are impacted by the termination of the health care benefit.  Delphi gains advantage by not contributing to health care premiums of a class of people solely determined by age; therefore, I believe that Delphi should be prevented from terminating the salary retiree health care benefit.

### 4)  Disproportionate Impact to Salary Retirees
Delphi cites a $70 million annual cost associated with the health care and life insurance benefits.  For a company with revenues exceeding $20 billion per year this is a small amount of money, but it has a large impact on each retiree.  By terminating this program it places a disproportionate cost on the salary retirees.  Therefore, I believe that Delphi should be prevented from terminating its health care and life insurance benefit.

Thank you for your consideration.

Respectfully submitted,

Cynthia A. Gooding
4990 Woodrose Lane
Anderson, IN 46011

765-643-8342

cc:

Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi  Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm.  Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive  - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004