Hearing Date: February 24, 2009 at 10 a.m.
Objection Deadline: February 17, 2009 at 4 p.m.

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York  10036
Babette A. Ceccotti
(212) 563-4100

Attorneys for International Union, UAW

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                          :
In re:                                                    :        Chapter 11
                                                          :
DELPHI CORPORATION, *et al.*,                             :
                                                          :        Case No. 05-44481 (RDD)
                                      Debtors.            :        (Jointly Administered)
                                                          :
------------------------------------------------------------------ x

## RESPONSE AND LIMITED OBJECTION OF INTERNATIONAL UNION, UAW
## TO DEBTORS' SALARIED OPEB TERMINATION MOTION

The International Union, United Automobile, Aerospace and Agricultural

Implement Workers of America ("UAW"), by and through its undersigned counsel, states the

following as its Response and Limited Objection to the Motion for Order Under 11 U.S.C. §§

105(a), 363(b)(1), and 1108 Confirming Debtors' Authority to Terminate Employer-Paid Post-

Retirement Health Care Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for

Certain (A) Salaried Employees and (B) Retirees and Their Surviving Spouses (the "Salaried

OPEB Termination Motion").

Introductory Statement

1.      In their Salaried OPEB Termination Motion, Debtors Delphi Corporation,
*et al.* ("Delphi") ask the Court to "confirm" Delphi's authority to unilaterally terminate, effective
after March 31, 2009 certain salaried employer-paid post retirement health care and life
insurance benefits.  Delphi asserts in its Motion that the relief requested includes retiree health
and life insurance benefits for current and future salaried retirees of Delphi's Lockport, NY and
Rochester, NY sites, two locations where UAW represents units of salaried employees under the
terms of a 2003 Delphi-UAW Salaried Master Agreement (the "Salaried Master Agreement").
Salaried OPEB Termination Motion, p. 23, n.18.  UAW files this Response and Limited
Objection to clarify the contractual provisions referenced by Delphi in its Motion and, in the
event the Court directs that Delphi apply the requirements of Section 1114 of the Bankruptcy
Code or other processes the Court determines may be due the retirees notwithstanding the relief
sought by the Motion, to ensure that such direction applies to the Lockport and Rochester
salaried retirees.

The Salaried Master Agreement

2.      UAW and Delphi are parties to a Salaried Master Agreement most
recently effective December 29, 2003.  The Salaried Master Agreement covers bargaining units
comprised of certain medical personnel employed in the Medical Departments at Delphi's
Rochester and Lockport facilities.  Unlike the agreements covering UAW-represented hourly
employees with which the Court has become familiar in this case, the scope of the Salaried
Master Agreement is more limited, covering bargaining subjects such as job security, safety,
education and training, and dispute resolution.  With certain agreed upon exceptions not relevant
here, Delphi applies its compensation and benefits policies for salaried employees of similar
status to the medical personnel in these units.  Thus, benefits for future retirees are not

- 2 -

considered conditions of employment subject to the agreement.  Although Delphi bases its

rationale on reservation of rights language and certain other assertions in support of its right to

act unilaterally, Delphi failed to note that such benefits have not been, and are "not subject to any

provision of" the Salaried Master Agreement.[1]

<u>Delphi Must Follow Section 1114 of the Bankruptcy Code</u>

       3.      Although the post-retirement health and life insurance benefits are

provided under Delphi's policies and programs applicable to similarly situated salaried

employees, Delphi's assertion that it has reserved the right to make unilateral changes under its

company policies does not permit Delphi to bypass the application of Section 1114 of the

Bankruptcy Code.  Section 1114, by its plain terms, prevents Delphi from modifying "any"

retiree benefits, except where the court orders modification after notice and a hearing, *see* 11

U.S.C. § 1114(g), (h), or where the debtor and the "authorized representative" of the recipients of

the benefits agree to modification.  11 U.S.C. § 1114(e)(1); *In re Farmland Industries, Inc.*, 294

B.R. 903 (Bankr. W.D. Missouri 2003).  In *Farmland*, the court rejected the debtor's attempt to

circumvent Section 1114 through reservation of rights language in the salaried retiree benefits

insurance plan documents.  The *Farmland* court ruled that, "Section 1114 prohibits a debtor from

terminating or modifying any retiree benefits (as defined in that section) during a Chapter 11

case," absent compliance with Section 1114, "regardless of whether the debtor has a right to

unilaterally terminate the benefits."  *In re Farmland Industries, Inc.*, 294 B.R. at 914.  The court

cited the clear, unambiguous provisions of the statute, the statute's legislative origins, in which

Congress sought to protect both collectively bargained and non-collectively bargained retiree

benefits, *see id.* at 916-17, as well as the "historic events" that led to the enactment of the statute.

---

[1] Under the Salaried Master Agreement, "such [compensation and benefits] policies are not conditions of employment" and "are not a part of or subject to any provision of this agreement."  Salaried Master Agreement, ¶ 68.

*Id.* at 916 ("Considered in light of these historic events [the attempt by LTV Steel to cease retiree benefit payments upon the company's bankruptcy filing], the meaning and purpose of §1114 seem clear – to require a Chapter 11 debtor to timely pay and not modify any retiree benefit unless the court orders otherwise or the debtor and representatives of the benefit recipients agree to some modification.") *See also id.* at 917 (noting that Congress intended the statute to be "all encompassing" and not limited to collectively bargained benefits).

4.    The decision in *In re Chateaugay Corp.*, 945 F.2d 1205 (2d Cir. 1991) does not foreclose the application of Section 1114 here.  In *Chateaugay*, while the debtors sought a declaration that they were not obligated to continue payments for retiree benefits under an expired agreement, retiree benefits were not terminated by virtue of the cessation of payments by the debtors.  Instead, a separately administered Benefit Trust was obligated to continue retiree benefits for miners who would no longer receive benefits from their former employers who ceased operations.  *See In re Chateaugay Corp.*, 945 F.2d at 1208, 1209.  The *Chateaugay* court did not face the question whether Section 1114 applied to prevent a unilateral disruption of the retirees' health benefits.  *See id.* at 1210 (noting that "there is no cessation of benefits, there is no termination of benefits").

5.    While other courts have permitted debtors to avoid the Section 1114 requirements, *Farmland*, by contrast, follows the statutory language and Congress' purpose to ensure that an abrupt termination of vital benefits provided to a vulnerable population does not occur *as a result of a company's bankruptcy*.  *See Farmland*, 294 B.R. at 918-19.  If non-bankruptcy law, such as the case law cited by the court in *Wellman, Inc.*, or other distinctions between pension and non-pension benefits created by federal benefits laws, *see* Salaried OPEB Termination Motion, p. 25, operated to limit the circumstances under which Section 1114 must

be applied, Section 1114 would be rendered meaningless for non-collectively bargained retiree

benefits.  But Section 1114 unquestionably extends to all retiree benefits, whether or not

collectively bargained.  *See Farmland*, 294 B.R at 917.

6.    UAW is certainly aware of the course Delphi's bankruptcy case has taken

since it was unable to emerge from bankruptcy last year.  However, while the company's options

may be narrowing as the auto industry endeavors to resolve its current crisis, Congress intended

that retirees facing changes by a debtor that will affect their health and life insurance benefits be

afforded special protection.[2]  Accordingly, the Court should direct Delphi to comply with

Section 1114 where its proposed actions would effect a change in retirees' current health or life

insurance benefits, including the Lockport and Rochester retirees.[3]

---

[2] Delphi has left many important details regarding its proposed termination of benefits unaddressed in its Motion.  For example, the Motion does not clearly state when salaried retirees' coverage would be cancelled, what will happen to pending but unpaid claims or treatments that retirees have scheduled in the future or are on ongoing. The Debtor has not addressed claims already incurred by retirees but not reported to third party insurance carriers or what steps retirees may be able to take to continue their health insurance.

[3] Because retiree benefits are not provided under the Salaried Master Agreement, under Section 1114(b), UAW would not be an "authorized representative" for salaried retirees.  Instead their representation would be governed by Section 1114(d).  *See* 11 U.S.C. § 1114(b)(1).

Conclusion

For the foregoing reasons, Delphi's Motion to confirm its authority to unilaterally

terminate Salaried OPEB benefits should be denied for failure to comply with Section 1114 of

the Bankruptcy Code and the Court should direct such compliance for all affected retirees.

Dated:  February 17, 2009

Respectfully submitted,

  /s/ Babette Ceccotti
Babette Ceccotti (BC 2690)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

- and -

Niraj Ganatra
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216

Attorneys for International Union, UAW