Official Form 20A

(12/03)

Southern District Of New York

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                                                    :

DELPHI CORPORATION, et al.,              : Case No. 05-44481 (RDD)

Debtors.                                                : Chapter 11

                                                         : (Jointly Administered)

                                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Address: Delphi Corporation
         5725 Delphi
         Drive, Troy, Michigan 48098

**NOTICE OF OBJECTION BY CHRISTINE R. MAYER, CURRENT DEBTOR RETIREE, AND ADDITIONAL DELPHI SALARIED RETIREES REPRESENTED IN ATTACHED SIGNATURE PAGES,** TO THE"MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4, 2009 and delivered to me on February 5, 2009.

I have filed written papers with the court to object to said motion prior to the date in the motion of February 17, 2009 at 4:00PM and per all requirements stated. I would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1. I ***object*** to the debtors ***February 17, 2009 date*** set for objections to be submitted. Basis: From the date of receipt of the motion (February 5, 2009) with NO prior knowledge, that leaves 6 working days to develop and submit an objection (Presidents day is February 16, 2009). That is insufficient time to research and form a well refined objection.

2. I ***object*** to the debtors ***selection of termination*** of the post-retirement health and life insurance benefits (referred in the motion as "Salaried OPEB") as the only option. Basis: Other options were defined in the benefits while employed, and when retired.  Namely amend or modify.

3. I ***object*** to the debtors ***termination of Salaried OPEB for current retirees*** who were forced to retire or chose to retire based on personal financial situations and plans that included debtor commitments at the time of retirement. Basis: The debtor chose to retire people for short term cost savings with a commitment to retirement payment, health care and insurance. The proposed medical and insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when forced retirement and retirement decisions were made. At this time, the group being harmed financially is not represented by anyone in the bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.

4. I ***object*** to a ***March 31, 2009 termination date.*** Basis: This is not enough time under the current economic conditions for current retirees to accumulate the funds to accommodate this extra financial burden.

5. I ***object*** to the debtors ***claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable***. Basis: Salaried retirees are not covered by a collective bargaining agreement and this is not a welfare plan as noted in the motion. The debtor was provided OPEB funds by GM when it was spun off in 1998 to cover those salaried employees with GM service. Affected retirees of the debtor all have in excess of 20 years GM service. Furthermore, during additional years worked and accrued in the service of the debtor, additional funds were added to the original GM OPEB funds. This should be available to an 1114(d) committee. The debtor needs to provide transparency to the GM commitment and funded OPEB, especially to those who worked for GM and were not given a choice as to whether they stayed with GM or were moved

Official Form 20A

(12/03)                                                                    PAGE 2 of 3

to Delphi. Also, at this time, the group of retirees is not represented by anyone to refute or agree with Delphi's claims in the motion that "Because the Debtor's right to terminate Salaried OPEB is preserved in the respective plan documents, as discussed in greater detail below, no relief under section 1114 of the Bankruptcy Code is required" among other claims.  (See paragraph 45 of "SALARIED OPEB TERMINATION MOTION" on page 24.)  I do not believe the legislation was intended to exclude a creditor group from representation during bankruptcy proceedings.

6.  In addition to the above objections, I hereby submit the following ***motions***:

    a.  That pursuant to section 1114(d) of the Bankruptcy code, the court order the appointment of a committee of retired employees to serve as the authorized representative of the retirees.

    b.  That the "SALARIED OPEB TERMINATION MOTION" be adjourned until such time as the above appointed committee can meet with the debtors and determine whether the "SALARIED OPEB TERMINATION MOTION" is reasonable and/or necessary for emergence from bankruptcy.

Official Form 20A

(12/03)                                                                                                          PAGE 3 of 3

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION** is

1.  Being submitted as a hard copy directly to the Honorable Robert D. Drain at:
    United States Bankruptcy Court for the Southern District of New York
    One Bowling Green
    Room 610
    New York, New York 10004

2.  and copies mailed to:
    Delphi Corporation
    5725 Delphi Drive
    Troy, Michigan 48098
    (Attn: General Counsel)

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    333 West Wacker Drive
    Suite 2100
    Chicago, Illinois 60606
    Attn: John Wm. Butler, Jr.

    Davis Polk & Wardwell
    450 Lexington Avenue
    New York, New York 10017
    (Attn: Donald Bernstein and Brian Resnick)

    Latham & Watkins LLP
    885 Third Avenue
    New York, New York 10022
    (Attn: Robert J.Rosenberg and Mark A. Broude)

    Fried, Frank, Harris, Shriver & Jacobson LLP
    One New York Plaza
    New York, NewYork 10004
    (Attn: Bonnie Steingart)

    Office of the United States Trustee for the Southern District of New York
    33 Whitehall Street
    Suite 2100
    New York, New York 10004
    (Attn: Brian Masumoto)

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    Four Times Square
    New York, New York 10036
    Attn: Kayalyn A. Marafioti

Date: 11 February 2009                    Name: Christine R. Mayer

Signature:  /s/ Christine R. Mayer        Address: 7744 W. Cedar Ridge Ct.
                                                   Franklin, WI 53132