**LATHAM & WATKINS LLP**

885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Michael J. Riela (MR-7829)
Email: robert.rosenberg@lw.com
        mitchell.seider@lw.com
        mark.broude@lw.com
        michael.riela@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS WITH RESPECT TO THE DEBTORS' MOTION FOR AN ORDER
CONFIRMING THEIR AUTHORITY TO TERMINATE EMPLOYER-PAID
POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID
POST-RETIREMENT LIFE INSURANCE BENEFITS FOR (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of Delphi Corporation, *et al*. (the "Debtors"), by and through its undersigned

counsel, hereby submits this statement (this "Statement") with respect to the Debtors' motion for

an order under 11 U.S.C. §§ 105, 363(b)(1) and 1108 confirming their authority to terminate

employer-paid post-retirement health care benefits and employer-paid post-retirement life

insurance benefits for salaried employees and retirees and their surviving spouses (the
"Motion").  The Committee respectfully states as follows:

## BACKGROUND

1.        On October 8, 2005 (the "Petition Date"), thirty-nine Debtors filed voluntary
petitions with this Court for relief under chapter 11 of title 11 of the United States Code, as
amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed
voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are
being jointly administered.  The Debtors continue to operate their respective businesses and
manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the
Bankruptcy Code.

2.        The Committee was appointed nine days after the Petition Date, on October 17,
2005.[1]  Shortly thereafter, the Committee selected Latham & Watkins LLP as its counsel,
Mesirow Financial Consulting LLC as its financial advisor and Jefferies & Company, Inc. as its
investment banker.  The Committee also retained Moelis & Company LLC as its co-investment
banker, along with Jefferies & Company, Inc.

3.        The Debtors state that they currently maintain employee benefit plans and
programs to provide retirement benefits to approximately 15,000 of the Debtors' current active
salaried employees, retirees, and their surviving spouses (the "Eligible Salaried Retirees")
including medical, prescription drug, dental, mental health, vision, extended care and life
insurance.

---

[1]  The current members of the Committee are: (a) Freescale Semiconductor, Inc.; (b) IUE-CWA; (c) Wilmington
Trust Company, as Indenture Trustee and (d) Tyco Electronics Corporation.  The Pension Benefit Guaranty
Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of
America are *ex officio* members of the Committee.

## STATEMENT

4.      The Committee regrets that the current economic climate (both the state of the worldwide economy generally and the state of the U.S. automotive industry in particular) compels the Debtors to terminate post-retirement health and life insurance benefits for the Eligible Salaried Retirees ("Salaried OPEB").  Nevertheless, the Committee does not dispute the Debtors' view that their reasonable business judgment no longer permits them to maintain discretionary benefit programs such as Salaried OPEB that would cost hundreds of millions of dollars.  Thus, the Committee does not object to the relief that the Debtors seek in the Motion.

5.      However, the Committee believes that Eligible Salaried Employees should be entitled to file proofs of claim against the Debtors within a reasonable period of time after an order granting the Motion is entered, solely for the purpose of asserting whatever claims the Eligible Salaried Employees believe they might have as a result of the termination of Salaried OPEB.  At this time, the Committee takes no position as to whether any Eligible Salaried Employee actually has a valid basis for claims against the Debtors.  Nevertheless, as the statutory fiduciary for unsecured creditors, the Committee must protect Eligible Salaried Employees' ability to assert potential claims resulting from the termination of Salaried OPEB within a reasonable period of time.

6.      This Court established a deadline of July 31, 2006 (the "Bar Date") for the Debtors' creditors to file proofs of claim in these chapter 11 cases.  Because the Bar Date has passed long ago, the Eligible Salaried Employees affected by the termination of Salaried OPEB may be deemed time-barred from filing proofs of claim resulting from that termination.  This would be an unjust result, particularly because there was no indication as of the Bar Date that the Debtors may be forced to terminate Salaried OPEB.

**WHEREFORE**, the Committee respectfully requests that this Court (a) include in any order approving the Motion a provision permitting Eligible Salaried Employees a reasonable period of time to file proofs of claim against the Debtors, solely for the purpose of asserting claims arising from the termination of Salaried OPEB and (b) grant the Committee such other relief as is just and proper.

Dated: February 17, 2009
       New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider (MS-4321)
    Mark A. Broude (MB-1902)
    Michael J. Riela (MR-7829)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone:  (212) 906-1200

Counsel for the Official Committee
of Unsecured Creditors