**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Michael J. Riela (MR-7829)
Email: robert.rosenberg@lw.com
 mitchell.seider@lw.com
 mark.broude@lw.com
 michael.riela@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS WITH RESPECT TO THE DEBTORS' MOTION FOR AN
ORDER CONFIRMING THE ENGAGEMENT AND RETENTION OF
SPECIAL COUNSEL IN CONNECTION WITH THE PLAN INVESTOR LITIGATION**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation, *et al*. (the "Debtors"), by and through its undersigned counsel, hereby submits this statement (this "Statement") with respect to the Debtors' motion for an order confirming their retention and employment of Friedman Kaplan Seiler & Adelman LLP ("FKSA") and Susman Godfrey LLP ("SG") as special counsel (the "Motion). The Committee respectfully states as follows:

## BACKGROUND

1.      On October 8, 2005 (the "Petition Date"), thirty-nine Debtors filed voluntary petitions with this Court for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered.  The Debtors continue to operate their respective businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Committee was appointed nine days after the Petition Date, on October 17, 2005.[1]  Shortly thereafter, the Committee selected Latham & Watkins LLP as its counsel, Mesirow Financial Consulting LLC as its financial advisor and Jefferies & Company, Inc. as its investment banker.  The Committee also retained Moelis & Company LLC as its co-investment banker, along with Jefferies & Company, Inc.

3.      On January 25, 2008, the Debtors' First Amended Joint Plan of Reorganization was confirmed (the "Confirmed Plan").  On April 4, 2008, the plan investors (the "Plan Investors") led by Appaloosa Management L.P. and its shell entity, A-D Acquisition Holdings, LLC, refused to perform their obligations under the Equity Purchase and Commitment Agreement, thus keeping the Debtors from emerging from chapter 11 under the Confirmed Plan.  Subsequently, the Debtors hired FKSA and SG to represent them in the ensuing litigation against the Plan Investors.  Specifically, FKSA represents the Debtors in their litigation against all Plan Investors other than UBS, and SG represents the Debtors in their litigation against UBS.

---

[1]  The current members of the Committee are: (a) Freescale Semiconductor, Inc.; (b) IUE-CWA; (c) Wilmington Trust Company, as Indenture Trustee and (d) Tyco Electronics Corporation.  The Pension Benefit Guaranty Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America are *ex officio* members of the Committee.

**STATEMENT**

4. The Committee does not object to the retention of FKSA and SG. However, the Committee disputes the Debtors' assertion that they have the authority to retain FKSA and SG in the "ordinary course of business" as a result of the order confirming the Confirmed Plan. Indeed, the Debtors remain in chapter 11, and the services that FKSA and SG are providing to the Debtors arise out of a post-petition agreement that this Court specifically approved, which formed the backbone of the Confirmed Plan. For these reasons, one of the findings that the Debtors are requesting this Court to make in the proposed order granting the Motion (*i.e.*, that the Debtors are authorized pursuant to paragraph 33 of the confirmation order to retain and pay its professionals in the ordinary course of business, without complying with sections 327 through 331 of the Bankruptcy Code) should be stricken.

5. The Motion states that both FKSA and SG are prepared to comply with whatever reporting requirements are imposed by this Court. Consistent with this, the Committee respectfully requests that this Court require FKSA and SG each to file a final fee application (just as other estate professionals will be required to do) so that parties in interest, including the Committee, may assess the reasonableness of FKSA's and SG's requested fees and expense reimbursements, and interpose objections if necessary. The Committee submits that there is no good reason to exempt FKSA and SG from the final fee application requirement, and that the imposition of this requirement on FKSA and SG would be consistent with the policies that form the basis of sections 327 and 330 of the Bankruptcy Code.

**WHEREFORE**, the Committee respectfully requests that this Court (a) strike the requested finding on page two of the proposed order granting the Motion, stating that the Debtors do not have to comply with sections 327 through 331 of the Bankruptcy Code, (b) require FKSA and SG each to file a final fee application and (c) grant the Committee such other relief as is just and proper.

Dated: February 17, 2009
       New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
    Robert J. Rosenberg (RR-9585)
    Mitchell A. Seider (MS-4321)
    Mark A. Broude (MB-1902)
    Michael J. Riela (MR-7829)
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200

Counsel for the Official Committee
of Unsecured Creditors