Hearing Date: February 24, 2009 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: February 20, 2009 at 4:00 p.m. (prevailing Eastern Time)

Trent P. Cornell, Esq. (IL 6242712), *Pro Hac Vice* (pending)
Jon D. Cohen, Esq. (IL 6206666), *Pro Hac Vice* (to be filed)
STAHL COWEN CROWLEY ADDIS LLC
55 West Monroe Street, Suite 1200 Chicago, Illinois 60603
(312) 641-0060
(312) 641-6959 facsimile

Barry R. Lax, Esq.
Brent A. Burns, Esq.
LAX & NEVILLE LLP
1412 Broadway, Ste 1407
New York, NY 10018
(212) 696-1999 x220
(212) 566-4531 facsimile

Counsel for Paul Higgins, James Conger, Doug Kittle
and Joni Walls and on behalf of other Delphi Non-Union
Salaried Retirees

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :    Chapter 11
    In re                                              :
                                                       :    Case No. 05-44481 (RRD)
    DELPHI CORPORATION, et al.,                        :
                                                       :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**MOTION TO SHORTEN NOTICE WITH RESPECT TO AFFECTED
RETIREES' MOTION TO APPOINT OFFICIAL RETIREE COMMITTEE
<u>PURSUANT TO 11 U.S.C. 1114(d)</u>**

Paul M. Higgins, James Conger, Doug A. Kittle, Joni Walls and other Non-Union Salaried retirees of Delphi Corporation and its affiliated Debtor entities ("Debtors"), (the "Affected Retirees") file this motion (this "Motion to Shorten Notice") for an order pursuant to 11 U.S.C. §§ 102(1), 105(a), 1114 and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (the "Case Management Order") with respect to the Affected Retirees Motion to Appoint an Official Retiree Committee Pursuant to 11 U.S.C. § 1114(d) (the "Motion to Appoint Retiree Committee"). A copy of the Motion to Appoint Retiree Committee is submitted and has been filed contemporaneously herewith.

For the reasons set forth herein and supported by the Affidavit of Brent Burns, copy of which is attached as Exhibit A hereto, the relief requested is warranted and necessary. In support of this Motion to Shorten Notice, the Affected Retirees respectfully represent as follows:

## Background

**A.    The Chapter 11 Filings**

1.    On October 8, 2005, 39 of 42 Debtors, and on October 14, 2005, the remaining Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the Bankruptcy Code"). Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

2.   On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S Trustee appointed an official committee of equity holders (together with the Creditors' Committee, the "Statutory Committees").

3.   On December 10, 2007, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession and the First Amended Disclosure Statement with respect to the Plan. The Court entered an order approving the adequacy of the December 10 Disclosure Statement and granting the related solicitation procedures motion on December 10, 2007.  On January 25, 2008, the Court entered an order confirming the Plan (as modified) and the order became final on February 4, 2008.

4.   On February 4, 2009, Debtors filed a motion seeking to eliminate $1.1 billion dollar of retiree benefit obligations through their Motion for Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 Confirming Debtors' Authority to Terminate Employer-Paid Postretirement Healthcare Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Certain (A) Salaried Employees and (B) Retirees and their Surviving Spouses ("Motion to Terminate Retiree Benefits").

5.   This Court has jurisdiction to consider this matter pursuant to 11 U.S.C. § 1114 and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3

6. The statutory predicates for the relief requested herein are Sections 102(1), 105(a) and 1114 of title 11 of the United States Code (the "Bankruptcy Code), Bankruptcy Rule 9006(c), and Local Rule 9006-1.

## Relief Requested

7. By this Motion to Shorten Notice, the Affective Retirees seek entry of an order, substantially in the form annexed hereto (the "Proposed Order"), pursuant to sections 102(1) and 105(a) and Section 1114 of the Bankruptcy Code, Bankruptcy Rule 9006(c), and Local Rule 9006-1, shortening the notice required to be provided with respect to the Motion to Appoint Retiree Committee under the Case Management Order so as to allow a hearing on the Motion to Appoint Retiree Committee to take place on or before February 24, 2009.

## Cause Exists to Shorten Notice with Respect to the Motion

8. Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, "for cause shown," to reduce the notice period required for a hearing of a motion. See 11 U.S.C. § 102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are "appropriate in the particular circumstances.").

9. The Affected Retirees respectfully assert that there is cause (indeed necessary cause) to reduce the notice period so as to allow a hearing on the Motion to Appoint Retiree Committee to take place on or before February 24, 2009.

10. As noted above, on February 4, 2009, Debtors filed their Motion to Terminate Retiree Benefits.

11. On February 13, 2006, the Affected Retires filed an Objection to Debtors' Motion to Terminate Retiree Benefits (Docket No. 14765.)

4

12. Section 1114(d) of the Bankruptcy Code provides, in pertinent part, that "upon a motion by any party in interest, and after notice and a hearing, shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits.…"

13. Debtors have stated their intention and initiated actions to terminate all retiree benefits with respect to all salaried retirees, their surviving spouses and dependants. (See Debtors' Motion to Terminate Retiree Benefits). Debtors not only failed to seek the appointment of a retiree committee with respect to the affected salaried retirees, but they actually seek to prevent the formation of a retiree committee. (Id.)

14. Debtors' Motion to Terminate Retiree Benefits is currently set to be heard by this Court on February 24, 2009 at 10:00 a.m.

15. The arguments set forth in Affected Retiree's Motion to Appoint Retiree Committee raise legal and factual issues that directly relate to the Debtors' Motion to Terminate Retiree Benefits and the Affected Retirees' Objection thereto, as well as the objections filed by other retirees and/or retiree groups.

16. Accordingly, it is necessary that the Affected Retirees' Motion to Appoint Retiree Committee be heard ahead of and/or in conjunction with Debtors' Motion.

### Memorandum of Law

17. The legal points and authorities upon which this Application relies are incorporated herein, and therefore, the Affected Retirees respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

5

**No Prior Request**

18.    No prior motion for the relief sought herein has been made by the Affected Retirees to this or any other court.

WHEREFORE the Affected Retirees respectfully request that this Court enter an order in the form attached hereto granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated: New York, New York
February 17, 2009

                    On behalf of Paul Higgins, James Conger, Doug Kittle & Joni Walls and other Delphi Non-Union Salaried Retirees and other Affected Retirees

                    /s/ Barry R. Lax
                    Local Counsel

Local Counsel
Barry R. Lax, Esq.
Brent A. Burns, Esq.
LAX & NEVILLE LLP
1412 Broadway, Ste 1407
New York, NY 10018
(212) 696-1999 x220
(212) 566-4531 facsimile
blax@laxneville.com
bburns@laxneville.com

Lead Counsel
Trent P. Cornell, Esq. (IL 6242712), *Pro Hac Vice* (pending)
Jon D. Cohen, Esq. (IL 6206666), *Pro Hac Vice* (to be filed)
STAHL COWEN CROWLEY ADDIS LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
(312) 641-6959 facsimile
tcornell@stahlcowen.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                              :      Chapter 11
    In re                                :
                                              :      Case No. 05-44481 (RRD)
    DELPHI CORPORATION, et al.,    :
                                              :      (Jointly Administered)
                                              :
-------------------------------------------------------x

**AFFIDAVIT OF BRENT BURNS IN SUPPORT OF
MOTION OF THE AFFECTED RETIREES FOR ORDER PURSUANT
TO 11 U.S.C. §§ 102(1), 105(a), AND 1114, FED. R. BANKR. P. 9006(c) AND
LOCAL RULE 9006-1 SHORTENING TIME PERIOD PRESCRIBED BY THE
CASE MANAGEMENT ORDER WITH RESPECT TO AFFECTED RETIREES'
MOTION TO APPOINT A RETIREE COMMITTEE**

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

Brent Burns, being duly sworn, does hereby declare under penalty of perjury that the following is true and correct:

1.    I am an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York.

2.    I am familiar with the matters set forth herein and make this affidavit in support of the Motion To Shorten Notice With Respect To Affected Retirees' Motion To Appoint Official Retiree Committee ("Motion to Shorten Notice") and the Individuals Reflected in Exhibit A to the Motion to Shorten Notice (collectively the "Affected Retirees") for an order pursuant to 11 U.S.C. §§ 102(1), 105(a) and 1114, Rule 9006(c) of the Federal

7

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases with respect to Affected Retirees' Motion to Appoint a Retiree Committee Pursuant to 11 U.S.C. § 1114(d) (hereinafter "Motion to Appoint Retiree Committee").

3. Rule 9006(c) of the Bankruptcy Rules and Rule 9006-1 of the Local Rules authorize the Court, for cause shown, to reduce the notice period required for a hearing of a motion. See 11 U.S.C. § 102(l) ("after notice and a hearing" is defined as meaning such notice and a hearing as are "appropriate in the particular circumstances.").

4. By the Motion to Appoint Retiree Committee, the Affected Retirees seek to have an official retiree committee appointed in response to Debtors' asserted intent and efforts to terminate all salaried retiree, spouse and dependant retiree benefits.

5. The Motion must be heard on or before the date set by the Debtors wherein they seek to present a Motion for Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 Confirming Debtors' Authority to Terminate Employer-Paid Postretirement Healthcare Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Certain (A) Salaried Employees and (B) Retirees and their Surviving Spouses. ("Motion to Terminate Retiree Benefits").

6. The necessity of this shortened notice period and the timing thereof is directly attributable to the hearing date set forth in Debtors' Motion to Terminate Retiree Benefits and because the legal and factual arguments raised in Affected Retirees' Motion to Appoint Retiree Committee directly relate to legal arguments arising from and in response to Debtors Motion to Terminate Retiree Benefits.

8

7.      I declare, under the penalty of perjury, that the above statements are true and correct.


/s/____Brent Burns____
Brent Burns
SUBSCRIBED AND SWORN to
Before me this 17th day of February 2009
/s/ Sandra P. Espinosa
Sandra P. Espinosa
Notary Public State of New York
No.02ES6147576
Qualified in New York County
My commission expires June 5,  2010

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :      Chapter 11

    In re                            :

                                              :      Case No. 05-44481 (RRD)

    DELPHI CORPORATION, et al.,   :

                                              :      (Jointly Administered)

                                              :
-------------------------------------------------------x

ORDER PURSUANT TO 11 U.S.C. §§ 102(1), 105(a), 1114, FED. R.
BANKR. P. 9006(c) AND LOCAL RULE 9006-1 SHORTENING
TIME PERIOD PRESCRIBED BY THE CASE MANAGEMENT
ORDER WITH RESPECT TO AFFECTED RETIREES MOTION
TO APPOINT RETIREE COMMITTEE PURSUANT TO 11 U.S.C. § 1114

Upon the motion dated February 17, 2009 (the "Motion to Shorten Notice") filed by Paul M. Higgins, James Conger, Doug A. Kittle, Joni Walls and other Non-Union Salaried retirees of Delphi Corporation and its affiliated Debtor entities ("Debtors") (including the individually named retirees reflected in Exhibit A of Motion to Shorten Notice, (Collectively "Affected Retirees"), Affected Retirees, pursuant to 11 U.S.C. §§ 102(1) and 105(a), 1114, and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these chapter 11 cases (the "Case Management Order") with respect to the Affected Retirees Motion to Appoint Retiree Committee Pursuant to 11 U.S.C. § 1114 (the "Motion to Appoint Retiree Committee"); and upon the affidavit of Brent Burns in support of the Motion to Shorten Notice; and it appearing that this Court has jurisdiction to consider the Motion to Shorten Notice pursuant to 28 U.S.C.

10

§§ 157 and 1334; and it appearing that venue of these cases and the Motion to Shorten Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that the relief requested in the Motion to Shorten Notice is in the best interests of the Affected Retirees, the Debtors, their estates and creditors; and upon the record herein and after due deliberation thereon; and good and sufficient cause appearing therefore, it is

ORDERED that the Motion to Shorten Notice is granted; and it is further

ORDERED that the Motion to Appoint Retiree Committee shall be heard at a hearing to be held before the Honorable Bankruptcy Judge Robert D. Drain, the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on **February 24, 2009 at 10:00a.m.** or as soon thereafter as counsel can be heard; and it is further

ORDERED that the Affected Retirees shall serve this Order, the Motion to Shorten Notice and the Motion promptly after the entry of this Order by facsimile, email and overnight service, as the case may be, on all entities entitled to receive notice pursuant to the Case Management Order and as further provided in the Motion; and it is further

ORDERED that service of this Order, the Motion to Shorten Notice and the Motion in the manner set forth herein shall be good and sufficient service and adequate notice of the requests for relief set forth in the Motion, and that, given the limited nature of the relief requested, no further notice is necessary or required; and it is further

ORDERED that objections, if any, to the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector, nature and basis of any such objection and the specific grounds therefore; (d) be filed with the

11

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") electronically in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of Judge Drain) and served in accordance with General Order M-182; and (e) be further served so that they are RECEIVED no later than **February 20, 2009, 4p.m.** (prevailing Eastern Time) by: (i) the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) Deloitte & Touche LLP, Suite 900, 600 Renaissance Center, Detroit, Michigan 480243 (Att'n: Brock E. Plumb), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iv) special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Att'n: Douglas P. Bartner), (v) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Marissa Wesley), (vi) counsel to the agent under the Debtors' postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Marlane Melican), (vii) counsel to the official committee of unsecured creditors formed in these cases, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (Att'n: Robert J. Rosenberg), (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10044 (Att'n: Deirdre A. Martini, Esq.), and (ix) the indenture trustees for the Debtors'

12

outstanding debt securities, Wilmington Trust Company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware 19890 (Att'n: Corporate Trust Office) and Law Debenture Trust Company of New York, 780 Third Avenue, 31$_{st}$ Floor, New York, New York 10017 (Att'n: Corporate Trust Office); and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules of the Southern District of New York for the filing of memorandum of law is waived.

Dated: New York, New York
February __, 2009

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE