Hearing Date And Time: February 24, 2009 at 10 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4 p.m. (prevailing Eastern time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
DELPHI CORPORATION, *et al.*,                                :    Case No. 05-44481 (RDD)
                                                             :
                                  Debtors.                   :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### *PRO SE* OBJECTIONS OF CERTAIN RETIREE CLAIMANTS TO DEBTORS' MOTION FOR AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR RETIREES AND THEIR SURVIVING SPOUSES AND APPLICATION FOR THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

The Retiree Claimants whose names are attached below, having not had adequate time to coordinate their resources and to retain counsel to represent them for the purposes of making this objection, and in the interests of securing their right to be heard on this issue, file this *pro se* Objection to Debtors' Motion for Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Retirees and Their Surviving Spouses, and hereby request that the Court appoint a Committee of Retired Employees, as provided for by 11 U.S.C. § 1114(d).

### BACKGROUND

On February 4, 2009, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed the motion referenced above by which Debtors seek to terminate, among other things, the health care and life insurance benefits of its retirees.

The Retiree Claimants were employed by Delphi as non-union, salaried employees. Each of the Retiree Claimants is a beneficiary of the Debtors' post-retirement benefits plan (the "Pension Plan"), by which they are entitled to medical and life insurance benefits. Delphi proposes to cancel the benefits promised in the Pension Plan, effective April 1, 2009.

## OBJECTION

### I. The Court Should Not Confirm the Debtors' Authority To Terminate Retiree Benefits.

This Court should not confirm the Debtors' authority to terminate its retiree's health care and life insurance benefits. It is in fact improper to ask the Court to issue such an advisory opinion. Debtors may seek relief from the Court by requesting court authorization to terminate the benefits. Debtors may not request a decision merely "confirm[ing] Debtors' authority to terminate" because, absent a request for relief from the Court, this would be a purely advisory ruling.

### II. Retiree Benefits Are Not Terminable At Debtors' Will.

The Debtors assert that the Court should not appoint a Committee of Retired Employees because the retirees' health care and life insurance benefits were terminable at Delphi's discretion and therefore representation of the retirees' position would be an exercise in futility. Debtors, however, have not treated their obligation to care for its retirees as discretionary when it suited them. Debtors included the funding of retiree benefits on their balance sheet separate and apart from actual discretionary spending accounts. They then used this balance sheet to obtain concessions from the Court and other creditors in this bankruptcy action. The Debtors should not now be allowed to avoid payment of the benefits when once Debtors used the prospect of this very same payment to finesse advantages for itself. Delphi's proposal to "have its cake and eat it

too" is especially obscene when it comes at the cost of the welfare of an aging community of citizens who devoted literally the better part of their lives to the company.

Retiree benefits were also included in prior iterations of Debtors' bankruptcy plan. They did not then characterize the $1.1 billion as discretionary spending. If the Debtors truly believed that a $1.1 billon payout was discretionary, it was gross misconduct to propose it as part of its plan in bankruptcy.

The quoted sections of the retirees' pension plan state only that the Board may terminate the plan. This authorized termination is prospective, not retroactive. Terminating the plan does not eliminate the obligation to pay benefits to those who qualified for them. The nature of this limited ability to terminate or modify the plan is evident in the very categorizing of plan participants identified by Debtor: "Pre-1993" and "1993 – 2000." These categories exist because the plan was modified in or about 1993. The plan did not eliminate benefits for pre-1993 workers that these workers already had earned, it just eliminated benefits prospectively for future workers.

### III.    Retirees Are Entitled To Appointment of a Committee of Retired Employees.

Bankruptcy Code section 1114(d) is applicable, despite Debtors' hopeful assertion that it is not. The protections provided for in this section are procedural, not substantive. The statute calls for a Committee of Retired Employees if a debtor *seeks* to not pay retiree benefits. The purpose of this provision is to ensure that plan participants are properly and fully represented. This procedural guarantee is not based on, or contingent upon, the ultimate merits of the participants' arguments. The Debtors argue, in effect, that a Committee is only necessary if plan participants are correct that the Debtors lack authority to modify or terminate plan benefits. This

is like arguing that a criminal defendant is only entitled to a trial and attorney if he is innocent. It ignores the purpose of a procedural protection.

Salaried OPEB employees (as defined in Debtors' motion) clearly fall within the plain text of section 1114. They are persons provided with medical benefits under a pre-petition plan. Debtors make no effort to argue that OPEB workers do not meet this definition. Rather, they ask the Court to ignore the plain meaning of the statute based on the feeble policy argument that following the statute would be inconvenient and involve costs were a committee to actively represent its constituents. This argument that full due process is too costly is repugnant to our legal system and should be discounted by the Court.

Further, Debtors invert the Business Judgment Test. The Business Judgment Test is a limitation on a debtor's power, not an affirmative authorization to take any action against creditors for which it can formulate an "articulable business justification." Debtors cannot use this test as an independent basis for circumventing the requirements of section 1114.

Even if Debtors were right that the Court is not required to appoint the committee, *and they are not*, the Court should appoint a committee on the alternate ground under section 1114(d) that such representation is "appropriate." Debtors propose a $1.1 billion change to its bankruptcy plan. This change would leave tens of thousands of people without medical and life insurance. The comparatively minimal cost of assembling a committee is well justified by the massive financial scale of the proposed action and the overwhelming amount of human suffering that the Debtors seek to have this Court authorize.

The Retiree Claimants are entitled under Bankruptcy Code section 1114 to a representative to help represent their interests in a bankruptcy case. It would be unjust of this Court to allow Debtors, with all their sophisticated legal resources, to devastate the lives of its

retirees without providing the retirees with a means to collectively voice their objections through qualified counsel.

Delphi retirees are spread throughout the country and are generally unsophisticated with respect to complex legal matters. Given this geographic diversity a coordinated effort to oppose Delphi will be nearly impossible without a unifying representative. Finally, the enormous imbalance between the legal sophistication of Debtors' formidable counsel and that of retired automotive industry personnel living on humble incomes, justifies the appointment of a qualified representative to stand up for the retirees' rights.

## CONCLUSION

The Retiree Claimants object to Debtors' motion to terminate retiree benefits and respectfully request that the Court (a) deny Debtors' request for an order confirming Debtors' authority--or authorizing Debtors--to terminate retiree benefits, (b) appoint a Bankruptcy Code section 1114(d) Committee of Retired Employees and (c) grant Retiree Claimants such other further relief as is just.

Dated: New York, New York
February 16, 2009

*PRO SE* RETIREE CLAIMANTS

By: _____
Avron M. Ehrlich

180 Adelphi Street, Apt. 1
Brooklyn, New York 11205

- and -

Jeffrey Gutterman
Neil Freson