Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
One Bowling Green, Room 610
New York, NY  10004

RE:  Court Docket # 14705
Case # + ID:  0544481-16118

**Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Mark Tuey
1403 Ruhl Meadows Court
Kokomo, IN  46902

Salaried Employee of Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
In re                               :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
              Debtors.              :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am currently an active salaried Delphi employee.  I, along with approximately 15,000 Delphi retired salaried employees and many thousands of active salaried employees hired on or before December 31, 1992, will be affected greatly and negatively by the proposed Motion listed on Court Docket # 14705 (Case # + ID 0544481-16118).  On February 4, 2009, Delphi Corporation ("Delphi"), and certain of its

Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
One Bowling Green, Room 610
New York, NY  10004-4008

RE:  Court Docket # 14705
Case # + ID:  0544481-16118

subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion For Order Under 11 U.S.C. §§ 105(a), 363(b)(1), and 1108 to confirm Debtors' authority to terminate their applicable employee benefit plans and programs as soon as practicable after March 31, 2009 so as to:  (a) Eliminate eligibility for employer-paid post-retirement health care benefits for all current and future active salaried employees; (b) Cease making Company contributions to provide post-retirement health care for current and future salaried retirees and their surviving spouses; (c) Cancel all Retiree Health Reimbursement Accounts ("RHRAs") for Medicare-eligible salaried retirees and their surviving spouses; (d) Terminate the Medicare Part B special benefit for current and future salaried retirees and their surviving spouses; (e) Cease providing the 1% employer contribution to the Salaried Retirement Savings Program for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000; (f) Eliminate eligibility for employer-paid post-retirement basic life insurance benefits for all current and future active salaried employees; and (g) Cease making Company contributions to provide post-retirement basic life insurance benefits for current and future salaried retirees.  On Page 3 of the Debtors' Motion, "Salaried OPEB" refers to the employee benefit plans and programs that provide post-retirement health and life insurance benefits.

It should be noted that the RHRA account was established by Delphi a few years ago to lessen the impact when Delphi terminated health insurance coverage for salaried retirees once they reach 65 years of age.   At one time, Delphi had committed to provide such health care insurance for salaried retirees until death (instead of a fixed age).

Honorable Robert D. Drain  
United States Bankruptcy Court  
For the Southern District of New York  
One Bowling Green, Room 610  
New York, NY  10004-4008  

RE:  Court Docket # 14705  
Case # + ID:  0544481-16118  

**I am contesting the Debtors' Motion** for Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 for the following reasons:

1)     The Delphi obligation to provide health care coverage for salaried retirees is time limited. Coverage for salaried retirees will stop when they reach the age of 65.  Also, as listed on Page 22 of the Debtors' motion filed on February 4, 2009, salaried retirees hired on or after January 1, 1993 do NOT receive post-retirement health care and life insurance coverages.

2)     Delphi informed the salaried employees hired on or after January 1, 1993, that they would not receive health care and life insurance coverages in retirement.  Hence, these salaried people have had the benefit of time (e.g., up to 16 years) to plan for health care (and life insurance, if applicable) in retirement.  However, Delphi had committed to people who were hired on or before December 31, 1992, that the company would provide health care and life insurance coverages in retirement.  If this Motion, which allows only seven business days to file objections, before the U.S. Bankruptcy Court is granted, then there is limited time (e.g., as few as one month) for active salaried employees to plan for providing ourselves and families with health care coverage (and life insurance, if applicable) after retirement.  The current salaried retirees are in a much more dire situation because the Motion, if granted, could be implemented as soon as practicable after March 31, 2009.  Some of these Delphi retirees will be spending them more than a third of their fixed income (e.g., over US$1,000 per month) to continue their coverage(s).

3)     The Debtors' Motion is for <u>permanent</u> elimination of Delphi-paid health care and life insurance benefits for salaried people who were promised this coverage when they retire. When the Debtors recover and exit Chapter 11 bankruptcy and the company executives are receiving

3

Honorable Robert D. Drain                                                                RE:  Court Docket # 14705
United States Bankruptcy Court                                                        Case # + ID:  0544481-16118
For the Southern District of New York
One Bowling Green, Room 610
New York, NY  10004-4008

bonuses again, Delphi should honor commitments to both its Absolutes of Excellence and its salaried employees by reinstating health care and life insurance coverages to those eligible individuals who were promised such benefits decades ago.

4)      On Page 24 of the Debtors' Motion filed on February 4, 2009, the Debtors claim, "Section 1114 Of The Bankruptcy Code Is <u>Inapplicable To The Proposed Termination Of Salaried OPEB</u>." I respectfully DISAGREE with said claim by the Debtors.  On the contrary, I believe that the procedures outlined in Section 1114(d) of the Bankruptcy Code ARE APPLICABLE to the proposed termination of the Salaried OPEB proposed herein.  Barry R. Lax, Esq., of LAX & NEVILLE LLP (New York, NY), on behalf of Paul Higgins, James Conger, Doug Kittle & Joni Walls and other Delphi Non-Union Salaried Retirees, makes a detailed argument to support formation of a Section 1114 Retiree Committee, which does not guarantee any result or recovery for retirees.  On Page 12 (of 57), Barry R. Lax et. al., wrote, "… When Congress enacted Section 1114, however, it did so to make sure that the retirement benefits that retirees worked their lives for are not simply cut-off at the whim of a debtor.  The retirees must have a voice to speak for them, and it must be through an Official Committee that is sanctioned by the Court…."

<u>SUMMARY</u>

I am currently an active salaried employee who has dedicated a majority of my working career towards making Delphi the best supplier to automotive and non-automotive original equipment manufacturers (OEMs) and to applicable consumers.  I have been loyal to the company and expect some measure of loyalty in return from Delphi.

4

Honorable Robert D. Drain                                          RE: Court Docket # 14705
United States Bankruptcy Court                                     Case # + ID: 0544481-16118
For the Southern District of New York
One Bowling Green, Room 610
New York, NY 10004-4008

I understand that these are very difficult economic times for the Debtors, the automotive industry, and the global economy. Yes, people and companies are making sacrifices now and, unfortunately, more pain will be necessary. I am no exception to feeling the impact as a result of the crumbling economy here in the United States and abroad. My very long commute to work and decreased retirement account values are a constant reminder of these difficult economic times.

There are alternative solutions to mitigate the claimed and projected cash costs and balance sheet of the Debtors. James T. Lewis (Kokomo, IN) has suggested that if health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that can be done. For example, co-payments, deductibles, and/or premiums could be raised temporarily. James T. Lewis and I, along with many other active salaried employees and current retirees, believe the permanent elimination of health care and life insurance coverages, which Delphi promised and committed to its valuable workers, is NOT justified.

The Debtors should have been more creative in finding alternative solutions. My compromise to both Delphi and eligible active salaried employees & salaried retirees is to replace the post-retirement health care and life insurance open-ended coverages with a retirement health account (RHA) that provides a fixed amount of money to reduce the impact of eliminating the previously promised benefits. For instance, each eligible retiree could be given $15,000 per year (adjusted annually per an objective health care cost index or $20,000/year with no inflation index) between the ages of 60 to 65. Hence, an eligible Delphi salaried retiree would have to be a minimum of 60 years old to start drawing funds from the RHA to pay for health care and life insurance premiums, co-pays, deductibles, etc. As soon as the Delphi retiree is Medicare-eligible (e.g., currently at age 65), the RHA would end. This idea would provide Delphi with a fixed cost

5

Honorable Robert D. Drain  RE:  Court Docket # 14705
United States Bankruptcy Court  Case # + ID:  0544481-16118
For the Southern District of New York
One Bowling Green, Room 610
New York, NY  10004-4008

per retiree (e.g., $75K = $15K x 5 years + inflation index) while the eligible retiree would have some employer-paid money to defray the costs of premiums, co-pays, deductibles, etc. until qualifying for Medicare coverage.

I appreciate the U.S. Bankruptcy Court, including the Honorable Robert Drain and Courtroom Deputy Dorothy Li, in taking the time to consider my arguments.  **Respectfully, I OBJECT to the Debtors' Motion filed on February 4, 2009**, to terminate health care and life insurance coverages for Delphi active salaried employees and current retirees. **Please do NOT approve Delphi's Motion filed on February 4, 2009.  Thank you.**

Dated:    Kokomo, Indiana, U.S.A.
          February 14, 2009

/s/ Mark Tuey_____

1403 Ruhl Meadows Ct.
Kokomo, IN  46902


Copies:
(i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attention: General Counsel)
(ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Attention: John Wm. Butler, Jr.)
(iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attention: Donald Bernstein and Brian Resnick)
(iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attention: Robert J. Rosenberg and Mark A. Broude)
(v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attention: Bonnie Steingart)
(vi) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attention: Brian Masumoto)