7604 Fruit Dove Street
North Las Vegas, NV 89084
February 10, 2009

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   DELPHI CORPORATION, et al., Case No. 05-44481 (RDD)

OBJECTION OF **FREDERICK P. ARNDT** TO DEBTORS' MOTION TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST – RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES (SALARIED OPEB TERMINATION MOTION)

I, **Frederick P. Arndt**, am a salaried retiree of Delphi Corporation. I have a number of objections to the Salaried OPEB Termination Motion:

1. I object to the short time to Objection Deadline. Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009. Retirees were notified by a FedEx package delivered to their home. It is obvious that the Debtors' have had their attorneys working for some time preparing the Motion. It is only fair to offer the retirees sufficient time to prepare an objection to the motion. Many retirees spend time out of state during the winter and may not have received notification of the motion on a timely basis and may not be able to file an objection before the deadline. Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2. I object to the termination of Delphi Salaried Retiree OPEB for Health Care and Life Insurance. Initially, Delphi Salaried Retirees were granted Health Care Benefits for life when the separation from GM occurred. A few years later, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare. This revised policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change alone was a great cost reduction benefit to Delphi, significantly reducing their "legacy" costs. As they mention in their motion, one of the big factors that is affecting increasing health care costs is "the aging population of the United States." The termination of Health Care Benefits at age 65 eliminated the effect of the "aging population" for Delphi. It will cost Delphi no more if I live to

age 90 than if I live to age 65 with the current policy. Any further cut in Retiree Health Care Benefits should not be approved. We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.

3. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits on the grounds that is not "fair and equitable" with respect to how the Delphi hourly retirees and current workers have been handled. They have lost no health care coverage and have, at most, been made subject to slightly higher co-payments. This was done by transferring their "legacy costs" back to General Motors. GM also has recently made changes to their salary retiree health care benefits but provided additional pension income to offset a portion of the cost. As you may or may not know, most Delphi employees were given no choice as to whether to stay with GM or go with Delphi. In fact, many were prevented from moving back to GM as their skill set was deemed to be "critical" to Delphi. Had the Delphi hourly retirees and current workers been subject to the same new policy that is being proposed for the salary workers, I sincerely believe this change would not have even been considered.

4. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits on the grounds that Delphi has not provided any information to the Delphi Salaried Retires that would demonstrate that other cost savings measures were considered as an alternative to the planned termination of our health care benefits. Reducing costs elsewhere within Delphi would be more "fair and equitable" to the total Delphi workforce, and not just impact the Delphi salaried retirees. There are many areas of cost within Delphi that could be cut as alternatives to cutting the health care benefits of Delphi's salaried retirees. These include, but are not limited to the following:

   a. Modify current health care benefits for ALL current active Delphi employees and retirees by increasing deductibles and co-pays but do not totally eliminate health care benefits for Delphi salaried retirees
   b. Eliminate company supported Life Insurance Benefits for all current active Delphi employees and salaried retiree but do not terminate the health care benefits
   c. Work with the Unions to further reduce health care benefits to reduce costs
   d. Eliminate compensation to current active 8th level and above Delphi employees for their vehicles
   e. Close Delphi Headquarters building and relocate staff to another Delphi facility
   f. Eliminate bonuses for current active Delphi executives
   g. Cut salaries for all current active Delphi employees by 5-10%
   h. Eliminate some or all paid vacation time for current active Delphi employees

5. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits on the grounds that the DEBTORS are clearly targeting the Delphi salaried employees with this proposed change and thus it discriminates against the Delphi salaried retirees and violates the 14th Amendment to the United States Constitution. Delphi salaried retirees should be treated with the same respect and provided the same benefits that all other current active salaried employees. To single the retirees out is not fair and equitable. Further it's shameful on behalf of the DEBTORS to take this targeted action.

6. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits because the DEBTORS have not demonstrated that other broader actions being considered by outside parties could address the financial situation Delphi finds itself in and thus might negate the need for the heath care benefits cuts at this time. Specifically, it is widely reported in the press that the U.S. Automotives Supplier Community, as a whole, is in financial distress and will need up to $25 Billion of aid to survive the economic crisis facing the industry…and that discussions are in process between the U.S. Government and Auto Manufacturers and Supplier Associations to address these financial issues. Further it is widely reported in the press that General Motors and Delphi Corporation are in discussions that may result in the transfer of some of Delphi's manufacturing plants back to General Motors. These actions will significantly impact Delphi's financial position and may negate the need for the DEBTORS to terminate the Health Care Benefits for Delphi Salaried Retirees. Judge Drain, I am asking you to extend the Objection Deadline for this motion until such time as Delphi knows and can demonstrate the impact that these broader changes will have on the financial viability of Delphi Corporation.

7. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits because it inflicts undue hardship on Delphi Salaried Retirees. At the same time that the DEBTORS' are petitioning the court to eliminate the health care benefits for all Delphi Salaried Retirees they are also eliminating the payment of SERP to eligible Delphi Salaried Retired Executives. The elimination of SERP, in many cases, will result in more than a 50% reduction in the retiree's pension income. The combined eliminate of SERP payments and the added costs for self-pay of heath care benefits will result in added monthly costs that, in many cases, will exceed the income level of many Delphi Salaried Retirees resulting in undue hardship.

8. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits because I feel the DEBTORS have a legal, social, and moral obligation to provide these benefits. Each Delphi Salaried Retiree signed a retirement agreement that I feel was more than a "legal" contract but was also a social and moral pact between the company and the employee. This contact spelled out that the company would provide for pension and health care benefits to the employee in retirement. To eliminate these benefits at this time in my view is a breach of this "social and moral" obligation that the company committed to.

9. I object to the termination of Delphi Salaried Retiree OPEB for Health Care Benefits because it is shameful and injustice. During the past three years that Delphi has been in bankruptcy they continued to WASTE money that should have been used to get itself out of bankruptcy. This includes the shameful payment of bonuses to current active Delphi Executives. Now, with this money spent, they turn to the Delphi Salaried Retirees to cut costs to "save the day". I object to this shameful and greedy tactics by the Delphi Leadership and feel it represents grounds for not approving their request to eliminate the health care benefits for Delphi Salaried Retirees.

In summary, while I clearly understand the need for Delphi to conserve cash during these difficult economic times, putting this unforeseen burden and hardship of a loss of health care benefits on the retirees is unfair and inequitable.

Based on the above items, I respectfully ask you to disallow the Delphi motion to discontinue the Employer Paid Post Health Care Benefit.

Regards,

*[signature: Fredrin P. Arndt]*

I have also caused copies to be served on the following parties via first class mail on February 10, 2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John W. Butler, Jr.