**Hearing Date and Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

ANTHONY J. DIMATTEO, JR.
1243 Waterwyck Trail
Dayton, Ohio 45458
(937) 885-4958

Pro Se Retired Salaried Employee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
                                           :
        In re                              :        Chapter 11
                                           :
DELPHI CORPORATION, et.al.,                :        Case No. 05-44481 (RDD)
                                           :
                        Debtors.           :        (Jointly Administered)
                                           :
                                           :        HONORABLE ROBERT D. DRAIN
                                           :
                                           :
------------------------------------------------------ x
```

OBJECTION TO DELPHI CORPORATION'S
MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108
CONFIRMING DEBTOR'S AUTHORITY TO TERMINATE EMPLOYER-PAID
POST-RETIREMEMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID
POST RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES

**Preliminary Statement**

A philosophy that has served me well through life is *"Not to ask anyone to do*

*something I am not willing to do myself"*. With that in mind, would the management of

Delphi be willing to give up what they are requesting of Salaried Retirees?

Terminating employer-paid post-retirement health care and life insurance benefits

creates a hardship for my future and many other retirees that are on a fixed income. The

request also puts responsibility back on the tax payer if people cannot afford health care and insurance.

Please reconsider the request and when you do, ask yourself the question:

*"Are you asking people to do something you would not be willing to do yourself?"*

### Basis for Objection

This letter is to express my objection with the Motion filed in Case No. 05-44481 (RDD) by Delphi Corporation on February 04, 2009, asking this Court to terminate health and life insurance benefits (OPEB) for some 15,000 retirees of Delphi Corporation.

I respectfully submit to this Court my **OBJECTION** to the Motion for the following reasons:

**Part 1:** I knew nothing of this action before receiving notice in the mail on February 06, 2009. This gives those affected only 11 days to digest, try to understand, and file an objection request. This is not sufficient time to analyze the data and formulate a detailed response.

**Part 2:** OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.

The OPEB benefits cited in the Motion were not paid for by the employer (Delphi). Each year, salaried employees received a salary and benefits package as opposed to contract employees that received a larger salary in lieu of these benefits. The majority of current retirees spent most of their careers as General Motors employees prior to the 1999 spin-off of Delphi.

All salaried employees received a lower salary to enable the GM and later Delphi to set aside money in a trust fund out of which these OPEB benefits would be paid in the future. GM/Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993 were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious that GM/Delphi valued these benefits at some level greater than 1% of base pay. It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by General Motors and Delphi was used for other purposes. In fact, this borders on mismanagement and malfeasance on the part of Delphi and potentially General Motors.

Therefore, I believe it is incumbent upon this Court to DENY the Motion from Delphi.

**Part 3:** Delphi breached their contract with salaried employees.

The provisions of the Motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi. Employees were recruited by GM/Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with GM/Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. Also, the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi provided each

3

year.  A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees.  This was done to prevent salaried employees from demanding union representation.  Hourly benefits are not being subjected to the Motion to cancel retiree benefits because of the contract between Delphi and the various unions.  Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early.  Here again, a package was prepared showing the retirement income and benefits that would be provided if the employee elected to retire.  No employee would have signed the early retirement documents if there were any hint, either verbally or otherwise, that these benefits would not be paid in the future.  The Delphi Revised Plan of Reorganization filed on October 3, 2008, did not call for a termination for the Delphi Retiree benefits.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement.

After many employees retired, Delphi discontinued health care benefits after age 65.  A number of meetings were held describing a "Wageworks pot" of $20,000 that was to be used to minimize the trauma caused by this change.

4

This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees.

This "pot" is now being eliminated along with the other benefits. However, during the numerous meetings that took place when this modification was originally made, an implication was again made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi broke its implied contract with its salaried employees and should be held accountable for that action. Delphi should not be allowed to opt out of this obligation and the Motion should be rejected by this Court.

WHEREFORE Pro Se Retired Salaried Employee, Anthony J. DiMatteo, Jr. respectfully requests that this Court DENY Delphi Corporation's Motion For Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 Confirming Debtor's Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Certain (A) Salaried Employees and (B) Retirees and Their Surviving Spouses filed with this Court on February 4, 2009.

Dated:     Dayton, Ohio
           February 13, 2009

           ANTHONY J. DIMATTEO, JR.
           1243 Waterwyck Trail
           Dayton, Ohio 45458
           (937) 885-4958

           Pro Se Retired Salaried Employee

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Objection* was sent via FedEX, postage prepaid, this 13th day of February 2009, to:

Honorable Robert D. Drain.
One Bowling Green
Room 610
New York, NY 10004

**AND** that copies of the foregoing were sent via U.S. Mail, postage prepaid, this 13th day of February 2009, to:

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Att'n:  General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Att'n:  John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Att'n:  Donald Bernstein
        Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10017
Att'n:  Robert J. Rosenburg
        Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, New York 10004
Att'n:  Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
Att'n:  Brian Masumoto