February 11, 2009

United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Honorable Judge Robert D. Drain

Reference:
Delphi Corp Case # 05-44481 filed October 8, 2005

RECEIVED FEB 13 2009 U.S. BANKRUPTCY COURT, SDNY

Dear Judge Drain,

This letter is an **Objection** to the motion filed by Delphi Corporation proposing the court approve the cancellation of Employer Paid Post Retirement Benefits for Health Care and Life Insurance for over 15,000 Delphi Retirees and their Surviving Spouses. [ Motion under 11 U.S.C. -105, 363(b)(1) and 1108]

This objection and request for denial is based on the following:

- The Delphi retirees affected by this change were given less then 2 weeks to object to this proposed action. Since Delphi has been in bankruptcy since 2005 they should have been able to communicate this action in a more timely fashion.

- Delphi and General Motors (prior to the spin-off) repeatedly and consistently included the value of the Employer Paid Post Retirement Benefits of health insurance and life insurance when discussing total compensation with the employee and perspective employees. The total compensation package was annually presented to the employee and compared against other comparable companies and also the Delphi hourly rated employees who had union representation. This information was provided to encourage the employee to remain with Delphi and to discourage the formation of Salaried Unions. Therefore, the employee was provided these benefits in lieu of additional salary. In fact, Delphi used numerous contract employees paying a higher rate then salary employees to avoid the cost for the benefit package including post retirement for these employees. Delphi has always represented these benefits as part of the employees total compensation and the continuation of these benefits after retirement has been communicated both verbally and in writing. Delphi should be held responsible for these contracts, both written and implied.

- The value of the health care and life insurance benefits was defined very clearly in the Retirement Package presented to potential retirees. In fact, these benefits were used as an enticement for many employees to take an early retirement. Without these benefits or additional "income" most if not all of these early retirees would not have elected to retire

- Each year in the fall, active and retired salary employees are provided a listing of their health care and life insurance options from which to choose for the upcoming calendar year. This selection process defines the retirees financial responsibility for these services. I feel this is a "contract renewal". These contracts were finalized less then 4 months ago. At a bare minimum Delphi should be required to fulfill these contract for the remainder of the year.

- Several years ago Delphi reduced the Health Care Benefit for retired Salaried Employees at age 65. They would no longer provide any Health Care coverage. Delphi did recognize responsibility by implementing a spending account to help offset the loss in coverage. This account of $20,000 would not provide comparable coverage but would help offset some of the initial cost impact and enable retirees time to find alternative solutions. Delphi now wants to cancel this commitment and do away with the fund.

In summary I feel that Retiree Benefits were part of my compensation package during my over 37 working years. Delphi's action during that time supports that belief. I feel I should not be punished because they did not set aside funds to cover these commitments.I contend that Delphi should not be allowed to opt out of this obligation because they did not set aside funds to cover these commitments.

Therefore, I believe it is incumbent upon this court to reject this proposed action.

Respectfully submitted by

*Kenneth Enneking*

Kenneth Enneking
2651 Hayward Ave.
Dayton, OH 45414

Cc:
Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall St.
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Dr.
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher, & Flom LLP
333 West Wacker Dr - Suite 2100
Chicago, Ill. 60606

Attn: Donald Bernstein and Brian Resnick
Davis Polk & Wardell
450 Lexington Ave.
New York, NY 10017

Attn: Robert J Rosenberg & Mark Broude
Latham and Watkins LLP
885 Third Ave New York, NY 10022

Attn: Bonnie Steingart
Fried, Frank, Harris Shriver & Jacobsen LLP
One New York Plaza
New York, NY 100004