February 10, 2009

5509 Inverness Place

Northport, Alabama 35473

Honorable Robert D. Drain, United States Bankruptcy Judge

One Bowling Green

New York, New York 10004-1408

Attention: Joshua Gold



I object to the motion of Delphi Corporation to terminate employer paid Post retirement Health Care Benefits and Employer Paid Post Retirement Employer Paid Post Retirement Life Insurance Benefits for certain Salaried Employees and (B) Retirees and their Surviving Spouses.

The reasons for the objection can be enumerated in separate categories.

As a management Decision it is extremely counterproductive. The health and well being of any company is dependent on the quality and dedication of its employees. This action places into serious doubt the employees' confidence in the ability of these employees to trust management's ability to be honest with these employees. Delphi Corporation has since its inception made statements and commitments to it employees and stock holders which have been proven to be inaccurate and/or deceitful. How can Delphi recruit and continue employment of the qualified professionals in technical and managerial positions it requires when they can not believe what they are telling and promising them. The Post-Retirement individuals affected by this action were the individuals who built the structure from which Delphi Corporation was initiated. Commitments made to these individuals are now being cast aside by an apparent decision made by management which only looks at the bottom line figures and ignores what it took to get to the bottom line. The viability and future of Delphi is being placed in serious jeopardy by this action. The question of whether this is the initial step in the dissolution of Delphi as a business enterprise must be raised.

As a decision affecting me personally, it runs counter to what I was told by management at the time of my retirement. The changes in management policy that Delphi Corporation alludes to in its filing were either not present at the time of my retirement or not discussed by management at the time of my retirement. When Delphi was formed from the component divisions of General Motors I asked to retire early. This was turned verbally turned down by the local personnel manager since my talents and experience were deemed critical to the success of the Delphi operation I was associated with. When I did opt for an early retirement package that was offered I was told that any concerns I had about health care or life insurance were totally unfounded. The personnel department was well aware of serious health problems my wife had and knew her care was a primary concern of mine. If the motion Delphi is requesting is approved it will be extremely difficult if not impossible for me to obtain health care insurance with her history. The final day of my employment the Plant manager and personnel manager of the facility where I was employed told me that my day to day worries and concerns associated with work would be a part of my past. Now, Delphi is telling me that I will be required to pay in excess of $10,000 per year for health care. They have issued to me estimates of health care costs which average out in excess of $900 per month. This does not take into account the additional cost of comparable life insurance for me and my spouse which I presently have through Delphi Corporation.

Thus I object to the motion in question for professional reasons and for personal reasons. The elimination of these benefits committed to by Delphi would remove all credibility for Delphi as a dependable employer in the future and as a source of pride to the personal sacrifices given for the benefit of Delphi Corporation in the past. The future viability of the corporation would be put in question by the individual employee and the potential investor in this Corporation.

*Dale M. Erdman*

Dale M. Erdman

5509 Inverness Place

Northport, Alabama 35473