Richard K. Donoghue
95 Western Pine Drive
Rochester, New York 14616
(585) 227-3788

RECEIVED
FEB 13 2009
U.S. BANKRUPTCY COURT, SDNY

February 11, 2009

Honorable Robert D. Drain
United States Bankruptcy Judge for the
    Southern District of New York
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

    Re:    **OBJECTION TO MOTION FOR ORDER TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN SALARIED EMPLOYEES AND RETIREES AND THEIR SURVIVING SPOUSES**

           **Delphi Corporation, Case No. 05-44481 (RDD) (Chapter 11)**

Dear Judge Drain:

    Please accept this letter as an objection to the motion filed by Delphi Corporation, the Debtor in the above-referenced case, seeking to confirm its authority to terminate employer-paid, post-retirement health care and life insurance benefits for certain salaried employees, retirees, and surviving spouses. The impact of this decision will have immense impact on thousands of Delphi retirees, active employees, and surviving spouses.

    Pursuant to 11 U.S.C. § 1114, a debtor in reorganization may not terminate health and life insurance payment programs maintained for retirees and their spouses and dependents without first negotiating proposed modifications in benefit payments with representatives of the retirees. Once these negotiations have occurred and the parties can demonstrate that no agreement can be reached, it is up to the debtor to then seek and receive court approval to make modifications to any health insurance or life insurance benefits offered. In this case, the Debtor did not negotiate with representatives of the retirees and, in fact, provided very little notice to this group of creditors regarding their intent to modify the benefits provided to them and their dependents.

    Retirees or regular active employees of the Debtor did not receive any official notification of Delphi's intent to terminate the health insurance and life insurance of salaried employees and retirees. The first notice that I received regarding the Debtor's intent to terminate my benefits was a copy of the Notice of Motion filed with the court on February 4,

2009. This Notice of Motion further indicated that the affected employees and retirees had until only February 17, 2009 to file any objections to the motion. Certainly, this late notice to the affected group of employees and retirees did not provide the parties an opportunity to negotiate any modifications to the health insurance and life insurance benefit plans and does not allow the affected employees and retirees an opportunity to consult with an attorney or otherwise determine what their rights are with respect to this request by Delphi. Eleven days to file an objection to the motion is insufficient time to allow this large group of retirees to ascertain and assert their rights under the law.

The loss of life and health insurance creates a great burden for retirees and their spouses. When I retire from Delphi, it is with the understanding and promises that, in return for my nearly 40 years of service to the company, I would receive health insurance ('til 65) and life insurance for the remainder of my life. I relied on this promise and, as a result, am not in a position to easily obtain alternate health insurance coverage. In many instances, including mine, retirees and their spouses have pre-existing health conditions that will impact their ability to obtain alternate health insurance coverage or alternate life insurance and certainly makes such alternate coverage prohibitively expensive.

The timing of this announcement is also difficult. As you know, the economy and the stock market (where many retirees invested for their retirement) have taken a terrible hit. Many of the retirees, and myself, have experienced great losses in the stock market and in my retirement funds. These financial losses, coupled with the high price of health insurance, will create a hardship for me and other retirees who seek to purchase alternate coverage. With the local economies where Delphi retirees live already being impacted by the recession, the loss of health insurance coverage for retirees will impose an even greater burden on the localities in terms of Medicare and Medicaid costs and an increased need for other social services.

While I understand the difficulty that Delphi Corporation has experienced over the years and its precarious financial position, I believe that the company should honor the promises that it made to employees who provided years of dedicated service. The retirees and their representative would be willing to consider steps to control the cost of the health and life insurance benefits provided by the Debtor, if Delphi would be willing to meet with us and provide some alternatives. The draconian measure of cutting all health insurance and life insurance benefits with little more than two months notice is unacceptable and is a breach of the trust that I and others have placed in the company.

Please reject the Debtors' and order the company to find other ways to control their health insurance costs without subjecting to this group of retirees to the punitive measure of canceling the health insurance and life insurance benefits that we worked so hard to earn. Thank you for your consideration.

Sincerely,

Richard K. Donoghue

Cc:     Counsel for the Debtors
John Wm. Butler Jr., Partner
John K. Lyons, Partner
Ron E. Meisler, Partner
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Kayalyn A. Marafioti, Partner
Thomas J. Matz, Counsel
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Counsel to Creditors' Committee
Robert J. Rosenberg, Partner
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834

United States Trustee
Brian S. Masumoto, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-2111

Counsel for the Agent under the Post Petition Credit Facility
Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Counsel for the Committee of Equity Security Holders
Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004