February 13, 2009

TO:   The Honorable Robert D. Drain
      United States Bankruptcy Court for the Southern District of New York
      One Bowling Green
      Room 610
      New York, New York 10004

FROM:  Carl H. Visconti

SUBJECT:  Chapter 11, Case No. 05-44481 (RDD) Salaried OPEB Termination Order

I object to Delphi's plan to terminate their salaried retiree's health care and life insurance effective April 1, 2009, for the following reasons:

1. Timing:  As salaried retirees, during October 27th through November 14th, 2008, we selected options for post retirement health care and life insurance for 2009. Expecting that we, as retirees and former loyal employees, were to have health care coverage and life insurance for the upcoming year, we did not research options for these programs.  Now, in less than two months, we must decide on health care and insurance options, and, apparently, in some cases, "the decision is final."  In addition, we must re-plan our finances to cover the costs of the programs that we select.  This is an unreasonable expectation.  I am fortunately at home and have received the notice of the hearing and the information sent by Delphi.  Others retirees may be out-of-state, and they may not know about the situation.

2. Inconsistency:  As salaried retirees of Delphi and General Motors, many of us had worked over 30 years with General Motors prior to Delphi "splitting off."  Co-workers who retired just prior to that occurrence retired from General Motors.  As "Delphi" retirees, we, apparently, will be treated differently.  Since we have worked 30 years with General Motors, we should be entitled to the same treatment as GM retirees.  Now, we read news stories that indicate that GM may "take back" selected parts of Delphi.  Will the retirees of these "selected parts" be treated as "GM retirees" or "Delphi retirees?"  If, during our employment with GM/Delphi, we supported these "taken back" parts of Delphi, where do we stand?  It seems that this all should be settled before any termination order regarding benefits can be made.

3. Management under Chapter 1:  In October, 2008, after the "global economy problems" had begun, we selected options for health care and life insurance that constituted a fraction of the programs costs.  My "coverage" for 2009 was actually cost me a few dollars less than for 2008.  If Delphi was demonstrating "good" management during these times, they should have increased the retirees' portion of the total program cost at that time to minimize the probability of having to cancel the entire program.  For Delphi to give us 2009 options without raising the retiree portion and for Delphi to cancel their contributions giving retirees less than two months to make life-changing decisions is bad management.  The Bankruptcy Court should not support "bad management" during Chapter 11.

Page 2 – Objection by Carl H. Visconti - Chapter 11, Case No. 05-44481 (RDD) Salaried OPEB Termination Order

4. <u>Fairness:</u>  Although any of the health care and life insurance retiree programs can be "cancelled at any time,"  we, as longtime employees of GM and Delphi have been given information (booklets, etc.) for many years describing retirement programs, etc.  All of these communications have included health care and life insurance coverage, of course, with the typical "disclaimers."  We worked for GM and Delphi for 30 plus years with expectations that included a salary and health care and insurance programs that extended into retirement.  Apparently, we "Delphi retirees" will be "singled out" and treated differently from other co-workers, with programs that were an expected part of retirement taken away quickly, with little warning.  This is simply not fair.

5. <u>Timing to Respond to Hearing:</u>  I received notice of the hearing and the communication from Delphi during the first week of February, 2009.  The hearing notice indicated that any objections must be submitted (following certain rules that I would have to learn about) by February 17, 2009.  In any legal proceedings, individuals must be given adequate time to react to scheduled hearings, etc.  Perhaps this was done on "short notice" by Delphi to "catch us off guard" so that no objections could be submitted.  Or perhaps this is just an example of "last minute," questionable management by Delphi.


My proposal for alternative action:

1. <u>Change the effective date</u> when Delphi will stop contributing to salaried health care and insurance coverage for salaried retirees.  April 1, 2009 is simply too soon.  <u>June 1, 2009</u> is more reasonable, allowing salaried retirees (who have never had to do so before) adequate time to research and select health care and insurance programs <u>and</u> to re-plan their finances to deal with the cost.

2. Or – it would be more reasonable to <u>increase salaried retiree contributions</u> to these programs for the remainder of 2009, and stop contributions after December 2009 if warranted by conditions at Delphi.  I propose that the program costs, as selected by the salaried retirees by April 1, 2009 (with more time being better, of course) be split between Delphi and the individual salaried employees.  This would also allow some time during which the "GM takeback of selected parts of Delphi" could be settled.  As mentioned above, it seems that good management of Delphi under Chapter 11 would have included some substantial increase in salaried retiree contributions to these programs prior to this "cancellation."

3. The hearing scheduled for February 24, 2009 should be delayed for 30 days, giving affected parties a more reasonable response time.  This should be done with the "effective date" change proposed in #1 above.

Page 3 – Objection by Carl H. Visconti - Chapter 11, Case No. 05-44481 (RDD) Salaried OPEB Termination Order

I am submitting this objection as a former salaried employee of GM and Delphi (35 years, 9 months).  Please take it under consideration, whether or not it meets your specific rules/guidelines/formats for such objections.  As long-term, productive employees of a major US corporation (or corporations), our objections and alternative proposals as salaried retirees should be considered in earnest.

Respectfully submitted,


Carl H. Visconti
1817 Apple Valley Ct.
Howell, MI 48855
Contact information:
Carlhv2002@aol.com
248-766-3490