The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004
 Case Number: 05-44481
Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors'
Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-
Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retires And Their
Surviving Spouses (the "Motion").

There are two parts to this objection:

Part 1: (OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.)

The OPEB benefits cited in this motion were not paid for by the employer (Delphi). Each year, salaried
employees received a salary and benefits package as opposed to contract employees that received a
larger salary in lieu of these benefits. All salaried employees received a lower salary to enable the Delphi
to set aside money in a trust fund out of which these OPEB benefits would be paid in the future.

Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993
were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993
change was done as a cost reduction so it is obvious that Delphi valued these benefits at some level
greater than 1 % of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money
saved by Delphi was used for other purposes. In fact, this borders on mismanagement and malfeasance
on the part of Delphi . Therefore, I believe it is incumbent upon this court to reject this motion from
Delphi.

Part 2: (Delphi breached their contract with salaried employees.)

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of
Delphi. Employees were recruited by Delphi based on a salary and benefit package that implied, if not
directly stated, that the salary and benefits were comparable or better than those paid by other
companies and that they were a part of the employment contract with Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit
package that Delphi offered. Again, the salary was lower than what it would have been were no
benefits included in the package. And. the conversation that took place during the signing session to
accept the yearly changes implied that these benefits would be provided as described in the benefits
manual that Delphi provided each year. A large portion of this benefits manual was devoted to
retirement income and salaried benefits after retirement. Each year, the salaried benefits package was
compared both verbally and in writing to the hourly benefits package to show that the salaried
employees were treated as well as the represented hourly employees. This was done to prevent
salaried employees from demanding union representation. Hourly benefits are not being subjected to

this motion to cancel retiree benefits because of the contract between Delphi and the various unions. Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early. Here again, a package was prepared showing the retirement income and benefits that would be provided if the employee elected to retire. NO EMPLOYEE would have signed the early retirement documents if there were any hint either verbally or otherwise that these benefits would not be paid in the future. All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement. Again, NO EMPLOYEE would have signed the retirement document if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

After many employees retired, Delphi discontinued health care benefits after age 65. A number of meetings were held describing a "Wage works pot" of $20,000 that was to be used to minimize the trauma caused by this change. This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees. This "pot" is now being eliminated along with the other benefits. However, during the numerous meetings that took place when this modification was originally made, an implication was again made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi broke its contract with its salaried employees and should be held accountable for that action. Delphi should not be allowed to opt out of this obligation and this motion should be rejected by the court.


Respectfully submitted by:

*Janita C. Beall    28.5 years salaried with Delphi*

Janita C. Beall
4029 Colter Drive
Kokomo, IN 46902
765-865-9107