Hearing Date: February 24, 2009 at 10:00 a.m.

David M. Stuck, *pro se*
9476 Arboridge Ln.
Miamisburg, Ohio 45342

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT F NEW YORK

-----------------------------------------------------------x
                                                           :
    In re                                              :
                                                           :
    DELPHI CORPORATION, et al.                         :
                                                           :
                                                           :
-----------------------------------------------------------x

OBJECTION TO MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363 (b)(1), AND 1108 CONFIRMING DEBTOR'S AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARAIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES

David M. Stuck, for himself, and as representative of any potential class of similarly situated individuals, hereby respectfully requests that the Court (1) deny the Debtor's Motion to Terminate Employer-Paid Postretirement Heath Care Benefits and Employer-paid Post-Retirement Life Insurance Benefits for Certain (A) Salaried Employees and (B) Retirees and their Surviving Spouses (hereinafter "Motion to Terminate Benefits") and (2) that the Court instruct the United States Trustee for the Southern District of New York to appoint an Official Non-Union Retiree Committee pursuant to 11 U.S.C. § 1114(d).

As arguments in support of this Motion, David M. Stuck fully adopts, as if completely restated herein, the arguments and evidence presented by counsel for Paul Higgins, *et al.* in the Objection filed February 13, 2008, Dkt. # 14765. Mr. Stuck believes that his employee benefits were vested based on representations made by General Motors and Delphi and that they cannot be unilaterally terminated solely at the discretion of the company. Further, Mr. Stuck believes that the only effective way to protect those benefits is through the appointment of a Retiree Committee under the statutory provisions enacted by Congress to protect those like Mr. Stuck and others in his class.

_____
David M. Stuck, *Pro Se*
9476 Arboridge Ln.
Miamisburg, Ohio 45342