Charles R. Keech
5707 S. Stonemill Ct.
Midland, MI 48640

February 9, 2009


The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY   10004-1408


Re:    DELPHI CORPORATION, et al., Case No. 05-44481 (RDD)


OBJECTION OF CHARLES R. KEECH TO DEBTORS' MOTION TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST – RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES (SALARIED OPEB TERMINATION MOTION)


I, Charles R. Keech, am a salaried retiree of Delphi Corporation. I have two objections to the Salaried OPEB Termination Motion:

1. I object to the short time for responses, less than 2 weeks, to the Objection Deadline. Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009. Retirees were notified by a FedEx package delivered to their home. It is obvious that the Debtors' and their attorneys have been working for some time preparing this Motion. It is only fair to offer the retirees, the only stakeholders in this motion that will be adversely impacted, sufficient time to prepare an objection to the motion. Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2. I object to the termination of Salaried OPEB for Health Care and Life Insurance. I recognize that, according to the Delphi Benefit plan language, Delphi has the right to modify these plans at the company's discretion. But please note the following:

    a. Since Delphi's 2005 bankruptcy filing, Delphi has already made changes to the Salaried Retiree Health Care benefits. These changes have

significantly impacted the Salaried Retirees, while the UAW represented Retirees have had no such impact. The Salary Retirees have no "seat at the table" in the Bankruptcy proceedings, unlike the UAW which has managed to negotiate little or no changes to the Hourly Retiree benefits through negotiations with the Delphi and General Motors. General Motors has previously agreed to "take over" the Delphi Hourly Retirees Plan. It seems extremely unethical and immoral that the Delphi Salaried Retirees that spent nearly their entire career ( 30+ years in my case) as an employee of General Motors are being treated so unfairly.

b. As the Debtor mentions in their motion, one of the big factors that is affecting increasing health care costs is "the aging population of the United States." The 2006 termination of Salary Retiree Health Care Benefits at age 65 eliminated the effect of an aging population on Delphi's health costs. It will cost Delphi no more if I live to age 90 than if I live to age 66 with that policy change. Any further reduction in Retiree Health Care Benefits should not be approved. Elimination of the Retiree Health Care benefits will place a significant burden on a group of people with the least ability to recover financially, since they are no longer employed.

c. As you know, General Motors spun off its component group operations resulting in the creation of Delphi in 1999. The spin off, though hyped as great opportunity for the new company and its employees, was obviously flawed in its creation and financed in a way that the company would not be viable long term. This is evidenced by the fact that the company filed for bankruptcy less that 6 years after start up in a period of exceptional vehicle sales (14 – 16 million annual sales during the period). It seems ironic that General Motors is now in discussions with Delphi to "take back" some or all Delphi North American operations that supply General Motors.

Given this situation, Judge Drain, I am asking you again to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to seek legal assistance and prepare their objections.

Thank you,    *Charles R Keech* (signature)

Charles R. Keech

I have also caused copies to be served on the following parties via first class mail on February 9, 2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John W. Butler, Jr.