UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                              Chapter 11

DELPHI CORPORATION, *et al.*                    **Case No. 05-44481 (RDD)**

            Debtors                                          (Jointly Administered)

OBJECTION TO
MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID
POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID
POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
("SALARIED OPEB TERMINATION MOTION")

      COME NOW Delphi retired salary persons **David M. McCord** and **Harry D. McVey** ("retirees"), pro se parties-in-interest, and object to the Debtor's Motion for Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses ("Salaried OPEB Termination Motion") filed by Delphi Corporation ("Delphi") for the following reasons:

      1.     Delphi's proposal is an unacceptable attempt to conserve cash reserves. It is unjust and provides an unfair remedy to retirees. Retirees' each had employment of over 30 years with General Motors Corporation ("GM") prior to GM's spin-off of its components divisions. Retirees' each had a brief period of employment with Delphi of approximately four years before the spin-off and two years after the spin-off. Retirees' had no input into GM's spin-off efforts. GM's salaried counterparts continue to receive similar health care benefits in the form of monthly cash contributions. Retirees were assured the benefits would be seamless in the spin-off.

      2.     Delphi's proposal is discriminating. Delphi attempts to conserve cash by provoking one segment only of its employee population – the Delphi retired salary person. Cash conservation by Delphi should include all segments of Delphi's employee and retiree population – *both salary and hourly* – regardless of union representation.

      3.     Delphi's proposal creates an undue hardship.  Retirees based their decisions to retire from Delphi on the basis that these benefits would continue to exist.

      4.     Delphi's motion is vague.  The Motion does not address coverage of retirees' spouses who have not yet reached the age of Medicare eligibility.

      5.     Delphi's timelines are unreasonable.  The February 17, 2009, deadline for response to Delphi's Motion does not afford reasonable time for retirees to adequately respond to Delphi's motion.  The March 31, 2009, date for termination of benefits, should the Court grant Delphi's Motion, does not afford reasonable time for retirees to research and obtain replacement health care coverage for dependents.

      WHEREFORE, retirees object to Delphi's request to terminate Salaried OPEB in its entirety.

      DATED:  February 9, 2009

/s/  DAVID M. McCORD_____
David M. McCord
8653 Quarterhorse Drive
Indianapolis, Indiana  46256

(_____)
 Signature of David M. McCord
 On hard copy only

/s/ HARRY D. McVEY_____
Harry D. McVey
1469 West State Road 38
Pendleton, Indiana  46064

(_____)
 Signature of Harry D. McVey
 On hard copy only

CERTIFICATE OF SERVICE

The following persons were served by hard copy via certified mail on February 9, 2009:

The Honorable Robert D. Drain, Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
    Attn: General Counsel

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
    Attn: John Wm. Butler, Jr.

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
    Attn: Donald Bernstein and Brian Resnick

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
    Attn: Robert J. Rosenberg and Mark A. Broude

FRIED, FRANK, HARRIS, SHRIVE & JACOBSON LLP
One New York Plaza
New York, New York 10004
    Attn: Bonnie Steingart

    OFFICE OF THE UNITED STATES TRUSTEE
    FOR THE SOUTHERN DISTRICT OF NEW YORK
    33 Whitehall Street, Suite 2100
    New York, New York  10004
        Attn:  Brian Masumoto

Objection in electronic format mailed via United States Postal Service, Express Overnight to:

    UNITED STATES BANKRUPTCY COURT,
    SOUTHERN DISTRICT OF NEW YORK
    One Bowling Green
    New York, New York   10004-1408


    /s/ David M. McCord_____
    David M. McCord
    8653 Quarterhorse Drive
    Indianapolis, Indiana  46256


    (_____)
    Signature of David M. McCord
    On hard copy only


    /s/ Harry D. McVey_____
    Harry D. McVey
    1469 West State Road 38
    Pendleton, Indiana   46064


    (_____)
    Signature of Harry D. McVey
    On hard copy only