660 Maple Crest Dr
Frankenmuth, MI 48734
February 9, 2009


The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY   10004-1408

Re:   DELPHI CORPORATION, et al., Case No. 05-44481  (RDD)


OBJECTION OF JOHN H. SCHMIDT TO DEBTORS' MOTION TO CONFIRM
DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –
RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)


I, John H Schmidt, am a salaried retiree of Delphi Corporation. I have two objections to the Salaried OPEB Termination Motion:

1.   I object to the short time to the Objection Deadline. Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009. Retirees were notified by a FedEx package delivered to their home. It is obvious that the Debtors' have had their army of attorneys working for some time preparing the Motion. It is only fair to offer the retirees sufficient time to prepare an objection to the motion. Many retirees are away from their homes and since FedEx deliveries are not forwarded many retirees did not yet receive notification of the motion. I am asking you to extend the Objection Deadline for this motion to May 1, 2009 or later to allow all affected parties adequate time to prepare their objections.


2.   I object to the termination of Salaried OPEB for Health Care and Life Insurance. For over forty years, including over thirty years as a General Motors salaried employee, I was told that I would have Health Care Benefits and Life Insurance for life. A few years ago, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare. This policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account for retirees to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change in and

of itself was a great benefit to Delphi and a significant sacrifice by the retiree. In their motion Delphi states that one of the big factors that is affecting increasing health care costs is "the aging population of the United States." The termination of Health Care Benefits at age 65 eliminated the effect of the aging population. It will cost Delphi no more if I live to age 90 than if I live to age 65 with that policy. A cut in Retiree Health Care Benefits prior to age 65 should not be approved. We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.

I would like the opportunity to provide a better objection to the Debtors' motion, but I do not have an army of accountants and lawyers, and I need more time than is allowed by the unreasonably short notice. I am asking you again to extend the Objection Deadline for this motion to May 1, 2009 or later to allow all affected parties adequate time to prepare their objections.

One more issue comes to light. General Motors spun off its component group operations resulting in the creation of Delphi in 1999. In 2009 Delphi announces a plan to terminate employer paid health care and life insurance for salaried employees at the same time General Motors is negotiating the acquisition of several of Delphi's operations. Something is not quite right here.

Thank you,

*John H. Schmidt*

John H. Schmidt

I have also caused copies to be served on the following parties via first class mail on February 9, 2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John W. Butler, Jr.