February 12, 2009

United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Honorable Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 8, 2005
Document # 14705 to Cancel OPEB (Health Insurance Benefits) for all Retirees

Dear Judge Drain:

This letter is to express my concerns with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

**Please note that this letter is an OBJECTION to that document and file it as a motion to object to document #14705**.

This document was filed with no previous warning to any of the current employees and retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

Many of the most recent retirees of Delphi were retired **BY** the company and **NOT** by the choice of the employee. They were given no decision to make, just told they would be retiring on a specific date. They had little time to prepare for retirement, and little time to adjust to a significantly reduced income before they were hit with this latest development (loss of health care) which will cause financial hardship for every retiree. It will have huge impacts not only on the retirees and soon-to-retire, but also every community where retirees live.

With the current state of the economy, retirees who had saved for retirement in their Stock Savings Plans have lost 40 – 60 % of their savings. As you know, the cost of living has increased significantly in the last two years based upon rising energy costs alone. This coupled with the loss of health care benefits would have a crippling effect on the lives of every retiree of Delphi Corporation.

It is my belief that there are other ways to restructure the company and still retain health care for retirees. Health care benefits are currently scheduled to stop at the age of 65 for all retirees. This cost is a decreasing cost to the company as each of us reaches that 65 age milestone. In fact, General Motors, the former parent company of Delphi, has instituted a similar reduction on its retirees. The GM changes are much more humane in

nature and allow time for the retirees to react to the new conditions and actually most will be able to continue health care benefits until becoming Medicare eligible.

I find it mind boggling that the Debtor in this case has chosen to treat its salary employees in this manner.  The salary employees have little representation in these proceedings.  We are in fact creditors but are not well represented by the creditor committee, nor do we belong to a union who would work on our behalf.  The debtor is always quick to point out that the company has great products for the future and yet these retirees have invested their entire careers to bring value to the business.  They are the engineers, technicians and inventors who have provided value to the company.  And this is their reward?

The Debtor also seems proud that they will be eliminating $1.1 billion in liabilities.  While this might be helpful to them, the liabilities did not disappear.  The liability would be shifted to the retirees with no recourse and little if any ability to recover.  The cost to convert the health care policies to a retiree paid policy range from $800-$1380 per month or $9600-$16,560 per year. This is how the Debtor wants to treat their retirees once they are on a fixed income.  Many will not be able to absorb such a cost and will become uninsured.  Since very few make it to retirement age without some sort of health issue many are uninsurable on the open market.  Their only option is to convert to the employee paid health care or to not have health insurance until age 65.  Not a very attractive option.

This motion is immoral, unethical, ruthless, and fundamentally unfair.  Please know that each of the 15,000 + retirees and soon-to-retire, who will be negatively impacted by this action, will be looking to you for your consideration when making the decision concerning Document #14705 dated February 4, 2009.

## We ask you to REJECT this motion.

                Sincerely yours,

                W. Raymond McInerney
                1286 Golf Brook ln.
                Saginaw, MI 48609
                989 781-1304