12151 E Sand Hills Road
Scottsdale, Az 85255
February 10, 2009

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   DELPHI CORPORATION, et al., Case No. 05-44481 (RDD)

OBJECTION OF MICHAEL A HUSAR TO DEBTORS' MOTION TO CONFIRM
DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –
RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)

I, Michael Husar, am a salaried retiree of Delphi Corporation. I have three objections to the Salaried OPEB Termination Motion:

1.   I object to the short time to the Objection Deadline. Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009. Retirees were notified by a FedEx package delivered to their home. It is obvious that the Debtors' have had their attorneys working for some time preparing the Motion. It is only fair to offer the retirees sufficient time to prepare an objection to the motion. This has been one of the coldest and snowiest winters that the midwest and northeast United States has experienced in the past fifty years. Many retirees are away from their home and spending time in a warmer climate (i.e., Florida, Arizona, etc). Some may be away for a week or two and others for a longer time period. Thus many retirees may not receive notification of the motion on a timely basis and may not be able to file an objection before the deadline. Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2.   I object to the termination of Salaried OPEB for Health Care and Life Insurance. Initially, Delphi Salaried Retirees were granted Health Care Benefits for life when the separation from GM occurred. A few years later, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare. This revised policy also provided for a $10,000 or $20,000 (depending on

retirement date) Retiree Health Reimbursement Account to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change alone was a great cost reduction benefit to Delphi, significantly reducing their "legacy" costs. As they mention in their motion, one of the big factors affecting increasing health care costs is "the aging population of the United States." The termination of Health Care Benefits at age 65 eliminated the effect of the "aging population" for Delphi. It will cost Delphi no more if I live to age 90 than if I live to age 65 with the current policy. Any further cut in Retiree Health Care Benefits should not be approved. We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.

3.   I object to the termination on the grounds that is not "fair and equitable" with respect to how the Delphi hourly retirees and current workers have been handled. They have lost no health care coverage and have, at most, been made subject to slightly higher co-payments. This was done by transferring their "legacy costs" back to General Motors. GM also has recently made changes to their salary retiree health care benefits but provided additional pension income to offset a portion of the cost and did not terminate it. As you may or may not know, most Delphi employees were given no choice as to whether to stay with GM or go with Delphi. In fact, many were prevented from moving back to GM (I was) as our skill set was deemed to be "critical" to Delphi. Had the Delphi hourly current and retired workers been subject to the same new policy that is being proposed for the salary workers, I sincerely believe this change would not have even been considered.

I clearly understand the need for Delphi to conserve cash during these difficult economic times. However, putting this unforeseen burden and hardship of a loss of health care benefits on the retirees is unfair and inequitable.

Based on the above items, I respectfully ask you to disallow the Delphi motion to discontinue the Employer Paid Post Health Care Benefit.

Thank you,

*Michael A Husar*
Michael A Husar


I have also caused copies to be served on the following parties via first class mail on February 10, 2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL  60606
Attn:   John W. Butler, Jr.