PLAINTIF IS REPRESENTING HIMSELF

MICHAEL G. DENEUT
1894 MACKINAW RD.
TURNER MICH. 48765

BY: Michael G. Deneut

UNITED STATES BANKRUPTTCY COURT SOUTHERN DISTRICT OF NEW YORK

In re:                                          ) **Chapter 11 Case No:05-44481 (RDD)**
                                                 )
DELPHI CORPORATION,et al.,Debtors and            ) **Objection to**: NOTICE OF MOTION FOR
                                                 ) ORDER UNDER 11 U.S.C.$$105,363(b)(1),
Deptors-in-Possession,                           ) AND 1108 CONFIRMING DEBTORS' AUTHORITY
                                                 ) TO TERMINATE EMPLOYER-PAID POST-
        Debtor.                                  ) RETIREMENT HEALTH CARE BENIFITS AND
                                                 ) EMPLOYER-PAID POST-RETIREMENT LIFE
                                                 ) INSURANCE BENIFITS FOR CERTAIN (A)
                                                 ) SALARIED EMPLOYEES AND (B) RETIREES
                                                 ) AND THEIR SURVIVING SPOUSES

DELPHI AND DEBTORS SHORT NOTICE TO TERMINATE RETIREMENT BENEFITS FOR CERTAIN SALARIED RETIREES HAS PUT ADDED BURDEN TO OBTAINING AFFORDABLE REPLACEMENT INSURANCE. TYPICALLY UP TO 6 MONTHS COULD BE REQUIRED FOR ACCEPTANCE. ALSO, PRE-EXISTING HEALTH CONDITIONS MAKE ME AND MY SPOUSE INELIGIBLE FOR COVERAGE WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, EXPOSURE TO HAZARDOUS CHEMICALS AND AGENTS (ASBESTOS) DURING MY EMPLOYMENT HAS DISQUALIFIED ME AND MY SPOUSE WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, BY TRANSFERRING ALL HOURLY RETIREES TO GM ROLES DELPHI HAS REDUCED THE INSURABLE POOL TO A MUCH REDUCED SIZE WHICH LESSONS SALARIED EMPLOYEES ELIGIBILITY FOR AFFORDABLE RATES. ALSO, BY ASSUMING THAT THE RULING WILL BE IN THEIR FAVOR DELPHI HAS PREMATURLY SENT OUT NOTICES THAT ALL BENEFITS WILL BE TERMINATED CAUSING DURESS ASSOCIATED WITH APPLICATION PERIODS. ALSO, PREMIUMS BEING OFFERED FOR SELF PAY ARE NOT AFFORDABLE AS THEY ARE NOT ACTUALLY BASED ON EMPLOYER RATES FOR THE SAME COVERAGE. DECISIONS MADE BY SALARIED EMPLOYEES TO RETIRE WERE BASED ON INFORMATION GIVEN TO THEM AT THE TIME OF THE SIGNING OF THE RETIREMENT CONTRACT. DECISIONS BASED ON IMPLIED PROMISES FOR PROVIDING MONTHLY HEALTH AND LIFE INSURANCE PROVISIONS. THERFORE IT IS REQUESTED

THAT DELPHI AND ITS DEPTORS LIVE UP TO IMPLIED PROMISES ENTERED INTO WITH

SALARIED EMPLOYEES DURING THEIR EMPLOYMENT AND AGREED UPON AT THE TIME OF

EMPLOYEE SEPARATION FROM THE COMPANY INTO THEIR MANAGED RETIREMENT PROGRAM

WHICH INCLUDED PROVIDING PAID PROVIDER HEALTH CARE AND LIFE INSURANCE

BENIFITS TO THE SALARIED RETIREES JUST AS THEY ARE CONTINUING TO PROVIDE

HEALTH CARE AND LIFE INSURANCE FOR THE HOURLY RETIRED WORKFORCE. - 1

February 9, 2009

United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Honorable Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 8, 2005
Document # 14705 to Cancel OPEB (Health Insurance Benefits) for all Retirees

Dear Judge Drain:

This letter is to express my concerns with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

**Please note that this letter is an OBJECTION to that document and file it as a motion to object to document #14705**.

This document was filed with no previous warning to any of the current employees and retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

Many of the most recent retirees of Delphi were retired **BY** the company and **NOT** by the choice of the employee. They were given no decision to make, just told they would be retiring on a specific date. They had little time to prepare for retirement, and little time to adjust to a significantly reduced income before they were hit with this latest development (loss of health care) which will cause financial hardship for every retiree. It will have huge impacts not only on the retirees and soon-to-retire, but also every community where retirees live.

With the current state of the economy, retirees who had saved for retirement in their Stock Savings Plans, have lost 40 – 60 % of their savings. As you know, the cost of living has increased significantly in the last two years based upon rising energy costs alone. This coupled with the loss of health care benefits would have a crippling effect on the lives of every retiree of Delphi Corporation.

It is my belief that there are other ways to restructure the company and still retain health care for retirees. Health care benefits are currently scheduled to stop at the age of 65 for all retirees. This cost is a decreasing cost to the company as each of us reaches that 65 age milestone.

Please know that each of the 15,000 + retirees and soon-to-retire, who will be negatively impacted by this action, will be looking to you for your consideration when making the decision concerning Document #14705 dated February 4, 2009.

**We ask you to REJECT this motion.**

Sincerely yours,

Michael G. Deneut
1894 Mackinaw Rd.
Turner Mich. 48765
989-876-7560

MICHAEL G. DENEUT
1894 MACKINAW RD.
TURNER MICH 48765
February 10, 2009

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY   10004-1408

Re:    DELPHI CORPORATION, et al., Case No. 05-44481  (RDD)

OBJECTION OF MICHAEL G. DENEUT TO DEBTORS' MOTION TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)

I, Michael G. Deneut, am a salaried retiree of Delphi Corporation.  I have two objections to the Salaried OPEB Termination Motion:

1.    I object to the short time to the Objection Deadline.  Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009.  Retirees were notified by a FedEx package delivered to their home.  It is obvious that the Debtors' have had their army of attorneys working for some time preparing the Motion.  It is only fair to offer the retirees sufficient time to prepare an objection to the motion.  This is mid-winter in one of the coldest and snowiest winters that the midwest and northeast United States has experienced in the past fifty years.  Many retirees are away from their home and spending time in a warmer climate (i.e., Florida, Arizona, etc).  Some may be away for a week or two and others for a period of months.  They had the opportunity to have their US Mail forwarded to their winter or vacation residence, but that does not mean that FedEx deliveries will be forwarded.  This means that many retirees did not receive notification of the motion.  Many of those that do hear of the motion will hear of it later than the February 5 notification date, allowing an even shorter time to file before the objection deadline.  Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2.    I object to the termination of Salaried OPEB for Health Care and Life Insurance.  It was not long ago that Delphi Salaried Retirees were granted Health Care Benefits for life.  Then a few years ago, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare.  This policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account for retirees to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65.  That policy change was a great benefit to Delphi, but enough is enough.   As they mention in their motion, one of the big factors that is affecting increasing health care costs is "the aging population of the United States."  The termination of Health Care Benefits at age 65 eliminated the effect of the aging population.  It will cost Delphi no more if I live to age 90 than if I live to age 72 with that policy.  Any further cut in Retiree Health Care Benefits should not be approved.  We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.

I would like the opportunity to provide a better objection to the Debtors' motion, but I do not have an army of accountants and lawyers, and I need more time than is allowed by the unreasonably short notice.  Judge Drain, I am asking you again to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

Thank you,


Michael G. Deneut

I have also caused copies to be served on the following parties via first class mail on February 10, 2009.

| | |
|---|---|
| Delphi Corporation | Skadden, Arps, Slate, Meagher & Flom LLP |
| Attn: General Counsel | 333 West Wacker Drive |
| 5725 Delphi Drive | Suite 2100 |
| Troy, MI  48098 | Chicago, IL  60606 |
| | Attn:    John W. Butler, Jr. |

Davis Polk & Wardwell
450 Lexington Ave. New York
 New York 10017
Att'n: Donald Bernstein & Brian Resnick

Latham & Watkins LLP
885 Third Ave. New York
 New York 10022
Att'n: Robert J.Rosenberg & Mark A. Broude

Fried, Frank, Harris Shriver & Jacobson LLP
One New York Plaza, New York
New York 10004
Att'n: Bonnie Steingart

Office of the United States Trustee
Southern District of New York
 33 Whitehall Street, Suite 2100
New York, New York 10004
 Att'n: Brian Masumoto