February 10, 2009

United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Honorable Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 8, 2005
Document # 14705 to Cancel OPEB (Health Insurance Benefits) for all Retirees

Dear Judge Drain:

This letter is to express my concerns with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

**Please note that this letter is an OBJECTION to that document and file it as a motion to object to document #14705**.

This document was filed with no previous warning to any of the current employees and retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

Many of the most recent retirees of Delphi were retired **BY** the company and **NOT** by the choice of the employee.  They were given no decision to make, just told they would be retiring on a specific date.  They had little time to prepare for retirement, and little time to adjust to a significantly reduced income before they were hit with this latest development (loss of health care) which will cause financial hardship for every retiree.  It will have huge impacts not only on the retirees and soon-to-retire, but also every community where retirees live.

With the current state of the economy, retirees who had saved for retirement in their Stock Savings Plans, have lost 40 – 60 % of their savings.  As you know, the cost of living has increased significantly in the last two years based upon rising energy costs alone.  This coupled with the loss of health care benefits would have a crippling effect on the lives of every retiree of Delphi Corporation.

It is my belief that there are other ways to restructure the company and still retain health care for retirees. Health care benefits are currently scheduled to stop at the age of 65 for all retirees.  This cost is a decreasing cost to the company as each of us reaches that 65 age milestone.

Please know that each of the 15,000 + retirees and soon-to-retire, who will be negatively impacted by this action, will be looking to you for your consideration when making the decision concerning Document #14705 dated February 4, 2009.

## We ask you to REJECT this motion.

Sincerely yours,

William A. Hinton
3269 Quanicassee Rd.
Reese, Mi 48757
(989) 868-3602

PLAINTIF IS REPRESENTING HIMSELF

Attorney for Plaintiff
 WILLIAM A. HINTON

BY: WILLIAM A. HINTON

UNITED STATES BANKRUPTTCY COURT SOUTHERN DISTRICT OF NEW YORK

| In re: | ) Case No.: Chapter 11 Case No. 05-44481 |
|---|---|
| | ) |
| DELPHI CORPORATION, et al., Debtors and | ) **Objection to**: NOTICE OF MOTION FOR |
| | ) ORDER UNDER 11 U.S.C. $$105, 363(b)(1), |
| Deptors-in-Possession, | ) AND 1108 CONFIRMING DEBTORS' AUTHORITY |
| | ) TO TERMINATE EMPLOYER-PAID POST- |
| | ) RETIREMENT HEALTH CARE BENIFITS AND |
| Debtor. | ) EMPLOYER-PAID POST-RETIREMENT LIFE |
| | ) INSURANCE BENIFITS FOR CERTAIN (A) |
| | ) SALARIED EMPLOYEES AND (B) RETIREES |
| | ) AND THEIR SURVIVING SPOUSES |
| | ) |

DELPHI AND DEBTORS SHORT NOTICE TO TERMINATE RETIREMENT BENEFITS FOR CERTAIN SALARIED RETIREES HAS PUT ADDED BURDEN TO OBTAINING AFFORDABLE REPLACEMENT INSURANCE. TYPICALLY UP TO 6 MONTHS COULD BE REQUIRED FOR ACCEPTANCE. ALSO, PRE-EXISTING HEALTH CONDITIONS MAKE ME AND MY SPOUSE INELIGIBLE FOR COVERAGE WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, EXPOSURE TO HAZARDOUS CHEMICALS AND AGENTS (ASBESTOS) DURING MY EMPLOYMENT HAS DISQUALIFIED ME AND MY SPOUSE WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, BY TRANSFERING ALL HOURLY RETIREES TO GM ROLES DELPHI HAS REDUCED THE INSURABLE POOL TO A MUCH REDUCED SIZE WHICH LESSONS SALARIED EMPLOYEES ELIGIBILITY FOR AFFORDABLE RATES. ALSO, BY ASSUMING THAT THE RULING WILL BE IN THEIR FAVOR DELPHI HAS PREMATURLY SENT OUT NOTICES THAT ALL BENEFITS WILL BE TERMINATED CAUSING DURESS ASSOCIATED WITH APPLICATION PERIODS. ALSO, PREMIUMS BEING OFFERED FOR SELF PAY ARE NOT AFFORDABLE AS THEY ARE NOT ACTUALLY BASED ON EMPLOYER RATES FOR THE SAME COVERAGE. DECISIONS MADE BY SALARIED EMPLOYEES TO RETIRE WERE BASED ON INFORMATION GIVEN TO THEM AT THE TIME OF THE SIGNING OF THE RETIREMENT CONTRACT. DECISIONS BASED ON IMPLIED PROMISES FOR PROVIDING MONTHLY HEALTH AND LIFE INSURANCE PROVISIONS. THERFORE IT IS REQUESTED

   THAT DELPHI AND ITS DEPTORS LIVE UP TO IMPLIED PROMISES ENTERED INTO WITH

   SALARIED EMPLOYEES DURING THEIR EMPLOYMENT AND AGREED UPON AT THE TIME OF

   EMPLOYEE SEPARATION FROM THE COMPANY INTO THEIR MANAGED RETIREMENT PROGRAM

     WHICH INCLUDED PROVIDING PAID PROVIDER HEALTH CARE AND LIFE INSURANCE

     BENIFITS TO THE SALARIED RETIREES JUST AS THEY ARE CONTINUING TO PROVIDE

       HEALTH CARE AND LIFE INSURANCE FOR THE HOURLY RETIRED WORKFORCE. - 1