Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Robert E Wheatley
8018 W 900 N,
Carthage, IN 46115
(765) 565-6595

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
In re                         :  Chapter 11
                              :
DELPHI CORPORATION, et al.,   :  Case No. 05-44481 (RDD)
                              :
              Debtors.        :  (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105,
363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE
EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-
PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am officially an active Delphi employee, but am currently on vacation, scheduled for

retirement as of March 1, 2009. As the court knows, Delphi Corp. filed a motion with the U.S.

Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The

notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated.

This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees and their spouses is stopped when they reach age 65. Retirees hired after 1992 do not receive health care coverage in retirement at all.

2) Employees hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in, so they have had time to plan accordingly. Employees like me, who were hired prior to that date were promised by the company that we would receive health care coverage in retirement. In fact, we were told that was considered part of our total compensation package. I am now at the threshold of retirement. I cleaned out my desk and turned in my badge on 23 January of this year, fully believing I would be provided health care coverage in retirement for myself and my dependant wife until each of us reached 65 and became Medicare eligible. Two weeks after departing, I suddenly find health care and life insurance benefits are to be taken away. If the court allows this to happen, these benefits, which have been promised us all these years will vanish. I certainly have no time now to plan to compensate for this loss. To continue my current coverage out of my own pocket will nearly wipe out all of my after-tax retirement monthly check, leaving us almost entirely dependent on my Social Security, and possibly public aid programs.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried employees who were promised this coverage when they retire. When the company recovers and

2

the executives are receiving their bonuses, it makes moral sense that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I am an electronics technician who found refuge at Delphi after my former employer of 17 ½ years, Western Electric, closed the plant in Indianapolis where I had worked for half a career. I picked up the pieces of our life, found new employment and started a second career with Delphi (then Delco Electronics). After twenty years of devoted employment with Delphi, now at age 63, I have no time left to pick up and start yet a third career. I am counting on the retirement benefits I was promised during my active employment at Delphi to provide for myself and my dependent wife of 37 years. My wife has been a homemaker during our entire married life and is dependent on me to provide our income and the necessities of living, not the least of which is health care. She has no health care insurance on her own, and is not Medicare eligible until 2015. Furthermore, having been diagnosed with diabetes in 1997, I cannot risk being without health insurance for two years myself while waiting to become Medicare eligible.

I understand the extraordinarily difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be

3

temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.


Dated:      Carthage, Indiana
              February 10, 2009


Robert E Wheatley

*Robert E Wheatley*

8018 W 900 N
Carthage, IN 46115
765-565-6595