United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

*Johnnie V. Barnes*
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

*Johnnie V. Barnes*
Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement
Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For
Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333

United States Bankruptcy Court for the South District of New York
One Bowling Green
New York, New York 10004-1408
Case # 05-44401
Debtor: Delphi Corp.
February 10, 2009

Attn: Honorable Robert D. Drain

Contesting Motion For The Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post Retirement Health Care Benefits And Employer-Paid Post- Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

1. The filing of this Motion by Delphi does represent to retirees a breech of the contractual arrangements that comprises the foundation of the retirement decision.

2. It suggest discussions of retirement benefits are not being made in good faith because even recent retirees are surprised by the sudden announcement.

3. There has to be some other compromise that can better accommodate both victims of the economic down turn. Retirees could assume 25 to 30 percent of cost of benefits.

4. The lack of an adequate grace period (from notification to implementation) does not allow preparation time for an expense that will consume such a high percentage of retirees pension.

5. Salaried employees were told monies were set aside to pay for benefits. Salaries were lower because of this set aside. Why should we have to sacrifice on the front end and also ask to sacrifice on the back end.

6. The salaried work force should not have to bear this burden alone, when the hourly work force remains untouched to the same degree. We only want some equity sharing.

We ask that the Court deny this motion because salaried employees should not have to shoulder the total burden when we played by the rules.

Johnnie V. Barnes
292 Stanley Chapel Church Road
Dudley, North Carolina 28333