February 10, 2009



United States Bankruptcy Court
One Bowling Green
New York, NY 10004

RECEIVED FEB 13 2009
U.S. BANKRUPTCY COURT, SDNY

Attn: Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 8, 2005
Document # 14705 to cancel OPEB (health insurance benefits) for all retirees

Dear Judge Drain:

This letter is to express my concerns with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

**Please note that this letter is an OBJECTION to that document and file it as a motion to object to document #14705.**

This document was filed with no previous warning to any of the retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

Many of the most recent retirees of Delphi were retired **BY** the company and **NOT** by the choice of the employee. We were given no decision to make, just told we would be retiring on a specific date. We had little time to prepare for retirement, and little time to adjust to a significantly reduced income before we were hit with this latest development (loss of health care) which will cause financial hardship for every retiree. It will have huge impacts not only on the retirees, but also every community where retirees live.

With the current state of the economy, retirees who had saved for retirement in their Stock Savings Plans, have lost almost 40% of their savings. As you know, the cost of living has increased significantly in the last two years. This coupled with the loss of health care benefits would have a crippling effect on the lives of every retiree of Delphi Corporation.

It is my belief that there are other ways to restructure the company and still retain health care for retirees. Health care benefits are currently scheduled to stop at the age of 65 for all retirees. This cost is a decreasing cost to the company as each of us reaches that 65 age milestone.

Please know that each of the 15,000 retirees who will be negatively impacted by this action will be looking to you for your consideration when making the decision concerning Document #14705 dated February 4, 2009.

## We ask you to REJECT this motion.

Sincerely yours,

*James R. McLemore*

*James R. McLemore*

P.S. I worked 36 years for GM & Delphi — 18 years Hourly 18 years Salary. I paid into Hourly & Salary account for 36 years. 33 years GM — 3 years Delphi. IN 1999 they told us that health and benefits would never change. Please Reject Delphi Request.

Thank you

*James R. McLemore*

Microsoft Word. I have heard that Judge Drain is not accepting letters but that is being verified.



----------------------------------------------

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York , New York 10004

Case Number: 05-44481
Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. A 7§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retires And Their Surviving Spouses (the "Motion").

There are two parts to this objection:

Part 1:   (OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.)

The OPEB benefits cited in this motion were not paid for by the employer ( Delphi ). Each year, salaried employees received a salary and benefits package as opposed to contract employees that received a larger salary in lieu of these benefits.

All salaried employees received a lower salary to enable the Delphi to set aside money in a trust fund out of which these OPEB benefits would be paid in the future.

Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993 were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious that Delphi valued these benefits at some level greater than 1 % of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by Delphi was used for other purposes. In fact, this borders on mismanagement and malfeasance on the part of Delphi .

Therefore, I believe i t is incumbent upon this court to reject this motion from Delphi .

Part 2:  ( Delphi breached their contract with salaried employees.)

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi . Employees were recruited by Delphi based on a salary and benefit package that implied, if not directly stated, that the

salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. And. the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was done to prevent salaried employees from demanding union representation. Hourly benefits are not being subjected to this motion to cancel retiree benefits because of the con tract between Delphi and the various unions. Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early. Here again, a package was prepared showing the retirement income and benefits that would be provided if the employee elected to retire. NO EMPLOYEE would have signed the early retirement documents if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement. Again, NO EMPLOYEE would have signed the retirement document if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

After many employees retired, Delphi discontinued health care benefits after age 65. A number of meetings were held describing a "Wageworks pot" of $20,000 that was to be used to minimize the trauma caused by this change. This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees.

This "pot" is now being eliminated along with the other benefits. However, during the numerous meetings that took place when this modification was originally made, an implication was again made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi broke its contract with its salaried employees and should be held accountable for that action. Delphi should not be allowed to opt out of this obligation and this motion should be rejected by the court.

Respectfully submitted by:

*James R McLemore*

*James R McLemore*