UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION TO DEBTORS' MOTION TO TERMINATE
EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS
AND POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN
SALARIED EMPLOYEES AND THEIR RESPECTIVE SPOUSES AND
PETITION FOR THE COURT TO APPOINT A COMMITTEE OF RETIREES
PUSUANT TO SECTION 1114 OF THE BANKRUPTCY CODE**

Petitioner, Austin D. Scudieri, a 36-year salaried employee of Delphi Corporation, files this motion *pro se*, objecting to the Motion filed by the Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned case (collectively, the "Debtors") on February 4, 2009, which seeks the Court's authorization to terminate applicable post-retirement health care and life insurance benefits for certain salaried employees and retirees and their surviving spouses (hereinafter "Salaried OPED Termination Motion") (Document # 14705); and hereby petitions this Court to appoint a committee of retired employees to serve as his authorized representative pursuant to Section 1114(d) of the Bankruptcy Code. In support, Petitioner Austin D. Scudieri (hereinafter Petitioner) states as follows:

**Preliminary Statement**

Petitioner, a 36-year salaried employee of Delphi Corporation, is scheduled to be separated from employment with the Delphi Corporation effective April 1, 2009, and, as such, is a party in interest in Debtors' motion to terminate post-retirement health care and life insurance benefits. On February 5, 2009, Petitioner received a letter from the Delphi

1

Corporation addressed to Delphi U.S. Salaried Employees that stated, among other things, that "effective April 1, 2009, Delphi Corporation will cease to provide health care and life insurance benefits in retirement to salaried employees and retirees." The letter informed Petitioner that on February 4, 2009, the Delphi Corporation had "filed a motion with the U.S. Bankruptcy court regarding the aforementioned benefits in retirement." Finally, the letter informed Petitioner that, "Any response to the motion that was filed would need to be filed with the Bankruptcy Court no later than February 17, 2009." This motion, and petition, is a response to the Debtors' Salaried Other Post Employment Benefits ("OPED") Termination Motion.

### Petitioner Objects to Debtors' Salaried OPED Termination Motion and Petitions the Court to Appoint a Committee of Retirees Pursuant to Section 1114(d)

Petitioner objects to Debtors' Salaried OPED Termination Motion. First, Petitioner contends that approximately 15,000 retirees with 30+ years of service are being asked to bear a disproportionate amount of financial sacrifice tied to Delphi's bankruptcy emergence plans. Petitioner believes that any modification of health care benefits should be shared equally by active and retired employees. Second, Delphi's February 5, 2009, announcement that the termination of benefits will be effective on April 4, 2009 (in less than two months) is unreasonably short notice. Such short notice will impose a hardship on salaried employees, such as Petitioner, whose health and life insurance benefits will be suddenly curtailed. Petitioner believes that any modification of benefits, should Debtors prove that it is a necessity for reorganization and fair an equitable, should allow a reasonable period of time (i.e. at least six to twelve months) to allow retirees under sixty-five to secure alternate employment with benefits or find competitive health care policies. Third, Petitioner believes that the requirements and procedures of Section 1114 of the

2

United States Bankruptcy Code should apply to the Debtors' present attempt to terminate the post-employment health care and life insurance benefits for retired salaried employees, and hereby petitions this Court to appoint a committee of retired employees to represent him, and other salaried retirees, in the bankruptcy proceedings.[1]

The language of Section 1114 of the U.S. Bankruptcy Code states: "Notwithstanding any other provision of this title, the debtor in possession, or the trustee...shall timely pay and shall not modify any retiree benefits..."unless the court approves these modifications pursuant to subsections (g) and (h) of Section 1114 or an agreement has been reached with the authorized representative of the recipient of the benefits. According to Section 1114(a) the term "retiree benefits" is defined broadly to encompass payments for the purpose of reimbursing payments for retired employees and their spouses and dependents for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program. The term "modification" would surely apply to a situation such as this in which the Debtors seek to terminate Petitioner's health care and life insurance benefits.

Additionally, Section 1114(d) states: "The court, upon a motion by any party in interest, and after notice and a hearing, shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retiree benefits not covered by a collective bargaining agreement." The Debtor has not brought its proposal to terminate post-retirement benefits before a committee of retired employees, or before any

---

[1] Due to Petitioner's commitment to his job with the Debtor, and limited means available, he will not be able to attend the February 24, 2009, hearing but asks that the Court give due consideration to his interests.

3

authorized representative of the salaried retirees, prior to bringing this motion as envisioned in Section 1114(f)(1). Thus, Petitioner asks this Court pursuant to Section 1114(d), and the Court's broad equitable powers, to appoint a committee of retired employees to represent Plaintiff, and other salaried employees who will be affected by Debtors' termination of their post-retirement benefits.

The Debtors argue that Section 1114 is inapplicable, because the Debtors have always retained the authority to modify or terminate the discretionary Salaried OPED programs on a unilateral basis. However, as the court found in *In re Farmland Industries Inc.*, "There is nothing in the language of the statute to suggest that Congress intended to allow the termination of retiree benefits in those instances where the debtor has the right to unilaterally terminate those benefits under the plain language of the program at issue. While they assert this right in pending Motions, the Debtors have not pointed to any language in the statute that would create such an exception. Nor can they, for it does not exist. In fact, if one were to accept the Debtors' argument, the statute would be eviscerated and rendered totally meaningless." *See In re Farmland Industries Inc.*, 294 B.R. 903, 917 (Bankr. W.D. Mo. 2003) ( court found that Section 1114 prohibits a debtor from terminating or modifying any retiree benefits during Chapter 11 unless the debtor complies with the procedures and requirements of Section 1114, regardless of whether the debtor has the right to unilaterally terminate the benefits. *Id.* at 914)

Section 1114 of the Bankruptcy Code was codified by the Retiree Benefits Bankruptcy Protection Act of 1988. *See In re Farmland Industries Inc.*, 294 B.R. 903 for a discussion of the legislative history of the statute. By this motion, Petitioner is simply asking this Court to carry out the will of Congress expressed in Section 1114(d) of the

4

U.S. Bankruptcy Code by appointing a committee of retirees that will represent Petitioner, and other salaried retirees, in these bankruptcy proceedings concerning the Debtors' motion to terminate their post-retirement health and life insurance benefits. As the court found in the *Matter of Federated Dept. Stores, Inc.*, 121 B.R. 332, 334 ( Bkrtcy S.D. Ohio 1990), "[I]t is clear that Congress intended § 1114 to provide for the appointment of qualified retirees to negotiate on behalf of their fellow retirees." (Court had authority to order payment of administrative expenses of official retiree's committee representing interests of retirees if only pursuant to its broad equitable powers to issue orders "necessary or appropriate to carry out provisions of" Bankruptcy Code.)

### Petition for Relief

For all the foregoing reasons, Petitioner objects to the Debtors' Salaried OPED Termination Motion filed on February 4, 2009; asks the Court to deny the Motion as premature and require the Debtors to develop an alternative proposal that "spreads the sacrifice more equitably" and gives reasonable notice; and petitions the Court pursuant to Section 1114 of the U.S. Bankruptcy Code to appoint a committee of retired employees to serve as the authorized representative of Petitioner, and other similarly situated retirees, and asks that the Court require that any alternative proposal to modify post-retirement benefits be brought before such committee as envisioned by the statute.

Respectfully submitted,

*Austin D. Scudieri*

Austin D. Scudieri
Petitioner *Pro Se*
411 Cherry Hill Lane
Cortland, Ohio 44410
(330) 637-9194

5

## CERTIFICATE OF SERVICE

Petitioner, Austin D. Scudieri, _Austin D. Scudieri_ hereby certifies that his *Objection to Debtors' Motion to Terminate Employer-Paid Post-Retirement Health Care Benefits and Post-Retirement Life Insurance Benefits For Certain Salaried Employees and Their Respective Spouses and Petition For the Court to Appoint a Committee of Retirees Pursuant to Section 1114 of the Bankruptcy Code* was submitted to the chambers of Honorable Robert D. Drain, United States Bankruptcy Court, 6th Floor, One Bowling Green, New York, New York 10004, (212)668-2301 by _US Postal Service –_ on _February 13, 2009_ to be delivered on February 17, 2009, and was also served upon the following parties.

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn. General Counsel

Counsel to Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive Suite 2100
Chicago, Illinois 60606
Attn. John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn. Donald Bernstein,
Brian Resnick

Lathan and Watkins
885 Third Avenue
New York, New York 10022
Attn. Robert J. Rosenberg:
Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn. Bonnie Steingart

Office of the U.S. Trustee for
The Southern District of New York
33 Whitehall Street Suite 2100
New York, New York 10004
Brian Masumoto