Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Thomas C. Rezsonya
12458 South Payton Road
Galveston, IN 46932
(574) 699-9061



RECEIVED FEB 13 2009 U.S. BANKRUPTCY COURT, SDNY

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
In re                               :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                Debtors.            :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am a retired Delphi employee. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now that I have retired I find that self-paid health care will now cost me ~$34,000, or ~39% of my pension, for the years until my wife and I become 65. Complete loss of health care benefits for retirees hired before December 31, 1992 inflicts far too much of a hardship on those families that had no time to plan for this sacrifice.

## SUMMARY

I am an engineer who hired into the company in 1968 under GM and has dedicated my working career to making GM and then Delphi the best company I could. Over the 40 years I worked for GM/Delphi, I donated countless unpaid hours to make GM and Delphi successful. Now I find I am deeply offended that my management friends and colleagues would attempt to force such a large hardship upon my family.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees need to be <u>temporarily modified</u> to help ensure the company's survival,

then that is what may have to be done.  <u>Total</u> elimination of health care coverage for salaried retirees that were promised and counted on heavily, however, is not justified.  Currently employed employees can remain working until they are 65 years old and go directly to the Medicare rolls, or they can seek other employment if they do not agree with retirement benefits reductions.  These are options that the retirees do not have.  Suspended or reduced RHRA and reduced health care coverage, such as higher co-pays, higher deductibles and/or premiums, could be temporarily imposed on those retirees hired before December 31, 1992 and produce significant corporate savings.  This would reduce the sudden unplanned excessive hardship that result from the <u>total</u> loss of all healthcare benefits on those who were promised and had planned on those benefits.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Dated:      Galveston, Indiana
            February 10, 2009

                                                Thomas C. Rezsonya

                                                12458 S. Payton Rd.
                                                Galveston, IN  46932
                                                574-699-9061