Richard J. Wilcox
87 South Street
LeRoy, New York 14482
(585) 768-6843

February 11, 2009

Honorable Robert D. Drain
United States Bankruptcy Judge for the
    Southern District of New York
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

Re: **OBJECTION TO MOTION FOR ORDER TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN SALARIED EMPLOYEES AND RETIREES AND THEIR SURVIVING SPOUSES**

**Delphi Corporation, Case No. 05-44481 (RDD) (Chapter 11)**

Dear Judge Drain:

Please accept this letter as an objection to the motion filed by Delphi Corporation, the Debtor in the above-referenced case, seeking to confirm its authority to terminate employer-paid, post-retirement health care and life insurance benefits for certain salaried employees, retirees, and surviving spouses. The impact of this decision will have immense impact on thousands of Delphi retirees, active employees, and surviving spouses.

Pursuant to 11 U.S.C. § 1114, a debtor in reorganization may not terminate health and life insurance payment programs maintained for retirees and their spouses and dependents without first negotiating proposed modifications in benefit payments with representatives of the retirees. Once these negotiations have occurred and the parties can demonstrate that no agreement can be reached, it is up to the debtor to then seek and receive court approval to make modifications to any health insurance or life insurance benefits offered. In this case, the Debtor did not negotiate with representatives of the retirees and, in fact, provided very little notice to this group of creditors regarding their intent to modify the benefits provided to them and their dependents.

Retirees of the Debtor did not receive any official notification of Delphi's intent to terminate the health insurance and life insurance of salaried employees and retirees. The first notice that I received regarding the Debtor's intent to terminate my benefits was a copy of the Notice of Motion filed with the court on February 4, 2009. This Notice of Motion further

indicated that the affected employees and retirees had until only February 17, 2009 to file any objections to the motion. Certainly, this late notice to the affected group of employees and retirees did not provide the parties an opportunity to negotiate any modifications to the health insurance and life insurance benefit plans and does not allow the affected employees and retirees an opportunity to consult with an attorney or otherwise determine what their rights are with respect to this request by Delphi. Eleven days to file an objection to the motion is insufficient time to allow this large group of retirees to ascertain and assert their rights under the law.

The loss of life and health insurance creates a great burden for retirees and their spouses. When I retired from Delphi, it was with the understanding and promise that, in return for my 30 years of service to the company, I would receive health insurance and life insurance for the remainder of my life. I relied on this promise and, as a result, am not in a position to easily obtain alternate health insurance coverage. In many instances, including mine, retirees and their spouses have pre-existing health conditions that will impact their ability to obtain alternate health insurance coverage or alternate life insurance and certainly makes such alternate coverage prohibitively expensive.

The timing of this announcement is also difficult. As you know, the economy and the stock market (where many retirees invested for their retirement) have taken a terrible hit. Many of the retirees, including myself, have experienced great losses in the stock market and in my retirement funds. These financial losses, coupled with the high price of health insurance, will create a hardship for me and other retirees who seek to purchase alternate coverage. With the local economies where Delphi retirees live already being impacted by the recession, the loss of health insurance coverage for retirees will impose an even greater burden on the localities in terms of Medicare and Medicaid costs and an increased need for other social services.

While I understand the difficulty that Delphi Corporation has experienced over the years and its precarious financial position, I believe that the company should honor the promises that it made to employees who provided years of dedicated service. The retirees and their representative would be willing to consider steps to control the cost of the health and life insurance benefits provided by the Debtor, if Delphi would be willing to meet with us and provide some alternatives. The draconian measure of cutting all health insurance and life insurance benefits with little more than two months notice is unacceptable and is a breach of the trust that I and others have placed in the company.

Please reject the Debtors' and order the company to find other ways to control their health insurance costs without subjecting to this group of retirees to the punitive measure of canceling the health insurance and life insurance benefits that we worked so hard to earn. Thank you for your consideration.

Sincerely,

*Richard J Wilcox*

Richard J. Wilcox

| UNITED STATES BANKRUPTCY COURT Southern District of New York | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Richard J. Wilcox | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: 87 South Street LeRoy, New York 14482 | Court Claim Number:_____ (*If known*) |
| Telephone number: (585) 768-6843 | Filed on:_____ |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** services performed
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 6487

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☑ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ **95,000.00**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: 2/13/09  Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*/s/ Richard J. Wilcox*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.