February 10, 2009

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 1004-1408

Re: DELPHI CORPORATION, et al, Case No. 05-44481 (RDD)
    Document # 14705

**OBJECTION OF LAWRENCE C. RICHARDS TO DEBTORS' MOTION FILED ON FEBRUARY 4, 2009 TO TERMINATE EMPLOYER -PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES (the "Motion").**

Dear Judge Drain:

First and foremost I object to the insufficient time allotted to research and file an objection to the above referenced motion. This motion will cause great financial hardship and negatively impact 15,000 Delphi retirees and their families. I succinctly believe this motion is unfair and there is a more equitable way to restructure Delphi Corporation without just terminating employer paid benefits.

In 2002 Delphi offered qualified employees the Salaried Retirement Incentive Program. If Delphi was unable to achieve necessary cost savings with voluntary programs, such as SRIP, involuntary separations would be required so many retirees were forced into an early retirement in 2002. I voluntarily accepted the SRIP package which in turn assisted Delphi in achieving its cost savings goals for the company. The employer paid health and life insurance benefit included in the incentive program helps in offsetting the reduced pension I now receive. I signed an executory contract with Delphi upon retirement and it is not unreasonable to expect Delphi to perform according to the agreement in that contract.

Delphi was once again successful in reducing their costs and addressing their concerns about the "aging population" at the expense of the retirees when they terminated Health Care Benefits once the retiree reached age 65. It seems unfair that the UNREPRESENTED 15,000 Delphi Retirees keep making the greatest concessions.

This motion expresses to 15,000 Delphi Retired Employees that their committed career service of 30 years or more to GM/DELPHI equates to nothing more than just a liability on Delphi's Balance Sheet. There is nothing in this motion reflecting compensation for the retirees once Delphi is done with this restructuring bankruptcy and becomes a viable and profitable company.

I respectfully request that you deny this motion Judge Drain.

Sincerely,

*Lawrence C. Richards*

Lawrence C. Richards
2025 Galloping Way
Acton, CA 93510
(661)269-1609