To:  Honorable Judge Robert D. Drain                                    February 10, 2009
     United States Bankruptcy Court
     One Bowling Green , Room 610
     New York, New York    10004

Re:  Delphi Corporation, Chapter 11: Case 05-44481 (RDD) benefit motion to be heard Feb. 24, 2009 @ 10 AM (EST)

Submitted to Honorable, Judge Robert D. Drain,  U.S . Bankruptcy Court, Southern District, New York, NY    10004

In accordance to Federal Rules of Bankruptcy Procedure, <u>am submitting my strong contesting</u> of granting Delphi Corporation 100% release from their existing retiree health care and insurance commitments.  This past fall, many workers were quickly phased into involuntary early retirements, and told would be provided continued health benefits and life insurance elections, via pre-authorized co-payments coming from pension payment deductions, until their retirement age reaches eligibility to enroll and begin receiving Medicare insurance coverages.

Delphi's motion to be absolved of all obligations for funding retiree benefit  insurance, was as sudden and abrupt a notification, as is their proposed discontinuance date of April 1, 2009.  Delphi estimates saving $200 million benefit expenses, over the next three years.  Such action, upon such short notice, offering zero compensation for retirees to make and afford insurance changes, should be considered unethical!  Besides that, self-pay insurance monthly rates Delphi quoted, for coverage continuances, were very high priced, and for my same plan, cited a $13,737 annual cost!
Not market comparable, or affordable fundamentally, on pension below half of employed income, last had Nov. 2008.

However, aside from high rate quotes, maintaining current Delphi backed benefits, for just existing insurance year, does not alone resolve dilemma for recent younger retirees, that are not old enough to yet enroll for Medicare.  Retirees in their mid-to-late fifties, still have several years to reach that eligibility age, plus single or divorced retirees, living on one income, have few discoverable options to obtain or afford, particularly on such short "shock" notice as Delphi motion.

There must be a better workable compromise between Delphi and retirees, than slamming financial door shut on them, and forcing lives to temporarily or permanently go without healthcare insurance.  Retirees loyally served Delphi, and its predecessor Delco, for at least three decades, and deserve more consideration than now being given.  I'm a ten year divorced single, and have only been retired two months now, and this hit and run benefit  tactic Delphi is exercising,  is pretty imposing for me financially, and not affordable as now submitted.

<u>Requesting that Delphi not be granted their motion</u>, <u>as submitted</u>, since seriously disregards retiree's insurance needs.

Please consider objection cited.  Conditions Delphi  wants to rapidly impose are financially untenable to many retirees.

                           Sincerely to the court,    *Glen W. Martin*

                                      Glen W.  Martin,  Delphi Retiree, effective Dec. 1, 2008
                                      269 W., County Road 600 N.

Kokomo, IN    46901-9190

cc:  (1) Delphi Corporation, 5725 Delphi Drive, Troy, MI    48098 (Attn: General Counsel)
2) Skadden, Arps, Slate,Meagher & Flom LLP,333 W. Wacker Dr.,Suite 2100,Chicago, IL 60606(Attn:John  Wm. Butler, Jr.)
3) Davis, Polk, & Wardwell, 450 Lexington Avenue, New York, NY,   10017 (Attn:  Donald Bernstein and Brian Resnick)
4) Latham & Walkins LLP, 885 Third Avenue, New York, NY,   10022 (Attn:  Robert J. Rosenburg and Mark A. Broude)
5) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY   10004 (Attn: Bonnie Steingart)
6) Office of United States Trustee, Southern District of New York, 33 Whitehall Street, Suite 2100, New York, NY  10004
    (Attn: Brian Masumoto)