**Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Richard L Graves
4119 Brookside Dr.
Kokomo, IN 46902
(765) 452-9365

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
In re                                   :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                      Debtors.          :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105,
363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE
EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-
PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee with a committed retirement date of March 1, 2009.

This retirement commitment was a **voluntary** separation based partially on the false promise

that I would have healthcare in the foreseeable future for both me and my 9 year old son.

As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees and eliminate the Retiree Health Reimbursement Account (RHRA).

I am contesting this motion for the following reasons:

1) The motion would result in the complete elimination of long promised benefits and is a more severe treatment of an obligation than offered to other stakeholders, who are often receiving at least partial restitution. It is reasonable to expect some change in the benefit plan but a complete elimination is extreme.

2) Delphi has already asked to avoid pension plan payments and with this motion may be penalizing retirees in two ways if conditions worsen and they do not honor pension fund obligations as well. It seems appropriate that if this motion to eliminate health care coverage is granted that the savings be directed to proper pension plan funding.

3) It is a measure whose impact to retirees is amplified by their fixed income situation and the fact that they will be seeking independent coverage instead of being part of a larger group and thus would expect to have higher premiums than would be paid by the company for them.

4) It is unbalanced in that it applies only to salaried employees, while represented hourly employees are not impacted or addressed in the motion. Thus, our trust that the company would honor its commitments is used against us and we must seek the help of the court for a degree of protection.

5) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

6) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People hired prior to this expected to receive health care coverage in retirement and now have no time to plan for health care coverage after retirement. Those who have been retired longer may be forced to use more than a third of their fixed income to continue their coverage.

7) A permanent and complete elimination of health care benefits for salaried retirees prohibits the possibility of the company honoring its commitment and restoring some measure of health care coverage when the company recovers.

## SUMMARY

I understand the extraordinarily difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made and are clearly necessary. If health care coverage for retirees needs to be modified to help assure the company's survival, then that is what needs to be done. However, co-pays, deductibles and/or temporary premium increases could also be considered and offer savings. I believe the permanent elimination of health care coverage for salaried retirees is not a fair treatment of this group of stakeholders.

I appreciate the court taking the time to consider my argument and respectfully ask that you do not approve Delphi's motion to terminate health coverage for salaried employees.

Dated:    Kokomo, Indiana
          February 11, 2009

                                          Richard L. Graves

                                          *Richard L. Graves*

                                          4119 Brookside Dr.
                                          Kokomo, IN  46902
                                          765-452-9365

3