**Hearing Date and Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Michael J. Easterwood
5001 Gettysburg Dr.
Kokomo, IN 46902
(765) 865-9574

Retired Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                              :        Chapter 11

DELPHI CORPORATION, et al.,                 Case No. 05-44481 (RDD)

          Debtors.         :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue health care and life insurance coverage for retirees. I am a retired Delphi employee with 35 years service affected by this motion.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. It will cost me more than a third of my fixed income to continue health care and life insurance coverage.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I hired into the company under GM and have dedicated my working career to making GM and then Delphi the best company I could. I had opportunities over the years to work in other industries for other companies. Some of these offers were for a higher salary. I turned them down out of loyalty to my company. I expect some level of loyalty from my company.

Some of my assignments have been to design products for Delphi foreign subsidiaries that are not affected by Delphi's Chapter 11 bankruptcy filing. These foreign subsidiaries, such as,

Famar (Brazil), and Fuba (Germany), have profited by mine and other current and retired employees dedicated work. Why is Delphi allowed to utilize U.S. based salaried employees in roles clearly defined as "global" in their job responsibilities but under these statutes the company can say these employees are U.S legal entity employees only and therefore their entire cost based expense is captured in this bankruptcy process but none of the "global value" they earn for the company can be used to offset this expense? The Debtors have already agreed to provide adequate protection to the PBGC in the form of liens in Delphi's foreign assets. Similarly, a lien should be placed on Delphi's foreign assets to protect the retirees' health care and life insurance benefits.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Respectfully submitted by:

*Michael J. Easterwood 2/12/09*

Michael J. Easterwood
5001 Gettysburg Dr.
Kokomo, IN. 46902
765-865-9574