# United States Bankruptcy Court
## Southern District of New York

---------------------------------------------X

In re
DELPHI CORPORATION, et al.,   : Case No. 05-44481 (RDD)
Debtors                                        : Chapter 11
                                                       : (Jointly Administered)

---------------------------------------------X

Address:   Delphi Corporation
                5725 Delphi Drive
                Troy, Michigan 48098

Date: February 12, 2009

**NOTICE OF OBJECTION BY Ronald P. Jones, CURRENT DEBTOR RETIREE TO
"MOTION FOR ORDER UNDER 11U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS'
AUTHORITY TO TERMINATE EMLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND
EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB
TERMINATION MOTION")",** Document #14705 filed February 4, 2009 and delivered to Ronald P. Jones
February 6, 2009.

I, Ronald P. Jones, am submitting written papers with the court to object to the Debtors motion prior to

the stated deadline of February 17, 2009 at 4:00PM and per all other requirements contained wherein. I

would like the court to consider my objections to the motion as follows:

1. I **object** to the Debtor's deadline of **February 17, 2009**. I was given only 5 working days to

   develop a response and file said response with the court. Given that I had no prior knowledge of

   this Debtor action and that I have no authorized representative in this case, I feel that the time

   given was insufficient to present all possible arguments and their basis.

2. **I object** to the Debtors' **selection of termination of Salaried OPEB** option. Basis: Since I have

   no authorized representative before this Court there has been no opportunity to explore other

   options included in the Debtors' benefit plan such as **amend or modify.**

3. I **object** to the Debtors' **claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable**. Basis: 11 U.S.C §1114(2)(d) expressly directs the court to appoint an authorized representative upon receipt of a motion from an interested party for the case where the retiree group is not represented by a collective bargaining unit. As an interested party, I intend to file such a motion before the court.

4. I **object** to the Debtor's **Basis for Relief paragraph E(34) on pg 18** regarding reservation of rights. Basis: I do not know this to be fact and the Debtors' have provided no documentation that the Debtors have **always** retained such authority. In Devlin v. Empire Blue Cross, 274 F.3d 76 (2d Cir. 2001), cert. denied, 123 S. Ct. 1015 (2003), the court concluded that the reservation of rights language had to have been in the SPD when the employee was hired. Otherwise, there was no reservation of rights with respect to that employee, regardless of whether the SPD was changed before the employee retired. I have no knowledge that the reservation of rights language was in the SPD when I hired in on Jan 23, 1973. In fact, the Debtors did not have a SPD that applies to me that is in compliance with the US Dept of Labor requirements on my last day of work prior to retirement (Sept 30, 2008). The US Dept of Labor requires employers to provide employees with the SPD every five years if there are changes. The only SPD available to me on Sept 30, 2008 was dated December 2001 and there were material reductions made to the benefits described in the SPD between the publication date and Sept 30, 2008. Also, since Oct 1, 2008 and the present I have not been provided a copy of a compliant SPD. Since I have no authorized representative the provisions of 11 U.S.C §1114(2)(f)(1)(A) and (B) cannot be exercised to obtain this and other relevant information necessary to evaluate the Debtors' Motion.

5. I **object** to the Debtors' **termination of Salaried OPEB** for retirees that were hired prior to 1993. Basis: In the Debtors' motion **Basis for Relief** paragraph H(40) on page 20 the Debtors

state that salaried employees hired between 1993 and 2000 "in lieu of employer-paid Salaried OPEB receive a 1 % employer contribution into their defined contribution plan". Employees hired prior to 1993 do not and have never received this 1 % contribution. Elimination of the Salaried OPEB may therefore trigger a violation of ADEA since a class of generally older workers hired prior to 1993 would then have received less compensation than a class of younger workers hired between 1993 and 2000.

6. In addition to the preceding objections, and if allowed by General and Local bankruptcy court rules, I make the following motions:

   a. Motion: That as an interested party, I, Ronald P. Jones request that the court appoint an Authorized Representative pursuant to 11 U.S.C 11 §1114(d) to represent the Debtors' US Salaried retirees before this court.

   b. Motion: That the Debtors' motion to terminate employer paid US Salaried retiree OPEB benefits be adjourned until such time as the authorized representative has an opportunity to satisfy the provisions of 11 U.S.C 11 §1114(f).

**If General or Local US Bankruptcy rules do not allow motions such as item 6 above then I completely and without recourse rescind Items 6(a) and 6(b) while leaving objections 1 through 5 complete and intact.**

Per the instructions contained in the referenced Debtors' motion, this written **NOTICE OF OBJECTION BY RONALD P. JONES,**

1. Is being submitted for priority delivery as a hard copy to the bankruptcy court at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, NY 10004
   Attn: Dorothy Li

2. Is being submitted as a hard copy to:
   Office of the United States Trustee for the Southern District of New York
   33 Whitehall Street
   Suite 2100
   New York, NY 10004
   Attn: Brian Masumoto

3. Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, NY 10004
   In Care Of Dorothy Li   Attn: The Honorable Robert D. Drain

Wherefore Ronald P. Jones respectfully requests that the Court consider and act on objections listed above in 1 through 5. In additions the Court is respectfully requested to consider the motions entered in 6(a) and 6(b) if such motions comply with the rules of the Court.

Date: 02/12/2009                              Signature: _Ronald P. Jones_
                                              Ronald P. Jones
                                              937 Meadow Run Ct.
                                              Russiaville, IN  46979
                                              Phone:  765 459-4465