Official Form 20A
(12/03)

PAGE 1 of 3

# United States Bankruptcy Court
## Southern District Of New York

------------------------------x

In re
DELPHI CORPORATION, et al.,
Debtors.

: Case No. 05-44481 (RDD)
: Chapter 11
: (Jointly Administered)

------------------------------x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

NOTICE OF OBJECTION BY KRISTIE A. MULLETT, CURRENT DEBTOR RETIREE TO "MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4, 2009 and delivered to Kristie A. Mullett on February 5, 2009.

I, Kristie A. Mullett, have filed written papers with the court to object to said motion prior to the date in the motion of February 17, 2009 at 4:00PM and per all requirements stated. I, Kristie A. Mullett, would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1. I *object* to the debtors *February 17, 2009 date* set for objections to be submitted. Basis: From the date of receipt of the motion (February 5, 2009) with NO prior knowledge there is insufficient time to research and form a well refined objection.
2. I *object* to the debtor's *selection of termination* of the post-retirement health and life insurance benefits (referred in the motion as "Salaried OPEB") as the only option. Basis: Other options were defined in the benefits while employed, and when retired. Those other options include "amend or modify." In addition, Delphi Corporation may have other cost-savings options that need to be made transparent to the court.
3. I *object* to the debtors *termination of Salaried OPEB for current retirees* who were forced to retire or chose to retire based on personal financial situations and plans that included debtor commitments at the time of retirement. Basis: The debtor chose to retire people for short term cost savings with a commitment to retirement payment, health care and insurance. The proposed medical and other insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when forced retirement and retirement decisions were made. At this time, the group being harmed financially is not represented by anyone in the bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.
4. I object to the *lack of transparency concerning the actual (NOT THE ANNOUNCED) decision date* to end OPEB commitments. Basis: Employees who chose to retire within the last fiscal year, and particularly the last few months, would not have chosen to retire had the decision to end medical and other insurance commitments been made known immediately. It is not believed the debtor's action to end medical and other insurance benefits was a decision made on February 4, 2009.
5. I *object* to a *March 31, 2009 termination date.* Basis: This is not enough time under the current economic conditions for current retirees to accumulate the funds to accommodate this extra financial burden.
6. I *object* to the debtor's *claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable.* Basis: Salaried retirees are not covered by a collective bargaining agreement and this is not a welfare plan as noted in the motion. The debtor was provided OPEB funds by GM when it was spun off in 1999 to cover those salaried employees with GM service. I worked for GM (Delco Electronics) for 26 years

Official Form 20A
(12/03)

PAGE 2 of 3

and had 9 years of service with Delphi Corporation. During my tenure with Delphi Corporation additional funds were added to the OPEB funds which should be available to an 1114(d) committee. The debtor needs to provide transparency to the GM commitment and funded OPEB, especially to those who worked for GM and were not given a choice as to whether they stayed with GM or were moved to Delphi. Also, at this time, the group of retirees is not represented by anyone to refute or agree with Delphi's claims in the motion that "Because the Debtor's right to terminate Salaried OPEB is preserved in the respective plan documents, as discussed in greater detail below, no relief under section 1114 of the Bankruptcy Code is required" among other claims. (See paragraph 45 of "SALARIED OPEB TERMINATION MOTION" on page 24.) I do not believe the legislation was intended to exclude a creditor group from representation during bankruptcy proceedings. In addition, GM and Delphi are currently discussing GM purchasing back Delphi locations as Ford did with Visteon years ago. This action needs to be considered in determining how Delphi's decision to end medical and insurance benefits at this time may have been influenced by GM. The Delphi spin-off from GM in 1999 and now the full circle discussion to bring back some Delphi entities into the GM fold would seem to have circumvented the retiree OPEB benefits of some of those who would be GM retirees now and receiving benefits if not for the spin-off.

7. I *object* to the *debtor's apparent intention not to reinstate medical and other insurance benefits in the future if the debtor becomes viable and profitable.* Basis: The motion to discontinue the medical and other insurance benefits is based on the current economic environment. The debtor's motion assumes no possible economic recovery in the future that would make the debtor viable, profitable, and able to pay OPEB benefits. Future economic conditions are unknown at this time, but today's economic conditions do not predict the company's economic conditions a year, two years or perhaps more into the future when the company may be profitable and able to reinstate retiree coverage. For those retirees several years from turning 65 years of age, reinstatement of benefits upon the debtor becoming viable and profitable should not be considered unreasonable.

8. In addition to the above objections, I hereby submit the following *motions*:
    a. That pursuant to section 1114(d) of the Bankruptcy code, the court order the appointment of a committee of retired employees to serve as the authorized representative of the retirees.
    b. That the "SALARIED OPEB TERMINATION MOTION" be adjourned until such time as the above appointed committee can meet with the debtors and determine whether the "SALARIED OPEB TERMINATION MOTION" is reasonable and/or necessary for emergence from bankruptcy.

Per the instructions in the referenced motion, this written NOTICE OF OBJECTION BY KRISTIE A. MULLETT,
1. Is being filed with the bankruptcy court as an MS Word document on a 3.5 inch disk and a hardcopy
2. Is being submitted to:
Honorable Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

3. Is being sent to the following entities as an MS Word document and hard copy

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
(Attn: General Counsel)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Official Form 20A
(12/03)

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(Attn: Donald Bernstein and Brian Resnick)

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
(Attn: Robert J.Rosenberg and Mark A. Broude)

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NewYork 10004
(Attn: Bonnie Steingart)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Brain Masumoto)

Date: 2-12-09         Signature: (available on hard copy) *Kristie A. Mullett*
                      Name:     Kristie A. Mullett
                      Address: 3353 N. 1000 E.
                               Greentown, IN 46936