To:  United States Bankruptcy Court for the South District of New York
     One Bowling Green Room 610
     New York, NY 10004-1408
     Attn: Honorable Robert Drain

In reference to contest the termination of Delphi Health Care
Case # 05-44481
Debtor Delphi Corp.

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. 105, 363(b)(1),
AND 1108 CONFIRMING DEBTOR'S AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT
HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR
CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION")

## SUMMARY

I am a retired salaried employee that hired into the company under GM in 1965 as an hourly employee.
I worked hard and thinking I was bettering myself I was promoted into a salaried position as a supervisor. I was
very loyal to my company working often on my own time to make GM and Delphi the best company I could.
I expected some level of loyalty from the company.

I understand the extraordinary difficult economic times that Delphi and the auto industry are facing. However,
I believe the permanent elimination of health care coverage and life insurance for salaried retirees that were promised
this coverage is not justified. All of the hourly employees that hired in with me and retired as hourly still have their health care and life insurance but because I went into a salaried position, I may be losing my benefits is discrimination. We both worked for the same company and promises were made to all of us.

I am contesting this motion for the following reasons:

1) From the first day I hired in 1965 and through out my career at the company, GM and Delphi promised and obligated to provide me health care coverage.

2) People who hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have time to plan for health care in retirement. People such as myself who hired in the 60's were told by the company that we would receive health care coverage in retirement and now we need it the most have no time to plan for providing ourselves and spouses with health care coverage. It will cost me almost a third of my fixed retirement income to continue coverage. That is if I can get it with the pre-existing conditions that I have due to heart problems.

3) The motion made by Delphi is for permanent elimination of health care benefits for salaried employees who were promise this coverage when they retire. When the company recovers and the executives are receiving bonuses, it would make sense to me to begin again to honor all the commitments it made prior to recovery.

4) Delphi did not even give us enough time to do the things that need to be done properly to contest this motion. The compressed timing of this action when we have to respond is absolutely wrong and in-just to the people it affects.

Thank you for reading my appeal.

*Carroll E. Webster*
Carroll E. Webster
2206 Executive Drive
Kokomo Indiana, 46902
Ph 765-865-9765