The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York One Bowling Green - Room 610 New York, New York 10004

Case Number: 05-44481
Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses (the "Motion").

Background: I am a 30 year employee with General Motors and Delphi and retired on December 31, 2007. During the entire period of my employment and retirement, the implicit promise of retirement pension benefits and lifetime health benefits constituted part of my compensation, and was a specific reason why I continued employment with GM/Delphi. Keeping the salaried benefit package competitive with the UAW work force was an explicit strategy to prevent salaried unions. **ALL communications** and past precedent reinforced that verbal and social contracts exist between the salaried workforce and GM/Delphi. I was explicitly led to believe that this would continue into the future, and accepted the retirement based on a set of promises that were not factual. **No salaried employee would have signed the retirement documents if there were any hint either verbally or otherwise that these benefits would not be paid in the future. We were clearly induced to retire under a false set of promises.**

There are three parts to this objection:

Objection 1: **The offer to retire was made under fraudulent conditions**

Prior to the period when my retirement offer was presented, the CFO Alan Dawes and various members of the financial staff were using improper accounting procedures to artificially inflate Delphi's results, creating a false impression of Delphi's true health. This was investigated by the SEC and sanctions were made. I carefully evaluated the commitments Delphi made.

Objection 2: **Cancellation of Pension and Health Benefits constitutes Age Discrimination**

Delphi has elected to target a population of people who by definition are "old". We are all retirees. We are salaried people who have no representation. Delphi is not targeting salaried people who are still working or any of the working or retired hourly people, particularly those represented by the UAW. Delphi has chosen to target a group of individuals who have no representation, are un-organized, and have diminished earning capacity. Even though there are laws against age discrimination, the earning capacity of people in their mid 50's, 60's, 70's and 80's is greatly diminished. Delphi is taking away promised benefits from a group of people who don't have the capacity or capability to recover. This is simply not right to unfairly target a group of unrepresented elderly people. This is clearly an attempt to discriminate on the basis of age.

Objection 3: **Notification of Cancellation of Benefits is untimely**

The cancellation of healthcare and insurance benefits came as a **COMPLETE SHOCK**. Until February 5, 2009 we were led to believe that cancellation of healthcare and insurance was not going to happen. They had already altered the social contract by moving us to Medicare at age 65, but with a supplemental one time payment. We had been planning for that and that was not an onerous burden. The first indication of complete cancellation was a FedEx envelope left on our doorstep on February 5, 2009. **This was obviously done to prevent objection and to take advantage of a group of previously unrepresented people.** The healthcare cancellation targets 15,000 people who are otherwise defenseless in this process and are at the mercy of the court. This notification did not meet even a minimum required notification period of 60 days. The process to file this objection is clearly constructed to not hear the voices of 15,000 unrepresented, elderly people. We are not lawyers, and this objection will likely be "disqualified" because it does not meet some proper format or conform to the legalese required. A wonderful example of purposefully making this process so complicated to stifle objections is the requirement to put a copy on a 3.5 floppy disk. I have not used a floppy disk in over 5 years. Many people won't even have a computer that has this capability. Using obscure technology to stifle objections is a clear indication of trying to take advantage of a large group of people who are literally defenseless. That is ridiculous. Had we known this was coming, we could have taken steps to prepare litigation. **Cancellation of healthcare and insurance benefits represents a tipping point for the retired salaried workforce.**

We are trying to get a proper defense organized now, but with less than 2 weeks to prepare, this is hopeless without your help. **WE HAD NO INDICATION THIS WAS COMING, AND HAVE NOT HAD ANY OPPORTUNITY TO RESPOND IN THE MANNER YOU EXPECT. AT A MINIMUM, I ASK YOU TO STAY THIS DECISION FOR A MINIMUM OF 120 DAYS AND REQUIRE DELPHI TO PROVIDE US WITH A COMPLETE LIST, WITH MAILING ADDRESSES, OF ALL PARTIES AFFECTED SO THAT WE HAVE AN OPPORTUNITY TO SEEK PROPER LEGAL COUNSEL AND PREPARE LITIGATION TO STOP THIS TRAVESTY.**

Respectfully submitted by:

*Brian F. Hall*

Brian F. Hall
4256 Gloria St.
Wayne, Mi. 48184
48184
585-747-2026

cc:

U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004
Attn: To the chambers of Honorable Judge Robert D. Drain

Delphi Corporation
5725 Delphi Drive

Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher, & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606
Attn John Wm. Butler Jr.

Davis, Polk & Wardell,
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert j. Rosenberg and & Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York
Attn: Bonnie Steingart

Office of the United States Trustee
For The Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
Attn: Brian Masumoto