1201 Amelith Rd.
Bay City, MI.   48706
February 7, 2009


The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY   10004-1408

Re:    DELPHI CORPORATION, et al., Case No. 05-44481  (RDD)


OBJECTION OF PAUL WILCZYNSKI TO DEBTORS' MOTION TO CONFIRM
DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –
RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)


I, Paul Wilczynski, am a salaried retiree of Delphi Corporation.  I have two objections to the Salaried OPEB Termination Motion:

1.    I object to the short time to the Objection Deadline.  Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009.   Retirees were notified by a FedEx package delivered to their home.  It is obvious that the Debtors' have had their army of attorneys working for some time preparing the Motion.  It is only fair to offer the retirees sufficient time to prepare an objection to the motion.  This is mid-winter in one of the coldest and snowiest winters that the midwest and northeast United States has experienced in the past fifty years.  Many retirees are away from their home and spending time in a warmer climate (i.e., Florida, Arizona, etc).  Some may be away for a week or two and others for a period of months.  They had the opportunity to have their US Mail forwarded to their winter or vacation residence, but that does not mean that FedEx deliveries will be forwarded.  This means that many retirees did not receive notification of the motion.  Many of those that do hear of the motion will hear of it later than the February 5 notification date, allowing an even shorter time to file before the objection deadline. Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2.      I object to the termination of Salaried OPEB for Health Care and Life Insurance. It was not long ago that Delphi Salaried Retirees were granted Health Care Benefits for life.  Then a few years ago, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare.  This policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account for retirees to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change was a great benefit to Delphi, but enough is enough.   As they mention in their motion, one of the big factors that is affecting increasing health care costs is "the aging population of the United States."  The termination of Health Care Benefits at age 65 eliminated the effect of the aging population.  It will cost Delphi no more if I live to age 90 than if I live to age 72 with that policy.  Any further cut in Retiree Health Care Benefits should not be approved.   We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.


I would like the opportunity to provide a better objection to the Debtors' motion, but I do not have an army of accountants and lawyers, and I need more time than is allowed by the unreasonably short notice.  Judge Drain, I am asking you again to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.



Thank you,



Paul Wilczynski


I have also caused copies to be served on the following parties via first class mail on February 10, 2009.


| Delphi Corporation | Skadden, Arps, Slate, Meagher & Flom LLP |
|---|---|
| Attn: General Counsel | 333 West Wacker Drive |
| 5725 Delphi Drive | Suite 2100 |
| Troy, MI  48098 | Chicago, IL  60606 |
|  | Attn:   John W. Butler, Jr. |