February 11, 2009

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

Case Number: 05-44481        Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming
Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And
Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried
Employees And (B) Retirees And Their Surviving Spouses.

Dear Judge Drain:

Please accept this letter as my official objection to the motion filed by Delphi Corporation
on February 4, 2009 (ref. Document 14705).

Delphi Salaried Retirees, unlike most other groups directly impacted by this bankruptcy,
are not an organized group. This group is made up individuals who worked decades for
Delphi (and previously General Motors) in good faith and without concern that in their most
vulnerable time of life, they would be stripped of all insurance benefits. These are not
entitlements, but rather benefits that had taken them a lifetime to vest. Unlike other
stakeholders, such as investors and suppliers, they will have no "second chance"
opportunity when (and if) Delphi emerges from bankruptcy. Delphi has chosen to take this
action while openly acknowledging it would impose real hardship on these individuals.

While I have personally been retired since 2000, there are many others who were
encouraged to accept an early retirement only recently. Again, these were dedicated
employees who acted in good faith and in the belief that Delphi would honor its post
retirement promises. Less than six months after leaving, these people in their late 50's
and early 60's find themselves facing the high probability of losing all health insurance. If
Delphi management knowingly made these offers while considering this latest course of
action in the Court, it would appear that these offers were made fraudulently.

In the motion Delphi states that "projected cash associated with these programs ….
exceeds $70 million per year." That is less than $6 million per month. Their operating
report ending September 30, 2008, lists total operating expense for the prior eight months
of $6,630 million, or about $829 million per month. In other words, the cost of the Salaried
OPED is less than one percent of total operating cost. Surely, there are better areas to
explore for cost reduction.

Hopefully, it will be clear to the Court that current Delphi management and their legal
teams have specifically targeted the Salaried Retirees, in lieu of others, because of their
apparent vulnerability. The group heretofore has not been organized nor does it have
focused legal representation. Thus, the February 17, 2009, deadline does not allow
sufficient time to generate a collective and comprehensive response.

Judge Drain, I respectfully request that you weigh the severe impact of this motion on a
relatively small group (as compared to Hourly retirees who are unaffected) versus the
minimal overall affect that it would make in Delphi's ability to save the business. Further, I
respectfully request that you reject Delphi's motion.

Thank you for your consideration,

John H. Lienesch
23640 Peppermill Ct.
Bonita Springs, FL 34134

cc:

Attn: Brian Masumoto
Office of the United States Trustee
Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive  - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004