**Thomas C. Clair**
**6400 Winkler Mill Road**
**Rochester Hills, MI  48306**


February 13, 2009


Honorable Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *In Re:* **Delphi Corporation, et al, Debtors**
**Case No. 05-44481 (RDD), Delphi Salaried OPEB**
**Termination Motion**

Dear Judge Drain:

This letter is in response to Delphi's Salaried OPEB Termination Motion scheduled for hearing on February 24, 2009.  As a former employee I object to Delphi's Motion for the following reasons.

I am a 59 year old retired former manager who worked at Delphi Headquarters in Troy, Michigan.  I retired effective January 1, 2009 after almost 38 years of employment at Delphi and General Motors.  I was offered and accepted Delphi's Retirement Program at that time.  One of my prime reasons for accepting retirement was that this Retirement Program provided for continued healthcare coverage for my wife and me.  I understood that the healthcare coverage would continue to be available.  Delphi management stated nothing to the contrary.

Now, pursuant to Delphi's Motion, Delphi is seeking to terminate the healthcare coverage for all retirees.  In fact, Delphi has already sent notice stating that the healthcare program will be terminated effective April 1, 2009.  Delphi's Motion states that there are 15,000 current retirees covered under the healthcare program.  It is likely that each of these retirees also had the same understanding as I did upon retirement. – that healthcare coverage would continue.  I also believe that Delphi knew in the fall of 2008 that it would be taking steps to terminate the healthcare program.  If this information had been made available, I may not have elected to retire and would still be employed with full healthcare coverage.  As everyone knows, individual healthcare costs are extraordinarily excessive.

Honorable Robert D. Drain
February 13, 2009
Page 2

Thank you for your consideration in this matter.  It is requested that you consider this letter when reviewing Delphi's motion and consider other alternatives that do not impose all of this burden on fixed income retirees.

Cordially,

Thomas C. Clair