**Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Steven E. Kay
369 W 600 N
Kokomo, IN 46901
(765) 457-9484

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                           :
In re                                                      :    Chapter 11
                                                           :
DELPHI CORPORATION, et al.,                                :    Case No. 05-44481 (RDD)
                                                           :
                              Debtors.                     :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am a retired salaried Delphi employee. Delphi Corporation filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. Additionally, the Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Full coverage for retirees is stopped when they reach age 65. The commitment to each retiree beyond age 65 is only $10,000 each to fund Medicare supplemental coverage.

2) The motion made by Delphi is for permanent elimination of health care benefits for salaried people who were promised this coverage when they retired. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

3) Delphi has made this motion without provision of advocacy for the retirees, relying instead on the eligibility of COBRA coverage for the former employees. COBRA is intended for short term bridging of needs, not a long term solution for retirees who have limited prospects for reemployment. The short time frame proposed does not permit the affected individuals sufficient time to thoroughly investigate and obtain suitable alternative coverage.

## SUMMARY

For thirty-nine years I worked for General Motors, later Delphi, accepting many assignments both desirable and not so desirable. Although presented with opportunities to pursue promising careers with other employers, I elected to remain with the GM/Delphi Corporation, in

2

part because of the promises of attractive retirement conditions. I do not consider those promises any less binding than Delphi's commitments to anyone else.

Delphi and much of American industry is facing unprecedented difficulties. However, it is not reasonable to allow Delphi Corporation to abandon this health care and other insurance benefit without permitting due diligence to manage a transition.

Thanks to the court for considering my argument, and I respectfully ask that you not approve Delphi's motion to terminate health coverage effective April 1, 2009.

Dated:    Kokomo, Indiana
          February 12, 2009

Steven E. Kay

*[signature]*

369 W 600 N
Kokomo, IN 46901
765-457-9484