William D. Nantz                                                    February 9, 2009
2335 S. Richman Drive
New Palestine, IN  46163
(317)287-0449

Retired Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :         Chapter 11
                              :
DELPHI CORPORATION, et al.,   :         Case No. 05-44481 (RDD)
                              :
                    Debtors.  :         (Jointly Administered)
                              :
------------------------------x

**LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")**

PRELIMINARY STATEMENT

I am a retired salaried Delphi employee.  As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees.  The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated.  This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement at all.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as me who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement.

3) I agreed to retire based on the fact that I would be able to have healthcare benefits at a time when they are most needed. It will cost me almost 40% of my fixed retirement income to continue my current coverage. I cannot afford to bear that unlooked for financial burden. With current tight job market and my age, I will have a very difficult time even finding work to try and make the healthcare payments. I could very <u>well lose my home</u> if I cannot find work.

4) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I am an engineer who hired into the company first under GM then took the move to Delphi. As a salaried employee for 38 years, I have worked the long hours and put my entire

2

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Berstein and Brian Resnick

Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Brian Masumoto

effort into making GM and Delphi as successful as I could. I expected more than this unilateral, discriminatory action from a company that I have been extremely loyal to over these years.

I don't know how much of this motion is political, financial or just seen as an opportunity to renege on previous obligations, but it discriminates against a specific group (salaried retirees only) who are older and have fewer options to turn to in order to recover.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for only salaried retirees that were promised this coverage <u>is not justified</u>.

I appreciate the court taking the time to consider my argument and respectfully ask that <u>you not approve Delphi's motion</u> to terminate health coverage for salaried employees that are counting on that coverage.

Respectfully,
    William D. Nantz
    2335 South Richman Drive
    New Palestine, IN 46163
    (317) 287-0449

Dated:    February 9, 2009
        New Palestine, Indiana

cc:
    United States Bankruptcy Court
    Southern District of New York
    One Bowling Green
    New York, NY 10004-1408
    Attn: Judge Robert D. Drain
    Attn: Dorothy Li



Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn: Donald Berstein and Brian Resnick

Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004
Attn: Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Brian Masumoto