Attn: Judge Robert D. Drain

Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Theodore C. Coffield
9210 Ray Road
Gaines, MI 48436
(989)271-9312

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re                                                   :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                           Debtors.                     :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee and I have committed to retiring from Delphi effective 3/1/09. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was

established a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) If granted, Delphi's motion would place a disproportionate burden on retirees. Maintaining my current health care coverage will require approximately 60% of my pension payments. This is a far larger burden than has been placed on active salaried employees or other stake holders.

3) This motion targets a portion of Delphi's stakeholders who being on fixed incomes are least able to cope with it.

4) This motion places employees hired prior to January 1, 1993 in a worse position than those hired between January 1, 1993 and January 1, 2001. These employees have had a 1% corporate contribution made to their 401k accounts since being hired in lieu of health care in retirement. It is unfair to place a larger burden on those who have dedicated more years to the success of Delphi.

5) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried employees who were promised this coverage when they retire. If the company recovers to the point of being able to once again pay executive bonuses and increase active employee compensation, it would only be fair for the company to resume the retiree heath care that they have promised.

6) The motion has already been and will continue to be a major de-motivator for current Delphi employees. It is through the efforts of these employees that Delphi has survived so long through the Chapter 11 process. During this time the performance of Delphi's salaried workforce has improved by all tangible measures. Based on my experience of managing a large group of Delphi engineers throughout the Chapter 11 process, approval of this motion will impact employee morale and performance and eventually harm the interests of all stake holders.

## SUMMARY

I am a manager who hired into the company in 1975 under GM and I have dedicated my working career to making GM and then Delphi the best company I could. I had opportunities over the years to work in other industries for other companies. Some of these offers were for a higher salary. I turned them down in large part because of the retirement benefits I had been promised for staying with Delphi. I have toiled throughout the Chapter 11 process to help keep Delphi viable and to protect as much value as possible for Delphi's stakeholders. If this motion is granted, I will be unfairly burdened both based on the contributions I have made to Delphi's success and in comparison to other stake holders.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified. At a minimum employees hired prior to January 1, 1993 should be treated on par with those hired between January 1, 1993 and

3

January 1, 2001. They should be compensated for 1% of their salary since joining the company less the cost of any health care benefits already received in retirement.

    I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage in retirement for salaried employees.

Dated:        Gaines, Michigan
               February 12, 2009

*Theodore C. Coffield*

Theodore C. Coffield

9210 Ray Road
Gaines, MI 48436
989-271-9312