From:
David A. Deibel
3312 Delevan
Saginaw, Michigan 48603
(989) 791-4676

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

To:
The Honorable Robert D. Drain
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                             :     Chapter 11

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)

               Debtors.     :     (Jointly Administered)
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee, but am nearing retirement. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age. I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. People who have already retired are in an even worse situation. It will cost some of them more than a third of their fixed income to continue their coverage.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I am an engineer who hired into the company under GM and have dedicated my working career to making GM and then Delphi the best company I could. I had opportunities over the years to work in other industries for other companies. Some of these offers were for a higher salary. I turned them down out of loyalty to my company. I expect some level of loyalty from my company.

2

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Dated:    Saginaw, Michigan
          February 11, 2009                    David A. Deibel (989) 791-4676