Hearing Date and Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

David M. Crandall
1023 Pendle Hill Ave.
Pendleton, IN 46064
(765) 623-9984

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------x
In re                               :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
------------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

## PRELIMINARY STATEMENT

I am an active Delphi employee, but am nearing retirement. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare, dental, vision and life insurance coverage for current and future retirees. The notice also stated our Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance

coverage for retirees once they reach 65 years of age. The account was $20,000 for current retirees and $10,000 for future retirees.

I am contesting this motion for the following reasons:

- For numerous years, Delphi employees received documentation from either GM or Delphi which detailed the employee total compensation cost for the year. Those statements included benefit costs; those benefit costs included accrual expense for retiree OPEB.
- Delphi includes in its cost of operations both employee salaries as well as salaried benefits. The salaried benefits reported in the operating expenses include an accrual for OPEB. Delphi also includes these costs in any public documentation which reference average employee compensation.
- The OPEB liability on Delphi's balance sheet represents the deferred compensation that Delphi employees had earned in accordance with their employment and, as such, represents an amount owed the employees for past services rendered, not for future services.
- Beginning in 1993, Delphi discontinued offering OPEB to new employees and replaced those benefits with an additional 1 percentage point company paid contribution to the employees' 401K plans.
- Delphi also proposes to eliminate the additional 1 percentage point paid into the 401K plans of employees hired after 1993; Delphi does not assert, however, the right to recover the amounts paid into those employee's accounts between 1993 – 2009.
- The discontinuation of OPEB for employees hired prior to 1993 without any compensating payments and the decision to not recover the additional 1 percentage point contributions paid to employees after 1993 effectively discriminates against the employees hired prior to 1993. Employees hired prior to 1993 effectively receive a retroactive compensation reduction while those hired after 1993 only see the elimination of the additional 1 percentage point on a prospective basis.
- If the court agrees that Delphi has the right to cancel the benefits, it should be requested to require Delphi to consider pre-1993 hired employees as creditors and, as such, have representation in the Creditor committee. This representation should be requested because the pre-1993 employees effectively funded Delphi and GM's operating cash requirements by accepting a portion of their current compensation as non-cash in exchange for future compensation.
- The Pension Plan is a Post Retirement Benefit that Delphi Salaried Employees have had in the past. That plan was frozen at the request of Delphi and that motion was approved by this court. Salary Retiree Health and Life Insurance should be subject to the same treatment. This court should consider freezing accrued benefits to date as a separate issue from discontinuing the benefits going forward just as was done with the Pension Plan.

2

## SUMMARY

I am a Financial Analyst at Delphi who hired into the company under GM and I have dedicated over twenty-five years to GM and Delphi. I'm five years away from an early retirement, and have always had the promise of a Health & Life Insurance Benefit. If this change is made I, and many of my fellow employees, will not be able to retire the way we had planned, and in the manner which has been encouraged by Delphi management since they became an independent company. Delphi's current early retirees will find themselves in an even more severe situation. Delphi management has encouraged early retirement. These people left with the promise of a monthly pension and health & life insurance benefits. Given the prospect of losing these benefits, many would not have chosen to retire early, and the decision cannot be reversed now. Approximately half of those early retirees monthly pension check will go to pay for continuing health care insurance, not including dental, vision and life insurance. Returning to the work force in order to have the income necessary to fund their health care is a reality, in a job market with little to offer. Given the current state of our economy, their prospects of finding a decent job are not good.

Privately funded 401K accounts were not a priority for us because of the assumption and promise of the benefits for our retirement made by our employer. It was understood that it always be there as part of our compensation package. Our operating profit statements assumed it was there. The company accrued this liability every month and made business decisions based on it.

I understand the extraordinarily difficult economic times that the company, as well as the entire automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's

3

survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees who were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees who are dependent on that coverage.

Dated:      Pendleton, Indiana
            February 11, 2009

                                                David M. Crandall

                                                1023 Pendle Hill Ave.
                                                Pendleton, IN  46064
                                                765-623-9984