Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Rob R. Hornbaker
805 White Tail Ct.
Greentown, IN 46936
(765) 628-0441

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re                                     :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi had to provide health care coverage for retirees is time limited. Health Care coverage, for retirees when they reach age 65 and are Medicare eligible, has already been taken away. In addition, those hired after 1992 do not receive health care coverage in retirement. It is, thus, a limited liablility, based on the fixed length of the eligibility and reduced number of eligible employees.

2) People hired after December 31, 1992 knew, when they hired on, they would not receive health care coverage in retirement. This group has had time to plan, in advance, for health care in retirement. People such as myself who were hired in the 60's, 70's, or 80's had, as part of their benefit package, health care and life insurance coverage, in retirement, and now have no time to plan for having financial responsibility for obtaining the coverage for themselves and their families. People who have already retired are in an even worse situation. It will cost some of them more than a third of their fixed income to continue their coverage.

3) Employees who are either already retired or are in the group of active employees, nearing retirement, whose seniority is such that they were eligible for retiree health care and life insurance, have earned these two important components of their long term financial future through applying their time, expertise, talents, and dedication to Delphi. These employees worked hard for their entire career, for not only the monthly compensation, but for the earned benefits that would provide for their needs, as well as those of their surviving spouses, in retirement. It is unjust to allow them to earn these benefits and then take them away after the fact, let alone at the

time when they need them and have no time, or in some cases physical health, to develop a plan to replace them.

4) Taking away retire life insurance takes away an important component of many retirees' provision for their surviving spouses. This component was also earned by the dedicated, hard working retirees, during their employment. It is my opinion that is should not be withheld after their service.

5) The motion made by Delphi is for <u>permanent</u> elimination of health care and life insurance benefits for salaried people who earned the benefit of this coverage when they retire. It is my opinion that temporary changes could be made to help defray costs while we are in a severe economic downturn. We should not make permanent decisions on benefits when we were at the lowest point in the economy. When the company emerges as a stronger business and benefits from better economic times, the company should honor its commitment to provide the restored health care and life insurance coverage to the salaried employees who earned those stated benefits.

## SUMMARY

I am an active salaried employee who hired into the company under GM and have dedicated my working career to making GM, then Delphi the best company I could. I have great loyalty to Delphi, the company to whom I have devoted my efforts and expertise. I will continue to give my best to ensure Delphi's survival. I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. If health care coverage for retirees and active employees needs to be temporarily modified, in a fair manner, to help insure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health

3

care and life insurance coverage, for salaried retirees that earned this coverage, is unjust and inappropriate.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Dated:    Kokomo, Indiana
February 11, 2009

Rob R. Hornbaker

805 White Tail Ct.
Greentown. IN 46936
765-628-0441