February 12, 2009



The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

Case Number: 05-44481    Debtor: Delphi Corp.

**Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.**

As a Delphi Salaried Retiree, I am opposed to allowing Delphi to shed their promise to me to provide health care and life insurance in my retirement. For 34 years I worked for General Motors/Packard Electric/Delphi under the pretense that they would provide ongoing health care and life insurance into retirement. Annually they would present these benefits as part of our "total compensation" package. It was also explained that this compared with the negotiated compensation provided to the hourly union workforce. This clearly indicates that we paid/worked for these benefits during our employment. They are not a gift that the corporation can arbitrarily choose to withhold. To further support this claim, after discontinuing coverage after the employee turned 65, the corporation proffered a fund of $20,000 to offset non-covered Medicare expenses that indicate an acknowledgement of their obligation.

These benefits were a term of my employment, and now Delphi is attempting to shed their responsibilities on the retirement benefits for which I worked so hard to achieve.

It appears that this action is a singling out of the U.S. salaried employees of a corporation that advertises itself as a global company. It also ignores a much larger group of retired union hourly employees. It is my belief that there are other ways to restructure the company and still retain health care for retirees. This could be done by a more fair distribution of these costs over the entire workforce.

Finally, this document was filed with no previous warning to any of the retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections. At a minimum, I would request that you postpone your ruling a sufficient length of time, so that the salaried retirees can work with legal representation to rebut this motion.

**Please note that this letter is an OBJECTION to Delphi Corporation's Document #14705 filed on February 4, 2009 asking the court to cancel health care and life insurance for it's salaried retirees. I ask you to Please REJECT this motion.**

Sincerely,

*Myron W. Thomas*
Myron W. Thomas
231 Chapel Lane
Canfield, OH 44406
(330) 533 6942