Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Larry D. Van De Wege
4483 W 180 S
Russiaville, IN 46979
(765) 456-3397
ldvandew@yahoo.com



Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
In re                               :   Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :   Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
------------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1),
AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID
POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT
LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee, but will retire in two weeks. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established to compensate for the reduction of benefits a

couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I respectfully submit to your court this **objection** to the proposed motion contained in the court docket #14705 filed by Delphi Corporation on February 04, 2009 asking the court to terminate health and life insurance benefits for the following reasons :

1) **Inadequate time was allowed to prepare an objection to this motion.** Only seven business days were allowed between receiving the motion in the mail and the due date for filing objections.

2) **This is not a long term problem but creates a real immediate hardship for retirees. The obligation Delphi has to provide health care coverage for retirees is time limited.** Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

3) **This does not allow time to prepare for changes in benefits.** People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. People who have already retired are in an even worse situation. It will cost some of them more than a third of their fixed income to continue their coverage.

4) **OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.** The OPEB benefits cited in this motion were not paid for by the employer (Delphi). Each year, salaried employees received a salary and benefits package as opposed to contract employees that

2

received a larger salary in lieu of these benefits. The majority of current retirees spent most of their careers as General Motors employees prior to the 1999 spin-off of Delphi.

All salaried employees received a lower salary to enable the GM and later Delphi to set aside money in a trust fund out of which these OPEB benefits would be paid in the future. GM/Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993 were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious that GM/Delphi valued these benefits at some level greater than 1% of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by General Motors and Delphi was used for other purposes. In fact, this **borders on mismanagement and malfeasance** on the part of Delphi and potentially General Motors. Therefore, I believe it is incumbent upon this court to reject this motion from Delphi.

5) **Delphi breached their contract with salaried employees.**

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi. Employees were recruited by GM/Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with GM/Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. Also, the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

3

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was done to prevent salaried employees from demanding union representation. **Hourly benefits are not being subjected to this motion to cancel retiree benefits because of the contract between Delphi and the various unions.** Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early. Here again, a package was prepared showing the retirement income and benefits that would be provided if the employee elected to retire. **No employee would have signed the early retirement documents if there were any hint, either verbally or otherwise, that these benefits would not be paid in the future.** In my case, I have been in retirement for 67 days when I received this referenced motion. The Delphi Revised Plan of Reorganization filed on October 3, 2008 in Court Docket #14310 **did not** call for a termination for the Delphi Retiree benefits.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement.

After many employees retired, Delphi discontinued health care benefits after age 65. A number of meetings were held describing a "Wageworks pot" of $20,000 that was to be used to minimize the trauma caused by this change.

This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees.

This "pot" is now being eliminated along with the other benefits. However, during the numerous meetings that took place when this modification was originally made, an implication was again

4

made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi broke its implied contract with its salaried employees and should be held accountable for that action. Delphi should not be allowed to opt out of this obligation and this motion should be rejected by the court.

## SUMMARY

I am an engineer who hired into the company under GM and have dedicated my working career to making GM and then Delphi the best company I could. I had opportunities over the years to work in other industries for other companies. Some of these offers were for a higher salary. I turned them down out of loyalty to my company and the promise of benefits in retirement. I expect some level of loyalty from my company.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Dated:    Kokomo, Indiana
          February 12, 2009

Larry D Van De Wege
4483 W 180 S
Russiaville, IN 46979
(765) 456-3397
ldvandew@yahoo.com

5