February 13, 2009

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004



Case Number: 05-44481    Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

Dear Judge Drain:

Please accept this letter as my official objection to the motion filed by Delphi Corporation on February 4, 2009 (ref. Document 14705).

Delphi Salaried Retirees, unlike most other groups directly impacted by this bankruptcy, are not an organized group. This group is made up individuals who worked decades for Delphi (and previously General Motors) in good faith and without concern that in their most vulnerable time of life, they would be stripped of all insurance benefits. These are not entitlements, but rather benefits that had taken them a lifetime to vest. Unlike other stakeholders, such as investors and suppliers, they will have no "second chance" opportunity when (and if) Delphi emerges from bankruptcy. Delphi has chosen to take this action while openly acknowledging it would impose real hardship on these individuals.

I retired in January of 2001, and as part of my retirement benefits was a Medicare supplement health care plan, a Medicare special payment benefit of $79 and life Insurance to protect my spouse. Delphi then discontinued the Medicare Supplement in 2007 and replaced it with a Retiree Health Care Reimbursement Account, that they indicated was to soften the transition. I personally thought this account was funded and vested with an outside company. At this point there were only 4000 Salary retirees and why we tried to stop it, we were ignored. Now with this Motion not only do they seek to end the RHCA they are seeking to eliminate our life insurance. It is devastating to most of us, especially being on a fixed income and with the economic recession. You can't get life insurance past the age of 70 and for some of us with health care problems we don't qualify.

In the motion Delphi states that "projected cash associated with these programs .... exceeds $70 million per year." That is less than $6 million per month. Their operating report ending September 30, 2008, lists total operating expense for the prior eight months of $6,630 million, or about $829 million per month. In other words, the cost of the Salaried OPED is less than one percent of total operating cost. Surely, there are better areas to explore for cost reduction.

Hopefully, it will be clear to the Court that current Delphi management and their legal team have specifically targeted the Salaried Retirees, in lieu of others, because of their apparent vulnerability. The group heretofore has not been organized nor does it have focused legal representation. Thus, the February 17, 2009, deadline does not allow sufficient time to generate a collective and comprehensive response.

Judge Drain, I respectfully request that you weigh the severe impact of this motion on a relatively small group (as compared to Hourly retirees who are unaffected) versus the minimal overall affect that it would make in Delphi's ability to save the business. Further, I respectfully request that you reject Delphi's motion.

Thank you for your consideration,
Michael J. Gagnon
7880 John Elwood Dr.
Centerville, Ohio 45459

2121 Palazza Dr.
Sarasota, FL 34238

cc:

Attn: Brian Masumoto
Office of the United States Trustee
Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004