February 11, 2009

The Honorable Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, NY 10004



Dear Judge Drain:

Regarding the motion dated February 4, 2009 of Delphi Corporation to confirm the Chapter 11 Case No. 05-44481 Debtors' authority to terminate Salaried OPEB:

This letter is an objection to the subject motion.

I object to the motion due to the oversimplification by the "Debtors" of the classes of individuals targeted by the motion. The three classes of employees cited in the motion are: Pre-1993, 1993 to 2000, and Post-2000. I maintain that other classes of individuals with various rights to benefits exist. One such example is a class of employees that had fully earned the right to General Motors (GM) retirement benefits, including health care, by attaining more than 30 years of service and/or 85 points (age plus service) prior to the GM-Delphi separation. For this particular class, the "Debtors" do not have the authority to end such fully earned benefits that are currently being honored by GM to retirees that weren't transferred to Delphi. Additionally, a class of employees, hired prior to the mid-1980's, were hired with the understanding that these benefits could not be later denied. (Although the Preliminary Statement of the Motion cites several justifications for the right to amend etc. the Program, no such statements existed prior to the mid-1980's when many of the retirees were hired by General Motors) Additionally, there is a class of individuals who are now retired but who may have opted to continue as active employees had it not been for the threat of job elimination. If post-retirement benefits are to be eliminated, then individuals who had retired should be given an opportunity to resume active employment in order to mitigate the harm to their families. However, this motion contains no such option. The motion barely acknowledges the hardship that elimination of the benefits in question would cause to the retirees and their families, and does not develop what the actual impact would be. The retirement compensation is not as lucrative as people on the street would think, and, with the new financial burden that this motion represents, many retirees and their families would suffer severe hardship. The Debtors have the resources to fully develop the statistics as to the mean retirement compensation of the 15,000 people affected and what the consequences would be to them, to their families, and to state and federal aid programs that may need to assist these families after the consequences are realized. Lastly, the retirees who had spent their careers in the seventh, sixth, and lower levels of compensation would be impacted by these actions far more severely than those who were in the executive compensation levels, due to their correspondingly smaller pensions. Should further steps be taken by the Debtors regarding "replacement pension plans" after the elimination of the benefits programs, the consequences for these lower level employees would be well beyond hardship.

Additionally, I object to the motion for the stated Basis for Relief of the motion. The "Debtors" request confirmation of authority in exercise of "sound business judgment" and "in the best interest of the Debtors and their estates". GM and Delphi, on multiple past occasions, had characterized the health and other employee and retiree benefits as second to none in industry. These benefits had always been a cornerstone of the "middle

management" employee compensation, and employees often made the decision to remain in the employment of GM, even at a lower salary than available in other companies, simply due to the belief that there was a commitment to always maintain these benefits. GM had often stated that a competitive compensation package was necessary to "attract and maintain" a skilled workforce. If allowed to eliminate these benefits from the hard working middle management individuals, from the employees without the bonuses and without the executive salaries, and from the very employees who were the backbone of the past accomplishments of GM/Delphi, then Delphi no longer will be able to attract and maintain the best people necessary to return Delphi to profitability. There is no doubt that, should the motion be granted, the Debtors will immediately eliminate the post-retirement salaried benefits stipulated in the motion. Those who will be affected have already received a package from the Debtors outlining the out-of-pocket costs to continue the benefits (that had already been earned by the employees). The only path to blocking this injustice is to deny the motion.

Salaried personnel, without union representation, have always been an easy target during hard times. The "Debtors" should use their management creativity to find other ways to streamline Delphi rather than to eliminate past obligations on the backs of once loyal people who are no longer in a position to protect themselves. The intent of the motion is to eliminate these benefits for all time, and yet, should the global financial situation improve, global Delphi could very well become very profitable. Should that happen, the retirees will have lost their benefits and Delphi would continue to benefit from this removal of social and moral responsibility. While Congress is in the process of providing trillions of dollars of relief to banks and the automotive industry, the Debtors are moving in the opposite direction by shifting debt onto the shoulders of individuals who, in turn will need to rely more heavily on the government.

For all of the above reasons, I respectfully request that you reject the motion of the debtors.


Very respectfully,

Richard W. Rulf

*Richard W. Rulf* (signature)

4668 Mesa Court

Clarkston, MI  48348

(248)969-2432