PLAINTIF IS REPRESENTING HIMSELF

MICHAEL G. DENEUT
1894 MACKINAW RD.
TURNER MICH. 48765

BY: Michael G. Deneut



UNITED STATES BANKRUPTTCY COURT SOUTHERN DISTRICT OF NEW YORK

In re:

DELPHI CORPORATION, et al., Debtors and Deptors-in-Possession,

Debtor.

) Chapter 11 Case No:05-44481 (RDD)
)
) Objection to: NOTICE OF MOTION FOR
) ORDER UNDER 11 U.S.C.$$105,363(b)(1),
) AND 1108 CONFIRMING DEBTORS' AUTHORITY
) TO TERMINATE EMPLOYER-PAID POST-
) RETIREMENT HEALTH CARE BENIFITS AND
) EMPLOYER-PAID POST-RETIREMENT LIFE
) INSURANCE BENIFITS FOR CERTAIN (A)
) SALARIED EMPLOYEES AND (B) RETIREES
) AND THEIR SURVIVING SPOUSES

DELPHI AND DEBTORS SHORT NOTICE TO TERMINATE RETIREMENT BENEFITS FOR CERTAIN
SALARIED RETIREES HAS PUT ADDED BURDEN TO OBTAINING AFFORDABLE REPLACEMENT
INSURANCE. TYPICALLY UP TO 6 MONTHS COULD BE REQUIRED FOR ACCEPTANCE. ALSO,
PRE-EXISTING HEALTH CONDITIONS MAKE ME AND MY SPOUSE INELIGIBLE FOR COVERAGE
WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, EXPOSURE TO HAZARDOUS
CHEMICALS AND AGENTS (ASBESTOS) DURING MY EMPLOYMENT HAS DISQUALIFIED ME AND
MY SPOUSE WITH NEW PROVIDERS WITH AFFORDABLE RATES. ALSO, BY TRANSFERING ALL
HOURLY RETIREES TO GM ROLES DELPHI HAS REDUCED THE INSURABLE POOL TO A MUCH
REDUCED SIZE WHICH LESSONS SALARIED EMPLOYEES ELIGIBILITY FOR AFFORDABLE
RATES. ALSO, BY ASSUMING THAT THE RULING WILL BE IN THEIR FAVOR DELPHI HAS
PREMATURLY SENT OUT NOTICES THAT ALL BENEFITS WILL BE TERMINATED CAUSING
DURESS ASSOCIATED WITH APPLICATION PERIODS. ALSO, PREMIUMS BEING OFFERED FOR
SELF PAY ARE NOT AFFORDABLE AS THEY ARE NOT ACTUALLY BASED ON EMPLOYER RATES
FOR THE SAME COVERAGE. DECISIONS MADE BY SALARIED EMPLOYEES TO RETIRE WERE
BASED ON INFORMATION GIVEN TO THEM AT THE TIME OF THE SIGNING OF THE
RETIREMENT CONTRACT. DECISIONS BASED ON IMPLIED PROMISES FOR PROVIDING
MONTHLY HEALTH AND LIFE INSURANCE PROVISIONS. THERFORE IT IS REQUESTED

THAT DELPHI AND ITS DEPTORS LIVE UP TO IMPLIED PROMISES ENTERED INTO WITH

SALARIED EMPLOYEES DURING THEIR EMPLOYMENT AND AGREED UPON AT THE TIME OF

EMPLOYEE SEPARATION FROM THE COMPANY INTO THEIR MANAGED RETIREMENT PROGRAM

WHICH INCLUDED PROVIDING PAID PROVIDER HEALTH CARE AND LIFE INSURANCE

BENIFITS TO THE SALARIED RETIREES JUST AS THEY ARE CONTINUING TO PROVIDE

HEALTH CARE AND LIFE INSURANCE FOR THE HOURLY RETIRED WORKFORCE. - 1

MICHAEL G. DENEUT
1894 MACKINAW RD.
TURNER MICH 48765
February 10, 2009


The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   DELPHI CORPORATION, et al., Case No. 05-44481 (RDD)

OBJECTION OF MICHAEL G. DENEUT TO DEBTORS' MOTION TO CONFIRM DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)

I, Michael G. Deneut, am a salaried retiree of Delphi Corporation. I have two objections to the Salaried OPEB Termination Motion:

1.    I object to the short time to the Objection Deadline. Employees and retirees were notified of this motion on February 5, 2009 and the Objection Deadline has been set as February 17, 2009. Retirees were notified by a FedEx package delivered to their home. It is obvious that the Debtors' have had their army of attorneys working for some time preparing the Motion. It is only fair to offer the retirees sufficient time to prepare an objection to the motion. This is mid-winter in one of the coldest and snowiest winters that the midwest and northeast United States has experienced in the past fifty years. Many retirees are away from their home and spending time in a warmer climate (i.e., Florida, Arizona, etc). Some may be away for a week or two and others for a period of months. They had the opportunity to have their US Mail forwarded to their winter or vacation residence, but that does not mean that FedEx deliveries will be forwarded. This means that many retirees did not receive notification of the motion. Many of those that do hear of the motion will hear of it later than the February 5 notification date, allowing an even shorter time to file before the objection deadline. Judge Drain, I am asking you to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

2.    I object to the termination of Salaried OPEB for Health Care and Life Insurance. It was not long ago that Delphi Salaried Retirees were granted Health Care Benefits for life. Then a few years ago, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare. This policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account for retirees to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change was a great benefit to Delphi, but enough is enough. As they mention in their motion, one of the big factors that is affecting increasing health care costs is "the aging population of the United States." The termination of Health Care Benefits at age 65 eliminated the effect of the aging population. It will cost Delphi no more if I live to age 90 than if I live to age 72 with that policy. Any further cut in Retiree Health Care Benefits should not be approved. We are talking about a few years worth of benefits for Delphi employees and retirees hired by GM prior to 1993.

I would like the opportunity to provide a better objection to the Debtors' motion, but I do not have an army of accountants and lawyers, and I need more time than is allowed by the unreasonably short notice. Judge Drain, I am asking you again to extend the Objection Deadline for this motion to May 1 or later to allow all affected parties adequate time to prepare their objections.

Thank you,

*[signature: Michael G. Deneut]*

Michael G. Deneut

I have also caused copies to be served on the following parties via first class mail on February 10, 2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn:   John W. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Ave. New York
New York 10017
Att'n: Donald Bernstein & Brian Resnick

Fried, Frank, Harris Shriver & Jacobson LLP
One New York Plaza, New York
New York 10004
Att'n: Bonnie Steingart

Latham & Watkins LLP
885 Third Ave. New York
New York 10022
Att'n: Robert J. Rosenberg & Mark A. Broude

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Brian Masumoto

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                      :
                                                            :
    FIRST AMENDMENT TO ECF                                  :    General Order # M-269
    GENERAL ORDER M-242                                     :
                                                            :    Supplement to General Order # M-242
                                                            :
------------------------------------------------------------X

Federal Rule of Civil Procedure ("FRCP") 83 and Federal Rules of Bankruptcy Procedure ("FRBP") 5005(a)(2) and 9029 authorize this Court to establish practices and procedures for the filing, signing and verification of documents by electronic means.

By General Order M-242, dated January 19, 2001, the Court revised such practices and procedures[1] – as contained in the *Revised Administrative Procedures for Electronically Filed Cases* and the *Electronic Filing System Attorney's User Manual* ("Revised Electronic Filing Procedures") – pertaining to the Court's Case Management/Electronic Case Filing ("CM/ECF") System.

The practice under the Revised Electronic Filing Procedures limited eligibility for obtaining a CM/ECF password to attorneys admitted to practice law.

The Court will now provide CM/ECF passwords to non-attorneys for the limited purpose of electronically filing certain documents relating to claims. To obtain a password, an individual must apply to the court and, *where possible*, attend a court training session in New York City, Poughkeepsie or White Plains.

The provisions set forth in the Revised Electronic Filing Procedures apply to those issued a limited-access password. Thus, the use of a limited-access password shall constitute the signature of the password holder, and those holding such passwords bear the responsibility of keeping the password secure. Additionally, each password holder has a duty to notify the Court at the earliest opportunity in the event that the holder accidentally obtains greater access than the limited-access password permits or if the holder of the password believes the security of the password has been compromised. The Clerk of the Court, in her discretion, may cancel the password of any individual who does not comply with this General Order and the provisions contained in the Revised Electronic Filing Procedures.

Dated:      New York, New York
            June 3, 2002

                                                    /s/ Stuart M. Bernstein
                                                    STUART M. BERNSTEIN
                                                    Chief Judge

---

[1] General Order M-242 superseded General Order M-182, which had been amended by General Orders M-193 and M-206.