UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

In re                                    :          Chapter 11

DELPHI CORPORATION, et al.,              :          Case No. 05-44481 (RDD)

                     Debtors             :          (Jointly Administered)

---------------------------------------------------X


REQUEST FOR CONTINUATION OF MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(B)(1), AND 1108 CONFIRMING DEBTOR'S AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES.

Mr. Bruce D. Wolfe (hereafter referred to as I and its standard English tenses and possessives), current retiree of Delphi Corporation (hereafter referred to as Debtor) believes that the Court has the ability and responsibility to continue the hearing on the above identified issue for at least 30 days from the currently set February 24, 2009 at 10:00 a.m. Eastern Standard Time to allow reasonable and sufficient time for the salaried employees, retirees and surviving spouses to adequately prepare their objection to this matter.

In support of this request, please note:

The Debtor was allowed as much time as desired prior to submitting their motion to (a) formulate the course of action, (b) study case law to identify potential issues and counter-issues that may apply and develop countermeasures for them, and (c) establish a timeline for the proceedings that would deny me the ability to do the same.

The Debtor has filed this motion to terminate health care and life insurance benefits for a bloc of people, namely salaried employees, retirees and surviving spouses. Such a bloc does not exist as a legal entity and consequently cannot act as an organization as can the Debtor. In order to adequately object to the Debtor's motion, such a bloc must be allowed to develop, a process that is impeded by the Debtor's policy of withholding contact information for the potential members of said bloc. Such a bloc is in the process of formation but must rely on word of mouth to contact potential members. As of this writing, membership is at less than 700 of the 15,000 people reported by the Debtor as affected.

The salaried employees, retirees, and surviving spouses that have joined to try and object to the filing by the Debtor have further been hampered in obtaining legal counsel due to the large contingent of legal firms specializing in bankruptcy already employed by the Debtor or by General Motors Corp, who all cite conflict of interest issues with trying to represent this group.

In order for me, and others like me, to establish a fair and reasonable objection to the motion offered by the Debtor, I submit that I must have more time than the 15 days originally provided in order to join with others in like circumstances and establish a legal organization that can represent

itself in bankruptcy court. Not allowing time to establish a fair and reasonable objection would be to withhold due process to the 15,000 salaried employees, retirees, and surviving spouses forcing them to lose benefits earned over years of dedicated service to the Debtor.


Dated:  Kokomo, Indiana
        February 12, 2009


*Bruce D. Wolfe*

Bruce D. Wolfe
320 Rainbow Drive
Kokomo, Indiana 46902