Official Form 20A
(12/03)

PAGE 1 of 3

# United States Bankruptcy Court
## Southern District Of New York

------------------------------x

In re
DELPHI CORPORATION, et al.,
Debtors.

: Case No. 05-44481 (RDD)
: Chapter 11
: (Jointly Administered)

------------------------------x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

**OBJECTION BY WAYNE H. BANK, CURRENT DEBTOR RETIREE TO "MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705**

I, Wayne H. Bank, hereby submit my objection to the Salaried OPEB Termination Motion and respectfully requests that the Court deny the Salaried OPEB Termination Motion or grant such other relief as is just and equitable to the 15,000 retirees impacted by the motion. In support of my Objection, I state as follows:

1. I am a Delphi retiree, having worked for Delphi for three months after 36 years with General Motors.

2. I object to the February 17, 2009 deadline to file objections. I received no other notice of Debtors' intentions to terminate insurance benefits until I received the Salaried OPEB Termination Motion on February 5, 2009. As a result, I have only **six working days** to develop and submit an objection, which time period is woefully inadequate to address a motion that will cause significant financial difficulties for me for the next twenty to thirty years. The notice period is not reasonable or sufficient to permit retirees, who do not have the benefit of counsel, six working days to respond to a motion that will negatively impact the rest of their lives.

3. I object to the proposed insurance benefits termination date of March 31, 2009. Like most retirees, I am scrambling to locate alternative, affordable insurance. If the Motion is granted, retirees will only have approximately thirty (30) days to locate insurance. Based upon the age and possible health issues associated with the retirees, this is not a reasonable amount of time.

4. I object to Debtors' statement that Section 1114 does not apply to the retirees. Delphi has, to my knowledge, failed to attach copies of the plans to the Salaried OPEB Termination Motion, and I would respectfully suggest that the Court is not in a position to make a determination that Section 1114 does not apply. A committee should be formed and that committee should be afforded time to review and respond to the motion.

5. I object to the Debtors' selection of termination of the post-retirement health and life insurance benefits as the only option. Other options were defined in the benefits while employed and when retired, including the option to amend or modify.

6. I object to Debtors' termination of Salaried OPEB for current retirees who were forced to retire or chose to retire based on personal financial situations and plans that included debtor commitments at the time of

Official Form 20A
(12/03)

PAGE 2 of 3

retirement. The Debtors chose to retire people for short term cost savings with a commitment to retirement payment, health care and insurance. The proposed medical and insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when forced retirement and retirement decisions were made. At this time, the group being harmed financially is not represented by anyone in the bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.

7. The Debtors were provided OPEB funds by GM when it was spun off in 1998 to cover those salaried employees with GM service. I had 36 years of GM service and 3 months of service with the Debtors. The Debtor needs to demonstrate what happened with these OPEB funds.

8. I would request that the Court (A) deny the Salaried OPEB Termination Motion, (B) adjourn the deadline to object to the Salaried OPEB Termination Motion and hearing on the Salaried OPEB Termination Motion, (C) extend the proposed March 31, 2009 termination date of the plans and/or (D) grant such other relief as is just and equitable to the 15,000 retirees.

Date: 2/12/09          Signature: *Wayne H. Bank*
Wayne H. Bank
6551 S. Lakeshore Rd.
Lexington, MI 48450

## Certificate of Service

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION BY WAYNE H. BANK,**
Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004
and copies mailed to:
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
(Attn: General Counsel)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(Attn: Donald Bernstein and Brian Resnick)

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
(Attn: Robert J. Rosenberg and Mark A. Broude)

Official Form 20A
(12/03)

PAGE 3 of 3

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NewYork 10004
(Attn: Bonnie Steingart)


Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Brian Masumoto)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Attn: Kayalyn A. Marafioti

Date: 2/12/09

Signature: *Wayne H. Bank*
Wayne H. Bank
6551 S. Lakeshore Rd.
Lexington, MI 48450