February 12, 2009

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, NY 10004
Attn: Deliver directly to the chambers of the Honorable Robert D. Drain

Case Number:  05-44481
Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108
Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement
Health Care Benefits And Employer-Paid Post-Retirement Life Insurance
Benefits For Certain (A) Salaried Employees And (B) Retires And Their
Surviving Spouses (the "Motion").

Dear Honorable Judge Drain:

I am writing to object to Delphi Corporations motion to terminate the pre-Medicare age retired
salaried employee's heath benefits.  This termination would significantly disadvantage the pre-
Medicare aged retirees when compared to the affected current Delphi employee in the same
group.  The pre-Medicare age retirees will suffer an immediate significant economic impact
whereas the current active employees have no immediate economic disadvantage and can plan
retirement with this situation in mind.   The existing pre-Medicare age retirees, who were enticed
to take retirement prior to age 65 with this benefit in mind, certainly have limited economic options
in regards to making alternate plans at this point.  A number of the pre-Medicare age current
retirees only accepted retirement within the past 6 months.

The financial analysis used in the justification of this motion certainly produces very significant
savings and reduction of long term liability.  Lumping all these categories together with pre-
Medicare age salaried retirees and current active employees certainly masks the immediate
economic disadvantage to the retirees group.

Obviously, the current management of Delphi is no longer concerned with representing pre-
Medicare age retirees, even though throughout the history of GM and Delphi, they claimed to the
group that they better represent the salaried employees than alternatives.  At this point it appears
you are the only effective representative of this group's interest in this situation.

I am requesting that your decision on the motion reject the option to allow the near term cessation
of pre-Medicare age salaried and surviving spouses health benefits.  The plan should continue
until the Medicare age is reached by each individual.

I would like to ensure your awareness concerning this issue and request your careful
consideration in your decision concerning the motion.

Respectfully,

Gary E. Thoman
14075 Landings Way
Fenton, MI 48430

cc:

Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive  - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004