February 14, 2009

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

Case Number: 05-44481    Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses.

Dear Judge Drain:

Please accept this letter as my official objection to the motion filed by Delphi Corporation on February 4, 2009 (ref. Document 14705). Hopefully, it will be clear to the Court that current Delphi management and their legal team have specifically targeted the Salaried Retirees, in lieu of others, because of their apparent vulnerability. I can imagine it took a lot of talented people to put this proposal together over a period of time. The Retiree group heretofore has not been organized nor does it have focused legal representation. The procedures for filing objections are clearly onerous (by my count, eight different requirements to be met). I view it as impossible for laymen to meet the tight February 17, 2009, deadline; nor does it allow sufficient time to generate a collective and comprehensive response.

Delphi Salaried Retirees, unlike most other groups directly impacted by this bankruptcy, are not an organized group. This group is made up individuals who worked decades for Delphi (and previously General Motors) in good faith and without concern that in their most vulnerable time of life, they would be stripped of all insurance benefits. These are not entitlements, but rather benefits that had taken them a lifetime to vest. Unlike other stakeholders, such as investors and suppliers, they will have no "second chance" opportunity when (and if) Delphi emerges from bankruptcy. Delphi has chosen to take this action while openly acknowledging it would impose real hardship on these individuals.

While I have personally been retired since 2001, there are many others who were encouraged to accept an early retirement only recently. Again, these folks were dedicated employees who acted in good faith and in the belief that Delphi would honor its post retirement promises. Less than six months after leaving, these people in their late 50's and early 60's find themselves facing the high probability of losing all health care insurance. If Delphi management knowingly made these offers while considering this latest course of action in the Court, it would appear that these offers were made fraudulently.

Judge Drain, I respectfully request that you weigh the severe impact of this motion on a relatively small group (as compared to Hourly retirees who are unaffected) versus the minimal overall affect that it would make in Delphi's ability to save the business. Further, I respectfully request that you reject Delphi's motion.

Thank you for your consideration of this matter that is of vital importance to the lives of many Delphi retirees.

Sincerely yours,

Thomas D. Karvonen
44 Cedar Drive
Mills River NC 28759