Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Larry M. Lawrence
4345 Hedgethorn Circle
Burton, MI 48509
810-743-3337

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
                  Debtors.    :    (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am a retired Delphi employee, 54 years old. I retired after 31 years. I wasn't ready to retire this early, but I was encouraged to retire to reduce Delphi's headcount. I received a severance pay and the assurance that I would have healthcare until age 65. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement

Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. It will cost me more than a third of my fixed income to continue this coverage.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.


Dated:      Burton, Michigan
               February 11, 2009

                                              Larry M. Lawrence

                                              4345 Hedgethorn Circle.
                                              Burton, Michigan
                                              810-743-3337

05-44481-rdd    Doc 15579    Filed 02/17/09    Entered 02/19/09 20:00:02    Main Document
Pg 4 of 4
05-44481-rdd    Doc 15579    Filed 02/17/09    Entered 02/19/09 20:00:02    Main Document
Pg 4 of 4
05-44481-rdd    Doc 15579    Filed 02/17/09    Entered 02/19/09 20:00:02    Main Document
Pg 4 of 4

05-44481-rdd    Doc 15579    Filed 02/17/09    Entered 02/19/09 20:00:02    Main Document
Pg 4 of 4

cc:

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Attn: Dorothy Li

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004
Attn: Brian Masumoto

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive - Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Berstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
Attn: Bonnie Steingart