5612 Sturgeon Ave.
Midland, Mi. 48640


February 11, 2009


The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004-1408

Re:    DELPHI CORPORATION, et al., Case No. 05-44481  (RDD)



OBJECTION OF James R. Emeott TO DEBTORS' MOTION TO CONFIRM
DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST –
RETIREMENT LIFE INSURANCE BEBEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES
(SALARIED OPEB TERMINATION MOTION)



I, James Emeott, am a salaried retiree of Delphi Corporation.  I have two objections to the
Salaried OPEB Termination Motion:

1.       I object to the short time to the Objection Deadline.  Employees and retirees were
notified of this motion on February 5, 2009 and the Objection Deadline has been set as
February 17, 2009.  Retirees were notified by a FedEx package delivered to their home.
It is obvious that the Debtors' have had their army of attorneys working for some time
preparing the Motion.  It is only fair to offer the retirees sufficient time to prepare an
objection to the motion.  Some may be away for a week or two and others for a period of
months, FedEx deliveries will not be forwarded.  This means that many retirees will not
receive notification of the motion.  Many of those that do hear of the motion will hear of
it later than the February 5 notification date, allowing an even shorter time to file before
the objection deadline.  Judge Drain, I am asking you to extend the Objection Deadline
for this motion to May 1, 2009 or later to allow all affected parties adequate time to
prepare their objections.

2.      I object to the termination of Salaried OPEB for Health Care and Life Insurance. It was not long ago that Delphi Salaried Retirees were granted Health Care Benefits for life. Then a few years ago, Delphi changed their policy such that retiree Health Care Benefits would cease at age 65 when the retiree became eligible for Medicare. This policy also provided for a $10,000 or $20,000 (depending on retirement date) Retiree Health Reimbursement Account for retirees to help with medi-gap insurance or other health care expenses after their Delphi Health Care Benefits were terminated at age 65. That policy change was a great benefit to Delphi and a sacrifice for the retirees, but enough is enough.  As they mention in the Delphi motion, one of the big factors affecting increasing health care costs is "the aging population of the United States." The termination of Health Care Benefits at age 65 eliminated the effect of the aging population.  It will cost Delphi no more if I live to age 90 than if I live to age 72 with that policy.  Any further cut in Retiree Health Care Benefits should not be approved.

I feel that this proposal is unfair and discriminatory towards the salaried retiree. Why have only the salaried retirees been asked to give up benefits at retirement? Would it not make a better proposal to share the cost cutting with the hourly retirees and only reduce benefits rather than eliminate these promised benefits for the salaried retirees?

I would like the opportunity to provide a better objection to the Debtors' motion, but I do not have an army of accountants and lawyers, and I need more time than is allowed by the unreasonably short notice.  Judge Drain, I am asking you again to extend the Objection Deadline for this motion to May 1, 2009 or later to allow all affected parties adequate time to prepare their objections.

Thank you,

James R. Emeott

I have also caused copies to be served on the following parties via first class mail on February 11,  2009.

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI  48098

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL  60606
Attn:  John W. Butler, Jr.