# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
    In re                           :
                                    :  Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :  Case No. 05-44481 (RDD)
                                    :
                                    :  (Jointly Administered)
        Debtors.                    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - -x
```

Address:  Delphi Corporation
          5725 Delphi Drive
          Troy, Michigan 48098

**NOTICE OF OBJECTION BY EMERSON L. HORNER, CURRENT DEBTOR RETIREE TO MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES (the "Motion"), Document #14705 filed February 4, 2009 and delivered to Emerson L. Horner on February 5, 2009, via Federal Express.**

I, Emerson L. Horner, hereby file this written to objection to said motion prior to the required date of 4:00 p.m. (prevailing Eastern time) on February 17, 2009, and respectfully request the court to consider my views in objecting to the motion.

My views and objections for consideration:

1. I *object* to debtors' requirement that objections be submitted no later than February 17, 2009. I was advised of the filing of this motion by Delphi Corporation less than one week ago – with no prior warning that this action was being considered – leaving only six (6) working days to research, develop, and file a well-reasoned legal objection to the Motion. This is insufficient time, especially considering the significant economic burden to be placed on all Delphi Corporation salaried retirees.

2. I *object* to the fact that the salaried retirees of Delphi Corporation are not represented in the bankruptcy proceedings.

3. I *object* to debtors' selection of termination of the post-retirement health and life insurance benefits (referred in the motion as "Salaried OPEB") as opposed to amendment or modification of said benefits. In a letter dated February 5, 2009, and delivered to me by the United States

Postal Service, Delphi Corporation has acknowledged that "these actions will impose a real hardship on former beneficiaries of these programs." Yet the corporation has provided these former beneficiaries no information regarding alternative courses of action that were considered to meet the challenges created by the weakened global economy. Absent such information, I have no doubt there are thousands of Delphi salaried retirees who are skeptical that the termination of post-retirement health care and life insurance benefits is the best way to address the current situation. The imposition of such a great financial burden on so many families at one of the most challenging times in our nation's history must be a huge factor in such a decision. I believe the corporation should be required to provide convincing evidence to the court that its plan imposes equitable, shared pain on all involved parties, and that the salaried retirees will not be made to shoulder an undue share of the burden.

4. I *object* to debtors' termination of Salaried OPEB for current retirees since it is the retirees who paid for the promised future medical benefits. When I started my career at General Motors Corporation, I agreed to provide my services for a defined salary plus benefit package. Among these benefits were paid holidays/vacations, sick leave, medical/dental insurance, life insurance, and both a pension and health care benefits to be provided in retirement. Had General Motors offered me a position at the same salary with no benefits, I would never have accepted the position. For years, General Motors – and, subsequently, Delphi Corporation – advised its salaried workforce that the compensation package being provided was competitive with comparable industrial companies. This could have been true only if total compensation, i.e., salary plus benefits, were considered. Terminating post-retirement health care and life insurance benefits for salaried employees means Delphi Corporation misled its salaried employees since the day the corporation separated from General Motors Corp.

5. I *object* to the proposed termination date of March 31, 2009, as providing insufficient time for salaried retirees to accumulate funds necessary to address this significant and unexpected financial burden. Delphi salaried employees hired after January 1, 1993, were promised no post-retirement health care benefits. Said employees were given an additional 1% of base pay in lieu of the OPEB retirement benefits. It was stated that prudent investment of these funds over time would provide the financial resources necessary to self-pay post-retirement health care insurance and expenses, indicating debtors' recognition that such a change in funding requires a considerable period of time to accomplish. Clearly, little more than one month is insufficient.

I respectfully request that the court

a) appoint a committee of retired employees to serve as the authorized representative of the retirees, pursuant to section 1114(d) of the Bankruptcy code.
b) withhold ruling on the motion until such time as the retirees' representative can meet with debtors to determine whether the requested ruling is reasonable and necessary for Delphi Corporation to emerge from bankruptcy.

Emerson L. Horner
1110 Ayers Plantation Way
Mt Pleasant, SC  29466-8588
February 11, 2009

cc:    Delphi Corporation  (Att'n: General Counsel)
       Skadden, Arps, Slate, Meagher, & Flom LLP  (Att'n: John Wm. Butler, Jr.)
       Davis Polk & Wardwell  (Att'n: Donald Bernstein and Brian Resnick)
       Latham & Watkins LLP  (Att'n: Robert J.Rosenberg and Mark A. Broude)
       Fried, Frank, Harris, Shriver & Jacobson LLP  (Att'n: Bonnie Steingart)
       Office of the U. S. Trustee for the Southern District of New York (Att'n: Brian Masumoto)
       United States Bankruptcy Court, Southern District of New York (Att'n: Dorothy Li)