**Hearing Date and Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern Time)**

Richard L. McClain
4319 River Road
Columbus, IN 47203
(812) 376-7551

Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

In re                                      Chapter 11

DELPHI CORPORATION, et al.,                Case No. 05-44481 (RDD)

          Debtors.    :      (Jointly Administered)

------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

    I am a retiree of Delphi Corporation. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

RECEIVED
FEB 17 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees stops when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement. Similarly, life insurance for retirees stops at age 75.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. People who have already retired are in an even worse situation. It will cost some of them more than a third of their fixed income to continue their coverage.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

## SUMMARY

I was an engineer who hired into the company under GM and served 41 years making GM and then Delphi the best company I could. I expect loyalty from my former employer.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

Rather than cancel the life insurance, please consider reducing it to no less than ten or twenty percent of the present amount. Everyone will have end-of-life expenses which will be a hardship on the family. Retirees have little chance of purchasing life insurance now.

Furthermore, if salaried benefits are eliminated, then <u>bonuses as well as insurance benefits</u> for upper management should also be permanently eliminated.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to immediately and permanently terminate health coverage for salaried employees and retirees who are counting on that coverage.

Dated:    Columbus, IN
          February 11, 2009

Richard L. McClain

*Richard L. McClain*

4319 River Road
(812) 376-7551

Copies of this document are sent to the following:

| | |
|---|---|
| 1 & 2. | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Attn: Judge Robert D. Drain<br>Attn: Dorothy Li, Courtroom Deputy |
| 3. | Delphi Corporation<br>5725 Delphi Drive<br>Troy, MI 48098<br>Attn: General Counsel |
| 4. | Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL 60606<br>Attn: John Wm. Butler, Jr. |
| 5. | Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br>Attn: Donald Berstein and Brian Resnick |
| 6. | Latham & Watkins, LLP<br>885 Third Avenue<br>New York, NY 10022<br>Attn: Robert J. Rosenberg and Mark A. Broude |
| 7. | Fried, Frank, Harris, Shriver & Jacobson, LLP<br>One New York Plaza<br>New York, NY 10004<br>Attn: Bonnie Steingart |
| 8. | Office of the United States Trustee for the Southern District of New York<br>33 Whitehall Street<br>Suite 2100<br>New York, NY 10004<br>Attn: Brian Masumoto |