February 12, 2009



United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Honorable Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 8, 2005
Document # 14705 to Cancel OPEB (Health Insurance Benefits) for all Retirees

Dear Judge Drain:

This letter is to express my concerns with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

**Please note that this letter is an OBJECTION to that document and file it as a motion to object to document #14705.**

This document was filed with no previous warning to any of the current employees and retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

Many of the most recent retirees of Delphi were retired **BY** the company and **NOT** by the choice of the employee. They were given no decision to make, just told they would be retiring on a specific date. They had little time to prepare for retirement, and little time to adjust to a significantly reduced income before they were hit with this latest development (loss of health care) which will cause financial hardship for every retiree. It will have huge impacts not only on the retirees and soon-to-retire, but also every community where retirees live.

This is particularly disheartening for those who gave the best years of their lives to the company, working under the assumption that in turn for their time and efforts Delphi would uphold its end of the bargain when they walked out the door.

Delphi engaged in the practice of making a greater contribution to the 401(k) plan for employees hired after 1992 than to those who were hired prior to 1992. The justification given for this discriminatory practice was that Delphi did not provide post-retirement health care contributions for employees hired after 1993. Thus, a valuable consideration was paid by all pre-1993 employees to fund their post-retirement health care. I have excerpted the appropriate clause from the Summary Plan Description provided by Delphi.

> Delphi Contributions
> <<portions deleted>>
> If you were hired on or after January 1, 1993,
> and (1) have completed six months of service,
> and (2) are eligible to participate in the S-SPP,
> Delphi automatically contributes an amount equal
> to 1% of your eligible salary to your S-SPP
> account, whether or not you elect to participate in
> the S-SPP. This additional contribution, called the
> "1% Delphi Benefit Contribution," is provided
> because you are not eligible for Delphi
> contributions for post-retirement health care or life
> insurance.

Some of the product line divestitures which Delphi has recently undertaken provided that employees that were transferred to the new company are participants in the Delphi post-retirement health care plan as long as contributions toward the cost for those retirees is made by the new (divested) company. Delphi should not be allowed to terminate post-retirement health care benefits for those retirees which are funded by another company. Inteva Products is one example of this type of divestiture.

With the current state of the economy, retirees who had saved for retirement in their Stock Savings Plans, have lost 40 – 60 % of their savings. As you know, the cost of living has increased significantly in the last two years based upon rising energy costs alone. This coupled with the loss of health care benefits would have a crippling effect on the lives of every retiree of Delphi Corporation.

It is my belief that there are other ways to restructure the company and still retain health care for retirees. Health care benefits are currently scheduled to stop at the age of 65 for all retirees. This cost is a decreasing cost to the company as each of us reaches that 65 age milestone.

Please know that each of the 15,000 + retirees and soon-to-retire, who will be negatively impacted by this action, will be looking to you for your consideration when making the decision concerning Document #14705 dated February 4, 2009.

## We ask you to REJECT this motion.

Sincerely yours,

Name      Anthony J. Sciarrotta
Address   24784 Beck
City, etc  Eastpointe, Mich. 48021
Phone num  586-823-3243