February 10, 2009

United Sates Bankruptcy Court
One Bowling Green
New York, NY 10004

Attn: Judge Robert D. Drain

Ref:
Delphi Corp Case # 05-44481 filed October 5, 2005
Document # 14705 to cancel OPEB (health insurance benefits) for all retirees

Dear Judge Drain:

This letter is to express my concerns with Document # 14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation.

## Please note this letter is an Objection to that document and file it as motion to object to document # 14705

This document was filed with no previous warning to any of the retirees of Delphi Corporation and was only made known to us via letter on February 5, 2009 and gave us a mere twelve days to file our objections.

As an employee of both General Motors Corporation for 30yrs., beginning as an hourly employee in February 1967 with Chevrolet Div. and having been with Delphi Corporation for only 6.5 yrs. after the spin off. The understanding was such that General Motors would set aside funding for retiree benefits therefore insuring no change to our compensation packages.

We were told, after the spin off from General Motors Corporation, that our 401k contributions required investment only in Delphi Stock. Now that stock, which we were told to purchase as part of our 401k program, is worthless. This was a terrible blow to our retirements and now we are being denied health coverage. It was always presented to us that our Compensation Package included both Pension and Health Care Coverage as part of deferred wages. To this end we as Salaried Employees are now asked to give up a majority of our Pensions to cover our Medical Benefits.

It has been brought to light in the press (see Detroit Free Press 2-10-09) that General Motors, under the separation agreement with Delphi Corporation, could reacquire some of the Delphi Facilities. This makes the dropping of Health Care for Salaried Employees all the more relevant. The removal of the Health Care legacy costs for those Delphi Facilities become far more attractive to General Motors Corporation. This in itself should

warrant the postponement of any decision in this matter until full disclosure of these negotiations has been presented to the Court.

It is also relevant to this case that J.T. Battenberg III, the founder of Delphi Corporation, has his benefits vested with General Motors Corporation. Could this whole process have been nothing more than a ploy by General Motors Corporation and Delphi Corporation to divest itself of underperforming Delphi Corporation Divisions and then reacquire only those that are profitable without the social contract responsibilities that they have?

## We ask that you REJECT this motion.

Sincerely Yours,

Richard D. Doyle
PO Box 1151
Santa Teresa, NM. 88008
575-589-0126
Doyler2d2@aol.com