FEBRUARY 13, 2009

To: The Honorable Robert D. Drain
United States Bankruptcy Court for
The Southern District of New York
One Bowling Green – Room 610
New York, NY 10004

Re: Objections to the Delphi Motion to terminate Retirement Health Care Benefits.

Your Most Honorable Robert D. Drain;

    My name is William J. Babinski and I am a Delphi Retiree. I am voicing my objections in writing to the Delphi Motion to terminate the Retirement Health Care Benefits. I am basing my objections on the fact that this would cause a major financial burden on the retirees, and it could possibly cause the retirees to go without health insurance or very limited health insurance.

    I received your Notice of Motion via FedEx Express on Thursday, February 05, 2009. I read the information, but was unable to understand the procedure and how to send you my formal objections to the motion. I understood the Objection Deadline date, and my concern was not being able to be heard because I didn't understand the filing procedure. I was also very concerned that other retirees would have the same problem and thus not bother to send a response. This became a greater concern when I read, "PLEASE TAKE FURTHER NOTICE" that only those objections made and set forth herein and in accordance with the Case Management Orders will be considered by the Bankruptcy Court at the hearing. If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Case Management Orders, the Bankruptcy Court may enter an order granting the Motion without further notice, "I suspect that many retirees will not respond or know how to respond to the Bankruptcy Court. I also believe that Delphi knows this will be the case, since on February 06, 2009, I received notice from Delphi that on April 01, 2009 my health care insurance benefits, my life insurance program and my RHRA at Medicare time will all be terminated. I called the benefits department and asked if you had already made your judgment. They told me that the judgment had not be decided. Apparently Delphi is convinced that there will be few if any objections filed and what your judgment will be.

    Let me explain how I believe this elimination of health care insurance is of such a financial burden on the salaried retirees. We were sent by the company a list of benefit plans that we could purchase and continue our health insurance. I am on the Priority Health Plan West (Western Michigan), and there is a Priority Health Plan East (Eastern

Michigan). I checked with Kesha, a Delphi Benefits Rep. at the National Benefits office (1-866-335-7444) and I was told that both the Priority Health Plan West and East were identical with one exception, those having the East plan would pay $793.67 per month for their coverage. It's the same policy but, the West plan would pay $1,066.57 a month. The only response given to me was that the Priority Health people and the Delphi people agree on the cost of the plans.

In my case as with others, this is a sizeable amount to be paying per month. The monthly payment will be deducted from my monthly pension check which is equal to $1,422.55. That means my net income from my pension check will be $355.98. It is most difficult in these economic times to find employment to replace that lost income of $1,066.57. In checking with other Insurance companies, it has been most difficult to find decent insurance coverage for my wife and I especially at our ages of 63 and 64. I am left as will be other retirees, the choice of depleting our savings, or go with little or no health insurance. This means if we choose no health insurance, we will become added cost to the health care system. Who are the ones responsible for this financial crisis? Is it the retirees or the Delphi Management and their decision making?

Your Honor, I would offer three possible judgments. You could support Delphi's motion. Although Delphi has a much higher possibility of increased income as opposed to the retirees. A second option would be to deny Delphi's motion in favor of the retirees. Or a compromising third option, have Delphi and the retirees each pay 50% of the cost. That would be less of a burden on both parties and more equitable.

I hope this manner of voicing my objections to the Motion can be considered permissible in this case. If it is not, I hope that you will consider my comments in your decision on February 24, 2009. Your Honor, I would also hope that you give consideration to the retirees financial situations. To often we find that in this society our older generation is considered more of a burden than a responsibility.

Thank you for giving me this opportunity to be heard. May your judgment be one of wisdom and justice.

Sincerely,

William J. Babinski
26 Luray, NW
Grand Rapids, MI  49504
Email: wbabski@hotmail.com