Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Stephen H. Weflen
1109 Melrose Dr.
Anderson, IN 46011
(765) 642-5317
February 11, 2009

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
in re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
            Debtors.          :    (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am a retired Delphi employee. I retired July 1, 2008 after 42 years with General Motors and Delphi. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established a couple

of years ago when Delphi terminated health insurance coverage for retirees once they reach Medicare eligibility.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. People who have already retired are in an even worse situation. It will cost some of them more than a third of their fixed income to continue their coverage.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people who were promised this coverage when they retired. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage.

4) The motion affects health care and life insurance benefits for only the salaried employees who retired from Delphi. The hourly employees of Delphi, the salaried employees of GM (where I worked for 32 of my 42 years), and the hourly employees of GM are unaffected. This motion would not affect people with whom I worked side by side who retired at or before the spin-off from GM. If, as rumor has it, GM re-acquires all or part of Delphi, then people with whom I worked side by side who retire after the re-acquisition would also not be affected. That would leave a "bubble" of people who retired after the spin-off but before the re-acquisition as the only ones affected. Had I known that I was going to lose my

2

health care benefits in retirement by working for Delphi, I might well have retired from GM at the time of the spin off.

## SUMMARY

I am worked for GM for 32 years and Delphi for 10 years. During that time, there were opportunities for me to make more money, but with less retirement security, than with GM/Delphi. If I had known then that the retirement security was at risk I could have made different choices. Likewise, when I retired, I made decisions about insurance, investments, etc. based on the security provided by the availability of health care and life insurance benefits from Delphi. I would have made different decisions if I had known that these benefits were to be eliminated a mere 10 months after I retired. Most of those decisions are irreversible.

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

*[signature]*

Stephen H. Weflen

3

cc:

Attn: Courtroom Deputy Dorothy Li
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10004

Attn: Brian Masumoto
Office of United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004