February 12, 2009

The Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

Case Number: 05-44481
Debtor: Delphi Corporation

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retires And Their Surviving Spouses (the "Motion").

There are two parts to this objection:

Part 1: (OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.)

The employer (Delphi Corporation) did not pay for the OPEB benefits cited in this motion. Each year, salaried employees received a salary and benefits package as opposed to contract employees that received a larger salary in lieu of these benefits.

All salaried employees received a lower salary to enable Delphi Corporation to set aside money in a trust fund. The trust fund was to be established as a vehicle out of which these OPEB benefits would be paid in the future.

Delphi Corporation obviously placed a value on these benefits since salaried employees hired after January 1, 1993, were granted an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious that Delphi Corporation valued these benefits at some level greater than 1 % of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by Delphi Corporation has been used for other purposes. In fact, this borders on mismanagement and malfeasance on the part of Delphi Corporation.

Therefore, I believe it is incumbent upon this court to reject this motion from Delphi Corporation.

Part 2: (Delphi Corporation breached their contract with salaried employees.)

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees and retirees of Delphi Corporation. Employees were recruited by Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies, and that they were a part of the employment contract with Delphi Corporation.

Salaried employees were required annually, to sign a document accepting the new salary and benefit package that Delphi Corporation offered. Again, the salary was lower than what it would have been were no benefits included in the package. Also, the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi Corporation provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Again, on an annual basis, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was done to prevent salaried employees from demanding union representation. Hourly benefits are not being subjected to this motion to cancel retiree benefits because of the contract between Delphi Corporation and the various unions. Since these comparisons were made by Delphi Corporation, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early. Here again, a package was prepared showing the retirement income and benefits that would be provided if the employee elected to retire. NO EMPLOYEE would have signed the early retirement documents if there was any hint either verbally or otherwise that these benefits would not be paid in the future.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement. Again, NO EMPLOYEE would have signed the retirement document if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

After many employees retired, Delphi Corporation discontinued health care benefits after age 65. A number of meetings were held describing a "Wageworks pot" of $20,000 that was to be used to minimize the trauma caused by this change. This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees.

This "pot" is now being eliminated along with the other benefits. However, during the numerous meetings that took place when this modification was originally made, an implication was again made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi Corporation broke its contract with its salaried employees and should be held accountable for that action. Delphi Corporation should not be allowed to opt out of this obligation and this motion should be rejected by the court.

Respectfully submitted by:

*[signature: Michael C. Lewman]*

Michael C. Lewman
2501 West Airway Road
Muncie, Indiana 47304
(765) 289-4373


cc:
Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004