# United States Bankruptcy Court
## Southern District of New York

```
------------------------------------------------x
In re                                           :
DELPHI CORPORATION, et al.,      : Case No. 05-44481 (RDD)
Debtors                          : Chapter 11
                                 : (Jointly Administered)
------------------------------------------------x
```

Address:    Delphi Corporation
            5725 Delphi Drive
            Troy, Michigan 48098

**NOTICE OF OBJECTION BY FRANK E. RIDOUX, CURRENT DEBTOR RETIREE TO**
"MOTION FOR ORDER UNDER 11U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4, 2009 and delivered to Frank E. Ridoux February 6, 2009.

I, Frank E. Ridoux, am submitting this document to object to the Debtors motion prior to the stated deadline of February 17, 2009 at 4:00PM and per all other requirements contained wherein. I would like the court to consider my objections to the motion as follows:

1. I **object** to the Debtor's deadline of **February 17, 2009**. I was given only 5 working days to develop a response and file said response with the court. Given that I had no prior knowledge of this Debtor action and that I have no authorized representative in this case, I feel that the time given was insufficient to present all possible arguments and their basis.

2. **I object** to the Debtors' **selection of termination of Salaried OPEB** option. Basis: Since I have no authorized representative before this Court there has been no opportunity to explore other options included in the Debtors' benefit plan such as **amend or modify.**

1

3.  I **objec**t to the Debtors' **claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable**. Basis: 11 U.S.C §1114(2)(d) expressly directs the court to appoint an authorized representative upon receipt of a motion from an interested party for the case where the retiree group is not represented by a collective bargaining unit.

4.  I **object** to the Debtor's **Basis for Relief paragraph E(34) on pg 18** regarding reservation of rights. Basis: I do not know this to be fact and the Debtors' have provided no documentation that the Debtors have **always** retained such authority. In Devlin v. Empire Blue Cross, 274 F.3d 76 (2d Ci 2001), cert. denied, 123 S. Ct. 1015 (2003), the court concluded that the reservation of rights language had to have been in the SPD when the employee was hired. Otherwise, there was no reservation of rights with respect to that employee, regardless of whether the SPD was changed before the employee retired. I have no knowledge that the reservation of rights language was in the SPD when I hired in on Oct 1, 1973. Since I have no authorized representative the provisions of 11 U.S.C §1114(2)(f)(1)(A) and (B) cannot be exercised to obtain this and other relevant information necessary to evaluate the Debtors' Motion.

5.  I **object** to the Debtors' **termination of Salaried OPEB** for retirees that were hired prior to 1993. Basis: In the Debtors' motion Basis for Relief paragraph H(40) on page 20 the Debtors state that salaried employees hired between 1993 and 2000 "in lieu of employer-paid Salaried OPEB receive a 1 % employer contribution into their defined contribution plan". Employees hired prior to 1993 do not and have never received this 1 % contribution. Elimination of the Salaried OPEB may therefore trigger a violation of ADEA since a class of generally older workers hired prior to 1993 would then have received less compensation than a class of younger workers hired between 1993 and 2000.

In accordance with the instructions contained in the referenced Debtors' motion, this written **NOTICE OF OBJECTION BY FRANK E. RIDOUX,**

1. Is being filed with the bankruptcy court as a Microsoft Word document on 3.5 inch disk at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, NY 10004
   Attn: Dorothy Li

2. Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, NY 10004
   In Care Of Dorothy Li   Attn: The Honorable Robert D. Drain

3. Printed copies are being mailed to:
   Delphi Corporation
   5725 Delphi Drive
   Troy, MI 48098
   Attn: General Council

   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   333 West Wacker Dr
   Suite 2100
   Chicago, IL 60606
   Attn: John Wm. Butler, Jr.

   Davis Polk & Wardwell
   450 Lexington Ave
   New York, NY 10017
   Attn: Donald Bernstein and Brian Resnick

   Latham and Watkins LLP
   885 Third Ave
   New York, NY 10022
   Attn: Robert J Rosenberg and Mark A. Broude

   Fried, Frank, Harris, Shriver & Jacobson LLP
   One New York Plaza
   New York, NY 10004
   Attn: Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, NY 10004
Attn: Brian Masumoto

SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP
Four Times Square
New York, NY 10036
Attn: Kayalyn A. Marafioti

Wherefore Frank E. Ridoux respectfully requests that the Court consider and act on objections listed above in 1 through 5.

Date:_____          Signature:_____
                                                Frank E. Ridoux
                                                2921 S. Park Rd.
                                                Kokomo, IN 46902
                                                Phone: (765)455-2102

        All Printed copies filed are signed.
        The 3.5 inch disk copy is signed on the disk label.

4