February 12, 2009

To:   U.S. Bankruptcy Court
      Southern District of New York at One Bowling Green
      New York, NY 10004

Attn:  To the chambers of Honorable Judge Robert D. Drain

From: Coleen M. LeBeau
      2602 Locust Lane
      Kokomo, IN 46902
      Home phone: 1-765-455-0568
      Email: coleen_lebeau_019@comcast.net

Reference;
      Delphi Corp Case # 05-44481 filed October 8, 2005
      054481-16117, SALARIED OPEB TERMINATION MOTION
      Court Docket #14705
      Hearing to be held 2/24/2009 at 10:00AM


Dear Judge Drain:

This letter is to express my objection with the motion filed in Court Docket #14705 filed by Delphi Corporation on February 04, 2009, asking the court to terminate health and life insurance benefits (OPEB) for some 15,000 retirees of Delphi Corporation.

I respectfully submit to your court this **OBJECTION** to the proposed motion contained in the Court Docket #14705 and the action proposed, and file it as a motion to object for three reasons.

First: Per review of the Department of Labor site under the Employee Benefits Security Administration area it is stated   "Your group health plan must notify you within 60 days of any reduction in benefits."

With the understanding that this means at least 60 days prior to changes, we were not provided the proper notification, as the Fed Ex package arrived at my house on February 7; which is only 53 days prior notification.   This gives those affected only 9 days to digest, try to understand, and file an objection request. This is not sufficient time to analyze the data and formulate a detailed response.

Second: Delphi breached their implied contract with salaried employees.

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi. Employees were recruited by GM/Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with GM/Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. Also, the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was done to discourage salaried employees from demanding union representation. Hourly benefits are not being subjected to this motion to cancel retiree benefits because of the contract between Delphi and the various unions. Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Third: The Retiree Benefits being terminated are protected under the Bankruptcy code Section 1114 and the required process steps have not been followed.

Section 1114 outlines the process requirements for the Debtor (Delphi) to make modifications to employee pension plans and similar inter-related benefit packages (such as the Retiree Healthcare & Life Insurance benefits). In general, the process requires the opportunity for the establishment of a committee for the Impacted Party (in this proposal Delphi Salaried Retirees) and that this group be given the opportunity to meet with the Debtor's representatives in a good faith attempt to reach a more viable alternative for both parties. Due to the short notification and Delphi's position that the Retiree benefits are not protected under Section 1114, no alternative considerations or time has been made to discuss other proposals with Delphi Retiree representatives.

Due to the significant impact the Delphi Proposal would have on all Salaried Retirees, consideration must be made to allow for our voices, business experiences & willingness to jointly develop a more palatable plan for Delphi to be heard.

In summary, I OBJECT to the approval of the Delphi proposal scheduled for your ruling at the February 24, 2009 hearing. Because Delphi does not meet either the legally required notification time or fulfilled all the Section 1114 process steps required to be provided to the Delphi Salaried Retirees a ruling for an extension would be appropriate.

Respectfully submitted by:

*Coleen M. LeBeau*
Coleen M. LeBeau
2602 Locust Lane
Kokomo, IN 46902
765-455-0568

cc:

Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004