Honorable Robert D. Drain
United States Bankruptcy Court
For the South District of New York
One Bowling Green, Room 610
New York, New York 10004

February 11, 2009



RECEIVED
FEB 17 2009
U.S. BANKRUPTCY COURT, SDNY

Your Honor,

I hereby voice my objection to the February 4, 2009 filling by Delphi Corporation's Motion For Order Under 11 U.S.C. 105(a), 363(b), And 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses (the "Motion")

I had over 30 years of service with GM & Delphi and am now retired. Delphi has already sent out a notice dated February 5, 2009 stating that this action will definitely take place on April 1, 2009, even before Your Honor has ruled on this motion. Is this a fair and equitable proposal by Delphi? Are *all* Delphi Employees/Retirees being treated equally? Are their no other alternatives? Salaried Employees/Retirees have no contracts, no bargaining unit, and no rights to be represented. I believe that Section 1114(a) of the Bankruptcy Code is proper and just so that the Delphi Salaried Employees/Retirees can at least have a voice in these proceedings. The Delphi Hourly Employees/Retirees are protected by their Union Agreements.

Delphi has decided in order to emerge from bankruptcy as a more robust company they must eliminate the Salaried OPEB impacting approximately 15,000 Eligible Salaried Retirees. This burden is now placed upon the individuals that will be or are on fixed incomes. For my spouse and myself it will now cost me $1,452 per month ($17,424 annually) to provide the same coverage I have today. Plus I will not receive the Medicare Part B Special Benefit paid to me at the age of 65 ($76.20 monthly/$914.40 per annum). Finally the motion will eliminate the Delphi RHRA (of $10,000 or $20,000 depending on retirement date) to Eligible Salaried Retiree that could be used to defray the costs of purchasing Medicare medical supplemental insurance. This is particularly disturbing and a heavy burden for most of us.

Delphi may come out of Chapter 11 stronger but will find that these actions and actions of other Corporations are adding to the already devastated economy. Approximately 15,000 Eligible Salaried Retirees will not have the funds to purchase homes, new vehicles, refrigerators, or any large ticketed items. The actions for the good of the company will be to the detriment of the country. So in the long run Delphi will suffer even more volume declines then they are experiencing today. This county is in a death spiral and this motion is just adding to the decline of this country's fragile economy.

    I object to this motion for the above reasons. I request that Section 1114(a) of the Bankruptcy Code be implemented. If this cannot be accomplished then *PLEASE* have the elimination of Health Coverage extended to 90 days (we were given less than 54 days

notice). This would give retiree's adequate time to investigate other health care programs, make an informed decision, select new physicians if needed, have new prescriptions written, and provide a reasonable time frame for the rearrangement of their finances to cover these unexpected and burdensome costs.

Respectfully,

David A. Smith
565 Whispering Pines Ave
Tipp City, OH 45371

CC:   Skadden, Arps, Slate, Meagher & Flom LLP
      Attn: John Wm. Butler Jr.
      333 West Wacker Drive, Suite 2100
      Chicago, IL    60606

      Skadden, Arps, Slate, Meagher & Flom LLP
      Attn: Kayalyn A. Marafioti
      Four Times Square
      New York, NY    10036

2