February 12, 2009

To:   U.S. Bankruptcy Court
      Southern District of New York at One Bowling Green
      New York, NY 10004


Attn:  To the chambers of Honorable Judge Robert D. Drain

From: Gary E. Rickenbaugh
      4916 State Route 269 S.
      Castalia, Ohio 44824
      Home phone: 1-419-684-5239
      Email: grickjudge@att.net


Reference;
      Delphi Corp Case # 05-44481 filed October 8, 2005
      054481-16117, SALARIED OPEB TERMINATION MOTION
      Court Docket #14705
      Hearing to be held 2/24/2009 at 10:00AM

Dear Judge Drain:

This letter is to express my objection with the motion filed in Court Docket #14705 filed by Delphi Corporation on February 04, 2009, asking the court to terminate health and life insurance benefits (OPEB) for some 15,000 retirees of Delphi Corporation.

I respectfully submit to your court this **OBJECTION** to the proposed motion contained in the Court Docket #14705 and the action proposed, and file it as a motion to object for three reasons.

Part 1:  I knew nothing of this action before receiving notice in the mail on February 05, 2009.  This gives those affected only 12 days to digest, try to understand, and file an objection request. This is not sufficient time to analyze the data and formulate a detailed response.

Part 2:   OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.

The OPEB benefits cited in this motion were not paid for by the employer (Delphi).  Each year, salaried employees received a salary and benefits package as opposed to contract employees that received a larger salary in

lieu of these benefits. The majority of current retirees spent most of their careers as General Motors employees prior to the 1999 spin-off of Delphi.

All salaried employees received a lower salary to enable the GM and later Delphi to set aside money in a trust fund out of which these OPEB benefits would be paid in the future. GM/Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993 were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious that GM/Delphi valued these benefits at some level greater than 1% of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by General Motors and Delphi was used for other purposes. In fact, this borders on mismanagement and malfeasance on the part of Delphi and potentially General Motors.

Therefore, I believe it is incumbent upon this court to reject this motion from Delphi.

Part 3: Delphi breached their contract with salaried employees.

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi. Employees were recruited by GM/Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with GM/Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. Also, the conversation that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in the benefits manual that Delphi provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was done to prevent salaried employees from demanding union representation. Hourly benefits are not being subjected to this motion to cancel retiree benefits because of the contract between Delphi and the various unions. Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the hourly contract.

Some salaried employees were given the opportunity to retire early. Here again, a package was prepared showing the retirement income and benefits

that would be provided if the employee elected to retire.  No employee would have signed the early retirement documents if there were any hint, either verbally or otherwise, that these benefits would not be paid in the future.  In my case, I have been in retirement since April 30, 2008 when I received this referenced motion. The Delphi Revised Plan of Reorganization filed on October 3, 2008 in Court Docket #14310 didn't call for a termination for the Delphi Retiree benefits.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions again with the implication (verbal) that these benefits would continue during retirement.

After many employees retired, Delphi discontinued health care benefits after age 65.  A number of meetings were held describing a "Wageworks pot" of $20,000 that was to be used to minimize the trauma caused by this change.  This action would indicate that Delphi truly felt some responsibility for the past promises and contracts with their employees.

This "pot" is now being eliminated along with the other benefits.  However, during the numerous meetings that took place when this modification was originally made, an implication was again made that the health care and life insurance benefits would now continue until age 65.

For the numerous reasons cited above, I contend that Delphi broke its implied contract with its salaried employees and should be held accountable for that action.  Delphi should not be allowed to opt out of this obligation and this motion should be rejected by the court.



Respectfully submitted by:



Gary E. Rickenbaugh
4916 State Route 269 S.
Castalia, Ohio 44824
Home phone: 1-419-684-5239
Email: grickjudge@att.net

cc:

Attn: Brian Masumoto
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive - Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004