Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Mary L. Miller
11311 S. 200 W.
Bunker Hill, IN 46914

RECEIVED
FEB 18 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
                  Debtors.    :    (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi salaried employee, but am approaching retirement. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue health care and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of

a deal a few years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. Retirees who hired after 1992 do not receive health care coverage in retirement.

2) The individuals who hired in after December 31, 1992, have had the time to plan for health care retirement due to the fact that they were not eligible to receive health care coverage for their retirement. For those individuals who hired in prior to this date, part of our benefit package is to receive health care coverage in retirement. This change has left some individuals with very little time to plan for providing ourselves and families with health care coverage after retirement while others have no time left at all to plan. The cost is expensive and can constitute up to one-third of the individual's fixed income to continue their coverage.

3) The motion made by Delphi is for __permanent__ elimination of health care benefits for salaried people who were promised this coverage when they retire. Once Delphi rebounds and begins normal operation, it would seem that they should honor its commitment to provide health care coverage to those salaried employees who were originally promised coverage.

## SUMMARY

I am a hard working and valued employee who hired into the company under GM. I have always been proud of working for GM as well as Delphi and have dedicated my working career being a devoted and loyal employee treating this company like it is a business I personally own.

The economic times that our company has been facing and the survival mechanisms everyone has been going through is understandable. Many sacrifices have been made and I am sure more will be necessary. However, the permanent elimination of health care coverage for salaried retirees who were promised this benefit I believe is totally unfair. I can understand a temporary modification to the health care coverage to help the company's survival during these times, but not eliminating this coverage permanently.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health care coverage for salaried employees who are counting on this coverage.

Dated:   Kokomo, Indiana
         February 13, 2009

Respectfully,

*Mary L. Miller*

Mary L. Miller
11311 S. 200 W.
Bunker Hill, IN 46914