Official Form 20A
(12/03)

# United States Bankruptcy Court
## Southern District Of New York

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re
DELPHI CORPORATION, et al.,      : **Case No. 05-44481 (RDD)**
Debtors.                          : **Chapter 11**
                                  : **(Jointly Administered)**
:
- - - - - - - - - - - - - - - - - - - - - - - - - -x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

RECEIVED
FEB 18 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

**NOTICE OF OBJECTION BY GARY K. WOODWARD, CURRENT DEBTOR RETIREE TO
"MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING
DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH
CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS
FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING
SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4,
2009 and delivered to James R. Frost on February 5, 2009.**

I, Gary K. Woodward, have filed written papers with the court to object to said motion prior to the date in the motion of February 17, 2009 at 4:00PM and per all requirements stated. I, Gary K. Woodward, would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1. I *object* to the debtors *termination of Salaried OPEB for current retirees*. Basis: This constitutes age discrimination. The targets of this action are, by definition, "old people". They have no representation, are unorganized, have diminished earning capacity, and have no capacity or capability to recover financially. In my personal case, this would take 44% of my take-home pension, which is 83% of my take-home pay before retirement. Neither I nor any other retirees can afford this discrimination.

2. I *object* to the debtors *termination of Salaried OPEB for current retirees*. Basis: Salaried OPEB benefits were actually paid for by the salaried employees of Delphi. Salaried employees received a lower salary than contract employees who did not receive benefits with their salaries. In addition, employees hired after January 1, 1993, received an extra 1% in base pay instead of OPEB benefits. And this was part of a cost reduction effort, so Delphi obviously valued the benefits at a level greater than 1% of base pay. The lower pay was intended to enable Delphi to set aside money in a trust fund out of which future OPEB benefits would be paid. It is not the fault of the salaried employees that this trust fund was never set up, and that the money saved by Delphi was used for other purposes, including construction of plants in foreign countries.

3. I *object* to the debtors *February 17, 2009 date* set for objections to be submitted. Basis: Notification is untimely. From the date of receipt of the motion (February 5, 2009) with NO prior knowledge, that leaves 6 working days to develop and submit an objection (Presidents day is February 16, 2009). That is insufficient time to research and form a well refined objection. This date must be delayed at least 120 days, as must the hearing itself.

4. I *object* to the debtors *termination of Salaried OPEB for current retirees* who were forced to retire or chose to retire based on personal financial situations and plans that included debtor commitments at the time of retirement. Basis: The debtor chose to retire people for short term cost savings with a commitment to retirement payment, health care and insurance. The proposed medical and insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when forced retirement and retirement decisions were made. At this time, the group being harmed financially is not represented by anyone in the

Official Form 20A
(12/03)

PAGE 2 of 3

bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.

5. I *object* to a ***March 31, 2009 termination date.*** Basis: This is not enough time under the current economic conditions for current retirees to accumulate the funds to accommodate this extra financial burden.

6. I *object* to the debtors ***claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable***. Basis: Salaried retirees are not covered by a collective bargaining agreement, and this is not a welfare plan as noted in the motion. The debtor was provided OPEB funds by GM when it was spun off in 1999 to cover those salaried employees with GM service. I had 26 years of GM service and 9 years of service with the debtor. Furthermore, during those 9 years additional funds were added to the OPEB funds which should be available to an 1114(d) committee. The debtor needs to provide transparency to the GM commitment and funded OPEB, especially to those who worked for GM and were not given a choice as to whether they stayed with GM or were moved to Delphi. Also, at this time, the group of retirees is not represented by anyone to refute or agree with Delphi's claims in the motion that "Because the Debtor's right to terminate Salaried OPEB is preserved in the respective plan documents, as discussed in greater detail below, no relief under section 1114 of the Bankruptcy Code is required" among other claims. (See paragraph 45 of "SALARIED OPEB TERMINATION MOTION" on page 24.) I do not believe the legislation was intended to exclude a creditor group from representation during bankruptcy proceedings. In addition, GM and Delphi are currently discussing GM purchasing back Delphi locations as Ford did with Visteon years ago. GM should have done this when they had cash.

7. In addition to the above objections, I hereby submit the following *motions*:
    a. That the court delay this decision for a minimum of 120 days, to allow time for retirees to prepare meaningful legal response.
    b. That the court require Delphi to provide, to appropriate representatives of retirees, a list, with mailing addresses, of all affected parties, so that meaningful legal response can be prepared.

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION BY GARY K. WOODWARD,**

1. Is being filed with the bankruptcy court as a Word Document on a 3.5 inch disk
2. Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green, Room 610
   New York, New York 10004
3. and copies mailed to:
   Delphi Corporation
   5725 Delphi Drive
   Troy, Michigan 48098
   Attn: General Counsel

   Skadden, Arps, Slate, Meagher & Flom LLP
   333 West Wacker Drive, Suite 2100
   Chicago, Illinois 60606
   Attn: John Wm. Butler, Jr.

   Davis Polk & Wardwell
   450 Lexington Avenue
   New York, New York 10017
   Attn: Donald Bernstein and Brian Resnick

Official Form 20A
(12/03)

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert J. Rosenberg and Mark A. Broude

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NewYork 10004
Attn: Bonnie Steingart

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
Attn: Brian Masumoto

Skadden, Arps, Slate, Meagher & Flom  LLP
Four Times Square
New York, New York 10036
Attn: Kayalyn A. Marafioti

Honorable Robert D. Drain, thank you for the opportunity to share my views and raise my objections to this swift motion by the debtor. The debtor needs our help and we can help, as we did for many years as employees. My objections are intended to raise a point of view of the people (United States Citizens) personally affected by this motion in the context of very difficult financial times for not only the debtor but for 15,000 retirees.

Date: 2/13/09

Signature: Gary K Woodward
Name:  Gary K. Woodward
Address:  2112  Mohr Drive
Kokomo, IN 46902