Hearing Date and Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Eric L. Hirsch
Delphi Corporation Retiree
P.O. Box 1186
Edgewater, FL 32132-1186
(386) 424-1606

RECEIVED
FEB 18 2009
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x
                                                   :
    In re                                          :    Chapter 11
                                                   :
DELPHI CORPORATION, et al.,                        :    Case No. 05-44481 (RDD)
                                                   :
                Debtors.                           :    (Jointly Administered)
                                                   :
-------------------------------------------------- x

**OBJECTION** TO DEBTORS' NOTICE OF MOTION FOR ORDER UNDER
11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY
TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE
BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE
BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND
(B) RETIREES AND THEIR SURVIVING SPOUSES

COMES NOW Eric L. Hirsch, Delphi Corporation retiree ("Retiree Hirsch"), who objects to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filing a Motion for Order Under 11 U.S.C. §§ 105, 363(b)(1), and 1108 Confirming Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits and Employer-Paid Post-Retirement Life Insurance Benefits for Certain (A) Salaried Employees and (B) Retirees and Their Surviving Spouses ("Salaried OPEB Termination Motion").

### Issue

1.  The Debtors currently maintain employee benefit plans and programs to provide retirement benefits to certain of the Debtors' current active salaried employees, retirees, and their surviving spouses. These benefits consist of employer-paid health benefits, including medical, prescription drug, dental, mental health, vision, extended care and hearing and employer-paid life insurance benefits (the "Medical and Insurance Benefits").

2.  The Debtors are now seeking to terminate all Medical and Insurance Benefits for salaried retirees.

### Objection Argument

Eric L. Hirsch ("Retiree Hirsch") was hired by General Motors Corporation in 1963 and worked as an engineer for 35 years, most of which was spent as a Senior Materials Engineer for Delco Electronics Division in Kokomo, Indiana. In 1999, Delco Electronics Division of General Motors Corporation was included with Delphi Corporation in the separation between it and General Motors Corporation. Retiree Hirsch was forced to become a Delphi Corporation employee at that time. In 2002, Retiree Hirsch was eligible for retirement and decided to exercise that option. However, after working only 3 years as a Delphi Corporation employee, Retiree Hirsch had no choice but to accept the terms for retirement under Delphi Corporation and not General Motors Corporation, for whom he was an employee for 35 years.

Retiree Hirsch signed a contract upon retirement from the Debtors in which Debtors agreed to provide Medical and Insurance Benefits for Retiree Hirsch and his surviving spouse until the age of 65 for Medical Benefits and until the death of each for Insurance Benefits. The Debtors now seek to terminate said benefits.

Debtors' Motion states, "In these circumstances, the Debtors' reasonable business judgment no longer permits them to maintain discretionary benefit programs such as Salaried

2

OPEB that would cost hundreds of millions of dollars over the business plan period and burden the Debtors' reorganized balance sheet with a billion dollars or more of associated liabilities. The Debtors acknowledge that the actions proposed by the Debtors in this Motion will impose real hardship on the former beneficiaries of these terminated programs. However, the Debtors' recognition of such hardships – which was a motivating factor in the Debtors' seeking to continue these discretionary programs in a more robust economic environment – regretfully provides no business justification or legal basis for the Debtors to continue these programs in the current economic climate." (Motion, par. 8). While Retiree Hirsch sympathizes with the Debtors' financial and economic predicament, Retiree Hirsch objects to their termination of Medical and Insurance Benefits. Retiree Hirsch can only opine that had the Debtors kept better control of finances and, more specifically, executive bonuses during "a more robust economic environment," then retirees and their spouses would not be the ones that are affected – and thus suffer – by the short-sighted planning of the Debtors. All retirees of the Debtors rely on the Debtors' agreement made at retirement in order to keep Medical and Insurance Benefits during the retirement years when these benefits are needed the most and are the hardest to acquire. Employees currently working for the Debtors have many more options in obtaining health care as they are generally younger and do not have a fixed income under which to live.

While the Debtors bring to the Court's attention the S&P 500's 2007 Pension and Other Post Employment Benefits (released in May 2008) which found that "the state of OPEB remains 'extremely poor'" (Motion, par. 9), the Debtors fail to acknowledge that the retirees are not the individuals who were making financial decisions for the Debtors that led to the financial situation that the Debtors find themselves in and the pessimistic outlook anticipated by Standard & Poor's. There is no easy answer; however, a better answer needs to be found other than

3

terminating the Medical and Insurance Benefits of retirees who have financially counted on these benefits to continue as contracted during retirement talks. And the "immediate actions" as suggested by the Debtors (Motion, par. 10) should be to scale down programs and plans that would affect every employee – fairly and across all levels of management – so that all employees and retirees may survive during this current economic environment.

The cost of acquiring new insurance for salaried retirees is most prohibitive. Retiree Hirsch is expected by the Debtors to increase his insurance contribution from $70 per month (the amount paid over the last several years of retirement) to $1,332 per month. That is a nineteen hundred percent (1,900 %) increase in costs to retirees on a fixed income. While Retiree Hirsch certainly understands a small increase for insurance co-payments may be necessary, the increase that the Debtors propose for salaried retirees to keep insurance is simply unconscionable.

Additionally, in checking with other insurance companies in preparation for the travesty that the Debtors seek to impose on salaried retirees, many insurance companies will not insure Retiree Hirsch because of his age (currently 63). Previous health issues are also a concern. Pre-existing health conditions are generally not accepted under new insurance policies. This would leave many salaried retirees with serious health conditions simply on their own financially to provide for services needed – in some cases – in order to live a dignified quality of life.

Furthermore, due to the Debtors' poor past financial strategies, Retiree Hirsch will also lose a $20,000 notional RHRA which a salaried retiree could have used to defray the costs of purchasing medical insurance supplemental to Medicare when the salaried retiree becomes eligible for Medicare at age 65.

Moreover, Retiree Hirsch is eligible to receive a Medicare special benefit (the "Medicare Special Benefit") that partially reimburses the retiree for the Medicare Part B premiums that

must be paid should a salaried retiree enroll in Part B. This benefit is also proposed for termination.

The Debtors submit that the bankruptcy court must "nevertheless resist becoming 'arbiter of disputes between creditors and the estate'" (Motion, par 51, citing Orion Picture Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.) 4 F.3d 1095, 1098-99 (2d Cir. 1993)) and that "the Court's consideration of a debtor's section 363(b) motion is a summary proceeding, intended merely as a means to 'efficiently review the...debtor's decision[s]...in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues.'" Id. Retiree Hirsch is aware of the swiftness with which the Debtors desire to terminate the Medical and Insurance Benefits of salaried retirees based on the fact that the Debtors desire to end these benefits as of March 31, 2009 – a mere six (6) weeks from now – thus giving retirees very little notice and/or time to make a sound decision and research other options. It appears that the Debtors seek to pressure this Court to make a quick decision without regard to the consequences for the retirees – and to focus the Court's attention only on the benefits brought to the Debtors. Retiree Hirsch requests that this Court carefully review the proposed termination desired by the Debtors because, as the Court is very well aware, the impact of the decision will literally affect the health and lives of each of the Debtors' salaried retirees.

Although the Debtors believe they have shown that their "business judgment" (Motion, par. 8) justifies terminating retirees' benefits, the Debtors' "reasonable business judgment" should be questioned because this blatant disregard for loyal employees' health services is certainly not the way a retiree would expect to be treated by a company with whom one has worked 3 years and a parent company with whom one has worked for 35 years – for a total of 38

5

loyal years of service. And while Retiree Hirsch may not have a tort claim for the Debtors' breach of contract, Retiree Hirsch has held up his part of the retirement contract and requests that the Debtors be ordered to hold up their part of the retirement contract regardless of the favorable light the Debtors feel terminating Medical and Insurance Benefits would shed on their "reorganized balance sheet." (Motion, par. 8).

WHEREFORE, Retiree Hirsch respectfully requests that the Court (a) DENY an order confirming the Debtors' authority (or, alternatively, authorizing, but not directing, the Debtors) to terminate Salaried OPEB as set forth in the Debtors' Motion, (b) DENY an order to allow the salaried retirees to have their Medical and Insurance Benefits terminated, (c) DIRECT the Debtors to continue providing employer-paid post-retirement health care benefits and employer-paid post-retirement life insurance benefits as currently being provided (in both benefits and cost) and (d) all other just and proper relief.

Dated: Edgewater, FL
       February 14, 2009

"RETIREE HIRSCH"

*Eric L. Hirsch*
ERIC L. HIRSCH
Delphi Corporation Retiree
P.O. Box 1186
Edgewater, FL 32132
(386) 424-1606

## CERTIFICATE OF SERVICE

I certify that on this 14th day of February, 2009, via overnight mail, a copy of the above Objection has been forwarded to the following:

Honorable Robert D. Drain
United States Bankruptcy Judge
SOUTHERN DISTRICT OF NEW YORK
One Bowling Green, Room 610
New York, NY 10004

DELPHI CORPORATION
ATTN: General Counsel
5725 Delphi Drive
Troy, MI 48098

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ATTN: John Wm. Butler, Jr.
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

DAVIS POLK & WARDWELL
ATTN: Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY 10017

LATHAM & WATKINS LLP
ATTN: Robert J. Rosenberg and Mark A. Broude
885 Third Avenue
New York, NY 10022

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
ATTN: Bonnie Steingart
One New York Plaza
New York, NY 10004

OFFICE OF THE UNITED STATES TRUSTEE
Southern District of New York
ATTN: Brian Masumoto
33 Whitehall Street, Suite 2100
New York, NY 10004