Official Form 20A
(12/03)

PAGE 1 of 3

# United States Bankruptcy Court
## Southern District Of New York

---------------------------------x
In re                            :
DELPHI CORPORATION, et al.,      : Case No. 05-44481 (RDD)
Debtors.                         : Chapter 11
                                 : (Jointly Administered)
                                 :
---------------------------------x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

**NOTICE OF OBJECTION BY DONALD JEFFREY MOYER, CURRENT DEBTOR RETIREE TO "MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")",** Document #14705 filed February 4, 2009 and delivered to Donald Jeffrey Moyer on February 5, 2009.

This letter is to express my concerns and objections with Document #14705 filed by Delphi Corporation on February 4, 2009 asking the court to cancel health insurance benefits (OPEB) for over 15,000 people who are retirees of Delphi Corporation. I am one of many recent retirees of Delphi who were retired **BY** the company and **NOT** by the choice of the employee. We were given no decision to make, just told we would be retiring on a specific date. We had little time to prepare for the 60% reduction to our income (our pension) and now are faced with further reductions of 40-50% with this new development (loss of health care) which will cause financial hardship to every retiree. Further, this level of financial hardship is not being shared equitably by other groups of Delphi employees and retirees. This action only affects the small group of retirees that are pre-Medicare eligible. Current/Active employees are provided Health care benefits at the current level and costs.

1.) **I object to the short time to the Objection Deadline.** This document was filed with no previous warning to any of the current employees and retirees of Delphi Corporation. Employees and retirees were notified of this motion on February 5, 2009 with an Objection Deadline of February 17, 2009. It is obvious that the Debtors' had their attorneys working for some time to prepare this motion. It is only fair to offer the employees and retirees sufficient time to prepare an objection to this motion.

2.) **I object to the termination of Salaried OPEB for Health Care and Life Insurance.** Initially, Delphi Employees and Salaried Retirees hired prior to 1993 were granted Health Care Benefits for life when the separation from General Motors Corporation occurred. Those hired after 1993 were not offered health care benefits in retirement. A few years later, Delphi changed their policy so that retiree Health Care Benefits would cease at age 65, when the retiree became eligible for Medicare. The revised benefit also provided for a $10,000 Retiree Health Reimbursement Account to help with the expenses we would incur after the Delphi Health Care Benefits were terminated at age 65. That policy alone was a great cost reduction benefit to Delphi, significantly

reducing their "legacy" costs. As Delphi mentioned in their motion, one of the big factors affecting increasing health care costs is "the aging population". The terminations of Health Care Benefits at age 65 eliminated the effect of the "aging population" for Delphi. It will cost Delphi nothing after my age 65, even if I live to be 90. We are talking about a few years worth of benefits for Delphi employees and retirees hired by General Motors prior to 1993.

3.) **I object to the termination on the grounds that are not "fair and equitable"**. This with respect to how the Delphi hourly retirees and current employees have been handled. The salaried employees have lost no health care coverage. The Delphi hourly retiree benefits "Legacy Costs" have been transferred back to General Motors. GM also has recently made changes to their salary retirees' health care benefits at age 65, but provided additional pension income to offset a portion the costs.

4.) **I object to the insufficient time to make a decision to the directions each retiree has to make**. If this motion is approved we (retirees) have, as best, one month to make a decision. This time is not sufficient to make a reasonable decision on health care plans/providers and even more importantly making financial adjustments to cope with the 40% to 50% reduction in our monthly incomes for these benefits. Delphi employees and retirees make their decision for health care providers and coverage every November for the following year. Continuation of the commitments made during the last enrollment period should remain for the balance of this year, as a minimum.

Delphi's proposal suggests that the only means of reducing the cost to Delphi is the complete elimination of the current health care benefit. The current benefit costs Delphi $4,666 per employee per year, per Delphi's figures. The replacement proposal will cost the retiree's anywhere from $10,000 to 15,000 per year for same coverage. In the current system the employee or retiree pays, to Delphi, any cost above $4,600 for basic coverage. Based on the above, an example: The current employees and retirees split the cost of the current system with Delphi. This would result in a great savings to Delphi and prevent an unjust burden on the small group of retirees that are pre-Medicare eligible.

I clearly understand the need for Delphi to conserve cash during these difficult economic times. However, putting this unforeseen burden and hardship on the loss of health care benefits to the retirees is unfair and inequitable. Please know that each of the 15,000 plus retirees and soon-to-retire will be negatively impacted by this action. We will be looking to you for your consideration when making this decision.

Based on the above, I respectfully ask you to **REJECT** the Delphi motion to discontinue the Employer Paid Post Health Care Benefit - Document #14705 dated February 4, 2009.

Honorable Robert D. Drain, thank you for the opportunity to share my views and raise my objections to this swift motion by the debtor.

Date: 12 FEB 09                             Signature: Donald Jeffrey Moyer
                                            Donald Jeffrey Moyer
                                            359 E. Peach Orchard Ave.
                                            Dayton, Ohio  45419

Official Form 20A
(12/03)

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION BY DONALD JEFFREY MOYER,**

1. Is being submitted as a hard copy directly to:

   Honorable Robert D. Drain
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, New York 10004

2. Copies mailed to:

   Delphi Corporation
   5725 Delphi Drive
   Troy, Michigan 48098
   (Attn: General Counsel)

   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   333 West Wacker Drive
   Suite 2100
   Chicago, Illinois 60606
   Attn: John Wm. Butler, Jr.

   Davis Polk & Wardwell
   450 Lexington Avenue
   New York, New York 10017
   (Attn: Donald Bernstein and Brian Resnick)

   Latham & Watkins LLP
   885 Third Avenue
   New York, New York 10022
   (Attn: Robert J.Rosenberg and Mark A. Broude)

   Fried, Frank, Harris, Shriver & Jacobson LLP
   One New York Plaza
   New York, NewYork 10004
   (Attn: Bonnie Steingart)

   Office of the United States Trustee for the Southern District of New York
   33 Whitehall Street
   Suite 2100
   New York, New York 10004
   (Attn: Brian Masumoto)

   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Times Square
   New York, New York 10036
   Attn: Kayalyn A. Marafioti