The Honorable Judge Robert D. Drain

United States Bankruptcy Court for the Southern District of New York

One Bowling Green – Room 610

New York, New York 10004

Case Number: 05-44481

Debtor: Delphi Corp.

Objection to Motion For Order Under 11 U.S.C. §§ 105(a), 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retires And Their Surviving Spouses (the "Motion").

There are two parts to this objection:

Part 1: (OPEB benefits were actually paid for by the salaried employees of Delphi Corporation.)

The OPEB benefits cited in this motion were not paid for by the employer (Delphi).    Each year, salaried employees received a salary and benefits package as opposed to contract employees that received a larger salary in lieu of these benefits.

All salaried employees received a lower salary to enable the Delphi to set aside money in a trust fund out of which these OPEB benefits would be paid in the future.

Delphi obviously placed a value on these benefits since salaried employees hired after January 1, 1993 were given an additional 1% of base pay in lieu of the OPEB retirement benefits. Furthermore, the 1993 change was done as a cost reduction so it is obvious to me, that Delphi Corporation valued these benefits at some level greater than 1 % of base pay.

It is not the fault of the salaried employees that this trust fund was never set up and that the money saved by Delphi Corporation was used for other purposes. In fact, this borders on mismanagement and inappropriate use of funds on the part of Delphi.

Therefore, based on the above, it is incumbent upon your court to reject this motion from Delphi.

Part 2: (Delphi breached their contract with salaried employees.)

The provisions of this motion represent a "BREACH OF CONTRACT" with the salaried employees of Delphi Corporation. Employees were recruited by Delphi based on a salary and benefit package that implied, if not directly stated, that the salary and benefits were comparable or better than those paid by other companies and that they were a part of the employment contract with Delphi.

Each year, salaried employees were required to sign a document accepting the new salary and benefit package that Delphi offered. Again, the salary was lower than what it would have been were no benefits included in the package. And the conversations that took place during the signing session to accept the yearly changes implied that these benefits would be provided as described in

the benefits manual that Delphi provided each year. A large portion of this benefits manual was devoted to retirement income and salaried benefits after retirement.

Each year, the salaried benefits package was compared both verbally and in writing to the hourly benefits package to show that the salaried employees were treated as well as the represented hourly employees. This was obviously done to prevent salaried employees from demanding union representation. **Hourly benefits are not being subjected to this motion to cancel retiree benefits** because of the contract between Delphi and the various unions. Since these comparisons were made by Delphi, it is clear that the benefits were meant to have similar longevity to those specified by the Union contracts.

Some salaried employees were offered the opportunity to retire early. Here again, a package was prepared by Delphi, showing the retirement income and benefits that would be provided if the employee elected to retire. **NO EMPLOYEE** would have signed the early retirement documents if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

All retiring salaried employees (early retirees and normal retirees) signed documents accepting the income and benefits provisions with the verbal implication that these benefits would continue during retirement. Again, **NO EMPLOYEE** would have signed the retirement document if there were any hint either verbally or otherwise that these benefits would not be paid in the future.

After many employees retired, Delphi discontinued the health care benefits for retirees of age 65 or older. A number of meetings were held describing a "Wageworks" pot of $10,000 to $ 20,000 that was to be used to minimize the trauma caused by this change. This action indicates that Delphi felt some responsibility for the past promises and implied contracts made with its retirees.

This "pot" is now being eliminated also, along with the other benefits. However, during the numerous meetings that took place as a result of this elimination, an implication was again made by Delphi Corporation that the health care and life insurance benefits would continue until age 65.

For the various reasons cited above, I contend that Delphi Corporation has broken its contract with its salaried employees and should be held accountable for that action. Delphi should not be allowed to opt out of this obligation and this motion should be rejected by your court.

Respectfully submitted by:

Manuel Martinez

16114 Silverwood Dr.

Fenton, Michigan 48430-9114

retiredmmartinez@gmail.com

(810) 750-8128

Cc:

Attn: General Counsel - Delphi Corporation

5725 Delphi Drive

Troy, Michigan 48098

Attn: John Wm. Butler, Jr. - Skadden, Arps, Slate, Meagher & Flom LLP

333 West Wacker Drive - Suite 2100

Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick - Davis Polk & Wardwell

450 Lexington Avenue

New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude - Latham & Watkins LLP

885 Third Avenue

New York, New York 10022

Attn: Bonnie Steingart - Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza

New York, New York 10004

Attn: Brian Masumoto - Office of the United States Trustee for the Southern District of New York

33 Whitehall Street

New York, New York 10004