**Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Robert B. Larsen
1206 N. Frost Dr.
Saginaw, MI 48638
(989) 792-0288

Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
In re                                       :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                        Debtors.            :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

## PRELIMINARY STATEMENT

Less than a year ago, several of us were approached with a proposal: As older employees with higher salaries, we were encouraged to take a special retirement offer. The reasons we were given was that by offering retirement to us, they could more easily handle wages and benefits for younger employees. Besides, we were told, if we opted to not take the retirement offer, it would mean that they would have to "terminate" employees.

I have been planning and preparing for retirement for many years and was not ready to retire. However, given the circumstances that were explained to us, I viewed it as a good course of action – for me as well as for employees who would be able to maintain their job. A huge

part of my decision to retire was the *assurance* that we would have health care until age 65 and that after age 65 we would have $10,000 available to us to supplement Medicare coverage. If Delphi can renege on their *assurance* of health care coverage, I believe it only fair that they give us an opportunity to return to work – at our prior level and salary.

In addition, the news is reporting that GM Corp. is on the brink of reacquiring the Steering Division from which I retired. If GM were to reacquire Delphi Steering, would they not reacquire their obligation to those of us who worked most of our career for General Motors? So then – why the rush to terminate benefits now?

I was employed by General Motors / Delphi for 38 years – having had perfect attendance for the last 32 years! Consider that I did not take a sick day, nor any personal days over and above vacations and holidays! In each of those years I was rated as "Outstanding" on my appraisals. I was on call to work – anywhere in the world – at the drop of a hat to solve problems that had surfaced. And this is how I'm repaid??!!!

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees ends when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in but were compensated differently to encourage them to plan for health care in retirement. People such as myself who were hired in the 60's, 70's or 80's were told by the company that we would receive health care coverage in retirement and now have no time to plan for providing ourselves and families with health care coverage after retirement. It's interesting to note that in our notification. We were advised that in the event that: "If the amount

2

of your pension check is less than your premium, then you must submit a payment through a monthly billing process." Tell me that top management at Delphi doesn't understand the depth of the impact of these proposed cuts to retirees!!

3) The motion to terminate benefits comes immediately after the year end financials which granted several managers in Delphi to experience significant bonuses for performance.

## SUMMARY

I understand the extraordinary difficult economic times that the company, as well as the automotive industry faces. Sacrifices are being made now and more will be necessary. If health care coverage for retirees needs to be <u>temporarily modified</u> to help ensure the company's survival, then that is what we need to do. For example, co-pays, deductibles and/or premiums could be temporarily raised. However, I believe the permanent elimination of health care coverage for salaried retirees that were promised this coverage is not justified.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for salaried employees that are counting on that coverage.

Dated:     Saginaw, Michigan
           February 9, 2009

Robert B. Larsen

1206 N. Frost Dr.
Saginaw, MI 48638
(989) 792-0288

3