Hearing Date And Time: **February 24, 2009 at 10:00 a.m.** (prevailing Eastern time)
Objection Deadline: **February 17, 2009 at 4:00 p.m.** (prevailing Eastern time)

Carol A. Stanley
2795 W. 500 South
Peru, IN 46970
(765) 689-8869

Salaried Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
In re                         :   Chapter 11
                              :
DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)
                              :
                  Debtors.    :   (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am an active Delphi employee with 20 years of service. Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) Delphi has to provide health care coverage for retirees only until they reach age 65. Therefore the length of time that the company has to pay health care coverage is limited.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. People hired before then were told by the company that they would receive health care coverage in retirement and now have very limited time to plan for health care coverage after retirement. People who have already retired are in an even worse situation. Many of these people just retired last year with the understanding that they would have health care coverage.

3) The motion made by Delphi is for permanent elimination of health care benefits for salaried people who were promised this coverage when they retire. This is not a temporary suspension of coverage until the economy and the company recovers. When this happens, it makes sense to me that the company would honor its commitment to provide health care coverage to the salaried employees who were promised coverage and not permanently eliminate promised coverage.

## SUMMARY

I understand the extraordinarily difficult economic times that the company, as well as the automotive industry faces. Jobs have been eliminated and people have been forced into retirement. However many of my former co-workers who were forced into early retirement were promised health care coverage as their only real benefit because most cannot draw on their pensions yet. I feel it is unconscionable for the company to now renege on its promises. I do not

have a problem if health care coverage for retirees needs to be temporarily modified to help ensure the company's survival. But any modification should at worst be a temporary modification and not permanent as the company seeks.

I appreciate the court taking the time to consider my argument and respectfully ask that you not approve Delphi's motion to terminate health coverage for retired salaried employees.

Dated:      Peru, Indiana
            February 13, 2009

Respectfully submitted,

*Carol A. Stanley*

Carol A. Stanley
2795 W. 500 South
Peru, IN 46970