Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)

Ronald L. & Eudell W. Huhn
3451 Alexandria Pike
Anderson, IN 46012
(765) 643-5485

Retired Salary Employee of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :    Case No. 05-44481 (RDD)
                                                      :
                    Debtors.                          :    (Jointly Administered)
                                                      :
------------------------------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

My wife and I are both retirees of Delphi Corporation. As the court is aware, Delphi Corporation filed a motion with the U.S. Bankruptcy Court to discontinue both healthcare and life insurance benefits for retirees. We received documentation from Delphi Corporation that this action is to be effective April 1, 2009.
Prior to this proposed action, Delphi Corporation had also withdrawn previous commitments to supply healthcare benefits past the age of 65 for salaried retirees. Neither of these actions was taken against active or retiree members of the Delphi Corporation workforce who were represented by the United Auto Workers.

We are contesting this motion for the following reasons:

1) First and foremost were the verbal commitments made to salaried employees as to their benefits that would be supplied by General Motors/Delphi Corporation, which was that these benefits would be supplied for the rest of their lives. Though these commitments were verbal, they were generally accepted and were major determining factors in decisions as to choices of employment. The retirement program and benefits committed to by General Motors/Delphi Corporation were major reasons for luring employees to work for General Motors/Delphi Corporation and keeping said employees. Similar benefits were committed to members of the United Auto Workers in a written contract. Though a written contract was not in place, we considered the word of our employer as a verbal contract.
2) Now being a retiree, our ability to be employed and replace the proposed benefit reduction is nearly eliminated. If we had known this benefit reduction, as was informed to personnel hired after December 31, 1992, plans could have been made to replace the benefit loss. Plans for a major change can be made, but adequate time is necessary. We are not sure how much time is adequate for planning, but this proposal's effect on someone who has already retired is devastating. Both time and the ability for action are almost eliminated for the group of existing retirees. We are now informed that this major benefit reduction is to be implemented in less than 2 months, as opposed to the many years afforded those hired after 1992. Obviously Delphi Corporation thought that this was significant in 1992, as they announced this decision to those considering employment. The existing group of retirees is reducing in numbers continually as retirees reach the age of 65 when their healthcare benefit is eliminated.
3) The motion to eliminate these benefits is for permanent elimination. It is understood that the state of the economy varies over time, but if benefits are eliminated during low points in economic cycles, there will be no benefits for anyone. This will lead to complete loss of benefits from all employers over time and likely dependence on government subsidies.

## SUMMARY

My wife and I dedicated our working career to our employer. We understand that there was only a verbal contract between salaried employees and the company, but I think you will find that we are not the only employee/retiree complaining about this proposal. This is an indicator as to the validity of our argument.

In our view, a commitment that affects people's lives to this degree is of highest importance and adequate time should be given for adjustments. Unfortunately, for the group of people affected by this proposal that have already retired, their ability to recover financially has been taken away due to the lack of timely notification.

If the proposed benefits are to be reduced, we would like to open up other options for consideration, as opposed to permanent elimination of healthcare and life insurance. Without in-depth discussion, some of these options could be: 1) temporary modification of existing benefits, 2) eliminate company supplied benefits with an allowance for retirees, 3) increase monthly contributions from retiree/employee, or 4) other expense eliminations i.e. freeze current wages for both salary and hourly employees.

We respectfully appreciate and thank you for taking time to consider our view. We want to be clear that we ask that you <u>not approve</u> Delphi Corporation's proposal to eliminate healthcare and life insurance benefits.

Dated: February 12, 2009
       Anderson, IN


Ronald L. Huhn

Eudell W. Huhn

3451 Alexandria Pike
Anderson, IN 46012