UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

---

In Re:                                              Chapter 11

**DELPHI CORPORATION, etal,**                       Case No. 05-44481 (RDD)

        Debtors.                          (Jointly Administered)
_____/

### OBJECTION TO NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID-POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID-POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES

NOW COMES Emil Franz, by and through his attorney, James P. Boardman, and hereby provides the following Objection to Delphi Corporation's Motion for Authority to Terminate Employer-Paid-Post-Retirement Health Care Benefits and Employer-Paid-Post-Retirement Life Insurance Benefits as follows:

1. Emil Franz of Saginaw, Michigan, is a salaried retiree of Delphi Corporation of whom is affected by this Motion.

2. Based upon information and belief, the proposal to terminate Employer Paid-Post-Retirement Health Care Benefit and Employer Paid-Post-Retirement Live Insurance Benefits is discriminatory in nature and unfair as proposed. Delphi's proposal only effects lower level salaried employees (levels 5, 6, 7 and 8). Under information and belief, it does not effect unclassified salaried employees (SERPs).

3. Objection is further made in that Emil Franz relied upon the promise of Delphi to pay for medical benefits and life insurance until he was 65 and thereafter provide further

supplemental income to pay for the supplemental insurance plan with Medicare. Emil Franz relied upon this promise in making his decision to retire from Delphi. He would not have retired from Delphi had Delphi not promised these benefits. If Delphi now backs out of this promise, Emil Franz will be damaged to his detriment to the extent he will have to pay for medical insurance on his own, if he is insurable. Emil Franz suffers from diabetes, bad feet and loss of hearing and there is question whether he will be insurable. Thus, it will cost him significant monies (damages) if Delphi breaks this promise in order for him to become insured. Additional money will have to be paid by Mr. Franz in the payment of life insurance which was also promised to him.

4.    Further objection is made in that Delphi has not researched or analyzed the effect of various percentage cuts in its Delphi salaried retirees benefits across the board. This would have the same or least drastic effect on salaried employees as opposed to a 100% cut to a certain group of salaried Delphi employees

5.    Further objection is made to notice provided in this Motion and the time in which to file objections. Mr. Franz was notified of this Motion on February 6, 2009, and within the Motion a deadline of February 17, 2009, was set to file objections. This is unfair and violates Mr. Franz's due process right to a fair hearing and provide reasonable notices to which matters that effect him.

6.    Further objection is made that not all retirees affected by this motion will have notice of this Motion and provide the appropriate objections. Many retirees are residing in their winter homes (Florida) and have not been provided notice of this Motion or had the opportunity to object. Further objections, different than those provided above should be considered by this Court.

WHEREFORE, for all of the reasons set forth above and other objections by other retirees, we hereby specifically request that this Honorable Court deny Delphi's request for authority to terminate employer paid-post-retirement health care benefits and employer paid-post-retirement life insurance benefits for certain salaried employees as set forth in their motion.

Dated:  February 12, 2009

_____
EMIL FRANZ

Dated:  February 12, 2009

_____
JAMES P. BOARDMAN   (P37125)
Attorney for Emil Franz
6225 Gratiot - P.O. Box 6669
Saginaw, MI   48608
(989) 793-5891