**Hearing Date And Time: February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 17, 2009 at 4:00 p.m. (prevailing Eastern time)**

Larry W. Shelton
5305 Lethbridge Rd
Grand Blanc, Mi 48439
(810) 694-2949

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession


RECEIVED FEB 18 2009
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x
In re                          :   Chapter 11
                               :
DELPHI CORPORATION, et al.,    :   Case No. 05-44481 (RDD)
                               :
              Debtors.         :   (Jointly Administered)
                               :
-------------------------------x

LETTER TO CONTEST DELPHI'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POSTRETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")

PRELIMINARY STATEMENT

I am a retired Delphi employee. As the court knows, Delphi Corp. filed a motion with the U.S. Bankruptcy Court to discontinue healthcare and life insurance coverage for retirees. The notice also stated my Retiree Health Reimbursement Account (RHRA) would be eliminated. This account was established as part of the "deal" a couple of years ago when Delphi terminated health insurance coverage for retirees once they reach 65 years of age.

I am contesting this motion for the following reasons:

1) The obligation Delphi has to provide health care coverage for retirees is time limited. Coverage for retirees is stopped when they reach age 65. And, retirees hired after 1992 do not receive health care coverage in retirement.

2) People hired after December 31, 1992 knew they would not receive health care coverage in retirement when they hired in so they have had time to plan for health care in retirement. I was hired in 1971 and was told by the company that I would receive health care coverage in retirement and now have no time to plan for providing myself and family with health care coverage after retirement.

3) The motion made by Delphi is for <u>permanent</u> elimination of health care benefits for salaried people and spouses who were promised this coverage when they retire. When the company recovers and the executives are receiving bonuses, it makes sense to me that the company would honor its commitment to provide health care coverage to salaried employees who were promised coverage, as well as our spouses.

4) The OPEB benefits cited in this motion were not entirely employer provided. All salaried employees received lower salaries with the OPEB benefits as compared to contract employees who received higher salaries without any OPEB benefits. (Thus, the reduced salaries actually funded the OPEB benefits).

5) Each year, the salaried benefits package was compared to hourly benefits to show salaried employees were being treated equally. This was done to encourage (prevent?) salaried employees from demanding union representation to secure an equitable benefit package. These annual comparisons were made to demonstrate equality, including longevity, to hourly benefits.

For the reasons listed above, I contend Delphi broke it's contract with salaried employees, and <u>not</u> be allowed to summarily discontinue their obligation. Thus, I believe this motion should be rejected.

Thank you for considering my arguments.

Respectfully submitted by:

*Larry W Shelton* (signature)

Larry W. Shelton
5305 Lethbridge Rd
Grand Blanc, Mi 48439
(810) 694-2949

February 12, 2009

Cc:

Attn: Brian Masumoto
Office of the United States Trustee for the Southern district of New York
33 Whitehall Street
New York, New York 10004

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive – Suite 2100
Chicago, Illinois 60606

Attn: Donald Berstein and Brian Resnick
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10004

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
New York, New York 10004