Official Form 20A
(12/03)

PAGE 1 of 3

# United States Bankruptcy Court
## Southern District Of New York

---------------------------------x
In re                            :
DELPHI CORPORATION, et al.,      : Case No. 05-44481 (RDD)
Debtors.                         : Chapter 11
                                 : (Jointly Administered)
                                 :
---------------------------------x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

**NOTICE OF OBJECTION BY RANDY F. CARMAN, CURRENT DEBTOR RETIREE TO "MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4, 2009 and delivered to Randy F. Carman on February 10, 2009.**

I, Randy F. Carman, have filed written papers with the court to object to said motion prior to the date in the motion of February 17, 2009 at 4:00PM and per all requirements stated. I, Randy F. Carman, would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1. I *object* to the debtors *February 17, 2009 date* set for objections to be submitted. Basis: From the date of receipt of the motion (I received my motion papers February 10, 2009, FedEx did NOT deliver on February 5th as promised) and with prior knowledge from February 5th as hearsay, that leaves 3 working days to develop and submit an objection (Presidents day is February 16, 2009). That is absolutely insufficient time to research and form a well refined objection.
2. I *object* to the debtors *selection of termination* of the post-retirement health and life insurance benefits (referred in the motion as "Salaried OPEB") as the only option. Basis: Other options were defined in the benefits while employed, and when retired. These should be studied to amend or modify.
3. I *object* to the debtors *termination of Salaried OPEB for current retirees* who chose to retire based on personal financial situations and plans that included debtor commitments at the time of retirement. Basis: The debtor chose to retire people with an implied commitment to retirement payment, health care and insurance. The proposed medical and insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when retirement decisions were made. As noted by the debtor's motion, the original commitments were made with reservation that they may be revoked, but there was precedence of these benefits freely paid through all 33 years of my employment. At this time, the group being harmed financially is not represented by anyone in the bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.
4. I *object* to a *March 31, 2009 termination date.* Basis: This is not enough time under the current economic conditions for current retirees to accumulate funds to accommodate this extra financial burden or make informed decisions as to alternate health benefit sources.

5. I *object* to the debtors *claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable*. Basis: Salaried retirees are not covered by a collective bargaining agreement and this is not a welfare plan as noted in the motion. The debtor was provided OPEB funds by GM when it was spun off in 1998 to cover those salaried employees with GM service. I had 23 years of GM service and 10 years of service with the debtor. Furthermore, during those 10 years additional funds were added to the OPEB funds which should be available to an 1114(d) committee. The debtor needs to provide transparency to the GM commitment and funded OPEB, especially to those who worked for GM and were not given a choice as to whether they stayed with GM when moved to Delphi. Also, at this time, the group of retirees is not represented by anyone to refute or agree with Delphi's claims in the motion that "Because the Debtor's right to terminate Salaried OPEB is preserved in the respective plan documents, as discussed in greater detail below, no relief under section 1114 of the Bankruptcy Code is required" among other claims. (See paragraph 45 of "SALARIED OPEB TERMINATION MOTION" on page 24.) I do not believe the legislation was intended to exclude a creditor group from representation during bankruptcy proceedings. In addition, GM and Delphi are in serious discussions for GM to purchase Delphi back. The impact of this eventuality should be freely explored before the motion is granted.

6. In addition to the above objections, I hereby submit the following *motions*:
   a. That pursuant to section 1114(d) of the Bankruptcy code, the court order the appointment of a committee of retired employees to serve as the authorized representative of the retirees.
   b. That the "SALARIED OPEB TERMINATION MOTION" be adjourned until such time as the above appointed committee can meet with the debtors and determine whether the "SALARIED OPEB TERMINATION MOTION" is reasonable and/or necessary for emergence from bankruptcy.

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION BY RANDY F. CARMAN,**
1. Is being filed with the bankruptcy court as a PDF on a 3.5 inch disk
2. Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   Room 610
   New York, New York 10004
3. and copies mailed to:
   Delphi Corporation
   5725 Delphi Drive
   Troy, Michigan 48098
   (Attn: General Counsel)

   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   333 West Wacker Drive
   Suite 2100
   Chicago, Illinois 60606
   Attn: John Wm. Butler, Jr.

   Davis Polk & Wardwell
   450 Lexington Avenue
   New York, New York 10017
   (Attn: Donald Bernstein and Brian Resnick)

   Latham & Watkins LLP
   885 Third Avenue
   New York, New York 10022
   (Attn: Robert J. Rosenberg and Mark A. Broude)

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NewYork 10004
(Attn: Bonnie Steingart)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Brian Masumoto)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Attn: Kayalyn A. Marafioti

Honorable Robert D. Drain, thank you for the opportunity to share my views and raise my objections to this hasty motion by the debtor. The debtor needs our help and we can help, as we did for many years as employees. My objections are intended to raise a point of view of the people (United States Citizens) personally affected by this motion in the context of very difficult financial times for not only the debtor but for 15,000 salaried retirees.

Date: 12 FE 2009

Signature: Randy F. Carman
Name: Randy F. Carman
Address: 7299 S. Beyer Rd.
Frankenmuth, MI 48734