Official Form 20A
(12/03)

PAGE 1 of 3

# United States Bankruptcy Court
## Southern District Of New York

------------------------------------x
In re                                :
DELPHI CORPORATION, et al.,          : Case No. 05-44481 (RDD)
Debtors.                             : Chapter 11
                                     : (Jointly Administered)
                                     :
------------------------------------x

Address: Delphi Corporation
5725 Delphi
Drive, Troy, Michigan 48098

**NOTICE OF OBJECTION BY EVERETT MORRIS, CURRENT DEBTOR RETIREE TO** "MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES ("SALARIED OPEB TERMINATION MOTION")", Document #14705 filed February 4, 2009 and delivered to Everett Morris on February 5, 2009.

I, Everett Morris, have filed written papers with the court to object to said motion prior to the date in the motion of February 17, 2009 at 4:00PM and per all requirements stated. I, Everett Morris, would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1. I *object* to the debtors *February 17, 2009 date* set for objections to be submitted. Basis: From the date of receipt of the motion (February 5, 2009) with NO prior knowledge, that leaves 6 working days to develop and submit an objection (Presidents day is February 16, 2009). That is insufficient time to research and form a well refined objection.
2. I *object* to the debtors *selection of termination* of the post-retirement health and life insurance benefits (referred in the motion as "Salaried OPEB") as the only option. Basis: Other options were defined in the benefits while employed, and when retired. Namely amend or modify.
3. I *object* to the debtors *termination of Salaried OPEB for current retirees* who were forced to retire or chose to retire based on personal financial situations and plans that included debtor commitments at the time of retirement. Basis: The debtor chose to retire people for short term cost savings with a commitment to retirement payment, health care and insurance. The proposed medical and insurance benefits in retirement table, page 22 and 23 in the motion, are not what were offered when forced retirement and retirement decisions were made. At this time, the group being harmed financially is not represented by anyone in the bankruptcy proceedings that can determine whether or not this is reasonable or necessary for emergence from bankruptcy.
4. I *object* to a *March 31, 2009 termination date.* Basis: This is not enough time under the current economic conditions for current retirees to accumulate the funds to accommodate this extra financial burden.
5. I *object* to the debtors *claim, page 24 in the motion, that section 1114(d) of the Bankruptcy Code is inapplicable*. Basis: Salaried retirees are not covered by a collective bargaining agreement and this is not a welfare plan as noted in the motion. I would accept the responsibility to manage an 1114(d) committee. The debtor was provided OPEB funds by GM when it was spun off in 1998 to cover those salaried employees with GM service. I had 26 years of GM service and 5 years of service with the debtor. Furthermore, during those 5 years additional funds were added to the OPEB funds which should be available to an 1114(d) committee. The debtor needs to provide transparency to the GM commitment and funded OPEB, especially to those who worked for GM and were not given a choice as to whether they stayed with GM or were moved to Delphi. Also, at this time, the group of retirees is not represented by anyone to refute or agree with

Delphi's claims in the motion that "Because the Debtor's right to terminate Salaried OPEB is preserved in the respective plan documents, as discussed in greater detail below, no relief under section 1114 of the Bankruptcy Code is required" among other claims. (See paragraph 45 of "SALARIED OPEB TERMINATION MOTION" on page 24.) I do not believe the legislation was intended to exclude a creditor group from representation during bankruptcy proceedings. In addition, GM and Delphi are currently discussing GM purchasing back Delphi locations as Ford did with Visteon years ago. GM should have done this when they had cash.

6. In addition to the above objections, I hereby submit the following ***motions***:
   a. That pursuant to section 1114(d) of the Bankruptcy code, the court order the appointment of a committee of retired employees to serve as the authorized representative of the retirees.
   b. That the "SALARIED OPEB TERMINATION MOTION" be adjourned until such time as the above appointed committee can meet with the debtors and determine whether the "SALARIED OPEB TERMINATION MOTION" is reasonable and/or necessary for emergence from bankruptcy.

Per the instructions in the referenced motion, this written **NOTICE OF OBJECTION BY Everett Morris,**
1. Is being filed with the bankruptcy court as a PDF on a 3.5 inch disk
2. Is being submitted as a hard copy directly to the Honorable Robert D. Drain at:
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004
3. and copies mailed to:
Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
(Attn: General Counsel)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(Attn: Donald Bernstein and Brian Resnick)

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
(Attn: Robert J.Rosenberg and Mark A. Broude)

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NewYork 10004
(Attn: Bonnie Steingart)

Official Form 20A
(12/03)

PAGE 3 of 3

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Brian Masumoto)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Attn: Kayalyn A. Marafioti

Honorable Robert D. Drain, thank you for the opportunity to share my views and raise my objections to this swift motion by the debtor. The debtor needs our help and we can help, as we did for many years as employees. My objections are intended to raise a point of view of the people (United States Citizens) personally affected by this motion in the context of very difficult financial times for not only the debtor but for 15,000 retirees. I would be willing and able to attend a hearing if necessary.

Date: 2/11/2009            Signature: Everett Morris
                           Name: Everett Morris
                           Address: 10165 Eby Road
                                    Germantown, Ohio  45327