Neil A. Goteiner (NG 1644)
Dean M. Gloster (*Pro Hac Vice* Application Pending)
Nan E. Joesten (*Pro Hac Vice* Application Pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Delphi Salaried Retirees Association

Hearing Date and Time
  February 24, 2009 at 10:00 a.m.
  (prevailing Eastern time)
Objection Deadline:
  February 23, 2009 at 1:00 p.m.
  (prevailing Eastern time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 Case No. 05-44481 (RDD) |
|---|---|
| DELPHI CORPORATION, et. al., | (Jointly Administered) |
| Debtor. | |

**RESPONSE IN CONDITIONAL SUPPORT OF MOTION TO APPOINT OFFICIAL
RETIREE COMMITTEE PURSUANT TO 11 U.S.C. §1114(d)**

The Delphi Salaried Retirees Association ("DSRA") hereby files this memorandum in conditional support of the Motion filed by four Delphi retirees, Paul Higgins, James Conger, Doug Kittle, and Joni Walls (Docket # 14886, the "Higgins Motion") to appoint an 1114 committee.  The DSRA previously filed its Opposition to the Motion For Order Under 11 U.S.C. §§ 105, 363(b)(1) And 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses on

24292\1870633.1

February 17, 2009, noting that after the motion is denied (for reasons set forth in the Opposition), the appropriate next step is the formation of an 1114 Committee if the Debtors still seek terminate the Eligible Salaried Retiree benefits during the bankruptcy.

The Higgins Motion seeks appointment of that committee, and the DSRA is in agreement that an 1114 Committee must be appointed if the Debtors wish to modify benefits before the conclusion of the bankruptcy. To that extent, the DSRA supports the Motion. There are, however, discrete issues upon which the DSRA opposes the Higgins Motion.

First, Debtors filed for bankruptcy prior to October 15, 2005, and so it is the Court, and not the United States Trustee, that is responsible for appointing the committee under the applicable version of section 1114(d) (which lacked the current final sentence, which provides that "The United States Trustee shall appoint any such committee.").

Second, while the U.S. Trustee could reasonably be enlisted to assist in the process of the committee's formation, the DSRA is an existing retiree organization of more than 2200 members already mobilized to protect Delphi salaried retirees' benefits, which is over a third of the already retired salaried retirees eligible for benefits, and the DSRA should practically and logically have input into the committee composition, particularly because of the short time frame. Instead, the Higgins Motion ignores the DSRA's existence.

Third, the committee should be broadly representative of all the retirees, which requires that the committee include those who were employed long enough ago to have received commitments for lifetime benefits, as well as more recent hires. The Higgins Motion ignores this requirement, as well as the need to present information on the employment background of its seven proposed committee members. The Court, and the U.S. Trustee should know more about the committee make up and be comfortable that there are representatives of pre-1993 hires,

(including hires from the 80s and 70s), as well as later hires, who may have different vested benefit rights.

Dated:    San Francisco, California
February 23, 2009

FARELLA BRAUN & MARTEL LLP

By:    */s/ Neil A. Goteiner*
Neil A. Goteiner
Dean M. Gloster
Nan E. Joesten

235 Montgomery Street
San Francisco, California  94104
(415) 954-4400

Attorneys for Delphi Salaried Retirees Association