**Hearing Date and Time:  February 24, 2009 at 10:00 a.m. (prevailing Eastern time)**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER <br>     & FLOM LLP <br> 333 West Wacker Drive, Suite 2100 <br> Chicago, Illinois 60606 <br> (312) 407-0700 <br> John Wm. Butler, Jr. <br> John K. Lyons <br> Ron E. Meisler | SHEARMAN & STERLING LLP <br> 599 Lexington Avenue <br> New York, New York 10022 <br> (212) 848-4000 <br> Douglas P. Bartner <br> Andrew V. Tenzer <br> Michael S. Baker |

SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF SUPPLEMENTAL AMENDMENT TO
ACCOMMODATION AGREEMENT

1.  On February 4, 2009, the Debtors filed a motion (the "Accommodation Amendment Motion") seeking approval of the Debtors' entry into an amendment to the Accommodation Agreement[1] which makes available (i) a new cash collateral basket of up to $117 million (the "Accommodation Amendment Cash Collateral") to be included in the Debtors' Accommodation Period borrowing base that may, as described in the Accommodation Motion, be released to the Debtors if they meet certain conditions, (ii) a reset EBITDAR covenant to take into account the current global economic and automotive environment, and (iii) if certain conditions are met, a reduction of the minimum liquidity covenant from $100 million to $50 million.[2]

2.  The Accommodation Amendment contains two milestones requiring the Debtors to submit a report to the Agent on each of February 17 and 20, 2009, which reports the Debtors timely submitted.[3] Similarly, the Accommodation Agreement required the Debtors to (i) file a plan of reorganization or modifications to the Confirmed Plan acceptable to the Required Lenders and the Required Participant Lenders by February 27, 2009 (the "February 27 Milestone") and (ii) obtain this Court's approval of a disclosure statement for such plan or plan

---

[1] Capitalized terms not defined in this Motion Supplement have the meanings ascribed to them in the Accommodation Amendment Motion.

[2] In addition, concurrently with the filing of the Accommodation Amendment Motion, the Debtors filed a Motion For Order Authorizing Debtors To Enter Into (I) Third Amendment To Arrangement With General Motors Corporation And (II) First Amendment To Partial Temporary Accelerated Payment Agreement With General Motors Corporation, by which they seek approval of two agreements with GM, executed on January 30, 2009, which provide for (i) further acceleration of GM's pull-forward payments, subject to certain conditions (the "Pull-Forward Amendment"), and (ii) technical amendments necessary to align Delphi's liquidity support agreement with GM (as amended from time to time, the "GM Arrangement") with the terms of the Accommodation Amendment and the Pull-Forward Amendment.

[3] Pursuant to the Accommodation Amendment, the Debtors will be required to apply the aggregate amount of the Accommodation Amendment Cash Collateral to the repayment of the tranche A and tranche B loans if the Agent notifies Delphi on or prior to March 6, 2009 that the February 17 Report and/or February 20 Report is not satisfactory to the Required Total First Amendment Participant Lenders (as defined in the Accommodation Amendment).

modifications by March 31, 2009 (the "March 31 Milestone"), so that the Accommodation Period (as such term is used in the Accommodation Agreement) would end on June 30, 2009 rather than being shortened to May 5, 2009. The Accommodation Amendment filed with this Court on February 4, 2009 similarly provided that if the Debtors do not satisfy the February 27 Milestone with respect to filing an acceptable plan or plan modifications, the Debtors would be required to use the $117 million Accommodation Amendment Cash Collateral to repay the tranche A and tranche B loans.

        3.        Since the Debtors entered into the Accommodation Agreement in December 2008 they have been engaged in discussions with various stakeholders, including the DIP Lenders and GM, with respect to certain potential transactions that would form the basis for further modifications to the Confirmed Plan to try to meet the February 27 Milestone. Although the Debtors have been in intense negotiations with GM and other parties, and have made progress on the development of an emergence plan, the negotiations are not sufficiently advanced to formulate comprehensive Plan modifications that would allow for a filing of the proposed modifications on or before February 27, 2009. In the interest of allowing these complex negotiations to progress, the Debtors have been negotiating a supplement to the Accommodation Amendment which would modify certain of the milestone dates.

Accommodation Amendment Supplement

        4.        The Debtors and the certain DIP Lenders party to the Accommodation Agreement (the "Supplemental Amendment Participant Lenders") have negotiated a supplemental amendment to the Accommodation Agreement (the "Accommodation Amendment Supplement"), attached hereto as <u>Exhibit A</u>, which (i) extends the February 27 Milestone to April 2, 2009 and (ii) extends the March 31 Milestone to May 2, 2009. The Accommodation Amendment Supplement does not change the ending date of the Accommodation Period, which

3

remains June 30, 2009 or May 5, 2009, should the Debtors not meet either of these modified milestones. Consistent with the modified milestones, if the Debtors do not file modifications to the plan or a new plan of reorganization by April 2, 2009, or if the Required Lenders or Required Participant Lenders notify the Agent that such plan is not satisfactory within the timeline permitted in the Accommodation Amendment, in addition to the shortened Accommodation Period the Debtors will be required to apply the Accommodation Agreement Cash Collateral toward the repayment of the tranche A and tranche B loans.

      5.      The Accommodation Amendment Supplement also requires the Debtors to submit a report to the Agent on March 4, 2009 (the "March 4 Report") and March 24, 2009 (the "March 24 Report").[4] If the Debtors fail to provide the March 4 Report or if the requisite lenders subsequently determine the March 4 Report is not satisfactory, those requisite lenders may direct the Debtors to apply 20% of the Accommodation Amendment Cash Collateral toward the repayment of the tranche A and tranche B loans. If the Debtors fail to provide the March 24 Report or if the requisite lenders subsequently determine the March 24 Report is not satisfactory, those requisite lenders may direct the Debtors to apply 100% of the Accommodation Amendment Cash Collateral toward the repayment of the tranche A and tranche B loans.

      6.      The Accommodation Amendment Supplement contains additional requirements regarding the involvement of and/or disclosure to DIP Lender representatives with respect to the Debtors' material negotiations with third parties regarding the Debtors' emergence capital structure. Because in certain circumstances, however, the Debtors will need the

---

[4] The schedule to the Accommodation Amendment Supplement that sets forth the subject matter of the March 4 Report and March 24 Report ("Schedule I") is highly sensitive and confidential. Accordingly, a copy of Schedule I will be provided, upon request, to counsel to the Statutory Committees (on a professionals' eyes only basis) and the U.S. Trustee and will be made available to this Court for review. In their discretion, the Debtors may provide copies of Schedule I to other parties, subject to the terms of an appropriate confidentiality agreement.

flexibility to negotiate without the presence of a DIP Lender representative, the involvement of a DIP Lender representative in such negotiations, to the extent permitted by applicable third parties, is subject to the Debtors' reasonable business judgment (in consultation with such representative and the Agent).

7. The Accommodation Amendment Supplement also contains certain fee and expense provisions, including the payment of a 10 basis points amendment fee to the consenting lenders. Other fee provisions with respect to the Accommodation Amendment Supplement are contained in a separate fee letter(s), which the parties have agreed will be kept confidential.[5] As with the terms of the Accommodation Amendment, this Court's approval of the Accommodation Amendment Supplement and the payment of related fees and expenses are conditions subsequent to the effectiveness of the Accommodation Amendment Supplement. Subsequent to the filing of this notice, the Debtors will file and submit to the Court a revised proposed order marked to show changes against the order submitted on February 4, 2009.

---

[5] The fee letter(s) will be provided, upon request, to counsel to the Statutory Committees (on a professionals' eyes only basis) and the U.S. Trustee and will be made available to this Court for review.

Dated:     New York, New York
           February 23, 2009

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP
                                         By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr.
                                              John K. Lyons
                                              Ron E. Meisler
                                         333 West Wacker Drive, Suite 2100
                                         Chicago, Illinois 60606
                                         (312) 407-0700
                                                     - and -
                                         By:   /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti
                                              Thomas J. Matz
                                         Four Times Square
                                         New York, New York 10036
                                         (212) 735-3000
                                                     - and -
                                        SHEARMAN & STERLING LLP
                                         By:   /s/ Douglas P. Bartner
                                              Douglas P. Bartner
                                              Andrew V. Tenzer
                                              Michael S. Baker
                                         599 Lexington Avenue
                                         New York, New York  10022
                                         (212) 848-4000

                                         Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession