# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
    In re                                          :    Chapter 11
                                                                      :
DELPHI CORPORATION, et al.,            :    Case No. 05-44481 (RDD)
                                                                      :
                                  Debtors.    :    (Jointly Administered)
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER AUTHORIZING DEBTORS TO
(I) ENTER INTO AMENDMENT TO ACCOMMODATION
AGREEMENT WITH CERTAIN PARTICIPATING LENDERS
AND (II)(A) ENTER INTO RELATED DOCUMENTS AND
(B) PAY FEES AND EXPENSES IN CONNECTION THEREWITH

("ACCOMMODATION AMENDMENT ORDER")

Upon the motion, dated February 4, 2009 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order supplementing the January 5, 2007 DIP Refinancing Order (Docket No. 6461) (as supplemented by (i) the November 16, 2007 DIP Order (Docket No. 10957) (the "DIP Extension Order"), (ii) the April 30, 2008 DIP Order (Docket No. 13489) (as supplemented by the May 30, 2008 Supplemental Second DIP Extension Order (Docket No. 13699)) (the "Second DIP Extension Order"), and (iii) the December 3, 2009 DIP Accommodation Order (Docket No. 14515), hereinafter referred to as the "DIP Order") and authorizing the Debtors to (a) enter into an amendment to the Accommodation Agreement[1] (the "Accommodation Agreement First Amendment"), the form of which is attached hereto as Exhibit A, (the Accommodation

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Agreement First Amendment, together with a supplemental amendment to the Accommodation Agreement (the "Accommodation Agreement Supplemental Amendment"), the form of which is attached hereto as <u>Exhibit B</u>, are hereinafter collectively referred to as the "Accommodation Amendment", and together with all other agreements and documentation related thereto, are hereinafter collectively referred to as the "Amendment Documents") and (b) pay the fees and expenses in accordance with the Amendment Documents (the "Accommodation Fees"); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered December 4, 2008 (Docket No. 14534), and no other or further notice being necessary; and the Court having held a hearing on the Motion on _____ __, 2009 (the "Hearing"), and upon the record of the Hearing and after due deliberation thereon, and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    The Motion is hereby granted.

    3.    The Amendment Documents are hereby authorized and approved. The execution and delivery of (a) the Accommodation Amendment First Amendment by the Debtors as of January 30, 2009, together with any other instruments and documents executed and delivered in connection therewith, and (b) the Accommodation Agreement Supplemental Amendment by the Debtors as of February 24, 2009, together with any other instruments and documents executed and delivered in connection therewith, are hereby ratified and approved, and the Debtors are hereby authorized, but not directed, to perform, and take all actions necessary to make, execute and deliver, all of the Amendment Documents with any other instruments and documents in connection therewith. Upon execution and delivery of each of the Amendment Documents and such other instruments and documents, and the effectiveness thereof in accordance with the terms thereof, such instruments and documents shall constitute valid and binding obligations of (i) the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms and (ii) the DIP Lenders, enforceable against each DIP Lender in accordance with their respective terms.

    4.    Consistent with and not in any way limiting the generality of the foregoing, the Debtors are hereby authorized and directed to pay in cash the Accommodation Fees, including, without limitation, an amendment fee in an amount equal to 75 basis points of the Tranche A Total Commitment Usage, Tranche B Loans and Tranche C Loans of each

First Amendment Participant Lender as of the Effective Date (as each such term is defined in the Accommodation Amendment).

5.      The DIP Order shall be deemed supplemented by this Order, and shall continue in full force and effect as supplemented hereby, by the DIP Extension Order, the Second DIP Extension Order and the DIP Accommodation Order.  Consistent with and not in any way limiting the generality of the foregoing, the definitions of "Accommodation Agreement" and "Accommodation Documents" contained in the DIP Order and the other Loan Documents (as defined in the Amended DIP Credit Agreement) shall be deemed to include the Amendment Documents, as applicable.

6.      Notwithstanding anything herein to the contrary, this Order shall not modify the August 2, 2007 Order Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) (Docket No. 8856), the December 10, 2007 Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Amendment (Docket No. 11382) (the "EPCA Amendment Order"), the Amended Investment Agreements (as defined in the EPCA Amendment Order), or any rights of the parties under any of the foregoing, including without limitation with respect to (i) the propriety, allowance, or payment of any unpaid Transaction Expenses or Post-Order Transaction Expenses or the timing thereof or (ii) the Delphi-GM Agreement (as defined below), as to which the rights of all parties are hereby expressly reserved.

7. The Amendment Documents have been negotiated in good faith and at arm's-length between the Debtors, the Agent and the Participant Lenders (as defined in the Accommodation Agreement) party thereto, and all of the Debtors' obligations under the Amended DIP Credit Agreement as authorized by the DIP Order and this Order, including, without limitation, the obligation to pay the Accommodation Fees, have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code. In accordance with and to the extent provided in section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this Order, the DIP Order, or any Amendment Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby. Notwithstanding any such modification, amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Order, the DIP Order, and the other DIP Documents (as defined in the DIP Order); and the Agent and the DIP Lenders shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

8. A sound business purpose exists for the Debtors to enter into the Amendment Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

9. The provisions of this Order, shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

10. Section 8 of the Credit Agreement shall apply to the Amendment Documents and each other DIP Document and all actions taken or not taken by the Agent or any Participant Lender contemplated thereby.

11. For the avoidance of doubt, each Amendment Document shall constitute a "Loan Document" under and as defined in the Amended DIP Credit Agreement.

12. In the event of any inconsistency between the provisions of this Order and the DIP Order, or the DIP Documents (including, without limitation, the Amendment Documents), the provisions of this Order shall govern.

13. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this Order and the DIP Documents (including, without limitation, the Amendment Documents).

14. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated:  New York, New York
               _____ __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE