```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                                   :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                          Debtors.          :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER UNDER 11 U.S.C. §§ 363, 365, 1123, AND 1146 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 (I) APPROVING BIDDING PROCEDURES, (II) GRANTING CERTAIN BID PROTECTION, (III) APPROVING FORM AND MANNER OF SALE NOTICES, AND (IV) SETTING SALE HEARING DATE

("ANAHEIM BIDDING PROCEDURES ORDER")

Upon the motion, dated February 4, 2009 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for orders under 11 U.S.C. §§ 363, 365, 1123, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (a)(i) approving the bidding procedures set forth herein and attached hereto as Exhibit 1 (the "Bidding Procedures"), (ii) granting certain Bid Protection, (iii) approving the form and manner of sale notices (the "Notice Procedures"), and (iv) setting a date for the sale hearing (the "Sale Hearing") and (b) authorizing and approving (i) the sale (the "Sale") of an asset of Delphi Automotive Systems LLC ("DAS LLC" or the "Selling Debtor Entity") comprising a certain improved parcel of real property of approximately 21.6 acres and located in Anaheim, California (the "Anaheim Property" or "Acquired Asset") and (ii) the assumption and assignment of an executory contract relating to the Anaheim Property

(the "Assumed Contract"); and upon the record of the February 24, 2009 Hearing on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.   The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

C.   The relief requested in the Motion is in the best interests of the Selling Debtor Entity, its estate, its stakeholders, and other parties-in-interest.

D.   The notice given by the Selling Debtor Entity of the Motion and the Hearing constitutes due and sufficient notice thereof.

E.   The Selling Debtor Entity has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) grant certain bid protections as provided in the Agreement and in this order, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Assumed Contract, (iv) approve the form of notice of the Motion and the Sale Hearing to be distributed to stakeholders and other parties-in-interest, including prospective bidders, (v) approve the form of notice of the Cure Amounts (as defined below) and the assumption of the Assumed Contract to be filed with the Court and served on parties to the Assumed Contract, and (v) set the Sale Hearing.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Agreement.

2

F.  The Expense Reimbursement may be paid in accordance with the terms, conditions, and limitations of the Agreement and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Selling Debtor Entity's estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to the Selling Debtor Entity's estate, (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been and will be expended by the Purchaser notwithstanding that the proposed Sale is subject to higher or better offers for the Anaheim Property, (iv) was negotiated by the parties at arms' length and in good faith, and (v) is necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Anaheim Property.  The Expense Reimbursement was a material inducement for, and condition of, the Purchaser's entry into the Agreement.  The Purchaser is unwilling to commit to hold open its offer to purchase the Anaheim Property under the terms of the Agreement unless it is assured of payment of the Expense Reimbursement.  Thus, assurance to the Purchaser of payment of the Expense Reimbursement promoted more competitive bidding by inducing the Purchaser to hold its bid open.  Without the Expense Reimbursement, other bidding would have been limited.  Further, because the Expense Reimbursement induced the Purchaser to research the value of the Anaheim Property and to submit a bid that will serve as a minimum or floor bid on which other bidders can rely, the Purchaser has provided a benefit to the Selling Debtor Entity's estate by increasing the likelihood that the price at which the Anaheim Property is sold will reflect its true worth.  Finally, absent authorization of the Expense Reimbursement, the Selling Debtor Entity may lose the opportunity to obtain the highest or otherwise best available offer for the Anaheim Property.

G. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Anaheim Property.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

<u>Bidding Procedures</u>

1. The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement and any subsequent bids for the Anaheim Property and the Auction, if applicable.

2. The Selling Debtor Entity may, subject to any acquired Bankruptcy Court review: (a) determine, in its business judgment, which Qualified Bid is the highest or otherwise best offer, (b) consult with the representative of any official committee or significant constituency in connection with the Bidding Procedures, and (c) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Selling Debtor Entity's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Selling Debtor Entity, its estate, or its stakeholders. The Selling Debtor Entity is authorized (x) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the Anaheim Property to be realized by the Selling Debtor Entity's estate and (y) seek Bankruptcy Court approval of the Agreement with Purchaser.

### Sale Hearing

3.  Subject to paragraph 5 below, the Court shall hold a Sale Hearing on **March 24, 2009 at 10:00 a.m**. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at which time the Court shall consider the sale aspect of the Motion. Objections to this aspect of the Motion, if any, shall be filed and served no later than **4:00 p.m.** (prevailing Eastern time) on **March 17, 2009** (the "Objection Deadline").

4.  The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, the Auction, or the Selling Debtor Entity's consummation and performance of the Agreement (including the transfer of the Property free and clear of liens), if authorized by the Court.

5.  The Sale Hearing, or any portion thereof, such as with respect to the proposed assumption and assignment of a particular executory contract, may be adjourned by the Debtors from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

<u>Expense Reimbursement</u>

6.     The Expense Reimbursement, as more fully described in the Motion and the Agreement is hereby approved.  The Selling Debtor Entity shall be authorized to pay the Expense Reimbursement to the Purchaser in accordance with the terms of the Agreement without further order of the Court.

<u>Notice</u>

7.     Notice of (i) the Motion, including the proposed Sale of the Anaheim Anaheim Property to the Purchaser, (ii) the Sale Hearing, the Bid Deadline, and the Auction, and (iii) the proposed assumption and assignment of the Assumed Contract to the Purchaser pursuant to the Agreement or to a Successful Bidder (and any deadlines for objections associated therewith) shall be good, sufficient, and timely notice, and no other or further notice shall be required, if notice is given as follows:

(a)    <u>Notice Of Sale Hearing</u>.  Within five days after entry of this order, the Selling Debtor Entity (or its agent) shall serve the Motion, the Agreement, the proposed Sale Approval Order, the Bidding Procedures, and a copy of the Bidding Procedures Order by first-class mail, postage prepaid, upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the Purchaser, (iii) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) counsel for the official committee of equity security holders appointed in these chapter 11 cases, (v) counsel for the agent under the Debtors' postpetition credit facility, (vi) all entities known to have expressed an interest in a transaction with respect to the Anaheim Property during the past six months, (vii) all entities known to have asserted any lien in or upon the Anaheim Property, (viii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, (ix) the United States Attorney's office, (x) the United States Department of Justice, (xi) the Securities and Exchange Commission, (xii) the Internal Revenue Service, (xiii) all entities which filed a notice of appearance or request for notice in these cases, and (xiv) the party to the Assumed Contract.

(b)    <u>Assumption/Assignment Notice For Purchaser</u>.  At least 20 days prior to the Sale Hearing, the Selling Debtor Entity shall file with the Court and serve on all non-Debtor parties to the Assumed Contract a notice (the "Purchaser Assumption/ Assignment Notice"), substantially in the form of the notice attached hereto

6

as <u>Exhibit 2</u>, identifying the Purchaser as the party which will be assigned all of the Selling Debtor Entity's right, title, and interest in the Assumed Contract, subject to completion of the bidding process provided under the Bidding Procedures.  The non-Debtor party to an Assumed Contract shall have ten days from the service of the Purchaser Assumption/ Assignment Notice to object to the proposed assumption and assignment to the Purchaser and shall state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to the Purchaser and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(c)   <u>Assumption/Assignment Notice For Qualified Bidders</u>.  At least 20 days prior to the Sale Hearing or on the business day following the Bid Deadline, whichever is later, the Selling Debtor Entity shall cause a notice (the "Qualified Bidder Assumption/Assignment Notice"), substantially in the form of the notice attached hereto as <u>Exhibit 3</u>, to be sent to each non-Debtor party to the Assumed Contract identifying all Qualified Bidders (except the Purchaser, which notice shall be governed by the Purchaser Assumption/Assignment Notice set forth above).  The non-Debtor party to an Assumed Contract shall have ten days from the service of the Qualified Bidder Assumption/Assignment Notice to object to the proposed assumption and assignment to any Qualified Bidder and shall state in its objection, with specificity, the legal and factual basis of its objection.  If no objection is timely received, the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption and assignment of the Assumed Contract to any Qualified Bidder and shall be forever barred from asserting any objection with regard to the assumption and assignment.

(d)   <u>Publication Notice</u>.  Within five days after entry of this order, or as soon thereafter as is practicable, the Debtors or their agents shall publish notice of the Sale substantially in the form of the notice attached hereto as <u>Exhibit 4</u> in the <u>Wall Street Journal</u>, the <u>New York Times</u>, and the <u>Los Angeles Times</u>.

8.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:   New York, New York
         February <u>25</u>, 2009

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

7