**Exhibit 1**

# DELPHI AUTOMOTIVE SYSTEMS LLC
## ANAHEIM, CALIFORNIA ASSET BIDDING PROCEDURES

Set forth below are the bidding procedures (the "**Bidding Procedures**") to be employed with respect to the proposed sale (the "**Sale**") of certain assets of Delphi Automotive Systems LLC ("**DAS LLC**" or the "**Selling Debtor Entity**") comprising an improved parcel of real property containing approximately 21.6 acres and located in the City of Anaheim and the County of Orange, State of California (the "**Anaheim Property**").  On December 18, 2008, the Selling Debtor Entity executed that certain Real Property Purchase Agreement And Escrow Instructions (together with any amendments thereto, the "**Agreement**") with Birtcher Anaheim Magnolia Avenue, LLC (the "**Purchaser**").  The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "**Bankruptcy Code**"), and certain other closing conditions.

On February 4, 2009, the Selling Debtor Entity and certain of its affiliates (collectively, the "**Debtors**") filed a Motion For Orders Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A) (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date And (B) Authorizing And Approving (I) Sale By Delphi Automotive Systems LLC ("DAS LLC" or the "Selling Debtor Entity") Of Certain Real Property Located In Anaheim, California And (II) Assumption And Assignment Of Related Executory Contract (the "**Sale Motion**").  On [_____], 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date (the "**Bidding Procedures Order**").

Pursuant to the Bidding Procedures Order, the Bankruptcy Court will conduct a hearing on March 24, 2009 (the "**Sale Hearing**") to authorize the Selling Debtor Entity to enter into and perform under the Agreement.

All capitalized terms used but not otherwise defined in these Bidding Procedures have the meanings ascribed to them in the Agreement.

The Bidding Procedures set forth herein describe, among other things, the asset available for sale, the manner in which bidders and bids become Qualified, the coordination of diligence efforts among bidders, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder, and the Bankruptcy Court's approval thereof (collectively, the "**Bidding Process**").  The Selling Debtor Entity intends to consult with, among others, the official committee of unsecured creditors (the "**Creditors' Committee**") throughout the Bidding Process.  In the event that the Selling Debtor Entity and any other party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

## Free Of Any And All Liens

Except to the extent otherwise set forth in the Agreement or the relevant purchase agreement of a Successful Bidder, as applicable, all of the Selling Debtor Entity's right, title, and interest in and to the Anaheim Property, or any portion thereof, to be acquired will be sold free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) (the "Liens") and any monetary amounts which are secured by any Lien.

## Participation Requirements

Unless otherwise ordered by the Bankruptcy Court or as otherwise determined by Delphi in its sole discretion, to participate in the bidding process, each person (a "**Potential Bidder**"), other than the Purchaser, must deliver (unless previously delivered) to the Selling Debtor Entity and its counsel at the addresses provided below:

(a) An executed confidentiality agreement in form and substance acceptable to the Selling Debtor Entity;

(b) Current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Anaheim Property, current audited financial statements of the equity holders of the Potential Bidder who must guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement as may be acceptable to the Selling Debtor Entity and its financial advisors;

(c) A preliminary (non-binding) written proposal regarding (i) the purchase price, (ii) any property to be excluded, (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing of the Purchase Price (as defined in the Agreement) and the requisite financial assurances), (iv) any anticipated regulatory approvals required to close the transaction, the anticipated time frame, and any anticipated impediments for obtaining such approvals, (v) any conditions to closing that it may wish to impose in addition to those set forth in the Agreement, and (vi) the nature and extent of additional due diligence it may wish to conduct and the date by which such due diligence must be completed; and

(d) A good faith deposit in the amount of $1,500,000 (the "**Good Faith Deposit**").

A Potential Bidder who delivers the documents described in the previous subparagraphs above and whose financial information and credit-quality support demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as a successful bidder, and who the Selling Debtor Entity determines in its sole discretion is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the Agreement, will be deemed a "**Qualified Bidder**." As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Selling Debtor Entity will determine, and will notify the Potential Bidder, whether such Potential Bidder

2

is a Qualified Bidder.  At the same time when the Selling Debtor Entity notifies the Potential
Bidder that it is a Qualified Bidder, the Selling Debtor Entity will allow the Qualified Bidder to
commence due diligence with respect to the Anaheim Property as provided below.
Notwithstanding the foregoing, the Purchaser shall be deemed a Qualified Bidder for purposes of
the Bidding Process.

### Due Diligence

The Selling Debtor Entity will afford each Qualified Bidder due diligence access to the
Anaheim Property.  Due diligence access may include such management presentations as may be
scheduled by the Selling Debtor Entity, access to data rooms, on-site inspections, and such other
matters as a Qualified Bidder may request and as to which the Selling Debtor Entity, in its sole
discretion, may agree.  The Selling Debtor Entity will designate an employee or other
representative to coordinate all reasonable requests for additional information and due diligence
access from Qualified Bidders.  Any additional due diligence may not continue after the Bid
Deadline.  The Selling Debtor Entity may, in its discretion, coordinate diligence efforts such that
multiple Qualified Bidders have simultaneous access to due diligence materials and/or
simultaneous attendance at management presentations or site inspections.  Neither the Selling
Debtor Entity nor any of its affiliates (or any of its respective representatives) will be obligated
to furnish any information relating to the Anaheim Property to any person other than to Qualified
Bidders which make an acceptable preliminary proposal.

Each Qualified Bidder will be deemed to acknowledge and represent that it has had an
opportunity to conduct any and all due diligence regarding the Anaheim Property prior to making
its offer, that it has relied solely upon its own independent review, investigation, and/or
inspection of any documents and/or the Anaheim Property in making its bid, and that it did not
rely upon any written or oral statements, representations, promises, warranties, or guaranties
whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Anaheim
Property or the completeness of any information provided in connection therewith, the Bidding
Process, or the Auction (as defined herein), except as expressly stated in the definitive agreement
with the Successful Bidder approved by the Bankruptcy Court.

### Bid Deadline

A Qualified Bidder, other than the Purchaser, which desires to make a bid must deliver
written copies of its bid to:  Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy,
Michigan 48098, Attention: Executive Director, Operations Support Group, with copies to:  (i)
Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan, 48098, Attention: Karen
J. Craft, Managing Restructuring Counsel; (ii) counsel to the Debtors, Skadden, Arps, Slate,
Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60601-1285, Attention: Ron E.
Meisler and T. Kellan Grant; (iii) counsel to the Creditors' Committee, Latham & Watkins LLP,
885 Third Avenue, New York, New York 10022, Attention: Robert J. Rosenberg and Mark A.
Broude; (iv) the Creditors' Committee's financial advisor, Mesirow Financial Consulting LLC,
666 Third Avenue, 21st Floor, New York, New York 10017, Attention: Ben Pickering; (v)
counsel for the Debtors' postpetition credit facility, Davis, Polk & Wardwell, 450 Lexington
Avenue, New York, New York 10017, Attention: Donald Bernstein and Brian Resnick; and (vi)
the Purchaser, Birtcher Anaheim Magnolia Avenue, LLC, Attention: Shannon Hondl, with

copies to Allen Matkins Leck Gamble Mallory & Natsis LLP 1900 Main Street, 5th Floor, Irvine, CA 92614-7321, Attention: John Kittleson, Esq., so as to be received not later than 10:00 a.m. (prevailing Eastern time) on March 9, 2009 (the "Bid Deadline").  The Selling Debtor Entity may extend the Bid Deadline once or successively, but is not obligated to do so.  If the Selling Debtor Entity extends the Bid Deadline, it must promptly notify all Qualified Bidders of such extension.

### Bid Requirements

All bids must include the following documents (the "**Required Bid Documents**"):

(a) A letter stating that the bidder's offer is irrevocable until two Business Days after the closing of the Sale of the Anaheim Property.

(b) An executed copy of the Agreement, together with all schedules, marked to show those amendments and modifications to such Agreement that the Qualified Bidder proposes, including the Purchase Price (as defined in the Agreement) (a "**Marked Agreement**"). The Marked Agreement should delete the section relating to inspection period which will be substituted with the due diligence provided under these Bidding Procedures.

(c) The Good Faith Deposit in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Selling Debtor Entity in its sole discretion) payable to the order of the Selling Debtor Entity (or such other party as the Selling Debtor Entity may determine) in the amount of $1,500,000.

(d) Written evidence of a commitment for financing, or other evidence of ability to consummate the proposed transactions that is satisfactory to the Selling Debtor Entity and its advisors.

### Qualified Bids

A bid will be considered only if the bid:

(a) is on terms and conditions (other than the amount of the consideration) that are substantially similar to, and are not materially more burdensome or conditional to the Selling Debtor Entity than, those contained in the Agreement;

(b) is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(c) proposes a transaction that the Selling Debtor Entity determines, in its sole discretion, has a value, either individually or, in conjunction with any other Qualified Bid, greater than or equal to the sum of the Purchase Price and the amount of the Expense Reimbursement, plus (i) in the case of the initial Qualified Bid, $500,000.00, and (ii) in the case of any subsequent Qualified Bids, $250,000.00 over the immediately-preceding highest Qualified Bid;

(d) is not conditioned upon any bid protections, such as a break-up fee, termination fee, expense reimbursement, or similar type of payment;

(e) an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Anaheim Property prior to making its offer, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Anaheim Property in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Anaheim Property, the completeness of any information provided in connection therewith, or the Auction, except as expressly stated in the Agreement or the Marked Agreement;

(f) includes a commitment to consummate the purchase of the Anaheim Property (including the receipt of any required governmental or regulatory approvals) within not more than ten days after entry of an order by the Bankruptcy Court approving such purchase; and

(g) is received by the Bid Deadline.

A bid received from a Qualified Bidder will constitute a "**Qualified Bid**" only if it includes all of the Required Bid Documents and meets all of the above requirements; provided, however, that the Selling Debtor Entity will have the right, in its sole discretion, to entertain bids for the Anaheim Property that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids. Notwithstanding the foregoing, the Purchaser will be deemed a Qualified Bidder, and the Agreement will be deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. A Qualified Bid will be valued based upon factors such as the net value provided by such bid and the likelihood and timing of consummating such transaction. Each Qualified Bid other than that of the Purchaser is referred to as a "**Subsequent Bid.**"

If the Selling Debtor Entity does not receive any Qualified Bids other than the Agreement received from the Purchaser, the Selling Debtor Entity will report the same to the Bankruptcy Court and will proceed with the Sale pursuant to the terms of the Agreement.

### Bid Protection

Recognizing the Purchaser's expenditure of time, energy, and resources, the Selling Debtor Entity has agreed to provide certain bidding protections to the Purchaser. Specifically, the Selling Debtor Entity has determined that the Agreement will further the goals of the Bidding Procedures by setting a floor which all other potential bids must exceed. As a result, the Selling Debtor Entity has agreed that if the Selling Debtor Entity terminates the Agreement to close an alternative transaction and sell the Anaheim Property to a Successful Bidder other than the Purchaser, the Selling Debtor Entity will, in certain circumstances, be obligated to pay the Purchaser an Expense Reimbursement of up to $450,000 (the "**Expense Reimbursement**"). The payment of the Expense Reimbursement will be governed by the provisions of the Agreement and the Bidding Procedures Order.

## Auction

If the Selling Debtor Entity receives at least one Qualified Bid in addition to the Agreement, the Selling Debtor Entity will conduct an auction (the "**Auction**") of the Anaheim Property upon notice to all Qualified Bidders which have submitted Qualified Bids at 10:00 a.m. (prevailing Eastern time) on or before March 13, 2009, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 or Four Times Square, New York, New York 10036 (at the Selling Debtor Entity's election), or such later time or other place as the Selling Debtor Entity may notify all Qualified Bidders which have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing) in accordance with the following procedures:

    (a) Only the Selling Debtor Entity, Purchaser, any representative of the Creditors' Committee and the Equityholders' Committee, any representative of Selling Debtor Entity's secured lender (and the legal and financial advisers to each of the foregoing), and any Qualified Bidder who has timely submitted a Qualified Bid shall be entitled to attend the Auction, and only the Purchaser and the other Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

    (b) At least two Business Days prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Selling Debtor Entity whether it intends to participate in the Auction and at least one Business Day prior to the Auction, the Selling Debtor Entity shall provide copies of the Qualified Bid or combination of Qualified Bids which the Selling Debtor Entity believes is the highest or otherwise best offer going into the Auction (the "**Lead Bid**") to all Qualified Bidders who have informed the Selling Debtor Entity of their intent to participate in the Auction. Notwithstanding this determination of the Lead Bid, the Selling Debtor Entity reserves the right, in its sole discretion, to determine which bid, or subsequent bid, is the Successful Bid (as defined below), following the conclusion of the Auction based upon a number of factors and other considerations.

    (c) All bidders will be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction.

    (d) The Selling Debtor Entity may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith.

    (e) Bidding at the Auction will begin with the highest or otherwise best Qualified Bid or combination of Qualified Bids and continue in minimum increments of $250,000.00 higher than the previous bid or bids. The Auction will continue in one or more rounds of bidding and will conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written

confirmation of the then-existing highest bid or bids. For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by Purchaser), the Selling Debtor Entity will give effect to any Expense Reimbursement as well as any assets to be retained by the Selling Debtor Entity.

## Selection Of Successful Bid

At the conclusion of the Auction, or as soon thereafter as practicable, the Selling Debtor Entity, in consultation with its advisors, will: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale, and (ii) identify the highest or otherwise best offer(s) for the Anaheim Property received at the Auction (the "**Successful Bid**" and the bidder(s) making such bid, the "**Successful Bidder(s)**").

The Selling Debtor Entity will sell the Anaheim Property for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the Sale Hearing. If, after an Auction in which the Purchaser: (i) has bid an amount in excess of the consideration currently provided for in the Agreement with respect to the transactions contemplated under the Agreement and (ii) is the Successful Bidder, the Purchaser must, at the Closing under the Agreement, pay, in full satisfaction of the Successful Bid, an amount equal to: (a) the amount of the Successful Bid less (b) the Expense Reimbursement.

The Selling Debtor Entity's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Selling Debtor Entity's acceptance of the bid. The Selling Debtor Entity will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

## The Sale Hearing

The Bankruptcy Court will conduct a Sale Hearing on March 24, 2009, at 10:00 a.m. (prevailing Eastern time).

The Sale Hearing will take place before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Sale Hearing may be adjourned or rescheduled by the Selling Debtor Entity without notice other than by an announcement of the adjourned date at the Sale Hearing.

If the Selling Debtor Entity does not receive any Qualified Bids (other than the Qualified Bid of the Purchaser), the Selling Debtor Entity will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Anaheim Property to the Purchaser following entry of the Sale Approval Order. If the Selling Debtor Entity does receive additional Qualified Bids, then at the Sale Hearing the Selling Debtor Entity will seek approval of the Successful Bid(s), as well as the second highest or best Qualified Bids (each an "**Alternate Bid**," and such bidder, the "**Alternate Bidder**"). The Selling Debtor Entity's presentation to the Bankruptcy Court of the Successful Bid(s) and Alternate Bid(s) will not constitute the Selling

7

Debtor Entity's acceptance of either or any such bid(s), which acceptance will occur only upon approval of such bid(s) by the Bankruptcy Court at the Sale Hearing. Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of: (i) failure of a condition precedent beyond the control of either the Selling Debtor Entity or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Selling Debtor Entity will be permitted to effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

## Return Of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two Business Days following the closing of the Sale (the "**Return Date**"). Notwithstanding the foregoing, the Good Faith Deposit submitted by the Successful Bidder(s), together with interest thereon, if any, will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s). If a Successful Bidder fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the Selling Debtor Entity will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit will irrevocably become property of the Selling Debtor Entity. Subject to the preceding sentence, on the Return Date, the Selling Debtor Entity will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon, if any.

## Reservations Of Rights

The Selling Debtor Entity, after consultation with, among others, the Creditors' Committee: (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject at any time any bid (other than the Purchaser's bid) that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Selling Debtor Entity, its estate, or its stakeholders as determined by the Selling Debtor Entity in its sole discretion.

**Exhibit 2**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
        In re                       :    Chapter 11
                             :
DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
                             :
                 Debtor.     :    (Jointly Administered)
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACT TO PURCHASER IN
CONNECTION TO SALE OF ANAHEIM PROPERTY

PLEASE TAKE NOTICE THAT:

        1.       Pursuant to the Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146

And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II)

Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And

(IV) Setting Sale Hearing Date (Docket No. [_____] (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on [_____], Delphi Automotive Systems LLC (the "Selling Debtor

Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with

Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of

approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or

"Anaheim Property") and the assignment of an executory contract relating to the Anaheim

Property, free and clear of liens, claims, encumbrances, and interests.  Capitalized terms used

but not otherwise defined in this notice have the meanings ascribed to them in the Bidding

Procedures Order.

2.      Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entity will seek to assume and assign the Assumed Contract listed

on Exhibit 1 hereto to the Purchaser at the hearing to be held at 10:00 a.m. (prevailing

Eastern time) on March 24, 2009 (the "Sale Hearing") before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, Room 610, New York, New York 10004.

3.      Objections, if any, to the assumption and assignment of the Assumed

Contract to the Purchaser must (a) be in writing, (b) state with specificity the reasons for such

objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy

Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C.

§§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I)

Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative

Procedures, entered March 20, 2006 (Docket No. 2883) and the Thirteenth Supplemental

Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and

2

9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

Administrative Procedures, entered December 4, 2008 (Docket No. 14534), (d) be filed with

the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered

users of the Bankruptcy Court's case filing system must file electronically, and all other

parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted

in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy

form so they are actually received within ten days after the date of this Notice by (i) Delphi

Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii)

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General

Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

Ron E. Meisler and Kellan Grant), (iv) counsel for the agent under the postpetition credit

facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017

(Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of

unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York

10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official

committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One

New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the

Purchaser, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York,

New York 10281 (Att'n: Mike Ryan), and (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004

(Att'n:  Brian Masumoto).

4.      If an objection to the assumption and assignment of the Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such other date and time as the Court may schedule.  If no objection is timely filed and received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims as to such Assumed Contract, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Selling Debtor Entity or the Purchaser, or the property of either of them.

5.      Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale Approval Order.  Further, there is adequate assurance of the Purchaser's future performance under the executory contract to be assumed and assigned because of the significant resources of the Purchaser.

6.      Prior to the Closing Date, the Selling Debtor Entity may amend its

decision with respect to the assumption and assignment of the Assumed Contract and provide

a new notice amending the information provided in this Notice.

Dated:          New York, New York
                February ___, 2009

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP

                                By:     _____
                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                                - and -

                                By:     _____
                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession

**Exhibit 3**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                        Debtor.               :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACT TO QUALIFIED BIDDERS IN
CONNECTION TO SALE OF ANAHEIM PROPERTY

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146

And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II)

Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And

(IV) Setting Sale Hearing Date (Docket No. [_____] (the "Bidding Procedures Order")

entered by the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") on [_____], Delphi Automotive Systems LLC (the "Selling Debtor

Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with

Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of

approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or

"Anaheim Property") and the assignment of an executory contract relating to the Anaheim

Property, free and clear of liens, claims, encumbrances, and interests.  Capitalized terms used

but not otherwise defined in this notice have the meanings ascribed to them in the Bidding

Procedures Order.

        2.      Pursuant to the Bidding Procedures set forth in the Bidding Procedures

Order, the following parties have submitted Qualified Bids for the Acquired Asset and will

participate in an Auction for the Acquired Asset (the "Auction") beginning at 10:00 a.m.

(prevailing Eastern time) on March 13,  2009, at the offices of Skadden, Arps, Slate, Meagher

& Flom LLP, Four Times Square, New York, New York 10036 or 333 West Wacker Drive,

Chicago, Illinois 60606, or such later time or other place as the Selling Debtor Entity will

notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the

second Business Day prior to the Sale Hearing):

| **Qualified Bidders** |
| --- |
| |
| |

        3.      Pursuant to the terms of the Agreement (or any asset sale and purchase

agreement that the Selling Debtor Entity may enter into with the Successful Bidder), the

Selling Debtor Entity will seek to sell the Anaheim Property and assume and assign the

Assumed Contract listed on Exhibit 1 hereto to the Purchaser or the Successful Bidder, as

case may be, subject to approval at the hearing to be held at 10:00 a.m. (prevailing Eastern

time) on March 24, 2009 (the "Sale Hearing") before the Honorable Robert D. Drain, United

States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Room 610, New York, New York 10004.

        4.     Objections, if any, to the assumption and assignment of the Assumed

Contract to a Qualified Bidder, who may ultimately become the Successful Bidder, must (a)

be in writing, (b) state with specificity the reasons for such objection, (c) conform to the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District

of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R.

Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II)

Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006

(Docket No. 2883) and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and

105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing

Dates and Certain Notice, Case Management, and Administrative Procedures, entered

December 4, 2008 (Docket No. 14534), (d) be filed with the Bankruptcy Court in accordance

with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case

filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch

disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-

based word processing format), (e) be submitted in hard-copy form directly to the chambers

of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (f) be served in hard-copy form so they are actually

received within ten days after the date of this Notice by (i) Delphi Automotive Systems LLC,

5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional &

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Kellan

Grant), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchaser, Cadwalader, Wickersham &

Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: Mike Ryan), and

(viii) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Brian Masumoto).

   5.  If an objection to the assumption and assignment of the Assumed

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such other date and time as the Court

may schedule.  If no objection is timely filed and received, the non-Debtor party to the

Assumed Contract will be deemed to have consented to the assumption and assignment of the

Assumed Contract and will be forever barred from asserting any other claims as to such

Assumed Contract, including, but not limited to, the propriety or effectiveness of the

assumption and assignment of the Assumed Contract, against the Selling Debtor Entity or the

Purchaser, or the property of either of them.

6.      Pursuant to 11 U.S.C. § 365, there is adequate assurance that the Cure

Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale

Approval Order.  Further, there is adequate assurance of the Qualified Bidders' future

performance under the executory contract to be assumed and assigned because of the

significant resources of the Qualified Bidders.

7.      Prior to the Closing Date, the Selling Debtor Entity may amend its

decision with respect to the assumption and assignment of the Assumed Contract and provide

a new notice amending the information provided in this Notice.

Dated:  New York, New York
        February ___, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
        John Wm. Butler, Jr. (JB 4711)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois  60606
    (312) 407-0700

- and -

By:_____
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
    Four Times Square
    New York, New York 10036
    (212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

**Exhibit 4**

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

      In re                              :    Chapter 11
                                     :

DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
                                     :

                      Debtor.   :    (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

PLEASE TAKE NOTICE THAT:

        1.     Pursuant to the **Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date** (Docket No. [_____] (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on [_____], Delphi Automotive Systems LLC (the "Selling Debtor Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or "Anaheim Property") and agreed to assign an executory contract relating to the Anaheim Property, free and clear of liens, claims, encumbrances, and interests.  Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order.

        2.     All interested parties are invited to make an offer to purchase the Anaheim Property in accordance with the terms and conditions approved by the Bankruptcy Court (the "Bidding Procedures") by **4:00 p.m.** (prevailing Eastern time) on **March 9, 2009**. Pursuant to the Bidding Procedures, the Selling Debtor Entities may conduct an auction for the Anaheim Property (the "Auction") beginning at **10:00 a.m.** (prevailing Eastern time) on **March 13, 2009,** at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606.

        3.     Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  A copy of the Bidding Procedures is available by contacting the undersigned counsel to the Selling Debtor Entity or by accessing Delphi's Legal Information Website, www.delphidocket.com.

4.      A hearing to approve the Sale of the Anaheim Property to the highest and best bidder will be held on **March 24, 2009** at **10:00 a.m.** (prevailing Eastern time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge.  The hearing on the Sale may be adjourned without notice other than an adjournment in open court.

5.      Objections, if any, to the proposed Sale must be filed and served in accordance with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m.** (prevailing Eastern time) on **March 17, 2009.**

6.      This notice is qualified in its entirety by the Bidding Procedures Order.

Dated:  New York, New York
          February ___, 2009

                              BY ORDER OF THE COURT

                              John Wm. Butler, Jr. (JB 4711)
                              John K. Lyons (JL 4951)
                              Ron E. Meisler (RM 3026)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois  60606
                              (312) 407-0700

                                  - and -

                              Kayalyn A. Marafioti (KM 9632)
                              Thomas J. Matz (TM 5986)
                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

2