UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                :   Chapter 11
:
DELPHI CORPORATION, et al.,      :   Case No. 05-44481 (RDD)
:
                    Debtors.   :   (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105, 363(b)(1), 1108, AND 1114(d) (I) PROVISIONALLY
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-
RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED
EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES, (II)
DIRECTING APPOINTMENT OF COMMITTEE OF RETIRED EMPLOYEES WITH
<u>LIMITED SCOPE, AND (III) SETTING MARCH 11, 2009 FINAL HEARING</u>

("PROVISIONAL SALARIED OPEB TERMINATION ORDER")

Upon the motion, dated February 4, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order confirming the Debtors' authority (or alternatively, authorizing, but not directing, the Debtors) to terminate, as soon as practicable after March 31, 2009, Salaried OPEB,[1] which termination, <u>inter</u> <u>alia</u>, consists of: (a) eliminating eligibility for employer-paid post-retirement health care benefits for all current and future active salaried employees; (b) ceasing to make Company contributions to provide post-retirement health care for current and future salaried retirees and their surviving spouses; (c) canceling all Retirees' Health Reimbursement Accounts for Medicare-eligible salaried retirees and their surviving spouses; (d)

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion. "Salaried OPEB" means the Debtors' current and future costs associated with providing post-retirement health and life insurance benefits to salaried retirees and their surviving spouses.

terminating the Medicare Part B special benefit for current and future salaried retirees and their surviving spouses; (e) ceasing to provide the 1% employer contribution to the Salaried Retirement Savings Plan for those active salaried employees hired on or after January 1, 1993 and on or prior to December 31, 2000; (f) eliminating eligibility for employer-paid post-retirement basic life insurance benefits for all current and future active salaried employees; and (g) ceasing to make Company contributions to provide post-retirement basic life insurance benefits for current and future salaried retirees; and the Court having held a hearing on the Motion, the objections thereto as reflected in the Revised Proposed Omnibus Hearing Agenda (Docket No. 16326), and the cross-motions for the appointment of a committee of retired employees (Docket Nos. 14882, 14886, and 15283) on February 24, 2009 (the "Hearing"); and upon the record of the Hearing (including the testimony of witnesses examined and exhibits admitted into evidence at the Hearing); and after due deliberation thereon; and good and sufficient cause appearing therefor, and based on the Court's bench ruling at the conclusion of the hearing,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.

      2.      Venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      3.      Notice of the Motion was properly served in accordance with the Supplemental Case Management Order (Docket No. 2883) and the Thirteenth Supplemental Case Management Order (Docket No. 14534), and was proper and sufficient notice of the Motion for all purposes under the Bankruptcy Code and Bankruptcy Rules.

4.  Section 1114 of the Bankruptcy Code does not apply to modification or termination of Salaried OPEB benefits that have not vested.

5.  Based on the record at the Hearing, the Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits.

6.  The Court finds that it is within the Debtors' reasonable business judgment to terminate Salaried OPEB benefits as provided in the Motion.

7.  The Motion is hereby granted and, subject to any modification of this Order that the Court may make as a result of the procedures set forth below, the Debtors are authorized, but not directed, to terminate Salaried OPEB benefits as provided in the Motion.

8.  The Court exercises its discretionary authority under section 1114(d) of the Bankruptcy Code that it is otherwise appropriate to appoint a committee of retired employees to represent the Eligible Salaried Retirees (the "Retirees' Committee") solely for the limited purposes set forth in this Order.  The U.S. Trustee shall forthwith appoint the members of the Retirees' Committee, it being understood that membership on the Retirees' Committee shall not prohibit any member from appealing the terms of this Order in an individual capacity.  The U.S. Trustee is further authorized to limit her solicitation of interested parties with respect to potential recommendations for membership on the Retirees' Committee only to those parties that appeared at the Hearing.  The Debtors are authorized to reimburse the reasonable and documented compensation, costs and expenses of the legal counsel retained by the Retirees' Committee in an amount not to exceed $200,000.00 without further order of the Court.  Any dispute with respect to the reasonableness of such compensation, costs and expenses shall be determined by the Court.

9.  The Court limits the scope of authority of the Retirees' Committee to: (a) determine whether there is sufficient and competent evidence not presented at the Hearing to

3

establish, consistent with the Court's bench ruling and applicable law, that Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof; and (b) meet and confer with the Debtors to (i) explore the efficacy of potentially preserving any applicable federal tax credits for retirees arising from the Debtors' implementation of the authority granted by this Order and (ii) consider any modifications of this Order that are mutually agreeable to the Debtors and the Retirees' Committee pursuant to which the Retirees' Committee and the members thereof would settle and waive any appellate rights with respect to this Order as modified.  The discretionary appointment of the Retirees' Committee herein under section 1114(d) of the Bankruptcy Code does not trigger the statutory procedures of any other provision of section 1114 of the Bankruptcy Code.

10.    To the extent that the Retirees' Committee determines that there is sufficient and competent evidence not presented at the Hearing to establish, consistent with the Court's bench ruling and applicable law, that Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof, the Retirees' Committee shall promptly provide all such evidence to the Debtors and shall meet and confer with the Debtors regarding potential consensual modifications to this Order as a result of such evidence, provided the Debtors agree with such evidentiary findings.

11.    The Retirees' Committee shall file a report on or before Friday, March 6, 2009, at 4:00 p.m. (prevailing Eastern time) setting forth the results of the Retirees' Committee's scope of work.  To the extent that the report asserts that there is sufficient and competent evidence not presented at the Hearing to establish, consistent with the Court's bench ruling and applicable law, that Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof, the report shall set forth all such contentions and the bases therefor with specificity.  The

Debtors may file a response to the report on or before Tuesday, March 10, 2009, at 4:00 p.m. (prevailing Eastern time).

12.   The Court shall hold a final hearing on the Motion on Wednesday, March 11, 2009, at 10:00 a.m. (prevailing Eastern time) to consider the Retirees' Committee's report and the Debtors' response thereto, including determining whether Salaried OPEB benefits have vested with respect to any Eligible Salaried Retiree or group thereof that may be identified in the Retirees' Committee's report, if any.

13.   The Debtors are authorized, but not directed, to take such administrative steps as are necessary to prepare for the termination as soon as practicable after March 31, 2009 of Salaried OPEB benefits as provided in the Motion, including mailing appropriate election forms to Eligible Salaried Retirees.  The Debtors shall include in such mailing information regarding the further proceedings in this matter contemplated by this Order.

14.   The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:   February 25, 2009
         New York, New York

                                          /s/ Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE

5