Hearing Date And Time: March 24, 2009 at 10:00 a.m.
Objection Deadline: March 17, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re                                              :     Chapter 11
:
DELPHI CORPORATION, et al.           :     Case No. 05-44481 (RDD)
:
Debtors.                       :     (Jointly Administered)
:
------------------------------------------------------------------x

## MOTION TO COMPEL DEBTOR'S PERFORMANCE UNDER LEASE OF NON-RESIDENTIAL REAL PROPERTY AND FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Come now Donald R. Sweeton and Sarah E. Sweeton (the "Sweetons"), by and through counsel, and respectfully move the Court, pursuant to Section 365(d)(3) of Title 11 of the United States Code (the "Bankruptcy Code"), to compel performance by Delphi Automotive Systems, LLC ("Delphi Automotive") under that certain Warehouse Lease (the "Lease") between the Debtor and the Sweetons and for payment of an administrative expense. Consistent with this motion, the Sweetons respectfully request that the Court enter an Order, substantially in the form of the proposed Order attached as an exhibit hereto, granting the relief requested herein. In support of this Motion, the Sweetons rely on the attached Declaration of Sarah Sweeton and respectfully state as follows:

1.     The Sweetons own certain non-residential real property (the "Subject Property") located in Columbia, Tennessee.

2. Pursuant to the pre-petition Lease with Delphi Automotive, the Sweetons leased the Subject Property to Delphi Automotive for use as a warehouse. A copy of the Lease is attached as an exhibit to the Declaration of Sarah Sweeton.

3. After the Debtors filed their Chapter 11 Petitions, Delphi Automotive continued to use the Subject Property in its business.

4. Pursuant to the Lease, Delphi Automotive is required to pay rent to the Sweetons on the first business day of each calendar month.

5. Delphi Automotive has not paid rent for a portion of the Subject Property (the "Premises") the month of January 2009, which was due January 2, 2009 (the "January Rent"), or rent for the month of February 2009, which was due February 2, 2009 (the "February Rent"). Additional rent comes due on the first day of each month.

6. The Sweetons seek this Court's entry of an Order, substantially in the form attached as an exhibit hereto, compelling Delphi Automotive's immediate payment of all amounts owed under the Lease, requiring Delphi Automotive to timely perform all its obligations under the Lease, including making all future monthly payments of rent and other monthly charges to the Sweetons in advance in full on or before the first day of each calendar month, pursuant to the Lease, requiring Delphi Automotive to reimburse the Sweeton for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Delphi Automotive's failure to comply with the terms of the Lease and Sections 365(d)(3) of the Bankruptcy Code, and granting such other and further relief as this Court deems just and proper.

7. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee *shall timely perform all the obligations of the debtor . . .* arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

8.  The unique position of the non-residential real property lessor during the post-petition, pre-rejection period is recognized and addressed by Section 365(d)(3) of the Bankruptcy Code and reinforced through case law. As a landlord is compelled to involuntarily continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential property lease obligations, Section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period. In Pudgie's, the United States Bankruptcy Court for the Southern District of New York strictly construed Section 365(d)(3) to hold that nonresidential real property lessors are entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

9.  The Lease provides that in the event the Sweetons are the prevailing party in any action to enforce their rights under the Lease, then the Sweetons are entitled to collect court costs, reasonable attorney's fees and all costs of collection. Accordingly, the Sweetons request that Delphi Automotive be directed to pay the attorneys' fees and costs incurred by the Sweetons in connection with filing and prosecuting this Motion.

10. In addition to the request, above, for an order compelling Delphi Automotive's performance under the Lease, the Sweetons also request that the Court order Delphi Automotive to pay the administrative expense filed by the Sweetons in the amount of $638,845.03. A true

and correct copy of the Sweetons' administrative expense request is attached as an exhibit hereto.  As set forth in greater detail in the administrative expense request, the Sweetons have performed for Delphi Automotive pursuant to certain post-petition agreements, but Delphi Automotive has not paid for the services provided.  Additionally, a portion of the administrative expense request is for damage done to the Subject Property as a result of Delphi Automotive's use of the Subject Property in its business.

11.   Section 503(a) of the Bankruptcy Code provides, in relevant part, as follows: "An entity may timely file a request for payment of an administrative expense . . . ." 11 U.S.C. § 503(a).

WHEREFORE,  Donald R. Sweeton and Sarah E. Sweeton respectfully request that the Court enter an Order substantially in the form of the proposed Order attached as an exhibit hereto, (a) compelling Delphi Automotive's immediate payment of the January Rent and February Rent, (b) requiring Delphi Automotive to reimburse the Sweetons for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to Delphi Automotive's failure to comply with the terms of the Lease and Section 365(d)(3) of the Bankruptcy Code, (c) requiring Delphi Automotive to timely perform all its obligations under the Lease, including making all future monthly payments of rent and other monthly charges to the Sweetons in advance in full on or before the first day of each calendar month, pursuant to the Lease, (d) requiring Delphi Automotive to promptly pay the administrative expense filed by the Sweetons in the amount of $638,845.03, and (e) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (admitted pro hac vice)
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
email: AMcMullen@BA-Boult.com

*Attorneys for Donald R. and Sarah E. Sweeton*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded electronically to all parties consenting to service through the Court's electronic filing system and by overnight delivery to the parties on the attached Master Service List and the following parties:

Hon. Robert D. Drain
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

on this the 26th day of February, 2009.

/s/ Austin L. McMullen
Austin L. McMullen