SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
 In re : Chapter 11
 :
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
 :
 Debtors. : (Jointly Administered)
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER CONCERNING
THE WAIVER OF APPEAL RIGHTS WITH RESPECT TO THAT CERTAIN ORDER
AUTHORIZING DEBTORS TO ENTER INTO AND IMPLEMENT THE
ACCOMMODATION AGREEMENT

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and The Collective Of Tranche C DIP Lenders,[1] Greywolf Capital Management, LP, M.D. Sass Re/Enterprise Portfolio Company, L.P., Calyon New York Branch, and the Ad Hoc Group of Tranche A & B DIP Lenders[2] (collectively, the "Objecting Lenders" and, together with the Debtors, the "Parties") agree to this Stipulation as follows:

WHEREAS on November 7, 2008, the Debtors filed their Expedited Motion For Order (I) Supplementing January 5, 2007 DIP Refinancing Order (Docket No. 6461) And Authorizing Debtors To Enter Into And Implement Accommodation Agreement With Agent And Participating Lenders And (II) Authorizing Debtors To (a) Enter Into Related Documents And (b) Pay Fees In Connection Therewith (Docket No. 14408) (the "Motion"), and thereafter filed from time to time modifications to the Accommodation Agreement that was the subject of the Motion;

WHEREAS the following parties objected to the Motion: The Collective Of Tranche C DIP Lenders (Docket Nos. 14459, 14501), Greywolf Capital Management LP (Docket No. 14460), M.D. Sass Re/Enterprise Portfolio Company L.P. (Docket No. 14464), Calyon New York Branch (Docket No. 14467), and the Ad Hoc Group of Tranche A & B DIP Lenders (Docket No. 14472);

---

[1]    As set forth in the Amended Verified Statement Of Quinn Emanuel Urquhart Oliver & Hedges, LLP, Pursuant To Fed. R. Bankr. P. 2019(a) filed on November 21, 2008 (Docket No. 14477), the Tranche C Collective consists of a group of thirty-one investment funds that hold Tranche C debt under the Debtors' DIP Facility.

[2]    As set forth in the Verified Statement Of Winston & Strawn, LLP, Pursuant To Fed. R. Bankr. P. 2019(a) (Docket No. 14472), this Ad Hoc Group consists of five lenders that hold Tranche A and B debt under the Debtors' DIP Facility.

2

WHEREAS the Court held hearings with respect to the Motion on November 24, 2008, and December 1, 2008;

WHEREAS on December 3, 2008, the Court entered the Order (I) Supplementing January 5, 2007 DIP Refinancing Order (Docket No. 6461) and Authorizing Debtors to Enter Into and Implement Accommodation Agreement with Agent and Participating Lenders and (II) Authorizing Debtors to (A) Enter Into Related Documents and (B) Pay Fees in Connection Therewith ("DIP Accommodation Order") (Docket No. 14515);

WHEREAS the Objecting Lenders have certain procedural rights with respect to the enforcement of the DIP Accommodation Order, including but not limited to the right to seek a stay, the right to appeal, and the right to seek reconsideration (collectively, the "Appellate Rights"), and have considered exercising such rights;

WHEREAS the Debtors seek to avoid the distraction and expense inherent in defending against the exercise of any of the Appellate Rights, the risk inherent in any litigation, and the uncertainty the pendency of any such proceedings may cause the Debtors, despite believing they would ultimately prevail in any such proceedings;

WHEREAS as a result of the Parties' settlement discussions and in consideration for the Objecting Lenders' settlement of their overruled objections to the Motion and waiver of Appellate Rights as set forth more fully below, the Debtors agree to pay, as an administrative expense, the Objecting Lenders' actual and reasonable costs and expenses (including attorneys' fees) incurred in connection with the Motion (including settlement discussions and related due diligence as well as preparation of and prosecution of the objections to the Motion); and

WHEREAS pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the United States Bankruptcy Court for the Southern District of New York on June 26, 2007 (the "Settlement Procedures Order"), the Debtors have the authority to settle with the Objecting Lenders pursuant to the terms set forth below, without further Bankruptcy Court approval, provided, however, that counsel to the Debtors does not receive, within ten business days of service of this stipulation in accordance with Settlement Procedures Order, a written objection or written request for additional time to evaluate the proposed settlement from a party entitled to receive such service.

NOW THEREFORE, in consideration of the foregoing, the Debtors and the Objecting Lenders stipulate and agree as follows:

1. This Stipulation shall become effective only upon the earlier of (a) the satisfaction of the required notice period set forth in the Settlement Procedures Order, including, without limitation, the absence of any objection or request for additional time submitted before the expiration of such notice period or (b) approval of this stipulation by the Court.

2. The Objecting Lenders hereby settle their objections to the Motion and waive their respective Appellate Rights (as defined above).

3. Following the Debtors' receipt of documentation evidencing the actual and reasonable costs and expenses (including attorneys' fees) incurred by the Objecting Lenders in connection with the Motion, the Debtors shall pay, as an administrative expense, such reasonable costs and expenses (including attorneys' fees).

4. This Stipulation and the settlement contemplated herein shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the state of New York without regard to conflicts of law principals.

5. The Bankruptcy Court shall have original and exclusive jurisdiction to interpret and enforce the terms of this Stipulation and to adjudicate all questions and disputes hereunder.

6. This Stipulation constitutes the entire understanding of the Parties in connection with the subject matter hereof.  This Stipulation may not be modified, altered or amended except by an agreement in writing signed by each of the affected Parties.  Any such modification, alternation, or amendment shall be subject to the terms of the Settlement Procedures Order.

7. This Stipulation is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by the Parties and their counsel.  Therefore, any ambiguous language in this Stipulation shall not be construed against any particular party as the drafter of such language.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

8. This Stipulation may be executed in any number of counterparts and by the Parties hereto in separate counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Stipulation by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Stipulation.

So Ordered in New York, New York, this 3rd day of March 2009.

        /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY BY:

| /s/ John Wm. Butler, Jr. | /s/ Susheel Kirpalani |
|---|---|
| John Wm. Butler, Jr. | Susheel Kirpalani |
| Albert L. Hogan III | James C. Tecce |
| Ron E. Meisler | Scott C. Shelley |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 333 West Wacker Drive, Suite 2100 | 51 Madison Avenue, 22nd Floor |
| Chicago, Illinois 60606 | New York, New York 10010 |
| (312) 407-0700 | Telephone: (212) 849-7000 |
| *Counsel To The Debtors* | Facsimile: (212) 849-7100 |
| | *Counsel To The Collective Of Tranche C DIP Lenders* |

6

05-44481-rdd    Doc 16401    Filed 03/03/09    Entered 03/03/09 16:15:45    Main Document
      Pg 7 of 7

| | |
|---|---|
| /s/ Ronald R. Sussman | /s/ Paul N. Silverstein |
| Ronald R. Sussman | Paul N. Silverstein |
| Jeffrey L. Cohen | Jonathan Levine |
| Richelle Kalnit | ANDREWS KURTH LLP |
| COOLEY GODWARD KRONISH LLP | 450 Lexington Avenue, 15th Floor |
| 1114 Avenue of the Americas | New York, New York 10017 |
| New York, NY 10036 | Telephone: (212) 850-2800 |
| Telephone: (212) 479-6000 | *Counsel to M.D. Sass Re/Enterprise Portfolio Company, L.P.* |
| *Counsel To Greywolf Capital Management, LP* | |
| | |
| /s/ Judith Elkin | /s/ David Neier |
| Judith Elkin | David Neier |
| HAYNES AND BOONE, LLP | Carey D. Schreiber |
| 1221 Avenue of the Americas | WINSTON & STRAWN LLP |
| 26th Floor | 200 Park Avenue |
| New York, NY 10020 | New York, New York 10166 |
| Telephone: (212) 659-7300 | (212) 294-6700 |
| *Counsel To Calyon New York Branch* | *Counsel To Ad Hoc Group of Tranche A & B DIP Lenders* |