SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

NOTICE OF CURE AMOUNT WITH RESPECT TO
EXECUTORY CONTRACT TO BE ASSUMED AND ASSIGNED IN
CONNECTION WITH THE SALE OF THE ANAHEIM PROPERTY

PLEASE TAKE NOTICE THAT:

       1.      Pursuant to the Order Under 11 U.S.C. §§ 363 And 365 And Fed. R.

Bankr. P. 2002, 6004, And 9014 (i) Approving Bidding Procedures, (ii) Granting Bid

Protection, (iii) Approving Form And Manner Of Sale Notices, And (iv) Setting Sale

Hearing Date (Docket No. 16378) (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 25, 2009, Delphi Automotive Systems LLC (the "Selling Debtor Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or "Anaheim Property") and the assignment of an executory contract relating to the Anaheim Property, free and clear of liens, claims, encumbrances, and interests.  The Selling Debtor Entity hereby provides notice (the "Notice") of its intent to assume and assign the prepetition executory contract (the "Assumed Contract") listed on Exhibit 1 hereto to the Purchaser or the Successful Bidder, as the case may be.  Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order.

        2.      On the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling Debtor Entity will pay the amount the Selling Debtor Entity's records reflect is owing for prepetition arrearages as set forth on Exhibit 1 hereto (the "Cure Amount").  The Selling Debtor Entity's records reflect that there are no postpetition amounts owing under the Assumed Contract and that there are no other defaults under the Assumed Contract.

        3.      Objections, if any, to the proposed Cure Amount must (a) be in writing, (b) state with specificity the cure asserted to be required, (c) include appropriate documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Thirteenth

2

Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered December 4, 2008 (Docket No. 14534), (e) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (f) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (g) be served in hard-copy form <u>so that they are actually received</u> within ten days of service of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Kellan Grant), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchaser, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: Mike Ryan), and (viii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto).

4.    If an objection to the Cure Amount is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at such date and time as the Court may schedule. A hearing regarding the Cure Amount, if any, may be continued at the sole discretion of the Selling Debtor Entity until after the Closing Date.

5.    If no objection is timely received, the Cure Amount set forth in Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in the Assumed Contract or any other document, and the non-Debtor party to the Assumed Contract will be deemed to have consented to the Cure Amount and will be forever barred from asserting any other claims as to such Assumed Contract against the Selling Debtor Entity, the Purchaser, or the Successful Bidder (as the case may be), or the property of either of them. The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Selling Debtor Entity's consummation of and performance under the Agreement (including the transfer of the Anaheim Property and the Assumed Contract free and clear of all Claims and Interests), if authorized by the Court.

6. Prior to the Closing Date, the Selling Debtor Entity may amend its decision with respect to the assumption and assignment of the Assumed Contract and provide a new notice amending the information provided in this Notice.

Dated: New York, New York
       March 4, 2009

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

By:   */s/ John Wm. Butler, Jr.*
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 4951)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

                   - and -

By:   */s/ Kayalyn A. Marafioti*
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

5

# EXHIBIT 1

General Motors Corporation
c/o Honigman Miller Schwartz and Cohn LLP
Frank L. Gorman & Robert B. Weiss
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3583
(Counsel for General Motors Corporation)

| Contract to be assumed/assigned: | Cure amount: |
|---|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC, the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company | $0.00 |

# EXHIBIT 1

Southern California Edison Company
601 West Fifth Street
Los Angeles, California 90071

| Contract to be assumed/assigned: | Cure amount: |
|---|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC, the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company | $0.00 |

# EXHIBIT 1

General Motors Corporation
c/o Weil, Gotshal & Manges LLP
Harvey R. Miller and Jeffrey L. Tanenbaum
767 Fifth Avenue
New York, New York 10153
(Counsel for General Motors Corporation)

| Contract to be assumed/assigned: | Cure amount: |
|---|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC, the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company | $0.00 |