SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtor. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACT TO PURCHASER IN
CONNECTION TO SALE OF ANAHEIM PROPERTY

PLEASE TAKE NOTICE THAT:

      1.    Pursuant to the Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146

And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II)

Granting Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV)

Setting Sale Hearing Date (Docket No. 16378) (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 25, 2009, Delphi Automotive Systems LLC (the "Selling Debtor Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or "Anaheim Property") and the assignment of an executory contract relating to the Anaheim Property, free and clear of liens, claims, encumbrances, and interests.  Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order.

2. Pursuant to the terms of the Agreement and subject to completion of a competitive bidding process described in the Bidding Procedures Order and the attachments thereto, the Selling Debtor Entity will seek to assume and assign the Assumed Contract listed on Exhibit 1 hereto to the Purchaser at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on March 24, 2009 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

3. Objections, if any, to the assumption and assignment of the Assumed Contract to the Purchaser must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

Administrative Procedures, entered December 4, 2008 (Docket No. 14534), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form <u>so they are actually received</u> within ten days after the date of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Kellan Grant), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchaser, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: Mike Ryan), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:  Brian Masumoto).

4.	If an objection to the assumption and assignment of the Assumed Contract is timely filed and received, a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such other date and time as the Court may schedule. If no objection is timely filed and received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims as to such Assumed Contract, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Selling Debtor Entity or the Purchaser, or the property of either of them.

5.	Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Cure Amount set forth in the Cure Notice will be paid in accordance with the terms of the Sale Approval Order. Further, there is adequate assurance of the Purchaser's future performance under the executory contract to be assumed and assigned because of the significant resources of the Purchaser.

6. Prior to the Closing Date, the Selling Debtor Entity may amend its decision with respect to the assumption and assignment of the Assumed Contract and provide a new notice amending the information provided in this Notice.

Dated: New York, New York
March 4, 2009

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: */s/ John Wm. Butler, Jr.*
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

- and -

By: */s/ Kayalyn A. Marafioti*
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

5

# EXHIBIT 1

General Motors Corporation
c/o Honigman Miller Schwartz and Cohn LLP
Frank L. Gorman & Robert B. Weiss
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3583
(Counsel for General Motors Corporation)

| Contract to be assumed/assigned: |
|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC, the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company |

# EXHIBIT 1

Southern California Edison Company
601 West Fifth Street
Los Angeles, California 90071

| **Contract to be assumed/assigned:** |
|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC,  the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company |

# EXHIBIT 1

General Motors Corporation
c/o Weil, Gotshal & Manges LLP
Harvey R. Miller and Jeffrey L. Tanenbaum
767 Fifth Avenue
New York, New York 10153
(Counsel for General Motors Corporation)

| **Contract to be assumed/assigned:** |
|---|
| Assignment and Assumption dated December 10, 1998, by and between Delphi Automotive Systems LLC and General Motors Corporation, which, among other things, assigns to Delphi Automotive Systems LLC, the License and Permit dated October 2, 1952 between General Motors Corporation and Southern California Edison Company |