# **<u>EXHIBIT B</u>**

EXECUTION VERSION

### AMENDMENT NO. 5 TO GM-DELPHI AGREEMENT

AMENDMENT NO. 5, dated as of March 3, 2009 (this "Amendment"), among DELPHI CORPORATION, a Delaware corporation (the "Borrower"), a debtor and debtor-in-possession in a case pending under Chapter 11 of the Bankruptcy Code, and the subsidiaries of the Borrower signatory hereto (each a "Guarantor" and collectively the "Guarantors"), each of which Guarantors is a debtor and debtor-in-possession in a case pending under Chapter 11 of the Bankruptcy Code (the cases of the Borrower and the Guarantors, each a "Case" and collectively, the "Cases"), and GENERAL MOTORS CORPORATION ("GM").

### RECITALS:

WHEREAS, the Borrower, the Guarantors and GM have previously entered into that certain agreement, dated as of May 9, 2008 and as amended by that certain (i) Amendment No. 1 effective as of October 6, 2008, (ii) Amendment No. 2 effective as of December 12, 2008, (iii) Amendment No. 3 effective as of January 30, 2009 and (iv) Amendment No. 4 dated as of February 27, 2009 (as such may be further amended or otherwise modified, the "GM-Delphi Agreement");

WHEREAS, Delphi is seeking certain accommodations from the DIP Lenders; and

WHEREAS, the Borrower, the Guarantors and GM wish to enter into this Amendment to amend the GM-Delphi Agreement as set forth herein.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. Defined Terms. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the GM-Delphi Agreement.

2. Amendments. Subject to the terms and conditions set forth herein, effective as of the Effective Date (as defined below), Section 1.01 of the GM-Delphi Agreement is hereby amended as set forth below:

(a) The definition of "Fifth Amendment Effective Date" is hereby added in alphabetical order to Section 1.01 to read as follows:

"Fifth Amendment Effective Date" shall have the meaning set forth for the term "Effective Date" set forth in that certain Amendment No. 5 to the GM-Delphi Agreement, dated as of March 3, 2009, by and between GM and the Borrower.

(b) The definition of "Tranche B Commitment" is hereby amended and restated in its entirety to read as follows:

"Tranche B Commitment" shall mean the commitment of GM to make loans from time to time (a) from and after October 1, 2008 and prior to November 1, 2008 in an aggregate outstanding principal amount not to exceed $200,000,000, (b) from and after November 1, 2008 and prior to the Fourth Amendment Effective Date in an aggregate outstanding principal amount not to exceed $300,000,000, (c) from and after the Fourth Amendment Effective Date and prior to the Fifth Amendment Effective Date in an aggregate

outstanding principal amount not to exceed $350,000,000; *provided* that on the Fourth Amendment Effective Date, the First Earlier PFP shall be converted into, and deemed for all purposes under this Agreement to be, Tranche B Loans in accordance with Section 12(d) of the GM-Delphi Pull-Forward Agreement and Section 2.14 hereof, and (d) from and after the Fifth Amendment Effective Date in an aggregate outstanding principal amount not to exceed $450,000,000.

3.  Conditions to Effectiveness of this Amendment.  This Amendment shall become effective on the first date on which each of the following conditions precedent are satisfied (or otherwise waived by GM in its sole discretion) on or before March 24, 2009 (the "Effective Date"):

(a)  Execution of Amendment.  This Amendment shall have been executed by the Borrower and each of the Guarantors.

(b)  Documents and Certificates.  GM shall have received such documents and certificates as GM or its counsel may reasonably request relating to the organization, existence and good standing of the Borrower and each of the Guarantors, the authorization of the transactions under this Amendment and any other legal matters relating to the Borrower and each of the Guarantors, this Amendment or the transactions contemplated hereunder, all in form and substance reasonably satisfactory to GM and its counsel.

(c)  No Default.  (i) No Event of Default or event which upon notice or lapse of time or both would constitute an Event of Default shall have occurred and be continuing under the GM-Delphi Agreement and (ii) no Automatic Accommodation Termination Default and no Accommodation Default, and no event which upon notice or lapse of time or both would constitute an Automatic Accommodation Termination Default or an Accommodation Default, shall have occurred and be continuing under the Accommodation Agreement, in each case, unless such event has been waived or amended by the DIP Lenders and (iii) no amendments or other modifications to the DIP Credit Agreement with the effect of reducing the aggregate commitments or amounts available thereunder (except in accordance with the terms of the Accommodation Agreement) shall have become effective.

(d)  Fees and Expenses.  GM shall have received the payment by the Borrower of all fees and expenses referred to herein and in the GM-Delphi Agreement.

(e)  GM Board Approval.  GM's board of directors shall have taken all necessary corporate action to approve this Amendment and the increase of the Tranche B Commitment to an aggregate principal amount of no less than $450,000,000.

(f)  Steering Option Milestones.  The Borrower shall have timely achieved each of the milestones set forth in Sections 3(a)-(d) of that certain Global Steering Business Option Exercise Agreement by and between GM and the Borrower dated March 3, 2009.

(g)  President's Designee Approval.  The President's Designee (as such term is defined in that certain Loan and Security Agreement by and between GM and The United States Department of the Treasury, dated as of December 31, 2008, as may be amended from time to time (the "GM-Treasury LSA")), shall have not notified GM, on or before March 23, 2009 that the increase in the Tranche B Commitment to $450,000,000 is not permitted in accordance with the terms of the GM-Treasury LSA.

(h)  Approval Order.  The Bankruptcy Court shall have entered an order, on or before March 24, 2009, approving this Amendment (the "Approval Order"), which Approval Order (i) shall

authorize extensions of credit hereunder up to an aggregate principal amount of $450,000,000, (ii) shall authorize the payment by the Borrower of all fees and expenses provided for herein and in the GM-Delphi Agreement and (iii) shall be in form and substance acceptable to GM.

4.  Representations and Warranties.  The Borrower and each Guarantor hereby represents and warrants to GM, on and as of the date hereof, both prior to and after giving effect to this Amendment, (i) the Borrower and each Guarantor has taken all necessary action to authorize the execution, delivery and performance of this Amendment, (ii) this Amendment has been duly executed and delivered by the Borrower and each Guarantor, respectively, and (iii) this Amendment is the legal, valid and binding obligation of the Borrower and each Guarantor, enforceable against it in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally and by general equitable principles.

5.  Continuing Effect; Guaranties.

    (a)  Except as expressly set forth in this Amendment, all of the terms and provisions of the GM-Delphi Agreement are and shall remain in full force and effect and the Borrower and each Guarantor shall continue to be bound by all of such terms and provisions.  The Amendment provided for herein is limited to the specific provisions of the GM-Delphi Agreement specified herein and shall not constitute an amendment of, or an indication of GM's willingness to amend or waive, any other provisions of the GM-Delphi Agreement or the same sections for any other date or purpose.

    (b)  The Borrower and each Guarantor hereby consents to this Amendment, including all increases in commitments and extensions of additional credit pursuant hereto and the execution, delivery and performance of the other documents (if any) to be executed in connection herewith.  The Borrower and each Guarantor hereby acknowledges and agrees that all of its obligations, including all Guaranties granted to GM under the GM-Delphi Agreement, are reaffirmed and that such Guaranties shall continue in full force and effect on and after Effective Date to secure and support the Obligations of the Borrower and the Guarantors.

6.  Expenses.  The Borrower and each Guarantor jointly and severally agree to pay and reimburse GM for all its reasonable out-of-pocket costs and expenses incurred in connection with the negotiation, preparation, execution and delivery of this Amendment, and other documents prepared in connection herewith, and the transactions contemplated hereby, including, without limitation, reasonable fees and disbursements and other charges of counsel to GM.

7.  Choice of Law.  This Amendment and the rights and obligations of the parties hereto shall be governed by, and construed and interpreted in accordance with the law of the State of New York.

8.  Counterparts.  This Amendment may be executed in any number of counterparts and by different parties and separate counterparts, each of which when so executed and delivered, shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Amendment by facsimile or e-mail shall be effective as delivery of a manually executed counterpart of this Amendment.

9.  Integration.  This Amendment, together with the GM-Delphi Agreement, incorporates all negotiations of the parties hereto with respect to the subject matter hereof and is the final expression and agreement of the parties hereto with respect to the subject matter hereof.

10.  Severability.  In case any provision in this Amendment shall be invalid, illegal or unenforceable, such provision shall be severable from the remainder of this Amendment and the validity,

legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

      11.    <u>Waiver of Jury Trial</u>.  Each of the parties hereto irrevocably waives trial by jury in any action or proceeding with respect to this Amendment and the GM-Delphi Agreement.

[SIGNATURE PAGES FOLLOW]

05-44481-rdd    Doc 16411-2    Filed 03/04/09    Entered 03/04/09 21:56:50    Exhibit B
Pg 6 of 6

**[SIGNATURE PAGES OMITTED]**