UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                    :    Chapter 11
:
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
:
                      Debtors.     :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER AUTHORIZING DEBTORS TO ENTER FOURTH AMENDMENT AND FIFTH
AMENDMENT TO ARRANGEMENT WITH GENERAL MOTORS CORPORATION

("GM ARRANGEMENT FOURTH AND FIFTH AMENDMENT APPROVAL ORDER")

        Upon the motion, dated March 4, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order approving the fourth and fifth amendments to the arrangement with General Motors Corporation, which arrangement was approved pursuant to the Second DIP Extension Order (Docket No. 13489); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered December 4, 2008 (Docket No. 14534), and no other or further notice being necessary; and the Court having held a hearing on the Motion on March ____, 2009 (the "Hearing"); and upon the record of the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Motion is hereby GRANTED in its entirety.

3. The Debtors are hereby authorized, but not directed, to execute, deliver, and perform their obligations under the amended GM Arrangement,[1] as modified by Amendment No. 4 to GM-Delphi Agreement (the "Fourth Amendment Agreement") substantially in the form attached hereto as <u>Exhibit A</u> and Amendment No. 5 to GM-Delphi Agreement (the "Fifth Amendment Agreement") substantially in the form attached hereto as <u>Exhibit B</u> (as so amended, the "Fifth Amended GM Arrangement"). Without limiting the foregoing, such authorization shall include authorization for Delphi to receive, pursuant to section 364(b) of the Bankruptcy Code, advances of up to $450,000,000 pursuant to the terms of the Fifth Amended GM Arrangement and to pay any and all fees and expenses provided for by the Fifth Amended GM Arrangement. The Second DIP Extension Order is hereby deemed amended by replacing Exhibit B thereto with the Fifth Amended GM Arrangement, and all provisions of the Second DIP Extension Order (as supplemented by the GM Arrangement Amendment Approval Order (Docket No. 14289)) applicable to the form of Delphi-GM Agreement (as defined in the Second DIP Extension Order) attached thereto, and all other documentation executed in connection therewith shall be deemed to apply to the Fifth Amended GM Arrangement.

4. Without limiting the generality of the foregoing, upon effectiveness of the Fourth Amendment Agreement and the Fifth Amendment Agreement, GM and its relevant Affiliates (as

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

defined in the Fifth Amended GM Arrangement, the "GM Affiliates") shall have (a) allowed claims with administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code against Delphi and the Guarantors (as defined in the Fifth Amended GM Arrangement) for all Obligations (as defined in the Fifth Amended GM Arrangement, the "GM Arrangement Obligations") owing to GM or any applicable GM Affiliates and (b) all other rights under the Fifth Amended GM Arrangement, including, without limitation, the ability to exercise the right to set off and apply, subject to the terms of the Fifth Amended GM Arrangement, any indebtedness or liabilities owing by GM or the GM Affiliates to or for the credit or the account of Delphi or the GM Guarantors against any and all GM Arrangement Obligations of Delphi or the GM Guarantors without the need to seek additional modification of the automatic stay imposed pursuant to section 362 of the Bankruptcy Code and without further order of the Court.

5. Notwithstanding anything to the contrary in the Fifth Amended GM Arrangement, (a) neither GM nor any GM Affiliates shall exercise any Set-Off Right (as defined in the Fifth Amended GM Arrangement) with respect to any GM Arrangement Obligations (except with respect to any prepayments due and payable under Section 2.09 of the Fifth Amended GM Arrangement) against any amounts payable by GM or any GM Affiliate (other than amounts payable by GM or the GM Affiliates to or for the credit or the account of any of the Debtors under the Master Restructuring Agreement and the Global Settlement Agreement (as each such term is defined in the Fifth Amended GM Arrangement)) to or for the credit or the account of any of the Debtors (or defer, delay, or suspend the payment of any other amounts payable by GM or any GM Affiliates to or for the credit or the account of any of the Debtors) until after the DIP Termination Date (as defined in the Fifth Amended GM Arrangement) and (b) until after the DIP Termination Date, the Debtors shall not make any payment to GM or any GM Affiliates with

respect to the GM Arrangement Obligations (except (i) with respect to any prepayments due and payable under Section 2.09 of the Fifth Amended GM Arrangement, whether in cash or through any Set-Off Right (as defined in the Fifth Amended GM Arrangement) exercised by GM, (ii) interest to the extent paid in kind under Section 2.05(b) of the Fifth Amended GM Arrangement, and (iii) any GM Arrangement Obligations paid through any Set-Off Right (as defined in the Fifth Amended GM Arrangement) exercised by GM against amounts payable by GM or GM Affiliates to or for the credit or the account of any of the Debtors pursuant to the Global Settlement Agreement or Master Restructuring Agreement as permitted under the Fifth Amended GM Arrangement).

6.    Each of the Fourth and Fifth Amendment Agreements has been negotiated in good faith and at arm's-length between the Debtors and GM, and all of the GM Arrangement Obligations as authorized by this order have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all provisions of this order, the Fourth Amendment Agreement, or the Fifth Amendment Agreement are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien (including any rights of setoff of GM or any GM Affiliate permitted by the Fourth Amendment Agreement, the Fifth Amendment Agreement, and this order) or claim authorized or created hereby or thereby.  Notwithstanding any such modification, amendment, or vacation, any claim granted to GM or any GM Affiliate hereunder, under the Fourth Amendment Agreement, or under the Fifth Amendment Agreement arising prior to the effective date of such amendment, modification, or vacation shall be governed in all respects by the original provisions of this order, the Fourth Amendment Agreement, or the Fifth

Amendment Agreement, as the case may be, and GM and the GM Affiliates shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

7.     A sound business purpose exists for the Debtors to incur all obligations under each of the Fourth Amendment Agreement and the Fifth Amendment Agreement in accordance with the requirements of 11 U.S.C. § 363(b).

8.     In the event of any inconsistency between the provisions of this order and either the Fourth Amendment Agreement or the Fifth Amendment Agreement, the provisions of this order shall govern.

9.     This Court shall retain jurisdiction to enforce and implement the terms and provisions of the Fourth Amendment Agreement and the Fifth Amendment Agreement in all respects.

10.    Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated:  New York, New York
          March ___, 2009

                                          UNITED STATES BANKRUPTCY JUDGE