**Proposed Hearing Date:  March 11, 2009 at 10:00 a.m. (prevailing Eastern Time)**
**Proposed Objection Date:  March 10, 2009 at 4:00 p.m. (prevailing Eastern Time)**

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

– and –

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 641-0060
Facsimile:  (312) 641-6959

Attorneys for Delphi Salaried Retirees Association
and Other Non-Union Salaried Retirees of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------x | Chapter 11 Case No. 05-44481 (RDD) |
| In re: | (Jointly Administered) |
| DELPHI CORPORATION, et. al., | |
| Debtors. | |
| ------------------------------------------------x | |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO RETIREES'**
**EXPEDITED MOTION FOR STAY PENDING APPEAL**

The Delphi Salaried Retirees Association ("DSRA") and other non-union salaried retirees

of Debtors (collectively "Delphi Retirees"), file this motion ("Motion to Shorten Notice") for an

order pursuant to 11 U.S.C. §§ 102(1), 105(a), 1114[1] and Rules 8005 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") shortening the notice required by the case management order in these Chapter 11 cases (the "Case Management Order") with respect to the Delphi Retirees' Expedited Motion for Stay Pending Appeal (the "Motion for Stay"). A copy of the Motion for Stay is submitted and has been filed contemporaneously herewith.

For the reasons set forth herein and supported by the Declaration of Neil Goteiner, a copy of which is attached hereto, the relief requested is warranted and necessary. In support of this Motion to Shorten Notice, the Delphi Retirees respectfully represent as follows:

### Background

1. On February 4, 2009 Debtors filed a motion seeking to eliminate all subsidies for retiree benefit plans and programs for non-union salaried retirees effective April 1, 2009. [Docket No. 14705.] Debtors argued they did not need to comply with Section 1114 because they retained the right to amend or terminate the retiree benefits outside of bankruptcy, and therefore Section 1114 did not apply. *Id.* at ¶¶ 46-48. They further argued that, because Section 1114 did not apply to amendable benefits, no official committee of retirees should be appointed pursuant to Section 1114(d). *Id.* ¶ 49.

2. In response, three groups of retirees and approximately 1,500 individually affected retirees opposed the Termination Motion. In addition, the retirees who filed the Original Motion to Appoint Section 1114 Committee renewed their motion, and several other retirees also sought the appointment of an official Section 1114(d) Committee. [Docket Nos. 14882 (incorporating Docket No. 874), 14886, 15283, 16297.]

3. Debtors again objected to the motions to appoint a retirees committee, this time on the grounds that Section 1114 does not apply to employee retiree benefit plans and programs

---

[1] All further statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

that Debtors reserved the right to amend or modify, and therefore no Committee should be appointed.  [Docket No. 16327, ¶¶ 33-42.]

4.    The Court heard argument on February 24, 2009.  At the hearing, the Court concluded that the protections of Section 1114 do not apply to employee benefit plans and programs that may be unilaterally modified or terminated outside of bankruptcy, and therefore that no Section 1114(d) Committee need be appointed.  The Court thus granted the Debtors' motion and authorized the Debtors' to terminate – as soon as April 1, 2009 – all subsidies for amendable retiree benefit plans and programs.

5.    The Court issued its written ruling on February 25, 2009.  [Docket No. 16380.]  Although the Court authorized a limited retiree committee, the committee's limited purpose is to (a) gather and present evidence that the benefits of any individual or group of retirees have vested, and (b) meet and confer with the Debtors concerning preserving access to replacement benefits or to negotiate consensual modifications of the Court's order with Delphi in return for giving up (on behalf of all retirees) the right to appeal.  The Committee was ordered to produce a report to the Court on these issues no later than March 6, 2009.

6.    The Committee was appointed on February 26, 2009, and engaged counsel on February 27, 2009, exactly one week before the report concerning the investigation into whether any of the approximately 15,000 non-union salaried retirees have vested as opposed to amendable benefits.  [Docket No. 16384.]

7.    On March 4, 2009, the Delphi Retirees filed a Notice of Appeal of that portion of the Court's order (1) concluding that the protections of Section 1114 do not apply to amendable employee retiree benefit plans and programs, (2) refusing to appoint a full-purpose official retiree committee pursuant to Section 1114(d), and (3) authorizing Debtors to terminate **all** non-union salaried retiree benefit plans and programs unless any individual or group of retirees could establish that their benefits are vested.  [Docket No. 16404.]

8.    Contemporaneously with this Motion to Shorten Notice, the Delphi Retirees filed their Motion to Stay.

**Relief Requested**

9. By this Motion to Shorten Notice, the Delphi Retirees seek entry of an order, substantially in the form annexed hereto (the "Proposed Order"), shortening the notice required to be provided with respect to the Motion to Stay under the Case Management Order so as to allow a hearing on the Motion to Stay to take place at the already scheduled hearing in these cases on March 11, 2009 at 10:00 a.m.

**Cause Exists To Shorten Notice With Respect To The Motion To Stay**

10. Bankruptcy Rule 8005 provides that a motion for stay of a Bankruptcy Court order pending appeal of that order should ordinarily be made in the first instance to the Bankruptcy Court issuing the ordered appealed. Fed. R. Bankr. Proc. 8005. No specific procedure is required to make a motion to stay, and, in particular, no hearing is necessarily required.

11. In the event the Court determines that a hearing on the Delphi Retirees' Motion to Stay is necessary under these circumstances, Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, "for cause shown," to reduce the notice period required for a hearing of a motion. Fed. R. Bankr. Proc. 9006(c); L. Bankr. R. 9006-1.

12. The Delphi Retirees respectfully assert that there is cause (indeed necessary cause) to reduce the notice period so as to allow a hearing on the Motion to Stay to take place during the already-scheduled hearing in these cases on March 11, 2009.

13. The Court's Case Management Order requires 20 days' notice for hearings on motions in these cases. As noted above, the Court's February 25 Order authorizes the Debtors to terminate all subsidies for retiree benefit plans and programs for non-union salaried retirees effective April 1, 2009. If the Delphi Retirees must wait 20 days for the Court to determine their Motion to Stay, and the Court is not inclined to grant the Motion, that would not provide sufficient time for the retirees to seek a stay in the District Court before the Delphi Retirees' benefits are terminated.

14. Accordingly, it is necessary that the Delphi Retirees' Motion to Stay be heard at the first available opportunity, on March 11, 2009.

## Memorandum of Law

15. The legal points and authorities upon which this Motion to Shorten Notice relies are incorporated herein, and therefore, the Delphi Retirees respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## No Prior Request

16. No prior motion for the relief sought herein has been made by the Delphi Retirees to this or any other court.

WHEREFORE the Delphi Retirees respectfully request that this Court enter an order in the form attached hereto granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated:     San Francisco, California
           March 6, 2009

Attorneys for Delphi Salaried Retirees Association
and Other Non-Union Salaried Retirees of Debtors

By:     */s/ Neil A. Goteiner*
        Neil A. Goteiner

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
ngoteiner@fbm.com

-and-

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Facsimile: (312) 641-6959
tcornell@stahlcowen.com