**Proposed Hearing Date: March 11, 2009 at 10:00 a.m. (prevailing Eastern Time)**
**Proposed Objection Date: March 10, 2009 at 4:00 p.m. (prevailing Eastern Time)**

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

– and –

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 641-0060
Facsimile:  (312) 641-6959

Attorneys for Delphi Salaried Retirees Association
and Other Non-Union Salaried Retirees of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------x | Chapter 11 Case No. 05-44481 (RDD) |
| In re: | (Jointly Administered) |
| DELPHI CORPORATION, et. al., | |
| Debtors. | |
| ------------------------------------------------x | |

24292\1886763.1

**DECLARATION OF NEIL A. GOTEINER IN SUPPORT OF
MOTION TO SHORTEN NOTICE WITH RESPECT TO RETIREES'
EXPEDITED MOTION FOR STAY PENDING APPEAL**

I, Neil A. Goteiner, declare as follows:

1. I am an attorney admitted to practice law in the State of California and the State of New York and before the United States District Court for the Southern District of New York.

2. I am familiar with the matters set forth herein and make this Declaration in support of the Motion of the Delphi Salaried Retirees Association ("DSRA") and other non-union salaried retirees of Delphi Corporation and its affiliated debtor entities (collectively "Delphi Retirees") to Shorten Notice with Respect to Retirees' Expedited Motion for Stay Pending Appeal ("Motion to Shorten Notice").

3. Bankruptcy Rule 8005 provides that a motion for stay of a Bankruptcy Court order pending appeal of that order should ordinarily be made in the first instance to the Bankruptcy Court issuing the ordered appealed. Fed. R. Bankr. Proc. 8005. No specific procedure is required to make a motion to stay, and, in particular, no hearing is necessarily required. *Id.*

4. In the event the Court determines that a hearing on the Delphi Retirees' Motion to Stay is necessary under these circumstances, Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, "for cause shown," to reduce the notice period required for a hearing of a motion. Fed. R. Bankr. Proc. 9006(c); L. Bankr. R. 9006-1.

5. The Delphi Retirees respectfully assert that there is cause (indeed necessary cause) to reduce the notice period so as to allow a hearing on the Motion to Stay to take place during the already-scheduled hearing in these cases on March 11, 2009.

6. On February 25, this Court authorized the Debtors to terminate all subsidies for amendable retiree benefit plans and programs, effective April 1, 2009, without complying with 11 U.S.C. § 1114(e). The Delphi Retirees have filed an appeal of that Order and have asked that the appeal be expedited in the United States District Court for the Southern District of New

3

York. Even if the appeal is expedited, however, it will not be possible to have the appeal heard and decided before the Delphi Retirees' benefits are terminated. Thus, a short stay of the Court's February 25 Order is necessary to avoid irreparable harm to the Delphi Retirees.

7. The Court's Case Management Order requires 20 days' notice for hearings on motions in these cases. If the Delphi Retirees must wait 20 days for the Court to determine their Motion to Stay, and the Court is not inclined to grant the Motion, that would not provide sufficient time for the retirees to seek a stay in the District Court before the Delphi Retirees' benefits are terminated.

8. Accordingly, it is necessary that the Delphi Retirees' Motion to Stay be heard at the first available opportunity, on March 11, 2009.

I declare under penalty of perjury pursuant to the laws of the United States, the State of New York and the State of California that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   San Francisco, California
         March 6, 2009

*/s/ Neil A. Goteiner*
NEIL A. GOTEINER