UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                                  :

In re                               :        Chapter 11

**DELPHI CORPORATION, et al.,**    :        Case No. 05-44481 (RDD)

                       Debtors.  :        Jointly Administered

------------------------------ x

### THIRD SUPPLEMENTAL AFFIDAVIT OF
### KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS AND
### ADVISORY AND VALUATION SERVICES ADVISORS TO THE DEBTORS

STATE OF ILLINOIS    )
                            ) ss:
CITY OF CHICAGO    )

    I, Gary A. Silberg, being duly sworn, state the following is true and correct to the best of my knowledge, information and belief:

    1.    I am a Certified Public Accountant and a Partner of KMPG LLP ("KPMG"), a professional services firm. KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this third supplemental affidavit (the "Third Supplemental Affidavit") on behalf of KPMG in connection with the services provided by KPMG to Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), in order to inform the parties and the Court that KPMG is modifying its ethical screening procedures with respect to the two

professionals identified below.[1] This Third Supplemental Affidavit hereby incorporates by reference (i) the Affidavit of Patrick N. Karpen, sworn to on February 9, 2006 (the "Original Affidavit"), filed in support of the application dated February 14, 2006, pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for authorization to retain KPMG as tax and transaction services advisors to the Debtors, effective nunc pro tunc to October 8, 2005, (ii) the First Supplemental Affidavit of Gary A. Silberg, sworn to on April 20, 2006 (the "First Supplemental Affidavit"), and (iii) the Second Supplemental Affidavit of KPMG LLP as Tax Services Advisors to the Debtors, sworn to on July 10, 2006 (the "Second Supplemental Affidavit").

2. As disclosed in the Original Affidavit, KPMG provides services to General Motors Corporation ("GM"), directly or on behalf of its counsel. As further described in the Original Affidavit, out of an abundance of caution, KPMG instituted procedures so that professionals who provide services to the Debtors will not provide services to GM, or share information concerning the Debtors with professionals providing services to GM.

3. During the course of these bankruptcy proceedings, more than three hundred different KPMG professionals have provided services to Delphi. KPMG has identified two professionals for which KPMG believes the ethical screen may be removed:

> **Brian Hogan** has provided services to the Debtors in connection with fresh-start accounting, as well as accounting for impairment and discontinued operations. He has billed a total of 895 hours to the Debtors, and last provided services to the Debtors in August 2007.

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Original Affidavit, the First Supplemental Affidavit, or the Second Supplemental Affidavit (each as defined below).

**Daniel Gary** has provided accounting assistance to the Debtors in connection with the impairment of goodwill and long-lived assets, the tax impact of valuation issues and fresh-start accounting. He has billed a total of 966 hours to the Debtors, and last provided services to the Debtors in April 2008.

Neither of the two persons identified above is currently providing services to the Debtors or is expected to provide services to the Debtors in the future.

4. Should any of these individual provide services to GM, such services will not involve a matter adverse to the Debtors nor involve any confidential information of the Debtors. None of these persons will share information concerning the Debtors with professionals providing services to GM. As such, the use of these professionals for services to be provided to GM will not cause KPMG to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest.

5. KPMG will continue to maintain the ethical screen described in the Original Affidavit. Should any of these individuals provide services to the Debtors in the future, such person would not provide services to GM or share information concerning the Debtors with professionals providing services to GM.

6. KPMG has informed the Debtors of its intention to remove the ethical screen with respect to these two individuals, and the Debtors have informed KPMG that they have no objection to KPMG doing so.

7. KPMG continues to not hold or represent an interest adverse to the estates that would impair KPMG's ability to objectively perform professional services for the Debtors. KPMG continues to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

8. This Third Supplemental Affidavit is provided in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

_____
Gary A. Silberg
Partner, KPMG LLP

Sworn to before me this
9 day of March, 2009.

_____
Notary Public

LARINDA E. BROWN
MY COMMISSION EXPIRES
AUGUST 31, 2010
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS