IN THE UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK

------------------------------ x
                               :
   In re                      :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :
                       Debtors.    :    (Jointly Administered)
                               :
------------------------------ x

# AFFIDAVIT OF PUBLICATION OF ERIN OSTENSON IN THE WALL STREET JOURNAL (NATIONAL)

# AFFIDAVIT

**STATE OF TEXAS** )
) ss:
**CITY AND COUNTY OF DALLAS** )

I, Erin Ostenson, being duly sworn, depose and say that I am

Publisher of THE WALL STREET JOURNAL, a daily natio[nal]

circulation throughout the United States, and that the Notice

been regularly published in THE WALL STREET JOURNA[L]

for <u>one</u> insertion(s) on the following date(s): <u>February 27, 20[09]</u>

<u>Corporation, et al.</u>; and that the foregoing statements are true

my knowledge.

*E. Ostenson*

Sworn to before me this
<u>2nd</u> day of <u>March, 2009</u>.

_____
Notary Public

ALBERT FOX
Notary Public, State of Texas
My Commission Expires
February 15, 2012

RECEIVED
MAR 0 4 2009
KURTZMANCARSONCONSULTANTS

pires and before he is fully vested in all his retirement bene- composite trading of the New York Stock Exchange.

# Vitamin Company Settles Texas Case for $6 Million

BY SUZANNE SATALINE

Mannatech Inc. will pay $6 million and its founder will pay $1 million to settle the Texas attorney general's allegations that the company made false claims about the health benefits of its vitamins and supplements.

Mannatech agreed to pay $4 million in restitution to people who bought the products and $2 million to pay for the state's investigation.

In an unusual aspect of the agreement, Sam Caster, the company's founder, former chairman and biggest shareholder, will pay a $1 million civil penalty and is barred from serving as an officer, director or employee of the company for five years.

The company and Mr. Caster didn't admit wrongdoing. Mr. Caster "denied any wrongdoing," said Bill Jones, a lawyer for Mr. Caster. "Nor was there any wrongdoing."

Texas Attorney General Greg Abbott filed suit in 2007, accusing the Coppell, Texas, company of exaggerating the therapeutic benefits of its nutritional products. Marketing material falsely claimed that Mannatech's supplements, especially its big seller Ambrotose, could cure or treat Down syndrome, cystic fibrosis, cancer and other serious diseases, the state alleged. The company's annual sales conference featured testimonials from several of its freelance sales representatives, attesting to the benefits of the products. The company was the subject of a page-one article in The Wall Street Journal in 2007.

Mannatech Chief Executive Wayne Badovinus said Thursday that the company changed its marketing practices before the lawsuit was filed. "Clearly there were things on the Internet, testimonials that were taken, that were inappropriate," he said in an interview. "The company has been compliant for at least 19 months."

Mr. Caster is barred for five years from engaging in multilevel marketing programs, which reward freelance sales representatives for the sales of people they recruit. Mr. Caster resigned as Mannatech chairman earlier this month. He continues to serve as an unpaid adviser to Mr. Badovinus.

# Sears Markdowns Crimp Net

Continued from page B1

counters such as **Target** Corp. and home-improvement stores, including **Lowe's** Cos.

There were some positive signs for Sears in Thursday's report, including improved adjusted earnings for Kmart, which benefited from the popularity of its layaway payment plan among credit-strapped consumers, and sales at the Lands' End division, a strong online presence.

Sears, which has scant debt compared with other retailers, has enough liquidity to survive the downturn, analysts say.

Still, cash of more than $4 billion it possessed at the end of 2006 has dwindled to $1.3 billion, giving Mr. Lampert fresh urgency to meld his two fading retail icons into something more profitable. Sears faces a critical test in March 2010, when its current $4 billion credit line expires.

Sears's transformation has been made more difficult by the retailer's fruitless 13-month-long search to find a new chief executive to lead the company after the board forced out Aylwin Lewis, a former fast-food-chain executive. Company veteran W. Bruce Johnson has served as interim CEO ever since.

One chief executive of a multibillion-dollar business said he was repeatedly wooed by Mr. Lampert, but had no interest in the job because of Mr. Lampert's tight control. "You have to be comfortable with the notion that he's going to [effectively] be the chairman and CEO." Sears declined to comment.

—Joann S. Lublin and Mary Ellen Lloyd contributed to this article.

counsel at the address and telephone number set forth below.

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: New York, New York, February 18, 2009    BY ORDER OF THE COURT
DIAMOND McCARTHY LLP, Howard D. Ressler, Stephen T. Loden, COUNSEL FOR SHEILA M. GOWAN, ESQ., CHAPTER 11 TRUSTEE FOR DREIER LLP, 620 Eighth Avenue, 39th Floor, New York, New York 10018, Telephone: (212) 430-5400, Facsimile: (212) 430-5499

## NOTICE OF SALE

Delphi Legal Information Hotline:    Delphi Legal Information Website:
Toll Free: (800) 718-5305    http://www.delphidocket.com
International: (248) 813-2698
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                          ) Chapter 11
DELPHI CORPORATION, et al.,    ) Case No. 05-44481 (RDD)
    Debtor.                    ) (Jointly Administered)

NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION
PLEASE TAKE NOTICE THAT:
1. Pursuant to the **Order Under 11 U.S.C. §§ 363, 365, 1123, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protection, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date** (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 25, 2009, Delphi Automotive Systems LLC (the "Selling Debtor Entity") has entered into a Real Property Purchase Agreement (the "Agreement") with Birtcher Anaheim Magnolia Avenue LLC (the "Purchaser") for the purchase of approximately 21.6 acres and located in Anaheim, California (the "Acquired Asset" or "Anaheim Property") and agreed to assign an executory contract relating to the Anaheim Property, free and clear of liens, claims, encumbrances, and interests. Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order.
2. All interested parties are invited to make an offer to purchase the Anaheim Property in accordance with the terms and conditions approved by the Bankruptcy Court (the "Bidding Procedures") by **4:00 p.m.** (prevailing Eastern time) on **March 9, 2009**. Pursuant to the Bidding Procedures, the Selling Debtor Entities may conduct an auction for the Anaheim Property (the "Auction") beginning at **10:00 a.m.** (prevailing Eastern time) on **March 13, 2009**, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 or 333 West Wacker Drive, Chicago, Illinois 60606.
3. Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order. A copy of the Bidding Procedures is available by contacting the undersigned counsel to the Selling Debtor Entity or by accessing Delphi's Legal Information Website, www.delphidocket.com.
4. A hearing to approve the Sale of the Anaheim Property to the highest and best bidder will be held on **March 24, 2009** at **10:00 a.m.** (prevailing Eastern time) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, before the Honorable Robert D. Drain, United States Bankruptcy Judge. The hearing on the Sale may be adjourned without notice other than an adjournment in open court.
5. Objections, if any, to the proposed Sale must be filed and served in accordance with the Bidding Procedures Order, and **actually received** no later than **4:00 p.m.** (prevailing Eastern time) on **March 17, 2009**.
6. This notice is qualified in its entirety by the Bidding Procedures Order.
Dated: New York, New York, February 25, 2009    BY ORDER OF THE COURT
John Wm. Butler, Jr. (JB 4711), John    Kayalyn A. Marafioti (KM 9632),
K. Lyons (JL 4951), Ron E. Meisler      Thomas J. Matz (TM 5986),
(RM 3026), SKADDEN, ARPS, SLATE,        SKADDEN, ARPS, SLATE, MEAGHER
MEAGHER & FLOM LLP, 333 West            & FLOM LLP, Four Times Square,
Wacker Drive, Suite 2100, Chicago,      New York, New York 10036, (212)
Illinois 60606, (312) 407-0700          735-3000
Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

## NOTICE OF PUBLIC SALE
Property to be Sold

The collateral to be sold consists of the following types of cash assets: CMO (69), Automobile ABS (1), CDO(7), CMBS (18), Credit Linked Notes (5), Student Loan ABS (3), and Home Equity ABS (95).

The collateral will be sold at public sales on Tuesday, March 3, 2009 at 11:00 a.m. (EST); Wednesday, March 4, 2009 at 11:00 a.m. (EST); Wednesday, March 4, 2009 at 2:00 p.m. (EST); Thursday, March 5, 2009 at 11:00 a.m. (EST) and Thursday, March 5, 2009 at 2:00 p.m. (EST).

Location of Sale. The sale will be held at 600 Travis Street, Suite 5800, Houston, Texas 77002.

To Place a Bid or for Additional Information. In addition to any other terms or limitations, please be advised that the sale of the securities referenced above may be made only to the best bidder who is also a qualified bidder and may be subject to a reserve level.

If you are interested in bidding on the securities referenced above or for additional information, including a detailed list of the securities to be sold, qualified bidder status and to obtain copies of an Investor Representation and Confidentiality Agreement and a bid sheet, contact Peter Badger, Ansel Eshelman, or Lee Olver with Sanders Morris Harris at Lee.Olver@smhgroup.com or (713) 993-4652.

Disclaimer. The Bank of New York Mellon Trust Company, National Association as trustee (the "Trustee") is authorized at such sale, if the Trustee deems it advisable or is required by applicable law to do so: (i) to restrict the prospective bidders on or purchasers of any of the above identified securities to be sold to those who will represent and agree that they are purchasing for their own account for investment and not with a view to the distribution or resale of any of such assets, (ii) to verify that each certificate for each security to be sold that has not been registered under the Securities Act of 1933 bears a legend substantially to the effect that such security has not been registered under the Securities Act of 1933 and may not be disposed of in violation of the provisions of said Act, (iii) to disclaim and to refuse to give any warranty (other than as to title), and (iv) to impose such other limitations or conditions in connection with any such sale as the Trustee deems necessary or advisable.

