**Exhibit A**

# DELPHI

February 26, 2009

To Delphi Health and Life Program Participants

As we advised in our letter dated February 5, 2009, the US Bankruptcy Court conducted a hearing on February 24, 2009 concerning Delphi's motion seeking to terminate certain health care and life insurance benefits for retirees ("OPEB "). At the conclusion of the hearing, during which the Bankruptcy Court considered evidence submitted by the company and counsel for three retiree groups (as well as the objections filed by over 1,600 individual retirees), the Bankruptcy Court provisionally approved Delphi's motion to cease providing OPEB after March 31, 2009. The Court also authorized Delphi to immediately begin the administrative process to implement these modifications.

The information package we recently sent to you is the first step in the administrative process. Included in that mailing was the election kit and forms that you will need to complete and submit if you wish to continue health care coverage on a self-pay basis or convert your life insurance coverage to a personal policy. ***If you wish to continue your coverages on a self-pay basis, you must complete and return those forms as directed in the instructions in that packet.***

***Please note that if you filed a timely objection to Delphi's Salaried OPEB Termination Motion, the completion and return of those forms will not waive any rights that you may have to appeal the Bankruptcy Court's decision. Your appellate rights are governed exclusively by the Bankruptcy Code and Bankruptcy Rules. You should consult a qualified lawyer regarding your appellate rights, if any.***

At the February 24 2009 hearing, the Bankruptcy Court ruled that "at will" (or discretionary, unvested) benefits can be modified or terminated by Delphi without the company following any further procedures under the Bankruptcy Code. But, on the other hand, if any benefits were determined to be "vested" (or contractual) benefits, Delphi would not be able to modify or terminate those benefits without taking additional steps that have not yet been completed. Based on the evidence presented at the hearing, the Bankruptcy Court provisionally determined that the OPEB Benefits at issue are "at will." However, the Court ordered the appointment of a Retirees' Committee for the primary purpose of determining whether the Retirees' Committee can establish to the Court's satisfaction that any of the affected programs involve "vested" (or contractual) OPEB Benefits as opposed to "at will" (or discretionary, unvested) OPEB Benefits.

The Bankruptcy Court scheduled a hearing on March 11, 2009 to finalize its provisional ruling unless the Retirees' Committee is able to establish that certain retirees should be excluded from the ruling because their benefits were "vested" (or contractual) benefits. The Retirees' Committee also was given other limited responsibilities to meet and confer with Delphi.

***Delphi expects that the Retirees' Committee will have been appointed by the time that you receive this mailing. Once appointed, Delphi will post the names of the Retirees' Committee's members and counsel (and their contact information) on [www.delphidocket.com](www.delphidocket.com). If you believe that you have evidence that the OPEB Benefits that you are receiving are "vested" (or contractual) benefits as opposed to "at will" (or discretionary, unvested) benefits, you should contact the Retirees' Committee at your earliest convenience. Please note that neither the Retirees' Committee nor its counsel are ERISA fiduciaries under the relevant benefit plans, and will not be making any benefit determinations.***

Delphi Corporation



0544481090228000000000001