Honorable Robert D. Drain
United States Bankruptcy Court
For the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

February 14, 2009

Attn: General Counsel
Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Attn: John Wm. Butler, Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Attn: Donald Bernstein and Brian Resnick
Davis Polk & Wardell
450 Lexington Avenue
New York, New York 10017

Attn: Robert J. Rosenberg and Mark A. Broude
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

Attn: Bonnie Steingart
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
Ew York, New York 10004

Attn: Brian Masumoto
Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004

## IN RE: Delphi Corporation, et al., Debtors
## Chapter 11 Case No. 05-44481 (RDD)
## (Jointly Administered)

**"NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. SS 105, 363(b)(1), AND 1108 CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR SURVIVING SPOUSES"**
*********************************************************************************************

### OBJECTION TO THE ABOVE MENTIONED MOTION:

This letter serves as an <u>Objection</u> to the above mentioned Motion, the first and only documentation I have received regarding Delphi's status with reorganization, etc.

My first objection is the time span from when I received this Motion to the time given to respond with an objection. I was out of town, and arrived home on February 12th 2009, and although it arrived at my home on February 5th 2009, I did not receive it until February 12th when I returned to my home. The Motion stated we had to reply by February 17th which allowed only

11 days to acquire representation and to compose an objection and mail in order for all seven recipients to receive by Feb. 17th. As such, it gave me only 4 days to do so, and only two working days, as Sunday, there is no mail delivery, and Monday was a holiday. Not enough time to retain an attorney, if desired for representation, and to post this objection.

<u>The Motion does not state what actions my objection would generate if I did make an objection.</u>

As a hired employee of Lucas Industries, Inc on November 2, 1981, part of my hiring package consisted of a Company paid retirement account, "Rule of 85" medical benefits package and a retirement salary of a portion of my retire date salary. After approximately 11 years' service with Lucas, they acquired a 401k plan in which we could transfer Lucas' Company paid retirement account monies to the 401k, and Lucas continued to contribute to the account as our <u>Company paid retirement package</u>. Sometime in the 1990's, Lucas merged with Varity Corporation, and we became known as Lucas Varity, at which time, they guaranteed us that our benefits would not be touched, they would remain as they were with Lucas Industries Inc. employees; <u>and they did</u>. A couple of years as Lucas Varity, TRW Corporation bought Lucas Varity, so we were TRW for a short period of time, then they decided to sell the diesel division to Delphi Automotive, continually guaranteeing that our benefits would not be affected, <u>which they weren't</u>. We were "Grandfathered" in for the benefits, as stated with the original policy with Lucas Ind. Inc., <u>so we were told, up to the date I retired</u>. (As Lucas employees were hired later on in the late 1980's, they were not given the retirement package and Rule of 85 benefits.)

I retired from Delphi Diesel Systems on December 16, 2001, at which time my length of service was twenty (20) years and 1 ½ months. I was fully vested in the retirement plan and was "Grandfathered" in under the guidelines of the "Rule of 85" medical plan, which simply stated that the Company would pay 100% of our medical premium if we reached 85, the number of years' service with the Company added to our age at the time of retirement. I had reached 80, which meant that my Company paid medical benefit would be reduced by a percentage that the Company paid and I would pay the difference which resulted in my paying 17% of my first years' medical premium. (Year 2 and thereafter would result in my paying 50% of any additional increases in the medical premium per month.)

The above mentioned Motion does not address this (Lucas) policy or benefits that were guaranteed to us when purchased by Delphi Automotive. According to the Motion, Delphi became separated from GM Corporation on January 1, 1999 at which time they purchased the diesel division from the then titled company of TRW, and we became known as Delphi Diesel Systems, a wholly separate entity form Delphi Automotive and we were guaranteed that our <u>previous and current</u> benefits would remain intact.

The Motion refers to ("Preliminary Statement, page 2, on Page 3, footnote #2, last sentence) the Delphi Diesel Systems Division with four (4) current retired employees and 87 active Delphi Diesel employees including 31 hourly and 17 timesheet employees which totals **<u>4 retired and 135 active employees eligible for future retirement benefits would be affected by the relief of this Motion.</u>**

Of the 4 persons retired from Delphi Diesel Systems, of which I am one, only 3 are covered under the "Rule of 85" incorporated by Lucas Industries. There is no mention of any

Pg 3 of 3

other <u>retired</u> employees affected by this Motion in any other divisions, as I believe there are no other retired persons from <u>Delphi Corporation</u> (as they are now titled) eligible to receive benefits from the Company, if there were any in place.  Footnote #3 on page 3 of the "Preliminary Statement" states that the Corporation reserves the right to amend, modify, suspend or terminate the Program in whole or in part at any time, etc........  I can understand this for current active employees, that they can change their policies at will, but for <u>already retired persons receiving benefits</u>, of which there are only 3 from Delphi Diesel Systems, this should not be applicable.  Delphi Automotive did not have the Rule of 85 that Lucas Industries Inc had.  If Delphi became a wholly separate company from GM in 1999, it is unlikely they would have anyone old enough (65 plus) to retire from the company currently in 2009, eligible to receive Medicare and/or Social Security, as it is only 10 years time span.  And, if they took on long term, GM employees, I don't know if they had a retirement plan in effect.

So, this Motion seems, (I am not a lawyer and not qualified to fully understand this legalese) to <u>affect only the Delphi Diesel Systems retired employees</u> and the active Delphi Diesel Systems employees who are covered by the "Grandfathered" Lucas policies who are soon to retire as noted on page 3, footnote #2.  The amount of monies saved by terminating the retired persons benefits would be a drop in the bucket for Delphi and not really beneficial to them.

It is an assault to our being to take away our medical benefits as promised to us when we were first hired by the Company that we gave 20 years or more, loyal service to.  I urge you to consider these pleas and to not go ahead and approve this Motion to terminate the retirement benefits for long term Lucas/LucasVarity/TRW/Delphi Diesel Systems employees.  The active employees of Delphi Corporation will continue to receive benefits, but we will not.  Please reconsider and do not approve this Motion.

Thank you for taking the time to read this.

Sincerely,


Joan Wyatt
Retiree of Delphi Diesel Systems

Home address:
    1285 E Avenida Ellena
    Casa Grande, AZ  85222
        Home Tele #   520-421-1440
        Cell #   480-375-0292
        Email:  magnolia507@aol.com