SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
    In re                           :        Chapter 11
                                :
DELPHI CORPORATION, et al.,      :        Case No. 05-44481 (RDD)
                                :
                  Debtors.   :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' UNOPPOSED APPLICATION UNDER 11 U.S.C. § 107(b) AND
FED. R. BANKR. P. 9018 FOR ORDER AUTHORIZING PARTIES TO FILE UNDER
SEAL CERTAIN MATERIALS DESIGNATED FOR INCLUSION IN RECORD ON APPEAL
FROM BANKRUPTCY COURT'S ORDER UNDER 11 U.S.C. §§ 105, 363(b), 1108 and 1114(d) (I)
PROVISIONALLY CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID
POST-RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE
INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND
THEIR SURVIVING SPOUSES, (II) DIRECTING APPOINTMENT OF COMMITTEE OF RETIRED
EMPLOYEES WITH LIMITED SCOPE, AND (III) SETTING MARCH 11, 2009 FINAL HEARING AND
BANKRUPTCY COURT'S FINAL ORDER UNDER 11 U.S.C. §§ 105, 363(b), 1108 AND 1114(d) (I)
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-RETIREMENT
HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT LIFE INSURANCE
BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B) RETIREES AND THEIR
SURVIVING SPOUSES AND (II) AMENDING SCOPE AND ESTABLISHING DEADLINE FOR
<u>COMPLETION OF RETIREES' COMMITTEE'S RESPONSIBILITIES</u>

("UNOPPOSED APPLICATION TO FILE APPELLATE RECORD ITEMS UNDER SEAL")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby submit this Unopposed Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Parties To File Under Seal Certain Materials Designated For Inclusion In Record On Appeal From Bankruptcy Court's Order Under 11 U.S.C. §§ 105, 363(b), 1108 and 1114(d) (I) Provisionally Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses, (II) Directing Appointment Of Committee Of Retired Employees With Limited Scope, And (III) Setting March 11, 2009 Final Hearing and Final Order Under 11 U.S.C. §§ 105, 363(b), 1108 and 1114(d) (I) Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses, And (II)

Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities (the "Application"), and respectfully represent as follows:

Preliminary Statement

1. On February 4, 2009, the Debtors filed their Motion For Order Under 11 U.S.C. §§ 105, 363(b), and 1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses (Docket No. 14705) (the "Salaried OPEB Termination Motion"). Over 1500 docketed and undocketed objections were filed or received in connection with the Salaried OPEB Termination Motion – the vast majority from *pro se* retirees who would be affected by the relief sought. Three separate objections were filed by individual groups of retirees represented by counsel (Docket Nos. 14765, 14819, 14822). The United Auto Workers filed a limited objection to the Salaried OPEB Termination Motion (Docket No. 14822). Furthermore, certain individual retirees and groups of retirees represented by counsel filed motions for order under 11 U.S.C. § 1114(d) for the appointment of an official committee to represent retirees not covered by a collective bargaining agreement. (*See e.g.* Docket Nos. 14882, 14886)[1] (collectively, the "Objectors").

2. In relevant part, the Objectors argued that the protections afforded in Section 1114 of the Bankruptcy Code were applicable to Debtors' efforts to terminate the benefits under the salaried OPEB plans, and that those benefits had vested; therefore, Debtors did not have the unilateral, contractual right to terminate those benefits. Objectors also argued that communications

---

[1] The Official Committee of Unsecured Creditors also filed a statement in connection with the Salaried OPEB Termination Motion. (Docket No. 14881).

by Debtors to individuals that gave those individuals a reasonable belief that future benefits would vest defeats any claim that Debtors have a contractual right to unilateral termination.

        3.        After receiving testimony, considering documents and other exhibits submitted in support of the parties' respective pleadings, and following argument at the February 24, 2009 hearing, this Court provisionally granted the Salaried OPEB Termination Motion as set forth in its Order Under 11 U.S.C. §§ 105, 363(b), 1108 and 1114(d) (I) Provisionally Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses, (II) Directing Appointment Of Committee Of Retired Employees With Limited Scope, And (III) Setting March 11, 2009 Final Hearing, dated February 25, 2009 (Docket No. 16380) (the "Provisional Salaried OPEB Termination Order").  After receiving testimony, considering documents and other exhibits submitted in support of the parties' respective pleadings, and following argument in the final hearing on March 11, 2009, this Court granted the Salaried OPEB Termination Motion as set forth in its Final Order Under 11 U.S.C. §§ 105, 363(b), 1108 and 1114(d) (I) Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried Employees And (B) Retirees And Their Surviving Spouses, And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final Salaried OPEB Termination Order," and, collectively with the Provisional Salaried OPEB Termination Order, the "Orders").

        4.        On March 4, 2009, Objectors filed a notice of appeal from this Court's Provisional Salaried OPEB Termination Order (Docket No. 16404).  On March 13, 2009,  Objectors filed a notice of appeal from this Court's Final Salaried OPEB Termination Order  (Docket No.

16458) (collectively, the "Notice of Appeals"). Objectors filed with the Clerk of the Bankruptcy Court its Designation Of Record And Statement Of Issues On Appeal (the "Provisional Record Designation Motion") and designated 38 documents submitted by the parties to this Court in connection with the Salaried OPEB Termination Motion. (Docket No. 16420). <u>See</u> Fed. R. Bankr. P. 8001, 8002, 8006. The Objectors also designated approximately 1500 objections and other filings related to the Salaried OPEB Termination Motion. <u>Id.</u> In response, the Debtors are filing concurrently with this Application a Designation of Record, designating an additional 54 documents in connection with the Objectors' appeals.

5.      Nine items, designated D-26 through D-34, in the Debtors' proposed record designations include specific strategic and economic information that is not publicly available and would be considered confidential commercial information under Federal Rule of Civil Procedure 26(c)(7) and Bankruptcy Rules 7026 and 9018. These certain materials consist of presentations upon which the Delphi Board of Directors based their business judgment in determining that the Salaried OPEB benefits should be terminated. Furthermore, these documents outlined ongoing negotiations and future strategic actions the Debtors were considering at the time of the presentations. On February 19th and 20th of 2009, (prior to the exchange of discovery in this matter), the parties executed a stipulation and agreed protective order that provides, in relevant part, that the parties "shall not reveal or discuss [Confidential Information] to or with any person" who is not a party to the agreement, and further expressly provides that

> [i]f documents, materials, or information (including portions of deposition transcripts) designated as Confidential . . . are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those provisions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

(Stipulation And Agreed Protective Order, dated February 19, 2009 (Docket Nos. _____ ), ¶¶ 5, 7, 12.)

## Relief Requested

6.  Although the procedure for appeals taken from the bankruptcy court to the district court has been amended, Local Bankr. R. 8007–1 provides in relevant part that "a party filing a designation of items to be included on a record on appeal shall cause to be filed on the CM/ECF system, unless previously filed, a copy of each item designated and attached to the designation."[2] As Bankruptcy Rules 8006 and 8007 also indicate, the Clerk of the Bankruptcy Court retains control over the record on appeal until such time as the record is transmitted to the Clerk of the District Court or, if a United States District Judge has been assigned to hear the appeal, to that district judge. See Fed. R. Bankr. P. 8006, 8007(b), 8009; S.B.N.Y. Gen'l Ord. M-242 ("Revised Electronic Filing Procedures") Ex. 1, at 7–8; In re W.T. Grant Co., 432 F. Supp. 105, 106–07 (S.D.N.Y. 1977) (discussing allocation of record-related responsibility between bankruptcy and district courts under former Bankruptcy Rule 806, and noting that Federal Rule of Appellate Procedure 10(e), upon which Bankruptcy Rule 8006 is modeled, favors settlement of such disputes by court in which record was created, but concluding that given particular procedural posture of case that it would be "pointless" to remand for a decision by the bankruptcy court); In re Adelphia Comm'n. Corp., Nos. 02–B–41729 (REG), 06 Civ. 4983 (JGK), 2007 WL 4615604, at \*1 (S.D.N.Y. Dec. 26, 2007) ("After a notice of appeal has been filed, bankruptcy courts do retain jurisdiction to decide issues different from those on appeal.") (citing In re Emergency Beacon Corp., 58 B.R. 399,

---

[2] Subdivision (b) of LR 8007-1 concerns documents of unusual bulk or weight and physical exhibits, and thus is not applicable here.

05-44481-rdd    Doc 16466    Filed 03/16/09    Entered 03/16/09 14:29:23    Main Document
Pg 7 of 11

402-03 (Bankr. S.D.N.Y. 1986) and <u>In re Action Redi-Mix Corp.</u>, No. 03 Civ. 9583, 2005 WL 1337259, at *2 (S.D.N.Y. June 7, 2005)); <u>see also</u> Fed. R. App. P. 10(e)(1), 2(a)–(b).

    7.  In light of the confidential information contained in certain materials designated as highly confidential record items for purposes of the Objectors' appeal, the Debtors have filed this Application pursuant to 11 U.S.C. § 107(b) and Bankruptcy Rule 9018, seeking entry of an order (a) releasing the parties from their obligation under Local Rule 8007–1 from filing on this Court's CM/ECF system a copy of items D-26 through D-34 designated for the record on appeal, to the extent that the rule remains in force, (b) directing the parties to provide the Court with the designated record items D-26 through D-34, and (c) directing the Clerk of the Bankruptcy Court to place under seal a copy of the highly confidential record items D-26 through D-34 when the record in this matter is complete for purposes of appeal.

    8.  Counsel for Objectors have agreed to this Application, and have expressly authorized the Debtors to represent to the Court that they have no objection to the filing of this Application.

Basis For Relief

    9.  Certain confidential documents designated D-26 through D-34 by the Debtors in connection with this appeal contain specific and highly sensitive business terms, financing information, and evaluations of critical business relationships. If publicly disclosed, the release of this information would detrimentally affect the ability of the Debtors to negotiate transactions necessary to provide the capital required for the Debtors to successfully emerge from Chapter 11. Public disclosure of this confidential commercial information likewise would affect the Debtors' ability to negotiate terms and prices with auto industry OEM customers and suppliers, thus affecting the ability of the Debtors to remain competitive going forward.

10. Moreover, given the extremely competitive nature of the automotive industry and the economic stress the automotive sector is currently undergoing, public disclosure of the confidential financing and customer and supplier information contained in the aforementioned designated record items would place the Debtors at a disadvantage vis-à-vis their respective business competitors and supplier base. It is thus of the utmost importance to the Debtors that this non-public information included in those certain record materials be kept confidential so that competitors, customers, and suppliers may not use the information contained therein to gain a strategic marketplace advantage.

Applicable Authority

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect parties or other entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> > protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. In addition, Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code. It provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

13. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28

(2d Cir. 1994). A party seeking the sealing of information is required to show only that the information is confidential and commercial. Id. at 28. The bankruptcy court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

14. Here, there is good cause for the relief requested, because the confidential presentations designated by the Debtors at D-26 through D-34 for inclusion in the appellate record contain specific financing and liquidity information, evaluations of supplier and OEM business relationships, and discussions of related commercially sensitive matters, the disclosure of which would be harmful to the Debtors. The confidential information, including negotiation strategies and go-forwards, most certainly qualifies as "confidential research, development, or commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Accordingly, this Court is authorized to permit the parties to file these certain record designations with this Court pursuant to General Order M-242, and also permits the United States Bankruptcy Clerk for the Southern District of New York, or the parties to this appeal, if requested, to file and transmit the certain record designations under seal.

15. Because redacting the confidential information contained within designated record items D-26 through D-34 would eliminate virtually all information within the documents, the parties seek to file these specific nine record items under seal.

16. To preserve the public's presumptive right of access to the courts, while at the same time protecting the parties' legitimate interest in the confidentiality of sensitive commercial information (much of which was not filed on this Court's public docket), the parties propose to file under seal these only these nine highly sensitive documents containing confidential information.

See Fed. R. Bankr. P. 9018, 9037(c), (e); United States v. Amodeo, 71 F.3d 1044, 1048–50 (2d Cir. 1995); Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 158–61 (S.D.N.Y. 2003).

17. No prior application for the relief requested herein has been made to this or any other Court.

### Notice Of Application

18. Bankruptcy Rule 9018 does not mandate that notice be given to any party-in-interest. Given the specific nature of the relief requested in this Application, particularly in light of the fact that the Debtors have discussed this application with counsel for the Objectors, who have indicated that they do not oppose the Application, no other or further notice is or should be necessary. Nevertheless, the Debtors will serve a copy of this Application in accordance with the Tenth Supplemental Order Under 11 U.S.C §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 12487) and the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (Docket No. 2883).

### Memorandum Of Law

19. Because the legal points and authorities upon which this application relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, the Debtors respectfully request that their Application be granted, and that this Court enter an order: (a) releasing the Debtors from their obligation under Local Rule 8007–1 from filing on this Court's CM/ECF system a copy of items designated D-26 through D-34 for the record on appeal; (b) directing the Debtors to provide the Court with copies of the designated record items D-26 through D-34; (c) directing the Clerk of the Bankruptcy Court to place under seal a copy of the confidential designated record items D-26 through D-34 when the record in this matter is complete for purposes of appeal; and (d) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         March 16, 2009

                            SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                   By:  /s/  John Wm. Butler, Jr.
                       John Wm. Butler, Jr.
                       Albert L. Hogan III
                       Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

                      - and -

                   By: /s/  Kayalyn A. Marafioti
                       Kayalyn A. Marafioti
                       Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession