**Hearing Date: March 17, 2009 at 10:00 a.m. (prevailing Eastern Time)**

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480


– and –


Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 641-0060
Facsimile:  (312) 641-6959

Attorneys for Delphi Salaried Retirees Association
and Other Non-Union Salaried Retirees of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------------------x<br>:<br>In re:                           :<br>:<br>DELPHI CORPORATION, et. al.,    :<br>:<br>    Debtors.            :<br>:<br>:<br>---------------------------------------------------x | Chapter 11 Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |


**DELPHI SALARIED RETIREES ASSOCIATION REPLY IN SUPPORT OF
EXPEDITED MOTION FOR STAY PENDING APPEAL**

Good cause exists for granting a short stay of the Court's Order declining to appoint an

official retiree committee pursuant to Section 1114(d) of the Bankruptcy Code, 11 U.S.C.

§ 1114(d),[1] and allowing Debtors to terminate all subsidies for amendable retiree benefit plans and programs without complying with Section 1114(e).  The Debtors' Opposition to the stay provides no sound justification for denying a short 90-day stay pending an expedited appeal of the Court's order.  The stay should be granted.

## ARGUMENT

### A.    The Balancing Of The Relevant Factors Weighs Decidedly In Favor Of Granting A Stay.

Contrary to the Debtors' assertion that the Delphi Retirees must satisfy all four prongs of the Second Circuit's balancing test for granting a stay pending appeal, "the Second Circuit has never articulated such a rigid rule of law."  *ACC Bondholder Group v. Adelphia Commc'ns Corp.* (*In re Adelphia*), 361 B.R. 337, 346-47 (S.D.N.Y. 2007), *citing Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993).  Rather, the Second Circuit "consistently treats the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed."  *Id.* at 347.  Here, the balance of the four factors weighs decidedly in favor of granting a short stay.

First, the Delphi Retirees will suffer irreparable injury if a stay is not granted.  *Hirschfeld*, 984 F.2d at 39.  Section 1114(d) requires bankruptcy courts to order "the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits," as has happened here.  11 U.S.C. § 11114(d).  Further, Section 1114(e) prohibits a debtor from modifying or terminating retiree benefits without complying with Sections 1114(f) and (g), which cannot be done until a retiree committee is appointed to serve as the authorized representative.  *Id.* § 1114(d), (e), (f), (g).  The Court's February 25 Order denied the appointment of an official retiree committee under Section 1114(d), and thus the Delphi Retirees have no "authorized representative" to represent them in their negotiations with the Debtors over the Debtors' intended termination of retiree benefits.  The Court's Order also authorized the

---

[1]  All further statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Debtors' to terminate such retiree benefits effective April 1, 2009.  Because the appeal from the Court's February 25 Order – even if expedited – will not be heard and decided by April 1, 2009, the Delphi Retirees' appeal of the denial of their request for an official retiree committee will be mooted if a stay is not granted.  In addition to the severe monetary harm that would befall the individual retirees, living on a fixed income who will suddenly have to pay the costs of continued health coverage, the loss of their right to appeal the denial of the appointment of an official retiree committee would be the "quintessential form of prejudice" to the Retirees.  *In re Country Squire*, 20 B.R. 182, 183 (2d Cir. 1996), *quoting Lutin v. Advanced Mining Systems, Inc.*, 173 B.R. 467, 469 (S.D.N.Y. 1994).

Second, the Debtors will not suffer any **substantial injury** if a stay is granted.  *Hirschfeld*, 984 F.2d at 39.  True, the Debtors will be required to continue subsidizing the retiree benefits pending the stay, but continuation of an expense that Debtors have been paying since inception of the bankruptcy case does not amount to a "substantial injury."  More importantly, if the Delphi Retirees' appeal is unsuccessful, the Debtors' will be entitled to terminate the benefits and avoid incurring any further expense.

Third, the Delphi Retirees have demonstrated a substantial possibility of success on appeal.  *Id.*; *In re Adelphia*, 361 B.R. at 346 & n.32 (*Hirschfeld* provides the standard for determining whether stay pending appeal is appropriate).  The Delphi Retirees need not establish that they have a substantial **likelihood** of success on appeal, but only that they have a substantial **possibility** of success.  Clearly, the Delphi Retirees have satisfied this burden.  As the Court itself points out, there is conflicting authority on whether Section 1114 applies to amendable retiree benefits, and the issue has never been addressed by any Circuit Court.  [Modified Bench Ruling, Docket No. 16443, at 4.]  Thus, there is a substantial **possibility** that an appellate court in the Second Circuit would follow *In re Farmland Indus.*, 294 B.R. 903 (Bankr. W.D. Mo. 2003) and conclude that Section 1114 applies to **all** retiree benefits in bankruptcy.  Moreover, the Second Circuit "has granted a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant."  *Mohammed*, 309 F.3d at 101.

Fourth, the public interest favors granting a short stay in this case.  *Hirschfeld*, 984 F.2d at 39.  Section 1114 was passed because Congress recognized the public policy behind protecting health benefits for retirees – the class of creditors least able to protect themselves in a bankruptcy proceeding.  As the Delphi Retirees argued in their opening brief, since the inception of the case, the Debtors have resisted appointment of an official retiree committee on the ground that they did not intend to terminate retiree benefits.  Because the Debtors filed their motion with virtually no notice, and the notice they did provide was severely flawed, a short delay in implementation of the Court's February 25 Order is merited in order to protect the very class of creditors Section 1114 is designed to protect.

**B.**    **No Bond Should Be Required.**

The Court's February 25 Order is not a money judgment, and thus no supersedeas bond is required.  Rather, it is within the Court's discretion to require a supersedeas bond to be posted.  Fed. R. Bankr. Proc. 8005.

Requiring the Delphi Retirees to post a $20 million bond in order to obtain a short stay pending appeal of the Court's Order would be tantamount to denying the stay, and the Court should decline to require such a bond.

## CONCLUSION

The Delphi Retirees respectfully request that this Court enter an order in the form attached to their Expedited Motion to Stay granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated:        San Francisco, California
              March 16, 2009

                              Attorneys for Delphi Salaried Retirees Association
                              and Other Non-Union Salaried Retirees of Debtors


                     By:    ____*/s/ Neil A. Goteiner*_____
                            Neil A. Goteiner

Neil A. Goteiner (NG 1644)
Dean M. Gloster, *Pro Hac Vice* (pending)
Kelly A. Woodruff, *Pro Hac Vice* (pending)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
ngoteiner@fbm.com

   -and-

Trent P. Cornell, *Pro Hac Vice* (pending)
Jon D. Cohen, *Pro Hac Vice* (pending)
STAHL COWEN CROWLEY LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone:  (312) 641-0060
Facsimile:  (312) 641-6959
tcornell@stahlcowen.com