# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 11681
(TESA AG)

1

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Tesa AG ("Tesa AG") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11681 (Tesa AG) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 18, 2005, Tesa AG submitted a demand to the Debtors asserting a reclamation claim in the amount of $105,196.77[1] (the "Reclamation Demand").

WHEREAS, on July 27, 2006 Tesa AG filed proof of claim number 11681 against DAS LLC, asserting an unsecured non-priority claim in the amount of $2,075,890.16 and a secured claim in the amount of $151,257.61 (the "Claim") arising from the sale of goods.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452)(the "Third Omnibus Claims Objection").

WHEREAS, on November 21, 2006 Tesa AG filed a Response By Tesa AG AG To Third Omnibus Claims Objection (Docket No. 5637) (the "Response").

---

[1] The reclamation demand letter estimated the value of goods subject to reclamation to be of no less than €250,000 (subject to conversion to U.S. dollars at the appropriate exchange rate).

WHEREAS, on January 5, 2009, to resolve the Third Omnibus Claims Objection with respect to the Claim, DAS LLC and Tesa AG entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, (i) DAS LLC acknowledges and agrees that the Claim shall be allowed in the amount of $1,837,259.20 and shall be treated as a general unsecured non-priority claim against the estate of DAS LLC and (ii) Tesa AG acknowledges and agrees to withdraw its reclamation demand with prejudice.

WHEREAS, Tesa AG is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and Tesa AG stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $1,837,259.20 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. Tesa AG shall withdraw its Response to the Third Omnibus Claims Objection with prejudice.

3. The reclamation demand submitted by Tesa AG to the Debtors on or about October 18, 2005 is hereby withdrawn with prejudice.

So Ordered in New York, New York, this ___ day of March, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Matthew P. Morris |
| John Wm. Butler, Jr. | Matthew P. Morris |
| John K. Lyons | LOVELLS LLP |
| Ron E. Meisler | 590 Madison Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER | New York, New York 10022 |
|   & FLOM LLP | (212) 909 0600 |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, Illinois  60606-1285 | Attorneys for Tesa AG |
| (312) 407-0700 | |

- and –

   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4