# Exhibit A

Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 11603
<u>(FREUDENBERG-NOK GENERAL PARTNERSHIP)</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and Freudenberg-NOK General Partnership ("FNGP") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 11603 (Freudenberg-NOK General Partnership) (the "Joint Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 27, 2006, FNGP filed proof of claim number 11603 against Delphi, asserting a secured claim in the amount of $358,851.00, an unsecured non-priority claim in the amount of $60,066.20, and a priority claim in the amount of $80,742.02, for an aggregate asserted claim in the amount of $499,659.22 (the "Claim") arising from the sale of goods.

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

WHEREAS, on August 9, 2007, FNGP filed its Response Of Freudenberg-NOK General Partnership To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8993) (the "Response").

WHEREAS, on December 17, 2007, FNGP filed its Supplemental Response Of Freudenberg-NOK General Partnership And Freudenberg-NOK, Inc. To (I) Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims And (II) Debtors' Statement Of Disputed Issues With Respect To Proof(s) Of Claim Numbers 11602 And 11603 (Freudenberg-NOK, Inc. And Freudenberg-NOK General Partnership) (Docket No. 11487) (the "Supplemental Response").

WHEREAS, on January 29, 2008, the Debtors filed the Cure Notice With Respect To Executory Contract To Be Assumed Or Assigned Under Plan Of Reorganization (Docket No. 12375) (the "Cure Notice").

WHEREAS, On February 8, 2008, FNGP (on behalf of itself and its affiliate Freudenberg & Co. Kommanditgesellsch) filed its Objection To The Cure Notice (Docket No. 12571) (the "Cure Notice Objection").

WHEREAS, on November 10, 2008, to resolve the Nineteenth Omnibus Claims Objection with respect to the Claim, Delphi and FNGP entered into a settlement agreement (the "Settlement Agreement").

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and

3

agrees that the Claim shall be allowed against DAS LLC in the amount of $90,000.00.

WHEREAS, DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and FNGP stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $90,000.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

2. FNGP shall withdraw its Response and Supplemental Response to the Nineteenth Omnibus Claims Objection with prejudice.

3. Nothing in this Joint Stipulation shall be deemed a settlement of matters relating to the Cure Notice and the Cure Notice Objection.

4. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made after the date of this Joint Stipulation on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which FNGP is a party.

So Ordered in New York, New York, this ____ day of March, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Ralph E. McDowell |
| John Wm. Butler, Jr. | Ralph E. McDowell |
| John K. Lyons | David J. Nowaczewski |
| Ron E. Meisler | BODMAN LLP |
| SKADDEN, ARPS, SLATE, MEAGHER | 6th Floor at Ford Field |
| & FLOM LLP | 1901 St. Antoine Street |
| 333 West Wacker Drive, Suite 2100 | Detroit, Michigan  48226 |
| Chicago, Illinois  60606-1285 | (313) 393-7592 |
| (312) 407-0700 | |
| | Attorneys for Freudenberg-NOK General Partnership |

- and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession