UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                   :

     In re                               :        Chapter 11
                                                   :
DELPHI CORPORATION, et al.,          :        Case No. 05-44481 (RDD)
                                                   :
                      Debtors.     :        (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER DENYING RETIREES' MOTION FOR STAY PENDING APPEAL

        Upon the motion dated March 6, 2009 (the "Motion to Stay") filed by the Delphi Salaried Retirees Association ("DSRA") and other non-union salaried retirees of debtors and debtors in possession (the "Debtors") pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure to stay the Court's February 25, 2009 Order holding that the protections of Section 1114 do not apply to Debtors' motion to terminate employee retiree benefit plans and programs that Delphi reserved the right to amend or modify, and authorizing Debtors to terminate all subsidies for amenable retiree benefit plans and programs, effective April 1, 2009, without complying with section 1114(e) of the Bankruptcy Code (the "February 25 Order"), together with the oral motion pursuant to Bankruptcy Rule 8005 to stay the Court's March 13, 2009 Final Order authorizing termination of specific retiree benefit plans and programs as constituting amendable, rather than vested, benefits (the "March 13 Order") (the Debtors having consented to this Court addressing the requested stay of the March 13 Order under Bankruptcy Rule 8005 as part of the Motion to Stay), brought by the DSRA and the Section 1114 Committee of Salaried

Retirees appointed by this Court, seeking a stay of up to 90 days pending appeal of the February 25 Order and the March 13 Order to the United States District Court for the Southern District of New York; and upon the Debtor's objection to the Motion to Stay, the reply thereto and the record of the March 17, 2009 hearing on the Motion to Stay (the "Hearing"); and for the reasons stated by the Court in its bench ruling at the conclusion of the Hearing, it is:

ORDERED that the Motion to Stay is denied.

Dated:   New York, New York
         March 18, 2009

                                          /s/ Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE