DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-6501
Donald S. Bernstein (DB 6681)
Karin S. Day (KD 5039)
Brian M. Resnick (BR 4687)

*Counsel to JPMorgan Chase Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**In re:** :
: **Chapter 11 Case No.**
:
**DELPHI CORP., et al.,** : **05-44481 (RDD)**
:
: **(Jointly Administered)**
**Debtors.** :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JPMORGAN CHASE BANK, N.A.'S RESPONSE AND LIMITED OBJECTION
TO THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED.
R. BANKR. P. 6004 AUTHORIZING AND APPROVING OPTION EXERCISE
<u>AGREEMENT WITH GENERAL MOTORS CORPORATION</u>**

JPMorgan Chase Bank, N.A., the Administrative Agent (the "**Agent**") under the

Debtors' post-petition Amended and Restated Revolving Credit, Term Loan and

Guaranty Agreement dated as of May 9, 2008, respectfully submits this response and

limited objection (the "**Response**") to the Debtors' Motion (the "**Motion**")[1] for Order

Under 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004 Authorizing and Approving Option

---

[1] Each capitalized term used but not defined herein shall have the meaning assigned such term in the Motion.

Exercise Agreement (the "**Option Exercise Agreement**") with General Motors Corporation ("**GM**").[2]

The Agent does not at this time object to the Motion, but rather files this Response in order to (i) inform the Court of the Agent's concern that the Debtors may not achieve the benefits of the sale of the Steering Business to GM as have been represented to the Court, (ii) reserve the Agent's rights to join in the objections to the Motion filed by any other DIP Lenders and (iii) reserve the Agent's rights to object to the GM Steering MSPA at the April 23, 2009 hearing.

There are certain material aspects of the proposed sale of the Steering Business that the Agent understands have yet to be documented. In particular, the Option Exercise Agreement provides for the payment to the Agent for the benefit of the DIP Lenders at closing (the "**DIP Paydown**") of "a non-refundable amount equal to the reduction in available receivables, available inventory and fixed asset component of the Delphi DIP borrowing base caused directly by the Option Purchase."[3] The Debtors have represented to the Court that the amount of the DIP Paydown is "estimated to be between $150 million to $200 million as of the projected closing date."[4] Furthermore, the Debtors state that such payment is the "most significant" aspect of the transaction,[5] and cite it as the primary reason that the value to be provided to the Debtors as a result of the transaction is superior to that received under the Amended MRA and the terminated Platinum Steering

---

[2] The Debtors granted to the Agent an extension of the deadline to object to the Motion to March 20, 2009 at 4:00 p.m.

[3] Option Exercise Agreement ¶ 7.

[4] Motion ¶ 35.

[5] Id.

MSPA in the context of facilitating the Debtors' emergence from chapter 11.[6] The DIP Paydown is the cornerstone of the Debtors' argument that their entry into the Option Exercise Agreement is a proper exercise of the Debtors' business judgment. If the DIP Paydown is insufficient to compensate the Debtors for their loss of assets and jeopardizes their ability to operate following the closing of the sale, it would severely undermine the primary rationale for the Debtors selling the Steering Business to GM at this juncture.

The Debtors presumably will have executed the GM Steering MSPA (subject to further Court approval at the April 23, 2009 omnibus hearing) prior to the hearing on the Motion.[7] The GM Steering MSPA will provide the definitive terms for the calculation of the DIP Paydown. To the Agent's knowledge Delphi and GM have not yet finalized their discussions regarding the proper calculation of the DIP Paydown, and consequently the Agent is not yet able to formulate a view as to whether the transaction would adequately compensate Delphi for the transferred assets and would otherwise leave the Debtors with sufficient liquidity to operate. To the extent that the Agent is not satisfied that the proposed DIP Paydown calculation accurately reflects the agreement for GM to compensate Delphi for the reduction in available receivables, available inventory and fixed asset component of the Delphi DIP borrowing base, or to the extent that the Agent believes that after giving effect to the DIP Paydown and the transfer of the Steering Business to GM, Delphi will not have sufficient liquidity to continue to operate its business, the Agent intends to raise such objections with the Court at the March 24, 2009 hearing and/or the April 23, 2009 hearing.

---

[6] Motion ¶ 42.

[7] See Option Exercise Agreement ¶ 3(d).

Furthermore, the Agent understands that certain DIP Lenders may file objections to the Motion.  The Agent is still considering the merits of such objections, and discussing such objections with the Debtors, the objectors and certain other DIP Lenders (including a DIP Lender Steering Committee, which consists of holders of significant portions of the Tranche A, Tranche B and Tranche C Loans). The Agent reserves the right to join in any objections filed by other DIP Lenders.

Finally, the Agent objects to the entry of an order approving the Motion to the extent such entry would in any way impair the Agent's rights to object to the Debtors' motion to approve the GM Steering MSPA at the hearing scheduled for April 23, 2009. The Option Exercise Agreement is being considered by the Court prior to any agreement between the Debtors and GM regarding the transfer of certain other facilities from the Debtors to GM upon the Debtors' emergence from bankruptcy, and therefore the Court and all parties-in-interest (including the Agent) will be in a significantly better position to make an informed decision at the April 23, 2009 hearing as to whether the consummation of the sale of the Steering Business to GM prior to the consummation of a plan of reorganization is in the best interest of the estate of the Debtors.  To that end, in the event the Court approves the Motion, the Agent requests that the Court add the following provision to the Debtors' proposed order:  "Neither the approval of this Motion nor the failure of any party to raise any particular objection to this Motion shall prejudice the rights of any party in interest to raise any objections to any relief sought in the motion to

approve the Master Sale and Purchase Agreement (as defined in the Option Exercise Agreement)."

New York, New York
Dated: March 20, 2009

By: /s/ Brian M. Resnick
Donald S. Bernstein (DB 6681)
Karin S. Day (KD 5039)
Brian M. Resnick (BR 4687)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6501

*Counsel to JPMorgan Chase Bank, N.A.*