# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
      In re                              :      Chapter 11
                                                          :
DELPHI CORPORATION, et al.,         :      Case No. 05-44481 (RDD)
                                                           :
                         Debtors.   :      (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 6004
AUTHORIZING AND APPROVING OPTION EXERCISE AGREEMENT
<u>WITH GENERAL MOTORS CORPORATION</u>

("STEERING OPTION EXERCISE ORDER")

Upon the motion dated March 4, 2009 (the "Motion") of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order approving an option exercise agreement with General Motors Corporation ("GM"); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered December 4, 2008 (Docket No. 14534), and no other or further notice being necessary; and the Court having held a hearing on the Motion on March [24], 2009 (the "Hearing"); and upon the record of the Hearing and after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Motion is hereby GRANTED<ins>; provided, however, that (i) the Michigan Department of Environmental Quality reserves any rights it may have to assert that the contemplated transaction will not relieve GM of any independent liabilities it may have under environmental law with regard to cleanup of contamination at the properties that are subject to the Option Exercise Agreement and (ii) entry of this order is without prejudice to PBGC's right to object to any provision</ins> <del>in its entirety</del><ins>in a motion seeking approval of the sale of the Debtors' Steering Business to GM free and clear of PBGC's asserted liens under IRC sections 412(n) or 430(k) against the property of non-Debtor global affiliates</ins>.

3.  The option exercise agreement with GM, executed on March 3, 2009 substantially in the form attached hereto as <u>Exhibit A</u> (the "Option Exercise Agreement"), is hereby approved and the Debtors are hereby authorized, but not directed, to execute, deliver, and perform their obligations under the Option Exercise Agreement.

4.  A sound business purpose exists for the Debtors to incur all obligations under the Option Exercise Agreement in accordance with the requirements of 11 U.S.C. § 363(b).

5.  This Court shall retain jurisdiction to enforce and implement the terms and provisions of the Option Exercise Agreement in all respects.

6.  Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

2

Dated:  New York, New York
        March ___, 2009

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE