UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
      In re                 :    Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                  Debtors.    :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (I) AUTHORIZING DEBTORS' ENTRY INTO
AMENDED AND RESTATED REIMBURSEMENT AGREEMENT
WITH ISSUING BANK RELATING TO LETTERS OF CREDIT AND
(II) PROVIDING CERTAIN PROTECTIONS WITH RESPECT THERETO

("REIMBURSEMENT AGREEMENT APPROVAL ORDER")

Upon the motion, dated March 4, 2009 (the "Motion"), of Delphi Corporation (the

"Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession

in the above-captioned cases (collectively, the "Debtors"), for an order (i) authorizing the

Debtors' entry into an Amended and Restated Reimbursement Agreement[1] with JPMorgan

Chase Bank, N.A. as issuing bank under certain letters of credit (in such capacity, the

"Issuing Bank"), the form of which is attached hereto as Exhibit A, and (ii) providing certain

protections with respect thereto; and due and appropriate notice of the Motion, the relief

requested therein, and the opportunity for a hearing on the Motion having been served by the

Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105

And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates

and Certain Notice, Case Management, and Administrative Procedures, entered March 20,

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1)

And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus

Hearing Dates and Certain Notice, Case Management, and Administrative Procedures,

entered December 4, 2008 (Docket No. 14534), and no other or further notice being

necessary; and there being no objection s to the Motion and the Court having held a hearing

on the Motion on March 24, 2009 (the "Hearing"), and upon the record of the Hearing and

after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has core jurisdiction over these chapter 11 cases and the parties

and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The Motion is hereby GRANTED in its entirety.

3.      The Debtors are hereby authorized to enter into the Amended and Restated

Reimbursement Agreement.

4.      The execution and delivery of the Amended and Restated Reimbursement

Agreement and any reimbursement agreement between the Debtors and the Issuing Bank

relating to letters of credit issued on or after the Accommodation Effective Date for the

account of the Debtors or any of their subsidiaries to replace Letters of Credit issued under

and as defined in the Second Amended and Restated Credit Agreement (as amended by the

2

Accommodation Agreement, the "Amended DIP Credit Agreement") by the Debtors (each,

a "Reimbursement Agreement"), together with any other instruments and documents

executed and delivered in connection therewith (the "Reimbursement Documents"), are

hereby ratified and approved, and the Debtors are hereby authorized, but not directed, to

perform, and take all actions necessary to make, execute and deliver, any Reimbursement

Document.  Upon execution and delivery of each Reimbursement Document, and the

effectiveness thereof in accordance with the terms thereof, such Reimbursement Document

shall constitute valid and binding obligations of each Debtor party thereto and the Issuing

Bank, enforceable against each such party in accordance with the terms of the applicable

Reimbursement Documents.

5.    The automatic stay provisions of section 362 of the Bankruptcy Code are

vacated and modified to the extent necessary to permit the Issuing Bank to exercise, (i)

immediately upon the occurrence of an Event of Default (as defined in the applicable

Reimbursement Agreement), all rights and remedies provided in the applicable

Reimbursement Agreement other than those rights and remedies against cash collateral

securing the Debtors' obligations under the applicable Reimbursement Agreement (the

"LC Cash Collateral") or other collateral as provided in clause (ii) below, and (ii) upon the

occurrence and during the continuance of an Event of Default and the giving of five

business days prior written notice to the Debtors (promptly upon receipt of such notice, the

Debtors shall provide a copy of such notice to the U.S. Trustee and counsel for the

committee of unsecured creditors), all rights and remedies against the LC Cash Collateral

3

or other collateral provided for in the applicable Reimbursement Agreement (including, without limitation, the right to set off monies of the Debtors in accounts maintained with JPMorgan Chase Bank, N.A.). In any hearing regarding any exercise of rights or remedies against the LC Cash Collateral, the only issue that may be raised by any party in opposition thereto shall be whether, in fact, a Reimbursement Agreement Event of Default has occurred and is continuing, and the Debtors, the Agent, the DIP Lenders and the holders of Replacement Liens or Junior Adequate Protection Liens (as each such term is defined in the DIP Refinancing Order (Docket No. 6461) (as supplemented by (i) the DIP Extension Order (Docket No. 10957), (ii) the Second DIP Extension Order (Docket No. 13489) (as supplemented by the Supplemental Second DIP Extension Order (Docket No. 13699)), (iii) the DIP Accommodation Order (Docket No. 14515), and (iv) the Accommodation Amendment Order (Docket No. 16377), hereinafter referred to as the "DIP Order")) hereby are deemed to have waived in such capacities, but not in capacities as holders of general unsecured claims, their right to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of the Issuing Bank set forth in this Order or in the applicable Reimbursement Agreement.

6.    A sound business purpose exists for the Debtors to enter into the Reimbursement Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

7.      The terms of this order shall have no impact on the seniority or priority of liens granted under the DIP Order.  For the avoidance of doubt, and consistent with paragraphs 5(b) and 6(d) of the DIP Order (as supplemented by paragraph 10 of the DIP Accommodation Order) and Sections 2.25(a)(z) and 6.01(xxi) of the Amended DIP Credit Agreement, the liens in favor of the Issuing Bank on the Collateral (as defined in the applicable Reimbursement Agreement) in an aggregate amount of up to $135,000,000 shall be first priority liens senior to the DIP Liens (as defined in the DIP Order) and shall not be subject to the Carve Out (as defined in the DIP Order).

8.      Notwithstanding anything to the contrary in the DIP Order (including Paragraph 18 of the DIP Accommodation Order), each Reimbursement Agreement Document shall not constitute a "Loan Document" under and as defined in the Amended DIP Credit Agreement, but shall constitute "Accommodation Documents" as defined in the DIP Accommodation Order for all other purposes.

9.      The provisions of this Order, shall be binding upon the Issuing Bank and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Issuing Bank and the Debtors and their respective successors and assigns.

10.     In the event of any inconsistency between the provisions of this Order and the Reimbursement Agreement Documents, the DIP Order, or the DIP Documents, the provisions of this Order shall govern.

5

11.      This Court shall retain jurisdiction to enforce and implement the terms and

provisions of this Order and the Reimbursement Documents.

Dated:   New York, New York
         March 24, 2009

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE