UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION AND
USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN
CONNECTION WITH MOTION FOR ORDER UNDER U.S.C. §§ 105, 363(b), AND 1108
CONFIRMING DEBTORS' AUTHORITY TO TERMINATE EMPLOYER-PAID POST-
RETIREMENT HEALTH CARE BENEFITS AND EMPLOYER-PAID POST-RETIREMENT
LIFE INSURANCE BENEFITS FOR CERTAIN (A) SALARIED EMPLOYEES AND (B)
RETIREES AND THEIR SURVIVING SPOUSES

        This stipulation and agreed protective order is entered into and submitted to the

Court in accordance with the agreement of Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), on the one hand, and the Proposed Counsel For The Official

Committee Of Retirees, on the other hand (the Debtors and Proposed Counsel For The Official

Committee Of Retirees being collectively the "Parties"), that discovery requested and other

information provided in connection with Motion for Order Under U.S.C. §§ 105, 363(b), and

1108 Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care

Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (A) Salaried

Employees And (B) Retirees And Their Surviving Spouses ("Salaried OPEB Termination

Motion") (Docket No. 14705) and objections filed thereto (the "Motion") may involve the

production of information considered sensitive, confidential, personal, proprietary, and/or

protected by statutory or other legal privilege; and it appearing to the Court that there is good and

sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

1.       The terms of this stipulation and agreed protective order (the "Stipulation

and Protective Order") shall take full force and effect upon execution by the Parties.

2.       Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here

through Federal Rules of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the

Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11

U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Stipulation and Protective Order

shall govern all discovery by the Parties relating to the Motion.

3.       Any signatory to this Stipulation and Protective Order may designate as

"Highly Confidential" any document, deposition testimony, or other information given by or on

behalf of the Parties, and all information derived therefrom that a Party reasonably believes

reflects non-public trade secrets, competitively sensitive business or development plans, forward-

looking financial information, or personal information (the "Highly Confidential Information").

In addition, any signatory may designate as "Confidential" any other non-public information in

any document, deposition testimony, or other information given by or on behalf of the Parties

(the "Confidential Information") that the Party reasonably believes contains confidential

information the distribution and use of which should be restricted in accordance with the terms

of this Stipulation and Protective Order.  Documents shall be designated as Confidential or

Highly Confidential (a) by placing or affixing the words "Confidential" or "Highly Confidential"

on each such document, (b) by written notice to other Parties, or (c) by virtue of the fact that any

such document is otherwise already labeled as Confidential or Highly Confidential.  Deposition

testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within two (2) business days following receipt of the transcript by the Party who seeks to designate such deposition testimony as Confidential or Highly Confidential.  Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

4.      Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied at any time thereafter by supplemental written notice (which may be by email) delivered within two (2) business days after the production of such materials.  Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

5.      Material designated as Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

a.      the Court and its staff;

b.      the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

c.      the Parties' retained professional advisors in the above-captioned cases;

d.      any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel; and

e.      court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

6.     Material designated as Highly Confidential pursuant to this Stipulation and Protective Order shall be inspected by and disseminated only to the following persons:

a.     the Court and its staff;

b.     those counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel, who are involved in the litigation or negotiation of the Motion;

c.     the Parties' retained professional advisors in the above-captioned cases, to the extent they are involved in the litigation or negotiation of the Motion;

d.     any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motion; and

e.     court reporters and videographers engaged for recording testimony of a deposition relating to the Motion.

7.     Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used or disclosed by a receiving Party solely for the purpose of the Motion, including litigation or negotiation of any objections thereto, and not for any other purpose whatsoever.  Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

8.     The inadvertent production of any Confidential or Highly Confidential document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver

4

of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information.  In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced.  In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall return to the Party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) business days of receipt of the returned documents or materials.

    9.  If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Stipulation and Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email).  The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection.  Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences.  If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation.  While any such application is pending, the documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules.  If the

disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree, the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential.  The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Stipulation and Protective Order.

10.    Nothing in this Stipulation and Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information it produces in discovery.

11.    Within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissing the cases, whichever first occurs, all documents and other material designated as Confidential or Highly Confidential pursuant to this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing Party or Party creating such information, or (b) destroyed.  If the receiving Party chooses to destroy any such documents or materials, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by this Court confirming a plan of reorganization or dismissal of the cases, as the case may be.

6

12.     If documents, materials, or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those portions of the proposed filing containing information subject to this Stipulation and Protective Order, identifying this Stipulation and Protective Order by date.

13.     This Stipulation and Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on the Motion.

14.     Nothing in this Stipulation and Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information.  In addition, nothing in this Stipulation and Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any Party to introduce into evidence or use at a hearing on the Motion any document, testimony, or other information that is subject to this Stipulation and Protective Order.

15.     Any non-party producing discovery materials in connection with the Motion may be included in this Stipulation and Protective Order by endorsing a copy of this Stipulation and Protective Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court.  The Parties to the Motion may designate discovery materials produced by a non-Party to the Motion as Confidential or Highly

7

Confidential in accordance and consistent with the terms and provisions of this Stipulation and Protective Order.

16.    This Stipulation and Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Protective Order, or from agreeing with other Parties to modify this Stipulation and Protective Order, subject to the approval of the Court.

17.    This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 25th day of March, 2009

/s/Robert D. Drain_____
Honorable Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Albert L. Hogan III_____
John Wm. Butler, Jr.
Albert L. Hogan, III
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

8

/s/    *Thomas J. Matz*
Kayalyn A. Marafioti
Thomas J. Matz
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  and Debtors and Debtors-in-Possession


*/s/ Daniel D. Doyle*
Daniel D. Doyle
Nicholas A. Franke
David M. Brown
SPENCER FANE BRITT & BROWNE, LLP
1 North Brentwood Boulevard, Tenth Floor
St. Louis, MO 63105

and

J. Brian McTigue
Bryan T. Veis
MCTIGUE & PORTER LLP
4530 Wisconsin Ave., N.W. Suite 300
Washington, DC 20016

Attorneys for Robert T. Nicholson, Vincent Wilson, Michael
Beard, Russell Detwiler, Floyd Jones, John M. McGrath, James J.
Brodi Jr., Edwin B. Hubbard, Paulette J. Kildow, Raymond
Kraemer, Robert Todd Nicholson, Gary Porter, John R. Smith,
Carl Visconti, Robert Wellens, and Jude Kowalewski