1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION,


        Debtors.


- - - - - - - - - - - - - - - - - - - - -x


            U.S. Bankruptcy Court

            One Bowling Green

            New York, New York


            March 24, 2009

            10:55 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2   HEARING re Motion for Orders (A)(I) Approving Bidding

3   Procedures, (II) Granting Certain Bid Protection, (III)

4   Approving Form and Manner of Sale Notices, and (IV) Setting

5   Sale Hearing Date, and (B) Authorizing and Approving Sale by

6   Delphi Automotive.

7

8   HEARING re Motion to Authorize Motion for Order Authorizing

9   Debtors to Enter into Fourth Amendment and Fifth Amendment to

10  Arrangement with General Motors Corporation.

11

12  HEARING re Motion Extending Debtors' Exclusive Periods within

13  which to File and Solicit Acceptance of Reorganization Plan.

14

15  HEARING re Motion for Order (I) Authorizing Debtors' Entry into

16  Amended and Restated Reimbursement Agreement with Issuing Bank

17  Relating to Letters of Credit and (II) Providing Certain

18  Protections.

19

20  HEARING re Motion for an Order Authorizing and Approving Option

21  Exercise Agreement with General Motors Corporation.

22

23  HEARING re Forty-Second Omnibus Hearing Agenda.

24

25  Transcribed by:  Penina Wolicki

```
 1
 2   A P P E A R A N C E S :
 3   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
 4        Attorneys for Debtors
 5        333 West Wacker Drive
 6        Chicago, Illinois 60606
 7
 8   BY:  JOHN WM. BUTLER, ESQ.
 9        ALBERT L. HOGAN, III, ESQ.
10
11   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
12        Attorneys for Debtors
13        4 Times Square
14        New York, New York 10036
15
16   BY:  KAYALYN A. MARAFIOTI, ESQ.
17
18   LATHAM & WATKINS, LLP
19        Attorneys for Creditors' Committee
20        885 Third Avenue
21        New York, New York 10022
22
23   BY:  ROBERT ROSENBERG, ESQ.
24        MICHAEL RIELA, ESQ.
25        MARK BROUDE, ESQ.
```

```
 1
 2    K&L GATES LLP
 3         Attorneys for Wilmington Trust Co. as Indenture Trustee
 4         599 Lexington Avenue
 5         New York, NY 10022
 6
 7    BY:   EDWARD M. FOX, ESQ.
 8
 9    DAVIS POLK & WARDWELL
10         Attorneys for JPMorgan Chase as DIP Agent
11         450 Lexington Avenue
12         New York, NY 10017
13
14    BY:   BRIAN M. RESNICK, ESQ.
15         KARIN DAY, ESQ.
16
17    LOWENSTEIN SANDLER PC
18         Attorneys for Lead Plaintiffs
19         65 Livingston Avenue
20         Roseland, NJ 07068
21
22    BY:   MICHAEL S. ETKIN, ESQ.
23
24
25
```

```
 1
 2   MICHIGAN DEPARTMENT OF ATTORNEY
 3
 4   BY:    CELESTE GILL, ESQ. (TELEPHONICALLY)
 5
 6   ALSO PRESENT:
 7          JORDAN FISHER, Pentwater Capital Management
 8          (TELEPHONICALLY)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

6

P R O C E E D I N G S

1  
2      THE COURT: Be seated. Okay, Delphi Corporation.
3      MR. BUTLER: Your Honor, good morning. Jack Butler,
4  Kayalyn Marafioti, and Al Hogan on behalf of the debtors in
5  connection with their forty-second omnibus hearing agenda. We
6  have filed the agenda docket number 16497, and we'd go through
7  the items as listed.
8      THE COURT: Okay.
9      MR. BUTLER: Your Honor, the first matter on the
10 agenda, matter number 1, is a motion to compel the debtors'
11 performance under lease of nonresidential real property and for
12 payment of administrative expenses filed at docket number
13 16381. This has to do with certain warehouse space that had
14 previously been used for storage and light assembly of parts
15 that were delivered to the GM Saturn plant that was nearby in
16 Colombia, Tennessee. The debtors vacated these premises in
17 October 2008.
18      The parties have agreed to adjourn this matter to the
19 April 23rd omnibus hearing and the debtors' objection deadline
20 to April 16th. The parties are involved in several discussions
21 and hope to resolve the matter consensually. As a practical
22 matter, Your Honor, the debtors will, at the appropriate time,
23 in connection with the plan modifications, ask the Court, if we
24 don't have a settlement, to deem this rejected as of October
25 when we no longer were using it. We've advised the parties of

7

1   that, and we're trying to sort out a negotiated resolution, and
2   hope to be able to do that by next month.
3           THE COURT:  Okay.
4           MR. RESNICK:  Your Honor, matter number 2 on the
5   agenda is the Anaheim sale motion at docket number 14701.  This
6   is the second step hearing on a two-step sale process.  And
7   we're seeking today, Your Honor, approval of the sale of the
8   Anaheim property from DAS LLC to Birtcher Anaheim Magnolia
9   Avenue, who is the stalking-horse purchaser.  Your Honor
10  previously approved bidding procedures and entered the bidding
11  procedures order with respect to the sale on February 25th at
12  docket number 16378.
13          Pursuant to the bidding procedures order, Your Honor,
14  the bids were to have been delivered by March 9, 2008 (sic).
15  There were no qualified bids.  Therefore, there was no auction
16  held by the debtors, and we're asking Your Honor to approve the
17  consummation of the divestiture of the Anaheim property with
18  the stalking-horse bidder on the terms and conditions set forth
19  in the motion.  Your Honor, there is an exhibit index that we
20  provided for evidentiary purposes here.  It has fifteen
21  exhibits.  Exhibit number 1 is Mr. Stip (ph.) who's present in
22  court's declaration in support of this.  Exhibit 2 and 3 are
23  the agreements that are at issue today.  And the balance of the
24  other twelve exhibits deal with court documents, including
25  notices concerning executory contracts to be assumed and

8

1   assigned and all of the appropriate affidavits of service and
2   publication.  Your Honor, I move admission of Exhibits 1
3   through 15.
4            THE COURT:  Okay.  They're admitted.
5   (Affidavit of Mr. Stip was hereby received into evidence as
6   Debtors' Exhibit 1, as of this date.)
7   (Agreements at Issue were hereby received into evidence as
8   Debtors' Exhibits 2, 3, as of this date.)
9   (Court Documents were hereby received into evidence as Debtors'
10  Exhibits 4-15, as of this date.)
11           THE COURT:  I've reviewed Mr. Stip's affidavit as
12  well as the proposed order.  And in light of there being no
13  opposition to the motion and the averments in the papers, I'll
14  approve the sale and assumption and assignment.
15           MR. BUTLER:  Thank you, Your Honor.  Your Honor,
16  matter number 3 on the docket is the GM arrangement fourth and
17  fifth amendment approval motion.  It is uncontested at docket
18  number 16411.  Despite my earlier comments, I think I do want
19  to also bring up and discuss at this moment, Your Honor, matter
20  number 6 on the agenda, which is the steering option exercise
21  motion at docket number 16410.  That is on the contested
22  docket.  It has six objections that were filed.  For purposes
23  of this hearing, the debtors had resolved two of those
24  objections, that was the objections of the Michigan Department
25  of Environmental Quality and the Pension Benefit Guaranty

1    Corporation at dockets number 16472 and 16475 respectively.

2    Remaining outstanding and unresolved were objections filed by

3    the creditors' committee, Wilmington Trust, the Tranche C

4    Collective and the DIP lender agent.

5              Your Honor, these three agreements were all

6    agreements entered into between General Motors and Delphi

7    Corporation that were subject to review by the United States

8    Treasury under Section 7.26 of the Loan and Security Agreement

9    by and between GM and certain other borrowers and the United

10   States Treasury, dated as of December 31, 2008.  Last evening

11   we received information from the U.S. Treasury that has led the

12   debtors to conclude that it would be premature to seek approval

13   of these motions today.

14             The Treasury has indicated that based on the

15   information that it had, it wasn't prepared to have these

16   matters go forward, and if they were going forward, would

17   assert its objection rights, and instead indicated that they

18   would review those matters upon further review of these

19   documents and obtaining a more thorough understanding of

20   Delphi's cash flow needs and other information, and discussing

21   these matters with the parties.  We have had discussions with

22   representatives of the United States Treasury about engaging in

23   those discussions in the short term, and therefore would like

24   to move these two hearings dealing with the GM arrangement

25   amendments and the steering exercise option agreement to a date

1  next week.  My understanding is that April 2nd is available on
2  the Court calendar, and we'd like to adjourn these briefly
3  while we address these matters.
4              THE COURT:  Okay.  I will adjourn them to April 2nd.
5  It appears there is a legitimate need for some additional
6  coordination.  And I think the cases can accommodate themselves
7  to that on a very short term basis.
8              MR. BUTLER:  Thanks, Judge.  Your Honor, the next
9  matter on the agenda is the statutory committee exclusivity
10 extension motion at docket number 16412.  This is not opposed.
11 And this is simply as to the committee's only continues to move
12 the dates from what was March 31, 2009 and May 31, 2009
13 respectively for the two periods, to May 31, 2009 and July 31,
14 2009.  This is a sixty-day extension, and it is consistent,
15 generally, Your Honor, with the milestones set forth in the
16 accommodation agreement and the various amendments thereto as
17 we sort through the remaining negotiations between the parties
18 regarding the appropriate plan modifications.
19             THE COURT:  Okay.  And it's subject to both the
20 debtors' and the committee's reservations on 1129(c) as to
21 whether this is even a proper vehicle.  But I think postponing
22 that dispute and perhaps to the date when it's moot, is a good
23 idea.  So in light of the motion and there being no opposition
24 to it, I'll grant it.
25             MR. BUTLER:  Thank you, Judge.  Your Honor, the last

05-44481-rdd    Doc 16528    Filed 03/26/09    Entered 03/26/09 15:17:22    Main Document
Pg 11 of 14

11

1  matter, which is also an uncontested matter, is the
2  reimbursement agreement approval motion at docket number 16413.
3  This is a request to authorize the debtors' entry into an
4  amended and restated reimbursement agreement with JPMorgan
5  Chase Bank relating to letters of credit issued outside the DIP
6  facility, and providing certain protections with respect to the
7  reimbursement agreement.
8      To make a very long story short, because I'm not
9  going to go through all of the provisions of the proposed
10 order, Your Honor, there was a treatment of letters of credit
11 and L/C disbursing banks under the DIP arrangement.  And when
12 the accommodation agreement was put in place, not all of those
13 provisions necessarily were translated into the accommodation
14 agreement.  And obviously, the debtors have a need for letters
15 of credit.  JPMorgan Chase Bank has been very helpful to the
16 debtors in providing letters of credit on a discretionary
17 basis, which is what it is.  It's a discretionary determination
18 by them.
19     They want, and we thought it was a reasonable
20 request, to have the same kinds of protection as they had under
21 the DIP as an L/C bank, and we also wanted to provide some
22 clarifications of a number of issues, including how we would
23 get cash collateral returned to us that we have since given
24 them under the accommodation agreement associated with the L/C
25 obligations.

VERITEXT REPORTING COMPANY
212-267-6868                                          516-608-2400

1       So there is an order that has been fully negotiated
2  that lays out all the terms and conditions of these
3  arrangements, and there is an amended and restated
4  reimbursement agreement we filed with the motion.  And we'd ask
5  Your Honor to approve those documents as presented to the
6  Court.
7       THE COURT:  Okay.  Does anyone have anything to say
8  on this motion?  All right.  I've reviewed it, and in light of
9  it's being unopposed as well as my review, and its essential
10 nature as being a carryover and a cleanup of the L/C issuers'
11 rights for replacement letters and new letters of credit, I
12 will approve it.
13      MR. BUTLER:  Thank you, Your Honor.  Your Honor,
14 those are all the matters on the agenda.  We'll be back on
15 April 2nd for the other two motions, and then back here on the
16 23rd for our April hearing.
17      THE COURT:  Okay.  Thank you.
18      MR. RESNICK:  Thanks, Judge.
19      (Proceedings concluded at 11:05 a.m.)

13

1
2                            I N D E X
3
4                          E X H I B I T S
5    DEBTOR'S           DESCRIPTION              PAGE
6    1                  Affidavit of Mr.         8
7                       Stip
8    2, 3               Agreements at            8
9                       Issue
10   4-15               Court Documents          8
11
12                            RULINGS
13                            Page    Line
14   Sale, Assumption and     8       14
15   Assignment Motion
16   Approved
17   Statutory Committee      10      24
18   Exclusivity Extension
19   Motion Granted
20   Motion for Entry into    12      12
21   Amended and Restated
22   Reimbursement Agreement
23   with Bank Re Letters of
24   Credit Approved
25

C E R T I F I C A T I O N

I, Penina Wolicki, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

Penina Wolicki

Veritext LLC

200 Old Country Road

Suite 580

Mineola, NY 11501

Date: March 26, 2009