UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


        Debtors.



- - - - - - - - - - - - - - - - - - - -x



            U.S. Bankruptcy Court

            One Bowling Green

            New York, New York


            March 25, 2009

            10:55 a.m.



B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1
2   Hearing re: Forty-second Omnibus Hearing Agenda
3
4   Hearing re:  Motion for Orders (A)(I) Approving Bidding
5   Procedures, (II) Granting Certain Bid Protection, (III)
6   Approving Form and Manner of Sale Notices, and (IV) Setting
7   Sale Hearing Date and (B) Authorizing and Approving (I) Sale by
8   Delphi Automotive
9
10  Hearing re: Motion to Authorize Motion for Order Authorizing
11  Debtors to Enter into Fourth Amendment and Fifth Amendment to
12  Arrangement with General Motors Corporation
13
14  Hearing re:  Motion Extending Debtors' Exclusive Periods within
15  which to File and Solicit Acceptances of Reorganization Plan
16
17  Hearing re:  Motion for Order (I) Authorizing Debtors' Entry
18  into Amended and Restated Reimbursement Agreement with Issuing
19  Bank Relating to Letters of Credit and (II) Providing Certain
20  Protections with Respect Thereto
21
22  Hearing re:  Motion for an Order Authorizing and Approving
23  Option Exercise Agreement with General Motors Corporation
24
25  Transcribed By:  Hana Copperman

```
                                                                  3
 1
 2   A P P E A R A N C E S :
 3   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
 4         Attorneys for Debtors
 5         333 West Wacker Drive
 6         Chicago, Illinois 60606
 7
 8   BY:   JOHN WM. BUTLER, ESQ.
 9         AL HOGAN, ESQ.
10
11   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
12         Attorneys for Debtors
13         4 Times Square
14         New York, New York 10036
15
16   BY:   KAYALYN A. MARAFIOTI, ESQ.
17
18   LATHAM & WATKINS, LLP
19         Attorneys for Creditors' Committee
20         885 Third Avenue
21         New York, New York 10022
22
23   BY:   ROBERT ROSENBERG, ESQ.
24         MICHAEL RIELA, ESQ.
25         MARK BROUDE, ESQ.
```

```
                                                                    4
 1
 2    LOWENSTEIN SANDLER PC
 3         Attorneys for Lead Plaintiffs
 4         65 Livingston Avenue
 5         Roseland, NJ 07068
 6
 7    BY:  MICHAEL S. ETKIN, ESQ.
 8
 9    DAVIS POLK & WARDWELL
10         Attorneys for JPMorgan Chase & Co. as DIP Agent
11         450 Lexington Avenue
12         New York, NY 10017
13
14    BY:  BRIAN M. RESNICK, ESQ.
15         KARIN S. DAY, ESQ.
16
17    K&L GATES LLP
18         Attorneys for Wilmington Trust Company as Indenture
19         Trustee
20         599 Lexington Avenue
21         New York, NY 10022-6030
22
23    BY:  EDWARD M. FOX, ESQ.
24
25
```

5

1
2   PENTWATER CAPITAL MANAGEMENT LP
3        227 West Monroe Street
4        Chicago, IL 60606
5
6   BY:    JORDAN FISHER (BY TELEPHONE)
7
8   MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
9        Attorneys for Michigan Department of Environmental
10       Quality
11       G. Mennen Williams Building - Sixth Floor
12       525 West Ottawa Street
13       P.O. Box 30755
14       Lansing, MI 48909
15
16  BY:    CELESTE GILL, AUSA (BY TELEPHONE)
17
18
19
20
21
22
23
24
25

6

                    P R O C E E D I N G S

1         
2      THE COURT:  Please be seated.  Okay.  Delphi
3 Corporation.
4      MR. BUTLER:  Your Honor, good morning.  Jack Butler,
5 Kayalyn Marafioti and Al Hogan on behalf of the debtors in
6 connection with their forty-second [sic] omnibus hearing
7 agenda.  We have filed the agenda, docket number 16497, and
8 would go through the items as listed.
9      THE COURT:  Okay.
10      MR. BUTLER:  Your Honor, the first matter on the
11 agenda, matter number 1, is a motion to compel the debtors'
12 performance under lease of non-residential real property and
13 for payment of administrative expenses, filed at docket number
14 16381.  This has to do with certain warehouse space that had
15 previously been used for storage and light assembly of parts
16 that were delivered to the GM Saturn plant that was nearby in
17 Columbia, Tennessee.  The debtors vacated these premises in
18 October, 2008.  The parties have agreed to adjourn this matter
19 to the April 23rd omnibus hearing and the debtors' objection
20 deadline to April 16th.  The parties are involved in settlement
21 discussions and hope to resolve the matter consensually.  As a
22 practical matter, Your Honor, the debtors will, at the
23 appropriate time in connection with plan modifications, ask the
24 Court, if we don't have a settlement, to deem this rejected as
25 of October when we no longer were using it.  We've advised the

7

1  parties of that and we're trying to sort out a negotiated

2  resolution.  We hope to be able to do that by next month.

3            THE COURT:  Okay.

4            MR. BUTLER:  Your Honor, matter number 2 on the

5  agenda is the Anaheim sale motion at docket number 14701.  This

6  is the second step hearing on a two step sale process, and

7  we're seeking today, Your Honor, approval of the sale of the

8  Anaheim property from DAS LLC to Bircher (ph.) Anaheim Magnolia

9  Avenue, who is the stalking horse purchaser.  Your Honor

10 previously approved bidding procedures and entered the bidding

11 procedures order with respect to this sale on February 25th at

12 docket number 16378.  Pursuant to the bidding procedures order,

13 Your Honor, if there were bids they would have been delivered

14 by March 9, 2008.  There were no qualified bids, therefore

15 there was no auction held by the parties, by the debtors, and

16 we're asking Your Honor to approve the consummation of the

17 divestiture of the Anaheim property with the stalking horse

18 bidder on the terms and conditions set forth in the motion.

19           Your Honor, there is an exhibit index that we

20 provided for evidentiary purposes here.  It has fifteen

21 exhibits.  Exhibit number 1 is Mr. Stipps', who is present in

22 court, declaration in support of this.  Exhibit 2 and 3 are the

23 agreements that are issued today, and the balance of the other

24 exhibits, the other twelve exhibits, deal with court documents

25 including notices concerning executory contracts to be assumed

1   and assigned and all the appropriate affidavits of service and
2   publication.
3       Your Honor, I move admission of Exhibits 1 through
4   15.
5       THE COURT:  Okay.  They're admitted.
6   (Mr. Stipps' Declaration in Support of Divestiture of the
7   Anaheim Property was hereby received as Debtor's Exhibit 1 for
8   identification, as of this date.)
9   (Agreements Issued on 3/24 in Support of Divestiture of the
10  Anaheim Property were hereby received as Debtor's Exhibits 2
11  and 3 for identification, as of this date.)
12  (Court Documents Relating to Divestiture of the Anaheim
13  Property were hereby received as Debtor's Exhibits 4 to 15 for
14  identification, as of this date.)
15      THE COURT:  I've reviewed Mr. Stipps' affidavit as
16  well as the proposed order, and in light of there being no
17  opposition to the motion and the averments in the papers I'll
18  approve the sale and assumption and assignment.
19      MR. BUTLER:  Thank you, Your Honor.  Your Honor,
20  matter number 3 on the docket is the GM arrangement fourth and
21  fifth amendment approval motion.  It is uncontested at docket
22  number 16411.  It's from my earlier comments, I think, I do
23  want to also bring up and discuss at this moment, Your Honor,
24  matter number 6 on the agenda, which is the steering option
25  exercise motion at docket number 16410.  That is on the

1 contested docket. It has six objections that were filed. For
2 purposes of this hearing the debtors had resolved two of those
3 objections. That was the objections of the Michigan Department
4 of Environmental Quality and the Pension Benefit Guaranty
5 Corporation at dockets number 16472 and 16475, respectively.
6 Remaining outstanding and unresolved were objections filed by
7 the creditors' committee, Wilmington Trust, the Tranche C
8 Collective and the DIP lender agent.
9 	Your Honor, these three agreements were all
10 agreements entered into between General Motors and Delphi
11 Corporation that were subject to review by the United States
12 Treasury under Section 7.26 of the Loan and Security Agreement
13 by and between GM and certain other borrowers and the United
14 States Treasury dated as of December 31, 2008. Last evening we
15 received information from the U.S. Treasury that has led the
16 debtors to conclude that it would be premature to seek approval
17 of these motions today. The Treasury has indicated that based
18 on the information that it had it wasn't prepared to have these
19 matters go forward, and if they were going forward would assert
20 its objection rights, and, instead, indicated that they would
21 review those matters upon further review of these documents and
22 obtaining a more thorough understanding of Delphi's cash flow
23 needs and other information and discussing these matters with
24 the parties. We have had discussions with representatives of
25 the United States Treasury about engaging in those discussions

1  on the short term, and, therefore, would like to move these two
2  hearings dealing with the GM arrangement amendments and the
3  steering exercise option agreement to a date next week.  My
4  understanding is that April 2nd is available on the court
5  calendar, and we'd like to adjourn these briefly while we
6  address these matters.
7           THE COURT:  Okay.  I will adjourn them to April 2nd.
8  It appears there is a legitimate need for some additional
9  coordination and I think the cases can accommodate themselves
10 to that on a very short-term basis.
11          MR. BUTLER:  Thanks, Judge.  Your Honor, the next
12 matter on the agenda is the statutory committee exclusivity
13 extension motion at docket number 16412.  This is not opposed,
14 and this simply, as to the committees only, continues to move
15 the dates from what was March 31, 2009 and May 31, 2009,
16 respectively, for the two periods, to May 31, 2009 and July 31,
17 2009.  This is a sixty day extension, and it is consistent in
18 general, Your Honor, with the milestones set forth in the
19 accommodation agreement and the various amendments thereto as
20 we sort through the remaining negotiations between the parties
21 regarding appropriate plan modifications.
22          THE COURT:  Okay.  And it's subject to both the
23 debtors' and the committees' reservations on 1129(c) as to
24 whether this is even a proper vehicle.  But I think postponing
25 that dispute and, perhaps, to the day when it's moot, is a good

11

1  idea, so in light of the motion and there being no opposition
2  to it I'll grant it.
3      MR. BUTLER:  Thank you, Judge.  Now, the last matter,
4  which is also an uncontested matter, is the reimbursement
5  agreement approval motion at docket number 16413.  This is a
6  request to authorize the debtors' entry into an amended and
7  restated reimbursement agreement with JPMorgan Chase Bank
8  relating to letters of credit issued outside the DIP facility
9  and providing certain protections with respect to the
10 reimbursement agreement.  To make a very long story short,
11 because I'm not going to go through all of the provisions of
12 the proposed order, Your Honor, there was a treatment of
13 letters of credit and LC disbursing banks under the DIP
14 arrangement, and when the accommodation agreement was put in
15 place not all of those provisions necessarily were translated
16 into the accommodation agreement, and, obviously, the debtors
17 have a need for letters of credit.  JPMorgan Chase Bank has
18 been very helpful to the debtors in providing letters of credit
19 on a discretionary basis, which is what it is.  It's a
20 discretionary determination by them.  They want, and we thought
21 it was a reasonable request, to have the same kinds of
22 protection as they had under the DIP as an LC bank, and we also
23 wanted to provide some clarifications of a number of issues,
24 including how we would get cash collateral returned to us that
25 we have since given them under the accommodation agreement

1    associated with the LC obligations.

2            So there is no order that has been fully negotiated

3    that lays out all the terms and conditions of these

4    arrangements, and there is an amended and reinstated

5    reimbursement agreement we filed with the motion.  We'd ask

6    Your Honor to approve those documents as presented to the

7    Court.

8            THE COURT:  Okay.  Does anyone have anything to say

9    on this motion?  All right.  I've reviewed it and in light of

10   its being unopposed as well as my review and its essential

11   nature as being a carryover and a cleanup of the LC issuer's

12   rights for replacement letters and new letters of credit, I

13   will approve it.

14           MR. BUTLER:  Thank you, Your Honor.  Your Honor,

15   those are all the matters on the agenda.  We'll be back on

16   April 2nd for the other two motions and then back here on the

17   23rd for our April hearing.

18           THE COURT:  Okay.  Thank you.

19           MR. BUTLER:  Thanks, Judge.

20         (Proceedings concluded at 11:05 a.m.)

13

I N D E X

E X H I B I T S

| DEBTOR'S | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Mr. Stipps' Declaration in Support of Divestiture of the Anaheim Property | 8 |
| 2 and 3 | Agreements Issued on 3/24 in Support of Divestiture of the Anaheim Property | 8 |
| 4 - 15 | Court Documents Relating to Divestiture of the Anaheim Property | 8 |

14

## RULINGS

|   | Page | Line |
|---|---|---|
| Approval of the sale of the Anaheim property | 8 | 18 |
| Motion Extending Debtors' Exclusive Periods Within Which to File and Solicit Acceptances of Reorganization Plan | 11 | 2 |
| Granting of Motion Authorizing Debtors' Entry into Amended and Restated Reimbursement Agreement with Issuing Bank | 12 | 13 |

15

C E R T I F I C A T I O N

I, Hana Copperman, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

HANA COPPERMAN

Veritext LLC

200 Old Country Road

Suite 580

Mineola, NY 11501

Date:   March 27, 2009