UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,      :     Case No. 05-44481 (RDD)
                                          :
                  Debtors.       :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R BANKR.
P. 9019 FOR ORDER APPROVING DEBTORS' COMPROMISE
AND SETTLEMENT WITH COMMITTEE OF ELIGIBLE SALARIED
RETIREES AND DELPHI SALARIED RETIREES' ASSOCIATION

("SALARIED OPEB SETTLEMENT ORDER")

Upon the motion, dated March 31, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order approving the Debtors' compromise and settlement (the "Settlement") with the Committee of Eligible Salaried Retirees (the "Retirees' Committee") and the Delphi Salaried Retirees' Association (the "Association"), which Settlement consists of, inter alia, substantially the following terms in complete and final resolution of the Retirees' Committee's and the Association's appeals (collectively, the "Appeals") of the OPEB Termination Orders:

        (a)    the Debtors will pay $8.75 million in overall subsidy payments to the Retirees' Committee for the benefit of Delphi's salaried retirees, not subject to reduction because of enrollment levels, and comprised of (i) a $1 million hardship fund, payable at the beginning of May 2009; (ii) $500,000 Voluntary Employees' Beneficiary Association ("VEBA") set-up costs, payable at the beginning of May 2009 (which the Retirees' Committee may also use for the

hardship fund or subsidizing retiree medical benefit costs); (iii) $1.25 million per month for five months, payable monthly at the beginning of each of June through October 2009; and (iv) one final payment of $1 million on November 1, 2009;

(b)     through June 30, 2009, the Debtors will offer salaried retirees a non-retroactive benefits reinstatement opportunity as of the first of the following month.  The Debtors will reasonably cooperate with retirees who elect to continue benefits on a self-pay continuation basis to permit payment deductions from their pension checks;

(c)     pursuant to section 1129(a)(13) of the Bankruptcy Code, the Debtors' plan of reorganization, as modified, will provide for the continuation after its effective date of the payment of any unpaid subsidies in the amounts and on the schedule outlined above;

(d)     the Debtors will pay up to an additional $250,000 in attorneys' fees to counsel for the Retirees' Committee and the Association (i.e., in addition to the $200,000 cap on attorneys' fees provided for by the Provisional Salaried OPEB Termination Order), subject to reasonableness review by the Debtors, and payable 60 days after submission of statements of account to the Debtors;

(e)     the Debtors will cause their group life insurance provider, MetLife, to permit retirees to continue their current level of optional term life insurance coverage (as outlined under the program in the notices sent to retirees) without the need to re-qualify by providing medical information, and shall request that MetLife return all copies of health questionnaire information provided by the retirees to continue the benefit; and

(f)     upon entry of this order and payment of the amounts due at the beginning of May 2009, the Retirees' Committee and the Association will cause their appeals of the OPEB Termination Orders, including the motion to stay the effectiveness of the OPEB Termination

Orders, to be voluntarily dismissed, with prejudice, and will waive any and all rights to appeal the OPEB Termination Orders;

and the Court having held a hearing on the Motion on April 2, 2009 (the "Hearing"); and upon the record of the Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefore

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.

2. Venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Notice of the Motion was properly served in accordance with the Order to Show Cause submitted on March 31, 2009 and was proper and sufficient notice of the Motion for all purposes under the Bankruptcy Code and Bankruptcy Rules.

4. The Court finds that it is within the Debtors' reasonable business judgment to enter the Settlement as provided in the Motion.

5. The Court approves the Settlement pursuant to Bankruptcy Rule 9019(a).

6. In lieu of the direction to the Debtors in paragraph 5 of the Final OPEB Termination Order, the Retirees' Committee is authorized and directed to establish a VEBA as contemplated by the provisions of 26 U.S.C. § 35(e)(1)(K) as amended by § 1899G of the American Recovery and Reinvestment Act of 2009 (Pub. L. No. 111-5, 123 Stat 115 (Feb. 17, 2009)) extending the Health Coverage Tax Credit to benefits provided through a VEBA set up by a section 1114 committee or authorized by a bankruptcy judge.

7.  The Debtors' limited obligations under the Settlement approved by this order shall be entitled to the protections of 11 U.S.C. § 1129(a)(13) to the extent not yet performed at the time of confirmation of a plan of reorganization.

8.  The Motion is hereby granted and the Debtors are authorized, but not directed, to enter into the Settlement as provided in the Motion.

9.  The Retiree's Committee shall file a report with the Court upon completion of the Debtor's payments under the Settlement, detailing how the Settlement proceeds were spent and allocated fairly and equitably to or on behalf of salaried retirees.

Dated: New York, New York
       April 2, 2009

                             ____/s/Robert D. Drain_____
                             UNITED STATES BANKRUPTCY JUDGE