TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :
                                                              :    Chapter 11
DELPHI CORPORATION, et al.,                                   :    Case No. 05-44481 [RDD]
                                                              :
                    Debtors.                                  :    Jointly Administered
                                                              :
-------------------------------------------------------------x

**JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 14347 (SPCP
GROUP, L.L.C. AS ASSIGNEE OF NXP SEMICONDUCTORS
<u>USA, INC. F/K/A PHILIPS SEMICONDUCTORS INC.)</u>**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic

Systems, Inc. ("Mechatronic"), debtors and debtors-in-possession in the above-

captioned cases (the "Debtors") and SPCP Group, L.L.C., As Assignee Of NXP

Semiconductors USA, Inc. ("NXP"), formerly known as Philips Semiconductor Inc.

("Philips"), (Philips, NXP and SPCP, collectively, the "Claimants") respectfully submit

this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 14347 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court");

**WHEREAS**, on October 12, 2005, Philips submitted a demand to the Debtors asserting a reclamation claim in the amount of $1,863,733.39 (the "Reclamation Demand");

**WHEREAS,** on July 26, 2006, the Debtors and Philips entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and Philips acknowledge and agree that the valid amount of the Reclamation Demand is $194,274.52 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding Philips' agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid;

**WHEREAS**, on July 31, 2006, Philips filed proof of claim number 14347 ("Proof Of Claim No. 14347") against Delphi Corporation. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $5,486,881.18 for goods sold (the "Claim");

- 2 -

**WHEREAS**, on March 2, 2007, Philips transferred Proof Of Claim No. 14347 to NXP pursuant to a notice of transfer (Docket No. 7100);

**WHEREAS,** August 14, 2007, NXP transferred Proof Of Claim No. 14347 to SPCP pursuant to a notice of transfer (Docket No. 9056);

**WHEREAS,** on July 13, 2007, the Debtors objected to Proof of Claim No. 14347 pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection");

**WHEREAS**, the Nineteenth Omnibus Claims Objection seeks to reduce Proof of Claim No. 14347 to a total claim of $5,171,725.92 comprised of: (a) a $34,544.50 general unsecured claim against Delphi Mechatronic Systems, Inc.; (b) a reclamation claim in the amount of $194,274.52 against DAS LLC; and (c) a general unsecured claim in the amount of $4,942,906.90 against DAS LLC;

**WHEREAS**, on August 8, 2007, Claimants filed their Response To Debtors' Nineteenth Omnibus Objection (Docket No. 8935) (the "Response") asserting that Proof of Claim No. 14347 should be allowed in the amount asserted;

**WHEREAS**, on December 21, 2007, pursuant to the Second Amended and Restated Final Order Under 11 U.S.C. §§ 362, 503, and 546 and Fed. R. Bankr. P. 9019 Establishing Procedures for Treatment of Reclamation Claims (Docket No. 10409) (the

05-44481-rdd    Doc 16557    Filed 04/13/09    Entered 04/13/09 16:51:29    Main Document
        Pg 4 of 8

"<u>Second Amended Reclamation Order</u>"), entered by the Delphi Bankruptcy Court on October 2, 2007, the Debtors served a copy of a personalized Notice Of Treatment Of Reclamation Claim Under Plan Of Reorganization (the "<u>Reclamation Election Notice</u>") on Claimants with respect to the Reclamation Claim, whereby the Debtors presented Claimants with the option of electing either (i) to take a general unsecured claim for the amount of the Reclamation Claim to the extent that such claim is allowed or (ii) to continue to assert administrative priority status for the Reclamation Claim and have their Reclamation Claim automatically adjourned to a future contested hearing at which the Debtors would seek a judicial determination that the Reclamation Claim is subject to the Debtors' Reserved Defense that the Reclamation Claim is not entitled to administrative priority status on the grounds that the goods and/or the proceeds from the sale of the goods for which the Claimants are seeking a Reclamation Claim are or were subject to a valid security interest ( the "<u>Prior Lien Defense</u>");

**WHEREAS**, the Debtors' records indicate that Claimants failed to return the Reclamation Election Notice;

**WHEREAS**, pursuant to the Second Amended Reclamation Order, the Claimants agreed to take a general unsecured claim for the amount of the Reclamation Claim and are deemed to have waived their right to assert administrative priority status for their Reclamation Claim (the "Reclamation Claim Waiver");

**WHEREAS,** on March 17, 2009, to resolve the Reclamation Claim and the Nineteenth Omnibus Claims Objection with respect to the Claim, Delphi, DAS LLC, Mechatronic and Claimants entered into a settlement agreement (the "Settlement

- 4 -

Agreement"); and

WHEREAS, pursuant to the Settlement Agreement, Mechatronic and DAS LLC acknowledge and agree that the Claim shall be allowed in the amount of $5,250,000 as a general unsecured non-priority claim in favor of SPCP; and

WHEREAS, Mechatronic and DAS LLC are authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

NOW, THEREFORE, in consideration of the foregoing, the Debtors and Claimants stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $5,250,000 in favor of SPCP and shall be treated as an allowed general unsecured non-priority claim (a) against DAS LLC in the amount of Five Million Two Hundred Fifteen Thousand Four Hundred and Fifty-Five dollars and Fifty cents ($5,215,455.50); and (b) against Mechatronic in the amount of Thirty-Four Thousand Five Hundred and Forty-Four dollars and Fifty Cents ($34,544.50).

2. Without further order of the Court, the Debtors are authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made to Philips or to NXP on account of the assumption,

pursuant to section 365 of the Bankruptcy Code, of any executory contract or unexpired lease to which either Philips or NXP are a party.

3. The Reclamation Demand, Response and the Nineteenth Omnibus Claims Objection (as it relates to the Claim) are hereby deemed withdrawn with prejudice.

4. The Settlement Agreement does not impact, alter or affect any other proofs of claim that Claimants have filed or own against the Debtors and relates solely to those matters arising out of or related to the Claim and the Reclamation Claim.

**(Continued on Following Page)**

5. The Clerk of the Court and/or the Debtors' claims agent are authorized to reflect the foregoing on the official claims register maintained in the Debtors' cases.

Dated: New York, New York
March 18, 2009

                        DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: New York, New York
March 10, 2009

                        SPCP GROUP L.L.C.
By its Counsel,
EPSTEIN BECKER & GREEN P.C.,
By:

/s/ Anthony B. Stumbo
ANTHONY B. STUMBO (AS 9374)
250 Park Avenue
New York, NY 10177
(212) 351-4500

**(Signatures Concluded on Following Page)**

Dated:   New York, New York
         March 16, 2009

                                        NXP SEMICONDUCTORS USA, INC., F/K/A
                                        PHILLIPS SEMICONDUCTORS USA, INC.
                                        By its Counsel,
                                        JAMES W. CASEY, GENERAL COUNSEL
                                        By:

                                        /s/ James W. Casey
                                        VP General Counsel


**SO ORDERED**

                      This 13th day of April, 2009
                         in New York, New York

                       /s/Robert D. Drain
                  HONORABLE ROBERT D. DRAIN
                  UNITED STATES BANKRUPTCY JUDGE