## Exhibit C

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Doha | Orange County |
| Dubai | Paris |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Madrid | Singapore |
| Milan | Tokyo |
| Moscow | Washington, D.C. |

February 26, 2009

VIA U.S. MAIL AND FACSIMILE: (212) 668-2255

Brian S. Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Re: In re Delphi Corporation, et al.: Official Committee of Equity Security Holders

Dear Mr. Masumoto:

You may recall that this firm represents the Official Committee of Unsecured Creditors (the "Creditors' Committee") that has been appointed in the chapter 11 cases of Delphi Corporation and certain of its affiliates (collectively, the "Debtors"). The Creditors' Committee understands that a few months ago, counsel for the Debtors communicated to you about the possibility of disbanding the Official Committee of Equity Security Holders (the "Equity Committee") that has been appointed in these cases. The Creditors' Committee further understands that in response to that communication, the Office of the United States Trustee noted that a "process" would need to be commenced to disband the Equity Committee.

In light of the Debtors' current financial state and future financial outlook, the Creditors' Committee urges the Office of the United States Trustee to begin and complete whatever process is required to disband the Equity Committee. As you may be aware, the Debtors not only are "hopelessly insolvent," but their general unsecured creditors most likely will not receive a very significant recovery from the Debtors' estates through any confirmed revised chapter 11 plan of reorganization or through a liquidation. Accordingly, the continued existence of the Equity Committee would serve no purpose other than creating additional administrative expenses for the benefit of its various professionals. These additional administrative expenses would only reduce the Debtors' liquidity and diminish the potential recoveries to general unsecured creditors. The Debtors' estates would not receive any benefit in return for these additional expenses. In fact, the Equity Committee may deem itself duty-bound to litigate against any chapter 11 plan that provides nothing to equity security holders (thus creating even more delay and expense for the Debtors' estates). Unfortunately, however, the Creditors' Committee believes that there is no conceivable scenario in which holders of existing equity interests would receive any distribution from the Debtors' estates under the Absolute Priority Rule. To put it succinctly, while the

NY\1500484.1

February 26, 2009
Page 2

## LATHAM&WATKINS LLP

appointment of the Equity Committee probably made sense earlier in the Debtors' chapter 11 cases, its continued existence no longer makes sense now.

Please feel free to contact me if you would like to discuss this matter further, and let me know if the Creditors' Committee or my firm can be of any assistance.

Best regards,

Robert J. Rosenberg
of LATHAM & WATKINS LLP

cc:   John Wm. Butler, Jr.

2

NY\1500484.1