# Exhibit F

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Doha | Orange County |
| Dubai | Paris |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Madrid | Singapore |
| Milan | Tokyo |
| Moscow | Washington, D.C. |

March 6, 2009

**VIA U.S. MAIL AND FACSIMILE: (212) 668-2255**

Brian S. Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Re:   In re Delphi Corporation, et al.: Official Committee of Equity Security Holders

Dear Mr. Masumoto:

The purpose of this letter is to respond to the March 5, 2009 letter to you from Mr. Scheler on behalf of the Official Committee of Equity Security Holders (the "Equity Committee") appointed in the chapter 11 cases of Delphi Corporation and its affiliates (collectively, the "Debtors").

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appreciates the Equity Committee's proposal that its professionals would cease providing services as of the close of business today, subject to any future order of the Bankruptcy Court authorizing these professionals to restart these services. The Creditors' Committee believes that this is an acceptable solution.

However, we take issue with certain of the assertions that Mr. Scheler made in the March 5 letter that are, to say the least, inaccurate. First, the Creditors' Committee has never conceded at any time that "the Debtors' estates have no value in excess of the Debtors' outstanding debtor-in-possession financing." To the contrary, the Creditors' Committee continues to believe that distributions are available for general unsecured creditors under a reasonable enterprise valuation. However, it is absolutely clear that there is insufficient value in the Debtors' estates to permit distributions to existing equity holders on an absolute priority basis.

Second, contrary to the assertion in Mr. Scheler's March 5 letter, the Creditors' Committee did not concede in its February 26 letter that the "lone source of potential recovery that is now available to unsecured creditors is the same as the source of recovery to existing equity." Indeed, the Creditors' Committee could not make that concession because it is not true. The Creditors' Committee specifically negotiated an amendment to the Global Settlement Agreement between the Debtors and General Motors Corporation ("GM"), whereby general

NY\1505245.1

March 6, 2009
Page 2

**LATHAM&WATKINS**LLP

unsecured creditors would receive a distribution from the Debtors out of distributions made to GM on its administrative claim either in a reorganization or a liquidation scenario. For example, the Creditors' Committee negotiated a "carve-out" from GM's administrative expense claim arising out of the Global Settlement Agreement, which carve-out would permit general unsecured creditors to receive an aggregate distribution of $300 million. The Equity Committee does not have a similar carve-out and thus no right to the recovery to which unsecured creditors will be entitled.

It should also be noted that Judge Drain has made it clear that he would prefer that the Debtors propose and confirm a chapter 11 plan. Indeed, the Debtors are in the process of revising their confirmed plan, which revised plan must be filed by April 2. For any plan that impairs a class of claims to be confirmed, at least one class of impaired creditors must accept the plan. Given that the class of general unsecured creditors is the only impaired class of claims that would receive a distribution under a plan, the general unsecured creditor class' acceptance of the plan is required. Thus, a properly functioning Creditors' Committee is necessary to protect the interests of general unsecured creditors. For the reasons stated above, it would not make sense for the Creditors' Committee's professionals to suspend their work, as the Equity Committee suggests in footnote 2 of the March 5 letter.

Please feel free to contact me if you would like to discuss this matter further, and let me know if the Creditors' Committee or my firm can be of any assistance.

Best regards,

*Robert J. Rosenberg* /MJR

Robert J. Rosenberg
of LATHAM & WATKINS LLP

cc:   John Wm. Butler, Jr.
      Brad Eric Scheler
      Jeffrey L. Tanenbaum
      Donald S. Bernstein

NY\1505245.1