Bonnie Steingart
Richard Slivinski
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:  212.859.4000

*Counsel for the Official Committee of Equity Security Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                            :    Chapter 11
                                                  :
  Delphi Corporation, et al.,                     :    Case No.  05-44481 (RDD)
                                                  :    (Jointly Administered)
              Debtors.                            :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION TO DEBTORS' EXPEDITED MOTION FOR ORDER
DIRECTING UNITED STATES TRUSTEE TO (I) DISBAND OFFICIAL
COMMITTEE OF EQUITY SECURITY HOLDERS OR, ALTERNATIVELY,
(II) SUSPEND ACTIVITIES OF OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS AND ITS PROFESSIONALS**

The Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi", and with the other above-captioned debtors, the "Debtors") hereby objects (the "Objection") to the Debtors' Expedited Motion (the "Motion") for Order Directing United States Trustee to (I) Disband Official Committee of Equity Security Holders or, Alternatively, (II) Suspend Activities of Official Committee of Equity Security Holders and its Professionals.  The facts and circumstances supporting this Objection are set forth in the Declaration of Luqman Yacub In Support Of the Objection, dated April 20, 2009 (the "Declaration").  In further support of the Objection, the Equity Committee respectfully states as

follows:

**OBJECTION**

1.      Throughout its involvement in the Debtors' chapter 11 cases, the Equity Committee has consistently sought to play, and has played, a constructive role in the Debtors' reorganization and emergence efforts.  The Equity Committee and its professionals have operated efficiently and in the most cost effective manner possible while ensuring that the Equity Committee has had the information and advice necessary to fulfill its statutory duties to its constituents.

2.      The Debtors' Motion is premised on their conclusion that existing equity security holders "will almost certainly receive no distributions in these chapter 11 cases".  Disbanding the Equity Committee will ensure this fate and will deprive equity holders of the ability to protect and enforce their rights.  The Equity Committee believes that the disbandment or suspension of its efforts and activities at this point in the Debtors' chapter 11 cases would leave equity holders unrepresented at precisely the time when the role of the Equity Committee is most needed.

3.      For the past three years equity holders have relied on the Equity Committee to protect their interests.  To the extent other parties would have served that function, they have not done so because of the existence and efforts of the Equity Committee.  It would therefore be especially unfair to equity holders to disband the Equity Committee at this critical time and for the Debtors' cases to proceed without the interests of equity holders being protected.  The Motion should therefore be denied.  Alternatively, should the Court determine that the Equity Committee should be disbanded, the Equity Committee submits that the Debtors should be required to give notice to all equity holders apprising them that there is no longer a statutory committee in place protecting their interests and that, as the Debtors suggest in paragraph 42 of

2

the Motion, to the extent that they wish to and are motivated to protect their interests they may appear and express their views.

4.   The only reason to disband the Equity Committee would be for the Debtors to save costs. As noted above, the Equity Committee has always operated as efficiently as possible. In addition, in recent months, at the request of the Debtors, the Equity Committee's professionals pared down efforts even further to keep costs to an absolute minimum. More recently, the Equity Committee suspended and terminated the roles and responsibilities of Houlihan, Lokey, Howard & Zukin and Farrell Fritz, P.C., the Equity Committee's financial advisor and conflicts counsel, effective March 6, 2009. Combined with Fried Frank's commitment to continue to keep costs at a minimum by limiting efforts and narrowing its focus to only essential issues in the Debtors' chapter 11 cases, the Equity Committee believes its ongoing expenses will be immaterial to the Debtors and, as such, disbandment or suspension is not necessary or justified. As such, the benefits of the continued existence and role of the Equity Committee in representing the interests of Delphi's equity holders outweigh the costs of the Equity Committee to the Debtors' estates.

## **CONCLUSION**

5.      For the reasons set forth above and in the Declaration, the Equity Committee respectfully requests that this Court deny the Motion.

Dated: New York, New York
          April 20, 2009

>                              FRIED FRANK HARRIS SHRIVER &
>                              JACOBSON LLP
>
>
>                              By: ____/s/Bonnie Steingart_____
>                                      Bonnie Steingart
>
>                                      One New York Plaza
>                                      New York, New York 10004
>                                      Telephone:  212.859.8000
>                                      Facsimile:  212.859.4000
>
>                                      *Counsel for the Official Committee of Equity*
>                                      *Security Holders*

7258251