UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
  Delphi Corporation, et al.,                :    Case No. 05-44481 (RDD)
                                              :    (Jointly Administered)
               Debtors.                    :
                                              :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF LUQMAN YACUB IN SUPPORT OF
OBJECTION TO DEBTORS' EXPEDITED MOTION
FOR ORDER DIRECTING UNITED STATES TRUSTEE TO
(I) DISBAND OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OR, ALTERNATIVELY,
(II) SUSPEND ACTIVITIES OF OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS AND ITS PROFESSIONALS**

LUQMAN YACUB declares under the penalty of perjury pursuant to 28 U.S.C. §1746:

1.     I am the Chairman of the Official Committee of Equity Security Holders (the "Equity Committee") of Delphi Corporation ("Delphi" and, with the other above-captioned debtors, the "Debtors"). I am authorized to make this declaration (the "Declaration") on the Equity Committee's behalf.

2.     I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. I submit this declaration in support of the objection (the "Objection") to the Debtors' Expedited Motion for an Order Directing United States Trustee to (I) Disband the Official Committee of Equity Security Holders or, Alternatively, (II) Suspend Activities of

Official Committee of Equity Security Holders and its Professionals (the "Motion").

## BACKGROUND

3. On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Court entered orders directing the joint administration of the Debtors' chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. On April 28, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed the Equity Committee.

5. On May 8, 2006, the Equity Committee engaged Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as counsel, with such retention approved by this Court on June 19, 2006.

6. On October 11, 2006, this Court approved the retention of Houlihan, Lokey, Howard & Zukin ("Houlihan") as financial advisor to the Equity Committee, *nunc pro tunc* to July 31, 2006.

7. On September 17, 2008, this Court approved the retention of Farrell Fritz, P.C. ("Farrell Fritz") as conflicts counsel to the Equity Committee, *nunc pro tunc* to August 5, 2008.

8. By letter to the U.S. Trustee dated February 26, 2009, attached hereto as Exhibit A, the Official Committee of Unsecured Creditors (the "Creditors Committee"), through its counsel, requested that the U.S. Trustee disband the Equity Committee.

9. By letter to the U.S. Trustee dated February 27, 2009, attached hereto as Exhibit

2

B, the Debtors joined in the Creditors Committee's request to disband the Equity Committee.

10. By letter dated March 2, 2009, attached hereto as Exhibit C, Fried Frank acknowledged receipt of the letters from the Creditors Committee and the Debtors and requested that the U.S. Trustee await a response from the Equity Committee before taking any action.

11. By letter dated March 5, 2009, attached hereto as Exhibit D, the Equity Committee, through its counsel, suggested to the U.S. Trustee that the active participation of the Equity Committee in the Debtors' chapter 11 cases continue, but that all efforts and activities of the Equity Committee's retained professionals – Fried Frank, Houlihan and Farrell Fritz (collectively, the "Professionals") – be suspended as of the close of business on March 6, 2009.

12. By letter dated March 6, 2009, attached hereto as Exhibit E, the Creditors Committee, through its counsel, informed the U.S. Trustee that it accepted the Equity Committee's proposal.

13. By letter dated March 13, 2009, attached hereto as Exhibit F, the Debtors, through counsel, informed the U.S. Trustee that it did not support the Equity Committee's proposal.

14. By letter dated March 18, 2009, attached hereto as Exhibit G, the U.S. Trustee informed the Creditors Committee that it would not disband the Equity Committee in light of the Creditors Committee's acceptance of the Equity Committee's decision to suspend its Professionals.

15. On April 3, 2009, the members of Equity Committee and the Office of the U.S. Trustee participated in a conference call regarding the Equity Committee's continued participation in the case (the "April 3 Discussion"). At the Equity Committee's request, the

3

members of the Equity Committee participated without counsel.

16. By letter dated April 5, 2009 (the "April 5 Letter"), attached hereto as Exhibit H, the Equity Committee informed the U.S. Trustee of its withdrawal of its previous voluntary suspension of Fried Frank and its belief in the critical nature of the Equity Committee's continued existence in these chapter 11 cases.

17. By letter dated April 7, 2009, attached hereto as Exhibit I, the U.S. Trustee clarified the substance of certain points made during the April 3 Discussion as represented in the April 5 Letter.

**OBJECTION**

18. The Equity Committee is well aware of the difficulties surrounding the Debtors' efforts to emerge from chapter 11. In that regard, the Equity Committee understands that the only reason to disband the Equity Committee would be because of the cost and expense associated with its existence, and the Equity Committee appreciates any and all efforts to reduce costs and expenses to the Debtors' estates. However, the Debtors' chapter 11 cases are at a critical juncture. Now more than ever the Equity Committee believes it is duty bound to protect and be the voice of its constituents. The Equity Committee remains willing, able and committed to do all to maximize the value of the Debtors and the estates and to achieve a fair result for existing equity holders. Any suspension of the efforts and activities of the Equity Committee at this point in the case would leave existing equity holders without representation at precisely the time when the Equity Committee's role is most vital to the best interests of existing equity holders.

4

19. Throughout the Debtors' chapter 11 cases, the Equity Committee and its Professionals have undertaken to represent the Equity Committee and its constituents in the most cost effective manner possible, while ensuring that the Equity Committee has had the information and advice necessary to fulfill its statutory duties. In that regard, when the Creditors Committee proposed to have the Equity Committee disbanded on February 26, 2009, the Equity Committee considered and initially embraced an alternative arrangement whereby the Equity Committee would operate without the assistance and advice of its Professionals, but with the ability to recall its Professionals should the need arise. However, it subsequently became clear to the members of the Equity Committee that the timing of the Debtors' emergence efforts were such that the Equity Committee should and must continue to function and represent its constituents with the benefit of legal counsel.

20. The Equity Committee must continue to monitor and participate in the chapter 11 cases to ensure that the claims of existing equity holders are preserved, protected and maximized, and that third party releases are not granted and claims against General Motors Corporation ("GM") are not settled that would compromise the rights of existing equity holders without the equity holders being adequately represented. Adequate representation is especially important here where equity holders have for three years relied on the existence of the Equity Committee and its participation in the Debtors' chapter 11 cases on an ongoing and continuous basis. To the extent others may have come forward to represent equity, they have not done so because of the existence and role of the Equity Committee. It would be especially unfair to equity holders to disband the Equity Committee at this critical time and for the Debtors' cases to proceed without the interests of equity holders being protected. Therefore, the Motion should be denied. Alternatively, to the extent the Court determines that the Equity Committee should be disbanded,

5

the Debtors should be required to provide notice to all equity holders to apprise them that the Equity Committee is no longer protecting their interests and, to the extent that they are interested and motivated to do so, that they may as individual equity holders appear and express their views as the Debtors suggest in paragraph 42 of the Motion.

21.     The Equity Committee remains sensitive to the need and desire for all parties to keep costs to a minimum.  In recent months, at the request of the Debtors, the Equity Committee has limited the efforts and narrowed the focus of its Professionals to essential aspects of the chapter 11 cases to the fullest extent possible.  In that regard, in its continued efforts to keep costs to a minimum and operate in the most efficient and cost effective manner possible, the Equity Committee determined to suspend the efforts and activities of Houlihan and Farrell Fritz. As such, the roles and responsibilities of Houlihan and Farrell Fritz ceased on March 6, 2009. However, the Equity Committee has decided that the active assistance and advice of legal counsel is necessary for the Equity Committee to continue to fulfill its statutory duties.  As such, the Equity Committee believes it imperative that it continue to retain Fried Frank.  The Equity Committee will, and Fried Frank has assured the Equity Committee that it will, continue to operate in the most efficient and cost effective manner possible.

22.     The Equity Committee is confident that its continuing commitment to focus and limit its and Fried Frank's efforts will ensure costs and expenses are held to a minimum.  The Equity Committee believes that its continued existence is necessary to protect all Delphi equity holders and that the costs of allowing the Equity Committee to continue are necessary and will not impose a material burden in the Debtors' estates.  The Equity Committee therefore requests that the Motion be denied.

6

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 20, 2009

                                                          _/s/ Luqman Yacub_____
                                                          Luqman Yacub
                                                          Equity Committee Chairman

7258290