# Exhibit A

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Doha | Orange County |
| Dubai | Paris |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Madrid | Singapore |
| Milan | Tokyo |
| Moscow | Washington, D.C. |

# LATHAM&WATKINS LLP

February 26, 2009

## VIA U.S. MAIL AND FACSIMILE: (212) 668-2255

Brian S. Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Re:   In re Delphi Corporation, et al.: Official Committee of Equity Security Holders

Dear Mr. Masumoto:

You may recall that this firm represents the Official Committee of Unsecured Creditors (the "Creditors' Committee") that has been appointed in the chapter 11 cases of Delphi Corporation and certain of its affiliates (collectively, the "Debtors"). The Creditors' Committee understands that a few months ago, counsel for the Debtors communicated to you about the possibility of disbanding the Official Committee of Equity Security Holders (the "Equity Committee") that has been appointed in these cases. The Creditors' Committee further understands that in response to that communication, the Office of the United States Trustee noted that a "process" would need to be commenced to disband the Equity Committee.

In light of the Debtors' current financial state and future financial outlook, the Creditors' Committee urges the Office of the United States Trustee to begin and complete whatever process is required to disband the Equity Committee. As you may be aware, the Debtors not only are "hopelessly insolvent," but their general unsecured creditors most likely will not receive a very significant recovery from the Debtors' estates through any confirmed revised chapter 11 plan of reorganization or through a liquidation. Accordingly, the continued existence of the Equity Committee would serve no purpose other than creating additional administrative expenses for the benefit of its various professionals. These additional administrative expenses would only reduce the Debtors' liquidity and diminish the potential recoveries to general unsecured creditors. The Debtors' estates would not receive any benefit in return for these additional expenses. In fact, the Equity Committee may deem itself duty-bound to litigate against any chapter 11 plan that provides nothing to equity security holders (thus creating even more delay and expense for the Debtors' estates). Unfortunately, however, the Creditors' Committee believes that there is no conceivable scenario in which holders of existing equity interests would receive any distribution from the Debtors' estates under the Absolute Priority Rule. To put it succinctly, while the

NY\1500484.1

February 26, 2009
Page 2

## LATHAM&WATKINS LLP

appointment of the Equity Committee probably made sense earlier in the Debtors' chapter 11 cases, its continued existence no longer makes sense now.

Please feel free to contact me if you would like to discuss this matter further, and let me know if the Creditors' Committee or my firm can be of any assistance.

Best regards,

Robert Rosenberg

Robert J. Rosenberg
of LATHAM & WATKINS LLP

cc.    John Wm. Butler, Jr.

2

# Exhibit B



**David M. Sherbin**
Vice President, General Counsel
& Chief Compliance Officer

February 27, 2009

**By Telecopier and**
**By Federal Express**

Brian S. Masumoto, Esq.
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004

      RE:    In re Delphi Corporation, <u>et al.</u>,
               <u>Case No. 05-44481 (RDD) – Equity Committee</u>

Dear Mr. Masumoto:

I write regarding the official committee of equity security holders (the "Equity Committee") of
Delphi Corporation ("Delphi"). We received a copy of the letter to you regarding the Equity
Committee, dated February 26, 2009, from counsel to Delphi's creditors' committee (the
"Creditors' Committee"). Based on the current circumstances of the above-referenced cases,
we concur with the Creditors' Committee's belief that the Equity Committee should now be
disbanded.

                    Very truly yours,

                    David M. Sherbin
                    Vice President, General Counsel
                    and Chief Compliance Officer

# Exhibit C

## FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line: 212.859.8019
Fax:  212.859.4000
schelbr@ffhsj.com

March 2, 2009

**Via Hand Delivery**

Brian S. Masumoto, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Re:    In re Delphi Corporation, et al., Debtors (collectively, the "Debtors"),
Jointly Administered Case No. 05-44481 (RDD)

Dear Mr. Masumoto:

I hereby acknowledge receipt of the recent letters from the Debtors and the Creditors' Committee regarding the Creditors' Committee's request to disband the Equity Committee.  We have forwarded the letters to the members of the Equity Committee, and we are scheduling a meeting of the Equity Committee by teleconference this week to discuss the request.  In that regard, on behalf of the Equity Committee, I ask that the Office of the United States Trustee await our response before taking any action in connection with the request to disband the Equity Committee.

We will be back to you and all other recipients of this letter forthwith.

Thank you.

Very truly yours,

Brad Eric Scheler

cc:    Members of the Equity Committee
Ms. Tanja Aalto
John Wm. Butler, Jr., Esq.
Robert J. Rosenberg, Esq.
Jeffrey L. Tanenbaum, Esq.

New York ● Washington ● London ● Paris ● Frankfurt

A Delaware Limited Liability Partnership                 7220371

# Exhibit D

# FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line:  212.859.8019
Fax:  212.859.4000
schelbr@ffhsj.com

March 5, 2009

**Via Hand Delivery and Facsimile**

Brian S. Masumoto, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

> Re:   In re Delphi Corporation, et al., Debtors (collectively, the "Debtors"),
>          Jointly Administered Case No. 05-44481 (RDD)

Dear Mr. Masumoto:

This letter is a follow up to my letter to you dated March 2, 2009, in relation to the letter of the Creditors' Committee to you dated February 26, 2009 requesting that the Office of the United States Trustee disband the Equity Committee, and the Debtors' February 27, 2009 letter joining in the request.  As suggested in my previous letter, the Equity Committee has met and discussed the request of the Creditors' Committee.

The Equity Committee has asked me to report to you and to all recipients of this letter that the Equity Committee is sensitive to the basis for and concerns underlying the request.  However, the Equity Committee believes that an alternative arrangement as set forth herein is more appropriate.

The Equity Committee suggests that the active participation of its members continue but, owing to the concerns articulated by the Creditors' Committee and joined in by the Debtors, as of the close of business this Friday, March 6, 2009, the Equity Committee will be suspending the efforts and activities of the three professional firms acting for the Equity Committee.  By reason of this suspension and subject to requisite authorization and approval of the Bankruptcy Court, Fried, Frank, Harris Shriver & Jacobson LLP, Houlihan Lokey and Farrell Fritz, P.C. will, as of the end of this week, terminate all efforts and activities on behalf of the Equity Committee.  As such, the Equity Committee will continue to function, but the roles and responsibilities of the Equity Committee's professionals will cease and the Equity Committee will continue

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Page 2

without professionals. The termination of such efforts and activities by such professionals will be permanent unless and until otherwise mutually agreed by your office, the Debtors, the Debtor-in-Possession Lenders, General Motors Corporation, the Creditors' Committee and the Bankruptcy Court.

Throughout the Debtors' chapter 11 cases, the Equity Committee and its advisors have undertaken efforts to represent the Equity Committee and its constituents in the most efficient and cost effective manner possible, while ensuring that the Equity Committee has had the information and advice necessary to fulfill its statutory duties. The Equity Committee and its professionals have accommodated previously the Debtors' efforts to reduce costs by pairing down efforts and writing off charges. Houlihan Lokey, the Equity Committee's financial advisor, has substantially reduced its monthly fee, and we have been working on a bare minimum basis.

As the Debtors and the Creditors' Committee have conceded, the Debtors' estates have no value in excess of the Debtors' outstanding debtor-in-possession financing. That said, value attributable to recoveries from GM and the Plan Investors and value received by and from GM is, will and must be subject to the non absolute priority rights and claims of both equity holders and creditors of Delphi.

As the Equity Committee has maintained throughout the Debtors' chapter 11 cases, the recovery due to existing equity holders is not and has never been premised on absolute priority. The recovery to existing equity holders will flow from GM's contributions to the Debtors, the Debtors' distributions to GM and any recovery from the Plan Investors. By its letter, the Creditors' Committee has conceded that the lone source of potential recovery that is now available to unsecured creditors is the same as the source of recovery to existing equity. In an effort to divest the Equity Committee of its powers and to eliminate the pari passu right to recovery that belongs to Delphi equity holders, by sleight of hand and Equity Committee disbandment process the Creditors' Committee is attempting to avert dilution. Focus by the Creditors' Committee on the reduced value available from the Debtors' estates (without considering contributions from GM or the Plan Investors) and reliance on absolute priority in this regard is baseless.

All are well aware that GM is facing its own challenges, and that substantial uncertainty surrounds GM. Recovery to existing equity will depend on and come from GM.[1] Without cost and expense of professionals, the Equity Committee should be allowed to remain in place to monitor and participate in the Debtors' chapter 11 cases until a better and more crystallized understanding of GM's own fate may be ascertained.

---

[1]    As set forth above, the Equity Committee believes that the Debtors' existing equity holders are also entitled to a portion of any recovery from the Plan Investors. Another reason why the Equity Committee should and must remain in place.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Page 3

In agreeing to have the efforts of its professionals suspended and terminated as of the end of this week, the Equity Committee's main objective is and will be to ensure that the claims of existing equity holders are preserved, protected and maximized, and that third party releases are not granted and claims against GM settled that would compromise the rights of existing equity holders without fair compensation. If circumstances arise that result in the Equity Committee determining that it has a need for the assistance of professionals, the Equity Committee will relate that need and bring the same to the attention of all recipients of this letter and will seek relief on notice and a hearing from the Bankruptcy Court. The proposal set forth herein solves and eliminates the cost issue raised by the Creditors' Committee and joined by the Debtors. The Equity Committee has asked us to relate that the failure of the Creditors' Committee to embrace the proposal set forth herein will put the lie to the reason and timing of the subject request.[2]

If parties disagree with the Equity Committee's approach, the Equity Committee hereby requests a meeting with the Office of the United States Trustee and, if necessary, Judge Drain, to address this issue. Fried Frank is available to meet with the Office of the United States Trustee at no cost to the Debtors' estates to discuss any issues or concerns with this suggested approach, and to ensure that the Office of the United States Trustee is aware of and understands the Equity Committee's position with respect to the Debtors' chapter 11 cases, GM and recoveries to equity. In addition, if the Office of the United States Trustee requires additional information on these points, the Equity Committee is prepared to make available to the Office of the United States Trustee a letter dated August 24, 2006 that discusses the claims, causes of action and defenses against GM and the rights of existing equity holders related thereto.

If the proposal set forth herein is acceptable to all parties, we and the Equity Committee will implement the withdrawal of the Equity Committee's professionals consistent with and as required by applicable law and rules and with the authorization and approval of the Bankruptcy Court.

In connection with the subject of this letter, the members of the Equity Committee have asked us to remind and relate to you and all recipients of this letter that the four members who have served continuously on the Equity Committee were restricted from trading their securities at times when equity was trading at significant premiums to current value. Owing to their service on the Equity Committee and their

---

[2]    The members of the Equity Committee have noted in their discussions that owing to the financial condition of the Debtors and the Debtors' estates, the circumstances facing the Equity Committee are equally applicable to the Creditors' Committee. The members of the Equity Committee urge that the recipients of this letter put in place a similar suspension of the activities of professionals for the Creditors' Committee.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Page 4

service and duty to the estates, the four members of the Equity Committee have invested significant time and energy in connection with their duties as members of the Equity Committee and have suffered losses owing to missed opportunities to sell their securities (as have members of the Creditors' Committee).

The Equity Committee and its advisors are available at your convenience to discuss any questions or concerns that you may have.

Thank you.

Very truly yours,

Brad Eric Scheler

cc:   Members of the Equity Committee
      Ms. Tanja Aalto
      Louis A. Scarcella, Esq.
      John Wm. Butler, Jr., Esq.
      Robert J. Rosenberg, Esq.
      Jeffrey L. Tanenbaum, Esq.
      Donald S. Bernstein, Esq.

7220404

# Exhibit E

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Doha | Orange County |
| Dubai | Paris |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Madrid | Singapore |
| Milan | Tokyo |
| Moscow | Washington, D.C. |

March 6, 2009

## VIA U.S. MAIL AND FACSIMILE: (212) 668-2255

Brian S. Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Re:     In re Delphi Corporation, et al.: Official Committee of Equity Security Holders

Dear Mr. Masumoto:

The purpose of this letter is to respond to the March 5, 2009 letter to you from Mr. Scheler on behalf of the Official Committee of Equity Security Holders (the "Equity Committee") appointed in the chapter 11 cases of Delphi Corporation and its affiliates (collectively, the "Debtors").

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appreciates the Equity Committee's proposal that its professionals would cease providing services as of the close of business today, subject to any future order of the Bankruptcy Court authorizing these professionals to restart these services. The Creditors' Committee believes that this is an acceptable solution.

However, we take issue with certain of the assertions that Mr. Scheler made in the March 5 letter that are, to say the least, inaccurate. First, the Creditors' Committee has never conceded at any time that "the Debtors' estates have no value in excess of the Debtors' outstanding debtor-in-possession financing." To the contrary, the Creditors' Committee continues to believe that distributions are available for general unsecured creditors under a reasonable enterprise valuation. However, it is absolutely clear that there is insufficient value in the Debtors' estates to permit distributions to existing equity holders on an absolute priority basis.

Second, contrary to the assertion in Mr. Scheler's March 5 letter, the Creditors' Committee did not concede in its February 26 letter that the "lone source of potential recovery that is now available to unsecured creditors is the same as the source of recovery to existing equity." Indeed, the Creditors' Committee could not make that concession because it is not true. The Creditors' Committee specifically negotiated an amendment to the Global Settlement Agreement between the Debtors and General Motors Corporation ("GM"), whereby general

**LATHAM & WATKINS** LLP

unsecured creditors would receive a distribution from the Debtors out of distributions made to GM on its administrative claim either in a reorganization or a liquidation scenario. For example, the Creditors' Committee negotiated a "carve-out" from GM's administrative expense claim arising out of the Global Settlement Agreement, which carve-out would permit general unsecured creditors to receive an aggregate distribution of $300 million. The Equity Committee does not have a similar carve-out and thus no right to the recovery to which unsecured creditors will be entitled.

It should also be noted that Judge Drain has made it clear that he would prefer that the Debtors propose and confirm a chapter 11 plan. Indeed, the Debtors are in the process of revising their confirmed plan, which revised plan must be filed by April 2. For any plan that impairs a class of claims to be confirmed, at least one class of impaired creditors must accept the plan. Given that the class of general unsecured creditors is the only impaired class of claims that would receive a distribution under a plan, the general unsecured creditor class' acceptance of the plan is required. Thus, a properly functioning Creditors' Committee is necessary to protect the interests of general unsecured creditors. For the reasons stated above, it would not make sense for the Creditors' Committee's professionals to suspend their work, as the Equity Committee suggests in footnote 2 of the March 5 letter.

Please feel free to contact me if you would like to discuss this matter further, and let me know if the Creditors' Committee or my firm can be of any assistance.

Best regards,

Robert J. Rosenberg
of LATHAM & WATKINS LLP

cc.    John Wm. Butler, Jr.
Brad Eric Scheler
Jeffrey L. Tanenbaum
Donald S. Bernstein

# Exhibit F

# DELPHI

**David M. Sherbin**
Vice President, General Counsel
& Chief Compliance Officer

**Via Facsimile and Federal Express**

March 13, 2009

Brian S. Masumoto, Esq.
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004

RE: **In re Delphi Corporation, et al**
Case No. **05-44481 (RDD) – Equity Committee**

Dear Mr. Masumoto:

I am writing to you as a follow-up to the letter I sent to you on behalf of the Debtors dated February 27, 2009, as well as the letter dated March 5, 2009 sent to you by counsel to the official committee of equity security holders (the "Equity Committee") of Delphi Corporation ("Delphi").

Counsel to the Equity Committee has proposed that, rather than disband the Equity Committee as proposed by counsel to Delphi's creditors committee (the "Creditors' Committee"), the Equity Committee remain in place without representation by legal or financial advisors. Delphi has two significant concerns with this approach. As you know, this is a very large and complex case, and Delphi has serious doubts about the efficacy of an unrepresented statutory committee comprised solely of individual investors. Moreover, given that there is no circumstance currently being considered by Delphi, its DIP lenders, the Creditors' Committee, or General Motors Corporation under which any distribution would be made to equity holders, we reiterate our previously communicated position that there is no reason not to disband the Equity Committee.

Very truly yours,

David M. Sherbin

cc:   John Wm. Butler, Jr., Esq.
        Robert J. Rosenberg, Esq.

World Headquarters and Customer Center  5725 Delphi Drive   Troy, Michigan 48098-2815  USA
Tel:  [1] 248-813-3009   Fax:  [1] 248-813-2491   E-Mail:  david.sherbin@delphi.com

# Exhibit G



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

---

*33 Whitehall Street*          *(212) 510-0500*
*21" Floor*                    *Fax: (212) 668-2255*
New York, New York 10004

March 18, 2009

**Via Telecopier and Regular Mail**

Robert J. Rosenberg, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022

> Re:    In re Delphi Corporation, et al.
>        Case No. 05-44481 (RDD)

Dear Mr. Rosenberg:

The United States Trustee has received and reviewed your initial letter dated February 26, 2009, requesting that the Equity Committee be disbanded, as well as your subsequent letter dated March 6, 2009, accepting the proposal of the Equity Committee that its professionals cease providing services going forward. She also received and reviewed the Equity Committee's letters dated March 2, 2009, requesting an opportunity to respond to your letter dated February 26, 2009, and the Equity Committee's response dated March 5, 2009. Finally, she has also received and reviewed letters from the Debtors dated February 27, 2009, supporting the Creditors' Committee request that the Equity Committee be disbanded, and March 13, 2009, rejecting the Equity Committee's proposal.

This letter responds to your letters insofar as they request that the Equity Committee be disbanded. After careful consideration of your request, and your acceptance of the Equity Committee's proposal, as well as the correspondence from the Equity Committee and the Debtors, the United States Trustee declines to disband the equity committee at this time.

Robert J. Rosenberg, Esq.
March 18, 2009
Page 2

---

    Should the circumstances of this case change, please do not hesitate to contact us.
Thank you.

        Very truly yours,

        DIANA G. ADAMS
        UNITED STATES TRUSTEE

    By:   _Brian S. Masumoto_

        Brian S. Masumoto
        Trial Attorney

cc:  Brad Eric Scheler, Esq.
   David M. Sherbin, Esq.

# Exhibit H

April 5, 2009

Brian S. Masumoto, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

        Re:    In re Delphi Corporation, et al., Debtors (collectively, the "Debtors"),
                Jointly Administered Case No. 05-44481 (RDD)

Dear Mr. Masumoto:

        The Equity Committee appreciated the opportunity to speak with you on Friday.
Our discussion was most helpful and we would like to thank you for your time and
consideration. As you know, we believe it is of critical import that the Equity
Committee continue to function in the Debtors' chapter 11 cases. The Equity
Committee intends to do so with the assistance of legal counsel.

        Initially, the Equity Committee embraced the idea of operating without the
assistance and advice of professionals. We believed there would be time to see how the
Debtors' efforts developed before we would again need such assistance. However, it
has become apparent to the members of the Equity Committee that the timing of the
efforts of the Creditors' Committee, as joined in by the Debtors, to have the Equity
Committee disbanded was not serendipitous. In fact, we are now at a critical stage in
the Debtors' chapter 11 cases. Recent activity has made it clear that the Equity
Committee should and must continue to function with the benefit of counsel.

        As always, Fried, Frank, Harris, Shriver & Jacobson LLP has informed us that
they are ready, willing and able to act on behalf of the Equity Committee, and it is
imperative that we have the assistance of Fried Frank so that we may properly and
adequately represent our constituents. Therefore, the Equity Committee is hereby
withdrawing its previous voluntary suspension of Fried Frank.

        The Equity Committee remains sensitive to the need and desire for all parties to
keep costs to a minimum, and the Equity Committee will, and Fried Frank has assured
us that it will, continue to operate in the most efficient and cost effective manner
possible. In addition, the Equity Committee has determined that the suspension of the
efforts and activities of Houlihan Lokey and Farrell Fritz, P.C., will remain effective.
The roles and responsibilities of Houlihan Lokey and Farrell Fritz ceased on March 6,

Page 2

2009.

During our conversation, you indicated that the Office of the United States
Trustee would not seek disbandment of the Equity Committee and that the Equity
Committee needed to have counsel in place in order to function effectively. The Equity
Committee hopes and expects that the Debtors and the Creditors' Committee defer to
the judgment of the Office of the United States Trustee on these matters. To apprise
them of our deliberations and determinations, I am sending copies of this letter to their
respective counsel.

We are available at your convenience to discuss any questions or concerns that
you may have.

Thank you.

Very truly yours,

Luqman Yacub

cc:    Members of the Equity Committee
       Brad Eric Scheler, Esq.
       Ms. Tanja Aalto
       Louis A. Scarcella, Esq.
       John Wm. Butler, Jr., Esq.
       Robert J. Rosenberg, Esq.
       Jeffrey L. Tanenbaum, Esq.
       Donald S. Bernstein, Esq.

# Exhibit I



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

*33 Whitehall Street*          *(212) 510-0500*
*21st Floor*                   *Fax: (212) 668-2255*
*New York, New York 10004*

April 7, 2009

**Via Telecopy and Regular Mail**

Richard J. Slivinski, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8726
Fax: 212.859.4000

   Re: In re Delphi Corporation, et al.
     Case No. 05-44481 (RDD)

Dear Mr. Slivinski:

   The United States Trustee has received the letter dated April 5, 2009, from Mr. Luqman Yacub, advising that the Equity Committee has decided to continue to participate in the above-referenced bankruptcy case with the assistance of its counsel. At the request of the members of the Equity Committee, Equity Committee Counsel arranged, but did not participate in, a telephone conference call between the members of the Equity Committee and this office on Friday April 3, 2009. Because Equity Committee Counsel did not participate during the conference call, a clarification of the substance of the discussion appears to be warranted.

   The first and most important point we conveyed to the Equity Committee was that if the Equity Committee entered into a stipulation agreeing to be relieved of its fiduciary duty to the equity security holders, the United States Trustee would be compelled to disband the Equity Committee.

   Secondly, during the discussion, the United States Trustee advised the members of the Equity Committee that the **Debtors** had communicated their belief that the Equity Committee must be represented by counsel in the bankruptcy case. The United States Trustee has not taken a position on whether the Equity Committee may continue in existence without representation of counsel.

Richard J. Slivinski, Esq.
April 7, 2009
Page 2

---

      If you have any questions, please do not hesitate to contact the undersigned at your convenience. Thank you for your attention to this matter.

                   Very truly yours,

                   DIANA G. ADAMS
                   UNITED STATES TRUSTEE

            By:

                   Brian S. Masumoto
                   Trial Attorney

cc:    Brad Eric Scheler, Esq.
       Robert J. Rosenberg, Esq.
       John Wm. Butler, Jr., Esq.
       Kayalyn A. Marafioti, Esq.
       David M. Sherbin, Esq.