**Hearing Date & Time:  April 23, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
              Debtors.              :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' REPLY IN SUPPORT OF EXPEDITED MOTION
TO DISBAND OR SUSPEND EQUITY COMMITTEE

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby reply to the objection (the "Objection") of the Equity Committee[1] (Docket No. 16565) and the declaration (the "Declaration") of Mr. Luqman Yacub (Docket No. 16566) in support of the Objection, each filed on April 20, 2009, to the Debtors' Expedited Motion for Order Directing United States Trustee to (I) Disband Official Committee of Equity Security Holders or, Alternatively, (II) Suspend Activities of Official Committee of Equity Security Holders and Its Professionals, dated April 13, 2009 (the "Motion") (Docket No. 16558).

1. The principal reason the Debtors filed the Motion is that their administrative efforts, and those of the Creditors' Committee, to achieve a consensual suspension of the Equity Committee did not conclude satisfactorily.[2] The Debtors acknowledge that the Equity Committee and its Professionals have performed their duties and served the interests of their constituents admirably. Given the current circumstances in these chapter 11 cases, however, which are very different from those which existed in March 2006 when the Equity Committee was appointed, the Debtors believe that the Equity Committee should now be disbanded or suspended.

2. Contrary to the Equity Committee's assertion, if this Court grants the relief requested in the Motion, the Debtors should not be required to give individualized notice to each equity security holder. Kurtzman Carson Consultants, LLC ("KCC"), the claims and noticing agent in these chapter 11 cases, has advised the Debtors that sending a mere one-page notice via U.S. Mail to the Debtors' approximately 275,000 registered equity security holders and

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

[2] The Creditors' Committee filed a statement in support of the Motion on April 20, 2009 (Docket No. 16567).

2

approximately 166,000 equity security holders whose securities are held through brokers would cost the Debtors approximately $405,000.00.  KCC has further informed the Debtors that even a notice by postcard would cost approximately $200,000.00.  The Debtors' estates should not be required to bear these costs.  The Debtors submit that an appropriate notice on [www.delphidocket.com](www.delphidocket.com) should suffice to notify equity security holders of whatever relief this Court grants.

        3.     The Objection and the Declaration offer no defense to the assertions made in the Motion.  Accordingly, as anticipated in paragraph 7 of the Equity Committee Appointment Order, this Court should direct the U.S. Trustee to disband the Equity Committee as of March 6, 2009, or, alternatively, suspend the activities of the Equity Committee and its Professionals as of March 6, 2009, subject to further application to this Court upon notice to the U.S. Trustee.

        WHEREFORE, the Debtors' respectfully request that this Court (i) overrule the Objection, (ii) grant the Motion, (iii) enter an order in substantially the same form as the proposed order attached to the Motion, and (iv) grant the Debtors such other and further relief as is just.

Dated:    New York, New York
          April 22, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

           - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

4