# **EXHIBIT 3**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtor. | : | (Jointly Administered) |

NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO QUALIFIED BIDDERS
<u>WITH SALE OF BRAKES AND RIDE DYNAMICS BUSINESSES</u>

PLEASE TAKE NOTICE THAT:

    1.    Pursuant to the Order Under 11 U.S.C. §§ 363 And 1123 And Fed. R.

Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid

Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale

Hearing Date In Connection With Sale Of Brakes And Ride Dynamics Businesses, entered on **[April __, 2009]** (the "Bidding Procedures Order"), Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] entered into a Master Sale And Purchase Agreement (the "Agreement") with Beijing West Heavy Industries Co., Ltd. and certain of its affiliates (the "Buyers") on March 30, 2009, for the purchase of substantially all of the Selling Debtor Entities' assets (the "Acquired Assets") primarily used in the brakes and ride dynamics businesses of the Selling Debtor Entities (the "Sale Businesses").

2.     Pursuant to the Bidding Procedures set forth in the Bidding Procedures Order and the attachments thereto, the following parties, in addition to the Buyers, have submitted Qualified Bids for the Acquired Assets and will participate in an Auction to be held on May 15, 2009 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 or Four Times Square, New York, New York 10036, or such later time or other place as the Selling Debtor Entities notify all Qualified Bidders who have submitted Qualified Bids (but in no event later than the second Business Day prior to the Sale Hearing).

| **Qualified Bidders** |
|---|
|  |
|  |

3.     Pursuant to the terms of the Agreement (or any asset sale and purchase agreement that the Selling Debtor Entities may enter into with the Successful Bidder), the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the

---

[1] Under the Agreement, the Selling Debtor Entities are Delphi Corporation, Delphi Automotive Systems LLC, and Delphi Technologies, Inc. For the purpose of convenience, references to the "Sellers" herein (including in all exhibits) means, as the context requires, (i) the Selling Debtors Entities to the extent such references implicates assets of the Selling Debtor Entities or (ii) non-debtor affiliates to the extent such reference implicates assets of the non-debtor affiliates. Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement. For convenience, use of the term "Selling Debtor Entities" means, as the context requires, the specific debtor entity undertaking the transaction referenced to the extent such transaction affects the assets of such entity.

2

"Assumed U.S. Contracts") listed on <u>Exhibit 1</u> hereto to the Buyers or the Successful Bidder, as case may be, subject to approval at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on May 21, 2009 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

        4.        In accordance with this Court's prior orders in connection with confirmation of the Debtors' Plan, unless otherwise noted on <u>Exhibit 1</u>, non-Debtor counterparties to Assumed U.S. Contracts will be entitled to recover only the Cure Amounts[2] as listed on <u>Exhibit 1</u> hereto and will be barred and enjoined from asserting at the Sale Hearing or otherwise that any other amounts are owing on account of any prepetition default. Cure amounts, if any, will only be paid to the non-Debtor counterparty to such Assumed U.S. Contract.  Unless otherwise noted in <u>Exhibit 1</u>, a non-Debtor counterparty to an Assumed U.S. Contract has the right to object only to the adequate assurance of future performance by the Buyers.  In addition, should a non-Debtor counterparty to an Assumed U.S. Contract assert that a postpetition default exists which must be cured pursuant to section 365, such counterparty must file an objection as set forth in paragraph 6 below.

        5.        The Selling Debtor Entities assert that pursuant to 11 U.S.C. § 365, there is adequate assurance that the Cure Amount set forth on <u>Exhibit 1</u> hereto will be paid in accordance with the terms of the Sale Approval Order.  Further, the Selling Debtor Entities assert that there is adequate assurance of the Qualified Bidders' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Qualified Bidders.

        6.        Objections, if any, to the assumption and assignment of an Assumed U.S. Contract to a Qualified Bidder, who may ultimately become the Successful Bidder, must

---

[2]     "Cure Amounts" are those amounts that the Selling Debtor Entities believe are necessary to assume contracts or leases under section 365 of the Bankruptcy Code.

(a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered December 4, 2008 (Docket No. 14534), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (f) be served in hard-copy form <u>so that they are actually received</u> by May 19, 2009 by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Allison K. Verderber Herriott), (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel for

4

the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (vii) counsel for the Buyers, Honigman, Miller, Schwartz & Cohn LLP, 444 West Michigan Avenue, Kalamazoo, Michigan 49007 (Att'n: Phillip D. Torrence) and Vinson & Elkins LLP, 20/F, Beijing Silver Tower, No. 2 Dong San Huan Bei Lu, Chaoyang District, Beijing 100027, China (Att'n: Xiao Yong), and (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto).

7. An objection to the assumption and assignment of an Assumed U.S. Contract to any Qualified Bidder will be entertained only if such objection raises issues unique to a Qualified Bidder that could not have been brought earlier in response to the previously-served notice of assumption and assignment to the Buyers.

8. If an objection to the assumption and assignment of an Assumed U.S. Contract to any Qualified Bidder set forth above is timely filed and received (and raises issues unique to the Qualified Bidder), a hearing with respect to the objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, at the Sale Hearing or such other date and time as the Court may schedule.  If no objection is timely filed and received, each non-Debtor counterparty to an Assumed U.S. Contract will be deemed to have consented to the assumption and assignment of the Assumed U.S. Contract to the Qualified Bidder that is selected as the Successful Bidder and will be forever barred from asserting any other claims as to such Assumed U.S. Contract, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Assumed U.S. Contract, against the Selling Debtor Entities or the Successful Bidder, or the property of either of them.

9. In the event that the Selling Debtor Entities emerge from these chapter 11 cases prior to the closing of the Sale, then the Assumed U.S. Contracts listed on Exhibit 1 would not be assumed under the Sale Approval Order. Instead, the Assumed U.S. Contracts listed on Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any Cure Amounts would be paid in accordance with the confirmed Plan, as it may be modified. Even if the Assumed U.S. Contracts listed on Exhibit 1 are assumed pursuant to the Debtors' Plan, the Selling Debtor Entities would assign such contracts to the Buyers under the terms of the order approving the sale of the Sale Businesses.

10. Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Assumed U.S. Contract and provide a new notice amending the information provided in this notice.

Dated: New York, New York
_____, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By: _____
          John Wm. Butler, Jr.
          John K. Lyons
          Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

          - and -

        By:_____
          Kayalyn A. Marafioti
          Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession