SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
In re                     :    Chapter 11
                            :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                            :
             Debtor.   :    (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION
WITH SALE OF BRAKES AND RIDE DYNAMICS BUSINESSES

PLEASE TAKE NOTICE THAT:

        1.       Pursuant to the Order Under 11 U.S.C. §§ 363 And 1123 And Fed. R.

Bankr. P. 2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid

Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale

Hearing Date In Connection With Sale Of Brakes And Ride Dynamics Businesses, entered on

May 1, 2009 (the "Bidding Procedures Order "), Delphi Corporation ("Delphi") and certain of

its affiliates, including certain affiliated chapter 11 debtors as set forth in the Agreement (the

"Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the

"Agreement") with Beijing West Heavy Industries Co., Ltd. and certain of its affiliates (the

"Buyers") on March 30, 2009 for the purchase of substantially all of the Selling Debtor

Entities' assets (the "Acquired Assets") primarily used in the brakes and ride dynamics

businesses of the Selling Debtor Entities (the "Sale Businesses").

        2.      Pursuant to the terms of the Agreement and subject to completion of a

competitive bidding process described in the Bidding Procedures Order and the attachments

thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts

(the "Assumed U.S. Contracts") listed on Exhibit 1 hereto to the Buyers at the hearing to be

held at 10:00 a.m. (prevailing Eastern time) on May 21, 2009 (the "Sale Hearing") before the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004.

        3.      In accordance with this Court's prior orders in connection with

confirmation of the Debtors' Plan, unless otherwise noted on Exhibit 1, non-Debtor

counterparties to Assumed U.S. Contracts will be entitled to recover only the Cure Amounts[2]

---

[1]      Under the Agreement, the Selling Debtor Entities are Delphi Corporation, Delphi Automotive Systems
LLC, and Delphi Technologies, Inc. For the purpose of convenience, references to the "Sellers" herein
(including in all exhibits) means, as the context requires, (i) the Selling Debtor Entities to the extent
such references implicates assets of the Selling Debtor Entities or (ii) non-debtor affiliates to the extent
such reference implicates assets of the non-debtor affiliates. Certain assets will be sold under the
Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the
Agreement. For convenience, use of the term "Selling Debtor Entities" means, as the context requires,
the specific debtor entity undertaking the transaction referenced to the extent such transaction affects
the assets of such entity.

[2]      "Cure Amounts" are those amounts that the Selling Debtor Entities believe are necessary to assume
contracts or leases under section 365 of the Bankruptcy Code.

as listed on Exhibit 1 hereto and will be barred and enjoined from asserting at the Sale

Hearing or otherwise that any other amounts are owing on account of any prepetition default.

Cure amounts, if any, will only be paid to the non-Debtor counterparty to such Assumed U.S.

Contract.  Unless otherwise noted in Exhibit 1, a non-Debtor counterparty to an Assumed

U.S. Contract has the right to object only to the adequate assurance of future performance by

the Buyers.  In addition, should a non-Debtor counterparty to an Assumed U.S. Contract

assert that a postpetition default exists which must be cured pursuant to section 365 of the

Bankruptcy Code, such counterparty must file an objection as set forth in paragraph 4 below.

        4.        Objections, if any, to the assumption and assignment of an Assumed

U.S. Contract, including objections asserting the existence of a postpetition default that must

be cured under section 365 of the Bankruptcy Code, must (a) be in writing, (b) state with

specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883),

and the Thirteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R.

Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain

Notice, Case Management, And Administrative Procedures, entered December 4, 2008

(Docket No. 14534), (d) be filed with the Bankruptcy Court in accordance with General

Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system

must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form <u>so that it is actually received</u> by May 11,

2009 by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: Deputy General Counsel, Transactional & Restructuring), (iii) counsel to the Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago,

Illinois 60606 (Att'n: Ron E. Meisler and Allison K. Verderber Herriott), (iv) counsel for the

agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue,

New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the

official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New

York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for

the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson

LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii)

counsel for the Buyers, Honigman, Miller, Schwartz & Cohn LLP, 444 West Michigan

Avenue, Kalamazoo, Michigan 49007 (Att'n: Phillip D. Torrence) and Vinson & Elkins LLP,

20/F, Beijing Silver Tower, No. 2 Dong San Huan Bei Lu, Chaoyang District, Beijing

100027, China (Att'n: Xiao Yong), and (ix) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004

(Att'n:  Brian Masumoto).

        5.       If an objection to the assumption and assignment of a Assumed U.S.

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such other date and time as the Court

may schedule.  If no objection is timely received, each non-Debtor party to an Assumed U.S.

Contract will be deemed to have consented to the assumption and assignment of the Assumed

U.S. Contract to the Buyers and will be forever barred from asserting any other claims,

including, but not limited to, the propriety or effectiveness of the assumption and assignment

of the Assumed U.S. Contract, against the Selling Debtor Entities or the Buyers, or the

property of either of them.

6.      Pursuant to 11 U.S.C. § 365, the Selling Debtor Entities assert there is

adequate assurance of future performance that the Cure Amount set forth on Exhibit 1 hereto

will be paid in accordance with the terms of the Sale Approval Order.  Further, the Selling

Debtor Entities assert that there is adequate assurance of the Buyers' future performance

under the executory contract or unexpired lease to be assumed and assigned because of the

significant resources of the Buyers.

7.      In the event that the Selling Debtor Entities emerge from these chapter 11

cases prior to the closing of the Sale, then the Assumed U.S. Contracts listed on Exhibit 1 would

not be assumed under the Sale Approval Order.  Instead, the Assumed U.S. Contracts listed on

Exhibit 1 would be assumed pursuant to the Debtors' plan of reorganization (the "Plan"), and any

Cure Amounts would be paid in accordance with the confirmed Plan, as it may be modified.

Even if the Assumed U.S. Contracts listed on Exhibit 1 are assumed pursuant to the Debtors'

Plan, the Selling Debtor Entities would assign such contracts to the Buyers under the terms of the

order approving the sale of the Sale Businesses.

8.      Prior to the Closing Date, the Selling Debtor Entities may revise their

decision with respect to the assumption and/or assignment of any Assumed U.S. Contract and

provide a new notice amending the information provided in this notice.

Dated:  New York, New York
       May 1, 2009

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

# EXHIBIT 1

County of Marquette
Marquette County Courthouse Complex
Marquette, MI 49855

| Contract to be assumed: | Cure amount: |
| --- | --- |
| Lease Agreement between The County of Marquette and Delphi Automotive Systems, LLC dated August 1, 2000 as amended by First Addendum to Lease dated October 11, 2001, Second Addendum to Lease dated November 1, 2001, Third Addendum to Lease dated October 17, 2002, and Fourth Addendum to Lease dated August 1, 2005 | $0.00 |

# EXHIBIT 1

Detroit & Mackinac Railway Company
1410 South Valley Center Drive
Bay City, MI 48706

| Contract to be assumed: | Cure amount: |
|---|---|
| Lease between Detroit & Mackinac Railway Company and General Motors Corporation dated June 26, 1998; including Addendum dated July 1, 1998; Sublease between General Motors Corporation and Delphi Automotive Systems LLC dated December 10, 1998; Assignment of Lease and Termination of Sublease Agreement between General Motors Corporation and Delphi Automotive Systems, LLC dated May 28, 1999; and Assignment and Assumption of Real Estate Lease Agreement between Detroit & Mackinac Railway Company and Osprey, S.A., Ltd. dated September 3, 1999 as amended by Amendment to Lease between Osprey, S.A., Ltd. and Delphi Automotive Systems, LLC dated September 3, 1999, Second Amendment to Lease dated June 24, 2002, Third Amendment to Lease dated December 12, 2003, and Fourth Amendment to Lease dated July 31, 2008 | $0.00 |

# EXHIBIT 1

Girlock SA (Pty) Ltd.
Attn:  Managing Director
82 Electron Avenue; P.O. Box 59
South Africa

| Contract to be assumed: | Cure amount: |
|:---:|:---:|
| Intellectual Property License and Service Agreement between Girlock SA (Pty) Ltd. and Delphi Technologies, Inc. for I-190 Caliper License dated October 13, 2003 | $0.00 |

# EXHIBIT 1

Greystone of Lincoln Inc
7 Wellington Rd
Lincoln, RI 02865

| Contract to be assumed: | Cure amount: |
|---|---|
| PO#550007626 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Greystone of Lincoln Inc; Issued 07/01/02; Expires 12/31/09 | $5,900.00 |

# EXHIBIT 1

Greystone of Lincoln Inc
7 Wellington Rd
Lincoln, RI 02865

| Contract to be assumed: | Cure amount: |
| --- | --- |
| PO#550006602 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Greystone of Lincoln Inc; Issued 07/01/02; Expires 12/31/09 | $19,642.50 |

# EXHIBIT 1

Jahm, Inc. c/o Drawn Metal Products
6143 W Howard St
Niles, IL 60714-3401

| Contract to be assumed: | Cure amount: |
| --- | --- |
| PO#550077772 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Jahn Inc.; Issues 08/09/05; Expires 12/31/09 | $0.00 |

# EXHIBIT 1

Lord Corporation
Mr Gerald M. Estes, Vice President, Business
Development
111 Lord Drive
Cary, NC 27511

| Contract to be assumed: | Cure amount: |
|---|---|
| PO # 550004218 | $177,131.61 |

# EXHIBIT 1

Lord Corporation
Mr Gerald M. Estes, Vice President, Business
Development
111 Lord Drive
Cary, NC 27511

| Contract to be assumed: | Cure amount: |
|:---:|:---:|
| | |
| PO # 550054424 | $143,566.75 |

# EXHIBIT 1

Lord Corporation
Mr Gerald M. Estes, Vice President, Business
Development
111 Lord Drive
Cary, NC 27511

| Contract to be assumed: | Cure amount: |
| :---: | :---: |
| | |
| Supply and Development Agreement between Lord Corporation and Delphi Automotive Systems LLC, acting through its Delphi Energy & Chassis Division, dated September 17, 2003 re: MR Fluids, as amended through First Amendment dated January 25, 2008 and Second Amendment dated March 26, 2009 | $0.00 |

# EXHIBIT 1

Metal Flow Corp.
11694 James St.
Holland, MI 49424

| Contract to be assumed: | Cure amount: |
| --- | --- |
| PO#550007193 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Metal Flow Corp; Issued 07/01/02; Expires 12/31/09 | $6,781.33 |

# EXHIBIT 1

Mid-States Industrial Complex, Ltd.
4000 Miller-Valentine Court
Moraine, OH 45439

| Contract to be assumed: | Cure amount: |
|---|---|
| Warehouse / Distribution Month -To-Month Agreement of Lease between Mid-States Industrial Complex, Ltd and General Motors Corporation dated March 31, 1997 | $0.00 |

# EXHIBIT 1

Mid-States Industrial Complex, Ltd. / 2574 E.
River Road Bldg 10 LLC
Vernon H. Oakley, Asset Manager
P.O. Box 744
Dayton, OH 45401-0744

| Contract to be assumed: | Cure amount: |
| :---: | :---: |
| Lease dated June 12, 1995 between Mid-States Industrial Complex, Ltd. and General Motors Corporation including Amendments #1-#7 as follows: Amendment #1 dated March 31, 1997, Amendment #2 dated May 29, 1998, Amendment #3 dated August 21, 1998, Amendment #4 dated January 26, 2000, Amendment #5 dated March 8, 2002, Amendment #6 dated February 23, 2005, and Amendment #7 dated June 1, 2008 | $0.00 |

# EXHIBIT 1

Mid-States Industrial Complex, Ltd. / 2574 E.
River Road Bldg 10 LLC
Vernon H. Oakley, Asset Manager
4000 Miller-Valentine Court
Moraine, OH 45439

| Contract to be assumed: | Cure amount: |
| :---: | :---: |
| Lease dated June 12, 1995 between Mid-States Industrial Complex, Ltd. and General Motors Corporation including Amendments #1-#7 as follows: Amendment #1 dated March 31, 1997, Amendment #2 dated May 29, 1998, Amendment #3 dated August 21, 1998, Amendment #4 dated January 26, 2000, Amendment #5 dated March 8, 2002, Amendment #6 dated February 23, 2005, and Amendment #7 dated June 1, 2008 | $0.00 |

# EXHIBIT 1

Mid-States Industrial Complex, Ltd. / 2574 E.
River Road Bldg 10 LLC
Vernon H. Oakley, Asset Manager
P.O. Box 744
Dayton, OH 45401-0744

| Contract to be assumed: | Cure amount: |
|---|---|
| Warehouse / Distribution Agreement of Lease dated June 12, 1995 between Mid-States Industrial Complex, Ltd. and General Motors Corporation including Amendments #1-#7 as follows: Amendment #1 dated March 31, 1997, Amendment #2 dated May 29, 1998, Amendment #3 dated August 20, 1998, Amendment #4 dated January 26, 2000, Amendment #5 dated March 8, 2002, Amendment #6 dated February 23, 2005, and Amendment #7 dated July 9, 2008 | $0.00 |

# EXHIBIT 1

Mid-States Industrial Complex, Ltd. / 2574 E.
River Road Bldg 10 LLC
Vernon H. Oakley, Asset Manager
4000 Miller-Valentine Court
Moraine, OH 45439

| Contract to be assumed: | Cure amount: |
| --- | --- |
| Warehouse / Distribution Agreement of Lease dated June 12, 1995 between Mid-States Industrial Complex, Ltd. and General Motors Corporation including Amendments #1-#7 as follows: Amendment #1 dated March 31, 1997, Amendment #2 dated May 29, 1998, Amendment #3 dated August 20, 1998, Amendment #4 dated January 26, 2000, Amendment #5 dated March 8, 2002, Amendment #6 dated February 23, 2005, and Amendment #7 dated July 9, 2008 | $0.00 |

# EXHIBIT 1

Osprey, S.A., Ltd.
7600 Grand River Avenue
Brighton, MI 48114

| Contract to be assumed: | Cure amount: |
|---|---|
| Lease between Detroit & Mackinac Railway Company and General Motors Corporation dated June 26, 1998; including Addendum dated July 1, 1998; Sublease between General Motors Corporation and Delphi Automotive Systems LLC dated December 10, 1998; Assignment of Lease and Termination of Sublease Agreement between General Motors Corporation and Delphi Automotive Systems, LLC dated May 28, 1999; and Assignment and Assumption of Real Estate Lease Agreement between Detroit & Mackinac Railway Company and Osprey, S.A., Ltd. dated September 3, 1999 as amended by Amendment to Lease between Osprey, S.A., Ltd. and Delphi Automotive Systems, LLC dated September 3, 1999, Second Amendment to Lease dated June 24, 2002, Third Amendment to Lease dated December 12, 2003, and Fourth Amendment to Lease dated July 31, 2008 | $0.00 |

# EXHIBIT 1

Small Parts Inc. SOU
600 Humphrey St.
Logansport, IN 46947-4949

| Contract to be assumed: | Cure amount: |
|---|---|
| PO#550006799 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Small Parts Inc; Issued 07/01/02; Expires 12/31/09 | $872.32 |

NOTE: Small Parts has preserved its right to object
to the Debtors' proposed cure amount in connection
with the Plan.

# EXHIBIT 1

Small Parts Inc. SOU c/o Taft Stettinius &
Hollister LLC
Jeffrey J. Graham
One Indiana Square, Ste. 3500
Indianapolis, Indiana 16204

| Contract to be assumed: | Cure amount: |
|---|---|
| PO#550006799 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Small Parts Inc; Issued 07/01/02; Expires 12/31/09 | $872.32 |

NOTE: Small Parts has preserved its
right to object to the Debtors' proposed
cure amount in connection with the Plan

# EXHIBIT 1

Stewart EFI Texas LLC c/o Stewart EFI
Connecticut LLC
27 Leigh Fisher Blvd
El Paso, TX 79906-5241

| Contract to be assumed: | Cure amount: |
|---|---|
| PO#550056830 between Delphi Automotive Systems LLC Delphi Energy & Chassis Div and Stewart EFI Texas LLC; Issued 1/22/02; Expires 12/31/09 | $0.00 |

# EXHIBIT 1

Tokico (USA) Inc.
Account Manager
301 Mayde Dr.
Berea, KY 40403

| Contract to be assumed: | Cure amount: |
|---|---|
| PO # 550069884 | $99,171.49 |

# EXHIBIT 1

Tokico (USA) Inc. c/o Hitachi Automotive
Products (USA) Inc
Paul Carroll
17225 Federal Drive; Suite 100
Allen Park, MI 48101

| Contract to be assumed: | Cure amount: |
| --- | --- |
| PO # 550069884 | $99,171.49 |