**Hearing Date and Time: May 21, 2009 at 10:00 a.m. Eastern Time**
**Objection Deadline: May 18, 2009 at 4:00 p.m. Eastern Time**

MUNSCH HARDT KOPF & HARR, P.C.
Russell L. Munsch, Esq.
Texas Bar No. 14671500
Raymond J. Urbanik, Esq.
New York   RU 1842
Jay H. Ong, Esq.
Texas Bar No. 24028756
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Telecopier: (214) 855-7584
*Attorneys for Computer Sciences Corporation*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **DELPHI CORPORATION, <u>et</u> <u>al</u>.,** | **Case No. 05-44481 (RDD)** |
| Debtors. | **Jointly Administered** |

**MOTION TO FILE EXHIBITS UNDER SEAL**

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

Computer Sciences Corporation ("<u>CSC</u>"), a creditor and party-in-interest in the above-captioned, jointly administered Chapter 11 bankruptcy cases ("<u>Bankruptcy Case</u>"), files this Motion to File Exhibit Under Seal ("<u>Motion</u>"), and in support respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

1.    This Court has jurisdiction to hear this Motion under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    Venue of the above-captioned, jointly administered Bankruptcy Case, and of this Motion, is appropriate before this Court in this district under 28 U.S.C. §§ 1408 and 1409.

**Page 1**

MHDocs 2094173_2 10652.5

3.      The predicates for the relief requested in this Motion are 11 U.S.C. § 107, and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

## II.    BACKGROUND

4.      On October 8, 2005, Delphi and certain of its subsidiaries and affiliates filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On October 14, 2005, additional of Delphi's Debtor affiliates filed with this Court their own voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  By Order of this Court entered on October 8, 2005 [Docket No. 28], this Court ordered that the Debtors' Chapter 11 cases be jointly administered.

5.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors remain in possession and control of their assets and property, have continued to manage their affairs, and continue to operate their business.   No trustee or examiner has been appointed under section 1104 of the Bankruptcy Code.

6.      On October 20, 2005 [Docket No. 469], the United States Trustee filed with this Court its Notice of Appointment of the Official Committee of Unsecured Creditors in the Bankruptcy Case.

7.      Contemporaneously with this Motion, CSC has filed its Motion for an order of this Court Allowing and Directing Payment of Administrative Expense Priority Claim for Unpaid Post-petition Obligations (the "Underlying Motion"), whereby CSC requests entry of an order requiring Delphi to pay its obligations to CSC under their post-petition Master Services Agreement approved by the Court (as amended, the "MSA").  The Underlying Motion is supported by a number of Exhibits, including, without limitation (as defined in the Underlying Motion):

MHDocs 2094173_2 10652.5

(a) the MSA;

(b) Amendment No. 1 to the MSA;

(c) Escrow Agreement;

(d) April 21, 2008 Letter from Eileen Sweeney to Bette Walker;

(e) April 23, 2009 Letter from Lori Tremonte to Eileen Sweeney.

8. The foregoing exhibits are collectively referred to herein as the "Underlying Exhibits". The Underlying Exhibits are being filed under seal because they contain competitively sensitive, proprietary and confidential business information the publication of which may adversely affect the Debtors' and CSC's business interests, and specifically, their ability to negotiate the terms of future agreements with other parties. CSC is filing this Motion as a precaution to protect such interests, but will consent to allowing legitimate parties in interest to review these exhibits, subject to appropriate protections and the Debtors' consent.

### III. RELIEF REQUESTED AND SUPPORTING AUTHORITIES

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (2009).

10. Rule 9018 of the Federal Rules of Bankruptcy Procedure governs the relief sought by CSC in this Motion. It states the court "may make any order which justice requires to protect

. . . any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANKR. P. 9018.

11. A basic purpose behind section 107 of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules is to protect "business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Based upon the provisions of section 107(b), courts have restricted access to filed documents. *See, e.g., In re Epic Assoc. V.*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985); *In re Nunn*, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). In considering an application for protection under section 107(b), "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate protective remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996) (internal citation omitted).

12. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the court determines that the documents in question fall within any of the categories specified in the statute, "the court is <u>required</u> to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

13. "Commercial information" has been defined as information that would cause "an unfair advantage to competitors" by providing them information as to "commercial operations." *In re Orion Pictures Corp.*, 21 F.3d at 27.

14. CSC is under express confidentiality obligations with respect to the MSA and Amendment No. 1, and arguably with respect to the remaining Underlying Exhibits related thereto. MSA, and Amendment No. 1 contain commercially sensitive and proprietary information, including, without limitation, pricing information and proprietary business models the possession of which would allow competitors an unfair advantage over CSC and/or the Debtors. *See, e.g., In re Farmland Indus., Inc.*, 290 B.R. 364, 368-69 (Bankr. W.D. Mo. 2003). Accordingly, out of an abundance of caution, CSC requests this Court's authorization to file the Underlying Exhibits Under Seal. However, in the event that the Debtors hereafter take the position that they have no interests in protecting against the disclosure of confidential information contained in a particular Underlying Exhibit or Exhibits, CSC may withdraw portions of its Motion.

15. Based on the circumstances described above, CSC submits that there is a sufficient basis for the Court to authorize the filing of the Underlying Exhibits under seal, which outweighs the presumption of public access to court records and the settlements. *See In re Global Crossing Ltd.*, 295 B.R. at 725.

16. Bona fide parties in interest may request a copy of the Underlying Exhibits if they agree in writing to be bound by appropriate confidentiality obligations with respect thereto, and subject to the Debtors' consent with respect to their own confidential information.

17. Accordingly, CSC requests that this Court enter an order granting permission for it to file the Underlying Exhibits under seal. CSC submits that such relief is warranted in consideration of the foregoing.

WHEREFORE, premises considered, CSC respectfully requests that this Court: (i) grant its Motion; (ii) permit CSC to file the Underlying Exhibits with the Court under seal; and (iii) grant CSC such other and further relief to which it may be justly entitled.

Respectfully submitted, this 6th day of May, 2009.

MUNSCH HARDT KOPF & HARR, P.C.

By: */s/ Raymond J. Urbanik*
Russell L. Munsch, Esq.
Texas Bar No. 14671500
Raymond J. Urbanik
New York Bar RU 1842
Texas Bar No. 20414050
Jay H. Ong, Esq.
Texas Bar No. 24028756

3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR COMPUTER SCIENCES CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that, in addition to electronic service via the Court's CM/ECF System, on the 6th day of May, 2009, I personally caused a true and correct copy of the foregoing document to be served via first-class U.S. mail, postage pre-paid and properly addressed, to the parties listed on the attached service list.

*/s/ Raymond J. Urbanik*
Raymond J. Urbanik