1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


        Debtors.


- - - - - - - - - - - - - - - - - - - - -x



            United States Bankruptcy Court

            One Bowling Green

            New York, New York



            May 7, 2009

            9:12 AM



B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2      HEARING re Order to Show Cause on Expedited Motion.

3

4      HEARING re Motion to Approve Expedited Motion for Interim and

5      Final Order Ratifying and Approving Debtors' Entry Into Fourth

6      Amendment to Amended and Restated DIP Credit Agreement and

7      First Amendment to Amended and Restated Security and Pledge

8      Agreement.

9

10     HEARING re Order to Show Cause on Motion for Interim and Final

11     Order Authorizing Debtors to (I) Enter Into Third Amendment To

12     Accommodation Agreement With Certain Participating DIP Lenders.

13

14     HEARING re Motion for Interim and Final Order Authorizing

15     Debtors to (I) Enter Into Third Amendment to Accommodation

16     Agreement with Certain Participating DIP Lenders.

17

18     HEARING re Proposed Off-Omnibus Hearing Agenda

19

20

21

22

23

24

25     Transcribed by:  Sharona Shapiro

```
                                                                     3

  1

  2        A P P E A R A N C E S :

  3        SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

  4             Attorneys for Debtors

  5             333 West Wacker Drive

  6             Chicago, Illinois 60606

  7

  8        BY:   JOHN WM. BUTLER, ESQ.

  9              RON MEISLER, ESQ.

 10              JOHN LYONS, ESQ.

 11

 12        SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

 13             Attorneys for Debtors

 14             4 Times Square

 15             New York, New York 10036

 16

 17        BY:   KAYALYN A. MARAFIOTI, ESQ.

 18              THOMAS MATZ, ESQ.

 19

 20        LATHAM & WATKINS, LLP

 21             Attorneys for Creditors' Committee

 22             885 Third Avenue

 23             New York, New York 10022

 24

 25        BY:   MICHAEL RIELA, ESQ.
```

```
                                                          4

 1    A P P E A R A N C E S : (continued)

 2    KELLEY DRYE & WARREN LLP

 3         Attorneys for PBGC

 4         101 Park Avenue

 5         New York, NY 10178

 6

 7    BY:   CRAIG A. WOLFE, ESQ.

 8

 9    DAVIS POLK & WARDWELL

10         Attorneys for JPMorgan Chase Bank, N.A. as DIP Agent

11         450 Lexington Avenue

12         New York, NY 10017

13

14    BY:   BRIAN M. RESNICK, ESQ.

15          DONALD S. BERNSTEIN, ESQ.

16

17    WILLKIE FARR & GALLAGHER LLP

18         787 Seventh Avenue

19         New York, NY 10019

20

21    BY:   MARC ABRAMS, ESQ.

22

23    JOHN MINKE, ESQ. (Telephonically)

24

25
```

5

1    A P P E A R A N C E S : (continued)

2    U.S. DEPARTMENT OF JUSTICE

3         Office of the United States Trustee

4         33 Whitehall Street

5         21st Floor

6         New York, NY 10004

7

8    BY:   BRIAN S. MASUMOTO, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6

1                    P R O C E E D I N G S

2            THE COURT:  Please be seated.  Okay.  Delphi

3    Corporation.

4            MR. BUTLER:  Your Honor, Jack Butler and Kayalyn

5    Marafioti on behalf of the debtors for this off-omnibus

6    hearing.  Good morning.

7            THE COURT:  Good morning.

8            MR. BUTLER:  Your Honor, on the agenda that was filed

9    for this there were four matters filed.

10            First the two first matters, the steering option

11    exercise motion at docket number 16410 and the GM arrangement

12    fourth and fifth approval motion at docket number 16411, have

13    been adjourned by a prior agreement to the May 21st omnibus

14    hearing.

15            THE COURT:  All right.

16            MR. BUTLER:  The other two matters are both financing

17    matters.  Both have been brought on for hearing today on an

18    interim basis and both with final hearings at the May 21st

19    omnibus hearing and both have been brought on by orders to show

20    cause.

21            The first matter is the fourth amendment to the DIP

22    credit agreement motion at docket number 16587 that was brought

23    on for hearing by an order to show cause dated April 29, 2009

24    at docket number 16586.  The debtors have complied with the

25    notice provisions of that order and that evidence has been

7

1    filed by affidavit of service at docket number 16595.

2          Your Honor, in accordance with the terms of the

3    fourth credit agreement amendments, we're seeking interim

4    ratification and approval of these amendments subject to the

5    final hearing on May 21st.  And these amendments have a number

6    of purposes, but the principal purpose of which is to amend the

7    DIP agreements in a manner that will allow the debtors to

8    participate in the Auto Supplier Support Program that was

9    announced by the U.S. Treasury as it relates to Chrysler

10   Corporation.

11         The debtors are not currently seeking to sell

12   receivables to the SPV established by General Motors

13   Corporation under the same program because we have,

14   essentially, our own private arrangements with General Motors

15   through the private temporary accelerated payment agreement

16   with GM that was entered into back in December of last year and

17   amended in January of this year which Your Honor has previously

18   approved.

19         THE COURT:  Right.

20         MR. BUTLER:  But with respect to the Chrysler

21   program, we do need to amend the DIP credit agreement and the

22   related security and pledge agreement to permit the transfer of

23   the Chrysler receivables through this program and to grant

24   first priority security interests in those receivables to

25   Chrysler SPV.

8

1      I am pleased to report that we did receive sufficient

2   DIP lender approval to enter into these amendments, should Your

3   Honor approve them on an interim and final basis.  But I would

4   also indicate to Your Honor that while we have applied to sell

5   our eligible receivables to Chrysler SPV, that application is

6   still pending with Citibank, the third party servicer, as are,

7   as I'm told, a number of other applications from other

8   suppliers that have not yet been processed.

9      There has been an intervening event since we filed

10  this motion, and that is the Chapter 11 filing of Chrysler and

11  certain of its subsidiaries which occurred in this district on

12  April 30th and is now pending before Judge Gonzalez at case

13  number 09-50002 on an administratively consolidated basis.

14     In that Chapter 11 case, one of the first day motions

15  that was filed at Chrysler docket number 41 was a motion to pay

16  certain pre-petition claims of essential suppliers and continue

17  certain supplier related programs.  Within that authority was

18  an authority to include participation in the Auto Supplier

19  Support Program.  Judge Gonzalez approved that motion on an

20  interim basis on May 5th, subject to a final hearing on May

21  20th, the day before our final hearing on this.  And that is at

22  Chrysler docket number 348.

23     Just by way of disclosure to Your Honor, the Chrysler

24  supplier motion does state, at paragraph 48, that there is the

25  potential for the Supplier Support Program to be terminated by

9

1        the U.S. Treasury as a result of the cases and the supplier

2        order that Chrysler is seeking on a permanent basis.  But it

3        also indicates that Chrysler anticipates that the Supplier

4        Support Program will remain open for a period of time post-

5        petition, pursuant to the terms of forbearance agreements being

6        negotiated between the U.S. Treasury Auto Task Force and the

7        Chrysler SPV.

8                Therefore, Your Honor, we believe that this motion is

9        still germane.  We expect to move forward, and our anticipation

10       is to participate in either or both the Auto Supplier Program

11       and/or the essential supplier order as it becomes final and as

12       we continue to work with Chrysler.  Otherwise, Your Honor,

13       we'll rely on the papers for the justifications for this.  We

14       think there is adequate business judgment.  We think it's

15       appropriate to be able to do so under these circumstances.

16               There is another provision which I want to call out

17       to the Court in this order, which is unrelated to the Chrysler

18       matter which is actually adding a new section 8.09 to the

19       credit agreement.  This is viewed, I think, by the lenders as a

20       technical amendment to call out what they believe to be the

21       case but want to clarify.  And that is that it authorizes --

22       excuse me, I think it's 8.10.  It authorizes and eliminates

23       any -- the agent to perform in a way that alleviates any

24       potential obstacle to the agent's recovery on the DIP facility

25       in certain foreign jurisdictions if that should become

10

1   necessary.

2        I refer to this provision as the parallel debt

3   provision because it provides for essentially the creation of

4   parallel debt equal to the debtors' obligations to the DIP

5   lenders to be owed to the agent in its individual capacity

6   rather than as a representative, to eliminate the technical

7   issues that could occur in certain jurisdictions without that

8   understanding.

9        The purpose of this amendment is to facilitate the

10  agent's recovery to recover on the DIP facility in accordance

11  with the documents hereunder in the event that a foreign

12  jurisdiction would not recognize the trust relationship By the

13  way administrative agents and lending syndicates.  And

14  essentially, the reason that both the debtors and the lenders

15  view this to be technical is it's simply -- essentially, by

16  agreement, it essentially codifies in foreign jurisdictions

17  what is the essential agreement between the debtors and the DIP

18  lenders in this jurisdiction.  And the debtors therefore

19  thought it was appropriate to enter into that arrangement.

20       There are some other minor provisions in the

21  amendments, including how they become effective and for the

22  payment of fees and expenses.  Those are all set forth in the

23  amendment and in the motion.  I'll otherwise rely on the

24  papers, Your Honor, unless you have any questions.

25       THE COURT:  Okay.  I don't, but does anyone have

11

1    anything to say on this motion?

2            MR. RIELA:  Your Honor, Michael Riela of Latham &

3    Watkins for the creditors' committee.  The committee is still

4    reviewing and analyzing the motion and all the relief sought,

5    including the parallel debt provisions.  We have no objection

6    to the interim order being entered today.  But to the extent

7    that we have any concerns or objections, we'll raise them at

8    the final hearing.

9            THE COURT:  Okay.  All right.  Well, I've reviewed

10   the motion, and in light of that review, I'm prepared to

11   approve it on an interim basis and recognize that there may be

12   contingencies to the debtors' ability to access this program.

13   But it appears to me that the rationale for the program is one

14   that fits appropriately with the debtors' relationship with

15   Chrysler.  So I'll approve it.

16           MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

17   other matter on the agenda this morning is the third

18   accommodation amendment motion.  It was filed at docket number

19   16599.  It was also scheduled for hearing today by an order to

20   show cause.  That order was entered yesterday at docket number

21   16598.  That order required hand delivery and e-mail delivery

22   by 5 p.m., just the way it was entered mid-afternoon yesterday.

23           As Your Honor knows, the principal stakeholders in

24   this case were present in a chambers conference on Tuesday.  We

25   reviewed the relief with counsel to the creditors' committee.

12

1    This is going to be sought with counsel to the creditors'

2    committee and General Motors.  At the conclusion of that

3    chambers conference we actually -- in the way of also

4    disclosure -- we actually completed e-mail service at 5:18,

5    rather than at 5 o'clock.  And we got the hand courier

6    completed at 5:35 rather than at 5 o'clock.  But those matters

7    were delivered, and I don't believe any of the parties present

8    in court today, which include representatives of all the major

9    stakeholders, object to this going forward and being considered

10   by Your Honor on an interim basis.

11          THE COURT:  Okay.

12          MR. BUTLER:  Your Honor, this is the proposed third

13   amendment to the accommodation agreement.  That agreement was

14   approved originally on December 3rd at docket number 14515.

15   You approved two subsequent amendments with supplements: one on

16   February 25th at docket number 16377 and the other on April 23,

17   2009 at docket number 16575.

18          The purpose of all of these amendments and the

19   purpose of this amendment are to create an opportunity and a

20   runway for the company to negotiate with its major

21   stakeholders, including General Motors, the DIP lenders, the

22   creditors' committee, and since its intervention in these

23   cases, the U.S. Treasury Auto Task Force, about an appropriate

24   and hopefully consensual resolution to these cases.  And the

25   parties are working on that.

13

1        We have appraised the Court of the progress that has

2    been made and the activity in connection with those matters.

3    And the reality is, for a whole series of reasons, we were not

4    able to complete the delivery of a term sheet to the DIP

5    lenders by May 4, 2009, which was a milestone.  This milestone

6    has been advanced sequentially since the end of February as we

7    have continued to try to seek negotiations and move forward

8    with those negotiations with the various stakeholders.

9        Based on time tables that have been outlined, and I

10   think the parties are essentially in agreement with, in terms

11   of indicating to each other that they think they can actually

12   provide substantive term sheets, we're now asking Your Honor to

13   approve a third amendment which moves the May 4th milestone to

14   May 21st, two weeks out from today, and essentially resets the

15   existing structure that we have.  I'm not going to walk through

16   that structure in detail, I think Your Honor's familiar with it

17   in terms of how all the dates would work.  The outside date of

18   the accommodation agreement would be June 2nd.  Under this

19   arrangement there would be a twenty basis point fee.  There

20   have been work fee and expense provisions that have been agreed

21   to.  As those work letters are typically and customarily

22   confidential, we provided copies to the Court of them.  They're

23   consistent with prior amendments in terms of what needs to be

24   achieved here.

25       The only provision that I think that is different in

14

1     any material way is an acknowledgment by the debtors that in

2     connection with the pursuit of the milestones in the third

3     accommodation agreement amendment, the d4a have acknowledged

4     that they will agree to continue to explore strategic

5     alternatives for resolving the Chapter 11 cases.  That is,

6     after all, the debtors' fiduciary responsibility.  We have been

7     executing that responsibility on a basically 24/7 basis since

8     the confirmed plan was not consummated back in April of last

9     year.  We're continuing to do so and we're continuing to work

10    with the stakeholders to do that.  And we will, of course,

11    continue to observe and carry out our fiduciary

12    responsibilities in these cases in connection with that

13    process.

14           Your Honor, I think those are the material elements

15    in bringing this before the Court on an interim basis.  We need

16    to obviously make this effective.  Without it becoming

17    effective today, or by the end of the day tomorrow, the reality

18    is that the accommodation agreement period would end.  Things

19    are moving pretty fast at this point in these cases in terms of

20    activity between the parties.  This amendment, which was agreed

21    to with the agent and other members of the steering committee,

22    essentially yesterday, and was launched yesterday in a private

23    side DIP lender call, those sheets, the signature pages are due

24    this afternoon at 3 o'clock.  And so we expect to obtain

25    approval from our DIP lenders today.

15

1          And if Your Honor will approve this on an interim

2     basis, we would expect that this would go effective this

3     evening after we're able to obtain the remaining signature

4     pages.  In any event, it needs to go effective by the end of

5     the day tomorrow to solve any issues under the accommodation

6     agreement.  And we'll move forward, continuing the principal

7     activity in the case at this point, which is continuing to

8     pursue our fiduciary responsibilities with our stakeholders,

9     examining strategic alternatives and negotiating about those

10    alternatives with the major stakeholders in the hope of having

11    some definitive resolution proposed to the stakeholders by the

12    week of May 21st in that period.

13          THE COURT:  Okay.  Does anyone have anything to say

14    on this motion that's being sought on an interim basis?  Okay.

15    I've reviewed it, as Mr. Butler said.  And as about half of you

16    in the courtroom know, I've also had chambers conferences with

17    key stakeholders and am familiar with, I believe, at least as

18    of a day or so ago, the status of the debtors' efforts with the

19    other parties to resolve the case.

20          And I believe, in light of all that, that this motion

21    should be granted.  Obviously, there is a tension between

22    keeping the parties focused on a short term basis, as has been

23    the case over the last month to two months, and the cost of

24    that, both in terms of amendment fees and arrangement fees and

25    the stress it places on the company.  On the other hand, I

16

1   think it's important to continue to make sure the parties are

2   truly focus, as I believe they are, based on my conferences

3   with them on the difficult but clearly not insurmountable

4   process of reaching an agreement here.  So I think this is an

5   appropriate balance at this time in terms of giving the company

6   more time but keeping the parties focused.  And based on what

7   I've seen and heard, the parties are dealing with each other in

8   good faith, and I'd just urge them to continue to do that and

9   to try to wrap up their discussions as promptly as practicable.

10           MR. BUTLER:  Thank you, Your Honor.

11           MR. SPEAKER:  Thank you, Judge.

12           THE COURT:  Okay.

13           MR. BUTLER:  Your Honor, that's all we have on

14  today's agenda.

15           THE COURT:  Thank you.

16           MR. BUTLER:  Thank you.

17       (Proceedings concluded at 9:28 a.m.)

18

19

20

21

22

23

24

25

17

1

2                                  I N D E X

3

4                                  RULINGS

5                                            Page           Line

6    Motion approved on interim

                                        11               15

7    basis for debtors' entry

8    into fourth amendment

9    to DIP credit agreement

10

11   Motion granted              15               21

12   approving third

13   amendment to

14   accommodation agreement

15

16

17

18

19

20

21

22

23

24

25

18

1

2                              C E R T I F I C A T I O N

3

4        I, Sharona Shapiro, certify that the foregoing transcript is a

5        true and accurate record of the proceedings.

6

7        _____

8        SHARONA SHAPIRO

9

10       Veritext LLC

11       200 Old Country Road

12       Suite 580

13       Mineola, NY 11501

14

15       Date:   May 8, 2009

16

17

18

19

20

21

22

23

24

25