UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
   In re                                    :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                           Debtors.     :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEDIATION ORDER

        Upon the consideration of certain matters raised at a section 105 status conference held by the Court on May 18, 2009, the Court hereby orders that representatives of the following parties be referred for mediation to The Honorable Cecila G. Morris, United States Bankruptcy Judge, Southern District of New York, 355 Main Street, Poughkeepsie, New York 12601-3315:  (i) Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), (ii) the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases, (iii) General Motors Corporation, (iv) the administrative agent under the Debtors' postpetition credit facility, (v) the collective of lenders under the Debtors' postpetition credit facility known as the "Tranche C Collective," and (vi) the United States Department of the Treasury Auto Task Force.  While the Court is satisfied that the referred parties are conducting themselves in good faith regarding the subject matters referred to the mediator, and understand that they will proceed with their analyses and negotiations the Court concludes that mediation may contribute to a consensual

resolution of these chapter 11 cases within the Accommodation Period under the Accommodation Agreement previously approved by the Court.

The mediation shall be conducted under the following conditions:

1. Representatives of each party listed above with authority to negotiate a settlement and all other persons necessary to negotiate a settlement must attend the mediation.

2. The results of the mediation are non-binding unless the parties agree otherwise.

3. There shall be an absolute mediation privilege and all communications made during the mediation shall be confidential, protected from disclosure, and shall not constitute a waiver of any existing privileges and immunities, may not be disclosed to any third party for any reason, and may not be used for any purpose other than the mediation.

4. At the conclusion of the mediation, Judge Morris shall send the clerk of the United States Bankruptcy Court for the Southern District of New York a memorandum stating the fact that she has conducted a mediation, the names, addresses and telephone numbers of counsel who participated in the mediation, and whether the mediation was successful.

5. The sanctions available under Fed. R. Civ. P. 16(f) shall apply to any violation of this order and, except as modified herein, the provisions of Southern District of New York General Orders M-143 and M-211 governing mediation of matters in

bankruptcy cases dated January 17, 1995 and October 20, 1999, respectively, shall apply to the mediation.

6. Identified on <u>Exhibit A</u> to this order is the name of a contact representative for each group of parties ("Contact Representative"). Each Contact Representative shall receive directions from Judge Morris' Chambers regarding the scheduling of submissions and the initial mediation session. Upon receipt of such directions, each Contact Representative is responsible for providing notice to all other parties in its respective group.

7. This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to this order.

Dated:   New York, New York
         May <u>20</u>, 2009

                                            /s/ Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

1. Counsel for the Debtors:

    John Wm. Butler, Jr.
    Skadden, Arps, Slate, Meagher & Flom LLP
    333 West Wacker Drive, Suite 2100
    Chicago, Illinois 60606
    (312) 407-0730
    jack.butler@skadden.com

2. Counsel for the official committee of unsecured creditors:

    Robert J. Rosenberg
    Latham & Watkins LLP
    885 Third Avenue
    New York, New York 10022
    (212) 906-1370
    robert.rosenberg@lw.com

3. Counsel for General Motors Corporation:

    Jeffrey L. Tanenbaum
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    (212) 310-8276
    jeff.tanenbaum@weil.com

4. Counsel for the administrative agent under the Debtors' postpetition credit facility:

    Donald S. Bernstein
    Davis Polk & Wardwell
    450 Lexington Avenue
    New York, New York 10017
    (212) 450-4092
    donald.bernstein@dpw.com

5. Counsel for the Tranche C Collective:

>Marc Abrams
>Willkie Farr & Gallagher LLP
>787 Seventh Avenue
>New York, New York 10019
>(212) 728-8200
>mabrams@willkie.com

6. Counsel for the United States Department of the Treasury Auto Task Force

>Assistant United States Attorney Joseph N. Cordaro
>86 Chambers Street, 3rd Floor
>New York, New York 10007
>(212) 637-2800
>joseph.cordaro@usdoj.gov
>
>Assistant United States Attorney Matthew L. Schwartz
>86 Chambers Street, 3rd Floor
>New York, New York 10007
>(212) 637-2800
>matthew.schwartz@usdoj.gov
>
>John J. Rapisardi
>Cadwalader, Wickersham & Taft LLP
>One World Financial Center
>New York, New York 10281
>(212) 504-5585
>john.rapisardi@cwt.com