<u>Exhibit A</u>

## FIRST AMENDMENT TO MASTER SALE AND PURCHASE AGREEMENT

**THIS FIRST AMENDMENT TO MASTER SALE AND PURCHASE AGREEMENT** ("**First Amendment**"), dated as of May 20, 2009 between **DELPHI CORPORATION**, a Delaware corporation ("**Delphi**") on behalf of itself and the other entities set forth on Schedule 1 of the MSPA (collectively with Delphi, the "**Sellers**," and each a "**Seller**"), and **BEIJINGWEST INDUSTRIES CO., LTD.**, a company organized under the laws of the People's Republic of China ("**Buyer Parent**"), on behalf of itself and the other buyers set forth on Schedule 1 of the MSPA (each a "**Buyer**," and, collectively with Buyer Parent, the "**Buyers**"). The Sellers and Buyers hereinafter sometimes are referred to collectively as the "**Parties**" and each a "**Party**."

**WHEREAS**, the Parties entered into that certain Master Sale and Purchase Agreement dated March 30, 2009 (the "**MSPA**");

**WHEREAS**, the capitalized terms used but not defined herein shall have the meaning given to them in the MSPA;

**WHEREAS**, the Bankruptcy Court entered the Bidding Procedures Order on or about May 1 2009; and

**WHEREAS**, as agreed to by the Parties and approved by the Bankruptcy Court in the Bidding Procedures Order, the MSPA will be amended to reflect such agreement.

**NOW, THEREFORE**, the Parties agree:

1.      To add the following definition:

"'**PBGC Purported Liens**' means any lien or liens claimed by the PBGC to exist against Acquired Assets of Non-Filing Sellers, including those purported liens described in that certain response filed by the U.S. Pension Benefit Guaranty Corporation or its affiliates, agents, assigns, or successors (Docket No. 16563) to Delphi's motion seeking the Bidding Procedures Order."

2.      To add the following clause to the beginning of Section 11.3.2.A of the MSPA, and the remainder of Section 11.3.2.A shall remain unaltered:

"Except as provided in Section 11.3.2.F,"

3.      To add the following sentence at the end of Section 11.3.2.B of the MSPA, and the remainder of Section 11.3.2.B shall remain unaltered:

"Notwithstanding the forgoing, the provisions of this Section 11.3.2.B shall not apply to Indemnifiable Losses pursuant to Section 11.3.2.F."

4.      To add the following provision to the end of Section 11.3.2 of the MSPA:

"**F.**      From and after the Closing Date each Non-Filing Seller will (solely with respect to the representations and warranties related to such Acquired Assets transferred by such Non-Filing Seller) severally and not jointly indemnify, defend and hold harmless Buyers and their Affiliates and their respective directors, officers, employees, partners, advisors, representatives and agents from and against all Indemnifiable Losses relating to, resulting from or arising out of a breach of the title or Encumbrance portions of the representation or warranty made by such Non-Filing Seller contained in Sections 4.15.1, 4.15.2, 4.16.1, 4.16.2, and 4.17 of this Agreement based on the PBGC Purported Liens. The indemnity of the Buyers pursuant to this

Section 11.3.2.F shall survive for the applicable statute of limitations to enforce the PBGC Purported Liens in each respective jurisdiction of such Non-Filing Seller that applies to an enforcement, seizing, taking, attachment, or similar action. ."

     5.     To add the following sentence to the end to Section 2.1.2.F of the MSPA:

"For the avoidance of doubt, notwithstanding anything to the contrary contain herein, any expired contracts between the Brake Business and the U.S. government (or contractors/subcontractors with the US government) that are regulated by ITAR, including, any and all Technical Documentation and related assets existing in connection with such expired contracts are Excluded Assets under this Agreement, including this Section 2.1.2.F; and no access to such information will be allowed to any Buyer."

     6.     That the terms and provisions of the MSPA are ratified and confirmed and shall continue in full force and effect, as modified by the Bidding Procedures Order, this First Amendment, and the Sale Approval Order (the terms of  which orders are incorporated herein).

**[signature page to follow]**

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Amendment to be executed by its duly authorized officer, in each case as of the date first above written.

**DELPHI CORPORATION**

By:_____
Name: **Fred J. Bellar III**
Title:   **Executive Director of M&A**

**BEIJINGWEST INDUSTRIES CO., LTD.**

By:_____
Name: **Fang Jianyi**
Title:   **Chairman and Legal Representative**

The following U.S. Persons sign this Agreement solely with respect to the Acquired Assets being bought or sold by such Person.  Buyers of U.S. Acquired Assets will sign in this manner prior to Closing.

**DELPHI AUTOMOTIVE SYSTEMS LLC**

By:_____
Name: **Fred J. Bellar III**
Title:   **Executive Director of M&A**

**DELPHI TECHNOLOGIES, INC.**

By:_____
Name: **Fred J. Bellar III**
Title:   **Executive Director of M&A**