UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                     :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                      Debtors.      :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER, SOLELY AS TO CREDITORS' COMMITTEE, EXTENDING DEBTORS'
EXCLUSIVE PERIODS WITHIN WHICH TO FILE AND SOLICIT ACCEPTANCES OF
REORGANIZATION PLAN UNDER 11 U.S.C. § 1121(d)

("FIFTH § 1121(d) STATUTORY COMMITTEE EXCLUSIVITY EXTENSION ORDER")

        Upon the motion, dated May 1, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 1121(d) further extending, solely as between the Debtors and the official committee of unsecured creditors (the "Creditors' Committee") and the official committee of equity security holders, the Debtors' exclusive periods within which to file and solicit acceptances of a plan of reorganization (collectively, the "Exclusive Periods"),[1] and upon the record of the May 21, 2009 hearing held on the Motion; and this Court having issued an order disbanding the Equity Committee determined that the relief requested in the Motion with respect to the Creditors' Committee is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper

---

[1] As to other parties in interest, see Order Under 11 U.S.C. § 1121(d) Extending Exclusive Periods, dated April 30, 2008 (Docket No. 13483).

and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Motion is GRANTED as provided herein.

3. The Debtors' exclusive period under 11 U.S.C. § 1121(d) for filing a plan of reorganization, solely as between the Debtors and the Creditors' Committee, is extended through and including July 31, 2009.

4. The Debtors' exclusive period under 11 U.S.C. § 1121(d) for soliciting acceptances of a plan of reorganization, solely as between the Debtors and the Creditors' Committee, is extended through and including September 30, 2009.

5. Entry of this order is without prejudice to (a) the Debtors' right to seek such additional and further extensions of the Exclusive Periods, solely as between the Debtors and the Creditors' Committee, as may be necessary or appropriate and (b) the Creditors' Committee's right to seek to reduce the Exclusive Periods, solely as between the Debtors and the Creditors' Committee, for cause in accordance with 11 U.S.C. § 1121(d).

6. The Debtors and the Creditors' Committee expressly reserve their rights to address, if any of the Exclusive Periods expires, solely as between the Debtors and the Creditors' Committee, whether 11 U.S.C. § 1129(c) prevents the Creditors' Committee from filing and soliciting a competing plan of reorganization.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
      May 21, 2009

    /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE