UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER AUTHORIZING DEBTORS TO
(I) ENTER INTO THIRD AMENDMENT TO ACCOMMODATION AGREEMENT WITH
CERTAIN PARTICIPATING LENDERS
AND (II)(A) ENTER INTO RELATED DOCUMENTS AND
(B) PAY FEES AND EXPENSES IN CONNECTION THEREWITH

("FINAL ACCOMMODATION THIRD AMENDMENT ORDER")

Upon the motion, dated May 6, 2009 (the "Motion") of Delphi Corporation (the

"Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order supplementing the January 5,

2007 DIP Refinancing Order (Docket No. 6461) (as supplemented by (i) the November 16, 2007

DIP Order (Docket No. 10957) (the "DIP Extension Order"), (ii) the April 30, 2008 DIP Order

(Docket No. 13489) (as supplemented by the May 30, 2008 Supplemental Second DIP Extension

Order (Docket No. 13699)) (the "Second DIP Extension Order"), (iii) the December 3, 2009 DIP

Accommodation Order (Docket No. 14515), (iv) the February 25, 2009 Accommodation

Amendment Order (Docket No. 16377), (v) the April 3, 2009 Interim Accommodation

Supplemental Second Amendment Order (Docket No. 16549), (vi) the April 23, 2009 Final

Accommodation Supplemental Second Amendment Order (Docket No. 16575), (vii) the May 7,

2009 Interim Accommodation Third Amendment Order (Docket No. 16609) and (viii) the May 7,

2009 Interim Fourth Amendment to DIP Credit Agreement Order (Docket No. 16610), hereinafter

referred to as the "DIP Order") and authorizing the Debtors to (a) enter into a third amendment to

the Accommodation Agreement,[1] the form of which is attached hereto as <u>Exhibit A</u>, (the

"Accommodation Agreement Third Amendment", and together with all other agreements and

documentation related thereto, are hereinafter collectively referred to as the "Third Amendment

Documents") and (b) pay the fees and expenses in accordance with the Third Amendment

Documents (the "Third Amendment Fees"); and due and appropriate notice of the Motion, the

relief requested therein, and the opportunity for a hearing on the Motion having been served by

the Debtors in accordance with the Court's order to show cause entered May 6, 2009 (Docket No.

16598), and no other or further notice being necessary; and the Court having held an interim

hearing on the Motion on May 7, 2009 (the "Interim Hearing") and a final hearing on the Motion

on May 21, 2009 (the "Final Hearing"), and upon the records of the Interim Hearing and the Final

Hearing and after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court has core jurisdiction over these chapter 11 cases, the Motion and the

parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Motion is hereby granted on a final basis.

3.    The Third Amendment Documents are hereby authorized and approved on a final

basis.  The execution and delivery of the Accommodation Agreement Third Amendment by the

Debtors as of May 7, 2009, together with any other instruments and documents executed and

delivered in connection therewith, is hereby ratified and approved, and the Debtors are hereby

authorized, but not directed, to perform, and take all actions necessary to make, execute and

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

deliver, all of the Third Amendment Documents with any other instruments and documents in connection therewith.  Upon execution and delivery of each of the Third Amendment Documents and such other instruments and documents, and the effectiveness thereof in accordance with the terms thereof, such instruments and documents shall constitute valid and binding obligations of (i) the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms and (ii) the DIP Lenders, enforceable against each DIP Lender in accordance with their respective terms.

4.    Consistent with and not in any way limiting the generality of the foregoing, the payment by the Debtors of the Third Amendment Fees, including, without limitation, an amendment fee in an amount equal to 20 basis points of the Tranche A Total Commitment Usage, Tranche B Loans and Tranche C Loans of each Second Amendment Participant Lender as of the Effective Date (as each such term is defined in the Accommodation Agreement Third Amendment), is hereby ratified and approved.

5.    The DIP Order shall be deemed supplemented by this Order, and shall continue in full force and effect as supplemented hereby, by the DIP Extension Order, the Second DIP Extension Order and the DIP Accommodation Order.  Consistent with and not in any way limiting the generality of the foregoing, the definitions of "Accommodation Agreement" and "Accommodation Documents" contained in the DIP Order and the other Loan Documents (as defined in the Amended DIP Credit Agreement) shall be deemed to include the Third Amendment Documents, as applicable.

6.    Notwithstanding anything herein to the contrary, this Order shall not modify the August 2, 2007 Order Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) (Docket No.

8856), the December 10, 2007 Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a)

Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement

Amendment (Docket No. 11382) (the "EPCA Amendment Order"), the Amended Investment

Agreements (as defined in the EPCA Amendment Order), or any rights of the parties under any

of the foregoing, including without limitation with respect to (i) the propriety, allowance, or

payment of any unpaid Transaction Expenses or Post-Order Transaction Expenses or the timing

thereof or (ii) the Delphi-GM Agreement (as defined below), as to which the rights of all parties

are hereby expressly reserved.

7.        The Third Amendment Documents have been negotiated in good faith and at

arm's-length between the Debtors, the Agent and the Participant Lenders (as defined in the

Accommodation Agreement) party thereto, and all of the Debtors' obligations under the

Amended DIP Credit Agreement as authorized by the DIP Order and this Order, including,

without limitation, the obligation to pay the Third Amendment Fees, have been incurred in good

faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with and to

the extent provided in section 364(e) of the Bankruptcy Code, in the event that any or all of the

provisions of this Order, the DIP Order, or any Third Amendment Document are hereinafter

modified, amended, or vacated by a subsequent order of this Court or any other court, no such

modification, amendment, or vacation shall affect the validity, enforceability, or priority of any

lien or claim authorized or created hereby or thereby.  Notwithstanding any such modification,

amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or

under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such

modification, amendment, or vacation shall be governed in all respects by the original provisions

of this Order, the DIP Order, and the other DIP Documents (as defined in the DIP Order); and

the Agent and the DIP Lenders shall be entitled to all of the rights, remedies, privileges, and

benefits, including the liens and priorities granted herein and therein, with respect to any such

claim.

8.      A sound business purpose exists for the Debtors to enter into the Third

Amendment Documents for purposes of the authorization and approval thereof pursuant to 11

U.S.C. § 363(b).

9.      The provisions of this Order, shall be binding upon the Agent, the DIP Lenders,

and the Debtors and their respective successors and assigns (including any chapter 7 or chapter

11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the

benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and

assigns.

10.     Section 8 of the Credit Agreement shall apply to the Third Amendment

Documents and each other DIP Document and all actions taken or not taken by the Agent or any

Participant Lender contemplated thereby.

11.     For the avoidance of doubt, each Third Amendment Document shall constitute a

"Loan Document" under and as defined in the Amended DIP Credit Agreement.

12.     In the event of any inconsistency between the provisions of this Order and the

DIP Order, or the DIP Documents (including, without limitation, the Third Amendment

Documents), the provisions of this Order shall govern.

13.     This Court shall retain jurisdiction to enforce and implement the terms and

provisions of the DIP Order, this Order and the DIP Documents (including, without limitation,

the Third Amendment Documents).

14.     Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the

Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this final order shall be

immediately effective and enforceable from and after May 21, 2009.

Dated:   New York, New York
         May 21, 2009

                            /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE