UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                  :     Chapter 11
:
DELPHI CORPORATION, et al.,        :     Case No. 05-44481 (RDD)
:
                       Debtors.       :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FINAL ORDER RATIFYING AND APPROVING DEBTORS'
ENTRY INTO (A) FOURTH AMENDMENT TO AMENDED AND
RESTATED DIP CREDIT AGREEMENT, (B) FIRST AMENDMENT
TO AMENDED AND RESTATED SECURITY AND PLEDGE
AGREEMENT AND (C) RELATED DOCUMENTS IN CONNECTION THEREWITH

("FINAL FOURTH AMENDMENT TO
DIP CREDIT AGREEMENT ORDER")

Upon the motion, dated April 29, 2009 (the "Motion"), of Delphi Corporation (the "Borrower") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order supplementing the January 5, 2007 DIP Refinancing Order (Docket No. 6461) (as supplemented by (i) the November 16, 2007 DIP Order (Docket No. 10957) (the "DIP Extension Order"), (ii) the April 30, 2008 DIP Order (Docket No. 13489) (as supplemented by the May 30, 2008 Supplemental Second DIP Extension Order (Docket No. 13699)) (the "Second DIP Extension Order"), (iii) the December 3, 2009 DIP Accommodation Order (Docket No. 14515), (iv) the February 25, 2009 Accommodation Amendment Order (Docket No. 16377), (v) the April 3, 2009 Interim Accommodation Supplemental Second Amendment Order (Docket No. 16549), (vi) the April 23, 2009 Final Accommodation Supplemental Second Amendments Order (Docket No. 16575), (vii) the May 7, 2009 Interim Accommodation Third Amendment Order (Docket No. 16609) and (viii) the May 7, 2009 Interim Fourth Amendment to DIP Credit Agreement Order (Docket No. 16610), hereinafter

referred to as the "DIP Order") and authorizing the Debtors to enter into (a) a fourth amendment to the Amended DIP Credit Agreement[1] and a first amendment to the Security and Pledge Agreement, the form of which is attached hereto as <u>Exhibit A</u> (the "Fourth Credit Agreement Amendments"), and (b) related agreements and documentation in connection therewith (together with the Amendment, the "Fourth Credit Agreement Amendment Documents"); and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in accordance with the Court's order to show cause entered April 29, 2009 (Docket No. 16586), and no other or further notice being necessary; and the Court having held an interim hearing on the Motion on May 7, 2009 (the "Interim Hearing") and a final hearing on the Motion on May 21, 2009 (the "Final Hearing"), and upon the records of the Interim Hearing and the Final Hearing and after due deliberation thereon, and sufficient cause appearing therefor;

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Court has core jurisdiction over these chapter 11 cases, and Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The Motion is hereby granted on a final basis.

3.     The Fourth Credit Agreement Amendment Documents are hereby authorized and approved on a final basis. The execution and delivery of the Fourth Credit Agreement Amendments by the Debtors as of April 24, 2009, together with any other instruments and documents executed and delivered in connection therewith, is hereby ratified and approved, and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

the Debtors are hereby authorized, but not directed, to perform, and take all actions necessary to make, execute and deliver, all of the Fourth Credit Agreement Amendment Documents with any other instruments and documents in connection therewith.  Upon execution and delivery of each of the Fourth Credit Agreement Amendment Documents and such other instruments and documents, and the effectiveness thereof in accordance with the terms thereof, such instruments and documents shall constitute valid and binding obligations of (i) the Debtors, enforceable against each Debtor party thereto in accordance with their respective terms and (ii) the DIP Lenders, enforceable against each DIP Lender in accordance with their respective terms.

        4.        The DIP Order shall be deemed supplemented by this order, and shall continue in full force and effect as supplemented hereby.  Consistent with and not in any way limiting the generality of the foregoing, the definitions of "DIP Credit Agreement" and "DIP Documents" contained in the DIP Order and the other Loan Documents (as defined in the Amended DIP Credit Agreement) shall be deemed to include the Fourth Credit Agreement Amendment Documents, as applicable.

        5.        Notwithstanding anything herein to the contrary, this order shall not modify the August 2, 2007 Order Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) (Docket No. 8856), the December 10, 2007 Order Under 11 U.S.C. §§ 105(a), 363(b), 503(b) and 507(a) Authorizing and Approving Delphi-Appaloosa Equity Purchase and Commitment Agreement Amendment (Docket No. 11382) (the "EPCA Amendment Order"), the Amended Investment Agreements (as defined in the EPCA Amendment Order), or any rights of the parties under any of the foregoing, including without limitation with respect to (i) the propriety, allowance, or payment of any unpaid Transaction Expenses or Post-Order Transaction Expenses or the timing

thereof or (ii) the Delphi-GM Agreement (as defined below), as to which the rights of all parties are hereby expressly reserved.

6. The Fourth Credit Agreement Amendment Documents have been negotiated in good faith and at arm's-length between the Debtors, the Agent and the DIP Lenders, and all of the Debtors' obligations under the Amended DIP Credit Agreement as authorized by the DIP Order and this order have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with and to the extent provided in section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this order, the DIP Order, or any Fourth Credit Agreement Amendment Document are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby.  Notwithstanding any such modification, amendment, or vacation, any claim granted to the Agent and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this order, the DIP Order, and the other DIP Documents (as defined in the DIP Order); and the Agent and the DIP Lenders shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

7. A sound business purpose exists for the Debtors to enter into the Fourth Credit Agreement Amendment Documents for purposes of the authorization and approval thereof pursuant to 11 U.S.C. § 363(b).

8. The provisions of this order, shall be binding upon the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter

4

11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and inure to the benefit of the Agent, the DIP Lenders, and the Debtors and their respective successors and assigns.

9. Section 8 of the Credit Agreement shall apply to the Fourth Credit Agreement Amendment Documents and each other DIP Document and all actions taken or not taken by the Agent or any DIP Lender contemplated thereby.

10. For the avoidance of doubt, each Fourth Credit Agreement Amendment Document shall constitute a "Loan Document" under and as defined in the Amended DIP Credit Agreement.

11. In the event of any inconsistency between the provisions of this order and the DIP Order, or the DIP Documents (including, without limitation, the Fourth Credit Agreement Amendment Documents), the provisions of this order shall govern.

12. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the DIP Order, this order and the DIP Documents (including, without limitation, the Fourth Credit Agreement Amendment Documents).

13. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable from and after May 21, 2009.

Dated:  New York, New York
        May 21, 2009

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

5