1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


        Debtors.


- - - - - - - - - - - - - - - - - - - -x


                United States Bankruptcy Court

                One Bowling Green

                New York, New York


                May 21, 2009

                10:08 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2    Hearing re:  Motion of Donald R. Sweeton and Sarah E. Sweeton

3    to Compel Debtors' Performance under Lease of Nonresidential

4    Real Property and for Payment of Administrative Expenses

5

6    Hearing re:  Motion of CSX Transportation, Inc. to Compel the

7    Payment of Administrative Expense Claim

8

9    Hearing re:  "GM Arrangement Fourth and Fifth Amendment

10   Approval Motion" - Motion for Order Authorizing Debtors to

11   enter into Fourth Amendment and Fifth Amendment to Arrangement

12   with General Motors Corporation

13

14   Hearing re:  "Steering Option Exercise Motion" - Motion for

15   Order Authorizing and Approving Option Exercise Agreement with

16   General Motors Corporation

17

18   Hearing re:  "Fourth Amendment to DIP Credit Agreement

19   Motion" - Expedited Motion for Interim and Final Order

20   Ratifying and Approving Debtors' Entry into (A) Fourth

21   Amendment to Amended and Restated DIP Credit Agreement, (B)

22   First Amendment to Amended and Restated Security and Pledge

23   Agreement, and (C) Related Documents in Connection Therewith

24

25

3

1

2   Hearing re:  "Fifth § 1121(d) Statutory Committee Exclusivity

3   Extension Motion" - Motion for Order, Solely as to Statutory

4   Committees, Extending Debtors' Exclusive Periods within which

5   to File and Solicit Acceptances of Reorganization Plan

6

7   Hearing re:  "Third Accommodation Amendment Motion" - Expedited

8   Motion for Interim and Final Authorizing Debtors to (I) Enter

9   into Third Amendment to Accommodation Agreement with Certain

10  Participating DIP Lenders and (II)(A) Enter into Related

11  Documents and (B) Pay Fees and Expenses in Connection Therewith

12

13  Hearing re:  "Brakes and Ride Dynamics Businesses Sale

14  Motion" - Motion for Orders (A)(I) Approving Bidding

15  Procedures, (II) Granting Certain Bid Protections, (III)

16  Approving Form and Manner of Sale Notices, and (IV) Setting

17  Sale Hearing Date and (B) Authorizing and Approving (I) Sale of

18  Debtors' Assets Comprising Debtors' Brakes and Ride Dynamics

19  Businesses Free and Clear of Liens, Claims, and Encumbrances,

20  (II) Assumption and Assignment of Certain Executory Contracts

21  and Unexpired Leases, and (III) Assumption of Certain

22  Liabilities

23

24  Transcribed by:  Hana Copperman

25

4

1

2    A P P E A R A N C E S :

3    SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

4         Attorneys for Debtors

5         333 West Wacker Drive

6         Chicago, Illinois 60606

7

8    BY:   JOHN WM. BUTLER, JR., ESQ.

9         RON MEISLER, ESQ.

10        JOHN LYONS, ESQ.

11

12   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

13        Attorneys for Debtors

14        4 Times Square

15        New York, New York 10036

16

17   BY:   KAYALYN A. MARAFIOTI, ESQ.

18

19   LATHAM & WATKINS, LLP

20        Attorneys for Creditors' Committee

21        53rd at Third

22        885 Third Avenue

23        New York, New York 10022

24

25   BY:   MARK A. BROUDE, ESQ.

5

1

2    DAVIS POLK & WARDWELL

3         Attorneys for JPMorgan Chase Bank, N.A. as DIP Agent

4         450 Lexington Avenue

5         New York, NY 10017

6

7    BY:   BRIAN M. RESNICK, ESQ.

8

9    VINSON & ELKINS LLP

10        Attorneys for BeijingWest Industries Co., Ltd.

11        666 Fifth Avenue

12        26th Floor

13        New York, NY 10103-0040

14

15   BY:   STEVEN M. ABRAMOWITZ, ESQ.

16

17   TRAMMELL CROW CENTER

18        2001 Ross Avenue

19        Suite 3700

20        Dallas, TX 75201-2975

21

22   BY:   BILL WALLANDER, ESQ.

23        (TELEPHONICALLY)

24

25

6

1

2    UNITED STATES DEPARTMENT OF JUSTICE

3         U.S. Attorney's Office

4         Southern District of New York

5         86 Chambers Street

6         New York NY 10007

7

8    BY:    MATTHEW L. SCHWARTZ, AUSA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

1                    P R O C E E D I N G S

2          THE COURT:  Please be seated.  Okay.  Delphi

3    Corporation.

4          MR. BUTLER:  Your Honor, Jack Butler and Kayalyn

5    Marafioti for Delphi Corporation.  Good morning.

6          THE COURT:  Good morning.

7          MR. BUTLER:  Your Honor, we have filed a proposed

8    43rd omnibus hearing agenda.  There are eight matters on the

9    agenda.  Two matters involve creditor motions that are being

10   adjourned to the July 23rd omnibus hearing.  Two motions

11   involve GM related matters that are being adjourned to the May

12   29th hearing.  Two matters relate to final hearings on DIP

13   related matters.  There is an exclusivity motion involving the

14   creditors' committee only.  And then we have our Brakes and

15   Ride Dynamics Sale Hearings.

16          Based on the work that's been done with the parties

17   there are no objections on or expected to be contested in

18   today's hearing.

19          THE COURT:  Okay.

20          MR. BUTLER:  Running through very quickly, Your

21   Honor, on the adjourned matters, matter number 1 on the agenda,

22   the Sweeton administrative claim matter dealing with seeking

23   performance under nonresidential real property lease at docket

24   number 16381, this involves that facility we've talked to you

25   about in prior hearings that was vacated back in October of

8

1    2008.  And the lessors have asked that we adjourn this matter

2    to the July 23rd omnibus hearing.

3              THE COURT:  Okay.

4              MR. BUTLER:  Matter number 2 on the agenda is the

5    motion of CSX Corporation seeking the payment of an

6    administrative claim at docket number 16548.  This involves the

7    reconciliation case involving about 97 freight invoices we've

8    talked about in prior hearings.  And, again, the parties ask

9    Your Honor to adjourn this matter to the July 23rd omnibus

10   hearing.

11             THE COURT:  All right.

12             MR. BUTLER:  Your Honor, the next matter on the

13   agenda is matter number 3, the "GM arrangement Fourth and Fifth

14   Amendment Approval Motion" at docket number 16411.  As Your

15   Honor recalls, we've been carrying this matter following the

16   objection of the U.S. Treasury Auto Task Force to its

17   consummation pending the continuing negotiations among the

18   stakeholders.  The parties have asked that this matter be

19   adjourned to next Friday, to the May 29th hearing.

20             THE COURT:  Okay.

21             MR. BUTLER:  Similarly, Your Honor, matter number 4

22   on the agenda, the "Steering Option Exercise Motion" at docket

23   number 16410, was adjourned previously for the same reason, the

24   objections to its consummation by the U.S. Treasury Auto Task

25   Force.  We're continuing stakeholder negotiations and have also

1     asked that that matter be adjourned to next Friday, to the May

2     29th hearing.

3               THE COURT:  Right.

4               MR. BUTLER:  Your Honor, matter number 5 on the

5     agenda is the "Fourth Amendment to the DIP Credit Motion" at

6     docket number 16587.  Your Honor approved these amendments on

7     an interim basis on May 7, 2009 at docket number 16610.  No

8     objections have been filed to the final hearing today.  This

9     has two principal elements of it.  The first are a series of

10    amendments that would facilitate Delphi participating in the

11    Auto Supplier Support Program in connection with the Chrysler

12    Chapter 11 case.  The second aspect of this is to incorporate a

13    new Section 8.10 in the credit agreement to alleviate potential

14    obstacles to the DIP agents' recovery on the DIP facility in

15    certain foreign jurisdictions.  We discussed both of those in

16    more detail at the interim hearing, and they have been

17    discussed in our papers.

18              Your Honor, we'd ask at this hearing, in addition to

19    giving final approval, we'd ask Your Honor to give final ruling

20    that the Fourth Credit Agreement Amendment documents and each

21    of the instruments and documents as may be necessary to

22    effectuate those amendments constitute valid and binding

23    obligations of the debtors, the agent, the DIP lenders,

24    enforceable against each party in accordance with their

25    respective terms.  We also ask the Court find that the Court's

10

1    prior DIP orders are supplemented by your order approving this

2    motion, but otherwise continue in full force in effect.

3            THE COURT:  All right.  I'll do that.  Are there any

4    changes to the final order from the form that was filed?

5            MR. BUTLER:  We submitted, Your Honor, a blackline

6    between the interim and the final, but there's no other

7    changes.  This is just a --

8            THE COURT:  All right.

9            MR. BUTLER:  There were just administrative changes

10    to make it a final order as opposed to an interim order.

11            THE COURT:  Okay.  So I'll approve that amendment on

12    a final basis, and you can hand that up at the end of the

13    hearing.

14            MR. BUTLER:  Thank you, Your Honor.  Your Honor,

15    matter number 6 on the agenda is the "Fifth § 1121(d) Statutory

16    Committee Exclusivity Extension Motion", filed at docket number

17    16594.  This was originally filed as to both statutory

18    committees, because we filed this prior to the equity committee

19    being disbanded on April 24, 2009 and the time for appeal to

20    that having not yet elapsed.  There is no appeal taken from

21    that order.  The committee has the -- the U.S. trustee has

22    disbanded that committee, and so this relief is sought only

23    against the creditors' committee.  There are no objections by

24    the creditors' committee to it, and it simply would, as to that

25    committee, extend the time for filing of any plan modifications

11

1    or other plans to July 31, 2009 and the time of solicitation to

2    September 30, 2009, subject to all the reservations we've

3    talked about in prior hearings.

4         THE COURT:  Right.  And for the same reasons as with

5    the prior hearings I will approve the extension as to the

6    official creditors' committee.

7         MR. BUTLER:  Thank you, Your Honor.  Your Honor,

8    matter number 7 on the agenda is the "Third Accommodation

9    Amendment Motion" for final hearing.  It was filed at docket

10   number 16599.  Your Honor approved these amendments on an

11   interim basis by an order entered on May 7, 2009 at docket

12   number 16609.

13        Your Honor, a couple of comments about the amendment

14   that's here for final hearing.  This, as Your Honor knows, did

15   two things.  It extended a series of milestones, the principal

16   one which was the delivery of a term sheet to the agent to

17   midnight this evening on May 21st.  But, more importantly, it

18   continued the accommodation period through June 2, 2009,

19   subject to the terms of that amendment.

20        The parties are continuing to negotiate in good

21   faith.  As Your Honor knows, there are some matters that have

22   been referred to judicial mediation, and there is a mediation

23   order that's been entered on the docket.  The parties are

24   continuing to negotiate and have scheduled negotiations over

25   the course of the holiday weekend and are moving forward, I

1    think, in good faith on those matters and working with each

2    other, all focused, quite candidly, on the May 29th hearing

3    Your Honor has established, to which the previously filed plan

4    modification motion has been adjourned and the relevant GM

5    motions have been adjourned.  It's our anticipation that there

6    will be filings made in this court either as amendments to the

7    motions that are currently set for hearing, or, alternatively,

8    on order to show cause basis.  During the week next week,

9    probably later in the week given the fact that it's a holiday

10   weekend as well, we would expect to be able to provide more

11   information to the Court about next steps in these cases at the

12   May 29th hearing.

13            THE COURT:  Okay.  So as far as this particular

14   motion is concerned, though, there are no changes to the order

15   except to make it a final order?

16            MR. BUTLER:  There are no changes except to make it a

17   final order, Your Honor, and all of the relevant time frames

18   that operate in connection with the prior orders are similar

19   here so that --

20            THE COURT:  They're staying the same.

21            MR. BUTLER:  They're staying the same, and Mr.

22   Resnick is here in court today, and I think he would tell you

23   that the parties are continuing to work with each other, and

24   while we may not have a final term sheet delivered this evening

25   the parties continue to negotiate that over the period between

1   now and the expiry date on June 2nd, that the fact there is an

2   expiry date on June 2nd is one of the reasons we have a May

3   29th hearing, so that we can address that issue and address

4   continued financing of these cases at that hearing.

5        THE COURT:  Okay.  All right.  Well, you've been

6   careful to keep me up to speed with the other parties on this

7   process, and I'll approve this motion or this Third Amendment

8   on a final basis, then, today.

9        MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

10  next matter on the agenda, matter number 8, is the final

11  hearing on the "Brakes and Ride Dynamics Businesses Sale

12  Motion", filed at docket number 16533.  We propose to seek Your

13  Honor's final approval to sell these businesses to BeijingWest

14  Industries Co., Ltd. and certain of its affiliates, and, Your

15  Honor, the buyer is a Chinese investment entity of which key

16  investors include -- I apologize if I don't pronounce these

17  properly.  Shougang Corporation is a majority owner and

18  affiliate of Tempo International Group as well.  Tempo

19  International Group is a Hong Kong based family group whose

20  holdings include, among other businesses, Norstar Founders

21  Group Ltd., an automotive parts and supplier.

22       Your Honor, we came before the Court and obtained an

23  order approving the bidding procedures in the first step of

24  this sale process, and that order was entered on May 1, 2009 at

25  docket number 16588.  Among other things, that called for us to

14

1    do certain noticing and to establish a bid deadline at 11 a.m.

2    Eastern Time on May 11, 2009.  The debtors did not receive any

3    qualified bids as of that deadline, or any other bids, to my

4    knowledge, qualified or unqualified, and, consequently, there

5    was no auction conducted on May 15th as otherwise was provided

6    in the Bidding Procedures Order.

7         A couple of items I'd like to bring to Your Honor's

8    attention.  The agreement, the Master Sale and Purchase

9    Agreement, was amended on May 20, 2009, and the proposed order

10   has certain additional provisions contained in it.

11        First, with respect to the First Amendment to the

12   agreement that was entered into on May 20th, that, among other

13   things, memorialized certain modifications to the agreement

14   that were contemplated in paragraph 8(b) of Your Honor's

15   Bidding Procedures Order regarding the PBGC's purported liens

16   and the assets of certain of the debtors' non-filing affiliate

17   sellers.

18        Because the buyers were reluctant to amend the

19   agreement beyond those changes contemplated in the Bidding

20   Procedures Order certain of the changes that have been agreed

21   to between the parties are in the form of a sale order and have

22   been added to the sale order provisions, which I'll address

23   with Your Honor in a moment.

24        The First Amendment to the agreement and a redlined

25   copy of the revised sale order was served on certain key

15

1    stakeholders and these debtors and is docketed at docket number

2    16629, so we've provided notice of these matters.

3            Your Honor, the Bidding Procedures Order, at that

4    time, you may recall, we spent a lot of time working with the

5    PBGC on some of the concerns that they had and settled their

6    objection at that time with respect to it.  And the PBGC, as I

7    understand it, is -- and no other party is objecting to the

8    form of final order that we're presenting to Your Honor today

9    for consideration.

10           There are a couple of paragraphs I'd point out to

11   Your Honor that are of note in resolving these matters, and

12   they're really decretal paragraph 7 and decretal paragraph 6 of

13   the sale approvals Order.  Both of these paragraphs, and I'm

14   not going to read them in their entirety on the record, I'll

15   just make note of them here, but these changes are necessary to

16   make clear that unless the PBGC's purported liens are actually

17   enforced in any local or applicable jurisdiction the buyer

18   cannot refuse to close or terminate the agreement on account of

19   those liens.

20           And, furthermore, in the event that those purported

21   liens are enforced in any applicable and local jurisdiction,

22   paragraph 7(2) requires the buyer to give the sellers thirty

23   days written notice.  If the buyer decides not to close or

24   decides to terminate which is subject to the seller's right to

25   cure set forth in Section 9.1.4 of the agreement, or decides

16

1    both not to close and to terminate -- so there's a series of

2    notice provisions as well.

3        We've also added paragraph C to the sale order,

4    noting that the objection to the assumption and assignment of

5    its prepetition contract filed by Tokico, T-O-K-I-C-O, (USA),

6    Inc., which was docketed at docket number 16611 and withdrawn

7    with prejudice at docket number 16626.

8        We've also made some administrative changes to the

9    order, Your Honor, which are not material, and have provided

10   the Court a blackline as well as having served it at the

11   previously docketed entries I've indicated.

12       Your Honor, where there are a series of evidentiary

13   objections, and the buyer would like to make a -- excuse me.  A

14   series of exhibits, and the buyer would like to make a proposed

15   proffer in support of the buyer's good faith.  Just a moment.

16       THE COURT:  Okay.

17       MR. BUTLER:  With respect to the evidentiary

18   exhibits, there are eighteen of them that we've presented to

19   the Court.  They include the confidential, highly confidential

20   declaration of Keith Stipp, who is present in the courtroom

21   today and who is testifying in support of the sale.  We

22   provided the agreements, including the amendment I've just

23   discussed, the various motions and orders including the

24   blackline order that I discussed, notices with respect to

25   executory contracts, the responses to the Bidding Procedures

17

1    Motion filed by the PBGC.  The objections have now been

2    resolved with respect to assumption or assignment, so there are

3    no objections pending to assumption or assignment and all the

4    various affidavits of service and publication were carried out

5    as required by Your Honor's prior order.

6              Your Honor, we would move admission of Exhibits 1

7    through 18 in support of the sale.

8              THE COURT:  Okay.  Does anyone object to their

9    admission?  I'm hearing no objections.  I'll admit those

10   documents.  I've read Mr. Stipp's declaration and don't have

11   any questions of him, but if anyone has any questions they want

12   to ask him now is the time.  Okay.  Thank you.

13   (Documents Supporting Brakes and Ride Dynamics Businesses Sale

14   were hereby received as Debtor's Exhibit 1-18 for

15   identification, as of this date.)

16             MR. ABRAMOWITZ:  Thank you, Your Honor.

17   Steven Abramowitz of Vinson & Elkins on behalf of the buyer,

18   BeijingWest Industries.  I have in the courtroom

19   Mr. Michael Evans, who is the vice president of Beijing

20   Industries.  I would like to proffer the following testimony.

21   If Mr. Evans was on the stand he would testify that he was

22   involved in the negotiations of the master sale and purchase

23   agreement, and he would also testify that BeijingWest

24   Industries negotiated that agreement in good faith and at arm's

25   length.

1          THE COURT:  Okay.

2          MR. ABRAMOWITZ:  Thank you.

3          THE COURT:  Did anyone wish to question Mr. Evans on

4     that proffer?  Thank you.  Is this still set to close in

5     November or before November 1st?

6          MR. BUTLER:  It's going to close, I think, Your

7     Honor, before the end of the year, but probably in the third or

8     fourth quarter.

9          THE COURT:  Okay.

10          MR. BUTLER:  In terms of the work that needs to go

11     on.  Again, Your Honor, in terms of -- we went over all the

12     terms of this sale at the preliminary hearing in connection

13     with the bidding procedures, and there have been no material

14     amendments to the transaction that was described to you for the

15     sale of the Brakes Business and the Ride Dynamics Business.  So

16     unless Your Honor has any other questions we're going to rely

17     on the record that's before the Court.

18          THE COURT:  Okay.  I guess the one issue I had, well,

19     I had two issues.  One is the motion is careful to point out

20     that one of the reasons the debtors were comfortable with the

21     buyers here is their belief and confidence that they could

22     transition the business from themselves to the buyers without

23     harming or disrupting their customers.  When does that

24     transition process start?  Does it start at the closing or

25     in --

19

1          MR. BUTLER:  I think Mr. Stipp would tell me in some

2   respects it's already started.

3          THE COURT:  Okay.

4          MR. BUTLER:  That's typically how these work.

5          THE COURT:  All right.  And there's some funding that

6   goes along with that.

7          MR. BUTLER:  Yes, there is.

8          THE COURT:  Okay.

9          MR. BUTLER:  And that's described.  We describe that

10  in the motion.  I think there are also -- the buyer agreed to

11  make certain advance payments to address some of those matters

12  as we've described in a motion in the agreement.

13         THE COURT:  Okay.  All right.  And I asked you

14  already about the closing, so those were my questions.  All

15  right.  Does anyone wish to be heard on this motion?  All

16  right.  Based on the motion and the declaration in support, as

17  well as the proffer, I'm prepared to make the findings in the

18  proposed order including with regard to the buyer's good faith

19  and 363(n) and (m) being satisfied.  Based on there being no

20  objection and adequate notice I'm also prepared to approve the

21  portion of the proposed order that provides for an allocation

22  of the purchase price among the debtor and non-debtor sellers,

23  and, generally, to make the findings set forth in the order.

24  So I'll approve the motion.

25         MR. BUTLER:  Thank you very much, Your Honor.  Your

20

1   Honor, that concludes the matters that are before the Court for

2   this morning's omnibus hearing.

3           THE COURT:  Okay.  Thank you.

4           MR. BUTLER:  Thank you.

5       (Proceedings concluded at 10:25 AM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

1

2                          I N D E X

3

4                      E X H I B I T S

5   DEBTOR'S   DESCRIPTION                    PAGE

6   1-18       Documents Supporting          17

7              Brakes and Ride Dynamics

8              Businesses Sale

9

10                         RULINGS

11                     Page      Line

12  Approval of Fourth      10        11

13  Amendment to DIP Credit

14  Agreement Motion

15

16  Approval of Fifth §      11        5

17  1121(d) Statutory

18  Committee Exclusivity

19  Extension Motion

20

21  Approval of Third       13        7

22  Accommodation Amendment

23  Motion

24

25

22

1

2    Approval of Brakes and    19       24

3    Ride Dynamics Businesses

4    Sale Motion

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23

1

2                        C E R T I F I C A T I O N

3

4        I, Hana Copperman, certify that the foregoing transcript is a

5        true and accurate record of the proceedings.

6

7        _____

8        HANA COPPERMAN

9

10       Veritext LLC

11       200 Old Country Road

12       Suite 580

13       Mineola, NY 11501

14

15       Date:  May 22, 2009

16

17

18

19

20

21

22

23

24

25