| | |
|---|---|
| **LOEB & LOEB LLP** <br> 345 Park Avenue <br> New York, New York 10154 <br> (212) 407-4000 <br> P. Gregory Schwed <br> Daniel B. Besikof <br> Jason Blumberg | Hearing Date: June 16, 2009 at 10:00 a.m. <br> Objection Deadline: June 12, 2009 at 4:00 p.m. |

**Attorneys for DELOITTE & TOUCHE LLP**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
In re: :
: Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------X

## NOTICE OF EXPEDITED MOTION OF DELOITTE & TOUCHE LLP FOR AN ORDER TERMINATING THE DEBTORS' RETENTION OF DELOITTE & TOUCHE LLP AS THEIR INDEPENDENT AUDITORS AND ACCOUNTANTS

**PLEASE TAKE NOTICE** that on May 29, 2009, the undersigned caused to be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York Deloitte & Touch LLP's ("Deloitte & Touche") expedited motion (the "Motion") for entry of an order terminating the above-captioned Debtors' retention of Deloitte & Touche as their independent auditors and accountants.

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "Hearing") on the Motion is scheduled for **June 16, 2009, 10:00 a.m.** prevailing Eastern Time at the United States Bankruptcy Court, United States Custom House, One Bowling Green, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be filed and served so as to ensure actual receipt not later June 12, 2009 at 4:00 p.m. on:

NY781470.1
018000-10112

Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154 (Attn: P. Gregory Schwed, Esq.).

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers).

Dated: New York, New York
       May 29, 2009

                              LOEB & LOEB LLP

                          By: /s/ P. Gregory Schwed
                              P. Gregory Schwed
                              Daniel B. Besikof
                              Jason Blumberg
                              345 Park Avenue
                              New York, New York 10154
                              (212) 407-4000

                              *Counsel for Deloitte & Touche LLP*
                              *and Deloitte Tax LLP*

Hearing Date and Time: June 16, 2009
10:00 a.m. (EDT)

LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4000
P. Gregory Schwed
Daniel B. Besikof
Jason Blumberg

*Counsel for Deloitte & Touche LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

| | |
|---|---|
| In re : | Chapter 11 |
| DELPHI CORPORATION, <u>et</u> <u>al</u>., : | Case No. 05-44481 (RDD) |
| Debtors. : | Jointly Administered |
| : | |

------------------------------------------------------------ X

**EXPEDITED MOTION OF DELOITTE & TOUCHE LLP FOR AN ORDER TERMINATING THE DEBTORS' RETENTION OF DELOITTE & TOUCHE LLP AS THEIR INDEPENDENT AUDITORS AND ACCOUNTANTS**

Deloitte & Touche LLP ("Deloitte & Touche"), by its undersigned counsel, hereby submits this motion (this "Motion") for entry of an order terminating the Debtors' retention of Deloitte & Touche as their independent auditors and accountants. In support of this Motion, Deloitte & Touche respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NY780218.6
018000-10112

**PRELIMINARY STATEMENT**

2.      Deloitte & Touche seeks the formal termination of Deloitte & Touche's retention by the Debtors.  Deloitte & Touche has completed its work as independent auditors for the Debtors, and Deloitte & Touche was replaced as the Debtors' independent auditors by Ernst & Young LLP ("E&Y") three years ago.  The Debtors accordingly have no further ongoing need for Deloitte & Touche's services.  Moreover, Deloitte & Touche's affiliate, Deloitte Tax LLP, has provided some preliminary tax planning services and anticipates being requested to perform additional such services for an acquirer of the Debtors' assets.  In view of the importance of any asset sales to the Debtors and the fact that Deloitte & Touche has no continuing work to perform for the Debtors, Deloitte & Touche believes the proposed relief is not only in its interest but in the best interests of the estate.

3.      Under Section 10.3(d) of the confirmed First Amended Joint Plan of Reorganization, (the "Plan"), the  Debtors are free to deal with retained professionals in the ordinary course of business, without complying with the strictures of Sections 327 through 331 of the Bankruptcy Code.  Nevertheless, in the interest of openness, Deloitte & Touche is asking that the Court approve Deloitte & Touche's ending its retention under Section 327 of the Bankruptcy Code (as defined below) and its being relieved of the requirements and restrictions attendant therewith, including, without limitation, the "disinterestedness," "adverse interest" and disclosure requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors' interests would not be compromised in any such engagements because Deloitte & Touche will still adhere to all applicable professional and internal ethical and confidentiality standards.

2

4. Finally, Deloitte & Touche has also previewed this motion with the Unsecured Creditors Committee, which has indicated that it will not object to the proposed relief.

## BACKGROUND

5. On October 8, 2005 (the "Petition Date"), Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered pursuant to an order of this Court entered on the Petition Date [ECF No. 28].

6. By order of this Court dated January 17, 2006 and entered January 18, 2006 (the "Deloitte & Touche Retention Order") [ECF No. 1832], this Court authorized the retention of Deloitte & Touche by the Debtors as their independent auditors and accountants, nunc pro tunc to October 8, 2005, pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, in accordance with the terms of the engagement letters (the "Deloitte & Touche Engagement Letters") filed in connection with the Debtors' application, dated November 23, 2005 [ECF No. 1222], to approve Deloitte & Touche's retention.

7. Under the Deloitte & Touche Engagement Letters, Deloitte & Touche performed certain auditing and accounting services for the Debtors, including: (i) performing an audit of the Debtors' financial statements for the fiscal year ended December 31, 2005 (the "2005 Audit"), (ii) providing an opinion as to management's assessment of the effectiveness of the

3

Debtors' internal controls over financial reporting as of December 31, 2005, (iii) performing reviews of interim financial statements for the three and nine-month periods ended September 30, 2005, (iv) assisting the Debtors in their preparation of certain mandatory governmental reports and (v) rendering certain other accounting services as may have been necessary.

8.    Deloitte & Touche completed the 2005 Audit around July of 2006 and has done no significant work for the Debtors since that time except in connection with the issuance of certain audit consents. The last work of any kind performed by Deloitte & Touche was in connection with the issuance of its last audit consent, and that work was completed in March of 2008. In addition, pursuant to orders of this Court entered on April 5, 2006 [ECF No. 3121] and June 12, 2007 [ECF No. 8229], the Debtors retained E&Y to replace Deloitte & Touche as their independent auditors and accountants for the fiscal years ended December 31, 2006 and December 31, 2007.

9.    Despite having completed all of the services set forth in the Deloitte & Touche Engagement Letters, and having been replaced by E&Y as the Debtors' independent auditors and accountants, the Debtors and Deloitte & Touche agreed to continue Deloitte & Touche's retention for the sole purpose of ensuring that Deloitte & Touche could issue audit consents if necessary and appropriate. However, based on the number of years elapsed since the 2005 Audit, there will no longer be any need to publish or reproduce Deloitte & Touche's report in connection with the 2005 Audit or any other reports or documents prepared by Deloitte & Touche in connection with its engagement by the Debtors and, thus, there will be no need for Deloitte & Touche's issuance of any further audit consents in connection with these chapter 11 cases.

**RELIEF REQUESTED**

10.      By this Motion, Deloitte & Touche requests entry of an Order terminating the Debtors' retention of Deloitte & Touche as their independent auditors and accountants pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code. If the relief is granted, Deloitte & Touche would be able to perform professional services for third parties in connection with the Debtors (including a current potential purchaser of assets, for which some preliminary work has been done), subject to applicable professional and internal Deloitte & Touche standards and confidentiality safeguards, as discussed below.

11.      As noted above, Deloitte & Touche believes that its retention is no longer necessary and should be terminated, because Deloitte & Touche's engagement with the Debtors has been fully concluded. As discussed above, Deloitte & Touche has performed no services at all for the Debtors in over a year and has been replaced as the Debtors' auditors by E&Y. During the period since the completion of the 2005 Audit, Deloitte & Touche's sole potential responsibility has been to issue audit consents when requested (and where appropriate), and no further audit consents will need to be issued.

12.      Moreover, termination of Deloitte & Touche's retention would not prejudice the Debtors' estates, even if Deloitte & Touche were engaged in work that might not be permitted if Deloitte & Touche remained retained by the Debtors pursuant to Section 327(a) of the Bankruptcy Code. Specifically, Deloitte & Touche would not accept any Delphi-related third-party engagement unless such engagement would otherwise be appropriate under applicable professional standards. Deloitte & Touche will also abide by its customary procedures and policies (such as implementing ethical walls) to appropriately protect the confidential

information regarding the Debtors obtained by Deloitte & Touche in the course of its engagement for the Debtors in connection with these chapter 11 cases.

14. It should also be noted that any confidential information obtained by Deloitte & Touche through its work for the Debtors is, at this point, likely to be stale. The information provided to Deloitte & Touche in connection with its engagement was related to the Debtors' operations in 2005, more than three years ago. As a result of this changed landscape in the intervening period, any information obtained by Deloitte & Touche in the scope of its retention with the Debtors is likely to be of greatly diminished value.

14. As noted above, Deloitte Tax LLP had been asked, on an expedited basis, to assist in certain tax planning issues relating to a potential purchaser of assets of the estate, and anticipates that it will be asked to perform additional such services. Such tax planning assistance could benefit the estate by helping clear the way for that purchaser to make a bid.

15. This application is made in the interests of full disclosure to the Court. In fact, section 10.3(d) of the Plan permits these arrangements:

> "Upon the Confirmation Date, any requirement that Professionals comply with section 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtors shall employ and pay Professionals in the ordinary course of business."

16. Even though its retention will be terminated if this Motion is granted, Deloitte & Touche acknowledges that its fees will remain subject to this Court's final approval after the filing of a final fee application. While Deloitte & Touche is prepared to file its final fee application promptly, it recognizes that the Court may not be willing or ready to consider such an application at this time. Accordingly, Deloitte & Touche will defer filing a final fee

application until such time as other retained professionals do so, unless the Court directs otherwise.

17. In accordance with Section 11 of the Supplemental Case Management Order dated March 17, 2006 (compliance with which is hereby certified), this motion is being scheduled on an expedited basis for the next omnibus hearing date of June 16, 2009 at 10:00 a.m., for the reasons set forth above. Counsel for the Debtor and Committee have been consulted and do not object to such shortened notice.

## CONCLUSION

WHEREFORE, Deloitte & Touche respectfully requests that this Court (i) grant the Motion, (ii) enter an order terminating the retention of Deloitte & Touche as Independent Auditors and Accountants to the Debtors, and (iii) grant such other and further relief as is just and proper.

Dated: May 29, 2009
     New York, New York

          Respectfully submitted,

          **LOEB & LOEB LLP**

          By: /s/ P. Gregory Schwed
             P. Gregory Schwed
             Daniel B. Besikof
             Jason Blumberg
             345 Park Avenue
             New York, New York  10154

             (212) 407-4000

          *Counsel for Deloitte & Touche LLP*
          *and Deloitte Tax LLP*