UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                            :       Chapter 11
                                    :
DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
                                    :
                 Debtors.    :       (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN OF
REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS TO
CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION AND (B) SETTING
<u>ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND ALTERNATIVE SALE HEARING DATE</u>

("MODIFICATION PROCEDURES ORDER")

        Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (the "Motion Supplement") of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i) approving (a)

certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January

25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended Disclosure

Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10 Disclosure

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
    Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
    Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
    Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
    Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
    2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is of the is
    attached hereto as <u>Exhibit A</u> without exhibits.

Statement"), and (c) related modifications to those voting procedures set forth in the December 10 Solicitation Procedures Order, (ii) setting a final hearing date for approval of the Debtors' proposed plan modifications, (iii) setting of a bar date for filing proofs claim for administrative expenses for postpetition claims arising before June 1, 2009, and (iv) setting an alternative sale hearing (the "Alternative Sale Hearing") date of July 23, 2009, to be used, only if necessary, to consider the sale of substantially all the Debtors' assets if the Court does not approve the Debtors' proposed plan modifications on that date; and the Court having reviewed the Motion and the supplements to the December 10 Disclosure Statement (the "Supplement"); and a hearing having been held on June [•], 2009 (the "Preliminary Modification Hearing"); and the Court having reviewed and considered (i) the Supplement, (ii) the Motion, (iii) the Motion Supplement, (iv) the adequacy of notice, and (v) the record established at the Preliminary Modification Hearing, including the evidence proffered or adduced at the Preliminary Modification Hearing; and for further reasons stated on the record at the Preliminary Modification Hearing; and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as follows:

A.    The Supplement complies with the requirements of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and satisfies the requirements of section 1127(c) of the Bankrupt y Code because the Debtors' Supplement and proposed procedures comply with the requirements of section 1125 of the Bankruptcy Code, including without limitation, disclosing adequate information as that term is defined in section 1125 of the Bankruptcy Code and complying with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Confirmed Plan, as modified (the "Modified Plan") that provide for releases

and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifying the persons and entities that are subject to the releases and injunctions.

B.      Nothing has come to the attention of the Court to suggest that all currently material information regarding the Debtors and their subsidiaries, their respective assets, affairs, and financial condition, and the reorganization and restructuring provided for under the Modified Plan has not been set forth in the Supplement and the Debtors' public filings with the Securities and Exchange Commission (or the exhibits or appendices thereto) incorporated in the Supplement.

C.      The Debtors' notice of the hearing on the Motion, the Supplement, the Preliminary Modification Hearing, and the time fixed for filing objections to the Motion Supplement was good and sufficient under the particular circumstances, and no other or further notice need be given.

D.      The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

E.      Resolicitation of votes for holders of claims and/or interests in Classes C-1 (General Unsecured Claims) and D (GM Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

F.      Solicitation of votes for holders of claims in Class C-2 (PBGC Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

G.      Solicitation of votes for holders of claims and/or interests in Class A (Secured Claims) is appropriate because of the nature of the modifications included in the Modified Plan.

H.      Not soliciting votes from holders of claims and/or interests in Classes E, G, and H [2] is appropriate because of the nature of the modifications included in the Modified Plan.

I.      The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

J.      The Debtors' proposed procedures for transmitting the Supplement, the Modified Plan, the Ballots (as defined below), and the voting instructions are adequate, in good faith, and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

K.      The form of the Final Modification Hearing Notice (as defined below) and the Debtors' proposed procedures for distributing and publishing the Final Modification Hearing Notice, as described more fully in the Motion Supplement, are fair and reasonable.

L.      The forms of the Amended Cure Amount Notice (as defined below) and the Notice of Non-Assumption of Executory Contracts (as defined below) and the Debtors' proposed modified cure claim procedures, as described more fully in the Motion Supplement, are fair and reasonable.

M.      The form of the GM Components Assumption and Assignment Notice (as defined below) and the procedures for the Debtors to assume and assign to GM Components Holdings, LLC ("GM Component"), an affiliate of General Motors Corporation ("GM") the GM Components Assumed Contracts (as defined below) are fair and reasonable.

---

[2]      Class E consists of all Section 510(b) Note Claims against Delphi Corporation, Class G consists of all interests in existing common stock of Delphi Corporation and all Section 510(b) Equity Claims against Delphi Corporation, and Class H Class H consists of all Section 510(b) ERISA Claims against the applicable Debtor.

4

N.      The form of the Parnassus Assumption and Assignment Notice (as defined

below) and the procedures for the Debtors to assume and assign to Parnassus Holdings II, LLC

("Parnassus") the Parnassus Assumed Contracts (as defined below) are fair and reasonable.

O.      The form of the Administrative Expense Claim Form (as defined below)

and the Notice of Administrative Claim Bar Date (as defined below) and the procedures for the

parties to file Administrative Expense Claims (as defined below) are fair and reasonable.

P.      The Debtors have shown that cause exists for establishing July 10, 2009 as

the Administrative Expense Bar Date, in accordance with General Order M-279.

Q.      Upon the record of the Preliminary Modification Hearing and these cases,

the relief requested in the Motion as supplemented by the Motion Supplement is in the best

interests of the Debtors, their estates, their creditors, their interest holders, and other parties-in-

interest.

R.      The Debtors have demonstrated that sound business judgment exists to

schedule the Alternative Sale Hearing on July 23, 2009.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion as supplemented by the Motion Supplement is GRANTED.

2.      The Debtors are hereby authorized and directed to solicit votes to accept

or reject the Modified Plan in accordance with the procedures set forth in the December 10

Solicitation Procedures Order, as modified herein.

3.      Key Dates And Deadlines.  When applying the procedures set forth in the

December 10 Solicitation Procedures Order with respect to the Modified Plan, the following

dates shall replace the dates included in the December 10 Solicitation Procedures Order:

| Event and Paragraph from December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Deadline For Trustees And Transfer Agents Must Provide Record Holder Information (as of November 26, 2007 voting record date) To Securities Voting Agent (¶14) | no later than two business days after the later of (a) the Record Date (defined below) and (b) the date this Order is entered |
| Solicitation Mailing Deadline (¶10) | June 16, 2009 |
| Deadline For Filing Of Plan Exhibits And Disclosure Statement Appendices (the "Exhibit Filing Date") (¶40) | July 2, 2009 |
| Rule 3018(a) Motion Deadline (¶24-26) | Received no later than 4:00 p.m. (prevailing Eastern time) on July 2, 2009<br><br>If the Debtors objected to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection |
| Plan Objection Deadline (¶8) | July 14, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Voting Deadline (¶29) | Received by the Voting Agents by 7:00 p.m. (prevailing Eastern time) on July 14, 2009 |
| Voting Agent Certification Deadline (¶37) | July 20, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Final Modification Hearing Date (¶7) | To commence on July 23, 2009 |

The Debtors shall file their reply in support of the Modified Plan and the Master Disposition Agreement and in support of the transactions set forth in the Master Disposition Agreement, as modified by the 363 Implementation Agreement (as defined below) and file any proposed revisions to the final order approving the Modified Plan and submit a proposed form of section 363 sale order no later than July 21, 2009.

4.    Ballots.  The Debtors' proposed forms of ballots, in substantially the forms annexed to this order as Exhibit B (as may be specifically modified for particular classes of claims or interests), are hereby approved for use in connection with the Debtors' solicitation of votes to accept or reject the Modified Plan.

5.    Notices.  Except as set forth below, the Notices listed in the chart below
and attached hereto substantially in the forms of Exhibits C, D, E, F, and G attached hereto, are
substantially similar to those approved by the December 10 Solicitation Procedures Order and
the Debtors are authorized to use such notices in same manner that each corresponding notice
was used under the December 10 Solicitation Procedures Order, except as otherwise set forth
herein:

| Exhibit to this Order | Title of Notice | Exhibit to December 10 Solicitation Procedures Order |
|---|---|---|
| C | Unimpaired Notice | D |
| D | Non-Voting Status Notice | E |
| E | Notice To Parties Subject To A Post-Solicitation Date Objection | F |
| F | Notice to Employees Regarding Multiple Solicitation Documents | N |
| G | Final Plan Modification Approval Hearing Notice | C |
| H | Amended Cure Amount Notice | O |
| I | Notice of Non-Assumption of Executory Contracts | N/A |
| J | GM Components Assumption and Assignment Notice | N/A |
| K | Parnassus Assumption and Assignment Notice | N/A |
| L | Administrative Expense Claim Request | N/A |
| M | Notice of Administrative Claim Bar Date | N/A |

6.    Approval Of Supplement. Pursuant to Bankruptcy Rule 3017(b), the
Supplement (Docket No. [•]) is approved as containing adequate information within the meaning
of section 1125(a) of the Bankruptcy Code.

7.    The Debtors are authorized to (i) make non-material changes to the
Supplement and related documents (including the exhibits thereto and to the Supplement) and (ii)
revise the Supplement and related documents (including the exhibits thereto) to add further
disclosure concerning events occurring at or after the Preliminary Modification Hearing, before

7

distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

8.    Final Modification Hearing Date.  The hearing (the "Final Modification Hearing") to consider approval of the Modified Plan, as the same may be further modified or amended, shall commence on July 23, 2009 (the "Final Modification Hearing Date"), at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. Subject to the Alternative Sale Hearing, the Final Modification Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties-in-interest.

9.    Objections To Proposed Modifications To Confirmed Plan.  July 14, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Modified Plan Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed with the Court together with proof of service, and served by personal service, overnight delivery, or first-class mail, with a hard copy delivered to the chambers of the Honorable Robert D. Drain, and served so that they are RECEIVED no later than the Modified Plan Objection Deadline by the following (collectively, the "Notice Parties"):

8

The Debtors
Delphi Corporation
5725 Delphi Drive,
Troy, Michigan 48098
Att'n: General Counsel

Counsel For The Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(800) 718-5305
Att'n: John Wm. Butler, Jr.
Att'n: Ron E. Meisler

       and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n: Kayalyn A. Marafioti
Att'n: Thomas J. Matz

United States Trustee
The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Brian Masumoto

Counsel For The Creditors' Committee
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n: Robert J. Rosenberg
Att'n: Mitchell A. Seider
Att'n: Mark A. Broude

Counsel For The Postpetition Lenders
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10022
Att'n: Donald S. Bernstein
Att'n: Brian M. Resnick

Counsel For The Tranche C Collective
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Att'n: Richard Mancino
Att'n: Marc Abrams

Counsel For The United States Department of the Treasury
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Att'n: John J. Rapisardi
Att'n: Oren B. Haker

Counsel For The United States Department of Justice
United States Department of Justice
86 Chambers Street, 3rd Floor
New York, New York 10007
Att'n: Matthew L. Schwartz
Att'n: Joseph N. Cordaro

Counsel For General Motors Corporation
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Att'n: Jeffrey L. Tanenbaum
Att'n: Robert J. Lemons

Counsel For Parnassus Holdings II, LLC
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Att'n: Adam C. Harris
Att'n: David J. Karp

**Objections not timely-filed and served in the manner set forth above shall not be**

**considered by the Court and shall be deemed overruled.**

10.    Record Date.  Notwithstanding anything to the contrary in Bankruptcy

Rule 3017(d), in compliance with section 1127(d) of the Bankruptcy Code, November 26, 2007,

shall remain the record date originally fixed by the December 10 Solicitation Procedures Order

(the "Record Date") for purposes of determining the members of Class C-1 (General Unsecured

Claims) and Class D[3] that are entitled to receive a Solicitation Package and to vote on the Plan. The holders of any claims filed after the Record Date shall not be entitled to vote.

11.    Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), November 26, 2007 shall be fixed as the record date (which hereinafter shall also be referred to as the "Record Date") for determining the members of Class A[4] and Class C-2 (PBGC Claim) (Class A, together with Classes C-1, C-2, and D, the "Voting Classes") entitled to receive Solicitation Packages and entitled to vote to accept or reject the Modified Plan.

12.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before June 16, 2009 (the "Solicitation Date"), the Debtors shall cause Kurtzman Carson Consultants LLC (the "Creditor Voting Agent" or "KCC") and Financial Balloting Group, LLC (the "Securities Voting Agent," and together with the Creditor Voting Agent, the "Voting Agents") or their agents to transmit by first class mail to the holders of claims against and interests in the Debtors as of the Record Date, with respect to Classes A, C and D, respectively, a solicitation package (the "Solicitation Package") containing a copy or conformed version of:

A.    the Final Modification Hearing Notice;

B.    to the extent applicable, the appropriate ballot and notice as set forth above for the specific creditor or interest holder, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

C.    a CD-ROM containing this order (without exhibits attached), a copy of the December 10 Solicitation Procedures Order (without exhibits), solicitation letter from the official committee of unsecured creditors, if any, the Supplement, the Modified Plan, and the publicly-filed materials appended thereto

---

[3]    Class C-1 consists of all General Unsecured Claims against the applicable Debtor or consolidated group of Debtors, Class C-2 consists of PBGC Claims against the applicable Debtor or consolidated group of Debtors, and Class D consists of the GM Claim against the applicable Debtor or consolidated group of Debtors.

[4]    Class A consists of all Secured Claims against the applicable Debtor or consolidated group of Debtors.

13. <u>No Notice Or Transmittal For Classes F and I</u>. With respect to holders of claims or interests in Class F (Intercompany Claims), the Debtors shall not be required to send to holders of Class F Intercompany Claims ballots, the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

14. With respect to holders of claims or interests in non-voting Class I (Other Interest), the Debtors shall not be required to send to the members of Class I ballots, the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

15. <u>Non-Voting Status Notice To Be Provided To Holders Of Claims And Interests In Classes E, G, and H</u>. With respect to holders of claims or interests in non-voting Classes E, G, and H, the Debtors shall send to such holders a (i) Non-Voting Status Notice substantially in the form of <u>Exhibit D</u> annexed hereto, (ii) a Final Plan Modification Approval Hearing Notice (as defined below) substantially in the form of <u>Exhibit G</u> annexed hereto, (iii) a Administrative Expense Claim Form (as defined below), substantially in the form of <u>Exhibit L</u> annexed hereto, and (iv) a Notice of Administrative Claim Bar Date (as defined below), substantially in the form of <u>Exhibit M</u> annexed hereto. The Debtors shall not be required to send to holders of claims or interests in non-voting Classes E, G, and H the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

16. <u>Final Modification Hearing Notice</u>. The notice of the Final Modification Hearing and the Modified Plan Objection Deadline (the "Final Modification Hearing Notice") substantially in the form of <u>Exhibit G</u> annexed hereto is approved and shall be included in the Solicitation Packages distributed to all creditors and interest holders and all persons or entities on the Debtors' master service list.

17.    Subject to the exceptions detailed in this Order with regard to members of

Classes F and I, notice of the Final Modification Hearing shall be effected in the same manner,

and served on the same categories of parties, as that of the Confirmation Hearing Notice in the

December 10 Solicitation Procedures Order; provided that the Debtors shall only be required to

provide supplemental publication notice of the Final Modification Hearing by causing the Final

Modification Hearing Notice to be published not fewer than 25 days before the Final

Modification Hearing in the Detroit Free Press, the New York Times (national edition), the Wall

Street Journal (national, European, and Asian editions), and USA Today (worldwide).  The Final

Modification Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Modified Plan

proposes releases and injunctions against conduct not otherwise enjoined under the Bankruptcy

Code, describing briefly the nature of the releases and injunctions, identifying the persons and

entities that are subject to the releases and injunctions, and providing those persons and entities

that are not creditors or equity security holders with contact information to obtain a copy of the

Modified Plan and Supplement.

18.    Additional Procedures For Vote Tabulation.  Section 1127(d) shall be

applied for the resolicitation of votes on the Modified Plan with respect to holders of claims in

Class C-1 or Class D that voted on the December 10 Plan.  Thus, if a holder of a Class C-1 or

Class D claim voted on the December 10 Plan and fails to cast a vote on the Modified Plan, the

vote cast on the December 10 Plan shall apply with respect to the Modified Plan, but only to the

extent that the creditor is entitled to vote on the Modified Plan.  If a holder of a claim voted on

the December 10 Plan but failed to vote on the Modified Plan, and the class and/or amount of the

claim voting on the Modified Plan is different than the claim from the December 10 Plan, such

claim would be counted with respect to the Modified Plan but only in the class and amount as
such claim holder is entitled to vote on the Modified Plan.

19.     Vote Certification.  The requirement under Rule 3018-1 of the Local
Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York
for the certification of acceptance and rejections of the plan is modified to require the Voting
Agents to file their certifications no later than 4:00 p.m. (prevailing Eastern time) on July 20,
2009.

20.     Service of all notices and documents described herein in the time and
manner as set forth herein, including the service and publication of the Final Modification
Hearing Notice, as described in the Motion Supplement, shall be adequate and sufficient and no
other or further notice shall be necessary.

21.     Effect Of Failure Of Class To Vote.  If no claim or interest holder of a
particular class submits a vote in accordance with this order either to accept or reject the
Modified Plan, that class shall be deemed to have accepted the Modified Plan.

22.     Maintenance Of Records By Intermediary Record Holders.  Pursuant to
the procedures approved in the December 10 Solicitation Procedures Order, Intermediary Record
Owners who were required to use the Master Ballot voting process were required to retain for
inspection by the Court the Beneficial Owner Ballots cast by Beneficial Owners for one year
following the January 11, 2008 Voting Deadline set by that order, and Intermediary Record
Owners who were required to send Prevalidated Ballots to Beneficial Owners for direct return to
the respective Voting Agent were also required to retain for inspection by the Court a list of
those Beneficial Owners to whom the Prevalidated Ballots were sent for one year following the
January 11, 2008 Voting Deadline.  To facilitate the Debtors' resolicitation of votes on the

Modified Plan, the Intermediary Record Owners shall maintain these records and any other data

relating to Beneficial Holders for an additional year, until at least July 14, 2010.

        23.     <u>Distribution Of Solicitation Packages By Intermediary Record Owners.</u>

Within five business days after an Intermediary Record Owner's receipt of the Solicitation

Packages, the Intermediary Record Owner shall distribute the Solicitation Packages to the

respective Beneficial Owners for which they hold Securities and who are entitled to vote on the

Modified Plan.  For the avoidance of doubt, holders of interests in Class G (Common Stock)

shall only receive a (i) Non-Voting Status Notice, (ii) Final Plan Modification Approval Hearing

Notice, (iii)  Administrative Expense Claim Form, and (iv) Notice of Administrative Claim Bar

Date.

        24.     <u>Voting By Beneficial Owners</u>.  Intermediary Record Owners are hereby

authorized and directed to use the appropriate procedure set forth below for obtaining the votes

of Beneficial Owners.  First, the Intermediary Record Owners may forward the Solicitation

Package to the Beneficial Owners of the Securities who are entitled to vote on the Modified Plan

for voting, which package shall include a beneficial owner ballot substantially in the form of the

beneficial owner ballots attached as part of <u>Exhibit B</u> to this order (the "Beneficial Owner Ballot")

and a return envelope provided by, and addressed to, the Intermediary Record Owner.  Upon

receipt of the Beneficial Owner Ballots, the Intermediary Record Owner shall summarize the

individual votes of its Beneficial Owners, as reflected on the Beneficial Owner Ballots, on a

master ballot in substantially the form of the master ballots attached as part of <u>Exhibit B</u> to this

order (each a "Master Ballot").  The Intermediary Record Owners shall then return the Master

Ballot to the Securities Voting Agent prior to the Voting Deadline.

25.     Alternatively, if an Intermediary Record Owner is unable to use the option
above, it may prevalidate a Beneficial Owner Ballot (a "Prevalidated Ballot") by signing that
ballot and by indicating on that ballot the identity of the Intermediary Record Owner, the amount
of Securities owned by the Beneficial Owner, and the appropriate account numbers through
which the Beneficial Owner's holdings are derived.  The Intermediary Record Owner shall then
forward a Solicitation Package, including the Prevalidated Ballot and a return envelope
addressed to the appropriate Securities Voting Agent, for voting by the Beneficial Owner.

26.     The Debtors are hereby authorized to reimburse Intermediary Record
Owners for their reasonable and customary out-of-pocket expenses incurred in performing the
tasks described above upon written request of the Intermediary Record Owner, subject to the
Court's jurisdiction to resolve any disputes over any such request for reimbursement.

27.     Notices To Union-Represented Employees And Former Employees.  The
Debtors shall not be required to provide the current and former employees represented by Unions
(as defined in the Modified Plan) or non-represented hourly active employees and retirees with
any specialized notices.

28.     Notice To Employees Receiving Multiple Solicitation Documents.  For
those current and former employees who may receive multiple documents as part of the
solicitation process, the Debtors shall be authorized, in their sole discretion, to make available by
either normal internal communications channels or posting on the Delphi intranet and at
www.delphidocket.com a notice substantially in the form attached hereto as hereto as Exhibit F
which form is hereby approved.

29.     Modified Cure Claim Procedures.  The procedures established in the
December 10 Solicitation Procedures Order with respect to the assumption of executory

contracts shall continue in full force and effect, except as expressly modified herein.  The

Debtors shall continue to apply the previously established procedures to resolve the remaining

disputed cure amounts, except as provided herein.  Notwithstanding anything to the contrary in

the December 10 Solicitation Procedures Order, the Confirmed Plan, or the Confirmation Order,

each counterparty to a Material Supply Agreement (as defined in the Modified Plan) to the extent

owed a Cure Amount pursuant to the procedures established by the December 10 Solicitation

Procedures Order, the Confirmation Order, or as modified by this order, shall be paid in cash for

the cure of monetary defaults under a Material Supply Agreement assumed pursuant to the

Modified Plan.  Except as provided below, the Debtors shall not be required to send out new or

additional Cure Amount Notices (as defined in the Modified Plan) under the Modified Plan.  The

Debtors shall work to resolve objections that were timely submitted pursuant to the procedures

set forth in the December 10 Solicitation Procedures Order, the Confirmed Plan, and

Confirmation Order with respect to the Cure Amount Notices.

        30.     For any executory contracts or unexpired leases for which the Debtors sent

Cure Amount Notices containing amounts which were overstated, at least 20 days prior to the

Effective Date (as defined in the Modified Plan) of the Modified Plan, the Debtors are authorized

but not directed to file with the Court and to serve a separate notice substantially in the form of

Exhibit H attached hereto which shall state the amount the Debtors believe necessary to cure

such contract (the "Amended Cure Amount Notice").  If a contract counterparty does not object

to the Amended Cure Amount Notice by the deadline set forth below, the cure as set forth in the

Amended Cure Amount Notice shall be paid pursuant to the procedures set forth in the Modified

Plan.

31.    If an affected contract counterparty disagrees with the cure amount listed
on the Amended Cure Amount Notice, the contract counterparty shall then have ten days from
the service of the Amended Cure Amount Notice to object to the revised cure amount, and shall
be required to state in its objection, with specificity, the legal and factual basis of its objection.
Any objection to an Amended Cure Amount Notice must be filed with the Court and be served
on the Notice Parties.  If no objection is timely received, each counterparty shall be deemed to
have consented to the cure amount set forth on the Amended Cure Amount Notice.

32.    Any unresolved objection to an Amended Cure Amount Notice shall be
scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the
Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other
date as may be agreed upon by the parties.  If an objection to an Amended Cure Amount Notice
cannot be resolved consensually among the parties, notwithstanding anything to the contrary
herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be,
would have the right to reject the contract or lease for a period of five days after entry of a final
order establishing cure in an amount not acceptable to the Debtors or the Reorganized Debtors,
as the case may be, or the assignee.

33.    For counterparties to Material Supply Agreements (as defined in the
Confirmed Plan) or such Other Executory Contracts or Unexpired Leases (as defined in the
Confirmed Plan) who submitted Cure Proposals by the April 24, 2008 deadline, whether or not
such Cure Proposal was subject to a cure proposal objection, whose contracts have expired or
have been terminated since the Cure Amount Notices were sent out, the Debtors shall send a
Notice of Non-Assumption of Executory Contracts substantially in the form attached hereto as
Exhibit I, which form is hereby approved, by mailing such notice to the counterparty to an

18

expired or terminated Material Supply Agreement or Other Executory Contracts or Unexpired Leases by July 2, 2009, notifying the counterparty that such contracts are no longer being assumed or cured.

34.     The Debtors are authorized but not directed to (a) assume and assign to GM Components certain executory contacts and unexpired leases (the "GM Components Assumed Contracts") as provided in the master disposition agreement attached as an exhibit to the Modified Plan (the "Master Disposition Agreement") and (b) assume and assign to Parnassus certain executory contacts and unexpired leases (the "Parnassus Assumed Contracts," and together with the GM Components Assumed Contracts, the "Assigned Contracts") as provided in the Master Disposition Agreement.  The cure amounts established pursuant to the procedures in the Confirmed Plan and the December 10 Solicitation Procedures Order shall remain in effect for the Assigned Contracts, except as may be modified by the Amended Cure Amount Notice.

35.     At least 20 days prior to the Effective Date of the Modified Plan, the Debtors shall file with the Court and serve (a) a notice (the "GM Components Assumption and Assignment Notice"), substantially in the form attached hereto as Exhibit J, identifying GM Components as the party to which the Debtors' would assign all of their rights, title, and interests in the GM Components Assumed Contracts and (b) a notice (the "Parnassus Assumption and Assignment Notice," and together with the GM Components Assumption and Assignment Notice the "MDA Assumption and Assignment Notices"), substantially in the form attached hereto as Exhibit K, identifying Parnassus as the party to which the Debtors would assign all of their rights, title, and interests in the Parnassus Assumed Contracts.  Each contract counterparty to an Assigned Contract shall have ten days from the service of the applicable MDA Assumption and Assignment Notice to object to the proposed assumption, including an objection on account of a

postpetition default, and would be required to state in its objection, with specificity, the legal and factual basis of its objection. Contract counterparties shall not be entitled to dispute previously established cure amounts. Any objection to an MDA Assumption and Assignment Notice must be filed with the Court and served on the Notice Parties. If no objection is timely received, each counterparty to the Assigned Contracts shall be deemed to have consented to the assumption and shall be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors' assumption of such contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or its assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption. If no objection is timely received, each counterparty to the Assigned Contracts would be deemed to have consented to the assignment to GM Components or the Parnassus, as applicable, of the Assigned Contracts and would be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be, assignment of such contract or lease and would be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or GM Components or Parnassus or their assignees to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption.

36.    Any unresolved objection to an MDA Assumption and Assignment Notice would be scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties. If an objection to an MDA Assumption and Assignment Notice cannot be resolved consensually among the parties, the Debtors propose that

notwithstanding anything to the contrary herein or in the Confirmation Order, the Debtors or the

Reorganized Debtors, as the case may be, would have the right to reject (and shall if directed by

a Buyer pursuant to the terms of the Master Disposition Agreement) the contract or lease for a

period of five days after entry of a final order establishing adequate assurance on terms not

reasonably acceptable to the Debtors or the Reorganized Debtors, as the case may be, and the

assignee.

37.    <u>Elimination Of Notice For Reclamation Claims</u>.  The Debtors shall not be

required to send out any additional notices to holders of reclamation claims asserted by sellers of

goods with a statutory or common law right to reclamation or holders of such claims (the

"Reclamation Claims") in connection with the solicitation of votes on the Modified Plan.  The

Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured

Claims) ballot including the amount of the Reclamation Claim as a general unsecured

nonpriority claim; <u>provided</u> <u>however</u>, that in the event that the Debtors do not prevail on their

motion seeking an order reclassifying the Reclamation Claims as general unsecured nonpriority

claims, for tabulation purposes the Voting Agents would not count the portion of the ballot

representing the Reclamation Claim.

38.    <u>Establishment Of Bar Date For Administrative Expense Claims</u>.  Any

party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from

the commencement of these cases through June 1, 2009 shall file a proof of administrative

expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

administrative expense request, including any substantial contribution claims (each, an

"Administrative Expense Claim" or "Claim") against any of the Debtors.  July 10, 2009 at 5:00

p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense

21

Claims (the "Administrative Expense Bar Date") for the period from the commencement of these

cases through June 1, 2009.

39.    Notwithstanding anything in the preceding paragraph, creditors holding or

wishing to assert the following types of claims against the Debtors need not file an

Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to
  June 1, 2009 that are not yet due and payable pursuant to the applicable
  contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other
  benefits arising in the ordinary course of business that are not yet due and
  payable;

- Any claim for which the party has already properly filed an Administrative
  Expense Claim Form or a proof of claim form with the Court which has not
  been expunged by order of the Court and provided that such proof of claim
  clearly and unequivocally sets forth that such claim is made for an
  administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional
  employed in these chapter 11 cases accruing through January 25, 2008, to the
  extent that such claim is subject to this Court's Interim Compensation Orders
  (defined below);[5] or

- Any claim asserted by any Debtor or any direct or indirect subsidiary of any
  of the Debtors in which the Debtors in the aggregate directly or indirectly own,
  control, or hold with power to vote, 50 percent or more of the outstanding
  voting securities of such subsidiary.

---

[5]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement
of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation
Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation
and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the
"Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331
Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated
March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third
Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And
Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (together with the
Interim Compensation Order, the Supplemental Compensation Order, and the Second Supplemental Interim
Compensation Order, the "Interim Compensation Orders").

40.    To submit a valid Administrative Expense Claim, parties-in-interest must
submit a Claim on an Administrative Expense Claim Form substantially in the form attached
hereto as Exhibit L and deliver such Claim to its claims agent:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245
> Att'n: Delphi Corporation, et al.
> Case No. 05-44481 (RDD)

so as to be received no later than the Administrative Expense Bar Date.  Claims may be
submitted in person or by courier service, hand delivery or mail addressed to Kurtzman Carson
Consultants LLC at the foregoing address.  Any Administrative Expense Claim Form submitted
by facsimile, e-mail, or by other electronic means shall not be accepted and shall not be deemed
filed until such Administrative Expense Claim Form is submitted by one of the methods
described in the foregoing sentence.  Administrative Expense Claim Forms shall be deemed filed
only when actually received by KCC.

41.    Any party that is required but fails to file a timely Administrative Expense
Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the
Debtors, and the Debtors and their property shall be forever discharged from any and all
indebtedness, liability, or obligation with respect to such claim.

42.    To provide further notice of the Administrative Expense Bar Date, the
Debtors are authorized, but not directed, to mail a notice ("Notice of Administrative Claim Bar
Date") substantially in form attached hereto as Exhibit M along with a form of Administrative
Expense Claim Form to all parties that will receive the Final Modification Hearing Notice or any
other party in the Debtors' discretion that they deem appropriate by the June 16, 2009
Solicitation Mailing Deadline.

43.      Within five days of the date of entry of this order, the Debtors shall
publish the Notice of Administrative Claim Bar Date in the <u>Detroit Free Press</u>, the <u>New York</u>
<u>Times</u> (national edition), the <u>Wall Street Journal</u> (national, European, and Asian editions), and
<u>USA Today</u> (worldwide) and (b) electronically through posting on the Delphi legal information
website, www.delphidocket.com.  Such notices will be published no later than 5 days after the
entry of this order, or as soon thereafter as practicable.

44.      Provision of notice of the Administrative Expense Bar Date to the persons
and entities set forth in the Supplement and this order, in the manner set forth above and as
described more particularly in the Motion Supplement, shall constitute adequate and sufficient
notice the Administrative Expense Bar Date and shall be deemed to satisfy the requirements of
the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

45.      <u>Scheduling A Sale Hearing Date In The Alternative</u>.  If the Debtors are not
able to implement the transactions contemplated in the Master Disposition Agreement through
the Modified Plan and obtain approval of such modifications under section 1127 of the
Bankruptcy Code on July 23, 2009, the Court shall conduct on July 23, 2009 an asset sale
hearing under section 363 of the Bankruptcy Code to complete the transactions set forth in the
Master Disposition Agreement, as modified by the "363 Implementation Agreement" (as defined
in the Master Disposition Agreement).  The Debtors shall file the 363 Implementation
Agreement by July 2, 2009.  Any objections to the Master Disposition Agreement being
consummated pursuant to 11 U.S.C. §§ 363 and 365 and as modified by the 363 Implementation
Agreement must be filed by July 14, 2009 at 4:00 p.m. (prevailing Eastern time) and shall be
served in the same manner and on the same parties as objections to the Modified Plan as
provided in this order.  The failure of any objecting person or entity to timely file and serve its

objection by July 14, 2009 shall be a bar to the assertion, at the July 23, 2009 hearing or

thereafter, of any objection to (a) the consummation of the Master Disposition Agreement, as

modified by the 363 Implementation Agreement, pursuant to 11 U.S.C. §§ 363 and 365, (b) the

sale, or (c) the Debtors' consummation and performance of the Master Disposition Agreement.

The Debtors shall file a proposed form of sale order to implement the transactions contemplated

in the Master Disposition Agreement, as modified by the 363 Implementation Agreement, by

July 21, 2009.

        46.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
      [_____] __, 2009

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE