# EXHIBIT B

EXHIBIT B

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 05-44481

5   - - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   DELPHI CORPORATION,

9

10          Debtor.

11

12  - - - - - - - - - - - - - - - - - - - - - - -x

13

14              U.S. Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              August 17, 2006

19              10:05 a.m.

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1   **MOTION For Relief From Stay The Offshore Group's Motion**
2   **Pursuant To Bankruptcy Code Sections 362(D)(1) And 553 For**
3   **Order Lifting The Automatic Stay To Permit The Offshore Group**
4   **To Exercise Right Of Setoff**
5
6   **EX PARTE Motion To File Under Seal Exhibits To The Official**
7   **Committee Of Unsecured Creditors' Motion For An Order**
8   **Authorizing It To Prosecute The Debtors' Claims And Defenses**
9   **Against General Motors Corporation And Certain Former Officers**
10  **Of The Debtors**
11
12  **APPLICATION To Employ Fee Committee's Application For An Order**
13  **Authorizing Retention Of Legal Cost Control As Fee And Expense**
14  **Analyst, Nunc Pro Tunc To June 1, 2006, Pursuant To Sections**
15  **327(A) And 328 Of The Bankruptcy Code**
16
17  **MOTION To Authorize Motion For Order Under 11 U.S.C. Section**
18  **365 And Fed. R. Bankr. P. 6006 Authorizing (I) Rejection Of**
19  **Remaining Executory Contracts Of MobileAria, Inc. And (II)**
20  **Assumption And Assignment Of Executory Contract With DPAC**
21  **Technologies Corp.**
22
23
24
25

```
                                                                    3
 1   MOTION To Approve Motion For Approval Of Joint Interest
 2   Agreement Between Debtors And Official Committee Of Equity
 3   Security Holders And Implementation Of Protective Order With
 4   Respect Thereto
 5
 6   MOTION To Approve / Motion Pursuant To Sections 105, 328(A) And
 7   1103 Of The Bankruptcy Code And Bankruptcy Rule 2014 For Order
 8   Granting The Official Committee Of Equity Security Holders
 9   Leave To File An Application To Retain And Employ A Financial
10   Advisor
11
12   AMENDED Motion For Relief From Stay Filed By Douglas M. Tisdale
13   On Behalf Of Nutech Plastics Engineering, Inc
14
15   MOTION For Reclamation Of Claim (For Order Directing Return Of
16   Reclaimed Equipment Or For Immediate Payment Thereof)
17
18
19
20
21
22
23
24   Transcribed By:   Esther Accardi
25
```

```
                                                          4
 1   A P P E A R A N C E S :

 2

 3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

 4        Attorneys for Delphi Corporation

 5        Four Times Square

 6        New York, New York 10036

 7

 8   BY:   JOHN WM. BUTLER, JR., ESQ.

 9         KAYALYN A. MARAFIOTI, ESQ.

10         TOM MATZ, ESQ.

11

12   EDWARDS ANGELL PALMER & DODGE LLP

13        Attorneys for Speedline Technologies

14        750 Lexington Avenue

15        New York, New York 10022

16

17   BY:   SHMUEL VASSER, ESQ.

18

19   LATHAMS & WATKINS, LLP

20        Attorneys for the Official Committee of

21         Unsecured Creditors

22        885 Third Avenue

23        New York, New York 10022

24

25   BY:   MITCHELL A. SEIDER, ESQ.
```

5

```
 1  U.S. DEPARTMENT OF JUSTICE
 2  OFFICE OF THE UNITED STATES TRUSTEE
 3        33 Whitehall Street
 4        New  York, New York 10004
 5
 6  BY:   ALICIA M. LEONHARD, ESQ.
 7
 8  FRIED FRANK HARRIS SHRIVER & JACOBSON, LLP
 9        Attorneys for
10        One New York Plaza
11        New York, New York 100014
12
13  BY:   BONNIE STEINGART, ESQ.
14
15  TOGUT SEGAL & SEGAL, LLP
16        Attorneys for
17        One Penn Plaza
18        New York, New York 10119
19
20  BY:   NEIL BERGER, ESQ.
21
22
23
24
25
```

6

1   WHITE & CASE, LLP
2        Attorneys for Appaloosa Management LP
3        1155 Avenue of the Americas
4        New York, New York 10036
5
6   BY:   THOMAS F. LAVRIA, ESQ.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

7

1                    P R O C E E D I N G S

2          THE COURT:  Please be seated.  Okay.  Delphi.

3          MR. BUTLER:  Your Honor, good morning.  Jack Butler

4   and Kayalyn Marafioti and Tom Matz here on behalf of Delphi

5   Corporation for its August omnibus hearing.  We have filed,

6   Your Honor, the proposed tenth omnibus hearing agenda and we'll

7   follow that order if that's acceptable to the Court.

8          THE COURT:  Okay.  Yeah, that's fine.

9          MR. BUTLER:  Your Honor, the first matter on the

10  agenda matter number 1 is the Offshore Groups lift stay motion,

11  filed at docket number 28111.  That's being handled by the

12  Togut firm.  Mr. Berger's here to report to the Court.

13         THE COURT:  Okay.

14         MR. BERGER:  Good morning, Judge.  Neil Berger, Togut

15  Segal & Segal for the debtors.  Your Honor, this matter has

16  been settled it's between Delphi and Offshore so that

17  Offshore's setoff amount has been substantially reduced under

18  paragraph 18 of the final dip order in the case.  The unsecured

19  creditors' committee has an opportunity to review that proposed

20  settlement.  We hope in the next few days to have the back up

21  package of the settlement sent to the committees' professionals

22  and our goal is to have a stipulation submitted before the

23  September omnibus hearing.  So for purposes of the agenda we

24  ask that it be adjourned.

25         THE COURT:  Okay.  That's fine.

1  case law because the goods at issue here are equipment rather
2  than inventory.  We don't see any basis in the UCC Warrant
3  Section 546(c) for distinguishing equipment from inventory for
4  the purpose of apply the extent case law.  With respect to Mr.
5  Butler's comments Your Honor and the Court's disposition of
6  today's motion I would point out that in the prayer that was
7  contained at the end of our objection we did not ask for a
8  declaratory judgment with respect to the validity of
9  reclamation claims in this case in general.  We only asked that
10 the motion of Speedline be denied.  That is, in fact, what we
11 think is appropriate based upon the arguments that have been
12 made by counsel for Speedline and the authorities that have
13 been cited to Your Honor by the committee in its objection.
14         THE COURT:  Okay.
15         MR. SEIDER:  Thank you, Your Honor.
16         THE COURT:  All right.  I have in front me a motion
17 by Speedline which has filed a reclamation demand and asserts a
18 reclamation claim in these cases for, or related to its
19 provision of a specific piece of property to the debtors on
20 credit.  It's objected to on essentially a similar grounds on
21 by both the debtors and the official unsecured creditors'
22 committee.  The objections raise one common issue and two other
23 issues and I conclude that based on my view of the common issue
24 I do not need to get to the other issues.  The other issues
25 being whether in fact Speedline has satisfied the hurdles

1   specifically set forth in Section 546(c) of the bankruptcy
2   code.  Including establishing that its debtor was insolvent at
3   the relevant time.  That determination, as well as
4   determination in any of the other reserved defenses, needn't be
5   made at this time.  Given my view that because the debt that is
6   secured by the asset that serves as the basis for Speedline's
7   reclamation claim is in excess of that claim and has neither
8   been satisfied nor released.  At this time Speedline is not
9   entitled to the rights that it would have under the Court's
10  order establishing procedures for the treatment of reclamation
11  claims dated November 4, 2005.  Which provides among other
12  things for the allowance of an administrative claim for an
13  allowed reclamation claim and payment of such claim in the sole
14  discretion of the debtors or pursuant to a confirmed plan of
15  reorganization.  In either case only if and to the extent that
16  such allowed reclamation claim constituted administrative
17  expenses under applicable law as set forth in paragraph
18  2(d)(ii) of that order.  The statute governing this issue is
19  Section 546(c) of the bankruptcy code as I mentioned a minute
20  ago as an effect before the effective date of the 2005 BAP CPA
21  amendments to the bankruptcy code.  And its well settled that
22  under that section a reclaiming creditor does not have an
23  independent right of reclamation but that that section only
24  preserves any right the seller may have outside a bankruptcy.
25  See for example, In re Quality Stores, Inc. 289 BR 324, 333

1   Bankruptcy W.D. Michigan (2003), and In re Pittsburgh-Canfield
2   Corporation 309 BR 277, 6th Circuit BAP (2004).  The parties I
3   think are all in agreement and even if they weren't this would
4   be the law that therefore, the Court must look to the
5   reclamation claimant's rights under Section 27023 of the
6   uniform commercial code.  That section subjects the rights of a
7   reclamation creditor under Section 27022 to the rights of a
8   buyer in the ordinary course or other good faith purchaser.
9   And case law has established that a creditor with a prior
10  perfected floating security interest or a secured instant
11  property generally who acted in good faith and per value is a
12  good faith purchaser for purposes of that section.  See for
13  example In re Oralco 239 BR 261, 267 Bankruptcy SDNY (1999).
14  Under the prevailing, and in my view, correct version of the
15  case law including as set forth in the Oralco case, but also as
16  discussed at length, encodently in the Pittsburgh-Canfield
17  case.  Consequently, a reclaiming creditor does not have a
18  right of reclamation until it is established that either the
19  secured creditor, with a prior interest in its particular
20  asset, has released the interest in that asset or has been paid
21  in full.  I.e. that there are surplus proceeds from the asset
22  that the reclaiming creditor seeks to reclaim.  That clearly
23  has not happened here.  The case law also makes it clear that
24  the reclaiming creditor has what is in essence an inrem right
25  or literally an inrem right.  And until it is established that

1  again the prior creditor has either been satisfied out of the

2  proceeds of that particular property from which the reclaiming

3  creditor's rights stem or has released its lien, the value of

4  the reclaiming creditor's inrem right is zero.  The Pittsburgh-

5  Canfield case specifically dealt with the issue raised in the

6  motion which was that the Court should look at whether the

7  collateral package, as a whole, held by the secured creditor

8  would satisfy the creditor.  And therefore should be directed

9  to make a determination that the secured creditor does not need

10 the particular asset that is the basis for the reclamation

11 claim.  And in that case properly rejected that argument.  I

12 should note that even with the change to the bankruptcy code

13 after the applicability of BAP CPA the leading commentator in

14 this area is of the view that the pre BAP CPA cases would still

15 apply.  And in particular, that a reclaiming seller whose right

16 is subject to that of a secured creditor may not invoke the

17 equitable principal of marshalling or a similar principal to

18 require a senior secured creditor to look to assets in which

19 the seller has no interest.  See Five Collier on bankruptcy

20 paragraph 546.042(a)(vii) and in so concluding the editors of

21 Collier site the Oralco case at 239 BR 27477 Bankruptcy SDNY

22 (1999).  In response to that case law the reclaiming selling

23 here contends that the provisions of Section 546(c) are

24 intended only to protect the secured creditor and that the

25 secured creditor here, by failing to object to the motion has

1  waived its rights as a secured creditor. And consequently the
2  reclaiming creditor may take over the secured creditor. There
3  are two problems with this argument. The first is that the
4  case law again, I believe correctly, does not -- or at least
5  the majority case law takes the position that Section 546(c)'s
6  reference to otherwise applicable rights of the reclaiming
7  creditor protects not only secured creditors but unsecured
8  creditors from having a reclaiming seller, who under applicable
9  non-bankruptcy law, would have a zero-valued reclamation claim
10 from obtaining an unearned or unmerited priority. Again see
11 the Pittsburgh-Canfield case as well as In re Primary Health
12 Systems Inc. 258 BR 111 at 117 Bankruptcy District of Delaware
13 (2001) which noted that elevating such a claim to
14 administrative status in a bankruptcy case would give the
15 claimant a windfall. As is frequently noted by the Court's,
16 including most recently by the Supreme Court in its decision
17 last term in the Howard case, priorities are to be determined
18 narrowly in bankruptcy given the fact that any priority takes
19 money out of the pocket of those who do not have a priority.
20 Secondly, given that case law and also given the process laid
21 out in the Court's November 2004 order, dealing with the
22 processing and treatment of reclamation claims, I could not
23 find here a knowing and intelligent waiver by the secured
24 creditors even if for some reason I disagreed with that case
25 law. To the contrary, I think the secured creditors here could

38

1   reasonably assume that those below them in the pecking order
2   i.e., the unsecured creditors as well as the debtor, acting as
3   a fiduciary for its estate, would responsibly protect the
4   estate and the secured creditors from reclamation sellers
5   obtaining a windfall or prematurely obtaining administrative
6   status.  I also don't accept the argument made by Speedline
7   that the foregoing cases that I cited are distinguishable on
8   their facts on the basis that in those cases the reclaiming
9   seller claimed items of inventory or the proceeds thereof as
10  opposed to a specific piece of property.  That distinction is
11  not one that is consistent with the logic of those cases, which
12  specifically addressed the issue I discussed without making a
13  distinction among types of collateral.  But merely pointing to
14  the respective positions of a reclaiming seller when an asset
15  has been sold and there are excess proceeds.  And when it has
16  not yet been sold and the debt that it secures exceeds the
17  value of the reclamation claim.  So, again, in connection with
18  this statutory priority which is out of the ordinary course,
19  given that it's provided to a pre-petition claim only pursuant
20  to 546(c), I can't find any value today that would lead to the
21  allowance today of a specific dollar amount administrative
22  claim.  And certainly there would be no requirement under the
23  Court's order for payment of such amount today.  This is not to
24  say that the reclamation right has disappeared.  In my view,
25  and based on my review of the case law, until the secured

39

1  creditor with the prior right under Section 27023 has either
2  been satisfied or it is clear from the liquidation of its
3  collateral that it will not be satisfied, or has released its
4  lien, the reclaiming seller's rights under 546 essentially hang
5  fire.  Assuming, of course, it's able to establish its right
6  under all the other hurdles of 546(c).  So consequently, I
7  don't accept that the right based on my finding today no longer
8  exists.  It is one that is, at this time, of no value.  But
9  that at some time in the future, depending on the ultimate
10 disposition of the secured creditor's claim in this case, may
11 have value and may be entitled to an administrative claim.  So
12 Mr. Butler you can submit an order with a copy to Speedline's
13 counsel and the committee's counsel consistent with that
14 ruling.
15           MR. BUTLER:  Thank you, Your Honor.  That concludes
16 the matters for this morning's omnibus hearing.  Just to note,
17 Your Honor, I'd like to state in open court, pursuant to
18 authority that was granted to us by chambers, we did file a
19 notice on Pacer very early this morning and served the
20 1113/1114 trial counsel and also filed on notice, on
21 Delphidocket.com, that in lieu of the resumption of the
22 1113/1114 hearing this afternoon there is in this courtroom a
23 meeting confer among trial counsel at 2 p.m. New York time
24 followed by a chamber's conference at 3 o'clock New York time.
25 Both of those conferences are limited to the debtors and the

40

1  respondents to the motion.  And at least as it stands now, that
2  trial is scheduled to resume at 10 a.m. tomorrow.
3           THE COURT:  Okay.  All right.  And if we meet and
4  confer, which I'm happy to have in the courtroom, outside of my
5  presence of course, you can also use the conference room if
6  various parties want to break off and talk a moment among
7  themselves.  Just let my chambers know if you need that room.
8  We'll open it up for you.  So I'll see you at 3.
9           MR. BUTLER:  Thank you, Your Honor.
10          THE COURT:  And that's off the record, right?
11          MR. BUTLER:  Yes.
12          THE COURT:  Fine.  Thank you.
13      (Proceedings concluded at 11:05 a.m.)

                                                                    41

1
2                              I N D E X
3
4                             RULINGS
5                          Page      Line
6   Committee's Legal Cost   10        8
7   Application Approved
8   MobileAria Contract      10       23
9   Application Approved
10  Equity Committee Joint   12        4
11  Application Approved
12  Equity Committees'       13        9
13  Application Approved
14  Financial Advisor
15  Reclamation Claim Motion 39       14
16  Denied
17
18
19
20
21
22
23
24
25

42

## CERTIFICATION

3  I, Esther Accardi, court approved transcriber, certify that the
4  foregoing is a correct transcript from the official electronic
5  sound recording of the proceedings in the above-entitled
6  matter.

8  _____    \_August 18, 2006\_\_\_\_
9  Signature of Transcriber                        Date

11  Esther Accardi_____
12  typed or printed name