June 6, 2009

Dear Judge Drain:

I am writing to express my strong objection to the decision to refer Delphi Corporation's **salaried** retiree pension plan to the Pension Benefit Guarantee Corporation (PBGC).

I am a recent salaried retiree from Delphi. Early this year I signed paper work with Delphi that promised a pension and one year of separation payments. In my case, I will be losing over $50,000 in unpaid promised separation payments and about $36,000 a year (pension) for the rest of my life. Those payments, if unpaid, will add up to $1,130,000.00 loss of promised income. These promised retirement benefits are why I spent 30 years of my life working for GM\Delphi. Our hourly retiree counterparts have NOT lost a penny of pension money.

I request that pension obligations for **both** hourly and salaried retirees be assumed by GM. I therefore respectfully urge that the Treasury Department's Automotive Task Force demand reconsideration of this decision in advance of the June 10, 2009 U.S. bankruptcy hearing.

As you know, GM spun Delphi off in 1999, and today the company is GM's largest parts supplier. GM has agreed, as part of the restructuring agreement worked out by the Automotive Task Force, to take back five Delphi plants, including Delphi Thermal Systems in Lockport, NY and Delphi Powertrain in Rochester, NY. I believe these are positive steps to set both GM and Delphi on the right course for the future. I am also pleased to see that as part of its restricting agreement with the Treasury Department, GM will assume the obligations of Delphi's hourly pension plan. This will help strengthen retirement security for thousands of families here in Rochester and Lockport, NY and give them peace-of-mind during these difficult economic times.

As a salaried retiree, unfortunately, these agreements will have no benefit to me. I was dismayed to learn that Delphi's salaried pension obligations will receive entirely different treatment through referral to the PBGC, where my pension payments are liable to be cut drastically, if not eliminated entirely. In the interests of transparency and accountability, I believe the Task Force owes a full explanation of this decision to the workers, retirees and the public, who are now 60 percent owners in the new GM. During my 37 years working career, I paid taxes and paid into the Social Security system for benefits that are now in serious danger.

It is fundamentally unfair that two groups of retirees (hourly vs. salaried) from the same company, who worked side-by side for many years, and who are faced with the same unfortunate situation, are being treated so differently by the federal government. The 15,000 salaried Delphi retirees, most of who worked for GM for almost their entire careers, deserve to be treated with fairness and equity during these proceedings. While the restructuring of America's auto industry will require shared sacrifice and responsibility, Delphi's salaried retirees are being forced to bear extra burdens that are not warranted and have not been explained.

With a 60 percent stake in GM, your Task Force has enormous leverage to demand equitable treatment for hourly and salaried retirees by having GM assume the obligations of both plans. I respectfully urge you and the Automotive Task Force to demand the reconsideration of this decision before the June 10, 2009 U.S. bankruptcy court hearing set to ratify this inequitable agreement.

Thank you for your urgent consideration of this important matter.

Sincerely,
Christal M. Scriver-Wilk

Delphi Salaried Retiree Association Member