BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone:  (616) 742-3936
Email:  pmears@btlaw.com

John T. Gregg
Telephone:  (616) 742-3930
Email:  jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | No. 05-44481 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PROTECTIVE OBJECTION OF AUTOCAM CORPORATION TO DEBTORS'
MOTION FOR ORDER (I) APPROVING MODIFICATIONS TO DEBTORS' FIRST
AMENDED PLAN OF REORGANIZATION (AS MODIFIED) AND RELATED
MODIFICATIONS AND RELATED DISCLOSURES AND VOTING PROCEDURES,
AND (II) SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS TO
<u>CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION</u>**

Autocam Corporation and its affiliates (collectively, "Autocam"), by and through its undersigned counsel, for its Objection to the Chapter 11 debtors' Motion to modify the terms of the debtors' previously confirmed Chapter 11 plan (the "Plan Modification Motion"), states as follows:

1. The Chapter 11 debtors herein (collectively, the "Debtors") commenced these related Chapter 11 cases on October 8, 2005 and, in some instances, October 14, 2005.

2. The Debtors' reorganization plan was confirmed with certain modifications by this Court on January 25, 2008. Attached to the Plan Modification Motion is a proposed, modified Chapter 11 plan (the "Modified Plan") and a proposed disclosure statement.

3. Prior to the commencement of these related Chapter 11 cases, Autocam was a party to various contracts for the delivery of automotive parts and components to certain of the Debtors on credit terms (the "Prepetition Contracts").

4. Autocam and the Debtors previously executed a certain "Company Settlement Agreement" wherein certain terms of the Prepetition Contracts were modified.

5. Thereafter, Autocam and certain of the Debtors entered into various contracts pursuant to which Autocam agreed to sell and the Debtors agreed to purchase automotive parts and components on credit terms (the "Postpetition Contracts").

6. Upon information and belief, the Prepetiton Contracts and the Postpetition Contracts are properly categorized as "Material Supply Agreements" in the Modified Plan.

7. The Plan Modification Motion and the proposed Modified Plan prescribe an extremely intricate, complex but, in many important instances, vague procedures for the assumption and assignment of contracts, including Material Supply Contracts, and for the payment of "Cure" amounts and administrative expenses in general.

8. The Modified Plan provides that proofs of claim for unpaid administrative expenses accruing prior to June 1, 2009, must be filed with the claims agent appointed in these cases by no later than July 10, 2009 (the "Administrative Expense Claims Bar Date"). If any one of these claims is not timely filed, then that claim will by disallowed *in toto.* The Modified Plan provides that the Administrative Expense Claims Bar Date will apply to "any claim for

postpetition goods and services delivered to the Debtors prior to June 1, 2009" that is not yet "due and payable."

9.      At any one time, the unpaid but not yet due and payable amounts due arising in favor of Autocam under the Material Supply Contracts will likely exceed $1 million. For a company of Autocam's size, this is a very significant sum.

10.     Upon information and belief, the Debtors may attempt to assign some or all of the Prepetition and Postpetition Contracts to either GM Components and/or Parnassus Holdings II, LLC.

11.     The Modified Plan constructs procedures for determining and paying unpaid "Cure" amounts in connection with the assumption and assignment of contracts to third parties such as GM Components. However, it is not clear from a reading of the Modified Plan as to whether the administrative expenses arising in favor of a non-debtor counterparty to a contract but which are not yet due and payable are included within the plan's definition of "Cure." For example, if amounts due under a Prepetition Contract do not technically become due and owing until after the contemplated date of assumption and assignment, it is unclear whether GM Components will be obligated to cure the post-petition arrearage, or whether such arrearage remains an obligation of the Debtors and potentially paid only in part or not at all due to an administratively insolvent estate. If the post-petition obligations are to remain with the Debtors and to be paid as an administrative expense, the Debtors should be required to establish a reserve sufficient to satisfy Autocam's administrative expense in full on the effective date. See Fed. R. Bankr. P. 3020(a). Otherwise, GM Components or the Debtors should be required to cure all post-petition arrearages (or provide adequate assurance of such cure), including amounts that

3

become due according to terms of the Company Settlement Agreement after assumption and assignment. *See In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

12.    The Modified Plan also provides that, in the event of a dispute over a Cure amount in connection with a proposed assumption and assignment of a contract is unresolvable by the parties, then the proposed assignee must establish an escrow account funded with cash sufficient to pay the face amount of the disputed Cure asserted. Modified Plan 8.2(a)(ii).

13.    Nevertheless, it is unclear from the Modified Plan as to whether this escrow requirement applies also to amounts that arise from a contract subject to assumption and assignment but which are not yet due to the non-debtor counterparty. This lack of a clear and unambiguous statement is important to creditors similar to Autocam who may have significant amounts not yet due to them by one or more of the Debtors at any one time. In addition, it is also unclear from the Modified Plan who will pay these sums to Autocam and other non-debtor counterparties: (i) the Debtors, or (ii) the assignee.

14.    For the foregoing reasons, Autocam objects to the relief requested in the Motion in the absence of a clear statement as to how the "non-past due" administrative expenses owing to a non-debtor counterparty will be paid and an escrow mechanism for these types of claims similar to those plan provisions concerning contested Cure amounts.

15.    Autocam reserves its rights to assert additional grounds for objecting to the Motion both prior to the hearing on the Motion and at such hearing.

WHEREFORE, Autocam respectfully requests that this Court enter an order in accordance with the objections stated herein and grant such other and further relief as may be just and proper under the circumstances.

Dated: June 9, 2009

                                         BARNES & THORNBURG LLP
                                         Attorneys for Autocam Corporation

                                         By:    /s/Patrick E. Mears
                                                  Patrick E. Mears (PM-6473)
                                                  John T. Gregg
                                         Business Address:
                                         171 Monroe Avenue, NW, Suite 1000
                                         Grand Rapids, MI  49503
                                         (616) 742-3930
                                         pmears@btlaw.com
                                         jgregg@btlaw.com