**Hearing Date And Time: June 10, 2009 at 9:30 a.m**
**Objection Deadline: June 9 at 12:00 p.m.**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JCS-6031)
Douglas P. Baumstein (DB-1948)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Thomas E Lauria (Admitted *Pro Hac Vice*)

Attorneys For Appaloosa Management L.P.
And A-D Acquisition Holdings, LLC

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
Terence K. McLaughlin

Attorneys for Pardus DPH Holding LLC and
Pardus Special Opportunities Master Fund
L.P.

KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000
Myron Kirschbaum
Benjamin Mintz
Sapna W. Palla
Angela R. Vicari

Attorneys for Defendants Harbinger
Del-Auto Investment Company Ltd.
and Harbinger Capital Partners
Master Fund I, Ltd.

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
Leslie G. Fagen
Marc Falcone

Attorneys for Merrill Lynch, Pierce,
Fenner & Smith Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| Delphi Corporation, <u>et al.</u> | ) | Case No. 05-44481 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**APPALOOSA MANAGEMENT L.P., A-D ACQUISITION**
**HOLDINGS, LLC, HARBINGER DEL-AUTO INVESTMENT**
**COMPANY LTD., HARBINGER CAPITAL PARTNERS**

**MASTER FUND I, LTD., MERRILL, LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED, PARDUS SPECIAL OPPORTUNITIES
MASTER FUND L.P., AND PARDUS DPH HOLDINGS WITH RESPECT
TO THE DEBTORS' PLAN MODIFICATION APPROVAL MOTION**

Appaloosa Management L.P. ("AMLP") and A-D Acquisition Holdings, LLC

("ADAH"), by their counsel White & Case LLP; Harbinger Del-Auto Investment Company Ltd.

and Harbinger Capital Partners Master Fund I, Ltd., by their counsel Kaye Scholer LLP; Merrill,

Lynch, Pierce, Fenner, and Smith Incorporated, by its counsel, Paul, Weiss, Rifkind, Wharton &

Garrison LLP; and Pardus Special Opportunities Master Fund L.P. and Pardus DPH Holdings

L.L.C., by their counsel Willkie, Farr & Gallagher LLP; collectively, the "Plan Investors"), file

this limited objection and reservation of rights (the "Limited Objection") with respect to Delphi's

supplement (the "Motion Supplement") to the Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and

Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed

First Amended Plan of Reorganization (Docket No. 14310) (the "Plan Modification Approval

Motion") under 11 U.S.C. § 1127 and (B) request to set administrative expense claims bar date

and alternative sale hearing date (the "Alternative Sale Hearing") which, among other things,

seeks approval of certain modifications to the Confirmed Plan (the "Modified Plan") and the

December 10 Disclosure Statement (the "Modified Disclosure Statement").

**PRELIMINARY STATEMENT**

1.      The Plan Investors support the Debtors' decision to proceed to

confirmation as soon as practicable.  The Plan Investors raise this Limited Objection for the

primary purpose of ensuring that (i) the Modified Disclosure Statement provides "adequate

information" about the Debtors' ongoing litigation with the Plan Investors captioned as Delphi

Corporation v. Appaloosa Management L.P., et al. Adv. Pro. Nos. 08-01232 and 08-01233 (the

"Adversary Proceeding") and (ii) the Motion Supplement does not directly or indirectly

compromise in any way any of the parties' rights and remedies in the Adversary Proceeding.

## ARGUMENT

2.        The Modified Disclosure Statement and the Modified Plan fail to answer

some very basic questions with respect to the Adversary Proceeding which are material in the

context of these cases, such as what will happen with the control over, and operation, of the

Adversary Proceeding post-confirmation and how the claims of parties in such litigation will be

treated.  The Plan Investors request clarification of the Debtors' intent with respect to any

continuing litigation of the claims and counterclaims in the Adversary Proceeding after

confirmation of the proposed Modified Plan.  Although Section 2.1.3(iv) of the Master

Disposition Agreement states that the General Motors ("GM") will obtain "all rights to sue, or to

benefit from any lawsuit or settlement relating to the Appaloosa Claim," Section 3.1.3 obligates

GM to "pay to Delphi the portion of the net proceeds that are recovered in connection with the

pursuit of the Appaloosa Claim" and Section 7.9(e) of the Modified Plan states that "Pursuant to

the DIP Transfer and Section 15(g) of the Security and Pledge Agreement, the DIP Agent will

transfer to the holders of DIP Facility Second Priority Term Claims . . . up to $145,510,040 of

the net proceeds (after deducting all related costs and expenses of Delphi and GM or any of its

affiliates) from the pending lawsuit, including any settlement thereof."  Such disclosures do not

address who will be the plaintiff and real-party-in-interest in the Adversary Proceeding for

purposes of litigation or settling.  Moreover, the proposed Modified Plan and the proposed

Modified Disclosure Statement do not address what party would bear the liability for any of the

counterclaims asserted by the defendants in the Adversary Proceeding or what source of funds

would be available to satisfy a judgment — *e.g.*, whether such liabilities would be paid from a

reserve or from the general assets of reorganized Delphi and whether there are sufficient assets

available to pay such a judgment.

3.      The Plan Investors are currently operating on the understanding that, at

this stage, the Debtors' move towards confirmation of a modified plan is not intended to

compromise any substantive rights of the Plan Investors in the Adversary Proceeding.  The Plan

Investors do not understand Delphi to be taking any action, proposing any Plan amendment, or

seeking an order from this Court that would prejudice the Plan Investors with respect to any

rights at issue in the Adversary Proceeding or any issues that are or might be disputed in the

Adversary Proceeding.[1]  The Plan Investors respectfully request clarification of this point in

Delphi's proposed First Amended Plan and the proposed Modified Disclosure Statement.  (To

the extent that Delphi disagrees with the understanding of the Plan Investors, the proposed

Modified Plan and the Modified Disclosure Statement are insufficient, and Delphi should clearly

express its intentions.)  The Plan Investors propose that the following statement be inserted in the

proposed Modified Plan and the proposed Modified Disclosure Statement:

> The confirmation of the Modified Plan, the amendments to the Plan or to the
> Disclosure Statement, and the Orders issued by the Court in connection with or
> related to Delphi's Plan Modification Approval Motion or confirmation of the
> proposed Modified Plan, shall not prejudice the defendants in Adversary
> Proceeding Nos. 08-01232 and 08-01233 (the "Adversary Proceedings") with
> respect to any claims, counterclaims, defenses, rights or issues of fact or law,
> including their right to dispute any issue of fact or law, in and regarding the
> Adversary Proceedings.  The defendants in those Adversary Proceedings deny
> any liability to the Debtors and dispute, among other things, that Delphi would be
> entitled to the remedy of specific performance, or to any recovery exceeding $250
> million in total aggregate damages, in the event that Delphi were to prevail on any
> of its claims of breach of the Equity Purchase and Commitment Agreement.  The

---

[1] Additionally, the Plan Investors dispute, and reserve their rights in the Adversary Proceeding
with respect to numerous assertions in the Modified Disclosure Statement, including, for
example, Debtors' assertion that they "met the conditions required to consummate the Plan."
See, e.g., DS-1.

defendants further believe that they have or may have in the future valid counterclaims against the Debtors that are in excess of $100 million; the Debtors likewise dispute the defendants' counterclaims.

The Debtors' description of facts and legal conclusions relating to the Adversary Proceedings do not constitute findings of the Court and shall not be deemed admissions of the defendants even if not objected to during plan confirmation proceedings.  Further, in order to avoid objections to various documents that may be filed or prepared in connection with the Modified Plan, the Debtors have agreed that they will not assert that the Plan Investors' failure to object to any such document that may be filed with the Court shall constitute a waiver or consent by the Plan Investors to such document under the Equity Purchase and Commitment Agreement.

## RESERVATION OF RIGHTS

4.      The Plan Investors expressly reserve their rights to supplement and amend this Response, seek discovery with respect to same, and introduce evidence at any hearing relating to the Modified Plan and the Modified Disclosure Statement, without in any way limiting any other rights that the Plan Investors may have.  The Plan Investors also expressly reserve the right to object to confirmation of any plan of reorganization on any grounds, as may be appropriate.

## MEMORANDUM OF LAW

5.      Because the legal points and authorities upon which the Objection relies are incorporated herein, the Plan Investors respectfully represent that the requirements of Local Rule 9013-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York have been satisfied.

## CONCLUSION

For the foregoing reasons, the Plan Investors respectfully request that the Court not approve the Modified Plan and Modified Disclosure Statement unless the two points of clarification raised in this Response are addressed and grant such other and further relief as the Court deems appropriate and just.

Dated: June 9, 2009
      New York, New York

By: ___/s/ J. Christopher Shore_____
WHITE & CASE LLP
J. Christopher Shore  (JCS-6031)
Douglas P. Baumstein (DB-1948)
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200

Thomas E Lauria (Admitted *Pro Hac Vice)*
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
(305) 371-2700

*Attorneys for AMLP and ADAH*

WILKIE FARR & GALLAGHER LLP

By: _/s/ Terence K. McLaughlin___
    Terance K. McLaughlin

787 Seventh Avenue
New York, New York 10019
Tel. (212) 728-8000

*Attorneys for Defendants Pardus DPH Holding
LLC and Pardus Special Opportunities Master
Fund L.P.*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:__/s/ Marc Falcone_____
    Marc Falcone
    Leslie Gordon Fagen
    Andrew N. Rosenberg
    Michael A. Balascio

1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000

*Attorneys for Defendant*
*Merrill Lynch, Pierce, Fenner & Smith*
*Incorporated*

KAYE SCHOLER LLP


By: ____/s/ Myron Kirschbaum_____
    Myron Kirschbaum
    Benjamin Mintz
    Sapna W. Palla
    Angela R. Vicari

425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

*Attorneys for Defendants Harbinger Del-Auto*
*Investment Company Ltd. and Harbinger*
*Capital Partners Master Fund I, Ltd.*