**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022-4802
Telephone: (212) 906-1200
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Michael J. Riela (MR-7829)
Email: robert.rosenberg@lw.com
       mitchell.seider@lw.com
       mark.broude@lw.com
       michael.riela@lw.com

Counsel for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
|  | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al. | (Jointly Administered) |
|  |  |
| Debtors. |  |

**<u>EX PARTE</u> MOTION PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' (A) SUPPLEMENT TO MOTION FOR ORDER (I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION AND (B) REQUEST TO SET ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND <u>ALTERNATIVE SALE HEARING DATE</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the

chapter 11 cases of Delphi Corporation ("<u>Delphi</u>") and certain of its affiliates and subsidiaries,

as debtors and debtors-in-possession (the "<u>Debtors</u>"), is filing an Objection to the Debtors' *(A)*

*Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of*

*Reorganization (As Modified) And Related Disclosures and Voting Procedures and (II) Setting*

*Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request To Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date* (the "Motion"). In connection with the filing of the Motion, the Committee hereby moves this Court *ex parte* (the "Seal Motion") for entry of an order authorizing it to file an unredacted version of the Motion under seal so as to protect from disclosure certain confidential information that was provided to the Committee by the Debtors on a professionals' eyes only basis. In support of this Seal Motion, the Committee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### RELIEF REQUESTED

3. By this Seal Motion, the Committee seeks entry of an order authorizing it to file an unredacted version of the Motion under seal so as to protect from disclosure certain confidential, commercial information regarding the financial benefits accruing to Platinum Equity Partners II, L.P. or its affiliates and to General Motors Corporation under proposed modifications to the chapter 11 plan and disclosure statement approved by Court order dated January 25, 2008 (the "Information").

4. At the time the Information was disclosed to the Committee, the Debtors insisted that such information would be provided only on an "advisors eyes only" basis. The Committee

has acceded to the Debtors' position by redacting the Information from the public record and filing an unredacted version of the Motion under seal.[1]

5.  The Committee further requests that this Court grant this relief *ex parte* pursuant to Fed. R. Bank. P. 9018, which provides that a motion to protect confidential information may be made "with or without notice," and without the need for a hearing pursuant to section 102(1)(B) of the Bankruptcy Code, which permits this Court to provide relief in the absence of a hearing.

## APPLICABLE AUTHORITY

6.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of confidential information. That section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall . . . –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . [.]

11 U.S.C. § 107(b).

7.  Federal Rule of Bankruptcy Procedure 9018 defines the procedures by which a party in interest may obtain a protective order authorizing the filing of information under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." . Fed. R. Bankr. P. 9018.

---

[1] The Committee does not agree with the position that the Debtors are taking with respect to this Information, but do not want to cloud the real issues before this Court by raising a dispute that is not germane to those issues.

8.      The Second Circuit has confirmed that section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).

9.      Movants need only show that the information is confidential and commercial; "good cause" need not be shown *Id.* at 28.

10.      Once a party in interest has shown that "the information is of the type listed in section 107(b)," the Second Circuit has further confirmed that "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27)).

11.      The *Orion* Court defined "commercial information," as that term is used in section 107(b), as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" 21 F.3d at 27 (internal citations and quotations omitted).

12.      The term "commercial information" has also been construed to include information that could affect the buying and selling of securities on the open market. *In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231 (S.D.N.Y. Feb. 11, 1991) (rejecting as "too narrow" interpretation of section 107(b)(1) that would protect only information that may give competitors an unfair advantage, and citing Fed. R. Civ. P. 26(c)(7) [now Fed. R. Civ. P. 26(c)(G)] for proposition that "commercial information also includes information related to the buying and selling of securities on the open market).

4

13. In *Lomas*, the Debtors delivered a draft plan of reorganization to the official creditors' committee pursuant to a confidentiality agreement. The proposed plan identified distributions to creditors and the percentage allocations among classes to whom certain distributions were proposed. *Id.* The *Lomas* creditors' committee objected to the proposed plan on the ground that it was "unreasonable and unworkable." *Id.* at *1.

14. The *Lomas* debtors sought to have such information sealed on the ground that disclosure of such confidential information "would affect trading in Debtors' listed securities and trading in claims against Debtors." *Id.* at *1. Finding that "there is the potential for much disruption, possible mischief [and] disruption of markets," and that disclosure of the relevant information might have a "chilling effect on negotiations, ultimately affecting the viability of the Debtors," the *Lomas* court ordered the relevant information sealed. *Id.* at *2.

15. Because of the Debtors' apparent belief that disclosure of the Information could adversely impact negotiations, the Information that the Committee seeks to file under seal is protected from disclosure under section 107(b), and a protective order should be entered in its favor.

16. The "chilling effect" identified in *Lomas*, and apparently believed by the Debtors to be present here, further provides good cause for granting the requested relief (although a showing of good cause is not required (*In re Orion Pictures Corp.*, 21 F.3d at 28)).

17. Accordingly, this Court is authorized to permit the Committee to file the Motion under seal at this time.

18. No previous motion for the relief requested herein has been made to this or any other court.

5

## WAIVER OF MEMORANDUM OF LAW

19. In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this Seal Motion are set forth herein.

## NOTICE

20. Notice of the Seal Motion will be provided in accordance with this Court's Case Management Order, as amended or supplemented, and the Committee submits that no other or further notice is necessary. The Committee requests that this Court grant the Seal Motion without the need for a hearing.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (a) enter an order, substantially in the form annexed hereto as Exhibit A, authorizing it to file the Motion under seal and (b) grant such other relief as is just and proper.

Dated: June 9, 2009
New York, New York

**LATHAM & WATKINS LLP**

By: /s/ Robert J. Rosenberg
Robert J. Rosenberg (RR-9585)
Mitchell A. Seider (MS-4321)
Mark A. Broude (MB-1902)
Michael J. Riela (MR-7829)
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200

*Counsel for the Official Committee of Unsecured Creditors*

# EXHIBIT A

# **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> DELPHI CORPORATION, <u>et</u> <u>al</u>. <br><br> Debtors. | Chapter 11 <br> Case No. 05-44481 (RDD) <br> (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN ITS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' (A) SUPPLEMENT TO MOTION FOR ORDER (I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION AND (B) REQUEST TO SET ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND <u>ALTERNATIVE SALE HEARING DATE</u>**

Upon the <u>Ex Parte</u> Motion (the "<u>Seal Motion</u>")[1] for an Order Authorizing the Official Committee of Unsecured Creditors to file under seal an unredacted version of its Objection to the Debtors' *(A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (As Modified) And Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request To Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date* (the "<u>Motion</u>") and upon consideration of the supporting papers and the files and records in these cases, this Court finds and concludes that: (a) this Court has jurisdiction over the subject matter of the Seal Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) the legal and factual bases set forth in the Seal Motion establish just cause for the relief granted

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed in the Seal Motion.

herein; (d) the relief requested in the Seal Motion is in the best interests of the Debtors, their estates and their creditors; (e) the Motion contains or makes reference to certain information that currently is confidential; and (f) proper and adequate notice of the Seal Motion has been provided and no other or further notice is necessary.

Based on the above findings and conclusions, and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Seal Motion is granted; and it is further

**ORDERED** that the Committee is authorized to file under seal and the United States Bankruptcy Clerk for the Southern District of New York is directed to accept for filing under seal the Motion; and it is further

**ORDERED** that the Motion (as filed under seal) shall be served on and made available only to the following parties: (a) this Court, (b) the U.S. Trustee, (c) counsel to the Debtors, (d) GM, and (e) such other parties as may be ordered by this Court; and it is further

**ORDERED** that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Committee file a memorandum of law in support of the Application is hereby waived; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York

_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

2