UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
   In re                           :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
           Debtors.    :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF
CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN CONNECTION
WITH (A) SUPPLEMENT TO PLAN MODIFICATION APPROVAL MOTION [Docket No.
16646] AND (B) SUPPLEMENT TO GM ARRANGEMENT FOURTH
AND FIFTH AMENDMENT APPROVAL MOTION [Docket No. 16647]

      This protective order is entered into and submitted to the Court in accordance with the request of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), in connection with certain information to be provided to J.P. Morgan Chase Bank, N.A., as Administrative Agent (the "Agent") under the Amended And Restated Revolving Credit, Term Loan And Guaranty Agreement, dated as of May 9, 2008 (the "Credit Agreement"), and to certain Lenders thereunder, in such capacity (the Debtors and the Agent collectively referred to herein as the "Parties") in connection with the Supplement To Plan Modification Approval Motion [Docket No. 16646] and Supplement To GM Arrangement Fourth And Fifth Amendment Approval Motion [Docket No. 16647] (together, the "Motions"). The Debtors having represented that the information to be shared may include information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege; and the Court having conducted a chambers conference among representatives of the Parties, certain Lenders and certain non-debtor parties to the Motions on June 5, 2009; and the Court having identified the need to apply different procedures for the dissemination of information (a) to the

Agent or the Lenders for the purposes of evaluating the consideration to be provided to the Agent and the Lenders pursuant to the transactions contemplated by the Motions, including any negotiations with the parties to such transactions to enhance their consideration in such transactions and/or to evaluate whether to seek to exercise remedies under the Credit Agreement or to which they are otherwise entitled under applicable law, if any, and (b) to any Lender for the purpose of such Lender's consideration of its participation in a Competing Transaction (as defined in the Motion), which should be subject to appropriate and customary ethical walls and non-disclosure agreements for potential acquirers; and it being contemplated that, in any event, the Debtors will promptly provide the Agent, for dissemination to the Private-Side Lenders (defined below), (a) the Debtors' breakdown of the sources and uses of consideration in the proposed transaction (described in Motion), and (b) the Debtors' evaluation of the consideration to be received by the Lenders pursuant to the proposed transaction; and it appearing to the Court that there is good and sufficient cause for the relief provided herein to be granted;

IT IS THEREFORE ORDERED:

1.     The terms of this Order (the "Protective Order") take full force and effect as of the date of entry and shall cover any information previously or hereafter delivered by the Debtors to the Agent or Lenders in connection with the Motions. Pursuant to Federal Rules of Civil Procedure 26(c), made applicable here through Federal Rule of Bankruptcy Procedure 7026 and Local Rule 7026-1, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and sections 105 and 107 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), this Protective Order shall govern all information shared by the Parties relating to the Motions.

2. Any signatory to this Protective Order or Exhibit A hereto may designate as "Highly Confidential" any document, deposition testimony, or other information given by or on behalf of the Parties or Lenders that a Party or Lender reasonably believes reflects non-public trade secrets, competitively sensitive business or development plans, forward-looking financial information, or personal information ("Highly Confidential Information"). In addition, any signatory may designate as "Confidential" any other non-public information in any document, deposition testimony, or other information given by or on behalf of the Parties or the Lenders (the "Confidential Information") that the signatory reasonably believes contains confidential information the distribution and use of which should be restricted in accordance with the terms of this Protective Order. Documents shall be designated as Confidential by placing or affixing the words "Confidential" or "Confidential – Private-Side Lenders" on each such document or by written notice to other Parties provided in advance of or simultaneous to the production of such documents. Documents shall be designated Highly Confidential by placing or affixing the words "Highly Confidential" or "Highly Confidential – Steering Committee" on each such document, or by written notice to other Parties provided in advance of or simultaneous to the production of such documents. In addition, the Debtors may further designate certain Highly Confidential documents as "Highly Confidential – Agent and its Advisors Only" in accordance with paragraph 6 below. It is contemplated that "Highly Confidential – Agent and its Advisory Only" information will consist primarily, if not exclusively, of modeling or financial analysis by GM or Platinum with respect to the transactions contemplated by the Motions. Deposition testimony or deposition exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition itself or by written notice (which may be by email) delivered within one (1) business day following receipt of the transcript by the Party or Lender who seeks to

3

designate such deposition testimony as Confidential or Highly Confidential. Where deposition testimony or exhibits are designated as Confidential or Highly Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential or Highly Confidential, as appropriate.

3. Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production or at the time of a deposition may be remedied within ten (10) days thereafter by supplemental written notice (which may be by email). Upon the service of such notice, the identified materials shall be fully subject to this Protective Order as if the materials had been initially designated as Confidential or Highly Confidential.

4. Material designated as "Confidential" (or "Confidential – Private-Side Lenders") pursuant to this Protective Order shall be inspected by and disseminated only to the following persons:

  a. the Court and its staff;

  b. the Parties and counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

  c. any of the Lenders (as defined in the Credit Agreement) who have agreed to receive material, non-public information ("Private-Side Lenders"), and counsel of record to such Lenders, so long as each such Lender executes and returns to the Agent, with a copy to the Debtors, the form of consent set forth in Exhibit A;

  d. the Parties' and Private-Side Lenders' retained expert witnesses and retained professional advisors, including but not limited to consultants, in the above-captioned cases, so long as each such advisor, consultant, or expert witness to the Agent or Private-Side

4

Lenders, as the case may be, executes and returns to the Agent, with a copy to the Debtors, the form of consent set forth in Exhibit A;

   e. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel in connection with a deposition taken in connection with the Motions; and

   f. court reporters and videographers engaged for recording testimony of a deposition relating to the Motions.

   5. Material designated as "Highly Confidential" (or "Highly Confidential – Steering Committee") pursuant to this Protective Order shall be inspected by and disseminated only to the following persons:

   a. the Court and its staff;

   b. the counsel of record to the Parties, and clerical, secretarial, and paralegal staff employed by such counsel;

   c. the seven Lenders who comprise the DIP Steering Committee as of June 4, 2009, plus up to three additional DIP Steering Committee members as they may be designated by the Agent (all solely in their capacity as Lenders), and counsel of record to such Lenders, so long as each such member of the DIP Steering Committee executes and returns to the Agent, with a copy to the Debtors, the form of consent set forth in Exhibit A.  The Agent may disseminate to Private-Side Lenders summaries of Highly Confidential information upon the Debtors' review and consent, such consent not to be unreasonably withheld.

   d. the Parties' and any member of the DIP Steering Committee's retained expert witnesses and retained professional advisors in the above-captioned cases, including but not limited to consultants, to the extent that such witnesses and advisors are involved in the

5

litigation or negotiation of the Motions on behalf of the Parties, so long as each such advisor, consultant, or expert witness executes and returns to the Agent, with a copy to the Debtors, the form of consent set forth in Exhibit A;

  e. any deponent, counsel for the deponent, and clerical, secretarial, and paralegal staff employed by such counsel, to the extent such deponent is actually shown Highly Confidential Information in connection with a deposition taken in connection with the Motions; and

  f. court reporters and videographers engaged for recording testimony of a deposition relating to the Motions.

  6. Information designated by the Debtors as "Highly Confidential – Agent and its Advisors Only" pursuant to this Protective Order may be inspected by and disseminated to only the Agent, the Agent's counsel of record and clerical, secretarial, and paralegal staff employed by such counsel, Alvarez & Marsal North America, LLC, and Blackstone Advisory Services L.P. (for purposes of this Protective Order Alvarez & Marsal North America, LLC and Blackstone Advisory Services L.P. include their respective affiliates who have agreed to be bound by the terms hereof) (collectively, the "Agent Advisors").  The Agent may disseminate to members of the DIP Steering Committee summaries of Highly Confidential – Agent and its Advisors Only information created by the Agent Advisors upon the Debtors' review and consent, such consent not to be unreasonably withheld.

  7. Confidential Information and Highly Confidential Information, or any information derived therefrom, shall be used by the Agent, or by a receiving Lender, or their counsel, advisors, consultants, or expert witnesses, as the case may be, for the purposes of evaluating the consideration to be provided to the Agent and the Lenders pursuant to the

6

transactions contemplated by the Motions, including any negotiations with the parties to such transactions to enhance their consideration in such transactions; provided, notwithstanding the foregoing, such information shall not be provided or disclosed to third parties, and provided further that such information shall not be used in connection with or in formulating any Competing Transaction or alternative transactions from the transactions contemplated by the Motions unless permitted under paragraph 8 below.  For the avoidance of doubt, an exercise of remedies under the Credit Agreement or to which the Lenders or Agent are otherwise entitled under applicable law, if any, is not a Competing Transaction or alternative transaction.  Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information. The Agent may provide a list of persons who have executed the form of consent set forth in Exhibit A to other Lenders and their advisors upon request.

        8.      Without the Court reaching the merits of the desirability of, or requirement for, a Competing Transaction, the Debtors shall provide access to substantially the same information as was made available to the Company Buyer to representatives of such Lenders desiring to explore the possibility of a Competing Transaction or alternative transaction; provided that such persons shall be treated by the Debtors as potential acquirers (and not as Lenders) and shall establish appropriate and customary ethical walls within their institutions with regard to the receipt and use of confidential information and shall enter into appropriate and customary non-disclosure agreements with the Debtors.  The Debtors' compliance with this paragraph shall not constitute a breach of the Master Disposition Agreement (including Section 9.40 thereof).

9. The inadvertent production of any document, material, or other information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other document, material, or information. In the event that any document or material that is subject to a claim that it is confidential, privileged, or protected from discovery on any other ground is inadvertently produced, the Party who received the inadvertently produced document or material shall return it and all copies of it to the producing Party within three (3) business days after it or the Agent receives written notice (by letter or email) from the producing Party that the document or material was inadvertently produced. In the case of Confidential or Highly Confidential documents or materials that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing Party shall promptly replace the documents or materials that were inadvertently produced with copies of the documents and materials containing the appropriate designation.

10. If at any time a Party objects to the designation of documents or information produced or testimony given as Confidential or Highly Confidential under this Protective Order, the objecting Party shall notify the designating Party in writing (which may be by email). The objecting Party shall identify the documents or information in question and shall specify in reasonable detail the reasons for the objection. Within two (2) business days of the receipt of such notice, the disclosing and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the disclosing Party may apply within two (2) days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the

8

documents or information that are subject to the application shall remain Confidential or Highly Confidential, as the case may be, until the Court rules. If the disclosing Party does not apply to the Court for a ruling on the propriety of the designation within two (2) days after the conclusion of the meet and confer, or within such time as the Parties may agree, the documents or information that are subject of the dispute will no longer be deemed Confidential or Highly Confidential. The disclosing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the document or information qualifies as sufficiently confidential, under Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure, that its dissemination and use should be restricted in accordance with the terms of this Protective Order.

11. Nothing in this Protective Order shall be construed as preventing any Party from objecting to the designation of any document or information as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any materials or information that it produces in discovery.

12. Within thirty (30) days after the entry of an order by this Court granting final approval of modifications to the confirmed First Amended Plan Of Reorganization or dismissing these cases, whichever first occurs, all documents and other material designated as Confidential or Highly Confidential pursuant to this Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be (a) returned to the producing party or Party or Lender creating such information, or (b) destroyed. If the receiving party chooses to destroy any such documents or materials, then that party shall deliver a certificate attesting to that destruction to the party who produced the Confidential or Highly Confidential documents or materials within thirty (30) days after the entry of an order by

9

this Court granting final approval of modifications to the confirmed First Amended Plan Of Reorganization or dismissal of the cases, as the case may be.

13. If documents, materials, or information (including portions of deposition transcripts) designated as Confidential or Highly Confidential are to be included in any papers to be filed in this Court or any other court, counsel intending to file such documents shall first seek a protective order under 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, and General Order #M-242 of this Court, or other applicable authority with respect to filing under seal those portions of the proposed filing containing information subject to this Protective Order, identifying this Protective Order by date.

14. This Protective Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at a hearing on the Motions.

15. Nothing in this Protective Order shall be construed to limit any disclosing party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any party to introduce into evidence or use at a hearing on the Motions any document, testimony, or other information that is subject to this Protective Order.

16. Any non-party sharing or producing information in connection with the Motions may include such information under the protections of this Protective Order by endorsing a copy of this Protective Order and delivering it to the requesting Party or Lender who, in turn, will serve it, or cause it to be served, upon counsel for the Parties and file it with the Court. The Parties may designate materials produced by such a non-Party as Confidential or

Highly Confidential in accordance and consistent with the terms and provisions of this Protective Order.

17. This Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with other parties to modify this Protective Order, subject to the approval of the Court. For the avoidance of doubt, entry by any person into this Protective Order, or the execution and delivery of a consent hereto, shall not in any way prejudice whatever rights such person may have with respect to the Motions or otherwise (except in respect of their compliance with this Protective Order as to information received by such person).

18. This Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Protective Order upon appropriate motion by a party in interest.

So Ordered in New York, New York, this 9th day of June, 2009

/s/ Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge

PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF
CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION
IN CONNECTION WITH (A) SUPPLEMENT TO PLAN MODIFICATION APPROVAL
MOTION [Docket No. 16646] AND (B) SUPPLEMENT TO GM ARRANGEMENT
FOURTH AND FIFTH AMENDMENT APPROVAL MOTION [Docket No. 16647]

## **EXHIBIT A**

The undersigned entity has reviewed and agrees to be bound by the confidentiality restrictions contained in the above referenced Protective Order in the same manner as a Party thereunder.

Entity: _____

By: _____

Its: _____

Dated: _____