MORGAN, LEWIS & BOCKIUS LLP  
Attorneys for Hitachi Chemical (Singapore) Pte. Ltd.  
101 Park Avenue  
New York, New York  10178-0060  
(212) 309-6000  
Menachem O. Zelmanovitz  
Matthew W. Olsen  

Hearing Date: June 16, 2009  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x  

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al. | : | Case No.  05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------x  

**OBJECTION OF HITACHI CHEMICAL (SINGAPORE)
PTE. LTD. TO DEBTORS' MOTION TO CLASSIFY
RECLAMATION CLAIMS AS GENERAL UNSECURED CLAIMS**

Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) ("HCS"), by and through its undersigned counsel, submits this Objection to the above-captioned Debtors' Expedited Motion for Order Under 11 U.S.C. § 546(c) and Amended Reclamation Procedures Order Classifying Reclamation Claims as General Unsecured Claims for All Purposes, dated June 5, 2009 (the "Motion").  In support of its Objection, HCS respectfully states as follows:

**PRELIMINARY STATEMENT**

1.　Even assuming *arguendo* that reclamation claims were subordinate to the blanket liens of the prepetition lenders, once such liens were released, reclamation claimants became immediately entitled to the allowance of their administrative expense claims.

2.　Further, the better view is that espoused by the Sixth Circuit Court of Appeals in In re Phar-Mor, Inc., 534 F.3d. 534 (6th Cir. 2008).  Reclamation claims are not subordinate to

the blanket claims of the prepetition lenders because such liens never attached to the reclaimed goods.

3. Accordingly, the Motion should be denied and all reclamation claims granted administrative expense status.

## BACKGROUND

1. On October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Code").

2. Commencing prior to the Petition Date and continuing thereafter, HCS was and is a supplier to the Debtors of printed circuit boards and related equipment pursuant to certain supply contracts and purchase orders.

3. On October 10, 2005, pursuant to, among other things, Code § 546(c), HCS timely sent a reclamation demand in writing to the Debtors, demanding the return to HCS of goods delivered to the Debtors within the ten-day period prior to the Petition Date having a value of $2,110,565.18.

4. Thereafter, on November 7, 2005, HCS filed its original proof of claim against Delphi Corp. in the amount of $5,415,329.84 (the "Claim"), based on its shipment and delivery of goods prior to the Petition Date for which payment had not been made. The Claim consisted of the sum of $2,110,565.18 asserted as a priority reclamation claim and the additional sum of $3,304,764.66 asserted as a general unsecured claim.

5. In their Twentieth Omnibus Objection to Claims, dated August 24, 2007, the Debtors objected to, <u>inter</u> <u>alia</u>, the portion of the Claim asserted as a priority reclamation claim, seeking to reduce that amount to $219,986.79, but did not contest that the reclamation claim was timely or that HCS fully complied with the Court's prior reclamation procedures order. The

2

objection was later withdrawn and the parties engaged in negotiations in an effort to resolve all issues relating to the Claim. Although, HCS reduced the reclamation portion of its Claim to $1,391,527.32, no final resolution has been reached. Thus, contrary to the Debtors' assertion in the Motion and the attached schedule, HCS' reclamation claim is not resolved in the amount $219,986.79.

## OBJECTION

### A. Reclamation Claimants Became Entitled To Administrative Claims Upon the Release of the Prepetition Lenders' Liens.

6. The Motion improperly seeks to reclassify all reclamation claims, including that of HCS, to general unsecured claims on the basis that such claims are subject to the superior rights of the Debtors' pre-petition lenders in all reclaimed goods. The Debtors further contend that upon closing of the Debtors' most recent post-petition financing, the reclaimed goods were "effectively disposed of" and any rights of the reclaiming sellers in such goods were terminated. (Motion at 2-3.)

7. The Debtors arguments are misplaced for several reasons. First, the fact that the reclamation claims may, pursuant to UCC 2-702(3) be "subject to" the superior rights of a secured creditor with a security interest in after-acquired property including inventory, does not mean that such reclamation claims are extinguished or rendered invalid. On the contrary, as this Court recognized in its prior bench ruling (a copy of which is attached to the Motion), "until the secured creditor with the prior right under [UCC 2-702(3)] has either been satisfied … or has released its lien, the reclaiming seller's rights under 546 essentially hang fire …. [D]epending on the ultimate disposition of the secured creditor's claim in this case, [reclamation claims] may have value and may be entitled to an administrative claim." (Transcript of August 17, 2006 hearing ("8/17/06 Tr."), at 38-39.); see In re Pester Refining Co., 964 F.2d 842, 846 (8th Cir.

3

1992) ("In the UCC context, when the right to reclaim is 'subject to' the rights of secured creditors, that means the right is subordinate or inferior to the security interests, not that it is automatically and totally extinguished.")

8. Second, the Debtors concede that the pre-petition lenders' claims were paid in full from the proceeds of the Debtors' post-petition financing on January 5, 2007. (Motion, at 3, 18.) As a result and, pursuant to the express terms of the Court's final order approving such post-petition financing, all of the pre-petition lenders' liens and security interests in the Debtors' assets were released, including, necessarily, any liens or security interests in reclaimed goods and their proceeds. (Id. at 18.)[1] Once the pre-petition lenders' interests were satisfied and released, the reclaiming sellers, including HCS, retained a priority claim to any remaining goods or any proceeds therefrom. In re Pester Refining Co., 964 F.2d 842, 846 (8th Cir. 1992); United States v. Westside Bank, 732 F.2d 1258, 1263 (5th Cir. 1984); In re Phar-Mor, Inc., 301 B.R. 482, 497 (Bankr. N.D. Ohio 2003) aff'd 534 F.3d 502 (6th Cir. 2008) (Reclamation claims sustained where pre-petition lenders were paid in full through post-petition financing and not from the sale of the subject goods.) Indeed, the Court's prior bench ruling is consistent with this view in recognizing that a reclamation claim is subordinated until "the secured creditor, with a prior interest in its particular asset, has released the interest in that asset or has been paid in full." (8/17/06 Tr., at 35.)

9. The Debtors' assertion that the Court's final order approving post-petition financing granted the post-petition lenders' first priority liens in all of the Debtors' assets (Motion, at 17) is of no moment. Under UCC 2-702(3), a seller's right of reclamation is subject

---

[1] Although the Debtors fleetingly suggest that the closing of their post-petition financing resulted in the disposition of the reclaimed goods, the Motion makes very clear that the pre-petition lenders' claims were in fact satisfied from the proceeds of the post-petition financing. (Motion, at 18.)

4

only to the rights of a buyer in the ordinary course or other *good faith* purchaser.  Where the post-petition lenders' liens were granted well after, and in full knowledge of, the various reclamation demand letters including that of HCS, such lenders cannot be good faith purchasers for purposes of UCC 2-702(3).  In re Phar-Mor, Inc., 301 B.R. at 497 ("having notice of the Reclamation Demands, DIP Lenders cannot qualify as good faith purchasers under § 2-702(C).").

10. The Debtors further posit that the simultaneous release of pre-petition liens and grant of post-petition liens in the Debtors' assets constitutes an integrated transaction rendering reclamation claims valueless, citing In re Dana Corp., 367 B.R. 409, 421 (Bankr. S.D.N.Y. 2007) and In re Dairy Mart Convenience Stores, 302 B.R. 128, 131 (Bankr. S.D.N.Y. 2003).  (Motion, at 46.)  HCS respectfully submits that if those lower court decisions truly stand for that proposition, they were incorrectly decided in that they ignore the good faith purchaser requirement of UCC 2-702(3) and the established principle that no action on the part of a debtor should be permitted to defeat a seller's right to reclamation.  In re Griffin Retreading Co., 795 F.2d 676, 679 (8th Cir. 1986); In re Phar-Mor, Inc., 301 B.R. at 497 ("A debtor's decision to grant a security interest in inventory to a subsequent secured lender cannot defeat a seller's reclamation rights if the seller asserted its rights before the security interest is granted.").

11. Therefore, following the release of all of the pre-petition lenders' liens on the Debtors' assets, holders of reclamation claims became entitled to an administrative claim pursuant to § 546(c)(2) of the Code (as in effect on the Petition Date) equal to the value of the goods subject to reclamation.

**B.** **The Prepetition Lenders' Lien Never Attached to the Reclaimed Goods.**

12. Finally, although this Court stated in its bench ruling that the rights of a reclamation creditor under UCC 702(3) are subordinate to the rights of a creditor with a prior perfected floating security interest in the reclaimed goods (8/17/06 Tr., at 36), HSC respectfully submits that the better view is that advanced by the Sixth Circuit in the recent Phar-Mor decision. As the Court of Appeals there held, UCC 702(3) does not permit a secured creditor to defeat an otherwise valid reclamation claim. In re Phar-Mor, Inc., 534 F.3d 502, 508 (6th Cir. 2008); see also In re Federal's Inc., 553 F.2d 509, 518 (6th Cir. 1977); In re Mel Golde Shoes, Inc., 403 F.2d 658, 661 (6th Cir. 1968); In re American Food Purveyors, Inc., 1974 WL 21665 (N.D. Ga. Aug. 16, 1974). These cases are grounded in the fact that UCC 2-702 contemplates a rescissional remedy, based upon the theory that the seller has been defrauded by the debtor's misrepresentation of its solvency. See UCC 2-702, official comment no. 2. Allowing a debtor to satisfy its secured creditor's claims from the proceeds of the aggrieved seller's goods would reward the debtor with the fruits of its fraud. See In re Phar-Mor, Inc., 534 F.3d 502, 506 (citing In re Mel Golde Shoes, Inc. 403 F.2d at 660). By the same token, a debtor who fraudulently receives goods while insolvent and subject to a reclamation demand acquires no rights in such goods to which the secured creditor's floating lien may attach. See In re Phar-Mor, Inc., 534 F.3d 502, 506 (citing American Food Purveyors, Inc., 1974 WL 21665).

**C.** **Incorporation of Other Objections.**

13. HSC further adopts and incorporates herein the arguments set forth in the objections of all other reclaiming sellers to the Motion.

6

## **CONCLUSION**

14. HCS respectfully requests that the Court enter an order denying the Motion in its entirety and granting such other relief as is just and proper.

Dated: New York, New York
June 11, 2009

        MORGAN, LEWIS & BOCKIUS LLP

        By: /s/ Menachem O. Zelmanovitz
            Menachem O. Zelmanovitz
            Matthew W. Olsen

        101 Park Avenue
        New York, New York 10178
        Telephone No.: (212) 309-6000
        Facsimile: (212) 309-6001