K&L GATES LLP                                    Hearing Date: June 16, 2009
Jeffrey N. Rich, Esq. (JR7183)                   10 A.M.
599 Lexington Avenue
New York, New York 10022
Telephone (212) 536-3900

Attorneys for JP Morgan Chase Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                           :       Chapter 11
                                                 :       Case No. 05-44481 (RDD)
DELPHI CORPORATON, *et al.*,                     :       (Jointly Administered)
                                                 :
         Debtors.                                :
--------------------------------------------------------X

# AMENDED OBJECTION OF JPMORGAN CHASE BANK N.A. TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 546(c) AND AMENDED RECLAMATION PROCEDURES ORDER CLASSIFYING RECLAMATION CLAIMS AS GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES

JPMorgan Chase Bank, N.A.("JPM"), by and through its attorneys, K&L Gates LLP, hereby objects to the Motion for Order Under 11 U.S.C. § 546(c) And Amended Reclamation Procedures Motion Order Classifying Reclamation Claims As General Unsecured Nonpriority Claims For All Purposes (the "Motion")[1] filed by Delphi Corporation and its debtor subsidiaries and affiliates (collectively, the "Debtors"), stating as follows:

      1.    JPM, directly and through its affiliate Chase Lincoln First Commercial Corporation, is the holder of Reclamation Claim Nos. 38, 40, 70, 71, 72, 122, 203, 242, 254, 317, 533, 779, 820, 834, 852, 841 842 and 857 (the "JPM Reclamation Claims").

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

NY-686088 v1

- 2 -

2.  Reduced to its essentials, the Motion seeks to reclassify the JPM Reclamation Claims as general unsecured nonpriority claims due to the fact that the Debtors' prepetition secured lenders allegedly had prior lien claims on the goods sought to be reclaimed. The Motion states, and for present purposes JPM accepts, that the prior liens were valid and that the amount of debt secured by such liens exceeds the value of such goods. It does not follow, however, that the JPM Reclamation Claims are not entitled to administrative claim status and must necessarily be reclassified as the Debtors propose.

3.  In support of their Motion, the Debtors principally rely on the decisions in this district in In re Dana Corp., 367 B.R. 409 (Bankr. S.D.N.Y. 2007) and In re Dairy Mart Convenience Stores, Inc., 128 (Bankr. S.D.N.Y. 2003), which held that reclamation claims could be defeated where the goods involved were subject to a prior perfected security interest in the goods sought to be reclaimed.

4.  As the Debtors note in footnote 13 of the Motion, however, the Sixth Circuit Court of Appeals recently rejected the reasoning of the Dana and Dairy Mart decisions in Phar-Mor, Inc. v. McKesson Corp., 534 F.2d 502 (6th Cir. 2008), and held that the bankruptcy court was obligated under section 546(c) to grant a reclaiming creditor either administrative claim status or a lien on the proceeds resulting from the sale of the goods subject to its reclamation demand.  In its decision, the Phar-Mor court stated with respect to the holdings of Dana and Dairy Mart that "These holdings are not practical and their reasoning is not compelling".  534 F.2d at 502.

5.  While the Debtors are critical of the Phar-Mor decision, the fact remains that there is no controlling law in this Circuit on the issue presented by the Debtors' Motion.

6.  JPM respectfully submits that the Sixth Circuit's decision in Phar-Mor

represents a more persuasive resolution of the statutory priorities reflected by section 2-702 of the UCC and section 546(c) of the Bankruptcy Code, and should therefore be followed in this case.

WHEREFORE, JPM respectfully requests the Court to enter an order: (i) denying the Motion; (ii) determining that the JPM Reclamation Claims are entitled to be treated as administrative expense claims; and (iii) granting such other and further relief as this Court deems just.

Dated: New York, New York
June 11, 2009

                                  K&L GATES LLP

                                  By: */s/ Jeffrey N. Rich*
                                     Jeffrey N. Rich(JR7183)
                                     A Member of the Firm
                                Attorneys for JP MorganChase,
                                599 Lexington Avenue
                                New York, NY 10022
                                (212) 536-3900