| | |
|---|---|
| MILLER JOHNSON<br>Attorneys for Avon Automotive<br>  and Pridgeon & Clay, Inc.<br>250 Monroe Avenue, Suite 800<br>P.O. Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1700<br>Thomas P. Sarb (TS-8282) | Hearing Date and Time: June 16, 2009 at 10:00 a.m.<br>Response deadline:  June 12, 2009 at 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| DELPHI CORPORATION, *et al.,* | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x

## JOINDER OF AVON AUTOMOTIVE AND PRIDGEON & CLAY, INC. IN OBJECTION OF HITACHI CHEMICAL (SINGAPORE) PTE. LTD. TO DEBTORS' MOTION TO CLASSIFY RECLAMATION CLAIMS AS GENERAL UNSECURED CLAIMS

Avon Automotive ("Avon") and Pridgeon & Clay, Inc. ("P&C") file this Joinder in the Objection of Hitachi Chemical (Singapore) PTE. Ltd. To Debtors' Motion to Classify Reclamation Claims as General Unsecured Claims (the "Objection") (Docket No. 16964). In support of their Joinder, Avon and P&C state as follows:

1. Avon and its affiliate, Cadillac Rubber de Mexico, hold an unresolved reclamation claim which they assert is in the total amount of $715,920.17.

2. P&C is the holder of a resolved reclamation claim in the agreed-upon amount of $54, 023.95.

3. Avon and P&C request the same relief as requested in the Objection.

4. Avon and P&C further adopt and incorporate as if set forth in this Joinder the arguments set forth in the Objections of all other reclaiming sellers to the Motion.

5. In further support of their Joinder in the Objection, Avon and P&C state that the Order of this Court confirming the Debtors' Plan of Reorganization, as amended (the "Plan") is a final order of this Court. Pursuant to the Plan, reclamation claims are entitled to administrative claim treatment. A final order confirming a plan of reorganization is *res judicata*. *Stoll v. Gotlieb,* 305 U.S. 165; 59 S.Ct. 134 (1938); *Sure-Snap Corp. v. State Street Bank & Trust*

*Co.*, 948 F.2d. 869, 874-77 (2nd Cir. 1991).  Until such time as the Plan is modified by order of this Court, the Debtors are not entitled to the relief sought in the Motion.

      6.      In addition, in their Disclosure Statement in connection with the Plan and in subsequent pleadings filed with this Court, the Debtors admitted that those parties holding liens in the inventory were oversecured as of the date of filing and as of subsequent dates.  In *In re Primary Health Systems, Inc.*, 258 B.R. 111 (Bankr. Del. 2001), a case cited by the Debtor in its motion, the court refused to grant the debtors' motion for summary judgment because there was a disputed issue of material fact "namely, whether the [secured lender's] claim exceeded the value of the inventory **at the time the reclamation claim was made**." *Id.* At 118 (emphasis added.)

      7.      Avon and P&C expressly reserve the rights to supplement and amend this Joinder.

                                    Miller Johnson
                                    Attorneys for Avon Automotive and Pridgeon & Clay, Inc.

Dated: June 12, 2009          By  /s/ Thomas P. sarb
                                    Thomas P. Sarb (TS-8282)
                            Business Address:
                                250 Monroe Avenue, N.W., Suite 800
                                PO Box 306
                                Grand Rapids, Michigan  49501-0306
                          Telephone:  (616) 831-1700