CONLIN, McKENNEY & PHILBRICK, P.C.     Hearing Date:  June 16, 2009
Attorneys for Brazeway, Inc./JP Morgan      Hearing Time:  10:00 a.m.
   Chase Bank, N.A.
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
(734) 761-9000
Bruce N. Elliott (admitted Pro Hac Vice)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DELPHI CORPORATION,** *et al.* | § | Case No. 05-44481 (RDD) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

## JOINT OBJECTION OF BRAZEWAY, INC. AND
## JP MORGAN CHASE BANK, N.A. TO DEBTOR'S
## EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §546(c)
## AND AMENDED RECLAMATION PROCEDURES ORDER CLASSIFYING
## RECLAMATION CLAIMS AS GENERAL UNSECURED
## NONPRIORITY CLAIMS FOR ALL PURPOSES

Brazeway, Inc. ("Brazeway") and JP Morgan Chase Bank, N.A. ("JPMC") hereby jointly

submit their joint objection to Debtor's Expedited Motion for Order Under 11 U.S.C. §546(c) and

Amended Reclamation Procedures Order Classifying Reclamation Claims as General Unsecured

Nonpriority Claims for all Purposes (Docket No. 16663), hereafter the "Expedited Motion" and state

as follows:

### Preliminary Statement

Debtor's Expedited Motion erroneously includes a reclamation claim attributable to

Brazeway/JPMC in the amount of $101,905.91.  Moreover, the Expedited Motion purports to state

that such reclamation claim is "resolved."  This is a clear misrepresentation of the facts and current

status of the claims as discussed below. For more than three years, the Debtor has indicated to the Court and all creditors that issues regarding reclamation claims would be dealt with post-confirmation. On June 1, 2009, with the filing of Debtor's Supplement to Plan Modification Approval Motion, for the first time the Debtor expressed an intention to create a drastic omnibus resolution to all reclamation claims prior to the confirmation hearing.

## Background

1.      A Proof of Claim was timely filed by JPMC as assignee of Brazeway (Claim No. 14052) including a reclamation claim of $572,707.98 (the "Reclamation Claim") and a general unsecured claim of $1,308,594.45 (the "GUC"). [1] Subsequent to the filing of the Proof of Claim there was email correspondence between Brazeway and the Debtor regarding the amount of the Reclamation Claim. Brazeway believes the amount of the Reclamation Claim is accurate and verifiable. Nevertheless, without any substantive support, and indeed in the face of eyewitness evidence to the contrary from Brazeway, the Debtor sought to reduce the Reclamation Claim as set forth in Debtor's Twenty-First Omnibus Claims Objection Pursuant to 11 U.S.C. §502(b) (Docket No. 9535) (the "Twenty-First Omnibus Objection") to an amount of only $101,905.91. Notice of that objection was sent to Brazeway or JPMC by no means other than through the ECF system.

2.      Unfortunately, neither Brazeway nor JPMC actually became aware of the Twenty-First Omnibus Objection until after the entry of an order approving the reduction of the Reclamation Claim as requested by Debtor (Docket No. 10728). Thereafter Brazeway and JPMC timely filed a Joint Motion for Relief From and Reconsideration of the Order Modifying Claims Asserting Reclamation identified in Debtor's Twenty-First Omnibus Claims Objection (Docket No. 11069)

---

[1] It should be noted that the Debtor has never disputed the total combined amount of the claims, only the amount eligible for reclamation.

(the "Motion to Reconsider"), asserting, inter alia, the failure of adequate notice as well as the substantive objections and affidavits in support thereof.[2]  The Motion to Reconsider was originally scheduled to be heard on January 10, 2008, and thereafter adjourned by agreement of the parties.

3.       In the midst of dealing with the Motion to Reconsider, the Debtor was seeking confirmation of its First Amended Plan of Reorganization.  As a part of that process, the Debtor notified Brazeway/JPMC that the Debtor proposed to assume certain executory contracts between Debtor and Brazeway and in so doing, the Debtor sent notices to Brazeway/JPMC of a proposed cure modifying the Proof of Claim.[3]  As a result of the Debtor's cure proposals and subsequent discussions, the parties entered into a stipulation and order entered June 12, 2008 (Docket No. 13732), whereby the original claims were modified into a cure claim of $1,835,146.48 (the "Cure Claim") and a general unsecured claim of $46,155.98.  That is the present status of the claims.

4.       Contrary to that status, the Debtor filed the Expedited Motion attributing a reclamation claim of $101,905.51 to Brazeway/JPMC and representing that such "reclamation claim" was resolved.

5.       Because the status of the Brazeway/JPMC claims were obviously contrary to that set forth in the Expedited Motion, counsel for the Debtor was asked to strike the reference to the Brazeway/JPMC "reclamation claim" from the Expedited Motion since it was inapplicable. Debtor's counsel has refused to do so, thus necessitating this response.

## Argument

---

[2]  See for example the affidavit of Terence Sheehan of Brazeway included as part of the Motion to Reconsider (Docket No. 11069).

[3]  Brazeway believed that the underlying executory contracts may well be the subject of assumption and assignment as a part of any future modified plan and/or sale of assets.

-3-

**The Reclamation Claim has been reclassified as a Cure Claim, and therefore should not be subject to the Expedited Motion.**

6.      Debtor's Expedited Motion is erroneous as to Brazeway/JPMC on at least two counts. First, there is currently no reclamation claim of Brazeway/JPMC to be affected by the Expedited Motion, since the Reclamation Claim was modified into the Cure Claim pursuant to Docket No. 13732. Second, the Expedited Motion incorrectly identifies the Reclamation Claim as being "resolved" and for a lesser amount, all of which remains vigorously contested by Brazeway/JPMC. Nevertheless, Debtor's counsel has refused to strike the reference to the Brazeway/JPMC claim from the Debtor's Motion even though it is clearly not applicable.

**Even if the Cure Claim is hereafter designated in part as a reclamation claim and subject to the Expedited Motion, such reclamation claim should not be relegated to a general unsecured claim.**

7.      Brazeway/JPMC has no sure way of knowing Debtor's future plans with respect to the Cure Claim and therefore, in an abundance of caution, believes a further response is warranted in the event any part of the Cure Claim is hereafter designated as a reclamation claim which may be affected by the outcome of the Expedited Motion.

8.      The Debtor has cited as principal support for the relief requested in the Expedited Motion certain cases decided by this Court: *In Re Dana Corp.*, 367 B.R. 409 (Bankr. S.D.N.Y. 2003) and *In Re Arlco, Inc.*, 239 B.R. 261 (Bankr. S.D.N.Y. 1999).[4] Both of those cases discuss and adopt various holdings by courts of the Sixth Circuit: *In Re Pittsburgh-Canfield Corp.*, 305 B.R. 688 (Bankr. N.D. Ohio 2003) aff'd 309 B.R. 277 (B.A.P. 6th Cir. 2004) and *In Re Mel Golde Shoes, Inc.*, 403 F.2d 658 (6th Cir. 1968). However, the recent ruling by the United States Court of Appeals for

---

[4] Debtor also frequently cites *In re Dairy Mart Convenience Stores, Inc.*, 302 B.R. 128 (Bankr. S.D.N.Y. 2003), which relied primarily on *Arlco*.

the Sixth Circuit in *Phar-Mor, Inc. v. McKesson Corp.*, 534 F.3rd 502 (6th Cir. 2008), shows that

the reliance on those cases is substantially misplaced. The *Phar-Mor* Court offered a reminder that

under the applicable provisions of UCC 2-702, the seller's right to recover goods that have been

delivered to the buyer is based on the insolvent buyer's presumed fraudulent conduct. *Phar-Mor*,

534 F.3d at 507. See also UCC 2-702, Official Comment No. 2 ("Subsection (2) takes as its base

line the proposition that any receipt of goods on credit by an insolvent buyer amounts to a tacit

business misrepresentation of solvency and is therefore fraudulent as against the particular seller.").

The Court also reiterated its statement in *Mel Golde Shoes* that a defrauded seller's right to reclaim

his goods is superior to any right of an attaching creditor despite UCC 2-702's "subject to" provisions

stating: "this would virtually secure to such vendee the fruits of his fraud by the payment of his debts

to the extent of the value of the goods, and defeat the equity of the vendor and the object of the

statute." *Phar-Mor*, 534 F.3d at 506, citing *Mel Golde Shoes*, 403 F.2d at 660. The Court noted as

unpersuasive the argument that if reclamation is permitted in bankruptcy it will reduce the bankrupt's

estate at the expense of all of the unsecured creditors. *Phar-Mor*, 534 F.3d at 506-507, citing *In Re

Federal's, Inc.* 553 F.2d 509, 518 (6th Cir. 1977).

9.     The *Phar-Mor* Court also addressed the precedent in *Pittsburgh-Canfield*, noting that

the bankruptcy appellate panel decision was non-binding and in turn rejected its rationale which

contradicted the Sixth Circuit Court of Appeal's reasoning (if not the holding) in *Mel Golde Shoes*

and *Federal's*. *Phar-Mor*, 534 F.3d at 507. The Court went on to state that debtor's reliance on

*Dana, Arlco,* and *Dairy Mart* was unavailing and that those holdings were not practical and their

reasoning was not compelling. *Id.* The Sixth Circuit has now made it clear that UCC 2-702 does

not allow a secured creditor's claim to defeat the right of a properly reclaiming vendor and that 11

U.S.C. §546(c)(2) grants the Bankruptcy Court the power to deny a properly reclaiming vendor of its right to reclaim the goods but only by granting, in an amount equal to the value of the goods, either an administrative expense priority or a lien on the proceeds. *Phar-Mor* 534 F.3d at 508.

10.    While the Debtor may claim that the Sixth Circuit decisions exemplify a line of cases that has been criticized, the *Phar-Mor* decision has nevertheless seriously undermined much of the legal bedrock of the line of cases relied upon in *Dana*. Even if this Court does not subscribe to the entire rationale of the *Phar-Mor* Court, and while it may be true that a reclaiming creditor is not a secured creditor and thus not entitled to benefits of the classic application of the marshaling of assets, the holding in *Phar-Mor* clearly identifies equitable rights for the benefit of such reclaiming creditor as a result of the application of the principles and purpose set forth in UCC 2-702 which are unique and must be given deference. Indeed, in this case the rationale in *Phar-Mor* is much more compelling and applicable.

11.    This Court has already noted on the record in the hearing involving the reclamation claim of Speedline (Transcript of August 17, 2006 hearing at 38-39) any decision as to the value of the reclamation claim is premature until the disposition of all the secured assets and resolution of the secured claims. See also *In Re Pester Refining Company*, 964 F.2d 842 (8th Cir. 1992).[5]

12.    Brazeway and JPMC hereby further adopt and incorporate herein the arguments and authorities set forth in the objections to the Expedited Motion made by all other reclaiming sellers or other parties in interest.

---

[5] Brazeway and JPMC do not consent to a finding that disposition of the secured assets would eliminate their right to an administrative claim equal to the full value of the goods provided to Debtor. The *Phar-Mor* Court held that an administrative claim for the full value of the goods was appropriate even though the goods had been sold to pay the post-petition lender. *Phar-Mor*, 534 F.3d at 504, 508.

## **CONCLUSION**

Brazeway/JPMC respectfully request that the Court enter an Order striking the reference to the Brazeway/JPMC reclamation claim in the Expedited Motion and any order entered with respect thereto, and otherwise denying the Expedited Motion in its entirety and granting such other and further relief as is just and proper.

/s/ Bruce N. Elliott
Bruce N. Elliott (P28770)
Conlin, McKenney & Philbrick, P.C.
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
Telephone: (734) 761-9000
Facsimile: (734) 761-9001

Dated: June 12, 2009

M:\ATTY-SHARED\CLM\B\BRAZEWAY\DELPHI\RESPONSE BNE 6.12.09.WPD