June 9, 2009

Hon. Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green Room 610
New York, New York 10004

RE: Delphi Corporation et al Case No. 05-44481 (RDD)

Dear Sir

This correspondence is to file objections to the following proposed Motions for Order by the debtors:

1) Supplement to Motion for Order authorizing Debtors to enter into Fourth Amendment and Fifth Amendment to Arrangement With General Motors Corporation, and

2) a) Supplement to Motion for Order (1) approving modifications to debtors' First Amended Plan of Reorganization (as modified) and related disclosures and voting procedures, and ( 2 ) setting final hearing date to consider modifications to confirmed First Amended Plan of Reorganization, and (b) request to set administrative expense claims bar date and alternative sale hearing date.

Per requirements, I am an equity holder of Delphi common stock, 10,272 shares, a Delphi salaried retiree/pensioneer, and an unsecured SERP claimant, with a claim exceeding $1.3 million.

My objections to the proposed Motions for Order reflect the following:

-The timing for objection to Motion for Order No. 1 (above) is inadequate, particularly since the matter must be considered/analyzed within the context of Motion for Order No. 2 (above), which contains approximately 950 pages of information.

-Moreover, expedited approval by the Court may provide an unfair preference to GM, within the framework of the total proposed "reorganization", or more appropriately, the now-proposed asset liquidation plan. Further, with or without the approval of Motion for Order No.1) above, I would opine that regardless of timing, it is in GM's self-interest to provide bridge funding and, thereby, ensure a continuation of a supply of parts and components from Delphi. However, the terms and conditions specified by GM are not necessarily beneficial, and in fact, may be prejudicial, to the other Delphi creditors and stakeholders. More specifically, the requirement that the funding be classified as an administrative claim, takes precedent over other creditors and stakeholders, and provides a more advantageous negotiating position, going forward, to the further detriment of Delphi's other stakeholders. In my opinion, the proposal lacks good business judgment by Delphi's management and a better business arrangement, or funding alternative, should be pursued.

-The proposed Motion for Order No. 1 preliminary statement reflects that Delphi has achieved its reorganization goals and approval will facilitate the final phase of the reorganization. This statement appears disingenuous in as much as my interpretation of the proposed Motion for Order No. 2 calls for a de facto liquidation of all Delphi assets, excepting for certain already idled/impaired facilities which would remain with Delphi. Also, this liquidation plan provides for no relief to the equity holders, and little, if any, to the secured and unsecured creditors (at best, less than 3%). Reflecting that the first quarter 2009 Delphi financial report included approximately $1.1 billion in restructuring costs, perhaps Delphi should cease restructuring and move to liquidation activities immediately, in which the creditors and stakeholders are treated equitably. A preliminary analysis of proposed Motion for Order No. 2, above, provides for the sale of Delphi assets either directly to GM or to Parnassus Holdings II, LLC, a GM financed ($2 billion) entity, in which hourly pensions will be assumed by GM and hourly benefits for both active and inactive employees will also be assumed by GM/Parnassus. This appears to provide preferential treatment for hourly employees and retirees, as well as for certain unsecured GM claims, to the detriment of other stakeholders.

Please defer or deny approval to proposed Motion Order No. 1, and prevent GM and the UAW from enhancing their already court-allowed preferential position in the bankruptcy proceedings. My formal objection to Motion for Order No. 2 will follow under separate cover.

Regards,

*[signature]*

Ernest A. Knobelspiesse
134 Cape Fear Drive
Chocowinity, NC 27817

cc: Delphi Corporation

  Weil, Gotshal & Manges LLP

  Schulte Roth & Zabel LLP

  Skadden, Arps, Slate, Meagher & Flom LLP

  The Office of the United States Trustee

  Latham & Watkins LLP

  Davis Polk & Wardwell

  Willkie Farr & Gallagher LLP

  Cadwalader, Wichersham & Taft LLP

  United States Department of Justice