GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 332-2196
Erin M. Casey (4299475)

*Counsel for Omron Dualtec Automotive Electronics, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No.  05-44481 (RDD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Dkt No. 16663 |
| | ) | |

**OBJECTION TO THE MOTION FOR ORDER UNDER 11 U.S.C. § 546(c) AND
AMENDED PROCEDURES ORDER CLASSIFYING RECLAMATION CLAIMS AS
GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES AND
<u>JOINER IN RELATED OBJECTIONS</u>**

Omron Dualtec Automotive Electronics Inc. ("<u>OMRON</u>") by and through its undersigned counsel, submits this (i) objection ("<u>Objection</u>") to the Motion For Order Under 11 U.S.C. § 546(c) and Amended Procedures Order Classifying Reclamation Claims as General Unsecured Nonpriority Claims for All Purposes (the "<u>Motion</u>")[1] (Docket #16663), and (ii) joinder in related objections, and respectfully states as follows:

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings set forth in the Motion.

2379181                                                                                                                              6501.002

## BACKGROUND

1. On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court under chapter 11 of title 11 of the United States Code, as then amended (the "Bankruptcy Code").

2. On November 4, 1005, this Court entered the Reclamation Procedures Order.

3. On October 1, 2007, this Court entered the Amended Reclamation Procedures Order.

4. As set forth on Exhibit A to the Motion, OMRON has asserted a reclamation demand that is "Resolved" Reclamation Claim in the agreed-upon amount of $85,411.74.

## ARGUMENT

5. OMRON disagrees with the Debtors assertion that the "the simultaneous release of a prepetition lenders' lien and the grant of a postpetition lien to postpetition lenders of a debtor's prepetition and postpetition property constitutes an integrated transaction rendering the reclamation claims valueless." See Motion at ¶ 46. Pursuant to section 2-702 of the UCC, a seller's right to reclamation is "subject to" the rights of a good faith purchaser, including a prior lienholder, but the existence of such a lienholder does not extinguish the seller's rights.

6. The Sixth Circuit has recently stated that Bankruptcy Code § 546(c)(2) grants the Bankruptcy Court the "power to deny a properly reclaiming vendor…its right to reclaim the goods, but only by granting the denied vendor either an administrative-expense priority in the amount of the goods or a lien on the proceeds resulting from the use of those goods by the debtor." Phar-Mor, Inc. v. McKesson Corporation, 534 F.3d 502, 508 (6th Cir. 2008) (citing Lisa Gretchko, Seller Beware! Is your Reclamation Claim as Strong as you Think it is? 22-MAR Am.

05-44481-rdd    Doc 17016    Filed 06/15/09    Entered 06/15/09 14:49:06    Main Document
Pg 3 of 5

Bankr.Inst. J. 20, 50 (2003) (noting that cases such as Dana[2] and Dairy Mart[3] are "insensitive to the reality that inventory is often liquidated first and the proceeds paid to the secured creditor and ignore[ ] the protection that UCC § 2-702 and Code § 546(c)(2) intended to give to reclaiming vendors")).

## JOINDER

7. OMRON hereby joins the arguments made in the Objection of Hitachi Chemical (Singapore) Pte. Ltd. to Debtors' Motion to Classify Reclamation Claims as General Unsecured Claims (Docket #16964) and further adopts and incorporates herein the arguments set forth in the objections of all other reclaiming sellers to the Motion.

## CONCLUSION

8. For the foregoing reasons, the OMRON respectfully requests that this Court (i) deny the Debtors' Motion, (ii) grant OMRON's Reclamation Claim an administrative-expense priority, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: June 15, 2009                Respectfully submitted,

 

OMRON DUALTEC AUTOMOTIVE
ELECTRONICS, INC.

By:   /s/ Erin M. Casey
      One of Its Attorneys

Erin M. Casey, Esq. (4299475)
Jeremy M. Downs, Esq.
Danielle Wildern Juhle, Esq.
GOLDBERG KOHN BELL BLACK
ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000
(312) 332-2196 *(facsimile)*

---

[2] In re Dana Corp., 367 B.R. 409 (Bankr. S.D.N.Y. 2007).
[3] In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128 (Bankr. S.D.N.Y. 2003).

-3-

GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196
Erin M. Casey (4299475)

*Counsel for Omron Dualtec Automotive Electronics, Inc.*


IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Dkt No. 16663 |
| | ) | |

**CERTIFICATE OF SERVICE**


       The undersigned hereby certifies that on June 15, 2009, the OBJECTION TO THE MOTION FOR ORDER UNDER 11 U.S.C. § 546(c) AND AMENDED PROCEDURES ORDER CLASSIFYING RECLAMATION CLAIMS AS GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES AND JOINDER IN RELATED OBJECTIONS (the "Objection") was filed with the Clerk of the Court using the ECF system that will send notification of such filing to counsel of record which are participants in the ECF.

       The undersigned further certifies that on June 15, 2009, the Objection was sent to the following parties by facsimile:

       Office of the United States Trustee for the Southern District of New York
       33 Whitehall Street, Suite 2100
       New York, NY 10004
       Attn: Brian Masumoto
       Facsimile: (212) 668-2255

       Delphi Corporation
       5725 Delphi Drive
       Troy, Michigan 48098
       Attn: General Counsel
       Facsimile: (248) 813-2491

The undersigned further certifies that on June 12, 2009, the Objection was sent by email and overnight courier, to the following parties:

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Attn: John Wm. Butler, Jr.
Email address: jbutler@skadden.com

Davis, Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick
Email address: donald.bernstein@dpw.com; brian.resnick@dpw.com

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert J. Rosenberg and Mark A. Broude
Email address: robert.rosenberg@lw.com

The undersigned further certifies that on June 12, 2009, the Objection was sent by overnight courier to Hon. Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, NY 10004.

Dated: June 15, 2009

Respectfully submitted,

By: /s/ Erin M. Casey
Erin M. Casey, Esq. (4299475)
Jeremy M. Downs, Esq.
Danielle Wildern Juhle, Esq.
GOLDBERG KOHN BELL BLACK
ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000
(312) 332-2196 *(facsimile)*