**Hearing Date & Time: June 16, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO MOTION TO DETERMINE RECLAMATION CLAIMS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus reply (the "Reply") to the objections (the "Objections")[1] filed by certain holders of Reclamation Claims (the "Objectors") to the Expedited Motion for Order Under 11 U.S.C. § 546(c) And Amended Reclamation Procedures Order Classifying Reclamation Claims As General Unsecured Nonpriority Claims for All Purposes (Docket No. 16663), dated June 5, 2009 (the "Motion").[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

Preliminary Statement

1. Each of the Objections – either directly or by joining another objection – contends that this Court should adopt the position taken by the United States Court of Appeals for the Sixth Circuit in Phar-Mor, Inc. v. McKesson Corp., 534 F.3d 502 (6th Cir. 2008), cert. denied, 129 S.Ct. 2053 (2009) that reclamation claims are not subordinate to liens held by secured lenders because such lenders are not good faith purchasers to whose interests reclamation claimants' rights are subordinated under section 2-702(3) of the Uniform Commercial Code (the "UCC").[3] This ruling, however, is not binding on this Court and the reasoning followed by the Sixth Circuit in Phar-Mor has been considered and rejected numerous

---

[1] The Objections are listed on Exhibit A attached hereto. Nine pleadings were filed in response to the Motion, but one of those pleadings is an amendment of another Objection. As noted on Exhibit A, two of the Objections were not timely filed by the objection deadline of 4 p.m. (prevailing Eastern time) on June 12, 2009.

[2] The eight Objections were filed by parties-in-interest holding an aggregate of 31 Reclamation Claims, of which 29 are resolved in the aggregate amount of $5,777,335.76 and two assert an aggregate amount of $1,259,232.97, with the Debtors' books and records showing the aggregate amount of these claims as $168,935.07. Accordingly, the holders of the remaining 318 Reclamation Claims have not objected to the Motion. The Debtors request that this Court grant the relief requested in the Motion as to those 318 Reclamation Claims, notwithstanding its ruling with respect to the Objections.

[3] For convenience, references to UCC sections will not cite any particular state numbering system, but, rather, reference the equivalent Model Uniform Commercial Code section number.

2

times by courts in this jurisdiction and elsewhere. This Court should grant the relief requested in the Motion because under section 546(c) of the Bankruptcy Code, section 2-702(3) of the UCC, and the UCC's overall plan, the DIP Lenders' security interests are unquestionably superior to the interests of the Reclamation Claimants.

        2.      Other Objections make certain individual arguments against the relief requested in the Motion. For the convenience of this Court and the recipients of this Reply, attached hereto as Exhibit A is a detailed chart summarizing the issues raised in the Objections, including the basis of each Objection and the Debtors' response to each Objection. Although this Reply highlights only certain Objections, it incorporates the responses in the chart.

A.    The DIP Lenders Are Good Faith Purchasers Whose Interests Are Superior To Those Of Reclamation Claimants

        3.      Each of the Objections urges this Court to reject the position, as set forth in the decisions rendered in this district in the In re Dana Corp. and In re Dairy Mart Convenience Stores, Inc. cases, that reclamation claims are rendered valueless when goods subject to reclamation have been disposed of as part of a transaction to repay the prior lienholders' claims and grant first-priority liens on the estates assets to postpetition lenders. See In re Dana Corp., 367 B.R. 409, 420-21 (Bankr. S.D.N.Y. 2007); In re Dairy Mart Convenience Stores, Inc., 302 B.R. 128, 134-36 (Bankr. S.D.N.Y. 2003). Instead, the Objectors assert that these decisions were "incorrectly decided" and that the "better view"[4] is that espoused by the Sixth Circuit in Phar-Mor, which holds that reclamation claims cannot be subordinated to postpetition secured lenders' claims because postpetition lenders are not "good faith purchasers" to whom reclamation claimants' rights are subordinated under section 2-702(3) of the UCC. See

---

[4] See, e.g., Objection of Hitachi Chemical (Singapore) Pte Ltd. To Debtors' Motion To Classify Reclamation Claims As General Unsecured Claims (Docket No. 16964) (the "Hitachi Chemical Objection") at ¶ 2.

Phar-Mor, 534 F.3d at 506-07.  The Debtors submit that this position contradicts the express language of the UCC by altering the meaning of "good faith purchaser," and should therefore not be accepted by this Court.

    4. Section 2-702(3) of the UCC provides that a vendor's reclamation right is "subject to the rights of a buyer in the ordinary course or other good faith purchaser under this Article [Section 2-403.]"  UCC § 2-702(3) (emphasis added).  Courts in this jurisdiction and elsewhere have held consistently that creditors asserting a blanket lien on a debtor's assets qualify as "good faith purchasers" under section 2-702(3) of the UCC and that reclamation rights are effectively extinguished by the superior interest of a secured creditor in the goods.  See In re Arlco, Inc., 239 B.R. 261, 267-70 (Bankr. S.D. N.Y. 1999); In re Victory Markets Inc., 212 B.R. 738, 742 (Bankr. N.D.N.Y. 1997) (citing In re Samuels & Co., Inc., 526 F.2d 1238, 1242-43 (5th Cir. 1976) (en banc)); In re Child World, Inc., 145 B.R. 5, 7 (Bankr. S.D. N.Y. 1992), order aff'd, 147 B.R. 323 (S.D. N.Y.), aff'd and remanded, 992 F.2d 321 (2d Cir. 1993); In re Blinn Wholesale Drug Co., Inc., 164 B.R. 440, 443 (Bankr. E.D. N.Y. 1994); In re Sunstate Dairy & Food Products Co., 145 B.R. 341, 344 (Bankr. M.D. Fla. 1992).

    5. Because the UCC does not define a "good faith purchaser," courts look to other sections of the UCC to establish the definition of a "good faith purchaser," in particular several subsections of section 1-201 of the UCC, which provides general definitions applicable to the entire UCC.  See Arlco, 239 B.R. at 267-70.  Specifically, these subsections define the following terms:

  (a) "Good Faith" is defined as "honesty in fact in the conduct or transaction concerned."  UCC § 1-201(19).

  (b) "Purchaser" is defined as one "who takes by purchase."  UCC § 1-201(33) (emphasis added).

4

(c)  "<u>Purchase</u>" is defined as "taking by sale, discount, negotiation, <u>mortgage</u>, <u>pledge</u>, <u>lien</u>, <u>security interest</u>, issue or re-issue, gift or any other voluntary transaction creating an interest in property." UCC § 1-201(32) (emphasis added).

6.  These subsections show that the definition of "purchaser" is broad enough to include Article 9 secured parties such as the DIP Lenders. See <u>id.</u>, 239 B.R. at 268 (citing <u>Samuels</u>, 526 F.2d at 1242-43). In his ruling in <u>Arlco</u>, Judge Gonzalez explained that a party may pledge wrongfully obtained inventory as security for a loan, and that, as a good faith purchaser, the secured lender can obtain greater title to the inventory than the pledgor had. <u>Arlco</u>, 239 B.R. at 268-69. Specifically, section 2-403 of the UCC provides, in part, that "[a] person with voidable title has power to transfer a good title to a good faith purchaser for value." Under the definition of "value" in section 1-201(44) of the UCC, "value" is considered to be given for rights if they are acquired "as security for or in total or partial satisfaction of a pre-existing claim." UCC § 1-201(44). "Thus [under section 2-403 of the UCC] the party who qualifies as a 'good faith purchaser' … and gives 'value' … acquires greater <u>rights</u> than the party transferring the goods to it had. Therefore, U.C.C. § 2-403 gives a transferor, even one who has acquired goods wrongfully, the power to transfer the goods 'to a Code-defined "good faith purchaser." ' " <u>Arlco</u>, 239 B.R. at 268-69 (quoting <u>Samuels</u>, 526 F.2d at 1242) (emphasis in original).[5]

7.  The conclusion that the DIP Lenders' rights in the goods subject to the Reclamation Claims are superior to those of the Reclamation Claimants is based on a close reading of the UCC "and an understanding that the [UCC] is an integrated statute whose Articles and Sections overlap and flow into one another in an effort to encourage specific types of commercial behavior." <u>Samuels</u>, 526 F.2d at 1241-42. The position taken by courts in this

---

[5]  In <u>Samuels</u>, the Fifth Circuit held that a vendor's reclamation claims to a specific property were subordinated to a secured lender's rights in the same property. <u>Samuels</u>, 526 F.2d at 1242.

5

district in the Dana, Dairy Mart, Arlco, and Victory Markets decisions and the Fifth Circuit in the Samuels case supports the UCC's overall plan, "which typically favors good faith purchasers, and which encourages notice filing of nonpossessory security interests in personalty through the imposition of stringent penalties for nonfiling." Samuels, 526 F.2d at 1241-42.

8. That same position should be followed by this Court here, and the position espoused by the Sixth Circuit in its Phar-Mor ruling should be rejected.[6] By refusing to recognize secured lenders as good faith purchasers, the Sixth Circuit in Phar-Mor altered the meaning of "good faith purchaser" in section 2-702(3) of the UCC and "value" in section 1-201(44) of the UCC in contradiction of the plain language of the UCC. Based on this analysis of the relevant sections of the UCC, the DIP Lenders, who are creditors with a security interest in the goods subject to the Reclamation Claims and who acted in good faith and to whom title was transferred for value, which includes acquiring rights "as security for or in total or partial satisfaction of a pre-existing claim," UCC § 1-201(44) (emphasis added), are good faith purchasers to whose interests the Objectors' Reclamation Claims are subject. See Arlco, 239 B.R.

---

[6] Moreover, in holding that secured lenders are not "good faith purchasers" under section 2-702(3) of the UCC, the Sixth Circuit relied on In re American Food Purveyors, Inc., 17 U.C.C.Rep.Serv. 436 (CBC) (Bankr N.D. Ga. 1974) and Johnston & Murphy Shoes, Inc. v. Meinhard Commerical Corp. (In re Mel Golde Shoes, Inc.), 403 F.2d 658, 659-60 (6th Cir. 1968), both of which held that only Article 2 "purchasers" were meant to be protected by section 2-702(3) of the UCC and that the section was not designed to apply to Article 9 secured creditors. Phar-Mor, 534 F.3d at 506-08. As described in detail by Judge Gonzalez in his Arlco ruling, both of these rulings are based on distinguishable facts or mistaken assumptions and their reasoning is not persuasive with respect to the issue before this Court. The Mel Golde Shoes ruling is inapplicable here, as it was in the Arlco case, because the dispute in that case involved the relative priority between the claim of a reclaiming seller and that of an attachment lien creditor. Prior to the 1966 amendments to the UCC, section 2-702(3) of the UCC made the rights of a reclaiming seller subject to the rights of lien creditors as well as buyers in the ordinary course and good faith purchasers. The 1966 amendments deleted that reference to lien creditors. See Arlco, 239 B.R. at 269. The court in American Food Purveyors, which adopted the reasoning of the Mel Golde Shoes, ruled that the secured lender could not acquire rights over the reclaimed goods because, as a result of the fraud on the part of the debtor/buyer in obtaining the goods, those goods were essentially being held in trust by the debtor/buyer for the seller. This reasoning is flawed, however, because nothing in section 2-702 of the UCC references the goods subject to reclamation as being held in trust for the reclaiming seller. See Arlco, 239 B.R. at 269.

6

at 270-71. This Court should interpret the UCC as written and decline to follow the position espoused in the Phar-Mor ruling and by the Objectors.

9. Because the DIP Lenders are good faith purchasers, the satisfaction of the Prepetition Secured Lenders' prepetition secured debt out of the proceeds of the DIP Facility effectively disposed of the Prepetition Secured Lenders' collateral, which included the goods that are the subject of the Reclamation Claims, rendering all Reclamation Claims for those goods valueless. See Dana, 367 B.R. at 420-21 (satisfaction of prepetition secured debt through DIP Facility was an integrated transaction that disposed of reclaimed goods, and reduced value of reclamation claims to zero); Dairy Mart, 302 B.R. at 135-36 (same). The Objectors assert that the Reclamation Claimants retained a priority claim to any remaining goods or proceeds upon the release of the Prepetition Secured Lenders' Liens upon entry of the DIP Refinancing Order.[7] This reasoning has been rejected by courts in this district, most recently in the Dana and Dairy Mart rulings, which recognized that the refinancing of prepetition secured debt released the prepetition secured lenders' liens and disposed of the reclaimed goods, rendering the reclamation claims valueless. Outside bankruptcy, the Prepetition Secured Lenders could have foreclosed on the reclaimed goods, which were part of their collateral, to satisfy their claims. Instead, the Prepetition Secured Lenders released their liens in exchange for payment from the DIP Lenders and the granting of first-priority liens in the Debtors' property to the DIP Lenders. The Dana and Dairy Mart rulings correctly denied priority treatment of the affected reclamation claims because there, as here, the goods subject to those reclamation claims were used to satisfy the prepetition liens. See Dana, 367 B.R. at 420; Dairy Mart, 302 B.R. at 130.

---

[7] See, e.g., See Hitachi Chemical Objection at ¶ 8.

10. Courts have consistently held, and this Court recognized in its August 17, 2006 bench ruling that a reclaiming creditor has an in rem right. If the secured creditor has been satisfied from the proceeds of the claimed goods or has released its lien, the value of that in rem right is zero. See Dana, 367 B.R. at 419. As described in the Motion, the Reclamation Claims have been rendered valueless and are not entitled to administrative priority treatment because the DIP Refinancing Order authorized the Debtors' postpetition refinancing arrangement that caused the Prepetition Secured Lenders' liens to be released and satisfied the Prepetition Secured Lenders' debt in part through the proceeds of the goods underlying the Reclamation Claims.

B.  Neither The Confirmed Plan Nor Any Modifications Provide For Administrative Priority Treatment Of Reclamation Claims

11. One Objection[8] asserts that the relief sought in the Motion is barred by res judicata because the Debtors' confirmed plan of reorganization (the "Confirmed Plan") provides that reclamation claims are entitled to administrative treatment. This assertion is simply untrue. The only provision of the Confirmed Plan, or the modifications to the Confirmed Plan that the Debtors filed on June 1, 2009 (Docket No. 16646), specifically addressing reclamation claims is in the definition of "Administrative Claim" in Article 1.2, which encompasses "all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under section 546(c)(2)(A) of the Bankruptcy Code." Nowhere in the confirmation order regarding the Confirmed Plan, or in any other order in these chapter 11 cases, has this Court granted administrative-priority status under section 546(c)(2)(A) of the Bankruptcy Code to a claim against the Debtors. In fact, the Confirmed Plan explicitly provided a mechanism by which Reclamation Claimants were allowed to elect to receive plan currency as

---

[8] See Joinder of Avon Automotive and Pridgeon & Clay, Inc. in Objection of Hitachi Chemical (Singapore) PTE. Ltd. to Debtors' Motion to Classify Reclamation Claims as General Unsecured Claims (Docket No. 16991).

8

a distribution on their Reclamation Claims. Under this mechanism, if they chose instead to assert priority status, then the Debtors would move to assert the Prior Lien Defense in adjudicating the proper classification of the Reclamation Claims. As the Debtors proposed in connection with the Confirmed Plan, proper classification of the Reclamation Claims is the issue that is now before this Court. And for the reasons set forth in the Motion and as further provided herein, the Reclamation Claims should be classified as general unsecured claims.

WHEREFORE, the Debtors' respectfully request that this Court (i) overrule the Objections, (ii) grant the Motion, (iii) enter an order in substantially the same form as the proposed order attached hereto as Exhibit A, and (iv) grant the Debtors such other and further relief as is just.

Dated: New York, New York
       June 15, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                                               & FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700

                 - and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession