**Exhibit A**

*Objections To Motion To Determine Reclamation Claims Organized By Objector[1]*

| | **Docket No.** | **Objector** | **Summary of Objection** | **Resolution, Response, or Proposal** |
|---|---|---|---|---|
| 1. | 16964 | Hitachi Chemical (Singapore) Pte. Ltd. ("Hitachi Chemical") | Asserts that cases recognizing the prior-lien defense in the Southern District of New York were wrongly decided and asks the Court to adopt the reasoning of the 6th Circuit Court of Appeals in its ruling in Phar-Mor, Inc. v. McKesson Corp., 534 F.3d 502 (6th Cir. 2008) by finding the first-priority secured status of senior creditors does not eliminate reclamation claims under the UCC. Asserts that senior liens of prepetition secured lenders were discharged when the DIP facility was refinanced and are not subordinate to the postpetition priming liens under the Uniform Commercial Code (the "UCC") because the DIP lenders were not good faith purchasers under section 2-702(3) of the UCC. | The Sixth Circuit's Phar-Mor ruling is not binding on this Court and the reasoning followed by the Sixth Circuit in Phar-Mor has been considered and rejected numerous times by courts in this jurisdiction and elsewhere. This Court should grant the relief requested in the Motion because under section 546(c) of the Bankruptcy Code, section 2-702(3) of the UCC, and the UCC's overall plan, the definition of "good faith purchaser" does include Article 9 secured parties such as the DIP Lenders. |
| 2. | 16978, 16990[2] | JPMorgan Chase Bank N.A. ("JPMorgan") | Asserts that cases recognizing the prior-lien defense in the Southern District of New York were wrongly decided and asks the Court to adopt the reasoning of the 6th Circuit Court of Appeals by finding the first-priority secured status of senior creditors does not eliminate reclamation claims under the UCC. | See response to Hitachi Chemical's objection. |
| 3. | 16980 | Liquidity Solutions, Inc. | Joins objection at Docket No. 16964. | See response to Hitachi Chemical's objection. |

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Debtors' Omnibus Reply To Objections To Motion To Determine Reclamation Claims.

[2] JPMorgan's Objection at Docket No. 16990 is an amendment of its Objection at Docket No. 16978.

1

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 4. | 16991 | Avon Automotive, Pridgeon & Clay, Inc. | (a) Joins objection at Docket No. 16964.<br><br>(b) Asserts that the relief sought in the Motion is barred by res judicata because the Debtors' confirmed plan of reorganization provides that reclamation claims are entitled to administrative treatment.<br><br>(c) Asserts that reclamation claims are valid because parties holding senior liens against inventory were oversecured at the time reclamation claims were made. | (a) See response to Hitachi Chemical's objection.<br><br>(b) This assertion is simply untrue. The only instance in the Confirmed Plan, or the modifications to the Confirmed Plan that the Debtors filed on June 1, 2009 (Docket No. 16646), specifically addressing reclamation claims is in the definition of "Administrative Claim" in Article 1.2, which encompasses "all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under section 546(c)(2)(A) of the Bankruptcy Code." Nowhere in the confirmation order regarding the Confirmed Plan, or in any other order in these chapter 11 cases, has this Court granted administrative-priority status under section 546(c)(2)(A) of the Bankruptcy Code to a claim against the Debtors. Rather, proper classification of the Reclamation Claims is the issue that is now before this Court. And for the reasons set forth in the Motion and the Reply, the Reclamation Claims should be classified as general unsecured claims.<br><br>(c) Objector is seeking the equitable remedy of marshaling, which is not available to reclamation claimants because such claimants are not lienholders. Applying marshaling would give reclamation claimants priority over general unsecured creditors, creating a class of priority creditors not provided for in the Bankruptcy Code. In addition, because secured lenders are good faith purchasers, a reclamation claimant may bring only those remedies and defenses available against good faith purchasers. Marshaling is not one of those remedies/defenses. See Arlco, 239 BR 261, 274-75 (Bankr. S.D.N.Y. 1999) (Gonzalez, J.). |
| 5. | 16996 | Camoplast Incorporated | Joins all other objections to the Motion. | See response to Hitachi Chemical's objection. |

2

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 6. | 16997 | Brazeway, Inc. and JPMorgan Chase Bank N.A. | (a) Asserts that inclusion of claim in the Motion was erroneous because the claim of the objecting parties does not consist of a reclamation amount pursuant to the stipulation and agreed order (Docket No. 13732) (the "Stipulation") resolving motion to reconsider order on omnibus claims objection modifying priority portion of claim.<br><br>(b) Asserts that cases recognizing the prior-lien defense in the Southern District of New York were wrongly decided and asks the Court to adopt the reasoning of the 6th Circuit Court of Appeals by finding the first-priority secured status of senior creditors does not eliminate reclamation claims under the UCC. | (a) The Stipulation provides that the claim shall be treated in part as a cure claim and in part as a general unsecured claim "as provided in a confirmed plan of reorganization for the Debtors, or [] as otherwise provided by applicable provisions of the Bankruptcy Code or further Order of the Court." Stipulation at ¶ 2. The claim would be satisfied by cure only if the executory contracts underlying such claim were assumed by the Debtors, as is required under section 365 of the Bankrutpcy Code, pursuant to a plan of reorganization of the Debtors, or otherwise. The stipulation further provides that upon the occurrence of the effective date of the Debtors' Confirmed Plan, "as may be further amended, modified or superseded, which further amended, modified or superseded plan provides for payment of [cure] in cash, and subject to Movants' receipt of full payment of [cure] in cash, the amount of the Reclamation Claim shall be reduced to zero, and the Motion to Reconsider shall be deemed withdrawn and dismissed with prejudice." Stipulation at ¶ 3. If the executory contracts underlying the claim are not assumed and the claim is not satisfied pursuant to a cure, then the reclamation claim would remain and be subject to reconciliation and adjudication. The Motion is the Debtors' means of affecting a final adjudication of all remaining reclamation claims, including the reclamation claim asserted by Brazeway and JPMorgan. The motion to reconsider filed by Brazeway and JPMorgan, by which those parties contested the Debtors' attempts to adjudicate the priority amount of such claim, subject to the Prior Lien Defense, is irrelevant to the relief requested in the Motion. Whether the amount of the reclamation claim is $100,000 or $500,000 does not matter if this Court grants the relief sought in this Motion. The reclamation claim would be reclassified as a general unsecured claim whatever its amount. The final adjudication of the amount of the general unsecured claim would then be determined pursuant to the Debtors' claims reconciliation process.<br><br>(b) See response to Hitachi Chemical's objection. |
| 7. | 17000 (untimely filed) | Goldman Sachs Credit Partners L.P. | Joins objection at Docket No. 16964, 166990, and all other objections to the Motion. | See response to Hitachi Chemical's objection. |

3

|    | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|----|------------|----------|----------------------|-----------------------------------|
| 8. | 17016 (untimely filed) | Omron Dualtec Automotive Electronics, Inc. | (a) Asserts that cases recognizing the prior-lien defense in the Southern District of New York were wrongly decided and asks the Court to adopt the reasoning of the 6th Circuit Court of Appeals by finding the first-priority secured status of senior creditors does not eliminate reclamation claims under the UCC.<br><br>(b) Joins objection at Docket No. 16964 and all other objections to the Motion. | See response to Hitachi Chemical's objection. |