UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
    In re                             :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                      Debtors.        :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER
MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION
AND (B) SETTING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND
ALTERNATIVE TRANSACTION HEARING DATE

("MODIFICATION PROCEDURES ORDER")

Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (Docket No. 16646) (the "Motion Supplement")

of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i)

approving (a) certain modifications to the confirmed First Amended Joint Plan of Reorganization

of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on

January 25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended

Disclosure Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is attached
hereto as Exhibit A without exhibits.

Disclosure Statement"), and (c) related modifications to those voting procedures set forth in the

December 10 Solicitation Procedures Order, (ii) setting a final hearing date for approval of the

Debtors' proposed plan modifications, (iii) setting of a bar date for filing proofs claim for

administrative expenses for postpetition claims arising before June 1, 2009, and (iv) setting an

alternative sale hearing (the "Alternative Sale Hearing") date of July 23, 2009, to be used, only if

necessary, to consider the sale of substantially all the Debtors' assets if the Court does not

approve the Debtors' proposed plan modifications on that date; and upon the objections of Robert

Ward (Docket No. 14338), Sheryl Carter (Docket No. 14339), Liquidity Solutions, Inc. (Docket

No. 14340), Pension Benefit Guaranty Corporation (Docket No. 16893), Kensington

International Limited, Manchester Securities Corp, and Springfield Associates LLC (Docket No.

16895), Autocam Corporation (Docket No. 16896), JP Morgan Chase Bank, NA (Docket No.

16897), Appaloosa Management LP, A-D Acquisition Holdings, LLC, Harbinger Del-Auto

Investment Company Ltd., Harbinger Capital Partners Master Fund I, Ltd., Merrill, Lynch,

Pierce, Fenner & Smith, Incorporated, Pardus Special Opportunities Master Fund L.P., and

Pardus DPH Holdings (Docket No. 16898), Official Committee of Unsecured Creditors (Docket

No. 16900), Collective of DIP Lenders (Docket No. 16903), UBS Securities LLC (Docket No.

16904), Wilmington Trust Company (Docket No. 16907), and various individual letter

objections; and the Court having reviewed the Motion and the supplements to the December 10

Disclosure Statement (as modified, the "Supplement"); and a hearing having been held on June

10, 2009 (the "Preliminary Modification Hearing"); and upon the representations of the Debtors,

GM and Parnassus/Platinum on the record of the Preliminary Modification Hearing regarding

section 9.40 of the MDA, and the subsequent modification of that provision; and the Court

having reviewed and considered (i) the Supplement, (ii) the Motion, (iii) the Motion Supplement,

(iv) the adequacy of notice, and (v) the record established at the Preliminary Modification

Hearing, including the evidence proffered or adduced at the Preliminary Modification Hearing;

and the Debtors having submitted proposed modifications of the Supplement in light of the

Court's comments at the hearing, and the Court having found and concluded that, as modified,

the Supplement contains "adequate information" for purposes of sections 1125 and 1127(c) and

(f) of the Bankruptcy Code; and for the reasons stated on the record at the Preliminary

Modification Hearing, and after due deliberation thereon, and good cause appearing therefor, the

Court hereby finds as follows:

A.      The Supplement complies with the requirements of 11 U.S.C. §§ 101-

1330 (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and satisfies the requirements of section 1127(c) of the Bankruptcy Code because the

Debtors' Supplement and proposed procedures comply with the requirements of section 1125 of

the Bankruptcy Code, including without limitation, disclosing adequate information as that term

is defined in section 1125 of the Bankruptcy Code and complying with the requirements of

Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language

the provisions of the Confirmed Plan, as modified (the "Modified Plan") that provide for releases

and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and

sufficiently identifying the persons and entities that are subject to the releases and injunctions.

B.      Good cause exists for shortened notice of the hearing on the adequacy of

the Supplement under Bankruptcy Rule 9006(c)(1).  The Debtors' notice of the hearing on the

Motion, the Motion Supplement, the Supplement, the Preliminary Modification Hearing, and the

time fixed for filing objections to the Motion Supplement was good and sufficient under the

particular circumstances, and no other or further notice need be given.

3

C.       The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

D.       Resolicitation of votes for holders of claims and/or interests in Classes C-1 (General Unsecured Claims) and D (GM Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

E.       Solicitation of votes for holders of claims in Class C-2 (PBGC Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

F.       Solicitation of votes for holders of claims and/or interests in Class A (Secured Claims) is appropriate because of the nature of the modifications included in the Modified Plan.

G.       Not soliciting votes from holders of claims and/or interests in Classes E, G, and H [2] is appropriate because of the nature of the modifications included in the Modified Plan.

H.       The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

I.       The Debtors' proposed procedures for transmitting the Supplement, the Modified Plan, the Ballots (as defined below), and the voting instructions are adequate, in good faith, and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

J.       Because of the lapse of time and amount of claims trading between the November 26, 2007 record date approved in the December 10 Solicitation Procedures Order and

---

[2]       Class E consists of all Section 510(b) Note Claims against Delphi Corporation, Class G consists of all interests in existing common stock of Delphi Corporation and all Section 510(b) Equity Claims against Delphi Corporation, and Class H consists of all Section 510(b) ERISA Claims against the applicable Debtor.

the date of the filing of the Motion Supplement, it is equitable to read section 1127(d) of the

Bankruptcy Code to apply to current holders of claims or interests as of June 8, 2009.

Accordingly, June 8, 2009 shall be the Record Date (as defined below) to determine the holder of

a claim or interest for all purposes relating to the Modified Plan.

K.    The form of the Final Modification Hearing Notice (as defined below) and

the Debtors' proposed procedures for distributing and publishing the Final Modification Hearing

Notice, as described more fully in the Motion Supplement, are fair and reasonable.

L.    The forms of the Amended Cure Amount Notice (as defined below) and

the Notice of Non-Assumption of Executory Contracts (as defined below) and the Debtors'

proposed modified cure claim procedures, as described more fully in the Motion Supplement, are

fair and reasonable.

M.    The form of the GM Components Assumption and Assignment Notice (as

defined below) and the procedures for the Debtors to assume and assign to GM Components

Holdings, LLC ("GM Component"), an affiliate of General Motors Corporation ("GM") the GM

Components Assumed Contracts (as defined below) are fair and reasonable.

N.    The form of the Parnassus Assumption and Assignment Notice (as defined

below) and the procedures for the Debtors to assume and assign to Parnassus Holdings II, LLC

("Parnassus") the Parnassus Assumed Contracts (as defined below) are fair and reasonable.

O.    The form of the Administrative Expense Claim Form (as defined below)

and the Notice of Administrative Claim Bar Date (as defined below) and the procedures for the

parties to file Administrative Expense Claims (as defined below) are fair and reasonable.

P.    The Debtors have shown that cause exists for establishing July 15, 2009 as

the Administrative Expense Bar Date, in accordance with General Order M-279.

Q.    Upon the record of the Preliminary Modification Hearing and these cases, the relief requested in the Motion as supplemented by the Motion Supplement is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties-in-interest.

R.    The Debtors have demonstrated that sound business judgment exists to schedule the Alternative Sale Hearing on July 23, 2009.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion as supplemented by the Motion Supplement is GRANTED except to the extent provided herein.

2.    To the extent not already withdrawn or reflected in changes to the Supplement that have been made as required by the Court, all objections filed or otherwise asserted against the Motion, the Motion Supplement, or the Supplement are hereby overruled.

3.    The Debtors are hereby authorized and directed to solicit votes to accept or reject the Modified Plan in accordance with the procedures set forth in the December 10 Solicitation Procedures Order, as modified herein.

4.    <u>Key Dates And Deadlines</u>.  When applying the procedures set forth in the December 10 Solicitation Procedures Order with respect to the Modified Plan, the following dates shall replace the dates included in the December 10 Solicitation Procedures Order:

| Event And Paragraph From December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Deadline For Trustees And Transfer Agents Must Provide Record Holder Information (as of June 8, 2009 voting record date) To Securities Voting Agent (¶14) | no later than two business days after the later of (a) the Record Date (defined below) and (b) the date this order is entered |
| Solicitation Mailing Deadline (¶10) | June 20 2009 |
| Deadline For Filing Of Plan Exhibits And | July 2, 2009 |

| Event And Paragraph From December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Disclosure Statement Appendices (the "Exhibit Filing Date") (¶40) | |
| Rule 3018(a) Motion Deadline (¶24-26) | Received no later than 4:00 p.m. (prevailing Eastern time) on July 2, 2009

If the Debtors objected to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection |
| Plan Objection Deadline (¶8) | July 15, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Voting Deadline (¶29) | Received by the Voting Agents by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 |
| Voting Agent Certification Deadline (¶37) | July 20, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Final Modification Hearing Date (¶7) | To commence on July 23, 2009 |

The Debtors shall file their reply in support of the Modified Plan and the Master Disposition Agreement and in support of the transactions set forth in the Master Disposition Agreement, as modified by the 363 Implementation Agreement (as defined below) and file any proposed revisions to the final order approving the Modified Plan and submit a proposed form of section 363 sale order no later than July 21, 2009.

5.    Ballots.  The Debtors' proposed forms of ballots, in substantially the forms annexed to this order as Exhibit B (as may be specifically modified for particular classes of claims or interests), are hereby approved for use in connection with the Debtors' solicitation of votes to accept or reject the Modified Plan.

6.    Notices.  Except as set forth below, the Notices listed in the chart below and attached hereto substantially in the forms of Exhibits C, D, E, F, and G attached hereto, are substantially similar to those approved by the December 10 Solicitation Procedures Order and

the Debtors are authorized to use such notices in same manner that each corresponding notice

was used under the December 10 Solicitation Procedures Order, except as otherwise set forth

herein:

| Exhibit to this Order | Title of Notice | Exhibit to December 10 Solicitation Procedures Order |
|---|---|---|
| C | Unimpaired Notice | D |
| D | Non-Voting Status Notice | E |
| E | Notice To Parties Subject To A Post-Solicitation Date Objection | F |
| F | Notice to Employees Regarding Multiple Solicitation Documents | N |
| G | Final Plan Modification Approval Hearing Notice | C |
| H | Amended Cure Amount Notice | O |
| I | Notice of Non-Assumption of Executory Contracts | N/A |
| J | GM Components Assumption and Assignment Notice | N/A |
| K | Parnassus Assumption and Assignment Notice | N/A |
| L | Administrative Expense Claim Request | N/A |
| M | Notice of Administrative Claim Bar Date | N/A |
| N | Supplemental Procedures for Evaluating Non-Solicited Alternative Transactions | N/A |

7.      Approval Of Supplement. Pursuant to Bankruptcy Rule 3017(b), the

Supplement (filed June 16, 2009) is approved as containing adequate information within the

meaning of section 1125(a) of the Bankruptcy Code.

8.      The Debtors are authorized to (i) make non-material changes to the

Supplement and related documents (including the exhibits thereto and to the Supplement) and (ii)

revise the Supplement and related documents (including the exhibits thereto) to add further

disclosure concerning events occurring at or after the Preliminary Modification Hearing, before

distributing it to each person and entity in accordance with the terms of this order; provided,

however, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

9.       Final Modification Hearing Date.  The hearing (the "Final Modification Hearing") to consider approval of the Modified Plan, as the same may be further modified or amended, shall commence on July 23, 2009 (the "Final Modification Hearing Date"), at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. Subject to the Alternative Sale Hearing, the Final Modification Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties-in-interest.

10.       Objections To Proposed Modifications To Confirmed Plan.  July 15, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Modified Plan Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed with the Court together with proof of service, and served by personal service, overnight delivery, or first-class mail, with a hard copy delivered to the chambers of the Honorable Robert D. Drain, and served so that they are RECEIVED no later than the Modified Plan Objection Deadline by the following (collectively, the "Notice Parties"):

The Debtors

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Att'n: General Counsel

Counsel For The Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(800) 718-5305
Att'n: John Wm. Butler, Jr.
Att'n: Ron E. Meisler

   and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n: Kayalyn A. Marafioti
Att'n: Gregory W. Fox

United States Trustee
The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Brian Masumoto

Counsel For The Creditors' Committee
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n: Robert J. Rosenberg
Att'n: Mitchell A. Seider
Att'n: Mark A. Broude

Counsel For The Postpetition Lenders
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10022
Att'n: Donald S. Bernstein
Att'n: Brian M. Resnick

Counsel For The Tranche C Collective
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

Att'n: Richard Mancino
Att'n: Marc Abrams


Counsel For The United States Department of the Treasury
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Att'n:  John J. Rapisardi
Att'n:  Oren B. Haker

Counsel For The United States Department of Justice
United States Department of Justice
86 Chambers Street, 3rd Floor
New York, New York 10007
Att'n: Matthew L. Schwartz
Att'n: Joseph N. Cordaro

Counsel For General Motors Corporation
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Att'n:  Jeffrey L. Tanenbaum
Att'n:  Robert J. Lemons

Counsel For Parnassus Holdings II, LLC
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Att'n:   Adam C. Harris
Att'n:   David J. Karp

**Objections not timely-filed and served in the manner set forth above may not be considered**

**by the Court and may be deemed overruled.**

11.    Record Date.  Notwithstanding anything to the contrary in Bankruptcy

Rule 3017(d), June 8, 2009 shall be fixed as the record date (the "Record Date") for determining

the members of Class A, Class C-1 (General Unsecured Claims), Class C-2 (PBGC Claim), and

Class D[3] (together, the "Voting Classes") entitled to receive Solicitation Packages and entitled to vote to accept or reject the Modified Plan.

12.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before June 20, 2009 (the "Solicitation Date"), the Debtors shall cause Kurtzman Carson Consultants LLC (the "Creditor Voting Agent" or "KCC") and Financial Balloting Group, LLC (the "Securities Voting Agent," and together with the Creditor Voting Agent, the "Voting Agents") or their agents to transmit by first class mail to the holders of claims against and interests in the Debtors as of the Record Date, with respect to Classes A, C-1, C-2, and D, respectively, a solicitation package (the "Solicitation Package") containing a copy or conformed version of:

A.    the Final Modification Hearing Notice;

B.    to the extent applicable, the appropriate ballot and notice as set forth above for the specific creditor or interest holder, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

C.    a CD-ROM containing this order (without exhibits attached), a copy of the December 10 Solicitation Procedures Order (without exhibits), the Supplement, the Modified Plan, and the publicly-filed materials appended thereto; and

D.    a solicitation letter from the official committee of unsecured creditors, if any.

13.    <u>No Notice Or Transmittal For Classes F and I</u>.  With respect to holders of claims or interests in Class F (Intercompany Claims), the Debtors shall not be required to send to holders of Class F Intercompany Claims ballots, the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

---

[3]    Class A consists of all Secured Claims against the applicable Debtor or consolidated group of Debtors.  Class C-1 consists of all General Unsecured Claims against the applicable Debtor or consolidated group of Debtors, Class C-2 consists of PBGC Claims against the applicable Debtor or consolidated group of Debtors, and Class D consists of the GM Claim against the applicable Debtor or consolidated group of Debtors.

14.     With respect to holders of claims or interests in non-voting Class I (Other Interests), the Debtors shall not be required to send to the members of Class I ballots, the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

15.     <u>Unimpaired Notice To Be Provided To Holders Of Claims In Class K.</u> The Unimpaired Creditors (as defined in the Modified Plan) in Class K (Other Priority Claims) are conclusively presumed to have accepted the Modified Plan and solicitation of votes from holders of claims in Class K is not required.  In lieu of a ballot and in accordance with Bankruptcy Rule 3017(d), the Solicitation Packages mailed to the Unimpaired Creditors in Class K shall contain a notice of non-voting status substantially in the form of <u>Exhibit C</u> to this order.

16.     <u>Non-Voting Status Notice To Be Provided To Holders Of Claims And Interests In Classes E, G, and H.</u>  With respect to holders of claims or interests in non-voting Classes E, G, and H, the Debtors shall send to such holders a (i) Non-Voting Status Notice substantially in the form of <u>Exhibit D</u> annexed hereto and (ii) a Final Plan Modification Approval Hearing Notice (as defined below) substantially in the form of <u>Exhibit G</u> annexed hereto.  The Debtors shall also send holders of claims and interests in Classes E, G-2, and H (i) an Administrative Expense Claim Form (as defined below), substantially in the form of <u>Exhibit L</u> annexed hereto, and (ii) a Notice of Administrative Claim Bar Date (as defined below), substantially in the form of <u>Exhibit M</u> annexed hereto.  The Debtors shall not be required to send to holders of claims or interests in non-voting Classes E, G, and H the Solicitation Package, or any other notice in connection with the Motion or the Motion Supplement.

17.     <u>Final Modification Hearing Notice</u>.  The notice of the Final Modification Hearing and the Modified Plan Objection Deadline (the "Final Modification Hearing Notice")

substantially in the form of <u>Exhibit G</u> annexed hereto is approved and shall be included in the

Solicitation Packages distributed to all creditors and interest holders and all persons or entities on

the Debtors' master service list.

        18.     Subject to the exceptions detailed in this order with regard to members of

Classes F and I, notice of the Final Modification Hearing shall be effected in the same manner,

and served on the same categories of parties, as that of the Confirmation Hearing Notice in the

December 10 Solicitation Procedures Order; provided that the Debtors shall only be required to

provide supplemental publication notice of the Final Modification Hearing by causing the Final

Modification Hearing Notice to be published not fewer than 25 days before the Final

Modification Hearing in the <u>Detroit Free Press</u>, the <u>New York Times</u> (national edition), the <u>Wall

Street Journal</u> (national, European, and Asian editions), and <u>USA Today</u> (worldwide).  The Final

Modification Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Modified Plan

proposes releases and injunctions against conduct not otherwise enjoined under the Bankruptcy

Code, describing briefly the nature of the releases and injunctions, identifying the persons and

entities that are subject to the releases and injunctions, and providing those persons and entities

that are not creditors or equity security holders with contact information to obtain a copy of the

Modified Plan and Supplement.

        19.     <u>Additional Procedures For Vote Tabulation</u>.  Holders of claims in Classes

1D through 12D shall receive a single ballot (the "GM Ballot"), which ballot shall apply to all

claims asserted by General Motors Corporation against all Debtors.  The vote with respect to the

GM Ballot shall be applied to each Debtor entity and/or each consolidated group of Debtors.

Holders of claims in Classes 1C-2 through 12C-2 shall receive a single ballot (the "PBGC

Ballot"), which ballot shall apply to all claims asserted by the Pension Benefit Guaranty

Corporation against all Debtors. The vote with respect to the PBGC Ballot shall be applied to

each Debtor entity and/or each consolidated group of Debtors.

20. <u>Vote Certification</u>. The requirement under Rule 3018-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

for the certification of acceptance and rejections of the plan is modified to require the Voting

Agents to file their certifications no later than 4:00 p.m. (prevailing Eastern time) on July 20,

2009.

21. Service of all notices and documents described herein in the time and

manner as set forth herein, including the service and publication of the Final Modification

Hearing Notice, as described in the Motion Supplement, shall be adequate and sufficient and no

other or further notice shall be necessary.

22. <u>Effect Of Failure Of Class To Vote</u>. On the record at the June 10, 2009

hearing, the Debtors reserved their right to assert at the Final Modification Hearing that if no

claim holder of a particular class submits a vote to accept or reject the Modified Plan, such class

shall be deemed to have accepted the Modified Plan. The Debtors' ballots shall inform creditors

that the Debtors have requested the Bankruptcy Court to make such a finding and that creditors

are therefore encouraged to timely complete and return their ballots.

23. <u>Maintenance Of Records By Intermediary Record Holders</u>. Pursuant to

the procedures approved in the December 10 Solicitation Procedures Order, Intermediary Record

Owners who were required to use the Master Ballot voting process were required to retain for

inspection by the Court the Beneficial Owner Ballots cast by Beneficial Owners for one year

following the January 11, 2008 Voting Deadline set by that order, and Intermediary Record

Owners who were required to send Prevalidated Ballots to Beneficial Owners for direct return to

the respective Voting Agent were also required to retain for inspection by the Court a list of

those Beneficial Owners to whom the Prevalidated Ballots were sent for one year following the

January 11, 2008 Voting Deadline.  To facilitate the Debtors' resolicitation of votes on the

Modified Plan, the Intermediary Record Owners shall maintain these records and any other data

relating to Beneficial Holders for additional time, until at least July 15, 2010.

24.    <u>Distribution Of Solicitation Packages By Intermediary Record Owners.</u>

Within five business days after an Intermediary Record Owner's receipt of the Solicitation

Packages, the Intermediary Record Owner shall distribute the Solicitation Packages to the

respective Beneficial Owners for which they hold Securities and who are entitled to vote on the

Modified Plan.  For the avoidance of doubt, holders of interests in Class G (Common Stock)

shall only receive a (i) Non-Voting Status Notice and (ii) Final Plan Modification Approval

Hearing Notice.

25.    <u>Voting By Beneficial Owners</u>.  Intermediary Record Owners are hereby

authorized and directed to use the appropriate procedure set forth below for obtaining the votes

of Beneficial Owners.  First, the Intermediary Record Owners may forward the Solicitation

Package to the Beneficial Owners of the Securities who are entitled to vote on the Modified Plan

for voting, which package shall include a beneficial owner ballot substantially in the form of the

beneficial owner ballots attached as part of <u>Exhibit B</u> to this order (the "Beneficial Owner Ballot")

and a return envelope provided by, and addressed to, the Intermediary Record Owner.  Upon

receipt of the Beneficial Owner Ballots, the Intermediary Record Owner shall summarize the

individual votes of its Beneficial Owners, as reflected on the Beneficial Owner Ballots, on a

master ballot in substantially the form of the master ballots attached as part of <u>Exhibit B</u> to this

order (each a "Master Ballot").  The Intermediary Record Owners shall then return the Master

Ballot to the Securities Voting Agent prior to the Voting Deadline.

26.    Alternatively, if an Intermediary Record Owner is unable to use the option

above, it may prevalidate a Beneficial Owner Ballot (a "Prevalidated Ballot") by signing that

ballot and by indicating on that ballot the identity of the Intermediary Record Owner, the amount

of Securities owned by the Beneficial Owner, and the appropriate account numbers through

which the Beneficial Owner's holdings are derived.  The Intermediary Record Owner shall then

forward a Solicitation Package, including the Prevalidated Ballot and a return envelope

addressed to the appropriate Securities Voting Agent, for voting by the Beneficial Owner.

27.    The Debtors are hereby authorized to reimburse Intermediary Record

Owners for their reasonable and customary out-of-pocket expenses incurred in performing the

tasks described above upon written request of the Intermediary Record Owner, subject to the

Court's jurisdiction to resolve any disputes over any such request for reimbursement.

28.    <u>Notices To Union-Represented Employees And Former Employees</u>.  The

Debtors shall not be required to provide the current and former employees represented by Unions

(as defined in the Modified Plan) or non-represented hourly active employees and retirees with

any specialized notices.

29.    <u>Notice To Employees Receiving Multiple Solicitation Documents</u>.  For

those current and former employees who may receive multiple documents as part of the

solicitation process, the Debtors shall be authorized, in their sole discretion, to make available by

either normal internal communications channels or posting on the Delphi intranet and at

<u>www.delphidocket.com</u> a notice substantially in the form attached hereto as hereto as <u>Exhibit F</u>

which form is hereby approved.

17

30.    <u>Modified Cure Claim Procedures</u>.  The procedures established in the
December 10 Solicitation Procedures Order with respect to the assumption of executory
contracts shall continue in full force and effect, except as expressly modified herein.  The
Debtors shall continue to apply the previously established procedures to resolve the remaining
disputed cure amounts, except as provided herein.  Notwithstanding anything to the contrary in
the December 10 Solicitation Procedures Order, the Confirmed Plan, or the Confirmation Order,
each counterparty to a Material Supply Agreement (as defined in the Modified Plan) to the extent
owed a Cure Amount pursuant to the procedures established by the December 10 Solicitation
Procedures Order, the Confirmation Order, or as modified by this order, shall be paid in cash for
the cure of monetary defaults under a Material Supply Agreement assumed pursuant to the
Modified Plan.  Except as provided below, the Debtors shall not be required to send out new or
additional Cure Amount Notices (as defined in the Modified Plan) under the Modified Plan.  The
Debtors shall work to resolve objections that were timely submitted pursuant to the procedures
set forth in the December 10 Solicitation Procedures Order, the Confirmed Plan, and
Confirmation Order with respect to the Cure Amount Notices.

31.    For any executory contracts or unexpired leases for which the Debtors sent
Cure Amount Notices containing amounts which were overstated, at least 20 days prior to the
Effective Date (as defined in the Modified Plan) of the Modified Plan, the Debtors are authorized
but not directed to file with the Court and to serve a separate notice substantially in the form of
<u>Exhibit H</u> attached hereto which shall state the amount the Debtors believe necessary to cure
such contract (the "Amended Cure Amount Notice").  If a contract counterparty does not object
to the Amended Cure Amount Notice by the deadline set forth below, the cure as set forth in the

18

Amended Cure Amount Notice shall be paid pursuant to the procedures set forth in the Modified

Plan.

32.     If an affected contract counterparty disagrees with the cure amount listed

on the Amended Cure Amount Notice, the contract counterparty shall then have ten days from

the service of the Amended Cure Amount Notice to object to the revised cure amount, and shall

be required to state in its objection, with specificity, the legal and factual basis of its objection.

Any objection to an Amended Cure Amount Notice must be filed with the Court and be served

on the Notice Parties.  If no objection is timely received, each counterparty shall be deemed to

have consented to the cure amount set forth on the Amended Cure Amount Notice.

33.     Any unresolved objection to an Amended Cure Amount Notice shall be

scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the

Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other

date as may be agreed upon by the parties.  If an objection to an Amended Cure Amount Notice

cannot be resolved consensually among the parties, notwithstanding anything to the contrary

herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be,

would have the right to reject the contract or lease for a period of five days after entry of a final

order establishing cure in an amount not acceptable to the Debtors or the Reorganized Debtors,

as the case may be, or the assignee.

34.     For counterparties to Material Supply Agreements (as defined in the

Confirmed Plan) or such Other Executory Contracts or Unexpired Leases (as defined in the

Confirmed Plan) who submitted Cure Proposals by the March 10, 2008 deadline, whether or not

such Cure Proposal was subject to a cure proposal objection, whose contracts have expired or

have been terminated since the Cure Amount Notices were sent out, the Debtors shall send a

Notice of Non-Assumption of Executory Contracts substantially in the form attached hereto as

Exhibit I, which form is hereby approved, by mailing such notice to the counterparty to an

expired or terminated Material Supply Agreement or Other Executory Contracts or Unexpired

Leases by July 2, 2009, notifying the counterparty that such contracts are no longer being

assumed or cured.

    35.  At least 20 days prior to the Effective Date of the Modified Plan, the

Debtors shall file with the Court and serve (a) a notice (the "GM Components Assumption and

Assignment Notice"), substantially in the form attached hereto as Exhibit J, identifying GM

Components as the party to which the Debtors' would assign all of their rights, title, and interests

in certain executory contacts and unexpired leases (the "GM Components Assumed Contracts")

as provided in the master disposition agreement attached as an exhibit to the Modified Plan (the

"Master Disposition Agreement") and (b) a notice (the "Parnassus Assumption and Assignment

Notice," and together with the GM Components Assumption and Assignment Notice the "MDA

Assumption and Assignment Notices"), substantially in the form attached hereto as Exhibit K,

identifying Parnassus as the party to which the Debtors would assign all of their rights, title, and

interests in certain executory contacts and unexpired leases (the "Parnassus Assumed Contracts,"

and together with the GM Components Assumed Contracts, the "Assigned Contracts") as

provided in the Master Disposition Agreement.  The cure amounts established pursuant to the

procedures in the Confirmed Plan and the December 10 Solicitation Procedures Order shall

remain in effect for the Assigned Contracts, except as may be modified by the Amended Cure

Amount Notice.  Each contract counterparty to an Assigned Contract shall have ten days from

the service of the applicable MDA Assumption and Assignment Notice to object to the proposed

assumption, including an objection on account of a postpetition default, and would be required to

state in its objection, with specificity, the legal and factual basis of its objection.  Contract

counterparties shall not be entitled to dispute previously established cure amounts.  Any

objection to an MDA Assumption and Assignment Notice must be filed with the Court and

served on the Notice Parties.  If no objection is timely received, each counterparty to the

Assigned Contracts shall be deemed to have consented to the assumption and shall be deemed to

have waived its right to challenge the Debtors' or Reorganized Debtors' assumption of such

contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized

Debtor, as the case may be, or its assignee to provide "adequate assurance of future performance"

(within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be

assumed, or any other matter pertaining to assumption.  If no objection is timely received, each

counterparty to the Assigned Contracts would be deemed to have consented to the assignment to

GM Components or Parnassus, as applicable, of the Assigned Contracts and would be deemed to

have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be,

assignment of such contract or lease and would be barred from challenging the ability of any

Debtor or Reorganized Debtor, as the case may be, or GM Components or Parnassus or their

assignees to provide "adequate assurance of future performance" (within the meaning of section

365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter

pertaining to assumption.  If an alternative transaction described on Exhibit N hereto is selected

by the Debtors, the contract counterparties shall be provided notice (the "Successful Bidder

Notice") of such transaction and the opportunity to challenge the "adequate assurance of future

performance" of the Successful Bidder at or prior to the Final Modification Hearing or the

Alternative Sale Hearing, as applicable.

36.    Any unresolved objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice would be scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties.  If an objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice cannot be resolved consensually among the parties, the Debtors propose that notwithstanding anything to the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be, would have the right to reject (and shall if directed by a Buyer pursuant to the terms of the Master Disposition Agreement or the agreement with the Successful Bidder, as applicable) the contract or lease for a period of five days after entry of a final order establishing adequate assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the case may be, and the assignee.

37.    <u>Elimination Of Notice For Reclamation Claims</u>.  The Debtors shall not be required to send out any additional notices to holders of reclamation claims asserted by sellers of goods with a statutory or common law right to reclamation or holders of such claims (the "Reclamation Claims") in connection with the solicitation of votes on the Modified Plan.  The Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured Claims) ballot including the amount of the Reclamation Claim as a general unsecured nonpriority claim.

38.    <u>Establishment Of Bar Date For Administrative Expense Claims</u>.  Any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

22

administrative expense request, including any substantial contribution claims (each, an

"Administrative Expense Claim" or "Claim") against any of the Debtors.  July 15, 2009 at 5:00

p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense

Claims (the "Administrative Expense Bar Date") for the period from the commencement of these

cases through June 1, 2009.

          39.    Notwithstanding anything in the preceding paragraph, creditors holding or

wishing to assert the following types of claims against the Debtors need not file an

Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable;

- Any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders (defined below);[4] or

---

[4]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth

*(cont'd)*

- Any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control, or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary.

40.    To submit a valid Administrative Expense Claim, parties-in-interest must submit a Claim on an Administrative Expense Claim Form substantially in the form attached hereto as Exhibit L and deliver such Claim to its claims agent:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245
> Att'n: Delphi Corporation, et al.
> Case No. 05-44481 (RDD)

so as to be received no later than the Administrative Expense Bar Date.  Claims may be submitted in person or by courier service, hand delivery or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address.  Any Administrative Expense Claim Form submitted by facsimile, e-mail, or by other electronic means shall not be accepted and shall not be deemed filed until such Administrative Expense Claim Form is submitted by one of the methods described in the foregoing sentence.  Administrative Expense Claim Forms shall be deemed filed only when actually received by KCC.

41.    Any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the

---

*(cont'd from previous page)*

Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, and the Fifth Supplemental Interim Compensation Order, the "Interim Compensation Orders").

Debtors, and the Debtors and their property shall be forever discharged from any and all

indebtedness, liability, or obligation with respect to such claim.

42.    To provide further notice of the Administrative Expense Bar Date, the

Debtors are authorized, but not directed, to mail a notice ("Notice of Administrative Claim Bar

Date") substantially in form attached hereto as Exhibit M along with a form of Administrative

Expense Claim Form to all parties that will receive the Final Modification Hearing Notice and

any other party in the Debtors' discretion that they deem appropriate by the June 20, 2009

Solicitation Mailing Deadline.  Notwithstanding the foregoing, the Debtors shall not be required

to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form

with the Solicitation Packages to be received by (a) holders of Senior Note Claims (as defined in

the Modified Plan), (b) holders of TOPrS Claims (as defined in the Modified Plan), or (c) holders

of interests in Class G-1.  For the avoidance of doubt, the Debtors shall not be required to send a

Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form to any other

holder or owner of any of the Debtors' Senior Notes (as defined in the Modified Plan), TOPrS (as

defined in the Modified Plan), or Existing Common Stock (as defined in the Modified Plan) on

account of their holding of such securities.

43.    Within five days of the date of entry of this order, or as soon thereafter as

practicable, the Debtors shall publish the Notice of Administrative Claim Bar Date in the Detroit

Free Press, the New York Times (national edition), the Wall Street Journal (national, European,

and Asian editions), and USA Today (worldwide) and (b) electronically through posting on the

Delphi legal information website, www.delphidocket.com.

44.    Provision of notice of the Administrative Expense Bar Date to the persons

and entities set forth in the Supplement and this order, in the manner set forth above and as

described more particularly in the Motion Supplement, shall constitute adequate and sufficient

notice the Administrative Expense Bar Date and shall be deemed to satisfy the requirements of

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

45.    <u>Scheduling A Sale Hearing Date In The Alternative</u>.  If the Debtors are not

able to implement the transactions contemplated in the Master Disposition Agreement through

the Modified Plan and obtain approval of such modifications under section 1127 of the

Bankruptcy Code on July 23, 2009, the Court shall conduct on July 23, 2009 an asset sale

hearing under section 363 of the Bankruptcy Code to complete the transactions set forth in the

Master Disposition Agreement, as may be modified by the "363 Implementation Agreement" (as

defined in the Master Disposition Agreement).  The Debtors shall file the 363 Implementation

Agreement by July 2, 2009.  Any objections to the Master Disposition Agreement being

consummated pursuant to 11 U.S.C. §§ 363 and 365 and as modified by the 363 Implementation

Agreement must be filed by July 15, 2009 at 4:00 p.m. (prevailing Eastern time) and shall be

served in the same manner and on the same parties as objections to the Modified Plan as

provided in this order.  The failure of any objecting person or entity to timely file and serve its

objection by July 15, 2009 may be a bar to the assertion, at the July 23, 2009 hearing or

thereafter, of any objection to (a) the consummation of the Master Disposition Agreement, as

modified by the 363 Implementation Agreement, pursuant to 11 U.S.C. §§ 363 and 365, (b) the

sale, or (c) the Debtors' consummation and performance of the Master Disposition Agreement.

The Debtors shall file a proposed form of sale order to implement the transactions contemplated

in the Master Disposition Agreement, as modified by the 363 Implementation Agreement, by

July 21, 2009.

46.    Supplemental Procedures for Evaluating Non-Solicited Alternative

Transactions.  To the extent that a "Potential Bidder" desires to submit to the Debtors a proposed

alternative transaction to be considered by the Debtors in lieu of the Master Disposition

Agreement, the procedures attached hereto as Exhibit N and incorporated herein by reference

shall govern in all respects (the "Supplemental Procedures").  The Debtors may seek Court

approval, in recognition of the Company Buyer's expenditure of time, energy, and resources, of

an expense reimbursement or other form of buyer protection to be paid from the proceeds of a

successful alternative transaction if the Company Buyer is not the Successful Bidder (as such

term is defined in the Supplemental Procedures).  If the Court approves such reimbursement or

other protection, such order shall become part of the Supplemental Procedures.  To the extent

that any DIP Lender participates directly or indirectly as a Potential Bidder, other than solely in

respect of the exercise of remedies under section 363(k) of the Bankruptcy Code, such DIP

Lender shall be deemed to have irrevocably consented to the transactions contemplated by the

Supplemental Procedures and ultimately approved by this Court for all purposes under the DIP

Credit Agreement and applicable law (with the exception of disputing whether the Supplemental

Procedures were, in fact, followed).  The retained professionals to the Creditors' Committee are

authorized and directed to monitor the administration of the procedures established herein and

may advise the Court through a section 105 chambers conference or as the Court may otherwise

permit or direct of any material non-compliance with these procedures by any person.  In order

to facilitate an alternative transaction, notwithstanding any other provision in the Master

Disposition Agreement, any other agreement contemplated thereby or any agreement between

GM and Parnassus or their respective affiliates, GM, its affiliates and representatives shall be

entitled to (i) furnish to any individual or entity (which may include, without limitation, any

27

potential purchaser, financing source or other interested party) (A) all exhibits, schedules and

agreements under the Master Disposition Agreement and any other related agreements between

GM and Parnassus or their respective affiliates and (B) information related to the Transferred

Assets and Liabilities (as defined in the Supplemental Procedures) and the transactions

contemplated by the Master Disposition Agreement or by agreements between GM and

Parnassus or their respective affiliates, (ii) participate in discussions or negotiations with any

such individual or entity or (iii) enter into and perform under any agreement (whether as

purchaser, equity participant, financing source, customer or otherwise) with any such individual

or entity related to any alternative transaction.  Neither Parnassus nor any of its affiliates shall

have any claims, including, without limitation, for breach of the Master Disposition Agreement,

any other agreement contemplated thereby or any other agreement between GM and Parnassus or

their respective affiliates, against GM, its affiliates, or its representatives arising from or relating

to any action permitted by this paragraph.

        47.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
       June 16, 2009

               /s/ Robert D. Drain
               UNITED STATES BANKRUPTCY JUDGE