UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
   In re                           :   Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :   Case No. 05-44481 (RDD)
                                            :
                            Debtors.   :   (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

FINAL ORDER AUTHORIZING DEBTORS TO ENTER INTO AMENDMENT TO AND
RESTATEMENT OF ARRANGEMENT WITH GENERAL MOTORS CORPORATION
APPROVED PURSUANT TO SECOND DIP EXTENSION ORDER (DOCKET NO. 13489)

("FINAL AMENDED AND RESTATED GM ARRANGEMENT APPROVAL ORDER")

Upon the motion, dated March 4, 2009 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order approving the fourth and fifth amendments to the arrangement with General Motors Corporation (the "GM Arrangement"), which arrangement was approved pursuant to the Second DIP Extension Order (Docket No. 13489) and the supplement to the Motion, dated June 1, 2009 (the "Supplement"), which supplemented the relief sought in the Motion to request an order approving certain amendments to and a restatement of the GM Arrangement; and due and appropriate notice of the Motion and the Supplement, the relief requested therein, and the opportunity for a hearing on the Motion and the Supplement having been served by the Debtors in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus

1

Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 1, 2009 (Docket No. 16589) and the Court's scheduling order entered June 2, 2009 (Docket No. 16652), and no other or further notice being necessary; and the Court having held an interim hearing on the Motion and the Supplement on June 10, 2009 (the "Interim Hearing") and a final hearing on the Motion and the Supplement on June 16, 2009 (the "Final Hearing"); and upon the record of the Interim Hearing and the Final Hearing; and after due deliberation thereon, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Motion as supplemented by the Supplement is hereby granted on a final basis.

3. The Debtors are hereby authorized, but not directed, to execute, deliver, and perform their obligations under the Amended and Restated GM Arrangement substantially in the form attached as <u>Exhibit A</u> hereto. Without limiting the foregoing, such authorization shall include authorization for Delphi pursuant to section 364(b) of the Bankruptcy Code, advances of up to $550,000,000 pursuant to the terms of the Amended and Restated GM Arrangement and pay any and all fees and expenses provided for by the Amended and Restated GM Arrangement.

4. The Second DIP Extension Order is hereby deemed amended by replacing Exhibit B thereto with the Amended and Restated GM Arrangement, and all provisions of the Second DIP Extension Order (as supplemented by the GM Arrangement Amendment Approval Order (Docket No. 14289), the GM Arrangement Second Amendment Agreement Approval Order (Docket No. 14514), and the GM Arrangement Third Amendment Agreement Approval Order

(Docket No. 16379) applicable to the form of Delphi-GM Agreement (as defined in the Second DIP Extension Order) attached thereto, and all other documentation executed in connection therewith shall be deemed to apply to the Amended and Restated GM Arrangement.

       5.       Without limiting the generality of the foregoing, upon effectiveness of the Amended and Restated GM Arrangement, GM and its relevant Affiliates (as defined in the Amended GM Arrangement, the "GM Affiliates") shall have (a) allowed claims with administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code against Delphi and the Guarantors for all Obligations (as defined in the Amended GM Arrangement, the "GM Arrangement Obligations") owing to GM or any applicable GM Affiliates and (b) all other rights under the Amended and Restated GM Arrangement, including, without limitation, the ability to exercise the right to setoff and apply, subject to the terms of the Amended and Restated GM Arrangement, any indebtedness or liabilities owing by GM or the GM Affiliates to or for the credit or the account of Delphi or the GM Guarantors against any and all GM Arrangement Obligations of Delphi or the GM Guarantors without the need to seek additional modification of the automatic stay imposed pursuant to section 362 of the Bankruptcy Code and without further order of the Court.

       6.       Notwithstanding anything to the contrary in the Amended and Restated GM Arrangement, (a) neither GM nor any GM Affiliates shall exercise any Set-Off Right (as defined in the Amended and Restated GM Arrangement) with respect to any GM Arrangement Obligations (except with respect to any prepayments due and payable under Section 2.09 of the Amended and Restated GM Arrangement) against any amounts payable by GM or any GM Affiliate (other than amounts payable by GM or the GM Affiliates to or for the credit or the account of any of the Debtors under the Master Restructuring Agreement and the Global

3

Settlement Agreement (as each such term is defined in the Amended and Restated GM Arrangement)) to or for the credit or the account of any of the Debtors (or defer, delay, or suspend the payment of any other amounts payable by GM or any GM Affiliates to or for the credit or the account of any of the Debtors) until after the DIP Termination Date (as defined in the Amended and Restated GM Arrangement) and (b) until after the DIP Termination Date, the Debtors shall not make any payment to GM or any GM Affiliates with respect to the GM Arrangement Obligations (except (i) with respect to any prepayments due and payable under Section 2.09 of the Amended and Restated GM Arrangement, whether in cash or through any Set-Off Right (as defined in the Amended and Restated GM Arrangement) exercised by GM, (ii) interest to the extent paid in kind under Section 2.05(b) of the Amended and Restated GM Arrangement, and (iii) any GM Arrangement Obligations paid through any Set-Off Right (as defined in the Amended and Restated GM Arrangement) exercised by GM against amounts payable by GM or GM Affiliates to or for the credit or the account of any of the Debtors pursuant to the Global Settlement Agreement or Master Restructuring Agreement as permitted under the Amended and Restated GM Arrangement).

       7.      The Amended and Restated GM Arrangement has been negotiated in good faith and at arm's-length between the Debtors and GM, and all of the GM Arrangement Obligations as authorized by this order have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.  In accordance with section 364(e) of the Bankruptcy Code, in the event that any or all provisions of this order or the Amended and Restated GM Arrangement are hereinafter modified, amended, or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien (including any rights of setoff of GM or any GM Affiliate permitted by the Amended

4

and Restated GM Arrangement and this order) or claim authorized or created hereby or thereby. Notwithstanding any such modification, amendment, or vacation, any claim granted to GM or any GM Affiliate hereunder, under the Amended and Restated GM Arrangement arising prior to the effective date of such amendment, modification, or vacation shall be governed in all respects by the original provisions of this order or the Amended and Restated GM Arrangement and GM and the GM Affiliates shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such claim.

8. A sound business purpose exists for the Debtors to incur all obligations under the Amended and Restated GM Arrangement in accordance with the requirements of 11 U.S.C. § 363(b).

9. In the event of any inconsistency between the provisions of this order and the Amended and Restated GM Arrangement, the provisions of this order shall govern.

10. This Court shall retain jurisdiction to enforce and implement the terms and provisions of the Amended and Restated GM Arrangement in all respects.

11. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

12. Any objection to the Motion or the Supplement, including the letter dated June 9, 2009, filed by Ernest A. Knobelspiesse (Docket No. 17015) is hereby overruled.

Dated:   New York, New York
         June 17, 2009

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE