June 16, 2009

Lori E. Reetz
4515 Gratiot Road  Apt. 3
Saginaw, MI  48638-6238

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re                                          :    Chapter 11
                                               :
DELPHI CORPORATION, et al.,                    :    Case No. 05-44481 (RDD)
                                               :
                            Debtors.           :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LETTER TO CONTEST JUNE 1, 2009 MASTER DISPOSITION AGREEMENT, ARTICLE
9.5.11 – SEVERANCE TERMINATION UPON BANKRUPTCY EMERGENCE DATE

PRELIMINARY STATEMENT

I am 52-year old Delphi retiree forced to retire on March 1, 2009 due to job elimination. In exchange for my waiver of certain rights via the Release of Claims, Delphi is to pay me six months severance pay, March through August 2009. This severance is spelled out in a signed contract with Delphi. This is a legal, enforceable contract presented by Delphi during bankruptcy. I have fulfilled my obligations to Delphi and I fully expect Delphi to fulfill its severance payment obligation to me.

I am contesting this for the following reasons:

1) Severance payment is a contractual obligation via the signed Separation Agreement.

2) An exchange was made between Delphi and me. I waived certain rights (Release of Claims) in order to receive the six months of severance payments. I had no option but to take severance payment in monthly installments. I provided an item of value to Delphi in exchange for the severance payments. Bankruptcy emergence should not alter the severance payment plan.

3) The contract was entered into during bankruptcy. The effective date of this contract is March 1, 2009.

4) Severance payments are as contractual liability – not a Delphi benefit.

5) I have a valid, binding, legal contract and an expectation such contract be honored.

### SUMMARY

As a person who was forced into early retirement, I planned on using the severance payments to seek new employment, cover costs of re-training and/or tuition, purchase health care, cover medical expenses, pay for basic living expenses, etc. We salaried retirees have already been severely, negatively impacted by health care elimination. Pending pension reductions (potential transfer to PBGC) will result in a significant pay cut for me given my age of 52. My sacrifice has already been job elimination, frozen pension, and no health care.

I appreciate the court taking the time to consider my argument and respectfully ask that you not allow Delphi to terminate severance payments to Delphi's US Salaried Employees.

Dated:    Saginaw, MI
          June 16, 2009

Lori E. Reetz
4515 Gratiot Road Apt #3
Saginaw, MI 48638-6238