**<u>Exhibit A</u>**

**Expedited Motion for Order Under 11 U.S.C. § 546(c) And Amended
Reclamation Procedures Order Classifying Reclamation Claims As
General Unsecured Nonpriority Claims For All Purposes
(Docket No. 16663)**

**Hearing Date and Time:  June 16, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline:  June 12, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. § 546(c) AND
AMENDED RECLAMATION PROCEDURES ORDER CLASSIFYING  RECLAMATION
CLAIMS AS GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES

PLEASE TAKE NOTICE that on June 5, 2009, Delphi Corporation ("Delphi")

and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), filed the Expedited Motion For Order Under 11

U.S.C. § 546(c) And Amended Reclamation Procedures Order Classifying Reclamation Claims

As General Unsecured Nonpriority Claims For All Purposes (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held

on June 16, 2009 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable

Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must

(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014

Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And

Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883) (the

"Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance

with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing

system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format), (d) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:  General Counsel), (ii) counsel to

the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100,

Chicago, Illinois 60606 (Att'n:  John Wm. Butler, Jr.), (iii) counsel to JPMorgan Chase Bank

N.A., Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n:

2

Donald Bernstein and Brian Resnick), (iv) counsel for the official committee of unsecured

creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n:

Robert J. Rosenberg and Mark A. Broude), and (v) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004

(Att'n:  Brian Masumoto), in each case so as to be **received** no later than **4:00 p.m. (prevailing**

**Eastern time) on June 12, 2009**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Supplemental Case Management Order will be considered by

the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served

in accordance with the procedures set forth herein and in the Supplemental Case Management

Order, the Bankruptcy Court may enter an order granting the Motion without further notice.


Dated:    New York, New York
          June 5, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP


                         By:    /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr.
                                John K. Lyons
                                Ron E. Meisler
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois 60606
                         (312) 407-0700


                                      - and –


                         By:    /s/ Kayalyn A. Marafioti
                                Kayalyn A. Marafioti
                                Thomas J. Matz
                         Four Times Square
                         New York, New York 10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                           Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                           :
        In re                    :     Chapter 11
                           :
DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                           :
                           :     (Jointly Administered)
        Debtors.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. § 546(c) AND AMENDED
RECLAMATION PROCEDURES ORDER CLASSIFYING  RECLAMATION CLAIMS
AS GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES

("MOTION TO DETERMINE RECLAMATION CLAIMS")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this expedited motion (the "Motion") for an order pursuant to 11 U.S.C. § 546(c)

and the Second Amended And Restated Final Order Under 11 U.S.C. §§ 362, 503, And 546 And

Fed. R. Bankr. P. 9019 Establishing Procedures For Treatment Of Reclamation Claims (Docket

No. 10409) (the "Amended Reclamation Procedures Order") classifying the claims against the

Debtors' estates identified in <u>Exhibit A</u>[1] attached hereto (the "Reclamation Claims") as general

unsecured nonpriority claims for all purposes, including for purposes of voting and distribution

under any plan of reorganization, and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      The Reclamation Claims are not entitled to administrative expense priority

due to the Debtors' prepetition secured lenders' prior liens on the goods to be reclaimed.

Consequently, the Reclamation Claims, to the extent they are or become fixed and allowed

claims, should be treated as general unsecured claims under any modifications to the Confirmed

Plan (as defined below) or any plan of reorganization of the Debtors.

2.      It is well established in this district under the decisions rendered in the <u>In</u>

<u>re Dana Corp.</u> and <u>In re Dairy Mart Convenience Stores, Inc.</u> cases that reclamation claims are

subject to the superior rights of a holder of a prior perfected security interest in the reclaimed

---

[1]    Certain of the Reclamation Claims have been transferred to third parties as part of a transfer of a proof of claim
or scheduled liability pursuant to rule 3001(e) of the Federal Rules of Bankruptcy Procedure.  Accordingly,
<u>Exhibit A</u> lists both the party that asserted the Reclamation Claim during the window established by 11 U.S.C.
§ 546(c) and, where a Reclamation Claim has been transferred, the current holder of the Reclamation Claim.

goods.  See In re Dana Corp., 367 B.R. 409, 420-21 (Bankr. S.D.N.Y. 2007);[2] In re Dairy Mart

Convenience Stores, Inc., 302 B.R. 128, 134-36 (Bankr. S.D.N.Y. 2003).

   3.  As was the case in Dana and Dairy Mart, the goods subject to the

Reclamation Claims constituted the collateral of the Debtors' prepetition secured lenders.  On

January 5, 2007, this Court approved the Debtors' refinancing of its postpetition secured

financing which, on closing, satisfied the prepetition secured lenders' liens and simultaneously

granted first priority security interests in, and liens on, all of the prepetition collateral, including

the reclaimed goods, in favor of the Debtors' postpetition secured lenders.  Accordingly, the

Debtors effectively disposed of the reclaimed goods upon closing of the Debtors' Court-approved

postpetition financing, thus terminating any interest the Reclamation Claimants may have had in

the reclaimed goods.  The Reclamation Claims are, therefore, not entitled to administrative

priority under section 546(c) of the Bankruptcy Code.

   4.  Based on the foregoing and for the reasons set forth below, the Debtors

request entry of an order classifying the Reclamation Claims as general unsecured nonpriority

claims for all purposes, including for purposes of voting and distribution under any plan of

reorganization.

Background

A.  The Chapter 11 Filings

   5.  On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

---

[2] The Dana court specifically dealt with reclamation claims asserted in a chapter 11 case commenced after the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").  Nonetheless, the reasoning outlined by the Dana court has equal force with respect to section 546(c) as it existed prior to the enactment of BAPCPA.  See Dana, 367 B.R. at 418 (finding that amended section 546(c) under BAPCPA does not create new federal right of reclamation and analyzing pre-BAPCPA case law regarding application of prior lien defense).  See also In re Advanced Mktg. Servs., Inc., 360 B.R. 421, 426 n.6 (Bankr. D. Del. 2007) ("[t]he Court would reach the same result under section 546(c) as it existed prior to BAPCPA").

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

   6. No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S.

Trustee appointed an official committee of equity holders, which was disbanded on April 24,

2009.  On February 26, 2009, the U.S. Trustee appointed an official committee of retired

employees to represent certain of the Debtors' current active salaried employees, retirees, and

their spouses for certain limited purposes.

   7. On December 10, 2007, the Debtors filed the First Amended Joint Plan Of

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

Possession (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with

respect to the Plan (Docket No. 11388) (the "December 10 Disclosure Statement").  The Court

subsequently entered an order approving the adequacy of the December 10 Disclosure Statement

and granting the related solicitation procedures motion (Docket No. 11389).  On January 25,

2008, the Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order"), and the order became final on February 4, 2008.  Although the Debtors

on April 4, 2008 had satisfied the conditions required to substantially consummate the Plan, as

confirmed by this Court (the "Confirmed Plan"), including obtaining $6.1 billion of exit

financing, Delphi's Plan Investors (as defined in the Confirmed Plan) refused to participate in a

closing that was commenced but not completed and refused to fund their Investment Agreement

(as defined in the Confirmed Plan) with Delphi.[3]  On May 16, 2008, Delphi filed complaints for

damages and specific performance against the Plan Investors and related parties who refused to

honor their equity financing commitments or participate in the closing that would have led to

Delphi's successful emergence from chapter 11.  Since that time, however, the Debtors

nevertheless have continued to work with their stakeholders to achieve their goal of emerging

from chapter 11 as soon as practicable.  On October 3, 2008, Delphi filed a motion (Docket

No. 14310) (the "Plan Modification Motion") under 11 U.S.C. § 1127 for an order approving (i)

certain modifications to the Confirmed Plan and December 10 Disclosure Statement and

(ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified.  In light of the

unprecedented decline in global automotive production volumes and the deepening of the crisis

in global debt and equity markets, the Debtors adjourned the hearing on the Plan Modification

Motion several times.  On June 1, 2009 the Debtors filed a supplement to the Plan Modification

Motion amending and restating the relief sought in the Plan Modification Motion (the "Motion

Supplement").  Among other things, the Motion Supplement seeks approval of (i) certain

modifications to the Confirmed Plan (the "Modified Plan"), (ii) a supplement to the Disclosure

Statement (the "Disclosure Statement Supplement"), and (iii) procedures for re-soliciting votes

on the Modified Plan.  The Motion Supplement is scheduled to be heard on June 10, 2009.

            8.        This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

---

[3]    Although two parties-in-interest (the Creditors' Committee and Wilmington Trust Company, as indenture
trustee) commenced actions to revoke the Confirmation Order, those adversary proceedings have been stayed
indefinitely by stipulated orders between those parties and the Debtors.  In addition, at the confirmation hearing
the Court reserved for itself the remedy of vacating the Confirmation Order (see Hr'g Tr., 45, 67-68, Jan. 17,
2008), which is a power available to the Court to address a result that is either fundamentally unfair or is the
product of an abuse of process.

9.      The statutory predicates for the relief requested herein are sections 363 and 364 of the Bankruptcy Code and rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

10.     Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2008 had global net sales of $18.1 billion and global assets of approximately $10.3 billion.[4]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and have continued their business operations without supervision from the Court.[5]

11.     The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

12.     Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in

---

[4]   The aggregated financial data used herein generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on March 3, 2009.

[5]   On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

accordance with the terms of a Master Separation Agreement between Delphi and GM. In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications. Although GM is still the Company's

single largest customer, today more than two-thirds of Delphi's revenue is generated from non-

GM sources.

C.      Events Leading To The Chapter 11 Filing

        13.     In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income. Every year thereafter, however,

with the exception of 2002, the Company has suffered net operating losses. In calendar year

2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net

sales.[6] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net

losses of approximately $2.4 billion on net sales of $26.9 billion. Moreover, in 2006 the Debtors

incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S.

employee special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

Although the Debtors recorded a net gain of $3.0 billion in 2008, which incorporated a recorded

gain of $5.3 billion in connection with the effectiveness of the Amended GSA (as defined

below), the Company's net operating loss for the year was $1.5 billion.

        14.     The Debtors believe that the Company's financial performance was

deteriorating from the spinoff to the petition date because of (i) increasingly unsustainable U.S.

legacy liabilities and operational restrictions preventing the Debtors from exiting non-profitable,

---

[6]     Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
        valuation allowance on U.S. deferred tax assets as of December 31, 2004. The Company's net operating loss in
        calendar year 2004 was $482 million.

non-core operations, all of which had the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

15.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005, the Company commenced these chapter 11 cases for its U.S. businesses to complete its transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

16.    On March 31, 2006, the Company outlined the key tenets of a transformation plan that it believed would enable it to return to stable, profitable business operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the Company's labor agreements to create a competitive arena in which to conduct business; second, concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy and labor costs and to ascertain GM's business commitment to the Company; third, streamlining their product portfolio to capitalize on their world-class technology and market strengths and make the necessary manufacturing alignment with their new focus; fourth, transforming their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable solution to their pension situation.

E.    Plan Confirmation And Postconfirmation Matters

17.    The Confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases,

including Delphi's labor unions and GM.  The effectiveness of certain of these agreements,

including the Debtors' two comprehensive agreements with GM (the "Original GSA" and the

"Original MRA"), was conditioned on consummation of the Confirmed Plan.  After the Plan

Investors refused to fund their obligations under the Investment Agreement, as the Debtors

continued working with their stakeholders to evaluate their options to emerge from chapter 11,

the Debtors sought approval of two comprehensive agreements with GM: the Amended and

Restated Global Settlement Agreement (the "Amended GSA") and the Amended and Restated

Master Restructuring Agreement (the "Amended MRA").  On September 26, 2008, this Court

entered an order authorizing the Debtors' implementation of the Amended GSA and the

Amended MRA, the provisions of which became effective on September 29, 2008.

18.    Through the Amended GSA and Amended MRA, the Debtors addressed,

at least in part, two goals of their Transformation Plan:  (i) obtaining financial support from GM

for certain of Delphi's legacy and labor costs and GM's business commitments to Delphi going

forward and (ii) working to solve Delphi's pension funding situation.  Under the Amended GSA

and Amended MRA, GM agreed to contribute substantial additional value to the Debtors and

eliminate significant elements of conditionality to the performance of GM's obligations.  Delphi

estimated the value of the net consideration received under the Amended GSA and Amended

MRA to be approximately $10.6 billion (increased from approximately $6.0 billion under the

Original GSA and Original MRA).

19.    As a result of all the factors described above, during the fall of 2008 the

Debtors were able to formulate certain modifications to the Confirmed Plan which were set forth

9

in the Plan Modification Motion.  Since the filing of the proposed modifications, however,

substantial uncertainty and a significant decline in capacity in the credit markets, the global

economic downturn generally, and the current economic climate in the automotive industry

adversely impacted Delphi's ability to develop a revised recapitalization plan and successfully

consummate a confirmed plan of reorganization.  Moreover, as a result of the market turbulence,

the Debtors were unable to extend the maturity date of their DIP credit facility on terms

reasonably acceptable to the Debtors and their other stakeholders.  Accordingly, with the support

of the agent and the requisite lenders to the DIP credit facility, the Debtors entered into an

accommodation agreement (as subsequently amended) which allows the Debtors, among other

things, to continue using certain of the proceeds of the postpetition financing facility through

June 30, 2009.  In addition, to further support the Debtors' liquidity, GM agreed to make certain

advances and to accelerate payment of certain payables to the Debtors, including entry into an

amended and restated agreement as of June 1, 2009, to provide the Debtors up to $250 million of

additional pre-emergence liquidity through July 31, 2009 to support Delphi's transformation plan

and its reorganization plan.

    20.    Also on June 1, 2009, while facing the most difficult economic period in

decades with the most precipitous drop in U.S. vehicle sale volumes in half a century, Delphi

reached an agreement to effect its emergence from chapter 11 through a transaction with

Parnassus Holdings II, LLC ("Parnassus"), an affiliate of Platinum Equity, and with the support

of GM Components Holdings LLC ("GM Components"), an affiliate of GM.  In the exercise of

the Debtors' fiduciary responsibilities to maximize the value of their estates for the benefit of all

of their creditors, the Debtors executed the agreement to reflect the foregoing transactions

through a plan of reorganization.  The agreement and the changes to the Confirmed Plan were filed as part of the Motion Supplement on June 1, 2009.

      21.      Ultimately, this emergence structure is similar to that which was contemplated in the Confirmed Plan.  Instead of having a plan investor sponsoring their plan and emerging as the majority owner of the continuing business enterprise, however, Delphi has agreed to contemporaneously effectuate transactions through which Parnassus will operate Delphi's U.S. and non-U.S. businesses going forward with emergence capital and capital commitments of approximately $3.6 billion and without the labor-related legacy costs associated with the North American sites that, together with Delphi's global Steering business, are being acquired by GM Components Holding LLC.  A new company, DPH Holdings Co., will emerge as a reorganized entity that retains certain other residual non-core and non-strategic assets and liabilities that are expected to be divested over time.

      22.      Consummation of these transactions through the Modified Plan, which embodies concessions made by parties-in-interest to resolve these chapter 11 cases, will provide for the satisfaction of all of the Debtors' administrative claims, secured claims, and priority claims and a distribution to holders of general unsecured claims.  Moreover, Delphi's emerging businesses will continue to develop technology and products and produce them for the benefit of their customers under the guidance of Platinum, which has experience providing operational support to companies to help them create long term value.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will seek to preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as one of the world's premier auto suppliers.

Relief Requested

23.     By this Motion, the Debtors seek entry of an order under section 546(c)

of the Bankruptcy Code and paragraph 2(c)(iii) of the Amended Reclamation Procedures Order

classifying the Reclamation Claims as general unsecured nonpriority claims for all purposes,

including for purposes of voting and distribution under any plan of reorganization of the

Debtors.

Basis For Relief

24.     The relief requested in this Motion is warranted in light of the disposition

of the Prepetition Collateral (as defined below), including goods subject to reclamation

demands, which has resulted in the effective disposition of the reclaimed goods in favor of the

DIP Lenders (as defined below).  By minimizing the amount of priority claims against the

Debtors' estates, the proposed relief would facilitate the Debtors' restructuring efforts.

Moreover, by requesting this relief, the Debtors are implementing certain rights and defenses

granted to them under to the Reclamation Procedures Order and the Amended Reclamation

Procedures Order.

The Reclamation Claims And Reclamation Procedures

F.     Existing Reclamation Procedures

25.     On November 4, 2005, this Court entered an order[7] (the "Reclamation

Procedures Order") establishing procedures for resolving reclamation claims.  Among other

things, the Reclamation Procedures Order required the Debtors to provide each Reclamation

Claimant with a so-called statement of reclamation (each, a "Statement of Reclamation") setting

forth the extent and basis, if any, upon which the Debtors believed the Reclamation Claimant's

---

[7]    (See Amended Final Reclamation Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P. 9019
       Establishing Procedures For The Treatment of Reclamation Claims (Docket No. 881).)

reclamation claim was not legally valid.  In addition, paragraph 2(b)(ii) of the Reclamation

Procedures Order required that each such Statement of Reclamation identify any defenses that

the Debtors chose to reserve.  In accordance with paragraph 2(b)(ii) of the Reclamation

Procedures Order, the Debtors reserved the right in the Statement of Reclamation provided to

each Seller to reduce or disallow a reclamation claim if the goods and/or the proceeds from the

sale of the goods are or were subject to a valid security interest (the "Prior Lien Defense," and

together with the Debtors' other reserved defenses, the "Reserved Defenses").

26.    On October 1, 2007, at the Debtors' request, this Court entered the

Amended Reclamation Procedures Order, which amended and restated the Reclamation

Procedures Order in conjunction with the Confirmed Plan.[8]  Under the amended procedures (the

"Amended Procedures"), each holder of a Reclamation Claim (each, a "Reclamation Claimant")

was given the choice to elect for its Reclamation Claim the treatment afforded to allowed general

unsecured claims under the Confirmed Plan (which included postpetition interest on the allowed

amount of the claim) rather than have the Debtors seek a judicial determination that Reclamation

Claims were not entitled to priority treatment because of the Prior Lien Defense.  If a

Reclamation Claimant elected to decline the treatment afforded to general unsecured creditors,

then a hearing on that Reclamation Claimant's reclamation claim was to be automatically

adjourned to a contested hearing to be held after the effective date of the Confirmed Plan.  The

parties were to litigate before this Court to determine whether the Prior Lien Defense applied to

that Reclamation Claimant's Reclamation Claim.  In addition, the Debtors were to retain all other

Reserved Defenses with respect to such Reclamation Claims.  To make this selection and request

treatment of its Reclamation Claim as a general unsecured claim, the Reclamation Claimant was

---

[8]    Paragraph 2(b)(ii) in the Reclamation Procedures Order is identical to paragraph 2(b)(ii) in the Amended
Reclamation Procedures Order.

required to so mark and return an election notice provided to Reclamation Claimants as part of

the solicitation materials for the Confirmed Plan by the voting deadline on the Confirmed Plan.

G.    Assertion Of Prior Lien Defense

27.    In light of the current economic environment and their consideration of

further supplemental plan modifications, the Debtors have determined to assert the Prior Lien

Defense now rather than after emergence from chapter 11.  Pursuant to paragraph 2(c)(iii) of the

Amended Reclamation Procedures Order, in the event that no consensual resolution of a

reclamation demand can be reached, the Debtors are required to file a motion for determination

of such reclamation demands.  To comply with that provision, the Debtors have filed this

Motion to assert the Prior Lien Defense and request an order classifying the Reclamation

Claims as general unsecured nonpriority claims for all purposes, including for purposes of

voting and distribution under any plan of reorganization.

28.    Obtaining an order of this Court respecting the Prior Lien Defense at this

time rather than following emergence would eliminate any uncertainty regarding the

classification of the asserted Reclamation Claims and obviate the need to maintain a reserve for

the Reclamation Claims in a modified Confirmed Plan or any other plan of reorganization of the

Debtors.  Thus, a determination by this Court that the Reclamation Claims should be treated as

general unsecured claims and not as priority claims will facilitate the Debtors' restructuring

efforts.

H.    The Reclamation Claims

29.    Creditors asserted 855 reclamation demands against the Debtors' estates

during these chapter 11 cases, asserting an aggregate amount of approximately $282.7 million.

Such creditors asserted written reclamation demands during the window established by section

546(c) of the Bankruptcy Code at a time when the goods were un-reclaimable due to the pre-

14

existing blanket lien on such goods held by the Prepetition Secured Lenders (as defined below).

As of the date of this Motion, 505 reclamation demands (the "Disallowed Reclamation

Demands") asserting an aggregate amount of approximately $163 million have been resolved in

the amount of zero, either pursuant to a letter agreement (each, a "Reclamation Letter

Agreement") entered into between the Debtors and the reclaiming party, by default pursuant to

the Reclamation Procedures, or pursuant to the Debtors' process for resolving proofs of claim

filed in these chapter 11 cases.  Accordingly, these 505 Disallowed Reclamation Demands are

not included on Exhibit A hereto, which lists the 350 Reclamation Claims that are the subject of

this Motion.

   30. The Debtors estimate the aggregate maximum liability of the 350

Reclamation Claims to be approximately $17.5 million, subject to further reduction.  As of the

date of this Motion, only 15 of the 350 Reclamation Claims remained "disputed" in amount.

The aggregate asserted amount of the 15 "disputed" Reclamation Claims is approximately $18.8

million, but the Debtors' books and records show that the aggregate amount of these "disputed"

Reclamation Claims is only approximately $1.4 million.  The aggregate maximum liability for

the 335 Reclamation Claims that have been resolved is approximately $16.1 million.   The

chart attached hereto as Exhibit A shows (a) the current agreed-upon liability for each of the

335 resolved Reclamation Claims, subject to the Reserved Defenses, and (b) the asserted

amount of each of the 15 "disputed" Reclamation Claims and the Debtors' reconciled estimate

of such claims.

   31. This estimated amount of $17.5 million, if ultimately determined by this

Court to be entitled to priority treatment, may have to be paid from the funds made available to

satisfy certain allowed secured, administrative, and priority claims under a modified Confirmed

Plan or any other plan of reorganization of the Debtors.  The Debtors submit that because the

subject goods, which would not otherwise be reclaimable, were subject to the pre-existing and

senior liens of the Prepetition Secured Lenders, the Reclamation Claims should be only afforded

treatment as general unsecured claims under a modified Confirmed Plan or any other plan of

reorganization of the Debtors.

The Debtors' Prepetition Secured Debt

I.    The Prepetition Credit Facility

32.    Prior to commencing these chapter 11 cases, the Debtors' secured bank

debt arose under that certain Third Amended and Restated Credit Agreement, dated as of June

14, 2005 (as amended, supplemented, or otherwise modified from time to time, the "Prepetition

Credit Agreement").  The Prepetition Credit Agreement provided for revolving loans, term

loans, swingline loans, and the issuance of letters of credit up to an aggregate principal amount

of $2.825 billion.  As of the Petition Date, Delphi was indebted to a syndicate of lenders (the

"Prepetition Secured Lenders") in the aggregate amount of $2,579,783,051.85 (the "Prepetition

Credit Facility").  The Prepetition Credit Facility was secured by security interests in

substantially all of the material tangible and intangible assets of Delphi and its affiliate Debtors

(the "Prepetition Collateral"), including all accounts, chattel paper, deposit accounts,

documents, equipment, fixtures, general intangibles, instruments, intellectual property,

inventory, investment property, letter of credit rights, all other property not described in this list,

all books and records pertaining to the Prepetition Collateral, and all proceeds, supporting

obligations and products of any and all of the Prepetition Collateral.[9]

---

[9]    The Prepetition Collateral did not include certain real property, capital stock of foreign subsidiaries pledged
under the Prepetition Credit Facility to the extent that local law requirements were not satisfied, certain
manufacturing plants or facilities, and shares of stock or indebtedness of any U.S. subsidiary of Delphi that
owns such a manufacturing plant of facility.

16

J.    The DIP Facility

33.    After the Debtors commenced these chapter 11 cases, on October 28,

2005, this Court entered an order[10] (the "Original DIP Order") authorizing the Debtors to enter

into a $2 billion postpetition credit facility comprised of a $1.75 billion revolving line of credit

and a $250 million term loan (the "Original DIP Facility") from a syndicate of lenders (the

"Original DIP Lenders").  The Original DIP Facility was secured by (a) a perfected first priority

lien on substantially all of the Debtors' otherwise unencumbered assets (subject to certain

exclusions), (b) a perfected junior lien on substantially all of the Debtors' previously

encumbered assets (subject to certain exclusions), (c) superpriority administrative expense

claims under section 364(c)(1) of the Bankruptcy Code in respect of the Debtors' obligations

under the Original DIP Facility, and (d) a first priority senior priming lien (the "Priming Lien")

under section 364(d)(1) of the Bankruptcy Code on substantially all of the Debtors' property.

Pursuant to the Original DIP Order, the result of the Priming Lien was that the Prepetition

Secured Lenders' liens were subordinated to those liens securing the Original DIP Lenders'

claims under the Original DIP Facility.

K.    The Refinanced DIP Facility

34.    In late 2006, in light of the then-favorable environment in the capital

markets, the Debtors determined that they could replace their existing Prepetition Credit Facility

and Original DIP Facility with a new facility combining the two on more favorable terms.  On

---

[10]    (See Final Order Under 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And
Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) To
Utilize Cash Collateral And (III) Granting Adequate Protection To Prepetition Secured Parties (Docket No.
797).)

17

January 5, 2007, this Court entered an order[11] (the "DIP Refinancing Order") authorizing the

Debtors to refinance their secured debt by entering into the current postpetition financing

facility (the "DIP Facility") governed by the Revolving Credit, Term Loan, and Guaranty

Agreement (the "DIP Credit Agreement") with JPMorgan Chase Bank, N.A. serving as

administrative agent. The DIP Facility was essentially a $4.5 billion replacement financing

facility, the proceeds of which the Debtors used to repay the $2.0 billion Original DIP Facility

and the approximately $2.5 billion outstanding on the Debtors' $2.825 billion Prepetition Credit

Facility. The terms of the DIP Credit Agreement were specifically negotiated to maintain in all

material respects the relative priority between the Prepetition Secured Lenders and the Original

DIP Lenders (together, the "DIP Lenders"). The DIP Facility replaced the Original DIP Loan

with a replacement $1.75 billion first priority revolving credit facility and a $250 million first

priority term loan.

         35.     The Prepetition Credit Facility was rolled into the DIP Facility as an

approximately $2.495 billion second priority term loan. Pursuant to paragraph 11(a) of the DIP

Refinancing Order, the Debtors were authorized and directed to use the proceeds of borrowings

under the DIP Facility to irrevocably repay in full all obligations then due and payable to the

Prepetition Secured Lenders under the Prepetition Credit Facility and the Original DIP Order.

Upon repayment of all such obligations, all liens, mortgages, and security interests granted to

the Prepetition Secured Lenders under the Prepetition Credit Facility and the Original DIP

Order were deemed released and of no further force or effect. (See DIP Refinancing Order ¶

11(a).)

---

[11]   (See Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And
Fed. R. Bankr. P. 2002, 4001 And 6004(g) (I) Authorizing Debtors To Obtain Postpetition Financing And (II)
Authorizing Debtors To Refinance Secured Postpetition Financing And Prepetition Secured Debt (Docket No.
6461).)

36.    Like the Original DIP Facility, the DIP Facility is secured by (a) a perfected first priority lien on substantially all of the Debtors' otherwise unencumbered assets (subject to certain exclusions), (b) a perfected junior lien on substantially all of the Debtors' previously encumbered assets (subject to certain exclusions), (c) superpriority administrative expense claims under section 364(c)(1) of the Bankruptcy Code in respect of the Debtors' obligations under the DIP Facility, and (d) a first priority senior priming lien under section 364(d)(1) of the Bankruptcy Code on substantially all of the Debtors' property.

37.    The DIP Refinancing Order has been subsequently supplemented by orders entered on November 16, 2007 (Docket No. 10957), April 30, 2008 (Docket No. 13489), May 29, 2008 (Docket No. 13699), December 3, 2008 (Docket No. 14515) (the "Accommodation Order"), February 25, 2009 (Docket No. 16377), April 3, 2009 (Docket No. 16549), April 23, 2009 (Docket No. 16575), May 7, 2009 (Docket Nos. 16609 and 16610), and May 21, 2009 (Docket Nos. 16633 and 16634) (collectively, the "Supplemental DIP Orders"). The Accommodation Order authorized the Debtors to enter into an accommodation agreement (the "Accommodation Agreement"), which was subsequently amended, with the requisite percentage of the DIP Lenders, which, subject to the terms and conditions set forth therein, allows the Debtors to continue using the proceeds of the DIP Facility through June 30, 2009. The relief sought in this Motion is expected to further the Debtors' restructuring efforts in the current macroeconomic climate by, among other things, reducing the amount of administrative claims that the Debtors must satisfy to emerge from Chapter 11.

<u>Applicable Authority</u>

38.    As described above, paragraph 2(b)(ii) of the Amended Reclamation Procedures Order authorizes the Debtors to reserve certain defenses to the Reclamation Claims, including the Prior Lien Defense.  In accordance with paragraph 2(b)(ii) of the Amended

19

Reclamation Procedures Order, the Debtors in each Statement of Reclamation reserved the right

to assert the Prior Lien Defense.  In addition, the Debtors have reserved the Prior Lien Defense

and the other Reserved Defenses in each (a) Reclamation Letter Agreement, (b) Statement of

Reclamation resolving a reclamation demand by default pursuant to the Reclamation

Procedures, and (c) order or stipulation entered by this Court resolving proofs of claim filed in

these chapter 11 cases in which a claimant reserved its right to assert priority treatment on

account of a reclamation demand.

39.    Reclamation rights are generally governed by section 2-702(2) of the

Uniform Commercial Code (the "UCC").  Section 2-702(2) of the UCC allows a seller of goods,

upon discovering that the buyer has received the goods on credit while insolvent, to reclaim the

goods upon a demand made within ten days after the buyer's receipt of the goods.  Under section

546(c) of the Bankruptcy Code, a seller of goods to a debtor, in the ordinary course of the seller's

business, retains its statutory or common law right to reclaim the goods if it establishes each of

the following elements by a preponderance of the evidence:

    (a)    that it has a statutory or common law right to reclaim the goods;

    (b)    that the goods were sold in the ordinary course of the seller's
           business;

    (c)    that the debtor was insolvent at the time the goods were received;
           and

    (d)    that it made a written demand for reclamation within the statutory
           time limit after the debtor received the goods.

11 U.S.C. § 546(c); Dairy Mart, 302 B.R. at 133; In re Victory Markets Inc., 212 B.R. 738, 741

(Bankr. N.D.N.Y. 1997).

40.    The purpose of section 546(c) of the Bankruptcy Code is to recognize any

right to reclamation that a seller may have under non-bankruptcy law.  Dairy Mart, 302 B.R. at

132-33.  It is black letter law that section 546(c) does not create a new, independent right to

reclamation but merely affords the seller an opportunity to avail itself of any reclamation right it

may have under non-bankruptcy law.  Dana, 367 B.R. at 414; Dairy Mart, 302 B.R. at 133 (citing

Galey & Lord Inc. v. Arley Corp. (In re Arlco, Inc.), 239 B.R. 261, 267 (Bankr. S.D.N.Y. 1999);

Victory Markets, 212 B.R. at 741; Toshiba Am., Inc. v. Video King of Ill., Inc. (In re Video King

of Ill., Inc.), 100 B.R. 1008, 1013 (Bankr. N.D. Ill. 1989)).

       41.     Once the right to reclamation is established, the court has discretion to

substitute an administrative claim or lien in place of the right to reclaim.  Dairy Mart, 302 B.R. at

133 (citing Pester Ref. Co. v. Ethyl Corp. (In re Pester Ref. Co.), 964 F.2d 842, 845 (8th Cir.

1992)).  If under non-bankruptcy law the value of the reclamation claim is zero, however, section

546(c) does not permit the court to enhance the reclamation claimant's position.  Dairy Mart, 302

B.R. at 133.  Thus, the reclaiming seller is entitled to receive only what it would have received

outside bankruptcy after payment of any superior claim.  Id. at 134.

       42.     Pursuant to section 2-702(3) of the UCC, a seller's right to reclamation is

subject to "the rights of a buyer in ordinary course or other good faith purchaser."[12]  UCC § 2-

702(3).  Holders of a prior perfected, floating lien on inventory, such as the Prepetition Secured

Lenders, are treated as good faith purchasers with rights superior to those of a reclaiming seller.

---

[12]   As of the Petition Date, the Debtors operated plants and facilities in the following 20 states:  Alabama, Arizona,
California, Colorado, Georgia, Illinois, Indiana, Kansas, Michigan, Mississippi, Missouri, New Jersey, New
York, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, and Wisconsin.  Each of these states
has adopted section 2-702 of the UCC, with nine of these states further restricting parties' reclamation rights,
making them subject to the rights of "other lien creditor[s]."  Compare Cal. Com. Code § 2702, Colo. Rev. Stat.
§ 4-2-702, 810 ILCS 5/2-702, Ind. Code § 26-1-2-702, Kan. Stat. Ann. § 84-2-702, Miss. Code Ann. § 75-2-
702, N.J. Stat. Ann. § 12A:2-702, N.Y. U.C.C. Law § 2-702, Okla. Stat. tit. 12A, § 2-702, 13 Pa. Cons. Stat. §
2702, and Wis. Stat. § 402.702 (each adopting section 2-702 as written) with Ala. Code § 7-2-702, Ariz. Rev.
Stat. Ann. § 47-2702, Ga. Code Ann. § 11-2-702, Mich. Comp. Laws § 440.2702, Mo. Rev. Stat. § 400.2-702,
Ohio Rev. Code Ann. § 1302.76, S.C. Code Ann. § 36-2-702, Tenn. Code Ann. § 47-2-702, and Tex. Bus. &
Com. Code Ann. § 2.702 (each revising section 2-702 to include the rights of "other lien creditor[s]").

<u>Dairy Mart</u>, 302 B.R. at 133; <u>Arlco</u>, 239 B.R. at 267-68; <u>In re Advanced Mktg. Servs., Inc.</u>, 360

B.R. 421, 426 (Bankr. D. Del. 2007).[13]

43.    Moreover, "'a reclaiming seller is entitled to a lien or administrative expense

claim only to the extent that the value of the specific inventory in which the reclaiming seller

asserts an interest exceeds the amount of the floating lien in the debtor's inventory.'" <u>Dana</u>, 367

B.R. at 419 (quoting <u>Yenkin Majestic Paint Corp. v. Wheeling-Pittsburgh Steel Corp.</u> (In re

Pittsburgh-Canfield Corp.), 309 B.R. 277, 287 (B.A.P. 6th Cir. 2004)); <u>Dairy Mart</u>, 302 B.R. at

134; <u>Victory Markets</u>, 212 B.R. at 744.  This is because a secured creditor has the option of

proceeding against any of its collateral.  Marshalling of proceeds is not permissible because of

the prejudice that would result to the senior creditor by the imposed delay, added cost, or

inconvenience in collecting on its claim when it has a more readily available method to collect

the amount owed.  <u>Dairy Mart</u>, 302 B.R. at 134-35 (citing <u>Arlco</u>, 239 B.R. at 274-76).  Thus,

"[w]hen goods subject to a reclamation demand are liquidated and the proceeds used to pay the

---

[13]    The recent ruling by the United States Court of Appeals for the Sixth Circuit in <u>Phar-Mor, Inc. v. McKesson Corp.</u>, 534 F.3d 502 (6th Cir. 2008) is not applicable here.  In <u>Phar-Mor</u>, the Sixth Circuit held that because reclaiming creditors have a right under the UCC to reclaim the goods, the bankruptcy court was obligated under section 546(c) to grant the reclamation request or to grant the reclaiming creditor either an administrative expense priority claim or a lien on the proceeds resulting from the use of the goods by the debtor.  The Sixth Circuit concluded that the "subject to" caveat in the UCC does not allow a secured creditor's claim to defeat a seller's reclamation right.  <u>Phar-Mor</u>, 534 F.3d at 506.  First, the Sixth Circuit is not binding on this Court.  Second, the Sixth Circuit is <u>Phar-Mor</u> decision abrogates the "subject to" language in section 2-702(3) of the UCC by following a line of cases that has been justifiably criticized by many courts in this district and others.  <u>See, e.g.</u>, <u>Dana</u>, 367 B.R. at 419-21 (rejecting reclamation claimant's argument that payment in full of prepetition secured debt through postpetition financing rather than sale of claimed goods released liens and that right to reclaim was not affected by secured creditors); <u>Advanced Mktg. Servs.</u>, 360 B.R. at 426 (denying reclamation claimant's request for injunctive relief where prepetition secured debt would soon be satisfied by rollup under postpetition financing because subject goods were subject to secured lenders first priority liens).  The cases cited by the Sixth Circuit in support of its ruling in <u>Phar-Mor</u> improperly granted either an administrative expense priority without considering the reclamation claims' value in comparison to the secured creditors' interests or a lien in other assets of the bankruptcy estate in which the reclaiming seller had no interest.  <u>See, e.g.</u>, <u>Galey & Lord Inc. v. Arley Corp.</u> (In re Arlco, Inc.), 239 B.R. 261, 272-73 (Bankr. S.D.N.Y. 1999) ("[G]ranting an administrative claim or lien when the secured creditors have paid their claims out of the goods to be reclaimed 'would afford the reclamation seller something it does not have under the UCC – a priority interest in the buyer's assets other than the goods to be reclaimed.'" (quoting <u>Pester Ref. Co. v. Ethyl Corp.</u> (In re Pester Ref. Co.), 964 F.2d 842, 847 (8th Cir. 1992))).

secured creditor's claim, the reclaiming seller's subordinated right is rendered valueless." <u>Id.</u> at

134 (citing <u>Arlco</u>, 239 B.R. at 273). <u>See also</u> <u>Dana</u>, 367 B.R. at 419 ("if the value of any given

reclaiming supplier's goods does not exceed the amount of debt secured by the prior lien, that

reclamation claim is valueless"); <u>Advanced Mktg. Servs.</u>, 360 B.R. at 427 ("'unsecured creditors

cannot invoke the equitable doctrine of marshalling'" (quoting <u>Pittsburgh-Canfield</u>, 309 B.R. at

291)); <u>Allegiance Healthcare Corp. v. Primary Health Sys., Inc.</u> (In re Primary Health Sys., Inc.),

258 B.R. 111, 117 (Bankr. D. Del. 2001) ("Permitting such a creditor (whose claim outside of

bankruptcy is nothing more than a general unsecured claim) to elevate its claim to administrative

or secured status in bankruptcy would give it a windfall.").[14]

44.    Under the Amended Reclamation Procedures Order, the Debtors have

reconciled all 855 reclamation demands asserted against them in these chapter 11 cases,

resolving 840 of such demands.  As noted above, 505 reclamation demands have been resolved

in the amount of zero.  With respect to the remaining 350 Reclamation Claims that are the

subject of this Motion, the Debtors preserved certain Reserved Defenses, including the Prior

Lien Defense, under section 546 of the Bankruptcy Code and section 2-702(2) of the UCC.

45.    This Court previously stated that "a reclaiming creditor does not have a

right of reclamation until it is established that either the secured creditor, with a prior interest in

its particular asset, has released the asset or has been paid in full." (<u>See</u> August 17 Transcript

35:17-21.)  Therefore, the value of a reclamation claim will be determined by the decision that a

secured creditor makes with respect to its lien on the reclaimed goods.  <u>See</u> <u>Arlco</u>, 239 B.R. at

272.  Courts have consistently held that a reclaiming creditor has an in rem right and that if the

---

[14]    As noted by this Court at the August 17, 2006 hearing in discussing the rights of reclaiming sellers whose rights
are subject to those of a secured creditor, "priorities are to be determined narrowly in bankruptcy given the fact
that any priority takes money out of the pocket of those who do not have a priority." (Hr'g Tr. 37:17-19, Aug.
17, 2006 (the "August 17 Transcript") (citing <u>Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.</u>, 547 U.S. 651,
667 (2006)).)  A copy of an excerpt from the August 17 Transcript is attached as <u>Exhibit B</u> hereto.

secured creditor has been satisfied out of the proceeds from the claimed goods or has released its

lien, the value of that in rem right is zero. Dana, 367 B.R. at 419.

46.    Courts in this jurisdiction have held that the simultaneous release of a

prepetition lenders' lien and the grant of a postpetition lien to postpetition lenders of a debtor's

prepetition and postpetition property constitutes an integrated transaction rendering the

reclamation claims valueless. See, e.g., Dana, 367 B.R. at 421 (finding that integrated

transaction rendered reclamation claims valueless, even when the prepetition secured lenders

were paid in full); Dairy Mart, 302 B.R. at 134 (holding that rollover lien pursuant to DIP

refinancing order is an integrated transaction). Here, as described above, the DIP Refinancing

Order provides for the simultaneous release of the Prepetition Secured Lenders' liens upon full

repayment of the obligations to the Prepetition Secured Lenders from the DIP Facility. The DIP

Refinancing Order also grants a lien to the DIP Lenders on all prepetition and postpetition

property of the Debtors that was unencumbered after the prepetition secured lender's liens were

released. (See DIP Refinancing Order ¶¶ 11(a), 6(a).)

47.    "[I]f the value of any given reclaiming supplier's goods does not exceed

the amount of debt secured by the prior lien, that reclamation claim is valueless." Dana, 367

B.R. at 419. The Debtors' prepetition secured debt under the Prepetition Secured Facility

totaled $2,579,783,051.85. The Debtors' estimated possible liability for all of the Reclamation

Claims is approximately $17.5 million, the maximum possible liability is approximately $34.9

million, and the largest of the Reclamation Claims asserts a liability of $5,186,958.58.

Accordingly, the Reclamation Claims are valueless. Based on the reasoning of Dairy Mart and

Dana, the subject goods related to Reclamation Claims are subject to the prior liens of the

Prepetition Secured Lenders. Because the DIP Refinancing Order caused these liens to be

released, thereby satisfying the secured debt in part through the proceeds from the subject

goods, the Reclamation Claims are not entitled to administrative priority status.  For these

reasons, the Reclamation Claims should be classified as general unsecured claims and afforded

the treatment of the same under a modified Confirmed Plan or any plan of reorganization of the

Debtors.

Notice

48.        Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered May 1, 2009 (Docket No. 16589).  Furthermore, the

Debtors have complied with the Supplemental Case Management Order with respect to the

filing of this Motion and the need for expedited relief.[15]   In light of the nature of the relief

requested, the Debtors submit that no other or further notice is necessary.

---

[15]    The Debtors have noticed this Motion for hearing on June 16, 2009.  In compliance with the terms of the
Supplemental Case Management Order, the Debtors have consulted with counsel to the Creditors' Committee
regarding the relief sought in this Motion as well as the timing of its filing.  The Creditors' Committee has
consented to this Motion's being heard on June 16, 2009.  Because this Motion is being filed on fewer than 20
days' notice, parties-in-interest will have until June 12, 2009 to file an objection to this Motion.

WHEREFORE the Debtors respectfully request that the Court enter an order

(a) classifying the Reclamation Claims as general unsecured nonpriority claims for all purposes,

including for purposes of voting and distribution under any plan of reorganization, and (b)

granting the Debtors such other further relief as is just.

Dated:        New York, New York
              June 5, 2009
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP
                                        By:    /s/ John Wm. Butler, Jr.
                                               John Wm. Butler, Jr.
                                               John K. Lyons
                                               Ron E. Meisler
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                                        - and –

                                        By:    /s/ Kayalyn A. Marafioti
                                               Kayalyn A. Marafioti
                                               Thomas J. Matz
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                          Debtors and Debtors-in-Possession

<u>EXHIBIT A</u>

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 27 | Alcoa Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Unresolved | 10/10/2005 | n/a | $ 2,760,429.64 | $ 492,799.17 |
| 32 | PBR Columbia L.L.C. | PBR COLUMBIA LLC | Unresolved | 10/10/2005 | n/a | $ 1,043,145.33 | $ 1,780.09 |
| 75 | PBR Knoxville LLC | SPECIAL SITUATIONS INVESTING GROUP INC | Unresolved | 10/10/2005 | n/a | $ 3,443,149.25 | $ - |
| 109 | AFL Automotive L.P. | AFL AUTOMOTIVE LP TEXAS LIMITED PARTNERSHIP/SPCP GROUP LLC | Unresolved | 10/11/2005 | n/a | $ 373,129.95 | $ 51,983.34 |
| 110 | AVON AUTOMOTIVE, INC. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF CADILLAC RUBBER & PLASTICS INC | Unresolved | 10/11/2005 | n/a | $ 715,920.17 | $ 96,919.23 |
| 317 | Citation Corporation | JP MORGAN CHASE BANK | Unresolved | 10/12/2005 | n/a | $ 543,312.80 | $ 72,015.84 |
| 337 | Yazaki North America, Inc. | YAZAKI NORTH AMERICA INC | Unresolved | 10/11/2005 | n/a | $ 555,103.78 | $ 11,357.23 |
| 372 | Ideal Tool Co. Inc. | SOL - IDEAL TOOL CO INC | Unresolved | 10/14/2005 | n/a | $ 630,913.33 | $ 118,258.54 |
| 383 | Coherent, Inc. | LONGACRE MASTER FUND LTD | Unresolved | 10/13/2005 | n/a | $ 202,500.00 | $ 202,500.00 |
| 529 | Siemens VDO Automotive Corporation | GOLDMAN SACHS CREDIT PARTNERS LP ASSIGNEE OF SIEMENS VDO AUTOMOTIVE CORPORATION AND SIEMENS VDO AUTOMOTIVE INC | Unresolved | 10/17/2005 | n/a | $ 5,186,958.58 | $ 217,346.39 |
| 713 | Phillips & Temro Industries Inc. | PHILLIPS & TEMRO INDUSTRIES LTD | Unresolved | 10/21/2005 | n/a | $ 104,732.46 | $ - |
| 750 | Foreman Tool & Mold Corporation | SOL - FOREMAN TOOL & MOLD CORP/ STONEHILL INSTITUTIONAL PARTNERS LP | Unresolved | 10/17/2005 | n/a | $ 131,194.96 | $ 27,713.06 |
| 763 | Textron Fastening Systems | GOLDMAN SACHS CREDIT PARTNERS LP | Unresolved | 10/23/2005 | n/a | $ 2,803,310.85 | $ 65,958.81 |
| 842 | Trans Tron, Ltd., Inc. | BEAR STEARNS INVESTMENT PRODUCTS INC | Unresolved | 10/11/2005 | n/a | $ 301,669.56 | $ 9,609.15 |
| 847 | Textron Fastening Systems | GOLDMAN SACHS CREDIT PARTNERS LP | Unresolved | 10/26/2005 | n/a | $ 6,951.33 | $ 40.65 |
| 1 | Small Parts | SMALL PARTS INC | Resolved | 10/04/2005 | $ 32,169.54 | n/a | n/a |
| 5 | S&Z Tool and Die Co., INC | LIQUIDITY SOLUTIONS INC | Resolved | 10/08/2005 | $ 111,882.90 | n/a | n/a |
| 6 | SyZ Rolmex, S. de R.L. de C.V. | LIQUIDITY SOLUTIONS INC | Resolved | 10/08/2005 | $ 4,000.00 | n/a | n/a |
| 7 | Trostel, Ltd | CONTRARIAN FUNDS LLC AS ASSIGNEE OF TROSTEL LTD | Resolved | 10/09/2005 | $ 16,194.53 | n/a | n/a |
| 8 | Steel Technologies, Inc | STEEL TECHNOLOGIES INC | Resolved | 10/08/2005 | $ 52,310.89 | n/a | n/a |
| 10 | Hitachi Chemical (Singapore) Pte. Ltd. | HITACHI CHEMICAL SINGAPORE PTE LTD FKA HITACHI CHEMICAL ASIA PACIFIC PTE LTD | Resolved | 10/10/2005 | $ 219,986.79 | n/a | n/a |
| 11 | ARC Automotive, Inc | ARC AUTOMOTIVE INC | Resolved | 10/10/2005 | $ 218,571.21 | n/a | n/a |
| 12 | U.S. Silica Company | US SILICA COMPANY | Resolved | 10/10/2005 | $ 6,000.00 | n/a | n/a |
| 13 | Material Sciences Corporation | MATERIAL SCIENCES CORPORATION | Resolved | 10/10/2005 | $ 39,830.12 | n/a | n/a |
| 16 | Curtis Screw Company, LLC | MADISON NICHE OPPORTUNITIES LLC | Resolved | 10/08/2005 | $ 52,906.09 | n/a | n/a |
| 18 | Unifrax Corporation | UNIFRAX CORPORATION | Resolved | 10/10/2005 | $ 25,878.10 | n/a | n/a |
| 21 | Novelis Corporation | CONTRARIAN FUNDS LLC | Resolved | 10/10/2005 | $ 33,090.25 | n/a | n/a |
| 22 | Wellman, Inc. | WELLMAN INC | Resolved | 10/10/2005 | $ 28,575.50 | n/a | n/a |
| 24 | GKN Sinter Metals | DEUTSCHE BANK SECURITIES INC | Resolved | 10/10/2005 | $ 32,312.82 | n/a | n/a |
| 25 | Flow Dry Technology Ltd. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF FLOW DRY TECHNOLOGY LTD | Resolved | 10/10/2005 | $ 42,727.58 | n/a | n/a |
| 26 | PTI Engineered Plastics, Inc. | ARGO PARTNERS | Resolved | 10/10/2005 | $ 620.00 | n/a | n/a |
| 35 | HK Metalcraft Mfg Corp | HK METAL CRAFT MFG CORP | Resolved | 10/10/2005 | $ 1,533.05 | n/a | n/a |
| 38 | NEC Electronics America, Inc. | JPMORGAN CHASE BANK NA | Resolved | 10/08/2005 | $ 3,424,138.98 | n/a | n/a |
| 40 | Judd Wire, Inc. | JP MORGAN CHASE BANK | Resolved | 10/09/2005 | $ 232,871.66 | n/a | n/a |
| 41 | Hammond Group, Inc. | LIQUIDITY SOLUTIONS INC AS ASSIGNEE OF HAMMOND GROUP INC | Resolved | 10/10/2005 | $ 15,397.30 | n/a | n/a |
| 45 | SKF USA, INC | SKF USA INC | Resolved | 10/10/2005 | $ 85,147.45 | n/a | n/a |
| 47 | Victory Packaging | VICTORY PACKAGING LP | Resolved | 10/08/2005 | $ 658,509.45 | n/a | n/a |
| 49 | HK Metal Craft Manufacturing Corp. | HK METAL CRAFT MANUFACTURING CORP | Resolved | 10/10/2005 | $ 572.00 | n/a | n/a |
| 50 | HK Metalcraft Manufacturing Corporation-Packard | HK METAL CRAFT MANUFACTURING CORP | Resolved | 10/10/2005 | $ 3,850.28 | n/a | n/a |
| 51 | Thaler Machine Company | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 31,412.25 | n/a | n/a |
| 52 | Select Industries Corp. | SELECT INDUSTRIES CORPORATION FKA SELECT TOOL & DIE CORP | Resolved | 10/10/2005 | $ 20,736.60 | n/a | n/a |
| 53 | INA USA Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF INA USA CORPORATION | Resolved | 10/10/2005 | $ 233,212.96 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 54 | Robin Mexicana, S. de R.L. de C.V. | ROBIN MEXICANA S DE RL DE CV | Resolved | 10/10/2005 | $ 47,982.69 | n/a | n/a |
| 55 | Robin Industries, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 81,341.20 | n/a | n/a |
| 56 | Robin Industries | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 58,220.01 | n/a | n/a |
| 57 | Valeo Switches & Detection Systems, Inc | VALEO SWITCHES AND DETECTION SYSTEMS INC | Resolved | 10/10/2005 | $ 1,653.86 | n/a | n/a |
| 61 | Eagle Picher Automotive | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 20,001.80 | n/a | n/a |
| 62 | Integrated Logistics Solutions | INTEGRATED LOGISTICS SOLUTIONS | Resolved | 10/10/2005 | $ 1,057.80 | n/a | n/a |
| 68 | FAG Automotive | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SCHAEFFLER CANADA INC | Resolved | 10/10/2005 | $ 80,774.09 | n/a | n/a |
| 69 | Angell-Demmel North America | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 13,807.69 | n/a | n/a |
| 70 | Teleflex, Incorporated | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/10/2005 | $ 57,003.23 | n/a | n/a |
| 71 | Carolina Forge Co. LLC | JPMORGAN CHASE BANK NA | Resolved | 10/11/2005 | $ 197,519.25 | n/a | n/a |
| 72 | Meadville Forging Co | JPMORGAN CHASE BANK NA | Resolved | 10/11/2005 | $ 213,681.48 | n/a | n/a |
| 73 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 5,830.84 | n/a | n/a |
| 76 | Ken-Mac Metals | HAIN CAPITAL INVESTORS LLC | Resolved | 10/10/2005 | $ 55,022.63 | n/a | n/a |
| 82 | American & Efird | AMROC INVESTMENTS LLC | Resolved | 10/10/2005 | $ 8,323.61 | n/a | n/a |
| 83 | Prestolite Wire Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF PRESTOLITE WIRE CORPORATION | Resolved | 10/10/2005 | $ 16,141.07 | n/a | n/a |
| 90 | Cascade Die Casting Group, Inc | CASCADE DIE CASTING GROUP | Resolved | 10/10/2005 | $ 11,105.86 | n/a | n/a |
| 93 | ChicagoRivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/11/2005 | $ 2,133.34 | n/a | n/a |
| 95 | Parkview Metal Products Inc | PARKVIEW METAL PRODUCTS | Resolved | 10/10/2005 | $ 17,050.64 | n/a | n/a |
| 96 | Strattec Security Corp | CONTRARIAN FUNDS LLC AS ASSIGNEE OF STRATTEC SECURITY CORP | Resolved | 10/10/2005 | $ 43,124.50 | n/a | n/a |
| 97 | TRANS-MATIC MFG Co Inc | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/11/2005 | $ 6,207.62 | n/a | n/a |
| 98 | Quality Synthetic Rubber Inc. | QUALITY SYNTHETIC RUBBER INC | Resolved | 10/11/2005 | $ 187,197.76 | n/a | n/a |
| 99 | Rohm Electronics USA LLC | ROHM ELECTRONICS USA LLC | Resolved | 10/11/2005 | $ 107,101.70 | n/a | n/a |
| 100 | 3M Company | 3M COMPANY | Resolved | 10/11/2005 | $ 34,337.94 | n/a | n/a |
| 102 | CTS Corp | CTS CORPORATION | Resolved | 10/11/2005 | $ 28,261.53 | n/a | n/a |
| 104 | Pridgeon & Clay, Inc. | PRIDGEON & CLAY INC | Resolved | 10/10/2005 | $ 54,023.95 | n/a | n/a |
| 105 | Park-Ohio Products, Inc. | PARK OHIO PRODUCTS INC | Resolved | 10/11/2005 | $ 45,060.80 | n/a | n/a |
| 108 | Engineered Plastic Components | AFL AUTOMOTIVE LP TEXAS LIMITED PARTNERSHIP/AFL AUTOMOTIVE LIMITED PARTNERSHIP MICHIGAN LIMITED PARTNERSHIP/SPCP GROUP LLC | Resolved | 10/12/2005 | $ 234,212.10 | n/a | n/a |
| 111 | Magnesium Aluminum Corporation | AMROC INVESTMENTS LLC | Resolved | 10/11/2005 | $ 36,684.88 | n/a | n/a |
| 112 | Fawn Industries | FAWN PLASTICS CO INC | Resolved | 10/11/2005 | $ 26,190.18 | n/a | n/a |
| 120 | OSRAM Opto Semiconductors Inc | OSRAM OPTO SEMICONDUCTORS INC | Resolved | 10/11/2005 | $ 88,989.40 | n/a | n/a |
| 122 | Brazeway, Inc | JPMORGAN CHASE BANK NA AS ASSIGNEE OF BRAZEWAY INC | Resolved | 10/11/2005 | $ 101,905.91 | n/a | n/a |
| 123 | J&F Steel LLC/Ryerson Tull | JOSEPH T RYERSON & SON INC | Resolved | 10/10/2005 | $ 4,903.55 | n/a | n/a |
| 124 | Valeo Wiper Systems | VALEO ELECTRICAL SYSTEMS INC WIPERS DIVISION | Resolved | 10/12/2005 | $ 8,518.50 | n/a | n/a |
| 125 | Valeo | VALEO CLIMATE CONTROL CORPORATION | Resolved | 10/10/2005 | $ 156,725.41 | n/a | n/a |
| 126 | Mubea | MUBEA INC | Resolved | 10/11/2005 | $ 132,206.98 | n/a | n/a |
| 128 | MTD Technologies | CONTRARIAN FUNDS LLC AS ASSIGNEE OF MTD TECHNOLOGIES INC | Resolved | 10/12/2005 | $ 16,294.70 | n/a | n/a |
| 130 | Republic Engineered Products, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/10/2005 | $ 305,961.91 | n/a | n/a |
| 131 | Sony Electronics Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 12,250.00 | n/a | n/a |
| 135 | Robin Industries, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 4,266.38 | n/a | n/a |
| 136 | Robin Industries, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 20,668.09 | n/a | n/a |
| 137 | Robin Industries, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 27,814.26 | n/a | n/a |

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 146 | Affinia Canada Corp. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 10,000.00 | n/a | n/a |
| 149 | Sharp Electronics Corporation | LONGACRE MASTER FUND LTD AS ASSIGNEE/TRANSFEREE OF SHARP ELECTRONICS CORP | Resolved | 10/11/2005 | $ 40,000.00 | n/a | n/a |
| 153 | Molex Connector Corporation | TPG CREDIT STRATEGIES FUND LP | Resolved | 10/11/2005 | $ 325,797.70 | n/a | n/a |
| 157 | Cardone Industries, Inc | CARDONE INDUSTRIES INC | Resolved | 10/12/2005 | $ 9,760.00 | n/a | n/a |
| 158 | Muskegon Casting Corp. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 11,566.85 | n/a | n/a |
| 163 | Eaton Corporation | LIQUIDITY SOLUTIONS INC AS ASSIGNEE OF EATON CORPORATION | Resolved | 10/10/2005 | $ 107,257.28 | n/a | n/a |
| 165 | Precision Stamping | SPCP GROUP LLC AS ASSIGNEE OF PRECISION DIE & STAMPING INC | Resolved | 10/12/2005 | $ 16,615.31 | n/a | n/a |
| 166 | Johnson Battery Company, Inc. | JOHNSON BATTERY COMPANY INC | Resolved | 10/12/2005 | $ 13,494.00 | n/a | n/a |
| 176 | Lunt Manufacturing Company | STONEHILL INSTITUTIONAL PARTNERS LP | Resolved | 10/11/2005 | $ 10,000.00 | n/a | n/a |
| 178 | Spring Engineering & Manufacturing Corporation | MADISON INVESTMENT TRUST SERIES 38 | Resolved | 10/11/2005 | $ 5,293.69 | n/a | n/a |
| 184 | American Coil Spring Company, Inc. | AMERICAN COIL SPRING COMPANY | Resolved | 10/12/2005 | $ 6,798.05 | n/a | n/a |
| 185 | Hilite International, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 2,422.72 | n/a | n/a |
| 186 | Milliken & Company | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 202,412.11 | n/a | n/a |
| 188 | Trelleborg Automotive | CONTRARIAN FUNDS LLC AS ASSIGNEE OF TRELLEBORG YSH SA DE CV/CONTRARIAN FUNDS LLC AS ASSIGNEE OF TRELLEBORG YSH INC | Resolved | 10/10/2005 | $ 15,865.76 | n/a | n/a |
| 189 | Otto Bock Polyurethane Technologies, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 130,000.00 | n/a | n/a |
| 191 | ATF, Incorporated | ACCURATE THREADED FASTENERS INC ATF INC | Resolved | 10/11/2005 | $ 71,376.60 | n/a | n/a |
| 195 | Engineered Sintered Components - Hain Capital Holdings, LLC | HAIN CAPITAL INVESTORS LLC | Resolved | 10/12/2005 | $ 7,443.36 | n/a | n/a |
| 200 | Gobar Systems | GOBAR SYSTEMS INC | Resolved | 10/12/2005 | $ 2,848.88 | n/a | n/a |
| 201 | Fulton Industries, Inc. | FULTON INDUSTRIES INC | Resolved | 10/12/2005 | $ 912.23 | n/a | n/a |
| 203 | CTS of Canada | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 3,120.45 | n/a | n/a |
| 205 | H & L Tool Company, Inc. | H & L TOOL COMPANY INC | Resolved | 10/09/2005 | $ 7,344.65 | n/a | n/a |
| 206 | Wamco, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/11/2005 | $ 63,001.69 | n/a | n/a |
| 207 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/12/2005 | $ 1,553.52 | n/a | n/a |
| 215 | Chicago Rivet & Machine Company | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 1,735.38 | n/a | n/a |
| 217 | Iriso USA, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/12/2005 | $ 58,853.42 | n/a | n/a |
| 218 | GE Thermometrics, Inc. | GE INFRASTRUCTURE SENSING | Resolved | 10/13/2005 | $ 42,903.31 | n/a | n/a |
| 219 | Boyd Corporation | BOYD CORPORATION | Resolved | 10/12/2005 | $ 16,738.79 | n/a | n/a |
| 222 | Elgin Die Mold Company | LIQUIDITY SOLUTIONS INC | Resolved | 10/10/2005 | $ 2,668.00 | n/a | n/a |
| 228 | Illinois Tool Works | Multiple Owners | Resolved | 10/12/2005 | $ 244,697.11 | n/a | n/a |
| 229 | EFTEC North America | EFTEC NORTH AMERICA | Resolved | 10/12/2005 | $ 14,711.99 | n/a | n/a |
| 230 | AMI Industries, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 184.23 | n/a | n/a |
| 232 | Metal Cladding, Inc. | METAL CLADDING INC | Resolved | 10/12/2005 | $ 14,090.99 | n/a | n/a |
| 235 | Assembly System Innovators | CONTRARIAN FUNDS LLC | Resolved | 10/10/2005 | $ 325.80 | n/a | n/a |
| 239 | Lexington Connector Seals | LEXINGTON RUBBER GROUP INC | Resolved | 10/12/2005 | $ 12,451.81 | n/a | n/a |
| 241 | GE Silicones | GE SILICONES | Resolved | 10/13/2005 | $ 37,338.82 | n/a | n/a |
| 242 | Teleflex Incorporated | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 4,315.42 | n/a | n/a |
| 244 | Cherry GmbH | CHERRY GMBH | Resolved | 10/11/2005 | $ 161,563.08 | n/a | n/a |
| 245 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 11,201.77 | n/a | n/a |
| 247 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/12/2005 | $ 822.47 | n/a | n/a |
| 249 | Lexington Connector Seals | LEXINGTON RUBBER GROUP INC | Resolved | 10/12/2005 | $ 28,390.99 | n/a | n/a |
| 252 | Reliable Casting Corporation | RELIABLE CASTING CORP SIDNEY DIV | Resolved | 10/12/2005 | $ 37,324.15 | n/a | n/a |
| 253 | Master Molded Products Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 21,774.05 | n/a | n/a |
| 254 | CTS Automotive Products | CTS CORPORATION | Resolved | 10/11/2005 | $ 77,431.40 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 255 | SEPR Ceramic Beads and Powders | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 35,310.00 | n/a | n/a |
| 258 | N.D.K. America, Inc. | LATIGO MASTER FUND LTD | Resolved | 10/12/2005 | $ 145,267.57 | n/a | n/a |
| 259 | Foster Electric (U.S.A.), Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 433.60 | n/a | n/a |
| 262 | VJ TECHNOLOGIES, INC. | LONGACRE MASTER FUND LTD | Resolved | 10/12/2005 | $ 60,000.00 | n/a | n/a |
| 263 | Carlton-Bates Company | CARLTON BATES COMPANY | Resolved | 10/11/2005 | $ 66,627.99 | n/a | n/a |
| 266 | Integrated Cable Systems, Inc. | INTEGRATED CABLE SYSTEMS INC | Resolved | 10/12/2005 | $ 28,105.36 | n/a | n/a |
| 267 | Arrow Sheet Metal Co. | ARROW SHEET METAL PRODUCTS CO | Resolved | 10/12/2005 | $ 6,367.31 | n/a | n/a |
| 269 | Markel Corporation | MARKEL CORP | Resolved | 10/10/2005 | $ 8,585.01 | n/a | n/a |
| 271 | Hollingsworth & Vose Company | HOLLINGSWORTH & VOSE CO | Resolved | 10/11/2005 | $ 5,984.96 | n/a | n/a |
| 273 | Tokico (USA) Incorporated | DEUTSCHE BANK SECURITIES INC | Resolved | 10/11/2005 | $ 466.56 | n/a | n/a |
| 275 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 495.50 | n/a | n/a |
| 277 | Graber-Rogg, Inc. | GRABER ROGG INC | Resolved | 10/11/2005 | $ 1,376.07 | n/a | n/a |
| 281 | Graber Rogg, Inc. | GRABER ROGG INC | Resolved | 10/12/2005 | $ 26,352.82 | n/a | n/a |
| 282 | Casco Products Corporation | CASCO PRODUCTS CORPORATION | Resolved | 10/05/2005 | $ 5,760.48 | n/a | n/a |
| 289 | Automotive Electronic Controls | BLUE ANGEL CLAIMS LLC | Resolved | 10/11/2005 | $ 3,268.34 | n/a | n/a |
| 291 | Motorola | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 39,060.00 | n/a | n/a |
| 292 | Stueken, LLC | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/11/2005 | $ 12,760.50 | n/a | n/a |
| 296 | Total Component Solutions | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 900.36 | n/a | n/a |
| 297 | United Plastics Group, Inc. | UNITED PLASTICS GROUP/UPC DE MEXICO S DE RL DE CV | Resolved | 10/13/2005 | $ 12,681.59 | n/a | n/a |
| 305 | Millenium Industries Corporation Cass City | CONTRARIAN FUNDS LLC | Resolved | 10/13/2005 | $ 1,942.04 | n/a | n/a |
| 306 | Emhart Teknologies | EMHART TEKNOLOGIES LLC | Resolved | 10/13/2005 | $ 27,128.77 | n/a | n/a |
| 307 | M & S Manufacturing | M & S MANUFACTURING COMPANY | Resolved | 10/13/2005 | $ 13,620.06 | n/a | n/a |
| 308 | Cataler North America Corporation | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/13/2005 | $ 18,298.73 | n/a | n/a |
| 309 | Ralco Industries | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 26,986.10 | n/a | n/a |
| 313 | International Rectifier | INTERNATIONAL RECTIFIER CORPORATION | Resolved | 10/11/2005 | $ 25,243.50 | n/a | n/a |
| 315 | Stanley Electric Sales of America, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 145,690.87 | n/a | n/a |
| 319 | Panasonic Automotive Systems Company of America | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/13/2005 | $ 78,475.89 | n/a | n/a |
| 320 | International Resistive Co., Inc. | INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION/INTERNATIONAL RESISTIVE COMPANY ADVANCED FILM DIVISION/TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/13/2005 | $ 1,716.07 | n/a | n/a |
| 322 | Murata Electronic North America | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/12/2005 | $ 115,579.28 | n/a | n/a |
| 323 | Catalytic Solutions | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 9,345.36 | n/a | n/a |
| 328 | INA USA Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF INA USA CORPORATION | Resolved | 10/10/2005 | $ 32,662.29 | n/a | n/a |
| 331 | Kamax S.A.U. | KAMAX SAU | Resolved | 10/13/2005 | $ 1,803.58 | n/a | n/a |
| 333 | Rohm and Haas Company | CABLE TECHNOLOGIESINC | Resolved | 10/13/2005 | $ 18,966.38 | n/a | n/a |
| 334 | Rohm and Haas Company | ROHM AND HAAS CO | Resolved | 10/10/2005 | $ 25,117.91 | n/a | n/a |
| 335 | TT Electronics | TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/14/2005 | $ 1,320.21 | n/a | n/a |
| 338 | Graber-Rogg, Inc. | GRABER ROGG INC | Resolved | 10/11/2005 | $ 2,547.30 | n/a | n/a |
| 341 | Rotor Clip Company, Inc. | ROTOR CLIP COMPANY INC | Resolved | 10/13/2005 | $ 14,497.86 | n/a | n/a |
| 344 | Olson International Ltd. | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 27,979.91 | n/a | n/a |
| 345 | International Resistive Company, Advanced Film Division | INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION/TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/13/2005 | $ 77,693.93 | n/a | n/a |
| 349 | Unisource Worldwide, Inc. | UNISOURCE WORLDWIDE INC | Resolved | 10/12/2005 | $ 43.84 | n/a | n/a |
| 352 | Taurus International Corporation | SOL - TAURUS INTERNATIONAL CORP | Resolved | 10/13/2005 | $ 38,818.19 | n/a | n/a |
| 353 | RBC Bearings | RBC BEARINGS | Resolved | 10/13/2005 | $ 21,375.00 | n/a | n/a |

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 354 | Wright Plastic Products Co., LLC | CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 20,691.18 | n/a | n/a |
| 356 | Tech Tool & Mold, Inc. | TECH TOOL & MOLD INC EFT | Resolved | 10/13/2005 | $ 45,859.51 | n/a | n/a |
| 359 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 1,827.00 | n/a | n/a |
| 360 | Multibase Inc. | MULTIBASE INC | Resolved | 10/14/2005 | $ 4,345.60 | n/a | n/a |
| 361 | CYRO INDUSTRIES | SPCP GROUP LLC | Resolved | 10/14/2005 | $ 80,704.28 | n/a | n/a |
| 365 | Dow Corning Corporation | DOW CORNING CORP | Resolved | 10/14/2005 | $ 12,809.61 | n/a | n/a |
| 373 | American Electronic Components Inc. | SIEMENS VDO AUTOMOTIVE CORPORATION ASSIGNEE OF AMERICAN ELECTRONIC COMPONENTS INC | Resolved | 10/14/2005 | $ 11,006.25 | n/a | n/a |
| 374 | ST MICROELECTRONICS, INC. | LONGACRE MASTER FUND LTD | Resolved | 10/12/2005 | $ 153,204.95 | n/a | n/a |
| 375 | Batesville Die & Die, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 20,647.07 | n/a | n/a |
| 378 | J.O. Galloup Co. | MADISON NICHE OPPORTUNITIES LLC | Resolved | 10/11/2005 | $ 1,000.00 | n/a | n/a |
| 379 | Kendall Electric Inc | MIDTOWN CLAIMS LLC | Resolved | 10/10/2005 | $ 97,429.07 | n/a | n/a |
| 381 | Silicon Laboratories, Inc. | SILICON LABORATORIES INC | Resolved | 10/13/2005 | $ 9,726.81 | n/a | n/a |
| 384 | ETCO Automotive Products | CONTRARIAN FUNDS LLC AS ASSIGNEE OF ETCO | Resolved | 10/13/2005 | $ 1,072.80 | n/a | n/a |
| 386 | Olson International, LTD. | AMROC INVESTMENTS LLC | Resolved | 10/12/2005 | $ 32,874.85 | n/a | n/a |
| 391 | Eaton Corp | EATON AEROQUIP DE MEXICO SA DE CV | Resolved | 10/10/2005 | $ 5,813.32 | n/a | n/a |
| 393 | Fujikura American, Inc. | FUJIKURA AMERICA INC | Resolved | 10/14/2005 | $ 15,482.28 | n/a | n/a |
| 394 | Century Mold & Tool | CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 75,000.00 | n/a | n/a |
| 396 | American Molder Products | AMERICAN MOLDED PRODUCTS | Resolved | 10/13/2005 | $ 498.74 | n/a | n/a |
| 400 | NGK Automotive Ceramics USA, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 425,192.03 | n/a | n/a |
| 401 | Linear Technology Corporation | LINEAR TECHNOLOGY CORPORATION | Resolved | 10/13/2005 | $ 116,070.80 | n/a | n/a |
| 402 | Tadiran Batteries | ARGO PARTNERS | Resolved | 10/13/2005 | $ 11,524.40 | n/a | n/a |
| 407 | Scientific Tube, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/14/2005 | $ 31,000.00 | n/a | n/a |
| 415 | KARL KUEFNER, KG | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 16,927.66 | n/a | n/a |
| 417 | Stoneridge, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF STONERIDGE INC FOR ITSELF AND ET AL | Resolved | 10/14/2005 | $ 12,103.66 | n/a | n/a |
| 418 | Forest City Technologies, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 9,009.31 | n/a | n/a |
| 423 | Armada Rubber Manufacturing Co. | ASM CAPITAL LP | Resolved | 10/08/2005 | $ 1,210.00 | n/a | n/a |
| 424 | Hosiden American Corporation | FAIR HARBOR CAPITAL LLC | Resolved | 10/14/2005 | $ 1,423.64 | n/a | n/a |
| 425 | Marian Inc. | MARIAN INC FKA MARIAN RUBBER PRODUCTS | Resolved | 10/13/2005 | $ 25,605.91 | n/a | n/a |
| 426 | Acushnet Rubber Co., Inc | ACUSHNET RUBBER COMPANY INC DBA PRECIX | Resolved | 10/14/2005 | $ 14,588.49 | n/a | n/a |
| 427 | Eikenberry & Associates, Inc | EIKENBERRY & ASSOCIATES INC | Resolved | 10/17/2005 | $ 1,530.60 | n/a | n/a |
| 428 | Sinclair & Rush, Inc | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 3,491.22 | n/a | n/a |
| 429 | Americhem, Inc. | AMERICHEM INC | Resolved | 10/10/2005 | $ 6,797.43 | n/a | n/a |
| 430 | AVX Corporation | AVX CORP | Resolved | 10/13/2005 | $ 11,894.48 | n/a | n/a |
| 434 | Nichicon America Corp | SPCP GROUP LLC | Resolved | 10/14/2005 | $ 5,052.44 | n/a | n/a |
| 437 | Sagami Amercia, Ltd. | SAGAMI AMERICA LTD | Resolved | 10/14/2005 | $ 22,443.37 | n/a | n/a |
| 440 | Tessier Machine Co. | TESSIER MACHINE CO | Resolved | 10/13/2005 | $ 14,880.00 | n/a | n/a |
| 441 | TDK Corporation | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/13/2005 | $ 172,706.22 | n/a | n/a |
| 442 | Mabuchi Motor America Corp | MABUCHI MOTOR AMERICA CORP | Resolved | 10/14/2005 | $ 875.54 | n/a | n/a |
| 446 | Chicago Rivet | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 871.08 | n/a | n/a |
| 450 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 60,936.01 | n/a | n/a |
| 453 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 82,085.30 | n/a | n/a |
| 454 | United Chemi-Con, Inc. | UNITED CHEMI CON INC | Resolved | 10/10/2005 | $ 22,311.50 | n/a | n/a |
| 455 | Sensus Precision Die Casting, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/17/2005 | $ 101,745.58 | n/a | n/a |
| 464 | Nu Horizons Electronics Corp. | NU HORIZONS ELECTRONICS CORP | Resolved | 10/11/2005 | $ 30,455.00 | n/a | n/a |
| 465 | Penn Aluminum International, Inc. | PENN ALUMINUM INTERNATIONAL INC | Resolved | 10/14/2005 | $ 22,680.99 | n/a | n/a |
| 466 | Jideco of Bardstown, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 6,636.00 | n/a | n/a |
| 469 | Associated Spring, Barnes Group Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 37,650.77 | n/a | n/a |
| 470 | Delta Products Corporation | DELTA PRODUCTS CORPORATION | Resolved | 10/14/2005 | $ 12,986.67 | n/a | n/a |
| 472 | Export Corporation | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/17/2005 | $ 11,691.36 | n/a | n/a |
| 474 | Whirlaway Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF WHIRLAWAY CORPORATION | Resolved | 10/17/2005 | $ 26,238.62 | n/a | n/a |
| 476 | Eagle Picher Automotive - Wolverine Gasket Division | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 7,994.48 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 483 | Capsonic Group LLC | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/12/2005 | $ 4,337.21 | n/a | n/a |
| 487 | Hewitt Tool & Die Inc. | HEWITT TOOL & DIE INC | Resolved | 10/17/2005 | $ 7,828.35 | n/a | n/a |
| 491 | St. Clair Plastics Co. | CONSOLIDATED INDUSTRIAL CORP | Resolved | 10/18/2005 | $ 3,795.99 | n/a | n/a |
| 492 | KOSTAL Mexicana, S.A. de C.V. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/14/2005 | $ 11,188.73 | n/a | n/a |
| 497 | RF Monolithics | ASM CAPITAL II LP | Resolved | 10/14/2005 | $ 160,435.27 | n/a | n/a |
| 498 | Breen Color Concentrates, Inc. | BREEN COLOR CONCENTRATES INC | Resolved | 10/14/2005 | $ 5,107.39 | n/a | n/a |
| 501 | Feintool of Cincinnati, Inc. | AMROC INVESTMENTS LLC AS ASSIGNEE OF FEINTOOL CINCINATTI INC/AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 87,992.63 | n/a | n/a |
| 503 | Kostal of America, Inc | KOSTAL OF AMERICA INC/SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/14/2005 | $ 2,094.80 | n/a | n/a |
| 505 | Fittings Products Co. LLC d/b/a Lake Erie Products-Livonia | SIERRA LIQUIDITY FUND LLC | Resolved | 10/14/2005 | $ 4,797.32 | n/a | n/a |
| 506 | LAKE ERIE PRODUCTS INC | LAKE ERIE PRODUCTS INC | Resolved | 10/14/2005 | $ 14,082.57 | n/a | n/a |
| 514 | Electro Dynamics Crystal Corporation | ELECTRO DYNAMICS CRYSTAL CORPORATION | Resolved | 10/18/2005 | $ 2,960.00 | n/a | n/a |
| 516 | Carlisle Engineered Products, Inc. | CARLISLE ENGINEERED PRODUCTS INC | Resolved | 10/17/2005 | $ 168,880.61 | n/a | n/a |
| 521 | Olin Corp. | BANK OF AMERICA N A | Resolved | 10/10/2005 | $ 19,461.00 | n/a | n/a |
| 522 | Kickhafer Manufacturing Company | KICKHAEFER MANUFACTURING CO KMC | Resolved | 10/13/2005 | $ 37,150.59 | n/a | n/a |
| 526 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 903.60 | n/a | n/a |
| 528 | American Aikoku Alpha, Inc. | AMERICAN AIKOKU ALPHA INC | Resolved | 10/17/2005 | $ 5,823.94 | n/a | n/a |
| 530 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 4,507.28 | n/a | n/a |
| 531 | Werner Co. | WERNER CO | Resolved | 10/17/2005 | $ 952.91 | n/a | n/a |
| 533 | CTS Corporation | CTS CORPORATION | Resolved | 10/17/2005 | $ 2,258.44 | n/a | n/a |
| 536 | Continental/Midland LLC | CONTINENTAL MIDLAND LLC | Resolved | 10/18/2005 | $ 1,386.73 | n/a | n/a |
| 544 | OMG Americas, Inc. | OMG AMERICAS INC | Resolved | 10/18/2005 | $ 6,000.00 | n/a | n/a |
| 546 | Pioneer N.A., Inc. | WHITEBOX HEDGED HIGH YIELD PARTNERS LP | Resolved | 10/17/2005 | $ 40,059.72 | n/a | n/a |
| 552 | Henkel Loctite | HENKEL CORPORATION HENKEL LOCTITE | Resolved | 10/11/2005 | $ 177.36 | n/a | n/a |
| 553 | Sherwin-Williams Company | SHERWIN WILLIAMS COMPANY | Resolved | 10/13/2005 | $ 7,325.94 | n/a | n/a |
| 555 | Dow Corning Corporation | DOW CORNING CORP | Resolved | 10/17/2005 | $ 14,446.67 | n/a | n/a |
| 557 | Raetech Corporation | RAETECH CORPORATION | Resolved | 10/18/2005 | $ 4,500.00 | n/a | n/a |
| 577 | Commodity Management Services LTD. | COMMODITY MGMT SVCS GBS PRINTED PRODS & SYS | Resolved | 10/17/2005 | $ 511.95 | n/a | n/a |
| 578 | Capsonic Automotive, Inc. | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/12/2005 | $ 2,714.88 | n/a | n/a |
| 585 | EIS Inc. | EIS INC | Resolved | 10/18/2005 | $ 570.00 | n/a | n/a |
| 586 | Kurz-Kasch Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/18/2005 | $ 8,638.40 | n/a | n/a |
| 591 | Pax Machine Works, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF PAX MACHINE WORKS INC | Resolved | 10/18/2005 | $ 865.58 | n/a | n/a |
| 592 | Hitchiner Manufacturing Co., Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF HITCHINER MANUFACTURING CO INC | Resolved | 10/17/2005 | $ 8,179.67 | n/a | n/a |
| 594 | Parker- Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 8,163.60 | n/a | n/a |
| 596 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 513.10 | n/a | n/a |
| 598 | THE GLEASON WORKS | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 27,955.00 | n/a | n/a |
| 605 | FEDERAL SCREW WORKS | FEDERAL SCREW WORKS | Resolved | 10/18/2005 | $ 4,013.35 | n/a | n/a |
| 606 | Sanders Lead Co., Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 79,676.69 | n/a | n/a |
| 608 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 2,758.89 | n/a | n/a |
| 609 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 386.01 | n/a | n/a |
| 611 | UNISOURCE WORLDWIDE INC | UNISOURCE WORLDWIDE INC | Resolved | 10/18/2005 | $ 5,500.00 | n/a | n/a |
| 615 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/11/2005 | $ 12,642.17 | n/a | n/a |
| 617 | Alegre,  Inc. | ALEGRE INC | Resolved | 10/18/2005 | $ 20,154.39 | n/a | n/a |
| 620 | Nisshinbo Automotive Corporation | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/18/2005 | $ 27,446.05 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 626 | Micro Motion, Inc. | MICRO MOTION INC | Resolved | 10/18/2005 | $ 5,895.03 | n/a | n/a |
| 628 | Tessy Plastics Corporation | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/18/2005 | $ 9,176.58 | n/a | n/a |
| 630 | Diemolding Corporation | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 941.46 | n/a | n/a |
| 632 | GCi Technologies | CONTRARIAN FUNDS LLC | Resolved | 10/18/2005 | $ 5,981.92 | n/a | n/a |
| 641 | Veritas Software Corporation | VERITAS SOFTWARE CORPORATION | Resolved | 10/19/2005 | $ 7,909.10 | n/a | n/a |
| 642 | ITT Industries, Inc. | ITT CANNON NEWTON | Resolved | 10/18/2005 | $ 11,604.80 | n/a | n/a |
| 644 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 898.38 | n/a | n/a |
| 645 | Camoplast Thermoplastic Group | CONTRARIAN FUNDS LLC AS ASSIGNEE OF CAMOPLAST INCORPORATED | Resolved | 10/14/2005 | $ 88,544.81 | n/a | n/a |
| 652 | Optrex America Inc. | OPTREX AMERICA INC | Resolved | 10/20/2005 | $ 25,974.39 | n/a | n/a |
| 653 | Precision Resource, Inc. | PRECISION RESOURCE INC KY DIV | Resolved | 10/20/2005 | $ 13,539.00 | n/a | n/a |
| 657 | Phillips Plastics Corporation | CONTRARIAN FUNDS LLC | Resolved | 10/18/2005 | $ 9,001.06 | n/a | n/a |
| 661 | Maxim Integrated Products, LLC. | MAXIM INTEGRATED PRODUCTS INC | Resolved | 10/18/2005 | $ 22,730.81 | n/a | n/a |
| 662 | Trelleborg Palmer Chenard | SOL - TRELLEBORG PALMER CHENARD | Resolved | 10/18/2005 | $ 3,477.60 | n/a | n/a |
| 665 | United Machining, Inc. | UNITED MACHINING INC | Resolved | 10/17/2005 | $ 1,532.85 | n/a | n/a |
| 668 | HITACHI AUTOMOTIVE PRODUCTS | DEUTSCHE BANK SECURITIES INC | Resolved | 10/18/2005 | $ 27,569.59 | n/a | n/a |
| 678 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 1,819.75 | n/a | n/a |
| 679 | Millwood, Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 300.00 | n/a | n/a |
| 684 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 2,000.00 | n/a | n/a |
| 695 | Gemini Group, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SIERRA PLASTICS INC AKA SIERRA EL PASO/CONTRARIAN FUNDS LLC AS ASSIGNEE OF GEMINI PLASTICS INC | Resolved | 10/14/2005 | $ 14,138.65 | n/a | n/a |
| 697 | Diodes Incorporated | DIODES INCORPORATED | Resolved | 10/18/2005 | $ 1,421.23 | n/a | n/a |
| 701 | Parker-Hannifin Corporation, Parker Seals | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 3,621.90 | n/a | n/a |
| 703 | Wakefield Thermal Solutions | WAKEFIELD THERMAL SOLUTIONS | Resolved | 10/18/2005 | $ 186.68 | n/a | n/a |
| 707 | Midwest Stamping, Inc. | MIDWEST STAMPING INC | Resolved | 10/20/2005 | $ 1,242.18 | n/a | n/a |
| 719 | Electronic Services, LLC, d.b.a. CSI Electronics | CONTRARIAN FUNDS LLC AS ASSIGNEE OF ELECTRONIC SERVICES LLC DBA CSI ELECTRONICS | Resolved | 10/20/2005 | $ 29,610.00 | n/a | n/a |
| 723 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 429.53 | n/a | n/a |
| 725 | Avnet, Inc. | AVNET INC | Resolved | 10/20/2005 | $ 67,613.23 | n/a | n/a |
| 728 | Security Plastics Division/NMC, LLC | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SP DIV NMC LLC | Resolved | 10/18/2005 | $ 5,367.21 | n/a | n/a |
| 729 | Contrarian Capital Management LLC | BANK OF AMERICA N A/CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 57,484.77 | n/a | n/a |
| 732 | Photo Stencil, LLC | CONTRARIAN FUNDS LLC | Resolved | 10/20/2005 | $ 5,295.00 | n/a | n/a |
| 747 | Standard Microsystems Corporation | STANDARD MICROSYSTEMS CORPORATION | Resolved | 10/20/2005 | $ 19,067.40 | n/a | n/a |
| 753 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 19,657.49 | n/a | n/a |
| 756 | Fujikoki America, Inc. | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/13/2005 | $ 102,600.39 | n/a | n/a |
| 758 | Parker- Hannifin, Eng.Seals Division | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 3,679.78 | n/a | n/a |
| 765 | United Stars Industries, Inc. | CONTRARIAN FUNDS LLC AS TRANSFEREE OF UNITED STARS INDUSTRIES INC | Resolved | 10/24/2005 | $ 11,853.70 | n/a | n/a |
| 768 | NMB Technologies Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/20/2005 | $ 4,056.80 | n/a | n/a |
| 771 | Engelhard Corporation | BLUE ANGEL CLAIMS LLC | Resolved | 10/11/2005 | $ 85,576.07 | n/a | n/a |
| 772 | Premier Products, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/17/2005 | $ 10,671.05 | n/a | n/a |
| 775 | CoorsTek, Inc. | COORSTEK INC | Resolved | 10/10/2005 | $ 30,318.20 | n/a | n/a |
| 776 | KL Industries, Inc. | ARGO PARTNERS | Resolved | 10/14/2005 | $ 4,872.55 | n/a | n/a |
| 779 | MacArthur Corporation | JPMORGAN CHASE BANK NA | Resolved | 10/13/2005 | $ 154,170.00 | n/a | n/a |
| 782 | Parker Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 47,748.95 | n/a | n/a |
| 786 | Wako Electronics (USA) Inc. | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 4,244.00 | n/a | n/a |
| 795 | Phillips Optical Storage | LATIGO MASTER FUND LTD | Resolved | 10/12/2005 | $ 34,369.12 | n/a | n/a |
| 797 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 339.51 | n/a | n/a |
| 798 | GKN Sinter Metals Limited | DEUTSCHE BANK SECURITIES INC | Resolved | 10/17/2005 | $ 11,600.00 | n/a | n/a |
| 800 | Philips Semiconductors, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/12/2005 | $ 194,274.52 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 802 | Mobile Display Systems | MOBILE DISPLAY SYSTEMS | Resolved | 10/14/2005 | $ 25,930.54 | n/a | n/a |
| 804 | Tal-Port Industries, LLC/Stonehill Institutional Partners L.P. | STONEHILL INSTITUTIONAL PARTNERS LP | Resolved | 10/14/2005 | $ 30,013.94 | n/a | n/a |
| 805 | Speedline Technologies, Inc. | TPG CREDIT OPPORTUNITIES INVESTORS LP | Resolved | 10/19/2005 | $ 189,005.00 | n/a | n/a |
| 807 | Assembleon America, Inc. | LATIGO MASTER FUND LTD | Resolved | 10/21/2005 | $ 13,170.09 | n/a | n/a |
| 811 | Schleuniger, Inc. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 15,470.75 | n/a | n/a |
| 816 | Northern Engraving Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 35,503.86 | n/a | n/a |
| 817 | PD George Co. | LONGACRE MASTER FUND LTD | Resolved | 10/18/2005 | $ 4,723.53 | n/a | n/a |
| 818 | Seal Design, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/20/2005 | $ 1,388.63 | n/a | n/a |
| 820 | Futaba Corporation of America | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 197,369.77 | n/a | n/a |
| 823 | Rosemount Analytical | ROSEMOUNT ANALYTICAL | Resolved | 10/20/2005 | $ 1,340.00 | n/a | n/a |
| 824 | Viking Plastics | ASM CAPITAL LP | Resolved | 10/11/2005 | $ 5,547.35 | n/a | n/a |
| 826 | Worthington Precision Metals, Inc. | SOL - WORTHINGTON PRECISION METALS INC | Resolved | 10/14/2005 | $ 23,230.90 | n/a | n/a |
| 829 | MN Corporation | MADISON INVESTMENT TRUST SERIES 38 | Resolved | 10/12/2005 | $ 25,163.47 | n/a | n/a |
| 832 | Omron Dualtec Automotive Electronics, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF OMRON DUALTEC AUTOMOTIVE ELECTRONICS INC | Resolved | 10/11/2005 | $ 85,411.74 | n/a | n/a |
| 834 | CTS Corporation | CTS CORPORATION | Resolved | 10/10/2005 | $ 49,457.69 | n/a | n/a |
| 836 | AVM, Inc. | AVM INDUSTRIES LLC | Resolved | 10/12/2005 | $ 1,988.61 | n/a | n/a |
| 838 | Daishinku (America) Corp. d/b/a KDS America | DAISHINKU AMERICA CORP DBA KDS AMERICA | Resolved | 10/17/2005 | $ 15,181.24 | n/a | n/a |
| 840 | Coats American, Inc. | COATS AMERICAN INC | Resolved | 10/14/2005 | $ 3,170.89 | n/a | n/a |
| 841 | Alps Automotive, Inc. | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/18/2005 | $ 37,893.60 | n/a | n/a |
| 843 | First Technology Holdings, Inc. | FIRST TECHNOLOGY HOLDINGS INC AND AFFILIATES AND SUBSIDIARIES AND CONTROL DEVICES INC AND FIRST INERTIA SWITCH LIMITED | Resolved | 10/16/2005 | $ 23,525.65 | n/a | n/a |
| 849 | Dell Receivables | DELL INC | Resolved | 10/18/2005 | $ 12,218.83 | n/a | n/a |
| 852 | Texas Instruments | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/17/2005 | $ 64,270.14 | n/a | n/a |
| 857 | CTS Automotive Products | CTS CORPORATION | Resolved | 10/10/2005 | $ 3,735.50 | n/a | n/a |
| 858 | Micronas | MICRONAS GMBH | Resolved | 10/27/2005 | $ 18,090.00 | n/a | n/a |
| 859 | Precision Fitting and Gauge Co. | PRECISION FITTING & GAUGE CO | Resolved | 10/27/2005 | $ 892.00 | n/a | n/a |
| 863 | NSK Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 26,521.34 | n/a | n/a |
| 864 | Coilcraft Inc. | COILCRAFT INC | Resolved | 10/12/2005 | $ 4,434.68 | n/a | n/a |
| 865 | PlastiCert | ARGO PARTNERS | Resolved | 10/18/2005 | $ 9,978.00 | n/a | n/a |
| 867 | Schleuniger | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/21/2005 | $ 17,095.00 | n/a | n/a |
| 869 | Transfer Tool Products, Inc. | TRANSFER TOOL PRODUCTS INC | Resolved | 10/13/2005 | $ 1,186.74 | n/a | n/a |
| 883 | Fujitsu Components America, Inc. | FUJITSU COMPONENTS AMERICA INC | Resolved | 10/27/2005 | $ 2,018.40 | n/a | n/a |
| 884 | Parker Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 3,151.81 | n/a | n/a |
| 887 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 339.94 | n/a | n/a |
| 888 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 998.52 | n/a | n/a |
| 889 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/11/2005 | $ 10,551.65 | n/a | n/a |
| 892 | Parker Seals | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 1,787.81 | n/a | n/a |
| 904 | The Lighting Company | THE LIGHTING COMPANY | Resolved | 10/14/2005 | $ 791.97 | n/a | n/a |
| 905 | DuPont Powder Coatings LLC | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 8,317.35 | n/a | n/a |
| 908 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/07/2005 | $ 153.83 | n/a | n/a |
| 911 | Metal Surfaces, Inc. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 14,486.60 | n/a | n/a |
| 915 | Engineered Materials Solutions | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 43,198.89 | n/a | n/a |
| 916 | Key Safety Systems, Inc. | KEY SAFETY SYSTEMS & SUBSIDIARIES | Resolved | 10/14/2005 | $ 3,803.60 | n/a | n/a |

$ 16,181,727.91   $ 18,802,421.99

## EXHIBIT B

1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 05-44481

5    - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    DELPHI CORPORATION,

9

10            Debtor.

11

12    - - - - - - - - - - - - - - - - - - - -x

13

14                    U.S. Bankruptcy Court

15                    One Bowling Green

16                    New York, New York

17

18                    August 17, 2006

19                    10:05 a.m.

20

21    B E F O R E:

22    HON. ROBERT D. DRAIN

23    U.S. BANKRUPTCY JUDGE

24

25

2

1    MOTION For Relief From Stay The Offshore Group's Motion

2    Pursuant To Bankruptcy Code Sections 362(D)(1) And 553 For

3    Order Lifting The Automatic Stay To Permit The Offshore Group

4    To Exercise Right Of Setoff

5

6    EX PARTE Motion To File Under Seal Exhibits To The Official

7    Committee Of Unsecured Creditors' Motion For An Order

8    Authorizing It To Prosecute The Debtors' Claims And Defenses

9    Against General Motors Corporation And Certain Former Officers

10   Of The Debtors

11

12   APPLICATION To Employ Fee Committee's Application For An Order

13   Authorizing Retention Of Legal Cost Control As Fee And Expense

14   Analyst, Nunc Pro Tunc To June 1, 2006, Pursuant To Sections

15   327(A) And 328 Of The Bankruptcy Code

16

17   MOTION To Authorize Motion For Order Under 11 U.S.C. Section

18   365 And Fed. R. Bankr. P. 6006 Authorizing (I) Rejection Of

19   Remaining Executory Contracts Of MobileAria, Inc. And (II)

20   Assumption And Assignment Of Executory Contract With DPAC

21   Technologies Corp.

22

23

24

25

3

1    MOTION To Approve Motion For Approval Of Joint Interest

2    Agreement Between Debtors And Official Committee Of Equity

3    Security Holders And Implementation Of Protective Order With

4    Respect Thereto

5

6    MOTION To Approve / Motion Pursuant To Sections 105, 328(A) And

7    1103 Of The Bankruptcy Code And Bankruptcy Rule 2014 For Order

8    Granting The Official Committee Of Equity Security Holders

9    Leave To File An Application To Retain And Employ A Financial

10   Advisor

11

12   AMENDED Motion For Relief From Stay Filed By Douglas M. Tisdale

13   On Behalf Of Nutech Plastics Engineering, Inc

14

15   MOTION For Reclamation Of Claim (For Order Directing Return Of

16   Reclaimed Equipment Or For Immediate Payment Thereof)

17

18

19

20

21

22

23

24   Transcribed By:  Esther Accardi

25

4

```
 1   A P P E A R A N C E S :

 2

 3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

 4        Attorneys for Delphi Corporation

 5        Four Times Square

 6        New York, New York 10036

 7

 8   BY:   JOHN WM. BUTLER, JR., ESQ.

 9         KAYALYN A. MARAFIOTI, ESQ.

10         TOM MATZ, ESQ.

11

12   EDWARDS ANGELL PALMER & DODGE LLP

13        Attorneys for Speedline Technologies

14        750 Lexington Avenue

15        New York, New York 10022

16

17   BY:   SHMUEL VASSER, ESQ.

18

19   LATHAMS & WATKINS, LLP

20        Attorneys for the Official Committee of

21         Unsecured Creditors

22        885 Third Avenue

23        New York, New York 10022

24

25   BY:   MITCHELL A. SEIDER, ESQ.
```

5

1   U.S. DEPARTMENT OF JUSTICE

2   OFFICE OF THE UNITED STATES TRUSTEE

3          33 Whitehall Street

4          New  York, New York 10004

5

6   BY:   ALICIA M. LEONHARD, ESQ.

7

8   FRIED FRANK HARRIS SHRIVER & JACOBSON, LLP

9          Attorneys for

10          One New York Plaza

11          New York, New York 100014

12

13   BY:   BONNIE STEINGART, ESQ.

14

15   TOGUT SEGAL & SEGAL, LLP

16          Attorneys for

17          One Penn Plaza

18          New York, New York 10119

19

20   BY:   NEIL BERGER, ESQ.

21

22

23

24

25

6

1   WHITE & CASE, LLP

2          Attorneys for Appaloosa Management LP

3          1155 Avenue of the Americas

4          New York, New York 10036

5

6   BY:    THOMAS F. LAVRIA, ESQ.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

1                   P R O C E E D I N G S

2          THE COURT:  Please be seated.  Okay.  Delphi.

3          MR. BUTLER:  Your Honor, good morning.  Jack Butler

4   and Kayalyn Marafioti and Tom Matz here on behalf of Delphi

5   Corporation for its August omnibus hearing.  We have filed,

6   Your Honor, the proposed tenth omnibus hearing agenda and we'll

7   follow that order if that's acceptable to the Court.

8          THE COURT:  Okay.  Yeah, that's fine.

9          MR. BUTLER:  Your Honor, the first matter on the

10  agenda matter number 1 is the Offshore Groups lift stay motion,

11  filed at docket number 28111.  That's being handled by the

12  Togut firm.  Mr. Berger's here to report to the Court.

13         THE COURT:  Okay.

14         MR. BERGER:  Good morning, Judge.  Neil Berger, Togut

15  Segal & Segal for the debtors.  Your Honor, this matter has

16  been settled it's between Delphi and Offshore so that

17  Offshore's setoff amount has been substantially reduced under

18  paragraph 18 of the final dip order in the case.  The unsecured

19  creditors' committee has an opportunity to review that proposed

20  settlement.  We hope in the next few days to have the back up

21  package of the settlement sent to the committees' professionals

22  and our goal is to have a stipulation submitted before the

23  September omnibus hearing.  So for purposes of the agenda we

24  ask that it be adjourned.

25         THE COURT:  Okay.  That's fine.

1    case law because the goods at issue here are equipment rather

2    than inventory.  We don't see any basis in the UCC Warrant

3    Section 546(c) for distinguishing equipment from inventory for

4    the purpose of apply the extent case law.  With respect to Mr.

5    Butler's comments Your Honor and the Court's disposition of

6    today's motion I would point out that in the prayer that was

7    contained at the end of our objection we did not ask for a

8    declaratory judgment with respect to the validity of

9    reclamation claims in this case in general.  We only asked that

10    the motion of Speedline be denied.  That is, in fact, what we

11    think is appropriate based upon the arguments that have been

12    made by counsel for Speedline and the authorities that have

13    been cited to Your Honor by the committee in its objection.

14              THE COURT:  Okay.

15              MR. SEIDER:  Thank you, Your Honor.

16              THE COURT:  All right.  I have in front me a motion

17    by Speedline which has filed a reclamation demand and asserts a

18    reclamation claim in these cases for, or related to its

19    provision of a specific piece of property to the debtors on

20    credit.  It's objected to on essentially a similar grounds on

21    by both the debtors and the official unsecured creditors'

22    committee.  The objections raise one common issue and two other

23    issues and I conclude that based on my view of the common issue

24    I do not need to get to the other issues.  The other issues

25    being whether in fact Speedline has satisfied the hurdles

34

1    specifically set forth in Section 546(c) of the bankruptcy

2    code.  Including establishing that its debtor was insolvent at

3    the relevant time.  That determination, as well as

4    determination in any of the other reserved defenses, needn't be

5    made at this time.  Given my view that because the debt that is

6    secured by the asset that serves as the basis for Speedline's

7    reclamation claim is in excess of that claim and has neither

8    been satisfied nor released.  At this time Speedline is not

9    entitled to the rights that it would have under the Court's

10   order establishing procedures for the treatment of reclamation

11   claims dated November 4, 2005.  Which provides among other

12   things for the allowance of an administrative claim for an

13   allowed reclamation claim and payment of such claim in the sole

14   discretion of the debtors or pursuant to a confirmed plan of

15   reorganization.  In either case only if and to the extent that

16   such allowed reclamation claim constituted administrative

17   expenses under applicable law as set forth in paragraph

18   2(d)(ii) of that order.  The statute governing this issue is

19   Section 546(c) of the bankruptcy code as I mentioned a minute

20   ago as an effect before the effective date of the 2005 BAP CPA

21   amendments to the bankruptcy code.  And its well settled that

22   under that section a reclaiming creditor does not have an

23   independent right of reclamation but that that section only

24   preserves any right the seller may have outside a bankruptcy.

25   See for example, In re Quality Stores, Inc. 289 BR 324, 333

1   Bankruptcy W.D. Michigan (2003), and In re Pittsburgh-Canfield

2   Corporation 309 BR 277, 6th Circuit BAP (2004).  The parties I

3   think are all in agreement and even if they weren't this would

4   be the law that therefore, the Court must look to the

5   reclamation claimant's rights under Section 27023 of the

6   uniform commercial code.  That section subjects the rights of a

7   reclamation creditor under Section 27022 to the rights of a

8   buyer in the ordinary course or other good faith purchaser.

9   And case law has established that a creditor with a prior

10  perfected floating security interest or a secured instant

11  property generally who acted in good faith and per value is a

12  good faith purchaser for purposes of that section.  See for

13  example In re Oralco 239 BR 261, 267 Bankruptcy SDNY (1999).

14  Under the prevailing, and in my view, correct version of the

15  case law including as set forth in the Oralco case, but also as

16  discussed at length, encodently in the Pittsburgh-Canfield

17  case.  Consequently, a reclaiming creditor does not have a

18  right of reclamation until it is established that either the

19  secured creditor, with a prior interest in its particular

20  asset, has released the interest in that asset or has been paid

21  in full.  I.e. that there are surplus proceeds from the asset

22  that the reclaiming creditor seeks to reclaim.  That clearly

23  has not happened here.  The case law also makes it clear that

24  the reclaiming creditor has what is in essence an inrem right

25  or literally an inrem right.  And until it is established that

1    again the prior creditor has either been satisfied out of the

2    proceeds of that particular property from which the reclaiming

3    creditor's rights stem or has released its lien, the value of

4    the reclaiming creditor's inrem right is zero.  The Pittsburgh-

5    Canfield case specifically dealt with the issue raised in the

6    motion which was that the Court should look at whether the

7    collateral package, as a whole, held by the secured creditor

8    would satisfy the creditor.  And therefore should be directed

9    to make a determination that the secured creditor does not need

10   the particular asset that is the basis for the reclamation

11   claim.  And in that case properly rejected that argument.  I

12   should note that even with the change to the bankruptcy code

13   after the applicability of BAP CPA the leading commentator in

14   this area is of the view that the pre BAP CPA cases would still

15   apply.  And in particular, that a reclaiming seller whose right

16   is subject to that of a secured creditor may not invoke the

17   equitable principal of marshalling or a similar principal to

18   require a senior secured creditor to look to assets in which

19   the seller has no interest.  See Five Collier on bankruptcy

20   paragraph 546.042(a)(vii) and in so concluding the editors of

21   Collier site the Oralco case at 239 BR 27477 Bankruptcy SDNY

22   (1999).  In response to that case law the reclaiming selling

23   here contends that the provisions of Section 546(c) are

24   intended only to protect the secured creditor and that the

25   secured creditor here, by failing to object to the motion has

1    waived its rights as a secured creditor.  And consequently the

2    reclaiming creditor may take over the secured creditor.  There

3    are two problems with this argument.  The first is that the

4    case law again, I believe correctly, does not -- or at least

5    the majority case law takes the position that Section 546(c)'s

6    reference to otherwise applicable rights of the reclaiming

7    creditor protects not only secured creditors but unsecured

8    creditors from having a reclaiming seller, who under applicable

9    non-bankruptcy law, would have a zero-valued reclamation claim

10   from obtaining an unearned or unmerited priority.  Again see

11   the Pittsburgh-Canfield case as well as In re Primary Health

12   Systems Inc. 258 BR 111 at 117 Bankruptcy District of Delaware

13   (2001) which noted that elevating such a claim to

14   administrative status in a bankruptcy case would give the

15   claimant a windfall.  As is frequently noted by the Court's,

16   including most recently by the Supreme Court in its decision

17   last term in the Howard case, priorities are to be determined

18   narrowly in bankruptcy given the fact that any priority takes

19   money out of the pocket of those who do not have a priority.

20   Secondly, given that case law and also given the process laid

21   out in the Court's November 2004 order, dealing with the

22   processing and treatment of reclamation claims, I could not

23   find here a knowing and intelligent waiver by the secured

24   creditors even if for some reason I disagreed with that case

25   law.  To the contrary, I think the secured creditors here could

1    reasonably assume that those below them in the pecking order

2    i.e., the unsecured creditors as well as the debtor, acting as

3    a fiduciary for its estate, would responsibly protect the

4    estate and the secured creditors from reclamation sellers

5    obtaining a windfall or prematurely obtaining administrative

6    status.  I also don't accept the argument made by Speedline

7    that the foregoing cases that I cited are distinguishable on

8    their facts on the basis that in those cases the reclaiming

9    seller claimed items of inventory or the proceeds thereof as

10   opposed to a specific piece of property.  That distinction is

11   not one that is consistent with the logic of those cases, which

12   specifically addressed the issue I discussed without making a

13   distinction among types of collateral.  But merely pointing to

14   the respective positions of a reclaiming seller when an asset

15   has been sold and there are excess proceeds.  And when it has

16   not yet been sold and the debt that it secures exceeds the

17   value of the reclamation claim.  So, again, in connection with

18   this statutory priority which is out of the ordinary course,

19   given that it's provided to a pre-petition claim only pursuant

20   to 546(c), I can't find any value today that would lead to the

21   allowance today of a specific dollar amount administrative

22   claim.  And certainly there would be no requirement under the

23   Court's order for payment of such amount today.  This is not to

24   say that the reclamation right has disappeared.  In my view,

25   and based on my review of the case law, until the secured

1    creditor with the prior right under Section 27023 has either

2    been satisfied or it is clear from the liquidation of its

3    collateral that it will not be satisfied, or has released its

4    lien, the reclaiming seller's rights under 546 essentially hang

5    fire.  Assuming, of course, it's able to establish its right

6    under all the other hurdles of 546(c).  So consequently, I

7    don't accept that the right based on my finding today no longer

8    exists.  It is one that is, at this time, of no value.  But

9    that at some time in the future, depending on the ultimate

10   disposition of the secured creditor's claim in this case, may

11   have value and may be entitled to an administrative claim.  So

12   Mr. Butler you can submit an order with a copy to Speedline's

13   counsel and the committee's counsel consistent with that

14   ruling.

15          MR. BUTLER:  Thank you, Your Honor.  That concludes

16   the matters for this morning's omnibus hearing.  Just to note,

17   Your Honor, I'd like to state in open court, pursuant to

18   authority that was granted to us by chambers, we did file a

19   notice on Pacer very early this morning and served the

20   1113/1114 trial counsel and also filed on notice, on

21   Delphidocket.com, that in lieu of the resumption of the

22   1113/1114 hearing this afternoon there is in this courtroom a

23   meeting confer among trial counsel at 2 p.m. New York time

24   followed by a chamber's conference at 3 o'clock New York time.

25   Both of those conferences are limited to the debtors and the

40

1   respondents to the motion.  And at least as it stands now, that

2   trial is scheduled to resume at 10 a.m. tomorrow.

3         THE COURT:  Okay.  All right.  And if we meet and

4   confer, which I'm happy to have in the courtroom, outside of my

5   presence of course, you can also use the conference room if

6   various parties want to break off and talk a moment among

7   themselves.  Just let my chambers know if you need that room.

8   We'll open it up for you.  So I'll see you at 3.

9         MR. BUTLER:  Thank you, Your Honor.

10         THE COURT:  And that's off the record, right?

11         MR. BUTLER:  Yes.

12         THE COURT:  Fine.  Thank you.

13      (Proceedings concluded at 11:05 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

41

1

2                            **I N D E X**

3

4                               RULINGS

5                                      Page      Line

6     Committee's Legal Cost      10        8

7     Application Approved

8     MobileAria Contract         10        23

9     Application Approved

10    Equity Committee Joint      12        4

11    Application Approved

12    Equity Committees'          13        9

13    Application Approved

14    Financial Advisor

15    Reclamation Claim Motion    39        14

16    Denied

17

18

19

20

21

22

23

24

25

42

1                    C E R T I F I C A T I O N

2

3    I, Esther Accardi, court approved transcriber, certify that the

4    foregoing is a correct transcript from the official electronic

5    sound recording of the proceedings in the above-entitled

6    matter.

7

8    _____  _August 18, 2006_____

9    Signature of Transcriber               Date

10

11   Esther Accardi_____

12   typed or printed name

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                               :

In re                       :    Chapter 11
                               :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :

               Debtors.   :    (Jointly Administered)
                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

ORDER UNDER 11 U.S.C. § 546(c) AND AMENDED RECLAMATION
PROCEDURES ORDER CLASSIFYING RECLAMATION CLAIMS AS
GENERAL UNSECURED NONPRIORITY CLAIMS FOR ALL PURPOSES

("ORDER DETERMINING RECLAMATION CLAIMS")

Upon the expedited motion, dated June 5, 2009 (the "Motion"), of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. § 546 and the Second

Amended And Restated Final Order Under 11 U.S.C. §§ 362, 503, And 546 And Fed. R. Bankr. P.

9019 Establishing Procedures For Treatment Of Reclamation Claims (Docket No. 10409)

classifying reclamation claims identified in Exhibit A attached hereto (the "Reclamation Claims")

as general unsecured nonpriority claims for all purposes, including for purposes of voting and

distribution under any plan of reorganization; and upon the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has core jurisdiction over these chapter 11 cases and the parties and

property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this proceeding

and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Motion is hereby granted in its entirety.

3.      The Reclamation Claims shall be classified as general unsecured nonpriority
claims for all purposes, including for purposes of voting and distribution under any plan of
reorganization of the Debtors.

4.      This Court shall retain jurisdiction to hear and determine any and all matters
arising from the implementation of this order.

Dated:   New York, New York
          June ___, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 27 | Alcoa Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Unresolved | 10/10/2005 | n/a | $ 2,760,429.64 | $ 492,799.17 |
| 32 | PBR Columbia L.L.C. | PBR COLUMBIA LLC | Unresolved | 10/10/2005 | n/a | $ 1,043,145.33 | $ 1,780.09 |
| 75 | PBR Knoxville LLC | SPECIAL SITUATIONS INVESTING GROUP INC | Unresolved | 10/10/2005 | n/a | $ 3,443,149.25 | $ - |
| 109 | AFL Automotive L.P. | AFL AUTOMOTIVE LP TEXAS LIMITED PARTNERSHIP/SPCP GROUP LLC | Unresolved | 10/11/2005 | n/a | $ 373,129.95 | $ 51,983.34 |
| 110 | AVON AUTOMOTIVE, INC. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF CADILLAC RUBBER & PLASTICS INC | Unresolved | 10/11/2005 | n/a | $ 715,920.17 | $ 96,919.23 |
| 317 | Citation Corporation | JP MORGAN CHASE BANK | Unresolved | 10/12/2005 | n/a | $ 543,312.80 | $ 72,015.84 |
| 337 | Yazaki North America, Inc. | YAZAKI NORTH AMERICA INC | Unresolved | 10/11/2005 | n/a | $ 555,103.78 | $ 11,357.23 |
| 372 | Ideal Tool Co. Inc. | SOL - IDEAL TOOL CO INC | Unresolved | 10/14/2005 | n/a | $ 630,913.33 | $ 118,258.54 |
| 383 | Coherent, Inc. | LONGACRE MASTER FUND LTD | Unresolved | 10/13/2005 | n/a | $ 202,500.00 | $ 202,500.00 |
| 529 | Siemens VDO Automotive Corporation | GOLDMAN SACHS CREDIT PARTNERS LP ASSIGNEE OF SIEMENS VDO AUTOMOTIVE CORPORATION AND SIEMENS VDO AUTOMOTIVE INC | Unresolved | 10/17/2005 | n/a | $ 5,186,958.58 | $ 217,346.39 |
| 713 | Phillips & Temro Industries Inc. | PHILLIPS & TEMRO INDUSTRIES LTD | Unresolved | 10/21/2005 | n/a | $ 104,732.46 | $ - |
| 750 | Foreman Tool & Mold Corporation | SOL - FOREMAN TOOL & MOLD CORP/ STONEHILL INSTITUTIONAL PARTNERS LP | Unresolved | 10/17/2005 | n/a | $ 131,194.96 | $ 27,713.06 |
| 763 | Textron Fastening Systems | GOLDMAN SACHS CREDIT PARTNERS LP | Unresolved | 10/23/2005 | n/a | $ 2,803,310.85 | $ 65,958.81 |
| 842 | Trans Tron, Ltd., Inc. | BEAR STEARNS INVESTMENT PRODUCTS INC | Unresolved | 10/11/2005 | n/a | $ 301,669.56 | $ 9,609.15 |
| 847 | Textron Fastening Systems | GOLDMAN SACHS CREDIT PARTNERS LP | Unresolved | 10/26/2005 | n/a | $ 6,951.33 | $ 40.65 |
| 1 | Small Parts | SMALL PARTS INC | Resolved | 10/04/2005 | $ 32,169.54 | n/a | n/a |
| 5 | S&Z Tool and Die Co., INC | LIQUIDITY SOLUTIONS INC | Resolved | 10/08/2005 | $ 111,882.90 | n/a | n/a |
| 6 | SyZ Rolmex, S. de R.L. de C.V. | LIQUIDITY SOLUTIONS INC | Resolved | 10/08/2005 | $ 4,000.00 | n/a | n/a |
| 7 | Trostel, Ltd | CONTRARIAN FUNDS LLC AS ASSIGNEE OF TROSTEL LTD | Resolved | 10/09/2005 | $ 16,194.53 | n/a | n/a |
| 8 | Steel Technologies, Inc | STEEL TECHNOLOGIES INC | Resolved | 10/08/2005 | $ 52,310.89 | n/a | n/a |
| 10 | Hitachi Chemical (Singapore) Pte. Ltd. | HITACHI CHEMICAL SINGAPORE PTE LTD FKA HITACHI CHEMICAL ASIA PACIFIC PTE LTD | Resolved | 10/10/2005 | $ 219,986.79 | n/a | n/a |
| 11 | ARC Automotive, Inc | ARC AUTOMOTIVE INC | Resolved | 10/10/2005 | $ 218,571.21 | n/a | n/a |
| 12 | U.S. Silica Company | US SILICA COMPANY | Resolved | 10/10/2005 | $ 6,000.00 | n/a | n/a |
| 13 | Material Sciences Corporation | MATERIAL SCIENCES CORPORATION | Resolved | 10/10/2005 | $ 39,830.12 | n/a | n/a |
| 16 | Curtis Screw Company, LLC | MADISON NICHE OPPORTUNITIES LLC | Resolved | 10/08/2005 | $ 52,906.09 | n/a | n/a |
| 18 | Unifrax Corporation | UNIFRAX CORPORATION | Resolved | 10/10/2005 | $ 25,878.10 | n/a | n/a |
| 21 | Novelis Corporation | CONTRARIAN FUNDS LLC | Resolved | 10/10/2005 | $ 33,090.25 | n/a | n/a |
| 22 | Wellman, Inc. | WELLMAN INC | Resolved | 10/10/2005 | $ 28,575.50 | n/a | n/a |
| 24 | GKN Sinter Metals | DEUTSCHE BANK SECURITIES INC | Resolved | 10/10/2005 | $ 32,312.82 | n/a | n/a |
| 25 | Flow Dry Technology Ltd. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF FLOW DRY TECHNOLOGY LTD | Resolved | 10/10/2005 | $ 42,727.58 | n/a | n/a |
| 26 | PTI Engineered Plastics, Inc. | ARGO PARTNERS | Resolved | 10/10/2005 | $ 620.00 | n/a | n/a |
| 35 | HK Metalcraft Mfg Corp | HK METAL CRAFT MFG CORP | Resolved | 10/10/2005 | $ 1,533.05 | n/a | n/a |
| 38 | NEC Electronics America, Inc. | JPMORGAN CHASE BANK NA | Resolved | 10/08/2005 | $ 3,424,138.98 | n/a | n/a |
| 40 | Judd Wire, Inc. | JP MORGAN CHASE BANK | Resolved | 10/09/2005 | $ 232,871.66 | n/a | n/a |
| 41 | Hammond Group, Inc. | LIQUIDITY SOLUTIONS INC AS ASSIGNEE OF HAMMOND GROUP INC | Resolved | 10/10/2005 | $ 15,397.30 | n/a | n/a |
| 45 | SKF USA, INC | SKF USA INC | Resolved | 10/10/2005 | $ 85,147.45 | n/a | n/a |
| 47 | Victory Packaging | VICTORY PACKAGING LP | Resolved | 10/08/2005 | $ 658,509.45 | n/a | n/a |
| 49 | HK Metal Craft Manufacturing Corp. | HK METAL CRAFT MANUFACTURING CORP | Resolved | 10/10/2005 | $ 572.00 | n/a | n/a |
| 50 | HK Metalcraft Manufacturing Corporation-Packard | HK METAL CRAFT MANUFACTURING CORP | Resolved | 10/10/2005 | $ 3,850.28 | n/a | n/a |
| 51 | Thaler Machine Company | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 31,412.25 | n/a | n/a |
| 52 | Select Industries Corp. | SELECT INDUSTRIES CORPORATION FKA SELECT TOOL & DIE CORP | Resolved | 10/10/2005 | $ 20,736.60 | n/a | n/a |
| 53 | INA USA Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF INA USA CORPORATION | Resolved | 10/10/2005 | $ 233,212.96 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 54 | Robin Mexicana, S. de R.L. de C.V. | ROBIN MEXICANA S DE RL DE CV | Resolved | 10/10/2005 | $ 47,982.69 | n/a | n/a |
| 55 | Robin Industries, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 81,341.20 | n/a | n/a |
| 56 | Robin Industries | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 58,220.01 | n/a | n/a |
| 57 | Valeo Switches & Detection Systems, Inc | VALEO SWITCHES AND DETECTION SYSTEMS INC | Resolved | 10/10/2005 | $ 1,653.86 | n/a | n/a |
| 61 | Eagle Picher Automotive | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 20,001.80 | n/a | n/a |
| 62 | Integrated Logistics Solutions | INTEGRATED LOGISTICS SOLUTIONS | Resolved | 10/10/2005 | $ 1,057.80 | n/a | n/a |
| 68 | FAG Automotive | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SCHAEFFLER CANADA INC | Resolved | 10/10/2005 | $ 80,774.09 | n/a | n/a |
| 69 | Angell-Demmel North America | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 13,807.69 | n/a | n/a |
| 70 | Teleflex, Incorporated | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/10/2005 | $ 57,003.23 | n/a | n/a |
| 71 | Carolina Forge Co. LLC | JPMORGAN CHASE BANK NA | Resolved | 10/11/2005 | $ 197,519.25 | n/a | n/a |
| 72 | Meadville Forging Co | JPMORGAN CHASE BANK NA | Resolved | 10/10/2005 | $ 213,681.48 | n/a | n/a |
| 73 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 5,830.84 | n/a | n/a |
| 76 | Ken-Mac Metals | HAIN CAPITAL INVESTORS LLC | Resolved | 10/10/2005 | $ 55,022.63 | n/a | n/a |
| 82 | American & Efird | AMROC INVESTMENTS LLC | Resolved | 10/10/2005 | $ 8,323.61 | n/a | n/a |
| 83 | Prestolite Wire Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF PRESTOLITE WIRE CORPORATION | Resolved | 10/10/2005 | $ 16,141.07 | n/a | n/a |
| 90 | Cascade Die Casting Group, Inc | CASCADE DIE CASTING GROUP | Resolved | 10/10/2005 | $ 11,105.86 | n/a | n/a |
| 93 | ChicagoRivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/11/2005 | $ 2,133.34 | n/a | n/a |
| 95 | Parkview Metal Products Inc | PARKVIEW METAL PRODUCTS | Resolved | 10/10/2005 | $ 17,050.64 | n/a | n/a |
| 96 | Strattec Security Corp | CONTRARIAN FUNDS LLC AS ASSIGNEE OF STRATTEC SECURITY CORP | Resolved | 10/10/2005 | $ 43,124.50 | n/a | n/a |
| 97 | TRANS-MATIC MFG Co Inc | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/11/2005 | $ 6,207.62 | n/a | n/a |
| 98 | Quality Synthetic Rubber Inc. | QUALITY SYNTHETIC RUBBER INC | Resolved | 10/11/2005 | $ 187,197.76 | n/a | n/a |
| 99 | Rohm Electronics USA LLC | ROHM ELECTRONICS USA LLC | Resolved | 10/11/2005 | $ 107,101.70 | n/a | n/a |
| 100 | 3M Company | 3M COMPANY | Resolved | 10/11/2005 | $ 34,337.94 | n/a | n/a |
| 102 | CTS Corp | CTS CORPORATION | Resolved | 10/11/2005 | $ 28,261.53 | n/a | n/a |
| 104 | Pridgeon & Clay, Inc. | PRIDGEON & CLAY INC | Resolved | 10/10/2005 | $ 54,023.95 | n/a | n/a |
| 105 | Park-Ohio Products, Inc. | PARK OHIO PRODUCTS INC | Resolved | 10/11/2005 | $ 45,060.80 | n/a | n/a |
| 108 | Engineered Plastic Components | AFL AUTOMOTIVE LP TEXAS LIMITED PARTNERSHIP/AFL AUTOMOTIVE LIMITED PARTNERSHIP MICHIGAN LIMITED PARTNERSHIP/SPCP GROUP LLC | Resolved | 10/12/2005 | $ 234,212.10 | n/a | n/a |
| 111 | Magnesium Aluminum Corporation | AMROC INVESTMENTS LLC | Resolved | 10/11/2005 | $ 36,684.88 | n/a | n/a |
| 112 | Fawn Industries | FAWN PLASTICS CO INC | Resolved | 10/11/2005 | $ 26,190.18 | n/a | n/a |
| 120 | OSRAM Opto Semiconductors Inc | OSRAM OPTO SEMICONDUCTORS INC | Resolved | 10/11/2005 | $ 88,989.40 | n/a | n/a |
| 122 | Brazeway, Inc | JPMORGAN CHASE BANK NA AS ASSIGNEE OF BRAZEWAY INC | Resolved | 10/11/2005 | $ 101,905.91 | n/a | n/a |
| 123 | J&F Steel LLC/Ryerson Tull | JOSEPH T RYERSON & SON INC | Resolved | 10/10/2005 | $ 4,903.55 | n/a | n/a |
| 124 | Valeo Wiper Systems | VALEO ELECTRICAL SYSTEMS INC WIPERS DIVISION | Resolved | 10/12/2005 | $ 8,518.50 | n/a | n/a |
| 125 | Valeo | VALEO CLIMATE CONTROL CORPORATION | Resolved | 10/10/2005 | $ 156,725.41 | n/a | n/a |
| 126 | Mubea | MUBEA INC | Resolved | 10/11/2005 | $ 132,206.98 | n/a | n/a |
| 128 | MTD Technologies | CONTRARIAN FUNDS LLC AS ASSIGNEE OF MTD TECHNOLOGIES INC | Resolved | 10/12/2005 | $ 16,294.70 | n/a | n/a |
| 130 | Republic Engineered Products, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/10/2005 | $ 305,961.91 | n/a | n/a |
| 131 | Sony Electronics Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 12,250.00 | n/a | n/a |
| 135 | Robin Industries, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 4,266.38 | n/a | n/a |
| 136 | Robin Industries, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 20,668.09 | n/a | n/a |
| 137 | Robin Industries, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 27,814.26 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 146 | Affinia Canada Corp. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 10,000.00 | n/a | n/a |
| 149 | Sharp Electronics Corporation | LONGACRE MASTER FUND LTD AS ASSIGNEE/TRANSFEREE OF SHARP ELECTRONICS CORP | Resolved | 10/11/2005 | $ 40,000.00 | n/a | n/a |
| 153 | Molex Connector Corporation | TPG CREDIT STRATEGIES FUND LP | Resolved | 10/11/2005 | $ 325,797.70 | n/a | n/a |
| 157 | Cardone Industries, Inc | CARDONE INDUSTRIES INC | Resolved | 10/12/2005 | $ 9,760.00 | n/a | n/a |
| 158 | Muskegon Casting Corp. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 11,566.85 | n/a | n/a |
| 163 | Eaton Corporation | LIQUIDITY SOLUTIONS INC AS ASSIGNEE OF EATON CORPORATION | Resolved | 10/10/2005 | $ 107,257.28 | n/a | n/a |
| 165 | Precision Stamping | SPCP GROUP LLC AS ASSIGNEE OF PRECISION DIE & STAMPING INC | Resolved | 10/12/2005 | $ 16,615.31 | n/a | n/a |
| 166 | Johnson Battery Company, Inc. | JOHNSON BATTERY COMPANY INC | Resolved | 10/12/2005 | $ 13,494.00 | n/a | n/a |
| 176 | Lunt Manufacturing Company | STONEHILL INSTITUTIONAL PARTNERS LP | Resolved | 10/11/2005 | $ 10,000.00 | n/a | n/a |
| 178 | Spring Engineering & Manufacturing Corporation | MADISON INVESTMENT TRUST SERIES 38 | Resolved | 10/11/2005 | $ 5,293.69 | n/a | n/a |
| 184 | American Coil Spring Company, Inc. | AMERICAN COIL SPRING COMPANY | Resolved | 10/12/2005 | $ 6,798.05 | n/a | n/a |
| 185 | Hilite International, Inc | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/10/2005 | $ 2,422.72 | n/a | n/a |
| 186 | Milliken & Company | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 202,412.11 | n/a | n/a |
| 188 | Trelleborg Automotive | CONTRARIAN FUNDS LLC AS ASSIGNEE OF TRELLEBORG YSH SA DE CV/CONTRARIAN FUNDS LLC AS ASSIGNEE OF TRELLEBORG YSH INC | Resolved | 10/10/2005 | $ 15,865.76 | n/a | n/a |
| 189 | Otto Bock Polyurethane Technologies, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 130,000.00 | n/a | n/a |
| 191 | ATF, Incorporated | ACCURATE THREADED FASTENERS INC ATF INC | Resolved | 10/11/2005 | $ 71,376.60 | n/a | n/a |
| 195 | Engineered Sintered Components - Hain Capital Holdings, LLC | HAIN CAPITAL INVESTORS LLC | Resolved | 10/12/2005 | $ 7,443.36 | n/a | n/a |
| 200 | Gobar Systems | GOBAR SYSTEMS INC | Resolved | 10/12/2005 | $ 2,848.88 | n/a | n/a |
| 201 | Fulton Industries, Inc. | FULTON INDUSTRIES INC | Resolved | 10/12/2005 | $ 912.23 | n/a | n/a |
| 203 | CTS of Canada | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 3,120.45 | n/a | n/a |
| 205 | H & L Tool Company, Inc. | H & L TOOL COMPANY INC | Resolved | 10/09/2005 | $ 7,344.65 | n/a | n/a |
| 206 | Wamco, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/11/2005 | $ 63,001.69 | n/a | n/a |
| 207 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/12/2005 | $ 1,553.52 | n/a | n/a |
| 215 | Chicago Rivet & Machine Company | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 1,735.38 | n/a | n/a |
| 217 | Iriso USA, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/12/2005 | $ 58,853.42 | n/a | n/a |
| 218 | GE Thermometrics, Inc. | GE INFRASTRUCTURE SENSING | Resolved | 10/13/2005 | $ 42,903.31 | n/a | n/a |
| 219 | Boyd Corporation | BOYD CORPORATION | Resolved | 10/12/2005 | $ 16,738.79 | n/a | n/a |
| 222 | Elgin Die Mold Company | LIQUIDITY SOLUTIONS INC | Resolved | 10/10/2005 | $ 2,668.00 | n/a | n/a |
| 228 | Illinois Tool Works | Multiple Owners | Resolved | 10/12/2005 | $ 244,697.11 | n/a | n/a |
| 229 | EFTEC North America | EFTEC NORTH AMERICA | Resolved | 10/12/2005 | $ 14,711.99 | n/a | n/a |
| 230 | AMI Industries, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 184.23 | n/a | n/a |
| 232 | Metal Cladding, Inc. | METAL CLADDING INC | Resolved | 10/12/2005 | $ 14,090.99 | n/a | n/a |
| 235 | Assembly System Innovators | CONTRARIAN FUNDS LLC | Resolved | 10/10/2005 | $ 325.80 | n/a | n/a |
| 239 | Lexington Connector Seals | LEXINGTON RUBBER GROUP INC | Resolved | 10/12/2005 | $ 12,451.81 | n/a | n/a |
| 241 | GE Silicones | GE SILICONES | Resolved | 10/13/2005 | $ 37,338.82 | n/a | n/a |
| 242 | Teleflex Incorporated | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 4,315.42 | n/a | n/a |
| 244 | Cherry GmbH | CHERRY GMBH | Resolved | 10/11/2005 | $ 161,563.08 | n/a | n/a |
| 245 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 11,201.77 | n/a | n/a |
| 247 | Chicago Rivet & Machine Co. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/12/2005 | $ 822.47 | n/a | n/a |
| 249 | Lexington Connector Seals | LEXINGTON RUBBER GROUP INC | Resolved | 10/12/2005 | $ 28,390.99 | n/a | n/a |
| 252 | Reliable Casting Corporation | RELIABLE CASTING CORP SIDNEY DIV | Resolved | 10/12/2005 | $ 37,324.15 | n/a | n/a |
| 253 | Master Molded Products Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 21,774.05 | n/a | n/a |
| 254 | CTS Automotive Products | CTS CORPORATION | Resolved | 10/11/2005 | $ 77,431.40 | n/a | n/a |

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 255 | SEPR Ceramic Beads and Powders | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 35,310.00 | n/a | n/a |
| 258 | N.D.K. America, Inc. | LATIGO MASTER FUND LTD | Resolved | 10/12/2005 | $ 145,267.57 | n/a | n/a |
| 259 | Foster Electric (U.S.A.), Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 433.60 | n/a | n/a |
| 262 | VJ TECHNOLOGIES, INC. | LONGACRE MASTER FUND LTD | Resolved | 10/12/2005 | $ 60,000.00 | n/a | n/a |
| 263 | Carlton-Bates Company | CARLTON BATES COMPANY | Resolved | 10/11/2005 | $ 66,627.99 | n/a | n/a |
| 266 | Integrated Cable Systems, Inc. | INTEGRATED CABLE SYSTEMS INC | Resolved | 10/12/2005 | $ 28,105.36 | n/a | n/a |
| 267 | Arrow Sheet Metal Co. | ARROW SHEET METAL PRODUCTS CO | Resolved | 10/12/2005 | $ 6,367.31 | n/a | n/a |
| 269 | Markel Corporation | MARKEL CORP | Resolved | 10/10/2005 | $ 8,585.01 | n/a | n/a |
| 271 | Hollingsworth & Vose Company | HOLLINGSWORTH & VOSE CO | Resolved | 10/11/2005 | $ 5,984.96 | n/a | n/a |
| 273 | Tokico (USA) Incorporated | DEUTSCHE BANK SECURITIES INC | Resolved | 10/11/2005 | $ 466.56 | n/a | n/a |
| 275 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 495.50 | n/a | n/a |
| 277 | Graber-Rogg, Inc. | GRABER ROGG INC | Resolved | 10/11/2005 | $ 1,376.07 | n/a | n/a |
| 281 | Graber Rogg, Inc. | GRABER ROGG INC | Resolved | 10/12/2005 | $ 26,352.82 | n/a | n/a |
| 282 | Casco Products Corporation | CASCO PRODUCTS CORPORATION | Resolved | 10/05/2005 | $ 5,760.48 | n/a | n/a |
| 289 | Automotive Electronic Controls | BLUE ANGEL CLAIMS LLC | Resolved | 10/11/2005 | $ 3,268.34 | n/a | n/a |
| 291 | Motorola | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 39,060.00 | n/a | n/a |
| 292 | Stueken, LLC | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/11/2005 | $ 12,760.50 | n/a | n/a |
| 296 | Total Component Solutions | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 900.36 | n/a | n/a |
| 297 | United Plastics Group, Inc. | UNITED PLASTICS GROUP/UPC DE MEXICO S DE RL DE CV | Resolved | 10/13/2005 | $ 12,681.59 | n/a | n/a |
| 305 | Millenium Industries Corporation Cass City | CONTRARIAN FUNDS LLC | Resolved | 10/13/2005 | $ 1,942.04 | n/a | n/a |
| 306 | Emhart Teknologies | EMHART TEKNOLOGIES LLC | Resolved | 10/13/2005 | $ 27,128.77 | n/a | n/a |
| 307 | M & S Manufacturing | M & S MANUFACTURING COMPANY | Resolved | 10/13/2005 | $ 13,620.06 | n/a | n/a |
| 308 | Cataler North America Corporation | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/13/2005 | $ 18,298.73 | n/a | n/a |
| 309 | Ralco Industries | LONGACRE MASTER FUND LTD | Resolved | 10/11/2005 | $ 26,986.10 | n/a | n/a |
| 313 | International Rectifier | INTERNATIONAL RECTIFIER CORPORATION | Resolved | 10/11/2005 | $ 25,243.50 | n/a | n/a |
| 315 | Stanley Electric Sales of America, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/11/2005 | $ 145,690.87 | n/a | n/a |
| 319 | Panasonic Automotive Systems Company of America | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/13/2005 | $ 78,475.89 | n/a | n/a |
| 320 | International Resistive Co., Inc. | INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION/INTERNATIONAL RESISTIVE COMPANY ADVANCED FILM DIVISION/TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/13/2005 | $ 1,716.07 | n/a | n/a |
| 322 | Murata Electronic North America | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/12/2005 | $ 115,579.28 | n/a | n/a |
| 323 | Catalytic Solutions | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 9,345.36 | n/a | n/a |
| 328 | INA USA Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF INA USA CORPORATION | Resolved | 10/10/2005 | $ 32,662.29 | n/a | n/a |
| 331 | Kamax S.A.U. | KAMAX SAU | Resolved | 10/13/2005 | $ 1,803.58 | n/a | n/a |
| 333 | Rohm and Haas Company | CABLE TECHNOLOGIESINC | Resolved | 10/13/2005 | $ 18,966.38 | n/a | n/a |
| 334 | Rohm and Haas Company | ROHM AND HAAS CO | Resolved | 10/10/2005 | $ 25,117.91 | n/a | n/a |
| 335 | TT Electronics | TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/14/2005 | $ 1,320.21 | n/a | n/a |
| 338 | Graber-Rogg, Inc. | GRABER ROGG INC | Resolved | 10/11/2005 | $ 2,547.30 | n/a | n/a |
| 341 | Rotor Clip Company, Inc. | ROTOR CLIP COMPANY INC | Resolved | 10/13/2005 | $ 14,497.86 | n/a | n/a |
| 344 | Olson International Ltd. | AMROC INVESTMENTS LLC | Resolved | 10/13/2005 | $ 27,979.91 | n/a | n/a |
| 345 | International Resistive Company, Advanced Film Division | INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION/TPG CREDIT OPPORTUNITIES FUND LP | Resolved | 10/13/2005 | $ 77,693.93 | n/a | n/a |
| 349 | Unisource Worldwide, Inc. | UNISOURCE WORLDWIDE INC | Resolved | 10/12/2005 | $ 43.84 | n/a | n/a |
| 352 | Taurus International Corporation | SOL - TAURUS INTERNATIONAL CORP | Resolved | 10/13/2005 | $ 38,818.19 | n/a | n/a |
| 353 | RBC Bearings | RBC BEARINGS | Resolved | 10/13/2005 | $ 21,375.00 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 354 | Wright Plastic Products Co., LLC | CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 20,691.18 | n/a | n/a |
| 356 | Tech Tool & Mold, Inc. | TECH TOOL & MOLD INC EFT | Resolved | 10/13/2005 | $ 45,859.51 | n/a | n/a |
| 359 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 1,827.00 | n/a | n/a |
| 360 | Multibase Inc. | MULTIBASE INC | Resolved | 10/14/2005 | $ 4,345.60 | n/a | n/a |
| 361 | CYRO INDUSTRIES | SPCP GROUP LLC | Resolved | 10/14/2005 | $ 80,704.28 | n/a | n/a |
| 365 | Dow Corning Corporation | DOW CORNING CORP | Resolved | 10/14/2005 | $ 12,809.61 | n/a | n/a |
| 373 | American Electronic Components Inc. | SIEMENS VDO AUTOMOTIVE CORPORATION ASSIGNEE OF AMERICAN ELECTRONIC COMPONENTS INC | Resolved | 10/14/2005 | $ 11,006.25 | n/a | n/a |
| 374 | ST MICROELECTRONICS, INC. | LONGACRE MASTER FUND LTD | Resolved | 10/12/2005 | $ 153,204.95 | n/a | n/a |
| 375 | Batesville Tool & Die, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 20,647.07 | n/a | n/a |
| 378 | J.O. Galloup Co. | MADISON NICHE OPPORTUNITIES LLC | Resolved | 10/11/2005 | $ 1,000.00 | n/a | n/a |
| 379 | Kendall Electric Inc | MIDTOWN CLAIMS LLC | Resolved | 10/10/2005 | $ 97,429.07 | n/a | n/a |
| 381 | Silicon Laboratories, Inc. | SILICON LABORATORIES INC | Resolved | 10/13/2005 | $ 9,726.81 | n/a | n/a |
| 384 | ETCO Automotive Products | CONTRARIAN FUNDS LLC AS ASSIGNEE OF ETCO | Resolved | 10/13/2005 | $ 1,072.80 | n/a | n/a |
| 386 | Olson International, LTD. | AMROC INVESTMENTS LLC | Resolved | 10/12/2005 | $ 32,874.85 | n/a | n/a |
| 391 | Eaton Corp | EATON AEROQUIP DE MEXICO SA DE CV | Resolved | 10/10/2005 | $ 5,813.32 | n/a | n/a |
| 393 | Fujikura American, Inc. | FUJIKURA AMERICA INC | Resolved | 10/14/2005 | $ 15,482.28 | n/a | n/a |
| 394 | Century Mold & Tool | CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 75,000.00 | n/a | n/a |
| 396 | American Molder Products | AMERICAN MOLDED PRODUCTS | Resolved | 10/13/2005 | $ 498.74 | n/a | n/a |
| 400 | NGK Automotive Ceramics USA, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 425,192.03 | n/a | n/a |
| 401 | Linear Technology Corporation | LINEAR TECHNOLOGY CORPORATION | Resolved | 10/13/2005 | $ 116,070.80 | n/a | n/a |
| 402 | Tadiran Batteries | ARGO PARTNERS | Resolved | 10/13/2005 | $ 11,524.40 | n/a | n/a |
| 407 | Scientific Tube, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/14/2005 | $ 31,000.00 | n/a | n/a |
| 415 | KARL KUEFNER, KG | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 16,927.66 | n/a | n/a |
| 417 | Stoneridge, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF STONERIDGE INC FOR ITSELF AND ET AL | Resolved | 10/14/2005 | $ 12,103.66 | n/a | n/a |
| 418 | Forest City Technologies, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/12/2005 | $ 9,009.31 | n/a | n/a |
| 423 | Armada Rubber Manufacturing Co. | ASM CAPITAL LP | Resolved | 10/08/2005 | $ 1,210.00 | n/a | n/a |
| 424 | Hosiden American Corporation | FAIR HARBOR CAPITAL LLC | Resolved | 10/14/2005 | $ 1,423.64 | n/a | n/a |
| 425 | Marian Inc. | MARIAN INC FKA MARIAN RUBBER PRODUCTS | Resolved | 10/13/2005 | $ 25,605.91 | n/a | n/a |
| 426 | Acushnet Rubber Co., Inc | ACUSHNET RUBBER COMPANY INC DBA PRECIX | Resolved | 10/14/2005 | $ 14,588.49 | n/a | n/a |
| 427 | Eikenberry & Associates, Inc | EIKENBERRY & ASSOCIATES INC | Resolved | 10/17/2005 | $ 1,530.60 | n/a | n/a |
| 428 | Sinclair & Rush, Inc | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 3,491.22 | n/a | n/a |
| 429 | Americhem, Inc. | AMERICHEM INC | Resolved | 10/10/2005 | $ 6,797.43 | n/a | n/a |
| 430 | AVX Corporation | AVX CORP | Resolved | 10/13/2005 | $ 11,894.48 | n/a | n/a |
| 434 | Nichicon America Corp | SPCP GROUP LLC | Resolved | 10/14/2005 | $ 5,052.44 | n/a | n/a |
| 437 | Sagami Amercia, Ltd. | SAGAMI AMERICA LTD | Resolved | 10/14/2005 | $ 22,443.37 | n/a | n/a |
| 440 | Tessier Machine Co. | TESSIER MACHINE CO | Resolved | 10/13/2005 | $ 14,880.00 | n/a | n/a |
| 441 | TDK Corporation | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/13/2005 | $ 172,706.22 | n/a | n/a |
| 442 | Mabuchi Motor America Corp | MABUCHI MOTOR AMERICA CORP | Resolved | 10/14/2005 | $ 875.54 | n/a | n/a |
| 446 | Chicago Rivet | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 871.08 | n/a | n/a |
| 450 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 60,936.01 | n/a | n/a |
| 453 | KOA Speer Electronics, Inc. | KOA SPEER ELECTRONICS INC | Resolved | 10/10/2005 | $ 82,085.30 | n/a | n/a |
| 454 | United Chemi-Con, Inc. | UNITED CHEMI CON INC | Resolved | 10/10/2005 | $ 22,311.50 | n/a | n/a |
| 455 | Sensus Precision Die Casting, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/17/2005 | $ 101,745.58 | n/a | n/a |
| 464 | Nu Horizons Electronics Corp. | NU HORIZONS ELECTRONICS CORP | Resolved | 10/11/2005 | $ 30,455.00 | n/a | n/a |
| 465 | Penn Aluminum International, Inc. | PENN ALUMINUM INTERNATIONAL INC | Resolved | 10/14/2005 | $ 22,680.99 | n/a | n/a |
| 466 | Jideco of Bardstown, Inc. | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 6,636.00 | n/a | n/a |
| 469 | Associated Spring, Barnes Group Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 37,650.77 | n/a | n/a |
| 470 | Delta Products Corporation | DELTA PRODUCTS CORPORATION | Resolved | 10/14/2005 | $ 12,986.67 | n/a | n/a |
| 472 | Export Corporation | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/17/2005 | $ 11,691.36 | n/a | n/a |
| 474 | Whirlaway Corporation | CONTRARIAN FUNDS LLC AS ASSIGNEE OF WHIRLAWAY CORPORATION | Resolved | 10/17/2005 | $ 26,238.62 | n/a | n/a |
| 476 | Eagle Picher Automotive - Wolverine Gasket Division | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/10/2005 | $ 7,994.48 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 483 | Capsonic Group LLC | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/12/2005 | $ 4,337.21 | n/a | n/a |
| 487 | Hewitt Tool & Die Inc. | HEWITT TOOL & DIE INC | Resolved | 10/17/2005 | $ 7,828.35 | n/a | n/a |
| 491 | St. Clair Plastics Co. | CONSOLIDATED INDUSTRIAL CORP | Resolved | 10/18/2005 | $ 3,795.99 | n/a | n/a |
| 492 | KOSTAL Mexicana, S.A. de C.V. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/14/2005 | $ 11,188.73 | n/a | n/a |
| 497 | RF Monolithics | ASM CAPITAL II LP | Resolved | 10/14/2005 | $ 160,435.27 | n/a | n/a |
| 498 | Breen Color Concentrates, Inc. | BREEN COLOR CONCENTRATES INC | Resolved | 10/14/2005 | $ 5,107.39 | n/a | n/a |
| 501 | Feintool of Cincinnati, Inc. | AMROC INVESTMENTS LLC AS ASSIGNEE OF FEINTOOL CINCINATTI INC/AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 87,992.63 | n/a | n/a |
| 503 | Kostal of America, Inc | KOSTAL OF AMERICA INC/SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/14/2005 | $ 2,094.80 | n/a | n/a |
| 505 | Fittings Products Co. LLC d/b/a Lake Erie Products-Livonia | SIERRA LIQUIDITY FUND LLC | Resolved | 10/14/2005 | $ 4,797.32 | n/a | n/a |
| 506 | LAKE ERIE PRODUCTS INC | LAKE ERIE PRODUCTS INC | Resolved | 10/14/2005 | $ 14,082.57 | n/a | n/a |
| 514 | Electro Dynamics Crystal Corporation | ELECTRO DYNAMICS CRYSTAL CORPORATION | Resolved | 10/18/2005 | $ 2,960.00 | n/a | n/a |
| 516 | Carlisle Engineered Products, Inc. | CARLISLE ENGINEERED PRODUCTS INC | Resolved | 10/17/2005 | $ 168,880.61 | n/a | n/a |
| 521 | Olin Corp. | BANK OF AMERICA N A | Resolved | 10/10/2005 | $ 19,461.00 | n/a | n/a |
| 522 | Kickhafer Manufacturing Company | KICKHAEFER MANUFACTURING CO KMC | Resolved | 10/13/2005 | $ 37,150.59 | n/a | n/a |
| 526 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 903.60 | n/a | n/a |
| 528 | American Aikoku Alpha, Inc. | AMERICAN AIKOKU ALPHA INC | Resolved | 10/17/2005 | $ 5,823.94 | n/a | n/a |
| 530 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 4,507.28 | n/a | n/a |
| 531 | Werner Co. | WERNER CO | Resolved | 10/17/2005 | $ 952.91 | n/a | n/a |
| 533 | CTS Corporation | CTS CORPORATION | Resolved | 10/17/2005 | $ 2,258.44 | n/a | n/a |
| 536 | Continental/Midland LLC | CONTINENTAL MIDLAND LLC | Resolved | 10/18/2005 | $ 1,386.73 | n/a | n/a |
| 544 | OMG Americas, Inc. | OMG AMERICAS INC | Resolved | 10/18/2005 | $ 6,000.00 | n/a | n/a |
| 546 | Pioneer N.A., Inc. | WHITEBOX HEDGED HIGH YIELD PARTNERS LP | Resolved | 10/17/2005 | $ 40,059.72 | n/a | n/a |
| 552 | Henkel Loctite | HENKEL CORPORATION HENKEL LOCTITE | Resolved | 10/11/2005 | $ 177.36 | n/a | n/a |
| 553 | Sherwin-Williams Company | SHERWIN WILLIAMS COMPANY | Resolved | 10/13/2005 | $ 7,325.94 | n/a | n/a |
| 555 | Dow Corning Corporation | DOW CORNING CORP | Resolved | 10/17/2005 | $ 14,446.67 | n/a | n/a |
| 557 | Raetech Corporation | RAETECH CORPORATION | Resolved | 10/18/2005 | $ 4,500.00 | n/a | n/a |
| 577 | Commodity Management Services LTD. | COMMODITY MGMT SVCS GBS PRINTED PRODS & SYS | Resolved | 10/17/2005 | $ 511.95 | n/a | n/a |
| 578 | Capsonic Automotive, Inc. | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/12/2005 | $ 2,714.88 | n/a | n/a |
| 585 | EIS Inc. | EIS INC | Resolved | 10/18/2005 | $ 570.00 | n/a | n/a |
| 586 | Kurz-Kasch Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/18/2005 | $ 8,638.40 | n/a | n/a |
| 591 | Pax Machine Works, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF PAX MACHINE WORKS INC | Resolved | 10/18/2005 | $ 865.58 | n/a | n/a |
| 592 | Hitchiner Manufacturing Co., Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF HITCHINER MANUFACTURING CO INC | Resolved | 10/17/2005 | $ 8,179.67 | n/a | n/a |
| 594 | Parker- Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 8,163.60 | n/a | n/a |
| 596 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 513.10 | n/a | n/a |
| 598 | THE GLEASON WORKS | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 27,955.00 | n/a | n/a |
| 605 | FEDERAL SCREW WORKS | FEDERAL SCREW WORKS | Resolved | 10/18/2005 | $ 4,013.35 | n/a | n/a |
| 606 | Sanders Lead Co., Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 79,676.69 | n/a | n/a |
| 608 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 2,758.89 | n/a | n/a |
| 609 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 386.01 | n/a | n/a |
| 611 | UNISOURCE WORLDWIDE INC | UNISOURCE WORLDWIDE INC | Resolved | 10/18/2005 | $ 5,500.00 | n/a | n/a |
| 615 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/11/2005 | $ 12,642.17 | n/a | n/a |
| 617 | Alegre,  Inc. | ALEGRE INC | Resolved | 10/18/2005 | $ 20,154.39 | n/a | n/a |
| 620 | Nisshinbo Automotive Corporation | REDROCK CAPITAL PARTNERS LLC | Resolved | 10/18/2005 | $ 27,446.05 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 626 | Micro Motion, Inc. | MICRO MOTION INC | Resolved | 10/18/2005 | $ 5,895.03 | n/a | n/a |
| 628 | Tessy Plastics Corporation | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/18/2005 | $ 9,176.58 | n/a | n/a |
| 630 | Diemolding Corporation | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 941.46 | n/a | n/a |
| 632 | GCi Technologies | CONTRARIAN FUNDS LLC | Resolved | 10/18/2005 | $ 5,981.92 | n/a | n/a |
| 641 | Veritas Software Corporation | VERITAS SOFTWARE CORPORATION | Resolved | 10/19/2005 | $ 7,909.10 | n/a | n/a |
| 642 | ITT Industries, Inc. | ITT CANNON NEWTON | Resolved | 10/18/2005 | $ 11,604.80 | n/a | n/a |
| 644 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 898.38 | n/a | n/a |
| 645 | Camoplast Thermoplastic Group | CONTRARIAN FUNDS LLC AS ASSIGNEE OF CAMOPLAST INCORPORATED | Resolved | 10/14/2005 | $ 88,544.81 | n/a | n/a |
| 652 | Optrex America Inc. | OPTREX AMERICA INC | Resolved | 10/20/2005 | $ 25,974.39 | n/a | n/a |
| 653 | Precision Resource, Inc. | PRECISION RESOURCE INC KY DIV | Resolved | 10/20/2005 | $ 13,539.00 | n/a | n/a |
| 657 | Phillips Plastics Corporation | CONTRARIAN FUNDS LLC | Resolved | 10/18/2005 | $ 9,001.06 | n/a | n/a |
| 661 | Maxim Integrated Products, LLC. | MAXIM INTEGRATED PRODUCTS INC | Resolved | 10/18/2005 | $ 22,730.81 | n/a | n/a |
| 662 | Trelleborg Palmer Chenard | SOL - TRELLEBORG PALMER CHENARD | Resolved | 10/18/2005 | $ 3,477.60 | n/a | n/a |
| 665 | United Machining, Inc. | UNITED MACHINING INC | Resolved | 10/17/2005 | $ 1,532.85 | n/a | n/a |
| 668 | HITACHI AUTOMOTIVE PRODUCTS | DEUTSCHE BANK SECURITIES INC | Resolved | 10/18/2005 | $ 27,569.59 | n/a | n/a |
| 678 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 1,819.75 | n/a | n/a |
| 679 | Millwood, Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 300.00 | n/a | n/a |
| 684 | Millwood Inc. | MILLWOOD INC DBA LIBERTY INDUSTRIES INC | Resolved | 10/13/2005 | $ 2,000.00 | n/a | n/a |
| 695 | Gemini Group, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SIERRA PLASTICS INC AKA SIERRA EL PASO/CONTRARIAN FUNDS LLC AS ASSIGNEE OF GEMINI PLASTICS INC | Resolved | 10/14/2005 | $ 14,138.65 | n/a | n/a |
| 697 | Diodes Incorporated | DIODES INCORPORATED | Resolved | 10/18/2005 | $ 1,421.23 | n/a | n/a |
| 701 | Parker-Hannifin Corporation, Parker Seals | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 3,621.90 | n/a | n/a |
| 703 | Wakefield Thermal Solutions | WAKEFIELD THERMAL SOLUTIONS | Resolved | 10/18/2005 | $ 186.68 | n/a | n/a |
| 707 | Midwest Stamping, Inc. | MIDWEST STAMPING INC | Resolved | 10/20/2005 | $ 1,242.18 | n/a | n/a |
| 719 | Electronic Services, LLC, d.b.a. CSI Electronics | CONTRARIAN FUNDS LLC AS ASSIGNEE OF ELECTRONIC SERVICES LLC DBA CSI ELECTRONICS | Resolved | 10/20/2005 | $ 29,610.00 | n/a | n/a |
| 723 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 429.53 | n/a | n/a |
| 725 | Avnet, Inc. | AVNET INC | Resolved | 10/20/2005 | $ 67,613.23 | n/a | n/a |
| 728 | Security Plastics Division/NMC, LLC | CONTRARIAN FUNDS LLC AS ASSIGNEE OF SP DIV NMC LLC | Resolved | 10/18/2005 | $ 5,367.21 | n/a | n/a |
| 729 | Contrarian Capital Management LLC | BANK OF AMERICA N A/CONTRARIAN FUNDS LLC | Resolved | 10/14/2005 | $ 57,484.77 | n/a | n/a |
| 732 | Photo Stencil, LLC | CONTRARIAN FUNDS LLC | Resolved | 10/20/2005 | $ 5,295.00 | n/a | n/a |
| 747 | Standard Microsystems Corporation | STANDARD MICROSYSTEMS CORPORATION | Resolved | 10/20/2005 | $ 19,067.40 | n/a | n/a |
| 753 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 19,657.49 | n/a | n/a |
| 756 | Fujikoki America, Inc. | SPECIAL SITUATIONS INVESTING GROUP INC | Resolved | 10/13/2005 | $ 102,600.39 | n/a | n/a |
| 758 | Parker- Hannifin, Eng.Seals Division | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/14/2005 | $ 3,679.78 | n/a | n/a |
| 765 | United Stars Industries, Inc. | CONTRARIAN FUNDS LLC AS TRANSFEREE OF UNITED STARS INDUSTRIES INC | Resolved | 10/24/2005 | $ 11,853.70 | n/a | n/a |
| 768 | NMB Technologies Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/20/2005 | $ 4,056.80 | n/a | n/a |
| 771 | Engelhard Corporation | BLUE ANGEL CLAIMS LLC | Resolved | 10/11/2005 | $ 85,576.07 | n/a | n/a |
| 772 | Premier Products, Inc. | CONTRARIAN FUNDS LLC | Resolved | 10/17/2005 | $ 10,671.05 | n/a | n/a |
| 775 | CoorsTek, Inc. | COORSTEK INC | Resolved | 10/10/2005 | $ 30,318.20 | n/a | n/a |
| 776 | KL Industries, Inc. | ARGO PARTNERS | Resolved | 10/14/2005 | $ 4,872.55 | n/a | n/a |
| 779 | MacArthur Corporation | JPMORGAN CHASE BANK NA | Resolved | 10/13/2005 | $ 154,170.00 | n/a | n/a |
| 782 | Parker Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 47,748.95 | n/a | n/a |
| 786 | Wako Electronics (USA) Inc. | AMROC INVESTMENTS LLC | Resolved | 10/14/2005 | $ 4,244.00 | n/a | n/a |
| 795 | Phillips Optical Storage | LATIGO MASTER FUND LTD | Resolved | 10/12/2005 | $ 34,369.12 | n/a | n/a |
| 797 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/17/2005 | $ 339.51 | n/a | n/a |
| 798 | GKN Sinter Metals Limited | DEUTSCHE BANK SECURITIES INC | Resolved | 10/17/2005 | $ 11,600.00 | n/a | n/a |
| 800 | Philips Semiconductors, Inc. | SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | Resolved | 10/12/2005 | $ 194,274.52 | n/a | n/a |

Exhibit A

| Reclamation Claim Number | Party Asserting Reclamation Demand | Current Holder of Reclamation Claim | Status of Reclamation Claim | Demand Date | Agreed-Upon Amount | Supplier Demand Amount | Delphi Reconciled Amount |
|---|---|---|---|---|---|---|---|
| 802 | Mobile Display Systems | MOBILE DISPLAY SYSTEMS | Resolved | 10/14/2005 | $ 25,930.54 | n/a | n/a |
| 804 | Tal-Port Industries, LLC/Stonehill Institutional Partners L.P. | STONEHILL INSTITUTIONAL PARTNERS LP | Resolved | 10/14/2005 | $ 30,013.94 | n/a | n/a |
| 805 | Speedline Technologies, Inc. | TPG CREDIT OPPORTUNITIES INVESTORS LP | Resolved | 10/19/2005 | $ 189,005.00 | n/a | n/a |
| 807 | Assembleon America, Inc. | LATIGO MASTER FUND LTD | Resolved | 10/21/2005 | $ 13,170.09 | n/a | n/a |
| 811 | Schleuniger, Inc. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 15,470.75 | n/a | n/a |
| 816 | Northern Engraving Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 35,503.86 | n/a | n/a |
| 817 | PD George Co. | LONGACRE MASTER FUND LTD | Resolved | 10/18/2005 | $ 4,723.53 | n/a | n/a |
| 818 | Seal Design, Inc. | LONGACRE MASTER FUND LTD | Resolved | 10/20/2005 | $ 1,388.63 | n/a | n/a |
| 820 | Futaba Corporation of America | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/11/2005 | $ 197,369.77 | n/a | n/a |
| 823 | Rosemount Analytical | ROSEMOUNT ANALYTICAL | Resolved | 10/20/2005 | $ 1,340.00 | n/a | n/a |
| 824 | Viking Plastics | ASM CAPITAL LP | Resolved | 10/11/2005 | $ 5,547.35 | n/a | n/a |
| 826 | Worthington Precision Metals, Inc. | SOL - WORTHINGTON PRECISION METALS INC | Resolved | 10/14/2005 | $ 23,230.90 | n/a | n/a |
| 829 | MN Corporation | MADISON INVESTMENT TRUST SERIES 38 | Resolved | 10/12/2005 | $ 25,163.47 | n/a | n/a |
| 832 | Omron Dualtec Automotive Electronics, Inc. | CONTRARIAN FUNDS LLC AS ASSIGNEE OF OMRON DUALTEC AUTOMOTIVE ELECTRONICS INC | Resolved | 10/11/2005 | $ 85,411.74 | n/a | n/a |
| 834 | CTS Corporation | CTS CORPORATION | Resolved | 10/10/2005 | $ 49,457.69 | n/a | n/a |
| 836 | AVM, Inc. | AVM INDUSTRIES LLC | Resolved | 10/12/2005 | $ 1,988.61 | n/a | n/a |
| 838 | Daishinku (America) Corp. d/b/a KDS America | DAISHINKU AMERICA CORP DBA KDS AMERICA | Resolved | 10/17/2005 | $ 15,181.24 | n/a | n/a |
| 840 | Coats American, Inc. | COATS AMERICAN INC | Resolved | 10/14/2005 | $ 3,170.89 | n/a | n/a |
| 841 | Alps Automotive, Inc. | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/18/2005 | $ 37,893.60 | n/a | n/a |
| 843 | First Technology Holdings, Inc. | FIRST TECHNOLOGY HOLDINGS INC AND AFFILIATES AND SUBSIDIARIES AND CONTROL DEVICES INC AND FIRST INERTIA SWITCH LIMITED | Resolved | 10/16/2005 | $ 23,525.65 | n/a | n/a |
| 849 | Dell Receivables | DELL INC | Resolved | 10/18/2005 | $ 12,218.83 | n/a | n/a |
| 852 | Texas Instruments | BEAR STEARNS INVESTMENT PRODUCTS INC | Resolved | 10/17/2005 | $ 64,270.14 | n/a | n/a |
| 857 | CTS Automotive Products | CTS CORPORATION | Resolved | 10/10/2005 | $ 3,735.50 | n/a | n/a |
| 858 | Micronas | MICRONAS GMBH | Resolved | 10/27/2005 | $ 18,090.00 | n/a | n/a |
| 859 | Precision Fitting and Gauge Co. | PRECISION FITTING & GAUGE CO | Resolved | 10/27/2005 | $ 892.00 | n/a | n/a |
| 863 | NSK Corporation | LONGACRE MASTER FUND LTD | Resolved | 10/13/2005 | $ 26,521.34 | n/a | n/a |
| 864 | Coilcraft Inc. | COILCRAFT INC | Resolved | 10/12/2005 | $ 4,434.68 | n/a | n/a |
| 865 | PlastiCert | ARGO PARTNERS | Resolved | 10/18/2005 | $ 9,978.00 | n/a | n/a |
| 867 | Schleuniger | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/21/2005 | $ 17,095.00 | n/a | n/a |
| 869 | Transfer Tool Products, Inc. | TRANSFER TOOL PRODUCTS INC | Resolved | 10/13/2005 | $ 1,186.74 | n/a | n/a |
| 883 | Fujitsu Components America, Inc. | FUJITSU COMPONENTS AMERICA INC | Resolved | 10/27/2005 | $ 2,018.40 | n/a | n/a |
| 884 | Parker Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 3,151.81 | n/a | n/a |
| 887 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 339.94 | n/a | n/a |
| 888 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/17/2005 | $ 998.52 | n/a | n/a |
| 889 | Parker-Hannifin Corporation | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/11/2005 | $ 10,551.65 | n/a | n/a |
| 892 | Parker Seals | SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | Resolved | 10/16/2005 | $ 1,787.81 | n/a | n/a |
| 904 | The Lighting Company | THE LIGHTING COMPANY | Resolved | 10/14/2005 | $ 791.97 | n/a | n/a |
| 905 | DuPont Powder Coatings LLC | LONGACRE MASTER FUND LTD | Resolved | 10/10/2005 | $ 8,317.35 | n/a | n/a |
| 908 | Universal Bearings, Inc. | GOLDMAN SACHS CREDIT PARTNERS LP | Resolved | 10/07/2005 | $ 153.83 | n/a | n/a |
| 911 | Metal Surfaces, Inc. | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/14/2005 | $ 14,486.60 | n/a | n/a |
| 915 | Engineered Materials Solutions | HAIN CAPITAL HOLDINGS LLC | Resolved | 10/17/2005 | $ 43,198.89 | n/a | n/a |
| 916 | Key Safety Systems, Inc. | KEY SAFETY SYSTEMS & SUBSIDIARIES | Resolved | 10/14/2005 | $ 3,803.60 | n/a | n/a |

$ 16,181,727.91 $ 18,802,421.99