Jeffrey A. Indrutz
13556 S. Co. Rd. 1000 E.
Galveston, Indiana 46932
June 16, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowing Green
New York, New York 10004-1408

Dear Honorable Robert D. Drain:

Re: Docket Number 05-44481 (RDD)

I am writing to OBJECT to the June 1, 2009 Master Disposition Agreement, Article 9.5.11.
I am a former employee of Delphi and was severed on Feb. 28, 2009 during the bankruptcy.
I signed a contract with Delphi and waived certain rights to receive severance. In other words, I provided an item of value in exchange for the severance money. This contract was entered into during the bankruptcy.
I had planned to use this money to support me and my family during my search for further employment. I understand how claims made prior to entering bankruptcy are tenuous but am not at all in favor of cancelling contracts made in good faith during the bankruptcy.
I am aware that Delphi is continuing certain non-competitive benefits to their employees that indicate to me they are not serious about being competitive. As an example, they still provide company cars to employees at eighth level and above. This is more than what Delphi's competition offers same level employees. This is just one example as to why I should not have to pay for their continued poor performance as managers.
The severance payments are a contract liability and should not be terminated. I have a valid contract and I expect it to be honored. Delphi expects me to honor the release of claims that I signed.

I have already been subject to benefit termination as a salaried retiree of Delphi and thus have made a long term contribution to this recovery effort. The severance agreement is a short term, well defined liability and not a large one at that.

Please consider strongly these objections and not allow the termination of severance payments.

Thank you for your consideration,

*Jeffrey A. Indrutz*