6/15/2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004-1408

Dear Honorable Judge Drain;

    I am writing to object to terms in the June 1, 2009 Master Disposition Agreement, and specifically to Article 9.5.11, terminating Delphi's responsibility to fulfill the contract with me which they had accepted, in return for my retirement from the company. I am a recently retired Delphi employee (March 1, 2009), having worked for a total of 33 years for General Motors (23 yrs) and Delphi (10 yrs).

    I accepted a request for retirement based on a contract offered by Delphi Corporation in April, 2008 and actively promoted by Platinum Equity. Implementation of the contract was delayed for almost a year to allow the completion of the sale of my division of Delphi, Steering Systems, to Platinum. Implementation of that signed contract was delayed, month to month, at the insistence of Delphi / Platinum, not at my request, for almost a year. When the purchase of Steering Systems division by Platinum did not appear likely, a new contract was agreed to between myself and Delphi Corporation in January, 2009. It was a real contract, in which I gave up certain rights relative to my relationship with the company in exchange for a cash settlement. It appears now that neither Delphi or Platinum ever had any intention of honoring that contract. I have honored my agreements with Delphi / Platinum; I fully expect them to honor theirs.

    Both contracts were written to place liability on both parties to perform the terms; I had to refrain from attempting to enforce certain legal claims, while Delphi / Platinum had to provide financial remuneration over a period of 6 months, equal each month to my previous pay rate while still working. It would seem to be a simple case of contract liability. All of this occurred while Delphi was still under the protection of the bankruptcy court. I see no reason this formal contract should not be enforced as written, especially in light of the active participation and encouragement by the potential buyer of Delphi's assets.

Please reconsider your decision relative to Article 9.5.11 of the June 1, 2009 Master Disposition Agreement, in light of its significant impact on employees who ended their Delphi / Platinum employment in good faith. Thank you.

James E. Forbes
1809 Meridian St.
Reese, MI 48757

Copy of separation agreement contract attached

## Special Voluntary Separation Program Release of Claims

I have volunteered and have been separated from my employment with the Steering Solutions Services Corporation (the "Company") effective _____, 200_ under terms which make me eligible for benefits under the Special Voluntary Separation Program (the "Program"). These benefits include a Special Separation Incentive in the amount of $46,260, which is to be paid in semi-monthly installments. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi Corporation, General Motors Corporation, Steering Solutions Corporation and each of their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Steering Solutions. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from The Company.

I understand that, by accepting benefits under the Program, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under any program, including without limitation the Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims, and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days after this Release of Claims is accepted and signed by an HR Representative. To be effective, the revocation must be in writing and must be received by Cheryl Evangelista before the close of business on the seventh (7th) day after HR has signed this Release of Claims.

I acknowledge that the Company has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits the Company provides under any other separation program and that I will not be eligible for any enhancements which may subsequently be made to the benefits provided under the Program. This Release of Claims constitutes the entire and only understanding between the Company and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: *[signature]*
JAMES E. FORBES / 329
Social Security No (Last 4-digits): 1329

Dated: 4/30/08

Witness: *[signature] Kathy Keith*

Dated: 4/30/08

Accepted: _____ (after 45 days)
    HR Representative
Dated: _____