Randy S. Otto
868 Wood Run
South Lyon, MI 48178

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowing Green
New York, NY 10004 -1408

RE: Docket Number 05-44481 (RDD)

SUBJECT: Objection to Severance Payment Termination at Closing

Dear Honorable Mr. Drain,

I must write to object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. in the Delphi bankruptcy proceedings where it declares that severance payments will be terminated upon the closing date (emergence date).

I am effected by this proposal as I was terminated effective April 1st, 2009 and was offered a severance agreement in exchange for waiving certain rights by Releasing of Claims related to the termination of that employment. In my case, I am to be paid severance payments through August 2009. At risk are 2 or 3 payments, 20 to 30% of the total amount agreed. In my case, this would be about $7880 to $11200.

I signed this agreement in March 2009, while Delphi's case is still open, it was my understanding that the contract was binding to both parties. Severance Payments are not a benefit, they must be a contracted agreement between the parties – all other benefits expired at my termination other than that included in my retirement benefits. I have upheld my part of the agreement and have not taken any legal action against Delphi.

For Delphi, after the fact, to argue to re-define these agreements as pre-petition liabilities is, in my opinion, incorrect. To not fulfill their obligation is a violation of the agreement. I would further state that if this intention to walk away from any unpaid portion of these agreements at closing was known by Delphi at the time of presenting the agreement to me, it was not mentioned in the agreement nor spoken of during my discussions with Delphi representatives at any time. If the payments were at risk of this legal treatment, it was not presented to me and therefore the agreement may have been presented deceptively by Delphi.

Our benefit agreements have always had provisional language that Delphi could change the benefit with proper notice, based on a business decision. The corporation had done just that in 2008 when we were informed of the decision to

reduce the severance packages by 50%. Subsequent to that – we were told that the payment would be changed to semi-monthly installments vs. a lump sum. Prior to that announcement, before the petition date and more than 2 years under Chapter 11 protection, I would have been eligible for a contract that would pay 10 months of severance in a lump sum. If it were agreed that the contract should be defined as "pre-petition", wouldn't I then be able to argue the liability is to the program that was in effect at that time? No, this would not be legal – just as it would not be legal for Delphi to re-define the payments to attempt to avoid them.

I expect my contract signed in March 2009 for severance to be honored and not cast aside by a re-definition of the liability.

Please allow this objection to be heard and do not allow Delphi to walk away from their legal commitment on severance payment contracts.

Sincerely,


Randy S. Otto