June 18, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge- Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D Drain,

I retired from Delphi February 1, 2009 with 10 months severance entitlement per Delphi's procedures in effect at that time. I strongly object to the June 1, 2009 Master Disposition Agreement Article 9.5.11 declaring that severance payments will be terminated upon closing date.

I received a W.A.R.N ACT notice that our Home Ave Operations would be closing and my employment would be terminated on or about Jan. 31, 2009. During my preparation for retirement I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive my 10 months severance pay I was required to sign a contract giving up certain rights listed in the contract. I was told that if I did not sign I would only get one month severance. I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership.

I was released from Delphi January 30, 2009. I was told that the Delphi Separation Allowance Plan was a binding contract between the debtor and myself and the debtor agreed to pay me 10 months salary. This contract was transacted during the debtor's bankruptcy process and is not a pre-petition claim. These severance payments are a contract liability. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to until the contract is fully satisfied. This should be considered an Administrative claim and should be paid in full prior to Delphi's emergence.

Many of my co-workers who were dismissed and retired prior to 2008 were given their severance in a lump sum. Since I retired in February of 2009 my severance was put on a bi-monthly payment schedule for 10 months. The same separation plan, but we who stayed to close the operation down will lose at least one half for our loyalty. This is morally and legally wrong.

I have lost 4000 shares of Delphi stock in my 401k, my medical benefits, my pension, as it is going to the PBGC that will reduce it by 40%, and now with a legal contract in my possession they want to take my severance from me that should have been paid in a lump some as it was for those who retired last year. Needless to say I strenuously object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted

David Scott Hodges
Delphi Salaried Retiree

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective ___Feb 1___, 200_9_ under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $_84,150.00_, less applicable deductions, to be paid in _20_ semi monthly installments commencing on ___Feb 15___, 200_9_, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by __Wendy Hayes__ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _David Scott Hodges_

Delphi Identification Number (DIN): _1010023_

Dated: _12-2-2008_

Accepted: _Wendy E. Hayes_
Delphi Corporation