835 West Martindale Road
Union, OH 45322
June 16, 2009


Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

Re: Docket Number 05-44481 (RDD)


Dear Honorable Judge Drain,

I very strongly object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11 declaring contractual severance agreements will be terminated upon the emergence of Delphi from bankruptcy. These agreements are a contract, entered into during bankruptcy, and are not a Delphi provided benefit. (All of which have already been eliminated). And as such, severance payments are a contractual entitlement, and should be honored. In exchange for these contractual severance payments, employees signed a Release of Claims. In short, the severance agreements are valid, legally binding contracts.

Delphi retired salaried employees have already been adversely affected by benefit termination, and the pending pension reduction due to the transfer of the pension to the PBGC, because of Delphi's anticipated abandoning of its' salaried pension.

The total liability for these contracts is low and short term, expiring in July 2010. I signed my severance contract in October, 2008, with an effective date of January, 2009. These severance agreements are legal contracts, and should be honored as such.

Included are a copy of the W.A.R.N. Act Notice, and a copy of my Delphi Corporation Separation Allowance Plan Release of Claims.


Sincerely,

Brian M. Miller



**W.A.R.N. ACT NOTICE**

Dear Brian Miller:

As you know, after careful review of business circumstances, Delphi's manufacturing facility located at 2701 Home Avenue, Dayton, Ohio, will be closed on or about December 31, 2008. This closure will affect approximately 380 individuals. We anticipate that these layoffs will be permanent. It is currently expected that your employment will be terminated on or about January 1, 2009.

This notice is being given to you pursuant to the Worker Adjustment and Retraining Notification (WARN) Act of 1988, which requires employers to give official notice to affected employees of a pending plant closure or mass layoff. If you have any questions, you may contact Wendy Hayes, at (937) 455-3187.

We are grateful for the loyal service and contributions of our employees, and wish you success in your future endeavors.

Sincerely,

Larry V. Johnson,
Plant Manager- Home Ave Operations

# Delphi Corporation
## Separation Allowance Plan Release of Claims

I have been separated from my employment with Delphi Corporation ("Delphi") effective __Jan 1__, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the amount of $__64,920.00__, less applicable deductions to be paid semi monthly commencing on __Jan 15__, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees or the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by __11/6/08__ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _[signature]_

Social Security Number (last 4): __2492__

Accepted: _[signature]_ Wendy E. Hayes
Delphi Corporation

Dated: __10/30/08__

Revised October 2008