Honorable Robert D. Drain                                June 17, 2009
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowing Green
New York, NY 10004 -1408

Dear Judge Drain:

I am a Delphi retiree with over 32 years of service (22 years with GM and 10 years with Delphi involved with docket number 05-44481 (RDD). I am writing this letter to object to the termination of my severance contract with Delphi contained in the June1, 2009 Master Disposition Agreement, Article 9.5.11 which states that my severance will be terminated upon the closing or emergence date.

I signed my severance agreement on December 4, 2008, retired on January 1, 2009 and my severance payments commenced on January 15, 2009. This contract specifically details that I would receive payments semi-monthly for 12 months with the last payment due on December 31, 2009. This contract required that I release Delphi from all manner of potential law suits and claims with regard to my employment and separation. This contract, which was entered into approximately 6 months ago while Delphi was in Bankruptcy, should be honored. In my mind, this severance contract is different than the retiree health care benefits which ended for retirees on April 1, 2009. Such benefits were not being provided to salaried retirees under a contract or protected by law.

Since I am now required to pay for my health care insurance and the high likelihood that my pension will be reduced when it is assumed by the PBGC, I have been utilizing my severance payments to lower my long term debt and lower my monthly living expenses. In addition, I have also been able to delay distributions from my 401k which has been negatively impacted by the current financial and business crisis.

If the purpose of the Master Disposition Agreement, Article 9.5.11 is to avoid passing the liability for the remaining severance payments to the buyers, Delphi could pay the balance of the severance liability in a lump sum to the severance contract recipients prior to emergence. I can't believe that the total liability for the remaining severance payments would be prohibitive since Delphi reduced maximum severance payments to 6 months for those employees who entered into severance contracts after January 1, 2009.

Respectfully,

Dennis A. Puntel