June 18, 2009


United States Bankruptcy Court — Southern District of New York
One Bowling Green
New York, NY 10004-1408


Attn: Honorable Judge Robert D. Drain


Ref:  Delphi Corp Case 05-44481 filed October 8, 2005
      June 1, 2009 Master Disposition Agreement
      Article 9.5.11 (Cessation of Severance Payments)


Dear Judge Drain:

This letter is to express my objection with the proposed termination of severance
entitlements upon Delphi's closing date as stated in Article 9.5.11 of the June 1,
2009 Master Disposition Agreement. I respectfully submit to your court this
**OBJECTION** to the proposed severance termination, and file it as a motion to object
to the June 1, 2009 MDA and specifically, Article 9.5.11.

I elected to voluntarily retire from Delphi, effective February 1, 2009 for several
reasons and influencing factors, which certainly included the Retirement benefits
and severance policy commitments in effect at the time. Obviously, the post-
retirement landscape has changed significantly for Delphi salaried retirees since Feb
1, 2009, which I disagree with, but do realize that the OPEB health care and life
insurance benefits and Salaried Pension were pre-petition benefit policies provided
by Delphi that can be altered.

However, I strongly object to the termination of the obligations stated in the
contractual agreement (Delphi Corporation Separation Allowance Plan Release of
Claims), which I signed on December 10, 2008. This contractual agreement between
Delphi and me clearly states the separation pay which I am eligible for, "to be paid in
24 semi-monthly installments commencing on February 15, 2009". In consideration
for receiving this allowance, I waived certain rights, which I am adhering to.

The wording of this contractual agreement was last revised in October 2008 per the
document, and the document was signed, with my specific separation entitlement
shown, demonstrating agreement between Delphi and me, on December 10, 2008.
This is a signed, enforceable contract liability which clearly was entered into during
Delphi bankruptcy proceedings. Separation allowance, per the Plan Release of
Claims, is not a pre-petition Delphi-provided benefit, which can be revoked, as we
have seen to be the case with the OPEB health care and life insurance benefits, and

likely very soon, with the Salaried Pension program transfer to PBGC. Rather, the separation payment entitlement was provided, and agreed to, in exchange for my waiver of certain rights and claims against the Corporation. The signed Separation Allowance Plan Release of Claims is a valid, legal and binding contract, which I will continue to adhere to, and I would expect the Corporation to honor as well.

**I ask that the Bankruptcy Court give strong consideration to rejecting the Severance Termination as proposed in Article 9.5.11 of the Master Disposition Agreement dated June 1, 2009.**

Respectfully submitted,

Michael D. Clark
1072 Little Sugarcreek Road
Dayton, OH  45440
E-mail: mclark68442@aol.com