**From:** Mark E. Thornburg
119 Cherry Hill Lane
Santa Teresa, NM 88008
Phone: (915) 613-0348

**To:** Honorable Judge Robert D. Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

**Date:** June 17, 2009

**Subject:** Objection to the termination of salaried employee severance pay. **(Docket N. 14310)** (the "Plan Modification Approval Motion") under 11 U.S.C. 11 § 11272

I object to the wording of section 9.5.11 paragraph A of the agreement between Delphi and the buyer which infers Delphi may terminate their obligations relative to severance pay to salaried employees.

I was involuntarily separated from Delphi February 28, 2009. Delphi agreed to pay me one year's base pay if I signed a release "Release of Claims Agreement". *(Note: This is not a payment of a Delphi benefit. Delphi would have only provided me one month pay for separation but one year's pay for me to sign the "Release of Claims Agreement".)*

The agreement was accepted and signed by me and Delphi's human resource representative on January 15, 2009. This is a legal agreement between me and Delphi. The agreement mentions specifically that I will not hold GM or Delphi liable for improper discharge or age discrimination among many other things. This agreement provided value to me and to Delphi.

In the Release of Claims Agreement, Delphi agreed to make a lump sum payment in the amount of the one years pay on March 15th, 2009. When Delphi

failed to make the lump sum payment, I contacted Delphi's Human Resource Department and was verbally assured by local human resources representative Claudia Mercado and also a Power Train divisional human resource Representative that Delphi would pay me the years pay but not in a lump sum. Their verbal commitment was to pay the one years pay in semimonthly payments. Delphi began making these payments March 15, 2009. According to the signed agreement, Delphi agreed to pay the entire amount in a lump sum on March 15, 2009. I strongly disagree that Delphi be allowed to terminate a legal agreement with me because they have subsequently made an agreement with a third party. I contend that Delphi is obligated to pay me the balance of the severance amount owed in a lump sum.

*Attached is a copy of my signed Release of Claims Agreement*

Sincerely,

*[signature]*

Mark E. Thornburg

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I, Mark Thornburg, have been separated from my employment with Delphi Corporation ("Delphi") effective March 1, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $[redacted], less applicable deductions, to be paid in a one time lump sum payment on March 15, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by Human Resources before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: *[signature]*

Delphi Identification Number (DIN): _001023439_

Dated: _January 15/2009_

Accepted: _Claudia Mercado_
Delphi Corporation

Revised November 2008