**Exhibit A**

| Debtors' Public Securities | CUSIP Number |
|---|---|
| **Voting Securities:** | |
| 6 ½% Notes due 2009, dated April 28, 1999 | 247126 AB 1 |
| 7 1/8% Notes due 2029, dated April 28, 1999 | 247126 AC 9 |
| 6.55% Notes due 2006, dated May 31, 2001 | 247126 AD 7 |
| 6.50% Notes due 2013, dated July 22, 2003 | 247126 AE 5 |
| 8 ¼% Adjustable Rate Junior Subordinated Note, due 2033 | 247126 AF 2 |
| 6.197% Junior Subordinate Noted, due 2033 | 247126 AG 0 |
| **Common Stock (Non-Voting):** | |
| Common Stock of Delphi Corporation | 247126 10 5 |

**Exhibit B**

AMERICAN ENTERPRISE INVESTMENT SERVICES (0216)
ATTN: REBECCA STRAND OR PROXY MGR
2178 AXP FINANCIAL CENTER
MINNEAPOLIS, MN  55474

    SERVED VIA OVERNIGHT COURIER

AMERIPRISE (0756)
ATTN: MIKE KOHLER OR PROXY MGR
751 GRISWOLD STREET
DETROIT, MI  48226

    SERVED VIA OVERNIGHT COURIER

BANC OF AMERICA (0773)
ATTN: JAMES MONAHAN  OR PROXY MGR
100W 33RD STREET 3RD FLOOR
NEW YORK, NY  10001

    SERVED VIA OVERNIGHT COURIER

BANK OF NEW YORK MELLON (0901)
ATTN: MICKEY JIMENEZ OR PROXY MGR
ONE WALL STREET
6TH FLOOR
NEW YORK, NY  10286

    SERVED VIA OVERNIGHT COURIER

BANK OF NEW YORK MELLON/ MELLON TRUST (0954)
ATTN: SUSAN KARAFA OR PROXY MGR
525 WILLIAM PENN PLACE
SUITE 3418
PITTSBURGH, PA  15259

    SERVED VIA OVERNIGHT COURIER

BANK OF NEW YORK/DBAG LDN-GS CR. PORT LLC (2485)
ATTN: DONNA STEINMAN OR PROXY MGR
ONE WALL STREET
NEW YORK, NY  10286

    SERVED VIA OVERNIGHT COURIER

BARCLAYS CAPITAL INC (5101)
ATTN: JOHN CLIFFORD OR PROXY MGR
222 BROADWAY
NEW YORK, NY  10038

    SERVED VIA OVERNIGHT COURIER

BARCLAYS CAPITAL INC./ LE (0229)
ATTN: GIOVANNA LAURELLA OR PROXY MGR
70 HUDSON STREET
7TH FLOOR
JERSEY CITY, NJ  07302

    SERVED VIA OVERNIGHT COURIER

BARCLAYS CAPITAL INC./BARCLAYS CAPITAL FIXED
ATTN: NELLIE FOO OR PROXY MGR
200 CEDAR KNOLLS ROAD
WHIPPANY, NJ  07981

    SERVED VIA OVERNIGHT COURIER

BMO NESBITT BURNS INC** (5043)
ATTN: LOUISE TORANGEAU OR PROXY MGR
1 FIRST CANADIAN PLACE 13TH FL
PO BOX 150
TORONTO, ON  M5X 1H3
CANADA

    SERVED VIA OVERNIGHT COURIER

BNP PARIBAS PRIME BROKERAGE, INC. (2154)
ATTN: GENE BANFI OR PROXY MGR
787 7TH AVENUE
8TH FLOOR
NEW YORK, NY  10019

     SERVED VIA OVERNIGHT COURIER

BROADRIDGE
ATTN: JOB # Y46922
51 MERCEDES WAY
EDGEWOOD, NY  11717

     SERVED VIA HAND DELIVERY

BROWN BROTHERS HARRISMAN & CO. (0010)
ATTN: PAUL NONNON OR PROXY MGR
525 WASHINGTON BLVD
NEW PORT TOWERS
JERSEY CITY, NJ  07310-1607

     SERVED VIA OVERNIGHT COURIER

CDS CLEARING & DEPOSITORY SERVICES (5099)
ATTN: LORETTA VERELLI OR PROXY MGR
600 BOUL DE MAISONNEUVE
OUEST BUREAU 210
MONTREAL, QC  H3A 3J2
CANADA

     SERVED VIA OVERNIGHT COURIER

CHARLES SCHWAB & CO., INC. (0164)
ATTN: PROXY MGR
211 MAIN STREET
SAN FRANCISCO, CA  94105

     SERVED VIA OVERNIGHT COURIER

CITIBANK, N.A. (0908)
ATTN: CAROLYN TREBUS OR PROXY MGR.
3800 CITIBANK CENTER - B3-12
TAMPA, FL  33610

     SERVED VIA OVERNIGHT COURIER

CITIGROUP GLOBAL MARKETS INC. (0418)
ATTN: PAT HALLER OR PROXY MGR
333 WEST 34TH STREET
5TH FL
NEW YORK, NY  10001

     SERVED VIA OVERNIGHT COURIER

CITIGROUP GLOBAL MARKETS INC/SALOMON BROTHERS (0274)
ATTN: PAT HALLER OR PROXY MGR
333 WEST 34TH STREET
5TH FL
NEW YORK, NY  10001

     SERVED VIA OVERNIGHT COURIER

CLEARVIEW CORRESPONDENT SERVICES, LLC (0702)
ATTN: LINDA MILLER OR PROXY MGR
8006 DISCOVERY DRIVE
RICHMOND, VA  23229

     SERVED VIA OVERNIGHT COURIER

CREDIT SUISSE SECURITIES (USA) LLC (0355)
ATTN: LILY ARTURO OR PROXY MGR
C/O PROXY DEPT
7033 LOUIS STEPHENS DR
RESEARCH TRIANGLE PARK, NC  27709

     SERVED VIA OVERNIGHT COURIER

CROWELL, WEEDON & CO. (0574)
ATTN: GEORGE LEWIS  OR PROXY MGR
624 S GRAND AVENUE 25TH FLOOR
LOS ANGELES, CA  90017

SERVED VIA OVERNIGHT COURIER

D. A. DAVIDSON & CO. (0361)
ATTN: RITA LINSKEY OR PROXY MGR
8 THIRD STREET NORTH
P.O. BOX 5015
GREAT FALLS, MT  59403

SERVED VIA OVERNIGHT COURIER

DEPOSITORY TRUST CO
ATTN: ED HAIDUK
55 WATER STREET
25TH FLOOR
NEW YORK, NY  10004

SERVED VIA OVERNIGHT COURIER

DEPOSITORY TRUST CO
ATTN: HORACE DALEY
55 WATER STREET
25TH FLOOR
NEW YORK, NY  10004

SERVED VIA OVERNIGHT COURIER

DESERET TRUST CO (0958)
ATTN: KELLIE BRIDGE OR PROXY MGR
10 EAST SOUTH TEMPLE SUITE 470
SALT LAKE CITY, UT  84133

SERVED VIA OVERNIGHT COURIER

DEUTSCHE BANK SECURITIES INC. (0573)
ATTN: RAY CONTE OR PROXY MGR
1251 AVENUE OF THE AMERICAS
NEW YORK, NY  10020

SERVED VIA OVERNIGHT COURIER

E*TRADE CLEARING LLC (0385)
ATTN: MATTHEW FRIEFELD OR PROXY MGR
1981 MARCUS AVENUE
1ST FLOOR
LAKE SUCCESS, NY  11042

SERVED VIA OVERNIGHT COURIER

EDWARD D. JONES & CO. (0057)
ATTN: CHERYL BOSEMAN OR PROXY MGR
700 MARYVILLE CENTER DRIVE
ST LOUIS, MO  63141

SERVED VIA OVERNIGHT COURIER

FIDUCIARY SSB (0987)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA  02171

SERVED VIA OVERNIGHT COURIER

FIFTH THIRD BANK (2116)
ATTN: ERIC ARMSTRONG OR PROXY MGR
5001 KINGSLEY DRIVE
MAIL DROP 1M0B2D
CINCINNATI, OH  45227

SERVED VIA OVERNIGHT COURIER

FIRST CLEARING, LLC (0141)
ATTN: LACHRISSA BIRD OR PROXY MGR
2801 MARKET ST.
MO 3540
ST. LOUIS, MO  63103

    SERVED VIA OVERNIGHT COURIER

GLENMEDE TRUST CO (2139)
ATTN: DARLENE WARREN OR PROXY MGR
ONE LIBERTY PLACE STE 1200
1650 MARKET STREET
PHILADEPHIA, PA  19103

    SERVED VIA OVERNIGHT COURIER

GLOBAL SECURITIES/CDS (5069)
ATTN: JOYA BABA OR PROXY MGR
3 BENTALL CENTRE
595 BURRARD ST, 11TH FLOOR
VANCOUVER, BC  V7X 1C4
0

    SERVED VIA OVERNIGHT COURIER

GOLDMAN SACHS EXECUTION & CLEARING, L.P. (0501)
ATTN: VANESSA CAMARDO OR PROXY MGR
30 HUDSON STREET
PROXY DEPARTMENT
JERSEY CITY, NJ  07302

    SERVED VIA OVERNIGHT COURIER

GOLDMAN, SACHS & CO. (0005)
ATTN: VANESSA CAMARDO OR PROXY MGR
30 HUDSON STREET
PROXY DEPARTMENT
JERSEY CITY, NJ  07302

    SERVED VIA OVERNIGHT COURIER

HUNTINGTON NATIONAL BANK (2305)
ATTN: TINA MOX OR PROXY MGR
7 EASTON OVAL - EA4 E78
COLUMBUS, OH  43219

    SERVED VIA OVERNIGHT COURIER

ICAP CORPORATES (0148)
ATTN: THOMAS DEEHAN OR PROXY MGR
111 PAVONIA AVE
10TH FL
JERSEY CITY, NJ  07310

    SERVED VIA OVERNIGHT COURIER

INGALLS & SNYDER, LLC (0124)
ATTN: MICHAEL SCURA OR PROXY MGR
61 BROADWAY
NEW YORK, NY  10006

    SERVED VIA OVERNIGHT COURIER

INTERACTIVE BROKERS RETAIL EQUITY (0534)
ATTN: MARIA TARDIO OR PROXY MGR
1 PICKWICK PLAZA
GREENWICH, CT  06830

    SERVED VIA OVERNIGHT COURIER

JANNEY MONTGOMERY SCOTT LLC (0374)
ATTN: REGINA LUTZ OR PROXY MGR
1801 MARKET STREET 9TH FLOOR
PHILADEPHIA, PA  19103

    SERVED VIA OVERNIGHT COURIER

JEFFERIES & COMPANY, INC. (0019)
ATTN: CHARLES ERRIGO OR PROXY MGR
HARBORSIDE FINANCIAL CENTER
705 PLAZA 3
JERSEY CITY, NJ  07311

     SERVED VIA OVERNIGHT COURIER

JJB HILLIARD, WL LYONS (0768)
ATTN: C/O ADP PROXY SERVICES
51 MERCEDES WAY
EDGEWOOD, NY  11717

     SERVED VIA OVERNIGHT COURIER

JPMCH/RBS (2230)
ATTN: GEORGIA STANBACK OR PROXY MGR
4 NEW YORK PLAZA
21ST FLOOR
NEW YORK, NY  10004

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE BANK CORRESPONDENCE CLEARING SER 2 (2164)
ATTN: ARTHUR DANIEL OR PROXY MGR
PROXY SERVICES
14201 DALLAS PKWY, STE 121
DALLAS, TX  75254

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (0902)
ATTN: JACOB BACK OR PROXY MGR
14201 DALLAS PARKWAY
12TH FLOOR
DALLAS, TX  75254

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE BANK/PCS SHARED SERVICES (2255)
ATTN: CHRIS BUCK OR PROXY MGR
340 SOUTH CLEVELAND AVE
BLDG 350
WESTERVILLE, OH  43081

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE/JP MORGAN INTERNATIONAL (2035)
ATTN: GEORGIA STANBACK OR PROXY MGR
4 NEW YORK PLAZA
11TH FLOOR
NEW YORK, NY  10004

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE/RBS (2038)
ATTN: GEORGIA STANBACK OR PROXY MGR
4 NEW YORK PLAZA
21ST FLOOR
NEW YORK, NY  10004

     SERVED VIA OVERNIGHT COURIER

JPMORGAN CLEARING CORP. (0352)
ATTN: VINCENT  MARZELLA OR PROXY MGR
DEPT C, CASHIERS DEPARTMENT
1 METROTECH CTR NORTH, PROXY DEPT 4TH FLOOR
BROOKLYN, NY  11201-3862

     SERVED VIA OVERNIGHT COURIER

JPMORGAN SECURITIES INC. - FIXED INCOME (0187)
ATTN: JOHN HALLORAN OR PROXY MGR
500 STANTON CHRISTIANA ROAD
OPS 4TH FLOOR
NEWARK, DE  19713-2107

     SERVED VIA OVERNIGHT COURIER

LEHMAN BROTHERS, INC. (0074)
ATTN: PHILLIP FRANCHINI OR PROXY MGR
PROXY
70 HUDSON
JERSEY CITY, NJ  07302

      SERVED VIA OVERNIGHT COURIER

LPL FINANCIAL CORPORATION (0075)
ATTN: MARTHA STRAHAN OR PROXY MGR
9785 TOWNE CENTRE DRIVE
SAN DIEGO, CA  92121-1968

      SERVED VIA OVERNIGHT COURIER

MANUFACTURERS AND TRADERS TRUST COMPANY (0990)
ATTN: MEGAN RICHARDSON OR PROXY MGR
ONE M&T PLAZA
BUFFALO, NY  14240

      SERVED VIA OVERNIGHT COURIER

MARSHALL & ILSLEY (0992)
ATTN: C/O ADP PROXY SERVICES
51 MERCEDES WAY
EDGEWOOD, NY  11717

      SERVED VIA OVERNIGHT COURIER

MERRILL LYNCH, PIERCE FENNER & SMITH (5198)
ATTN: VERONICA O'NEILL OR PROXY MGR
101 HUDSON STREET
8TH FLOOR
JERSEY CITY, NJ  07302

      SERVED VIA OVERNIGHT COURIER

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. (0161)
ATTN: ROBERT BURKE OR PROXY MGR
C/O TRITECH SERVICES 4 CORPORATE PLACE
CORPORATE PARK 287
PISCATAWAY, NJ  08854

      SERVED VIA OVERNIGHT COURIER

MESIROW FINANCIAL (0727)
ATTN: GAIL CORTESE OR PROXY MGR
350 N CLARK STREET
2ND FLOOR
CHICAGO, IL  60610

      SERVED VIA OVERNIGHT COURIER

MORGAN STANLEY & CO. INCORPORATED (0050)
ATTN: MICHELLE FORD OR PROXY MGR
901 SOUTH BOND ST
6TH FLOOR
BALTIMORE, MD  21231

      SERVED VIA OVERNIGHT COURIER

MORGAN STANLEY & CO. INCORPORATED/RETAIL (0015)
ATTN: DAVID SAFRAN OR PROXY MGR
601 HARBORSIDE FINANCIAL CENTER
PLAZA 3, 6TH FLOOR
JERSEY CITY, NJ  07311

      SERVED VIA OVERNIGHT COURIER

MORGAN, KEEGAN & COMPANY, INC. (0780)
ATTN: CAROL ANTLEY OR PROXY MGR
50 NORTH FRONT STREET
MEMPHIS, TN  38103

      SERVED VIA OVERNIGHT COURIER

MURPHY & DURIEU (0041)
ATTN: JAMES GOLDIN OR PROXY MGR
120 BROADWAY
NEW YORK, NY  10271

     SERVED VIA OVERNIGHT COURIER

NATIONAL FINANCIAL SERVICES LLC (0226)
ATTN: LOU TREZZA OR PROXY MGR
1 WORLD FINANCIAL CENTER
200 LIBERTY STREET, 5TH FLOOR
NEW YORK, NY  10281

     SERVED VIA OVERNIGHT COURIER

NORTHERN TRUST COMPANY (2669)
ATTN: ROBERT  VALENTIN OR PROXY MGR
801 S CANAL STREET
PROXY DEPT  FLOOR C1N
CHICAGO, IL  60607

     SERVED VIA OVERNIGHT COURIER

OPPENHEIMER & CO. INC. (0571)
ATTN: JOE CALDER OR PROXY MGR
125 BROAD STREET
15TH FLOOR
NEW YORK, NY  10004

     SERVED VIA OVERNIGHT COURIER

OPTIONSXPRESS, INC. (0338)
ATTN: RICH DRINH OR PROXY MGR
311 W. MONROE STREET
CHICAGO, IL  60606

     SERVED VIA OVERNIGHT COURIER

PENSON FINANCIAL SERVICES, INC. (0234)
ATTN: JAMES MCGRATH OR PROXY MGR
1700 PACIFIC AVENUE
SUITE 1400
DALLAS, TX  75201

     SERVED VIA OVERNIGHT COURIER

PERELMAN/CARLEY & ASSOCIATES, INC. (8086)
ATTN: STEVE PERELMAN PRINCE OR PROXY MGR
TWIN TOWERS
3000 FARNAM ST
OMAHA, NE  68131

     SERVED VIA OVERNIGHT COURIER

PERSHING LLC (0443)
ATTN: AL HERNANDEZ OR PROXY MGR
SECURITIES CORPORATION
1 PERSHING PLAZA
JERSEY CITY, NJ  07399

     SERVED VIA OVERNIGHT COURIER

PNC BANK, NATIONAL ASSOCIATION (2616)
ATTN: ROB HALLOWELL OR PROXY MGR
8800 TINICUM BLVDT
PHILADEPHIA, PA  19153

     SERVED VIA OVERNIGHT COURIER

PRIMEVEST FINANCIAL SERVICES (0701)
ATTN: MARK SCHOUVILLER OR PROXY MGR
400 1ST STREET SOUTH
ST CLOUD, MN  56301

     SERVED VIA OVERNIGHT COURIER

RAYMOND, JAMES & ASSOCIATES, INC. (0725)
ATTN: MIKE DILLARD OR PROXY MGR
880 CARILION PARKWAY
PO BOX 12749
ST PETERSBURG, FL  33716

      SERVED VIA OVERNIGHT COURIER

RBC CAPITAL MARKETS CORPORATION (0235)
ATTN: STEVE  SCHAEFER OR PROXY MGR
510 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MN  55402

      SERVED VIA OVERNIGHT COURIER

RELIANCE TRUST CO (5962)
ATTN: AARON SPIVEY OR PROXY MGR
3300 NORTHEAST EXPRESSWAY BLDG 1
SUITE 200
ATLANTA, GA  30341

      SERVED VIA OVERNIGHT COURIER

RIDGE CLEARING (0158)
ATTN: MATTHEW FRIEFELD OR PROXY MGR
1981 MARCUS AVENUE
1ST FLOOR
LAKE SUCCESS, NY  11042

      SERVED VIA OVERNIGHT COURIER

ROBERT W. BAIRD & CO. INCORPORATED (0547)
ATTN: SARA BLANKENHEIM OR PROXY MGR
777 E. WISCONSIN AVENUE
MILWAUKEE, WI  53202

      SERVED VIA OVERNIGHT COURIER

SANFORD C. BERNSTEIN & CO., LLC (0013)
ATTN: CARMINE CARELLA  OR PROXY MGR
ONE NORTH LEXINGTON AVE
WHITE PLAINS, NY  10601

      SERVED VIA OVERNIGHT COURIER

SCOTIA CAPITAL INC.** (5011)
ATTN: EVELYN PANDE OR PROXY MGR
SCOTIA PLAZA, PO BOX 4085
STATION "A"
TORONTO, ON  M5W 2X6
CANADA

      SERVED VIA OVERNIGHT COURIER

SCOTTRADE, INC. (0705)
ATTN: TERRI LOSCHE OR PROXY MGR
12855 FLUSHING MEADOWS DR
ST. LOUIS, MO  63131

      SERVED VIA OVERNIGHT COURIER

SEI PRIVATE TRUST COMPANY (2039)
ATTN: DAN CWALINA OR PROXY MGR
ONE FREEDOM VALLEY DRIVE
OAKS, PA  19456

      SERVED VIA OVERNIGHT COURIER

SOUTHWEST SECURITIES, INC. (0279)
ATTN: CHRISTINA FINZEN OR PROXY MGR
1201 ELM STREET
SUITE 3700
DALLAS, TX  75270

      SERVED VIA OVERNIGHT COURIER

STATE STREET BANK AND TRUST COMPANY (0997)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA  02171

SERVED VIA OVERNIGHT COURIER

STEPHENS INC (0419)
ATTN: LINDA THOMPSON OR PROXY MGR
111 CENTER STREET
4TH FLOOR
LITTLE ROCK, AR  72201-4402

SERVED VIA OVERNIGHT COURIER

STERNE, AGEE & LEACH, INC. (0750)
ATTN: MARIBETH WILLIAMS OR PROXY MGR
813 SHADES CREEK PARKWAY
SUITE 100-B
BIRMINGHAM, AL  35242

SERVED VIA OVERNIGHT COURIER

STIFEL, NICOLAUS & COMPANY INCORPORATED (0793)
ATTN: CHRIS WIEGAND OR PROXY MGR
501 N BROADWAY
ST LOUIS, MO  63102

SERVED VIA OVERNIGHT COURIER

SUNTRUST BANK (2971)
ATTN: JULIA COLANTUONO OR PROXY MGR
PO BOX 105504
CENTER 3141
ATLANTA, GA  30348-5504

SERVED VIA OVERNIGHT COURIER

TD AMERITRADE CLEARING, INC. (0188)
ATTN: GARY SWAIN OR PROXY MGR
1005 NORTH AMERITRADE PLACE
BELLVIEW, NE  68005

SERVED VIA OVERNIGHT COURIER

TD WATERHOUSE CANADA** (5036)
ATTN: BEVERLY ADAMS OR PROXY MGR
60 NORTH WINDPLACE
SCARBOROUGH, ON  M1S 5L4
CANADA

SERVED VIA OVERNIGHT COURIER

TERRA NOVA FINANCIAL (0364)
ATTN: RAY BURLEY OR PROXY MGR
100 S WACKER DRIVE
SUITE 1550
CHICAGO, IL  60606

SERVED VIA OVERNIGHT COURIER

UBS AG STAMFORD BRANCH (2507)
ATTN: MICHAEL MARCIANO OR PROXY MGR
677 WASHINGTON BLVD
9TH FLOOR
STAMFORD, CT  06901

SERVED VIA OVERNIGHT COURIER

UBS FINANCIAL SERVICES INC. (0221)
ATTN: JANE FLOOD OR PROXY MGR
PROXY DEPT 7TH FLOOR
1000 HARBOR BLVD
WEEHAWKEN, NJ  07087

SERVED VIA OVERNIGHT COURIER

UBS SECURITIES LLC (0642)
ATTN: JOHN MALLOY OR PROXY MGR
480 WASHINGTON BLVD
JERSEY CITY, NJ  07310

SERVED VIA OVERNIGHT COURIER

UBS SECURITIES/SECURITIES LENDING (5284)
ATTN: JOSEPH SOMMA OR PROXY MGR
677 WASHINGTON BLVD
STAMFORD, CT  06902

SERVED VIA OVERNIGHT COURIER

UMB BANK, NA (2450)
ATTN: JAN GUZMAN OR PROXY MGR
928 GRAND BLVD
KANSAS CITY, MO  64106

SERVED VIA OVERNIGHT COURIER

UNION BANK OF CALIFORNIA, N.A. (2145)
ATTN: ALAN HICKLIN OR PROXY MGR
530 B STREET
SUITE 242
SAN DIEGO, CA  92101

SERVED VIA OVERNIGHT COURIER

US BANCORP INVESTMENTS (0280)
ATTN: KATHY DABRUZZI OR PROXY MGR
60 LIVINGSTON AVE
EP-MN-WN2H
ST PAUL, MN  55107-1419

SERVED VIA OVERNIGHT COURIER

USAA INVESTMENT MANAGEMENT COMPANY (0367)
ATTN: JOSEPH BALLESTEROS OR PROXY MGR
9800 FREDRICKBURG ROAD
SAN ANTONIO, TX  78211

SERVED VIA OVERNIGHT COURIER

VANGUARD MARKETING CORP (0062)
ATTN: KEVIN SCULLY OR PROXY
100 VANGUARD BLVD
MALVERN, PA  19355

SERVED VIA OVERNIGHT COURIER

WELLS FARGO BANK, NATIONAL ASSOCIATION (2027)
ATTN: JANET BUECHLER OR PROXY MGR
733 MARQUETTE AVENUE
MAC N9306-057, 5TH FLOOR
MINNEAPOLIS, MN  55479

SERVED VIA OVERNIGHT COURIER

WELLS FARGO INVESTMENTS, LLC (0733)
ATTN: COLLEEN GRUNDTNER OR PROXY MGR
625 MARQUETTE AVENUE
13TH FLOOR
MINNEAPOLIS, MN  55402-2308

SERVED VIA OVERNIGHT COURIER

ZIV INVESTMENT (8082)
ATTN: JAMES M GRIEGEL OR PROXY MGR
141 W JACKSON BLVD
CHICAGO, IL  60604

SERVED VIA OVERNIGHT COURIER

**Exhibit C**

# Financial Balloting Group LLC

M E M O R A N D U M

**TO:**        All Banks, Brokers and Other Intermediaries

**DATE:**     June 19, 2009

**SUBJECT:**  Delphi Corporation, et al.
Case No. 05-44481

RECORD DATE:
June 8, 2009

VOTING DEADLINE:
July 15, 2009

| Cusips | Broadridge Job # |
|--------|------------------|
| 247126 AB 1 | |
| 247126 AC 9 | |
| 247126 AD 7 | Y46922 |
| 247126 AE 5 | |
| 247126 AF 2 | |
| 247126 AG 0 | |

Enclosed for **_immediate distribution_** to the beneficial holders of the above-referenced cusips is the following material:

- **Confirmation Hearing Notice:** Notice of (1) Approval of Supplement; (2) Hearing On Modifications To Plan…

- **Appropriate Beneficial Holder Ballot**

| Cusip | Ballot Code Left Footer | Color |
|-------|------------------------|-------|
| 247126 AB 1 | A | Salmon |
| 247126 AC 9 | B | Blue |
| 247126 AD 7 | C | Green |
| 247126 AE 5 | D | Beige |
| 247126 AF 2 | E | Lavender |
| 247126 AG 0 | F | Ecru |

- **CD-ROM Containing Supplement and Modified Plan**

- **Creditors Committee Letter:** Letter from Official Committee of Unsecured Creditors dated June 17, 2009

- **FBG Return Envelope** (to be used if you wish to pre-validate a ballot)

If you use Broadridge Financial to distribute materials, we have provided Broadridge with copies of these materials to distribute on your behalf and the enclosures are courtesy copies for your records.

Should you require additional copies of the enclosed materials, please contact one of the following:

     Lmerino@fbgllc.com or Sgoodpaster@fbgllc.com

Invoices regarding distribution of the above materials should be directed to: Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Stephenie Kjontvedt

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :
     In re                   :     Chapter 11
                      :
DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                      :
            Debtors.     :     (Jointly Administered)
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER
MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION
AND (B) SETTING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND
<u>ALTERNATIVE TRANSACTION HEARING DATE</u>

("MODIFICATION PROCEDURES ORDER")

Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (Docket No. 16646) (the "Motion Supplement")

of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i)

approving (a) certain modifications to the confirmed First Amended Joint Plan of Reorganization

of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on

January 25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended

Disclosure Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is attached
hereto as <u>Exhibit A</u> without exhibits.



Disclosure Statement"), and (c) related modifications to those voting procedures set forth in the

December 10 Solicitation Procedures Order, (ii) setting a final hearing date for approval of the

Debtors' proposed plan modifications, (iii) setting of a bar date for filing proofs claim for

administrative expenses for postpetition claims arising before June 1, 2009, and (iv) setting an

alternative sale hearing (the "Alternative Sale Hearing") date of July 23, 2009, to be used, only if

necessary, to consider the sale of substantially all the Debtors' assets if the Court does not

approve the Debtors' proposed plan modifications on that date; and upon the objections of Robert

Ward (Docket No. 14338), Sheryl Carter (Docket No. 14339), Liquidity Solutions, Inc. (Docket

No. 14340), Pension Benefit Guaranty Corporation (Docket No. 16893), Kensington

International Limited, Manchester Securities Corp, and Springfield Associates LLC (Docket No.

16895), Autocam Corporation (Docket No. 16896), JP Morgan Chase Bank, NA (Docket No.

16897), Appaloosa Management LP, A-D Acquisition Holdings, LLC, Harbinger Del-Auto

Investment Company Ltd., Harbinger Capital Partners Master Fund I, Ltd., Merrill, Lynch,

Pierce, Fenner & Smith, Incorporated, Pardus Special Opportunities Master Fund L.P., and

Pardus DPH Holdings (Docket No. 16898), Official Committee of Unsecured Creditors (Docket

No. 16900), Collective of DIP Lenders (Docket No. 16903), UBS Securities LLC (Docket No.

16904), Wilmington Trust Company (Docket No. 16907), and various individual letter

objections; and the Court having reviewed the Motion and the supplements to the December 10

Disclosure Statement (as modified, the "Supplement"); and a hearing having been held on June

10, 2009 (the "Preliminary Modification Hearing"); and upon the representations of the Debtors,

GM and Parnassus/Platinum on the record of the Preliminary Modification Hearing regarding

section 9.40 of the MDA, and the subsequent modification of that provision; and the Court

having reviewed and considered (i) the Supplement, (ii) the Motion, (iii) the Motion Supplement,

2

(iv) the adequacy of notice, and (v) the record established at the Preliminary Modification

Hearing, including the evidence proffered or adduced at the Preliminary Modification Hearing;

and the Debtors having submitted proposed modifications of the Supplement in light of the

Court's comments at the hearing, and the Court having found and concluded that, as modified,

the Supplement contains "adequate information" for purposes of sections 1125 and 1127(c) and

(f) of the Bankruptcy Code; and for the reasons stated on the record at the Preliminary

Modification Hearing, and after due deliberation thereon, and good cause appearing therefor, the

Court hereby finds as follows:

      A.     The Supplement complies with the requirements of 11 U.S.C. §§ 101-

1330 (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and satisfies the requirements of section 1127(c) of the Bankruptcy Code because the

Debtors' Supplement and proposed procedures comply with the requirements of section 1125 of

the Bankruptcy Code, including without limitation, disclosing adequate information as that term

is defined in section 1125 of the Bankruptcy Code and complying with the requirements of

Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language

the provisions of the Confirmed Plan, as modified (the "Modified Plan") that provide for releases

and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and

sufficiently identifying the persons and entities that are subject to the releases and injunctions.

      B.     Good cause exists for shortened notice of the hearing on the adequacy of

the Supplement under Bankruptcy Rule 9006(c)(1).  The Debtors' notice of the hearing on the

Motion, the Motion Supplement, the Supplement, the Preliminary Modification Hearing, and the

time fixed for filing objections to the Motion Supplement was good and sufficient under the

particular circumstances, and no other or further notice need be given.

C.      The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

D.      Resolicitation of votes for holders of claims and/or interests in Classes C-1 (General Unsecured Claims) and D (GM Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

E.      Solicitation of votes for holders of claims in Class C-2 (PBGC Claim) is appropriate because of the nature of the modifications included in the Modified Plan.

F.      Solicitation of votes for holders of claims and/or interests in Class A (Secured Claims) is appropriate because of the nature of the modifications included in the Modified Plan.

G.      Not soliciting votes from holders of claims and/or interests in Classes E, G, and H [2] is appropriate because of the nature of the modifications included in the Modified Plan.

H.      The Debtors' solicitation procedures, as approved by this Court in the December 10 Solicitation Procedures Order, with such modifications as set forth herein, are applicable and appropriate for the Debtors to resolicit votes on the Modified Plan.

I.      The Debtors' proposed procedures for transmitting the Supplement, the Modified Plan, the Ballots (as defined below), and the voting instructions are adequate, in good faith, and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

J.      Because of the lapse of time and amount of claims trading between the November 26, 2007 record date approved in the December 10 Solicitation Procedures Order and

---

[2]      Class E consists of all Section 510(b) Note Claims against Delphi Corporation, Class G consists of all interests in existing common stock of Delphi Corporation and all Section 510(b) Equity Claims against Delphi Corporation, and Class H consists of all Section 510(b) ERISA Claims against the applicable Debtor.

the date of the filing of the Motion Supplement, it is equitable to read section 1127(d) of the

Bankruptcy Code to apply to current holders of claims or interests as of June 8, 2009.

Accordingly, June 8, 2009 shall be the Record Date (as defined below) to determine the holder of

a claim or interest for all purposes relating to the Modified Plan.

        K.     The form of the Final Modification Hearing Notice (as defined below) and

the Debtors' proposed procedures for distributing and publishing the Final Modification Hearing

Notice, as described more fully in the Motion Supplement, are fair and reasonable.

        L.     The forms of the Amended Cure Amount Notice (as defined below) and

the Notice of Non-Assumption of Executory Contracts (as defined below) and the Debtors'

proposed modified cure claim procedures, as described more fully in the Motion Supplement, are

fair and reasonable.

        M.     The form of the GM Components Assumption and Assignment Notice (as

defined below) and the procedures for the Debtors to assume and assign to GM Components

Holdings, LLC ("GM Component"), an affiliate of General Motors Corporation ("GM") the GM

Components Assumed Contracts (as defined below) are fair and reasonable.

        N.     The form of the Parnassus Assumption and Assignment Notice (as defined

below) and the procedures for the Debtors to assume and assign to Parnassus Holdings II, LLC

("Parnassus") the Parnassus Assumed Contracts (as defined below) are fair and reasonable.

        O.     The form of the Administrative Expense Claim Form (as defined below)

and the Notice of Administrative Claim Bar Date (as defined below) and the procedures for the

parties to file Administrative Expense Claims (as defined below) are fair and reasonable.

        P.     The Debtors have shown that cause exists for establishing July 15, 2009 as

the Administrative Expense Bar Date, in accordance with General Order M-279.

Q.    Upon the record of the Preliminary Modification Hearing and these cases,

the relief requested in the Motion as supplemented by the Motion Supplement is in the best

interests of the Debtors, their estates, their creditors, their interest holders, and other parties-in-

interest.

R.    The Debtors have demonstrated that sound business judgment exists to

schedule the Alternative Sale Hearing on July 23, 2009.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion as supplemented by the Motion Supplement is GRANTED

except to the extent provided herein.

2.    To the extent not already withdrawn or reflected in changes to the

Supplement that have been made as required by the Court, all objections filed or otherwise

asserted against the Motion, the Motion Supplement, or the Supplement are hereby overruled.

3.    The Debtors are hereby authorized and directed to solicit votes to accept

or reject the Modified Plan in accordance with the procedures set forth in the December 10

Solicitation Procedures Order, as modified herein.

4.    <u>Key Dates And Deadlines</u>.  When applying the procedures set forth in the

December 10 Solicitation Procedures Order with respect to the Modified Plan, the following

dates shall replace the dates included in the December 10 Solicitation Procedures Order:

| Event And Paragraph From December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Deadline For Trustees And Transfer Agents Must Provide Record Holder Information (as of June 8, 2009 voting record date) To Securities Voting Agent (¶14) | no later than two business days after the later of (a) the Record Date (defined below) and (b) the date this order is entered |
| Solicitation Mailing Deadline (¶10) | June 20 2009 |
| Deadline For Filing Of Plan Exhibits And | July 2, 2009 |

6

| Event And Paragraph From December 10 Solicitation Procedures Order | Proposal Under Plan Modification Approval Order |
|---|---|
| Disclosure Statement Appendices (the "Exhibit Filing Date") (¶40) | |
| Rule 3018(a) Motion Deadline (¶24-26) | Received no later than 4:00 p.m. (prevailing Eastern time) on July 2, 2009<br><br>If the Debtors objected to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection |
| Plan Objection Deadline (¶8) | July 15, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Voting Deadline (¶29) | Received by the Voting Agents by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 |
| Voting Agent Certification Deadline (¶37) | July 20, 2009 at 4:00 p.m. (prevailing Eastern time) |
| Final Modification Hearing Date (¶7) | To commence on July 23, 2009 |

The Debtors shall file their reply in support of the Modified Plan and the Master Disposition Agreement and in support of the transactions set forth in the Master Disposition Agreement, as modified by the 363 Implementation Agreement (as defined below) and file any proposed revisions to the final order approving the Modified Plan and submit a proposed form of section 363 sale order no later than July 21, 2009.

5.    Ballots.  The Debtors' proposed forms of ballots, in substantially the forms annexed to this order as Exhibit B (as may be specifically modified for particular classes of claims or interests), are hereby approved for use in connection with the Debtors' solicitation of votes to accept or reject the Modified Plan.

6.    Notices.  Except as set forth below, the Notices listed in the chart below and attached hereto substantially in the forms of Exhibits C, D, E, F, and G attached hereto, are substantially similar to those approved by the December 10 Solicitation Procedures Order and

the Debtors are authorized to use such notices in same manner that each corresponding notice

was used under the December 10 Solicitation Procedures Order, except as otherwise set forth

herein:

| Exhibit to this Order | Title of Notice | Exhibit to December 10 Solicitation Procedures Order |
|---|---|---|
| C | Unimpaired Notice | D |
| D | Non-Voting Status Notice | E |
| E | Notice To Parties Subject To A Post-Solicitation Date Objection | F |
| F | Notice to Employees Regarding Multiple Solicitation Documents | N |
| G | Final Plan Modification Approval Hearing Notice | C |
| H | Amended Cure Amount Notice | O |
| I | Notice of Non-Assumption of Executory Contracts | N/A |
| J | GM Components Assumption and Assignment Notice | N/A |
| K | Parnassus Assumption and Assignment Notice | N/A |
| L | Administrative Expense Claim Request | N/A |
| M | Notice of Administrative Claim Bar Date | N/A |
| N | Supplemental Procedures for Evaluating Non-Solicited Alternative Transactions | N/A |

7.      Approval Of Supplement. Pursuant to Bankruptcy Rule 3017(b), the

Supplement (filed June 16, 2009) is approved as containing adequate information within the

meaning of section 1125(a) of the Bankruptcy Code.

8.      The Debtors are authorized to (i) make non-material changes to the

Supplement and related documents (including the exhibits thereto and to the Supplement) and (ii)

revise the Supplement and related documents (including the exhibits thereto) to add further

disclosure concerning events occurring at or after the Preliminary Modification Hearing, before

distributing it to each person and entity in accordance with the terms of this order; provided,

8

however, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

9.        Final Modification Hearing Date.  The hearing (the "Final Modification Hearing") to consider approval of the Modified Plan, as the same may be further modified or amended, shall commence on July 23, 2009 (the "Final Modification Hearing Date"), at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. Subject to the Alternative Sale Hearing, the Final Modification Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties-in-interest.

10.        Objections To Proposed Modifications To Confirmed Plan.  July 15, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Modified Plan Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed with the Court together with proof of service, and served by personal service, overnight delivery, or first-class mail, with a hard copy delivered to the chambers of the Honorable Robert D. Drain, and served so that they are RECEIVED no later than the Modified Plan Objection Deadline by the following (collectively, the "Notice Parties"):

The Debtors

9

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Att'n: General Counsel

Counsel For The Debtors
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(800) 718-5305
Att'n: John Wm. Butler, Jr.
Att'n: Ron E. Meisler

     and

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Att'n: Kayalyn A. Marafioti
Att'n: Gregory W. Fox

United States Trustee
The Office of the United States Trustee
33 Whitehall Street, Suite 2100
New York, New York 10004
Att'n: Brian Masumoto

Counsel For The Creditors' Committee
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Att'n: Robert J. Rosenberg
Att'n: Mitchell A. Seider
Att'n: Mark A. Broude

Counsel For The Postpetition Lenders
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10022
Att'n: Donald S. Bernstein
Att'n: Brian M. Resnick

Counsel For The Tranche C Collective
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

Att'n: Richard Mancino
Att'n: Marc Abrams


Counsel For The United States Department of the Treasury
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Att'n: John J. Rapisardi
Att'n: Oren B. Haker

Counsel For The United States Department of Justice
United States Department of Justice
86 Chambers Street, 3rd Floor
New York, New York 10007
Att'n: Matthew L. Schwartz
Att'n: Joseph N. Cordaro

Counsel For General Motors Corporation
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Att'n: Jeffrey L. Tanenbaum
Att'n: Robert J. Lemons

Counsel For Parnassus Holdings II, LLC
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Att'n: Adam C. Harris
Att'n: David J. Karp

**Objections not timely-filed and served in the manner set forth above may not be considered**

**by the Court and may be deemed overruled.**

11.    Record Date.  Notwithstanding anything to the contrary in Bankruptcy

Rule 3017(d), June 8, 2009 shall be fixed as the record date (the "Record Date") for determining

the members of Class A, Class C-1 (General Unsecured Claims), Class C-2 (PBGC Claim), and

Class D³ (together, the "Voting Classes") entitled to receive Solicitation Packages and entitled to

vote to accept or reject the Modified Plan.

12.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before June 20,

2009 (the "Solicitation Date"), the Debtors shall cause Kurtzman Carson Consultants LLC (the

"Creditor Voting Agent" or "KCC") and Financial Balloting Group, LLC (the "Securities Voting

Agent," and together with the Creditor Voting Agent, the "Voting Agents") or their agents to

transmit by first class mail to the holders of claims against and interests in the Debtors as of the

Record Date, with respect to Classes A, C-1, C-2, and D, respectively, a solicitation package (the

"Solicitation Package") containing a copy or conformed version of:

A.    the Final Modification Hearing Notice;

B.    to the extent applicable, the appropriate ballot and notice as set forth above for the
specific creditor or interest holder, with appropriate voting instructions, in
substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for
particular classes and with instructions attached thereto), and a pre-addressed
postage prepaid return envelope;

C.    a CD-ROM containing this order (without exhibits attached), a copy of the
December 10 Solicitation Procedures Order (without exhibits), the Supplement,
the Modified Plan, and the publicly-filed materials appended thereto; and

D.    a solicitation letter from the official committee of unsecured creditors, if any.

13.    <u>No Notice Or Transmittal For Classes F and I</u>.  With respect to holders of

claims or interests in Class F (Intercompany Claims), the Debtors shall not be required to send to

holders of Class F Intercompany Claims ballots, the Solicitation Package, or any other notice in

connection with the Motion or the Motion Supplement.

---

³    Class A consists of all Secured Claims against the applicable Debtor or consolidated group of Debtors.  Class
C-1 consists of all General Unsecured Claims against the applicable Debtor or consolidated group of Debtors,
Class C-2 consists of PBGC Claims against the applicable Debtor or consolidated group of Debtors, and Class
D consists of the GM Claim against the applicable Debtor or consolidated group of Debtors.

14.     With respect to holders of claims or interests in non-voting Class I (Other

Interests), the Debtors shall not be required to send to the members of Class I ballots, the

Solicitation Package, or any other notice in connection with the Motion or the Motion

Supplement.

15.     <u>Unimpaired Notice To Be Provided To Holders Of Claims In Class K.</u>

The Unimpaired Creditors (as defined in the Modified Plan) in Class K (Other Priority Claims)

are conclusively presumed to have accepted the Modified Plan and solicitation of votes from

holders of claims in Class K is not required.  In lieu of a ballot and in accordance with

Bankruptcy Rule 3017(d), the Solicitation Packages mailed to the Unimpaired Creditors in Class

K shall contain a notice of non-voting status substantially in the form of <u>Exhibit C</u> to this order.

16.     <u>Non-Voting Status Notice To Be Provided To Holders Of Claims And

Interests In Classes E, G, and H.</u>  With respect to holders of claims or interests in non-voting

Classes E, G, and H, the Debtors shall send to such holders a (i) Non-Voting Status Notice

substantially in the form of <u>Exhibit D</u> annexed hereto and (ii) a Final Plan Modification

Approval Hearing Notice (as defined below) substantially in the form of <u>Exhibit G</u> annexed

hereto.  The Debtors shall also send holders of claims and interests in Classes E, G-2, and H (i)

an Administrative Expense Claim Form (as defined below), substantially in the form of <u>Exhibit

L</u> annexed hereto, and (ii) a Notice of Administrative Claim Bar Date (as defined below),

substantially in the form of <u>Exhibit M</u> annexed hereto.  The Debtors shall not be required to send

to holders of claims or interests in non-voting Classes E, G, and H the Solicitation Package, or

any other notice in connection with the Motion or the Motion Supplement.

17.     <u>Final Modification Hearing Notice</u>.  The notice of the Final Modification

Hearing and the Modified Plan Objection Deadline (the "Final Modification Hearing Notice")

substantially in the form of Exhibit G annexed hereto is approved and shall be included in the

Solicitation Packages distributed to all creditors and interest holders and all persons or entities on

the Debtors' master service list.

18.    Subject to the exceptions detailed in this order with regard to members of

Classes F and I, notice of the Final Modification Hearing shall be effected in the same manner,

and served on the same categories of parties, as that of the Confirmation Hearing Notice in the

December 10 Solicitation Procedures Order; provided that the Debtors shall only be required to

provide supplemental publication notice of the Final Modification Hearing by causing the Final

Modification Hearing Notice to be published not fewer than 25 days before the Final

Modification Hearing in the Detroit Free Press, the New York Times (national edition), the Wall

Street Journal (national, European, and Asian editions), and USA Today (worldwide).  The Final

Modification Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Modified Plan

proposes releases and injunctions against conduct not otherwise enjoined under the Bankruptcy

Code, describing briefly the nature of the releases and injunctions, identifying the persons and

entities that are subject to the releases and injunctions, and providing those persons and entities

that are not creditors or equity security holders with contact information to obtain a copy of the

Modified Plan and Supplement.

19.    Additional Procedures For Vote Tabulation.  Holders of claims in Classes

1D through 12D shall receive a single ballot (the "GM Ballot"), which ballot shall apply to all

claims asserted by General Motors Corporation against all Debtors.  The vote with respect to the

GM Ballot shall be applied to each Debtor entity and/or each consolidated group of Debtors.

Holders of claims in Classes 1C-2 through 12C-2 shall receive a single ballot (the "PBGC

Ballot"), which ballot shall apply to all claims asserted by the Pension Benefit Guaranty

Corporation against all Debtors.  The vote with respect to the PBGC Ballot shall be applied to

each Debtor entity and/or each consolidated group of Debtors.

20.    Vote Certification.  The requirement under Rule 3018-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

for the certification of acceptance and rejections of the plan is modified to require the Voting

Agents to file their certifications no later than 4:00 p.m. (prevailing Eastern time) on July 20,

2009.

21.    Service of all notices and documents described herein in the time and

manner as set forth herein, including the service and publication of the Final Modification

Hearing Notice, as described in the Motion Supplement, shall be adequate and sufficient and no

other or further notice shall be necessary.

22.    Effect Of Failure Of Class To Vote.  On the record at the June 10, 2009

hearing, the Debtors reserved their right to assert at the Final Modification Hearing that if no

claim holder of a particular class submits a vote to accept or reject the Modified Plan, such class

shall be deemed to have accepted the Modified Plan.  The Debtors' ballots shall inform creditors

that the Debtors have requested the Bankruptcy Court to make such a finding and that creditors

are therefore encouraged to timely complete and return their ballots.

23.    Maintenance Of Records By Intermediary Record Holders.  Pursuant to

the procedures approved in the December 10 Solicitation Procedures Order, Intermediary Record

Owners who were required to use the Master Ballot voting process were required to retain for

inspection by the Court the Beneficial Owner Ballots cast by Beneficial Owners for one year

following the January 11, 2008 Voting Deadline set by that order, and Intermediary Record

15

Owners who were required to send Prevalidated Ballots to Beneficial Owners for direct return to

the respective Voting Agent were also required to retain for inspection by the Court a list of

those Beneficial Owners to whom the Prevalidated Ballots were sent for one year following the

January 11, 2008 Voting Deadline.  To facilitate the Debtors' resolicitation of votes on the

Modified Plan, the Intermediary Record Owners shall maintain these records and any other data

relating to Beneficial Holders for additional time, until at least July 15, 2010.

      24.    <u>Distribution Of Solicitation Packages By Intermediary Record Owners.</u>

Within five business days after an Intermediary Record Owner's receipt of the Solicitation

Packages, the Intermediary Record Owner shall distribute the Solicitation Packages to the

respective Beneficial Owners for which they hold Securities and who are entitled to vote on the

Modified Plan.  For the avoidance of doubt, holders of interests in Class G (Common Stock)

shall only receive a (i) Non-Voting Status Notice and (ii) Final Plan Modification Approval

Hearing Notice.

      25.    <u>Voting By Beneficial Owners</u>.  Intermediary Record Owners are hereby

authorized and directed to use the appropriate procedure set forth below for obtaining the votes

of Beneficial Owners.  First, the Intermediary Record Owners may forward the Solicitation

Package to the Beneficial Owners of the Securities who are entitled to vote on the Modified Plan

for voting, which package shall include a beneficial owner ballot substantially in the form of the

beneficial owner ballots attached as part of <u>Exhibit B</u> to this order (the "Beneficial Owner Ballot")

and a return envelope provided by, and addressed to, the Intermediary Record Owner.  Upon

receipt of the Beneficial Owner Ballots, the Intermediary Record Owner shall summarize the

individual votes of its Beneficial Owners, as reflected on the Beneficial Owner Ballots, on a

master ballot in substantially the form of the master ballots attached as part of <u>Exhibit B</u> to this

16

order (each a "Master Ballot").  The Intermediary Record Owners shall then return the Master

Ballot to the Securities Voting Agent prior to the Voting Deadline.

26.    Alternatively, if an Intermediary Record Owner is unable to use the option

above, it may prevalidate a Beneficial Owner Ballot (a "Prevalidated Ballot") by signing that

ballot and by indicating on that ballot the identity of the Intermediary Record Owner, the amount

of Securities owned by the Beneficial Owner, and the appropriate account numbers through

which the Beneficial Owner's holdings are derived.  The Intermediary Record Owner shall then

forward a Solicitation Package, including the Prevalidated Ballot and a return envelope

addressed to the appropriate Securities Voting Agent, for voting by the Beneficial Owner.

27.    The Debtors are hereby authorized to reimburse Intermediary Record

Owners for their reasonable and customary out-of-pocket expenses incurred in performing the

tasks described above upon written request of the Intermediary Record Owner, subject to the

Court's jurisdiction to resolve any disputes over any such request for reimbursement.

28.    <u>Notices To Union-Represented Employees And Former Employees</u>.  The

Debtors shall not be required to provide the current and former employees represented by Unions

(as defined in the Modified Plan) or non-represented hourly active employees and retirees with

any specialized notices.

29.    <u>Notice To Employees Receiving Multiple Solicitation Documents</u>.  For

those current and former employees who may receive multiple documents as part of the

solicitation process, the Debtors shall be authorized, in their sole discretion, to make available by

either normal internal communications channels or posting on the Delphi intranet and at

<u>www.delphidocket.com</u> a notice substantially in the form attached hereto as hereto as <u>Exhibit F</u>

which form is hereby approved.

17

30.    <u>Modified Cure Claim Procedures</u>.  The procedures established in the

December 10 Solicitation Procedures Order with respect to the assumption of executory

contracts shall continue in full force and effect, except as expressly modified herein.  The

Debtors shall continue to apply the previously established procedures to resolve the remaining

disputed cure amounts, except as provided herein.  Notwithstanding anything to the contrary in

the December 10 Solicitation Procedures Order, the Confirmed Plan, or the Confirmation Order,

each counterparty to a Material Supply Agreement (as defined in the Modified Plan) to the extent

owed a Cure Amount pursuant to the procedures established by the December 10 Solicitation

Procedures Order, the Confirmation Order, or as modified by this order, shall be paid in cash for

the cure of monetary defaults under a Material Supply Agreement assumed pursuant to the

Modified Plan.  Except as provided below, the Debtors shall not be required to send out new or

additional Cure Amount Notices (as defined in the Modified Plan) under the Modified Plan.  The

Debtors shall work to resolve objections that were timely submitted pursuant to the procedures

set forth in the December 10 Solicitation Procedures Order, the Confirmed Plan, and

Confirmation Order with respect to the Cure Amount Notices.

31.    For any executory contracts or unexpired leases for which the Debtors sent

Cure Amount Notices containing amounts which were overstated, at least 20 days prior to the

Effective Date (as defined in the Modified Plan) of the Modified Plan, the Debtors are authorized

but not directed to file with the Court and to serve a separate notice substantially in the form of

<u>Exhibit H</u> attached hereto which shall state the amount the Debtors believe necessary to cure

such contract (the "Amended Cure Amount Notice").  If a contract counterparty does not object

to the Amended Cure Amount Notice by the deadline set forth below, the cure as set forth in the

Amended Cure Amount Notice shall be paid pursuant to the procedures set forth in the Modified Plan.

32.    If an affected contract counterparty disagrees with the cure amount listed on the Amended Cure Amount Notice, the contract counterparty shall then have ten days from the service of the Amended Cure Amount Notice to object to the revised cure amount, and shall be required to state in its objection, with specificity, the legal and factual basis of its objection. Any objection to an Amended Cure Amount Notice must be filed with the Court and be served on the Notice Parties.  If no objection is timely received, each counterparty shall be deemed to have consented to the cure amount set forth on the Amended Cure Amount Notice.

33.    Any unresolved objection to an Amended Cure Amount Notice shall be scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties.  If an objection to an Amended Cure Amount Notice cannot be resolved consensually among the parties, notwithstanding anything to the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be, would have the right to reject the contract or lease for a period of five days after entry of a final order establishing cure in an amount not acceptable to the Debtors or the Reorganized Debtors, as the case may be, or the assignee.

34.    For counterparties to Material Supply Agreements (as defined in the Confirmed Plan) or such Other Executory Contracts or Unexpired Leases (as defined in the Confirmed Plan) who submitted Cure Proposals by the March 10, 2008 deadline, whether or not such Cure Proposal was subject to a cure proposal objection, whose contracts have expired or have been terminated since the Cure Amount Notices were sent out, the Debtors shall send a

Notice of Non-Assumption of Executory Contracts substantially in the form attached hereto as
Exhibit I, which form is hereby approved, by mailing such notice to the counterparty to an
expired or terminated Material Supply Agreement or Other Executory Contracts or Unexpired
Leases by July 2, 2009, notifying the counterparty that such contracts are no longer being
assumed or cured.

    35.  At least 20 days prior to the Effective Date of the Modified Plan, the
Debtors shall file with the Court and serve (a) a notice (the "GM Components Assumption and
Assignment Notice"), substantially in the form attached hereto as Exhibit J, identifying GM
Components as the party to which the Debtors' would assign all of their rights, title, and interests
in certain executory contacts and unexpired leases (the "GM Components Assumed Contracts")
as provided in the master disposition agreement attached as an exhibit to the Modified Plan (the
"Master Disposition Agreement") and (b) a notice (the "Parnassus Assumption and Assignment
Notice," and together with the GM Components Assumption and Assignment Notice the "MDA
Assumption and Assignment Notices"), substantially in the form attached hereto as Exhibit K,
identifying Parnassus as the party to which the Debtors would assign all of their rights, title, and
interests in certain executory contacts and unexpired leases (the "Parnassus Assumed Contracts,"
and together with the GM Components Assumed Contracts, the "Assigned Contracts") as
provided in the Master Disposition Agreement.  The cure amounts established pursuant to the
procedures in the Confirmed Plan and the December 10 Solicitation Procedures Order shall
remain in effect for the Assigned Contracts, except as may be modified by the Amended Cure
Amount Notice.  Each contract counterparty to an Assigned Contract shall have ten days from
the service of the applicable MDA Assumption and Assignment Notice to object to the proposed
assumption, including an objection on account of a postpetition default, and would be required to

20

state in its objection, with specificity, the legal and factual basis of its objection.  Contract

counterparties shall not be entitled to dispute previously established cure amounts.  Any

objection to an MDA Assumption and Assignment Notice must be filed with the Court and

served on the Notice Parties.  If no objection is timely received, each counterparty to the

Assigned Contracts shall be deemed to have consented to the assumption and shall be deemed to

have waived its right to challenge the Debtors' or Reorganized Debtors' assumption of such

contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized

Debtor, as the case may be, or its assignee to provide "adequate assurance of future performance"

(within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be

assumed, or any other matter pertaining to assumption.  If no objection is timely received, each

counterparty to the Assigned Contracts would be deemed to have consented to the assignment to

GM Components or Parnassus, as applicable, of the Assigned Contracts and would be deemed to

have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be,

assignment of such contract or lease and would be barred from challenging the ability of any

Debtor or Reorganized Debtor, as the case may be, or GM Components or Parnassus or their

assignees to provide "adequate assurance of future performance" (within the meaning of section

365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter

pertaining to assumption.  If an alternative transaction described on Exhibit N hereto is selected

by the Debtors, the contract counterparties shall be provided notice (the "Successful Bidder

Notice") of such transaction and the opportunity to challenge the "adequate assurance of future

performance" of the Successful Bidder at or prior to the Final Modification Hearing or the

Alternative Sale Hearing, as applicable.

21

36.    Any unresolved objection to an MDA Assumption and Assignment Notice
or to the Successful Bidder Notice would be scheduled to be heard at a claims hearing following
20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the
applicable counterparty, or such other date as may be agreed upon by the parties.  If an objection
to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice cannot be
resolved consensually among the parties, the Debtors propose that notwithstanding anything to
the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the
case may be, would have the right to reject (and shall if directed by a Buyer pursuant to the terms
of the Master Disposition Agreement or the agreement with the Successful Bidder, as applicable)
the contract or lease for a period of five days after entry of a final order establishing adequate
assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the
case may be, and the assignee.

37.    <u>Elimination Of Notice For Reclamation Claims</u>.  The Debtors shall not be
required to send out any additional notices to holders of reclamation claims asserted by sellers of
goods with a statutory or common law right to reclamation or holders of such claims (the
"Reclamation Claims") in connection with the solicitation of votes on the Modified Plan.  The
Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured
Claims) ballot including the amount of the Reclamation Claim as a general unsecured
nonpriority claim.

38.    <u>Establishment Of Bar Date For Administrative Expense Claims</u>.  Any
party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from
the commencement of these cases through June 1, 2009 shall file a proof of administrative
expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

22

administrative expense request, including any substantial contribution claims (each, an

"Administrative Expense Claim" or "Claim") against any of the Debtors.  July 15, 2009 at 5:00

p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense

Claims (the "Administrative Expense Bar Date") for the period from the commencement of these

cases through June 1, 2009.

      39.    Notwithstanding anything in the preceding paragraph, creditors holding or

wishing to assert the following types of claims against the Debtors need not file an

Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable;

- Any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders (defined below);[4] or

---

[4]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth

*(cont'd)*

- Any claim asserted by any Debtor or any direct or indirect subsidiary of any
  of the Debtors in which the Debtors in the aggregate directly or indirectly own,
  control, or hold with power to vote, 50 percent or more of the outstanding
  voting securities of such subsidiary.

40.     To submit a valid Administrative Expense Claim, parties-in-interest must

submit a Claim on an Administrative Expense Claim Form substantially in the form attached

hereto as Exhibit L and deliver such Claim to its claims agent:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245
> Att'n: Delphi Corporation, et al.
> Case No. 05-44481 (RDD)

so as to be received no later than the Administrative Expense Bar Date.  Claims may be

submitted in person or by courier service, hand delivery or mail addressed to Kurtzman Carson

Consultants LLC at the foregoing address.  Any Administrative Expense Claim Form submitted

by facsimile, e-mail, or by other electronic means shall not be accepted and shall not be deemed

filed until such Administrative Expense Claim Form is submitted by one of the methods

described in the foregoing sentence.  Administrative Expense Claim Forms shall be deemed filed

only when actually received by KCC.

41.     Any party that is required but fails to file a timely Administrative Expense

Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the

---

*(cont'd from previous page)*
> Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and
> Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim
> Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures
> for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006
> (Docket No. 6145) (together with the Interim Compensation Order, the Supplemental Compensation Order,
> the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation
> Order, the Fourth Supplemental Interim Compensation Order, and the Fifth Supplemental Interim
> Compensation Order, the "Interim Compensation Orders").

Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

        42.     To provide further notice of the Administrative Expense Bar Date, the Debtors are authorized, but not directed, to mail a notice ("Notice of Administrative Claim Bar Date") substantially in form attached hereto as <u>Exhibit M</u> along with a form of Administrative Expense Claim Form to all parties that will receive the Final Modification Hearing Notice and any other party in the Debtors' discretion that they deem appropriate by the June 20, 2009 Solicitation Mailing Deadline.  Notwithstanding the foregoing, the Debtors shall not be required to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form with the Solicitation Packages to be received by (a) holders of Senior Note Claims (as defined in the Modified Plan), (b) holders of TOPrS Claims (as defined in the Modified Plan), or (c) holders of interests in Class G-1.  For the avoidance of doubt, the Debtors shall not be required to send a Notice of Administrative Claim Bar Date or an Administrative Expense Claim Form to any other holder or owner of any of the Debtors' Senior Notes (as defined in the Modified Plan), TOPrS (as defined in the Modified Plan), or Existing Common Stock (as defined in the Modified Plan) on account of their holding of such securities.

        43.     Within five days of the date of entry of this order, or as soon thereafter as practicable, the Debtors shall publish the Notice of Administrative Claim Bar Date in the <u>Detroit Free Press</u>, the <u>New York Times</u> (national edition), the <u>Wall Street Journal</u> (national, European, and Asian editions), and <u>USA Today</u> (worldwide) and (b) electronically through posting on the Delphi legal information website, www.delphidocket.com.

        44.     Provision of notice of the Administrative Expense Bar Date to the persons and entities set forth in the Supplement and this order, in the manner set forth above and as

described more particularly in the Motion Supplement, shall constitute adequate and sufficient

notice the Administrative Expense Bar Date and shall be deemed to satisfy the requirements of

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

      45.   <u>Scheduling A Sale Hearing Date In The Alternative</u>.  If the Debtors are not

able to implement the transactions contemplated in the Master Disposition Agreement through

the Modified Plan and obtain approval of such modifications under section 1127 of the

Bankruptcy Code on July 23, 2009, the Court shall conduct on July 23, 2009 an asset sale

hearing under section 363 of the Bankruptcy Code to complete the transactions set forth in the

Master Disposition Agreement, as may be modified by the "363 Implementation Agreement" (as

defined in the Master Disposition Agreement).  The Debtors shall file the 363 Implementation

Agreement by July 2, 2009.  Any objections to the Master Disposition Agreement being

consummated pursuant to 11 U.S.C. §§ 363 and 365 and as modified by the 363 Implementation

Agreement must be filed by July 15, 2009 at 4:00 p.m. (prevailing Eastern time) and shall be

served in the same manner and on the same parties as objections to the Modified Plan as

provided in this order.  The failure of any objecting person or entity to timely file and serve its

objection by July 15, 2009 may be a bar to the assertion, at the July 23, 2009 hearing or

thereafter, of any objection to (a) the consummation of the Master Disposition Agreement, as

modified by the 363 Implementation Agreement, pursuant to 11 U.S.C. §§ 363 and 365, (b) the

sale, or (c) the Debtors' consummation and performance of the Master Disposition Agreement.

The Debtors shall file a proposed form of sale order to implement the transactions contemplated

in the Master Disposition Agreement, as modified by the 363 Implementation Agreement, by

July 21, 2009.

46.    <u>Supplemental Procedures for Evaluating Non-Solicited Alternative
Transactions</u>.  To the extent that a "Potential Bidder" desires to submit to the Debtors a proposed

alternative transaction to be considered by the Debtors in lieu of the Master Disposition

Agreement, the procedures attached hereto as <u>Exhibit N</u> and incorporated herein by reference

shall govern in all respects (the "Supplemental Procedures").  The Debtors may seek Court

approval, in recognition of the Company Buyer's expenditure of time, energy, and resources, of

an expense reimbursement or other form of buyer protection to be paid from the proceeds of a

successful alternative transaction if the Company Buyer is not the Successful Bidder (as such

term is defined in the Supplemental Procedures).  If the Court approves such reimbursement or

other protection, such order shall become part of the Supplemental Procedures.  To the extent

that any DIP Lender participates directly or indirectly as a Potential Bidder, other than solely in

respect of the exercise of remedies under section 363(k) of the Bankruptcy Code, such DIP

Lender shall be deemed to have irrevocably consented to the transactions contemplated by the

Supplemental Procedures and ultimately approved by this Court for all purposes under the DIP

Credit Agreement and applicable law (with the exception of disputing whether the Supplemental

Procedures were, in fact, followed).  The retained professionals to the Creditors' Committee are

authorized and directed to monitor the administration of the procedures established herein and

may advise the Court through a section 105 chambers conference or as the Court may otherwise

permit or direct of any material non-compliance with these procedures by any person.  In order

to facilitate an alternative transaction, notwithstanding any other provision in the Master

Disposition Agreement, any other agreement contemplated thereby or any agreement between

GM and Parnassus or their respective affiliates, GM, its affiliates and representatives shall be

entitled to (i) furnish to any individual or entity (which may include, without limitation, any

27

potential purchaser, financing source or other interested party) (A) all exhibits, schedules and

agreements under the Master Disposition Agreement and any other related agreements between

GM and Parnassus or their respective affiliates and (B) information related to the Transferred

Assets and Liabilities (as defined in the Supplemental Procedures) and the transactions

contemplated by the Master Disposition Agreement or by agreements between GM and

Parnassus or their respective affiliates, (ii) participate in discussions or negotiations with any

such individual or entity or (iii) enter into and perform under any agreement (whether as

purchaser, equity participant, financing source, customer or otherwise) with any such individual

or entity related to any alternative transaction.  Neither Parnassus nor any of its affiliates shall

have any claims, including, without limitation, for breach of the Master Disposition Agreement,

any other agreement contemplated thereby or any other agreement between GM and Parnassus or

their respective affiliates, against GM, its affiliates, or its representatives arising from or relating

to any action permitted by this paragraph.

        47.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
       June 16, 2009

                /s/ Robert D. Drain                    
                UNITED STATES BANKRUPTCY JUDGE

**Exhibit D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
     In re                      :     Chapter 11
:
DELPHI CORPORATION, <u>et al.</u>,    :     Case No. 05-44481 (RDD)
:
               Debtors.     :     (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF

(1) APPROVAL OF SUPPLEMENT;
(2) HEARING ON MODIFICATIONS TO PLAN;
(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN;
(4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
(5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(6) RECORD DATE;
(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(8) <u>PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN</u>

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

      PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

      PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

      PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures  Order") (Docket No. 17032) approving a supplement to the

---

[1]    The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures  (Docket No. 11389) (the "December 10 Solicitation Procedures Order").

disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. <u>Final Modification Hearing Date</u>.  The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. <u>Objections To Approval Of Modified Plan</u>.  **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan.  To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n:  Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline.  Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. <u>Temporary Allowance Of Claims</u>.  The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and

interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **July 2, 2009** at **4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6.  Record Date.  **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7.  Voting Deadline.  If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest.  For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| | |
|---|---|
| Securities Voting Agent | Creditor Voting Agent |
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York  10017 | El Segundo, California  90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not received by the Voting Deadline will not be counted.**

8.  Injunction To Enforce Releases And Exculpation In The Modified Plan.  **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation.  The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases.  These released parties will also be exculpated generally from Debtor-related liability by all parties.**

> **You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9.    <u>Information And Documents</u>.  Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free:  (800) 718-5305                 http://www.delphidocket.com
International:  (248) 813-2698


Dated:    New York, New York
          June 16, 2009

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP
                                    John Wm. Butler, Jr.
                                    Ron E. Meisler
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606

                                        - and -
                                    Kayalyn A. Marafioti
                                    Thomas J. Matz
                                Four Times Square
                                New York, New York 10036

                                Attorneys for Delphi Corporation, <u>et al.</u>,
                                  Debtors and Debtors-in-Possession

**Exhibit E**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 General Unsecured Claims — 6 1/2% Notes due 2009, dated April 28, 1999)

        On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6 1/2% Notes due 2009, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C-1 General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Supplement which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan.  To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Supplement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C-1 under the Modified Plan.  If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.**

**The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan.  The Bankruptcy Court will decide whether to adopt this presumption when it considers final approval of the Modified Plan.  If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.**

**Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on July 15, 2009_ or your ballot will _not_ be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any Notes with this Ballot.  This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

---

**A**                                                                                                    **CLASS C-1 GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009, DATED APRIL 28, 1999
BENEFICIAL OWNER
CUSIP 247126 AB 1**

**You must vote all of the Notes and any other Class C-1 securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**  The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below).  **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$ _____

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:  ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C-1 Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C-1
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**A**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009, DATED APRIL 28, 1999
BENEFICIAL OWNER
CUSIP 247126 AB 1**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**A**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6 1/2% NOTES DUE 2009, DATED APRIL 28, 1999
BENEFICIAL OWNER
CUSIP 247126 AB 1**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Supplement accompanying this Ballot.  Please review the Supplement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast **votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**A**

**CLASS C-1 GENERAL UNSECURED CLAIMS**
**6 1/2% NOTES DUE 2009, DATED APRIL 28, 1999**
**BENEFICIAL OWNER**
**CUSIP 247126 AB 1**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  | : |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 General Unsecured Claims — 7 1/8% Notes due May 1, 2029, dated April 28, 1999)

On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032). This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 7 1/8% Notes due May 1, 2029, dated April 28, 1999, of Delphi Corporation (the "Notes"), Class C-1 General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Supplement which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan. To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Supplement and the Modified Plan before you vote. You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan. Your claims have been placed in Class C-1 under the Modified Plan. If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.**

**The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan. The Bankruptcy Court will decide whether to adopt this presumption when it considers final approval of the Modified Plan. If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on July 15, 2009_ or your ballot will _not_ be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

---

**B**

**CLASS C-1 GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029, DATED APRIL 28, 1999
BENEFICIAL OWNER
CUSIP 247126 AC 9**

**You must vote all of the Notes and any other Class C-1 securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**  The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$ _____

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C-1 Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

Complete This Table Only If You Have Voted Class C-1<br>Securities Ballots Other Than This Ballot

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**B**

**CLASS C-1 GENERAL UNSECURED CLAIMS<br>7 1/8% NOTES DUE 2029, DATED APRIL 28, 1999<br>BENEFICIAL OWNER<br>CUSIP 247126 AC 9**

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)


Signature:_____

Name Of Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**B**

**CLASS C-1 GENERAL UNSECURED CLAIMS**
**7 1/8% NOTES DUE 2029, DATED APRIL 28, 1999**
**BENEFICIAL OWNER**
**CUSIP 247126 AC 9**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Supplement accompanying this Ballot.  Please review the Supplement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**B**

**CLASS C-1 GENERAL UNSECURED CLAIMS
7 1/8% NOTES DUE 2029, DATED APRIL 28, 1999
BENEFICIAL OWNER
CUSIP 247126 AC 9**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 General Unsecured Claims — 6.55% Notes due 2006, dated May 31, 2001)

On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032). This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.55% Notes due 2006, dated May 31, 2001, of Delphi Corporation (the "Notes"), Class C-1 General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Supplement which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan. To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

**You should review the Supplement and the Modified Plan before you vote. You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan. Your claims have been placed in Class C-1 under the Modified Plan. If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.**

**The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan. The Bankruptcy Court will decide whether to adopt this presumption when it considers final approval of the Modified Plan. If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.**

**Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on July 15, 2009_ or your ballot will _not_ be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Modified Plan.**

---

**C**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006, DATED MAY 31, 2001
BENEFICIAL OWNER
CUSIP 247126 AD 7**

**You must vote all of the Notes and any other Class C-1 securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**  The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$\$$

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    <u>ACCEPTS</u> (votes FOR) the Modified Plan.

☐    <u>REJECTS</u> (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C-1 Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C-1
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**C**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006, DATED MAY 31, 2001
BENEFICIAL OWNER
CUSIP 247126 AD 7**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009, (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
                                                     (Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
                                                          (Optional)

Signature:_____

Name Of Signatory:_____
                                              (If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**C**

**CLASS C-1 GENERAL UNSECURED CLAIMS**
**6.55% NOTES DUE 2006, DATED MAY 31, 2001**
**BENEFICIAL OWNER**
**CUSIP 247126 AD 7**

## INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Supplement accompanying this Ballot.  Please review the Supplement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned but not expressly voted to accept or reject the Modified Plan will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

## **Please Mail Your Ballot Promptly!**

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**C**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6.55% NOTES DUE 2006, DATED MAY 31, 2001
BENEFICIAL OWNER
CUSIP 247126 AD 7**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

    In re                                :     Chapter 11
                                         :

DELPHI CORPORATION, et al.,        :     Case No. 05-44481 (RDD)
                                         :

                Debtors.        :     (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 General Unsecured Claims – 6.50% Notes due 2013, dated July 22, 2003)

       On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032). This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.50% Notes due 2013, dated July 22, 2003, of Delphi Corporation (the "Notes"), Class C-1 General Unsecured Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan. The Modified Plan is described in, and annexed as Exhibit A to, the Supplement which accompanies this Ballot. The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan. If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan. To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote
To Be Processed By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Supplement and the Modified Plan before you vote. You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan. Your claims have been placed in Class C-1 under the Modified Plan. If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.

The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan. The Bankruptcy Court will decide whether to adopt this presumption when it considers final approval of the Modified Plan. If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.

Please read carefully and follow the attached instructions on returning your Ballot. The voting deadline by which your vote must be _received_ by the voting agent is _7:00 p.m. (prevailing Eastern time) on July 15, 2009_ or your ballot will *not* be counted. If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727. If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote. Do not return any Notes with this Ballot. This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**D**                                      **CLASS C-1 GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013, DATED JULY 22, 2003
BENEFICIAL OWNER
CUSIP 247126 AE 5**

**You must vote all of the Notes and any other Class C-1 securities you may hold to accept or reject the Modified Plan.  You may not split your vote.  If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects").  If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your Notes or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee").  You should vote each Ballot that you receive for all of the Notes and Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Item 1.  Principal Amount Of Notes.**  The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount of Notes held, please contact your Nominee immediately.)**

$$\boxed{\$ \phantom{xxxxxxxxxxxxxxxxxxxxxxx}}$$

**Item 2.  Vote On Modified Plan. (Please check one.)**

The undersigned:  ☐    ACCEPTS (votes FOR) the Modified Plan.

☐    REJECTS (votes AGAINST) the Modified Plan.

**Item 3.  Certification As To Notes And Other Class C-1 Securities Held In Additional Accounts.**  By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for Notes or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C-1
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | $_____ | _____ |
| 2._____ | _____ | $_____ | _____ |
| 3._____ | _____ | $_____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**D**

**CLASS C-1 GENERAL UNSECURED CLAIMS
6.50% NOTES DUE 2013, DATED JULY 22, 2003
BENEFICIAL OWNER
CUSIP 247126 AE 5**

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009 (a) it was the registered or record holder and the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the Notes, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the Notes, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent. The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)


Signature:_____

Name Of Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**D**

**CLASS C-1 GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013, DATED JULY 22, 2003**
**BENEFICIAL OWNER**
**CUSIP 247126 AE 5**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan described in and annexed as Exhibit A to the Supplement accompanying this Ballot. Please review the Supplement and Modified Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.** Holders should *not* surrender, at this time, certificates representing their Notes, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot. Surrender of Notes for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit Notes with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope. **Unsigned Ballots will not be counted.** Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline"). **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.** Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a) Make sure that the information required by Item 1 has been inserted. If you do not know the principal amount of your Notes, please contact your Nominee immediately.

(b) Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2. Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted. A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c) Provide the information required by Item 3, if applicable to you.

(d) Read Item 4 carefully.

(e) Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f) If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i) Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**D**

**CLASS C-1 GENERAL UNSECURED CLAIMS**
**6.50% NOTES DUE 2013, DATED JULY 22, 2003**
**BENEFICIAL OWNER**
**CUSIP 247126 AE 5**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 TOPrS Claims – 8 1/4% Adjustable Rate Junior Subordinated Note, Due 2033)

On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), (iii) set a final hearing date to consider approval of the Modified Plan, and (iv) approved certain competitive transfer procedures (the "Modification Procedures Order") (Docket No. 17032).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the  8 1/4% Adjustable Rate Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C-1 TOPrS Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Supplement, which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan.  To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Supplement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C-1 under the Modified Plan.  If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.

The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan.  The Bankruptcy Court will decide  whether to adopt this presumption when it considers final approval of the Modified Plan.  If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be _received_ by the voting agent is _**7:00 p.m. (prevailing Eastern time) on July 15, 2009**_ or your ballot will _not_ be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any TOPrS with this Ballot.  This Ballot is not a letter of transmittal and may _not_ be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**E**

**CLASS C-1 TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER
CUSIP 247126 AF 2**

**You must vote all of the TOPrS and any other Class C-1 securities you may hold to accept or reject the Modified Plan. You may not split your vote. If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all of your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects"). If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the TOPrS or other Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Amount Of TOPrS.** The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount (insert amount in box below). **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

```
┌─────────────────────────────┐
│                             │
│                             │
└─────────────────────────────┘
```

**Item 2. Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    ACCEPTS (votes FOR) the Modified Plan.

☐    REJECTS (votes AGAINST) the Modified Plan.

**Item 3. Certification As To TOPrS And Other Class C-1 Securities Held In Additional Accounts.** By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C-1
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**E**

**CLASS C-1 TOPrS CLAIMS
8 1/4% ADJUSTABLE RATE JUNIOR SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER
CUSIP 247126 AF 2**

**Item 4.  Authorization.**  By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)

Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**E**

**CLASS C-1 TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**
**CUSIP 247126 AF 2**

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Supplement accompanying this Ballot.  Please review the Supplement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017,  Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block on the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### **Please Mail Your Ballot Promptly!**

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly
at (866) 486-1727.

**E**

**CLASS C-1 TOPrS CLAIMS**
**8 1/4% ADJUSTABLE RATE JUNIOR SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**
**CUSIP 247126 AF 2**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENEFICIAL OWNER/ENTITLEMENT HOLDER BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF RE-
ORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

(Class C-1 TOPrS Claims – 6.197% Junior Subordinated Note, Due 2033)

On June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032).  This ballot (the "Ballot") is being sent to beneficial owners (the "Beneficial Owners") (which, for purposes of completing this Ballot, also includes entitlement holders under Article 8 of the Uniform Commercial Code) of the 6.197% Junior Subordinated Notes, Due 2033 (the "TOPrS"), Class C-1 TOPrS Claims under the Modified Plan, for their use in voting to accept or reject the Modified Plan.  The Modified Plan is described in, and annexed as Exhibit A to, the Supplement, which accompanies this Ballot.  The Modified Plan can be approved by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Modified Plan that actually vote on the Modified Plan.  If any class of claims or interests rejects the Modified Plan or is deemed to reject the Modified Plan, the Bankruptcy Court may nevertheless approve the Modified Plan if the Bankruptcy Court finds that the Modified Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).  If you voted on the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, your prior vote will not be counted in connection with the Modified Plan.  To have your vote count, you must timely complete and return this Ballot.

**Please Read And Follow The Attached Instructions Carefully
And Return Your Ballot In The Envelope Provided
The Voting Deadline Is 7:00 P.M. (Prevailing Eastern Time) On July 15, 2009**

**If Your Return Envelope Is Addressed To Your Nominee, Please Allow Additional Time For Your Vote To Be Processed
By The Nominee And Voted On A Master Ballot Before The Voting Deadline**

---

**IMPORTANT**

You should review the Supplement and the Modified Plan before you vote.  You may wish to seek legal advice concerning the Modified Plan and your classification and treatment under the Modified Plan.  Your claims have been placed in Class C-1 under the Modified Plan.  If you hold claims in another class, you will receive a ballot for each class in which you are entitled to vote.

The Debtors have requested that the Bankruptcy Court adopt a presumption that if no claim holder in a Class eligible to vote timely submits a ballot either to accept or reject the Modified Plan, then such Class would be deemed to have accepted the Modified Plan.  The Bankruptcy Court will decide whether to adopt this presumption when it considers final approval of the Modified Plan.  If you do not wish this presumption to apply to your Class, you are encouraged to timely complete and return this Ballot.

Please read carefully and follow the attached instructions on returning your Ballot.  The voting deadline by which your vote must be *received* by the voting agent is *7:00 p.m. (prevailing Eastern time) on July 15, 2009* or your ballot will *not* be counted.  If you have any questions please call Financial Balloting Group (the "Securities Voting Agent") at (866) 486-1727.  If you received a return envelope addressed to your Nominee, please allow sufficient time for your Nominee to process your vote.  Do not return any TOPrS with this Ballot.  This Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.

---

**F**

**CLASS C-1 TOPrS CLAIMS
6.197% JUNIOR SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER
CUSIP 247126 AG 0**

**You must vote all of the TOPrS and any other Class C-1 securities you may hold to accept or reject the Modified Plan. You may not split your vote. If you are submitting a vote with respect to any Class C-1 securities that you own, you must vote all of your Class C-1 securities in the same way (i.e., all "Accepts" or all "Rejects"). If you are an authorized signatory of an eligible Beneficial Owner you may execute this Ballot, but you must provide the name and address of the Beneficial Owner on this Ballot and you may be required to submit evidence to the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each Beneficial Owner.**

You may receive multiple mailings containing Ballots, especially if you own your TOPrS or other Class C-1 securities through more than one bank, broker, other intermediary, or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the TOPrS or other Class C-1 securities that you beneficially own.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Amount Of TOPrS.** The undersigned hereby certifies that as of June 8, 2009, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of TOPrS in the following amount (insert amount in box below). **(If your TOPrS are held by a Nominee on your behalf and you do not know the amount of TOPrS held, please contact your Nominee immediately.)**

**Item 2. Vote On Modified Plan. (Please check one.)**

The undersigned:    ☐    ACCEPTS (votes FOR) the Modified Plan.

☐    REJECTS (votes AGAINST) the Modified Plan.

**Item 3. Certification As To TOPrS And Other Class C-1 Securities Held In Additional Accounts.** By completing and returning this Ballot, the Beneficial Owner certifies that either (a) it has not submitted any other Ballots for TOPrS or other Class C-1 securities held in other accounts or other record names or (b) it has provided the information specified in the following table for all other TOPrS and other Class C-1 securities for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Modified Plan (please use additional sheets of paper if necessary):

**Complete This Table Only If You Have Voted Class C-1
Securities Ballots Other Than This Ballot**

| Name Of Holder[1] | Account Number (If Applicable) | Amount Of Other Class C-1 Securities Voted | Type Of Other Class C-1 Securities Voted[2] |
|---|---|---|---|
| 1._____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ |

---

[1] Insert your name if the Class C-1 securities are held by you in record name or, if held in street name, insert name of Nominee.
[2] Insert name or cusip number of other Class C-1 securities.

**F**

**CLASS C-1 TOPrS CLAIMS
6.197% JUNIOR SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER
CUSIP 247126 AG 0**

**Item 4. Authorization.** By returning this Ballot, the Beneficial Owner hereby certifies that on June 8, 2009 (a) it was the registered or record holder and the Beneficial Owner of the TOPrS to which this Ballot pertains and is sending this Ballot directly to the Securities Voting Agent, (b) if the Ballot was prevalidated by the Nominee holder, it was the Beneficial Owner of the TOPrS, but not the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Securities Voting Agent, or (c) it was the Beneficial Owner of the TOPrS, but not the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of the undersigned with respect to, the TOPrS to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver the Master Ballot to the Securities Voting Agent.  The Beneficial Owner further certifies that it has received copies of the Supplement (including the exhibits thereto) and understands that the solicitation of votes for the Modified Plan is subject to all the terms and conditions set forth therein.

Name Of Holder:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____
(Optional)


Signature:_____

Name Of
Signatory:_____
(If Other Than Holder)
Title:_____

Address:_____

Date Signed :_____

**F**

**CLASS C-1 TOPrS CLAIMS**
**6.197% JUNIOR SUBORDINATED NOTE, DUE 2033**
**BENEFICIAL OWNER**
**CUSIP 247126 AG 0**

3

### INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER BALLOT

Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") are soliciting the votes of their respective noteholders, and certain other creditors on their proposed Modified Plan, described in and annexed as Exhibit A to the Supplement accompanying this Ballot.  Please review the Supplement and Modified Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Modified Plan.

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Modified Plan.**  Holders should *not* surrender, at this time, certificates representing their TOPrS, and neither the Debtors nor the Securities Voting Agent will accept delivery of any certificates surrendered with this Ballot.  Surrender of TOPrS for exchange may only be made by you or your Nominee pursuant to a letter of transmittal, which will be furnished by the Debtors following confirmation of the Modified Plan.

**Do not submit TOPrS with this Ballot.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope.  **Unsigned Ballots will not be counted.**  Ballots (or the Master Ballots completed on your behalf by your Nominee) must be received by the Securities Voting Agent, Financial Balloting Group, 757 Third Avenue—3rd Floor, New York, New York 10017, Att'n: Delphi Ballot Tabulation, by 7:00 p.m. (prevailing Eastern time) on July 15, 2009 (the "Voting Deadline").  **If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Securities Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.**  Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Securities Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Securities Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors, any indenture trustee, transfer agent, or financial or legal advisor of the Debtors.

**A vote to accept the Modified Plan constitutes your consent to the release of the parties specified in Article 11 of the Modified Plan.**

To complete the Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the amount of your TOPrS, please contact your Nominee immediately.

(b)  Cast your vote either to accept or to reject the Modified Plan by checking the proper box in Item 2.  Ballots that are signed and returned, but not expressly voted to accept or reject the Modified Plan, will not be counted.  A Ballot accepting or rejecting the Modified Plan may not be revoked after the Voting Deadline.

(c)  Provide the information required by Item 3, if applicable to you.

(d)  Read Item 4 carefully.

(e)  Sign and date your Ballot (unless your Ballot has already been signed or "prevalidated" by your Nominee).

(f)  If you believe that you have received the wrong Ballot, please contact immediately the Securities Voting Agent, Financial Balloting Group, at (866) 486-1727, or your broker or Nominee.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with the person or entity and the capacity in which you are signing in the signature block of the Ballot.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

### Please Mail Your Ballot Promptly!

If you have any questions regarding this Ballot or the voting procedures,
Please contact the Securities Voting Agent, Financial Balloting Group, promptly at (866) 486-1727.

**F**

**CLASS C-1 TOPrS CLAIMS
6.197% JUNIOR SUBORDINATED NOTE, DUE 2033
BENEFICIAL OWNER
CUSIP 247126 AG 0**

**Exhibit F**

June 17, 2009

        The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of
Delphi Corporation ("Delphi") and certain of its affiliates (collectively, the "Debtors") is providing this
letter to all holders of General Unsecured Claims against the Debtors to set forth the Committee's
position on the First Amended Joint Plan of Reorganization (as Modified) of Delphi Corporation and
Certain Affiliates, Debtors and Debtors-in-Possession (the "Plan").[1]   In short, **the Committee urges
holders of General Unsecured Claims to vote to <u>reject</u> the Plan**.

        **Under the Plan you will <u>not</u> be receiving a check, or any present cash at all.  Instead, you
will only receive any payment in the extraordinarily unlikely event that Parnassus, an entity that
is acquiring much of the Debtors' assets, first distributes well over $7.2 billion in cash to its
member.  In short, the Committee believes you will never receive any distributions at all.**

        The Plan is based upon a transaction in which GM and Parnassus will collectively acquire
essentially all of the Debtors' assets.  As consideration, GM will pay certain amounts necessary to pay
certain administrative creditors, but **Parnassus will essentially pay no money at all**.  GM will
contribute $2 billion to Parnassus, and Platinum Equities will contribute $250 million to Parnassus.
No amounts will be distributed to unsecured creditors as a result of this transaction.  Instead, only once
Parnassus has actually distributed $7.2 billion (plus certain additional amounts) to its members will
you receive anything at all, and then unsecured creditors will share only 3% of subsequent distribution
up to a maximum of $180 million.  Thus, GM and Platinum will be able to receive extraordinary
returns on their investments in Delphi even when you receive nothing..

        The Court has required that the Debtors engage in a process to allow other potential acquirors
to submit competing bids, and the Committee hopes that this process results in an improved
distribution to unsecured creditors.  Regardless, the Committee believes that by rejecting the Plan,
unsecured creditors will be exercising the remaining leverage available to them to try to compel the
various parties to these transaction to provide unsecured creditors with a better return on their claims.

        **FOR THE FOREGOING REASONS, THE COMMITTEE STRONGLY OPPOSES THE PLAN
AND URGES HOLDERS OF GENERAL UNSECURED CLAIMS TO VOTE TO REJECT THE
PLAN.**

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the
        Plan.

**<u>Exhibit G</u>**

ALPINE SECURITIES CORP (8072)
ATTN: CHANCE GROSKREUTZ OR PROXY MGR
440 EAST 400 SOUTH
SALT LAKE CITY, UT 84111

SERVED VIA USPS FIRST CLASS

AMERICAN ENTERPRISE INVESTMENT SERVICES (0216)
ATTN: REBECCA STRAND OR PROXY MGR
2178 AXP FINANCIAL CENTER
MINNEAPOLIS, MN 55474

SERVED VIA USPS FIRST CLASS

AMERICAN NATIONAL BANK (2082)
ATTN: CARRIE VOLTZ OR PROXY MGR
PO BOX 9250
DENVER, CO 80932-0250

SERVED VIA USPS FIRST CLASS

AMERIPRISE (0756)
ATTN: MIKE KOHLER OR PROXY MGR
751 GRISWOLD STREET
DETROIT, MI 48226

SERVED VIA USPS FIRST CLASS

BANK OF AMERICA, NATIONAL ASSOCIATION (0955)
ATTN: SHARON BROWN OR PROXY MGR
411 N AKARD STREET - 5TH FLOOR
DALLAS, TX 75201

SERVED VIA USPS FIRST CLASS

BANK OF AMERICA/LASALLE BANK NATIONAL ASSOCATION (2251)
ATTN: GEORGE EARL OR PROXY MGR
135 SOUTH LASALLE STREET
SUITE 1860
CHICAGO, IL 60603

SERVED VIA USPS FIRST CLASS

BANK OF NEW YORK MELLON (0901)
ATTN: MICKEY JIMENEZ OR PROXY MGR
ONE WALL STREET
6TH FLOOR
NEW YORK, NY 10286

SERVED VIA OVERNIGHT COURIER

BANK OF NEW YORK MELLON/ MELLON TRUST (0954)
ATTN: SUSAN KARAFA OR PROXY MGR
525 WILLIAM PENN PLACE
SUITE 3418
PITTSBURGH, PA 15259

SERVED VIA USPS FIRST CLASS

BANK OF NEW YORK MELLON/CHARLES (2336)
ATTN: MICHAEL KANIA OR PROXY MGR
525 WILLIAM PENN PLACE
PITTSBURGH, PA 15259

SERVED VIA USPS FIRST CLASS

BANK OF NEW YORK MELLON/DBTC AME (2312)
ATTN: MICHAEL KANIA OR PROXY MGR
525 WILLIAM PENN PLACE
PITTSBURGH, PA 15259

SERVED VIA USPS FIRST CLASS

BARCLAYS CAPITAL INC (5101)
ATTN: JOHN CLIFFORD OR PROXY MGR
222 BROADWAY
NEW YORK, NY 10038

SERVED VIA USPS FIRST CLASS

BARCLAYS CAPITAL INC./ LE (0229)
ATTN: GIOVANNA LAURELLA OR PROXY MGR
70 HUDSON STREET
7TH FLOOR
JERSEY CITY, NJ 07302

SERVED VIA USPS FIRST CLASS

BLACKMONT CAPITAL INC** (5025)
ATTN: HADRIAN ABBOTT OR PROXY MGR
BCE PLACE, 181 BAY STREET, SUITE 3100
PO BOX 830
TORONTO, ON M5J 2T3
CANADA

SERVED VIA INTERNATIONAL PRIORITY

BMO NESBITT BURNS INC** (5043)
ATTN: LOUISE TORANGEAU OR PROXY MGR
1 FIRST CANADIAN PLACE 13TH FL
PO BOX 150
TORONTO, ON M5X 1H3
CANADA

SERVED VIA INTERNATIONAL PRIORITY

BNP PARIBAS SECURITIES CORP (0049)
ATTN: HELEN KELLY OR PROXY MGR
555 CROTON ROAD
KING OF PRUSSIA, PA 19406

SERVED VIA USPS FIRST CLASS

BRANCH BANKING & TRUST CO (5385)
ATTN: TANJI BASS OR PROXY MGR
223 W. NASH STREET
3RD FLOOR
WILSON, NC 27893

SERVED VIA USPS FIRST CLASS

BROADRIDGE
ATTN: JOB # N20501
51 MERCEDES WAY
EDGEWOOD, NY 11717

SERVED VIA HAND DELIVERY

BROWN BROTHERS HARRISMAN & CO. (0010)
ATTN: PAUL NONNON OR PROXY MGR
525 WASHINGTON BLVD
NEW PORT TOWERS
JERSEY CITY, NJ 07310-1607

SERVED VIA USPS FIRST CLASS

CALDWELL TRUST COMPANY (2687)
ATTN: EDRISE L. SIEVERS OR PROXY MGR
201 CENTER ROAD
SUITE 2
VENICE, FL 34292

SERVED VIA USPS FIRST CLASS

CANACCORD ADAMS INC (0213)
ATTN: AMALLIA SPERA OR PROXY MGR
99 HIGH STREET
BOSTON, MA 02110

SERVED VIA USPS FIRST CLASS

CANACCORD CAPITAL CORPORATION** (5046)
ATTN: AARON CAUGHLAN OR PROXY MGR
609 2200 GRANVILLE ST
VANCOUVER, BC V7Y 1H2
CANADA

SERVED VIA INTERNATIONAL PRIORITY

CDS CLEARING & DEPOSITORY SERVICES (5099)
ATTN: LORETTA VERELLI OR PROXY MGR
600 BOUL DE MAISONNEUVE
OUEST BUREAU 210
MONTREAL, QC H3A 3J2
CANADA

SERVED VIA INTERNATIONAL PRIORITY

CHARLES SCHWAB & CO., INC. (0164)
ATTN: PROXY MGR
211 MAIN STREET
SAN FRANCISCO, CA 94105

SERVED VIA USPS FIRST CLASS

CIBC WORLD MARKETS INC.** (5030)
ATTN: JERRY NICASTRO OR PROXY MGR
161 BAY STREET
10TH FLOOR
TORONTO, ON M5J 2S8
CANADA

SERVED VIA INTERNATIONAL PRIORITY

CITIBANK, N.A. (0908)
ATTN: CAROLYN TREBUS OR PROXY MGR.
3800 CITIBANK CENTER - B3-12
TAMPA, FL 33610

SERVED VIA USPS FIRST CLASS

CITIBANK/THE CITIGROUP PRIVATE BANK (2032)
ATTN: OLGA MOLINA OR PROXY MGR
333 WEST 34TH STREET
NEW YORK, NY 10001

SERVED VIA USPS FIRST CLASS

CITIGROUP GLOBAL MARKETS INC. (0418)
ATTN: PAT HALLER OR PROXY MGR
333 WEST 34TH STREET
5TH FL
NEW YORK, NY 10001

SERVED VIA USPS FIRST CLASS

CITY NATIONAL BANK (2392)
ATTN: JOEL GALLANT OR PROXY MGR
555 SOUTH FLOWER STREET
10TH FLOOR
LOS ANGELES, CA 90071

SERVED VIA USPS FIRST CLASS

CLEARVIEW CORRESPONDENT SERVICES, LLC (0702)
ATTN: LINDA MILLER OR PROXY MGR
8006 DISCOVERY DRIVE
RICHMOND, VA 23229

SERVED VIA USPS FIRST CLASS

COMERICA BANK (2108)
ATTN: TIM MADIGAN OR PROXY MGR
411 WEST LAFAYETTE - CAPITAL CHANGES
PROXY DEPT - MAIL CODE 3404
DETROIT, MI 48226

SERVED VIA USPS FIRST CLASS

COMMERCE BANK, N.A. (2170)
ATTN: ANDY SORKIN OR PROXY MGR
922 WALNUT
KANSAS CITY, MO 64106

    SERVED VIA USPS FIRST CLASS

COSSE INTERNATIONAL SECURITIES (8153)
ATTN: MICHAEL LACKEY OR PROXY MGR
1301 5TH AVENUE
SUITE 3024
SEATTLE, WA 98101

    SERVED VIA USPS FIRST CLASS

COUNTRY TRUST BANK (2561)
ATTN: PAM LITTLE OR PROXY MGR
808 IAA DRIVE
BLOOMINGTON, IL 61702

    SERVED VIA USPS FIRST CLASS

CREDIT SUISSE SECURITIES (USA) LLC (0355)
ATTN: LILY ARTURO OR PROXY MGR
C/O PROXY DEPT
7033 LOUIS STEPHENS DR
RESEARCH TRIANGLE PARK, NC 27709

    SERVED VIA USPS FIRST CLASS

CREST INTERNATIONAL NOMINEES LTD (2012)
ATTN: NATHAN ASHWORTH OR PROXY MGR
33 CANNON STREET
LONDON,  EC4M 5SB
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

CROWELL, WEEDON & CO. (0574)
ATTN: GEORGE LEWIS  OR PROXY MGR
624 S GRAND AVENUE 25TH FLOOR
LOS ANGELES, CA 90017

    SERVED VIA USPS FIRST CLASS

D. A. DAVIDSON & CO. (0361)
ATTN: RITA LINSKEY OR PROXY MGR
8 THIRD STREET NORTH
P.O. BOX 5015
GREAT FALLS, MT 59403

    SERVED VIA USPS FIRST CLASS

DAIWA SECURITIES TRUST CO (0667)
ATTN: TERESA P BORJA OR PROXY MGR
ONE EVERTRUST PLAZA
JERSEY CITY, NJ 07302

    SERVED VIA USPS FIRST CLASS

DAVENPORT & CO (0715)
ATTN: KIM NIEDING OR PROXY MGR
901 EAST CARY ST
11TH FLOOR
RICHMOND, VA 23219

    SERVED VIA USPS FIRST CLASS

DAVID LERNER ASSOCIATES, INC. (5144)
ATTN: JOSEPH F. WEST OR PROXY MGR
477 JERICHO TURNPIKE, 25TH FLOOR
P.O. BOX 9006
SYOSSET, NY 11791-9006

    SERVED VIA USPS FIRST CLASS

DEPOSITORY TRUST CO
ATTN: ED HAIDUK
55 WATER STREET
25TH FLOOR
NEW YORK, NY 10004

SERVED VIA OVERNIGHT COURIER


DEPOSITORY TRUST CO
ATTN: HORACE DALEY
55 WATER STREET
25TH FLOOR
NEW YORK, NY 10004

SERVED VIA OVERNIGHT COURIER


DESJARDINS SECURITIES INC** (5028)
ATTN: KARLA DIAZ OR PROXY MGR
2, COMPLEXE DESJARDINS TOUR EST
NIVEAU 62, E1-22QC
MONTREAL, QC H5B 1J2
CANADA

SERVED VIA INTERNATIONAL PRIORITY


DEUTSCHE BANK SECURITIES INC. (0573)
ATTN: RAY CONTE OR PROXY MGR
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

SERVED VIA USPS FIRST CLASS


DRESDNER KLEINWORT SECURITIES LLC (0126)
ATTN: ROBERT ORTEGA OR PROXY MGR
PROXY. DEPT. 32ND FLOOR
75 WALL STREET
NEW YORK, NY 10005

SERVED VIA USPS FIRST CLASS


DUNDEE SECURITIES CORPORATION** (5039)
ATTN: MARY ADAMO OR PROXY MGR
1 ADELAIDE STREET EAST
SUITE 2700
TORONTO, ON M5C 2V9
CANADA

SERVED VIA INTERNATIONAL PRIORITY


E*TRADE CAP MKTS/CHXL TRADING (3550)
ATTN: ERIKA DILIBERTO OR PROXY MGR
ONE FINANCIAL PLACE STE 3030
440 S LASALLE STREET
CHICAGO, IL 60605

SERVED VIA USPS FIRST CLASS


E*TRADE CLEARING LLC (0385)
ATTN: MATTHEW FRIEFELD OR PROXY MGR
1981 MARCUS AVENUE
1ST FLOOR
LAKE SUCCESS, NY 11042

SERVED VIA USPS FIRST CLASS


EDWARD D. JONES & CO (5012)
ATTN: CHERYL BOSEMAN OR PROXY MGR
700 MARYVILLE CENTER DRIVE
ST LOUIS, MO 63141

SERVED VIA USPS FIRST CLASS


EDWARD D. JONES & CO. (0057)
ATTN: CHERYL BOSEMAN OR PROXY MGR
700 MARYVILLE CENTER DRIVE
ST LOUIS, MO 63141

SERVED VIA USPS FIRST CLASS

EMMETT A LARKIN CO (0371)
ATTN: CINDEE DUGAN OR PROXY MGR
911 N LOOP 281
SUITE 411
LONGVIEW, TX 75604

SERVED VIA USPS FIRST CLASS


FIDUCIARY SSB (0987)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA 02171

SERVED VIA USPS FIRST CLASS


FIDUCIARY TRUST CO OF BOSTON (2126)
ATTN: BRAD FINNIGAN OR PROXY MGR
175 FEDERAL STREET
BOSTON, MA 02110

SERVED VIA USPS FIRST CLASS


FIFTH THIRD BANK (2116)
ATTN: ERIC ARMSTRONG OR PROXY MGR
5001 KINGSLEY DRIVE
MAIL DROP 1M0B2D
CINCINNATI, OH 45227

SERVED VIA USPS FIRST CLASS


FIRST CLEARING, LLC (0141)
ATTN: LACHRISSA BIRD OR PROXY MGR
2801 MARKET ST.
MO 3540
ST. LOUIS, MO 63103

SERVED VIA USPS FIRST CLASS


FIRST NATIONAL BANK OF OMAHA (2254)
ATTN: CHARLEEN ANDERSON OR PROXY MGR
1620 DODGE STREET
OMAHA, NE 68102

SERVED VIA USPS FIRST CLASS


FIRST SOUTHWEST COMPANY (0309)
ATTN: JAMES FURINO  OR PROXY MGR
1700 PACIFIC AVENUE SUITE 500
DALLAS, TX 75201

SERVED VIA USPS FIRST CLASS


FOLIO INVESTMENTS (0728)
ATTN: JIM DETWILER OR PROXY MGR
800 TOWERS CRESENT DRIVE
VIENNA, VA 22182

SERVED VIA USPS FIRST CLASS


FORTIS CLEARING AMERICAS (0396)
ATTN: DAVID KOT OR PROXY MGR
175 W JACKSON BLVD
SUITE 400
CHICAGO, IL 60604

SERVED VIA USPS FIRST CLASS


GEORGE K BAUM & CO (0129)
ATTN: NICK QUATROCHI OR PROXY MGR
4801 MAIN ST STE 500
KANSAS CITY, MO 64112

SERVED VIA USPS FIRST CLASS

GLENMEDE TRUST CO (2139)
ATTN: DARLENE WARREN OR PROXY MGR
ONE LIBERTY PLACE STE 1200
1650 MARKET STREET
PHILADEPHIA, PA 19103

SERVED VIA USPS FIRST CLASS

GMP SECURITIES LP** (5016)
ATTN: TERRY YOUNG OR PROXY MGR
145 KING STREET WEST
SUITE 1100
TORONTO, ON M5H 1J8
CANADA

SERVED VIA INTERNATIONAL PRIORITY

GOLDMAN SACHS EXECUTION & CLEARING, L.P. (0501)
ATTN: VANESSA CAMARDO OR PROXY MGR
30 HUDSON STREET
PROXY DEPARTMENT
JERSEY CITY, NJ 07302

SERVED VIA USPS FIRST CLASS

GOLDMAN SACHS INTERNATIONAL (5208)
ATTN: VANESSA CAMARDO OR PROXY MGR
30 HUDSON STREET
PROXY DEPARTMENT
JERSEY CITY, NJ 07302

SERVED VIA USPS FIRST CLASS

GOLDMAN, SACHS & CO. (0005)
ATTN: VANESSA CAMARDO OR PROXY MGR
30 HUDSON STREET
PROXY DEPARTMENT
JERSEY CITY, NJ 07302

SERVED VIA USPS FIRST CLASS

H C DENISON CO (8100)
ATTN: MARGE WENTZEL OR PROXY MGR
618 N 7TH STREET
SHEBOYGAN, WI 53081

SERVED VIA USPS FIRST CLASS

HARRIS NA (2697)
ATTN: MINA GARCIA OR PROXY MGR
111 WEST MONROE
CHICAGO, IL 60603

SERVED VIA USPS FIRST CLASS

HOME FEDERAL BANK OF TN, FSB (2534)
ATTN: SHERRY S ELLIS OR PROXY MGR
515 MARKET STREET
SUITE 500
KNOXVILLE, TN 37902

SERVED VIA USPS FIRST CLASS

HSBC BANK USA, NA - IPB (2122)
ATTN: WILLIAM HEISE OR PROXY MGR
452 5TH AVENUE
2ND FLOOR
NEW YORK, NY 10018

SERVED VIA USPS FIRST CLASS

HSBC SECURITIES (CANADA)** (5048)
ATTN: JAEGAR BARRYMORE OR PROXY MGR
105 ADELAIDE ST, WEST
SUITE 1200
TORONTO, ON M5H 1P9
CANADA

SERVED VIA INTERNATIONAL PRIORITY

HSBC SECURITIES (USA) (0816)
ATTN: DOMINICK ANDREASSI OR PROXY MGR
452 5TH AVENUE
NEW YORK, NY 10018

SERVED VIA USPS FIRST CLASS

HUNTINGTON NATIONAL BANK (2305)
ATTN: TINA MOX OR PROXY MGR
7 EASTON OVAL - EA4 E78
COLUMBUS, OH 43219

SERVED VIA USPS FIRST CLASS

INGALLS & SNYDER, LLC (0124)
ATTN: MICHAEL SCURA OR PROXY MGR
61 BROADWAY
NEW YORK, NY 10006

SERVED VIA USPS FIRST CLASS

INTERACTIVE BROKERS RETAIL EQUITY (0534)
ATTN: MARIA TARDIO OR PROXY MGR
1 PICKWICK PLAZA
GREENWICH, CT 06830

SERVED VIA USPS FIRST CLASS

JAMES I BLACK & CO (7031)
ATTN: JESS G TUCKER OR PROXY MGR
311 S FLORIDA AVE
LAKELAND, FL 33801

SERVED VIA USPS FIRST CLASS

JANNEY MONTGOMERY SCOTT LLC (0374)
ATTN: REGINA LUTZ OR PROXY MGR
1801 MARKET STREET 9TH FLOOR
PHILADEPHIA, PA 19103

SERVED VIA USPS FIRST CLASS

JEFFERIES & COMPANY, INC. (0019)
ATTN: CHARLES ERRIGO OR PROXY MGR
HARBORSIDE FINANCIAL CENTER
705 PLAZA 3
JERSEY CITY, NJ 07311

SERVED VIA USPS FIRST CLASS

JJB HILLIARD, WL LYONS (0768)
ATTN: C/O ADP PROXY SERVICES
51 MERCEDES WAY
EDGEWOOD, NY 11717

SERVED VIA USPS FIRST CLASS

JPMORGAN CHASE BANK CORRESPONDENCE CLEARING SER 2
(2164)
ATTN: ARTHUR DANIEL OR PROXY MGR
PROXY SERVICES
14201 DALLAS PKWY, STE 121
DALLAS, TX 75254

SERVED VIA USPS FIRST CLASS

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (0902)
ATTN: JACOB BACK OR PROXY MGR
14201 DALLAS PARKWAY
12TH FLOOR
DALLAS, TX 75254

SERVED VIA OVERNIGHT COURIER

JPMORGAN CHASE BANK/PCS SHARED SERVICES (2255)
ATTN: CHRIS BUCK OR PROXY MGR
340 SOUTH CLEVELAND AVE
BLDG 350
WESTERVILLE, OH 43081

SERVED VIA USPS FIRST CLASS


JPMORGAN CLEARING CORP. (0352)
ATTN: VINCENT  MARZELLA OR PROXY MGR
DEPT C, CASHIERS DEPARTMENT
1 METROTECH CTR NORTH, PROXY DEPT 4TH FLOOR
BROOKLYN, NY 11201-3862

SERVED VIA USPS FIRST CLASS


JPMORGAN SECURITIES INC. (0060)
ATTN: JODY FRAZIER OR PROXY MGR
500 STANTON CHRISTIANA ROAD
BUILDING 3 -OPS 4 - 3RD FLOOR
NEWARK, DE 19713

SERVED VIA USPS FIRST CLASS


KEYBANK NATIONAL ASSOCIATION (2205)
ATTN: KAREN BEDNARSKI OR PROXY MGR
4900 TIEDEMAN ROAD
BROOKLYN, OH 44144

SERVED VIA USPS FIRST CLASS


KOONCE SECURITIES (0712)
ATTN: G. SOHAN OR PROXY MGR
6550 ROCK SPRING DR
SUITE 600
BETHESDA, MD 20817

SERVED VIA USPS FIRST CLASS


LAURENTIAL BANK OF CANADA** (5001)
ATTN: SARAH QUESNEL OR PROXY MGR
1981 MCGILL COLLEGE AVE
SUITE 100
MONTREAL, QB H3A 3K3
CANADA

SERVED VIA INTERNATIONAL PRIORITY


LAZARD CAPITAL MARKETS (0308)
ATTN: RICHARD WEISBERG OR PROXY MGR
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020

SERVED VIA USPS FIRST CLASS


LEGENT CLEARING LLC (0052)
ATTN: SHAWN BROWN OR PROXY MGR
9300 UNDERWOOD AVENUE
SUITE 400
OMAHA, NE 68114

SERVED VIA USPS FIRST CLASS


LEHMAN BROTHERS, INC. (0074)
ATTN: PHILLIP FRANCHINI OR PROXY MGR
PROXY
70 HUDSON
JERSEY CITY, NJ 07302

SERVED VIA USPS FIRST CLASS


LEK SECURITIES CORP (0512)
ATTN: DANIEL HANUKA OR PROXY MGR
140 BROADWAY
29TH FLOOR
NEW YORK, NY 10005

SERVED VIA USPS FIRST CLASS

LPL FINANCIAL CORPORATION (0075)
ATTN: MARTHA STRAHAN OR PROXY MGR
9785 TOWNE CENTRE DRIVE
SAN DIEGO, CA 92121-1968

    SERVED VIA USPS FIRST CLASS

MACDOUGALL, MACDOUGALL & MACTIER (5022)
ATTN: JOYCE MILLETT OR PROXY MGR
PLACE DU CANADA
SUITE 2000
MONTREAL, QC H3B 4J1
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

MANUFACTURERS AND TRADERS TRUST COMPANY (0990)
ATTN: MEGAN RICHARDSON OR PROXY MGR
ONE M&T PLAZA
BUFFALO, NY 14240

    SERVED VIA USPS FIRST CLASS

MANULIFE SECURITIES INC/CDS (5047)
ATTN: JOSEPH CHAU OR PROXY MGR
85 RICHMOND STREET WEST
TORONTO, ON M5H 2C9
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

MARSCO INVESTMENT (0287)
ATTN: KAREN JACOBSEN OR PROXY MGR
101 EISENHOWER PARKWAY
ROSELAND, NJ 07068

    SERVED VIA USPS FIRST CLASS

MARSHALL & ILSLEY (0992)
ATTN: C/O ADP PROXY SERVICES
51 MERCEDES WAY
EDGEWOOD, NY 11717

    SERVED VIA USPS FIRST CLASS

MEDIANT COMMUNICATIONS
ATTN: PROXY CENTER
109 NORTH FIFTH STREET
SADDLE BROOK, NJ 07663

    SERVED VIA OVERNIGHT COURIER

MERRILL LYNCH, PIERCE FENNER & SMITH (5198)
ATTN: VERONICA O'NEILL OR PROXY MGR
101 HUDSON STREET
8TH FLOOR
JERSEY CITY, NJ 07302

    SERVED VIA USPS FIRST CLASS

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. (0161)
ATTN: ROBERT BURKE OR PROXY MGR
C/O TRITECH SERVICES 4 CORPORATE PLACE
CORPORATE PARK 287
PISCATAWAY, NJ 08854

    SERVED VIA USPS FIRST CLASS

MERRIMACK VALLEY INVESTMENT INC (0472)
ATTN: DAN SULLIVAN OR PROXY MGR
109 MERRIMUCK ST
HAVERHILL, MA 01830

    SERVED VIA USPS FIRST CLASS

MESIROW FINANCIAL (0727)
ATTN: GAIL CORTESE OR PROXY MGR
350 N CLARK STREET
2ND FLOOR
CHICAGO, IL 60610

SERVED VIA USPS FIRST CLASS

MF GLOBAL (0650)
ATTN: JAMES ARENELLA OR PROXY MGR
717 FIFTH AVENUE
NEW YORK, NY 10022

SERVED VIA USPS FIRST CLASS

MITSUBISHI UFJ TRUST & BANKING CORPORATION (2932)
ATTN: RICHARD WENSHOSKI OR PROXY MGR
420 FIFTH AVENUE
6TH FLOOR
NEW YORK, NY 10018

SERVED VIA USPS FIRST CLASS

MIZUHO TRUST & BANKING CO. (USA) (2888)
ATTN: ROBERT KOWALEWSKI OR PROXY MGR
666 FIFTH AVENUE
NEW YORK, NY 10103

SERVED VIA USPS FIRST CLASS

MORGAN STANLEY & CO. INCORPORATED (0050)
ATTN: MICHELLE FORD OR PROXY MGR
901 SOUTH BOND ST
6TH FLOOR
BALTIMORE, MD 21231

SERVED VIA USPS FIRST CLASS

MORGAN STANLEY & CO. INCORPORATED/RETAIL (0015)
ATTN: DAVID SAFRAN OR PROXY MGR
601 HARBORSIDE FINANCIAL CENTER
PLAZA 3, 6TH FLOOR
JERSEY CITY, NJ 07311

SERVED VIA USPS FIRST CLASS

MORGAN STANLEY-INTERNATIONAL LTD (7309)
ATTN: DAN SPADACCINI OR PROXY MGR
901 SOUTH BOND ST
6TH FLOOR
BALTIMORE, MD 21231

SERVED VIA USPS FIRST CLASS

MORGAN, KEEGAN & COMPANY, INC. (0780)
ATTN: CAROL ANTLEY OR PROXY MGR
50 NORTH FRONT STREET
MEMPHIS, TN 38103

SERVED VIA USPS FIRST CLASS

NATIONAL CITY BANK (2316)
ATTN: KIM BRAUM OR PROXY MGR
4100 WEST 150 STREET
CLEVELAND, OH 44135

SERVED VIA USPS FIRST CLASS

NATIONAL FINANCIAL SERVICES LLC (0226)
ATTN: LOU TREZZA OR PROXY MGR
1 WORLD FINANCIAL CENTER
200 LIBERTY STREET, 5TH FLOOR
NEW YORK, NY 10281

SERVED VIA USPS FIRST CLASS

NATIXIS BLEICHROEDER (0031)
ATTN: JOHN CLEMENTE OR PROXY MGR
1345 AVENUE OF THE AMERICAS
NEW YORK, NY 10105-4300

    SERVED VIA USPS FIRST CLASS

NBC SECURITIES (0306)
ATTN: PENNIE NASH OR PROXY MGR
1927 FIRST AVENUE NORTH
BIRMINGHAM, AL 35203

    SERVED VIA USPS FIRST CLASS

NBCN INC** (5008)
ATTN: DANIEL NTAP OR PROXY MGR
1010 RUE DE LA GAUCHETIERE ST WEST
SUITE 1925
MONTREAL, QC H3B 5J2
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

NORTHERN TRUST COMPANY (2669)
ATTN: ROBERT  VALENTIN OR PROXY MGR
801 S CANAL STREET
PROXY DEPT  FLOOR C1N
CHICAGO, IL 60607

    SERVED VIA USPS FIRST CLASS

ODLUM BROWN LTD/CDS** (5074)
ATTN: RON RAK OR PROXY MGR
250 HOWE STREET
SUITE 1100
VANCOUVER, BC V6C 3S9
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

OPPENHEIMER & CO. INC. (0571)
ATTN: JOE CALDER OR PROXY MGR
125 BROAD STREET
15TH FLOOR
NEW YORK, NY 10004

    SERVED VIA USPS FIRST CLASS

OPTIONSXPRESS, INC. (0338)
ATTN: RICH DRINH OR PROXY MGR
311 W. MONROE STREET
CHICAGO, IL 60606

    SERVED VIA USPS FIRST CLASS

PENSON FINANCIAL SERVICES, INC** (5063)
ATTN: ROBERT MCPHEARSON OR PROXY MGR
330 BAY ST SUITE 711
TORONTO, ON M5H 2S8
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

PENSON FINANCIAL SERVICES, INC. (0234)
ATTN: JAMES MCGRATH OR PROXY MGR
1700 PACIFIC AVENUE
SUITE 1400
DALLAS, TX 75201

    SERVED VIA USPS FIRST CLASS

PERELMAN/CARLEY & ASSOCIATES, INC. (8086)
ATTN: STEVE PERELMAN PRINCE OR PROXY MGR
TWIN TOWERS
3000 FARNAM ST
OMAHA, NE 68131

    SERVED VIA USPS FIRST CLASS

PERSHING LLC (0443)
ATTN: AL HERNANDEZ OR PROXY MGR
SECURITIES CORPORATION
1 PERSHING PLAZA
JERSEY CITY, NJ 07399

    SERVED VIA USPS FIRST CLASS

PFLUEGER & BAERWALD INC (0428)
ATTN: PATRICIA NEYS OR PROXY MGR
220 SANSOME ST
SUITE 700
SAN FRANCISCO, CA 94104

    SERVED VIA USPS FIRST CLASS

PI FINANCIAL CORP/CDS** (5075)
ATTN: ROB MCNEIL OR PROXY MGR
666 BURRARD STREET
SUITE 1900
VANCOUVER, BC V6C 3N1
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

PIPER JAFFRAY & CO (0311)
ATTN: JOHN O'BRIEN OR PROXY MGR
800 NICOLLET MALL
J2012087, RECON CTL
MINNEAPOLIS, MN 55402

    SERVED VIA USPS FIRST CLASS

PNC BANK, NATIONAL ASSOCIATION (2616)
ATTN: ROB HALLOWELL OR PROXY MGR
8800 TINICUM BLVDT
PHILADEPHIA, PA 19153

    SERVED VIA USPS FIRST CLASS

PRIMEVEST FINANCIAL SERVICES (0701)
ATTN: MARK SCHOUVILLER OR PROXY MGR
400 1ST STREET SOUTH
ST CLOUD, MN 56301

    SERVED VIA USPS FIRST CLASS

QTRADE SECURITIES/CDS** (5009)
ATTN: JOSEPH CHAU OR PROXY MGR
SUITE 1920 ONE BENTALL CENTRE
505 BURRARD STREET
VANCOUVER, BC V7X 1M6
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

RAYMOND JAMES LTD/CDS** (5076)
ATTN: AARON STEINBERG OR PROXY MGR
333 SEYMOUR STREET
SUITE 800
VANCOUVER, BC V6B 5A6
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

RAYMOND, JAMES & ASSOCIATES INC/RAY (5179)
ATTN: CHRISTINE PEARSON OR PROXY MGR
PO BOX 14407
ST. PETERSBURG, FL 33733

    SERVED VIA USPS FIRST CLASS

RAYMOND, JAMES & ASSOCIATES, INC. (0725)
ATTN: MIKE DILLARD OR PROXY MGR
880 CARILION PARKWAY
PO BOX 12749
ST PETERSBURG, FL 33716

    SERVED VIA USPS FIRST CLASS

RBC CAPITAL MARKETS CORPORATION (0235)
ATTN: STEVE  SCHAEFER OR PROXY MGR
510 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MN 55402

SERVED VIA USPS FIRST CLASS

RBC DOMINION SECURITIES** (5002)
ATTN: KAREN OLIVERES OR PROXY MGR
200 BAY STREET, 6TH FLOOR
ROYAL BANK PLAZA NORTH TOWER
TORONTO, ON M5J 2W7
0

SERVED VIA INTERNATIONAL PRIORITY

REGIONS BANK (0971)
ATTN: BRANDON BUTLER OR PROXY MGR
250 RIVERCHASE PARKWAY
EAST BIRMINGHAM, AL 35244

SERVED VIA USPS FIRST CLASS

RELIANCE TRUST CO (5962)
ATTN: AARON SPIVEY OR PROXY MGR
3300 NORTHEAST EXPRESSWAY BLDG 1
SUITE 200
ATLANTA, GA 30341

SERVED VIA USPS FIRST CLASS

RELIANCE TRUST CO/SWMS1 (2042)
ATTN: ANN ECKER OR PROXY MGR
7650 MAGNA DRIVE
BELLEVILLE, IL 62223

SERVED VIA USPS FIRST CLASS

RELIANCE TRUST CO/SWMS2 (2085)
ATTN: ANN ECKER OR PROXY MGR
7650 MAGNA DRIVE
BELLEVILLE, IL 62223

SERVED VIA USPS FIRST CLASS

RESEARCH CAPITAL CORPORATION** (5029)
ATTN: TONY RODRIGUES OR PROXY MGR
199 BAY STREET
COMMERCE COURT WEST, STE 4600
TORONTO, ON M5L 1G2
CANADA

SERVED VIA INTERNATIONAL PRIORITY

RICHARDS, MERILL & PETERSON (8192)
ATTN: THOMAS MCDONALD OR PROXY MGR
ONE SKYWALK, US BK BLDG
422 WEST RIVERSIDE AVE
SPOKANE, WA 99201-0367

SERVED VIA USPS FIRST CLASS

RIDGE CLEARING (0158)
ATTN: MATTHEW FRIEFELD OR PROXY MGR
1981 MARCUS AVENUE
1ST FLOOR
LAKE SUCCESS, NY 11042

SERVED VIA USPS FIRST CLASS

ROBERT W. BAIRD & CO. INCORPORATED (0547)
ATTN: SARA BLANKENHEIM OR PROXY MGR
777 E. WISCONSIN AVENUE
MILWAUKEE, WI 53202

SERVED VIA USPS FIRST CLASS

SANFORD C. BERNSTEIN & CO., LLC (0013)
ATTN: CARMINE CARELLA  OR PROXY MGR
ONE NORTH LEXINGTON AVE
WHITE PLAINS, NY 10601

    SERVED VIA USPS FIRST CLASS

SCOTIA CAPITAL INC.** (5011)
ATTN: EVELYN PANDE OR PROXY MGR
SCOTIA PLAZA, PO BOX 4085
STATION "A"
TORONTO, ON M5W 2X6
CANADA

    SERVED VIA INTERNATIONAL PRIORITY

SCOTTRADE, INC. (0705)
ATTN: TERRI LOSCHE OR PROXY MGR
12855 FLUSHING MEADOWS DR
ST. LOUIS, MO 63131

    SERVED VIA USPS FIRST CLASS

SEI PRIVATE TRUST COMPANY (2039)
ATTN: DAN CWALINA OR PROXY MGR
ONE FREEDOM VALLEY DRIVE
OAKS, PA 19456

    SERVED VIA USPS FIRST CLASS

SG AMERICA (0286)
ATTN: PETE SCAVONE OR PROXY MGR
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

    SERVED VIA USPS FIRST CLASS

SMITH, MOORE & CO (0494)
ATTN: BARBARA KRAFT OR PROXY MGR
400 LOCUST STREET
ST LOUIS, MO 63102

    SERVED VIA USPS FIRST CLASS

SOUTHWEST SECURITIES, INC. (0279)
ATTN: CHRISTINA FINZEN OR PROXY MGR
1201 ELM STREET
SUITE 3700
DALLAS, TX 75270

    SERVED VIA USPS FIRST CLASS

STATE STREET BANK - TRUST CUSTODY (2319)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA 02171

    SERVED VIA USPS FIRST CLASS

STATE STREET BANK & TRUST COMPANY/DBTC AMERICAS (2399)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA 02171

    SERVED VIA USPS FIRST CLASS

STATE STREET BANK AND TRUST COMPANY (0997)
ATTN: AMANDA BANTA OR PROXY MGR
CORP ACTIONS - JAB5E
1776 HERITAGE DRIVE
NORTH QUINCY, MA 02171

    SERVED VIA OVERNIGHT COURIER

STEPHENS INC (0419)
ATTN: LINDA THOMPSON OR PROXY MGR
111 CENTER STREET
4TH FLOOR
LITTLE ROCK, AR 72201-4402

SERVED VIA USPS FIRST CLASS

STERNE, AGEE & LEACH, INC. (0750)
ATTN: MARIBETH WILLIAMS OR PROXY MGR
813 SHADES CREEK PARKWAY
SUITE 100-B
BIRMINGHAM, AL 35242

SERVED VIA USPS FIRST CLASS

STIFEL, NICOLAUS & COMPANY INCORPORATED (0793)
ATTN: CHRIS WIEGAND OR PROXY MGR
501 N BROADWAY
ST LOUIS, MO 63102

SERVED VIA USPS FIRST CLASS

STOCKCROSS FINANCIAL SERVICES, INC. (0445)
ATTN: CORINNE MOCCIA OR PROXY MGR
ONE WASHINGTON MALL
BOSTON, MA 02108

SERVED VIA USPS FIRST CLASS

SUMITOMO TRUST & BANKING CO. (USA) (2779)
ATTN: BETH CUMMINGS OR PROXY MGR
527 MADISON AVENUE
NEW YORK, NY 10022

SERVED VIA USPS FIRST CLASS

SUNTRUST BANK (2971)
ATTN: JULIA COLANTUONO OR PROXY MGR
PO BOX 105504
CENTER 3141
ATLANTA, GA 30348-5504

SERVED VIA USPS FIRST CLASS

SWENEY CARTWRIGHT & CO (7027)
ATTN: LAURA CHAPMAN OR PROXY MGR
17 SOUTH HIGH ST
RM 300
COLUMBUS, OH 43215

SERVED VIA USPS FIRST CLASS

TD AMERITRADE CLEARING, INC. (0188)
ATTN: GARY SWAIN OR PROXY MGR
1005 NORTH AMERITRADE PLACE
BELLVIEW, NE 68005

SERVED VIA USPS FIRST CLASS

TD WATERHOUSE CANADA** (5036)
ATTN: BEVERLY ADAMS OR PROXY MGR
60 NORTH WINDPLACE
SCARBOROUGH, ON M1S 5L4
CANADA

SERVED VIA INTERNATIONAL PRIORITY

TERRA NOVA FINANCIAL (0364)
ATTN: RAY BURLEY OR PROXY MGR
100 S WACKER DRIVE
SUITE 1550
CHICAGO, IL 60606

SERVED VIA USPS FIRST CLASS

TEXAS TREASUREY SAFEKEEPING TRUST (2622)
ATTN: JANIE DOMINGUEZ OR PROXY MGR
208 E 10TH STREET
ROOM 410
AUSTIN, TX 78701

    SERVED VIA USPS FIRST CLASS

TRADESTATION (0271)
ATTN: PROXY MGR
8050 SW 10TH ST
PLANTATION, FL 33324

    SERVED VIA USPS FIRST CLASS

TRUST INDUSTRIAL BANK (5998)
ATTN: EASTER DIANE OR PROXY MGR
6940 COLUMBIA GATEWAY DRIVE
SUITE 200
COLUMBIA, MD 21046

    SERVED VIA USPS FIRST CLASS

TRUSTMARK NATIONAL BANK (2852)
ATTN: JACK BALL OR PROXY MGR
248 EAST CAPITOL ST
ROOM 580
JACKSON, MS 39201

    SERVED VIA USPS FIRST CLASS

UBS AG STAMFORD BRANCH (2507)
ATTN: MICHAEL MARCIANO OR PROXY MGR
677 WASHINGTON BLVD
9TH FLOOR
STAMFORD, CT 06901

    SERVED VIA USPS FIRST CLASS

UBS FINANCIAL SERVICES INC. (0221)
ATTN: JANE FLOOD OR PROXY MGR
PROXY DEPT 7TH FLOOR
1000 HARBOR BLVD
WEEHAWKEN, NJ 07087

    SERVED VIA USPS FIRST CLASS

UBS SECURITIES LLC (0642)
ATTN: JOHN MALLOY OR PROXY MGR
480 WASHINGTON BLVD
JERSEY CITY, NJ 07310

    SERVED VIA USPS FIRST CLASS

UMB BANK, NA (2450)
ATTN: JAN GUZMAN OR PROXY MGR
928 GRAND BLVD
KANSAS CITY, MO 64106

    SERVED VIA USPS FIRST CLASS

UNION BANK & TRUST (2067)
ATTN: TAMMY ENGLE OR PROXY MGR
C/O PROXYTRUST
PO BOX 11126
HAUPPAUGE, NY 11788-0934

    SERVED VIA USPS FIRST CLASS

UNION BANK OF CALIFORNIA, N.A. (2145)
ATTN: ALAN HICKLIN OR PROXY MGR
530 B STREET
SUITE 242
SAN DIEGO, CA 92101

    SERVED VIA USPS FIRST CLASS

UNION SECURITIES LTD/CDS** (5077)
ATTN: BROOKE ODENVALD OR PROXY MGR
PO BOX 10341 PACIFIC CENTRE
700 W GEORGIA ST, SUITE 900
VANCOUVER, BC V7Y 1H4
0

     SERVED VIA INTERNATIONAL PRIORITY

US BANCORP INVESTMENTS (0280)
ATTN: KATHY DABRUZZI OR PROXY MGR
60 LIVINGSTON AVE
EP-MN-WN2H
ST PAUL, MN 55107-1419

     SERVED VIA USPS FIRST CLASS

US BANK N.A. (2803)
ATTN: TIM RANDALL OR PROXY MGR
ATTN: SECURITIES CONTROL
1555 N RIVERCENTER DR STE 302
MILWAUKEE, WI 53212

     SERVED VIA USPS FIRST CLASS

USAA INVESTMENT MANAGEMENT COMPANY (0367)
ATTN: JOSEPH BALLESTEROS OR PROXY MGR
9800 FREDRICKBURG ROAD
SAN ANTONIO, TX 78211

     SERVED VIA USPS FIRST CLASS

VANGUARD MARKETING CORP (0062)
ATTN: KEVIN SCULLY OR PROXY
100 VANGUARD BLVD
MALVERN, PA 19355

     SERVED VIA USPS FIRST CLASS

VISION FINANCIAL MARKETS (0595)
ATTN: HOWARD BRUNN OR PROXY MGR
4 HIGH RIDGE PARK
SUITE 100
STAMFORD, CT 06905

     SERVED VIA USPS FIRST CLASS

WACHOVIA BANK N.A. (0929)
ATTN: MARTHA STRAHAN OR PROXY MGR
MAIL CODE NC-1190
1525 WEST W.T. HARRIS BLVD.
CHARLOTTE, NC 28288-1190

     SERVED VIA USPS FIRST CLASS

WEDBUSH MORGAN SECURITIES, INC. (0103)
ATTN: ALICIA GONZALES OR PROXY MGR
1000 WILSHIRE BLVD
LOS ANGELES, CA 90017

     SERVED VIA USPS FIRST CLASS

WELLS FARGO BANK, NATIONAL ASSOCIATION (2027)
ATTN: JANET BUECHLER OR PROXY MGR
733 MARQUETTE AVENUE
MAC N9306-057, 5TH FLOOR
MINNEAPOLIS, MN 55479

     SERVED VIA USPS FIRST CLASS

WELLS FARGO BROKERAGE SERVICES, LLC (0025)
ATTN: NANCY BIDDLE OR PROXY MGR
608 SECOND AVENUE SOUTH
5TH FLOOR
MINNEAPOLIS, MN 55479

     SERVED VIA USPS FIRST CLASS

WELLS FARGO INVESTMENTS, LLC (0733)
ATTN: COLLEEN GRUNDTNER OR PROXY MGR
625 MARQUETTE AVENUE
13TH FLOOR
MINNEAPOLIS, MN 55402-2308

    SERVED VIA USPS FIRST CLASS

WESBANCO BANK (2271)
ATTN: CINDY BOWMAN OR PROXY MGR
C/O TRUST OPERATIONS
ONE BANK PLAZA
WHEELING, WV 26003

    SERVED VIA USPS FIRST CLASS

WILLIAM BLAIR & COMPANY, LLC (0771)
ATTN: SARAH AHRENS OR PROXY MGR
222 WEST ADAMS STREET
CHICAGO, IL 60606

    SERVED VIA USPS FIRST CLASS

WILLMINGTON TRUST CO (2215)
ATTN: CAROLYN NELSON OR PROXY MGR
RODNEY SQUARE NORTH
1100 NORTH MARKET STREET
WILMINGTON, DE 19890-2212

    SERVED VIA USPS FIRST CLASS

WILSON-DAVIS & CO (0283)
ATTN: BILL WALKER OR PROXY MGR
236 SOUTH MAIN STREET
SALT LAKE CITY, UT 84101

    SERVED VIA USPS FIRST CLASS

WULFF, HANSEN & CO (5226)
ATTN: FRANK L VILLEGAS OR PROXY MGR
201 SANSOME STREET
SAN FRANCISCO, CA 94014

    SERVED VIA USPS FIRST CLASS