June 16, 2009

Honorable Robert D. Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408

As a retired Delphi salaried employee I strongly object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date (emergence date).

This is a legal binding contract that Delphi initiated during bankruptcy. I had no intention of retiring at 52 years old with 32 years of service, with a daughter still in college. Delphi approached me several times during 2008 to take a severance package with one year salary that was to be provided in exchange for my waiver of certain rights via the Release of Claims (severance payments are not a Delphi provided benefit). I never would have considered this severance knowing that Delphi would not abide by their end of the contract that they signed with me. The major factor in my decision to consider retirement at this time was the 12 month severance package offered which was supposed to be in addition to my early retirement package. The severance package was earmarked to pay off our mortgage and college expenses for our daughter. This severance agreement is a contract that was presented to me by Human Resources and signed in February of 2009. I abided by my end of the contract and I expect that Delphi should be required to honor their end of this contract as well.

I worked for and retired from Delphi. I have already been slammed with the responsibility of paying for health care as well as worrying about how much less we will have to live on if and when the PBGC takes over our pensions. I believe it should be the responsibility of the court to hold Delphi accountable in some measureable way. Please consider the financial burden we have already been forced to bear before you decide to terminate our severance contracts.

Sincerely,

Ronald Wilcox
59 Crestview Drive
Pittsford, NY 14534