June 20, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D. Drain:

I, Joseph J. Fair, object to the June 1, 2009 Master Disposition Agreement Article 9.5.11 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that Delphi agreed to pay me and others are clearly an Administrative Expense that was occurred as a result of Delphi's desire to close or sell portions of their assets.

I received a W.A.R.N. Act Notice in the fall of 2008 stating that Delphi's Home Ave. Plant was being closed on or about December 31, 2008. It also stated than my employment would be terminated on or about January 1, 2009.

I was released from Delphi on December 18, 2008, and my effective date was January 1, 2009. According to Delphi procedures in effect in October 2008, I was to receive a severance payment equal to twelve months of base pay. During the preparation for my release I was told by Delphi's Human Resource personnel and Delphi leadership that if I did not sign a Release of Claims (ROC) giving up certain rights I would not receive the twelve months severance but would receive only one month of severance pay. Of course, I signed the ROC in the presence of and witnessed by Delphi Human Resource personnel on October 31, 2008.

Delphi leadership led us to be believe the Delphi Separation Allowance Plan / ROC was a binding legal contract between Delphi and myself. By signing the ROC I waived certain rights and Delphi agreed to pay me twelve months of base salary. This transaction occurred during Delphi's' bankruptcy process and is clearly not a pre-petition claim. In fact, the form used for the ROC has a revision date of October 2008. This agreement was made during the normal course of business as part of Delphi's efforts to close our plant (Home Ave.). The severance payments are a legal contract liability not a Delphi provided benefit. Therefore, I am asking that Delphi be required to fulfill their contract and pay me and others the remaining severance payments that they agreed to.

I signed a contract with Delphi where I gave up certain rights in return for a severance payment amount. This contract was agreed to during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence from bankruptcy. I therefore strenuously object to the June 1, 2009, Master Disposition Agreement Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted,

Joseph J. Fair
Ex-Delphi Employee
11960 Steck Road
Brookville, Ohio 45309