Honorable Robert D. Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of New York
One Bowling Green
New York, NY 10004-1408

This letter is an objection to the June 16, 2009 Master Disposition Agreement, Article 9.5.11 which declares that severance payments will be terminated upon the closing date (emergence date).

I believe I have a legal, enforceable contract entered into during bankruptcy which I expect to be fulfilled by Delphi as I have fulfilled my obligations in this contract. Delphi agreed to pay me 6 months severance payments beginning March 1, 2009 through August, 2009 in exchange for my waiver of certain rights via the release of claims. My points of objection are as follows:

1) Severance payment entitlement is by contract (Separation Agreement).

2) Employees waived certain rights (Release of Claims) to receive severance.

3) The contracts were entered into during bankruptcy.

4) Severance payments are a contract liability (not a Delphi provided benefit).

5) I have a valid, binding, legal contract and I expect it to be honored.

When the severance option was offered, it was obvious from the rate and methods at which salaried employees were being terminated that an involuntary separation from Delphi was probable if the offer was not accepted. This did in fact occur to fellow supervisors who did not initially accept this offer shortly after those who accepted the offer had left. I accepted this offer with the intention of using the money to pay off my home mortgage. I have already been affected by health benefit termination and pending pension reduction (transfer to PBGC). The total liability for continued severance payments is low and the liability is short term (expires July 2010).

I worked as a salaried employee for GM/Delphi for nearly 36 years in four different states and at six different facilities. During that time I fulfilled every contractual obligation required of me to the company with the expectation that the company would do the same. I respectfully request that Delphi be required to abide by its contract with me.

Thank you,
Michael S. Muston
728 Cloverland Drive
Flushing, Mi. 48433

June 18, 2009