18 June 2009

Honorable Robert D. Drain
Docket Number 05-4481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

Dear Sir:

In re: Objection to June 1, 2009 Master Disposition Agreement, Article 9.5.11

I was a 58-year old salaried employee of Delphi Corporation until Dec. 31, 2008 when my job was eliminated and I was offered a separation/retirement contract. I understand that the subject agreement would eliminate the severance payments effective the date of bankruptcy closure.

This contract was entered into <u>during</u> bankruptcy; therefore I feel that I have a valid, binding and legal contract and I expect it to be honored. Had I known that the contract could have been nullified, I would not have accepted the termination. I signed a Release of Claims waiving certain rights to receive this severance; therefore I provided something of value to Delphi Corporation and in exchange, Delphi should continue to make these payments. These severance payments will only continue under contract until the end of this year.

I had been on a medical leave of absence at the time of my "retirement" and Delphi offered me either a retirement with 24 severance payments or a disability retirement. I thought that the monies upfront was a better option and accepted the former retirement.

For some time prior to the end of 2008, Delphi Corporation was offering separation agreements with a lump sum payment. I thought it was odd to suddenly make a change to bimonthly payments; it is almost with the foresight and planning to abrogate this contract early. The salaried benefits manual always seemed to imply one large payment at the end of employment.

I am 7 years away from qualifying for Medicare insurance and Delphi Corporation has reduced my pension benefit by now having to pay for my own health insurance until age 65. In addition, that pension benefit may be further reduced with the transfer to PBGC. I need these severance payments to assist me in relocating and finding new employment and updating my skills to compete with the younger workforce.

I appreciate your consideration of my objection and trust that you will deny this portion of the bankruptcy agreement.

Sincerely,

*Harold A. Libka*
Harold A. Libka

Retired Senior Facilities Engineer, Delphi Operations Support Group

4308 Ashlawn Drive
Flint, MI 48507
ph. (810) 235-2796