```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
     In re                                    :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                          Debtors.            :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002, 6004, AND 9014
AUTHORIZING DEBTORS TO PROVIDE EXPENSE REIMBURSEMENT TO PLATINUM
EQUITY ADVISORS, LLC IN CONNECTION WITH SALE OF
<u>DEBTORS' ASSETS PURSUANT TO MASTER DISPOSITION AGREEMENT</u>

("PLATINUM EXPENSE REIMBURSEMENT ORDER")

Upon the motion, dated June 25, 2009 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 authorizing the Debtors to provide an expense reimbursement to Platinum Equity Advisors, LLC ("Platinum") in connection with the sale of the Debtors' assets pursuant to the Master Disposition Agreement, dated June 1, 2009, among Delphi Corporation, GM Components Holdings, LLC, General Motors Corporation, Parnassus Holdings II, LLC ("Parnassus"), and the other sellers and buyers thereto (the "MDA"); and upon the declaration of John D. Sheehan, executed June 25, 2009, the declaration of William R. Shaw, executed June 25, 2009, the declaration of Dan Krasner, executed June 25, 2009, and the declaration of Kayalyn A. Marafioti, executed June 25, 2009, in support of the Motion; and due and appropriate notice of the Motion, the relief requested therein, and the opportunity for a hearing on the Motion having been served by the Debtors in the manner and upon the parties set forth in the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And

9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589); and it appearing that an expedited hearing on the Motion was warranted; and no other or further notice being necessary; and the Court having held a hearing on the Motion on July [1], 2009 (the "Hearing"); and upon the record of the Hearing; and after due deliberation thereon, and sufficient cause appearing therefor,

        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.     This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        2.     The Motion is hereby GRANTED.

        3.     As set forth more fully in the Motion, upon the closing of an Alternative Transaction pursuant to the Supplemental Procedures attached as Exhibit N to the Modification Procedures Order, whether executed pursuant to a Modified Plan or otherwise, Platinum would receive from the proceeds of the Alternative Transaction an expense reimbursement in an amount up to $30 million for expenses and costs incurred in connection with Platinum's comprehensive investigation of Delphi (the "Expense Reimbursement").

        4.     A sound business purpose exists for the Debtors to provide the Expense Reimbursement in accordance with the requirements of 11 U.S.C. § 363(b).

    5.  This Court shall retain jurisdiction to hear all matters arising from the payment of the Expense Reimbursement, if any.

    6.  The Debtors established good and sufficient cause for bringing the Motion on expedited notice, the Debtors provided sufficient notice of the Motion, and the expedited hearing on the Motion was appropriate in the circumstances.

    7.  Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Bankruptcy Code, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
    July ___, 2009

                    _____
                     UNITED STATES BANKRUPTCY JUDGE