**Hearing Date And Time: July 1, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
|  | : |
|  | : (Jointly Administered) |
| Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF KAYALYN A. MARAFIOTI IN SUPPORT OF EXPEDITED
MOTION FOR ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002,
6004, AND 9014 AUTHORIZING DEBTORS TO PROVIDE EXPENSE
REIMBURSEMENT TO PLATINUM EQUITY ADVISORS, LLC IN CONNECTION
<u>WITH SALE OF DEBTORS' ASSETS PURSUANT TO MASTER DISPOSITION AGREEMENT</u>

I, Kayalyn A. Marafioti, declare as follows:

1. I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel to the debtors in the above-captioned cases (the "Debtors"). I submit this declaration in support of the Debtors' application for an expedited hearing on their expedited motion, dated June 24, 2009 (the "Motion"), for an order under 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004, and 9014 authorizing the Debtors to provide an expense reimbursement to Platinum Equity Advisors, LLC ("Platinum") in connection with the sale of the Debtors' assets pursuant to the Master Disposition Agreement.[1]

2. The Motion seeks approval for payment to Platinum of an expense reimbursement in an amount up to $30 million (the "Expense Reimbursement") for expenses and costs incurred in connection with Platinum's comprehensive investigation of Delphi, which ultimately culminated in Platinum's execution of the Master Disposition Agreement. The Expense Reimbursement would be payable upon the closing of an Alternative Transaction pursuant to the Supplemental Procedures, whether executed pursuant to a Modified Plan or otherwise.

3. While facing the most difficult economic period in decades with the most precipitous drop in U.S. vehicle sale volumes in half a century, Delphi reached an agreement to effect its emergence from chapter 11 through a transaction with Parnassus, with the support of GM Components Holdings LLC ("GM Components"), an affiliate of GM. In the exercise of the Debtors' fiduciary responsibilities to maximize the value of their estates for the benefit of their stakeholders, the Debtors executed the Master Disposition Agreement and sought approval of

---

[1] Capitalized terms used and not otherwise defined herein have the meanings set forth in the Motion.

2

that transaction through modifications to the Debtors' confirmed plan of reorganization that were filed with this Court on June 1, 2009.

4. The Master Disposition Agreement is premised upon a private sale transaction among several parties. The buyers – Parnassus, GM Components, and certain of their affiliates – have a limited ability to terminate the agreement and Delphi may only consider unsolicited alternative transactions in accordance with Delphi's fiduciary duties. At the hearing on June 10, 2009, this Court ruled that supplemental procedures governing a process for the submission of potential Alternative Transactions should be delineated to provide a transparent process for Delphi's exercise of its fiduciary duties. Thus, with the entry of the Modification Procedures Order and Supplemental Procedures, the Alternative Transaction process became more defined, with the requirement that potential bidders make proposals based upon the transaction set forth in the Master Disposition Agreement.

5. As set forth in the Motion, in light of the substantial time, energy, and resources that Platinum has expended since 2006 to pursue the transactions memorialized in the Master Disposition Agreement, and as contemplated by paragraph 46 of the Modification Procedures Order, the Debtors agreed to seek an Expense Reimbursement for Platinum. Indeed, because Platinum has paved the way for the Debtors to emerge from chapter 11, the Debtors believe that the Expense Reimbursement is reasonable and appropriate under the circumstances.

6. Although this Court excluded an expense reimbursement provision from the Modification Procedures Order, the Court did not foreclose such protections for Platinum. At the omnibus hearing held on June 16, 2009, the Court stated that the Debtors could move for approval of such protections based upon a showing of the benefits to the estate of Platinum's involvement in the Master Disposition Agreement. <u>See</u> Transcript of June 16, 2009 Omnibus

Hearing at 16:10-14. The Debtors seek this relief on an expedited timeframe so that if the Expense Reimbursement is granted, other potential purchasers of the Debtors' businesses have time to incorporate the Expense Reimbursement in their proposed Alternative Transactions, the deadline for the submission of which is July 10, 2009.

7. The Debtors believe that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The Debtors further believe that these interests would be best served by an expedited hearing on the Motion.

8. No previous application for the relief requested herein has been made to this or any other court.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on June 25, 2009.

      /s/ Kayalyn A. Marafioti
      KAYALYN A. MARAFIOTI