Honorable Robert D. Drain                                    June 18, 2009
Case Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D. Drain,

I, Michael A. Tobe, object to the June 16, 2009 (revised) Master Disposition Agreement, Article 9.5.11 declaring that severance payments will be terminated upon Delphi's (Debtor's) emergence date. The severance payments that the Debtor agreed to pay myself and other former salary employees are clearly an Administrative Expense that was done in conjunction with Delphi's plan to close and sell portions of Delphi's assets.

I received a WARN ACT NOTICE in 2008 stating that our Home Avenue Operations in Dayton, Ohio, was being closed on or before December 31, 2008, and my employment would be terminated on or about January 1, 2009. My original release date was January 1, 2009, but on two separate occasions, Delphi leadership requested that I extend my release date to assist Delphi in closing of several manufacturing sites. My actual employment was extended through March 31, 2009, due to requirement of my services until that time.

I was released from Delphi on March 31, 2009 and my effective date was April 1, 2009 with 12 months of severance payments per Delphi's polices that were in effect on October of 2008. During the preparation for my release, I was provided a Release of Claims (R.O.C.) by Delphi Human Resource personnel and Delphi leadership which is a Separation Agreement providing a contract between Delphi Corporation and myself. See Exhibit A, pages 1, 2 and 3 for copies of the signed ROC's.

I waived certain rights by signing the R.O.C. and the Debtor agreed to pay me 12 months of my base salary in exchange for these rights. These Separation Agreements were entered into during the Debtor's bankruptcy process and is not a pre-petition claim. The R.O.C. was signed and agreed to during normal course of business. These severance payments are a contract liability not a Delphi provided benefit. Delphi has entered into numerous Separation Agreements during bankruptcy and paid the former employees in full, however, Delphi is trying to discriminate against the group exiting from January 1, 2009 through June 1, 2009. This is the salary group that was requested by Delphi to remain because their services were required to assist Delphi's efforts to prepare for emergence from bankruptcy. I feel that all of the former Delphi salary employees with signed R.O.C.'s have a valid, binding and legal contract with Delphi that I expect to be honored. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays the remaining severance payments that they agreed to pay until the contracts are fully satisfied.

Respectfully submitted,

*Michael A. Tobe* (signature)

Michael A. Tobe
Ex-Delphi Salaried Employee
725 Larkspur Dr.
Tipp City, Ohio 45371

## Delphi Corporation
## Separation Allowance Plan Release of Claims

I have been separated from my employment with Delphi Corporation ("Delphi") effective __April 1__, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $__128,100.00__, less applicable deductions, to be paid in __24__ semi monthly installments commencing on __April 15__, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by __Wendy Hayes__ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: __M. A-Nth__

Delphi Identification Number (DIN): __1009517__

Dated: __1/14/09__

Accepted: __Wendy E Hayes__
Delphi Corporation

## Delphi Corporation
## Separation Allowance Plan Release of Claims

I have been separated from my employment with Delphi Corporation ("Delphi") effective ___Jan 1___, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the amount of $ _128,400.00_ less applicable deductions to be paid semi monthly commencing on ___Jan 15___, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by ___11/6/08___ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _Michael G. Doh_

Social Security Number (last 4): _4368_

Dated: _10/30/08_

Accepted: _Wendy E Hayes_
Delphi Corporation

Revised 12/11/08