June 17, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

Subject: Objection to the June 1, 2009 Master Disposition Agreement, Article 9.5.11

Dear Judge Drain:

As a recently separated (1/1/09) salaried employee of Delphi Corporation, I strongly object to the provisions of the June 1, 2009 Master Disposition Agreement, specifically Article 9.5.11, whereby Delphi Corporation plans to terminate remaining severance payments that the Corporation is liable for upon its' planned emergence from bankruptcy.

In my personal situation, severance payments are currently being paid to me based on the "Delphi Corporation Separation Allowance Release of Claims" agreement, as revised in October of 2008. This is a contract that was accepted and signed by both me and a Salaried Personnel Representative of Delphi Corporation, on November 17, 2008.

Judge Drain, this is a legal contract that was entered into by Delphi Corporation during bankruptcy and does not represent a "pre-petition claim" as is being claimed by Delphi Corporation.

In my exit interviews, these payments were described to me as "restructuring costs" that were a necessary part of Delphi's efforts to reduce the size of its organization in response to market factors. In various documents and explanations of Delphi's activities following its bankruptcy filing in October of 2005, Delphi makes reference to its extensive restructuring activities. It is my contention that these activities are not complete until the costs associated with them have been fully paid.

It should also be noted that Delphi's remaining severance liabilities do not represent a long term issue for Delphi. Most of the remaining payments were scheduled to be completed by the end of 2009 and would not represent a great deal of expense in comparison to many other issues related to the planned emergence from bankruptcy. However, for the individuals receiving severance payments, many of whom are salaried retirees, these remaining severance payments become critical as they try to cope with the unexpected loss of medical, life insurance, and, potentially, pension benefits, if Delphi is allowed to transfer its salaried pension obligations to the PBGC.

Your Honor, in conclusion, I respectfully request that you require Delphi Corporation to fully honor the employee separation contracts that it has already committed to and is liable for to date.

*Michael R. Abbuhl*

Michael R. Abbuhl
3716 Jones Rd.
Diamond, OH 44412