7497 Waterfall Drive
Grand Blanc, MI 48439

17 June 2009

Honorable Robert D. Drain
United States Bankruptcy Judge - Southern District of NY
One Bowing Green
New York, NY 10004 -1408

**Docket Number 05-44481 (RDD)**

Dear Honorable Robert D. Drain,

I am sending this letter to object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date (emergence date).

Upon being FORCEFULLY terminated from Delphi Corporation, I signed a legal, enforceable contract during bankruptcy. I fully expect this contract to be fulfilled by Delphi, as it is my right. By signing this contract, severance payments were provided in exchange for a waiver of certain rights via the Release of Claims.

There are several points I would like to make regarding this proposed breach of contract:

First, a separation agreement was signed by both me and Delphi regarding my severance payment entitlement for a full 4 months based upon by length of service. It is completely unjust in this economy to have devoted 6.5 years of service to a company, and then to be released due to the company's decision to sell the product line I was a part of and to have been contractually given 4 months of severance to not be held to full term. I have been basing all of my current living expense financials on obtaining all 4 months of severance.

Secondly, employees including myself waived certain rights in the release of claims in order to receive severance. I provided an item of value to Delphi in exchange for severance payments, and I fully expect to receive my end of the contract.

Thirdly, the contract I signed on April 30th, 2009 was entered into <u>during</u> bankruptcy, which should be required as a part of emergence to honor.

Fourthly, severance payments are a contract liability and not a Delphi provided benefit.

Fifthly, I have a valid / binding / legal contract and I expect it to be honored. Why should employees be the only ones forced into holding up their end of the contract?

Thank you very much for reading my points regarding this topic.

Sincerely,


Amy Bowers