June 17, 2009

Honorable Robert D. Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

FAX   914-390-4073 (White Plains, NY)

Re: Letter of Objection to Delphi's June 16, 2009 (revised) Master Disposition Agreement Article 9.5.11;  Delphi's Intent to Terminate Severance Payments

Dear Judge Drain:

I am writing to you today to voice strong objection to Delphi's request to terminate my severance payments. This is specifically noted in Delphi's June 16, 2009 (revised) Master Disposition Agreement (Article 9.5.11). As you are already aware, Delphi has already terminated my health care and life insurance benefits and is currently in discussion to transfer by pension benefits to the PBGC. Since the Delphi Salaried Pension Fund is currently under funded, this will likely cause my pension benefit to be considerably less than my current monthly amount. Now Delphi wants to terminate my severance payments. This was money that I was planning on to cover the cost of purchasing health insurance for my family and covering the cost of seeking new employment.

On January 12, 2009, I was notified that my employment with Delphi would be terminated as of April 1, 2009. I was told by Delphi Human Resources that I qualified for a Delphi separation agreement that included a separation allowance. I was given the required 45 days to review and sign the Delphi Separation Allowance Plan Release of Claims Document. This document was signed by me on February 12, 2009. I consider this release of claims agreement to be a legal contract between me and Delphi Corporation. It states that I will receive my separation payment in semi-monthly installments commencing April 15, 2009 "**until paid**". This contract was offered and originated by Delphi and was entered into during the bankruptcy process (Delphi filed for bankruptcy October 8, 2005). It is my understanding that all claims and contracts signed while in bankruptcy are protected and payable. I further believe that severance payments are Administrative Claims, and therefore I will be filing an Administrative Expense Claim Form with the court prior to the July 10, 2009 deadline.

In addition, as part of the Release of Claims I was required to sign, there was a requirement that, "**in consideration for receiving these benefits**", I would agree to waive a number of my legal rights (i.e. Claims under Employee Retirement Income Security Act of 1974, Title VII of the Civil Rights Act of 1964, etc). Delphi should not be allowed to require me to waive my legal rights and then take back the severance allowance, leaving me no recourse. It also appears as if Delphi wants to treat my separation allowance as a Delphi provided "**benefit**", which it is not. Severance

payments are a contract liability and I have a valid, binding, legal contract between me and Delphi Corporation that I expect to be honored. I have lived up to my terms of the agreement and now Delphi needs to do the same.

Finally, I am aware that Delphi is delaying the separation dates of those employees that were due to go out prior to the July 23, 2009 emergence date. I am told this is so they (the new Delphi) can offer those employees a "new" separation package in which they will be able to receive the full severance amount promised versus one month or less under the old plan. These employees had already signed a release of claims form, but are now allowed to retract that signature. This is in violation of the release of claims language which only allows 7 days to revoke. I find this to be very dishonorable and disrespectful for those of us that have a current separation agreement that Delphi now wants to terminate.

In summary, I believe I have a legal enforceable contract with Delphi that was entered into during bankruptcy. I now expect Delphi to fulfill their obligation to me. I am asking you to deny Delphi's request to terminate my separation allowance.

Sincerely,

*Ronald L. Collins*

Ronald L. Collins
4005 West Heath Drive
Muncie, IN  47304