SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
    In re                              :         Chapter 11
                                    :
DELPHI CORPORATION, et al.,     :         Case No. 05–44481 (RDD)
                                    :
                     Debtors.     :         (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

               STIPULATION AND AGREED ORDER RESOLVING
           MARILYN E. DIXON'S MOTION FOR RELIEF FROM STAY

Delphi Corporation ("Delphi"), debtor and debtor-in-possession in the above-captioned cases, and Marilyn E. Dixon respectfully submit this Stipulation And Agreed Order Resolving Marilyn E. Dixon's Motion For Relief From Stay (the "Stipulation and Order") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi and certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

WHEREAS, on October 22, 2008, Ms. Dixon, a former employee of Delphi, filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Ohio (the "Ohio Bankruptcy Court") for relief under chapter 7 of the Bankruptcy Code. In re Marilyn E. Dixon, No. 08-35230 (Bankr. S.D. Ohio) (GRH).

WHEREAS, on February 20, 2009, Ms. Dixon brought an adversary proceeding (the "Adversary Proceeding") against Delphi, Fidelity Investments, and Metropolitan Life Insurance Co. (collectively, the "Defendants") to determine the dischargeability of debt pursuant to sections 523 and 523(a)(18) of the Bankruptcy Code and rule 7001(6) of the Federal Rules of Bankruptcy Procedure. Dixon v. Delphi Corporation, et al., Adv. Pr. No. 09-03054 (Bankr. S.D. Ohio) (GRH).

WHEREAS, the debt that Ms. Dixon seeks to discharge is in regards to an alleged overpayment of retirement benefits. The Defendants may be entitled to recoupment of allegedly overpaid retirement benefits. By her complaint in the Adversary Proceeding, Ms. Dixon requests that the Debtors set forth any recoupment amounts.

2

WHEREAS, on or about June 2, 2009, Ms. Dixon filed the Motion For Relief From Stay with this Court in the above-captioned chapter 11 cases (Docket No. 16650) (the "Motion").

WHEREAS, to resolve the Motion, Delphi and Ms. Dixon have entered into this Stipulation and Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The automatic stay of section 362 of the Bankruptcy Code shall be and hereby is modified for the sole and limited purpose of allowing Ms. Dixon to advance her Adversary Proceeding seeking dischargeability of certain debt in the Ohio Bankruptcy Court as of the Effective Date (as defined below) of this Stipulation and Order. Delphi reserves all rights and defenses regarding the Adversary Proceeding and nothing in this Stipulation and Order constitutes a waiver of or should be construed to waive Delphi's rights and defenses regarding the Adversary Proceeding.

2. Except as provided in paragraph 1 of this Stipulation and Order, the automatic stay shall remain in full force and effect for any other purpose.

3. The "Effective Date" of this Stipulation and Order shall be the date on which this Stipulation and Order becomes a final and non-appealable order; provided, however, that if this Court shall deny entry of this Stipulation and Order or enter an order declining to approve this Stipulation and Order, then this Stipulation and Order shall become null and void at that time, and the parties shall have all the respective rights, obligations and arguments which they possessed prior to entering into this Stipulation and Order.

4. Delphi reserves all rights to object to or otherwise challenge any discovery that Ms. Dixon may seek.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order.

6. Notwithstanding the requirements under Bankruptcy Rule 4001(a)(3), good cause exists to have this Stipulation and Order become effective immediately upon entry.

So Ordered in New York, New York, this 25th day of June, 2009

    /s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Rebecca Barthelemy-Smith |
| John Wm. Butler, Jr. | Rebecca Barthelemy-Smith |
| John K. Lyons | 4133 North Dixie Drive |
| Ron E. Meisler | Dayton, Ohio  45414 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | (937) 274-2315 |
| | rbsmith@ameritech.net |
| 155 North Wacker Drive | |
| Chicago, Illinois  60606 | Attorney for Marilyn E. Dixon |
| (312) 407-0700 | |

       - and –

   Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

5