**To:**   Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowing Green
New York, NY 10004-1408

**Subject:**   Docket Number 05-44481 (RDD),   **Article 9.5.11**

As a recently retired Delphi Salaried Employee of 36 years, **I strongly object** to the June 1, 2009 Master Disposition Agreement; specifically Article 9.5.11 which declares that severance payments will be terminated upon the closing date (emergence date).

When I was approached about retirement in October of 2008, I was offered a contract (Separation Agreement). By agreeing to and signing this contract, I was to be given a continuance of my salary for one year in exchange for waiving certain rights (Release of Claims against Delphi). This was not considered a Delphi benefit. I signed this agreement in November of 2008 and it became effective January 1 of this year, 2009.

It is apparent that according to Article 9.5.11, as soon as Delphi emerges from bankruptcy, **they (Delphi) intend to break that contractual agreement**. If that happens mid July, 2009, I will lose 5 months of that severance.

On a personal note, that money is being used twofold; to build a buffer for my healthcare premiums (which we retirees lost in April) and to pay for tuition for retraining. President Obama and our own Governor Granholm have made a compelling argument for "re-educating", especially here in Michigan. The loss of this severance would severely dampen, if not eliminate, both of these goals.

This was just a pure and simple contract of providing an item of value (my retirement) in exchange for payment. This contract was legal, binding, and I expect Delphi to hold up their half and honor it. If it is more efficient, **I would take the remaining severance in a single payment** to save them processing, mailing, transferring, etc., the monies owed me.

Thank you for your time in hearing my objection,

Respectfully,
John R. Brantingham
10634 Oakford
White Lake, MI 48386