TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                              :
In re:                                        :
                                              :    Chapter 11
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 [RDD]
                                              :
            Debtors.                          :    Jointly Administered
                                              :
---------------------------------------------------------------x

**JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 15064 AND 15086
<u>(GOLDMAN SACHS CREDIT PARTNERS, L.P.)</u>**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), and Goldman Sachs Credit Partners, L.P. ("GSCP") as Assignee of Siemens VDO Automotive, Inc. ("VDO"), respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 15064 and 15086 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS**, on October 17, 2005, VDO submitted a demand to the Debtors asserting a reclamation claim in the amount of $5,186,958.58 ("Reclamation Demand 529"); and

**WHEREAS**, on October 17, 2005, VDO submitted an additional demand to the Debtors asserting a reclamation claim in the amount of $5,687,077.32, which has since been withdrawn; and

**WHEREAS,** on July 28, 2006, GSCP filed proof of claim number 15086 against DAS LLC, asserting an unsecured non-priority claim in the amount of $10,800,051.81 ("Claim 15086"); and

**WHEREAS,** on July 31, 2006, GSCP filed proof of claim number 15064

2

against DAS LLC, asserting an unsecured priority claim in the amount of $5,895,235.82 ("Claim 15064", together with Claim 15086, the "Claims"); and

**WHEREAS**, VDO transferred all of its right, title and interest in the Claims to the GSCP; and

**WHEREAS**, DAS LLC and GSCP acknowledge and agree that Reclamation Demand 529 is related to Claim 15064; and

**WHEREAS,** on January 5, 2009 the Debtors and GSCP entered into a letter agreement (the "Reclamation Letter Agreement") with respect to Reclamation Demand 529, whereby the Debtors and GSCP acknowledge and agree that the valid amount of Reclamation Demand 529 is $217,346.39 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding GSCP's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid; and

**WHEREAS,** on September 21, 2007, the Debtors objected to the Claims pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection"); and

**WHEREAS,** on October 18, 2007, GSCP filed a Response to the Twenty-

3

First Omnibus Claims Objection (Docket No. 10646) (the "Response"); and

**WHEREAS**, GSCP returned the Reclamation Election Notice and chose to continue to assert administrative priority status for the Reclamation Claim; and

**WHEREAS,** on June 16 2009, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claims, GSCP, VDO and DAS LLC entered into a settlement agreement (the "Settlement Agreement"); and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 15086 shall be allowed against DAS LLC in the amount of $10,800,051.81; and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that Claim 15064 shall be allowed against DAS LLC in the amount of $5,711,817.00; and

**WHEREAS,** Delphi and DAS LLC are authorized to enter into the Settlement Agreement either because the Claims involve ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE**, in consideration of the foregoing, the Debtors and GSCP stipulate and agree as follows:

1.  Claim 15086 shall be allowed in the amount of $10,800,051.81 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

4

  2. Claim 15064 shall be allowed in the amount of $5,711,817.00 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

  3. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which VDO is a party.

  4. Notwithstanding anything in paragraph 2 of this Stipulation, GSCP reserves the right, pursuant to section 503(b) of the Bankruptcy Code, to seek administrative priority status for $217,346.39 of Claim 15064 on the grounds that GSCP has a valid reclamation claim in the amount of $217,346.39.

  5. The Debtors reserve the right to seek, at any time and notwithstanding GSCP's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that the Reserved Defenses are valid.

**[Concluded on next page]**

      6.      The Response is hereby withdrawn.

Dated: New York, New York
June 16, 2009

DELPHI CORPORATION, et al.,
Debtors and Debtors-in-Possession,
By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

____/s/ Neil Berger___
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated: Boston, Massachusetts
June 16, 2009

GOLDMAN SACHS CREDIT PARTNERS, L.P.
By its Counsel,
BROWN RUDNICK BERLACK ISRAELS LLP
By:

_____/s/ Sunni P. Beville_____
SUNNI P. BEVILLE
One Financial Center
Boston, MA 02111
(617) 856-8274

## SO ORDERED

This <u>26th</u> day of June, 2009
in New York, New York

____/s/Robert D. Drain_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE