Honorable Robert D. Drain  
Case Number 05-44481 (RDD)  
Docket Number 17031  
United States Bankruptcy Judge – Southern District of NY  
One Bowling Green  
New York, NY 10004-1408  

June 20, 2009

Dear Judge Drain,

I, Marc A. Eglin, object to the June 16, 2009 Master Disposition Agreement Article 9.5.11 in which severance payment contracts between Delphi and former US Salaried Employees will no longer be honored by the Debtor (Delphi) nor potential Buyers upon date of the bankruptcy closing (now scheduled for July 23, 2009).

The basis for my objection is that my severance is a legally binding contract between Delphi and myself which both parties duly signed on December 5, 2008 to be effective on January 1, 2009. Moreover, the document I signed entitled "Delphi Corporation Separation Allowance Plan Release of Claims" (attached), obliged Delphi to pay me one year's salary in 24 semi monthly installments commencing on January 15, 2009 in exchange for my Release of Claims. In other words, I signed a contract with Delphi where I gave up certain rights in exchange for a severance payment amount from Delphi. In my humble opinion Your Honor, this is a legally binding and enforceable contract, and surely not a Delphi provided benefit.

I will soon be submitting an "Administrative Expense Claim Form" for the balance of Delphi's severance liability and soundly reject the Delphi notion that this is a pre-petition claim as it was clearly entered into by both parties during their Chapter 11 Bankruptcy.

In closing, I'm a 59 year old lifetime New York State resident and had 37.5 years of continuous service to first General Motors (28 years) and an additional 9.5 years with Delphi after our Division in Lockport, N.Y. was spun off to Delphi. Since retiring under Delphi's Severance Agreement, January 1, 2009, my vested health care/life insurance benefits earned over my long career were canceled April, 1, 2009 by Delphi and upheld in court. Further, Delphi has knowingly underfunded their salaried pension liability and wants to transfer this responsibility for honoring these pensions to the PBGC funded by U.S. taxpayers…the same taxpayers who are bailing out General Motors, a company claiming no responsibility as well for U.S. Delphi salaried retirees regardless of the fact that most of us worked for GM many years prior to their 1999 spinoff of Delphi. Your Honor, I kindly beg your indulgence for veering off the subject matter of severance payment contract liability, but these other real issues truly exacerbate the importance of the severance payments to myself and all other Delphi salaried people with severance monies outstanding. It doesn't change the law, but in this matter of severance liability, we feel strongly that the law is on our side. Consequently, I strenuously object to Article 9.5.11 and respectfully ask Your Honor to ensure the Debtor (Delphi) and/or potential Buyer(s) pay in full the severance payments that Delphi legally agreed to pay as a condition of exiting bankruptcy.

Respectfully Submitted,  
Marc A. Eglin  
Marc A. Eglin  
Ex-Delphi Salaried Employee  
68 O'Brien Dr.  
Lockport, NY 14094



RECEIVED  
JUN 26 2009  
U.S. BANKRUPTCY COURT  
SO. DIST OF NEW YORK

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective **January 1, 2009** under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of **$124,440**, less applicable deductions, to be paid in **24** semi monthly installments commencing on **January 15, 2009**, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by **Rex Milner** before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: *[signature]*

Delphi Identification Number (DIN): 1005259

Dated: 12/5/08

Accepted: *[signature]*
Delphi Corporation