June 20, 2009

Honorable Robert D Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D Drain,

I – Michael G. Krumheuer – object to the June 16, 2009 Master Disposition Agreement Article 9.511 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that the Debtor agreed to pay me and others are clearly and Administrative Expense that was done in conjunction with their plan to close and sell portions of their assets.

I received a **W.A.R.N ACT NOTICE** in 2008 stating that our Plant Home Avenue Operations was being closed on or before December 31, 2008, and my employment would be terminated on or about January 1, 2009.

I was released from Delphi on December 23, 2008 and my effective date was January 1, 2009 with 12 months severance payment per Delphi's procedures that were in effect on October of 2008. During the preparation for my release I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive the severance payment I was required to sign a Release of Claims (R.O.C.) giving up certain rights. I was told that if I elected not to sign the release I would not receive the 12 month severance pay. I would only receive one month severance pay. Of course, I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership in November, 2008.

I was lead to believe that the Delphi Separation Allowance Plan was a binding contract between the Debtor and me. I waived certain rights by signing the R.O.C. and the Debtor agreed to pay me one year of my base salary. This transaction occurred during the Debtor's bankruptcy process and is not a pre-petition claim. It was signed and agreed to during the normal course of business. The severance payments are a contract liability not a Delphi provided benefit. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to pay me until the contract is fully satisfied.

The action by Delphi to change the payout of the severance from a lump sum payment to installment payments was a carefully designed action to cheat severed employees out of the full payment they were promised in the R.O.C. contract. This change in payment was made effective in November 2008, and was not pre-petition.

I signed a contract with Delphi where I gave up certain rights for a severance payment amount. This contract was consummated during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence. I strenuously object to the June 16, 2009 Master Disposition Agreement, Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted,

*Michael G. Krumheuer*

Michael G. Krumheuer
Ex-Delphi Employee
849 Barth Lane
Kettering, Ohio 45429



RECEIVED
JUN 26 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK