IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                               :    Chapter 11
: 
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
: 
Debtors.           :    (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# AFFIDAVIT OF PUBLICATION OF KATHY ARMENGOL IN THE USA TODAY (NATIONAL)



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Kathy Armengol says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: June 22nd 2009 on the following legal advertisement- **DELPHI CORPORATION.** published in the national edition of **USA Today.**

Principal Clerk of USA TODAY
June 26 2009

This _26_ day of _June_ month
_2009_ year.

Notary Public

Marcus Dane Edmonds
Notary Public ID 7165468
Commonwealth of Virginia
My commission expires
09/30/2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re: | ) Chapter 11 |
|---|---|
| INTERMET CORPORATION, et al.,[1] | ) Case No. 08-11859 (KG) |
| Debtors. | ) Jointly Administered |

**NOTICE OF ENTRY OF ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION PROCEDURES (III) SETTING SECOND ADMINISTRATIVE EXPENSE BAR DATE AND (IV) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF CHAPTER 11 PLAN**

PLEASE TAKE NOTICE that:

1. *Approval of Disclosure Statement.* By order dated June 16, 2009 (the "Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the Second Amended Disclosure Statement Pursuant To 11 U.S.C. § 1125 With Respect To Joint Chapter 11 Plan Of Intermet Corporation And Its Affiliated Debtors And Debtors In Possession, dated June 16, 2009 (the "Disclosure Statement"[2]) filed by INTERMET Corporation, together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "Intermet"), and authorized Intermet to solicit votes to accept or reject the Joint Chapter 11 Plan Of Intermet Corporation And Its Affiliated Debtors And Debtors In Possession, dated June 16, 2009 (the "Chapter 11 Plan"), attached as Exhibit A to the Disclosure Statement. In the Order, in connection with granting approval of the Disclosure Statement, the Court (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Chapter 11 Plan, (b) approved certain vote tabulation procedures, and (c) established the deadline for filing objections to the Chapter 11 Plan and scheduled a hearing to consider the confirmation of the Chapter 11 Plan.

2. *Confirmation Hearing.* A hearing (the "Confirmation Hearing") to consider confirmation of the Chapter 11 Plan will be held at 2:00 p.m. (prevailing Eastern Time) on July 14, 2009, before the Honorable Kevin Gross, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by Intermet of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by Intermet with the Court.

3. *Who May Vote.* Only creditors that hold a claim in Class 2, Class 4, Class 5 or Class 6, on the June 16, 2009 record date established in the Order are entitled to vote on the Chapter 11 Plan. All other Classes of claims are non-voting under the Chapter 11 Plan and not entitled to vote on the Chapter 11 Plan, and therefore will receive notices of non-voting status rather than a Ballot.

4. *Voting Deadline.* Holders of claims and interests entitled to vote on the Chapter 11 Plan will receive Ballots for casting such votes. All votes to accept or reject the Chapter 11 Plan must be actually received by Kurtzman Carson Consultants LLC (the "Notice and Balloting Agent"), Intermet's Notice and Balloting Agent with respect to the Chapter 11 Plan, by no later than 4:00 p.m. (prevailing Pacific Time) on July 9, 2009 (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. *Second Administrative Expense Bar Date.* ADMINISTRATIVE EXPENSE CLAIMS ACCRUING ON OR AFTER JANUARY 1, 2009 AGAINST INTERMET AND NOT OTHERWISE PAID IN THE ORDINARY COURSE OF INTERMET'S BUSINESS SHALL BE FILED WITH THE BANKRUPTCY COURT **NO LATER THAN TEN (10) DAYS BEFORE THE DATE SCHEDULED FOR THE CONFIRMATION HEARING** (the "Second Administrative Expense Bar Date"). All such administrative expense claim requests shall be filed with the Notice and Balloting Agent and the Clerk of the United States Bankruptcy Court for the District of Delaware, in writing together with supporting documentation, in accordance with section 503 of the Bankruptcy Code on or before the Second Administrative Expense Bar Date. Please note that any administrative expense claim that is required to be filed on or before the Second Administrative Expense Bar Date pursuant to these provisions and not filed on or before such date **shall be forever barred** from assertion **against Intermet and the property of Intermet.**

6. *Objections to Confirmation.* Objections, if any, to confirmation of the Chapter 11 Plan must:
(A) be in writing;
(B) state the name and address of the objecting party and the nature of the claim or interest of such party;
(C) state with particularity the basis and nature of any objection;
(D) be filed with the Court either (i) *electronically* or (ii) *conventionally*, as noted below:
  (a) *Electronic Filing:* the filer must be an attorney in possession of passwords and logins to both PACER (see paragraph 9 below) and the Court's Electronic Case Filing System; or
  (b) *Conventional Filing:* the filer must send the response or objection by mail, courier or messenger to the Clerk's Office at the following address: United States Bankruptcy Court, 824 North Market Street, Wilmington, DE 19801; the hard copy of the response or objection should be accompanied by a diskette containing the response or objection in Portable Document Format (PDF) format or, if PDF format is unavailable, in either Word or WordPerfect format;
NOTE: All filers -- those filing electronically as well as those filing conventionally -- must provide chambers with a separate hard copy of the response or objection; any proposed order should be accompanied by a diskette containing the proposed order in either Word or WordPerfect format;
(E) be served upon (a) Intermet Corporation, 301 Commerce Street, Ste. 2901, Fort Worth, Texas 76102, Attention: Robert Tamburrino, (b) Milbank, Tweed, Hadley & M<Cloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Matthew S. Barr and Michael E. Comerford, counsel for Intermet, (c) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Attention: Laura Davis Jones, counsel for Intermet, (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899-0035, Attention: Mark Kenney, (e) Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166-4193, Attention: Carey D. Schreiber, counsel to the Creditors' Committee for Intermet, (f) Morris Nichols Arsht & Tunnel LLP, Chase Manhattan Centre, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Courier 19801), Attention: Derek C. Abbott, counsel to the Creditors' Committee for Intermet, (g) Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attention: Michael J. Sage, counsel to the First Lien Agent and (h) Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Ave., N.W., Washington, D.C. 20036, Attention: James R. Savin, counsel to the Second Lien Lenders; and
(F) **be filed with the Court in accordance with paragraph 6(D) above and served and actually received by the parties listed in paragraph 6(E) by no later than July 9, 2009 at 4:00 p.m. (prevailing Eastern Time). IF ANY OBJECTION TO CONFIRMATION OF THE CHAPTER 11 PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTION MAY NOT BE CONSIDERED BY THE COURT.** Intermet may serve replies to such responses or objections by no later than July 13, 2009 at 4:00 p.m.

7. THE CHAPTER 11 PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS. THESE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

8. The Chapter 11 Plan may be further modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing with the consent of the Proponents, without further notice to parties in interest.

9. *To Obtain Copies.* Any party in interest wishing to obtain copies of the Order, the Disclosure Statement or the Chapter 11 Plan should telephone the Notice and Balloting Agent at (888) 251-2954, or may view such documents by accessing the Notice and Balloting Agent's website: http://www.kccllc.net/Intermet or the Court's website: www.deb.uscourts.gov. Note as in paragraph 6(D) above that a PACER (https://ecf.deb.uscourts.gov/) password and login are needed to access documents on the Court's website.

**RELEASE, EXCULPATION, INJUNCTIVE AND RELATED PROVISIONS**

A. *Mutual Release by Releasees.* "Releasees" means the Debtors, each of the Holders of Equity Interests, each of the Prepetition Secured Parties, the Creditors' Committee, each Creditors' Committee Member, and each of their respective successors, predecessors, control persons, members, affiliates and agents, and present and former officers, directors and employees, and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons).

On and after the Effective Date, for good and valuable consideration, including the services of the Releasees to facilitate the expeditious restructuring of the Debtors and the implementation of the Plan, each of the Releasees shall be deemed to have unconditionally released one another from any and all Claims, obligations, rights, suits, damages, remedies and liabilities whatsoever, including any Claims that could be asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Releasees or their subsidiaries would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest or other Person or Entity, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, however, that these releases will have no effect on the liability of any Releasee arising from any act, omission, transaction, agreement, event or other occurrence, constituting willful misconduct, gross negligence, fraud or criminal conduct. The Releases set forth in this paragraph shall be binding upon and shall inure to the benefit of the Liquidating Trustees and any chapter 7 trustee in the event the Chapter 11 Cases are converted to chapter 7.

B. *Releases by Holders of Claims.* On and after the Effective Date, for good and valuable consideration, each holder of a Claim that has affirmatively voted to accept the Plan, or who, directly or indirectly, is entitled to receive a distribution under the Plan, including Persons entitled to receive a distribution via an attorney or agent shall be deemed to have unconditionally released the Releasees from any and all Claims, obligations, rights, suits, damages, remedies and liabilities whatsoever, including any Claims that could be asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such holder of a Claim would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, in any way relating or pertaining to (w) the purchase or sale, or the rescission of a purchase or sale, of any security of the Debtors, (x) the Debtors, (y) the Chapter 11 Cases or (z) the negotiation, formulation and preparation of the Plan, or any related agreements, instruments or other document including, without limitation, the Lender Liquidating Trust and GUC Liquidating Trust; provided, however, that these releases will have no effect on the liability of any Releasee arising from any act, omission, transaction, agreement, event or other occurrence, constituting willful misconduct, gross negligence, fraud or criminal conduct; provided further, however, the foregoing shall not constitute a waiver or release of any right of the Holder of an Allowed Claim to payment under this Plan on account of such Allowed Claim or any of the rights of any parties in respect of Assumed Liabilities under any Asset Purchase Agreement; provided further, however, that there are no releases or injunctions or exculpations of any of the enumerated individuals for any fiduciary obligation under ERISA. The Releases set forth in this paragraph shall be binding upon and shall inure to the benefit of the Liquidating Trustees and any chapter 7 trustee in the event the Chapter 11 Cases are converted to chapter 7.

C. *Injunction.* Except as otherwise expressly provided in the Plan, all Holders of Claims and Equity Interests shall be permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against the Debtors, their Estates, the Creditors' Committee, the Prepetition Secured Parties, the Lender Liquidating Trust, Lender Liquidating Trustee, GUC Liquidating Trust and GUC Liquidating Trustee unless a previous order modifying the stay provided under section 362 of the Bankruptcy Code was entered by the Court; (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors, their Estates, the Creditors' Committee, the Prepetition Secured Parties, the Lender Liquidating Trust, the Lender Liquidating Trustee, the GUC Liquidating Trust and the GUC Liquidating Trustee; and (iii) creating, perfecting, or enforcing any encumbrance of any kind against the property or interests in property of Debtors, their Estates, the Creditors' Committee, the Prepetition Secured Parties, the Lender Liquidating Trust, the Lender Liquidating Trustee, the GUC Liquidating Trust and the GUC Liquidating Trustee, in each case in respect of any Claims arising prior to the Petition Date; provided, however, that there are no releases or injunctions or exculpations of any of the enumerated individuals for any fiduciary obligation under ERISA.

D. *Exculpation.* The Debtors, the Prepetition Secured Parties, the Creditors' Committee, the Lender Liquidating Trust, GUC Liquidating Trustee and their respective successors, predecessors, control persons, members, agents and employees, and present and former officers and directors (to the extent each such officer and director provided services during the postpetition period) (and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons) shall neither have nor incur any liability to any Person or Entity (including any holder of a Claim or Equity Interest) for any prepetition or postpetition act taken or omitted to be taken in connection with or related to the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation or occurrence of the Effective Date of the Plan, the disclosure statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with, or in contemplation of, restructuring of the Debtors.

[1] The Intermet entities, followed by the last four digits of their respective taxpayer identification numbers, are as follows: Alexander City Casting Company, Inc. (6801); Cast-Matic, LLC (2573); Columbus Foundry, L.P. (5182); Diversified Diemakers, LLC (3911); Ferrous Metals Group, LLC (7491); Ganton Technologies, LLC (1176); Intermet Corporation (3873); Intermet Holding Company (1777); Intermet Illinois, Inc. (0275); Intermet International, Inc. (1123); Intermet U.S. Holding, Inc. (5089); Ironton Iron, Inc. (7407); Light Metals Group, LLC (7488); Lynchburg Foundry, LLC (1755); Northern Castings, LLC (3693); SUDM, Inc. (5067); Tool Products, LLC (2203); Wagner Castings Company (5929); Wagner Havana, Inc. (3015); and Western Capital Corporation (1694). Intermet's headquarters is located at 301 Commerce Street, Ste. 2901, Fort Worth, Texas 76102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement.

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | ) Chapter 11 |
|---|---|
| DELPHI CORPORATION, et al., | ) Case No. 05-44481 (RDD) |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE**

PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Modification Procedures Order") (Docket No. 17032), which among other things, established **July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors" or "Company"). The Administrative Expense Bar Date and the procedure set out below for filing proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

PLEASE TAKE FURTHER NOTICE THAT the Modification Procedures Order requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.**

WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM. You must file an Administrative Expense Claim Form if you believe that you are entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided below.

You do not need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS. **A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.** Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM. ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated: New York, New York, June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| John Wm. Butler, Jr., Ron E. Meisler, 333 West | Kayalyn A. Marafioti, Thomas J. Matz, Four Times |
|---|---|
| Wacker Drive, Suite 2100, Chicago, Illinois 60606 | Square, New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

[1] See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

---

**BID NOTICE**

Proposals for the following will be received in the Purchasing Division, 1201 Leopard, City Hall, 4th Floor, until the time and date indicated unless extended. Copies of the RFP are available in the Purchasing Division or may be obtained by contacting the Division at 361-826-3160.

**BI-0187-09 Memorial Coliseum Site Redevelopment Due Date: 07/31/2009 5:00 p.m.** A Public/Private Redevelopment for prime Bayfront real estate located on the Texas Gulf Coast, adjacent to Downtown in Corpus Christi, TX, approximately 27.57 acres, including surrounding public parks and beach area. A Pre-proposal conference will be held in the Staff Conference Room located on the 1St Floor at City Hall, 1201 Leopard St. at 2:00 p.m. on June 25, 2009. The purpose of the pre-proposal conference is to provide an opportunity for prospective proposers to pose questions and obtain clarification from the City regarding this RFP. Interested parties unable to attend will be accommodated by contacting the Purchasing Division at 361-826-3160. For more information please visit the City of Corpus Christi's website at www.cctexas.com.

City of Corpus Christi
Michael Barrera, Assistant Director of Financial Services