IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

**AFFIDAVIT OF PUBLICATION OF ALICE WEBER IN THE NEW YORK TIMES**

NYT The New York Times

620 8TH AVENUE • NEW YORK, NY 10018

SEC. B PG. 5

e And Time: July 23, 2009 at 10:00 a.m.
on Deadline: July 15, 2009 at 4:00 p.m.
IKRUPTCY COURT
T OF NEW YORK

| | | |
|---|---|---|
| | ) | Chapter 11 |
| ION, et al., | ) | Case No. 05-44481 (RDD) |
| ors. | ) | (Jointly Administered) |

**) APPROVAL OF SUPPLEMENT; (2) ODIFICATIONS TO PLAN; (3) DEADLINE IURES FOR FILING OBJECTIONS TO ONS OF PLAN; (4) DEADLINE AND I TEMPORARY ALLOWANCE OF CERTAIN TING PURPOSES; (5) TREATMENT OF UIDATED, CONTINGENT, OR DISPUTED OTICE, VOTING, AND DISTRIBUTION CORD DATE; (7) VOTING DEADLINE FOR LOTS; AND (8) PROPOSED RELEASES, AND INJUNCTION IN MODIFIED PLAN**

IND INTEREST HOLDERS, INCLUDING EQUITY )F DELPHI CORPORATION AND ITS AFFILIATED SION:

E that Delphi Corporation ("Delphi") and certain affiliates, debtors and debtors-in-possession in cases (collectively, the "Debtors"), are soliciting Amended Joint Plan Of Reorganization Of Delphi in Affiliates, Debtors And Debtors-In-Possession odified Plan"),[1] modifying the plan confirmed on holders of impaired claims and interests who are (or ve distributions under the Modified Plan.

ER NOTICE that if the Modified Plan is approved by uptcy Court for the Southern District of New York ) the terms of the Modified Plan will be binding on ainst, and all current and former holders of equity sts in, the respective Debtors.

ER NOTICE that the Bankruptcy Court has entered 09 (the "Modification Procedures Order") (Docket supplement to the disclosure statement approved t on December 10, 2007 (the "Supplement") with Plan and providing, among other things, that:

on Hearing Date. The hearing to consider approval e "Final Modification Hearing"), will commence on **a.m.** (prevailing Eastern time) or as soon thereafard, before the Honorable Robert D. Drain, United for the Southern District of New York, One Bowling York, New York 10004. The Final Modification ed from time to time by announcing the adjourn- d the Modified Plan may be further modified, if C. § 1127 before, during, or as a result of the Final thout further notice to parties-in-interest.

pproval Of Modified Plan. **July 15, 2009 at 4:00** n time) (the "Objection Deadline") is fixed as for filing and serving objections to approval of considered, objections, if any, to approval of the be in writing, (b) conform to the Federal Rules of ne Local Bankruptcy Rules for the Southern District mental Order Under 11 U.S.C. §§ 102(1) And 105 (m), 9006, 9007, And 9014 Establishing Omnibus in Notice, Case Management, And Administrative this Court on March 20, 2006 (Docket No. 2883), nental Order Under 11 U.S.C. §§ 102(1) And 105 (m), 9006, 9007, And 9014 Establishing Omnibus in Notice, Case Management, And Administrative 1, 2009 (Docket No. 16589), and the Modification iled with the Bankruptcy Court in accordance with amended) – registered users of the Bankruptcy n must file electronically, and all other parties- 3.5 inch disk (preferably in Portable Document ct, or any other Windows-based word processing in hard-copy form directly to the chambers of the n, United States Bankruptcy Judge, One Bowling ork, New York 10004, and (e) be served upon (i) Delphi Drive, Troy, Michigan 48098 (Att'n: General ne Debtors, Skadden, Arps, Slate, Meagher & Flom e, Suite 2100, Chicago, Illinois 60606 (Att'n: John E. Meisler) and Skadden, Arps, Slate, Meagher & are, New York, New York 10036 (Att'n: Kayalyn A. Fox), (iii) the Office of the United States Trustee of New York, 33 Whitehall Street, Suite 2100, New t'n: Brian Masumoto), (iv) counsel for the official creditors, Latham & Watkins LLP, 885 Third Avenue, 2 (Att'n: Robert J. Rosenberg, Mark A. Broude, and unsel for the agent under the postpetition credit rdwell, 450 Lexington Avenue, New York, New d Bernstein and Brian Resnick), (vi) counsel for Willkie Farr & Gallagher LLP, 787 Seventh Avenue 9 (Att'n: Richard Mancino and Marc Abrams), (vii) tates Department of the Treasury, Cadwalader, ne World Financial Center, New York, New York isardi and Oren B. Haker), (viii) counsel for the t of Justice, 86 Chambers Street, 3rd Floor, New t'n: Matthew L. Schwartz and Joseph N. Cordaro), Motors Corporation, Weil, Gotshal & Manges LLP, rk, New York 10153 (Att'n: Jeffrey L. Tanenbaum and (x) counsel for Parnassus Holdings II, LLC, 919 Third Avenue, New York, New York 10022 David J. Karp), in each case so as to be **received ction Deadline. Objections not timely filed ner set forth above may not be considered erruled.**

ance Of Claims. The following persons or entities, itled to vote on the Modified Plan and, therefore, olders of (a) unimpaired claims, (b) claims and e no distribution under the Modified Plan, (c) ave been scheduled as contingent, unliquidated, (i) no proof of claim was timely filed and (ii) no efined below) has been filed by the Rule 3018(a) ed below), and (d) claims and interests that are n filed by the Debtors (except to the extent and et forth in the objection). If you disagree with the r objection to, your claim or interest and believe d to vote on the Modified Plan, then you must (x) f claim by the applicable bar date or your proof timely filed by an order of the Bankruptcy Court e (as defined below), (y) contact the Creditor elow) to obtain a ballot and file the ballot by the d below), and (z) timely file and serve a motion kr. P. 3018(a) (a "Rule 3018(a) Motion") seeking our claim for the purpose of accepting or reject- Rule 3018(a) Motion must be filed with the Clerk July 2, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6. Record Date. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. Voting Deadline. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you should receive this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al, | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. Injunction To Enforce Releases And Exculpation In The Modified Plan. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

**You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9. Information And Documents. Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated: New York, New York, June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| | |
|---|---|
| John Wm. Butler, Jr., Ron E. Meisler, | Kayalyn A. Marafioti, Thomas J. Matz, |
| 333 West Wacker Drive, Suite 2100, | Four Times Square, New York, New |
| Chicago, Illinois 60606 | York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

[1] The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10

# CERTIFICATION OF PUBLICATION

JUN 2 4 2009 20

I, Alice Weber, in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

JUN 2 4 2009 20

Alice Weber

Approved: Maria Pannullo

THIS CERTIFICATION NOT VALID WITHOUT NYT RAISED SEAL

artment of Health and Human ervices. But only a day earlier, reditors filed a petition in federal bankruptcy court in Wilington, Del., seeking to force rotein Sciences into bankruptcy nd liquidation, saying they were wed $11.7 million.

Almost all of that money is wed to **Emergent BioSolutions**, vaccine company in Rockville, Id., that lent Protein Sciences 10 million last year in advance of ie pending acquisition of virtully all the assets of Protein Scinces by Emergent. The acquision deal fell apart, and Emergent ued Protein Sciences and its top xecutives, accusing them of 'aud and breach of agreements.

The series of events raises uestions about whether the govrnment is entrusting part of the ation's influenza defense to a fiancially shaky or untrustworthy ompany. Conversely, the award f the contract could put Emergent into an uncomfortable light r trying to force into bankruptcy a company with promising accine technology.

Robin Robinson, director of the ranch of Health and Human ervices that will administer the ontract, said the government ad spent months doing "two ery thorough financial audits" f Protein Sciences. "It was dermined that they were healthy nough to go forward with development of this vaccine," he said.

Health authorities are scrambling to come up with enough accine to protect the world's opulation against the recently eclared pandemic of swine flu, hich has killed more than 230 eople worldwide and sickened iore than 52,000. They are worried that the death toll from the rain might rise sharply this inter.

"I can't imagine what legitiiate purpose can be served by ying to close the company," aniel D. Adams, the chief execuve of Protein Sciences, said in n interview on Tuesday. Mr. Adms said that Emergent's suit as without merit and that its acons were making it difficult for rotein Sciences to attract new ivestors.

But Daniel J. Abdun-Nabi, resident and chief operating ofcer of Emergent, said that bankiptcy "doesn't destroy the prodct, and it doesn't destroy the chnology." It might result in the chnology's being sold to a ronger company, like his own or hers, he said. Emergent, which akes the anthrax vaccine used y the armed forces, says it has een more than patient in giving just a protein from the virus and it does so in genetically modified insect cells.

The company, which is privately held, has already applied to the Food and Drug Administration for approval of a seasonal flu vaccine. And last week, Mr. Adams said, the company made its first 100,000 doses of a vaccine against the new swine flu.

The federal contract will help Protein Sciences develop its technology and obtain F.D.A. approval. It can be extended up to five

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: SHELDON GOOD & COMPANY AUCTIONS, NORTHEAST, LLC, et al.** | **Chapter 11** |
| | **Case No. 09-12535 (BRL)** |
| **Debtors.** | **(Jointly Administered)** |

**NOTICE OF SALE OF THE ASSETS OF SHELDON GOOD & COMPANY AUCTIONS, NORTHEAST, LLC AND AFFILIATED DEBTORS**

Please be advised that Sheldon Good & Company Auctions, Northeast, LLC, et al., as debtors and debtors in possession ("Sheldon Good" or the "Debtors")[1] (referred to herein as the "Sellers") propose to enter into an Asset Purchase Agreement dated as of June 3, 2009 (the "Purchase Agreement"), pursuant to which Sellers propose to sell to the buyer (the "Buyer") who will be identified following an auction held on July 20, 2009 (the "Auction"), substantially all of the Sellers' assets free and clear of liens and other interests with all such liens, claims, interests and other encumbrances attaching the same validity and priority as the sale proceeds (the "Assets").

Under the Purchase Agreement, the Buyer shall assume certain liabilities of the Sellers including, inter alia, (1) cure amounts for assumed executory contracts and (2) post closing liabilities under assumed executory contracts.

On June 18, 2009, in response to Sellers' Motion dated June 3, 2009, seeking the entry of (i) an order (a) approving bid procedures for the Debtors' assets and a topping fee; and (b) scheduling final sale hearing and approving form and manner of notice thereof; and (ii) order authorizing and approving (a) the sale of assets free and clear of liens and other interests and (b) assumption and assignment of executory contracts and unexpired leases to successful bidder(s) at auction (the "Sale Motion"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an *Order (A) Approving Bid Procedures for the Debtors' Assets (B) Authorizing Debtors to Offer Certain Bid Protections and (C) Scheduling Final Sale Hearing Approving Form and Manner of Notice Thereof* (the "Bid Procedures Order"). The Bankruptcy Court scheduled a hearing on the Sale Motion and the contemplated sale of the Acquired Assets for **July 21, 2009**, at One Bowling Green, New York, New York 10004-1408, in courtroom 623, at **10:00 a.m (prevailing Eastern Time)** (the "Sale Hearing"). In addition, the Bankruptcy Court required that any objections to the relief requested in the Sale Motion and any objections to the proposed sale of the Assets contemplated by the Purchase Agreement be filed with the Bankruptcy Court and served on the parties identified in the Bid Procedures Order on or before **5:00 p.m. on July 14, 2009.** Failure to timely object to the Sale Motion shall be deemed a consent to the relief requested therein, and to the entry of the Sale Order.

The Sale Motion proposes the following key dates in connection with the sale of the Assets:

| Event: Date |
|---|
| Debtor files and serves a list of executory contracts potentially to be assumed and assigned and associated proposed cure amounts: **July 10, 2009** |
| Deadline for potential buyers to submit bids: **July 8, 2009** |
| Deadline to object to proposed cure amounts on executory contracts or the sale of the Assets to the highest and best bidder at the Auction: **July 17, 2009** |
| Auction: **July 20, 2009 at 10:00 a.m.** |
| Deadline to object to adequate assurance of future performance on executory contracts to be assumed and assigned in connection with successful bid: **July 17, 2009** |
| Hearing to approve sale to highest bidder at Auction: **July 21, 2009 at 10:00 a.m.** |

In the event that you wish to explore the possibility of submitting a Qualified Bid, please contact Heidi J. Sorvino of Smith, Gambrell & Russell, LLP at (212) 907-9700 (hsorvino@sgrlaw.com) who will provide you with a copy of the Bid Procedures Order and information concerning how to obtain access to due diligence materials.

Please be further advised that the Purchase Agreement contemplates, and the Sale Order, if approved, shall authorize the assumption and assignment of various executory contracts and unexpired leases that are the property of the Sellers (the "Assumed Executory Contracts"). Additional individual notices setting forth the proposed cure amounts for such contracts will be given to all counterparties to Assumed Executory Contracts.

Copies of the Sale Motion, the Bid Procedures Order, the Sale Order, the Purchase Agreement and all exhibits related to each of the foregoing may be obtained at http://www.nysb.uscourts.gov/ or the Debtors' website at http://www.sheldongood.com/. Questions may be directed to: Heidi J. Sorvino at Smith, Gambrell & Russell, LLP.

Dated: New York, New York, June 18, 2009
SMITH, GAMBRELL & RUSSELL, LLP, Heidi J. Sorvino,
250 Park Avenue, Suite 1900, New York, New York 10177,
Tel: (212) 907-9700, Fax: (212) 907-9800, hsorvino@sgrlaw.com
Proposed Counsel for Debtors and Debtors in Possession

[1] The Debtors in these chapter 11 cases are: Sheldon F. Good Realty, Inc. (0375), Sheldon Good & Company Auctions, Northeast, LLC (6151), Sheldon Good & Company Auctions, LLC (6728), Sheldon Good & Company Brokerage, LLC (6727), Sheldon Good & Company Colorado, LLC (5773), Sheldon Good & Company International, LLC (1334), Sheldon Good & Company of California, Inc. (6729), Sheldon Good & Company Residential Sales, Inc. (5238), Sheldon Good & Company, Inc. (9051), and Steven Good Partners International, LLC (6729).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (1) APPROVAL OF SUPPLEMENT; (2) HEARING ON MODIFICATIONS TO PLAN; (3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN; (4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES; (5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (6) RECORD DATE; (7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND (8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN**

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures Order") (Docket No. 17032) approving a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. Final Modification Hearing Date. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. Objections To Approval Of Modified Plan. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. Temporary Allowance Of Claims. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **July 2, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6. Record Date. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. Voting Deadline. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you should receive this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. Injunction To Enforce Releases And Exculpation In The Modified Plan. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

**You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9. Information And Documents. Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated: New York, New York, June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| | |
|---|---|
| John Wm. Butler, Jr., Ron E. Meisler, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 | Kayalyn A. Marafioti, Thomas J. Matz, Four Times Square, New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

[1] The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10 Solicitation Procedures Order").


No phone calls plea
NYS principal certifi
invited to



OFFIC
SPAC

Offices-Manhattan

5th-Lex Offices, Sho
B/t GRAND CENTRAL
185 Mad., 353 Lex
390 5th, 5 W.
850 to 8,20
Owner Manage
212-843-5400 Floor Pl
www.HilsonManage

25th St W#151 3rd Floor.
sf showroom/ offices. E
tion, available 9/1. No r
refused. Call 718-257-910

31st Street
BEST DEAL- 875 S
1500 SQ
Office share/desk, rece
conf. room, first class.
Call 212-683-201

35 STW. #147 B'twn B
500, 1000 & 2000 sq ft, to
New windows, 7 days/we
falconproperties.com

36 St. Wes
15 WEST 36th
5,000 Sq. Ft.
2,345 Sq.
Alan Helman: 212
WALTER & SAMU

37 St. Wes
39 WEST 37th
* 6,000 Sq. F
* 3,480 Sq. F
* 2,470 Sq. F
Alan Helman: 212
WALTER & SAMU

38 STW., #325
500, 700, 1400 sf. Total
New elevs. 24-hr Drmn.
falconproperties.com

25th/26th Bdwy
MADISON SQU
On-site Owner-manage
Near all subways. Great
Kew Management 2

Dwntwn PEPREALE
Soho, Noho, GV, Trit
Hudson Square. 212-62

Offices-Bronx

Allerton Avenue/Whit
OFFICES FOR
1,350 Sq. Ft. and 3,
Call 212-888-
www.2901whiteplain

Bruckner Blvd 3rd
4K-14K SF Penthouse
River Views, High Ceil
For Lease, Call Owner,

Offices-Brooklyn

GREENPOINT AVE
5,000SF Office/Lo
River View
For Lease by Owner

Offices-Queens

LIC Queens Plaza, 1000
minutes from Manhat
portation, several offic
tiable. Owner: Marvin, 7

Offices-Nassau/Suff

SYOSSET Prof Space, 2
divided. Newly reno. Fre
w/pkg, steps to LIRR. Alc
Furn if nec. $24/ft. Owr

Professional Offices
Manhattan

3rd Avenue 75th/76th. Ne
medical office in profe
to share, 2 consult, 6 ex
tion. $5000 per ½ shar