Honorable Robert D. Drain
Docket # 05-44481 (RDD)
U.S. Bankruptcy Judge – Southern District of N.Y.
One Bowling Green
New York, NY 10004-1408

Delphi entered into a legal agreement with this writer, relative to my employment status and severance pay. I have a signed "release of claims" contract that I expect to be fulfilled. Severance payment was to be provided in exchange for my continued services until released and my requirement to waive of certain rights/claims as specified in the "release of claims" contract. Here are my points of objection:

1) Severance payment entitlement is by **contract** (Separation Agreement).

2) Employees waived certain rights (Release of Claims) to receive severance. (I provided an item of value to Delphi in exchange for severance payment.)

3) The referenced contract was entered into during bankruptcy (November, 2008).

4) Severance payments are a contract liability (not a Delphi benefit).

5) I have a valid / binding / legal contract and I expect it to be honored.

In conclusion, I have a signed contract. I have fulfilled my conditions of that contract. I provided my services to wind down the Athens Site, as requested. I signed a release of claims form to waive certain rights. Now **Delphi must fulfill** their obligation and pay the severance monies, as they agreed in this contract.

I have also attached a copy of my Separation Allowance Plan Release of Claims.

Sincerely,

*Mark T. Treloar*   23 June 2009

MARK T. TRELOAR
3301 CEDARHURST DRIVE SW
DECATUR, ALABAMA 35603-3113
(256) 340-1515

DATE of HIRE: 05 NOV 1984

TRELOAR

*11/18/2008*

(SS)

## Delphi Corporation
## Separation Allowance Plan Release of Claims

Mark Treloar
MARCH 31 (LDW)

I have been separated from my employment with Delphi Corporation ("Delphi") effective ~~FEB 20 (LDW)~~ 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $_____, less applicable deductions, to be paid in _20_ semi monthly installments commencing on ~~March 1~~ April 1, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _DECEMBER 15, 2008_ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _[signature]_

Delphi Identification Number (DIN): _1017513_

Dated: _08-DEC-2008_

Accepted: _Harry T Fuller_    _12/08/08_
Delphi Corporation

Revised November 2008

# Transmission Log

Tuesday, 2009-06-23  15:01

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2009-06-23 | 15:00 | SCAN | 00141 | 0:32 | 24000 | 9143904073 | 3 | OK -- V.34 AM31 |

Plant 21
Manufacturing Engineering Department
Fax # 552-5348

**DELPHI STEERING**

# Fax

To: Hon. Robert D. Drain          From: Mark T. Treloar
Fax: 914.390.4073                 Pages: (3) Total
Phone:                            Date: 23 June 2009
Re:                               CC:

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

Re: Docket #05-44481 (RDD)