June 23, 2009

To: Honorable Robert D. Drain
    Docket Number 05-44481 (RDD)
    United States Bankruptcy Judge – Southern District of New York
    One Bowling Green
    New York, NY 10004-1408

The purpose of this letter is to formally object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date.

I am a Delphi salaried employee who signed a legal and enforceable "Release of Claims" contract with the company during bankruptcy. My contract specifically agreed to pay 1 year's salary as severance, in exchange for my services to continue until June 30, 2009. I have lived up to my end of the agreement; the company is now attempting to abandon their obligations.

My severance payments were provided in exchange for my waiver of certain rights via the Release of Claims (see attached copy, Nov. 2008).

My points of objection include the following:
- Severance payment entitlement is by **contract** (Separation Agreement).
- I waived certain rights through the release of claims to receive severance.
- I provided an item of value to Delphi in exchange for severance payments.
- The contract was entered into **during bankruptcy** (Nov. 2008) and is a valid/binding/legal contract that I expect to be honored.
- Severance payments are a **contract liability**, not a Delphi provided benefit.

Upon signing the agreement for one year's salary as severance in exchange for my services until June 30, 2009, my family and I made our decisions regarding employment based upon the fact that the severance was in writing and would be there as indicated by the contract. As a member of management, I have also encouraged others to fulfill their obligations and see our site through the wind-down process. Now, **Delphi must fulfill** their obligation and pay the severance monies, as they agreed in these contracts.

I adamantly object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11.

Thank you for your time with this urgent matter.

Respectfully,

*[signature]*

Julie McNeese
Operations Manager, Plant 21
Delphi Steering Systems
Athens, AL  35611
(256) 552-5912
(256) 566-4013

COPY

## Delphi Corporation
## Separation Allowance Plan Release of Claims  JULIE M'NEESE

I have been separated from my employment with Delphi Corporation ("Delphi") effective June 30 (Low) 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $ 109,240 , less applicable deductions, to be paid in 24 semi-monthly installments commencing on July 1 , 2009 , and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by November 28, 2008 before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _[signature]_

Delphi Identification Number (DIN): 1005270

Dated: Nov. 21, 2008

Accepted: _Harry L Fuller_ 11/21/2008
Delphi Corporation

Revised November 2008