Alicia C. Donahue
8345 McCandlish Rd.
Grand Blanc, MI 48439
(810)252-8869
June 21, 2009

Honorable Robert D. Drain
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408
914-390-4073 (White Plains, NY) – Fax

RE: Case Number 05-44481 (RDD)
Subject: Objection to June 1, 2009 Master Disposition Agreement, Article 9.5.11 and June 16, 2009 revised Master Disposition Agreement

Your Honor,

I am submitting this letter to the court to formally object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date (emergence date – July 31, 2009).

Your honor, I signed a separation agreement with Delphi on April 08, 2009. My understanding is this was a legal and enforceable contract that both parties, Delphi and I, entered into on that date. I have and still intend to fulfill my end of the contract, and I expect Delphi to also fulfill theirs. I was employed with Delphi for approximately 15 years, and was devastated by the news of losing my job. In the signed agreement, I waived various rights to receive the severance payments, of which were to compensate for the value I provided to Delphi during my years with the company.

My understanding is this agreement is a contract that was signed while in bankruptcy and agreed to by Delphi, with the full intention of being honored. This is a liability entered into by Delphi, and should therefore be transferred to the new company as an obligation to fulfill. Please keep in mind that this is a short term liability. This severance package is not a benefit provided by Delphi, this is a legally binding contract that we both entered into. The terms of our contract are 6 months of pay from May 2009 through October 2009, effective May 1st, 2009. I also believe that these severance payments are administrative claims, and I will need to file an Administrative Expense Claim Form with the court.

In closing your honor, I am hoping that the court will enforce the separation contract that Delphi entered into with me and the many others. I am relying on this money to live day to day while pursuing new employment. I have a family of 5 that I still must support with this money on a daily basis, pay for insurance, as well as, budgeting in the event relocation is needed. As you are well aware, employment is not easily available today in this industry. As well, transition into a new industry is difficult and time consuming.

Respectfully,

Alicia C. Donahue