Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004-1408

June 24, 2009

FAX   914-390-4073 White Plains, NY

Bradford S. Wagner
2106 Springdale Drive
Hartselle, Alabama 35640
Employee of Delphi Steering Athens, Alabama
Heattreat23@aol.com  (256) 552 5663 Work of (256) 773 9332 Home

I respectfully object to the position Delphi Corporation is taking toward the legal agreements for retention bonuses and severance agreements which states in Article 9.5.11 that the severance payments will be terminated upon the closing (emergence date), for those employees that terminated prior to the June 1st, 2009 date. In the simplest terms, I have a legal, enforceable contract entered into during bankruptcy. I expect it to be fulfilled by Delphi, as it has been fulfilled by me as the Production Supervisor of the Halfshaft Product Line. My severance payments were provided in exchange for my waiver of certain rights via the Release of Claims. Here are my points of objection:

1) Severance payment entitlement is by contract (Separation Agreement).

2) Employees waived certain rights (Release of Claims) to receive severance.
   (you provided an item of value to Delphi in exchange for severance payments)

3) The contracts were entered into during bankruptcy.

4) Severance payments are a contract liability (not a Delphi provided benefit).

5) I have a valid / binding / legal contract and I expect it to be honored.

I Bradford Wagner signed the release of claims agreement on November 19, 2008 the agreement was witnessed by Harry Fuller and Steve Sloan acting as agents of Delphi. I am scheduled to end employment on June 30th, 2009. I fulfilled the requirements of my contract by executing my portion of our sites closure and I expect to have the contract I signed in November 2008 to be honored. The contract I signed states that I would be paid the amount of one year wages. Delphi solicited employees to stay and close the facility and I was selected as one of these employees and I had to agree to stay until my services were no longer needed. I have also attached a copy of my Separation Allowance

Judgedrainseverence061709

Plan Release of Claims form for Bradford S. Wagner Employee # 1005495. This signed contract states that I would be paid an amount of money equivalent to one year wages. Delphi is attempting to breach this contract with new language stating that after June 1st, 2009 severance payments would be capped at maximum of 6 months.

Sincerely,

*Bradford S. Wagner*

Bradford S. Wagner
Delphi Steering
Athens, Alabama
(256) 552 5663

Judgedrainseverence061709

WAGNER, S

## Delphi Corporation
## Separation Allowance Plan Release of Claims  Scott Wagner

I have been separated from my employment with Delphi Corporation ("Delphi") effective Feb 28 (Low), 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $93,180_____, less applicable deductions, to be paid in _24_ semi monthly installments commencing on March 1, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by November 26, 2008 before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _Bradford Scott Wagner_

Delphi Identification Number (DIN): _1005495_

Dated: _11/19/08_

Accepted: _Nancy L. Fuller  11/19/2008_
Delphi Corporation

Revised November 2008