Honorable Robert D Drain  June 17, 2009
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D Drain,

I - Roy W. Smith - object to the June 1, 2009 Master Disposition Agreement Article 9.511 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that the Debtor agreed to pay me and others are clearly and Administrative Expense that was done in conjunction with their plan to close and sell portions of their assets.

I received a **W.A.R.N ACT NOTICE** (Exhibit A) in 2008 stating that our Plant Home Avenue Operations was being closed on or before December 31, 2008, and my employment would be terminated on or about January 1, 2009.

I was released from Delphi on December 23, 2008 and my effective date was January 1, 2009 with 12 months severance payment per Delphi's procedures that were in effect on October of 2008. During the preparation for my release I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive the severance payment I was required to sign a Release of Claims (R.O.C.) giving up certain rights listed in **Exhibit C**. I was told that if I elected not to sign the release I would not receive the 12 month severance pay. I would only receive one month severance pay. Of course, I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership on October 31, 2008.

I was lead to believe that the Delphi Separation Allowance Plan - **Exhibit B**- was a binding contract between the Debtor and me. I waived certain rights by signing the R.O.C. **Exhibit C** and the Debtor agreed to pay me one year of my base salary. This transaction occurred during the Debtor's bankruptcy process and is not a pre-petition claim. It was signed and agreed to during the normal course of business. The severance payments are a contract liability not a Delphi provided benefit. The attached **Exhibits B and C** is a valid – Binding – legal contract. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to pay me until the contract is fully satisfied.

I signed a contract with Delphi where I gave up certain rights for a severance payment amount. This contract was consummated during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence. I strenuously object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted,


Roy W. Smith
Ex-Delphi Employee
3705 Swigart Rd.
Dayton, Ohio 45440