BUCHANAN INGERSOLL & ROONEY PC
Counsel for Fiduciary Counselors, Inc.
620 Eighth Avenue, 23rd Floor
New York, New York 10018
(212) 440-4400 (Telephone)
(212) 440-4401 (Facsimile)
William H. Schorling, Esquire (WS-6322)

    -and -

Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200 (Telephone)
(302) 552-4295 (Facsimile)
Mary F. Caloway. Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## MOTION FOR ORDER ESTIMATING CLAIMS FOR PURPOSES OF VOTING ON PLAN OF REORGANIZATION

Fiduciary Counselors, Inc. ("FCI"), and its undersigned counsel, Buchanan Ingersoll & Rooney, PC, hereby submit this Motion For Order Estimating Claims For Purposes Of Voting On Plan Of Reorganization (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 3018(a). In support hereof, FCI respectfully represents as follows:

**Jurisdiction**

1.      The Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 502(c) and  Bankruptcy Rule 3018(a).

**Statement of Facts**

A.      General Background

3.      Delphi Corporation ("Delphi") and forty-one (41) of its direct and indirect subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005, and three (3) of the Debtors, namely *In re Delphi Furukawa Wiring Systems LLC* (Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In re Mobilearia, Inc*. (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), filed their petitions on October 14, 2005.

4.      On October 8, 2005, this Court procedurally consolidated the Debtors' thirty-nine (39) chapter 11 cases filed at that time, [1] and ordered that they be jointly administered under *In re Delphi Corporation*, Case No. 05-44481 (RDD) (the "Main Case").

---

[1] The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holdings Corp., In re Delphi Corporation, In re ASEC Manufacturing General Partnership, In re Delphi Medical Systems Colorado Corporation, In re Delphi China LLC, In re ASEC Sales General Partnership, In re Delphi Medical Systems Texas Corporation, In re Delphi Automotive Systems Overseas Corporation, In re Delphi Automotive Systems Korea, Inc., In re Delphi Automotive Systems International, Inc., In re Delphi International Holdings Corp., In re Aspire, Inc., In re Delphi Connection Systems, In re Delphi International Services, Inc., In re Environmental Catalysts, LLC, In re Specialty Electronics International Ltd., In re Delphi Automotive Systems Thailand, Inc., In re Delco Electronics Overseas Corporation, In re Delphi Technologies, Inc. , In re Delphi Automotive Systems (Holding), Inc., In re Exhaust Systems Corporation, In re Delphi Medical Systems Corporation., In re Delphi Diesel Systems Corp., In re Delphi Integrated Service Solutions, Inc., In re Packard Hughes Interconnect Company, In re Delphi Electronics (Holding),*

5. On October 19, 2005, this Court procedurally consolidated the Additional Debtors with the Main Case.

B. <u>The Pension Plans' Claims</u>

6. FCI is the independent fiduciary under the Debtors' following pension plans: (a) the Delphi Corporation Retirement Program for Salaried Employees (the "Salaried Plan"), (b) the Delphi Hourly-Rate Employees Pension Plan (the "Hourly Plan"), (c) the ASEC Manufacturing Retirement Program (the "ASEC Plan"), (d) the Delphi Mechatronic Systems Retirement Program (the "Mechatronic Plan"), (e) the Packard Hughes Interconnect Non-Bargaining Retirement Plan (the "PHI Non-Bargaining Plan"), and (f) the Packard Hughes Interconnect Bargaining Retirement Plan (the "PHI Bargaining Plan") (collectively, the "Pension Plans"). The Pension Plans are employee benefit plans within the meaning of Bankruptcy Code section 507(a)(4). FCI asserts that the Debtors are members of the common controlled group whose employees participate in the Pension Plans.

7. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Pension Plans, FCI timely filed proofs of claim on behalf of the Pension Plans (as amended or modified, the "Claims", true and correct copies of which are attached hereto as Exhibit "A"). The Claims were calculated and based on the most recent information available to FCI as of the time the Claims were filed and included liquidated amounts for contributions that were due and unpaid and unliquidated amounts for contributions that were not yet due. No objection has been filed to the Claims. FCI reserved the right to amend the Claims if and when additional information became available.

---

*LLC., In re Delphi Mechatronic Systems, Inc., In re Specialty Electronics, Inc., In re Delphi Automotive Systems Tennessee, Inc., In re Delphi LLC, In re DREAL, Inc., In re Delphi Automotive Systems Risk Management Corp., In re Delphi Automotive Systems Services, LLC, In re Delphi Liquidation Holding Company, In re Delphi Foreign Sales Corporation, In re Delphi Services Holding Corporation, In re Delphi Automotive Systems Human Resources LLC, In re Delphi Automotive Systems Global (Holding), Inc., and In re Delphi Automotive Systems, LLC.*

KRLSDOCS_WLM#: 66936v1

8.      The Debtors provided FCI with ballots for only the Salaried Plan, the Hourly Plan and the PHI Bargaining Plan.  FCI did not receive ballots for the ASEC Plan, the Mechatronic Plan or the PHI Non-Bargaining Plan.  Each of the ballots received identified each respective Pension Plan's Claim as $1.00 in amount for voting purposes.

9.      Under the Debtors' original confirmed Plan of Reorganization, the Pension Plans were assumed and continued.  However, under the "modified" Plan of Reorganization (the "Plan") on which the Debtors are now re-soliciting votes, the Pension Plans will not be assumed or continued by the Debtors.

10.      In addition, except with respect to the Hourly Plan, which will, according to the Plan, be "addressed by GM", the Plan is silent with respect to the treatment of the Pension Plans' Claims.  Accordingly, FCI does not know what the Debtors' present intention is with respect to those Claims.  In any event, ballots in the amount of $1 (and for only three of the Pension Plans) are hardly commensurate with the Pension Plans' economic stake in these cases.

### Relief Requested

11.      FCI seeks entry of an order estimating the Claims for voting purposes in the amounts to be provided by the Pension Plans' actuaries.  FCI expects to have those figures shortly but was not able to obtain the amounts prior to the deadline to file this Motion.

### Basis for Relief Requested

12.      Bankruptcy Rule 3018(a) provides in pertinent part that "a Plan may be accepted or rejected in accordance with §1126 of the Code within the time fixed by the court pursuant to Rule 3017...  Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.".

13.     The estimation of claims for voting purposes is essentially committed to the Court's discretion.  *Bittner v. Borne Chem. Co.*, 691 F.2d 134 (3d Cir. 1982); *Pension Benefit Guar. Corp. v. Enron Corp. (In re Enron)*, No. 04 Civ. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004).  Estimation should ensure that the creditor's voting power is commensurate with its economic interest in the case.  *Enron*, 2004 WL 2434928, at *5.

14.     The Pension Plans have asserted claims in an aggregate amount exceeding hundreds of millions of dollars.  Ballots voting in the total amount of $3 are hardly commensurate with the Pension Plans' economic interest in these cases.

15.     Accordingly, FCI respectfully requests that the Pension Plans' Claims be estimated for voting purposes in the amounts to be determined by the actuaries.

## Waiver of Memorandum of Law

16.     This Motion does not present any novel issues of law.  Consequently, FCI respectfully requests that the court waive the requirement that FCI file a supporting memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b).  FCI reserves the right to file a separate memorandum of law in further support of this Motion or in response to any objection to this Motion.

## Notice

17.     Notice of this Motion has been provided in accordance with the Modification Procedures Order dated  June 16, 2009.  FCI submits that no other or further notice is necessary.

WHEREFORE, FCI respectfully requests that this Court enter the order granting the Motion and such other relief as the Court deems just and proper.

Dated: July 2, 2009

        **BUCHANAN INGERSOLL & ROONEY PC**

        /s/  William H. Schorling (WS-6322)
        William H. Schorling, Esquire (WS-6322)
        620 Eighth Avenue, 23rd Floor
        New York, New York 10018
        (212) 440-4400 (Telephone)
        (212) 440-4401 (Facsimile)

        and

        Buchanan Ingersoll & Rooney PC
        1000 West Street, Suite 1410
        Wilmington, DE 19801
        (302) 552-4200 (Telephone)
        (302) 552-4295 (Facsimile)
        Mary F. Caloway. Esq.

        *Counsel for Fiduciary Counselors, Inc.*