EXHIBIT A

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 (RDD) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Fiduciary Counselors Inc. as independent fiduciary for Delphi Mechatronic Systems Retirement Program | X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent:<br><br>Neil Hennessy     William Schorling<br>700 12th Street N.W.    Buchanan Ingersoll & Rooney PC<br>Suite 700           1835 Market Street, 14th Floor<br>Washington, DC 20005   Philadelphia, PA 19103-2985<br><br>Telephone number: (202) 558-5141    (215) 665-8700 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>X Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here<br>if this claim ☐ replaces<br>       X amends a previously filed claim, dated: 7/28/06 | |

**1. Basis for Claim**

☐ Goods sold                   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
X Services performed          ☐ Wages, salaries, and compensation (fill out below)
☐ Money loaned                 Last four digits of SS #: _____
☐ Personal injury/wrongful death    Unpaid compensation for services performed
☐ Taxes
X Other  See attached Addendum       from _____ to _____
                                            (date)         (date)

**2. Date debt was incurred:**        **3. If court judgment, date obtained:**
See attached Addendum

**4. Total Amount of Claim at Time Case Filed:** $    See attached Addendum
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
                                      (unsecured)   (secured)   (priority)   (Total)

X   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.    See attached Addendum

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ See attached Addendum

☐   Check this box if: a) there is no collateral or lien securing your claim, or your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**

X Check this box if you have an unsecured priority claim
    Amount entitled to priority $ See attached Addendum

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
X Contributions to an employee benefit plan - 11 U.S. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-days limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br>1/15/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*Neil Hennessy*<br>Neil Hennessy, President & CEO, Fiduciary Counselors Inc. |
|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

### ADDENDUM TO AMENDED PROOF OF CLAIM OF CREDITOR

Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

Delphi Mechatronic Systems Retirement Program (the "Plan"), in support of its Amended Proof

of Claim, states as follows:

Introduction

1.     This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

2.     The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

3.     Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan.  The Debtors are jointly and severally liable

1

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the IRC.

4.    Fiduciary Counselors submits this Amended Proof of Claim not in its individual capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of Claim on behalf of the Plan.

Contributions Due to the Plan

5.    Under the terms of the Plan, section 412 of the IRC and section 302 of ERISA, the employer is required to make contributions to the Plan.

6.    Based on the most recent information available from the Debtors and the Plan's actuaries, it appears that, at a minimum, the Debtors have failed to make required contributions to the Plan in the amount of $250,399.00, as set forth in Exhibit "A"[1]. This amount includes interest through January 15, 2008. Interest will continue to accrue after January 15, 2008 and will increase the claim amounts. Additional contributions may be required in the future and Fiduciary Counselors reserves the right to amend this claim to include such future contributions.

7.    This is a claim for legally required contributions that are owed to the Plan and for the claims which are described in paragraph 10 below.

8.    This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-petition contributions as ordinary business expenses, regardless of the total unpaid amount. To the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to priority under Code § 507(a)(4) as contributions arising during the 180 days immediately

---

[1] In preparing this claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries and information provided by the Debtors.

preceding the petition filing date. Any contributions not entitled to priority are asserted as a general unsecured claim.

9.   The Debtors and Fiduciary Counselors have agreed that since the Plan and related documents are voluminous and are already in the possession of the Debtors, Fiduciary Counselors will not attach them hereto. Such documents are available upon request to the persons listed on the attached Amended Proof of Claim form. Pursuant to a Stipulation dated July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

Reservation of Rights

10.   At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is without sufficient knowledge or information to determine whether additional potential claims arising out of the Plan against one or more of the Debtors exist. In the event that Fiduciary Counselors becomes aware of such information and to the extent that such claims exist, Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the Participants with respect to such claims, including the right to assert such claims in the bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims arising out of the Plan and related documents, claims under ERISA, and related claims against one or more of the Debtors which employ or employed any of the Participants. To the extent such additional claims exist, the amounts of such claims are currently unliquidated. Nothing herein is intended to, or should be construed as, an admission that any and all such claims do not have administrative priority.

11.   Fiduciary Counselors reserves any and all setoff rights to which the Plan or the Participants are entitled under 11 U.S.C. § 553 or otherwise.

3

12.     The Plan expressly reserves the right to amend this Amended Proof of Claim, including amendment to incorporate additional claims for additional amounts due and to seek the allowance and payment of certain amounts as administrative expenses.

13.     Nothing contained in this Amended Proof of Claim shall be construed as limiting the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the Plan. To the extent that there is a conflict between anything contained in this Amended Proof of Claim and the Plan, the terms and conditions of the Plan shall govern.

14.     The filing of this Amended Proof of Claim is not (i) a waiver or release of the rights of Fiduciary Counselors, the Plan or its Participants against any person, entity or property; (ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or events of default. The Plan and its Participants specifically preserve all of their procedural and substantive defenses and rights with respect to any claim that may be asserted against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

4

15.    Fiduciary Counselors understands that other entities and individuals, including the Pension Benefit Guaranty Corporation, may file claims relating to the Plan and amounts due thereunder.

Exhibit A

# Delphi Mechatronic Systems

## Retirement Program (38-3589834/001)

### Summary of Unpaid Contributions - with Interest - as of January 15, 2008

| Date Due | Date Paid | Plan Year | Contributions | | | Interest to 12/31/2007 | Unpaid Balance Including Interest |
|---|---|---|---|---|---|---|---|
| | | | Required | Paid | Unpaid | | |
| 4/13/2007 | 4/11/2007 | 2007 | 278,660 | 216,000 | 62,660 | 3,608 | 66,268 |
| 7/13/2007 | 7/11/2007 | 2007 | 278,660 | 215,444 | 63,216 | 2,404 | 65,620 |
| 10/15/2007 | 10/11/2007 | 2007 | 278,660 | 218,462 | 60,198 | 1,134 | 61,332 |
| 1/15/2008 | 1/15/2008 | 2007 | 278,660 | 221,481 | 57,179 | - | 57,179 |

250,399

Notes:

1. Interest is credited to 1/15/2008 based on the plan rate in effect for 2007 of 7.75%. Interest was credited on a compound basis for each 1/2 month increment.

2. The 2006 ERISA minimum required contribution was paid in full effective September 14, 2007.

3. The January 15, 2008 amount "Paid" is based on our current understanding of the amount Delphi intends to pay.

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 (RDD) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Fiduciary Counselors Inc. as independent fiduciary for ASEC Manufacturing Retirement Program | X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br><br>Nell Hennessy    William Schorling<br>700 12th Street N.W.    Buchanan Ingersoll & Rooney PC<br>Suite 700    1835 Market Street, 14th Floor<br>Washington, DC 20005    Philadelphia, PA 19103-2985<br><br>Telephone number: (202) 558-5141    (215) 665-8700 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>X Check box if the address differs from the address on the envelope sent to you by the court.    THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here<br>if this claim ☐ replaces<br>    X amends a previously filed claim, dated: 7/28/06 |

**1. Basis for Claim**
- ☐ Goods sold
- X Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- X Other See attached Addendum

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  - Last four digits of SS #: _____
  - Unpaid compensation for services performed
  - from _____ to _____
  - (date)    (date)

**2. Date debt was incurred:**
See attached Addendum

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $** See attached Addendum
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

(unsecured)    (secured)    (priority)    (Total)

X Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. See attached Addendum

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim $** See attached Addendum

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**

X Check this box if you have an unsecured priority claim
Amount entitled to priority $ See attached Addendum

Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- X Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-days limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

2008 JAN 16 A 11: 21
S.D.N.Y.

| Date<br>1/15/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Nell Hennessy, President & CEO, Fiduciary Counselors Inc. |
|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                          )
                                                )   Chapter 11
                                                )
DELPHI CORPORATION, et al.,                     )   Case No. 05-44481 (RDD)
                                                )
          Debtors.                              )   Jointly Administered
_____             )

## ADDENDUM TO AMENDED PROOF OF CLAIM OF CREDITOR

Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

ASEC Manufacturing Retirement Program (the "Plan"), in support of its Amended Proof of

Claim, states as follows:

Introduction

1.      This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

2.      The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

3.      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan. The Debtors are jointly and severally liable

1

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the IRC.

4.    . Fiduciary Counselors submits this Amended Proof of Claim not in its individual capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of Claim on behalf of the Plan.

Contributions Due to the Plan

5.     Under the terms of the Plan, section 412 of the IRC and section 302 of ERISA, the employer is required to make contributions to the Plan.

6.     Fiduciary Counselors has been unable to ascertain with certainty the exact amounts due and owing to the Plan. Based on the most recent information available from the Debtors and the Plan's actuaries[1], it appears that, at a minimum, the Debtors have failed to make required contributions to the Plan in the amount of $1,344,586.00, as set forth in Exhibit "A". This amount includes interest through January 17, 2008. Interest will continue to accrue after January 17, 2008 and will increase the claim amounts. Additional contributions may be required in the future and Fiduciary Counselors reserves the right to amend this claim to include such future contributions.

7.     This is a claim for legally required contributions that are owed to the Plan and for the claims which are described in paragraph 10 below.

8.     This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-petition contributions as ordinary business expenses, regardless of the total unpaid amount. To

---

[1] In preparing this claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries and information provided by the Debtors.

the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to priority under Code § 507(a)(4) as contributions arising during the 180 days immediately preceding the petition filing date. Any contributions not entitled to priority are asserted as a general unsecured claim.

9.      The Debtors and Fiduciary Counselors have agreed that since the Plan and related documents are voluminous and are already in the possession of the Debtors, Fiduciary Counselors will not attach them hereto. Such documents are available upon request to the persons listed on the attached Amended Proof of Claim form. Pursuant to a Stipulation dated July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

<u>Reservation of Rights</u>

10.     At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is without sufficient knowledge or information to determine whether additional potential claims arising out of the Plan against one or more of the Debtors exist. In the event that Fiduciary Counselors becomes aware of such information and to the extent that such claims exist, Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the Participants with respect to such claims, including the right to assert such claims in the bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims arising out of the Plan and related documents, claims under ERISA, and related claims against one or more of the Debtors which employ or employed any of the Participants. To the extent such additional claims exist, the amounts of such claims are currently unliquidated. Nothing herein is intended to, or should be construed as, an admission that any and all such claims do not have administrative priority.

3

11.　Fiduciary Counselors reserves any and all setoff rights to which the Plan or the Participants are entitled under 11 U.S.C. § 553 or otherwise.

12.　The Plan expressly reserves the right to amend this Amended Proof of Claim, including amendment to incorporate additional claims for additional amounts due and to seek the allowance and payment of certain amounts as administrative expenses.

13.　Nothing contained in this Amended Proof of Claim shall be construed as limiting the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the Plan. To the extent that there is a conflict between anything contained in this Amended Proof of Claim and the Plan, the terms and conditions of the Plan shall govern.

14.　The filing of this Amended Proof of Claim is not (i) a waiver or release of the rights of Fiduciary Counselors, the Plan or its Participants against any person, entity or property; (ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or events of default. The Plan and its Participants specifically preserve all of their

4

procedural and substantive defenses and rights with respect to any claim that may be asserted

against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

15.    Fiduciary Counselors understands that other entities and individuals, including the

Pension Benefit Guaranty Corporation, may file claims relating to the Plan and amounts due

thereunder.

Exhibit "A"

# DELPHI CORPORATION

## Summary of Missed Quarterly Contributions with Interest as of January 17, 2008

### ASEC Pension Plan

| Date | Plan Year | Contributions | | | Interest to 12/31/2007 | Unpaid Balance Including Interest |
|------|-----------|---------------|------|--------|-------------------------|-----------------------------------|
| | | Required | Paid | Unpaid | | |
| 1/13/2006 | 2005 | 330,000 | 330,000 | - | - | - |
| 4/14/2006 | 2005 | 330,000 | 330,000 | - | - | - |
| 7/14/2006 | 2005 | 330,000 | 330,000 | - | - | - |
| 10/12/2006 | 2005 | 330,000 | 330,000 | - | - | - |
| 1/11/2007 | 2005 | 330,000 | 330,000 | - | - | - |
| 4/12/2007 | 2006 | 656,059 | 330,000 | 326,059 | 20,175 | 346,234 |
| 7/11/2007 | 2006 | 656,059 | 330,000 | 326,059 | 13,450 | 339,509 |
| 9/15/2007 | 2005 | 1,146,738 | 1,146,738 | - | - | - |
| 10/11/2007 | 2006 | 656,059 | 330,000 | 326,059 | 6,725 | 332,784 |
| 1/17/2008 | 2006 | 656,059 | 330,000 | 326,059 | - | 326,059 |
| | | | | | | 1,344,586 |

1. Interest is credited to 1/18/2008 based on the plan rate. Interest was credited on a compound basis for each 1/2 month increment.

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Fiduciary Counselors Inc. as independent fiduciary for Packard Hughes Interconnect Bargaining Retirement Plan | X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br><br>Nell Hennessy        William Schorling<br>700 12th Street N.W.    Buchanan Ingersoll & Rooney PC<br>Suite 700        1835 Market Street, 14th Floor<br>Washington, DC 20005    Philadelphia, PA 19103-2985<br><br>Telephone number: (202) 558-5141      (215) 665-8700 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>X Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: | THIS SPACE IS FOR COURT USE ONLY |
| | Check here<br>if this claim ☐ replaces<br>        X amends a previously filed claim, dated: July 28, 2006 |

1. **Basis for Claim**
   - ☐ Goods sold
   - X Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - X Other  See attached Addendum

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #:_____
     Unpaid compensation for services performed
     from _____ to _____
          (date)              (date)

2. **Date debt was incurred:**
   See attached Addendum

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $    See attached Addendum
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   (unsecured)   (secured)   (priority)   (Total)

   X  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.      See attached Addendum

5. **Secured Claim.**

   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
        ☐ Other _____

   Value of Collateral: $_____

   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

6. **Unsecured Nonpriority Claim** $  See attached Addendum

   ☐  Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**

   X Check this box if you have an unsecured priority claim
      Amount entitled to priority $  See attached Addendum

   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   X Contributions to an employee benefit plan - 11 U.S § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
   X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
   * Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-days limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>1/15/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Nell Hennessy, President & CEO, Fiduciary Counselors Inc. |
|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                    )
                                          )    Chapter 11
                                          )
DELPHI CORPORATION, et al.,               )    Case No. 05-44481 (RDD)
                                          )
              Debtors.                    )    Jointly Administered
                                          )
_____   )

## ADDENDUM TO AMENDED PROOF OF CLAIM

Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

Packard Hughes Interconnect Bargaining Retirement Plan (the "Plan"), in support of its

Amended Proof of Claim, states as follows:

Introduction

1.      This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

2.      The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

3.      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan. The Debtors are jointly and severally liable

1

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the IRC.

4.    Fiduciary Counselors submits this Amended Proof of Claim not in its individual capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of Claim on behalf of the Plan.

Contributions Due to the Plan

5.    Under the terms of the Plan, section 412 of the IRC and section 302 of ERISA, the employer is required to make contributions to the Plan.

6.    Fiduciary Counselors has been unable to ascertain the exact amounts due and owing to the Plan. Based on the most recent information available from the Debtors and the Plan's actuaries, it appears that, at a minimum, the Debtors have failed to make required contributions to the Plan in the amount of $1,142,140.00, as set forth in Exhibit "A"[1]. This amount includes interest through January 17, 2008. Interest will continue to accrue after January 17, 2008 and will increase the claim amounts. Additional contributions may be required in the future and Fiduciary Counselors reserves the right to amend this claim to include such future contributions.

7.    This is a claim for legally required contributions that are owed to the Plan and for the claims which are described in paragraph 10 below.

8.    This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-petition contributions as ordinary business expenses, regardless of the total unpaid amount. In

---

[1] In preparing this claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries and information provided by the Debtors.

2

addition, all contributions due under collective bargaining agreements entered into by the employer are entitled to administrative priority under Code § 507(a)(1) until such agreements have been rejected or modified by the Court pursuant to Code § 1113. To the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to priority under Code § 507(a)(4) as contributions arising during the 180 days immediately preceding the petition filing date. Any contributions not entitled to priority are asserted as a general unsecured claim.

9.    The Debtors and Fiduciary Counselors have agreed that since the Plan and related documents are voluminous and are already in the possession of the Debtors, Fiduciary Counselors will not attach them hereto. Such documents are available upon request to the persons listed on the attached Amended Proof of Claim form. Pursuant to a Stipulation dated July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

Reservation of Rights

10.    At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is without sufficient knowledge or information to determine whether additional potential claims arising out of the Plan against one or more of the Debtors exist. In the event that Fiduciary Counselors becomes aware of such information and to the extent that such claims exist, Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the Participants with respect to such claims, including the right to assert such claims in the bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims arising out of the Plan and related documents, claims under ERISA, and related claims against one or more of the Debtors which employ or employed any of the Participants. To the extent such additional claims exist, the amounts of such claims are currently unliquidated. Nothing

3

herein is intended to, or should be construed as, an admission that any and all such claims do not
have administrative priority.

11.   Fiduciary Counselors reserves any and all setoff rights to which the Plan or the
Participants are entitled under 11 U.S.C. § 553 or otherwise.

12.   The Plan expressly reserves the right to amend this Amended Proof of Claim,
including amendment to incorporate additional claims for additional amounts due and to seek the
allowance and payment of certain amounts as administrative expenses.

13.   Nothing contained in this Amended Proof of Claim shall be construed as limiting
the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the
Plan. To the extent that there is a conflict between anything contained in this Amended Proof of
Claim and the Plan, the terms and conditions of the Plan shall govern.

14.   The filing of this Amended Proof of Claim is not (i) a waiver or release of the
rights of Fiduciary Counselors, the Plan or its Participants against any person, entity or property;
(ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction of this
Court with respect to the subject matter of this claim, any objection or other proceeding
commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the
Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to
challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any
objection or other proceeding commenced with respect thereto or any other proceeding
commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the
Participants, or to assert that the reference has already been withdrawn with respect to the subject
matter of this claim, any objection or other proceeding commenced with respect thereto or any
other proceeding commenced in this case against or otherwise involving Fiduciary Counselors,

4

the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or events of default. The Plan and its Participants specifically preserve all of their procedural and substantive defenses and rights with respect to any claim that may be asserted against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

15.    Fiduciary Counselors understands that other entities and individuals, including the Pension Benefit Guaranty Corporation, the UAW and certain individuals may file claims relating to the Plan and amounts due thereunder.

Exhibit "A"

**Delphi Connection Systems**
**Packard-Hughes Interconnect Bargaining Retirement Plan**
**EIN/PN: 33-0595219/002**

### Schedule of Unpaid Employer Contributions as of January 17, 2008

Reporting Date:  1/17/2008
Interest Rate:  8.50%

| Date | Months to Reporting Date | ERISA Quarterly Contribution | Actual Quarterly Contribution | Deficiency | Interest |
|---|---|---|---|---|---|
| 4/13/2007 | 9.0 | 301,984 | 6,063 | 295,921 | 18,671 |
| 7/13/2007 | 6.0 | 301,984 | 6,149 | 295,835 | 12,317 |
| 10/15/2007 | 3.0 | 301,984 | 6,235 | 295,749 | 6,094 |
| 1/15/2008 | 0.0 | 301,984 | 84,431 [1] | 217,553 | 0 |

<sup></sup>[1] Expected

| | |
|---|---|
| Cumulative Deficiency: | 1,105,058 |
| Cumulative Interest: | 37,082 |
| Unpaid Balance w/Interest: | 1,142,140 |

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

**AMENDED PROOF OF CLAIM**

Name of Debtor
Delphi Corporation

Case Number
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Fiduciary Counselors Inc. as independent fiduciary for Packard Hughes Interconnect Non-Bargaining Retirement Plan

Name and address where notices should be sent:

Nell Hennessy                    William Schorling
700 12th Street N.W.             Buchanan Ingersoll & Rooney PC
Suite 700                        1835 Market Street, 14th Floor
Washington, DC 20005             Philadelphia, PA 19103-2985

Telephone number: (202) 558-5141    (215) 665-8700

X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

X Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces
X amends a previously filed claim, dated: 7/28/06

**1. Basis for Claim**
☐ Goods sold
X Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
X Other See attached Addendum

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date debt was incurred:**
See attached Addendum

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $** See attached Addendum
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
(unsecured) (secured) (priority) (Total)

X Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. See attached Addendum

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** See attached Addendum
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
X Check this box if you have an unsecured priority claim
Amount entitled to priority $ See attached Addendum
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
X Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

2009 JAN 16  A 11: 21
U.S. BANKRUPTCY COURT S.D.N.Y. FILED

Date 1/15/08

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Nell Hennessy, President & CEO, Fiduciary Counselors Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:  .                       )

                             )      Chapter 11

                             )

DELPHI CORPORATION, et al.,     )      Case No. 05-44481 (RDD)

                             )

          Debtors.        )      Jointly Administered

                             )

## ADDENDUM TO AMENDED PROOF OF CLAIM OF CREDITOR

Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

Packard Hughes Interconnect Non-Bargaining Retirement Plan (the "Plan"), in support of its

Amended Proof of Claim, states as follows:

Introduction

     1.     This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

     2.     The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

     3.     Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan. The Debtors are jointly and severally liable

1

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the IRC.

4. Fiduciary Counselors submits this Amended Proof of Claim not in its individual capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of Claim on behalf of the Plan.

Contributions Due to the Plan

5. Under the terms of the Plan, section 412 of the IRC and section 302 of ERISA, the employer is required to make contributions to the Plan.

6. The Plan was merged with and into and the Packard Hughes Interconnect Foley, Alabama Facility Retirement Plan, effective as of December 31, 2005. Based on the most recent information available from the Debtors and the Plan's actuaries, it appears that, at a minimum, the Debtors have failed to make required contributions to the Plan in the amount of $2,977,925.00, as set forth in Exhibit "A"[1]. This amount includes interest through January 17, 2008. Interest will continue to accrue after January 17, 2008 and will increase the claim amounts. Additional contributions may be required in the future and Fiduciary Counselors reserves the right to amend this claim to include such future contributions.

7. This is a claim for legally required contributions that are owed to the Plan and for the claims which are described in paragraph 10 below.

8. This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-petition contributions as ordinary business expenses, regardless of the total unpaid amount. To

---

[1] In preparing this claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries and information provided by the Debtors.

2

the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to priority under Code § 507(a)(4) as contributions arising during the 180 days immediately preceding the petition filing date. Any contributions not entitled to priority are asserted as a general unsecured claim.

9.    The Debtors and Fiduciary Counselors have agreed that since the Plan and related documents are voluminous and are already in the possession of the Debtors, Fiduciary Counselors will not attach them hereto. Such documents are available upon request to the persons listed on the attached Amended Proof of Claim form. Pursuant to a Stipulation dated July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

Reservation of Rights

10.    At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is without sufficient knowledge or information to determine whether additional potential claims arising out of the Plan against one or more of the Debtors exist. In the event that Fiduciary Counselors becomes aware of such information and to the extent that such claims exist, Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the Participants with respect to such claims, including the right to assert such claims in the bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims arising out of the Plan and related documents, claims under ERISA, and related claims against one or more of the Debtors which employ or employed any of the Participants. To the extent such additional claims exist, the amounts of such claims are currently unliquidated. Nothing herein is intended to, or should be construed as, an admission that any and all such claims do not have administrative priority.

3

11.    Fiduciary Counselors reserves any and all setoff rights to which the Plan or the
Participants are entitled under 11 U.S.C. § 553 or otherwise.

12.    The Plan expressly reserves the right to amend this Amended Proof of Claim,
including amendment to incorporate additional claims for additional amounts due and to seek the
allowance and payment of certain amounts as administrative expenses.

13.    Nothing contained in this Amended Proof of Claim shall be construed as limiting
the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the
Plan. To the extent that there is a conflict between anything contained in this Amended Proof of
Claim and the Plan, the terms and conditions of the Plan shall govern.

14.    The filing of this Amended Proof of Claim is not (i) a waiver or release of the
rights of Fiduciary Counselors, the Plan or their Participants against any person, entity or
property; (ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction
of this Court with respect to the subject matter of this claim, any objection or other proceeding
commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the
Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to
challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any
objection or other proceeding commenced with respect thereto or any other proceeding
commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the
Participants, or to assert that the reference has already been withdrawn with respect to the subject
matter of this claim, any objection or other proceeding commenced with respect thereto or any
other proceeding commenced in this case against or otherwise involving Fiduciary Counselors,
the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or
future defaults or events of default. The Plan and its Participants specifically preserve all of their

4

procedural and substantive defenses and rights with respect to any claim that may be asserted

against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

15.    Fiduciary Counselors understands that other entities and individuals, including the

Pension Benefit Guaranty Corporation, may file claims relating to the Plan and amounts due

thereunder.

Exhibit "A"

Delphi Connection Systems
Packard-Hughes Interconnect Non-Bargaining Retirement Plan
EIN/PN: 33-0595219/001

Schedule of Unpaid Employer Contributions as of January 17, 2008

Reporting Date:      1/17/2008
Interest Rate:       8.50%

| Date | Months to Reporting Date | ERISA Quarterly Contribution | Actual Quarterly Contribution | Deficiency | Interest |
|---|---|---|---|---|---|
| 4/13/2007 | 9.0 | 892,125 | 142,359 | 749,766 | 47,307 |
| 7/13/2007 | 6.0 | 892,125 | 144,378 | 747,747 | 31,131 |
| 10/15/2007 | 3.0 | 892,125 | 146,398 | 745,727 | 15,365 |
| 1/15/2008 | 0.0 | 892,125 | 251,243 (1) | 640,882 | 0 |

Cumulative Deficiency:        2,884,122
Cumulative Interest:             93,803
Unpaid Balance w/Interest:    2,977,925

(1) Expected

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

Name of Debtor
Delphi Corporation

Case Number
05-44481 (RDD)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Fiduciary Counselors Inc. as independent fiduciary for
Delphi Hourly-Rate Employees Pension Plan

Name and address where notices should be sent:

Neil Hennessy          William Schorling
700 12th Street N.W.   Buchanan Ingersoll & Rooney PC
Suite 700              1835 Market Street, 14th Floor
Washington, DC 20005   Philadelphia, PA 19103-2985

Telephone number: (202) 558-5141    (215) 665-8700

X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

X Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces
X amends a previously filed claim, dated: 7/28/06

**1. Basis for Claim**
☐ Goods sold
X Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
X Other  See attached Addendum

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
      (date)                    (date)

**2. Date debt was incurred:**
See attached Addendum

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $**    See attached Addendum
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

| (unsecured) | (secured) | (priority) | (Total) |
|---|---|---|---|

X Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.    See attached Addendum

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $** See attached Addendum

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
X Check this box if you have an unsecured priority claim
Amount entitled to priority $ See attached Addendum

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
X Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-days limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
S.D.N.Y.  JAN 16  A 11: 21  FILED BANKRUPTCY COURT

Date  1/15/08

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Neil Hennessy, President & CEO, Fiduciary Counselors Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                  )
                                        )    Chapter 11
                                        )
DELPHI CORPORATION, et al.,             )    Case No. 05-44481 (RDD)
                                        )
          Debtors.                      )    Jointly Administered
                                        )

## ADDENDUM TO AMENDED PROOF OF CLAIM OF CREDITOR

Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

Delphi Hourly-Rate Employees Pension Plan (the "Plan"), in support of its Amended Proof of

Claim, states as follows:

Introduction

1.    This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

2.    The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

3.    Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan. The Debtors are jointly and severally liable

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the IRC.

    4.      Fiduciary Counselors submits this Amended Proof of Claim not in its individual capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of Claim on behalf of the Plan.

Contributions Due to the Plan

    5.      Under the terms of the Plan, section 412 of the IRC and section 302 of the ERISA, the employer is required to make contributions to the Plan.

    6.      Fiduciary Counselors has been unable to ascertain the exact amounts due and owing to the Plan. Based on the most recent information available from the Debtors and the Plan's actuaries, and ignoring the conditional funding waivers granted to the Debtors by the IRS for the Plan Years ending September 30, 2006, and September 30, 2007, it appears that, at a minimum, the Debtors have failed to make required contributions to the Plan in the amount of $2,602,171,000.00 as set forth in Exhibit "A"[1]. If the amounts subject to the conditional funding waivers are deducted, the claim amount is $161,939,000.00. However, the conditional funding waivers apply only to contributions required to be made pursuant to ERISA. The Plan also has a contractual claim for amounts required to be paid and these amounts are not affected by the funding waiver. The contractual amount due under the Plan is to be determined in accordance with the formula set for in the Plan documents. Fiduciary Counselors understands that the contractual claim currently has a credit balance.

---

[1] In preparing this amended claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries and information provided by the Debtors.

7.    The amounts set forth above include interest through January 15, 2008.  Interest
will continue to accrue after January 15, 2008 and will increase the claim amounts.  Additional
contributions may be required in the future and Fiduciary Counselors reserves the right to further
amend this amended claim to include such future contributions.

8.    This is a claim for legally required contributions that are owed to the Plan and for
the claims which are described in paragraph 10 below.

9.    This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-
petition contributions as ordinary business expenses, regardless of the total unpaid amount.  To
the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to
priority under Code § 507(a)(4) as contributions arising during the 180 days immediately
preceding the petition filing date.  Any contributions not entitled to priority are asserted as a
general unsecured claim.

10.    The Debtors and Fiduciary Counselors have agreed that since the Plan and related
documents are voluminous and are already in the possession of the Debtors, Fiduciary
Counselors will not attach them hereto.  Such documents are available upon request to the
persons listed on the attached Amended Proof of Claim form.  Pursuant to a Stipulation dated
July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this
case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

Reservation of Rights

11.    At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is
without sufficient knowledge or information to determine whether additional potential claims
arising out of the Plan against one or more of the Debtors exist.  In the event that Fiduciary
Counselors becomes aware of such information and to the extent that such claims exist,

3

Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the

Participants with respect to such claims, including the right to assert such claims in the

bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims

arising out of the Plan and related documents, claims under ERISA, and related claims against

one or more of the Debtors which employ or employed any of the Participants. To the extent

such additional claims exist, the amounts of such claims are currently unliquidated. Nothing

herein is intended to, or should be construed as, an admission that any and all such claims do not

have administrative priority.

      12.    Fiduciary Counselors reserves any and all setoff rights to which the Plan or the

Participants are entitled under 11 U.S.C. § 553 or otherwise.

      13.    The Plan expressly reserves the right to amend this Amended Proof of Claim,

including amendment to incorporate additional claims for additional amounts due and to seek the

allowance and payment of certain amounts as administrative expenses.

      14.    Nothing contained in this Amended Proof of Claim shall be construed as limiting

the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the

Plan. To the extent that there is a conflict between anything contained in this Amended Proof of

Claim and the Plan, the terms and conditions of the Plan shall govern.

      15.    The filing of this Amended Proof of Claim is not (i) a waiver or release of the

rights of Fiduciary Counselors, the Plan or its Participants against any person, entity or property;

(ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction of this

Court with respect to the subject matter of this claim, any objection or other proceeding

commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the

Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to

4

challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any

objection or other proceeding commenced with respect thereto or any other proceeding

commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the

Participants, or to assert that the reference has already been withdrawn with respect to the subject

matter of this claim, any objection or other proceeding commenced with respect thereto or any

other proceeding commenced in this case against or otherwise involving Fiduciary Counselors,

the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or

future defaults or events of default. The Plan and its Participants specifically preserve all of their

procedural and substantive defenses and rights with respect to any claim that may be asserted

against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

16.     Fiduciary Counselors understands that other entities and individuals, including the

Pension Benefit Guaranty Corporation, may file claims relating to the Plan and amounts due

thereunder.

Exhibit "A"

# DELPHI CORPORATION

Summary of Unpaid Contributions - with Interest as of January 15, 2008

Results Ignore Conditional Waivers Granted for Plan Years Ending 9/30/06 and 9/30/07 (HPP Only)

Hourly-Rate Employees Pension Plan (38-3430473/003)

| Date | Plan Year | Required | Paid | Unpaid | Interest to 01/15/2008 | Unpaid Balance Including Interest |
|---|---|---|---|---|---|---|
| 9/30/2005 | 2004 | 116,174,000 | - | 116,174,000 | 23,882,000 | 140,056,000 |
| 1/13/2006 | 2005 | 205,861,000 | 26,132,000 | 179,729,000 | 31,852,000 | 211,581,000 |
| 4/14/2006 | 2005 | 205,861,000 | 26,674,000 | 179,187,000 | 27,498,000 | 206,685,000 |
| 7/14/2006 | 2005 | 205,861,000 | 27,216,000 | 178,645,000 | 23,255,000 | 201,900,000 |
| 10/12/2006 | 2005 | 205,861,000 | 27,758,000 | 178,103,000 | 19,120,000 | 197,223,000 |
| 1/11/2007 | 2006 | 253,419,000 | 16,879,000 | 236,540,000 | 20,106,000 | 256,646,000 |
| 4/12/2007 | 2006 | 253,419,000 | 17,121,000 | 236,298,000 | 14,909,000 | 251,207,000 |
| 6/15/2007 | 2005 | 145,204,000 | - | 145,204,000 | 7,077,000 | 152,281,000 |
| 7/11/2007 | 2006 | 253,419,000 | 17,361,000 | 236,058,000 | 9,828,000 | 245,886,000 |
| 10/15/2007 | 2006 | 253,419,000 | 17,601,000 | 235,818,000 | 4,859,000 | 240,677,000 |
| 1/15/2008 [2] | 2007 | 514,856,000 | 16,829,000 | 498,029,000 | - | 498,029,000 |
| | | | | | | 2,602,171,000 |

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | AMENDED PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| Delphi Corporation | 05-44481 (RDD) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Fiduciary Counselors Inc. as independent fiduciary for Delphi Corporation Retirement Program for Salaried Employees | X Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br><br>Nell Hennessy   William Schorling<br>700 12th Street N.W.   Buchanan Ingersoll & Rooney PC<br>Suite 700   1835 Market Street, 14th Floor<br>Washington, DC 20005   Philadelphia, PA 19103-2985 | □ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>X Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: (202) 558-5141   (215) 665-8700 | |

| Account or other number by which creditor identifies debtor: | Check here if this claim □ replaces   X amends a previously filed claim, dated: 7/28/06 | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

**1. Basis for Claim**
- □ Goods sold
- X Services performed
- □ Money loaned
- □ Personal injury/wrongful death
- □ Taxes
- X Other  See attached Addendum

- □ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- □ Wages, salaries, and compensation (fill out below)
  - Last four digits of SS #: _____
  - Unpaid compensation for services performed
  - from _____ to _____
  - (date)   (date)

**2. Date debt was incurred:**
See attached Addendum

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $**   See attached Addendum
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

|  | (unsecured) | (secured) | (priority) | (Total) |
|---|---|---|---|---|

**X** Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.  See attached Addendum

**5. Secured Claim.**

□ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- □ Real Estate  □ Motor Vehicle
- □ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $** See attached Addendum

□ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**

X Check this box if you have an unsecured priority claim
Amount entitled to priority $  See attached Addendum

Specify the priority of the claim:
- □ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- X Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- □ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6).
- □ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- □ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- X Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-days limits apply to cases filed on or after 4/20/05. Pub. L. 109-8*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

2008 JAN 16 A 11: 21
S.D.N.Y.
FILED BANKRUPTCY COURT

| Date<br><br>1/15/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Nell Hennessy, President & CEO, Fiduciary Counselors Inc. |
|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:                                          )
                                                )       Chapter 11
                                                )
DELPHI CORPORATION, et al.,                     )       Case No. 05-44481 (RDD)
                                                )
                Debtors.                        )       Jointly Administered
                                                )
_____                 )

### ADDENDUM TO AMENDED PROOF OF CLAIM OF CREDITOR

      Fiduciary Counselors Inc. ("Fiduciary Counselors"), as Independent Fiduciary for the

Delphi Retirement Program for Salaried Employees (the "Plan"), in support of its Amended

Proof of Claim, states as follows:

Introduction

      1.    This Addendum to Amended Proof of Claim is an addendum to, and shall be

deemed to be a part of and incorporated by reference in, the attached Amended Proof of Claim of

the Plan filed by Fiduciary Counselors as Independent Fiduciary of the Plan.

      2.    The Plan is an employee benefit plan within the meaning of Bankruptcy Code

section ("Code §") 507(a)(4).

      3.    Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are

all members of Delphi's control group as defined in section 412(c)(11)(B)(ii) of the Internal

Revenue Code, 26 U.S.C. § 1 et. seq., as amended (the "IRC") and section 302(c)(11)(B)(ii) of

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended

("ERISA") whose employees participate in the Plan. The Debtors are jointly and severally liable

1

for contributions to the Plan pursuant to ERISA section 302(c)(11) and section 412(c)(11) of the
IRC.

    4.      Fiduciary Counselors submits this Amended Proof of Claim not in its individual
capacity but solely in its capacity as the Independent Fiduciary for the Plan. As the appointed
independent fiduciary charged with assuring that the Debtors fulfill their obligations to make
legally required contributions to the Plan, Fiduciary Counselors is filing this Amended Proof of
Claim on behalf of the Plan.

<u>Contributions Due to the Plan</u>

    5.      Under the terms of the Plan, section 412 of the IRC and section 302 of the
ERISA, the employer is required to make contributions to the Plan.

    6.      Fiduciary Counselors has been unable to ascertain the exact amounts due and
owing to the Plan. Based on the most recent information available from the Debtors and the
Plan's actuaries, and ignoring the conditional funding waiver granted to the Debtors by the IRS
for the Plan Year ending September 30, 2006, it appears that, at a minimum, the Debtors have
failed to make required contributions to the Plan in the amount of $882,694,000.00 as set forth in
Exhibit "A"[1]. If the amounts subject to the conditional funding waiver are deducted, the claim
amount is $187,848,000.00. This amount includes interest through January 15, 2008. Interest
will continue to accrue after January 15, 2008 and will increase the claim amounts. Additional
contributions may be required in the future and Fiduciary Counselors reserves the right to further
amend this amended claim to include such future contributions.

    7.      This is a claim for legally required contributions that are owed to the Plan and for
the claims which are described in paragraph 10 below.

---

[1] In preparing this amended claim, the Plan has relied upon reports and calculations provided by the Plan's actuaries
and information provided by the Debtors.

2

8.       This claim is entitled to priority under Code §§ 503(b) and 507(a)(1) for post-petition contributions as ordinary business expenses, regardless of the total unpaid amount. To the extent these claims are not priority claims under Code § 507(a)(1), they are entitled to priority under Code § 507(a)(4) as contributions arising during the 180 days immediately preceding the petition filing date. Any contributions not entitled to priority are asserted as a general unsecured claim.

9.       The Debtors and Fiduciary Counselors have agreed that since the Plan and related documents are voluminous and are already in the possession of the Debtors, Fiduciary Counselors will not attach them hereto. Such documents are available upon request to the persons listed on the attached Amended Proof of Claim form. Pursuant to a Stipulation dated July 21, 2006, and approved by the Court, the filing of this Amended Proof of Claim under this case number shall be deemed to constitute a filing in each of the Debtors' bankruptcy cases.

Reservation of Rights

10.       At the time of the filing of this Amended Proof of Claim, Fiduciary Counselors is without sufficient knowledge or information to determine whether additional potential claims arising out of the Plan against one or more of the Debtors exist. In the event that Fiduciary Counselors becomes aware of such information and to the extent that such claims exist, Fiduciary Counselors files this Amended Proof of Claim to preserve the rights of the Plan, the Participants with respect to such claims, including the right to assert such claims in the bankruptcy proceedings. Fiduciary Counselors further reserves the right to file additional claims arising out of the Plan and related documents, claims under ERISA, and related claims against one or more of the Debtors which employ or employed any of the Participants. To the extent such additional claims exist, the amounts of such claims are currently unliquidated. Nothing

3

herein is intended to, or should be construed as, an admission that any and all such claims do not have administrative priority.

11.    Fiduciary Counselors reserves any and all setoff rights to which the Plan or the Participants are entitled under 11 U.S.C. § 553 or otherwise.

12.    The Plan expressly reserves the right to amend this Amended Proof of Claim, including amendment to incorporate additional claims for additional amounts due and to seek the allowance and payment of certain amounts as administrative expenses.

13.    Nothing contained in this Amended Proof of Claim shall be construed as limiting the rights, remedies and interests of Fiduciary Counselors, the Plan, or the Participants in the Plan. To the extent that there is a conflict between anything contained in this Amended Proof of Claim and the Plan, the terms and conditions of the Plan shall govern.

14.    The filing of this Amended Proof of Claim is not (i) a waiver or release of the rights of Fiduciary Counselors, the Plan or its Participants against any person, entity or property; (ii) a consent by Fiduciary Counselors, the Plan, or the Participants to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors, the Plan, or the Participants, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Fiduciary Counselors,

4

the Plan, or the Participants; (iv) an election of remedy; or (v) a waiver of any past, present or future defaults or events of default. The Plan and its Participants specifically preserve all of their procedural and substantive defenses and rights with respect to any claim that may be asserted against the Plan or the Participants by the Debtors or by any trustee for the Debtors' estates.

15.     Fiduciary Counselors understands that other entities and individuals, including the Pension Benefit Guaranty Corporation, may file claims relating to the Plan and amounts due thereunder.

5

Exhibit "A"

# DELPHI CORPORATION
## Summary of Unpaid Contributions - with Interest as of January 15, 2008
### Results Ignore Conditional Waivers Granted for Plan Year Ending 9/30/06

### Retirement Program for Salaried Employees (38-3430573/001)

| | | Contributions | | | Interest to | Unpaid Balance |
| Date | Plan Year | Required | Paid | Unpaid | 01/15/2008 | Including Interest |
|---|---|---|---|---|---|---|
| 9/30/2005 | 2004 | 56,660,000 | - | 56,660,000 | 11,648,000 | 68,308,000 |
| 1/13/2006 | 2005 | 91,269,000 | 30,763,000 | 60,506,000 | 10,723,000 | 71,229,000 |
| 4/14/2006 | 2005 | 91,269,000 | 31,202,000 | 60,067,000 | 9,218,000 | 69,285,000 |
| 7/14/2006 | 2005 | 91,269,000 | 31,641,000 | 59,628,000 | 7,762,000 | 67,390,000 |
| 10/12/2006 | 2005 | 91,269,000 | 32,081,000 | 59,188,000 | 6,354,000 | 65,542,000 |
| 1/11/2007 | 2006 | 110,932,000 | 31,827,000 | 79,105,000 | 6,724,000 | 85,829,000 |
| 4/12/2007 | 2006 | 110,932,000 | 32,282,000 | 78,650,000 | 4,962,000 | 83,612,000 |
| 6/15/2007 | 2005 | 71,612,000 | - | 71,612,000 | 3,490,000 | 75,102,000 |
| 7/11/2007 | 2006 | 110,932,000 | 30,225,000 | 80,707,000 | 3,360,000 | 84,067,000 |
| 10/15/2007 | 2006 | 110,932,000 | 30,643,000 | 80,289,000 | 1,654,000 | 81,943,000 |
| 1/15/2008 2 | 2007 | 157,501,000 | 27,114,000 | 130,387,000 | - | 130,387,000 |
| | | | | | | 882,694,000 |

Notes:

1. Interest is credited to 01/15/2008 based on the plan rate, 6.50%. Interest was credited on a compound basis for each 1/2 month increment.

2. Contributions (required and paid) for the 2007 plan year are estimated based on 10/1/2006 census data and valuation results. These numbers will be updated once the 10/1/2007 valuation becomes available.

Watson Wyatt Worldwide