Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowing Green
New York, NY 10004 -1408

FAX   914-390-4073 White Plains, NY

Frank Aparo
103 Southern Pointe Drive
Madison, Alabama 35758
Employee of Delphi Steering Athens, Alabama

In the simplest terms, I have a legal, enforceable contract entered into during bankruptcy. I expect it to be fulfilled by Delphi, as it has been fulfilled by me as the Consolidation Manager of the Halfshaft Product Line. My severance payments were provided in exchange for my waiver of certain rights via the Release of Claims. Here are my points of objection:

1) Severance payment entitlement is by <u>contract</u> (Separation Agreement).

2) Employees waived certain rights (Release of Claims) to receive severance.
   (you provided an item of value to Delphi in exchange for severance payments)

3) The contracts were entered into <u>during</u> bankruptcy.

4) Severance payments are a contract liability (not a Delphi provided benefit).

5) I have a valid / binding / legal contract and I expect it to be honored.

I Frank Aparo signed the release of claims agreement on November 19, 2008 the agreement was witnessed by Harry Fuller and Steve Sloan acting as agents of Delphi. I am scheduled to end employment on June 30th, 2009. I fulfilled the requirements of my contract by executing my portion of our sites closure and I expect to have the contract I signed in November 2008 to be honored. Delphi solicited employees to stay and close the facility and I was selected as one of these employees and I had to agree to stay until my services were no longer needed. I have also attached a copy of my Separation Allowance Plan Release of Claims for Frank Aparo Employee # 1001701

Thanks.

*[signature]*
6/17/09

Judgedrainseverence061709

DELPHI SAGINAW   256 5525781
05-44481-rdd   Doc 17544   Filed 07/02/09   Entered 07/02/09 16:47:25   Main Document
Pg 2 of 4
06/17/09 09:14:11   NO.676   02/04
2 OF 4
COPY

**Delphi Corporation**
**Separation Allowance Plan Release of Claims** FRANK APARO

I have been separated from my employment with Delphi Corporation ("Delphi") effective June 30 (low), 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $134,820, less applicable deductions, to be paid in 24 semi monthly installments commencing on July 1, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _____ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: [signature]

Delphi Identification Number (DIN): 1001701

Dated: 11/19/08

Accepted: Harry L. Fuller 11/19/2008
Delphi Corporation

Revised November 2008

# DELPHI

February 5, 2009

To Delphi U.S. Salaried Employees:

As referenced in the letter distributed today to Delphi's global salaried workforce, Delphi, like others in the automotive sector, continues to face serious challenges created by a weakened global economy and its effect on the automotive industry. U.S. light vehicle sales for 2009 are down roughly 22% from an already slower 2008, and down nearly 40% from volumes experienced at the beginning of this decade. At current forecasts, 2009 U.S. light vehicle sales will reach their lowest level since 1982.

Delphi must respond to these market and economic realities by taking a series of difficult but necessary actions, applicable to U.S. salaried employees.

- The U.S. 2009 merit plan and annual incentive payments (AIP) for eligible executives and U.S. non-executive salaried employees will be suspended in 2009. Suspending these programs in the U.S. and other locations will assist in generating cash flow in 2009.

- Additionally, effective April 1, 2009, Delphi will cease to provide health care and life insurance in retirement to salaried employees and retirees.

   In these extraordinary economic times, it is necessary for Delphi to discontinue these benefits in order to work towards further modifications to its plan of reorganization that will enable the company to emerge from chapter 11 reorganization as soon as practicable. Delphi acknowledges these actions will impose a real hardship on former beneficiaries of these programs. However, the company's recognition of this hardship, which allowed Delphi to continue these benefits in a more robust economic environment, regretfully does not support continuing these programs in the current economic environment.

   On February 4, 2009, Delphi filed a motion with the U.S. Bankruptcy court regarding the aforementioned benefits in retirement. The benefits are generally referred to as Other Post Employment Benefits (OPEB). You will receive a copy of the motion in the mail at your home address. A copy of the motion can also be found on www.delphidocket.com. Any responses to the motion will need to be filed with the Bankruptcy Court no later than February 17, 2009.

   The change does not impact active employees hired prior to January 1, 1993 until they retire. Active employees who were hired after January 1, 1993 but prior to January 1, 2001 will no longer receive the 1% Corporate contribution made into their 401(k) account in lieu of health and life coverage in retirement. Employees hired on or after January 1, 2001 are not affected by this change because they did not have any health or life coverage in retirement based upon their date of hire. Effective April 1, 2009, current and future retirees will have access to Delphi coverages but will be required to pay the full cost of coverages continued. Impacted retirees will be notified of these changes in a separate communication and will be provided the information about continuing their coverages at their own expense. Questions about this change and/or the ability to purchase alternative coverage may be directed to the National Benefits Center at 1-866-335-7444.

World Headquarters and Customer Center  5725 Delphi Drive  Troy, MI 48098-2815  USA

Page 2

- In December 2008, Delphi advised U.S. salaried employees that the Separation Allowance Plan severance schedule would be changed to cap at 6 months based upon length of service. The March 1, 2009 implementation date accommodated previously approved commitments to employees (e.g. specific wind down situations). Additionally, the date was based upon our projected customer volumes and workforce reduction plans at that time. However, rapidly deteriorating business conditions make it necessary to apply the new schedule to all classified salaried employees who were provided release of claims agreements after January 5, 2009.

- Effective January 1, 2009, all vacations will vest on a month-to-month basis. Employees who retire or separate from service will be eligible only for prorated vacation days prior to their last day of work based upon their date of separation in the calendar year. This change will be reflected in all Separation Allowance Plan documents presented to employees beginning today.

- Service Awards will be suspended until further notice. At the point in time Delphi is able to reinstate this program, missed anniversary dates during the suspended period will be recognized.

- Cash payments ($50) to be made in May 2009 to employees who completed Health Risk Assessment Questionnaires will be suspended until further notice. This suspension includes employees who have already completed forms.

Delphi is among many companies throughout the world examining all policies, compensation and benefits in response to a weakened global economy. This week, Delphi employees in all regions of the world are being advised of similar changes affecting their site, country or region.

In this dynamic environment, it is possible that additional cost cutting measures will be necessary in response to changing business conditions; in that event, we will do our best to notify you as early as we can if and when further measures are needed. Except as otherwise directed, should you have questions about this letter or the information provided, please contact your local HR department.

We regret that these changes are necessary, but please understand the changes are only implemented after careful consideration of many factors, including the impact on Delphi people. We believe these changes are necessary to exit bankruptcy and maintain a viable global business.

Sincerely,

John D. Sheehan
Vice President and CFO
Delphi

Kevin M. Butler
Vice President Human Resources
Delphi

World Headquarters and Customer Center 5725 Delphi Drive Troy, MI 48098-2815 USA