Honorable Judge Robert D. Drain

Re: Docket number 05-44481 (RDD)

Dear Judge Drain,

I would like to voice my objection to the Delphi, June 1, 2009, Master Disposition Agreement, Article 9.5.11, which declares severance payments will be terminated upon closing date.

My points of objection are:
1. Severance payment entitlement is by signed contract by a Human Resource representative and myself effective December 2008.
2. Employees waived certain rights to receive severance.
3. The contract was entered into **during bankruptcy**.
4. Severance payments are not a contract liability, not a Delphi benefit.
5. I have a valid binding legal contract and I expect it to be honored.

I have worked for GM / Delphi for over 40 years as a dedicated Salaried Senior Manufacturing Project Engineer. I have most recently worked on closing the Delphi Steering Athens, Ala. Site. The timing and closure of this site is highly beneficial to Delphi as it progressed through bankruptcy. Through out the product build outs costs are being reduced while not affecting the customer's quality and deliveries.

During bankruptcy, on this site, many critical salaried employees signed a legal enforceable contract for one year's severance. I expected this severance payment to be fulfilled by Delphi as my obligation to help close the site was fulfilled by me. My severance payments were to be provided in exchange for my waiver of certain rights via the Release of Claims.

I had planned to use the severance to provide tuition for my Son's college and for family medical expenses that will be incurred after retirement, due to Delphi canceling the salaried retirement health care plans. Also to supplement my retirement by any pending pension reduction by the PBGC.

In closing, I would like to thank the court for observing my strenuous objection to severance termination on the Athens, Ala. Site.

Sincerely,

Michael Keith Uptigrove
Senior Project Manufacturing Engineer
804 Siena Vista
Madison, Ala. 35758