June 12, 2009

Daniel P. McCarthy
4509 Sharon Dr.
Lockport, NY 14094 -1313
phone (716) 434-9820
email dp.mccarthy@yahoo.com

Honorable Robert D. Drain
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004-1408
phone (212) 668-2870

**Docket No. 05 44481**

Subject  **Objection to Master Disposition Agreement Article 9.5.11 (salaried severance payment termination) and Plan Modification Motion**

Dear Judge Drain,

I am a February 1, 2009 Delphi salaried retiree with twelve month severance payment entitlement. I strongly object to termination of severance payments per Article 9.5.11 of the June 1st Master Disposition Agreement. Per this article of the agreement, severance payments will be terminated upon emergence. Delphi believes severance payment liability represents a pre-petition claim. I contend there is no legal standing for this belief. I contend severance payment liability represents a contract liability, created during bankruptcy, and unable to be terminated via bankruptcy.

Severance payments to retirees or employees were granted by Separation Agreements (contracts) entered into 3Q / 4Q 2008 or 1Q / 2Q 2009. The contracts were entered into _during bankruptcy, and after the date excluding pre-petition claims_. These agreements are contracts between Delphi and the employee. The employee is granted severance payments by Delphi in exchange for a Release of Claims (waiver of certain rights) granted by the employee to Delphi.

Only a _severance policy_ existed pre-petition. Severance payment liability did not exist until the contracts (Separation Agreements) were entered into between Delphi and the employee. The effective date of the contract would be the retirement or separation date of the employee. Severance payment liabilities <u>are not</u> pre-petition claims. Severance payments are a contract liability (perhaps administrative claims?). Severance payments <u>are not</u> an employer provided benefit, since the employee provided a Release of Claims to Delphi in exchange for the severance payments.

page 1 of 2

As a layman, I am unable to argue bankruptcy law or contract law. However, <u>I contend I have an enforceable contract, and I further contend I am entitled to 100% of severance payments per that contract</u>.

Also, note that termination of severance payments affects only a small subset of the ~7,500 salaried retirees, perhaps 5% to 10%. All salaried retirees have suffered the loss of employer paid, post employment benefits, and will suffer reductions of 25% to 75% of pension benefits upon transfer of the pension plan to the PBGC. For the subset affected, severance payments are the only item yet to be taken from salaried retirees.

The subset includes only retirees who receive semi-monthly severance payments *and* retired in 2009. Those who retired in 2008 received the full severance entitlement via a lump sum payment. Personally, 6.5 months of my 12.0 month severance entitlement would be terminated by Article 9.5.11. These payments due to me and to other affected retirees are important to our financial and emotional health. These further points help place severance payment liability in context.

1) Only 2009 retirees (and separated employees) are affected.

2) The liability is of limited duration (~July 2009 thru ~May 2010).

3) The monthly liability declines over its limited duration.

4) Total liability avoided by severance termination is exceedingly low vs. other salaried retiree and employee liability already terminated or reduced, and vs. other elements of the emergence plan.

It is incomprehensible to me that Delphi emergence is dependent upon termination of perhaps $10M - $15M of severance payments. Delphi simply seeks to avoid another liability to salaried retirees and employees. Again, I contend I have a legal, enforceable contract, and I expect that contract to be fulfilled by Delphi. I have fulfilled it. I am hopeful bankruptcy and contract law clearly supports my contentions. If the law is unclear, then let morality, ethics, and integrity prevail on behalf of those entitled to 100% of severance payments.

Thank you.

Best Regards,

*Daniel P. McCarthy* (signature)

Daniel P. McCarthy

page 2 of 2