SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
       In re                                                 :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
                                                             :    (Jointly Administered)
              Debtors.                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b)
AND FED. R. BANKR. P. 9018 FOR ORDER AUTHORIZING
DEBTORS TO FILE CERTAIN EXHIBITS AND SCHEDULES
TO MASTER DISPOSITION AGREEMENT WITH GM
COMPONENTS HOLDINGS, LLC, GENERAL MOTORS
CORPORATION, AND PARNASSUS HOLDINGS II, LLC UNDER SEAL

("SUPPLEMENTAL MDA SEALING APPLICATION")

On June 1, 2009, Delphi Corporation ("Delphi") and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), filed the (A) Supplement To Motion For Order (I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Request To Set Administrative Expense Claims Bar Date And Alternative Sale Hearing Date (Docket No. 16646) (the "Modification Procedures Motion").  Attached as Exhibit 1-A-1 to the Motion were exhibits to the Debtors' First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), including the Master Disposition Agreement (the "MDA") among the Debtors and GM Components Holdings, LLC, General Motors Corporation, and Parnassus Holdings II, LLC (collectively, the "Buyers," and together with the Debtors, the "Parties").

    On June 15, 2009, the Debtors filed an Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Debtors To File Certain Exhibits And Schedules To Master Disposition Agreement With GM Components Holdings, LLC, General Motors Corporation, And Parnassus Holdings II, LLC Under Seal (the "Original MDA Sealing Application") (Docket No. 17014),[1] seeking limited relief to protect sensitive information contained in certain exhibits and schedules to the MDA (collectively, the "Original Exhibits and Schedules").[2]  By this supplement to the Original MDA Sealing Application (the "Supplemental MDA Sealing Application"), the Debtors seek additional authority to file under seal certain exhibits and schedules that were completed after the Debtors filed the Original MDA Sealing Application (collectively with the Original Exhibits and Schedules, the "Exhibits and Schedules").  All of the Exhibits and Schedules proposed to be filed under seal are identified on

---

[1]   As of the date of this application, the court has not yet ruled on the Original MDA Sealing Application.

[2]   The Original Exhibits and Schedules included certain ancillary agreements to the MDA, which agreements the Debtors no longer seek to file under seal.

2

Attachment 1 to the proposed order submitted herewith.[3]  In furtherance of the relief sought, the Debtors respectfully represent as follows:

Background

A. The Chapter 11 Filings

    1. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

    2. No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.

    3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

    4. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. Exhibits And Schedules To MDA To Be Filed Under Seal

    5. Pursuant to the Modification Procedures Motion, the Debtors sought approval of certain modifications to the Debtors' first amended reorganization plan that this Court confirmed on January 25, 2008 (the "Modified Plan").  The MDA is annexed to and forms

---

[3] Exhibits and Schedules that were not Original Exhibits and Schedules are marked with an asterisk.

3

a part of the Modified Plan.[4]  A final hearing on the Modified Plan, including the MDA, is scheduled for July 23, 2009.

      6.    The Exhibits and Schedules include:  schedules of certain assets held by certain of the Debtors' business units, information related to new business opportunities and extensions of existing contracts, information relevant to certain pending transactions, and employee information.  The Exhibits and Schedules form an integral part of the MDA, and the terms of the Exhibits and Schedules have been heavily negotiated.

Relief Requested

      7.    By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Exhibits and Schedules under seal.

Basis For Relief

      8.    The Exhibits and Schedules contain highly sensitive information which, if publicly disclosed, could detrimentally affect the Parties.  The Exhibits and Schedules contain detailed proprietary information describing the business affairs of each of the Parties and the relationships among the Parties, which the Debtors believe to be information of a type that is not typically disclosed to the public or made available in the automotive industry.  Because information of this type is usually a well-guarded secret, any disclosure of such information would put the Parties at a disadvantage vis-à-vis their respective competitors in this extremely competitive business.  In light of the sensitive nature of the subject matter of the Exhibits and Schedules, section 14.22 of the MDA provides that the Parties will use commercially reasonable efforts to obtain an order of this Court approving the relief requested herein.  Thus, the MDA itself reflects that it is of the utmost importance to the Debtors and the Buyers that the sensitive

---

[4]   Further descriptions of the proposed modifications are contained in the Supplement to the Disclosure Statement approved by this Court by order entered June 16, 2009 (Docket No. 17032).

4

terms of the Exhibits and Schedules be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or the Buyers in the marketplace.

9. The relief sought in the Original MDA Sealing Application and this Supplemental MDA Sealing Application will not in any way alter or impede the bidding process this Court has approved with respect to the MDA. Indeed, all of the Schedules and Exhibits will be provided to qualified bidders and the DIP Lenders in accordance with the Supplemental Procedures this Court has established.[5]

10. Additionally, disclosure of the terms contained in the Exhibits and Schedules is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) whether the Debtors may enter into the MDA remains subject to this Court's approval and (b) the Debtors are prepared to provide complete copies of the Exhibits and Schedules to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, and (iii) such other parties as may be ordered by this Court or as otherwise appropriate after imposition of appropriate confidentiality provisions or as may be agreed to in writing by the Debtors and the Buyers.

11. After evaluating whether they could effectively redact the Exhibits and Schedules, the Parties concluded that redaction was not appropriate because the amount of redaction required would not permit parties-in-interest to conduct a meaningful review of the Exhibits and Schedules. In addition, the Parties believe that heavily redacted versions of the Exhibits and Schedules could be misleading. Accordingly, the Debtors and the Buyers believe that filing redacted versions of the Exhibits and Schedules would not serve the interests of the Debtors' estates or other parties-in-interest.

---

[5] See Supplemental Modification Procedures Order (Docket No. 17376) and Modification Procedures Order (Docket No. 17032).

Applicable Authority

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  That section provides, in relevant part:

On request of a party in interest, the bankruptcy court shall . . . –

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 defines the procedures by which a party may seek relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

14. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id. at 28.  The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

15. Here, there is good cause for the relief requested.  The Exhibits and Schedules contain sensitive commercial and financial information, the disclosure of which would be harmful to the Parties.  Such information qualifies as "[confidential research, development,

6

or] commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Debtors to file the Exhibits and Schedules with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the Exhibits under seal.

Notice Of Application

16.     Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in accordance with the  Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 1, 2009 (Docket No. 16589).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)(B) so that the Debtors may promptly file the Exhibits and Schedules under seal.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Exhibits and Schedules under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
July 3, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

    By:  /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

           - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

8