June 22, 2009

The Honorable Robert D. Drain
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408

Subject: Docket Number 05-44481 (RDD) / Delphi Master Disposition Agreement Article 9.5.11

Dear Honorable Judge Drain,

First of all, I want to comment that I have the utmost respect and empathy for your position. All the decisions you have to make during a bankruptcy case are no doubt difficult. Your decisions thus far in the Delphi Corporation case (Docket Number 05-44481) have been fair and of course within the current bankruptcy laws with the exception of one. The elimination of the retiree health care benefit last October was harsh; legal but harsh. To burden retirees, who we know are actually General Motors employees who were caught working on the wrong product lines when Delphi was created in 1999, (i.e. automotive components versus the actual vehicles) with this financial stress seemed harsh. Again, legal but harsh.

This brings me to the subject of this note, the Delphi Master Disposition Agreement Article 9.5.11, which will eliminate the current severance payments to recently separated Delphi employees. To allow this article to proceed would not only be unfair but we feel illegal as well. These severance payments are a result of a signed contract between the separated employee and Delphi that occurred obviously while the company was still in bankruptcy. These signed contracts included agreements to give up certain rights in exchange for the severance payments. These binding contracts were a result of the bankruptcy, certainly not a 'pre-petition' expenditure as Delphi is claiming.

I am one of these separated employees that will be directly negatively affected if the severance payments are eliminated. After 26 years with the company, I was asked to leave effective March 31, 2009 with the promise of six months of severance payments. This money is intended to provide for my family as I pursue other employment opportunities. To cut these payments off and re-nig on a binding signed legal contract that I signed in good faith seems beyond reproach.

The request by Delphi to eliminate the current severance payments seems to be in direct conflict with the legal issues of a bankruptcy considering the signed contracts were entered into during the bankruptcy to help sustain the company during its contraction.

Now to cut off my sustenance during my pursuit of new employment seems anything but fair or legal. Please do not agree to let them stop living up to their legal obligations of these severance payments.

Thank you for your consideration on this matter.

Sincerely,

William L. Keller
7785 Lavon St.
Clarkston, MI 48348
Mobile: 810.397.8503
Email: begskeller@aol.com

RECEIVED
JUN 29 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK