Honorable Robert D Drain                                         June 25, 2009
Case Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D Drain,

I – Carolyn B. McDonald - object to the June 16, 2009 (revised) Master Disposition Agreement and severance termination Article 9.5.11 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that the Debtor agreed to pay me and others are clearly <u>Administrative Expenses</u> that were done in conjunction with their plan to close and sell portions of their assets.

I received a **W.A.R.N ACT NOTICE** in 2008 stating that our Plant Home Avenue Operations was being closed on or before December 31, 2008, and my employment would be terminated on or about February 1, 2009.

I was released from Delphi on January 31, 2009 and my effective date was February 1, 2009 with 12 months severance payment per Delphi's procedures that were in effect on October of 2008. During the preparation for my release I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive the severance payment I was required to sign a Release of Claims (R.O.C.) giving up certain rights listed in **Exhibit B**. I was told that if I elected not to sign the release I would not receive the 12 month severance pay. I would only receive one month severance pay. Of course, I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership on October 29, 2008.

I was lead to believe that the Delphi Separation Allowance Plan - **Exhibit A**- was a binding contract between the Debtor and me. I waived certain rights by signing the R.O.C. **Exhibit B** and the Debtor agreed to pay me one year of my base salary. This transaction occurred during the Debtor's bankruptcy process and is not a pre-petition claim. It was signed and agreed to during the normal course of business. The severance payments are a contract liability not a Delphi provided benefit. The attached **Exhibits A and B** are a valid – Binding – legal contract. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to pay me until the contract is fully satisfied.

I signed a contract with Delphi where I gave up certain rights for a severance payment amount. This contract was consummated during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence. I strenuously object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted,

*Carolyn B. McDonald*

Carolyn B. McDonald
Former Delphi Employee
349 Woodland Meadows Dr.
Vandalia, Ohio 45377

RECEIVED
JUN 29 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

3

*EXHIBIT A*


# DELPHI

## Delphi Separation Allowance Plan
## Employee Policy, Benefit and Outplacement Services Information

This material presents general information only and is based on policy and benefit plan provisions in effect as of this date. It is not intended to nor does it provide all details about each program and policy. Complete descriptions of each are contained in official plan documents that are the governing plans over other oral or written statements. Furthermore, Delphi Corporation reserves the right to amend, change, or terminate any program, benefit, or policy at any time. Only the Board of Directors, or its delegate, has this authority. The information contained herein and any specific item described does not imply any guarantee.

*HR contact: Carol Hine    1-318-965-0887*
*Salary Pay Roll: 1 866-875-2793*
*email: salarypayrollcenter@gm.com*

Revised November 2008                                                      Page 1 of 9

*EXHIBIT A*

## POLICY PROVISIONS

### Eligibility
Separation Allowance Plan benefits are payable to U.S. employees compensated as regular or flexible service salaried employees, who are separated from employment as the result of an Eligible Termination which includes without limitation:
- Mutually Satisfactory Release;
- Certain Special Separations which may include:
    - The closing of an office or business location;
    - A reduction in force;
    - Downsizing;
    - Restructuring, reorganization or re-engineering of a business group, unit or department;
    - Job elimination; or
    - Other circumstances Delphi determines which may or may not be characterized as a Limited Program of Terminations

Separation Allowance Plan benefits are not payable in the event of employment termination as a result of:
- Retirement;
- Quit (which includes an employee's failure to accept a suitable offer of employment);
- Discharge (for personal misconduct);
- Voluntary termination of employment unless the termination results from participation in a special incentive separation program which treats the separation as an Eligible Termination.
- Transfers between the Corporation and any of its wholly owned or substantially wholly owned domestic and foreign subsidiaries or other entity owned by Delphi;
- Separation arising out of outsourcing, the sale of a corporate unit, merger or other combination, spin-off, reorganization, liquidation, dissolution, or other winding up involving Delphi where the employee continues or is offered the opportunity to continue employment;
- A court decree;
- Death;
- Release due to unsatisfactory performance while in the Orientation and Development period;
- Final Release.

### Severance Pay
Eligible Employees who <u>do not</u> sign a Release of Claims will be eligible to receive one (1) month's base pay.

Eligible Employees who <u>sign and do not</u> revoke a Release of Claims will be eligible to receive Severance Pay according to the following schedule:

| Length of Service | Months of Severance Pay |
| --- | --- |
| 0 but less than 5 | 3 months |
| 5 but less than 10 | 4 months |
| 10 but less than 15 | 6 months |
| 15 but less than 20 | 8 months |
| 20 but less than 25 | 10 months |
| 25 or more | 12 months |

Severance Pay will be:
- Based on the employee's unbroken length of service, calculated on full, 12 month, years of service.
- Calculated on the last monthly base salary except for those employees returning to "regular active" from "flexible service" status. An Employee who, at the time he or she is notified of their Eligible Termination, was a "flexible service" employee for less than 60 days and who, immediately prior to being classified "flexible service", was a "regular active" employee will be returned to "regular active" status for purposes of determining Severance Pay.
- Paid in semi-monthly payments based on the above table
- Taxable

- Severance Payments will begin the first regularly scheduled payroll following the date of separation if Human Resources received the signed Release of Claims and the seven-day revocation period has expired prior to the payroll processing cutoff. Otherwise, the Severance Payments will begin on the first available payroll processing date following receipt of the signed Release of Claims and expiration of the seven-day revocation period
- Payments may be reduced by any amount owed by the Employee to the Corporation.
- Severance Payments are issued as payroll live check, direct deposit will discontinue

**Other Transition Assistance**
Other Transition Assistance consists of (1) the opportunity to utilize Delphi-provided outplacement services to assist employees in obtaining employment outside the Corporation and (2) a $2,000 payment included in the last regularly scheduled payroll check which the Employee, at his or her discretion, may use toward COBRA health care continuation coverage through Delphi if the employee is not eligible to retire with Corporate contributions for health care in retirement at the time of the separation. Employees who are eligible to retire with corporate contributions for health care in retirement at the time of the separation are not eligible for this $2,000 payment. The local HR Representative will assist in scheduling outplacement service. Use of the outplacement service should commence within sixty days of separation and will generally be limited to six months in duration.

- Eligible Employees who <u>sign</u> a Release of Claims will receive Severance Pay and Other Transition Assistance.
- Eligible Employees who <u>do not</u> sign a Release of Claims will not be eligible for Other Transition Assistance.

**Vacation**
- During Transformation employees impacted by <u>involuntary programs</u> will vest vacation on a monthly basis. Employees may use or receive payment for vacation based on last month worked.  <u>Example</u>: Separation effective 5/1/2008, vacation vested four (4) months or 33.3%. Vacation for an employee with 5 yrs service = 120 hours, (120 x .333=39.96) hours vested, round to nearest whole or 40 hours of entitlement. Employees eligible for the four (4) additional days, (hired before 12/31/2000) will vest under the same criteria above.
- Retirement-eligible employees will receive 100% of their annual vacation entitlement, including additional vacation days (if length of service date is on or before 12/31/2000), if effective date of retirement is on or after March 1. For retirements effective February 1, the maximum allowable vacation days is equal to number of working days for the month of January.
- Employees impacted by the <u>involuntary programs</u> will be allowed to revoke their deductions for purchased days with their final regularly scheduled paycheck. Employees may use or receive payment for days purchased through payroll deductions; however no payment may be received after the plan year. Employees who have used more days than deducted through payroll will have the remaining dollars deducted from their last regularly scheduled paycheck. Vested vacation must be utilized prior to purchase days.

**Company Car Allowance**
- Company car allowances will be discontinued at the end of the pay period in which the last day of work occurred.

**Tuition Assistance**
- Separated employees who have started a class prior to their employment being severed will be able to use Tuition Assistance for the class.
- Separated employees who are not in class prior to their employment being severed may not use Tuition Assistance.

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective ___Feb 1___, 200_9_ under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $_70,000.00_, less applicable deductions, to be paid in _24_ semi monthly installments commencing on __Feb 15__, 200_9_, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _Wendy Hayes_ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _Carolyn B. McDonald_

Delphi Identification Number (DIN): _7481 / 1009437_

Dated: _10/29/08_

Accepted: _Wendy E. Hayes_
Delphi Corporation

