June 26, 2009

Honorable Robert D. Drain
Case Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Subject: Objection to the June 16, 2009 Master Disposition Agreement Article 9.5.11

Honorable Judge Drain,

I strongly object to the June 16, 2009 Master Disposition Agreement, specifically Article 9.5.11 whereby Delphi Corporation plans to terminate remaining severance payments upon Delphi's emergence from bankruptcy.

I was terminated from Delphi on January 31, 2009. Prior to my termination, I signed a contract with Delphi on December 4, 2008 (see document attached). I signed this contract waiving certain legal rights listed in the contract in exchange for 12 months salary payable in 24 semi-monthly installments beginning Feb.15, 2009. I was told that if I elected not to sign the contract, I would not receive the severance pay. I signed the contract in the presence of and witnessed by a Delphi Salaried Personnel representative, with the intent of fulfilling my terms of the contract. I fully expect Delphi to fulfill their terms of the contract. This contract was signed well after Delphi was in bankruptcy and should not be treated as a pre-petition claim. It is not a benefit provided by Delphi. It is payment in exchange for me giving up the rights specified in the contract and it should be fully honored by both parties.

Many of my co-workers were terminated from Delphi (as part of the plant closure) as early as June of 2008. They were given their severance in a lump sum, which was the procedure at the time. I was not released until January of 2009 because Delphi required a few loyal and experienced people to help them wind down and close the plant. Now Delphi wants to break the contract they had with these loyal people since they are of no further use to them. This is wrong.

Your Honor, in conclusion, I respectfully request that you require Delphi Corporation to fully honor their employee separation contracts upon their emergence from bankruptcy.

Respectfully,

Michael A. Eakins

Michael A. Eakins
Formal Delphi Salaried Employee (1979-2009)
3943 Rockfield Dr.
Beavercreek, Ohio 45430

Attachment: Michael A. Eakins' separation contract


RECEIVED
JUN 30 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective ___Feb 1___, 200_9_ under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $_90,000.00_, less applicable deductions, to be paid in _24_ semi monthly installments commencing on ___Feb 15___, 200_9_, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _Wendy E. Hayes_ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _Michael A. Eakins_

Delphi Identification Number (DIN): _100027_

Dated: _12/4/2008_

Accepted: _Wendy E. Hayes_
Delphi Corporation