In re General Motors Securities Litigation
Claims Administrator
P.O. Box 4068
Portland, OR 97208-4068

20471606289

Website: www.gmsecuritiescase.com
Email: info@gmsecuritiescase.com
Toll Free: 1-866-879-0481
International Calls: 1-503-597-7692

**RESPONSE DUE DATE: July 09, 2009**

June 19, 2009

000 0004851 00000000 001 001 04847 INS: 0 0

BARBARA J TOMPKINS
3205 40TH ST W
BRADENTON FL 34205-1230

Claim Number: 161

### Notice of INCOMPLETE Proof of Claim Submission

Dear Claimant:

We have received the Proof of Claim and Release form ("Proof of Claim") submitted by you in connection with the class action litigation entitled In re General Motors Securities and Derivative Litigation, MDL No. 1749 Master Case No. 06-md-1749. Thank you for your submission.

In reviewing your Proof of Claim, we found that it is deficient for the reason(s) listed below:

- Transaction Discrepancy: There is a discrepancy between the number or value of GM Securities you claim to have purchased, acquired and/or sold and the number or value of GM Securities you claimed to have held at the beginning of the Class Period (April 13, 2000) and at the end of the Class Period (March 30, 2006) or the end of the Post-Class Period (June 27, 2006). Remember that Beginning holdings + Purchases and/or Acquisitions - Sales and/or Deliveries = Ending holdings. Please make sure to account for all of your transactions in GM Securities and provide acceptable documentation supporting these transactions.

  Acceptable documentation must include the name of the owner of the account for which you are filing a claim, the name of the broker through whom the security was traded, trade date, number of securities purchased, acquired and/or sold, and price per security (excluding brokers' commissions and fees). Acceptable documentation includes brokers' confirmation slips, account activity pages from brokers' computer printouts (including the front page), or account activity pages from brokers' monthly statements (including the front page), if those statements contain the required information listed above. Letters from your broker are acceptable only if they contain a company letterhead and the required information listed above. Your own records or stock certificates DO NOT constitute acceptable documentation.

  The difference between what you indicated on your Proof of Claim and the supporting documents in your claim is as follows; please provide documentation accounting for this discrepancy:

  | Type of Transaction | Number of Securities |
  | --- | --- |
  | Holdings Difference 3/30/2006 | 42.0000 |
  | Holdings Difference 6/27/2006 | 43.0000 |

- Outside Class Period (REQUIRED): The Proof of Claim form and documents you provided in support of your claim do not prove that you purchased GM Securities, as defined in the Notice, during the Class Period of April 13, 2000 through and including March 30, 2006. To be eligible to participate in this settlement, you must provide proof that you purchased or otherwise acquired GM Securities during the Class Period (April 13, 2000 through March 30, 2006, inclusive). **Failure to cure this deficiency WILL result in the REJECTION of your claim.**



In order to be eligible to share in the settlement proceeds obtained in this action, please correct the deficiencies listed in (each of) the above paragraph(s). Failure to cure the deficiencies listed above **may** result in the rejection of your claim unless otherwise indicated as "REQUIRED" in the above paragraph(s)

Your written response to this letter must be postmarked no later than 20 days from the date of this letter, and should be mailed to the return address listed above. **Please include a copy of this letter with your response and submit any documents that resolve the deficiencies in your claim**. You may also e-mail images of the requested information to us at the email address noted above, please include your name, address, and claim number when responding via email.

If you have any questions, please visit: www.gmsecuritiescase.com or contact the Claims Administrator at the number(s) or email address noted above.

Thank you for your anticipated prompt response.

Very truly yours,

In re General Motors Securities Litigation
Claims Administrator

---

Dear Sirs:

You have the 'Documents' the best that I can do. I inherited my shares from Mother Margaret Martin Smith and they were always re-invested never thinking that Lange & Company could go bankrupt. What a sorry world. Lost around $10,000.00

Barbara Tompkins

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO CERTAIN CLAIMS AND INTERESTS

PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032).

PLEASE TAKE FURTHER NOTICE that under the Modification Procedures Order, the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and the Modified Plan, holders of certain claims or interests under the Modified Plan are not entitled to vote. Specifically, holders of claims to which the Debtors filed an objection to expunge such claims, which objection is still pending ("Disputed Claims"), and holders of claims which were scheduled or filed as contingent ("Contingent Claims"), are not entitled to vote on the Modified Plan. In addition, holders of claims which were previously solicited but which will not receive any recovery under the Modified Plan are deemed to reject the Modified Plan. Accordingly, Classes E, G, and H are deemed to reject the Modified Plan and are not entitled to vote.

PLEASE TAKE FURTHER NOTICE **that your claim or interest is either a Class E Claim, a Class G Claim, a Class H Claim, a Disputed Claim, or a Contingent Claim, and you are accordingly not entitled to vote on the Modified Plan.**

PLEASE TAKE FURTHER NOTICE that if your claim is a Disputed Claim or a Contingent Claim and you disagree with the Debtors' objection to your claim or interest and wish to vote on the Modified Plan, or if you otherwise believe that you should be entitled to vote on the Modified Plan, then you must (a) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Code before **7:00 p.m. (prevailing Eastern time)** on **July 15, 2009** (the "Voting Deadline"), (b) contact Kurtzman Carson Consultants LLC at 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691 (the "Creditor Voting Agent") to obtain a ballot and return the ballot by the Voting Deadline, and (c) timely file and serve a motion ("Rule 3018(a) Motion") under

Bankruptcy Rule 3018(a) for temporary allowance of your claim or interest for purposes of voting. The deadline for filing and serving Rule 3018 Motions is **July 2, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline"); provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection. Rule 3018(a) Motions must be filed with the Clerk of the Court on or before the Rule 3018(a) Motion Deadline and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order.

PLEASE TAKE FURTHER NOTICE that copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at its address set forth above.

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline"). To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of

unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:   New York, New York
         June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
   John Wm. Butler, Jr.
   Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -
   Kayalyn A. Marafioti
   Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

3


Barbara Tompkins
3205 40th St W
Bradenton, Fl
34205-1230