June 23, 2009

Jeffrey A. Ogger
6 Cielo Escondido
Anthony, NM 88021

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, NY 10004-1408

Attn: The Honorable Judge Robert D. Drain

Ref:
DELPHI Corp Case # 05-44481 (RDD) filed October 5, 2005
Objection to the June 16, 2009 Master Disposition Agreement, Article 9.5.11.

Dear Judge Drain:

This letter is to express my objection with Delphi's recent request to the court to terminate the severance payments for those salaried employees recently retired during the bankruptcy AND turning the pensions for approximately 15,000 Delphi Salaried Retirees over to the Pension Benefit Guaranty Corporation (PBGC) at Delphi's emergence date from bankruptcy.

**Please note that this letter is an OBJECTION** to the article that declares that severance payments be terminated upon the closing date (emergence date). I do not accept the severance liability as a pre-petition claim. Severance liability was created in bankruptcy via personal contracts and a Separation Agreement with Release of Claims Form, a contract signed by each retiree.

Most of the recent Delphi salaried retirees were **forced** into retirement. For "retirement eligible" employees; this appears a humane way to be "let go"; however, full pension benefits are not earned until age 62 and very few Delphi salaried employees are allowed to continue their employment to that end. Delphi offered incentive packages in the form of a severance allowance (varying from amount, duration and person) along with the **earned** paid health care benefits, life insurance, and pensions. In my case, I was told that my name was on a list of candidates eligible for retirement and I would be contacted by the personnel department to review my retirement numbers and benefits. I signed the Separation Agreement with Release of Claims Contract on December 2, 2008 thinking it was a good deal for me (based on the numbers) and was something that could help Delphi in their effort to emerge from bankruptcy. I took Delphi's bait and retired after 30 years and 1 month of dedicated service to this company. Nowhere in the Separation Agreement with Release of Claims Contract that I signed did it say that my severance allowance or benefits were negotiable or subject to change **after** I retired. **Severance payments are a contractual liability - not a Delphi provided benefit.** As for the health care termination – this was announced **4 days** into my retirement! At no time during my 30+ year career or during the retirement discussion and decision process with the Delphi's Human Resource Managers and Delphi Management was I ever told verbally or in writing that these benefits would be in jeopardy of being taken away to make Delphi appear more valuable or that they could be canceled after retirement. Throughout Delphi's bankruptcy, retention and preservation of the salary pension fund has been identified as a high priority.

Now that DELPHI is nearing emergence from bankruptcy and after pushing many salaried employees into retirement with the aforementioned commitments - it appears obvious that DELPHI has been planning this unscrupulous motion to cancel the salaried retiree's severance packages and other earned benefits. With this latest DELPHI bombshell, each and every salaried retiree will have a substantial immediate financial hardship. This latest DELPHI motion will have a huge impact on the retirees and their families; it is unrealistic that in the current economy retirees will be successful in securing employment to fund even a portion of the lost pension and benefits. No amount of prior personal planning will soften this blow! My pension will be reduced by more than 50% since I am only 51 years old and the "supplemental" portion until age 62 will not be honored by PBGC.

All Delphi salaried employees with hire-in dates prior to 12/31/2000 have been continuously assured of General Motor's Salaried Pension Plan and subsequently Delphi's plan throughout our entire careers; I was hired in 1977 and was promised a pension and benefits during my entire career and retirement. You are undoubtedly aware of the reduced retirement benefits for salaried employees hired after that 2000 date – those employees were informed, upon their hiring, as their tenure began that there was no expectation of "traditional pension" and ongoing benefits. The employees hired before that 2000 date, like myself, were originally promised full benefits and pension and have been ever since during my entire 30+ year career. Delphi has stipulated hire dates in all communications of benefits, reaffirming the commitment to defined benefit pensions for the salaried employees having service that commenced with General Motors.

Please know that many of those recent retirees promised severance allowances and each of the 15,000 retirees who where expecting their earned pensions will be **ADVERSELY** impacted by this action. The Delphi Salary Retirees are looking to your consideration when making the decisions regarding our concerns.

On behalf of myself and my fellow DELPHI Salaried Retirees, I ask you to REJECT Delphi's motion. Please help extend the same consideration to pension & benefit preservation to us salaried employees that our UAW brethren have enjoyed.

Sincerely yours,

*Jeffrey A. Ogger*

Jeffrey A. Ogger
Delphi Salaried Retiree – Retired February 1, 2009