IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

**AFFIDAVIT OF PUBLICATION OF BLAIR PARKMAN IN THE DETROIT NEWS AND DETROIT FREE PRESS**

# AFFIDAVIT OF PUBLICATION

STATE OF MICHIGAN

COUNTY OF WAYNE

CITY OF DETROIT

I, Blair Parkman, being duly sworn on oath say he/she is and during all times herein stated has been the publisher of the publisher's designated agent in charge of the publication known as

The Detroit News and Detroit Free Press

And has full knowledge of the facts herein stated as follows:

The ad for Delphi was distributed to Publisher's full circulation on the 25th day of June, 2009.

By: [signature]

Subscribed and sworn to before me
this 2nd day of July, 2009.

[signature]
Notary Public

Notary Seal:

MARCIA L YOUNGLOVE
Notary Public - Michigan
Wayne County
My Commission Expires Aug 1, 2010
Acting in the County of Wayne

... (f) any Debtor having a Claim against another Debtor; and (g) any holder of a Claim allowable under ... 503(b)(9) ... section 507(a)(2) ... expense ... Claim allowable under Bankruptcy Code section 503(b)(9)).

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim (including a Section 503(b)(9) Claim) is improperly classified in the Schedules or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules or against a Debtor other than as set forth in the Schedules, must file a proof of claim, or, in the case of holders of Section 503(b)(9) Claims, file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, on or before the General Bar Date or Governmental Bar Date, as applicable. If your Claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your Claim has been scheduled will be indicated on the claim form.

**EXECUTORY CONTRACT AND LEASE REJECTION CLAIMS**

Claims asserted in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to Bankruptcy Code section 365 (a "Rejection Damages Claim") must be asserted by the later of (a) the General Bar Date or the Government Bar Date, as applicable to such Claim or (b) 30 days after the entry date of the Rejection Order unless the order of the Court approving the rejection of the executory contract or unexpired lease provides otherwise.

**OTHER IMPORTANT INFORMATION REGARDING FILING CLAIMS**

If, after the applicable bar date, any of the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have twenty-five (25) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date"). In addition, in the case of affected holders of Section 503(b)(9) Claims, such creditors shall have until the Amended Schedule Bar Date to file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim or amend any previously filed proof of claim or motion seeking payment of their Section 503(b)(9) Claim.

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided, further, however, that any Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

**FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS**

Any Entity asserting Claims (including Section 503(b)(9) Claims if not filing a motion seeking payment of Section 503(b)(9) Claim) against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case. **If (a) more than one Debtor is listed or selected on a proof of claim, (b) there is no reference to any particular Debtor on the proof of claim, or (c) the proof of claim indicates a claim against all of the Debtors, the Claim will be deemed filed only against Hayes Lemmerz International, Inc., Case No. 09-11655 (MFW).**

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

**In accordance with Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, any creditor that is required to file but fails to file a proof of claim for its Claim, or, in the case of holders of Section 503(b)(9) Claims, fails to file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall not be permitted to vote to accept and reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise improperly listed and classified, you must file a proof of claim, or, in the case of holders of Section 503(b)(9) Claims, file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, on or before the General Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim (including a Section 503(b)(9) Claim) or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim (including a Section 503(b)(9) Claim), whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM**

A signed original of any proof of claim, substantially in the form annexed hereto, together with accompanying documentation, must be delivered so as to be received no later than the General Bar Date, the Rejection Bar Date, the Governmental Bar Date or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address: **First-Class Mail Address:** The Garden City Group, Inc., Attn: Hayes Lemmerz International, Inc., P.O. Box 9000 #6531, Merrick, NY 11566-9000, **Hand Delivery or Overnight Courier Address:** The Garden City Group, Inc., Attn: Hayes Lemmerz International, Inc., 105 Maxess Road, Melville, NY 11747

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the Claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a proof of claim or a proof of claim form, you may contact the Debtors' court-appointed claims agent, The Garden City Group, Inc., by email at HayesInfo@gardencitygroup.com. However, please be advised that neither Debtors' counsel nor The Garden City Group, Inc. is permitted to provide you with legal advice. Please contact your own attorney for legal advice. Additional information regarding the Debtors' restructuring is available on the internet at www.hayeslemmerzreorg.com or from Skadden, Arps, Slate, Meagher & Flom LLP, Anthony W. Clark, Kimberly A. LaMaina, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, (302) 651-3000; Skadden, Arps, Slate, Meagher & Flom LLP, J. Eric Ivester, Stephen D. Williamson, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606, (312) 407-0700, *Counsel for the Debtors and Debtors in Possession*

**ANNEX 1 LIST OF DEBTORS AND DEBTORS-IN-POSSESSION**

**DEBTOR (Other names, if any, used by the Debtor in the last 6 years appear in brackets), ADDRESS (15300 Centennial Drive, Northville, MI 48168, unless otherwise noted), CASE NO., EID #:** Hayes Lemmerz International, Inc. [HLI Holding Company, Inc. of Delaware, HLI Holding Company, Inc.], 09-11655 (MFW), 32-0072578, Hayes Lemmerz Finance LLC, 09-11656 (MFW), 98-0537731, Hayes Lemmerz Finance LLC - Luxembourg, S.C.A., Centre Mercure, 5th Floor, 41 avenue de la Gare, 5ème Etage, L-1611, Luxembourg, 09-11657 (MFW), 98-0537731 (USA), 2007 2300 646 (Luxembourg), Hayes Lemmerz International Import, Inc. [Hayes Lemmerz Aftermarket, Inc., Hayes Wheels Aftermarket, Inc., Hayes Wheels, Hayes Wheels International], 09-11659 (MFW), 38-3311655, Hayes Lemmerz International - California, Inc. [Hayes Wheels International - California, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11660 (MFW), 33-0042337, Hayes Lemmerz International - Commercial Highway, Inc., 09-11661 (MFW), 77-0597674, Hayes Lemmerz International - Georgia, Inc. [Hayes Wheels International - Georgia, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11662 (MFW), 58-2046122, Hayes Lemmerz International - Howell, Inc. [Hayes Wheels, Western Wheel, Hayes Lemmerz International - Michigan, Inc., Hayes Wheels International - Michigan, Inc., Hayes Wheels International], 09-11664 (MFW), 38-1799246, Hayes Lemmerz International - Huntington, Inc. [Hayes Lemmerz International - Indiana, Inc., Hayes Wheels International - Indiana, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11665 (MFW), 62-1240825, Hayes Lemmerz International - Kentucky, Inc. [Alumitech], 09-11666 (MFW), 61-1148246, Hayes Lemmerz International - Laredo, Inc. [CMI - Texas, Inc.], 09-11667 (MFW), 74-2418656, Hayes Lemmerz International - New York, Inc., 09-11668 (MFW), 80-0369278, Hayes Lemmerz International - Sedalia, Inc., 09-11669 (MFW), 77-0597670, Hayes Lemmerz International - Technical Center, Inc. [CMI - Tech Center, Inc., CMI - Engineering], 09-11670 (MFW), 38-2257519, Hayes Lemmerz International - Wabash, Inc. [CMI - Wabash Cast, Inc.], 09-11671 (MFW), 38-2170301, HLI Brakes Holding Company, Inc., 09-11672 (MFW), 32-0072575, HLI Commercial Highway Holding Company, Inc., 09-11673 (MFW), 35-2202828, HLI Netherlands Holdings, Inc. [Sandman Corporation], 09-11674 (MFW), 38-3640015, HLI Operating Company, Inc. [Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11675 (MFW), 30-0167742, HLI Parent Company, Inc., 09-11676 (MFW), 61-1447832, HLI Powertrain Holding Company, Inc., 09-11677 (MFW), 30-0168269, HLI Realty, Inc. [T C Realty, Inc.], 09-11678 (MFW), 38-2781885, HLI Services Holding Company, Inc., 09-11679 (MFW), 61-1447840, HLI Suspension Holding Company, Inc. [CMI - Ventures, Inc., CMI International, Inc., Hayes Lemmerz International - CMI, Inc.], 09-11680 (MFW), 38-1650061, HLI Wheels Holding Company, Inc., 09-11681 (MFW), 38-367882 N1943604pdf

---

**Hearing Date And Time: July 23, 2009 at 10:00 a.m.**
**Objection Deadline: July 15, 2009 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DELPHI CORPORATION, et al., Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**NOTICE OF (1) APPROVAL OF SUPPLEMENT; (2) HEARING ON MODIFICATIONS TO PLAN; (3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN; (4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES; (5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (6) RECORD DATE; (7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND (8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN**

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures Order") (Docket No. 17032) approving a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. Final Modification Hearing Date. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. Objections To Approval Of Modified Plan. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to **be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. Temporary Allowance Of Claims. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before July 2, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6. Record Date. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. Voting Deadline. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you should receive this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. Injunction To Enforce Releases And Exculpation In The Modified Plan. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

**You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9. Information And Documents. Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

Dated: New York, New York, June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| | |
|---|---|
| John Wm. Butler, Jr., Ron E. Meisler, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 | Kayalyn A. Marafioti, Thomas J. Matz, Four Times Square, New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

[1] The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10 Solicitation Procedures Order").

1944664-01pdf

JAGUAR '09 XF Prem Lux, ... Perfect! $45,995 Jaguar Troy 888.225.2726

bigtimeworldwide.com TIGERS * KID ROCK LIONS * U of M/MSU ALL DTE 248-827-7678

DISCOUNT TICKETS DTE & SPORTS 586.781-9090

WAYNE

CANTON - 4 Family yard Sale 6/26-27, 9-4. 5228 Sheldon Rd. Antiques, sporting goods & crafts

Canton 734 BurlingtonRd June 26, 27 & 28, 9am-5pm Girls clothing newborn to size 8 yrs, baby items, toys, games, books, household items, DVDs & much more!

Northville -Lakes of Northville Sub Sale. Sat. June 27, 8am-3pm. 6 Mi/Winchester, 1.25 mile W/Haggerty.

Plymouth- Lots of great items! Electronics, Calloway golf set, comm. excersie equip, + much more. Sat. & Sun 9-4 12254 Appletree Off Ann Arbor Trail & Sheldon.

MACOMB

Shelby Twp Estate Sale Thurs-Sat 10-5 packed house,46759 Vineyard info & picswww.geministates.com

SHELBY TWP. June 25-28 From 10-4. Barbies, Furn., toys, clothes, VHS tapes, books, learning software, tools, 47125 Exworthy Ct.

WARREN 14271 LaChene Ave, S/13 Mile, E/Schoenherr, 6/25,26 & 27, 9-5;tools antiq furn, bikes,house items

1AAAAAAAAAAAA A DIVORCE From $90 Compl. Bankruptcy $499 248-559-4448 A debt relief agcy who help people file for bkrtcy relief under the bkrtcy code

$500 Personal Bankruptcy Local • Full Service Attorney 313-354-1020 24/7. We are a debt relief agency under the Bankruptcy Code

A DIVORCE $75 CS & R 734-425-1074 www.CSRdisability.com

Attorney PIERCE 248-398-5000 We are a debt relief agency - We can wipe out all of your debt. We have helped over 10,000 clients file for relief under the bankruptcy code. $150 down. www.attorneypierce.com

BANKRUPTCY $0 DOWN Attorney Joseph L Grima We are a debt relief agency. We help people file for bankruptcy relief under the bankruptcy code. 1-800-603-3333

BANKRUPTCY 1-800-481-5588 free office consult Atty. Marshall D. Schultz eve/sat appts. we are a debt relief agency who help people file for bankruptcy relief under the bankruptcy code.

SAAB '( Edition Glassm ... TIGER MSU thetic ... PRIME WWW ... OAK BERKL 2310 E furn. ele housew ... Beverly Sale. T supplies by items 27, 9-6 10-1pm ... Farming Kingston clothes, & more. Orchard Thurs-S ... FARMIN SAT ON Rd. N of of 9 Mi., must go dishes & clothing ... Orchard June 25 3830 L Hiller & Designe galore, clothes, Proceed Focus H ... Rochest Sale,Th 25-27;1 Ave. Oa collectib ... Fin ... B ... Ex E- Exp'd ATT ... 1-8 We are We Bankrup BAN ... BANKR Debt rel Lowest Nathans ... BANKRU Flexible ple file f Code. 2 ... CAR ~ Atty J 80 ... Chapte We can Assoc. ... DRU Driver' ED CH HI 80 ... Hal Gold FOC Att' wk or 24 ... Jennifer Family L 248.449. ... SOCIAL Crim. Tr Free Advi






LEGAL NOTICE/ BIDS/PROPOSALS

**Hearing Date And Time: July 23, 2009 at 10:00 a.m.**
**Objection Deadline: July 15, 2009 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re DELPHI CORPORATION, et al., Debtors. ) Chapter 11 ) Case No. 05-44481 (RDD) ) (Jointly Administered)

**NOTICE OF (1) APPROVAL OF SUPPLEMENT; (2) HEARING ON MODIFICATIONS TO PLAN; (3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN; (4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES; (5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES; (6) RECORD DATE; (7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND (8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN**

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures Order") (Docket No. 17032) approving a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. Final Modification Hearing Date. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. Objections To Approval Of Modified Plan. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to **be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. Temporary Allowance Of Claims. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before July 2, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6. Record Date. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. Voting Deadline. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you should receive this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, et al. | Delphi Corporation, et al. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may NOT be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. Injunction To Enforce Releases And Exculpation In The Modified Plan. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

**You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9. Information And Documents. Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
|---|---|
| Toll Free: (800) 718-5305 | |
| International: (248) 813-2698 | http://www.delphidocket.com |

Dated: New York, New York, June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| | |
|---|---|
| John Wm. Butler, Jr., Ron E. Meisler | Kayalyn A. Marafioti, Thomas J. Matz, |
| 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 | Four Times Square, New York, New York 10036 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

[1] The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10 Solicitation Procedures Order").

1944664-01pdf

in full by any of the Debtors pursuant to the Bankruptcy Code ... Court; (e) a holder of a Claim for which a specific deadline previously has been fixed by the Court; (f) any Debtor having a Claim against another Debtor; and (g) any holder of a Claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an expense of administration (other than any Claim allowable under Bankruptcy Code section 503(b)(9)).

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim (including a Section 503(b)(9) Claim) is improperly classified in the Schedules or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules or against a Debtor other than as set forth in the Schedules, must file a proof of claim, or, in the case of holders of Section 503(b)(9) Claims, file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, on or before the General Bar Date or Governmental Bar Date, as applicable. If your Claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your Claim has been scheduled will be indicated on the claim form.

**EXECUTORY CONTRACT AND LEASE REJECTION CLAIMS**

Claims asserted in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to Bankruptcy Code section 365 (a "Rejection Damages Claim") must be asserted by the later of (a) the General Bar Date or the Government Bar Date, as applicable to such Claim or (b) 30 days after the entry date of the Rejection Order unless the order of the Court approving the rejection of the executory contract or unexpired lease provides otherwise.

**OTHER IMPORTANT INFORMATION REGARDING FILING CLAIMS**

If, after the applicable bar date, any of the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have twenty-five (25) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date"). In addition, in the case of affected holders of Section 503(b)(9) Claims, such creditors shall have until the Amended Schedule Bar Date to file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim or amend any previously filed proof of claim or motion seeking payment of their Section 503(b)(9) Claim.

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided, further, however, that any Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

**FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS**

Any Entity asserting Claims (including Section 503(b)(9) Claims if not filing a motion seeking payment of Section 503(b)(9) Claim) against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case. **If (a) more than one Debtor is listed or selected on a proof of claim, (b) there is no reference to any particular Debtor on the proof of claim, or (c) the proof of claim indicates a claim against all of the Debtors, the Claim will be deemed filed only against Hayes Lemmerz International, Inc., Case No. 09-11655 (MFW).**

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

**In accordance with Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, any creditor that is required to file but fails to file a proof of claim for its Claim, or, in the case of holders of Section 503(b)(9) Claims, fails to file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall not be permitted to vote to accept and reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise improperly listed and classified, you must file a proof of claim, or, in the case of holders of Section 503(b)(9) Claims, file a proof of claim or motion seeking payment of their Section 503(b)(9) Claim, on or before the General Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim (including a Section 503(b)(9) Claim) or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim (including a Section 503(b)(9) Claim), whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM**

A signed original of any proof of claim, substantially in the form annexed hereto, together with accompanying documentation, must be delivered so as to be received no later than the General Bar Date, the Rejection Bar Date, the Governmental Bar Date or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address: **First-Class Mail Address:** The Garden City Group, Inc., Attn: Hayes Lemmerz International, Inc., P.O. Box 9000 #6531, Merrick, NY 11566-9000, **Hand Delivery or Overnight Courier Address:** The Garden City Group, Inc., Attn: Hayes Lemmerz International, Inc., 105 Maxess Road, Melville, NY 11747

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the Claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a proof of claim or a proof of claim form, you may contact the Debtors' court-appointed claims agent, The Garden City Group, Inc., by email at HayesInfo@gardencitygroup.com. However, please be advised that neither Debtors' counsel nor The Garden City Group, Inc. is permitted to provide you with legal advice. Please contact your own attorney for legal advice. Additional information regarding the Debtors' restructuring is available on the internet at www.hayeslemmerzreorg.com or from Skadden, Arps, Slate, Meagher & Flom LLP, Anthony W. Clark, Kimberly A. LaMaina, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, (302) 651-3000; Skadden, Arps, Slate, Meagher & Flom LLP, J. Eric Ivester, Stephen D. Williamson, 333 West Wacker Drive, Suite 2100, Chicago, IL 60606, (312) 407-0700, *Counsel for the Debtors and Debtors in Possession*

**ANNEX 1 LIST OF DEBTORS AND DEBTORS-IN-POSSESSION**

**DEBTOR (Other names, if any, used by the Debtor in the last 6 years appear in brackets), ADDRESS (15300 Centennial Drive, Northville, MI 48168, unless otherwise noted), CASE NO., EID #:** Hayes Lemmerz International, Inc. [HLI Holding Company, Inc. of Delaware, HLI Holding Company, Inc.], 09-11655 (MFW), 32-0072578, Hayes Lemmerz Finance LLC, 09-11656 (MFW), 98-0537731, Hayes Lemmerz Finance LLC - Luxembourg, S.C.A., Centre Mercure, 5th Floor, 41 avenue de la Gare, 5ème Etage, L-1611, Luxembourg, 09-11657 (MFW), 98-0537731 (USA), 2007 2300 646 (Luxembourg), Hayes Lemmerz International Import, Inc. [Hayes Lemmerz Aftermarket, Inc., Hayes Wheels Aftermarket, Inc., Hayes Wheels, Hayes Wheels International], 09-11659 (MFW), 38-3311655, Hayes Lemmerz International - California, Inc. [Hayes Wheels International - California, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11660 (MFW), 33-0042337, Hayes Lemmerz International - Commercial Highway, Inc., 09-11661 (MFW), 77-0597674, Hayes Lemmerz International - Georgia, Inc. [Hayes Wheels International - Georgia, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11662 (MFW), 58-2046122, Hayes Lemmerz International - Howell, Inc. [Hayes Wheels, Western Wheel, Hayes Lemmerz International - Michigan, Inc., Hayes Wheels International - Michigan, Inc., Hayes Wheels International], 09-11664 (MFW), 38-1799246, Hayes Lemmerz International - Huntington, Inc. [Hayes Lemmerz International - Indiana, Inc., Hayes Wheels International - Indiana, Inc., Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11665 (MFW), 62-1240825, Hayes Lemmerz International - Kentucky, Inc. [Alumitech], 09-11666 (MFW), 61-1148246, Hayes Lemmerz International - Laredo, Inc. [CMI - Texas, Inc.], 09-11667 (MFW), 74-2418656, Hayes Lemmerz International - New York, Inc., 09-11668 (MFW), 80-0369278, Hayes Lemmerz International - Sedalia, Inc., 09-11669 (MFW), 77-0597670, Hayes Lemmerz International - Technical Center, Inc. [CMI - Tech Center, Inc., CMI - Engineering], 09-11670 (MFW), 38-2257519, Hayes Lemmerz International - Wabash, Inc. [CMI - Wabash Cast, Inc.], 09-11671 (MFW), 38-2170301, HLI Brakes Holding Company, Inc., 09-11672 (MFW), 32-0072575, HLI Commercial Highway Holding Company, Inc., 09-11673 (MFW), 35-2202828, HLI Netherlands Holdings, Inc. [Sandman Corporation], 09-11674 (MFW), 38-3640015, HLI Operating Company, Inc. [Hayes Wheels, Hayes Wheels International, Western Wheel], 09-11675 (MFW), 30-0167742, HLI Parent Company, Inc., 09-11676 (MFW), 61-1447832, HLI Powertrain Holding Company, Inc., 09-11677 (MFW), 30-0168269, HLI Realty, Inc. [T C Realty, Inc.], 09-11678 (MFW), 38-2781885, HLI Services Holding Company, Inc., 09-11679 (MFW), 61-1447840, HLI Suspension Holding Company, Inc. [CMI - Ventures, Inc., CMI International, Inc., Hayes Lemmerz International - CMI, Inc.], 09-11680 (MFW), 38-1650061, HLI Wheels Holding Company, Inc., 09-11681 (MFW), 38-367882

N1943604pdf