United States Bankruptcy Court
One Bowling Green
New York, NY
          10004-1408
June 30, 2009

Attention Judge Robert D. Drain
Reference Delphi Case
Case Number 05-44481 (RDD)
Filed June 16, 2009

Judge Drain:

    I would like to object to the recent filing by Delphi to eliminate severance payments to recent separated employees. In Delphi's June 1, 2009 Master Disposition Agreement Article 9.5.11, the article declares that severance payments will be terminated upon the closing date of emergence.
    As part of my separation agreement effective May 1, 2009, both Delphi and I had a mutual understanding that my severance payments would be an entitlement by contract. By signing my separation agreement I waived certain rights, including any and all release of claims in order to receive these severance payments. Since this contract was entered in during the on-going Delphi bankruptcy these severance payments are a contract liability not a Delphi provided benefit. Since I had a valid binding legal contract with Delphi I expect it to be honored.
    Upon signing my separation agreement on March 10, 2009 I had planned to used these severance payments to help pay for my on-going health insurance needs since my company paid health insurance was terminated upon my retirement eligible separation.
    In making your decision, I hope you will consider the welfare of all the former salaried employees who gave Delphi their best, only to be denied what they said they would be entitled to upon their separation or retirement.

Thank You

*Dennis G. Tomory*

Dennis G. Tomory
801 Park Harbour Dr.
Boardman, OH
        44512-3973