Date: June 29, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408

Re: Article 9.5.11 of the June 1, 2009 Master Disposition Agreement

Honorable Judge Drain,

Please consider this letter as a formal objection to the June 1, 2009 Master Disposition Agreement, Article 9.5.11 stating that severance payments that commenced prior to June 1, 2009 and are currently being paid to certain separated Delphi employees will be terminated upon the emergence of Delphi Corporation from Chapter 11 Bankruptcy protection.

On February 18, 2009, I signed a "Separation Allowance Plan Release of Claims" document (copy attached) that stated I was entitled to semi-monthly payments commencing April 15, 2009 until the total amount of $164,400 was paid. The understanding was that these payments would be over a 12-month period with the last payment scheduled for March 31, 2010. This contract waived certain other rights I may have had under Delphi policy including any enhancements to any separation program. As a condition of my separation I had the option (as an executive) of electing the severance payment or the Supplemental Executive Retirement Program (SERP), if it was policy at the time of emergence, and I chose the severance payment. I waived my rights to SERP and enhancements but I did not agree to a discontinuance of payments. I also waived my right to take any legal action against Delphi, General Motors or other interested parties. I waived my right to arbitrarily cancel the contract with Delphi but if Article 9.5.11 is approved Delphi has the arbitrary right to cancel the contract with me.

In my view, by signing the Release of Claims document, I made a contract with Delphi, as did other Delphi employees, after Delphi filed for Chapter 11 protection. I wish to draw to your attention the fact that the severance policy has been modified during the Chapter 11 process. At the outset, the severance amount was paid in a lump sum. Delphi Senior Leadership stated that because of cash flow, the payment was going to be changed to semi-monthly. In addition effective April 1, 2009 the amount of severance was reduced to a maximum of 6 months of annual salary for certain employees. In each case, employees who signed a Release of Claims under earlier contracts received the severance payment negotiated with Delphi at the time of the signing. If the June 1, 2009 Master Disposition Agreement, Article 9.5.11 is approved, all severance payments commencing prior to June 1, 2009 will be terminated but employees separated June 1, 2009 and later would be eligible for a 6 month severance payment seniority permitting. Clearly the contracts that the employees signed and who were separated August 1, 2008 through May 31, 2009 (assuming the last severance payment is July 15, 2009) will have been broken by Delphi. Severance payments are not a Delphi provided benefit that Delphi reserves the right to modify or terminate, and have never been characterized as such.

Are all employee contracts that were signed prior to and/or during the term of Chapter 11 protection being broken? Will the contracts with the officers of Delphi Corporation that entitled them to certain severance payments be honored after Delphi emerges from bankruptcy protection or will they receive the new 6-month severance? Is Delphi picking and choosing which contracts are enforceable?

Severance payments commencing prior to June 1, 2009 will end no later than May 15, 2010 if the contracts are honored and although I do not know the total liability from July 31, 2009 through May 15, 2010 my belief would be that it is negligible in the grand scheme of the bankruptcy.