Employees who retired from Delphi February 1, 2009 and earlier, did not know at that time that they would lose health care, prescription drug coverage, life insurance benefits, dental, vision, and that Delphi would abandon making payments to the Salaried Pension Plan, thereby all but assuring that their pension would in all likelihood be assumed by the PBGC. Now these same employees and others who were not retirement eligible who may have had their services terminated by Delphi and signed a contract in order to receive severance payments that provided them income so they could look for other employment may also lose that payment if the modified plan is approved in its entirety.

It is my belief that a legal imperative exists for severance continuation for the term of the Release of Claims or the remaining payments be paid in a lump sum. Further, there is certainly a moral argument. At the time of my separation I was a Director of Labor Relations at Delphi and was responsible for honoring contracts negotiated with Delphi's various Unions. How is it that Delphi cannot honor the contract negotiated with salaried employees? Hourly employees of Delphi received lucrative buyouts and retirement incentives as well as having a Benefit Guarantee provision from General Motors. Hourly pensions and benefits are for the most part intact with the exception of the recent concessions negotiated with the UAW, yet salaried employees of Delphi who have retired or who will retire have lost all benefits and probably their pension with the exception of the substantially reduced PBGC income. Most Delphi employees were General Motor's employees at one time. I accepted a job offer from Delphi in 1998 after 24 years of service with GM but I am about to be reduced to a pennies-on-the-dollar pension from the PBGC and I will receive only three and a half months severance, instead of the twelve months Delphi and I contracted for if Article 9.5.11 is approved.

Judge Drain – this is wrong and I implore you not to approve the June 1, 2009 Master Disposition Agreement Article 9.5.11. Thank you for your time.

Yours truly,

Judy Matzelle
5345 Iroquois Ct.
Clarkston, MI 48348
(248) 860-5532