# EXHIBIT A

**MASUDA FUNAI EIFERT & MITCHELL, LTD.**
Gary Vist (admitted *Pro Hac Vice*)
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

**DUANE MORRIS LLP**
Joseph H. Lemkin
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

**Attorneys for American Aikoku Alpha, Inc.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et. al., | Case No. 05-44481 (RDD) (Jointly Administered) |
| Debtors. | |

**OBJECTION OF AMERICAN AIKOKU ALPHA, INC. TO NOTICES OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF STEERING AND HALFSHAFT BUSINESS**

American Aikoku Alpha, Inc. ("American Aikoku"), by and through undersigned counsel, hereby files this objection to four (4) of Debtor's Notices of Cure Amount with Respect to Executory Contract or Unexpired Lease to be Assumed and Assigned in Connection with Sale of Steering and Halfshaft Business (collectively, the "Sale Cure Notices"). In support of this objection, American Aikoku states as follows:

EXHIBIT "B"

1

1.      On October 8, 2005, Delphi and certain of its subsidiaries and affiliates (collectively the "Debtors") filed voluntary petitions with this Bankruptcy Court for relief under Chapter 11 of Title 11, United States Code.

2.      On January 23, 2008, the Debtors sent five (5) Sale Cure Notices to American Aikoku. A copy of the Sale Cure Notices is attached hereto as Group Exhibit "A".

3.      The Sale Cure Notices sent to American Aikoku list the following Contracts to be assumed, with the corresponding Cure Amounts:

| Contract | Cure Amount |
|---|---|
| SAG90I2815 | $5,823.94 |
| SAG90I4657 | $0.00 |
| SAG90I5218 | $0.00 |
| SAG90I5386 | $0.00 |
| SAG90I3417 | $0.00 |

4.      American Aikoku disputes and objects to four (4) of the Sale Cure Notices on the basis that the proposed Cure Amounts are incorrect. The current Cure Amounts owed American Aikoku by the Debtors on (4) out of the (5) Cure Notices are as follows:

| Contract | Cure Amount |
|---|---|
| SAG90I2815 | $275,636.94 |
| SAG90I4657 | $48,687.46 |
| SAG90I5218 | $86,310.00 |

SAG9OI5386                    $5,126.64

                              _____

Total                         $415,761.04

A copy of pertinent invoices is attached hereto as Group Exhibit "B."

5.      Debtor's own records confirm the cure amount asserted by American Aikoku, with the exception of one (1) invoice dated March 8, 2005 in the amount of $11,745.00. In that regard, a printout from the Debtor's internal accounting system, E-DACOR ("Unpaid List"), made on January 9, 2008, shows an aggregate amount of $404,016.04 ($79,691.64 in dollar and $324,324.40 in yen) as unpaid and due and owing American Aikoku. A copy of the Unpaid List is attached hereto as Exhibit "C."[1]

6.      Section 365(b)(1) of the Bankruptcy Code provides that "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption ... the trustee (A) cures ... such default." This section of the Bankruptcy Code was enacted to ensure that "the contracting parties receive the full benefit of their bargain if they are forced to continue performance." Eastern Airlines, Inc. v. Insurance Co. of Penn, 85 F.3d 992 (2nd Cir. 1996).

7.      An executory contract may not be assumed in part or rejected in part. In re Teligent, Inc., 268 B.R. 723 (Bankr. S.D.N.Y. 2001). The debtor must either assume the

---

[1] Process # 0005016186725 is listed as $58,725.00 in JPY, whereas the correct designation for that amount is clearly USD – all of the JPY amounts are in millions. The aggregate amount of $404,016.04 includes this adjustment.

entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. In re Adelphia Bus. Solutions, Inc., 322 B.R. 51 (Bankr. S.D.N.Y. 2005). As conditions of the contract's assumption, the debtor is required to cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom. In re National Gypsum Co., 208 F.3d 498 (5th Cir. 2000). The assumption of a contract by the trustee constitutes an assumption by the estate of the bankrupt's liabilities, not as a matter of granting a distributive share, but by performance in full, just as if bankruptcy had not intervened. Vilas and Sommer Inc. v. Mahony, 576 F.2d 128 (8th Cir. 1978). Consistent therewith, the requirement to cure those liabilities of the bankrupt would not be nullified even if the liability of the debtor would be otherwise discharged under Section 1141(d). In re National Gypsum Co., 208 F.3d 498 (5th Cir. 2000).

8.  Because the legal points and authorities upon which this objection relies are incorporated herein and do not represent novel theories of law, American Aikoku respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, American Aikoku respectfully requests that the Court enter an order (a) denying assumption in the manner proposed in the Sale Cure Notices; (b) modifying the Cure Amount to $415,761.04; and (c) granting such other further relief as this Court deems just and proper.

Date:   January 28, 2008

                                **AMERICAN AIKOKU ALPHA, INC.**

                                /s/ Gary Vist
                              By One of its Attorneys

Gary Vist
MASUDA FUNAI EIFERT &
MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601
(312) 245-7500

                   -and-

Joseph H. Lemkin
DUANE MORRIS LLP
744 Broad Street, 12th Floor
Newark, New Jersey 07102
(973) 424-2000

N:\SYS04\2920\sale_cure_objection.doc

5