Honorable Robert D. Drain                                          June 24, 2009
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge-Southern District of NY
One Bowling Green
New York, NY 10004-1408

Honorable Robert D. Drain,

I – Don Boyd – object to the June 1, 2009 Master Disposition Agreement Article 9.511 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that the Debtor agreed to pay me and others are clearly and Administrative Expense that was done in conjunction with their plan to close and sell portions of their assets.

I received a **W.A.R.N ACT NOTICE** (Exhibit A) in 2008 stating that our Plant Home Avenue Operations was being closed on or before December 31, 2008, and my employment would be terminated on or about February1, 2009.

I was released from Delphi on January 30, 2009 and my effective date was February 1, 2009 with 12 months severance payment per Delphi's procedures that were in effect on October of 2008. During the preparation for my release I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive the severance payment I was required to sign a Release of Claims (R.O.C.) giving up certain rights listed in **Exhibit C**. I was told that if I elected not to sign the release I would not receive the 12 months severance pay. I would only receive one month severance pay. Of course, I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership on December 4, 2008.

I was lead to believe that the Delphi Separation Allowance Plan – **Exhibit B**- was a binding contract between the Debtor and me. I waived certain rights by signing the R.O.C. – **Exhibit C** and the Debtor agreed to pay me one year of my base salary. This transaction occurred during the Debtor's bankruptcy process and is not a pre-petition claim. It was signed and agreed to during the normal coarse of business. The severance payments (24 bi-monthly payments) are a contract liability not a Delphi provided benefit. The attached **Exhibits B and C** are valid – binding – legal contracts. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to pay me until the contract is fully satisfied.

I signed a contract with Delphi where I gave up certain rights for a severance payment amount. This contract was consummated during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence. I strenuously object to payments be terminated upon the closing (emergence) date.

Respectfully submitted,

*Don E. Boyd*
Don E. Boyd
Ex-Delphi Employee
4167 Gorman Ave
Englewood, Ohio 45322