**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORP., *et al.*, | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## CONFIDENTIALITY ORDER

Pursuant to the provisions of Federal Rule of Civil Procedure 26 and Rules 7026 and 9018 of the Federal Rules of Bankruptcy Procedure, the Court enters this Confidentiality Order for the purpose of assuring the confidentiality of certain information that may be disclosed by the United States Department of the Treasury ("United States Treasury") in the course of discovery.

1.      As used in this Confidentiality Order, the term "confidential information" includes any information that is disclosed by the United States Treasury in the course of discovery that takes place in the context of the above-captioned chapter 11 proceedings and which at or before the time of disclosure has been designated as "confidential" by the United States Treasury in one or more of the following ways:

(a)      Information set forth in an answer to an interrogatory may be so designated by including the words "Subject to Protective Order" in the answer.

(b)      Information contained in any document or part thereof may be so designated by marking the words "Subject to Protective Order" on the document or any copy of it delivered to another party or its counsel or by giving written notice to counsel for the other party, describing the document or part thereof either specifically or by category.

(c)    Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given, or upon 20 days receipt of a transcript of the oral deposition.

2.    "Confidential information" disclosed to another party or its counsel during the course of discovery proceedings in these chapter 11 cases:

(a)    Shall be used by the other party and counsel only for purposes of these chapter 11 cases.

(b)    Shall not be published to the public in any form by the other party or counsel, nor used by the other party for any business or commercial purposes.

(c)    Shall be disclosed by the other party or its counsel only to the following persons:

(i)    The other party or attorneys of record for the other party, including any attorneys employed by a law firm of record that represents the other party;

(ii)    Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the other party;

(iii)    Independent (non-employee) expert witnesses or advisors retained by the other party in connection with this action;

(iv)    Officers and managerial or supervisory personnel of the other party;

(v)    Court reporters or stenographers engaged to record deposition testimony, and their employees; and

(vi)     Such other persons as hereafter may be authorized by the Court upon motion of either party.

3.     A copy of this Confidentiality Order shall be delivered to each party and to each person within categories (iii), (iv) and (vi) of paragraph 2(c) above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel.  The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

4.     The provisions of this Order shall not be construed as preventing:

(a)     Any disclosure of confidential information by the United States Treasury.

(b)     Any disclosure of confidential information to any judge, magistrate, or employee of this Court for purposes of these chapter 11 cases.

(c)     Any disclosure of confidential information to or by any governmental entity for the purpose of the enforcement of the civil or criminal laws.

5.     All information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court.  Where possible only the confidential portions of filings with the Court shall be filed under seal.

6.     This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be

produced or (ii) if produced, whether such material should be subject to the terms of this

Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a

further protective order relating to any confidential information.

7.      Upon the conclusion of this litigation, all confidential information supplied by the

United States Treasury and all copies thereof, shall be returned to the United States Treasury or

such confidential discovery material shall be certified to have been destroyed.

SO ORDERED this 10th day of July, 2009

/s/ Robert D. Drain
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**AGREED TO BY:**

Dated:      New York, New York                  SKADDEN, ARPS, SLATE,
                July 10, 2009                      MEAGHER & FLOM LLP
*Attorneys for the Debtors*

 /s/  John Wm. Butler
John Wm. Butler, Jr., Esq.
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Dated:      New York, New York                  LEV L. DASSIN
                July 9, 2009                     Acting United States Attorney for
the Southern District of New York
*Attorney for the United States*

 /s/  Matthew L. Schwartz
Matthew L. Schwartz
Joseph N. Cordaro
86 Chambers Street
New York, New York 10007

Dated:      New York, New York                  WEIL, GOTSHAL &
                July 9, 2009                     MANGES LLP
*Attorneys for General Motors Corp.*

 /s/  Penny P. Reid
Jeffrey L. Tanenbaum, Esq.
Robert J. Lemons, Esq.
767 Fifth Avenue
New York, New York 10153

Dated:      New York, New York                  SCHULTE, ROTH & ZABEL LLP
                July 10, 2009                   *Attorneys for Platinum Equity
Advisors LLP*

 /s/  Harry Sandick
Adam C. Harris, Esq.
919 Third Avenue
New York, New York 10022

**AGREED TO BY:**

Dated:      New York, New York                    LATHAM & WATKINS LLP
            July 9, 2009                          *Attorneys for the Official Committee*
                                                  *of Unsecured Creditors*


                                                   /s/  Adrienne K. Eason Wheatley
                                                  Robert J. Rosenberg, Esq.
                                                  Mark A. Broude, Esq.
                                                  Michael J. Riela, Esq.
                                                  885 Third Avenue
                                                  New York, New York 10022


Dated:      New York, New York                    K&L GATES LLP
            July 9, 2009                          *Attorneys for Wilmington Trust*
                                                  *Company, as Indenture Trustee*


                                                   /s/  Edward M. Fox
                                                  Edward M. Fox, Esq.
                                                  599 Lexington Avenue
                                                  New York, New York 10022


Dated:      New York, New York                    DAVIS POLK &
            July 9, 2009                          WARDWELL LLP
                                                  *Attorneys for JPMorgan Chase N.A. as*
                                                  *Administrative Agent under the DIP*
                                                  *Credit Agreement*


                                                   /s/ Donald Bernstein
                                                  Donald Bernstein, Esq.
                                                  Brian Resnick, Esq.
                                                  450 Lexington Avenue
                                                  New York, New York 10017


Dated:      New York, New York                    WILLKIE FARR &
            July 9, 2009                          GALLAGHER LLP
                                                  *Attorneys for the Collective of*
                                                  *DIP Lenders*


                                                   /s/ Christopher St. Jeanos
                                                  Marc Abrams, Esq.
                                                  Scott S. Rose, Esq.
                                                  787 Seventh Avenue
                                                  New York, New York 10019

**AGREED TO BY:**

Dated:        New York, New York                    DECHERT LLP
             July 9, 2009                           *Attorneys for Kensington*
                                                    *International Limited, Manchester*
                                                    *Securities Corp., and Springfield*
                                                    *Associates LLC*


                                                     /s/  Charles Poret
                                                    Charles I Poret, Esq.
                                                    Daniel C. Malone, Esq.
                                                    1095 Avenue of the Americas
                                                    New York, New York 10036