Brian S. Murphy
1004 Willowdale Ave.
Kettering, OH 45429


June 29, 2009


Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

SUBJECT: June 1, 2009 Master Disposition Agreement, Article 9.5.11

Dear Judge Drain,

Although I am certain that you have heard or will hear from a number of individuals both inside and outside the legal profession, the purpose of this letter is to present my personal object ion to the subject agreement which terminates the severance payment contract that I entered into when I and Delphi signed a Release of Claims (ROC) on December 5, 2008.

The basic premise of my objection is contained in the fifth paragraph of the Release of Claims (ROC) that I signed. In this paragraph the following sentence appears: **"This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation."** As I am not a lawyer, I had to do some research in order to evaluate whether or not my Release of Claims (ROC) constitutes a legal contract. I found a number of definitions but they all seemed to say a very similar thing: "A contract is an exchange of promises between two or more parties to do, or refrain from doing, an act which is enforceable in a court of law. This is based upon the principle expressed in the Latin phrase *pacta sunt servanda* (usually translated "pacts must be kept", but more literally "agreements are to be kept")". Therefore, I concluded that my ROC is a legal contract and should be honored accordingly.

The second premise of my objection that I had to research was the "timing" aspect of my contract. This is my only experience with bankruptcy, but one of the things that I have observed is that timing is very important. I signed my ROC on December 5, 2008 for a severance effective date of April 1, 2009. Again, I researched to discover that a pre-petition claim is a claim that arises "before the commencement of the bankruptcy case, that is, before the filing of the bankruptcy petition". My contract was signed a little more than six months ago, long after the bankruptcy filing date back in October of 2005. Therefore, I concluded that my ROC is a valid contract liability as it was signed during bankruptcy.

The third premise of my objection is based upon fairness rather than legality – although these two principles are obviously linked.  But, to be honest, I find it hard to argue this position effectively when I view it from the perspective of so many who have lost so much. None of this has been fair, per se. I understand that. Many promises, at least implied promises, have been unable to be kept. It's more difficult, but I can almost understand that. What I cannot understand is the position outlined in the June 1, 2009 Master Disposition Agreement, Article 9.5.11. As a Quality Manager for Delphi, I did what they asked me to do, in the excellent manner in which they asked me to do it, for the length of time that they asked me to do it. In short, I fulfilled my commitment even without a legal contract. I think Delphi should have to do the same because we did sign a legal contract. If for no other reason.

Your Honor, I know this has to have been a very demanding case. I thank you for your time and consideration of my objection.

Sincerely,

Brian S. Murphy

Enc. Copy of Release of Claims

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective _April 1_, 200_9_ under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $_ _00_, less applicable deductions, to be paid in _12_ semi monthly installments commencing on _April 15_, 200_7_, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _Wendy E. Hayes_ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _[signature]_

Delphi Identification Number (DIN): _101775_

Dated: _12/5/08_

Accepted: _Wendy E. Hayes_
Delphi Corporation

Revised November 2008