**CONLIN, McKENNEY & PHILBRICK, P.C.**
Bruce N. Elliott (P28770) (admitted *Pro Hac Vice*)
350 S. Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
(734) 761-9000

**Counsel for Brazeway, Inc.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DELPHI CORPORATION,** *et al.* | § | Case No. 05-44481 (RDD) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

## OBJECTION BY BRAZEWAY, INC. TO NOTICE OF
## NON-ASSUMPTION UNDER THE MODIFIED PLAN WITH
## RESPECT TO CERTAIN EXPIRED OR TERMINATED CONTRACTS
## OR LEASES PREVIOUSLY DEEMED TO BE ASSUMED OR ASSUMED
## AND ASSIGNED UNDER CONFIRMED PLAN OF REORGANIZATION

NOW COMES Brazeway, Inc. ("Brazeway"), by its undersigned attorneys and hereby objects to the Notice of Non-Assumption Under the Modified Plan With Respect to Certain Expired or Terminated Contracts or Leases Previously Deemed to be Assumed or Assumed and Assigned Under Confirmed Plan of Reorganization (the "Non-Assumption Notice") made by Delphi Corporation and its affiliates (collectively "Debtor") and states as follows:

### BACKGROUND

1.      At all times pertinent to this Objection and to the matters set forth herein, Brazeway was and is supplying certain parts and materials to Debtor under contracts (the "Contracts")

identified under various purchase orders (the "Original Purchase Orders"). The Original Purchase Orders identifying the Contracts are listed as follows:

> P.O. No.
> 550161360
> 550028990
> 550028808

Copies of the Original Purchase Orders are attached as **Exhibit 1**[1].

2.    As indicated in the Original Purchase Orders, the expiration date for each purchase order and the relevant Contracts was December 31, 2010.

3.    Brazeway had pre-petition claims against the Debtor with respect to the Contracts as follows: A reclamation claim in the amount of $572,707.98 (the "Reclamation Claim:) and a general unsecured claim in the amount of $1,308,594.45. Brazeway subsequently assigned those claims to JP Morgan Chase ("JP Morgan") who filed a timely proof of claim (Claim No. 14052). Subsequently, Brazeway and the Debtor had a dispute regarding the amount of the Reclamation Claim. Without giving personalized notice to Brazeway or JP Morgan, and in direct contradiction to recent indications by the Debtor, Debtor moved to modify the amount of the Reclamation Claim to approximately $102,000 (see Debtor's Twenty-First Omnibus Claims Objection (Docket No. 9535)). Neither Brazeway nor JP Morgan were aware of the Claims Objection or Order entered thereon (Docket No.10728) until after the entry of the Order. Brazeway and JP Morgan timely filed a Motion for Reconsideration (Docket No. 11069).

4.    The dispute regarding the amount of the Reclamation Claim apparently became moot when on or about December 10, 2007, the Debtor served on Brazeway a notice of cure amount with respect to executory contracts identifying two of the three Contracts to be assumed and assigned (see

---

[1]    Pricing information on copies of all of the exhibits attached to this Objection have been redacted or deleted.

attached **Exhibit 2**).  Subsequently, the Debtor also sent a notice of cure amount with respect to the third executory contract to be assumed or assigned by notice dated February 1, 2008 indicating an intent to assume that Contract as well.  A copy of that notice is attached as **Exhibit 3**. As a result of these notices, the parties entered into a Stipulation and Order regarding the Proof of Claim (including the Reclamation Claim) on June 12, 2008 (Docket No. 13732).  A copy of the Stipulation and Order is attached as **Exhibit 4**.  As indicated in the Stipulation and Order, the cure amount for the Contracts was deemed $1,835,146.48 leaving a general unsecured claim of only $46,155.95.

5.    However, beginning in December 2008, as the Debtor was facing increased difficulty in both formulating and financing a plan of reorganization, Debtor notified Brazeway that, certain purchase orders, "between your company and Delphi entities expire during calendar year 2008."  See attached **Exhibit 5**.  (The "Change Notice")    As indicated in the Change Notice, the Original Purchase Orders were designated as having expired.[2]   The Change Notice was never signed or agreed to by Brazeway and was in fact vigorously disputed.  Morever, the assertion that the Contracts were to expire in 2008 was and continues to be totally incorrect.

6.    At or about the time of the Change Notice and thereafter, Debtor issued revised purchase orders purportedly relating to production of the same parts as under the Original Purchase Orders (the "New Purchase Orders").  Copies of the New Purchase Orders are attached as **Exhibit 6.**

7.    Notwithstanding the "change" asserted by Debtor, virtually nothing has changed regarding production and delivery from the Original Purchaser Orders; the very same Brazeway machines which were producing the parts in Michigan for Debtor continue producing the same parts from Brazeway's location in Kentucky.  They continue to be shipped by Brazeway to the Debtor's

---

[2]   Debtor has never asserted that the Contracts were terminated.

same facilities under the same terms and conditions as existed under the Original Purchase Orders. In other words, there has been absolutely no substantive change in connection with the Contracts except that Delphi has now designated them with a new purchase order number. See for example attached **Exhibit 7**. This is a document prepared by Debtor and as indicated therein, the only substantive "change"is the number of the purchase order. In fact, the Debtor did not even bother to change the purchase order number for one of the Contracts (identified as Purchase Order 550028808).

8.      On July 2, 2009, Debtor sent to Brazeway the Non-Assumption Notice indicating the Original Purchase Orders have been either terminated or expired by their terms.[3]   A copy of the relevant portions of the Affidavit of Service relative to the Brazeway Contracts (Docket No. 17728) is attached as **Exhibit 8**.

### <u>ARGUMENT</u>

9.      It is obvious to see that the Contracts have neither been terminated nor are they expired; Brazeway continues to supply parts and materials to the Debtor in the identical way and under identical terms as existed at the time of the notices of assumption and assignment of the Contracts set forth in **Exhibits 2 and 3** above.  Moreover, Brazeway has received every indication from employees of the Debtor that the agreements related to the production of these parts will be assumed and assigned as a part of the prospective  sale pursuant to Section 363 of the Bankruptcy Code as anticipated in Debtor's Modified Plan.

---

[3]   Brazeway notes that the notice was not sent to Brazeway's counsel or to the Brazeway offices in Adrian, Michigan, but rather to the Brazeway lock box at JP Morgan Chase located in Detroit, Michigan. Brazeway actually received a copy of the notice on July 10, 2009.  Despite repeated requests beginning July 2, 2009 to Debtor's counsel regarding this matter, Debtor's counsel has never confirmed or denied service of the notice.

10.    Debtor has unilaterally and without justification attempted to avoid payment of the applicable pre-petition cure amounts required under Section 365 of the Bankruptcy Code.

11.    Section 365 of the Bankruptcy Code provides, in relevant part:

"(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -

(A) cures or provides adequate assurance that the trustee will promptly cure such default...

(C) provides adequate assurance of future performance under such contract."

Based on the requirements of Section 365, the Debtor or purchaser (as the case may be) must cure all defaults as of the effective date of actual assumption and assignment, as well as providing adequate assurance of future performance. *In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2d Cir. 1996).

12.    Brazeway is not aware of any deadline for filing the within Objection, but has done so in response to the Notice of Non-Assumption which Brazeway believes is both incorrect and ineffective. Brazeway reserves all rights and remedies with respect to the Contracts and any other executory contracts between or including Debtor and Brazeway and specifically reserves the right to object to the Debtor's Modified Plan.

13.    Because the legal points and authorities upon which this Objection relies are incorporated herein and do not represent novel theories of law, Brazeway respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## REQUEST FOR RELIEF

WHEREFORE, Brazeway respectfully requests this Court to determine that Debtor's Notice of Non-Assumption is of no force and effect, that the Contracts are the same executory contracts under either the Original Purchase Orders or the New Purchase Orders and are not deemed expired and remain in full force and effect, that the parties responsible for payment be required to pay the entire cure amount of $1,835,146.48 for any assumption and assignment of the Contracts, and to grant such other and further relief as is just and proper.

/s/ Bruce N. Elliott
Bruce N. Elliott (P28770)
(admitted *Pro Hac Vice*)
CONLIN, McKENNEY & PHILBRICK, P.C.
Counsel for Brazeway, Inc.
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
Telephone: (734) 761-9000
Facsimile: (734) 761-9001

Dated: July 10, 2009

M:\ATTY-SHARED\CLM\B\BRAZEWAY\DELPHI\OBJECTION TO NOTICE OF NON-ASSUMPTION.WPD