# Exhibit A
# Second Securities Stipulation Modification

EXECUTION VERSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

```
-------------------------------------------------------------x
                                               :
                                               :
IN RE: DELPHI CORPORATION                      :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"               :    Master Case No. 05-md-1725
LITIGATION                                     :    Hon. Gerald E. Rosen
                                               :
                                               :    This Document Relates to:
                                               :    In Re: Delphi Corp. Securities Litig.
                                               :    No. 06-10026, and Case Nos.
                                               :    06-10025, 06-10027, 06-10028,
                                               :    06-10029, 06-10030, 06-10031, and
                                               :    06-10032
                                               :
-------------------------------------------------------------x
```

## SECOND STIPULATION MODIFYING
## AGREEMENT OF SETTLEMENT WITH CERTAIN DEFENDANTS

This Second Stipulation Modifying Agreement of Settlement With Certain

Defendants (the "Second Modification") is submitted in the above-captioned *In re: Delphi*

*Corporation Securities, Derivative & "ERISA" Litigation*, Master Case No. 05-md-1725 (GER),

and relates to *In Re: Delphi Corp. Securities Litigation*, No. 06-10026 and the other securities

actions listed above, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the

approval of the United States District Court for the Eastern District of Michigan (the "Court"),

this Second Modification is entered into among Lead Plaintiffs Teachers' Retirement System of

Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen Kapitalanlage-

Geselleschaft m.b.H., and Stichting Pensioenfonds ABP (collectively, the "Lead Plaintiffs") on

behalf of themselves and the Class (as defined in the underlying Stipulation and Agreement of

Settlement With Certain Defendants, dated August 31, 2007 (the "Stipulation")), and Delphi

Corporation ("Delphi"); Delphi Trust I and Delphi Trust II; J.T. Battenberg III, John G. Blahnik,

Robert H. Brust, Virgis W. Colbert, Alan S. Dawes, David N. Farr, Paul R. Free, Bernd

Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D.

Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C. Sueltz (collectively,

the "Delphi Officer and Director Defendants"); and Banc of America Securities LLC, Barclays

Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse

Securities (USA) LLC (f/k/a Credit Suisse First Boston Corporation), Merrill Lynch, Pierce,

Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and

Wachovia Capital Markets, LLC (collectively, the "Underwriter Defendants").[1]

WHEREAS:

A.      On August 31, 2007, the parties hereto executed the Stipulation, which, subject to

its terms including but not limited to approval by this Court and the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court"), provided for a final

settlement and resolution of the Settled Claims against the Released Parties.

B.      On September 5, 2007, the Court preliminarily approved the Settlement, and on

November 13, 2007, after adequate notice was provided to the Class, conducted a fairness

hearing concerning final approval of the Settlement.

C.      On September 6, 2007, Delphi and certain of its subsidiaries and affiliates filed in

the Bankruptcy Court their Joint Plan of Reorganization of Delphi Corporation And Certain

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Stipulation.

Affiliates, Debtors And Debtors-In-Possession (the "Plan"), which included the Stipulation as an exhibit thereto.

D.       Consistent with the Stipulation, on September 7, 2007, Delphi filed a motion in the Bankruptcy Court seeking approval of the Settlement.  On October 29, 2007, the Bankruptcy Court preliminarily approved the Settlement and scheduled the matter for final consideration to be heard in conjunction with Delphi's confirmation hearing concerning the Plan.

E.       On various dates thereafter, Delphi filed certain amendments to the Plan to reflect agreements with Delphi's key stakeholders and obtain their support of the Plan.  As a result of those amendments, Delphi and the Lead Plaintiffs agreed to modify the Stipulation, subject to the approval of the Court and the Bankruptcy Court, with respect to the consideration to be provided by Delphi thereunder:  The parties agreed that the aggregate face amount of the Section 510(b) Claim would be reduced, and that Delphi would cause to be paid, pursuant to an agreement with a certain third party, $15 million in cash (the "$15 Million Payment") to the Escrow Agent, and would establish a process by which the Lead Plaintiffs, as representatives of the Class, might exercise the rights distributed to them under the discount rights offering contemplated by the Plan.

F.       At a hearing on December 4, 2007, the Court found that the proposed modifications to the Stipulation had at least neutral impact upon the Class and potentially provided a net benefit to the Class, and tentatively approved the modifications subject to final consideration after publication of a supplemental notice affording Class Members an opportunity to object solely to the modifications, as specified by the Court.  No objections were received by the Lead Plaintiffs or filed with the Court in connection with the proposed modifications.

G.      On January 11, 2008, the parties executed the Stipulation Modifying Agreement of Settlement With Certain Defendants (the "First Modification"), which memorialized the modifications tentatively approved by the Court.

H.      The Court granted final approval of the Settlement, as modified by the First Modification, in an opinion and order issued on January 10, 2008 and amended on January 11, 2008.

I.      Putative Class Member Sidney Bernstein filed with the Court a notice of appeal on January 10, 2008, and an amended notice of appeal on January 14, 2008.  By order dated May 6, 2008, the Court of Appeals for the Sixth Circuit directed that briefing in the appeal should be held in abeyance pending further developments in the Bankruptcy Court with respect to Delphi's restructuring efforts.  The appeal remains pending before the Court of Appeals.

J.      On January 23, 2008, the Court entered an Order and Final Judgment dismissing with prejudice the Complaint in its entirety against Delphi, the Delphi Officer and Director Defendants, the Underwriter Defendants, and defendants Thomas Wyman and Shoichiro Irimajiri without costs, except as provided in the Stipulation.  On the same day, the Court entered an Order and Final Judgment dismissing with prejudice all claims in the complaint in the Delphi ERISA Action against all defendants in that action other than State Street Bank and Trust Company.

K.      On January 25, 2008, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"), and the Confirmation Order became final on February 4, 2008.  In connection with the approval of the Plan, the Bankruptcy Court entered an order approving the Settlement, as modified by the First Modification (the "Bankruptcy Court Approval Order").  The Bankruptcy Court Approval Order became final on February 4, 2008.

L.    Although approved by the Bankruptcy Court and the Court, the Settlement, as modified by the First Modification, does not become effective until the Delphi Net Consideration has been distributed following the Bankruptcy Effective Date.

M.    The Plan has not been substantially consummated, and as a result the Bankruptcy Effective Date has not occurred.

N.    Delphi has continued to work with its stakeholders to complete its restructuring efforts.  Nonetheless, because the Bankruptcy Effective Date has not occurred, the Settlement, as modified by the First Modification, has not become effective.  The parties to the Stipulation and the First Modification have determined that (i) based upon the dramatic change in circumstances since they entered into the First Modification and (ii) the fact that the Bankruptcy Effective Date will not occur with respect to the Plan that is the subject of the Confirmation Order, it is in their best interests to finalize the Settlement, as modified by the First Modification and this Second Modification, to, *inter alia*, make the releases granted thereunder effective, and to allow for the release from escrow all cash funds held by the Escrow Agent pursuant to the Stipulation, as modified by the First Modification and this Second Modification, without regard to the occurrence of the Bankruptcy Effective Date.

O.    Accordingly, Delphi, Delphi Trust I, Delphi Trust II, the Delphi Officer and Director Defendants, the Underwriter Defendants, and the Lead Plaintiffs have agreed to modify the Stipulation and the First Modification such that the Settlement, as modified by the First Modification and this Second Modification, becomes effective independent of the occurrence of the Bankruptcy Effective Date and/or the substantial consummation of any Delphi plan of reorganization.  The separate stipulation of settlement of the Delphi ERISA Action is being modified on terms similar to this Second Modification (the "ERISA Stipulation Modification").

P.       With respect to the $15 Million Payment, Delphi has advised Lead Plaintiffs that,
since they entered into the First Modification, circumstances have changed dramatically such
that it is no longer possible for Delphi to cause to be paid to the Escrow Agent the $15 Million
Payment pursuant to an agreement with a certain third party, as contemplated by the First
Modification.

Q.       The parties further agree that each of the conditions set forth in paragraphs 29(a)-
(b) and (d)-(f) of the Stipulation has been satisfied, that the conditions set forth in paragraphs
29(c) and (h)-(i) of the Stipulation should be eliminated, and that the Settlement, as modified by
the First Modification and this Second Modification, including without limitation the releases
provided therein, should become effective upon the entry of an order by each of the Bankruptcy
Court and the Court approving this Second Modification and the ERISA Stipulation
Modification, and such orders becoming Final.  With respect to the Court's Judgment approving
this Second Modification, such Judgment shall amend the Order and Final Judgment dated
January 23, 2008, and shall be in all material respects in the form attached hereto as Exhibit B.

R.       With respect to ongoing bankruptcy matters, the Section 510(b) Claim granted to
the Class pursuant to the Stipulation and the First Modification will remain allowed in the same
aggregate face amount as set forth in the First Modification, but will not be guaranteed any
particular treatment or classification, and instead will be a claim to be classified under the Delphi
Plan of Reorganization subject to further modifications and/or rulings of the Bankruptcy Court
except as to the aggregate face amount of the Section 510(b) Claim.  Regardless of the ultimate
treatment and classification of the Section 510(b) Claim, the Settlement, as modified by the First
Modification and this Second Modification, will be effective and final as of the Effective Date.

S.      Subject to Court approval and direction, the parties further agree that (i) notice of this Second Modification, substantially in the forms attached as Tabs 1-3 to Exhibit A hereto, should be provided to the Class that satisfies due process requirements so as to afford Class Members an opportunity to object solely to the Second Modification or to exclude themselves from the Settlement, as modified by the First Modification and this Second Modification, and (ii) they will take appropriate steps to obtain the Court's approval of this Second Modification.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between the parties to this Second Modification, through their respective counsel:

1.      Except as otherwise set forth herein, the Stipulation, and the First Modification remain in full force and effect, subject to all of their respective terms and conditions.

2.      Section 1(a) of the Stipulation is amended in its entirety as follows:

"Allowed Opt-out Claim" means a claim in the Bankruptcy Case by or on behalf of a person who would be a Class Member but for that person's submission of a valid and timely request for exclusion from the Class and the Settlement, as modified by the First Modification and Second Modification, based on any Settled Claim, and which claim has become an allowed claim in the Bankruptcy Case within the meaning in the Delphi Plan of Reorganization pursuant to a Final order of the Bankruptcy Court, any applicable provisions of the Bankruptcy Code and/or Bankruptcy Rules, or any other relevant order entered in the Bankruptcy Case.

3.      Section 1(hh) of the Stipulation is amended in its entirety as follows:

"Notice" means the notice of the proposed Second Modification to the Settlement and hearing to be mailed to members of the Class substantially in the form attached to the Second Modification as Tab 1 to Exhibit A.

4.      Section 1(ii) of the Stipulation is amended in its entirety as follows:

"Order for Notice and Hearing" means the proposed order scheduling a hearing to approve the Second Modification, and directing notice thereof to the Class substantially in the form attached to the Second Modification as Exhibit A.

5.        Section 1(ll) of the Stipulation is amended in its entirety as follows:

"Publication Notice" means the summary notice of the proposed Settlement as modified by the First Modification and the Second Modification and hearing for publication substantially in the form attached as Tab 2 to Exhibit A.

6.        Section 1(r) of the Stipulation is amended in its entirety as follows:

"Delphi Consideration" means the consideration, if any, provided to holders of claims classified in separate debt and equity classes in the Delphi Plan of Reorganization that would be distributed pursuant to this Stipulation, as modified by the First Modification and the Second Modification, to satisfy the Section 510(b) Claim granted to the Lead Plaintiffs as representatives of the Class pursuant to this Stipulation, as modified by the First Modification and the Second Modification, but for reduction, if any, for Allowed Opt-Out Claims.

7.        Section 1(s) of the Stipulation is deleted in its entirety.

8.        Section 1(v) of the Stipulation is amended in its entirety as follows:

"Delphi Net Consideration" means the Delphi Consideration, reduced by the amount, if any, to be distributed on a pro rata basis to the holders of Allowed Opt-out Claims; provided further that the distribution of the Delphi Net Consideration shall be in full satisfaction of the Section 510(b) Claim granted to the Lead Plaintiffs as representatives of the Class pursuant to this Stipulation, as modified by the First Modification and the Second Modification.

9.        Section 1(y) of the Stipulation is amended in its entirety as follows:

"Effective Date" means the date upon which the Settlement contemplated by this Stipulation, as modified by the First Modification and the Second Modification, shall become effective, as set forth in ¶ 29 hereof; it being understood that the Settlement contemplated by this Stipulation, as modified by the First Modification and the Second Modification, shall become effective regardless of the treatment and classification of the Section 510(b) Claim under the Delphi Plan of Reorganization and regardless of the occurrence of the distribution of the Delphi Net Consideration following the Bankruptcy Effective Date.

10.       Section 1(dd) of the Stipulation is amended in its entirety as follows:

(dd)      "Judgment" means (i) the proposed judgment or order by the Court approving the Settlement, as modified by the First Modification and the Second Modification, which shall in all material respects be in the form attached to the Second Modification as Exhibit B or as may be modified with the written consent of the parties and (ii) any of the judgments and orders to be entered by the Bankruptcy Court approving the Settlement, as modified by the First Modification and the Second Modification.

11.      Section 1(mm) of the Stipulation is amended in its entirety as follows:

"Released Parties" means any and all of the Settling Defendants, Thomas Wyman, and Shoichiro Irimajiri, their past or present subsidiaries, parents, principals, affiliates, general or limited partners or partnerships, successors and predecessors, heirs, assigns, officers, directors, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters (including but not limited to Banc of America Securities LLC, Barclays Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston Corporation), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and Wachovia Capital Markets, LLC), insurers, co-insurers, re-insurers, consultants, administrators, estates, executors, trustees, personal representatives, immediate family members and any person, firm, trust, partnership, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or affiliated with any of the Settling Defendants, and the legal representatives, heirs, executors, administrators, trustees, successors in interest, assigns, or bankruptcy estates of Delphi and its affiliates in the Bankruptcy Case.  Notwithstanding the foregoing, the definition of Released Parties shall not include any of the Non-Settling Defendants and Electronic Data Systems Corporation ("EDS").

12.      Section 1(nn) of the Stipulation is amended in its entirety as follows:

"Section 510(b) Claim" means the claim against Delphi granted and approved by the Bankruptcy Court in its order approving this Settlement, as modified by the First Modification and the Second Modification, to the Lead Plaintiffs, as representatives of the Class, pursuant to this Stipulation, as modified by the First Modification and the Second Modification, which shall be an allowed claim in the aggregate face amount of One Hundred Seventy-Nine Million United States Dollars (U.S. $179,000,000), with no additional provision to be made for accrued interest, and which shall be a claim classified under the Delphi Plan of Reorganization in separate debt and equity classes based on the plan of allocation approved by the Court, representative of the claims of the Class against Delphi arising out of or relating to any and all claims or causes of action in the Delphi Securities Action; provided, however, that Delphi shall have no obligation to propose any particular treatment of the Section 510(b) Claim under the Delphi Plan of Reorganization, it being understood and agreed by the parties that the Section 510(b) Claim will be classified in a manner consistent with the priority scheme provided in the Bankruptcy Code, including section 510(b) of the Bankruptcy Code; provided further, however, that if the Delphi Plan of Reorganization provides for a par plus accrued recovery for general unsecured creditors, then the Section 510(b) Claim will receive the same classification and treatment as general unsecured claims; provided further that the final treatment or classification of the Section 510(b) Claim under any Delphi Plan of Reorganization confirmed by Final order of the Bankruptcy Court shall not affect the finality of the Settlement, as modified by the First Modification and the Second Modification, or the releases granted therein, on the Effective Date.

13.    Section 1(rr) of the Stipulation is amended by adding the following

sentence after the first sentence:

> For the avoidance of doubt, this definition of "Settled Underwriter Defendants' Claims" does not include any claims arising out of the case captioned *Delphi Corp. v. Appaloosa Management L.P., et al.* (In re Delphi Corp.), No. 08-1232 (RDD) (Bankr. S.D.N.Y.), or the case captioned *Delphi Corporation v. UBS Securities LLC* (In re Delphi Corp.), No. 08-1233 (RDD) (Bankr. S.D.N.Y.).

14.    Section 1 of the Stipulation is amended by adding section 1(zz) after

section 1(yy), which shall read as follows:

> (zz)    "Delphi Plan of Reorganization" means the First Amended Joint Plan Of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession as confirmed by an order of the Bankruptcy Court entered January 25, 2008, as the same may be modified, amended, or superseded by Final order of the Bankruptcy Court.

15.    Section 1 of the Stipulation is amended by adding section 1(aaa) after

section 1(zz), which shall read as follows:

> (aaa)    "Website Notice" means the Notice of Proposed Second Modification to the Terms of the Settlement with Certain Defendants, substantially in the form attached as Tab 3 to Exhibit A of the Second Modification, which shall be posted and maintained on the Delphi Securities Action settlement website in accordance with the instructions provided by the Court in the Order for Notice and Hearing.

16.    Section 4 of the Stipulation is amended by amending the first sentence of

Section 4 to read as follows:

> The Court shall include the Bar Order in ¶¶ 5-6 in its final Judgment approving the Settlement, as modified by the First Modification and the Second Modification.

17.    Section 7(c) of the Stipulation is amended in its entirety as follows:

> (c)    Delphi shall distribute pursuant to the Escrow Agreement the Delphi Net Consideration as soon as practicable after the later of (i) the satisfaction of each of the conditions in ¶ 29(a)-(b), (d)-(g), and (j)-(l), or (ii) the Bankruptcy Effective Date.

18.     Section 11(e) of the Stipulation is amended in its entirety as follows:

(e)     Provided that the Delphi Plan of Reorganization is (i) consistent with and incorporates the Settlement as reflected in this Stipulation, as modified by the First Modification and the Second Modification, or as it may be modified thereafter and (ii) is consistent with the Bankruptcy Code as it relates to the treatment and/or classification of the Section 510(b) Claim, the Lead Plaintiffs shall cast any and all votes concerning the Delphi Plan of Reorganization under their control by virtue of a claim filed by them or on their behalf or granted to them in the Bankruptcy Case, in either their individual or representative capacity, including without limitation the Section 510(b) Claim in favor of and in acceptance of the Delphi Plan of Reorganization; provided, however, that nothing herein shall constitute an offer with respect to any securities or solicitation of acceptance of a chapter 11 plan.  Such offer or solicitation only shall be made in compliance with all applicable securities laws and/or provisions of the Bankruptcy Code.

19.     Section 14 of the Stipulation is amended in its entirety as follows:

Co-Lead Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, and approving any fees and expenses not previously applied for relating to the administration of the Settlement, as modified by the First Modification and the Second Modification, including the fees and expenses of the Claims Administrator, and, only if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

20.     Section 17 of the Stipulation is amended in its entirety as follows:

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its recognized claim compared to the total recognized claims of all Authorized Claimants.  This is not a claims-made settlement. Delphi, the certain insurers party to the Insurance Agreement, and the Underwriter Defendants shall not be entitled to receive any of the Gross Settlement Fund following the Effective Date.  The Settling Defendants shall have no involvement in reviewing or challenging claims filed with the Claims Administrator in this Settlement.

21.     Section 19 of the Stipulation is amended in its entirety as follows:

The Claims Administrator shall process the Proofs of Claim and, after the Effective Date and entry of the Class Distribution Order, shall distribute the Net Settlement Fund to Authorized Claimants.  Except for the obligation of Delphi, the certain insurers party to the Insurance Agreement, and the Underwriter Defendants to pay or distribute or cause to be paid the Settlement Amounts to the Escrow Agent in accordance with ¶ 7(a), (b), and (c) hereof, and for Delphi to (i) cooperate in the production of information with respect to the identification of Class Members from its shareholder transfer records, as provided herein and (ii) comply with ¶37, the Released Parties shall have no liability, obligation, or responsibility for the administration of the

Settlement, as modified by the First Modification and the Second Modification, or disbursement of the Net Settlement Fund.  Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

22.     Section 25 of the Stipulation is amended in its entirety as follows:

The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator, only after the Effective Date and after all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to contest with the Claims Administrator such rejection or disallowance.

23.     Section 26(a) of the Stipulation is amended in its entirety as follows:

Promptly after the Second Modification has been fully executed, Co-Lead Counsel shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed to the Second Modification as Exhibit A.

24.     Section 27 of the Stipulation is amended in its entirety as follows:

If the Settlement contemplated by the Stipulation, as modified by the First Modification and the Second Modification, is approved by the Court, Co-Lead Counsel and Settling Defendants' Counsel shall request that a Judgment be entered which shall in all material respects be in the form annexed as Exhibit B to the Second Modification.

25.     The first sentence of Section 28 of the Stipulation is amended in its

entirety as follows:

Simultaneously with the execution of the Second Modification, Lead Plaintiffs' Counsel and Settling Defendants' Counsel are executing a "Supplemental Agreement."

26.     Section 29(c) of the Stipulation is deleted in its entirety.

27.     Section 29(h) of the Stipulation is deleted in its entirety.

28.     Section 29(i) of the Stipulation is deleted in its entirety.

29.     Section 29 of the Stipulation is amended by adding the following clauses

(j), (k) and (l) at the end thereof:

(j) entry by the Court of an order and Judgment, in all material respects in the form attached as Exhibit B to the Second Modification, amending the Order and Final

Judgment, dated January 23, 2008, and approving the Second Modification, and such order and Judgment becoming Final, or, in the event that the Court enters a judgment in a form other than that provided above (the "Alternative Judgment") and none of the parties hereto elect to terminate the Settlement as modified by the First Modification and the Second Modification, the date upon which such Alternative Judgment becomes Final;

(k) entry by the Court of an order approving the ERISA Stipulation Modification and such order becoming Final; and

(l) entry by the Bankruptcy Court of an order(s) approving the Second Modification and the ERISA Stipulation Modification and such order(s) becoming Final.

30.    Section 30 of the Stipulation is amended in its entirety as follows:

The Lead Plaintiffs and Settling Defendants shall each have the right to terminate the Settlement, as modified by the First Modification and the Second Modification, and thereby this Stipulation, as modified by the First Modification and the Second Modification, by providing written notice of their election to do so (the "Termination Notice") to one another hereto within thirty (30) days of any of the following:  (a) the Court declining to enter the Judgment in any material respect or entering an Alternative Judgment (b) the Bankruptcy Court declining to enter an order approving the Second Modification or the ERISA Stipulation Modification; (c) the date upon which any appellate court vacates, reverses, or modifies in any material respect any order or judgment of the Court or the Bankruptcy Court approving the Settlement, as modified by the First Modification and the Second Modification, or the settlement of the Delphi ERISA Action, as modified by the ERISA Stipulation Modification; or (d) the date upon which the settlement in the ERISA Action is terminated; provided, however, that all termination rights provided under this Stipulation, as modified by the First Modification and the Second Modification, shall expire upon the Effective Date.

31.    Section 37 of the Stipulation is amended in its entirety as follows:

If the Lead Plaintiffs determine that it is appropriate to distribute Delphi Consideration, other than cash, to the Authorized Claimants, Delphi will cooperate by communicating and providing directives, as appropriate, to its transfer agent.  If Delphi undertakes any obligation pursuant to this paragraph that results in a payment obligation to the transfer agent, or otherwise, such payment obligation will be satisfied from the Gross Settlement Fund.

32.    Section 3 of the First Modification is deleted in its entirety.

33.    Section 4 of the First Modification is deleted in its entirety.

34.    Section 5 of the First Modification is deleted in its entirety.

35.    Following execution of this Second Modification, and subject to approval by and direction of the Court, Co-Lead Counsel for the Lead Plaintiffs will cause the Notice substantially in the form attached to this Second Modification as Tab 1 to Exhibit A to be mailed to Class Members and the Publication Notice substantially in the form attached to this Second Modification as Tab 2 to Exhibit A to be published in a manner that satisfies due process requirements so as to afford an opportunity for Class Members to object solely to the Second Modification or to exclude themselves from the Settlement, as modified by the First Modification and the Second Modification.  Co-Lead Counsel further agrees to post and maintain on the settlement administration website the Website Notice substantially in the form attached to this Second Modification as Tab 3 to Exhibit A, subject to approval by and direction of the Court.  The parties agree that the costs of all notices described in the Second Modification and any related modifications to the settlement administration website will be paid by the Gross Settlement Fund.

36.    Delphi will file a motion seeking the Bankruptcy Court's approval of this Second Modification and the ERISA Stipulation Modification, and will use reasonable efforts to cause such motion to be returnable in connection with the July 23, 2009 omnibus hearing date in the Bankruptcy Case.  Co-Lead Counsel will use their reasonable efforts to assist Delphi in obtaining the Bankruptcy Court's approval of this Second Modification and the ERISA Stipulation Modification.

37.    Co-Lead Counsel will take appropriate action to obtain the Court's approval of this Second Modification, and will use reasonable efforts to obtain the Court's approval as soon as practicable.

DATED:  July _10_, 2009

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

By: _John P. Coffey / with permission MKY_
     Max W. Berger
     John P. Coffey
       Hannah Greenwald Ross
   1285 Avenue of the Americas
   New York, New York 10019
   Telephone:  (212) 554-1400
   Facsimile:  (212) 554-1444

   Co-Lead Counsel for Lead Plaintiffs

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

By: _Michael K. Yarnoff_
     Michael K. Yarnoff
     Sean M. Handler
   280 King of Prussia Road
   Radnor, Pennsylvania 19087
   Telephone:  (610) 667-7056
   Facsimile:  (610) 667-7706

   Co-Lead Counsel for Lead Plaintiffs

-15-

NIX PATTERSON & ROACH, L.L.P.

By: _Brad E. Beckworth_ / with permission MKY

    Bradley E. Beckworth
    Jeffrey J. Angelovich
    Susan Whatley
205 Linda Drive
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

Co-Lead Counsel for Lead Plaintiffs


GRANT & EISENHOFER P.A.

By:_Stuart M. Grant_ / with permission MKY

    Stuart M. Grant
    James J. Sabella
485 Lexington Avenue, 29th Floor
New York, New York 10017
Telephone: (646) 722-8500

Co-Lead Counsel for Lead Plaintiffs

-16-

SHEARMAN & STERLING LLP

By: _____

    Stuart J. Baskin
    Brian H. Polovoy
    Brian G. Burke
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

Counsel for Delphi Corporation,
Delphi Trust I, Delphi Trust II, Robert H.
Brust, Virgis W. Colbert, David N. Farr,
Bernd Gottschalk, Susan A. McLaughlin,
Oscar de Paula Bernardes Neto, Cynthia A.
Nickamp, John D. Opie, Roger S. Penske,
Donald L. Runkle, John D. Sheehan, and
Patricia C. Sueltz


BAKER BOTTS L.L.P.

By: _____

    William H. Jeffress, Jr.
    Bridget M. Moore
    Michael G. Pattillo, Jr.
    Joe R. Caldwell, Jr.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone:  (202) 639-7788
Facsimile:  (202) 630-7980

Counsel for J.T. Battenberg III

SHEARMAN & STERLING LLP

By: _____
    Stuart J. Baskin
    Brian H. Polovoy
    Brian G. Burke
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

Counsel for Delphi Corporation,
Delphi Trust I, Delphi Trust II, Robert H.
Brust, Virgis W. Colbert, David N. Farr,
Bernd Gottschalk, Susan A. McLaughlin,
Oscar de Paula Bernardes Neto, Cynthia A.
Nickamp, John D. Opie, Roger S. Penske,
Donald L. Runkle, John D. Sheehan, and
Patricia C. Sueltz

BAKER BOTTS L.L.P.

By: _____
    William H. Jeffress, Jr.
    Bridget M. Moore
    Michael G. Pattillo, Jr.
    Joe R. Caldwell, Jr.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone:  (202) 639-7788
Facsimile:  (202) 630-7980

Counsel for J.T. Battenberg III

O'MELVENY & MYERS LLP

By:

    Robert N. Eccles
    Robert M. Stern
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383-5315
Facsimile: (202) 383-5414

Counsel for Alan S. Dawes


PEPPER HAMILTON LLP

By:_____

    Matthew J. Lund
100 Renaissance Center
Suite 3600
Detroit, Michigan 48243-1157
Telephone: (313) 259-7110

Counsel for Paul R. Free


MILLER, CANFIELD, PADDOCK and
STONE, PLC

By:_____

    Thomas W. Cranmer
    Matthew P. Allen
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420

Counsel for John G. Blahnik

-18-

O'MELVENY & MYERS LLP

By:_____
    Robert N. Eccles
    Robert M. Stern
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383-5315
Facsimile: (202) 383-5414

Counsel for Alan S. Dawes

PEPPER HAMILTON LLP

By: *Matt J Lund* ( W/ consent MJA )
    Matthew J. Lund
100 Renaissance Center
Suite 3600
Detroit, Michigan 48243-1157
Telephone: (313) 259-7110

Counsel for Paul R. Free

MILLER, CANFIELD, PADDOCK and
STONE, PLC

By:_____
    Thomas W. Cranmer
    Matthew P. Allen
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
(248) 267-3290

Counsel for John G. Blahnik

SIDLEY AUSTIN LLP

By: _____
    A. Robert Pietrzak
    Andrew W. Stern
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5397
Facsimile:  (212) 839-5599

Counsel for Banc of America Securities
LLC, Barclays Capital Inc., Bear, Stearns &
Co. Incorporated, Citigroup Global Markets,
Credit Suisse Securities (USA) LLC (f/k/a
Credit Suisse First Boston Corporation),
Merrill Lynch, Pierce, Fenner & Smith
Incorporated, Morgan Stanley & Co.
Incorporated, UBS Securities LLC, and
Wachovia Capital Markets, LLC

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

```
----------------------------------------------------------x
                                            :
                                            :
                                            :
IN RE: DELPHI CORPORATION                   :       MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"            :       Master Case No. 05-md-1725
LITIGATION                                  :       Hon. Gerald E. Rosen
                                            :
                                            :       This Document Relates to:
                                            :       In Re: Delphi Corp. Securities Litig.
                                            :       No. 06-10026, and Case Nos.
                                            :       06-10025, 06-10027, 06-10028,
                                            :       06-10029, 06-10030, 06-10031, and
                                            :       06-10032
                                            :
----------------------------------------------------------x
```

## ORDER FOR NOTICE AND HEARING

Presented to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure is the

Second Modification of the Stipulation and Agreement of Settlement, dated July 10, 2009 (the

"Second Modification") in the above-captioned actions (the "Delphi Securities Action") by and

between Teachers' Retirement System of Oklahoma, Public Employees' Retirement System of

Mississippi, Raiffeisen Kapitalanlage-Gesellschaft m.b.H. and Stichting Pensioenfonds ABP

(collectively, "Lead Plaintiffs"), individually and on behalf of the Class, and the following

defendants in the Delphi Securities Action: (i) Delphi Corporation ("Delphi"), (ii) Delphi Trust I

and Delphi Trust II; (iii) J.T. Battenberg III, John G. Blahnik, Robert H. Brust, Virgis W.

Colbert, Alan S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin,

Oscar de Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L.

Runkle, John D. Sheehan, and Patricia C. Sueltz (collectively, these individuals will be referred

to herein as the "Delphi Officer and Director Defendants"), and (iv) Banc of America Securities

LLC, Barclays Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global Markets Inc.,

Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston Corporation), Merrill

Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS

Securities LLC, and Wachovia Capital Markets, LLC (collectively, the "Underwriter

Defendants") (Delphi, Delphi Trust I, Delphi Trust II, the Delphi Officer and Director

Defendants and the Underwriter Defendants are collectively referred to as the "Settling

Defendants");

WHEREAS, in an Order and Final Judgment dated January 23, 2008, the Court certified

the Class for settlement purposes only and approved the terms of the Settlement set forth in the

Stipulation and Agreement of Settlement With Certain Defendants, dated August 31, 2007 (the

"Stipulation"), as amended by the parties thereto on January 11, 2009 (the "First Modification");

and

WHEREAS, in light of intervening developments following the Court's approval, the

parties to the Stipulation and the First Modification have agreed to modify the terms of the

Settlement set forth therein, and now present the Second Modification for preliminary approval

by the Court, and for approval of the form and manner of providing notice of the Second

Modification to the Class, and for the scheduling of a hearing; and

WHEREAS, for purposes of this Order for Notice and Hearing, all capitalized terms not

otherwise defined herein have the meaning ascribed to them in the Stipulation, as modified by

the First Modification and the Second Modification;

NOW, upon consent of the Settling Parties, after review and consideration of the Second

Modification and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1.      Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the "Hearing") shall be held on _____, 2009, at ____ __.m., in the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Gerald E. Rosen presiding, to

a.      determine whether the Second Modification should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class.

b.      determine whether Judgment should be entered pursuant to the Second Modification.

c.      rule on such other matters as the Court may deem appropriate.

2.      The Court reserves the right to adjourn the Hearing or any adjournment thereof, without further notice of any kind to Class Members.

3.      The Court reserves the right to approve the Second Modification at or after the Hearing with such modification as may be consented to by the Settling Parties and without further notice to the Class.

4.      The Claims Administrator shall mail the Notice, substantially in the form of Exhibit A-1 to the Second Modification, by postcard by United States mail, postage pre-paid, to all Class Members to whom notice of the Stipulation was mailed.  Such mailing shall occur within fifteen (15) calendar days of entry of this Order.

5.      Pursuant to the Website Notice, each nominee who receives the Notice shall either: (1) send the Notice to Class Members for which they act as nominee by first class mail within seven (7) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice to all Class Members who are on the list received from the nominee.  The Claims Administrator shall, if requested, reimburse banks,

3

brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in
providing notice to beneficial owners who are Class Members, which expenses would not have
been incurred except for the sending of the Notice, subject to further order of this Court with
respect to any dispute concerning such compensation.

6.      To the extent that a nominee has previously requested that the Claims
Administrator provide it with additional copies of the original notice to the Class so that the
nominee could forward the original notice to beneficial owners, the Claims Administrator shall
provide such nominee with an equal number of copies of the Notice and request that the nominee
distribute the Notice to its beneficial owners who are Class Members.

7.      Co-Lead Counsel shall file with the Court and serve upon Settling Defendants'
counsel no later than seven (7) days prior to the Hearing an affidavit or declaration describing the
efforts taken to comply with this order and stating that the mailings have been completed in
accordance with the terms of this order.

8.      Within fifteen (15) calendar days of the entry of this Order, Co-Lead Counsel
shall cause to be published the Publication Notice, substantially in the form of Exhibit A-2 to the
Second Modification, once in the national edition of *The Wall Street Journal,* once in *Investor's
Business Daily,* once in *The Detroit Free Press* and once over the *PR Newswire*.  Co-Lead
Counsel shall file with the Court and serve upon Settling Defendants' Counsel no later than
seven (7) days prior to the Hearing an affidavit or declaration stating that the Publication Notice
has been published in accordance with the terms of this Order.

9.      Within fifteen (15) calendar days of the entry of this Order, Co-Lead Counsel
shall cause the Website Notice substantially in the form of Exhibit A-3 to the Second
Modification to be posted on the website www.delphiclasssettlement.com and maintained until
the Effective Date.  The form and content of the Notice, the Publication Notice and the Website

4

Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and

conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section

21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7),

including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due

process, constitute the best notice practicable under the circumstances, and shall constitute due

and sufficient notice to all persons and entities entitled thereto.

10.    Any member of the Class who timely and properly objects to the Second

Modification may appear in person or by his, her, or its attorney, at his, her, or its own expense,

at the Hearing and present evidence or argument that may be proper or relevant; *provided,*

*however*, that no person other than the parties and their counsel shall be heard, and no papers,

briefs, pleadings, or other documents submitted by any person shall be considered by the Court

unless on or before fourteen (14) days before the Hearing, such person files with the Court and

serves upon counsel listed below:  (1) a statement of such person's objections to any matters

before the Court concerning this Second Modification; (2) the grounds therefor or the reasons

that such person desires to appear and be heard, as well as all documents or writings such person

desires the Court to consider; (3) whether that person intends to present any witnesses; and

(4) the person's purchases and sales of Delphi Securities made during the Class Period, including

the dates, the number of securities purchased or sold, the price(s) paid or received per Delphi

Security for each such purchase or sale, and whether such person continues to hold such Delphi

Securities at the time the statement of objection is served.  Such filings shall be served upon the

Court and the following counsel:

**BARROWAY TOPAZ KESSLER**
**MELTZER  & CHECK, LLP**
Michael K. Yarnoff
280 King of Prussia Road
Radnor, PA 19087

5

**NIX, PATTERSON & ROACH, L.L.P.**
Bradley E. Beckworth
Jeffrey J. Angelovich
205 Linda Drive
Daingerfield, Texas 75638

**GRANT & EISENHOFER P.A.**
Stuart M. Grant
James J. Sabella
485 Lexington Avenue
New York, New York 10017

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Max Berger
John P. Coffey
1285 Avenue of the Americas
New York, New York 10019

*Co-Lead Counsel for Lead Plaintiffs*

**SHEARMAN & STERLING LLP**
Stuart J. Baskin
Brian H. Polovoy
599 Lexington Avenue
New York, New York 10022-6069

*Counsel for Delphi, Delphi Trust I and Delphi Trust II, and certain Delphi Officer and Director Defendants*

**SIDLEY AUSTIN LLP**
Andrew W. Stern
787 Seventh Avenue
New York, New York 10019

*Counsel for the Underwriter Defendants*

**MILLER, CANFIELD, PADDOCK and STONE, PLC**
Thomas W. Cranmer, Esq.
Matthew P. Allen, Esq.
150 W. Jefferson, Suite 2500
Detroit, MI  48226

*Counsel for certain of the Delphi Officer and Director Defendants*

11.    Any Class Member who does not object to the Second Modification in the manner

prescribed in the Website Notice shall be deemed to have waived such objection and shall

forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of

the proposed Second Modification or the Order and Final Judgment to be entered herein.

12.    Any person falling within the definition of the Class may, upon request, be

excluded from the Class.  Any such person must submit to the Claims Administrator a request

for exclusion ("Request for Exclusion") so that it is received by the Claims Administrator on or

before fourteen (14) days before the Hearing.  A Request for Exclusion must state:  (1) the name,

address, and telephone number of the person requesting exclusion; (2) the person's purchases

and sales of Delphi Securities made during the Class Period, including the dates, the number of

securities purchased or sold, the price(s) paid or received per Delphi Security for each such

purchase or sale, and whether such person continues to hold such Delphi Securities at the time

the statement of objection is served; (3) the amount or number of Delphi Securities held as of the

beginning of the Class Period on March 7, 2000; and (4) that the person wishes to be excluded

from the Class.  All persons who submit valid and timely Requests for Exclusion in the manner

set forth in this paragraph and the Website Notice shall have no rights under the Settlement and shall not share in the distribution of the Net Settlement Fund.

13.     Neither the Second Modification nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Settling Defendant or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

14.     Any party making submissions to the Court in support of approval of the Second Modification shall do so by seven (7) calendar days before the date scheduled for the Hearing.

15.     The Court authorizes payment out of the Gross Settlement Fund of notice and administration expenses in accordance with the Stipulation, as modified by the First Modification and the Second Modification.

16.     The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this _____ day of July 2009.


_____
**GERALD E. ROSEN**
**CHIEF UNITED STATES DISTRICT JUDGE**


8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
                                                           :
IN RE: DELPHI CORPORATION                                  :        MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"                           :        Master Case No. 05-md-1725
LITIGATION                                                 :        Hon. Gerald E. Rosen
                                                           :
                                                           :        This Document Relates to:
                                                           :        In Re: Delphi Corp. Securities Litig.
-----------------------------------------------------------x
```

## NOTICE OF PROPOSED MODIFICATION TO SETTLEMENT

YOU ARE HEREBY NOTIFIED that a Second Modification to the Settlement with certain defendants in the Delphi Securities Action has been preliminarily approved by the Court. The Second Modification accelerates the timing and assures the payment of the Class's recovery but decreases the consideration received by the Class. Under the Second Modification, the aggregate recovery for the Class will be no less than $90.1 million (less Court-approved attorneys' fees and expenses), the average estimated payment to Class Members will be no less than $0.13 per share of Delphi common stock and the average reduction to the recovery per share for Court-awarded attorneys' fees and expenses is approximately $0.02 per share.

For more details, please visit www.delphiclasssettlement.com or call (800) ___-____. A hearing will be held before the Honorable Gerald E. Rosen in the Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226 in Courtroom ____, at ____:_____ __.m., on

**EXHIBIT A-1**

_____, 2009 to determine whether the Second Modification should be finally approved by the Court as fair, reasonable and adequate.

You may object to the Second Modification or request exclusion from the Settlement as modified.  To properly object or request exclusion, you must follow the instructions in the Website Notice found at [www.delphiclasssettlement.com](www.delphiclasssettlement.com). Any objection or request for exclusion must be properly filed by _____ _, 2009.

By Order of The Court

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

```
------------------------------------------------------------x
                                       :
                                       :
IN RE: DELPHI CORPORATION              :      MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"       :      Master Case No. 05-md-1725
LITIGATION                             :      Hon. Gerald E. Rosen
                                       :
                                       :      This Document Relates to:
                                       :      In Re: Delphi Corp. Securities Litig.
                                       :      No. 06-10026, and Case Nos.
                                       :      06-10025, 06-10027, 06-10028,
                                       :      06-10029, 06-10030, 06-10031, and
                                       :      06-10032
------------------------------------------------------------x
```

## SUMMARY NOTICE OF PROPOSED SECOND MODIFICATION TO THE TERMS OF THE SETTLEMENT WITH CERTAIN DEFENDANTS

YOU ARE HEREBY NOTIFIED that a proposed second modification ("Second Modification") to the terms of the settlement with certain defendants in the above-referenced Delphi Securities Action has been presented to, and tentatively approved by, the Court. This Second Modification amends the settlement terms set forth in the Stipulation and Agreement of Settlement With Certain Defendants (the "Stipulation") dated August 31, 2007, as amended on January 11, 2008 (the "First Modification"), which was approved by the Court on January 23, 2008 following a fairness hearing and notice the Class. Unless stated otherwise, all terms capitalized herein are as defined in the Stipulation, as modified by the First Modification and the Second Modification.

**EXHIBIT A-2**

The proposed Second Modification accelerates the timing and assures the payment of the Class's recovery but decreases the consideration received by the Class.  A summary of the proposed modifications follows:

1.    The Settlement will become effective independent of the occurrence of the Bankruptcy Effective Date and/or the substantial consummation of any Delphi plan of reorganization, and thus, the $90.1 million in cash (plus interest), less Court-approved attorneys' fees and expenses, currently being held in escrow will be distributed pursuant to the terms of the Stipulation, as modified by the First Modification and the Second Modification, regardless of when or whether Delphi emerges from bankruptcy.

2.    The Section 510(b) Claim granted to the Class pursuant to the Stipulation and the First Modification will remain allowed in the same aggregate face amount as set forth in the First Modification, but will not be guaranteed any particular treatment or classification in any plan of reorganization that ultimately may be consummated.  Under the terms of Delphi's current proposed plan of reorganization, the Section 510(b) Claim would not have any value.

3.    The $15 million cash payment which Delphi originally agreed to cause to be paid by a third party in the First Modification will not be paid.

The parties disagree on the amount of damages, if any, that could have been recovered if the Class prevailed on each claim at trial.  Assuming the Section 510(b) Claim has no value, the aggregate amount of the settlement consideration is no less than $90.1 million.  Based upon the claims submitted by Class Members to date, Lead Counsel estimate that the average payment to Class Members would be no less than $0.13 per share of Delphi common stock, after taking into

2

consideration the relative average payment that would be paid to Authorized Claimants who purchased Delphi Notes during the Class Period.

Co- Lead Counsel were previously awarded attorneys' fees of 18% of the Gross Settlement Fund and reimbursement of costs and expenses in the amount of $1.3 million. The average reduction to the recovery per share of Delphi common stock attributable to the Court-awarded attorneys' fees and expenses is approximately $0.02.

Lead Plaintiffs and Lead Counsel have determined that, based upon (i) the dramatic change in Delphi's circumstances since they entered into the First Modification, including the catastrophic downturn in the economy, and in the auto industry in particular, and (ii) the fact that the Bankruptcy Effective Date will not occur with respect to the plan of reorganization that was the subject of the Confirmation Order by the Bankruptcy Court, it is in the best interest of the Class to allow the Settlement to become effective without regard to the occurrence of the Bankruptcy Effective Date and/or consummation of Delphi's plan of reorganization in the bankruptcy proceeding.

For a more detailed description of the proposed Second Modification to the terms of the Settlement, please visit www.delphiclasssettlement.com to download all relevant documents, including the Website Notice and the Second Modification, or call (800) ___-____.

A hearing will be held before the Honorable Gerald E. Rosen in the United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226 in Courtroom ____, at ____:____ __.m., on _____, 2009 to determine whether: (1) the Second Modification should be approved by the Court as fair, reasonable and adequate; (2) Judgment should be entered pursuant to the Second Modification; and (3) such other matters as the Court deems appropriate to rule upon.

You may object to the proposed Second Modification or request exclusion from the Settlement, as modified by the First Modification and the Second Modification.  To properly object or request exclusion, you must follow the instructions for doing so in the Website Notice, which is available at the above-referenced website.  Any objection or request for exclusion must be properly filed by _____ _, 2009.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Delphi Securities during the Class Period as nominee for a beneficial owner, you are hereby directed to follow the instructions for securities brokers and other nominees contained in the Website Notice available at www.delphiclasssettlement.com.

By Order of The Court

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

```
--------------------------------------------------------------x
                                          :
                                          :
IN RE: DELPHI CORPORATION                 :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"          :    Master Case No. 05-md-1725
LITIGATION                                :    Hon. Gerald E. Rosen
                                          :
                                          :    This Document Relates to:
                                          :    In Re: Delphi Corp. Securities Litig.
                                          :    No. 06-10026, and Case Nos.
                                          :    06-10025, 06-10027, 06-10028,
                                          :    06-10029, 06-10030, 06-10031, and
                                          :    06-10032
                                          :
--------------------------------------------------------------x
```

### NOTICE OF PROPOSED SECOND MODIFICATION TO THE TERMS OF THE SETTLEMENT WITH CERTAIN DEFENDANTS

This notice provides important information concerning modifications to the settlement with certain defendants (the "Settlement") in the above-captioned action (the "Delphi Securities Action") brought against Delphi Corporation ("Delphi") and other persons and entities (identified below) relating to publicly traded securities issued by Delphi during the period described below. Your rights may be affected by this notice.  You should read this notice carefully.

TO:     The "Class," consisting of all persons and entities who purchased or otherwise acquired publicly traded securities of Delphi Corporation, including securities issued by Delphi Trust I and Delphi Trust II ("Delphi Securities"), during the period between March 7, 2000 and March 3, 2005, inclusive (the "Class Period"), and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement.

You or someone in your family may have purchased or otherwise acquired Delphi Securities between March 7, 2000 and March 3, 2005, inclusive.  If the description above applies to you, you may be part of the Class and may have a right to know about the modifications to the Settlement of the Delphi Securities Action and about all of your options.

EXHIBIT A-3

YOU ARE HEREBY NOTIFIED that Lead Plaintiffs Teachers' Retirement

System of Oklahoma, Public Employees' Retirement System of Mississippi, Raiffeisen

Kapitalanlage-Gesellschaft m.b.H., and Stichting Pensioenfonds ABP (collectively, the "Lead

Plaintiffs") and Defendants Delphi Corporation ("Delphi"); Delphi Trust I and Delphi Trust II; J.T.

Battenberg III, John G. Blahnik, Robert H. Brust, Virgis W. Colbert, Alan S. Dawes, David N. Farr,

Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de Paula Bernardes Neto, Cynthia A.

Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle, John D. Sheehan, and Patricia C.

Sueltz (collectively, the "Delphi Officer and Director Defendants"); and Banc of America

Securities LLC, Barclays Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global

Markets, Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston Corporation),

Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS

Securities LLC, and Wachovia Capital Markets, LLC (collectively, the "Underwriter Defendants")

have proposed a second modification ("Second Modification") to the terms of the Settlement in the

Delphi Securities Action which has been presented to, and tentatively approved, by the Court.

This Second Modification amends the Settlement terms set forth in the Stipulation of Settlement

With Certain Defendants (Stipulation") dated August 31, 2007, as amended by the parties on

January 11, 2008 in the Stipulation Modifying Agreement of Settlement With Certain Defendants

(the "First Modification").  Unless stated otherwise, all capitalized terms herein are as defined in

the Stipulation, as modified by the First Modification and the Second Modification.

## A.  PROCEDURAL HISTORY OF THE SETTLEMENT

On August 31, 2007, the parties executed the Stipulation which provided for a final

settlement and resolution of the Settled Claims against the Released Parties.  On September 5,

2007, the Court preliminarily approved the Settlement, and on November 13, 2007, after notice

was provided to the Class, conducted a fairness hearing concerning final approval of the Settlement.

In the interim, on September 6, 2007, Delphi filed in the Bankruptcy Court their Joint Plan of Reorganization ("Plan") which included the Stipulation as an exhibit thereto. Consistent with the Stipulation, on September 7, 2007, Delphi filed a motion in the Bankruptcy Court seeking approval of the Settlement. On October 29, 2007, the Bankruptcy Court preliminarily approved the Settlement and scheduled the matter for final consideration to be heard in conjunction with Delphi's confirmation hearing concerning the Plan.

Throughout the confirmation process, Delphi filed certain amendments to the Plan to reflect agreements with Delphi's key stakeholders and obtain their support of the Plan. As a result of those amendments, Delphi and the Lead Plaintiffs agreed to modify the Stipulation, subject to the approval of the Court and the Bankruptcy Court, with respect to the consideration to be provided by Delphi thereunder: The parties agreed that the aggregate face amount of the Section 510(b) Claim would be reduced, and that Delphi would cause to be paid, pursuant to an agreement with a certain third-party, $15 million in cash (the "$15 Million Payment") to the Escrow Agent subsequent to the Effective Date of the Plan, and would establish a process by which the Lead Plaintiffs, as representatives of the Class, might exercise the rights distributed to them under the discount rights offering contemplated by the Plan.

At a hearing on December 4, 2007, the District Court found that the proposed modifications to the Stipulation had at least a neutral impact upon the Class and potentially provided a net benefit to the Class, and tentatively approved the modifications subject to final consideration after publication of a supplemental notice affording Class Members an opportunity

to object solely to the modifications, as specified by the Court.  No objections were received by Lead Plaintiffs or filed with the Court in connection with these modifications.

On January 11, 2008, the parties executed the First Modification memorializing the modifications tentatively approved by the Court.  The Court granted final approval of the Settlement, as modified by the First Modification, in an opinion and order issued on January 10, 2008 and amended on January 11, 2008.

On January 23, 2008, the Court entered an Order and Final Judgment dismissing with prejudice the Complaint in its entirety against Delphi, the Delphi Officer and Director Defendants, the Underwriter Defendants, and defendants Thomas Wyman and Shoichiro Irimajiri without costs, except as provided in the Stipulation.  On the same day, the Court entered an Order and Final Judgment dismissing with prejudice all claims in the complaint in the Delphi ERISA Action against all defendants in that action other than State Street Bank and Trust Company.

On January 25, 2008, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order") and approving the Settlement, as modified by the First Modification.

## B.  REASONS FOR AND TERMS OF SECOND MODIFICATION

### 1.  Reasons for Second Modification

Although approved by the Bankruptcy Court and the Court, the Settlement, as modified by the First Modification, could not by its terms become effective until the Bankruptcy Effective Date, which would occur upon substantial consummation of the Plan of Reorganization in Delphi's bankruptcy proceeding.  Delphi has continued to work with its stakeholders to complete its restructuring efforts; nonetheless, the Plan of Reorganization originally approved by the Bankruptcy Court in the Confirmation Order will not be consummated, and thus, the Settlement, as modified by the First Modification, cannot become effective according to its terms.  As a result,

4

the parties to the Stipulation and the First Modification determined that, based upon (i) the

dramatic change in Delphi's circumstances since they entered into the First Modification,

including the catastrophic downturn in the economy, and in the auto industry in particular, and (ii)

the fact that the Bankruptcy Effective Date will not occur with respect to the Plan that was the

subject of the Confirmation Order, it is in their best interests to enter into the Second Modification,

to, *inter alia*, make the releases granted in the Settlement effective, and to allow for distribution to

the Class of the cash held in escrow without regard to consummation of Delphi's plan of

reorganization in the bankruptcy proceeding.  Without the Second Modification, the cash

payments would remain in escrow indefinitely and the Effective Date as originally contemplated

would never occur.

In sum, this Second Modification will allow Class Members to finally receive distribution

of settlement funds that they are entitled to receive.

## 2. Terms of the Second Modification

On July 10, 2009, the parties to the Stipulation and First Modification entered into the

Second Modification, which amended the Settlement as follows:

The Section 510(b) Claim granted to the Class pursuant to the Stipulation and the First

Modification will remain allowed in the same aggregate face amount as set forth in the First

Modification, but will not be guaranteed any particular treatment or classification, and instead will

be a claim to be classified under the Delphi Plan of Reorganization subject to further modifications

and/or rulings of the Bankruptcy Court except as to the aggregate face amount of the Section 510(b)

Claim.  Under the terms of Delphi's current proposed plan of reorganization, the Section 510(b)

Claim would not have any value.  Regardless of the ultimate treatment and classification of the

Section 510(b) Claim however, the Settlement, as modified by the First Modification and the

Second Modification, will be effective and final as of the Effective Date set forth in the Stipulation, as modified by the First Modification and the Second Modification.

With respect to the $15 Million Payment provided for in the First Modification, the parties have agreed that, since they entered into the First Modification, circumstances have changed dramatically such that it is no longer possible for Delphi to cause to be paid to the Escrow Agent the $15 Million Payment pursuant to an agreement with a third party, which itself has filed for bankruptcy protection.

The Second Modification further provides that the Settlement will become effective upon the entry of an order by each of the Bankruptcy Court and the Court approving the Second Modification (and the corresponding modification to the settlement of the ERISA Action), and such orders becoming Final, independent of the occurrence of the Bankruptcy Effective Date and/or substantial consummation of Delphi's plan of reorganization.

The parties disagree on the amount of damages, if any, that could have been recovered if the Class prevailed on each claim at trial. Assuming the Section 510(b) Claim has no value, the aggregate amount of the settlement consideration is no less than $90.1 million. Based upon the claims submitted by Class Members to date, Lead Plaintiffs estimate that the average payment to Class Members would be no less than $0.13 per share of Delphi common stock, after taking into consideration the relative average payment that would be paid to Authorized Claimants who purchased Delphi Notes during the Class Period.

Co- Lead Counsel were previously awarded attorneys' fees of 18% of the Gross Settlement Fund and reimbursement of costs and expenses in the amount of $1.3 million. The average reduction to the recovery per share of Delphi common stock attributable to the Court-awarded attorneys' fees and expenses is approximately $0.02.

### C.  CLASS MEMBERS' RIGHTS AND OBLIGATIONS

A hearing will be held before the Honorable Gerald E. Rosen in the United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226  in Courtroom _____, at _____:_____ __.m., on _____ __, 2009  (the "Hearing") to determine whether: (1) the Second Modification should be approved by the Court as fair, reasonable and adequate; (2) Judgment should be entered pursuant to the Second Modification; and (3) such other matters as the Court deems appropriate to rule upon.

If you are a Class Member, you may object to any aspect of the proposed Second Modification.  To object, you must send a letter stating that you are a Class Member, that you object to the Second Modification in *In re Delphi Securities, Derivative and ERISA Litigation*, MDL No. 1725, Case No. 05-md-1725, and the reasons why you object.  In your objection, you must include your name, address, telephone number, and your signature.  You must also include information concerning your transactions in Delphi Securities during the Class Period, including the dates, prices paid or received and amounts purchased, acquired or sold and held at the end of the Class Period, so that the Court may determine that you are part of the Class and have an economic interest in any aspect of the Settlement.  If you intend to present any witnesses at the Hearing, you must also so state.  Your objection must be filed with the Court by _____, 2009, and received no later than _____, 2009, by counsel listed below:

**Co-Lead Counsel for Plaintiffs:**

**BARROWAY TOPAZ KESSLER**
**MELTZER & CHECK, LLP**
Michael K. Yarnoff
280 King of Prussia Road
Radnor, PA 19087

**NIX, PATTERSON & ROACH, L.L.P.**
Bradley E. Beckworth

Jeffrey J. Angelovich
205 Linda Drive
Daingerfield, Texas 75638

**GRANT & EISENHOFER P.A.**
Stuart M. Grant
James J. Sabella
485 Lexington Avenue
New York, New York 10017

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Max Berger
John P. Coffey
1285 Avenue of the Americas
New York, New York 10019

**Settling Defendants' Counsel:**

**SHEARMAN & STERLING LLP**
Stuart J. Baskin
Brian H. Polovoy
599 Lexington Avenue
New York, New York 10022-6069

**SIDLEY AUSTIN LLP**
Andrew W. Stern
787 Seventh Avenue
New York, New York 10019

**MILLER, CANFIELD, PADDOCK and STONE, PLC**
Thomas W. Cranmer, Esq.
Matthew P. Allen, Esq.
150 W. Jefferson, Suite 2500
Detroit, MI  48226

You may also exclude yourself from the Class and the Settlement, as modified by the First

Modification and the Second Modification.  To do so, you must send a letter by mail to the Claims

Administrator saying that you want to be excluded from *In re Delphi Securities, Derivative and*

*ERISA Litigation*, MDL No. 1725, Case No. 05-md-1725.  If you wish to exclude yourself from

the Class, be sure to include your name, address, telephone number, and signature, and mail your

exclusion request postmarked no later than _____, 2009 to:

8

In re Delphi Corporation Securities Litigation Settlement
c/o The Garden City Group, Inc.
Exclusions
Claims Administrator
P.O. Box 9185
Dublin, OH  43017-4185

Requests for exclusion must also list the amount and type of all Delphi Securities purchased, acquired, or sold during the Class Period, the prices paid or received, the date of each transaction and the amount or number of Delphi Securities held as of the beginning of the Class Period on March 7, 2000 and at the end of the Class Period on March 3, 2007.

You cannot exclude yourself on the website, by telephone or by e-mail.  If you do not follow these procedures – including meeting the date for exclusion set out above – you will not be excluded from the Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement.  If you wish to be excluded, you must request exclusion even if you already have a pending case against any of the Released Parties based upon any Settled Claims.

It is very important to understand that under the circumstances of the Delphi Bankruptcy Case and Delphi's Plan of Reorganization, submitting a request for exclusion from the Settlement will not necessarily entitle you to pursue any Settled Claim against any Released Party.  If your desire is to pursue your own litigation against any of the Released Parties, you should consult with your counsel prior to excluding yourself.

If you request to be excluded, you will not receive a Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit or the Settlement.  You will also not participate in any recovery resulting from the Contingent Payment.

### D.  ATTORNEYS' FEES AND EXPENSES

The Court granted final approval of the Settlement, as modified by the First Modification, in an opinion and order issued on January 10, 2008 and amended on January 11, 2008.  By the same Order, the Court awarded Lead Plaintiffs' Counsel attorneys' fees in the amount of 18% of the Gross Settlement Fund and $1.3 million in costs and expenses.  Lead Plaintiffs' Counsel have not requested any additional fees and expenses in connection with the Second Modification.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

The Court has ordered that if you purchased or acquired Delphi Securities during the Class Period as nominee for a beneficial owner, then within seven (7) calendar days after you receive the Notice, you must either: (a) send a copy of the Notice by first class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address so that the Claims Administrator can provide them with a copy of the Notice:

*In re Delphi Corporation Securities Litigation Settlement*
**c/o The Garden City Group, Inc.**
**Claims Administrator**
**P.O. Box 9185**
**Dublin, OH  43017-4185**

You are entitled to reimbursement of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.

## GETTING MORE INFORMATION

This notice summarizes the proposed terms of the Second Modification.  More details are contained in Second Modification itself, which is available at www.delphiclasssettlement.com, along with the Stipulation, the First Modification and the original notice mailed to the Class which

10

provide additional information concerning the Settlement.  If you have questions regarding how to

obtain copies of documents related to the Settlement, you may write to The Garden City Group at

the address listed above or call toll free at (800) ___-____.


By Order of the Court

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION


----------------------------------------------------------x
                                                          :
                                                          :
IN RE: DELPHI CORPORATION                                 :        MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"                          :        Master Case No. 05-md-1725
LITIGATION                                                :        Hon. Gerald E. Rosen
                                                          :
                                                          :        This Document Relates to:
                                                          :        In Re: Delphi Corp. Securities Litig.
                                                          :        No. 06-10026, and Case Nos.
                                                          :        06-10025, 06-10027, 06-10028,
                                                          :        06-10029, 06-10030, 06-10031, and
                                                          :        06-10032
----------------------------------------------------------x

## ORDER AND FINAL JUDGMENT

WHEREAS, this Order and Final Judgment amends that certain Order and Final

Judgment, dated January 23, 2008 (the "Original Judgment"), in the above-captioned proceeding;

WHEREAS, on August 31, 2007, Lead Plaintiffs, on behalf of themselves and the Class,

on the one hand, and Defendants (i) Delphi Corporation ("Delphi"); (ii) Delphi Trust I and

Delphi Trust II; (iii) J.T. Battenberg III, John G. Blahnik, Robert H. Brust, Virgis W. Colbert,

Alan S. Dawes, David N. Farr, Paul R. Free, Bernd Gottschalk, Susan A. McLaughlin, Oscar de

Paula Bernardes Neto, Cynthia A. Niekamp, John D. Opie, Roger S. Penske, Donald L. Runkle,

John D. Sheehan, and Patricia C. Sueltz (collectively, these individuals will be referred to herein

as the "Delphi Officer and Director Defendants"); and (iv) Banc of America Securities LLC,

Barclays Capital Inc., Bear, Stearns & Co. Incorporated, Citigroup Global Markets, Credit Suisse

Securities (USA) LLC (f/k/a Credit Suisse First Boston Corporation), Merrill Lynch, Pierce,

Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, and

Wachovia Capital Markets, LLC (collectively, the "Underwriter Defendants") (Delphi, Delphi

Trust I, Delphi Trust II, the Delphi Officer and Director Defendants and the Underwriter

Defendants are collectively referred to as the "Settling Defendants," and, together with Lead

Plaintiffs, the "Settling Parties") on the other hand, executed a Stipulation and Agreement of

Settlement with Certain Defendants (the "Stipulation") that would resolve the above-captioned

action (the "Delphi Securities Action") with respect to the Settling Defendants;

WHEREAS, Delphi is currently a debtor and debtor in possession in a Chapter 11

Proceeding (the "Delphi Bankruptcy Case") pending in the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court");

WHEREAS, this Court preliminarily approved the Settlement by Order of the Court

dated September 5, 2007 and, after due and adequate notice was provided to the Class, conducted

a fairness hearing (the "Fairness Hearing") on November 13, 2007 to consider whether the

Settlement should be approved as fair, reasonable and adequate;

WHEREAS, at the time of the Fairness Hearing on November 13, 2007, the Settlement

provided for a recovery with a potential value of $294,100,000, comprised of the following:  (i)

an allowed claim that will be paid in  Delphi Plan Currency pursuant to Delphi's Plan of

Reorganization with a potential value of $204,000,000 ("Delphi Consideration"); (ii)

$78,600,000 in cash on behalf of the Delphi Officer and Director Defendants; (iii) $1,500,000 in

cash by or on behalf of certain of the Underwriter Defendants; and (iv) contingent payments of

up to $10,000,000 in cash, also to be paid on behalf of the Delphi Officer and Director

Defendants;

WHEREAS, pursuant to the Stipulation, the Effective Date of the Settlement is contingent upon distribution of the Delphi Net Consideration, which is, in turn, contingent upon substantial consummation of Delphi's plan of reorganization (the "Delphi Plan of Reorganization") in the Delphi Bankruptcy Case (the "Bankruptcy Effective Date")

WHEREAS, subsequent to the Fairness Hearing, negotiations in connection with the Delphi Bankruptcy Case and the Delphi Plan of Reorganization occurred between Delphi and (i) the Statutory Committees appointed in the Delphi Bankruptcy Case; (ii) the investors identified in the Delphi Plan of Reorganization; and (iii) General Motors Corporation, for the purpose of building a consensus in support of Delphi's Plan of Reorganization and Delphi's emergence from Chapter 11;

WHEREAS, as a result of the above-referenced negotiations, the Settling Parties agreed to certain modifications to the Stipulation pursuant to which the Delphi Consideration portion of the Settlement would be modified to be comprised of the following payments made by or on behalf of Delphi, (i) an Allowed Claim in the pending Delphi Bankruptcy Case pursuant to Delphi's Plan of Reorganization with a potential value of $179,000,000 and (ii) $15,000,000 in cash which Delphi represented would be paid by a third-party and which Delphi would cause to be paid to the Escrow Agent within ten (10) days after the Bankruptcy Effective Date ("Additional Cash Contribution").  The Settlement would also still include, (i) $78,600,000 in cash on behalf of the Delphi Officer and Director Defendants; (ii) $1,500,000 in cash by or on behalf of certain of the Underwriter Defendants; and (iii) contingent payments of up to $10,000,000 in cash, also to be paid on behalf of the Delphi Officer and Director Defendants;

WHEREAS, in addition to the changes in the amount of the Delphi Consideration and the Additional Cash Contribution, Delphi further proposed to finance at no cost to the Class the cash

payment necessary for Lead Plaintiffs, on behalf of the Class, to exercise the rights being provided to the Class pursuant to the Discount Rights Offering (the "Financing Mechanism");

WHEREAS, without the Financing Mechanism, the Delphi Plan of Reorganization would otherwise require Lead Plaintiffs, on behalf of the Class, to exercise and pay for the rights in the Discount Rights Offering, to the extent so exercised, before the Effective Date of the Settlement at a potential cost to the Class;

WHEREAS, at a hearing on December 4, 2007, the Court found that the proposed modifications to the Stipulation had at least a neutral impact upon the Class and potentially provided a net benefit to the Class, and tentatively approved the First Modification subject to final consideration after publication of a supplemental notice affording Class Members an opportunity to object solely to the modifications as specified by the Court;

WHEREAS, having received no objections in connection with the proposed modifications, the Court rendered a decision approving the terms of the Settlement, as modified by the First Modification, in an opinion and order issued on January 10, 2008 and amended on January 11, 2008; by the same Order, the Court awarded Lead Plaintiffs' Counsel attorneys' fees in the amount of 18% of the Gross Settlement Fund and $1.3 million in costs and expenses;

WHEREAS, putative Class Member Sidney Bernstein filed a notice of appeal on January 10, 2008, and an amended notice of appeal on January 14, 2008. By order dated May 6, 2008, the Court of Appeals for the Sixth Circuit directed that briefing in the appeal be held in abeyance pending further developments in the Delphi Bankruptcy Case with respect to Delphi's restructuring efforts;

WHEREAS, on January 23, 2008, the Court entered the Original Judgment granting final approval to the Settlement, as modified by the First Modification, and dismissing with prejudice

the Complaint in its entirety against Delphi, the Delphi Officer and Director Defendants, the Underwriter Defendants, and defendants Thomas Wyman and Shoichiro Irimajiri without costs, except as provided in the Stipulation. On the same day, the Court entered judgment approving the settlement of the Delphi ERISA Action and dismissing with prejudice all claims in the complaint against all defendants in that action other than State Street Bank and Trust Company;

WHEREAS, on January 25, 2008, the Bankruptcy Court entered an order confirming the Plan and an order approving the Settlement, as modified by the First Modification, which became Final on February 4, 2008;

WHEREAS, since the Original Judgment was entered, certain adverse developments have occurred in the Delphi Bankruptcy Case such that the Bankruptcy Effective Date cannot occur with respect to the Plan that was confirmed by the Bankruptcy Court, which in turn, has prevented the occurrence of the Effective Date of the Settlement, as modified by the First Modification;

WHEREAS, as a result of the above-referenced developments in the Delphi Bankruptcy Case, the Settling Parties have agreed to certain further modifications pursuant to which, subject to approval by the Court and the Bankruptcy Court, (i) the Settlement, as modified by the First Modification, would become effective independent of the occurrence of the Bankruptcy Effective Date and/or the substantial consummation of any Delphi plan of reorganization; (ii) with respect to the Additional Cash Contribution, the Settling Parties agreed that, since they entered into the First Modification, economic circumstances have changed dramatically such that it is no longer possible for Delphi to cause to be paid to the Escrow Agent the Additional Cash Contribution pursuant to an agreement with a third party, as contemplated by the First Modification; and (iii) with respect to ongoing bankruptcy matters, the Settling Parties agreed

that the Section 510(b) Claim granted to the Class pursuant to the Stipulation and the First

Modification will remain allowed in the aggregate face amount of $179,000,000, but will not be

guaranteed any particular treatment or classification, and instead will be a claim to be classified

under the Delphi Plan of Reorganization subject to further modifications and/or rulings of the

Bankruptcy Court except as to the aggregate face amount of the Section 510(b) Claim;

WHEREAS, Lead Counsel have consulted with bankruptcy counsel and Lead Counsel's

investment advisor, and have determined that the proposed modifications to the Stipulation and

the First Modification benefit the Class because, without regard to the occurrence of the

Bankruptcy Effective Date, Class Members will be able to receive i) $78,600,000 in cash paid on

behalf of the Delphi Officer and Director Defendants; ii) $1,500,000 in cash paid by or on behalf

of certain of the Underwriter Defendants; and iii) contingent payments of $10,000,000 in cash

paid on behalf of the Delphi Officer and Director Defendants;

WHEREAS, on July 10, 2009, the Settling Parties executed the Second Stipulation

Modifying Agreement of Settlement With Certain Defendants (the "Second Modification"),

which memorialized the above-referenced modifications to the Stipulation and the First

Modification;

WHEREAS, the separate stipulation of settlement of the Delphi ERISA Action is being

modified on terms similar to the Second Modification (the "ERISA Stipulation Modification");

WHEREAS, on _____, 2009 the Sixth Circuit Court of Appeals granted the Settling

Parties' joint motion for remand of the Original Judgment then pending on appeal, and on

_____, 2009, this Court granted Settling Parties' joint motion under Rule 60(b)(6) to amend

the Original Judgment to allow the Settling Parties to submit the Second Modification for the

Court's consideration and approval following notice to the Class;

WHEREAS, on _____, 2009, the Court issued an Order for Notice and Hearing (i) granting preliminary approval to the Second Modification; (ii) directing notice to be provided to the Class affording Class Members an opportunity to object to the Second Modification or to request exclusion from the Settlement, as modified by the First Modification and the Second Modification; and (iii) setting a date for a hearing before the Court;

AND NOW, after hearings before this Court on the 13th day of November 2007, the 4th day of December 2007, and the __ day of ____ 2009, to (i) determine whether the Settlement, as modified by the First Modification and the Second Modification, should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class; (ii) determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable; (iii) determine whether judgment should be entered pursuant to the Stipulation, as modified by the First Modification and the Second Modification, inter alia, dismissing the Delphi Securities Action against the Settling Defendants with prejudice and extinguishing and releasing all Settled Claims, and barring the Barred Claims; (iv) determine whether the Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and (b); (v) rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and (vi) rule on such other matters as the Court may deem appropriate;

The Court having considered all matters submitted to it at the hearings and otherwise; and it appearing that notice of the above-referenced hearings substantially in the forms approved by the Court was provided to all reasonably identifiable persons and entities who purchased or otherwise acquired publicly traded securities of Delphi, including securities issued by Delphi Trust I and Delphi Trust II ("Delphi Securities"), between March 7, 2000 and March 3, 2005,

inclusive, who were damaged thereby (i) by mailing notice of the Settlement, as modified by the

First Modification and Second Modification, to such persons and entities at the respective

addresses set forth in Delphi's records or by forwarding such notice to beneficial owners of such

Delphi Securities as identified by brokers and other nominee record owners; (ii) by publishing

notice pursuant to the specifications of the Court as required by the Orders for Notice and

Hearing dated September 5, 2007 and _____, 2009; (iii) by posting and maintaining such

notices and other settlement-related documents on the settlement administration website; and no

objections to the First Modification or the Second Modification having been filed or received, or

such objections having been overruled; and the Court having considered and approved the Plan

of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the

members of the Class; and the Court having considered and determined the fairness and

reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms

not defined but used herein having the meanings as set forth and defined in the Stipulation, as

modified by the First Modification and the Second Modification;

      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.    The Court has jurisdiction over the subject matter of the Delphi Securities

Action and the settling parties, including all Class Members.

      2.    The Court finds that the prerequisites for a class action under Federal

Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Class

Members is so numerous that joinder of all Class Members is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the

claims of the Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and

adequately represent the interests of the Class; and (e) a class action is superior to other available

methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class shall consist of all persons and entities who purchased or otherwise acquired Delphi Securities between March 7, 2000 and March 3, 2005, inclusive, and who suffered damages thereby, including all persons and entities who acquired shares of Delphi common stock and preferred stock in the secondary market and all persons or entities who acquired debt securities of Delphi in the secondary market or pursuant to a registration statement.  Excluded from the Class are: (i) any Defendant; (ii) any member of the family of any of the Delphi Officer and Director Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) any officer, director or partner of any Defendant or their subsidiary or affiliate; or (v) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the Class are any putative members of the Class who have excluded themselves by timely requesting exclusion in accordance with the requirements set forth in the notices provided to the Class, as listed on Exhibit A attached hereto; such putative members of the Class shall not participate in the Net Settlement Fund.

4.      The notices that were published and mailed to the Class, and the notice methodology implemented pursuant to the Court's Orders for Notice and Hearing dated September 5, 2007 and _____, 2009 (i) constituted the best practicable notice; (ii) constituted

notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Delphi Securities Action, of the effect of the Stipulation and the First Modification and the Second Modification, including releases, of their right to object to the proposed Settlement, the First Modification and the Second Modification, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of the Court and any other applicable law.

5.    The Settlement, as modified by the First Modification and the Second Modification, is finally approved as fair, reasonable and adequate.  Subject to the terms and provisions of the Stipulation, the First Modification and the Second Modification, the Settling Parties are directed to consummate the Settlement, as modified thereby.

6.    Lead Counsel shall have the discretion to dispose of and liquidate the Delphi Consideration, if any, and/or any distribution on account of the Section 510(b) Claim, in whole or in part.  To the extent the Delphi Consideration, if any, consists of interests in the Discount Rights Offering or other similar consideration, Lead Counsel shall have the discretion to take any action that Lead Counsel determines is in the best interests of the Class with respect to such interests in the Discount Rights Offering or other similar consideration.  The discretion granted to Lead Counsel shall, without limitation, include taking any action necessary to participate in the Discount Rights Offering or such other similar consideration or refraining from

-10-

participating in the Discount Rights Offering or other similar consideration, if, in Lead Counsel's judgment, such participation is not feasible and/or not in the best interests of the Class. Lead Counsel may charge to the Settlement Fund any expenses incurred in connection with any of the actions contemplated by this paragraph.

7.    The Delphi Securities Action and the Complaint, which the Court finds was filed against the Settling Defendants in good faith in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed in its entirety with prejudice and without costs, except as provided in the Stipulation as modified by the First Modification and the Second Modification, as against the Settling Defendants and defendants Thomas Wyman and Shoichiro Irimajiri.

8.    Upon the Effective Date of the Settlement as modified by the First Modification and the Second Modification, Lead Plaintiffs and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns, with respect to each and every Settled Claim, release and forever discharge, and are forever enjoined from prosecuting, any Settled Claim against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Party or any other person who may claim any form of contribution or indemnity from any Released Party in respect of any Settled Claim or any matter related thereto, at any time on or after the Effective Date.

9.    Upon the Effective Date of the Settlement as modified by the First Modification and the Second Modification, Lead Plaintiffs and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors

-11-

and assigns, with respect to each and every Settled Claim, release and forever discharge, and are

forever enjoined from prosecuting all claims against Co-Lead Counsel or any or all of the Lead

Plaintiffs, the Settling Defendants, or Released Parties and/or their respective counsel, that relate

in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences

or oral or written statements or representations in connection with or directly or indirectly

relating to the prosecution, defense or settlement of the Delphi Securities Action as against the

Settling Defendants or in connection with or directly or indirectly relating to the Stipulation, as

modified by the First Modification and the Second Modification or to attorneys' fees, costs or

disbursements incurred by Co-Lead Counsel or other counsel representing Lead Plaintiffs or the

Class Members in the Delphi Securities Action.

    10.  Upon the Effective Date of the Settlement, as modified by the First

Modification and the Second Modification, the Settling Defendants, on behalf of themselves,

their personal representatives, heirs, executors, administrators, trustees, successors and assigns,

release and forever discharge each and every one of the Settled Defendants' Claims, and are

forever enjoined from prosecuting the Settled Defendants' Claims against Lead Plaintiffs, all

Class Members and their respective counsel (except Settled Defendants' Claims does not include

all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the

Settlement, including, without limitation, any of the terms of the Stipulation, as modified by the

First Modification and the Second Modification, or orders or judgments issued by the courts in

connection with the Settlement or confidentiality obligations).

    11.  Notwithstanding paragraphs 8 through 10 above, nothing in this Order and

Final Judgment shall bar any action or claim by any of the Settling Parties or their Released

Parties to enforce or effectuate the terms of the Stipulation, as modified by the First Modification and the Second Modification, or this Order and Final Judgment.

12.     The Plan of Allocation set forth in the Notice is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation, as modified by the First Modification and the Second Modification, in accordance with their terms and provisions and the terms of this Order.  Any appeal or any challenge relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation, as modified by the First Modification and the Second Modification, or affect the finality of the other provisions of this Order and Final Judgment.

13.     No Class Member shall have any claim against Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel based on the distributions made and actions taken in connection with such distributions (including but not limited to actions taken pursuant to paragraph 6 hereof) substantially in accordance with the Settlement, as modified by the First Modification and the Second Modification, and Plan of Allocation as approved by the Court and further orders of the Court.  No Class Member shall have any claim against the Settling Defendants, any of the Released Parties or their counsel with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Accounts, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

14.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the claims or allegations of the Delphi Securities Action or any Settled Claim (i) by any person or entity against any of the Released Parties, and (ii) by any of the

Released Parties against any person or entity other than a person or entity whose liability has been extinguished by the settlement of the Released Party, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Released Party are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party(s) for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages.

15.    <u>Complete Bar Order</u>:  Any person or entity receiving any notice related to the Stipulation, the First Modification or the Second Modification, or having actual knowledge of any of the notices, or having actual knowledge of sufficient facts that would cause such person to be charged with constructive notice of any of the notices (such persons, the "Barred Persons") is permanently barred, enjoined, and restrained from commencing, prosecuting, continuing or asserting any claim against the Released Parties arising under federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise, where the claim or the alleged injury of such Barred Person is or arises from or relates to that Barred Person's or entity's alleged liability to the Class or any Class Member ("Barred Claims"); provided, however, that if: (a) the Class or any Class Member obtains any judgment against any such Barred Person based upon, arising out of, or relating to any Settled Claim arising under the Securities Act of 1933 ("Securities Act") for which such Barred Person and any Released Party is found to be jointly and severally liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of

each Released Party for common damages pursuant to the Securities Act; or (ii) an amount that corresponds to the percentage of responsibility of any Released Party that constitute "covered persons" pursuant to 15 U.S.C. § 78u-4(f)(10)(C) for common damages pursuant to the Securities Act; and/or (b) the Class or any Class Member obtains any judgment against any such Barred Person based upon, arising out of, or relating to any Settled Claim arising under the Securities Exchange Act of 1934 ("Exchange Act") for which such Barred Person and any Released Party is found to be jointly liable, that Barred Person shall be entitled to a judgment credit equal to an amount that is the greater of (i) the amount paid to the Class by or on behalf of each Released Party for common damages pursuant to the Exchange Act or (ii) an amount that corresponds to the percentage of responsibility of any Released Party for common damages pursuant to the Exchange Act.

16.     The Court finds that the Bar Order is fair to all persons and entities, including but not limited to (a) the Defendants; (b) the Class; and (c) to the Non-Settling Defendants.

17.     The Settling Defendants shall not be enjoined from bringing Barred Claims against a Barred Person if for any reason such Barred Person asserts, or is legally not barred by the Bar Order from bringing, Barred Claims against such Settling Defendant.

18.     This Order and Final Judgment, the Stipulation, the First Modification, or the Second Modification, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any of the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of those Settling Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been

-15-

asserted in the Delphi Securities Action or in any litigation, or the deficiency of any defense that

has been or could have been asserted in the Delphi Securities Action or in any litigation, or of

any liability, negligence, fault, or wrongdoing of any Settling Defendant;

                b.      shall not be offered or received against the Settling Defendants as

evidence of a presumption, concession or admission of any fault, misrepresentation or omission

with respect to any statement or written document approved or made by any of the Settling

Defendants;

                c.      shall not be offered or received against the Settling Defendants as

evidence of a presumption, concession or admission with respect to any liability, negligence,

fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling

Defendants in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the Stipulation, as modified by

the First Modification and the Second Modification, and this Order and Final Judgment;

provided, however, that if the Stipulation, as modified by the First Modification and the Second

Modification, is approved by the Court, the Released Parties may refer to them to effectuate the

liability protection granted them hereunder;

                d.      shall not be construed against any of the Settling Defendants as an

admission or concession that the consideration to be given hereunder represents the amount that

could be or would have been recovered after trial; or

                e.      shall not be construed as or received in evidence as an admission,

concession or presumption against the Lead Plaintiffs or any of the Class Members that any of

their claims are without merit, or that any defenses asserted by any Settling Defendant have any

-16-

merit, or that damages recoverable under the Delphi Securities Action would not have exceeded the Gross Settlement Fund.

19.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

20.     The administration and consummation of the Settlement as embodied in the Stipulation, the First Modification and the Second Modification, and this Order and Final Judgment, shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders in aid thereof and providing for awards of attorneys' fees and expenses to Co-Lead Counsel and enforcing the terms of the Stipulation, the First Modification and the Second Modification.

21.     In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, as modified by the First Modification and the Second Modification, notwithstanding ¶ 7 above, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, as modified by the First Modification and the Second Modification, and this Order and Final Judgment shall be vacated, and in such event all orders entered in accordance with the Stipulation, the First Modification and the Second Modification shall be vacated.

22.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation, as modified by the First Modification and the Second Modification.

SO ORDERED this ___ day of _____, 2009.

_____
GERALD E. ROSEN
Chief United States District Judge

-17-