# Exhibit B
## Amended ERISA Stipulation Modification

EXECUTION VERSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

```
------------------------------------------------------------x
                                         :
                                         :
IN RE DELPHI CORPORATION                 :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"         :    Master Case No. 05-md-1725
LITIGATION                               :    Hon. Gerald E. Rosen
                                         :
                                         :    This Document Relates to:
                                         :    In re Delphi Corp. ERISA Litigation,
                                         :    Nos. 05-CV-70882, 05-70940,
                                         :    05-71030, 05-71200, 05-71249,
                                         :    05-71291, 05-71339, 05-71396,
                                         :    05-71397, 05-71398, 05-71437,
                                         :    05-71508, 05-71620, 05-71897,
                                         :    05-72198
                                         :
------------------------------------------------------------x
```

### MODIFICATION TO AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT WITH CERTAIN DEFENDANTS – ERISA ACTIONS

This Modification to Amended Stipulation and Agreement of Settlement with Certain Defendants – ERISA Actions (the "Modification") is submitted in the above-captioned *In re Delphi Corporation Securities, Derivative & "ERISA" Litigation*, Master Case No. 05-md-1725 (GER), and relates to *In re Delphi Corp. ERISA Litigation*, Case Nos. 05-CV-70882, 05-CV-70940, 05-CV-71030, 05-CV-71200, 05-CV-71249, 05-CV-71291, 05-CV-71339, 05-CV-71396, 05-CV-71397, 05-CV-71398, 05-CV-71437, 05-CV-71508, 05-CV-71620, 05-CV-71897, and 05-CV-72198, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Modification is entered into among Named Plaintiffs on behalf of themselves and the Class; and Delphi; ASEC Manufacturing General Partnership (sued as "ASEC Manufacturing"), Delphi Mechatronic Systems, Inc. (sued as "Delphi Mechatronic

Systems"); the Delphi Corporation Board of Directors Executive Committee and its members;

the Investment Policy Committee and its members; and the Delphi Officer and Director

Defendants.[1]

WHEREAS:

A.      On August 31, 2007, the parties hereto executed the Stipulation and Agreement of

Settlement with Certain Defendants – ERISA Actions (the "Stipulation"), which, subject to its

terms including but not limited to approval by this Court and the Bankruptcy Court, provided for

a final settlement and resolution of the Settled Claims against the Released Parties.

B.      On September 5, 2007, the Court preliminarily approved the Settlement embodied

in the Stipulation.

C.      On September 6, 2007, Delphi and certain of its subsidiaries and affiliates filed in

the Bankruptcy Court their Joint Plan of Reorganization of Delphi Corporation And Certain

Affiliates, Debtors And Debtors-In-Possession (the "Plan"), which included the Stipulation as an

exhibit thereto.

D.      On various dates thereafter, Delphi filed certain amendments to the Plan to reflect

agreements with Delphi's key stakeholders and obtain their support of the Plan.

E.      Consistent with the Stipulation, on September 7, 2007, Delphi filed a motion in

the Bankruptcy Court seeking approval of the Settlement.  On October 29, 2007, the Bankruptcy

Court preliminarily approved the Settlement and scheduled the matter for final consideration to

be heard in conjunction with Delphi's confirmation hearing concerning the Plan.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Amended Stipulation, as modified by this Modification.

F.       On October 31, 2007, the parties hereto entered into an Amended Stipulation and

Agreement of Settlement with Certain Defendants – ERISA Actions (the "Amended Stipulation")

that, *inter alia*, modified the Stipulation's definitions of "Contribution Credit" and "Indemnity

Credit" to resolve an objection that had been filed in the Court by State Street Bank and Trust

Company, one of the defendants in the Delphi ERISA Action.  The Amended Stipulation also

corrected a typographical error in the Stipulation's definition of "Judgment" and corrected the

Stipulation's inadvertent omissions of one of the ERISA plans at issue in the Delphi ERISA

Action, namely, the Delphi Mechatronic Systems Savings-Stock Purchase Program.

G.       On November 13, 2007, after due and adequate notice was provided to the Class,

the Court conducted a fairness hearing concerning final approval of the Settlement.

H.       The Court granted final approval of the Settlement in an opinion and order issued

on January 10, 2008 and amended on January 11, 2008.

I.       On January 23, 2008, the Court entered an Order and Final Judgment dismissing

with prejudice the Complaint in its entirety against all defendants other than State Street Bank

and Trust Company.

J.       On January 25, 2008, the Bankruptcy Court entered an order confirming the Plan

(the "Confirmation Order"), and the Confirmation Order became final on February 4, 2008. In

connection with the approval of the Plan, the Bankruptcy Court entered an order approving the

Settlement (the "Bankruptcy Court Approval Order"). The Bankruptcy Court Approval Order

became final on February 4, 2008.

K.       Although approved by the Bankruptcy Court and the Court, the Settlement does

not become effective until the Delphi Consideration has been distributed following the

Bankruptcy Effective Date.

L.      The Plan has not been substantially consummated, and as a result the Bankruptcy
Effective Date has not occurred.

M.      Delphi has continued to work with its stakeholders to complete its restructuring
efforts. Nonetheless, because the Bankruptcy Effective Date has not occurred, the Settlement has
not become effective.  The parties to the Amended Stipulation have determined that, based on
the fact that the Bankruptcy Effective Date will not occur with respect to the Plan that is the
subject of the Confirmation Order, it is in their best interests to finalize the Settlement, to, *inter
alia*, make the releases granted thereunder effective, and to allow for the release from escrow all
cash funds held by the Escrow Agent pursuant to the Amended Stipulation, as modified by this
Modification, without regard to the occurrence of the Bankruptcy Effective Date.

N.      Accordingly, the parties have agreed to modify the Amended Stipulation such that
the Settlement, as modified by this Modification, becomes effective independent of the
occurrence of the Bankruptcy Effective Date and/or the substantial consummation of any Delphi
plan of reorganization.  The separate stipulation of settlement of the Delphi Securities Action is
being modified on terms similar to this Modification (the "Securities Stipulation Second
Modification").

O.      The parties agree that each of the conditions set forth in paragraphs 17(a)-(c) and
(e)-(g) of the Amended Stipulation has been satisfied, that the conditions set forth in paragraphs
17(h)-(i) of the Amended Stipulation should be eliminated, and that the Settlement, as modified
by this Modification, including without limitation the releases provided therein, should become
effective upon the entry of an order by each of the Bankruptcy Court and the Court approving
this Modification and the Securities Stipulation Second Modification, and such orders becoming
Final.  With respect to the Court's Judgment approving this Modification, such Judgment shall

amend the Order and Final Judgment dated January 23, 2008, and shall be in all material respects in the form attached hereto as Exhibit B.

P.  With respect to ongoing bankruptcy matters, the ERISA Plans' Equity Interest granted to the Class pursuant to the Amended Stipulation will remain allowed in the same aggregate face amount as set forth in the Amended Stipulation, but will not be guaranteed any particular treatment or classification, and instead will be an interest to be classified under the Delphi Plan of Reorganization subject to further modifications and/or rulings of the Bankruptcy Court except as to the aggregate face amount of the ERISA Plans' Equity Interest. Regardless of the ultimate treatment and classification of the ERISA Plans' Equity Interest, the Settlement, as modified by this Modification, will be effective and final as of the Effective Date.

Q.  Subject to Court approval and direction, the parties further agree that (i) notice of this Modification substantially in the forms attached as Tabs 1-3 to Exhibit A hereto should be provided to the Class that satisfies due process requirements so as to afford Class Members an opportunity to object solely to the Modification, and (ii) they will take appropriate steps to obtain the Court's approval of this Modification.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among the parties to this Modification, through their respective counsel:

1.  Except as otherwise set forth herein, the Amended Stipulation remains in full force and effect, subject to all of its terms and conditions.

2.  Section 1(n) of the Amended Stipulation is amended in its entirety as follows:

"Delphi Consideration" means the consideration, if any, to be distributed pursuant to this Stipulation, as modified by the Modification, to satisfy the ERISA Plans' Equity Interest granted to Named Plaintiffs as representatives of the Class pursuant to this Stipulation, as modified by the Modification.

3.  Section 1(q) of the Amended Stipulation is deleted in its entirety.

4.      Section 1(s) of the Amended Stipulation is amended in its entirety as follows:

"Effective Date" means the date upon which the Settlement contemplated by this Stipulation, as modified by the Modification, shall become effective, as set forth in ¶ 17 hereof; it being understood that the Settlement contemplated by this Stipulation, as modified by the Modification, shall become effective regardless of the treatment and classification of the ERISA Plans' Equity Interest under the Delphi Plan of Reorganization and regardless of the occurrence of the distribution of the Delphi Consideration following the Bankruptcy Effective Date.

5.      Section 1(t) of the Amended Stipulation is amended in its entirety as follows:

"ERISA Plans' Equity Interest" means the interest as against Delphi granted and approved by the Bankruptcy Court in its order approving this Settlement, as modified by the Modification, to Named Plaintiffs, as representatives of the Class, pursuant to this Stipulation, as modified by the Modification, which shall be an allowed interest in the aggregate face amount of Twenty-Four Million, Five Hundred Thousand Dollars (U.S. $24,500,000), with no additional provision to be made for accrued interest, and which shall be an interest classified under the Delphi Plan of Reorganization in a separate equity class, representative of the claims of the Class against Delphi arising out of or relating to any and all claims or causes of action in the Delphi ERISA Action; provided, however, that Delphi shall have no obligation to propose any particular treatment of the ERISA Plans' Equity Interest under the Delphi Plan of Reorganization, it being understood and agreed by the parties that the ERISA Plans' Equity Interest will not be given priority equal to or higher than the priority of general unsecured claims under the Delphi Plan of Reorganization; provided further, however, that if the Delphi Plan of Reorganization provides for a par plus accrued recovery for general unsecured creditors, then the ERISA Plans' Equity Interest will receive the same classification and treatment as general unsecured claims; provided further that the final treatment or classification of the ERISA Plans' Equity Interest under any Delphi plan of reorganization confirmed by Final order of the Bankruptcy Court shall not affect the finality of the Settlement, as modified by the Modification, or the releases granted therein, on the Effective Date.

6.      Section 1(z) of the Amended Stipulation is amended in its entirety as follows:

"Judgment" means (i) the proposed judgment or order by the Court approving the Settlement, as modified by the Modification, substantially in the form attached to the Modification as Exhibit B, or as may be modified with the written consent of the parties, and (ii) any of the judgments and orders to be entered by the Bankruptcy Court approving the Settlement, as modified by the Modification.

7.      Section 1(ee) of the Amended Stipulation is amended in its entirety as follows:

"Notice" means the notice of the proposed Modification to the Settlement and hearing, which is to be mailed to members of the Class substantially in the form attached to the Modification as Tab 1 to Exhibit A.

8.      Section 1(ff) of the Amended Stipulation is amended in its entirety as follows:

"Order for Notice and Hearing" means the proposed order scheduling a hearing to approve the Modification and directing notice thereof to the Class, substantially in the form attached to the Modification as Exhibit A.

9.      Section 1(ii) of the Amended Stipulation is amended in its entirety as follows:

"Publication Notice" means the summary notice of the proposed Modification and hearing, for publication substantially in the form attached to the Modification as Tab 2 to Exhibit A.

10.     Section 1 of the Amended Stipulation is amended by adding section 1(tt) after

section 1(ss), which shall read as follows:

(tt)    "Delphi Plan of Reorganization" means the First Amended Joint Plan Of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession as confirmed by an order of the Bankruptcy Court entered January 25, 2008, as the same may be modified, amended, or superseded by Final order of the Bankruptcy Court.

11.     Section 1 of the Amended Stipulation is amended by adding section 1(uu) after

section 1(tt), which shall read as follows:

(uu)    "Website Notice" means the Notice of Proposed Modification to the Terms of the Settlement with Certain Defendants, substantially in the form attached as Tab 3 to Exhibit A of the Modification, which shall be posted and maintained on the Delphi ERISA Action settlement website in accordance with the instructions provided by the Court in the Order for Notice and Hearing.

12.     Section 4 of the Amended Stipulation is amended by amending the first sentence

of Section 4 to read as follows:

The Court shall include the Bar Order in ¶¶ 5-6 in its final Judgment approving the Settlement, as modified by the Modification.

13.     Section 8(b) of the Amended Stipulation is amended in its entirety as follows:

Delphi shall distribute pursuant to the Escrow Agreement the Delphi Consideration as soon as practicable after the later of (i) the satisfaction of each of the conditions in ¶ 17 (a)-(g) and (j)-(l), or (ii) the Bankruptcy Effective Date.

14.    Section 14 of the Amended Stipulation is amended in its entirety as follows:

(a)    Promptly after the Modification has been fully executed, Lead Counsel shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed to the Modification as Exhibit A.

(b)    The mailing or publication of the Notice and Publication Notice shall not occur until all such orders of the Court have been obtained.

15.    Section 15 of the Amended Stipulation is amended in its entirety as follows:

If the Settlement contemplated by this Stipulation, as modified by the Modification, is approved by the Court, Lead Counsel and Settling Defendants' counsel shall request that a Judgment be entered which shall in all material respects be in the form annexed as Exhibit B to the Modification.

16.    Section 17(h) of the Amended Stipulation is deleted in its entirety.

17.    Section 17(i) of the Amended Stipulation is deleted in its entirety.

18.    Section 17 of the Amended Stipulation is amended by adding the following

clauses (j), (k) and (l) at the end thereof:

(j) entry by the Court of an order and Judgment, in all material respects in the form attached as Exhibit B to the Modification, amending the Order and Final Judgment, dated January 23, 2008, and approving the Modification, and such order and Judgment becoming Final, or, in the event that the Court enters a judgment in a form other than that provided above (the "Alternative Judgment") and none of the parties hereto elect to terminate the Settlement as modified by the Modification, the date upon which such Alternative Judgment becomes Final;

(k) entry by the Court of an order approving the Securities Stipulation Second Modification and such order becoming Final; and

(l) entry by the Bankruptcy Court of an order(s) approving the Modification and the Securities Stipulation Second Modification and such order(s) becoming Final.

19.    Section 18 of the Amended Stipulation is amended in its entirety as follows:

Named Plaintiffs and Settling Defendants shall each have the right to terminate the Settlement, as modified by the Modification, and thereby this Stipulation, as modified by the Modification, by providing written notice of their election to do so (the "Termination Notice") to one another hereto within thirty (30) days of any of the following: (a) the Court declining to enter the Judgment in any material respect or entering an Alternative Judgment; (b) the Bankruptcy Court declining to enter an order approving the Modification or the Securities Stipulation Second Modification; (c) the

date upon which any appellate court vacates, reverses, or modifies in any material respect any order or judgment of the Court or the Bankruptcy Court approving the Settlement, as modified by the Modification, or the settlement of the Delphi Securities Action, as modified by the Securities Stipulation Second Modification; or (d) the date upon which the settlement in the Delphi Securities Action is terminated; provided, however, that all termination rights provided under this Stipulation, as modified by the Modification, shall expire upon the Effective Date.

20.    Following execution of this Modification, and subject to approval by and direction of the Court, Lead Counsel for Named Plaintiffs will cause the Notice substantially in the form attached to this Modification as Tab 1 to Exhibit A to be mailed to Class Members, and the Publication Notice substantially in the form attached to this Modification as Tab 2 to Exhibit A to be published, in a manner that satisfies due process requirements so as to afford an opportunity for Class Members to object solely to the Modification.  Lead Counsel further agrees to post and maintain on the settlement administration website the Website Notice substantially in the form attached to this Modification as Tab 3 to Exhibit A, subject to approval by and direction of the Court.  The parties agree that the costs of all notices described in this Modification and any related modifications to the settlement administration website will be paid by the Gross Settlement Fund.

21.    Delphi will file a motion seeking the Bankruptcy Court's approval of this Modification and the Securities Stipulation Second Modification, and will use reasonable efforts to cause such motion to be returnable in connection with the July 23, 2009 omnibus hearing date in the Bankruptcy Case. Lead Counsel will use its reasonable efforts to assist Delphi in obtaining the Bankruptcy Court's approval of this Modification and the Securities Stipulation Second Modification.

22.    Lead Counsel will take appropriate action to obtain the Court's approval of this Modification, and will use reasonable efforts to obtain the Court's approval as soon as practicable.

Dated: July 10, 2009

**KELLER ROHRBACK L.L.P.**

Lynn Lincoln Sarko
Gary A. Gotto
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1200
Facsimile: (206) 623-3384

**Lead Counsel**


**SHEARMAN & STERLING LLP**


Stuart J. Baskin
Brian H. Polovoy
Brian G. Burke
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

**Counsel for Delphi Corporation, ASEC
Manufacturing General Partnership (sued as
"ASEC Manufacturing"), Delphi Mechatronic
Systems, Inc. (sued as "Delphi Mechatronic
Systems"), the Investment Policy Committee,
Robert H. Brust, Susan A. McLaughlin,
and John D. Opie**

Dated: July 10, 2009

**KELLER ROHRBACK L.L.P.**

_____

Lynn Lincoln Sarko
Gary A. Gotto
Amy Williams-Derry
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1200
Facsimile: (206) 623-3384

**Lead Counsel**

**SHEARMAN & STERLING LLP**

_____

Stuart J. Baskin
Brian H. Polovoy
Marc D. Ashley
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

**Counsel for Delphi Corporation, ASEC
Manufacturing General Partnership (sued as
"ASEC Manufacturing"), Delphi Mechatronic
Systems, Inc. (sued as "Delphi Mechatronic
Systems"), the Investment Policy Committee,
Robert H. Brust, Susan A. McLaughlin,
and John D. Opie**

**BAKER BOTTS L.L.P.**

William H. Jeffress, Jr.
Bridget M. Moore
Michael G. Pattillo, Jr.
Joe R. Caldwell, Jr.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7788
Facsimile: (202) 639 7980

**Counsel for J.T. Battenberg III**


**O'MELVENY & MYERS LLP**


Robert N. Eccles
Robert M. Stern
1625 Eye Street, N.W.
Washington, DC 20006-4001
Telephone: (202) 383-5315
Facsimile: (202) 383-5414

**Counsel for Alan S. Dawes**

11

**BAKER BOTTS L.L.P.**

William H. Jeffress, Jr.
Bridget M. Moore
Michael G. Pattillo, Jr.
Joe R. Caldwell, Jr.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7788
Facsimile: (202) 639 7980

**Counsel for J.T. Battenberg III**

**O'MELVENY & MYERS LLP**

Robert N. Eccles
Robert M. Stern
1625 Eye Street, N.W.
Washington, DC 20006-4001
Telephone: (202) 383-5315
Facsimile: (202) 383-5414

**Counsel for Alan S. Dawes**

11

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

```
------------------------------------------------------------x
                                        :
                                        :
IN RE DELPHI CORPORATION                :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"        :    Master Case No. 05-md-1725
LITIGATION                              :    Hon. Gerald E. Rosen
                                        :
                                        :    This Document Relates to:
                                        :    In re Delphi Corp. ERISA Litigation,
                                        :    Nos. 05-CV-70882, 05-70940,
                                        :    05-71030, 05-71200, 05-71249,
                                        :    05-71291, 05-71339, 05-71396,
                                        :    05-71397, 05-71398, 05-71437,
                                        :    05-71508, 05-71620, 05-71897,
                                        :    05-72198
                                        :
------------------------------------------------------------x
```

## ORDER FOR NOTICE AND HEARING

Presented to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure is the

Modification to Amended Stipulation and Agreement of Settlement – ERISA Actions, dated July

10, 2009 (the "Modification"), in the above-captioned actions (the "Delphi ERISA Action") by

and between Named Plaintiffs, on behalf of themselves and the Class, and Delphi, ASEC

Manufacturing General Partnership (sued as "ASEC Manufacturing"), Delphi Mechatronic

Systems, Inc. (sued as "Delphi Mechatronic Systems"), the Delphi Corporation Board of

Directors Executive Committee and its members, the Investment Policy Committee and its

members, and the Delphi Officer and Director Defendants.[1]

WHEREAS, in an Order and Final Judgment dated January 23, 2008, the Court certified

the Class for settlement purposes only and approved the terms of the Settlement set forth in the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended
Stipulation, as modified by the Modification.

Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions, dated August 31, 2007 (the "Stipulation"), as amended by the parties thereto on October 31, 2007 (the "Amended Stipulation"); and

WHEREAS, in light of intervening developments following the Court's approval, the parties to the Stipulation and Amended Stipulation have agreed to modify the terms of the Settlement set forth therein, and now present the Modification for preliminary approval by the Court, and for approval of the form and manner of providing notice of the Modification to the Class, and for the scheduling of a fairness hearing; and

NOW, upon consent of Named Plaintiffs and Settling Defendants, after review and consideration of the Modification and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1.      Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the "Fairness Hearing") shall be held on _____, 2009, at ____ __.m., in the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Gerald E. Rosen presiding, to

a.      determine whether the Modification should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b.      determine whether Judgment should be entered pursuant to the Modification; and

c.      rule on such other matters as the Court may deem appropriate.

2.      The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, without further notice of any kind to Class Members.

2

3.      The Court reserves the right to approve the Modification at or after the Fairness
Hearing with such modification as may be consented to by Named Plaintiffs and Settling
Defendants and without further notice to the Class.

4.      Lead Counsel shall mail the Notice, substantially in the form of Exhibit A-1 to the
Modification, by postcard by United States mail, postage pre-paid, to all Class Members to
whom notice of the Stipulation was mailed.   Such mailing shall occur within fifteen (15)
calendar days of entry of this Order.

5.      Lead Counsel shall file with the Court and serve upon Settling Defendants'
counsel no later than seven (7) days prior to the Fairness Hearing an affidavit or declaration
describing the efforts taken to comply with this order and stating that the mailings have been
completed in accordance with the terms of this order.

6.      Within fifteen (15) calendar days of the entry of this Order, Lead Counsel shall
cause to be published the Publication Notice, substantially in the form of Exhibit A-2 to the
Modification, once in the national edition of *USA Today* and once in *The Detroit Free Press*.
Lead Counsel shall file with the Court and serve upon Settling Defendants' counsel no later than
seven (7) days prior to the Fairness Hearing an affidavit or declaration stating that the
Publication Notice has been published in accordance with the terms of this Order.

7.      Within fifteen (15) calendar days of the entry of this Order, Lead Counsel shall
cause the Website Notice substantially in the form of Exhibit A-3 to the Modification to be
posted on the website identified in the Notice and maintained until the Effective Date.  The form
and content of the Notice, the Publication Notice and the Website Notice, and the method set
forth herein of notifying the Class of the Settlement and the Modification and their terms and
conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.      Any Class Member may object to the Modification in the manner prescribed in the Website Notice, and any Class Member who fails to do so shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Modification or the Order and Final Judgment to be entered herein.

9.      Any member of the Class who timely and properly objects to the Modification may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no person other than the parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court unless on or before fourteen (14) days before the Fairness Hearing, such person files with the Court and serves upon counsel listed below:  (1) a statement of such person's objections to any matters before the Court concerning this Modification; (2) the grounds therefor or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; and (3) whether that person intends to present any witnesses.  Such filings shall be served upon the Court and the following counsel:

*Lead Counsel:*

**KELLER ROHRBACK L.L.P.**
Lynn Lincoln Sarko, Esq.
Gary A. Gotto, Esq.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

*Counsel for certain of the Settling Defendants:*

**SHEARMAN & STERLING LLP**

4

Brian H. Polovoy, Esq.
599 Lexington Avenue
New York, New York 10022-6069

10.     Neither the Modification nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Settling Defendant or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Named Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

11.     Any party making submissions to the Court in support of approval of the Modification shall do so by seven (7) calendar days before the date scheduled for the Fairness Hearing.

12.     The Court authorizes payment out of the Gross Settlement Fund of notice and administration expenses in accordance with the Amended Stipulation, as modified by the Modification.

13.     The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this _____ day of July 2009.


_____
**GERALD E. ROSEN**
**CHIEF UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

```
------------------------------------------------------------x
                                        :
                                        :
IN RE: DELPHI CORPORATION               :       MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"        :       Master Case No. 05-md-1725
LITIGATION                              :       Hon. Gerald E. Rosen
                                        :
                                        :       This Document Relates to:
                                        :       In Re Delphi Corp. ERISA Litigation
                                        :
------------------------------------------------------------x
```

## NOTICE OF PROPOSED MODIFICATION TO SETTLEMENT

YOU ARE HEREBY NOTIFIED that a Modification to the terms of the

Settlement with certain defendants in the Delphi ERISA Action has been preliminarily approved

by the Court.  The Modification provides that the effectiveness of the Settlement is no longer

conditioned upon the occurrence of the Delphi Bankruptcy Effective Date and/or substantial

consummation of Delphi's plan of reorganization, and the Class's allowed Equity Interest in the

Delphi Corporation chapter 11 bankruptcy proceeding will not be guaranteed any particular

treatment or classification under Delphi's plan of reorganization, and would not have any value

under Delphi's current proposed plan of reorganization.  The aggregate recovery for the Class

will be at least $22.5 million, less Court-approved attorneys' fees and expenses.

For more details, please visit www.KellerSettlements.com or call (877) 296-9982.  A

hearing will be held before the Honorable Gerald E. Rosen in the Theodore Levin Courthouse,

231 W. Lafayette Blvd., Detroit, Michigan 48226  in Courtroom _____, at _____:_____ __.m., on

EXHIBIT A-1

_____, 2009 to determine whether the Modification should be finally approved by the Court as fair, reasonable and adequate.

You may object to the Modification by following the instructions in the Website Notice found at www.KellerSettlements.com.  Any objection must be properly filed by _____ _, 2009.

By Order of The Court

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                        :
                                        :
IN RE: DELPHI CORPORATION               :       MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"        :       Master Case No. 05-md-1725
LITIGATION                              :       Hon. Gerald E. Rosen
                                        :
                                        :       This Document Relates to:
                                        :       In Re Delphi Corp. ERISA Litigation,
                                        :       Nos. 05-CV-70882, 05-70940,
                                        :       05-71030, 05-71200, 05-71249,
                                        :       05-71291, 05-71339, 05-71396,
                                        :       05-71397, 05-71398, 05-71437,
                                        :       05-71508, 05-71620, 05-71897,
                                        :       05-72198
                                        :
-----------------------------------------------------------x
```

## SUMMARY NOTICE OF PROPOSED MODIFICATION TO THE TERMS OF THE SETTLEMENT WITH CERTAIN DEFENDANTS

YOU ARE HEREBY NOTIFIED that a proposed modification ("Modification") to the terms of the settlement with certain defendants in the above-referenced Delphi ERISA Action has been presented to, and preliminarily approved by, the Court. This Modification amends certain of the settlement terms set forth in the Amended Stipulation and Agreement of Settlement With Certain Defendants – ERISA Actions, dated October 31, 2007 (the "Amended Stipulation"), which was approved by the Court on January 23, 2008 following a fairness hearing and notice the Class. Unless stated otherwise, all terms capitalized herein are as defined in the Amended Stipulation, as modified by the Modification.

EXHIBIT A-2

The proposed Modification generally relates to the consideration to be provided by Delphi and the timing of the effective date of the Settlement. A summary of the proposed modifications follows:

1. The Settlement will become effective independent of the occurrence of the Bankruptcy Effective Date and/or the substantial consummation of any Delphi plan of reorganization, and thus, the $22.5 million in cash (plus interest), less Court-approved attorneys' fees and expenses, currently being held in escrow for the benefit of the Class will be distributed pursuant to the terms of the Amended Stipulation, as modified by the Modification, regardless of when or whether Delphi emerges from bankruptcy.

2. The Equity Interest in the Delphi Corporation chapter 11 bankruptcy proceeding granted to the Class pursuant to the Amended Stipulation will remain allowed in the same face amount, but will not be guaranteed any particular treatment or classification under any plan of reorganization that ultimately may be consummated. Under the terms of Delphi's current proposed plan of reorganization, the Equity Interest would not have any value.

In its Opinion and Order dated January 10, 2008 (amended on January 11, 2008), the Court approved a reserve of 20% of the Gross Settlement Fund for Lead Counsel's attorneys' fees, as well as a reserve of $750,000 for costs and expenses. Lead Counsel have filed a motion for an award of such reserved amounts in connection with the Court's approval of the Modification.

Named Plaintiffs and Lead Counsel have determined that, based upon (i) the dramatic change in Delphi's circumstances since the parties entered into the Amended Stipulation,

2

including the catastrophic downturn in the economy, and in the auto industry in particular, and (ii) the fact that the Bankruptcy Effective Date will not occur with respect to the Plan of Reorganization that was the subject of the Confirmation Order by the Bankruptcy Court, it is in the best interest of the Class to allow the Settlement to become effective without regard to the occurrence of the Bankruptcy Effective Date and/or consummation of Delphi's Plan of Reorganization in the bankruptcy proceeding.

For a more detailed description of the proposed Modification to the terms of the Settlement, please visit www.KellerSettlements.com to download all relevant documents, including the Website Notice and the Modification, or contact Lead Counsel at

Lynn Lincoln Sarko, Esq.
Gary A. Gotto, Esq.
Amy Williams-Derry, Esq.
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Toll-Free Phone:  (877) 296-9982
Email:  claimsadministrator@delphisettlement.com
www.KellerSettlements.com

A hearing will be held before the Honorable Gerald E. Rosen in the United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226  in Courtroom _____, at _____:_____ __.m., on _____, 2009 to determine whether: (1) the Modification should be approved by the Court as fair, reasonable and adequate; (2) Judgment should be entered pursuant to the Modification; and (3) such other matters as the Court deems appropriate to rule upon.

You may object to the proposed Modification by following the instructions for doing so in the Website Notice, which is available at the above-referenced website.  Any objection must be properly filed by _____ _, 2009.

By Order of The Court

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                          :
                                          :
                                          :
IN RE: DELPHI CORPORATION                 :    MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"          :    Master Case No. 05-md-1725
LITIGATION                                :    Hon. Gerald E. Rosen
                                          :
                                          :    This Document Relates to:
                                          :    In re Delphi Corp. ERISA Litigation,
                                          :    Nos. 05-CV-70882, 05-70940,
                                          :    05-71030, 05-71200, 05-71249,
                                          :    05-71291, 05-71339, 05-71396,
                                          :    05-71397, 05-71398, 05-71437,
                                          :    05-71508, 05-71620, 05-71897,
                                          :    05-72198
                                          :
-----------------------------------------------------------x
```

## NOTICE OF PROPOSED MODIFICATION TO THE TERMS OF THE SETTLEMENT WITH CERTAIN DEFENDANTS

This notice provides important information concerning proposed modifications to the settlement with certain defendants (the "Settlement") in the above-captioned action (the "Delphi ERISA Action") brought against Delphi Corporation ("Delphi") and other persons and entities under the Employee Retirement Income Security Act ("ERISA") with respect to the Delphi Savings-Stock Purchase Program for Salaried Employees (the "Salaried Plan"), the Delphi Personal Savings Plan for Hourly-Rate Employees (the "Hourly Plan"), the ASEC Manufacturing Savings Plan (the "ASEC Plan"), and the Delphi Mechatronic Systems Savings-Stock Purchase Program (the "Mechatronic Plan") (collectively, the "Plans"). Your rights may be affected by the settlement or the proposed modifications. You should read this notice carefully.

TO:     The "Class," consisting of  any person who was a participant at any time between May 28, 1999 and November 1, 2005 in the Delphi Savings-Stock Purchase Program for Salaried Employees (the "Salaried Plan"), the Delphi Personal Savings Plan for Hourly-Rate Employees (the "Hourly Plan"), or the ASEC Manufacturing Savings Plan (the "ASEC Plan"), or a participant at any time between June 1, 2001 and November 1, 2005 in the Delphi Mechatronic Systems Savings-Stock Purchase Program (the "Mechatronic Plan") (collectively, the "Plans"), whose account included investments in the Delphi and/or GM Stock Funds; and, any beneficiary, alternate payee, representative, or successor-in-interest of any such person.

EXHIBIT A-3

If the description above applies to you, you may be part of the Class and may have a right to know about the modifications to the Settlement of the Delphi ERISA Action and about all of your options.

YOU ARE HEREBY NOTIFIED that Named Plaintiffs, on behalf of themselves and the Class, and Delphi Corporation, ASEC Manufacturing General Partnership (sued as "ASEC Manufacturing"), Delphi Mechatronic Systems, Inc. (sued as "Delphi Mechatronic Systems"), the Delphi Corporation Board of Directors Executive Committee and its members, the Investment Policy Committee and its members, and the Delphi Officer and Director Defendants, have proposed a Modification to the terms of the Settlement in the above-referenced Delphi ERISA Action (the "Modification") which has been presented to and preliminarily approved by the Court. The Modification amends the Settlement terms set forth in the Stipulation of Settlement With Certain Defendants – ERISA Action, dated August 31, 2007 (the "Stipulation"), as amended by the parties on October 31, 2007 (the "Amended Stipulation").  Unless stated otherwise, all capitalized terms herein are as defined in the Amended Stipulation, as modified by the Modification.

## A.  PROCEDURAL HISTORY OF THE SETTLEMENT

On August 31, 2007, the parties executed the Stipulation, which provided for a final settlement and resolution of the Settled Claims against the Released Parties.  The Stipulation was subsequently amended by the Amended Stipulation, dated October 31, 2007, and on November 13, 2007, after notice was provided to the Class, the Court conducted a fairness hearing concerning final approval of the terms of the Settlement set forth in the Amended Stipulation.  On January 23, 2008, the Court entered an Order and Final Judgment granting final approval to the Settlement and dismissing with prejudice the Complaint against all defendants other than State Street Bank and Trust Company.

In the interim, on September 6, 2007, Delphi filed in the Bankruptcy Court their Joint Plan

of Reorganization ("Plan") which included the Stipulation as an exhibit thereto.  Consistent with

the Stipulation, on September 7, 2007, Delphi filed a motion in the Bankruptcy Court seeking

approval of the Settlement.  On October 29, 2007, the Bankruptcy Court preliminarily approved

the Settlement and scheduled the matter for final consideration to be heard in conjunction with

Delphi's confirmation hearing concerning the Plan.

On January 25, 2008, the Bankruptcy Court entered an order confirming the Plan (the

"Confirmation Order") and approving the Settlement as set forth in the Amended Stipulation.

### B.    REASONS FOR AND TERMS OF THE MODIFICATION

#### 1.    Reasons for The Modification

Although approved by the Bankruptcy Court and the Court, the Settlement could not by its

terms become effective until the Bankruptcy Effective Date, which would occur upon substantial

consummation of the Plan of Reorganization in Delphi's bankruptcy proceeding.   Although

Delphi has worked with its stakeholders to complete its restructuring efforts, the Plan of

Reorganization originally approved by the Bankruptcy Court in the Confirmation Order will not be

consummated, and thus, the Settlement cannot become effective according to its terms.  As a result,

the parties to the Amended Stipulation determined that, based upon (i) the dramatic change in

Delphi's circumstances since they entered into the Amended Stipulation, including the

catastrophic downturn in the economy, and in the auto industry in particular, and (ii) the fact that

the Bankruptcy Effective Date will not occur with respect to the Plan that was the subject of the

Confirmation Order, it is in their best interests to enter into the Modification, to, *inter alia*, make

the releases granted in the Settlement effective, and to allow for distribution to the Class of the

cash held in escrow without regard to consummation of Delphi's Plan of Reorganization in the

bankruptcy proceeding. Without the Modification, the cash payments would remain in escrow indefinitely and the Effective Date as originally contemplated would never occur.

In sum, this Modification will allow Class Members to finally receive distribution of settlement funds that they are entitled to receive.

## 2. Terms of the Modification

On July 10, 2009, the parties to the Amended Stipulation entered into the Modification, which amended the Settlement as follows:

The Equity Interest granted to the Class pursuant to the Amended Stipulation will remain allowed in the same aggregate face amount as provided for in the Amended Stipulation, but will not be guaranteed any particular treatment or classification, and instead will be a claim to be classified under the Delphi Plan of Reorganization subject to further modifications and/or rulings of the Bankruptcy Court except as to the aggregate face amount thereof. Under the terns of Delphi's current proposed plan of reorganization, the Equity Interest would not have any value. Regardless of the ultimate treatment and classification of the Equity Interest, however, the Settlement, as modified by the Modification, will be effective and final as of the Effective Date set forth in the Amended Stipulation, as modified by the Modification.

The Modification further provides that the Settlement will become effective upon the entry of an order by each of the Bankruptcy Court and the Court approving the Modification (and the corresponding modification to the settlement of the Delphi Securities Action), and such orders becoming Final, independent of the occurrence of the Bankruptcy Effective Date and/or substantial consummation of Delphi's Plan of Reorganization.

## C. CLASS MEMBERS' RIGHTS AND OBLIGATIONS

A hearing will be held before the Honorable Gerald E. Rosen in the United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan 48226 in Courtroom ____, at ____:____ __.m., on _____ __, 2009 (the "Fairness Hearing") to: (1) determine whether the Modification should be approved by the Court as fair, reasonable and adequate; (2) determine whether Judgment should be entered pursuant to the Modification; and (3) rule upon Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses, and upon such other matters as the Court deems appropriate.

If you are a Class Member, you may object to any aspect of the proposed Modification. To object, you must send a letter stating that you are a Class Member, that you object to the Modification in *In re Delphi Securities, Derivative and ERISA Litigation*, MDL No. 1725, Case No. 05-md-1725, and the reasons why you object. In your objection, you must include your name, address, telephone number, and your signature. If you intend to present any witnesses at the Fairness Hearing, you must also so state. Your objection must be filed with the Court at the address below by _____, 2009, and received no later than _____, 2009, by counsel listed below:

**Clerk of the Court:**
David J. Weaver, Clerk of Court
United States District Court, Eastern District of Michigan
231 West Lafayette Blvd., Fifth Floor
Detroit, MI 48226


**Lead Counsel and certain Settling Defendants' Counsel:**

Lynn L. Sarko, Esq.   Stuart J. Baskin, Esq.
Gary A. Gotto, Esq.   Brian H. Polovoy, Esq.
KELLER ROHRBACK L.L.P.  SHEARMAN & STERLING, LLP
1201 Third Avenue, Ste 3200  599 Lexington Avenue
Seattle, WA 98101-3052   New York, New York 10022
*Plaintiffs' Lead Counsel*   *Counsel to Settling Defendants*
          *Delphi Corporation, ASEC Manufacturing*
          *General Partnership (sued as "ASEC*

*Manufacturing"), Delphi Mechatronic
Systems, Inc. (sued as "Delphi
Mechatronic Systems"),  the Investment
Policy Committee, Robert H. Brust,
Susan A. McLaughlin, and John D. Opie*

### D.  ATTORNEYS' FEES AND EXPENSES

In its January 23, 2008 Order and Final Judgment approving the Settlement, the Court

established a reserve of 20% of the Gross Settlement Fund for a potential award of attorneys' fees

and a reserve of $750,000 for costs and expenses, to be distributed upon further order of the Court

and Lead Counsel's application for award of attorneys' fees and expense to be filed upon

conclusion fo the Delphi ERISA Action as to all parties.  Lead Counsel filed a Motion for an award

of the amounts so reserved on [insert date].  It is anticipated that the Court will consider that

Motion at the Fairness Hearing.

### GETTING MORE INFORMATION

This notice summarizes the proposed terms of the Modification.  More details are

contained in Modification itself, which is available at www.KellerSettlements.com, along with the

Amended Stipulation and the original notice mailed to the Class which provide additional

information concerning the Settlement.  If you have questions regarding how to obtain copies of

documents related to the Settlement, you may contact Lead Counsel at the address listed above or

call toll free at (877) 296-9982.


By Order of the Court

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

```
-----------------------------------------------------------------x
                                              :
                                              :
                                              :
IN RE: DELPHI CORPORATION                     :     MDL No. 1725
SECURITIES, DERIVATIVE & "ERISA"              :     Master Case No. 05-md-1725
LITIGATION                                    :     Hon. Gerald E. Rosen
                                              :
                                              :     This Document Relates to:
                                              :     In re Delphi Corp. ERISA Litigation,
                                              :     Nos. 05-CV-70882, 05-70940,
                                              :     05-71030, 05-71200, 05-71249,
                                              :     05-71291, 05-71339, 05-71396,
                                              :     05-71397, 05-71398, 05-71437,
                                              :     05-71508, 05-71620, 05-71897,
                                              :     05-72198
                                              :
-----------------------------------------------------------------x
```

## ORDER AND FINAL JUDGMENT

This is a case brought under the Employment Retirement Income Security Act (ERISA),

29 U.S.C. § 1001 et seq., claiming breach of fiduciary duty.  Named Plaintiffs filed a

Consolidated Class Action Complaint containing allegations of Defendants' fiduciary status and

wrongdoing.  Following a mediation conducted by the Honorable Layn R. Phillips, appointed by

the Court as special master for settlement purposes, Named Plaintiffs and certain defendants

reached a settlement of the action.  A Stipulation and Agreement of Settlement With Certain

Defendants – ERISA Actions, dated August 31, 2007, was filed with the Court on August 31,

2007, and an Amended Stipulation and Agreement of Settlement With Certain Defendants –

ERISA Actions, dated October 31, 2007, was filed with the Court on November 1, 2007

("Amended Stipulation").  Following a duly-noticed fairness hearing on November 13, 2007, the

Court issued an order, dated January 23, 2008, granting final approval to the terms of the

Settlement embodied in the Amended Stipulation.[1]

Due to significant adverse developments with respect to Delphi's efforts to emerge from

bankruptcy, and considering that the Effective Date of the Settlement was contingent upon

substantial consummation of Delphi's Plan of Reorganization that was confirmed by the

Bankruptcy Court in January 2008, the parties to the Amended Stipulation agreed to modify the

terms thereof such that the effectiveness of the Settlement would not be contingent upon

consummation of Delphi's plan of reorganization.  This agreement was memorialized in the

Modification to Amended Stipulation of Settlement With Certain Defendants – ERISA Actions,

dated July 10, 2009 (the "Modification").

On July __, 2009, the Court granted the parties' joint Rule 60(b)(6) motion to amend the

January 23, 2008 Order and Final Judgment so that the parties could present the Modification

and a proposed judgment consistent therewith for the Court's consideration and approval

following notice to the Class.  On July __, 2009, the Court entered an Order for Notice and

Hearing preliminarily approving the terms of the Modification and directing Lead Counsel to

provide notice to the Class thereof.  The Court has received declarations attesting to notice

having been provided to the Class in accordance with the Court's directions.  A hearing was held

on _____ , 2009 to determine whether to approve the Modification as fair, reasonable and

adequate and to rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

---

[1]    All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings
assigned to them in the Amended Stipulation, as modified by the Modification.

1.   This Order and Final Judgment amends that certain Order and Final Judgment, dated January 23, 2008 (the "Original Judgment"), in the above-captioned proceeding;

2.   The Court has jurisdiction over the subject matter of this action, all members of the Class, and all Settling Defendants pursuant to 29 U.S.C. § 1132(e).

3.   In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement, the fairness hearings, the Plan of Allocation Motion and the Modification, such notice having been carried out in accordance with the Court's orders in respect thereof.  The Notice, the Publication Notice, the Website Notice, and the notice methodology implemented pursuant to the Amended Stipulation, as modified by the Modification, and the Court's orders (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to fairly apprise members of the Class of the proposed Settlement, as modified by the Modification, their right to object to the Settlement, as modified by the Modification, and their right to appear at the above-mentioned hearings; (c) constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of due process and the Federal Rules of Civil Procedure and any other applicable law.

4.   The Settlement, as modified by the Modification, was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions.  The Settlement, as modified by the Modification, was reached after the parties had engaged in extensive negotiations with the assistance of a former United States District Judge acting as special master for settlement purposes.  Lead Counsel and counsel for Settling Defendants were therefore well positioned to

evaluate the benefits of the Settlement, as modified by the Modification, taking into account the

expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

5.    The proposed Settlement, as modified by the Modification, warrants final

approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair,

adequate, and reasonable to the Class and others whom it affects based upon (a) the likelihood of

success on the merits weighed against the amount and form of relief offered in the Settlement, as

modified by the Modification; (b) the risks, expense, and delay of further litigation; (c) the

judgment of experienced counsel who have competently evaluated the strength of their proofs;

(d) the amount of discovery completed and the character of the evidence uncovered; (e) the

limited number of objections made to the proposed Settlement, as modified by the Modification;

(f) the fact that it is the product of arm's-length negotiations as opposed to collusive bargaining;

(g) the fact that it is consistent with the public interest; and (h) the fact that it promotes the

effectiveness of the Settlement, as modified by the Modification, and distribution of the

consideration to the Class independent of the events in Delphi's bankruptcy proceeding.

6.    The Settlement, as modified by the Modification, hereby is APPROVED as fair,

reasonable, adequate to members of the Class, and in the public interest.  The settling parties are

directed to consummate the Settlement in accordance with the terms of the Amended Stipulation,

as modified by the Modification.

7.    The Plan of Allocation is hereby APPROVED as fair, adequate, and reasonable.

Subject to the provisions of paragraph 17 below and paragraph 23 of the Amended Stipulation,

as modified by the Modification, upon this Order and any order of the Bankruptcy Court

approving the Settlement, as modified by the Modification, becoming Final, and upon the

Effective Date of the Settlement, as modified by the Modification, the Escrow Agent shall

disburse the Net Settlement Fund to the Plans for distribution by the Plans' trustee(s) in

accordance with the Plan of Allocation, subject to any amounts withheld by the Escrow Agent

for the payment of taxes and related expenses as authorized in the Amended Stipulation, as

modified by the Modification.

8.    The Escrow Agent is authorized to pay the reasonable costs of implementing the

Plan of Allocation from the Gross Settlement Fund, upon notice to Settling Defendants' counsel,

without further order of the Court, notwithstanding that this Order has not yet become Final as

that term is defined in the Amended Stipulation, as modified by the Modification.

9.    A case contribution award of $5,000.00 payable from the Gross Settlement Fund

is awarded to each Named Plaintiff.  Such award may be distributed to each Named Plaintiff by

the Escrow Agent upon the Effective Date of the Settlement, as modified by the Modification.

10. The Court retains jurisdiction over this action and the parties, the Plans, and

members of the Class for all matters relating to this action, including (without limitation) the

administration, interpretation, effectuation or enforcement of the Amended Stipulation, the

Modification and this Order and Final Judgment, and including any application for fees and

expenses incurred in connection with administering and distributing the Settlement proceeds to

members of the Class.

11. Without further order of the Court, the parties may agree to reasonable extensions

of time to carry out any of the provisions of the Amended Stipulation and the Modification.

12. Named Plaintiffs and all members of the Class, on behalf of themselves, and the

Class, and their personal representatives, heirs, executors, administrators, trustees, successors,

and assigns, with respect to each and every Settled Claim, fully, finally and forever release,

relinquish and discharge, and are forever enjoined from prosecuting, any Settled Claim against

any of the Released Parties and shall not institute, continue, maintain or assert, either directly or

indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any

class or any other person or any of the Plans, any action, suit, cause of action, claim or demand

against any Released Party or any other person who may claim any form of contribution or

indemnity from any Released Party in respect of any Settled Claim or any matter related thereto,

at any time on or after the Effective Date.

13.    The Settling Defendants fully, finally, and forever release, relinquish, and

discharge, and are forever enjoined from prosecuting, the Settled Defendants' Claims against

Named Plaintiffs, all members of the Class, and their respective counsel.

14.    By operation of this Judgment, all Barred Persons are permanently barred,

enjoined and restrained from commencing, prosecuting or asserting, either derivatively or on

behalf of themselves, or through any person purporting to act on their behalf or purporting to

assert a claim under or through them, any Barred Claims against any of the Released Parties in

any forum, action or proceeding of any kind.  The Court shall retain exclusive jurisdiction to

resolve any disputes or challenges that may arise as to the performance, validity, interpretation,

administration, enforcement or enforceability of the Bar Order, except to the extent any such

matters relate to Delphi's bankruptcy proceeding, which shall be subject to the continuing

jurisdiction of the Bankruptcy Court.  Lead Counsel shall post the provisions of this paragraph

on the website identified in the Notice.

15.    Because Barred Persons are barred from asserting any Barred Claims against any

of the Released Parties, any judgments entered against Barred Persons in the Delphi ERISA

Action will be reduced by the Judgment Reduction Amount.  Nothing in the Amended

Stipulation, the Modification or this Judgment shall in any manner limit any joint and several

liability applicable to any non-settling party as to the portion of any judgment against such non-settling party in the Delphi ERISA Action remaining after application of any Judgment Reduction Amount.

16. By operation of this Judgment, Settling Defendants are barred and permanently enjoined from bringing against the Barred Persons, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Barred Claims in any forum, provided that a Settling Defendant shall not be enjoined from bringing Barred Claims against a Barred Person if for any reason such Barred Person asserts, or is legally not barred by this Judgment from bringing, Barred Claims against such Settling Defendant.  The entry of the bars, injunctions and related provisions set forth in paragraphs 14 through 16 above is fair to all persons or entities, including but not limited to the Named Plaintiffs, the Settling Defendants, all Class Members, any non-settling defendants, and all Barred Persons.

17. Until the Delphi ERISA Action has been concluded and fully and finally resolved with respect to all Barred Persons, there shall be no distribution from the Net Settlement Fund that would cause the balance remaining in the Net Settlement Fund to be less than the aggregate of Named Plaintiffs' claims for potential damages with respect to all claims against Barred Persons that have not been concluded and fully and finally resolved.  In addition, until the Delphi ERISA Action has been concluded and fully and finally resolved with respect to State Street Bank and Trust Company ("State Street"), there shall be reserved from the Net Settlement Fund the sum of $5,000,000, and if State Street is not adjudicated to be liable in this Action, State Street shall be entitled to reimbursement from such reserve for its costs in connection with the defense of this action, including its reasonable attorneys' fees and related expenses, payable at

the time final judgment is entered in State Street's favor on the remaining claims, to the extent

that State Street would have been entitled to assert a claim for contractual indemnity with respect

to such costs against one or more Released Parties but for the provisions of Paragraph 14 hereof

barring the assertion of Barred Claims against Released Parties.  The ERISA Action has been

concluded and fully and finally resolved with respect to all Barred Persons, including State Street

(with respect to whom the Court entered its Final Judgment on March 18, 2009).

18. All counts asserted in the Delphi ERISA Action against the Settling Defendants or

against any Released Party that at any time was a defendant in the Delphi ERISA Action are

DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of

the Amended Stipulation, as modified by the Modification.  In addition, upon this Order and

Final Judgment becoming Final, the Named Plaintiffs and the members of the Class shall be

deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and

forever released, and are forever enjoined from prosecuting, any and all Settled Claims.

However, in the event that the Settlement is terminated in accordance with the terms of the

Amended Stipulation, as modified by the Modification, this Judgment shall be null and void and

shall be vacated nunc pro tunc, and paragraph 20 of the Amended Stipulation, as modified by the

Modification, shall govern the rights of the parties thereto.

19. There is no just reason for delay in the entry of this Order and Final Judgment,

and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___ day of _____, 2009.

_____
GERALD E. ROSEN
CHIEF UNITED STATES
DISTRICT JUDGE