|  | Hearing Date and Time: | July 23, 2009 at 10:00 a.m. |
|---|---|---|
|  | Objection Deadline: | July 15, 2009 |

**Barbara S. Mehlsack**
**GORLICK , KRAVITZ & LISTHAUS, P.C.**
17 State Street, 4TH fl.
New York, NY 10004
(212) 269-2500

**Attorney for Int'l Union of Operating Engineers**
**Locals 18S, 101S, and 832S.**

**Marianne G. Robbins**
**PREVIANT, GOLBERG, UELMEN, GRATZ**
**MILLER & BRUEGGEMAN, s.c.**
1555 N River Center Drive, Suite 202
Milwaukee, WI 53212
(414) 271-4500

**Attorney for Int'l Brotherhood of Elec. Workers and**
**Int'l Ass'n of Machinists & Aerospace Workers**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____ x

| **In re** | **Chapter 11** |
|---|---|
| **DELPHI CORPORATION,** *et al*., | Case No. 05-44481 (RDD) |
|  | **(Jointly Administered)** |
| **Debtors.** |  |

_____ x

**PRELIMINARY OBJECTION OF IUOE LOCALS AND IBEW AND IAM TO**
**DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING MODIFIED**
**PLAN OF REORGANIZATION**

The International Union of Operating Engineers Locals 832S, 18S, and 101S (the "IUOE"), and the International Brotherhood of Electrical Workers and its Local 663 (the "IBEW"), and the International Association of Machinists and Aerospace Workers and its

District 10 and Tool and Die Makers Lodge 78 (the "IAM") (all collectively the "Unions") jointly by their respective attorneys hereby file this Objection to the Debtors' Motion for Approval of the Debtors' Modified Plan.

1. The Unions represent active, inactive and retired employees of the Debtors who are participants in the Delphi Hourly Rate Pension Plan ("Delphi HRP")

2. The Debtors' Plan and the Disclosure Statement provide no information with respect to the proposed disposition of the assets and liabilities of the Delphi HRP. The Debtor's Motion at page 10 and the Proposed Modified Plan at Section 7.17 state that upon consummation of the Modified Plan Delphi's HRP "shall no longer be the responsibility of the Debtors and will be addressed by GM."

3. On June 16, 2009, the Debtor filed a Supplement to First Amended Disclosure Statement which does nothing to amplify the Plan or the earlier disclosure. The Supplemental Statement states at Page S-24: "Nevertheless, GM has agreed to make certain arrangements, the details of which are still under discussion, such that the Debtors shall no longer have responsibility for the Hourly Plan."

4. Objections to the proposed Modified Plan must be filed with the Court on July 15, 2009. Ballots to accept or reject the Modified Plan must also be received by the Creditor Voting Agent by July 15, 2009.

5. Delphi asserts that its obligations under the Master Disposition Agreement ("MDA") are conditioned on Delphi not being subject to liability in respect of its hourly pension plan after the closing of the MDA.

6. On July 8, 2009, GM filed the Declaration of Rick Westenburg in support of GM's motion for entry of an order approving, *inter alia*, the Master Disposition Agreement

concerning GM's purchase of Delphi assets. Mr. Westenberg states that "GM, the PBGC and the U.S. Treasury have engaged in discussion regarding an agreement to satisfy these conditions and render saleable the assets subject to the PBGC's asserted lien (a "PBGC Agreement"). *Although no PBGC Agreement has yet been reached*, as part of any PBGC Agreement that *may* be ultimately reached, GM *may* agree to make a cash payment to the PBGC *and/or* assume all or some portion of the net underfunded liability of Delphi's hourly pension plan." (Emphasis supplied). (Declaration of Rick Westenberg in support of Debtors Motion for entry of order approving, *inter alia*, Master Disposition Agreement for purchase of certain assets of Delphi Corporation, Doc. No. 3053, ¶16, p. 9, Chapter 11 Case No. 09-50026 (REG)).

7. As of the date of filing of this Objection, Delphi has not disclosed -- if it knows -- how Delphi will shed its responsibility for the Delphi HRP and how the Delphi HRP will be addressed by GM. Thus the Unions are not able to assess the ramifications of the proposed Modified Plan for active, inactive and retired employees of Delphi who are participants in the Delphi HRP.

8. As a result, the Debtors have failed to provide adequate information to enable the Unions to arrive at an informed decision concerning the acceptance or rejection of the Proposed Plan. Creditors have a right to object to the ambiguity in a plan of reorganization as it applies to the treatment of their contracts with the Debtors; indeed, failure to raise such ambiguities may waive the right to do so a later time. *In re Harvey*, 213 F. 3d 318, 322 (7th Cir. 2000).

9. On the basis of the limited information thus far provided to the Unions, it appears the Modified Plan violates 11 U.S.C. §1113 and the existing collective bargaining agreements between Debtors and the Unions, as modified by the post-petition Memoranda of Understanding (MOUs), dated between July 31, 2007 and August 1, 2007, and the Implementation Agreements,

dated September 25, 2008, between the Unions, Delphi and GM, approved by this Court pursuant to 11 U.S.C. §§1113 and 1114. The Modified Plan states Delphi will have no responsibility for the Delphi HRP, in contradiction to the provisions of the MOUs. Under the Implementation Agreements, the only Delphi HRP liabilities Debtors do not retain are those which are transferred to the GM Hourly Rated Pension Plan ("GM HRP").

10. These agreements cannot be altered by Debtors' plan of reorganization. "No other provision of the Bankruptcy Code can "permit a debtor to achieve a unilateral…modification of a collective bargaining agreement without meeting the requirements of §1113." *In re Ionosphere Clubs, Inc.*, 922 F. 2d 984, 991 (2nd 1990). A plan of reorganization cannot be confirmed where it violates an existing collective bargaining agreement. *In re Stein Henry Company Inc.*, 1992 Bankr. LEXIS 2574 (E.D. Penn. 1992).

11. The Unions collectively represent some 120 participants in the Delphi HRP who have not been transferred to the GM HRP. Liability for these participants' benefits remains the responsibility of Debtors, unless they are transferred to the GM HRP in accordance with the Implementation Agreements. To the extent the Modified Plan attempts to effect Delphi's abrogation of this responsibility without providing for the transfer of the liability to the GM HRP, it is in violation of the Court approved MOUs and Implementation Agreements between the Unions, Delphi and GM and 11 U.S.C. §1113.

12. The Unions are also filing this preliminary objection to create a contested matter and permit them to take discovery with respect to the Motion, and the Unions reserve the right to modify or supplement this objection prior to the hearing on the Motion.

Dated:    New York, NY
          July 13, 2009

/s/ Barbara S. Mehlsack
Barbara S. Mehlsack
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4th Fl.
New York, NY 10004
(212) 269-2500
Attorneys for IUOE

/s/ Marianne Goldstein Robbins
Marianne Goldstein Robbins
PREVIANT, GOLBERG, UELMEN,
GRATZ MILLER & BRUEGGEMAN, s.c.
1555 N River Center Drive, Suite 202
Milwaukee, WI 53212
(414) 271-4500
Attorneys for IBEW and IAM