KEMP KLEIN LAW FIRM
Norman D. Orr (P#25310)
(*pro hac vice* admission pending)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5693

KEMP KLEIN LAW FIRM
Gloria M. Chon (P#72013)
(*pro hac vice* admission pending)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5689

Attorneys for Raymond L. Johnson, Jr.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In Re: | ) | Chapter 11 |
| | ) | |
| **DELPHI CORPORATION, *et al.*** | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ ) | | |

LIMITED OBJECTION OF RAYMOND L. JOHNSON, JR.
TO APPROVAL OF MODIFIED PLAN

      Raymond L. Johnson, Jr., through his attorneys, Kemp Klein Law Firm, objects to approval, pursuant to the motion dated October 3, 2008 filed by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above captioned cases (Docket # 14310) and the supplement to that motion dated June 1, 2009 (Docket # 16646), of the Modified Plan (as that term is defined in the order entered on June 16, 2009 (Docket # 17032))  and states as follows:

      1.    Raymond L. Johnson, Jr. ("Mr. Johnson") is a former executive of Delphi Corporation ("Delphi").

1

2.      Mr. Johnson's services with Delphi terminated on December 31, 2008.

3.      Mr. Johnson and Delphi executed an agreement effective as of January 1, 2009 entitled "Executive Release of Claims, Separation, Non-Solicitation, and Non-Compete Agreement" ("Separation Agreement") pursuant to which Delphi committed to pay Mr. Johnson a significant sum of money in installments commencing on January 1, 2009.

4.      In the Separation Agreement, Mr. Johnson agreed to  restrictions against competition and  solicitation, agreed to observe certain confidentiality provisions and also assigned certain intellectual property rights to Delphi.  Mr. Johnson has complied and is continuing to comply with all of his obligations in that regard.

5.      Through the date of this objection, Delphi has complied with its obligations pursuant to the Separation Agreement and has made payments when scheduled to be paid.

6.      There are additional payments which are scheduled to be paid in the future and Mr. Johnson is concerned that approval of the Modified Plan will improperly require Delphi to breach its obligations and/or impair Mr. Johnson's rights to receive the remaining payments to which he is entitled pursuant to the Separation Agreement.

7.      Article 2.1 of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified) ("Modified Plan") provides for payment of certain allowed Administrative Claims. However, Article 2.1 of the Modified Plan also indicates that it is "subject to the Master Disposition Agreement."

8       Further Section 7.7(a) of the Modified Plan indicates that "this Plan constitutes a request to authorize and approve the Master Disposition Agreement."

9.      Section 9.5.11A of the Master Disposition Agreement provides:

  "With respect to any former U.S. Salaried Employees of any Seller whose employment has been terminated prior to the date hereof and are or may be entitled to severance or termination payments or similar benefits, Sellers shall use their commercially reasonable efforts to cause any obligation to pay such severance or termination payments to cease as

2

of the Closing, and neither Company Buyer nor GM Buyers shall have any Liability relating to any such payments or benefits."

That section 9.5.11A of the Master Distribution Agreement shall hereinafter be referred to as the "Termination Benefit Provision."

10.    It is not clear that the obligations of Delphi to Mr. Johnson pursuant to the Separation Agreement would be affected by the Termination Benefit Provision but neither is it clear that the Termination Benefit Provision would be inapplicable to the Separation Agreement.

12.    If the Termination Benefit Provision is applicable to the Separation Agreement by virtue of the approval of the Modified Plan, it is not clear what the impact of the Termination Benefit Provision would be on Mr. Johnson's right to be paid the remaining amounts due and/or to assert an Administrative Claim for such payments.

11.    Mr. Johnson does not object to approval of the Modified Plan so long as it does not adversely affect his rights under the Separation Agreement.   Mr. Johnson does object to approval of the Modified Plan to the extent it: (i) purports to direct Delphi to not honor the Separation Agreement, (ii) limits or impairs Mr. Johnson's ability to enforce the Separation Agreement and/or assert an otherwise valid administrative claim and/or (iii) otherwise impairs Mr. Johnson's contractual rights pursuant to the Separation Agreement.

12.    Although there exists no legal basis justifying such a result, even lacking a legal basis if the court approves the Modified Plan containing the ambiguous provisions it could constitute res judicata with respect to these issues.

13.    This inappropriate and hopefully unintended consequence can be avoided by clarifying the meaning of the Termination Benefit Provision and its impact, if any, on Administrative Claims.

<u>Relief Requested</u>

Mr. Johnson respectfully requests that this Honorable Court include a provision in any order approving the Modified Plan to clarify that neither the Master Disposition Agreement or Modified Plan direct or compel Debtors or any of them to dishonor, breach

3

or otherwise fail to comply with Debtors' obligations pursuant to the Executive Release of Claims, Separation, Non-Solicitation, and Non-Compete Agreement between Delphi Corporation and Raymond L. Johnson, Jr. or to disallow or invalidate any Administrative Claim of Raymond L. Johnson, Jr. which might arise pursuant to that Agreement.

Respectfully submitted,

KEMP KLEIN LAW FIRM

By:    */s/ Norman D. Orr*
Norman D. Orr (P25310)
Pro hac vice admission pending
norman.orr@kkue.com
(248) 740-5693

And:    */s/ Gloria M. Chon*
Gloria M. Chon (P72013)
Pro hac vice admission pending
gloria.chon@kkue.com
(248) 740-5689

201 W. Big Beaver Rd., Ste. 600
Troy, MI 48084
Attorneys for Raymond L. Johnson, Jr.

Dated: July 13, 2009
637049

4

KEMP KLEIN LAW FIRM
Norman D. Orr (P#25310)
(*pro hac vice* admission pending)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5693

KEMP KLEIN LAW FIRM
Gloria M. Chon (P#72013)
(*pro hac vice* admission pending)
201 W. Big Beaver
Suite 600
Troy, MI 48084
(248) 740-5689

Attorneys for Raymond L. Johnson, Jr.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x

|  |  |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------- x

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2009, I electronically filed a Limited Objection of Raymond L. Johnson, Jr. to Approval of Modified Plan with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants indicated in the Notice of Electronic Filing. I also hereby certify that I caused such document to be mailed via overnight delivery to the following:

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr. and Ron E. Meisler

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Attn:  Kayalyn A. Marafioti and Gregory W. Fox

Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn:  Brian Masumoto

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn:  Robert J. Rosenberg, Mark A. Broude and Mitchell A. Seider

Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Attn:  Donald Bernstein and Brian Resnick

Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019
Attn:  Richard Mancino and Marc Abrams

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attn:  John J. Rapisardi and Oren B. Haker

United States Department of Justice
86 Chambers Street, 3rd Floor
New York, NY 10007
Attn:  Matthew L. Schwartz and Joseph N. Cordaro

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:  Jeffrey L. Tanenbaum and Robert J. Lemons

Schulte, Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Attn:  Adam C. Harris and David J. Karp


                      */s/ Gloria M. Chon*
                      Gloria M. Chon, Attorney (P#72013)
                           (*pro hac vice* admission pending)
                      Counsel for Raymond L. Johnson, Jr.
                      201 W. Big Beaver
                      Suite 600
                      Troy, MI 48084
                      (248) 740-5689
                      *gloria.chon@kkue.com*

Dated:  July 13, 2009
637049