# Severance Termination

## Letter of Objection

United States Bankruptcy Court
Attn: Judge Drain
Reference Case #05-44481

**FAX: 914-390-4073 (White Plains, NY)**

Honorable Judge Drain:

My name is _Roger Hoke_ and I am a Delphi Packard retiree who entered into a legal, enforceable contract during bankruptcy between Delphi Packard and myself and I expect it to be fulfilled by Delphi, as it has been fulfilled by me. The effective date of my contract was _04/01/09_ and my signing date was _03/31/09_.

[Handwritten note: SAGINAW STEERING]

I strongly object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date (emergence date). My severance payments were provided in exchange for my waiver of certain rights via the Release of Claims (severance payments are not a Delphi provided benefit).

The following are my points of objection:

1) Severance payment entitlement is by <u>contract</u> (Separation Agreement).

2) Employees waived certain rights (Release of Claims) to receive the severance package - I volunteered to retire from Delphi in exchange for my one year severance payments.

3) The contracts were entered into <u>during</u> bankruptcy.

4) Severance payments are a contract liability - not a Delphi provided benefit.

5) I have a valid / binding / legal contract and I expect it to be honored by Delphi.

Judge Drain, I planned to use my severance money to relocate for new employment. I have already been affected by benefit termination and pending pension reduction (transfer to PBGC). The total liability for continued severance payments is low, and that the liability is short term (expires ~July 2010).

Please rule against this 20009 Master Disposition Agreement, Article 9.5.11.

Regards,

Print Name: _Roger E. Hoke_   Sign Name: _Roger E. Hoke_   Date: June 19, 2009