Norma Shaarda pg.2

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of New York
One Bowling Green
New York, NY 10004-1408

June 28, 2009

Dear Honorable Robert D. Drain,

This letter is written to object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11, declaring that severance payments will be terminated upon the emergence date.

I entered into a *separation agreement* with Delphi Corporation on 12-18-08 (Separation Allowance Plan Release of Claims) which provided monies to be paid me on a Semi-Monthly Basis (12 months) for my separation of employment effective 2-1-2009. **Please note: this contract was entered into during bankruptcy and acknowledged by Delphi.**

In consideration for receiving these benefits, I waived certain rights that were of value to me and Delphi, General Motors Corporation received value. (Data will show a clear financial savings to Delphi/GM)

Once Delphi accepted my Release of Claims form, I had a (7) seven day revocation period. Upon expiration; I could not change my mind to separate and would be forced to leave employment on 1-29-2009. **If this were not a contract I would have revoked my end of the contract upon plant notification of termination of OBED on 1/28/09 before I was forced to leave the next day.**

I have fulfilled my obligation as contained in the Release of Claims form and feel Delphi/General Motors Corporation should be required to complete their obligation with the continuation of the severance payments which I am entitled to. **Additionally, the Delphi/GM end of this contract is clearly short term with payments concluding in a 7 month period.** These monies were identified to take care of an existing home mortgage. Adding the potential loss of the severance pay on top of other benefit terminations (life insurance and health care) pending pension reductions (transfer to PBGC), I question if 36 years of faithful service (25 GM and 11 Delphi) as a loyal salaried employee is worth anything. I have been looking unsuccessfully for work since February 2009 and the loss of this severance will force me to decide between health care, home foreclosure or food.

Norma Shaarda pg.2

I feel I have a valid/binding/legal contract with Delphi/General Motors Corporation (ROC) and solicit your help in seeing it fulfilled. **I also question why there is no mention of elimination of SERP/emergence bonuses for corporate executives as this is a standard practice under bankruptcy.**

Docket Number 05-44481 (RDD)

Thank you in advance for your time and consideration on reviewing this matter, during these difficult and stressful times for Delphi Salaried Employees.

Sincerely yours,

*Shaarda*

Norma Shaarda
554 Riley St.
Hudsonville, MI 49426
616-896-9542

12-17-0...
9:45 A...

Docket # 05-44481 (RDD)

## Delphi Corporation
## Separation Allowance Plan Release of Claims

I Norma Shaarda have been separated from my employment with Delphi Corporation ("Delphi") effective February 1, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $ 4,130.00, less applicable deductions, to be paid in 24 semi monthly installments commencing on January 31, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by Human Resources before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _N Shaarda_

Delphi Identification Number (DIN): 1004072

Dated: 12-19-08

Accepted: _[signature]_
Delphi Corporation

12-19-08
1-20- PW

Revised November 2008

# United States Bankruptcy Court
## Southern District of New York
Delphi Corporation et al. Claims Processing
c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue
El Segundo, California 90245

# Administrative Expense Claim Form

**Debtor against which claim is asserted:**
Delphi Corporation, et al. 05-44481

**Case Name and Number**
In re Delphi Corporation., et al. 05-44481
Chapter 11, Jointly Administered

**NOTE:** This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

**Name of Creditor** *(The person or other entity to whom the debtor owes money or property)*
NORMA SHAARDA

**Name and Address Where Notices Should be Sent**
554 Riley St.
Hudsonville, MI 49426

**Telephone No.**
616-896-9542

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (Fill out below)
Your social security number 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
Unpaid compensation for services performed
from 6/30/09 to 1-31-10

**2. DATE DEBT WAS INCURRED** 12-19-09

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM:** $ 61,950.00
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim** (attach any additional information):
Severance Contract to pay 24 semi-monthly payments of $4130.00 commencing 1-31-09 to 1/31/10

**THIS SPACE IS FOR COURT USE ONLY**

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**Date:** 28-09

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
*Norma Shaarda*
NORMA SHAARDA