IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 05-44481 |
| **DELPHI CORPORATION, <u>et al.</u>,** | § | |
| | § | CHAPTER 11 |
| | § | Jointly Administered |
| DEBTORS | § | |

## OBJECTION OF TEXAS TAXING AUTHORITIES TO PROPOSED PLAN MODIFICATIONS OF DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW, **Angelina County, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, City of Donna, Donna ISD, City of El Paso, City of Harlingen, Harlingen CISD, Harris County, City of McAllen, McAllen ISD, Montague County, Montgomery County, Nueces County, Pharr-San Juan-Alamo ISD, San Benito CISD, City of San Marcos, San Marcos CISD, South Texas College, South Texas ISD, Tarrant County, and Valley View ISD**, secured ad valorem tax creditors of the Debtors (collectively referred to herein as "Taxing Authorities"), and file this Objection to Proposed Plan Modifications of Debtors' First Amended Plan of Reorganization (the "Plan Modification or Modified Plan"), as follows:

1. This Objection is made pursuant to 11 U.S.C. § 1129 and Bankruptcy Rule 3020(b).

2. Taxing Authorities are fully secured ad valorem tax creditors of Debtor and the estate, holding unavoidable first priority statutorily perfected liens against property of the estate pursuant to §§ 32.01 and 32.05 of the Texas Property Tax Code. *See In re Winns Stores, Inc.,* 177 B.R. 253 (Bkrtcy. W. D. Tex. 1995); *Central Appraisal*

*District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S. W. 2d 841 (Tex. App.-Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all personal property of the property owner, and to property subsequently acquired. *In re Universal Seismic Associates, Inc.,* 288 F. 3d 205 (5th Cir. 2002).

3. In addition to their claims for taxes incurred pre-petition, Taxing Authorities have administrative expense claims for ad valorem property taxes incurred for the 2009. Tax liens have attached to Debtors' property for the 2009 ad valorem taxes that may be imposed during the year but such taxes are not yet due.

4. Taxing Authorities objected to the Debtor's First Amended Plan of Reorganization (doc. # 11754) and ultimately withdrew that Objection based upon a resolution of same as reflected in Paragraph 63 of the Confirmation Order (doc. # 12359), entered by this Court on January 25, 2008, which provides as follows:

> "63. <u>Miscellaneous.</u>
> (a) Notwithstanding anything in Article 5.1 of the Plan to the contrary, any holder of a Secured Claim, which Claim arose as a result of a tax secured by a lien, shall retain its line in accordance with applicable non-bankruptcy law until the Claim is paid in full with Postpetition Interest as provided in the Plan, and the payment of the Secured Claim shall not include the treatment set forth in Article 2.2(i) of the Plan."

5. The treatment provided at 5.1 of the First Amended Plan that the holders of secured claims would be paid in Cash or have the Claim reinstated, at the sole option of the Debtors or Reorganized Debtors. The claims of Taxing Authorities were deemed Unimpaired and were to be paid interest as allowed by State Law. After conclusion of the plan confirmation process, on or about August 27, 2008, Debtors and Taxing

Authorities resolved the Debtors' objections to Taxing Authorities' claims and Taxing Authorities' claims became Allowed Claims entitled to payment in cash. Instead of paying its allowed secured ad valorem tax claims in cash, with interest thereon as allowed by state statute, the Debtors are proposing to pay these claims out over seven (7) years with an interest rate of less than half of what is required by State law. Under the Modified Plan, Taxing Authorities claims for taxes assessed in 2005 will not be paid until 2016, some eleven (11) years after they became due and payable.

6. The United States Supreme Court has determined that matters covered by a plan of reorganization confirmed by a final order of a bankruptcy court are subject to the doctrine of Res Judicata, in the absence of an allegation of fraud in obtaining the confirmation. *See* Stoll v. Gottlieb, 305 U.S. 165, 83 L. Ed. 104, 59 S Ct. 134 (1935). Accordingly, the proposed Modification to the confirmed plan as it relates to the Taxing Authorities' claims is not authorized by the Bankruptcy Code and cannot be approved. Alternatively, this Court must hold Debtors to the strictest of burdens in demonstrating its need to restructure the secured tax claims as it set forth in the Modified Plan.

7. Taxing Authorities object to the Modified Plan because it fails to comply with all the mandatory requirements for confirmation under 11 U.S.C. §§1123 and 1129.

8. Taxing Authorities object to the Modified Plan to the extent that it fails to provide for post-petition/pre-confirmation interest as required by 11 U.S.C. §506 (b), from the date of filing of this case. Specifically, Taxing Authorities are entitled to be paid §506 (b) interest at the statutory interest rate of twelve percent per annum (12%), as provided in the Texas Property Tax Code § 33.01, from the date of filing of this case

to the date of confirmation. *See: Rankin V. DeSarno*, 89 F.3d 1123, 1130 (3rd Cir. 1996); *In Re Marfin Ready Mix Corp.,* 220 B.R. 148, 153-158 (Bankr. E. D. N. Y. 1998), citing *In re Parr Meadows Racing Association, Inc.,* 880 F. 2d 1540, 1549 (2d Cir. 1989) (county entitled to post-petition interest at statutory rate under §506 (b); *Galveston ISD v. Heartland Federal Savings and Loan Assoc.,* 159 B.R. 198 (S. D. Tex. 1993); *In re Davison*, 106 B.R. 1021 (Bankr. D. Neb. 1989). Taxing Authorities seek clarification that under the Modified Plan it will be paid interest at the statutory rate of 12% per annum from the filing of this case to the date of approval of the Plan Modification.

9. The Plan fails to provide for adequate post-confirmation interest. The U. S. Supreme Court in *Till v. SCS Credit Corporation*, 541 US 465, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004), addressed the issue of appropriate post-confirmation interest rates in the context of a Chapter 13 Plan, and has indicated that the prime rate plus "a risk factor" is the appropriate method to determine the rate of interest to be paid to commercial lenders. This risk factor should consider "a formula which entails a straightforward, familiar and objective inquiry and minimizes the need for potentially costly additional evidentiary proceedings." *Id.* at 1961. While the Court in *Till* did not establish the appropriate risk factor to be used, the court gave guidance that in considering the appropriate risk factor, the Court should consider "the state of financial markets, the circumstances of the bankruptcy estate and the characteristics of the "loan." *Id.* at 1961. Governmental tax creditors and commercial lenders are not similarly situated. The risk factor applicable to a taxing jurisdiction is built-into the statutory rate of 12% per annum and Taxing Authorities object to any Plan that does not provide for payment of statutory interest on post-confirmation payments on pre petition taxes.

10. Taxing Authorities object to a payout of secured tax claims which exceeds 24 months from the date of approval of the Modified Plan, given the deteriorating nature of the collateral which secures the tax claims. A Plan which provides a longer payout to Taxing Authorities violates the provisions and requirements of 11 U.S.C. §1129 (b) (2) (A).

11. The post-petition 2009 taxes are entitled to Chapter 11 administrative expense status under 11 USC §503 (b) (1) (B) (i) and 11 USC §507 (a) (1) and must be paid in cash on confirmation of the Plan or as soon thereafter as the taxes are finally assessed and before the taxes become delinquent, pursuant to the requirements of 11 USC §1129 (a) (9) (A). Taxing Authorities object to any part of the Modified Plan which attempts to allow for payment of the administrative expense claims owing to Taxing Authorities under any scenario other than in cash and in full on the Plan's Effective Date, as required by 11 U.S.C. §1129 (a) (9) (A) and the Texas Property Tax Code. Taxing Authorities object to any Modified Plan provision that may require Taxing Authorities to file a formal request for payment of their administrative expense claims inasmuch as such taxes are ordinary course expenses that should be paid as they become due without the need for a formal request for payment. Taxing Authorities object to any portion of the Modified Plan which attempts to limit payment of statutory fees, penalties and interest on the administrative expense claims.

12. With respect to the contemplated alternative §363 sale of the company and its assets, Taxing Authorities seek clarification that the liens secured by the property to be sold shall attach to the proceeds of sale in the order and priority that the liens had against the property sold. Absent such a requirement, Taxing Authorities object to the

Modified Plan on the basis that it is not fair and equitable and accordingly violates the provisions of 11 U.S.C. §1129 (b) (2) (A).

13. Taxing Authorities each hereby cast a ballot against confirmation of the Modified Plan.

WHEREFORE, Taxing Authorities pray that this Court deny the Confirmation of the proposed Modified Plan in this case and for such other relief as is just and equitable.

Respectfully Submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)

By: _/s/ Diane w. Sanders_____
    DIANE W. SANDERS
    State Bar No. 16415500
**Attorney for Angelina County, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, City of Donna, Donna ISD, City of El Paso, City of Harlingen, Harlingen CISD, Harris County, City of McAllen, Montague County, Montgomery County, Nueces County, San Benito CISD, City of San Marcos, San Marcos CISD, South Texas College, South Texas ISD, Tarrant County, and Valley View ISD, Texas Taxing Jurisdictions**

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Objection to Chapter 11 Plan of Reorganization has been served by electronic or first class mail on the parties listed below on this 14th day of July, 2009.

Delphi Corporation, et al
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098
**DEBTOR**


Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr., John K. Lyons,
Ron E. Meisler, Thomas J. Matz &
Kaylan A. Marafioti
333 West Wacker Dr., Ste 2100
Chicago, Illinois 60606
**COUNSEL TO DEBTORS**


Latham & Watkins LLP
Attn: Robert J. Rosenberg
885 Third Avenue
New York, New York 10022
**COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**


Davis Polk & Wardwell
Attn: Donald Bernstein &
Brian Resnick
450 Lexington Avenue
New York, New York 10017
**COUNSEL FOR THE AGENT UNDER**
**THE POSTPETITION CREDIT FACILITY**


Fried, Frank, Harris, Shriver & Jacobson LLP
Jennifer L. Rodburg & Richard J. Silvinski
One New York Plaza
New York, New York 10004
**COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF EQUITY SECURITY HOLDERS**

Honigman Miller Schwartz & Cohn LLP
Frank L. Gorman & Robert B. Weiss
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI  48226
**COUNSEL FOR GENERAL MOTORS CORPORATION**

Office of the U.S. Trustee
Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
**U.S. TRUSTEE**

*/s/ Diane W. Sanders*
DIANE W. SANDERS