Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

Attorneys for Robert Bosch LLC f/k/a Robert Bosch Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                        :
    In re                                   :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
                       Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### RESPONSE AND LIMITED OBJECTION OF ROBERT BOSCH LLC'S TO DEBTORS' JULY 13, 2009 NOTICE OF FILING CERTAIN CORRECTED NOTICES OF ASSUMPTION AND ASSIGNMENT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO <u>PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION</u>

      Robert Bosch LLC, f/k/a Robert Bosch Corporation and Robert Bosch GmbH, (collectively "Bosch") by and through its counsel, hereby submits this Response and Limited Objection ("Limited Objection") to Debtors' July 13, 2009 Notice of Filing Certain Corrected Notices of Assumption and Assignment to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "July 13 Notice"), as follows:

## BACKGROUND

1. On July 10, 2009, Debtors filed the Notice of Filing of Notices of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "July 10 Notice Filing") pursuant to the Modification Procedures Order (Docket No. 18076). The July 10 Notice Filing identified GM Components Holdings, LLC and Steering Solutions Services Corporation as the parties to which the Debtors' would assign all of their rights, title, and interests in certain contracts.

2. According to the Debtor, certain parties may have inadvertently received the GM Assumption and Assignment Notice with the schedules to the Parnassus Assumption and Assignment Notice. On July 13, 2009, Debtors filed the July 13 Notice to correct the July 10 Notice Filing.

3. Debtors' Schedule 2 attached to the July 13 Notice describes the Bosch contracts to be assumed and assigned as "All contracts between BOSCH, ROBERT CORP. and Delphi related to intellectual property" (the "Intellectual Property Contracts") without any specific information. Bosch is a party to several contracts with the Debtors related to intellectual property and is unable to reasonably ascertain which specific Intellectual Property Contracts Debtors are referring to.

4. While the Debtors' Schedule 2 identifies only Robert Bosch LLC, f/k/a Robert Bosch Corporation as a party to the Intellectual Property Contracts, Robert Bosch GmbH may have an ownership interest in the intellectual property that is the subject of the Intellectual Property Contracts and joins in this objection.

5. Accordingly, Bosch objects as follows:

**OBJECTIONS & MEMORANDUM OF LAW**

6. Debtors have failed to specify the types of intellectual property addressed in these contracts, and to the extent that the Intellectual Property Contracts are patent, copyright or trademarks these Intellectual Property Contracts are not assignable.

   a. 11 U.S.C. § 365(c) states in pertinent part:

   (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
   (1)
   (A) **applicable law excuses a party**, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
   (B) such party does not consent to such assumption or assignment[.]

   b. Under federal law intellectual property licenses are personal to the owner of the license, and thus under section 365(c) of the Bankruptcy Code, cannot be assigned to a third party without the owner's consent. *In re Patient Educ. Media, Inc.*, 210 B.R. 237, 243 (Bankr. S.D.N.Y. 1997) (copyright license not assignable without consent of the licensor); *In re CFLC, Inc.,* 89 F.3d (9th Cir.1996) (patent license was personal and not assignable without licensor's consent); *Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc.*, 925 F.Supp. 212, 218 (S.D.N.Y. 1996) ("the general rule is that unless the license states otherwise, the licensee's right to use the licensed mark is personal and cannot be assigned to another.")

7. Debtors have failed to provide sufficient information for Bosch to ascertain which specific "Intellectual Property Contracts" the Debtors wish to assume and assign, it is equally

impossible for Bosch to determine the adequacy of the proposed cure amount suggested in Debtors' Notice as "$0.00" ("Cure Amount").

8. It is imperative that Debtors be required to provide details regarding the date and nature of each and every Intellectual Property Contract that they allegedly desire to assume and assign under the terms of the July 13 Notice. After all Intellectual Property Contracts are identified by the Debtors with specificity, Bosch will be in a position to determine (1) whether or not it has an objection to assumption or assignment and (2) whether or not the proposed Cure Amount described in the July 13 Notice is adequate. Following the receipt of this information Bosch will be in a position to determine whether it wishes to consent to the assignments.

## CONCLUSION

WHEREFORE, Bosch respectfully requests that this Court order Debtors to specifically identify Intellectual Property Contracts which they intend to assume in an effort to allow Bosch the opportunity to evaluate Debtors' proposal and appropriately respond to same. Pending such evaluation Bosch objects to the assignment of its Intellectual Property Contracts.

Respectfully submitted,

Dated: July 14, 2009         WARNER NORCROSS & JUDD LLP


By     /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Robert Bosch LLC

047554.111128 GR1686748-2

-4-