BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Attorneys for Howard County, Indiana*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :   Case No. 05-44481(RDD)
                                                      :
                Debtors.                              :   (Jointly Administered)
------------------------------------------------------x

**OBJECTION OF HOWARD COUNTY, INDIANA TO APPROVAL/CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED) AND FOR CLARIFICATION OF CERTAIN PROVISIONS OF THE (A) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED) AND (B) MASTER DISPOSITION AGREEMENT AMONG DELPHI CORPORATION, GM COMPONENTS HOLDINGS, LLC, GENERAL MOTORS CORPORATION, PARNASSUS HOLDINGS II, LLC AND THE OTHER SELLERS AND OTHER BUYERS PARTY THERETO**

Howard County, Indiana ("Howard County"), by and through its undersigned counsel, files this Objection to Approval/Confirmation of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as Modified) (the "First Amended Plan") and for Clarification of Certain Provisions of the (A) First Amended Plan and (B) Master Disposition Agreement Among Delphi Corporation, GM Components

1

Holdings, LLC, General Motors Corporation, Parnassus Holdings II, LLC and the Other Sellers and Other Buyers Party Thereto (the "MDA") and respectfully states as follows:

## HOWARD COUNTY, INDIANA'S CLAIMS

1. On April 4, 2006, Howard County timely filed a Proof of Claim against the estate of Delphi Automotive Systems LLC (the "Debtor") in the total amount of $7,081,152.34, which amount was comprised of a secured claim in the amount of $2,453,074.52 and an unsecured priority claim in the amount of $4,628,077.82 (the "Original Proof of Claim"). The Original Proof of Claim is identified in the claims register in this bankruptcy case as Claim No. 2557.

2. On February 2, 2007, Howard County filed an amendment to the Original Proof of Claim increasing the total amount to $7,146,906.58, which amount was comprised of a secured claim in the amount of $2,069,991.66 and an unsecured priority claim in the amount of $5,076,914.92 (the "Amended Proof of Claim"). The Amended Proof of Claim is identified in the claims register in this bankruptcy case as Claim No. 16506.

3. Pursuant to the Twelfth Omnibus Claims Objection with respect to Duplicate and Amended Claims [Docket No. 7824], the Original Proof of Claim was expunged and the Amended Proof of Claim is the current surviving claim.

4. On July 13, 2007, the Debtors objected to Howard County's claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claim and (D) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, and Consensually Modified and Reduced Claims [Docket No. 8617] (the "Nineteenth Omnibus Claims Objection").

5. On September 4, 2007, this Court entered the Joint Stipulation and Agreed Order (I) Adjourning the Hearing on Debtors' Nineteenth Omnibus Claims Objection with Respect to Proof of Claim 16506 and (II) Capping Proof of Claim Number 16506 (Howard County, Indiana) [Docket No. 9250]. As previously noted, Claim Number 16506 is Howard County's surviving claim and is otherwise known as the Amended Proof of Claim

6. On September 6, 2007, Howard County filed the Response Of Howard County, Indiana To The Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject to Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims [Docket No. 9260].

7. On November 19, 2007, to resolve the Nineteenth Omnibus Claims Objection with respect to Howard County's claim, the Debtor and Howard County entered into a settlement agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, the Debtor acknowledged and agreed that Howard County's claims shall be allowed against the Debtor in the total amount of $6,497,209.88, with such amount is comprised of (i) a secured claim in the amount of $1,881,810.60 (the "Allowed Secured Claim") and (ii) an unsecured tax claim with the priority of 11 U.S.C. § 507(a)(8) in the amount of $4,615,399.28 (the "Allowed Priority Claim"). The Debtor was authorized to enter into the Settlement Agreement without an Order approving allowance from this Court. By the Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 16506 (Howard County, Indiana) [Docket No. 11436] (the "Joint Stipulation") that was approved by this Court on December 12, 2007, the Debtor and Howard County stipulated that Howard County's claims were allowed in the total amount of

3

$6,497,209.88, with such amount is comprised of (i) a secured claim in the amount of $1,881,810.60 and (ii) an unsecured priority tax claim in the amount of $4,615,399.28.

### HOWARD COUNTY'S OBJECTION TO APPROVAL/CONFIRMATION

8. Howard County objects to the approval/confirmation of the First Amended Plan as follows:

*Howard County's Allowed Secured Claim*

9. Howard County's Allowed Secured Claim arises from real estate owned by the Debtor in Howard County, Indiana, and pursuant to Indiana Code § 6-1.1-22-13, Howard County has a first priority statutory lien on the real estate.

10. According to Section 5.1 of the First Amended Plan, Howard County's Allowed Secured Claim will be paid in "distributions of Cash payments in equal installments over a period not to exceed seven years from the Effective Date[1] plus interest accruing at the rate that is equal to the closing seven-year treasury yield rate on the Effective Date plus 200 basis points[.]"

11. Howard County objects to this treatment of its Allowed Secured Claim because Howard County is impaired, Howard County has not accepted the First Amended Plan and Howard County "will [not] receive or retain under the [First Amended Plan] on account of [its secured, first priority tax claim] . . . property of a value, as of the [E]ffective [D]ate of the [First Amended Plan], that is not less than the amount that [Howard County] . . . would so receive or retain if the [D]ebtor were liquidated under chapter 7" as required under 11 U.S.C. § 1129(a)(7)(A)(ii). Under a chapter 7 liquidation, Howard County's Allowed Secured Claim would be paid in full at the closing of the sale of the Debtor's real estate, immediately after the costs of the sale, but before any other claims, including other secured claims. Therefore, the

---

[1] Undefined, capitalized terms shall have the meanings ascribed to such terms in the First Amended Plan or the MDA, as applicable.

4

First Amended Plan's payment over time violates 11 U.S.C. § 1129(a)(7)(A)(ii) and the First Amended Plan cannot be approved/confirmed. To correct this deficiency, the First Amended Plan must provide that Howard County's Allowed Secured Claim shall be paid in full and in cash on the Effective Date.

12. Howard County objects to approval/confirmation of the First Amended Plan because the First Amended Plan does not satisfy the requirements of 11 U.S.C. § 1122(a). As previously noted, Howard County's Allowed Secured Claim has priority under Indiana law over all other secured claims with respect to the Debtor's real estate. *See Butner v. United States*, 440 U.S. 48 (1979). For the First Amended Plan to be approved/confirmed, 11 U.S.C. § 1122(a) must be satisfied. *See* 11 U.S.C. § 1129(a)(1). Therefore, Howard County's Allowed Secured Claim must be separately classified and treated as being paid in full and in cash on the Effective Date before the First Amended Plan can be approved/confirmed.

13. Howard County depends on the real estate and personal property taxes to fund numerous public necessities, such as pubic schools. As previously noted, these taxes were assessed on March 1, 2005 and were to be paid in May and November of 2006. It is patently unfair and inequitable to force Howard County and the citizens of Howard County to wait an additional seven (7) years to receive payment for the secured, first priority real estate taxes. Depending on when the Effective Date occurs, Howard County may wait more than eleven (11) years for these taxes to be paid. Further, the Debtors arbitrarily propose an interest rate equal to the "seven-year treasury yield rate on the Effective Date plus 200 basis points[.]" If the Court disagrees with Howard County and allows the Debtors to pay these secured real estate taxes over this lengthy seven (7) year time period, Howard County respectfully states that it should be paid interest at the Indiana statutory judgment rate of eight percent (8%).

5

14.     The citizens of Howard County, Indiana have waited long enough for the payment of the $1,881,810.60 in secured, first priority real estate taxes and these taxes should be paid in full and in cash on the Effective Date.

15.     Howard County further objects to the First Amended Plan, the MDA and any alternative sale transaction to the extent that (i) Howard County is not paid all taxes due and owing under Indiana law and (ii) Howard County's first priority lien(s) on the Debtor's real estate are in any way adversely affected and fail to ride-through as a continuous first priority lien on the Debtor's real estate.

*Howard County's Allowed Priority Claim*

16.     According to Section 2.2 of the First Amended Plan, unless otherwise agreed to by the Debtors and Howard County, the Allowed Priority Claim of Howard County is to be paid either (i) in "equal Cash payments during a period not to exceed six years after the assessment of the tax on which such Claim is based, totaling the aggregate amount of such Claim, plus simple interest at the rate required by applicable law on any outstanding balance from the Effective Date, or such lesser rate as is agreed to by a particular taxing authority" or (ii) "in full in Cash[.]"

17.     Howard County objects to the treatment of its Allowed Priority Claim as set forth in Section 2.2 of the First Amended Plan to the extent that (i) the entire $4,615,399.28, as allowed under the Settlement Agreement and approved by the Joint Stipulation, is not paid in full on or before March 1, 2011, which is six (6) years from the March 1, 2005 date of assessment, as required under 11 U.S.C. § 1129(a)(9)(C) and (ii) the Indiana statutory judgment rate of eight percent (8%) is not used for any outstanding balance between the Effective Date and March 1, 2011 because, but for the bankruptcy, nonpayment of these taxes would have resulted in a judgment and the accrual of eight percent (8%) interest.

6

*Howard County's Administrative Claim(s)*

18.     Real estate and personal property taxes in Howard County, Indiana are assessed and incurred on March 1st of each year and are payable in two (2) installments in May and November of the following year.

19.     In accordance with 11 U.S.C. § 503(b)(1)(B)(i), Howard County filed an administrative claim for post-petition taxes incurred by the Debtor (the "Administrative Claim").

20.     Howard County objects to the approval/confirmation of the First Amended Plan to the extent the First Amended Plan does not provide for payment of the Administrative Claim in cash and in full at the time that such taxes are payable.

*Howard County's General Objections*

21.     Howard County objects to approval/confirmation of the First Amended Plan to the extent it provides for more favorable treatment and/or more rapid payment of any claims that are inferior or subordinate to any of Howard County's Allowed Secured Claim, Allowed Priority Claim and/or Administrative Claim, respectively.

## CLARIFICATIONS REQUESTED BY HOWARD COUNTY, INDIANA

22.     Section 2.2 of the First Amended Plan that addresses priority tax claims provides that "holders of Priority Tax Claims whose Claims have been assumed by the Buyers pursuant to the Master Disposition Agreement shall be treated in the manner set forth therein[.]"

*The GM Acquired Assets and the Company Acquired Assets*

23.     Section 2.1.3 of the MDA provides that the GM Acquired Assets include (i) "Real Property, which such Real Property shall be subject to the Company Buyer's lease rights with respect to the technical centers located in the Kokomo, Indiana [(Kokomo, Indiana is located in Howard County, Indiana)] and Lockport, New York" and (ii) "Personal Property Including the

7

personal property, machinery and other assets located at the technical centers located in Lockport, New York and Kokomo, Indiana [(Kokomo, Indiana is located in Howard County, Indiana).]" Therefore, it appears that certain of the Debtor's real estate and personal property located in Howard County, Indiana, which are subject to pre-petition and post-petition taxes, are being transferred as part of the MDA and the First Amended Plan to the GM Buyers. However, Howard County is not sure whether or not all of the Debtor's real estate and personal property subject to pre-petition and post-petition taxes are being transferred to the GM Buyers.

24.     Section 2.1.4 of the MDA provides that the Company Acquired Assets include the Company Real Property and Personal Property. Howard County is not sure whether or not any of the Debtor's real estate and personal property subject to pre-petition and post-petition taxes is included in the Company Acquired Assets and is being transferred to the Company Asset Buyers.

25.     Howard County requests clarification of what assets are being transferred/sold to the GM Buyers and what assets are being transferred/sold to the Company Asset Buyers. It is very important for Howard County to obtain clarity on this distinction because the Debtor will be merely a vehicle to complete the bankruptcy plan process, without any ongoing operations, and Howard County will be continuing a relationship with either the GM Buyers and/or the Company Asset Buyers and the GM Buyers and/or the Company Asset Buyers will be liable for certain taxes.

*The GM Assumed Liabilities and the Company Assumed Liabilities*

26.     Section 2.2.1(D)(ii) of the Master Disposition Agreement provides that the GM Assumed Liabilities include "[t]o the extent not discharged pursuant to the Plan of Reorganization, for each GM Buyer, (i) the real and personal property Taxes with respect to the

8

GM Acquired Assets to be acquired by it[.]" This section also provides that certain other taxes are assumed liabilities.

27.     Section 2.2.2 of the Master Disposition Agreement provides that the Company Assumed Liabilities include "[t]o the extent not discharged pursuant to the Plan of Reorganization, for the Company Buyer, (i) the real and personal property Taxes with respect to the Company Acquired Assets[.]" This section also provides that certain other taxes are assumed liabilities.

28.     Howard County requests clarification of what taxes, if any, that are currently the responsibility of the Debtor either as pre-petition secured real estate taxes, unsecured priority personal property taxes or post-petition assessed and unpaid 2008 and 2009 secured real estate taxes and unsecured personal property taxes will be included in the GM Assumed Liabilities and/or the Company Assumed Liabilities. It is very important for Howard County to obtain clarity on this distinction because the remaining Debtor will be merely a vehicle to complete the bankruptcy plan process, without any ongoing operations, and Howard County will be continuing a relationship with either the GM Buyers and/or the Company Asset Buyers and the GM Buyers and/or the Company Asset Buyers will be liable for certain taxes.

29.     It is also very important to Howard County and its citizens that the First Amended Plan and MDA provide for the payment in full, with appropriate interest, of all pre-petition, post-petition and post-Effective Date taxes. Therefore, Howard County is seeking a clarification of the First Amended Plan and MDA to ensure that all pre-petition, post-petition and post-Effective Date taxes are paid in full with appropriate interest.

30. To the extent that all pre-petition, post-petition and post-Effective Date taxes are not being paid in full, with appropriate interest, Howard County objects to approval/confirmation of the First Amended Plan and/or MDA, as applicable.

## RESERVATION OF RIGHTS

31. Howard County reserves its rights to further object to approval/confirmation of the First Amended Plan, further object to approval of the MDA or any alternative transaction, or to seek further clarification of the First Amended Plan and/or MDA, as a result of any further modifications to the First Amended Plan and/or MDA and upon Howard County learning additional facts not currently available to Howard County or at any hearing.

## LOCAL RULE 9010-1(b)

32. This Objection sets forth Howard County's objections under appropriate headings. Howard County respectfully requests that the requirements of Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

[signature page follows]

WHEREFORE, Howard County respectfully requests that the Court (i) sustain its objections as set forth herein, (ii) provide the clarifications requested herein and (iii) grant such other and further relief that is just and proper.

Dated:  Indianapolis, Indiana  
       July 14, 2009

Respecfully submitted,

/s/ Mark R. Owens  
Michael K. McCrory, Esq.  
Mark R. Owens, Esq.  
BARNES & THORNBURG LLP  
11 South Meridian Street  
Indianapolis, IN 46204  
Phone: (317) 236-1313  
Facsimile:  (317) 231-7433  
E-Mail:  mmccrory@btlaw.com  
E-Mail:  mowens@btlaw.com

*Attorneys' for Howard County, Indiana*

INDS01 MOWENS 1136985v2