BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Attorneys for Clarion Corporation of America*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
In re:                                      :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481(RDD)
                                            :
                    Debtors.                :    (Jointly Administered)
―――――――――――――――――――――――― x

### LIMITED OBJECTION OF CLARION CORPORATION OF AMERICA TO (I) APPROVAL AND/OR CONFIRMATION OF MASTER DISPOSITION AGREEMENT AND/OR MODIFIED FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DEBTORS AND (II) PROPOSED TREATMENT OF EXECUTORY CONTRACTS TO THE EXTENT INCONSISTENT WITH PRIOR SETTLEMENT AGREEMENT

Clarion Corporation of America ("Clarion"), by and through its undersigned counsel, in accordance with the Bankruptcy Court's Modifications Procedures Order dated June 16, 2009 [docket no. 17032] (as amended and supplemented, the "Procedures Order") (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order), hereby submits this Limited Objection to (1) approval and/or confirmation of the Master Disposition Agreement and/or the Modified Plan, and (2) the Debtors' proposed treatment of various executory contracts with Clarion, to the extent that such would be inconsistent with a

1

postpetition settlement agreement between Clarion and the debtor Delphi Automotive Systems LLC ("Delphi"). In support of this Limited Objection, Clarion respectfully states as follows:

1. Clarion is a party to multiple supply agreements (the "Contracts") with debtor Delphi Automotive Systems, LLC ("DAS").

2. Clarion is additionally a party to a certain Confidential Settlement Agreement dated as of July, 2009 (the "Settlement Agreement"), which Settlement Agreement was approved in accordance with an "Order . . . Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval" [Docket No. 414].

3. The Settlement Agreement referenced, dealt with and modified the Contracts in ways which, by virtue of the confidential nature of the Settlement Agreement, are not set forth in this Limited Objection.

4. Clarion believes that Article VIII of the Modified Plan is intended to accomplish the assumption and assignment of each of the Contracts. However, Clarion is not able to ascertain whether or to what extent the terms of the Settlement Agreement will be carried out and performed in connection with the Master Disposition Agreement and/or Debtors' Modified First Amended Joint Plan of Reorganization, or in connection with the Contracts post-assumption.

5. Similarly, Clarion is not been able to determine whether any or all of the Contracts are the subject of any Cure Notices transmitted recently in connection with Debtors' cases, although Clarion knows that the address for Clarion on lists of contracts **not** to be assumed appears to be an address in China, where Clarion has no operations and no business address.

6. Clarion hereby seeks clarification by the Debtors of their specific intentions with respect to the assumption, assignment or other treatment of each and all of the Contracts, and absent that clarification, Clarion objects to (a) approval of the Master Disposition Agreement (as

such may be modified by or implemented through a 363 Implementation Agreement or otherwise) and confirmation of the Modified Plan; and (b) the proposed treatment of the Contracts, to the extent that such treatment would be inconsistent with or in derogation of the terms, conditions and other provisions of the Settlement Agreement.

7.  Because the legal points and analysis upon which the Limited Objection is based are set forth herein and do not represent novel theories of law, Clarion respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Clarion Corporation of America respectfully requests that the Court (1) sustain Clarion's Limited Objection as set forth above and require the Debtors to provide the clarifications requested, and (2) grant such other and further relief as may be just.

Dated: Indianapolis, Indiana
July 14, 2009

Respecfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq.
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: mmccrory@btlaw.com
E-Mail: mowens@btlaw.com

*Attorneys for
Clarion Corporation of America*

INDS01 MKM 1137589v2