ARENT FOX LLP
Mary Joanne Dowd
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395

Hearing Date:  July 23, 2009 at 10:00 a.m.
Objection Deadline:  July 15, 2009 at 4:00 p.m.

*Attorneys for Audio MPEG, Inc. and S.I.SV.EL., S.p.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No.: 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF AUDIO MPEG, INC. AND S.I.SV.EL., S.p.A. TO (A) CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED) AND (B) ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Audio MPEG, Inc. ("Audio MPEG") and Societa' Italiana per lo Sviluppo dell'Elettronica, S.I.SV.EL., S.p.A. ("SISVEL," together with Audio MPEG, "Licensors"), by counsel, submit this limited objection to (a) confirmation of the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (as Modified) (the "Modified Plan," Docket No. 17030) and (b) the Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "Assignment Notice," Docket No. 18076).  In support, Licensors state as follows:


## BACKGROUND

1.      On August 7, 2003, Licensors and Delco Electronics Corporation ("Delco") executed a License Agreement ("2003 License Agreement"), whereby Delco and its Controlled Companies (as defined in the License Agreement) were granted non-exclusive licenses under certain U.S. and non-U.S. patents (the "Licenses") to make, have made, use, import, sell, offer to sell, or otherwise dispose of "MPEG Audio Products" (defined in the License Agreement as "Licensed Products") and agreed to submit Royalty Statements (as defined in the License Agreement) and pay royalties on each such MPEG Audio Product. On April 4, 2005, Licensors and Delco executed a 2005 Addendum to the 2003 License Agreement (the "2005 Addendum" and, together with the 2003 License Agreement, the "License Agreement"). On September 30, 2005, Delco merged into the debtor Delphi Automotive Systems LLC ("DAS").

2.      In accordance with the Confirmation Order, Licensors filed a timely Cure Claim (Docket No. 13041), the Debtors' filed an objection (Docket No. 13459) and the Licensors filed a response (Docket No. 13462). The response reported the amount due from DAS for post-petition sales through 4Q 2007 had been paid and asserted an amount due for pre-petition sales of $358,257.20, plus interest at 1% per month (or $139,984.81 as of April 30, 2008) (the "Revised Cure Claim").

3.      The Debtors continued to work with Licensors to resolve the amount due, and the Debtors' adjourned the hearing to resolve the claim. *See* Docket No. 13696.

4.      In accordance with the Court's June 16, 2009 Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting

Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (the "Modification Order," Docket No. 16920), the Licensors filed an administrative expense claim.

5.  Also in accordance with the Modification Order, on July 2, 2009, the Debtors filed certain exhibits to the Modified Plan (Docket No. 17557) including Schedule 9.3 to the Master Disposition Agreement entitled "Assumed and Assigned Contracts" ("Schedule 9.3"). Schedule 9.3 lists the License Agreement as an executory contract to be assumed and assigned.

6.  On July 10, 2009, the Debtors filed the Assignment Notice designating Parnassus as the assignee of the License Agreement and stating $498,242.01 as a disputed cure amount.

## LIMITED OBJECTION

7.  Licensors object to confirmation of the Modified Plan and the corresponding assumption and assignment of the License Agreement absent their consent as required by Section 365(c) of the Bankruptcy Code and applicable law and payment in full of the Revised Cure Claim.

## ARGUMENT

**A.  Licensors Have Not Consented To Assignment Of The License**

8.  Section 365(c) of the Bankruptcy Code provides that a debtor cannot assume or assign an executory contract if (1) applicable law excuses the non-debtor party from accepting performance from a party other than the debtor and (2) the non-debtor party does not consent to such an assignment.  11 U.S.C. § 365(c).

9.  The License Agreement is for the use of intellectual property, thus, applicable law excuses Licensors from accepting performance from any other party other than the DAS. *See In re Access Beyond Tech., Inc., n/k/a Hayes Corp. (Hong Kong) Ltd., et al.*, 237 B.R. 32, 45 (Bankr. D. Del. 1999) ("The 'long standing federal rule of law with respect to the assignability of

3

patent license agreements provides that these agreements are personal to the licensee *and not assignable unless expressly made so in the agreement.*'" (emphasis in original and internal citations omitted)); *see also Commissioner v. Sunnen,* 333 U.S. 591, 609 (1948). Thus, the License Agreement cannot be assigned to Parnassus without Licensors' consent.

**B.     The Cure Claim Needs To Be Resolved**

10.     In addition, under the circumstances, the Cure Claim needs to be resolved prior to any assumption and assignment of the License Agreement. Licensors and DAS worked cooperatively reconciled the Cure Claim and have determined that DAS owes the Revised Cure Claim. The Revised Cure Claim must be finally determined as a condition to approval of the Modified Plan and paid prior to the assumption and assignment of the License Agreement.

## WAIVER OF MEMORANDUM OF LAW

11.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Licensors respectfully request that the Court waive the requirement that it file a separate memorandum of law in support of this limited objection because this limited objection does not present a new or novel issue of law and this limited objection sets forth the relevant points and authority.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Licensors respectfully request that the Court enter an Order denying confirmation of the Modified Plan, prohibiting the assumption and assignment of the License Agreement and granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Dated:  July 14, 2009

*/s/ Mary Joanne Dowd*
Mary Joanne Dowd
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone:  (202) 857-6000
Fax:  (202) 857-6395
Email:  dowd.mary@arentfox.com

*Counsel to Audio MPEG and SISVEL*