**FOLEY & LARDNER LLP**
Salvatore A. Barbatano
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

Judy A. O'Neill (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for PBR Tennessee, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             )
In re:                                              )
                                               )     Chapter 11
DELPHI CORPORATION, et al.,          )     Case No. 05-44481 (RDD)
                                               )     Jointly Administered
                Debtors.               )
------------------------------------------------------------x

**PBR TENNESSEE, INC'S MOTION PURSUANT TO 11 U.S.C. § 107(b) AND
FED. R. BANK. P. 9018, FOR AN ORDER AUTHORIZING IT TO
<u>FILE DOCUMENTS UNDER SEAL</u>**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

       PBR Tennessee, Inc., formerly known as PBR Automotive Knoxville, Inc. ("PBR"), by its attorneys Foley & Lardner LLP, moves this Court for entry of an order, pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing PBR to file certain documents under seal (the "Motion"). In further support of its Motion, PBR states as follows:

Background

1.      On October 8, 2005, (the "Petition Date"), the debtors in the above captioned cases (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the U. S. Bankruptcy Code.

2.      PBR is in receipt of Debtors' First Amended Joint Plan of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors In Possession (As Modified) (the "Plan") dated June 1, 2009 in which the Debtors will assume and assign a certain executory contract (a joint venture operating agreement).

3.      Concurrently herein, PBR will file its Objection to Assumption of Executory Contract Pursuant and Subject to the Terms of Debtors' First Amended Joint Plan of Reorganization (as Modified) and to Confirmation of the Plan to the Extent Such Plan Includes Assumption of the Executory Contract (the "Objection") contemporaneously with this Motion. Certain portions of the Objection and the entire Limited Liability Company Agreement (the "JVA") are confidential and contain sensitive commercial information that cannot be disclosed in the public record

Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Relief Requested

5.      Pursuant to section 107 of the Bankruptcy Code and Bankruptcy Rule 9018, PBR hereby seeks to file under seal its Objection and JVA.

Basis for Relief

6. Pursuant to section 107(b) of the Bankruptcy Code, the Court may order that the Objection and the JVA be filed under seal. Section 107(b) provides, in relevant part:

> a. On request of a party in interest, the bankruptcy court shall and on the bankruptcy court's own motion, the bankruptcy court may-
>
> i. Protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . [.]

11 U.S.C. § 107(b).

7. Bankruptcy Rule 9018 also sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part:

> On motion or its own initiative, *with or without notice*, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…[.]

Fed. R. Bankr. P. 9018 (emphasis added).

8. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.* at 724 (internal citations omitted).

9. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application."

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

10. In *Orion*, the Second Circuit affirmed the bankruptcy court's order that a licensing agreement remain sealed because the release of any information pertaining to the licensing agreement would adversely affect the debtor's ability to negotiate favorable promotional agreements, thereby giving its competitors an unfair advantage. *Id.* In affirming the order of protection, the Second Circuit noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* at 27 (citing *In re Orion Pictures Corp.*, 1993 U.S. Dist. LEXIS 111734, at *2 (S.D.N.Y. August 25, 1993)). The Second Circuit further noted that, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial in nature." *Id.* (internal quotation marks omitted).

11. Within the categories of information entitled to protection, courts in this district have recognized that information that is critical to the entity seeking the protective order such that its disclosure will adversely affect existing or possible future business ventures is entitled to be filed under seal. *In re Barney's Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) (stating that the Second Circuit's decision in *In re Orion* mandates sealing documentary information when disclosure thereof will have an adverse impact on the entity's competitive endeavors).

12. In light of this authority, the issuance of a protective order allowing PBR its Objection and the JVA under seal is warranted here. As set forth in the Objection and the JVA, the Objection and the JVA contain precisely the sort of sensitive and confidential information that should be filed under seal, since disclosure of this information poses a substantial risk of

adverse impact upon PBR's competitive endeavors and is prohibited by the provisions of the JVA.

13. The JVA specifies that its terms cannot be disclosed. Adhering to the JVA's provisions would prohibit PBR from referencing the JVA with any specificity in its Objection or from filing a copy of the JVA. This prohibition takes away from the substance of PBR's arguments. The Objection references specific confidential provisions in the JVA relating to the assignability of the contract, the basis for being able to terminate the contract, and the dissolution of the contract which are necessary to reference in the Objection to make the arguments therein. For these reasons, the Objection and the JVA should be filed under seal.

14. By contrast, neither the general public nor any other party in interest has any legitimate interest in discovering information regarding PBR's inner workings and business practices with Delphi Tennessee. Thus, filing the HD Agreement under seal would cause no prejudice to any other party in interest.

15. PBR seeks the Court's leave to file its Objection and JVA under seal because PBR has not received the consent of the other parties to do so, nor is PBR likely to receive the consent because the JVA is confidential.

Notice

16. Bankruptcy Rule 9018 expressly provides that this Court may grant the requested relief "with our without notice." Fed. R. Bankr. P. 9018. PBR has provided notice of this Motion to the Debtors and to those parties on the Master Service List as specified in the Court's Case Management Order dated October 14, 2005.

Waiver of Memorandum of Law

17. Given the nature of the relief requested in this Motion and because the relevant statutory and case law precedents, to the extent applicable, are cited herein, PBR respectfully

request that this Court dispense with and waive the requirement for submission of a memorandum of law contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

No Prior Request

18.    No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, PBR respectfully requests that the Court (a) enter an order substantially in the form annexed hereto as Exhibit A granting the relief requested herein; and (b) grant such other and further relief to PBR as the Court may deem proper.

Dated: July 14, 2009

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: /s/ Salvatore A. Barbatano
Salvatore A. Barbatano
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

By: /s/ Judy A. O'Neill
Judy A. O'Neill (admitted *Pro Hac Vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

*Attorneys for PBR Tennessee, Inc.*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                            )
In re:                                                      )
                                                            )   Chapter 11
DELPHI CORPORATION, et al.,                                 )   Case No. 05-44481 (RDD)
                                                            )   Jointly Administered
           Debtors.                                         )
-----------------------------------------------------------x

## ORDER PURSUANT TO
## 11 U.S.C. § 107(B) AND FED. R. BANK. P. 9018
## AUTHORIZING PBR TENNESSEE, INC TO FILE DOCUMENTS UNDER SEAL

This matter coming before the Court on the Motion of PBR Tennessee, Inc. ("PBR") pursuant to 11 U.S.C. § 107(b) and Fed. R. Bank. P. 9018, for an Order Authorizing it to File Document Under Seal (the "Motion")[1]; the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) notice of the Motion was sufficient under the circumstances; and (d) under the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is waived; and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein;

IT IS HEREBY ORDERED THAT:

**The Motion is GRANTED.**

**PBR is authorized to file under seal its Objection to Assumption of Executory Contract Pursuant and Subject to the Terms of Debtors' First Amended Joint Plan of Reorganization (as Modified) and to Confirmation of the Plan to the Extent Such Plan**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

ORLA_1389468.1

**Includes Assumption of the Executory Contract and its Limited Liability Company Agreement.**

Dated:  New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

2

ORLA_1389468.1