PEPPER HAMILTON LLP
Nina M. Varughese, Esq. (NV 2347)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail: varughesen@pepperlaw.com

- and -

Henry J. Jaffe (DE No. 2987)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: jaffeh@pepperlaw.com
        carignanj@pepperlaw.com

Counsel for SKF USA Inc.

Hearing Date: 7/23/09 @ 10:00 a.m. (ET)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | Re: **D.I. Nos. 17030, 17032** |

**LIMITED OBJECTION OF SKF USA INC. TO CONFIRMATION OF DEBTORS'
FIRST AMENDED PLAN OF REORGANIZATION OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS
MODIFIED) AND PROPOSED MODIFICATIONS THERETO**

SKF USA Inc. ("SKF") hereby submits this Limited Objection (the "Objection") to confirmation of the First Amended Plan Of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (D.I. 17030) (the "Modified Plan"), and in support hereof, SKF respectfully states as follows:

#11235523 v3

## Background

1. On October 8, 2005 (the "Petition Date") and on October 14, 2005, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed. The Debtors' cases are being jointly administered.

3. Prior to the Petition Date, SKF and certain of the Debtors entered into multiple purchase orders (collectively, the "Pre-petition Contracts"), pursuant to which SKF would provide certain customized gasket / seal assemblies and materials for use in certain of Debtors' operations. Subsequent to the Petition Date, SKF and certain of the Debtors entered into additional purchase orders (collectively, the "Post-petition Contracts" and, together with the Pre-petition Contracts, the "Contracts"), whereby SKF provided similar materials to Debtors for use in their operations.

4. On January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

5. On March 17, 2008, the Court entered the Stipulation And Agreed Order Resolving SKF's Objection To (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business Relating To (a) Purchase Order Numbers 9O16236, 9O16280, 9O16383, (b) Purchase Order Numbers SAG9O14765, SAG9O12726, And (c) Purchase Order Numbers 9IO5996, 6242, 6243; And (ii) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business Relating To (a) Purchase Order Number SAG9O14765 And (b) Purchase Order

Number SAG9OI2726; And (iii) The "Steering Sale Motion" (D.I. 13133) (the "Stipulated Order"). Both prior to and after March 17, 2008, SKF has responded to various notices and deadlines pertaining to administrative claims and the assumption and assignment of contracts – SKF timely satisfied all of these deadlines, including the June 15, 2009 deadline for filing administrative claims arising on or before June 1, 2009.

6. Pursuant to the Stipulated Order, among other things, Debtors and SKF agreed: (i) to set the amount necessary to cure pre-petition defaults under Purchase Order Number SAG9OI2726 at $83,147.38 (the "Pre-petition Cure"); (ii) that SKF's right to seek payment in full of all liabilities arising under any Contracts assumed and assigned in connection with the sale of the Debtors' Steering and Halfshaft Business was preserved; and (iii) that SKF's right to seek payment in full of all administrative expense priority claims arising or accruing under any of the Contracts was preserved.

7. On June 16, 2009, the Debtors filed the Modified Plan and the Supplement To First Amended Disclosure Statement With Respect To the Modified Plan (D.I. 17031) (the "Supplement"). Also on June 16, 2009, the Court entered the Order (a)(1) Approving Modifications To The Plan And Related Disclosures And Voting Procedures And (ii) Setting Final Hearing Date To Consider Modifications To the Plan And (b) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (D.I. 17032).

8. On July 10, 2009, Debtors filed the July 10, 2009 Notice Of Filing Of Notices Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under Modified Plan Of Reorganization (D.I. 18076) (the "Assumption / Assignment Notice"). In the Assumption / Assignment Notice, Debtors seek to assume and assign the following SKF Contracts and establish the respective

amounts required to cure pre-petition defaults thereunder: (i) Contract No. SAG9OI4765 (with a cure amount of $0.00); (ii) Contract No. SAG9OI4051 (with a cure amount of $0.00); (iii) Contract No. SAG9OI4642 (with a cure amount of $4,299.91); and (iv) Contract No. SAG9OI2726 (with a cure amount of $83,147.38).

9. The Modified Plan and accompanying Supplement do not make clear how Debtors intend to treat all of their Bankruptcy Code section 365 obligations with respect to executory contracts they intend to assume and assign – rather, they only appear to deal with obligations arising on or before the first few months of 2008. Indeed, one possible interpretation of the Modified Plan and Supplement is that cure amounts will be limited to those amounts identified in the cure notices Debtors issued in December 2007 and early 2008 even though well over a year of additional performance and billings may have occurred under such contract since that date. For example, the Supplement provides, "[t]o be clear, subject to the paragraph below, the cure amounts established pursuant to the Cure Amount Notices [which the Supplement notes were sent out in December 2007 and supplemental notices were sent out in early 2008] and the related procedures, including those procedures governing payment, would remain binding and the Debtors would continue to apply procedures previously approved by this Court to resolve the remaining disputed cure amounts." (Supplement, ¶ 39).

### Limited Objection

10. SKF has no objection to the assumption or assumption and assignment of its pre-petition contracts, including the contracts identified on the Assumption / Assignment Notice. Further, the proposed cure amounts set forth in the Assumption / Assignment notice appear correct to the extent they seek to establish the amounts necessary to cure **pre-petition defaults**, and, in this regard, appear to be in accordance with the Stipulated Order between Debtors and SKF and approved by this Court. However, SKF does object to confirmation of the

Modified Plan (including the accompanying Supplement) to the extent that it seeks to limit Debtors' cure obligations to amounts due as of the time notices were issued and various prior (and now, outdated) deadlines were established. Indeed, SKF has recently submitted an administrative claim that includes certain amounts that came due under pre-petition executory contracts only recently and long, long after the original filing deadlines for asserting cure amounts. Moreover, it is expected that further amounts will accrue as of the time such executory contracts are assumed and assigned. To the extent they are valid, all of these claims must be paid (or, for accrued claims that are not in default, adequate provision for payment must be provided either by the Debtors or the assignee) if these executory contracts are to be assumed and assigned.

11.  As such, assumption, or assumption and assignment, of SKF's Contracts cannot be permitted without either the Debtors or the assignee of the Contracts satisfying all requirements attendant to assumption and assignment as set forth in Bankruptcy Code section 365(b), including the obligation to: (a) cure <u>all defaults existing at the time the Contracts are assumed and assigned</u>; and (b) <u>satisfy all accrued obligations</u> under such Contracts that are not in default, but which nonetheless exist, at the effective date of assumption and assignment of such Contracts.

12.  Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Eners., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985). Furthermore, amounts that have accrued that are

not in default must also be satisfied under an assumed contract – either through payment by the Debtors as administrative claims or through the assumption of such liabilities by the assignee of such contracts. In either event, adequate assurance of performance must be provided to ensure that the non-debtor parties to these executory contracts are not "left holding the bag" for defaults and accruals existing at the time such contracts are assumed and assigned.

13. Presently, neither the Plan nor Supplement (nor the Assumption / Assignment Notice) make it clear who (i.e., Debtors or the purchaser in a sale) will be liable for all contractual accruals existing at the time executory contracts are assumed and assigned. Furthermore, the Plan and the confirmation order do not make it sufficiently clear that the cure amounts owed by the buyer will consist not only of the pre-petition cure amounts, but of any amounts that are in default as of the moment such contract is assumed and assigned. Both the Modified Plan and the Order confirming the Plan must be modified (in the manner described in SKF's prayer for relief) to ensure that the foregoing issues are addressed and that non-debtor counterparties to executory contracts will be entitled to payment in full of all valid cure obligations, and all contractual accruals, existing as of the moment such parties' contracts are assumed and assigned.

WHEREFORE, SKF respectfully requests that: (1) the Court deny confirmation of the Modified Plan and approval of the Supplement absent the inclusion of language in any Order confirming or approving same that expressly provides: (a) that, in addition to pre-petition cure amounts owed to non-debtor counterparties, any assignee of any executory contract assumed by the Debtors and assigned to such assignee shall pay to the non-debtor counterparty to such contract any post-petition defaults existing as of the moment such contract is assumed and assigned to the purchaser, with such additional cure amounts to be asserted either in administrative claims or in response to assumption and assignment notices provided by the

Debtors; and (b) that: (i) the non-debtor counterparties shall be entitled to payment in full on any executory contract obligation that has accrued, but is not in default, as of the moment such executory contract is assumed and assigned; (ii) shall clearly state whether the Debtors or the assignee of such contract is liable for such accrued obligations; and (iii) if the Debtors are liable for such obligations, these obligations shall either be paid in the ordinary course of business or through the administrative claims allowance process set forth in the Modified Plan; and (2) grant such other and further relief as is just and appropriate.

Dated: July 14, 2009

PEPPER HAMILTON LLP

/s/ James C. Carignan
Henry D. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza
Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Counsel for SKF USA Inc.*