BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Lear Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF LEAR CORPORATION TO APPROVAL OF
FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN
AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION (AS MODIFIED)**

Lear Corporation (on behalf of itself and its affiliates and subsidiaries) (collectively, "Lear") files this objection to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, Lear states as follows:

**Introduction**

1. On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3. On January 25, 2008, the Court confirmed Debtors' Plan of Reorganization ("Confirmed Plan").

4. On October 3, 2008, Debtors filed a Plan Modification Approval Motion seeking further changes to the Confirmed Plan. Again, on June 1, 2009, Debtors filed a Supplement to the Plan Modification Approval Motion seeking further modification to the Confirmed Plan.

5. Lear supplies certain Debtors with component parts.

6. Lear is not owed any amounts with respect to goods shipped by Lear to Debtors prepetition.

7. Lear is owed approximately $295,000 for goods shipped by Lear to Debtors postpetition and Debtors are currently in default for prepetition shipments. Without limitation, Debtors failed to make payments for goods shipped by Lear which were due on June 2, 2009 and July 2, 2009. Other defaults may exist.

8. On July 7, 2009, Lear Corporation and certain of its affiliates and subsidiaries filed voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

### Objections to Plan

9. In order for the Modified Plan to be approved, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code. Even with the proposed modification, the Plan fails to do so.

10. The Modified Plan cannot be approved because it cannot be confirmed under Section 1129 of the Bankruptcy Code because, among other things, (a) the classification of claims proposed under the Plan violates Section 1122 of the Bankruptcy Code, (b) the Plan violates Section 1123(a)(4) of the Bankruptcy Code because it provides different treatment to claims classified together within a single class and (c) the Plan improperly proposes to substantively consolidate various Debtors for plan voting and distribution purposes only. No support exists for this last provision, and it should not be allowed absent a showing that it does not impact at all the requirements of Section 1129.

11.     The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as ten (10) months or later after the Effective Date, violate Section 1129(a)(9)(A).

> "(9)    Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –
>
> "(A)    with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim."  11 U.S.C. § 1129(a)(9)(A)

Obtaining an agreement from the holder is the only exception for paying the full amount of the claim on the effective date of the Plan.  See COLLIER ON BANKRUPTCY ¶ 1129.03[9][a] (15th ed. Rev. 2003).  ("Accordingly, such payment must be in cash on the effective date.  The only exception will be if 'the holder of a particular claim has agreed to a different treatment of such claim.'" (citing 11 U.S.C. § 1129(a)(9)).  *See also, In re Vermont Stove Co., Inc.*, 69 B.R. 87, 89 (Bankr. D. Vt. 1987) "[o]nly a holder of a claim of the kind specified in § 1129(a)(9)(A) and (B) may agree to a different treatment of the claim."

12.     It is not clear who will pay administration expense claims that are due and payable after June 1, 2009 ("Post June 1 Administrative Expense Claims") and when such payments will be made.  Under Section 2.2.1 and 2.2.2 of the Master Disposition Agreement among Debtor, GM Components Holdings, LLC ("Components"), General Motors Corporation ("GM"), Parnassus Holdings II, LLC ("Parnassus") and others dated June 1, 2009 ("MDA"), Components or Parnassus, as applicable, are assuming the Administrative Liabilities (as defined in the MDA).  However, because Debtors have filed Schedule 1.1.A to the MDA under seal, (which lists the categories of Administrative Claims that are being assumed by GM or

Parnassus), Lear is unable to determine how, or if, its Post June 1 Administrative Expense Claims will be paid.

13. Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

14. The proposed estimation of Disputed Claims under Section 9.8(b)(i) violates Section 502(c) of the Bankruptcy Code. Further, the proposed limitation in Section 9.8(c) creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

15. The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Lear.

16. Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

17. Additionally, Lear objects to the third party release contained in Articles 11.5 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Lear has rights under its agreements against Delphi and other parties.

None of these rights should be waived in connection with the third party release contained in Article 11.5 of the Plan.

18.    Lear also objects to the release and exculpation provisions contained in Article 11.11 of the Plan.  As stated in the preceding paragraph, Lear has rights under its agreements with Debtors, and none of these rights should be affected by the exculpations contained in Article 11.11 of the Plan.

19.    To the extent the Plan purports to assume any agreement with Lear without curing all defaults, Lear objects to such assumption.

20.    To the extent that Debtors seek authority to maintain an avoidance action against Lear, such action is prohibited by the automatic stay in Lear's bankruptcy case and any pending adversary proceeding against Lear should be dismissed and removed from Exhibit 7.19 to the Modified Plan.

## Waiver of Memorandum

21.    Lear respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel.  To the extent this Court determines that a memorandum of law is required, Lear requests that it be allowed to submit one at a date to be determined by the Court.

## Relief Requested

Lear requests entry of an Order modifying the Modified Plan as provided above and granting other relief as this Court determines.

Lear reserves all its rights to assume or reject the Delphi Postpetition Purchase Orders.

BODMAN LLP

By:/s/ Ralph E. McDowell

-5-

          Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7592
Facsimile: (313) 393-7579
*rmcdowell@bodmanllp.com*

Attorneys for Lear Corporation

Dated: July 15, 2009

-6-

Detroit_939480_1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Objection of Lear Corporation to Approval of First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession(as Modified)* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
Troy, Michigan 48098
**Attention:** General Counsel

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
**Attention:** John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
**Attention:** Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
**Attention:** Robert Rosenberg, Mark A. Broude, and Mitchell A. Seider

Wilkie Far & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
**Attention:** Richard Mancino and Marc Abrams

Cadwalader, Wickersham & Taft LLP
One world Financial Center
New York, New York 10281
**Attention:** John J. Rapisardi and Oren B. Haker

Counsel for the U.S. Department of Justice
86 Chambers Street, 3rd Floor
New York, New York 10007
**Attention:** Matthew L. Schwartz and Joseph N. Cordaro

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
**Attention:** Adam C. Harris and David J. Karp

Detroit_939480_1

-8-

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
**Attention:** Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
**Attention:** Brian Masumoto

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

                                                  */s/* Ralph E. McDowell
                                                  Ralph E. McDowell

Dated: July 15, 2009