BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Pentastar Aviation, L.L.C. and
Automotive Air Charter, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

                                        /

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

                                        /

**OBJECTION OF PENTASTAR AVIATION, L.L.C. AND
AUTOMOTIVE AIR CHARTER, INC. TO APPROVAL OF
FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN
AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION (AS MODIFIED)**

Pentastar Aviation, L.L.C. and Automotive Air Charter, Inc. (collectively, "Pentastar") file this objection to the First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession ("Plan"). In support of its objection, Pentastar states as follows:

**Introduction**

1.    On either October 8 or October 14, 2005 ("Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On December 10, 2007, Debtors filed their Amended Disclosure Statement for the Plan, which was approved by the Court.

3. On January 25, 2008, the Court confirmed Debtors' Plan of Reorganization ("Confirmed Plan").

4. On October 3, 2008, Debtors filed a Plan Modification Approval Motion seeking further changes to the Confirmed Plan. Again, on June 1, 2009, Debtors filed a Supplement to the Plan Modification Approval Motion seeking further modification to the Confirmed Plan.

5. Prepetition, Pentastar entered into certain contracts with certain Debtors ("Contracts") under which Pentastar agreed to provide various aircraft management services to Debtors.

6. Debtors have listed the Contracts on Schedule 8.1(a) to the Modified Plan and intend to reject the Contracts. Additionally, the Contracts are set to expire by their own terms on July 31, 2009. Certain amounts that were due and payable after June 1, 2009 and that qualify as an administrative expense are currently owing on the Contracts and, upon information and belief, further amounts will be due and owing from Debtors under the Contracts prior to its termination on July 31, 2009. Pentastar's claim for these amounts may be secured by a lien on the aircraft that is subject to the Contracts and certain other personal property of Debtors.

**Objections to Plan**

7. In order for the Modified Plan to be approved, the Plan must satisfy all of the requirements of Section 1129 of the Bankruptcy Code. Even with the proposed modification, the Plan fails to do so.

8. The provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as 90 days after the Effective Date, violate Section 1129(a)(9)(A). The

provisions of Article 2.1 of the Plan, which propose to pay administrative expense claims as much as ten (10) months or later after the Effective Date, violate Section 1129(a)(9)(A).

> "(9)    Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –
>
> "(A)    with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim."  11 U.S.C. § 1129(a)(9)(A)

Obtaining an agreement from the holder is the only exception for paying the full amount of the claim on the effective date of the Plan.  See COLLIER ON BANKRUPTCY 1129.03[9][a] (15th ed. Rev. 2003).  ("Accordingly, such payment must be in cash on the effective date.  The only exception will be if 'the holder of a particular claim has agreed to a different treatment of such claim.'" (citing 11 U.S.C. § 1129(a)(9)).  See also, In re Vermont Stove Co., Inc., 69 B.R. 87, 89 (Bankr. D. Vt. 1987) "[o]nly a holder of a claim of the kind specified in § 1129(a)(9)(A) and (B) may agree to a different treatment of the claim."  Pentastar does not consent to any delay in the payment of its administrative expense claim.  Nor should Pentastar be required to file yet another proof of claim for its normal course administrative expense claim.

9.    It is not clear whether Debtors will have sufficient funds to pay administrative expense claims that are due and payable after June 1, 2009.

10.    Section 1129(a)(1) of the Bankruptcy Code provides that the Plan must "comply with the applicable provisions of [the Bankruptcy Code]."

11.    The proposed estimation of Disputed Claims under Section 9.8(b)(i) violates Section 502(c) of the Bankruptcy Code.  Further, the proposed limitation in Section 9.8(c)

creates unfair treatment of creditors within a same class (by relegating creditors with disputed claims to a non-recourse position) and thus violates Section 1123(a)(4).

12. The injunction contained in Article 11.14 of the Plan prohibits all holders of claims from asserting any right of offset to recover a claim. This injunction eliminates the setoff rights of creditors without compensation (or the "indubitable equivalent" that is required under Section 1129(b)(2)(A)(iii)). Such injunction is contrary to the state law rights of holders of claims preserved by the Bankruptcy Code under Section 553(a) and the treatment of creditors under the various classes should not be read to eliminate or limit those rights. Further, it is in conflict with the proposed treatment of secured creditors with setoff rights under Article 5.1 of the Plan (all setoff rights are preserved). This provision of the injunction should be stricken or should not apply to Pentastar.

13. Because the Plan violates the setoff rights preserved in Section 553(a) of the Bankruptcy Code, the Plan does not satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code. Therefore, the Plan cannot be confirmed as proposed.

14. Additionally, Pentastar objects to the third party release contained in Articles 11.5 of the Plan. As a general matter, third party releases, except by express agreement of a party in interest, are not appropriate plan provisions. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005). Pentastar has rights under its agreements against Delphi and other parties. None of these rights should be waived in connection with the third party release contained in Article 11.5 of the Plan. Pentastar should be excluded from this proposed release.

15. Pentastar also objects to the release and exculpation provisions contained in Article 11.11 of the Plan. As stated in the preceding paragraph, Pentastar has rights under the

Contracts and none of these rights should be affected by the exculpations contained in Article 11.11 of the Plan.

### Waiver of Memorandum

16.     Pentastar respectfully requests that this Court waive the requirement contained in Rule 9013(b) of the Local Bankruptcy Rules for the Southern District of New York, that a separate memorandum of law be submitted because the issues raised in this limited objection are not novel.  To the extent this Court determines that a memorandum of law is required, Pentastar requests that it be allowed to submit one at a date to be determined by the Court.

### Relief Requested

Pentastar requests entry of an Order modifying the Modified Plan as provided above and granting other relief as this Court determines.

                BODMAN LLP

                By:/s/ Ralph E. McDowell
                    Ralph E. McDowell (P39235)
                6th Floor at Ford Field
                1901 St. Antoine Street
                Detroit, Michigan 48226
                Telephone: (313) 393-7592
                Facsimile: (313) 393-7579
                *rmcdowell@bodmanllp.com*

                Attorneys for Pentastar Aviation, L.L.C. and Automotive Air Charter, Inc.

Dated: July 14, 2009

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing Objection of Pentastar Aviation, L.L.C. and Automotive Air Charter, Inc. to Approval of First Amended Joint Plan of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession(as Modified) was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
(Attn: General Counsel)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
Attn: Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
Attn: Robert Rosenberg, Mark A. Broude, and Mitchell A. Seider

Wilkie Far & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Attn: Richard Mancino and Marc Abrams

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York  10281
Attn:  John J. Rapisardi and Oren B. Haker

Counsel for the U.S. Department of Justice
86 Chambers Street, 3rd Floor
New York, New York  10007
Attn:  Matthew L. Schwartz and Joseph N. Cordaro

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attn: Adam C. Harris and David J. Karp

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons)

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
Suite 2100
New York, New York 10004
(Attn: Brian Masumoto)

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 610
New York, New York 10004

                                         /s/ Ralph E. McDowell
Dated: July 14, 2009                                   Ralph E. McDowell

Detroit_939589_1