CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Kelly M. Conlan
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for Connecticut General Life
Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                          :   Chapter 11
                                               :
                                               :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,                  :
                                               :   (Jointly Administered)
                         Debtors.              :
---------------------------------------------------------x

### OBJECTION OF CONNECTICUT GENERAL LIFE INSURANCE COMPANY TO FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

Connecticut General Life Insurance Company ("CGLIC"), by and through its undersigned counsel, hereby objects ("Objection") to the *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified)* ("Modified Plan"). Specifically, CGLIC objects to the proposed assumption of certain Agreements (defined below) as part of confirmation of the Modified Plan. In support thereof, CGLIC respectfully states as follows:

#### BACKGROUND

1.   On October 8, 2005, the above captioned debtors ("Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.   CGLIC and the Debtors are parties to (i) an Administrative Services Only Agreement, effective January 1, 2001; (ii) a Transaction Agreement, effective January 1, 2009;

and (iii) a Stop Loss Policy and Schedules of Insurance, effective January 1, 2007, as updated from time to time (collectively, the "Agreements")[1] pursuant to which CGLIC provides, *inter alia*, healthcare administrative and insurance services to the Debtors and their employees in connection with the Debtors' employee healthcare benefits plan ("Healthcare Plan").

3.  The Debtors currently owe CGLIC $156,952.80 for post-petition fees due to CGLIC under the Agreements. Additionally, the Debtors' post-petition outstanding check liability under the Agreements is $10,819,643.85, as of June 30, 2009.

4.  On June 1, 2009, the Debtors filed the Modified Plan. The Modified Plan provides, in pertinent part, as follows:

> All executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases (i) shall have been previously rejected by Final Order of the Bankruptcy Code; (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the Modification Approval Date; (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date; (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms; (v) are listed on the schedule contracts attached hereto as Exhibit 8.1(a) – Rejected Contracts, or (vi) are otherwise rejected pursuant to the terms of this Plan and/or upon the direction of either Buyer pursuant to the Master Disposition Agreement.

Modified Plan, § 8.1(a).[2] The Agreements have not been rejected. Accordingly, they are currently scheduled to be assumed under section 8.1(a) of the Modified Plan upon the Effective Date.

---

[1]    The term "Agreements" expressly includes all riders, schedules, amendments and supplements thereto. In addition to the Agreements, there are other healthcare insurance/service contracts between Debtors and CGLIC, but Debtors were current under those contracts (subject to periodic reconciliation) as of June 30, 2009.

[2]    All terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

#701157                                                         2

5. With respect to curing defaults arising under Other Executory Contracts (including the Agreements) prior to assumption as required by section 365(b) of the Bankruptcy Code, the Modified Plan relies on the procedures set forth in the *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession*, as confirmed on January 25, 2008, which established procedures for determining and satisfying those cure amounts arising on or before March 10, 2008 ("Cure Proposal Submission Deadline"). *See Modified Plan, § 8.2.(b)(i) – (ii).*

6. The Modified Plan provides counterparties to Other Executory Contracts with an opportunity to assert any claims for defaults arising thereunder after the Cure Proposal Submission Deadline as administrative claims ("Administrative Claims")[3]. However, the Modified Plan does not require the Debtors to satisfy the Administrative Claims prior to assumption of the Other Executory Contracts. *See Modified Plan, §§ 8.2.(b)(i) – (ii), 10.2, 10.5.*

## OBJECTION TO MODIFIED PLAN

7. CGLIC objects to the Modified Plan. As proposed, the Modified Plan does not require the Debtors to comply with their obligations set forth in section 365(b) of the Bankruptcy Code.

8. As a condition precedent to the assumption of the Agreements, the Debtors must pay all amounts due and unpaid under the Agreements as of the effective date of any proposed assumption and/or assignment. *See* 11 U.S.C. § 365(b)(1). The cure amount paid with respect to the Agreements must include all accrued and unpaid amounts due under the Agreements as of the Effective Date of the Modified Plan. Such amounts must be satisfied by the Debtors *prior* to any proposed assumption and/or assignment of the Agreements. Moreover, the Debtors must be

---

[3]  As required, CGLIC timely filed two (2) Administrative Claims setting forth the amounts due and owing under the Agreements as of June 1, 2009.

#701157                                                           3

required to pay all amounts due and unpaid under the Agreements as of the date of assumption and/or assignment, *i.e.* the Effective Date of the Modified Plan.

9. As of June 30, 2009, the Debtors owe, pursuant to the terms of the Agreements: (i) $10,976,596.65, and (ii) other amounts that are not yet known to CGLIC with respect to the Debtors' obligation to fund the payment of claims under the Healthcare Plan. CGLIC expressly reserves its right to seek payment of any and all amounts due and owing under the Agreements as of the Effective Date of the Modified Plan.

10. The Modified Plan does not require the Debtors to pay the cure amounts due as a condition precedent to assumption of the agreements. Accordingly, the Modified Plan cannot be confirmed.

WHEREFORE, CGLIC respectfully requests that this Court enter an order that (i) as a condition precedent to any assumption of the Agreements, requires the Debtors to pay the full amount due to CGLIC under the Agreements as established on the Effective Date of the Modified Plan; and (ii) grants CGLIC such further and additional relief as the Court may deem just and proper.

Dated: July 15, 2009                CONNOLLY BOVE LODGE & HUTZ LLP

                                    _____
                                    Jeffrey C. Wisler (DE Bar No. 2795)
                                    Kelly M. Conlan (DE Bar No. 4786)
                                    The Nemours Building
                                    1007 North Orange Street
                                    P.O. Box 2207 (19899)
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 658-9141
                                    Facsimile: (302) 658-0380

                                    *Counsel for Connecticut General Life Insurance Company*

#701157                                                                 4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 15th day of July, 2009, I caused a copy of the *Objection of Connecticut General Life Insurance Company to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as Modified)* to be served as indicated upon the following counsel:

**VIA TELEFAX AND U.S. MAIL**

John Wm. Butler, Jr., Esq.
Ron E. Meister, Esq.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Jeffrey L. Tanenbaum, Esq.
Michael P. Kessler, Esq.
Robert J. Lemons, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Brian Masumoto, Esq.
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004

Richard Mancino, Esq.
Marc Abrams, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

Matthew L. Schwartz, Esq.
Joseph N. Cordaro, Esq.
United States Department of Justice
86 Chambers Street, 3rd Floor
New York, NY 10007

**VIA FEDERAL EXPRESS**

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
   for the Southern District of New York
614 Alexander Hamilton Custom House
One Bowling Green, Rm. 632
New York, NY 10004-1400

Robert J. Rosenberg, Esq.
Mark A. Broude, Esq.
Latham & Watkins
885 Third Avenue
New York, NY 10022

Donald Bernstein, Esq.
Brian Resnick, Esq.
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017

Kayalyn A. Marafioti, Esq.
Gregory W. Fox, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10004

John J. Rapisardi, Esq.
Oren B. Haker, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Adam C. Harris, Esq.
David J. Karp, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

**VIA FIRST CLASS MAIL**

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel


_____
Kelly M. Conlan

#701102