UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                                                                                    Chapter 11

DELPHI CORPORATION, et al,                                                    Case No. 05-44481-(RDD)
                                                                                                (Jointly Administered)
                Debtors.

_____/

## OBJECTIONS OF CREDITOR LINDA WIERSEMA TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (AS MODIFIED)

Linda Wiersema ("Wiersema"), by and through undersigned counsel, files this objection to Debtor's First Amended Plan of Reorganization (As Modified). Wiersema states:

### A.    BACKGROUND

1. On October 8, 2005, (the "Petition Date") the Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code, 11 USC §101 et seq (the "Bankruptcy Code".)

2. On March 1, 2009 subsequent to the Petition Date, Debtor entered into a certain separation allowance plan agreement (the "Separation Agreement") with Wiersema. A copy of the Separation Agreement is attached to this Motion. The Separation Agreement was signed on January 30, 2009.

3. Debtor has proposed a Master Disposition Agreement (Exhibit 1 to Docket number 16646) under the Bankruptcy Code by which, on emergence from Bankruptcy, it will or may be permitted to immediately terminate payments due under the Separation Agreement.

4. As part of the Separation Agreement, Wiersema was induced to release all other claims against Debtor, including but not limited to benefits due as part of Wiersema's pre-petition hiring agreement, and the ability to pursue any and all claims against Debtor at any time after execution of the Separation Agreement. In addition, Wiersema was induced to release all claims against General Motors Corporation.

1

5. Wiersema was employed as an executive by Debtor. See attached Separation Allowance Plan. On October 13, 2005, in its motion seeking authorization to implement a Key Employee Compensation Program ("KECP Motion", Docket Number 0213), Section A, Debtor acknowledged the importance of retaining its key employees and executives and requested this court's permission to enter into the Separation Allowance Plan attached hereto. Debtor has therefore conceded that payments due under the plan are (a) post-petition; (b) that there is a substantial business benefit to Debtor in honoring these agreements; and (c) that the benefit is contractual, and not a pre-petition obligation that is or was a condition of employment.

6. The above waivers and concessions were of substantial benefit to the ongoing business of Debtor, as the filing of such claims and/or lawsuits had the potential to discourage or drive away potential investors and purchasers, thereby preventing the emergence of Debtor from bankruptcy.

7. Additionally, Debtor used the Separation Plan as an inducement for management and executive level employees to remain with the company in order to stabilize it, and keep it viable so that investors and/or sources of financing could be located. Until approximately September, 2008, Debtor was, on execution of the Separation Agreements, paying its employees in an advance, lump sum payment, a fact which was known to the remaining managers and executive level employees, who were thereby induced to remain, with the understanding that they would receive the same treatment.

8. As of August 1, 2009, Debtor is or will be indebted to Wiersema in the amount of $251,300.00 which is comprised of the post-petition consideration for waiver of the above claims commencing March 1, 2009 through February 28, 2010.

B. **RELIEF REQUESTED**

9. Wiersema requests entry of an Order allowing Wiersema's Administrative Claim, and requiring Debtor to immediately remit payment to Wiersema in the amount of $251,300.00, or alternatively, compelling Debtor to complete the Separation Plan

payments as scheduled.

### C. ARGUMENT

10. Administrative expenses are defined as "actual, necessary costs and expenses of preserving the estate, including... wages, salaries, and commissions for services rendered after commencement of the case." 11 U.S.C. §503(b)(1)(A).

11. An expense is administrative if it arises out of a transaction between the creditor and the bankruptcy trustee or Debtor and to the extent that the consideration supporting the claimant's right to payment was given to and beneficial to the Debtor in the operation of the business. See: *In re Bethlehem Steel Corp* 479 F.3d 167, 172 (2nd Cir. 2007); *McMillan v LGV Steel,* 555 F.3d 218, 225-26 (6th Cir. 2009).

12. Wiersema maintains that the above language entitles her to an administrative claim for post- petition payment of the Separation Agreement, as the Separation Agreement arose from a transaction with the bankruptcy estate; was entered into post-petition; and directly and substantially benefitted the estate by eliminating claimant's ability, (and the corresponding ability of all similarly situated claimants) to bring claims against the Debtor that would or might otherwise have acted as an impediment to the Debtor's emergence from bankruptcy. In addition, as the Debtor initiated Separation Agreements with management level employees commencing in 2006, and originally paid its entire obligation under the Separation Agreement in lump sum, the Separation Agreement acted as a benefit to the Debtor by retaining key employees and helping it maintain stability and productivity during the bankruptcy process. Based on the legislative history of §503(b)(1)(A), policy considerations and the rules of statutory construction, the United States Supreme Court has found that where expenses meet the preceding test, those expenses are administrative, and as such are entitled to priority over pre-petition unsecured claims. *Hartford Underwriters Ins. Co. v Union Planners Bank, N.A.,* 530 U.S. 1, 5, 120 S. Ct. 1942, 147 L. Ed. 2d, 1 (2000).

13. The Second Circuit Court of Appeals has held that in determining whether a payment accompanying termination is entitled to priority as an administrative

expense, "[T]he key inquiry is whether it represents a new benefit earned at termination or an acceleration or of a benefit the employed earned over the course of his or her employment." *In re Bethlehem Steel Corp* supra, at 172, citing *Strauss-Duparquet, Inc. v Local Union Number 3, International Brotherhood of Electrical Workers,* 386 F.2d 649 (2nd Cir. 1967). The *Bethlehem* court stated that "regardless of when the Debtor-in-Possession becomes obliged to make the payment, it can only be an administrative expense if the Debtor received the consideration for the obligation after the commencement of bankruptcy proceedings." *In Re Bethlehem,* supra, at 172-173.

14. The *Bethlehem* court also stated that "...the employees in *Strauss-Duparquet* earned the severance payment when they were terminated during the pendency of bankruptcy proceedings, because the payment compensated them for the hardships associated with termination." *In re Bethlehem,* supra, at 173.

15. *In re Bethlehem* also stated that "severance payments that compensate for the hardships associated with termination are understood to have been earned by the employees by their termination..." *Id* at 173. *In re Bethlehem* also held that " a payment may be titled a priority under *Strauss-Duparquet*...if it provides a new benefit at termination that employees would not otherwise receive. *The key inquiry is if the payment is a new benefit earned at termination or instead an acceleration of benefits to which the employee was previously entitled. The former is an administrative expense of the Debtor-in-Possession, while the latter is not." Id.* at 175 (emphasis supplied).

16. Administrative expenses also include the "actual, necessary costs and expenses of preserving the estate...", under §503(b)(1)(A)  *In re Worldcom, Inc. (* S.D. N.Y. 5-19-2009 at P. 3) . Because the waiver that formed a portion of the consideration for the Separation Agreement helped preserve the estate of the Debtor, and encouraged retention of employees necessary to shepherd the Debtor through bankruptcy, thereby helping to preserve the estate of the Debtor, payments due under the Separation Agreement also qualify as administrative expenses, with the elevated secured status  that accompanies that category.

17. In this case, the Debtor wishes to avoid the remaining payments for which it is obligated, including, in some cases, payments that began in April, 2009, and payments due to individuals hired post-petition. Seeking to eliminate the Separation Agreement obligations by invoking arguments contrary to the intent of Section 503(b)(1), would result in the Debtor benefitting from disobeying both the mandate of the statute, and decision of both the Second and Sixth Circuit Courts, an untenable interpretation. Granting administrative priority to the financial obligations of the Separation Agreement is consistent with the intent of Section 503 (b)(1), and necessary to effect its objectives.

## **MEMORANDUM OF LAW**

18. Because the legal points and authorities upon which this Motion relies are incorporated in here, Wiersema respectfully requests that the requirement of the service and filing of a separate Memorandum of Law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, Wiersema respectfully requests that this Court enter an Order (I) granting Wiersema's request as an administrative claim pursuant to 11 U.S.C. §503(b)(1)(A), and (II) requiring immediate payment of the balance of the Separation Agreement Plan; or in the alternative, payment over the time period specified in the Separation Agreement Plan; or as a second alternative, conduct a hearing to ascertain the facts that support this claim, and thereafter grant Wiersema's requested relief.

                                              Russell & Stoychoff, P.C.

Dated: July 14, 2009              /s/Paul M. Stoychoff, P35906
                                         Lyle D. Russell, P27039 (Pro Hac Vice Motion Pending )
New York, New York            Attorney for Claimant
                                         4468 W. Walton Blvd.
                                         Waterford, MI 48329
                                         248-618-0300
                                         Email:   Pmstoych@yahoo.com
                                                      Lylerussell@magnusoft.com