Noel Morgan Hubert
7700 Nardo Goodman
El Paso, TX 79912

Claimant



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YOYK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No.05-44481 (RDD) |
| Debtors | (Jointly Administered) |

### RESPONSE TO THE THIRTY-FOURTH OMNIBUS CLAIMS OBJECTION

I, Hubert Noel-Morgan, hereby file this Response to Debtors Thirty-Fourth Omnibus Objection pursuant to 11 U.S.C. 502(b) and Fed. R. Bankr. P. 3007 for allowance of the above Claimant claims No.14751filed on 07/31/06 and that it is not expunged. The amount of claim No. 14751 is based on estimation of the net present value of promised future payments by Debtors (Delphi Corporation).

This Response is sent to this Court since it has jurisdiction over my Response to the Thirty-Fourth Omnibus Claims Objection pursuant to 28 U.S.C. 157 and 1334. Venue of these cases and my Response to the Thirty-Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. 1408 and 1409.

Reasons for why the claim should not be disallowed and/or expunged or reclassified are:

1. Background:
    a. Per Debtors Declarations in Filing Of "Thirty-Forth Omnibus Claims Objection" under section "Background" – Debtors believe that in 1999 at time of separation from GM the conditions of separation were not reasonable with the Debtor inheriting unrealistic legacy cost burdens with a mandatory 7 years stay of these legacy costs and on the other hand had unrealistic supplier agreements with Customer (GM) to provide continuing price reductions for extended period of time.
    b. At time of separation from GM, in 1999, the Company (Debtors) assumed OPEB liabilities that were underfunded. But soon after the "spin-off" of these liabilities to

1

the now Debtor Company, GM funded their entire OPEB obligation to have it 100% funded. The correct and perhaps legal action at time of this separation of Debtor Company from GM should have been to fund 100% of Delphi's OPEB obligation prior to "spin-off" of assets and liabilities into Delphi Corporation.

    c. Debtor declares in Background section page 6 item C-9 that the Company generated $2 billion in net income. However, the OPEB obligation continued underfunded with less than adequate contributions to the fund.

    d. Per Debtors declaration under title "Background" page 5 note 3 – Agreement was reached with employees from Delphi Spain for settlement of their Pension and Severance obligations at a significant cost to the Debtor. But US Salaried OPEB underfunded obligations are to be totally ignored and discarded with a disproportional burden on the Debtors Salaried Workforce (Claimants) in regards to all other Creditors with the Debtor Company.

2. Vested Benefits
    a. Under Debtors Pension and Benefit Plan Web site it is stated that Claimants Benefits are 100% Vested (Encarta Dictionary Definition of Word Vested: "having an unquestionable right to the possession of property or a privilege"). Despite disclaimer that mentions that Plan can be changed or terminated, it is Claimants request for interpretation of the term "100% Vested Benefits" that Benefits that are 100% Vested shall continue even if Debtor Company requests change or discontinuation of the Benefit Plan for future employees agreements and not be retroactive.
    b. In Good Face, the Debtor and GM should have started the Company in 1999 with 100% funded Salaried Workers OPEB or GM should have assumed obligation of the Salaried OPEB cost as done for the Hourly Workers OPEB in case of failure of the Company (Debtor). This under the equality principle for these cases.

3. Fair And Equitable Treatment Requirement
    a. Claimants request is that Court requires that all parties must share in the burdens of the bankruptcy with a "fair and equitable treatment".
    b. Claimants and other beneficiaries for Salaried OPEB rights already have been overburdened with Courts decision to allow elimination of Debtors Balance Sheet liability for Health Care of over $1.1 Billion Dollars and elimination of future contributions estimated $70 Million additional annual cost. To disallow Claimants current claim, as presented (claim No. 14751), would cause further disproportion and unfair monetary burden on this group of Salaried Workers in relation to other claimants in the Bankruptcy process of the Debtor.

4. Proof Of Claim
    a. Proof and calculation of claim already set forth in claim previously filed (claim 14751). The claimant, due to time limitations for this response, reserves the right to continue investigation on additional reasons not to disallow this claim and as

2

further prove to right to payment is uncovered will be willing to share with Debtor and Court.

5. Contingency And Unliquidated Status Of Claim
   a. Claim is contingent on Debtor, GM, PBGC or any other institution not assuming 100% of the Debtors Salaried OPEB Liability. If OPEB Liability is not assumed in anyway the Claimant's claim of $ 996,000.00 is requested to stand. If the Salaried OPEB Liability is partially assumed by the PBGC or GM or other institution, the Claimant (claim No. 14751) estimates that the claim would be reduced to $380,000.00.

6. Accordingly, the Claimant (a) request continuation, validity and inclusion of claim 14751 in the Delphi Corporation Bankruptcy Process and seek entry of an order to allow the claim No. 14751 in its entirety or if Contingency as stated above in (item 5) to occur to allow claim at estimated value (also in item 5 above).

7. Reservation Of Rights
   a. The Claimant expressly reserves the right to amend, modify, or supplement this Response to the Debtors Thirty-Fourth Omnibus Claims Objection and to file additional responses if new information is revelead or if the Debtor files additional objections against the Claimant.

8. Address For Return Reply
   a. Noel Morgan Hubert
      7700 Nardo Goodman
      El Paso, TX 79912

9. Wherefore the Claimant respectfully request hat the Court enter an order (a) granting the validity and continuation of the Claimants claim No. 14751 and (b) granting the Claimant such other and further acceptance of claim as just.

Date:  El Paso, Texas
       July 11, 2009

Claimant

By: _____
Hubert Noel-Morgan
7700 Nardo Goodman
El Paso TX 79912

3