BARNES & THORNBURG LLP
Attorneys for Autocam Corporation
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone:  (616) 742-3936
Email:  pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al.* | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

### LIMITED OBJECTION OF AUTOCAM CORPORATION TO CONFIRMATION OF FIRST AMENDED JOINT PLAN OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS IN POSSESSION

Autocam Corporation for itself and its affiliates (collectively, "Autocam"), by and through its undersigned counsel, for its Limited Objection to confirmation of the Delphi Chapter 11 debtors' proposed First Amended Joint Plan (the "Modified Plan"), states as follows:

1.  Autocam Corporation is a business corporation having its headquarters in Kentwood, Michigan and is a "Tier II" automotive supplier.  Autocam is presently a party to a number of executory contracts for the manufacture and sale of automotive components and systems to certain of the Delphi Chapter 11 debtors (collectively, the "Debtors").  Upon information and belief, these executory contracts constitute "Material Supply Contracts" between Autocam, on the one hand, and certain of the Debtors, on the other hand (collectively, the "Autocam Executory Contracts").

2. Many of the Autocam Executory Contracts involve multiple-year master requirements contracts extending for "the life of the part." Pursuant to these master agreements, separate releases/purchase orders have been issued at intervals reflecting the parties current production needs, price changes, etc. These master agreements were issued prepetition while there have been many releases/purchase orders issued postpetition. The prepetition master agreements and the releases/purchase orders issued thereunder constitute single, integrated agreements that must be assumed, assigned or rejected in their entirety pursuant to the applicable provisions of 11 U.S.C. § 365.[1] For example, if the Debtors propose to assume and assign one or more of the prepetition Autocam Executory Contracts, the Debtors must provide, at a minimum, adequate assurance of future performance of the assignee's contractual obligations after the assignment even though that contract may not be in default. 11 U.S.C. § 365(f)(2)(B).

3. As explained below, Autocam objects to confirmation of the Modified Plan and the approval of the Master Disposition Agreement on the ground that, although it is not apparent from those documents, the Debtors are or may be attempting to circumvent the applicable provisions of 11 U.S.C. § 365 including 11 U.S.C. § 365(f)(2)(B).

**TREATMENT OF EXECUTORY CONTRACTS IN
MODIFIED PLAN AND MASTER DISPOSITION AGREEMENT**

4. Section 8.1(a) of the Modified Plan states that, unless otherwise provided for therein, all executory contracts "shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date." Upon such assumption and the occurrence of the Effective Date, those contracts "shall

---

[1] Executory contracts may not be assumed in part or rejected in part. *See*, *e.g.*, *In re Nitec Paper Corp.*, 43 B.R. 492 (S.D.N.Y. 1984); *In re Teligent, Inc.*, 268 B.R. 723 (Bankr. S.D.N.Y. 2001); *In re Village of Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). Rather, debtor must either assume the entire agreement, *cum onere*, or reject the entire agreement. *See*, *e.g.*, *In re Adelphi Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005); *In re Storage Technology Corp.*, 53 B.R. 471 (Bankr. D. Colo. 1985) (trustee cannot construe various parts of transaction as separate agreements when they are clearly interdependent).

2

vest in and be fully enforceable by the applicable Reorganized Debtor in accordance with their terms", except as may be modified by the Modified Plan or any relevant order entered by this Court.

5. Section 8.2(a) of the Modified Plan specifically addresses "Material Supply Agreements" such as those between Autocam and certain of the Delphi debtors. This Modified Plan provision states that any defaults under contracts to be assumed by Delphi shall be satisfied by "Cure."[2] Upon information and belief, the concept of "Cure" as used in the Modified Plan only applies to prepetition executory contracts in default.

6. The Modified Plan contains a request by the Debtors to approve the Master Disposition Agreement dated as of June 1, 2009, between and among Delphi Corporation, GM Components Holdings, LLC, General Motors Corporation, Parnassus Holdings II, LLC and certain other entities (the "MDA"). Although not clearly stated in the MDA, this agreement, and consequently, the Modified Plan, would allow the Debtors to assign to the "applicable Buyer" certain, as-yet unidentified "Assumed and Assigned Contracts." MDA §9.3. With respect to post-petition executory contracts that would be assigned to a Buyer, the Modified Plan provides that some notice of the assignment will be given to the nondebtor counterparty. However, there apparently will be no hearing on whether the particular Buyer or Buyers can provide adequate assurance of future performance of their obligations under these to-be-assigned postpetition contracts. In recent conversations, Debtors' counsel has indicated to Autocam's counsel that the "notice" of the assignment of postpetition contracts under the MDA that will likely be given to the nondebtor counterparties will consist only of a letter advising them of the assignment.

---

[2] "Cure" is defined in Section 1.36 of the Modified Plan.

3

7. In order for the Debtors to assign any <u>prepetition</u> executory contracts under the MDA, the Debtors must establish, at a minimum, that the nondebtor party to the contract receives adequate assurance of future performance by the proposed assignee even if the contract is not in default. 11 U.S.C. § 365(f)(2)(B). Autocam has so far identified only two (2) prepetition Autocam contracts that are proposed to be assigned to the "GM Buyers" under the MDA. The Debtors have remained mum about their intentions with respect to the remaining contracts.

8. If the Debtors intend to characterize any prepetition Autocam Executory Contracts (e.g., the prepetition master agreements with postpetition releases/purchase orders), as contracts to be assigned under the MDA with no "adequate assurance of future performance" protections, the Modified Plan should not be confirmed or, at the very least, this Court should prohibit the Debtors from doing so in the context of any plan confirmation order. Any such attempt would violate Autocam's right to receive adequate assurance of future performance by the proposed assignee under 11 U.S.C. § 365(f)(2)(B) prior to such attempted assignment and the right to have any objection based upon this Code provision to be heard and determined by this Court.

9. On account of the foregoing, the Modified Plan should not be confirmed because it fails to comply with the applicable provisions of Title 11 of the United States Code.

## **WAIVER OF MEMORANDUM**

10. Autocam respectfully requests that this Court waive the requirement contained in Rule 9013 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Objection are not novel. To

4

the extent that this Court determines that a memorandum of law is required, Autocam requests that it be allowed to submit one at a date to be determined by the Court.

## RELIEF REQUESTED

WHEREFORE, Autocam Corporation and its affiliates respectfully requests that this Court enter an order denying confirmation of the Modified Plan and grant such other and further relief as may be just and proper under the circumstances.

Dated:  July 15, 2009                              BARNES & THORNBURG LLP
        Grand Rapids, Michigan              Counsel to Autocam Corporation


By:  /s/Patrick E. Mears
    Patrick E. Mears (PM-6473)
Business Address:
171 Monroe Avenue, NW
Suite 1000
Grand Rapids, Michigan  49503
Telephone:  (616) 742-3936
Facsimile:  (616) 742-3999
Email:  pmears@btlaw.com

GRDS01 PMEARS 384370v1

5