Gertraud E. Eslaire
8334 Pleasant Plain Rd.
Brookville, Ohio 45309
July 10, 2009
e-mail: wd6ctl@woh.rr.com



Honorable Robert D. Drain
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408

Subject: Docket Number 05-44481 (RDD) Delphi -- Objection to June 1, 2009 Master Disposition Agreement, Article 9.5.11

Honorable Judge Drain,

I herewith respectfully submit my objection to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing/emergence date.

The primary points of objection are as follows:

1) Severance payment entitlement is by <u>contract</u> . i.e.Separation Agreement

2) I waived certain rights (Release of Claims) to receive severance
   and provided an item of value to Delphi in exchange for severance payments

3) My contract was entered into <u>during</u> bankruptcy signed January 5, 2009 with an effective date of March 16, 2009.   The employment was subsequently extended upon the request of Delphi until May 31st.  At that time, I was told that severance contracts were frozen and that I would be on temporary lay-off until July 31st. As of today, July 10, 2009, I have no confirmation from responsible HR or other management with reference to whether my ROC contract   will be honored

4) It is my understanding that severance payments are a contract liability and not a  Delphi provided benefit

5) I have a legal contract and I expect it to be honored.


Thank you for your consideration.

*Gertraud E. Eslaire* (signature)

Gertraud E. Eslaire

| **United States Bankruptcy Court**<br>Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | **Administrative Expense Claim Form** | |
|---|---|---|
| **Debtor against which claim is asserted :**<br>Delphi Corporation, *et al.* 05-44481 | Case Name and Number<br>In re Delphi Corporation., *et al.* 05-44481<br>Chapter 11, Jointly Administered | |

**NOTE:** This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br>GERTRAUD E. ESLAIRE<br><br>Name and Address Where Notices Should be Sent<br>8334 PLEASANT PLAIN RD.<br>BROOKVILLE, OHIO 45309<br><br>Telephone No. 937-833-4363 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ | |

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other (Describe briefly) ADMINISTRATIVE SEVERANCE CLAIM

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number 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
Unpaid compensation for services performed
from _____ to _____
   (date)      (date)

| 2. DATE DEBT WAS INCURRED Jan. 5, 2009 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM:** $38,520 + Transition Allowance of $2,000
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information): CLAIMANT ENTERED POST PETITION SEVERANCE CONTRACT ("CONTRACT") WITH DEBTOR. DEBTOR HAS INDICATED IT MAY NOT HONOR SAID CONTRACT. CLAIMANT ASSERTS RIGHT UNDER CONTRACT ARE ENTITLED TO ADMINISTRATIVE PRIORITY

**THIS SPACE IS FOR COURT USE ONLY**

6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br>July 10, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>*Gertraud E. Eslaire*<br>GERTRAUD E. ESLAIRE | |
|---|---|---|


RECEIVED
JUL 13 2009
USBC-SDNY

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**
**GERTRAUD ESLAIRE**

I have been separated from my employment with Delphi Corporation ("Delphi") effective March 1, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $38,520, less applicable deductions, to be paid in 12 semi monthly installments commencing on March 16, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by David Elliott before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _____

Delphi Identification Number (DIN): 1001995

Dated: January 5, 2009

Accepted: _____

Revised November 2008                    Page 7 of 9