Hearing Date: July 23, 2009 at 10 a.m.<br>
Objection Deadline: July 15, 2009 at 4 p.m.

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036
Telephone: (212) 563-4100
Facsimile: (646) 473-8227
Babette Ceccotti

Attorneys for International Union, UAW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
DELPHI CORPORATION, *et al.,*                                  :   Case No. 05-44481 (RDD)
                                                               :
                                    Debtors.                   :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

LIMITED OBJECTION AND RESERVATION OF RIGHTS OF UAW
REGARDING DEBTORS' SUPPLEMENT TO PLAN
MODIFICATION APPROVAL OR ALTERNATIVE SALE MOTION

International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") submits this limited objection and reservation of rights with respect to the Debtors' Supplement to Motion for an Order Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Alternative Sale Pursuant to 11 U.S.C. §§ 363 and 365 (Docket No. 16646) ("Plan Modification Motion") and states as follows:

1. UAW is the exclusive collective bargaining representative of certain hourly production and maintenance employees and former employees, and certain salaried employees, of Delphi Corporation ("Delphi"). UAW is also the authorized representative of retirees, survivors and their eligible dependents who have received retiree health benefits from

00142315.DOC.1

Delphi pursuant to collective bargaining agreements between UAW and Delphi.  UAW, Delphi and General Motors Corp. are parties to the June 22, 2007 UAW-Delphi-GM Memorandum of Understanding ( the "MOU"), which was approved by the Court on July 17, 2007.[1]  In furtherance of the implementation of the MOU, the parties entered into an Implementation Agreement dated September 26, 2008.

2.      Nearly four years after filing their chapter 11 cases, Delphi seeks to emerge from bankruptcy through a complex and interrelated transaction that would be carried out as two sales, the transfer of the GM Business (including certain sites employing UAW-represented employees) to a GM affiliate, and a transfer of other assets to Parnassus Holdings II, LLC.  The transaction is governed by a Master Disposition Agreement (the "MDA" or the "MDA Transaction") dated June 1 (as amended).  Under the Plan Modification Motion, Delphi seeks approval of the MDA Transaction through supplemental modifications to the Debtors' original, confirmed plan of reorganization, as thereafter modified, or through a sale and assumption of certain contracts (including labor agreements) pursuant to sections 363 and 365 of the Bankruptcy Code.

3.      UAW generally supports Delphi's emergence through the MDA Transaction.  The disastrous conditions in the auto industry over the past year have claimed numerous suppliers and other auto-related businesses, decimated the ranks of the industry's workforce, crippled local economies, and caused untold pain for thousands of workers, retirees and their families.  Viable solutions for troubled companies have been hard to come by, as vividly demonstrated by the federal government's rescue of Chrysler and GM.  Delphi's standalone restructuring proved unsustainable in the current environment and it must now do

---

[1] Upon the July 10, 2009 closing of the section 363 transaction approved in the *General Motors Corp.* case, "New" General Motors, now known as General Motors Company ("GM"), is party to the MOU.

2

what it can to preserve its remaining value. The MDA Transaction will permit Delphi's remaining operating businesses to continue, an achievement not to be taken lightly at this time in the auto industry, or clouded by the disappointment of creditors whose recoveries will have declined steeply compared to Delphi's confirmed reorganization plan. Indeed, Delphi's emergence through the MDA Transaction could well be critical to the fledging restructurings of new GM and new Chrysler.

## LIMITED OBJECTION

4.  Its general support for the MDA Transaction notwithstanding, UAW submits this limited objection to address certain discrete matters related to the transfer of UAW-represented workforce facilities and assumption and assignment of the UAW labor agreements (the "CBAs").

5.  The MDA provides for the assumption and assignment of CBAs for the transferred Businesses. *See e.g.*, MDA § 9.5.3.A. (Buyer will assume the terms and conditions of all applicable Seller U.S. CBA's in effect at the relevant Business). Assumption of the CBAs requires a complete assumption of rights and obligations under the agreements. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984). Thus in assuming and assigning the CBAs, the terms of the CBAs govern the parties, and not the MDA, with respect to matters that are governed by the CBAs. The MDA cannot re-write the labor agreements without running afoul of section 1113(f) of the Bankruptcy Code. *See AFGWU v. Anchor Resolution Corp.*, 197 F.3d 76, 81 (3d Cir. 1999) (debtor violated section 1113(f) by committing itself in an asset purchase agreement to terms that unilaterally changed its collective bargaining agreement with the

3

union).[2]  Thus, with respect to labor grievances and arbitrations, Section 9.5.7 of the MDA provides that the Buyer "will assume responsibility to administer all labor grievances and arbitration proceedings based on events occurring after the Closing Date."  Pre-existing grievances are not expressly addressed by the MDA.  In order to give continued effect to the dispute resolution procedures of the CBAs that will be assumed, the transaction parties must provide for the administration of grievances that pre-date (or that are based on occurrences that pre-date) the closing.[3]  Similarly, although under the MDA, assumption of the CBAs by the relevant Buyer is a condition of closing, MDA § 10.2.4, and UAW must have waived restrictions in the CBA on the sale of operations, MDA § 10.2.6, these are among the conditions that are waivable by Delphi.  MDA § 10.2.  Delphi cannot, consistent with assumption of the labor agreements, maintain the option to close the transaction without assumption of the CBAs, or waive a requirement for UAW's consent regarding applicable terms in the CBAs.[4]  Accordingly, the UAW objects to approval of the MDA to the extent that any terms can be construed as effecting a unilateral change in the UAW CBAs.  The court's order approving the MDA Transaction should make clear that approval may not constitute or effect a change in the terms and conditions of the CBAs to be assumed and assigned under the MDA.

---

[2] Section 1113(f) provides that "No provision of [title 11] shall be construed to permit a trustee to unilaterally terminate or alter any provision of a collective bargaining agreement prior to compliance with the provisions of this section."

[3] Grievance and arbitration procedures are fundamental dispute resolution mechanisms under a labor agreement. *See United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) (noting that the grievance and arbitration process "lies at the very heart of the system of industrial self government").  For example, the Court of Appeals in the *Ionosphere Clubs* case recognized that the continuation of such processes could not be thwarted by the automatic stay without running afoul of section 1113(f).  *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 991 (2d Cir. 1990).  *See also In re Continental Airlines*, 125 F.3d 120, 137 (injunction in plan confirmation order could not permit company to escape its arbitration obligation under labor agreement).

[4] The MDA also delineates various agreements that comprise the CBA's to be assumed as well as benefit plans, and a schedule of the employees who will be the "Transferred Employees."  *See* Schedules 4.13.11, 4.13.12 and 4.13.1 (filed under seal), respectively.  Discrepancies, if any, between the terms of the CBAs and these schedules must be resolved in favor of the CBAs.

4

## RESERVATION OF RIGHTS

6. Under the MDA, it is a condition of closing that Delphi "shall be satisfied that the Delphi [Hourly Pension Plan] will not be an obligation of Delphi" following the closing. MDA § 10.2.5. Although Delphi has expressed its intention to enter into an agreement with the PBGC regarding pension matters, no such agreement has been announced or filed.[5] In the absence of such agreement, UAW cannot comment further at this time but reserves its rights in the event that such an agreement is reached and disclosed in connection with the hearing in this matter, or, in the event no such agreement is reached by that time.

7. Finally, following the entry of the Court's June 16, 2009 Modification Procedures Order, a Supplemental Modification Procedures Order was entered on June 29, 2009 addressing, among other things, the submission of a Pure Credit Bid, and setting a further objection deadline of July 20, 2009 with respect to the auction to be held on July 17, 2009. UAW reserves its rights with respect to the subjects covered by the Supplemental Modification Procedures Order to the extent such auction is conducted.

---

[5] *See* Supplement to First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (as Modified) [Dkt. No. 17031] at S-xxii.

## CONCLUSION

For the foregoing reasons, UAW respectfully submits that the MDA Transaction be approved upon the conditions as set forth herein.

Dated: July 15, 2009
      New York, NY

    /s/ Babette A. Ceccotti
Babette A. Ceccotti
Joshua J. Ellison
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY  10036
T: (212) 563-4100
F: (646) 473-8227

- and -

Daniel Sherrick
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI  48214
T: (313) 926-5216
F: (313) 926-5240

Attorneys for International Union, UAW

6