BUCHANAN INGERSOLL & ROONEY PC
Counsel for Fiduciary Counselors Inc.
620 Eighth Avenue, 23rd Floor
New York, New York 10018
(212) 440-4400 (Telephone)
(212) 440-4401 (Facsimile)
William H. Schorling, Esquire (WS-6322)

    -and -

Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200 (Telephone)
(302) 552-4295 (Facsimile)
Mary F. Caloway, Esquire

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**FIDUCIARY COUNSELORS INC.'S OBJECTION TO CONFIRMATION
OF DEBTORS' MODIFIED PLAN OF REORGANIZATION**

Fiduciary Counselors Inc. ("FCI"), and its undersigned counsel, Buchanan Ingersoll & Rooney, PC, hereby submit this Objection (the "Objection") to confirmation of the above Debtors' modified Plan of Reorganization (the "Plan"). In support hereof, FCI respectfully represents as follows:

**Statement of Facts**

A.    <u>General Background</u>

1.      Delphi Corporation ("Delphi") and forty-one (41) of its direct and indirect subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Thirty-nine (39) of the Debtors filed their petitions on October 8, 2005, and three (3) of the Debtors, namely *In re Delphi Furukawa Wiring Systems LLC* (Case No. 05-47452 (RDD)), *In re Delphi Receivables LLC* (Case No. 05-47459 (RDD)), and *In re Mobilearia, Inc.* (Case No. 05-47474 (RDD)) (collectively, the "Additional Debtors"), filed their petitions on October 14, 2005.

2.      On October 8, 2005, this Court procedurally consolidated the Debtors' thirty-nine (39) chapter 11 cases filed at that time,[1] and ordered that they be jointly administered under *In re Delphi Corporation*, Case No. 05-44481 (RDD) (the "Main Case").

3.      On October 19, 2005, this Court procedurally consolidated the Additional Debtors with the Main Case.

B.      The Pension Plans' Claims

4.      FCI is the independent fiduciary under the Debtors' following pension plans: (a) the Delphi Corporation Retirement Program for Salaried Employees (the "Salaried Plan"), (b) the Delphi Hourly-Rate Employees Pension Plan (the "Hourly Plan"), (c) the ASEC Manufacturing Retirement Program (the "ASEC Plan"), (d) the Delphi Mechatronic Systems

---

[1] The thirty-nine cases consolidated on October 8, 2005 are as follows *In re Delphi NY Holdings Corp., In re Delphi Corporation, In re ASEC Manufacturing General Partnership, In re Delphi Medical Systems Colorado Corporation, In re Delphi China LLC, In re ASEC Sales General Partnership, In re Delphi Medical Systems Texas Corporation, In re Delphi Automotive Systems Overseas Corporation, In re Delphi Automotive Systems Korea, Inc., In re Delphi Automotive Systems International, Inc., In re Delphi International Holdings Corp., In re Aspire, Inc., In re Delphi Connection Systems, In re Delphi International Services, Inc., In re Environmental Catalysts, LLC, In re Specialty Electronics International Ltd., In re Delphi Automotive Systems Thailand, Inc., In re Delco Electronics Overseas Corporation, In re Delphi Technologies, Inc. , In re Delphi Automotive Systems (Holding), Inc., In re Exhaust Systems Corporation, In re Delphi Medical Systems Corporation., In re Delphi Diesel Systems Corp., In re Delphi Integrated Service Solutions, Inc., In re Packard Hughes Interconnect Company, In re Delphi Electronics (Holding), LLC., In re Delphi Mechatronic Systems, Inc., In re Specialty Electronics, Inc., In re Delphi Automotive Systems Tennessee, Inc., In re Delphi LLC, In re DREAL, Inc., In re Delphi Automotive Systems Risk Management Corp., In re Delphi Automotive Systems Services, LLC, In re Delphi Liquidation Holding Company, In re Delphi Foreign Sales Corporation, In re Delphi Services Holding Corporation, In re Delphi Automotive Systems Human Resources LLC, In re Delphi Automotive Systems Global (Holding), Inc., and In re Delphi Automotive Systems, LLC.*

Retirement Program (the "Mechatronic Plan"), (e) the Packard Hughes Interconnect Non-Bargaining Retirement Plan (the "PHI Non-Bargaining Plan"), and (f) the Packard Hughes Interconnect Bargaining Retirement Plan (the "PHI Bargaining Plan") (collectively, the "Pension Plans"). The Pension Plans are employee benefit plans within the meaning of Bankruptcy Code section 507(a)(4). FCI asserts that the Debtors are members of the common controlled group whose employees participate in the Pension Plans and the claims asserted by FCI on behalf of the Pension Plans are claims against each of the Debtors' estates.

5. As the appointed independent fiduciary charged with assuring that the Debtors fulfill their obligations to make legally required contributions to the Pension Plans, FCI timely filed proofs of claim on behalf of the Pension Plans (as amended or modified, the "Claims"). No objection has been filed to the Claims.

6. The ballots provided to FCI by the Debtors identified each respective Pension Plan's Claim as $1.00 in amount for voting purposes. On or about July 2, 2009, FCI filed a motion pursuant to the Bankruptcy Rule 3018 to estimate the Pension Plans' Claims in amounts equal to all due and unpaid contributions (the "Estimation Motion"). By the Estimation Motion, FCI seeks to have the Pension Plans' Claims estimated in the following amounts:

Hourly Plan:  $0[2]

Salaried Plan:  $212,949,000.00

ASEC Plan:  $1,980,879.00

Mechatronic Plan:  $1,338,300.00

PHI Bargaining Plan:  $3,512,635.00

PHI Non-Bargaining Plan:  $7,784,055.00

---

[2] As a result of transactions previously approved by this Court, and as described in some detail in the Plan and accompanying disclosure supplement, the bulk of the unfunded liabilities of the Hourly Plan have been transferred to GM. As a result, the Hourly Plan's actuaries estimate that there currently are no due and unpaid contributions.

KRLSDOCS_WLM#: 66936v1                 3

7. In the Estimation Motion FCI reserved, and continues to reserve, the right, on behalf of the Pension Plans, to seek administrative expense or other priority status for all or a portion of the Pension Plans' Claims.

8. The Debtors have not agreed to, nor have they to date objected to, the Estimation Motion. If not resolved, the Estimation Motion will be determined by the Court at the confirmation hearing.

9. Under the Debtors' original confirmed plan of reorganization, the Pension Plans were assumed and continued. However, under the modified Plan, on which the Debtors are now re-soliciting votes, the Pension Plans will not be assumed or continued by the Debtors. Instead, the Debtors propose that GM will "address" the Hourly Plan and that the remaining Pension Plans shall be terminated.

## Objections to Confirmation of Plan

10. FCI, on behalf of the Pension Plans, objects to confirmation of the Plan. It should be noted, however, that if the "PBGC Settlement" (as defined in the Plan) is ultimately reached, the PBGC Settlement is likely to resolve FCI's objections on behalf of the Pension Plans[3]. Only if the PBGC Settlement is reached and approved would the PBGC have authority over the Pension Plans' Claims for minimum funding contributions as successor trustee for the Pension Plans. Until such time, FCI has the authority to assert and protect the Pension Plans' Claims.

11. The uncertainty regarding the PBGC Settlement is emblematic of the many deficiencies of the Plan, which is replete with references to settlements or agreements "to be reached" or "to be determined" in connection with the treatment of the Pension Plans. By way of example, the Plan provides that the Hourly Plan will no longer be the Debtors' responsibility and

---

[3] As of the filing of this Objection, FCI understands that the PBGC Settlement has not been agreed to by the parties.

will be "addressed" by GM following confirmation. That ambiguous statement, along with numerous other items which remain to be clarified or resolved with respect to the Pension Plans and their Claims, render the Plan unconfirmable. The Plan fails entirely to address the Pension Plans' Claims. The Plan purports to resolve all Pension Plan issues and claims in connection with the PBGC Settlement. However, and as noted above, because the Pension Plans have not been terminated, the PBGC does not have authority over the Pension Plans' Claims (except with respect to the liens filed with respect to those claims) and the PBGC does not have authority to vote those Claims. But the Plan neither addresses nor classifies the Claims of the Pension Plans, rendering it impossible for the Pension Plans to make a meaningful decision with respect to voting on the Plan. As a result of these defects, and as more fully discussed below, the Plan cannot be confirmed.

12. In order to be confirmed, the Court must find that the Plan satisfies all the requirements of Bankruptcy Code section 1129. The Plan fails to meet this burden.

13. As noted in the Estimation Motion, FCI has filed proofs of claims asserting administrative expense claim status for the full amount of the due and unpaid minimum contributions owing to the Pension Plans. If approved, these administrative claim amounts will aggregate over $225 million. It is clear from the disclosure supplement which accompanied the Plan that the Debtors do not anticipate paying, or have funds available to pay, such claims[4]. Bankruptcy Code section 1129(a)(9)(A) mandates that a plan provide for payment in full of administrative claims under section 507(a)(2). The Debtors' Plan does not and cannot provide for payment in full of the Pension Plans' administrative claims. Moreover, PBGC has filed liens in favor of the Pension Plans against the assets of subsidiaries of the Debtors that are not in

---

[4] The disclosure supplement, at page S-xxx estimates administrative claims at $142 million to $181 million, consisting primarily of cure amounts and other transaction related expenses.

bankruptcy with respect to the due and unpaid contributions and the Plan does not identify how those liens will be satisfied. The amounts with respect to which these liens are imposed are treated as taxes due and owing the United States under 26 U.S.C. 430(k)(4)(C) (formerly § 412(n)) and 29 U.S.C. §1368(c)(2).

14. If the Pension Plans' administrative claims are not allowed in whole, it is not clear at all how the remaining Pension Plans' Claims will be treated under the Plan. Failure to classify the Pension Plans' Claims runs afoul of Bankruptcy Code section 1129(a)(1), which requires that a plan comply with the applicable provisions of title 11. Section 1123(a)(3) requires that a plan specify the treatment of any class of claims that is impaired under the plan. This Plan fails to meet this requirement with respect to the Pension Plans' Claims. Accordingly, the Plan cannot be confirmed.

15. Moreover, the Plan violates section 1123(a)(4) in that the Claims of the Pension Plans, which may be in the same class, are not treated the same. Only the Hourly Plan will be continued post-confirmation, albeit by GM and not the Debtors. The others are proposed to be terminated. There is no justification for the disparate treatment of the Pension Plans. Alternatively, since it is unclear under the Plan whether the Pension Plans' Claims are included in the same class, the Debtors cannot satisfy the "cram-down" provisions of Bankruptcy Code section 1129(b). In order to cram down the Plan over a dissenting class's vote, the Plan must not discriminate unfairly and must be fair and equitable with respect to each class of claims that is impaired under, or has voted to reject, the Plan. The Plan clearly unfairly discriminates amongst the Pension Plans. Accordingly, the Plan cannot be confirmed pursuant to section 1129 (b).

16.     The Plan further violates section 1129(a)(1) in that the injunction contained in the Plan would eliminate a party's setoff rights under section 553.  FCI has expressly preserved the Pension Plans' setoff rights in all Claims filed.  Those rights cannot be eliminated via the Plan.

17.     Bankruptcy Code section 1129(a)(11) requires that the Court find that confirmation is not likely to be followed by liquidation or a need for further reorganization. This "feasibility" test cannot be met here, for the reasons discussed in paragraph 13 above with respect to the amount of the Pension Plans' administrative claims.  If those claims are allowed, the Debtors will not have funds to pay them.  Accordingly, the Plan is not feasible and cannot be confirmed.

18.     The Plan's proposal to substantively consolidate certain of the Debtors is improper and prejudicial to the Pension Plans.  As members of the control group, each of the Debtors is statutorily jointly and severally liable to the Pension Plans for due and unpaid contributions.  The substantive consolidation for distribution purposes might be construed to limit or abrogate each of the Debtors' statutory joint and several liability.  Accordingly, the Plan cannot be confirmed as proposed.

19.     Finally, the third party releases and exculpation provisions contained in the Plan are overbroad, unwarranted, improper and should not be approved by this Court.

C.     <u>Reservation of Rights</u>

20.     FCI reserves the right to supplement this Objection and/or to join in objections filed by any other party.

## Notice

21.     Notice of this Objection has been provided in accordance with the Modification Procedures Order dated June 16, 2009.  FCI submits that no other or further notice is necessary.

WHEREFORE, FCI respectfully requests that this Court enter the order denying the Debtors' request for confirmation of the Plan and granting such other and further relief as the Court deems just and proper.

Dated: July 15, 2009

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  William H. Schorling (WS-6322)
William H. Schorling, Esquire (WS-6322)
620 Eighth Avenue, 23rd Floor
New York, New York 10018
(212) 440-4400 (Telephone)
(212) 440-4401 (Facsimile)

and

Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200 (Telephone)
(302) 552-4295 (Facsimile)
Mary F. Caloway, Esquire

*Counsel for Fiduciary Counselors Inc.*