Hearing Date and Time: July 23, 2009 at 10:00 a.m.
Response Deadline: July 15, 2009 at 4:00 p.m.

Dana P. Kane, Esq.
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010

Counsel to Liquidity Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
DELPHI CORPORATION, et al.,                            :    Case No. 05-44481 (RDD)
                                                       :
                                Debtors.               :    (Jointly Administered)
-------------------------------------------------------x

**JOINDER AND RESERVATION OF RIGHTS OF LIQUIDITY SOLUTIONS,
INC., AS ASSIGNEE, TO OBJECTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE PROPOSED MODIFICATIONS TO
THE DEBTORS' CONFIRMED PLAN OF REORGANIZATION AND TO
THE SALE OF SUBSTANTIALLY ALL THE DEBTORS' ASSETS AS
AN ALTERNATIVE TO THE PLAN AND RELATED PLEADINGS**

Liquidity Solutions, Inc. ("LSI"), as assignee of certain original creditors, hereby files this joinder and reservation of rights (the "Joinder and Reservation of Rights") in connection with the Motion to Approve (A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Joint Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request to Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date [Docket No. 16646] (the "Second Plan Modification") filed by the debtors and debtors-in-possession in the above-

captioned cases (the "Debtors").[1] In support of its Joinder and Reservation of Rights, LSI respectfully avers as follows:

## Background

1.  On October 8, 2005 and October 14, 2005, Delphi Corporation ("Delphi"), Delphi Automotive Systems LLC ("Automotive") and certain of Delphi's U.S. subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  On or about December 10, 2007, the Debtors filed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Original Plan"). Pursuant to the Original Plan, holders of General Unsecured Claims purportedly were to receive payment in full with consideration comprised of approximately 77.3% in New Common Stock and 22.7% in Discount Rights (each, as such term is defined in the Original Plan), plus post-petition interest.

3.  Although the Original Plan was confirmed by order entered January 25, 2008, it never became effective. On or about October 3, 2008, the Debtors filed the Motion for Order (I) Approving Modifications to Debtors' First Amended Joint Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization (the "First Modification Motion") [Docket No. 14310] seeking approval of changes to the confirmed Original Plan that would have brought the recovery of General Unsecured Claim holders down to a purported 38.8% recovery, consisting of approximately 20.0% in New Common Stock and

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Second Plan Modification and/or the exhibits thereto.

18.8% in Discount Rights. That, too, never got off the ground. Accordingly, on or about June 1, 2009, the Debtors filed the Second Plan Modification, seeking confirmation of a further modified plan (the "Modified Plan") after a resolicitation of votes, which Modified Plan purports to provide holders of General Unsecured Claims a *pro-rata* share of a General Unsecured MDA Distribution if and only if the conditions for making such a distribution are triggered (a high bar in and of itself), and even then, the distribution for the entire class of general unsecured creditors is capped at $180 million. See Modified Plan, at §§ I.1.95, V.5.2.

4.      Essentially, in the eighteen months that have passed since the Original Plan was confirmed, the treatment of unsecured creditors has gone all the way from "par plus accrued" to the current Modified Plan, which (a) apparently was negotiated without any serious attempt to engage the Creditors' Committee in discussions,[2] (b) on behalf of unsecured creditors, the Creditors' Committee strongly opposes, as indicated in the letter from the Creditors' Committee included with the solicitation materials accompanying the Modified Plan and (c) ultimately proposes to pay unsecured creditors effectively nothing at all.

5.      On or about June 9, 2009, the Creditors' Committee filed the Objection of the Official Committee of Unsecured Creditors to Debtors' (A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Joint Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request to Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date [Docket No. 16900] (the "First Committee Objection"), which, among other things, objected to the Disclosure Statement accompanying the current Modified Plan on the grounds that both the solicitation

---

[2] See First Committee Objection (as defined below), at ¶ 12.

procedures and the Disclosure Statement filed with it were the product of a plan process that was (i) fundamentally flawed, and (ii) produced a Modified Plan in which Parnassus would acquire the Debtors' assets for minimal value, with the potential for Parnassus and GM to realize extraordinary returns before general unsecured creditors receive anything at all. Subsequently, on June 17, 2009, the Preliminary Objection of the Official Committee of Unsecured Creditors to the Proposed Modifications to the Debtors' Confirmed Plan of Reorganization to and to the Sale of Substantially All the Debtors' Assets as an Alternative to the Plan [Docket No. 17034] (the "Second Committee Objection") stating, among other things, that the Creditors' Committee opposed the Modified Plan itself on substantive grounds, for the reasons iterated in the First Committee Objection, and setting up a contested matter for which discovery could be taken in advance of the confirmation hearing on the Modified Plan.

### Joinder and Reservation of Rights

6.   As to any claims against the Debtors held by LSI, LSI hereby joins in the arguments made in the First Committee Objection and the Second Committee Objection, as well as any other substantive objections filed to the Modified Plan filed subsequent thereto by the Creditors' Committee and/or other similarly-situated unsecured creditors (collectively, the "Unsecured Creditor Objections"), and respectfully requests entry of an order denying the confirmation of the Modified Plan for the reasons set forth in such Unsecured Creditor Objections.

7.   LSI expressly reserves its rights to supplement and amend this Joinder and Reservation of Rights, seek discovery with respect to same, introduce evidence at any hearing relating to the Second Plan Modification and/or the Modified Plan, and to seek such other and

additional relief as LSI believes is necessary to protect LSI's interests, without in any way limiting any other rights that LSI has or may have.

WHEREFORE, LSI respectfully requests entry of an order denying the Second Plan Modification motion and/or confirmation of the Modified Plan and granting such other and further relief as is just and proper under the circumstances.

Dated: Hackensack, New Jersey
July 15, 2009

Respectfully submitted,
LIQUIDITY SOLUTIONS, INC.

By: _____
Dana P. Kane, Esq.
Liquidity Solutions, Inc.
One University Plaza, Suite 312
Hackensack, New Jersey 07601
Phone: (201) 968-0001
Fax: (201) 968-0010