Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408



Re: **In re Delphi Corp. et al., Docket Number 05-44481 (RDD)**

Dear Judge Drain,

I am a recent involuntary retiree from Delphi Corporation who writes to object to the proposed termination of my severance payments and their treatment as a pre-petition obligation of Delphi. I started my career at General Motors Institute where I was sponsored by the Delco Products Division of GMC. I was located in Dayton, OH for the first 19 years of my career and later relocated to Warren, MI at the GM Tech Center. I remained there until 1999 when Delphi moved me, my wife and four children to Krakow, Poland. We returned to Michigan in late 2001, but work required me to travel almost daily to Sandusky, OH for the next two years. I was ultimately transferred to Delphi Saginaw Steering at the GM Tech Center. It was while at this latest post that I learned I was being terminated after 43 years of dedicated service to the company.

As you know, Delphi terminated all company-paid health care benefits to retirees in February of this year. So when I applied for retirement benefits to start on April 1st, I knew that I would have to pay COBRA payments to keep health care for me, my wife and now three teenage children. In exchange for a release of any claims against Delphi, I was offered, and accepted in March, severance pay equal to 6 months salary ("ROC Contract"). Having obtained this release, Delphi now proposes to unilaterally cut my severance short as of their emergence from bankruptcy.

I write to strongly object to Delphi's stated position that somehow my post-petition severance constitutes a pre-petition (i.e., general unsecured) claim. My waiver of rights against Delphi as consideration for my severance occurred post-petition and therefore should be treated as an administrative claim if the ROC Contract is terminated. Importantly, the continued payment of my severance pursuant to the ROC Contract is critical to the survival of my family. This money is not for luxuries, but is necessary to pay for health insurance premiums and expenses, and other family-related items, that I am not able to replace at this time due to the extremely slow job market in the upper mid-west. The loss of health care at 61 years of age, and after 43 years of continuous employment with GM/Delphi, has caused a great deal of stress to me and my family, and the threatened loss of the balance of my severance has only added to that stress.

I appeal to your sense of fairness that you will cause Delphi to abide by its contractual obligations to me and its other retirees and continue to pay <u>in full</u> the severance payments guaranteed by the ROC Contract. It is a much greater hardship to their former employees to lose these payments then it is for Delphi to continue paying them. I appreciate your thoughtful consideration of this matter and await a favorable outcome.

Respectfully submitted,

*Roger E. Hoke*
Roger E. Hoke
PO Box 2
Richmond, MI 48062