July 6, 2009

Judge Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408
Courtroom: 610

RECEIVED
JUL 1 3 2009
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Reference case # 05-44481

Dear Judge Drain:

As a retired Delphi Salary Employee I strongly object to the recently filed Delphi Modified Plan of Reorganization.

This plan is structured to only benefit a few Delphi Senior Executives, General Motors, the UAW and Platinum Equity. It is totally at the expense of Delphi creditors, "Non-UAW" hourly workers, the retired salary employees and the American taxpayer. Also, it is clear that this whole deal is being brokered by the US Treasury, with Tim Geithner.

GM is receiving viable, ongoing revenue producing plants at no cost other than accepting the UAW pension plans.

Delphi Senior Executives will retain their positions and potentially receive either generous retention or severance bonuses from the new owners.

The UAW will continue under the GM umbrella for pensions and benefits, which are being financed by the US Government.

Platinum Equity will now own a company with revenue producing operations that have excellent profit potential. Platinum Equity will pay literally nothing for this. Why are they paying more for the Alcoa AFL unit which is much smaller and has far fewer assets?

I firmly believe that this is truly a liquidation of Delphi thinly disguised as an "emergence." Worst of all, the valuable assets of this company are being given away and the only money left for creditors and retirees will be in the disposition of already closed, nonrevenue producing plants (DPH).

Perhaps even more disturbing, is the settlement Delphi is requesting of the PBGC. They have requested that the PBGC drops its right to secured claims and becomes an unsecured claim. This is ludicrous. These claims should be maintained and provide funds to decrease the underfunded position of Delphi's Salaried Retirement Plan. The court will have to address this issue because I am sure that the PBGC will negotiate away its rights because of its unique position in relationship to the US Treasury Department and Tim Geithner, who is brokering the whole GM/ Delphi Process.

I ask the court to please not accept this modified plan, but to send Delphi and its partners- GM, the US Treasury, Platinum and the UAW, back to restructure a deal that is equitable to the "Non-UAW" retirees, salaried retirees, and the creditors. I believe that is the responsibility of the court.

Best Regards,

Lori Reetz
4515 Gratiot Road Apt. 3
Saginaw, MI 48638-6238

June 16, 2009

Lori E. Reetz
4515 Gratiot Road  Apt. 3
Saginaw, MI  48638-6238

Salaried Retiree of Delphi Corporation
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
In re                         :    Chapter 11
                              :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                              :
                  Debtors.    :    (Jointly Administered)
                              :
------------------------------x

LETTER TO CONTEST JUNE 1, 2009 MASTER DISPOSITION AGREEMENT, ARTICLE 9.5.11 – SEVERANCE TERMINATION UPON BANKRUPTCY EMERGENCE DATE

PRELIMINARY STATEMENT

I am 52-year old Delphi retiree forced to retire on March 1, 2009 due to job elimination. In exchange for my waiver of certain rights via the Release of Claims, Delphi is to pay me six months severance pay, March through August 2009. This severance is spelled out in a signed contract with Delphi. This is a legal, enforceable contract presented by Delphi during bankruptcy. I have fulfilled my obligations to Delphi and I fully expect Delphi to fulfill its severance payment obligation to me.

I am contesting this for the following reasons:

1) Severance payment is a contractual obligation via the signed Separation Agreement.

2) An exchange was made between Delphi and me. I waived certain rights (Release of Claims) in order to receive the six months of severance payments. I had no option but to take severance payment in monthly installments. I provided an item of value to Delphi in exchange for the severance payments. Bankruptcy emergence should not alter the severance payment plan.

3) The contract was entered into during bankruptcy. The effective date of this contract is March 1, 2009.

4) Severance payments are as contractual liability – not a Delphi benefit.

5) I have a valid, binding, legal contract and an expectation such contract be honored.

## SUMMARY

As a person who was forced into early retirement, I planned on using the severance payments to seek new employment, cover costs of re-training and/or tuition, purchase health care, cover medical expenses, pay for basic living expenses, etc. We salaried retirees have already been severely, negatively impacted by health care elimination. Pending pension reductions (potential transfer to PBGC) will result in a significant pay cut for me given my age of 52. My sacrifice has already been job elimination, frozen pension, and no health care.

I appreciate the court taking the time to consider my argument and respectfully ask that you not allow Delphi to terminate severance payments to Delphi's US Salaried Employees.

Dated:    Saginaw, MI
          June 16, 2009

*Lori Reetz* (signature)
Lori E. Reetz
4515 Gratiot Road Apt #3
Saginaw, MI 48638-6238