Hearing Date And Time: July 23, 2009 at 10☺) a.m. (prevailing Eastern Time)
Response Date And Time: July 16, 2009 at 4:00 p.m. (prevailing Eastern Time)

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Jeffrey Bernstein Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711

- and -

88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

*Attorneys for New Jersey Self-Insurers Guaranty Association*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 05-44481 (RDD) |
|---|---|
| DELPHI CORPORATION, et al. | Chapter 11 |
| Debtors. | (Jointly Administered) |

**RESPONSE OF NEW JERSEY SELF-INSURERS GUARANTY ASSOCIATION
(CLAIM NO. 11631) TO DEBTORS' THIRTY-FOURTH OMNIBUS
<u>OBJECTION TO CLAIMS</u>**

New Jersey Self-Insurers Guaranty Association (the "Association") by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, respectfully submits this response to the Debtors' Thirty-Fourth Omnibus Objection ("Objection") to claims:

1. On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (collectively the "Debtor or Debtors"), filed voluntary petitions for reorganization under

Chapter 11 of the United States Bankruptcy Code ("Code") and have continued to operate their business and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Code.

2. On June 22, 2009, the Debtors filed this Objection to various claims.

3. In the Objection, the Debtor seeks to modify the claim of the Association (claim no. 11631, Exhibit D) (the "Claim") by reclassifying it as a general unsecured claim with an amount of $0.00.

## Background

4. The Association was formed pursuant to N.J.S.A. 34:15-120.16, as a non-profit entity created to pay workers compensation claims of employees of bankrupt employers who are self-insured in the State of New Jersey, or were previously self-insured, like Debtor, and have remaining liability.

5. To qualify as self-insured in the State of New Jersey, Debtor obtained a bond to satisfy workers' compensation claims. The Association is a "secondary" payer in connection with Debtors' self-insured workers compensation obligations behind payment of those obligations from the bond established by the Debtor.

6. At the outset of Debtor's bankruptcy proceeding, on or about October 13, 2005, the Bankruptcy Court entered an order granting the Debtor authority to pay, among other things, workers' compensation obligations. Accordingly, the Association filed a proof of claim in this proceeding, copy of which is attached hereto for convenient reference as Exhibit A, indicating that the Claim was being filed to protect the Association's rights in the event the Debtor was ever to

default on its workers' compensation obligations. As such, no dollar amount was set forth in the Claim.

7. Thereafter, until the Debtor's First Amended Joint Plan of Reorganization (as modified) ("Plan"), filed June 1, 2009, the Debtor had proposed to treat workers' compensation claims as flow-through claims that would be paid uninterrupted in the ordinary course of the Debtors' business. However, in that Plan, the Debtor no longer proposes to treat such claims as flow-through claims. As such, quantification then became relevant.

8. The Debtor contends that the claim of the Association should not be afforded priority treatment under § 507 of the Bankruptcy Code. The Debtor also contends in the Objection that it has already made wage and benefit payments exceeding the $10,000.00 cap, thus exhausting the universe of potential administrative priority claims under 11 U.S.C. 507. Based upon the Debtor's representation that amounts paid have exceeded the priority cap, the Association will not further contest the proposed reclassification.

9. As to quantification of the Association's Claim, because, as noted above, the Plan no longer intends to treat workers' compensation claim as flow-through claims, it becomes necessary to calculate the anticipated amount of such claim.

10. The Association has been in consultation with the Debtor and the parties have agreed that actuarial adjustment will need to be undertaken. The period of time required for such actuarial analysis is beyond that which would be possible by the return date of this motion. Thus, a ninety (90) day period of review has been discussed and appears agreeable to Debtor.

11. Pending actuarial review, based on the Debtor's Supplementary Statement Of Outstanding Death or Disability Claims submitted to the New Jersey Department of Banking and

Insurance for the period through December 31, 2008, attached as Exhibit B, which report contains details of the Debtor's pending workers compensation claims, as well as subsequent information provided to the Association, the Association's projects potential liability for pre-petition claims in this bankruptcy proceeding, before deduction of the aforesaid bond, of $4.8 million.

**WHEREFORE**, the New Jersey Self-Insurers Guaranty Association respectfully requests that the Court deny the relief sought by the Debtor and instruct the parties to undertake the aforementioned actuarial review necessary to accurately quantify the amount of the Association's claim.

Dated: July 15, 2009

Respectfully submitted,

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
*Attorneys for New Jersey Self-Insurers Guaranty Association*

By: /s/Jeffrey Bernstein
    Jeffrey Bernstein, Esq.
    Three Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102-4079
    Telephone: (973) 622-7711
    Fax: (973) 622.5314

- and -

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
88 Pine St., 24th Floor
New York, NY 10005
Telephone: (212) 483.9490
Fax: (212) 483.9129