July 6, 2009

The Honorable Judge Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004


RECEIVED JUL 14 2009 USBC-SDNY RDD

Dear Judge Drain,

I am writing today to call your attention to the plight of my husband and his fellow Salaried Retirees from Delphi Corporation. This month there is a tentative plan to default the Delphi Salaried Retiree Pension plan to the PBGC. You may have received form letters regarding this matter, but I am writing a personal note.

On September 1st, 2008, my husband had to retire from Delphi Corporation when the Oak Creek, Wisconsin plant closed. At 54 years of age, he was eager to find new work as an electrical engineer with 30 years of experience in electronics production. Unfortunately the economy intervened, and almost a year later he is still unemployed. He worked briefly as a contract engineer at GE Healthcare on Tower Ave., but his contract came to an end after a short month due to outsourcing of circuit board production.

Our immediate concern at this time is that his salaried pension may be turned over to the PBGC as part of Delphi's emergence from bankruptcy. This would be devastating for us. At 53 and 54 years of age, we would do our best to accelerate our savings, but my husband's continued unemployment makes the future uncertain.

I would briefly like to explain my husband's work history. When my husband was 12 years old, his father died suddenly from a heart attack. With a mother on social security, there was little money for college. My husband earned an Associates Degree from MATC at night, while working days at Falk Corporation. He was hired at Delphi-Oak Creek in 1977 as an electronics technician and joined the UAW, as was required. After a few short years, his hard work and technical aptitude were rewarded with a promotion to an engineering position, and he became a salaried employee. In the following years, at night and on weekends, with small children at home, he earned his Business Degree from Cardinal Stritch University. As his wife of 30 years, I can speak to his strong work ethic, extreme dedication, and years of exceptional service to Delphi. In 1999, we were surprised and worried when Delphi was spun off from General Motors, and then saddened when Delphi filed for bankruptcy protection in 2005.

This new plan to transfer the Delphi salaried pension obligation to the PBGC has us quite upset. This winter our salaried retiree health insurance and life insurance were taken away, but we are coping. However, I am angered by the inequitable decision to default the Delphi salaried retiree pension plan to the PBGC, while the *hourly retiree pension* *obligations will be assumed by General Motors. It was brought to our attention that 22*

July 6, 2009



The Honorable Judge Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Dear Judge Drain,

I am writing today to call your attention to the plight of my husband and his fellow Salaried Retirees from Delphi Corporation. This month there is a tentative plan to default the Delphi Salaried Retiree Pension plan to the PBGC. You may have received form letters regarding this matter, but I am writing a personal note.

On September 1st, 2008, my husband had to retire from Delphi Corporation when the Oak Creek, Wisconsin plant closed. At 54 years of age, he was eager to find new work as an electrical engineer with 30 years of experience in electronics production. Unfortunately the economy intervened, and almost a year later he is still unemployed. He worked briefly as a contract engineer at GE Healthcare on Tower Ave., but his contract came to an end after a short month due to outsourcing of circuit board production.

Our immediate concern at this time is that his salaried pension may be turned over to the PBGC as part of Delphi's emergence from bankruptcy. This would be devastating for us. At 53 and 54 years of age, we would do our best to accelerate our savings, but my husband's continued unemployment makes the future uncertain.

I would briefly like to explain my husband's work history. When my husband was 12 years old, his father died suddenly from a heart attack. With a mother on social security, there was little money for college. My husband earned an Associates Degree from MATC at night, while working days at Falk Corporation. He was hired at Delphi-Oak Creek in 1977 as an electronics technician and joined the UAW, as was required. After a few short years, his hard work and technical aptitude were rewarded with a promotion to an engineering position, and he became a salaried employee. In the following years, at night and on weekends, with small children at home, he earned his Business Degree from Cardinal Stritch University. As his wife of 30 years, I can speak to his strong work ethic, extreme dedication, and years of exceptional service to Delphi. In 1999, we were surprised and worried when Delphi was spun off from General Motors, and then saddened when Delphi filed for bankruptcy protection in 2005.

This new plan to transfer the Delphi salaried pension obligation to the PBGC has us quite upset. This winter our salaried retiree health insurance and life insurance were taken away, but we are coping. However, I am angered by the inequitable decision to default the Delphi salaried retiree pension plan to the PBGC, while the hourly retiree pension obligations will be assumed by General Motors. It was brought to our attention that 22

Members of Congress signed a letter to Secretary Timothy Geithner, where they stated that "it is fundamentally unfair that two groups of retirees from the same company, who worked side-by-side for so many years, and who are faced with the same unfortunate situation, are being treated so differently by the federal government". In addition, Senator Schumer wrote a letter to the CEO of General Motors, Fritz Henderson, and stated, "It does seem to me that treating the pensions of the salaried workers different than the pensions of the hourly workers is unfair". I understand that the UAW bargained for agreements with General Motors when Delphi was spun off, but my husband never imagined that Delphi and General Motors would turn their back on him and his fellow Delphi Salaried Retirees in this way, especially when my husband worked the majority of his 31 year career as an employee of General Motors. I further understand that this decision may be legal, but it does not seem ethical.

In addition, my husband wonders now if he should have worked so hard for a better education, now that his pension is in jeopardy. I assure him that all his years of hard work and further education are something he should be proud of and a wonderful example to his two daughters, now 25 and 27 years of age, but at times he wonders if he should have remained an electronics technician, protected by the UAW. As his supportive wife, his constant stress and sadness is difficult to watch, and I am frustrated because there is little I can do to help.

That is why I took time to write this letter. I am asking you to consider my husband's plight and those of the other Delphi Salaried Retirees, and intervene in any way possible in preventing the transfer of the Delphi Salaried Retiree pensions to the PBGC. I understand Representative Chris Lee is trying to push for a congressional hearing in order to get a full explanation of how the Delphi pension decisions were reached. Now that there has been taxpayer assistance to the auto industry, I felt I had to speak up on his behalf and also as a concerned taxpayer.

Thank you,

*Helen Broder*

Helen Broder
2311 E. Newton Ave.
Shorewood, WI 53211
414-964-9097