July 6, 2009

Judge Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408
Courtroom: 610



Reference Case #05-44481

Dear Judge Drain:

As a retired Delphi Salary Employee I strongly object to the June 1, 2009 Master Disposition Agreement, Article 9.6.11. This article declares that severance payments will be terminated upon the closing date (emergence date).

I have a legal contract entered into during bankruptcy and I expect it to be fulfilled by Delphi as it has been fulfilled by me. My severance payments were provided in exchange for my waiver of certain rights via the Release of Claims.

Severance payment entitlement is by contract (Separation Agreement). My separation, effective 4/1/09, was due to a plant closing in Athens, Alabama. Release of Claims was signed on 11/17/08.

Certain rights were waived in order for me to receive severance (Release of Claims)

This contract was entered into during bankruptcy, therefore severance payments are a contract liability, and not a Delphi provided benefit.

I have a valid, binding, legal contract and I expect it to be honored.

The total liability for continued severance payments is low, and short term.

Retirees have already been affected by benefit termination and pending pension reduction after serving most of our lives working for and supporting Delphi.

I ask the court to require Delphi to honor these contracts.

Best Regards,

*Marilyn Campbell*

Marilyn Campbell
102 Wedgewood Circle
Cullman, AL 35057