LEV L. DASSIN  
Acting United States Attorney for the  
Southern District of New York  
By:　MATTHEW L. SCHWARTZ  
　　　JOSEPH N. CORDARO  
Assistant United States Attorneys  
86 Chambers Street  
New York, New York 10007  
Tel.: (212) 637-1945  
Fax: (212) 637-2750  
E-mail: matthew.schwartz@usdoj.gov  

HEARING DATE: July 23, 2009  
TIME:  10:00 AM  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  

IN RE:　　　　　　　　　　　　　　　　　　　　　Chapter 11  

　　DELPHI CORPORATION, *et al.*,　　　　　　　Case No. 05-44481 (RDD)  

　　　　　　　　　Debtors.　　　　　　　　　　　(Jointly Administered)  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x  

**UNITED STATES OF AMERICA'S RESPONSE TO**  
**DEBTORS' OBJECTION TO THE CLAIM OF THE**  
**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**  
**(CLAIM NO. 14309)**

The United States of America (the "Government"), by its attorney Lev L. Dassin, Acting United States Attorney for the Southern District of New York, respectfully submits this response to Debtors' Thirty-fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge (A) Certain Pension and OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) a Secured Books and Records Claim, and (F) Certain Untimely Claims, (II) Modify Certain (A) Wage and Benefit Claims, (B) State Workers' Compensation Claims,

and (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, and (IV) Modify and Allow Certain Settled Claims, dated June 22, 2009 (the "Objection"), to the extent that the Debtors object to the claims of the United States Environmental Protection Agency ("EPA"), listed on the Objection's Exhibit F as claim number 14309 (the "EPA Claim").

The Debtors object to the EPA Claim because that liability is not reflected on the Debtors' books and records. This assertion — without any particularized evidence to rebut the *prima facie* validity of the EPA Claim — is not a sufficient basis on which to expunge the claim. The Court should therefore allow the EPA Claim.

## BACKGROUND

1. On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.*, as amended (the "Bankruptcy Code").

2. The Bar Date in these jointly-administered cases was July 31, 2006.

3. On or before July 31, 2006, the EPA timely filed a proof of claim, which was subsequently designated claim number 14309. *See* Objection, Exhibit F. A copy of the EPA Claim is attached as Exhibit A.

4. As the document attached to the EPA Claim evidences, Debtors' liability arises in the context of environmental response and oversight costs incurred or to be incurred at the Tremont City Landfill Superfund Site and the

South Dayton Dump & Landfill Superfund Site (as those terms are defined in the EPA Claim) under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601, *et seq*. The EPA Claim also contains a protective contingent claim and reservation of rights with respective to the Debtors' work obligations arising under Consent Decrees, Administrative Orders, and other environmental regulatory requirements that are not claims within the meaning of the Bankruptcy Code, including with respect to compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq*.

5.   On June 22, 2009, Debtors filed their Objection seeking, among other things, to disallow the EPA Claim. Debtors' objection states only that "a certain Proof of Claim," meaning the EPA Claim, "asserts, as a secured claim, liabilities that are not owing pursuant to the Debtors' books and records." Debtors continue that they "believe that the party asserting the Secured Books And Records Claim" — meaning the United States of America — "is not a creditor of the Debtors." Objection ¶ 72.[1]

---

[1]   Debtors' characterization of the EPA Claim as a purported secured claim is not correct. The EPA Claim provides that "[t]he United States has not perfected any security interest on [the EPA Claim] against Delphi," and that the EPA Claim is a general unsecured claim except to the extent of any (a) secured/trust interest in insurance proceeds; (b) escrowed funds; (c) administrative priority expense status; or (d) setoff rights. EPA Claim ¶¶ 11-13.

Pursuant to this Court's orders, on July 14, 2009, the Government timely filed its interim administrative expense claim (for the period from the Petition Date to June 1, 2009).

## ARGUMENT

## THE COURT SHOULD REJECT DEBTORS' OBJECTION
## TO THE EPA CLAIM

6.     The Debtors' Objection to the EPA Claim is meritless and should be rejected.

7.     The EPA Claim, like other proofs of claim, is statutorily entitled to *prima facie* validity, and the objecting party bears the initial burden of producing sufficient evidence to rebut EPA's *prima facie* case. *See* Fed. R. Bankr. P. 3001(f); *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990). Debtors "'may not rebut the prima facie case merely by stating that the amount . . . claimed . . . is not correct; the [Debtors] must produce some evidence to support that statement.'" *In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (citation omitted); *see also In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) ("[T]he objector [must] produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case." (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992))). If, as has not occurred here, Debtors succeed in rebutting the *prima facie* validity of the EPA Claim, the burden would then shift to the Government to prove its claim. *See Forte*, 234 B.R. at 618; *see also Worldcom*, 2005 WL 3832065, at *4.

8.     By their Objection, the Debtors seek a court order expunging the EPA Claim based solely on the unsupported allegation that they have reviewed their

4

books and records and determined that EPA's claim for environmental liabilities —
including response costs at badly-contaminated properties on which the Debtors
disposed of hazardous materials — are not reflected therein. Such *ipse dixit*
assertions simply cannot rebut the EPA's *prima facie* claim. *See SEC v. Unifund
SAL*, 910 F.2d 1028, 1037 (2d Cir. 1990) ("'*prima facie* case' has a clear meaning:
evidence of an amount and quality sufficient to send a case to the trier of fact").
Furthermore, even if the Court were to find that this bare allegation were sufficient
to rebut the *prima facie* claim, Debtors' assertion of no liability is refuted by the
document supporting the EPA proof of claim, which specifies the source (including
CERCLA and RCRA) and nature of Debtors' liability to the EPA.

9.      The Debtors' brazen allegation that their books and records fail to
reflect *any* liability under the EPA Claim, moreover, is belied by the fact that
Debtors entered into an Administrative Order on Consent with the EPA on October
3, 2002, with respect to the Tremont City Landfill Superfund Site (the "AOC").
Under the terms of the AOC, Debtors are explicitly liable to the EPA for certain
oversight costs. *See* EPA Claim ¶ 4. Although these oversight costs are only a
small portion of the claim owed by the Debtors to the Government, *see id.* ¶¶ 3-7
(indicating that the EPA Claim was estimated to be as much as $100 million at the
Tremont City Landfill Superfund Site and the South Dayton Dump & Landfill
Superfund Site alone), the fact that they arise under an AOC to which Debtors are a
party puts a lie to their remarkable assertion that they don't believe the

Government is a creditor of the Debtors at all.

9. Accordingly, the Government requests that the Court reject the Debtors' Objection and allow the EPA Claim. Alternatively, the Government requests that the Court permit discovery regarding the EPA Claim.

## CONCLUSION

For the foregoing reasons, the Debtors' objection to the EPA Claim should be denied.

Dated:    July 16, 2009
          New York, New York

                              Respectfully submitted,

                              LEV L. DASSIN
                              Acting United States Attorney for the
                              Southern District of New York
                              Attorney for the United States of America

                    By:    /s/ Matthew L. Schwartz
                              MATTHEW L. SCHWARTZ
                              JOSEPH N. CORDARO
                              Assistant United States Attorneys
                              86 Chambers Street
                              New York, New York 10007
                              Tel.: (212) 637-1945
                              Fax: (212) 637-2750
                              E-mail: matthew.schwartz@usdoj.gov