COPY

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT SOUTHERN | DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>**Delphi Automotive Systems LLC** | Case Number<br>**05-44640 (RDD)** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**U.S. Environmental Protection Agency**

Name and address where notices should be sent:

David J. Kennedy
Assistant U.S. Attorney, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone number:    (212) 637-2733

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces   ☐ amends
if this claim    a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed       See attached.
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to_____
(date)          (date)

**2. Date debt was incurred:**
See attached.

**3. If court judgment, date obtained:**
See attached.

**4. Total Amount of Claim at Time Case Filed:** $ __See attached.___ _____ _____ _____
(unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).       See attached.

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

2006 JUL 31 P 3 59
S.D.N.Y.
U.S. BANKRUPTCY COURT
FILED

| Date<br>7/31/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>[signature]   DAVID J. KENNEDY, A.U.S.A. | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DAVID J. KENNEDY (DK-8307)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Tel. No.:  (212) 637-2733
Fax No.:  (212) 637-2686

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

DELPHI AUTOMOTIVE SYSTEMS LLC,

Debtors.

CHAPTER 11

Case No. 05-44640-rdd

Jointly Administered

-------------------------------------------------------------x

## PROOF OF CLAIM OF THE UNITED STATES ON BEHALF OF
## THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

1.      The United States files this Proof of Claim at the request of the U.S.

Environmental Protection Agency ("EPA"), against debtor Delphi Automotive Systems LLC

("Delphi"), for response costs incurred and to be incurred by the United States under the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

U.S.C. §§ 9601-9675 at the Superfund Sites set forth herein in Paragraphs 2 through 7, infra.  In

addition, with respect to equitable remedies that are not within the Bankruptcy Code's definition

of "claim," 11 U.S.C. § 101(5), this proof of claim is only filed in protective fashion.  See, e.g.,

Paragraphs 3, 8, 9, and 10, infra.

2.      Tremont City Landfill Superfund Site.  Delphi is liable to the United States under

CERCLA with respect to the Tremont City Landfill Superfund Site located at 3108 Snyder-

Domer Road, Tremont City, German Township, Clark County, Ohio (the "Tremont City Site").

The 80-acre Site includes several facilities including a closed 8.5 acre chemical waste landfill

(the "Barrel Fill" facility), a closed 56 acre sanitary landfill (the "Landfill" facility), and a 15.5

acre closed oil recycling and hazardous waste storage and transfer operation (the "Waste

Storage" facility). Delphi is liable to the United States because by contract, agreement or

otherwise, it arranged for disposal or treatment, or arranged with a transporter for transport for

disposal or treatment, of hazardous substances owned or possessed by Delphi at the Barrel Fill

and Landfill facilities owned by another party or entity, and containing hazardous substances,

pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). Delphi disposed of drums

and bulk wastes containing, inter alia, paint sludge, polyester resins, polystyrene, sulfuric acid

sludge, paint waste, polyol resin and caustic sludge at the Barrel Fill facility and solid wastes at

the Landfill facility. The closed Barrel Fill and Landfill operations are facilities within the

meaning of CERCLA. There have been releases or threats of releases of hazardous substances,

including but not limited to, inorganic compounds (antimony, arsenic, thallium, cyanide and

lead) and volatile organic compounds (xylene, methylene chloride, ethyl benzene and acetone),

from the facilities at the Tremont City Site. These hazardous substances have been released into

the waterways, surface water, soils, and sediments at the Tremont City Site. Other potentially

responsible parties may, along with Delphi, also be jointly and severally liable to the United

States under CERCLA with respect to the Barrel Fill and Landfill facilities.

3.    This Proof of Claim is filed in a protective manner with respect to Delphi's

obligations to perform work with respect to the Tremont City Site. See Paragraph 8, infra. On

October 3, 2002, EPA entered into an Administrative Order on Consent ("AOC")(Docket # V-

W-03-C-719) with Delphi that required Delphi, and six other respondents, inter alia, to conduct a

Remedial Investigation/Feasibility Study ("RI/FS") at the Tremont City Site. Delphi and the

remaining AOC respondents have completed the RI field work. EPA estimates that it may cost

the jointly and severally liable parties, including Delphi, approximately $1 million to complete

the required work under the AOC, some of which has already been performed. EPA has not yet

selected remedial action under CERCLA for the Barrel Fill and Landfill facilities at the Tremont

City Site and Delphi has therefore not yet been ordered to perform remedial work, but may be

ordered by a court or other authority found to have jurisdiction to do so in the future. Since

investigations at the Barrel Fill and Landfill facilities at the Tremont City Site are continuing and

remedial action has not yet been selected, the cost of Remedial Design/Remedial Action

("RD/RA") to Delphi is uncertain at this time, but the work with respect to these facilities could

cost the jointly and severally liable parties, including Delphi, as much as a total of $22.2 million

or more, in addition to the $1 million described above. EPA estimates that RD/RA work relating

to the Barrel Fill facility could cost the jointly and severally liable parties, including Delphi,

approximately $7 million. EPA estimates that RI/FS work and RD/RA work relating to the

Landfill facility could cost the jointly and severally liable parties, including Delphi,

approximately $14.5 million.

4.      Response costs have been and will be incurred by EPA with respect to the

Tremont City Site not inconsistent with the National Contingency Plan promulgated pursuant to

Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended.

Under the AOC, Delphi is also liable to make payments for future oversight costs to EPA, which

EPA estimates to be $100,000. In addition, the United States has incurred unreimbursed

response costs to date of approximately $820,000 with respect to the Barrel Fill and Landfill

facilities at the Tremont City Site for previous work, including inter alia, a Preliminary

Assessment/Site Investigation ("PA/SI"). Delphi is jointly and severally liable to the United

States for the above amounts. Delphi is also jointly and severally liable for interest due under 42

U.S.C. § 9607(a). Other potentially responsible parties may along with Delphi also be jointly

and severally liable to the United States for all of the above amounts plus interest due under 42

U.S.C. § 9607(a).

5.      South Dayton Dump & Landfill Superfund Site. Delphi is liable to the United

States under CERCLA with respect to the South Dayton Dump and Landfill Superfund Site

("South Dayton Site") located at 1975 Dryden Road, Moraine, Ohio. Delphi is liable to the

United States because by contract, agreement or otherwise, it arranged for disposal or treatment,

or arranged with a transporter for transport for disposal or treatment, of hazardous substances

owned or possessed by Delphi at the South Dayton Site owned by another party or entity, and

containing hazardous substances, pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C.

§ 9607(a)(3). Delphi arranged for the disposed of hazardous wastes, including but not limited to

asbestos, flyash, metallic dust, oil and grease sludge and paint wastes at the South Dayton Site

from several Delphi facilities in the Dayton and Kettering, Ohio area. The South Dayton Site is a

facility within the meaning of CERCLA. The South Dayton Site was proposed for inclusion on

the National Priorities List ("NPL"), pursuant to CERCLA Section 105, 42 U.S.C. § 9605, on

September 23, 2004 (see 69 Fed. Reg. 56970). There have been releases or threats of releases of

hazardous substances, including but not limited to, inorganic compounds (arsenic, cadmium,

chromium, mercury and lead) and volatile and semi-volatile organic compounds (1,2-

4

dichloroethene, tetrachloroethene, toluene, polychlorinated biphenyls ("PCBs")), at the South Dayton Site. These hazardous substances have been released into the soil and groundwater at the South Dayton Site. Other potentially responsible parties may, along with Delphi, also be jointly and severally liable to the United States under CERCLA with respect to the South Dayton Site.

6.    Response costs have been and will be incurred by EPA with respect to the South Dayton Site not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended. The United States has incurred unreimbursed response costs to date of approximately $404,349 with respect to the South Dayton Site. Delphi is liable to the United States for this amount. Delphi is also liable for interest due under 42 U.S.C. § 9607(a). Other potentially responsible parties may along with Delphi also be jointly and severally liable to the United States for all of the above amounts plus interest due under 42 U.S.C. § 9607(a).

7.    EPA expects to incur future response costs in connection with the remedial design and remedial action for the South Dayton Site. These costs have been estimated by EPA at between $20 and 50 million. Along with other identified PRPs, Delphi is jointly and severally liable to the United States for these amounts.

8.    Protective Filing For Work Obligations. The United States is not required to file a proof of claim with respect to Delphi's injunctive obligations to comply with work requirements arising under Orders of Courts, Administrative Orders, and other environmental regulatory requirements imposed by law that are not claims under 11 U.S.C. § 101(5). Delphi and any reorganized debtor(s) must comply with such mandatory injunctive and regulatory and compliance requirements. The United States reserves the right to take future actions to enforce

5

any such obligations of Delphi.  While the United States believes that its position will be upheld by the Court, the United States has filed only in protective fashion with respect to such obligations and requirements as indicated herein to protect against the possibility that Delphi will contend that it does not need to comply with any such obligations and requirements and the Court finds that it is not required to do so.   Therefore, a protective contingent claim is filed in the alternative for such obligations and requirements but only in the event that the Court finds that such obligations and requirements are dischargeable claims under 11 U.S.C. § 101(5) rather than obligations and requirements that reorganized Delphi must comply with.  Nothing in this Proof of Claim constitutes a waiver of any rights of the United States or an election of remedies with respect to such rights and obligations.

        9.        RCRA Compliance and Work Obligations.  This Proof of Claim is filed in a protective manner with respect to Delphi's compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 - 6992k.  See Paragraph 8, supra. RCRA establishes a comprehensive regulatory program for generators of hazardous waste and for owners and operators of facilities that treat, store, or dispose of hazardous waste.  Delphi is the owner and operator of RCRA-regulated facilities in including, but not limited to, Vandalia, Ohio (Vandalia Facility), as well as other locations.  Pursuant to its authority under RCRA, EPA has promulgated regulations applicable to such generators and such owners and operators of hazardous waste management facilities.  The federal RCRA implementing regulations are set forth at 40 C.F.R. Part 260 et seq.  Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, EPA has authorized various States to administer various aspects of the hazardous waste management program in such States.  Pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), these

6

authorized State hazardous waste management program are enforceable by EPA. Under RCRA,

Delphi is required, inter alia, to operate in compliance with RCRA regulatory requirements,

implement closure and post-closure work and corrective action work, and perform any necessary

action with respect to any imminent and substantial endangerment to health or the environment,

see, e.g., 42 U.S.C. §§ 6924, 6928, 6973, as required by RCRA and/or RCRA permits or

Administrative Orders. For example, in or about January 2002, EPA and Delphi entered into a

RCRA Administrative Order on Consent with regard to the Vandalia, Ohio Facility, which

requires, inter alia, the continuing implementation of a Corrective Measures Plan at that Facility.

Delphi is liable for injunctive and compliance obligations that it is required to perform under

RCRA, RCRA permits, and all work requirements under RCRA permits and administrative

orders. It is the position of the United States that a proof of claim is not required to be filed for

injunctive, compliance, and regulatory obligations and requirements under RCRA. See

Paragraph 8, supra. Other liable parties may along with Delphi also be jointly and severally

liable to the United States under RCRA.

10.    Property of the Estate. Delphi also has or may in the future have environmental

liabilities for properties that are part of its bankruptcy estate and/or for the migration of

hazardous substances from property of its bankruptcy estate. For example, Delphi has voluntary

corrective action agreements for ongoing investigations pursuant to schedules approved by EPA

for certain facilities set forth in Paragraph 9, supra. In accordance with 28 U.S.C. § 959, Delphi

is required to comply with non-bankruptcy law, including all applicable environmental laws, in

managing and operating its property. Upon confirmation of any Plan of Reorganization,

reorganized Delphi will be liable as owner or operator of property in accordance with applicable

environmental law. The United States is not required to file a proof of claim relating to property

of the estate other than for response costs incurred prior to the petition date. The United States

reserves the right to file an application for administrative expense or take other appropriate action

in the future with respect to property of the estate. This Proof of Claim is filed only protectively

with respect to property of the estate.

11.    This Proof of Claim reflects certain known liabilities of Delphi to the United

States. The United States reserves the right to amend this claim to assert subsequently

discovered liabilities. This Proof of Claim is without prejudice to any right under 11 U.S.C.

§ 553 to set off, against this claim, debts owed (if any) to the debtor by this or any other federal

agency.

12.    The United States has not perfected any security interest on its claims against

Delphi.

13.    This claim is filed as a general unsecured claim except to the extent of any

secured/trust interest in insurance proceeds received by Delphi on account of environmental

liability to the United States, disputed past cost amounts held in escrow by Delphi pending

dispute resolution, and to the extent administrative expense priority exists relating to property of

the estate, post-petition violations of law, or otherwise. In addition, the United States will file

any application for administrative expense priority at the appropriate time. The United States'

position with respect to injunctive, compliance, regulatory, and work obligations that are not

claims under 11 U.S.C. § 101(5) is set forth in Paragraph 8, supra.

14.    Except as stated in this Proof of Claim, no judgments against Delphi have been

rendered on this Proof of Claim.

15.      This Proof of Claim is also filed to the extent necessary to protect the United

States' rights relating to any insurance proceeds received by Delphi relating to sites discussed

herein and any funds being held in escrow by Delphi relating to the sites discussed herein.

Dated:          New York, New York
                July 31, 2006

                          Respectfully submitted,

                          FOR THE UNITED STATES OF AMERICA:

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York


                          DAVID J. KENNEDY (DK-8307)
                          Assistant United States Attorney
                          86 Chambers Street, Third Floor
                          New York, New York  10007
                          Tel. No.: (212) 637-2733
                          Fax No.: (212) 637-2730


                          W. BENJAMIN FISHEROW
                          Deputy Section Chief
                          Environment and Natural Resources Division


                          ALAN S. TENENBAUM
                          National Bankruptcy Coordinator
                          Environmental Enforcement Section
                          Environment and Natural Resources  Division
                          U.S. Department of Justice
                          P.O. Box 7611, Ben Franklin Station
                          Washington, D.C. 20044-7611
                          (202) 514-5409

FRANCIS J. BIROS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources  Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-6552


OF COUNSEL:

DIANA L. EMBIL
THOMAS C. NASH
THOMAS WILLIAMS
Associate Regional Counsels
U.S. Environmental Protection Agency-- Region 5–Mail Code C14J
77 West Jackson Boulevard
Chicago, Illinois 60604-3594

10