|  |  |  |
|---|---|---|
|  | Hearing Date and Time: | July 23, 2009 at 10:00 a.m. |
|  | Response Deadline: | July 16, 2009 |

**Marianne Goldstein Robbins**
**PREVIANT, GOLBERG, UELMEN, GRATZ**
**MILLER & BRUEGGEMAN, s.c.**
**1555 N River Center Drive, Suite 202**
**Milwaukee, WI 53212**
**(414) 271-4500**

Attorney for Int'l Brotherhood of Elec. Workers and
Int'l Ass'n of Machinists & Aerospace Workers

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────── x

| | |
|---|---|
| **In re** | **Chapter 11** |
| **DELPHI CORPORATION, et al.,** | **Case No. 05-44481 (RDD)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

─────────────────────────────── x

### RESPONSE OF IBEW and IAM TO DEBTOR'S THIRTY FOURTH OMNIBUS CLAIMS OBJECTION

The International Brotherhood of Electrical Workers and its Local 663 (the "IBEW"), and the International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die Makers Lodge 78 (the "IAM") (collectively the "Unions") jointly by their attorneys hereby respond to the Debtor's Thirty Fourth Omnibus Claims Objection as set forth below. The title of the claims objection to which the Response is directed is "National and Local Union Claims to be Provisionally Disallowed and Expunged." :

1

**Nature and Amount of Claims**:

1.      The IBEW and IAM are parties to collective bargaining agreements that provide for employees participation in the Delphi Hourly Rated Pension Plan ("Delphi HRP"). The Delphi HRP provides 1) at Article I that the Debtor must "make such payments or contributions as will be sufficient to maintain the fund on a sound actuarial basis as well as to pay expenses incident to the operation and management of the Plan," and 2) at Article IX, that, except as to changes necessitated by certain requirements of the Internal Revenue Code, the Debtor may not amend, modify or terminate the Plan "in respect of employees who are represented under a collective bargaining agreement in contravention of the provisions of any such agreement as long as any such agreement is in effect."

2.      On or about July 31, 2006, the IAM and IBEW Locals filed proofs of claims for prior contract violations and contingent and unliquidated claims for a future retirement benefits payable under the terms of the Delphi HRP.

3.      The Debtors filed motions under §§1113 and 1114 seeking modifications to the IBEW and IAM agreements. As a result of the motions filed under §§1113 and 1114, the Debtor and the IBEW and the IAM agreed to modify and extend the collective bargaining agreements to September 14, 2011, through Memoranda of Understanding and related agreements ("MOUs") entered into on or about July 31, 2007 together with General Motors ("GM"). The agreements were approved by order of the Court. The MOUs provided that the applicable terms of the IBEW and IAM collective bargaining agreements ("CBAs") regarding the Delphi HRP were modified in certain respects. The MOUs provide for a freeze of the Plan and also provide that Delphi HRP participants retired before and after the Freeze Date, as well as participants in the special attrition program would continue to receive benefits including applicable supplemental benefits in the Delphi HRP as in effect immediately preceding the

2

Effective Date of the agreement (the later of the ratification date or the entry of the Court's approval order). The MOUs provide also that any waiver of claims in the agreements do not apply to vested pension benefits or the claims for benefits provided for or explicitly not waived under the provisions of the Agreements. (See MOU Sections E. 2. and F. 2. and 3. a).

4. The IBEW and IAM, Delphi and GM subsequently entered into the Implementation Agreement, dated September 25, 2008 which provides that contingent upon certain events, Delphi's assets and liabilities with respect to Delphi HRP participants would be transferred to the GM Hourly Rated Pension Plan in accordance with the terms of the Agreement and in the order specified therein. Under the Implementation Agreements, the only Delphi liabilities Debtors do not retain are those which are transferred to the GM Hourly Rated pension Plan ("GM HRP"). To date only some of those transfers have been effected and 100 of the IBEW and IAM represented Delphi HRP participants remain in the Delphi HRP.   5.       Delphi has filed a motion with this Court seeking approval of a Modified Plan of Reorganization. The Plan and the Motion make no provision for disposition of the assets and liabilities of the Delphi HRP except to recite that upon consummation of the Modified Plan, the HRP "shall no longer be the responsibility of the Debtors and will be addressed by GM." The IBEW and IAM have objected to the Debtor's motion on the dual grounds that 1) the Debtors have failed to provide adequate information as to the future of the Delphi HRP and 2) the Debtor's attempt to relieve itself of the responsibility for the Delphi HRP via the Modified Plan violated the terms of the MOUs and hence is in violation of §1113 of the Bankruptcy Code.

6. The claims of the IBEW and IAM for future pension benefits in the event that the disposition of the Delphi HRP that is ultimately arrived at results in the reduction of participants' future benefits including supplemental benefits are contingent and unliquidated. The allowable

3

amount of their claims is the value of the future payment amounts by which pension benefits may be reduced by the disposition of the assets and liabilities of the Delphi HRP under Delphi's proposed Modified Plan. As Delphi has not yet disclosed what the disposition will be, it is not possible to calculate such amounts.

**The Debtor's Objections**.

7.      The Debtor has stated that its objection to the claims is based upon it's contention that the IBEW and IAM have agreed to waive and release any claims for future pension benefits and employee wages as of the effective date of the Plan. The Debtor has also objected to pension claims arising from the Hourly Pension Plans on the grounds that 1) the assets of the Trust and Plan are not assets of the Debtor's estate and therefore the plans alone are obligated for the claims and 2) only the PBGC in the event of a Plan termination has the right to make claims against employers for benefits under terminated plans. To the extent the Debtors claim those objections also apply to the IBEW and IAM claims the Unions also respond to those objections.

**The IBEW and IAM have not waived the right to assert claims for pensions or with respect to any other rights provided for under the MOUs.**

8.      The waiver and release language in the MOUs only goes into effect, pursuant to Section F. 2.(b) upon, "the substantial consummation of a plan of reorganization ….which incorporates, approves and is consistent with all the terms of this Agreement…" As set forth above, the proposed Modified Plan is not consistent with the terms of the MOU Agreements, in that it does not provide for the pension benefits set forth in the agreement, therefore the release and waiver in the MOU are not in effect.

9.      The MOUs do not provide for a waiver of the right to assert claims for the failure to pay future benefits under the terms of the Plan in effect as of the date of those agreements.

4

The MOUs provide that benefits, including supplemental benefits, shall be paid to retired and future to be retired participants in the Delphi HRP as in effect as of the effective date of those agreements. See MOUs, paragraph D entitled MODIFICATIONS TO EXISTIING LOCAL AGREEMENTS.  While the MOUs provide for waivers, the MOUs also provide: 1) under Paragraph E. 2., that  "There shall be no waiver of rights, if any, to vested pension benefits…" and 2) at Paragraph F. entitled at subparagraph 3 a) which reads: "On the effective date of such plan of reorganization, the [IBEW or IAM]…waive and release any and all claims of any nature… (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of this Agreement… are not waived)." As a result of these provisions, the waiver and release even if in effect, would not alter the Unions claims for pension benefits on behalf of the participants they represent since these "are provided for and explicitly not waived" in the MOUs.  The Debtor's claim of waiver does not constitute a valid objection to the IBEW and IAM claims.

**The Debtor's other objections to pension claims are not valid objections**.

10.    The Debtors have asserted with respect to the individual participant pension claims that they are not valid claims on two grounds.  The first ground, citing *In re Springfield Furniture, Inc*., 145 B.R. 520 (Bankr.E.D.Va 1992) is a contention by the Debtors that *Springfield Furniture* stands for the proposition that because pension plans are separate legal entities distinct from the Debtors' estates, participants may assert claims only against plans not debtors.  That is simply not a correct statement of the case or of the law.  *Springfield Furniture* stands only for the proposition that assets of a pension plan are not assets of the estate and it does not follow that unions may not assert contractual claims against plan sponsors for failure to meet their collective bargaining obligations.

5

11. The second ground asserted by the Debtors is that the PBGC alone has the right to recover against an employer for underfunding of a terminated plan. The Debtor cites to Section 1362 of ERISA and the decision of the Sixth Circuit which held that a union's action under §301 for breach of a collective bargaining agreement to recover non-guaranteed benefits from an employer who had sought to effect a distress termination under 29 U.S. C. §1362 was preempted by ERISA. *United Steel Workers v. United Engineering*, 52 F. 3d 1386 (6th Cir. 1995). This case is inapplicable first because Delphi has not terminated its plan and the plan has not yet been taken over by the PBGC so that it is premature for the Debtor to argue the invalidity of the union's contingent claims when the disposition of the HRP has yet to be determined. Indeed the MDA recites that it is GM that will "address" the plan. The PBGC has indicated there is no agreement with respect to the Delphi pension plans. Delphi cannot itself terminate the plans given the existence of collective bargaining agreements.

12. Moreover, even if the Delphi HRP were terminated in a subsequent unreported decision by the Sixth Circuit, *Local 1654 IBEW v. L.G. Philips Display Components Company*, 137 Fed. Appx 776 ( 6th Cir. 2005) a copy of which is annexed hereto, the court noted that , *United Steel Workers v. United Engineering*, 52 F. 3d 1386 (6th Cir. 1995) was decided on the narrow grounds and noted that a union's rights to vindicate the rights of the workers it represented would not be through an ERISA claim for benefits and allowed a union to pursue fraud claim for retirement benefits under §301 of the Labor Management Relations Act.

13. Debtors' objection is not ripe for decision by this court. It is premature for the court to assess the impact of ERISA's plan termination provisions upon the union's claims, as there is no terminated plan. Instead there is the Debtors statement that it intends to not comply with its agreements with the IBEW and IAM its pension obligations. That is a sufficient basis

for the unions' claims for future pension benefits that would be lost by reason of that breach of the existing labor agreements.

**Because the Modified Plan is not consistent with the terms of the IBEW and IAM MOUs, none of the Unions claims have been waived or released.**

13. Because the Modified Plan provides that Delphi has no further responsibility for the Delphi HRP, without assuring the pension rights of the IBEW and IAM participants are transferred to the GM HRP, it is inconsistent with the terms of the MOUs as modified by the Implementation agreement. Under Section F. 2.and 3. of the MOU the waiver and release is not effective and therefore the Unions' pre-petition claims also are valid and are not properly disallowed.

**Conclusion**

For the foregoing reasons, the Debtors' objections to the IBEW and IAM proofs of claims must be rejected in their entirety.

Dated this 16th day of July, 2009.

             s/Marianne Goldstein Robbins_____
             Marianne Goldstein Robbins
             PREVIANT, GOLBERG, UELMEN, GRATZ
             MILLER & BRUEGGEMAN, s.c.
             1555 N River Center Drive, Suite 202
             Milwaukee, WI 53212
             Telephone: (414) 271-4500 / Fax: (414) 271-6308
             Email: mgr@previant.com
             Attorney for Int'l Brotherhood of Elec. Workers and
             Int'l Ass'n of Machinists & Aerospace Workers

s:\docs\ele663\71259\m0337890.doc

**LexisNexis® Total Research System**

Switch Client | Preferences | Sign Out | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History |

**FOCUS™ Terms** [_____] Search Within Original Results (1 - 1) · [Go] Advanced...

Service: **Get by LEXSEE®**
Citation: **137 Fed. Appx 776**

*137 Fed. Appx. 776, \*; 2005 U.S. App. LEXIS 10858, \*\**

LOCAL NO. 1654, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant v. L. G. PHILIPS DISPLAY COMPONENTS COMPANY, Defendant-Appellee

No. 04-3304

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

137 Fed. Appx. 776; 2005 U.S. App. LEXIS 10858

June 7, 2005, Filed

**NOTICE:** [\*\*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Summary judgment granted by IBEW, AFL-CIO, Local No. 1654 v. L.G. Philips Display Components Co., 2006 U.S. Dist. LEXIS 5633 (N.D. Ohio, Jan. 30, 2006)

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio. 02-07021. James G. Carr, Chief District Judge.
IBEW, Local 1654 v. L.G. Philips Display Components Co., 2004 U.S. Dist. LEXIS 2027 (N.D. Ohio, Jan. 30, 2004)

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff union challenged an order of the United States District Court for the Northern District of Ohio, granting summary judgment for defendant employer in an action asserting a breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C.S. § 185, and a state law claim of fraud. The district court held that the Employee Retirement Income Security Act (ERISA) preempted the claims.

**OVERVIEW:** The parties entered into a collective bargaining agreement that allowed the employees to receive their retirement benefits in a lump sum when the employer's plant closed. After the employer provided the union with a table of factors that would be used to compute the lump sum retirement benefits, the union filed its action, contending that the employer knew that the union had relied on a table of factors previously provided to it that had resulted in much larger lump sum benefits. During discovery, the union learned that the employer had the correct table of factors during the negotiation but had not furnished it to the union. The complaint was amended to add a claim of fraud. The employer moved for summary judgment on the ground that the claims were preempted by ERISA. The district court granted the motion. On appeal, the court held that summary judgment was proper on the claim of fraud as it was preempted. However, claims involving rights created by the collective bargaining agreement were governed by the Labor Management Relation Act and were not superseded by ERISA. Such an action could be maintained under ERISA or § 301 of the Labor Management Relation Act.

**OUTCOME:** The court reversed the district court's judgment and returned the case to the district court.

**CORE TERMS:** preempted, summary judgment, law claims, claim of fraud, oral argument, lump sum, plant, collective bargaining agreement, non-guaranteed, retirement, contending, reiterate, sponsors, retirement benefits

### LEXISNEXIS® HEADNOTES                                                                                              - Hide

Civil Procedure > Summary Judgment > Appellate Review > Standards of Review
Civil Procedure > Summary Judgment > Standards > General Overview
Civil Procedure > Appeals > Standards of Review > De Novo Review
HN1± The court of appeals reviews de novo summary judgment. More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
Insurance Law > Industry Regulation > Federal Regulations > Employee Retirement Income Security Act (ERISA) > ERISA Preemption > Bad Faith & Misrepresentation

Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > State Laws
HN2 State law claims for the recovery of employee benefits are preempted by the Employee Retirement Income Security Act of 1974, as are federal common law claims. More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > General Overview
Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > General Overview
HN3 Claims involving rights created by collective bargaining agreement are governed by the Labor Management Relation Act and are not superseded by the Employee Retirement Income Security Act of 1974 (ERISA). Such an action can be maintained under ERISA or § 301 of the Labor Management Relation Act. More Like This Headnote

**COUNSEL:** For LOCAL NO. 1654, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant: Leonard S. Sigall, Reynoldsburg, OH

For L.G. PHILIPS DISPLAY COMPONENTS COMPANY, Defendant-Appellee: Robert J. Brown, Thompson Hine, Dayton, OH; Scott T. Stirling, Thompson Hine, Dayton, OH

**JUDGES:** Before: MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge. *

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

**OPINION**

[*777] Local 1654 of the IBEW appeals the summary judgment for the defendant employer in this action asserting a breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, [**2] and a state law claim of fraud. Counsel for the employer waived oral argument. Counsel for the union requested oral argument, but did not reiterate the request after being informed by the court that it was considering submitting the appeal for consideration on the briefs. This panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

Defendant operated a plant in Ohio manufacturing television picture tubes that employed approximately 1400 workers. It announced its intention to close the plant and move its operation to Mexico. The union and the employer thereafter negotiated the final agreement to govern the period until the plant closed. The union pressed for allowing the employees to receive their retirement benefits in a lump sum at the time of the closing, an option that had previously been available only to those employees old enough to be eligible for immediate or early retirement. The employer agreed to this, and the agreement was ratified by the union membership. Subsequently, the employer provided the union with a table of factors which would be used to compute the lump sum retirement benefits. The [**3] union then filed this action alleging a breach of the agreement contending that defendant knew it had relied on a table of factors previously provided to it which resulted in much larger lump sum benefits. During discovery, the union learned that the employer had the correct table of factors during the negotiation but had not furnished it to the union. The complaint was then amended to add a claim of fraud.

Defendant moved for summary judgment, contending that the claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The district court granted the motion, finding the claims preempted and therefore not addressing them on the merits. The parties reiterate their arguments on appeal.

HN1 This court reviews de novo summary judgment. Aloisi v. Lockheed Martin Energy Sys., Inc., 321 F.3d 551, 555 (6th Cir. 2003). Here summary judgment was proper on the claim of fraud. HN2 State law claims for the recovery of employee benefits are preempted by ERISA, Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991), as are federal common law claims. Muse v. IBM, 103 F.3d 490, 495 (6th Cir. 1996). [**4] The fraud claim in this case, first asserted as a state law claim in the amended complaint, but thereafter argued as a federal common law claim, was therefore properly found preempted by the district court.

HN3 Claims involving rights created by collective bargaining agreement are governed by the Labor Management Relation Act and are not superseded by ERISA. Aloisi, 321 F.3d at 556. This court has held on a number of occasions that such an action can be maintained under ERISA or § 301 of the labor act. Id.; Golden v. Kelsey-Hayes Co., 73 F.3d 648, 659 n.11 [*778] (6th Cir. 1996); Biros v. Spalding-Evenflo Co., 934 F.2d 740, 742 (6th Cir. 1991) (and cases cited). In finding the claim for a breach of the agreement preempted by ERISA, the district court relied on USW v. United Eng'g, 52 F.3d 1386 (6th Cir. 1995). However, United Steelworkers was decided on the narrow ground that ERISA preempted claims for non-guaranteed pension benefits against plan sponsors, because ERISA had been amended to provide that plan sponsors were not liable for non-guaranteed benefits. Id. at 1393-94. [**5] The district court also did not consider that the union would not have standing to pursue a claim for benefits under ERISA, as it is not a participant or beneficiary of an ERISA plan. Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 951 (6th Cir. 1990).

Thus the judgment is reversed and the case returned to the district court.

Service: **Get by LEXSEE®**
Citation: **137 Fed. Appx 776**
View: Full
Date/Time: Thursday, July 16, 2009 - 10:52 AM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

**LexisNexis** About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.