**LexisNexis® Total Research System**

Switch Client | Preferences | Sign Out | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History |

FOCUS™ Terms [          ]  Search Within Original Results (1 - 1) • [Go] Advanced...

Service: **Get by LEXSEE®**
Citation: **137 Fed. Appx 776**

*137 Fed. Appx. 776, \*; 2005 U.S. App. LEXIS 10858, \*\**

LOCAL NO. 1654, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant v. L. G. PHILIPS DISPLAY COMPONENTS COMPANY, Defendant-Appellee

No. 04-3304

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

137 Fed. Appx. 776; 2005 U.S. App. LEXIS 10858

June 7, 2005, Filed

**NOTICE:** [\*\*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Summary judgment granted by IBEW, AFL-CIO, Local No. 1654 v. L.G. Philips Display Components Co., 2006 U.S. Dist. LEXIS 5633 (N.D. Ohio, Jan. 30, 2006)

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio. 02-07021. James G. Carr, Chief District Judge.
IBEW, Local 1654 v. L.G. Philips Display Components Co., 2004 U.S. Dist. LEXIS 2027 (N.D. Ohio, Jan. 30, 2004)

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff union challenged an order of the United States District Court for the Northern District of Ohio, granting summary judgment for defendant employer in an action asserting a breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C.S. § 185, and a state law claim of fraud. The district court held that the Employee Retirement Income Security Act (ERISA) preempted the claims.

**OVERVIEW:** The parties entered into a collective bargaining agreement that allowed the employees to receive their retirement benefits in a lump sum when the employer's plant closed. After the employer provided the union with a table of factors that would be used to compute the lump sum retirement benefits, the union filed its action, contending that the employer knew that the union had relied on a table of factors previously provided to it that had resulted in much larger lump sum benefits. During discovery, the union learned that the employer had the correct table of factors during the negotiation but had not furnished it to the union. The complaint was amended to add a claim of fraud. The employer moved for summary judgment on the ground that the claims were preempted by ERISA. The district court granted the motion. On appeal, the court held that summary judgment was proper on the claim of fraud as it was preempted. However, claims involving rights created by the collective bargaining agreement were governed by the Labor Management Relation Act and were not superseded by ERISA. Such an action could be maintained under ERISA or § 301 of the Labor Management Relation Act.

**OUTCOME:** The court reversed the district court's judgment and returned the case to the district court.

**CORE TERMS:** preempted, summary judgment, law claims, claim of fraud, oral argument, lump sum, plant, collective bargaining agreement, non-guaranteed, retirement, contending, reiterate, sponsors, retirement benefits

**LEXISNEXIS® HEADNOTES**                                                                          - Hide

    Civil Procedure > Summary Judgment > Appellate Review > Standards of Review
    Civil Procedure > Summary Judgment > Standards > General Overview
    Civil Procedure > Appeals > Standards of Review > De Novo Review
HN1 ± The court of appeals reviews de novo summary judgment. More Like This Headnote

    Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
    Insurance Law > Industry Regulation > Federal Regulations > Employee Retirement Income Security Act (ERISA) > ERISA Preemption > Bad Faith & Misrepresentation

Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > State Laws
*HN2* State law claims for the recovery of employee benefits are preempted by the Employee Retirement Income Security Act of 1974, as are federal common law claims. More Like This Headnote

Labor & Employment Law > Collective Bargaining & Labor Relations > Unfair Labor Practices > General Overview
Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > General Overview
*HN3* Claims involving rights created by collective bargaining agreement are governed by the Labor Management Relation Act and are not superseded by the Employee Retirement Income Security Act of 1974 (ERISA). Such an action can be maintained under ERISA or § 301 of the Labor Management Relation Act. More Like This Headnote

**COUNSEL:** For LOCAL NO. 1654, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff-Appellant: Leonard S. Sigall, Reynoldsburg, OH

For L.G. PHILIPS DISPLAY COMPONENTS COMPANY, Defendant-Appellee: Robert J. Brown, Thompson Hine, Dayton, OH; Scott T. Stirling, Thompson Hine, Dayton, OH

**JUDGES:** Before: MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge. *

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

**OPINION**

[*777] Local 1654 of the IBEW appeals the summary judgment for the defendant employer in this action asserting a breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, [**2] and a state law claim of fraud. Counsel for the employer waived oral argument. Counsel for the union requested oral argument, but did not reiterate the request after being informed by the court that it was considering submitting the appeal for consideration on the briefs. This panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

Defendant operated a plant in Ohio manufacturing television picture tubes that employed approximately 1400 workers. It announced its intention to close the plant and move its operation to Mexico. The union and the employer thereafter negotiated the final agreement to govern the period until the plant closed. The union pressed for allowing the employees to receive their retirement benefits in a lump sum at the time of the closing, an option that had previously been available only to those employees old enough to be eligible for immediate or early retirement. The employer agreed to this, and the agreement was ratified by the union membership. Subsequently, the employer provided the union with a table of factors which would be used to compute the lump sum retirement benefits. The [**3] union then filed this action alleging a breach of the agreement contending that defendant knew it had relied on a table of factors previously provided to it which resulted in much larger lump sum benefits. During discovery, the union learned that the employer had the correct table of factors during the negotiation but had not furnished it to the union. The complaint was then amended to add a claim of fraud.

Defendant moved for summary judgment, contending that the claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The district court granted the motion, finding the claims preempted and therefore not addressing them on the merits. The parties reiterate their arguments on appeal.

*HN1* This court reviews de novo summary judgment. Aloisi v. Lockheed Martin Energy Sys., Inc., 321 F.3d 551, 555 (6th Cir. 2003). Here summary judgment was proper on the claim of fraud. *HN2* State law claims for the recovery of employee benefits are preempted by ERISA, Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991), as are federal common law claims. Muse v. IBM, 103 F.3d 490, 495 (6th Cir. 1996). [**4] The fraud claim in this case, first asserted as a state law claim in the amended complaint, but thereafter argued as a federal common law claim, was therefore properly found preempted by the district court.

*HN3* Claims involving rights created by collective bargaining agreement are governed by the Labor Management Relation Act and are not superseded by ERISA. Aloisi, 321 F.3d at 556. This court has held on a number of occasions that such an action can be maintained under ERISA or § 301 of the labor act. Id.; Golden v. Kelsey-Hayes Co., 73 F.3d 648, 659 n.11 [*778] (6th Cir. 1996); Biros v. Spalding-Evenflo Co., 934 F.2d 740, 742 (6th Cir. 1991) (and cases cited). In finding the claim for a breach of the agreement preempted by ERISA, the district court relied on USW v. United Eng'g, 52 F.3d 1386 (6th Cir. 1995). However, United Steelworkers was decided on the narrow ground that ERISA preempted claims for non-guaranteed pension benefits against plan sponsors, because ERISA had been amended to provide that plan sponsors were not liable for non-guaranteed benefits. Id. at 1393-94. [**5] The district court also did not consider that the union would not have standing to pursue a claim for benefits under ERISA, as it is not a participant or beneficiary of an ERISA plan. Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 951 (6th Cir. 1990).

Thus the judgment is reversed and the case returned to the district court.

Service: **Get by LEXSEE®**
Citation: **137 Fed. Appx 776**
View: Full
Date/Time: Thursday, July 16, 2009 - 10:52 AM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⓠ - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ◐ - Citing Refs. With Analysis Available
- ◑ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

**LexisNexis**  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.