July 6, 2009

Judge Robert D. Drain
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408
Courtroom: 610

Reference: Case # 05-44481

Dear Judge Drain:

As a retired Delphi salaried employee, I strongly object to Delphi Corporation's most recent modified plan of reorganization.

This plan benefits only a few Delphi senior executives, General Motors, the UAW, and Platinum Equity LLC/Parnassus at the expense of Delphi creditors, "Non-UAW" hourly workers, retired salaried employees, and the American taxpayer. As a result of this plan, General Motors with assistance from the U.S. Treasury and/or President Obama's Automotive Task Force would receive viable ongoing revenue producing Delphi plants or assets at almost no cost other than the basic cost of absorbing the UAW pension plans. In addition, Delphi senior executives would retain their positions and potentially receive generous retention bonuses or severance packages from the new owners. Under the proposed plan, the UAW would continue under General Motors' umbrella to receive pensions and benefits financed by the U.S. Government/American taxpayer.

Under Delphi's most recent modified plan of reorganization, Platinum Equity LLC/Parnassus would pay next to nothing to own a company that currently has revenue producing operations that have excellent profit potential. Delphi was recently directed by the U.S. Bankruptcy Court to reopen the bidding process to other potential buyers or owners. However, it is disturbing that Delphi reportedly proposed paying Platinum Equity LLC $30 million to help pay expenses Platinum Equity LLC incurred as part of their due diligence. Equally disturbing, are reported complaints from potential buyers that they have not been provided the same level of information from Delphi that was provided to Platinum Equity LLC in order to conduct their due diligence.

I believe this plan is more representative or characteristic of a "liquidation" plan instead of a Chapter 11 bankruptcy "emergence" plan. Under Delphi's proposed plan, valuable assets of this company will practically be given away, leaving creditors and retirees with declining assets from plants that have already been closed or from non-revenue producing operations.

Perhaps, even more troublesome is the settlement Delphi is requesting of the Pension Benefit Guaranty Corporation (PBGC). Per Delphi's court filing, "Pursuant to that settlement agreement and as set forth in the Modified Plan, the Debtors will grant the PBGC an allowed general unsecured non-priority claim in the amount of $3 billion", Delphi proposes that the PBGC drop its right to secured claims in favor of unsecured claims. Secured claims should be maintained and should provide the necessary funds to decrease the underfunded position of Delphi's Salaried Retirement Plan. It is my expectation that the United States Bankruptcy Court will address this issue. Delphi salaried retirees are concerned that the PBGC will accept unsecured non-priority claims because of its unique position with the U.S. Treasury Department and influence by the U.S. Secretary of the Treasury who is a PBGC board member. Many Delphi salaried retirees believe Treasury Secretary Geithner helped broker the current "emergence" plan between General Motors, the UAW, Delphi Corporation, and Platinum Equity LLC/Parnassus. The PBGC should not accept Delphi's most recent modified plan and should place liens on Delphi's foreign assets/operations to cover the underfunded position of Delphi's Salaried Retirement Plan.

I am asking the United States Bankruptcy Court to not accept Delphi Corporation's most recent modified plan and to direct Delphi, General Motors, the U.S. Treasury, Platinum Equity LLC/Parnassus or other buyer(s), and the

UAW to restructure a deal that is fair and equitable to the "Non-UAW" retirees, salaried retirees, and Delphi creditors.

Several congressional representatives from the two major U.S. political parties have already asked Treasury Secretary Geithner to direct the Automotive Task Force to make public all documents concerning the proposal to default Delphi Corporation salaried employee pensions to the PBGC and expressed concern over the "inequitable decision to default the Delphi Corporation's salaried retiree pension plan to the PBGC, while General Motors agreed to assume the auto parts supplier's hourly pension obligation".

Unfortunately, based on recent qualified news reports, it appears that recent U.S. bankruptcy court rulings have already influenced other corporations to follow similar steps taken by Delphi Corporation to eliminate or significantly reduce "salaried/salaried retiree" employee benefits (e.g., Visteon Corporation and Lear Corporation).

Legislation is needed to protect employees from companies that are currently abusing the current U.S. bankruptcy process to address underfunded pension plans and/or to eliminate other employee benefits. Something is terribly wrong with a judicial system that allows U.S. based multinational corporations to declare U.S. corporate bankruptcy using U.S. bankruptcy code ONLY for the U.S. assets when the only remedy involves a corporation's global assets/operations. If U.S. laws or court orders are not enforceable outside of the U.S., then U.S. bankruptcy laws need to be changed to prevent corporate duplicity by some U.S. based multinational corporations.

Sincerely,

*[signature]*

John F. Hamman, Jr.