**Proposed Hearing Date: July 23, 2009 at 10:00 a.m. (prevailing Eastern Time)**
**Proposed Objection Date: July 22, 2009 at 4:00 p.m. (prevailing Eastern Time)**

James B. Sumpter, Pro Se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — -x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,          : (Jointly Administered)
                                      :
          Debtors.                    : :
                                      : :

— — — — — — — — — — — — — ·lx

## MOTION TO SHORTEN NOTICE WITH RESPECT TO JAMES B. SUMPTER'S EXPEDITED MOTION TO ENFORCE COBRA BENEFIT FOR DELPHI SALARIED RETIREES AND MOTION FOR COBRA SETTLEMENT (COBRA BENEFIT MOTION)

This motion is being filed by James B. Sumpter (Movant) in response to Debtors amended

reorganization motion (0544481-18085 ) for an order pursuant to 11 U.S.C. §§ 102(1), 105(a),

and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules") shortening the notice required by the case management order in

these Chapter 11 cases (the "Case Management Order") with respect to the Movant's Expedited

COBRA Benefit Motion. A copy of the COBRA Motion is submitted and has been filed

contemporaneously herewith.

For the reasons set forth herein, the relief requested is warranted and necessary. In

l

support of this Motion to Shorten Notice, the Movant respectfully represent as follows:

**Background**

1.      On February 4, 2009 Debtors filed a motion seeking to eliminate all subsidies for retiree benefit plans and programs for non-union salaried retirees effective April 1, 2009. [Docket No. 14705.] Debtors argued they did not need to comply with Section 1114 because they retained the right to amend or terminate the retiree benefits outside of bankruptcy, and therefore Section 1114 did not apply They further argued that, because Section 1114 did not apply to amendable benefits, no official committee of retirees should be appointed pursuant to Section 1114(d). that Debtors reserved the right to amend or modify, and therefore no Committee should be appointed. [Docket No. 16327]

2.      The Court heard argument on February 24, 2009. At the hearing, the Court concluded that the protections of Section 1114 do not apply to employee benefit plans and programs that may be unilaterally modified or terminated outside of bankruptcy, and therefore that no Section 1114(d) Committee need be appointed. The Court thus granted the Debtors' motion and authorized the Debtors' to terminate – as soon as April 1, 2009 – all subsidies for amendable retiree benefit plans and programs. [Docket No. 16380]

3.      The Court issued its written final order on March 11, 2009 granting the Debtors' motion and authorized the Debtors' to terminate – as soon as April 1, 2009 – all subsidies for amendable retiree benefit plans and programs. . [Docket No. 16448.]

4.      On June 1, 2009, Debtors filed a SUPPLEMENT TO MOTION FOR ORDER APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION [Docket No. 16647.]

5.      Contemporaneously with this Motion to Shorten Notice, the Movant filed his COBRA Benefit Motion.

2

**Relief Requested**

6.      By this Motion to Shorten Notice, the Movant seeks entry of an order, substantially in the form annexed hereto (the "Proposed Order"), shortening the notice required to be provided with respect to the COBRA Benefit Motion under the Case Management Order so as to allow a hearing on the COBRA Benefit Motion to take place at the already scheduled hearing in these cases on July 23, 2009 at 10:00 a.m.

**Cause Exists To Shorten Notice With Respect To The COBRA Motion**

7.      In the event the Court determines that a hearing on the COBRA Benefit Motion is necessary under these circumstances, Bankruptcy Rule 9006(c) and Local Rule 9006-1 authorize this Court, "for cause shown," to reduce the notice period required for a hearing of a motion. Fed. R. Bankr. Proc. 9006(c); L. Bankr. R. 9006-1.

8.      Movant respectfully asserts that there is cause (indeed necessary cause) to reduce the notice period so as to allow a hearing on the COBRA Motion during the already-scheduled hearing in these cases on July 23, 2009.

9.      The Court's Case Management Order requires 20 days' notice for hearings on motions in these cases. As noted above, the Court's February 25 Order authorizes the Debtors to terminate all subsidies for retiree benefit plans and programs for non-union salaried retirees effective April 1, 2009. If the courts 20 days' notice rule is enforced, significant related issues affecting the Debtors amended reorganization motion [Docket No. 16647] will go unheard. The significant positive benefit of the court hearing the contemporaneously filed COBRA motion cannot be realized after the court has ruled on the Debtors motion.

10.      The benefit of hearing the COBRA Benefit Motion at the July 23 hearing are:

      **i.**      Insure that the Debtor has a successful reorganization.

3

    ii.    Help the Debtor avoid potentially large tax sanctions regarding COBRA regulations and notification requirements.

    iii.    Insure that purchaser of certain assets, transferees of certain assets and / or successor employers avoid unexpected COBRA liabilities  (**I.R.B 2001-8, page 688**).

    iv.    Avoid expressive and disruptive post reorganization litigation for Delphi Salaried Retirees and Successor Employers.

    v.    Insure that Congress' intent "to protect retiree health benefits when reduced during Title 11 proceedings" is met.

    vi.    Ensure that Delphi Salaried Retirees do not carry a disproportionate and unfair portion of the Debtor reorganization expense.

11.    Accordingly, it is necessary that the COBRA Benefit Motion be heard at the first available opportunity, on July 23, 2009.

## Memorandum of Law

12.    The legal points and authorities upon which this Motion to Shorten Notice relies are incorporated herein, and therefore, the Movant respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013- 1(b) be deemed satisfied.

## No Prior Request

13.    No prior motion for the relief sought herein has been made by the Movant to this or any other court.

WHEREFORE the Movant respectfully request that this Court enter an order in the form attached hereto granting the relief requested herein, and such other and further relief as may be

4

just, necessary and appropriate.

       Dated: Noblesville, Indiana
       July 10, 2009

                                    By:                           
                                              James B. Sumpter

       James B. Sumpter, Pro Se
       21169 Westbay circle
       Noblesville, IN 46062
       Telephone: (317) 877-0736
       Facsimile: (317) 877-1070
       jsump@ieee.org

       Salaried Retiree of Debtors

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

— — — — — — — — — — — --x Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,     :(Jointly Administered)
                                 :
      Debtors.                   : :
                                 : :

— — — — — — — — — — — --x

### ORDER SHORTENING NOTICE WITH RESPECT TO JAMES B. SUMPTER'S EXPEDITED COBRA BENEFIT MOTION

Upon the motion dated July 10, 2009 (the "Motion to Shorten Notice") filed by James B.

Sumpter, a non-union salaried retiree of Debtors, pursuant to 11 U.S.C. §§ 102(1), 105(a) and

Rules 8005 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules") requesting that the Court shorten the notice required by

the case management order in these Chapter 11 cases with respect to the Movant's Expedited

COBRA Motion; and good cause appearing, it is:

ORDERED that the Motion to Shorten Notice is granted; and it is further

ORDERED that the COBRA Benefit Motion shall be heard at a hearing to be held before

the Honorable Bankruptcy Judge Robert D. Drain, the United States Bankruptcy Court, One

Bowling Green, New York, NY 10004, on **July 23, 2009 at 10:00 a.m.** or as soon thereafter as

counsel can be heard; and it is further

ORDERED that objections, if any, to the COBRA Benefit Motion must: (a) be in writing;

(b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector,

nature and basis of any such objection and the specific grounds therefore; (d) be filed with the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

electronically in accordance with General order M-182 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and,

6

by other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to the chambers of Judge Drain) and served in accordance with General Order M-182; and

(e) be further served so that they are RECEIVED no later than **July 22, 2009 at 4:00 p.m.**

(prevailing Eastern Time) by:

(i)      the Debtors at Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Attn:
General Counsel),

(ii)      Deloitte & Touche LLP, Suite 900, 600 Renaissance Center, Detroit, Michigan 48024
(Attn: Brock E. Plumb),

(iii)      counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker
Drive, Suite 2100, Chicago, Illinois 60606 (Attn: John Wm. Butler, Jr.),

(iv)      special counsel to the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue,
New York, New York 10022 (Attn: Douglas P. Bartner),

(v)      counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher &
Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Marissa
Wesley),

(vi)      counsel to the agent under the Debtors' postpetition credit facility, Davis Polk &
Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Marlane
Melican),

(vii)      counsel to the official committee of unsecured creditors formed in these cases, Latham
& Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022 (Attn:
Robert J. Rosenberg),

(viii)      the Office of the Untied States Trustee for the Southern District of New York, 33
Whitehall Street, Suite 2100, New York, New York 10044 (Attn: Deirdre A. Martini,
Esq.), and

(ix)      the indenture trustees for the Debtors' outstanding debt securities, Wilmington Trust
company, 1100 North Market Street, Rodney Square North, Wilmington, Delaware

19890 (Attn: Corporate Trust Office) and Law Debenture Trust Company of New

York, 780 Third Avenue, 31st Floor, New York, New York 10017 (Attn: Corporate

Trust Office); and it is further ORDERED that the requirement under Local Rule 9013-

1(b) for the filing of a separate memorandum of law is waived.

Dated:        New York, New York
              July __, 2009


_____
HONORABLE ROBERT D. DRAIN UNITED
STATES BANKRUPTCY JUDGE