BARNES & THORNBURG LLP
Attorneys for Autocam Corporation
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case |
| DELPHI CORPORATION, *et al.* | No. 05-44481 |
| Debtors. | (Jointly Administered) |

## OBJECTION OF AUTOCAM CORPORATION TO PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS TO GM COMPONENTS HOLDINGS, LLC

Autocam Corporation ("Autocam"), by and through its undersigned counsel, for its Objection to the proposed assumption and assignment of certain executory contracts between Autocam and certain of the Chapter 11 debtors, states as follows:

1. Autocam is a business corporation having its headquarters in Kentwood, Michigan, and is a "Tier II" automotive supplier. Prior to and after the commencement of these Chapter 11 cases in October, 2005, Autocam became a party to a number of executory contracts for the manufacture and sale of automotive components and systems to certain of the Delphi Chapter 11 debtors (collectively, the "Debtors"). Upon information and belief, the First Amended Joint Chapter 11 Plan filed by the debtors herein (the "Modified Plan") characterizes these executory contracts as "Material Supply Agreements", *viz.*, "any agreement to which any

of the Debtors is a party and pursuant to which the Debtors purchase materials which are directly incorporated into one or more of the Debtors' products." Modified Plan § 1.129.

2.    Many of the Autocam Executory Contracts involve multiple-year master requirements contracts extending for "the life of the part." Pursuant to these master agreements, separate releases/purchase orders have been issued at intervals reflecting the parties current production needs, price changes, etc. Master agreements were issued prepetition while there have been many releases/purchase orders issued postpetition. The prepetition master agreements and the releases/purchase orders issued thereunder constitute single, integrated agreements that must be assumed, assigned or rejected in their entirety pursuant to the applicable provisions of 11 U.S.C. § 365.[1] For example, if the Debtors propose to assume and assign one or more of the prepetition Autocam Executory Contracts, the Debtors must provide, at a minimum, adequate assurance of future performance of the assignee's contractual obligations after the assignment even though that contract may not be in default. 11 U.S.C. § 365(f)(2)(B).

3.    Section 8.1(a) of the Modified Plan states that, unless otherwise provided therein, all executory contracts "shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date." Upon such assumption and the occurrence of the Effective Date, those contracts "shall vest in and be fully enforceable by the applicable Reorganized Debtor in accordance with their terms", except as may be modified by the Modified Plan or any relevant order entered by this Court. Modified Plan § 8.1(a).

---

[1]    Executory contracts may not be assumed in part or rejected in part. *See, e.g., In re Nitec Paper Corp.*, 43 B.R. 492 (S.D.N.Y. 1984); *In re Teligent, Inc.*, 268 B.R. 723 (Bankr. S.D.N.Y. 2001); *In re Village of Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). Rather, debtor must either assume the entire agreement, *cum onere*, or reject the entire agreement. *See, e.g., In re Adelphi Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005); *In re Storage Technology Corp.*, 53 B.R. 471 (Bankr. D. Colo. 1985) (trustee cannot construe various parts of transaction as separate agreements when they are clearly interdependent).

4. Section 8.2(a) of the Modified Plan specifically addresses "Material Supply Agreements" such as those between Autocam and certain of the Delphi debtors. This Modified Plan provision states that any defaults under contracts to be assumed by Delphi shall be satisfied by "Cure."[2] Upon information and belief, the concept of "Cure" as used in the Modified Plan only applies to prepetition executory contracts in default.

5. The Modified Plan contains a request by the Debtors to approve the Master Disposition Agreement dated as of June 1, 2009, between and among Delphi Corporation, GM Components Holdings, LLC, General Motors Corporation, Parnassus Holdings II, LLC and certain other entities (the "MDA"). Although not clearly stated in the MDA, this agreement, and consequently, the Modified Plan, would allow the Debtors to assign to the "applicable Buyer" certain, as-yet unidentified Autocam Executory Contracts as "Assumed and Assigned Contracts." MDA §9.3. With respect to post-petition executory contracts that would be assigned to a Buyer, the Modified Plan provides that some notice of the assignment will be given to the nondebtor counterparty. However, there apparently will be no hearing on whether the particular Buyer or Buyers can provide adequate assurance of future performance of their obligations under these to-be-assigned postpetition contracts. In recent conversations, Debtors' counsel has indicated to Autocam's counsel that the "notice" of the assignment of postpetition contracts under the MDA that will likely be given to the nondebtor counterparties will consist only of a letter advising them of the assignment.

6. On or about July 10, 2009, the Debtors served a certain Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as

---

[2] "Cure" is defined in Section 1.36 of the Modified Plan.

Applicable, Under Modified Plan of Reorganization dated such date and directed to Autocam (the "Autocam Assumption and Assignment Notice"). Schedule 1 attached to this notice identified the following two (2) executory contracts involving Autocam that the Delphi debtors seek to assume and assign:

    (a)    Autocam Corporation EFT No. D 0550049056 with no cure amount stated.

    (b)    Autocam Corporation EFT No. D 0550049056 with no cure amount stated.

A copy of the Autocam Assumption and Assignment Notice including Schedule 1 is attached hereto as Exhibit A.

7.    Upon information and belief, Debtors are attempting to assign an Autocam Executory Contract they identify as number "SAG 90115450." Autocam cannot identify this contract with reference to its business records. In addition, for the reasons stated herein, Autocam objects to the assumption and assignment of this contract.

8.    On Page 3 of the Autocam Assumption and Assignment Notice, the Delphi debtors assert that adequate assurance of future performance for contracts assigned the "GM Buyers" "because of the significant resources of General Motors Corporation." No other proof of adequate assurance has been supplied to Autocam. For example, Debtors have not provided Autocam with any financial information concerning the GM Buyers that would indicate their financial ability to perform their payment obligations under any Autocam Executory Contracts assigned to these buyers. In addition, Autocam has not received any information concerning the ownership and capital structure of the GM Buyers.

9. In addition to the foregoing, Autocam has also been unable to determine with any degree of certainty how its remaining executory contracts with the Delphi debtors will be treated under the Modified Plan and the MDA.

10. In short, Delphi has failed in the Modified Plan and the Autocam Assumption and Assignment Notice, to provide adequate assurance of future performance with respect to (i) the two executory contracts identified in the Autocam Assumption and Assignment Notice as being assigned to the "GM Buyers"; and (ii) any other Autocam Executory Contracts that the Debtors are proposing to be assigned (e.g., SAG 90115450) and may later propose to assign to any third party. Adequate assurance of future performance by the proposed assignee must be established by a Chapter 11 debtor as a precondition to any assignment of an executory contract, even if there are no existing defaults under that contract. 11 U.S.C. § 365(f)(2)(B). No such evidence has been presented to Autocam as of this date.

## WAIVER OF MEMORANDUM

11. Autocam respectfully requests that this Court waive the requirement contained in Rule 9013 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Objection are not novel. To the extent that this Court determines that a memorandum of law is required, Autocam requests that it be allowed to submit one at a date to be determined by the Court.

## RELIEF REQUESTED

WHEREFORE, Autocam Corporation and its affiliates respectfully request the entry of an Order prohibiting Debtors from assigning any of the Autocam Executory Contracts to a third party and granting such other and further relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated: July 15, 2009<br>Grand Rapids, Michigan | BARNES & THORNBURG LLP<br>Counsel to Autocam Corporation<br><br>By: __/s/Patrick E. Mears_____<br>       Patrick E. Mears (PM-6473)<br>Business Address:<br>171 Monroe Avenue, NW<br>Suite 1000<br>Grand Rapids, Michigan  49503<br>Telephone:  (616) 742-3936<br>Facsimile:  (616) 742-3999<br>Email:  pmears@btlaw.com |

GRDS01 PMEARS 384375v1

6