BARNES & THORNBURG LLP
Attorneys for Motorola, Inc.
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

Peter A. Clark
Telephone: (312) 214-5668
Email: pclark@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | No. 05-44481 (RDD) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**OBJECTION OF MOTOROLA, INC. TO NOTICE OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Motorola, Inc. ("Motorola"), by and through its undersigned attorneys, hereby files this objection (the "Objection") to the Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (as amended and supplemented, the "Parnassus Assumption and Assignment Notice"). In support of the Objection, Motorola states as follows:

## BACKGROUND

1.     On October 8, 2005, and subsequently October 14, 2005, (collectively, the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors")

filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prior to the Petition Date, Motorola supplied the Debtors with, among other things, communication devices pursuant to certain leases.

3. On June 16, 2009, the Debtors filed the First Amended Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan").

4. On the same date, the Debtors also filed the Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified).

5. This Court subsequently entered the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "Modification Procedures Order").

6. Paragraph 35 of the Modification Procedures Order requires that the Debtors file a notice identifying Parnassus Holdings II, LLC or GM Components Holdings, LLC as the party to which the Debtors would assign all of their rights, title, and interests in certain executory contracts and unexpired leases (the "Executory Contracts").

7. While examining the Delphi docket, Motorola's counsel discovered a notice (the "Parnassus Assumption and Assignment Notice") identifying Parnassus Holdings II, LLC as the party to which the Debtors would assign all of their rights, title, and interests in certain executory contracts and unexpired leases (the "Parnassus Assumed Contracts"). On the Parnassus

Assumption and Assignment Notice, the Debtors note, "should a non-Debtor counterparty to a Parnassus Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below."

8.   The Parnassus Assumption and Assignment Notice requires that objections to the assumption and assignment of a Parnassus Assumed Contract, including objections asserting the existence of a postpetition default that must be cured under section 365 of the Bankruptcy Code, must be served in hard-copy form so that it is actually received by the Debtors and various additional parties within ten days after the date of service of the notice (the "Objection Deadline").

9.   As of July 17, 2009, the Debtors have failed to pay Motorola Thirty One Thousand Eight Hundred Eighty Five and 45/100 Dollars ($31,885.45) (the "Delphi Postpetition Default") due under the terms of lease number 078-0022481-001 (the "Motorola Lease").

10.  Since the Delphi Postpetition Default is a postpetition default that must be cured pursuant to section 365 of the Bankruptcy Code, Motorola files this objection to preserve its rights.

## OBJECTION

**A. Debtors Have Failed to Cure a Postpetition Default That Must Be Cured Pursuant to Section 365 of the Bankruptcy Code.**

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee:

    (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default;

    (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

12. Motorola is also entitled to payment in full for any goods and services it provided on a post-petition basis to the Debtors pursuant to an executory contract, as Delphi's obligation to cure extends not only to prepetition, but also post-petition, defaults. *See In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

13. The Debtors are impermissibly attempting to assume and assign certain Executory Contracts to Parnassus Holdings II, LLC without providing cure payments in full under the Executory Contracts. In order for the Debtors to be permitted to assume the Executory Contracts identified in the Parnassus Assumption and Assignment Notice, the Debtors are required to

provide a cure payment to Motorola equal to Thirty One Thousand Eight Hundred Eighty Five and 45/100 Dollars ($31,885.45).

## CONCLUSION

14. Motorola has no objection to the proposed assumption and assignment of the Executory Contracts set forth in the Parnassus Assumption and Assignment Notice, provided that the Debtors provide a cure payment for equal to the Delphi Postpetition Default.

## RESERVATION OF RIGHTS

15. Motorola expressly reserves any and all rights to supplement and modify this Objection and the cure amounts claimed hereunder. This Objection is being filed only as it pertains to the Executory Contracts. Nothing contained herein should be construed as a waiver by Motorola with respect to any other rights.

## MEMORANDUM OF LAW

16. This Objection sets forth specific responses with supporting law divided under numerous paragraphs. Motorola respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Motorola respectfully requests that the Court (i) deny the relief requested in the Parnassus Assumption and Assignment Notice as it relates to Motorola, and (ii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: July 17, 2009

Respectfully submitted,

**MOTOROLA, INC.**

By: /s/John T. Gregg
One of its Attorneys

Peter A. Clark
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5668
Facsimile: (312) 759-5646
pclark@btlaw.com

- and -

John T. Gregg (Admitted Pro Hac Vice)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
jgregg@btlaw.com

Attorneys for Motorola, Inc.