Hanan B. Kolko, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, NY 10018
T: (212) 239-4999
F: (212) 239-1311

   - and -

David Jury, Esq.
Associate General Counsel
UNITED STEEL, PAPER & FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL
AND SERVICE WORKERS INTERNATIONAL UNION
Five Gateway Center
Pittsburgh, PA  15222
T: (412) 562-2546
F: (412) 562-2429

*Counsel for the United Steel, Paper & Forestry, Rubber, Manufacturing,*
*Energy, Allied Industrial and Service Workers International Union*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re                                               Chapter 11

**DELPHI CORPORATION**                   Case No. 05-44481 (RDD)

                         Debtors.           (Jointly Administered)

------------------------------------------------------------X

## OBJECTION OF UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

     The United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW") by and through their undersigned co-counsel hereby objects to Debtor's Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (the "Assumption and Assignment Motion").

## **BACKGROUND**

1.    Delphi and the USW and its Local 87L ("Local 87L") are parties to collective bargaining agreements covering Delphi's Home Avenue plant in Dayton, Ohio and the Vandalia, Ohio plant.   At presently approximately 140 bargaining unit employees are employed at the Vandalia facility, while the remaining members of the Home Avenue bargaining unit were laid off earlier this year.

2.    The vast majority of the bargaining unit employees represented by the USW are participants in the Delphi Hourly Rate Pension Plan ("Delphi HRP").

3.    The USW also represents several thousand retired Delphi employees and surviving spouses who currently receive benefits from the Delphi HRP, and a significant number of former Delphi employees who do not yet receive benefits from the HRP but are vested in the HRP and eligible to receive benefits upon reaching the relevant age, as defined by the documents governing the HRP.

4.    The terms of the USW – represented employees' and retirees' rights in the HRP is governed by, inter alia, a series of agreements between Debtor Delphi Corporation ("Delphi"), the USW, and, in some instance, between Delphi, the USW, and General Motors Corporation ("GM").

5.    On or about August 16, 2007, the USW, Debtor Delphi and GM entered into an agreement entitled "Term sheet – Delphi Pension Freeze And Cessation Of OPEB, and GM Consensual triggering of benefit guarantee" agreement.  A copy of that agreement is attached hereto as Exhibit A, and referred to as the August, 2007 Term Sheet.

6.    The 2007 Term Sheet governs benefit accruals under the HRP, the freezing of those benefit accruals, Delphi's cessation of certain USW post-retirement medical benefits and

employer paid post-retirement life insurance benefits (referred to "OPEB"), and the triggering of a December, 1999 benefit guarantee between GM and the USW.

7.    The August 2007 Term Sheet was to become effective when a number of conditions were satisfied, including "the substantial consummation of a plan of reorganization proposed by Delphi in its Chapter 11 cases . . . as confirmed by the Bankruptcy Court, which incorporates, approves and is consistent with all of the terms of this Term Sheet and the comprehensive settlement agreement between Delphi and GM." August, 2007 Term Sheet, ¶2. The other conditions precedent to the effectiveness of the August, 2007 Term Sheet have been met.

8.    The August 2007 Term Sheet provided that when it became effective, pension accruals for USW represented employees will be frozen. Term Sheet, ¶3. Despite the freezing of the pension accruals, Delphi was to continue to maintain the HRP for USW-represented participants.

9.    As a result of the delays in the reorganization process, on or about September 26, 2008, Debtor, GM, and the USW entered into an agreement entitled "USW – Delphi – GM implementation Agreement Regarding 414(l) Transfers, Implementation Of Term Sheet, Delphi Pension Freeze And Cessation of OPEB, And Application Of Releases." (the "September, 2008 Agreement")

10.    In the September, 2008 Agreement, the USW agreed to modify the August, 2007 Term Sheet by moving up the pension accrual freeze date from the effective date of the August, 2007 Agreement – that is, the date that a plan would be confirmed – to October 1, 2008. No other provisions of the 2007 Agreement relative to Delphi's obligation to maintain the HRP were modified.

## OBJECTION

11.     Pursuant to ¶32 of this Court's June 16, 2009 Modification Procedures Order, the USW, which is a counter party to collective bargaining agreements and other agreements with Debtor described below, hereby objects to the cure amount listed as zero dollars in the Assumption And Assignment Motion, Schedule 2, and to the failure of Debtor to specify which USW agreements it is assuming and assigning.

12.     The USW is prepared and willing into enter into discussions with Debtor to clarify and, hopefully, resolve or at least narrow the issues raised herein.

13.     In its Assumption And Assignment Motion, Debtor states that it will assume and assign to Parnassus a "Collective Bargaining Agreement" with the USW. (A copy of Schedule 2 to Debtor's Assumption And Assignment Motion is attached as Exhibit A.)   In addition, in Schedule 2, Debtor indicates that the cure amount is zero.

14.     Despite the fact that Schedule 2 states that Debtor is assuming and assigning a "Collective Bargaining Agreement," in fact the USW and Debtor are parties to two collective bargaining agreements – one covering the Home Avenue Plant and one covering the Vandalia Plant – and August 16, 2007 and September 26, 2008 agreements relating to pension and OPEB. It is unclear from Schedule 2 whether Debtor is assuming some or all of these agreements – and on this basis the USW objects. Also, it is unclear whether the pension obligations arising out of these agreements are being assumed.   For this reason, the USW objected to the proposed Modified Plan Of Reorganization (Docket No. 18258)  The USW has sought clarification of this from debtor.  However, to date, no definitive clarification has been received.

15.     Schedule 2 also lists a cure amount of zero. The USW objects to this because, in fact, it is inaccurate.  Under the Vandalia and Home Avenue collective bargaining agreements, Debtor's employees have earned accrued sick pay, vacation pay, and other benefits.  While the USW does not take the position that these accrued benefits need to be paid out in total upon

4

assumption and assignment, it is the USW's position that, upon assumption, they must be paid

out in the ordinary course. In addition, Debtor is indebted to the USW and current and former

USW employees for post-petition obligations, in an un-liquidated amount, which are described in

the USW's Addendum To Administrative Expense Claim, a copy of which is attached as Exhibit

B.

16.    The USW also has a number of unresolved post-petition grievances arising under

the Home Avenue and Vandalia collective bargaining agreements. While the total amount due

under these grievances is un-liquidated, the USW estimates it is at least $8,676,650.00. See,

Exhibit B. The USW does not take the position that these grievances must be paid out in full at

this time. However, it is USW's position that they must be treated in the ordinary course. Thus,

if the USW prevails before an arbitrator on some or all these grievances, and if the arbitrator

orders certain payments to be made in connection with the grievances, it is the USW's position

that those payments must be paid subject to the general right of any employer to seek to vacate an

arbitration award. The USW has sought but has not, to date, received definitive information

from Debtor on this point.

17.    "An assignment of a contract as such involves a commitment by the assignee to

perform all obligations under the contract, as well as to acquire all rights created by the contract."

American Flint Glass Workers v. Anchor Resolution Corp., 197 F.3d 76, 81 (3d Cir. 1999). If a

debtor chooses to assume a collective bargaining agreement, "it assumes the contract cum onere,

. . . , and the expenses and liabilities incurred maybe treated as administrative expenses, which

are afforded the highest priority on the debtor's estate, 11 U.S.C. §503(b)(1)(A) . . . ." NLRB v.

Bildisco & Bildisco, 465 U.S. 513, 531-532 (1984).

18.    Under these circumstances, the Modified Plan Of Reorganization should be

amended to provide that, in accepting the assumption and assignment of the USW Home Avenue

and Vandalia collective bargaining agreements, Parnassus acknowledges and agrees that it shall

5

pay in the ordinary course all post-petition obligations arising under those collective bargaining agreements, whenever those obligations arose, including obligations arising out of grievances filed prior to the closing date, and also agrees to assume the pension obligations arising out of these agreements and the August 16, 2007 and September 26, 2008 USW – Delphi - GM agreements.

19.    Absent such language, debtor's attempt to assume and assign the USW collective bargaining agreements cannot relieve it of the pension and post-petition obligations arising under those agreements.

Dated:    New York, New York
          July 17, 2009

By:_____
          Hanan B. Kolko, Esq.
          **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
          1350 Broadway, Suite 501
          P.O. Box 822
          New York, NY 10018
          T: (212) 239-4999
          F: (212) 239-1311
          email: hkolko@msek.com

          David Jury, Esq.
          Associate General Counsel
          **UNITED STEEL, PAPER & FORESTRY,**
          **RUBBER, MANUFACTURING, ENERGY,**
          **ALLIED INDUSTRIAL AND SERVICE**
          **WORKERS INTERNATIONAL UNION**
          Five Gateway Center
          Pittsburgh, PA 15222
          T: (412) 562-2546
          F: (412) 562-2429
          email: djury@usw.org

          *Counsel for the United Steel, Paper & Forestry,*
          *Rubber, Manufacturing, Energy, Allied Industrial and*
          *Service Workers International Union*

104846

6

# EXHIBIT A

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, all contracts or leases primarily relating to business conducted at any of the Debtors' manufacturing facilities, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to Parnassus, **other than** contracts or leases primarily relating to (a) the Debtors' Steering business, including but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan, (b) business conducted at the manufacturing facilities located in Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center), and (c) business conducted at certain manufacturing facilities located in Athens, Alabama; Fitzgerald, Georgia; New Castle, Indiana; Olathe, Kansas; Flint, Michigan; Saginaw, Michigan (Chassis); Clinton, Mississippi; Columbus, Ohio; Cortland, Ohio; Dayton, Ohio; Kettering, Ohio; Ravenna, Ohio; Warren, Ohio; Columbia, Tennessee; and Oak Creek, Wisconsin.

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| United Steelworkers | International Union | Collective Bargaining Agreement | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
DELPHI CORPORATION,                       :        Case No. 05-44481
                                          :
                                          :
         Debtor.                          :
---------------------------------------------------------x
```

## ADDENDUM TO ADMINISTRATIVE EXPENSE
## CLAIM ON BEHALF OF UNITED STEELWORKERS

United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied

Industrial, and Service Workers International Union, Five Gateway Center, Pittsburgh,

Pennsylvania 15222, on behalf of itself and its Local Union 87L (together, "USW"), submits this

Addendum to Administrative Expense Claim ("Claim") as a creditor as follows:

1.      USW is the collective bargaining representative of certain employees of Delphi

Corporation (the "Debtor").  USW is and has been a party to collective bargaining agreements

("CBAs")[1] with the Debtor covering employees at its Home Avenue and Vandalia facilities,

which are located at or about Dayton, Ohio.  USW also is the authorized representative for

purposes of Section 1114 of the Code, 11 U.S.C. § 1114, of those persons receiving retiree

benefits pursuant to collective bargaining agreements between the Debtor and the USW.  The

undersigned is authorized by the USW to make this Claim.

---
[1] The Debtor possesses these documents.

1

2.      The Debtor was, is and continues to be in breach of its obligations to the USW.
The USW makes this Claim on behalf of itself, its Local Union 87L, and present and former
employees (and surviving spouses) of the Debtor, for claims related to the CBAs between the
USW and the Debtor, as well as certain statutory obligations.

3.      As a matter of law, the USW is authorized to file this Claim as a creditor for and
on behalf of itself and certain employees and former employees (and surviving spouses) of the
Debtor, and claimant makes this Claim on behalf of itself and certain employees and former
employees (and surviving spouses) of the Debtor.

4.      Without intending to limit any amounts described on the schedules filed in these
cases, the Debtor was and is indebted to the USW and the present and former employees of the
Debtor as follows[2]:

|   |   |   |
|---|---|---|
| A | Ordinary Course Employee Obligations, including Accrued Vacation, Union dues, Employee Deductions, Unpaid Holiday Pay, Unpaid Sick Leave, Unreimbursed Medical, Drug, Accident, Sickness and Disability Expenses, Unreimbursed Other Expenses, Unpaid Contributions to employee benefit funds, and all other moneys which may be due under the CBAs, including but not limited to wages, shift differentials, premiums, leave, holidays and SUB benefits. [3] | Unliquidated. |

_____

[2] These are current, good faith estimates.  The USW reserves the right to amend this
Claim.

[3] The Debtor was also authorized to make these payments pursuant to certain first day
orders of the Court.

2

B.     Grievances.                          Unliquidated, but at
                                            at least $8,676,650.00.
                                            See Exhibit 1.

C.     All amounts owing under
       2007 Settlements.                    Unliquidated.

5.     Claimant demands any and all priority to the extent permitted under 11 U.S.C.

§§ 507(a)(1), 507(a)(3), 507 (a)(4), 1113 and 1114.

6.     Claimant reserves the right to establish the liability of all amounts due under the

CBA pursuant to the grievance and arbitration provisions of the CBA and Section 1113(f).

7.     The consideration for the Debtor's obligations is services rendered, as well as

contractual.

8.     Claimant has not received any payment, security, check or other evidence of this

debt other than any payments that may have been authorized by the Bankruptcy Court and paid.

9.     This Claim shall be deemed as filed against all appropriate debtor(s) if it is

determined that the claim described herein arises against other debtor(s).

Dated: July 10, 2009

                          United Steelworkers

                          By:

                          /s/ DJ
                          David R. Jury (PA 77015)
                          Associate General Counsel
                          United Steelworkers
                          Five Gateway Center, Room 807
                          Pittsburgh, PA  15222
                          (412) 562-2545
                          (412) 562-2429 (facsimile)
                          djury@usw.org

3

List of Open Grivances Re: Fred Alexander and Gary Adams

| Grievance No. | First Name | Last Name | Type — Bargined in Bad Faith agreed Settlement Never Paid |
|---|---|---|---|
| M 54084 | Gary | Adams | 38e |
| M 52116 | Rick | Ashburn | Grp |
| M 52082 | Edward | Skinner | |
| M 52081 | Greg | Kochersperger | |
| M 52197 | Greg | Conley | Grp |
| M 52080 | Daniel | Duffy | |
| M 52575 | Harold | Conners | |
| M 53438 | Rodney | Lawson | Grp |
| M 52221 | Richard | Cope | |
| M 53596 | Stephen | Teague | |
| M 53406 | Albert | Stanifer | |
| M 52115 | Albert | Stanifer | |
| M 52101 | Albert | Stanifer | |
| M 52107 | Albert | Stanifer | |
| M 53422 | Albert | Stanifer | |
| M 53416 | Albert | Stanifer | |
| M 53544 | Albert | Stanifer | |
| M 53539 | Albert | Stanifer | |
| M 53526 | Albert | Stanifer | Grp |
| M 52161 | Albert | Stanifer | |
| M 52182 | Albert | Stanifer | |
| M 52117 | Albert | Stanifer | |
| M 52126 | Albert | Stanifer | |
| M 52118 | Albert | Stanifer | |
| M 52174 | Albert | Stanifer | |
| M 52879 | Albert | Stanifer | |
| M 52196 | Albert | Stanifer | |
| M52173 | Rodney | Lawson | Grp |

| ID | First | Last | Description |
|---|---|---|---|
| M 53548 | James | Murray | Grp |
| M 53540 | Rodney | Lawson | Grp |
| M 53408 | Greg | Conley | |

Bargaining Unit Work Performed by Non-Bargtaining Unit

| ID | First | Last | Description |
|---|---|---|---|
| M 39370 | Darrell | Collins | |
| M 39373 | Darrell | Collins | ¶ 2 |
| M 54078 | Darrell | Collins | ¶ (62y)(5) |
| M 54079 | Darrell | Collins | Appendix "J" |
| M 54080 | Darrell | Collins | Appendix "J-I" |
| M 54088 | Darrell | Collins | ¶ (62y)(4) |
| M 54089 | Darrell | Collins | ¶ (62y)(3) |
| M 54093 | Darrell | Collins | Doc. No. 36 |
| M 39376 | Darrell | Collins | ¶ (62y)(1)(2)(3)(5) Appendix J-I |
| M 39378 | Darrell | Collins | Retiree(s) as Contract Employees |
| M 39383 | Darrell | Collins | ¶ 123 & Contrator(s) |
| M 54094 | Darrell | Collins | Reduction in force |
| M 54095 | Darrell | Collins | Contractor(s) Performing Bargaining Unit Work |
| M 54096 | Darrell | Collins | Contractor(s) Performing Bargaining Unit Work |

Collection of Union Dues

| ID | First | Last | Description |
|---|---|---|---|
| M 54086 | Darrell | Collins | Union Dues Collection Home Ave |
| 65605 | Darrell | Collins | Union Dues Collection Thermal Vandalia |

Joint Training Funds Equipment Sold at Auction without Agreement
Ice Station and Water Machine
T-49 Refrigerator; 2-door
Hewlett packard Designjet 755CM Color Plotter
Hewlett packard Designjet 755CM Color Plotter
White GMC Semi Tractor
White GMC Semi Tractor
White GMC Semi Tractor
White GMC Semi Tractor
Stroughton Trailer
Stroughton Trailer

Stroughton Trailer
Stroughton Trailer
Stroughton Trailer
RCA Home Theatre 40" TV
Mitsubishi Twin VHS on Stand with Storage