BARNES & THORNBURG LLP
Attorneys for Continental AG and Affiliates
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

Peter A. Clark
Telephone: (312) 214-5668
Email: pclark@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

### OBJECTION OF CONTINENTAL AG AND AFFILIATES TO (I) NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION AND (II) NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION

Continental AG and its affiliates[1] (collectively "Continental"), by and through their undersigned attorneys, hereby file this objection (the "Objection") to the (I) Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases

---

[1] These affiliates include, but are not limited to, Contitech Vibration Control GmbH, Temic Automotive of North EFT 1, Siemens VDO Auto EFT, Siemens VDO Automotive EFT, Continental Auto Mexicana SA DE CV, Continental Automotive, Continental Automotive Guadalajara, Continental Brasil Industria, Continental Automotive Systems US I, Temic Automotive of North America, Siemens VDO Automotive Corporation, Siemens VDO Automotive Electronics, and Siemens Automotive Corp.

to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (as amended and supplemented, the "Parnassus Assumption and Assignment Notice") and (II) Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, As Applicable, Under Modified Plan of Reorganization (as amended and supplemented, the "GM Assumption and Assignment Notice"). In support of the Objection, Continental states as follows:

## BACKGROUND

1. On October 8, 2005, and subsequently October 14, 2005, (collectively, the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prior to the Petition Date, Continental supplied the Debtors with, among other things, production parts, service parts, tooling and research and development initiatives related to numerous programs of the Debtors pursuant to certain purchase orders and other contractual arrangements.

3. On June 16, 2009, the Debtors filed the First Amended Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan").

4. On the same date, the Debtors also filed the Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified).

5. This Court subsequently entered the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "Modification Procedures Order").

6. Paragraph 35 of the Modification Procedures Order requires that the Debtors file a notice identifying Parnassus Holdings II, LLC or GM Components Holdings, LLC as the party to which the Debtors would assign all of their rights, title, and interests in certain executory contracts and unexpired leases (the "Executory Contracts").

7. While examining the Delphi docket, Continental's counsel discovered a notice (the "Parnassus Assumption and Assignment Notice") identifying Parnassus Holdings II, LLC as the party to which the Debtors would assign all of their rights, title, and interests in certain executory contracts and unexpired leases (the "Parnassus Assumed Contracts," attached hereto as Exhibit A).[2] On the Parnassus Assumption and Assignment Notice, the Debtors identify a Cure Amount considerably less than the actual amounts owed under the Executory Contracts (the "Parnassus Actual Cure Amount"). The Debtors also note, "should a non-Debtor counterparty to a Parnassus Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below."

8. While examining the Delphi docket, Continental's counsel also discovered a notice (the "GM Assumption and Assignment Notice") identifying GM Components Holdings, LLC as the party to which the Debtors would assign all of their rights, title, and interests in

---

[2] As of July 17, 2009, Continental has not received the Parnassus Assumption and Assignment Notice by mail.

certain executory contracts and unexpired leases (the "GM Assumed Contracts," attached hereto as Exhibit B).[3] On the GM Assumption and Assignment Notice, the Debtors identify a Cure Amount considerably less than the actual amounts owed under the Executory Contracts (the "GM Actual Cure Amount"). The Debtors also note, "should a non-Debtor counterparty to a GM Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below."

9. Both the Parnassus Assumption and Assignment Notice and the GM Assumption and Assignment Notice require that objections to the assumption and assignment of a Parnassus Assumed Contract or a GM Assumed Contract, including objections asserting the existence of a postpetition default that must be cured under section 365 of the Bankruptcy Code, must be served in hard-copy form so that it is actually received by the Debtors and various additional parties within ten days after the date of service of the notice (the "Objection Deadline").

10. Throughout the course of this case, Continental has filed numerous proofs of claim and administrative expense claims, and has entered into a number of proof of claim settlement agreements. While Continental is working to reconcile the voluminous information pertaining to the prepetition and postpetition defaults by Debtors, Continental files this objection to preserve its rights in light of the fast approaching Objection Deadline.

---

[3] As of July 17, 2009, Continental has not received the GM Assumption and Assignment Notice by mail.

## OBJECTION

### A. The Parnassus Assumption and Assignment Notice and GM Assumption and Assignment Notice Include Incorrect Cure Amounts Related to the Executory Contracts Sought to Be Assumed.

11. The Parnassus Assumption and Assignment Notice and GM Assumption and Assignment Notice fail to identify the correct cure amounts required under the Executory Contracts that the Debtors seek to assume. Continental believes other prepetition cure amounts were previously established pursuant to the procedures in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified on January 25, 2008, and the December 10, 2007 Solicitation Procedures Order. These previously established amounts have not been accurately scheduled on the Parnassus Assumption and Assignment Notice or the GM Assumption and Assignment Notice.

12. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee:

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory

contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

13. The Debtors are impermissibly attempting to assume and assign certain Executory Contracts to Parnassus Holdings II, LLC or GM Components Holdings, LLC without providing cure payments in full under the Executory Contracts.[4] In order for the Debtors to be permitted to assume the Executory Contracts identified in the Parnassus Assumption and Assignment Notice or the GM Assumption and Assignment Notice, the Debtors are required to provide a cure payment to Continental equal to the Parnassus Actual Cure Amount and the GM Actual Cure Amount, respectively, that were previously established.

**B. The Debtors Require that Non-Debtor Counterparties to a Parnassus Assumed Contract or GM Assumed Contract Asserting that a Postpetition Default Exists Must Object by the Objection Deadline.**

14. Continental is working to determine whether any postpetition defaults exist pertaining to the Parnassus Assumed Contracts or the GM Assumed Contracts. Continental files this objection to preserve its rights in light of the fast approaching Objection Deadline and under the belief that such postpetition defaults exist given the administrative claims recently filed.

## CONCLUSION

15. Continental has no objection to the proposed assumption and assignment of the Executory Contracts set forth in the Parnassus Assumption and Assignment Notice or the GM Assumption and Assignment Notice, provided that the Debtors provide a cure payment equal to the Parnassus Actual Cure Amount and the GM Actual Cure Amount previously established, and pay any postpetition defaults in full.

---

[4] Continental is also entitled to payment in full for any goods and services it provided on a post-petition basis to the Debtors pursuant to an executory contract, as Delphi's obligation to cure extends not only to prepetition, but also post-petition, defaults. *See In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

## RESERVATION OF RIGHTS

16.     Continental expressly reserves any and all rights to supplement and modify this Objection and the cure amounts claimed hereunder.  This Objection is being filed only as it pertains to the Executory Contracts.  Nothing contained herein should be construed as a waiver by Continental with respect to any other rights.

## MEMORANDUM OF LAW

17.     This Objection sets forth specific responses with supporting law divided under numerous paragraphs.  Continental respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Continental respectfully requests that the Court (i) deny the relief requested in the Parnassus Assumption and Assignment Notice and GM Assumption and Assignment Notice as it relates to Continental, and (ii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: July 17, 2009

Respectfully submitted,

**CONTINENTAL AG AND AFFILIATES**

By:   /s/John T. Gregg
        One of their Attorneys

Peter A. Clark
Andrew J. Namenye
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5668
Facsimile: (312) 759-5646
pclark@btlaw.com

- and -

John T. Gregg (Admitted Pro Hac Vice)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
jgregg@btlaw.com

Attorneys for Continental AG
and Affiliates

384583v1