BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Attorneys for Navistar, Inc. f/k/a
International Truck and Engine Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481(RDD) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF NAVISTAR, INC. RELATING TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO MASTER DISPOSITION AGREEMENT AND/OR MODIFIED FIRST AMENDED JOINT PLAN OF REORGANIZATION AND CURE NOTICES PURSUANT THERETO**

Navistar, Inc. f/k/a International Truck and Engine Corporation, for and on behalf of itself and each and all of its subsidiaries and affiliated companies, including but not limited to Workhorse, LLC (collectively, "Navistar"), hereby objects to each and all of the multiple cure notices directed to it in connection with any or all of the Delphi cases, and in support of its blanket objection, states as follows:

1.    Navistar is a party to multiple contracts with multiple Delphi entities and has received not less than 10 Cure Notices and not less than 8 Errata Schedules on dates ranging from and after July 10, 2009.

2. Each of the Cure Notices reflects a "$0.00" cure amount. Some of the purported executory contracts are described in extremely general terms. By way of example, one Cure Notice purports to relate to "all contracts between Navistar and Delphi related to product shipped to Navistar from Delphi's HQ facility."

3. Certain of the Cure Notices relate to contractual relationships under which Navistar purchases product or services **from** Delphi entities, and certain of the Cure Notices relate to contractual relationships under which Navistar provides products or services **to** Delphi entities.

4. With respect to the latter category of contracts, to the extent that the Cure Notices relate to active and ongoing supply relationships, it is extremely unlikely that the amount due from a Delphi entity to Navistar is "zero".

5. As indicated, Cure Notices have been generated by multiple Delphi entities, and have been directed to multiple locations or affiliates of Navistar. In many cases the Notices have been followed by Errata Schedules purporting to modify or correct inaccuracies in the Cure Notices previously transmitted.

6. Cure Notices dated July 10, 2009 are still finding their way to the offices of Navistar's corporate counsel as of the date of this Objection.

7. Navistar is perfectly willing to work through the process of reconciling what is owed by a Delphi entity to Navistar for purposes of accommodating the necessity of curing all arrearages under the provisions of 11 U.S.C. § 365. However, under the absurdly compressed timeline prescribed for the cure notice and objection process in these cases, it is not reasonable, if even possible, to expect that Navistar will even have

identified the contracts to which the Cure Notices relate before the applicable Cure Objection deadline.

8.     Navistar therefore objects to each and all of the Cure Notices previously or hereafter received by it in connection with the Delphi cases, and requests that the Court acknowledge and preserve Navistar's right to further assert the inaccuracy of the cure amounts proposed by the Debtors, if and to the extent a more orderly reconciliation process does not result in an agreement with respect to those amounts.

9.     Because the legal points and analysis upon which this Objection is based are set forth herein and do not represent novel theories of law, Navistar respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Navistar, Inc. f/k/a International Truck and Engine Corporation, for and on behalf of itself and each and all of its subsidiaries and affiliates, including but not limited to Workhorse, LLC, respectfully requests that the Court establish the appropriate cure amounts with respect to executory contracts to which Navistar is a party following appropriate opportunity for hearing and/or other cure amount reconciliation process determined to be appropriate in these cases, that the Court invalidate the "zero" cure amounts heretofore identified by the Debtors with respect to Navistar contracts, and that the court grant such other and further relief as is just.

Dated: Indianapolis, Indiana
July 17, 2009

Respectfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq.
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: mmccrory@btlaw.com
E-Mail: mowens@btlaw.com

*Attorneys for Navistar, Inc. f/k/a International Truck and Engine Corporation*