LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.
309 Davidson Building
916 Washington Avenue
Bay City, MI 48708
Telephone: 989-893-3518
Fax: 989-894-2232
Susan M. Cook
Adam D. Bruski

Attorneys for Linamar Holdings, Inc., Roctel Division

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
| In re: DELPHI CORPORATION., et al., | ) | Case No: 05-44481 (RDD) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
| _____/ |  |  |

# LIMITED OBJECTION OF LINAMAR HOLDINGS, INC., ROCTEL DIVISION TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION

NOW COMES Linamar Holdings, Inc., Roctel Division ("Linamar-Roctel") who is a non-debtor counterparty to certain executory contracts with the Debtors in the above-captioned matter and for their Limited Objection to Debtors' Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization (the "Notice") hereby states as follows:

{00030877}1

1. Debtors filed the Notice on July 10, 2009 [Docket No. 18077].[1]

2. The Notice purports to identify contracts that are being assumed by the Debtors and assigned to either GM Components Holdings, LLC or Steering Solutions Services Corporation.

3. While Linamar-Roctel does not object to the assumption and assignment of its contracts to these entities, this Limited Objection is filed for two reasons.

4. First, Debtors' contract with Linamar-Roctel is not contained in the Notice, which only identifies "Linamar Performance Center".

5. Second, the cure amount listed for the contract is incorrect. The Notice lists a cure amount of $0.00. Linamar-Roctel believes the proper amount to cure the Linamar-Roctel contract is no less than $3,165,223.55.

6. Pursuant to 11 U.S.C. § 365(b)(1)(A), "[i]f there has been a default in the executory contract or expired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee…cures, or provides adequate assurance that the trustee will promptly cure, such default…"

7. Linamar-Roctel does note that the Notice states that "[t]he Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed … as of the Effective Date" unless they were otherwise rejected by Debtors in some fashion.

8. Linamar-Roctel is unaware of, and has received no notices, that Debtors intend to reject any of its contracts. Therefore, under the terms of the Modified Plan, it appears that all of

---

[1] On the same date, Debtors also filed a Notice of Filing of Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18076]. To the extent the Debtors intend to assume and assign any of Linamar's contracts to Parnassus, this Limited Objection is asserted with respect to that notice as well.

Linamar-Roctel's contracts are to be assumed by the Debtors whether they appear in the Notice or not.

9. However, in an abundance of caution, and as cure amounts have not been identified for any of the contracts that are being assumed automatically under the Modified Plan, Linamar-Roctel files this Limited Objection and asks that the Court consider this matter at a subsequent hearing should the issues not be consensually resolved between the parties.

10. Linamar-Roctel notes that contracts between the parties have been included in multiple assumption and assignment notices in connection with the prior plan of reorganization.

11. Further, Linamar-Roctel objects to the Notice on the grounds that the proposed cure amounts do not appear to include any post-petition amounts due. Pursuant to Section 365, these amounts must also be paid before a debtor can assume or assign a contract, specifically the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

12. Linamar-Roctel reserves the right to amend or supplement this Limited Objection.

WHEREFORE, Linamar-Roctel requests that this Honorable Court set the resolution of this matter for a hearing, require Debtors to confirm that all of Linamar-Roctel's contracts are intended for assumption and assignment, and require Debtors to pay the correct cure amount in connection therewith.

Respectfully submitted,

Dated:  July 17, 2009                      By:    /s/ Susan M. Cook
                                                                                       _____
                                                                                          Susan M. Cook
                                                                                          Adam D. Bruski
                                                                LAMBERT, LESER, ISACKSON,
                                                                COOK & GIUNTA, P.C.
                                                                309 Davidson Building
                                                                916 Washington Avenue
                                                                Bay City, MI 48708
                                                                Telephone: 989-893-3518
                                                                Fax: 989-894-2232

                                                                Attorneys for Linamar-Roctel