LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.
309 Davidson Building
916 Washington Avenue
Bay City, MI 48708
Telephone: 989-893-3518
Fax: 989-894-2232
Susan M. Cook
Adam D. Bruski

Attorneys for Linamar Corporation and Linamar Holdings, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: DELPHI CORPORATION., et al., | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No: 05-44481 (RDD)<br>(Jointly Administered) |
| Debtors. | | |

**LIMITED OBJECTION OF LINAMAR CORPORATION AND LINAMAR HOLDINGS, INC. TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION**

NOW COME Linamar Corporation and Linamar Holdings, Inc. (collectively, "Linamar") who are non-debtor counterparties to certain executory contracts with the Debtors in the above-captioned matter and for their Limited Objection to Debtors' Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization (the "Notice") hereby state as follows:

1. Debtors filed the Notice on July 10, 2009 [Docket No. 18077].[1]

2. The Notice purports to identify contracts that are being assumed by the Debtors and assigned to either GM Components Holdings, LLC or Steering Solutions Services Corporation.

3. While Linamar does not object to the assumption and assignment of its contracts to these entities, this Limited Objection is filed for two reasons.

4. First, not all of Linamar's contracts are included in the Notice and/or they are not correctly identified. Some of the various contracts include reference to Linamar's various divisions, including Vehcom, Transgear, Hastech, Roctel, and Invar. These are not accurately reflected in the Notice, which only identifies "Linamar Performance Center".

5. Second, the cure amount listed for the contract is incorrect. The Notice lists a cure amount of $0.00. Linamar believes the proper amount to cure all of its associated contracts is no less than $6,029,549.25.

6. Pursuant to 11 U.S.C. § 365(b)(1)(A), "[i]f there has been a default in the executory contract or expired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee…cures, or provides adequate assurance that the trustee will promptly cure, such default…"

7. Linamar does note that the Notice states that "[t]he Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be

---

[1] On the same date, Debtors also filed a Notice of Filing of Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18076]. To the extent the Debtors intend to assume and assign any of Linamar's contracts to Parnassus, this Limited Objection is asserted with respect to that notice as well.

{00030882}2

deemed automatically assumed … as of the Effective Date" unless they were otherwise rejected by Debtors in some fashion.

8. Linamar is unaware of, and has received no notices, that Debtors intend to reject any of its contracts. Therefore, under the terms of the Modified Plan, it appears that all of Linamar's contracts are to be assumed by the Debtors whether they appear in the Notice or not.

9. However, in an abundance of caution, and as cure amounts have not been identified for any of the contracts that are being assumed automatically under the Modified Plan, Linamar files this Limited Objection and asks that the Court consider this matter at a subsequent hearing should the issues not be consensually resolved between the parties.

10. Linamar notes that contracts between the parties have been included in multiple assumption and assignment notices in connection with the prior plan of reorganization.

11. Further, Linamar objects to the Notice on the grounds that the proposed cure amounts do not appear to include any post-petition amounts due. Pursuant to Section 365, these amounts must also be paid before a debtor can assume or assign a contract, specifically the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

12. Linamar reserves the right to amend or supplement this Limited Objection.

WHEREFORE, Linamar requests that this Honorable Court set the resolution of this matter for a hearing, require Debtors to confirm that all of Linamar's contracts are intended for

assumption and assignment, and require Debtors to pay the correct cure amount in connection therewith.

Respectfully submitted,

Dated:  July 17, 2009        By:     /s/ Susan M. Cook
                                          _____
                                          Susan M. Cook
                                          Adam D. Bruski
                              LAMBERT, LESER, ISACKSON,
                              COOK & GIUNTA, P.C.
                              309 Davidson Building
                              916 Washington Avenue
                              Bay City, MI 48708
                              Telephone: 989-893-3518
                              Fax: 989-894-2232

                              Attorneys for Linamar