LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.
309 Davidson Building
916 Washington Avenue
Bay City, MI 48708
Telephone: 989-893-3518
Fax: 989-894-2232
Susan M. Cook
Adam D. Bruski

Attorneys for MIS Environmental Services, Inc. and MIS Corporation - Michigan

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: DELPHI CORPORATION., et al., | ) ) ) ) ) ) | Chapter 11<br><br>Case No: 05-44481 (RDD)<br>(Jointly Administered) |
| Debtors. |  |  |
| _____/ |  |  |

**LIMITED OBJECTION OF MIS ENVIRONMENTAL SERVICES, INC. TO DEBTORS'
NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN
EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND
ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS
SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF
REORGANIZATION**

NOW COME MIS Environmental Services, Inc. and MIS Corporation – Michigan, a.k.a. Michigan Environmental Services, Inc. (collectively, "MIS") who are non-debtor counterparties to certain executory contracts with the Debtors in the above-captioned matter and for their Limited Objection to Debtors' Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization (the "Notice") hereby state as follows:

1. Debtors filed the Notice on July 10, 2009 [Docket No. 18077].[1]

2. The Notice purports to identify contracts that are being assumed by the Debtors and assigned to either GM Components Holdings, LLC or Steering Solutions Services Corporation.

3. The executory contracts between MIS and Debtors are not included in this listing.

4. MIS does note that the Notice states that "[t]he Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed … as of the Effective Date" unless they were otherwise rejected by Debtors in some fashion.

5. MIS is unaware of, and has received no notices, that Debtors intend to reject any of its contracts. Therefore, under the terms of the Modified Plan, it appears that all of MIS's contracts are to be assumed by the Debtors whether they appear in the Notice or not.

6. Further, MIS believes the proper amount to cure these contracts is no less than $7,364.00.

7. MIS notes that contracts between the parties have been included in assumption and assignment notices in connection with the prior plan of reorganization. Specifically, MIS was noted as a contract to be assumed and assigned in Debtors' January 23, 2008 Notice of Assumption and/or Assignment of Executory Contracts. [Docket No. 12323].

8. MIS does not object to the assumption and assignment of its contracts to these entities if that is the Debtors' intent.

---

[1] On the same date, Debtors also filed a Notice of Filing of Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18076]. To the extent the Debtors intend to assume and assign any of MIS's contracts to Parnassus, this Limited Objection is asserted with respect to that notice as well.

9. However, in addition to seeking clarification of whether such assumption and assignment is intended, MIS files this Limited Objection because the cure amounts for the contracts to be assumed and assigned by operation of the Modified Plan are not identified.

10. Pursuant to 11 U.S.C. § 365(b)(1)(A), "[i]f there has been a default in the executory contract or expired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee…cures, or provides adequate assurance that the trustee will promptly cure, such default…"

11. Further, MIS objects to the Notice on the grounds that the proposed cure amounts for contracts specified therein do not appear to include any post-petition amounts due. Pursuant to Section 365, these amounts must also be paid before a debtor can assume or assign a contract, specifically the obligations to: (a) cure all defaults existing at the time executory contracts are assumed and assigned; and (b) satisfy all accrued obligations that are not in default, but which nonetheless exist, at the time executory contracts are assumed and assigned.

12. MIS reserves the right to amend or supplement this Limited Objection.

WHEREFORE, MIS requests that this Honorable Court set the resolution of this matter for a hearing, require Debtors to confirm that all of MIS's contracts are intended for assumption and assignment, and require Debtors to pay the correct cure amount in connection therewith.

Respectfully submitted,

Dated:  July 17, 2009                       By:   /s/ Susan M. Cook
                                                                                                           Susan M. Cook
                                                                                         Adam D. Bruski
                                                              LAMBERT, LESER, ISACKSON,
                                                              COOK & GIUNTA, P.C.
                                                              309 Davidson Building
                                                              916 Washington Avenue
                                                              Bay City, MI 48708
                                                              Telephone: 989-893-3518
                                                              Fax: 989-894-2232

                                                              Attorneys for MIS