BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:   (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Attorneys for Clarion Corporation of America*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF CLARION CORPORATION OF
AMERICA RELATED TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS PURSUANT TO MASTER DISPOSITION AGREEMENT AND/OR
MODIFIED FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DEBTORS**

Clarion Corporation of America ("Clarion"), by and through its undersigned counsel, in accordance with the Bankruptcy Court's Modifications Procedures Order dated June 16, 2009 [Docket No. 17032] (as amended and supplemented, the "Procedures Order") (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order) and notices related to the proposed assumption and assignment of executory contracts to Parnassus or to GM Components each dated July 10, 2009 [Docket Nos. 18076 and 18077, respectively] (and as such notices have been modified, supplemented and/or corrected, collectively the "Notices"), hereby submits this limited objection to any cure amounts that may

1

be intended or proposed in connection with any assumption and assignment by the Debtors of various executory contracts with Clarion and possibly other treatment of such contracts under or in connection with the Master Disposition Agreement or the Modified Plan which may be inconsistent with prepetition and postpetition claims held by Clarion and/or a postpetition settlement agreement between Clarion and the debtor Delphi Automotive Systems LLC ("DAS"). In support of this Limited Objection, Clarion respectfully states as follows:

1.    Clarion has been and is a party to multiple agreements (the "Contracts") with DAS pursuant to which Clarion has supplied and is supplying various parts, components and other products to DAS.

2.    As a result of prepetition transactions with DAS that were based upon or related to the Contracts, Clarion holds a general unsecured claim which was originally evidenced by a Proof of Claim filed in the DAS Chapter 11 case in the amount of Two Million One Hundred Fifteen Thousand Four Hundred Five and 67/100 Dollars ($2,115,405.67), and which has been fixed by agreement between Clarion and DAS (but not yet allowed by order or other procedure) in the amount of Two Million Two Thousand Nine Hundred Eight and 45/100 Dollars ($2,002,908.45) (the "Prepetition Claim").

3.    As a result of postpetition transactions with DAS that have been or will be based upon or related to the Contracts, Clarion presently holds an administrative claim in the amount of not less than One Million Six Hundred Ninety-Seven Thousand Three Hundred Fourteen and 09/100 Dollars ($1,697,314.09) and may in the future hold another or further administrative claim, which in whole or in part may include sums in default of payment on the effective date of any assumption and assignment of the Contracts, or which otherwise should be cured or paid in connection with such assumption and assignment (pursuant to the Master Disposition

Agreement, the Modified Plan, or otherwise) (such claims, collectively, the "Postpetition Claim").

4. Clarion is also a party to a certain Confidential Settlement Agreement dated as of July, 2007 (the "Settlement Agreement"), which Settlement Agreement was entered into between Clarion and Delphi in accordance with an "Order…Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval" dated June 29, 2009 [Docket No. 4414].

5. The Settlement Agreement referenced, dealt with and modified the Contracts in various ways which, in consideration of the confidential nature of the Settlement Agreement, are not set forth in this Limited Objection.[1] The Settlement Agreement also provided for the possibility of payment of an additional amount to Clarion under certain circumstances, which amount at present is not less than Eight Hundred Forty-Five Thousand Nine Hundred Sixty-Five and 05/100 Dollars ($845,965.05) (the "Settlement Claim").

6. In accordance with Article VIII of the Modified Plan (which is also reflected by an indication in the Notices that all executory contracts of the Debtors will be "deemed automatically assumed" unless specifically dealt with otherwise) and certain provisions of the Settlement Agreement, Clarion believes that the Debtors intend to and should accomplish an assumption and assignment of each of the Contracts. However, Clarion is not able to ascertain whether or to what extent the terms of the Settlement Agreement will be carried out and performed in connection with any assumption and assignment of any of the Contracts, or after the Contracts have been assumed and assigned, pursuant to the Master Disposition Agreement, the Modified Plan, or otherwise.

---

[1] Due to confidentiality and other considerations, the Contracts are often described and referenced herein collectively. Nevertheless, Clarion intends for this Limited Objection to be construed, and requests for relief to be granted, on the basis of each individual Contract as or where necessary or appropriate.

3

7.    Similarly, Clarion has not been able to determine whether any or all of the Contracts are actually or intended to be the subject of any of the Notices (or similar notices) transmitted recently in connection with Debtors' cases (although the address for Clarion on lists of contracts **not** to be assumed by the Debtors appears to be an address in China, where Clarion has no operations and no business address).

8.    In particular, while the Notices referenced certain purchase orders or agreements related to Clarion (for obsolete parts and/or superseded programs), Clarion is not aware of any Notice having been either properly served on it or included in the record of the Debtors' cases that references any of the Contracts that are involved with active purchase orders or ongoing programs and that are the subject of the Settlement Agreement, or any proposed cure or payment amounts associated with assumption and assignment of the Contracts.

9.    Clarion hereby asserts that its Prepetition Claim, Postpetition Claim and Settlement Claim constitute components for cure and/or payment in relation to the assumption and assignment of the Contracts.

10.    Clarion seeks clarification from the Debtors (and Parnassus or GM Components, as appropriate) of their specific intentions for the Prepetition Claim, the Postpetition Claim and the Settlement Claim, and with respect to the assumption, assignment or other treatment of each and all of the Contracts.

11.    Clarion hereby objects to any proposed or possible cure in relation to, and any assumption and assignment of, the Contracts that may be in derogation of or inconsistent with (a) the terms, conditions and other provisions of the Settlement Agreement or (b) full payment on or other commensurate provisions for the Prepetition Claim, the Postpetition Claim and the Settlement Claim.

12. Because the legal points and analysis upon which this Limited Objection is based are set forth herein and do not represent novel theories of law, Clarion respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Clarion Corporation of America respectfully requests that the Court (1) sustain Clarion's Limited Objection as set forth above, (2) require the Debtors to provide the clarifications requested, and (3) grant such other and further relief as may be just and proper.

Dated: Indianapolis, Indiana
       July 17, 2009

Respecfully submitted,

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq.
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: mmccrory@btlaw.com
E-Mail: mowens@btlaw.com

*Attorneys for
Clarion Corporation of America*

INDS01 DPOWLEN 1138318v1