# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re : | Chapter 11 |
| DELPHI CORPORATION, et al., : | Case No. 05–44481 (RDD) |
| Debtors. : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER (I) RESOLVING OBJECTION OF
AMERICAN AIKOKU ALPHA INC. TO ASSUMPTION AND/OR ASSIGNMENT OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BUYERS IN CONNECTION
WITH SALE OF STEERING AND HALFSHAFT BUSINESS AND (II) DISALLOWING
AND EXPUNGING PROOFS OF CLAIM NUMBERS 16692 AND 16783
(AMERICAN AIKOKU ALPHA, INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases, (collectively, the "Debtors") and American Aikoku Alpha, Inc. ("American Aikoku"), respectfully submit this Stipulation And Agreed Order (i) Resolving Objection Of American Aikoku Alpha, Inc. To Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business And (ii) Disallowing And Expunging Proofs Of Claim Numbers 16692 And 16783 (American Aikoku Alpha, Inc.), and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, certain of the Debtors and American Aikoku entered into Purchase Order Nos. SAG9OI2815, SAG9OI5386, SAGO9OI5218, SAG9OI4657, SAG9OI3417, 9OI6283, and 9OI6086 (the "Purchase Orders"), under which American Aikoku would provide certain products to the Debtors.

WHEREAS, on October 17, 2005, American Aikoku sent a reclamation demand letter to Delphi and Saginaw Steering Systems, asserting a reclamation demand (the "Reclamation Demand") in the amount of $62,642.89 for goods sold.

WHEREAS, on April 18, 2006, DAS LLC filed its Delphi Automotive Systems LLC - Amended and Restated Schedules of Assets and Liabilities - Schedule(s) D, E and F, listing, among other things, a disputed, unliquidated scheduled amount owed to American Aikoku in the amount of $363,649.35.

2

WHEREAS, on September 6, 2007, the Debtors docketed proof of claim number 16692 against Delphi, in the amount of $5,823.94 for the priority reclamation claim asserted by American Aikoku on October 17, 2005, as reconciled and modified by Delphi on February 21, 2006 ("Claim 16692").

WHEREAS, on September 21, 2007, the Debtors objected to Claim 16692 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claim Subject to Modification, and Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on December 10, 2007, the Debtors filed an Debtors' Expedited Motion For Orders Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A)(I) Approving Bidding Procedures, (II) Granting Certain Bid Protections, (III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date, (B) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Assets Primarily Used In Debtors' Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities, And (C) Authorizing And Approving Transaction Facilitation Agreement (the "Motion").

WHEREAS, on January 16, 2008, American Aikoku filed proof of claim number 16783 against Delphi, which asserts claim of $429,525.83, of which $423,701.90 asserts a general unsecured claim and $5,823.94 asserts a priority reclamation claim ("Claim 16783").

3

WHEREAS, on or about January 23, 2008, the Debtors served a (i) Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12323) (the "Assumption Notice") and (ii) Notice of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12324) (the "Cure Notice"). The Cure Notice and Assumption Notice stated, among other things, that the Debtors seek to assume and/or assign the Purchase Orders to Steering Solutions Corporation and certain of its affiliates (the "Buyers") and listed a cure amount of $5,823.94.

WHEREAS, on January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

WHEREAS, on January 28, 2008, American Aikoku filed its Objection Of American Aikoku Alpha, Inc. To Notices Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12369) (the "First Steering Objection").

WHEREAS, on January 29, 2008, American Aikoku filed proof of claim number 16796 against Delphi, which asserts claim of $429,525.83, of which $423,701.90 asserts a general unsecured claim and $5,823.94 asserts a priority reclamation claim ("Claim 16796," together with Claim 16692 and Claim 16783, the "Claims").

WHEREAS, on January 29, 2008, American Aikoku filed its Limited Objection of American Aikoku Alpha, Inc. to Notices of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft

4

Business (Docket No. 12376) (the "Second Steering Objection").

WHEREAS, on February 15, 2008, the Debtors objected to Claim 16796 and Claim 16783 pursuant to the Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection").

WHEREAS, on February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"), which, among other things, adjourned the hearing on the First steering Objection and the Second Steering Objection to a later date.

WHEREAS, on March 7, 2008, American Aikoku filed its Notice of Cure Claims of America Aikoku Alpha, Inc. (Docket No. 13010) (the "Cure Proposal"), asserting a cure amount of $415,761.04 under Article 8.2(b) of the Plan to cure defaults asserted under the Purchase Orders.

WHEREAS, on March 7, 2008, American Aikoku filed its Response Of American Aikoku Alpha, Inc. To The Debtors' Twenty-Sixth Omnibus Claims Objection (Docket No. 13013) (the "Response").

5

WHEREAS, on March 11, 2008, the Debtors filed a Notice Of Deadline To File Motion For Leave To File Late Claims With Respect To Late Claims Filed By American Aikoku Alpha Inc. (Proofs of Claim Nos. 16783 and 16796) (Docket No. 13083) (the "Notice Of Deadline").

WHEREAS, on March 14, 2008, American Aikoku filed its American Aikoku Alpha, Inc.'s Motion For Leave To File An Amended Claim (Docket No. 13114) (the "Amended Claim Motion ").

WHEREAS, on March 29, 2008, the Court entered the Order Pursuant to 11 U.S.C. §§ 502(b) and Fed. R. Bankr. P. 3007 (I) Disallowing and Expunging Certain (A) Duplicate or Amended Claims, (B) Untimely Claims Not Reflected on Debtors' Books and Records, and (C) Untimely Claims and (II) Modify (A) Claims Subject to Modification and (B) Modified Claim Asserting Reclamation Identified in Twenty-Sixth Omnibus Claims Objection (Docket No. 13178) ("Twenty-Sixth Omnibus Claims Objection Order"). The Twenty-Sixth Omnibus Claims Objection Order, among other things, disallowed and expunged Claim 16796.

WHEREAS, on March 31, 2008, the Debtors served a Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (Docket No. 13292) (the "Supplemental Cure Notice").

WHEREAS, to resolve the First Steering Objection, the Second Steering Objection, the Cure Proposal, the Response, and the Amended Claim Motion, the Debtors and American Aikoku have agreed to enter into this Stipulation under which American Aikoku shall receive a cure payment of $413,908.96 as soon as reasonably practicable upon the closing of the sale of the steering and halfshaft business, reflecting the amount due and owing under the

6

Debtors' books and records.

WHEREAS, the Debtors are authorized to enter into this Stipulation with regards to the claims matters addressed herein either because the Claims involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, the Debtors and American Aikoku, stipulate and agree as follows:

1. As soon as reasonably practicable upon the closing of the sale of the steering and halfshaft business, American Aikoku shall receive a cure payment of $413,908.96 to cure all defaults under the Purchase Orders.

2. Upon payment of the cure amount, Claim 16692 and Claim 16783 shall be disallowed and expunged with prejudice.

3. Upon the Court's entry of this Stipulation, American Aikoku shall be deemed to have withdrawn with prejudice the First Steering Objection and the Second Steering Objection.

4. Upon payment of the cure amount, American Aikoku shall be deemed to have withdrawn with prejudice the Reclamation Demand, the Cure Proposal, the Response, and the Amended Claim Motion.

5. To the extent that any order related to the sale of the steering and halfshaft business alters, conflicts with, or derogates from the provisions of this Stipulation, this Stipulation shall control.

So Ordered in New York, New York, this 8th day of May, 2008

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606-1285
(312) 407-0700

- and –

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.
Debtors and Debtors-in-Possession

/s/ Gary Vist
Gary Vist
Masuda, Funai, Eifert & Mitchell, Ltd.
203 N. Lasalle Street, Suite 2500
Chicago, Illinois 60601-1262

Attorney for American Aikoku Alpha Inc.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                 :
    In re                        :    Chapter 11
                                 :
DELPHI CORPORATION, et al.,      :    Case No. 05-44481 (RDD)
                                 :
                       Debtors.  :    (Jointly Administered)
                                 :
-------------------------------- x

NOTICE OF NON-ASSUMPTION UNDER THE MODIFIED PLAN WITH RESPECT TO CERTAIN EXPIRED OR TERMINATED CONTRACTS OR LEASES PREVIOUSLY DEEMED TO BE ASSUMED OR ASSUMED AND ASSIGNED UNDER CONFIRMED PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032), as amended and supplemented by the Supplemental Modification Procedures Order entered by the Bankruptcy Court on June 29, 2009 (Docket No. 17376).

The Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective Date (as defined in the Modified Plan), unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by final order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the date of entry of an order approving the Modified Plan, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date pursuant to their own terms, (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms, (v) are listed on the schedule of rejected contracts attached as Exhibit 8.1(a)—Rejected Contracts to the Modified Plan, or (vi) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either Buyer (as defined in the Modified Plan) pursuant to the Master Disposition Agreement.

In accordance with the Modification Procedures Order, the Supplement, and the Modified Plan, the Debtors hereby provide notice that the contract(s) listed on Schedule 1 attached hereto will not be assumed or assumed and assigned by the Debtors, as provided in the Modified Plan and the Supplement, because such contract(s) have expired or terminated.

PLEASE TAKE FURTHER NOTICE that copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

PLEASE TAKE FURTHER NOTICE that the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") will commence on July 23, 2009 at 10:00 a.m. (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT July 15, 2009 at 4:00 p.m. (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline"). To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
July 2, 2009

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
John Wm. Butler, Jr.
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -
Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

## Schedule 1

| Non-Debtor Counterparty | Contract(s) |
|---|---|
| AMERICAN AIKOKU ALPHA INC EFT | SAG90I2815 |
| AMERICAN AIKOKU ALPHA INC EFT | |

Svc 1  
Pack No. 258

Case No. 05-44481  
PRF 16577

AMERICAN AIKOKU ALPHA INC EFT  
520 LAKE COOK RD STE 180  
DEERFIELD, IL 60015

# EXHIBIT C

## Schedule 1 – Supplier Contracts

| Non-Debtor Counterparty | Contract(s) | Cure Amount[1] |
|---|---|---|
| AMERICAN AIKOKU ALPHA INC EFT | SAG90I3417 | $0.00 |
| AMERICAN AIKOKU ALPHA INC EFT | SAG90I5386 | $5,126.64 |
| AMERICAN AIKOKU ALPHA INC EFT | SAG90I4657 | $49,338.90 |
| AMERICAN AIKOKU ALPHA INC EFT | SAG90I5218 | $77,057.00 |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.