BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael K. McCrory, Esq.
Mark R. Owens, Esq.

*Attorneys for Gibbs Die Casting Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF GIBBS DIE CASTING CORPORATION
RELATED TO NON-ASSUMPTION AND TERMINATION AND/OR ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO MASTER
DISPOSITION AGREEMENT AND/OR MODIFIED
FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DEBTORS**

Gibbs Die Casting Corporation ("Gibbs"), by and through its undersigned counsel, in accordance with the Bankruptcy Court's Modifications Procedures Order dated June 16, 2009 [Docket No. 17032] (as amended and supplemented, the "Procedures Order") (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order) and notices related to the proposed non-assumption and termination, or assumption and assignment of executory contracts to Parnassus or to GM Components each dated July 10, 2009 [Docket Nos. 18076 and 18077, respectively] (and as such notices have been modified, supplemented and/or corrected, collectively the "Notices"), hereby submits this limited objection

1

to any cure amounts that may be intended or proposed in connection with any non-assumption and termination or assumption and assignment by the Debtors of various executory contracts with Gibbs and possibly other treatment of such contracts under or in connection with the Master Disposition Agreement or the Modified Plan which may be inconsistent with prepetition and postpetition claims held by Gibbs against any of the above-captioned Debtors. In support of this Limited Objection, Gibbs respectfully states as follows:

1. Gibbs has been and is a party to multiple agreements (the "Contracts") with one or more of the Debtors to which Gibbs has supplied and is supplying various goods and services to one or more of the Debtors.

2. As a result of prepetition transactions with one or more of the Debtors that were based upon or related to the Contracts, Gibbs holds a general unsecured claim in an amount not less than One Hundred Twelve Thousand and 00/100 Dollars ($112,000.00) (the "Prepetition Claim").

3. As a result of postpetition transactions with one or more of the Debtors that have been or will be based upon or related to the Contracts, Gibbs presently holds an administrative claim, which is evidenced by that certain Administrative Claim Form filed July 15, 2009 in the amount of not less than Ninety-One Thousand Nine Hundred Ninety-Nine and 02/100 Dollars ($91,999.02) and may in the future hold another or further administrative claim, which in whole or in part may include sums in default of payment on the effective date of any non-assumption and termination or assumption and assignment of the Contracts, or which otherwise should be cured or paid in connection with such non-assumption and termination or assumption and assignment (pursuant to the Master Disposition Agreement, the Modified Plan, or otherwise) (such claims, collectively, the "Postpetition Claim").

2

4. In accordance with Article VIII of the Modified Plan (which is also reflected by an indication in the Notices that all executory contracts of the Debtors will be "deemed automatically assumed" unless specifically dealt with otherwise), Gibbs believes that the Debtors intend to and should accomplish an assumption and assignment of some of the Contracts. However, Gibbs is not able to ascertain whether or to what extent the terms of the Contracts will be carried out and performed in connection with any assumption and assignment of any of the Contracts, or after the Contracts have been assumed and assigned, pursuant to the Master Disposition Agreement, the Modified Plan, or otherwise.

5. Similarly, except for one contract, Gibbs has not been able to determine whether any or all of the Contracts are actually or intended to be the subject of any of the Notices (or similar notices) transmitted recently in connection with Debtors' cases.

6. Gibbs is not aware of any Notice having been either properly served on it or included in the record of the Debtors' cases that references any of the Contracts that are involved with active purchase orders or ongoing programs, or any proposed cure or payment amounts associated with the non-assumption and termination or assumption and assignment of the Contracts. To the extent that any of the Contracts are the subject of any Cure Notices, and such Cure Notices are in the amount of "$0.00", it is extremely unlikely that the amount due from a Delphi entity to Gibbs is "zero".

7. Gibbs hereby asserts that its Prepetition Claim and Postpetition Claim constitute components for cure and/or payment in relation to the non-assumption and termination or assumption and assignment of the Contracts.

8. Gibbs seeks clarification from the Debtors (and Parnassus or GM Components, as appropriate) of their specific intentions for the Prepetition Claim and the Postpetition Claim, and

with respect to the non-assumption and termination, assumption, assignment or other treatment of each and all of the Contracts.

9. Gibbs hereby objects to any proposed or possible cure in relation to, and any non-assumption and termination or assumption and assignment of, the Contracts that may be in derogation of or inconsistent with full payment on or other commensurate provisions for the Prepetition Claim and the Postpetition Claim.

10. Because the legal points and analysis upon which this Limited Objection is based are set forth herein and do not represent novel theories of law, Gibbs respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Gibbs Die Casting Corporation respectfully requests that the Court establish the appropriate cure amounts with respect to executory contracts to which Gibbs is a party following appropriate opportunity for hearing and/or other cure amount reconciliation process determined to be appropriate in these cases, that the Court invalidate the "zero" cure amounts heretofore identified by the Debtors with respect to Gibbs' contracts, and that the Court grant such other and further relief as is just.

**[SIGNATURE PAGE FOLLOWS]**

4

| | |
|---|---|
| Dated:  Indianapolis, Indiana<br>July 17, 2009 | Respecfully submitted,<br><br>/s/ Mark R. Owens<br>Michael K. McCrory, Esq.<br>Mark R. Owens, Esq.<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>Phone: (317) 236-1313<br>Facsimile:  (317) 231-7433<br>E-Mail:  mmccrory@btlaw.com<br>E-Mail:  mowens@btlaw.com<br><br>*Attorneys for Gibbs Die Casting Corporation* |

INDS01 BWEIRHARDEN 1138337v1