PEPPER HAMILTON LLP
Nina M. Varughese, Esq. (NV 2347)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail: varughesen@pepperlaw.com

- and -

Henry J. Jaffe (DE No. 2987)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: jaffeh@pepperlaw.com
        carignanj@pepperlaw.com

Counsel for SKF USA Inc.

**Hearing Date:  TBD**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN  DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re:  D.I. No. 18077** |
| | : | |

**LIMITED OBJECTION OF SKF USA INC. TO JULY 10, 2009 NOTICE OF FILING OF
NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN
EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND
ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS
SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF
REORGANIZATION**

SKF USA Inc. ("SKF") hereby submits this Limited Objection (the "Objection")

to the July 10, 2009 Notice Of Filing Of Notices Of Assumption And Assignment With Respect

To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM

Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under

Modified Plan Of Reorganization (D.I. 18077) (the "Cure Notice"), and in support hereof, SKF

respectfully states as follows:

## Background

1.      On October 8, 2005 (the "Petition Date") and on October 14, 2005, each

of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtors are currently operating their businesses and managing their

properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No

trustee or examiner has been appointed. The Debtors' cases are being jointly administered.

3.      Prior to the Petition Date, SKF and certain of the Debtors entered into

multiple purchase orders (collectively, the "Pre-petition Contracts"), pursuant to which SKF

would provide certain customized gasket / seal assemblies and materials for use in certain of

Debtors' operations. Subsequent to the Petition Date, SKF and certain of the Debtors entered

into additional purchase orders (collectively, the "Post-petition Contracts" and, together with the

Pre-petition Contracts, the "Contracts"), whereby SKF provided similar materials to Debtors for

use in their operations.

4.      On January 25, 2008, the Court entered an order confirming the First

Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors

And Debtors-In-Possession (the "Plan").

5.      On March 17, 2008, the Court entered the Stipulation And Agreed Order

Resolving SKF's Objection To (i) Notice Of Assumption And/Or Assignment Of Executory

Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft

Business Relating To (a) Purchase Order Numbers 9OI6236, 9OI6280, 9OI6383, (b) Purchase

Order Numbers SAG9OI4765, SAG9OI2726, And (c) Purchase Order Numbers 9IO5996, 6242,

-2-

6243; And (ii) Notice Of Cure Amount With Respect To Executory Contract Or Unexpired Lease To Be Assumed And Assigned In Connection With Sale Of Steering And Halfshaft Business Relating To (a) Purchase Order Number SAG9OI4765 And (b) Purchase Order Number SAG9OI2726; And (iii) The "Steering Sale Motion" (D.I. 13133) (the "Stipulated Order"). Both prior to and after March 17, 2008, SKF has responded to various notices and deadlines pertaining to administrative claims and the assumption and assignment of contracts – SKF timely satisfied all of these deadlines, including the June 15, 2009 deadline for filing administrative claims arising on or before June 1, 2009.

6.      Pursuant to the Stipulated Order, among other things, Debtors and SKF agreed: (i) to set the amount necessary to cure pre-petition defaults under Purchase Order Number SAG9OI2726 at $83,147.38 (the "Pre-petition Cure"); (ii) that SKF's right to seek payment in full of all liabilities arising under any Contracts assumed and assigned in connection with the sale of the Debtors' Steering and Halfshaft Business was preserved; and (iii) that SKF's right to seek payment in full of all administrative expense priority claims arising or accruing under any of the Contracts was preserved.

7.      On June 16, 2009, the Debtors filed the Modified Plan and the Supplement To First Amended Disclosure Statement With Respect To the Modified Plan (D.I. 17031) (the "Supplement"). Also on June 16, 2009, the Court entered the Order (a)(1) Approving Modifications To The Plan And Related Disclosures And Voting Procedures And (ii) Setting Final Hearing Date To Consider Modifications To the Plan And (b) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (D.I. 17032).

8.      Further, on July 10, 2009, Debtors filed the Cure Notice. In the Cure Notice, Debtors seek to assume and assign the following SKF Contracts and establish the respective amounts required to cure defaults thereunder: (i) Contract No. SAG9OI4765 (with a

-3-

cure amount of $0.00); (ii) Contract No. SAG9OI4051 (with a cure amount of $0.00); (iii)

Contract No. SAG9OI4642 (with a cure amount of $4,299.91); and (iv) Contract No.

SAG9OI2726 (with a cure amount of $83,147.38), for a total of $87,447.29 (the "Proposed

Cure").  The Cure Notice, however, does not make clear whether Debtors intend to cure all

amounts due under the Contracts proposed to be assumed and assigned as of the effective date of

assignment, or whether their position is that the Proposed Cure comprehensively represents

Debtors' cure obligations.

**Limited Objection**

9.      SKF has no objection to the assumption or assumption and assignment of

its Contracts, including those identified on the Cure Notice.  Further, the proposed cure amounts

set forth in the Cure Notice appear correct to the extent they seek to establish the amounts

necessary to cure **pre-petition defaults under those Contracts identified**, and, in this regard,

appear to be in accordance with the Stipulated Order between Debtors and SKF and approved by

this Court.  However, SKF does object to the Cure Notice to the extent that it seeks to limit

Debtors' cure obligations to amounts due as of the time notices were issued and various prior

(and now, outdated) deadlines were established.

10.     Rather, if the Contracts are to be assumed and assigned, to comply with

the requirements set forth in section 365(b) of the Bankruptcy Code, Debtors' cure obligations

will include not only the Proposed Cure (which represents amounts needed to cure pre-petition

defaults), but also:  (i) amounts required to cure all defaults existing at the time the Contracts are

assumed and assigned; and (ii) all obligations that have accrued under such Contracts that are not

necessarily in default, but which nonetheless exist, at the time assumption and assignment of the

Contracts becomes effective.

-4-

11.      Bankruptcy Code section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Eners., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762 (9th Cir. BAP 1999); *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr. D. Conn. 1985); *In re North American Rental*, 54 B.R. 574 (Bankr. D. N.H. 1985). Furthermore, amounts that have accrued that are not in default must also be satisfied under an assumed contract – either through payment by the Debtors as administrative claims or through the assumption of such liabilities by the assignee of such contracts. In either event, adequate assurance of performance must be provided to ensure that the non-debtor parties to these executory contracts are not "left holding the bag" for defaults and accruals existing at the time such contracts are assumed and assigned.

12.      Presently, in addition to the Proposed Cure, unpaid amounts existing under the Contracts that Debtors seek to assume and assign pursuant to the Cure Notice include: (i) $15,685.36 on account of invoices issued between the Petition Date and on or before June 1, 2009;[1] and (ii) $34,745.24 on account of invoices issued between June 2, 2009 and July 17, 2009, the date of filing this Limited Objection.[2] Of course, it is likely that additional amounts will come due under the Contracts between the date hereof and the effective date of assumption and assignment of such Contracts, but it is impossible to know at this juncture what those amounts will be and whether such amounts will be in default as of the moment that such Contracts are assumed and assigned. Nevertheless, these additional amounts must also be cured

---

[1]      These invoices, together with a spreadsheet detailing same, are appended hereto as Exhibit "A".

[2]      This category of invoices, together with a spreadsheet detailing same, are appended hereto as Exhibit "B".

in connection with assumption and assignment of the Contracts under section 365(b) of the

Bankruptcy Code.

WHEREFORE, SKF respectfully objects to the Cure Notice, and to the proposed

assumption and assignment of its Contracts, except and unless Debtors or assignee(s) cure all

defaults existing under such Contracts on the date assumption and assignment is to become

effective and pay all amounts accrued under such Contracts on the effective date of assumption

and assignment, even if such obligations are not then in default.

Dated:  July 17, 2009

PEPPER HAMILTON LLP

/s/ James C. Carignan
Henry J. Jaffe (DE Bar No. 2987)
James C. Carignan (DE Bar No. 4230)
Hercules Plaza
Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Counsel for SKF USA Inc.*