**BUCHANAN INGERSOLL & ROONEY PC**
Magdeline D. Coleman
620 Eighth Avenue, 23rd Floor
New York, NY 10018
(212) 440-4400 (Telephone)
(212) 440-4401 (Facsimile)

        and

50 South 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700 (Telephone)
(215) 665-8760 (Facsimile)

Counsel for ATEL Leasing Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                    :        Chapter 11
In re:                                              :
                                                    :        Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,                         :
                                                    :        (Jointly Administered)
                                        Debtors.    :
-------------------------------------------------------------- X

### LIMITED OBJECTION OF ATEL LEASING CORPORATION TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

ATEL Leasing Corporation ("ATEL"), and its undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby submits this Limited Objection to Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "Limited Objection"). In support hereof, ATEL respectfully represents as follows:

## Background

1.       On October 8, 2005 (the "Petition Date"), Delphi Corporation and its affiliated companies (collectively, the "Debtors") each filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code").

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3.       On June 16, 2009, this Court entered an order (the "Modified Procedures Order") that, among other things, (a) approved solicitation regarding certain modifications to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as modified (the "Modified Plan"); (b) approved a supplement to disclosure statement; and (c) set a final hearing date to consider approval of the Modified Plan.

4.       The Modified Procedures Order required, among other things, the Debtors to provide notice ("Assignment Notice") to relevant parties of the executory contracts to be assumed and assigned to Parnassus Holdings, II, LLC ("Parnassus").

5.       On or about July 14, 2009, ATEL received the Assignment Notice stating that the Debtors intend to assume and assign to Parnassus a certain executory contract with ATEL identified as  Contract No. D450140635  (the "ATEL Contract").  The Contract No. D45014063 listed by the Debtors is not a format or contract number utilized by ATEL.  Based upon information provided by Debtors to ATEL, the ATEL Contract appears to be comprised of specific lease schedules that the Debtors have aggregated under Contract No. D450140635 for their internal record systems.  A list of the specific lease schedules provided to ATEL by the

2

Debtors is attached hereto as Exhibit A and for the purpose of this Objection shall constitute the ATEL Contract.

6.     The Assignment Notice lists the cure amount as $13,699.83 (the "Proposed Cure Amount"). The Assignment Notice further lists the Proposed Cure Amount as disputed. The Assignment Notice does not include or make any reference to any other amounts, including any post-petition amounts, due and owing for the ATEL Contract.

7.     The Assignment Notice purports to allow ATEL ten (10) days from the date of service to file an objection to the proposed assumption and assignment. The Certification of Service filed by the Debtors on July 17, 2009, reflect that the Assignment Notice was served on ATEL on July 10, 2009. As such, ATEL's Limited Objection to the Assignment Notice is timely-filed.

8.     The Assumption Notice further provides that a non-Debtor counterparty to a contract assumed and assigned to Parnassus ("Parnassus Assumed Contract") asserting that a post-petition default exists which must be cured must file an objection.

## Objection

9.     ATEL does not object generally to the assumption and assignment of the ATEL Contract to Parnassus. However, ATEL objects to the Assignment Notice for two reasons.

10.     First, ATEL objects to the Assignment Notice because the Debtors have not proposed to cure all existing monetary defaults, including the post-petition monetary defaults on the ATEL Contract. As of June 30, 2009, ATEL is owed at least $31,846.03 in post-petition lease payments (the "Post-Petition Default") for the ATEL Contract.

11.     Section 365(b) of the Bankruptcy Code provides, in relevant part, that a debtor may not assume an executory contract on which there has been a default, unless the debtor (i)

3

cures the default or provides adequate assurance that it will promptly cure the default, (ii)

compensates or provides adequate assurance that the debtor will promptly compensate the non-

debtor party for any actual monetary loss caused by the debtor's default; and (iii) provides

adequate assurance of future performance under the contract. See 11 U.S.C. §365(b); In re U.S.

Wireless Data, Inc., 547 F.3d 484, 489 (2d Cir. 2008).

12.     In order to assume the ATEL Contract, the Debtors must cure all existing

defaults, including the Post-Petition Default.

13.     Second, ATEL objects to the Assignment Notice to the extent that it relates or

purports to relate to any other contracts or leases between the Debtors and ATEL. Specifically,

ATEL and the Debtors are parties to certain Master Lease Agreements (the "Agreements"). To

the extent that the ATEL Contract and the Agreements (collectively, the "Contracts") are deemed

part of an integrated whole, all of the contracts, not just the ATEL Contract, must be assumed

together and all monetary defaults due under the Contracts, including post-petition amounts,

must be cured.

14.     ATEL reserves the right to amend this Objection, and assert additional objections

to the proposed assumption and assignment of the ATEL Contract at any hearing thereon.

WHEREFORE, based on the foregoing, ATEL respectfully requests that this Court

condition the Debtors' assumption and assignment of the ATEL Contract on (i) the payment of

all amounts, including any post-petition defaults, due to ATEL for the ATEL Contract, and (ii)

upon a determination that such assumption and assignment does not relate to or impact the

Agreements, any amounts due and owing to ATEL, or any of ATEL's rights thereunder, and (iii)

such other relief as the Court deems just and proper.

4

Dated:  July 17, 2009

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  Magdeline D. Coleman
Magdeline D. Coleman
620 Eighth Avenue, 23rd Floor
New York, NY 10018
(212) 440-4400 (Telephone)
(212) 440-4401 (Facsimile)

and

50 South 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700 (Telephone)
(215) 665-8760 (Facsimile)

*Counsel for ATEL Leasing Corporation*

# EXHIBIT "A"

| |
|---|
| 75GMCO078801 |
| 75GMCO078803 |
| 75GMCO078822 |
| 75GMCO078822R1A |
| 75GMCO081501R1A |
| 75GMCO080601R2 |
| 75GMCO081501 |
| 75GMCO081601 |
| 75GMCO081901-R2 |
| 87GMCO12341118 |