**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. **05-44481** |
| Debtors. | |

***ERRATA COVER PAGE***
***FOR CORRECTED CAPTION***
**OF**
**LIMITED OBJECTION RELATING TO ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS**

In furtherance of the attached Limited Objection of Sun Microsystems Inc. *et al.*, this *errata* corrects the caption as previously served on July 17, 2009.

Dated: New York, New York
July 19, 2009

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY 10119

And

BIALSON, BERGEN & SCHWAB
Patrick M. Costello (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306

*Attorneys for Sun Microsystems, Inc. et al.*

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

**Objection Deadline: July 20, 2009**

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Patrick M. Costello, Esq., (Calif. Bar No. 117205)

*Attorneys for Sun Microsystems, Inc, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Automotive Systems LLC | Case No. **05-44640** |
| Debtors. | |

## LIMITED OBJECTION RELATING TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Sun Microsystems, Inc., for itself and each and all of its subsidiaries and affiliated companies, including without limitation Sun Microsystems Global Financial Services, LLC (collectively, "Sun") hereby objects to the assumption and assignment of any executory contract or lease to which Sun is a counterparty on the following grounds:

**1.** Sun is a party to one or more contracts and/or lease with multiple Delphi entities. Certain of these contractual arrangements are with one of the Debtors, while others are with certain Delphi non-debtor affiliates.

**2.** The docket in these administrative consolidated cases reflect that the Debtors have served

Cure Notices notifying various counter-parties that their contracts or lease are to be assumed and assigned and the cure amount is $0.00.

**3.** Sun has not received any Cure Notice and is unable to determine whether the Debtors have purported to serve Sun with a Cure Notice specifying a $0.00 cure amount. Similarly, Sun is unable to determine whether the Debtors have purported to serve Sun with a Cure Notice indicating that the Debtors propose to assume and assign a contract or purchase order between Sun and a Delphi non-debtor affiliate.

**4.** The extraordinarily shortened notice period with respect to assumption, assignment and cure amounts in the present instance preclude Sun from determining with any certitude whether (i) the Debtors intend to assume and assign any contract or purchase order to which Sun is a party and (ii) the proper cure amount for any such cure amount. Sun has timely filed an Administrative Expense Claim in the Amount of $114,168.03: it is possible that a substantial portion of this claim would constitute a portion of the appropriate cure amount. Accordingly, Sun makes the prophylactic objection to any assumption and assignment of a contract or purchase order to which Sun is a counterparty.

**5.** Sun objects to the assumption and assignment of any contract or purchase order between Sun and a Delphi non-debtor affiliate on grounds that the Debtors have no right to assign such a contract or purchase order and the Bankruptcy Court lacks subject matter jurisdiction to approve or authorize such an assumption or assignment. Sun does not object to the assumption and assignment of a contract or purchase order with a Delphi Debtor, but does object to the extent that the Debtor proposes a Cure Amount less than the full amount necessary to cure all monetary defaults thereunder and requests that the Bankruptcy Court expressly preserve Sun's right to assert the full amount necessary to cure all monetary defaults and condition the assumption and assignment on the payment thereof.

**6.** This Objection is based upon fundamental notices of due process and the lack of any adequate notice to Sun of the intent to assume any contract or purchase order to which Sun is a counterparty and Sun respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for

the Southern District of New York be deemed satisfied.

**7.** Wherefore, Sun respectfully requests that the Bankruptcy Court (i) decline to approve the assumption and assignment of any contract or purchase order between Sun and Delphi non-debtor affiliate; (ii) establish procedures which preserve Sun's right to establish and be paid the full amount of all monetary defaults; and (iii) grant such other and further appropriate relief.

Dated: New York, New York
July 17, 2009

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY 10119

And

BIALSON, BERGEN & SCHWAB
Patrick M. Costello (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306

*Attorneys for Sun Microsystems, Inc, et al..*