**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. **05-44481** |
| Debtors. | |

*ERRATA COVER PAGE*
*FOR CORRECTED CAPTION*
FOR
LIMITED OBJECTION OF UNITED PARCEL SERVICE TO JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

In furtherance of the attached Limited Objection of United Parcel Service this *errata* corrects the caption as previously served on July 17, 2009.

Dated:   New York, New York
          July 19, 2009

                                                Respectfully submitted,

                                                WHITE AND WILLIAMS, LLP

                                                By: /s/ Karel S. Karpe_____
                                                     Karel S. Karpe
                                                One Penn Plaza, Suite 4110
                                                New York, NY  10119

                                                And

                                                BIALSON, BERGEN & SCHWAB
                                                Patrick M. Costello (*admitted in California*)
                                                Kenneth T. Law (*admitted in California*)
                                                2600 El Camino Real, Suite 300
                                                Palo Alto, California 94306

                                                *Attorneys for United Parcel Service*

C:\NrPortbl\PHLDMS1\KARPEK\5450743_1.DOC          1

5450743v.1

WHITE AND WILLIAMS, LLP            **Objection Deadline: July 20, 2009**
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Patrick M. Costello, Esq., (Calif. Bar No. 117205)

*Attorneys for United Parcel Service*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Automotive Systems LLC | Case No. **05-44640** |
| Debtors. | |

**LIMITED OBJECTION OF UNITED PARCEL SERVICE TO JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

United Parcel Service, for itself and each and all of its subsidiaries and affiliated companies, (collectively, "UPS") hereby objects to the *July 10, 2009 Notice of Filing of Notices of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization* ("July 10 Notice") on the following grounds:

**Agreements**

1. UPS is a party to one or more contracts and/or leases with multiple Delphi entities. Certain contractual arrangements are with one of the Delphi Debtors, while others are with certain non-debtor Delphi affiliates (hereinafter the "Agreements").

2. UPS has filed an administrative claim in the above-referenced bankruptcy case in the sum of $81,418.34.

3. In the July 10 Notice, UPS is listed in Schedule 1—Supplier Contracts as a Non-Debtor Counterparty with a Cure Amount of $0.00.

## Limited Objection

4. UPS has no objection to the Debtors' assumption and assignment of the Agreements. However, the actual Cure Amount required is estimated to be not less than **$81,418.34**.

5. The Agreements cannot be assumed without the concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy Code] required a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).

6. Accordingly, before the Debtors assume and assign the Agreements, the Debtors must cure the entire arrearages owed to UPS.

7. There may be additional cure obligations, arising from any post-petition defaults, pending the actual assumption and assignment of the Agreements. UPS hereby preserve their right to assert additional cures or other amounts against the Debtors, their estates or the Purchaser, in the event of any post-petition (but pre-assumption) defaults.

8. Since the legal points and authorities upon which UPS relies for the purposes of this Objection are incorporated into the Objection, UPS respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, UPS respectfully requests that the Bankruptcy Court (i) decline to approve the assumption and assignment of any contract or lease between UPS and any Delphi non-debtor affiliate;

(ii) establish procedures which preserve UPS's right to establish and be paid the full amount of all monetary defaults; (iii) require the amount of any cure payments be increased as set forth herein, and (iv) grant such other and further appropriate relief.

Dated:   New York, New York
         July 17, 2009

        Respectfully submitted,

        WHITE AND WILLIAMS, LLP

        By: /s/ Karel S. Karpe
            Karel S. Karpe
        One Penn Plaza, Suite 4110
        New York, NY  10119

        And

        BIALSON, BERGEN & SCHWAB
        Patrick M. Costello (*admitted in California*)
        Kenneth T. Law (*admitted in California*)
        2600 El Camino Real, Suite 300
        Palo Alto, California 94306

        *Attorneys for United Parcel Service*