CARSON FISCHER, P.L.C.
Counsel for Findlay Industries, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :    Case No.: 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,                       :    (Jointly Administered)
                                                    :
        Debtors.                                    :
------------------------------------------------------------x

### FINDLAY INDUSTRIES, INC.'S OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

Findlay Industries, Inc. ("**Findlay**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its limited objection to the proposed assumption and assignment of executory contracts with Findlay.

### INTRODUCTION

1.      On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**") and its affiliated debtors (collectively, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.    On June 16, 2009, the United States Bankruptcy Court (the **"Court"**) entered an order (the **"Modified Procedures Order"**) which, among other things, (a) approved solicitation with respect to modifications to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as modified (the **"Modified Plan"**); (b) approved a related supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007; and (c) set a final hearing date to consider approval of the Modified Plan.

4.    In accordance with the Modification Procedures Order, the Debtors are required to provide notice of what executory contracts will be assumed and assigned to Parnassus Holdings II, LLC (**"Parnassus"**).

5.    On July 10, 2009, Debtors filed *Notice of Filing of Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC under Modified Plan of Reorganization* (the **"Assignment Notice"**), which indicates that Debtors intend to assume and assign to Parnassus certain contracts identified on attached **Exhibit A** (the **"Findlay Contracts"**) between Findlay and the Debtors[1]. The proposed cure amount is $0.00 (the **"Proposed Cure Amount"**).

6.    The Assignment Notice purports to allow Findlay ten days from the date of the Findlay Assignment Notice in which to file objections to the proposed assumption and assignment. The Assignment Notice is dated July 10, 2009. Findlay's objection to the Assignment Notice is timely-filed.

---

[1] To the extent that the Debtors seek to assume and assign contracts in addition to the Findlay Contracts, Findlay objects to such assumption for the reasons set forth in this objection.

2

7.    The Assignment Notice further provides that in accordance with the Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, the Proposed Cure Amount has already been established with respect to any pre-petition default and that Findlay is barred and enjoined from asserting that any other amounts are owing on account of any pre-petition default.  However, the Findlay Assignment Notice also provides that Findlay **may** file an objection on the basis that a post-petition default exists which must be cured pursuant to 11 U.S.C. § 365.

**OBJECTION**

8.    Subsequent to the Petition Date, upon information and belief, the Debtors consensually removed from Findlay all production which Findlay had been performing for Debtors and Findlay has ceased any and all production for Debtors.

9.    As a result of the foregoing, there are not any executory contracts, or unexpired leases in effect between the Debtors and Findlay and, therefore, no such contracts exist which are capable of being assumed and assigned by the Debtors.

10.    Findlay is otherwise winding-down its business operations and has sold, or is in the process of selling, it's remaining operating assets.  As a result, even if there were any existing executory contracts in existence between Debtors and Findlay, which there are not, Findlay would have no ability to perform any of the alleged Findlay Contracts.

11.    Findlay has no objection to the Debtors paying Findlay on any outstanding invoices.  As of the time of this objection, Findlay has been unable to

3

reconcile with its records the alleged Findlay Contracts and what amounts, if any, may remain owing by Debtors to Findlay with respect thereto or otherwise.

12.    Findlay reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Findlay Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Findlay objects to the Debtors' proposed assumption and assignment of the Findlay Contracts and respectfully requests that this Court grant Findlay such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Findlay Industries, Inc.*

By: /s/ Patrick J. Kukla
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI  48302
Tele:  (248) 644-4840

Dated:  July 18, 2009

# EXHIBIT

# A

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation.  In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| FINDLAY INDUSTRIES | DELPHI P CHIHUAHUA I | 10001767 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P CHIHUAHUA I | 10001767 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P CHIHUAHUA I | 30128 | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
### (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation.  In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 14000032 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 30107 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 30107 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P CHIHUAHUA I | 30128 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 679-1 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 721-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 725-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 729-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 771-1 | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 782-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 846-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 846-I | $0.00 | |
| FINDLAY INDUSTRIES | DELPHI P ZACATECAS | 846-I | $0.00 | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.