CARSON FISCHER, P.L.C.
Counsel for Vitec, LLC
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                               :

In re:                          :      Chapter 11
                                 :      Case No.: 05-44481 (RDD)

DELPHI CORPORATION, *et al.*,      :      (Jointly Administered)
                                 :

          Debtors.             :
-----------------------------------------------------------------x

## VITEC, LLC'S LIMITED OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED

**Vitec, LLC ("Vitec")**, by and through its attorneys, Carson Fischer, P.L.C., hereby

states its limited objection to the proposed assumption and assignment of executory

contracts with Vitec.

## INTRODUCTION

1.      On October 8, 2005 (the **"Petition Date"**), Delphi Corporation (**"Delphi"**)

and its affiliated debtors (collectively, the **"Debtors"**) each filed voluntary petitions for

relief under Chapter 11 of the Bankruptcy Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§  157 and 1334.  This is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3.    On June 16, 2009, the United States Bankruptcy Court (the **"Court"**) entered an order (the **"Modified Procedures Order"**) which, among other things, (a) approved solicitation with respect to modifications to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as modified (the **"Modified Plan"**); (b) approved a related supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007; and (c) set a final hearing date to consider approval of the Modified Plan.

4.    In accordance with the Modification Procedures Order, the Debtors are required to provide notice of what executory contracts will be assumed and assigned.

5.    On July 10, 2009, Debtors filed *Notice of Filing of Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC under Modified Plan of Reorganization* (the **"First Assignment Notice"**), which indicates that Debtors intend to assume and assign to Parnassus Holdings II, LLC (**"Parnassus"**) certain contracts identified on attached **Exhibit A** (the **"Parnassus Assigned Contracts"**) between Vitec and the Debtors. The proposed cure amount is $0.00.

6.    Also, on July 10, 2009, Debtors filed *Notice of Filing of Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, As Applicable, Under Modified Plan of Reorganization* (the **"Second Assignment Notice"** collectively with the First Assignment Notice, the **"Assignment Notices"**), which indicates that Debtors intend to assume and assign to GM Holdings,

LLC or Steering Solutions Services Corporation (collectively, the **"Assignee"**) contract # P50255 (the **"GM Assigned Contract"** collectively, with the Parnassus Assigned Contract, the **"Vitec Contracts"**) between Vitec and the Debtors[1]. See attached **Exhibit B**. The proposed cure amount is $0.00.

7.      The Assignment Notices purports to allow Vitec ten days from the date of the Assignment Notices in which to file objections to the proposed assumption and assignment. The Assignment Notices are dated July 10, 2009. Vitec's objection to the Assignment Notices is timely-filed.

8.      The Assignment Notices further provide that in accordance with the Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, the Proposed Cure Amount has already been established with respect to any pre-petition default and that Vitec is barred and enjoined from asserting that any other amounts are owing on account of any pre-petition default. However, the Assignment Notices also provide that Vitec **may** file an objection on the basis that a post-petition default exists which must be cured pursuant to 11 U.S.C. § 365.

## OBJECTION

9.      Vitec files this limited objection to the assumption of the Vitec Contracts since, as of the time of this objection, Vitec has been unable to verify that the Vitec Contracts are executory contracts and, Vitec has been unable to verify the appropriate

---

[1] To the extent that the Debtors seek to assume and assign contracts in addition to the Vitec Contracts, Vitec objects to such assumption for the reasons set forth in this objection.

cure amount (taking into account any post-petition amounts owed by the Debtors) owed.

10.    Section 365(a) of the Bankruptcy Code provides that a debtor, subject to court approval, "may assume or reject any executory contract or unexpired lease of the debtor." However, before a debtor can assume a contract pursuant to Section 365, it must first be established that an executory contract existed at the time of the bankruptcy filing. *In re Kong*, 162 B.R. 86, 91 (Bankr. E.D. N.Y. 1993).

11.    The Bankruptcy Code does not define the term "executory contract." In construing the term "executory contract" the majority of courts, including the United States Court of Appeals for the Second Circuit, have adopted the "Countryman Definition" formulated by Professor Vern Countryman. See *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 488 (2d Cir. 2008). Under the Countryman Definition an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." See Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973). See also *U.S. Wireless Data at* 488 (2d Cir. 2008);

12.    Vitec has been unable to ascertain whether the Vitec Contracts are executory contracts. Additionally, to the extent that the Vitec Contracts and other contracts between the Debtors and Vitec are part of an integrated whole, all of the contracts, not just the Vitec Contracts must be assumed together. *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D. N.Y. 1999).

13.    Assuming that the Vitec Contracts are executory contracts, in order to assume and assign the Vitec Contracts, the Debtors must cure all existing monetary defaults, including post-petition monetary defaults.

14.    Section 365(b) provides that a debtor may not assume an executory contract on which there has been a default, unless the debtor (i) cures the default or provides adequate assurance that it will promptly cure the default; (ii) compensates or provides adequate assurance that the debtor will promptly compensate the non-debtor party for any actual monetary loss caused by the debtor's default; and (iii) provides adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b); *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d. Cir. 2008) Daat 489; *In re Chateaugay Corp.*, 10 F.3d 944, 954 (2nd Cir. 1993).

15.    The payment of cure claims strives to restore the debtor-creditor relationship to pre-default conditions by bringing the contract back into compliance with its terms. *U.S. Wireless* at 489; *In re Taddeo*, 685 F.2d 24, 26-27 (2nd Cir. 1982).

16.    Thus, in order to assume the Vitec Contracts, the Debtors must cure all existing defaults, including any post-petition default.

17.    Vitec is in the process of reconciling what cure amount, if any, is owed by the Debtors and ascertaining whether the Vitec Contracts are executory contracts. However, given the objection deadline contained in the Assignment Notices, Vitec files this limited objection to preserve its right to ascertain the status of the Vitec Contracts and the correct cure amount owed.

18.   Vitec reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Vitec Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Vitec respectfully requests that the Court condition the Debtors' assumption and assignment (i) upon a determination that the Vitec Contracts are executory contracts and (ii) upon payment of the correct cure amount owed, including any and all post-petition defaults and grant Vitec such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Vitec, LLC*

By: */s/ Patrick J. Kukla*
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI 48302
Tele: (248) 644-4840

Dated: July 18, 2009

# EXHIBIT

# A

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
### (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation. In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| VITEC | DELPHI P CHIHUAHUA I | 20782 | $0.00 | |
| VITEC | DELPHI P CHIHUAHUA I | P50345 | $0.00 | |
| VITEC | DELPHI P CHIHUAHUA I | P50363 | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

# EXHIBIT

# B

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
### (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation.  In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| VITEC | DELPHI E & C ROCHESTER | P50255 | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.