July 11, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408



Docket Number 05-44481

Subject: Objection to Master Disposition Agreement Article 9.5.11 (salaried severance payment termination) and Plan Modification Motion.

Dear Honorable Judge Drain:

I strongly object to the termination of severance payments to salaried employees. On October 28, 2008, I signed a Delphi Separation Allowance Plan Release of Claims. This agreement was accepted and signed at the same time by my HR Representative on behalf of Delphi. I consider this agreement to be a legally binding contract that was executed during Delphi's bankruptcy. It is not a pre-petition contract. Delphi should be required to honor this contract. I do not believe it is legal for Delphi to terminate severance payments and ignore the contracts it enter into with salaried employees.

At this date Delphi has paid me only half of the severance pay I was to supposed to receive according to the Separation Allowance Plan Release of Claims I signed. Other salaried employees who were separated 30 to 90 days prior to my separation (also post-petition) were paid the entire severance payment amounts that they were supposed to receive. Why am I being discriminated against? I do not believe it can be legal for Delphi to terminate my severance payments. My Separation Allowance Plan Release of Claims is a post-petition contract as were the Separation Allowance Plan Release of Claims of other salaried employees who were paid severance payments in full.

Furthermore, payment of my full separation pay and the full separation pay of other Delphi salaried employees is a small amount of money and would not prevent Delphi from emerging from bankruptcy. However, the termination of my severance pay creates a hardship on me as Delphi has already eliminated my healthcare, life insurance, dental, and vision insurance in retirement. If Delphi is allowed to turn my pension over to the PBGC, my pension will be greatly reduced and my husband and I will be financially devastated and reduced to poverty.

Please refuse to allow Delphi to terminate severance payments.

Respectfully,

Taunee Boudreau

Taunee Boudreau (Delphi Salaried Retiree)
6255 W County Road 00 NS
Kokomo, IN 46901-9799