TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :    Chapter 11
DELPHI CORPORATION, *et al.*,                               :    Case No. 05-44481 [RDD]
                                                            :
                    Debtors.                                :    Jointly Administered
                                                            :
------------------------------------------------------------x

**EX PARTE APPLICATION UNDER 11 U.S.C.
§ 107(b) AND FED. R. BANKR. P. 9018 FOR AN ORDER
AUTHORIZING DEBTORS TO FILE (I) A REDACTED COPY OF
OEM RECEIVER PRODUCTION, MARKETING AND LICENSE AGREEMENT
WITH THEIR RESPONSE AND (II) AN UNREDACTED COPY UNDER SEAL**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

    Delphi Corporation ("Delphi") and certain of its subsidiaries and

affiliates, debtors and debtors in possession (collectively, the "Debtors") in the above-

captioned cases (the "Cases"), by their undersigned counsel, as and for their Ex Parte

Application for an Order pursuant to section 107(b) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), respectfully state:

## PRELIMINARY STATEMENT

1. Delphi Automotive Systems LLC ("DAS") and XM Satellite Radio Inc. ("XM") were parties to an OEM Receiver Production, Marketing and License Agreement (the "Agreement"), which was effective as of April 16, 2004 and which expired by its terms on April 16, 2009.

2. On June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (As Modified) (the "Modified Plan").

3. On July 2, 2009, the Debtors served a Notice of Non-Assumption of Contract regarding the Agreement upon XM because the Agreement had expired.

4. On July 14, 2009, XM filed an Objection to the Notice of Non-Assumption of Contract and to the Modified Plan (the "Objection") and has asserted that certain post-expiration obligations of the Debtors render the Agreement executory. For that reason, XM asserts that the Agreement must be assumed and that the Debtors must pay more than $1 million to XM as a cure obligation.

5. While the potential exists for a consensual resolution of the Objection, the Debtors anticipate that they will file a Response to the Objection (the "Response") and thus seek authority to file (i) a redacted copy of the Agreement with the Response, and (ii) an unredacted copy of the Agreement under seal, and respectfully represent as follows:

## BACKGROUND

**A.    The Chapter 11 Filings**

6. On October 8 and 14, 2005, Delphi and certain of its U.S. subsidiaries and affiliates filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

**B.    <u>The Agreement</u>**

7.    Under the Agreement, DAS developed, marketed and produces certain radios for the XM satellite system and it was granted certain licenses by XM in exchange for the payment of royalties to XM. XM's grant of its license to the Debtors expired on April 16, 2009 in accordance with the terms of the Agreement.

8.    Pursuant to Section 6.4 of the Agreement, neither party may disclose the contents of the Agreement without the prior written consent of the other party. Due to the highly sensitive nature of financial and other terms of the Agreement, the Debtors, with XM's consent, seek to file a redacted copy of the Agreement, in the form attached hereto as Exhibit "1," as well as an unredacted copy of the Agreement under seal, since the Agreement itself is at the heart of this dispute.

## <u>JURISDICTION</u>

9.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10.    The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## <u>RELIEF REQUESTED</u>

11.    The Debtors seek immediate entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file (i) a redacted copy of

3

the Agreement with their Response, and (ii) an unredacted copy of the Agreement under seal for the Court's review, with the consent of XM.

## BASIS FOR RELIEF

12. The Agreement contains a confidentiality provision to ensure the protection of highly sensitive and confidential terms in connection with the relationship between the Debtors and XM, including terms related to pricing and royalty terms. In accordance with terms of the Agreement, the Debtors have obtained the written consent of XM to file the redacted Agreement with their Response, as well as an unredacted Agreement under seal for the Court's review. The parties have agreed that filing a redacted version of the Agreement with the Court is in the best interest of the parties as they litigate this dispute.

## APPLICABLE AUTHORITY

13. Bankruptcy Code section 107(b) authorizes Bankruptcy Courts to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information, and provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall. . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 defines the procedures by which a party may seek relief pursuant to section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

4

15.     Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." <u>Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp</u>.), 21 F.3d 24, 28 (2d Cir. 1994). A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." <u>Id.</u> at 28. The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27).

16.     Here, there is good cause for the relief requested. The Agreement contains sensitive commercial information which is subject to a confidentiality provision. Moreover, disclosure of that sensitive information may negatively impact ongoing negotiations between the Debtors and XM regarding a new agreement. The confidential information in the Agreement qualifies as "commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 because disclosure thereof could prejudice the Debtors' ability to negotiate future agreements with other parties in the industry to the detriment of the Debtors and their estates. Accordingly, this Court is authorized to permit the Debtors to file a redacted copy of the Agreement with their Response and an unredacted copy of the Agreement under seal.

17.     No prior application for the relief requested herein has been made to this or any other Court.

## NOTICE OF APPLICATION

18. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary. Nevertheless, the Debtors will serve a copy of this Application upon Hogan & Hartson LLP, counsel for XM, 875 Third Avenue, New York, New York 10022, Attn: Scott A. Golden, Esq. As previously stated the Debtors have received written consent from XM to file a redacted copy of the Agreement with this Court and to file an unredacted copy under seal. The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)(B) so that the Debtors may file a redacted copy of the Agreement simultaneously with the Response, which they intend to file on July 21, 2009.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form annexed hereto as Exhibit "2" (a) authorizing the Debtors to file (i) a redacted copy of the Agreement with their Response and (ii) an unredacted copy of the Agreement under seal, and (b) granting them such other and further relief as is just.

Dated:  New York, New York
        July 20, 2009

                                    DELPHI CORPORATION, *et al.*
                                    By their attorneys,
                                    TOGUT, SEGAL & SEGAL LLP
                                    By:

                                     /s/ Neil Berger
                                    ALBERT TOGUT
                                    NEIL BERGER
                                    Members of the Firm
                                    One Penn Plaza
                                    New York, New York 10119
                                    (212) 594-5000