CARSON FISCHER, P.L.C.
Counsel for Behr America, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Robert A. Weisberg (P26698)
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                              :

In re:                          :         Chapter 11
                              :         Case No.: 05-44481 (RDD)

DELPHI CORPORATION, *et al.,*     :         (Jointly Administered)
                              :

         Debtors.           :
-------------------------------------------------------------x

### BEHR AMERICA, INC.'S LIMITED OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

**Behr America, Inc.** and certain of its subsidiaries[1] (collectively, "**Behr America**"),

by and through its attorneys, Carson Fischer, P.L.C., hereby states its limited objection

to the proposed assumption and assignment of executory contracts with Behr America.

### INTRODUCTION

1.      On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**")

and its affiliated debtors (collectively, the "**Debtors**") each filed voluntary petitions for

relief under Chapter 11 of the Bankruptcy Code.

---

[1] For purposes of this objection, Behr America's subsidiaries include, Behr Dayton Thermal Products, LLC, Behr America Service Parts, LLC and Behr Climate Systems, Inc.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On June 16, 2009, the United States Bankruptcy Court (the "**Court**") entered an order (the "**Modified Procedures Order**") which, among other things, (a) approved solicitation with respect to modifications to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as modified (the "**Modified Plan**"); (b) approved a related supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007; and (c) set a final hearing date to consider approval of the Modified Plan.

4.      In accordance with the Modification Procedures Order, the Debtors are required to provide notice (the "**Assignment Notice**") of what executory contracts will be assumed and assigned to Parnassus Holdings II, LLC ("**Parnassus**").

5.      On or around July 14, 2009, Behr America received the *Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC under Modified Plan of Reorganization* (the "**Behr Assignment Notice**"), which indicates that Debtors intend to assume and assign to Parnassus certain contracts between Behr America and the Debtors.

6.      Specifically, Delphi is seeking to assume contracts with (a) Behr America Service Parts, LLC, identified on attached **Exhibit A** (the "**Service Parts Contracts**"); (b)

Behr Climate Control, identified on attached **Exhibit B** (the **"Behr Climate Contracts"**)[2]; and (c) Behr Dayton Thermal Products, LLC, identified on attached **Exhibit C** (the **"Behr Dayton Contracts"**, collectively, with the Service Parts Contracts and the Behr Climate Contracts, the **"Behr Contracts"**)[3]. The proposed cure amount for each of the Behr Contracts is $0.00 (the **"Proposed Cure Amount"**).

7.       The Behr Assignment Notice further provides that in accordance with the Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, the Proposed Cure Amount has already been established with respect to any pre-petition default and that Behr America is barred and enjoined from asserting that any other amounts are owing on account of any pre-petition default.    However, the Behr Assignment Notice also provides that Behr America **may** file an objection on the basis that a post-petition default exists which must be cured pursuant to 11 U.S.C. § 365.

## OBJECTION

8.       Behr America files this limited objection to the assumption of the Behr Contracts since, as of the time of this objection, Behr has been unable to verify that each of the Behr Contracts is an executory contract and, Behr America has been unable to verify the appropriate cure amount (taking into account any post-petition amounts owed by the Debtors) owed.

---

[2] It is unclear whether Debtors are referring to Behr Climate Systems Inc. or a different entity.  To the extent that Debtors are seeking to assume and assign contracts with Behr Climate Systems, Inc., Behr America objects to the assumption for the reasons set forth in this objection.

[3] To the extent that the Debtors seek to assume and assign contracts in addition to the Behr Contracts, Behr America objects to such assumption for the reasons set forth in this objection.

9.    Section 365(a) of the Bankruptcy Code provides that a debtor, subject to court approval, "may assume or reject any executory contract or unexpired lease of the debtor." However, before a debtor can assume a contract pursuant to Section 365, it must first be established that an executory contract existed at the time of the bankruptcy filing. *In re Kong*, 162 B.R. 86, 91 (Bankr. E.D. N.Y. 1993).

10.    The Bankruptcy Code does not define the term "executory contract." In construing the term "executory contract" the majority of courts, including the United States Court of Appeals for the Second Circuit, have adopted the "Countryman Definition" formulated by Professor Vern Countryman. See *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 488 (2d Cir. 2008). Under the Countryman Definition an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." See Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973). See also *U.S. Wireless Data at* 488 (2d Cir. 2008);

11.    Behr America has been unable to ascertain whether the Behr Contracts are executory contracts. Additionally, to the extent that the Behr Contracts and other contracts between the Debtors and Behr America are part of an integrated whole, all of the contracts, not just the Behr Contracts must be assumed together. *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D. N.Y. 1999).

12.     Assuming that the Behr Contracts are executory contracts, in order to assume and assign the Behr Contracts, the Debtors must cure all existing monetary defaults, including post-petition monetary defaults.

13.     Section 365(b) provides that a debtor may not assume an executory contract on which there has been a default, unless the debtor (i) cures the default or provides adequate assurance that it will promptly cure the default; (ii) compensates or provides adequate assurance that the debtor will promptly compensate the non-debtor party for any actual monetary loss caused by the debtor's default; and (iii) provides adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b); *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d. Cir. 2008) Daat 489; *In re Chateaugay Corp.*, 10 F.3d 944, 954 (2nd Cir. 1993).

14.     The payment of cure claims strives to restore the debtor-creditor relationship to pre-default conditions by bringing the contract back into compliance with its terms. *U.S. Wireless* at 489; *In re Taddeo*, 685 F.2d 24, 26-27 (2nd Cir. 1982).

15.     Thus, in order to assume the Behr Contracts, the Debtors must cure all existing defaults, including any post-petition defaults.

16.     Behr America is in the process of reconciling what cure amount, if any, is owed by the Debtors and ascertaining whether the Behr Contracts are executory contracts. However, given the objection deadline contained in the Behr Assignment Notice, Behr America files this limited objection to preserve its right to ascertain the status of the Behr Contracts and the correct cure amount owed.

17.    Behr America reserves the right to amend this objection and reserves the right to assert additional objections to the proposed assumption and assignment of the Behr Contracts at any hearing on this objection.

WHEREFORE, based upon the foregoing, Behr America respectfully requests that the Court condition the Debtors' assumption and assignment (i) upon a determination that the Behr Contracts are executory contracts and (ii) upon payment of the correct cure amount owed, including any and all post-petition defaults and grant Behr such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Behr America, Inc.,*

By: */s/ Patrick J. Kukla*
Robert A. Weisberg (P26698)
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI  48302
Tele:  (248) 644-4840

Dated:  July 20, 2009

# EXHIBIT

# A

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation. In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 325241 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 5500056305 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 5500066112 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 69558 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 69791 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 70931 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 71177 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 71580 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 71581 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 71832 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 72606 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P CHIHUAHUA I | 72630 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI P RBE V | 73923 | $0.00 | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation.  In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 240075 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 243061 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 243061 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 61356 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 73181 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | 73182 | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | XXXXXX | $0.00 | |
| BEHR AMERICA SERVICE PARTS LLC | DELPHI D DELNOSA PLANT 1-4 | XXXXXX | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

# EXHIBIT B

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
### (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation.  In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 325241 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 5500056305 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 5500066112 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 69558 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 69791 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 70931 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 71177 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 71580 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 71581 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 71832 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 72606 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P RBE V | 73923 | $0.00 | |
| BEHR CLIMATE CONTROL PTY LTD | DELPHI P CHIHUAHUA I | C33383 | $0.00 | |

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

# EXHIBIT

# C

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation. In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 325241 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 5500056305 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 5500056309 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 5500065978 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 5500065979 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 5500066112 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 69791 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 70931 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 71581 | $0.00 | |
| BEHR DAYTON THERMAL PRODUCTS | DELPHI P RBE V | 73923 | $0.00 | |
| | | | | |
| | | | | |
| | | | | |

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.