Phillips Lytle LLP
William J. Brown (WB9631)
Angela Z. Miller (AM4473)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

*Attorneys for E.I. du Pont de Nemours and Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              )
In re:                                        )          Chapter 11
                                              )
DELPHI CORPORATION, et al.,                   )          Case No. 05-44481 (RDD)
                                              )
              Debtors.                        )          (Jointly Administered)
                                              )
-------------------------------------------------------------x

**OBJECTION OF E.I. DU PONT DE NEMOURS AND COMPANY
TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
TO GM COMPONENTS HOLDINGS LLC AND PARNASSUS HOLDINGS II, LLC
UNDER MODIFIED PLAN OF REORGANIZATION**

E.I. du Pont de Nemours and Company ("DuPont") by its attorneys, Phillips Lytle LLP,

files this objection (the "Objection") to the Notice of Assumption and Assignment With Respect

to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM

Components Holdings, LLC or Steering Solutions Services Corporation dated July 10, 2009

(Docket No. 18077) ("GM Notice") and the Notice of Assumption and Assignment With Respect

to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus

Holdings II, LLC dated July 10, 2009 (Docket No. 18076) ("Parnassus Notice" and collectively

with the GM Notice, the "Notices"). As set forth below, DuPont objects to the Debtors'

proposed assumption and assignment of the alleged DuPont contracts set forth on attached

Exhibit A (the alleged DuPont contracts identified in the GM Notice) and Exhibit B (the alleged

DuPont contracts identified in the Parnassus Notice). In support of this Objection, DuPont

respectfully states as follows:

1.     On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Debtor") and

numerous related entities (collectively with the Debtor, the "Debtors") filed voluntary petitions

initiating chapter 11 bankruptcy cases now jointly administered as captioned above ("Case").

2.     On July 10, 2009, the Debtors allegedly sent the Notices to DuPont, wherein the

Debtors state their intent to assume and assign the alleged executory contracts set forth on

attached Exhibits A and B to which DuPont is a counter-party (collectively, "Contracts"). The

Notices provide that the deadline to file objections to each of the Notices is 10 days after the date

of the Notices.

3.     To the best of its knowledge, DuPont has not received the Notices, but today was

made aware of the Notices upon review of the docket of the Case.

4.     The Notices further provide that in accordance with the Court's prior orders in

connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures

Order (as defined in each Notice[1]), the Proposed Cure Amount has already been established with

respect to any pre-petition default and that DuPont is barred and enjoined from asserting that any

other amounts are owing on account of any pre-petition default. However, the Notices also

provide that DuPont may file an objection on the basis that a post-petition default exists which

must be cured pursuant to 11 U.S.C. § 365.

---

[1] Capitalized terms not expressly defined herein have the meaning ascribed to them in the
Notices.

- 2 -

5.    DuPont files this limited objection to the proposed assumption of the Contracts since, as of the time of this objection, DuPont has been unable to verify that the Contracts are executory contracts and, upon information and belief, the Proposed Cure Amount (taking into account post-petition amounts owed by the Debtors) is not accurate.

6.    DuPont is party to multiple executory contracts/purchase orders with the Debtors pursuant to which it is owed in excess of $780,000 post-petition.  The Notices provide in total $3,350.08 in cure amount due and owing to DuPont, do not identify other purchase orders or contracts that are likely part of the same relationship between DuPont and the Debtors, and do not describe the proposed assignee to any extent.

7.    Given the procedural posture and lack of adequate notice, DuPont objects to the Notices for the reasons set forth below.

## OBJECTIONS

8.    DuPont objects to the Notices on each of the following grounds:

A.    The Contracts cannot be assumed without assumption of all related purchase orders and the contract that are part of the same relationship and executory contract.  "A contract assumed in bankruptcy is accompanied by all its provisions, and conditions.  It may not be assumed in part and rejected in part."  *In re Nitec Paper Corp.*, 43 B.R. 492, 498 (S.D.N.Y. 1984); *In re Atlantic Computer Systems, Inc.*, 173 B.R. 844 (S.D.N.Y. 1994).

B.    The Contracts cannot be assumed without concurrent cure of all arrearages.  "Section 365(b) of the executory contracts section of the [Bankruptcy] Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract."  *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).  DuPont is unable to determine at

this point whether the arrearages identified in the Notices are correct.  Given DuPont is

owed in excess of $780,000 by the Debtors post-petition, it is unlikely.

      C.     The Contracts cannot be assumed or assigned without an adequate

showing of future performance.  11 U.S.C. § 365(b)(1).  *In re Luce Industries, Inc.*, 14

B.R. 529 (S.D.N.Y. 1981) (court erred in allowing debtor to assume agreement without

assurance by debtor that arrearages would be paid and that debtor could perform).  None

has been provided in the Notices.

     9.     DuPont reserves its right to amend this Objection to include any additional facts

as may be determined by its further investigation of the Notices and Contracts.

     10.     Any reply to this Objection should be served upon Phillips Lytle LLP,

3400 HSBC Center, Buffalo, New York 14203, Attn: Angela Z. Miller, Esq.

## WAIVER OF MEMORANDUM

     11.     DuPont respectfully requests that this Court waive the requirement contained in

Rule 9013 of the Local Bankruptcy Rules for the Southern District of New York that a separate

memorandum of law be submitted because the issues raised in this Objection are not novel.  To

the extent that this Court determines that a memorandum of law is required, DuPont requests that

it be allowed to submit one at a date to be determined by the Court.

WHEREFORE, DuPont respectfully request that its Objection to the Notices be sustained and that the Debtors be prohibited from assuming and/or assigning the Contracts as set forth herein.

Dated: July 20, 2009
     Buffalo, New York

        PHILLIPS LYTLE LLP


        By _____ /s/ Angela Z. Miller ____
           William J. Brown (WB9631)
           Angela Z. Miller (AM4473)
        437 Madison Avenue, 34th Floor
        New York, NY  10022
        Telephone No. (212) 759-4888
          and
        3400 HSBC Center
        Buffalo, New York  14203
        Telephone No. (716) 847-8400
        Fax (716) 852-6100

        Attorneys for E.I. DuPont de Nemours and Company

AZMhj
Doc # 01-2307790.1