**Objection Deadline**:  July 20, 2009

Robert V. Sartin, Esq.
Frost Brown Todd LLC
250 W. Main Street, Suite 2800
Lexington, Kentucky  40507
Tel:  (859) 231-0000

*Attorneys for Toyota Motor Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| DELPHI CORPORATION, INC., et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF TOYOTA MOTOR CORPORATION TO DEBTORS'
(A) JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION,
(B) JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS
HOLDINGS, LLC OR STEERING SOLUTIONS SERVICES CORPORATION, AS
APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION, (C) JULY 13, 2009
NOTICE OF FILING OF CORRECTED NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION, AND (D)
ERRATA SCHEDULE 2 TO CERTAIN NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Toyota Motor Corporation ("TMC"), a party-in-interest herein, through counsel, and for its limited objection (the "Objection") to the Debtors' (A) July 10, 2009 Notice of Filing of Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18076], (B) July 10, 2009 Notice of Filing of Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization [Docket No.18077], (C) July 13, 2009 Notice of Filing Corrected Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18169], and (D) Errata Schedule 2 to Certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization [Docket No. 18168] (collectively, the "Cure & Assignment Notices"), states as follows:

## Preliminary Statement[1]

1.     TMC does not object to the assumption of its contracts by the Debtors and assignment of such contracts to the Purchasers, or any other party who is ultimately the successful purchaser of the Debtors' assets, so long as the issues raised by the Toyota Objection to Modified Plan and 363 Agreement are resolved. The parties are currently negotiating a resolution of the Toyota Objection to Modified Plan and 363 Agreement, but, to the extent a resolution is not timely reached, TMC must object to the Cure & Assignment Notices to preserve its rights.     Specifically, the Debtors' Cure & Assignment Notices do not provide sufficient

---

[1] Terms not defined in this Preliminary Statement shall have the meanings given them below.

information for TMC to determine which contracts are to be assumed by the Debtors and to which Purchaser such contracts are to be assigned.

2.     Furthermore, the Cure & Assignment Notices do not reflect the correct amount of cure necessary for the assumption and assignment of TMC's contracts, including, but not limited to, all Contractual Obligations. The cure amount shall consist of (i) $51,342.00 for the Refund related to the License Agreement, and (ii) any other cure amount related to TMC's contracts established by TMC once the Debtors have specified which contracts they wish to assume and assign. Accordingly, TMC objects to the Cure & Assignment Notices.

### Background

3.     The Debtors, through certain terms and conditions (the "Terms and Conditions") and related purchase orders (collectively, with the Terms and Conditions, the "TMC Contracts"), supply certain automobile component parts to TMC.  Pursuant to the Terms and Conditions, which govern all purchase orders between the Debtors and TMC, the Debtors have certain contractual obligations to TMC including without limitation, the obligation to honor ongoing warranty claims arising out of or relating to products manufactured or sold by the Debtors to TMC (all such obligations shall be hereinafter referred to collectively as the "Contractual Obligations").

4.     In addition, one such TMC Contract includes a patent license agreement previously entered into by TMC and Delphi Technologies, Inc. (the "License Agreement"). TMC timely asserted a proof of claim in this case for, among other things, pre-petition overpayments under the License Agreement for which TMC is entitled to receive a refund in the

amount of $51,342.00 (the "Refund").  A copy of the filed proof of claim is attached hereto as

Exhibit A and incorporated herein by reference.[2]

5.    Debtors' First Amended Plan of Reorganization was confirmed by this Court on

January 25, 2008 (the "Plan") [Docket No. 12359].  On June 1, 2009, Debtors proposed certain

modifications to the Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan") [Docket No.

16646].

6.    On June 15, 2009, the Debtors filed a Master Disposition Agreement detailing the

terms of the assignment of certain of the Debtors' assets to one or more purchasers (the

"Purchasers" or each individually, a "Purchaser"). To the extent the Modified Plan is not

approved, the Debtors intend to pursue a Section 363 sale of their assets pursuant to the Section

363 Implementation Agreement (the "363 Agreement") [Docket No. 17558].

7.    Under the terms of the Modified Plan and/or 363 Agreement, it is not entirely

clear what will happen to the TMC Contracts or Contractual Obligations, as the Modified Plan

has deleted the "ordinary course" treatment of such obligations but has not provided for any

alternative treatment. Therefore, on July 15, 2009, Toyota Motor Engineering & Manufacturing

North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation

TMC, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended

Plan of Reorganization and (B) Section 363 Implementation Agreement (the "Toyota Objection

to Modified Plan and 363 Agreement") [Docket No. 18271].

8.    Pursuant to the Modification Procedures Order [Docket No. 17032], the Debtors

filed and served the Cure & Assignment Notices, which set forth those TMC Contracts that the

Debtors seek to assume and assign to Purchasers, as applicable, and the Debtors' proposed

---

[2] The Claim is presently the subject of an unresolved claim objection pursuant to the Debtors' Thirteenth Omnibus
Claims Objection Order [Docket No. 8194].

amounts necessary to cure the TMC Contracts and/or Contractual Obligations being assumed and assigned.

9.      The Debtors' Cure & Assignment Notices do not provide sufficient information for TMC to determine which TMC Contracts are to be assumed and assigned by the Debtors. Furthermore, the Cure & Assignment Notices do not reflect the correct amount of cure necessary for the assumption and assignment of the TMC Contracts. Accordingly, TMC objects to the Cure & Assignment Notices.

**Basis for Limited Objection**

*A.      The Debtors have not provided sufficient information to identify the TMC Contracts being assumed, assigned and cured.*

10.      TMC objects to the Cure & Assignment Notices because the Debtors have not provided sufficient information for TMC to adequately determine the identity of the TMC Contracts to be assumed, assigned and cured.  As a result, TMC cannot determine whether all, or which, of its TMC Contracts are scheduled in the Cure & Assignment Notices.

11.      It is imperative that Debtors be required to provide additional information regarding the TMC Contracts that they desire to assume and assign under the terms of the Cure & Assignment Notices.  To assist the Debtors in specifying the TMC Contracts that they desire to assume and assign, TMC has identified, according to its records, all current purchase orders with the Debtors (the "TMC Purchase Orders").  A list of the TMC Purchase Orders is attached hereto as Exhibit B.[3]

12.      TMC must ensure that the correct TMC Contracts are scheduled (with attendant cure amounts) before TMC is bound by any assumption and assignment or cure amount with respect to such TMC Contracts. Therefore, TMC objects to the assignment and proposed cure

---

[3] Exhibit B sets forth the TMC Purchase Orders that TMC believes currently exist between TMC and the Debtors. TMC reserves all rights to supplement or amend Exhibit B as necessary.

amounts until the TMC Contracts are clearly delineated and reserves all rights to propose alternative cure amounts, as necessary.

**B.**     ***The cure amounts set forth in the Cure & Assignment Notices do not represent the amounts needed to cure all Contractual Obligations of the TMC Contracts to be assumed and assigned by the Debtors.***

13.     The TMC Contracts obligate Debtors to the Contractual Obligations, which must be assumed, paid and/or otherwise cured if the TMC Contracts are to be assumed and assigned under the Modified Plan and/or the 363 Agreement.[4] The Debtors propose cure in the amount of $0 for the assumption of the TMC Contracts. This amount does not represent the amount necessary to cure all Contractual Obligations.

14.     TMC is unable to determine the amount necessary to cure all Contractual Obligations until the Debtors have specified which TMC Contracts they wish to assume and assign. However, the amount necessary to cure all Contractual Obligations of the TMC Contracts shall include the Refund related to the License Agreement in the amount of $51,342.00, as set forth in the Claim on Exhibit A.

15.     Therefore, TMC objects to the proposed cure amounts contained in the Cure & Assignment Notices.

**Conclusion**

16.     TMC is unable to determine from the information provided by the Debtors which TMC Contracts are to be assumed, assigned and cured. TMC objects to the cure amounts proposed by the Debtors for the assumption and assignment of the TMC Contracts. Accordingly, TMC objects to the Cure & Assignment Notices and reserves all rights to propose alternative cure amounts, as necessary.

---

[4] *See also* Toyota Objection to Modified Plan and 363 Agreement [Docket NO. 18271] incorporated herein by reference.

6

17.    TMC reserves the right to supplement this Objection, under seal or otherwise, with any and all additional information that may be required and/or seek further appropriate relief prior to the hearing.

WHEREFORE, TMC respectfully requests that this Court enter an order (i) directing the Debtors to provide TMC with sufficient information to identity the TMC Contracts to be assumed, assigned and cured; and providing TMC with a reasonable amount of time to analyze such information and supplement this Objection if necessary; (ii) directing the assumption and assignment of the TMC Contracts, including the License Agreement, be conditioned upon the prompt payment of the Refund and any other cure amounts related to the TMC Contracts, and (iii) granting to TMC any other or further relief as may be appropriate under the circumstances.

**Dated: July 20, 2009**

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Robert V. Sartin
Robert V. Sartin, Esq.
250 W. Main Street, Suite 2800
Lexington, KY  40507
Tel:  (859) 231-0000
Fax:  (859) 231-0011
E-mail:  rsartin@fbtlaw.com
*Attorneys for Toyota Motor Corporation*

**<u>Exhibit A</u>**

**Claim**

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT <u>SOUTHERN</u> DISTRICT OF <u>NEW YORK</u> | PROOF OF CLAIM |
|---|---|

| Name of Debtor DELPHI TECHNOLOGIES, INC. | Case Number<br>05-44554 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
TOYOTA MOTOR CORPORATION

**Name and address where notices should be sent:**
MARTIN B. TUCKER, ESQ.
FROST BROWN TODD LLC
250 WEST MAIN STREET, SUITE 2700
LEXINGTON, KY  40507

Telephone number: (859) 231-0000

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**COPY**

**Received**

**AUG 1 1 2006**

**Kurtzman Carson**

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
N/A

Check here
if this claim ☐ replaces     a previously filed claim, dated:_____
☐ amends

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other  SEE EXHIBIT A

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                              (date)

**2. Date debt was incurred:**
VARIOUS

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  $ _____  51,342.00 _____  _____  $  51,342.00
                                             (unsecured)      (secured)        (priority)        (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle
- ☒ Other  SEE EXHIBIT A

Value of Collateral:  $ UNKNOWN

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $ N/A

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
**JUL 3 1 2006**
**CLAIMS PROCESSING CENTER**
**USBC, SDNY**

| Date<br>7/28/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*[signature]*     MARTIN B. TUCKER, ESQ. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

## Exhibit A

Toyota Motor Corporation ("Toyota") is a party to a patent license agreement for the production of a fuel fill vapor recovery system and all other contract documents (collectively, the "Contract") with Delphi Technologies, Inc., Case No. 05-44554 ("Delphi"). Toyota asserts this claim for (i) pre-petition overpayments to Delphi on account of which Toyota is entitled to receive a refund (the "Refund") from Delphi, (ii) any and all rights of Toyota to setoff any amounts that may be due Delphi under the Contract against the Refund and (iii) any and all claims and liabilities as may be discovered during the pendency of the case.

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL : +81-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

February 24, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098
U. S. A.

**Re: Royalty report under the Agreement on "Fuel Fill Vapor Recovery System"**

Dear Sir,

We hereby report the quantity of fuel fill vapor recovery system made under the captioned agreement executed on January 10, 2002 in the year 2005.

| Vehicle Model | Volume | Unit Royalty | Royalties | Total Royalty amount |
|---|---|---|---|---|
| Lexus SC430 | 5,410 | | $ 2,164.40 | |
| Lexus LS430 | 15,974 | $ 0.40 | $ 6,389.60 | |
| Lexus IS300 | 3,600 | | $ 1,440.00 | $ 34,949.20 |
| RAV4 | 54,826 | | $ 21,930.40 | |
| Celica | 1,591 | | $ 636.40 | |
| Matrix | 5,972 | | $ 2,388.80 | |

In the meantime, as we suggested in our letter dated May 17, 2005 (as attached for your reference), we would like to make a balance between a former excess payment and the above royalty amount this time.

A: $ 86,291.20 (excess payment)
B: $ 34,949.20 (royalty amount for the year 2005)
C:    $ 0.00 (balance)

It is advised that $ 51,342.00 (A – B) still remains as an excess payment.

Sincerely yours,

Koichiro INAGAKI
General Manager
Intellectual Property External Affairs Dept.
Intellectual Property Div.

Encl.

KI/my/mi



# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL:+81-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

March 7, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098
U. S. A.

**Re: Proposal for termination of Agreement upon "Fuel Fill Vapor Recovery System"**

Dear Sir,

We would like to propose you earlier termination of the patent license agreement regarding the captioned subject which we executed dated January 10, 2002 even though such agreement is effective until the end of this year.   The reason of our proposal is that we have not been producing any licensed products since December 2005 and have no plan to produce them in the future.   We think that both you and we have no longer sense to keep the agreement under this situation.

In the meantime, as we indicated in our letter dated February 24, 2006, some overpayment of royalty is still open.   Since we are not able to balance it with our future royalty payment due to the above reason, we sincerely ask you to refund the following amount of money to our designated bank account.

> Refund amount: **US$ 51,342.00** (please refer to our letter February 24, 2006.)
> Bank account: **No. 1023817** of Toyota Motor Corporation
>      Sumitomo Mitsui Bank, Nagoya Branch, Nagoya, JAPAN
>      "NOTE: royalty refund/Toyota LP-B0121"
> Due Date: **May 31, 2006**

If you agree to our proposal, please enter a signature by your representative in this letter and return it to us by April 15, 2006.

Sincerely yours,

Koichiro INAGAKI
General Manager
Intellectual Property External Affairs Dept.
Intellectual Property Div.

Accepted and agreed:

..........................................................................
date, place                 signature

LP-B00121

(13)

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL: +81-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

April 18, 2006

Attention: General Patent Counsel
DELPHI TECHNOLOGIES, INC.
5725 Delphi Drive
Troy, MI 48098
U. S. A.

*Reminder    25.04.2006*

Via facsimile only

**Re: Proposal for termination of Agreement upon "Fuel Fill Vapor Recovery System"**

Dear Sir,

As to our proposal in our letter dated March 7, 2006, we would like to hear whether or not you agree to our proposal.    However we have to apologize you if you have already returned the letter with your signature.

We look forward to hearing from you soon.

Sincerely yours,

Masanori IECHIKA
Assistant Manager
Licensing group
IP External Affairs Dept.
Intellectual Property Div.

Facsimile: +81 565 72 8948
e-mail: iechika@ip.tec.toyota.co.jp

LP-B00121

差信者 :    "Twomey, Thomas N" <thomas.n.twomey@delphi.com>
宛先 :    <iechika@ip.tec.toyota.co.jp>
送信日時 :    2006年4月26日 7:37
件名 :    Fuel Fill Vapor Recovery System

ear Masanori Iechika:

hank you for your April 18 letter and the April 24 reminder.

elphi's license department is reviewing this matter and we expect to be able to respond shortly.

homas N. Twomey
ssistant General Counsel - Intellectual Property
ı. (248) 813-1200    fax (248) 813-1211

*******************************************************************************

lote: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering iis message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this ommunication is strictly prohibited. If you have received this communication in error, please notify us immediately y replying to the message and deleting it from your computer. Thank you.

*******************************************************************************

2006/04/26

送信者：    "Iechika" <iechika@ip.tec.toyota.co.jp>
宛先：    "Twomey, Thomas N" <thomas.n.twomey@delphi.com>
CC：    <k-kondo@ip.tec.toyota.co.jp>
送信日時：    2006年5月15日 16:43
件名：    Re: Fuel Fill Vapor Recovery System

Dear Mr. Twomey,

n accordance with your email dated April 26, we are looking forward to hearing the comments from Delphi's license department.

Vith best regards,
Masanori IECHIKA
oyota IP Div.


----- Original Message -----
From: Twomey, Thomas N
To: iechika@ip.tec.toyota.co.jp
Sent: Wednesday, April 26, 2006 7:37 AM
Subject: Fuel Fill Vapor Recovery System

Dear Masanori Iechika:

Thank you for your April 18 letter and the April 24 reminder.

Delphi's license department is reviewing this matter and we expect to be able to respond shortly.

Thomas N. Twomey
**Assistant General Counsel - Intellectual Property**
ph. (248) 813-1200  fax (248) 813-1211

*****************************************************************************************

Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.

*****************************************************************************************

2006/06/01

# TOYOTA

## TOYOTA MOTOR CORPORATION

1, TOYOTA-CHO, TOYOTA, AICHI, 471-8571(Head Office)
or 471-8572(Research & Development Group) JAPAN
TEL: +81-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

May 25, 2006

Attention: General Manager
License Department
Delphi Technologies, Inc.

5725 Delphi Drive
Troy, MI 48098
U.S.A.

Via facsimile and courier

Re: License Agreement on "Fuel Fill Vapor Recovery System"

Dear Sir,

As you know from our letter dated March 7, 2006 as attached hereto, we proposed you earlier termination of the captioned license agreement.   We also asked you to refund some money which was remaining as the overpayment of royalty in the letter.

Although we had expected to receive your response to our letter from the e-mail dated April 26 from Mr. Thomas N. Twomey, we have not yet received such response at this moment.   On the other hand, we are being demanded to inform our Accounting Division of Delphi's thought on refund of the overpayment as soon as possible, which is also required by the US administrative arrangement under Chapter 11.

Accordingly we would like to hear from you soon on the above and when we can expect to receive the amount of money which should be refunded to us.

Sincerely yours,

Koichiro INAGAKI
General Manager
IP External Affairs Dept.
Intellectual Property Division

KI/kk/mi

encl.

cc. Mr. Thomas N. Twomey

**<u>Exhibit B</u>**

**TMC Purchase Orders**

**(See attachment)**

| **Delphi Entity** | **Toyota Entity / NAMC** | **PO** | **PO Rev** |
|---|---|---|---|
| Delphi Energy & Chassis Systems | Toyota Motor Corporation (Export) | WE004100 | 0003 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005182 | 0004 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005183 | 0004 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005146 | 0004 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005597 | 0001 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005147 | 0003 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005961 | 0003 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE006422 | 0001 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005997 | 0002 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE004279 | 0003 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005621 | 0002 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005503 | 0004 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE006194 | 0001 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE006025 | |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE006197 | |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE006330 | 0001 |
| Delphi Automotive Systems | Toyota Motor Corporation (Export) | WE005249 | 0005 |