ARENT FOX LLP
James M. Sullivan
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Counsel for The Timken Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
In re                                                                                       : Chapter 11
                                                                                              :
DELPHI CORPORATION, et al.,                                         : Case No. 05-44481 (RDD)
                                                                                              :
Debtors.                                                                                 : (Jointly Administered)
                                                                                              :
---------------------------------------------------------------------X

**LIMITED OBJECTION OF THE TIMKEN COMPANY
TO THE DEBTORS' NOTICE OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

The Timken Company ("Timken"), by and through their undersigned counsel, hereby submit this limited objection (the "Objection") to the Debtors' Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "Assumption Notice").[1]

1.    On October 8, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain related entities (collectively with Delphi, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors remain in

---

[1] For purposes of this Objection, Timken shall refer to The Timken Company and any relevant affiliate of The Timken Company.

possession of their property and continues to operate their business as a debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. Prior to the Petition Date, certain of the Debtors and Timken entered into certain contracts and/or purchase orders under which Timken would provide certain products to the Debtors.

3. On or about December 10, 2007, the Debtors filed an expedited motion (Docket No. 11390) (the "Sale Motion") seeking authority to establish bidding procedures and sell their steering and halfshaft business to Steering Solutions Corporation and certain of its affiliates (collectively, the "Buyers"). In addition, the Sale Motion also sought authority to assume and assign certain Pre-Petition Contracts and assign certain Post-Petition Contracts (each as defined in the Sale Motion) to the Buyers or prevailing bidder. Upon information and belief, Steering Solutions Corporation was affiliated with Platinum Equity at the time.

4. On or about January 23, 2008, the Debtors filed notices to assume certain contracts and/or purchase orders between Timken and the Debtors (the "Original Assumption Notices").

5. On January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

6. On February 6, 2008, Timken filed its Objection Of The Timken Company And Timken U.S. Corp. To The Debtors' Notice Of Assumption And/Or Assignment Of Executory Contract Or Unexpired Lease To Buyers In Connection With Sale Of Steering And Halfshaft Business (Docket No. 12532) (the "Timken Objection") in which Timken raised certain issues

relating to the Debtors' proposed assumption and assignment of certain purchase orders in connection with the sale of the Debtors' steering and halfshaft business.

7. On February 14, 2008, Timken filed its Limited Objection Of The Timken Company And Timken U.S. Corp. To Debtors' Expedited Motion For Order Under 11 U.S.C. §§ 363, 365, And 1146 And Fed. R. Bankr. P. 2002, 6004, 6006, And 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Comprising Substantially All Of Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12652) (the "Timken Limited Objection"), in which Timken objected to a specific provision in the draft order approving the sale of the Debtors' steering and halfshaft business as such order relates to the assumption and assignment of the Timken Purchase Orders.

8. On February 25, 2008, the Court entered an Order Under 11 U.S.C. §§ 363, 365, and 1146 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (A) Authorizing And Approving (I) Sale Of Certain Of Debtors' Assets Compromising Substantially All Of The Assets Of Steering And Halfshaft Business Free And Clear Of Liens, Claims, And Encumbrances, (II) Assumption And Assignment Of Certain Executory Contracts And Unexpired Lease, And (III) Assumption Of Certain Liabilities And (B) Authorizing And Approving Transaction Facilitation Agreement (Docket No. 12868) (the "Sale Approval Order"). The Sale Approval Order adjourned the Timken Objection and the Timken Limited Objection to the March 19, 2008 omnibus hearing.

9. On March 7, 2008, the Debtors filed their Expedited Motion For Order Under 11 U.S.C. §§ 105(A) And 365 And Fed. R. Bankr. P. 6006 (1) Establishing Procedures For Assumption And Assignment Of Certain Omitted Executory Contracts And Unexpired Leases In

Connection With Sale Of Debtors' Steering And Halfshaft Business And (II) Authorizing Recovery Of Excess Discount Rights (Docket No. 13029) (the "Omitted Contracts Assumption Procedures Motion") whereby the Debtors requested approval of procedures for assuming and assigning certain additional prepetition contracts related to the Debtors' steering and halfshaft business.

10. On March 18, 2008, the Court entered the Stipulation And Agreed Order Resolving Objections Of The Timken Company And Timken U.S. Corp. In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13162) (the "Original Stipulation and Agreed Order").

11. On March 25, 2008, the Court entered the Amended Stipulation And Agreed Order Resolving Objections Of The Timken Company And Timken U.S. Corp. In Connection With Sale Of Steering And Halfshaft Business (Docket No. 13162) (the "Amended Stipulation and Agreed Order"). The Amended Stipulation and Agreed Order granted Timken certain rights and protections in connection with the sale of the Debtors' steering and halfshaft business and the assumption and assignment of Timken's contracts and/or purchase orders in connection therewith.

12. On March 25, 2008, the Court entered an Order granting the Omitted Contracts Assumption Procedures Motion.

13. On our about March 31, 2008, the Debtors served a Notice of Assumption and Assignment and Cure Amount of Executory Contract or Unexpired Lease to Buyers in Connection with Sale of Steering and Halfshaft Business (the "Omitted Contract Notice"). The Omitted Contract Notice identified certain POs and/or contracts between the Debtors and Timken.

14.     On October 3, 2008, the Debtors filed a motion (Docket No. 14310) for entry of an order approving (i) certain modifications to the confirmed Plan and related modifications to the Disclosure Statement and (ii) related procedures for re-soliciting votes on the confirmed Plan. That motion was supplemented by the Debtors' motion dated June 1, 2009 (the "Plan Modification Motion") (Docket No. 166646).

15.     On June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, As Modified (Docket No. 17030) (the "Modified Plan") and the First Amended Disclosure Statement, As Modified with respect to the Modified Plan (Docket No. 17031).

16.     Also on June 16, 2009, the Court entered an Order (Docket No. 17032) approving the Plan Modification Motion.

17.     On our about July 2, 2009, Delphi purported to serve Timken with Notices of Non-Assumption Under the Modified Plan with Respect to Certain Expired or Terminated Contracts or Leases Previously Deemed to Be Assumed or Assumed and Assigned Under Confirmed Plan of Reorganization (the "Non-Assumption Notices").

18.     On July 10, 2009, Delphi purported to serve Timken with the Assumption Notice as well as two Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization (the "GM Assumption Notices" and with the Assumption Notices and the Non-Assumption Notices, the "Notices")..

19.     The PO identified in the Assumption Notice was not previously identified in the Original Assumption Notices or the Omitted Contract Notice.

20. Further, it appears that certain of the POs and/or contracts identified in the Non-Assumption Notices may be valid POs and/or contracts that are not expired or terminated as suggested by the Non-Assumption Notices.

21. Further, Timken is aware of at least one contract identified in the Amended Stipulation and Agreed Order that was not identified in the Notices (the 2008-2009 Bar Pricing for Grade 4121M2.5 Supplied to Delphi letter agreement, dated December 4, 2007).

22. In addition, Timken believes that additional pre-petition POs and/or contracts between Timken and the Debtors may exist that do not appear on any of the Notices.

## LIMITED OBJECTION

23. Timken has four reasons for filing this Limited Objection. First, the Amended Stipulation and Agreed Order, which resolved its objection to the Original Assumption Notices and the Sale Motion, incorporated certain rights and protections for Timken's benefit in connection with the sale of the Debtors' steering and halfshaft business and the assumption and assignment of certain POs and contracts related thereto notwithstanding any provision in the Sale Approval Order or other order applicable to Timken with respect to the sale of the Debtors' steering and halfshaft business. Upon information and belief, the Debtors are not seeking to impair Timken's rights under the Amended Stipulation and Agreed Order. However, Timken objects to the Assumption Notices to the extent that the Debtors are in fact attempting to impair its rights under the Amended Stipulation and Agreed Order.

24. Second, in the limited time available between Timken's receipt of the Notices and the response deadline, Timken has not had sufficient time to reconcile what appear to be inconsistencies and/or omissions with respect to the Notices. These deficiencies preclude

- 6 -

Timken's ability to review and respond to the proposed assumption and assignment. Without this information, Timken has not been able to determine if a substantive objection is required.

25.     Third, in the limited time since Timken received the Notices, it has not been able to locate all of the relevant documents, including purchase orders and master and other agreements in connection therewith. Timken believes that the purchase order that the Debtors seek to assume and/or assign may be related to a long-term agreement between Timken and the Debtors, which the Debtors have not identified for assumption and/or assignment. Timken submits that the Court should not approve assumption and/or assignment of any purported executory contracts between Timken and the Debtors until Timken has had an opportunity to locate copies of each of the purchase orders listed by the Debtors and resolve any inconsistencies found on the Debtors' list. Timken requests that the Debtors be required to provide Timken with all relevant information in connection with the assumption and/or assignment of any contracts, including relevant identifying information.

26.     Finally, the Debtors have failed to provide Timken with proof of adequate assurance of future performance as required under section 365 (b)(1)(C) of the Bankruptcy Code. Pursuant to section 356 (b)(1)(C), the Debtors are required to demonstrate that the Buyers will be capable of performing under any executory contracts they seek to assume and assign. Although Timken had discussions with Platinum Equity more than a year ago in connection with its contemplated purchase of the Debtors' steering and halfshaft business, Timken has not had any discussions with Platinum Equity or any other representative of Parnassus regarding the assumption and assignment of Timken's agreement(s) in connection with Parnassus' acquisition of certain of the Debtors' assets. By this Objection, Timken seeks an adequate amount of time to have discussions with the Debtors and the buyer, which, upon information and belief, is affiliated

with Platinum Equity, concerning the buyer's wherewithal to perform under any executory contracts with Timken.

27.   Based on the lack of information or adequate time to review and respond to the Notices, Timken reserves all of its rights and remedies under the Bankruptcy Code and other applicable law to further object to the assumption and/or assignment of any executory contracts between Timken and the Debtors on any grounds.

WHEREFORE, Timken respectfully requests that the Court sustain the Limited Objection and grant Timken such other relief as the Court deems just and proper.

Dated: July 20, 2009

>  Respectfully submitted,
>  ARENT FOX LLP
>
>  By:  /s/ James M. Sullivan
>  James M. Sullivan
>  1675 Broadway
>  New York, New York 10019
>  Telephone: (212) 484-3900
>  Fax: (212) 484-3990
>
>  *Counsel for The Timken Company*