BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
rmcdowell@bodmanllp.com
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Lear Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND LIMITED OBJECTION OF LEAR CORPORATION TO (I) DEBTORS' JULY 10, 2009 NOTICE OF FILING NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENT HOLDINGS LLC OR STEERING SOLUTION SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION AND (II) DEBTORS' JULY 10, 2009 NOTICE OF FILING NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANZIATION AND SUPPLEMENT TO OBJECTION OF LEAR CORPORATION TO MODIFIED PLAN OF REORGANIZATION**

Lear Corporation, on behalf of itself and its affiliates and subsidiaries ("Lear") in support of its Objection ("Objection") to (I) Debtors' July 10, 2009 Notice of Filing Notices of Assumption and Assignment with respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Component Holdings, LLC or Steering Solution Services Corporation, As Applicable, Under Modified Plan of Reorganization ("GM Notice"), and (II) Debtors' July 10, 2009 Notice of Filing of Notices of Assumption and Assignment with

Respect to Certain Executory Contracts to be Assumed and Assigned to Parnassus Holdings II, LLC under Modified Plan of Reorganization ("Parnassus Notice, and collectively with GM Notice, the "Notices") and supplement to its Modified Plan Objection (defined below), states as follows:

### Background

1. On October 8, 2005 (the "Petition Date") and on October 14, 2005, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed. The Debtors' cases are being jointly administered.

3. Prior to the Petition Date, Lear and certain of the Debtors entered into multiple purchase orders (collectively, the "Prepetition Contracts"), under which Lear would provide component parts to Debtors. Subsequent to the Petition Date, Lear and certain of the Debtors entered into additional purchase orders (collectively, the "Postpetition Contracts" and, together with the Prepetition Contracts, the "Contracts"), whereby Lear provided similar materials to Debtors for use in their operations.

4. On January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan").

5. On July 10, 2009, Debtors filed the GM Notice (D.I. 18076) and Parnassus Notice (D.I. 18077). In the Notices, Debtors seek to assume and assign the contracts listed on the attached exhibit A ("Lear Contracts") and establish the respective cure amounts for each of these contracts. The cure amounts for all the Lear Contracts are $0.

6. On July 15, 2009, Lear filed its Objection to the Debtors Modified Plan of Reorganization (D.I. 18228) ("Modified Plan Objection").

7. Lear is not owed any amounts from Debtors for goods shipped by Lear to Debtors prepetition.

8. The Modified Plan and accompanying Supplement do not make clear how Debtors intend to treat all of their Bankruptcy Code section 365 obligations with respect to executory contracts they intend to assume and assign. Rather, they only appear to deal with obligations arising on or before the first few months of 2008. Indeed, one possible interpretation of the Modified Plan and Supplement is that cure amounts will be limited to those amounts identified in the cure notices Debtors issued in December 2007 and early 2008 even though well over a year of additional performance and billings may have occurred under such contract since that date. For example, the Supplement provides, "[t]o be clear, subject to the paragraph below, the cure amounts established pursuant to the Cure Amount Notices [which the Supplement notes were sent out in December 2007 and supplemental notices were sent out in early 2008] and the related procedures, including those procedures governing payment, would remain binding and the Debtors would continue to apply procedures previously approved by this Court to resolve the remaining disputed cure amounts." (Supplement, ¶ 39).

9. Additionally, Debtors' Schedule 2 attached to the Parnassus Notice also describes the Lear contracts to be assumed and assigned as "All contracts between Lear Corporation and Delphi related to intellectual property" (the "Intellectual Property Contracts") without any specific information. Lear is a party to several contracts with the Debtors related to intellectual property and is unable to reasonably ascertain which specific Intellectual Property Contracts Debtors are referring to.

**Limited Objection**

10. The proposed cure amounts set forth in the Notices appear correct to the extent they seek to establish the amounts necessary to cure prepetition defaults. Lear objects to confirmation of the Modified Plan and the Notices (including the accompanying Supplement) to the extent that they seeks to limit Debtors' cure obligations to amounts due as of the time notices were issued and various prior (and now, outdated) deadlines were established. Indeed, Lear has recently submitted an administrative claim that includes certain amounts that came due under prepetition executory contracts only recently and long, long after the original filing deadlines for asserting cure amounts. Moreover, it is expected that further amounts will accrue as of the time the Lear Contracts are assumed and assigned. To the extent they are valid, all of these claims must be paid (or, for accrued claims that are not in default, adequate provision for payment must be provided either by the Debtors or the assignee) if the Lear Contracts are to be assumed and assigned.

11. As such, assumption, or assumption and assignment, of the Lear Contracts cannot be permitted without either the Debtors or the assignee of the Lear Contracts satisfying all requirements attendant to assumption and assignment as set forth in Bankruptcy Code section 365(b), including the obligation to: (a) cure, <u>all defaults existing at the time the Lear Contracts are assumed and assigned</u>; and (b) <u>satisfy all accrued obligations</u> under the Lear Contracts that are not in default, but which nonetheless exist, at the effective date of assumption and assignment of the Lear Contracts.

12. Bankruptcy Code section 365(b)(l) makes it clear that defaults must be cured as of the time of assumption. Such defaults that must be cured include both prepetition and postpetition defaults. Furthermore, amounts that have accrued that are not in default must also

be satisfied under an assumed contract, either through payment by the Debtors as administrative claims or through the assumption of such liabilities by the assignee of such contracts. In either event, adequate assurance of performance must be provided to ensure that the non-debtor parties to these executory contracts are not "left holding the bag" for defaults and accruals existing at the time such contracts are assumed and assigned.

13.     Presently, neither the Plan nor Supplement (nor the Notices) make it clear who (*i.e.*, Debtors or the purchaser in a sale) will be liable for all contractual accruals existing at the time executory contracts are assumed and assigned. Furthermore, the Plan and the confirmation order do not make it sufficiently clear that the cure amounts owed by the buyer will consist not only of the prepetition cure amounts, but of any amounts that are in default as of the moment such contract is assumed and assigned. Both the Modified Plan and the Order confirming the Plan must be modified (in the manner described below) to ensure that the foregoing issues are addressed and that non-debtor counterparties to executory contracts will be entitled to payment in full of all valid cure obligations, and all contractual accruals, existing as of the moment such parties' contracts are assumed and assigned.

14.     Additionally, Debtors have failed to specify the types of intellectual property addressed in these contracts, and to the extent that the Intellectual Property Contracts are patent, copyright or trademarks these Intellectual Property Contracts are not assignable.

    a.     11 U.S.C. § 365(c) states in pertinent part:

> (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if
>
>     (1)
>
>         (A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering

performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment[.]

15. Under federal law intellectual property licenses are personal to the owner of the license, and thus under section 365(c) of the Bankruptcy Code, cannot be assigned to a third party without the owner's consent.

16. Debtors have failed to provide sufficient information or time for Lear to ascertain which specific Lear Contracts and "Intellectual Property Contracts" the Debtors wish to assume and assign. It is equally impossible for Lear to determine the adequacy of the proposed cure amount suggested in the Parnassus Notice as "$0.00" ("Cure Amount").

17. It is imperative that Debtors be required to provide details regarding the date and nature of each and every Lear Contract and Intellectual Property Contract that they allegedly desire to assume and assign under the terms of the Notice. After all Lear Contracts and Intellectual Property Contracts are identified by the Debtors with specificity, Lear will be in a position to determine (a) whether or not it has an objection to assumption or assignment and (b) whether or not the proposed Cure Amount described in the Parnassus Notice is adequate. Following the receipt of this information Lear will be in a position to determine whether it wishes to consent to the assignments.

18. Lear and certain of its affiliates and subsidiaries filed voluntary Chapter 11 petitions on July 7, 2009. Lear reserves the right to assume or reject executory contracts with Debtors in Lear's bankruptcy.

**CONCLUSION**

Detroit_940171_3

Lear requests that: (1) the Court deny confirmation of the Modified Plan absent the inclusion of language in the confirmation order that expressly provides (a) that, in addition to prepetition cure amounts owed to non-debtor counterparties, any assignee of any executory contract assumed by Debtors and assigned to such assignee shall pay the non-debtor counterparty to such contract any postpetition defaults existing as of the moment such contract is assumed and assigned to the purchaser, with such additional cure amounts to be asserted either in administrative claims or in response to assumption and assignment notices provided by the Debtors; and (b) that (i) the non-debtor counterparties shall be entitled to payment in full on any executory contract obligation that has accrued, but that is not default, as of the moment such executory contract is assumed and assigned; (ii) shall clearly state whether the Debtors are the assignee of such contract is liable for such accrued obligations; and (iii) if the Debtors are liable for such obligations, these obligations must be paid upon assumption; and (2) this Court order Debtors to specifically identify the Lear Contracts and Intellectual Property Contracts which they intend to assume in an effort to allow Lear the opportunity to evaluate Debtors' proposal and appropriately respond to same.

Respectfully submitted,

BODMAN LLP

Dated: July 20, 2009

By: ___/s/ Ralph E. McDowell___
Ralph E. McDowell (P39235)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Ph: (313) 393-7592
Fax: (313) 393-7579
rmcdowell@bodmanllp.com
Attorneys for Lear Corporation

## CERTIFICATE OF SERVICE

       The undersigned certifies that a true and correct copy of the foregoing *Response and Limited Objection of Lear Corporation to (I) Debtors' July 10, 2009 Notice of Filing Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Component Holdings LLC or Steering Solution Services Corporation, as Applicable, Under Modified Plan of Reorganization and (II) Debtors' July 10, 2009 Notice of Filing Notices of Assumption and Assignment with Respect to Certain Executory Contracts to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization and Supplement to Objection of Lear Corporation to Modified Plan of Reorganization)* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

Delphi Corp.
5725 Delphi Drive
Troy, Michigan 48098
**Attention:** General Counsel

Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
**Attention:** John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
**Attention:** Donald Bernstein and Brian Resnick

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
**Attention:** Robert Rosenberg, Mark A. Broude, and Mitchell A. Seider

Wilkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
**Attention:** Richard Mancino and Marc Abrams

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
**Attention:** John J. Rapisardi and Oren B. Haker

Counsel for the U.S. Department of Justice
86 Chambers Street, 3rd Floor
New York, New York 10007
**Attention:**  Matthew L. Schwartz and Joseph N. Cordaro

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
**Attention:**  Adam C. Harris and David J. Karp

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
**Attention:**  Jeffery L. Tanenbaum, Michael P. Kessler, and Robert J. Lemons

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, Suite 2100
New York, New York 10004
**Attention:**  Brian Masumoto

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 610
New York, New York 10004

                                      */s/* Ralph E. McDowell
                                      Ralph E. McDowell

Dated: July 20, 2009