June 18, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004 -1408

RE: Docket Number 05-44481 (RDD)

Dear Judge Drain:

The purpose of this letter is to object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11  As you are aware, this article declares that severance payments will be terminated upon the closing date or Delphi Corporation's bankruptcy emergence date.

I signed a Separation Allowance Release of Claims, separating my employment with Delphi Corporation ("Delphi") effective 3/1/2009 under terms which make me eligible for severance pay, less applicable deductions, to be paid in 12 semi-monthly installments commencing on 3/15/2009.

In addition, since I was eligible to retire after 30 years of employment with General Motors/Delphi Corporation with corporate contributions for health care in retirement at the time of my separation, I was not eligible for an additional $2,000 that I might have used at my discretion as part of the Delphi Corporation Separation Allowance Agreement to help pay for the continuation of health care coverage through Delphi.  Unfortunately, after signing the Release of Claims, the "salaried" retiree health care benefits that I was told I would receive by accepting retirement and signing the Release of Claims were terminated within one month of the effective date of my separation from my employment with Delphi Corporation.  This has been a financial hardship on my family and many other "salaried" retirees and their families.  Furthermore, it appears that "salaried" retiree pensions may be reduced significantly if they are transferred to the PBGC which would further adversely affect "salaried" retirees and their families.

The Release of Claims Separation Allowance Agreement or contract signed by an HR representative of Delphi Corporation and me was entered into during Delphi's Chapter 11 Bankruptcy.  The severance payments were provided in exchange for my waiver of certain rights which I had or may have based upon or in connection with my employment with or separation from Delphi.  It is my expectation that this Separation Agreement or contract will not be breached and instead will be legally enforceable and/or honored.

Sincerely,

*[signature]*

John F. Hamman, Jr.