Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowling Green
New York, NY 10004 -1408

RE: Objection to June 1, 2009 Master Disposition Agreement, Article 9.5.11

Dear Judge Drain:

    I am writing to strenuously object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11, entered by Delphi Corporation in the above cite docket. If approved, this will have serious negative consequences for me and my family. I feel that I have a legally enforceable contract with Delphi and other parties (as explained below). I have upheld my portion of the contract and expect Delphi to do the same.

    I was forced to retire on March 1, 2009, after more than 37 years of loyal service to General Motors and Delphi. I signed a release of claims on December 9, 2008 in return for 24 equal payments, the sum of which equaled my yearly salary. To date, I have received 7 of those payments. My financial plans for the coming year were based on large part in anticipation of receiving all 24 of those payments. I intended to pay certain outstanding bills as well as save for future health care insurance expenses. This was made necessary by Delphi's decision to terminate health care benefits for eligible retirees.

    This severance agreement was entered into with the expectation that it was a binding personal contract. In addition, it should be noted that the agreement was entered into over three years after Delphi filed for Chapter 11 bankruptcy. Delphi's claim that this contract constitutes a pre-settlement claim is specious. It should also be noted that this agreement is a contract liability, not an expectation of a future benefit that may be terminated.

    Delphi salaried retirees have already suffered disproportionally in recent months. After having been promised health care and life insurance benefits for decades, these were abruptly terminated on April 1, 2009. We now face the very real possibility of having our pension reduced and transferred to the PBGC. These severance payments represent a small liability for Delphi and will end in 2010 (March of 2010 in my case).

    In addition, I believe that my severance liability has already been paid to Delphi by Strattec Security Corporation of Milwaukee, WI. I was offered employment by this company in July of 2008 as part of Delphi's sale of certain businesses to Strattec. Due to the continued deterioration of the economy, this offer was rescinded on November 10, 2008, at which time I was told that I would be retiring on March 1, 2009. My understanding is that Strattec paid Delphi for the severance amounts for employees that had been offered employment in July of 2008, including me, as part of the Master Sales Agreement.

    In summary, article 9.5.11 is a bald attempt on the part of Delphi to evade its legally binding obligation to me and other loyal former employees. Further, in my particular case, I believe that Delphi has already been paid for this liability by Strattec Security Corporation. I urge you to do the right thing and deny this portion of the agreement.

Sincerely,


Paton M. Zimmerman, Jr.
15748 Hemlock Dr.
Macomb, MI 48044-3170