904 Whispering Pines Trail SW
Decatur, AL 35603

June 18, 2009

Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge - Southern District of NY
One Bowing Green
New York, NY 10004-1408

Dear Sir:

I would like to object to the June 1, 2009 Master Disposition Agreement, Article 9.5.11. This article declares that severance payments will be terminated upon the closing date (emergence date). The salary employees at the Delphi Athens Alabama Site were given contracts (Separation Agreements) to wave certain rights and receive severance if we agreed to remain until the site could be closed and our services were no longer required. A copy of my contract is attached. This contract was entered into during bankruptcy on December 11, 2008. We were told the severance payments were a contract liability and not a Delphi benefit that could be changed by a corporate whim. I have a valid legal contract that I expect to be honored.

Several years ago when Delphi entered into Bankruptcy the Saginaw Division Alabama Site had two plants with approximately 2000 salary and hourly employees. We produced half shafts, rack and pinion steering gears etc for a variety of vehicles and customers. Early in the process the plan was announced to sell Saginaw Division and close the Athens Site. In order to protect our personal interests many engineers such as myself and other salary personnel began looking of other employment. At that time the economy was in much better condition and engineering jobs were plentiful. The Saginaw Divisional Personnel Director Mike Gannon and the Operations Manager Vince De Zorzi came to Alabama and asked us to stay and close the facility, which was a very complicated process. Many products and processes had to be moved to other locations etc. We were told that we would get our full severance when the Athens Site closed. In addition, retirement eligible employees such as me would be able to retire from Delphi as soon as Saginaw Division was sold and we would be able to work for the new company at full salary and draw Delphi retirement at the same time. With the promise of these incentives most salary people remained. The sale of Saginaw Division was delayed many times and eventually they backed down and said we could not retire from Delphi and go to work for the new company. At this point knowing that severance is a benefit that is at the discretion of the company many salary people were again looking for other employment options. There was still a lot of complicated work to be done to close the Alabama Site so we were given contacts to insure severance or many would have left.

The Alabama Site has been closed successfully and under budget which was a big benefit to Delphi and the bankruptcy process. Now that the salary workers have done their part and are no longer needed Delphi should not be allowed to void their contracted commitment. In hind sight, we would all have been better off to abandon Delphi in the beginning. Now in this economy no jobs are available, they want to give our pensions to the PBGC, and now they want to take away the severance so we do not even have a bridge to find another job.

*Micheal B. Heath* (signature)
Micheal B. Heath

COPY

Delphi Corporation
Separation Allowance Plan Release of Claims  Mike Heath

11/20/2008
MBH 11/20/200

I have been separated from my employment with Delphi Corporation ("Delphi") effective June 30 (Jun), 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $95,440, less applicable deductions, to be paid in 24 semi monthly installments commencing on Jan 1, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by DECEMBER 18, 2008 before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _Michael B Heath_

Delphi Identification Number (DIN): 1006092

Dated: 12/11/08

Accepted: _Harry Fuller_ 12/11/2008
Delphi Corporation

Revised November 2008

TOTAL P.03