Honorable Robert D Drain  
Case Number 05-44481 (RDD)  
United States Bankruptcy Judge-Southern District of NY  
One Bowling Green  
New York, NY 10004-1408

June 18, 2009

Honorable Robert D Drain,

I – Michael L Farwell - object to the June 16, 2009 Master Disposition Agreement Article 9.511 declaring that severance payments will be terminated upon Delphi's (Debtor's) closing date. The severance payments that the Debtor agreed to pay me and others are clearly and Administrative Expense that was done in conjunction with their plan to close and sell portions of their assets.

I received a **W.A.R.N ACT NOTICE** (Exhibit A) in 2008 stating that our Plant Home Avenue Operations was being closed on or before December 31, 2008, and my employment would be terminated on or about March 1, 2009.

I was released from Delphi on March 31, 2009 and my effective date was April 1, 2009 with 6 months severance payment per Delphi's procedures that were in effect on October of 2008. During the preparation for my release I was told by Delphi Human Resource personnel and Delphi leadership that in order to receive the severance payment I was required to sign a Release of Claims (R.O.C.) giving up certain rights listed in **Exhibit C**. I was told that if I elected not to sign the release I would not receive the 6 month severance pay. I would only receive one month severance pay. Of course, I elected to sign the R.O.C. in the presence of and witnessed by Delphi leadership on December 5, 2008.

I was lead to believe that the Delphi Separation Allowance Plan - **Exhibit B**- was a binding contract between the Debtor and me. I waived certain rights by signing the R.O.C. **Exhibit C** and the Debtor agreed to pay me 6 months of my base salary. This transaction occurred during the Debtor's bankruptcy process and is not a pre-petition claim. It was signed and agreed to during the normal course of business. The severance payments are a contract liability not a Delphi provided benefit. The attached **Exhibit B and C** is a valid – Binding – legal contract. Therefore, I am asking that the Honorable Judge Drain ensure that the Debtor pays me the remaining severance payments that they agreed to pay me until the contract is fully satisfied.

I signed a contract with Delphi where I gave up certain rights for a severance payment amount. This contract was consummated during Delphi's bankruptcy and should be considered an Administrative claim and should be paid in full prior to Delphi's emergence. I strenuously object to the June 16, 2009 Master Disposition Agreement, Article 9.5.11 declaring that severance payments be terminated upon the closing (emergence) date.

Respectfully submitted,

*[signature]*

Michael L Farwell  
Ex-Delphi Employee  
1355 Park Ave  
Hamilton, Ohio 45013  
(513) 236-3346



EXHIBIT B

# DELPHI

**W.A.R.N. ACT NOTICE**

Dear Michael Farwell:

As you know, after careful review of business circumstances, Delphi's manufacturing facility located at 2701 Home Avenue, Dayton, Ohio, will be closed on or about December 31, 2008. This closure will affect approximately 380 individuals. We anticipate that these layoffs will be permanent. It is currently expected that your employment will be terminated on or about March 1, 2009. *(extended to April 1, 2009) W. Hayes, HR representative*

This notice is being given to you pursuant to the Worker Adjustment and Retraining Notification (WARN) Act of 1988, which requires employers to give official notice to affected employees of a pending plant closure or mass layoff. If you have any questions, you may contact Wendy Hayes, at (937) 455-3187.

We are grateful for the loyal service and contributions of our employees, and wish you success in your future endeavors.

Sincerely,

Larry V. Johnson,
Plant Manager, Home Ave Operations

EXHIBIT C

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I have been separated from my employment with Delphi Corporation ("Delphi") effective _Mar 1_, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $ _35,440.00_ less applicable deductions, to be paid in _12_ semi monthly installments commencing on _Mar 15_, 2009, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi; provided, however, that, if I am eligible to retire with corporate contributions for health care in retirement at the time of my separation, I am not eligible for this $2,000. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination and Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees of the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by _Wendy E. Hayes_ before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

Signed: _[signature]_
Delphi Identification Number (DIN): _102 1450_
Dated: _12/5/08_

Accepted: _[signature] Wendy E. Hayes_
Delphi Corporation