WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Patrick M. Costello, Esq., (Calif. Bar No. 117205)

*Attorneys for United Parcel Service*

**Objection Deadline: July 20, 2009**




**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Automotive Systems LLC | Case No. **05-44640** |
| Debtors. | |

**LIMITED OBJECTION OF UNITED PARCEL SERVICE TO JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

United Parcel Service, for itself and each and all of its subsidiaries and affiliated companies, (collectively, "UPS") hereby objects to the *July 10, 2009 Notice of Filing of Notices of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization* ("July 10 Notice") on the following grounds:

**Agreements**

1. UPS is a party to one or more contracts and/or leases with multiple Delphi entities.

Certain contractual arrangements are with one of the Delphi Debtors, while others are with certain non-debtor Delphi affiliates (hereinafter the "Agreements").

2. UPS has filed an administrative claim in the above-referenced bankruptcy case in the sum of $81,418.34.

3. In the July 10 Notice, UPS is listed in Schedule 1—Supplier Contracts as a Non-Debtor Counterparty with a Cure Amount of $0.00.

**Limited Objection**

4. UPS has no objection to the Debtors' assumption and assignment of the Agreements. However, the actual Cure Amount required is estimated to be not less than **$81,418.34**.

5. The Agreements cannot be assumed without the concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy Code] required a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).

6. Accordingly, before the Debtors assume and assign the Agreements, the Debtors must cure the entire arrearages owed to UPS.

7. There may be additional cure obligations, arising from any post-petition defaults, pending the actual assumption and assignment of the Agreements. UPS hereby preserve their right to assert additional cures or other amounts against the Debtors, their estates or the Purchaser, in the event of any post-petition (but pre-assumption) defaults.

8. Since the legal points and authorities upon which UPS relies for the purposes of this Objection are incorporated into the Objection, UPS respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, UPS respectfully requests that the Bankruptcy Court (i) decline to approve the assumption and assignment of any contract or lease between UPS and any Delphi non-debtor affiliate; (ii) establish procedures which preserve UPS's right to establish and be paid the full amount of all

monetary defaults; (iii) require the amount of any cure payments be increased as set forth herein, and (iv) grant such other and further appropriate relief.

Dated: New York, New York
July __, 2009

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY 10119

And

BIALSON, BERGEN & SCHWAB
Patrick M. Costello (*admitted in California*)
Kenneth T. Law (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306

*Attorneys for United Parcel Service*

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.

And

BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)
Patrick M. Costello, Esq., (Calif. Bar No. 117205)

*Attorneys for Panalpina Management, Ltd. and Panalpina, Inc..*

**Objection Deadline: July 20, 2009**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Delphi Automotive Systems LLC | Case No. **05-44640** |
| Debtors. | |

**LIMITED OBJECTION OF PANALPINA MANAGEMENT, LTD. AND PANALPINA, INC. TO JULY 10, 2009 NOTICE OF FILING OF NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Panalpina Management Ltd. and Panalpina, Inc., for itself and each and all of its subsidiaries and affiliated companies, (collectively, "Panalpina") hereby objects to the *July 10, 2009 Notice of Filing of Notices of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization* ("July 10 Notice") on the following grounds:

**Agreements**

1. Panalpina is a party to one or more contracts and/or leases with multiple Delphi entities. Certain contractual arrangements are with one of the Delphi Debtors, while others are with certain non-debtor Delphi affiliates (hereinafter the "Agreements").

2. Panalpina has filed an administrative claim in the above-referenced bankruptcy case in the sum of $9,664,668.94.

3. In the July 10 Notice, Panalpina is listed in Schedule 1—Supplier Contracts as a Non-Debtor Counterparty with a Cure Amount of $0.00.

**Limited Objection**

4. Panalpina has no objection to the Debtors' assumption and assignment of the Agreements. However, the actual Cure Amount required is estimated to be not less than **$9,664,668.94.**

5. The Agreements cannot be assumed without the concurrent cure of all arrearages. "Section 365(b) of the executory contracts section of the [Bankruptcy Code] required a debtor to cure pre-petition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002).

6. Before the Debtors assume and assign the Agreements, the Debtors must cure the entire arrearages owed to Panalpina.

7. There may be additional cure obligations, arising from any post-petition defaults, pending the actual assumption and assignment of the Agreements. Panalpina hereby preserve their right to assert additional cures or other amounts against the Debtors, their estates or the Purchaser, in the event of any post-petition (but pre-assumption) defaults.

8. Since the legal points and authorities upon which Panalpina relies for the purposes of this Objection are incorporated into the Objection, Panalpina respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, Panalpina respectfully requests that the Bankruptcy Court (i) decline to approve the assumption and assignment of any contract or lease between Panalpina and any Delphi non-debtor

affiliate; (ii) establish procedures which preserve Panalpina's right to establish and be paid the full amount of all monetary defaults; (iii) require the amount of any cure payments be increased as set forth herein, and (iv) grant such other and further appropriate relief.

Dated: New York, New York
July __, 2009

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By: /s/ Karel S. Karpe
Karel S. Karpe
One Penn Plaza, Suite 4110
New York, NY 10119

And

BIALSON, BERGEN & SCHWAB
Patrick M. Costello (*admitted in California*)
Thomas M. Gaa (*admitted in California)*
2600 El Camino Real, Suite 300
Palo Alto, California 94306

*Attorneys for Panalpina Management Ltd. and Panalpina, Inc..*