LAW OFFICES

# Cantrell Green Pekich Cruz & McCort

*LAWYERS FOR THE DISABLED WORKER*

RICHARD J. CANTRELL
(1933-1992)

ANNA BATANERO

MARIO CRUZ

MARILYN S. GREEN
*OF COUNSEL*

JULIANA GUERRIERO

WAYNE MC CORT

DONALD M. PEKICH
*OF COUNSEL*

DANNY T. POLHAMUS

*REHAB ADMINISTRATOR*
MARTHA GREEN-PONCE

*OFFICE MANAGER*
JUSTINE SCHIERBERL

*LETTERHEAD
GENERATED IN-HOUSE*

WWW.WORKERCOMPLAW.COM

June 30, 2009

The Honorable Robert Drain
United States Bankruptcy Judge
United State Bankruptcy Court
1 Bowling Green, Rm. 632
New York, NY 10004



In re:  Delphi Corporation
        Case No. 05-44481 (RDD)

Dear Judge Drain:

I am in receipt of a mailing from the Delphi bankruptcy that appears to reference Angelina Cruz. I represented Ms. Cruz in a workers' compensation claim that resulted in an award. The recent mailing indicates Delphi is objecting to the claim under the heading "Individual Workers' Compensation Books and Records Claims." This designation appears to suggest Delphi does not have record of the claim.

Enclosed please find FINDINGS AND ORDERS and an ORDER DENYING RECONSIDERATION with respect to $147,000.00 found payable by Delphi to Angelina Cruz, less attorney fees payable to my office, by the California Workers' Compensation Appeals Board.

If there were some means by which Ms. Cruz can be assisted to meet procedural requirements – rather than be denied benefits based on an incorrect representation that no benefits are owed – any guidance or assistance you can provide would be appreciated.

Sincerely,

*Wayne McCort*

WAYNE MCCORT
WM:ng

Encls. (Order Denying Reconsideration; Report and Recommendation on Petition for Reconsideration; Findings and Orders; Opinion on Decision; Page 3 of Notice of Objection to Claim)

cc:    Angelina Cruz
       Skadden, Arps, et al. - 155 N. Wacker Dr., Chicago, IL 60606
              Attn:   John William Butler, Jr.; John K. Lyons; Joseph N. Wharton
       Delphi Corporation – 5725 Delphi Dr., Troy, MI 48098 Attn: General Counsel
       File copy

*"CELEBRATING OVER 30 YEARS OF ADVOCATING FOR THE RIGHTS OF INJURED WORKERS"*

P.O. BOX 1700  ■  444 WEST OCEAN BOULEVARD, SUITE 400
LONG BEACH, CA  90801-1700
(562) 432-8421  ■  (714) 535-1500  ■  Fax (562) 432-3822

LAW OFFICES

# Cantrell
# Green
# Pekich
# Cruz &
# McCort

*LAWYERS FOR THE DISABLED WORKER*

RICHARD J. CANTRELL
(1933-1992)

ANNA BATANERO

MARIO CRUZ

MARILYN S. GREEN
*OF COUNSEL*

JULIANA GUERRIERO

WAYNE MC CORT

DONALD M. PEKICH
*OF COUNSEL*

DANNY T. POLHAMUS

*REHAB ADMINISTRATOR*
MARTHA GREEN-PONCE

*OFFICE MANAGER*
JUSTINE SCHIERBERL

LETTERHEAD
GENERATED IN-HOUSE

WWW.WORKERCOMPLAW.COM

June 30, 2009

The Honorable Robert Drain
United States Bankruptcy Judge
United State Bankruptcy Court
1 Bowling Green, Rm. 632
New York, NY 10004



In re:  Delphi Corporation
        Case No. 05-44481 (RDD)

Dear Judge Drain:

I am in receipt of a mailing from the Delphi bankruptcy that appears to reference Angelina Cruz. I represented Ms. Cruz in a workers' compensation claim that resulted in an award. The recent mailing indicates Delphi is objecting to the claim under the heading "Individual Workers' Compensation Books and Records Claims." This designation appears to suggest Delphi does not have record of the claim.

Enclosed please find FINDINGS AND ORDERS and an ORDER DENYING RECONSIDERATION with respect to $147,000.00 found payable by Delphi to Angelina Cruz, less attorney fees payable to my office, by the California Workers' Compensation Appeals Board.

If there were some means by which Ms. Cruz can be assisted to meet procedural requirements – rather than be denied benefits based on an incorrect representation that no benefits are owed – any guidance or assistance you can provide would be appreciated.

Sincerely,

*Wayne McCort*

WAYNE MCCORT
WM:ng

Encls. (Order Denying Reconsideration; Report and Recommendation on Petition for Reconsideration; Findings and Orders; Opinion on Decision; Page 3 of Notice of Objection to Claim)

cc:     Angelina Cruz
        Skadden, Arps, et al. - 155 N. Wacker Dr., Chicago, IL 60606
            Attn:  John William Butler, Jr.; John K. Lyons; Joseph N. Wharton
        Delphi Corporation – 5725 Delphi Dr., Troy, MI 48098 Attn: General Counsel
        File copy

*"CELEBRATING OVER 30 YEARS OF ADVOCATING FOR THE RIGHTS OF INJURED WORKERS"*

# WORKERS' COMPENSATION APPEALS BOARD

## STATE OF CALIFORNIA

| | |
|---|---|
| ANGELINA CRUZ, | Case No.    AHM 066656 |
| *Applicant,* | AHM 060454 |
| vs. | **ORDER DENYING RECONSIDERATION** |
| DELPHI AUTOMOTIVE SYSTEMS; SEDGWICK CLAIMS MANAGEMENT, | |
| *Defendant(s).* | |

We have considered the allegations of the Petition for Reconsideration and the contents of the report of the workers' compensation administrative law judge with respect thereto. Based on our review of the record, and for the reasons stated in said report which we adopt and incorporate, we will deny reconsideration.

///
///
///
///
///
///
///
///
///
///
///

For the foregoing reasons,

**IT IS ORDERED** that said Petition for Reconsideration be, and it hereby is, **DENIED.**

WORKERS' COMPENSATION APPEALS BOARD

WILLIAM K. O'BRIEN

I CONCUR,

FRANK M. BRASS

JAMES C. CUNEO

DATED AND FILED IN SAN FRANCISCO, CALIFORNIA

APR 1 7 2006

SERVICE BY MAIL ON SAID DATE TO:

Cantrell Green et al, 444 W. Ocean Blvd. #400, Long Beach, CA  90802

Sager & Savage, 5152 Katella Avenue, #104, Los Alamitos, CA 90720.

kcs

CRUZ, Angelina                    2

STATE OF CALIFORNIA

# WORKERS' COMPENSATION APPEALS BOARD

## CASE NO.  AHM 0060454; AHM 0066656

ANGELINA CRUZ          vs.      DELPHI AUTOMOTIVE;
                                          FIRM SOLUTIONS

NANCY M. GORDON
WORKERS' COMPENSATION
ADMINISTRATIVE LAW JUDGE

DATE:   April 7, 2006                    INJURY DATE: April 28, 1997

### REPORT AND RECOMMENDATION ON
### PETITION FOR RECONSIDERATION

### I.

### INTRODUCTION

The Court issued its Findings and Orders denying defense counsel's petition to set aside the

Compromise and Release on the alleged ground of mutual mistake.  The petition for Reconsideration is

timely.  It has been verified by defense counsel.

### II.

### FACTS

The applicant, **ANGELINA CRUZ** filed two claims against **DELPHI AUTOMOTIVE**

**SYSTEMS**.  There was a claim of a specific injury as well as a continuous trauma injury.  The parties

resolved the underlying issues by Stipulations with Award which issued July 12, 2000.  It found the

applicant to have 56% permanent disability.  The parties also entered into a Compromise and Release

for the alleged and serious willful misconduct on the employer as well as outstanding penalty issues that

existed at that time.

Page 1

The parties were unable to reach a resolution on the Labor Code§ 132a issues that existed. That matter proceeded to trial with the Court issuing its decision in December, 2002.

Dr. Weiss, as the Agreed Medical Examiner found the applicant not to be a qualified injured worker. In spite of that finding, the defendant would not return the applicant to her employment. Therefore, the Court found the violation. The decision was ultimately the subject of a writ which was denied. It is undisputed that even after the writ was denied that no back wages of any kind were paid to the applicant.

The parties compromised the issue of the outstanding back wages by Compromise and Release on April 13, 2005. The Compromise and Release also settled death benefits as well as penalties. $22,000.00 of attorney fees were to be paid from the settlement. The Compromise and Release specifically stated that medical care was to remain open as the applicant was not settling that prior future medical award.

### III.

### DISCUSSION

In paragraph 10 of the Compromise and Release, it specifically stated that the applicant acknowledged that this Compromise and Release is specifically contingent upon the applicant agreeing to all of the terms and conditions of the Compromise and Release. Paragraph 4

specifically settled the applicant's Labor Code§ 132a claim as well as any claim for back wages, penalties and interest.

No petition for reconsideration was ever filed. However, a petition to set aside the Compromise and Release was filed on or about June 5, 2005. There is no allegation of fraud or duress. It alleges there was a mutual mistake as it did not address who pays the taxes for the back wages that were included in the settlement.

At the time of the trial, there were no witnesses called. The attorneys who appeared for this trial had been the attorneys all along in this matter. The Court allowed the attorneys to make statements for the record. It was acknowledged that it was defense counsel who drafted the Compromise and Release. Ms Savage for the defendant represented that she sent the Compromise and Release to applicant's counsel. A copy of that settlement agreement was marked and admitted as Defendant Exhibit C.

Ms. Savage represented it was always her intent to buy out the future medical as well as the monies relating to the 132a violation. However, the applicant wanted to have back surgery and for that reason, the settlement never went through settling future medical treatment. Ms. Savage represented for the record that the applicant was owed back wages of $127,567.50.

Page 3

There was a dispute between the parties as to the amount of overtime owed to the applicant. They compromised on an overtime figure of $20,000.00 which would mean a total of $147,567.50. The actual figure arrived upon for the Compromise and Release was $147,000.00.

Mr. McCort represented to the Court that ultimately penalties were included in the settlement in addition to the back wages. Penalties were a viable issue because the defendant had never even paid the amount that they believed to be reasonable. They simply refused to make any payment of any monies even after the decision was final. It was only by going through a settlement by Compromise and Release that the defendant was willing to make any payments of any kind.

This is not a case where the defendant paid what it thought was the reasonable value of the back wages pursuant to the award. Then there would be an issue as to whether the figures were correct and that issue could be addressed. Because of the decision to refuse to pay any back wages without a settlement or award, the Court indicated in its decision that the applicant could receive penalty monies and even possibly sanctions. This had been argued by applicant's counsel. Mr. McCort argued that penalties would have been substantial and they are referred to as being included in the Compromise and Release. Ms. Savage disagreed arguing that penalties were never discussed.

It is clear that there was no specific amount of money ever discussed as to penalties but she acknowledges that she did set forth that provision in the Compromise and Release. There is no question that they settled all penalties that existed up until the date of the settlement document.

It is clear to the Court that defense counsel never contemplated penalties but simply put them in the settlement. It is also clear that there is no basis for the Court that penalties never crossed the applicant attorney's mind. In light of the refusal to make any payment on the court's award of December, 2002 until the Compromise and Release was approved in April 2005, penalties were a very viable issue.

Mr. McCort denied any mutual mistake. In his mind, he was compromising the case because of the large amount of penalties at issue and potential sanctions to be paid. The Court opined that if one considered the refusal to pay the award with the acknowledgment that monies were owing, one could argue that the penalties would have been substantially more than the amount that was compromised by the applicant. Applicant's counsel argued that his client agreed to this figure to put the matter behind her. Certainly, this case has had numerous hearings and numerous problems. The Court could not find sufficient evidence that would meet the defendant's burden of rescinding the order approving Compromise and Release.

Page 5

The Court found no mutual mistake. In fact, it concluded it was probably in the best interest of the defendant to go through with the settlement although it is obviously their desire to withdraw and have a separate hearing on the penalty issues. Based on the record, the Court could not agree to that request.

## IV.

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that the Petition for Reconsideration be **DENIED.**

NANCY M. GORDON
WORKERS' COMPENSATION
ADMINISTRATIVE LAW JUDGE

Dated: April 7, 2006
Anaheim, California

Served by mail on April 7, 2006
On all parties checked as shown on the Official Address Record
By: Victoria Lat

NMG:vl

Page 6

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

ANGELINA CRUZ

*Applicant*

vs.

DELPHI AUTOMOTIVE SYSTEMS;
SEDGWICK CLAIMS MANAGEMENT

*Defendants.*

Case No. AHM  066656  AHM 0060454

**FINDINGS AND ORDERS**

*Law Offices of Cantrell, Green, Pekich, Cruz & McCort*
*By: Wayne McCort, Esq.*
*Attorneys for Applicant*

*Law Offices of Sager & Savage*
*By: Joanne Savage, Esq.*
*Attorney for Defendants*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## *FINDINGS OF FACTS*

A trial having been held at the Anaheim WCAB, the matter having been regularly submitted, the Honorable **NANCY M. GORDON,** now finds and orders as follows:

1.    There was no mutual mistake in the Compromise and Release that was approved by the Court in the sum of $ 147,000.00.

2.    The settlement entered into between the parties settled all existing penalties at that time.

1

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

### ORDER

**IT IS HEREBY ORDERED** that the petition to set aside the Compromise

and Release is **denied.**

**IT IS FURTHER ORDERED** that the issue of additional penalties due to

the failure to fully pay the Compromise and Release is **deferred.**

**NANCY M. GORDON**
**WORKERS' COMPENSATION**
**ADMINISTRATIVE LAW JUDGE**

Dated at Anaheim, California
On:  March 2, 2006

March 2, 2006
Served by mail on parties checked on the
Official Address Record effected on above date.
BY: Victoria Lat

2

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

## CASE NO. AHM 0060454, AHM 066656

ANGELINA CRUZ          vs.          DELPHI AUTOMOTIVE SYSTEMS;
SEDGWICK CLAIMS MANAGEMENT

NANCY M. GORDON
WORKERS' COMPENSATION
ADMINISTRATIVE LAW JUDGE:

DATE:   March 2, 2006

> Law Offices of Cantrell, Green, Pekich, Cruz & McCort
> By: Wayne McCort, Esq.
> Attorneys for Applicnat
>
> Law Offices of Sager & Savage
> By: Joanne Savage, Esq.
> Attorneys for Defendants

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### *OPINION ON DECISION*

There had been two claims filed for Angelina Cruz against Delphi Automotive which is the subject of ongoing litigation. There has been a Compromise and Release approved for the alleged serious and willful misconduct of the employer. There was then an agreement by Stipulations and Request for Award in July 2000 stipulating to 56% permanent disability to the applicant's spine, right shoulder, right upper extremity, head and gastro intestinal system on April 28, 1997 and during the period August 2, 1977 to April 28, 1998.

Thereafter, there was a trial on the issue of whether the defendant was in violation of Labor Code§ 132a because the Agreed Medical Examiner, Dr. Weiss, had found the

3

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

applicant was not a Qualified Injured Worker. In spite of this finding, the defendant would not return the applicant to her employment. The Court found the violation. This decision was ultimately the subject a writ which was denied.

There was later a stipulation between the parties that the applicant was owed $127,567.50 in payment of back wages. As to the dispute of additional monies for overtime, the sum of $43,740.00 was discussed but needed clarification. It was represented that there had been an offer of $120,000.00 to the applicant which had been rejected.

This agreement was in light of the fact that the Court could not issue a dollar amount in its award because there had been insufficient evidence of the applicant's earnings at the time of the decision. The parties were attempting to clarify and settle the amount of back wages that would have been awarded through that decision.

On April 13, 2005, the Court approved a Compromise and Release in the sum of $147,000.00 with $22,000.00 paid in attorney fees. The Compromise and Release specifically stated that medical care was to remain open. In paragraph 10 of the Compromise and Release, it specifically stated that the applicant acknowledges that this Compromise and Release is specifically contingent upon Applicant agreeing to all of the terms and conditions in its Compromise & Release. Paragraph 4 specifically settled the applicant's Labor Code §132a claim as well as any claims for back wages, penalties and interest.

4

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

Thereafter, a dispute arose as the defendant argued that this was not the settlement that had been intended to be entered into by the parties. No Petition for Reconsideration was ever filed. However, there was a petition to set aside the Order Approving Compromise and Release filed on or about June 6, 2005. It alleges that there was a mutual mistake as it does not address who pays the taxes since the settlement is for back wages.

Because of the dispute, a trial was held at which time there were no witnesses called except that the two attorneys who appeared for this trial. They were the participants in the settlement negotiation and made the representations to the Court. It was acknowledged that it was defense counsel who drafted the Compromise and Release. Ms Savage for the defendant represented that she sent the Compromise and Release to applicant's counsel. A copy of this Compromise and Release is marked and admitted as Defendant Exhibit C.

Ms. Savage represented it was always her intent to buy out the Compromise and Release including a settlement of the monies awarded for the 132a violation as well as settling future medical treatment. However, the applicant wanted back surgery and for that reason, the settlement she had planned never went through settling future medical treatment. She had computed that the applicant was owed back wages of $127,567.50. They had compromised the overtime figure as $20,000.00 which would mean a total of $147,567.50. The actual figure in the Compromise and Release that was arrived upon was $147,000.00. Mr. McCort represented to the Court that ultimately penalties were

5

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

included in the settlement as well as the back earnings. Nothing had been paid after the stipulations to pay the back wages. This had not even been paid after the writ was denied. The applicant would have received penalty monies and possibly even sanctions. He argued that the penalties would have been substantial and they are referred to as being included in the Compromise and Release. Ms. Savage disagreed arguing the penalties were never discussed. There were no specific figures discussed between them as to penalties but she acknowledged that she did set forth in the Compromise and Release that by entering into the agreement, they were settling all penalties that had existed up until that date.

Mr. McCort denied that there were any mutual mistakes. In his mind, he was compromising the case because of the large amount of penalties and potentially sanctions to be paid. He denied there was any fraud and no fraud is alleged. It is denied that there was any duress and no duress is alleged.

If one looks at the refusal to pay the award and the acknowledgment that the monies were owed in a specific amount and yet still no payment was ever made, one can argue that the penalties would be substantially more than what was compromised by the applicant. Applicant's counsel argues that his client agreed to compromise this matter to put it behind her. Certainly, this case has had numerous hearings and numerous problems. The Court cannot find sufficient evidence to rescind its Order approving Compromise and Release. It finds no mutual mistake. In fact, it was probably in the best interest of the defendant to go forward with the settlement although obviously it is their

6

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

desire to withdraw from this settlement and try the penalty issues separately. However,

based on this record, the Court cannot agree to that request. The Petition to set aside the

Compromise and Release is ordered denied.


Because there has been a failure to actually pay the Compromise and Release in

full, there is now a new issue as to a penalty. The applicant's attorney requested and the

Court agreed to defer this new penalty issue pending the outcome of this most recent

decision.



**NANCY M. GORDON**
**WORKERS' COMPENSATION**
**ADMINISTRATIVE LAW JUDGE**

Dated: March 2, 2006
At Anaheim, California

(x) **Served by mail** on March 2, 2006
    On all parties as shown on Official Address Record
    By: Victoria Lat

NMG:vl

7

STATE OF CALIFORNIA
WORKERS' COMPENSATION APPEALS BOARD

**A PETITION FOR RECONSIDERATION FROM THIS DECISION SHALL BE FILED ONLY
AT THE ANAHEIM DISTRICT OFFICE OF THE WORKERS' COMPENSATION APPEALS
BOARD.**

8

Debtors seek to convert the amount of each Claims Allowed Pursuant To Settlement to a fully liquidated amount agreed to between the Debtors and the Claimant and seek to have such Claim allowed in that agreed-upon amount as an unsecured claim against the stated Debtor.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 06/26/06 | 8501 | $147,567.50 | Individual Workers' Compensation Books And Records Claims | Disallow and Expunge | |

If you wish to view the complete exhibits to the Thirty-Fourth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Thirty-Fourth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-Fourth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received no later than 4:00 p.m. (prevailing Eastern time) on July 16, 2009. Your Response, if any, to the Thirty-Fourth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

3