**Hearing Date: July 23, 2009**
                                     **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|     In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|                 Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE (A) CERTAIN PENSION AND OPEB CLAIMS, (B) CERTAIN INDIVIDUAL WORKERS' COMPENSATION CLAIMS, (C) CERTAIN DUPLICATE AND/OR AMENDED INDIVIDUAL WORKERS' COMPENSATION CLAIMS, (D) CERTAIN UNTIMELY INDIVIDUAL WORKERS' COMPENSATION CLAIMS, (E) A SECURED BOOKS AND RECORDS CLAIM, AND (F) CERTAIN UNTIMELY CLAIMS, (II) MODIFY CERTAIN (A) WAGE AND BENEFIT CLAIMS, (B) STATE WORKERS' COMPENSATION CLAIMS, AND (C) INDIVIDUAL WORKERS' COMPENSATION CLAIMS ASSERTING PRIORITY, (III) PROVISIONALLY DISALLOW CERTAIN UNION CLAIMS, AND (IV) MODIFY AND ALLOW <u>CERTAIN SETTLED CLAIMS</u>

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-FOURTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims, dated June 22, 2009 (the "Thirty-Fourth Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

1.   The Debtors filed the Thirty-Fourth Omnibus Claims Objection on June 22, 2009, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) they were for liabilities owing in connection with the Debtors' pension and other post-employment benefits, (ii) they were asserted by individual current or former employees of the Debtors for workers' compensation benefits not reflected on the Debtors' books and records, (iii) they are duplicative of other Claims or have been amended or superseded by later-filed Claims by current or former employees of the Debtors for workers' compensation benefits, (iv) one was filed by an employee of the Debtors for workers'

---

[1]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirty-Fourth Omnibus Claims Objection.

2

compensation benefits and was untimely filed pursuant to the Bar Date Order, (v) one asserts liabilities that are not reflected on the Debtors' books and records, and (vi) they were untimely filed pursuant to the Bar Date Order, (b) revising the asserted amount or classification, and/or changing the identity of the alleged Debtor against which the Claim was filed, with respect to certain Claims filed (i) for certain wages and benefits, (ii) by individuals for workers' compensation benefits, and (iii) by certain states for workers' compensation program-related payouts, (c) provisionally disallowing and expunging certain Claims that were filed by national and local unions, and (d) modifying and allowing certain Claims because the Debtors have reached a settlement in principle with the holders of such Claims in the amount of each such Claim to be allowed pursuant to the Objection.

2.  The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Thirty-Fourth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Thirty-Fourth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on July 16, 2009.

3.  As of July 17, 2009 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 11 timely-filed formal docketed responses (collectively, the "Responses") to the Thirty-Fourth Omnibus Claims Objection. In the aggregate, the Responses cover 21 Claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the 21 Claims for which a Response was filed. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims

3

Objection Procedures Order"), the hearing with respect to each of the 21 Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4.  In addition, the Debtors are withdrawing the Thirty-Fourth Omnibus Claims Objection with respect to two proofs of claim and modifying the Thirty-Fourth Omnibus Claims Objection with respect to one proof of claim for the reasons set forth below. No Responses were filed with respect to these Claims.

| Proof Of Claim Number | Claimant | Reason For Withdrawal Of Objection |
| --- | --- | --- |
| 11200 | United Plastics Group, held by Longacre Master Fund LP | Objection withdrawn by agreement of the Debtors and United Plastics Group Inc. |
| 10014 | Select Industries Corporation f/k/a Select Tool & Die Corp. | Objection withdrawn by agreement of the Debtors and Select Industries Corporation f/k/a Select Tool & Die Corp. |
| 11462 | Milliken & Company, held by SPCP Group, LLC as Agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd. ("SPCP Group") | The Debtors, Milliken & Company, and SPCP Group agreed that the Objection overstated the amount to be allowed by $16,883.01. |

5.  Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Thirty-Fourth Omnibus Claims Objection which reflects the

---

[2]  Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Thirty-Fourth Omnibus Claims Objection.

4

adjournment of the hearings with respect to the Claims for which Responses were filed or received by the Debtors. Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

6. In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirty-Fourth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

7. Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents. Thus, the Debtors request that the Court grant the relief requested by the Debtors and enter the Revised Proposed Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
        July 22, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession