CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio  44114
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
Jean R. Robertson (JR 4529)
Tiiara N. A. Patton (TP 8803)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
                                                            :
    In re                                                   :        Chapter 11
                                                            :
DELPHI CORPORATION, et al.,                                 :        Case No. 05–44481 (RDD)
                                                            :
                              Debtors.                      :        (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION AND RESERVATION OF RIGHTS OF TECHNICAL MATERIALS, INC.
TO DEBTORS' (A) NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT
TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE
ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER
MODIFIED PLAN OF REORGANIZATION AND (B) JULY 13, 2009 CORRECTED
NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN
EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND
ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER
<u>MODIFIED PLAN OF REORGANIZATION</u>**

Technical Materials, Inc. ("<u>TMI</u>"), by and through its undersigned counsel,

hereby submits this objection and reservation of rights (the "<u>Objection</u>") to Debtors' (a) Notice

of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired

Leases to Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of

Reorganization and (b) July 13, 2009 Corrected Notice of Assumption and Assignment with

Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to

Parnassus Holdings II, LLC Under Modified Plan of Reorganization (the "<u>Corrected Assumption</u>

Notice," together with the Assumption Notice, the "<u>Assumption Notices</u>").  In support of this Objection, TMI respectfully represents as follows:

<u>Limited Objection and Reservation of Rights</u>

1.       On October 8, 2005 (the "<u>Petition Date</u>"), Delphi Corporation ("<u>Delphi</u>") and certain related entities (collectively with Delphi, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York.  The Debtors remain in possession of their property and continues to operate their business as a debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2.       On October 3, 2008, the Debtors filed a motion (Docket No. 14310) for entry of an order approving (i) certain modifications to the confirmed Plan and related modifications to the Disclosure Statement and (ii) related procedures for re-soliciting votes on the confirmed Plan.  That motion was supplemented by the Debtors' motion dated June 1, 2009 (the "<u>Plan Modification Motion</u>") (Docket No. 166646).

3.       On June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, As Modified (Docket No. 17030) (the "<u>Modified Plan</u>") and the First Amended Disclosure Statement, As Modified with respect to the Modified Plan (Docket No. 17031).

4.       On the same day, the Court entered an Order (Docket No. 17032) approving the Plan Modification Motion (the "<u>Modification Procedures Order</u>").

5.       On July 10, 2009, pursuant to the Modifications Procedures Order, the Debtors filed the Assumption Notices, which indicate that the Debtors intend to assume and assign to Parnassus Holdings II, LLC certain contracts between TMI and the Debtors.

6.      On July 13, 2009, the Debtors filed their Corrected Assumption Notice.  In the Corrected Assumption Notice, the Debtors fail to provide TMI with sufficient information to determine the specific "intellectual property" contracts the Debtors seek to assume and assign. Because the Debtors' description is patently ambiguous, TMI cannot determine whether the proposed cure amount listed in the Assumption Notices is accurate.

7.      Specifically, the Assumption Notices provide only that the Debtors intend to assume and assign "all contracts between [TMI] and Delphi related to intellectual property." See Exhibit A.  The proposed cure amount for those affected contracts is listed as $0.00.

8.      TMI objects to the Assumption Notices to the extent that the Debtors have failed to adequately identify the TMI contracts to be assumed and assigned.  The Debtors failure to adequately identify the affected TMI contracts prevents TMI from confirming the exact cure amount due.  Therefore, TMI respectfully requests that the Court direct the Debtors to identify the TMI contacts that the Debtors seek to assume and assign as well as the associated cure amounts.

9.      It is imperative that this Court require the Debtors to provide details regarding the date and nature of each intellectual property contract they allegedly desire to assume and assign under the Assumption Notices.  Without more specific information, TMI has insufficient notice as to the Debtors' intent regarding its intellectual property contracts.  After the Debtors supplement the Assumption Notices with more specific information, TMI will be better able to determine whether (a) it has an objection to the assumption and assignment and (b) whether the cure amount is accurate.

10.      TMI reserves, and does not waive, all of its rights and defenses to the Debtors' proposed assumption, assignment and cure of the TMI contracts.  TMI also reserves all

of its rights and remedies under the Bankruptcy Code and other applicable law to further object

to the assumption and/or assignment of any executory contracts between TMI and the Debtors on

any grounds.

WHEREFORE, TMI respectfully requests that the Court (a) sustain the

Objection; (b) direct the Debtors to amend the Assumption Notices to specifically identify the

TMI contracts to be assumed and assigned and confirm the associated cure amounts for each

contract; and (c) grant such other relief as the Court deems just and proper.

Dated: July 22, 2009                                    Respectfully submitted,

                                                        /s/ Jean R. Robertson
                                                        Jean R. Robertson (JR 4529)
                                                        Tiiara N. A. Patton (TP 8803)
                                                        CALFEE, HALTER & GRISWOLD LLP
                                                        1400 KeyBank Center
                                                        800 Superior Avenue
                                                        Cleveland, Ohio  44114
                                                        Telephone:  (216) 622-8200
                                                        Facsimile:  (216) 241-0816
                                                        Email: *jrobertson@calfee.com*
                                                                *tpatton@calfee.com*


                                                        ATTORNEYS FOR TECHNICAL MATERIALS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2009, I caused a copy of the foregoing to be served upon

the following counsel of record by overnight courier.


/s/ Jean R. Robertson
Jean R. Robertson (JR 4529)

| | |
|---|---|
| Delphi Corporation<br>Attn: General Counsel<br>5725 Delphi Drive<br>Troy, MI 48098 | John Wm. Butler, Jr.<br>Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 North Wacker Drive<br>Chicago, IL 60606 |
| Kayalyn A. Marafoti<br>Gregory W. Fox<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036 | Office of the U.S. Trustee for the Southern District<br>of New York<br>Attn:  Brian Masumoto<br>33 Whitehall Street, Suite 2100<br>New York, NY 10004 |
| Robert J. Rosenberg<br>Mark A. Broude<br>Mitchell A. Seider<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022 | Donald Bernstein<br>Brian Resnick<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 |
| Richard Mancino<br>Marc Abrams<br>Wilkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019 | John J. Rapisardi<br>Oren B. Haker<br>Cadwalader, Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281 |
| Matthew L. Schwartz<br>Joseph N. Cordaro<br>U.S. Department of Justice<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007 | Jeffrey L. Tanenbaum<br>Robert J. Lemons<br>Weil, Gotshal& Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Adam C. Harris<br>David J. Karp<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY 10022 | |

# EXHIBIT A

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
## (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, all contracts or leases primarily relating to business conducted at any of the Debtors' manufacturing facilities, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to Parnassus, **other than** contracts or leases primarily relating to (a) the Debtors' Steering business, including but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan, (b) business conducted at the manufacturing facilities located in Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center), and (c) business conducted at certain manufacturing facilities located in Athens, Alabama; Fitzgerald, Georgia; New Castle, Indiana; Olathe, Kansas; Flint, Michigan; Saginaw, Michigan (Chassis); Clinton, Mississippi; Columbus, Ohio; Cortland, Ohio; Dayton, Ohio; Kettering, Ohio; Ravenna, Ohio; Warren, Ohio; Columbia, Tennessee; and Oak Creek, Wisconsin.

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any) | Rejected Contracts (If Any) |
|---|---|---|---|---|
| TECHNICAL MATERIALS, INC. | E&S | All contracts between TECHNICAL MATERIALS, INC. and Delphi related to intellectual property. | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.