YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
Joseph M. Barry (NY JB1560; DE 4221)
    *(admitted pro hac vice)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re                                   :

                                         :        Chapter 11

DELPHI CORPORATION, et al.,      :

                                         :        Case No. 05-44481 (RDD)

                     Debtors.        :

                                         :        (Jointly Administered)

------------------------------------------------------:

## RESPONSE OF TYCO ELECTRONICS CORPORATION TO DEBTORS' CORRECTED NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

Tyco Electronics Corporation ("Tyco Electronics"), including its Precision Interconnect division ("Precision," and together with Tyco Electronics, "Tyco Precision"), by and through its undersigned counsel, hereby objects to the *Corrected Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization* (the "Assignment Notice") and the assumption and/or assignment of any purported executory contracts pertaining thereto. In support of this Objection, Tyco Precision states as follows:

### BACKGROUND

    1.    Tyco Electronics is a global provider of engineered electronic components for thousands of consumer and industrial products; network solutions and systems for telecommunications and energy markets; undersea telecommunication systems; and specialty

products. Tyco Electronics designs, manufactures and markets products for customers in a broad array of industries including automotive; data communication systems and consumer electronics; telecommunications; aerospace, defense and marine; medical; and alternative energy and lighting. Precision, a division of Tyco Electronics, is a leader in the manufacturing and distribution of high quality network cabling and interconnect products.

2.   On July 15, 2009, Precision received the Assignment Notice, a copy of which is annexed hereto as Exhibit A. Representatives of Precision have reviewed their files and cannot locate a record of having received a previous cure notice in these cases.[1] The Assignment Notice was addressed to a former Chief Financial Officer of Precision who has not worked for Tyco Precision for approximately 7 or more years.

3.   According to the Assignment Notice, responses thereto "in hard-copy form…[must be] actually received within ten days after the date of service…" of the Assignment Notice. Assignment Notice, at p. 2. This afforded Tyco Precision a mere five (5) business days from receipt of the Assignment Notice to investigate, research and prepare and express mail a response to ensure "actual receipt" by July 23, 2009.

4.   The Assignment Notice ambiguously identifies the purported executory contracts to be assumed and assigned in accordance therewith as "All contracts between PRECISION INTERCONNECT and Delphi related to intellectual property, including, but not limited to, those dated 07/19/2000." Assignment Notice, at Schedule 2.

---

[1] Tyco Electronics, on behalf of itself and several other affiliates and/or divisions, did however receive nine (9) cure notices related to dozens of executory contracts, none of which related to Precision Interconnect. In January 2008, Tyco Electronics timely filed its cure elections related to those other executory contract cure notices.

2

5.     Upon receipt of the Assignment Notice, Tyco Precision engaged in a very prompt and thorough investigation relating to the purported executory contracts that may be subject to the Assignment Notice.

6.     When, by July 21, 2009, Tyco Precision was unable to locate a copy of the purported executory contracts referred to in the Assignment Notice, Tyco Precision engaged counsel who contacted counsel for the Debtors on July 21 and 22, 2009, and requested (i) an extension of time to respond to the Assignment Notice, (ii) a copy of the purported executory contract(s) sought to be assumed and assigned, (iii) the identity of the precise Delphi entity that is a counterparty to the contracts (in the hope that Schedule G of such entity would identify the precise purported contracts), and (iv) adequate assurance information related to the proposed assignee of the purported executory contracts.

7.     Tyco Precision's request for a modest extension of the response deadline was denied. A copy of the purported executory contracts sought to be assumed and assigned has/have not been provided as of the date of this filing.[2] The identity of the precise Delphi entity that is a counterparty to the purported executory contracts has not been provided as of the date of this filing. And the "adequate assurance" data provided by the Debtors was merely a copy of the Debtors' amended plan of reorganization and the accompanying plan supplement – approximately 800 pages of documents.

---

[2] To be clear, the Debtors' counsel has not refused to provide a copy of such purported contracts but instead has advised that they are attempting to retrieve information from the Debtors and will presumably make it available to Tyco Precision on a consensual basis.

3

## BASES FOR OBJECTION

A. **The Assumption Notice Violates Due Process as it Does Not Identify the Contract(s) to Be Assumed and Assigned.**

8. The assumption of the purported executory contract subject to the Assignment Notice can and should be denied for the simple reason that the Assignment Notice fails to identify the purported executory contracts to be assumed in violation of Tyco Precision's due process rights. The Assignment Notice purports to seek assumption and assignment of "[a]ll contracts between PRECISION INTERCONNECT and Delphi related to intellectual property, including, but not limited to, those dated 07/19/2000." Assignment Notice, at Schedule 2. The Assignment Notice fails to identify (i) what these purported contracts are, (ii) what the Debtors consider to be "all contracts", (iii) which Delphi entity is counter party to these purported contracts, or (iv) what the phrase "related to intellectual property" entails. Coupled with the fast-track nature of the Debtors' attempted assumption and assignments, the dearth of information provided by the Debtors is highly prejudicial and fails to meet the most basic noticing and due process requirements. These do not appear to be unique to Tyco Precision, but appear to be pervasive issues in these cases. *See, e.g.*, Docket No. 18494 (purported contract counterparty objecting on basis that notice does not sufficiently identify contracts); Docket No. 18489 (same); Docket No. 18488 (the expedited timeframe and deficient information provided by the Debtors is prejudicial); Docket No. 18547 (objecting to expedited nature of Debtors' assignment notices); Docket No. 18545 (same).

9. Given Tyco Precision's business, matters pertaining to intellectual property are extremely sensitive as product research and development, trademark, patents, licensing and other forms of intellectual property and licensing rights are at the core of its

4

business and extremely valuable assets of Tyco Precision. For this reason – and because the Bankruptcy Code requires it – it is imperative that the Debtors be required to identify with specificity any purported executory contracts that they are attempting to assume and assign by virtue of the Assignment Notice, including, but not limited to, providing Tyco Precision with a copy of any and all such purported executory contracts. In addition, once the Debtors provide the purported executory contracts, Tyco Precision should be afforded a reasonable opportunity to review and respond to the proposed assumption and assignment of them. Anything less would be extremely prejudicial to Tyco Precision and would trample on Tyco Precision's rights.

**B.** **Reservation of Rights.**

10. Although the Assignment Notice purports to limit Tyco Precisions rights regarding, among other things, the bases on which it can object to the assumption and/or assignment of any contracts and the right to seek payment related to any pre- or post-petition defaults under the purported executory contracts at issue, Tyco Precision expressly reserves its rights to any and all claims given the Debtors' failure to identify the contract or contracts subject to the Assignment Notice. In this regard, Tyco Precision objects to, among other things, the Debtors' attempt to limit the rights afforded to Tyco Precision under the Bankruptcy Code and/or any applicable contract without identifying the actual contracts at issue.

11. Because the legal points and authorities regarding this objection are incorporated herein and do not represent novel theories of law, Tyco Precision respectfully requests that the requirement of service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

**WHEREFORE**, Tyco Precision respectfully requests that an Order be entered: (i) denying the assumption and/or assignment of any contracts pertaining to or purportedly identified in the Assignment Notice, (ii) compelling the Debtors to (a) specifically identify the purported executory contracts subject to the Assignment Notice, and (b) provide to Tyco Precision a copy of such purported executory contracts, (iii) adjourn the hearing to consider the assumption and/or assignment of any such contracts, and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: July 22, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Joseph Barry
Joseph M. Barry (NY JB1560; DE 4221)
*(admitted pro hac vice)*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jbarry@ycst.com