# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
         Debtors.   :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CORRECTED** NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN
EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO
PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION

**This Corrected Notice replaces the Notice of Assumption and Assignment mailed on July
10, 2009 with respect to executory contracts and unexpired leases to be assumed and
assigned to Parnassus Holdings II, LLC**

        PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i)
approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of
Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the
"Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the
"Debtors"), (ii) approved a related supplement to the disclosure statement approved by the Bankruptcy
Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of
the Modified Plan (the "Modification Procedures Order") (Docket No. 17032), as amended and
supplemented by the Supplemental Modification Procedures Order entered by the Bankruptcy Court on
June 29, 2009 (Docket No. 17376).

        The Modified Plan provides that all executory contracts and unexpired leases as to which any
Debtor is a party shall be deemed automatically assumed in accordance with the provisions and
requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C.
§§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective
Date (as defined in the Modified Plan), unless such executory contracts or unexpired leases (i) shall have
been previously rejected by the Debtors by final order of the Bankruptcy Court, (ii) shall be the subject of
a motion to reject, or that otherwise authorizes rejection, filed on or before the date of entry of an order
approving the Modified Plan, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer
property or assets filed by the Debtors prior to the Effective Date pursuant to their own terms, (iv) shall
have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their
own terms, (v) are listed on the schedule of rejected contracts attached as Exhibit 8.1(a)—Rejected
Contracts to the Modified Plan, or (vi) are otherwise rejected pursuant to the terms of the Modified Plan
and/or upon the direction of either Buyer (as defined in the Modified Plan) pursuant to the Master
Disposition Agreement.

        In accordance with the Modification Procedures Order, the Debtors hereby provide notice that the
contract(s) listed on Schedule 1 and/or, to the extent not listed on Schedule 1, the contracts related to the
business conducted at the manufacturing facilities identified on Schedule 2, attached hereto as applicable,
will be assumed by the Debtors and assigned to the Parnassus Holdings II, LLC ("Parnassus") (the
"Parnassus Assumed Contracts"), as provided in the Modified Plan and the Supplement.

PLEASE TAKE FURTHER NOTICE that in accordance with this Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, non-Debtor counterparties to Parnassus Assumed Contracts shall be entitled to recover only the Cure[1] amounts as listed on Schedules 1 and/or 2 hereto, unless otherwise noted, which Cure amounts have been previously established pursuant to the procedures in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified on January 25, 2008 (the "Confirmed Plan"), and the December 10, 2007 Solicitation Procedures Order (Docket No. 11389) (the "December 10 Solicitation Procedures Order") and as may be modified pursuant to the procedures set forth in the Modification Procedures Order, or such lower amount as may be agreed to by the Debtors, the applicable counterparty, and Parnassus and shall be barred and enjoined from asserting at the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") or otherwise that any other amounts are owing on account of any prepetition default. Pursuant to the Modified Plan, Parnassus, rather than the Debtors, will be responsible to pay the necessary amounts to cure any defaults under these contracts. Cure amounts, if any, shall only be paid to the non-Debtor counterparty to such Parnassus Assumed Contracts. Unless otherwise noted in Schedules 1 and/or 2, a non-Debtor counterparty to a Parnassus Assumed Contract only has the right to object to the adequate assurance of future performance by Parnassus. In addition, should a non-Debtor counterparty to a Parnassus Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the assumption and assignment of a Parnassus Assumed Contract, including objections asserting the existence of a postpetition default that must be cured under section 365 of the Bankruptcy Code, must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (f) be served in hard-copy form so that it is actually received within ten days after the date of service of this notice by (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate,

---

[1]    As set forth in Article 1.40 of the Modified Plan, "Cure" means the payment or other honoring of all obligations required to be paid or honored in connection with assumption of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, including (a) the cure of any non-monetary defaults to the extent required, if at all, pursuant to section 365 of the Bankruptcy Code, and (b) with respect to monetary defaults, the distribution within a reasonable period of time following the Effective Date of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption (or assumption and assignment) of an executory contract or unexpired lease, pursuant to section 365(b) of the Bankruptcy Code, in an amount equal to all undisputed, unpaid, and past due monetary obligations or such lesser amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons); and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp).

PLEASE TAKE FURTHER NOTICE THAT if an objection to the assumption and assignment of a Parnassus Assumed Contract is timely filed and received, any unresolved objection would be scheduled for an available claims hearing date following 20-days notice provided by the Debtors or the Reorganized Debtors (as defined in the Modified Plan), as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties and such hearing shall be before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. If no objection is timely received, each counterparty to the Parnassus Assumed Contracts shall be deemed to have consented to the assumption and assignment of the Parnassus Assumed Contract to Parnassus and shall each be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be, assignment of such contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or Parnassus or its assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption.

PLEASE TAKE FURTHER NOTICE THAT pursuant to 11 U.S.C. § 365, the Debtors assert there is adequate assurance of future performance that the Cure amounts set forth on Schedules 1 and/or 2 hereto will be paid in accordance with the terms of the Modified Plan. Further, the Debtors assert that there is adequate assurance of Parnassus' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of Parnassus.

PLEASE TAKE FURTHER NOTICE that copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

3

PLEASE TAKE FURTHER NOTICE that the Final Modification Hearing will commence on July 23, 2009 at 10:00 a.m. (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT July 15, 2009 at 4:00 p.m. (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline"). To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:    New York, New York
          July 13, 2009

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
    John Wm. Butler, Jr.
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -
    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

## Schedule 2 – Other Executory Contracts Or Unexpired Leases (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, all contracts or leases primarily relating to business conducted at any of the Debtors' manufacturing facilities, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to Parnassus, **other than** contracts or leases primarily relating to (a) the Debtors' Steering business, including but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan, (b) business conducted at the manufacturing facilities located in Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center), and (c) business conducted at certain manufacturing facilities located in Athens, Alabama; Fitzgerald, Georgia; New Castle, Indiana; Olathe, Kansas; Flint, Michigan; Saginaw, Michigan (Chassis); Clinton, Mississippi; Columbus, Ohio; Cortland, Ohio; Dayton, Ohio; Kettering, Ohio; Ravenna, Ohio; Warren, Ohio; Columbia, Tennessee; and Oak Creek, Wisconsin.

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any)[1] | Rejected Contracts (If Any) |
|---|---|---|---|---|
| PRECISION INTERCONNECT | DCS - IRVINE | All contracts between PRECISION INTERCONNECT and Delphi related to intellectual property, including, but not limited to, those dated 07/19/2000. | $0.00 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.