J. Mark Chevallier
TX State Bar No. 04189170
James G. Rea
TX State Bar No. 24051234
McGuire, Craddock & Strother, P.C.
500 N. Akard, Suite 3550
Dallas, Texas 75201
(214) 954-6800 Telephone
(214) 954-6850 Telecopier
Email: mchevallier@mcslaw.com
Email: jrea@mcslaw.com
ATTORNEYS FOR STMICROELECTRONICS, INC.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| DELPHI, *et al.*, | § | Case No. 05-44481 (RDD) |
| | § | Jointly Administered |
| Debtors. | § | |

**OBJECTION OF STMICROELECTRONICS, INC. TO
THE NOTICE AND TO THE CORRECTED NOTICES OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

STMicroelectronics, Inc. ("STMicroelectronics"), by and through its undersigned attorneys, hereby files this, its objection (the "Objection") to the Debtors' July 10, 2009, Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed or Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization and to the three separate Corrected Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed or Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization received on July 13, 2009, (collectively, the "Notices"). In support of the Objection, STMicroelectronics states as follows:

## BACKGROUND

1. On February October 8, 2005, and subsequently on October 15, 2005, (collectively, the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to and after the Petition Date, STMicroelectronics supplied the Debtors with various electronics components pursuant to a series of purchase order agreements between STMicroelectronics and the Debtors.

3. On June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (the "Modified Plan").

4. Also on June 16, 2009, the Debtors filed the Supplement to First Amended Disclosure Statement With Respect To First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified).

5. The Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective Date (as defined in the Modified Plan), unless, among other reasons, such executory contracts or unexpired leases shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms.

6. Thereafter, this Court entered the Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (As Modified) and Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date to Consider Modifications to Confirmed

First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (the "Modification Procedures Order").

7. Paragraph 35 of the Modification Procedures Order requires the Debtors to file a notice identifying Parnassus II Holdings, LLC or GM Components Holdings, LLC as the party to which the Debtors assign all of their rights, title, and interests in certain executory contracts and unexpired leases.

8. STMicroelectronics received four (4) separate Notices from the Debtors, one dated July 10th (the "July 10th Notice") and three (3) dated July 13th (the "July 13th Notices"). The Notices proposed the assumption and assignment of certain contracts to Parnassus Holdings II, LLC ("Parnassus"). The July 10th Notice and the July 13th Notices are attached hereto as **Exhibits A and B-1, B-2 and B-3**, respectively.

9. In addition to the Notices, on July 15th, STMicroelectronics received a letter from the Debtors offering to assume and assign certain contracts upon payment of fifty percent (50%) of the cure amount ("Accommodation Letter"). The Accommodation Letter is attached hereto as **Exhibit C**, and includes a Schedule 1 specifically identifying certain alleged executory contracts between STMicroelectronics and the Debtors. STMicroelectronics has researched its records and concluded that each of the contracts identified in Schedule 1 to the Accommodation Letter have expired by their terms and therefore are not eligible for assumption and assignment.

10. The Debtors' July 13th Notices purportedly replace the July 10th Notice, but do not specifically identify any of the contracts identified on the Accommodation Letter. Unlike the July 13 Notices, the July 10 Notice actually identifies specific contracts by contract numbers, but does not include any of the contracts identified in the Accommodation Letter. STMicroelectronics has researched its records and has concluded that each of the purchase order

contracts identified on the July 10 Notice have also already expired in accordance with their terms. Accordingly, pursuant to the Modified Plan, none of the purchase order contracts identified in either the Accommodation Letter or the July 10th Notice are eligible for assumption and assignment. Notwithstanding that the Debtors have replaced the July 10 Notice, to avoid any future confusion, STMicroelectronics objects to any attempt to assume or assign or otherwise revive the expired contracts identified on the July 10 Notice.

11. STMicroelectronics, in its investigation of the expired contracts identified on the July 10 Notice, determined that one of the identified contracts, No. 54061, which relates to part number 12959890, has been replaced by purchase order no. 55025504. This purchase order is still active. STMicroelectronics would consent to the assumption and assignment of purchase order number 55025504 upon payment of the full cure amount which is due under that contract.

12. The respective <u>Schedule 1</u>s of the three July 13th Notices are combined herein and provide as follows with respect to STMicroelectronics:

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If any) | Rejected Contracts (If Any) |
|---|---|---|---|---|
| SGS THOMSON MICROELECTRONICS, INC. | E&S | All contracts between SGS THOMSON MICROELECTRONICS, INC and Delphi related to intellectual property. | $0.00 | |
| STMICROELECTRONICS, INC. | E&S | All contracts between STMICROELECTRONICS, INC. and Delphi related to intellectual property. | $0.00 | |
| STMICROELECTRONICS, INC. | E&S | All contracts between STMICROELECTRONICS, INC. and Delphi related to intellectual property. | $0.00 | |
| STMICROELECTRONICS, INC. | E&S | All contracts between STMICROELECTRONICS, INC. and Delphi related to intellectual property. | $0.00 | |
| STMICROELECTRONICS, INC. | E&S | All contracts between STMICROELECTRONICS, INC. and Delphi related to intellectual property. | $0.00 | |

13.  The Schedule 1 attached to the July 13 Notices does not identify any specific contract which the Debtors contend exists between the Debtors and STMicroelectronics. Bankruptcy Rule 6006 requires that the specific contract to be assumed and assigned must be identified specifically. A generic description of "all contracts...related to intellectual property" does not apprise STMicroelectronics of the identity of the contracts purportedly being assumed and assigned, so that STMicroelectronics can determine whether any such contract is expired, or if still active and subject to assumption, what defaults may exist and what cures are required before the contract can be assumed and assigned. Without properly identifying the alleged contracts the Debtors are attempting to assume and assign through the July 13th Notices, the July 13th Notices are defective on their face.

14.  Notwithstanding the defective Notices, STMicroelectronics objects to any attempt by the Debtors to assume or assign any purchase order agreements or any other agreement or contract between STMicroelectronics and the Debtors pursuant to any of the July 13th Notices.

15.  STMicroelectronics further objects to any attempt to assume or assign any purchase order agreement or any other form of contract or agreement that may exist between STMicroelectronics and the Debtors that contains non-exclusive patent, copyright, trademark, or similar licenses without the consent of STMicroelectronics pursuant to section 365(c) of the Bankruptcy Code.[1]

---

[1]  Section 365(c), in relevant part states: "The Trustee may not assume or assign any executory contract . . . of the debtor, whether or not such contract . . . prohibits or restricts assignment of rights or delegation of duties, if– (1)(A) applicable law excuses a party, other than the debtor, to such contract . . . from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract . . . prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment"

OBJECTION OF STMICROELECTRONICS, INC. TO THE NOTICE AND TO THE CORRECTED NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION - PAGE 5
547753

Pg 6 of 6

16.    STMicroelectronics hereby reserves the right to amend or supplement this Objection pending further identification of any alleged contracts between STMicroelectronics and Debtors which the Debtors seek to assume and assign.

**WHEREFORE,** for the reasons set forth herein, STMicroelectronics objects to any proposed assumption and assignment of any contract identified on any of the Notices, or in the Accommodation Letter, or any other form of agreement or contract between STMicroelectronics and the Debtors, except as set forth herein. STMicroelectronics further requests such other relief to which it may show itself entitled.

        Respectfully submitted,

        **MCGUIRE, CRADDOCK & STROTHER, P.C.**

        By: /s/J. Mark Chevallier    (07/22/2009)
            J. Mark Chevallier (TX No. 04189170)
            James G. Rea (TX No. 24051234)
            500 N. Akard, Suite 3550
            Dallas, Texas 75201
            (214) 954-6800 Telephone
            (214) 954-6850 Telecopier
            Email: mchevallier@mcslaw.com
            Email: jrea@mcslaw.com.
            ATTORNEYS FOR STMICROELECTRONICS, INC.

**OBJECTION OF STMICROELECTRONICS, INC. TO THE NOTICE AND TO THE CORRECTED NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASIGNED TO PARNASSUS HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION - PAGE 6**
547753