| | |
|---|---|
| Hearing Date and Time: | July 29, 2009 at 10:00 a.m. |
| Objection Deadline: | July 22, 2009 |

Barbara S. Mehlsack
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street, 4TH fl.
New York, NY 10004
(212) 269-2500

Attorney for Int'l Union of Operating Engineers
Locals 18S, 101S, and 832S

Marianne G. Robbins
PREVIANT, GOLBERG, UELMEN, GRATZ
MILLER & BRUEGGEMAN, s.c.
1555 N River Center Drive, Suite 202
Milwaukee, WI 53212
(414) 271-4500

Attorney for Int'l Brotherhood of Elec. Workers and
Int'l Ass'n of Machinists & Aerospace Workers


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————— x

| | |
|---|---|
| **In re** | **Chapter 11** |
| **DELPHI CORPORATION,** *et al.*, | **Case No. 05-44481 (RDD)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

———————————————————— x


**LIMITED OBJECTION OF IUOE LOCALS AND IBEW AND IAM TO DEBTORS'
NOTICES OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN
EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND
ASSIGNED TO PARNASSUS HOLDINGS II, LLC AND/OR TO GM COMPONENTS
HOLDINGS LLC, UNDER MODIFIED PLAN OF REORGANIZATION**

The International Union of Operating Engineers Locals 832S, 18S, and 101S (the "IUOE

Locals"), and the International Brotherhood of Electrical Workers and its Local 663 (the

"IBEW"), and the International Association of Machinists and Aerospace Workers and its

District 10 and Tool and Die Makers Lodge 78 (the "IAM") (all collectively the "Unions"), jointly by their respective attorneys, hereby file this Objection to the Debtors' Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization and the Debtors' Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to GM Components Holdings LLC Under Modified Plan of Reorganization ("the Assumption and Assignment Notices")

1.      The Unions are parties to collective bargaining agreements with Delphi covering different Delphi facilities.  The IBEW and IAM collective bargaining agreements cover Delphi's facilities at Oak Creek, Wisconsin.  The IUOE Locals 18S and 101S collective bargaining agreements cover the Delphi facilities at Columbus, Ohio and Olathe, Kansas respectively.  The IUOE Local 832S collective bargaining agreement covers the Delphi facility in Rochester, New York.

2.      Pursuant to the Debtor's proposed Modified Plan of Reorganization, the Rochester facility will be acquired by GM Components Holding.  The Unions understand that also pursuant to the Debtor's Proposed Plan the other facilities covered by the IUOE Locals and IBEW and IAM respective collective bargaining agreements will be owned by DPH Holdings.

3.      At the inception of the case, each of the Unions' collective bargaining agreements provided for Delphi's maintenance of and contributions to the Delphi Hourly Employees Pension Plan ("Delphi HRP") for covered employees and retirees.  All of the Delphi active employees and retirees represented by the Unions are participants in the Delphi HRP, with the exception of a limited number of individuals who were transferred to the General Motors

2

Hourly Pension Plan ("GM HRP") pursuant to certain Memoranda of Understanding and an Implementation Agreement between and among Delphi, each of the Unions, and GM.

4.    Each of the Unions entered into a Memorandum of Understanding (MOUs) with Delphi in July or August 2007, approved of by this Court's 1113/1114 Order, which provides that Delphi may freeze the HRP but will continue to maintain the HRP as a frozen plan.  The MOUs provide that the plan participants will continue to accrue service for, *inter alia*, benefit eligibility purposes under the frozen plan.  Subsequently, in September, 2008, the Unions entered into an Implementation Agreement which, *inter alia*, provided for the transfer of most of the Delphi HRP assets and liabilities to the GM HRP.  The transfers were to be accomplished in two parts; only the first transfer has taken place and the vast majority of retirees represented by the Unions remain in the Delphi HRP.  In addition, IUOE Local 832S represents active employees of Delphi at the Rochester plant, who also remain participants in the Delphi HRP.

5.    The MOUs also provide for other modifications to the Unions' CBAs, including, with respect to active employees, work rules and modified wage and benefit provisions, and the continuation in effect of the CBAs until 2011.

6.    The Debtor has filed a Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to Parnassus Holdings II LLC Under Modified Plan of Reorganization (Docket No. 18076) (hereinafter "Parnassus Notice") and Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to GM Components Holdings Under Modified Plan of Reorganization (Docket No. 18077) (hereinafter "GM Notice").

3

7.      The Parnassus Notice lists the IBEW and IAM as holders of collective bargaining agreements of contracts to be assumed by Parnassus with a cure amount of zero.  The GM Notice lists IUOE Local 832S as the holder of a collective  bargaining agreement to be assumed by GM Components with a cure amount of zero and also lists the International Union of Operating Engineers as the holder of a collective bargaining agreement to be assumed (apparently) by Steering Solutions Services Corporation with a cure amount of zero.[1] (See Schedule 2 to Parnassus Notice and GM Notice annexed hereto as Exhibit A.)

8.      Pursuant to the Court's Modification Procedures Order, the Unions hereby object to the cure amounts of zero set forth in each of the Notices with respect to the Unions' collective bargaining agreements.

9.      In the first instance, the Unions object to the zero cure amounts because: a) the transfers of assets and liabilities to the GM HRP pursuant to the Implementation Agreement have not occurred; and b) the Debtor filed for approval a Modified Plan of Reorganization which recites that the Debtor intends to be relieved of all responsibility as a plan sponsor of the Delphi HRP and the Plan will be addressed by GM, but the Unions have for the first time today been given formal and specific notice: 1) by Delphi that it has reached an agreement with the PBGC to be relieved of its responsibility for the Delphi HRP and that GM will not have any responsibility for maintaining the Delphi HRP; and 2) by the PBGC that it intends to terminate the Delphi HRP.

---

[1] The Unions understand the Modified Plan of Reorganization to provide that DPH Holdings will be responsible for the Debtor's facilities at Oak Creek, Wisconsin, Olathe, Kansas and Columbus, Ohio and therefore that DPH Holdings remains responsible for all the IAM, IBEW and IUOE Collective Bargaining Agreements with the exception of the IUOE Local 832S collective bargaining agreement, which the Modified Plan provides will be assumed and assigned to GM Components.

4

10.    The Debtor's proposed disposition of the HRP, in effect a voluntary termination of it statutory and collective bargaining obligations for the HRP, would be a post-petition breach of the Unions' collective bargaining agreements and may not be permitted by this Court. As a result, the Debtors' obligation under the Unions' collective bargaining agreements to maintain the frozen HRP remains intact and any assignment of the collective bargaining agreements, whether to a new Debtor entity or a GM entity, carries with it the obligation of the assignee to pay the necessary amounts to cure any default by the Debtor.

11.    In addition, the Unions also object to the zero cure amounts to the extent that any post-petition accrued vacation, holiday, sick or other benefits under the collective bargaining agreements have not been paid or are not paid in the ordinary course of business up through the date of the assignment.

12.    While it is not possible to calculate the cure amounts today, by way of illustration, the Unions have filed claims of administration for benefits accrued from the inception of the Debtor's case to the freeze date of the Plan in the amounts of: 1) $697,242.50 for the employees represented by the IUOE Locals; 2) $1,812,915.00 for the employees represented by the IBEW; and 3) $1,324,822.50 for employees represented by the IAM.   In addition the Unions have estimated that the accrued liability for pension benefits for participants represented by the IUOE Locals is $8,849,200.00; the accrued liability for participants represented by the IBEW is $31,259,600.00; and the accrued liability for participants represented by the IAM is $13,856,072.00

13.    It is well established that an assignment of a contract means that the assignee must perform all of the obligations under the contract.  See *American Flint Glass Workers v. Anchor Resolution Corp.*, 197 F.3d 76, 81(3d Cir. 1999).  Furthermore, the assumption by the Debtor of

5

a collective bargaining agreement means that the Debtor assumes all of the obligations of the

agreement.  See *NLRB v Bildisco*, 456 U.S. 513, 531-532 (1984).

      14.    In the event that the Debtors do not agree to resolution of the cure amounts, the

Unions are entitled to a hearing before the Court to determine the cure amounts.

Dated:      New York, NY
            July 22, 2009

                        /s/ Barbara S. Mehlsack
                        Barbara S. Mehlsack
                        GORLICK, KRAVITZ & LISTHAUS, P.C.
                        17 State Street, 4th Fl.
                        New York, NY 10004
                        (212) 269-2500
                        Attorneys for IUOE Locals

                        /s/ Marianne Goldstein Robbins
                        Marianne Goldstein Robbins
                        PREVIANT, GOLBERG, UELMEN,
                        GRATZ MILLER & BRUEGGEMAN, s.c.
                        1555 N River Center Drive, Suite 202
                        Milwaukee, WI 53212
                        (414) 271-4500
                        Attorneys for IBEW and IAM

6