**Proposed Hearing Date And Time: July 23, 2009 at 10:00 a.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF ALBERT L. HOGAN III IN SUPPORT OF EMERGENCY MOTION FOR ORDER UNDER SECTIONS 105(a) AND 362 OF BANKRUPTCY CODE (I) ENFORCING AUTOMATIC STAY OR, IN ALTERNATIVE (II) EXTENDING AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE TO CERTAIN OF ACTIONS <u>AGAINST THE DEBTORS' OFFICERS AND DIRECTORS</u>

I, Albert L. Hogan III, hereby declare under penalty of perjury the following:

1. I am a member of Skadden, Arps, Meagher & Flom LLP, attorneys for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). I am submitting this Declaration in order to attest to the authenticity of documents submitted in connection with the Debtors' emergency motion (the "Motion") for an order under 11 U.S.C. §§ 105 and 362 (i) enforcing the automatic stay or, in the alternative, (ii) extending the automatic stay provisions of section 362 of the Bankruptcy Code to stay all litigation associated with the Complaint For Equitable Relief filed on July 16, 2009 (the "Complaint") in the United States District Court For The Eastern District Of Michigan, Southern Division (the "Michigan District Court") by Dennis Black, Charles Cunningham, and the Delphi Salaried Retirees Association (together, the "DSRA") against Craig G. Naylor, David N. Farr, Martin E. Welch, and James P. Whitson.

2. Attached to this Declaration as <u>Exhibit A</u> is a true and correct copy of this Court's <u>Modified Bench Ruling In Reference To Order Denying Motion By Wachovia Bank, National Association, For Relief From Automatic Stay To Proceed With Litigation Against Larry Graves, A Delphi Employee, In The Circuit Court Of The Second Judicial District Of Hinds County Mississippi</u>, Entered on May 22, 2007 (Docket No. 7995).

3. Attached to this Declaration are true and correct copies of he documents identified as Exhibits to the Motion and relied upon in the Motion.

4. Set forth below is a list identifying the documents attached to the Motion by the corresponding exhibit letter as identified in the Motion:

2

      Exhibit A:      The Complaint, as attached by Plaintiff's letter sent to this Court dated July 17, 2009.

      Exhibit B:      The DSRA's motion for a temporary restraining order and preliminary injunction filed in the Michigan District Court.

Dated: July 23, 2009
      Chicago, Ill.

      /s/ Albert L. Hogan III
      Albert L. Hogan III

Exhibit A

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | |
| ------------------------------------------------------------x | : | |
| In re: | : | |
| | : | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | : | Case No. 05-44481 [RDD] |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ------------------------------------------------------------x | | |

# MODIFIED BENCH RULING IN REFERENCE TO ORDER DENYING MOTION BY WACHOVIA BANK, NATIONAL ASSOCIATION, FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH LITIGATION AGAINST LARRY GRAVES, A DELPHI EMPLOYEE, IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF <u>HINDS COUNTY MISSISSIPPI</u>

Okay. I have before me a motion by Wachovia Bank N.A. seeking a declaration that the automatic stay under 11 U.S.C. Section 362 does not apply to or could not be extended to litigation pending in Mississippi state court against an employee of a Delphi entity, Mr. Graves, and in the alternative seeking relief from the automatic stay to pursue that litigation to the extent that the stay applies to the litigation against him. I should note that the litigation was originally commenced against not Mr. Graves but a borrower of Wachovia's predecessor entity, the borrower's name being Lextron Corporation, as well as numerous Delphi corporate entities.

Lextron was a second tier supplier to Delphi and it is alleged that Delphi improperly induced Wachovia to keep lending to Lextron and/or breached a commitment through its business to support Lextron. Since Lextron is in its own bankruptcy and obviously the debtors are in their bankruptcy, the litigation is stayed as to them.

Shortly before the Delphi companies filed these Chapter 11 cases, the plaintiff, now Wachovia, in the Mississippi action sought to amend the complaint to add Mr. Graves as a defendant.  There was a conference in the Mississippi state court on September of 2005, again, before Delphi filed its Chapter 11 case, and the court orally granted Wachovia's motion.  The complaint was amended to add Mr. Graves as a party without any additional allegations particular to Mr. Graves being added as well.  Rather he was added in the list of Delphi defendants and then all of them, including Mr. Graves, were defined as the "Delphi entities."

It's relevant to quote the section of the transcript in which the state court authorized the amendment of the complaint.  Counsel for the plaintiff, or co-counsel for the plaintiff, Mr. Sweet, stated in the relevant section, which appears at page 7, "It's the same exact issues that have been involved in the case.  The only issue with Mr. Graves is we are going to bring him in in his official capacity.  That's the only additional thing.  So there is no whole new case, no whole new theories, not even any new issues."

Subsequently, after the start of the Delphi Chapter 11 case the plaintiff sought to amend the complaint again, in the same manner, to add additional Delphi employees.  And the Mississippi state court determined, as it has the ability under the law to do, that that act of amending the complaint in that manner would constitute a violation of the automatic stay.  As the court found in its order dated, April 7, 2006, Southtrust, and again Wachovia is the successor to Southtrust, "Seeks individual liability against the Delphi employees based solely on alleged acts they performed in their representative capacity and in the course and scope of their employment with Delphi.  No allegations in the

proposed second amended complaint indicate any basis for liability against the Delphi employees in their individual capacity."

The court had an opportunity to extend the same analysis to the litigation against Mr. Graves, actually had two opportunities to do so.  In the first instance, because no actual order had been entered authorizing the amendment of the complaint pre-petition, the court had the opportunity to say that the entry of such an order would violate the stay. Reading between the lines of the most recent order of the Mississippi state court it seems clear to me that given the oral ruling it declined to get involved, at that point, in the automatic stay issue, but merely wanted to confirm the earlier ruling by the court to permit amendment.  However, at the same time, the court very clearly protected Delphi and Mr. Graves, as an officer of Delphi, from the potential consequences of breaching the automatic stay because in its order authorizing the amendment of the complaint it stated "it is further ordered and adjudged that in the event the court subsequently determines that any litigation in this cause against Graves, individually, is barred by the stay in Delphi's bankruptcy proceedings, the court will consider upon motion by Graves assessing plaintiff the reasonable expenses, including attorney's fees, incurred by him in defending the action brought by the plaintiff's amended complaint."  That's from August 23rd of 2006.  Mr. Graves subsequently moved to dismiss, including on this ground that the continued prosecution of litigation against him would violate the automatic stay in Delphi's case.  In the meantime before the Mississippi court could rule, however, Wachovia made this motion here.  And given the pendency of this motion, the Mississippi court has held off on its ruling on the motion to dismiss.

Wachovia, in essence, argues that because the litigation is not against the debtor, but against a third party, Mr. Graves, the automatic stay in Delphi's Chapter 11 case does not apply to him, citing <u>Teachers Insurance and Annuity Association of America v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986), and other cases dealing with claims against third parties. That is clearly the case in respect of the plain language of 11 U.S.C. Section 362(a)(1), which precludes the commencement and continuation of proceedings against the debtor that was or could have been commenced before the commencement of the case under this title.

I would note, however, that, first, it is not so clear to me that the plain language of Section 362(a)(3), which bars any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate, would not apply here. In any event, the courts throughout the country, and in particular in the Second Circuit, have recognized that under proper circumstances the automatic stay does apply to litigation against third parties or in the somewhat confusing parlance of the courts, may be extended to apply to litigation against third parties. This was most recently articulated, I believe, by the Second Circuit itself in <u>Queenie Ltd. v. Nygard Int'l</u>, 321 F.3d 282 (2d Cir. 2003), in which the Second Circuit noted the circumstances in which the automatic stay in a debtor's Chapter 11 case would apply to litigation against a co-defendant, and listed several circumstances, including, in particular, actions where "[t]here is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant." In the <u>Nygard</u> case the court applied Section 362(a) in a situation where it concluded that there was such an identity between the debtor and his wholly owned corporation. In doing so the court discussed and

distinguished the requested applicability of the automatic stay to guarantors of that debt, citing a number of cases that I'll get into in a moment.

But I'll note first that its holding is clearly consistent with numerous cases that have found that where there is an identity between the debtor and a co-defendant, such that the action against the co-defendant is in essence an action against the debtor, the automatic stay has been found to apply to and/or extended to the co-defendant. See e.g., In re North Star Contracting Corp., 125 B.R. 368 (S.D.N.Y. 1991), where the district court found that, as the bankruptcy court had found, the third party defendant was being sued in his capacity as an officer, and that, consequently, given the indemnification between the debtor and the officer, and the capacity under which the officer was being sued, in effect the recovery would come from the debtor, because the debtor is required to indemnify its officers for actions taken in pursuit of their performance as officers and directors of the corporation. According to Judge Schwartzberg, and of course, the district court affirmed him, this was really indirectly a suit against the debtor, which the plaintiff cannot do directly. See also In re Lomas Financial Corp., 117 B.R. 64 (S.D.N.Y. 1990), which reached the same result under very similar facts.

North Star Contracting distinguished cases, and there have been cases since then that are distinguishable, where instead of suing the co-defendant in his or her representative capacity the litigation raised separate grounds for liability against the third party that would not be subject to indemnification of that party as an officer. And, of course, under Delaware law and the law of most states, a corporation cannot indemnify or cannot be liable for an indemnity of an officer where he or she is acting outside of the scope of their professional duties. Such a case was recently decided in the district court

in the Plus Funds bankruptcy. <u>DeSouza v. Plus Funds Group, Inc.</u>, 2006 U.S. District LEXIS 53392 (S.D.N.Y. August 1, 2006). There Judge Casey found that the circumstances for applying the automatic stay to the third party defendants would not lie because those defendants were being sued for alleged acts, not in a representative capacity but for such causes of action as fraudulent conveyance and conversion. Therefore, cases like <u>Gray v. Hirsch</u>, 230 B.R. 239 (S.D.N.Y. 1999), which was a similar fact pattern, was applicable as opposed to <u>Lomas</u> and <u>North Star</u>. But here, to the contrary, Mr. Graves is being sued only for what Delphi allegedly did, as a representative.

       Judge Casey, in the DeSouza case, says that in the situation where the automatic stay is sought to be applied to an action against a third party or extended to an action against a third party, that party bears the burden of showing that the unusual circumstances lie to cause it to be applied. And I believe that's correct. Although, obviously, the consequences of violating the automatic stay and being wrong as to whether it applies or not still exist.

       I think that the burden should not be overly emphasized here where the basis for applying this stay is an identity of interest, as opposed to other instances where the automatic stay has been extended based on the unusual circumstances of the effect of the litigation on the debtor's reorganization. In my view, where there is an identity of interest, based on <u>Queenie v. Nygard</u>, and <u>Lomas</u>, and <u>North Star</u>, and the like, the debtor does not have to show that the continued prosecution of the litigation would otherwise adversely affect the estate such as by distracting management or potentially imposing a serious monetary burden on the estate. That is because I don't believe that the Court

should consider, where there's an identity of interest, a preliminary injunction type of analysis but simply satisfy itself that there is an identity of interest, or not. Because if the plaintiff is doing indirectly what it can't do directly, I believe 11 U.S.C. Section 362(a)(3) is implicated.

So for those reasons I conclude that the stay does apply here, in essence agreeing with the Mississippi state court's analysis that it applied with respect to the other Delphi officers that Wachovia sought unsuccessfully to join in a second amended complaint. I don't have to conclude whether that ruling by the Mississippi court constitutes collateral estoppel or not because I simply agree with it, and apply the same logic here.

That leaves the second alternative request for relief raised by Wachovia, which is relief from the stay to pursue the litigation against Mr. Graves in Mississippi state court, rather than have that litigation continue to be stayed. I referred earlier to the Second Circuit's decision in the Sonax case, which sets forth twelve factors that the Court may consider in connection with requests for relief from the stay to pursue litigation in the non-bankruptcy forum. Not all of those factors necessarily may be relevant in every case. What is unusual here, of course, is that the normal choice, which is to pursue litigation in state court or alternatively to have the claim be liquidated in the bankruptcy court does not immediately appear on its face here because the request is to pursue litigation only against Mr. Graves, not the debtor. But I've already ruled that in essence that would be pursuing litigation against Delphi. And while I note that in Queenie v. Nygard the Second Circuit said that a concern about collateral estoppel standing on its own does not necessarily justify applying the automatic stay to litigation against a third party, it has also, as set forth in Lomas and Judge Lifland's recent Calpine case served as a factor in

keeping the stay or applying the stay to third party litigation. And here it very clearly seems to me to be a case that the real claim is against Delphi and that's a claim that Wachovia has filed here. So I will apply the Sonax factors because in essence I believe that lifting the stay would make sense only if one lifted it as to all the Delphi defendants.

The factors include whether relief would result in a partial or a complete resolution of the issues, lack of any connection with or interference with the bankruptcy case, whether the other proceeding involves the debtor as a fiduciary, whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, whether the debtor's insurer has assumed full responsibility for the defense where the action primarily involves third parties, whether litigation in another forum would prejudice the interests of other creditors, whether the judgment claim arising from the other action is subject to equitable subordination, whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor, the interest of judicial economy and the expeditious and economical resolution of litigation, whether the parties are ready for trial in the other proceeding, and the impact of the stay on the parties and the balance of harms.

As I noted, Wachovia has filed a proof of claim in connection with these claims in the Delphi cases. In addition, the other defendant, in essence, the center of the whole case, Lextron, has a claim filed in these cases as well, that it has assigned to Wachovia, although, it was stated at argument that Lextron has that claim separately pending in district court, federal district court and that Wachovia has not taken over its prosecution.

It also seems to me, based on the record before me, which is simply the transcript that I've cited as well as representations of counsel, that while the Mississippi state court

litigation did have a tentative trial date, and there has been substantial discovery in connection with it, there have not been judicial proceedings beyond this litigation over the stay and the amendment of the complaint, and there have been attempts in this chapter 11 case or in connection with this case to mediate the claims, including the Lextron claim that was assigned.  This litigation is apparently not covered by insurance, and I conclude that, based on those facts, the interest of judicial economy would argue for keeping the issues involving the Lextron, Wachovia, and Delphi matters here in one central forum where both Lextron's claims and Wachovia's claims are pending and that the claim procedures order, particularly since the parties have already conducted extensive discovery and engaged in mediation, would permit if the parties wanted, and don't want to pursue further settlement, a prompt resolution of the claims against Delphi by both Lextron and Wachovia.  So I'll deny that aspect of the motion as well.

      Obviously, to the extent that Wachovia would seek only to proceed against Mr. Graves, additional factors would come into play including the fact that he is not the primary defendant, and that in contrast with the <u>Sonax</u> factor, that looks to whether a third party is a primary defendant here, Delphi would be.  Also it does not appear that he has gotten his own counsel who has delved into the merits, as opposed to just this lift-stay issue.  But again, I can't imagine ever lifting the stay to let it proceed just against him since Delphi is the real party defendant as between him and Delphi.

      So Mr. Berger you can submit an order to that effect.  You should show it to counsel for Wachovia first.  You don't have to settle it but show it to him and then submit it to chambers.

Dated:   New York, New York
         May 22, 2007

                                              /s/ Robert D. Drain
                                              HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE