UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER SECTIONS 105(a) AND 362 OF BANKRUPTCY CODE (I) ENFORCING
AUTOMATIC STAY OR, IN ALTERNATIVE (II) EXTENDING AUTOMATIC STAY PROVISIONS
OF SECTION 362 OF BANKRUPTCY CODE TO CERTAIN
<u>ACTIONS AGAINST THE DEBTORS' OFFICERS AND DIRECTORS</u>

("AUTOMATIC STAY ENFORCEMENT ORDER")

        Upon the emergency motion, dated July 23, 2009 (the "Motion"), for an order

under 11 U.S.C. §§ 105 and 362 (i) enforcing the automatic stay or, in the alternative,

(ii) extending the automatic stay provisions of section 362 of the Bankruptcy Code to stay the

action (the "Michigan District Court Litigation") commenced by the July 16, 2009 filing of the

Complaint For Equitable Relief in the United States District Court For The Eastern District Of

Michigan, Southern Division  by Dennis Black, Charles Cunningham, and the Delphi Salaried

Retirees Association (together, the "DSRA") against Craig G. Naylor, David N. Farr, Martin E.

Welch, and James P. Whitson, and upon the record of the July 23, 2009 hearing held on the

Motion; and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given under the circumstances

and that no other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has core jurisdiction over these chapter 11 cases and the parties

and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Motion is GRANTED as provided herein.

3.      The automatic stay provisions of section 362 of the Bankruptcy Code

apply to Michigan District Court Litigation.

4.      The DSRA is stayed under section 362 of the Bankruptcy Code from

continuing with Michigan District Court Litigation.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.


Dated: New York, New York
       July __, 2009            _____
                                  UNITED STATES BANKRUPTCY JUDGE