Richard Beckmeyer
9937 King Rd.
Davisburg, Mi. 48350

June 19, 2009

The Honorable Robert D. Drain
Docket Number 05-44481 (RDD)
United States Bankruptcy Judge – Southern District of NY
One Bowling Green
New York, NY 10004-1408

## Subject: Objection to the June 1, 2009 Delphi Master Disposition Agreement Article 9.5.11

Dear Judge Drain:

I am providing documentation to show why I am objecting to Article 9.5.11 of the Delphi Agreement eliminating agreed-upon severance payments to involuntarily separated employees. As I understand, the article declares that severance payments will be terminated upon the closing date planned for late July in other communications I have received.

My understanding from Attachment A, a copy of my signed contract entered into by the Delphi representative of Human Resources, Janine Yurk and myself is that I am entitled to severance payments in the amount of $60,330.00 to be paid bi-monthly so that I would Release Delphi from any claims resulting from my involuntary separation. At the time of separation, anyone separated received one month of severance, but by signing the "Release of Claims" form, the severance was increased to six months.

This contract was entered into during bankruptcy and was dated by both myself and Janine on February 13, 2009 to have payments initiated on April 15, 2009 after my employment termination on April 1, 2009.

I believe that I have a valid, binding contract that should be honored. Additionally, based on the agreed-upon payments as outlined in the contract, I made financial plans regarding the ever-changing benefit situation with Delphi, namely Health Care termination and retirement reduction. Termination of severance payments would have detrimental consequences on those decisions, specifically:

- Continuation of Delphi self-pay health insurance ($950/month) payable back to April 1 which I would not have chosen had I known I would not receive my entire agreed-upon severance.

- Placing what savings we had in longer-term higher-yielding investments while we were receiving the severance payments that allowed us to cover current expenses which will now have to be liquidated with penalty before maturity if severance is cut off.

As an informational point, severance paid in 2008 to employees involuntarily separated who agreed to the "Release of Claims" was paid in a lump sum which would have eliminated any problem with anyone receiving severance having any issue with receiving full payment. This year, Delphi changed to paying severance on a monthly basis possibly in anticipation of the closing date and the proposal to eliminate outstanding payments at that time indicating the potential of premeditation on the part of Delphi.

Please take these points into account during deliberation on how to handle all points in a way fair to everyone. We as a group have already lost health care benefits and are also facing reduced retirement benefits as a result of Delphi's amended proposal. It is already a hardship situation and elimination of payments agreed-upon in a contract should not be tolerated.

Respectfully Submitted,

Richard F. Beckmeyer

**Delphi Corporation**
**Separation Allowance Plan Release of Claims**

I, Richard Beckmeyer, have been or will be separated from my employment with Delphi Corporation or any applicable subsidiary, affiliate, or joint venture ("Delphi") effective April 1, 2009 under terms which make me eligible for benefits under the Separation Allowance Plan (the "Plan"). These benefits include Severance Pay in the total amount of $60,330.00, less applicable deductions, to be paid in semi-monthly installments commencing on April 15, 2009, until paid, and Other Transition Assistance, comprised of outplacement assistance and $2000 which I may, at my discretion, use to help pay for the continuation of health care coverage through Delphi. I acknowledge that the consideration provided for in this Release of Claims is in excess of anything I would otherwise be entitled to receive absent my signing this Release of Claims.

In consideration for receiving these benefits, I, for myself, family, heirs, and representatives, release, remise, and forever discharge Delphi, General Motors Corporation, and their respective officers, shareholders, subsidiaries, affiliates, joint ventures, employee benefit plans, agents and employees, successors, and assigns from any and all manner of actions, causes of actions, suits, proceedings, damages, costs, and claims whatsoever in law or in equity (collectively "Claims"), which I have or may have based upon or in connection with my employment with or separation from Delphi. This release specifically includes all Claims under the Employee Retirement Income Security Act of 1974, as amended, which regulates employee benefit plans; Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment based on race, color, national origin, religion, or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Age Discrimination in Employment Act, which prohibits discrimination in employment based on age; the Equal Pay Act, which prohibits wage discrimination; state fair employment practices or civil rights laws; and any other federal, state or local law, order, or regulation or the common law relating to employment or employment discrimination, including those which preclude any form of discrimination based on age. This includes, without limitation, Claims for breach of contract (either express or implied), slander, libel, defamation, misrepresentation, promissory estoppel, detrimental reliance, and wrongful discharge. This release does not apply to Claims that are not subject to waiver under applicable law. This covers Claims I know about and Claims I do not know about; but does not cover Claims that arise after I separate from Delphi.

I understand that, by accepting benefits under the Plan, I will no longer be entitled to receive any disability benefits (short-term, long-term, or total and permanent) under the Delphi Life and Disability Benefits Program for Salaried Employees or the Delphi Retirement Program for Salaried Employees relating to any disability that arose or arises at any time, and if I am currently receiving or am eligible to receive disability benefits as of the effective date of this Release of Claims, I understand that such benefits or eligibility for such benefits will cease upon the effective date of this Release of Claims.

I have been given a minimum of forty-five (45) calendar days to review this Release of Claims and a written notice of the ages and job titles of all individuals in the same job classification or organizational unit who were (i) selected and (ii) who were not eligible or not selected for separation. I understand that I may use as much of this forty-five (45) day period as I wish. I have been advised to consult an attorney before signing this Release of Claims, but understand that whether or not I do so is exclusively my decision. I understand that I may revoke this Release of Claims within seven (7) days of my signing it. To be effective, the revocation must be in writing and must be received by Human Resources before the close of business on the seventh (7th) day after I sign this Release of Claims.

I acknowledge that Delphi has made no prior representations, promises, or agreements relating to my employment and separation contrary to this Release of Claims. I understand that I am not eligible for benefits Delphi provides under any other separation program and that I will not be eligible for any enhancements Delphi may subsequently make to the benefits provided under the Plan or any other separation program. This Release of Claims constitutes the entire and only understanding between Delphi and me regarding my separation. If any provision or portion of this Release of Claims is held unenforceable or invalid, all remaining provisions of this Release of Claims remain in full force and effect.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. I AFFIRM THAT I UNDERSTAND AND VOLUNTARILY AGREE TO JTS TERMS.

Signed: *Richard F. Beckmeyer*

Delphi Identification Number (DIN): _____

Dated: *2/13/09*

Accepted: _____
Delphi Corporation

Date Initiated: *2/13/09*
*2/13/09 RJB,*

*ATTACHMENT A - SIGNED CONTRACT*

February 5, 2009