Bankruptcy Court

Judge Robert D. Drain

U. S. Bankruptcy Court Case # 05-44481

One Bowling Green

New York, New York 10004-1408

Fax 914-390-4073

Dated June 19, 2009

Dear Judge Drain,

This letter is to you so you will have a personal insight to the hardship the Delphi salaried retirees and future retirees will experience if the modified plan is accepted by the Untied States Bankruptcy Court. The Modified Plan does not have the acceptance by the Pension Benefit Guarantee Corporation (PBGC) regarding the different salaried pension circumstances because they were not listed in the motion. The business obligations for retirement plans were in our yearly Personal Benefit Summary which has our name and social security number on the one sheet with the benefits listed on both sides. My first print out was in 1986 for my second work time with General Motors Corporation (GM) and based on the My Personal Data to December 31, 1985 which did not have the change in the note area regarding the plans and programs. This was added in 1987s print out of our one sheet Personal Benefit Summary on the back in the Note area. I was told that this did not pertain to me just new and future employees of and from that year. I will lose my social security bridge until I'm 62 years of age which is 3 and half years away. The reason I retired is the 60 to 70 hour work weeks and the pension being frozen because we were sold off to Inteva Products, LLC. Delphi accepted our time with Inteva towards our retirement because many people would not have gone to Inteva. We had five days to review that job offer by Inteva or we would be terminated by Delphi Corporation. I would have lost two thirds of my retirement versus the loss of one third which I now live with in my retirement. We had no choice of staying with Delphi just like we had no choice of staying with GM when they spun off Delphi on May 28, 1999. The

1

paying of the health care coverage from a reduced retirement payment and no life insurance is already a great financial blow. The life insurance would have helped my wife when I die in the making up the additional reduction for her to live on. The news and the DSRA are stating the retirees will take a further reduction when the PBGC takes over the retirement payments because of the under funding of the Delphi Pension which was pasted from the GM retirement plan. This Modified Plan in the reorganization of Delphi does not address in a positive manner the financial support for the Delphi salaried retirees and future Delphi retirees.

The concern of the section 16 Pension Settlement on page S-63 and page S-64 section 17 Salaried OPEB Settlement and section 18 Preservation Of Causes Of Action that no relief from the Debtors fiduciary duties be allowed. PBGC must secure all claims and pursue and assert liens on Delphi Corporation world wide to cover all Salaried and Other Pension Plans. The settlement for all retirees must cover the following:

- Retirement Benefits as stated in each Personal Benefit Summary Pre 1987 and pertains to retires that started after 1987 because that is when the Note section started stating ; *Eligibility for benefits and the actual amount of payment under all of GM's plans that make up your benefit program must be determined under the legal documents that apply to each plan. General Motors Corporation reserves the right to amend, change or terminate the Plans and Programs described in this statement.* All retirees before April 1, 2009 should not have any benefits altered because they retired under the benefit program from the year they were hired. The government and courts should not make changes to personal contracts between individuals and a company that would do harm to the individuals.
- All contracts and details regarding benefits can not be changed unless the company is being dissolved under Chapter 7 and all assets Debtors must be considered for collateral for all liens,

2

Claims, and encumbrances. The government and courts must not let the company or any Master Disposition Agreement or any financial holder dictate what liabilities or claims should be waived as stated in this Modified Plan. The lenders must not be allowed to dictate what liabilities will be disposed by the Debtor and in what matter.

- The Resolution Of Pension Issues does not have legal input per pages S-xx and S-xxi by the Delphi Salaried Retirees Association (DSRA) representation and this should be a must and before PBGC should explore or initiate any involuntary termination of our retirement plans.
- That PBGC in their recalculation of the pensions not be reduced by the current Delphi Pension Fund and the financial funding status. If this is allowed more companies with pension will start to under fund the pensions for their people. The part of the under funding is due to the government allowing the companies to fund in part with their own company stock. The U. S. Treasury and the Pension Benefit Guaranty Corporation ("PBGC") must investigate and take action not to allow this type of funding.

This is regarding Patents that were signed over to Delphi under dourest do to the fact that management did not support some of the designs until the Patents were approved by the Patent Office of the United States. When Delphi Corporation no longer exists as a company I request all royalties that are reasonable be forward to the Inventors as stated on all Patents for the following reasons. 1.) That GM/ Delphi did not honor the signing agreement at the time of hire such as Pension, Health Insurance for employee and spouse, and Life Insurance for employee during retirement of being hired. There was no signing to changes in later Personal Benefit Statements with a statement of understand of the implications. **There was no reasonable need for legal counsel until agreement was breached by the hiring company GM/ Delphi.** 2.) That the breach of the hiring document is a breaking of all subsequent agreements

such as signing over patents. The ownership of all Patents should return to the Inventors because of the breach of the hiring contract.

Our pension was part of the benefit package agreed upon accepting employment with GM and then completely transferred when GM spun Delphi off. We were told that all benefits would remain the same as GM and expected that to be the truth. There was no disclaimer in the benefit package when we were hired. This disclaimer came about in later years which at that time we were told it applied to the new hires and not to worry. I have documents that support this statement. We too need protection just as the UAW and their benefits.

In closing, I ask you to use your considerable influence in the restructuring process to achieve the transfer of the Delphi Salaried pension plan back to GM from where it originated. GM has played a significant role in Delphi's salaried retirees' current troubled situation starting with the Separation Agreement, imposing their handpicked management team, and saddling Delphi with non competitive supply contracts. I hope you will recognize that the deck was stacked against Delphi's salaried retirees at the spinoff and do what is both reasonable and right.

Sincerely,

*George R. Kohut*

George Rodney Kohut
915 Portsmouth
Troy, Michigan 48084
Phone: 248-362-1351