July 15, 2009

**FEDERAL EXPRESS – PRIORITY DELIVERY**

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
for the Southern District of New York
1 Bowling Green
Room 632
New York, NY 10004

**Re:    Case No. 05-44481(RDD)
        In re Delphi Corporation, et al, Debtors
        Response to Objection of Claim
        34th Omnibus Claims Objection
        Claim No. 818
        Jack Hamilton  – Claimant**

Dear Judge Drain:

On behalf of Claimant, I am submitting my response to the objection to claim submitted by Debtor. The basis proffered for objection is categorized as individual worker's compensation books and records claims, and the request for treatment of the claim by the Debtors is for disallowance and expungement. This claim was filed in the Bankruptcy Court on November 23, 2005. This is a contingent and unresolved claim for which the specific compensation ultimately due the Claimant is as of yet unknown.

The basis for this claim is a series of work-related injuries, for which Claimant has continually been receiving ongoing medical treatment. Various injury components exist from the injuries suffered in the employment of Debtors, and compensation has been paid to Claimant with respect to certain portions of the overall claim, which encompasses several areas of Claimant's body. The unresolved component of Claimant's claim relates to injuries experienced as a direct result of specific safety violations of the Debtors in the workplace environment, resulting in continued need for medical corrective treatments and surgeries, which have now been completed to the extent that Claimant has reached a healing plateau. At this time, the medical providers are in a position to assess the residual component of permanent partial disability suffered by the Claimant, which has ended his ability to engage in productive employment activity.

The request of the Debtors to disallow and expunge the claim flies in the face of the fact that

these injuries were caused by conscious and deliberate safety violations of the operation of the Debtors.  Why should they be rewarded for their callous disregard for the safety of workers, and in doing so, creating an enhanced potential for serious injury?  This, in fact, is what happened in this particular case, and even though the Debtors had knowledge of the existence of the safety violations, they did nothing to resolve them until after the time that the Claimant had been seriously injured.  This claim is viable under the Worker's Compensation Laws because of the fact that primary compensation has been paid in sporadic intervals with respect to the injury claim, and that the injury was caused by virtue of safety violations.  I am asking the judge to not disallow and expunge the claim of this individual claimant, because of the severity of his injuries and the nature of the cause for them.

Respectfully submitted,


Harold D. Block
Attorney on Behalf of Claimant

cc:    Delphi Corporation
       5725 Delphi Drive
       Troy, MI 48098
       (Attention: General Counsel)

       Skadden, Arps, Slate, Meagher and Flom, LLP
       155 N. Wacker Drive  – Suite 2100
       Chicago, IL 60606
       (Attention: John M. Butler, Jr.
                John K. Lyons, and
                Joseph N. Wharton)