UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                         :      Chapter 11
                          :

DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
                          :

          Debtors.     :      (Jointly Administered)
                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER APPROVING MODIFICATIONS OF MULTIDISTRICT LITIGATION SECURITIES AND ERISA SETTLEMENTS

### ("MDL SECURITIES AND ERISA SETTLEMENTS MODIFICATIONS ORDER")

Upon the Expedited Motion For Order Approving Modifications Of Multidistrict Litigation Securities And ERISA Settlements (Docket No. 18073), dated July 10, 2009 (the "Motion"), by Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in these cases (collectively, the "Debtors"); and the Court having heard the statements of counsel and the evidence presented regarding the Motion at a hearing before the Court on July 23, 2009 (the "Hearing"); and due and appropriate notice of the Motion having been given; and for the reasons stated by the Court on the record at the Hearing; now, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      On January 25, 2008, the Court entered a Final Order Approving Multidistrict Litigation And Insurance Settlement (Docket No. 12358) (the "Final MDL Settlement Approval Order") granting the Court's final approval of, among other things, the

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

settlement contemplated by the Modified Securities Stipulation and the settlement contemplated

by the Amended ERISA Stipulation.[2]

B.       On July 10, 2009, the parties to the Modified Securities Stipulation

executed a Second Stipulation Modifying Agreement Of Settlement With Certain Defendants

(the "Second Securities Stipulation Modification"), a copy of which is attached to this Order as

Exhibit A.

C.       On July 10, 2009, the parties to the Amended ERISA Stipulation

Modification executed a Modification To Amended Stipulation And Agreement Of Settlement

With Certain Defendants – ERISA Actions (the "Amended ERISA Stipulation Modification"), a

copy of which is attached to this Order as Exhibit B.

D.       Proper, timely, adequate, and sufficient notice of the Motion has been

provided, such notice was good, sufficient, and appropriate under the particular circumstances,

and no other or further notice of the Motion is or shall be required.

E.       The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases

and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

F.       The relief granted in this Order is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Motion is GRANTED and the settlement modifications proposed in

the Motion are APPROVED.

---

[2]    Capitalized terms used and not otherwise defined in this Order shall have the meanings ascribed to them in the
Final MDL Settlement Approval Order.

2.      Except as set forth herein, the Final MDL Settlement Approval Order shall continue in full force and effect.

3.      Pursuant to section 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the Debtors are authorized, but not directed, to enter into the Second Securities Stipulation Modification and the Amended ERISA Stipulation Modification, and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the Second Securities Stipulation Modification and the Amended ERISA Stipulation Modification, and all exhibits and attachments thereto, and such modifications and documents shall be binding and enforceable against the Debtors, their estates, and the other parties to such modifications in accordance with their terms and subject to the conditions contained therein.  The Debtors and the parties to the Second Securities Stipulation Modification and the Amended ERISA Stipulation Modification, as appropriate, are authorized to amend the modifications without further order of the Court to the extent that such amendments either are not material to the modifications or have not been objected to by the official committee of unsecured creditors (the "Creditors' Committee") appointed in these cases following five business days' notice (or such shorter period as the Debtors and the Creditors' Committee may agree).

4.      The Securities Allowed Claim/Interest shall be classified and treated in the manner set forth in the Second Securities Stipulation Modification.

5.      Delphi's distribution of the Delphi Net Consideration pursuant to the terms of the Modified Securities Stipulation, as modified by the Second Securities Stipulation Modification, shall be in full and final satisfaction of the Securities Allowed Claim/Interest.

6.      In the event that the settlement contemplated by the Modified Securities Stipulation, as modified by the Second Securities Stipulation Modification, does not become

effective pursuant to the terms of the Modified Securities Stipulation, as modified by the Second

Securities Stipulation Modification, this Order shall be rendered null and void to the extent

provided by and in accordance with the Modified Securities Stipulation, as modified by the

Second Securities Stipulation Modification, and this Order shall be vacated, and in such event all

orders entered by the Court in accordance with the Modified Securities Stipulation, as modified

by the Second Securities Stipulation Modification, shall be vacated.

7.       The ERISA Allowed Interest shall be classified and treated in the manner

set forth in the Amended ERISA Stipulation Modification.

8.       Delphi's distribution of the Delphi Consideration pursuant to the terms of

the Amended ERISA Stipulation, as modified by the Amended ERISA Stipulation Modification,

shall be in full and final satisfaction of the ERISA Allowed Interest.

9.       In the event that the settlement contemplated by the Amended ERISA

Stipulation, as modified by the Amended ERISA Stipulation Modification, does not become

effective pursuant to the terms of the Amended ERISA Stipulation, as modified by the Amended

ERISA Stipulation Modification, this Order shall be rendered null and void to the extent

provided by and in accordance with the Amended ERISA Stipulation, as modified by the

Amended ERISA Stipulation Modification, and this Order shall be vacated, and in such event all

orders entered by the Court in accordance with the Amended ERISA Stipulation, as modified by

the Amended ERISA Stipulation Modification, shall be vacated.

10.      Notwithstanding any provision of any of this Court's orders – including,

without limitation, paragraph 50 of the Findings Of Fact, Conclusions Of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan

Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

4

Possession, As Modified (Docket No. 12359), dated January 25, 2008 (the "Confirmation Order") – the Debtors' failure to consummate or substantially consummate any plan of reorganization, the Debtors' failure to emerge from chapter 11, or the revocation of the Confirmation Order or any of this Court's orders addressing any modification to any plan of reorganization in these cases shall not render null and void or otherwise affect the force and effect of the Order Preliminarily Approving Multidistrict Litigation And Insurance Settlement (Docket No. 10746), dated October 29, 2007, the Final MDL Settlement Approval Order, or this Order.

      11.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order consistent with Article XIII of the Plan.

Dated: New York, New York
      July <u>23</u>, 2009

                    /s/Robert D. Drain                    
                    UNITED STATES BANKRUPTCY JUDGE