UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

    In re                               :        Chapter 11
                                       :
DELPHI CORPORATION, <u>et al.</u>,      :        Case No. 05-44481 (RDD)
                                       :
                Debtors.     :        (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) EXPUNGING (A) CERTAIN PENSION AND OPEB CLAIMS, (B)
CERTAIN INDIVIDUAL WORKERS' COMPENSATION CLAIMS, (C)
CERTAIN DUPLICATE AND/OR AMENDED INDIVIDUAL WORKERS'
COMPENSATION CLAIMS, (D) AN UNTIMELY INDIVIDUAL
WORKERS' COMPENSATION CLAIM, (E) A SECURED BOOKS AND
RECORDS CLAIM, AND (F) CERTAIN UNTIMELY CLAIMS, (II)
MODIFYING CERTAIN (A) WAGE AND BENEFIT CLAIMS, (B) STATE
WORKERS' COMPENSATION CLAIMS, AND (C) INDIVIDUAL
WORKERS' COMPENSATION CLAIMS ASSERTING PRIORITY, (III)
PROVISIONALLY DISALLOWING CERTAIN UNION CLAIMS, AND (IV)
MODIFYING AND ALLOWING CERTAIN SETTLED CLAIMS
IDENTIFIED IN THE THIRTY-FOURTH OMNIBUS CLAIMS
<u>OBJECTION</u>

("THIRTY-FOURTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B)

Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended

Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers'

Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely

Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation

Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III)

Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims, dated June 22, 2009 (the "Thirty-Fourth Omnibus Claims Objection" or the "Objection"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the July 23, 2009 hearing held on the Thirty-Fourth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C-1, C-2, C-3, C-4, D, and E hereto was properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Fourth Omnibus Claims Objection. No other or further notice of the Thirty-Fourth Omnibus Claims Objection is necessary.

B.     This Court has jurisdiction over the Thirty-Fourth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Fourth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Fourth Omnibus Claims Objection.

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

Thirty-Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.  The Claims listed on <u>Exhibit A</u> hereto assert Claims for liabilities in connection with the Debtors' pension and OPEB programs for which the Debtors are not liable (the "Pension And OPEB Claims").

    D.  The Claims listed on <u>Exhibit B</u> hereto were filed by current and former employees and state the incorrect amount and/or classification (the "Wage And Benefit Claims Subject To Modification")

    E.  The Claims listed on <u>Exhibit C-1</u> hereto contain liabilities or dollar amounts related to individual current or former employees' Claims for workers' compensation benefits that are not reflected on the Debtors' books and records (the "Individual Workers' Compensation Books And Records Claims").

    F.  The Claims listed on <u>Exhibit C-2</u> hereto filed by individuals for workers' compensation benefits and state the incorrect amount and/or classification (the "Individual Workers' Compensation Claims Subject To Modification").

    G.  The Claims listed on <u>Exhibit C-3</u> hereto under the column heading "Claim To Be Expunged" are either duplicates of other Claims filed with this Court or have been amended or superseded by later-filed Claims (the "Individual Workers' Compensation Duplicate Or Amended Claims").

    H.  The Claim listed on <u>Exhibit C-4</u> hereto was untimely filed pursuant to the Bar Date Order (the "Untimely Individual Workers' Compensation Claim").

    I.  The Claims listed on <u>Exhibit D</u> hereto were untimely filed pursuant to the Bar Date Order (the "Untimely Claims").

   J.  The Claims listed on <u>Exhibit E</u> hereto assert liabilities and dollar amounts that are owing as a result of settlements in principle with holders of such Claims (the "Claims Allowed Pursuant To Settlement").

   K.  The relief requested in the Thirty-Fourth Omnibus Claims Objection and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

 NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1.  Each Pension And OPEB Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

   2.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit B</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on <u>Exhibit B</u> hereto shall be entitled to recover for any Wage And Benefit Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to further object to each such Wage And Benefit Claim Subject To Modification. The Wage And Benefit Claims Subject To Modification shall remain on the Debtors' claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

   3.  Each Individual Workers' Compensation Books And Records Claim listed on <u>Exhibit C-1</u> hereto is hereby disallowed and expunged in its entirety.

   4.  Each "Claim As Docketed" amount, classification, and Debtor listed on <u>Exhibit C-2</u> hereto is hereby revised to reflect the amount, classification, and Debtor listed as the "Claim As Modified." No Claimant listed on <u>Exhibit C-2</u> hereto shall be entitled to recover for

4

any Individual Workers' Compensation Claim Subject To Modification in an amount exceeding the dollar value listed as the "Modified Total" of the Claim, subject to the Debtors' right to further object to each such Individual Workers' Compensation Claim Subject To Modification. The Individual Workers' Compensation Claims Subject To Modification shall remain on the claims register, and shall remain subject to future objection by the Debtors and other parties-in-interest.

        5.       Each "Claim To Be Expunged" listed on Exhibit C-3 hereto is hereby disallowed and expunged in its entirety. Each Claim identified on Exhibit C-3 hereto as the "Surviving Claim" shall remain on the Debtors' claims register, but shall remain subject to future objection by the Debtors and other parties-in-interest.

        6.       The Untimely Individual Workers' Compensation Claim listed on Exhibit C-4 hereto is hereby disallowed and expunged in its entirety.

        7.       Each Untimely Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

        8.       Each Claim Allowed Pursuant to Settlement listed on Exhibit E hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit E

        L.       Exhibit G hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits A, B, C-1, C-2, C-3, C-4, D, E, F-1, F-2, F-3, F-4, F-5, F-6, and F-7. Exhibit H sets forth each of the Claims referenced on Exhibits A, B, C-1, C-2, C-3, C-4, D, E, F-1, F-2, F-3, F-4, F-5, F-6, and F-7 in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number or schedule number and (ii) basis of objection.

5

M. With respect to each Claim for which a Response to the Thirty-Fourth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, F-4, F-5, F-6, and F-7 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

9. Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Fourth Omnibus Claims Objection except as such claims may have been settled and allowed.

10. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-Fourth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11. Each of the objections by the Debtors to each Claim addressed in the Thirty-Fourth Omnibus Claims Objection and attached hereto as Exhibits A, B, C-1, C-2, C-3, C-4, D, E, F-1, F-2, F-3, F-4, F-5, F-6, and F-7 constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Fourth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
July 23, 2009

      /s/Robert D. Drain                       
UNITED STATES BANKRUPTCY JUDGE