05-44481-rdd    Doc 18652    Filed 07/27/09    Entered 07/27/09 16:21:30    Main Document
                                    Pg 1 of 6

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Kelly M. Conlan
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for Connecticut General Life
Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:   Chapter 11
In re :
: Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*, :
: (Jointly Administered)
Debtors. :
------------------------------------------------------x

**OBJECTION OF CONNECTICUT GENERAL LIFE INSURANCE
COMPANY TO NOTICE OF ASSUMPTION AND ASSIGNMENT
WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO PARNASSUS
HOLDINGS II, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Connecticut General Life Insurance Company ("CGLIC"), by and through its undersigned counsel, hereby objects ("Objection") to the *Notice of Assumption and Assignment with Respect to Certain Executory Contracts and Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization* ("Assignment Notice").[1] More specifically, through this Objection, CGLIC objects to (i) any proposed assumption and/or assignment of its Agreements (defined below); and (ii) the proposed cure amounts set forth in the Assignment Notice. In support thereof, CGLIC respectfully states as follows:

---

[1]    All terms not defined herein shall have the meanings ascribed to such terms in the assignment Notice and/or the Modified Plan.

## BACKGROUND

1. On October 8, 2005, the above captioned debtors ("Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. CGLIC and the Debtors are parties to certain agreements pursuant to which CGLIC provides, *inter alia*, healthcare insurance services to approximately 285 of the Debtors' expatriate employees ("Expatriate Employees") in connection with the Debtors' employee healthcare benefits plan ("Plan"). Specifically, CGLIC and the Debtors are parties to that certain (i) Group Medical Expense, Dental and Vision Care Insurance Policy, effective January 1, 2003; and (ii) Retrospective Premium Arrangement Letter Agreement, effective January 1, 2009 (together, "Agreements").[2]

3. On June 1, 2009, the Debtors filed the *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified)* ("Modified Plan"). The Modified Plan states that "[a]ll executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date . . . ." Modified Plan, § 8.1(a). As of the date of this Objection, the Agreements have neither been assumed nor rejected.

4. On July 15, 2009, the Debtors served the Assignment Notice which states that the contract(s) listed on Schedule 2 thereto ("Schedule 2") "will be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus") . . . , as provided in the Modified Plan and the Supplement." Assignment Notice, p. 1. Schedule 2 provides as follows:

---

[2] CGLIC and the Debtors are parties to other agreements as set forth in the *Objection of Connecticut General Life Insurance Company to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified)* [D.I. 18234], but the Assignment Notice only identifies an agreement(s) related to "Expatriates."

2

| Non-Debtor Counterparty | Applicable Manufacturing Facility | Contract(s) | Cure Amount (If Any) | Rejected Contracts (If Any) |
|---|---|---|---|---|
| CIGNA International Expatriates | Corp Headquarters | 450876729 | $0 | |

## OBJECTION

5. CGLIC objects to the Assignment Notice to the extent that (i) the Debtors have not specifically identified what agreements, if any, they propose to assume and assign; (ii) Schedule 2 is ambiguous regarding whether any agreements will be assumed and assigned; and (iii) if the Agreements are to be assumed and assigned, the Debtors have not complied with their obligations under section 365(b) of the Bankruptcy Code.

A.  The Debtors Must Specifically Identify Which Agreements They Intend to Assume and Assign

6. CGLIC objects to the Assignment Notice because the Debtors have not specifically identified the agreements they propose to assume and assign. As set forth more above, CGLIC and the Debtors are parties to two (2) Agreements related to the Expatriate Employees. Yet the Assignment Notice does not provide CGLIC with sufficient information to determine whether the Debtors are seeking to assume and assign either, both, or neither of the Agreements. Accordingly, the Debtors must be required to confirm that they intend to assume and assign both of the Agreements pursuant to the Assignment Notice. Significantly, the Agreements are integrated and inseparable and cannot be bifurcated. Thus, CGLIC objects to any attempt by the Debtors to separately assume and assign the Agreements.

B.  The Assignment Notice is Ambiguous as to Whether the Agreements Will Be Assumed and Assigned to Parnassus

7. CGLIC objects to the Assignment Notice because it is ambiguous as to whether the Debtors are even seeking to assume and assign the Agreements to Parnassus. Schedule 2 provides as follows:

3

> Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, all contracts or leases primarily relating to business conducted at any of the Debtors' manufacturing facilities, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to Parnassus, **other than** contracts or leases primarily relating to (a) the Debtors' Steering business, including, but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan, (b) business conducted at the manufacturing facilities located in Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center); and (c) business conducted at certain manufacturing facilities located in Athens, Alabama; Fitzgerald, Georgia; New Castle, Indiana; Olathe, Kansas; Flint, Michigan; Saginaw, Michigan (Chassis); Clinton, Mississippi; Columbus, Ohio; Cortland, Ohio; Dayton, Ohio; Kettering, Ohio; Ravenna, Ohio; Warren, Ohio; Columbia, Tennessee; and Oak Creek, Wisconsin.

Assumption Notice, Schedule 2.

8. On its face, Schedule 2 appears to indicate that the Debtors propose to assume and assign the Agreements. However, the Assignment Notice also states that the Debtors will *not* be assuming and assigning those executory contracts which relate to certain specified manufacturing facilities. This leaves open the possibility that the contract(s) listed on Schedule 2 relate to the businesses identified in (a) – (c), and are thus not being assumed and assigned.

9. Under the Agreements, CGLIC provides healthcare insurance services to the Debtors' Expatriate Employees who work in the United States and/or in many other countries. Some or all of the Expatriate Employees may work for "the Debtors' Steering business" and/or may work for one of the enumerated facilities. The information in Schedule 2 does not permit CGLIC to determine whether the Debtors are actually seeking to assume and assign the Agreements to Parnassus. Notably, both the terms of the Agreements and the doctrine of *cum onore* would prohibit any effort to assume or assign only that portion of the Agreements that relate to specific locations or divisions. Thus, CGLIC objects to any proposed assumption and

4

assignment that carves-out those Expatriate Employees who work for either the Debtors' Steering business or for the facilities enumerated in (a)-(c) of Schedule 2.

### C. Any Proposed Assumption and Assignment to Parnassus Must Comply with Section 365(b) of the Bankruptcy Code

10.  Section 365(b) of the Bankruptcy Code requires a debtor, prior to the assumption of an executory contract, to cure defaults and provide adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1). While it is unclear whether the Agreements will be assumed and assigned to Parnassus, to the extent that they will, the Debtors have failed to comply with their obligations as set forth in section 365(b) of the Bankruptcy Code.

11.  CGLIC objects to the Assignment Notice because the Debtors have not provided CGLIC with any meaningful adequate assurance of future performance information with respect to Parnassus. Instead, the Assignment Notice simply states "the Debtors assert that there is adequate assurance of Parnassus' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of Parnassus." Assignment Notice, p. 3. This is clearly insufficient. At a minimum, CGLIC will need to be provided with, and be given a meaningful opportunity to review, relevant and specific information from Parnassus in order to ensure that Parnassus is able to perform pursuant to the terms of the Agreements.

12.  CGLIC further objects to the Assignment Notice based on the cure amount set forth in Schedule 2. As a condition precedent to the assumption of the Agreements, the Debtors must pay all amounts due under the Agreements *as of the date the Agreements are actually assumed.* *See* 11 U.S.C. § 365(b)(1). The Debtors' proposed cure amount of $0 is not correct. As of the date of this Objection, $257,569.11 is due and owing under the Agreements. Additionally, amounts due to CGLIC accrue on a rolling basis and are payable under the terms of the Agreements. To meet their cure obligations under section 365(b) of the Bankruptcy Code,

the Debtors must pay all unpaid amounts due under the Agreements as of the date the Agreements are actually assumed.

WHEREFORE, CGLIC respectfully requests that this Court enter an order that: (i) requires the Debtors to specifically confirm that they seek to assume and assign both of the Agreements, *cum onore*; (ii) denies assumption and assignment of the Agreements until adequate assurance of future performance has been provided to CGLIC; (iii) as a condition precedent to the assumption of the Agreements, requires the Debtors to remit the full amount due and owing to CGLIC under the Agreements as established on the date the Agreements are actually assumed; and (iv) grants CGLIC such additional relief as this Court deems just and proper

Dated: July 27, 2009

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (DE Bar No. 2795)
Kelly M. Conlan (DE Bar No. 4786)
The Nemours Building
1007 North Orange Street
P.O. Box 2207 (19899)
Wilmington, Delaware 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

*Counsel for Connecticut General Life Insurance Company*

#705141

6