Marc Abrams  
Michael J. Kelly  
Richard Mancino  
Brian E. O'Connor  
Christopher J. St. Jeanos  
WILLKIE FARR & GALLAGHER LLP  
787 Seventh Avenue  
New York, NY 10019-6099  
(212) 728-8000  

**Hearing Date: July 29, 2009**

*Counsel to the Collective of DIP Lenders*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------x
:
    In re                                   :       Chapter 11
:
DELPHI CORPORATION, et al.,       :       Case No. 05-44481 (RDD)
:
                   Debtors.        :       (Jointly Administered)
:
------------------------------------------------------x

## RESPONSE OF THE COLLECTIVE OF DIP LENDERS TO THE DEBTORS' OMNIBUS REPLY IN SUPPORT OF MODIFIED PLAN AND MASTER DISPOSITION AGREEMENT

        1.     A collective of Lenders under the DIP Credit Agreement (together, the "Collective"[1]), by and through their undersigned counsel, hereby submits this Response of the Collective of DIP Lenders to the Debtors' Omnibus Reply in Support of Modified Plan and Master Disposition Agreement ("Response to Debtor's Omnibus Reply"), and in further support of its Response to Debtor's Omnibus Reply, and without prejudice to the Collective's ability to

---

[1] The Collective includes: (i) Double Black Diamond Offshore Ltd.; (ii) Black Diamond Offshore Ltd.; (iii) Monarch Master Funding Ltd.; (iv) Greywolf Capital Partners II LP; (v) Greywolf Capital Overseas Master Fund; (vi) GCOF SPV I; (vii) GCP II SPV I; (viii) Greywolf Structured Products Master Fund, Ltd.; (ix) Greywolf CLO I, Ltd.; and (x) SPCP Group, LLC.

supplement and expand upon this Response to Debtor's Omnibus Reply, if necessary, at the hearing, the Collective respectfully represents as follows:

      2.    The Collective submits this Response to Debtor's Omnibus Reply for the limited purpose of noting for the record that, as the Debtors disclose, on July 26, 2009, the Required Lenders under the DIP Credit Agreement[2] submitted a Pure Credit Bid in accordance with this Court's Modification Procedures Order (as supplemented and amended by subsequent Orders)[3] and that, on July 27, 2009, the Debtors designated this Pure Credit Bid as superior to the Master Disposition Agreement put forth by General Motors Corporation, Platinum Capital Equity Partners, L.P., and Parnassus Holdings II, LLC (the "GM/Parnassus MDA" or "GM/Parnassus Bid"), which the Debtors previously sought to have approved pursuant to their Supplement to Plan Modification Approval Motion, dated June 1, 2009 (Docket No. 16646).[4] The Collective believes that the DIP Lenders' Pure Credit Bid is both higher and better than the GM/Parnassus Bid. The Collective therefore supports the relief requested by the Debtors, as such relief relates to the DIP Lenders' Pure Credit Bid.

---

[2]    Second Amended and Restated Revolving Credit, Term Loan, and Guaranty Agreement dated as of May 9, 2008, by and among Delphi Corporation, the debtor subsidiaries of the Company, JP Morgan Chase Bank, N.A. (as Administrative Agent), and the lenders party thereto, as amended.

[3]    See Modification Procedures Order, dated June 16, 2009 (Docket No. 17032), as supplemented and amended by Supplemental Modification Procedures Order, dated June 29, 2009 (Docket No. 17376), Second Supplemental Modification Procedures Order, dated July 17, 2009 (Docket No. 18352), and Third Supplemental Modification Procedures Order, dated July 21, 2009 (Docket No. 18551).

[4]    All descriptions and summaries of the Master Disposition Agreement between Delphi Corporation, GM Components Holdings LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC and certain other buyers (the "GM/DIP Lenders MDA") contained in any pleadings filed in connection with the GM/DIP Lenders MDA are qualified in their entirety by the actual terms of the GM/DIP Lenders MDA, as contained in Exhibit A to Notice of Successful Bidder at Auction, dated July 26, 2009 (Docket No. 18658).

**RESERVATION OF RIGHTS**

3. The Collective does not waive, and hereby expressly preserves, its objections to the GM/Parnassus MDA and the now-withdrawn plan modifications and 363 sale relating thereto, as set forth in the Collective's Plan Modification Objection,[5] the Collective's Preliminary Objection,[6] and the Collective's First Supplemental Objection[7] (together, the "Objections"). In the event that this Court does not approve the DIP Lenders' Pure Credit Bid and a hearing is instead held to consider whether the GM/Parnassus Bid should be approved, the Collective expressly reserves any and all rights: (a) to supplement and expand upon these Objections; and (b) not to consent to, to object to or to reject the GM/Parnassus MDA, related plan modifications and the transactions contemplated thereby that do not provide the benefits necessary to ensure a successful and consensual emergence from chapter 11, as well as to any section 363 sale eventually put before the Court.

4. Additionally, the Collective reserves all of its rights and remedies under the DIP Credit Agreement, the Security Agreement, the DIP Order and applicable law. The Collective also reserves its rights against any other parties. Nothing in this Response to Debtor's

---

[5] Response and Partial Objection of the Collective of DIP Lenders to Debtors' (A) Supplement to Motion for Order (I) Approving Modification to Debtors' First Amended Plan of Reorganization (As Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to First Amended Plan of Reorganization and (B) Request to Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date, dated June 9, 2009 (Docket No. 16903) (the "Collective's Plan Modification Objection").

[6] Preliminary Objection of the Collective of DIP Lenders to (A) Confirmation of Debtors' First Amended Plan of Reorganization (as Modified) and (B) Approval of Debtors' Proposed Section 363 Sale, dated June 23, 2009 (Docket No. 17264) (the "Collective's Preliminary Objection").

[7] First Supplemental Objection of the Collective of DIP Lenders To (A) Confirmation of Debtors' First Amended Plan Of Reorganization (As Modified) and (B) Approval Of Debtors' Proposed Section 363 Sale, dated July 15, 2009 (Docket No. 18300) (the "Collective's First Supplemental Objection").

Omnibus Reply constitutes consent under or a waiver of rights with respect to the DIP Credit Agreement, the Security Agreement, the DIP Order or otherwise.

**WHEREFORE,** the Collective respectfully requests that the Court approve the Debtors' determination that the DIP Lenders' Pure Credit Bid is the superior bid, and grant the Collective such other and further relief as it deems just and proper.

Dated: July 28, 2009
      New York, New York

      Respectfully submitted,

      WILLKIE FARR & GALLAGHER LLP

      By: /s/ Richard Mancino
          Richard Mancino
          (A Member of the Firm)

          Marc Abrams
          Michael J. Kelly
          Brian E. O'Connor
          Christopher J. St. Jeanos

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

*Counsel to the Collective of DIP Lenders*