Robert A. Peurach, Esq.
**DAKMAK PEURACH, P.C.**
615 Griswold, Ste. 600
Detroit, MI 48226
(313) 964-0800

Christopher J. Battaglia, Esq.
Julie D. Dyas, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100

*Co-Counsel to Ogura Clutch Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, ET AL., | Case No. 05-44481-RDD |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------x

### RESERVATION OF RIGHTS OF OGURA CLUTCH COMPANY REGARDING ADJOURNMENT OF CURE CLAIM OBJECTION AND OBJECTION TO MODIFIED PLAN

Creditor, Ogura Clutch Company ("Ogura"), by and through its undersigned counsel, expressly reserves its rights with regard to the proposed assumption and assignment of the Technical Information and Assistance Agreement dated June 16, 1999 (the "Agreement") and the pre-petition arrears under the Agreement in the amount of $37,257.60 (the "Cure Claim") in light of the Debtors' unilateral adjournment of Ogura's Objection to Debtor's Modified Plan (Docket No. 18,235) dated July 15, 2009 (the "Objection"). More specifically, Ogura reserves its rights and respectfully states as follows:

{00082101.1 \ 0189-006}

1.    Pursuant to the Agreement, Ogura licensed various technical information for which Delphi Automotive Systems, LLC (the "Debtor") agreed to pay royalties to Ogura on a quarterly basis. As of the Debtor's petition date, the Debtor owed Ogura $37,257.60, *i.e.* the Cure Amount, for unpaid royalties for the 3rd and 4th quarters of 2005.

2.    The Debtor assumed the Agreement in connection with confirmation of its FirstAmended Joint Plan of Reorganization (the "Plan"), on or about January 25, 2008, which never went effective.

3.    Ogura filed a proof of claim for the Cure Amount on July 18, 2006 (Claim No. 9827), which is also listed on the website of Kurtzman Carson Consultants, claims administrators to the Debtor, as being scheduled in that amount on the Debtor's "Schedule F."

4.    Additionally, Ogura filed an administrative claim for the Cure Amount, prior to the July 15, 2009 administrative claims bar date in these cases (the "Admin Claim", Claim No. 18,971).

5.    As stated above, Ogura filed the Objection on July 15, 2009, again asserting, among other things, its rights to the Cure Amount.

6.    On July 24, 2009, the Debtor filed a Notice of Adjournment with respect to certain cure objections.  The agenda for the July 29, 2009 hearing on the Debtor's motions for order modfying the Plan (the "Plan Modification") filed on July 28, 2009 reflects the Objection as being subject to adjournment.

7.    Given the adjournment, irrespective of the relief requested and the relief that may be granted pursuant to the requested Plan Modification, Ogura expressly reserves its rights to assert that Ogura timely asserted its Cure Claim on notice to the Debtor.

{00082101.1 \ 0189-006}

WHEREFORE, Ogura respectfully requestst that its right to the Cure Claim

be reserved and unaltered by any relief granted to the Debtor in connection with the Plan

Modification; and for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 28, 2009

**HALPERIN BATTAGLIA RAICHT, LLP**

By:  _/s/ Christopher J. Battaglia_
    Christopher J. Battaglia, Esq.
    Julie D. Dyas, Esq.
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765.9100

    -- and --

**DAKMAK PEURACH, P.C.**
Robert A. Peurach, Esq.
615 Griswold, Ste. 600
Detroit, MI 48226
(313) 964-0800

_Co-Counsel to Ogura Clutch Company_