# **EXHIBIT B**

("Autocam Objection to Assignment Notice")

10

BARNES & THORNBURG LLP
Attorneys for Autocam Corporation
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Chapter 11 Case |
| ) | |
| DELPHI CORPORATION, *et al.* ) | No. 05-44481 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

### OBJECTION OF AUTOCAM CORPORATION TO PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS TO GM COMPONENTS HOLDINGS, LLC

Autocam Corporation ("Autocam"), by and through its undersigned counsel, for its Objection to the proposed assumption and assignment of certain executory contracts between Autocam and certain of the Chapter 11 debtors, states as follows:

1. Autocam is a business corporation having its headquarters in Kentwood, Michigan, and is a "Tier II" automotive supplier. Prior to and after the commencement of these Chapter 11 cases in October, 2005, Autocam became a party to a number of executory contracts for the manufacture and sale of automotive components and systems to certain of the Delphi Chapter 11 debtors (collectively, the "Debtors"). Upon information and belief, the First Amended Joint Chapter 11 Plan filed by the debtors herein (the "Modified Plan") characterizes these executory contracts as "Material Supply Agreements", *viz.*, "any agreement to which any

of the Debtors is a party and pursuant to which the Debtors purchase materials which are directly incorporated into one or more of the Debtors' products." Modified Plan § 1.129.

2. Many of the Autocam Executory Contracts involve multiple-year master requirements contracts extending for "the life of the part." Pursuant to these master agreements, separate releases/purchase orders have been issued at intervals reflecting the parties current production needs, price changes, etc. Master agreements were issued prepetition while there have been many releases/purchase orders issued postpetition. The prepetition master agreements and the releases/purchase orders issued thereunder constitute single, integrated agreements that must be assumed, assigned or rejected in their entirety pursuant to the applicable provisions of 11 U.S.C. § 365.[1] For example, if the Debtors propose to assume and assign one or more of the prepetition Autocam Executory Contracts, the Debtors must provide, at a minimum, adequate assurance of future performance of the assignee's contractual obligations after the assignment even though that contract may not be in default. 11 U.S.C. § 365(f)(2)(B).

3. Section 8.1(a) of the Modified Plan states that, unless otherwise provided therein, all executory contracts "shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date." Upon such assumption and the occurrence of the Effective Date, those contracts "shall vest in and be fully enforceable by the applicable Reorganized Debtor in accordance with their terms", except as may be modified by the Modified Plan or any relevant order entered by this Court. Modified Plan § 8.1(a).

---

[1] Executory contracts may not be assumed in part or rejected in part. *See, e.g., In re Nitec Paper Corp.*, 43 B.R. 492 (S.D.N.Y. 1984); *In re Teligent, Inc.*, 268 B.R. 723 (Bankr. S.D.N.Y. 2001); *In re Village of Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). Rather, debtor must either assume the entire agreement, *cum onere*, or reject the entire agreement. *See, e.g., In re Adelphi Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005); *In re Storage Technology Corp.*, 53 B.R. 471 (Bankr. D. Colo. 1985) (trustee cannot construe various parts of transaction as separate agreements when they are clearly interdependent).

4. Section 8.2(a) of the Modified Plan specifically addresses "Material Supply Agreements" such as those between Autocam and certain of the Delphi debtors. This Modified Plan provision states that any defaults under contracts to be assumed by Delphi shall be satisfied by "Cure."[2] Upon information and belief, the concept of "Cure" as used in the Modified Plan only applies to prepetition executory contracts in default.

5. The Modified Plan contains a request by the Debtors to approve the Master Disposition Agreement dated as of June 1, 2009, between and among Delphi Corporation, GM Components Holdings, LLC, General Motors Corporation, Parnassus Holdings II, LLC and certain other entities (the "MDA"). Although not clearly stated in the MDA, this agreement, and consequently, the Modified Plan, would allow the Debtors to assign to the "applicable Buyer" certain, as-yet unidentified Autocam Executory Contracts as "Assumed and Assigned Contracts." MDA §9.3. With respect to post-petition executory contracts that would be assigned to a Buyer, the Modified Plan provides that some notice of the assignment will be given to the nondebtor counterparty. However, there apparently will be no hearing on whether the particular Buyer or Buyers can provide adequate assurance of future performance of their obligations under these to-be-assigned postpetition contracts. In recent conversations, Debtors' counsel has indicated to Autocam's counsel that the "notice" of the assignment of postpetition contracts under the MDA that will likely be given to the nondebtor counterparties will consist only of a letter advising them of the assignment.

6. On or about July 10, 2009, the Debtors served a certain Notice of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as

---

[2] "Cure" is defined in Section 1.36 of the Modified Plan.

3

Applicable, Under Modified Plan of Reorganization dated such date and directed to Autocam (the "Autocam Assumption and Assignment Notice"). Schedule 1 attached to this notice identified the following two (2) executory contracts involving Autocam that the Delphi debtors seek to assume and assign:

    (a)    Autocam Corporation EFT No. D 0550049056 with no cure amount stated.

    (b)    Autocam Corporation EFT No. D 0550049056 with no cure amount stated.

A copy of the Autocam Assumption and Assignment Notice including Schedule 1 is attached hereto as <u>Exhibit A</u>.

7.    Upon information and belief, Debtors are attempting to assign an Autocam Executory Contract they identify as number "SAG 90115450." Autocam cannot identify this contract with reference to its business records. In addition, for the reasons stated herein, Autocam objects to the assumption and assignment of this contract.

8.    On Page 3 of the Autocam Assumption and Assignment Notice, the Delphi debtors assert that adequate assurance of future performance for contracts assigned the "GM Buyers" "because of the significant resources of General Motors Corporation." No other proof of adequate assurance has been supplied to Autocam. For example, Debtors have not provided Autocam with any financial information concerning the GM Buyers that would indicate their financial ability to perform their payment obligations under any Autocam Executory Contracts assigned to these buyers. In addition, Autocam has not received any information concerning the ownership and capital structure of the GM Buyers.

4

9. In addition to the foregoing, Autocam has also been unable to determine with any degree of certainty how its remaining executory contracts with the Delphi debtors will be treated under the Modified Plan and the MDA.

10. In short, Delphi has failed in the Modified Plan and the Autocam Assumption and Assignment Notice, to provide adequate assurance of future performance with respect to (i) the two executory contracts identified in the Autocam Assumption and Assignment Notice as being assigned to the "GM Buyers"; and (ii) any other Autocam Executory Contracts that the Debtors are proposing to be assigned (e.g., SAG 90115450) and may later propose to assign to any third party. Adequate assurance of future performance by the proposed assignee must be established by a Chapter 11 debtor as a precondition to any assignment of an executory contract, even if there are no existing defaults under that contract. 11 U.S.C. § 365(f)(2)(B). No such evidence has been presented to Autocam as of this date.

## WAIVER OF MEMORANDUM

11. Autocam respectfully requests that this Court waive the requirement contained in Rule 9013 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Objection are not novel. To the extent that this Court determines that a memorandum of law is required, Autocam requests that it be allowed to submit one at a date to be determined by the Court.

## RELIEF REQUESTED

WHEREFORE, Autocam Corporation and its affiliates respectfully request the entry of an Order prohibiting Debtors from assigning any of the Autocam Executory Contracts to a third party and granting such other and further relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated:  July 15, 2009<br>Grand Rapids, Michigan | BARNES & THORNBURG LLP<br>Counsel to Autocam Corporation |

By:  /s/Patrick E. Mears
          Patrick E. Mears (PM-6473)
Business Address:
171 Monroe Avenue, NW
Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3936
Facsimile: (616) 742-3999
Email: pmears@btlaw.com

GRDS01 PMEARS 384375v1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
        In re                         :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :    Case No. 05-44481 (RDD)
                                      :
                        Debtors.      :    (Jointly Administered)
                                      :
------------------------------------- x

NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC OR STEERING SOLUTIONS SERVICES CORPORATION, AS APPLICABLE, UNDER MODIFIED PLAN OF REORGANIZATION

      PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032), as amended and supplemented by the Supplemental Modification Procedures Order entered by the Bankruptcy Court on June 29, 2009 (Docket No. 17376).

      The Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective Date (as defined in the Modified Plan), unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by final order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the date of entry of an order approving the Modified Plan, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date pursuant to their own terms, (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms, (v) are listed on the schedule of rejected contracts attached as Exhibit 8.1(a)—Rejected Contracts to the Modified Plan, or (vi) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either Buyer (as defined in the Modified Plan) pursuant to the Master Disposition Agreement.

      In accordance with the Modification Procedures Order, the Debtors hereby provide notice that the contract(s) listed on Schedule 1 and/or to the extent not listed on Schedule 1, the contracts related to the business conducted at the manufacturing facilities identified on Schedule 2, attached hereto as applicable, (the "GM Assumed Contracts") will be assumed by the Debtors and assigned to GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation (and together with GM Components, the "GM Buyers" or each a "GM Buyer"), as applicable, as provided in the Modified Plan and the Supplement.

PLEASE TAKE FURTHER NOTICE that in accordance with this Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, unless otherwise noted on Schedules 1 and/or 2, non-Debtor counterparties to GM Assumed Contracts shall be entitled to recover only the Cure[1] amounts as listed on Schedules 1 and/or 2 hereto, unless otherwise noted, which Cure amounts have been previously established pursuant to the procedures in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified on January 25, 2008 (the "Confirmed Plan"), and the December 10, 2007 Solicitation Procedures Order (Docket No. 11389) (the "December 10 Solicitation Procedures Order") and as may be modified pursuant to the procedures set forth in the Modification Procedures Order, or such lower amount as may be agreed to by the Debtors, the applicable counterparty, and the applicable buyer and shall be barred and enjoined from asserting at the hearing to consider approval of the Modified Plan (the "Final Modification Hearing") or otherwise that any other amounts are owing on account of any prepetition default. Pursuant to the Modified Plan, the applicable GM Buyer, rather than the Debtors, will be responsible to pay the necessary amounts to cure any defaults under these contracts. Cure amounts, if any, shall only be paid to the non-Debtor counterparty to such GM Assumed Contracts. Unless otherwise noted in Schedules 1 and/or 2, a non-Debtor counterparty to a GM Assumed Contract only has the right to object to the adequate assurance of future performance by the applicable GM Buyer. In addition, should a non-Debtor counterparty to a GM Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the assumption and assignment of a GM Assumed Contract, including objections asserting the existence of a postpetition default that must be cured under section 365 of the Bankruptcy Code, must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (f) be served in hard-copy form so that it is actually received **within ten days after the date of service of this notice** by (i) Delphi

---

[1]   As set forth in Article 1.40 of the Modified Plan, "Cure" means the payment or other honoring of all obligations required to be paid or honored in connection with assumption of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, including (a) the cure of any non-monetary defaults to the extent required, if at all, pursuant to section 365 of the Bankruptcy Code, and (b) with respect to monetary defaults, the distribution within a reasonable period of time following the Effective Date of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption (or assumption and assignment) of an executory contract or unexpired lease, pursuant to section 365(b) of the Bankruptcy Code, in an amount equal to all undisputed, unpaid, and past due monetary obligations or such lesser amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp).

PLEASE TAKE FURTHER NOTICE THAT if an objection to the assumption and assignment of a GM Assumed Contract is timely filed and received, any unresolved objection would be scheduled for an available claims hearing date following 20-days notice provided by the Debtors or the Reorganized Debtors (as defined in the Modified Plan), as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties and such hearing shall be before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. If no objection is timely received, each counterparty to the GM Assumed Contracts shall be deemed to have consented to the assumption and assignment of the GM Assumed Contract to the applicable GM Buyer and shall each be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be, assignment of such contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or the applicable GM Buyer or its assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption.

PLEASE TAKE FURTHER NOTICE THAT pursuant to 11 U.S.C. § 365, the Debtors assert there is adequate assurance of future performance that the Cure amounts set forth on <u>Schedules 1 and/or 2</u> hereto will be paid in accordance with the terms of the Modified Plan. Further, the Debtors assert that there is adequate assurance of the GM Buyers' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of General Motors Corporation.

PLEASE TAKE FURTHER NOTICE that copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

3

PLEASE TAKE FURTHER NOTICE that the Final Modification Hearing will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

PLEASE TAKE FURTHER NOTICE THAT **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) is fixed as the last date and time for filing and serving objections to approval of the Modified Plan (the "Objection Deadline"). To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), and in each case so as to **be received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated:  New York, New York
        July 10, 2009

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
    John Wm. Butler, Jr.
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

              - and -
    Kayalyn A. Marafioti
    Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

## Schedule 1 – Supplier Contracts

| Non-Debtor Counterparty | Contract(s) | Cure Amount[1] |
|---|---|---|
| AUTOCAM CORPORATION EFT | D0550049056 | $0.00 |
| AUTOCAM CORPORATION EFT | D0550049151 | $0.00 |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.

File an Answer:

05-44481-rdd Delphi Corporation

**U.S. Bankruptcy Court**

**Southern District of New York**

Notice of Electronic Filing

The following transaction was received from Patrick E. Mears entered on 7/17/2009 at 1:38 PM and filed on 7/17/2009
Case Name:     Delphi Corporation
Case Number:   05-44481-rdd
Document Number: 18368

Docket Text:
Objection *to Proposed Assumption and Assignment of Executory Contracts to GM Components Holdings, LLC* (related document(s)[18077]) filed by Patrick E. Mears on behalf of Autocam Corporation. (Attachments: # (1) Exhibit A) (Mears, Patrick)

The following document(s) are associated with this transaction:

Document description: Main Document
Original filename: \\Grdocs01\grscans\Diana\Autocam Obj.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=7/17/2009] [FileNumber=7854220-0]

[8e080f59e12c14f4b66f1e41e3e61f6f80b30aa1c64cd4c8bc4d763f1f6b8dcf3bdfe
26c048c09051f3219291d27154caa9ec3c78b421edaf99d618b149046e6]]
Document description: Exhibit A
Original filename: \\Grdocs01\grscans\Diana\Autocam Obj Ex A.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=7/17/2009] [FileNumber=7854220-1]

[6e3e5f8d9369bc28beb3912a740b81c6e13e736a8ebc0757ca84f4d8f1325da9c497e
134a6ee14cc29af12e0e99ca4edd92f3fc7b74db1709e9b0eb0b520cb49]]

**05-44481-rdd Notice will be electronically mailed to:**

David B. Aaronson on behalf of Attorney Drinker Biddle & Reath LLP
david.aaronson@dbr.com

Anne Marie Aaronson on behalf of Attorney Pepper Hamilton LLP
aaronsoa@pepperlaw.com

Elizabeth Abdelmasieh on behalf of Creditor Riverside Claims LLC
elizabeth@regencap.com

Marc Abrams on behalf of Attorney Counsel for Certain Tranche C DIP Lenders
maosbny@willkie.com, mabrams@willkie.com

Franklin C. Adams on behalf of Unknown Solid State Stamping
franklin.adams@bbklaw.com

Jennifer L. Adamy on behalf of Attorney Shipman & Goodwin LLP
bankruptcy@goodwin.com

David J. Adler on behalf of Creditor Energy Conversion System
dadler@mccarter.com

Michael J. Alerding on behalf of Creditor M.G. Corporation
malerding@binghammchale.com

Joseph W. Allen on behalf of Spec. Counsel Jaeckle Fleischmann & Mugel,LLP
jallen@jaeckle.com

Christopher A. Andreoff on behalf of Creditor Laura Marion
candreoff@jaffelaw.com, ckelley@jaffelaw.com

Philip D. Anker on behalf of Unknown Wilmer Cutler Pickering Hale and Dorr LLP
philip.anker@wilmerhale.com

Joel D. Applebaum on behalf of Creditor 1st Choice Heating & Cooling, Inc.
japplebaum@clarkhill.com

Bruce D. Atherton on behalf of Unknown Direct Sourcing Solutions, Inc.
batherton@bathertonlaw.com

Allison R. Bach on behalf of Financial Advisor W.Y. Campbell & Company
abach@dickinsonwright.com

Stephen M. Bales on behalf of Interested Party Tremco Incorporated
sbales@zieglermetzger.com

C. David Bargamian on behalf of Creditor RBS Asset Finance, Inc.
dbargamian@bsdd.com

Courtney Engelbrecht Barr on behalf of Creditor D & R Technology LLC