# **EXHIBIT C**

("Second Assignment Notice")

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re                                 :   Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :   Case No. 05-44481 (RDD)
                                      :
                    Debtors.          :   (Jointly Administered)
                                      :
------------------------------------- x

NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY
CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO
DIP HOLDCO 3, LLC UNDER MODIFIED PLAN OF REORGANIZATION

     PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a related supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032), as amended and supplemented by the Supplemental Modification Procedures Order entered by the Bankruptcy Court on June 29, 2009 (Docket No. 17376), the Second Supplemental Modification Procedures Order (Docket No. 18352), and the Third Supplemental Modification Procedures Order (Docket No. 18551) (collectively, the "Supplemental Procedures").

     PLEASE TAKE FURTHER NOTICE THAT the Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective Date (as defined in the Modified Plan), unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by final order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the date of entry of an order approving the Modified Plan, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date pursuant to their own terms, (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms, (v) are listed on the schedule of rejected contracts attached as Exhibit 8.1(a)—Rejected Contracts to the Modified Plan, or (vi) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either Buyer (as defined in the Modified Plan) pursuant to the applicable transaction documents.

PLEASE TAKE FURTHER NOTICE THAT in accordance with the Modification Procedures Order, on or about July 10, 2009,[1] the Debtors served a notice (the "Parnassus Assumption and Assignment Notice") providing that the contract(s) listed on Schedule 1 and/or, to the extent not listed on Schedule 1, the contracts related to the business conducted at the manufacturing facilities identified on Schedule 2 of the Parnassus Assumption and Assignment Notice, would be assumed by the Debtors and assigned to the Parnassus Holdings II, LLC ("Parnassus") (the "Parnassus Assumed Contracts"), as provided in the Modified Plan and the Supplement.

PLEASE TAKE FURTHER NOTICE THAT in accordance with the Supplemental Procedures, if an alternative transaction or the pure credit bid is selected by the Debtors as the highest or otherwise best offer, such that a party other than Parnassus is the selected as the successful bidder, the Debtors are required to send a notice to contract counterparties and provide the contract counterparties with an opportunity to challenge adequate assurance of future performance of the successful bidder.

PLEASE TAKE FURTHER NOTICE THAT the Debtors have announced that the DIP Holdco 3, LLC (the "Buyer"), rather than Parnassus, will be a party to the sale transactions. **Accordingly, the contracts that were previously referenced on the Parnassus Assumption and Assignment Notice and that were previously proposed to be assumed by the Debtors and assigned to Parnassus are now expected to be assumed by the Debtors and assigned to the Buyer or to an affiliate or designee of the Buyer (the "Buyer Assumed Contracts").** Other than changing the identity of the party to whom the contracts would be assigned, all other information set forth in the Parnassus Assumption and Assignment Notice with respect to the affected contracts remains the same.

PLEASE TAKE FURTHER NOTICE THAT if a counterparty already filed a timely objection to the Parnassus Assumption and Assignment Notice on grounds other than adequate assurance of future performance, such objection shall be recognized as an objection to this notice and such counterparty does not need to file a new objection to this notice.

PLEASE TAKE FURTHER NOTICE THAT in accordance with the Modification Procedures Order, objections on the grounds of adequate assurance of future performance, if any, to the assumption and assignment of a Buyer Assumed Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (f) be served in hard-copy form so that it is actually received **within ten days after the date of service of this notice** by (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti

---

[1] The Debtors served certain corrected Parnassus Assumption and Assignment Notices on July 13, 2009 and additional Parnassus Assumption and Assignment Notices on July 15, 2009.

2

and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), and (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons).

PLEASE TAKE FURTHER NOTICE THAT if an objection to the assumption and assignment of a Buyer Assumed Contract is timely filed and received, any unresolved objection (other than an objection cast by a union) would be scheduled for **August 17, 2009 at 10:00 a.m** (prevailing Eastern time), subject to the Debtors' right to adjourn the hearing on the objection by notifying the contract counterparty at least three-days before the scheduled hearing date. Any unresolved objections would be scheduled for an available hearing date following 20-days notice provided by the Debtors or the Reorganized Debtors (as defined in the Modified Plan), as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties and such hearing shall be before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. Any objection to adequate assurance of future performance submitted by a union shall be scheduled for the final hearing to consider approval of the Modified Plan and such party must submit its objection at or prior to such hearing unless otherwise agreed to between the Debtors and such union. If no objection is timely received, each counterparty to the Buyer Assumed Contracts shall be deemed to have consented to the assumption and assignment of the Buyer Assumed Contract to the Buyer and shall each be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be, assignment of such contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or Buyer or its assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption.

PLEASE TAKE FURTHER NOTICE that copies of the Parnassus Assumption and Assignment Notices along with the relevant Schedules 1 and 2, the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com. This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

| | |
|---|---|
| Delphi Legal Information Hotline: | Delphi Legal Information Website: |
| Toll Free: (800) 718-5305 | http://www.delphidocket.com |
| International: (248) 813-2698 | |

3

Dated:    New York, New York
            July 27, 2009

                                SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                          - and -
                                Kayalyn A. Marafioti
                              Four Times Square
                                  New York, New York 10036
                              Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession