# EXHIBIT C

William C. Heuer, Esq.
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: 212-692-1000

and

Paul D. Moore, Esq.
Jeffrey D. Sternklar, Esq.
Kara M. Zaleskas, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210-2600
Telephone: 857-488-4200

*Attorneys for Plymouth Rubber Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF RANDALL SCHULTZ IN SUPPORT OF MOTION OF PLYMOUTH RUBBER COMPANY, LLC FOR RELIEF RELATING TO THE ADMINISTRATIVE CLAIMS BAR DATE

I, RANDALL SCHULTZ, hereby depose and state as follows under the pains and

penalties of perjury:

1.      I am an operating principal at Versa Capital Management, Inc. ("Versa"). Versa

manages funds which indirectly own the majority of the equity of Plymouth Rubber Company,

LLC ("Plymouth Rubber"). I submit this Declaration in support of the *Motion of Plymouth*

*Rubber Company, LLC for Order Abstaining from Adjudication of Plymouth Rubber Company,*

*LLC's Administrative Claim, or in the Alternative, Deeming Administrative Claim of Plymouth*

*Rubber Company, LLC Timely Filed and for Related Relief* (the "Administrative Claim Relief Motion"), filed contemporaneously herewith in the above-captioned bankruptcy case of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"). I have personal knowledge of all facts stated in this Declaration, except as otherwise stated or for those facts stated upon information and belief, and, as to those facts, I believe them to be true and correct.

2.       On or around July 16, 2009, I received a package of mail that had been forwarded to me by Steven Collins, who is assisting Versa in winding up Plymouth Rubber's business affairs.

3.       The package contained three notices directed from Kurtzman Carson Consultants, LLC to Plymouth Rubber Company, Inc. True and correct copies of all of the notices, including the envelopes in which they arrived, are attached hereto as Exhibit 1.

4.       Immediately upon reviewing the notices, I delivered the notices to Mr. Thomas Kennedy, counsel to Versa, who is overseeing matters relating to the pending litigation involving Plymouth Rubber.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 28, 2009                                                           _____
                                                                                                       Randall Schultz

# EXHIBIT 1

# DECLARATION OF RANDALL SCHULTZ

# United States Bankruptcy Court

## Administrative Expense Claim Form

Southern District of New York

Delphi Corporation et al. Claims Processing

c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue

El Segundo, California 90245

| | |
|---|---|
| **Debtor against which claim is asserted :** <br> Delphi Corporation, *et al.* 05-44481 | **Case Name and Number** <br> In re Delphi Corporation., *et al.*  05-44481 <br> Chapter 11, Jointly Administered |

**NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case.  This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.**

| | |
|---|---|
| **Name of Creditor** <br> *(The person or other entity to whom the debtor owes money or property)* <br><br><br> Name and Address Where Notices Should be Sent <br><br><br><br> Telephone No. | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars. <br> ☐  Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐  Check box if the address differs from the address on the envelope sent to you by the court. <br><br> **THIS SPACE IS FOR COURT USE ONLY** |

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this claim  ☐  replaces  ☐  amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**

☐  Goods sold
☐  Services performed
☐  Money loaned
☐  Personal injury/wrongful death
☐  Taxes
☐  Other (Describe briefly)

☐  Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐  Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
   (date)          (date)

**2. DATE DEBT WAS INCURRED**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $** _____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all additional charges.

**5. Brief Description of Claim (attach any additional information):**

**THIS SPACE IS FOR COURT USE ONLY**

**6.  CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.  In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7.  SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8.  DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| | |
|---|---|
| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |

# INSTRUCTIONS FOR FILING ADMINISTRATIVE EXPENSE CLAIM FORM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

## "DEFINITIONS"

| DEBTORS | ADMINISTRATIVE EXPENSE CLAIM | ADMINISTRATIVE BAR DATE |
|---|---|---|
| The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.<br><br>**CREDITOR**<br>A creditor is any person, corporation, or other entity to whom the debtor owes a debt. | Any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases arising under 11 U.S.C. § 503(b) of the Bankruptcy Code for the period from the commencement of these cases through June 1, 2009, <u>provided however</u>, that you do <u>not</u> need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form (as defined in the Modification Procedures Order) (Docket No. 17032) or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, and which are subject to this Court's Interim Compensation Orders (as defined in Modification Procedures Order); or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary. | Pursuant to section 10.2 of the Modified Plan and paragraphs 38-39 of the Modification Procedures Order, all requests for payment of an Administrative Claim that has arisen between October 8, 2005 and June 1, 2009 must be filed no later than **July 15, 2009.** |

## Items to be completed in Administrative Expense Claim Form (if not already filled in):

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim Form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Claim Form replaces or changes an Administrative Expense Claim Form that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Expense Claim Form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Claim Form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Supporting Documents:**
You must attach to this Administrative Expense Claim Form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgement of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Claim Form.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357

| **United States Bankruptcy Court** | **Administrative Expense Claim Form** |
|---|---|
| Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | |

| Debtor against which claim is asserted :<br>Delphi Corporation, *et al.* 05-44481 | Case Name and Number<br>In re Delphi Corporation., *et al.* 05-44481<br>Chapter 11, Jointly Administered |
|---|---|

**NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.**

| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br><br><br>Name and Address Where Notices Should be Sent<br><br><br><br>Telephone No. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court.<br><br><br>**THIS SPACE IS FOR COURT USE ONLY** |
|---|---|

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim ☐ replaces
                 ☐ amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
          (date)                (date)

| 2. DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $_____
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

# INSTRUCTIONS FOR FILING ADMINISTRATIVE EXPENSE CLAIM FORM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

## "DEFINITIONS"

| **DEBTORS** | **ADMINISTRATIVE EXPENSE CLAIM** | **ADMINISTRATIVE BAR DATE** |
|---|---|---|
| The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.<br><br>**CREDITOR**<br>A creditor is any person, corporation, or other entity to whom the debtor owes a debt. | Any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases arising under 11 U.S.C. § 503(b) of the Bankruptcy Code for the period from the commencement of these cases through June 1, 2009, provided however, that you do **not** need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form (as defined in the Modification Procedures Order) (Docket No. 17032) or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, and which are subject to this Court's Interim Compensation Orders (as defined in Modification Procedures Order); or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary. | Pursuant to section 10.2 of the Modified Plan and paragraphs 38-39 of the Modification Procedures Order, all requests for payment of an Administrative Claim that has arisen between October 8, 2005 and June 1, 2009 must be filed no later than **July 15, 2009.** |

### Items to be completed in Administrative Expense Claim Form (if not already filled in):

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim Form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Claim Form replaces or changes an Administrative Expense Claim Form that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Expense Claim Form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Claim Form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Supporting Documents:**
You must attach to this Administrative Expense Claim Form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgement of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Claim Form.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357

| **United States Bankruptcy Court** | **Administrative Expense Claim Form** |
|---|---|
| Southern District of New York | |
| Delphi Corporation et al. Claims Processing | |
| c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue | |
| El Segundo, California 90245 | |

| **Debtor against which claim is asserted :** | **Case Name and Number** |
|---|---|
| Delphi Corporation, *et al.* 05-44481 | In re Delphi Corporation., *et al.*, 05-44481 |
| | Chapter 11, Jointly Administered |

**NOTE:** This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address Where Notices Should be Sent**

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Telephone No.**

**THIS SPACE IS FOR COURT USE ONLY**

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
(date)      (date)

| **2. DATE DEBT WAS INCURRED** | **3. IF COURT JUDGMENT, DATE OBTAINED:** |
|---|---|

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $** _____
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim (attach any additional information):**

**THIS SPACE IS FOR COURT USE ONLY**

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

# INSTRUCTIONS FOR FILING ADMINISTRATIVE EXPENSE CLAIM FORM

*The instructions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to the general rules.*

## "DEFINITIONS"

| **DEBTORS** | **ADMINISTRATIVE EXPENSE CLAIM** | **ADMINISTRATIVE BAR DATE** |
|---|---|---|
| The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.<br><br>**CREDITOR**<br>A creditor is any person, corporation, or other entity to whom the debtor owes a debt. | Any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases arising under 11 U.S.C. § 503(b) of the Bankruptcy Code for the period from the commencement of these cases through June 1, 2009, provided however, that you do **not** need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form (as defined in the Modification Procedures Order) (Docket No. 17032) or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, and which are subject to this Court's Interim Compensation Orders (as defined in Modification Procedures Order); or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary. | Pursuant to section 10.2 of the Modified Plan and paragraphs 38-39 of the Modification Procedures Order, all requests for payment of an Administrative Claim that has arisen between October 8, 2005 and June 1, 2009 must be filed no later than **July 15, 2009**. |

## Items to be completed in Administrative Expense Claim Form (if not already filled in):

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim Form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Claim Form replaces or changes an Administrative Expense Claim Form that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the Administrative Expense Claim Form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Claim Form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Supporting Documents:**
You must attach to this Administrative Expense Claim Form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgement of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Claim Form.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357

05-44481-rdd    Doc 18714-3    Filed 07/31/09    Entered 07/31/09 16:59:04    Exhibit C
Pg 11 of 37 Hearing Date And Time: July 23, 2009 at 10:00 a.m.
Objection Deadline: July 15, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
    In re                                               :    Chapter 11
                                                        :
DELPHI CORPORATION, et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                              Debtors.                  :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

NOTICE OF

(1)  APPROVAL OF SUPPLEMENT;
(2)  HEARING ON MODIFICATIONS TO PLAN;
(3)  DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN;
(4)  DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
(5)  TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(6)  RECORD DATE;
(7)  VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(8)  PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS
OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures Order") (Docket No. 17032) approving a supplement to the

---

[1]    The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10 Solicitation Procedures Order").

disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. <u>Final Modification Hearing Date</u>. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. <u>Objections To Approval Of Modified Plan</u>. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. <u>Temporary Allowance Of Claims</u>. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and

2

interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **July 2, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

3

6. <u>Record Date</u>.  **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. <u>Voting Deadline</u>.  If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest.  For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, <u>et al.</u> | Delphi Corporation, <u>et al.</u> |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York  10017 | El Segundo, California  90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not received by the Voting Deadline will not be counted.**

8. <u>Injunction To Enforce Releases And Exculpation In The Modified Plan</u>.  **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation.  The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases.  These released parties will also be exculpated generally from Debtor-related liability by all parties.**

> **You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9.    <u>Information And Documents</u>.  Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:                    Delphi Legal Information Website:
Toll Free:  (800) 718-5305                           http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
            June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
        John Wm. Butler, Jr.
        Ron E. Meisler

333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

- and -

      Kayalyn A. Marafioti
      Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, <u>et al.</u>,
   Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

       PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Modification Procedures Order") (Docket No. 17032), which among other things, established **July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors" or "Company").  The Administrative Expense Bar Date and the procedure set out below for filing proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

       PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date**.

### WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

       You must file an Administrative Expense Claim Form if you believe that you are entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided below.

       You do not need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date. Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

### CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM

ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.

---

[1]   See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
       June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER  & FLOM LLP

John Wm. Butler, Jr.
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

Hearing Date And Time: July 23, 2009 at 10:00 a.m.
Objection Deadline: July 15, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF
(1) APPROVAL OF SUPPLEMENT;
(2) HEARING ON MODIFICATIONS TO PLAN;
(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF PLAN;
(4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;
(5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(6) RECORD DATE;
(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

        PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Modified Plan.

        PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the Modified Plan will be binding on all holders of claims against, and all current and former holders of equity security and other interests in, the respective Debtors.

        PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16, 2009 (the "Modification Procedures Order") (Docket No. 17032) approving a supplement to the

---

[1]     The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) (the "December 10 Solicitation Procedures Order").

disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. <u>Final Modification Hearing Date</u>. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. <u>Objections To Approval Of Modified Plan</u>. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and John R. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. <u>Temporary Allowance Of Claims</u>. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and

interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **July 2, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

3

6. <u>Record Date</u>. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. <u>Voting Deadline</u>. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, <u>et al</u>. | Delphi Corporation, <u>et al</u>. |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. <u>Injunction To Enforce Releases And Exculpation In The Modified Plan</u>. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

> **You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9.    <u>Information And Documents</u>.  Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:   Delphi Legal Information Website:
Toll Free:  (800) 718-5305     http://www.delphidocket.com
International:  (248) 813-2698


Dated:  New York, New York
    June 16, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP
          John Wm. Butler, Jr.
           Ron E. Meisler

        333 West Wacker Drive, Suite 2100
        Chicago, Illinois 60606

           - and -

          Kayalyn A. Marafioti
           Thomas J. Matz
        Four Times Square
        New York, New York 10036

         Attorneys for Delphi Corporation, <u>et al.</u>,
         Debtors and Debtors-in-Possession

Hearing Date And Time: July 23, 2009 at 10:00 a.m.
Objection Deadline: July 15, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| DELPHI CORPORATION, et al., | : Case No. 05-44481 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF
(1) APPROVAL OF SUPPLEMENT;
(2) HEARING ON MODIFICATIONS TO PLAN;
(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO MODIFICATIONS OF
    PLAN;
(4) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN
    CLAIMS FOR VOTING PURPOSES;
(5) TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT, OR DISPUTED
    CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;
(6) RECORD DATE;
(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND
(8) PROPOSED RELEASES, EXCULPATION, AND INJUNCTION IN MODIFIED PLAN

TO ALL CREDITORS AND INTEREST HOLDERS, INCLUDING EQUITY SECURITY HOLDERS
OF DELPHI CORPORATION AND ITS AFFILIATED DEBTORS-IN-POSSESSION:

        PLEASE TAKE NOTICE that Delphi Corporation ("Delphi") and certain of its subsidiaries and
affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are
soliciting acceptances of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And
Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"),[1] modifying
the plan confirmed on January 25, 2008, from holders of impaired claims and interests who are (or may
be) entitled to receive distributions under the Modified Plan.

        PLEASE TAKE FURTHER NOTICE that if the Modified Plan is approved by the United States
Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the terms of the
Modified Plan will be binding on all holders of claims against, and all current and former holders of
equity security and other interests in, the respective Debtors.

        PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on June 16,
2009 (the "Modification Procedures  Order") (Docket No. 17032) approving a supplement to the

---

[1]     The Modified Plan seeks certain modifications to (i) the First Amended Joint Plan Of Reorganization Of
        Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the
        "Confirmed Plan"), confirmed on January 25, 2008, and (ii) the Order Approving (I) Disclosure Statement,
        (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III)
        Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V)
        Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving
        Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures  (Docket No. 11389)
        (the "December 10 Solicitation Procedures Order").

disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement") with respect to the Modified Plan and providing, among other things, that:

1. <u>Final Modification Hearing Date</u>. The hearing to consider approval of the Modified Plan (the "Final Modification Hearing"), will commence on **July 23, 2009 at 10:00 a.m.** (prevailing Eastern time) or as soon thereafter as counsel can be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. The Final Modification Hearing may be adjourned from time to time by announcing the adjournment in open court, and the Modified Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Final Modification Hearing, without further notice to parties-in-interest.

2. <u>Objections To Approval Of Modified Plan</u>. **July 15, 2009 at 4:00 p.m.** (prevailing Eastern time) (the "Objection Deadline") is fixed as the last date and time for filing and serving objections to approval of the Modified Plan. To be considered, objections, if any, to approval of the Modified Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on March 20, 2006 (Docket No. 2883), the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), and the Modification Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons), and (x) counsel for Parnassus Holdings II, LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David J. Karp), in each case so as to be **received no later than the Objection Deadline. Objections not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.**

3. <u>Temporary Allowance Of Claims</u>. The following persons or entities, among others, are not entitled to vote on the Modified Plan and, therefore, will not receive a ballot: holders of (a) unimpaired claims, (b) claims and interests who will receive no distribution under the Modified Plan, (c) claims and

interests that have been scheduled as contingent, unliquidated, or disputed and for which (i) no proof of claim was timely filed and (ii) no Rule 3018(a) Motion (as defined below) has been filed by the Rule 3018(a) Motion Deadline (as defined below), and (d) claims and interests that are the subject of an objection filed by the Debtors (except to the extent and in the manner as may be set forth in the objection). If you disagree with the Debtors' classification of, or objection to, your claim or interest and believe that you should be entitled to vote on the Modified Plan, then you must (x) have timely filed a proof of claim by the applicable bar date or your proof of claim must be deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline (as defined below), (y) contact the Creditor Voting Agent (as set forth below) to obtain a ballot and file the ballot by the Voting Deadline (as defined below), and (z) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Modified Plan. The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **July 2, 2009** at **4:00 p.m.** (prevailing Eastern time) (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Modification Procedures Order) by the Rule 3018(a) Motion Deadline in accordance with the procedures set forth in the Modification Procedures Order; provided, however, that if the Debtors object to a claim or interest after June 19, 2009, the Rule 3018(a) Motion Deadline would be extended for that claim or interest such that the deadline would be ten days following the filing of the Debtors' objection.

    4. Provisional Votes. Any party who has (a) timely filed a proof of claim (as stated above) and (b) files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Modified Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then at the Final Modification Hearing the Court will determine whether the provisional ballot is to be counted as a vote on the Modified Plan and, if so, in what amount. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims or interests referred to therein will not be counted in determining whether the Modified Plan has been accepted or rejected.

    5. Treatment Of Certain Claims. Any holder of a claim that (a) is scheduled in the Debtors' schedules of assets and liabilities, dated April 18, 2006, or any amendment thereof (the "Schedules"), at zero or in an unknown amount or as disputed, contingent, or unliquidated and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or any order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Modified Plan or (ii) voting on the Modified Plan. Unless otherwise provided in the Modified Plan, any holder of a claim who is otherwise entitled to vote on the Modified Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Modified Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion. Unless otherwise provided in the Modified Plan, any holder of a claim that is contingent will have such claim temporarily disallowed for voting purposes, subject to the right of such holder to file a Rule 3018(a) Motion.

6. <u>Record Date</u>. **June 8, 2009**, is the record date for determining the holders of Debtors' publicly traded debt and equity securities (the "Securities") and the creditors entitled to receive (a) solicitation packages and (b) entitled to vote to accept or reject the Modified Plan.

7. <u>Voting Deadline</u>. If you hold a claim against one of the Debtors as of June 8, 2009, the Record Date as established in the Modification Procedures Order, and are entitled to vote to accept or reject the Modified Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim or interest. For your vote to be counted, ballots to accept or reject the Modified Plan must be executed, completed, and RECEIVED by **7:00 p.m.** (prevailing Eastern time) on **July 15, 2009** (the "Voting Deadline") by the appropriate voting agent, Financial Balloting Group (the "Securities Voting Agent"), for holders of Securities, or Kurtzman Carson Consultants LLC (the "Creditor Voting Agent"), for all other creditors, at:

| Securities Voting Agent | Creditor Voting Agent |
|---|---|
| Delphi Corporation, <u>et al.</u> | Delphi Corporation, <u>et al.</u> |
| c/o Financial Balloting Group | c/o Kurtzman Carson Consultants LLC |
| 757 Third Avenue—3rd Floor | 2335 Alaska Avenue |
| New York, New York 10017 | El Segundo, California 90245 |
| (866) 486-1727 | (888) 249-2691 |

Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

8. <u>Injunction To Enforce Releases And Exculpation In The Modified Plan</u>. **The Modified Plan proposes to release and exculpate various parties and to enjoin the pursuit of any claims subject to the releases and exculpation. The releases generally provide that the Debtors, the Debtors' present and certain former officers and directors, the official committee of unsecured creditors, the official committee of equity security holders, the DIP agent, the DIP lenders, the buyers, all professionals retained in these cases, the unions representing the Debtors' employees and former employees, General Motors Corporation, and certain related persons and entities, will receive releases from the Debtors' present and former creditors and equity security holders, certain hourly employees and former employees of the Debtors, and certain related persons and entities, with respect to any claims or causes of actions existing as of the effective date of the Modified Plan that relate to the Debtors or the Debtors' chapter 11 cases. These released parties will also be exculpated generally from Debtor-related liability by all parties.**

> **You Are Advised To Carefully Review And Consider The Modified Plan, Including The Release, Exculpation, And Injunction Provisions, As Your Rights Might Be Affected.**

9.    <u>Information And Documents</u>.  Copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website set forth below and may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the address set forth above.

Delphi Legal Information Hotline:          Delphi Legal Information Website:
Toll Free:  (800) 718-5305                    http://www.delphidocket.com
International:  (248) 813-2698

Dated:    New York, New York
          June 16, 2009

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP
                                              John Wm. Butler, Jr.
                                              Ron E. Meisler
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois 60606

                                                  - and -
                                              Kayalyn A. Marafioti
                                              Thomas J. Matz
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for Delphi Corporation, <u>et al.</u>,
                                            Debtors and Debtors-in-Possession

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
    In re                                :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
                Debtors.    :    (Jointly Administered)
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

        PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the
"Modification Procedures Order") (Docket No. 17032), which among other things, established
**July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of
administrative expense (each, an "Administrative Expense Claim Form") for the purpose of
asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against
Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors"
or "Company").  The Administrative Expense Bar Date and the procedure set out below for filing
proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims
against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

        PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order
requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson
Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that
such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing
Eastern time, on the Administrative Expense Bar Date**.

### WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

        You must file an Administrative Expense Claim Form if you believe that you are
entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided
below.

        You do not need to file an Administrative Expense Claim Form for (i) any claim
for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet
due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to
June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that
are not yet due and payable; (iii) any claim for which the party has already properly filed an
Administrative Expense Claim Form or a proof of claim form with the Court which has not been
expunged by order of the Court and provided that such proof of claim clearly and unequivocally
sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees
and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing
through January 25, 2008, to the extent that such claim is subject to this Court's Interim

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

**A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date**. Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILURE TO TIMELY SUBMIT
## ADMINISTRATIVE EXPENSE CLAIM FORM

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

---

[1]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245; Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
       June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER  & FLOM LLP

John Wm. Butler, Jr.
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -   -  x
                                                      :
    In re                        :     Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :     Case No. 05-44481 (RDD)
                                                      :
         Debtors.   :     (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - -  - x

## NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

      PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the
"Modification Procedures Order") (Docket No. 17032), which among other things, established
**July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of
administrative expense (each, an "Administrative Expense Claim Form") for the purpose of
asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against
Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors"
or "Company").  The Administrative Expense Bar Date and the procedure set out below for filing
proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims
against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

      PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order
requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson
Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that
such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing
Eastern time, on the Administrative Expense Bar Date**.

### WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

      You must file an Administrative Expense Claim Form if you believe that you are
entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided
below.

      You do not need to file an Administrative Expense Claim Form for (i) any claim
for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet
due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to
June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that
are not yet due and payable; (iii) any claim for which the party has already properly filed an
Administrative Expense Claim Form or a proof of claim form with the Court which has not been
expunged by order of the Court and provided that such proof of claim clearly and unequivocally
sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees
and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing
through January 25, 2008, to the extent that such claim is subject to this Court's Interim

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

**A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.** Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

---

[1]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
       June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER  & FLOM LLP

John Wm. Butler, Jr.
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LANCASTER, PA
PERMIT NO. 1793

PLYMOUTH RUBBER CO INC EFT
500 TURNPIKE ST
CANTON MA 02021-2723

PLYM500* 029 NDE 1 B09C 01 06/25/09
NOTIFY SENDER OF NEW ADDRESS
:PLYMOUTH RUBBER COMPANY
PO BOX 35
CANTON MA 02021-0358

BC: 02021035858    *0419-07094-20-29

Carson Consultants LLC
llot Processing
ka Avenue
do, CA 90245

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LANCASTER, PA
PERMIT NO. 1793

PLYMOUTH RUBBER CO INC
PO BOX 845450
BOSTON MA 02284-5450

Carson Consultants LLC
t Processing
Avenue
CA 90245



U.S. POSTAGE
MANSFIELD, MA
02048
JUL 10 09
AMOUNT
$1.39
00064272-01
19104
1000
UNITED STATES
POSTAL SERVICE

Randy Schultz
Versa Capital Mgt
2929 Arch Street
Philadelphia, PA 19104-2868

ymouth

uth Rubber Company, LLC
mpike Street, Suite 100
, Massachusetts 02021

Kurtzman Carson Consultants LLC
Delphi Ballot Processing
2335 Alaska Avenue
El Segundo, CA 90245

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LANCASTER, PA
PERMIT NO. 1793

PLYMOUTH RUBBER CO INC
500 TURNPIKE ST
CANTON MA 02021-2723

PLYM500*   029 NDE 1 509C 01 06/25/09
NOTIFY SENDER OF NEW ADDRESS
:PLYMOUTH RUBBER COMPANY
PO BOX 358
CANTON MA 02021-0358

BC: 02021035858     *1373-04999-19-35

02021323396 C02
02021@0358