David A. Rosenzweig
Mark C. Haut
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400

Vincent A. D'Agostino
Eric H. Horn
Joseph A. Becht, Jr.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the AT&T Entities*

Hearing Date and Time: August 17, 2009 at 10:00 a.m.
Objection Deadline: August 12, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation, *et al.*,<br><br>                               Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**NOTICE OF MOTION OF THE AT&T ENTITIES FOR
ENTRY OF AN ORDER (1) COMPELLING PAYMENT OF
ADMINISTRATIVE EXPENSES OR, IN THE ALTERNATIVE, (2) MODIFYING THE
AUTOMATIC STAY TO PERMIT TERMINATION OF EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE,** that on August 5, 2009, AT&T Solutions Inc. and its affiliated entities (collectively, the "AT&T Entities"), by and through their undersigned counsel, hereby move (the "Motion") for entry of an order (1) compelling payment of administrative expenses pursuant to Section 503(b) of the Bankruptcy Code or, in the alternative, modifying the automatic stay to permit immediate termination of executory contracts pursuant to Section 362 of the Bankruptcy Code.

75803623.6

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on **August 17, 2009 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, Room 610, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the approval of the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 3105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon counsel for the AT&T Entities, Fulbright & Jaworski L.L.P., 666 Fifth Avenue, New York, New York 10103 (Att'n: David A. Rosenzweig and Mark C. Haut) and Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 (Att'n: Vincent A. D'Agostino, Eric H.

Horn and Joseph A. Becht, Jr.), so as to be **received** no later than **4:00 p.m.** (prevailing Eastern time) on **August 12, 2009** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only those objections made as set forth herein will be considered by the Bankruptcy Court at the Hearing. If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated: August 5, 2009

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: */s/ David A. Rosenzweig*
David A. Rosenzweig
Mark C. Haut
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400

and

By: */s/ Vincent A. D'Agostino*
Vincent A. D'Agostino
Eric H. Horn
Joseph A. Becht, Jr.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the AT&T Entities*

| | |
|---|---|
| David A. Rosenzweig <br> Mark C. Haut <br> FULBRIGHT & JAWORSKI L.L.P. <br> 666 Fifth Avenue <br> New York, New York 10103 <br> Tel: (212) 318-3000 <br> Fax: (212) 318-3400 | **Hearing Date And Time: August 17, 2009 at 10:00 a.m.** <br> **Objection Deadline: August 12, 2009 at 4:00 p.m.** |

Vincent A. D'Agostino
Eric H. Horn
Joseph A. Becht, Jr.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the AT&T Entities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> Delphi Corporation, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-44481 (RDD) <br><br> (Jointly Administered) |

### THE AT&T ENTITIES' MOTION FOR ENTRY OF AN ORDER (1) COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSES OR, IN THE ALTERNATIVE, (2) MODIFYING THE <u>AUTOMATIC STAY TO PERMIT TERMINATION OF EXECUTORY CONTRACTS</u>

AT&T Solutions Inc. and its affiliated entities (collectively, the "<u>AT&T Entities</u>"), by and through their undersigned counsel, hereby move (the "<u>Motion</u>") for entry of an order (1) compelling payment of administrative expenses pursuant to Section 503(b) of the Bankruptcy Code or, in the alternative, modifying the automatic stay to permit immediate termination of executory contracts pursuant to Section 362 of the Bankruptcy Code. In support, the AT&T Entities respectfully state as follows:

75803623.6

**BACKGROUND**

1. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court" or the "Bankruptcy Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

3. The AT&T Entities provide certain telecommunications and related services to the Debtors under several agreements with the Debtors (collectively, the "AT&T Contracts"). As described below, the Debtors failed to make required payments under the AT&T Contracts for certain post-petition services the Debtors have received and are continuing to receive.

*The Plan and The Modified Plan*

4. On December 10, 2007, the Debtors filed their First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in- Possession (Docket No. 11386) (the "Plan"), which was confirmed by Court order on January 25, 2008 (Docket No. 12359) (the "Confirmation Order"). The Confirmation Order provided that all executory contracts were to be deemed automatically assumed pursuant to sections 365 and 1123 of the Bankruptcy Code unless, among other things, such executory contracts had expired or terminated on or prior to December 31, 2007 pursuant to their own terms. The Confirmation Order also provided for administrative expense claims to be paid in full in cash after the Effective Date (as defined in the Plan). Finally, the Confirmation Order provided that if the Plan was not consummated, then the assumption or rejection of executory contracts affected by the Plan shall be null and void.

5. The Plan was not consummated and, on June 16, 2009, the Debtors filed their First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (Docket No. 17030) (the "Modified Plan") and the First Amended Disclosure Statement, as Modified with respect to the Modified Plan (Docket No. 17031) (the "Modified Disclosure Statement"). Pursuant to the Modified Plan, the Debtors again proposed to pay all administrative expense claims in full in cash *after* the Effective Date. On July 30, 2009, the Court entered an order confirming the Modified Plan (Docket No. 18707).

*The AT&T Contracts*

6. The Debtors failed to perform and make required payments under the AT&T Contracts both prior to and after the Petition Dates. As such, the Debtors owe significant pre- and post-petition amounts to the AT&T Entities. Under the first Plan, the AT&T Contracts were to be assumed and the AT&T Entities were to receive full payment of their pre- and post-petition claims (whether as part of a cure, administrative expense claim or other mechanism). Thus, the AT&T Entities continued to perform under the AT&T Contracts and acted in reliance on the assumption of the AT&T Contracts and the eventual payment of the Debtors' pre- and post-petition obligations.

7. The Exhibits to the Modified Plan and notices sent to the AT&T Entities made it unclear as to whether the Debtors were now attempting to reject the AT&T Contracts. As a result, on July 15, 2009, the AT&T Entities filed their Limited Objection of the AT&T Entities to the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (Docket No. 18266) (the "Objection"). In the Objection, the AT&T Entities requested that the Debtors clarify their intentions (*i.e.*, assumption or rejection) relative to the AT&T Contracts. To the extent the Debtors previously assumed

and/or assigned the AT&T Contracts, the AT&T Entities asserted that Debtors cannot now reject those contracts and, in particular, the significant cure claims associated therewith.

8.  The Debtors are continuing to receive services under the AT&T Contracts, but are failing to pay all post-petition amounts owed under the AT&T Contracts.[1] As a result, the AT&T Entities were forced to file an administrative expense claim asserting a claim in the amount of $2,973,848.25 for services performed from October 8, 2005 and June 1, 2009 (the "<u>Administrative Expense Claim Form</u>"). A copy of the Administrative Expense Claim Form is attached hereto as **Exhibit A**.

9.  Subsequent to the filing of the Administrative Expense Claim Form, the AT&T Entities further reconciled the amounts owed and will file a revised administrative expense claim in the amount of $2,045,667.09 (the "<u>Administrative Expense Claim</u>"). A copy of a spreadsheet detailing the breakdown of the amounts owed is attached hereto as **Exhibit B**. The Debtors' post-petition payment obligations to the AT&T Entities are accruing monthly and the AT&T Entities are being forced to continue performing their obligations under the AT&T Contracts without receiving all required payments from the Debtors.

## ARGUMENT

10. The AT&T Entities have an administrative claim for the services provided to the Debtors under the AT&T Contracts pursuant to Section 503(b) of the Bankruptcy Code, and as discussed below, the Court should utilize its discretion to compel the Debtors to make immediate payment and require the Debtors to pay all future amounts when such amounts become due and payable. In the alternative, the AT&T Entities request that the stay be modified pursuant to

---

[1] The Debtors have numerous accounts under which they are obligated to the AT&T Entities. There are certain accounts where the Debtors have paid or may be paying post-petition amounts under the AT&T Contracts. However, the Debtors have already failed to make over $2 million in post-petition payments and are still failing to make required post-petition payments under these contracts.

75803623.6                                - 4 -

Section 362 of the Bankruptcy Code to allow the AT&T Entities to exercise its rights under the AT&T Contracts to terminate immediately such contracts.

## I. THE AT&T ENTITIES SHOULD BE GRANTED AN ALLOWED ADMINISTRATIVE EXPENSE CLAIM WHICH SHOULD IMMEDIATELY BE PAID

### A. *The AT&T Entities Should Be Granted An Allowed Administrative Expense Claim Under Section 503(B) Of The Bankruptcy Code*

11. Section 503(b)(1)(A) allows for the priority payment of administrative expenses for post-petition expenses of the debtor-in-possession incurred in preserving the estate. The overriding purpose for allowing payments of administrative expenses under 11 U.S.C. § 503(b)(1)(A) is to facilitate the efforts by the debtor-in-possession to rehabilitate its business for the benefit of all the estate's creditors. See Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98 (2d Cir. 1986). An administrative expense under Section 503(b)(1)(A) exists when the expense (i) "arise[s] out of a post-petition transaction between the creditor and the . . . debtor in possession and [ii] . . . consideration supporting the claimant's right to payment was both supplied to and beneficial to the post-petition estate in the operation of the business." In re New York Trap Rock Corp., 137 B.R. 568, 572 (Bankr. S.D.N.Y. 1992).

12. Transactions in the ordinary course of business of the debtor-in-possession generally create expenses of estate administration. See In re Crystal Apparel, Inc., 220 B.R. 816, 830 (Bankr. S.D.N.Y. 1998). Here, the AT&T Entities timely filed the Administrative Expense Claim Form based on the post-petition services rendered to the Debtors under the AT&T Contracts. Such post-petition services were supplied in the ordinary course of business as is evidenced by the AT&T Contracts. Accordingly, the Administrative Expense Claim should be allowed as an administrative expense priority claim under Section 503(b)(1)(A).

B.   *The Debtors Should Be Compelled To Make Immediate
     <u>Payment Of The Administrative Expense Claim</u>*

13.   The AT&T Entities respectfully requests that the Debtors be directed to pay immediately the Administrative Expense Claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.  The AT&T Entities further request that the Debtors be directed to pay all future invoices as such amounts become due and payable under the AT&T Contracts, until such time as the Debtors determine whether to assume or reject the AT&T Contracts.

14.   Courts have discretion to order Debtors to immediately pay an allowed administrative expense claim.  <u>In re King</u>, 392 B.R. 62, 67-8 (Bankr. S.D.N.Y. 2008) ("The timing of distributions for administrative expense payments, other than at the close of the case, is within the discretion of the Court"); <u>In re The Korea Chosum Daily Times</u>, 337 B.R. 773, 784 (Bankr. E.D.N.Y. 2005) ("[t]he question of whether administrative expenses should be paid sooner than the effective date of the plan is committed to the sound discretion of the bankruptcy court").  There are several factors courts consider in deciding on whether to grant such a request, including the prejudice to the debtor, hardship on the creditor and potential determent to other creditors.  <u>In re Garden Ridge Corp.</u>, 323 B.R. 136, 143 (Bankr. D. Del. 2005).

15.   One of the paramount considerations is whether the estate will be able to pay administrative claims in full.  <u>In re King</u>, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008); <u>In re Chi-Chi's, Inc.</u>, 305 B.R. 396, 401 (Bankr. D. Del. 2004) (distributions prior to confirmation are usually not permitted "when the estate may not be able to pay all administrative expenses in full").  However, "where the debtor is solvent, immediate payment may be appropriate."  <u>In re The Korea Chosum Daily Times</u>, 337 B.R. 773, 785 (Bankr. E.D.N.Y. 2005) (court granted motion to promptly pay superpriority administrative expense because, among other things, "there is no risk of insolvency, as the parties agree that the sale of the Property has generated sufficient

proceeds to pay all administrative claimants and creditors in full"); In re Standard Furniture Co., 3 B.R. 527, 532 (Bankr. S.D. Cal. 1980) (providing for immediate payment of administrative expense claim since all administrative expenses were to be paid in full). In those circumstances, the payment may be warranted based on the harm to the creditor that is forced to continue to provide services without compensation. For instance, one court, in denying the request to postpone payment of the debtors' post-petition rental obligations, reasoned:

> The timing of payment of ordinary administrative claims is within the court's discretion … Here, no good cause to withhold payment has been shown to exist. To the contrary, Debtor filed a plan of reorganization which contains a provision to pay all administrative expenses in full in cash….Debtor also asserted at the preliminary hearing on this matter that it has the cash available to pay administrative expenses as they become due. Moreover, Lessor contends that its mortgage on the property is in jeopardy because without the rent payments it cannot meet is mortgage obligations.

In re Papercraft Corp., 126 B.R. 935, 931-32 (Bankr. W.D. Pa. 1991), motion to reconsider granted on other grounds, 127 B.R. 346 (1991).

16. When considering the factors enumerated above, it is clear that the Debtors should be compelled to immediately pay the Administrative Expense Claim. The Court has already confirmed the Plan and has now approved the Modified Plan. Under the Modified Plan, the Debtors are required to pay all administrative expense creditors in full in cash. See Modified Plan at ¶2.1. In fact, the Debtors clearly represent their intention to make such payment in the Modified Disclosure Statement, stating, "The Debtors anticipate that all Allowed Administrative Claims will be paid in full." See Modified Disclosure Statement at p. S-xxx. Accordingly, the administrative expense creditors will be paid in full and the immediate payment of the Administrative Expense Claim will not impact the other administrative expense creditors.

17. Similarly, there would be no harm to the Debtors since the Debtors are required to pay the Administrative Expense Claim in full as per the terms of the Modified Plan. On the

other hand, the harm to the AT&T Entities is great and continues to grow each month that the AT&T Entities are compelled to provide the Debtors with services under the AT&T Contracts without receiving any payment. The AT&T Entities have been forced to provide continued service to the Debtors, without payment in full, resulting in a mounting net loss. The Debtors should not have it both ways. The Debtors should not be permitted to reap the benefit of the use of the services without compensating the AT&T Entities for such use. The Debtors should be compelled to make the AT&T Entities whole for the post-petition period by paying the requisite amounts owed under the AT&T Contracts.

18.     Accordingly, the Debtors should be compelled to pay the Administrative Expense Claim and continue to pay the AT&T Entities under the AT&T Contracts pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.

## II.   ALTERNATIVELY, THE STAY SHOULD BE MODIFIED TO ALLOW THE AT&T ENTITIES TO TERMINATE THE AT&T CONTRACTS

19.     Under Section 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the stay "for cause." "Cause" for relief from the stay "is viewed as a broad and flexible concept." In re M.J. & K. Co., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). The Court should modify the stay "when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." IBM v. Fernstrom Storage & Van Co., 938 F. 731, 735 (7th Cir. 1991). Factors to be considered are whether there is a likelihood of great prejudice to the debtor or its estate and whether continuation of the stay creates a hardship to the non-debtor party that outweighs the hardship to the debtor.

20.     The equitable considerations weigh heavily in favor of the AT&T Entities. The Debtors have continued to use the services provided by AT&T Entities post-petition, but have not fully paid the AT&T Entities for their services. The AT&T Entities are prejudiced each day

they perform under the contracts, but are unpaid. A non-debtor party "is not expected to incur significant added detriment while those who have an interest in the property or the bankruptcy estate are unable to resolve how to deal with an asset." In re Beker Indus. Corp., 64 B.R. 890, 898 (Bankr. S.D.N.Y. 1986). The balance of equities in this case strongly favors the AT&T Entities. As stated above, the Debtors are causing economic hardship by forcing the AT&T Entities to continue to perform without full payment on a post-petition basis.

21.    Contrariwise, since the Debtors are not paying for the services, there will be no prejudice if the stay is modified and the AT&T Contracts are terminated. Early termination will benefit the Debtors' estates by relieving the estates of the accrual of administrative claims. The Court should modify the automatic stay to enable the AT&T Entities to terminate the AT&T Contracts in accordance with their terms.

### REQUEST FOR WAIVER OF SEPARATE MEMORANDUM OF LAW

22.    The AT&T Entities respectfully requests that the Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall have an accompanying memorandum of law. No novel issue of law is raised by the Motion and the relevant authorities are contained in the Motion.

**WHEREFORE**, the AT&T Entities respectfully request that the Court enter an order (1) compelling immediate payment of administrative expense or, in the alternative, (2) modifying the automatic stay to permit immediate termination of the AT&T Contracts, and (3) granting the AT&T Entities all such other and further relief as is deemed just and proper.

Dated:  August 5, 2009

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: */s/ David A. Rosenzweig*
David A. Rosenzweig
Mark C. Haut
666 Fifth Avenue
New York, New York 10103
Tel:  (212) 318-3000
Fax:  (212) 318-3400

and

By:*/s/ Vincent A. D'Agostino*
Vincent A. D'Agostino
Eric H. Horn
Joseph A. Becht, Jr.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
Phone: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the AT&T Entities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Delphi Corporation, *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### ORDER APPROVING AT&T ENTITIES' MOTION FOR ENTRY OF AN ORDER (1) COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSES OR, IN THE ALTERNATIVE, (2) MODIFYING THE AUTOMATIC STAY TO PERMIT TERMINATION OF EXECUTORY CONTRACTS

Upon the motion, dated August 5, 2009 (the "Motion"), of AT&T Solutions Inc. and its affiliated entities (collectively, the "AT&T Entities"), for entry of an order (1) compelling payment of administrative expenses pursuant to Section 503(b) of the Bankruptcy Code or, in the alternative, modifying the automatic stay to permit immediate termination of executory contracts pursuant to Section 362 of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted as set forth herein; and it is further

75803623.6

- 2 -

**ORDERED** that the AT&T Entities' claim in the amount of $2,045,667.09 as set forth in the Motion is allowed as an administrative expense of the estate; and it is further

**ORDERED** that the Debtors shall immediately remit the sum of $2,045,667.09 to the AT&T Entities; and it is further

**ORDERED** that the Debtors shall timely perform their obligations under the AT&T Contracts; and it is further

**ORDERED** that if the Debtors fail to timely perform their obligations under the AT&T Contracts the automatic stay is modified to permit the AT&T Entities to terminate the AT&T Contracts; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2009
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE