CHAPMAN AND CUTLER LLP
Attorneys for Littelfuse, Inc.
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1911

David S. Barritt(Admitted Pro Hac Vice)
Telephone: (312) 845-3711
Email: barritt@chapman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | No. 05-44481 (RDD) |
| | ) | Judge |
| | ) | Jointly Administered |
| Debtors. | ) | |

**LIMITED OBJECTION OF LITTELFUSE, INC. TO NOTICE OF ASSUMPTION AND
ASSIGNMENT WITH RESPECT TO CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED TO
DIP HOLDCO 3, LLC UNDER MODIFIED PLAN OF REORGANIZATION**

Littelfuse, Inc., for itself and its subsidiaries and affiliates ("Littelfuse"), and by and through its undersigned attorneys, hereby files this limited objection (the *Objection")* to the Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP Holdco 3, LLC Under Modified Plan of Reorganization (as amended and supplemented, the *"DIP Holdco Assignment Notice"*). In support of the Objection, Littelfuse states as follows:

**BACKGROUND**

1.   On October 8, 2005, and subsequently October 14, 2005, (collectively, the *"Petition Date"*), Delphi Corporation and certain of its affiliates (collectively, the *"Debtors"*)

2664397.01.01-4.doc
1620756/DSB

filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prior to the Petition Date, Littelfuse supplied the Debtors with, among other things, various fuses and other products pursuant to certain contracts and purchase orders.

3. On June 16, 2009, the Debtors filed the First Amended Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the *"Modified Plan"*).

4. On the same date, the Debtors also filed the Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified).

5. This Court subsequently entered the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the *"Modification Procedures Order"*).

6. Paragraph 35 of the Modification Procedures and the Supplemental Procedures requires that if an alternative transaction or pure credit bid is selected by the Debtors as the highest or otherwise best offer, such that a party other than Parnassus Holdings II, LLC is selected as the successful bidder, the Debtors are required to send a notice (the "New Buyer Notice") to contract counterparties and provide the contract counterparties with an opportunity to challenge adequate assurance of future performance of the successful bidder.

7. While examining the Delphi docket, Littelfuse's counsel discovered the DIP Holdco Assignment Notice identifying DIP Holdco 3, LLC as the party to which the Debtors

would assign all of their rights, title, and interests in certain executory contracts and unexpired leases (the *"DIP Holdco Assumed Contracts"*).

8. The DIP Holdco Assignment Notice is unclear as it fails to identify clearly which contract documents between the Debtors and Littelfuse are intended to be assumed and assigned. For instance, the DIP Holdco Assignment Notice refers to fewer contracts and purchase orders than those that currently exist between the Debtors and Littelfuse. To the extent that the Debtors intend to assume and assign contracts that are not listed, the DIP Holdco Assignment Notice makes no provision for cure of unpaid invoices. To the extent that contracts are listed in the DIP Holdco Assignment Notice, they appear to understate the amounts owed to Littelfuse. In the DIP Holdco Assignment Notice, the Debtors indicate that, should a non-Debtor counterparty to a DIP Holdco Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth in those Notices.

9. The DIP Holdco Assignment Notice requires that objections to the assumption and assignment of a DIP Holdco Assumed Contract, including objections asserting the existence and amounts of pre-petition and post-petition defaults that must be cured under section 365 of the Bankruptcy Code, are to be served within ten days after the date of service of the notice (the *"Objection Deadline"*). This Objection is filed and served timely.

10. As discussed above, the DIP Holdco Assignment Notice appears to provide incomplete and inaccurate information regarding the treatment of all the contracts between Littelfuse and the Debtors and the amounts outstanding under those contracts. Additionally, the amount of time provided for Littelfuse to review and analyze this information is inadequate and appears to be less than that contemplated by the Court's June 16, 2009 Order. Littelfuse is working to determine whether and the extent to which post petition defaults exist pertaining to

the DIP Holdco Assumed Contracts, as well as the full amount due under those contracts. Given the quick turnaround time to review and interpret the DIP Holdco Assignment Notice, Littelfuse is forced to make this protective filing as there was insufficient time to reconcile those Notices with internal records. Littelfuse, therefore, reserves the right to modify this Objection and to assert any additional defaults and amounts owed to it that are not referenced in this Objection. Littelfuse further reserves to receive payment for all amounts that should properly be included as cure as a condition of any assumption or assignment.

11. Since all prepetition and postpetition defaults must be cured pursuant to section 365 of the Bankruptcy Code, Littelfuse files this objection to preserve its rights. On July 20, 2009, Littelfuse filed, as Docket No. 18489, the Limited Objection of Littelfuse, Inc. to: (I) Notice of Assumption and Assignment with respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC under Modified Plan of Reorganization and (II) Notice of Assumption and Assignment with respect to certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings< LLC or Steering Solutions Services Corporation, as Applicable under Modified Plan of Reorganization (the "*July 20, 2009 Objection*"), which it incorporates herein by reference.

### OBJECTION

**A. Debtors Have Failed to Cure All Defaults That Must Be Cured Pursuant to Section 365 of the Bankruptcy Code.**

12. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the Trustee:

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship,* 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.,* 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

13. Littelfuse is also entitled to payment in full for any goods and services it provided on a post-petition basis to the Debtors pursuant to an executory contract, as Delphi's obligation to cure extends not only to prepetition, but also post-petition, defaults. *See In re Burger Boys, Inc.,* 94 F.3d 755, 763 (2d Cir. 1996).

14. The Debtors are impermissibly attempting to assume and assign certain Executory Contracts to the entities referenced in the DIP Holdco Assignment Notice without providing cure payments in full under the Executory Contracts. In order for the Debtors to be permitted to assume and assign the Executory Contracts identified in the DIP Holdco Assignment Notice, the Debtors are required to provide a cure payment to Littelfuse equal to the amount of: (i) all prepetition defaults in at least the amount of $408,567.10, as more specifically set forth on the Debtor's Cure Notice to Littelfuse dated December 10, 2007, attached to the July 20, 2009 Limited Objection as Exhibit A (the "Cure Notice")[1] that the Debtor sent to Littelfuse; (ii) all

---

[1] Littelfuse timely returned the Cure Notice and indicated in the box of the Cure Notice form that it disagreed with the Cure Amount. However, it did not file an objection because the Cure Notice provided that no objection was due to be filed until thirty (30) days after the Effective Date of the Plan, and the Effective Date as defined has not occurred. Additionally, Littelfuse determined that there was no material differential between the amounts indicated on the Cure Notice and the amounts shown to be outstanding on Littelfuse's books. The Cure Notice specifically provided that, if an objection is not filed, the Cure
*Footnote continued.*

amounts owed post petition to Littelfuse as of June 1, 2009 in at least the amount of $546,445.94 as set forth in administrative expense claim signed by Littelfuse on or about July 10, 2009, which amounts are summarized on Exhibit B to the July 20, 2009 Objection; and (iii) all amounts that come due from and after June 2, 2009.

### CONCLUSION

15. Littelfuse objects to the DIP Holdco Assignment Notice for the reasons referenced herein and to the extent that they do not provide for the Debtors to make cure payments equal to the amounts due and owing to it as set forth in paragraph 13 above.

### RESERVATION OF RIGHTS

16. Littelfuse expressly reserves any and all rights to supplement and modify this Objection and the cure amounts claimed hereunder. This Objection is being filed only as it pertains to the Executory Contracts. Nothing contained herein should be construed as a waiver by Littelfuse with respect to any other rights.

### MEMORANDUM OF LAW

17. This Objection sets forth specific responses with supporting law divided under numerous paragraphs. Littelfuse respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Littelfuse respectfully requests that the Court (i) deny the relief requested in the DIP Holdco Assignment Notice to the extent it inadequately provides for the payment of all

---

Amount would be controlling for purposes of determining the amount to be paid for cure for pre-petition defaults (See Cure   At a minimum, the Cure Amount indicated in the Cure Notice sent by the Debtor to Littelfuse is due and payable to Littelfuse.

cure payments owed to Littelfuse and (ii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: August 5, 2009

Respectfully submitted,

LITTELFUSE, INC.

By /s/ David S. Barritt

DAVID S. BARRITT (Admitted Pro Hac Vice)
CHAPMAN AND CUTLER LLP
111 WEST MONROE STREET
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1911
barritt@chapman.com

Attorneys for Littelfuse, Inc.

CHAPMAN AND CUTLER LLP
Attorneys for Littelfuse, Inc.
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1911

David S. Barritt(Admitted Pro Hac Vice)
Telephone: (312) 845-3711
Email: barritt@chapman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | No. 05-44481 (RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**CERTIFICATE OF SERVICE OF LITTELFUSE, INC. RELATING
TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

I, David S. Barritt hereby certify that on August 5, 2009, I caused the Limited Objection Of Littelfuse, Inc. to Notice of Assumption and Assignment with Respect to Certain Executory Contracts and Unexpired Leases to be Assumed and Assigned to DIP Holdco 3, LLC Under Modified Plan of Reorganization, to be served on the following parties as indicated below:

**BY ELECTRONIC SERVICE**

<u>Counsel to the Debtor</u>
Skadden Arps Slate Meagher & Flom LLP
    John Wm. Butler Jr.
        jack.butler@skadden.com
Ron E. Meisler
        ron.meisler@skadden.com
    Karalyn A. Marafioti
        karalyn.marafioti@skadden.com

2664397.01.01-4.doc

    Gregory W. Fox
        gregory.fox@skadden.com

Counsel for the Official Committee of Unsecured Creditors
Latham & Watkins
    Robert J. Rosenberg
        robert.rosenberg@lw.com
    Mark A. Broude
        Mark.Broude@lw.com
    Mitchell A. Seider
        Mitchell.Seider@lw.com

Counsel for the Agent under the Postpetition Credit Facility
Davis Polk & Wardwell
    Donald S. Bernstein
        donald.bernstein@davispolk.com
    Brian M. Resnick
        brian.resnick@davispolk.com

Counsel for the Tranche C Collective
Wilkie Farr & Gallagher LLP
    Richard Mancino
        rmancino@wilkie.com
    Marc Abrams
        mabrams@willkie.com

Counsel for the US Treasury
Cadwalader Wickersham & Taft LLP
    John J. Rapisardi
        john.rapisardi@cwt.com
    Oren B. Hacker
        oren.haker@cwt.com

Counsel for the US Department of Justice
    Matthew L. Schwartz
        matthew.schwartz@usdoj.gov
    Joseph N. Cardaro
        joseph.cardaro@usdoj.gov

Counsel for General Motors Corporation
Weil, Gotshal & Manges LLP
    Jeffrey L. Tanenbaum
        jeff.tanenbaum@weil.com
    Robert J. Lemons
        robert.lemons@weil.com

<u>Counsel for Parnassus Holdings II LLC</u>
Schulte Roth & Zabel LLP
    Adam C. Harris
        adam.harris@srz.com
    David J. Karp
        david.karp@srz.com

**BY FACSIMILE TRANSMISSION**

<u>Office of the US Trustee</u>
    Brian Masumoto
    Fax No. (212) 668-2255

<u>Delphi Corporation</u>
David Sherbin, Esq., General Counsel
Delphi Corporation
Fax: 248-813-2491


**BY UPS OVERNIGHT MAIL**

Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004

Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel)

Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler)

Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti and Gregory W. Fox)

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto)

Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert 1. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility

Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick)

Wilkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams)

Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n: John 1. Rapisardi and Oren B. Haker)

United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro)

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n: Jeffrey L. Tanenbaum and Robert J. Lemons)

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Att'n: Adam C. Harris and David 1. Karp)

                      By:  /s/ David S. Barritt
                          David S. Barritt
                      Chapman and Cutler LLP
                      111 West Monroe Street
                      Chicago, IL 60603

Dated:  August 5, 2009