MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Jonathan S. Green
Donald J. Hutchinson
Email: greenj@millercanfield.com
Email: hutchinson@millercanfield.com

Attorneys for Ford Motor Company and its affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
   In re:                                                         :              Chapter 11

DELPHI CORPORATION, et. al.,            :              Case No. 05-44481-RDD

                              Debtors.     :
----------------------------------------------------------------------X

**SUPPLEMENTAL OBJECTION OF FORD MOTOR COMPANY AND ITS
AFFILIATES TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS TO DIP HOLDCO 3, LLC FOR LACK OF ADEQUATE
<u>ASSURANCE OF FUTURE PERFORMANCE</u>**

      Ford Motor Company and its affiliates, including Ford Werke GmbH, Ford Motor Company of Canada Limited, and Ford Motor Company of Australia (collectively, "Ford"), state as follows for their Supplemental Objection to Assumption and Assignment of Executory Contracts to DIP Holdco 3, LLC for Lack of Adequate Assurance of Future Performance:

      1.      On July 17, 2009, Ford filed its Objection to Assumption and Assignment of Executory Contracts and to the Sufficiency of the Debtors' Notice ("Original Ford Objection"). Ford continues to stand on the Original Ford Objection.

      2.      More recently, the Debtors sent Ford a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be

DELIB:3117239.2\029982-00276

Assumed and Assigned to DIP Holdco 3, LLC Under Modified Plan of Reorganization ("DIP Holdco 3 Notice of Assignment").

3.  The DIP Holdco 3 Notice of Assignment states that those executory contracts that the Debtors' previously notified Ford would be assumed and assigned to Parnassus Holdings II, LLC would instead be assigned to DIP Holdco 3, LLC and that objections on the grounds of adequate assurance of future performance must be filed and served within 10 days after the DIP Holdco Notice of Assignment.

4.  Ford objects to the assumption and assignment of Ford contracts to DIP Holdco 3, LLC for the reasons stated in the Original Ford Objection and also for the additional reason that adequate assurance of future performance of Ford contracts has not been provided with respect to the proposed assignment to DIP Holdco 3, LLC, as required by Bankrutpcy Code § 365(f)(2)(B).

5.  Ford is entitled to adequate assurance of future performance under Bankruptcy Code § 365(f)(2)(B) as a condition of the assignment of Debtors' executory contracts with Ford to any third party. What "adequate assurance" is required depends on the facts and circumstances of each individual case, and adequate assurance should be defined by "commercial rather than legal standards." *Cinicola v. Scharffenberger*, 248 F. 3d 110, 120 (3d Cir. 2001); *In re Fleming Companies, Inc.*, 2007 WL 2390776 (3d Cir. 2007); *Seacoast Products, Inc. v. Spring Valley Farms, Inc.* 34 B.R. 379, 381 (D. N.C. 1983); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D. N.J. 1988); *Ramco-Gershenson Properties v. Service Merchandise Co., Inc.*, 293 B.R. 169-176-77 (Bankr. M.D. Tenn. 2003). In addition to the financial capability of the proposed assignee, courts have considered many other factors in determining whether adequate

assurance of future performance exists, including the assignee's "willingness" to perform under the contract, *In re Embers 86th Street, Inc.*, 184 B.R. 892 (Bankr. S.D. N.Y. 1995); *In re Bypagh, Inc.,* 56 B.R. 598 (Bankr. S.D. N.Y. 1986); *In re Alipat*, 36 B.R. 274 (Bankr. Mo. 1984); testimony regarding whether the assignee intends to comply with the contract, *In re Glyco Genesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); *In the Matter of Bronx-Westchester Mack Corporation*, 20 B.R. 139 (Bankr. S.D. N.Y. 1982); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985); *Seacoast Products, Inc. v. Spring Valley Farms, Inc.*, 34 B.R. 379, 381 (D. N.C. 1983); the "likelihood" that the non-debtor party will receive the benefit of its bargain from the assignee, *Traffic Safety Devices v. Safety Barriers, Inc.*, 2006 WL 2709229 (E.D. Tenn. 2006); *In re Bygaph, Inc.*, 56 B.R. 596 (Bankr. S.D. N.Y. 1986); the expertise of the assignee in the subject matter of the contract, *In re Glyco Genesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); the assignee's business plan, *In re Washington Capital Aviation & Leasing*, 156 B.R. 167 (Bankr. E.D. Va. 1993); *In re Embers 86th Street, Inc.*, 184 B.R. 892 (Bankr. S.D. N.Y. 1995); whether the assignee has demonstrated the ability to operate a similar business successfully, *In re Alipat*, 36 B.R. 274 (Bankr. Mo. 1984); *In re Old South Coors, Inc.*, 27 B.R. 923 (Bankr. N.D. Miss. 1983); *In re Service Merchandise* 297 B.R. 675, 682 (Bankr. M.D. Tenn. 2002); *In re Bygaph, Inc.*, 56 B.R. 596 (Bankr. S.D. N.Y. 1986); and the general economic outlook in the industry which is the subject matter of the contract, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985); *Seacoast Products, Inc. v. Spring Valley Farms, Inc.*, 34 B.R. 379, 381 (D. N.C. 1983).

6. Because the DIP Holdco Notice of Assignment does not specify the adequate assurance of future performance of DIP Holdco 3, LLC, as required by Fed.R.Bankr.P. 6006(f)(4), it is impossible to assess the ability of the proposed assignee's ability to perform the Ford contracts that are being assigned, not only in terms of the assignee's financial capability of performing, but also the assignee's know how and technical capability of performing the required work.

7. Further, of critical concern to Ford in the present case is that the Debtors have gained access to Ford's trade secrets and other confidential commercial information in connection with the Debtors' joint development, production and service parts contracts with Ford. Adequate assurance of future performance must reasonably require in this particular case that DIP Holdco 3, LLC must agree in writing: (a) to strictly observe the provisions of Ford's Production Global Terms and Conditions ("Production Global Terms") and Ford's Global Terms and Conditions for Non-Production Goods and Services ("Non-Production Global Terms"), incorporated by reference into each of Ford's purchase orders, restricting access to and use of Ford's trade secrets and other confidential information, including Sections 15, 16, and 17 of the Production Global Terms and Sections 13, 14, and 15 of the Non-Production Global Terms; and (b) that Ford trade secrets and confidential information will be used solely for the production of parts for Ford by DIP Holdco 3, LLC, absent Ford's prior written consent.

8. It is possible and Ford's desire that these objections and other concerns can be resolved so that Ford would be able to withdraw these objections prior to the hearing and consent to the Debtors' proposed assignment. It is not Ford's intent to

provoke the Debtors' rejection of its executory contracts with Ford. Rather, these objections are filed in order to preserve Ford's rights.

## Conclusion

For the reasons stated above and in the Original Ford Objection, Ford objects to the assumption and assignment of the executory contracts between Ford and the Debtors and requests that the Court grant such other and further relief as may be appropriate and just.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By /s/ Donald J. Hutchinson
            Jonathan S. Green (*admitted pro hac vice*)
            Donald J. Hutchinson
        150 West Jefferson Avenue, Suite 2500
        Detroit, MI 48225
        Telephone: (313) 963-6420
        Email: greenj@millercanfield.com
        Email: hutchinson@millercanfield.com

        Attorneys for Ford Motor Company

Dated: August 6, 2009

## CERTIFICATE OF SERVICE

Donald J. Hutchinson hereby certifies that, on the 6th day of August, 2009, he served a copy of the foregoing document, ***Supplemental Objection of Ford Motor Company and its Affiliates to Assumption and Assignment of Executory Contracts to Dip Holdco 3, LLC for Lack of Adequate Assurance of Future Performance*** upon each of the persons listed on the attached Exhibit A, by the service method shown on the attached Exhibit A, so as to be received by each of the persons listed on the attached Exhibit before 4:00 p.m. EDT on August 6, 2009.

Dated: August 6, 2009      By /s/ Donald J. Hutchinson
                                      Donald J. Hutchinson (MI P39545)
                                      Miller, Canfield, Paddock and Stone, P.L.C.
                                      150 West Jefferson Avenue, Suite 2500
                                      Detroit, MI 48226
                                      Telephone: (313) 963-6420
                                      Fax: (313) 496-8450
                                      Email: hutchinson@millercanfield.com

# EXHIBIT A

## SERVICE LIST

**I.     HAND-DELIVERED SERVICE:**

The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
Room 632
New York, NY 10004

Delphi Corporation
Attention: General Counsel
5725 Delphi Drive
Troy, MI 48098


**II.    E-MAIL SERVICE:**

Skadden, Arps, Slate, Meagher & Flom LLP
Attention: John Wm. Butler, Jr., John K. Lyons and Ron
 E. Meisler
155 North Wacker Drive
Chicago, IL 60606
**Email: jack.butler@skadden.com**
**Email: ron.meisler@skadden.com**
**Email: john.lyons@skadden.com**

Skadden, Arps, Slate, Meagher & Flom LLP
Attention: Kayalyn A. Marafioti and Gregory W. Fox
Four Times Square
New York, NY 10036
**Email: kayalyn.marafioti@skadden.com**
**Email: gregory.fox@skadden.com**

Office of the United States Trustee
Attention: Brian Masumoto
33 Whitehall Street, Suite 2100
New York, NY 10004
**Email: brian.masumoto@usdoj.gov**

Latham & Watkins LLP
Attention: Robert J. Rosenberg, Mark A. Broude, and
 Mitchell A. Seider

885 Third Avenue
New York, NY 10017
**Email: robert.rosenberg@lw.com**
**Email: mark.broude@lw.com**
**Email: mitchell.seider@lw.com**


David Polk & Wardell
Attention: Donald Bernstein and Brian Resnick
450 Lexington Avenue
New York, NY 10017
**Email: donald.bernstein@davispolk.com**
**Email: brian.resnick@davispolk.com**

- 3 -

Willkie Farr & Gallagher LLP
Attention: Richard Mancino and Marc Abrams
787 Seventh Avenue
New York, NY 10281
**Email: rmancino@willkie.com**
**Email: mabrams@willkie.com**

Cadwalader, Wickersham & Taft LLP
Attention: John J. Rapisardi and Oren B. Haker
One World Financial Center
New York, NY 10281
**Email: john.rapisardi@cwt.com**
**Email: oren.haker@cwt.com**

United States Department of Justice
Attention: Matthew L. Schwartz and Joseph N. Cordaro
86 Chambers Street, 3rd Floor
New York, NY 10007
**Email: matthew.schwartz@usdoj.gov**
**Email: joseph.cordaro@usdoj.gov**


Weil, Gotshal & Manges LLP
Attention: Jeffrey L. Tanenbaum and Robert J. Lemons
767 Fifth Avenue
New York, NY 10153
**Email: jeff.tanenbaum@weil.com**
**Email: robert.lemons@weil.com**