SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P.
9018 FOR ORDER AUTHORIZING DEBTORS TO FILE CERTAIN REVISED
EXHIBITS AND SCHEDULES TO MASTER DISPOSITION AGREEMENT
WITH GM COMPONENTS HOLDINGS, LLC, GENERAL MOTORS
CORPORATION, AND DIP HOLDCO 3, LLC UNDER SEAL

("MDA SEALING APPLICATION – REVISED SCHEDULES AND EXHIBITS")

By this <u>ex parte</u> application (the "Application"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") seek limited relief to protect certain sensitive information.  Specifically, the Debtors seek authority to file under seal certain exhibits and schedules to the Master Disposition Agreement (as defined in the Debtors' First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan")) with GM Components Holdings, LLC, General Motors Corporation, and DIP Holdco 3, LLC (the "Buyers," and together with the Debtors, the "Parties"), and certain agreements which are ancillary to the Master Disposition Agreement.  The exhibits, schedules, and ancillary agreements proposed to be filed under seal are identified on Attachment 1 to the proposed order submitted herewith (collectively the "Exhibits and Schedules").  In furtherance of the relief being sought, the Debtors respectfully represent as follows:

Background

A.     <u>The Chapter 11 Filings</u>

   1.     On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases.

   2.     No trustee or examiner has been appointed in the Debtors' cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.

2

3.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.   The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   Exhibits And Schedules To Parnassus MDA Previously Filed Under Seal

5.   On June 1, 2009, the Debtors, filed the (A) Supplement To Motion For Order (I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Request To Set Administrative Expense Claims Bar Date And Alternative Sale Hearing Date (Docket No. 16646).  Attached as Exhibit 1-A-1 to the Motion were exhibits to the Debtors' First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), including the Master Disposition Agreement with Parnassus Holdings II, LLC (the "Parnassus MDA").

6.   On July 9, 2009, the Court entered the Order Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 Authorizing Debtors To File Certain Exhibits And Schedules To Amended And Restated Global Settlement Agreement And Master Restructuring Agreement With GM Components Holdings, LLC, General Motors Corporation, And Parnassus Holdings II, LLC Under Seal (Docket No. 17753), which authorized the Debtors to file certain exhibits and schedules to the Parnassus MDA under seal.

    C.    <u>Revised Exhibits And Schedules To Master Disposition Agreement To Be Filed Under Seal</u>

    7.    On July 30, 2009, the Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan, including the transactions set forth in the Master Disposition Agreement. As set forth in section 14.4 of the Master Disposition Agreement, certain modifications to the exhibits and schedules already filed under seal are necessary to reflect changes since the Debtors filed the Parnassus MDA.

    8.    As was true before, the Exhibits and Schedules contain detailed descriptions of sensitive business information and other proprietary information regarding the business affairs of each of the Parties, and the relationship among the Parties, which, if publicly disclosed, could detrimentally affect the Parties. More specifically, the Exhibits and Schedules include: schedules of certain assets held by certain of the Debtors' business units, information related to new business opportunities and extensions of existing contracts, information relevant to certain pending transactions, and employee information. The Exhibits and Schedules form an integral part of the Master Disposition Agreement, and the terms of the Exhibits and Schedules have been heavily negotiated.

<u>Relief Requested</u>

    9.    By this Application, the Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Debtors to file the Exhibits and Schedules under seal.

Basis For Relief

10.     The Exhibits and Schedules contain highly sensitive information which, if publicly disclosed, could detrimentally affect the Parties.  The Exhibits and Schedules contain detailed proprietary information describing the business affairs of each of the Parties, and the relationships among the Parties, which the Debtors believe to be information of a type that is not typically disclosed to the public or made available in the automotive industry.  Because information of this type is usually a well-guarded secret, the disclosure of such information would put the Parties at a disadvantage vis-à-vis their respective competitors in this extremely competitive industry.  In light of the sensitive nature of the subject matter of the Exhibits and Schedules, section 14.22 of the Master Disposition Agreement provides that the Parties will use commercially reasonable efforts to obtain an order of this Court approving the relief requested herein.  Thus, the Master Disposition Agreement itself reflects that it is of the utmost importance to the Debtors and the Buyers that the sensitive terms of the Exhibits and Schedules be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage over the Debtors or the Buyers in the marketplace.

11.     Additionally, disclosure of the terms contained in the Exhibits and Schedules is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) the Modification Approval Order already authorizes the Debtors to enter into the Master Disposition Agreement and (b) the Debtors are prepared to provide complete copies of the Exhibits and Schedules to (i) the U.S. Trustee, (ii) counsel to the official committee of unsecured creditors, and (iii) such other parties as may be ordered by this Court after imposition of appropriate confidentiality provisions or as may be agreed to in writing by the Debtors and the Buyers.

12. After evaluating whether they could effectively redact the Exhibits and Schedules, the Parties concluded that redaction was not appropriate because the amount of redaction required would not permit parties-in-interest to conduct a meaningful review of the Exhibits and Schedules.  In addition, the Parties believe that heavily redacted versions of the Exhibits and Schedules could be misleading.  Accordingly, the Debtors and the Buyers believe that filing redacted versions of the Exhibits and Schedules would not serve the interests of the Debtors' estates or other parties-in-interest.

<u>Applicable Authority</u>

13. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 defines the procedures by which a party may seek relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

15. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information."  <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause."

Id. at 28.  The Bankruptcy Court  "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)."  In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

16. Here, there is good cause for the relief requested.  The Exhibits and Schedules contain sensitive commercial and financial information, the disclosure of which would be harmful to the Parties.  Such information qualifies as "[confidential research, development, or] commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Debtors to file the Exhibits and Schedules with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the Exhibits under seal.

17. No prior application for the relief requested herein has been made to this or any other Court.

Notice Of Application

18. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Debtors will serve a copy of this Application in the manner and upon the parties set forth in the  Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and

7

Administrative Procedures, entered May 1, 2009 (Docket No. 16589).  The Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1)(B) so that the Debtors may promptly file the Exhibits and Schedules under seal.

WHEREFORE the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to file the Exhibits and Schedules under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
         August 7, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

By:  /s John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

         - and -

By:  /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession