Hearing Date and Time: August 20, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: August 17, 2009 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
         In re                            :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
         Debtors.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EXPEDITED MOTION UNDER 11 U.S.C. § 363 AND FED R. BANKR. P.
9019 FOR APPROVAL OF DEBTORS' COMPROMISE AND
SETTLEMENT WITH SHINWA INTERNATIONAL HOLDINGS, LTD. f/k/a
SHINWA CO., LTD., AND SAMTECH CORPORATION

("SHINWA SETTLEMENT MOTION")

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this expedited motion (the "Motion") under 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019 for entry of an order approving the Debtors' compromise and settlement with Shinwa International Holdings, Ltd. f/k/a Shinwa Co., Ltd., and Samtech Corporation (together, "Shinwa") in connection with a lawsuit currently pending in the United States District Court for the Southern District of Indiana styled <u>Delphi Automotive Systems, LLP f/k/a Delphi Delco Electronics System v. Defendant Shinwa International Holdings, Ltd. f/k/a Shinwa Co., Ltd., et al.</u>, Civil Action No. 1:07 cv 0811-SEB-JMS (the "Lawsuit").  In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.   The Lawsuit originated from a warranty dispute between the Debtors and Shinwa in connection with certain CD player components that Shinwa supplied to the Debtors. The Debtors used the Shinwa components in equipment that the Debtors sold to General Motors Corporation ("GM") and other original equipment manufacturers.  GM received warranty claims from its retail customers and, in turn, demanded restitution from the Debtors because certain CD players containing the Shinwa components (the "CD Players") were defective.  As a result, the Debtors sought warranty payments from Shinwa.  After Shinwa refused to make payments on the warranty claims, the Debtors filed the Lawsuit asserting approximately $15 million in damages.

2.   Since filing the Lawsuit, GM and the Debtors entered into (i) the Warranty Settlement Agreement executed August 14, 2007, pursuant to which GM agreed to waive and release its warranty claims against the Debtors related to the CD Players, and (ii) the Amended and Restated Global Settlement Agreement, executed September 12, 2008.  As a result of these settlements with GM and other developments since filing the Lawsuit, the Debtors now have a

much lower expectation of their likely recovery in the litigation.  Accordingly, the Debtors and Shinwa have agreed to the settlement described below.

Relief Requested

3.  By this Motion, the Debtors seek entry of an order under Bankruptcy Code section 363(b) and Bankruptcy Rule 9019 authorizing the Debtors to enter into a compromise and settlement (the "Settlement") with Shinwa, upon substantially the following terms in complete and final resolution and settlement of the Lawsuit:

(a) the Debtors will reactivate Shinwa on the Debtors' global supplier list as an eligible supplier for award of business by the Debtors within fourteen days after the Settlement is executed by both Shinwa and the Debtors;

(b) Shinwa will pay the Debtors $300,000.00 within fourteen days after the Settlement is executed by both Shinwa and the Debtors;

(c) Shinwa will release and waive any prepetition claims against the Debtors within fourteen days after the Settlement is executed by both Shinwa and the Debtors; and

(d) the Debtors and Shinwa, and each of their successors and assigns will release, relinquish, and discharge any and all claims against each other related to the Lawsuit.

Basis For Relief

4.  In the Debtors' business judgment, the Settlement is in the best interests of the Debtors and their estates.  If the Debtors continue to pursue the Lawsuit, there is a risk that the Debtors' ultimate recovery may be less than the consideration provided in the Settlement.  Moreover, there is no guarantee that the Debtors ultimately will prevail in the Lawsuit.  By entering into the Settlement, the Debtors could avoid the inherent risks of litigating the Lawsuit

3

and any subsequent appeals.  Additionally, the Debtors could avoid the attendant costs and expenses, including attorneys' fees, associated with protracted litigation.

        5.      It is the Debtors' position that approval by this Court is not required for the Debtors to enter into the Settlement.  The Debtors are authorized to enter into the Settlement without Court approval pursuant to the Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) (the "Settlement Procedures Order"), entered June 29, 2006, because the amount of the Settlement falls below certain monetary thresholds set forth in the Settlement Procedures Order and the Debtors are not otherwise required to seek Court approval.[1]  Nevertheless, out of an abundance of caution, Shinwa has requested that the Debtors seek Court approval of the Settlement.

Applicable Authority

B.      <u>The Debtors Have Exercised Sound Business Judgment</u>

        6.      Section 363(b)(1) of the Bankruptcy Code permits a debtor-in-possession to use property of the estate "other than in the ordinary course of business" after notice and a hearing.  11 U.S.C. § 363(b)(1).  Use of estate property outside the ordinary course of business is allowed if the debtor demonstrates a sound business justification for it.  <u>See</u>, <u>e.g.</u>, <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983) (business judgment rule requires finding that good

---

[1] Additionally, Debtors believe that prosecuting, defending, and settling warranty claims are ordinary-course actions that may fall within the parameters of the Order Under 11 U.S.C. §§ 105(a), 363, 1107, And 1108 Authorizing Debtors To Honor Prepetition Obligations To Customers And Otherwise Continue Customer Programs In The Ordinary Course Of Business (Docket No. 221) (the "Customer Programs Order") entered October 14, 2005, which authorized the Debtors to continue operating in the ordinary course with respect to certain programs.  But if the Court grants the relief sought in this Motion, any question of whether the Settlement was entered in the ordinary course will be moot.

4

business reason exists to grant debtor's application under section 363(b)); In re Del. Hudson Ry. Co., 124 B.R. 169, 179 (Bankr. D. Del. 1991).

       7.      The Second Circuit has held that, although the bankruptcy court sits as an "overseer of the wisdom with which the bankruptcy estate's property is being managed by the . . . debtor-in-possession," it must resist becoming "arbiter of disputes between creditors and the estate." In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993). The Court's consideration of a debtor's section 363(b) motion is a summary proceeding, intended as a means to "efficiently review the . . . debtor's decision[s] . . . in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial." Orion Pictures, 4 F.3d at 1098-99.

       8.      Once the debtor articulates a valid business justification, a presumption arises that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). Thereafter, "[p]arties opposing the proposed exercise of a debtor's business judgment have the burden of rebutting the presumption of validity." Id. To satisfy its burden, an objector must "produce some evidence respecting its objections." Lionel, 722 F.2d at 1071.

       9.      As a rule, a debtor's business judgment "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" In re Aerovox, Inc., 269 B.R. 74, 81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991)).

10.     As set forth above, the Debtors have a sound business justification for reaching the compromise and settlement with Shinwa as described herein.  The Settlement is necessary to avoid the costs and risks associated with litigating the Lawsuit and any subsequent appeals.  Moreover, the Debtors negotiated the Settlement with Shinwa at arm's length and in good faith.

C.     The Court Should Approve The Settlement

11.     Bankruptcy Rule 9019 provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a).  Settlements and compromises are "a normal part of the process of reorganization," Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. L.A. Lumber Prods. Co., 308 U.S. 106, 130 (1939)); see also In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (decision to accept or reject settlement lies within sound discretion of bankruptcy court), adhered to on reconsideration, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

12.     Approval of a compromise under Bankruptcy Rule 9019(a) is appropriate when the compromise is fair and equitable and is in the best interests of a debtor's estate.  See, e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia Commc'ns, 327 B.R. at 159 ("The settlement need not be the best that the debtor could have obtained.  Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'") (citations omitted) (quoting In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)); Nellis v. Shugrue, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.").  In general, compromises in the bankruptcy context should be approved unless they "'fall below the lowest point in the range of reasonableness.'" Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983).

13. The Supreme Court in TMT Trailer Ferry set forth the following factors that courts should consider in determining whether a proposed settlement or compromise is in the best interests of a debtor's estate: (a) the probability of the debtor's success in the litigation, (b) the difficulties associated with collection, (c) the complexity of the litigation, and the attendant expense, inconvenience, and delay, and (d) the paramount interests of the estate's creditors. TMT Trailer Ferry, 390 U.S. at 424-25; see also Nellis, 165 B.R. at 122; Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002).

14. Courts in this district have further elaborated on these factors to consider: (a) the balance between the likelihood of plaintiff's or defendants' success should the case go to trial vis-à-vis the concrete present and future benefits held forth by the settlement without the expense and delay of a trial and subsequent appellate procedures, (b) the prospect of complex and protracted litigation if the settlement is not approved, (c) the proportion of the class members who do not object or who affirmatively support the proposed settlement, (d) the competency and experience of counsel who support the settlement, (e) the relative benefits to be received by individuals or groups within the class, (f) the nature and breadth of releases to be obtained by the directors and officers as a result of the settlement, and (g) the extent to which the settlement is truly the product of arm's-length bargaining, and not of fraud or collusion. Adelphia Commc'ns, 327 B.R. at 159-60; accord In re Texaco Inc., 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

15. The bankruptcy court need not determine that all of the foregoing criteria favor approval of a compromise, and the proposed compromise need not be the best agreement that the debtor could have achieved under the circumstances. See Adelphia Commc'ns, 327 B.R. at 159-60; Penn Cent., 596 F.2d at 1114. Instead, the court's proper "role is to determine whether the settlement as a whole is fair and equitable," In re Lee Way Holding Co., 120 B.R. 881, 890

7

05-44481-rdd    Doc 18770    Filed 08/10/09    Entered 08/10/09 19:29:35    Main Document
Pg 8 of 9

(Bankr. S.D. Ohio 1990), and falls "'within the reasonable range of litigation possibilities.'"  In re Telesphere Commc'ns, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).  To that end, courts should not substitute their own judgment for that of the debtor, but rather should "'canvass the issues'" to affirm that the proposed settlement falls above "'the lowest point in the range of reasonableness.'"  Adelphia Commc'ns, 327 B.R. at 159 (quoting W.T. Grant Co., 699 F.2d at 608); accord Airline Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd sub nom. Sobchack v. Am. Nat'l Bank & Trust Co., 17 F.3d 600 (2d Cir. 1994).

        16.     The Settlement should be authorized under Bankruptcy Rule 9019(a) because the settlement terms are fair and equitable, fall well within the range of reasonableness, and are in the best interests of the Debtors and their estates.  The Settlement will allow the Debtors to avoid litigation risks and potential expenses associated with litigating the Lawsuit.  For these reasons, the Settlement serves the best interests of the Debtors' estates and will maximize value for all stakeholders.

Notice Of Motion

        17.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered May 1, 2009 (Docket No. 16589).  Furthermore, the Debtors have complied with the Supplemental Case Management Order with respect to the filing of this

Motion and the need for expedited relief.[2]  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully request that this Court enter an order (i) authorizing, but not directing, the Debtors to compromise and settle with Shinwa as described herein and (ii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
August 10, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    Ron E. Meisler
155 North Wacker Drive, Suite 2700
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

---

[2]  The Debtors have noticed this Motion for hearing on August 20, 2009.  In compliance with the terms of the Supplemental Case Management Order, the Debtors have consulted with counsel to the Creditors' Committee regarding the relief sought in this Motion as well as the timing of its filing.  The Creditors' Committee has consented to this Motion's being heard on August 20, 2009.  Because this Motion is being filed on fewer than 20 days' notice, parties-in-interest will have until August 17, 2009 to file an objection to this Motion.

9