Ref. Docket No. 18715
Hearing: August 20, 2009, 10:00 a.m.

BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
David M. Powlen
Michael K. McCrory
Mark R. Owens

*Attorneys for Howard County, Indiana*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481(RDD) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION TO MOTION OF DEBTORS RELATED TO ADMINISTRATIVE CLAIMS PROCEDURES AND REQUEST FOR ALLOWANCE AND PAYMENT OF TAX INSTALLMENT AS ADMINISTRATIVE CLAIM BY HOWARD COUNTY, INDIANA**

Howard County, Indiana ("HCI" or the "County"), by counsel, hereby submits this limited objection to the "Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) … Authorizing Debtors to Apply Claims Objection Procedures to Administrative Expense Claims" filed on July 31, 2009 [docket no. 18715] (the "Administrative Claims Motion") and requests recognition or provision of arrangements for timely allowance and/or payment of an administrative claim for certain taxes due and owing on November 10, 2009.  In support of this objection and request, HCI states (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Administrative Claims Motion):

1.    In accordance with the requirements of paragraphs 38-41 of the Modification Procedures Order and a related Notice of Bar Date for Filing Proofs of Administrative Expense

1

dated June 16, 2009, the County filed on July 14, 2009, with the claims agent for the Debtors (Kurtzman Carson Consultants LLC) an Administrative Expense Claim Form [Claim no. 18629][1], evidencing administrative claims for certain taxes incurred by the Debtors after the commencement of their respective Chapter 11 cases and prior to June 1, 2009.

2. As more particularly set forth in the County's Administrative Expense Claim Form and exhibits thereto, on or as of March 1, 2008, assessments were made and the Debtors incurred an obligation to pay taxes (the "2008 Assessment") in the total amount of $7,538,386.06 to HCI with respect to certain real and personal property owned by the Debtors which is described in the DIP Lender – GM Master Disposition Agreement (hereinafter the "MDA"[2]) as the manufacturing facilities, the Cuneo Warehouse, the technical center and associated personal property located in the City of Kokomo, Howard County, Indiana[3] (collectively, the "Kokomo Facilities").

3. The tax obligation of the Debtors based upon the 2008 Assessment related to the real and personal property included within the Kokomo Facilities became payable by the Debtors under applicable Indiana law (Ind. Code §§ 6-1.1-22-8.1 and 6-1.1-22-9, respectively) in two equal semi-annual installments in the year 2009. The first installment in the amount of $3,769,193.03 already became due on June 19, 2009 (the "Spring 2009 Tax Installment"). The second installment in the amount of $3,769,193.03 will become due on November 10, 2009 (the "Fall 2009 Tax Installment").[4]

4. The Spring 2009 Tax Installment was timely paid by the Debtors, without protest or deduction of any kind. Accordingly, since the Fall 2009 Tax Installment is simply the second of

---

[1] A copy of the County's Administrative Expense Claim Form may be requested from the claims agent or the undersigned counsel for the County.
[2] References herein to the MDA shall mean the version that accompanied the "Notice of Filing Modifications to Master Disposition Agreement" filed on August 7, 2009 [docket no. 18760].
[3] See the descriptions and definitions of GM Acquired Assets, GM Business and UAW Sites in the MDA.
[4] As more particularly set forth therein, the County's Administrative Expense Claim Form includes other and further claims for real and personal property taxes based upon assessments made and obligations incurred by the Debtors on or as of March 1, 2009, which currently are in estimated amounts that will become fixed and then shall become due and payable in spring and fall installments during 2010. Nothing herein is intended to waive, relinquish or alter those claims in any manner, and the County hereby reserves the right separately to seek and obtain allowance of and/or payment on those claims at any later time.

2

two identical installments that relate to and were incurred in connection with the same 2008 Assessment, there can be no sound or good-faith basis for the amount of the installment to be questioned or subject to objection.

5. Upon the closing of the transactions contemplated by the MDA and after the Effective Date of the Modified Plan which was approved and confirmed by the Bankruptcy Court's Order dated July 30, 2009 [docket no. 18707] (the "Plan Modification Order"), GM Components[5] is expected to be the purchaser and owner of the GM Acquired Assets (as defined in the MDA), which will include all or substantially all of the Kokomo Facilities.

6. Section 2.2.1(A) on page 34 of the MDA provides that GM Components "will assume" ("subject to the terms and conditions set forth" in the MDA) the "Assumed Administrative Liabilities with respect to the GM Acquired Assets."

7. The Assumed Administrative Liabilities are defined in Section 1.1 on page 4 of the MDA to include "the Administrative Claims … with respect to the categories set forth in Schedule 1.1.A" of the MDA (which Schedule has been filed under seal as requested by the Debtors in an Application filed on August 7, 2009 [docket no. 18761], and pursuant to an Order dated August 10, 2009 [docket no. 18765]).

8. In turn, "Administrative Claims" are defined in Section 1.1 on pages 3-4 of the MDA to constitute "a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code, including but not limited to … the actual, necessary costs and expenses, incurred on or after the Petition Date, of preserving the estates and operating the business of [the Debtors]…."

9. The Fall 2009 Tax Installment in the amount of $3,769,193.03 is encompassed by the definition of Administrative Claims under the MDA and would be included within the

---

[5] References herein to GM Components (the name used in the Administrative Claims Motion) shall also hereby include any other affiliate of GM that may become a GM Buyer under the MDA and that purchases and becomes owner of all or any part of the Kokomo Facilities.

3

Assumed Administrative Liabilities to be assumed and paid by GM Components upon its acquisition of the Kokomo Facilities and other GM Acquired Assets pursuant to the MDA.

10. In paragraph 18 of the Administrative Claims Motion, it is recognized that "[u]nder the Modified Plan, certain Administrative Claims, such as payroll and trade claims not yet due under customary trade terms, will be assumed by … GM Components pursuant to the [MDA] and will be subsequently paid in the ordinary course of business." HCI respectfully states that, under the circumstances, the Fall 2009 Tax Installment may and should also be treated as such a claim to be paid in the "ordinary course."

11. Under the terms, conditions and other provisions of the MDA which are within the publicly-available records of the Debtors' cases, timely payment of the Fall 2009 Tax Installment to HCI does not appear to be conditioned upon or subject to its corresponding Administrative Claim being specifically "allowed"[6] or otherwise approved in advance by the Bankruptcy Court for payment.[7]

12. However, in the last sentence of paragraph 18 of the Administrative Claims Motion, there is the following statement: "No payments will be made on account of any Administrative Claim until the Claim is allowed." Paragraph 21 of the Administrative Claims Motion also cites to Sections 10.2 and 10.5 of the Modified Plan and indicates that, "[u]nless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Post-Emergence Bar Date, such Administrative Claim will be deemed allowed in the amount requested." In addition, Section 2.1 of the Modified Plan provides in pertinent part that, "[s]ubject to the Master Disposition Agreement and the provisions of Article X of the Plan," payment on an

---

[6] Instead, within the definition and general description of various types of Administrative Claims contained in Section 1.1 on pages 3-4 of the MDA, there is only one reference to "allowed claims," which relates to certain reclamation rights that are to be accorded administrative expense status under Section 546(c)(2)(A) of the Bankruptcy Code.

[7] This arrangement under the MDA seems to be reflected in paragraph 64(d) on page 86 of the Plan Modification Order, which provides that the Debtors generally "shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such Claims are forever barred and estopped from asserting such Claims against the Debtors," and instead GM Components (and other "Purchasing Entities") shall be responsible for such liabilities "to the extent set forth in the MDA Documents."

4

Administrative Claim may not be made until the later of (a) the date it "becomes an Allowed Administrative Claim," or (b) the date it "becomes payable pursuant to an agreement between a Debtor (or a Reorganized Debtor) and the holder of such Administrative Claim…." Finally, paragraph 3 of the proposed Order accompanying the Administrative Claims Motion would provide that "[a]ll Administrative Claims shall be subject to the Claims Objection Procedures."

13. The implication of the statements and provisions described in the foregoing paragraph could be that, unless HCI were to request clarification or seek other relief, no payment may possibly be made on the Fall 2009 Tax Installment due to HCI until some time after expiration of the period during which the Debtors[8] may object to the allowance of HCI's corresponding Administrative Claim.[9] Since the Effective Date of the Modified Plan is not expected to occur until later this month at the earliest and may not occur until sometime in September – and therefore the Post-Emergence Bar Date will not be set until September-October, after which date the 180-day period for objecting to Administrative Claims under the Modified Plan would only then begin to run – HCI might otherwise be delayed in receiving payment of the Fall 2009 Tax Installment until sometime in March-April, 2010, at the earliest.

14. While the Administrative Claims Motion has a salutary purpose of seeking to establish arrangements "to address disputed Administrative Claims" (paragraph 23 of the Motion, with emphasis added) through the utilization of certain proposed Claims Objections Procedures, it does not offer any specific procedure for the allowance and/or payment on a timely basis of Administrative Claims, such as HCI's Fall 2009 Tax Installment, which are liquidated sums and cannot be disputed in good faith by the Debtors.

---

[8] All references herein to the Debtors shall also include or alternatively mean the Reorganized Debtors or DPH Holdings Co., as applicable or appropriate.

[9] However, if the Fall 2009 Tax Installment is not paid by the due date of November 10, 2009, the County reserves the right to assess and collect any resulting penalties and additional sums as appropriate, including allowance and payment of such penalties and sums as administrative expenses of the Debtors' estates in accordance with Section 503(b)(1)(C) of the Bankruptcy Code. In addition, notwithstanding any statement or argument contained herein that could possibly be construed to the contrary, the County hereby reserves any and all rights that it may have to assert a claim directly against GM Components for payment of the Fall 2009 Tax Installment, and to seek to collect from GM Components any penalties or additional sums that may properly be collected if such installment is not timely paid by the due date.

5

15. Pursuant to paragraph 3[10] of the Plan Modification Order and Article XIII[11] of the Modified Plan, the Bankruptcy Court may and should determine and declare that, upon closing of the transactions contemplated by the MDA and after the Effective Date of the Modified Plan, GM Components will have assumed and be obligated to pay the Fall 2009 Tax Installment in the ordinary course of business on or before November 10, 2009, and without any requirement that prior thereto any corresponding claim of HCI must have become an Allowed Administrative Claim under the terms of the Modified Plan.

16. Alternatively, HCI is entitled to allowance of the amount of the Fall 2009 Tax Installment as an administrative expense pursuant to Section 503(b)(1)(B)(i) of the Bankruptcy Code, and payment of such expense on or before November 10, 2009, in accordance with Section 503(a) of the Bankruptcy Code and part (j) of Article XIII of the Modified Plan.

17. In addition, Section 10.2 of the Modified Plan permits the Debtors to "settle" an Administrative Claim request, which settlement may even specifically be accomplished "without further Bankruptcy Court approval." Given the circumstances, as a further alternative form of relief in favor of HCI, under Section 105(a) of the Bankruptcy Code, Sections 2.1 and 10.2 of the Modified Plan, and parts (e) and (j) of Article XIII of the Modified Plan, the Bankruptcy Court may and should authorize and direct the Debtors to enter into an agreement with HCI related to, and therefore "settle" on, the allowance and payment of the full amount of the Fall 2009 Tax Installment before its due date of November 10, 2009.

---

[10] Paragraph 3 on page 41 of the Plan Modification Order provides in pertinent part:
[I]f there is determined to be any inconsistency between the Modified Plan and this order that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this order shall govern; provided further, that if there is determined to be any material inconsistency between the Master Disposition Agreement and this order, and the restatement of any Modified Plan provisions in this order, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Master Disposition Agreement shall govern….

[11] Part (g) of Article XIII of the Modified Plan states that the Bankruptcy Court retains jurisdiction "to issue orders in aid of execution, implementation or consummation of this Plan." Part (k) of the same Article also provides that the Bankruptcy Court may "hear and determine disputes arising in connection with the interpretation, implementation or enforcement of this Plan[,] the Confirmation Order, or the Modification Approval Order, including disputes arising under agreements, documents, or instruments executed in connection with this Plan."

6

18.     Regardless of the specific means or path by which payment of the Fall 2009 Tax Installment may or should occur, it is very important to the County – and in turn the sub-units of government that receive such taxes and operate public schools, provide fire and police protection, and deliver other services to the citizens of the County – that such payment be timely made on or before its due date of November 10, 2009.

19.     Because the legal points and analysis upon which this Limited Objection is based are set forth herein and do not represent novel theories of law, HCI respectfully requests that the requirement of service and filing of a separate memorandum of law under Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied or waived.

WHEREFORE, Howard County, Indiana, by counsel, respectfully:

(I)    Objects to the form of any order with respect to the Administrative Claims Motion that does not accommodate and provide for the Fall 2009 Tax Installment in the amount of $3,769,193.03 to be paid by GM Components, as an item included within the Assumed Administrative Liabilities under the MDA, on or before November 10, 2009, if a closing of the transactions contemplated by the MDA and the Effective Date of the Modified Plan have occurred (and without the County's corresponding claim being required to constitute an Allowed Administrative Claim under the Modified Plan);

(II)    Requests that its claim related to the Fall 2009 Tax Installment be (A) determined and declared to constitute an Allowed Administrative Claim under the Modified Plan and required to be paid by the Debtors or GM Components, as appropriate, on or before November 10, 2009, if a closing of the transactions under the MDA and the Effective Date of the Modified Plan have occurred or (B) found to constitute an administrative expense of the Debtors to be paid on or before November 10, 2009, if a closing of the transactions under the MDA and the Effective Date of the Modified Plan have not occurred; and

      (III)    Requests that the Bankruptcy Court grant to HCI such other and further relief as may be just and proper.

Dated: August 12, 2009                    Respecfully submitted,

                                            /s/ David M. Powlen
                                            David M. Powlen
                                            Michael K. McCrory
                                            Mark R. Owens
                                            BARNES & THORNBURG LLP
                                            11 South Meridian Street
                                            Indianapolis, IN 46204
                                            Phone: (317) 236-1313
                                            Facsimile: (317) 231-7433
                                            E-Mail: david.powlen@btlaw.com
                                            E-Mail: mmccrory@btlaw.com
                                            E-Mail: mowens@btlaw.com

                                            *Attorneys for Howard County, Indiana*

INDS01 DPOWLEN 1143225v1

8