DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: 212-692-1000
Gerard S. Catalanello, Esq.
James J. Vincequerra, Esq.

and

Paul D. Moore, Esq.
Jeffrey D. Sternklar, Esq.
Kara M. Zaleskas, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210-2600
Telephone: 857-488-4200

*Counsel to Plymouth Rubber Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF PLYMOUTH RUBBER COMPANY, LLC TO DEBTORS' MOTION FOR AUTHORITY TO APPLY CLAIMS OBJECTION PROCEDURES TO ADMINISTRATIVE EXPENSE CLAIMS**

Plymouth Rubber Company, LLC ("Plymouth Rubber"), by and through its counsel, hereby objects, on a limited basis, to the *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) for Order Authorizing Debtors to Apply Claims Objection Procedures to Administrative Expense Claims*, Docket No. 18715 (the "Procedures Motion")[1] filed by the above-captioned debtors (collectively, the "Debtors"). By the Procedures Motion, the Debtors seek the entry of an order by this Court providing, *inter alia*, "that all Administrative Claims should be subject to the Claims

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Procedures Motion.

Objection Procedures." *Id*., at ¶ 23. Plymouth Rubber objects to the application of the Claims Objection Procedures as to its administrative claim (the "Plymouth Rubber Administrative Claim"). The adjudication of liability and fixing of the amount of damages of Plymouth Rubber's post-petition counterclaims against Delphi Automotive Systems, LLC ("Delphi Automotive") are currently pending before a Michigan state court (the "Michigan Action") and the United States District Court for the District of Massachusetts (the "Massachusetts Action, and collectively with the Michigan Action, the "Actions"). Indeed, as more fully set forth in the *Motion of Plymouth Rubber Company, LLC for Order Deeming Administrative Claim of Plymouth Rubber Company, LLC Timely Filed and for Related Relief*, Docket No. 18714 (the "Plymouth Rubber Motion"),[2] Delphi Automotive initiated the Michigan Action against Plymouth Rubber, thereby itself selecting a non-bankruptcy forum for the adjudication process relating to Plymouth Rubber's claims.[3] Accordingly, the Plymouth Rubber Administrative Claim should be excepted from the scope of the Claims Objection Procedures, as to permit otherwise would be tantamount to allowing Delphi Automotive to "forum shop" at considerable time and expense to Plymouth Rubber, who has defended against Delphi Automotive's claims, and pursued its own claims, in the Actions for more than eight months.

In support of this limited objection (this "Objection"), Plymouth Rubber respectfully states as follows:

---

[2] The Plymouth Rubber Motion provides a more detailed description of the history between Plymouth Rubber and Delphi Automotive and the events giving rise to their respective claims against one another. To the extent applicable, Plymouth Rubber expressly incorporates by reference the facts and arguments raised in the Plymouth Rubber Motion as if fully restated herein.

[3] Delphi Automotive moved to dismiss Plymouth Rubber's counterclaims in the Massachusetts Action on the grounds, *inter alia*, that the court lacks subject matter jurisdiction and that a forum selection clause which designated Michigan as the proper forum for adjudicating disputes arising from the contract should be enforced with respect to Plymouth Rubber's tort claims against Delphi Automotive. Plymouth Rubber filed an opposition to the dismissal motion, and the parties argued their respective positions before the Massachusetts court on June 25, 2009 and are awaiting its decision. Importantly, nowhere in Delphi Automotive's pleadings, or in its arguments before the Massachusetts court, did Delphi Automotive advocate that this Court is the proper forum for adjudicating the parties' respective claims and counterclaims.

2

**I. BACKGROUND**

   ***A.   Overview Of Events Giving Rise To The Plymouth Rubber Administrative Claim.***

   1.   On October 8, 2005 and October 14, 2005 (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

   2.   On or around January 30, 2008, less than one week after this Court entered the Confirmation Order relating to the *First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In- Possession*, Docket No. 11386) (as subsequently modified on January 25, 2008, the "Plan"), Delphi Automotive and Plymouth Rubber entered into a contract (the "2008 Purchase Order") pursuant to which Delphi Automotive agreed to purchase certain of its products (the "Delphi Products") exclusively from Plymouth Rubber. The 2008 Purchase Order was effective from January 1, 2008 (retroactive) through and including December 31, 2008 unless terminated pursuant to the terms thereof.

   3.   Thereafter, a series of disputes arose between Delphi Automotive and Plymouth Rubber regarding, among other things, alleged defects of the Delphi Products, pricing, and supply obligations.

   4.   In or around May, 2008, Delphi Automotive and Plymouth Yongle Tape (Shanghai) Co., Ltd. ("Yongle"), a company which was prohibited from selling, among other products, the Delphi Products within the Western Hemisphere, commenced discussions regarding displacing Plymouth Rubber as Delphi Automotive's exclusive supplier. Thereafter, Delphi Automotive purported to terminate the 2008 Purchase Order and contracted directly with Yongle to supply the Delphi Products. *See*, *e.g.*, *Plymouth Rubber Company, LLC's Amended Answer and Counterclaim to Amended Complaint*, Case No. 08-11599, Docket No. 15 (D. Mass. Nov. 25, 2008) (the "Mass. Counterclaim"), at 14. The activities of Yongle and Delphi Automotive constituted breaches of their respective obligations to Plymouth Rubber as well as commercial torts, the effect of which caused Plymouth Rubber substantial damage.

### B. The Post-Confirmation Litigation Concerning Plymouth Rubber's Claims Against Delphi Automotive.

5. On or around September 12, 2008, Delphi Automotive commenced an action against Plymouth Rubber in the Circuit Court for the County of Oakland, State of Michigan, Case No. 08-094507-CK (herein referred to as the Michigan Action). On or around December 8, 2008, Plymouth Rubber filed the *Defendant's Answer, Affirmative Defenses, Counterclaim and Jury Demand*, in which it asserted counterclaims against Delphi Automotive, seeking an award of damages, legal fees and other costs, arising on account of its alleged contractual breaches of the 2008 Purchase Order.[4]

6. On September 18, 2008, Yongle commenced an action against Plymouth Rubber in the United States District Court for the District of Massachusetts, Case No. 08-11599-JGD (herein referred to as the Massachusetts Action). In the Massachusetts Action, Plymouth Rubber asserted counterclaims against both Yongle and Delphi Automotive for various torts that they committed against Plymouth Rubber stemming from the transactions which occurred beginning in May, 2008.

7. For the sake of efficiency and convenience, Yongle, Delphi Automotive and Plymouth Rubber (collectively, the "Parties") agreed to consolidate all of the claims and counterclaims in the Actions for the limited purpose of mediation. On July 20, 2009, the Parties attended a mediation session in New York, New York. Although the Parties were unable to resolve their disputes and reach a settlement, the Parties agreed generally to continue the session until a later date, while the Parties attempted to exchange financial and related information in order to assist in the mediation process.

---

[4] Plymouth Rubber's claims against Delphi Automotive are not subject to the provisions of § 362(a) of the Bankruptcy Code, as they indisputably arise post-petition and post-confirmation. *See*, *e.g.*, 3 COLLIER ON BANKRUPTCY ¶ 362.03[3][c] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007) ("Actions on claims that arise after the commencement of the case are not stayed. Such a stay would discourage others from dealing with the trustee or debtor in possession.")

### C. The Administrative Expense Claims Bar Date.

8. On or around June 1, 2009, the Debtors filed the *(A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (As Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request to Set Administrative Claims Bar Date and Alternative Sale Hearing Date*, Docket No. 16646 (the "Supplemental Modifications Motion").  Pursuant to the Supplemental Modifications Motion, the Debtors sought to establish an administrative claims bar date which conflicted with the terms of the Plan and the Confirmation Order.

9. This Court approved the Supplemental Modifications Motion and entered an order which purported to establish July 15, 2009 at the Administrative Expense Claims Bar Date.  For the reasons discussed in the Plymouth Rubber Motion, Plymouth was unable to file its administrative claim form with Kurtzman Carson Consultants on or before July 15, 2009.

10. Plymouth Rubber contests that the Administrative Claims Bar Date applied to its claims because, pursuant to the Plan, and at all times relevant to this Court's entry of Plan Modification Order, it held an Allowed Administrative Claim because its counterclaims arose from "liabilities incurred by the Debtors in the ordinary course of business during the Chapter 11 Cases." Plan, § 2.1.  Accordingly, the Plan entitled Plymouth Rubber the right to receive payment on account of the Plymouth Rubber Administrative Claim in the ordinary course of business, *i.e.*, upon entry of final judgments against Delphi Automotive in the Actions.

11. Notwithstanding the foregoing, on July 30, 2009, Plymouth Rubber filed an administrative claim form with Kurtzman Carson Consultants asserting its unliquidated administrative claim against Delphi Automotive.  Pursuant to the Plymouth Rubber Administrative Claim, a copy of which is attached as Exhibit A to the Plymouth Rubber Motion, Plymouth Rubber expressly reserved "the right to challenge the jurisdiction of [this] Court to hear or adjudicate any and

5
DM3\1106660.2

all matters relating to [the] Administrative Claim.  Nothing [therein] shall be deemed: (i) a consent to jurisdiction of this Court over the Administrative Claim and the matters raised in the Actions; and/or (ii) a waiver of Plymouth Rubber's rights to seek abstention or otherwise to seek a jury trial of the disputes raised in the Actions."

12.     On July 31, 2009, upon confirmation from the Debtors that they would not reconsider their position regarding the applicability of the Administrative Expense Claims Bar Date to the Plymouth Rubber Administrative Claim and that they would not waive challenges to the Plymouth Rubber Administrative Claim on procedural timeliness grounds, Plymouth Rubber filed the Plymouth Rubber Motion.

13.     On July 31, 2009, the Debtors filed the Procedures Motion pursuant to which the Debtors seek to implement the Claims Objection Procedures with respect to *all* Administrative Claims, even Administrative Claims (like the Plymouth Rubber Administrative Claim) that are currently being adjudicated before other courts.

## II.     BASIS FOR LIMITED OBJECTION.

14.     Plymouth Rubber objects to the application of the Claims Objection Procedures to the Plymouth Rubber Administrative Claim.  Adjudication of the Plymouth Rubber Administrative Claim is pending, and has been pending for over eight months, in the Actions.  Delphi Automotive selected Michigan state court to address the contractual disputes between Delphi Automotive and Plymouth Rubber, and Yongle selected Massachusetts federal district court to address the other claims, which triggered Plymouth Rubber's compulsory counterclaims against Delphi Automotive in the Massachusetts Action.  Indeed, Plymouth Rubber is the only party in the Actions that had no choice where to pursue its claims against Delphi Automotive and Yongle.

DM3\1106660.2

15. Importantly, Delphi Automotive has never asserted that this Court should exercise jurisdiction over the disputes raised in the Actions.[5] In the Massachusetts Action, Delphi Automotive advocated for the jurisdiction of the Michigan state court, and not this Court, in support of the dismissal of Plymouth Rubber's counterclaims.[6] Delphi Automotive should not now be allowed to use its bankruptcy case to circumvent the Actions, delay the proceedings, and thus force Plymouth Rubber to incur substantial additional expense in yet another forum.

16. In addition to the tremendous injustice that will result if Delphi Automotive is allowed to abandon the Actions and to compel Plymouth Rubber to submit to the Claims Objection Procedures, this Court should abstain from involving itself in the Actions pursuant to 28 U.S.C. §1334(c)(1). The factors to be considered by a court when determining whether permissive abstention, pursuant to § 1334(c) (1), or equitable remand, pursuant to § 1452(b), is appropriate are "virtually the same." *Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004), *citing Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.,* 277 B.R. 5, 17 (S.D.N.Y. 2002). Among other considerations, courts should weigh the following relevant factors: (1) whether issues of state law predominate; (2) whether judicial economy would be served by abstention or equitable remand; (3)

---

[5] Notwithstanding the Plan's broad grant of jurisdiction to this Court over all post-confirmation matters, it is questionable whether this Court does, in fact, have jurisdiction to hear contract and tort disputes arising from Delphi Automotive's post-confirmation business operations. *Kirschner v. Bennett*, 07 Civ. 8165 (GEL), 2008 U.S. Dist. LEXIS 37214 (S.D.N.Y. May 6, 2008) (noting that "numerous courts both in this and other circuits have held that 'the scope of bankruptcy court jurisdiction diminishes with plan confirmation,'") *citing In re Resorts Int'l, Inc.*, 372 F.3d 154, 165 (3d Cir. 2004); *accord In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005); *Guccione v. Bell*, No. 06 Civ. 492, 2006 U.S. Dist. LEXIS 49526, 2006 WL 2032641, at *4 (S.D.N.Y. July 20, 2006); *In re General Media, Inc.*, 335 B.R. 66, 73 (S.D.N.Y. 2005).

[6] In *Delphi Automotive, LLC's Memorandum of Law in Support of its Motion to Dismiss Amended Counterclaims*, Case No. 08-11599-MLW, Docket No. 25 (D. Mass. Jan. 12, 2009) (the "Dismissal Memo"), Delphi Automotive urges the Massachusetts court to abstain from adjudicating Plymouth Rubber's counterclaims against Delphi Automotive, and to dismiss the counterclaims, on the grounds that the Michigan Action is the most appropriate forum to address such claims. Although Plymouth Rubber disagrees with Delphi Automotive's jurisdictional arguments, Delphi Automotive should not be allowed to reverse its position and now assert that this Court should adjudicate these claims. To hold otherwise would permit Delphi Automotive to play "fast and loose with the courts." *See*, *e.g.*, *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 212 (1st Cir. 1987) ("Judicial estoppel should be employed when a litigant is 'playing fast and loose with the courts,' and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.") (internal quotations and citations omitted).

whether §1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties. *Id.* (internal citations and quotations omitted).

17. The foregoing factors weigh in favor of permissive abstention in determining the liability and amount of the Parties on account of the disputes raised in the Actions. Such disputes are most decidedly matters of state law, and the only basis for federal jurisdiction of the Michigan Action stems from 28 U.S.C. § 1334(b). Moreover, except for the fact that Delphi Automotive is a debtor-in-possession, the dispute relating to the claims bears little relationship to the Debtors' bankruptcy case, as their allowance or disallowance will not impact the distributions that the Debtors are obligated to make, pursuant to the Plan, to their other administrative claimants. Thus, the Debtors already have agreed, and have anticipated, to pay the administrative claims in full pursuant to the Plan; it is simply a matter of liquidating those claims, which function is best served in the Actions.

18. For the foregoing reasons, this Court should find that the Plymouth Rubber Administrative Claim is expressly excepted from the Claims Objection Procedures. Moreover, this Court should abstain from adjudicating the liability or amount of the Plymouth Rubber Administrative Claim, which shall be determined in the Actions. Finally, this Court should enter an order that final judgments in the Actions in favor of Plymouth Rubber, if any, shall constitute the liquidated amounts of the Allowed Plymouth Rubber Administrative Claim, to be paid by Delphi Automotive (or its successor, DPH Holding Co.) in the ordinary course of business.[7]

---

[7] By providing that Delphi Automotive (or its successor, DPH Holding Co.) shall pay Plymouth Rubber its allowed administrative claim upon the entries of final judgments, as any judgment creditor would be obligated to satisfy outside of a bankruptcy case, this Court simply would be applying the principles of *res judicata* and *collateral estoppel* prospectively, to avoid the further cost and delay of obtaining an order allowing Plymouth Rubber's administrative claim in the judgment amounts.

**WHEREFORE**, Plymouth Rubber respectfully requests that this Court exempt from the scope of the Procedures Motion the adjudication of the Plymouth Rubber Administrative Claim, abstain from adjudicating the disputes raised in the Actions, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       August 13, 2009

**DUANE MORRIS LLP**

By: /s/ James J. Vincequerra
Gerard S. Catalanello (GC-0945)
James J. Vincequerra (JV-6270)
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1022

and

Paul D. Moore, Esq.
Jeffrey D. Sternklar, Esq.
Kara M. Zaleskas, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210-2600
Telephone: 857.488.4200
***Counsel to Plymouth Rubber Company, LLC***