SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
    In re                           :     Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :     Case No. 05-44481 (RDD)
                                                    :
                    Debtor.          :     (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OBJECTION TO MOTION OF PLYMOUTH RUBBER COMPANY, LLC FOR
ORDER DEEMING ADMINISTRATIVE EXPENSE CLAIM OF PLYMOUTH RUBBER
COMPANY, LLC TIMELY FILED AND FOR RELATED RELIEF

("OBJECTION TO PLYMOUTH RUBBER COMPANY, LLC'S MOTION
TO DEEM ADMINISTRATIVE CLAIM TIMELY FILED")

1.      Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems, LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby object (the "Objection"), pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to the Motion Of Plymouth Rubber Company, LLC For Order Deeming Administrative Claim Of Plymouth Rubber Company, LLC Timely Filed And For Related Relief (Docket No. 18714) (the "Motion"), dated July 31, 2009, filed by Plymouth Rubber Company, LLC ("Plymouth Rubber"). In support of this Objection, the Debtors respectfully represent as follows:

Preliminary Statement

2.      On June 20, 2009 the Debtors caused ten copies of the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "Notice") to be served on Plymouth Rubber at five different addresses. The Notice stated that July 15, 2009 was the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense request against any of the Debtors under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through June 1, 2009 (the "Administrative Claim Bar Date").[1]

3.      These addresses to which copies of the Notice were sent included the addresses set forth in the proof of claim filed by Plymouth Rubber in these chapter 11 cases and

---

[1] The Administrative Claim Bar Date was established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date, entered by this Court on June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"). On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

the business addresses the Debtors knew were used by Plymouth Rubber. Notwithstanding this ample and legally sufficient notice of the Administrative Claim Bar Date, Plymouth Rubber did not take any action to submit an administrative expense claim until July 16, 2009 – the day after the Administrative Claim Bar Date. The alleged reason for Plymouth Rubber's inaction, as stated in the Motion, is that Plymouth Rubber did not "learn" of the Administrative Claim Bar Date until that day. Plymouth Rubber's failure to learn of the Administrative Claim Bar Date timely, however, was the result of certain decisions and acts of omission by Plymouth Rubber that were entirely within Plymouth Rubber's control and therefore do not constitute excusable neglect.

4. As described in paragraphs 20-25 of the Motion, Plymouth Rubber, as part of its winding up of its activities and affairs, had arranged to have its mail forwarded to a post office box that was monitored by a former employee of Plymouth Rubber retained by Versa Capital Management, Inc. ("Versa"), Plymouth Rubber's manager. That former employee apparently did not collect Plymouth Rubber's mail, including the copies of the Notice that had been forwarded, from this post office box until July 9, 2009 and did not forward the copies of the Notice to personnel at Versa until July 10, 2009. According to Plymouth Rubber, those copies were sent by first class mail and were not received by Versa personnel until July 16, 2009 – the day after the Administrative Claim Bar Date. On that date, Plymouth Rubber's outside counsel then contacted counsel for the Debtors seeking an extension of the time for filing Plymouth Rubber's administrative expense claim for the period from the commencement of these chapter 11 cases through May 31, 2009 (the "Plymouth Rubber Claim") or an acknowledgment that the Plymouth Rubber Claim had been timely filed.

5. Plymouth Rubber's stated rationale for overlooking the Administrative Claim Bar Date, however, does not address why Plymouth Rubber's counsel who filed its proof

3

of claim in these chapter 11 cases, the law firm Burns & Levinson LLP ("Burns & Levinson") in Boston, Massachusetts, failed to apprize Plymouth Rubber of the Administrative Claim Bar Date. This glaring omission negates any showing of excusable neglect and further weighs in favor of denial of the Motion.

6. As a result of this series of events, the Plymouth Rubber Claim was not filed until after the Administrative Claim Bar Date established pursuant to the Modification Procedures Order. Because of its failure to timely file the Plymouth Rubber Claim, Plymouth Rubber is forever barred, estopped, and enjoined from asserting the Plymouth Rubber Claim against the Debtors. (See Modification Procedures Order ¶ 38.)

7. In the Motion, Plymouth Rubber alleges that it did not receive adequate notice of the Administrative Claim Bar Date because the Notice was not served on counsel for Plymouth Rubber in two lawsuits between Plymouth Rubber and DAS LLC pending in non-bankruptcy courts or, in the alternative, that its failure to timely file the Plymouth Rubber Claim was the result of excusable neglect within the meaning of Bankruptcy Rule 9006(b)(1). Plymouth Rubber also advances four other reasons why the Administrative Claim Bar Date is inapplicable to or unenforceable against the Plymouth Rubber Claim: (a) this Court should deem the Plymouth Rubber Claim timely filed under the "informal proof of claim doctrine," (b) this Court does not have the authority to modify the administrative expense claim bar date set in its order confirming the Debtors' first amended joint plan of reorganization (as modified) (the "Confirmed Plan") entered on January 25, 2008 (Docket No. 12359) (the "Confirmation Order") pursuant to the Modification Procedures Order, (c) Plymouth Rubber's counterclaims in the above-referenced lawsuits pending in non-bankruptcy courts constitute ordinary course liabilities which were deemed allowed administrative expense claims pursuant to the Confirmation Order, and (d) the Debtors are estopped from enforcing the Administrative Claim Bar Date because on

4

July 20, 2009, after the Administrative Claim Bar Date had passed, they participated in a mediation regarding pending litigation between Plymouth Rubber and DAS LLC in non-bankruptcy courts. None of these arguments justifies the late filing of the Plymouth Rubber Claim.

8. Plymouth Rubber offers no evidence that would excuse its late filing under the excusable neglect standard outlined by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) and as applied in the Second Circuit. See, e.g., Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 122-24 (2d Cir. 2005) (interpreting and applying Pioneer standard). If Plymouth Rubber's managers and litigation counsel did not timely receive a copy of the Notice, that is only because (a) Plymouth Rubber's bankruptcy counsel that had filed its proof of claim in these chapter 11 cases, Burns & Levinson, which was served with a copy of the Notice, did not promptly forward such copy of the Notice to Plymouth Rubber, (b) Plymouth Rubber did not direct its counsel in the non-bankruptcy litigation with the Debtors to file a notice of appearance on behalf of Plymouth Rubber in these chapter 11 cases,[2] and (c) Plymouth Rubber's winding up procedures did not provide for timely delivery of notices regarding the Debtors' chapter 11 cases to persons with decision-making authority for Plymouth Rubber. Each of these reasons was within the sole control of Plymouth Rubber and, therefore, do not constitute excusable neglect.

9. Bankruptcy Rule 2002(g) provides that "[n]otices to be mailed under Rule 2002 to a creditor … shall be addressed as such entity or an authorized agent has directed in its

---

[2] According to the Motion, Plymouth Rubber is represented in its non-bankruptcy litigation with the Debtors by Pepper Hamilton LLP in Detroit, Michigan and Duane Morris LLP in Boston, Massachusetts. (See Motion Exh. A and B.)

last request filed in the particular case. For purposes of this subdivision – (A) a proof of claim filed by a creditor … that designates a mailing address constitutes a filed request to mail notices to that address. . . . " Fed. R. Bankr. P. 2002(g)(1)(A). The only direction filed in these chapter 11 cases by or on behalf of Plymouth Rubber with respect to the mailing of notices was the proof of claim filed by Burns & Levinson, Plymouth Rubber's bankruptcy counsel. As described below, the Debtors, through Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11 cases, served Burns & Levinson with a copy of the Notice at that firm's address as set forth on proof of claim number 12359 and Plymouth Rubber never changed its service address in a request filed with this Court. Therefore, the Debtors fully met their obligations under Bankruptcy Rule 2002(g)(1)(A) to serve Plymouth Rubber with a copy of the Notice, notwithstanding Plymouth Rubber's protestations to the contrary.

10. Each of Plymouth Rubber's remaining arguments is without merit. First, Plymouth Rubber's counterclaims against the Debtors in non-bankruptcy litigation do not constitute an "informal proof of claim" as a matter of law because Plymouth Rubber never filed pleadings in these chapter 11 cases asserting claims based on those counterclaims. Second, the Administrative Claim Bar Date is a separate order, independent of any bar date that was contained in the Confirmation Order or the Confirmed Plan. Nothing in the Confirmation Order, the Modified Plan, or other applicable law restricted this Court's power to establish a bar date for administrative expense claims by separate order, which this Court did upon notice and motion to all contested parties. Third, counterclaims for contractual breaches in pending litigation do not constitute "ordinary course liabilities" and even if they were, the Modified Plan modifies the definition of "Allowed Administrative Claims" to exclude administrative expense claims arising in the ordinary course of business. Moreover, even under the Confirmed Plan, disputed and unliquidated claims, such as the Plymouth Rubber Claim, are not "Allowed Claims."

11. For these reasons, and as described in more detail below, the Plymouth Rubber Claim should not be deemed timely. This Court should, therefore, deny Plymouth Rubber leave to file a late administrative expense claim and disallow and expunge the Plymouth Rubber Claim.

Background

A. Plymouth Rubber's Involvement In These Chapter 11 Cases

12. On October 21, 2005, Burns & Levinson sent a reclamation demand on behalf of Plymouth Rubber Company, Inc.[3] to the Debtors asserting a reclamation claim in the amount of $631,497.55. On July 28, 2006, Burns & Levinson filed proof of claim number 12359 on behalf of Plymouth Rubber Company, Inc. in these chapter 11 cases, which asserted a secured claim in the amount of $631,500.50 on account of goods sold to the Debtors prior to the commencement of these chapter 11 cases. The claim was asserted to be secured pursuant to 11 U.S.C. §§ 503(b) and 546(c)(2).

B. Postpetition Actions In Michigan State Court And Massachusetts Federal Court

13. On September 12, 2008, DAS LLC commenced an action against Plymouth Rubber in the Circuit Court for the County of Oakland, State of Michigan, Case No. 08-094507-CK (the "Michigan Action") asserting breaches of contract, express warranty, and implied warranty and seeking damages and return of a deposit. On September 18, 2008, Plymouth Yongle Tape (Shanghai) Co., Ltd. commenced an action against Plymouth Rubber and DAS LLC in the United States District Court for the District of Massachusetts, Case No. 08-11599-JGD (together with the Michigan Action, the "Actions"). Plymouth Rubber asserted various counterclaims against DAS LLC in the Actions, alleging breaches of a purchase order

---

[3] For purposes of this Objection, the Debtors presume that Plymouth Rubber is a successor-in-interest to Plymouth Rubber Company, Inc.

issued by DAS LLC to Plymouth Rubber, and sought an award of damages, legal fees, and other costs on account of such alleged breaches. The counterclaims asserted by Plymouth Rubber "indisputably arise post-petition and post-confirmation." (See Motion ¶ 11.)

C.  The Bar Dates And Deadlines Respecting Administrative Claims

14. On June 16, 2009, this Court entered the Modification Procedures Order which, among other things, authorized the Debtors to commence solicitation of votes on their proposed modifications to their first amended joint plan of reorganization (the "Proposed Modifications"), established July 15, 2009 as the Administrative Claim Bar Date, and included a form to be used to submit an administrative expense claim (the "Administrative Claim Form").

15. On June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused KCC and Financial Balloting Group LLC or their agents to transmit with the resolicitation materials in connection with the Proposed Modifications, certain procedures for asserting an Administrative Claim and a copy of the Administrative Claim Form.

16. On or before June 20, 2009, KCC served Plymouth Rubber with a copy of the Notice by first class mail at each of the addresses below, including the address of Burns & Levinson, which was set forth on proof of claim number 12359 filed by Burns & Levinson on behalf of Plymouth Rubber Company, Inc.:

| Plymouth Rubber & Transmission<br>Doug Hartman<br>PO Box 6086<br>Plymouth, MI 48170-0699 | Plymouth Rubber Co Inc<br>104 Revere St<br>Canton, MA 02021-292 |
|---|---|
| Plymouth Rubber Co Inc<br>104 Revere St<br>Canton, MA 02021-2996 | Plymouth Rubber Co Inc<br>104 Revere St<br>Gallup Canton, MA 02021 |
| Plymouth Rubber Co Inc<br>135 S LaSalle Dept 1621<br>Chicago, IL 60674 | Plymouth Rubber Co Inc<br>Automotive Sales Div<br>104 Revere St<br>Canton, MA 02021-2996 |

| | |
|---|---|
| Plymouth Rubber Co Inc Eft<br>135 S La Salle Dept 1621<br>Chicago, IL 60674-1621 | Plymouth Rubber Co Inc Eft<br>500 Turnpike St<br>Canton, MA 02021-2723 |
| Plymouth Rubber Company Inc<br>Atten: Victor Bass Esq<br>Burns & Levinson LLP<br>125 Summer St<br>Boston, MA 02110-1624 | Plymouth Rubber Co Inc Eft<br>500 Turnpike St<br>Canton, MA 02021 |

See Affidavit Of Service Of Evan Gershbein For Solicitation Materials Served On Or Before June 20, 2009, dated June 23, 2009 (Docket No. 17267), the relevant portions of which are attached hereto as Exhibit A.

17. According to the Motion, on June 25, 2009, the Notice was forwarded to Plymouth Rubber's post office box. (Motion ¶ 34.) On July 9, 2009, Stephen Collins, a former Plymouth Rubber employee retained by Versa to assist in the winding up of Plymouth Rubber's activities and affairs, collected the mail that had been forwarded to Plymouth Rubber's post office box. (Id. at ¶ 23.) On July 10, 2009, Mr. Collins purportedly took three copies of the Notice that had been forwarded to Plymouth Rubber's post office box, placed them in an envelope, and delivered them to Randall Schultz, an operating principal of Versa, by first class mail. (Id.) On July 16, 2009, Mr. Schultz received the package that had been sent by Mr. Collins on July 10, 2009. (Id. at ¶ 24.) Upon opening the package, he recognized the Notice and delivered it by hand to Versa's counsel, Thomas Kennedy. (Id.) Mr. Kennedy immediately contacted Plymouth Rubber's outside counsel, Duane Morris LLP, and forwarded the material to them. (Id.) Later that same day, Plymouth Rubber's outside counsel contacted the Debtors' counsel in these chapter 11 cases and requested that the Plymouth Rubber Claim be deemed timely filed. (Id.) The Debtors declined this request.

9

18. Nowhere in the Motion does Plymouth Rubber explain why its chapter 11 counsel, Burns & Levinson, failed to timely inform Plymouth Rubber of the Administrative Claim Bar Date, much less why such failure constitutes "excusable neglect."

D.   Filing Of The Plymouth Rubber Claim And The Motion

19. On July 30, 2009, two weeks after the Administrative Claim Bar Date, Plymouth Rubber filed the Plymouth Rubber Claim with KCC, asserting administrative expense claims that "stem[] exclusively from the counterclaims that it asserted in the Actions." (Id. at ¶ 14.) The Plymouth Rubber Claim asserts a contingent and unliquidated amount and is contested by the Debtors. (Id. Exh. A.) On July 31, 2009, Plymouth Rubber filed the Motion seeking a determination that the Plymouth Rubber Claim was timely filed, and in the alternative, that the failure to timely file the Plymouth Rubber Claim was the result of excusable neglect.

Argument

E.   Plymouth Rubber Was Properly Served With The Notice

20. Plymouth Rubber does not contest receipt of the Notice. Instead, Plymouth Rubber asserts that that the Notice was not received by Plymouth Rubber's current counsel in the Actions and that none of the envelopes containing copies of the Notice sent to Plymouth Rubber's former offices located at 500 Turnpike Street, Canton, Massachusetts was opened, much less read, before the Administrative Claim Bar Date.

21. Contrary to Plymouth Rubber's assertions, the Bankruptcy Rules clearly do not require the Debtors to serve Plymouth Rubber's counsel in the Actions with the Notice. When a creditor files a proof of claim but does not subsequently direct the debtor to send notices to an address other than the address on the proof of claim form, it is presumed that the address on the proof of claim form is the correct address for sending notices. Bankruptcy Rule 2002(g)(1) requires that notices to be mailed to a creditor "shall be addressed as such entity or an authorized

agent has directed in its last request filed in the particular case" and that "a proof of claim filed by a creditor … that designates a mailing address constitutes a filed request to mail notices to that address." Fed. R. Bankr. P. 2002(g)(1)(A); see also Charles Borden v. Brunswick Baptist Church (In re Brunswick Baptist Church), 2007 WL 160749, *4 (N.D.N.Y. Jan. 16, 2007) (debtor not required to send bar date notice to known counsel of parties-in-interest when counsel did not file notice of appearance with bankruptcy court until "over two months after the deadline for filing proofs of claim."); Dependable Ins. Co. v. Horton (In re Horton), 149 B.R. 49 (Bankr .S.D.N.Y. 1992) (sufficient notice of bankruptcy case provided pursuant to Bankruptcy Rule 2002 when debtor, who knew counsel representing insurance company in indemnity action, sent notice of commencement of case to insurance company and not to counsel).

22. On June 20, 2009, KCC served Plymouth Rubber with ten copies of the Notice by first class mail at each of five different addresses, including the addresses set forth in proof of claim number 12359 filed by Burns & Levinson on behalf of Plymouth Rubber and the business addresses the Debtors knew were used by Plymouth Rubber. Because the Debtors served a copy of the Notice on Burns & Levinson, and Plymouth Rubber never directed the Debtors to serve notices in these chapter 11 cases to any other address, the Debtors fully met their obligations under Bankruptcy Rule 2002(g)(1)(A). The Debtors' mailing of the Notice, therefore, was proper and legally sufficient.

23. The Debtors' proper mailing of the Notice constitutes effective service. Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped, and deposited the item in the mail. See, e.g., Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.");

Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993) (finding, under New York law, that presumption of receipt arises when sender "'presents proof of the office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed'" (citation omitted)); In re R.H. Macy & Co., 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) ("Mail properly addressed, stamped and deposited in the mail system is presumed to have been received by the party to whom it has been addressed."). Accordingly, the Debtors provided Plymouth Rubber timely, proper, and sufficient service of the Notice. The Debtors were not required to serve Plymouth Rubber's counsel in the Actions with a copy of the Notice because such counsel did not file a notice of appearance in these chapter 11 cases.

24. Because the Debtors provided proper and legally sufficient service of the Notice, Plymouth Rubber was thus obligated to file the Plymouth Rubber Claim before the Administrative Claim Bar Date in accordance with the procedures referenced in the Modification Procedures Order, or be barred, estopped, and enjoined from asserting the Plymouth Rubber Claim against the Debtors.

25. Accordingly, this Court should deny the Motion and expunge the late-filed Plymouth Rubber Claim.

F. <u>Plymouth Rubber Has Not Met Its Burden Of Proof For Establishing Excusable Neglect</u>

26. Because Plymouth Rubber received proper notice of the Administrative Claim Bar Date, it can obtain the relief requested in the Motion only if it meets its burden to establish excusable neglect pursuant to Bankruptcy Rule 9006(b)(1). See In re R.H. Macy & Co., Inc., 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) ("the burden of proving 'excusable neglect' is on the creditor seeking to extend the bar date").

27. Plymouth Rubber has not met its burden for establishing excusable neglect under the test outlined by the United States Supreme Court in Pioneer Investment Services Co. v.

Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In Pioneer, the Supreme Court held that excusable neglect is the failure to comply with a filing deadline because of negligence. Id. at 394. In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "[a] the danger of prejudice to the debtor, [b] the length of the delay and its potential impact on judicial proceedings, [c] the reason for the delay, including whether it was within the reasonable control of the movant, and [d] whether the movant acted in good faith." Id. at 395. The Second Circuit has held the most important factor is the reason for the delay, including whether it was within the reasonable control of the movant. Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 122-24 (2d Cir. 2005). As this Court has consistently ruled on motions under Bankruptcy Rule 9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing omission. Then, a movant must show by a preponderance of the evidence that the neglect was "excusable." See, e.g., Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing And Expunging Proof Of Claim Number 16727, entered March 25, 2009 (Docket No. 16515) at Exh. A p. 2 (citing Pioneer and Midland Cogeneration cases).

         (i)    Reason For The Delay

28. The most important factor – the reason for the delay – weighs heavily in favor of the Debtors. Plymouth Rubber received the Notice but failed to file a timely administrative expense claim. The explanations set forth in the Motion demonstrate that the failure to file a timely administrative expense claim was entirely within Plymouth Rubber's control.

29. Plymouth Rubber argues that it did not learn of the Administrative Claim Bar Date until July 16, 2009 – the day after the deadline set forth in paragraph 38 of the Modification Procedures Order. (Motion ¶ 24.) However, this failure to learn of the Administrative Claim Bar Date is the fault of Plymouth Rubber, not the Debtors. First, Plymouth Rubber had arranged to have all of its mail forwarded to a post office box, but, as stated in the Motion, this post office box was not monitored between at least June 25 and July 9 – a period of at least two weeks. Second, Plymouth Rubber has not offered a justifiable reason for this delay. Third, Plymouth Rubber fails to give any reason why its designated chapter 11 counsel, Burns & Levinson, failed to inform Plymouth Rubber of the Administrative Claim Bar Date. .

(ii) Danger Of Prejudice To The Debtor

30. Allowing Plymouth Rubber to pursue its late-filed claim will prejudice the Debtors, as well as other creditors in these cases who filed timely administrative expense claims, by opening the floodgates to any potential claimant who failed to file an administrative expense claim on or before the Administrative Claim Bar Date. Courts often have recognized the danger of opening the floodgates to potential claimants. See, e.g., In re Enron Corp., 419 F.3d at 132; In re Kmart Corp., 381 F.3d 709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims, "Kmart could easily find itself faced with a mountain of such claims"); In re Enron Creditors Recovery Corp., 370 B.R. 90, 103 (Bankr. S.D.N.Y. 2007) ("'It can be presumed in a case of this size with tens of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any deluge of motions seeking similar relief would prejudice the Debtors' reorganization process.'" (citation omitted)); In re Dana Corp., 2007 WL 1577763, at *6 ("the floodgates argument is a viable one").

31. The Administrative Claim Bar Date was established to identify administrative expense claims accruing through May 31, 2009 that would either be paid pursuant to the terms of the Modified Plan or the Master Disposition Agreement. Allowing Plymouth Rubber to prevail on the Motion may inspire many other similarly situated potential claimants to file similar motions. Any potential claimant who, by its own error, failed to file a timely administrative expense claim may seek to follow Plymouth Rubber's lead. Accordingly, establishing a precedent for allowing untimely claims without a compelling justification would greatly prejudice the Debtors, their estates, and their creditors and undermine the Debtors' restructuring efforts.

(iii) Length Of The Delay

32. The Debtors concede that the length of delay – one day after the Administrative Claim Bar Date – weighs in favor of Plymouth Rubber. However, this factor is outweighed by the other Pioneer factors upholding the integrity of the Administrative Claim Bar Date. Courts in the Second Circuit have "taken a hard line" in applying the Pioneer test and focus on the reason for the delay, including whether it was within the reasonable control of the movant. Silivanch v. Celebrity Cruises Inc., 333 F.3d 355, 368 (2d Cir. 2003). "[T]he equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule . . . [and] where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Midland Cogeneration, 419 F.3d at 122-23. Accordingly, when viewed in their totality, the Pioneer factors weigh in favor of denial of the Motion.

G. The Informal Proof Of Claim Doctrine Is Inapplicable

33. Plymouth Rubber also asserts that this Court should deem the Plymouth Rubber Claim timely filed under the "informal proof of claim doctrine." The standard for this

15

doctrine has been described as follows: "To qualify as an informal proof of claim, a document purporting to evidence such claim must have (1) been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt." In re Enron Creditors Recovery Corp., 370 B.R. at 99 (citing Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.), 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995)). In addition, an informal proof of claim must have been filed prior to the bar date to be valid. See In re Houbigant, Inc., 190 B.R. at 188; see also In re United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.) 751 F.2d 1213, 1217 (5th Cir. 1985) ("[M]ere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof as the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is 'filed' prior to the bar date."); Wilkens v. Simon Bros., 731 F.2d 462, 465 (7th Cir. 1984) ("The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient.").

34. Plymouth Rubber's argument that its counterclaims filed in the Actions before state court in Michigan and federal district court in Massachusetts constitute an informal proof of claim is without merit "[a]s a matter of law" because Plymouth Rubber never filed pleadings in these chapter 11 cases asserting its counterclaims prior to the Administrative Claim Bar Date. See, e.g., In re Houbigant, Inc., 190 B.R. at 187-88 (citing Berger v. Trans World Airlines (In re Trans World Airlines, Inc.), 182 B.R. 102, 108 (D. Del. 1995) (counterclaims filed by creditor in litigation pending in federal district court in Missouri do not qualify as

16

informal claims in bankruptcy case pending in Delaware because they were not filed of record in the bankruptcy court)).

H.  Plymouth Rubber's Arguments That The Administrative Claim Bar Date Does Not Apply Are Without Merit

35.  Finally, Plymouth Rubber advances three arguments for why the Administrative Claim Bar Date does not apply to the Plymouth Rubber Claim: (a) this Court does not have the authority to modify the administrative expense claim bar date set in its Confirmation Order, (b) Plymouth Rubber's counterclaims in the Actions constitute ordinary course liabilities which were deemed Allowed Administrative Claims pursuant to the Confirmation Order, and (c) the Debtors are estopped from enforcing the Administrative Claim Bar Date because they participated in a mediation regarding the Actions on July 20, 2009, after the Administrative Claim Bar Date had passed. These arguments are without merit.

36.  First, this Court had the authority to establish an administrative expense claim bar date independent of the Confirmation Order and the Confirmed Plan. Nothing in either the Confirmation Order or the Confirmed Plan limits this Court's ability to establish a bar date for an interim period in these chapter 11 cases, such as the Administrative Claim Bar Date. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." The Debtors requested, for cause shown, the establishment of the Administrative Claim Bar Date pursuant to the Modification Procedures Order to (a) carry out, pursuant to 11 U.S.C. § 105, the mandate of 11 U.S.C. § 503(a) that parties may file requests for payment of an administrative expense and (b) identify administrative expense claims that would either be paid pursuant to the terms of the Modified Plan or the Master Disposition Agreement. The Modification Procedures Order approved the procedures for filing administrative expense claims arising for the period from the

commencement of these chapter 11 cases through May 31, 2009 by the Administrative Claim Bar Date and the form, manner, and sufficiency of notice of the Administrative Claim Bar Date.

37. Moreover, the Confirmation Order provided that in the event that the Confirmed Plan could not be consummated, "nothing contained in the Plan, the Disclosure Statement, or this Confirmation Order . . . shall be deemed to . . . prejudice in any manner the rights of the Debtors." (See Confirmation Order ¶ 40.) Thus, until the Confirmed Plan was actually consummated, the Debtors' right to seek to establish an interim bar date for administrative expense claims was unaffected.

38. Second, Plymouth Rubber cites no authority for its assertion that counterclaims for contractual breaches in pending litigation constitute "ordinary course liabilities" which are deemed to be "Allowed Administrative Claims" under the Confirmed Plan is flat wrong. Under either the Modified Plan or the Confirmed Plan, <u>disputed and unliquidated</u> claims such as the claims asserted by Plymouth Rubber are <u>not</u> "Allowed Administrative Claims."

39. Third, the Debtors are not estopped from relying on the Administrative Claim Bar Date. In support of the estoppel theory, Plymouth Rubber argues that its participation in a mediation occurring five days after the Administrative Claim Bar Date and four days after it requested relief from the Administrative Claim Bar Date from the Debtors somehow estops the Debtors from asserting the Administrative Claim Bar Date to bar the Plymouth Rubber Claim. This theory fails for two basic reasons. First, Plymouth Rubber does not suggest that the Debtors promised Plymouth Rubber anything in exchange for participating in the mediation nor how it was injured by participating in the mediation. See, e.g., In re Cairns & Assocs., Inc., 372 B.R. 637 (Bankr. S.D. N.Y. 2007) (under New York law, promissory estoppel requires (i) an oral promise that is sufficiently clear and unambiguous, (ii) reasonable and foreseeable reliance on

18

the promise by a party, and (iii) an injury caused by the reliance.  Second, notwithstanding the fact that Plymouth Rubber failed to file the Plymouth Rubber Claim by the Administrative Claim Bar Date, there was still a benefit for the Debtors to proceed with the mediation on July 20, 2009 because the mediation dealt with the Actions in their totality, including the Debtors' affirmative claims for breaches of contract, express warranty, implied warranty, damages, and return of a deposit.  Therefore, the Administrative Claim Bar Date applies to Plymouth Rubber's Claim and the Debtors are not estopped from relying on such bar date.

## Conclusion

40. Plymouth Rubber has failed to provide any evidence of circumstances justifying the extraordinary relief it seeks under the excusable neglect standard under <u>Pioneer</u> and has not met its burden for establishing excusable neglect.  The Motion should, therefore, be denied and the Plymouth Rubber Claim expunged.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) denying the Motion, (b) disallowing and expunging the Plymouth Rubber Claim, and (c) granting them such other and further relief as is just.

Dated: New York, New York
August 13, 2009

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                      By: /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                      155 North Wacker Drive
                                      Chicago, Illinois 60606
                                      (312) 407-0700

                                                - and –

                                      By: /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                      Four Times Square
                                      New York, New York 10036
                                      (212) 735-3000

                                      Attorneys for Delphi Corporation, et al.,
                                        Debtors and Debtors-in-Possession