**Exhibit 1**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Settled or Withdrawn Section 365 Objections Organized Alphabetically By Objector*

| | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| | | | SECTION 365 OBJECTIONS THAT HAVE BEEN SETTLED OR WITHDRAWN | |
| 1. | 18463 | AM General LLC | AM General LLC ("AMG") objects to assumption and assignment of the agreements for which AMG is identified as a counterparty in the Debtors' notices of assumption and assignment, on the basis that AMG has had insufficient time to evaluate the nature of any objections it may have to such assumption and assignment and to the proposed cure amounts. | The objection has been withdrawn. (See Docket No. 18701.) |
| 2. | 18273 | Brazeway, Inc. | Brazeway, Inc ("Brazeway") objects to the Debtors' notices of non-assumption under the Modified Plan and asserts that the cure procedures set forth in the Modified Plan violate section 365 of the Bankruptcy Code. | The Debtors and Brazeway have entered into a signed stipulation resolving Brazeway's cure objection. The stipulation provides that the Debtors will assume Purchase Order No. 550028808 and pay a cure of $360,000 as provided in the Plan and JP Morgan Chase N.A's unsecured proof of claim no. 14052 is modified and allowed in the amount of $1,521,301.43. |

1

|   | **DOCKET NO.** | **OBJECTOR** | **OBJECTION ASSERTED** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 3. | 18480 | Brose North America Holding LP | Brose North America Holding LP and its affiliates (collectively "Brose") object to the assumption and assignment of executory contracts and to the sufficiency of the Debtors' notice. Brose asserts that its executory contracts may not be assumed and assigned without providing adequate assurance of future performance as required by section 365(f)(2)(B) of the Bankruptcy Code. Brose asserts that it has been unable to identify the contracts to be assumed and assigned and the appropriate cure amounts thereunder. Brose asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and that therefore the objectors cannot determine if the cure amount is adequate. | Brose has agreed to withdraw its objection. |
| 4. | 18323 | F&G Multi-Slide Inc | F&G Multi-Slide Inc. ("F&G") objects to the various cure amounts listed in the notices of assumption and assignment. F&G asserts that the appropriate amount to cure a number of executory contracts is $155,121.83. | F&G has agreed to withdraw its objection. |
| 5. | 18358 | F&G Tool & Die Co. | F&G Tool Die Co. ("F&G Tool") objects to the various cure amounts listed in Debtors' notices of assumption and assignment. F&G Tool asserts that the appropriate amount to cure a number of executory contracts is $145,739.73. | F&G Tool has agreed to withdraw its objection. |
| 6. | 18417 | Findlay Industries, Inc. | Findlay Industries, Inc. ("Findlay") submits a limited objection to the proposed assumption and assignment of its executory contracts. Findlay asserts that no executory contracts or unexpired leases between Findlay and the Debtors are capable of being assumed and assigned. Findlay asserts that it could not perform any of the alleged Findlay contracts because it is in a winding-down process and has sold, or is the process of selling, its remaining operating assets. | Findlay has agreed to withdraw its objection and the Debtors have agreed to withdraw their notices. |

| | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 7. | 18491 | Freudenberg-NOK General Partnership, Freudenberg-NOK de Queretaro, S.A. de C.V. and Freudenberg Filtration Technologies | Freudenberg-NOK General Partnership, Freudenberg-NOK de Queretaro, S.A. de C.V. and Freudenberg Filtration Technologies (collectively "Freudenberg") object to the Debtors' notices of assumption and assignment and asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Freudenberg also asserts that its executory contracts may not be assumed and assigned without providing adequate assurance of future performance as required by section 365(f)(2)(B) of the Bankruptcy Code. Freudenberg objects to the cure amount listed in the Assumption and Assignment Notices. Freudenberg asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and that therefore the objectors cannot determine if the cure amount is adequate. Freudenberg objects to the Modified Plan because the Debtors intend to reject certain lease agreements between the objectors and the Debtors for disputed amounts allegedly totaling not less than $1,200,000.00. | The Debtors and Freudenberg have entered into a stipulation and Freudenberg has agreed to withdraw its objection. |
| 8. | 18297 | Hewlett-Packard Company and Electronic Data Systems, LLC | Hewlett-Packard Company ("HP") and Electronic Data Systems, LLC ("EDS") seek clarification by the Debtors regarding the treatment of the contracts under the Modified Plan and Master Disposition Agreement. HP and EDS also request adequate assurance of future performance. | The objection has been withdrawn. (See Docket No. 18794.). |

3

| | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 9. | 18228, 18490 | Lear Corporation | Lear Corporation ("Lear") objects to the Modified Plan and assert that the Debtors intend to reject certain lease agreements between Lear and the Debtors, which agreements are subject to cure amounts allegedly totaling not less than $9,295,000.00. Lear objects to the Debtors' notices of assumption and assignment and asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts.  Lear objects to the cure amount listed in the notices of assumption and assignment and asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and accordingly Lear cannot determine if the cure amount is adequate. | The Debtors and Lear have entered into a stipulation and Lear has agreed to withdraw its objection. |
| 10. | 18739, 18755 | Methode Electronics, Inc. | Methode Electronics, Inc. ("Methode") objects to the notices of nonassumption. Methode asserts that 20 of the 29 contracts are valid postpetition contracts that do not expire until September 30, 2011.  Methode also objects to the notice of assumption and assignment to DIP Holdco 3, LLC and asserts that the notice fails to adequately identify the contracts to be assumed and assigned and the additional amounts that may be owed. | Methode has agreed to withdraw its objections. |
| 11. | 18390 | MIS Environmental Services, Inc. and MIS Corporation  -- Michigan, a.k.a. Michigan Environmental Services, Inc. | MIS Environmental Services, Inc. and MIS Corporation – Michigan, a.k.a. Michigan Environmental Services, Inc. (collectively, "MIS") submit a limited objection to Debtors' notices of assumption and assignment because MIS's contracts are not ncluded in the notice and/or they are not correctly identified.  MIS asserts that the proper cure amount for these contracts is $7,364.00. | MIS has agreed to withdraw its objection. |
| 12. | 18369 | Motorola, Inc. | Motorola, Inc ("Motorola") objects to the Debtors' notices of assumption and assignment and asserts that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. | Motorola has agreed to withdraw its objection. |

4

|  | **DOCKET NO.** | **OBJECTOR** | **OBJECTION ASSERTED** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 13. | 18573 | Tyco Electronics Corporation and Precision Interconnect | Tyco Electronics Corporation and Precision Interconnect object to the Debtors' notices of assumption and assignment and assert that the Debtors fail to identify the purported executory contracts in violation of their due process rights. | Tyco Electronics Corporation and Precision Interconnect have agreed to withdraw their objection and the Debtors have agreed to withdraw their notice of assumption and assignment with respect to Precision Interconnect. |
| 14. | 18420 | Vitec, LLC | Vitec, LLC ("Vitec") asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and that therefore the objectors cannot determine if the cure amount is adequate. | Vitec has agreed to withdraw its objection. |

5