UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                     :        Chapter 11
:
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
:
                    Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OMNIBUS ORDER RESOLVING CERTAIN OBJECTIONS TO
NONASSUMPTION OF CERTAIN CONTRACTS AND LEASES,
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND CURE AMOUNTS

("SECTION 365 OBJECTION ORDER")

Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on June 1, 2009 (Docket No. 16646) (together, the "Motion ") of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (i) approving certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors' proposed plan modifications, (iii) approving the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases under the Modified Plan, and (iv)

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

authorizing the assumption and assignment of certain prepetition executory contracts and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the Modified Plan and the Master Disposition Agreement; and the Court having entered an order approving, among other things, the form and manner of notices relating to (a) the nonassumption of certain contracts and unexpired leases, (b) amended cure amounts, and (c) the assumption and assignment of executory contracts and leases to be assigned to the applicable Buyer under the Master Disposition Agreement (Docket No. 17032) on June 16, 2009, and an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707) on July 30, 2009; and upon the objections listed on <u>Exhibit A</u> hereto by various counterparties to (w) nonassumption, (x) adequate assurance of future performance, (y) assumption and/or assignment with respect to executory contracts or unexpired leases to be assumed and/or assigned under the Modified Plan, and/or (z) cure amounts (the "Section 365 Objections"); and upon the Debtors' omnibus reply, dated August 14, 2009 (Docket No. 18800); and the hearing relating to the Section 365 Objections having been adjourned to August 17, 2009 (the "Section 365 Objections Hearing"); and the Court having reviewed and considered certain of the Section 365 Objections and the Motion and the arguments of counsel made, and the evidence proffered or adduced, at the Section 365 Objections Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.      This Court has jurisdiction over the Motion and the Section 365 Objections pursuant to 28 U.S.C. §§ 157 and 1334. The Motion and the Section 365 Objections are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases, the Motion, and the Section 365 Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        B.      The statutory predicates for the relief sought with respect to the Section 365 Objections are sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

        C.      As evidenced by the affidavits of service previously filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Motion, the Section 365 Objections Hearing, notices of the assumption and assignment of the Assumed and Assigned Contracts, the Notices of Non-Assumption (as defined in the Modification Procedures Order), and the Amended Cure Amount Notices (as defined in the Modification Procedures Order) as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Section 365 Objections Hearing, the assumption and/or assignment of the contracts and unexpired leases covered by the Section 365 Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

3

    D.  The Section 365 Objections listed on Exhibit B hereto have been withdrawn, overruled, or otherwise resolved (the "Resolved Objections"), and are subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order.

    E.  The hearing on the Section 365 Objections set forth on Exhibit C hereto (the "Outstanding Objections") is adjourned to August 28, 2009 or September 24, 2009, as set forth on Exhibit C, subject to the Debtors' right to further adjourn such hearings in accordance with the procedures set forth in the Modification Approval Order, and any findings and conclusions and decretal paragraphs herein do not apply to the contracts covered by such Outstanding Objections.

    F.  Pursuant to Articles II and X of the Modified Plan, a counterparty who wished to assert a postpetition default was required to file an Administrative Claim.  Accordingly, to the extent that any objections, except to the extent included in the Outstanding Objections, assert cure amounts that relate to postpetition obligations of the Debtors (the "Postpetition Obligation Objections"), the Administrative Claim reconciliation process set forth under Articles II and X of the Modified Plan and in the Master Disposition Agreement, and the Debtors' payment of Administrative Claims in accordance with the Modified Plan, the Master Disposition Agreement, and orders of this Court, constitute adequate assurance of prompt cure or will in fact cure any defaults that might have occurred after the Petition Date, including any obligation asserted in the Postpetition Obligation Objections, for purposes of assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

    G.  The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest.

4

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Any and all Section 365 Objections not waived, withdrawn, settled, adjourned, or otherwise resolved herein are hereby overruled and denied with prejudice, except with respect to the Postpetition Obligation Objections, which shall be treated in the manner set forth in paragraph 5 below.

2. The Resolved Objections listed on Exhibit B shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

3. The hearing on the Motion as it pertains to the contracts covered by the Outstanding Objections listed on Exhibit C shall be adjourned to the August 28, 2009 or September 24, 2009 hearing, as set forth on Exhibit C, subject to the Debtors' right to further adjourn such hearings in accordance with the procedures set forth in the Modification Approval Order.

4. The notices of assumption and assignment for the contracts listed on Exhibit D are hereby withdrawn; provided, however, that nothing in this order shall prejudice any existing rights of the Debtors or the applicable counterparties under such contracts.

5. The Postpetition Obligation Objections, except to the extent included in the Outstanding Objections, are hereby overruled to the extent such objections assert cure amounts relating to postpetition obligations. Any unpaid, undisputed postpetition obligations arising under the Assumed and Assigned Contracts shall be satisfied as follows: (i) postpetition

obligations that are not yet due and payable pursuant to the applicable contract terms shall be paid by the Debtors or the Buyers, as applicable, in the ordinary course of business and (ii) all other postpetition obligations shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement; provided, however, that this order shall be without prejudice to the right of counterparties to the Assumed and Assigned Contracts to reassert their Postpetition Obligation Objections in the event that such counterparties are barred from seeking payment of an Administrative Claim under the Modified Plan; provided further, however, to the extent that a counterparty asserts an Administrative Claim relating to an Assumed and Assigned Contract that is Allowed or Disallowed pursuant to a Final Order of this Court, such counterparty shall be bound by the Final Order and shall not be entitled to assert or reassert any claim for cure under section 365 of the Bankruptcy Code.

      6.    Nothing in this order shall prejudice the rights of any party with respect to disputed cure amounts under Article 8.2 of the Modified Plan, except to the extent that any objection was expressly considered and ruled on at the Section 365 Objection Hearing or as otherwise set forth herein.

Dated: New York, New York
       August 18, 2009

                                       /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE