**Hearing Date & Time: August 20, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO MOTION
TO APPLY CLAIMS OBJECTION PROCEDURES
<u>TO ADMINISTRATIVE EXPENSE CLAIMS</u>

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus reply (the "Reply") to the objections (the "Objections") filed by Howard County, Indiana ("Howard County") (Docket No. 18780) (the "Howard County Objection") and Plymouth Rubber Company, LLC ("Plymouth Rubber") (Docket No. 18783) (the " Plymouth Rubber Objection") to the Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To Administrative Expense Claims (Docket No. 18715), dated July 31, 2009 (the "Motion").  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

1.    The principal reason the Debtors filed the Motion is to establish procedures for resolving disputed administrative expense claims.  Of the more than 2,400 parties who have filed Administrative Claims to date, only two have submitted Objections to the Motion.  As described in more detail below, the Debtors have resolved the Plymouth Rubber Objection and contest the Howard County Objection.

A.    <u>The Debtors Have Agreed That The Claims Objection Procedures Would Not Apply To The Plymouth Rubber Claim If It Is Deemed Timely Filed</u>

2.    Plymouth Rubber objects to the application of the Claims Objection Procedures to its administrative expense claim (the "Plymouth Rubber Claim") because the adjudication of liability and fixing of the amount of alleged damages of Plymouth Rubber's postpetition counterclaims against DAS LLC are currently pending before a Michigan state court (the "Michigan Action") and the United States District Court for the District of Massachusetts (together with the Michigan Action, the "Actions").  By its Objection, Plymouth Rubber requests that this Court exempt from the scope of the Motion the adjudication of the Plymouth Rubber

2

Claim and abstain from adjudicating the disputes raised in the Actions.  The Plymouth Rubber Claim is also the subject of Motion Of Plymouth Rubber Company, LLC For Order Deeming Administrative Claim of Plymouth Rubber Company, LLC Timely Filed And For Related Relief (Docket No. 18714) (the "Plymouth Rubber Motion"), which was filed on July 31, 2009 and is scheduled to be heard on August 20, 2009.

     3.  The Debtors have agreed with Plymouth Rubber that, in the event that this Court grants the relief requested by Plymouth Rubber in the Plymouth Rubber Motion, the Plymouth Rubber Claim will not be subject to the Claims Objection Procedures.

B.  <u>Howard County's Objection is Premature And Unnecessary And Should Be Denied</u>

     4.  In its Objection, Howard County objects to the Motion on the grounds that it does not offer any specific procedures for the allowance or timely payment of Administrative Claims which are liquidated and "cannot be disputed in good faith by the Debtors."  Howard County Objection ¶ 14.  Howard County further requests that it be given special treatment if the Motion is granted.  Specifically, Howard County wants GM Components to pay Howard County the second installment of the Debtors' tax obligations for 2008 related to real and personal property included within the Debtors' facilities in Kokomo, Indiana, which are located in Howard County and will become due in the amount of $3,769,193.03 on November 10, 2009 (the "Fall 2009 Tax Installment").  Howard County also requests that the Fall 2009 Tax Installment be determined and declared to constitute either (a) an Allowed Administrative Claim (as defined in the Modified Plan) and required to be paid by the Debtors or GM Components, as appropriate, on or before November 10, 2009 if a closing of the transactions under the DIP Lender-GM Master Disposition Agreement and Modified Plan has occurred or (b) an administrative expense of the Debtors to be paid on or before November 10, 2009 if a closing of the transactions under

3

the DIP Lender-GM Master Disposition Agreement and Modified Plan have not occurred. Howard County's Objection should be overruled because the relief it requests is unnecessary and the timing of the request is premature.

5.   First, Howard County's request that the order on the Motion provide for the payment by GM Components of the Fall 2009 Tax Installment is unnecessary because the DIP Lender-GM Master Disposition Agreement already provides for the assumption of the Fall 2009 Tax Installment by GM Components.  Specifically, Schedule 1.1(a) to the DIP Lender-GM Master Disposition Agreement ("Schedule 1.1(a)") provides, among other things, that state and local property taxes related to GM Acquired Assets and Company Acquired Assets (each as defined in the DIP Lender-GM Master Disposition Agreement), such as the Fall 2009 Tax Installment, are Assumed Administrative Liabilities (as defined in the DIP Lender-GM Master Disposition Agreement) to be assumed by each respective Buyer (as defined in the DIP Lender-GM Master Disposition Agreement).  GM Components is the Buyer with respect to the Debtors' facilities in Kokomo, Indiana.

6.   Howard County raised the same issue, among others, in its objection to the Modified Plan (Docket No. 18218) (the "Howard County Plan Objection").  Specifically, the Howard County Plan Objection stated:  "Howard County objects to the approval/confirmation of the First Amended Plan to the extent the First Amended Plan does not provide for payment of the Administrative Claim in cash and in full at the time that such taxes are payable."  Howard County Plan Objection ¶ 20.  To the extent that the Howard County Plan Objection was not resolved, it was overruled at the hearing on the Modified Plan.  "All Objections to confirmation of the Modified Plan that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits."  Order Approving Modifications Under 11

4

U.S.C. § 1127(B) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359), entered by this Court on July 30, 2009 (Docket No. 18707) ¶ 2.

    7.  In addition, the Modified Plan provides for the payment of undisputed administrative expense claims in the ordinary course of business and without the requirement that such claim be allowed by a final order of this Court. Specifically, Article 2.1 of the Modified Plan provides that holders of administrative expense claims shall receive cash or such other agreed-upon treatment on the first periodic distribution date occurring after the later of (a) the date such administrative expense claim becomes allowed or (b) the date when such administrative expense claim becomes payable pursuant to any agreement between a Debtor (or a reorganized Debtor) and the holder of such administrative expense claim. See Modified Plan Art. 2.1. Howard County's assertion that the payment of the Fall 2009 Tax Installment could be delayed until after the Debtors' deadline of 180 days after the Effective Date to object to administrative expense claims ignores the fact that the Modified Plan permits the Debtors to pay certain administrative expense claims before they are allowed by a final order of this Court. In the event that the closing of the DIP Lender-GM Master Disposition Agreement does not occur before November 10, 2009, the Debtors would nonetheless be permitted to pay the Final 2009 Tax Installment in the ordinary course of business if they do not dispute that claim. However, the Debtors do not waive their right to dispute the Final 2009 Tax Installment if indeed there is a good faith dispute.

    8.  Second, Howard County's request for an allowed administrative expense claim is premature. Howard County seeks an advance ruling by this Court on a payment that is not due and payable until November 10, 2009. Only if the payment is not made at that time and

5

this Court subsequently finds that the amount is due and owing by the Debtors to Howard County should this Court grant a request by Howard County for payment of the Fall 2009 Tax Installment.  Moreover, the Debtors have timely paid all of their post-petition tax obligations to Howard County related to real and personal property.  As Howard County noted in its objection, for example, "[t]he Spring 2009 Tax Installment was timely paid by the Debtors, without protest or deduction of any kind."  Howard County Objection ¶ 4.  Howard County has offered nothing to substantiate its concern, as set forth in paragraph 18 of the Howard County Objection, that the payment of the Fall 2009 Tax Installment will not be timely made on or before its due date of November 10, 2009.

WHEREFORE, the Debtors' respectfully request that this Court (a) overrule the Objection of Howard County, (b) grant the Motion, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
      August 19, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP

                                    By:  /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                                - and -

                                    By:  /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession