UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re                                 :   Chapter 11
                                      :
DELPHI CORPORATION, et al.,           :   Case No. 05-44481 (RDD)
                                      :
                          Debtors.    :   Jointly Administered
                                      :
------------------------------------- x

## SUPPLEMENTAL DECLARATION OF
## KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS AND
## ADVISORY AND VALUATION SERVICES ADVISORS TO THE DEBTORS

STATE OF ILLINOIS      )
                       ) ss:
CITY OF CHICAGO        )

Gary A. Silberg, under penalty of perjury, declares as follows:

1.      I am a Certified Public Accountant and a Partner of KMPG LLP ("KPMG"), a professional services firm. KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this supplemental declaration (the "Supplemental Declaration") on behalf of KPMG in connection with the services provided by KPMG to Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").[1] This Supplemental Declaration hereby incorporates by reference (i) the Affidavit of Patrick N. Karpen, sworn to on February 9, 2006

---

[1]  Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Original Affidavit, the First Supplemental Affidavit, the Second Supplemental Affidavit, the Third Supplemental Affidavit, or the Silberg Declaration (each as defined herein).

NYC_IMANAGE-1076450.1

(the "Original Affidavit"), filed in support of the application dated February 14, 2006, pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for authorization to retain KPMG as tax and transaction services advisors to the Debtors, effective nunc pro tunc to October 8, 2005, (ii) the First Supplemental Affidavit of Gary A. Silberg, sworn to on April 20, 2006 (the "First Supplemental Affidavit"), (iii) the Second Supplemental Affidavit of KPMG LLP as Tax Services Advisors to the Debtors, sworn to on July 10, 2006 (the "Second Supplemental Affidavit"), (iv) the Third Supplemental Affidavit of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors, sworn to on March 9, 2009 (the "Third Supplemental Affidavit"); and (v) the Declaration of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors, filed on August 6, 2009 (the "Silberg Declaration").

2. As disclosed in the Original Affidavit, KPMG is the United States member firm of KPMG International, a Swiss cooperative of independent member firms, each a separate legal entity, located worldwide. Pursuant to the Debtors' request, and as approved in the Order, KPMG subcontracts work to other member firms of KPMG International. From time to time, KPMG has used the services of Samjong KPMG Advisory Inc., the KPMG International member firm in Korea ("KPMG-Korea"). KPMG-Korea has assisted KPMG and the Debtors in connection with the sale of the Debtors' Korean Steering business, and KPMG-Korea also provides International Executive Services to employees of the Debtors on assignment to Korea.

3. On July 30, 2009, the Court approved the sale of certain of the Debtors' assets to certain third party buyers (the "Buyers"). KPMG has learned that KPMG-Korea has been contacted by another third party ("Purchaser A") that is interested in acquiring from the Buyers certain of the assets subject to this sale that relate to the Debtors' former business in Korea.

Purchaser A wishes to retain and employ KPMG-Korea to assist in them in their due diligence of the target business. These assets are unrelated to the Debtors' Steering business.

4. At this time, due to the competitive nature of the bidding process and the number of interested parties, Purchaser A has requested that KPMG not disclose its specific identity. To the extent that the identity of Purchaser A becomes public information, KPMG will file a supplemental disclosure and declaration at that time. If and when the identity of the Purchaser A is disclosed, and if there are material facts that differ from the representations set forth herein, the Office of the United States Trustee shall retain the right to object to such supplemental disclosure and declaration.

5. To the best of KPMG's knowledge, Purchaser A is not an "insider" in these bankruptcy cases as defined in 11 U.S.C. § 101(31).

6. Neither KPMG nor any KPMG professionals will have any involvement in the engagement by KPMG-Korea. KPMG's policy with respect to conflicts does not prevent KPMG-Korea, a separate member firm, from performing services for Purchaser A, whose consent has been obtained. KPMG has determined that it can perform the continued services to the Debtors without compromising KPMG's objectivity, and has so informed the Debtors. To the best of my knowledge, no services that KPMG is providing the Debtors shall be the subject of any due diligence services to be performed for Purchaser A. Both the Debtors and Purchaser A have consented to such engagements on the terms set forth herein.

7. KPMG shall put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG professionals working on behalf of the Debtors with those KPMG-Korea professionals working on behalf of Purchaser A. In addition, KPMG-Korea has represented to KPMG that it will put in place internal procedures to

Pg 4 of 6

avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG-Korea professionals who have worked or are working on behalf of the Debtors with those KPMG-Korea professionals working on behalf of Purchaser A. No KPMG-Korea professional who has provided services to the Debtors will provide services to Purchaser A in connection with this potential acquisition.

8. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG's retention by the Debtors, KPMG does not hold or represent an interest adverse to the estates that would impair KPMG's ability to objectively perform professional services for the Debtors.

9. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG's retention by the debtors, KPMG is and continues to be a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, notwithstanding its retention and employment by Purchaser A as described herein.

10. This declaration is provided in accordance with Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of August, 2009.

_____
Gary A. Silberg
Partner, KPMG LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DELPHI CORPORATION, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 05-44481 (RDD)<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2009, a copy of the Supplemental Declaration of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors was served upon the following parties via first class mail, postage prepaid as addressed herein:

Davis Polk & Wardwell
Attn: Donald S. Bernstein
Attn: Brian M. Resnick
450 Lexington Avenue
New York, New York 10022

Willkie Farr & Gallagher LLP
Attn: Richard Mancino
Attn: Marc Abrams
787 Seventh Avenue
New York, New York 10019

Cadwalader, Wickersham & Taft LLP
Attn: John J. Rapisardi
Attn: Oren B. Haker
One World Financial Center
New York, New York 10281

The Office of the United States Trustee
Attn: Brian Masumoto
33 Whitehall Street, Suite 2100
New York, New York 10004

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
Attn: Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kayalyn A. Marafioti
Attn: Gregory W. Fox
Four Times Square
New York, New York 10004

Weil, Gotshal & Manges LLP
Attn: Jeffrey L. Tanenbaum
Attn: Robert J. Lemons
767 Fifth Avenue
New York, New York 10153

NYC_IMANAGE-1074406.2

2

Latham & Watkins LLP  
Attn: Robert J. Rosenberg  
Att: Mark A. Broude  
885 Third Avenue  
New York, New York 10022

Schulte Roth & Zabel LLP  
Attn: Adam C. Harris  
Attn: David J. Karp  
919 Third Avenue  
New York, New York 10022

Dated: August 19, 2009  
New York, NY

KING & SPALDING LLP

/s/ Roberta Trowbridge  
Roberta Trowbridge  
Legal Assistant  
1185 Avenue of the Americas  
New York, New York 10036-4003

Attorneys for KMPG LLP

NYC_IMANAGE-1074406.2    2