UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                   :        Chapter 11
:
DELPHI CORPORATION, et al.,        :        Case No. 05-44481 (RDD)
:
                      Debtors.      :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 363 AND FED. R. BANKR. P. 2002 AND 6004
AUTHORIZING AND APPROVING ENTRY BY DELPHI AUTOMOTIVE
SYSTEMS TENNESSEE, INC. INTO LETTER AGREEMENT WITH
ROBERT BOSCH LLC FOR SALE OF INTEREST IN PBR KNOXVILLE LLC

("PBR KNOXVILLE SALE ORDER")

Upon the motion, dated July 31, 2009 (the "Motion"),[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems Tennessee, Inc. ("DAST"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004 authorizing and approving, but not directing, the entry by DAST into that certain Letter Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit 1, with Robert Bosch LLC ("Bosch") for the sale of DAST's entire forty-nine percent (49%) membership interest in PBR Knoxville LLC ("PBR Knoxville"), an existing joint venture between DAST and PBR Tennessee Inc. ("PBR Tennessee"); and upon the record of the August 20, 2009 hearing held on the Motion; and after due deliberation thereon, and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.  The Agreement has been negotiated and documented in good faith and from arm's length bargaining positions. Bosch is a good faith purchaser under section 363(m) of the Bankruptcy Code.

B.  The transactions contemplated by the Agreement satisfy the requirements of section 363 of the Bankruptcy Code.

C.  The relief requested in the Motion and granted herein, including the execution of and performance of the Agreement by DAST, is in the best interests of DAST, its estate, its creditors, and its other stakeholders.

D.  The Debtors have given adequate notice of the Motion, including notice as required under rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and no other or further notice of the Motion or the hearing on the Motion is necessary.

E.  The terms and conditions of the Agreement are fair and reasonable.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is GRANTED.

2.  DAST is authorized, but not directed, to enter into the Agreement and to perform its obligations thereunder.

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

       3. The Agreement and all of the terms and conditions thereof are hereby approved pursuant to section 363 of the Bankruptcy Code and rule 6004 of the Federal Rules of Bankruptcy Procedure, and accordingly the terms and conditions of such Agreement are valid, binding and enforceable.

       4. DAST is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be necessary or desirable to implement the Agreement.

       5. Under section 363(f) of the Bankruptcy Code upon execution and delivery of the Agreement and the transfer by DAST of the Membership Interest to Bosch, the Membership Interest shall be free and clear of any and all claims, liens, mortgages, security interests, encumbrances, charges, or any other restrictions ("Interests") or other than any restrictions contained in the LLC Agreement, with such Interests to attach to the sale proceeds with the same validity, enforceability and priority as they had immediately before the closing of the sale.

      6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:   New York, New York
           August 20, 2009

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

Exhibit A
<u>Agreement</u>