July 30, 2009

<u>PERSONAL & CONFIDENTIAL</u>

Delphi Automotive Systems Tennessee, Inc.
c/o Delphi Automotive Systems LLC
5725 Delphi Drive
Troy, Michigan 48098-2815
Attn: Fred Bellar

Dear Mr. Bellar:

This Letter Agreement (sometimes "Agreement") sets forth the terms and conditions under which Robert Bosch LLC ("**Purchaser**") shall acquire the entire (i.e., forty nine percent (49%)) membership interest (the "**Interest**") in PBR Knoxville LLC (the "**Company**") held by Delphi Automotive Systems Tennessee, Inc. ("**Seller**"), a wholly owned subsidiary of Delphi Automotive Systems LLC.

1.    <u>Form of Transaction</u>.  At Closing, as defined below, Seller shall transfer the Interest to Purchaser free and clear of all claims, liens, mortgages, security interests, encumbrances, charges, or any other restrictions other than any restrictions contained in the Operating Agreement (as defined below).

2.    <u>Purchase Price; Payment</u>.  At Closing, Purchaser shall pay to Seller, by wire transfer of immediately available funds, the sum of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00) in exchange for the Interest.

3.    <u>Closing</u>.  Subject to the satisfaction or waiver of the conditions set forth below, the Closing of the purchase of the Interest (the "**Closing**") shall occur on or before August 31, 2009.  Notwithstanding the foregoing, Purchaser and Seller will each use commercially reasonable efforts to cause the Closing to occur on August 20, 2009.  If the Closing does not occur on or before August 31, 2009 due to the failure to satisfy one or more conditions, the Closing may occur, at Purchaser's discretion, as soon as all conditions have been satisfied but no later than fifteen days thereafter.

4.    <u>Conditions</u>.  The transfer of and payment for the Interest contemplated by this Agreement is subject to completion of the following conditions at or prior to Closing.

(a)    a due diligence review of Seller's ownership rights to the Interest

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 2

reflecting that the Interest can be transferred to Purchaser free and clear of all claims, liens, mortgages, security interests, encumbrances, charges, or other restrictions other than any restrictions contained in the Operating Agreement.

(b)    the execution of the certain Stipulations and Agreed Orders by the intended signatories as set forth in those Stipulations and Agreed Orders in substantially the form as set forth in Exhibit A, the filing of notices of presentment of those Stipulations and Agreed Orders with the Bankruptcy Court, and service of those notices of presentment on parties-in-interest who are affected by those Stipulations and Agreed Orders. Such Stipulations and Agreed Orders shall be filed with the Bankruptcy Court within three business days of execution of this Letter Agreement or as soon thereafter as the Stipulations and Agreed Orders have been executed.

(c)    the amendment of the Operating Agreement, as set forth in Item 10 below, including the ratification, adoption and approval of the amendment by PBR Tennessee, Inc.("PBRT"), to allow for the transfer of the Interest as contemplated by this Agreement.

(d)    a confirmation, in the form of a legal opinion from counsel for Purchaser, that all obligations of the Company with respect to its secured loan from Robert Bosch Finance LLC (the "Company Loan") will remain in place and are not affected.

(e)    approval of the transactions contemplated by this Letter Agreement by the Bankruptcy Court pursuant to Section 363 of the Bankruptcy Code (collectively "Sale Approval").

The conditions set forth in Sections 4(a) and 4(d) above may be waived in a signed writing by Purchaser in its sole discretion. The conditions set forth in Sections 4(b) and 4(c) may be waived only in a signed writing by both Purchaser and Seller, in each case, in their respective sole discretion.

5.    Representations and Warranties.

(a)    Seller represents and warrants that: (i) Seller is the record and beneficial owner and holder of the entire Interest, free and clear of any charge, claim, condition, equitable interest, mortgage, lien, option, pledge, security interest, right of first refusal or restriction of any kind, including any restriction on use, voting, transfer, receipt of income or exercise of any other attribute of ownership other than restrictions set forth in the Operating Agreement; (ii) subject to receipt of the Sale Approval, Seller has full capacity, power and authority to enter into and perform this Letter Agreement and to carry out the transactions contemplated by this Letter Agreement or arrange to carry them out; and (iii) subject to receipt of the Sale Approval, this Letter Agreement is binding upon Seller and is enforceable against Seller in accordance with its

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 3

terms.

      (b)    Purchaser represents and warrants that: (i) Purchaser has full power and authority to enter into this Letter Agreement and to carry out the transactions contemplated by this Letter Agreement; and (ii) this Letter Agreement is binding upon Purchaser and is enforceable against Purchaser in accordance with its terms.

      6.    <u>Loan Repayment</u>. Purchaser will cause Robert Bosch Finance LLC to continue to extend the period for repayment of the principal and interest and all other amounts owing under the Company Loan until the earlier of Closing or August 31, 2009.

      7.    <u>Release</u>.

      (a)    Effective upon the Closing except as set forth in Section 7(d) below, the Delphi Affiliated Parties (as defined below) shall completely and unconditionally release the Purchaser Affiliated Parties (as defined below) and all of the Purchaser Affiliated Parties' respective directors, managers, officers, employees, attorneys, agents and representatives from any and all claims, liabilities, actions and causes of action, known or unknown, arising directly or indirectly out of or related to the Company or its operations prior to the Closing.

      (b)    Effective upon the Closing, except as set forth below, the Purchaser Affiliated Parties shall completely and unconditionally release the Delphi Affiliated Parties and all of the Delphi Affiliated Parties' respective directors, managers, officers, employees, attorneys, agents and representatives from any and all claims, liabilities, actions and causes of action, known or unknown, arising directly or indirectly out of or related to the Company or its operations prior to the Closing. Notwithstanding the foregoing, the Purchaser Affiliated Parties are not releasing or waiving any proofs of claim that they have filed in the Chapter 11 bankruptcies of the Delphi Affiliated Parties other than as set forth in the Stipulations and Agreed Orders referenced in Section 4(b) above.

      (c)    As used in this Section 7: (i) the term "Delphi Affiliated Parties" shall mean, jointly and severally, Seller, Delphi Corporation and its Affiliates that are in Chapter 11 bankruptcy; (ii) the term "Purchaser Affiliated Parties" shall mean, jointly and severally, the Company, Pacific Group Ltd. and its Affiliates, and Purchaser and its Affiliates; and (iii) the term "Affiliates" shall mean any entity directly or indirectly controlling, controlled by, or under common control with, that entity and any officer, director or controlling person of that entity.

      (d)    Notwithstanding anything to the contrary contained herein, the foregoing releases shall not be deemed to constitute a waiver by Seller or any of its Affiliates of the right to collect or to release Company or any other party from its obligation to pay royalties or other amounts due under any license agreements between Company and Seller or any of Seller's

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 4

Affiliates, including, without limitation, that certain License Agreement for System 4 Calipers dated November 14, 2006 and that certain Strategic Development Agreement regarding System 2 and System 3 rear and front calipers (collectively, the **"License Agreements"**), and all such License Agreements shall remain in full force and effect until expiration or termination in accordance with their terms. It is understood by the parties that the current rights of Delphi and the Company under the Strategic Development Agreement allow for the use of Delphi's System 3 front and rear caliper designs only for the balance of the program life of the GMT 900 program, including Original Equipment Service (OES) parts after the OE production program life has ended in order to fulfill all obligations to the customer. Royalty payments under the Strategic Development Agreement will continue to be calculated based on past practice for sales of product in that period. Company may freely assign the Strategic Development Agreement and the rights granted pursuant to the Strategic Development Agreement without the consent of Delphi Technologies, Inc., Delphi Corporation or any Delphi Affiliated Party in connection with the disposition of all or substantially all of the business to which the rights pertain, or in connection with the transfer of the operations of the Company to one or more of its Affiliates, and at any other time by Company with the prior consent of Delphi Technologies, Inc. and any other necessary Delphi Affiliated Party, which consent shall not be unreasonably withheld. Purchaser shall cause the Company to bring any past due amounts under the License Agreements current on or before Closing.

8.    <u>Intellectual Property License</u>.    Company has received from Delphi Affiliated Parties information and data that may qualify as intellectual property of Delphi Technologies, Inc. or other Delphi Affiliated Parties (collectively, the **"Delphi IP"**). Company has received licenses from Delphi Technologies, Inc. and other Delphi Affiliated Parties to utilize certain Delphi IP in accordance with the terms of such License Agreements. The parties acknowledge that Delphi IP is currently used in connection with the business of Company, and the parties intend for Company, following Purchaser's acquisition of the Interest from Seller, to have the unlimited right to continue to use Delphi IP other than the Delphi IP that is governed by a License Agreement without further payment of any kind whatsoever to any Delphi Affiliated Party. Accordingly, Delphi Technologies, Inc. and Delphi Corporation (on behalf of itself and all Delphi Affiliated Parties): (a) grants to Company the perpetual, irrevocable, royalty-free, worldwide right to use Delphi IP other than Delphi IP governed by any License Agreement in connection with the manufacture, use, sale, offer for sale, importation and other exploitation of brake calipers by the Company; (b) discharges and releases Company and its Affiliates from the obligation to make any payments related to the Delphi IP other than the Delphi IP governed by a License Agreement; and (c) agrees not to assert any claim of infringement of the Delphi IP other than the Delphi IP governed by a License Agreement against Company or any of its Affiliates, or their customers, mediate or immediate, because of the manufacture, use, sale, offer for sale, importation or other exploitation of brake calipers by the Company. Company may freely assign the preceding rights without the consent of Delphi Technologies, Inc., Delphi Corporation or any Delphi Affiliated Party in connection with the disposition of all or substantially all of the

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 5

business to which the rights pertain, or in connection with the transfer of the operations of the Company to one or more of its Affiliates, and at any other time by Company with the prior consent of Delphi Technologies, Inc. and any other necessary Delphi Affiliated Party, which consent shall not be unreasonably withheld. Subject to receipt of the Sale Approval, Dephi Technologies, Inc. and Delphi Corporation represent and warrant that they have full capacity, power and authority to enter into and grant the license set forth in this Section 8, such license shall be binding on their successors and assigns, and is enforceable in accordance with its terms.

9.    Modification Approval Order.  In the event that an order (the "**Modification Approval Order**") confirming certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (the "**Modified Plan**") is entered on or before the Closing, Seller shall affirm at the hearing on approval of the Modified Plan and shall include a provision in the Modification Approval Order that (a) the objection filed by PBRT to the Modified Plan (the "**PBRT Objection**") will be scheduled for a hearing on August 17, 2009, at 10:00 a.m. (prevailing Eastern time) (the "**August 17 Hearing**"); provided, however, that notwithstanding any provisions in the Modification Approval Order, this Agreement constitutes notice to PBRT of the adjournment of the hearing on the PBRT Objection from the August 17 Hearing in the Bankruptcy Court regarding all objections to the Modified Plan relating to assumption and/or assignment (the "**Assumption Objections**") to a date to be determined in accordance with the applicable procedures for the Assumption Objections (the "**Assumption Hearing**") and (b) the Debtors shall have the right to reject the Operating Agreement for a period of six days after entry of a Final Order establishing cure or adequate assurance on terms not reasonably acceptable to the Debtors. The parties agree that the Modification Approval Order shall in no way provide for the assumption and/or assignment of the Operating Agreement and the rights of the parties with respect to the assumption and/or assignment of the Operating Agreement and the PBRT Objection will be preserved and will not be prejudiced until the Bankruptcy Court holds a hearing on the PBRT Objection. For the avoidance of doubt, until the Bankruptcy Court rules on the PBRT Objection to the Modified Plan at the Assumption Hearing, neither the confirmation or the consummation of the Modified Plan, nor the closing of the Master Disposition Agreement will affect the assumption and/or assignment of the Operating Agreement or the PBRT Objection. The Modification Approval Order shall provide that, notwithstanding anything in the Modified Plan or the Master Disposition Agreement to the contrary, the Bankruptcy Court shall retain jurisdiction over the PBRT Objection, the assumption and/or assignment of the Operating Agreement, the Assumption Hearing, and this Letter Agreement.  In the event that the transactions contemplated by this Letter Agreement close, then the PBRT Objection shall become moot and as soon as practicable PBRT shall withdraw the PBRT Objection with prejudice.

10.    Amendment of Limited Liability Company Agreement.  Seller shall ratify, adopt and approve the following amendment to the limited liability operating agreement between Seller

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 6

and PBR Tennessee Inc. entered into on September 26, 1996 (the "**Operating Agreement**") to allow for the transfer contemplated by this Letter Agreement: At the end of Section 9.1 of the Operating Agreement, the following language is to be added: " ; provided, however, the Members agree that the transfer of the entire membership interest in the Company owned by Delphi Automotive Systems Tennessee, Inc. or any other Delphi affiliate as contemplated in that certain Letter Agreement dated July 30, 2009 shall be permitted, and shall not constitute a violation of this Agreement."

11.    <u>Taxes</u>.  The parties will cooperate as reasonably requested in preparation of the United States partnership tax return, on all tax matters related to the transaction, and on all tax compliance matters that pertain to the partnership in general, and as part of the purchase and sale agreement.

12.    <u>Miscellaneous</u>.  All of the terms of this Letter Agreement will be binding upon, inure to the benefit of and be enforceable by and against the successors and authorized assigns of the parties.  Nothing in this Letter Agreement, express or implied, is intended to confer upon any other person any rights or remedies under or by reason of this Letter Agreement, this Letter Agreement being for the exclusive benefit of the parties and their respective successors and authorized assigns.  No party will assign any of its respective rights or obligations under this Letter Agreement to any other person without the prior written consent of all of the other parties. This Letter Agreement and the agreements referred to in this Letter Agreement set forth the entire agreement and understanding of the parties in respect of the transactions contemplated by this Letter Agreement and supersede all prior agreements, arrangements and understandings relating to the subject matter hereof.  This Letter Agreement may be amended, modified, superseded or canceled and any of the terms, covenants, representations, warranties or conditions hereof may be waived only by a written instrument executed by the parties or, in the case of a waiver, by or on behalf of the party waiving compliance.  Any provision, or clause of any provision, of this Letter Agreement that may be found to be contrary to Michigan law or otherwise unenforceable will not affect the remaining terms of this Letter Agreement, which will be construed as if the unenforceable provision or clause was absent from this Letter Agreement. This Letter Agreement will be governed by and construed in accordance with the laws of the state of Michigan as applicable to contracts made and to be performed in the state of Michigan without regard to conflict of laws principles.  This Letter Agreement may be executed in counterparts, each of which when so executed will be deemed to be an original and such counterparts will together constitute one and the same agreement.    Each of the parties acknowledges and agrees that the other parties may be damaged irreparably in the event any of the provisions of this Letter Agreement are not performed in accordance with their specific terms or otherwise are breached.  Accordingly, each of the parties agrees that the other parties shall be entitled to seek an injunction or injunctions to prevent breaches of the provisions of this Letter Agreement and to enforce specifically this Letter Agreement and the terms and provisions hereof in any action instituted in any court of the United States or any state thereof having jurisdiction

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 7

over the parties, in addition to any other remedy to which they may be entitled, at law or in equity.

[remainder of page left intentionally blank]

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 8

The parties below agree to the terms and conditions set forth in this Letter Agreement as of the date first written above.

ROBERT BOSCH LLC

By: _____

Its: *Executive Vice President, Finance,*
*Controlling ; Administration*

And By: _____

Its: *Vice President, General Counsel & Secretary*

"Purchaser"

DELPHI AUTOMOTIVE SYSTEMS
TENNESSEE, INC.

By: _____

Its: _____

"Seller"

Solely for purposes of Sections 7 and 8 of this
Letter Agreement

DELPHI CORPORATION (on behalf of
itself and its Affiliates)

By: _____

Its: _____

Solely for purposes of Section 8 of this
Letter Agreement

DELPHI TECHNOLOGIES, INC.

By: _____

Its: _____

1687092

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 8


    The parties below agree to the terms and conditions set forth in this Letter Agreement as of the date first written above.

ROBERT BOSCH LLC

DELPHI AUTOMOTIVE SYSTEMS
TENNESSEE, INC.

By:_____

Its:_____

By: *Fred J Bellar*

Its: *AHG Finance Director*

"Seller"

And By:_____

Its:_____

"Purchaser"


Solely for purposes of Sections 7 and 8 of this Letter Agreement

DELPHI CORPORATION (on behalf of itself and its Affiliates)

By: *Fred J Bellar*

Its: *AHG Finance Director*

Solely for purposes of Section 8 of this Letter Agreement

DELPHI TECHNOLOGIES, INC.

By:_____

Its:_____

1687092

Delphi Corporation
Mr. Bellar
July 30, 2009
Page 8


     The parties below agree to the terms and conditions set forth in this Letter Agreement as of the date first written above.

ROBERT BOSCH LLC             DELPHI AUTOMOTIVE SYSTEMS TENNESSEE, INC.


By:_____    By:_____

    Its:_____      Its:_____

                                          "Seller"


And By:_____

    Its:_____

              "Purchaser"


Solely for purposes of Sections 7 and 8 of this Letter Agreement     Solely for purposes of Section 8 of this Letter Agreement

DELPHI CORPORATION (on behalf of itself and its Affiliates)     DELPHI TECHNOLOGIES, INC.


By:_____    By:_____ T.G. FORBES _____

    Its:_____      Its:_____ VICE-PRESIDENT _____

1687092

**EXHIBIT A**

**FORM OF STIPULATION AND AGREED ORDERS**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
          In re                     :      Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :      Case No. 05–44481 (RDD)
                                    :
                    Debtors.        :      (Jointly Administered)
                                    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER (I) WITHDRAWING DEBTORS'
OBJECTIONS TO PROOF OF CLAIM NUMBER 5980 AND RESPONSES OF PBR
KNOXVILLE LLC TO CLAIMS OBJECTIONS, (II) ALLOWING PROOF OF CLAIM
NUMBER 5980, AND (III) DISALLOWING PROOF OF CLAIM NUMBER 15847
(PBR KNOXVILLE LLC)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi

Automotive Systems LLC ("DAS LLC") and Delphi Automotive Systems Tennessee, Inc.

("DAST"), debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") and PBR Knoxville LLC ("PBR Knoxville") , respectfully submit this Joint

Stipulation And Agreed Order (I) Withdrawing Debtors' Objections To Proof Of Claim Number

5980 And Responses Of PBR Knoxville LLC To Claims Objections, (II) Allowing Proof Of

Claim Number 5980, And (III) Disallowing Proof Of Claim Number 15847 (PBR Knoxville

LLC) and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the

United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 16, 2006, PBR Knoxville filed proof of claim number 5980

against Delphi, asserting an unsecured non-priority claim in the amount of $9,157,458.38 and a

secured claim in the amount of $63,308.80, for a combined total of $9,225,767.18 ("Claim No.

5980") arising from the sale of goods to DAS LLC.

WHEREAS, on July 19, 2006, PBR Knoxville transferred the unsecured non-

priority portion of Claim No. 5980 in the amount of $9,157,458.38 (the "Transferred Portion") to

Merrill Lynch Credit Products, LLC pursuant to a notice of transfer (Docket No. 4611) (the

"Claim Transfer").

WHEREAS, on August 4, 2006, Merrill Lynch Credit Products, LLC transferred

its portion of Claim No. 5980 to Special Situations Investing Group, Inc. pursuant to a notice of

transfer (Docket No. 4862).

WHEREAS, on August 9, 2006, PBR Knoxville filed proof of claim number

15847 against DAST, asserting an unliquidated claim ("Claim No. 15847").

WHEREAS, on October 31, 2006, the Debtors objected to Claim No. 15847

pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. §
502(b) and Fed.R.Bankr.P. 3007 to Certain (A) Claims with Insufficient Documentation, (B)
Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification
and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c)
(the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, PBR Knoxville filed its Response to the
Debtors' Second Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(B) and
Fed.R.Bankr.P.3007 to Certain (I) Equity Claims, (II) Claims Duplicative of Consolidated
Trustee or Agent Claims, and (III) Duplicate and Amended Claims and Debtors' (I) Third
Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed.R.Bankr.P.3007 to
Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors'
Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate
Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C) (Docket No. 5740) (the
"Third Objection Response").

WHEREAS, on October 27, 2007, the Debtors objected to Claim No. 5980
pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) and
Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C)
Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books and Records,
(E) Untimely Claims, and (F) Claims Subject To Modification, Tax Claims Subject To
Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That
Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To
Prior Orders (Docket No. 10738) (the "Twenty-Second Omnibus Claims Objection").

WHEREAS, on November 20, 2007, PBR Knoxville filed its Response of PBR
Knoxville LLC To Debtors' Twenty Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims,
(C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And
Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To
Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That
Are Subject to Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To
Prior Orders (Docket No. 10989) (the "Twenty-Second Objection Response").

      WHEREAS, on November 14, 2008, the Debtors objected to Claim No. 5980
pursuant to the Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and
Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to
Modification, and (C) Claims to be Expunged (Docket No. 14442) (the "Thirty-Second Omnibus
Claims Objection").

      WHEREAS, on December 10, 2008, PBR Knoxville filed its Limited Response
Of PBR Knoxville LLC To Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C.
502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject
to Modification, and (C) Claims to be Expunged (Docket No. 14577) (the "Thirty- Second
Objection Response," together with the Third Objection Response and the Twenty-Second
Objection Response, the "Responses").

      WHEREAS, to resolve the Twenty-Second Omnibus Claims Objection and the
Thirty-Second Omnibus Claims Objection with respect to Claim No. 5980 and provide for the
disallowance and expungement of Claim No. 15847, DAS LLC and PBR Knoxville entered into
this Joint Stipulation and Agreed Order.

      WHEREAS, PBR Knoxville represents that it has full capacity, power, and
authority to enter into and perform this Joint Stipulation and to withdraw its Responses to the
Third Omnibus Claims Objection, the Twenty-Second Omnibus Claims Objection and the

Thirty-Second Omnibus Claims Objection with prejudice.

THEREFORE, the Debtors and PBR Knoxville stipulate and agree as follows:

1.    The Debtors are hereby deemed to have withdrawn the Twenty-Second Omnibus Claims Objection and the Thirty-Second Omnibus Claims Objection with respect to Claim No. 5980.

2.    PBR Knoxville is hereby deemed to have withdrawn its Responses to the Third Omnibus Claims Objection, the Twenty-Second Omnibus Claims Objection, and the Thirty-Second Omnibus Claims Objection with prejudice.

3.    Claim No. 5980 shall be allowed in the amount of $9,225,767.18 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4.    Claim No. 15487 shall be disallowed and expunged in its entirety.

So Ordered in New York, New York, this ____ day of July, 2009

_____

UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

_____    _____

John Wm. Butler, Jr.                    Judy O'Neill
John K. Lyons                           FOLEY & LARDNER LLP
Ron E. Meisler                          500 Woodward Ave., Suite 2700
SKADDEN, ARPS, SLATE, MEAGHER           Detroit, MI 48226
  & FLOM LLP                             (313) 234-7100
155 North Wacker Drive                  Attorneys for PBR Knoxville LLC
Chicago, Illinois  60606-1285
(312) 407-0700

                         - and –

Kayalyn A. Marafioti
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
                                        :
        In re                           :      Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :      Case No. 05–44481 (RDD)
                                        :
                      Debtors.          :      (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOINT STIPULATION AND AGREED ORDER (I) WITHDRAWING DEBTORS'

OBJECTIONS TO PROOF OF CLAIM NUMBER 2548 AND RESPONSES OF
PBR AUSTRALIA PTY LTD. TO CLAIMS OBJECTIONS AND
(II) ALLOWING PROOF OF CLAIM NUMBER 2548
(PBR AUSTRALIA PTY LTD.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi

Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors") and PBR Australia Pty Ltd. ("PBR Australia")

respectfully submit this Joint Stipulation And Agreed Order (I) Withdrawing Debtors' Objections

To Proof Of Claim Number 2548 And Responses Of PBR Australia Pty Ltd. To Claims

Objections And (II) Allowing Proof Of Claim Number 2548 (PBR Australia Pty Ltd.) (the "Joint

Stipulation and Agreed Order") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the

United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on April 4, 2006, PBR Australia filed proof of claim number 2548

against Delphi, asserting an unsecured non-priority claim in the amount of $562,192.18 (the

"Claim") arising from the sale of goods to DAS LLC.

WHEREAS, on July 19, 2006 and September 26, 2006, PBR Australia transferred

$338,801.98 of the Claim (the "Transferred Portion") to Merrill Lynch Credit Products, LLC

pursuant to two notices of transfer (Docket Nos. 4613 and 5193, respectively) (collectively, the

"Claims Transfers").

WHEREAS, on August 4, 2006 and September 26, 2006, Merrill Lynch Credit

Products, LLC transferred the Transferred Portion of the Claim to Special Situations Investing

Group, Inc. pursuant to two notices of transfer (Docket Nos. 4860 and 5195, respectively).

WHEREAS, on July 13, 2007, the Debtors objected to the Claim pursuant to the

Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed.

R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected

On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification,

Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And

Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus

Claims Objection").

WHEREAS, on August 8, 2007, PBR Australia filed its Response Of PBR

Australia Party Ltd. To Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Book And Records, (C) Untimely Claim, And (D) Claims

Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting

Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8939) (the

"Response").

WHEREAS, on November 14, 2008, the Debtors objected to the Claim pursuant

to the Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R.

Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification,

and (C) Claims to be Expunged (Docket No. 14442) (the "Thirty-Second Omnibus Claims

Objection").

WHEREAS, on December 10, 2008, PBR Australia filed its Response Of PBR

Australia Party Ltd. To Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C.

502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject

to Modification, and (C) Claims to be Expunged (Docket No. 14575) (the "Second Response").

        WHEREAS, to resolve the Nineteenth Omnibus Claims Objection and the Thirty-

Second Omnibus Claims Objection, the Debtors and PBR Australia entered into this Joint

Stipulation and Agreed Order.

        WHEREAS, PBR Australia represents that it has full capacity, power, and

authority to enter into and perform this Joint Stipulation and Agreed Order and to withdraw its

Responses to the Nineteenth Omnibus Claims Objection and its Second Response to the Thirty-

Second Omnibus Claims Objection with prejudice or agree to have its Responses withdrawn

with prejudice.

        THEREFORE, the Debtors and PBR Australia stipulate and agree as follows:

     5.    The Debtors are hereby deemed to have withdrawn the Nineteenth

Omnibus Claims Objection and the Thirty-Second Omnibus Claims Objection with respect to the

Claim.

     6.    PBR Australia is hereby deemed to have withdrawn its Response to the

Nineteenth Omnibus Claims Objection and its Second Response to the Thirty-Second Omnibus

Claims Objection with prejudice.

     7.    The Claim shall be allowed in the amount of $562,192.18 and shall be

treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

So Ordered in New York, New York, this ____ day of July __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| John Wm. Butler, Jr. | Judy O'Neill |
| John K. Lyons | FOLEY & LARDNER LLP |
| Ron E. Meisler | 500 Woodward Ave., Suite 2700 |
| SKADDEN, ARPS, SLATE, MEAGHER | Detroit, MI 48226 |
| & FLOM LLP | (313) 234-7100 |
| 155 North Wacker Drive | Attorneys for PBR Australia Pty Ltd. |
| Chicago, Illinois  60606-1285 | |
| (312) 407-0700 | |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
                                              :
        In re                                 :      Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :      Case No. 05–44481 (RDD)
                                              :
                        Debtors.              :      (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER DISALLOWING AND EXPUNGING
PROOF OF CLAIM NUMBER 15883
(PBR TENNESSEE, INC.)

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems Tennessee, Inc. ("DAST"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and PBR Tennessee, Inc. ("PBR Tennessee") respectfully submit this Joint Stipulation And Agreed Order Disallowing And Expunging Proof Of Claim Number 15883 (PBR Tennessee, Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on August 9, 2006, PBR Tennessee filed proof of claim number 15883 against DAST, asserting an unliquidated claim (the "Claim").

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors' Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(c) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, PBR Tennessee filed its Response to the Debtors' Second Omnibus Objection (Procedural) Pursuant to 11 U.S.C. § 502(B) and Fed.R.Bankr.P.3007 to Certain (I) Equity Claims, (II) Claims Duplicative of Consolidated Trustee or Agent Claims, and (III) Duplicate and Amended Claims and Debtors' (I) Third

Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(B) and Fed.R.Bankr.P.3007 to

Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated by Debtors'

Books and Records, and (C) Claims Subject to Modification and (II) Motion to Estimate

Contingent and Unliquidated Claims Pursuant to 11 U.S.C. § 502(C) (Docket No. 5740) (the

"Third Objection Response").

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the

Claim, DAST and PBR Tennessee entered into this Stipulation, pursuant to which PBR

Tennessee acknowledges and agrees that the Claim shall be disallowed and expunged in its

entirety.

WHEREAS, DAST  is authorized to enter into this Stipulation either because the

Claim involves ordinary course controversies or pursuant to that certain Amended And Restated

Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing

Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without

Further Court Approval (Docket No. 8401) entered by this Court on June 26, 2007.

THEREFORE, DAST and PBR Tennessee stipulate and agree as follows:

1.  The Claim shall be disallowed and expunged in its entirety.

2.  PBR Tennessee shall withdraw its Response with prejudice.

So Ordered in New York, New York, this _____ day of July __, 2009

_____

UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| John Wm. Butler, Jr. | Judy O'Neill |
| John K. Lyons | FOLEY & LARDNER LLP |
| Ron E. Meisler | 500 Woodward Ave., Suite 2700 |
| SKADDEN, ARPS, SLATE, MEAGHER | Detroit, MI 48226 |
| & FLOM LLP | (313) 234-7100 |
| 155 North Wacker Drive | |
| Chicago, Illinois  60606-1285 | Attorneys for PBR Tennessee, Inc. |
| (312) 407-0700 | |

– and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession