**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                           :      Chapter 11
:
**DELPHI CORPORATION, <u>et</u> <u>al.</u>,**      :      Case No. 05-44481 (RDD)
:
                                            Debtors.  :      Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AMENDED SUPPLEMENTAL DECLARATION OF**
**KPMG LLP AS TAX AND TRANSACTION SERVICES ADVISORS AND**
**ADVISORY AND VALUATION SERVICES ADVISORS TO THE DEBTORS**

STATE OF ILLINOIS         )
                                          ) ss:
CITY OF CHICAGO          )

Gary A. Silberg, under penalty of perjury, declares as follows:

1.     I am a Certified Public Accountant and a Partner of KMPG LLP ("KPMG"), a professional services firm. KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this amended supplemental declaration (the "Amended Supplemental Declaration") on behalf of KPMG in connection with the services provided by KPMG to Delphi Corporation, and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").[1] This Amended Supplemental Declaration amends the Supplemental Declaration of KPMG LLP as

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Original Affidavit, the First Supplemental Affidavit, the Second Supplemental Affidavit, the Third Supplemental Affidavit, or the Silberg Declaration (each as defined herein).

NYC_IMANAGE-1076983.1

Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors, filed on August 19, 2009.  This Amended Supplemental Declaration hereby incorporates by reference (i) the Affidavit of Patrick N. Karpen, sworn to on February 9, 2006 (the "Original Affidavit"), filed in support of the application dated February 14, 2006, pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for authorization to retain KPMG as tax and transaction services advisors to the Debtors, effective nunc pro tunc to October 8, 2005, (ii) the First Supplemental Affidavit of Gary A. Silberg, sworn to on April 20, 2006 (the "First Supplemental Affidavit"), (iii) the Second Supplemental Affidavit of KPMG LLP as Tax Services Advisors to the Debtors, sworn to on July 10, 2006 (the "Second Supplemental Affidavit"), (iv) the Third Supplemental Affidavit of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors, sworn to on March 9, 2009 (the "Third Supplemental Affidavit"); and (v) the Declaration of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors, filed on August 6, 2009 (the "Silberg Declaration").

     2.     As disclosed in the Original Affidavit, KPMG is the United States member firm of KPMG International, a Swiss cooperative of independent member firms, each a separate legal entity, located worldwide.  Pursuant to the Debtors' request, and as approved in the Order, KPMG subcontracts work to other member firms of KPMG International.  From time to time, KPMG has used the services of Samjong KPMG Advisory Inc., the KPMG International member firm in Korea ("KPMG-Korea"), and KPMG Huazhen, the KPMG International member firm in China ("KPMG-China").  KPMG-Korea has assisted KPMG and the Debtors in connection with the sale of the Debtors' Korean Steering business, and KPMG-Korea also provides International Executive Services to employees of the Debtors on assignment to Korea.

KPMG-China has assisted KPMG and the Debtors in connection with sale of the Debtors' China Steering business, and KPMG-China also provides International Executive Services to employees of the Debtors on assignment to China and Chinese Custom Advisory Services to a subsidiary of the Debtors based in Shanghai.

3. On July 30, 2009, the Court approved the sale of certain of the Debtors' assets to certain third party buyers (the "Buyers"). KPMG has learned that KPMG-Korea and KPMG-China have been contacted by another third party ("Purchaser A") that is interested in acquiring from the Buyers certain of the assets subject to this sale that relate to the Debtors' former business operations in Korea and China. Purchaser A wishes to retain and employ KPMG-Korea and KPMG-China to assist them in their due diligence of the target business. These assets are unrelated to the Debtors' Steering business.

4. At this time, due to the competitive nature of the bidding process and the number of interested parties, Purchaser A has requested that KPMG not disclose its specific identity. To the extent that the identity of Purchaser A becomes public information, KPMG will file a supplemental disclosure and declaration at that time. If and when the identity of the Purchaser A is disclosed, and if there are material facts that differ from the representations set forth herein, the Office of the United States Trustee shall retain the right to object to such supplemental disclosure and declaration.

5. To the best of KPMG's knowledge, Purchaser A is not an "insider" in these bankruptcy cases as defined in 11 U.S.C. § 101(31).

6. Neither KPMG nor any KPMG professionals will have any involvement in the engagement by KPMG-Korea and KPMG-China. KPMG's policy with respect to conflicts does not prevent KPMG-Korea or KPMG-China, separate member firms, from performing services

for Purchaser A, whose consent has been obtained.  KPMG has determined that it can perform the continued services to the Debtors without compromising KPMG's objectivity, and has so informed the Debtors.  To the best of my knowledge, no services that KPMG is providing the Debtors shall be the subject of any due diligence services to be performed for Purchaser A.  Both the Debtors and Purchaser A have consented to such engagements on the terms set forth herein.

7. KPMG shall put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG professionals working on behalf of the Debtors with those KPMG-Korea and KPMG-China professionals working on behalf of Purchaser A.  In addition, KPMG-Korea and KPMG-China have represented to KPMG that they will put in place internal procedures to avoid the sharing, inadvertent or otherwise, of confidential information between those KPMG-Korea and KPMG-China professionals who have worked or are working on behalf of the Debtors with those KPMG-Korea and KPMG-China professionals working on behalf of Purchaser A.  No KPMG-Korea or KPMG-China professional who has provided services to the Debtors will provide services to Purchaser A in connection with this potential acquisition.

8. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG's retention by the Debtors, KPMG does not hold or represent an interest adverse to the estates that would impair KPMG's ability to objectively perform professional services for the Debtors.

9. Subject to the disclosures herein and to those disclosures set forth in the previous filings in connection with KPMG's retention by the debtors, KPMG is and continues to be a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as

4

modified by Section 1107(b) of the Bankruptcy Code, notwithstanding the retention and employment by Purchaser A as described herein.

10. This declaration is provided in accordance with Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of August, 2009.

_____
Gary A. Silberg
Partner, KPMG LLP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                          :    Chapter 11
:
**DELPHI CORPORATION, et al.,**                :    Case No. 05-44481 (RDD)
:
Debtors.    :    Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATE OF SERVICE**

        I hereby certify that on August 24, 2009, a copy of the Amended Supplemental Declaration of KPMG LLP as Tax and Transaction Services Advisors and Advisory and Valuation Services Advisors to the Debtors was served upon the following paries via first class mail, postage prepaid as addressed herein:

Davis Polk & Wardwell
Attn:  Donald S. Bernstein
Attn:  Brian M. Resnick
450 Lexington Avenue
New York, New York 10022

Delphi Corporation
Attn:  General Counsel
5725 Delphi Drive
Troy, Michigan 48098

Wilkie Farr & Gallagher LLP
Attn:  Richard Mancino
Attn:  Marc Abrams
787 Seventh Avenue
New York, New York 10019

Skadden, Arps, Slate, Meager & Flom LLP
Attn: John Wm. Butler, Jr.
Attn: Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

6

| | |
|---|---|
| Cadwalader, Wickersham & Taft LLP<br>Attn: John J. Rapisardi<br>Attn: Oren B. Haker<br>One World Financial Center<br>New York, New York 10281 | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn: Kayalyn A. Marafioti<br>Attn: Gregory W. Fox<br>Four Times Square<br>New York, New York 10004 |
| The Office of the United States Trustee<br>Attn: Brian Masumoto<br>33 Whitehall Street, Suite 2100<br>New York, New York 10004 | Weil Gothshal & Manges LLP<br>Attn: Jeffrey L. Tanenbaum<br>Attn: Robert J. Lemons<br>767 Fifth Avenue<br>New York, New York 10153 |
| Latham & Watkins LLP<br>Attn: Robert J. Rosenberg<br>Attn: Mark A. Broude<br>885 Third Avenue<br>New York, New York 10022 | Schulte Roth & Zabel LLP<br>Attn: Adam C. Harris<br>Attn: David J. Karp<br>919 Third Avenue<br>New York, New York 10022 |

Dated: August 24, 2009
      New York, NY

KING & SPALDING LLP

/s/ Daniel G. Egan
Daniel G. Egan
NY Bar No. 4644191
1185 Avenue of the Americas
New York, New York 10036-4003

Attorneys for KMPG LLP