UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No.: 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**STIPULATION AND AGREED ORDER BETWEEN DEBTORS
AND AUDIO MPEG, INC. AND S.I.SV.EL., S.p.A. REGARDING
<u>ASSUMPTION AND ASSIGNMENT OF LICENSE AGREEMENT</u>**

Audio MPEG, Inc. ("Audio MPEG") and Societa' Italiana per lo Sviluppo dell'Elettronica, S.I.SV.EL., S.p.A. ("SISVEL," together with Audio MPEG, "Licensors") and the above-captioned Debtors (the "Debtors"), by counsel, hereby stipulate and agree:

**WHEREAS**, on August 7, 2003, Licensors and Delco Electronics Corporation ("Delco") executed a License Agreement ("2003 License Agreement"), whereby Delco and its Controlled Companies (as defined in the License Agreement (defined below)) were granted non-exclusive licenses under certain U.S. and non-U.S. patents (the "Licenses") to make, have made, use, import, sell, offer to sell, or otherwise dispose of "MPEG Audio Products" (defined in the License Agreement as "Licensed Products") and agreed to submit Royalty Statements (as defined in the License Agreement) and pay royalties on each such MPEG Audio Product;

**WHEREAS**, on April 4, 2005, Licensors and Delco executed a 2005 Addendum to the 2003 License Agreement (the "2005 Addendum" and, together with the 2003 License Agreement, the "License Agreement") and on September 30, 2005, Delco merged into the debtor Delphi Automotive Systems LLC ("DAS");

**WHEREAS**, on March 10, 2008, Licensors filed their Cure Claim Of Audio MPEG, Inc. And S.I.SV.EL., S.p.A. (Docket No. 13041, the "March Cure Claim");

**WHEREAS**, on April 24, 2009, the Debtors' filed their Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459, the "8.2(b) Cure Objection");

**WHEREAS**, on May 21, 2008, Licensors filed their Response Of Audio MPEG, Inc. And S.I.SV.EL., S.p.A. To Debtors' Cure Objection (Docket No. 13642) (the "8.2(b) Response," and together with the March Cure Claim, the "8.2(b) Filings");

**WHEREAS,** the 8.2(b) Response filed by Licensors, inter alia, asserted an amount due for pre-petition royalties of $358,257.20 plus interest at 1% per month;

**WHEREAS,** the Debtors adjourned the hearing to resolve the cure claim (*See* Docket No. 13696);

**WHEREAS,** on June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan," Docket No. 17030), which provides for, among other things, the assumption of executory contracts and the assignment to either GM Buyer or Parnassus;

**WHEREAS,** on July 10, 2009, the Debtors filed the Assignment Notice designating Parnassus as the assignee of the License Agreement and stating $498,242.01 as a disputed cure amount;

2

**WHEREAS**, in accordance with the Court's June 16, 2009 Order (A)(I) Approving Modifications To Debtors' First Amended Plan of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "Modification Procedures Order," Docket No. 17032), Licensors filed an administrative expense claim and the Limited Objection To (A) Confirmation Of Modified Plan And (B) Assumption and Assignment asserting, *inter alia*, that the License Agreement could not be assumed and assigned absent Licensors' consent and the payment of the Revised Cure Amount (the "Limited Objection," Docket No. 18221);

**WHEREAS,** on July 24, 2009, the Debtors filed the Notice Of Adjournment On Objections To Notices Of Non-Assumption, Cure Amounts And Assumption And Assignment Of Executory Contracts And Unexpired Leases To August 17, 2009 (Docket No. 18649), and the hearing on the Limited Objection was adjourned to August 17, 2009;

**WHEREAS**, on July 27, 2009, the Debtors filed the Notice of Successful Bidder at Auction (Docket No. 18658) and, on July 28, 2009, the Debtors filed the Notice of Filing of Notice of Assumption and Assignment With Respect To Certain Executory Contracts or Unexpired Leases To Be Assumed and Assigned to DIP Holdco 3, LLC under Modified Plan (Docket No. 18660);

**WHEREAS**, on July 30, 2009, the Court entered the Order Approving Modifications to First Amended Joint Plan of Reorganization, as Modified (Docket No. 18707).

**NOW THEREFORE**, for good and valuable consideration, including the covenants and understandings set forth in this Stipulation and Order, it is hereby Stipulated, Agreed, Ordered and Adjudged as follows:

1. Upon the Court's approval of the terms of this Stipulation and Agreed Order, the Limited Objection and the 8.2(b) Filings shall be deemed resolved and withdrawn with prejudice and the Licensors shall be deemed to have consented to the assumption and assignment of the License Agreement to DIP Holdco 3, LLC.

2. The cure amount due to Licensors is $358,257.20 plus interest at 1% per month from the due dates until payment (the "Agreed Cure Amount"). As of July 31, 2009, the Agreed Cure Amount was $558,545.17. Payment of the Agreed Cure Amount will cure all monetary defaults under the License Agreement; provided, however, the Agreed Cure Amount does not include royalties which accrue after June 30, 2009 and first become payable to Licensors after September 30, 2009, which amounts shall be paid in the ordinary course, and this Stipulation and Agreed Order is without prejudice to Licensor's royalties which first become payable after September 30, 2009.

3.       The Agreed Cure Amount will be paid in cash to Licensors no later than a reasonable period of time following Effective Date (as defined in the Modified Plan), in accordance with the procedures set forth in the Modified Plan and Modification Approval Order (Docket No. 18707).

**AGREED:**

| /s/ Mary Joanne Dowd<br>Mary Joanne Dowd<br>ARENT FOX LLP<br>1050 Connecticut Ave., N.W.<br>Washington, DC 20036<br>Telephone:  (202) 857-6000<br>Fax:  (202) 857-6395<br>Email:  dowd.mary@arentfox.com<br><br>*Counsel to Audio MPEG and SISVEL* | /s/ Ron E. Meisler<br>John Wm. Butler, Jr.<br>Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>333 West Wacker Drive<br>Suite 2100<br>Chicago, IL 60606<br><br>and<br><br>Kayalyn A. Marafioti<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br><br>*Counsel to Debtors* |
|---|---|

**SO ORDERED**

Dated:  New York, New York
          August 28, 2009

                    /s/Robert D. Drain
                    UNITED STATES BANKRUPTCY JUDGE

5