SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, <u>et al.</u>,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :
                                     :
                                     :
    In re                            :         Chapter 11
                                     :
DELPHI CORPORATION, et al.,     :         Case No. 05–44481 (RDD)
                                     :
                    Debtors.    :         (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF CLARION
     <u>CORPORATION OF AMERICA TO NOTICE OF ASSUMPTION AND ASSIGNMENT</u>

05-44481-rdd    Doc 18844    Filed 08/28/09    Entered 08/28/09 16:32:09    Main Document
      Pg 1 of 8

Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Clarion Corporation of America ("Clarion") respectfully submit this Stipulation And Agreed Order Resolving Objection Of Clarion Corporation Of America To Notice Of Assumption And Assignment (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on October 10, 2005, Clarion submitted a demand to the Debtors asserting a reclamation claim in the amount of $551,599.00 (the "Reclamation Demand").

WHEREAS, on February 27, 2006, Clarion filed proof of claim number 2127 against DAS LLC, asserting an unsecured non-priority claim in the amount of $2,115,905.67 ("Claim No. 2127") arising from the sale of goods prior to the Petition Date.

WHEREAS, on October 31, 2006, the Debtors objected to Claim No. 2127 pursuant to the Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, Clarion filed the Response Of Clarion Corporation Of America To Debtors' (i) Third Omnibus Objection (Substantive) Pursuant To 11

2

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Claims With Insufficient Documentation, (b) Claims Unsubstantiated By Debtors' Books And Records, And (c) Claims Subject To Modification And (ii) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5663) (the "Third Omnibus Claims Objection Response").

WHEREAS, on January 29, 2007, Clarion assigned its interest in Claim No. 2127, including the Reclamation Claim (as defined below), to Deutsche Bank Securities, Inc. ("Deutsche Bank") pursuant to a Notice of Transfer (Docket No. 6749) and underlying agreement dated on or about January 15, 2007.

WHEREAS, on June 6, 2007, Deutsche Bank assigned its interest in Claim No. 2127, including the Reclamation Claim, to Goldman Sachs Credit Partners, L.P. ("GSCP") pursuant to a Notice of Transfer (Docket No. 8190).

WHEREAS, in accordance with the Bankruptcy Court's Order Under 11 U.S.C. Sections 363, 502, And 503 And Fed. R. Bankr. P. 9019(B) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval, dated June 29, 2006 (Docket No. 4414), the Debtors and Clarion entered into a confidential settlement agreement in July, 2007 (the "Confidential Settlement Agreement"), pursuant to which DAS LLC was required to make a true-up payment if certain revenue targets were not met with respect to certain contracts between DAS LLC and Clarion (the "True-Up Payment").

WHEREAS, on October 22, 2007, the Debtors and GSCP entered into a letter agreement (the "Reclamation Letter Agreement") with respect to the Reclamation Demand, whereby the Debtors and GSCP acknowledged and agreed that the valid amount of the

3

Reclamation Demand is $97,528.50 (the "Reclamation Claim"), subject to the Debtors' right to seek, at any time and notwithstanding GSCP's agreement to the amount set forth in the Reclamation Letter Agreement, a judicial determination that certain reserved defenses (the "Reserved Defenses") to the Reclamation Claim are valid.

WHEREAS, on December 21, 2007, the Debtors served a Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization with respect to Purchase Orders D0550045280, D0550056526, D0550063148, D0550074476, D0550076390, and SAG90I0646.

WHEREAS, on March 6, 2008, Clarion filed the Notice of Cure Claim of Clarion Corporation of America With Respect to Certain Executory Contracts Between Clarion Corporation of America and Delphi Automotive Systems LLC Pursuant to Article VIII of the Confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (Docket No. 13000) (the "Clarion Cure Claim").

WHEREAS, on April 24, 2008, the Debtors' filed their (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459) (the "Omnibus 8.2(b) Cure Objection").  In the Omnibus 8.2(b) Cure Objection the Debtors objected to the Clarion Cure Claim.

WHEREAS, on May 20, 2008, Clarion filed Clarion Corporation Of America's Response To The Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing

4

Certain Cure Proposals (Docket No. 13631) (the "Clarion Cure Response" and, together with the Clarion Cure Claim and the Omnibus 8.2(b) Cure Objection the "Clarion Cure Claim Pleadings").

WHEREAS, on November 14, 2008, the Debtors filed the Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification, and (C) Claims to be Expunged (Docket No. 14442) (the "Thirty-Second Omnibus Claims Objection").

WHEREAS, on December 9, 2008, Clarion filed its Clarion Corporation Of America's Response To The Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification, and (C) Claims to be Expunged (Docket No. 14568) (the "Thirty-Second Omnibus Claims Objection Response").

WHEREAS, on July 2, 2009, the Debtors served a Notice of Non-Assumption Under the Modified Plan with Respect to Certain Expired or Terminated Contracts or Leases Previously Deemed to be Assumed or Assumed and Assigned Under Confirmed Plan of Reorganization, stating that Debtors did not intend to assume Purchase Orders D0550045280, D0550063148, D0550074476, and SAG90I0646 because the purchase orders had expired.

WHEREAS, on July 10, 2009, the Debtors served Clarion with a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as Applicable, Under Modified Plan of Reorganization, listing Purchase Order D0550056526 as a contract to be assumed by the Debtors and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation and listing a cure amount of $0.00.

WHEREAS, on July 10, 2009, the Debtors also served Clarion with a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization, listing Purchase Order D0550076390 as a contract to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC and listing a cure amount of $0.00.[1]

WHEREAS, on July 17, 2009, Clarion filed its Limited Objection of Clarion Corporation of America Related to Assumption and Assignment of Executory Contracts Pursuant to Master Disposition Agreement and/or Modified First Amended Joint Plan of Reorganization of Debtors (Docket No. 18392) (the "Assumption And Assignment Objection").

WHEREAS, on July 30, 2009, this Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359), approving the Debtors' Modified Plan (Docket No. 18707).

WHEREAS, the Debtors and Clarion have reached an agreement to settle and resolve Claim No. 2127, the Clarion Cure Claim, the Clarion Cure Claim Pleadings, and the Assumption And Assignment Objection.

THEREFORE, the Debtors and Clarion stipulate and agree as follows:

1. The Debtors are hereby deemed to have withdrawn the Third Omnibus Claims Objection and the Thirty-Second Omnibus Claims Objection with respect to Claim No. 2127.

---

[1] On July 27, 2009, the Debtors served Clarion with their Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP Holdco 3, LLC Under Modified Plan of Reorganization (the "DIP Holdco 3, LLC Assignment Notice") indicating that Purchase Order D0550076390 would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC.

2.  Clarion is hereby deemed to have withdrawn with prejudice its Third Omnibus Claims Objection Response, its Thirty-Second Omnibus Claims Objection Response, and the Clarion Cure Claim Pleadings.

3.  Claim No. 2127 shall be allowed in the asserted amount of $2,115,905.67 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC.

4.  Clarion shall be entitled to receive a True-Up Payment in the amount of $843,636.22 within 30 days after September 1, 2009, pursuant to the terms of the Confidential Settlement Agreement.

5.  The Clarion Cure Claim shall be disallowed and expunged in its entirety.

6.  Any claims relating to outstanding postpetition obligations in connection with Clarion contracts being assumed by the Debtors and assigned to the applicable buyer shall either be (i) paid in the ordinary course or (ii) dealt with in accordance with the procedures set forth in the Modified Plan for the payment of Administrative Claims.

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in New York, New York, this 28th day of August 2009

/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Michael K. McCrory |
| John Wm. Butler, Jr. | Michael K. McCrory |
| John K. Lyons | David M. Powlen |
| Ron E. Meisler | BARNES & THORNBURG LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 11 South Meridian Street |
| 155 North Wacker Drive | Indianapolis, Indiana 46204 |
| Chicago, Illinois 60606-1285 | (317) 236-1313 |
| (312) 407-0700 | |
| | Attorneys for Clarion Corporation of America |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession