# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                            :        Chapter 11
:
DELPHI CORPORATION, et al.,     :        Case No. 05-44481 (RDD)
:
                    Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
(I) DENYING PLYMOUTH RUBBER COMPANY LLC'S MOTION FOR
LEAVE TO FILE LATE CLAIM AND (II) DISALLOWING AND
<u>EXPUNGING PROOF OF CLAIM NUMBER 19506</u>

("PLYMOUTH RUBBER ORDER")

Upon the Motion Of Plymouth Rubber Company, LLC ("Plymouth Rubber") for Order Deeming Administrative Claim Of Plymouth Rubber Company, LLC Timely Filed And For Related Relief (Docket No. 18714) (the "Motion"); and upon the Objection to Motion of Plymouth Rubber Company, LLC For Order Deeming Administrative Expense Claim of Plymouth Rubber Company, LLC Timely Filed And For Related Relief filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") (Docket No. 18792); and upon the Reply Of Plymouth Rubber Company, LLC To Debtors' Objection to Motion Regarding Administrative Claim (Docket No. 18807); and this Court having considered the documents and exhibits filed by Plymouth Rubber and by the Debtors and the arguments of both parties at the hearing on this matter conducted on August 20, 2009 (the "Hearing"); and after due deliberation thereon; and good and sufficient cause appearing for the reasons stated by the Court in its ruling at the conclusion of the Hearing,



IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Plymouth Rubber was properly and timely served with a copy of the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "Notice"), which stated that pursuant to the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "Modification Procedures Order"), July 15, 2009 was the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense request against any of the Debtors under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through June 1, 2009.

      B.    The Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    For the reasons stated by this Court at the Hearing, Plymouth Rubber has failed to establish excusable neglect to justify its failure to timely file proof of claim number 19506 (the "Claim") pursuant to the Modification Procedures Order and the Notice.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    The Motion is denied.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

        2.        The Claim is hereby disallowed and expunged in its entirety with prejudice and no distribution shall be made on account of such claim from the Debtors' estates or its successors; <u>provided</u>, <u>however,</u> that Plymouth Rubber shall retain any rights of setoff or recoupment it may have against the Debtors in the proceedings entitled <u>Delphi Automotive Systems, LLC v. Plymouth Rubber Company, LLC</u>, Case No. 08-094507-CK (Cir. Ct. County of Oakland, Mich.) and <u>Plymouth Rubber Company, LLC v. Delphi Automotive Systems, LLC</u>, Case No. 08-11599-JGD (D. Mass.).

        3.        Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

        4.        This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  New York, New York  
         August 28, 2009

                                       /s/Robert D. Drain  
                                     UNITED STATES BANKRUPTCY JUDGE