SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Ron E. Meisler
Albert L. Hogan, III


        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
                                    :
        In re                       :       Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :       Case No. 05–44481 (RDD)
                                    :
                 Debtors.           :       (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION CONCERNING THE AUTOMATIC STAY IN CONNECTION
WITH THE COMMENCEMENT OF AN ACTION AGAINST THE PENSION
BENEFIT GUARANTY CORPORATION

        Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and

Dennis Black, Charles Cunningham, Kenneth Hollis, who are retirees with vested benefits in the

Delphi Retirement Program for Salaried Employees (the "Plan"), as well as the Delphi Salaried

Retiree Association, an association of retirees and retirement-eligible individuals with vested

benefits in the Plan (collectively, the "Salaried Workers"),[1] respectfully submit this Stipulation

("Stipulation and Order").    The Stipulation and Order concerns the Salaried Workers' intention

to initiate a civil action against the Pension Benefit Guaranty Corporation ("PBGC"), in which

the Salaried Workers will seek equitable relief against the PBGC for actions it has taken in

terminating the Plan under the Employee Retirement Income Security Act ("ERISA").    A copy

of the complaint to be filed in the action (the "Action") is attached hereto as <u>Exhibit A</u>.

The Debtors and the Salaried Workers stipulate as follows:

IT IS HEREBY AGREED, ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtors agree to modify, to the extent set forth herein, the automatic

stay set forth in section 362 of the Bankruptcy Code (the "Automatic Stay") or the injunction set

forth in Article 11.14 of the First Amended Joint Plan of Reorganization of Delphi Corporation

and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008, and

as modified thereafter (the "Injunction"), as and to the extent applicable, with respect to the

commencement and prosecution of the Action against the PBGC under § 4003(f) of ERISA, 29

U.S.C. § 1303(f), provided, however, that the plaintiffs to the Action shall not use the Action or

the proceedings related thereto as a collateral attack against any order of this Court, including but

not limited to the Court's Order (Docket No. 18707) approving and confirming the Debtors'

---

[1]    Kenneth Hollis did not make an appearance in this bankruptcy case.  However, Hollis would be a party to the
Action, as defined herein.  The Delphi Salaried Retiree Association initially did make an appearance in this
bankruptcy case, but withdrew its appearance due to privacy concerns.  It, too, would be a party to the Action.

Modified Plan of Reorganization and approving the Debtors' settlement agreement with the PBGC. Nothing herein is an admission by the Salaried Workers as to the applicability or inapplicability of the Automatic Stay or the Injunction.

2.    The Debtors reserve their right to contend that the Salaried Workers through their proceedings subsequent to the initiation of the Action, or any other party through any proceeding, are attempting to collaterally challenge a prior order of this Court, and the Salaried Workers reserve their rights to contest any aspect of such a contention in the appropriate court.

3.    Notwithstanding the requirements under Rule 4001(a)(3) of Bankruptcy Rules, good cause exists to have this Stipulation and Order become effective immediately in accordance with the terms herein.

Dated: New York, New York
     September 11, 2009

     /s/Robert D. Drain
     UNITED STATES BANKRUPTCY JUDGE

**Error! No property name supplied.**

ACKNOWLEDGED AND AGREED TO
BY:

/s/Albert L. Hogan, III

John Wm. Butler, Jr.
Ron E. Meisler
Albert L. Hogan, III
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606-1285
(312) 407-0700

- and –

Kayalyn A. Marafioti
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000


Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

/s/Joseph T. Moldovan

Joseph T. Moldovan
Michael R. Dal Lago
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600

- and -

Anthony F. Shelley
Timothy P. O'Toole
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800

Attorneys for Dennis Black, Charles
Cunningham, Kenneth Hollis, and the Delphi
Salaried Retiree Association

**Error! No property name supplied.**