Hearing Date and Time:TBD
Response Deadline: September 17, 2009 at 4:00 p.m.

**SEYFARTH SHAW LLP**
1545 Peachtree Street, Suite 700
Atlanta, Georgia 30309
(404) 885-1500
Paul M. Baisier (PB 8927)
        -and-
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
Tel: 212-218-5500
Robert W. Dremluk (RD 3109)

*Attorneys for Fujikura America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
In re:                                          )      Chapter 11
                                                )
DELPHI CORPORATION, et al.                      )      Case No. 05-44481 (RDD)
                                                )
                                                )      (Jointly Administered)
        Debtors.                                )
------------------------------------------------X

## RESPONSE OF FUJIKURA AMERICA, INC.
## TO DEBTORS' THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION

Fujikura America, Inc. ("Fujikura"), through its undersigned counsel, hereby files this response to Debtors' Thirty-Fifth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge (A) Books and Records Claims, (B) Certain Salaried Pension and OPEB Claims, (C) Certain Wage and Benefit Claims, and (D) Certain Individual Worker's Compensation Books and Records Claims and (II) Modify and Allow Certain Claims (the "Thirty-Fifth Objection") (Dkt. 18826) and states as follows:

1.      Delphi Corporation and its related entities (collectively, the "Debtors") commenced their bankruptcy cases under Chapter 11 of title 11, United States Code (the

AT1 32583708.2

"Bankruptcy Code") on October 8 and 14, 2005 (the "Filing Dates"). No trustee or examiner has been appointed in these cases, and the Debtors remain in possession.

2. On or about July 27, 2006, Fujikura timely filed a proof of claim in this bankruptcy (Claim No. 11659) ("Fujikura's Claim"). In Fujikura's Claim, Fujikura asserted a claim for amounts owing to Fujikura for goods and services provided to Debtors prior to October 8, 2005. Fujikura's Claim is asserted as a secured claim of $21,813.20, a priority claim of $15,482.29 and a general unsecured claim of $205,159.75, for a total claim of $242,455.24.

3. On or about May 22, 2007, Debtors filed their Fifteenth Omnibus Claims Objection (the "Fifteenth Objection") (Dkt. 7999). In the Fifteenth Objection, Debtors objected to the amount, classification and/or the identity of the Debtor for the Modified Claims Asserting Reclamation, including Fujikura's Claim, and sought modification of Fujikura's Claim as follows :

    a. The secured claim for $21,813.20 should be **eliminated**, the priority claim of $15,482.29 should be modified to **$15,482.28** and the general unsecured claim of $205,159.75 should be modified to **$200,787.54**; and

    b. The total amount of such claim should be modified from $242,455.24 to **$216,269.82**.

(Fifteenth Objection at Exhibit D-3, p. 19.)

4. No explanation of the basis for the modifications to Fujikura's Claim were provided in the Fifteenth Objection.

5. Accordingly, on or about June 19, 2007, Fujikura filed its Response to Debtor's Fifteenth Objection (Dkt. 8336).

2

ATI 32583708.2

6.   Subsequently, counsel for Fujikura and counsel for Debtors discussed resolving the dispute over Fujikura's Claim. However, due to the failure of the First Plan of Reorganization, the parties never reached a settlement of the dispute.

7.   On or about August 21, 2009, Debtors filed its Thirty-Fifth Objection.

8.   Based on the proposed modification to Fujikura's Claim contained in the Thirty-Fifth Objection, it appears the Thirty-Fifth Objection merely reiterates the same objection (and proposed modification) to Fujikura's Claim as the Fifteenth Objection.

9.   Since the Fifteenth Omnibus Objection was filed, the Debtor contacted Fujikura regarding some of the objections of the Debtors contained in the Fifteenth Objection (as reiterated in the Thirty-Fifth Objection). Based on Fujikura's prior communications with counsel for Debtors regarding the Fifteenth Objection (the "Settlement Discussions"), Fujikura's Claim should not be modified as proposed in the Thirty-Fifth Objection.

10.   During the Settlement Discussions, counsel for Debtors forwarded a spreadsheet that itemized Debtors' various objections to Fujikura's Claim based on specific invoices. Debtors' counsel explained that Debtors sought to reduce Fujikura's Claim by approximately $26,185.41 and identified five (5) invoices that were the basis of Debtors' Fifteenth Objection. A true and correct copy of the spreadsheet, along with the accompanying email from Debtors' counsel, is attached as **Exhibit A**.

11.   Although some of Debtors' objections have some merit, most of the proposed modifications to Fujikura's Claim are invalid for the following reasons:

   a.   First, Debtors objected to Invoice 102005QG (dated 9/16/05) in the amount of $8,616.96. Fujikura's records confirmed that this invoice was paid, and therefore, Fujikura has no issue with Debtors' objection as to this invoice.

3

b. Second, Debtors objected to Invoice 26-DE029 (dated 8/5/05) in the amount of $8,616.96. Fujikura's records indicate that although this invoice was paid by Debtors, it was not paid in full. Attached as **Exhibit B** are true and correct copies of Fujikura documents showing that only $7,450.76 was paid by Debtors, leaving a balance of $1,166.20 owed to Fujikura.[1]

c. Third, Debtors objected to Invoice QF100505 (dated 10/5/05) in the amount of $3,341.25. Fujikura was never paid for this invoice, but the amount owed was written off by Fujikura for internal record-keeping purposes. Attached as **Exhibit C** is a true and correct copy of a spreadsheet showing that although the invoice is listed as "paid" (for the purposes of Fujikura's record keeping) it was in reality not paid by Debtors. Also, Debtors never showed proof of payment to Fujikura.

d. Fourth, Debtors objected to Invoice 128642 (dated 3/11/05) in the amount of $2,154.24. As for this invoice, Debtors did not assert that it had paid the invoice; rather, Debtors asked that Fujikura provide documentation that the products itemized in that invoice were in fact delivered. Attached as **Exhibit D** are true and correct copies of the delivery confirmation documents.

e. Finally, Debtors objected to Invoice QI120104 (dated 8/19/05) in the amount of $3,456.00. As for this invoice, Debtors claimed that a debit was necessary because the product was returned to Fujikura. Debtors forwarded a document purportedly showing the return. However, that document shows that if a

---

[1] Please note that on the third page of this document, there is a notation that the $1,166.20 balance was written off by Fujikura for internal record-keeping purposes. That might explain why Delphi understood that invoice to be paid in full.

4

product was returned, it was not to Fujikura (and did not involve a Fujikura invoice or product). Attached as **Exhibit E** are true and correct copies of documents showing that the invoice and product related to a different unrelated entity called "Krah," not Fujikura.

12. Altogether, Debtors' specific objections to Fujikura's Claim under the Thirty-Fifth Objection total $26,185.41. However, based on the documents attached above, Fujikura is still entitled to: (a) collect $1,166.20 on Invoice 26-DE029; (b) collect $3,341.25 on Invoice QF100505; (c) collect $2,154.24 on Invoice 128642; and (d) collect $3,456.00 on Invoice QI120104.

13. Therefore, Debtor may reduce Fujikura's general unsecured claim by a total of $16,067.72 only (not $26,185.41), leaving a total claim of **$226,387.52** ($210,905.23 as a general unsecured claim and $15,482.29 as a priority reclamation claim).

14. Moreover, no discussion has been had about Fujikura's secured claim, which Fujikura believes is valid. If the Debtors wish to permit Fujikura to engage in its setoff, Fujikura would not object to being permitted to exercise those rights, which would ultimately result in the elimination of its secured claim and any obligation it would otherwise have to the Debtors. However, the Debtors' intent in that regard needs to be clarified.

15. As to the priority claim, Fujikura believes that it is stated in the correct amount in its proof of claim, and should not be modified.

16. Fujikura objects to the Debtors' proposed modification of Claim No. 11659 contained in the Thirty-Fifth Objection (and the Fifteenth Objection) for the foregoing reasons.

WHEREFORE, Fujikura respectfully requests that this Court enter an order (a) denying the relief requested in the Thirty-Fifth Objection relative to Claim No. 11659; (b) decreeing that

Fujikura is entitled to an allowed general unsecured claim totaling $210,905.23 and a priority reclamation claim totaling $15,482.29; (c) decreeing that Fujikura is entitled to the remaining portion of the Fujikura Claim in the amounts so asserted in the proof of claim; and (d) granting such other relief as the Court deems just and proper.

Dated: September 16, 2009

Respectfully submitted,

**SEYFARTH SHAW LLP**
/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

-and-
**SEYFARTH SHAW LLP**
Paul M. Baisier (PB 8927)
1545 Peachtree Street, NE, Suite 700
Atlanta, Georgia 30309
404-885-6715
404-885-6779 (FAX)
pbaisier@seyfarth.com
*Attorneys for Fujikura America, Inc.*

6

ATI 32583708.2

## CERTIFICATE OF SERVICE

I, Robert W. Dremluk, hereby certify that the foregoing was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served by overnight mail (morning delivery) to the parties identified below, on this 16th day of September, 2009.

Delphi Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: General Counsel

Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606
Attn: John Wm. Butler, Jr., John K. Lyons and Joseph N. Warton
Counsel for Debtors

-and-

The Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, NY 10004

/s/ Robert W. Dremluk
Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018
212-218-5500
212-218-5526 (FAX)
rdremluk@seyfarth.com

*Attorneys for Fujikura America, Inc.*

Dated: January 10, 2008.

AT1 32583708.2