# **Exhibit A**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                :
     In re                                      :   Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :   Case No. 05-44481 (RDD)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO EXECUTORY CONTRACT
TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC UNDER
MODIFIED PLAN OF REORGANIZATION

PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order which, among other things, (i) approved solicitation with respect to modifications to the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified (the "Modified Plan") filed by Delphi Corporation and its affiliated debtors and debtors-in-possession (the "Debtors"), (ii) approved a related supplement to the disclosure statement approved by the Bankruptcy Court on December 10, 2007 (the "Supplement"), and (iii) set a final hearing date to consider approval of the Modified Plan (the "Modification Procedures Order") (Docket No. 17032), as amended and supplemented by the Supplemental Modification Procedures Order entered by the Bankruptcy Court on June 29, 2009 (Docket No. 17376), the Second Supplemental Modification Procedures Order (Docket No. 18352), and the Third Supplemental Modification Procedures Order (Docket No. 18551).

The Modified Plan provides that all executory contracts and unexpired leases as to which any Debtor is a party shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code") as of the Effective Date (as defined in the Modified Plan), unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by final order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the date of entry of an order approving the Modified Plan, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date pursuant to their own terms, (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms, (v) are listed on the schedule of rejected contracts attached as Exhibit 8.1(a)—Rejected Contracts to the Modified Plan, or (vi) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either Buyer (as defined in the Modified Plan) pursuant to the Master Disposition Agreement.

In accordance with the Modification Procedures Order, the Debtors hereby provide notice that the contract(s) listed on Schedule 1 and/or, to the extent not listed on Schedule 1, the contract(s) related to the business conducted at the manufacturing facilities identified on Schedule 2, attached hereto as applicable, will be assumed by the Debtors and assigned to GM Components Holdings, LLC ("GM Components") (the "GM Components Assumed Contracts"), as provided in the Modified Plan and the Supplement.

PLEASE TAKE FURTHER NOTICE that in accordance with this Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures Order, non-Debtor counterparties to GM Components Assumed Contracts shall be entitled to recover only the Cure[1] amounts as listed on Schedules 1 and/or 2 hereto, unless otherwise noted, which Cure amounts have been previously established pursuant to the procedures in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, as modified on January 25, 2008 (the "Confirmed Plan"), and the December 10, 2007 Solicitation Procedures Order (Docket No. 11389) (the "December 10 Solicitation Procedures Order") and as may be modified pursuant to the procedures set forth in the Modification Procedures Order, or such lower amount as may be agreed to by the Debtors, the applicable counterparty, and GM Components and shall be barred and enjoined from asserting that any other amounts are owing on account of any prepetition default. Pursuant to the Modified Plan, GM Components, rather than the Debtors, will be responsible to pay the necessary amounts to cure any defaults under these contracts. Cure amounts, if any, shall only be paid to the non-Debtor counterparty to such GM Components Assumed Contracts. Unless otherwise noted in Schedules 1 and/or 2, a non-Debtor counterparty to a GM Components Assumed Contract only has the right to object to the adequate assurance of future performance by GM Components. In addition, should a non-Debtor counterparty to a GM Components Assumed Contract assert that a postpetition default exists which must be cured pursuant to section 365 of the Bankruptcy Code, such counterparty must file an objection as set forth below.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the assumption and assignment of a GM Components Assumed Contract, including objections asserting the existence of a postpetition default that must be cured under section 365 of the Bankruptcy Code, must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fourteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 1, 2009 (Docket No. 16589), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (f) be served in hard-copy form so that it is actually received **within ten days after the date of service of this notice** by (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate,

---

[1] As set forth in Article 1.40 of the Modified Plan, "Cure" means the payment or other honoring of all obligations required to be paid or honored in connection with assumption of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, including (a) the cure of any non-monetary defaults to the extent required, if at all, pursuant to section 365 of the Bankruptcy Code, and (b) with respect to monetary defaults, the distribution within a reasonable period of time following the Effective Date of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption (or assumption and assignment) of an executory contract or unexpired lease, pursuant to section 365(b) of the Bankruptcy Code, in an amount equal to all undisputed, unpaid, and past due monetary obligations or such lesser amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr. and Ron E. Meisler) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Att'n: Kayalyn A. Marafioti), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), (iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider), (v) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (vi) counsel for the Tranche C Collective, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams), (vii) counsel for the United States Department of the Treasury, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Att'n:  John J. Rapisardi and Oren B. Haker), (viii) counsel for the United States Department of Justice, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Att'n: Matthew L. Schwartz and Joseph N. Cordaro), (ix) counsel for General Motors Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Att'n:  Jeffrey L. Tanenbaum and Robert J. Lemons); and (x) counsel for the Company Buyers as defined in the Master Disposition Agreement, Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, New York 10019 (Att'n: Richard Mancino and Marc Abrams) and Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036-6797 (Att'n: Glenn E. Siegel & James O. Moore).

PLEASE TAKE FURTHER NOTICE THAT if an objection to the assumption and assignment of a GM Components Assumed Contract is timely filed and received, any unresolved objection would be scheduled for an available claims hearing date following 20-days notice provided by the Debtors or the Reorganized Debtors (as defined in the Modified Plan), as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties and such hearing shall be before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.  If no objection is timely received, each counterparty to the GM Components Assumed Contracts shall be deemed to have consented to the assumption and assignment of the GM Components Assumed Contract to GM Components and shall each be deemed to have waived its right to challenge the Debtors' or Reorganized Debtors', as the case may be, assignment of such contract or lease and shall be barred from challenging the ability of any Debtor or Reorganized Debtor, as the case may be, or GM Components or its assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or any other matter pertaining to assumption.

PLEASE TAKE FURTHER NOTICE THAT pursuant to 11 U.S.C. § 365, the Debtors assert there is adequate assurance of future performance that the Cure amounts set forth on <u>Schedules 1 and/or 2</u> hereto will be paid in accordance with the terms of the Modified Plan.  Further, the Debtors assert that there is adequate assurance of GM Components' future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of GM Components.

PLEASE TAKE FURTHER NOTICE that copies of the Supplement, the Modified Plan, and any exhibits thereto are publicly available, along with the docket and other case information, at www.delphidocket.com.  This information may also be obtained, upon reasonable written request, from the Creditor Voting Agent at the following address: Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, (888) 249-2691.

3

Delphi Legal Information Hotline:  
Toll Free:  (800) 718-5305  
International:  (248) 813-2698

Delphi Legal Information Website:  
http://www.delphidocket.com

Dated:    New York, New York  
         September 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER  
 & FLOM LLP  
   John Wm. Butler, Jr.  
   Ron E. Meisler  
155 North Wacker Drive  
Chicago, Illinois 60606

     - and -  
  Kayalyn A. Marafioti  
Four Times Square  
New York, New York 10036

Attorneys for Delphi Corporation, et al.,  
  Debtors and Debtors-in-Possession

4

## Schedule 2 – Other Executory Contracts Or Unexpired Leases
### (Including Customer Contracts)

Unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, the contracts and leases primarily relating to the Debtors' Steering business, including, but not limited to, (a) business conducted at the manufacturing facility in Saginaw, Michigan and (b) the contracts and leases listed on this Schedule will be assumed by the Debtors and assigned to Steering Solutions Services Corporation. In addition, unless identified as a rejected contract or lease pursuant to Article VIII of the Modified Plan, contracts and leases primarily relating to business conducted at the following manufacturing facilities of the Debtors, including, but not limited to, the contracts and leases listed on this Schedule, will be assumed by the Debtors and assigned to GM Components: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center).

| **Non-Debtor Counterparty** | **Applicable Manufacturing Facility** | **Contract(s)** | **Cure Amount (If Any)[1]** |
|---|---|---|---|
| Kokomo Gas and Fuel Company | Kokomo | Agency Agreement and Agreement For Gas Transportation Pooling Service between Kokomo Gas and Fuel Company and Delco Electronics Corporation, dated February 1, 1994 | $0.00 |

---

[1] The cure amounts, if any, relating to contracts noted with "*" are currently disputed pursuant to the procedures set forth in the Confirmed Plan and the December 10 Solicitation Procedures Order.