Hearing Date and Time: September 24, 2009 at 10:00 a.m. (prevailing Eastern time)
Response Date and Time: September 18, 2009 at 5:00 p.m. (prevailing Eastern time)

Michael J. Roeschenthaler (PA ID #87647)
William C. Price (PA ID #90871)
MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222

    -and-

Shawn R. Fox
MCGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105

*Attorneys for Alumax Mill Products, Inc.
and Alcoa Automotive Castings, A Michigan Partnership,*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF ALUMAX MILL PRODUCTS, INC., ALCOA AUTOMOTIVE CASTINGS, A MICHIGAN PARTNERSHIP, AND SPCP GROUP LLC TO THE DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE (A) BOOKS AND RECORDS CLAIM, (B) CERTAIN SALARIED PENSION AND OPEB CLAIMS, (C) CERTAIN WAGE AND BENEFIT CLAIMS, AND (D) CERTAIN INDIVIDUAL WORKERS' COMPENSATION BOOKS AND RECORDS CLAIMS AND
(II) MODIFY AND ALLOW CERTAIN CLAIMS**

Alumax Mill Products, Inc. ("Alumax"), Alcoa Automotive Castings ("Alcoa Automotive") and SPCP Group LLC (collectively, the "Claimants"), by and through their undersigned counsel, submit this Response (the "Response") to the Debtors' Thirty-Fifth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge (A) Books and Records Claim, (B) Certain Salaried Pension and OPEB Claims,

(C) Certain Wage and Benefit Claims, and (D) Certain Individual Workers' Compensation Books and Records Claims and (II) Modify and Allow Certain Claims (the "Thirty-Fifth Omnibus Claims Objection"), and in support hereof state as follows:

### Background

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

2. The Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) on October 8, 2005 (the "Petition Date"). No trustee or examiner has been appointed in this case.

3. On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502 and 1111(a) and Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), and 5005(a) Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 3206), which order established July 31, 2006 as the last date for all persons and entities to file proofs of claim.

**A.    Alumax Mill Products, Inc. (Claim No. 12006)**

4. Before the Petition Date, Alumax sold and delivered/provided to the Debtors aluminum flat sheet, aluminum coil, aluminum plate products and related services pursuant to purchase orders/requests submitted by the Debtors.

5. Alumax filed a proof of claim, claim number 12006, asserting an unsecured, non-priority claim in the amount of $713,498.23 on July 28, 2006 ("Claim 12006"). A true and correct copy of Claim 12006 was attached to the Response of Alumax Mill Products, Inc., Alcoa Automotive Castings, a Michigan Partnership and Alcoa Extrusions, Inc. to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject

to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order (the "Response to Twenty-Fourth Omnibus Claims Objection") (Docket 12222) and marked as Exhibit A.  A portion of Claim 12006 ($329,238.02) was subsequently assigned to SPCP Group LLC on February 27, 2007 (the "SPCP Alumax Claim"), thus reducing Alumax's interest (the "Alumax Claim") in Claim 12006 to $384,260.21.  Notice of the partial transfer was filed with this Court on February 27, 2007.  (Doc. No. 7061).

6. Claim 12006 is based on amounts due and owing Alumax pursuant to various wholly/partially unpaid invoices and in part upon improper automatic unilateral deductions/debits[1] taken by the Debtors prior to the Petition Date.  True and correct copies of the wholly/partially unpaid invoices are attached to the Response to Twenty-Fourth Omnibus Claims Objection and marked as Exhibit B.  The amounts remaining due on the unpaid invoices are delineated on the attachment to Claim 12006 as filed with this Court.

**B.    Alcoa Automotive Castings, a Michigan Partnership (Claim No. 12007)**

7. Before the Petition Date, Alcoa Automotive sold and delivered/provided to the Debtors cast aluminum products and related services pursuant to purchase orders/requests submitted by the Debtors.

8. Alcoa Automotive filed a proof of claim, claim number 12007, asserting an unsecured, non-priority claim in the amount of $752,684.74 on July 28, 2006 ("Claim 12007" together with Claim 12006, the "Claims").  A true and correct copy of Claim 12007 was attached to the Response to Twenty-Fourth Omnibus Claims Objection and

---

[1] Due to the unilateral and unauthorized nature of the deductions/debits taken by the Debtors, the Claimants require documentation from the Debtors showing the bases for such reductions and proof of the propriety of the same at any trial/evidentiary hearing on the Thirty-Fifth Omnibus Claims Objection to Claim 12006.  Likewise, the Claimants request proof of the bases for short pays and non-payment at any trial/evidentiary hearing on the Thirty-Fifth Omnibus Claims Objection to Claim 12006.

3

marked as Exhibit C.  A portion of Claim 12007 ($268,346.36) was transferred to SPCP Group LLC on November 14, 2006 (the "SPCP Alcoa Automotive Claim"), thus reducing Alcoa Automotive's interest (the "Alcoa Automotive Claim") in Claim 12007 to $484,338.38.  Notice of the partial transfer was filed with this Court on December 22, 2006.  (Doc. No. 6276).

9.  Claim 12007 is based on amounts due and owing Alcoa Automotive pursuant to an unpaid invoice for a cancellation charge and wholly/partially unpaid invoices for cast aluminum products and related services provided to the Debtors.  True and correct copies of the unpaid invoice for a cancellation charge and the wholly/partially unpaid invoices for cast aluminum products and related services are attached to the Response to Twenty-Fourth Omnibus Claims Objection and marked as Exhibit D.  The amounts remaining due on the unpaid invoices are delineated on the attachment to Claim 12007 as filed with this Court.

## The Thirty-Fifth Omnibus Objection to Claims

10.  On August 21, 2009, the Debtors filed the Thirty-Fifth Omnibus Claims Objection.

11.  The Thirty-Fifth Omnibus Claims Objection identifies Claim 12006 on Exhibit F – Claims Allowed Pursuant to Settlement.  The Debtors propose to reduce Claim 12006 as follows: (i) Alumax Claim from $384,260.21 to $207,734.49; and (ii) SPCP Alumax Claim from $329,238.02 to $177,672.73.

12.  The Thirty-Fifth Omnibus Claims Objection identifies Claim 12007 on Exhibit F – Claims Allowed Pursuant to Settlement.  The Debtors propose to reduce Claim 12007 as follows: (i) Alcoa Automotive Claim from $484,338.38 to $8,967.88; and (ii) SPCP Alcoa Automotive Claim remains the same at $268,346.36.

13.  For the reasons stated more fully below, the Claimants object to the Debtors' proposed treatment of their respective claims as set forth in the Thirty-Fifth Omnibus

4

Claims Objection and respectfully request that this Court deny the Thirty-Fifth Omnibus Claims Objection as it applies to the Claims.

## **Claimants Response**

14.     The Debtors' objections to the Claims should be overruled as (i) the Debtors' fail to sufficiently rebut the *prima facie* validity of the Claims 12006 and 12007 as filed with this Court, and (ii) as evidenced by the documentation attached to the Response to Twenty-Fourth Omnibus Claims Objection and the averments contained herein, the Claims are valid claims notwithstanding the apparent deficiencies in the Debtors' books and records.

**a. The Debtors' Thirty-Fifth Omnibus Claims Objection Fails to Overcome the *Prima Facie* Validity of the Claims 12006 and 12007.**

15.     A duly executed and properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  See Fed. R. Bankr. P. 3001(f).  The Claimants have executed and properly filed the proofs of claim in these cases.

16.     It is "well settled that the party objecting to a proof of claim has the burden of coming with *sufficient evidence* rebutting the validity of a properly filed proof of claim." In re King, 305 B.R. 152, 162 (Bankr. S.D. N.Y. 2004) citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir. 1992).  The objecting party bears the "burden of putting forth *some* evidence that would refute at least one of the allegations" that is essential to the claim's validity.  See Id.

17.     The Debtors in the instant case have provided *no* evidence, let alone *sufficient* evidence to overcome the *prima facie* validity of each of the Claimants' duly executed and properly filed proofs of claim.  The Debtors have merely alleged, with no supporting affidavit, that the Claims have been compromised by the Debtors and the Claimants and should be reduced pursuant to settlement (Claim 12006 and Claim 12007).  The Claimants are unaware of any such settlement or compromise of the

5

Claims. The Claimants' respective proofs of claim alone overcome the Debtors' objections yet, when coupled with the documentation attached to the Response to Twenty-Fourth Omnibus Claims Objection, it is clear that the Claims are legitimate claims that should be allowed *in toto* and the Debtors' purported "settlement" of the Claims is inaccurate and deficient.

18. Accordingly, the Debtors' Thirty-Fifth Omnibus Claims Objection should be overruled.

**b. The Claims are Valid Claims.**

19. Assuming in *arguendo*, that the Thirty-Fifth Omnibus Claims Objection contains evidence that overcomes the *prima facie* validity of Claims 12006 and 12007, the evidence and averments attached hereto overcome such evidence and adequately support the claims of the Claimants. The volume of documentation previously attached to the Response to Twenty-Fourth Omnibus Claims Objection is proof that the Debtors' books and records are deficient and inaccurate. Accordingly, the Thirty-Fifth Omnibus Claims Objection to the Claims should be overruled.

**Reservation of Rights**

20. The Claimants reserve their rights to supplement this Response at any time, including but not limited to their rights to introduce additional documentation/evidence in the event of a non-evidentiary/evidentiary hearing.

21. Further pleadings or inquiries regarding any of the Claims should be addressed to:

        Paul D. Kopatich
        Alcoa Inc.
        201 Isabella Street
        Pittsburgh, PA 15212
        Tel: (412) 553-2433

WHEREFORE, Alumax Mill Products, Inc., Alcoa Automotive Castings and SPCP Group LLC respectfully request that the Court overrule the Thirty-Fifth Omnibus Claims Objection as it relates to them, deem the Claims allowed in the amounts set forth therein and grant such other relief that is warranted.

Dated: September 18, 2009                    Respectfully Submitted,

**MCGUIREWOODS LLP**

By:    /s/ Shawn R. Fox
Shawn R. Fox
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
Tel:    (212) 548-2100
Fax:    (212) 548-2150
sfox@mcguirewoods.com

-and-

Michael J. Roechenthaler (PA ID #87647)
William C. Price (PA ID #90871)
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel:    (412) 667-6000
Fax:    (412) 667-6050
mroeschenthaler@mcguirewoods.com
wprice@mcguirewoods.com

*Attorneys for Alumax Mill Products, Inc., Alcoa Automotive Castings and SPCP Group LLC*