**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | Chapter 11 |
| Debtors | ) | (Jointly Administered) |

## RESPONSE TO THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION

COMES NOW, Consolidated Electrical Distributors, Inc. ("CED"), by and through its counsel, Michael P. Alley, of Clark, Mize & Linville, Chartered, Salina, Kansas, and for its *Response to Thirty-Fifth Omnibus Claims Objection* shows unto the Court:

1. CED is responding to the *Notice of Objection to Claim* dated August 21, 2009 as it relates to Claim Number 16801 filed by CED on February 1, 2008 in the amount of $10,869.99 ("the Claim"). A copy of the *Notice of Objection to Claim* and Claim is attached hereto.

2. The name of the claimant is Consolidated Electrical Distributors, Inc. The Claim arose by virtue of goods sold to Debtor in the amount of $10,869.99. The claim is fully secured by virtue of credits that CED owed to Debtor in the amount of $22,401.80. On January 28, 2008, CED remitted a check to Debtor in the amount of $11,531.81 representing the net amount owed to Debtor after the setoff of CED's secured claim. The check was thereafter negotiated by Debtor. A copy of the January 28, 2008 cover letter to Debtor and aforementioned check is attached hereto.

3. By virtue of the Settlement Agreement that CED submitted to awinchell@teamtogut.com on September 15, 2008, CED believed all issues pertaining to the Claim had been resolved. A copy of the Settlement Agreement is attached hereto.

4. Based on its negotiation of the aforementioned check, and Debtor's later acceptance of the Settlement Agreement, Debtor's objection to CED's claim should be

In Re:  Delphi Corporation, et al.
 CED's Response to Debtor's Objection to Claim #16801
 Page 2

disallowed in its entirety based on, among other legal theories: a) accord and satisfaction; b)

setoff; c) estoppel; and d) payment.  CED voluntarily came forth in these proceedings and

remitted to the Debtor "property of the estate" which, based on information and belief, Debtor

was not even aware of in the first place.  In return, Debtor has now objected to CED's claim.

5.     If CED's claim is disallowed in any manner, Debtor should be ordered to return

the $11,531.81 that was remitted to Debtor on January 28, 2008, in good faith, as an accord and

satisfaction of the various mutual debts between the parties.

6.     All responses to this *Response* should be addressed to the undersigned counsel at

the address set forth below.

7.     As of September 15, 2009, CED's counsel and Debtor's counsel are attempting to

resolve the aforementioned issues.  This Response, however, is being filed out of an abundance

of caution to preserve CED's rights should informal resolution not be successful.  On September

15, 2009, Debtor's counsel agreed to allow CED until September 18, 2009 to file this Response.

WHEREFORE, CED respectfully requests that the *Notice of Objection to Claim* be

denied and dismissed with prejudice; that CED's secured claim in the amount of $10,869.99 be

allowed in its entirety; that, if the Court disallows any aspect of the Claim, Debtor be ordered to

return the $11,531.81 that was remitted to Debtor on January 28, 2008, in good faith, as an

accord and satisfaction of the various mutual debts between the parties; and that the Court grant

CED such other and further relief as the Court deems just, proper, and equitable.

DATED: September 15, 2009

(continued on page 3)

In Re: Delphi Corporation, et al.
  CED's Response to Debtor's Objection to Claim #16801
  Page 3

Michael P. Alley, KS #19790; MO #52719
CLARK, MIZE & LINVILLE, CHTD.
P.O. Box 380
Salina, KS  67402-0380
Tel. (785) 823-6325; Fax (785) 823-1868
mpalley@cml-law.com
Attorneys for CED

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2009 true and correct copies of the above and foregoing *Response* were served in the following manner:

VIA Regular U.S. Mail in hard-copy and via e-mail attachment (PDF) to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton
155 North Wacker Drive
Chicago, IL  60606
John.lyons@skadden.com
Joseph.wharton@skadden.com

VIA Regular U.S. Mail hard-copy to:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI  48098

VIA Regular U.S. Mail hard-copy to:

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court – SDNY
One Bowling Green, Room 632
New York, NY 10004

VIA Regular U.S. Mail hard-copy and via electronic format (PDF) to:

Vito Genna – Clerk of the Court
United States Bankruptcy Court - SDNY
One Bowling Green
New York, NY 10004

Michael P. Alley

# NOTICE OF OBJECTION TO CLAIM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                      :
In re                     :     Chapter 11
                      :
DELPHI CORPORATION, <u>et al.</u>,     :     Case No. 05-44481 (RDD)
                      :
            Debtors.     :     (Jointly Administered)
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<u>NOTICE OF OBJECTION TO CLAIM</u>

Consolidated Electrical Distributors Inc:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim or scheduled liability, the Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be (a) disallowed and expunged, (b) allowed, or (c) modified and allowed as summarized in the table and described in more detail in the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (the "Thirty-Fifth Omnibus Claims Objection"), dated August 21, 2009, a copy of which is enclosed (without exhibits). The Debtors' Thirty-Fifth Omnibus Claims Objection is set for hearing on September 24, 2009 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON SEPTEMBER 17, 2009. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Thirty-Fifth Omnibus Claims Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

**RECEIVED**

AUG 2 4 2009

CLARK, MIZE & LINVILLE, CHTD.

The Claim identified as having a Basis for Objection of "Books and Records Claim" asserts liabilities and a dollar amount that are not owing pursuant the Debtors' books and records.

Claims identified as having a Basis for Objection of "Pension And OPEB Claims" are those Claims for which the Debtors are not liable.

Claims identified as having a Basis for Objection of "Wage And Benefit Claims" are those claims for which the Debtors are not liable.

Claims identified as having a Basis For Objection of "Individual Workers' Compensation Books And Records Claims" are those Claims that assert liabilities or dollar amounts that are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Claims Allowed Pursuant To Settlement" are those Claims with respect to each of which the Debtors, together with the current holders and, as applicable, the original claimants asserting such Claims (the "Claimants"), have reached a settlement in principle with respect to the proper amount of each Claim Allowed Pursuant To Settlement. Accordingly, the Debtors seek to convert the amount of each Claim Allowed Pursuant To Settlement to a fully liquidated amount agreed to between the Debtors and the Claimant and seek to have such Claim allowed in that agreed-upon amount as an unsecured claim against the stated Debtor.

Claims identified as having a Basis for Objections of "Modified And Allowed Claims" are claims that (a) assert priority treatment in part based on a reclamation claim and have been subject to an order entered by the Bankruptcy Court reclassifying all reclamation claims as general unsecured nonpriority claims for all purposes, including for purposes of voting and distribution under any plan of reorganization of the Debtors, and (b) the Debtors seek to have allowed in the amount asserted in the corresponding Proof of Claim as a general unsecured nonpriority Claim.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 02/01/2008 | 16801 | $10,869.99 | Books And Records Claims | Disallow and Expunge | |

If you wish to view the complete exhibits to the Thirty-Fifth Omnibus Claims Objection, you can do so at www.delphidocket.com. If you have any questions about this notice or the Thirty-Fifth Omnibus Claims Objection to your Claim, please contact the Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

Claims Agent at 1-888-249-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on September 17, 2009. Your Response, if any, to the Thirty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the September 24, 2009 hearing date to a future date to be

set pursuant to the Claims Objection Procedures Order. With respect to all uncontested objections, the Debtors have requested that the Court conduct a final hearing on September 24, 2009 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION. PURSUANT TO THE CLAIMS OBJECTION PROCEDURES ORDER, THE DEBTORS MAY ELECT, IN THEIR SOLE DISCRETION, TO ACCEPT SUCH AMOUNT PROVISIONALLY AS THE ESTIMATED AMOUNT OF YOUR PROOF OF CLAIM PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE FOR ALL PURPOSES OTHER THAN ALLOWANCE, BUT INCLUDING VOTING AND ESTABLISHING RESERVES FOR PURPOSES OF DISTRIBUTION UNDER A REORGANIZATION PLAN. YOUR PROOF OF CLAIM WOULD REMAIN SUBJECT TO FURTHER OBJECTION AND REDUCTION, AS APPROPRIATE, AND TO SECTION 502(j) OF THE BANKRUPTCY CODE. THE DEBTORS' ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED TO THE CLAIMS OBJECTION PROCEDURES ORDER.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining a Claim against the Debtors.

Dated:  New York, New York
        August 21, 2009

SVC. 1
PACK NO.: 1

CASE No.05-44481
PRF No.: 18588

CONSOLIDATED ELECTRICAL DISTRIBUTORS INC
MICHAEL P ALLEY
PO BOX 380
SALINA, KS 67402-0380

# PROOF OF CLAIM

FORM B10 (Official Form 10) (10/05)

*AMENDED*

| United States Bankruptcy Court | Southern District of New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Consolidated Electrical Distributors, Inc.

Name and address where notices should be sent:

Michael P. Alley
PO Box 380
Salina, KS  67402-0380

Telephone number: 785-823-6325

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☑ Check box if the address differs from the address on the envelope sent to you by the court.

*This space is for Court Use Only*

Last four digits of account or other number by which creditor identifies debtor:  2519; 5507

Check here if this claim  ☐ replaces   ☑ amends   a previously filed claim, dated: 5-5-2006

**1. Basis for Claim**
- ☑ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Last four digits of your SS#: _____

Unpaid compensation for services performed

from _____ to _____
　　　 (date)　　　　(date)

**2. Date debt was incurred:**  10/2005

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☑ Other setoff_____
Value of Collateral:  $ 22,401.80_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ 10,869.99_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____   10,869.99    _____    10,869.99
　　　　　　　　　　　　　　　　　　　　　(unsecured)　　(secured)　　(priority)　　(Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

*This Space Is for Court Use Only*

| Date<br><br>1-28-08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Michael P. Alley - Attorney in Fact | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| UNITED STATES BANKRUPTCY COURT __Southern__ | DISTRICT OF __New York__ | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor
Delphi Corporation

Case Number
05-44481

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Consolidated Electrical Dist

Name and address where notices should be sent:

Consolidated Electrical Dist
Add Chg 9 02 Mh
~~PO Box 2616~~  PO BOX 461667
~~Laredo TX 78041~~  SAN ANTONIO TX 78263

Telephone number: 210 ~~633~~ 366 0327

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here
if this claim ☐ replaces    a previously filed claim, dated:_____
    ☐ amends

**1. Basis for Claim**
- ☒ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:**
Oct. 2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _10869.99_                  _10869.99_
                                  (unsecured)    (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
MAY - 5 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

Date
4.28.06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): ANDREW A. MICKNICZ
DIVISION CREDIT MANAGER

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.


05444810604101914010400086

*** MAY NOT REPRESENT ALL UNPAID ITEMS ***

S T A T E M E N T                                      PAGE    1

CED
REMIT TO: CED-CONSOLIDATED ELECTRICAL
          P.O. BOX 461667 SAN ANTONIO, TX  78246

| | LOCATION | ACCOUNT NO. | DATE |
|---|---|---|---|
| | 1989 | 05-22519 | 12/27/05 |

DELPHI AUTOMOTIVE SYSTEM
CARR INTL ZARAGOZA
PO BOX 981012
EL PASO, TX  79998-1012

Refer to Invoices for terms.  A
Service Charge will be made for
Past Due Accounts.

Please check off the Invoices
you are paying and send a copy of
this statement along with your
remittance to the address printed
above.

| LEGEND | AGE | DATE | REFERENCE | DISCOUNT | CHARGES | CREDITS |
|---|---|---|---|---|---|---|
| CSR<br>Cash Recd | 30<br>00 | 10/13/05 COR<br>11/02/05 NSF | 1989-189930<br>1989-900714 | Exem/.00<br>.00 | 649.64<br>9,886.08 | .00<br>.00 |
| CRM<br>Credit Memo | | | | | | |
| CDC<br>Cash Disc | | | | | | |
| COR<br>Correction | | | | | | |
| SVC<br>Service Chg | | | | | | |
| NSF<br>Returned Chk | | | | | | |
| TAX<br>Sales Tax | | | | | | |
| FRT<br>Freight | | | | | | |

| | Current | 30 Days | 60 Days | 90 Days | Balance Due |
|---|---|---|---|---|---|
| Status of<br>Account | 9,886.08 | 649.64 | .00 | .00 | 10,535.72 |

*** MAY NOT REPRESENT ALL UNPAID ITEMS ***

S T A T E M E N T                                    PAGE    1

CED
REMIT TO: CED-CONSOLIDATED ELECTRICAL
         P.O. BOX 461667 SAN ANTONIO, TX  78246

|  | LOCATION | ACCOUNT NO. | DATE |
|---|---|---|---|
|  | 1989 | 05-25507 | 12/27/05 |

DELPHI AUTO SYS SA DE CV
ACCTS PAYABLE DEPT
PO BOX 981012
EL PASO, TX  79998-1012

Refer to Invoices for terms. A
Service Charge will be made for
Past Due Accounts.

Please check off the Invoices
you are paying and send a copy of
this statement along with your
remittance to the address printed
above.

| LEGEND | AGE | DATE | REFERENCE | DISCOUNT | CHARGES | CREDITS |
|---|---|---|---|---|---|---|
| CSR<br>Cash Recd | 90 | 09/15/04 | 1989-476286 | .00 | 334.27 | .00 |
| CRM<br>Credit Memo |  |  |  |  |  |  |
| CDC<br>Cash Disc |  |  |  |  |  |  |
| COR<br>Correction |  |  |  |  |  |  |
| SVC<br>Service Chg |  |  |  |  |  |  |
| NSF<br>Returned Chk |  |  |  |  |  |  |
| TAX<br>Sales Tax |  |  |  |  |  |  |
| FRT<br>Freight |  |  |  |  |  |  |

| Status of Account | Current | 30 Days | 60 Days | 90 Days | Balance Due |
|---|---|---|---|---|---|
|  | .00 | .00 | .00 | 334.27 | 334.27 |

*** MAY NOT REPRESENT ALL UNPAID ITEMS ***

S T A T E M E N T                                    PAGE    1

Consolidated Electrical Distributors, Inc.
REMIT TO: P.O. BOX 2259
       MISSION, KS  66201          dBa: Rensenhouse
                                        Electric

                                              ACCOUNT NO.        DATE
                                              DELENE           11/15/07

    AUTOMOTIVE COMP. /DELPHI                  Refer to Invoices for terms.  A
    PO#JDBOO172-SPOT BUY                      Service Charge will be made for
    400 W DENNIS                              Past Due Accounts.
    OLATHE, KS   66061
                                              Please check off the Invoices
                                              you are paying and send a copy of
                                              this statement along with your
                                              remittance to the address printed
                                              above.

- LEGEND  AGE    DATE       JOB/SUB#    REFERENCE DISCOUNT      CHARGES      CREDITS -

CSR          90 12/15/03 CSR 31-20517 3588-000160      .00         .00        212.32-
Cash Recd    90 01/22/04 CSR 31-20517 3588-482314      .00         .00      6,011.09-
             90 01/23/04 CSR 31-20517 3588-478609      .00         .00        400.99-
CRM          90 01/23/04 CSR 31-20517 3588-479660      .00         .00        364.14-
Credit Memo  90 03/16/04 CSR 31-20517 3588-000614      .00         .00        228.24-
             90 07/02/04 CSR 31-20518 3588-000406      .00         .00      7,465.98-
CDC          90 10/01/04 CSR 31-20518 3588-916195      .00         .00        204.24-
Cash Disc    90 12/01/04 CSR 31-20517 3588-519127      .00         .00        327.00-
             90 05/20/05 CRM 31-20517 3588-208059      .00         .00      6,272.09-
COR          90 06/15/05 CRM 31-20517 3588-209732      .00         .00        896.91-
Correction   90 10/28/05 CSR 31-20517 3588-973351      .00         .00         18.80-

SVC
Service Chg

NSF
Returned Chk

TAX
Sales Tax

FRT
Freight

                   Current        30 Days      60 Days       90 Days     Balance Due
Status of
Account               .00            .00          .00      22,401.80-    22,401.80-

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
1413 POTTER DRIVE, COLORADO SPRINGS, CO 80909
PH (719)591-8271 FAX (719)591-4154

BANK OF AMERICA, N.A.
Chicago, Illinois

CHECK NO. 874573

2-3
710

| PAY TO THE ORDER OF: | DELPHI CORPORATION 9736 | DATE 12/26/07 | AMOUNT OF CHECK $********11,531.81** |

VOID IF OVER $11,531.81

AUTHORIZED SIGNATURE

THE FACE OF THIS DOCUMENT HAS A BLUE BACKGROUND ON WHITE PAPER

⑈874573⑈ ⑆071000039⑆ 86661⑈27345⑈

PAYEE: DELPHI CORPORATION
CHECK DATE: 12/26/07

CDELPH

CHECK # 874573
AMOUNT $********11,531.81**

| LOCATION | FILE REFERENCE PC DATE # | INVOICE DATE | INVOICE NUMBER | DOC TYPE | REF. NO. | INVOICE AMOUNT | DISCOUNT | LOCATION TOTAL | DISCOUNT |
|---|---|---|---|---|---|---|---|---|---|
| MISSION CREDIT | 9736 1226 002 | 12/26/07 | 20517-20518 | IN | | 11,531.81 | .00 | 11,531.81 | .00 |

IN PAYMENT ON ACCOUNT OF:
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. 1413 POTTER DRIVE, COLORADO SPRINGS, CO 80909

11,531.81 .00

# JANUARY 28, 2008 LETTER

# CLARK, MIZE & LINVILLE
## CHARTERED

PETER L. PETERSON
JOHN W. MIZE
GREG A. BENGTSON
MICKEY W. MOSIER
PAULA J. WRIGHT
ERIC N. ANDERSON
DUSTIN J. DENNING
MICHAEL P. ALLEY
PETER S. JOHNSTON
JARED B. JOHNSON

ATTORNEYS AT LAW

129 S. EIGHTH, P.O. BOX 380
SALINA, KANSAS 67402-0380
TELEPHONE: (785) 823-6325
FAX: (785) 823-1868

128 N. MAIN
LINDSBORG, KANSAS 67456
TELEPHONE: (785) 227-2010

www.cml-law.com

C.L. CLARK (1908 – 2004)
JAMES P. MIZE (1910 – 1988)

AUBREY G. LINVILLE
L.O. BENGTSON
RETIRED

January 28, 2008

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098

Re:    Delphi Corporation
       USBC SDNY Case No. 05-44481-11

To Whom It May Concern:

I represent Consolidated Electrical Distributors, Inc. ("CED"). CED holds a $10,869.99 secured claim against Delphi Corporation ("Delphi") in the above case. Delphi, however, has a $22,401.80 credit balance with CED.

I have, therefore, enclosed a check in the amount of $11,531.81 made payable to Delphi. The check represents the remaining credit balance after setoff of CED's secured claim. I have also enclosed a copy of the Amended Proof of Claim that will be filed in the bankruptcy case.

Please contact me with any questions regarding this matter.

Very truly yours,

CLARK, MIZE & LINVILLE, CHARTERED

Michael P. Alley

Enclosures

pc:    Client-RS

PAPER CONTAINS FLUORESCENT FIBERS

**CED**

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
1413 POTTER DRIVE, COLORADO SPRINGS, CO 80909
PH (719)591-8271  FAX (719)591-4154

BANK OF AMERICA, N.A.
Chicago Illinois

CHECK NO.  **874573**

2-3
710

PAY TO THE
ORDER OF:

**DELPHI CORPORATION**
9736

DATE
12/26/07

AMOUNT OF CHECK
$********11,531.81**

VOID IF OVER $11,531.81

AUTHORIZED SIGNATURE

THE FACE OF THIS DOCUMENT HAS A BLUE BACKGROUND ON WHITE PAPER

⑈874573⑈ ⑆071000039⑆ 86661⑈27345⑈

PAYEE:   DELPHI CORPORATION
CHECK DATE:  12/26/07

CDELPH

CHECK #        874573
AMOUNT    $********11,531.81**

| LOCATION | FILE REFERENCE PC  DATE  # | INVOICE DATE | INVOICE NUMBER | DOC TYPE | REF. NO. | INVOICE AMOUNT | DISCOUNT | LOCATION TOTAL | DISCOUNT |
|---|---|---|---|---|---|---|---|---|---|
| MISSION CREDIT | 9736 1226 002 | 12/26/07 | 20517-20518 | IN | | 11,531.81 | .00 | 11,531.81 | .00 |

IN PAYMENT ON ACCOUNT OF:
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.   1413 POTTER DRIVE, COLORADO SPRINGS, CO 80909

11,531.81        .00

# SETTLEMENT AGREEMENT

**Mike Alley**

| | |
|---|---|
| **From:** | Andy Winchell [awinchell@teamtogut.com] |
| **Sent:** | Friday, September 12, 2008 11:13 AM |
| **To:** | Mike Alley |
| **Subject:** | FW: Delphi/Consolidated Electric: Setoff agreement |
| **Attachments:** | Consolidated Electric settlement agreement 072108.doc; Consolidated Electric Setoff.pdf |

Michael--

Anything further on this?

Thanks.

--Andy

------ Forwarded Message
From: Andy Winchell <awinchell@teamtogut.com>
Date: Wed, 06 Aug 2008 16:31:20 -0400
To: <mpalley@cml-law.com>
Conversation: Delphi/Consolidated Electric: Setoff agreement
Subject: Delphi/Consolidated Electric: Setoff agreement

Michael--

Delphi obtained approval from its creditors committee of the setoff that Consolidated
Electric effectuated.  Attached is a draft settlement agreement for your review and comments.
This is subject to continuing review by Delphi and all rights are reserved accordingly.

Thanks.

--Andy

------ End of Forwarded Message

## SETTLEMENT AGREEMENT

**THIS AGREEMENT,** dated as of _____ __, 2008 (this "Settlement Agreement"), is entered into by and between Consolidated Electric ("Claimant") and Delphi Corporation.

## RECITALS:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), Delphi Corporation, together with certain of its U.S. affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC ("DAS") filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court"); and

**WHEREAS,** on October 28, 2005, the Bankruptcy Court entered a final order authorizing the Debtors to, among other things, obtain postpetition financing, utilize cash collateral, and grant adequate protection to prepetition secured parties (the "Final DIP Order"); and

**WHEREAS,** on or about May 5, 2006, Claimant filed proof of claim number 4956 ("Proof of Claim 4956") against Delphi Corporation asserting a claim in the amount of $10,869.99; and

**WHEREAS,** by an order entered on March 30, 2007, the Delphi Bankruptcy Court modified Proof of Claim 4956 to $9,886; and

**WHEREAS**, on January 5, 2007, the Bankruptcy Court entered an order authorizing the Debtors to, among other things, refinance their postpetition financing and prepetition secured debt (the "Refinancing Order" and, together with the Final DIP Order, the "DIP Orders"); and

**WHEREAS**, paragraph 18 of the Final DIP Order and paragraph 16 of the Refinancing Order establish, among other things, procedures for creditors to assert setoff and/or recoupment rights; and

**WHEREAS**, consistent with the DIP Orders, on January 28, 2008, Claimant sought authority pursuant to the Final DIP Order to exercise a setoff of prepetition claims and debts between DAS and Claimant (the "Demand"); and

**WHEREAS**, in the Demand, Claimant alleges that it owes DAS the amount of $22,402 for prepetition services and/or goods provided by DAS to the Claimant (the "Payable"); and

**WHEREAS**, in the Demand, Claimant alleges that Delphi owes Claimant the amount of $10,870 for prepetition services and/or goods provided by Claimant to DAS (the "Receivable"); and

**WHEREAS**, on February 8, 2008, Claimant filed proof of claim 16801 ("Proof of Claim 16801" and collectively with Proof of Claim 4956, the "Claims") amending Proof of Claim 4956 and asserting a claim in the amount of $10,869.99 secured by a right of setoff; and

**WHEREAS,** Claimant and Delphi (together, the "Parties") agreed on the amounts of the Payable and Receivable as set forth in the Attached Exhibit "1"; and

**WHEREAS,** to resolve the Demand, Delphi and Claimant have agreed to enter into this Settlement Agreement (the "Settlement Agreement"); and

**WHEREAS,** Delphi is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval (Docket No. 4414) entered by the Delphi Bankruptcy Court on June 29, 2006.

**NOW THEREFORE,** in consideration of the premises set forth above and by execution of this Settlement Agreement, Delphi and Claimant agree as follows:

1.    Effective Date and Stipulated Order.  The Debtors and Claimant agree to execute the Stipulation and Agreed Order in the form annexed hereto.  The Settlement shall be effective upon the Stipulation and Agreed Order becoming "so ordered" by the Delphi Bankruptcy Court (the "Effective Date").

2.    Authorization of Setoff.  Upon the Effective Date, Claimant shall be authorized to set off the amount of the Receivable, as reconciled in Exhibit "1", against the amount of the Payable, as reconciled in Exhibit "1", pursuant to section 553 of the Bankruptcy Code (the "Setoff") and paragraph 18 of the Final DIP Order. Exhibit "1" sets forth a full and complete schedule of the invoices (the "Invoices") and the reconciled amounts of the Final Receivable and Final Payable that are the subject of the Demand.

3.    Payment of Receivable.  Within three (3) days following the Effective Date, Claimant shall pay to Delphi Corporation the total sum of $11,531.81 as settlement of the Receivable.

4.    Claim Disallowance And Waiver Of Rights.  The Debtors and Claimant agree that on the Effective Date, the Claims shall be disallowed and expunged in their entirety. Claimant, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former, current, and future officers, directors, owners, employees, and other agents (the "Claimant Releasing Parties"), hereby release, and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claims.

5.    Governing Law.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

6.    Representations and Warranties.  The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations,

warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Agreement.

7.    <u>Entire Understanding</u>.  This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and Claimant.

8.    <u>No Party Deemed Drafter</u>.  This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Claimant and its counsel.  Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

9.    <u>Counterparts</u>.  This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Agreement.

Accepted and agreed to by:

Delphi Corporation

By:
Name:   Dean R. Unrue
Title:    Delphi Claims Administrator
Dated:   _____ ___, 2008

Consolidated Electric Distributors, Inc.

By:
Name:  Michael P. Alley
Title:  Attorney-in-fact
Dated:  September 15, 2008

## Consolidated Electric Pre-Petition Setoff Request Summary

**Consolidated Electric Perspective**

|  | Total |
|---|---|
| Delphi A/R | $22,402 |
| Delphi A/P | $10,870 |
| Total Setoff Amount | $10,870 |
| Amount Due to Delphi [1] | $11,532 |

[1] $11,532 paid on Check #874573.

**Delphi Perspective**

|  | Total |
|---|---|
| Delphi A/R | $22,402 |
| Delphi A/P | $9,886 |
| Total Setoff Amount | $9,886 |
| Amount Due to Delphi | $12,516 |

**Agreed Upon Setoff Amount**

|  | Total |
|---|---|
| Total Setoff Amount | $9,886 |

Confidential - Material Non-Public Information

| Delphi A/P Records | |
| --- | --- |
| Document Date | Total Amount |
| | |
| Pre-Petition | 9,886.08 |
| | 9,886.08 |

| Consolidated Electric A/R Records | | |
| --- | --- | --- |
| Reference # | Due Date | Amount |
| 1989-476286 | 9/15/2004 | 334.27 |
| 1989-189930 | 10/13/2005 | 649.64 |
| 1989-900714 | 11/2/2005 | 9,886.08 |
| | | 10,869.99 |
| | | |
| Unapplied Credits | | |
| 3588-000160 | 12/15/2003 | (212.32) |
| 3588-482314 | 1/22/2004 | (6,011.09) |
| 3588-478609 | 1/23/2004 | (400.99) |
| 3588-479660 | 1/23/2004 | (364.14) |
| 3588-000614 | 3/16/2004 | (228.24) |
| 3588-000406 | 7/2/2004 | (7,465.98) |
| 3588-916195 | 10/1/2004 | (204.24) |
| 3588-519127 | 12/1/2004 | (327.00) |
| 3588-208059 | 5/20/2005 | (6,272.09) |
| 3588-209732 | 6/15/2005 | (896.91) |
| 3588-973351 | 10/28/2005 | (18.80) |
| Total | | (22,401.80) |

Confidential - Material Non-Public Information
Delphi AP