Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, New York 10004

September 2, 2009

Case No.05-44481 (RDD)
Claim No.9396
Title of Claim
   (A) Individual Worker's Compensation
   (B) Books and Records Claims
      Survivor Pension Benefits

Honorable Judge Drain,
Regarding the above case number and claims concerning the claimant Joan Lyons (Executrix of the Estate of David E. Lyons) I Joan Lyons object to the decision to disallow these claims.

The basis for the objection is that I feel the claim #9396 should not be disallowed or expunged due to the Wrongful Death Settlement against Delphi Corporation. In the Wrongful Death Settlement against Delhi Corporation we agreed upon that I would receive these benefits for life. To answer your question concerning the amount of the claim #9396, this figure cannot be determined due to receiving these benefits for life.

I have previously filed a Proof of Claim form with the Court

Enclosed is a hard copy of the Wrongful Death Settlement between myself; Joan Lyons (Executrix of the Estate of David E. Lyons) and the Delphi Corporation.

Sincerely,

*Joan C. Lyons*

Joan C. Lyons
Executrix to the Estate of David E. Lyons



RECEIVED SEP - 9 2009 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

Ms. Joan Lyons
103 Autumn Ridge Trl.
Farmersville, OH 45325

*[Handwritten annotations: "Page 2 of 3 Exp Page 2 of 6 Benefits Agreed on By Delphi And Me", "COPY 1/22/2004", "Wrongful Death Settlement"]*

## Settlement Agreement, General Release and Covenant Not to Sue

This Settlement Agreement, General Release and Covenant Not To Sue (the "Agreement") is entered into as of this 22nd day of January, 2004, by and among Delphi Automotive Systems ("Delphi") and Joan Anne Lyons, in her individual capacity and has executrix of the estate of David E. Lyons (the "Releasor").

WHEREAS, David E. Lyons is alleged to have suffered injuries and death as a result of an accident at Delphi's Wisconsin Boulevard plant in Dayton, Ohio on November 17, 2000 (the "Accident"); and

WHEREAS, Releasor is the executrix of the estate of David E. Lyons; and

WHEREAS, Releasor alleges loss of consortium due to David E. Lyons' injuries and death; and

WHEREAS, Releasor has filed a lawsuit against Delphi in the Montgomery County Court of Common Pleas entitled <u>Lyons v. American Freightways, Inc. et. al.</u>, Case No. 01 4943 ("the Litigation"); and

WHEREAS, the parties to the Litigation desire to settle and resolve their disputes on the terms and conditions set forth below and to terminate all matters in controversy between them and all matters related to the Injuries, including all issues that have been or could have been raised by anyone in the Litigation; and

WHEREAS, it is the intent of Releasor by executing this Agreement to release any and all her claims against Delphi, both in her individual capacity and as executrix of the estate of David E. Lyons; and

WHEREAS, the parties have agreed to settle separately Releasor's claim pending before the Ohio Bureau of Workers' Compensation for an alleged violation of a specific safety requirement, No. 00-807029 (the "VSSR claim"), for the total sum of $40,000.00, which separate settlement shall be memorialized in the form required by the Ohio Bureau of Workers' Compensation; and

NOW, THEREFORE, in consideration of the promises, covenants and releases contained herein, which constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the undersigned, Releasor agrees as follows:

1. Releasor, individually and on behalf of the estate of David E. Lyons, and on behalf of her successors, heirs, assigns, executors, administrators and beneficiaries, hereby release and forever discharge Delphi and its officers, directors, shareholders, agents, consultants, attorneys, employees, insurers, representatives, affiliates, parents, subsidiaries, predecessors and successors (collectively, the "Releasees"), and each of them, from any and all claims, causes of action, suits, costs, damages, claims for

CLI-1150975v1

attorney's fees, benefits, expenses and obligations of any kind or nature whatsoever against Releasees, whether known or unknown, foreseen or unforeseen, anticipated or unanticipated, vested or contingent, which Releasor now has or in the future may have by reason of any fact, matter, cause or thing whatsoever, including, without limitation, all claims, demands and actions arising out of or related in any way to (i) the Accident and (ii) the Litigation. The parties agree, however, that this release is not intended to affect any claim to workers' compensation benefits under Workers Compensation Claim No. 00-807029 or the VSSR claim. The parties further agree that the release is not intended to affect any death benefits that Releasor is currently receiving or is scheduled to receive from Delphi arising out of the Accident. *Survivor Benefits From pension of David E. Lyons*

2. In consideration of the release set forth above, Delphi agrees to pay Releasor the sum of $53,000.00 (the "Settlement Amount") and to forego and waive any claim for costs against Releasor in the Litigation. Each party shall bear its own attorney's fees, court reporter expenses for depositions, consultant and expert fees, and all other litigation expenses.

3. Releasor agrees that she will indemnify and hold Releasees harmless from any and all damages, payments, expenses, costs and fees of whatever kind or nature, including attorney's fees, incurred by Delphi as a result of Releasor's breach of any of the representations or terms set forth in this Agreement, including the bringing of any lawsuit barred or precluded by this Agreement.

4. Should any future claim be made by any entity or person to whom Releasees might be liable, directly or indirectly, as a result of the Accident, Releasor, individually and on behalf of the estate of David E. Lyons, and her successors, heirs and assigns, and the executors, administrators and beneficiaries of their estates, agree to hold and will hold harmless and indemnify Releasees from any and all liability for such claim, including all costs, expenses and attorney's fees incurred in defending any such claim, up to the Settlement Amount.

5. Releasor states that she fully understands and agrees that this Agreement represents the compromise of disputed claims, and that nothing contained herein shall be construed in any manner as an admission of liability in respect of any claim made by Releasor. To the contrary, Delphi specifically denies any wrongdoing, and enters into this Agreement solely to avoid the expense, distraction and inconvenience of litigation.

6. Releasor agrees to dismiss, with prejudice, any claims that they may have against Delphi, including the Litigation.

7. Releasor agrees, on behalf of herself, David E. Lyons' estate, and her successors, heirs, assigns, executors, administrators and agents, including their attorneys, not to disclose to any person the terms of this Agreement, except as may be required by law, and except that they may disclose to accountants, financial planners, lawyers and others such information concerning the Agreement as is necessary for investment and tax purposes, and for administering and settling David E. Lyons' estate. Releasor agrees that, before releasing such information, she shall obtain a signed acknowledgement from the individual(s) to whom such information is to be provided, substantively identical to the

form attached to this Agreement as Exhibit A, and that a copy of such acknowledgment shall be provided to Delphi. As part of her obligations under this paragraph, Releasor agrees not to discuss this Agreement with any representative of any print, radio or television media, or to cause such information to be posted or disseminated on the Internet.

8. Should any part of this Agreement for any reason be declared invalid, that declaration shall not affect the validity of any remaining portion, which remaining portion shall remain in full force and effect, and it is hereby declared the intention of the parties hereto that they would have executed the remaining portion of this Agreement without including therein any such part or parts which may, for any reason, be hereafter declared invalid.

9. Releasor acknowledges that she has been fully advised by counsel of her own choosing with respect to the terms of this Agreement and acknowledges and accepts the consideration described herein as a full, complete, final and binding compromise of all matters in dispute between the Releasor and Releasees or that may arise in the future as a result of Releasor's injuries and/or death. Releasor acknowledges that she has had adequate time to read and consider this Agreement before executing it, that she enters into this Agreement freely and voluntarily, and that she is not executing this Agreement under any duress, economic or otherwise.

10. No term in this Agreement shall be construed against any party on the basis that the party drafted the Agreement.

11. Releasor acknowledges that she may in the future incur additional losses or damages caused by the Accident, that the Accident may lead to other mental disorders, and that they may worsen.

12. This instrument may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall form a single instrument. This instrument shall be effective when executed by all of the parties in the places designated for their signatures below.

13. The Agreement contains the entire agreement between the parties. No other promises have been made, or consideration exchanged, between the parties.

14. This Agreement may not be modified except in writing signed by all parties.

15. This Agreement shall be governed by Ohio law. Any disputes arising under this Agreement shall be governed by the Ohio Arbitration Act, Ohio Rev. Code § 2711.01-16. Any such arbitration shall take place in Dayton, Ohio.

IN WITNESS WHEREOF, the parties have duly executed this Settlement Agreement, General Release and Covenant Not to Sue:

_____*Joan Anne Lyons*_____
Joan Anne Lyons

Sworn to before me and subscribed
in my presence this 22nd day of January, 2004

_____
Witness

*Patrick W. Allen*
Notary Public

My Commission Expires:

PATRICK W. ALLEN, Attorney At Law
Notary Public — State of Ohio
My commission has no expiration date.
Section 147.03 R. C.

Delphi Automotive Systems, Inc.

by:_____

Sworn to before me and subscribed
in my presence this _____ day of _____, 2004.

_____
Witness

_____
Notary Public
My Commission Expires:

IN WITNESS WHEREOF, the parties have duly executed this Settlement Agreement, General Release and Covenant Not to Sue:

_____
Joan Anne Lyons

Sworn to before me and subscribed
in my presence this _____ day of _____, 2004

_____
Witness

_____
Notary Public

My Commission Expires:

Delphi Automotive Systems, Inc.

by: _Thomas J. Green_ (signature)

Sworn to before me and subscribed
in my presence this 22 day of JANUARY, 2004.

_(signature)_
Witness

_(signature)_
Notary Public
My Commission Expires: July 02, 2007

CLI-1150975v1                                    4