**Hearing Date: September 24, 2009**
                   **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
|  In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|         Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-FIFTH OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE (A)
BOOKS AND RECORDS CLAIM, (B) CERTAIN SALARIED PENSION AND OPEB
CLAIMS, (C) CERTAIN WAGE AND BENEFIT CLAIMS, AND (D) CERTAIN
INDIVIDUAL WORKERS' COMPENSATION BOOKS AND RECORDS
<u>CLAIMS AND (II) MODIFY AND ALLOW CERTAIN CLAIMS</u>
("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-FIFTH
OMNIBUS CLAIMS OBJECTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby submit this Omnibus Reply In Support Of Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims, dated August 21, 2009 (the "Thirty-Fifth Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

    1.    The Debtors filed the Thirty-Fifth Omnibus Claims Objection on August 21, 2009, seeking entry of an order (a) disallowing and expunging certain "Claims," as that term is defined in 11 U.S.C. § 101(5), because (i) they were for liabilities and a dollar amount not reflected on the Debtors' books and records, (ii) they were for liabilities owing in connection with the Debtors' pension plans and other post-employment benefits, (iii) they were for certain wages and benefits not reflected on the Debtors' books and records, and (iv) they were asserted by individual current or former employees of the Debtors for workers' compensation benefits not reflected on the Debtors' books and records, (b) allowing certain Claims, each of which asserts priority treatment in part based on a reclamation claim and has been modified pursuant to an order entered by this Court reclassifying all reclamation claims as general unsecured nonpriority claims for all purposes, including for purposes of voting and distribution under any plan of reorganization of the Debtors, as general unsecured nonpriority claims in the asserted amount, and (c) modifying and allowing certain Claims because the Debtors have reached a settlement in

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirty-Fifth Omnibus Claims Objection.

2

principle with the holders of such Claims in the amount of each such Claim to be allowed pursuant to the Objection.

2.      The Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Thirty-Fifth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection. Responses to the Thirty-Fifth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on September 17, 2009.

3.      As of September 21, 2009 at 12:00 p.m. (prevailing Eastern time), the Debtors had received ten timely-filed formal docketed responses (collectively, the "Responses") to the Thirty-Fifth Omnibus Claims Objection. In the aggregate, the Responses cover twelve Claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the twelve Claims for which a Response was filed. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the twelve Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4.      In addition to the Responses, the Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirty-Fifth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved. After reviewing the Informal Responses, the Debtors

3

are withdrawing the Thirty-Fifth Omnibus Claims Objection with respect to seven proofs of claim and modifying the Thirty-Fifth Omnibus Claims Objection with respect to one proof of claim. No Responses were filed with respect to these Claims.

5. <u>Withdrawn Objection</u>. Specifically, the Debtors are withdrawing the Objection as to (a) proof of claim number 416 filed by Hitachi Chemical Singapore Pte Ltd., (b) proof of claim number 7247 filed by ExxonMobil Oil Corporation, (c) proof of claim numbers 10681, 13249, and 13441 filed by Henkel Corporation, (d) proof of claim number 12669 filed by Contrarian Funds LLC as Assignee of Omron Dualtec Automotive Electronics Inc., and (e) proof of claim number 13572 filed by United Plastics Group, Inc.

6. <u>Modified Treatment</u>. The Debtors are modifying the proposed treatment of claim number 9263, which was filed by Trans-Tron Ltd., Inc. ("Trans-Tron") and is held in part by Trans-Tron and in part by Bear Stearns Investment Products Inc. ("Bear Stearns"). With the Objection, the Debtors sought to have proof of claim number 9263 modified and allowed in the aggregate amount of $2,458,803.34, of which $1,898,687.94 would be allocated to Bear Stearns and $560,115.40 would be allocated to Trans-Tron. Since the filing of the Objection and following discussions with counsel for Trans-Tron and Bear Stearns, the Debtors propose to increase Bear Stearns' portion of the allowed claim to $2,240,718.54 and decrease Trans-Tron's portion of the allowed claim to $218,084.80. The aggregate allowed amount of the claim would remain the same.

7. Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Thirty-Fifth Omnibus Claims Objection which reflects the

---

[2] Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Thirty-Fifth Omnibus Claims Objection.

4

adjournment of the hearings with respect to the Claims for which Responses were filed or received by the Debtors.  Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

        8.     Except for those Claims with respect to which the hearings have been adjourned to future dates, the Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that this Court grant the relief requested by the Debtors and enter the Revised Proposed Order.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
       September 23, 2009

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP


By: /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr.
       John K. Lyons
       Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

                - and -


By: /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

6