**Hearing Date & Time:  September 24, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
              Debtors.              :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' SECOND OMNIBUS REPLY TO CERTAIN OBJECTIONS TO
NONASSUMPTION OF CERTAIN CONTRACTS AND LEASES,
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND CURE AMOUNTS

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this omnibus reply (the "Reply") to certain objections to nonassumption of certain contracts and leases, assumption and assignment of executory contracts and unexpired leases, and cure amounts that were previously adjourned to the hearing scheduled for September 24, 2009 pursuant to the Notice Of Adjournment Of Certain Objections To Nonassumption Of Certain Contracts And Leases, Assumption And Assignment Of Executory Contracts And Unexpired Leases, And Cure Amounts, dated August 14, 2009 (Docket No. 18801), the Omnibus Order Resolving Certain Objections To Nonassumption Of Certain Contracts And Leases, Assumption And Assignment Of Executory Contracts And Unexpired Leases, And Cure Amounts dated, August 18, 2009 (Docket No. 18805), the Notice Of Adjournment Of Certain Objections To Nonassumption Of Certain Contracts And Leases, Assumption And Assignment Of Executory Contracts And Unexpired Leases, And Cure Amounts (Docket No. 18833), and paragraph 40 of the Modification Approval Order (Docket No. 18707).  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (the "Modified Plan").  In support of this Reply, the Debtors respectfully represent as follows:

Preliminary Statement

1.      Various contract counterparties (the "Objectors") have objected to (i) nonassumption of certain contracts and leases, (ii) adequate assurance of future performance, (iii) assumption and/or assignment with respect to executory contracts or unexpired leases to be assumed and/or assigned under the Modified Plan; and/or (iv) cure amounts (together, the

2

"Section 365 Objections").  The Debtors request (i) an order overruling certain of the Section 365 Objections on the merits, (ii) a finding by this Court that the determinations in the Modification Approval Order regarding adequate assurance of future performance under section 365(f)(2) of the Bankruptcy Code apply to the adequate assurance of future performance arguments raised in the Section 365 Objections addressed herein, (iii) an order that Postpetition Obligation Objections (defined below) shall be treated as Administrative Claims, and (iv) an order resolving certain Section 365 Objections as agreed to by the parties.  The remaining Section 365 Objections have either been (a) adjourned to the hearings scheduled for October 7, 2009 or October 21, 2009, subject to further adjournment by the Debtors in accordance with the Modification Approval Order,  or (b) adjourned without date, subject to the Debtor's right to re-notice the objections for a future hearing in accordance with the Modification Approval Order.

          2.      Sixty-One Objectors have filed Section 365 Objections.  Of those, the objections of 28 Objectors were resolved by prior orders of this Court.  In the meantime, the Debtors have worked with various counterparties and accordingly the objections of an additional 17 Objectors have been withdrawn, settled, deemed moot, or otherwise resolved (the "Resolved Objections").  Hearings on the remaining 16 Objectors' Section 365 Objections have been adjourned either to the October 7, 2009 or October 21, 2009 hearings or have been adjourned without date.  The Debtors hope to reach, or in some cases have reached in principle, agreements to resolve many of the adjourned objections and will continue to work to achieve consensual resolutions of the remaining Section 365 Objections prior to these hearings.

          3.      As discussed below, although the Debtors have reached a settlement with Autocam Corporation ("Autocam") resolving their objections, the notice of withdrawal filed by Autocam contains certain assertions that the Debtors dispute and wish to clarify for the Court.

3

4. Finally, as of the filing of this Reply, the Debtors and Timken Corporation, Timken Company, and Torrington Co. (collectively, "Timken") have been unable to reach an agreement resolving Timken's objections.[1] Accordingly, as set in the forth in the agenda (Docket No. 18925), to the extent not resolved prior to the hearing, the Debtors and Timken have agreed to adjourn the hearing on the Timken objections to October 21, 2009.

A.      <u>Autocam's Objections Have Been Resolved</u>

5. Based on a settlement agreement (the "Settlement Agreement") between the Debtors, GM Components, and Autocam, Autocam has withdrawn any objection to the assignment of its contracts to GM Components.  (<u>See</u> Docket No. 18918.)   Delphi does not agree, however, with the prefecatory material in Autocam's withdrawal notice.

6. So that these assertions are not deemed to be facts and possibly later used to prejudice the Debtors, the Debtors make the following clarifications.  First, Autocam references the wrong notice of assumption and assignment in paragraph 2 of its withdrawal.  The notice of assumption and assignment at issue was the Debtors' July 10, 2009 notice of assumption and assignment to GM Components, not the July 28, 2009 notice of assumption and assignment to DIP Holdco 3, LLC.  (<u>See</u> July 10, 2009 Notice of Filing of Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services

---

[1] Timken has filed the following objections, each of which are adjourned to the October 21, 2009 hearing: (i) Limited Objection Of The Timken Company To The Debtors' Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization, dated July 20, 2009 (Docket No. 18487), (ii) Limited Objection Of The Timken Company To The Debtors' Notices Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Corporation, As Applicable, Under Modified Plan Of Reorganization, dated July 20, 2009 (Docket No. 18488), and (iii) Limited Objection Of The Timken Company To The Debtors' Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization, dated August 5, 2009 (Docket No. 18738).

4

Corporation, as applicable, Under Modified Plan Of Reorganization (Docket No. 18077).) Second, in paragraph 3 of its withdrawal, Autocam implies that Delphi's assumption and assignment notice erroneously "failed to mention any other outstanding purchase orders or long-term contracts between Delphi and Autocam." (<u>See</u> Docket No. 18918 at ¶ 3.) The subject notice intentionally did not list the other contracts Autocam is referencing because Delphi believes such contracts are postpetition contracts and therefore not subject to such notice. Third, although Autocam's withdrawal expressly listed as withdrawn only the amended and restated objection filed at Docket No. 18711, the Settlement Agreement resolves all objections to the assignment of Autocam's contracts to GM Components and necessarily applies as well to Autocam's previous objections filed at Docket Nos. 18254 and 18368.[2]

       7.      To be sure, in accordance with the terms of the Settlement Agreement, Delphi is consensually assigning all of Autocam's contracts to GM Components. Therefore, Autocam's objections are resolved, as reflected in the Settlement Agreement and the proposed order.

B.    <u>Claims For Postpetition Obligations That Are Entitled To Administrative Claim Treatment Need No Further Adequate Assurance Of Prompt Cure</u>

       8.      As with the previous orders resolving certain Section 365 Objections, the proposed form of order contains language addressing those Section 365 Objections that assert claims for cure amounts based on obligations incurred after the Petition Date (the "Postpetition Obligation Objections"). It has been the Debtors' practice throughout these chapter 11 cases to pay all postpetition expenses as they become due. As a result, the Debtors' believe that most, if not all, of the valid, outstanding postpetition obligations referenced in the Postpetition Obligation

---

[2]    To the extent requested, the Debtors shall make the Settlement Agreement available to this Court.

Objections will be satisfied in the ordinary course of business. And it was based on this premise – that the Debtors' postpetition obligations are paid in the ordinary course – that the allocations for cure and Administrative Claim liabilities assumed by the Buyers were developed under the Master Disposition Agreement.[3]

9. Despite the fact that certain ordinary course payables will remain outstanding because they are not yet due and payable at the time contracts are assumed and assigned, the Debtors satisfy the requirement under section 365(b) of the Bankruptcy Code that any postpetition defaults ultimately must be cured, or adequate assurance of prompt cure must be provided, before executory contracts are assumed and assigned. Specifically, the Administrative Claims reconciliation process set forth in Articles II and X of the Modified Plan meets this requirement. To the extent that a counterparty who has asserted a Postpetition Obligation Objection has asserted and is found to be entitled to an Allowed Administrative Claim, the distribution received by the counterparty will be identical to any cure payment that the counterparty would otherwise be entitled to on account of the alleged postpetition obligations.

10. Likewise, with respect to Objectors who have asserted Postpetition Obligations Objections but who have not yet filed Administrative Claims, the Debtors propose that such claims should be dealt with in accordance with the procedures set forth in the Modified Plan for the payment of Administrative Claims.[4] To that end, the availability of the Administrative Claims process provides the Objectors with adequate assurance that valid

---

[3] Specific information regarding the Administrative Claim liabilities assumed by the Buyers is detailed on Schedule 1.1.A, which has been filed under seal with the Court.

[4] Pursuant to Articles II and X of the Modified Plan, any counterparty who wished to assert a postpetition default was required to file an Administrative Claim.

postpetition defaults will be promptly cured.[5]  While there is no objection to be litigated on this point at tomorrow's hearing, the Debtors wish to apprise this Court as to the rationale behind certain of the language included in the proposed order.  The Debtors made this same disclosure in advance of the last hearing on certain Section 365 Objections.

C.      Summary Of Resolved Objections

11.     As of the filing of this Reply, in addition to the Section 365 Objections that have been previously resolved on the prior orders, the Debtors have resolved 28 Section 365 Objections filed by 17 Objectors, as identified on Exhibit 1 attached hereto.  The Debtors are continuing to work on resolutions to the remaining Section 365 Objections in the hope of reaching consensual resolutions to the outstanding objections.  The Debtors believe that the proposed order attached hereto adequately addresses the issues raised by the Objections set forth on Exhibit 1.  Thus, the Debtors request that the Court grant the relief requested.

---

[5] Nevertheless, to the extent that a counterparty asserting a Postpetition Obligation Objection is barred from pursuing an Administrative Claim, the Debtors propose that the counterparty should be allowed to reassert its claim for cure under section 365 of the Bankruptcy Code.  In no event, however, should any counterparty with an allowed or disallowed Administrative Claim be entitled to relitigate the same postpetition obligation by asserting a cure claim under section 365.

WHEREFORE, the Debtors respectfully request that this Court (i) order that the Resolved Objections shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, (ii) order that Postpetition Obligation Objections shall be treated as Administrative Claims, (iii) enter an order in substantially the form attached hereto, and (iv) grant the Debtors such other and further relief as is just.

Dated: New York, New York
      September 23, 2009

    SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession