**Exhibit 1**

**In re Delphi Corporation, et al., Case No. 05-44481 (RDD)**

*Withdrawn, Settled, Moot, Or Otherwise Resolved Section 365 Objections Organized Alphabetically By Objector*

|  | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 1. | 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation; International Resistive Company, Inc.; International Resistive Company of Texas, LP; Optek Technology, Inc.; and Welwyn Components Ltd. | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation; International Resistive Company, Inc.; International Resistive Company of Texas, LP; Optek Technology, Inc.; and Welwyn Components Ltd (collectively, the "TT Group") asserted a protective objection and reservation of rights with respect to the assumption and assignment of executory contracts and the Debtors' proposed cure amounts related thereto. The TT Group asserts that (a) the contracts set forth by the Debtors may not be executory contracts (or contracts at all); (b) the Debtors are in default under certain executory contracts and such defaults must be cured prior to their assumption; and (c) the Debtors have not provided adequate assurance of future performance. | The TT Group has agreed to withdraw its objection with respect to all entities other than BI Technologies. The objection of BI Technologies has been adjourned to the October 7, 2009 hearing. |

1

|   | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 2. | 18254, 18368, 18711 | Autocam Corporation | Autocam Corporation ("Autocam") asserts that the procedures in the Modified Plan are unclear regarding payment of postpetition amounts owed under prepetition contracts, which amounts are not yet due and payable upon the later of June 1, 2009, or at the time of assumption and assignment.  Autocam seeks a clear statement as to how the "non-past-due" administrative expenses owing to a non-Debtor counterparty will be paid and requests an escrow mechanism for these types of claims similar to those provisions in the Modified Plan concerning contested cure amounts.  Autocam further objects to the Debtors' notices of assumption and assignment and asserts that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts.  Finally, Autocam asserts that its executory contracts may not be assumed and assigned without providing adequate assurance of future performance as required by section 365(f)(2)(B) of the Bankruptcy Code. | The objection has been withdrawn. (See Docket No. 18918.) |
| 3. | 18468 | Behr America, Inc. | Behr America, Inc. and certain of its subsidiaries (collectively "Behr America") object to the proposed assumption and assignment of executory contracts with Behr America. Behr America asserts that it has been unable to verify any existing executory contracts between Behr America and the Debtors and is therefore unable to determine an appropriate cure amount pursuant to section 365 of the Bankruptcy Code. | Behr America has agreed to withdraw its objection and the Debtors have agreed to withdraw their notices of assumption and assignment with respect to certain contracts. |

|  | **DOCKET NO.** | **OBJECTOR** | **OBJECTION ASSERTED** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 4. | 18382, 18394 | Bing Metals Group, LLC | Bing Metals Group, LLC ("Bing") objects to the Debtors' notices of assumption and assignment and asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Bing also asserts that (i) certain contracts may not constitute executory contracts and (ii) if the contracts are executory contracts, they may not be assumed and assigned without providing adequate assurance of future performance as required by section 365(f)(2)(B) of the Bankruptcy Code. Bing also objects to the cure amount listed in the notices of assumption and assignment. | Bing has agreed to withdraw its objection and the Debtors have agreed to withdraw their notices of assumption and assignment with respect to certain contracts. |
| 5. | 18372 | Continental AG | Continental AG and certain of its affiliates (collectively "Continental") object to the Debtors' notices of assumption and assignment and assert that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Continental also objects to the cure amount listed in the notices of assumption and assignment. | Continental has agreed to withdraw its objection. |
| 6. | 18481 | E.I. du Pont de Nemours and Company | E.I. du Pont de Nemours and Company ("DuPont") objects to the Debtors' notices of assumption and assignment and asserts that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. DuPont asserts that its executory contracts may not be assumed and assigned without providing adequate assurance of future performance as required by section 365(f)(2)(B) of the Bankruptcy Code. DuPont also objects to the cure amounts listed in the notices of assumption and assignment. | The objection has been withdrawn. (Docket No. 18917) and the Debtors have agreed to withdraw their notices of assumption and assignment with respect to certain contracts. Also, DuPont consents to the Debtors' assumption and assignment of purchase order numbers 550165727 and 550171732. |

|  | **DOCKET NO.** | **OBJECTOR** | **OBJECTION ASSERTED** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 7. | 18389 | Federal Screw Works | Federal Screw Works ("Federal Screw") objects to the Debtors' notices of assumption and assignment and asserts that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Federal Screw also objects to the cure amount listed in the notices of the assumption and assignment. | The Debtors and Federal Screw have entered into a stipulation and Federal Screw has agreed to withdraw its objection. |
| 8. | 18405, 18545 | Flextronics International Ltd. | Flextronics International Ltd. ("Flextronics") objects to the cure amount listed in the notices of assumption and assignment. Flextronics also objects to the assumption and/or assignment of certain contracts and asserts that under applicable law such contracts may not be assigned without consent of the contract counterparty. | The Debtors and Flextronics have entered into a stipulation and Flextronics has agreed to withdraw its objection. |
| 9. | 18782 | Judd Wire, Inc. | Judd Wire, Inc. ("Judd Wire") objects to the Debtors notices of nonassumption. Judd Wire asserts that Purchase Order PEDP4170081087 is a valid prepetition contract. | The objection has been withdrawn. (See Docket No. 18901.) |
| 10. | 18385, 18386, 18387, 18388 | Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division | Linamar Corporation, Linamar Holdings, Inc.; and Linamar Corporation's Inavar, Roctel, and Vehcom Divisions (collectively, "Linamar") object to the Debtors' notices of assumption and assignment and assert that, under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Linanmar also objects to the cure amount listed in the notices of assumption and assignment. | Linamar has agreed its objection is resolved and the Debtors have agreed to withdraw their notices of assumption and assignment with respect to certain contracts. |
| 11. | 18489, 18740 | Littelfuse, Inc. | Littelfuse, Inc. ("Littelfuse") objects to the Debtors' notices of assumption and assignment and asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. | The objection has been withdrawn. (See Docket No. 18919.) The Debtors have agreed to withdraw their notices of assumption and assignment with respect to certain contracts. |
| 12. | 18374 | Navistar, Inc. | Navistar, Inc. ("Navistar") objects to the cure amounts listed in Debtors' notices of assumption and assignment. | The objection has been withdrawn. (See Docket No. 18922). |

| | DOCKET NO. | OBJECTOR | OBJECTION ASSERTED | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 13. | 18406 | Panalpina | Panalpina Management, Ltd. and Panalpina, Inc., for themselves and each of their subsidiaries and affiliated companies (collectively, "Panalpina"), object to the cure amounts listed in the notices of assumption and assignment and assert that the actual cure amount is $9,664,668.94, which is the same amount as Panalpina's asserted administrative claim. | The Debtors have agreed to withdraw their notices of assumption and assignment and Panalpina's objection is moot. |
| 14. | 18215, 18217 | Robert Bosch LLC | Robert Bosch LLC ("Bosch") objects to the assumption and/or assignment of certain contracts and asserts that under applicable law such contracts may not be assigned without the consent of the contract counterparty. Bosch asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and therefore Bosch cannot determine if the cure amount is adequate. | The Debtors and Bosch have entered into a stipulation and Bosch has agreed to withdraw its objection. |
| 15. | 18414 | Siemens Product Lifecycle Management Software Inc. | Siemens Product Lifecycle Management Software Inc. ("Siemens") objects to the Debtors' notices of assumption and assignment. Siemens asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. Siemens also asserts that the Debtors fail to specify which contracts the Debtors seek to assume and assign and that therefore it cannot determine if the cure amount is adequate. | The objection has been withdrawn. (See Docket No. 18920.) |
| 16. | 18407, 18547 | Sun Microsystems, Inc. | Sun Microsystems, Inc. ("Sun") objects to the cure amount listed in the Debtors' notices of assumption and assignment. Sun objects to the assumption and/or assignment of certain contracts and asserts that under applicable law such contracts may not be assigned without consent of the contract counterparty. | This objection has been resolved and ojection 18407 has been withdrawn. (See Docket No. 18909.) |

5

| | **DOCKET NO.** | **OBJECTOR** | **OBJECTION ASSERTED** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| 17. | 18408, 18546 | United Parcel Service | United Parcel Service ("UPS") objects to the Debtors' notices of assumption and assignment and asserts that under section 365 of the Bankruptcy Code, executory contracts may not be assumed unless and until the Debtors assume the entire contract and pay all associated cure amounts. UPS has no objection to the Debtors' assumption and assignment of the executory contracts, but asserts that the actual cure amount required is not less than $81,418.34. UPS asserts that, according to section 365(b) of the Bankruptcy Code, the contracts cannot be assumed without the concurrent cure of all arrearages. | The Debtors have agreed to withdraw their notices of assumption and assignment and UPS's objection is moot. |