UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re      :      Chapter 11
:
DELPHI CORPORATION, et al.,  :  Case No. 05-44481 (RDD)
:
               Debtors.  :  (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


THIRD OMNIBUS ORDER RESOLVING CERTAIN OBJECTIONS TO
NONASSUMPTION OF CERTAIN CONTRACTS AND LEASES,
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND CURE AMOUNTS

("THIRD SECTION 365 OBJECTION ORDER")

Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (i) approving certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors' proposed plan modifications, (iii) approving the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases under the Modified Plan, and (iv)

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

authorizing the assumption and assignment of certain prepetition executory contracts and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having entered an order approving, among other things, the form and manner of notices relating to (a) the nonassumption of certain contracts and leases, (b) amended cure amounts, and (c) the assumption and assignment of executory contracts and leases to be assigned to the applicable Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on July 30, 2009 having entered an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707); and upon the objections listed on <u>Exhibit A</u> hereto by various counterparties to (w) nonassumption of certain contracts and leases, (x) adequate assurance of future performance, (y) assumption and/or assignment with respect to executory contracts or unexpired leases to be assumed and/or assigned under the Modified Plan, and/or (z) cure amounts (the "Section 365 Objections"); and the hearing on certain Section 365 Objections having been adjourned to September 24, 2009 (the "Third Section 365 Objections Hearing ") or as otherwise noted on (a) the Section 365 Objection Order, dated August 18, 2009 (Docket No. 18805), (b) the notice of adjournment, dated August 25, 2009 (Docket No. 18833), (c) the Second Section 365 Objection Order, dated August 28, 2009 (Docket No. 18842), and (d) the notice of adjournment, dated September 17, 2009 (Docket No. 18911); and the Court having reviewed and considered certain of the Section 365 Objections and the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      This Court has jurisdiction over the Motion and the Section 365 Objections pursuant to 28 U.S.C. §§ 157 and 1334. The Motion and the Section 365 Objections are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases, the Motion, and the Section 365 Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.      The statutory predicates for the relief sought with respect to the Section 365 Objections are sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

      C.      As evidenced by the affidavits of service previously filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Motion, the Second Section 365 Objections Hearing, notices of the assumption and assignment of the Assumed and Assigned Contracts, the Notices of Non-Assumption (as defined in the Modification Procedures Order), and the Amended Cure Amount Notices (as defined in the Modification Procedures Order) as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Third Section 365 Objections Hearing, the assumption and/or assignment of the contracts and unexpired leases covered by the Section 365 Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

      D.      The Section 365 Objections listed on <u>Exhibit B-1</u> hereto are hereby deemed withdrawn, overruled, deemed moot, or otherwise resolved and the Section 365

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

Objections listed on <u>Exhibit B-2</u> hereto have been resolved by separate stipulations (together, the "Resolved Objections"), and all such objections are subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order.

    E.  The hearing on the Section 365 Objections set forth on <u>Exhibit C</u> hereto (the "Outstanding Objections") are hereby either (a) adjourned as set forth on <u>Exhibit C</u> attached hereto, subject to further adjournment by the Debtors in accordance with the Modification Approval Order, or (b) to the extent so reflected on <u>Exhibit C</u> attached hereto, adjourned without date subject to the Debtors' right to re-notice the objections for a future hearing in accordance with the Modification Approval Order.

    F.  The notices of assumption and assignment for the contracts listed on <u>Exhibit D</u> hereto are hereby withdrawn.

    G.  Pursuant to Articles II and X of the Modified Plan, a counterparty who wished to assert a postpetition default was required to file an Administrative Claim. Accordingly, to the extent that any objections, except to the extent included in the Outstanding Objections, assert cure amounts that relate to postpetition obligations of the Debtors (the "Postpetition Obligation Objections"), the Administrative Claim reconciliation process set forth under Articles II and X of the Modified Plan and in the Master Disposition Agreement, and the Debtors' payment of Administrative Claims in accordance with the Modified Plan, the Master Disposition Agreement, and orders of this Court constitutes adequate assurance of prompt cure or will in fact cure any defaults that might have occurred after the Petition Date, including any obligation asserted in the Postpetition Obligation Objections, for purposes of assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

    H.  The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  The Resolved Objections listed on <u>Exhibit B-1</u> and <u>Exhibit B-2</u> shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

    2.  The hearing on the Motion as it pertains to the contracts covered by the Outstanding Objections listed on <u>Exhibit C</u> shall be (a) adjourned as set forth on <u>Exhibit C</u> attached hereto, subject to further adjournment by the Debtors in accordance with the Modification Approval Order, or (b) to the extent so reflected on <u>Exhibit C</u> attached hereto, adjourned without date subject to the Debtors' right to re-notice the objections for a future hearing in accordance with the Modification Approval Order.

    3.  The notices of assumption and assignment for the contracts listed on <u>Exhibit D</u> are hereby withdrawn; <u>provided</u>, <u>however</u>, that nothing in this order shall prejudice any existing rights of the Debtors, the applicable assignee, or the applicable counterparties under such contracts.  In the event that such counterparty has a postpetition administrative claim, such claims, including but not limited to any postpetition obligations ultimately determined to exist that have arisen prior to the effective date under the Debtors' Modified Plan, will be resolved in accordance with the treatment provided for Administrative Claims under the Modified Plan.

4. The Postpetition Obligation Objections, except to the extent included in the Outstanding Objections, are hereby overruled to the extent such objections assert cure amounts relating to postpetition obligations. Any unpaid postpetition obligations arising under the Assumed and Assigned Contracts shall be satisfied as follows: (i) undisputed postpetition obligations that are not yet due and payable pursuant to the applicable contract terms shall be paid by the Debtors or the Buyers, as applicable, in the ordinary course of business and (ii) all other postpetition obligations shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement; <u>provided</u>, <u>however</u>, that this order shall be without prejudice to the right of counterparties to the Assumed and Assigned Contracts to reassert their Postpetition Obligation Objections in the event that such counterparties are barred from seeking payment of an Administrative Claim under the Modified Plan; <u>provided</u> <u>further</u>, <u>however</u>, to the extent that a counterparty asserts an Administrative Claim relating to an Assumed and Assigned Contract that is Allowed or Disallowed pursuant to a Final Order of this Court, such counterparty shall be bound by the Final Order and shall not be entitled to assert or reassert any claim for cure under section 365 of the Bankruptcy Code.

       5.       Nothing in this order shall prejudice the rights of any party with respect to disputed cure amounts under Article 8.2 of the Modified Plan, except to the extent such dispute was consensually resolved, or if not resolved, such dispute was expressly considered and ruled on at the Section 365 Objection Hearing or as otherwise set forth herein.

Dated: New York, New York
       September ___, 2009

                                               _____
                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

| DOCKET NO. | OBJECTOR |
|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc.; and Welwyn Components Ltd. |
| 18216 | ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company |
| 17767, 17773, 18395 | American Aikoku Alpha, Inc. |
| 18463 | AM General LLC |
| 18402 | ATEL Leasing Corporation |
| 18266 | AT&T Corp., AT&T Solutions Inc., and SBC Global Services Inc. |
| 18221 | Audio MPEG, Inc. and Societa' Italiana per lo Sviluppo dell'Elettronica |
| 18254, 18368, 18711 | Autocam Corporation |
| 18468 | Behr America, Inc. |
| 18382, 18394 | Bing Metals Group, LLC |
| 18273 | Brazeway, Inc. |
| 18480 | Brose North America Holding LP |
| 18565 | Carrier Corporation |
| 18404 | Cisco Systems, Inc. |
| 18219, 18392 | Clarion Corporation of America |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company |
| 18372 | Continental AG |
| 18365 | Dätwyler Rubber |
| 18481 | E.I. du Pont de Nemours and Company |
| 18389 | Federal Screw Works |
| 18323 | F&G Multi-Slide Inc. |
| 18358 | F&G Tool & Die Co. |
| 18417 | Findlay Industries, Inc. |
| 18405, 18545 | Flextronics International Ltd. |
| 18398, 18750 | Ford Motor Company |
| 18491 | Freudenberg-NOK General Partnership, Freudenberg-NOK de Queretaro, S.A. de C.V. and Freudenber Filtration Technologies |
| 18256, 18472, 18706 | Furukawa Electric Company, Ltd. and Furukawa Electric North America |
| 18473 | General Electric Capital Corporation |

| DOCKET NO. | OBJECTOR |
|---|---|
| 18397 | Gibbs Die Casting Corporation |
| 18297 | Hewlett-Packard Company and Electronic Data Systems, LLC |
| 18782 | Judd Wire, Inc. |
| 18228, 18490 | Lear Corporation |
| 18385, 18386, 18387, 18388 | Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division |
| 18489, 18740 | Littelfuse, Inc. |
| 18739, 18755 | Methode Electronics, Inc. |
| 18400 | Microsoft Corporation and Microsoft Licensing, GP |
| 18390 | MIS Environmental Services, Inc. and MIS Corporation -- Michigan, a.k.a. Michigan Environmental Services, Inc. |
| 18369 | Motorola, Inc. |
| 18374 | Navistar, Inc. |
| 18556 | NEC Electronics America, Inc. |
| 18494 | Nidec Motors & Actuators (USA), Inc. |
| 18456 | Nissan North America, Inc. |
| 18235, 18679 | Ogura Clutch Company |
| 18406 | Panalpina Management Ltd. and Panalpina, Inc. |
| 18220, 18474 | PBR Tennessee, Inc. |
| 18215, 18217 | Robert Bosch LLC |
| 18414 | Siemens Product Lifecycle Management Software Inc. |
| 18223, 18401 | SKF USA Inc. |
| 18754 | Spartech Corporation and Spartech Polycom, Inc. |
| 18574 | STMicroelectronics, Inc. |
| 18407, 18547 | Sun Microsystems, Inc. |
| 18261 | Sunrise Medical HHG, Inc. |
| 18570 | Technical Materials Inc. |
| 18487, 18488, 18738 | The Timken Company |
| 18399 | TK Holdings Inc. and Takata Corporation |
| 18485, 18271, 18484, 18486, 18742 | Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America Inc; Toyota Motor Sales, U.S.A., Inc. |
| 18573 | Tyco Electronics and Precision Interconnect |
| 18408, 18546 | United Parcel Service |
| 18483 | Valeo, Inc. |
| 18420 | Vitec, LLC |
| 18373, 18245 | XM Satellite Radio Inc. |

# **Exhibit B-1**

| DOCKET NO. | OBJECTOR |
|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc.; and Welwyn Components Ltd.[3] |
| 18254, 18368, 18711 | Autocam Corporation |
| 18468 | Behr America, Inc. |
| 18382, 18394 | Bing Metals Group, LLC |
| 18372 | Continental AG |
| 18481 | E.I. du Pont de Nemours and Company |
| 18782 | Judd Wire, Inc. |
| 18385, 18386, 18387, 18388 | Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division |
| 18489, 18740 | Littelfuse, Inc. |
| 18374 | Navistar, Inc. |
| 18406 | Panalpina Management Ltd. and Panalpina, Inc. |
| 18414 | Siemens Product Lifecycle Management Software Inc. |
| 18407, 18547 | Sun Microsystems, Inc. |
| 18408, 18546 | United Parcel Service |

---

[3] As set forth on Exhibit C, any portion of the objection related to BI Technologies Corporation only shall be adjourned to October 7, 2009.

# Exhibit B-2

| DOCKET NO. | OBJECTOR |
|---|---|
| 18389 | Federal Screw Works |
| 18405, 18545 | Flextronics International Ltd. |
| 18215, 18217 | Robert Bosch LLC |

# Exhibit C

| DOCKET NO. | OBJECTOR | HEARING DATE |
|---|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc. and Welwyn Components Ltd.[4] | Adjourned in part to October 7, 2009 |
| 18216 | ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company | Adjourned without date |
| 18402 | ATEL Leasing Corporation | October 7, 2009 |
| 18266 | AT&T Corp., AT&T Solutions Inc., and SBC Global Services Inc. | October 7, 2009 |
| 18565 | Carrier Corporation | Adjourned without date |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company | October 7, 2009 |
| 18398, 18750 | Ford Motor Company | Adjourned without date |
| 18256, 18472, 18706 | Furukawa Electric Company, Ltd. and Furukawa Electric North America | Adjourned without date |
| 18473 | General Electric Capital Corporation | October 7, 2009 |
| 18556 | NEC Electronics America, Inc. | October 7, 2009 |
| 18494 | Nidec Motors & Actuators (U.S.A.), Inc | October 7, 2009 |
| 18456 | Nissan North America, Inc. | Adjourned without date |
| 18261 | Sunrise Medical HHG, Inc. | October 7, 2009 |
| 18487, 18488, 18738 | The Timken Company | October 21, 2009 |

---

[4] Only the portion of the objection related to BI Technologies Corporation shall be adjourned to October 7, 2009. Any part of the objection related to the following parties, however, shall be subject to the provisions of this order: AB Automotive Electronics Ltd., AB Automotive Inc., International Resistive Company (a.k.a. International Resistive Company Wire & Film Technologies Division), International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division), Optek Technology, Inc., and Welwyn Components Ltd.

| DOCKET NO. | OBJECTOR | HEARING DATE |
|---|---|---|
| 18485, 18271, 18484, 18486, 18742 | Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America Inc; Toyota Motor Sales, U.S.A., Inc. | Adjourned without date |
| 18373, 18245 | XM Satellite Radio Inc. | October 7, 2009 |

# Exhibit D

| COUNTERPARTY | CONTRACT |
|---|---|
| Behr America, Inc. | 5500065978 |
|  | 5500065979 |
|  | 5500066112 |
|  | 72606 |
|  | 74813 |
| Bing Metals Group, LLC | 550071708 |
| E.I. du Pont de Nemours and Company[5] | 50097 |
|  | 52398 |
|  | 52805 |
|  | 53509 |
|  | 55045 |
|  | 55047 |
|  | 55048 |
| Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division | D0550080317 |
|  | D0550080315 |
|  | D0550080316 |
|  | D0550015555 |
| Littelfuse, Inc. | D0550039453 |
|  | D0550077333 |
| Panalpina | DDS024 |
| United Parcel Service | DDS027 |

---

[5] E.I. du Pont de Nemours and Company consents to the Debtors' assumption and assignment of purchase order numbers 550165727 and 550171732.