| | |
|---|---|
| **STEVENS & LEE, P.C.**<br>485 Madison Avenue, 20th Floor<br>New York, New York  10022<br>(212) 319-8500<br>Constantine D. Pourakis (CP-0730)<br>and<br>Beth Stern Fleming, Esquire<br>Marnie E. Simon, Esquire<br>1818 Market Street, 29th Floor<br>Philadelphia, PA 19103<br>(215) 751-2886/2885<br><br>Attorneys for QAD Inc. | Hearing Date and Time:  TBD<br>Response Date and Time:  September 24, 2009 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DELPHI CORPORATION, et al.,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

### OBJECTION OF QAD INC. TO THE NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED AND ASSIGNED TO DIP HOLDCO 3, LLC UNDER MODIFIED PLAN OF REORGANIZATION

QAD Inc. ("**QAD**"), by and through its attorneys, Stevens & Lee, P.C., hereby submits this Objection (the "**Objection**") to Debtors' Notice Of Assumption And Assignment With Respect To Executory Contracts To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan of Reorganization (the "**Notice**").  In support of its Objection, QAD respectfully state as follows:

#### BACKGROUND

1. QAD and Packard Hughes Interconnect, n/k/a Delphi Connection Systems (individually, a "**Debtor**") are parties to a certain Software Products License Agreement, made effective on July 31, 1998 (the "**License Agreement**").  Under the License Agreement, QAD

agreed to provide to the Debtor a non-exclusive, non-transferable license (the "**License**") to use certain software programs and certain software related products as identified in the License Agreement (collectively, the "**Products**") for use by the Debtor and the Debtor's related entities pursuant to the terms of the License Agreement.

2.    Pursuant to the License Agreement, Debtors may not assign the License Agreement without written consent of QAD. Specifically, section 1.7 of the License Agreement provides as follows:

> **Assignment and Transfers** You shall not assign or transfer your interest in this Agreement, or any license granted under this Agreement, without prior written consent. You may not in any manner provide or transfer the licensed MFG/PRO Software to any third party. You may transfer the MFG/PRO Software to a different hardware configuration or operating system provided you pay any applicable fees, if any.

3.    On June 16, 2009, Delphi Corporation ("**Delphi**") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above captioned cases, including Debtor Delphi Connection Systems, (collectively, the "**Debtors**"), filed their First Amended Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "**Modified Plan**") [Docket No. 17030].

4.    On the same date, Debtors also filed the Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "**Supplemental Disclosure Statement**") [Docket No. 17031].

5.    Also on June 16, 2009, the Court entered the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "**Modification Procedures Order**") [Docket No. 17032], as amended and supplemented by the Supplemental Modification Procedures Order entered on June 29, 2009 [Docket No. 17376], the Second Supplemental Modification Procedures Order entered on July 17, 2009 [Docket No. 18352], and the Third Supplemental Modification Procedures Order entered on July 21, 2009 [Docket No. 18551] (collectively, the "**Supplemental Procedures**").

6. On July 30, 2009, the Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (the "**Plan Modification Order**") [Docket No. 12359].

7. Pursuant to the Modification Procedures Order, Debtors' filed the Notice. Schedule 2 to the Notice identifies QAD as the counterparty to the License Agreement that Debtors propose to assume and assign to DIP Holdco 3, LLC (the "**Company Buyer**"), with a proposed cure obligation of $0.

## QAD'S OBJECTION TO ASSUMPTION AND ASSIGNMENT

8. Unless and until QAD and Debtors enter into a written agreement setting forth the terms of an assumption and assignment of the License Agreement, QAD objects to the assumption and assignment of the License Agreement.

9. Section 365 of the Bankruptcy Code gives a debtor the ability to assume and assign executory contracts and unexpired leases to third parties, so long as the provisions of section 365 are followed.  *See* 11 U.S.C. § 365 ("**Section 365**").  However, the debtor's right to assume and assign executory contracts and unexpired leases is not unlimited.  If applicable law

3

excuses a party from accepting the assignment, then a debtor may not force the proposed assumption and assignment pursuant to Section 365. *See* 11 U.S.C. § 365(c)(1)[1].

10. The License Agreement is a non-exclusive, non-transferable grant of rights to use the Products pursuant to the License. The "long standing federal rule of law with respect to the assignability of patent license agreements provides that these agreements are personal to the licensee and not assignable unless expressly made so in the agreement." *In re: Access Beyond Technologies, Inc., n/k/a Hayes Corp (Hong Kong) Limited, et al.*, 237 B.R. 32, 45 (Bankr. D. De. 1999)(citation omitted)(since the owner of the non-exclusive license did not consent to the assumption and assignment, the debtor could not assume or assign the license agreement).

11. QAD has not given the Debtors the written consent to allow the assumption and assignment, thus under applicable federal law, the Debtors are unable to do so.

12. Finally, Section 365(b)(1)(C) of the Bankruptcy Code requires Debtors to provide QAD with adequate assurance of future performance of the Debtor's respective contractual obligations under the License Agreement and Agreements. However, Debtors have failed to present any evidence or information indicating how the assignee would satisfy its contractual obligations to QAD in the event that those agreements are assigned. Accordingly, the Debtors have failed to satisfy their burden of demonstrating adequate assurance of future performance.

---

1. Section 365(c)(1) provides:
(c)(1) The Trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if –
(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
(B) such party does not consent to such assumption or assignment . . . .

4

## QAD OBJECTION TO PROPOSED CURE OBLIGATION

13. In addition to the objection to the actual assumption and assignment of the License Agreement, QAD objects to the Debtors' proposed cure obligation as stated on Schedule 2.

14. Subject to entering into written agreements (a settlement agreement and a new License Agreement with the Company Buyer) acceptable to QAD, Debtors must pay a fee of $627,887.49 to QAD for the allowance of the assignment of the License Agreement to the Company Buyer. Thus, the $0 asserted as the Cure Amount in the Notice is incorrect.

15. Without limiting the generality of the foregoing, QAD confirms that it does not consent to the assignment of any interest to or to any of the various other license agreements between QAD (or its affiliates) and any of the Debtors or their related parties.

16. Nothing contained herein is intended to be, nor should be construed as, a waiver of any rights or remedies of QAD, and QAD preserves its right to present additional objections up to the time of the hearing on this matter.

WHEREFORE, QAD respectfully requests that the Court enter an Order (a) denying the Debtors' proposed assumption and assignment of the QAD License, (b) denying the proposed cure obligation as asserted, and (c) granting QAD such other relief as is just.

Dated: New York, New York　　　　　　　　**STEVENS & LEE P.C**.
　　　　　September 23, 2009

　　　　　　　　　　　　　　　　　　　　　 _/s/ Constantine D. Pourakis_
　　　　　　　　　　　　　　　　　　　　　Constantine D. Pourakis (CP-0730)
　　　　　　　　　　　　　　　　　　　　　485 Madison Avenue, 20th Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　(212) 319-8500


　　　　　　　　　　　　　　　　　　　　　　　　-and-

5

> Beth Stern Fleming, Esquire
> Marnie E. Simon, Esquire
> Stevens & Lee, P.C.
> 1818 Market Street, 29th Floor
> Philadelphia, PA  19103
> Tel: (215) 751-2886/2885
> Fax: (610) 371-8506/8505
> E-mail: bsf@stevenslee.com
>             mes@stevenslee.com
>
> *Attorneys for QAD Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2009, I caused one copy of the foregoing to be served upon the following persons via Federal Express or hand-delivery, as well as upon persons receiving notice via the ECF system:

> The Honorable Robert D. Drain
> United States Bankruptcy Judge
> United States Bankruptcy Court for the Southern District of New York
> One Bowling Green
> Room 632
> New York, New York 10004
> ***(Via Federal Express)***
>
> Delphi Corporation
> 5725 Delphi Drive
> Troy, MI 48098
> (Attn:  General Counsel)
> ***(Via Federal Express)***
>
> Skadden, Arps, Slate, Meagher & Flom LLP
> 155 N. Wacker Dr.
> Chicago, IL 60606
> (Attn: John W. Butler, Jr. and Ron E. Meisler)
> Counsel to the Debtors
> ***(Via Federal Express)***
>
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, New York 10036
> (Attn:  Kayalyn A. Marafioti)
> Counsel to the Debtors
> ***(Via Federal Express)***
>
> Office of the United States Trustee for the Southern District of New York
> 33 Whitehall Street, Suite 2100
> New York, New York 10004
> (Attn:  Brian Masumoto)
> ***(Via Federal Express)***

Latham & Watkins LLP
885 Third Avenue
New York, New York 10022
(Attn: Robert J. Rosenberg, Mark A. Broude, and Mitchell A. Seider)
Counsel for the Official Comm. of Unsecured Creditors
*(Via Federal Express)*

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(Attn: Donald Bernstein and Brian Resnick)
Counsel for the Agent under the Postpetition Credit Facility
*(Via Federal Express)*

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(Attn: Richard Mancino and Marc Abrams)
Counsel for the Tranche C Collective
*(Via Federal Express)*

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
(Attn: John J. Rapisardi and Oren B. Haker)
Counsel for the United States Department of the Treasury
*(Via Federal Express)*

United States Department of Justice
86 Chambers Street
3rd Floor
New York, New York 10007
(Attn: Matthew L. Schwartz and Joseph N. Cordaro)
*(Via Federal Express)*

Weil, Gotshal & Manges LLP
767 Fifth avenue
New York, New York 10153
(Attn: Jeffrey L. Tanenbaum and Robert J. Lemons)
Counsel to General Motors Corporation
*(Via Federal Express)*

8

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(Attn: Richard Mancino and Marc Abrams)
Counsel for the Company Buyers
*(Via Federal Express)*

Dechert LLP
1095 Avenue of the Americas
New York, New York 10036-6797
(Attn: Glenn E. Siegel & James O. Moore)
Counsel for the Company Buyers)
*(Via Federal Express)*

        */s/ Constantine D. Pourakis*
        Constantine D. Pourakis (CP-0730)