UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                              :
    In re                         :       Chapter 11
                              :
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                              :
               Debtors.      :       (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) EXPUNGING (A) CERTAIN SALARIED PENSION AND OPEB
CLAIMS, (B) CERTAIN WAGE AND BENEFIT CLAIMS, AND (C)
CERTAIN INDIVIDUAL WORKERS' COMPENSATION BOOKS
AND RECORDS CLAIMS AND (II) MODIFYING AND
<u>ALLOWING CERTAIN CLAIMS</u>

("THIRTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (the "Thirty-Fifth Omnibus Claims Objection"" or the "Objection")[1] of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the hearing held on the Thirty-Fifth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Fifth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

  A.  Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, and E hereto was properly and timely served with a copy of the Thirty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Fifth Omnibus Claims Objection. No other or further notice of the Thirty-Fifth Omnibus Claims Objection is necessary.

  B.  This Court has jurisdiction over the Thirty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Fifth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Fifth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  C.  The Claims listed on Exhibit A hereto assert Claims for liabilities in connection with the Debtors' Pension Plans and OPEB programs for which the Debtors are not liable (the "Pension And OPEB Claims").

  D.  The Claims listed on Exhibit B hereto assert Claims for liabilities in connection with employee wages and benefits for which the Debtors are not liable (the "Wage And Benefit Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

    E. The Claims listed on <u>Exhibit C</u> hereto contain liabilities or dollar amounts related to individual current or former employees' Claims for workers' compensation benefits that are not reflected on the Debtors' books and records (the "Individual Workers' Compensation Books And Records Claims").

    F. The Claim listed on <u>Exhibit D</u> hereto asserts liabilities and a dollar amount that has been reclassified pursuant to the Order Under 11 U.S.C. § 546(c) And Amended Reclamation Procedures Order Classifying Reclamation Claims As General Unsecured Nonpriority Claims For All Purposes (Docket No. 18312) entered July 15, 2009 and that the Debtors have determined should be allowed as a general unsecured nonpriority claim in the asserted amount in the corresponding Proof of Claim (the "Modified And Allowed Claim").

    G. The Claims listed on <u>Exhibit E</u> hereto assert liabilities and dollar amounts that are owing as a result of settlements in principle with holders of such Claims (the "Claims Allowed Pursuant To Settlement").

 NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. Each Pension And OPEB Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

    2. Each Wage And Benefit Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

    3. Each Individual Workers' Compensation Books And Records Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

4. The Modified And Allowed Claim listed on <u>Exhibit D</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit D</u>.

5. Each Claim Allowed Pursuant to Settlement listed on <u>Exhibit E</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit E</u>.

6. Allowance of the Modified And Allowed Claim set forth on <u>Exhibit D</u> hereto and each of the Claims Allowed Pursuant to Settlement set forth on <u>Exhibit E</u> hereto (and together with the Modified And Allowed Claim, the "Allowed Claims") is subject to the following:

    (a) The allowance of the Allowed Claim shall act as an injunction against any "Person" (as that term is defined in 101(41) of the Bankruptcy Code) commencing any action, employment of process, or act to collect, offset, or recover with respect to each such Allowed Claim.

    (b) The allowance of each such Allowed Claim resolves all of the responses filed by Claimants to prior omnibus claims objections with respect to each such Allowed Claim.

    (c) Without further order of this Court, the Debtors are authorized to offset or reduce the Allowed Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which the counterparty associated with the Allowed Claim is a party.

7. <u>Exhibit G</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits A, B, C, D, and E</u>. <u>Exhibit H</u> sets forth each of the Claims referenced on <u>Exhibits A, B, C, D, and E</u> in alphabetical order by

Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

8.  With respect to each Claim for which a Response to the Thirty-Fifth Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Claims are listed on Exhibits F-1, F-2, F-3, and F-4 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

9.  Entry of this order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Fifth Omnibus Claims Objection except as such claims may have been settled and allowed.

10. This Court shall retain jurisdiction over the Debtors and the holders of Claims subject to the Thirty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11. Each of the objections by the Debtors to each Claim addressed in the Thirty-Fifth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, and E constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter

5

which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
        September 24, 2009

/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE