**Exhibit A**

## THIRTY THIRD AMENDMENT TO ACCOMMODATION AGREEMENT

(this "Amendment") dated as of September 17, 2009, and effective as of the Effective Date (as hereinafter defined), among DELPHI CORPORATION, a Delaware corporation (the "Borrower"), a debtor and debtor-in-possession in a case pending under Chapter 11 of the Bankruptcy Code, and the subsidiaries of the Borrower signatory hereto (each a "Guarantor" and collectively the "Guarantors"), each of which Guarantors is a debtor and debtor-in-possession in a case pending under Chapter 11 of the Bankruptcy Code, the Lenders party hereto, and JPMORGAN CHASE BANK, N.A., as administrative agent for the Lenders (in such capacity, the "Administrative Agent").

## W I T N E S S E T H :

**WHEREAS**, the Borrower, the Guarantors, the Lenders (or in the case of the Accommodation Agreement, certain Lenders), the Administrative Agent and Citicorp USA, Inc., as Syndication Agent, are parties to (a) that certain Amended and Restated Revolving Credit, Term Loan and Guaranty Agreement, dated as of May 9, 2008 (as the same has been and may be further amended, modified or supplemented from time to time, the "Credit Agreement") and (b) that certain Accommodation Agreement, dated as of December 12, 2008 (as the same has been and may be further amended, modified or supplemented from time to time, the "Accommodation Agreement"); unless otherwise specifically defined herein, each term used herein that is defined in the Accommodation Agreement has the meaning assigned to such term in the Accommodation Agreement;

**WHEREAS**, the Borrower and the Guarantors desire to modify the Accommodation Agreement as provided herein;

**WHEREAS**, the Required First Priority Participant Lenders, the Required Total Participant Lenders and the Required Lenders have agreed, subject to the terms and conditions hereinafter set forth, to modify the Accommodation Agreement in response to the Borrower's request as set forth below;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration (the receipt and sufficiency of which is hereby acknowledged), the parties hereto hereby agree as follows:

1.    **Amendments to Accommodation Agreement**.  The Accommodation Agreement is hereby amended as follows:

(a)    The definition of "Accommodation Default" in Section 1(b) of the Accommodation Agreement is hereby amended by replacing "85 Business Days" in clause (iv) thereof with "95 Business Days".

(b)    The definition of "Accommodation Period" in Section 1(b) of the Accommodation Agreement is hereby amended by:

(i) deleting the date "September 17, 2009 (8:00 p.m. (Eastern time))" in clause (i) thereof and replacing it with "September 29, 2009 (8:00 p.m. (Eastern time))";

(ii) deleting the dates "September 18, 2009" and "September 17, 2009" in clause (iv) thereof and replacing them with "September 30, 2009" and "September 29, 2009" respectively; and

(iii) renumbering clauses (iv) and (v) as clauses (vi) and (vii), respectively, and adding new clauses (iv) and (v) to read as follows:

"(iv)   September 26, 2009, unless prior to such date (a) the Bankruptcy Court shall have entered one or more orders reasonably satisfactory in form and substance to the Administrative Agent and the Required Lenders authorizing the payment by the Borrower of all fees and expenses referred to in that certain Fee Letter dated as of September 17, 2009 (the "Amendment No. 33 Fee Letter") or in any Expense Side Letter executed in connection with Amendment No. 33 to this Agreement, which authorization may be on an interim or a final basis, and (b) the Borrower shall have paid all fees and expenses payable pursuant to Section 10.05 of the Credit Agreement or any Expense Side Letter (including without limitation those set forth in the foregoing clause (a)); provided, the Borrower has received an invoice for such fees and expenses prior to 1:00 p.m. Eastern Time on September 25, 2009;

(v)   October 6, 2009, unless prior to such date (a) the order referred to in clause (iv)(a) of the definition of Accommodation Period shall have been entered on a final basis (with only such changes to the interim order as are reasonably satisfactory in form and substance to the Administrative Agent and the Required Lenders) and (b) the Borrower shall have paid all fees and expenses payable pursuant to the Amendment No. 33 Fee Letter, Section 10.05 of the Credit Agreement or any Expense Side Letter;"

(c)      The definition of "Satisfactory Reorganization Plan" in Section 1(b) of the Accommodation Agreement is hereby amended by replacing "85 Business Days" and "85 Business Day" with "95 Business Days" and "95 Business Day" respectively.

2.      **Representation and Warranty**.   The Borrower and the Guarantors hereby represent and warrant that (i) all representations and warranties in the Accommodation Agreement, the Credit Agreement and the other Loan Documents are true and correct in all material respects on and as of the Effective Date except to the extent such representations and warranties expressly relate to an earlier date and (ii) no Event of Default (other than a Specified Default) has occurred and is continuing on the date hereof.

3.      **Conditions to Effectiveness**.   This Amendment shall become effective on the date (the "Effective Date") on which each of the following shall have occurred and the Administrative Agent shall have received evidence reasonably satisfactory to it of such occurrence:

(i)      this Amendment shall have been executed by the Borrower, the Guarantors, the Required First Priority Participant Lenders, and the Required Total Participant Lenders;

2

(ii)    immediately prior to the effectiveness of this Amendment, no Event of Default (other than a Specified Default) shall have occurred and be continuing;

(iii)    (a) the Borrower and GM shall have irrevocably executed and delivered an amendment to the GM-Delphi Agreement that extends the date by which (x) the Bankruptcy Court shall have held a hearing to approve the modifications to the Existing Reorganization Plan (such modifications shall provide for, among other things, the sale of certain assets of the Borrower and its Subsidiaries) and (y) the order from the Bankruptcy Court approving the modifications to the Existing Reorganization Plan shall have become final and non-appealable, from September 17, 2009 to no earlier than 8:00 p.m. (New York City time) on September 29, 2009, as set forth in the definition of "Sale Order Condition" and Sections 4.04(d)(iv) and 4.04(d)(v) of the GM-Delphi Agreement, (b) such amendment shall have become fully effective and (c) such amendment shall be in form and substance satisfactory to the Administrative Agent; and

(iv)    the Borrower shall have paid all invoiced expenses (including the fees and expenses of counsel to the Administrative Agent) of the Administrative Agent incurred in connection with the preparation, negotiation and execution of this Amendment and other matters relating to the Loan Documents in accordance with Section 10.05 of the Credit Agreement, and all invoiced expenses of the Lenders payable pursuant to any expense side letters entered into with the Borrower (as such expense side letters are amended, supplemented or modified), to the extent such side letters have been approved by the Bankruptcy Court.

4.    **Release**.  To the fullest extent permitted by applicable law, in consideration of the Agents' and the execution of this Amendment by the Participant Lenders that executed and delivered this Amendment (together with any such Participant Lender's successors and assigns, the "Amendment Participant Lenders"), the Borrower and the Guarantors each, on behalf of itself and each of its successors and assigns (including, without limitation, any receiver or trustee, collectively, the "Releasors"), does hereby forever release, discharge and acquit the Agents, each Amendment Participant Lender and each of their respective parents, subsidiaries and affiliate corporations or partnerships, and their respective officers, directors, partners, trustees, shareholders, agents, attorneys and employees, and their respective successors, heirs and assigns, in the case of each of the foregoing solely in their capacities as such (collectively, the "Releasees") of and from any and all claims, demands, liabilities, rights, responsibilities, disputes, causes of action (whether at law or equity), indebtedness and obligations (collectively, "Claims"), of every type, kind, nature, description or character, and irrespective of how, why or by reason of what facts, whether such Claims have heretofore arisen, are now existing or hereafter arise, or which could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, each as though fully set forth herein at length, which in any way arise out of, are connected with or in any way relate to actions or omissions which occurred on or prior to the date hereof with respect to the Obligations, this Amendment, the Accommodation Agreement, the Credit Agreement or any other Loan Document.  This Section 4 shall survive (i) the expiration or termination of the Accommodation Period, of the Accommodation Agreement and of this Amendment and (ii) the termination of the Credit Agreement, the payment in full of all Obligations and the termination of all Commitments.

3

5.    **Miscellaneous.**

(a)    Except to the extent hereby amended, each Loan Party hereby affirms that the terms of the other Loan Documents (i) secure, and shall continue to secure, and (ii) guarantee, and shall continue to guarantee, in each case, the Obligations (as defined in the Credit Agreement) and acknowledges and agrees that each Loan Document is, and shall continue to be, in full force and effect and is hereby ratified and affirmed in all respects.

(b)    The Borrower agrees that its obligations set forth in Section 10.05 of the Credit Agreement shall extend to the preparation, execution and delivery of this Amendment, including the reasonable fees and disbursements of special counsel to the Administrative Agent and the Arrangers.

(c)    No Person other than the parties hereto and any other Lender, and, in the case of Section 4 hereof, the Releasees, shall have any rights hereunder or be entitled to rely on this Amendment, and all third-party beneficiary rights (other than the rights of the Releasees under Section 4 hereof and any other Lender) are hereby expressly disclaimed.

(d)    The parties hereto hereby agree that Section 8 of the Credit Agreement shall apply to this Amendment and each other Loan Document and all actions taken or not taken by the Administrative Agent or any Lender contemplated hereby.

(e)    Nothing in this Amendment shall be deemed, asserted or construed to impair or prejudice the rights of the Administrative Agent and the Lenders to appear and be heard on any issue, or to object to any relief sought, in the Bankruptcy Court, except to the extent that such actions would constitute a breach of the Administrative Agent's or any Lender's obligations under the Accommodation Agreement.

(f)    Any provision of this Amendment held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof, and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

(g)    Section headings used herein are for convenience only and are not to affect the construction of or be taken into consideration in interpreting this Amendment.

(h)    This Amendment may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.  A facsimile or .pdf copy of a counterpart signature page shall serve as the functional equivalent of a manually executed copy for all purposes.

(i)    THIS AMENDMENT SHALL IN ALL RESPECTS BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND (TO THE EXTENT APPLICABLE) THE BANKRUPTCY CODE.

(j)    EACH OF THE BORROWER, THE GUARANTORS, THE AGENTS AND EACH LENDER HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY

JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AMENDMENT.

[SIGNATURE PAGES TO FOLLOW]

5

**IN WITNESS WHEREOF,** the parties hereto have caused this Amendment to be duly executed as of the day and the year first written.

**BORROWER**

DELPHI CORPORATION

By: _____

Name: John D. Sheehan
Title: Vice President and Chief Financial
Officer

**GUARANTORS:**

DELPHI AUTOMOTIVE SYSTEMS (HOLDING),
    INC.,
a Delaware corporation

By:    _____
       Name: John D. Sheehan
       Title: President


DELPHI AUTOMOTIVE SYSTEMS GLOBAL
    (HOLDING), INC.,
a Delaware corporation

By:    _____
       Name: John D. Sheehan
       Title: President


DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company

By:    _____
       Name: John D. Sheehan
       Title: Vice President & Chief Financial
       Officer


DELPHI AUTOMOTIVE SYSTEMS RISK
    MANAGEMENT CORP.,
a Delaware corporation

By:    _____
       Name: John D. Sheehan
       Title: Vice President & Treasurer

DELPHI FOREIGN SALES CORPORATION,
a Virgin Islands corporation

By: _____
Name: John D. Sheehan
Title: Controller


DELPHI INTERNATIONAL HOLDINGS CORP.,
a Delaware corporation

By: _____
Name: John D. Sheehan
Title: President


DELPHI LIQUIDATION HOLDING COMPANY,
a Delaware corporation

By: _____
Name: John D. Sheehan
Title: President


DELPHI LLC,
a Delaware limited liability company

By: _____
Name: John D. Sheehan
Title: President


DELPHI NY HOLDING CORPORATION,
a New York corporation

By: _____
Name: John D. Sheehan
Title: President

ASEC MANUFACTURING,
a Delaware general partnership

By: _____
Name: John P. Arle
Title: Treasurer


ASEC SALES,
a Delaware general partnership

By: _____
Name: John P. Arle
Title: Treasurer


DELCO ELECTRONICS OVERSEAS
    CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI AUTOMOTIVE SYSTEMS KOREA, INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Chief Executive Officer & President


DELPHI AUTOMOTIVE SYSTEMS HUMAN
    RESOURCES LLC,
a Delaware limited liability company

By: _____
Name: John P. Arle
Title: Vice President & Treasurer


[Thirty-Third Amendment to Accommodation Agreement]

DELPHI AUTOMOTIVE SYSTEMS
   INTERNATIONAL, INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI AUTOMOTIVE SYSTEMS OVERSEAS
   CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC,
a Delaware limited liability company

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI AUTOMOTIVE SYSTEMS TENNESSEE,
   INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI AUTOMOTIVE SYSTEMS THAILAND,
   INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer


[Thirty-Third Amendment to Accommodation Agreement]

DELPHI CONNECTION SYSTEMS,
a California corporation

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI ELECTRONICS (HOLDING) LLC,
a Delaware limited liability company

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI INTERNATIONAL SERVICES, INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Chief Financial Officer & Treasurer


DELPHI MECHATRONIC SYSTEMS, INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer


DELPHI SERVICES HOLDING CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Treasurer

EXHAUST SYSTEMS CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI MEDICAL SYSTEMS COLORADO
    CORPORATION,
a Colorado corporation

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI MEDICAL SYSTEMS CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI MEDICAL SYSTEMS TEXAS
    CORPORATION,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Assistant Treasurer


DELPHI TECHNOLOGIES, INC.,
a Delaware corporation

By: _____
Name: John P. Arle
Title: Vice President and Treasurer

ASPIRE, INC.,
a Michigan corporation

By: _____
Name: James P. Whitson
Title: Vice President


DELPHI CHINA LLC,
a Delaware limited liability company

By: _____
Name: James P. Whitson
Title: Chief Tax Officer


DELPHI DIESEL SYSTEMS CORP.,
a Delaware corporation

By: _____
Name: James P. Whitson
Title: Chief Tax Officer


DELPHI INTEGRATED SERVICE SOLUTIONS,
   INC.,
a Michigan corporation

By: _____
Name: James P. Whitson
Title: Vice President


SPECIALTY ELECTRONICS, INC.,
a South Carolina corporation

By: _____
Name: James P. Whitson
Title: Chief Tax Officer

SPECIALTY ELECTRONICS INTERNATIONAL
   LTD.,
a Virgin Islands corporation

By: _____
     Name: James P. Whitson
     Title: Chief Tax Officer


PACKARD HUGHES INTERCONNECT COMPANY,
a Delaware corporation

By: _____
     Name: James P. Whitson
     Title: Chief Tax Officer


ENVIRONMENTAL CATALYSTS, LLC,
a Delaware limited liability company

By: _____
     Name: James P. Whitson
     Title: Chief Tax Officer


DREAL, INC.,
a Delaware corporation

By: _____
     Name: James P. Whitson
     Title: Chief Tax Officer

**JPMorgan Chase Bank, N.A., as Agent and Lender**

By: _____

      Name:  Susan E. Atkins
      Title:   Managing Director

**Name of Lender: Anchorage Crossover Credit
Offshore Master Fund, Ltd.**

**By: Anchorage Advisors, L.L.C., its investment
manager**

By: _____

     Name:  Natalie Birrell

     Title:   Chief Operating Officer

**Name of Lender: Anchorage Capital Master
Offshore, Ltd.**

**By: Anchorage Advisors, L.L.C., its investment
manager**

By: _Natalie Birrell_

      Name:  Natalie Birrell
      Title:    Chief Operating Officer

**Name of Lender:** BLACKROCK FINANCIAL MANAGEMENT, INC. ON BEHALF OF PRINCIPAL CLIENTS AND MANAGED ACCOUNTS

By: _Michael J. Lipsky_

Name: MICHAEL J. LIPSKY

Title: MANAGING DIRECTOR

**Name of Lender:**
**Black Diamond Offshore Ltd.**
**By: Carlson Capital, L.P., its investment advisor**

By: _____

       Name:  Stanton Ray
       Title:    Portfolio Manager

**Name of Lender:**
   **Double Black Diamond Offshore Ltd.**
   **By: Carlson Capital, L.P., its investment advisor**

By: _____

   Name:  Stanton Ray
   Title:   Portfolio Manager

**Name of Lender:**     Manchester Securities Corp.

By: _____

     Name: _____

     Title: _____

Elliot Greenberg, Vice President

Name of Lender: Springfield Associates, LLC
By: Elliott Associates, L.P., as managing membe-
By: Elliott Capital Advisors, L.P., as general partne
By: Braxton Associates Inc., as general partner

By: _____

Name: _____    By: _____

Title: _____        Elliot Greenberg, Vice President

KENSINGTON INTERNATIONAL LIMITED
By: Elliott International Capital Advisors Inc.
as attorney-in-fact

By: _____

Name: _____

Title: _____

By: _____.

Elliot Greenberg, Vice-President

**Name of Lender:** GREYWOLF CAPITAL PARTNERS II LP
BY: GREYWOLF ADVISORS LLC,
ITS GENERAL PARTNER

By: _____

Name: WILLIAM TROY

Title: AUTHORIZED SIGNATORY

**Name of Lender:** GREYWOLF CAPITAL OVERSEAS MASTER FUND
BY: GREYWOLF CAPITAL MANAGEMENT,
ITS INVESTMENT MANAGER

By: _____

Name: WILLIAM TROY

Title: AUTHORIZED SIGNATORY

05-44481-rdd    Doc 18944-1    Filed 09/29/09    Entered 09/29/09 17:37:31    Exhibit A
Pg 26 of 33

Monarch Master Funding Ltd
BY:  Monarch Alternative Capital LP
Its:  Advisor

**Name of Lender:**

By: _____

    Name:    Michael A. Weinstock
    Title:    Managing Principal

By: _____

    Name:
    Title:

**OCM Opportunities Fund VIIb Delaware, L.P.**

**By:  Oaktree Fund GP, LLC**
**Its:  General Partner**

**By:  Oaktree Fund GP I, L.P.**
**Its:  Managing Member**

By: _____
    Name: Scott Graves
    Title: Authorized Signatory

By: _____
    Name: Kaj Vazales
    Title: Authorized Signatory

**Name of Lender:**  Perry Principals, L.LC.

By: _____

    Name: MICHAEL C. NEUS

    Title: GENERAL COUNSEL

By: _____

    Name:

    Title:

Name of Lender: PAULSON CREDIT OPPORTUNITIES MASTER LTD.

By: _____

Name: ALEXANDER B. BLADES

Title: AUTHORIZED SIGNATORY

**Name of Lender:** Redwood Master Fund, Ltd.

By: _____

       Name: JONATHAN KOLATCH

       Title: Director

Name of Lender:   S P Auto, Ltd.

By: _____

Name:
Title:      **Richard Petrilli**
          **Authorized Signatory**

Name of Lender: SPCP Group, LLC

By: _____

Name:
Title:      **Richard Petrilli**
            **Authorized Signatory**

Name of Lender: *The Foothill Group, Inc.*

By: _____

Name: Scott P. Quigley

Title: Vice President

(NY) 27011/094/ACCOMMODATION.AGT AMEND.33/amend|33.doc