SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000 (phone)
(212) 753-5044 (fax)
Louis T. DeLucia

-and-

233 South Wacker Drive
Suite 6600
Chicago, IL 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)
Jason M. Torf
Patricia J. Fokuo
*Attorneys for Kokomo Gas and Fuel Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                        :    Chapter 11
                                              :
DELPHI CORPORATION., *et al*.,                :    Case No. 05-44481 (RDD)
                                              :
    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF KOKOMO GAS AND FUEL COMPANY TO NOTICE OF ASSUMPTION AND ASSIGNMENT WITH RESPECT TO EXECUTORY CONTRACT TO BE ASSUMED AND ASSIGNED TO GM COMPONENTS HOLDINGS, LLC <u>UNDER MODIFIED PLAN OF REORGANIZATION</u>**

Kokomo Gas and Fuel Company ("Kokomo"), by its undersigned counsel, hereby objects (the "Objection") to the Notice of Assumption and Assignment With Respect to Executory Contract to be Assumed and Assigned to GM Components Holdings, LLC Under Modified Plan of Reorganization [Dkt. No. 18903] (the "Kokomo Assignment Notice"). For its Objection, Kokomo respectfully states as follows:[1]

---

[1] Debtors consented to extend Kokomo's time through September 30, 2009 to file an objection to the Kokomo Assignment Notice.

## BACKGROUND

1. On October 8, 2005, and subsequently on October 14, 2005 (collectively, the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors-in-possession.

2. On June 16, 2009, Debtors filed their First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (the "Modified Plan") [Dkt. No. 17030] and the Supplement to First Amended Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) [Dkt. No. 17031].

3. Also on June 16, 2009, the Court entered the Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (As Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (the "Modification Procedures Order") [Dkt. No. 17032], as amended and supplemented by the Supplemental Modification Procedures Order entered on June 29, 2009 [Dkt. No. 17376], the Second Supplemental Modification Procedures Order entered on July 17, 2009 [Dkt. No. 18352], and the Third Supplemental Modification Procedures Order entered on July 21, 2009 [Dkt. No. 18551] (collectively, the "Supplemental Procedures").

4. On July 30, 2009, the Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and

Certain Affiliates, Debtors and Debtors-In-Possession, As Modified and (II) Confirmation Order (Dkt. No. 12359) (the "Plan Modification Order") [Dkt. No. 12359].

5. Pursuant to paragraph 35 of the Modification Procedures Order, on or around July 10, 2009 (i.e., 20 days prior to the Effective Date), Debtors filed the Notice of Filing of Notices of Assumption and Assignment With Respect to Certain Executory Contracts or Unexpired Leases to Be Assumed and Assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, As Applicable, Under Modified Plan of Reorganization [Dkt. No. 18077] (the "July 10, 2009 GM Assignment Notice").

6. Kokomo's contract with Debtors was not listed on the July 10, 2009 GM Assignment Notice. Instead, Debtors did not file the Kokomo Assignment Notice until September 16, 2009 (which could be outside of the 20-day window allowed under the Modification Procedures Order, depending upon when the Effective Date occurs[2]) [Dkt. No. 18093].

---

[2] The Notice of Filing which accompanies the Kokomo Assignment Notice acknowledges that

> the Modification Procedures Order, as amended and supplemented by the Supplemental Procedures, requires that the Debtors send a notice to contract counterparties at least 20 days before the Effective Date of the Modified Plan identifying GM Components Holdings, LLC ("GM Components") as the party to which the Debtors would assign all of their rights, title, and interests in certain executory contracts . . . The Debtors have identified a certain additional executory contract that they intend to assign to GM Components.

Dkt. No. 18903 at 2-3 (¶ 4). Because the Kokomo Assignment Notice is dated September 16, 2009, if the Effective Date occurs on or before October 6, 2009 (i.e., the 20th day after the Kokomo Assignment Notice), then it will not have been in compliance with the Modification Procedures Order and the Supplemental Procedures.

3

       7.      The Kokomo Assignment Notice states that Debtors intend to assume and assign to GM Components Holdings, LLC ("GM") two agreements: (1) the Agency Agreement, and (2) the Agreement for Gas Transportation Pooling Services between Kokomo and Delco Electronics Corporation (one of the Debtors) dated February 1, 1994 (together, the "Agreements").[3] In the Kokomo Assignment Notice, Debtors list the cure amount for the Agreements as $0.00 (the "Proposed Cure Amount").

       8.      The Kokomo Assignment Notice further provides:

> PLEASE TAKE FURTHER NOTICE that in accordance with this Court's prior orders in connection with confirmation of the Debtors' plan and pursuant to the Modification Procedures order, non-Debtor counterparties to GM Components Assumed Contracts shall be entitled to recover only the Cure amounts as listed on Schedules 1 and/or 2 hereto, unless otherwise noted, which Cure amounts have been previously established pursuant to the procedures in the [Modified Plan] . . . <u>and shall be barred and enjoined from asserting that any other amounts are owing on account of any prepetition default</u>.

Kokomo Assignment Notice at 2 (emphasis added).

       9.      Section 8.2(b) of the Modified Plan sets forth the requirements for Kokomo, as a non-Debtor contract counterparty, to notify Debtors of any cure amount that is due if the Agreements are assumed and assigned. Specifically, Section 8.2(b) of the Modified Plan states:

> Any party . . . who wishes to assert that Cure shall be required as a condition to assumption shall file and serve a proposed Cure Claim so as to be received by the Debtors . . . within 45 days after entry of the Confirmation Order . . . after which the Debtors . . . shall have 45 days to file any objections thereto.

Modified Plan, § 8.2(b).

---

[3] The Agency Agreement actually is between KGF Trading Company ("KGF"), Kokomo's affiliate, and Delco Electronics Corporation ("Delco"). KGF is a gas marketing company which, in this case, provides the gas commodity to Kokomo which Kokomo, in turn, delivers to Delco. Kokomo bills Delco for amounts owed both to Kokomo and KGF. KGF does not bill Delco separately.

4

10.  Kokomo timely filed a proof of claim dated July 26, 2006 against Delphi Automotive Systems, LLC, one of the Debtors, in the amount of $248,629.34 which was assigned claim number 11622 (the "Proof of Claim").  The Proof of Claim establishes and represents the cure amount that is owed to Kokomo under the Agreements.[4]

## ARGUMENT

### I. Debtors' Attempt to Assume and Assign Kokomo's Contract Without Paying Any Cure Is Not Permitted and Is In Bad Faith

11.  Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. §365(a).  However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the Trustee "cures, or provides adequate assurance that the trustee will promptly cure, such default[.]"  11 U.S.C. § 365(b)(1); *see In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005).

12.  The cure amount, as provided in the Bankruptcy Code, is not optional for Debtors.  Furthermore, it is impermissible for Debtors (1) to assume executory contracts through boilerplate plan language and (2) to attempt to cause non-debtor contract counterparties such as Kokomo to waive their right to a cure amount based upon language buried deep in the Modified Plan.  *In re O'Connor*, 258 F.3d 392, 401 (5th Cir. 2001) ("an executory contract may *not* be assumed either by implication or through the use of boilerplate plan language"); *In re Cole*, 189 B.R. 40, 46-7 (Bankr. S.D.N.Y. 1995) (boilerplate plan language purporting to assume all

---

[4] The Proof of Claim includes the prepetition amounts owed to both Kokomo and KGF under the Agreements.  Because Kokomo bills Delco for amounts owing to both Kokomo and KGF (*see* fn. 3), the Proof of Claim was filed in the name of Kokomo only.

5

executory contracts *not* expressly rejected prior to confirmation ineffective to assume leases because it would allow circumvention of § 365's requirement of judicial approval).

13. The Chapter 11 debtor may express an intent to assume or reject an executory contract either by motion or through the plan. If assumption is through the plan, the debtor must give the non-debtor party to the contract notice by delivery of the proposed plan or some other court ordered notice establishing the intent to assume the contract <u>and the terms of such cure</u>. *In re National Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000), *cert. denied*, 531 U.S. 871 (2000).

14. Debtors impermissibly are attempting to assume and assign the Agreements to GM without providing the full cure amount owed under these executory contracts. In order for Debtors to be permitted to assume and assign the Agreements, the Bankruptcy Code requires Debtors to provide a cure payment to Kokomo in the amount listed in Kokomo's Proof of Claim. Instead, Debtors are attempting to pay no cure to Kokomo, instead choosing impermissibly to use boilerplate plan language to assume its Agreements without the requisite cure amount and to shift the burden of notification of the cure amount from Debtors to the non-debtor contract counterparty. *See id*.

15. The provisions of the Modified Plan pertaining to the assumption of executory contracts and the requirement that non-debtor contract counterparties must notify the Debtors of any cure amount were proposed in bad faith. Section 1129(a)(3) of the Bankruptcy Code requires as a prerequisite to confirmation that "[t]he plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). To be proposed in good faith, a plan must be proposed with honesty and good intentions and with a basis for expecting that a reorganization can be effected. *Kane v. Johns Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988). This formulation expressly invites the bankruptcy court to examine the intent and motives of the

6

plan proponent as well as the feasibility of the plan. Accordingly, a plan proposed for impermissible ulterior motives is lacking in good faith. *In re Koelbl*, 751 F.2d 137, 139 (2d Cir. 1984).

16.   In addition, to be proposed in good faith, a plan must provide for fundamental fairness in dealing with one's creditors: "[s]imilarly, in the context of a Chapter 13 reorganization, this court has interpreted the identical [§ 1129(a)(3)] 'good faith' language contained in 11 U.S.C. § 1325(a)(3) to require the bankruptcy court to review the proposed plan for accuracy and 'a fundamental fairness in dealing with one's creditors.'" *In re Madison Hotel Associates,* 749 F.2d 410, 425 (7th Cir. 1984). Section 1129(a)(3) precludes the confirmation of a plan that has been proposed by "any means prohibited by law."

17.   Debtors' Modified Plan violates bankruptcy law and was not proposed in good faith. It appears that Debtors' motive was to circumvent the law by seeking to assume executory contracts through boilerplate plan language and by shifting the burden to the non-debtor contract counterparties to file a notice of any cure amounts (through language buried deep within the Modified Plan), thus hoping that some non-debtor contract counterparties would not file such a notice and thereby waive their right to any cure. The Modified Plan violates the requirement that the Debtors must provide a cure under any contract they are assuming and assigning and, thus, it was not proposed in good faith within the meaning of § 1129(a)(3) because these provisions of the Modified Plan does not propose "fundamental fairness in dealing with one's creditors." The Court's finding of "good faith" in the Plan Modification Order was erroneous.

II.   **Even if These Provisions Were Proposed In Good Faith, Kokomo Complied by Filing Its Proof of Claim**

18.   Even assuming that the provisions of the Modified Plan discussed above were proposed in good faith and are proper, Kokomo complied with procedure for asserting the cure

7

amount owed under the Agreements. The Plan Modification Order was entered on July 30, 2009. Therefore, any proposed cure amounts had to be submitted by August 13, 2009[5] (i.e., 45 days after entry of the Plan Modification Order). Kokomo submitted its Proof of Claim on <u>July 26, 2006</u>. Accordingly, Kokomo complied with the Modified Plan and the Plan Confirmation Order by submitting its Proof of Claim — and, thus, its cure amount — prior to the August 13, 2009 deadline. Debtors did not object to Kokomo's Proof of Claim. Thus, Debtors were on notice of Kokomo's cure amount <u>for more than 3 years</u> and, accordingly, the Proposed Cure Amount of $0.00 asserted in the Kokomo Assignment Notice is incorrect and inappropriate.

III.     **Literal Compliance with the Cure Procedures Was Rendered Impossible**

19.    As stated above, § 8.2(b) of the <u>Modified Plan</u> required non-debtor contract counterparties to assert any cure amounts within 45 days after entry of the Plan Modification Order (i.e., by August 13, 2009). The <u>Plan Modification Order</u>, however, sets forth different dates concerning the cure amount procedures. The Plan Modification Order states that any party to an executory contract who wishes to assert a cure "is required as a condition to assumption must have filed and served a proposed cure proposal . . . so as to be received by the Debtors and their counsel . . . by <u>March 10, 2008</u>." Plan Modification Order, ¶ 31(a) (emphasis added). In other words, the Plan Modification Order contains a deadline that is inconsistent with the deadline set by the Modified Plan.

20.    The Plan Modification Order states:

> if there is determined to be any inconsistency between any Modified Plan provision and any provision of this order that cannot be so reconciled, then, solely to the extent of such inconsistency, <u>the provisions of this order shall govern and any such provision of</u>

---

[5] Under Fed. R. Bankr. P. 9006, the deadline was actually the following day, but that is impertinent here.

8

> this order shall be deemed a modification of the Modified Plan and shall control and take precedence.

Plan Modification Order, ¶ 57 (emphasis added). Accordingly, the deadline set forth in the Plan Modification Order — March 10, 2008 — controls. Obviously, literal compliance with the cure procedures was rendered impossible when the Plan Modification Order contains a deadline for submission of cure amounts that expired more than 15 months prior to the entry of the Plan Modification Order.[6]

## IV. Debtors Submission of the Kokomo Assignment Notice May Not Be in Compliance with the Modification Procedures Order

21. Paragraph 35 of the Modification Procedures Order requires Debtors to submit the Kokomo Assignment Notice "[a]t least 20 days prior to the Effective Date of the Modified Plan . . ." As acknowledged by Debtors, the Kokomo Assignment Notice was an afterthought. *See* fn. 2 above. Debtors did not file the Kokomo Assignment Notice until September 16, 2009 (unlike the first GM Assignment Notice filed on July 10, 2009, which did not list the Kokomo Agreements). In order for Debtors to be in compliance with the Modification Procedures Order, the Effective Date must be later than October 6, 2009. Otherwise, if the Effective Date occurs on or before October 6, 2009, Debtors will not be in compliance with the provision of the Modification Procedures Order, as amended and supplemented by the Supplemental Procedures, which required Debtors to send the Kokomo Assignment Notice to Kokomo "at least 20 days before the Effective Date of the Modified Plan." Dkt. No. 18903 at 2-3 (¶ 4). Accordingly, it is possible that Debtors did not give Kokomo sufficient notice under the Modification Procedures Order.

---

[6] Nevertheless, Kokomo complied by submitting its Proof of Claim prior to March 10, 2008.

9

## WAIVER OF MEMORANDUM OF LAW

22. This objection sets forth specific responses with supporting law divided into numerous paragraphs. Kokomo respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be waived.

WHEREFORE, Kokomo respectfully requests that this Court (i) deny Debtors' request to assume and assign the Agreements for Debtors' failure to provide the required cure, (ii) alternatively, authorize Debtors' assumption and assignment of the Agreements subject to the contemporaneous payment to Kokomo of the amount set forth in the Proof of Claim, and (iii) grant such other and further relief as the Court deems fair and equitable.

Dated: September 30, 2009                     SCHIFF HARDIN LLP

By: /s/ Jason M. Torf
    Jason M. Torf  (*pro hac vice* admission pending)
    Patricia J. Fokuo
    233 South Wacker Drive
    Suite 6600
    Chicago, Illinois 60606-6473
    (312) 258-5500 (phone)
    (312) 258-5700 (facsimile)
    jtorf@schiffhardin.com
    pfokuo@schiffhardin.com

      -and-

    Louis T. DeLucia
    900 Third Avenue
    23rd Floor
    New York, NY 10022
    (212) 753-5000 (phone)
    (212) 753-5044 (fax)
    ldelucia@schiffhardin.com

    *Attorneys for Kokomo Gas and Fuel Company*

CH2\7932940.4