DUANE MORRIS LLP
A Delaware Limited Liability Partnership
Lawrence J. Kotler, Esquire (LK-8177)
Wendy M. Simkulak, Esquire (WS-8945)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
        and
Margery N. Reed, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 979-1020 (facsimile)

Counsel for the Plaintiffs

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>DELPHI CORPORATION, et al.<br>　　　　　Debtors.<br>_____<br>ACE AMERICAN INSURANCE COMPANY<br>and PACIFIC EMPLOYERS INSURANCE<br>COMPANY,<br>　　　　Plaintiffs,<br><br>vs.<br><br>DELPHI CORPORATION;<br>STATE OF MICHIGAN WORKERS'<br>COMPENSATION INSURANCE<br>AGENCY; and STATE OF MICHIGAN<br>FUNDS  ADMINISTRATION,<br>　　　　Defendants.<br>_____ | Case No. 05-44481 (RDD)<br>Jointly Administered<br>Chapter 11<br><br><br><br><br><br>Adversary Proceeding<br>No. _____ |

## **COMPLAINT**

Plaintiffs ACE American Insurance Company ("ACE") and Pacific Employers

Insurance Company ("Pacific") file this Complaint against Defendants Delphi

Corporation ("Delphi"), State of Michigan Workers' Compensation Insurance Agency

1

(the "Agency"), and State of Michigan Funds Administration ("Funds Administration") as follows:

## NATURE OF THIS ACTION

1.    This is an action to confirm the scope of insurance coverage for workers' compensation claims under certain multi-state insurance policies -- the "Deductible Policies" as identified in paragraph 15 of this Complaint -- issued by ACE and/or Pacific to certain of the debtors and debtors in possession in this chapter 11 case (collectively, separately or in any combination, the "Debtors").

2.    This action stems from underlying claims that have been filed or that may be filed with the Agency against Delphi seeking workers' compensation benefits (the "Underlying Self-Insured Michigan Workers' Compensation Claims"). These Underlying Self-Insured Michigan Workers' Compensation Claims were covered by Delphi as a self-insured employer and not by the Deductible Policies. Despite the fact that the Deductible Policies do not provide insurance coverage for these claims, and despite the fact that Delphi agrees that the Deductible Policies do not provide coverage for these claims, the Agency and Funds Administration have taken the improper position, including the filing of documents in this Court, which erroneously allege that ACE and/or Pacific are obligated to provide insurance coverage for the Underlying Self-Insured Michigan Workers' Compensation Claims under the Deductible Policies.

3.    This action affects the Debtors' insurance policies that are integral to the Debtors' reorganization. The outcome of this action will have a material effect on the administration of substantial claims in the Debtors' estates at a critical time in the Debtors' plan process, including any distributions to be made under the plan.

2

4. ACE and Pacific therefore seek declaratory judgment of this actual controversy pursuant to 28 U.S.C. § 2201 *et. seq.* and Fed. R. Bankr. P. 7001. Alternatively, ACE and Pacific seek reformation of the Deductible Policies to reflect the mutual understanding and intent of the contracting parties.

## THE PARTIES

5    ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania and is authorized to do business in New York.

6. Pacific is a Pennsylvania corporation with its principal place of business in Pennsylvania and is authorized to do business in New York.

7. Delphi is a Delaware corporation, with its principal place of business in Michigan and is authorized to do business in New York.

8. The Agency is a governmental unit within the State of Michigan's Department of Energy, Labor & Economic Growth.

9. The Funds Administration is an entity created pursuant to Michigan statute, MICH. COMP. LAWS § 418.501 – 418.561, that consists of three State of Michigan funds: 1) the Second Injury Fund, 2) the Silicosis Dust Disease and Logging Industry Compensation Fund, and 3) the Self-Insurers' Security Fund.

10. On or about October 8, 2005, the Debtors filed for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157.

12. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## INSURANCE POLICIES

14. ACE issued Specific Excess Workers' Compensation and Employers Liability policies (the "Retention Policies"), each of which contains a substantial self-insured retention, with excess insurance for the Underlying Self-Insured Michigan Workers' Compensation Claims as follows:

   a. Policy XWC 014001 for the period October 1, 2000 to October 1, 2001 for Delphi Automotive Systems Corporation, which subsequently changed its name to Delphi;

   b. Policy XWC 014112 for the period October 1, 2001 to October 1, 2002 for Delphi Automotive Systems Corporation, which subsequently changed its name to Delphi;

   c. Policy XWC 014256 for the period October 1, 2002 to October 1, 2003 for Delphi;

   d. Policy WCU 014493 for the period October 1, 2003 to October 1, 2004 for Delphi;

   e. Policy WCU C43989613 for the period October 1, 2004 to October 1, 2005 for Delphi;

   f. Policy WCU C44333843 for the period October 1, 2005 to October 1, 2006 for Delphi;

  g. Policy WCU C44442498 for the period October 1, 2006 to October 1, 2007 for Delphi, Delphi Automotive Systems Human Resources, LLC, and Delphi Automotive Systems Services, LLC;

  h. Policy WCU C44473008 for the period October 1, 2007 to October 1, 2008 for Delphi, Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems Services, LLC, and Delphi Automotive Systems, LLC;

  i. Policy WCU C42850135 for the period October 1, 2008 to October 1, 2009 for Delphi, Delphi Automotive Systems Human Resources, LLC, Delphi Automotive Systems Services, LLC, and Delphi Automotive Systems, LLC.

  15. ACE or Pacific issued Workers' Compensation and Employers Liability policies (the "Deductible Policies") that are applicable to certain workers' compensation claims arising in Michigan against certain of the Debtors, but are not applicable to any of the Underlying Self-Insured Michigan Workers' Compensation Claims against Delphi, each of which contains a substantial deductible, as follows:

  a. Policy WLR C43013038 for the period October 1, 2000 to October 1, 2001 (Pacific);

  b. Policy WLR C43111449 for the period October 1, 2001 to October 1, 2002 (Pacific);

  c. Policy WLR C43111322 for the period October 1, 2001 to October 1, 2002 (Pacific);

    d.  Policy WLR C43535067 for the period October 1, 2003 to October 1, 2004 (ACE);

    e.  Policy WLR C43988943 for the period October 1, 2004 to October 1, 2005 (ACE);

    f.  Policy WLR C44333855 for the period October 1, 2005 to October 1, 2006 (ACE);

    g.  Policy WLR C44442474 for the period October 1, 2006 to October 1, 2007 (ACE);

    h.  Policy WLR C44473124 for the period October 1, 2007 to October 1, 2008 (ACE);

    i.  Policy WLR C42850263 for the period October 1, 2008 to October 1, 2009 (ACE).

16.    The Deductible Policies are applicable to certain workers' compensation claims against certain of the Debtors that had not been approved by the Agency as self-insured employers. For workers' compensation claims arising in Michigan, the Deductible Policies' premiums were calculated and paid based on payroll information for those Debtors, not payroll information for Delphi.

17.    Delphi had the authority to act on behalf of the Debtors to negotiate and bind coverage under the Deductible Policies on their behalf.

18.    The Retention Policies and the Deductible Policies are not attached to this Complaint due to their voluminous size, but upon information and belief the Debtors possess the Retention Policies and the Deductible Policies. ACE and Pacific will provide copies of the Retention Policies and Deductible Policies to the Court or other parties as

6

necessary for these proceedings or upon request. ACE and Pacific incorporate the Retention Policies and the Deductible Policies in their entirety as if attached as an exhibit or as if fully stated herein.

**THE AGENCY'S APPROVAL OF DELPHI AS A SELF-INSURED EMPLOYER**

19.  In Michigan, an employer may satisfy its mandatory obligations under Michigan's Workers' Compensation Disability Act, MICH. COMP. LAWS § 418.101, *et seq.*, by acquiring the Agency's authority to be a self-insurer.

20.  From 1999 to the present, Delphi (including under its prior name, Delphi Automotive Systems Corporation) has annually applied for and been approved by the Agency as a self-insured employer for Michigan workers' compensation claims.

21.  The Agency may require a self-insured employer to furnish security such as a surety bond or a letter of credit to secure its workers' compensation obligations. Mich. Comp. Laws § 418.641(1)(a); Mich. Admin. Code R. 408.43. Upon information and belief, the Agency has never required any such security from Delphi to secure its workers' compensation obligations, either before or after the Debtors initiated this Chapter 11 proceeding.

22.  Since 1999, workers' compensation claims against Delphi in Michigan were defended, covered, and paid by Delphi as a self-insured employer and not by ACE or Pacific under the Deductible Policies, and since the filing of this Chapter 11 proceeding Delphi has continued to pay the Underlying Self-Insured Michigan Workers' Compensation Claims against it as a self-insured employer with the consent and approval of this Court, and with the full knowledge of the Agency and the Funds Administration.

23. Consistent with the Agency's approval of Delphi as a self-insured employer, Delphi represented to ACE and Pacific that it was and is self-insured for the Underlying Self-Insured Michigan Workers' Compensation Claims.

24. ACE and Pacific relied upon the Agency's approval of Delphi as a self-insured employer and Delphi's representations that it is self-insured for the Underlying Self-Insured Michigan Workers' Compensation Claims when they issued and calculated the premiums for the Retention Policies and the Deductible Policies.

## PRIOR RELEVANT PROCEEDINGS IN THIS COURT

25. On or about July 14, 2009, the Agency and the Funds Administration filed a Limited Objection to Debtors' (A) Supplement to Motion for Order (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Request to Set Administrative Expense Claims Bar Date and Alternative Sale Hearing Date (the "Limited Objection") (Docket no. 18264).

26. The Limited Objection stated: "the Debtors have been self-insured in Michigan since 1999 and until filing of their Motion have assured the Agency in writing that it would continue to meet its Michigan workers' compensation obligations in order to maintain that self-insured status."

27. The Limited Objection stated: "The Agency and Funds [Administration], however, need to ensure that Debtors' injured workers have a continued source of payment to compensate them for their injuries and to protect Michigan's self-insured

8

program for the benefit of all other Michigan self-insured employers and their employees."

28.    In the Limited Objection, the Agency and the Funds Administration sought a sufficient commitment that the Debtors' purchaser(s) will assume the Underlying Self-Insured Michigan workers' compensation claims or that the Debtors' workers' compensation obligations will be otherwise satisfied.

29.    The Limited Objection further stated:

> The Agency discovered in the last week the existence of workers' compensation insurance coverage for Delphi's Michigan operations between October 1, 2000 through September 30, 2002 and October 1, 2003 through the date of this filing. The Agency will be providing notice to Pacific Employers Insurance Company and Ace American Insurance Company of their responsibility for these dates of coverage. If these insurance companies challenge the Agency's finding then Delphi and the potential Purchasers will remain responsible for the statutory benefits due to Michigan injured workers.

30.    On or about July 14, 2009, the Funds Administration filed an Administrative Expense Claim Form against the Debtors.

31.    On or about July 14, 2009, the Michigan Self-Insurers' Security Fund (one of the funds included in the Funds Administration) filed an Administrative Expense Claim Form against the Debtors.

32.    On or about July 29, 2009, the Michigan Self-Insurers' Security Fund filed two Proofs of Claim against the Debtors.

**COMMUNICATIONS TO ACE AND PACIFIC FROM THE AGENCY**

33.    On or about July 15, 2009, the Director of the Agency, on behalf of the Agency, sent a letter to ACE erroneously concluding that the Agency's records "show that Delphi Automotive Systems Corporation and Delphi Corporation have been insured

9

for all workers' compensation liability in Michigan with members of the ACE Limited group [sic], specifically Pacific Employers Insurance Company and Ace American Insurance Company." Based on this erroneous conclusion, which is also contrary to the Agency's long-standing approval of Delphi as a self-insured employer for workers' compensation claims against it, the letter further states that "[t]he Agency will notify one or both of these carriers of claims within the indicated coverage periods."

34.     In August 2009, ACE and Pacific began receiving notices (collectively, the "Notices") of workers' compensation hearings for numerous Underlying Self-Insured Michigan Workers' Compensation Claims, which are not covered by the Deductible Policies, but instead are only covered by Delphi as an authorized self-insured employer.

35.     Upon information and belief, the Agency and/or the Funds Administration have caused these Notices to be sent to ACE and Pacific even though there is no contractual, legal or other basis for the Agency and/or the Funds Administration to serve such Notices on ACE or Pacific.

**COUNT I – DECLARATORY JUDGMENT OF NO COVERAGE UNDER THE DEDUCTIBLE POLICIES FOR THE UNDERLYING SELF-INSURED MICHIGAN WORKERS' COMPENSATION CLAIMS**

36.     ACE and Pacific incorporate by reference the preceding paragraphs as though fully set forth in this Count I.

37.     ACE and Pacific seek a declaration from this Court that the Deductible Policies do not afford coverage for the Underlying Self-Insured Michigan Workers' Compensation Claims against Delphi. Rather, the Deductible Policies only provide insurance coverage for workers' compensation claims arising in Michigan against certain

subsidiaries or divisions of Delphi that were not approved by the Agency as self-insured employers.

38. The Deductible Policies do not provide insurance coverage for self-insured workers' compensation claims, *i.e.*, claims covered by the Retention Policies (which are subject to the applicable self-insured retentions).

39. Accordingly, ACE and Pacific have no insurance coverage obligations to Delphi with respect to the Underlying Self-Insured Michigan Workers' Compensation Claims under the Deductible Policies.

40. ACE and Pacific reserve and rely upon all policy terms, definitions, exclusions, conditions, and endorsements that potentially limit or preclude insurance coverage for the Underlying Self-Insured Michigan Workers' Compensation Claims under the Deductible Policies.

**COUNT II – DECLARATORY JUDGMENT OF EXCESS COVERAGE ONLY UNDER THE RETENTION POLICIES AS TO THE UNDERLYING SELF-INSURED MICHIGAN WORKERS' COMPENSATION CLAIMS**

41. ACE and Pacific incorporate by reference the preceding paragraphs as though fully set forth in this Count II.

42. The Retention Policies provide certain excess insurance coverage to Delphi for the Underlying Self-Insured Michigan Workers' Compensation Claims.

43. The Retention Policies only provide such insurance coverage in excess of the Retention Policies' applicable self-insured retentions.

44. ACE and Pacific reserve and rely upon all policy terms, definitions, exclusions, conditions, and endorsements that potentially limit or preclude insurance

coverage for the Underlying Self-Insured Michigan Workers' Compensation Claims under the Retention Policies.

## COUNT III - REFORMATION

45. ACE and Pacific incorporate by reference the preceding paragraphs as though fully set forth in this Count III.

46   If the Deductible Policies (or any of them) are somehow determined to provide insurance coverage to Delphi for the Underlying Self-Insured Michigan Workers' Compensation Claims, the Deductible Polices do so inadvertently through the mistake of the scrivener and/or mutual mistake of ACE or Pacific and Delphi, and therefore the Deductible Policies must be reformed to reflect the mutual understanding and intent of the parties thereto.

## REQUEST FOR RELIEF

WHEREFORE, ACE and Pacific respectfully request and pray for the following relief:

    a.    A declaration that ACE and Pacific owe no duty to defend Delphi under the Deductible Policies for the Underlying Self-Insured Michigan Workers' Compensation Claims;

    b.    A declaration that ACE and Pacific owe no duty to provide insurance to Delphi under the Deductible Policies for the Underlying Self-Insured Michigan Workers' Compensation Claims;

    c.    A declaration that ACE owes no duty to defend any insured under the Retention Policies for the Underlying Self-Insured Michigan Workers' Compensation Claims;

    d.    A declaration that ACE owes no duty to provide insurance under the Retention Policies until the applicable retentions are exceeded;

    e.    A declaration that ACE and Pacific are entitled to the fees and costs arising from this action, including, without limitation, reasonable attorney's fees;

    f.    In the alternative, if the Deductible Policies as written are somehow determined to provide insurance coverage for the Underlying Self-Insured Michigan Workers' Compensation Claims, an Order reforming the Deductible Policies to reflect the mutual understanding, intent and agreement of the parties that the Deductible Policies do not afford coverage to Delphi for the Underlying Self-Insured Michigan Workers' Compensation Claims; and

    g.    A declaration or an award to ACE and Pacific of such other and further relief that this Court deems just, proper and equitable.

Dated: October 6, 2009

Respectfully submitted,

By: */s/ Lawrence J. Kotler, Esquire*
DUANE MORRIS LLP
Lawrence J. Kotler, Esquire (LK-8177)
Wendy M. Simkulak, Esquire (WS-8945)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000
(212) 692-1020 (facsimile)
ljkotler@duanemorris.com
wmsimkulak@duanemorris.com

and

Margery N. Reed, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 979-1020 (facsimile)
mreed@duanemorris.com

Counsel for the Plaintiffs