TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Howard P. Magaliff

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,                   :
                                                :
                            Debtors.            :
                                                :
---------------------------------------------------------------x

### STIPULATION AND ORDER RESOLVING
### OBJECTIONS BY AT&T TO APPROVAL AND/OR CONFIRMATION
### OF THE DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and AT&T Corp., and its affiliates and subsidiaries, including AT&T Solutions Inc. ("AT&T Solutions") and SBC Global Services Inc. ("SBC Global" and collectively, "AT&T," together with the Debtors, the "Parties"), by their counsel, stipulate and agree:

### Recitals

**WHEREAS,** on October 8, 2005 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** prior to the Petition Date, AT&T and the Debtors were parties to the following agreements pursuant to which AT&T provided, and continues to provide, telecommunications and related services to the Debtors: (i) Master Telecommunications Services Agreement By and Between Delphi and AT&T Corp., dated November 19, 1999, as it may have been and will be amended; and (ii) the Managed Network Agreement By and Between Delphi and AT&T Solutions, dated November 19, 1999, as it may have been and will be amended (together, the "AT&T Contracts"); and

**WHEREAS**, subsequent to the Petition Date, and pursuant to the Final Order Under 11 U.S.C. §§ 105, 363, 503 and 507 (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Pre-Petition Services and (II) Establishing Procedures for Determining Requests for Additional Assurance, dated October 27, 2005 (the "Utilities Order") (Docket No. 760), the Debtors were authorized to provide adequate assurance deposits to certain parties; and

**WHEREAS,** pursuant to the Utilities Order, the Debtors provided AT&T with adequate assurance deposits totaling $1.67 million (the "Deposits"); and

**WHEREAS,** AT&T agreed that the Deposits would be returned to the Debtors, together with all interest accrued thereon, upon the occurrence of certain events; and

**WHEREAS,** the Debtors and AT&T agree that the total principal and interest of the Deposits currently amounts to $1,850,000; and

**WHEREAS**, on June 20, 2008, the Bankruptcy Court entered an Order (the "June 20 AT&T Order") allowing pre-petition general unsecured claims in favor of AT&T in the aggregate of $8,025,131.62 (the "AT&T General Unsecured Claim") (Docket No. 13793); and

**WHEREAS**, on May 29, 2008, the Court entered an Order (the "Cure Proposal Order") (Docket No. 13696), provisionally allowing certain cure proposals at their respective reconciled amounts. The Cure Proposal Order set the AT&T's cure amount at $7,130,444.21; and

**WHEREAS**, the amounts owed to AT&T set by the Cure Proposal Order were not paid; and

**WHEREAS**, the Debtors and AT&T disputed whether the conditions requiring payment of the amounts set by the Cure Proposal Order were satisfied; and

**WHEREAS,** on June 16, 2009, the Debtors filed their First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (the "Plan") (Docket No. 17030); and

**WHEREAS,** on July 2, 2009, the Debtors filed their Exhibits to the Plan (Docket No. 17557); and

**WHEREAS,** on July 2, 2009, the Debtors served upon AT&T Notices of Non-Assumption regarding certain of the contracts by and among the debtors and AT&T (Docket No. 17728); and

3

**WHEREAS,** on July 15, 2009, AT&T filed its Limited Objection to the First Amended Joint Plan of Reorganization (the "AT&T Objection") (Docket No. 18266); and

**WHEREAS,** in the AT&T Objection, AT&T asserted, among other things, that the AT&T cure amounts set by the Cure Proposal Order were due to AT&T; and

**WHEREAS,** on August 5, 2009, AT&T filed its Motion For The Entry Of An Order (1) Compelling Payment Of Administrative Expenses Or, In The Alternative (2) Modifying The Automatic Stay To Permit Termination Of Executory Contracts (the "AT&T Administrative Expense Motion") (Docket No. 18737); and

**WHEREAS,** in the AT&T Administrative Expense Motion, AT&T asserted that the Debtors were obligated to pay AT&T certain amounts on account of post-petition services provided by AT&T to the Debtors (the "Administrative Expense Claim"); and

**WHEREAS,** the Debtors and AT&T have worked together to reconcile and pay the Administrative Expense Claim, and the Debtors and AT&T agree that the Administrative Expense Claim has been paid in its entirety; and

**WHEREAS,** the Debtors and AT&T have engaged in arms-length negotiations concerning the disposition of the AT&T Contracts, and have agreed that they should be amended upon terms that have been agreed upon by the Debtors and AT&T; and

**WHEREAS,** as a result of negotiations between the Debtors and AT&T, the parties hereto have agreed to resolve the AT&T Objection based upon the terms set forth herein.

4

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the provisions set forth herein, the parties hereto stipulate and agree as follows:

1.    This Stipulation shall become effective upon entry of an Order of the Bankruptcy Court approving the terms set forth herein (the "Stipulation Effective Date").

2.    The provisions set forth herein are for the benefit of the parties hereto and no other party.  Except as expressly set forth herein, nothing contained herein constitutes an admission or waiver of any right, claim or defense in favor of the Debtors or AT&T.

3.    The AT&T Contracts, as modified by the Debtors and AT&T (the "Assumed Contracts"), shall be assumed and assigned as of the Effective Date of the Plan.

4.    The aggregate amount necessary to cure all existing defaults under the Assumed Contracts is $1,850,000 (the "Cure").  The Cure will be paid to AT&T as soon as practicable, but not later than 45 days, after the Effective Date of the Plan.

5.    The Cure represents the aggregate total of all obligations in default under the Assumed Contracts.

6.    Within 10 days after payment of the Cure, AT&T will return the Deposits and all accrued interest to Delphi in the total amount of $1,850,000.

7.    The AT&T General Unsecured Claim is reduced and allowed as a general unsecured claim in the amount of $3,100,000**.**  The June 20 AT&T Order is

amended to reflect the reduction and allowance of the AT&T General Unsecured Claim as set forth herein, but otherwise continues in full force and effect.

    8. Other than as expressly set forth herein, the Parties on their own behalf and on behalf of each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents hereby release and waive any right to assert any claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected as of the date hereof (the "Release").  The Release includes, but is not limited to, all claims under Chapter 5 of the Bankruptcy Code and all actions the Debtors may have filed under seal against AT&T.

    9. The AT&T Objection and the AT&T Administrative Expense Motion shall be deemed withdrawn after the Stipulation Effective Date and the Effective Date of the Plan and when all requirements of this Stipulation and Order have been satisfied, including, but not limited to, the Parties having made all required payments pursuant to this Stipulation and Order.

    10. If there is any inconsistency between this Stipulation and the Order dated July 30, 2009 approving modifications to the Plan and Confirmation Order, this Stipulation shall control.

    11. The Bankruptcy Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation and Order.

| | |
|---|---|
| DELPHI CORPORATION, *et al.* | AT&T |
| By their attorneys, | By their attorneys, |
| TOGUT, SEGAL & SEGAL LLP | FULBRIGHT & JAWORSKY L.L.P. |
| By: | By: |
| /s/ Neil Berger | /s/ David A. Rosenzweig |
| NEIL BERGER | DAVID A. ROSENZWEIG |
| HOWARD P. MAGALIFF | 666 Fifth Avenue |
| One Penn Plaza, Suite 3335 | New York, New York 10103 |
| New York, New York 10119 | (212) 318-3000 |
| (212) 594-5000 | |
| | Dated:   New York, New York |
| Dated:   New York, New York | October __, 2009 |
| October __, 2009 | |

The foregoing is **So Ordered** on the
7th day of October, 2009


_____/s/Robert D. Drain_____
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7