UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                                :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                 Debtors.          :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


FOURTH OMNIBUS ORDER RESOLVING CERTAIN OBJECTIONS TO
NONASSUMPTION OF CERTAIN CONTRACTS AND LEASES,
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND CURE AMOUNTS

("FOURTH SECTION 365 OBJECTION ORDER")

          Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on

June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of

its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for entry of an order (i) approving certain modifications to the

confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain

Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008 (as modified, the

"Modified Plan"),[1] including the sale of certain assets pursuant to the Master Disposition

Agreement, (ii) setting a final hearing date for approval of the Debtors' proposed plan

modifications, (iii) approving the form and manner of notices relating to the assumption and

assignment of executory contracts and unexpired leases under the Modified Plan, and (iv)

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

authorizing the assumption and assignment of certain prepetition executory contracts and

unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the

Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having

entered an order approving, among other things, the form and manner of notices relating to (a)

the nonassumption of certain contracts and leases, (b) amended cure amounts, and (c) the

assumption and assignment of executory contracts and leases to be assigned to the applicable

Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on July 30,

2009 having entered an order approving the Modified Plan (the "Modification Approval Order")

(Docket No. 18707); and upon the objections listed on Exhibit A hereto by various

counterparties to (w) nonassumption of certain contracts and leases, (x) adequate assurance of

future performance, (y) assumption and/or assignment with respect to executory contracts or

unexpired leases to be assumed and/or assigned under the Modified Plan, and/or (z) cure

amounts (the "Section 365 Objections"); and the hearing on certain Section 365 Objections

having been adjourned to October 7, 2009 (the "Fourth Section 365 Objections Hearing ") or as

otherwise noted (a) on the notice of adjournment, dated August 25, 2009 (Docket No. 18833); (b)

on the Second Section 365 Objection Order, dated August 28, 2009 (Docket No. 18842); (c) on

the notice of adjournment, dated September 17, 2009 (Docket No. 18911); (d) on the Third

Section 365 Objection Order, entered September 25, 2009 (Docket No. 18935); (e) on the notice

of adjournment, dated October 2, 2009 (Docket No. 18953); or (f) herein; and the Court having

reviewed and considered certain of the Section 365 Objections and the Motion; and it appearing

that the relief requested in the Motion and granted herein is in the best interests of the Debtors,

their estates, creditors, stakeholders, and other parties-in-interest; and after due deliberation

thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      This Court has jurisdiction over the Motion and the Section 365

Objections pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion and the Section 365 Objections

are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases, the Motion, and the

Section 365 Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought with respect to the Section

365 Objections are sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect

on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C.      As evidenced by the affidavits of service previously filed with the Court,

(i) proper, timely, adequate, and sufficient notice of the Motion, the Fourth Section 365

Objections Hearing, notices of the assumption and assignment of the Assumed and Assigned

Contracts, the Notices of Non-Assumption (as defined in the Modification Procedures Order),

and the Amended Cure Amount Notices (as defined in the Modification Procedures Order) as

approved herein was provided in accordance with sections 102(1), 365, and 1123 of the

Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good,

sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the

Motion, the Fourth Section 365 Objections Hearing, the assumption and/or assignment of the

contracts and unexpired leases covered by the Section 365 Objections pursuant to the terms set

forth herein, or the applicable cure amounts is necessary.

D.      The Section 365 Objection listed on <u>Exhibit B-1</u> hereto has been resolved

and therefore withdrawn and the Section 365 Objections listed on <u>Exhibit B-2</u> hereto have been

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

resolved by separate stipulations (together, the "Resolved Objections"), and all such objections

are subject to all findings and conclusions and decretal paragraphs of the Modification Approval

Order.

E.      The hearing on the Section 365 Objections set forth on <u>Exhibit C</u> hereto

(the "Outstanding Objections") are hereby either (a) adjourned or scheduled as set forth on

<u>Exhibit C</u> attached hereto, subject to further adjournment by the Debtors in accordance with the

Modification Approval Order, or (b) to the extent so reflected on <u>Exhibit C</u> attached hereto,

subject to the Debtors' right to notice such objection for a hearing in accordance with the

Modification Approval Order.

F.      The notices of assumption and assignment for the contracts listed on

<u>Exhibit D</u> hereto are hereby withdrawn.

G.      Pursuant to Articles II and X of the Modified Plan, a counterparty who

wished to assert a postpetition default was required to file an Administrative Claim.  Accordingly,

to the extent that any objections, except to the extent included in the Outstanding Objections,

assert cure amounts that relate to postpetition obligations of the Debtors (the "Postpetition

Obligation Objections"), the Administrative Claim reconciliation process set forth under Articles

II and X of the Modified Plan and in the Master Disposition Agreement, and the Debtors'

payment of Administrative Claims in accordance with the Modified Plan, the Master Disposition

Agreement, and orders of this Court constitutes adequate assurance of prompt cure or will in fact

cure any defaults that might have occurred after the Petition Date, including any obligation

asserted in the Postpetition Obligation Objections, for purposes of assumption and assignment of

the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

4

H.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Resolved Objections listed on Exhibit B-1 and Exhibit B-2 shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

2.    The hearing on the Motion as it pertains to the contracts covered by the Outstanding Objections listed on Exhibit C shall be (a) adjourned or scheduled as set forth on Exhibit C attached hereto, subject to further adjournment in accordance with the Modification Approval Order, or (b) to the extent so reflected on Exhibit C attached hereto, subject to the Debtors' right to notice such objection for a hearing in accordance with the Modification Approval Order.

3.    The notices of assumption and assignment for the contracts listed on Exhibit D are hereby withdrawn; provided, however, that nothing in this order shall prejudice any existing rights of the Debtors, the applicable assignee, or the applicable counterparties under such contracts.  In the event that such counterparty has a postpetition administrative claim, such claims, including but not limited to any postpetition obligations ultimately determined to exist that have arisen prior to the effective date under the Debtors' Modified Plan, will be resolved in accordance with the treatment provided for Administrative Claims under the Modified Plan.

4.      The Postpetition Obligation Objections, except to the extent included in the Outstanding Objections, are hereby overruled to the extent such objections assert cure amounts relating to postpetition obligations.  Any unpaid postpetition obligations arising under the Assumed and Assigned Contracts shall be satisfied as follows: (i) undisputed postpetition obligations that are not yet due and payable pursuant to the applicable contract terms shall be paid by the Debtors or the Buyers, as applicable, in the ordinary course of business, and (ii) all other postpetition obligations shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement; provided, however, that this order shall be without prejudice to the right of counterparties to the Assumed and Assigned Contracts to reassert their Postpetition Obligation Objections in the event that such counterparties are barred from seeking payment of an Administrative Claim under the Modified Plan; provided further, however, to the extent that a counterparty asserts an Administrative Claim relating to an Assumed and Assigned Contract that is Allowed or Disallowed pursuant to a Final Order of this Court, such counterparty shall be bound by the Final Order and shall not be entitled to assert or reassert any claim for cure under section 365 of the Bankruptcy Code.

5.      Nothing in this order shall prejudice the rights of any party with respect to disputed cure amounts under Article 8.2 of the Modified Plan, except to the extent such dispute was consensually resolved, or if not resolved, such dispute was expressly considered and ruled on at the Section 365 Objection Hearing or as otherwise set forth herein.

Dated: New York, New York
       October 7, 2009

_____/s/Robert D. Drain_____
       UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

| DOCKET NO. | OBJECTOR |
|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc.; and Welwyn Components Ltd. |
| 18216 | ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company |
| 17767, 17773, 18395 | American Aikoku Alpha, Inc. |
| 18463 | AM General LLC |
| 18402 | ATEL Leasing Corporation |
| 18266 | AT&T Corp., AT&T Solutions Inc., and SBC Global Services Inc. |
| 18221 | Audio MPEG, Inc. and Societa' Italiana per lo Sviluppo dell'Elettronica |
| 18254, 18368, 18711 | Autocam Corporation |
| 18468 | Behr America, Inc. |
| 18382, 18394 | Bing Metals Group, LLC |
| 18273 | Brazeway, Inc. |
| 18480 | Brose North America Holding LP |
| 18565 | Carrier Corporation |
| 18404 | Cisco Systems, Inc. |
| 18219, 18392 | Clarion Corporation of America |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company |
| 18372 | Continental AG |
| 18365 | Dätwyler Rubber |
| 18481 | E.I. du Pont de Nemours and Company |
| 18389 | Federal Screw Works |
| 18323 | F&G Multi-Slide Inc. |
| 18358 | F&G Tool & Die Co. |
| 18417 | Findlay Industries, Inc. |
| 18405, 18545 | Flextronics International Ltd. |
| 18398, 18750 | Ford Motor Company |
| 18491 | Freudenberg-NOK General Partnership, Freudenberg-NOK de Queretaro, S.A. de C.V. and Freudenber Filtration Technologies |
| 18256, 18472, 18706 | Furukawa Electric Company, Ltd. and Furukawa Electric North America |
| 18473 | General Electric Capital Corporation |

| DOCKET NO. | OBJECTOR |
|---|---|
| 18397 | Gibbs Die Casting Corporation |
| 18297 | Hewlett-Packard Company and Electronic Data Systems, LLC |
| 18782 | Judd Wire, Inc. |
| 18946 | Kokomo Gas And Fuel Company |
| 18228, 18490 | Lear Corporation |
| 18385, 18386, 18387, 18388 | Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division |
| 18489, 18740 | Littelfuse, Inc. |
| 18739, 18755 | Methode Electronics, Inc. |
| 18400 | Microsoft Corporation and Microsoft Licensing, GP |
| 18390 | MIS Environmental Services, Inc. and MIS Corporation -- Michigan, a.k.a. Michigan Environmental Services, Inc. |
| 18369 | Motorola, Inc. |
| 18374 | Navistar, Inc. |
| 18556 | NEC Electronics America, Inc. |
| 18494 | Nidec Motors & Actuators (USA), Inc. |
| 18456 | Nissan North America, Inc. |
| 18235, 18679 | Ogura Clutch Company |
| 18406 | Panalpina Management Ltd. and Panalpina, Inc. |
| 18220, 18474 | PBR Tennessee, Inc. |
| 18929 | QAD, Inc. |
| 18414 | Siemens Product Lifecycle Management Software Inc. |
| 18223, 18401 | SKF USA Inc. |
| 18754 | Spartech Corporation and Spartech Polycom, Inc. |
| 18574 | STMicroelectronics, Inc. |
| 18407, 18547 | Sun Microsystems, Inc. |
| 18261 | Sunrise Medical HHG, Inc. |
| 18570 | Technical Materials Inc. |
| 18487, 18488, 18738 | The Timken Company |
| 18399 | TK Holdings Inc. and Takata Corporation |
| 18485, 18271, 18484, 18486, 18742 | Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America Inc; Toyota Motor Sales, U.S.A., Inc. |
| 18573 | Tyco Electronics and Precision Interconnect |
| 18408, 18546 | United Parcel Service |
| 18483 | Valeo, Inc. |
| 18420 | Vitec, LLC |
| 18373, 18245 | XM Satellite Radio Inc. |

# Exhibit B-1

| DOCKET NO. | OBJECTOR |
|---|---|
| 18494 | Nidec Motors & Actuators (U.S.A.), Inc. |

# Exhibit B-2

| DOCKET NO. | OBJECTOR |
|---|---|
| 18402 | ATEL Leasing Corporation |
| 18266 | AT&T Corp., AT&T Solutions Inc., and SBC Global Services Inc. |
| 18556 | NEC Electronics America, Inc. |

## Exhibit C

| DOCKET NO. | OBJECTOR | HEARING DATE |
|---|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc. and Welwyn Components Ltd.[3] | October 22, 2009 |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company | October 22, 2009 |
| 18473 | General Electric Capital Corporation | October 22, 2009 |
| 18946 | Kokomo Gas And Fuel Company | October 22, 2009 |
| 18929 | QAD, Inc. | May be noticed by the Debtors for a hearing in accordance with the Modification Approval Order |
| 18261 | Sunrise Medical HHG, Inc. | October 22, 2009 |
| 18487, 18488, 18738 | The Timken Company | October 22, 2009 |
| 18373, 18245 | XM Satellite Radio Inc. | October 22, 2009 |

---

[3]    Only the portion of the objection related to BI Technologies Corporation shall be adjourned to October 22, 2009.  All other portions of this objection were withdrawn or otherwise resolved pursuant to the Third Section 365 Objection Order.

# Exhibit D

| COUNTERPARTY | CONTRACT |
|---|---|
| Nidec Motors & Actuators (U.S.A.), Inc. | 2004 |
| | 10003 |
| | 10003 |
| | 20004 |
| | 20004 |
| | 710003 |
| | 710004 |
| | 910003 |
| | 910004 |
| | 30020087 |
| | 30020206 |
| | 30020232 |
| | 30020234 |
| | 5500002046 |
| | 06-012128 |
| | 06-012132 |
| Valeo Electrical Systems EFT Airflow Division | D0550055268 |
| | D0550053730 |
| Valeo Electrical Systems Inc | 06-012128 |
| | 06-012132 |
| | 10003 |
| | 10003 |
| | 20004 |
| | 20004 |
| | 20004 |
| | 2004 |
| | 30020087 |
| | 30020206 |
| | 30020232 |
| | 30020234 |
| | 5500002046 |
| | 710003 |
| Valeo Climate Control | 06-012128 |
| | 06-012132 |
| | 10003 |
| | 10003 |

| COUNTERPARTY | CONTRACT |
|---|---|
| Valeo Climate Control | 20004 |
| | 20004 |
| | 2004 |
| | 30020087 |
| | 30020206 |
| | 30020232 |
| | 30020234 |
| | 710003 |
| | 710004 |
| Valeo Sylvania LLC | 06-012128 |
| | 06-012132 |