TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Howard P. Magaliff

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                :
In re:                                          :   Chapter 11
                                                :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*                    :
                                                :
                            Debtors.            :
                                                :
----------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN DEBTORS AND BRAZEWAY, INC.
RESOLVING OBJECTIONS TO (i) APPROVAL AND/OR CONFIRMATION
OF FIRST AMENDED JOINT PLAN OF REORGANIZATION, AND (ii) NOTICE
OF NON-ASSUMPTION OF CERTAIN EXPIRED OR TERMINATED CONTRACTS**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affili-

ates, debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), and Brazeway, Inc. ("Brazeway"), by their counsel, stipulate with regard to

the following recitals:

**Recitals**

1.  Delphi Automotive Systems LLC, Thermal and Interior Division, as buyer, and Brazeway, as seller, are parties to the following pre- and post-petition contracts (the "Contracts"): (i) PO #550028808, issued July 1, 2003, (ii) PO #550254074, issued November 20, 2008, (iii) PO #550254328, issued December 1, 2008, and (iv) PO #550271046, issued February 16, 2009.

2.  On June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (As Modified) (the "Modified Plan").

3.  On July 2, 2009, the Debtors served a Notice of Non-Assumption of Contract regarding the Contracts upon Brazeway.

4.  On July 10, 2009, Brazeway filed an Objection to the Notice of Non-Assumption of Contract (the "Contract Objection") and asserted that the Contracts had not expired or terminated and must be assumed by the Debtors.

5.  On July 15, 2009, Brazeway filed an Objection to Confirmation of Modified Plan (the "Plan Objection") and asserted that the Debtors were in violation of sections 365, 503(b) and 507(a)(2) of the Bankruptcy Code with respect to the Contracts, and that the Modified Plan could not be confirmed under sections 1129(a)(1) and (a)(2) of the Bankruptcy Code.

6.  On June 12, 2008, the Bankruptcy Court entered a prior stipulation between the parties (the "June 2008 Stipulation") that established the agreed amount of Brazeway's cure claim upon the assumption of certain contracts, subject to the occurrence of the effective date of the Debtors' first amended plan of reorganiza-

2

tion dated December 10, 2007, as may be further amended, and provided that such contracts were not expired or terminated at the time of assumption.

7. On July 15, 2009, Brazeway filed a claim for administrative expenses (the "Administrative Expense Claim").

8. The Debtors and Brazeway have reached an agreement to settle the claims between them and resolve the Contract Objection and the Plan Objection without litigation.

**THEREFORE,** in consideration of the foregoing Recitals and the provisions herein, the parties hereto stipulate and agree as follows:

### Stipulation

1. Subject to Article 8 of the Modified Plan, the Debtors will assume PO #550028808. The Debtors confirm that PO #220254074, PO #550254328 and PO #550271046 are in effect and have not expired or terminated. For the avoidance of doubt, Brazeway understands and acknowledges that the purchaser of Delphi's assets can direct Delphi to reject or terminate a Contract up until the commencement of the Plan Modification Hearing, currently scheduled for July 29, 2009, in which case Delphi shall have no obligation to assume PO #550028808 and pay the Modified Agreed Cure Claim (as defined in ¶ 2).

2. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the cure amount for PO #550028808 shall be $360,000 (the "Modified Agreed Cure Claim"). For the avoidance of doubt, the Debtors acknowledge that notwithstanding any withdrawal by Brazeway of the Plan Objection and Contract Objection pursuant to this Stipulation,

3

Brazeway does not waive any grounds for said Objections, including the claims for payment of cure as to any contract, unless and until PO #550028808 is assumed and assigned without rejection from the purchaser and the Modified Agreed Cure Claim is paid in full. Provided the foregoing condition for payment is satisfied, Brazeway acknowledges that there will be no cure payments associated with PO #550254074, PO #550254328 and PO #550271046.

3. Claim # 14052 of Brazeway, which has been assigned to JPMorgan Chase Bank, shall be allowed in the amount of $1,521,301.43 as a general unsecured claim under the Modified Plan (the "Modified Unsecured Claim"). Brazeway represents that JPMorgan Chase Bank has agreed to the Modified Unsecured Claim and the treatment thereof as provided for in herein.

4. Subject to the occurrence of the effective date of the Debtors' Modified Plan, as may be further amended, modified or superseded, the Modified Agreed Cure Claim and the Modified Unsecured Claim shall be treated in this case (i) as provided in such Modified Plan, or (ii) as otherwise provided by applicable provisions of the Bankruptcy Code or further Order of the Court.

5. Upon the entry of an order confirming the Modified Plan, as may be further amended, modified or superseded, the payment terms of the Contracts shall change from their current terms to revised terms as agreed between the parties, *provided that* if the Debtor's Lockport facility is not sold to General Motors Company or a subsidiary thereof, the current payment terms for PO #550028808 and PO #550271046 shall

4

remain in effect until Brazeway is adequately assured of future performance of the assignee of such contract.

6. Upon the occurrence of the effective date of the Debtors' Modified Plan, as may be further amended, modified or superseded, the payment terms of the Contracts shall change to revised terms as agreed between the parties, *provided that* if the Debtor's Lockport facility is not sold to General Motors Company or a subsidiary thereof, the current payment terms for PO #550028808 and PO #550271046 shall remain in effect until Brazeway is adequately assured of future performance of the assignee of such contract.

7. Subject to Delphi's right to object to the allowance of such obligations, Delphi will timely pay in full all valid post-petition obligations incurred under the current purchase orders up to and including the Effective Date of the Modified Plan and the assignment of the purchase orders in connection with the sale of Delphi's assets, as provided for in the Modified Plan. In addition, Brazeway and Delphi will continue to negotiate in good faith to resolve the Administrative Expense Claim, but the failure to resolve such Claim shall not affect the amount of the Modified Agreed Cure Claim to be paid upon assumption of PO #550228808.

8. To the extent this Stipulation and the June 2008 Stipulation conflict, this Stipulation shall control.

9. On July 27, 2009 Brazeway filed a notice of withdrawal without prejudice of the Plan Objection on the ECF docket of this case.

10. Upon execution of this Stipulation, Brazeway shall file a notice of withdrawal of the Contract Objection on the ECF docket of this case.

11. Such withdrawals shall be without prejudice if the Modified Plan is further amended, modified or superseded in a way that materially affects payment of the Modified Agreed Cure Claim or any other payments provided for herein, subject to paragraph 2 above.

**[concluded on next page]**

12. Upon payment of the Modified Agreed Cure Claim, Brazeway shall withdraw both the Plan Objection and the Contract Objection with prejudice.

| | |
|---|---|
| DELPHI CORPORATION, *et al.*<br>By their attorneys,<br>TOGUT, SEGAL & SEGAL LLP<br>By: | BRAZEWAY, INC.<br>By its attorneys,<br>CONLIN, McKENNEY & PHILBRICK, P.C.<br>By: |
| /s/ Neil Berger<br>NEIL BERGER<br>HOWARD P. MAGALIFF<br>One Penn Plaza<br>New York, New York 10119<br>(212) 594-5000 | /s/ Bruce N. Elliot<br>BRUCE N. ELLIOTT<br>350 South Main Street, Suite 400<br>Ann Arbor, Michigan 48104<br>(734) 761-9000 |
| Dated: New York, New York<br>August 17, 2009 | Dated: Ann Arbor, Michigan<br>August 13, 2009 |

JPMORGAN CHASE BANK
As to paragraphs 3, 4 and 8
By its attorneys,
K&L GATES, LLP
By:

/s/ Eric T. Mason

The foregoing is So Ordered on the
13th day of October, 2009

/s/Robert D. Drain
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE