Hearing Date and Time:  October 22, 2009 at 10:00 a.m. EDT
Reply Deadline:  October 21, 2009 at 4:00 p.m. EDT

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
Albert L. Hogan, III
John K. Lyons
Ron E. Meisler

　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
　Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
　　In re                                                              :     Chapter 11
                                                                      :
DELPHI CORPORATION, et al.,                                           :     Case No. 05-44481 (RDD)
                                                                      :
　　　　　　　　　　　　　Debtors.                                        :     (Jointly Administered)
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' OBJECTION TO CREDITOR'S
MOTION FOR COURT ENFORCEMENT (DOCKET NO. 18809)

DPH Holdings Corp. and certain of its subsidiaries and affiliates, reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), submit this objection to the Creditor's Motion For Court Enforcement, dated August 19, 2009 (Docket No. 18809), filed by Robert Backie (the "Motion").

1. In the Motion, Mr. Backie requests that this Court enforce a Court-approved settlement agreement – the Joint Stipulation And Agreed Order Allowing Proof Of Claim Number 16705 In Favor Of H.E. Services/Robert Backie For An Allowed General Unsecured Claim Of $300,000 And Disallowing Proofs Of Claim 837 And 838, dated September 6, 2007 (Docket No. 9262) (the "Settlement Agreement"), a copy of which is attached to this objection as Exhibit A. According to Mr. Backie, the Settlement Agreement required Delphi Automotive Systems LLC ("DAS") to deliver to Mr. Backie $300,000, presumably in cash, no later than October 31, 2007. (See Docket No. 18809 ¶ 1.)

2. The Settlement Agreement, however, required no such thing. Instead, it granted to Mr. Backie and H.E. Services an allowed general unsecured non-priority claim against DAS's estate in the amount of $300,000 (the "Claim"), and permitted counsel for Mr. Backie and H.E. Services to designate an alternative beneficiary of the Claim no later than October 31, 2007. This is clear from paragraph 1 of the Settlement Agreement, which provides:

> Claim 16705 is hereby allowed in the amount of $300,000.00 in favor of "HE Services/Robert Backie" (with the same address and notice information as set forth in the Claims), or such other entity or person designated in writing by counsel for HE Services and Backie and sent to counsel for the Debtors so as to be received on or before October 31, 2007, and shall be treated as an allowed general unsecured non-priority claim against the estate of Delphi Automotive Systems, LLC.

3. The Claim granted to Mr. Backie and H.E. Services under the Settlement Agreement is a "General Unsecured Claim" within the meaning of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

2

Possession (As Modified) approved by this Court in July 2009 (the "Modified Plan").[1] Accordingly, the Claim is entitled to and will receive the treatment set forth in Article 5.3 of the Modified Plan.  Because the treatment Mr. Backie seeks in the Motion – i.e., a cash payment in an amount equal to the face amount of the Claim – conflicts with the treatment specified in Article 5.3 of the Modified Plan, the Motion should be denied.

WHEREFORE, the Reorganized Debtors respectfully request that this Court sustain the Reorganized Debtors' objection to the Motion, deny the Motion, enter an order in substantially the same form as the Order Denying Creditor's Motion For Court Enforcement attached to this objection as <u>Exhibit B</u>, and grant the Reorganized Debtors such other and further relief as is just.

---

[1] <u>See</u> Order Approving Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359), dated July 30, 2009 (Docket No. 18707).

Dated: October 15, 2009
      New York, New York

                                SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     Albert L. Hogan, III
     John K. Lyons
     Ron E. Meisler
     155 North Wacker Drive
     Chicago, Illinois 60606
     (312) 407-0700

          - and -

By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
     Four Times Square
     New York, New York 10036
     (212) 735-3000

     Attorneys for DPH Holdings Corp., et al.,
      Reorganized Debtors