**?Hearing Date And Time: November 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: November 11, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | : Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) MODIFY AND
ALLOW CLAIM AND (II) EXPUNGE CERTAIN (A) DUPLICATE
SERP CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY
<u>CLAIMS, AND (D) PENSION, BENEFIT, AND OPEB CLAIMS</u>

("THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings") hereby submit this Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow A Claim, And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (the "Thirty-Sixth Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

## Background

A. <u>The Chapter 11 Filings</u>

       1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

       2.      On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

       3.      On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

2

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. After holding a final plan modification hearing on July 29 and 30, 2009, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

    4. On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date occurred, and the transactions under the Master Disposition Agreement and related agreements closed. In connection therewith, DIP Holdco 3, LLC, a Delaware limited liability company, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited liability company, acquired the Debtors' non-core steering business and certain U.S. manufacturing plants. The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration and eventual closing of the chapter 11 cases as well as the disposition of certain retained assets and payment of certain retained liabilities as provided for under the Modified Plan.

    5. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

    6. The statutory predicates for the relief requested herein are sections 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. <u>Bar Date, Proofs Of Claim, And Omnibus Claims Objections</u>

    7. On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"). Among other things, the Bar Date Order

established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such Claim.

8.  On or prior to April 20, 2006, Kurtzman Carson Consultants LLC, the claims and noticing agent in these cases (the "Claims Agent"), provided notice of the Bar Date by mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 (and subsequently amended on February 1, 2006 and April 18, 2006) (collectively, the "Schedules and Statements")[1] and (b) the persons and entities included in the notice database compiled by the Debtors, but not listed on any of the Schedules and Statements. In total, the Debtors provided Bar Date Notices to more than 500,000 persons and entities.

9.  In addition, the Debtors published the Bar Date Notice in more than two dozen newspapers throughout the country and abroad[2] and also published it electronically by posting on the then-current Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

---

[1] The Schedules and Statement were subsequently amended on October 12, 2007, January 17, 2008, and October 10, 2008.

[2] Specifically, notice was published in the New York Times (National Edition), the Wall Street Journal (National, European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), and in local editions of the following publications: the Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and The Vindicator.

4

10. Approximately 16,800 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases.  Since September 2006 the Debtors have filed 35 omnibus Claims objections, pursuant to which this Court has disallowed and expunged approximately 10,700 Claims and modified approximately 4,200 Claims.  In addition, the hearings with respect to 222 Claims have been adjourned pursuant to the Claims Objection Procedures Order (as defined below).

11. On October 31, 2006, the Debtors filed a Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among other things, to approve certain procedures for contested claim objections (the "Claims Objection Procedures Motion").  On December 7, 2006, this Court entered an order granting the Claims Objection Procedures Motion (Docket No. 6089) (the "Claims Objection Procedures Order").

12. On November 30, 2007, the Debtors filed a Motion Under New Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) For Order Authorizing Debtors To Continue Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 11187) (the "Supplemental Claims Objection Procedures Motion").  In that motion, the Debtors requested this Court, among other things, to authorize the Debtors to continue certain of their current practices and procedures for filing and serving notice of omnibus Claims objections pursuant to the Claims Objection Procedures Order,

5

including omnibus Claims objections to more than 100 Claims. By order entered December 20, 2007, this Court granted the Supplemental Claims Objection Procedures Motion (Docket No. 11561).

13. In this Objection, the Reorganized Debtors are objecting to 777 Proofs of Claim, all of which are set forth by Claimant in alphabetical order on Exhibit G hereto and cross-referenced by proof of claim number and basis of objection.

## Relief Requested

14. By this Objection, the Reorganized Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) revising the asserted amount and allowing the Claim set forth on Exhibit A hereto.

15. The Reorganized Debtors also seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) disallowing and expunging the Claims (a) set forth on Exhibit B hereto because they are duplicate Claims, (b) set forth on Exhibit C hereto because they assert liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records, (c) set forth on Exhibit D hereto because they were untimely filed pursuant to the Bar Date Order, and (d) for liabilities owing in connection with the Debtors' pension plans and other benefits programs set forth on Exhibit E hereto because the Reorganized Debtors are not liable for such Claims.

## Objections To Claims

C.  Modified And Allowed Claim

16. During their Claims review, the Reorganized Debtors determined that a Proof of Claim filed against the Debtors by the Internal Revenue Service (the "Modified And Allowed Claim") overstates the amount of the Reorganized Debtors' liability for such Claim. Set forth on Exhibit A hereto is the Modified And Allowed Claim that the Reorganized Debtors have

6

identified as a Claim that should be allowed only in the amount set forth in the "Claim As Allowed" column on <u>Exhibit A</u>. Accordingly, the Reorganized Debtors seek entry of an order allowing the Modified And Allowed Claim and request that such Claim be revised to reflect the amount listed in the "Claims As Allowed" column of <u>Exhibit A</u>.

D.      <u>Duplicate SERP Claims</u>

17.     During their Claims review, the Reorganized Debtors determined that certain Proofs of Claim asserting liabilities owing in connection with Delphi Corporation's Supplemental Executive Retirement Program (the "SERP") assert a duplicate Claim (the "Duplicate SERP Claims") for a single liability. In such instances, a Duplicate SERP Claim arose when a Claimant filed two Proofs of Claim against the same Debtor entity for the same liability. In an effort to eliminate the Duplicate SERP Claims, the Reorganized Debtors reviewed the Proofs of Claim, the supporting documentation provided in those Proofs of Claim, and the Debtors' Schedules and Statements to determine which Duplicate SERP Claim should be the surviving claim.

18.     It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. Accordingly, the Reorganized Debtors wish to eliminate the Duplicate SERP Claims.

19.     Set forth on <u>Exhibit B</u> is a list of Claims that the Reorganized Debtors have identified as Duplicate SERP Claims. For each Duplicate SERP Claim, <u>Exhibit B</u> classifies a Proof of Claim as either a "Claim To Be Expunged" or as a "Surviving Claim." The current status of each Surviving Claim is set forth on <u>Exhibit B</u>. The Reorganized Debtors request that each Claim identified as a Claim To Be Expunged on <u>Exhibit B</u> be disallowed and expunged in its entirety.

7

E.     Books And Records Claims

20.     During their Claims review, the Reorganized Debtors determined that certain Proofs of Claim assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Reorganized Debtors.  The Reorganized Debtors determined that they are not liable for the Books And Records Claims because the Reorganized Debtors' books and records do not reflect the existence of the asserted Claims or of the Claimants asserting such Claims.

21.     A claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'"  In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  Id.

22.     Set forth on Exhibit C hereto are the Books And Records Claims that the Reorganized Debtors have identified as Claims for which the Reorganized Debtors are not liable.  The Reorganized Debtors object to the Books And Records Claims because the Reorganized Debtors have no liability in respect thereof.  If this Court does not disallow and expunge any of the Books And Records Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Books And Records Claims at a later date on any basis whatsoever.

23.     Accordingly, the Reorganized Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

8

 F. <u>Untimely Claims</u>

   24. Although the Bar Date passed more than three years ago, various parties have continued to file Proofs of Claim in these chapter 11 cases. During their Claims review, the Reorganized Debtors have determined that certain Proofs of Claim were received by the Debtors after the Bar Date (the "Untimely Claims"). The Reorganized Debtors object to the Untimely Claims because they were not timely filed pursuant to the Bar Date Order. The Untimely Claims are identified on <u>Exhibit D</u> hereto. Accordingly, the Reorganized Debtors (a) object to the Untimely Claims and (b) seek entry of an order disallowing and expunging the Untimely Claims in their entirety.

 G. <u>Pension, Benefit, And OPEB Claims</u>

   25. During their Claims review, the Reorganized Debtors also determined that certain Proofs of Claim assert liabilities or dollar amounts in connection with pension plans, employee benefit programs, and/or post-retirement benefit programs that are not owing by the Reorganized Debtors.

   26. <u>Pension Liabilities</u>. First, certain Proofs of Claim assert liabilities or dollar amounts (the "Pension Liabilities") in connection with the following pension plans: the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension Plans"). Each of these Pension Plans is a single employer, defined benefit plan covered by Title IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq. Such Claims are not enforceable against the Reorganized Debtors or property of the Reorganized Debtors for the purposes of section 502(b)(1) of the Bankruptcy Code because the

9

Pension Plans are separate legal entities distinct from the Reorganized Debtors' estates.  See In re Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The Pension Plans – not the Reorganized Debtors – are obligated to pay benefits to Pension Plan participants, so any Claims arising from the Pension Plans must be asserted against the Pension Plans rather than the Reorganized Debtors.

27.    In addition, to the extent that any of the Pension Plans is terminated, under ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against employers for pension plan underfunding and participants have no right to make claims against their employers for benefits under terminated plans.  See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

28.    Benefit Liabilities.  Second, certain Proofs of Claim assert liabilities or dollar amounts in connection with employee benefits, including but not limited to commissions, vacation, sick leave, and/or employee benefit contributions (collectively, the "Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities have been satisfied pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (i) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (ii) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In the Ordinary Course; And (iii) Directing Banks To Honor

10

Prepetition Checks For Payment Of Prepetition Human Capital Obligations, entered October 13, 2005 (Docket No. 198).

29.     OPEB Liabilities.  Third, certain Proofs of Claim assert liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees and their surviving spouses that are not owing by the Reorganized Debtors because Salaried OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB Liabilities") or (b) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their surviving spouses that are not owing by the Reorganized Debtors because the Hourly OPEB was discontinued by agreement with the certain of Delphi's labor unions (the "Hourly OPEB Liabilities" together with Salaried OPEB Liabilities, the "OPEB Liabilities").

30.     This Court has previously determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[3]

---

[3] "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

11

31. The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment." See, e.g., In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable); In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever).

32. Set forth on Exhibit B hereto are the Claims asserting Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension, Benefit, And OPEB Claims"), which the Reorganized Debtors have identified as Claims for which the Reorganized Debtors are not liable. The Reorganized Debtors object to the Pension, Benefit, And OPEB Claims because the Reorganized Debtors have no liability in respect thereof. If this Court does not disallow and expunge the Pension, Benefit, And OPEB Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension, Benefit, And OPEB Claims at a later date on any basis whatsoever.

33. Accordingly, the Reorganized Debtors (a) object to the Pension, Benefit, And OPEB Claims and (b) seek entry of an order disallowing and expunging the Pension, Benefit And OPEB Claims in their entirety.

Separate Contested Matters

34. Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Thirty-Sixth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Objection will be deemed to

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order, any order entered by this Court with respect to an objection asserted in this Thirty-Sixth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

Reservation Of Rights

35.     The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Thirty-Sixth Omnibus Claims Objection and to file additional objections to any other Claims (filed or not) which may be asserted against the Reorganized Debtors, including without limitation the right to object to any Claim not objected to in this Objection on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated grounds or on any other grounds that the Reorganized Debtors discover.  In addition, the Reorganized Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

Responses To Objections

36.     Responses to this Thirty-Sixth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order.  The following summarizes the provisions of that Order, but is qualified in all respects by the express terms thereof.

H.      Filing And Service Of Responses

37.     To contest an objection, responses (each, a "Response"), if any, to this Thirty-Sixth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of this Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 632, New York, New York 10004, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on November 11, 2009**.

I.    Contents Of Responses

        38.    Every Response to this Thirty-Sixth Omnibus Claims Objection must contain at a minimum the following:

    (a)    the title of the claims objection to which the Response is directed;

    (b)    the name of the Claimant and a brief description of the basis for the amount of the Claim;

    (c)    a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

    (d)    unless already set forth in the Proof of Claim previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

        (e)    to the extent that the Claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; and

        (f)    the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

J.    <u>Timely Response Required</u>

        39.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order. With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on November 18, 2009 at 10:00 a.m. (prevailing Eastern time). The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Thirty-Sixth Omnibus Claims Objection.

        40.    <u>Pursuant to the Claims Objection Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court. If a Claimant whose Proof of Claim is subject to this Thirty-Sixth Omnibus Claims Objection and who is served with this Thirty-Sixth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Claim consistent with the relief sought in this Thirty-Sixth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required</u>

15

<u>minimum information required by the Claims Objection Procedures Order, the Reorganized Debtors may seek disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Objection Procedures Order.</u>

### Replies To Responses

41.  Replies to any Responses will be governed by the Claims Objection Procedures Order.

### Service Of Thirty-Sixth Omnibus Claims Objection Order

42.  Service of any order with regard to this Thirty-Sixth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

### Further Information

43.  Questions about this Thirty-Sixth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to the Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com.  <u>Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

### Notice

44.  Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 26, 2009 (Docket No. 18839).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

        45.      Pursuant to the Claims Objection Procedures Order, the Reorganized Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Thirty-Sixth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit A is attached hereto as Exhibit H.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits B, C, D, and E is attached hereto as Exhibit I.  Claimants will receive a copy of this Thirty-Sixth Omnibus Claims Objection without Exhibits A through I hereto.  Claimants will nonetheless be able to review Exhibits A through I hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
October 15, 2009

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors