UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                         :        Chapter 11
:
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
:
                          Debtors.     :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) MODIFYING AND ALLOWING CLAIM AND (II) EXPUNGING
CERTAIN (A) DUPLICATE SERP CLAIMS, (B) BOOKS AND
RECORDS CLAIMS, (C) UNTIMELY CLAIMS, AND
(D) PENSION, BENEFIT, AND OPEB CLAIMS

("THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow A Claim, And (II) Expunge (A) Certain Duplicate SERP Claims, (B) Certain Books And Records Claims, (C) Certain Untimely Claims, And (D) Certain Pension, Benefit, And OPEB Claims (the "Thirty-Sixth Omnibus Claims Objection"" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Thirty-Sixth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Sixth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, and E hereto was properly and timely served with a copy of the Thirty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Sixth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Sixth Omnibus Claims Objection.  No other or further notice of the Thirty-Sixth Omnibus Claims Objection is necessary.

B.      This Court has jurisdiction over the Thirty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-Sixth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirty-Sixth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claim listed on Exhibit A asserts a liability and a dollar amount that is overstated and is owing only in the amount set forth in the "Claim As Allowed" column of Exhibit A (the "Modified And Allowed Claim").

D.      The Claims listed on Exhibit B are duplicates of other Claims (the "Duplicate SERP Claims").

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

      E.      The Claims listed on <u>Exhibit C</u> assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

      F.      The Claims listed on <u>Exhibit D</u> were not timely filed pursuant to the Bar Date Order (the "Untimely Claims").

      G.      The Claims listed on <u>Exhibit E</u> hereto assert Claims for liabilities in connection with the Reorganized Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Reorganized Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      The Modified And Allowed Claim listed on <u>Exhibit A</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit A</u>.

      2.      Each Duplicate SERP Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

      3.      Each Books and Records Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

      4.      Each Untimely Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

      5.      Each Pension, Benefit, And OPEB Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

      6.      <u>Exhibit F</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u>.  <u>Exhibit G</u> sets forth each of the Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

      7.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Sixth Omnibus Claims Objection except as such claims may have been settled and allowed.

      8.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Sixth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

      9.      Each of the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Sixth Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Sixth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

      10.      Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
       November ___, 2009

                                                 _____
                                                 UNITED STATES BANKRUPTCY JUDGE

5