IN THE UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                     :
      In re                          :   Chapter 11
                                     :
DELPHI CORPORATION, et al.,          :   Case No. 05-44481 (RDD)
                                     :
                         Debtors.    :   (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

# **AFFIDAVIT OF PUBLICATION OF ANTOINETTE CHASE IN THE USA TODAY (NATIONAL AND INTERNATIONAL EDITION)**



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



GANNETT

# VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Antoinette Chase says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: October 15th 2009 on the following legal advertisement- **DELPHI CORPORATION, et al.** published in the national and international edition of USA TODAY.

Principal Clerk of USA TODAY
October 15 2009

This _15_ day of _October_ month _2009_ year.

Notary Public

Marcus Dane Edmonds
Notary Public ID 7165468
Commonwealth of Virginia
My commission expires
09/30/2012

RKETPLACE TODAY | www.rja-ads.com/usatoday | Hours of operation: Mon. - Fri., 8:30 am - 6:00 p
To advertise call 1.800.397.0070 Toll-free in the U.S. only

NOTICES

LEGAL NOTICE

## LEGAL NOTICE

**eived a discharge in bankruptcy and believe you rs on your credit report, you could get benefits from a class action settlement.**

**Para una notificación en Español, llamar o visitar nuestro sitio web.**

been proposed with Experian ns, Inc., TransUnion LLC, and Services LLC ("Defendants") in a bout whether they violated the Fair ct ("FCRA") and state laws when had been discharged in bankruptcy d whether consumers were damaged he settlement will provide payments rom a $45 million settlement fund. may send in a claim form to get xclude yourself from the settlement,

istrict Court for the Central District ized this notice. Before any money ill have a hearing to decide whether ment.

### O IS INCLUDED?

lember eligible for benefits if you 7 Bankruptcy order of discharge ort issued by a Defendant between d May 11, 2009 (or, for California case of TransUnion, between May 11, 2009) reported debts as due re discharged in your bankruptcy. ou are included, you can get more BankruptcyDischargeSettlement.com  1-866-237-3432.

### T IS THIS ABOUT?

that the Defendants violated the state laws by failing to employ res to assure maximum possible g debts discharged in bankruptcy or investigate disputes from consumers . Plaintiffs sought actual, statutory, es. The Court did not decide which certain plaintiffs and the Defendants he claims in the lawsuit and resolve efits to consumers.

### HE SETTLEMENT PROVIDE?

lishes a $45 million Settlement Fund by class members, administrative ent, incentive awards to the settling d attorneys' fees and costs. There u can choose from to get a damage

you believe you may have had in your credit reports regarding debts discharged in bankruptcy, you can apply for a convenience award. The amount of the award will depend on the number of class members making this claim, but the parties estimate it will be about $20. If you certify that you believe you have been harmed by an error or errors in your credit reports regarding debts discharged in bankruptcy with respect to a denial of employment, a mortgage loan or housing rental, and/or a credit card, auto loan, other credit you applied for, or payment of a discharged debt to obtain credit, you can apply for an actual damage award, which is estimated to range from $150 to $750. A Settlement Agreement, available at the website, describes all of the details about the proposed settlement.

### HOW DO YOU ASK FOR A PAYMENT?

To make a claim you need to obtain a claim form at www.BankruptcyDischargeSettlement.com or by calling toll free 1-866-237-3432. Follow the instructions on the claim form, sign it, and send it in the mail. **Claim forms are due and must be postmarked no later than November 30, 2009.**

### WHAT ARE YOUR OTHER OPTIONS?

If you don't want to be legally bound by the settlement, then you must opt out and exclude yourself by **November 30, 2009**, or you won't be able to sue, or continue to sue, Defendants about the legal claims in this case. If you exclude yourself, you can't get money from this settlement. If you do not like the settlement or any part of it, you may object to it by **November 30, 2009**. The detailed notice explains how to exclude yourself or object.

The Court has scheduled a hearing in this case (*White v. Experian Information Solutions, Inc., et al.*, Case No. 05-cv-1070 DOC (MLGx)) for **January 11, 2010**, to consider: (1) whether to approve the settlement; (2) any objections to the settlement, including those raised by certain non-settling named plaintiffs; (3) a request by the settling named plaintiffs for an incentive award; and (4) a request by the lawyers representing all Class Members for attorneys' fees and costs, for investigating the facts, litigating the case, and negotiating the settlement. The fees and costs will come out of the settlement fund. You may ask to appear at the hearing, but you don't have to. For more information, call toll free 1-866-237-3432, visit the website www.BankruptcyDischargeSettlement.com, or write to: Settlement Administrator, White, et al. v. Experian Information Solutions, Inc., c/o The Garden City Group, Inc., P.O. Box 9517, Dublin, OH 43017-4817.

66-237-3432    www.BankruptcyDischargeSettlement.com

---

Delphi Legal Information Hotline:   Delphi Legal Information Website:
Toll Free: (800) 718-5305            http://www.delphidocket.com
International: (248) 813-2698

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re                              ) Chapter 11
DELPHI CORPORATION, et al.,        ) Case No. 05-44481 (RDD)
           Debtors.                ) (Jointly Administered)

**NOTICE OF (A) ORDER APPROVING MODIFICATIONS TO FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION AND (B) OCCURRENCE OF EFFECTIVE DATE**

1. **Confirmation Of The Plan.** On January 25, 2008 (the "Confirmation Date"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008 (the "Confirmed Plan"), in the Chapter 11 Cases of Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. **Approval Of Modifications To The Confirmed Plan.** On July 30, 2009 (the "Modification Approval Date"), the Bankruptcy Court entered an order (the "Modification Approval Order") approving certain modifications to the Confirmed Plan embodied in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), attached as Exhibit A to the Modification Approval Order. Unless otherwise defined in this Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, capitalized terms and phrases used herein have the meaning(s) given to them in the Modified Plan and the Modification Approval Order.

3. **Effective Date.** On October 6, 2009, the Effective Date of the Modified Plan occurred. The Modified Plan was substantially consummated at a closing that occurred at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in New York City, New York; provided however, that all of the transactions contemplated by the Master Disposition Agreement and related agreements to occur at the closing are effective for tax and accounting purposes as of 11:58 p.m., local time, on the Closing Date as defined in the Master Disposition Agreement.

4. **Discharge Of Claims And Termination Of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Modified Plan, Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Modified Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Modified Plan. Due to the occurrence of the Effective Date, the Modification Approval Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors.

5. **Injunctions.**
(a) Subject to Article 11.13 of the Modified Plan, the satisfaction, release, and discharge pursuant to Article XI of the Modified Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Modified Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.
(b) By accepting distributions pursuant to the Modified Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Article XI of the Modified Plan.

6. **Release By Debtors Of Certain Parties.** Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of the Modified Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Modified Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date, shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in the Modified Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions consummated thereby.

7. **Release By Holders Of Claims And Interests.** On the Effective Date, (a) each Person who votes to accept the Modified Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Modified Plan and Cash, General Unsecured

MDA Distribution, and other contracts, instruments, releases, agree or documents to be delivered in connection with the Modified Plan a "Release Obligor"), shall have conclusively, absolutely, unconditi irrevocably, and forever released and discharged all Released Part and from any claim or Cause of Action existing as of the Effective Date manner arising from, based on, or relating to, in whole or in part, the D the subject matter of, or the transaction or event giving rise to, the c such Release Obligor, the business or contractual arrangements betwe Debtor and Release Obligor or any Released Party, the restructuring claim prior to the Chapter 11 Cases, or any act, omission, occurrence, o in any manner related to such subject matter, transaction, obligation, r turing, or the Chapter 11 Cases, including, but not limited to, any claim r to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and f the Modified Plan, the filing of the Chapter 11 Cases, the formulation, p tion, negotiation, dissemination, filing, implementation, administrati firmation, or consummation of the Modified Plan, the Disclosure Stat the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Cre the Master Disposition Agreement, the Union Settlement Agreemen employee benefit plan, instrument, release, or other agreement o ment created, modified, amended or entered into in connection with the Modified Plan or any other agreement with the Unions, including limited to the Union Settlement Agreements, or any other act taken taken consistent with the Union Settlement Agreements in connecti the Chapter 11 Cases; provided, however, that (A) Article 11.5 of the M Plan is subject to and limited by Article 11.13 of the Modified Plan ; 11.5 of the Modified Plan shall not release any Released Party from an of Action held by a governmental entity existing as of the Effective Dat on (i) the Internal Revenue Code or other domestic state, city, or munic code, (ii) the environmental laws of the United States or any domesti city, or municipality, (iii) any criminal laws of the United States or any tic state, city, or municipality, (iv) the Exchange Act, the Securities Act, c securities laws of the United States or any domestic state, city, or mu ity, (v) the Employee Retirement Income Security Act of 1974, as amer (vi) the laws and regulations of the Bureau of Customs and Border Pro of the United States Department of Homeland Security. Notwithst the foregoing, all releases given by GM to (i) the Debtors and the D Affiliates shall be as set forth in the Delphi-GM Global Settlement Agr and (ii) the Unions shall be as set forth in the Union Settlement Agreer

8. **Assumption And Assignment Of Executory Contract Unexpired Leases.** Subject to the terms of the Modified Plan, Modi Approval Order, and any related Bankruptcy Court orders, upon the occ of the Effective Date, each executory contract or unexpired lease assu assumed and assigned, as applicable, pursuant to Article VIII of the M Plan, shall vest in and be fully enforceable by the applicable Reor Debtor or its assignee in accordance with its terms. On the Effective executory contracts and unexpired leases as to which any Debtor is are deemed automatically assumed by the applicable Reorganized D accordance with the provisions and requirements of sections 365 an of the Bankruptcy Code as of the Effective Date, unless such execute tracts or unexpired leases (a) have been previously rejected by the De Final Order of the Bankruptcy Court, (b) are the subject of a motion t or that otherwise authorizes rejection, filed on or before the Modi Approval Date, (c) have been rejected or assumed pursuant to a motio or transfer property or assets filed by the Debtors prior to the Effecti (d) have expired or terminated on or prior to the Effective Date (ar not otherwise extended) pursuant to their own terms, (e) are listed schedule of rejected contracts on Exhibit 8.1(a) to the Modified Plan, otherwise rejected pursuant to the terms of the Modified Plan and/ the direction of either Buyer pursuant to the Master Disposition Agr Subject to the foregoing sentences, entry of the Modification Approv by the Bankruptcy Court approved the rejections, assumptions, and a tions and assignments contemplated by the Modified Plan, the Modi Approval Order, the Master Disposition Agreement, and related doc pursuant to sections 365 and 1123 of the Bankruptcy Code as of the E Date.

9. **Bar Dates**
(a) **Administrative Bar Date.** Requests for payment Administrative Claim (other than as set forth in Article X of the Modifi must be filed with the Claims Agent and served on counsel for the and the Creditors' Committee no later than November 5, 2009 or sha allowed automatically without the need for any objection from the D Reorganized Debtors. Unless the Debtors or the Reorganized Debtor to an Administrative Claim on or prior to May 4, 2010 (unless such o period is extended by the Bankruptcy Court), such Administrative Cl be deemed allowed in the amount requested. In the event that the D the Reorganized Debtors object to an Administrative Claim, the Bar Court shall determine the allowed amount of such Administrative Cla
(b) **Professional Claims And Final Fee Applications.** requests for payment of Professional Claims and requests for rei ment of expenses of members of the Statutory Committees must no later than December 31, 2009. After notice and a hearing in ac with the procedures established by the Bankruptcy Code and prio of the Bankruptcy Court, the allowed amounts of such Professiona and expenses shall be determined by the Bankruptcy Court. Pursua Bankruptcy Court's prior orders, any requirement that Professional with sections 327 through 331 of the Bankruptcy Code in seeking r or compensation for services rendered terminated on the Confirmat and the Reorganized Debtors have employed and paid Profession ordinary course of business thereafter.
(c) **Substantial Contribution Bar Date.** Except as otherwise in the Modification Approval Order, any Person who requests comper expense reimbursement for making a substantial contribution in the 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankru shall file an application with the clerk of the Bankruptcy Court on November 20, 2009, and serve such application on counsel for the the Creditors' Committee, the United States Trustee for the Souther of New York, and such other parties as may be decided by the Ba Court and the Bankruptcy Code on or before November 20, 2009, or b barred from seeking such compensation or expense reimbursement Dated: New York, New York, October 6, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By: /s/ John Wm. Butler, Jr.        By: /s/ Kayalyn A. Marafic
John Wm. Butler, Jr., John K. Lyons, Ron   Kayalyn A. Marafioti, Fou
E. Meisler, 155 North Wacker Drive,   Square, New York, New Y
Chicago, Illinois 60606, (312) 407-0700   10036, (212) 735-3000
Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Pos

For more information on how to place your ad, call:
1-800-397-0070 toll-free in the U.S. only
USATODAY@rja-ads.com or visit us online at: www.USATODAY.com