IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

# AFFIDAVIT OF PUBLICATION OF ERIN OSTENSON IN THE WALL STREET JOURNAL (NATIONAL AND GLOBAL)

STATE OF TEXAS            )
                          )  ss:
CITY AND COUNTY OF DALLAS )

I, <u>Erin Ostenson</u>, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of <u>THE WALL STREET JOURNAL</u> (Global), a daily national newspaper published and of general circulation in The United States of America, Asia, Europe and that the attached advertisement has been published in <u>THE WALL STREET JOURNAL</u> (Global) for <u>one</u> insertion(s) on the following date(s): <u>October 15, 2009</u>; advertiser Delphi Corporation, et al. and that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*E Ostenson* (signature)

Sworn to before me this

<u>15th</u> day of <u>October,</u> 2009

_____
Notary Public



ALBERT FOX
Notary Public, State of Texas
My Commission Expires
February 15, 2012

**GLOBAL, NATIONAL, REGIONAL**
TO ADVERTISE CALL 1.800.366.3975
FAX: 214.640.7900
ADVERTISING.WSJ.COM

## IES

## BANKRUPTCIES

Or if by hand delivery to:
United States Bankruptcy Court, SDNY
One Bowling Green, Room 534
New York, New York 10004

s of Claim will be deemed timely filed only if **actually received** by The
in City Group, Inc. or the Court on or before the applicable Bar Date.
s of Claim may **not** be delivered by facsimile, telecopy, or electronic mail
mission.

/HAT TO FILE
u file a Proof of Claim, your filed Proof of Claim must: (i) be written in
nglish language; (ii) be denominated in lawful currency of the United
s; (iii) conform substantially to Official Bankruptcy Form No. 10 ("**Proof
aim Form**"); (iv) state the Debtor against which it is filed; (v) set forth
specificity the legal and factual basis for the alleged claim; (vi) include
orting documentation or an explanation as to why such documentation
available; and (vii) be **signed** by the claimant or, if the claimant is not
lividual, by an authorized agent of the claimant.
OU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR,
RATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR
YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR
NST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF
DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBT-
AND THEIR CASE NUMBERS IS SET FORTH ABOVE.
   Additional Proof of Claim Forms may be obtained at
   www.uscourts.gov/bkforms/ or www.motorsliquidation.com.
**SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM
ES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE
MENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.
:ONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE
ICABLE BAR DATE**
ept with respect to claims of the type set forth In Section 2 above,
reditor who fails to file a Proof of Claim on or before the applicable
ate in the appropriate form in accordance with the procedures de-
ed in this Notice for any claim such creditor holds or wishes to assert
st each of the Debtors, will be forever barred – that is, forbidden –
asserting the claim against each of the Debtors and their respective
es (or filing a Proof of Claim with respect to the claim), and each
 Debtors and their respective chapter 11 estates, successors, and
rty will be forever discharged from any and all Indebtedness or liabil-
'th respect to the claim, and the holder will not be permitted to vote
cept or reject any chapter 11 plan filed in these chapter 11 cases,
:ipate in any distribution in any of the Debtors' chapter 11 cases on
unt of the claim, or receive further notices with respect to any of the
rs' chapter 11 cases.

HE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES
MENDMENT THEREOF
may be listed as the holder of a claim against one or more of the Debt-
the Debtors' Schedules of Assets and Liabilities and/or Schedules of
tory Contracts and Unexpired Leases (collectively, the "**Schedules**"). If
ely on the Debtors' Schedules, it is your responsibility to determine that
aim is accurately listed in the Schedules.
et forth above, if you agree with the classification and amount of your
as listed in the Debtors' Schedules, and if you do not dispute that your
is only against the specified Debtor, and if your claim is not described
isputed", "contingent", or "unliquidated", you need not file a Proof of
. Otherwise, if you decide to file a Proof of Claim, you must do so be-
he Bar Date in accordance with the procedures set forth in this Notice.
ies of the Schedules may be examined by interested parties on the
's electronic docket for the Debtors' chapter 11 cases, which is posted
e Internet at www.motorsliquidation.com and www.nysb.uscourts.gov
CER login and password are required and can be obtained through
ACER Service Center at www.pacer.psc.uscourts.gov). Copies of the
lules may also be examined by interested parties between the hours of
a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bank-
y Court, United States Bankruptcy Court for the Southern District of New
One Bowling Green, Room 511, New York, New York 10004. Copies of
ebtors' Schedules may also be obtained by written request to the Debt-
laims agent at the address and telephone number set forth below:
   Garden City Group, Inc., Attn: Motors Liquidation Company,
   Box 9386, Dublin, Ohio 43017-4286, 1-703-286-6401
he event that the Debtors amend their Schedules to (a) designate a
as disputed, contingent, unliquidated, or undetermined, (b) change the
nt of a claim reflected therein, (c) change the classification of a claim
ted therein, or (d) add a claim that was not listed on the Schedules, the
rs will notify you of the amendment. In such case, the deadline for you
a Proof of Claim on account of any such claim is the later of (a) the ap-
le Bar Date and (b) the date that is **thirty days** after the Debtors provide
 of the amendment.
ler of a possible claim against the Debtors should consult an attorney
ding any matters not covered in this Notice, such as whether the
r should file a Proof of Claim.
D: September 16, 2009                                BY ORDER OF THE COURT
   New York, New York

GOTSHAL & MANGES LLP
ifth Avenue
ork, New York 10153
hone: (212) 310-8000
mile: (212) 310-8007
eys for Debtors and Debtors in Possession

### Certain Debt Instruments

| Debt Instrument | CUSIP, ISIN, or Swiss Security Numbers |
|---|---|
| ndenture, dated as of Nov. 15, 1990, etween GM and Citibank as indenture rustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| ndenture, dated as of Dec. 7, 1995, | CUSIP Nos. 370442AT2, |

---

Delphi Legal Information Hotline:         Delphi Legal Information Website:
Toll Free: (800) 718-5305                 http://www.delphidocket.com
International: (248) 813-2698

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re                              ) Chapter 11
DELPHI CORPORATION, et al.,        ) Case No. 05-44481 (RDD)
                    Debtors.       ) (Jointly Administered)

**NOTICE OF (A) ORDER APPROVING MODIFICATIONS TO FIRST
AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-
IN-POSSESSION AND (B) OCCURRENCE OF EFFECTIVE DATE**

1. **Confirmation Of The Plan.** On January 25, 2008 (the "Confirmation Date"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008 (the "Confirmed Plan"), in the Chapter 11 Cases of Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

2. **Approval Of Modifications To The Confirmed Plan.** On July 30, 2009 (the "Modification Approval Date"), the Bankruptcy Court entered an order (the "Modification Approval Order") approving certain modifications to the Confirmed Plan embodied in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), attached as Exhibit A to the Modification Approval Order. Unless otherwise defined in this Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, capitalized terms and phrases used herein have the meaning(s) given to them in the Modified Plan and the Modification Approval Order.

3. **Effective Date.** On October 6, 2009, the Effective Date of the Modified Plan occurred. The Modified Plan was substantially consummated at a closing that occurred at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in New York City, New York; provided however, that all of the transactions contemplated by the Master Disposition Agreement and related agreements to occur at the closing are effective for tax and accounting purposes as of 11:58 p.m., local time, on the Closing Date as defined in the Master Disposition Agreement.

4. **Discharge Of Claims And Termination Of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Modified Plan, Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Modified Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Modified Plan. Due to the occurrence of the Effective Date, the Modification Approval Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors.

5. **Injunctions.**
(a) Subject to Article 11.13 of the Modified Plan, the satisfaction, release, and discharge pursuant to Article XI of the Modified Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Modified Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.
(b) By accepting distributions pursuant to the Modified Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Article XI of the Modified Plan.

6. **Release By Debtors Of Certain Parties.** Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of the Modified Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Modified Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date, shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in the Modified Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.

7. **Release By Holders Of Claims And Interests.** On the Effective Date, (a) each Person who votes to accept the Modified Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Modified Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Modified Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of the Modified Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Modified Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either the Modified Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 Cases; provided, however, that (A) Article 11.5 of the Modified Plan is subject to and limited by Article 11.13 of the Modified Plan and (B) 11.5 of the Modified Plan shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

8. **Assumption And Assignment Of Executory Contracts And Unexpired Leases.** Subject to the terms of the Modified Plan, Modification Approval Order, and any related Bankruptcy Court orders, upon the occurrence of the Effective Date, each executory contract or unexpired lease assumed, or assumed and assigned, as applicable, pursuant to Article VIII of the Modified Plan, shall vest in and be fully enforceable by the applicable Reorganized Debtor or its assignee in accordance with its terms. On the Effective Date, all executory contracts and unexpired leases as to which any Debtor is a party are deemed automatically assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases (a) have been previously rejected by the Debtors by Final Order of the Bankruptcy Court, (b) are the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the Modification Approval Date, (c) have been rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date, (d) have expired or terminated on or prior to the Effective Date (and were not otherwise extended) pursuant to their own terms, (e) are listed on the schedule of rejected contracts on Exhibit 8.1(a) to the Modified Plan, or (f) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either Buyer pursuant to the Master Disposition Agreement. Subject to the foregoing sentences, entry of the Modification Approval Order by the Bankruptcy Court approved the rejections, assumptions, and assumptions and assignments contemplated by the Modified Plan, the Modification Approval Order, the Master Disposition Agreement, and related documents pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

9. **Bar Dates**
(a) **Administrative Bar Date.** Requests for payment of an Administrative Claim (other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than November 5, 2009 or shall be disallowed automatically without the need for any objection from the Debtors or Reorganized Debtors. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4, 2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.
(b) **Professional Claims And Final Fee Applications.** All final requests for payment of Professional Claims and requests for reimbursement of expenses of members of the Statutory Committees must be filed no later than December 31, 2009. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Claims and expenses shall be determined by the Bankruptcy Court. Pursuant to the Bankruptcy Court's prior orders, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered terminated on the Confirmation Date, and the Reorganized Debtors have employed and paid Professionals in the ordinary course of business thereafter.
(c) **Substantial Contribution Bar Date.** Except as otherwise provided in the Modification Approval Order, any Person who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the clerk of the Bankruptcy Court on or before November 20, 2009, and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be decided by the Bankruptcy Court and the Bankruptcy Code on or before November 20, 2009, or be forever barred from seeking such compensation or expense reimbursement.
Dated: New York, New York, October 6, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

| By: /s/ John Wm. Butler, Jr. | By: /s/ Kayalyn A. Marafioti |
|---|---|
| John Wm. Butler, Jr., John K. Lyons, Ron E. Meisler, 155 North Wacker Drive, Chicago, Illinois 60606, (312) 407-0700 | Kayalyn A. Marafioti, Four Times Square, New York, New York 10036, (212) 735-3000 |

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession