UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE | )( | CHAPTER 11 |
| | )( | |
| DELPHI CORPORATION, *et al.*, | )( | Case No. 05-44481 (RDD) |
| | )( | |
| Debtors. | )( | (Jointly Administered) |

RESPONSE TO REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION

COMES NOW **BAJA TAPE & SUPPLY, INC.** ("Baja"), the holder of an Administrative Claim in the above-captioned bankruptcy case (Claim is against Delphi Corporation, 05-44481, Claim No. 19445), and files this its Response to the Reorganized Debtor's 37th Omnibus Objection, and as grounds therefor shows:

1. Baja filed an Administrative Expense Claim (the "Claim") in the above-captioned bankruptcy case on July 15, 2009. The Claim was filed with Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA prior to 2:00 o'clock p.m., Pacific Time. The Claim was in the amount of $190,566.54, and was based upon packaging and labeling provided to the Debtor in Possession after the filing of the petition in the above-captioned bankruptcy case.

2. The bar date for filing proofs of claim for administrative expenses in the above-captioned case was established as July 15, 2009 by order of this court. A copy of the order establishing such bar date is attached hereto as Exhibit "A."

3. Thereafter, on July 23, 2009 Baja mailed an amendment to the Claim, which did not change the Claim in any manner, but simply added exhibits to the Claim. These exhibits consisted of invoices and copies of contracts.

4. Debtor's 37th Omnibus Objection objects to Baja's claim filed on July 21, 2009, which objection is based upon Baja's claim being untimely filed. Baja's Claim was timely filed on July 15, 2009. The claim that is objected to was simply filed to provide supporting documents to the Claim and did not alter the Claim in any manner.

WHEREFORE, PREMISES CONSIDERED, Baja prays that Debtor's 37th Omnibus Objection, as it objects to Baja's Claim being untimely filed, be denied.

Respectfully submitted,

**GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP**
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.:    (915) 544-6646
Fax.:   (915) 544-8305

By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for BAJA TAPE & SUPPLY, INC.

## CERTIFICATE OF SERVICE

I, Lane C. Reedman, swear that a true and correct copy of the above and foregoing Response to Reorganized Debtors' Thirty-Seventh Omnibus Objection, was mailed on this the _20_ day of October, 2009 to:

| | |
|---|---|
| Clerk of the Court<br>United States Bankruptcy Court for the Southern<br>District of New York<br>Manhattan Office<br>One Bowling Green<br>New York, New York 10004 | The Honorable Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court for the Southern<br>District of New York, Manhattan Office<br>One Bowling Green, Room 632<br>New York, New York 10004 |
| DPH Holdings Corp.<br>Attention: President<br>5725 Delphi Drive<br>Troy Michigan 48098 | Skadden, Arps, Slate, Meagher & Flom, LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>Attn.:   John William Butler, Jr.<br>            John K. Lyons<br>            Joseph N. Wharton |

_____
Lane C. Reedman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :   Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :   Case No. 05-44481 (RDD)
                                        :
                            Debtors.    :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Modification Procedures Order") (Docket No. 17032), which among other things, established **July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors" or "Company"). The Administrative Expense Bar Date and the procedure set out below for filing proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date**.

## WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

You must file an Administrative Expense Claim Form if you believe that you are entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided below.

You do not need to file an Administrative Expense Claim Form for (i) any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable; (iii) any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim

EXHIBIT "A"

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

<u>A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.</u> Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

## CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

---

[1] <u>See</u> Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

John Wm. Butler, Jr.
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession