UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                        Debtors.           :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIFTH OMNIBUS ORDER RESOLVING CERTAIN OBJECTIONS TO
NONASSUMPTION OF CERTAIN CONTRACTS AND LEASES,
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND CURE AMOUNTS

("FIFTH SECTION 365 OBJECTION ORDER")

Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (i) approving certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors' proposed plan modifications, (iii) approving the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases under the Modified Plan, and (iv)

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

authorizing the assumption and assignment of certain prepetition executory contracts and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having entered an order approving, among other things, the form and manner of notices relating to (a) the nonassumption of certain contracts and leases, (b) amended cure amounts, and (c) the assumption and assignment of executory contracts and leases to be assigned to the applicable Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on July 30, 2009 having entered an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707); and upon the objections by various counterparties listed on <u>Exhibit A</u> hereto to (w) nonassumption of certain contracts and leases, (x) adequate assurance of future performance, (y) assumption and/or assignment with respect to executory contracts or unexpired leases to be assumed and/or assigned under the Modified Plan, and/or (z) cure amounts (the "Section 365 Objections"); and the hearing on certain Section 365 Objections having been adjourned to October 22, 2009 (the "Fifth Section 365 Objections Hearing ") or as otherwise set forth in a prior notice or prior order of this Court$^2$, and the Court having reviewed and considered the objections of The Timken Company (Docket Nos. 18487, 18488, and 18738) and the Motion; and counsel for the Debtors having represented that the relief provided herein is unopposed; and it appearing that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest; and after due deliberation thereon, and sufficient cause appearing therefor,

---

2   <u>See</u> (a) notice of adjournment, dated August 25, 2009 (Docket No. 18833); (b) Second Section 365 Objection Order, dated August 28, 2009 (Docket No. 18842); (c) notice of adjournment, dated September 17, 2009 (Docket No. 18911); (d) Third Section 365 Objection Order, entered September 25, 2009 (Docket No. 18935); (e) notice of adjournment, dated October 2, 2009 (Docket No. 18953); (f) Fourth Section 365 Objection Order, entered October 7, 2009 (Docket No. 18966); or (g) notice of adjournment, dated October 19, 2009 (Docket No. 18986).

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

      A.    This Court has jurisdiction over the Motion and the Section 365 Objections pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion and the Section 365 Objections are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases, the Motion, and the Section 365 Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.    The statutory predicates for the relief sought with respect to the Section 365 Objections are sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

      C.    As evidenced by the affidavits of service previously filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Motion, the Fifth Section 365 Objections Hearing, the notices of the assumption and assignment of the Assumed and Assigned Contracts, the Notices of Non-Assumption (as defined in the Modification Procedures Order), and the Amended Cure Amount Notices (as defined in the Modification Procedures Order) as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Fifth Section 365 Objections Hearing, the assumption and/or assignment of the contracts and unexpired leases covered by the Section 365 Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

3

D.   The Section 365 Objections listed on Exhibit B hereto are hereby deemed withdrawn or otherwise resolved (the "Resolved Objections"), and all such objections are subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order.

E.   The hearings on the Section 365 Objections set forth on Exhibit C hereto (the "Outstanding Objections") are hereby either (a) adjourned to the hearing date set forth on Exhibit C, subject to further adjournment by DPH Holdings Corp. and its subsidiaries and affiliates (the "Reorganized Debtors") in accordance with the Modification Approval Order, or (b) to the extent so reflected on Exhibit C attached hereto, adjourned without date subject to the Reorganized Debtors' right to re-notice such objections for a hearing in accordance with the Modification Approval Order.

F.   The notices of assumption and assignment for the contracts listed on Exhibit D hereto are hereby withdrawn.

G.   Pursuant to Articles II and X of the Modified Plan, a counterparty who wished to assert a postpetition default was required to file an Administrative Claim.  Accordingly, to the extent that any objections, except to the extent included in the Outstanding Objections, assert cure amounts that relate to postpetition obligations of the Debtors (the "Postpetition Obligation Objections"), the Administrative Claim reconciliation process set forth under Articles II and X of the Modified Plan and in the Master Disposition Agreement, and the payment of Administrative Claims in accordance with the Modified Plan, the Master Disposition Agreement, and orders of this Court constitute adequate assurance of prompt cure or will in fact cure any defaults that might have occurred after the Petition Date, including any obligation asserted in the Postpetition Obligation Objections, for purposes of assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

4

    H.  The relief requested in the Motion and granted herein is in the best interests of the Debtors, the Reorganized Debtors, their estates, creditors, stakeholders, and other parties-in-interest.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  The Resolved Objections listed on <u>Exhibit B</u> shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code.

    2.  The hearings on the Motion as it pertains to the contracts covered by the Outstanding Objections listed on <u>Exhibit C</u> shall be (a) adjourned to the hearing date set forth on <u>Exhibit C</u>, subject to further adjournment by the Reorganized Debtors in accordance with the Modification Approval Order, or (b) to the extent so reflected on <u>Exhibit C</u> attached hereto, adjourned without date subject to the Reorganized Debtors' right to notice such objection for a hearing in accordance with the Modification Approval Order.

    3.  The notices of assumption and assignment for the contracts listed on <u>Exhibit D</u> are hereby withdrawn; <u>provided</u>, <u>however</u>, that nothing in this order shall prejudice any existing rights of the Debtors, the Reorganized Debtors, the applicable assignee, or the applicable counterparties under such contracts.  In the event that such counterparty has a postpetition administrative claim, such claims, including but not limited to any postpetition obligations ultimately determined to exist that have arisen prior to the effective date under the

5

Debtors' Modified Plan, shall be resolved in accordance with the treatment provided for Administrative Claims under the Modified Plan.

    4.  The Postpetition Obligation Objections, except to the extent included in the Outstanding Objections, are hereby overruled to the extent such objections assert cure amounts relating to postpetition obligations. Any unpaid postpetition obligations arising under the Assumed and Assigned Contracts shall be satisfied as follows: (i) undisputed postpetition obligations that are not yet due and payable pursuant to the applicable contract terms shall be paid by the Debtors, the Reorganized Debtors, or the Buyers, as applicable, in the ordinary course of business and (ii) all other postpetition obligations shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement; <u>provided</u>, <u>however</u>, that this order shall be without prejudice to the right of counterparties to the Assumed and Assigned Contracts to reassert their Postpetition Obligation Objections in the event that such counterparties are barred from seeking payment of an Administrative Claim under the Modified Plan; <u>provided</u> <u>further</u>, <u>however</u>, that to the extent that a counterparty asserts an Administrative Claim relating to an Assumed and Assigned Contract that is Allowed or Disallowed pursuant to a Final Order of this Court, such counterparty shall be bound by the Final Order and shall not be entitled to assert or reassert any claim for cure under section 365 of the Bankruptcy Code.

Dated: New York, New York
   October 22, 2009

               <u>/s/ Robert D. Drain</u>
               UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

| DOCKET NO. | OBJECTOR |
|---|---|
| 18430 | AB Automotive Electronics, Ltd.; AB Automotive Inc.; BI Technologies Corporation, International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc.; and Welwyn Components Ltd. |
| 18216 | ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company |
| 17767, 17773, 18395 | American Aikoku Alpha, Inc. |
| 18463 | AM General LLC |
| 18402 | ATEL Leasing Corporation |
| 18266 | AT&T Corp., AT&T Solutions Inc., and SBC Global Services Inc. |
| 18221 | Audio MPEG, Inc. and Societa' Italiana per lo Sviluppo dell'Elettronica |
| 18254, 18368, 18711 | Autocam Corporation |
| 18468 | Behr America, Inc. |
| 18382, 18394 | Bing Metals Group, LLC |
| 18273 | Brazeway, Inc. |
| 18480 | Brose North America Holding LP |
| 18565 | Carrier Corporation |
| 18404 | Cisco Systems, Inc. |
| 18219, 18392 | Clarion Corporation of America |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company |
| 18372 | Continental AG |
| 18365 | Dätwyler Rubber |
| 18481 | E.I. du Pont de Nemours and Company |
| 18389 | Federal Screw Works |
| 18323 | F&G Multi-Slide Inc. |
| 18358 | F&G Tool & Die Co. |
| 18417 | Findlay Industries, Inc. |
| 18405, 18545 | Flextronics International Ltd. |
| 18398, 18750 | Ford Motor Company |
| 18491 | Freudenberg-NOK General Partnership, Freudenberg-NOK de Queretaro, S.A. de C.V. and Freudenber Filtration Technologies |
| 18256, 18472, 18706 | Furukawa Electric Company, Ltd. and Furukawa Electric North America |
| 18473 | General Electric Capital Corporation |

| DOCKET NO. | OBJECTOR |
|---|---|
| 18397 | Gibbs Die Casting Corporation |
| 18297 | Hewlett-Packard Company and Electronic Data Systems, LLC |
| 18782 | Judd Wire, Inc. |
| 18946 | Kokomo Gas And Fuel Company |
| 18228, 18490 | Lear Corporation |
| 18385, 18386, 18387, 18388 | Linamar Corporation and Linamar Holdings, Inc.; Linamar Corporation, Inavar Division; Linamar Corporation, Roctel Division; Linamar Corporation, Vehcom Division |
| 18489, 18740 | Littelfuse, Inc. |
| 18739, 18755 | Methode Electronics, Inc. |
| 18400 | Microsoft Corporation and Microsoft Licensing, GP |
| 18390 | MIS Environmental Services, Inc. and MIS Corporation -- Michigan, a.k.a. Michigan Environmental Services, Inc. |
| 18369 | Motorola, Inc. |
| 18374 | Navistar, Inc. |
| 18556 | NEC Electronics America, Inc. |
| 18494 | Nidec Motors & Actuators (USA), Inc. |
| 18456 | Nissan North America, Inc. |
| 18235, 18679 | Ogura Clutch Company |
| 18406 | Panalpina Management Ltd. and Panalpina, Inc. |
| 18220, 18474 | PBR Tennessee, Inc. |
| 18929 | QAD, Inc. |
| 18414 | Siemens Product Lifecycle Management Software Inc. |
| 18223, 18401 | SKF USA Inc. |
| 18754 | Spartech Corporation and Spartech Polycom, Inc. |
| 18574 | STMicroelectronics, Inc. |
| 18407, 18547 | Sun Microsystems, Inc. |
| 18261 | Sunrise Medical HHG, Inc. |
| 18570 | Technical Materials Inc. |
| 18487, 18488, 18738 | The Timken Company |
| 18399 | TK Holdings Inc. and Takata Corporation |
| 18485, 18271, 18484, 18486, 18742 | Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America Inc; Toyota Motor Sales, U.S.A., Inc. |
| 18573 | Tyco Electronics and Precision Interconnect |
| 18408, 18546 | United Parcel Service |
| 18483 | Valeo, Inc. |
| 18420 | Vitec, LLC |
| 18373, 18245 | XM Satellite Radio Inc. |

# Exhibit B

| DOCKET NO. | OBJECTOR |
|---|---|
| 18487, 18488, 18738 | The Timken Company |

# Exhibit C

| DOCKET NO. | OBJECTOR | HEARING DATE |
|---|---|---|
| 18430 | AB Automotive Electronics Ltd.; AB Automotive Inc.; BI Technologies Corporation; International Resistive Company, Inc. (a.k.a. International Resistive Company Wire & Film Technologies Division); International Resistive Company of Texas, LP (a.k.a. International Resistive Company Advanced Film Division); Optek Technology, Inc.; and Welwyn Components Ltd.[4] | November 17, 2009 |
| 18234, 18652, 18705, 18720 | Connecticut General Life Insurance Company | November 17, 2009 |
| 18473 | General Electric Capital Corporation | November 17, 2009 |
| 18261 | Sunrise Medical HHG, Inc. | Adjourned without date |
| 18373, 18245 | XM Satellite Radio Inc. | November 17, 2009 |

---

[4] Only the portion of the objection related to BI Technologies Corporation shall be adjourned to Novmber 17, 2009. All other portions of this objection were withdrawn or otherwise resolved pursuant to the Third Section 365 Objection Order.

# **Exhibit D**

| COUNTERPARTY | CONTRACT |
|---|---|
| Timken Company | D0550011706 |
|  | D0550050374 |