BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
| DELPHI CORPORATION, *et al.* | ) | No. 05-44481 |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF BANK OF AMERICA, N.A. TO THIRTY-SIXTH
OMNIBUS OBJECTION TO THE REORGANIZED DEBTORS PURSUANT
TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) MODIFY
AND ALLOW CLAIM AND (II) EXPUNGE CERTAIN (A) DUPLICATE
SERP CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY
CLAIMS, AND (D) PENSION, BENEFIT AND OPEB CLAIMS**

Bank of America, N.A. (the "Bank"), by and through its undersigned counsel, hereby responds to the Thirty-Sixth Omnibus Claims Objection filed by DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors") and respectfully represent as follows:

**BACKGROUND**

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions with this Court

under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Delphi Automotive Systems Human Resources, LLC and Delphi Automotive Systems, LLC were among those affiliates of Delphi Corporation filing separate Chapter 11 petitions at that time with this Court.

2.      Prior to the commencement of these Chapter 11 cases, the Bank's predecessor-in-interest, Fleet National Bank ("Fleet"), and a predecessor-in-interest of Delphi Automotive Systems Human Resources, LLC ("Delphi HR") entered into two written leases of personal property, namely two passenger jet aircraft (collectively, the "Aircraft Leases"). In connection with the Aircraft Leases, Delphi HR's predecessor-in-interest granted to Fleet, a security interest in certain tangible and intangible property including, but not limited to, any and all subleases, management agreements, interchange agreements, charter agreements and the proceeds thereof (the "Personal Property Collateral"). This security interest was thereafter perfected by the filing of UCC financing statements in Michigan and in Delaware.

3.      The obligations of Delphi HR under the Aircraft Leases were unconditionally guaranteed by Delphi Automotive Systems, LLC ("DASLLC") and Delphi Corporation ("Delphi") pursuant to the terms of two separate written guaranties.

4.      On January 12, 2006, this Court entered a certain Consent Order Resolving Motion by Bank of America, N.A. for Adequate Protection Replacement Liens (the "Cash Collateral Consent Order"), a copy of which is attached hereto as <u>Exhibit A</u>. The Cash Collateral Consent Order required, among other things, the Debtor to establish a certain account, defined as a "Segregated Account," with a depository bank into which all cash collateral subject to the security interest of the Bank would be deposited. The Debtors were prohibited from using any of

2

these cash deposits without prior Bankruptcy Court approval after notice and a hearing or the Bank's written consent to such use.

5. On July 27, 2006, the Bank filed proofs of claim numbers 1137, 11470, and 11457 (the "Preplan Proofs of Claim") in the cases of Delphi HR, DASLLC and Delphi.

6. On September 7, 2007, this Court entered an Order in these cases approving a Stipulation between the Bank, on the one hand, and Delphi HR, DASLLC and Delphi, on the other hand (the "Claims Stipulation and Order"). The Claims Stipulation and Order addressed the Preplan Proofs of Claim and other related matters. Although, in accordance with the Claims Stipulation and Order, the Preplan Proofs of Claim were withdrawn by the Bank, those claims would be "automatically reinstated as timely filed claims without further notice or action required by" the Bank upon the rejection of one or both of the Aircraft Leases. A copy of the Claims Stipulation and Order is attached hereto as <u>Exhibit B</u>.

7. On December 10, 2007, the debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Plan provided that the Aircraft Leases would be assumed by Delphi HR as of the Plan's Effective Date. Although the Plan was thereafter confirmed by this Court's order dated January 25, 2008 (Docket No. 12359), the Effective Date failed to occur contrary to expectations.

8. On October 3, 2008, the Debtors filed a motion under 11 U.S.C. 1127 for an order approving certain modifications to the Plan and establishing procedures for re-soliciting votes on the Plan, as modified (Docket No. 14310). On June 1, 2009, the Debtors filed a supplement to this motion seeking approval of certain modifications to the Plan, among other things. The Plan, as modified (the "Modified Plan"), now provided for the rejection of the Aircraft Leases.

3

9. On July 30, 2009, this Court entered an order approving the Modified Plan (the "Plan Modification Order")(Docket No. 18707).

10. The Plan Modification Order provided in Paragraph 44 that any claims arising from the rejection of an unexpired lease must be evidenced by a proof of claim in order to be allowed. This order required these claims to be filed with the Claims Agent and served upon counsel to the Debtors and the Creditors Committee "within 30 days after the later of (a) entry of this order or (b) notice that the executory contract or unexpired lease has been rejected, unless otherwise ordered by this Court." Consequently, the bar date for filing the Bank's lease rejection claims was thirty days after July 30, 2009, *viz*. August 29, 2009.

11. By operation of the Claims Stipulation and Order, the Preplan Proofs of Claim were deemed to have been refiled on July 30, 2009, upon the entry of the Plan Modification Order or when that order became final ten (10) days later.

12. On August 25, 2009, the Bank filed with the Claims Agent three (3) lease rejection proofs of claim arising from the Modified Plan (the "Lease Rejection Claims") and served those proofs of claim upon counsel to the Debtors and counsel to the Creditors Committee. These claims were timely filed as required by Paragraph 44 of the Plan Modification Order. Among other things, each of these Lease Rejection Claims filed in the Chapter 11 cases of the aircraft lessee and the two guarantors claimed all sums on deposit in the Segregated Account as collateral for these claims. The face amount of each of the Lease Rejection Claims is for a sum in excess of $34,490,017.61.

## ARGUMENT

13.     The Lease Rejection Claims were filed prior to the bar date for filing rejection claims as prescribed in Paragraph 44 of the Plan Modification Order and Section 8.4 of the Modified Plan.  The last day for filing these proofs of claim was August 29, 2009; the Lease Rejection Claims were filed with the Claims Agent on August 25, 2009.  Moreover, the Preplan Proofs of Claim were automatically reinstated pursuant to the Claims Stipulation and Order well before the bar date and before August 25, 2009.

14.     On October 16, 2009, the undersigned conferred by telephone with counsel to the Reorganized Debtors concerning the foregoing.  In this conversation, Reorganized Debtors' counsel confirmed that the Lease Rejection Claims had been timely filed and acknowledged the existence of the Claims Stipulation and Order.

15.     On account of the foregoing, Reorganized Debtor's Thirty-Sixth Omnibus Claims Objection as it related to the Lease Rejection Claims should be dismissed and the Lease Rejection Claims should be treated as amendments to the Preplan Proofs of Claim.

16.     Any reply to this Response should be sent to the undersigned at the address stated below.

## CONCLUSION

On account of the foregoing, this Court should deny the relief requested by the Reorganized Debtors in the Thirty Sixth Omnibus Claims Objection as it relates to the three lease rejection claims timely filed by Bank of America, N.A. and grant such other and further relief as may be just and proper under the circumstances of this case.

|  |  |
|---|---|
| Dated: October 27, 2009 | BARNES & THORNBURG LLP<br>Attorneys for Bank of America, N.A.<br><br>By:   /s/Patrick E. Mears<br>       Patrick E. Mears (PM-6473)<br>Business Address:<br>171 Monroe Avenue, NW<br>Suite 1000<br>Grand Rapids, MI 49503<br>Telephone: (616) 742-3936<br>Facsimile: (616) 742-3999<br>pmears@btlaw.com |

GRDS01 PMEARS 390314v1