BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case |
| DELPHI CORPORATION, *et al*. | No. 05-44481 |
| Debtors. | (Jointly Administered) |

**AMENDED RESPONSE OF BANK OF AMERICA, N.A. TO THIRTY-SEVENTH
OMNIBUS OBJECTION TO THE REORGANIZED DEBTORS PURSUANT
TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN
(I) PREPETITION CLAIMS, (II) EQUITY INTERESTS, (III) BOOKS AND
RECORDS CLAIMS, (IV) UNTIMELY CLAIMS, (V) PAID SEVERANCE CLAIMS,
(VI) PENSION, BENEFIT, AND OPEB CLAIMS, AND (VII) DUPLICATE CLAIMS**

Bank of America, N.A. (the "Bank"), by and through its undersigned counsel, hereby responds to the Thirty-Seventh Omnibus Claims Objection filed by DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and respectfully represents as follows:

**BACKGROUND**

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions with this Court

under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Delphi Automotive Systems Human Resources, LLC and Delphi Automotive Systems, LLC were among those affiliates of Delphi Corporation filing separate Chapter 11 petitions at that time with this Court.

2. Prior to the commencement of these Chapter 11 cases, the Bank's predecessor-in-interest, Fleet National Bank ("Fleet"), and a predecessor-in-interest of Delphi Automotive Systems Human Resources, LLC ("Delphi HR") entered into two written leases of personal property, namely two passenger jet aircraft (collectively, the "Aircraft Leases"). In connection with the Aircraft Leases, Delphi HR's predecessor-in-interest granted to Fleet, a security interest in certain tangible and intangible property including, but not limited to, any and all subleases, management agreements, interchange agreements, charter agreements and the proceeds thereof (the "Personal Property Collateral"). This security interest was thereafter perfected by the filing of UCC financing statements in Michigan and in Delaware.

3. The obligations of Delphi HR under the Aircraft Leases were unconditionally guaranteed by Delphi Automotive Systems, LLC ("DASLLC") and Delphi Corporation ("Delphi") pursuant to the terms of two separate written guaranties.

4. On January 12, 2006, this Court entered a certain Consent Order Resolving Motion by Bank of America, N.A. for Adequate Protection Replacement Liens (the "Cash Collateral Consent Order"), a copy of which is attached hereto as Exhibit A. The Cash Collateral Consent Order required, among other things, the Debtor to establish a certain account, defined as a "Segregated Account," with a depository bank into which all cash collateral subject to the security interest of the Bank would be deposited. The Debtors were prohibited from using any of

these cash deposits without prior Bankruptcy Court approval after notice and a hearing or the Bank's written consent to such use

5. On December 10, 2007, the debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Plan provided that the Aircraft Leases would be assumed by Delphi HR as of the Plan's Effective Date. Although the Plan was thereafter confirmed by this Court's order dated January 25, 2008 (Docket No. 12359), the Effective Date failed to occur contrary to expectations.

6. On October 3, 2008, the Debtors filed a motion under 11 U.S.C. 1127 for an order approving certain modifications to the Plan and establishing procedures for re-soliciting votes on the Plan, as modified (Docket No. 14310). On June 1, 2009, the Debtors filed a supplement to this motion seeking approval of certain modifications to the Plan, among other things. The Plan, as modified (the "Modified Plan"), now provided for the rejection of the Aircraft Leases.

7. Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan of Reorganization (As Modified) And Related Disclosures and Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date entered on June 16, 2009 (Docket No. 17032)(the "Modification Procedures Order"), this court established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") for the period from the commencement of these cases through June 1, 2009.

8. On July 13, 2009, counsel to the Bank transmitted by Federal Express three Administrative Claims, each claiming a sum in excess of $8,691,000, to the Claims Agent for filing in the Chapter 11 cases of Delphi HR, DASLLC and Delphi. The next day, when checking with Federal Express regarding the progress towards delivery of these Administrative Claims to the Claims Agent, counsel to the Bank was advised that these claims were in Indianapolis and might not be delivered prior to the claims bar date on July 15, 2009.

9. In an abundance of caution, Bank's counsel sent a second set of these three Administrative Claims to the Claims Agent under an expedited service provided by Federal Express that promised delivery of this second set prior to the claims bar date. This second set was delivered prior to the claims bar date/time on July 15, 2009.

10. The first set of Administrative Claims sent by the Bank to the Claims Agent was also received prior to this claims bar date/time.

11. Upon information and belief, the first and second sets of Administrative Claims filed by the Bank with the Claims Agent are identical.

12. The Bank requests that one set of claims that was delivered to the Claims Agent be deemed allowed and that the other set delivered be conditionally disallowed. In the event that one or more of the remaining allowed claims are objected to by the Reorganized Debtors, then the appropriate conditionally disallowed claims should be deemed automatically reinstated and allowed.

13. Any reply to this Response should be sent to the undersigned at the address stated below.

4

## **CONCLUSION**

WHEREFORE, Bank of America, N.A. respectfully requests that this Court enter an order with respect to the aforesaid Administrative Claims of Bank of America, N.A. consistent with this Response and grant such other and further relief as may be just and proper under the circumstances.

Dated:  November 2, 2009					BARNES & THORNBURG LLP
										Attorneys for Bank of America, N.A.


										By:     /s/Patrick E. Mears
											Patrick E. Mears (PM-6473)
										Business Address:
										171 Monroe Avenue, NW
										Suite 1000
										Grand Rapids, MI  49503
										Telephone:  (616) 742-3936
										Facsimile:  (616) 742-3999
										pmears@btlaw.com

GRDS01 PMEARS 390866v1