**Objection Deadline:  November 5, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
BETWEEN REORGANIZED DEBTORS AND LEXINGTON RUBBER GROUP, INC.
<u>REGARDING CURE AMOUNTS FOR ASSUMED EXECUTORY CONTRACTS</u>

PLEASE TAKE NOTICE that on March 10, 2008, Lexington Rubber Group, Inc ("Lexington") filed the Cure Claim of Lexington Rubber Group, Inc. (Docket No. 13034) (the "Lexington Cure Claim ").

PLEASE TAKE FURTHER NOTICE that on April 24, 2008, Delphi Corporation and certain of its affiliates (the "Debtors") objected to the Lexington Cure Claim (Docket No. 13034) pursuant to the (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459).

PLEASE TAKE FURTHER NOTICE that DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings") and Lexington have executed a stipulation and agreed order resolving the Lexington Cure Claim (the "Stipulation"), a copy of which is attached hereto as <u>Exhibit A</u>.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Stipulation must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the United States Bankruptcy Court for the Southern District of New York in accordance with General Order M-242 (as amended) – registered users of the court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom

116, White Plains, New York 10601-4140 (the "Bankruptcy Court"), and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive Chicago, Illinois 60606 (Att'n: John K. Lyons and Ron E. Meisler), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on November 5, 2009.

PLEASE TAKE FURTHER NOTICE that if timely written objections to the stipulation are filed, served, and received in accordance with this notice, a hearing to consider approval of the Stipulation will be held on November 17, 2009, at 10:00 a.m. (prevailing Eastern time) in the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that if no written objections to the Stipulation are timely filed, served, and received in accordance with this notice, the Reorganized Debtors will present the Stipulation to the Bankruptcy Court for signature on November 5, 2009 at 4:30 p.m. (prevailing Eastern Time), and the Bankruptcy Court may enter an order approving the Stipulation without further notice.

Dated:   New York, New York
         November 2, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

By:  /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

4

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------x | |
| In re                                                      : | Chapter 11 Case No. |
|                                                            : | |
| **DPH Holdings Corp. et al.,**                             : | **05-44481 (RDD)** |
|                                                            : | |
|     Reorganized Debtors.               : | (Jointly Administered) |
| ------------------------------------------------------------x | |
| In re                                                      : | Chapter 11 Case No. |
|                                                            : | |
| **Lexington Precision Corp. et al.,**                      : | **08-11153 (BJL)** |
|                                                            : | |
|     Debtors.                           : | (Jointly Administered) |
| ------------------------------------------------------------x | |

**STIPULATION AND AGREED ORDER BETWEEN**
**DPH HOLDINGS CORP. AND LEXINGTON RUBBER GROUP, INC.**
<u>**RESOLVING THE CURE CLAIM OF LEXINGTON RUBBER GROUP, INC.**</u>

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "***Reorganized Debtors***" or "***DPH Holdings***") and Lexington Rubber Group, Inc. ("***Lexington***" and together with DPH Holdings, the "***Parties***"), each chapter 11 debtors, jointly submit this Stipulation and Agreed Order between DPH Holdings and Lexington (the "***Stipulation and Order***") in their respective chapter 11 cases and respectfully represents as follows:

<u>**RECITALS**</u>

    A.    Prior to the petition date of Delphi Corporation's ("***Delphi***") chapter 11 cases, Lexington and Delphi entered in to certain contracts and purchase orders (collectively, the "***Contracts***") pursuant to which Lexington supplied Delphi with various materials that are directly incorporated into certain products.

    B.    On March 10, 2008, Lexington filed a pleading (the "***Cure Claim***

*Pleading*")[1] in the Reorganized Debtors' chapter 11 cases asserting a cure claim (the "*Cure Claim*") in the amount of $360,000 relating to the assumption of the certain contracts.

On April 24, 2008, the Debtors objected to Lexington's Cure Claim.[2] Some of the contracts have since expired by their own terms. Accordingly, such contracts will no longer be assumed and cure amounts with respect to such expired contracts are no longer due to Lexington.

C. Pursuant to that certain First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtor-in-Possession, (as modified, the "*Modified Plan*"),[3] Delphi Corporation, together with certain of its subsidiaries and affiliates (the "Debtors") proposed to assume and assign certain of the following contracts: D0550059225, D0550059226, D0550059227, D0550059228, PEDP4020006, PEDP4020146, PEDP4020148, PEDP4020192 (the "*Assumed Contracts*") in the Reorganized Debtors' chapter 11 cases.

D. To resolve the Cure Claim and the Cure Claim Pleading, the Parties have engaged in subsequent good faith and arms' length negotiations and have agreed that the following terms be binding on each of them.

## STIPULATION AND ORDER

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1. Each of the Parties hereby expressly represents and warrants that, subject to the Court's approval in each of the Parties' chapter 11 cases and entry of this Stipulation and

---

[1] Cure Claim of Lexington Rubber Group, Inc., dated March 10, 2008 Case No. 05-44481 [Docket No. 13034].

[2] Debtors' (I) Omnibus Objection Pursuant to Confirmation Order, 11 U.S.C. §§ 105(a), 365, and Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted under Article 8.2(b) of Debtors' Plan of Reorganization and (II) Request for Order Provisionally Allowing Certain Cure Proposals, dated April 24, 2008 Case No. 05-44481 [Docket No. 13459].

[3] First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as Modified), dated July 30, 2009 Case No. 05-44481 [Docket No. 18707].

2

Order, it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and Order.

      2.      In Case No. 05-44481, Lexington's Cure Claim shall be allowed in the amount of $289,166.10 (the "**Allowed Cure Claim**").

      3.      Upon entry of this Stipulation and Order in both the Parties' chapter 11 cases (the "**Effective Date**"), DPH Holdings Corp. shall direct that payments be made to Lexington on account of the Allowed Cure Claim as soon as reasonably practicable and in accordance with the procedures set forth in the Modified Plan.

      4.      Upon the Effective Date, the Cure Claim Pleading shall be deemed withdrawn with prejudice.

      5.      This Stipulation and Order shall be governed, in all respects, by the laws of the State of Michigan, irrespective of its choice of law rules.

      6.      This Stipulation and Order may be executed in any number of counterparts, and all such counterparts, taken together shall be deemed to constitute one and the same instrument.

      7.      The Parties acknowledge that this Stipulation and Order is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Stipulation and Order, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation and Order.  Further, the promises and covenants contained herein are not to be construed as an admission of liability by either Party.

      8.      This Stipulation and Order shall be binding on the Parties as of the Effective Date.

3

9. The Parties agree that Honorable Judge Robert D. Drain shall retain original and exclusive jurisdiction under in Case No. 05-44481 to adjudicate any disputes arising from or in connection with this Stipulation.

Dated: October __, 2009
New York, New York

By: /s/ Ron E. Meisler

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: 312-407-0700

*DPH Holdings Corp., et al.,
Reorganized Debtors*

By: /s/ Adam P. Strochak

Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for
Lexington Rubber Group, Inc.*

SO ORDERED, this
___ day of November, 2009

_____
HONORABLE ROBERT D. DRAIN

SO ORDERED, this
___ day of November, 2009

_____
HONORABLE BURTON R. LIFLAND

4