**Hearing Date And Time:  December 10, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  December 3, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                                  :     Chapter 11
                                              :
DPH HOLDINGS CORP., <u>et al.</u>,             :     Case No. 05-44481 (RDD)
                                              :
                                              :     (Jointly Administered)
    Reorganized Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION PURSUANT
TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN
(A) EQUITY INTERESTS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY
CLAIMS, (D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) WORKERS'
<u>COMPENSATION CLAIMS AND (II) MODIFY AND  ALLOW CERTAIN CLAIMS</u>

("THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.

R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims,

(C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation

Claims And (II) Modify And Allow Certain Claims (the "Thirty-Eighth Omnibus Claims

Objection" or the "Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the

"Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  This Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an

order approving (i) certain modifications to the Confirmed Plan and related disclosure statement

and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket

No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement

to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain

modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii)

2

procedures for re-soliciting votes on the Modified Plan. This Court entered an order approving

the Modified Plan (Docket No. 18707) on July 30, 2009.

4.       On October 6, 2009, the Debtors substantially consummated the Modified Plan,

the Effective Date[1] occurred, and the transactions under the Master Disposition Agreement and

related agreements closed. In connection therewith, DIP Holdco LLP (subsequently renamed

Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of DIP

Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the

Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited

liability company, and Steering Solutions Services Corporation, a Delaware corporation,

acquired certain U.S. manufacturing plants and the Debtors' non-core steering business,

respectively. The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and

affiliates and remain responsible for the post-Effective Date administration, including, without

limitation, the disposition of certain retained assets and payment of certain retained liabilities as

provided for under the Modified Plan, and the eventual closing of these chapter 11 cases.

5.       This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and

1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

6.       The statutory predicates for the relief requested herein are sections 502(b) of the

Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

---

[1]    Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

3

B.    Bar Date, Proofs Of Claim, And Omnibus Claims Objections

7.    On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b),

501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)

Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice

Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order

established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or

wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"),

against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such

Claim.

8.    On or prior to April 20, 2006, Kurtzman Carson Consultants LLC

("KCC"), the claims and noticing agent in these cases, provided notice of the Bar Date by

mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a

proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets

and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 and

subsequently amended (collectively, the "Schedules and Statements")[2] and (b) the persons and

entities included in the notice database compiled by the Debtors, but not listed on any of the

Schedules and Statements.  In total, the Debtors provided Bar Date Notices to more than 500,000

persons and entities.

9.    In addition, the Debtors published the Bar Date Notice in more than two

dozen newspapers throughout the country and abroad[3] and also published it electronically by

---

[2]    The Schedules and Statement were amended on February 1, 2006, April 18, 2006, October 12, 2007, January
17, 2008, and October 10, 2008.

[3]    Specifically, notice was published in the New York Times (National Edition), the Wall Street Journal (National,
European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), the
*(cont'd)*

posting on the then-current Delphi Legal Information Website, www.delphidocket.com, on or before April 24, 2006.

10.    Approximately 16,800 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases.  Since September 2006 the Debtors filed 35 omnibus Claims objections to Claims asserting prepetition liabilities.  Since the Effective Date, the Reorganized Debtors filed one omnibus Claims objection to Claims asserting prepetition liabilities against the Debtors and one omnibus Claims objection to Claims asserting administrative expense liabilities against the Debtors.[4]  Pursuant to these omnibus Claims objections, this Court has disallowed and expunged approximately 10,700 Claims and modified approximately 4,200 Claims.  In addition, the hearings with respect to 222 Claims have been adjourned pursuant to the Claims Objection Procedures Order (as defined below).

11.    On October 31, 2006, the Debtors filed a Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among other things, to approve certain procedures for contested claim objections (the "Claims Objection

_____
*(cont'd from previous page)*
Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News, the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the Fitzgerald Herald Leader, the Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News, the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader, the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the Sandusky Register, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and The Vindicator.

[4]    Contemporaneously with the filing of this Thirty-Eighth Omnibus Claims Objection, the Reorganized Debtors are filing a second omnibus claims objection to claims asserting administrative expense liabilities against the Debtors.

Procedures Motion").  On December 7, 2006, this Court entered an order granting the Claims

Objection Procedures Motion (Docket No. 6089) (the "Claims Objection Procedures Order").

        12.     On November 30, 2007, the  Debtors filed a Motion Under New

Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) For Order Authorizing  Debtors To Continue

Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I)

Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 11187) (the "Supplemental Claims Objection

Procedures Motion").  In that motion, the Debtors requested this Court, among other things, to

authorize the Debtors to continue certain of their current practices and procedures for filing and

serving notice of omnibus Claims objections pursuant to the Claims Objection Procedures Order,

including omnibus Claims objections to more than 100 Claims.  By order entered December 20,

2007, this Court granted the Supplemental Claims Objection Procedures Motion (Docket No.

11561).

        13.     Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6.

        14.     In this Objection, the Reorganized Debtors are objecting to 57 Proofs of

Claim, all of which are set forth by Claimant in alphabetical order on <u>Exhibit H</u> hereto and cross-

referenced by proof of claim number and basis of objection.  <u>Exhibit G</u> hereto sets for the formal

name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit F</u>

hereto.

<u>Relief Requested</u>

15.    By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and

expunging the Claims (a) set forth on <u>Exhibit A</u> hereto because they were filed by holders of

Delphi Corporation common stock solely on account of such holders stock holdings (b) set forth

on <u>Exhibit B</u> hereto because they assert liabilities and dollar amounts that are not reflected on the

Reorganized Debtors' books and records,[5] (c) set forth on <u>Exhibit C</u> hereto because they were

untimely filed pursuant to the Bar Date Order, (d) set forth on <u>Exhibit D</u> hereto because they

assert liabilities owing in connection with the Debtors' pension plans and other benefits programs

and the Debtors are not liable for such Claims, and (e) set forth on <u>Exhibit E</u> hereto because they

were asserted by individual current or former employees of the Debtors for workers'

compensation benefits not reflected on the Debtors' books and records.

16.    Second, the Reorganized Debtors seek entry of an order pursuant to

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and/or allowing

the Claims set forth on <u>Exhibit F</u> hereto because either the proposed allowed amount and class

and the Debtor against which the claim is proposed to be allowed matches the Reorganized

Debtors' books and records or the proposed allowance constitutes a reasonable compromise.

<u>Objections To Claims</u>

C.    <u>Equity Interests</u>

17.    During their review of the Proofs of Claim, the Reorganized Debtors

determined that certain Claims filed against the Debtors represent proofs of interest that were

---

[5]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

filed by or on behalf of holders of common stock in Delphi Corporation (the "Equity Interests").

The Debtors caused KCC to serve notice of the Bar Date on holders of Delphi Corporation

common stock to ensure that holders of stock who wished to assert Claims against any of the

Debtors that were not based solely upon their ownership of Delphi common stock would be

afforded the opportunity to file such Claims in these chapter 11 cases.

18.    The ownership of Delphi Corporation common stock constitutes an equity

interest in Delphi Corporation, but does not constitute a "claim" against the Debtors as such term

is defined in section 101(5) of the Bankruptcy Code.  Furthermore, as set forth in the Bar Date

Notice that was approved by this Court, creditors and equity holders were notified that they were

not required to file proofs of claim based exclusively on ownership interests in Delphi

Corporation common stock.[6]

19.    In addition, pursuant to section 1141(d) of the Bankruptcy Code, the

distributions and rights that are provided in the Modified Plan are in complete satisfaction,

discharge, and release of, among other things, interests in Delphi Corporation whether or not a

proof of claim based upon such interest is filed.  Finally, the Modification Approval Order is a

judicial determination of the discharge of all interests in the Debtors.

---

[6]    The Bar Date Order provides, in relevant part:

Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

*    *    *

(h)  Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

20.    Identified on <u>Exhibit A</u> are Equity Interests that the Reorganized Debtors have identified as representing solely a proof of interest in the Debtors. The Reorganized Debtors therefore seek to have these Claims reclassified as an interest and be disallowed and expunged.

21.    Accordingly, the Reorganized Debtors (a) object to the Equity Interests and (b) seek entry of an order disallowing and expunging the Equity Interests in their entirety.

D.    <u>Books And Records Claims</u>

22.    During their Claims review, the Reorganized Debtors determined that certain Proofs of Claim assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims"). Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Debtors.

23.    A Claimant's proof of claim is entitled to the presumption of <u>prima facie</u> validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" <u>In re WorldCom, Inc.,</u> No. 02-13533, 2005 WL 3832065, at *4 (quoting <u>In re Allegheny Int'l, Inc.,</u> 954 F.2d 167, 173-74). Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'" <u>Id.</u>

24.    Set forth on <u>Exhibit B</u> hereto are the Books And Records Claims that the Reorganized Debtors have identified as Claims for which the Debtors are not liable and should be disallowed and expunged. If this Court does not disallow and expunge any of the Books And Records Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Books And Records Claims at a later date on any basis whatsoever.

25.    Accordingly, the Reorganized Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

E.    Untimely Claims

26.    Although the Bar Date passed more than three years ago, various parties have continued to file Proofs of Claim in these chapter 11 cases.  During their Claims review, the Reorganized Debtors have determined that certain Proofs of Claim were received by the Debtors after the Bar Date (the "Untimely Claims").  The Reorganized Debtors object to the Untimely Claims because they were not timely filed pursuant to the Bar Date Order.  The Untimely Claims are identified on Exhibit C hereto.  Accordingly, the Reorganized Debtors (a) object to the Untimely Claims and (b) seek entry of an order disallowing and expunging the Untimely Claims in their entirety.

F.    Pension, Benefit, And OPEB Claims

27.    During their Claims review, the Reorganized Debtors also determined that certain Proofs of Claim assert liabilities or dollar amounts in connection with pension plans, employee benefit programs, and/or post-retirement benefit programs (the "Pension, Benefit, And OPEB Claims") that are not owing by the Debtors.  Accordingly, the Reorganized Debtors believe that the parties asserting Pension, Benefit, And OPEB Claims are not creditors of the Debtors.

28.    Pension Liabilities.  First, certain Proofs of Claim assert liabilities or dollar amounts in connection with the following pension plans:  the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect

Non-Bargaining Retirement Plan (together, the "Pension Plans").  Each of these Pension Plans is

a single employer, defined benefit plan covered by Title IV of Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq.  Such Claims are not

enforceable against the Debtors or property of the Debtors for the purposes of section 502(b)(1)

of the Bankruptcy Code because the Pension Plans are separate legal entities distinct from the

Debtors' estates.  See In re Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992)

(holding that defined benefit pension plan and trust holding assets of plan are separate and

distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors'

bankruptcy estate").  The Pension Plans – not the Debtors – are obligated to pay benefits to

Pension Plan participants, so any Claims arising from the Pension Plans must be asserted against

the Pension Plans rather than the Debtors.

       29.     In addition, to the extent that any of the Pension Plans is terminated, under

ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against

employers for pension plan underfunding and participants have no right to make claims against

their employers for benefits under terminated plans.  See 29 U.S.C. § 1362; see also United

Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of

Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In

re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

       30.     Benefit Liabilities.  Second, certain Proofs of Claim assert liabilities or

dollar amounts in connection with employee benefits, including but not limited to commissions,

vacation, sick leave, and/or employee benefit contributions that are not owing by the Debtors

because such liabilities have been satisfied pursuant to the Order Under 11 U.S.C. §§ 105(a), 363,

507, 1107, And 1108 (i) Authorizing Debtors To Pay Prepetition Wages And Salaries To

11

Employees And Independent Contractors; (ii) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In the Ordinary Course; And (iii) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations, entered October 13, 2005 (Docket No. 198).

31.    OPEB Liabilities.  Third, certain Proofs of Claim assert liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees and their surviving spouses that are not owing by the Debtors because Salaried OPEB is terminable at will and does not give rise to a right to payment or (b) on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their surviving spouses that are not owing by the Debtors because the Hourly OPEB was discontinued by agreement with the certain of Delphi's labor unions (the "Hourly OPEB Liabilities," together with Salaried OPEB Liabilities, the "OPEB Liabilities").

32.    This Court has previously determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[7]

---

[7]    "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

33.     Accordingly, the cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment."  See, e.g., In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable); In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever).

34.     Set forth on Exhibit D hereto are the Pension, Benefit, And OPEB Claims asserting liabilities or dollar amounts in connection with pension plans, employee benefit plans, and/or post-retirement benefit plans which the Reorganized Debtors have identified as Claims for which the Debtors are not liable and should be disallowed and expunged.  If this Court does not disallow and expunge the Pension, Benefit, And OPEB Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension, Benefit, And OPEB Claims at a later date on any basis whatsoever.

35.     Accordingly, the Reorganized Debtors (a) object to the Pension, Benefit, And OPEB Claims and (b) seek entry of an order disallowing and expunging the Pension, Benefit And OPEB Claims in their entirety.

G.     Workers' Compensation Claims

36.     During their Claims review, the Reorganized Debtors determined that certain Proofs of Claim that were filed by individual current or former employees for workers' compensation benefits asserted liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims").  Accordingly,

13

the Reorganized Debtors believe that the parties asserting Workers' Compensation Claims are not creditors of the Debtors.

37.    A Claimant's proof of claim is entitled to the presumption of <u>prima facie</u> validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'" <u>WorldCom</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting <u>Allegheny Int'l, Inc.</u>, 954 F.2d at 173-74)). Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'" <u>Id</u>.

38.    Set forth on <u>Exhibit E</u> hereto is a list of Workers' Compensation Claims that the Reorganized Debtors have identified as Claims for which the Debtors are not liable and should be disallowed and expunged.  If this Court does not disallow and expunge these Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Workers' Compensation Claims at a later date on any basis whatsoever.

39.    Accordingly, the Reorganized Debtors (a) object to the Workers' Compensation Claims and (b) seek entry of an order disallowing and expunging the Workers' Compensation Claims in their entirety.

H.    <u>Allowed Claims</u>

40.    The Reorganized Debtors have reached settlements in principle with the holders of certain Proofs of Claim.  In addition, the Reorganized Debtors propose to allow certain Claims in amounts and class and against the Debtor that either are reflected in the Reorganized Debtors' books and records or constitute, in the Reorganized Debtors' business judgment, a reasonable compromise. (together with the settled Claims, the "Allowed Claims").  Accordingly, the Reorganized Debtors seek to have each of the Allowed Claims, certain of

which have been modified pursuant to prior orders entered by this Court, be modified and allowed as set forth on Exhibit F.

41.     Set forth on Exhibit F are the Claims that the Reorganized Debtors have identified as the Allowed Claims.  The Reorganized Debtors are authorized to seek allowance of each of the Allowed Claims pursuant to articles 9.6(a) and 11 of the Modified Plan.  Accordingly, the Reorganized Debtors seek entry of an order modifying and allowing the Allowed Claims and request that each such Claim be revised to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit F.  With respect to each of the Allowed Claims, the Reorganized Debtors request that allowance be conditioned upon the entry of an order by this Court providing that all responses filed by Claimants to prior omnibus claims objections with respect to such Allowed Claims be deemed withdrawn.

<u>Separate Contested Matters</u>

42.     Pursuant to the Claims Objection Procedures Order, to the extent that a response is filed with respect to any Claim listed in this Thirty-Eighth Omnibus Claims Objection, each such Claim and the objection to such Claim asserted in this Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Pursuant to the Claims Objection Procedures Order, any order entered by this Court with respect to an objection asserted in this Thirty-Eighth Omnibus Claims Objection will be deemed a separate order with respect to each Claim.

<u>Reservation Of Rights</u>

43.     The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Thirty-Eighth Omnibus Claims Objection and to file additional objections to any other Claims (filed or not) which may be asserted against the Debtors, including without

15

limitation the right to object to any Claim not objected to in this Objection on the basis that it has

been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection

stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on

other stated grounds or on any other grounds that the Reorganized Debtors discover.  In addition,

the Reorganized Debtors reserve the right to seek further reduction of any Claim to the extent

that such Claim has been paid.

Responses To Objections

44.    Responses to this Thirty-Eighth Omnibus Claims Objection are governed

by the provisions of the Claims Objection Procedures Order.  The following summarizes the

provisions of that Order, but is qualified in all respects by the express terms thereof.

I.    Filing And Service Of Responses

45.    To contest an objection, responses (each, a "Response"), if any, to this

Thirty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal

Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New

York, and the Claims Objection Procedures Order, (c) be filed with this Court in accordance with

General Order M-242 (as amended) – registered users of this Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format),

(d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas

Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH

Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to

the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive,

16

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in

each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on December**

**3, 2009**.

J.      Contents Of Responses

46.     Every Response to this Thirty-Eighth Omnibus Claims Objection must

contain at a minimum the following:

(a)     the title of the claims objection to which the Response is directed;

(b)     the name of the Claimant and a brief description of the basis for
the amount of the Claim;

(c)     a concise statement setting forth the reasons why the Claim should
not be disallowed and expunged, including, but not limited to, the
specific factual and legal bases upon which the Claimant will rely
in opposing the claims objection;

(d)     unless already set forth in the Proof of Claim previously filed with
this Court, documentation sufficient to establish a prima facie right
to payment; provided, however, that the Claimant need not
disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the
Claimant must disclose to the Reorganized Debtors all information
and provide copies of all documents that the Claimant believes to
be confidential, proprietary, or otherwise protected and upon which
the Claimant intends to rely in support of its Claim, subject to
appropriate confidentiality constraints;

(e)     to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that the Claimant believes would be the
allowable amount of such Claim upon liquidation of the Claim or
occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any
reply to the Response, if different from the address(es) presented in
the claim.

K.      Timely Response Required

47.     If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the hearing on the relevant Claims covered by the Response will be

17

adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on December 10, 2009 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Thirty-Eighth Omnibus Claims Objection.

48.     Pursuant to the Claims Objection Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court.  If a Claimant whose Proof of Claim is subject to this Thirty-Eighth Omnibus Claims Objection and who is served with this Thirty-Eighth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Claim consistent with the relief sought in this Thirty-Eighth Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Reorganized Debtors may seek disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Objection Procedures Order.

Replies To Responses

49.     Replies to any Responses will be governed by the Claims Objection Procedures Order.

18

### Service Of Thirty-Eighth Omnibus Claims Objection Order

50.     Service of any order with regard to this Thirty-Eighth Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

### Further Information

51.     Questions about this Thirty-Eighth Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to the KCC at 1-888-249-2691 or www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims.

### Notice

52.     Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 26, 2009 (Docket No. 18839).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

53.    Pursuant to the Claims Objection Procedures Order, the Reorganized Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to this Thirty-Eighth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A, B, C, D, and E is attached hereto as Exhibit I.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit F is attached hereto as Exhibit J.  Claimants will receive a copy of this Thirty-Eighth Omnibus Claims Objection without Exhibits A through J hereto.  Claimants will nonetheless be able to review Exhibits A through J hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          November 6, 2009

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:    /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr.
       John K. Lyons
       Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors