# Exhibit J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :

      In re                                      :          Chapter 11
                                                  :

DPH HOLDINGS CORP. et al.,         :          Case No. 05-44481 (RDD)
                                                  :

        Reorganized Debtors.        :          (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:

       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the Reorganized Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of claim, the Reorganized Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be (a) disallowed and expunged, (b) allowed, or (c) modified and allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (the "Thirty-Eighth Omnibus Claims Objection"), dated November 6, 2009, a copy of which is enclosed (without exhibits). The Reorganized Debtors' Thirty-Eighth Omnibus Claims Objection is set for hearing on December 10, 2009 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 3, 2009. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Thirty-Eighth Omnibus Claims Objection identifies six different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Equity Interest" are Claims based on ownership of Delphi Corporation common stock, which constitutes an equity interest in Delphi Corporation, but does not constitute a claim against the Debtors or the Reorganized Debtors.

Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

Claims identified as having a Basis For Objection of "Pension, Benefit, And OPEB Claims" are those Claims for which the Debtors or the Reorganized Debtors are not liable.

Claims identified as having a Basis For Objection of "Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits that asserted liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.

Claims identified as having a Basis For Objection of "Allowed Claim" are Claims that assert liabilities that the Reorganized Debtors propose to allow either because the proposed allowed amount and class and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a compromise that is, in the Reorganized Debtors' business judgment, in the best interests of the Reorganized Debtors.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

If you wish to view the complete exhibits to the Thirty-Eighth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Thirty-Eighth Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Thirty-Eighth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on December 3, 2009. Your Response, if any, to the Thirty-Eighth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Thirty-Eighth Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the

3

contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

      If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the December 10, 2009 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on December 10, 2009 at 10:00 a.m. (prevailing Eastern time).

      IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Reorganized Debtors.

                                                                 [Claimant Name]
                                                                 [Address 1]
                                                                 [Address 2] [Address 3]
                                                                 [City], [State] [Zip]
                                                                 [Country]

Dated:  New York, New York
          November 6, 2009