**Hearing Date And Time: December 10, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: December 3, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ - x
                                 :
   In re                         :   Chapter 11
                                 :
DPH HOLDINGS CORP., et al.,      :   Case No. 05-44481 (RDD)
                                 :
                                 :   (Jointly Administered)
        Reorganized Debtors.     :
------------------------------ - x

REORGANIZED DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION PURSUANT
TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN
ADMINISTRATIVE EXPENSE (I) WORKERS' COMPENSATION CLAIMS,
(II) WORKERS' COMPENSATION CLAIMS TRANSFERRED TO GM BUYERS,
AND (III) SEVERANCE CLAIMS

("THIRTY-NINTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit this Thirty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To GM Buyers, And (III) Severance Claims (the "Thirty-Ninth Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

Background

A.      The Chapter 11 Filings

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.      On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No.14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

2

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. This Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

        4.      On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date[1] occurred, and the transactions under the Master Disposition Agreement and related agreements closed. In connection therewith, DIP Holdco LLP (subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of DIP Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited liability company, and Steering Solutions Services Corporation, a Delaware corporation, acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively. The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration, including, without limitation, the disposition of certain retained assets and payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of these chapter 11 cases.

        5.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

        6.      The statutory predicates for the relief requested herein are sections 503(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified Plan.

3

B.        <u>Administrative Claims Bar Dates</u>

            7.        Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative expense under section 503(b)(1) of the Bankruptcy (each, an "Administrative Claim") for the period from the commencement of these cases through June 1, 2009.[2]  On or before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11 cases, and Financial Balloting Group LLC, the noticing and voting agent in these chapter 11 cases, or their agents to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an Administrative Claim.

            8.        In addition, Articles 1.5 and 10.5 of the Modified Plan establish 30 days after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

---

[2]    On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

4

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date was October 6, 2009, the Post-Emergence Bar Date is November 5, 2009.  On or before October 6, 2009, in accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all parties identifying themselves as creditors of the Reorganized Debtors, as well as those holding equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice described, among other things, the procedures for asserting an Administrative Claim arising between June 1, 2009 and the Effective Date.

9. On or before June 22, 2009, the Debtors published the notice of the July 15 Bar Date in the <u>Detroit News & Free Press</u>, the <u>New York Times</u> (National Edition), the <u>Wall Street Journal</u> (National, Europe, and Asian Editions), and <u>USA Today</u> (Worldwide Edition) and electronically through posting on the then-current Delphi Legal Information Website.

10. As of the Post-Emergence Bar Date, 2,723 proofs of administrative expense (the "Proofs of Administrative Expense") have been filed against the Reorganized Debtors in these cases.  This number does not include the Administrative Claims filed on or around the Post-Emergence Bar Date.

11. On July 31, 2009, the Debtors filed a Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the Debtors requested that certain claims objection procedures set forth in the Order

---

[3] Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of Article 10.3 of the Modified Plan.

5

Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims entered by this Court on December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of Administrative Claims.  On October 22, 2009, this Court entered an order granting the Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").

        12.       Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6.

        13.       In this Objection, the Reorganized Debtors are objecting to 550 Proofs of Administrative Expense, all of which are set forth by Claimant in alphabetical order on <u>Exhibit D</u> hereto and cross-referenced by proof of administrative expense number and basis of objection.[4]

<u>Relief Requested</u>

        14.       By this Objection, the Reorganized Debtors seek entry of an order pursuant to section 503(b) of the Bankruptcy Code and rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") allowing and expunging the Administrative Claims (a) set forth on <u>Exhibit A</u> hereto because they were asserted by individual current or former employees of the Debtors for workers' compensation benefits not reflected on the

---

[4] The first omnibus objection to administrative expense claims, which was filed October 15, 2009 (Docket No. 18984), is scheduled to be heard at the November 18, 2009 omnibus hearing.  This is the second omnibus objection to administrative expense claims.

6

Reorganized Debtors' books and records,[5] (b) set forth on <u>Exhibit B</u> hereto because they were asserted by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement, and (c) filed by former employees asserting liabilities for severance payments set forth on <u>Exhibit C</u> hereto because the holders of such Administrative Claims have been paid their severance in full.

Objections To Claims

C.    <u>Workers' Compensation Claims</u>

15.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims were filed by individual current or former employees for workers' compensation benefits that assert liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims"). Accordingly, the Reorganized Debtors believe that the individuals asserting Workers' Compensation Claims are not creditors of the Debtors.

16.    The burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that the allowance of the Administrative Claim is justified. <u>See</u> <u>In re United States Lines, Inc.</u>, 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); <u>In re National Steel Corp. et al.</u>, 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); <u>Solow v. American Airlines</u> (In re Midway Airlines), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); <u>In re Alumni Hotel Corp.</u>, 203 B.R. 624, 630 (Bankr. E.D. Mich. 1996). Because holders of Workers' Compensation Claims have failed to do this, their Workers' Compensation Claims should be disallowed and expunged.

---

[5]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

17. Set forth on <u>Exhibit A</u> hereto is a list of the Workers' Compensation Claims that the Reorganized Debtors have identified as Administrative Claims for which the Debtors are not liable and should be disallowed and expunged. If this Court does not disallow and expunge any of the Workers' Compensation Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Workers' Compensation Claims at a later date on any basis whatsoever.

18. Accordingly, the Reorganized Debtors (a) object to the Workers' Compensation Claims and (b) seek entry of an order disallowing and expunging the Workers' Compensation Claims in their entirety.

D.  <u>Workers' Compensation Claims Transferred To GM Buyers</u>

19. During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims were filed by individual current or former employees for workers' compensation benefits that assert liabilities that have been assumed by the GM Buyers pursuant to the Master Disposition Agreement (the "Workers' Compensation Claims Transferred To GM Buyers"). Accordingly, the Reorganized Debtors believe that the individuals asserting Workers' Compensation Claims Transferred To GM Buyers are not creditors of the Debtors.

20. Pursuant to section 2.2.1 and schedule 1.1.A of the Master Disposition Agreement, the GM Buyers assumed, among other things, certain "Assumed Administrative Liabilities" with respect to the assets that the GM Buyers acquired under the Master Disposition Agreement. Such assumed liabilities include, among other things, short-term and long-term workers' compensation claims asserted by employees who become Transferred U.S. Hourly Employees or Transferred U.S. Salaried Employers (as such terms are defined in the Master Disposition Agreement) of the GM Buyers. The GM Buyers – not the Reorganized Debtors –

8

are responsible for the liabilities asserted in the Workers' Compensation Claims Transferred To GM Buyers.

21. Set forth on <u>Exhibit B</u> is a list of the Workers' Compensation Claims Transferred To GM Buyers for which the Debtors are not liable and should be disallowed and expunged. If this Court does not disallow and expunge any of the Workers' Compensation Claims Transferred To GM Buyers in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Workers' Compensation Claims Transferred To GM Buyers at a later date on any basis whatsoever.

22. Accordingly, the Reorganized Debtors (a) object to the Workers' Compensation Claims Transferred To GM Buyers and (b) seek entry of an order disallowing and expunging the Workers' Compensation Claims Transferred To GM Buyers in their entirety.

E. <u>Severance Claims</u>

23. During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts for severance benefits that are not owing pursuant to the Reorganized Debtors' books and records because such Administrative Claims were fully satisfied by severance payments already made (the "Severance Claims"). These payments were offered to employees terminated after October 8, 2005 and were fully paid either over time or in a single lump sum payment. Accordingly, the Reorganized Debtors believe that the parties asserting Severance Claims are not creditors of the Debtors.

24. Set forth on <u>Exhibit C</u> hereto is a list of the Severance Claims that the Reorganized Debtors have identified as Claims for which the Debtors are no longer liable and should be disallowed and expunged. If this Court does not disallow and expunge any of the B

9

Severance Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Severance Claims at a later date on any basis whatsoever.

25.   Accordingly, the Reorganized Debtors (a) object to the Severance Claims and (b) seek entry of an order disallowing and expunging the Severance Claims in their entirety.

<u>Separate Contested Matters</u>

26.   Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, to the extent that a response is filed with respect to any Administrative Claim identified in this Thirty-Ninth Omnibus Claims Objection and the Reorganized Debtors are unable to resolve the response prior to the hearing on this Objection, each such Administrative Claim and the objection to such Administrative Claim asserted in this Objection will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, any order entered by this Court with respect to an objection asserted in this Objection will be deemed a separate order with respect to each Administrative Claim.

<u>Reservation Of Rights</u>

27.   The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Thirty-Ninth Omnibus Claims Objection and to file additional objections to any other Claims (filed or not) which may be asserted against the Reorganized Debtors, including without limitation the right to object to any Claim not subject to this Objection on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated grounds or on any other grounds that the Reorganized Debtors may discover.  In addition, the Reorganized Debtors reserve the right to seek further reduction of any Administrative Claim to the extent that such Administrative Claim has already been paid.

<u>Responses To Objections</u>

28.     Responses to this Thirty-Ninth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.  The following summarizes the provisions of the Claims Objection Procedures Order, but is qualified in all respects by the express terms thereof.

F.     <u>Filing And Service Of Responses</u>

29.     To contest an objection, responses (each, a "Response"), if any, to the Thirty-Ninth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 26, 2009 (Docket No. 18839) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of the this Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH

Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on December 3, 2009**.

G. Contents Of Responses

    30.  Every Response to this Thirty-Ninth Omnibus Claims Objection must contain at a minimum the following:

  (a)  the title of the claims objection to which the Response is directed;

  (b)  the name of the claimant and a brief description of the basis for the amount of the Administrative Claim;

  (c)  a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

  (d)  unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

  (e)  to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

  (f)  the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

H. <u>Timely Response Required</u>

  31. If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Administrative Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order. With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on December 10, 2009 at 10:00 a.m. (prevailing Eastern time). The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Thirty-Ninth Omnibus Claims Objection.

  32. <u>Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court. If a claimant whose Proof of Administrative Expense is subject to the Thirty-Ninth Omnibus Claims Objection and who is served with this Thirty-Ninth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Thirty-Ninth Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.</u>

Further Information

  33. Questions about this Thirty-Ninth Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder

should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Administrative Claim should be directed to the Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com.  <u>Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative Claims.</u>

<u>Notice</u>

34.     Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 26, 2009 (Docket No. 18839).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

35.     The Reorganized Debtors will provide each claimant whose Proof of Administrative Expense is subject to an objection pursuant to this Thirty-Ninth Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the claimant's Proof of Administrative Expense that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibits</u> <u>A</u>, <u>B</u>, and <u>C</u> is attached hereto as <u>Exhibit E</u>.  Claimants will receive a copy of this Thirty-Ninth Omnibus Claims Objection

05-44481-rdd    Doc 19045    Filed 11/06/09    Entered 11/06/09 19:58:54    Main Document
Pg 15 of 16

without Exhibits A through E hereto. Claimants will nonetheless be able to review Exhibits A through E hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com). In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
November 6, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By:  /s/ John Wm. Butler, Jr.
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

        By:  /s/ Kayalyn A. Marafioti
            Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors