CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Kelly M. Conlan
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
*Attorneys for Connecticut General Life
Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
:                Chapter 11
In re                                            :
:                Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,     :
:                (Jointly Administered)
Debtors.      :
---------------------------------------------------x   Re: D.I. 18984

### CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN (I) PREPETITION CLAIMS, (II) EQUITY INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION, BENEFIT, AND OPEB CLAIMS, AND (VII) DUPLICATE CLAIMS

Connecticut General Life Insurance Company ("CGLIC"), by and through its undersigned counsel, hereby responds in opposition to the *Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, and OPEB Claims, and (VII) Duplicate Claims* [D.I. 18984] ("Claim Objection"), as follows:

1.      On or about July 14, 2009, CGLIC timely filed two (2) administrative expense proofs of claim ("Claims") in the above-captioned debtors' ("Reorganized Debtors") chapter 11 bankruptcy cases.

2. On or about October 15, 2009, the Reorganized Debtors filed the Claims Objection. Through the Claim Objection, the Reorganized Debtors seek to "disallow and expunge" the Claims because they "assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records."[1] Claims Objection, ¶ 14.

3. CGLIC objects to the Reorganized Debtors' request to expunge the Claims.

4. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *See In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993); *see also In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (The objecting party must "go forward and produce sufficient evidence to rebut the claimant's *prima facie* case."). To overcome this presumed validity, the Reorganized Debtors must present evidence that, if believed, would refute "at least one of the allegations that is essential to the claim's legal sufficiency." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (quoting *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).

5. CGLIC timely filed the Claims and, thus, the Claims serve as prima facie evidence of the validity and the amount of the claims asserted therein. The Reorganized Debtors have not provided any evidence in support of the Claims Objection, only an unsupported assertion that they "are not liable" for the Claims. The Reorganized Debtors cannot refute the

---

[1] In the Claims Objection, the Reorganized Debtors attempt to reserve their rights to further object to the Claims "on any grounds whatsoever." CGLIC objects to this reservation by the Reorganized Debtors. The Claims Objection is a substantive objection, and any further objection to the Claims is prejudicial to CGLIC.

2

validity of the Claims merely by stating that they "have determined" that they are not liable for the Claims. This conclusory statement is not the sort of "sufficient" or "substantial" evidence necessary to overcome the presumption of validity. Accordingly, the Reorganized Debtors' request to expunge the Claims should be denied.

6. Lastly, CGLIC has recently filed two (2) amended administrative proofs of claims ("Amended Claims") as required by the articles 1.5 and 10.5 of the *First Amended Joint Plan of Reorganization*, as modified. Thus, the Amended Claims may moot the relief requested in the Claims Objection as it relates to the Claims.

7. To the extent that this Court does not summarily deny the relief requested in the Claims Objection, CGLIC requests that it be provided with the opportunity to conduct discovery, followed by an evidentiary hearing.

WHEREFORE, CGLIC respectfully requests that the Court deny the relief requested in the Claims Objection with respect to the Claims.

Dated: November 9, 2009

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (DE Bar No. 2795)
Kelly M. Conlan (DE Bar No. 4786)
The Nemours Building
1007 North Orange Street
P.O. Box 2207 (19899)
Wilmington, Delaware 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

*Counsel for Connecticut General Life Insurance Company*

#725992

3