IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DPH HOLDINGS CORP., et al., | § | Case No. 05-44481 |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |

## 1st CHOICE HEATING & COOLING'S RESPONSE TO THE REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN (I) PREPETITION CLAIMS, (II) EQUITY INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION, BENEFIT, AND OPEN CLAIMS, AND (VII) DUPLICATE CLAIMS

1st Choice Heating Cooling ("1st Choice") files this response (the "Response") to *The Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Claims, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, and Open Claims, and (VII) Duplicate Claims* (the "Thirty-Seventh Omnibus Claims Objection") and respectfully represents as follows:

### BACKGROUND

1.  On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliated entities (collectively, the "Debtors") filed a voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtors continue to operate as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed these cases.

6183286.2 28716/116637

2. Prior to the Petition Dates, and after the Petition Dates, 1st Choice supplied Heating Ventilation and Air Conditioning ("HVAC") goods and services to the Debtors.

### THE CLAIM AND THE BASIS FOR OBJECTION

3. 1st Choice has an administrative expense claim against the Debtors pursuant to Bankruptcy Code section 503(b)(1) in the amount of $10,898.55 for HVAC goods and services provided to the Debtors postpetition pursuant to the Debtor's request (the "Claim"). This HVAC mechanical work was to maintain the operations of Debtor's manufacturing facilities in Western Michigan and helped preserve the assets of the estate and continued operations of the Debtor. The Court established July 15, 2009, as the bar date for asserting the Claim.

4. On July 14, 2009, 1st Choice prepared its Administrative Expense Claim Form documenting the Claim (the "Claim Form") to be sent via FedEx, for priority overnight delivery, to the Debtors' noticing agent, Kurtzman Carson Consultants LLC ("KCC"), in accordance with the applicable instructions for filing such claims.

5. On July 14, 2009, at approximately 2:00 p.m. Ms. Secret Washington of Clark Hill PLC ("Clark Hill") prepared the FedEx label and shortly thereafter placed the Administrative Expense Claim Form and additional documents inside a FedEx package and prepared the package for delivery. Ms. Washington delivered the FedEx package to Clark Hill's third party office administrator, Océ Business Services ("Océ"), prior to 5:00 p.m. An affidavit evidencing these facts are attached hereto as Exhibit "A". Océ is responsible for delivering all outgoing mail and packages to the appropriate mailbox or drop box.

6. Despite these facts, KCC did not receive the Claim Form until 9:13 a.m. on July 16, 2009. Confirmation of delivery is attached hereto as Exhibit "B."

6183286.2 28716/116637

7.  On October 15, 2009, the Debtors filed the Thirty-Seventh Omnibus Claims Objection, and objected to the Claim on the grounds that it was untimely.

8.  For the reasons discussed below, 1st Choice respectfully requests that the Court allow the Claim as a timely filed claim.

### THE CLAIM WAS UNTIMELY DUE TO EXCUSABLE NEGLECT

9.  Pursuant to Bankruptcy Rule 9006(b), "when an act is required or allowed to be done at or within a specified period...the court for cause shown may at any time in its discretion (1) ...order the period enlarged... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b).

10. Similarly, Bankruptcy Rule 3003(c)(3) holds that, "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).

11. Determination of whether a creditor qualifies for an extension of time under the excusable neglect provision of Bankruptcy Rule 9006(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 395 (1993); *see also In re Eagle Picher Industries, Inc.*, 131 F.3d 1185, 1188 (6th Cir. 1997); *In re Precision Tool, Die and Machine Co., Inc.*, 347 B.R. 57, 59 (Bankr.W.D. Ky. 2006); *Barry v. Liddle, O'Connor, Finkelstein & Robinson*, 98 F.3d 36, 41, n.1 (2d Cir. 1996); *In re Keene Corp.*, 188 B.R. 903, 910-13 (Bankr. S.D.N.Y. 1995). The determination of whether the late filing of a proof of claim constitutes "excusable neglect" is one that is subject to the discretion of the Bankruptcy Court. Fed. R. Bankr. P. 9006(b); *Barry v. Rothschild & Co. (In re Rothschild Holdings, Inc.)*, 1992 WL 200834, *5 (S.D.N.Y. 1992).

12. The Supreme Court in *Pioneer* set forth four factors for consideration of the "excusable neglect" analysis as follows: (a) the danger of prejudice to the debtor, (b) the length of the delay, (c) the reason for the delay (including whether the delay was within the reasonable control of the movant), and (d) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 385. The purpose of the "excusable neglect" rule is to fulfill the twin goals of providing a chapter 11 debtor with the ability to reorganize while at the same time preventing the forfeiture of a creditor's rights. *Id.* at 389.

13. Courts have often considered these four factors along with several other factors in deciding whether an act constitutes "excusable neglect" under the *Pioneer* analysis. The additional factors include: (a) the size of the claim with respect to the rest of the estate, (b) whether allowing the late claim would have an adverse impact on judicial administration of the case, (c) whether the plan was filed or confirmed with knowledge of the existence of the claim, (d) the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based, and (e) whether allowing the claim would open the floodgates to other similar claims. *In re Keene Corp.*, 188 B.R. 903, 910-13 (Bankr. S.D.N.Y. 1995); *see also Manousoff v. Macy's Northeast, Inc. (In re Macy & Co.)*, 166 B.R. 799, 801 (S.D.N.Y. 1994) (holding that dollar for dollar depletion of resources otherwise available for timely filed claims is not prejudice).

14. A case with a fact scenario analogous to the circumstances at hand is *In re Paine Webber Short Term United States Gov't Income Fund Sec. Litig.*, 1995 U.S. Dist. LEXIS 12029 (S.D.N.Y. Aug. 18, 1995). In *In re Paine Webber*, the Court held that an investor's request to opt out of a class action lawsuit which he unsuccessfully attempted to transmit to the class action attorney on the deadline to be submitted via facsimile, and subsequently sent via overnight

delivery so that it was received the morning after the deadline, was deemed to have been timely filed due to excusable neglect.

15.    The circumstances surrounding this transaction are even more compelling than in *In re Paine Webber*, given that 1st Choice's claim was intended to be delivered to KCC on time. 1st Choice acted in good faith and was diligent in its efforts to file the Claim Form so that it would be received by KCC prior to the Bar Date. The delay was only a matter of hours and was for reasons beyond 1st Choice's and counsel's control. In addition, the Debtors will not be prejudiced by allowance of the Claim, due to the relatively small size of the Claim with respect to the outstanding claims against the Debtors.

## CONCLUSION

WHEREFORE, 1st Choice respectfully requests that this Court enter an order allowing 1st Choice an allowed administrative expense claim in the amount of $10,898.55 and granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**Clark Hill PLC**

Date: November 9, 2009

By: ___Joel D. Applebaum___
Joel D. Applebaum (P36774)
151 S. Old Woodward Ave., Ste 200
Birmingham, MI  48009
japplebaum@clarkhill.com
Phone: (248) 988-5883

**Attorneys for 1st Choice Heating & Cooling, Inc**

6183286.2 28716/116637