PEPPER HAMILTON LLP  
Nina M. Varughese, Esq. (NV 2347)  
3000 Two Logan Square  
Eighteenth and Arch Streets  
Philadelphia, PA 19103-2799  
Telephone: (215) 981-4000  
Facsimile: (215) 981-4750  
E-mail: varughesen@pepperlaw.com

Hrg. Date: Nov. 18, 2009 @ 10:00 a.m. (ET)

- and -

Henry J. Jaffe (DE No. 2987)  
James C. Carignan (DE No. 4230)  
Hercules Plaza, Suite 5100  
1313 Market Street, P.O. Box 1709  
Wilmington, DE 19899-1709  
Telephone: (302) 777-6500  
Facsimile: (302) 421-8390  
E-mail: jaffeh@pepperlaw.com  
       carignanj@pepperlaw.com

Counsel for SKF USA Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | |
| | (Jointly Administered) |
| Debtors. | |
| | **Re: D.I. No. 19020** |

**LIMITED OBJECTION OF SKF USA INC. TO REORGANIZED DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 105 AND FED. R. BANKR. P. 7041 AND 9014 (I) DISMISSING CERTAIN OFF-CALENDAR MOTIONS AND CONTESTED MATTERS AND (II) OVERRULING, WITHDRAWING, OR OTHERWISE DISMISSING OR DEEMING MOOT CERTAIN OBJECTIONS LODGED IN CONNECTION WITH PROCEDURES SET FORTH IN DEBTORS' 2007 SOLICITATION PROCEDURES MOTION, AND REQUEST FOR IMMEDIATE PAYMENT OF OUTSTANDING CURE OBLIGATIONS**

SKF USA Inc. ("SKF") hereby respectfully submits this Limited Objection (the "Limited Objection") to the Reorganized Debtors' Motion For Order Under 11 U.S.C. § 105 And

#11699833 v2

Fed. R. Bankr. P. 7041 And 9014 (i) Dismissing Certain Off-Calendar Motions And Contested Matters And (ii) Overruling, Withdrawing, Or Otherwise Dismissing Or Deeming Moot Certain Objections Lodged In Connection With Procedures Set Forth In Debtors' 2007 Solicitation Procedures Motion (D.I. 19020) (the "Motion"), And Request For Immediate Payment Of Outstanding Cure Obligations, and in connection herewith, SKF respectfully states as follows:

### Background

1. On October 8, 2005 (the "Petition Date") and on October 14, 2005, each of the above-captioned, reorganized debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, SKF and certain of the Debtors entered into multiple purchase orders (collectively, the "Contracts"), pursuant to which SKF would provide certain customized gasket/seal and bearings assemblies and materials for use in certain of Debtors' operations.

3. On January 25, 2008, the Court entered an order confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors And Debtors-In-Possession (the "Plan").

4. On January 29, 2008, Debtors served the cure notices relating to certain purchase orders, alleging that there were no amounts in default with respect to such purchase orders.

5. On February 7, 2008, SKF filed SKF's (i) Objection to Notice Of Cure Amount Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization; (ii) Preliminary Statement Of Cure Amounts With Respect To All Executory Contracts That Have Not Been Previously Assumed; And (iii) Preliminary Request For Administrative Claim (the "February 2008 Cure Objection"). In the February 2008 Cure

-2-

#11699833 v2

Objection, SKF asserted certain pre-petition cure amounts owed under the Contracts, as well as certain post-petition amounts that were then outstanding under the Contracts.

6. On June 16, 2009, the Debtors filed the Modified Plan and the Supplement To First Amended Disclosure Statement With Respect To the Modified Plan (D.I. 17031) (the "Supplement"). Also on June 16, 2009, the Court entered the Order (a)(1) Approving Modifications To The Plan And Related Disclosures And Voting Procedures And (ii) Setting Final Hearing Date To Consider Modifications To the Plan And (b) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (D.I. 17032).

7. On June 9, 2009, Debtors filed the Notice Of Non-Assumption Under The Modified Plan With Respect To Certain Expired Or Terminated Contracts Or Leases Previously Deemed To Be Assumed Or Assumed And Assigned Under Confirmed Plan Of Reorganization (D.I. 17728) (the "Notice of Non-Assumption"), pursuant to which Debtors identified *certain* contracts with SKF affiliate AB SKF (the "Non-Assumed Contracts") as contracts that would not be assumed. (Notice of Non-Assumption, p. 117-120). Specifically, the Non-Assumed Contracts are DO550075896, DO550076083, DO550076233, and DO550034207.

8. However, on July 10, 2009, Debtors also filed the Notice Of Filing Of Notices Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under Modified Plan Of Reorganization (D.I. 18077) (the "Subsequent Cure Notice"), pursuant to which Debtors designated certain SKF contracts *different than* the Non-Assumed Contracts (the "Assumed Contracts"), that Debtors *did* seek to assume and assign and for which the Debtors *expressly acknowledged that pre-petition cure amounts would have to be paid*.

#11699833 v2

9.  Particularly, the Subsequent Cure Notice accurately sets forth the amounts necessary to cure pre-petition defaults under three particular SKF contracts identified in the Subsequent Cure Notice, which pre-petition amounts are, respectively: (i) Contract No. SAG9OI4765 ($0.00); (ii) Contract No. SAG9OI4051 ($0.00); (iii) Contract No. SAG9OI4642 ($4,299.91); and (iv) Contract No. SAG9OI2726 ($83,147.38) (collectively, such amounts are referred to herein as the "Prepetition Cure Amount").

10. SKF objected to the Subsequent Cure Notice (D.I. 18401, and, hereafter, the "July 2009 Cure Objection"), however, because it believed that it did not adequately preserve SKF's right to payment of post-petition amounts that might be owing to SKF as of the effective date of the Debtors' Plan (the "Effective Date"), which is date that the Assumed Contracts were to be (and, in fact, were) assumed and assigned. SKF's July 2009 Cure Objection was resolved by having the Debtors insert language into the relevant order preserving SKF's right to payment of all amounts that might be owing under the Assumed Contracts as of the Effective Date and, in connection with this resolution, SKF filed a Notice of Withdrawal of the July 2009 Cure Objection (D.I. 18838) under which it clearly and unambiguously preserved its right to receive the Prepetition Cure Amount as well as any administrative claims.

11. Throughout these proceedings, SKF has consistently and diligently responded to a dizzying array of notices and deadlines pertaining to administrative claims, proposed assets sales, claims objections, and the assumption and assignment of contracts. SKF timely satisfied all of these applicable multiple deadlines, including, most recently, SKF has submitted separate administrative claims for post-petition claims arising on or before June 1, 2009 and has submitted an additional administrative claim for amounts arising from June 1, 2009 through October 6, 2009 (together, the "Administrative Claims").

12.     On October 29, 2009, Debtors filed the Motion, pursuant to which Debtors seek to expunge SKF's February 2008 Cure Objection, perhaps seeking to prevent SKF from being paid the Prepetition Cure Amount that it is rightfully owed (and which it has still not been paid notwithstanding the fact that these contracts have long-since been assumed and assigned) and perhaps also seeking to limit SKF's right to receive payment in full of its Administrative Claims.

## Limited Objection

13.     In the Motion, Debtors argue that the February 2008 Cure Objection can be expunged because it relates to the Non-Assumed Contracts that were identified in the Notice of Non-Assumption. (Motion, ¶ 19, Exh. B-2).

14.     It is true that the Non-Assumed Contracts were identified in the Notice of Non-Assumption, and that SKF did not protest Debtors' non-assumption of such contracts. As a result, SKF has no objection to having only that portion of its February 2008 Cure Objection be deemed moot that dealt with the Non-Assumed Contracts.

15.     However, the February 2008 Cure Objection also asserted other rights that have been expressly retained by SKF throughout these proceedings and that have not yet been satisfied in full by the Debtors. Particularly, the February 2008 Cure Objection preserves SKF's right to payment of the Prepetition Cure Amount as a result of the Debtors' assumption and assigned of the Assumed Contracts. Similarly, the February 2008 Cure Objection preserves SKF's right to assert future administrative claims and SKF has timely preserved these claims through the filing of its Administrative Claims.

16.     SKF files this Limited Objection to preserve its rights to payment of its unsatisfied Prepetition Cure Amount and any unsatisfied portion of its Administrative Claims, and to clarify that outstanding cure obligations that are owed to SKF relate to Assumed

-5-

#11699833 v2

Contracts, and not to the Non-Assumed Contracts. Any Order granting the Motion should make abundantly clear that: (A) SKF's February 2008 Cure Objection is moot and overruled only to the extent that it deals with the potential assumption of the Non-Assumed Contracts; and (B) nothing in the Order, nor in the Motion itself, will have the effect of overruling, waiving, releasing, dismissing, withdrawing or in any way adversely effecting SKF's right to receive payment of: (i) the Prepetition Cure Amount (which arises under the Assumed Contracts and <u>not</u> under the Non-Assumed Contracts); or (ii) any unsatisfied pre-petition claims or Administrative Claims of SKF against any of the Debtors.

17. Finally, it is high time that SKF and other creditors with assumed executory contracts receive payment of their pre-petition cure amounts – amounts that have been outstanding and unpaid for over four years and that clearly must be paid to them timely under the Plan. The Modified Plan was approved five months ago and, by the time of the hearing on this Motion occurs, well over a month will have passed since the Effective Date and, still, SKF waits to receive its cure payment. The result is that SKF is (and has been) forced to expend substantial legal fees to constantly monitor these proceedings merely to preserve its administrative claims and § 365 rights. SKF should not have to incur these expenses in connection with matters that have long since been substantively resolved. SKF respectfully requests that the Court direct Debtors to pay (or cause to be paid) SKF's Prepetition Cure Amount immediately (and, in any event, not later than ten days) and this relief should be granted to SKF in the order disposing of the Motion.

WHEREFORE, SKF respectfully requests that the Motion be denied, absent inclusion in the form of Order, of language providing that: (A) SKF's February 2008 Cure Objection is moot and overruled only to the extent that it deals with the potential assumption of Non-Assumed Contracts; (B) nothing the Order, nor in the Motion itself, will have the effect of

-6-

#11699833 v2

overruling, waiving, releasing, dismissing, withdrawing or in any way adversely effecting SKF's right to receive payment of: (i) the Prepetition Cure Amount; or (ii) any unsatisfied pre-petition claims or Administrative Claims of SKF against any of the Debtors; (C) the Debtors shall pay or cause to be paid SKF Prepetition Cure Amount no later than ten days after the entry of the Order; and (D). granting such other and further relief as is just and appropriate.

Dated: November 10, 2009

                                    PEPPER HAMILTON LLP

                                    /s/ James C. Carignan
                                    Henry D. Jaffe (DE Bar No. 2987)
                                    James C. Carignan (DE Bar No. 4230)
                                    Hercules Plaza
                                    Suite 5100
                                    1313 Market Street
                                    P.O. Box 1709
                                    Wilmington, DE 19899-1709
                                    (302) 777-6500

                                    *Counsel for SKF USA Inc.*

#11699833 v2