SCHWARTZ, LICHTENBERG LLP
420 LEXINGTON AVENUE, SUITE 2400
NEW YORK, NEW YORK 10170
(212) 389-7818
Barry E. Lichtenberg (BL 9750)
Attorneys for Marybeth Cunningham

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
   In re                                : Chapter 11
                                        :
DELPHI CORPORATION, et al.,             : Case No. 05–44481 (RDD)
                                        :
                       Debtors.         : (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE OF MARYBETH CUNNINGHAM TO
### OBJECTION TO CLAIM NO. 18422

Marybeth Cunningham ("Claimant"), by and through her counsel, respectfully submits this Response Of Marybeth Cunningham To Objection To Claim No. 18422, and states as follows:

1. On July 13, 2009, Claimant filed an Administrative Expense Claim Form asserting an administrative expense claim against Delphi Corporation, now known as DPH Holdings Corp. ("Delphi"), in the amount of $730,842.60 (the "Claim").

2. The Claim has been assigned Claim No. 18422.

3. The Claim relates to benefits to which Claimant is entitled under the "DB SERP" (i.e., Delphi Corporation Supplemental Executive Retirement Program which became effective October 1, 2008), pursuant to the Executive Retirement Agreement (the "Retirement

Agreement"), dated December 16, 2008, by and between Delphi and Claimant.[1] The DB SERP is an unfunded, nonqualified benefit program implemented to provide retirement benefits to eligible retiring salaried executive employees of Delphi.

4. On or about October 15, 2009, Claimant received Delphi's Notice Of Objection To Claim, pursuant to which Delphi notified Claimant that, pursuant to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims ("Thirty-Seventh Omnibus Claims Objection"), Delphi is seeking entry of an order of the Court disallowing and expunging the Claim. Delphi asserts that it is entitled to such relief on the basis that (i) the Claim is for a liability owing in connection with Pension, Benefit, And OPEB Claims (as defined in the Thirty-Seventh Omnibus Claims Objection) and (ii) Delphi is not liable for any Pension, Benefit, And OPEB Claims.

5. There are three categories of Pension, Benefit, And OPEB Claims identified in the Thirty-Seventh Omnibus Claims Objection, as follows:

A. The first category is for claims ("Pension Liabilities") made in connection with single employer, defined benefit pension plans covered by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq. Delphi asserts that the Pension Liabilities are not enforceable against it because such plans are separate legal entities distinct from Delphi and any claims for Pension Liabilities are against the plans, not against Delphi.

---

[1] A copy of the Retirement Agreement was included with the filed Administrative Expense Claim Form and is not being submitted herewith.

        B.    The second category is for claims made in connection with employee benefits, including but not limited to commissions, vacation, sick leave and/or employee benefit contributions (collectively, the "Benefit Liabilities"). Delphi asserts that the Benefit Liabilities are not owing because such have already been satisfied by Delphi.

        C.    The third category is for claims made on account of certain employee benefit plans and programs that provided post-retirement health and life insurance benefits (the "OPEB Liabilities"). Delphi asserts that the OPEB Liabilities are not owing because all such benefit plans and programs were provided on an at will basis and cancellation of a benefit provided on at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no right to payment.

6.    The Claim does not fall into any of the three aforementioned categories. First, the DB SERP is not a defined benefit pension plan covered by ERISA. Thus, the Claim is not a Pension Liability. Second, the Claim is not related to commissions, vacation, sick leave and/or employee benefit contributions. Thus, the Claim is not a Benefit Liability. In addition, unlike the Benefit Liabilities, the Claim has not been paid by Delphi. Finally, the Claim does not relate to any post-retirement health and life insurance benefits and, therefore, is not an OPEB Liability.

7.    Accordingly, the Claim is not a Pension, Benefit, And OPEB Claim. Thus, Delphi has not asserted a valid basis on which it objects to the Claim.

        WHEREFORE, Claimant respectfully requests the Court to enter an order (i) denying the Thirty-Seventh Omnibus Claims Objection as it relates to the Claim, and (ii) allowing the Claim as filed.

Respectfully submitted,

SCHWARTZ, LICHTENBERG, LLP

By: /s/ Barry E. Lichtenberg
  Barry E. Lichtenberg(bl9750)
  420 Lexington Avenue
  Suite 2040
  New York, New York 10170
  (212) 389-7818
  barryster@att.net

Co-Counsel:

JACOB & WEINGARTEN, P.C.
Howard S. Sher
Alan J. Schwartz
2301 W. Big Beaver
Suite 777
Troy, Michigan 48084
248-203-1014
howard@jacobweingarten.com
alan@jacobweingarten.com

*Attorneys for Marybeth Cunningham*