UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                    :
        In re                       :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
---------------------------------------------------x

## RESPONSE TO THIRTY SEVENTH OMNIBUS CLAIMS OBJECTION -RESPONSE TO NOTICE OF OBJECTION OF CLAIM OF ADMINISTRATIVE EXPENSE – CLAIM NO. 19162

### I. Brief Description

Scott A. McBain ("Claimant"), herby provides this Response to Notice of Objection of Claim of Administrative Expense – Claim No. 19162 and renews his claim against Debtors and Reorganized Debtors ("Delphi") for their failure to make payments under the US Executive Recognition and Retention Grant Agreement.

### II. Why the Administrative Claim Should Not Be Expunged or Disallowed

#### A. Facts

Claimant and Delphi entered into a binding contractual agreement, entitled "U.S. Executive Recognition and Retention Grant Agreement" ("the Agreement"), on February 23, 2005 (a copy of which was attached to Claimant's Administrative Expense Claim Form, filed on July 15, 2009).

1

In exchange for Claimant agreeing to remain in the employ of Delphi through March 1, 2008, Delphi agreed to pay Claimant the amount of $15,000, in increments of one-third of the total gross amount on September 1, 2005, March 1, 2006 and September 1, 2006. Delphi paid the first installment of $5,000 to Claimant on or about September 15, 2005.

### B. Delphi Breached the Agreement for Payment for Services Performed

Though Claimant acted in reliance of the Agreement, and fulfilled his obligations under the Agreement by not voluntarily separating or otherwise leaving the employ of Delphi until August 8, 2008, Delphi did not pay Claimant the March 1, 2006 or September 1, 2006 installment. Delphi has never paid Claimant the last two installments, totaling $10,000, before accrued interest.

The Agreement was specific at Paragraph 5 in that it was not intended to alter or supersede the terms and conditions of Claimant's employment or employee benefit plans or programs.

Despite the express terms of the Agreement –as drafted by Delphi – Delphi now takes a contrary position by its Objection in seeking to classify the contractual claim under the Agreement as a Pension, Benefit or OPEB claim.

### C. Administrative Claim not a Pension Claim

Payment under the Agreement is contingent upon employment of Claimant by Delphi, as of March 1, 2008 and not any Pension Plan or Pension Liability, as defined by Delphi in Paragraphs 24 and 25 of the Thirty Seventh Omnibus Objection.

### D. Administrative Claim not a Benefit Claim

Payment under the Agreement is contingent upon services provided by Claimant to Delphi until March 1, 2008, and not any Benefit Liability such as commission, vacation, sick leave and/or employee benefit contributions, as defined by Delphi in Paragraph 26 of the Thirty Seventh Omnibus Objection.

### E. Administrative Claim not an OPEB Claim

Payment under the Agreement was to be provided upon dates certain, contingent upon employment of Claimant by Delphi as of March 1, 2008 and not on account of any employee benefit plan or program that provided post-retirement health and life insurance benefits ("Salaried OPEB"), as defined by Delphi in Paragraph 27 of the Thirty Seventh Omnibus Objection.

## III. Proof of Administrative Expense

Proof of the Agreement was previously provided to the Court with Claimant's Administrative Expense Claim Form, filed on July 15, 2009.

## IV. Amount of Claim

Delphi has failed to pay $10,000 under the Agreement, excluding interest.

## V. Reply to this Response

Return any Reply to this Response to the address appearing on the Administrative Claim Form.

<u>Relief Requested</u>

Claimant respectfully requests that the Debtors Objection of Claim of Administrative Expense – Claim No. 19162, be denied and Claimant's Administrative Expense be allowed.

Date: November 9, 2009

SCOTT A. McBAIN
1613 Black Maple Dr.
Rochester Hills, MI 48309

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
     In re                                      :    Chapter 11
                                                :
DELPHI CORPORATION, et al.,                     :    Case No. 05-44481 (RDD)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
------------------------------------------------x

CERTIFICATE OF SERVICE
RESPONSE TO THIRTY SEVENTH OMNIBUS CLAIMS OBJECTION -NOTICE OF OBJECTION OF CLAIM OF ADMINISTRATIVE EXPENSE – CLAIM NO. 19162

   The undersigned certifies that a copy of the above referenced RESPONSE TO THIRTY SEVENTH OMNIBUSNIBUS CLAIMS OBJECTION -RESPONSE TO NOTICE OF OBJECTION OF CLAIM OF ADMINISTRATIVE EXPENSE – CLAIM NO. 19162, was served upon the parties listed below by FED EX courier, on the date indicated below.

Honorable Robert D. Drain,
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 632
NY, NY 10004

DPH Holdings Corp. (Attn: President)
5725 Delphi Drive
Troy, MI 48098

Skadden, Arps, Slate, Meagher & Flom LLP
(Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton)
155 North Wacker Drive
Chicago, Illinois 60606

I declare that the statement above is true to the best of my knowledge and belief.

Date: November 9, 2009

SCOTT A. McBAIN

5