## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  The parties to this Settlement Agreement and General Release are William Cross ("Cross"), his heirs, successors and assigns, and Delphi Automotive Systems Corporation and its current or former successors, assigns, divisions, parents, related or affiliated companies, officers, directors, shareholders, members, employees, heirs, agents and counsel, including without limitation, General Motors Corporation and any of its divisions, and any and all current or former management and supervisory employees (hereinafter collectively termed "Delphi or "the Released Parties").

2.  Cross acknowledges that he has consulted with his attorneys prior to executing this Settlement Agreement and General Release and that counsel has negotiated on his behalf. Cross further acknowledges that he has had adequate time to read and consider this Settlement Agreement and General Release before executing it (at least 21 days, if needed). Cross acknowledges that he is responsible for any costs and fees resulting from his attorneys reviewing this Settlement Agreement and General Release. Cross agrees that he has carefully read this Settlement Agreement and General Release and knows its contents, and that he signs this Settlement Agreement and General Release voluntarily, with a full understanding of its significance, and intending to be bound by its terms.

3.  As consideration for the promises in this Settlement Agreement and General Release:

    a.  Delphi agrees to:

        i.   rescind the October 16, 1996 termination of Cross' employment;

        ii.  classify Cross as having been on an approved disability leave of absence (for which all disability benefits have already been paid) for the period from October 16, 1996 through May 27, 1997 (for which time period, pursuant to this Agreement, he will accrue credited service); and

        iii. classify Cross as having been on an unpaid personal leave of absence from May 28, 1997 though March 31, 1999 (for which time period Cross will not accrue credited service).

    b.  Delphi also agrees to deliver to the law firm of Traci & Marx, a check in the amount of eighty thousand dollars ($80,000.00), made payable to "Traci & Marx." This check represents Cross' attorneys fees and litigation expenses incurred as a result of this lawsuit and its settlement ("litigation cost payment"). A Form 1099 shall be

provided to Traci & Marx in connection with the litigation cost payment. The check will be delivered to Traci & Marx as soon as practical after receipt of:

    i. the Settlement Agreement and General Release executed by Cross;

    ii. the Court-approved Stipulation and Order of Dismissal With Prejudice which form is attached hereto as Exhibit A; and

    iii. the return of all materials (including all copies thereof) designated as Confidential Material pursuant to the Stipulation and Order of Confidentiality, as amended, on file in this action.

  c. Delphi also agrees not to pursue criminal charges with law enforcement authorities or file a civil action with respect to matters arising out of Cross' employment with Delphi, except as otherwise provided in paragraph 12 below.

4. In exchange for the above consideration, Cross agrees to voluntarily retire from Delphi with 30 years of service (i.e. "30 and out"), effective April 1, 1999 or May 1, 1999, pursuant to the early retirement provisions of the Delphi Retirement Program for Salaried Employees, the time depending on when Cross provides counsel for Delphi with an executed copy of this Settlement Agreement and General Release. If the Agreement is executed and submitted by five o'clock p.m. on March 29, 1999, Cross' retirement will commence effective April 1, 1999. If Cross executes the Agreement and submits it to counsel for Delphi after five o'clock p.m. on March 29, 1999, Cross' retirement will commence effective May 1, 1999. Cross further agrees to execute all necessary paperwork to effectuate the retirement in a timely manner and Cross acknowledges that he has been provided with an "Estimate of Monthly Benefits".

5. In exchange for the above consideration, Cross also agrees to release and discharge forever the Released Parties from all causes of action, claims, demands, costs and expenses for damages which he now has, whether known or unknown, including any and all claims that have been or might have been asserted in *Cross v. General Motors Corporation*, Case No. 4:98-CV-0117, pending in the United States District Court for the Northern District of Ohio, against any and all of the Released Parties on account of his employment with Delphi and/or the termination of his employment with Delphi. This release includes, without limitation, any claim by Cross against the Released Parties for damages resulting from injuries, harassment, mental anguish and emotional distress. This release also includes, but is not limited to, any claim of discrimination on any basis, including age, race, color, national origin, religion, sex, disability or handicap arising under any federal, state, or local statute, ordinance, order or law, including the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, the Americans with Disabilities Act, the Consolidated Omnibus Budget Reconciliation Act, the Employee Retirement Income Security Act, and Ohio Revised Code Section 4112; any and all claims under federal or

state common law including any contract or tort claims; and claims relating to any other issue arising out of Cross's employment or termination of employment with Delphi. Cross agrees that he will never file a lawsuit or other complaint asserting any claim that is released in this Agreement.

6. Cross further agrees that he will not seek employment with Delphi Automotive Systems Corporation, General Motors Corporation or any division thereof at any time in the future, and that to the extent he applies for such employment, the entity will not have any obligations relating thereto.

7. Delphi and Cross agree that Cross may characterize his separation from Delphi as a retirement.

8. Delphi and Cross agree that Delphi shall respond to inquiries from prospective employers with Cross' last job title, date of hire and retirement date only.

9. Cross acknowledges that the above consideration provided by Delphi is given solely in exchange for the promises in this Settlement Agreement and General Release and that such payment does not constitute an admission by the Released Parties of liability or of violation of any applicable law or regulation. Released Parties expressly deny any liability or alleged violation and state that payment has been made solely for the purpose of compromising any and all claims of Cross without the cost and burden of litigation.

10. Cross agrees that this Settlement Agreement and General Release and all of its provisions, terms and conditions are and shall remain confidential and shall not be disclosed to any person not a party hereto under any circumstances, except to (a) his wife, Leslie Cross, who expressly agrees to the terms of this confidentiality provision, and (b) his professional tax advisors, as necessary, all of whom shall be advised of this confidentiality provision and shall agree to its terms as a condition of disclosure.

    a. Upon receipt of any order, subpoena, or other compulsory process which demands, or Cross and/or his attorneys reasonably anticipate will demand, production or disclosure of this Agreement or any term thereof, Cross agrees that he will promptly notify Delphi in writing of the order, subpoena or other compulsory process, including providing Delphi with a copy of any documents reflecting the request for disclosure or anticipated request for disclosure, no later than ten (10) business days prior to the date that such disclosure is to be made or as soon as possible prior to the date disclosure or the anticipated request for disclosure is to be made.

    b. Cross also agrees to instruct his counsel (Attorneys Robert Traci, James Marx and Robert Kokor) not to disclose to any person or entity, including existing or potential clients, any of the terms of this Agreement.

    c.    Further, attorneys Robert Traci, James Marx and Robert Kokor covenant that they will not disclose any information relating to this litigation to third parties as of the date they execute this Agreement, unless otherwise provided for in this Agreement.

    d.    Attorneys Robert Traci and James Marx also agree to instruct, in writing, any expert consulted with respect to any of the terms of this Agreement not to disclose any information relating to this litigation or the resolution thereof to third parties

11. Cross acknowledges that by reason of Cross's position with Delphi, Cross was given access to confidential material or information respecting Delphi's business affairs. Delphi represents that it has held all such information confidential and will continue to do so, and Cross agrees not to disclose or use such information for any third party without the prior written consent of Delphi.

12. Cross agrees that in the event that he breaches his obligations of confidentiality (or any other term of the agreement) that he will forfeit forty thousand dollars ($40,000.00) plus any other damages if proven, with such damages not to include attorneys fees and expenses.

13. Cross agrees that no promises or agreements have been made to him except those contained in this Settlement Agreement and General Release.

14. The validity, interpretation, construction and performance of this Agreement shall be governed by the substantive laws of the State of Ohio, without giving effect to the principles of conflict of laws of such state.

IN WITNESS WHEREOF and intending to be legally bound, Cross and his wife, Leslie Cross, hereby certify that they have read this Agreement in its entirety and have voluntarily executed this Confidential Settlement Agreement and General Release as of the date set forth next to their respective signatures:

_____ 3/29, 1999
William Cross

_____ 3/29, 1999
Leslie Cross

_____ 4/1, 1999
Robert Traci, Esq., Attorney for Plaintiff

_____ 4/1, 1999
James Marx, Esq., Attorney for Plaintiff

_____ 3/29, 1999
Robert Kekor, Esq., Attorney for Plaintiff

_____ 4/12, 1999
Sharon Rae Gross
On behalf of Delphi Automotive Systems Corporation