

**KURTZMAN CARSON CONSULTANTS**

# MEMORANDUM

Date:   November 11, 2009

To:     Court Clerk

From:   Kurtzman Carson

Re:     Delphi Corporation

---

Enclosed please find a Response to the Thirty-Sixth Omnibus Claims Objection that was sent to our office by mistake, to be filed with the court.



RECEIVED
NOV 1 2 2009
U S BANKRUPTCY COURT, SDNY

Kurtzman Carson Consultants LLC  2335 Alaska Avenue El Segundo, California 90245  PHONE 310-823-9000  FAX 310-823-9133  kccllc.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Chapter: 11 |
| Debtors. | |

---

## RESPONSE TO THE THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION TO CLAIM NO. 19543
### Claimants: Jose C. Alfaro and Martha Alfaro

---

Three claims have been filed on behalf of Jose C. Alfaro and Martha Alfaro. The first claim was filed on 7/31/2006 (claim no. 15613) by Attorney Don C. Staab, attached hereto as EXHIBIT 1. Mr. Staab was representing the Alfaros in a personal injury action against Delphi. A second claim was also filed by Mr. Staab on 1/4/2007 (claim no. 16471), attached hereto as EXHIBIT 2. It is believed that this second claim was filed in an attempt to amend the first claim. This claim was fraudulently filed by Mr. Staab. A third claim was filed on 8/10/2009 (claim no. 19543) by the Alfaros, attached hereto as EXHIBIT 3. The Alfaros were attempting to undo the damage done by Mr. Staab.

### Basis of the Alfaro Claim
### Personal Injury Lawsuit

On May 21, 2003, Claimant, Jose Alfaro, was injured while he was a passenger in an automobile driven by Mr. Gorgonia Diaz. Mr. Diaz's vehicle was involved in a collision in Kit Carson County, Colorado. The subject vehicle drove off of the interstate, at which time the automobile's air bags failed to deploy and the seat belts failed to restrain Mr. Alfaro.

As a result of these defective safety devices, Mr. Alfaro sustained severe injuries including multiple facial fractures, severe shoulder injury, multiple rib fractures, a vertebral fracture in his cervical spine, as well as a closed head injury resulting in cognitive dysfunction.

He required multiple surgeries as well as a tracheotomy for prolonged ventilator support following the collision. Claimant Martha Alfaro suffered loss of consortium as a result of the collision.

RECEIVED
NOV 10 2009
KURTZMAN CARSON CONSULTANTS

Although previously submitted, the Complaint filed in the United States District Court (Colorado) was not attached to the Proof of Claim that is the subject of this action. It is attached as EXHIBIT 4.

## Statement of Claim Allowance

The first claim submitted on behalf of the Claimants by their attorney, Don C. Staab, was expunged on 3/27/2007 (claim no. 15613). The basis for this action appears to be that there was a duplicate and amended claim. It is assumed that the amended claim was the one filed in January of 2007 (claim no. 16471). This second claim was expunged on 8/31/2007. The basis for this action appears to be that the claim was classified as an Untimely Books and Records claim.

Finally, on 8/10/2009 a third claim was filed *pro se* (claim no. 19543). The Alfaro's approved the filing of the first claim but did not authorize the amending of their claim. The second claim was fraudulently filed by Mr. Staab.

Mr. Staab approached Mr. and Mrs. Alfaro to obtain authority to reduce claims against Delphi from $1.5 million to $500,000. When Mr. Staab made such request to Mr. and Mrs. Alfaro they refused. Mr. Staab had previously stated that he was confident that he would be able to settle their case for over $1.5 million.

Instead of spending time with the client and presenting why he believed the claim against Delphi should be reduced from $1.5 million to $500,000, Mr. Staab altered and submitted a claim against Delphi. *See* Proof of Claim No. 16471 dated December 25, 2006 against Delphi, attached hereto as EXHIBIT 2. It is apparent from the attached document that the "1" from the $1,500,000 in the July 25, 2006 Proof of Claim No.15613 document was imperfectly whited out and that the date was crudely changed from "07-25-06" to "12-25-06." *See id.*, attached hereto as EXHIBIT 1 and EXHIBIT 2.

Additionally, Mr. Staab sent a letter to the Delphi attorneys that attempts to account for the reduction from $1.5 million to $500,000, stating, "On January 4, 2007, the Alfaro's [sic] replaced their previous claim dated July 25, 2006 for $1,500,000.00 with a claim dated December 25, 2006 for $500,000.00." *See* Letter from Mr. Staab to Delphi attorneys, dated February 20, 2007, attached hereto as EXHIBIT 5.

Mr. Staab's action clearly constitutes fraud and the Alfaros should not be penalized for the wrongful acts of their attorney. It should be noted as well, that the initial claim was timely filed and that the additional claims, including the one that is the subject of this action, were not new claims. Rather, the claims were crude attempts to amend the original filing.

WHEREFORE, Claimants, Jose C. Alfaro and Martha Alfaro, request the Court find that the Proof of Claim form filed August 10, 2009 (claim no. 19543) is valid and the Thirty-Sixth Omnibus Claims Objection is denied. In the alternative Claimants request the Court to reinstate the original Proof of Claim filed 7/31/2006 (claim no. 15613) and determine it to be a valid claim.

DATED: November 5, 2009

By: /s/ Bobby Gerald Sumner
Marc F. Bendinelli
Bobby Gerald Sumner
Bendinelli Law Office, P.C.
Attorney for Debtors
11184 Huron Street, Suite 10
Denver, CO 802347
Phone: (303) 940-9900
Fax: (303) 940-9933

## CERTIFICATE OF SERVICE

There undersigned hereby certifies that a true and correct copy of the above-captioned **RESPONSE TO THE THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION TO CLAIM NO. 19543 Claimants: Jose C. Alfaro and Martha Alfaro** was mailed (X) or hand-delivered ( ) or sent via facsimile transmission( ) [check which box applies] by depositing the same in the United States Postal Service mail, postage prepaid, addressed to the below-named parties.

Dated: November 5, 2009        Signature /s/ Michelle C. Moritz
                                          Michelle C. Moritz, Paralegal

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Suite 2700
Chicago, IL 60606

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Brian S. Masumoto, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-2111

Robert J. Rosenberg, Partner
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834


Delphi Corporation Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Delphi Corporation | Case Number: 05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): **Jose C. Alfaro and Martha Alfaro**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Jose C. and Martha Alfaro
c/o Don C. Staab, Attorney at Law
1301 Oak Street, Hays, KS 67601
Telephone number: 785-628-8517

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #15613
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**Received**
**AUG 11 2006**
Kurtzman Carson

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends a previously filed claim, dated:_____
if this claim

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other **Personal Injury Lawsuit**

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:** May 21, 2003

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,500,000.00 _____ _____ 1,500,000.00
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
JUL 31 2006
CLAIMS PROCESSING CENTER
USBC, SDNY

| Date 7-25-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Jose C. Alfaro and Martha Alfaro  /s/ Jose C. Alfaro  /s/ Martha Alfaro |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up

Exhibit
1

0544481060731000000000644

FORM B10 (Official Form 10) (04/05)    # 16471

| UNITED STATES BANKRUPTCY COURT Southern | DISTRICT OF New York | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Claim #16471
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**Received**

**JAN 08 2007**

**Kurtzman Carson**

THIS SPACE IS FOR COURT USE ONLY

Name of Creditor (The person or other entity to whom the debtor owes money or property): Jose C. Alfaro and Martha Alfaro

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Jose C. and Martha Alfaro
c/o Don C. Staab, Attorney at Law
1301 Oak Street, Hays, KS 67601
Telephone number: 785-628-8517

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here ☒ replaces
if this claim ☐ amends    a previously filed claim, dated: 7-25-06

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other **Personal Injury Lawsuit**
   
   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date)         (date)

2. Date debt was incurred: May 21, 2003
3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 500,000.00                                     500,000.00
   (unsecured)    (secured)    (priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other_____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED JAN - 4 2007 PROCESSING CENTER

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12-25-06 | *Jose C. Alfaro* *Martha Alfaro* Jose C. Alfaro and Martha Alfaro |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit 2**



B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Southern DISTRICT OF New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Delphi Corporation | Case Number: 05-44481 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): Jose C. Alfaro and Martha Alfaro

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Jose C. and Martha Alfaro
c/o Don C. Staab, Attorney at Law
1301 Oak Street, Hays, KS 67601
Telephone number: 785-628-8517

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #19543
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces a previously filed claim, dated:_____
if this claim ☐ amends

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☒ Other **Personal Injury Lawsuit**
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SS #: _____
     Unpaid compensation for services performed
     from _____ to _____
         (date)           (date)

2. Date debt was incurred: **May 21, 2003**
3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ **1,500,000.00** _____ _____ **1,500,000.00**
   (unsecured)   (secured)   (priority)   (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other_____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
AUG 10 2009
KURTZMANCARSONCONSULTANTS

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Jose C. Alfaro and Martha Alfaro |
|---|---|
| 7-25-06 | *Jose C Alfaro* *Martha Alfaro* |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☐ Date Stamped Copy Returned
☒ No self addressed stamped envelope
☐ No copy to return

**Exhibit 3**

0544481090713000000000540

notice of hearings or other official documentation issued by the Bankruptcy Court or the attorneys representing Delphi Corporation be addressed as follows:

Joe C. and Martha Alfaro
304 West 5th Street
Goodland, Ks 67735

If the court prefers, claimants may be e-mailed at: peteagld@yahoo.com.

Dated at Goodland, Ks this ___ day of July, 2009.

Respectfully submitted:

_____
Jose C. Alfaro

_____
Martha Alfaro

AFFIDAVIT OF MAILING

Jose C. and Martha Alfaro hereby certify that a signed copy of the foregoing personal appearance was mailed to:

U.S. Bankruptcy Court
Southern District of New York
1 Bowling Green
New York, New York 10004

on this ___ day of July, 2009.

_____
Jose C. Alfaro

_____
Martha Alfaro

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-MK-645 (BNB)

JOSÉ C. ALFARO, and
MARTHA ALFARO,
Plaintiffs,

v.

GENERAL MOTORS CORPORATION,
HONEYWELL, INC. f/k/a ALLIEDSIGNAL, INC.
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a/ INLAND FISHER GUIDE
JOHN DOE, and JOHN DOE, INC.
Defendants.

4-7-05

## COMPLAINT

Come now Plaintiffs, José C. Alfaro and Martha Alfaro, by their lawyer, Stanley J. Walter, for their Complaint against General Motors Corporation, Honeywell, Inc. f/k/a AlliedSignal, Inc., Delco Electronics Corporation and Delphi Auto Systems f/k/a Inland Fisher Guide, John Doe, and John Doe Inc. allege as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction relative to Plaintiffs' claims against Defendants by virtue of 28 U.S.C. § 1332, in that, there exists complete diversity of citizenship

**Exhibit 4**

between all parties plaintiff and defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this district under 28 U.S.C § 1391 (a) because jurisdiction is founded only on diversity of citizenship and a substantial part of events or omissions giving rise to this claim occurred in this district and all Defendants were subject to personal jurisdiction in this district at the time this action was commenced.

## PARTIES

3. Plaintiffs, José Alfaro and Martha Alfaro, are now, and at all times mentioned were, citizens of the United States of America, and are citizens of the State of Kansas and reside at 304 West 5th St. in Goodland, Kansas.

4. Defendant General Motors Corporation (hereinafter "GMC") is a foreign corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Michigan.

5. Defendant Delco Electronics Corporation (hereinafter Delco) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Indiana.

6. Defendant Delphi Automotive Systems, LLC (hereinafter Delphi) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware

with its principal of business in the state of Michigan, and was formerly known as Inland Fisher Guide.

7.  Defendant Honeywell, Inc. (hereinafter Honeywell) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the state of New Jersey, and was formerly known as AlliedSignals, Inc.

## GENERAL ALLEGATIONS

8.  At all times material hereto, Defendant GMC was registered to do business in this state, and was doing business in this state, and at all times material hereto, on information and belief, Defendants Delco and Delphi were and are subsidiaries of Defendant GMC, and upon information and belief, GMC is the sole distributor of GMC Silverado trucks in America, selling this product to General Motors dealers who, in turn, sell them to the American public.

9.  Defendant GMC designed, manufactured, marketed, warranted and sold in interstate commerce a 2000 Chevrolet Silverado 1500, 4X4, LTD, the vehicle which is the subject of this complaint, VIN 1GCEK19T1YE143024.

10. On information and belief, the automobile in question, and /or its relevant component parts, were designed, manufactured, assembled, constructed, fabricated, inspected, distributed, sold, and/or otherwise produced or prepared, and introduced into the stream of commerce by each of the defendants named in this lawsuit.

3

11.     Defendants John Doe and John Doe, Inc., on information and belief, are other individuals or entities involved in the manufacture of this unreasonably dangerous automobile and/or its component parts including, but not limited to, seats, seatbelts, restraint systems, airbags, airbag sensors and related parts  Their identities, on information and belief, are known by defendants in this suit; however, they are unknown at the present time to plaintiffs.  Plaintiffs will supplement and amend pleadings as necessary when the identity of these defendants becomes known.

12.     The condition of the Silverado at the time of the crash complained of herein, was substantively the same as when it entered the stream of commerce, and the defects in the vehicle existed when it left the control of the Defendant GMC.

13.     Defendants reasonably expected, or had reason to expect, that the plaintiff or others could have been injured in this state by reason of its' unreasonably dangerous and defective product, and they derive substantial revenue from interstate and international commerce.

14.     The Silverado in question was manufactured by Defendant GMC and the other Defendants with a safety system that included seat belts and airbags.

15.     At approximately 11:00 p.m. on the 21st day of May, 2003, the Silverado was traveling, in the right (slow) lane, eastbound on I-70 at approximately mile post 435 at Burlington, Colorado.

4

16. Gorgonio Diaz was driving and the Plaintiff, José Alfaro, was riding in the front passenger seat. ( An infant passenger was riding in the back seat in a properly secured infant chair. After the crash she was examined and released.)

17. The airbag system has a switch on the dash for the passenger-side airbag, and this switch was in the on position.

18. Both Mr. Diaz and the Plaintiff, José Alfaro were properly wearing their respective seatbelts.

19. The interstate at this point is a 4-lane divided highway with a posted speed limit of 75 miles per hour.

20. For unknown reasons, the Silverado veered sharply to the left, crossed over the center line of the eastbound lane, left the paved portion of the highway, traveled in the median, struck a crossover with great force, became airborne, landed in the median, crossed over the west bound lane and came to rest on the north side of the west bound lanes.

21. At the time the Silverado left the highway it was traveling at approximately 70 miles per hour.

22. At the time of impact, the seat belts failed to restrain both front seat passengers, and the both front seat airbags failed to deploy.

23. As a direct and proximate result of the product failure, and failure of the safety systems, the Plaintiff, José Alfaro, was violently thrown about inside the cab of the pickup and severely injured.

24. The Silverado struck with such force that it became a total loss and not economically feasible to repair.

25. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado, the Plaintiff, José Alfaro, has incurred medical expense in an amount exceeding $400,000.00, and medical expense is ongoing, sustained severe and permanent injuries, including, but not limited to, remaining comatose for a period of 63 days, loss of sight in one eye, lost of the use of an arm, suffered several painful surgeries, injury to both shoulders, other disabilities, disfigurements and scarring, and has endured substantial and unbearable pain, discomfort, mental anguish, mental suffering, extreme emotional distress and loss of enjoyment of life.

26. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado in question Plaintiff, José Alfaro, has and will continue to incur substantial medical expense, has lost income in an amount exceeding $150,000.00, and has suffered impairment of earning ability.

27. Martha Alfaro is the wife of Plaintiff José Alfaro.

28. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado, Plaintiff, Martha Alfaro, has had to care for her husband, and act as nurse, and to assist him in dressing, and almost all ordinary household tasks, and has suffered the loss of his services, friendship and society, and has endured extreme mental suffering in helping her husband deal with his pain, and mental and physical suffering, all to her damage in an amount exceeding $75,000.00.

29. The doctrine of *res ipsa loquitor* applies to this case.

### FIRST CLAIM FOR RELIEF
### Strict Liability In Tort C.R.S. §13-21-401

30. Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in the proceeding paragraphs.

31. Defendants are the "manufacturers" of the Silverado within the meaning of the Colorado Products Liability Statute, C.R.S. § 13-31-401.

32. At the time of the crash, the Silverado was defective and unreasonably dangerous to persons who might reasonably expect to use, consume or be affected by it, in at least the following respects, among others;

    A. The safety system airbag did not deploy.

    B. The safety system seatbelt did not restrain the passengers.

  C. The vehicle was not accompanied with adequate warnings of its defective nature.

33. Had either system worked properly, Plaintiff José Alfaro's injuries, if any, would have been minimal.

34. Plaintiffs are persons who would reasonably be expected to use, consume, or be affected by the Silverado.

35. As a direct and proximate result of the defective and unreasonably dangerous condition of the Silverado at the time of the crash, the Plaintiffs suffered damages as set out in paragraphs 25, 26 and 28 above.

## SECOND CLAIM FOR RELIEF
### Negligent Design, Manufacture, Installation, Testing and Inspection

36. Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in the preceding paragraphs.

37. Defendants each owed a duty to Plaintiffs to design, test, manufacture and install and inspect the Silverado and component parts in a reasonably safe manner.

38. Defendants breached this duty by designing, testing, manufacturing, installing and/or inspecting the Silverado and/or its component parts in a negligent and unreasonable manner.

39. All defendants acting jointly were negligent, grossly negligent and/or reckless in preparing, designing, manufacturing, fabricating, inspecting, producing the component parts, and selling and distributing the final product of the G.M.C. Silverado such that joint liability may be imposed within the meaning of C.R.S. §13-21-111.

40. Plaintiffs injuries, losses and damages, as set out in paragraphs 25, 26 and 28, were a direct and proximate result of Defendants' negligence.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability

41. Plaintiff incorporates by reference as if fully set forth herein all statements and allegations contained in the preceding paragraphs.

42. Defendants were merchants with respect to the Silverado and component parts at issue.

43. The Silverado was not of merchantable quality at the time of sale, use or consumption by reason of the defectiveness discussed *infra,* which made this product unreasonably dangerous.

44 This breach of warranty was the proximate cause of Plaintiffs injuries, damages and losses as set out in paragraphs 25, 26 and 28.

45. Within a reasonable time after Plaintiffs discovered the breach of implied warranty they notified Defendants.

9

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiffs pray that this Court enter judgment in their favor against the Defendants, and each of them, jointly and severally, for special and compensatory damages in an amount to be proven at trial which fully and fairly compensate them for their injuries, damages and losses, for pre- and post-judgment interest from May 21, 2003 until satisfaction of judgment and for their costs, expert witness fees, attorney fees, and for such other and further relief as this Court deems just and proper.

Dated this 7th day of April, 2005.

*[signature]*
Stanley J. Walter
Lawyer
1017 S. Gaylord Street
Denver, CO 80209
(303) 698-1957

Address of Plaintiffs:
304 West 5th Street,
Goodland, Kansas



*Don C. Staab*
*Attorney at Law*

785-628-8517
Fax 785-628-2243

1301 Oak Street
Hays, Kansas 67601-3682

February 20, 2007

John Wm. Butler, John K. Lyons and Ron E. Meisler
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Kayalyn A. Marafioti and Thomas J. Matz
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036

RE: Delphi Corporation, et al.
    Case No. 05-44481-RDD

Dear Counsel:

    Please be advised that I, along with Stanley J. Walter of Denver, Colorado represent Jose C. Alfaro and Martha Alfaro in United States District Court for the District Court Colorado Case No. 05-CV-645-MSK-BNB, *Jose Alfaro and Martha Alfaro vs. Delco Electronics Corporation, Delphi Auto Systems, f/k/a Inland Fisher Guide, John Doe and John Doe, Inc.*

    On July 31, 2006 at 9:07 a.m., the Alfaro's Proof of Claim dated July 25, 2006 for $1,500,000.00 was timely delivered by FedEx to the United States Bankruptcy Court, Southern District of New York, Delphi Corporation Claims, One Bowling Green, Room 534, New York, New York 10004-1408, per the "Notice of Bar Date for Filing Proofs of Claim" dated April 12, 2006. See attached copies of said Proof of Claim, FedEx US Airbill and FedEx Tracking Shipments Detailed Results.

    On January 4, 2007, the Alfaro's replaced their previous claim dated July 25, 2006 for $1,500,000.00 with a claim dated December 25, 2006 for $500,000.00.

    We would like to begin negotiations to settle this matter. If you are not the proper parties with whom to proceed to settle, this claim, please advise where and to whom I need to direct my correspondence.

Sincerely,


DON C. STAAB
Attorney at Law

DCS:ajs
Encs.

Exhibit 5