Gary Ravert
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922

Attorneys for Lockheed Martin Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                      )
In re:                                                )        Chapter 11
                                                      )
DELPHI CORPORATION, et al.,        )        Case No. 05-44481 (RDD)
                                                      )        (Jointly Administered)
                                                      )
        Debtors.                                  )
                                                      )
———————————————————————

### RESPONSE OF LOCKHEED MARTIN CORPORATION TO THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION (CLAIM NO. 15606)

Lockheed Martin Corporation ("LMC") hereby responds to Delphi Corporation, et al.'s (the "Debtors") Thirty-Sixth Omnibus Claims Objection (the "Objection") to LMC's proof of claim number 15606 (the "Claim").[1]

The Debtors' Objection should be overruled for the following reasons, among others:

1.      On July 31, 2006, LMC timely filed its Claim against debtor Delphi Corporation. A copy of the attachment to that Claim is attached hereto as **Exhibit B**. LMC's Claim arises from the costs and expenses it incurred in repairing and replacing defective "flex harnesses" the Debtors sold to LMC in 2004 pursuant to that certain purchase order dated February 19, 2004. A copy of that purchase order, as well as the general provisions of the contract and modifications thereto pursuant to which that purchase order was issued, are attached hereto as **Exhibit C** (together, the "Contract"). The flex harnesses were used by LMC as part of Longbow missiles it manufactured for the United States government.

---

[1] The initial deadline for responding to the Objection was November 11, 2009. The Debtors granted LMC's request for an extension to respond, allowing LMC until November 13, 2009 to respond. See **Exhibit A** hereto.
BST99 1633372-2.046395.0191

2.      The Debtors began manufacturing and selling flex harnesses to LMC in 2000. In 2004, the Debtors changed one of the legs of the harnesses from something it manufactured to something that it purchased from an unrelated third-party, Parlex Corporation ("Parlex"). Soon after the Debtors made that change, LMC began to experience problems in the assembly and performance of the Longbow missiles. LMC investigated the matter and determined that the harnesses containing the part the Debtors purchased from Parlex were tearing, which ultimately caused the missiles to fail. LMC and the Debtors agreed that the most probable cause for this failure was a "heat related event" that occurred during Parlex's manufacturing process.[2]

3.      Under the Contract, the Debtors warranted that the flex harnesses would be "free from defects in design, material, and workmanship." Exhibit C at Corp. Doc No. 3 at 5, ¶ 30. The Debtors' failure to deliver the flex harnesses free from defects was a breach of that warranty.

4.      The Debtors, LMC, and Parlex worked jointly to repair the defective harnesses. LMC incurred approximately $1,185,000 in damages in repairing those flex harnesses. Specifically, LMC incurred approximately $904,000 in internal labor and other costs identifying the part of the flex harnesses that needed to be repaired, disassembling the missiles so that the harnesses could be repaired, and rebuilding and testing the missiles to determine if the repair was successful. LMC also incurred approximately $281,000 in slip charge costs to Northrop Grumman, its joint venture partner in manufacturing the Longbow missiles, in connection with the repairs.

5.      The information contained in LMC's Claim, as well as attached hereto, is prima facie evidence of the validity of LMC's Claim. See Fed. R. Bankr. P. 3001(f); In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). The Debtors have not produced any evidence to show that they are not responsible for LMC's damages for breach of warranty and have merely asked that

---

[2] A copy of a letter that LMC sent to the Debtors describing the failures in greater detail is attached hereto as **Exhibit D**.

BST99 1633372-2.046395.0191

the claims be expunged because they do not show any amount owed to LMC on their books and records. Obj. at 8, ¶ 20. This assertion is insufficient to negate the prima facie validity of LMC's claims. See Fed. R. Bankr. P. 3001(f); Reilly, 245 B.R. at 773.

6. LMC will provide the Debtors with further evidence to support its Claim upon reasonable request. It reserves the right to supplement this response during the claims objection process that has been established by the Court.

WHEREFORE, LMC respectfully requests that the Court enter an order:

1. Overruling the Debtors' objection to its Claim; and

2. Granting LMC such other and further relief as may be justified under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 13, 2009 | LOCKHEED MARTIN CORPORATION |
| Of Counsel: | By its attorneys, |
| Thomas O. Bean | /s/ Gary Ravert |
| Peter M. Acton | Gary Ravert |
| McDermott Will & Emery, LLP | McDermott Will & Emery LLP |
| 28 State Street | 340 Madison Avenue |
| Boston, MA | New York, NY 10173-1922 |
| Tel: (617) 535-4000 | Tel: (212) 547-5400 |
| Fax: (617) 535-3800 | Tel: (212) 547-5444 |

BST99 1633372-2.046395.0191

## CERTIFICATE OF SERVICE

    I, Gary Ravert, certify that on November 13, 2009, I caused a true copy of this document to be served by facsimile upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

                                              /s/ Gary Ravert
                                              Gary Ravert