SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS
AND GENERAL ELECTRIC CAPITAL CORP. (I) COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 15452 AND (II) RESOLVING CURE
AMOUNTS FOR ASSUMED AND ASSIGNED EXECUTORY CONTRACTS

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above captioned cases (collectively, the "Reorganized Debtors") and General Electric Capital Corp. ("GE Capital") respectfully submit this Stipulation And Agreed Order Between Reorganized Debtors And General Electric Capital Corp. (I) Compromising And Allowing Proof Of Claim Number 15452 And (II) Resolving Cure Amounts For Assumed And Assigned Executory Contracts (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Dates"), Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, GE Capital filed proof of claim number 15452 against Delphi Automotive Systems LLC ("DAS LLC"), which asserts an unsecured non-priority claim in the amount of $1,015,550.20 (the "Claim") stemming from obligations under various leases.

WHEREAS, on February 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' (i) Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection").

WHEREAS, on April 13, 2007, to resolve the Ninth Omnibus Claims Objection, DAS LLC and GE Capital entered into a Joint Stipulation And Agreed Order (I) Compromising And Capping Proof Of Claim Number 15452 And (II) Withdrawal Without Prejudice Of Proofs

2

Of Claim Nos. 15449, 15450, 15451, And 15453 (Docket No. 7686) (the "First Stipulation") pursuant to which the Debtors and GE Capital agreed that the Claim should be allowed in an amount no greater than $651,626.18.

WHEREAS, on August 24, 2007, the Debtors objected to the Claim pursuant to the Debtors' (i) Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject to Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 20, 2007, GE Capital filed its Response Of General Electric Capital Corporation To The Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Stay Lift Procedures Claims Subject To Modification (Docket No. 9481) (the "Response").

WHEREAS, on March 6, 2008, GE Capital filed its Cure Claim Of General Electric Capital Corporation (Docket No. 12998) (the "GE Capital Cure Claim").

WHEREAS, on April 24, 2008, the Debtors objected to the GE Capital Cure Claim in their (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(a),

365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459) (the "Omnibus 8.2(b) Cure Objection").

WHEREAS, on May 21, 2008, GE Capital filed its Response Of General Electric Capital Corporation To The Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(A), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(B) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13636) (the "GE Capital 8.2(b) Response," and together with the GE Cure Claim and the Omnibus 8.2(b) Objection, the "Cure Claim Pleadings").

WHEREAS, on June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan").

WHEREAS, on June 16, 2009, the Court entered Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order").

WHEREAS, on July 10, 2009, pursuant to the Modification Procedures Order, the Debtors served GE Capital with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under

4

Modified Plan Of Reorganization and a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC, As Applicable, Under Modified Plan Of Reorganization (the "Cure & Assignment Notices").[1]

WHEREAS, on July 20, 2009, GE Capital filed its Limited Objection Of General Electric Capital Corporation To Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (Docket No. 18473) (the "Assumption and Assignment Objection").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the Master Disposition Agreement (as defined in the Modified Plan) and related agreements were closed.

WHEREAS, to resolve the Ninth Omnibus Claims Objection, the Twentieth Omnibus Claims Objection, the Claim, the Cure Claim Pleadings, the Assumption and Assignment Objection, and to supersede the First Stipulation, the Reorganized Debtors and GE Capital have entered into this Stipulation.

NOW, THEREFORE, the Reorganized Debtors and GE Capital stipulate and agree as follows:

1. The First Stipulation is superseded in its entirety by this Joint Stipulation.

2. The Claim shall be allowed in the amount of $113,589.44 and shall be

---

[1] On July 27, 2009, the Debtors served GE Capital with their Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization (the "DIP Holdco 3, LLC Assignment Notice") indicating that the Multi-7 contract would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC.

treated as an allowed general unsecured non-priority claim.

       3.       GE Capital shall receive a cure amount of $437,500.00, which cure amount shall be paid within a reasonable period of time after entry of this Stipulation, in accordance with the terms of the Modified Plan.

       4.       GE Capital's Response, the GE Capital 8.2(b) Response, and the Assumption and Assignment Objection are hereby deemed withdrawn with prejudice.

       5.       GE Capital shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of prepetition executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.

       6.       GE Capital, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "GE Capital Releasing Parties"), hereby acknowledges that the allowance of the Claim and its treatment afforded under the Modified Plan and payment of the cure payment in paragraph 3 above is in full satisfaction of the Claim and any right to cure under 11 U.S.C. § 365 and the GE Capital Releasing Parties hereby waive any and all rights to assert, against any and all of the Debtors and/or Reorganized Debtors, that the amounts asserted with respect to the Claim are entitled to any treatment other than as (i) a prepetition general unsecured non-priority claim as set forth in paragraph 2 above and (ii) the cure payment set forth in paragraph 3 above.  The GE Capital Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the

6

Claim or which the GE Capital Releasing Parties have, ever had, or hereafter shall have against the Debtors and/or the Reorganized Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring on or before the Effective Date, provided however that any timely filed Administrative Claim or any other Claim set forth on a timely filed proof of claim (each as defined in the Modified Plan) would be preserved as set forth therein, but subject to the procedures set forth in the Modified Plan for the payment of such claims.

7. Any claims arising after the date of this Stipulation or relating to outstanding postpetition obligations that are not yet due and payable in connection with the GE Capital contracts being assumed by the Debtors and assigned to the applicable buyer shall either be (i) paid in the ordinary course or (ii) subject to the procedures set forth in the Modified Plan for the payment of Administrative Claims.

8. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in New York, New York, this 17th day of November, 2009

/s/ Robert D. Drain
United States Bankruptcy Judge

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Ron E. Meisler | /s/ Debra Turetsky |
|---|---|
| John Wm. Butler, Jr. | Debra Turetsky |
| John K. Lyons | REED SMITH LLP |
| Ron E. Meisler | 599 Lexington Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10022 |
| 155 North Wacker Drive | 212-521-5400 |
| Chicago, Illinois 60606 | Attorneys for General Electric Capital Corp. |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors