**Hearing Date: November 18, 2009**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-SEVENTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO
EXPUNGE CERTAIN (I) PREPETITION CLAIMS, (II) EQUITY INTERESTS,
(III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY CLAIMS,
(V) PAID SEVERANCE CLAIMS, (VI) PENSION, BENEFIT, AND
OPEB CLAIMS, AND (VII) DUPLICATE CLAIMS

("DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-SEVENTH
OMNIBUS CLAIMS OBJECTION")

    DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings")[1] hereby submit this Omnibus Reply In Support Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (the "Thirty-Seventh Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

    1.  The Reorganized Debtors filed the Thirty-Seventh Omnibus Claims Objection on October 15, 2009, seeking entry of an order an order pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging certain Administrative Claims because (a) they arose prior to October 8, 2005 and therefore do not qualify as Administrative Claims under section 503(b)(1) of the Bankruptcy Code, (b) they were filed by a holder of Delphi Corporation common stock solely on account of such holder's stock holding, (c) they are not reflected on the Reorganized Debtors' books and records, (d) they were untimely filed after the July 15 Bar Date established pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification Procedures Order, (e) they were filed by former employees asserting liabilities for severance payments although the holders of such Administrative Claims have been paid their severance in full, (f) they were filed by individuals asserting liabilities owing in connection with the Debtors' employee benefit programs, pension

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirty-Seventh Omnibus Claims Objection.

plans, and other post-employment benefits programs for which the Reorganized Debtors are not liable, or (g) they are duplicative of other Administrative Claims

2. The Reorganized Debtors sent to each claimant whose proof of administrative expense is subject to an objection pursuant to the Thirty-Seventh Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of administrative expense that is subject to an objection and the basis for such objection. Responses to the Thirty-Seventh Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on November 11, 2009.

3. As of November 13, 2009 at 12:00 p.m. (prevailing Eastern time), the Debtors had received 19 responses (collectively, the "Responses") to the Thirty-Seventh Omnibus Claims Objection. In the aggregate, the Responses cover 20 Administrative Claims. Attached hereto as <u>Exhibit A</u> is a chart summarizing each of the Responses and listing the 20 Administrative Claims for which a Response was filed. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the 18 Administrative Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4. In addition, the Reorganized Debtors are withdrawing the Thirty-Seventh Omnibus Claims Objection with respect to the following four Administrative Claims: (a) proof of administrative expense number 19569 filed by the Mississippi Workers Compensation Individual Self Insurer Guaranty Association on behalf of Sharon H. Richardson, (b) proof of

3

administrative expense number 18924 filed by Alps Automotive, Inc., (c) proof of administrative expense number 19505 filed by Furukawa Electric Company, Ltd., and (d) proof of administrative expense number 18051 filed by Wamco, Inc.

      5.     Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Thirty-Seventh Omnibus Claims Objection which reflects the adjournment of the hearings regarding the Administrative Claims for which Responses were filed. Such adjournment will be without prejudice to the Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order or the Order Pursuant to 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998). In addition to the Responses, the Reorganized Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirty-Seventh Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses"). The Reorganized Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

      6.     Except for those Administrative Claims with respect to which the hearings have been adjourned to future dates, the Reorganized Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents. Thus, the Reorganized Debtors request that this Court grant the relief requested by the Reorganized Debtors and enter the Revised Proposed Order.

---

[2]    Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Thirty-Seventh Omnibus Claims Objection.

4

WHEREFORE the Reorganized Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Administrative Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
November 17, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors