# Exhibit C
# (Marked Version of Revised Proposed Order)

05-44481-rdd    Doc 19100-3    Filed 11/17/09    Entered 11/17/09 16:12:48    Exhibit C
Pg 1 of 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
     In re                           :    Chapter 11
                                                          :
~~DELPHI CORPORATION~~<u>DPH HOLDINGS CORP.</u>, <u>et</u> <u>al.</u>,  :    Case No. 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
                                                          :
                    <u>Reorganized</u>     :
Debtors.                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ORDER PURSUANT TO 11 U.S.C. § 503(b) AND  FED. R. BANKR. P. 3007
TO EXPUNGE CERTAIN (I) PREPETITION CLAIMS, (II) EQUITY
INTERESTS, (III) BOOKS AND RECORDS CLAIMS, (IV) UNTIMELY
CLAIMS, (V) PAID SEVERANCE CLAIMS, (VI) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (VII) DUPLICATIVE CLAIMS</u>

("THIRTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

      Upon the Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicative Claims (the "Thirty-Seventh Omnibus Claims Objection" or the "Objection"),[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Thirty-Seventh Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Seventh Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

  A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim"), listed on Exhibits A, B, C, D, E, F, and G hereto was properly and timely served with a copy of the Thirty-Seventh Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Thirty-Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Seventh Omnibus Claims Objection. No other or further notice of the Thirty-Seventh Omnibus Claims Objection is necessary.

  B. This Court has jurisdiction over the Thirty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  C. The Administrative Claims listed on Exhibit A assert liabilities or dollar amounts that arose prior to the date upon which the Reorganized Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code (the "Prepetition Claims").

  D. The Administrative Claims listed on Exhibit B were filed by holders of Delphi Corporation common stock solely on account of their stock holdings, each of which constitutes an equity interest in Delphi Corporation but does not constitute an Administrative Claim against the Debtors (the "Equity Interests").

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2 DeltaView comparison of pcdocs://chisr02a/772096/4 and pcdocs://chisr02a/772096/7. Performed on 11/17/2009.

E.      The Administrative Claims listed on <u>Exhibit C</u> assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

F.      The Administrative Claims listed on <u>Exhibit D</u> were not timely filed pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Modification Procedures Order (the "Untimely Claims").

G.      The Administrative Claims listed on <u>Exhibit E</u> are Administrative Claims that the ~~Reorganized Debtors~~ have already been satisfied in full (the "Paid Severance Claims").

H.      The Administrative Claims listed on <u>Exhibit F</u> assert Claims for liabilities in connection with the ~~Reorganized~~ Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the ~~Reorganized~~ Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

I.      The Administrative Claims listed on <u>Exhibit G</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each Prepetition Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

2.      Each Equity ~~Claim~~Interest listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

3.      Each Books and Records Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

---

3       DeltaView comparison of pcdocs://chisr02a/772096/4 and pcdocs://chisr02a/772096/7. Performed on 11/17/2009.

4. Each Untimely Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

5. Each Paid Severance Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

6. Each Pension, Benefit, and OPEB Claim listed on <u>Exhibit F</u> hereto is hereby disallowed and expunged in its entirety.

7. Each Duplicative Claim listed on <u>Exhibit G</u> hereto is hereby disallowed and expunged in its entirety.

8. ~~J. Exhibit H hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits A, B, C, D, E, F, and G.~~ <u>Exhibit I</u> sets forth each of the Administrative Claims referenced on <u>Exhibits</u> <u>A</u>, B<u>, C</u> ,D ,E ,F ~~and~~ ,<u>G, H-1, H-2, H-3, and H-4</u> in alphabetical order by claimant and cross-references each such Administrative Claim by (~~i~~<u>a</u>) proof of administrative expense number or schedule number and (~~ii~~<u>b</u>) basis of objection.

<u>9. With respect to each Administrative Claim for which a Response to the Thirty-Seventh Omnibus Claims Objection has been filed and served, and which has not been resolved by the parties, all of which Administrative Claims are listed on Exhibits H-1, H-2, H-3, and H-4, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"); provided, however, that such adjournment shall be without prejudice to the Reorganized</u>

---

4 DeltaView comparison of pcdocs://chisr02a/772096/4 and pcdocs://chisr02a/772096/7. Performed on 11/17/2009.

Debtors' right to assert that any such Response was untimely or otherwise deficient under the Administrative Claims Objection Procedures Order.

10. 8. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims or Administrative Claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Thirty-Seventh Omnibus Claims Objection except as such claims may have been settled and allowed.

11. 9. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Thirty-Seventh Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

12. 10. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Thirty-Seventh Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, F, and G constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Thirty-Seventh Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

13. 11. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, upon the master service list and the 2002 list in accordance with the Supplemental Case Management Order.

Dated: New York, New York
  November ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

5    DeltaView comparison of pcdocs://chisr02a/772096/4 and pcdocs://chisr02a/772096/7. Performed on 11/17/2009.

Document comparison done by DeltaView on Tuesday, November 17, 2009 2:12:16 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr02a/772096/4 |
| Document 2 | pcdocs://chisr02a/772096/7 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 17 |
| Deletions | 16 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 5 |
| Total changes | 38 |

6       DeltaView comparison of pcdocs://chisr02a/772096/4 and pcdocs://chisr02a/772096/7. Performed on 11/17/2009.