**Hearing Date: November 18, 2009**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                 :    Chapter 11
: 
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
: 
:    (Jointly Administered)
            Reorganized Debtors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBTORS' OMNIBUS REPLY IN SUPPORT OF MOTION TO DISMISS
OFF-CALENDAR MOTIONS AND OVERRULE MOOT OBJECTIONS

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors" or "DPH Holdings")[1] hereby submit this Omnibus Reply In Support Of Reorganized Debtors' Motion For Order Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 7041 And 9014 (I) Dismissing Certain Off-Calendar Motions And Contested Matters And (II) Overruling, Withdrawing, Or Otherwise Dismissing Or Deeming Moot Certain Objections Lodged In Connection With Procedures Set Forth In Debtors' 2007 Solicitation Procedures Motion, dated October 29, 2009 (Docket No. 19020) (the "Motion"), and respectfully represent as follows:

1.  The Reorganized Debtors filed the Motion seeking entry of an order (i) dismissing certain off-calendar motions and contested matters and (ii) resolving certain contested matters by overruling, withdrawing, or otherwise dismissing or deeming moot objections that were lodged pursuant to the procedures set forth in the 2007 Solicitation Procedures Motion because the non-Reorganized Debtor movants have failed to prosecute these matters or because the relief sought is otherwise moot.

2.  As of November 16, 2009, the Reorganized Debtors had received four timely-filed formal docketed objections (each, an "Objection," and collectively, the "Objections") to the Motion, one of which the Reorganized Debtors seek to adjourn and three of which the Reorganized Debtors believe have been substantively resolved.

3.  Adjourned Objection

    (a) <u>Limited Objection of Methode Electronics, Inc. (Docket No. 19050)</u>. Methode Electronics, Inc. ("Methode") and the Reorganized Debtors have agreed to adjourn the hearing with respect to the Motion Of Methode Electronics, Inc. For Relief From The Automatic

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

Stay To Permit It To Exercise Setoff And/Or Recoupment Rights (Docket No. 4912) (the "Methode Motion") to December 18, 2009.  Methode and the Reorganized Debtors are in the process of finalizing a stipulation resolving, among other things, the setoff claims asserted in the Methode Motion, and will continue to work to achieve a consensual resolution of this matter prior to the December 18, 2009 hearing.

    4.  Resolved Objections

     (a) <u>Letter from Barbara Pauline Burger (Docket No. 19046)</u>.  As explained in the Motion, under the Confirmed Plan, certain holders of general unsecured claims were to be entitled to payment of postpetition interest from the petition date through December 31, 2007 at either (i) the Michigan statutory rate or (ii) at the applicable contractual non-default rate.  Pursuant to the order granting the 2007 Solicitation Procedures Motion, entered December 10, 2007 (Docket No. 11389) (the "Solicitation Procedures Order"), thousands of affected claimants, including Ms. Burger, received a notice regarding postpetition interest rate as part of their solicitation package (the "Interest Rate Notice").  The claimants were instructed that if they disputed the rate set forth in the Interest Rate Notice, they could follow the procedures provided in the Interest Rate Notice to assert an interest rate other than the Michigan statutory rate.  Ms. Burger completed the first step of that process, which was to check a box indicating "No, I disagree with the application of the Interest Rate," but she did not indicate what interest rate she did prefer.  As a result, her notice was included in the Omnibus Postpetition Interest Objection, creating a contested matter that the Reorganized Debtors now seek to resolve as moot.

    Ms. Burger's objection to the Motion specifically asserts that "[she is] not asking for Post petition Interest in [her] claim."  On its face, the objection seems to simply be reiterating that she believes that she has an outstanding claim that she wishes to pursue.  On

3

November 16, 2009, counsel to the Reorganized Debtors discussed this matter telephonically with Ms. Burger, further explained the relief sought in this Motion, and confirmed that the Motion does not seek to affect the processing or adjudication of Ms. Burger's claim, which is being handled as part of a separate process.  At the close of the conversation, Ms. Burger orally confirmed that she no longer has an objection to the Motion and would not be pursuing it further.  On the same day, counsel to the Reorganized Debtors sent Ms. Burger a letter memorializing the telephone conversation, explaining that the Reorganized Debtors would represent to this Court that the objection was no longer being pursued and requesting that Ms. Burger contact the sender as soon as possible on Tuesday, November 17, 2009 if that understanding was incorrect.  In light of the foregoing, the Reorganized Debtors assert that Ms. Burger's Objection has been resolved.

(b)    <u>Limited Objection of SKF USA, Inc. (Docket No. 19056)</u>.  SKF USA, Inc. ("SKF") filed a limited objection to the relief requested in the Motion to clarify that despite the relief granted to the Reorganized Debtors, SKF should retain its right to certain cure amounts for prepetition defaults under certain contracts that were assumed and/or assigned pursuant to the Modified Plan and Master Disposition Agreement and that SKF's administrative claims should not be affected by the relief requested in the Motion.  In an attempt to resolve SKF's limited objection, the Reorganized Debtors have offered to insert the following language in the Revised Proposed Order (defined below):

> The objection of SKF USA Inc., found at Docket No. 12547 and included on Exhibit B-2, and the statement filed by SKF USA Inc. at Docket No. 13025, shall each be deemed withdrawn with prejudice only upon the Reorganized Debtors' transferring to SKF USA Inc. an aggregate of $87,447.29 (the "Pre-Petition SKF Cure Amount") to cure pre-petition defaults on the following contracts (with per contract cure amounts attributable as listed parenthetically): (a) Contract No. SAG9OI4765 ($0.00); (b) Contract No. SAG9OI4051 ($0.00); (c) Contract No. SAG9OI4642 ($4,299.91); and (d) Contract No. SAG9OI2726 ($83,147.38).  For the avoidance of doubt, (i) the Pre-Petition SKF Cure Amount shall be paid to

4

> SKF in cash within a reasonable period of time following the date of entry of this order as provided in Article VIII of the Modified Plan and (ii) the withdrawal of Docket Nos. 12547 and 13025 shall only be effective upon the satisfaction of payment of the Pre-Petition SKF Cure Amount as set forth herein. For the further avoidance of doubt, nothing in this order shall in any way prejudice, release, withdraw, or impair any rights of SKF USA Inc. to pursue, and obtain the allowance and payment of, any properly-asserted administrative claims, which shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement.

In light of the insertion of the foregoing language in the Revised Proposed Order, the Reorganized Debtors believe that SKF will agree prior to the hearing that its Objection is resolved.

(c) <u>Objection of Freudenberg-NOK General Partnership (and its subsidiary Freudenberg-NOK, Inc.) (Docket No. 19063)</u>. Freudenberg-NOK General Partnership ("Freudenberg") asserts that although its cure objection (Docket No. 12571), which is listed on Exhibit B-2 to the Motion and which the Reorganized Debtors seek to have deemed dismissed (the "Freudenberg Cure Objection"), has been resolved pursuant to a stipulation among the parties (entered at Docket No. 18749), Freudenberg has not yet received payment of its cure amounts as provided in the stipulation. Thus, Freudenberg asserts that the Motion should not be granted with respect to the Freudenberg Cure Objection until the Reorganized Debtors comply with the stipulation. On November 17, 2009, the Reorganized Debtors caused checks to be sent via overnight mail to Freudenberg and its appropriate subsidiaries in the aggregate amount of $104,565.63 in satisfaction of the Reorganized Debtors' obligations under the stipulation. To alleviate any concerns of Freudenberg, the Reorganized Debtors have agreed to insert the following language into the Revised Proposed Order:

> The granting of the relief requested in the Motion with respect to the cure objection of Freudenberg-NOK General Partnership ("Freudenberg"), found at

5

>   Docket No. 12571, included on Exhibit B-2, and the subject of that certain Stipulation And Order Resolving Objections By Certain Freudenberg Entities To Approval And/Or Confirmation Of Debtors' First Amended Joint Plan Of Reorganization, dated August 5, 2009 (Docket No. 18749) shall be effective only upon receipt by the following entities of the related cure payments: Freudenberg-NOK, Inc. ($4,480.30), Freudenberg-NOK General Partnership ($90,000) and Freudenberg Filtration Technologies, L.P. f/k/a Freudenberg Nonwovens, L.P. ($10,115.63).

In light of this provision in the Revised Proposed Order, the Reorganized Debtors assert that Freudenberg's Objection is resolved.

5.   Attached hereto as <u>Exhibit A</u> is a revised proposed order (the "Revised Proposed Order")[2] in respect of the Motion which reflects the adjournment of the hearing with respect to the Methode Motion as well as the negotiated provisions resolving the objections of SKF USA, Inc. and Freudenberg.

---

[2]  Attached hereto as <u>Exhibit B</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Motion.

WHEREFORE the Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to the Methode Motion, and (c) grant the Debtors such other and further relief as is just.

Dated: New York, New York
       November 17, 2009

                                SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP


By: /s/ Ron E. Meisler
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

                      - and -


By: /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors