Joyce Skillman
IN PRO PER RESPONDENT
13851 Kenwood
Oak Park, MI 48237-3600


November 8, 2009


CLERK to the
Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Room 632
New York, NY 10004

      RE: Case No. 05-44481 (RDD)

Dear Clerk to the Honorable Robert D. Drain:

Please file the enclosed Claimant's Response To Reorganized Debtors' Objection to
Expunge Pension Claim in the above identified Case. Claimant has no access to file
electronically. Please return a true copy to the Claimant at skilltwy@yahoo.com or at

Joyce Skillman
IN PRO PER RESPONDENT/Claimant
13851 Kenwood
Oak Park, MI 48237-3600

Thank you in advance for your cooperation. Should you have any questions, I can be
contacted at (989) 714-4276.

Sincerely,

*Joyce Skellman*

Joyce Skillman
IN PRO PER RESPONDENT/Claimant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :        Chapter 11
In re                                   :
                                        :        Case No. 05-44481 (RDD)
DELPHI CORPORATION, <u>et al.</u>,      :
                                        :        (Jointly Administered)
Debtors                                 :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**CLAIMANT'S RESPONSE TO REORGANIZED DEBTORS' THIRTY-SIXTH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 TO (I) MODIFY AND ALLOW CLAIM AND (II) EXPUNGE CERTAIN
<u>(D) PENSION, BENEFIT, AND OPEB CLAIMS</u>**

("RESPONSE TO THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION")

CLAIMANT, JOYCE L. SKILLMAN, In Pro Per, hereby submits this Response

To Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And

Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (D) Pension

and respectfully represents as follows:

    a.   The title of the claims objection to which this Response is directed is "Pension" Claim.

    b.   The name of the Claimant is Joyce L. Skillman. The brief description of the basis for the

        amount of the Claim is the Judgment of Divorce ("Judgment") in J.L. Skillman vs. R.H.

        Skillman, File No. 94-2126DM-2, April 6, 1995.

    c.   The Reorganized Debtors' Thirty-Sixth Omnibus Objection … To Expunge Pension

        Claims should be disallowed. It is set forth in the Judgment of Divorce, page 8,

        paragraphs 2 and 3, as follows :

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Joyce
> LaVerne Skillman, is awarded one-half of the monthly benefit derived
> from the Defendant's [Rudolph Henson Skillman, Sr.] pension-retirement
> program at General Motors and/or Pinkerton as her separate interest,
> calculated to July 1, 1994, and that this award of benefits is set forth the
> with specificity in the Qualified Domestic Relations Order, entered
> contemporaneously with the entry of the Judgment.
> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Joyce
> LaVerne Skillman, shall be named for the full survivorship benefits on
> Defendant's pension-retirement program, and that this award of benefits is
> set forth the with specificity in the Qualified Domestic Relations Order,
> entered contemporaneously with the entry of the Judgment.

        Claimant is entitled to the benefit of this Judgment until said Judgment is vacated, or

        otherwise made void.

    d.   Said Objections by the Reorganized Debtors fails to void said Order. The documentation

        sufficient to establish a prima facie right to payment is:

          i.   Marriage License between Claimant and Rudolph H. Skillman, Sr.;

         ii.   Judgment of Divorce between Claimant and Rudolph H. Skillman, Sr.;

    iii.  Qualified Domestic Relations Order; and,

    iv.  Death Certificate of Rudolph H. Skillman, Sr.

e.  The allowable amount to Claimant Joyce Skillman is based on the monthly pension

    ($564.26) payment owed to Claimant for each month of her natural life. Claimant is

    owed $6771.12 for each year. Claimant is owed one hundred thirty-five thousand four

    hundred twenty-two dollars ($135,422.24) and twenty-four cents (based on an additional

    twenty years of life expectancy).

f.  Replies to this Response may be sent to:

        Joyce Skillman
        13851 Kenwood
        Oak Park, MI 48237-3600

        November 6, 2009

        Joyce Skillman
        IN PRO PER RESPONDENT
        13851 Kenwood
        Oak Park, MI 48237-3600

**STATE OF NEBRASKA,**

**Douglas County,** }ss.

# Marriage License

Nº B20216

## OFFICE OF THE COUNTY JUDGE

*License is hereby granted to any person authorized to solemnize marriages, according to the laws of said State, to join in marriage within said County,*

Mr. __Rudolph Henson Skillman__ and M __Joyce LeVerne Graham__

| | | |
|---|---|---|
| Residing At __Omaha, Nebraska__ | Residing At __Omaha, Nebraska__ | |
| Age __27__ Color __ed__ Place of Birth __Nebraska__ | Age __21__ Color __ed__ Place of Birth __Missouri__ | |
| Father's Name __Leonard Henson Skillman__ | Father's Name __George Twyman__ | |
| Mother's Maiden Name __Marjorie Hobson__ | Mother's Maiden Name __Alice Mickles__ | |

*And the Person Joining Them* in marriage is required to make due return of his Proceedings to the County Judge of said County within 15 days.

*In Testimony Whereof,* I have hereunto set my hand and affixed the Seal of said Court at Omaha in said County, this __9th__ day of __February__ A. D., 19 __62__.

ROBERT R. TROYER, *County Judge*

By __Joseph J. Delta__

*Clerk of the County Court*

## Certificate of Marriage

*This Certifies, that on the* __Ninth__ *day of* __February__ A.D., 19 __62__, at __5:00 PM__ in said County, according to law and by authority, I duly joined in marriage the above parties, in the presence of

__Milton R. Thobe__ Residing at __2880 West H. Omaha, Neb.__
NAME OF WITNESS                ADDRESS OF WITNESS

__Elizabeth Vax Mahone__ Residing at __2108 Ohio Omaha, Neb.__
NAME OF WITNESS                ADDRESS OF WITNESS

*In Witness Whereof,* I have set my hand this __Ninth__ day of __February__ A.D., 19 __62__

__Curtis A. Brown__

Pastor of __Pilot Baptist__ Church

# S T A T E   O F   M I C H I G A N

## IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

JOYCE LaVERNE SKILLMAN,               )

       Plaintiff,                 )

vs.                                   )      File No. 94-2126-DM-2

RUDOLPH HENSON SKILLMAN,              )      HON. ROBERT L. KACZMAREK

       Defendant.                 )

_____)

HAUFFE & HAUFFE, P.C.                 )
By IRWIN F. HAUFFE II (P14750)
Attorney for Plaintiff                )
971 Midland Road
Saginaw, Michigan  48603              )
Phone:  (517)  799-9370

                         )
ACHILLES J. TARACHAS (P21263)
Attorney for Defendant                )

_____)

## JUDGMENT OF DIVORCE

    AT A SESSION OF SAID COURT, HELD AT THE COURTHOUSE IN THE CITY OF SAGINAW, COUNTY OF SAGINAW, STATE OF MICHIGAN, ON THE  6  DAY OF  April , 1995.

    PRESENT:  HONORABLE ROBERT L. KACZMAREK, CIRCUIT JUDGE.

    THIS CAUSE having come on for trial and both parties being personally present and represented by their respective counsel and having set forth their agreement on the record, and having stipulated upon the record in open Court that the Defendant has withdrawn his Answer to Plaintiff's Complaint to permit her to proceed with her proofs upon the Complaint filed herein, and proofs thereon having been taken in open Court and this Court having heard said proofs and being fully informed in the premises, and upon consideration thereof, DOTH FIND that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved and that the Plaintiff, JOYCE LaVERNE SKILLMAN, is entitled to an absolute Judgment of Divorce.

-1-

AND THIS COURT DOTH FURTHER FIND that more than six (6) months have elapsed since the filing of the Complaint in this cause, that the parties are both of full legal age, that neither party is mentally incompetent, and that neither party is a member of the military service.

AND THIS COURT DOTH FURTHER FIND that there are five children the issue of said marriage, four of whom have reached the age  of majority and one who is still a minor, to-wit:  MARISA JOY SKILLMAN, fifteen (15) years of age, born September 5, 1979; and that the Plaintiff is not pregnant.

AND THIS COURT DOTH FURTHER FIND that the Plaintiff, JOYCE LaVERNE SKILLMAN, is a fit and suitable person to have the care, custody, control and education of said minor child.

AND THIS COURT DOTH FURTHER FIND that the parties are the owners of real property located at 922 Cherry Street, Saginaw, Michigan.

AND THIS COURT DOTH FURTHER FIND that during the pendency of these proceedings, the parties have come to an agreement settling and adjusting between themselves all matters pertaining to property rights which terms have been incorporated in this Judgment of Divorce; the Court having heard, read and considered the same, finds the same to be just and equitable and meeting with the approval of the Court.

THEREFORE, on Motion of IRWIN F. HAUFFE II, Attorney for Plaintiff, IT IS HEREBY ORDERED AND ADJUDGED and this Court by virtue of the authority therein vested, and in pursuance of the statutes in such case made and provided, DOTH ORDER AND ADJUDGE that the marriage between the Plaintiff, JOYCE LaVERNE SKILLMAN, and the Defendant, RUDOLPH HENSON SKILLMAN, be dissolved, and the same is hereby dissolved accordingly, and a divorce from the bonds of matrimony between the said parties is also ADJUDGED.

### CUSTODY OF MINOR CHILD

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE LaVERNE SKILLMAN, shall have the care, custody, control and education of the minor child of the parties, to-wit:  MARISA JOY SKILLMAN, until she shall have attained the age of eighteen (18) years, or until the further Order of the Court.

### PARENTS' ADDRESSES

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE LaVERNE SKILLMAN, (Social Security No. 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), whose present address is 922 Cherry Street, Saginaw, Michigan 48601, shall promptly notify the Friend of the Court of any change in her address, and in no event shall she remove the domicile of said minor child of the parties outside the State of Michigan without the prior approval of the Court.

-2-

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, (Social Security No. 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), whose
present address is 1816 Golfview Drive, Apt. #12, Essexville,
Michigan 48732, shall promptly notify the Friend of the Court of
any change in his address.

IT IS FURTHER ORDERED AND ADJUDGED that each party shall
keep the Friend of the Court informed of the following:

A.   The name and address of his or her current source
     of income. Source of income means an employer or
     successor employer or any other individual or en-
     tity that owes or will owe income to the party.

B.   Any health care coverage that is available to him
     or her as a benefit of employment or that is main-
     tained by him or her; the name of the insurance
     company, health care organization, or health main-
     tenance organization; the policy, certificate or
     contract number; and the names and birth date of
     the persons for whose benefit he or she maintains
     health care coverage under the policy, certificate
     or contract.

### SUPPORT OF MINOR CHILD

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, shall pay the sum of $126.00 per week
for the support and maintenance of the minor child of the par-
ties, payable through the Friend of the Court for Saginaw County,
until said child attains the age of majority or is graduated from
high school, whichever is later, or until further order of this
Court; that whenever support is payable because a child is over
the age 18 years but is still regularly attending high school, on
a full-time basis, such support shall continue so long as there
is a reasonable expectation of the child completing sufficient
credits to graduate from high school; and the child is residing
full-time either with the payee of support or at an institution;
and that in any event, all child support shall cease once the
child attains the age of 19 years and 6 months.

IT IS FURTHER ORDERED AND ADJUDGED that in consideration for
alimony as hereinafter set forth, Defendant's current child sup-
port obligation shall not be increased or decreased for a period
of two (2) years following entry of Judgment.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, shall receive a fifty (50%) percent
abatement of child support after he has overnight visitation with
the minor child for eight (8) consecutive nights.

IT IS FURTHER ORDERED AND ADJUDGED that except as otherwise
provided in Section 3 of the Support and Visitation Enforcement
Act, Act No. 295 of the Public Acts of 1982, being Section

-3-

552.603 of the Michigan Compiled Laws, a support order that is
part of a judgment or is an order in a domestic relations matter
as that term is defined in Section 31 of the Friend of the Court
Act, Act No. 294 of the Public Acts of 1982, being Section
552.531 of the Michigan Compiled Laws, is a Judgment on and after
the date each support payment is due, with the full force, effect
and attributes of a judgment of this State, and is not, on and
after the date it is due, subject to retroactive modification.

### INCOME WITHHOLDING

IT IS FURTHER ORDERED AND ADJUDGED that an order of income
withholding shall be entered and shall take effect immediately
unless the provisions of MCL 552.604; MSA 25.164(4) apply in
which case an order of income withholding shall take effect after
the Friend of the Court gives such notice as required by law.

### STATUTORY COLLECTION FEE

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, shall pay to the Office of the Friend of
the Court for Saginaw County the Statutory Collection Fee as it
comes due.

### HOSPITALIZATION

IT IS FURTHER ORDERED AND ADJUDGED that if either party is
employed or becomes employed, that party shall obtain and main-
tain any health care coverage that is available to that party at
the reasonable cost as a benefit of employment for the minor
child of this cause; that if either party is self-employed and
obtains or maintains health care coverage for his or her own ben-
efit, that party shall obtain and maintain health care coverage
for the minor child of this cause, if available at a reasonable
cost.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, pay 37% and the Defendant, RUDOLPH HENSON
SKILLMAN, pay 63% of any uninsured health care expenses, other
than ordinary expenditures, for the minor child; and that Plain-
tiff may enforce this provision only if she first obtains a
Circuit Court Order specifying the exact amount Defendant owes
for the minor's uninsured health care expenses.

IT IS FURTHER ORDERED AND ADJUDGED that the custodial parent
is required to pay the total amount of ordinary health care
expenditures which includes such items as nonprescription medi-
cations, vitamins and bandages purchased by the household on a
routine basis in anticipation of minor illnesses and injuries.

### VISITATION RIGHTS

IT IS FURTHER ORDERED AND ADJUDGED that the noncustodial
parent shall have reasonable rights of visitation as outlined in

-4-

the attached schedule which has been adopted by the Saginaw
County Friend of the Court.

### ARREARAGE

IT IS FURTHER ORDERED AND ADJUDGED that any arrearages pres-
ently existing for temporary support be paid by Defendant forth-
with.

### PROPERTY SETTLEMENT

#### Real Estate

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, is hereby awarded all right, title and interest
in and to the real estate presently owned by the parties, located
at 922 Cherry Street, Saginaw, Michigan, which is legally de-
scribed as follows:

> East Eighty-five (85) Feet of Lot Sixteen (16) and the
> East Eighty-five (85) Feet of the North Nineteen (19)
> Feet of Lot Fifteen (15), Block Twenty (20), Glasby,
> Gallagher and Little's Addition, subject to easements,
> reservations and restrictions of record or in common
> use;

that the mortgage balance due thereon and any deficiency which
may occur, as it relates to said mortgage, shall be assumed by
the Plaintiff, JOYCE LaVERNE SKILLMAN, and the Defendant, RUDOLPH
HENSON SKILLMAN, shall be held harmless by the Plaintiff as to
further obligations related thereto.

#### Vehicles

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, is awarded all right, title and interest in and
to the 1985 Chevrolet Blazer and the 1994 Oldsmobile Pravada, and
the same shall be her own sole and separate property free and
clear from any claims therein on the part of the Defendant; and
that Plaintiff shall assume and be responsible for any indebted-
ness due thereon, saving Defendant harmless therefrom.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, is awarded all right, title and interest
in and to the 1979 Chevrolet Van, and the same shall be his own
sole and separate property, free and clear from any claims there-
in on the part of the Plaintiff.

#### Personal Property

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, is awarded all the furniture, fixtures and
appliances in the marital home and any other personal property
presently in her possession, not specifically designated for

-5-

Defendant, and the same shall be her own sole and separate prop-
erty, free and clear from any claims therein on the part of the
Defendant; and that Plaintiff shall assume and be responsible for
any indebtedness due thereon, saving Defendant harmless there-
from.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, is awarded his records, clothing and any
other personal property presently in his possession, not specif-
ically designated for Plaintiff, and the same shall be his own
sole and separate property, free and clear from any claims there-
in on the part of the Plaintiff; and that Defendant shall assume
and be responsible for any indebtedness due thereon, saving
Plaintiff harmless therefrom.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff and
the Defendant are each awarded one-half of the pending class
action discrimination lawsuit related to Defendant's employment
at General Motors.

## Accounts

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, is awarded her COPCO Credit Union account; and
that she shall hold the First of Michigan Corporation, Account
#73736787, for the minor child, MARISA JOY SKILLMAN, as trustee,
until said child is of sufficient age to manage the account on
her own.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant,
RUDOLPH HENSON SKILLMAN, is awarded his SAEF-CU account.

## Stocks

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE
LaVERNE SKILLMAN, is awarded the proceeds of 49 shares of General
Motors E stock she should on June 24, 1994, plus the 3 remaining
shares of General Motors E Stock.

## General Motors Savings Plan, 401K and ESOP

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff and
Defendant are each awarded a 50% net value in the following
assets:

    (1)  Defendant's General Motors/Pinkerton stock savings
        plan valued at $42.625 per share as set forth in
        the February 23, 1995 edition of the Wall Street
        Journal;

    (2)  Plaintiff's 401K and ESOP plans valued on her
        September, 1994 Statement.

IT IS FURTHER ORDERED AND ADJUDGED that the value of the
Defendant's General Motors/Pinkerton stock savings plan shall be

-6-

reduced by $6,990.09 (as resulted from loans made in May, 1991 in the sum of $2,242.44 and March, 1993 in the sum of $4747.65).

IT IS FURTHER ORDERED AND ADJUDGED that the distribution of each party's half share of said accounts shall be accomplished as follows:

(1)  Plaintiff is awarded ownership of her 401K and ESOP plans (the value on the September, 1994 Statement is determined to be $9,834.99);

(2)  Defendant shall receive a credit against his General Motors/Pinkerton stock savings plan in the sum of $9,834.99;

(3)  That by July 1, 1995, Defendant shall pay Plaintiff the difference in value required to obtain a 50/50 division of the three assets (General Motors/Pinkerton stock savings plan, 401K and ESOP).

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE LaVERNE SKILLMAN, shall retain a judicial lien against the Defendant's General Motors/ Motors/Pinkerton stock savings plan; and that Defendant shall not further encumber his stock savings plan account until he pays Plaintiff, except as it is necessary to pay Plaintiff to satisfy his obligation to her.

### TAX ELECTION OF PARTIES

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to the agreement of the parties, the parties elect that all property transfers herein shall be considered property transfers under [P.L. 98-369 Sections 421 et seq (formerly Sec. 1041(a)(b)(c)(d)) of the 1954 IRS Code] to the end that no gain or loss shall be recognized by either party.

### EXECUTION OF DOCUMENTS

IT IS FURTHER ORDERED AND ADJUDGED that each party hereto shall sign any and all titles, documents, deeds or any other legal instruments necessary and proper to carry out the provisions of this Judgment; and in the event either party hereto neglects or refuses to execute such instrument or instruments as aforesaid, this Judgment, or a certified copy of this Judgment, shall have the same force and effect.

### ALIMONY

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, RUDOLPH HENSON SKILLMAN, shall pay the Plaintiff, JOYCE LaVERNE SKILLMAN, alimony in gross in the sum of $1,800.00, payable at $75.00 per month for a period of two years, beginning the first day of the first month after entry of Judgment.

-7-

IT IS FURTHER ORDERED AND ADJUDGED that said alimony in gross shall be non-modifiable, tax deductible for Defendant and taxable to Plaintiff, and subject to a wage assignment order, plus all costs of collection in the event Defendant fails to promptly make his payments.

## PENSIONS, ANNUITY AND/OR RETIREMENT BENEFITS

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE LaVERNE SKILLMAN, is awarded one-half of the monthly benefit de-rived from the Defendant's pension-retirement program at General Motors and/or Pinkerton as her separate interest, calculated to July 1, 1994, and that this award of benefits is set forth with specificity in the Qualified Domestic Relations Order, entered contemporaneously with the entry of this Judgment.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, JOYCE LaVERNE SKILLMAN, shall be named for the full survivorship bene-fits on Defendant's pension-retirement program, and that this award of benefits is set forth with specificity in the Qualified Domestic Relations Order, entered contemporaneously with the entry of this Judgment.

## DOWER

IT IS FURTHER ORDERED AND ADJUDGED that in accordance with the statute in such case made and provided, that the provisions herein made for the Plaintiff shall be in lieu of her dower, homestead or other rights in the property of the Defendant and in full satisfaction and discharge of any and all claims which the Plaintiff has or may have in the future on any property which the Defendant owns or in which he has or may in the future have an interest; and that Defendant shall hereafter hold his remaining estate and other property free, clear and discharged from any such dower rights or claims by the Plaintiff.

## MEDICAL INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, RUDOLPH HENSON SKILLMAN, shall retain Plaintiff as an insured on his General Motors/Pinkerton health insurance policy until entry of Judgment.

## LIFE INSURANCE

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, RUDOLPH HENSON SKILLMAN, shall keep and maintain the life insurance policy currently available through his employer, General Motors/Pinkerton, naming the Plaintiff, JOYCE LaVERNE SKILLMAN, as beneficiary until entry of Judgment, and there-after, Defendant shall name the minor child, MARISA JOY SKILLMAN, as beneficiary until such time that his child support obligation ceases, and thereafter, Defendant shall have the right to change the beneficiary of said policy of insurance.

-8-

IT IS FURTHER ORDERED AND ADJUDGED that neither the Plaintiff nor the Defendant shall hereafter have any right, title or interest in and to any insurance presently existing upon the life of either of the parties and that each party shall be at liberty to change the beneficiary of any insurance upon their respective lives or otherwise deal with or dispose of the same, except for the provision as set forth above.

## MARITAL DEBTS

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, RUDOLPH HENSON SKILLMAN, shall pay and be responsible for any indebtedness against his General Motors stock savings plan, any and all IRS liability he may have incurred before the tax year 1994, holding Plaintiff harmless therefrom.

IT IS FURTHER ORDERED AND ADJUDGED that except as herein stated, each party shall pay and be responsible for his/her own respective debts, holding the other party harmless therefrom.

## ATTORNEY FEES

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, RUDOLPH HENSON SKILLMAN, shall pay to HAUFFE & HAUFFE, P.C., Attorneys at Law, the sum of Five Hundred ($500.00) Dollars within ninety (90) days from date of Judgment, for the use and benefit of services to the Plaintiff; and that failure to pay will subject Defendant to a wage assignment order, plus all costs of collection.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that in the event either party refuses, neglects or fails to perform the terms of this Judgment, the other party may petition this Court for any and all further relief necessary to effectuate the terms of this Judgment; and IT IS EXPRESSLY ORDERED AND ADJUDGED that this Court retains jurisdiction over the parties and the subject matter until all provisions of this Judgment have been fully carried out.

## WHEN JUDGMENT BECOMES FINAL

IT IS FURTHER ORDERED AND ADJUDGED that this Judgment of Divorce shall become final and effective immediately upon entry thereof with the Office of the County Clerk.

_____
ROBERT L. KACZMAREK, CIRCUIT JUDGE

COUNTERSIGNED:

_____
Deputy Clerk

APPROVED BY:

_____
DENISE M. CLACK (P40982)
ASSOCIATE FRIEND OF THE COURT

STATE OF MICHIGAN } ss.
County of Saginaw

In the Circuit Court of the County of Saginaw

File No. 94-2126-DM-2

JOYCE LaVERNE SKILLMAN

vs.

RUDOLPH HENSON SKILLMAN

I, ROLAND G. NIEDERSTADT, .......................................................... Clerk of said

County and Clerk of the Circuit Court thereof, do hereby certify that the annexed is a copy of

the Judgment of Divorce

That I have compared the said copy with the original on file and of record in my office,
and that it is a correct transcript therefrom and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand

and affixed the seal of said Court, at the City of Saginaw, this

(SEAL)          ............6............ day of ......April...... A. D. 19 95

ROLAND G. NIEDERSTADT ...................................................
                                                              Clerk.

By ...................................................................
                                                        Deputy Clerk.

S T A T E   O F   M I C H I G A N

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

| | |
|---|---|
| JOYCE LaVERNE SKILLMAN, ) | |
|        Plaintiff, ) | |
| | File No. 94-2126-DM-2 |
| vs. ) | HON. ROBERT L. KACZMAREK |
| RUDOLPH HENSON SKILLMAN, ) | |
|        Defendant. ) | |

_____)

HAUFFE & HAUFFE, P.C.                    )
By IRWIN F. HAUFFE II (P14750)
Attorney for Plaintiff                   )
971 Midland Road
Saginaw, Michigan  48603                 )
Phone:  (517)  799-9370
                                         )
ACHILLES J. TARACHAS (P21263)
Attorney for Defendant                   )

_____)

**QUALIFIED DOMESTIC RELATIONS ORDER**

AT A SESSION OF SAID COURT, HELD AT THE COURTHOUSE IN THE CITY OF SAGINAW, COUNTY OF SAGINAW, STATE OF MICHIGAN, ON THE _1st_ DAY OF _Nov_ , 1995.

PRESENT: HONORABLE ROBERT L. KACZMAREK, CIRCUIT JUDGE.

THIS ORDER is entered as part of the Property Division Section of the Judgment of Divorce or Separate Maintenance entered in this matter and dated on the 6th day of April, 1995.  It is issued for the purpose of awarding the the Plaintiff/Wife, JOYCE LaVERNE SKILLMAN, a portion of the retirement benefits of the Defendant, which he will hereafter qualify for as a result of his employment as a salaried employee with the General Motors Corporation.  The specific plan from which benefits will be paid and shared by the Plaintiff at actual retirement date, is the GM Retirement Program for Salaried Employees Plan.

IT IS FURTHER ORDERED AND ADJUDGED that this is intended to serve as a Qualified Domestic Relations Order ("QDRO") by which

-1-

Defendant, RUDOLPH HENSON SKILLMAN, assigns a portion of his re-
tirement benefits, under the retirement benefit plan specified
below, to the Plaintiff, JOYCE LaVERNE SKILLMAN, in accordance
with Sections 401(a)(13) and 414 of the Internal Revenue Code of
1954 as amended, (IRS) and as authorized by the laws of the State
of Michigan, Titles 1 and 2 of the Retirement Equity Act of 1984,
(REA) as amended as follows:

1.   The Retirement Benefit Plan subject to this Order is as fol-
     lows:

             GM Salaried Retirement Program
             GM Pension Administration Center
             P.O. Box 5014
             Southfield, MI  48086-5014
             ATTN:  PART

2.   The participant is the Defendant, RUDOLPH HENSON SKILLMAN,
     whose Social Security Number is 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; whose date of
     birth is February 7, 1935; whose last known address is
     1816 Golfview Drive, Apt. #12, Essexville, Michigan 48732.

3.   The alternate payee is the Plaintiff, JOYCE LaVERNE SKILLMAN,
     whose Social Security Number is 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; whose date of
     birth is September 20, 1940; whose last known address is
     922 Cherry Street, Saginaw, Michigan 48607.

4.   The participant and the alternate payee were marred on
     February 8, 1962.

5.   The participant assigns to the alternate payee fifty (50%)
     percent of his retirement benefit, including Part A and Part
     B, which has accrued as of July 1, 1994.

     a.   If, as, and when the participant's retirement benefits
          in the Plan become payable to the participant, the alter-
          nate payee will receive payments from the Plan, pursuant
          to his assignment of benefits to her, of amounts deter-
          mined as follows:

          i.    It is the parties' intention, and the order of
                this Court, that the alternate payee receive a net
                monthly benefit from the plan of 50% of the par-
                ticipant's monthly accrued benefit under the Plan
                effective and accrued as of July 1, 1994.

          ii.   If the Plan pays an early retirement subsidy to the
                participant, then the alternate payee will receive
                a share of that subsidy when it is paid to the par-
                ticipant.  The alternate payee's share of such sub-
                sidy will be equal to fifty (50%) percent of the
                participant's benefits without the subsidy.

iii. If the alternate payee elects to receive her bene-
fit at the participant's early retirement age under
paragraph 5(c), it is the parties' intention and
the Order of this Court that the alternate payee
receive a monthly benefit [determined under Code
Section 414(P)(4)] which is the actuarial equiva-
lent of 50% of the participant's monthly accrued
benefit under the Plan as of July 1, 1994, payable
at his normal retirement. This accrued benefit is
to be based on the participant's years of service
through July 1, 1994, and basic benefit rate as of
the date of the early retirement election by the
alternate payee.

iv. If the alternate payee makes the election to re-
ceive her benefit at the participant's early
retirement age under paragraph 5(c), and the
participant subsequently retires with subsidized
early retirement benefits, the amount payable to
the alternate payee shall be recalculated so that
she also receives a share of the subsidized bene-
fit to which the participant is entitled. The
alternate payee's share of this subsidy is to be
determined under paragraph 5(a)(ii).

b. The benefits payable to the alternate payee will other-
wise commence when the participant begins to receive
benefits under the Plan and will cease upon his death.
However, the participant is hereby ordered to elect the
survivor annuity option as set forth in subparagraph e
below.

c. The alternate payee shall have the right to elect to re-
ceive benefit payments under the Plan at any time begin-
ning when the participant reaches early retirement age
under the Plan.

d. The Plan will pay benefits to the alternate payee in any
form permitted by the Plan which is selected by her, pro-
vided that the form she selects does not adversely affect
the selection by the participant of a form of benefit
payment (including his right to designate a beneficiary
other than or in addition to the alternate payee).

e. The alternate payee will be designated as a surviving
spouse for purpose of the pre-retirement survivor annuity
benefit and the post-retirement survivor annuity benefit
under the Plan, which has accrued as of July 1, 1994.

f. The alternate payee shall include in her gross income,
for the tax year of receipt, all retirement benefits that
she receives pursuant to the participant's assignment of

-3-

benefits; and, accordingly, the participant shall not in-
clude such benefits in his gross income. The alternate
payee shall be treated as the sole distributee under IRC
Sections 72 and 401 of any payment or distribution that
is made to her under the participant's assignment of
benefits. Further, the participant's investment in the
Plan, if any, shall be shared proportionately by him and
the alternate payee as provided in Section 72(m)(10) of
the IRC.

g. The alternate payee shall be entitled to post-retirement
increases to the extent of her interest awarded under #5
above.

6. This assignment of benefits does not require the Plan to pro-
vide any type or form of benefit, or any option, not other-
wise provided under the Plan. This assignment does not
require the plan to provide increased benefits (determined
on the basis of actuarial equivalent values). This assign-
ment does not require the Plan to provide benefits to the
alternate payee which are required to be paid to another
alternate payee under another Order previously determined
to be a Qualified Domestic Relations Order.

7. The participant, the alternate payee, and the Court intend
this Order to be a Qualified Domestic Relations Order under
the Retirement Equity Act of 1984, Pub. L. No. 98-397.

8. The parties agree that their mutual intent is to provide the
alternate payee with a retirement payment that fairly repre-
sents what they have agreed to be her marital share of the
participant's accrued retirement benefit as defined in para-
graph 5. In the event any Order submitted to the adminis-
trator of the Plan is held not to be a Qualified Domestic
Relations Order ("QDRO") within the meaning of IRC Section
414(p), the parties hereby agree to submit to and request a
Court of competent jurisdiction to modify the Order to make
it a QDRO in such a manner that will reflect the parties'
intent an herein expressed and thereafter to enter an Order
Modifying the Domestic Relations Order entered at the time
the parties are divorced, said modification Order to be en-
tered nunc pro tunc if appropriate.

9. If the Plan from which benefits are assigned under this Order
terminates with an unfunded liability, and the Pension Bene-
fit Guaranty Corporation ("PBGC") makes benefit payments in
connection with such plan, and if the amount of the total
benefit payment to be paid to both the participant and the
alternate payee is thus reduced, then the participant's ben-
efits payments, and the alternate payee's benefits payments
shall each be reduced the same percentage.

-4-

IT IS FURTHER ORDERED AND ADJUDGED that the above referred to Qualified Domestic Relations Order shall be considered a portion of the Property Settlement of the Judgment of Divorce entered by this Court on the 6th day of April, 1995.

**Robert L. Kaczmarek**

ROBERT L. (KACZMAREK), CIRCUIT JUDGE

COUNTERSIGNED:

**JOANN H. POHLMAN**

Deputy Clerk

RUDOLPH HENSON SKILLMAN, Defendant

**STATE OF MICHIGAN** } SS.
County of Saginaw }

In the Circuit Court of the County of Saginaw

File No. 94-2126-DM-2

JOYCE LaVERNE SKILLMAN

................................................................................................................................................

VS.

RUDOLPH HENSON SKILLMAN

................................................................................................................................................

I, ROLAND G. NIEDERSTADT ......................................................................... Clerk of said

County and Clerk of the Circuit Court thereof, do hereby certify that the annexed is a copy of

the Qualified Domestic Relations Order ........................................................................

................................................................................................................................................

................................................................................................................................................

................................................................................................................................................

................................................................................................................................................

That I have compared the said copy with the original on file and of record in my office,
and that it is a correct transcript therefrom and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand

and affixed the seal of said Court, at the City of Saginaw, this

(SEAL)                         ............ 1st ............ day of ...November... A. D. 19 95

ROLAND G. NIEDERSTADT ...........................................................
                                                                    Clerk.

By ...............................................................................................
                                                                Deputy Clerk.

## S T A T E   O F   M I C H I G A N

### IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

| | | |
|---|---|---|
| JOYCE LaVERNE SKILLMAN, | ) | |
| Plaintiff, | ) | |
| | | File No. 94-2126-DM-2 |
| vs. | ) | |
| | | HON. ROBERT L. KACZMAREK |
| RUDOLPH HENSON SKILLMAN, | ) | |
| Defendant. | ) | |
| | ) | |

HAUFFE & HAUFFE, P.C.          )
By IRWIN F. HAUFFE II (P14750)
Attorney for Plaintiff        )
971 Midland Road
Saginaw, Michigan  48603      )
Phone:  (517)  799-9370
                              )

### ORDER AMENDING QUALIFIED DOMESTIC RELATIONS ORDER

AT A SESSION OF SAID COURT, HELD IN THE COURTHOUSE IN THE CITY OF SAGINAW, COUNTY OF SAGINAW, STATE OF MICHIGAN, ON THE 27th DAY OF June , 1996.

PRESENT:  HONORABLE ROBERT L. KACZMAREK, CIRCUIT JUDGE.

A Qualified Domestic Relations Order having been entered on May 8, 1995, the Court being advised that certain language is required in order for the Plaintiff to receive benefits that the Defendant acquired as a salaried employee;

IT IS ORDERED that paragraph one of the Qualified Domestic Relations Order entered on May 8, 1995, be amended to read as follows:

1. The Retirement Benefit Plan subject to this Order is as follows:

> GM Hourly Rate Employees Pension Plan and
> GM Salaried Retirement Program
> Pension Administrator
> 8-227 GM Building
> 3044 West Grand Blvd.
> Detroit, Michigan 48202

-1-

IT IS FURTHER ORDERED that all other provisions contained in the Qualified Domestic Relations Order dated May 8, 1995, shall remain in full force and effect.

**Robert L. Kaczmarek**

(P16638)

_____
ROBERT L. KACZMAREK, CIRCUIT JUDGE

COUNTERSIGNED:

**MARGA I. LUDLUM**

_____
Deputy Clerk

STATE OF MICHIGAN $\}$ SS.
County of Saginaw

In the Circuit Court of the County of Saginaw     File No. 94-2126-DM-2

JOYCE LaVERNE SKILLMAN

.......................................................................................................................................

vs.

RUDOLPH HENSON SKILLMAN

.......................................................................................................................................

I, ROLAND G. NIEDERSTADT,........................................................................ Clerk of said

County and Clerk of the Circuit Court thereof, do hereby certify that the annexed is a copy of

the Order Amending Qualified Domestic Relations Order.........................................

That I have compared the said copy with the original on file and of record in my office, and that it is a correct transcript therefrom and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand

and affixed the seal of said Court, at the City of Saginaw, this

(SEAL)      ............27th............day of............June,............A. D. 19 96.

ROLAND G. NIEDERSTADT

                        Clerk.

By ............Marga D. Rudlum............

                        Deputy Clerk.

STATE OF MICHIGAN
DEPARTMENT OF COMMUNITY HEALTH
# CERTIFICATE OF DEATH

**STATE FILE NUMBER**
2530931

**DECEDENT**

| 1. DECEDENT'S NAME (First, Middle, Last) | 2. DATE OF BIRTH (Month, Day, Year) | 3. SEX | 4. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|
| RUDOLPH  HENSON  SKILLMAN, SR. | February 7, 1935 | Male | November 25, 2007 |

| 5. NAME AT BIRTH OR OTHER NAME USED FOR PERSONAL BUSINESS (include AKA's if any) | 6a. AGE - Last Birthday (Years) | 6b. UNDER 1 YEAR MONTHS / DAYS | 6c. UNDER 1 DAY HOURS / MINUTES |
|---|---|---|---|
|  | 72 | | |

| 7a. LOCATION OF DEATH (Enter place officially pronounced dead in 7a, 7b, 7c) HOSPITAL OR OTHER INSTITUTION - Name (if not in either, give street and number and zip code) | 7b. CITY, VILLAGE, OR TOWNSHIP OF DEATH | 7c. COUNTY OF DEATH |
|---|---|---|
| 1816 Golfview Dr., #12 | Hampton Township | Bay |

| 8a. CURRENT RESIDENCE - STATE | 8b. COUNTY | 8c. LOCALITY (check the box that describes the location) | 8d. STREET AND NUMBER (Include Apt. No. if applicable) |
|---|---|---|---|
| Michigan | Bay | ☐ CITY OR VILLAGE (inside limits of)  ☒ TOWNSHIP  ☐ UNINCORPORATED PLACE  Hampton | 1816 Golfview Dr. #12 |

| 8e. ZIP CODE | 9. BIRTHPLACE (City and State or Country) | 10. SOCIAL SECURITY NUMBER | 11. DECEDENT'S EDUCATION - What is the highest degree or level of school completed at the time of death? |
|---|---|---|---|
| 48706 | Omaha, Nebraska | 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 | 2 Years of College |

| 12. RACE - American Indian, White, Black, etc. (if Asian, give nationality; ie, Chinese, Filipino, Asian Indian, etc.) (Enter all that apply) | 13a. ANCESTRY - Mexican, Cuban, Arab, African, English, French, Dutch, etc. (Enter all that apply) If American Indian race, enter principal tribe | 13b. HISPANIC ORIGIN (Yes or No) | 14. WAS DECEDENT EVER IN THE U.S. ARMED FORCES? (yes or no) |
|---|---|---|---|
| Black | African-American | No | Yes |

| 15. USUAL OCCUPATION Give kind of work done during most of working life. Do not use retired. | 16. KIND OF BUSINESS OR INDUSTRY | 17. MARITAL STATUS - Married, Never Married, Widowed, Divorced | 18. NAME OF SURVIVING SPOUSE (if wife, give name before first married) |
|---|---|---|---|
| Laborer | Automotive | Divorced | |

**PARENTS**

| 19. FATHER'S NAME (First, Middle, Last) | 20. MOTHER'S NAME BEFORE FIRST MARRIED (First, Middle, Last) |
|---|---|
| Leonard Henson Skillman | Marjorie  Fristoe |

**INFORMANT**

| 21a. INFORMANT'S NAME (Type/Print) | 21b. RELATIONSHIP TO DECEDENT | 21c. MAILING ADDRESS (Street and Number or Rural Route Number, City or Village, State, Zip Code) |
|---|---|---|
| Alicia  Skillman | Daughter | 131 W. Parkhurst Place, Detroit, MI  48203 |

**DISPOSITION**

| 22. METHOD OF DISPOSITION Burial, Cremation, Entombment, Donation, Removal, Storage (Specify) | 23a. PLACE OF DISPOSITION (Name of Cemetery, Crematory, or other location) | 23b. LOCATION - City or Village, State |
|---|---|---|
| Burial | Forest Lawn Cemetery | Saginaw, Michigan |

| 24. SIGNATURE OF MORTUARY SCIENCE LICENSEE | 25. LICENSE NUMBER (of Licensee) | 26. NAME AND ADDRESS OF FUNERAL FACILITY |
|---|---|---|
| Lawrence E. L... | 005582 | Browne's Mortuary 441 N. Jefferson Ave., Saginaw, MI  48607 |

**CERTIFICATION**

| 27a. Certifying (Check only one) | 28a. ACTUAL OR PRESUMED TIME OF DEATH | 28b. PRONOUNCED DEAD ON (Mo, Day Yr) | 28c. TIME PRONOUNCED DEAD |
|---|---|---|---|
| ☐ Certifying Physician - To the best of my knowledge, death occurred due to the (cause)s and manner stated. ☒ Medical Examiner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place due to the cause(s) and manner stated. | UNKNOWN M | 11-25-07 | 11:02 A/P M |
| Signature and Title | 29. MEDICAL EXAMINER CONTACTED? (Yes or No) | 30. PLACE OF DEATH (Home, Hospice, Nursing Home, Hospital, Ambulance) (Specify) | 31. IF HOSPITAL, (Inpatient, Outpatient, Emergency Room, DOA) (Specify) |
|  | Yes | Home | |

| 27b. DATE SIGNED (Mo, Day, Yr) | 27c. LICENSE NUMBER | 32. MEDICAL EXAMINER'S CASE NUMBER (if applicable) | 33. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) |
|---|---|---|---|
| 12-3-07 | 5079 | B07-74 | |

| 34. NAME AND ADDRESS OF CERTIFYING PHYSICIAN (Type or Print) |
|---|
| HOWARD F. HURT D.O. 3720 KATALIN CT. BAY CITY, MI 48706 |

| 35a. REGISTRAR'S SIGNATURE | 35b. DATE FILED (Month, Day, Year) |
|---|---|
| Winnie A. Luczak | December 3, 2007 |

36. PART I. Enter the chain of events - diseases, injuries, or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. Enter only one cause on a line.   *Approximate Interval Between*

If diabetes was an immediate ...