Presentment Date and Time: December 10, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: December 10, 2009 at 9:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
    :
   In re    :   Chapter 11
    :
DPH HOLDINGS CORP., et al.,    :   Case No. 05-44481 (RDD)
    :
    :   (Jointly Administered)
   Reorganized Debtors.    :
    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF
SIXTEENTH SUPPLEMENTAL ORDER UNDER
11 U.S.C. §§ 102(1) AND 105 AND FED. R. BANKR. P. 2002(m),
9006, 9007, AND 9014 ESTABLISHING OMNIBUS HEARING
DATES AND REVISING CERTAIN NOTICE PROCEDURES

PLEASE TAKE NOTICE that on November 30, 2009, DPH Holdings Corp. and

certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized

Debtors") filed an application  (the "Application," a copy of which is attached to this notice as Exhibit A) for entry of the proposed Sixteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Revising Certain Notice Procedures (the "Sixteenth Supplemental Case Management Order," a copy of which is attached to this notice as Exhibit B).

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed Sixteenth Supplemental Case Management Order must (a) be made in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. Sections 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (the "Supplemental Case Management Order") (Docket No. 2883), and the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures (the "Fifteenth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5-inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: John Brooks), (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North

2

Wacker Drive, Chicago, Illinois 60606-1285 (Att'n: John Wm. Butler, Jr.) and Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522 (Att'n: Kayalyn A. Marafioti), and (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Matsumoto), in each case so as to be **received** no later than **9:00 a.m. (prevailing Eastern time)** on December 10, 2009 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if timely written objections to the proposed Sixteenth Supplemental Case Management Order are filed, served, and received in accordance with this notice, a hearing to consider approval of the Application will be held on December 10, 2009 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that if no written objections to the proposed Sixteenth Supplemental Case Management Order are timely filed, served, and received, the proposed Sixteenth Supplemental Case Management Order will be submitted for signature to the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140, on December 10, 2009 at 10:00 a.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that only those objections made in writing, in accordance with the Supplemental Case Management Order and the Fifteenth Supplemental Case Management Order, and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court, and that if no objections to the Application are timely filed and served the Bankruptcy Court may enter an order granting the Application **without further notice**.

Dated: New York, New York
November 30, 2009

    SKADDEN, ARPS, SLATE, MEAGHER
      & FLOM LLP

By: /s/ Ron E. Meisler
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

# Exhibit A

Presentment Date and Time: December 10, 2009 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: December 10, 2009 at 9:00 a.m. (prevailing Eastern time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                                  : Chapter 11
:
DPH HOLDINGS CORP., et al.,            : Case No. 05-44481 (RDD)
:
: (Jointly Administered)
Reorganized Debtors.                   :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPLICATION FOR SIXTEENTH SUPPLEMENTAL
ORDER UNDER 11 U.S.C. §§ 102(1) AND 105 AND
FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014
ESTABLISHING OMNIBUS HEARING DATES
AND REVISING CERTAIN NOTICE PROCEDURES

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors") hereby submit this application (the "Application") for entry of a Sixteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Revising Certain Notice Procedures (the "Sixteenth Supplemental Case Management Order") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 8, 2005, the Debtors filed a motion for an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 (a) establishing omnibus hearing dates, (b) establishing certain notice, case management, and

administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Case Management Motion").  On October 14, 2005, this Court entered an order granting the Case Management Motion (Docket No. 245).[1]

       3.      On January 5, 2007, this Court entered the Order Under U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001 And 6004(g) (I) Authorizing Debtors To Obtain Post-Petition Financing And (II) Authorizing Debtors To Refinance Secured Post-Petition Financing And Prepetition Secured Debt (Docket No. 6461) (the "Refinancing Order").

       4.      On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) on January 25, 2009.

       5.      The Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the confirmed Plan (as modified, the "Modified Plan") and related disclosure statement and (ii) related procedures for re-soliciting votes on the Modified Plan (Docket No. 14310) (the "Plan Modification Motion") on October 3, 2008.  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion, which sought approval of (i) the

---

[1] This Court subsequently entered a series of additional supplemental case management orders.  These orders were entered on March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), March 28, 2006 (Docket No. 2995), April 20, 2006 (Docket No. 3293), May 3, 2006 (Docket No. 3589), May 5, 2006 (Docket No. 3629), May 11, 2006 (Docket No. 3730), May 19, 2006 (Docket No. 3824), October 26, 2006 (Docket No. 5418), October 19, 2007 (Docket No. 10661), February 4, 2008 (Docket No. 12487), July 15, 2008 (Docket No. 13920), July 23, 2008 (Docket No. 13965), December 4, 2008 (Docket No. 14534), April 30, 2009 (Docket No. 16589), and August 27, 2009 (Docket No. 18839) (the "Fifteenth Supplemental Case Management Order") (collectively, the "Prior Supplemental Case Management Orders").

Modified Plan, (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. The Court approved the Modified Plan on July 30, 2009.

6. On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date occurred, and the transactions under the Master Disposition Agreement (as defined in the Modified Plan) and related agreements closed.

7. Pursuant to the Refinancing Order, the Debtors irrevocably repaid in full all outstanding loans under that certain Third Amended and Restated Credit Agreement, dated as of June 14, 2005, among Delphi Corporation, the several lenders from time to time party thereto, and JPMorgan Chase Bank, N.A., as administrative agent (as amended, supplemented, or otherwise modified, the "Prepetition Credit Facility") on or about January 5, 2007.

8. Moreover, pursuant to Article 14.6 of the Modified Plan and as a result of the occurrence of the Effective Date, as of October 6, 2009, the official committee of unsecured creditors appointed pursuant to section 1102(a) of the Bankruptcy Code on October 17, 2005 (the "Creditors' Committee") was automatically dissolved.

Relief Requested[2]

9.  Because the Debtors have irrevocably repaid in full all outstanding loans under the Prepetition Credit Facility and the Creditors' Committee has ceased to exist, the Reorganized Debtors respectfully request that this Court modify paragraphs 6, 15, 19, and 20 of the Supplemental Case Management Order.  Specifically, to avoid unnecessary expense, the Supplemental Case Management Order should be revised to provide that (a) Filings or Responses in the above-captioned cases, (b) any document identifying any evidence to be introduced or witnesses to be called by the Movant or Objecting Party at an evidentiary hearing, and (c) initial Filings, complaints, or other pleadings filed in any adversary proceeding commenced in the above-captioned cases need not be served upon (x) the members of and counsel for the Creditors' Committee or (y) counsel for the agent under the Prepetition Credit Facility.

10.  In addition, the Reorganized Debtors respectfully request that this Court modify paragraph 11 of the Supplemental Case Management Order to delete all references to the Creditors' Committee or to counsel to the Creditors' Committee.  Specifically, paragraph 11 of the Supplemental Case Management Order should be amended to read in its entirety as follows:

> "11.  Expedited Hearing Procedure.  In the event a party cannot comply with the Filing Deadline, such party may shorten the Filing Deadline and have a Filing heard on the next Omnibus Hearing Date, if it requires emergency or expedited relief and complies with the following procedures, unless counsel to the Debtors does not object to the shortened notice:
>
> A.  Such movant or applicant shall make a good faith effort to contact counsel to the Debtors to request that such Motion be considered on an expedited basis.  If counsel for the Debtors does not object, the Motion may be heard at the next Omnibus Hearing that is no fewer than 10 days after the Motion is filed.

---

[2]  Capitalized terms used but not defined in this Requested Relief section of this Application have the meanings ascribed to them in the Case Management Motion.

4

     B. In the event that counsel to the Debtors disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested or otherwise objects, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone and (ii) arrange for a Chambers Conference, telephonic or in-person, to be held among (a) the Court, (b) counsel to the Debtors, and (c) such movant or applicant. Following such Chambers Conference, a hearing on such Motion shall be set by the Court at its discretion.

     C. Any Motion scheduled to be heard in accordance with subparagraph A or B above must, as set forth in the Local Rules, state with specificity the reason why an emergency exists or why there is a need for expedited treatment, indicate in the caption thereof that it is an emergency or expedited motion, and certify compliance with this paragraph."

    11. For clarity, the Reorganized Debtors also respectfully request that references in the Prior Supplemental Case Management Orders to "the Debtors" be interpreted as references to the Debtors or the Reorganized Debtors, as the circumstances require.

    12. Finally, the Reorganized Debtors respectfully request that this Court (a) modify paragraph 1 of the Fifteenth Supplemental Case Management Order to provide that the location of the Omnibus Hearing scheduled for December 10, 2009 at 10:00 a.m. (prevailing Eastern time) has been moved from the Alexander Hamilton Custom House, One Bowling Green, Courtroom 610, New York, New York 10004-1408, to the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140 and (b) schedule additional Omnibus Hearings in the above-captioned cases to be held in United States Bankruptcy Court, Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, or as may be determined by the Court, on the following Omnibus Hearing Dates:

     January 21, 2010 at 10:00 a.m. (prevailing Eastern time);

     February 18, 2010 at 10:00 a.m. (prevailing Eastern time); and

     March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

WHEREFORE, the Reorganized Debtors respectfully request that this Court (i) enter the Sixteenth Supplemental Case Management Order and (ii) grant the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         November 30, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By:  /s/  Ron E. Meisler
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:  /s/  Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                           :     Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :     Case No. 05-44481 (RDD)
                                        :
        Reorganized Debtors.        :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIXTEENTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND REVISING CERTAIN NOTICE PROCEDURES

("SIXTEENTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[3] of Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), for an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 (a) establishing omnibus hearing dates, (b) establishing certain notice, case management, and administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York; and

This Court having entered an order granting the Case Management Motion on October 14, 2005 (Docket No. 245); and

---

[3]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Case Management Motion.

This Court having entered supplemental case management orders on March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), March 28, 2006 (Docket No. 2995), April 20, 2006 (Docket No. 3293), May 3, 2006 (Docket No. 3589), May 5, 2006 (Docket No. 3629), May 11, 2006 (Docket No. 3730), May 19, 2006 (Docket No. 3824), October 26, 2006 (Docket No. 5418), October 19, 2007 (Docket No. 10661), February 4, 2008 (Docket No. 12487), July 15, 2008 (Docket No. 13920), July 23, 2008 (Docket No. 13965), December 4, 2008 (Docket No. 14534), April 30, 2009 (Docket No. 16589), and August 27, 2009 (Docket No. 18839) (the "Fifteenth Supplemental Case Management Order") (collectively, the "Prior Supplemental Case Management Orders"); and

This Court having scheduled additional omnibus hearing dates (the "Omnibus Hearing Dates") in these cases; and

The official committee of unsecured creditors appointed pursuant to section 1102(a) of the Bankruptcy Code on October 17, 2005 (the "Creditors' Committee") having been automatically dissolved, effective as of October 6, 2009, pursuant to Article 14.6 of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession (As Modified), dated July 30, 2009, attached as Exhibit A to the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order [Docket No. 12359], entered July 30, 2009 (Docket No. 18707); and

The Debtors having irrevocably repaid in full, pursuant to the Order Under U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001 And 6004(g) (I) Authorizing Debtors To Obtain Post-Petition Financing And (II)

2

Authorizing Debtors To Refinance Secured Post-Petition Financing And Prepetition Secured Debt, entered January 5, 2007 (Docket No. 6461), all outstanding loans under that certain Third Amended and Restated Credit Agreement, dated as of June 14, 2005, among Delphi Corporation, the several lenders from time to time party thereto, and JPMorgan Chase Bank, N.A., as administrative agent (as amended, supplemented, or otherwise modified, the "Prepetition Credit Facility"), on or about January 5, 2007; it is hereby

ORDERED THAT:

1.  The following Omnibus Hearing Dates have been scheduled for omnibus hearings in these cases (the "Omnibus Hearings") to be held in United States Bankruptcy Court, Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, or as may be determined by the Court, and supersede the dates, times, and locations for Omnibus Hearings that are set forth in paragraph 1 of the Fifteenth Supplemental Case Management Order:

> December 10, 2009 at 10:00 a.m. (prevailing Eastern time);
>
> January 21, 2010 at 10:00 a.m. (prevailing Eastern time);
>
> February 18, 2010 at 10:00 a.m. (prevailing Eastern time); and
>
> March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

2.  Additional Omnibus Hearing Dates thereafter may be scheduled by this Court. All matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

3.  If this Court changes any of the Omnibus Hearing Dates set forth in Paragraph 1 above, the Reorganized Debtors are authorized to provide a notice of change of hearing (the "Notice") in accordance with paragraph 15 of the Supplemental Case Management

3

Order.  The terms of such Notice shall be binding upon all parties-in-interest in these chapter 11 cases and no other or further notice or order of this Court shall be necessary.

        4.        Notwithstanding anything to the contrary contained in paragraph 3 of this Order or paragraphs 6, 15, 19, or 20 of the Supplemental Case Management Order, (a) Filings or Responses in the above-captioned cases, (b) any document identifying any evidence to be introduced or witnesses to be called by the Movant or Objecting Party at an evidentiary hearing, and (c) initial Filings, complaints, or other pleadings filed in any adversary proceeding commenced in the above-captioned cases shall not be required to be served upon (x) the members of and counsel for the Creditors' Committee or (y) counsel for the agent under the Debtors' Prepetition Credit Facility.

        5.        Paragraph 11 of the Supplemental Case Management Order shall read in its entirety as follows:

> "11.    <u>Expedited Hearing Procedure</u>.  In the event a party cannot comply with the Filing Deadline, such party may shorten the Filing Deadline and have a Filing heard on the next Omnibus Hearing Date, if it requires emergency or expedited relief and complies with the following procedures, unless counsel to the Debtors does not object to the shortened notice:
>
>     A.    Such movant or applicant shall make a good faith effort to contact counsel to the Debtors to request that such Motion be considered on an expedited basis.  If counsel for the Debtors does not object, the Motion may be heard at the next Omnibus Hearing that is no fewer than 10 days after the Motion is filed.
>
>     B.    In the event that counsel to the Debtors disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested or otherwise objects, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone and (ii) arrange for a Chambers Conference, telephonic or in-person, to be held among (a) the Court, (b) counsel to the Debtors, and (c) such movant or applicant.  Following such Chambers Conference, a hearing on such Motion shall be set by the Court at its discretion.
>
>     C.    Any Motion scheduled to be heard in accordance with subparagraph A or B above must, as set forth in the Local Rules, state with specificity the reason why an emergency exists or why there is a need for expedited

treatment, indicate in the caption thereof that it is an emergency or expedited motion, and certify compliance with this paragraph."

        6.        Except as set forth herein, the Prior Supplemental Case Management Orders shall continue in full force and effect.

        7.        References to the Debtors in the Prior Supplemental Case Management Orders shall be to the Debtors or Reorganized Debtors, as the circumstances require.

Dated: New York, New York
       December ___, 2009

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE