CELESTE R. GILL
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT, NATURAL RESOURCES AND AGRICULTURE DIVISION
525 W. Ottawa, 6th Floor, G. Mennen Williams Building
P.O. Box 30755
Lansing, MI  48909
Telephone:  517-373-7540
Facsimile:  517-373-1610
E-mail:  gillc1@michigan.gov

Attorney for the Michigan Department of Environmental Quality

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
IN RE:                                                      :
                                                            :       Chapter 11
    DPH HOLDINGS CORP., *et al*,         :       Case No. 05-44481 (RDD)
                                                            :
                    Reorganized Debtors.       :       (Jointly Administered)
------------------------------------------------------------x


**MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S
RESPONSE TO REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS
CLAIMS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) and FED R. BANKR.
P3007 TO (I) EXPUNGE CERTAIN (A) EQUITY INTERESTS,
(B) BOOKS AND RECORDS CLAIMS,(C) UNTIMELY CLAIMS
(D) PENSION, BENEFITS AND OPEB CLAIMS, AND (E) WORKER'S
COMPENSATION CLAIMS AND (II) MODIFY AND ALLOW CERTAIN CLAIMS**

The Michigan Department of Environmental Quality (MDEQ), by and through its attorneys, Michael A. Cox, Attorney General and Celeste R. Gill, Assistant Attorney General, files this response to the Reorganized Debtors' Thirty-Eighth Omnibus Claims Objection. Reorganized Debtors filed an objection to MDEQ's claim on the grounds that the claim is unsubstantiated by Reorganized Debtors' books and records.  MDEQ objects to Debtors' request to this Court for an order to disallow or expunge its claims, and states the following:

1

**Background**

1.      Delphi Corporation was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation (GM).  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to Delphi Corporation, in particular a subsidiary and co-debtor, Delphi Automotive Systems, LLC (Delphi or Debtors) in accordance with the terms of a Master Separation Agreement (Agreement) between Delphi and GM.  As part of the Agreement, Delphi assumed primary responsibility for environmental investigation and remediation at these former GM divisions and subsidiaries.

2.      Section 20126 of the Michigan's Natural Resources and Environmental Protection Act (NRPEA), 1994 PA 451, as amended, provides in part:

> (1) Notwithstanding any other provision or rule of law and except as provided in subsection (2), (3), (4), and (5) and section 20128, the following persons are liable under this part:
>> (a) The owner[1] or operator[2] of a facility[3] at the time of disposal of a hazardous substance if the owner is responsible for an activity causing a release or threat of release.
>
> * * *
>
>> (c) An owner or operator of a facility who becomes an owner or operator on or after June 5, 1995, unless the owner or operator complies with both of the following:

---

[1] Owner means a person who owns a facility.  MCL 324.20101(1)(z).

[2] Operator means a person who is in control of or responsible for the operation of the facility [with some exceptions].  MCL 324.20101(y).

[3] Facility means any area, place, or property where a hazardous substance in excess of the concentrations which satisfy the requirements of section 20120a(1)(a) or (17) or the cleanup criteria for unrestricted residential use under Part 213 has been released, deposited, disposed of, or other wise comes to be located.  Facility does not include any area, place, or property at which response activities have been completed which satisfy the cleanup criteria for the residential category provided for in section 20120a(1)(a) and (17) or at which corrective action has been completed under Part 213 which satisfies the cleanup criteria for unrestricted residential use. MCL 324.20101(1)(o).

2

      (i)  A baseline environmental assessment is conducted prior to or within 45 days after the earlier of the date of purchase, occupancy, or foreclosure.  For purpose of this section, assessing property to conduct a baseline environmental assessment does not constitute occupancy.
      (ii) The owner discloses the results of a baseline environmental assessment to the department and subsequent purchaser or transferee if the baseline environmental assessment confirms that the property is a facility.

  3. Delphi became the owner and operator of the former GM division and subsidiaries including the Delphi Energy and Chassis plant located at 2328 East Genesee in Saginaw, Michigan, the Delphi Saginaw Division Plant 2 located at 1400 Holmes in Saginaw, Michigan, the Delphi Automotive – Holland Avenue plant located at 3900 Holland Avenue in Saginaw, Michigan and the Delphi plant(s) located at 1700 Owens Road in Saginaw, Michigan in 1999.  Contamination has been confirmed at each of these facilities above Part 201 cleanup criteria.  The affidavits of MDEQ staff members attesting to Site conditions were attached to MDEQ's proof of claim.

  4. To the extent releases occurred at these sites during Delphi's ownership, Delphi is liable. And it appears releases occurred during Delphi's ownership and operation of some of the facilities.  In addition, Delphi is a liable party under Part 201 of the NREPA because it did not conduct nor disclose a baseline environmental assessment to MDEQ when the facilities were acquired from GM.

  5. A liable party has affirmative obligations to investigate and remediate contamination for which it is responsible.  Part 201 provides in part:  "[a]n owner or operator of property who has knowledge that the property is a facility and who is liable under Section 20126 should do all of the following: (a) *Determine* the nature and extent of a release at the facility…(g) *Diligently* pursue response activities necessary to achieve the cleanup criteria

3

specified in this part and rules promulgated under this part.[4]  Debtor also has ongoing obligations at some of its facilities under Part 213 of NREPA related to corrective actions for releases from underground storage tanks; under Part 111 of NREPA as a number of its properties are considered hazardous waste facilities; and under Part 31 of NREPA related to water quality.[5]

6.  Under Parts 201 and 213 of the NREPA, the MDEQ may recover the costs of response activity or corrective action it incurs at a facility.[6]  Finally, under Section 20126a of the NREPA, a liable person is *jointly and severally* liable for all costs of response activity lawfully incurred by the state of Michigan relating to the selection and implementation of response activity or corrective action under Part 201.

7.  MDEQ is only required to file a proof of claim for pre-petition costs and penalties.  MDEQ incurred $64,329.64 of un-reimbursed pre-petition response activity costs at the Delphi facilities discussed above and filed a proof of claim for an unsecured claim of $64,329.64 for those pre-petition response activity costs.  Affidavits of Kathe Corson, a senior Environmental Quality Analyst and Cost Recovery Summary Reports were attached to MDEQ's proof of claim.

8.  Along with its proof of claim, the MDEQ made a protective filing for work obligations for future response activities at the facilities listed above and thus submitted an estimate of over $9.7 million in additional costs to complete response activities at certain Delphi facilities.[7]  Pursuant to 28 USC § 959(b), Debtors are required to manage and operate the estate property in accordance with non-bankruptcy law, including applicable environmental statutes

---

[4] MCL 324.20114(1)(a) and (g).
[5] MCL 324.21301 *et seq.*, MCL 324.11101 *et seq.*, and MCL 324.3101 *et seq.*, respectively.
[6] MCL 324.20126a, MCL 324.20137(1) and MCL 324.21323(1).
[7] MDEQ filed an administrative expense claim on or about July 14, 2009 related to its protective filing.  The Reorganized Debtors' objection does not address that claim and MDEQ reserves its rights with regard to that claim.

4

and regulations. Further any reorganized debtor will be subject to liability under environmental law with respect to any property it owns or operates. MDEQ maintains that these obligations and costs are otherwise nondischargeable in bankruptcy.[8] In fact, the order approving Modifications to Amended Plan provides that the Modified Plan does not discharge any environmental liability that is not a claim as that term is defined under the Bankruptcy Code or any environmental claim of a governmental unit arising after the effective date, nor releases the Debtors or Reorganized Debtor from any liability they would have under the environmental laws with regard to its owned facilities. See § 64(i) of the Plan Modification Order dated July 30, 2009, [Docket No.18707]

### Debtors' Objection to MDEQ's Claim

9. The Reorganized Debtors object to MDEQ's claim as part of the Thirty-Eighth Omnibus Claims Objections on the grounds that Reorganized Debtors' books and records do not support the existence of the claim.

### MDEQ has Valid Claims

10. A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.[9] The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity.[10] Such evidence must be sufficient to demonstrate a true dispute and must have probative force that is least equal to the

---

[8] See, 11 USC 101(5)(B); *In re Chateaugay Corp.*, 944 F2d 997, 1007 (2d Cir 1991); *In re Torwico Electronics, Inc.*, 8 F3d 146, 151 (3d Cir 1993); and *United States v Apex Oil Co.*, Inc., -- F3d --, 2009 WL 2591545, at *1-2 (7th Cir Aug. 25, 2009).
[9] Fed R. Bankr. P 3001(f).
[10] *In re Babcock & Wilcox Co*, 2002 U S Dist Lexis 15742, at *6 (ED La 2002). *See also, In re Pan,* 209 BR 152, 155-56 (D. Mass 1997).

5

contents of the claim.[11] Upon the introduction of sufficient evidence by the objecting party, the burden of proof will fall on whichever party would bear that burden outside of bankruptcy.[12]

11. Under the Bankruptcy Code a "claim" means among other things:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;[13]

12. Most payment obligations to environmental regulatory agencies, even if contingent, are claims.[14] If the claims can be contingent, there is obviously no requirement that these claims appear in the books and records of the debtor to be valid. Thus the response activity costs incurred by MDEQ pursuant to Part 201 and 213 of the NREPA at the Delphi facilities listed above are claims under the Bankruptcy Code and debts of the Debtors.

13. The Proof of Claim submitted by MDEQ, which included sworn statements from the MDEQ and summaries of the cost incurred, not only provides prima facie evidence of the validity of MDEQ's claim, it along with the attachments discussed above provide more proof of the claim's existence than the Reorganized Debtors' weak attempt at refuting the claim. Whether the MDEQ claim is listed on the books or records of the Reorganized Debtors is not probative of the validity of the claim in this case. MDEQ's claim is based on a statutory obligation and the Debtors controlled what was listed or included in their books and records and how it was listed.[15] Debtor was clearly aware of the environmental conditions and liabilities at these facilities and

---

[11] *In re Wells*, 51 BR 563 (D Colo 1985) and *Matter of Unimet Corp*, 74 B.R. 156 (Bankr ND Ohio 1987).
[12] *Raleigh v Illinois Dept of Revenue*, 530 US 15 (2000).
[13] 11 USC § 101(5).
[14] *See*, *In re Chateaugay Corp*, 944 F.2d 997 (2nd Cir. 1991) and, *Ohio v Kovacs*, 469 U.S. 274 (1985)..
[15] *See e.g.*, *In re: Pan*, 209 B.R. at 156-157, in which the Court held that the IRS's statements in its claim provided a sufficient factual basis to support its claims for statutory tax obligations.

MDEQ disagrees that Reorganized Debtors' records do not support MDEQ's claims. Attached as Exhibit 1 are examples of letters from Delphi to MDEQ in which Delphi confirmed that it was assuming responsibility for environmental conditions at the Delphi facilities and presumably that information was forwarded to Reorganized Debtors. In light of the legal obligations for liable parties under Michigan law, Debtor should have been aware of potential costs it may incur with regard to response activities at its facilities, including payment obligations to the State. Reorganized Debtors standing in the place of the Debtors are charged with knowledge of the applicable environmental law including the liability provisions and the right of the State to recover the response activity costs it incurred from liable parties.

14. Reorganized Debtors' objection is not a true dispute. It does not have the probative force/equal to the content of the proof of claims and its supporting documents.[16] The Reorganized Debtors' assertion does not overcome the presumption of the validity of MDEQ's claim.

15. Any reply to this response should be addressed to the following:

> Celeste R. Gill
> Assistant Attorney General
> Environment, Natural Resources and Agriculture Division
> 525 W. Ottawa, 6th Floor, Williams Building
> P.O. Box 30755
> Lansing, MI  48909

16. In addition to the attachments to its proof of claim and other documentation previously listed in this response, MDEQ is submitting the information included in Exhibit 2, which further explains the cost incurred by MDEQ.

---

[16] *In re: Allegheny International, Inc. et al. v J. Daniel Snyder*, 954 F2d 167, 173-174 (3rd Cir 1992).

7

17. MDEQ reserves the right to amend this response and present other basis for supporting its claims.

Respectfully submitted,

Michael A. Cox
Attorney General


/s/   Celeste R. Gill
Celeste R. Gill (P52484)
Assistant Attorney General
Environment, Natural Resources and
Agriculture Division
525 W. Ottawa, 6th Floor, Williams
P.O. Box 30755
Lansing, MI   48909
E-mail:  gillc1@michigan.gov

Dated:  December 2, 2009

LF:/DelphiCorp OSB/Response to 38th Omnibus Objection

8

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S RESPONSE TO REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION PURSUANT TO 11 USC § 502(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS AND (II) MODIFY AND ALLOW CERTAIN CLAIMS has been served by electronic and/or overnight mail on the parties listed below on this 2nd day of December, 2009.

| | |
|---|---|
| Honorable Robert D. Drain<br>US Bankruptcy Judge<br>United States Bankruptcy Court for the<br>Southern District of New York<br>300 Quarropas Street<br>Courtroom 118<br>White Plains, NY  10601-4140 | DPH Holdings Corp.<br>Attn:  President<br>5725 Delphi Drive<br>Troy, MI  48098<br><br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn:   John Wm. Butler, Jr.<br>       John K. Lyons<br>       Joseph N. Wharton<br>155 North Wacker Drive<br>Chicago, IL 60606 |

                                              Respectfully submitted,

                                              Michael A. Cox
                                              Attorney General

                                              /s/   Celeste R. Gill
                                              Celeste R. Gill (P52484)
                                              Assistant Attorney General
                                              Environment, Natural Resources and
                                              Agriculture Division
                                              525 W. Ottawa, 6th Floor, Williams
                                              P.O. Box 30755
                                              Lansing, MI   48909
                                              E-mail:  gillc1@michigan.gov