UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

    In re                         :       Chapter 11
                              :

DPH HOLDINGS CORP., et al.,     :       Case No. 05-44481 (RDD)
                              :

            Reorganized Debtors.  :      (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN (A) DUPLICATE SERP CLAIMS, (B) BOOKS
AND RECORDS CLAIMS, (C) UNTIMELY CLAIMS, AND
(D) PENSION, BENEFIT, AND OPEB CLAIMS

("THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow A Claim And (II) Expunge (A) Certain Duplicate SERP Claims, (B) Certain Books And Records Claims, (C) Certain Untimely Claims, And (D) Certain Pension, Benefit, And OPEB Claims (the "Thirty-Sixth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Thirty-Sixth Omnibus Claims Objection and based upon the representations set forth in the letter, dated December 1, 2009 of John K. Lyons, Esq. to the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Sixth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

    A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, and D hereto was properly and timely served with a copy of the Thirty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Sixth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Sixth Omnibus Claims Objection. No other or further notice of the Thirty-Sixth Omnibus Claims Objection is necessary.

    B.    This Court has jurisdiction over the Thirty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Sixth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Sixth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The Claims listed on Exhibit A are duplicates of other Claims (the "Duplicate SERP Claims").

    D.    The Claims listed on Exhibit B assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

    E.  The Claims listed on <u>Exhibit C</u> were not timely filed pursuant to the Bar Date Order (the "Untimely Claims").

    F.  The Claims listed on <u>Exhibit D</u> hereto assert Claims for liabilities in connection with the Reorganized Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Reorganized Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Duplicate SERP Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

    2.  Each Books and Records Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

    3.  Each Untimely Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

    4.  Each Pension, Benefit, And OPEB Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

    5.  <u>Exhibit F</u> hereto sets forth the formal name of the Reorganized Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit E-1</u>. <u>Exhibit G</u> sets forth each of the Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E-1</u>, <u>E-2</u>, <u>E-3</u>, and <u>E-4</u> in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

    6.  With respect to each Claim for which a Response to the Thirty-Sixth Omnibus Claims Objection has been filed and served, and which has not been resolved by the

3

parties, all of which Claims are listed on Exhibits E-1, E-2, E-3, and E-4 hereto, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

7. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Sixth Omnibus Claims Objection except as such claims may have been settled and allowed.

8. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Sixth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

9. Each of the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Sixth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, and D constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Sixth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

10. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

4

Dated: White Plains, New York
       December 2, 2009

                /s/Robert D. Drain
                UNITED STATES BANKRUPTCY JUDGE