FOLEY & LARDNER LLP
John R. Trentacosta *(pro hac vice pending)*
Ann Marie Uetz *(pro hac vice pending)*
Katherine R. Catanese *(pro hac vice pending)*
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Kautex Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re:                                                      :     Chapter 11
                                                            :     Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., *et al.*,                               :
                                                            :
                                                            :     (Jointly Administered)
             Reorganized Debtors.                           :
                                                            :
------------------------------------------------------------x

### KAUTEX INC.'S RESPONSE TO THE REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION

Kautex Inc. ("Kautex"), by its attorneys, Foley & Lardner LLP, hereby submits its Response to the Reorganized Debtors' Thirty-Eighth Omnibus Claims Objection (the "Response"). Please take notice that John H. Bracken, Executive Counsel and Assistant Secretary for Textron, Inc. and Vice President for Kautex Inc. is the person possessing authority to reconcile, settle, or otherwise resolve Kautex's claim. Mr. Bracken's contact information is set forth immediately below:

> John H. Bracken
> 40 Westminster St.
> Providence, RI 02903-2596
> (401) 457-2374 (phone)
> (401) 457-3666 (facsimile)
> jbracken@textron.com

In support of its Response, Kautex states as follows:

**PRELIMINARY STATEMENT**

1.  On or about July 28, 2006, Kautex filed proof of claim number 12140 in this case, making an unsecured, non-priority claim in the amount of $1,113,768.00 (the "Proof of Claim").[1]

2.  Kautex's Proof of Claim is based upon amounts owed to Kautex for chargebacks and other costs relating to defective and non-conforming goods supplied by Delphi Corporation to Kautex pre-petition.

3.  On November 6, 2009, DPH Holdings Corp. and certain of its affiliates (the "Reorganized Debtors"), formerly known as Delphi Corporation (the "Debtors" or "Delphi"), filed its Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension, Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and (II) Modify and Allow Certain Claims (the "Omnibus Objection"). In its Omnibus Objection, the Reorganized Debtors included an objection to Kautex's Proof of Claim, stating that Kautex's Proof of Claim was not reflected in the Reorganized Debtors' books and records and that, therefore, Kautex is not a creditor of the Debtors. The Reorganized Debtors requested that Kautex's Proof of Claim be disallowed and expunged.

4.  The Reorganized Debtors have not established with any degree of specificity the basis for disallowing Kautex's Proof of Claim. Kautex's Proof of Claim is valid and is

---

[1] Kautex also filed proof of claim number 12139 in this case, making an unsecured claim in the amount of $696.30; claim number 12139 was expunged.

2

supported by the documents attached to its claim and as detailed in this Response. For the reasons set forth herein, Kautex's Proof of Claim should be allowed in its entirety.

## FACTUAL BACKGROUND

5. Kautex is in the business of, *inter alia*, manufacturing and selling automotive components to its customers, including original equipment manufacturers ("OEMs").

6. Similarly, Delphi manufactures and sells automotive components to OEMs and other customers.

7. Delphi sold fuel sending units to Kautex. Kautex then incorporated these fuel sending units into fuel tanks to be supplied to certain OEMs.

8. On January 5, 1998, Kautex issued blanket purchase order number P127 to Delphi to supply fuel sending units, which were to be incorporated into fuel tanks to be supplied by Kautex to its customer. The purchase order, which is subject to certain terms and conditions, provided for Delphi to supply fuel sending units through 2006 (attached hereto as Exhibit A).

9. As a significant purchaser and supplier of automotive goods, Delphi was at all relevant times aware that the supply of defective goods could prompt rejection by the buyer and/or OEMs, which could result in chargebacks and other resulting damages.

10. Under the terms of the parties' agreement, course of dealing, and industry practice, Delphi agreed to reimburse Kautex in the event that Kautex incurred damages as a result of Delphi's supply of defective goods. Under the applicable terms and conditions, Delphi agreed to be responsible for and to indemnify Kautex for any and all damages, losses, expenses, attorney fees, court costs, etc., that result from incidents, accidents, injuries or deaths to any persons or damage and/or losses to property, that arise out of the goods purchased by Kautex from Delphi or their existence, presence or use, or services rendered by Delphi to Kautex.

3

11. On July 31, 2003, Kautex's customer informed Kautex of a quality issue relating to the fuel sending units supplied by Delphi.

12. As a result of this quality issue, Kautex's customer placed Kautex on Controlled Shipping ("CS") Level 1 status, which required an internal containment and related activities to identify and certify the components supplied to Kautex's customer, and to otherwise rectify the quality issue. Kautex also assigned an additional operator to its customer's assembly lines to ensure compliance with its customer's remedial certification requirements.

13. On September 3, 2003, Kautex's customer informed Kautex of another quality issue relating to the fuel sending units supplied by Delphi.

14. As a result of this second quality issue, Kautex's customer placed Kautex on CS Level 2 status, a quality review status that is heightened beyond the previously assigned CS Level 1 status, and which required further measures to review and certify the components supplied to Kautex's customer, and to otherwise rectify the second quality issue.

15. Kautex's customer issued a chargeback to Kautex in response to the quality issues attributable to the fuel sending units supplied by Delphi and the resulting remedial costs.

16. In turn, on December 19, 2003, Kautex issued a debit memorandum to Delphi to recoup the chargeback totaling $1,113,768, as well as the related costs that Kautex incurred as a result of the quality issues in the fuel sending units supplied by Delphi (the "Debit Memorandum," attached hereto as Exhibit B).

17. Delphi refused Kautex's demands for payment as stated in the Debit Memorandum, threatened to withhold payments or issue its own debits on unrelated commercial dealings between the parties and between Delphi and Kautex's affiliated entities, and stopped

shipment of components to two Kautex facilities. These actions caused Kautex to suffer damages and Delphi thus became indebted to Kautex.

18. As a result, Kautex filed its complaint and supporting documents against Delphi on August 22, 2005 in Oakland County Circuit Court, case number 05-068583-CK (the "Complaint," attached hereto as Exhibit C).

19. In the Complaint, Kautex alleged claims for breach of express contract, breach of express warranty, breach of implied warranties, breach of implied contract, unjust enrichment, and promissory estoppel.

20. On September 30, 2005, Delphi answered the Complaint (the "Answer," attached hereto as Exhibit D). In the Answer, Delphi admitted that, it was "aware that supplying non-conforming goods could prompt rejection with a claim for contractually allowable costs" [2] (Answer at ¶ 8). Delphi further admitted that, the "contract with Kautex provides for reimbursement of certain reasonable costs incurred by Kautex in connection with receipt of non-conformation goods" (Answer at ¶ 9). Further, Delphi admitted that, it "is aware that Kautex' (sic) customer issued a chargeback in response to certain non-conforming fuel sending units supplied by Delphi Automotive Systems, LLC" (Answer at ¶ 14).

21. Significantly, Delphi "acknowledged that it supplied some non-conforming fuel sending units to Kautex" (Answer at ¶ 16). Finally, Delphi acknowledged that, "Kautex substantially performed its contractual obligations and seasonably notified Delphi Automotive Systems, LLC of the shipment of non-conforming goods." (Answer at ¶ 22).

---

[2] Note that Delphi alleges in its Answer that Delphi Automotive Systems, not Delphi Corporation, is a party to the contract with Kautex. Delphi Corporation and Delphi Automotive Systems, LLC are both debtors in the above captioned bankruptcy.

5

22.     Delphi filed for bankruptcy protection under Chapter 11 on October 8, 2005.  As a result, the lawsuit was stayed pursuant to 11 U.S.C. § 362(a).

23.     Kautex timely filed its Proof of Claim in the amount of $1,113,768.00.  Kautex attached as an exhibit to its Proof of Claim the Complaint.

24.     The total amount of chargebacks issued by Kautex to Delphi was $1,113,768.00.  This debt is detailed in the Debit Memorandum, which specifies the monetary damages that resulted from the two quality defects described above, including the extra expense incurred by Kautex for dedicating one operator to each of three assembly lines to perform certifications on the fuel tank assemblies 24 hours per day for 100 days, investing hundreds of additional labor hours in other sorting and certification activities, securing warehouse space, and incurring downtime charges.

## ARGUMENT

### A.  THE REORGANIZED DEBTORS' OMNIBUS OBJECTION HAS UTTERLY FAILED TO PROVIDE EVIDENCE OF SUFFICIENT PROBATIVE FORCE TO DEFEAT THE PRIMA FACIE VALIDITY OF KAUTEX'S PROOF OF CLAIM.

25.     Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), Kautex's Proof of Claim "constitute[s] prima facie evidence of the validity and amount" of such claim.  Fed. R. Bankr. Proc. 3001(f).  Indeed, once the Proof of Claim was filed, the burden shifted to the Reorganized Debtors to rebut the prima facie allowability of the Proof of Claim:

> If and only if the objecting party presents evidence of equal probative weight, the burden of going forward shifts back to the claimant . . . . The claimant must then offer evidence to carry its burden of persuasion. *This allocation of the burden of going forward 'provides a proper balancing of burdens, assuring that objecting party does not underprove its objections, while, at the same time, assuring that the claimant filing the proof of claim need not overprove his claim at the mere cry of inequity by the objecting party.'*

6

*In re Britt*, 199 B.R. 1000, 1009 (Bankr. N.D. Ala. 1996) (internal citations omitted and emphasis added); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 1999) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. . . .To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Int'l Wireless Comm. Holdings, Inc.*, 257 B.R. 739, 742 (Bankr. D. Del. 2001) ("objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim").

26. The Reorganized Debtors thus bear the initial burden of going forward with evidence to object to the claim. 2 *Norton Bankr. L. & Prac. 2d* § 41:7 ("A duly executed proof of claim being a prima facie case for the claimant, the burden is on the objecting party to go forward with evidence establishing the basis of the objection. For example, if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, proof of the fact must be presented").

27. The Reorganized Debtors have utterly failed to "come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim [itself].'" *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)).

28. Indeed, the Reorganized Debtors have totally failed to provide any evidence, let alone sufficient evidence of equal probative weight to the Proof of Claim, to rebut the prima facie validity of the Proof of Claim.

29. The Omnibus Objection merely argues, without any evidentiary support, that the Proof of Claim is not owing according to the Reorganized Debtors' books and records.

7

30. This scant Omnibus Objection is in response to a 19-page Proof of Claim submitted by Kautex, which includes the Complaint and provides a detailed recitation of the facts which serve as the basis of its Proof of Claim.

31. Kautex has alleged sufficient facts and furnished ample support for the legal basis for its Proof of Claim. Not only did Kautex timely submit its Proof of Claim, it also provided documents in support with its initial Proof of Claim, and further documents with this response in support of its Proof of Claim.

32. As noted by the Proof of Claim and the documents in support, Kautex is entitled to payment for chargebacks issued by Kautex to Delphi pre-petition. Kautex has set forth facts establishing its Proof of Claim is prima facie valid.

33. Without more than the general assertions and without any specific factual support, the Reorganized Debtors have failed to overcome Kautex's prima facie, valid Proof of Claim. The Omnibus Objection should therefore be denied.

**B. EVEN IF THE REORGANIZED DEBTORS HAVE SATISFIED THEIR INITIAL BURDEN OF PROOF TO REBUT THE PRIMA FACIE VALIDITY OF THE PROOF OF CLAIM, KAUTEX SUCCESSFULLY CARRIES THE BURDEN OF PERSUASION THAT IT POSSESSES A VALID PROOF OF CLAIM.**

34. As defined in the Bankruptcy Code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

35. Kautex has a "claim" for the unpaid amounts described in its Proof of Claim.

36. As evidenced by the documents submitted in support of this Response, Kautex is owed the sum of $1,113,768.00.

8

37. Kautex has therefore successfully carried its burden of persuasion with respect to its Proof of Claim and has shown the validity of its Proof of Claim by a preponderance of the evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173.

## RESERVATION OF RIGHTS

Kautex reserves the right to update or supplement its response from time to time.

## CONCLUSION

WHEREFORE, because the Reorganized Debtors have failed to carry their burden in objecting to Kautex's prima facie valid Proof of Claim and because Kautex has tendered ample and sufficient evidence in support of its Proof of Claim, the Reorganized Debtors' Omnibus Objection should be overruled and the Proof of Claim should be allowed in its entirety.

Dated: December 2, 2009

FOLEY & LARDNER LLP

/s/ Katherine R. Catanese

John R. Trentacosta *(pro hac vice pending)*
Ann Marie Uetz *(pro hac vice pending)*
Katherine R. Catanese *(pro hac vice pending)*
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Kautex Inc.*