# EXHIBIT D

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

KAUTEX, INC., *a Delaware corporation, and*
KAUTEX CORP., *a foreign corporation*,

Case No.:05-068583-CK
Hon. Rae Lee Chabot

*Plaintiffs*,

v.

DELPHI CORPORATION, *a Delaware corporation*,

*Defendant.*

_____/

| | |
|---|---|
| John R. Trentacosta (P31856) | James G. Derian (P33580) |
| Scott T. Seabolt (P55890) | Sara B. Keough (P55366) |
| Eric E. Reed (P63358) | Brent W. Warner (P67733) |
| FOLEY & LARDNER LLP | BUTZEL LONG PC |
| 500 Woodward Ave., Suite 2700 | 100 Bloomfield Hills Parkway, Ste. 200 |
| Detroit, MI 48226-3489 | Bloomfield Hills, MI 48304-2949 |
| (313) 234-7100 | (248) 258-1616 |
| Attorneys for Plaintiffs | Attorneys for Defendant |

_____/

## ANSWER TO COMPLAINT

Defendant Delphi Corporation ("Delphi"), a Delaware corporation, by its attorneys, Butzel Long PC answers Plaintiffs' Complaint as follows:

### Parties, Jurisdiction, and Venue

1. Delphi neither admits nor denies the allegations in Paragraph No. 1 for lack of sufficient knowledge and information.

2. Delphi admits the allegations of Paragraph No. 2.

3. Delphi admits the allegations of Paragraph No. 3.

4. Delphi admits the allegations of Paragraph No. 4

## General Allegations

5.  Delphi admits the allegations of Paragraph No. 5.

6.  Paragraph No. 6 is denied as untrue. Delphi Corporation's wholly owned subsidiary, Delphi Automotive Systems, LLC, manufactures and sells automotive components to original equipment manufacturers and other customers.

7.  Paragraph No. 7 is denied as untrue. Kautex Purchase Order No. P127 was issued to Delphi's subsidiary, Delphi Automotive Systems, LLC.

8.  Paragraph No. 8 is denied as untrue because Delphi Corporation was not a party to the contract. However, Delphi Automotive Systems, LLC was aware that supplying non-conforming goods could prompt rejection with a claim for contractually allowable costs.

9.  Paragraph No. 9 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems' contract with Kautex provides for the reimbursement of certain reasonable costs incurred by Kautex in connection with the receipt of non-conforming goods. The remaining allegations in Paragraph 9 are inaccurate.

10. Paragraph No. 10 is neither admitted nor denied for lack of information.

11. Paragraph No. 11 is neither admitted nor denied for lack of information.

12. Paragraph No. 12 is neither admitted nor denied for lack of information.

13. Paragraph No 13 is neither admitted nor denied for lack of information.

14. Paragraph No. 14 is denied as untrue because Delphi Corporation was not a party to the contract. However, Delphi is aware that Kautex' customer issued a

2

chargeback in response to certain non-conforming fuel sending units supplied by Delphi Automotive Systems, LLC.

15.     Paragraph No. 15 is denied as untrue because Delphi Corporation is not a party to the contract. Kautex issued a debit memorandum to Delphi Automotive Systems, LLC to recoup the chargeback and other costs that it allegedly incurred, but not all of the costs claimed by Kautex were related and allowable under the parties' contractual agreements. In addition, the customer chargeback was not adequately documented by Kautex.

16.     Paragraph No. 16 is denied as untrue because Delphi Corporation is not a party to the contract. However, Delphi Automotive Systems, LLC has acknowledged that it supplied some non-conforming fuel sending units to Kautex.

17.     Paragraph No. 17 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC has not agreed to all of Kautex' demands for payment because certain of the costs claimed were not payable under their contractual agreements for various reasons. Under Delphi Automotive Systems' contractual agreements with Kautex and its affiliated Textron corporations, Delphi Automotive Systems, LLC has the right to set off claims it has against Kautex from money owed to related Textron corporate entities.

### Count I – Breach of Express Contract

18.     Delphi incorporates its answers to Paragraphs 1-17 of Plaintiffs' Complaint.

19.     Paragraph No. 19 is denied as untrue because Delphi Corporation is not a party to the contract. However, Delphi Automotive Systems, LLC entered into a contract

3

with Kautex for the supply of fuel sending units through Kautex Purchase Order No. P127.

20. Paragraph No. 20 is denied as untrue because Delphi Corporation is not a party to the contract. The fuel sending units in question constitute "goods" as defined by MCL 440.2105 and Delphi Automotive Systems' contract with Kautex is governed by the Uniform Commercial Code as enacted in the State of Michigan, except insofar as it is overridden by specific contractual provisions.

21. Paragraph No. 21 is denied as untrue because Delphi Corporation in not a party to the contract. Delphi Automotive Systems, LLC supplied Kautex with certain non-conforming goods, but did not "materially breach" the parties' contract because it has been ready, willing and able to reimburse Kautex for all reasonably related costs that are properly allowable under the parties' contract.

22. Paragraph No. 22 is denied as untrue because Delphi Corporation is not a party to the contract. Kautex substantially performed its contractual obligations and seasonably notified Delphi Automotive Systems, LLC of the shipment of non-conforming goods.

23. Paragraph No. 23 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC has not breached its contract with Kautex, as it has been ready, willing and able to reimburse Kautex for all costs properly allowable under their contract in connection with the shipment of non-conforming goods. Delphi neither admits nor denies the amount of damages claimed by Plaintiff for lack of information.

4

## Count II – Breach of Express Warranty

24.     Delphi incorporates by reference its answers to Paragraphs 1-23 of Plaintiffs' Complaint.

25.     Paragraph No. 25 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC expressly warranted that the goods it supplied Kautex would be merchantable and fit for the automotive application intended by Kautex.

26.     Paragraph No. 26 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC had an obligation to supply Kautex with goods that conformed to the specifications and quality standards required by their contract for utilization in automotive applications.

27.     Paragraph No. 27 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the nature and extent of Kautex' "reliance".

28.     Paragraph No. 28 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC supplied Kautex with some non-conforming goods, but did not breach any warranties because it has been ready, willing and able to reimburse Kautex for all costs properly allowable under their contract.

29.     Paragraph No. 29 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the amount of damages claimed by Kautex.

05-44481-rdd    Doc 19139-4    Filed 12/02/09    Entered 12/02/09 16:45:11    Exhibit
D-Answer    Pg 7 of 14

## Count III – Breach of Implied Warranties

30. Delphi incorporates its answers to Paragraphs 1-29 of Plaintiffs' Complaint.

31. Paragraph 31 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC is a "merchant" of goods with respect to the supply of fuel sending systems to Kautex.

32. Paragraph No. 32 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC impliedly warranted that the fuel sending units it sent to Kautex were of merchantable quality and fit for the intended purpose of utilization in automotive applications and, specifically, for use in Kautex' fuel tank assemblies.

33. Paragraph No. 33 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC supplied some non-conforming fuel sending units to Kautex, but did not breach any warranty because it has been ready, willing and able to reimburse Kautex for all costs properly allowable under the parties' contract.

34. Paragraph No. 34 is denied as untrue because Delphi Corporation is not a party to the contract. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the amount of Plaintiffs' claimed damages.

## Count IV – Breach of Implied Contract

35. Delphi incorporates its answers to Paragraphs 1-34 of Plaintiffs' Complaint.

36. Delphi neither admits nor denies Paragraph No. 36, as no answer is required.

37. Paragraph No. 37 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex, so there was no implied contractual agreement.

38. Paragraph No. 38 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex and there were no implied agreements or understandings with respect to the supply of fuel sending units.

39. Paragraph No. 39 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC did not have an implied contract with Kautex and, therefore, Kautex could not have "substantially performed" any such obligations.

40. Paragraph No. 40 is denied as untrue because Delphi Corporation was not a party to any contract with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex, not an implied contract.

41. Paragraph No. 41 is denied as untrue because Delphi Corporation was not a party to the contract. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the amount of damages claimed by Kautex.

### Count V – Unjust Enrichment

42. Delphi incorporates by reference its answers to Paragraphs 1-41 of Plaintiffs' Complaint.

43. Paragraph No. 43 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC agreed to supply Kautex with fuel sending units pursuant to an express contractual agreement. Under this express contract, the fuel sending units were to be of a nature and quality fit for use in automotive applications.

44. Paragraph No. 44 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Kautex substantially performed its obligations under its express contractual agreement with Delphi Automotive Systems, LLC.

45. Paragraph No. 45 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Certain fuel sending units supplied to Kautex by Delphi Automotive Systems, LLC were non-conforming and unfit for use in automotive applications.

46. Paragraph No. 46 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the amount of damages claimed by Plaintiff Kautex.

47. Paragraph No. 47 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex, so there are no grounds for claiming an extra-contractual theory of recovery such as unjust enrichment.

## Count VI – Promissory Estoppel

48.     Delphi incorporates by reference it answers to Paragraphs 1-47 of Plaintiffs' Complaint.

49.     Paragraph No. 49 is neither admitted nor denied because the allegation does not call for an answer.

50.     Paragraph No. 50 is denied as untrue because Delphi Corporation is not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex and did not make any promises to Kautex outside of that agreement with respect the quality of the goods supplied or reimbursement for non-conforming goods.

51.     Paragraph No. 51 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex and is not aware of making any promises outside of its contractual commitments with respect to the supply of fuel sending units to Kautex.

52.     Paragraph No. 52 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex and is not aware of making any promises outside of its contractual commitments with respect to the supply of fuel sending units to Kautex.

53.     Paragraph No. 53 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC can

9

neither admit nor deny, for lack of information, Kautex' state of knowledge with respect to non-conforming fuel sending units supplied by Delphi.

54. Paragraph No. 54 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC can neither admit nor deny for lack of information the amount of damages claimed by Plaintiff.

55. Paragraph No. 55 is denied as untrue because Delphi Corporation was not a party to any supply agreement with Kautex. Delphi Automotive Systems, LLC had an express contractual agreement with Kautex for the supply of the goods in question and, accordingly, there is no legal basis for an extra-contractual of theory of recovery such as promissory estoppel.

WHEREFORE, Defendant Delphi Corporation requests that the Court dismiss Plaintiffs' Complaint together with an award of costs and attorney fees.

## AFFIRMATIVE DEFENSES AND ALLEGATIONS

In further response to Plaintiffs' Complaint, Delphi Corporation affirmatively alleges as follows:

1. Plaintiffs' claims are barred in whole or in part by Delphi Automotive Systems' payment to Plaintiff of money owed to it under their contract.

2. Plaintiffs' claims are barred in whole or in part by their failure to reasonably mitigate their alleged damages.

3. Plaintiffs' claims are based upon a commercially unreasonable reading of the contract with Delphi Automotive Systems, LLC.

4. Plaintiffs' claims for unjust enrichment, promissory estoppel and implied contract are barred because the parties had an express contractual agreement for the goods in question.

5. All or some of the claims asserted by Plaintiffs are subject to setoff amounts owing from Plaintiffs (and Plaintiffs'related Texton entities) to Delphi Automotive Systems, LLC.

6. Defendant reserves the right to supplement or amend its answer and to rely upon all affirmative and/or special defenses that may be disclosed through the course of investigation and discovery of this matter.

WHEREFORE, Delphi Corporation requests that the Court dismiss Plaintiffs' Complaint, together with an award of costs and attorney fees.

### RELIANCE ON PLAINTIFFS' JURY DEMAND

Defendant relies on Plaintiffs' demand for a trial by jury.

Respectfully submitted,

**BUTZEL LONG**

By: /s/ James Derian

James G. Derian (P33580)
Sara B. Keough (P55366)
Brent W. Warner (P67733)
100 Bloomfield Hills Parkway, Suite 200
Bloomfield Hills, Michigan 48304-2949
(248) 258-1616

Dated: September 29, 2005

650146

11

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| KAUTEX, INC., *a Delaware corporation,* and KAUTEX CORP., *a foreign corporation,* | Case No.:05-068583-CK Hon. Rae Lee Chabot |
| *Plaintiffs,* | |
| v. | |
| DELPHI CORPORATION, *a Delaware corporation,* | |
| *Defendant.* / | |

| | |
|---|---|
| John R. Trentacosta (P31856) | James G. Derian (P33580) |
| Scott T. Seabolt (P55890) | Sara B. Keough (P55366) |
| Eric E. Reed (P63358) | Brent W. Warner (P67733) |
| FOLEY & LARDNER LLP | BUTZEL LONG PC |
| 500 Woodward Ave., Suite 2700 | 100 Bloomfield Hills Parkway, Ste. 200 |
| Detroit, MI 48226-3489 | Bloomfield Hills, MI 48304-2949 |
| (313) 234-7100 | (248) 258-1616 |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| | / |

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                   )SS
COUNTY OF OAKLAND  )

BERNADETTE HACKBARTH, being duly sworn, deposes and says that on the 30th day of September, 2005, she served a correct copy of **Defendant Delphi Corporation's Answer to Complaint, Affirmative Defenses, Reliance of Plaintiffs' Jury Demand** and this **Proof of Service** in the above-entitled matter upon: John R. Trentacosta, Esq. @ Foley & Lardner LLP, 500 Woodward Ave., Suite 2700, Detroit, MI

48226-3489 by sending said document via first class mail to the above party at his respective address.

*Bernadette Hackbarth*
Bernadette Hackbarth

The signator is known to me and acknowledged the foregoing instrument this 30th day of September, 2005

_____, Notary Public
Oakland County, Michigan
My Commission expires:

TAMMI M. KORTEMA
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Mar 1, 2012
ACTING IN COUNTY OF Oakland

650346

000115900/0091/650346-1