UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                           :    Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
                    Reorganized Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 105 AND FED. R. BANKR. P. 7041 AND 9014
(I) DISMISSING CERTAIN OFF-CALENDAR MOTIONS AND CONTESTED
MATTERS AND (II) OVERRULING, WITHDRAWING, OR OTHERWISE
DISMISSING OR DEEMING MOOT CERTAIN OBJECTIONS LODGED
IN CONNECTION WITH PROCEDURES SET FORTH IN DEBTORS'
<u>2007 SOLICITATION PROCEDURES MOTION</u>

("ORDER DISMISSING OFF-CALENDAR MOTIONS AND OVERRULING MOOT OBJECTIONS")

Upon the motion, dated October 29, 2009 (the "Motion"), of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors"), for an order (i) dismissing certain off-calendar motions and contested matters and (ii) resolving certain contested matters by overruling, withdrawing, or otherwise dismissing or deeming moot certain objections that were lodged pursuant to the procedures set forth in the 2007 Solicitation Procedures Motion[1] under 11 U.S.C. § 105 and Fed. R. Bankr. P. 7041 and 9014; and upon the record of the November 18, 2009 hearing held on the Motion; and this Court having determined that the relief requested in the Motion and granted herein is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Motion is GRANTED as provided herein.

3. Each of the motions listed on Exhibits A-1, A-2, and A-3, except the motion of Methode Electronics, Inc. (Docket No. 4912) (the "Methode Motion") listed on Exhibit A-1, is dismissed with prejudice pursuant to Fed. R. Bankr. P. 7041 and 9014. The relief requested with respect to the Methode Motion is hereby adjourned to a future hearing.

4. Each of the contested matters listed on Exhibit B-1 is deemed moot, and the Debtors' Omnibus Postpetition Interest Objection (Docket No. 12833) is hereby withdrawn.

5. Each of the objections and reservations of rights listed on Exhibits B-2 through B-5, other than those of SKF USA Inc. and Freudenberg-NOK General Partnership (which are addressed in paragraphs 6 and 7 hereof), is overruled, deemed withdrawn, or otherwise dismissed with prejudice.

6. The objection of SKF USA Inc., found at Docket No. 12547 and included on Exhibit B-2, and the statement filed by SKF USA Inc. at Docket No. 13025, shall each be deemed withdrawn with prejudice only upon the Reorganized Debtors' transferring to SKF USA Inc. an aggregate of $87,447.29 (the "Pre-Petition SKF Cure Amount") to cure pre-petition defaults on the following contracts (with per contract cure amounts attributable as listed parenthetically): (a) Contract No. SAG9OI4765 ($0.00); (b) Contract No. SAG9OI4051 ($0.00);

2

(c) Contract No. SAG9OI4642 ($4,299.91); and (d) Contract No. SAG9OI2726 ($83,147.38). For the avoidance of doubt, (i) the Pre-Petition SKF Cure Amount shall be paid to SKF in cash within a reasonable period of time following the date of entry of this order as provided in Article VIII of the Modified Plan and (ii) the withdrawal of Docket Nos. 12547 and 13025 shall be effective only upon the satisfaction of payment of the Pre-Petition SKF Cure Amount as set forth herein.  For the further avoidance of doubt, nothing in this order shall in any way prejudice, release, withdraw, or impair any rights of SKF USA Inc. to pursue, and obtain the allowance and payment of, any properly-asserted administrative claims, which shall be subject to the treatment provided for Administrative Claims under Articles II and X of the Modified Plan and as set forth in the Master Disposition Agreement.

7.  The granting of the relief requested in the Motion with respect to the cure objection of Freudenberg-NOK General Partnership ("Freudenberg"), found at Docket No. 12571 and included on <u>Exhibit B-2</u>, and the subject of that certain Stipulation And Order Resolving Objections By Certain Freudenberg Entities To Approval And/Or Confirmation Of Debtors' First Amended Joint Plan Of Reorganization, dated August 5, 2009 (Docket No. 18749), shall be effective only upon receipt by the following entities of the related cure payments: Freudenberg-NOK, Inc. ($4,480.30), Freudenberg-NOK General Partnership ($90,000) and Freudenberg Filtration Technologies, L.P. f/k/a Freudenberg Nonwovens, L.P. ($10,115.63).

8.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York          /s/ Robert D. Drain_____
      December 2, 2009                UNITED STATES BANKRUPTCY JUDGE

3