**RICHARD CORDRAY**
**OHIO ATTORNEY GENERAL**
Michelle T. Sutter  (MS3205)
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
(614) 466-2766
(866) 483-1104 (facsimile)
**Michelle.sutter@ohioattorney.gov**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DPH HOLDINGS CORP., et al.,** | : | |
| | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**<u>MEMORANDUM OF OHIO ENVIRONMENTAL PROTECTION AGENCY IN OPPOSITION TO REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §502(b) AND FED.R.BANKR. 3007 TO (I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS AND (II) MODIFY AND ALLOW CERTAIN CLAIMS</u>**

This matter is before the Court on the *Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed..R..Bankr. 3007 to (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension, Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and (II) Modify and Allow Certain Claims* (the "Objection") to Claim Number 15345 of the Ohio Environmental Protection Agency (Ohio EPA"). For the following reasons, Ohio EPA objects to the relief sought in the Objection.

The claim in question asserts the right to injunctive relief, civil penalties and cost reimbursement as a result of contamination caused by Debtor, Delphi Corporation (n/k/a DPH Holdings Corp.) ("Debtor") or one of its affiliates at various sites in Ohio.

The proof of claim preserves Ohio EPA's right to recover the cost of injunctive relief required to bring the various sites listed therein into compliance with state and federal environmental laws. The need for such clean-up continues at this time. While Ohio EPA does not believe that such costs are a claim for purposes of this bankruptcy proceeding, it filed its proof of claim in part to protect such claim should the Court otherwise find. Debtor is required to comply with federal and state environmental laws. Should Debtor not, however, Ohio EPA is entitled to a claim in an amount equivalent to the cost of such work and any oversight thereof.

A proof of claim is deemed allowed upon filing. 11 U.S.C. §502(a). The claim filed is prima facie evidence of the validity and amount of the claim upon filing. Bankruptcy Rule 3001(f). In order to rebut the prima facie evidence that a proof of claim provides, the objector must produce "substantial evidence" in opposition. *In re Long*, 353 B.R. 1 (Bankr.D.Mass. 2006). Merely stating that this claim does not appear on Debtor's books and records is not substantial evidence.

Accordingly, Ohio EPA requests that the Objection be overruled.

Respectfully submitted,

**RICHARD CORDRAY**
Ohio Attorney General of Ohio

*/s/ Victoria D. Garry*

**Victoria D. Garry**
(Ohio Reg. No. 0037014)
Assistant Attorney General
441 Vine Street
16th Floor, Carew Tower
Cincinnati, Ohio 45202
Telephone: (513) 852-3497
Facsimile: (866) 483-1104
E-Mail: Victoria.garry@ohioattorneygeneral.gov
Attorney for Ohio EPA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed..R..Bankr. 3007 to (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension, Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and (II) Modify and Allow Certain Claims* was served upon all those parties who have requested electronic service of pleadings herein this 3rd day of December, 2009.

*/s/ Victoria D. Garry*

Victoria D. Garry