PILLSBURY WINTHROP SHAW PITTMAN LLP
Gianni Dimos (GD-7496)
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

- and -

PILLSBURY WINTHROP SHAW PITTMAN LLP
Philip S. Warden, California Bar No. 54752
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Apple Inc.,
Apple Computer International and
Hon Hai Precision Industry Company Ltd

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05–44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

RESPONSE OF APPLE INC., APPLE COMPUTER INTERNATIONAL, AND HON HAI PRECISION INDUSTRY COMPANY LTD. TO THE REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C § 502(b) AND FED. R. P. 3007 TO (I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS AND (II) MODIFY AND ALLOW CERTAIN CLAIMS ("THIRTY EIGHTH OMNIBUS CLAIMS OBJECTION") (Docket No. 19044)

Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd. (collectively, "Apple") hereby respond to the Thirty-Eighth Omnibus Claims

Objection filed by DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above captioned-cases (together with DPH Holdings, the "Reorganized Debtors").

1. Apple filed a proof of claim in the captioned case on or about July 31, 2006 (the "Claim 13926") seeking certain amounts in connection with pre- and post-petition damages arising from or relating to that certain Master Goods Agreement #C56-03-00459 dated as of May 1, 2004 (the "Master Goods Agreement") by and between Apple and Delphi Corporation, by and through its Delphi Thermal and Interior Division ("Delphi"), pursuant to which Delphi supplied Apple with certain goods. As reflected in Claim 13926 and the subsequent amendments to such claim, as described below, both the Master Goods Agreement and the materials and evidence supporting Apple's claim against Delphi contain confidential, proprietary or otherwise protected information which will not be described in, or attached to, this brief. This confidential, proprietary or otherwise protected information, some or all of which has been previously provided to Delphi, provides, in addition to the facts and evidence referenced in and described in the proofs of claim filed by Apple in this case, the factual and legal basis for Apple's claim against Delphi and, pursuant to the recently confirmed plan, the Reorganized Debtors.

2. Apple amended Claim 13926 amended on two occasions. First, on or about July 5, 2007, Apple filed an amendment to Claim 13926, which, among other things was designated as both proof of claim number 16622 ("Claim 16622") and claim number 16624 on the claims register maintained by the Debtors ("Claim 16624," and together with Claim 16622, the "First Amended Claim"). On or about January 8, 2008, Apple further amended its claim against Delphi by filing a second amended proof of claim, which was designated in the claims register as three distinct claims, claim numbers 16770 ("Claim 16770"), 16775 ("Claim 16775") and 16778

("Claim 16678," and collectively with Claim 16770 and Claim 16775, the "Second Amended Claim"). Apple continues to seek from Delphi and the Reorganized Debtor the full amount set forth in Claim 16778 and believes the entire amount of such claim should be allowed and paid to Apple.

3.  On February 15, 2008, the Debtors objected to Claim 13926, Claim 16622, Claim 16624, Claim 16770, and Claim 16775 pursuant to the Debtors' Twenty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Untimely Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification and Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection").

4.  On March 13, 2008, to resolve the Twenty-Sixth Omnibus Claims Objection with respect to Claim 13926, Claim 16622, Claim 16624, Claim 16770, and Claim 16775, Delphi and Apple entered into a Stipulation (the "March Stipulation"), pursuant to which, among other things, Delphi and Apple agreed that: (a) each of Claim 13926, Claim 16622, Claim 16624, Claim 16770, and Claim 16775 would be disallowed and expunged in their entirety, (b) that Claim 16778 shall remain on the Debtors' claims register as the Second Amended Claim and be referenced as an amendment to Apple's originally filed proof of claim (Claim 13296), which was filed prior to the bar date set for the filing of proofs of claims in this case, and therefore related back to the date Claim 13296 was filed, and (c) that Claim 16778 shall remain subject to future objection by the Debtors and other parties-in-interest. The March Stipulation was approved by the Court on September 15, 2008. (Docket No. 14182).

5.  On or about November 6, 2009, the Reorganized Debtors filed their Thirty-Eighth Omnibus Claims Objection in which, among other things, it objected to Claim 16778.

Specifically, the Reorganized Debtors asserted an objection to Claim 16778 on the sole basis that the claim "assert[s] liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records" and sought to "Disallow And Expunge" Claim 16778 in its entirety. See Notice of Objection to Claim accompanying Thirty-Eighth Omnibus Objection, at p.2.

6. It is not clear to Apple why the amounts it seeks on account of Claim 16778 are not included in the Books and Records of the Debtor or Reorganized Debtors as Apple and Delphi have been in discussions with respect to this claim for more than three years.

7. Specifically, Apple has been engaged in extensive discussions and negotiations with the Debtors with respect to Claim 16678 and the rights and obligations of Delphi under the Master Goods Agreement for several years. In the course of those negotiations, primarily with Mark Parisi of Delphi, Apple has provided Delphi certain confidential, proprietary or otherwise protected information that is not appropriate for disclosure in the public record in support of its claims against the Debtors estates. It is Apple's understanding that the parties are in agreement that the facts and evidence relating to and supporting the parties' respective basis for the validity and objection to Claim 16778 are confidential, proprietary or otherwise protected information and not appropriate for disclosure in the public record.

8. Apple has been advised by Delphi that Mr. Parisi is no longer an employee of Delphi. As a result, Apple has agreed to provide to Delphi certain documents that are confidential, proprietary, or that otherwise contain protected information in support of Claim 16778 so that the Reorganized Debtors may designate a new individual or individuals on the Delphi-side to continue discussions with Apple regarding Claim 16778. Apple has further agreed to meet and confer with the Reorganized Debtors once such individual or individuals is/are prepared to discuss the claim with Apple.

4

9.  In light of the confidentiality, proprietary and otherwise protected information regarding Claim 16778 and the Master Goods Agreement, further documentary support of Claim 16778 is not set forth in this Response nor attached for filing in the public record. Instead, such information will be provided to the Reorganized Debtors under separate cover. For these same reasons, any reply filed by the Reorganized Debtors to this Response may not refer to, or attach, documents containing or relating to the confidentiality, proprietary and otherwise protected information regarding Claim 16778 or the Master Goods Agreement. Instead, such information should be provided to Apple under separate cover and not made publicly available.

10. Apple will continue its discussions with the Reorganized Debtors, through the parties respective counsel, to finalize a date to meet-and-confer in an effort to resolve Claim 16778 consensually. As Apple has been engaged in discussions with counsel for Delphi and the Reorganized Debtors, Apple is of the belief that its contact information is readily at hand to counsel for the Reorganized Debtors. Specifically, Apple may be contacted through its counsel, Philip S. Warden, Pillsbury Winthrop Shaw Pittman LLP at 50 Fremont Street, San Francisco, CA 94105, philip.warden@pillsburylaw.com; (415) 983-7260.

Dated: New York, NY
December 3, 2009

/s/ Gianni Dimos
Gianni Dimos
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036

-- and --

Philip S. Warden
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228
(415) 983-7260

Attorneys for Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd.