**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Erica E. Carrig (EC-2096)
1540 Broadway
New York, NY 10036-4039
Phone: (212) 858-1000
Facsimile: (212) 858-1500

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Mark D. Houle (Cal. Bar. No. 194861) *(Pro Hac Admission Granted by Order entered September 27, 2006)*
650 Town Center Drive, Suite 550
Costa Mesa, CA 92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

*Attorneys for Hyundai Motor Company
and Hyundai Motor America*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.* | Case No. 05-44481 (RDD) (Jointly Administered) |
| Reorganized Debtors. | |

------------------------------------------------------------x

### RESPONSE OF HYUNDAI MOTOR COMPANY AND HYUNDAI MOTOR AMERICA TO REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION

Hyundai Motor Company and Hyundai Motor America (collectively, "Hyundai"), by and through their undersigned counsel, hereby responds to the above-captioned Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension, Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and (II) Modify and Allow Certain Claims (the "Thirty-Eighth Omnibus Objection" or the "Claims Objection"). In support of its response, Hyundai respectfully states as follows:

## Background

1.  On October 8, 2005 and October 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On June 1, 2009, the Debtors sough approval of certain modifications to a plan of reorganization that was confirmed on January 25, 2009 (the "Modified Plan"). This Court entered an order approving the Modified Plan on July 30, 2009.

2.  On October 6, 2009, the Debtors substantially consummated the Modified Plan and the effective date occurred.

3.  On November 6, 2009, the Reorganized Debtors filed their Thirty-Eighth Omnibus Objection.

## The Proofs of Claim

4.  On July 31, 2006, Hyundai Motor America and Hyundai Motor Company each timely filed six proofs of claim (each a "Proof of Claim" and together, the "Claims") against various Debtors based on goods and services provided by various Debtors to Hyundai. Proofs of Claim Nos. 15584 and 15590 each were filed against Delphi Korea by Hyundai Motor America and Hyundai Motor Company, respectively. Proofs of Claim Nos. 15585 and 15589 were each filed against Delphi Corporation by Hyundai Motor America and Hyundai Motor Company, respectively. Proofs of Claim Nos. 15586 and 15591 were each filed against Delphi Electronics by Hyundai Motor America and Hyundai Motor Company, respectively. Proofs of Claim Nos. 15587 and 15592 were each filed against Delphi Automotive Systems, LLC by Hyundai Motor America and Hyundai Motor Company, respectively. Proofs of Claim Nos. 15588 and 15593 were each filed against DEOC by Hyundai Motor America and Hyundai Motor Company,

respectively. Proofs of Claim Nos. 15594 and 15595 were each filed against Delphi Diesel by Hyundai Motor America and Hyundai Motor Company, respectively.

5. The only Proofs of Claim subject to objection in the Thirty-Eighth Omnibus Objection are Claims No. 15585 and 15589 (the "Disputed Claims"), the claims filed by Hyundai Motor America and Hyundai Motor Company against Delphi Corporation ("Delphi"). The remaining Proofs of Claim are currently scheduled to be heard at a Sufficiency Hearing on December 18, 2009.

### Hyundai's Claims

6. Hyundai and certain of the Debtors are parties to certain agreements including without limitation (i) Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993, (ii) that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004, (iii) Basic Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003, (iv) Basic Agreement, Quality Assurance Agreement and Claim Compensation Agreement each concluded on January 1, 2002 between Delphi an Hyundai Motor Company, and (v) that certain Product Liability Agreement between Hyundai Motor Company and its affiliates and Delphi Automotive Systems LLC and its affiliates dated October 15, 2007 (as supplemented from time to time, and along with any other agreements between the parties, the "Agreements"). Pursuant to the Agreements, purchase orders associated with the Agreements, as well as well-settled commercial and common law, certain of the Debtors are obligated to indemnify Hyundai, and assume its defense of litigation or other claims based on, or arising out of, liability associated

with the parts supplied by Delphi and/or its affiliates and incorporated into Hyundai vehicles, including warranty claim expenses, product liability claims, and claims of competing intellectual property rights.

7. To date, such claims remain primarily contingent, accruing only when a claim is first made against Hyundai that involves a Delphi component. As set forth in the attached Declaration of Jason R. Erb (the "Erb Dec."), one such instance occurred when Automotive Technologies International ("ATI") sued Hyundai for infringement of certain patents in relation to occupant classification sensing products supplied by certain of the Debtors that have been incorporated into certain Hyundai vehicles, in that certain action styled, *Automotive Technologies International, Inc. v. General Motors Corporation, et al.*, United States District Court for the Eastern District of Texas, Marshall Division, No. 2:08-CV-57 (the "Texas Action"). *See* Erb Dec. at ¶ 3. The Texas Action also involves a companion case, *Delphi Corporation v. Automotive Technologies International, Inc.*, United States District Court for the Eastern District of Michigan, Southern Division, No. 08-CV-11048 (the "Michigan Action," and together with the Texas Action, the "ATI Action"). *Id.* Pursuant to the terms of the Agreements, Hyundai demanded that Delphi assume the Hyundai's defense of the ATI Action. *Id.* Following Hyundai's demands in relation to the ATI Action, on or about August 18, 2008, recognizing the aforementioned rights, Delphi agreed to, and did, assume Hyundai's defense of the ATI Action. *Id.* Trial in the ATI Action is scheduled for November 2011. *Id.*

8. The Disputed Claims involve two categories of claims that arise from, and are based on, Delphi's obligations under the Agreements with respect to the ATI Action: (1) Hyundai's ultimate exposure in relation to the infringement claims made by plaintiff ATI, and

4

(2) Hyundai's costs of defense if Delphi were to no longer provide a defense (as apparently contemplated under the Modified Plan). *See* Erb Dec. at ¶ 4.

9.   With respect to estimated exposure claim, ATI's recognized damages model will dictate that Hyundai is liable to pay ATI approximately $64.80 for each allegedly infringing Hyundai vehicle. *Id.* Based on a total of approximately 574,681 allegedly infringing vehicles reported at the close of business on December 2, 2009, Hyundai faces exposure in the ATI Action in amount of approximately $37,239,328.80 (the "Exposure Claim").[1] *Id.* Accordingly, pursuant to the Agreements, Delphi is required to indemnify Hyundai for the Exposure Claim.

10.  Upon information and belief, it is unclear to Hyundai whether Delphi will continue to assume the defense of the ATI Action, or whether Delphi will contend that it has discharged such liability in its Modified Plan. Accordingly, Hyundai's Disputed Claims against the Debtors also include an estimation for defense costs associated with the ATI Action. According to the most recent survey by the American Intellectual Property Law Association on litigation costs in the United States, the median cost of defense for a patent litigation matter through trial would be $5 million. *See* Erb Dec. at ¶ 5. A true and correct copy of an excerpt from that 2007 survey is attached to the Erb Dec. as Exhibit 1. Given that the ATI Action involves multiple patents and overlapping proceedings in two separate courts (and because the latest survey is a few years old by now), Hyundai believes that the costs of defense for the ATI Action might exceed the 2007 median. *Id.* However, Hyundai nonetheless seeks to claim only $5 million for its estimated costs of defense (the "Defense Claim"). *Id.*

---

[1] The Exposure Claim shall not constitute an admission of liability by, nor is binding on, Hyundai. Hyundai reserves all rights to contest ATI's allegations in the ATI Action including, without limitation, that the patents in the ATI Action are valid or infringed.

11. In connection with vehicles currently on the road and in use across the United States and elsewhere in the world that incorporate components supplied to Hyundai by Delphi, Hyundai contends that it presently may have contingent, unknown claims relating to such components' possible future costs and expenses deriving from, among other things, consumer warranties, product liability risks, and competing intellectual property rights. *See* Erb Dec. ¶ 7. Accordingly, Hyundai reserves its right to seek a full estimation of its Claims pursuant to § 502 of the Bankruptcy Code.

12. The information contained in the Proofs of Claim, as well as attached hereto, is prima facie evidence of the validity of the Disputed Claims. *See* Fed. R. Bankr. P. 3001(f); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). In order to rebut the prima facie evidence that a proof of claim provides, the objector must produce "substantial evidence" in opposition. *In re Long*, 353 B.R. 1 (Bankr. D. Mass. 2006). The Reorganized Debtors have not produced any evidence to show that they are not obligated to pay the Exposure Claim or the Defense Claim as set forth under the Agreements. Merely stating that the Disputed Claims do not appear on the Debtors' books and records does not constitute "substantial evidence."

13. Hyundai, on the other hand, reiterates its position that the Disputed Claims are due and owing by the Debtors in the amounts set forth herein. Hyundai reserves the right to supplement this response during the claims objection process that has been established by the court.

WHEREFORE, Hyundai respectfully requests that the Court enter an order (i) overruling the Reorganized Debtors' objection to the Disputed Claims; and (ii) grant Hyundai such other and further relief as this Court may deem just and proper.

Dated: December 7, 2009
      New York, New York

By:   /s/ Erica E. Carrig
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Erica E. Carrig (EC-2096)
1540 Broadway
New York, NY 10036-4039
Phone: 212-858-1000
Facsimile: 212-858-1500

-and-

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Mark D. Houle (Cal. Bar. No. 194861) *(Pro Hac Admission Granted by Order entered September 27, 2006)*
650 Town Center Drive, Suite 550
Costa Mesa, CA 92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

*Attorneys for Hyundai Motor Company and Hyundai Motor America*