**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Erica E. Carrig (EC-2096)
1540 Broadway
New York, NY 10036-4039
Phone: (212) 858-1000
Facsimile: (212) 858-1500

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Mark D. Houle (Cal. Bar. No. 194861) *(Pro Hac Admission Granted by Order entered September 27, 2006)*
650 Town Center Drive, Suite 550
Costa Mesa, CA 92626-7122
Telephone: (714) 436-6800
Facsimile: (714) 436-2800

*Attorneys for Hyundai Motor Company*
*and Hyundai Motor America*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.* | Case No. 05-44481 (RDD) (Jointly Administered) |
| Reorganized Debtors. | |

-------------------------------------------------------------x

### DECLARATION OF JASON R. ERB IN SUPPORT OF RESPONSE OF HYUNDAI MOTOR COMPANY AND HYUNDAI MOTOR AMERICA TO REORGANIZED DEBTORS' THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION

I, Jason R. Erb, declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the State of California, and I am Assistant General Counsel for defendant Hyundai Motor America ("HMA"). I make this declaration in connection with the Response ("Response") of Hyundai Motor Company and Hyundai Motor America (collectively, "Hyundai") to the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension,

Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and (II) Modify and Allow Certain Claims (the "Thirty-Eighth Omnibus Objection" or the "Claims Objection"). Except where otherwise indicated, I make this declaration on personal knowledge that I have gained during the performance of my duties on behalf of Hyundai, or on a review of company business records or the papers. Hyundai reserves all rights to amend or supplement the information provided herein as necessary.

2.     Hyundai and certain of the Debtors are parties to certain agreements including without limitation: (i) Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993, (ii) that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004, (iii) Basic Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003, (iv) Basic Agreement, Quality Assurance Agreement and Claim Compensation Agreement each concluded on January 1, 2002 between Delphi an Hyundai Motor Company, and (v) that certain Product Liability Agreement between Hyundai Motor Company and its affiliates and Delphi Automotive Systems LLC and its affiliates dated October 15, 2007 (as supplemented from time to time, and along with any other agreements between the parties, the "Agreements"). Pursuant to the Agreements, purchase orders associated with the Agreements, as well as well-settled commercial and common law, certain of the Debtors are obligated to indemnify Hyundai, and assume its defense of litigation or other claims based on, or arising out of, liability associated with the parts supplied by Delphi and/or its affiliates and incorporated into Hyundai vehicles, including warranty claim expenses, product liability claims, and claims of competing intellectual property rights.

601032012v1

## PENDING PATENT LITIGATION

3.  Hyundai has been sued for infringement of certain patents in relation to occupant classification sensing products supplied by Delphi that have been incorporated into certain Hyundai vehicles, in that certain action styled, *Automotive Technologies International, Inc. v. General Motors Corporation, et al.*, United States District Court for the Eastern District of Texas, Marshall Division, No. 2:08-CV-57. That action also involves a companion case, *Delphi Corporation v. Automotive Technologies International, Inc.*, United States District Court for the Eastern District of Michigan, Southern Division, No. 08-CV-11048 (collectively, both related actions referred to as the "ATI Action"). Following Hyundai's demands in relation to the ATI Action, on or about August 18, 2008, recognizing the aforementioned rights, Delphi agreed to, and did, assume Hyundai's defense of the ATI Action. Trial in the ATI Action is scheduled for November 2011.

4.  Hyundai has two categories of claims that arise from, and are based on, Delphi's obligations under the Agreements with respect to the ATI Action: (1) Hyundai's ultimate exposure in relation to the infringement claims made by plaintiff Automotive Technologies International ("ATI") and (2) Hyundai's costs of defense if Delphi were to no longer provide a defense (as apparently contemplated under Delphi's new plan). With respect to the exposure claim, Hyundai is familiar with the damages model employed by ATI in the ATI Action through other patent litigation. Specifically, Hyundai understands that ATI claims to have developed a damages model that uses a 3% royalty applied to the alleged cost of the patented components, producing an average royalty per vehicle sold of $64.80. While Hyundai, to be sure, does not agree with the model, its assumptions, or its resulting calculations (nor for that matter that the patents in the ATI Action are valid or infringed), use of the model in the ATI Action, based on the sale of 574,681 allegedly infringing vehicles reported at the close of business on December 2, 2009, would yield total damages sought in the amount of $37,239,328.80 (the "Exposure Claim").

5.  At that level of exposure, according to the most recent survey by the American Intellectual Property Law Association on litigation costs in the United States, the median cost of defense for a patent litigation matter through trial would be $5 million. A true and correct copy of an excerpt from that 2007 survey is attached hereto as Exhibit 1. Given that the ATI Action involves multiple patents and overlapping proceedings in two separate courts (and because the latest survey is a few years old by now), we suspect that the costs of defense for the ATI Action might exceed the 2007 median, but, to be conservative, we have nonetheless adopted $5 million as an estimate for these purposes (the "Defense Claim").

6.  Accordingly, based upon Delphi's obligations to Hyundai under the Agreements, Delphi is obligated to pay to Hyundai a total of $ 42,249,328.80 representing the combined Exposure Claim and Defense Claim.

## OTHER CLAIMS

7.  In connection with vehicles currently on the road and in use across the United States and elsewhere in the world that incorporate components supplied to Hyundai by Delphi, Hyundai contends that it presently may have contingent, unknown claims relating to such components' possible future costs and expenses deriving from, among other things, consumer warranties, product liability risks, and competing intellectual property rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December, 2009, at Fountain Valley, California.

_____
Jason R. Erb

# Exhibit 1

## TYPICAL COSTS OF LITIGATION

Survey participants were asked to provide cost estimates, *but only for the types of litigation they had personal knowledge of, either as a service provider (attorney in private practice) or as a purchaser (corporate counsel), and were engaged in recently.* "Total cost" was requested, including outside legal and paralegal services, local counsel, associates, paralegals, travel and living expenses, fees and costs for court reporters, photocopies, courier services, exhibit preparation, analytical testing, expert witnesses, translators, surveys, jury advisors, and similar expenses.

The following table reports median litigation costs for Patent Infringement, Trademark Infringement, Trademark Opposition/Cancellation, Copyright Infringement, Trade Secret Misappropriation, Two-Party Interference, and Inter Partes Reexamination.

| MEDIAN LITIGATION COSTS | $000s | | | |
|---|---|---|---|---|
| | 2001 | 2003 | 2005 | 2007 |
| **PATENT INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $250 | $290 | $350 | $350 |
| Inclusive, all costs | 499 | 500 | 650 | 600 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $797 | $1,001 | $1,250 | $1,250 |
| Inclusive, all costs | 1,499 | 2,000 | 2,000 | 2,500 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $1,508 | $2,508 | $3,000 | $3,000 |
| Inclusive, all costs | 2,992 | 3,995 | 4,500 | 5,000 |
| | | | | |
| **TRADEMARK INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $102 | $150 | $200 | $150 |
| Inclusive, all costs | 230 | 298 | 300 | 255 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $299 | $365 | $400 | $350 |
| Inclusive, all costs | 502 | 602 | 700 | 650 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $502 | $599 | $750 | $600 |
| Inclusive, all costs | 1,001 | 1,006 | 1,250 | 1,250 |
| | | | | |
| **TRADEMARK OPPOSITION/CANCELLATION** | | | | |
| End of discovery | $35 | $50 | $50 | $50 |
| Inclusive, all costs | 50 | 78 | 80 | 75 |
| | | | | |
| **COPYRIGHT INFRINGEMENT SUIT** | | | | |
| LESS THAN $1 MILLION AT RISK | | | | |
| End of discovery | $101 | $101 | $138 | $150 |
| Inclusive, all costs | 200 | 249 | 250 | 290 |
| $1-$25 MILLION AT RISK | | | | |
| End of discovery | $202 | $298 | $250 | $350 |
| Inclusive, all costs | 400 | 499 | 440 | 500 |
| MORE THAN $25 MILLION AT RISK | | | | |
| End of discovery | $400 | $501 | $550 | $550 |
| Inclusive, all costs | 750 | 950 | 975 | 1,000 |