POLSINELLI SHUGHART PC
Robert F. McDonough
Seven Penn Plaza, Suite 600
New York, New York  10001
(212) 684-0199
Fax: (212) 684-0197

-and-

POLSINELLI SHUGHART PC
Paul D. Sinclair
Andrew J. Nazar
120 West 12th Street
Kansas City, Missouri  64105
(816) 421-3355
Fax: (816) 374-0509

ATTORNEYS FOR CITY OF OLATHE, KANSAS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
    In re                                    :    Chapter 11
                                                               :
DPH HOLDINGS CORP., et al.,                                    :    Case No. 05-44481 (RDD)
                                                               :
        Reorganized  Debtors.            :    (Jointly Administered)
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CITY OF OLATHE, KANSAS'S RESPONSE AND OBJECTION TO REORGANIZED
DEBTORS THIRTY-EIGHT OMNIBUS CLAIMS OBJECTION**

      COMES NOW, City of Olathe, Kansas ("City of Olathe") an administrative and post-petition creditor of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), who oppose Reorganized Debtors Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bank. P. 3007 to (I) Expunge Certain (A) Equity Interests, (B) Books and Records Claims, (C) Untimely Claims, (D) Pension, Benefit, and OPEB Claims, and (E) Workers' Compensation Claims and

1

2590337.03

(II) Modify and Allow Certain Claims ("<u>Debtors Thirty-Eighth Omnibus Claims Objection</u>" or the "<u>Objection</u>") (Docket # 19044) and in support of their opposition state as follows:

**Procedural History of Debtors and Claims**

1. On October 8, 2005, (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Olathe timely and properly filed proofs of claim numbers 14825 and 14826 against DAS LLC and Delphi respectively, which each assert administrative claims in the amount of $835,000 (the "<u>Claims</u>") stemming from an environmental clean up and a Corrective Action Plan/Corrective Action agreement.

3. On November 6, 2009, the Reorganized Debtors filed their Thirty-Eighth Omnibus Claim Objection (Docket # 19044) against numerous parties, including the City of Olathe Claims (Claim Numbers 14825 and 14826) on the basis that they did not match the Books and Records of the Debtors. The Objection seeks to disallow and expunge the Claims.

4. A response is due to the Debtors Objection by December 3, 2009, but by written agreement of counsel between the parties, the City of Olathe was granted an extension to file its response to the Objection until December 7, 2009 at 5:00 pm Eastern Standard Time.

**Factual History and Basis for Claims**

5. As described in great detail in the attachments and exhibits to the Claims, the City of Olathe owns a site called the Mill Creek Site ("<u>Mill Creek</u>") located approximately one mile north of downtown Olathe in Johnson County, Kansas. The Kansas Department of Health and Environment ("<u>KDHE</u>"), pursuant to its police power to protect public health and safety, identified the site in 1999 when suspected battery debris was discovered there. Delphi had operated a battery plant in Olathe, which had previously closed. KDHE determined that Delphi

2

and DAS LLC had transported and disposed of battery plant wastes at the city-owned site where at least a portion of which was operated as a landfill for some period of time ending in the mid to late 1950's.  In 2000, Olathe and DAS LLC entered into a Consent Order with KDHE to undertake all actions required by the Consent Order, a copy of which is attached to the Claims.  The proposed remedy currently required under the Consent Order generally includes the duty to prepare a Comprehensive Investigation Work Plan, a Corrective Action Study, removal of visible battery debris, surface grading, installation of soil/vegetative cover, construction of erosion control structures, installation of perimeter fences, routine maintenance of existing parking areas, long-term environmental monitoring, annual site inspections, and connection of two nearby residences to city water.

6.      On May 31, 2000, Olathe and DAS LLC signed the CI/CAS Agreement as defined in the Claims, which is attached to the Claims as Exhibit 2.  The agreement provided for sharing of costs between Delphi and Olathe for the CI/CAS.  There are numerous exhibits attached to the Claims explaining and documenting the progress and status of the Claims at the time of filing of the Claims.  Since the filing the Debtors and Reorganized Debtors have continued to perform under these agreements and have also agreed to amendments to these agreements as documented below.

7.      Olathe and DAS LLC entered into a Corrective Action Plan/Corrective Action Funding Agreement:  Mill Creek Site, Olathe, Kansas, dated May 6, 2008 ("CAP"), whereby Olathe and DAS LLC agreed to certain procedures and cost sharing arrangements which are stated in the CAP, a copy of which attached hereto as Exhibit A and incorporated herein by this reference.

3

8.      Olathe, DAS LLC, and the Kansas Department of Health and Environment entered into an Amendment to Consent Order on June 9, 2008 ("<u>Amendment</u>") whereby Olathe and DAS LLC agreed to certain remedial actions with the Kansas Department of Health and Environment, which are stated in the Amendment, a copy of which is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

9.      Delphi and DAS LLC were authorized to enter into the CAP and Amendment, without court approval, pursuant to various Court orders, including, but not limited to the Amended and Restated Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval (Docket # 8401), various other Court orders, and the Bankruptcy Code.

10.     Thus Debtor and the Reorganized Debtors have continued to operate under the Consent Order, CI/CAS, CAP, and Amendment and have continued to agree to their terms in the post-petition period as well as demonstrated by the CAP and the Amendment.

### The City of Olathe's Claims Are Adequately Support, Documented and Viable Claims and the Reorganized Debtors Objection Does Not Present Substantial Evidence to Rebut the Presumption of Validity of the Claims

11.     A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.[1]  The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity.[2]  Such evidence must be sufficient to demonstrate a true dispute and must have probative force that is least equal to the

---

[1] Fed. R. Bankr. P. 3001(f).

[2] *In re Babcock & Wilcox Co.*, 2002 U.S. Dist. LEXIS 15742, at *6 (E.D.La. 2002). *See also, In re Pan*, 209 B.R. 152, 155-56 (D. Mass. 1997).

4

contents of the claim.[3] Upon the introduction of sufficient evidence by the objecting party, the burden of proof will fall on whichever party would bear that burden outside of bankruptcy.[4]

12. Under the Bankruptcy Code, a "claim" means among other things:

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;[5] …"

13. Most payment obligations concerning environmental clean up, even if contingent, are claims.[6] If the claims can be contingent, there is obviously no requirement that these claims appear in the books and records of the debtor to be valid. Particularly, as work on the project is ongoing and subject to change, as reflected by the post-petition amendments and ongoing work, the claims amount is changing as work is completed.

14. The Claims submitted by the City of Olathe contain numerous supporting documents, including an agreed court order, which are now supplemented by the CAP and Amendment which were executed post-petition and are attached hereto, which further strengthen and support the City of Olathe's Claims.

15. Reorganized Debtors' Objection is not a true dispute and, on information and belief, the Reorganized Debtors are seeking to preserve their rights to object and at this time do not have a true objection to the underlying Claims. The Objection does not have the probative force that is equal to the content of the Claims and their supporting documentation, thus it is not

---

[3] *In re Wells*, 51 B.R. 563 (D. Colo. 1985) and *Matter of Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987).

[4] *Raleigh v Illinois Dept. of Revenue*, 530 U.S. 15 (2000).

[5] 11 U.S.C. § 101(5).

[6] *See, In re Chateaugay Corp.*, 944 F.2d 997 (2nd Cir. 1991) and, *Ohio v. Kovacs*, 469 U.S. 274 (1985).

5

2590337.03

substantial evidence in opposition.[7] The Reorganized Debtors' assertion does not overcome the presumption of the validity of City of Olathe's Claims.

16. Any reply to, hearing regarding or any other action taken in regard to the Claims should be mailed and emailed to the following:

> Paul D. Sinclair, Esq.
> Andrew J. Nazar, Esq.
> Polsinelli, Shughart PC
> Twelve Wyandotte Plaza
> 120 West 12th Street
> Kansas City, MO 64105
> psinclair@polsinelli.com
> anazar@polsinelli.com
>
> -and-
>
> Joel R. Mosher, Esq.
> Shook, Hardy & Bacon, LLP
> 2555 Grand Blvd.
> Kansas City, MO 64108-2613
> jmosher@shb.com

17. The City of Olathe reserves the right to amend this response and present other bases for supporting its Claims.

WHEREFORE, the City of Olathe asks this Court to deny the Reorganized Debtors Thirty-Eighth Omnibus Objection as it regarding the City of Olathe's Claims numbers 14825 and 14826 and for such other relief as the Court deems just and proper.

---

[7] *In re Allegheny International, Inc., et al. v. Daniel Snyder*, 954 F.2d 167, 173-174 (3rd Cir. 1992); *In re Long*, 353 B.R. 1 (Bankr. D. Mass. 2006).

Dated:  December 7, 2009

        Respectfully submitted,

        POLSINELLI SHUGHART P.C.


By: */s/ Robert F. McDonough*
    ROBERT F. MCDONOUGH (NY #2214617)
    Seven Penn Plaza, Suite 600
    New York, New York 10001
    (212) 684-0199
    Fax: (212) 684-0197
    rmcdonough@polsinelli.com

    PAUL D. SINCLAIR  (MO #26732)
    ANDREW J. NAZAR  (MO #57928)
    120 West 12th Street
    Kansas City, Missouri 64105
    (816) 421-3355
    Fax (816) 374-0509
    psinclair@polsinelli.com
    anazar@polsinelli.com

-and-

SHOOK, HARDY & BACON, LLP

    Joel R. Mosher
    2555 Grand Blvd.
    Kansas City, Missouri 64108-2613
    (816) 474-6550
    Fax (816) 421-5547
    jmosher@shb.com

ATTORNEYS FOR CITY OF OLATHE, KANSAS

2590337.03