**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
       In re                                  :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case Number 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
           Reorganized Debtors.               :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
OF JANE M. DUFFY TO DEBTORS' OBJECTIONS TO PROOF OF
<u>CLAIM NO. 3175 FILED BY JANE M. DUFFY</u>

("SUPPLEMENTAL REPLY REGARDING
JANE M. DUFFY'S EQUITY INTEREST")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Jane M. Duffy To Debtors' Objections To Proof Of Claim No. 3175 Filed By Jane M. Duffy (the "Supplemental Reply"), and respectfully represent as follows:

A.   Preliminary Statement

1.   On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.   On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.   On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

2

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**</u>

B. <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proof of claim number 3175 filed by Jane M. Duffy asserting an equity interest in Delphi Corporation.

C. <u>Proof Of Claim Asserting Equity Interest Filed by Jane M. Duffy</u>

8. During their review of proofs of claim filed in these cases, the Debtors determined that proof of claim number 3175 filed by Jane M. Duffy against Delphi Corporation represents a proof of interest that was filed by Ms. Duffy as a holder of common stock in Delphi Corporation. The Reorganized Debtors believe that Ms. Duffy is not a creditor of the Debtors. Accordingly, this Court should enter an order disallowing and expunging proof of claim number 3175 in its entirety.

9. <u>The Equity Interest Asserted Against The Debtors</u>. On May 4, 2006, Jane M. Duffy filed proof of claim number 3175 against Delphi Corporation. The proof of claim was made on the preprinted proof of claim form that was provided by Kurtzman Carson Consultants ("KCC"), the claims and noticing agent in these cases, to all persons and entities included in the notice database compiled by the Debtors at the beginning of these cases. Items 1-10 on proof of claim number 3175 were left blank.

10. <u>The Debtors' Objections To The Equity Interest</u>. On November 2, 2006, the Debtors objected to Jane M. Duffy's proof of claim number 3175 on the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which the Debtors objected to proof of claim

4

number 3175 as an equity interest not asserting a claims against the Debtors and sought entry of an order disallowing and expunging that proof of claim.

11. Ms. Duffy's Responses To The Debtors' Objections. On December 12, 2006, Ms Duffy filed a letter response to the Third Omnibus Claims Objection (Docket No. 6151). In her response, Ms. Duffy attached an Equity Security Holder Committee Acceptance Form that she said should have been attached to her proof of claim.

12. The Sufficiency Hearing Notice. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to proof of claim number 3175 was adjourned to a future date. On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to proof of claim number 3175, among other proofs of claim, scheduling the Sufficiency Hearing.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

13. The Reorganized Debtors respectfully submit that proof of claim number 3175 fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Ms. Duffy has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Debtors' objections to proof of claim number 3175 should be sustained and that proof of claim should be disallowed and expunged in its entirety.

14. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

5

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

    15.  For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

    16.  This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.  Argument Regarding The Equity Interest.

17. On or prior to April 20, 2006, the Debtors caused KCC to serve notice of the Bar Date (the "Bar Date Notice"), together with a proof of claim form, on, among others, holders of Delphi Corporation common stock to ensure that holders of stock who wished to assert claims against any of the Debtors that were not based solely upon their ownership of Delphi Corporation common stock would be afforded the opportunity to file such claims in these cases. The ownership of Delphi Corporation common stock constitutes an equity interest in Delphi Corporation, but does not constitute a "claim" against the Debtors as such term is defined in section 101(5) of the Bankruptcy Code. Furthermore, as set forth in the Bar Date Notice that was approved by this Court, creditors and equity holders were notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi Corporation common stock.[1]

---

[1] The Bar Date Order provides, in relevant part:

> Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:
>
> * * *
>
> (h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

7

18. In addition, pursuant to section 1141(d) of the Bankruptcy Code, the distributions and rights that are provided in the Modified Plan are in complete satisfaction, discharge, and release of, among other things, interests in Delphi Corporation whether or not a proof of claim based upon such interest is filed. Finally, the Modification Approval Order is a judicial determination of the discharge of all interests in the Debtors.

19. Accordingly, the Reorganized Debtors assert that Ms. Duffy has not met her burden of proof to establish a claim against or interest in the Debtors, (b) proof of claim number 3175 is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) proof of claim number 3175 fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because Ms. Duffy cannot provide facts or law supporting her claim, the Third Omnibus Claims Objection should be sustained as to proof of claim number 3175 and such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to proof of Claim number 3175, (b) disallowing and expunging proof of claim number 3175 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         December 8, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

        By:  /s/ John Wm. Butler, Jr.
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
        155 North Wacker Drive
        Chicago, Illinois 60606

          - and -

        By:  /s/ Kayalyn A. Marafioti
            Kayalyn A. Marafioti
        Four Times Square
        New York, New York 10036

        Attorneys for DPH Holdings Corp., et al.,
          Reorganized Debtors