**Hearing Date and Time: December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOFS OF CLAM NOS. 13663 AND 13730 FILED BY THE INTERNATIONAL UNION OF OPERATING ENGINEERS (THE "IUOE"), LOCAL 101-S, (B) PROOFS OF CLAIM NOS. 13734 AND 15071 FILED BY THE IUOE, LOCAL 18-S, (C) PROOFS OF CLAIM NOS. 13699 AND 15075 FILED BY THE IUOE, LOCAL 832-S, (D) PROOFS OF CLAIM NOS. 13863 AND 14334 FILED BY THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS AND ITS DISTRICT 10 AND TOOL AND DIE MAKERS LODGE 78, AND (E) PROOFS OF CLAIM NOS. 13875 AND 14350 FILED BY THE INTERNATIONAL <u>BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 663</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN UNION CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Clam Nos. 13663 And 13730 Filed By The International Union Of Operating Engineers (The "IUOE"), Local 101-S, (B) Proofs Of Claim Nos. 13734 And 15071 Filed By The IUOE, Local 18-S, (C) Proofs Of Claim Nos. 13699 And 15075 Filed By The IUOE, Local 832-S, (D) Proofs Of Claim Nos. 13863 And 14334 Filed By The International Association Of Machinists And Aerospace Workers And Its District 10 And Tool And Die Makers Lodge 78, And (E) Proofs Of Claim Nos. 13875 And 14350 Filed By The International Brotherhood Of Electrical Workers, Local 663 (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

2

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

        4.        The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

        5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**</u>

B. <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging the proofs of claim filed by the International Union of Operating Engineers, Local 101-S, Local 18-S, and Local 832-S (the "IUOE"), the International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die Makers Lodge 78 (the "IAM"), and the International Brotherhood of Electrical Workers, Local 663 (the "IBEW") asserting wages and benefits, future pension benefits, or other post-employment benefits that were waived and released pursuant to certain settlement agreements between the Debtors and each of the IUOE, the IBEW, and the IAM, respectively.

C. <u>Union Claims</u>

8. During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by the IUOE, the IAM, and the IBEW assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records because such proofs of claim are for wages and benefits, future pension benefits, or other post-employment benefits and that were waived and released pursuant to certain settlement agreements between the Debtors and each of the IUOE, the IBEW, and the IAM, respectively. The Reorganized Debtors believe that the IUOE, the IAM, and the IBEW are not creditors of the Debtors. Accordingly, this Court should enter an order disallowing and expunging each proof of claim filed by the IUOE, the IBEW, and the IAM in its entirety.

    9. <u>The Union Claims Filed Against The Debtors</u>.  On July 31, 2006, the IUOE, Local 101-S filed proof of clam number 13663 against Delphi Corporation and proof of claim number 13730 against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases.  Each of these claims asserts (a) an unsecured non-priority claim in the amount of $35,000.00 plus unliquidated and contingent claims by a retired employee based upon the employer's obligations under ERISA and (b) unliquidated and contingent claims for current and retired employees which would become due as a result of actions that may be taken to repudiate collective bargaining agreements between the IUOE and the Debtors or reduce amounts owed under that agreement and related employee benefit plans.

    10. On July 31, 2006, the IUOE, Local 18-S filed proof of claim number 13734 against Delphi Corporation and proof of claim number 15071 against DAS LLC.  Each of these claims asserts claims adding up to approximately $28,000.00 for wages due to certain employees as a result of outstanding grievances and (b) unliquidated and congintenget claims for wages and benefits which may become due under a collectively bargaining agreement between the IUOE, Local 18-S and the Debtors and related benefit plans as a result of actions which may be taken pursuant to sections 1113 and 1114 of the Bankruptcy Code or otherwise to repudiate the agreement and related benefit plans.

    11. On July 31, 2006, the IUOE, Local 832-S filed proof of claim number 15075 against Delphi Corporation and proof of claim number 13699 against DAS LLC.  Each of these claims is for unliquidated and contingent claims of present and retired employees represented by the IUOE, Local 832-S for wages and benefits which may become due under a collectively bargaining agreement between the IUOE, Local 18-S and the Debtors and related

5

benefit plans as a result of actions which may be taken pursuant to sections 1113 and 1114 of the Bankruptcy Code or otherwise to repudiate the agreement and related benefit plans.

   12. On July 31, 2006, the IAM filed proof of claim number 13863 against Delphi Corporation and proof of claim number 14334 against DAS LLC, with each claim asserting (a) $114,072.00 for a pending grievance, (b) any amounts owed under the collective bargaining agreement between the IAM and the Debtors that would be reduced pursuant to section 1113 of the Bankruptcy Code or otherwise, and (c) claims on behalf of retirees it represents for any amounts owed under applicable pension or benefit plans which are reduced pursuant to section 1114 of the Bankruptcy Code or otherwise, including but not limited to any reduction in pension, health insurance, or life insurance benefits.

   13. On July 31, 2006, the IBEW filed proof of claim number 13875 against Delphi Corporation and proof of claim number 14350 (together with proofs of claim numbers 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 15071, and 15075, the "Union Claims") against DAS LLC, with each claim asserting (a) $1,605,198.08 and $66,897.00 for pending grievances, (b) any amounts owed under the collective bargaining agreement between the IBEW and the Debtors that would be reduced pursuant to section 1113 of the Bankruptcy Code or otherwise, and (c) amounts owed under applicable collectively bargaining agreements that would be reduced pursuant to section 1113 of the Bankruptcy Code or otherwise, including but not limited to wages, other compensation and benefits, future retiree benefits, and pension benefits owed to employees.

   14. <u>The Debtors' Objection To The Union Claims</u>.  On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain

Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to each Union Claim on the grounds that such claims were waived pursuant to certain settlement agreements between the Debtors and each of the IUOE, the IBEW, and the IAM, respectively, and that such waivers would become effective upon the consummation of a confirmed plan of reorganization of the Debtors. Accordingly, the Debtors requested entry of an order disallowing and expunging each Union Claim as of the consummation of the Modified Plan.

15.    <u>The Responses To The Debtors' Objections</u>.  On July 16, 2009, the IUOE filed its Response of IUOE Locals 18S, 101S, 832S To Debtors' Thirty-Fourth Omnibus Claims Objection (Docket No. 18332).  In its response, the IUOE asserts that its claims had not been waived because, as of the date of the Thirty-Fourth Omnibus Claims Objection, the waivers in the settlement agreement between the IUOE and the Debtors had not yet become effective because the Modified Plan had not yet been substantially consummated.  In addition, the IUOE asserts that the settlement agreement between the IUOE and the Debtors do not provide for a waiver of the right to assert claims for the failure to pay future pension benefits.

16.    On July 16, 2009, the IAM and the IBEW filed the Response Of IBEW And IAM to Debtor's Thirty Fourth Omnibus Claims Objection (Docket No. 18333) and the Corrected Response Of IBEW And IAM to Debtor's Thirty Fourth Omnibus Claims Objection

7

(Docket No. 18334). In their response, the IAM and the IBEW assert that the waiver in the settlement agreements between each of the IAM and the IBEW and the Debtors does not waive the right to assert claims for the failure to pay future pension benefits

17.   The Sufficiency Hearing Notice.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Union Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Union Claims, scheduling the Sufficiency Hearing.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

18.   The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The IUOE, the IBEW, and the IAM have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Debtors' objections to each Union Claims should be sustained with respect to such proof of claim and each Union Claim should be disallowed and expunged in its entirety.

19.   The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

8

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

20. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

21. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.   <u>Argument Regarding The Union Claims.</u>

      22.    As described in the Thirty-Fourth Omnibus Claims Objection, The Debtors entered into three settlement agreements with the IUOE, two settlement agreements with the IBEW, and one settlement agreement with the IAM (collectively, the "IUOE, IBEW, and IAM Settlement Agreements"). The IUOE, IBEW, and IAM Settlement Agreements, copies of which are attached to, and approved by, the Order Under 11 U.S.C. §§ 363, 1113, And 1114 And Fed. R. Bankr. P. 6004 And 9019 Approving (I) Memoranda Of Understanding Among IUOE, IBEW, IAM, Delphi, And General Motors Corporation Including Modification Of IUOE, IBEW, And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE, IBEW, And IAM-Represented Retirees And (II) Modification Of, And Term Sheet Regarding, Retiree Welfare Benefits For Certain Non-Represented Hourly Active Employees And Retirees (the "IUOE, IBEW, And IAM 1113/1114 Settlement And Retiree Benefit Approval Order") (Docket No. 9107) entered by this Court on August 16, 2007, all provide, in relevant part:

> On the [E]ffective [D]ate . . . the [IUOE/IBEW/IAM], all employees and former employees of Delphi represented or formerly represented by the [IUOE/IBEW/IAM], and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates . . . and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the collective bargaining agreements between Delphi and the [IUOE/IBEW/IAM] and between GM and the [IUOE/IBEW/IAM] related to such employees . . . .

IUOE, IBEW, And IAM 1113/1114 Settlement And Retiree Benefit Approval Order ¶¶ 9(a), 11(a), and 13(a).

      23.    Pursuant to the IUOE, IBEW, and IAM Settlement Agreements, the IUOE, the IBEW, and the IAM and all of their members have agreed to waive and release, upon the

10

effective date of the Modified Plan, all claims arising from the respective collective bargaining agreements between the Debtors and each of the IUOE, the IBEW, and the IAM.

24. In their responses to the Thirty-Fourth Omnibus Claims Objection, each of the IUOE, IBEW, and IAM argue that the waivers in the IUOE, IBEW, and IAM Settlement Agreements do not apply to claims asserting vested pension benefits. In this Supplemental Reply, the Reorganized Debtors assert that to the extent that the Union Claims assert liabilities for anything other than vested pension benefits, the the substantial consummation of the Modified Plan and the occurrence of the Effective Date has triggered the waivers in the IUOE, IBEW, and IAM Settlement Agreements and that each Union Claim should be disallowed and expunged in its entirety.

25. To the extent that the Union Claims assert liabilities for pension benefits, the Reorganized Debtors assert that such claims should be disallowed and expunged in their entirety because, the Pension Plans were terminated by the PBGC as of July 31, 2009. Upon termination the Pension Plan, such claims may not be asserted by plan participants because, under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq., the PBGC is the sole entity entitled to assert pension claims against employers for pension plan underfunding and participants have no right to make claims against their employers for benefits under terminated plans. See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998); In re Adams Hard Facing Co., 129 B.R. 662 (W.D. Okla. 1991).

26.     In their responses, the IUOE, IBEW, and IAM attempt to distinguish the Sixth Circuit's ruling in United Steelworkers by citing the unreported decision in Local No. 1654, Int'l Brotherhood of Electrcial Workers, AFL-CIO v. L.G. Philips Display Components Co., 137 Fed. Appx. 776 (6th Cir. 2005), in which the Sixth Circuit noted that claims involving rights created by collective bargaining agreements are governed by the Labor Management Relations Act (the "LMRA") and that such claims can be maintained under section 301 of the LMRA Local No. 1654, 137 Fed. Appx. At 778.  However, the Union Claims do not state any such claims arising under section 301 of the LMRA.  To the extent that the IUOE, IBEW, and IAM cannot state a claim under section 301 of the LMRA, those claimants have not met their burden of proof to establish a claim against the Debtors.

27.     None of the IUOE, IBEW, and IAM, in their Proofs of Claim or in their responses to the Debtors' objection to their Proofs of Claim, have proved any set of facts that support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) those claimants have not met their burden of proof to establish a claim against the Debtors, (b) the Union Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Union Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because the IUOE, IBEW, and IAM cannot provide facts or law supporting their claims, the Thirty-Fifth Omnibus Claims Objection should be sustained as to each Union Claim and each such claim should be disallowed and expunged in its entirety.

12

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Union Claims, (b) disallowing and expunging each Union Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
December 8, 2009

                    SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP

                    By:  /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr.
                        John K. Lyons
                        Ron E. Meisler
                    155 North Wacker Drive
                  Chicago, Illinois 60606

                      - and -

                  By:  /s/ Kayalyn A. Marafioti
                       Kayalyn A. Marafioti
                  Four Times Square
                  New York, New York 10036

                  Attorneys for DPH Holdings Corp., et al.,
                     Reorganized Debtors