Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                 :  Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :  Case Number 05-44481 (RDD)
                                          :
                                          :  (Jointly Administered)
        Reorganized Debtors.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOF OF CLAIM
NOS. 10570 AND 10571 FILED BY TK HOLDINGS INC., AUTOMOTIVE SYSTEMS,
INC., AND TAKATA SEAT BELTS, INC., (B) PROOF OF CLAIM NO. 10964 FILED
BY TK HOLDINGS INC., (C) PROOF OF CLAIM NOS. 10965 AND 10968 FILED BY
TAKATA CORPORATION, AND (D) PROOF OF CLAIM NOS. 10966 AND 10967
FILED BY HIGHLAND INDUSTRIES, INC.

("SUPPLEMENTAL REPLY REGARDING CERTAIN
CONTINGENT REJECTION DAMAGES CLAIMS")

1

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proof Of Claim Nos. 10570 And 10571 Filed By Tk Holdings Inc., Automotive Systems, Inc., And Takata Seat Belts, Inc., (B) Proof Of Claim No. 10964 Filed By Tk Holdings Inc., (C) Proof Of Claim Nos. 10965 And 10968 Filed By Takata Corporation, And (D) Proof Of Claim Nos. 10966 And 10967 Filed By Highland Industries, Inc. (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.    Relief Requested

7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by certain counterparties to contracts with the Debtors asserting contingent contract rejection damages for contracts that the Debtors did not reject pursuant to section 365 of the Bankruptcy Code.

C.    Contingent Rejection Damages Claims

8.    During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by certain counterparties to contracts with the Debtors asserted contingent damages in the event that such contract or contracts would be rejected by the Debtors pursuant to section 365 of the Bankruptcy Code.  Because the Modified Plan has been substantially consummated and the Debtors have not rejected the contracts upon which these claims are based, the Reorganized Debtors believe that the claimants asserting these proofs of claim are not creditors of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each such proof of claim in its entirety.

9.    The Contingent Rejection Damages Claims Filed Against The Debtors. On July 25, 2005, TK Holdings Inc., Automotive Systems Inc, and Takata Seat Belts, Inc. (collectively, "TK Holdings") filed proof of claim number 10570 against Delphi Corporation and proof of claim number 10571 against Delphi Technologies Inc. ("DTI"), a Debtor in these cases, with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain patent cross-license agreement dated November 22, 2004 between TK Holdings and each of Delphi Corporation and DTI.

4

    10.  On July 26, 2005, TK Holdings Inc. filed proof of claim number 10964 against DTI asserting contingent, unliquidated, and undetermined amounts against DTI with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain license agreement dated November 12, 2001 between TK Holdings Inc. and DTI.

    11.  On July 26, 2005, Takata Corporation ("Takata") filed proof of claim number 10965 against DTI and proof of claim number 10968 against Delphi Corporation, with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain patent cross-license agreement dated October 24, 2003 and certain patent sub-licenses between Takata and each of Delphi Corporation and DTI.

    12.  On July 26, 2005, Highland Industries, Inc. ("Highland Industries") filed proof of claim number 10966 against DTI and proof of claim number 10967 (together with proofs of claim numbers 10570, 10571, 10964, 10965, and 10968, the "Contingent Rejection Damages Claims") against Delphi Corporation, with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain airbag fabric agreement dated January 15, 2004 between Highland Industries and each of Delphi Corporation and DTI.

    13.  <u>The Debtors' Objection To The Contingent Rejection Damages Claims</u>. On November 2, 2006, the Debtors filed the Third Omnibus Claims Objection, by which the Debtors objected to proofs of claim numbers 10570, 10964, 10965, 10966, and 10967 as protective claims and sought an order disallowing and expunging each of those proofs of claim.

14.     On May 30, 2007, the Debtors filed the Fourteenth Omnibus Claims Objection, by which the Debtors objected to proofs of claim numbers 10571 and 10968 as duplicative claims and sought an order disallowing and expunging each of those proofs of claim.

15.     <u>Contract Counterparties' Responses To The Debtors' Objections</u>. On November 21, 2006, TK Holdings filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc., Automotive Systems Laboratory, Inc. And Takata Seat Belts Inc. (Claim No. 10570) (Docket No. 5643), in which TK Holdings asserts that disallowance of proof of claim number 10570 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

16.     On June 15, 2007, TK Holdings filed the Response To Debtors' Fourteenth Omnibus Claims Objection By TK Holdings Inc., Automotive Systems Laboratory, Inc. And Takata Seat Belts Inc. (Claim No. 10571) (Docket No. 8267), in which TK Holdings asserts that disallowance of proof of claim number 10571 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

17.     On November 21, 2006, TK Holdings Inc. filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc. (Claim No. 10964) (Docket No. 5636), in which TK Holdings Inc. asserts that disallowance of proof of claim number 10964 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

18.     On November 21, 2006, Takata filed the Response To Debtors' Third Omnibus Claims Objection By Takata Corporation (Claim No. 10965) (Docket No. 5641), in which Takata asserts that disallowance of proof of claim number 10965 is premature until the

Debtors determine whether they will assume or reject the executory contract underlying the claim.

19. On June 15, 2007, Takata filed the Response To Debtors' Fourteenth Omnibus Claims Objection By Takata Corporation. (Claim No. 10968) (Docket No. 8268), in which TK Holdings asserts that disallowance of proof of claim number 10968 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

20. On November 21, 2006, Highland Industries filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc. (Claim Nos. 10966 & 10967) (Docket No. 5642), in which Highland asserts that disallowance of proofs of claim numbers 10966 and 10967 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claims.

21. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Contingent Rejection Damages Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Contingent Rejection Damages Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.   <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

22. The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The claimants asserting the Contingent Rejection Damages Claims have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each Contingent Rejection

Damages Claim should be sustained with respect to such proofs of claim and each Contingent Rejection Damages Claim should be disallowed and expunged in its entirety.

23. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f). <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Intern., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

24. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be

8

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

        25.      This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.      Argument Regarding The Contingent Rejection Damages Claims.

        26.      Each Contingent Rejection Damages Claims is a contingent claims in which the contingent event would be the Debtors' rejection pursuant to section 365 of the Bankruptcy Code of the executory contracts referenced in each such Proof of Claim.  As noted above, the Modified Plan has been substantially consummated and the Debtors did not reject any of the contracts referenced in the Contingent Rejection Damages Claims.

        27.      None of the parties asserting the Contingent Rejection Damages Claims, in their Proofs of Claim or in their responses to the Debtors' objection to their Proofs of Claim, have proved any set of facts that support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) those claimants have not met their burden of proof to establish a claim against the Debtors, (b) the Contingent Rejection Damages Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Rejection Damages Claims fail to state a claim against the Reorganized

Debtors under Bankruptcy Rule 7012.  Because the claimants asserting the Contingent Rejection Damages Claims cannot provide facts or law supporting their claims, the Third Omnibus Claims Objection and the Fourteenth Omnibus Claims Objection should be sustained as to each Contingent Rejection Damages Claim and each such claim should be disallowed and expunged in its entirety.

   WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Contingent Rejection Damage Claims, (b) disallowing and expunging each ontingent Rejection Damage Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
   December 8, 2009

         SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

         By: /s/ John Wm. Butler, Jr.
          John Wm. Butler, Jr.
          John K. Lyons
          Ron E. Meisler
         155 North Wacker Drive
         Chicago, Illinois 60606

          - and -

         By: /s/ Kayalyn A. Marafioti
          Kayalyn A. Marafioti
         Four Times Square
         New York, New York 10036

         Attorneys for DPH Holdings Corp., al.,
          Reorganized Debtors