**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
     In re                                                  :    Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                                 :    Case Number 05-44481 (RDD)
                                                            :
                                                            :    (Jointly Administered)
           Reorganized Debtors.                             :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOF OF CLAIM
NO. 6468 FILED BY BARBARA BURGER, (B) PROOF OF CLAIM NO. 13464
FILED BY PAUL PICKLES, (C) PROOF OF CLAIM NO. 14751 FILED
BY HUBERT NOEL MORGAN, AND (D) PROOF OF CLAIM NO. 16175
<u>FILED BY PATRICIA C. WEINMAN</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN PENSION, BENEFIT, AND OPEB CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proof Of Claim No. 6468 Filed By Barbara Burger, (B) Proof Of Claim No. 13464 Filed By Paul Pickles, (C) Proof Of Claim No. 14751 Filed By Hubert Noel Morgan, And (D) Proof Of Claim No. 16175 Filed By Patricia C. Weinman (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.     The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

<u>Supplemental Reply</u>, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.       <u>Relief Requested</u>

7.     By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by employees of the Debtors or a spouse of an employee of the Debtors asserting pension, employment benefit, and other post-employment benefit ("OPEB") claims that have not yet accrued.

C.       <u>Pension, Benefit, and OPEB Claims</u>

8.     During their review of the proofs of claim filed in these cases, the Reorganized Debtors also determined that certain Proofs of Claim assert liabilities or dollar amounts in connection with pension plans, employee benefit programs, and/or OPEB that are not owing pursuant to the Reorganized Debtors' books and records.  Because the amounts asserted by these claimants are not owing by the Debtors, the Reorganized Debtors believe that the parties asserting these proofs of claim are not creditors of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each of these proofs of claim in their entirety.

9.     <u>Pension, Benefit, And OPEB Claims Filed Against The Debtors</u>.  On May 22, 2006, Barbara Burger, a former salaried employee of the Debtors, filed a proof of claim number 6468 asserting an unidentified claim in an unliquidated amount against Delphi Corporation.  Ms. Burger attached her Delphi 2006 Options Enrollment Confirmation Statement for 2006, a statement of her intent to retire, and an authorization of monthly benefits, dated July 21, 2002.

10.     On July 31, 2006, Paul Pickles, a salaried employee of the Debtors, filed a proof of claim number 13464 asserting an unsecured non-priority claim in the amount of

4

$300,000.00 against Delphi Corporation. Mr. Pickles asserts that the decline of Delphi Corporation stock and potential loss of his pension gave rise to his claim.

   11. On July 31, 2006, Hubert Noel Morgan, a salaried employee of the Debtors, filed a proof of claim number 14751 asserting an unsecured non-priority claim in the amount of $976,000.00 against Delphi Corporation. Mr. Morgan asserted that loss of retirement medical benefits, pension obligation, and other potential losses gave rise to his $976,000.00 claim, of which he asserts $20,000.00 is a priority claim.

   12. On August 9, 2006, Patricia C. Weinmann, the former spouse of an employee of the Debtors, filed a proof of claim number 16175 (together with proofs of claim numbers 6468, 13464, and 14751, the "Pension, Benefit, and OPEB Claims") asserting an unsecured non-priority claim in an unliquidated amount against Delphi Corporation. Ms Weinmann asserted that her claim arose from retiree benefits.

   13. <u>The Debtors' Objections To The Pension, Benefit, And OPEB Claims</u>. On June 27, 2008 the Debtors filed the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection"). In the Thirtieth Omnibus Claims Objection the Debtors objected to proof of claim number 16175 filed by Patricia C. Weinmann on the grounds that it asserts dollar amounts and liabilities not reflected on the Debtors' books and records and sought an order disallowing and expunging proof of claim number 16175.

   14. On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A)

5

Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 13464 and 14751 filed by Paul Pickles and Hubert Noel Morgan, respectively, on the grounds that such proofs of claims asserted dollar amounts and liabilities for pension, employment, and other post-retirement benefits that were not reflected on the Debtors' books and records and sought entry of an order disallowing and expunging those proofs of claim.

15. On August 21, 2009, the Debtors filed the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection"), by which the Debtors objected to proof of claim number 6468 filed by Barbara Burger on the grounds that Ms. Burger's proof of claim asserted dollar amounts and liabilities for pension, employment, and other post-retirement benefits that were not reflected on the Debtors' books and records and sought entry of an order disallowing and expunging that proof of claim.

16. <u>Responses To The Debtors' Objections</u>. On July 24, 2008, Patricia C. Weinmann filed Creditor Patricia C. Weinmann's Response to Debtors' Thirtieth Omnibus Objection Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books and Records Claims, (E) Untimely Claim, and (F) Claims Subject to Modification (Docket No. 13976). In her response, Ms Weinmann asserts that her consent judgment of divorce entitles her to the entire pension of her former spouse, Ronald K. Weinmann.

17. On July 15, 2009, Hubert Noel Morgan filed his Response To The Thirty-Fourth Claims Objection (Docket No. 18247), in which he asserts that he is entitled to 100% of his pension benefits and salaried OPEB.

18. On July 21, 2009, Paul Pickles filed his letter response to Thirty-Fourth Omnibus Claims Objection (Docket No. 18561), in which he asserts that he is entitled to $300,000.00 for loss of health and life insurance as well as additional undetermined amounts for lost pension that he referenced in his proof of claim.

19. On September 9, 2009, Barbara Burger filed the Response and Objection To The Thirty-Fifth Omnibus Claims Objection Order (Docket No. 18894), in which she asserts that the disallowance and expungement of her Proof of Claim would be discriminatory to all salaried employees and retirees of Delphi Corporation, because similar claims asserted by employees represented by the United Auto Workers would not be expunged for the same reason. Ms Burger further asserts that she is owed $587,782.00 for life-time retiree benefits.

20. <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Pension, Benefit, and OPEB Claims was adjourned to a future date. On November 18, 2009, the Reorganized Debtors filed

the Sufficiency Hearing Notice with respect to the Pension, Benefit, and OPEB Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

21.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The claimants asserting the Pension, Benefit, and OPEB Claims have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each Pension, Benefit, and OPEB Claim should be sustained with respect to each such proof of claim and each Pension, Benefit, and OPEB Claims should be disallowed and expunged in its entirety.

22.     The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

8

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

23. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

24. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E. Argument Regarding Pension, Benefit, And OPEB Claims Asserting Claims For Pension Benefits.

25. In their Proofs of Claim and responses to the Debtors' objection to those claims, Mss. Weinman and Burger and Messrs. Morgan and Pickles have not proved any set of facts that support a right to payment from the Reorganized Debtors or address the Debtors' arguments as set forth in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus

9

Claims Objection, and the Thirty-Fifth Omnibus Claims Objection supporting the Debtors' request for this Court to enter an order disallowing and expunging the Pension, Benefit, and OPEB Claims.

26.     As set forth in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, and the Thirty-Fifth Omnibus Claims Objection, proofs of claim asserting liabilities or dollar amounts in connection with the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension Plans") are not enforceable against the Debtors or property of the Debtors for the purposes of section 502(b)(1) of the Bankruptcy Code because the Pension Plans are separate legal entities distinct from the Debtors' estates.  See In re Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The Pension Plans – not the Debtors – are obligated to pay benefits to Pension Plan participants, so any Claims arising from the Pension Plans must be asserted against the Pension Plans rather than the Debtors.

27.     In addition, the Pension Plans were terminated by the Pension Benefit Guaranty Corporation (the "PBGC") as of July 31, 2009.  Under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq., the PBGC has the sole and total right to recover against employers for pension plan underfunding and participants have no right to make claims against their employers for benefits under terminated

plans. See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998); In re Adams Hard Facing Co., 129 B.R. 662 (W.D. Okla. 1991).

28. **Argument Regarding Pension, Benefit, And OPEB Claims Asserting Claims For Salaried OPEB.** The Proofs of Claim of Mss. Weinman and Burger and Messrs. Morgan and Pickles should be disallowed and expunged to the extent they assert liabilities or dollar amounts on account of salaried OPEB, as this Court has previously determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis. See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448).

29. The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment." See, e.g., In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable); In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever).

11

30. Accordingly, the Reorganized Debtors assert that (a) the claimants asserting Pension, Benefit, and OPEB Claims have not met their burden of proof to establish a claim against the Debtors, (b) the Pension, Benefit, and OPEB Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Pension, Benefit, and OPEB Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because the claimants asserting the Pension, Benefit, and OPEB Claims cannot provide facts or law supporting their claims, the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, and the Thirty-Fifth Omnibus Claims Objection should be sustained as to the Pension, Benefit, and OPEB Claims; and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Pension, Benefit, and OPEB Claims, (b) disallowing and expunging each Pension, Benefit, and OPEB Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         December 8, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                  - and -

                              By:   /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors