**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
    In re                                  :    Chapter 11
                                                             :
DPH HOLDINGS CORP., et al.,                                  :    Case Number 05-44481 (RDD)
                                                             :
                                                             :    (Jointly Administered)
                                                             :
    Reorganized Debtors.                   :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF
CLAIM NOS. 15513, 15515, 15519, 15520, 15521, 15524, AND 15532
<u>FILED BY JOHNSON CONTROLS, INC. AND AFFILIATES</u>

("SUPPLEMENTAL REPLY REGARDING
CERTAIN CONTINGENT BREACH OF CONTRACT CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 15513, 15515, 15519, 15520, 15521, 15524, And 15532 Filed By Johnson Controls, Inc. And Affiliates (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.     The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

<u>Supplemental Reply</u>, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.  <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by Johnson Controls, Inc. and certain of its affiliates asserting contingent claims for potential breaches of contracts with the Debtors.

C.  <u>Contingent Breach Of Contract Claims</u>

8. During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim that were filed by Johnson Controls, Inc. and certain affiliates ("JCI") asserting a breach of contract claim that is not owing pursuant to the Reorganized Debtors' books and records. The Reorganized Debtors believe that JCI is not a creditor of the Debtors. Accordingly, this Court should enter an order disallowing and expunging each such proof of claim in its entirety.

9. <u>The Contingent Breach of Contract Claims Asserted Against The Debtors</u>. On July 31, 2009, Johnson Controls Battery Group, Inc. filed proof of claim number 15513 against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, in an unliquidated amount based on existing or future breach of (a) a Sale, Purchase and Transfer Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Battery Group, Inc. and DAS LLC and (b) an Assignment and Assumption Agreement dated June 30, 2005 between Johnson Controls Battery Group, Inc. and DAS LLC.

10. On July 31, 2009, Johnson Controls Battery Group, Inc. filed proof of claim number 15515 against Delphi Technologies Inc. ("DTI"), a Debtor in these cases, in an unliquidated amount based on existing or future breach of (a) a Sale, Purchase and Transfer

4

Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Battery Group, Inc. and DTI and (b) an Interim Trademark License Agreement dated June 30, 2005 between Johnson Controls Battery Group, Inc. and DTI.

11. On July 31, 2009, Johnson Controls Technology Company filed proof of claim number 15519 against DAS LLC in an unliquidated amount based on existing or future breach of a Sale, Purchase and Transfer Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Technology Company and DAS LLC.

12. On July 31, 2009, Johnson Controls Technology Company filed proof of claim number 15520 against Delphi Corporation in an unliquidated amount based on existing or future breach of Interim Trademark License Agreement between Johnson Controls Technology Company and Delphi Corporation.

13. On July 31, 2009, Johnson Controls Technology Company filed proof of claim number 15521 against DTI in an unliquidated amount based on existing or future breach of (a) a Sale, Purchase and Transfer Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Technology Company and DTI, (b) a Trademark License Agreement dated May 16, 2005 between Johnson Controls Technology Company and DTI, and (c) an Agreement Regarding Trademark Licenses dated June 30, 2005 between Johnson Controls Technology Company and DTI.

14. On July 31, 2009, Johnson Controls, Inc. – Automotive Group filed proof of claim number 15524 against Delphi Corporation in an unliquidated amount based on existing or future breach of agreements between JCI and Delphi Corporation.

15. On July 31, 2009, Johnson Controls, Inc. – Automotive Group filed proof of claim number 15532 (together with proofs of claim numbers 15513, 15515, 15519, 15520,

5

15521, 15524, and 15532, the "Contingent Breach of Contract Claims") against Delphi Mechatronic in an unliquidated amount based on existing or future breach of agreements between JCI and Delphi Mechatronic.

16. <u>The Debtors' Objections To the Contingent Breach of Contract Claims</u>. On May 22, 2007, the Debtors filed the Debtors' Fourteenth Omnibus Objection (Procedural) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or Amended Claims and (B) Protective Claims (Docket No. 7998) (the "Fourteenth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 15513, 15515, 15519, 15520, 15521, 15524, and 15532 on the grounds that those proofs of claim asserted protective claims and sought an order disallowing and expunging those proofs of claim.

17. <u>JCI's Responses To The Debtors' Objections</u>.  On June 19, 2007, Johnson Controls, Inc. filed responses to the Fourteenth Omnibus Claims Objection (Docket Nos. 8331, 8332, 8334, 8335, 8337, 8338, and 8340), in which it asserts that the Debtors could breach, or may have breached, the agreements underlying proofs of claim numbers 15513, 15514, 15515, 15523, 15524, 15526, and 15533 and that such breaches would give rise to claims by Johnson Controls, Inc.

18. On June 19, 2007, JCI Technology Company filed responses to the Fourteenth Omnibus Claims Objection (Docket Nos. 8341, 8342, and 8343), in which it asserts that the Debtors could breach, or may have breached, the agreements underlying proofs of claim numbers 15519, 15520, and 15521 and that such breaches would give rise to claims by JCI Technology Company.

19. <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Contingent Breach of Contract

6

Claims was adjourned to a future date. On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Contingent Breach of Contract Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.      Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

20.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). JCI has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Debtors' objections to each Contingent Breach of Contract Claim should be sustained with respect to each such proof of claim and each Contingent Breach of Contract Claims should be disallowed and expunged in its entirety.

21.     The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

7

support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

22. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" <u>In re Lopes</u>, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

23. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with <u>these Rules</u> shall constitute <u>prima facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.   <u>Argument Regarding The Contingent Breach of Contract Claims.</u>

24. To the Reorganized Debtors' knowledge, no breach of contract has occurred that would trigger a claim under the contracts upon which the Contingent Breach of Contract Claims are based. JCI, in its proofs of claim and its responses to the Debtors' objections to the Contingent Breach of Contract Claims, has not proved any set of facts that support a right

8

to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors assert that (a) JCI has not met its burden of proof to establish a claim against the Debtors, (b) the Contingent Breach of Contract Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Breach of Contract Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because JCI cannot provide facts or law supporting its claims, the Fourteenth Omnibus Claims Objection should be sustained as to the Contingent Breach of Contract Claims and each such claim should be disallowed and expunged in its entirety.

25. In addition, the Debtors request that this Court enter an order disallowing and expunging the Contingent Breach of Contract Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code to the extent that such claims assert contingent liabilities for indemnification from the Debtors for amounts owed to third parties. Section 502(e)(1)(B) of the Bankruptcy Code provides that a bankruptcy court is to disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B); see also The Aetna Cas. & Sur. Co. v. Georgia Tubing Corp., 93 F.3d 56 (2d Cir. 1996) (disallowing surety bond issuer's contingent prospective subrogation claims as to bonds issued on behalf of debtor); In re Agway, Inc., 2008 WL 2827439 (Bankr. N.D.N.Y. July 18, 2008) at *3 (section 502(e)(1)(B) directs that the court "shall disallow" any claim for reimbursement or contribution to the extent that such claim is contingent at the time of disallowance).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Contingent Breach of Contract Claims, (b)

9

disallowing and expunging each Contingent Breach of Contract Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:  New York, New York
December 8, 2009

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

          By:  /s/ John Wm. Butler, Jr.
              John Wm. Butler, Jr.
              John K. Lyons
              Ron E. Meisler
          155 North Wacker Drive
          Chicago, Illinois 60606

            - and -

          By:  /s/ Kayalyn A. Marafioti
              Kayalyn A. Marafioti
          Four Times Square
          New York, New York 10036

          Attorneys for DPH Holdings Corp., et al.,
            Reorganized Debtors