**Hearing Date and Time: December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
   In re                          :    Chapter 11
                                :
DPH HOLDINGS CORP., et al.,     :    Case Number 05-44481 (RDD)
                                :
                                :    (Jointly Administered)
           Reorganized Debtors.    :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
SHARYL Y. CARTER TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM
NOS. 16849 AND 16850 FILED BY SHARYL Y. CARTER

("SUPPLEMENTAL REPLY REGARDING
SHARYL Y. CARTER'S CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Sharyl Y. Carter To Debtors' Objections To Proofs Of Claim Nos. 16849 And 16850 Filed Sharyl Y. Carter (the "Supplemental Reply"), and respectfully represent as follows:

A.      <u>Preliminary Statement</u>

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.      On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

2

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **December 16, 2009.**

3

B.    <u>Relief Requested</u>

    7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by Sharyl Y. Carter.

C.    <u>Sharyl Y. Carter's Claims</u>

    8.    During their review of the proofs of claim filed in these cases, the Debtors determined that proofs of claim numbers 16849 and 16850 filed by Sharyl Y. Carter assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records. The Reorganized Debtors believe that Ms. Carter is not a creditor of the Debtors. Accordingly, this Court should enter an order disallowing and expunging each of proofs of claim numbers 16849 and 16850 in its entirety.

    9.    <u>The Carter Claims Filed Against The Debtors</u>. On April 28, 2009 and May 1, 2009, Sharyl Y. Carter filed identical proofs of claim numbers 16849 and 16850, respectively, (the "Carter Claims") against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, asserting a claim in the total amount of $50 million plus interest. Each Carter Claim also states that the claim is comprised of a $50 million unsecured non-priority claim, a $50 million unsecured priority claim, and a $50 million secured priority claim. Attached to each Carter Claim is a letter from Ms. Carter stating that she assumes her attorney would have forwarded documents to this Court relating to her claim.

    10.    <u>The Debtors' Objection To The Carter Claims</u>. On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II)

4

Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to the Carter Claims on the grounds that such claims asserted dollar amounts and liabilities not reflected on the Debtors' books and records and sought an order disallowing and expunging the Carter Claims.

11.     Ms. Carter's Response To The Debtors' Objection. On July 20 2009,[1] Ms. Carter filed a letter response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 18457). In her response, Ms. Carter asserts that she has been told that she does "not have any claims, due to untimely filing for years." Nothing in the Response provides any rational explanation, documentation, evidence, or support for any of the claims asserted in the Carter Claims.

12.     The Sufficiency Hearing Notice. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Carter Claims was adjourned to a future date. On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Carter Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

13.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Ms. Carter has not proved any facts to support a right to

---

[1]     The deadline to file a response to the Thirty-Fourth Omnibus Claims Objection was July 16, 2009 at 4:00 p.m. (Prevailing Eastern Time). See Thirty-Fourth Omnibus Claims Objection, ¶ 60.

5

payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each of proofs of claim numbers 16849 and 16850 should be sustained and each of those proofs of claim should be disallowed and expunged in its entirety.

14. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

15. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

6

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

    16. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E. Argument Regarding The Carter Claims.

    17. Ms. Carter asserts that DAS LLC owes her $50 million plus interest because of a disputed employment litigation claim.  The Reorganized Debtors' books and records, however, reflect that DAS LLC does not owe any amounts to Ms. Carter.  On August 15, 2002, Ms. Carter, an employee of the Debtors since 1997 and an African-American woman, filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), claiming that Delphi Corporation discriminated against her on the basis of her race and that it retaliated against her in violation of Title VII of the Civil Rights Act.  Ms. Carter later asked to withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of Right to Sue.  On June 16, Ms. Carter filed a complaint against DAS LLC with the United States District Court for the Southern District of Ohio (the "District Court"), alleging that DAS LLC discriminated against her on the basis of her race, sex, disability, and age, and also seeking

7

damages under an intentional tort theory for her alleged workplace injury. <u>Sharyl Y. Carter v. Delphi Automotive Systems LLC, et al.</u>, Case No. C3-03-205 (S.D. Ohio) (the "District Court Action"). After full discovery, DAS LLC moved for summary judgment and on March 28, 2005, the District Court issued an opinion and judgment granting DAS LLC's summary judgment motion in its entirety (District Court Action, Docket No. 56). On April 25, 2004, Ms. Carter filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District Court Action, Docket No. 58). The Debtors listed Ms. Carter's employment litigation claim on Schedule F on the Amended and Restated Schedules of Assets and Liabilities for DAS LLC as a contingent, unliquidated, and disputed claim against DAS LLC.

18. The Debtors assert that the Carter Claims should be disallowed and expunged in their entirety because in her Proofs of Claim and response to the Debtors' objection to those claims, Ms. Carter has not proved any set of facts that support a right to payment from the Reorganized Debtors. Nothing on the face of her proofs of claim discusses the facts underlying the District Court Action, let alone the judgment and opinion of the District Court dismissing her complaint. The Carter Claims filed with this Court merely make assertions of liability without any supporting documentation.

19. On April 12, 2006, the Bankruptcy Court entered its Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, entered by this Court on April 12, 2006 (Docket No. 3206) (the "Bar Date Order") setting a bar date of July 31, 2006 (the "Bar Date"), for creditors to file proofs of claim in the Debtors' chapter 11 cases. Pursuant to paragraph 3 of the Bar Date Order:

> Proofs of Claim must (i) be signed, (ii) include supporting documentation (or a summary if such documentation is voluminous) or an explanation as

8

> to why documentation is not available, (iii) be written in the English language, and (iv) be denominated in United States currency;

Bar Date Order ¶ 3 (d)

20. Ms. Carter has not included any supporting documentation or summary of such documentation. Rather, Ms. Carter requests that the Debtors provide her with such documentation or that the Debtors already have all of her information. Although Ms. Carter has filed numerous letters[2] with this Court, nothing in any of her letters provide any rational explanation, documentation, evidence, or support for how she calculates her $50 million claim.

21. Moreover, the Carter Claims were filed on April 28, 2009 and May 1, 2009 – almost three years after the Bar Date – yet Ms. Carter has not filed a motion or made any attempt in her proofs of claim or responses to the Debtors' objections to those proofs of claims to establish excusable neglect under the test outlined by the United States Supreme Court in <u>Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). In <u>Pioneer</u>, the Supreme Court held that excusable neglect is the failure to comply with a filing deadline because of negligence. <u>Id.</u> at 394. In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "[a] the danger of prejudice to the debtor, [b] the length of the delay and its potential impact on judicial proceedings, [c] the reason for the delay, including whether it was within the reasonable control of the movant, and [d] whether the movant acted in good faith." <u>Id.</u> at 395. The Second Circuit has held the most important factor is the reason for the delay, including whether it was within the reasonable control of the movant. <u>Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)</u>, 419 F.3d 115, 122-24 (2d Cir. 2005).

---

[2] See Docket Nos. 17951, 17323, 14678, 14339, 14608, 13666, 13491, 9352, and 9351.

9

22.     As this Court has consistently ruled on motions under Bankruptcy Rule 9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing omission.  Then, a movant must show by a preponderance of the evidence that the neglect was "excusable."  See, e.g., Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing And Expunging Proof Of Claim Number 16727, entered March 25, 2009 (Docket No. 16515) at Exh. A p. 2 (citing Pioneer and Midland Cogeneration cases).  Ms. Carter has made no attempt to prove any set of facts showing that her neglect in timely filing the Carter Claims was "excusable."

23.     Accordingly, the Reorganized Debtors assert that (a) Ms. Carter has not met her burden of proof to establish a claim against the Debtors, (b) the Carter Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Carter Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Ms. Carter cannot provide facts or law supporting her claims, the Thirty-Fourth Omnibus Claims Objection should be sustained as to the Carter Claims and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Carter Claims, (b) disallowing and expunging each Carter Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
December 8, 2009

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors