**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  - x | | |
| | : | |
|    In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
|    Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES
OF CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOFS
OF CLAIM NOS. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383,
1384, 1385, 1386, AND 1387 FILED BY AMERICAN INTERNATIONAL
GROUP, INC. AND (B) PROOFS OF CLAIM NOS. 2539 AND 6668
<u>FILED BY RLI INSURANCE COMPANY</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN PROTECTIVE CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, And 1387 Filed By American International Group, Inc. And (B) Proofs Of Claim Nos. 2539 And 6668 Filed By RLI Insurance Company (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

    1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

    2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

    3.  On November 18, 2009, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

3

<u>Supplemental Reply</u>, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B. <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging (a) certain proofs of claim filed by American International Group, Inc. and related entities ("AIG") and (b) certain proofs of claim filed by RLI Insurance Company ("RLI").

C. <u>AIG Claims</u>

8. During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by AIG assert contingent liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records. The Reorganized Debtors believe that AIG is not a creditor of the Debtors. Accordingly, this Court should enter an order disallowing and expunging each proof of claim filed by AIG in its entirety.

9. <u>The AIG Claims Filed Against The Debtors</u>. On December 29, 2005, AIG filed proofs of claim numbers 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, and 1387 (collectively, the "AIG Claims"), with each such claim asserting unliquidated amounts against certain Debtors arising from (a) insurance policies between AIG and those Debtors, including without limitation surety, casualty domestic, property, program, starr excess, property domestic, and other coverages (the "AIG Insurance Program") and (b) various surety, fidelity, and other bonds issued by AIG to the Debtors (the "AIG Bonds").

10. The AIG Claims were asserted against the following Debtors:

4

| Proof of Claim No. | Debtor |
|---|---|
| 1374 | Delphi Automotive Systems LLC |
| 1375 | Delphi Automotive Systems Tennessee, Inc |
| 1376 | Delphi Automotive Systems Risk Management Corp |
| 1377 | Exhaust Systems Corporation |
| 1378 | Delphi Automotive Systems Korea, Inc |
| 1379 | Delphi Automotive Systems Thailand, Inc |
| 1380 | Delphi Automotive Systems International, Inc |
| 1381 | Delphi Automotive Systems Overseas Corporation |
| 1382 | Delphi Automotive Systems (Holding), Inc |
| 1383 | Delphi Diesel Systems Corp |
| 1384 | Packard Hughes Interconnect Company |
| 1385 | Delphi Automotive Systems Services LLC |
| 1386 | Delphi Automotive Systems Global (Holding), Inc |
| 1387 | Delphi Automotive Systems Human Resources LLC |

11.    <u>The Debtors' Objection To The AIG Claims</u>.  On June 15, 2007, the Debtors filed the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims Objection"), by which the Debtors objected to the AIG Claims as protective claims and sought an order disallowing and expunging each AIG Claim.

12.    <u>AIG's Response To The Debtors' Objection</u>.  On July 15, 2007, AIG filed the AIG Member Companies' Response To Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims (Re: Proof Of Claims Nos. 1374 Through 1378) To The Sixteenth Omnibus Claims Objection (Docket No. 8595), in which AIG asserts that the Debtors have no basis to object to the AIG Claims as protective because the obligations owed under the AIG Insurance Program and the AIG Bonds from which the claims arose are ongoing, and therefore unliquidated.  According to AIG, such unliquidated claims would be resolved

5

either through the subsequent resolution of the contingent events or estimation of the claims pursuant to section 502(c) of the Bankruptcy Code.

13.     <u>The Debtors' Motion To Estimate The AIG Claims</u>.  On September 7, 2007, the Debtors filed their Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9297) (the "Estimation Motion"), by which the Debtors sought entry of an order setting the maximum amount of the liability of each AIG Claims at $0.00.

14.     <u>AIG's Response To The Estimation Motion</u>.  On September 24, 2007, AIG filed its Counterproposal Of AIG Member Companies To Debtors Proposed Maximum Cap On Claims (Docket No. 9560) in response to the Estimation Motion, objecting to the relief requested by the Debtors in the Estimation Motion.

15.     <u>Stipulation Resolving AIG's Responses To Objection And Estimation Motion</u>.  On April 8, 2008, to resolve the Estimation Motion with respect to the AIG Claims and AIG's responses to the Estimation Motion, the Debtors and AIG entered into, and this Court entered, the Amended And Restated Joint Stipulation And Agreed Order Compromising And Estimating Proof Of Claim Numbers 1373, 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386 And 1387 (American International Group, Inc.) (Docket No. 1333) (the "AIG Stipulation").  Pursuant to the AIG Stipulation, the AIG Claims are estimated in the amount of $0.00 without prejudice to AIG's right to reassert such claims if the Debtors were to reject the insurance policies comprising the AIG Insurance Program pursuant to section 365(a) of the Bankruptcy Code.

16. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the AIG Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the AIG Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D. <u>RLI Claims</u>

17. During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim that were filed by RLI are not owing pursuant to the Reorganized Debtors' books and records.  The Reorganized Debtors believe that RLI is not a creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each proof of claim filed by RLI in its entirety.

18. <u>RLI Claims Filed Against the Debtors</u>.  On April 3, 2006, RLI filed proof of claim number 2359 against Delphi Corporation asserting a contingent claim in the amount of $15.3 million arising from RLI's status a surety on U.S. Customs bonds issued to Delphi Corporation.

19. On May 23, 2006, RLI filed proof of claim number 6668 (together with proof of claim number 2359, the "RLI Claims") against Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"), a Debtor in these cases, asserting a contingent claim in the amount of $2 million arising from RLI's status a surety on U.S. Customs bonds issued to Delphi Mechatronic.

20. <u>The Debtors' Objections To The RLI Claims</u>.  On June 15, 2007, the Debtors filed the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E)

7

Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (the "Seventeenth Omnibus Claims Objection"), by which the Debtors objected to proof of claim number 2539 on the grounds that it asserts dollar amounts and liabilities not reflected on the Debtors' books and records and sought an order disallowing and expunging proof of claim number 2539.

21.    On August 24, 2007, the Debtors filed the Debtors' Twentieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on Debtors' Books and Records, (D) Untimely Claim, and (E) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification (the "Twentieth Omnibus Claims Objection"), by which the Debtors objected to proof of claim number 6668 as a protective claim and sought an order disallowing and expunging that proof of claim..

22.    RLI's Responses To The Debtors' Objections.  On July 11, 2007, RLI filed its Claimant's Response to Debtors' Objection to Proofs Of Claim Filed By RLI Insurance Company With Respect To The Seventeenth Omnibus Claims Objection (Docket No. 8523), in which it asserts that as a surety on bonds that it issued Delphi Corporation, it is required to pay bond obligations to the U.S. Customs Service on behalf of Delphi Corporation.  However, RLI also acknowledges that, as of the date of its response, it had not paid any U.S. Customs duties on behalf of Delphi Corporation because Delphi Corporation has consistently made payment on such duties.

23. On September 18, 2007, RLI filed its Claimant's Response To Debtors' Objection To Proofs Of Claim Filed By RLI Insurance Company (Docket No. 9391), in which it asserts that as a surety on bonds that it issued Delphi Mechatronic, it is required to pay bond obligations to the U.S. Customs Service on behalf of Delphi Mechatronic.

24. <u>The Debtors' Motion To Estimate The RLI Claims</u>.  On September 7, 2007, the Debtors filed the Estimation Motion, by which the Debtors sought entry of an order setting the maximum amount of the liability of each RLI Claim at $0.00.  RLI did not file a response to the Estimation Motion and on September 28, 2007, this Court entered the Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685), pursuant to which the maximum amount of each RLI Claim was set in the amount of $0.00.  Estimation Order Exh. A, page 7.

25. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the RLI Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the RLI Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

E. <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

26. The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Neither AIG nor RLI have proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each AIG Claim and RLI Claim should be sustained with respect to such

9

proof of claims and each AIG Claim and RLI Claim should be disallowed and expunged in its entirety.

27. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

28. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

        29.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

F.    Argument Regarding The AIG Claims And The RLI Claims

        30.    Argument Regarding The AIG Claims.  To the Reorganized Debtors' knowledge, no event has occurred that would trigger a claim under the AIG Insurance Program or the AIG Bonds.  Moreover, pursuant to the AIG Stipulation, AIG has agreed that the maximum amount of each AIG Claim is $0.00 without prejudice to AIG's right to reassert such claims if the Debtors were to reject the insurance policies that comprise the AIG Insurance Program pursuant to section 365(a) of the Bankruptcy Code.  As noted above, the Modified Plan has been substantially consummated and the Debtors did not reject any of the insurance policies that comprise the AIG Insurance Program.

        31.    AIG, in its Proofs of Claim and its response to the Debtors' objection to the AIG Claims, has not proved any set of facts that support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) AIG has not met its burden of proof to establish a claim against the Debtors, (b) the AIG Claims are not entitled to a

presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the AIG Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because AIG cannot provide facts or law supporting its claims, the Sixteenth Omnibus Claims Objection should be sustained as to the AIG Claims and each such claim should be disallowed and expunged in its entirety.

32. Argument Regarding The RLI Claims. To the Reorganized Debtors' knowledge, no contingent event has occurred that would give rise to a claim arising from RLI's status a surety on U.S. Customs bonds issued to Delphi Corporation and to Delphi Mechatronic. Moreover, by not filing a response to the Estimation Motion, RLI consented to the Debtors' proposed relief requested by that motion that the maximum amount of each RLI Claim is $0.00.

33. RLI, in its Proofs of Claim and its response to the Debtors' objection to the RLI Claims, has not proved any set of facts that support a right to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors assert that (a) RLI has not met its burden of proof to establish a claim against the Debtors, (b) the RLI Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the RLI Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because RLI cannot provide facts or law supporting its claims, the Seventeenth Omnibus Claims Objection should be sustained as to proof of claim number 2539 and the Twentieth Omnibus Claims Objection should be sustained as to proof of claim number 6668 and each such claim should be disallowed and expunged in its entirety.

34. Disallowance Pursuant To Section 502(e)(1)(B) of the Bankruptcy Code. In addition, the Debtors request that this Court enter an order disallowing and expunging the AIG Claims and the RLI Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code. Section

502(e)(1)(B) of the Bankruptcy Code provides that a bankruptcy court is to disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B).  To the extent the AIG Claims or the RLI Claims seek subrogation or indemnification from the Debtors for amounts owed to third parties upon the occurrence of contingent events, then such claims should be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code.  See, e.g., The Aetna Cas. & Sur. Co. v. Georgia Tubing Corp., 93 F.3d 56 (2d Cir. 1996) (disallowing surety bond issuer's contingent prospective subrogation claims as to bonds issued on behalf of debtor); In re Agway, Inc., 2008 WL 2827439 (Bankr. N.D.N.Y. July 18, 2008) at *3 (section 502(e)(1)(B) directs that the court "shall disallow" any claim for reimbursement or contribution to the extent that such claim is contingent at the time of disallowance).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the AIG Claims and the RLI Claims, (b) disallowing and expunging each AIG Claim and RLI Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
           December 8, 2009

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr.
                                              John K. Lyons
                                              Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                               - and -

                                        By:   /s/ Kayalyn A. Marafioti
                                              Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., et al.,
                                          Reorganized Debtors