**Hearing Date: December 10, 2009**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                       :
        In re                         :      Chapter 11
                                         :
DPH HOLDINGS CORP., <u>et al.</u>,        :      Case No. 05-44481 (RDD)
                                         :
                                       :      (Jointly Administered)
                  Reorganized Debtors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF THIRTY-EIGHTH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO (I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND
RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS
<u>AND (II) MODIFY AND ALLOW CERTAIN CLAIMS</u>

("REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF
THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Omnibus Reply In Support Of Thirty-Eighth Omnibus Objection Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B)

Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims,

And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (the

"Thirty-Eighth Omnibus Claims Objection" or the "Objection"),[1] and respectfully represent as

follows:

1.    The Reorganized Debtors filed the Thirty-Eighth Omnibus Claims

Objection on November 6, 2009, seeking entry of an order (a) disallowing and expunging certain

Claims because (i) they were filed by holders of Delphi Corporation common stock solely on

account of such holders' stock holdings, (ii) they assert liabilities and dollar amounts that are not

reflected on the Reorganized Debtors' books and records,[2] (iii) they were untimely filed pursuant

to the Bar Date Order, (iv) they assert liabilities owing in connection with the Debtors' pension

plans and other benefits programs and the Debtors are not liable for such Claims, and (v) they

were asserted by individual current or former employees of the Debtors for workers'

compensation benefits not reflected on the Reorganized Debtors' books and records, and (b)

modifying and/or allowing certain "Claims," as that term is defined in 11 U.S.C. § 101(5),

pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Thirty-Eighth Omnibus Claims Objection.

[2]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

2.       The Reorganized Debtors sent to each claimant whose proof of claim is subject to an objection pursuant to the Thirty-Eighth Omnibus Claims Objection a personalized Notice Of Objection To Claim, which specifically identified such claimant's proof of claim that is subject to an objection and the basis for such objection.  Responses to the Thirty-Eighth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on December 3, 2009.

3.       As of December 9, 2009 at 12:00 p.m. (prevailing Eastern time), the Reorganized Debtors had received nine responses (collectively, the "Responses") to the Thirty-Eighth Omnibus Claims Objection.  In the aggregate, the Responses cover 12 Claims.  Attached hereto as Exhibit A is a chart summarizing each of the Responses and listing the 12 Claims for which a Response was filed.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures Order"), the hearing with respect to each of the 12 Claims covered by the Responses will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate, to determine the disposition of each such Claim.

4.       In addition, the Reorganized Debtors are withdrawing the Thirty-Eighth Omnibus Claims Objection with respect to the following two Claims:  (a) proof of claim number 1420 filed by Pioneer North America, Inc. and subsequently transferred to Whitebox Hedged High Yield Partners LP and (b) proof of claim number 16818 filed by Kilroy Realty LP.

5.      Attached hereto as Exhibit B is a revised proposed order (the "Revised Proposed Order")[3] in respect of the Thirty-Eighth Omnibus Claims Objection which reflects the adjournment of the hearings on the Claims for which Responses were filed.  Such adjournment will be without prejudice to the Reorganized Debtors' right to assert that any of such Responses was untimely or otherwise deficient under the Claims Objection Procedures Order.

6.      In addition to the Responses, the Reorganized Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Thirty-Eighth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Reorganized Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

7.      Except for those Claims with respect to which the hearings have been adjourned to future dates, the Reorganized Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondents.  Thus, the Debtors request that the Court grant the relief requested by the Reorganized Debtors and enter the Revised Proposed Order.

---

[3]      Attached hereto as Exhibit C is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Thirty-Eighth Omnibus Claims Objection.

WHEREFORE the Reorganized Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to all Claims for which a Response was filed pursuant to the Claims Objection Procedures Order, and (c) grant the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          December 9, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti

                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

# Exhibit A
(Response Summary Chart)

**Exhibit A**

**In re DPH Holdings Corp., et al., Case No. 05-44481 (RDD)**

*Responses To The Reorganized Debtors' Thirty-Eighth Omnibus Claims Objection (the "Objection")*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Dallas County and Tarrant County, Texas (Docket No. 19121) | 19324, 19325 | Dallas County and Tarrant County, Texas (collectively, the "Taxing Authorities") disagree with the Reorganized Debtors' Objection to disallow and expunge proofs of claim nos. 19324 and 19325. The Taxing Authorities assert that it is not necessary to file any responses, but that they do so out of an abundance of caution. The Taxing Authorities assert that if their claims are disallowed as untimely, their liens would survive and that the Reorganized Debtors are required to segregate all assets and/or proceeds from the sale of assets which secure payment of taxes owed to the Taxing Authorities. | Untimely Claims | Adjourn |
| 2. | Michigan Department of Environmental Quality (Docket No. 19132 ) | 15785 | The Michigan Department of Environmental Quality (the "MDEQ") disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 15785. The MDEQ asserts that its timely filed claims serve as prima facie evidence of the validity and amount of the claims. | Books And Records Claims | Adjourn |
| 3. | Kautex Inc. (Docket No. 19139) | 12140 | Kautex Inc. ("Kautex") disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 12140. | Books And Records Claims | Adjourn |

---

[1]   This chart reflects all Responses received by the Reorganized Debtors as of December 9, 2009 at 12:00 p.m. (prevailing Eastern time).

[2]   This chart reflects all resolutions or proposals as of December 9, 2009 at 12:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | | | Kautex asserts that its timely filed claim serves as _prima facie_ evidence of the validity and amount of the claims. | | |
| 4. | Ohio Environmental Protection Agency (Docket No. 19142) | 15345 | The Ohio Environmental Protection Agency (the "Ohio EPA") disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 15345.  The Ohio EPA asserts that its timely filed claim serves as _prima facie_ evidence of the validity and amount of its claim. | Books And Records Claims | Adjourn |
| 5. | Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd. (Docket No. 19145) | 16778 | Apple Inc., Apple Computer International, and Hon Hai Precision Industry Company Ltd. (collectively, "Apple") disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 16778.  Apple asserts that its timely filed claim serves as _prima facie_ evidence of the validity and amount of the claims. | Books And Records Claims | Adjourn |
| 6. | Lance Weber (Docket No. 19149) | 18603 | Lance Weber disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 18603 and requests that his equity interest be considered a claim. | Equity Interest | Adjourn |
| 7. | Robert Stasik (Docket No. 19150) | 13096 | Robert Stasik disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of claim no. 13096 and requests that this his claim not be expunged while his claim is unsettled in the Division of Workers' Compensation, Middlesex County, New Jersey. | Workers' Compensation Claims | Adjourn |
| 8. | Hyundai Motor Company and Hyundai Motor America (Docket No. 19151) | 15585, 15589 | Hyundai Motor Company and Hyundai Motor America ("Hyundai") disagree with the Reorganized Debtors' Objection to disallow and expunge proofs of claim nos. 15585 and 15589.  Hyundai asserts that the information contained in its proofs of claim serves as _prima facie_ evidence of the validity and amount of its claims. | Books And Records Claims | Adjourn |

2

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 9. | City of Olathe, Kansas (Docket No. 19152) | 14825, 14826 | The City of Olathe, Kansas (the "City of Olathe") disagrees with the Reorganized Debtors' Objection to disallow and expunge proofs of claim nos. 14825 and 14826. The City of Olathe asserts that its proofs of claim are adequately supported and documented and set forth viable claims. | Books And Records Claims | Adjourn |

# Exhibit B
(Revised Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :        Case No. 05-44481 (RDD)
                                          :
                                          :        (Jointly Administered)
            Reorganized Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
(I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND
RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS
AND (II) MODIFY AND ALLOW CERTAIN CLAIMS

("THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

            Upon the Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records

Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers'

Compensation Claims And (II) Modify And  Allow Certain Claims (the "Thirty-Eighth Omnibus

Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated

reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and

upon the record of the hearing held on the Thirty-Eighth Omnibus Claims Objection; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as

to each, a "Claim"), listed on Exhibits A, B, C, D, E, F, G-1, G-2, G-3, and G-4 hereto was

properly and timely served with a copy of the Thirty-Eighth Omnibus Claims Objection, a

personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates

For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"),

the proposed order granting the Thirty-Eighth Omnibus Claims Objection, and notice of the

deadline for responding to the Thirty-Eighth Omnibus Claims Objection.  No other or further

notice of the Thirty-Eighth Omnibus Claims Objection is necessary.

        B.      This Court has jurisdiction over the Thirty-Eighth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-Eighth Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the

Thirty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and

1409.

        C.      The Claim listed on Exhibit A asserts a liability based on ownership of

Delphi Corporation common stock, which constitutes an equity interest in Delphi Corporation,

but does not constitute a claim against the Debtors (the "Equity Interests").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.    The Claims listed on <u>Exhibit B</u> assert liabilities and dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

E.    The Claims listed on <u>Exhibit C</u> were not timely filed pursuant to the Bar Date Order (the "Untimely Claims").

F.    The Claims listed on <u>Exhibit D</u> assert liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs that have been cancelled and for which the Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

G.    The Claims listed on <u>Exhibit E</u> were filed by individual current or former employees for workers' compensation benefits that asserted liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims").

H.    The Claims listed on <u>Exhibit F</u> assert liabilities that the Reorganized Debtors propose to allow either because the proposed allowed amount and class and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Allowed Claims").

1.    <u>Exhibit G</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit F</u>.  <u>Exhibit H</u> sets forth each of the Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G-1</u>, <u>G-2</u>, <u>G-3</u>, and <u>G-4</u> in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

2.    The Equity Interest listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

3.    Each Books and Records Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

4.    Each Untimely Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

5.    Each Pension, Benefit, And OPEB Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

6.    Each Workers' Compensation Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

7.    Each Allowed Claim listed on <u>Exhibit F</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit F</u>.

8.    With respect to each Claim for which a Response to the Thirty-Eighth Omnibus Claims Objection has been filed and served, as listed on <u>Exhibits</u> <u>G-1</u>, <u>G-2</u>, <u>G-3</u>, and <u>G-4</u> hereto, and which has not been resolved by the parties, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

9.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Eighth Omnibus Claims Objection except as such claims may have been settled and allowed.

10.     This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11.     Each of the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, and F constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.


Dated: New York, New York
        December ___, 2009



                    _____
                    UNITED STATES BANKRUPTCY JUDGE



5

**In re DPH Holdings Corp., et al.**                                      **Thirty-Eighth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - EQUITY INTEREST

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JOHN H HALBERG AND DOLORES L HALBERG TR HALBERG FAM LIVING TRUST UA 121495 710 BALTHROPE RD NEWPORT NEWS, VA 23608-1905 | 19456 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/22/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **UNL** | | |

---

\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES AIG LAW DEPARTMENT BANKRUPTCY DAVID A LEVIN ESQ 70 PINE ST 31ST FL NEW YORK, NY 10270 | 1373 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 12/29/2005 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| DAIMLERCHRYSLER CORPORATION JAY SELANDERS DANIELS & KAPLAN PC 2405 GRAND BLVD STE 900 KANSAS CITY, MO 64108-2519 | 15628 | Secured: Priority: Administrative: Unsecured: Total: | $5,013,211.81 $5,013,211.81 | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| DAIMLERCHRYSLER CORPORATION JAY SELANDERS DANIELS & KAPLAN PC 2405 GRAND BLVD STE 900 KANSAS CITY, MO 64108-2519 | 14169 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| HONDA OF CANADA MFG A DIVISION OF HONDA CANADA INC C/O ROBERT A BELL JR ESQ VORYS SATER SEYMOUR AND PEASE LLP 52 E GAY ST PO BOX 1008 COLUMBUS, OH 43215 | 11291 | Secured: Priority: Administrative: Unsecured: Total: | $7,997,084.12 $7,997,084.12 | 07/27/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| KILROY REALTY LP C/O ALAN E MARDER ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD STE 901 UNIONDALE, NY 11553-3622 | 16819 | Secured: Priority: Administrative: Unsecured: Total: | $2,186,444.67 $2,186,444.67 | 04/23/2008 | PACKARD HUGHES INTERCONNECT COMPANY (05-44626) |
| LIQUIDITY SOLUTIONS INC DANA P KANE DBA DEFINED BENEFIT ONE UNIVERSITY PLAZA STE 312 HACKENSACK, NJ 07601 | 16816 | Secured: Priority: Administrative: Unsecured: Total: | $100,000.00 $100,000.00 | 05/28/2008 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

Total:        6                    $15,296,740.60

*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT C - UNTIMELY CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BARTHOLOMEW COUNTY TREASURER PO BOX 1986 COLUMBUS, IN 47202-1986 | 19315 | Secured: Priority: Administrative: Unsecured: Total: | $240.38 $240.38 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| BARTHOLOMEW COUNTY TREASURER PO BOX 1986 COLUMBUS, IN 47202-1986 | 19316 | Secured: Priority: Administrative: Unsecured: Total: | $5.00 $5.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| BEHR HELLA THERMOCONTROL INC ATTN BHAVANI TATA 43811 PLYMOUTH OAKS BLVD PLYMOUTH TOWNSHIP, MI 48170 | 19141 | Secured: Priority: Administrative: Unsecured: Total: | $491,298.90 $491,298.90 | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

                          Total:        3                        $491,544.28

In re DPH Holdings Corp., et al.                                        Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ALLEN EDWARD | 7240 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>UNL<br>UNL | 05/31/2006 | DELPHI CORPORATION (05-44481) |
| CARRILLO SERGIO L | 11254 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$10,000.00<br><br>$340,000.00<br>$350,000.00 | 07/27/2006 | DELPHI CORPORATION (05-44481) |
| CORNWELL JR WILLIAM D | 16806 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$616,065.45<br>$616,065.45 | 02/14/2008 | DELPHI CORPORATION (05-44481) |
| FARLESS REBECCA S | 12220 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>UNL<br><br><br>UNL | 07/28/2006 | DELPHI CORPORATION (05-44481) |
| GALLEY CHRISTOPHER D | 13531 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>UNL<br><br><br>UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| GREEN THOMAS | 13539 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>$2,786,362.00<br><br><br>$2,786,362.00 | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| HEIMAN JAMES M | 15245 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$6,667.00<br>$6,667.00 | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| JENKINS WILLIAM M | 16797 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$174,063.76<br>$174,063.76 | 01/31/2008 | DELPHI CORPORATION (05-44481) |

\*        The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*        "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS**

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| MACIAK MARYBETH B | 13414 | Secured: <br> Priority: <br> Administrative: <br> Unsecured: <br> Total: | <br> UNL <br> <br> <br> UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| MCCLAIN YEVETTE | 5416 | Secured: <br> Priority: <br> Administrative: <br> Unsecured: <br> Total: | <br> <br> <br> UNL <br> UNL | 05/10/2006 | DELPHI CORPORATION (05-44481) |

|  | Total: | 10 | $3,933,158.21 | | |

*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT E - WORKERS' COMPENSATION CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BARRETT NORMA | 10833 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/25/2006 | DELPHI CORPORATION (05-44481) |
| BOBBY OGLESBY | 18340 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/03/2009 | DELPHI CORPORATION (05-44481) |
| COWART THOMAS | 6511 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $348,384.00<br>$348,384.00 | 05/22/2006 | DELPHI CORPORATION (05-44481) |
| DELLINGER JAMES R | 9022 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/05/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| DENNIS GARY G | 8318 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/21/2006 | DELPHI CORPORATION (05-44481) |
| FAGAN THOMAS | 9158 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $25,363.97<br>$25,363.97 | 07/10/2006 | DELPHI CORPORATION (05-44481) |
| GARCIA ANGELINA | 9590 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/17/2006 | DELPHI CORPORATION (05-44481) |
| GOAD JAMES D | 8645 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/27/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

\*      The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT E - WORKERS' COMPENSATION CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GRAI JAMES | 13163 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/28/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| HOLLEY ESTELLE | 13157 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/28/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| JONES ANITA | 13142 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/28/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LINDEMUTH JESSICA | 8309 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/21/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LOVELL SEBRENA | 8753 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/29/2006 | DELPHI CORPORATION (05-44481) |
| PRESCOTT MARK | 13116 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/28/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| RUMORA FRANK | 6964 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 05/30/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| TANCEUSZ DAWN | 13096 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/28/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

\*     The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                      Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT E - WORKERS' COMPENSATION CLAIMS**

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| TURNER KENNETH W | 9164 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$323,584.09<br>$323,584.09 | 07/10/2006 | DELPHI CORPORATION (05-44481) |
| ULMAN BRADLEY | 3442 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>UNL<br>UNL | 05/01/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| WILSON DENISE | 8896 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br>UNL<br><br>UNL<br>UNL | 07/05/2006 | DELPHI CORPORATION (05-44481) |

Total:        19                                   $697,332.06

*        The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.
**        "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Thirty-Eighth Omnibus Claims Objection

**EXHIBIT F - ALLOWED CLAIMS**

| CLAIM TO BE ALLOWED *** | CLAIM AS DOCKETED ** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|

**Claim: 15722**
Date Filed:    07/31/2006
Docketed Total:    $2.33
Filing Creditor Name:
    CARMEN J MANDATO
    2645 EAST 112 ST
    CLEVELAND, OH 44104-2665

Claim Holder Name

CARMEN J MANDATO
2645 EAST 112 ST
CLEVELAND, OH 44104-2665

Docketed Total:    **$2.33**

Allowed Total:    **$2.33**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | $2.33 | | 05-44481 | | | $2.33 |
| | | **$2.33** | | | | | **$2.33** |

---

**Claim: 16001**
Date Filed:    08/09/2006
Docketed Total:    $11,000.00
Filing Creditor Name:
    COMBINED HEALTH DISTRICT
    OF MONTGOMERY COUNTY
    117 S MAIN ST
    DAYTON, OH 45422-1280

Claim Holder Name

COMBINED HEALTH DISTRICT OF MONTGOMERY COUNTY
117 S MAIN ST
DAYTON, OH 45422-1280

Docketed Total:    **$11,000.00**

Allowed Total:    **$11,000.00**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $11,000.00 | 05-44481 | | | $11,000.00 |
| | | | **$11,000.00** | | | | **$11,000.00** |

---

**Claim: 9137**
Date Filed:    07/10/2006
Docketed Total:    $1,929,245.96
Filing Creditor Name:
    KNOBELSPIESSE ERNEST A

Claim Holder Name

KNOBELSPIESSE ERNEST A

Docketed Total:    **$1,929,245.96**

Allowed Total:    **$1,297,019.13**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44481 | | | $1,929,245.96 | 05-44481 | | | $1,297,019.13 |
| | | | **$1,929,245.96** | | | | **$1,297,019.13** |

\*       See Exhibit H for a listing of debtor entities by case number.

\*\*      "UNL" denotes an unliquidated claim.

\*\*\*    The addresses of certain of the creditors on this exhibit have been intentionally omitted for privacy reasons.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Thirty-Eighth Omnibus Claims Objection

**EXHIBIT F - ALLOWED CLAIMS**

| CLAIM TO BE ALLOWED *** | CLAIM AS DOCKETED ** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 11882 Date Filed: 07/28/2006 Docketed Total: $0.00 Filing Creditor Name: MCWEE CHARELS M | Claim Holder Name MCWEE CHARELS M | | Docketed Total: | UNL | | Allowed Total: | | $259,822.16 |
| | Case Number* 05-44481 | Secured | Priority | Unsecured UNL | Case Number* 05-44481 | Secured | Priority | Unsecured $259,822.16 |
| | | | | UNL | | | | $259,822.16 |

Total Claims To Be Allowed: 4

Total Amount As Docketed:     $1,940,248.29

Total Amount As Allowed:      $1,567,843.62

---

\*      See Exhibit H for a listing of debtor entities by case number.

\*\*     "UNL" denotes an unliquidated claim.

\*\*\*    The addresses of certain of the creditors on this exhibit have been intentionally omitted for privacy reasons.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT G-1 - ADJOURNED EQUITY INTEREST

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| LANCE W WEBER<br>41 PASSAIC AVE<br>NORTH HALEDON, NJ 07508 | 18603 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$14,030.00<br>$14,030.00 | 07/14/2009 | DELPHI CORPORATION<br>(05-44481) |
| **Total:** | **1** | | **$14,030.00** | | |

In re DPH Holdings Corp., et al.                                      Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| APPLE INC APPLE COMPUTER INTERNATIONAL AND HON HAI PRECISION INDUSTRY COMPANY LTD EVELYN SHIMAZAKI SENIOR COUNSEL APPLE INC 1 INFINITE LOOP CUPERTINO, CA 95014 | 16778 | Secured: Priority: Administrative: Unsecured: Total: | $7,035,552.42 UNL UNL $7,035,552.42 | 01/10/2008 | DELPHI CORPORATION (05-44481) |
| CITY OF OLATHE KANSAS PAUL D SINCLAIR SHUGHART THOMSON & KILROY PC 120 W 12TH ST STE 1800 KANSAS CITY, MO 64105 | 14826 | Secured: Priority: Administrative: Unsecured: Total: | $835,000.00 $835,000.00 | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| CITY OF OLATHE KANSAS PAUL D SINCLAIR SHUGHART THOMSON & KILROY PC 120 W 12TH ST STE 1800 KANSAS CITY, MO 64105 | 14825 | Secured: Priority: Administrative: Unsecured: Total: | $835,000.00 $835,000.00 | 07/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| HYUNDAI MOTOR AMERICA ATTN JASON R ERB ESQ SENIOR COUNSEL 10550 TALBERT AVE FOUNTAIN VALLEY, CA 92708-6031 | 15589 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| HYUNDAI MOTOR COMPANY ATTN JASON R ERB ESQ SENIOR COUNSEL 10550 TALBERT AVE FOUNTAIN VALLEY, CA 92708-6031 | 15585 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| KAUTEX INC JOHN BRACKEN TEXTRON INC 40 WESTMINSTER ST PROVIDENCE, RI 02903 | 12140 | Secured: Priority: Administrative: Unsecured: Total: | $1,113,768.00 $1,113,768.00 | 07/28/2006 | DELPHI CORPORATION (05-44481) |
| MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY CELESTE R GILL ASST ATTORNEY GENERAL 6TH FLOOR WILLIAMS BLDG 525 W OTTAWA ST PO BOX 30755 LANSING, MI 48909 | 15785 | Secured: Priority: Administrative: Unsecured: Total: | $64,329.64 $64,329.64 | 08/02/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

*      "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| OHIO ENVIRONMENTAL PROTECTION AGENCY MICHELLE T SUTTER OHIO ATTORNEY GENERAL ENVIRONMENTAL ENFORCEMENT SECTION 30 E BROAD ST 25TH FL COLUMBUS, OH 43215-3400 | 15345 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

|  | Total: | 8 | $9,883,650.06 |
|---|---|---|---|

---

\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                          Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT G-3 - ADJOURNED UNTIMELY CLAIMS**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DALLAS COUNTY<br>ELIZABETH WELLER<br>LINEBARGER GOGGAN BLAIR &<br>SAMPSON LLP<br>2323 BRYAN ST STE 1600<br>DALLAS, TX 75201 | 19325 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $9,907.93<br><br><br><br>$9,907.93 | 07/16/2009 | DELPHI CORPORATION<br>(05-44481) |
| TARRANT COUNTY<br>ELIZABETH WELLER<br>LINEBARGER GOGGAN BLAIR &<br>SAMPSON LLP<br>2323 BRYAN ST STE 1600<br>DALLAS, TX 75201 | 19324 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $314.88<br><br><br><br>$314.88 | 07/16/2009 | DELPHI CORPORATION<br>(05-44481) |

|  | Total: | 2 | $10,222.81 |
|---|---|---|---|

In re DPH Holdings Corp., et al.                                    Thirty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

**EXHIBIT G-4 - ADJOURNED WORKERS' COMPENSATION CLAIM**

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|
| STASIK ROBERT | 7658 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:    UNL<br>Total:    UNL | 06/08/2006 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | **UNL** | | |

---

\*     The address of the creditor on this exhibit has been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                    **Thirty-Eighth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

### Exhibit H - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd   Doc 19167   Filed 12/09/09   Entered 12/09/09 15:53:15   Main Document
Pg 32 of 40

Thirty-Eighth Omnibus Claims Objection

Exhibit I - Claimants And Related Claims Subject To Thirty-Eighth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ALLEN EDWARD | 7240 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| AMERICAN INTERNATIONAL GROUP INC AND ITS RELATED ENTITIES | 1373 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| APPLE INC APPLE COMPUTER INTERNATIONAL AND HON HAI PRECISION INDUSTRY COMPANY LTD | 16778 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| BARRETT NORMA | 10833 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| BARTHOLOMEW COUNTY TREASURER | 19315 | EXHIBIT C - UNTIMELY CLAIMS |
| BARTHOLOMEW COUNTY TREASURER | 19316 | EXHIBIT C - UNTIMELY CLAIMS |
| BEHR HELLA THERMOCONTROL INC | 19141 | EXHIBIT C - UNTIMELY CLAIMS |
| BOBBY OGLESBY | 18340 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| CARMEN J MANDATO | 15722 | EXHIBIT F - ALLOWED CLAIMS |
| CARRILLO SERGIO L | 11254 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| CITY OF OLATHE KANSAS | 14825 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| CITY OF OLATHE KANSAS | 14826 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| COMBINED HEALTH DISTRICT OF MONTGOMERY COUNTY | 16001 | EXHIBIT F - ALLOWED CLAIMS |
| CORNWELL JR WILLIAM D | 16806 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| COWART THOMAS | 6511 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| DAIMLERCHRYSLER CORPORATION | 14169 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DAIMLERCHRYSLER CORPORATION | 15628 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DALLAS COUNTY | 19325 | EXHIBIT G-3 - ADJOURNED UNTIMELY CLAIMS |
| DELLINGER JAMES R | 9022 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| DENNIS GARY G | 8318 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| FAGAN THOMAS | 9158 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| FARLESS REBECCA S | 12220 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| GALLEY CHRISTOPHER D | 13531 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| GARCIA ANGELINA | 9590 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| GOAD JAMES D | 8645 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| GRAI JAMES | 13163 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| GREEN THOMAS | 13539 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| HEIMAN JAMES M | 15245 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| HOLLEY ESTELLE | 13157 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| HONDA OF CANADA MFG A DIVISION OF HONDA CANADA INC | 11291 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HYUNDAI MOTOR AMERICA | 15589 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| HYUNDAI MOTOR COMPANY | 15585 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| JENKINS WILLIAM M | 16797 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| JOHN H HALBERG AND DOLORES L HALBERG TR | 19456 | EXHIBIT A - EQUITY INTEREST |
| JONES ANITA | 13142 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| KAUTEX INC | 12140 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| KILROY REALTY LP | 16819 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| KNOBELSPIESSE ERNEST A | 9137 | EXHIBIT F - ALLOWED CLAIMS |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd   Doc 19167   Filed 12/09/09   Entered 12/09/09 15:53:15   Main Document
Pg 33 of 40

Thirty-Eighth Omnibus Claims Objection

Exhibit I - Claimants And Related Claims Subject To Thirty-Eighth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| LANCE W WEBER | 18603 | EXHIBIT G-1 - ADJOURNED EQUITY INTEREST |
| LINDEMUTH JESSICA | 8309 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| LIQUIDITY SOLUTIONS INC | 16816 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| LOVELL SEBRENA | 8753 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| MACIAK MARYBETH B | 13414 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| MCCLAIN YEVETTE | 5416 | EXHIBIT D - PENSION, BENEFIT, AND OPEB CLAIMS |
| MCWEE CHARELS M | 11882 | EXHIBIT F - ALLOWED CLAIMS |
| MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY | 15785 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| OHIO ENVIRONMENTAL PROTECTION AGENCY | 15345 | EXHIBIT G-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| PRESCOTT MARK | 13116 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| RUMORA FRANK | 6964 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| STASIK ROBERT | 7658 | EXHIBIT G-4 - ADJOURNED WORKERS' COMPENSATION CLAIM |
| TANCEUSZ DAWN | 13096 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| TARRANT COUNTY | 19324 | EXHIBIT G-3 - ADJOURNED UNTIMELY CLAIMS |
| TURNER KENNETH W | 9164 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| ULMAN BRADLEY | 3442 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |
| WILSON DENISE | 8896 | EXHIBIT E - WORKERS' COMPENSATION CLAIMS |

# Exhibit C
(Marked Version of Revised Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
                 In re                                      :    Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                                 :    Case No. 05-44481 (RDD)
                                                            :
                                                            :    (Jointly Administered)
                              Reorganized                   :
Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
(I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND
RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS
AND (II) MODIFY AND ALLOW CERTAIN CLAIMS

("THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records

Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers'

Compensation Claims And (II) Modify And  Allow Certain Claims (the "Thirty-Eighth Omnibus

Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated

reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and

upon the record of the hearing held on the Thirty-Eighth Omnibus Claims Objection; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
      Thirty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, E, F, G-1, G-2, G-3, and FG-4 hereto was properly and timely served with a copy of the Thirty-Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Eighth Omnibus Claims Objection.  No other or further notice of the Thirty-Eighth Omnibus Claims Objection is necessary.

B.      This Court has jurisdiction over the Thirty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Claims listed on Exhibit A asserts a liability based on ownership of Delphi Corporation common stock, which constitutes an equity interest in Delphi Corporation, but does not constitute a claim against the Debtors (the "Equity Interests").

D.      The Claims listed on Exhibit B assert liabilities and dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2      DeltaView comparison of pcdocs://chisr01a/693745/5 and pcdocs://chisr01a/693745/7. Performed on 12/9/2009.

E.      The Claims listed on Exhibit C were not timely filed pursuant to the Bar Date Order (the "Untimely Claims").

F.      The Claims listed on Exhibit D assert liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs that have been cancelled and for which the Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

G.      The Claims listed on Exhibit E were filed by individual current or former employees for workers' compensation benefits that asserted liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims").

H.      The Claims listed on Exhibit F assert liabilities that the Reorganized Debtors propose to allow either because the proposed allowed amount and class and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Allowed Claims").

1.      Exhibit G hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibit F.  Exhibit H sets forth each of the Claims referenced on Exhibits A, B, C, D, E, F, G-1, G-2, G-3, and G-4 in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

2.      1. Each of theThe Equity Interests listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

3.    2. Each Books and Records Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

4.    3. Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

5.    4. Each Pension, Benefit, And OPEB Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

6.    5. Each Workers' Compensation Claim listed on Exhibit E hereto is hereby disallowed and expunged in its entirety.

7.    6. Each Allowed Claims listed on Exhibit F hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit F.

7.    Exhibit G hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits A, B, C, D, E, and F.  Exhibit H sets forth each of the Claims referenced on Exhibits A, B, C, D, E, and F in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

8.    With respect to each Claim for which a Response to the Thirty-Eighth Omnibus Claims Objection has been filed and served, as listed on Exhibits G-1, G-2, G-3, and G-4 hereto, and which has not been resolved by the parties, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

9.    8. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Eighth Omnibus Claims Objection except as such claims may have been settled and allowed.

10.    9. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11.    10. Each of the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, and F constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12.    11. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.


Dated: New York, New York
          December ___, 2009



_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, December 09, 2009 1:29:51 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/693745/5 |
| Document 2 | pcdocs://chisr01a/693745/7 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| <Moved from> |
| >Moved to < |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 10 |
| Deletions | 15 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 25 |