IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
     In re                          :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case No. 05-44481 (RDD)
                                        :
             Reorganized Debtors.  :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

       I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

       On December 8, 2009, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight mail, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Reorganized Debtors' Supplemental Reply to Response of Jane M. Duffy to Debtors' Objections to Proof of Claim No. 3175 Filed by Jane M. Duffy ("Supplemental Reply Regarding Jane M. Duffy's Equity Interest") (Docket No. 19156) [a copy of which is attached hereto as Exhibit D]

2) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Nos. 13663 and 13730 Filed by the International Union of Operating Engineers (the "IUOE"), Local 101-S, (B) Proofs of Claim Nos. 13734 and 15071 Filed by the IUOE, Local 18-S, (C) Proofs of Claim Nos. 13699 and 15075 Filed by the IUOE, Local 832-S, (D) Proofs of Claim Nos. 13863 and 14334 Filed by the International Association of Machinists and Aerospace Workers and Its District 10 and Tool and Die Makers Lodge 78, and (E) Proofs of Claim Nos. 13875 and 14350 Filed by the International Brotherhood of Electrical Workers, Local 663 ("Supplemental Reply Regarding Certain Union Claims") (Docket No. 19157) [a copy of which is attached hereto as Exhibit E]

3) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proof of Claim Nos. 10570 and 10571 Filed by TK Holdings Inc., Automotive Systems, Inc., and Takata Seat Belts, Inc., (B) Proof of Claim No. 10964 Filed by TK Holdings Inc., (C) Proof of Claim Nos. 10965 and 10968 Filed by Takata Corporation, and (D) Proof of Claim Nos. 10966 and 10967 Filed by Highland Industries, Inc. ("Supplemental Reply Regarding Certain

Contingent Rejection Damages Claims") (Docket No. 19158) [a copy of which is attached hereto as <u>Exhibit F</u>]

4) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proof of Claim No. 6468 Filed by Barbara Burger, (B) Proof Of Claim No. 13464 Filed by Paul Pickles, (C) Proof of Claim No. 14751 Filed by Hubert Noel Morgan, and (D) Proof of Claim No. 16175 Filed by Patricia C. Weinman ("Supplemental Reply Regarding Certain Pension, Benefit, and OPEB Claims") (Docket No. 19159) [a copy of which is attached hereto as <u>Exhibit G</u>]

5) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Nos. 15513, 15515, 15519, 15520, 15521, 15524, and 15532 Filed by Johnson Controls, Inc. and Affiliates ("Supplemental Reply Regarding Certain Contingent Breach of Contract Claims") (Docket No. 19160) [a copy of which is attached hereto as <u>Exhibit H</u>]

6) Reorganized Debtors' Supplemental Reply to Responses of Sharyl Y. Carter to Debtors' Objections to Proofs of Claim Nos. 16849 and 16850 Filed by Sharyl Y. Carter ("Supplemental Reply Regarding Sharyl Y. Carter's Claims") (Docket No. 19161) [a copy of which is attached hereto as <u>Exhibit I</u>]

7) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, and 1387 Filed by American International Group, Inc. and (b) Proofs of Claim Nos. 2539 and 6668 Filed By RLI Insurance Company ("Supplemental Reply Regarding Certain Protective Claims") (Docket No. 19162) [a copy of which is attached hereto as <u>Exhibit J</u>]

8) Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to (A) Proofs of Claim Nos. 15584, 15586, 15587, and 15595 Asserted by Hyundai Motor Company andProofs of Claim Nos. 15588, 15590, 15591, 15592, 15593, and 15594 Asserted by Hyundai Motor America, (B) Proof of Claim No. 5408 Filed by Gary L. Cook, (c) Proof of Claim No. 7269 Filed by Bobbie L. Burns, (d) Proof of Claim No. 9396 Filed by Joan C. Lyons on Behalf of David Lyons, (e) Proofs of Claim Nos. 10835 and 10836 Filed by Dennis Dashkovitz, (f) Proof of Claim No. 12251 Filed by Steven D. Streeter, (g) Proof of Claim No. 15525 Filed by Johnson Controls, Inc. – Battery Group, and (H) Proof of Claim No. 16591 Filed by Bradley A. and Barbara R. Bennett ("Notice of Adjournment of Sufficiency Hearing as to Certain Proofs of Claim") (Docket No. 19163) [a copy of which is attached hereto as <u>Exhibit K</u>]

On December 8, 2009, I caused to be served the document listed below upon the party listed on Exhibit L hereto via overnight mail:

9) Reorganized Debtors' Supplemental Reply to Response of Jane M. Duffy to Debtors' Objections to Proof of Claim No. 3175 Filed by Jane M. Duffy ("Supplemental Reply Regarding Jane M. Duffy's Equity Interest") (Docket No. 19156) [a copy of which is attached hereto as Exhibit D]

On December 8, 2009, I caused to be served the document listed below upon the parties listed on Exhibit M hereto via overnight mail:

10) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Nos. 13663 and 13730 Filed by the International Union of Operating Engineers (the "IUOE"), Local 101-S, (B) Proofs of Claim Nos. 13734 and 15071 Filed by the IUOE, Local 18-S, (C) Proofs of Claim Nos. 13699 and 15075 Filed by the IUOE, Local 832-S, (D) Proofs of Claim Nos. 13863 and 14334 Filed by the International Association of Machinists and Aerospace Workers and Its District 10 and Tool and Die Makers Lodge 78, and (E) Proofs of Claim Nos. 13875 and 14350 Filed by the International Brotherhood of Electrical Workers, Local 663 ("Supplemental Reply Regarding Certain Union Claims") (Docket No. 19157) [a copy of which is attached hereto as Exhibit E]

On December 8, 2009, I caused to be served the document listed below upon the parties listed on Exhibit N hereto via overnight mail:

11) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proof of Claim Nos. 10570 and 10571 Filed by TK Holdings Inc., Automotive Systems, Inc., and Takata Seat Belts, Inc., (B) Proof of Claim No. 10964 Filed by TK Holdings Inc., (C) Proof of Claim Nos. 10965 and 10968 Filed by Takata Corporation, and (D) Proof of Claim Nos. 10966 and 10967 Filed by Highland Industries, Inc. ("Supplemental Reply Regarding Certain Contingent Rejection Damages Claims") (Docket No. 19158) [a copy of which is attached hereto as Exhibit F]

On December 8, 2009, I caused to be served the document listed below upon the parties listed on Exhibit O hereto via overnight mail:

12) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proof of Claim No. 6468 Filed by Barbara Burger, (B) Proof Of Claim No. 13464 Filed by Paul Pickles, (C) Proof of Claim No. 14751 Filed by Hubert Noel Morgan, and (D) Proof of Claim No. 16175 Filed by Patricia C. Weinman ("Supplemental Reply Regarding Certain Pension, Benefit, and OPEB Claims") (Docket No. 19159) [a copy of which is attached hereto as Exhibit G]

On December 8, 2009, I caused to be served the document listed below upon the parties listed on <u>Exhibit P</u> hereto via overnight mail:

13) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Nos. 15513, 15515, 15519, 15520, 15521, 15524, and 15532 Filed by Johnson Controls, Inc. and Affiliates ("Supplemental Reply Regarding Certain Contingent Breach of Contract Claims") (Docket No. 19160) [a copy of which is attached hereto as <u>Exhibit H</u>]

On December 8, 2009, I caused to be served the document listed below upon the party listed on <u>Exhibit Q</u> hereto via overnight mail:

14) Reorganized Debtors' Supplemental Reply to Responses of Sharyl Y. Carter to Debtors' Objections to Proofs of Claim Nos. 16849 and 16850 Filed by Sharyl Y. Carter ("Supplemental Reply Regarding Sharyl Y. Carter's Claims") (Docket No. 19161) [a copy of which is attached hereto as <u>Exhibit I</u>]

On December 8, 2009, I caused to be served the document listed below upon the parties listed on <u>Exhibit R</u> hereto via overnight mail:

15) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, and 1387 Filed by American International Group, Inc. and (b) Proofs of Claim Nos. 2539 and 6668 Filed By RLI Insurance Company ("Supplemental Reply Regarding Certain Protective Claims") (Docket No. 19162) [a copy of which is attached hereto as <u>Exhibit J</u>]

On December 9, 2009, I caused to be served the document listed below upon the parties listed on <u>Exhibit S</u> hereto via overnight mail:

16) Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to (A) Proofs of Claim Nos. 15584, 15586, 15587, and 15595 Asserted by Hyundai Motor Company andProofs of Claim Nos. 15588, 15590, 15591, 15592, 15593, and 15594 Asserted by Hyundai Motor America, (B) Proof of Claim No. 5408 Filed by Gary L. Cook, (c) Proof of Claim No. 7269 Filed by Bobbie L. Burns, (d) Proof of Claim No. 9396 Filed by Joan C. Lyons on Behalf of David Lyons, (e) Proofs of Claim Nos. 10835 and 10836 Filed by Dennis Dashkovitz, (f) Proof of Claim No. 12251 Filed by Steven D. Streeter, (g) Proof of Claim No. 15525 Filed by Johnson Controls, Inc. – Battery Group, and (H) Proof of Claim No. 16591 Filed by Bradley A. and Barbara R. Bennett ("Notice of Adjournment of Sufficiency Hearing as to Certain Proofs of Claim") (Docket No. 19163) [a copy of which is attached hereto as <u>Exhibit K</u>]

Dated: December 10, 2009

_____ */s/ Darlene Calderon* _____
Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 10th day of December, 2009, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  */s/ Vanessa R. Quiñones* _____

Commission Expires: *3/20/11* _____

# EXHIBIT A

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | 312-759-5646 | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | 512-895-3090 | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | 866-585-2386 | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | 212-972-1677 | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | IRS |
| IUE-CWA | Conference Board Chairman | 2360 W. Dorothy Lane | Suite 201 | Dayton | OH | 45439 | 937-294-7813 | 937-294-9164 | Creditor Committee Member |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | Postpetition Administrative Agent |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

12/9/2009 5:25 PM
Master Service List 091130.XLS Overnight

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | 212-751-4864 | Counsel to Official Committee of Unsecured Creditors |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | 212-416-6007 | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Israel Goldowitz | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | Financial Advisor |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

12/9/2009 5:25 PM
Master Service List 091130.XLS Overnight

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | 212-455-2502 | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | 312-407-0411 | Counsel to the Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | 312-641-6959 | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | Conflicts Counsel to the Debtors |
| Tyco Electronics Corporation | MaryAnn Brereton, Assistant General Counsel | 60 Columbia Road | | Morristown | NJ | 07960 | 973-656-8365 | 973-656-8805 | Creditor Committee Member |
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | Counsel to United States Trustee |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | 817-810-5255 | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | Creditor Committee Member/Indenture Trustee |

# EXHIBIT B

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | pclark@btlaw.com | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Corporation | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Freescale Semiconductor, Inc. | Richard Lee Chambers, III | 6501 William Cannon Drive West | MD: OE16 | Austin | TX | 78735 | 512-895-6357 | trey.chambers@freescale.com | Creditor Committee Member |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| General Electric Company | Valerie Venable | 9930 Kincey Avenue | | Huntersville | NC | 28078 | 704-992-5075 | valerie.venable@ge.com | Creditor Committee Member |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | sbetance@kccllc.com | Noticing and Claims Agent |
| Latham & Watkins LLP | Robert J. Rosenberg | 885 Third Avenue | | New York | NY | 10022 | 212-906-1370 | robert.rosenberg@lw.com | Counsel to Official Committee of Unsecured Creditors |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | patrick.healy@lawdeb.com | Indenture Trustee |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | eugene.leff@oag.state.ny.us | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | tjerman@omm.com | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | sshimshak@paulweiss.com pweintraub@paulweiss.com | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Debtors |
| Simpson Thatcher & Bartlett LLP | Kenneth S. Ziman, Robert H. Trust, William T. Russell, Jr. | 425 Lexington Avenue | | New York | NY | 10017 | 212-455-2000 | kziman@stblaw.com rtrust@stblaw.com wrussell@stblaw.com | Counsel to Debtor's Prepetition Administrative Agent, JPMorgan Chase Bank, N.A. |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Debtor |

Delphi Corporation
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-------|------------------|
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com | Counsel to the Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | jcohen@stahlcowen.com tcornell@stahlcowen.com | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | altogut@teamtogut.com | Conflicts Counsel to the Debtors |
| Warner Stevens, L.L.P. | Michael D. Warner | 1700 City Center Tower II | 301 Commerce Street | Fort Worth | TX | 76102 | 817-810-5250 | mwarner@warnerstevens.com | Proposed Conflicts Counsel to the Official Committee of Unsecured Creditors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Company, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | David M. Powlen | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | david.powlen@btlaw.com | Counsel to Howard county, Indiana |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Bernstein Litowitz Berger & Grossman | John P. Coffey | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1409 | sean@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 111 Monument Circle Ste 2700 | | Indianapolis | IN | 46204 | | 317-684-5000 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st  Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 4 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200<br>(230) 862-8231 | mlee@contrariancapital.com<br>jstanton@contrariancapital.com<br>wraine@contrariancapital.com<br>solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidmartin@erisacase.com<br>davidmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com<br>cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com<br>james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 5 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Morgan Smith | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-5679 | mmsmith@dykema.com | Attorneys for Tremont City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 6 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930550 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 7 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 8 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 9 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 10 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 11 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuireWoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 13 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 14 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | lisa.moore2@nationalcity.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 15 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 666 Fifth Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com lscharf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 17 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jlh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | John J. Dawson | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jdawson@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rfp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.L. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 18 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 19 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 20 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc. |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers Street 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 21 of 22

12/9/2009 5:22 PM
Email (389)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 22 of 22

12/9/2009 5:22 PM
Email (389)

# EXHIBIT C

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Counsel to Pullman Bank and Trust Company |
| Bernstein Litowitz Berger & Grossman | Wallace A. Showman | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1429 | 212-554-1444 | Counsel to SANLUIS Rassini International, Inc.; Rassini, S.A. de C.V. |
| Bingham McHale LLP | John E Taylor Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | Co-Counsel for Yazaki North America, Inc. |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | Creditor |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | Counsel to Trutron Corporation |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | | General Counsel to Jason Incorporated |
| McCarthy Tetrault LLP | John J. Salmas | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | Canada | 416-362-1812 | 416-868-0673 | Counsel to Themselves (McCarthy Tetrault LLP) |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miller & Chevalier Chartered | Anthony F Shelley Timothy P O'Toole | 655 Fifteenth Street NW Suite 900 | | Washington | DC | 20005 | | 202-626-5800 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R Dal Lago | 909 Third Ave | | New York | NY | 10022 | | 212-735-8600 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth Jeffrey J. Angelovich Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 3

12/9/2009 5:23 PM
US Mail (44)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | Counsel to Rotor Clip Company, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | Counsel to Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | Counsel to SKF USA, Inc. |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | Susheel Kirpalani James C Tecce Scott C Shelley | 51 Madison Ave 22nd Fl | | New York | NY | 10010 | | 212-849-7199 | 212-849-7100 | Counsel For Collective Of Tranche C DIP Lenders |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Floor | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | Counsel to Republic Engineered Products, Inc. |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | Attorneys for D-J, Inc. |
| Sachnoff & Weaver, Ltd | Arlene Gelman Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | Counsel to Dott Industries, Inc. |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 2 of 3

12/9/2009 5:23 PM
US Mail (44)

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | Counsel to Doosan Infracore America Corp. |
| Thelen Reid Brown Raysman & Steiner LLP | Marcus O. Colabianchi | 101 Second St Ste 1800 | | San Francisco | CA | 94105-3606 | | 415-369-7301 | 415-369-8764 | Counsel to Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | 185 Asylum Street | CityPlace I 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | Counsel to Barnes Group, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | Counsel to Nissan North America, Inc. |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | Counsel to Toshiba America Electronic Components, Inc. |
| WL Ross & Co., LLC | Stephen Toy | 1166 Avenue of the Americas | | New York | NY | 10036-2708 | | 212-826-1100 | 212-317-4893 | Counsel to WL. Ross & Co., LLC |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 3 of 3

12/9/2009 5:23 PM
US Mail (44)

# EXHIBIT D

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                   :

      In re                        :     Chapter 11

                                      :

DPH HOLDINGS CORP., et al.,     :     Case Number 05-44481 (RDD)

                                      :

                                      :     (Jointly Administered)

             Reorganized Debtors.     :

                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
OF JANE M. DUFFY TO DEBTORS' OBJECTIONS TO PROOF OF
CLAIM NO. 3175 FILED BY JANE M. DUFFY

("SUPPLEMENTAL REPLY REGARDING
JANE M. DUFFY'S EQUITY INTEREST")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Jane M. Duffy To

Debtors' Objections To Proof Of Claim No. 3175 Filed By Jane M. Duffy (the "Supplemental

Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the

"Sufficiency Hearing Notice").

2

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are
filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides
that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting
to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and
making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.
9.6(a).

5.    By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)
(the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11
U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No.
18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to
address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to
the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim
against the asserted Debtor.

6.    This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the
Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection
Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this
Supplemental Reply, the Claimant shall file and serve its response no later than two business
days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

3

B.       Relief Requested

         7.       By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging proof of claim number 3175 filed by Jane M. Duffy asserting

an equity interest in Delphi Corporation.

C.       Proof Of Claim Asserting Equity Interest Filed by Jane M. Duffy

         8.       During their review of proofs of claim filed in these cases, the Debtors

determined that proof of claim number 3175 filed by Jane M. Duffy against Delphi Corporation

represents a proof of interest that was filed by Ms. Duffy as a holder of common stock in Delphi

Corporation.  The Reorganized Debtors believe that Ms. Duffy is not a creditor of the Debtors.

Accordingly, this Court should enter an order disallowing and expunging proof of claim number

3175 in its entirety.

         9.       The Equity Interest Asserted Against The Debtors.  On May 4, 2006, Jane

M. Duffy filed proof of claim number 3175 against Delphi Corporation.  The proof of claim was

made on the preprinted proof of claim form that was provided by Kurtzman Carson Consultants

("KCC"), the claims and noticing agent in these cases, to all persons and entities included in the

notice database compiled by the Debtors at the beginning of these cases.  Items 1-10 on proof of

claim number 3175 were left blank.

         10.      The Debtors' Objections To The Equity Interest.  On November 2, 2006,

the Debtors objected to Jane M. Duffy's proof of claim number 3175 on the Debtors' (I) Third

Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007

To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By

Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To

Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No.

5452) (the "Third Omnibus Claims Objection"), by which the Debtors objected to proof of claim

4

number 3175 as an equity interest not asserting a claims against the Debtors and sought entry of

an order disallowing and expunging that proof of claim.

        11.    <u>Ms. Duffy's Responses To The Debtors' Objections</u>.  On December 12,

2006, Ms Duffy filed a letter response to the Third Omnibus Claims Objection (Docket No.

6151).  In her response, Ms. Duffy attached an Equity Security Holder Committee Acceptance

Form that she said should have been attached to her proof of claim.

        12.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to proof of claim number 3175 was

adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the

Sufficiency Hearing Notice with respect to proof of claim number 3175, among other proofs of

claim, scheduling the Sufficiency Hearing.

D.    <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

        13.    The Reorganized Debtors respectfully submit that proof of claim number

3175 fails to state a claim against the Debtors under rule 7012 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  Ms. Duffy has not proved any facts to support

a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the

Debtors' objections to proof of claim number 3175 should be sustained and that proof of claim

should be disallowed and expunged in its entirety.

        14.    The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re</u>

<u>Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make prima facie case).

        15.     For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

        16.     This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a)

6

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.    <u>Argument Regarding The Equity Interest.</u>

17.    On or prior to April 20, 2006, the Debtors caused KCC to serve notice of

the Bar Date (the "Bar Date Notice"), together with a proof of claim form, on, among others,

holders of Delphi Corporation common stock to ensure that holders of stock who wished to

assert claims against any of the Debtors that were not based solely upon their ownership of

Delphi Corporation common stock would be afforded the opportunity to file such claims in these

cases.  The ownership of Delphi Corporation common stock constitutes an equity interest in

Delphi Corporation, but does not constitute a "claim" against the Debtors as such term is defined

in section 101(5) of the Bankruptcy Code.  Furthermore, as set forth in the Bar Date Notice that

was approved by this Court, creditors and equity holders were notified that they were not

required to file proofs of claim based exclusively on ownership interests in Delphi Corporation

common stock.[1]

---

[1]    The Bar Date Order provides, in relevant part:

> Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:
>
> * * *
>
> (h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

7

18.     In addition, pursuant to section 1141(d) of the Bankruptcy Code, the distributions and rights that are provided in the Modified Plan are in complete satisfaction, discharge, and release of, among other things, interests in Delphi Corporation whether or not a proof of claim based upon such interest is filed.  Finally, the Modification Approval Order is a judicial determination of the discharge of all interests in the Debtors.

19.     Accordingly, the Reorganized Debtors assert that Ms. Duffy has not met her burden of proof to establish a claim against or interest in the Debtors, (b) proof of claim number 3175 is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) proof of claim number 3175 fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Ms. Duffy cannot provide facts or law supporting her claim, the Third Omnibus Claims Objection should be sustained as to proof of claim number 3175 and such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections with respect to proof of Claim number 3175, (b) disallowing

and expunging proof of claim number 3175 in its entirety, and (c) granting such further and other

relief this Court deems just and proper.

Dated:    New York, New York
          December 8, 2009

                                          SKADDEN, ARPS, SLATE, MEAGHER
                                             & FLOM LLP

                                          By:   /s/ John Wm. Butler, Jr.
                                                John Wm. Butler, Jr.
                                                John K. Lyons
                                                Ron E. Meisler
                                          155 North Wacker Drive
                                          Chicago, Illinois 60606

                                                - and -

                                          By:   /s/ Kayalyn A. Marafioti
                                                Kayalyn A. Marafioti
                                          Four Times Square
                                          New York, New York 10036

                                          Attorneys for DPH Holdings Corp., et al.,
                                             Reorganized Debtors

9

# EXHIBIT E

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   -        x
                                                                       :
            In re                                                      :        Chapter 11
                                                                       :
DPH HOLDINGS CORP., et al.,                                            :        Case Number 05-44481 (RDD)
                                                                       :
                                                                       :        (Jointly Administered)
                                                                       :
                Reorganized Debtors.                                   :
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   - -      x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN CLAIMANTS
TO DEBTORS' OBJECTIONS TO (A) PROOFS OF CLAM NOS. 13663 AND 13730 FILED BY THE
INTERNATIONAL UNION OF OPERATING ENGINEERS (THE "IUOE"), LOCAL 101-S, (B) PROOFS
OF CLAIM NOS. 13734 AND 15071 FILED BY THE IUOE, LOCAL 18-S, (C) PROOFS OF CLAIM NOS.
13699 AND 15075 FILED BY THE IUOE, LOCAL 832-S, (D) PROOFS OF CLAIM NOS. 13863 AND
14334 FILED BY THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS AND ITS DISTRICT 10 AND TOOL AND DIE MAKERS LODGE 78, AND (E)
PROOFS OF CLAIM NOS. 13875 AND 14350 FILED BY THE INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 663

("SUPPLEMENTAL REPLY REGARDING CERTAIN UNION CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To (A) Proofs Of Clam Nos. 13663 And 13730 Filed By The

International Union Of Operating Engineers (The "IUOE"), Local 101-S, (B) Proofs Of Claim

Nos. 13734 And 15071 Filed By The IUOE, Local 18-S, (C) Proofs Of Claim Nos. 13699 And

15075 Filed By The IUOE, Local 832-S, (D) Proofs Of Claim Nos. 13863 And 14334 Filed By

The International Association Of Machinists And Aerospace Workers And Its District 10 And

Tool And Die Makers Lodge 78, And (E) Proofs Of Claim Nos. 13875 And 14350 Filed By The

International Brotherhood Of Electrical Workers, Local 663 (the "Supplemental Reply"), and

respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

2

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the

"Sufficiency Hearing Notice").

       4.     The Reorganized Debtors filed the Sufficiency Hearing Notice and are

filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.

9.6(a).

       5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No.

18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to

address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to

the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim

against the asserted Debtor.

6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection

Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging the proofs of claim filed by the International Union of

Operating Engineers, Local 101-S, Local 18-S, and Local 832-S (the "IUOE"), the International

Association of Machinists and Aerospace Workers and its District 10 and Tool and Die Makers

Lodge 78 (the "IAM"), and the International Brotherhood of Electrical Workers, Local 663 (the

"IBEW") asserting wages and benefits, future pension benefits, or other post-employment

benefits that were waived and released pursuant to certain settlement agreements between the

Debtors and each of the IUOE, the IBEW, and the IAM, respectively.

C.      Union Claims

8.      During their review of the proofs of claim filed in these cases, the Debtors

determined that certain proofs of claim filed by the IUOE, the IAM, and the IBEW assert

liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and

records because such proofs of claim are for wages and benefits, future pension benefits, or other

post-employment benefits and that were waived and released pursuant to certain settlement

agreements between the Debtors and each of the IUOE, the IBEW, and the IAM, respectively.

The Reorganized Debtors believe that the IUOE, the IAM, and the IBEW are not creditors of the

Debtors.  Accordingly, this Court should enter an order disallowing and expunging each proof of

claim filed by the IUOE, the IBEW, and the IAM in its entirety.

4

9.      The Union Claims Filed Against The Debtors.  On July 31, 2006, the

IUOE, Local 101-S filed proof of clam number 13663 against Delphi Corporation and proof of

claim number 13730 against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these

cases.  Each of these claims asserts (a) an unsecured non-priority claim in the amount of

$35,000.00 plus unliquidated and contingent claims by a retired employee based upon the

employer's obligations under ERISA and (b) unliquidated and contingent claims for current and

retired employees which would become due as a result of actions that may be taken to repudiate

collective bargaining agreements between the IUOE and the Debtors or reduce amounts owed

under that agreement and related employee benefit plans.

10.      On July 31, 2006, the IUOE, Local 18-S filed proof of claim number

13734 against Delphi Corporation and proof of claim number 15071 against DAS LLC.  Each of

these claims asserts claims adding up to approximately $28,000.00 for wages due to certain

employees as a result of outstanding grievances and (b) unliquidated and congintenget claims for

wages and benefits which may become due under a collectively bargaining agreement between

the IUOE, Local 18-S and the Debtors and related benefit plans as a result of actions which may

be taken pursuant to sections 1113 and 1114 of the Bankruptcy Code or otherwise to repudiate

the agreement and related benefit plans.

11.      On July 31, 2006, the IUOE, Local 832-S filed proof of claim number

15075 against Delphi Corporation and proof of claim number 13699 against DAS LLC.  Each of

these claims is for unliquidated and contingent claims of present and retired employees

represented by the IUOE, Local 832-S for wages and benefits which may become due under a

collectively bargaining agreement between the IUOE, Local 18-S and the Debtors and related

5

benefit plans as a result of actions which may be taken pursuant to sections 1113 and 1114 of the

Bankruptcy Code or otherwise to repudiate the agreement and related benefit plans.

          12.      On July 31, 2006, the IAM filed proof of claim number 13863 against

Delphi Corporation and proof of claim number 14334 against DAS LLC, with each claim

asserting (a) $114,072.00 for a pending grievance, (b) any amounts owed under the collective

bargaining agreement between the IAM and the Debtors that would be reduced pursuant to

section 1113 of the Bankruptcy Code or otherwise, and (c) claims on behalf of retirees it

represents for any amounts owed under applicable pension or benefit plans which are reduced

pursuant to section 1114 of the Bankruptcy Code or otherwise, including but not limited to any

reduction in pension, health insurance, or life insurance benefits.

          13.      On July 31, 2006, the IBEW filed proof of claim number 13875 against

Delphi Corporation and proof of claim number 14350 (together with proofs of claim numbers

13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 15071, and 15075, the "Union

Claims") against DAS LLC, with each claim asserting (a) $1,605,198.08 and $66,897.00 for

pending grievances, (b) any amounts owed under the collective bargaining agreement between

the IBEW and the Debtors that would be reduced pursuant to section 1113 of the Bankruptcy

Code or otherwise, and (c) amounts owed under applicable collectively bargaining agreements

that would be reduced pursuant to section 1113 of the Bankruptcy Code or otherwise, including

but not limited to wages, other compensation and benefits, future retiree benefits, and pension

benefits owed to employees.

          14.      <u>The Debtors' Objection To The Union Claims</u>.  On June 22, 2009, the

Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain

6

Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual

Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation

Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II)

Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And

(C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow

Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182)

(the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to each Union

Claim on the grounds that such claims were waived pursuant to certain settlement agreements

between the Debtors and each of the IUOE, the IBEW, and the IAM, respectively, and that such

waivers would become effective upon the consummation of a confirmed plan of reorganization

of the Debtors.  Accordingly, the Debtors requested entry of an order disallowing and expunging

each Union Claim as of the consummation of the Modified Plan.

        15.     The Responses To The Debtors' Objections.  On July 16, 2009, the IUOE

filed its Response of IUOE Locals 18S, 101S, 832S To Debtors' Thirty-Fourth Omnibus Claims

Objection (Docket No. 18332).  In its response, the IUOE asserts that its claims had not been

waived because, as of the date of the Thirty-Fourth Omnibus Claims Objection, the waivers in

the settlement agreement between the IUOE and the Debtors had not yet become effective

because the Modified Plan had not yet been substantially consummated.  In addition, the IUOE

asserts that the settlement agreement between the IUOE and the Debtors do not provide for a

waiver of the right to assert claims for the failure to pay future pension benefits.

        16.     On July 16, 2009, the IAM and the IBEW filed the Response Of IBEW

And IAM to Debtor's Thirty Fourth Omnibus Claims Objection (Docket No. 18333) and the

Corrected Response Of IBEW And IAM to Debtor's Thirty Fourth Omnibus Claims Objection

(Docket No. 18334).  In their response, the IAM and the IBEW assert that the waiver in the

settlement agreements between each of the IAM and the IBEW and the Debtors does not waive

the right to assert claims for the failure to pay future pension benefits

      17.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Union Claims was adjourned to a

future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing

Notice with respect to the Union Claims, scheduling the Sufficiency Hearing.

D.    <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

      18.    The Reorganized Debtors respectfully submit that the Proofs of Claim fail

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The IUOE, the IBEW, and the IAM have not proved any

facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.

Accordingly, the Debtors' objections to each Union Claims should be sustained with respect to

such proof of claim and each Union Claim should be disallowed and expunged in its entirety.

      19.    The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re</u>

<u>Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In</u>

<u>re Allegheny Intern., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113

8

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

        20.     For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

        21.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.      Argument Regarding The Union Claims.

            22.    As described in the Thirty-Fourth Omnibus Claims Objection, The

Debtors entered into three settlement agreements with the IUOE, two settlement agreements with

the IBEW, and one settlement agreement with the IAM (collectively, the "IUOE, IBEW, and

IAM Settlement Agreements").  The IUOE, IBEW, and IAM Settlement Agreements, copies of

which are attached to, and approved by, the Order Under 11 U.S.C. §§ 363, 1113, And 1114 And

Fed. R. Bankr. P. 6004 And 9019 Approving (I) Memoranda Of Understanding Among IUOE,

IBEW, IAM, Delphi, And General Motors Corporation Including Modification Of IUOE, IBEW,

And IAM Collective Bargaining Agreements And Retiree Welfare Benefits For Certain IUOE,

IBEW, And IAM-Represented Retirees And (II) Modification Of, And Term Sheet Regarding,

Retiree Welfare Benefits For Certain Non-Represented Hourly Active Employees And Retirees

(the "IUOE, IBEW, And IAM 1113/1114 Settlement And Retiree Benefit Approval Order")

(Docket No. 9107) entered by this Court on August 16, 2007, all provide, in relevant part:

> On the [E]ffective [D]ate . . . the [IUOE/IBEW/IAM], all employees and former
> employees of Delphi represented or formerly represented by the
> [IUOE/IBEW/IAM], and all persons or entities with claims derived from or
> related to any relationship with such employees or former employees of Delphi,
> shall waive and release and be deemed to have waived and released any and all
> claims of any nature, whether liquidated or unliquidated, contingent or non-
> contingent, asserted or unasserted, existing and/or arising in the future against
> Delphi, its subsidiaries, or affiliates . . . and the officers, directors, employees,
> fiduciaries, and agents of each, arising directly or indirectly from or in any way
> related to any obligations under the collective bargaining agreements between
> Delphi and the [IUOE/IBEW/IAM] and between GM and the [IUOE/IBEW/IAM]
> related to such employees . . . .

IUOE, IBEW, And IAM 1113/1114 Settlement And Retiree Benefit Approval Order ¶¶ 9(a),
11(a), and 13(a).

            23.    Pursuant to the IUOE, IBEW, and IAM Settlement Agreements, the IUOE,

the IBEW, and the IAM and all of their members have agreed to waive and release, upon the

effective date of the Modified Plan, all claims arising from the respective collective bargaining

agreements between the Debtors and each of the IUOE, the IBEW, and the IAM.

24.    In their responses to the Thirty-Fourth Omnibus Claims Objection, each of

the IUOE, IBEW, and IAM argue that the waivers in the IUOE, IBEW, and IAM Settlement

Agreements do not apply to claims asserting vested pension benefits.  In this Supplemental

Reply, the Reorganized Debtors assert that to the extent that the Union Claims assert liabilities

for anything other than vested pension benefits, the the substantial consummation of the

Modified Plan and the occurrence of the Effective Date has triggered the waivers in the IUOE,

IBEW, and IAM Settlement Agreements and that each Union Claim should be disallowed and

expunged in its entirety.

25.    To the extent that the Union Claims assert liabilities for pension benefits,

the Reorganized Debtors assert that such claims should be disallowed and expunged in their

entirety because, the Pension Plans were terminated by the PBGC as of July 31, 2009.  Upon

termination the Pension Plan, such claims may not be asserted by plan participants because,

under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§§ 1301 et seq., the PBGC is the sole entity entitled to assert pension claims against employers

for pension plan underfunding and participants have no right to make claims against their

employers for benefits under terminated plans.  See 29 U.S.C. § 1362; see also United

Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of

Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In

re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998); In re Adams Hard Facing Co.,

129 B.R. 662 (W.D. Okla. 1991).

11

26.     In their responses, the IUOE, IBEW, and IAM attempt to distinguish the

Sixth Circuit's ruling in United Steelworkers by citing the unreported decision in Local No. 1654,

Int'l Brotherhood of Electrcial Workers, AFL-CIO v. L.G. Philips Display Components Co., 137

Fed. Appx. 776 (6th Cir. 2005), in which the Sixth Circuit noted that claims involving rights

created by collective bargaining agreements are governed by the Labor Management Relations

Act (the "LMRA") and that such claims can be maintained under section 301 of the LMRA

Local No. 1654, 137 Fed. Appx. At 778.  However, the Union Claims do not state any such

claims arising under section 301 of the LMRA.  To the extent that the IUOE, IBEW, and IAM

cannot state a claim under section 301 of the LMRA, those claimants have not met their burden

of proof to establish a claim against the Debtors.

27.     None of the IUOE, IBEW, and IAM, in their Proofs of Claim or in their

responses to the Debtors' objection to their Proofs of Claim, have proved any set of facts that

support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized

Debtors assert that (a) those claimants have not met their burden of proof to establish a claim

against the Debtors, (b) the Union Claims are not entitled to a presumption of prima facie

validity pursuant to Bankruptcy Rule 3001(f), and (c) the Union Claims fail to state a claim

against the Reorganized Debtors under Bankruptcy Rule 7012.  Because the IUOE, IBEW, and

IAM cannot provide facts or law supporting their claims, the Thirty-Fifth Omnibus Claims

Objection should be sustained as to each Union Claim and each such claim should be disallowed

and expunged in its entirety.

12

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections with respect to the Union Claims, (b) disallowing and

expunging each Union Claim in its entirety, and (c) granting such further and other relief this

Court deems just and proper.


Dated:      New York, New York
            December 8, 2009
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP


                                        By:  /s/ John Wm. Butler, Jr.
                                             John Wm. Butler, Jr.
                                             John K. Lyons
                                             Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                             - and -


                                        By:  /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., et al.,
                                            Reorganized Debtors

# EXHIBIT F

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                              :
     In re                         :     Chapter 11
                                :
DPH HOLDINGS CORP., et al.,     :     Case Number 05-44481 (RDD)
                                :
                                :     (Jointly Administered)
            Reorganized Debtors.     :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOF OF CLAIM
NOS. 10570 AND 10571 FILED BY TK HOLDINGS INC., AUTOMOTIVE SYSTEMS,
INC., AND TAKATA SEAT BELTS, INC., (B) PROOF OF CLAIM NO. 10964 FILED
BY TK HOLDINGS INC., (C) PROOF OF CLAIM NOS. 10965 AND 10968 FILED BY
TAKATA CORPORATION, AND (D) PROOF OF CLAIM NOS. 10966 AND 10967
<u>FILED BY HIGHLAND INDUSTRIES, INC.</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN
CONTINGENT REJECTION DAMAGES CLAIMS")

1

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To (A) Proof Of Claim Nos. 10570 And 10571 Filed By Tk

Holdings Inc., Automotive Systems, Inc., And Takata Seat Belts, Inc., (B) Proof Of Claim No.

10964 Filed By Tk Holdings Inc., (C) Proof Of Claim Nos. 10965 And 10968 Filed By Takata

Corporation, And (D) Proof Of Claim Nos. 10966 And 10967 Filed By Highland Industries, Inc.

(the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.      The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

3

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.    Relief Requested

7.    By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain proofs of claim filed by certain counterparties to

contracts with the Debtors asserting contingent contract rejection damages for contracts that the

Debtors did not reject pursuant to section 365 of the Bankruptcy Code.

C.    Contingent Rejection Damages Claims

8.    During their review of the proofs of claim filed in these cases, the Debtors

determined that certain proofs of claim filed by certain counterparties to contracts with the

Debtors asserted contingent damages in the event that such contract or contracts would be

rejected by the Debtors pursuant to section 365 of the Bankruptcy Code.  Because the Modified

Plan has been substantially consummated and the Debtors have not rejected the contracts upon

which these claims are based, the Reorganized Debtors believe that the claimants asserting these

proofs of claim are not creditors of the Debtors.  Accordingly, this Court should enter an order

disallowing and expunging each such proof of claim in its entirety.

9.    The Contingent Rejection Damages Claims Filed Against The Debtors.

On July 25, 2005, TK Holdings Inc., Automotive Systems Inc, and Takata Seat Belts, Inc.

(collectively, "TK Holdings") filed proof of claim number 10570 against Delphi Corporation and

proof of claim number 10571 against Delphi Technologies Inc. ("DTI"), a Debtor in these cases,

with each proof of claim asserting contingent, unliquidated, and undetermined amounts that

would arise in the event that the Debtors rejected a certain patent cross-license agreement dated

November 22, 2004 between TK Holdings and each of Delphi Corporation and DTI.

4

10.     On July 26, 2005, TK Holdings Inc. filed proof of claim number 10964 against DTI asserting contingent, unliquidated, and undetermined amounts against DTI with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain license agreement dated November 12, 2001 between TK Holdings Inc. and DTI.

11.     On July 26, 2005, Takata Corporation ("Takata") filed proof of claim number 10965 against DTI and proof of claim number 10968 against Delphi Corporation, with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain patent cross-license agreement dated October 24, 2003 and certain patent sub-licenses between Takata and each of Delphi Corporation and DTI.

12.     On July 26, 2005, Highland Industries, Inc. ("Highland Industries") filed proof of claim number 10966 against DTI and proof of claim number 10967 (together with proofs of claim numbers 10570, 10571, 10964, 10965, and 10968, the "Contingent Rejection Damages Claims") against Delphi Corporation, with each proof of claim asserting contingent, unliquidated, and undetermined amounts that would arise in the event that the Debtors rejected a certain airbag fabric agreement dated January 15, 2004 between Highland Industries and each of Delphi Corporation and DTI.

13.     The Debtors' Objection To The Contingent Rejection Damages Claims. On November 2, 2006, the Debtors filed the Third Omnibus Claims Objection, by which the Debtors objected to proofs of claim numbers 10570, 10964, 10965, 10966, and 10967 as protective claims and sought an order disallowing and expunging each of those proofs of claim.

5

14.     On May 30, 2007, the Debtors filed the Fourteenth Omnibus Claims Objection, by which the Debtors objected to proofs of claim numbers 10571 and 10968 as duplicative claims and sought an order disallowing and expunging each of those proofs of claim.

15.     Contract Counterparties' Responses To The Debtors' Objections.  On November 21, 2006, TK Holdings filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc., Automotive Systems Laboratory, Inc. And Takata Seat Belts Inc. (Claim No. 10570) (Docket No. 5643), in which TK Holdings asserts that disallowance of proof of claim number 10570 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

16.     On June 15, 2007, TK Holdings filed the Response To Debtors' Fourteenth Omnibus Claims Objection By TK Holdings Inc., Automotive Systems Laboratory, Inc. And Takata Seat Belts Inc. (Claim No. 10571) (Docket No. 8267), in which TK Holdings asserts that disallowance of proof of claim number 10571 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

17.     On November 21, 2006, TK Holdings Inc. filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc. (Claim No. 10964) (Docket No. 5636), in which TK Holdings Inc. asserts that disallowance of proof of claim number 10964 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

18.     On November 21, 2006, Takata filed the Response To Debtors' Third Omnibus Claims Objection By Takata Corporation (Claim No. 10965) (Docket No. 5641), in which Takata asserts that disallowance of proof of claim number 10965 is premature until the

Debtors determine whether they will assume or reject the executory contract underlying the claim.

19.     On June 15, 2007, Takata filed the Response To Debtors' Fourteenth Omnibus Claims Objection By Takata Corporation. (Claim No. 10968) (Docket No. 8268), in which TK Holdings asserts that disallowance of proof of claim number 10968 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claim.

20.     On November 21, 2006, Highland Industries filed the Response To Debtors' Third Omnibus Claims Objection By TK Holdings Inc. (Claim Nos. 10966 & 10967) (Docket No. 5642), in which Highland asserts that disallowance of proofs of claim numbers 10966 and 10967 is premature until the Debtors determine whether they will assume or reject the executory contract underlying the claims.

21.     The Sufficiency Hearing Notice.  Pursuant to the Claims Objection Procedures Order, the hearing on the Contingent Rejection Damages Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Contingent Rejection Damages Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

22.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The claimants asserting the Contingent Rejection Damages Claims have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each Contingent Rejection

7

Damages Claim should be sustained with respect to such proofs of claim and each Contingent

Rejection Damages Claim should be disallowed and expunged in its entirety.

23.     The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re

Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make prima facie case).

24.     For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

25.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The Contingent Rejection Damages Claims.

26.    Each Contingent Rejection Damages Claims is a contingent claims in which the contingent event would be the Debtors' rejection pursuant to section 365 of the Bankruptcy Code of the executory contracts referenced in each such Proof of Claim.  As noted above, the Modified Plan has been substantially consummated and the Debtors did not reject any of the contracts referenced in the Contingent Rejection Damages Claims.

27.    None of the parties asserting the Contingent Rejection Damages Claims, in their Proofs of Claim or in their responses to the Debtors' objection to their Proofs of Claim, have proved any set of facts that support a right to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors assert that (a) those claimants have not met their burden of proof to establish a claim against the Debtors, (b) the Contingent Rejection Damages Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Rejection Damages Claims fail to state a claim against the Reorganized

9

Debtors under Bankruptcy Rule 7012.  Because the claimants asserting the Contingent Rejection

Damages Claims cannot provide facts or law supporting their claims, the Third Omnibus Claims

Objection and the Fourteenth Omnibus Claims Objection should be sustained as to each

Contingent Rejection Damages Claim and each such claim should be disallowed and expunged

in its entirety.

            WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections with respect to the Contingent Rejection Damage Claims, (b)

disallowing and expunging each ontingent Rejection Damage Claim in its entirety, and (c)

granting such further and other relief this Court deems just and proper.


Dated:      New York, New York
            December 8, 2009
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                        By:   /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr.
                                            John K. Lyons
                                            Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                            - and -

                                        By:   /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., al.,
                                          Reorganized Debtors

10

# EXHIBIT G

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
       In re                      :     Chapter 11
                            :
DPH HOLDINGS CORP., et al.,   :     Case Number 05-44481 (RDD)
                            :
                            :     (Jointly Administered)
        Reorganized Debtors.     :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOF OF CLAIM
NO. 6468 FILED BY BARBARA BURGER, (B) PROOF OF CLAIM NO. 13464
FILED BY PAUL PICKLES, (C) PROOF OF CLAIM NO. 14751 FILED
BY HUBERT NOEL MORGAN, AND (D) PROOF OF CLAIM NO. 16175
<u>FILED BY PATRICIA C. WEINMAN</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN PENSION, BENEFIT, AND OPEB CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To (A) Proof Of Claim No. 6468 Filed By Barbara Burger,

(B) Proof Of Claim No. 13464 Filed By Paul Pickles, (C) Proof Of Claim No. 14751 Filed By

Hubert Noel Morgan, And (D) Proof Of Claim No. 16175 Filed By Patricia C. Weinman (the

"Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the

"Sufficiency Hearing Notice").

       4.     The Reorganized Debtors filed the Sufficiency Hearing Notice and are

filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.

9.6(a).

       5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No.

18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to

address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to

the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim

against the asserted Debtor.

       6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection</u>

<u>Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

3

<u>Supplemental Reply, the Claimant shall file and serve its response no later than two business</u>

<u>days before the scheduled Sufficiency Hearing – i.e., by</u> **December 16, 2009.**

B.    <u>Relief Requested</u>

       7.    By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain proofs of claim filed by employees of the Debtors or a

spouse of an employee of the Debtors asserting pension, employment benefit, and other post-

employment benefit ("OPEB") claims that have not yet accrued.

C.    <u>Pension, Benefit, and OPEB Claims</u>

       8.    During their review of the proofs of claim filed in these cases, the

Reorganized Debtors also determined that certain Proofs of Claim assert liabilities or dollar

amounts in connection with pension plans, employee benefit programs, and/or OPEB that are not

owing pursuant to the Reorganized Debtors' books and records.  Because the amounts asserted

by these claimants are not owing by the Debtors, the Reorganized Debtors believe that the parties

asserting these proofs of claim are not creditors of the Debtors.  Accordingly, this Court should

enter an order disallowing and expunging each of these proofs of claim in their entirety.

       9.    <u>Pension, Benefit, And OPEB Claims Filed Against The Debtors</u>.  On May

22, 2006, Barbara Burger, a former salaried employee of the Debtors, filed a proof of claim

number 6468 asserting an unidentified claim in an unliquidated amount against Delphi

Corporation.  Ms. Burger attached her Delphi 2006 Options Enrollment Confirmation Statement

for 2006, a statement of her intent to retire, and an authorization of monthly benefits, dated July

21, 2002.

       10.    On July 31, 2006, Paul Pickles, a salaried employee of the Debtors, filed a

proof of claim number 13464 asserting an unsecured non-priority claim in the amount of

4

$300,000.00 against Delphi Corporation. Mr. Pickles asserts that the decline of Delphi

Corporation stock and potential loss of his pension gave rise to his claim.

11.     On July 31, 2006, Hubert Noel Morgan, a salaried employee of the

Debtors, filed a proof of claim number 14751 asserting an unsecured non-priority claim in the

amount of $976,000.00 against Delphi Corporation. Mr. Morgan asserted that loss of retirement

medical benefits, pension obligation, and other potential losses gave rise to his $976,000.00

claim, of which he asserts $20,000.00 is a priority claim.

12.     On August 9, 2006, Patricia C. Weinmann, the former spouse of an

employee of the Debtors, filed a proof of claim number 16175 (together with proofs of claim

numbers 6468, 13464, and 14751, the "Pension, Benefit, and OPEB Claims") asserting an

unsecured non-priority claim in an unliquidated amount against Delphi Corporation. Ms

Weinmann asserted that her claim arose from retiree benefits.

13.     The Debtors' Objections To The Pension, Benefit, And OPEB Claims. On

June 27, 2008 the Debtors filed the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C.

§ 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C)

Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely

Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus

Claims Objection"). In the Thirtieth Omnibus Claims Objection the Debtors objected to proof of

claim number 16175 filed by Patricia C. Weinmann on the grounds that it asserts dollar amounts

and liabilities not reflected on the Debtors' books and records and sought an order disallowing

and expunging proof of claim number 16175.

14.     On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus

Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A)

Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C)

Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain

Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim,

And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State

Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting

Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow

Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by

which the Debtors objected to proofs of claim numbers 13464 and 14751 filed by Paul Pickles

and Hubert Noel Morgan, respectively, on the grounds that such proofs of claims asserted dollar

amounts and liabilities for pension, employment, and other post-retirement benefits that were not

reflected on the Debtors' books and records and sought entry of an order disallowing and

expunging those proofs of claim.

    15.  On August 21, 2009, the Debtors filed the Debtors' Thirty-Fifth Omnibus

Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A)

Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage

And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records

Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth

Omnibus Claims Objection"), by which the Debtors objected to proof of claim number 6468

filed by Barbara Burger on the grounds that Ms. Burger's proof of claim asserted dollar amounts

and liabilities for pension, employment, and other post-retirement benefits that were not reflected

on the Debtors' books and records and sought entry of an order disallowing and expunging that

proof of claim.

16.     <u>Responses To The Debtors' Objections</u>.  On July 24, 2008, Patricia C.
Weinmann filed Creditor Patricia C. Weinmann's Response to Debtors' Thirtieth Omnibus
Objection Omnibus Objection Pursuant to 11 U.S.C. §502(b) and Fed. R. Bankr. P. 3007 to
Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented
Claim, (D) Books and Records Claims, (E) Untimely Claim, and (F) Claims Subject to
Modification (Docket No. 13976).  In her response, Ms Weinmann asserts that her consent
judgment of divorce entitles her to the entire pension of her former spouse, Ronald K. Weinmann.

17.     On July 15, 2009, Hubert Noel Morgan filed his Response To The Thirty-
Fourth Claims Objection (Docket No. 18247), in which he asserts that he is entitled to 100% of
his pension benefits and salaried OPEB.

18.     On July 21, 2009, Paul Pickles filed his letter response to Thirty-Fourth
Omnibus Claims Objection (Docket No. 18561), in which he asserts that he is entitled to
$300,000.00 for loss of health and life insurance as well as additional undetermined amounts for
lost pension that he referenced in his proof of claim.

19.     On September 9, 2009, Barbara Burger filed the Response and Objection
To The Thirty-Fifth Omnibus Claims Objection Order (Docket No. 18894), in which she asserts
that the disallowance and expungement of her Proof of Claim would be discriminatory to all
salaried employees and retirees of Delphi Corporation, because similar claims asserted by
employees represented by the United Auto Workers would not be expunged for the same reason.
Ms Burger further asserts that she is owed $587,782.00 for life-time retiree benefits.

20.     <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection
Procedures Order, the hearing on the Debtors' objection to the Pension, Benefit, and OPEB
Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed

7

the Sufficiency Hearing Notice with respect to the Pension, Benefit, and OPEB Claims, among

other proofs of claim, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

21.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The claimants asserting the Pension, Benefit, and OPEB

Claims have not proved any facts to support a right to payment by the Reorganized Debtors on

behalf of the Debtors.  Accordingly, the Debtors' objections to each Pension, Benefit, and OPEB

Claim should be sustained with respect to each such proof of claim and each Pension, Benefit,

and OPEB Claims should be disallowed and expunged in its entirety.

22.     The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re

Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

8

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make prima facie case).

23.     For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

24.     This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.     Argument Regarding Pension, Benefit, And OPEB Claims Asserting Claims For Pension
       Benefits.

25.     In their Proofs of Claim and responses to the Debtors' objection to those

claims, Mss. Weinman and Burger and Messrs. Morgan and Pickles have not proved any set of

facts that support a right to payment from the Reorganized Debtors or address the Debtors'

arguments as set forth in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus

Claims Objection, and the Thirty-Fifth Omnibus Claims Objection supporting the Debtors'

request for this Court to enter an order disallowing and expunging the Pension, Benefit, and

OPEB Claims.

26.     As set forth in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth

Omnibus Claims Objection, and the Thirty-Fifth Omnibus Claims Objection, proofs of claim

asserting liabilities or dollar amounts in connection with the Delphi Hourly-Rate Employees

Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic

Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-

Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-

Bargaining Retirement Plan (together, the "Pension Plans") are not enforceable against the

Debtors or property of the Debtors for the purposes of section 502(b)(1) of the Bankruptcy Code

because the Pension Plans are separate legal entities distinct from the Debtors' estates.  See In re

Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined

benefit pension plan and trust holding assets of plan are separate and distinct legal entities and

thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The

Pension Plans – not the Debtors – are obligated to pay benefits to Pension Plan participants, so

any Claims arising from the Pension Plans must be asserted against the Pension Plans rather than

the Debtors.

27.     In addition, the Pension Plans were terminated by the Pension Benefit

Guaranty Corporation (the "PBGC") as of July 31, 2009.  Under the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq., the PBGC has

the sole and total right to recover against employers for pension plan underfunding and

participants have no right to make claims against their employers for benefits under terminated

10

plans.  See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52

F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome

Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr.

M.D. Tenn. 1998); In re Adams Hard Facing Co., 129 B.R. 662 (W.D. Okla. 1991).

        28.      Argument Regarding Pension, Benefit, And OPEB Claims Asserting

Claims For Salaried OPEB.  The Proofs of Claim of Mss. Weinman and Burger and Messrs.

Morgan and Pickles should be disallowed and expunged to the extent they assert liabilities or

dollar amounts on account of salaried OPEB, as this Court has previously determined that the

Debtors' Salaried OPEB was not vested and was provided on an at will basis.  See Final Order

Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Debtors' Authority to

Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-

Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and

Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion

Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448).

        29.      The cancellation of a benefit provided on an at will basis does not give rise

to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no

"right to payment."  See, e.g., In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y.

Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance

benefits that exceeded amounts owed under amended severance plan, reasoning that because old

severance plan was terminable at will, claims under old severance plan were not enforceable); In

re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that

terminating plans which are terminable at will gave rise to no claims whatsoever).

30.	Accordingly, the Reorganized Debtors assert that (a) the claimants asserting Pension, Benefit, and OPEB Claims have not met their burden of proof to establish a claim against the Debtors, (b) the Pension, Benefit, and OPEB Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Pension, Benefit, and OPEB Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because the claimants asserting the Pension, Benefit, and OPEB Claims cannot provide facts or law supporting their claims, the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, and the Thirty-Fifth Omnibus Claims Objection should be sustained as to the Pension, Benefit, and OPEB Claims; and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Pension, Benefit, and OPEB Claims, (b) disallowing and expunging each Pension, Benefit, and OPEB Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          December 8, 2009

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP


By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606


        - and -


By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York 10036


Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

# EXHIBIT H

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

        In re                    :     Chapter 11
                                  :
DPH HOLDINGS CORP., et al.,    :     Case Number 05-44481 (RDD)
                                  :
                                  :     (Jointly Administered)
          Reorganized Debtors.    :
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF
CLAIM NOS. 15513, 15515, 15519, 15520, 15521, 15524, AND 15532
FILED BY JOHNSON CONTROLS, INC. AND AFFILIATES

("SUPPLEMENTAL REPLY REGARDING
CERTAIN CONTINGENT BREACH OF CONTRACT CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To Proofs Of Claim Nos. 15513, 15515, 15519, 15520, 15521,

15524, And 15532 Filed By Johnson Controls, Inc. And Affiliates (the "Supplemental Reply"),

and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.    By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.    This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

<u>Supplemental Reply, the Claimant shall file and serve its response no later than two business</u>

<u>days before the scheduled Sufficiency Hearing – i.e., by</u> **December 16, 2009.**

B.    <u>Relief Requested</u>

      7.    By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain proofs of claim filed by Johnson Controls, Inc. and

certain of its affiliates asserting contingent claims for potential breaches of contracts with the

Debtors.

C.    <u>Contingent Breach Of Contract Claims</u>

      8.    During their review of the proofs of claim filed in these cases, the Debtors

determined that certain proofs of claim that were filed by Johnson Controls, Inc. and certain

affiliates ("JCI") asserting a breach of contract claim that is not owing pursuant to the

Reorganized Debtors' books and records.  The Reorganized Debtors believe that JCI is not a

creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and

expunging each such proof of claim in its entirety.

      9.    <u>The Contingent Breach of Contract Claims Asserted Against The Debtors</u>.

On July 31, 2009, Johnson Controls Battery Group, Inc. filed proof of claim number 15513

against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, in an

unliquidated amount based on existing or future breach of (a) a Sale, Purchase and Transfer

Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Battery

Group, Inc. and DAS LLC and (b) an Assignment and Assumption Agreement dated June 30,

2005 between Johnson Controls Battery Group, Inc. and DAS LLC.

      10.    On July 31, 2009, Johnson Controls Battery Group, Inc. filed proof of

claim number 15515 against Delphi Technologies Inc. ("DTI"), a Debtor in these cases, in an

unliquidated amount based on existing or future breach of (a) a Sale, Purchase and Transfer

4

Agreement of Certain Battery Assets dated May 26, 2005 between Johnson Controls Battery

Group, Inc. and DTI and (b) an Interim Trademark License Agreement dated June 30, 2005

between Johnson Controls Battery Group, Inc. and DTI.

11.    On July 31, 2009, Johnson Controls Technology Company filed proof of

claim number 15519 against DAS LLC in an unliquidated amount based on existing or future

breach of a Sale, Purchase and Transfer Agreement of Certain Battery Assets dated May 26,

2005 between Johnson Controls Technology Company and DAS LLC.

12.    On July 31, 2009, Johnson Controls Technology Company filed proof of

claim number 15520 against Delphi Corporation in an unliquidated amount based on existing or

future breach of Interim Trademark License Agreement between Johnson Controls Technology

Company and Delphi Corporation.

13.    On July 31, 2009, Johnson Controls Technology Company filed proof of

claim number 15521 against DTI in an unliquidated amount based on existing or future breach of

(a) a Sale, Purchase and Transfer Agreement of Certain Battery Assets dated May 26, 2005

between Johnson Controls Technology Company and DTI, (b) a Trademark License Agreement

dated May 16, 2005 between Johnson Controls Technology Company and DTI, and (c) an

Agreement Regarding Trademark Licenses dated June 30, 2005 between Johnson Controls

Technology Company and DTI.

14.    On July 31, 2009, Johnson Controls, Inc. – Automotive Group filed proof

of claim number 15524 against Delphi Corporation in an unliquidated amount based on existing

or future breach of agreements between JCI and Delphi Corporation.

15.    On July 31, 2009, Johnson Controls, Inc. – Automotive Group filed proof

of claim number 15532 (together with proofs of claim numbers 15513, 15515, 15519, 15520,

15521, 15524, and 15532, the "Contingent Breach of Contract Claims") against Delphi

Mechatronic in an unliquidated amount based on existing or future breach of agreements

between JCI and Delphi Mechatronic.

16.    The Debtors' Objections To the Contingent Breach of Contract Claims.

On May 22, 2007, the Debtors filed the Debtors' Fourteenth Omnibus Objection (Procedural)

Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate or

Amended Claims and (B) Protective Claims (Docket No. 7998) (the "Fourteenth Omnibus

Claims Objection"), by which the Debtors objected to proofs of claim numbers 15513, 15515,

15519, 15520, 15521, 15524, and 15532 on the grounds that those proofs of claim asserted

protective claims and sought an order disallowing and expunging those proofs of claim.

17.    JCI's Responses To The Debtors' Objections.  On June 19, 2007, Johnson

Controls, Inc. filed responses to the Fourteenth Omnibus Claims Objection (Docket Nos. 8331,

8332, 8334, 8335, 8337, 8338, and 8340), in which it asserts that the Debtors could breach, or

may have breached, the agreements underlying proofs of claim numbers 15513, 15514, 15515,

15523, 15524, 15526, and 15533 and that such breaches would give rise to claims by Johnson

Controls, Inc.

18.    On June 19, 2007, JCI Technology Company filed responses to the

Fourteenth Omnibus Claims Objection (Docket Nos. 8341, 8342, and 8343), in which it asserts

that the Debtors could breach, or may have breached, the agreements underlying proofs of claim

numbers 15519, 15520, and 15521 and that such breaches would give rise to claims by JCI

Technology Company.

19.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Contingent Breach of Contract

Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed

the Sufficiency Hearing Notice with respect to the Contingent Breach of Contract Claims, among

other proofs of claim, scheduling the Sufficiency Hearing.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

        20.    The Reorganized Debtors respectfully submit that the Proofs of Claim fail

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  JCI has not proved any facts to support a right to payment

by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to

each Contingent Breach of Contract Claim should be sustained with respect to each such proof of

claim and each Contingent Breach of Contract Claims should be disallowed and expunged in its

entirety.

        21.    The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re

Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered <u>prima</u> <u>facie</u> valid); <u>In re United</u>

<u>Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make <u>prima</u> <u>facie</u> case).

22.       For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'"  <u>In re Lopes</u>, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

23.       This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with <u>these Rules</u> shall constitute <u>prima</u> <u>facie</u> evidence of the validity and amount

of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.       <u>Argument Regarding The Contingent Breach of Contract Claims.</u>

24.       To the Reorganized Debtors' knowledge, no breach of contract has

occurred that would trigger a claim under the contracts upon which the Contingent Breach of

Contract Claims are based.  JCI, in its proofs of claim and its responses to the Debtors' objections

to the Contingent Breach of Contract Claims, has not proved any set of facts that support a right

8

to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) JCI has not met its burden of proof to establish a claim against the Debtors, (b) the Contingent Breach of Contract Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Breach of Contract Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because JCI cannot provide facts or law supporting its claims, the Fourteenth Omnibus Claims Objection should be sustained as to the Contingent Breach of Contract Claims and each such claim should be disallowed and expunged in its entirety.

25.    In addition, the Debtors request that this Court enter an order disallowing and expunging the Contingent Breach of Contract Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code to the extent that such claims assert contingent liabilities for indemnification from the Debtors for amounts owed to third parties.  Section 502(e)(1)(B) of the Bankruptcy Code provides that a bankruptcy court is to disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B); see also The Aetna Cas. & Sur. Co. v. Georgia Tubing Corp., 93 F.3d 56 (2d Cir. 1996) (disallowing surety bond issuer's contingent prospective subrogation claims as to bonds issued on behalf of debtor); In re Agway, Inc., 2008 WL 2827439 (Bankr. N.D.N.Y. July 18, 2008) at *3 (section 502(e)(1)(B) directs that the court "shall disallow" any claim for reimbursement or contribution to the extent that such claim is contingent at the time of disallowance).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Contingent Breach of Contract Claims, (b)

disallowing and expunging each Contingent Breach of Contract Claim in its entirety, and (c)

granting such further and other relief this Court deems just and proper.


Dated:      New York, New York
            December 8, 2009

                                SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                    - and -


                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                    Reorganized Debtors

# EXHIBIT I

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
      In re                        :     Chapter 11
                                   :
DPH HOLDINGS CORP., et al.,     :     Case Number 05-44481 (RDD)
                                   :
                                   :     (Jointly Administered)
            Reorganized Debtors.    :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF**
**SHARYL Y. CARTER TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM**
**NOS. 16849 AND 16850 FILED BY SHARYL Y. CARTER**

**("SUPPLEMENTAL REPLY REGARDING**
**SHARYL Y. CARTER'S CLAIMS")**

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Sharyl Y. Carter

To Debtors' Objections To Proofs Of Claim Nos. 16849 And 16850 Filed Sharyl Y. Carter (the

"Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the

"Sufficiency Hearing Notice").

2

4.       The Reorganized Debtors filed the Sufficiency Hearing Notice and are
filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides
that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting
to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and
making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.
9.6(a).

5.       By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)
(the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11
U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No.
18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to
address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to
the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim
against the asserted Debtor.

6.       This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the
Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection
Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this
Supplemental Reply, the Claimant shall file and serve its response no later than two business
days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

3

B.      Relief Requested

          7.      By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain proofs of claim filed by Sharyl Y. Carter.

C.      Sharyl Y. Carter's Claims

          8.      During their review of the proofs of claim filed in these cases, the Debtors

determined that proofs of claim numbers 16849 and 16850 filed by Sharyl Y. Carter assert

liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and

records.  The Reorganized Debtors believe that Ms. Carter is not a creditor of the Debtors.

Accordingly, this Court should enter an order disallowing and expunging each of proofs of claim

numbers 16849 and 16850 in its entirety.

          9.      The Carter Claims Filed Against The Debtors.  On April 28, 2009 and

May 1, 2009, Sharyl Y. Carter filed identical proofs of claim numbers 16849 and 16850,

respectively, (the "Carter Claims") against Delphi Automotive Systems LLC ("DAS LLC"), a

Debtor in these cases, asserting a claim in the total amount of $50 million plus interest.  Each

Carter Claim also states that the claim is comprised of a $50 million unsecured non-priority

claim, a $50 million unsecured priority claim, and a $50 million secured priority claim.  Attached

to each Carter Claim is a letter from Ms. Carter stating that she assumes her attorney would have

forwarded documents to this Court relating to her claim.

          10.     The Debtors' Objection To The Carter Claims.  On June 22, 2009, the

Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain

Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual

Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation

Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II)

4

Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And

(C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow

Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182)

(the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to the Carter

Claims on the grounds that such claims asserted dollar amounts and liabilities not reflected on

the Debtors' books and records and sought an order disallowing and expunging the Carter Claims.

11.    <u>Ms. Carter's Response To The Debtors' Objection</u>.  On July 20 2009,[1] Ms.

Carter filed a letter response to the Thirty-Fourth Omnibus Claims Objection (Docket No.

18457).  In her response, Ms. Carter asserts that she has been told that she does "not have any

claims, due to untimely filing for years."  Nothing in the Response provides any rational

explanation, documentation, evidence, or support for any of the claims asserted in the Carter

Claims.

12.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Carter Claims was adjourned to a

future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing

Notice with respect to the Carter Claims, among other proofs of claim, scheduling the

Sufficiency Hearing.

D.    <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

13.    The Reorganized Debtors respectfully submit that the Proofs of Claim fail

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  Ms. Carter has not proved any facts to support a right to

---

[1]    The deadline to file a response to the Thirty-Fourth Omnibus Claims Objection was July 16, 2009 at 4:00 p.m.
(Prevailing Eastern Time).  <u>See</u> Thirty-Fourth Omnibus Claims Objection, ¶ 60.

payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors'

objections to each of proofs of claim numbers 16849 and 16850 should be sustained and each of

those proofs of claim should be disallowed and expunged in its entirety.

    14.  The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re</u>

<u>Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the

claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In</u>

<u>re Allegheny Intern., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United</u>

<u>Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make <u>prima facie</u> case).

    15.  For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

        16.      This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.      Argument Regarding The Carter Claims.

        17.      Ms. Carter asserts that DAS LLC owes her $50 million plus interest

because of a disputed employment litigation claim.  The Reorganized Debtors' books and records,

however, reflect that DAS LLC does not owe any amounts to Ms. Carter.  On August 15, 2002,

Ms. Carter, an employee of the Debtors since 1997 and an African-American woman, filed a

charge of discrimination with the United States Equal Employment Opportunity Commission

(the "EEOC"), claiming that Delphi Corporation discriminated against her on the basis of her

race and that it retaliated against her in violation of Title VII of the Civil Rights Act.  Ms. Carter

later asked to withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of

Right to Sue.  On June 16, Ms. Carter filed a complaint against DAS LLC with the United States

District Court for the Southern District of Ohio (the "District Court"), alleging that DAS LLC

discriminated against her on the basis of her race, sex, disability, and age, and also seeking

damages under an intentional tort theory for her alleged workplace injury. <u>Sharyl Y. Carter v.</u>

<u>Delphi Automotive Systems LLC, et al.</u>, Case No. C3-03-205 (S.D. Ohio) (the "District Court

Action"). After full discovery, DAS LLC moved for summary judgment and on March 28, 2005,

the District Court issued an opinion and judgment granting DAS LLC's summary judgment

motion in its entirety (District Court Action, Docket No. 56). On April 25, 2004, Ms. Carter

filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District

Court Action, Docket No. 58). The Debtors listed Ms. Carter's employment litigation claim on

Schedule F on the Amended and Restated Schedules of Assets and Liabilities for DAS LLC as a

contingent, unliquidated, and disputed claim against DAS LLC.

18.    The Debtors assert that the Carter Claims should be disallowed and

expunged in their entirety because in her Proofs of Claim and response to the Debtors' objection

to those claims, Ms. Carter has not proved any set of facts that support a right to payment from

the Reorganized Debtors. Nothing on the face of her proofs of claim discusses the facts

underlying the District Court Action, let alone the judgment and opinion of the District Court

dismissing her complaint. The Carter Claims filed with this Court merely make assertions of

liability without any supporting documentation.

19.    On April 12, 2006, the Bankruptcy Court entered its Order Under 11

U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3),

And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, entered by this Court on April 12, 2006 (Docket No. 3206) (the "Bar

Date Order") setting a bar date of July 31, 2006 (the "Bar Date"), for creditors to file proofs of

claim in the Debtors' chapter 11 cases. Pursuant to paragraph 3 of the Bar Date Order:

> Proofs of Claim must (i) be signed, (ii) include supporting documentation
> (or a summary if such documentation is voluminous) or an explanation as

8

> to why documentation is not available, (iii) be written in the English
> language, and (iv) be denominated in United States currency;

Bar Date Order ¶ 3 (d)

20.    Ms. Carter has not included any supporting documentation or summary of

such documentation.  Rather, Ms. Carter requests that the Debtors provide her with such

documentation or that the Debtors already have all of her information.  Although Ms. Carter has

filed numerous letters[2] with this Court, nothing in any of her letters provide any rational

explanation, documentation, evidence, or support for how she calculates her $50 million claim.

21.    Moreover, the Carter Claims were filed on April 28, 2009 and May 1,

2009 – almost three years after the Bar Date – yet Ms. Carter has not filed a motion or made any

attempt in her proofs of claim or responses to the Debtors' objections to those proofs of claims to

establish excusable neglect under the test outlined by the United States Supreme Court in Pioneer

Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  In Pioneer,

the Supreme Court held that excusable neglect is the failure to comply with a filing deadline

because of negligence.  Id. at 394.  In examining whether a creditor's failure to file a claim by the

bar date constituted excusable neglect, the Supreme Court found that the factors include "[a] the

danger of prejudice to the debtor, [b] the length of the delay and its potential impact on judicial

proceedings, [c] the reason for the delay, including whether it was within the reasonable control

of the movant, and [d] whether the movant acted in good faith."  Id. at 395.  The Second Circuit

has held the most important factor is the reason for the delay, including whether it was within the

reasonable control of the movant.  Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In

re Enron Corp.), 419 F.3d 115, 122-24 (2d Cir. 2005).

---

[2]    See Docket Nos. 17951, 17323, 14678, 14339, 14608, 13666, 13491, 9352, and 9351.

22.    As this Court has consistently ruled on motions under Bankruptcy Rule 9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing omission.  Then, a movant must show by a preponderance of the evidence that the neglect was "excusable."  <u>See</u>, <u>e.g.</u>, Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing And Expunging Proof Of Claim Number 16727, entered March 25, 2009 (Docket No. 16515) at Exh. A p. 2 (citing <u>Pioneer</u> and <u>Midland Cogeneration</u> cases).  Ms. Carter has made no attempt to prove any set of facts showing that her neglect in timely filing the Carter Claims was "excusable."

23.    Accordingly, the Reorganized Debtors assert that (a) Ms. Carter has not met her burden of proof to establish a claim against the Debtors, (b) the Carter Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Carter Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Ms. Carter cannot provide facts or law supporting her claims, the Thirty-Fourth Omnibus Claims Objection should be sustained as to the Carter Claims and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Carter Claims, (b) disallowing and expunging each Carter Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          December 8, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                          - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

# EXHIBIT J

**Hearing Date and Time:  December 18, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 16, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
            In re                                         :        Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :        Case Number 05-44481 (RDD)
                                                          :
                                                          :        (Jointly Administered)
            Reorganized Debtors.                          :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES
OF CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOFS
OF CLAIM NOS. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383,
1384, 1385, 1386, AND 1387 FILED BY AMERICAN INTERNATIONAL
GROUP, INC. AND (B) PROOFS OF CLAIM NOS. 2539 AND 6668
FILED BY RLI INSURANCE COMPANY

("SUPPLEMENTAL REPLY REGARDING CERTAIN PROTECTIVE CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized
debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")
hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain
Claimants To Debtors' Objections To (A) Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378,
1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, And 1387 Filed By American International
Group, Inc. And (B) Proofs Of Claim Nos. 2539 And 6668 Filed By RLI Insurance Company
(the "Supplemental Reply"), and respectfully represent as follows:

A.      Preliminary Statement

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates
(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court
for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-
1330, as then amended (the "Bankruptcy Code").

2.      On October 6, 2009, the Debtors substantially consummated the First
Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors
And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by
this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from
chapter 11 as the Reorganized Debtors.

3.      On November 18, 2009, the Reorganized Debtors filed the Notice Of
Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,
1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,
6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,
12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,
15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

2

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.    By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.    This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

3

Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **December 16, 2009.**

B.      Relief Requested

        7.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging (a) certain proofs of claim filed by American International Group, Inc. and related entities ("AIG") and (b) certain proofs of claim filed by RLI Insurance Company ("RLI").

C.      AIG Claims

        8.      During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by AIG assert contingent liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.  The Reorganized Debtors believe that AIG is not a creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each proof of claim filed by AIG in its entirety.

        9.      The AIG Claims Filed Against The Debtors.  On December 29, 2005, AIG filed proofs of claim numbers 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, and 1387 (collectively, the "AIG Claims"), with each such claim asserting unliquidated amounts against certain Debtors arising from (a) insurance policies between AIG and those Debtors, including without limitation surety, casualty domestic, property, program, starr excess, property domestic, and other coverages (the "AIG Insurance Program") and (b) various surety, fidelity, and other bonds issued by AIG to the Debtors (the "AIG Bonds").

        10.     The AIG Claims were asserted against the following Debtors:

4

| Proof of Claim No. | Debtor |
|---|---|
| 1374 | Delphi Automotive Systems LLC |
| 1375 | Delphi Automotive Systems Tennessee, Inc |
| 1376 | Delphi Automotive Systems Risk Management Corp |
| 1377 | Exhaust Systems Corporation |
| 1378 | Delphi Automotive Systems Korea, Inc |
| 1379 | Delphi Automotive Systems Thailand, Inc |
| 1380 | Delphi Automotive Systems International, Inc |
| 1381 | Delphi Automotive Systems Overseas Corporation |
| 1382 | Delphi Automotive Systems (Holding), Inc |
| 1383 | Delphi Diesel Systems Corp |
| 1384 | Packard Hughes Interconnect Company |
| 1385 | Delphi Automotive Systems Services LLC |
| 1386 | Delphi Automotive Systems Global (Holding), Inc |
| 1387 | Delphi Automotive Systems Human Resources LLC |

11.    The Debtors' Objection To The AIG Claims.  On June 15, 2007, the

Debtors filed the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C.

Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And

(B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims Objection"), by which

the Debtors objected to the AIG Claims as protective claims and sought an order disallowing and

expunging each AIG Claim.

12.    AIG's Response To The Debtors' Objection.  On July 15, 2007, AIG filed

the AIG Member Companies' Response To Debtors' Sixteenth Omnibus Objection (Procedural)

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or

Amended Claims And (B) Protective Claims (Re: Proof Of Claims Nos. 1374 Through 1378) To

The Sixteenth Omnibus Claims Objection (Docket No. 8595), in which AIG asserts that the

Debtors have no basis to object to the AIG Claims as protective because the obligations owed

under the AIG Insurance Program and the AIG Bonds from which the claims arose are ongoing,

and therefore unliquidated.  According to AIG, such unliquidated claims would be resolved

5

either through the subsequent resolution of the contingent events or estimation of the claims

pursuant to section 502(c) of the Bankruptcy Code.

13.    <u>The Debtors' Motion To Estimate The AIG Claims</u>.  On September 7,

2007, the Debtors filed their Motion For Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A)

Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B)

Approving Expedited Claims Estimation Procedures (Docket No. 9297) (the "Estimation

Motion"), by which the Debtors sought entry of an order setting the maximum amount of the

liability of each AIG Claims at $0.00.

14.    <u>AIG's Response To The Estimation Motion</u>.  On September 24, 2007, AIG

filed its Counterproposal Of AIG Member Companies To Debtors Proposed Maximum Cap On

Claims (Docket No. 9560) in response to the Estimation Motion, objecting to the relief requested

by the Debtors in the Estimation Motion.

15.    <u>Stipulation Resolving AIG's Responses To Objection And Estimation

Motion</u>.  On April 8, 2008, to resolve the Estimation Motion with respect to the AIG Claims and

AIG's responses to the Estimation Motion, the Debtors and AIG entered into, and this Court

entered, the Amended And Restated Joint Stipulation And Agreed Order Compromising And

Estimating Proof Of Claim Numbers 1373, 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381,

1382, 1383, 1384, 1385, 1386 And 1387 (American International Group, Inc.) (Docket No. 1333)

(the "AIG Stipulation").  Pursuant to the AIG Stipulation, the AIG Claims are estimated in the

amount of $0.00 without prejudice to AIG's right to reassert such claims if the Debtors were to

reject the insurance policies comprising the AIG Insurance Program pursuant to section 365(a) of

the Bankruptcy Code.

16.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the AIG Claims was adjourned to a

future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing

Notice with respect to the AIG Claims, among other proofs of claim, scheduling the Sufficiency

Hearing.

D.    <u>RLI Claims</u>

17.    During their review of the proofs of claim filed in these cases, the Debtors

determined that certain proofs of claim that were filed by RLI are not owing pursuant to the

Reorganized Debtors' books and records.  The Reorganized Debtors believe that RLI is not a

creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and

expunging each proof of claim filed by RLI in its entirety.

18.    <u>RLI Claims Filed Against the Debtors</u>.  On April 3, 2006, RLI filed proof

of claim number 2359 against Delphi Corporation asserting a contingent claim in the amount of

$15.3 million arising from RLI's status a surety on U.S. Customs bonds issued to Delphi

Corporation.

19.    On May 23, 2006, RLI filed proof of claim number 6668 (together with

proof of claim number 2359, the "RLI Claims") against Delphi Mechatronic Systems, Inc.

("Delphi Mechatronic"), a Debtor in these cases, asserting a contingent claim in the amount of $2

million arising from RLI's status a surety on U.S. Customs bonds issued to Delphi Mechatronic.

20.    <u>The Debtors' Objections To The RLI Claims</u>.  On June 15, 2007, the

Debtors filed the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C.

Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Books and Records, (C) Insurance Claim Not Reflected

On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E)

7

Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims

Asserting Reclamation (the "Seventeenth Omnibus Claims Objection"), by which the Debtors

objected to proof of claim number 2539 on the grounds that it asserts dollar amounts and

liabilities not reflected on the Debtors' books and records and sought an order disallowing and

expunging proof of claim number 2539.

21.    On August 24, 2007, the Debtors filed the Debtors' Twentieth Omnibus

Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Duplicate

and Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected on

Debtors' Books and Records, (D) Untimely Claim, and (E) Claims Subject to Modification, Tax

Claims Subject to Modification, Modified Claims Asserting Reclamation, Consensually

Modified and Reduced Tort Claims, and Lift Stay Procedures Claims Subject to Modification

(the "Twentieth Omnibus Claims Objection"), by which the Debtors objected to proof of claim

number 6668 as a protective claim and sought an order disallowing and expunging that proof of

claim..

22.    RLI's Responses To The Debtors' Objections.  On July 11, 2007, RLI filed

its Claimant's Response to Debtors' Objection to Proofs Of Claim Filed By RLI Insurance

Company With Respect To The Seventeenth Omnibus Claims Objection (Docket No. 8523), in

which it asserts that as a surety on bonds that it issued Delphi Corporation, it is required to pay

bond obligations to the U.S. Customs Service on behalf of Delphi Corporation.  However, RLI

also acknowledges that, as of the date of its response, it had not paid any U.S. Customs duties on

behalf of Delphi Corporation because Delphi Corporation has consistently made payment on

such duties.

23.    On September 18, 2007, RLI filed its Claimant's Response To Debtors'
Objection To Proofs Of Claim Filed By RLI Insurance Company (Docket No. 9391), in which it
asserts that as a surety on bonds that it issued Delphi Mechatronic, it is required to pay bond
obligations to the U.S. Customs Service on behalf of Delphi Mechatronic.

24.    The Debtors' Motion To Estimate The RLI Claims.  On September 7, 2007,
the Debtors filed the Estimation Motion, by which the Debtors sought entry of an order setting
the maximum amount of the liability of each RLI Claim at $0.00.  RLI did not file a response to
the Estimation Motion and on September 28, 2007, this Court entered the Order Pursuant To 11
U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent
Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket
No. 9685), pursuant to which the maximum amount of each RLI Claim was set in the amount of
$0.00.  Estimation Order Exh. A, page 7.

25.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection
Procedures Order, the hearing on the Debtors' objection to the RLI Claims was adjourned to a
future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing
Notice with respect to the RLI Claims, among other proofs of claim, scheduling the Sufficiency
Hearing.

E.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

26.    The Reorganized Debtors respectfully submit that the Proofs of Claim fail
to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules").  Neither AIG nor RLI have proved any facts to support a
right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the
Debtors' objections to each AIG Claim and RLI Claim should be sustained with respect to such

proof of claims and each AIG Claim and RLI Claim should be disallowed and expunged in its entirety.

27.    The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim do not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Intern., Inc.</u>, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

28.    For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

10

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

29.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

F.    Argument Regarding The AIG Claims And The RLI Claims

30.    Argument Regarding The AIG Claims.  To the Reorganized Debtors' knowledge, no event has occurred that would trigger a claim under the AIG Insurance Program or the AIG Bonds.  Moreover, pursuant to the AIG Stipulation, AIG has agreed that the maximum amount of each AIG Claim is $0.00 without prejudice to AIG's right to reassert such claims if the Debtors were to reject the insurance policies that comprise the AIG Insurance Program pursuant to section 365(a) of the Bankruptcy Code.  As noted above, the Modified Plan has been substantially consummated and the Debtors did not reject any of the insurance policies that comprise the AIG Insurance Program.

31.    AIG, in its Proofs of Claim and its response to the Debtors' objection  to the AIG Claims, has not proved any set of facts that support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) AIG has not met its burden of proof to establish a claim against the Debtors, (b) the AIG Claims are not entitled to a

11

presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the AIG

Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.

Because AIG cannot provide facts or law supporting its claims, the Sixteenth Omnibus Claims

Objection should be sustained as to the AIG Claims and each such claim should be disallowed

and expunged in its entirety.

        32.     Argument Regarding The RLI Claims.  To the Reorganized Debtors'

knowledge, no contingent event has occurred that would give rise to a claim arising from RLI's

status a surety on U.S. Customs bonds issued to Delphi Corporation and to Delphi Mechatronic.

Moreover, by not filing a response to the Estimation Motion, RLI consented to the Debtors'

proposed relief requested by that motion that the maximum amount of each RLI Claim is $0.00.

        33.     RLI, in its Proofs of Claim and its response to the Debtors' objection  to

the RLI Claims, has not proved any set of facts that support a right to payment from the

Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) RLI has not met its

burden of proof to establish a claim against the Debtors, (b) the RLI Claims are not entitled to a

presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the RLI Claims

fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because RLI

cannot provide facts or law supporting its claims, the Seventeenth Omnibus Claims Objection

should be sustained as to proof of claim number 2539 and the Twentieth Omnibus Claims

Objection should be sustained as to proof of claim number 6668 and each such claim should be

disallowed and expunged in its entirety.

        34.     Disallowance Pursuant To Section 502(e)(1)(B) of the Bankruptcy Code.

In addition, the Debtors request that this Court enter an order disallowing and expunging the AIG

Claims and the RLI Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code.  Section

502(e)(1)(B) of the Bankruptcy Code provides that a bankruptcy court is to disallow any claim

for reimbursement or contribution of an entity that is liable with the debtor on or has secured the

claim of a creditor to the extent that "such claim for reimbursement or contribution is contingent

as of the time of allowance or disallowance of such claim for reimbursement or contribution."

11 U.S.C. § 502(e)(1)(B).  To the extent the AIG Claims or the RLI Claims seek subrogation or

indemnification from the Debtors for amounts owed to third parties upon the occurrence of

contingent events, then such claims should be disallowed pursuant to section 502(e)(1)(B) of the

Bankruptcy Code.  See, e.g., The Aetna Cas. & Sur. Co. v. Georgia Tubing Corp., 93 F.3d 56 (2d

Cir. 1996) (disallowing surety bond issuer's contingent prospective subrogation claims as to

bonds issued on behalf of debtor); In re Agway, Inc., 2008 WL 2827439 (Bankr. N.D.N.Y. July

18, 2008) at *3 (section 502(e)(1)(B) directs that the court "shall disallow" any claim for

reimbursement or contribution to the extent that such claim is contingent at the time of

disallowance).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a)

sustaining the objections with respect to the AIG Claims and the RLI Claims, (b) disallowing and

expunging each AIG Claim and RLI Claim in its entirety, and (c) granting such further and other

relief this Court deems just and proper.


Dated:    New York, New York
          December 8, 2009
                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP


                                    By:   /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606


                                        - and -


                                    By:   /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036


                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

14

# EXHIBIT K

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   -     x
                                               :

      In re                                 :     Chapter 11
                                           :

DPH HOLDINGS CORP., et al.,       :     Case No. 05-44481 (RDD)
                                           :

                                         :     (Jointly Administered)

          Reorganized Debtors.     :
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   -   -     x

NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITHRESPECT TO
DEBTORS' OBJECTION TO (A) PROOFS OF CLAIM NOS. 15584, 15586, 15587, AND
15595 ASSERTED BY HYUNDAI MOTOR COMPANY AND PROOFS OF CLAIM NOS.
15588, 15590, 15591, 15592, 15593, AND 15594 ASSERTED BY HYUNDAI MOTOR AMERICA,
(B) PROOF OF CLAIM NO. 5408 FILED BY GARY L. COOK, (C) PROOF OF CLAIM NO. 7269
FILED BY BOBBIE L. BURNS, (D) PROOF OF CLAIM NO. 9396  FILED BY JOAN C. LYONS ON
BEHALF OF DAVID LYONS, (E) PROOFS OF CLAIM NOS. 10835 AND 10836 FILED BY
DENNIS DASHKOVITZ, (F) PROOF OF CLAIM NO. 12251 FILED BY STEVEN D. STREETER,
(G) PROOF OF CLAIM NO. 15525 FILED BY JOHNSON CONTROLS, INC. – BATTERY GROUP,
AND (H) PROOF OF CLAIM NO. 16591 FILED BY BRADLEY A. AND BARBARA R. BENNETT

("NOTICE OF ADJOURNMENT OF SUFFICIENCY HEARING
AS TO CERTAIN PROOFS OF CLAIM")

PLEASE TAKE NOTICE that as set forth on <u>Exhibit A</u> attached hereto, Delphi

Corporation and certain of its subsidiaries and affiliates, debtor and debtors-in-possession in the

above-captioned cases (f/k/a <u>In re Delphi Corporation, et al.</u>) (collectively, the "Debtors")

objected to various proofs of claim (the "Proofs of Claim") filed by certain parties.

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors

substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the

"Modified Plan"), which had been approved by the United States Bankruptcy Court for the

Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No.

18707), and emerged from chapter 11 as DPH Holdings Corp. and its affiliated reorganized

debtors (the "Reorganized Debtors").

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan

provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing,

objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the

Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified

Plan, art. 9.6(a).

PLEASE TAKE FURTHER NOTICE that on November 18, 2009, the

Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors'

Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382,

1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835,

10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863,

13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525,

15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591,

2

16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice") scheduling a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of each of the

Proofs of Claim and whether each Proof of Claim states a colorable claim against the asserted

Debtor is hereby scheduled for December 18, 2009, at 10:00 a.m. (prevailing Eastern time) in the

United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street,

Room 118, White Plains, New York 10601-4140.

        PLEASE TAKE FURTHER NOTICE that pursuant to paragraph 9(a)(ii) of the

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)

Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order"), the Sufficiency Hearing is hereby

adjourned without date, subject to the Reorganized Debtors' right to re-notice the claimant and/or

assignee, as applicable, in accordance with the procedures set forth in the Claims Objection

Procedures Order.

Dated:    New York, New York
          December 8, 2009

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP


                                        By:   /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr.
                                            John K. Lyons
                                            Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                            - and -


                                        By:   /s/ Kayalyn A. Marafioti
                                            Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., et al.,
                                           Reorganized Debtors

# EXHIBIT A

| A | B | C | D | E | F | G | G |
|---|---|---|---|---|---|---|---|
| Proof Of Claim Number | Date Filed | Party Filing Proof Of Claim | Owner Of Claim | Asserted Amount | Omnibus Claims Objection | Date Of Omnibus Claims Objection | Debtor Named On Proof Of Claim |
| 5408 | 5/9/2006 | COOK GARY L | COOK GARY L | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 7269 | 6/1/2006 | BURNS BOBBIE L | BURNS BOBBIE L | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 9396 | 7/12/2006 | LYONS DAVID | LYONS DAVID | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 10835 | 7/25/2006 | DASHKOVITZ DENNIS | DASHKOVITZ DENNIS | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI CORPORATION |
| 10836 | 7/25/2006 | DASHKOVITZ DENNIS | DASHKOVITZ DENNIS | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 12251 | 7/28/2006 | STREETER STEVEN D | STREETER STEVEN D | $0.00 | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 16591 | 3/29/2007 | BRADLEY A BENNETT AND BARBARA R BENNETT | BRADLEY A BENNETT AND BARBARA R BENNETT | $643.64 | Twelfth Omnibus Claims Objection | 4/27/2007 | DELPHI CORPORATION |
| 15584 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI AUTOMOTIVE SYSTEMS KOREA, INC |
| 15586 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI ELECTRONICS (HOLDING) LLC |
| 15588 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELCO ELECTRONICS OVERSEAS CORPORATION |
| 15590 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI AUTOMOTIVE SYSTEMS KOREA, INC |
| 15591 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI ELECTRONICS (HOLDING) LLC |
| 15593 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELCO ELECTRONICS OVERSEAS CORPORATION |
| 15594 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI DIESEL SYSTEMS CORP |
| 15595 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Eighth Omnibus Claims Objection | 2/15/2007 | DELPHI DIESEL SYSTEMS CORP |
| 15587 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Tenth Omnibus Claims Objection | 3/16/2007 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 15592 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Tenth Omnibus Claims Objection | 3/16/2007 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 15525 | 7/31/2006 | JOHNSON CONTROLS INC BATTERY GROUP | JOHNSON CONTROLS INC BATTERY GROUP | $85,668.20 | Fifteenth Omnibus Claims Objection | 5/22/2007 | DELPHI AUTOMOTIVE SYSTEMS LLC |

# EXHIBIT L

DPH Holdings Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---------|----------|------|-------|-----|
| Jane M Duffy | 44 Southwood Rd | Newington | CT | 06111-3154 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:47 PM
Claims Briefs Special Parties 091208.xlsx
Equity Interest Special Party

# EXHIBIT M

DPH Holdings Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Highland Industries Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| IAMAW District 10 and Lodge 78 on behalf of the employees and retirees it represents | Marianne G Robbins Esq | Previant Goldberg Uelmen Gratz Miller & Brueggeman SC | 1555 N RiverCenter Dr Ste 202 | Milwaukee | WI | 53212 |
| IBEW Local 663 on Behalf of the Employees and Retirees it Represents | Marianne G Robbins Esq | Previant Goldberg Uelmen Gratz Miller & Brueggeman SC | 1555 N RiverCenter Dr Ste 202 | Milwaukee | WI | 53212 |
| International Union of Operating **Engineers** Local 101 S on Behalf of Employees and Retirees it Represents | Barbara S Mehlsack | Gorlick Kravitz & Listhaus PC | 17 State St | New York | NY | 10004 |
| International Union of Operating Engineers Local 101 S on Behalf of Employees and Retirees it Represents | International Union of Operating Engineers | Attn Richard Griffin Gen Counsel | 1125 17th St NW | Washington | DC | 20036 |
| International Union of Operating Engineers Local 18 S on Behalf of Employees and Retirees it Represents | Barbara S Mehlsack Esq | Gorlick Kravitz & Listhaus P C | 17 State St | New York | NY | 10004 |
| International Union of Operating Engineers Local 18 S on Behalf of Employees and Retirees it Represents | International Union of Operating Engineers | Attn Richard Griffin Gen Counsel | 1125 17th St NW | Washington | DC | 20036 |
| International Union of Operating Engineers Local 18 S on Behalf of Employees and Retirees it Represents | International Union Of Operating Engineers | Local 832s | PO Box 93310 | Rochester | NY | 14692 |
| International Union of Operating Engineers Local 832 S on Behalf of Employees and Retirees it Represents | Barbara S Mehlsack Esq | Gorlick Kravitz & Listhaus PC | 17 State St | New York | NY | 10004 |
| International Union of Operating Engineers Local 832 S on Behalf of Employees and Retirees it Represents | International Union of Operating Engineers | Attn Richard Griffin Gen Counsel | 1125 17th St NW | Washington | DC | 20036 |
| Takata Corporation | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| TK Holdings Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| TK Holdings Inc Automotive Systems Laboratory Inc and Takata Seat Belts Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 6:01 PM
Claims Briefs Special Parties 091208.xlsx
Union Claims Special Parties

# EXHIBIT N

DPH Holdings Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Highland Industries Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| Takata Corporation | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| TK Holdings Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |
| TK Holdings Inc Automotive Systems Laboratory Inc and Takata Seat Belts Inc | c/o Sarah F Sparrow Esq | Tuggle Duggins & Meschan PA | PO Box 2888 | Greensboro | NC | 27402 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:42 PM
Claims Briefs Special Parties 091208.xlsx
Contingent Rejection Special Parties

# EXHIBIT O

DPH Holdings Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---------|----------|------|-------|-----|
| Burger Barbara P | 9844 Glenmore Ct | Oak Creek | WI | 53154-5037 |
| Noel Morgan Hubert | 7700 Nardo Goodman | El Paso | TX | 79912 |
| Pickles Paul | 1366 West Gorman | Adrian | MI | 49221 |
| Weinmann Patricia C | 2913 Tyler Ave | Berkley | MI | 48072-1335 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:51 PM
Claims Briefs Special Parties 091208.xlsx
Pension-OPEB Claims Special Parties

# EXHIBIT P

DPH Holdings Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Johnson Controls Battery Group Inc | Reed Smith LLP | Elena Lazarou | 599 Lexington Ave | New York | NY | 10022 |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | Chicago | IL | 60606 |
| Johnson Controls Inc Automotive Group | Reed Smith LLP | Elena Lazarou | 599 Lexington Ave | New York | NY | 10022 |
| Johnson Controls Inc Automotive Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | Chicago | IL | 60606 |
| Johnson Controls Technology Company | Reed Smith LLP | Elena Lazarou | 599 Lexington Ave | New York | NY | 10022 |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | Chicago | IL | 60606 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:32 PM
Claims Briefs Special Parties 091208.xlsx
Contingent Breach of Contract Special Parties

# EXHIBIT Q

DPH Holdings Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---------|----------|------|-------|-----|
| Sharyl Yvette Carter | 1541 La Salle Ave No 1 | Niagra Falls | NY | 14301 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:34 PM
Claims Briefs Special Parties 091208.xlsx
Carter Claims Brief Special Party

# EXHIBIT R

DPH Holdings Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| American International Group Inc and its Related Entities | AIG Law Department Bankruptcy | David A Levin Esq | 70 Pine St 31st FL | New York | NY | 10270 |
| RLI Insurance Company | Michael P OConnor Esq | 10 Esquire Rd Ste 14 | | New City | NY | 10956 |

In re. DPH Holdings Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

12/9/2009 5:53 PM
Claims Briefs Special Parties 091208.xlsx
Protective Claims Special Parties

# EXHIBIT S

DPH Holdings Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Bradley A Bennett and Barbara R Bennett | | 211 E 53rd St Apt 6d | | New York | NY | 10022-4805 |
| Burns Bobbie L | | 4545 Obrien Rd | | Vassar | MI | 48768-8938 |
| Cook Gary L | | 5249 Field Rd | | Clio | MI | 48420-8220 |
| Dashkovitz Dennis | | 9301 Buck Rd | | Freeland | MI | 48623-0000 |
| Hyundai Motor America | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor America | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |
| Hyundai Motor Company | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor Company | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |
| Lyons David | | 103 Autumn Ridge Trl | | Farmersville | OH | 45325 |
| Rotaform LLC | c/o Rebecca Simoni Esq | von Briesen & Roper | 411 E Wisconsin Ave Ste 700 | Milwaukee | WI | 53202 |
| Streeter Steven D | | G 4210 Crosby Rd | | Flint | MI | 48506-1463 |