UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
        In re                      :        Chapter 11
:
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
:
:        (Jointly Administered)
        Reorganized Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
(I) EXPUNGE CERTAIN (A) EQUITY INTERESTS, (B) BOOKS AND
RECORDS CLAIMS, (C) UNTIMELY CLAIMS, (D) PENSION, BENEFIT,
AND OPEB CLAIMS, AND (E) WORKERS' COMPENSATION CLAIMS
AND (II) MODIFY AND ALLOW CERTAIN CLAIMS

("THIRTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (the "Thirty-Eighth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the December 10, 2009 hearing held on the Thirty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, E, F, G-1, G-2, G-3, and G-4 hereto was properly and timely served with a copy of the Thirty-Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Thirty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Eighth Omnibus Claims Objection. No other or further notice of the Thirty-Eighth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Thirty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Claim listed on Exhibit A asserts a liability based on ownership of Delphi Corporation common stock, which constitutes an equity interest in Delphi Corporation, but does not constitute a claim against the Debtors (the "Equity Interests").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

    D.  The Claims listed on <u>Exhibit B</u> assert liabilities and dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

    E.  The Claims listed on <u>Exhibit C</u> were not timely filed pursuant to the Bar Date Order (the "Untimely Claims").

    F.  The Claims listed on <u>Exhibit D</u> assert liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs that have been cancelled and for which the Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

    G.  The Claims listed on <u>Exhibit E</u> were filed by individual current or former employees for workers' compensation benefits that asserted liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims").

    H.  The Claims listed on <u>Exhibit F</u> assert liabilities that the Reorganized Debtors propose to allow either because the proposed allowed amount and class and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Allowed Claims").

    1.  <u>Exhibit G</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibit F</u>.  <u>Exhibit H</u> sets forth each of the Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G-1</u>, <u>G-2</u>, <u>G-3</u>, and <u>G-4</u> in alphabetical order by Claimant and cross-references each such Claim by (a) proof of claim number and (b) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

2. The Equity Interest claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

3. Each Books and Records Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

4. Each Untimely Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

5. Each Pension, Benefit, And OPEB Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

6. Each Workers' Compensation Claim listed on Exhibit E hereto is hereby disallowed and expunged in its entirety.

7. Each Allowed Claim listed on Exhibit F hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit F.

8. With respect to each Claim for which a Response to the Thirty-Eighth Omnibus Claims Objection has been filed and served, as listed on Exhibits G-1, G-2, G-3, and G-4 hereto, and which has not been resolved by the parties, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

9. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Thirty-Eighth Omnibus Claims Objection except as such claims may have been settled and allowed.

10. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11. Each of the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Eighth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, and F constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Thirty-Eighth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       December 11, 2009

/S/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE