UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :

    In re                                         :        Chapter 11
                                            :

DPH HOLDINGS CORP., et al.,        :        Case No. 05-44481 (RDD)
                                            :

        Reorganized Debtors.      :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P.
3007 TO EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (I)
WORKERS' COMPENSATION CLAIMS, (II) WORKERS'
COMPENSATION CLAIMS TRANSFERRED TO GM BUYERS,
AND (III) SEVERANCE CLAIMS

("THIRTY-NINTH-OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Thirty-Ninth-Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To GM Buyers, And (III) Severance Claims (the "Thirty-Ninth-Omnibus Claims Objection" or the "Objection"),[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the December 11, 2009 hearing held on the Thirty-Ninth-Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Ninth-Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

   A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on <u>Exhibits</u> <u>A</u>, <u>B, C</u>, <u>D-1</u>, and <u>D-2</u> hereto was properly and timely served with a copy of the Thirty-Ninth-Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Thirty-Ninth-Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Ninth-Omnibus Claims Objection. No other or further notice of the Thirty-Ninth-Omnibus Claims Objection is necessary.

   B. This Court has jurisdiction over the Thirty-Ninth-Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Ninth-Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Ninth-Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   C. The Administrative Claims listed on <u>Exhibit A</u> were filed by individual current or former employees of the Debtors for workers' compensation benefits not reflected on the Reorganized Debtors' books and records (the "Workers Compensation Claims").

   D. The Administrative Claims listed on <u>Exhibit B</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Workers Compensation Claims Transferred to GM Buyers").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

2

    E.  The Administrative Claims listed on <u>Exhibit C</u> are Administrative Claims filed by former employees asserting liabilities for severance payments that have already satisfied in full (the "Severance Claims").

    F.  <u>Exhibit E</u> hereto sets forth each of the Administrative Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B, C</u>, <u>D-1</u>, and <u>D-2</u> in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number or schedule number and (ii) basis of objection.

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Workers' Compensation Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

    2.  Each Workers' Compensation Claim Transferred To GM Buyers listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

    3.  Each Severance Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

    4.  With respect to each Administrative Claim for which a Response to the Thirty-Ninth Omnibus Claims Objection has been filed and served, as listed on Exhibits <u>D-1</u> and <u>D-2</u>, and which Response has not been resolved by the parties, all of which Administrative Claims are, the hearing regarding the objection to such Administrative Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998) (the

"Administrative Claims Objection Procedures Order"); provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Administrative Claims Objection Procedures Order.

    5.  Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Thirty-Ninth-Omnibus Claims Objection except as such claims may have been settled and allowed.

    6.  This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Thirty-Ninth-Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

    7.  Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Thirty-Ninth-Omnibus Claims Objection and attached hereto as Exhibits A, B, and C constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Thirty-Ninth-Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

4

8. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: White Plains, New York
December 11, 2009

/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE