UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::: :
    In re                          :        Chapter 11
:
DPH HOLDINGS CORP., et al.,    :        Case No. 05-44481 (RDD)
:
              Reorganized Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIXTEENTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND REVISING CERTAIN NOTICE PROCEDURES

("SIXTEENTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), for an order under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 (a) establishing omnibus hearing dates, (b) establishing certain notice, case management, and administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York; and

This Court having entered an order granting the Case Management Motion on October 14, 2005 (Docket No. 245); and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Case Management Motion.

This Court having entered supplemental case management orders on March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), March 28, 2006 (Docket No. 2995), April 20, 2006 (Docket No. 3293), May 3, 2006 (Docket No. 3589), May 5, 2006 (Docket No. 3629), May 11, 2006 (Docket No. 3730), May 19, 2006 (Docket No. 3824), October 26, 2006 (Docket No. 5418), October 19, 2007 (Docket No. 10661), February 4, 2008 (Docket No. 12487), July 15, 2008 (Docket No. 13920), July 23, 2008 (Docket No. 13965), December 4, 2008 (Docket No. 14534), April 30, 2009 (Docket No. 16589), and August 27, 2009 (Docket No. 18839) (the "Fifteenth Supplemental Case Management Order") (collectively, the "Prior Supplemental Case Management Orders"); and

This Court having scheduled additional omnibus hearing dates (the "Omnibus Hearing Dates") in these cases; and

The official committee of unsecured creditors appointed pursuant to section 1102(a) of the Bankruptcy Code on October 17, 2005 (the "Creditors' Committee") having been automatically dissolved, effective as of October 6, 2009, pursuant to Article 14.6 of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession (As Modified), dated July 30, 2009, attached as Exhibit A to the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order [Docket No. 12359], entered July 30, 2009 (Docket No. 18707); and

The Debtors having irrevocably repaid in full, pursuant to the Order Under U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), And 364(e) And Fed. R. Bankr. P. 2002, 4001 And 6004(g) (I) Authorizing Debtors To Obtain Post-Petition Financing And (II)

2

Authorizing Debtors To Refinance Secured Post-Petition Financing And Prepetition Secured Debt, entered January 5, 2007 (Docket No. 6461), all outstanding loans under that certain Third Amended and Restated Credit Agreement, dated as of June 14, 2005, among Delphi Corporation, the several lenders from time to time party thereto, and JPMorgan Chase Bank, N.A., as administrative agent (as amended, supplemented, or otherwise modified, the "Prepetition Credit Facility"), on or about January 5, 2007; it is hereby

ORDERED THAT:

1. The following Omnibus Hearing Dates have been scheduled for omnibus hearings in these cases (the "Omnibus Hearings") to be held in United States Bankruptcy Court, Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, or as may be determined by the Court, and supersede the dates, times, and locations for Omnibus Hearings that are set forth in paragraph 1 of the Fifteenth Supplemental Case Management Order:

January 21, 2010 at 10:00 a.m. (prevailing Eastern time);

February 18, 2010 at 10:00 a.m. (prevailing Eastern time); and

March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

2. Additional Omnibus Hearing Dates thereafter may be scheduled by this Court. All matters requiring a hearing in these cases shall be set for and be heard on Omnibus Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

3. If this Court changes any of the Omnibus Hearing Dates set forth in Paragraph 1 above, the Reorganized Debtors are authorized to provide a notice of change of hearing (the "Notice") in accordance with paragraph 15 of the Supplemental Case Management

3

Order. The terms of such Notice shall be binding upon all parties-in-interest in these chapter 11 cases and no other or further notice or order of this Court shall be necessary.

    4.  Notwithstanding anything to the contrary contained in paragraph 3 of this Order or paragraphs 6, 15, 19, or 20 of the Supplemental Case Management Order, (a) Filings or Responses in the above-captioned cases, (b) any document identifying any evidence to be introduced or witnesses to be called by the Movant or Objecting Party at an evidentiary hearing, and (c) initial Filings, complaints, or other pleadings filed in any adversary proceeding commenced in the above-captioned cases shall <u>not</u> be required to be served upon (x) the members of and counsel for the Creditors' Committee or (y) counsel for the agent under the Debtors' Prepetition Credit Facility.

    5.  Paragraph 11 of the Supplemental Case Management Order shall read in its entirety as follows:

> "11. <u>Expedited Hearing Procedure</u>. In the event a party cannot comply with the Filing Deadline, such party may shorten the Filing Deadline and have a Filing heard on the next Omnibus Hearing Date, if it requires emergency or expedited relief and complies with the following procedures, unless counsel to the Debtors or other adversary does not object to the shortened notice:
>
>   A. Such movant or applicant shall make a good faith effort to contact counsel to the Debtors or other adversary to request that such Motion be considered on an expedited basis. If counsel for the Debtors or other adversary does not object, the Motion may be heard at the next Omnibus Hearing that is no fewer than 10 days after the Motion is filed.
>
>   B. In the event that counsel to the Debtors or other adversary disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested or otherwise objects, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone and (ii) arrange for a Chambers Conference, telephonic or in-person, to be held among (a) the Court, (b) counsel to the Debtors or other adversary, and (c) such movant or applicant. Following such Chambers Conference, a hearing on such Motion shall be set by the Court at its discretion.
>
>   C. Any Motion scheduled to be heard in accordance with subparagraph A or B above must, as set forth in the Local Rules, state with

specificity the reason why an emergency exists or why there is a need for expedited treatment, indicate in the caption thereof that it is an emergency or expedited motion, and certify compliance with this paragraph."

6. Except as set forth herein, the Prior Supplemental Case Management Orders shall continue in full force and effect.

7. References to the Debtors in the Prior Supplemental Case Management Orders shall be to the Debtors or Reorganized Debtors, as the circumstances require.

Dated: White Plains, New York
       December 11, 2009

/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE