# **EXHIBIT A**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


        Debtors.


- - - - - - - - - - - - - - - - - - - - -x


            U.S. Bankruptcy Court

            One Bowling Green

            New York, New York


            February 29, 2008

            10:07 a.m.


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

50

1      Except as set forth in oral argument today, the EEOC
2 has not carried its burden to show neglect in the first place.
3 Ms. Malloy's declaration and more significantly her deposition
4 transcript, reflect that she did not know when or would not say
5 when she began her involvement in this matter.  Although,
6 ultimately, with a considerable amount of prying, her
7 involvement went back from -- went back to sometime before May
8 22, 2007, but after December of 2006.
9      In any event, neither from her personal knowledge or
10 from her familiarity with the file and what others have told
11 her, she has not offered up a reason for delay in filing a
12 proof of claim.  Such as, for example, any sort of excuses set
13 forth by the Supreme Court or provided by example by the
14 Supreme Court in Brunswick or Pioneer or the absence of notice
15 of the bar date.  In any event, the declaration and deposition
16 of Mr. Gershbein show that the debtors' provided sufficient
17 notice of the bar date to the government.  As well as, of
18 course, to the bar date order referred to in the bar date
19 notice.  And that there was no return of that notice under the
20 case law that establishes a strong presumption of the receipt
21 of notice, which very clearly has not been rebutted here.  See
22 In re Dana Corporation, 2007, W.L. 1577763 at page 4 (Bankr.
23 S.D.N.Y. 2007) and In re R.H. Macy & Co., Inc., 161 B.R. 355,
24 359 (Bankr. S.D.N.Y. 1993), indeed, and I will come back to
25 this.  In her deposition, Ms. Malloy was asked two questions

51

1   first.

2   "Q. Did you need to get advance authorization from the

3   commissioner or at EEOC headquarters in Washington prior to

4   filing your proofs of claim, that is the proofs of claim in

5   this case?"

6   "A. No."

7        Next question.

8   "Q. What authorizations do you need to file a proof of claim

9   in a bankruptcy case on behalf of the EEOC?"

10  "A. I'm not aware of any particular authorizations that we

11  require."

12       She was also asked, as a witness testifying in

13  support of excusable neglect --

14  "Q. Are there any other basis of excusable neglect, other than

15  in your memorandum, that the EEOC filed, of which you are

16  aware?"

17  "A. I think the memorandum covers it."

18       Including the fact that Mr. Strauder did not even

19  come to the EEOC, I believe it was after the bar date already

20  at that time.  And his claim, in any event, is not a pre-

21  petition claim.

22       Moreover, even if the EEOC could be said to have

23  proven that its delay stemmed from "neglect" as opposed to a

24  knowing act or choice, it has not shown that such length the

25  neglect.  And again, I point out, that to my mind for purposes

52

1   of the Bankruptcy's Code's definition of a claim under 1015,
2   the EEOC would have believed that there was a basis for
3   asserting a claim at least as early as November 2006 and
4   determined that there was a claim through its own processes on
5   May 22, 2006.  But that delay, if it does rise to the level of
6   neglect, would be excusable.  The case law dealing with
7   analogous situations, is to the contrary, in support of the
8   debtors' position.  See for example, In re Calpine Corporation,
9   2007 W.L. 4326738, at pages 6-7 (S.D.N.Y 2007), holding that
10  six-month delay between the date when one could be said to have
11  had to file a proof of claim and the date that it was actually
12  filed, was not excusable neglect.  And noting that the
13  claimants "had the ability to file supplemental proofs of claim
14  at any time" have not offered any explanation as to why no such
15  supplements were filed until such a late date.  In re Northwest
16  Airlines Corporation, 2007 W.L. 498, 295 at page 3 (Bankr.
17  S.D.N.Y. 2007), which the Court stated "movant cannot properly
18  ground it's excusable neglect argument on the fact that it
19  conducted an investigation and tried to resolve the issues in
20  good faith negotiations."  All of this could be done after a
21  filing is first made and rights are preserved.  A similar point
22  was made in In re Enron Corporation, 2007 W.L. 294, 114 (Bankr.
23  S.D.N.Y. 2007), in which the movant sought leave to file a late
24  proof of claim approximately twenty months after the bar date,
25  stating that it was not sure that it had a pre-petition

1    guarantee claim against the debtor because it did not have an
2    executed copy of the guarantee. Notwithstanding a diligent
3    search therefore in its file, bankruptcy judge Gonzalez
4    disagreed. Noting again, that the most important factor in the
5    Pioneer analysis is the reason for the delay, the court found
6    that the creditor had failed to carry its burden. In addition,
7    to noting that the creditor had a means to obtain information
8    in the bankruptcy case itself by getting the intervention of
9    the court under Bankruptcy Rule 2004, the court found that it
10   also could have filed a proof of claim without a copy of the
11   executed guarantee, without committing perjury. And that, in
12   fact, the bar date order permitted it to file a protected claim
13   and explain why a copy of the guarantee was not available. See
14   also New York Trap Rock Corporation, 153 B.R. 648 (Bankr.
15   S.D.N.Y. 1993), in which bankruptcy judge Schwartzberg denied a
16   Rule 9006(b) motion on the basis of prejudice to the debtor, as
17   well as untimeliness in pursing non-bankruptcy remedies in the
18   face of a bar date.
19        As far as the reason for the delay argument, as well
20   as the issue of prejudice, I conclude that the facts here or at
21   least, if not more, compelling. The debtors here were clearly
22   reorganizing, unlike in Enron. Moreover, I've noted the
23   particular nature of prejudice here over and beyond the
24   prejudice recognized in the Enron case that I've just discussed
25   as well as New York Trap Rock whenever new claims are asserted

1   after a plan has been filed and negotiated and confirmed, that
2   prejudice being of course the cap on claims for purposes of the
3   EPCA and emergence from Chapter 11, which is premises on the
4   EPCA closing.  Moreover, at least from the record, the EEOC has
5   not explained why it could not file a protective proof of
6   claim, particularly given the fact that it had formed the
7   belief that there was a claim at least by May 22, 2006, and
8   arguably -- or more than arguably, would have been able to do
9   so in November of 2006.  This is particularly so, given the
10  fact that the bar date order itself recognizes in paragraph 4
11  limitations on who may review the supporting documentation in
12  any proof of claim, which is over and above any rights that a
13  claimant, such as the EEOC, would have generally under Section
14  107 of the Bankruptcy Code, to obtain additional
15  confidentiality protection, which this Court has repeatedly
16  granted generally in this case, not only to the debtor but to
17  third parties, whenever they made a reasonable case that
18  information covered by 107 would be implicated in a public
19  filing.
20       It was argued by counsel at oral argument, and I
21  believe contrary to the reasonable inference one can draw from
22  the deposition testimony of Ms. Malloy, which I believe is
23  defended by the same counsel, that the EEOC's statute governing
24  how it needs to process charges in bringing enforcement actions
25  in the District Court, nevertheless precluded the EEOC from

55

1   filing a proof of claim in the bankruptcy case.  Again See 42
2   U.S.C. Section 2000E-5, which sets forth a process for the EEOC
3   to review charges by persons aggrieved under the statute.  As
4   well as a process for proceeding with a civil action.  In
5   particular, it's contended in oral argument that under 42
6   U.S.C. Section 2000E-5(b), which provides that charges shall
7   not be made public by the Commission, that the Commission was
8   precluded from filing a proof of claim in the bankruptcy case.
9   And that the process set forth in Section F(1) of the statute
10  including the process for going through conciliation before the
11  Commission may bring a civil action also precluded the
12  Commission from filing a proof of claim.
13       Neither counsel nor Ms. Malloy, who's also obviously
14  an attorney for the EEOC, has been able to tell me whether
15  indeed, the EEOC follows its practice generally in bankruptcy
16  cases of not filing proofs of claim, even as a protective
17  matter, until it has made a determination and commenced civil
18  action.  They state that they know nothing about how the EEOC
19  deals with proofs of claim in Chapter 11 cases, except in
20  respect of Ms. Malloy's own personal knowledge of this case.
21  Which, of course, as a factual matter, begs the question since
22  the claim here was filed only after the filing of the complaint
23  in the Western District.
24       I've reviewed the statute, as well as the
25  regulations, 29 C.F.R. 1600 et seq., and I believe based upon

```
                                                              61

 1
 2
 3                      C E R T I F I C A T I O N
 4
 5   I, Esther Accardi, court approved transcriber(s), certify that
 6   the foregoing is a correct transcript from the official
 7   electronic sound recording of the proceedings in the above-
 8   entitled matter, except where, as indicated, the Court has
 9   modified its bench ruling.
10   Esther Accardi    Digitally signed by Esther Accardi
                      DN: cn=Esther Accardi, c=US
                      Reason: I am the author of this document
                      Date: 2008.03.13 10:47:28 -04'00'
11   _____ March 3, 2008
12   Signature of Transcriber                  Date
13
14   ESTHER ACCARDI
15   typed or printed name
16
17
18
19
20
21
22
23
24
25
```