Hearing Date and Time: To be determined.
Objection Deadline: To be determined.

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8724)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **DELPHI CORPORATION, INC., et al.,** | : | **Case No.  05 - 44481 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------x

COVER SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR INTERIM AND FINAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

NAME OF APPLICANT:                  Shearman & Sterling LLP

ROLE IN THE CASE:                   Counsel for the Debtors and the Debtors in Possession

DATE OF FINAL RETENTION:            November 4, 2005

SEVENTH APPLICATION TIME PERIOD:    October 1, 2007 through January 25, 2008
Fees Requested:                                  $1,282,444.00[1]
Expenses Requested:                                  $27,608.36
Existing Holdback Requested (20%):               $254,351.80[2]

FINAL APPLICATION TIME PERIOD:      October 8, 2005 through January 25, 2008
Fees Requested:                                  $6,020,871.59[3]
Expenses Requested:                                 $283,744.28

PRIOR INTERIM APPLICATION:          November 29, 2007

THIS IS A(N)                        ___ Interim    _X_ Final Application

---

[1] Pursuant to this Application S&S is reducing the amount of compensation sought for professional services rendered to the Debtors from $1,285,115.25 to $1,282,444.00.  This reduction offsets a billing error made during the November 2007 fee period; in November 2007 non-working travel was billed at 100% rather than 50%, resulting in an overcharge of $2,671.25.  The reduction is further described in paragraph 48 herein.

[2] This amount includes a reduction of $2,137.00 relating to the overcharge, and subsequent overpayment, described in footnote 1 above.

[3] This amount includes total voluntary and agreed upon reductions totaling $99,769.21.

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8724)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| | : | |
| **DELPHI CORPORATION, INC., <u>et al.</u>,** | : | **Case No.  05 - 44481 (RDD)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
-------------------------------------------------------------x

**SEVENTH AND FINAL APPLICATION OF SHEARMAN & STERLING LLP,
AS ATTORNEYS FOR THE DEBTORS, FOR (A) ALLOWANCE OF INTERIM
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM OCTOBER 1, 2007 THROUGH JANUARY 25, 2008 AND
(B) FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
<u>FROM OCTOBER 8, 2005 THROUGH AND INCLUDING JANUARY 25, 2008</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Shearman & Sterling LLP ("<u>S&S</u>"), special counsel to Delphi Corporation and

certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-

captioned cases (collectively, the "<u>Debtors</u>"), submits this seventh and final application (this

"<u>Application</u>"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), for (a) the interim allowance of compensation for professional services

performed by S&S for the period from October 1, 2007 through January 25, 2008 (the "<u>Seventh</u>

Compensation Period") and for reimbursement of actual and necessary expenses incurred during

the Seventh Compensation Period, and (b) the final allowance of compensation for professional

services performed by S&S for the period from October 8, 2005 through January 25, 2008 (the

"Final Compensation Period") and for reimbursement of actual and necessary expenses incurred

during the Final Compensation Period, and respectfully represent:

## Background

1.      On October 8, 2005 (the "Petition Date"), each of the Debtors filed a

voluntary petition in the Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code.

2.      On October 17, 2005, the U.S. Trustee appointed the Creditors'

Committee.  As of the date hereof, no request has been made for the appointment of a trustee or

examiner in these cases.  Pursuant to the Court's order dated March 30, 2006, the U.S. Trustee

appointed the Equity Committee on April 28, 2006.

3.      On May 5, 2006, the Court appointed the Fee Review Committee

consisting of representatives of the Office of the U.S. Trustee, the Debtors and the Creditors'

Committee.

4.      The Debtors continued in possession of their respective properties and

continued to operate and manage their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      Pursuant to an order of this Court dated November 4, 2005 (Docket No.

1376), the Debtors were authorized to retain S&S on a final basis as their special counsel to

render legal services in the prosecution of these chapter 11 cases (the "S&S Retention Order").

6.      S&S does not hold or represent any interest adverse to the estates, and is a

disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as

modified by section 1107(b) of the Bankruptcy Code.  S&S has previously filed affidavits with

this Court attesting to its disinterestedness (Docket Nos. 49, 845 and 6741).

7.      On September 6, 2007, the Debtors filed a proposed joint plan of

reorganization (as subsequently amended, the "Plan"), together with a proposed disclosure

statement for such plan (as subsequently amended, the "Disclosure Statement").  An order

confirming the Plan was entered on January 25, 2008 (Docket No. 12359).  On July 30, 2009 the

Court entered an order (Docket No. 18707) approving certain modifications to the Plan (the

"Modified Plan").  The Modified Plan became effective on October 6, 2009.

**Professional Compensation
and Reimbursement of Expenses Requested**

8.      S&S prepared this Application in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by this Court on April 19, 1995 (the "Local Guidelines"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"),

the Order Under 11 U.S.C. § 331 Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals (Docket No. 869)(the "Monthly Compensation

Order"), the Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals (Docket No. 2147)(the

"Supplemental Compensation Order"), the second through seventh supplemental compensation

orders (Docket Nos. 2986, 3630, 4545, 5310, 6145, 12367)(collectively with the Supplemental

Compensation Order, the "Supplemental Compensation Orders"), the Fee Committee And Fee

Procedures Protocol approved by this Court (the "Fee Protocol"), together with the Local

Guidelines, UST Guidelines, Monthly Compensation Order, Supplemental Compensation Orders

and Fee Protocol, (the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding

compliance with the Guidelines is attached hereto as Exhibit A.

9.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and

1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28

U.S.C. § 157(b)(2).

10.    S&S seeks allowance of the interim compensation for professional

services rendered to the Debtors during the Seventh Compensation Period, in the aggregate

amount of $1,282,444.00[4] and for reimbursement of expenses incurred in connection with the

rendition of such services in the aggregate amount of $27,608.36.  During the Seventh

Compensation Period, S&S attorneys and paraprofessionals expended a total of 2,353.0 hours for

which compensation is requested.  S&S also seeks final compensation for professional services

rendered to the Debtors during the Final Compensation Period, in the aggregate amount of

$6,020,871.59[5] and for reimbursement of expenses incurred in connection with the rendition of

such services in the aggregate amount of $283,744.28.  During the Final Compensation Period,

S&S attorneys and paraprofessionals expended a total of 13,162.0 hours for which allowance of

compensation is requested.

11.    Pursuant to Bankruptcy Rule 2016(b), there is no agreement or

understanding between S&S and any other person, other than members of the firm, for the

sharing of compensation to be received for services rendered in these chapter 11 cases.

---

[4] Pursuant to this Application S&S is reducing the amount of compensation sought for professional services rendered to the Debtors from $1,285,115.25 to $1,282,444.00.  This reduction offsets a billing error made during the November 2007 fee period; in November 2007 non-working travel was billed at 100% rather than 50%, resulting in an overcharge of $2,671.25.  The reduction is further described in paragraph 48 herein.

[5] This amount includes total voluntary and agreed upon reductions totaling $99,769.21.

12.     S&S's fees in these cases are billed in accordance with its existing billing rates and procedures in effect for the representation of the Debtors in relation to the chapter 11 cases (the "Bankruptcy Matters") and for the representation of Delphi Corporation, affiliated non-debtors, certain current and former officers and certain current and former directors in relation to an investigation and several litigation matters (the "Litigation Matters," and together with the Bankruptcy Matters, "Delphi Matters") during the Final Compensation Period.  The rates S&S charges for the services rendered by its professionals and paraprofessionals in relation to the Delphi Matters are generally the same rates S&S charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

13.     Pursuant to the UST Guidelines, annexed hereto as Exhibit B-1 is a schedule setting forth all S&S professionals and paraprofessionals who have performed services in relation to the Delphi Matters during the Seventh Compensation Period, the capacities in which each such individual is employed by S&S, the department in which each individual practices, the hourly billing rate charged by S&S for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.  Annexed hereto as Exhibit B-2 is a schedule summarizing the same information for the Final Compensation Period.

14.     Annexed hereto as Exhibit C-1 is a schedule specifying the categories of expenses for which S&S is seeking reimbursement during the Seventh Compensation Period. Annexed hereto as Exhibit C-2 is a schedule specifying the total amount for each expense category along with an expense summary for the Final Compensation Period.

15.     Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit D-1 is a summary by project categories of the services performed by S&S during the

Seventh Compensation Period.  Annexed hereto as <u>Exhibit D-2</u> is a schedule of the project categories for the Final Compensation Period.

16.     S&S maintains computerized records of the time spent by all S&S attorneys and paraprofessionals in connection with the Delphi Matters.  Subject to redaction for the attorney-client privilege or confidential information where necessary to protect the Debtors' estates, copies of these computerized records have been furnished to the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases (the "<u>Creditors Committee</u>"), the attorneys for the committee of equity security holders appointed in these chapter 11 cases (the "<u>Equity Committee</u>"), the attorneys for the Debtors prepetition lenders (the "<u>Prepetition Lenders</u>"), the attorneys for the Debtors' postpetition lenders (the "<u>DIP Lenders</u>") and the joint fee review committee (the "<u>Fee Review Committee</u>") in connection with S&S's monthly fee statements.

17.     In the one year prior to the Petition Date, the Debtors paid approximately $4,743,512 to S&S in respect of professional services rendered and for disbursements incurred. As of the date hereof, S&S maintains a net retainer in an amount totaling $325,324.92.

18.     In accordance with the Monthly Compensation Order, on April 27, 2006, S&S filed an interim fee application (the "<u>First Application</u>")(Docket No. 3463) for the interim allowance of compensation for professional services performed by S&S for the period October 8, 2005 through January 31, 2006 (the "<u>First Compensation Period</u>") and for reimbursement of necessary expenses incurred during the First Compensation Period.

19.     S&S also filed an interim fee application on July 31, 2006 (the "<u>Second Application</u>")(Docket No. 4779) for the interim allowance of compensation for professional services performed by S&S for the period February 1, 2006 through May 31, 2006 (the "<u>Second Compensation Period</u>") and for reimbursement of necessary expenses incurred during the Second

Compensation Period.

20.     On November 30, 2006, S&S filed a third interim fee application (the "Third Application")(Docket No. 5988) for the interim allowance of compensation for professional services performed by S&S for the period June 1, 2006 through September 30, 2006 (the "Third Compensation Period") and for reimbursement of necessary expenses incurred during the Third Compensation Period.

21.     S&S also filed a fourth interim fee application, on March 2, 2007, (the "Fourth Application")(Docket No. 7106) for the interim allowance of compensation for professional services performed by S&S for the period October 1, 2006 through January 31, 2007 (the "Fourth Compensation Period") and for reimbursement of necessary expenses incurred during the Fourth Compensation Period.

22.     On July 31, 2007, S&S filed a fifth interim fee application (the "Fifth Application")(Docket No. 8807) for the interim allowance of compensation for professional services performed by S&S for the period February 1, 2007 through May 31, 2007 (the "Fifth Compensation Period") and for reimbursement of necessary expenses incurred during the Fifth Compensation Period.

23.     Lastly, on November 29, 2007, S&S filed a sixth interim fee application (the "Sixth Application")(Docket No. 11160) for the interim allowance of compensation for professional services performed by S&S for the period June 1, 2007 through September 30, 2007 (the "Sixth Compensation Period") and for reimbursement of necessary expenses incurred during the Sixth Compensation Period.

24.     Inclusive of voluntary and agreed upon fee and expense reductions, S&S has received payments totaling $4,994,563.51 representing payment one hundred percent (100%) of the fees for professional services and one hundred percent (100%) of the expenses requested by S&S for the First Compensation Period, the Second Compensation Period, the Third

Compensation Period, the Fourth Compensation Period, the Fifth Compensation Period and the

Sixth Compensation Period, as approved by this Court.

25.      Also in accordance with the Guidelines, S&S submitted monthly

statements to the Debtors (and certain other parties-in-interest as set forth in the Guidelines), and

received payments on account of monthly statements submitted during the Seventh

Compensation Period, as follows:

| Monthly Statement | Total Fees | 80% of Fees | 20% of Fees | Expenses (100%) |
|---|---|---|---|---|
| October 1, 2007 – October 30, 2007 | $161,853.75 | $129,483.00 Payment Received | $32,370.75 | $7,934.52 Payment Received |
| November 1, 2007 – November 30, 2007 | $540,016.00 | $432,012.80 Payment Received | $108,003.20 | $9,701.68 Payment Received |
| December 1, 2007 – December 31, 2007 | $246,656.00 | $197,324.80 Payment Received | $49,331.20 | $4,555.21 Payment Received |
| January 1, 2008 – January 25, 2008 | $336,589.50 | $269,271.60 Payment Received | $67,317.90 | $5,416.95 Payment Received |
| **TOTAL** | $1,285,115.25 | $1,028,092.20 | $257,023.05 | $27,608.36 |

26.      As set forth above, S&S has received payments totaling $1,055,700.56[6]

representing payment of eighty percent (80%) of the fees for professional services and one

hundred percent (100%) of the expenses incurred by S&S for the period October 1, 2007 through

January 25, 2008.

27.      Accordingly, the Debtors hereby seek approval of a total of

$1,282,444.00[7] in fees during the Seventh Compensation Period.  The Debtors hereby also seek

approval of a total of $27,608.36 in expenses for the Seventh Compensation Period.  The total

---

[6] This amount reflects an overpayment of $2,137.00 for the November 2007 Monthly Fee Statement.

[7] Pursuant to this Application S&S is reducing the amount of compensation sought for professional services rendered to the Debtors from $1,285,115.25 to $1,282,444.00.  This reduction offsets a billing error made during the November 2007 fee period; in November 2007 non-working travel was billed at 100% rather than 50%, resulting in an overcharge of $2,671.25.  The reduction is further described in paragraph 48 herein.

amount of the 20% holdback of fees for the Seventh Compensation Period currently outstanding is $254,351.80.[8]

28.      In addition, S&S seeks final approval of a total of $6,020,871.59[9] in fees during the Final Compensation Period and a total of $283,744.28 in expenses for the Final Compensation Period.

29.      Upon information and belief, the Debtors have paid all quarterly fees to the U.S. Trustee and have filed their operating reports on a monthly basis.

### Summary of Services

30.      The Debtors' chapter 11 cases were large and extraordinarily complex.  As of the Petition Date, the Debtors employed approximately 180,000 individuals.  For the fiscal year ended December 31, 2004, Delphi recorded global revenues of approximately $28.6 billion and global assets of approximately $17.1 billion.  Since the inception of these chapter 11 cases S&S has dedicated significant resources to help the Debtors finance and stabilize their ongoing business operations and to assess strategy for emergence from chapter 11.  During the Final Compensation Period, S&S assisted – consistent with its role as 327(e) special counsel and at the request of the Debtors' 327(a) restructuring counsel – in legal research and the drafting of documents related to the Debtors' financing, participation in meetings of the board of directors, and various negotiations among stakeholders on behalf of the Debtors.  As of the date hereof, over four years from the commencement of these chapter 11 cases, there are over 19,100 docket entries for these cases.  These figures evidence the size of these chapter 11 cases and, accordingly, the magnitude of the professional services that these cases have demanded.

---

[8] This amount reflects a reduction of $2,137.00 relating to the overcharge and overpayment described in footnotes 6 and 7 above.

[9] This amount includes total voluntary and agreed upon reductions totaling $99,769.21.

31.    Specifically, during the Final Compensation Period, S&S spent significant time and expended considerable efforts in advising Delphi with respect to its postpetition financing facility (the "DIP Facility") and rendering related services to the Debtors throughout these chapter 11 cases.  S&S also devoted time and effort in advising the Debtors with respect to various issues facing the board of directors.

32.    In addition, S&S represented Delphi Corporation, affiliated non-debtors and certain current and former officers and directors in connection with the Litigation Matters with respect to numerous putative class actions in federal court alleging violations of, among other things, the federal securities laws and the Employee Retirement Income Securities Act of 1974 ("ERISA") and both federal and state derivative actions alleging, among other things, breaches of various fiduciary duties.  The federal securities, ERISA and derivative actions were transferred to the United States District Court for the Eastern District of Michigan for coordinated or consolidated pretrial proceedings before Judge Gerald E. Rosen.  The federal and state derivative actions were administratively closed in light of the bankruptcy stay.  S&S also represented Delphi Corporation with respect to an investigation by the United States Securities and Exchange Commission ("SEC") in connection with issues relating to Other Postemployment Benefits ("OPEB").

33.    Beginning in October of 2007, S&S also represented Delphi Corporation in the restructuring of its European debt.  This representation required the negotiation and drafting of a range of complex stock purchase agreements, transfer documents and securitization instruments.  S&S reviewed and commented on numerous drafts of the reorganization step plan, coordinated implementation of the plan with local counsel, and prepared a documentation closing list covering approximately 275 documents and actions required to fully implement the reorganization in the local jurisdictions.

34.     Given the complexity of the chapter 11 cases and the litigation matters in which S&S represents the Debtors, certain matters required the attention of two or more S&S attorneys with expertise in different areas of law.  For example, attorneys in S&S's bankruptcy and finance groups coordinated their efforts in preparing documents in connection with the postpetition financing facility and S&S's litigation attorneys consult with bankruptcy attorneys as required.

35.     To ensure that the legal fees were appropriate given the nature of the matter or dispute at issue, attorneys with lower billing rates were assigned to handle certain matters, such as researching and preparing initial drafts of documents.  In order to utilize S&S attorneys in this cost-effective manner, more senior attorneys reviewed the work of junior attorneys and, when necessary, meetings were held among attorneys to coordinate their efforts. Absent meetings of this nature, all matters would have been handled by the senior attorney – at a higher cost to the estate – who more often had direct contact with the Debtors and other parties in interest and their respective counsel.

36.     To facilitate effective review of this Application, in accordance with the UST Guidelines, S&S has utilized the following separate billing categories as appropriate:

| | |
|---|---|
| * Securities Class Action | Matter 20 |
| * Derivative Lawsuits | 21 |
| * ERISA Class Action Litigation | 22 |
| * SEC OPEB Investigation | 23 |
| * Business Issues/Operations | 25 |
| * Case Administration | 26 |
| * Claims Administration & Objections | 27 |
| * DIP Financing | 28 |
| * Employee Benefits/Pensions | 30 |
| * Employment Applications & Objections | 31 |
| * Executory Contracts/Leases | 32 |
| * Fee Applications & Objections | 33 |
| * First Day Matters | 34 |
| * General Corporate | 35 |
| * Litigation | 36 |
| * Meetings of Creditors | 37 |
| * Non-Working Travel | 38 |

| | |
|---|---|
| * Relief From Stay | 40 |
| * Relief From Stay Proceedings | 41 |
| * Tax Issues | 42 |
| * Utilities Matters | 43 |
| * Strategic Planning | 44 |
| * European Financing Matters | 45 |
| * Intellectual Property | 47 |
| * Securities Advice | 48 |
| * Board Advice | 49 |
| * European Restructuring | 50 |

37.    Set forth below is a brief summary of certain of the matters on which S&S spent a significant number of hours during the Seventh Compensation Period.  It is not meant to be a detailed description of all of the work performed, nor does it necessarily reflect all of the separate billing categories established by S&S.  A complete summary of the fees attributable to each category is provided in Exhibit D-1 hereto.  The time details which fully describe the day-to-day services provided by S&S, and the time expended performing such services in each of the categories, have been served upon those parties set forth in the Guidelines and are available for review by any other interested party upon request to S&S.

## LITIGATION MATTERS

A.    Securities Class Action (Fees: $327,017.50  Hours: 630.9)

- Reviewed materials regarding status of litigation and participated in numerous teleconferences and communications with Debtors' counsel and co-defendants' counsel concerning general operational issues related to the litigation.

- Drafted, reviewed and finalized papers regarding settlement of action and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel, co-defendants' counsel, and Court regarding same.

- Reviewed materials and conducted legal research regarding settlement issues and communications regarding same.

- Prepared for and attended settlement fairness hearing and communications regarding same.

- Reviewed Court's settlement rulings and communications regarding same.

B.  <u>Derivative Lawsuits</u> (Fees: $7,631.50  Hours: 21.9)

- Drafted answer to complaint and related papers; reviewed related materials and communications regarding same.

- Reviewed materials regarding discovery and status of litigation.

C.  <u>ERISA Class Action Litigation</u> (Fees: $95,734.00 Hours: 159.9)

- Reviewed materials regarding status of litigation and participated in communications with Debtors' counsel and co-defendants' counsel concerning general operational issues related to the litigation.

- Drafted, reviewed and finalized papers regarding settlement of action and communications with Debtors' counsel, insurance counsel, plaintiffs' counsel, co-defendants' counsel, and Court regarding same.

- Reviewed materials and conducted legal research regarding settlement issues and communications regarding same.

- Prepared for and attended settlement fairness hearing and communications regarding same.

- Reviewed Court's settlement rulings and communications regarding same.

<u>BANKRUPTCY MATTERS</u>

D.  <u>Debtor In Possession Financing</u> (Fees: $279,875.50; Hours: 551.8)

- Rendered advice to the Debtors with respect to the Debtors' use of and compliance with the DIP Facility.

- Advised Debtors, participated in meetings and teleconferences regarding credit agreements and finalized exit financing documents.

- Reviewed and finalized commitment papers and loan documents.

- Advised Debtors, participated in meetings and teleconferences regarding commitment papers.

- Negotiated Term Loan Credit Agreement, ABL Credit Agreement and related security documents.

- Advised Debtors regarding European restructuring under the DIP Facility.

E. <u>Board Advice</u> (Fees: $74,816.50; Hours: 91.1)

- Prepared for and attended board meetings and calls.

- Advised Debtors and participated in meetings and teleconferences regarding certain director and officers' liability and fiduciary duties issues.

- Conducted research and case law analysis regarding director and officers' liability coverage and claim settlements.

- Evaluated materials with respect to the plan of reorganization.

- Advised Debtors and participated in meetings and teleconferences regarding selected plan of reorganization provisions.

F. <u>Fee Applications & Objections</u> (Fees: $14,992.50; Hours: 59.7)

- Reviewed and revised monthly invoices in order to ensure compliance with the Guidelines.

- Prepared monthly fee statements and served the same in compliance with the Guidelines.

- Prepared, filed and served the Sixth Application of Shearman & Sterling LLP, as Special Counsel to the Debtors, for Allowance of Interim Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2007 through September 30, 2007 (the "<u>Sixth Interim Fee Application</u>").

G. <u>European Restructuring</u> (Fees: $478,759.50; Hours: 826.1)

- Reviewed and commented on numerous drafts of the European reorganization step plan.

- Coordinated the implementation of the reorganization with local counsel in eleven jurisdictions.

- Drafted Master Stock Purchase Agreement regarding transfer of foreign subsidiaries.

- Created, analyzed and reviewed transfer documents and loan documentation.

- Provided advice on European security issues.

- Coordinated resolution of ownership issues and revision of reorganization documentation with Turkish, Polish and Slovakian counsel.

38.    The professional services performed by S&S were necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and other parties in interest.  Compensation for the services described above is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

39.    The professional services performed by S&S on behalf of the Debtors during the Seventh Compensation Period required an aggregate expenditure of 2,352.0 recorded hours by S&S's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 695.9 recorded hours were expended by partners of S&S, 1,404.9 recorded hours were expended by counsel and associates, and 252.2 recorded hours were expended by paraprofessionals of S&S.  The professional services were performed with expedience and in an efficient manner.

40.    During the Seventh Compensation Period, S&S's hourly billing rates for attorneys ranged from $270 to $940 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $587.75 (based on 2,100.8 recorded hours for attorneys at S&S's regular billing rates in effect at the time of the performance of services).  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.  As noted above, attached hereto as Exhibit B-1 is a schedule listing each S&S professional and paraprofessional who performed services in these cases during the Seventh Compensation Period, the hourly rate charged by S&S for services performed by each such individual, and the aggregate number of hours and charges by each such individual.

**Actual and Necessary Disbursements of S&S**

41.    As set forth in Exhibit C-1 hereto, S&S has disbursed $27,608.36 in expenses incurred in providing professional services during the Seventh Compensation Period.

These expenses are reasonable and necessary in light of the size and complexity of the Debtors'

cases.  For example, in order for S&S to properly analyze and address the complex issues that

arose in these chapter 11 cases, S&S attorneys performed considerable electronic research during

the Seventh Compensation Period, all of which was necessary to facilitate the Debtors'

reorganization and in the best interests of the Debtors' estates.

42.    The time constraints that faced the Debtors, along with the number and

complexity of tasks generated by these cases, required S&S's attorneys and other employees to

devote significant time during the evenings and weekends to perform legal services on behalf of

the Debtors. Such services were essential to meet deadlines, timely respond to motions and

objections, and to satisfy the ongoing demands of the Debtors' businesses and the administration

of these complex chapter 11 cases.

43.    In accordance the Fee Protocol, attorneys and other employees of S&S

who worked late into the evening and who billed at least eight hours to the Delphi matters during

that day were reimbursed for reasonable meal costs and for the cost of their transportation from

the office to home.  Consistent with firm policy, attorneys and other employees of S&S who

worked on weekends also were reimbursed for their reasonable meal costs and their cost of

transportation to and from the office.

44.    Likewise, consistent with firm policy, given the time constraints imposed

by the circumstances of these cases which required S&S attorneys and other employees to work

late into the evenings and weekends, S&S has been required to utilize some overtime secretarial

help, thereby incurring a certain amount of overtime charges.

45.    Pursuant to the Fee Protocol, as of September 1, 2006 S&S has charged

$0.10 per page for photocopying expenses with respect to all of the Delphi Matters.  In

compliance with the Guidelines S&S does not charge for in-coming facsimiles.  With respect to

out-going facsimile expenses, as permitted in the Guidelines, S&S charged $1.25 per page for

domestic facsimile transmissions and $2.50 per page for international facsimile transmissions. These charges are intended to cover S&S's direct operating costs, which costs are not incorporated into the S&S hourly billing rates.  Only clients who actually use services of the types set forth in <u>Exhibit C</u> hereto are charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose unfairly such costs upon clients who do not require extensive photocopying and other facilities and services.

46.     In addition, because of the multiple locations of the Debtors' businesses, frequent long distance telephone calls were required.  On several occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in S&S's overhead for the purpose of setting billing rates.  S&S has made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

47.     Throughout these cases, S&S has expended a considerable effort to "self police" its fees by critically reviewing all time charges entered into its billing system.  The Fee Protocol also mandates that non-working travel time be billed at 50% effective as of September 1, 2006.  From the outset of these cases S&S voluntarily has billed its non-working travel time for the Bankruptcy Matters at 50%.  These voluntary reductions were taken on a monthly basis and are already incorporated into the exhibits hereto.

48.     S&S inadvertently billed non-working travel time at 100%, rather than 50%, during the month of November 2007.  This error resulted in a charge of $5,342.50 for that month.  S&S has accordingly offset this amount in this Application by reducing its fees by $2,671.25.

## The Requested Compensation Should Be Allowed

49.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the Bankruptcy Code, provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, extent and the value of such services, taking into account all relevant factors, including –
>
> > the time spent on such services;
> >
> > the rates charged for such services;
> >
> > whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
> >
> > whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
> >
> > whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than in cases under this title.

11 U.S.C. § 330(a)(3).

50.     Applying these factors, S&S respectfully submits that the services for which it seeks compensation in this Application were beneficial and necessary to the Debtors' cases and reorganization.  Moreover, S&S submits that the compensation sought for these services is reasonable in light of the nature, extent and value of those services to the Debtor, its estate and all parties in interest.

51.    Throughout the Seventh Compensation Period and, indeed, throughout the

Final Compensation Period, S&S worked diligently to anticipate obstacles to the Debtors'

reorganization and to respond to the problems it faced – from emergent crises to more mundane

matters.  These services, in addition to the services more directly focused on the reorganization

process, were necessary and beneficial to the Debtors' estate and were consistently performed in

a timely manner commensurate with the complexity, importance and nature of the issues

involved.  Accordingly, allowance of the compensation sought herein is warranted.

52.    In addition to time and labor devoted, other factors may be considered in

awarding fees for legal services.  In considering the reasonableness of fees, courts often consider

the standards established in In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977),

and then to determine what a reasonable fee would be under the circumstances.  See also

D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990); Kerr v.

Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1976).  Accordingly, these factors generally

considered in determining the reasonableness of a fee application are:    (i) the time and labor

required, the novelty and difficulty of the questions involved and the skill requisite to perform

the legal service properly; (ii) the likelihood, if apparent or made known to the client, that the

acceptance of the particular employment will preclude other employment by the lawyer; (iii) the

fee customarily charged in the locality for similar services; (iv) the amount involved and the

results obtained; (v) the time limitations imposed by the client or by circumstances; (vi) the

nature and length of the professional relationship with the client; (vii) the experience, reputation

and ability of the lawyer or lawyers performing the services; and (viii) whether the fee is fixed or

contingent.  All of these factors justify the compensation sought herein.

### No Duplication of Service Among Counsel

53.    S&S developed a cooperative working relationship with other firms

retained by the Debtors, including, among others, Skadden, Arps, Slate, Meagher & Flom LLP,

Togut, Segal & Segal LLP, the Groom Law Group Chartered and O'Melveney & Myers LLP.

Because each firm was aware of each of the other's role and scope of services being provided to

the Debtors, S&S believes that no unnecessary duplication of services has occurred.  As a result,

the Debtors' law firms were able to provide the necessary legal services to the Debtors in an

expeditious and efficient manner.

### Review of Application by Debtors

54.     As provided in section II.A.5 of the UST Guidelines, the officer

designated by the Debtors to be responsible for such matters, David Sherbin, has been provided

with a copy of this Application.

### Requirements of Local Rule 9013-1(b)

55.     Given that there are no novel issues of law presented herein and that the

legal authority for the relief being sought is set forth herein, S&S respectfully request that this

Court waive the requirement that S&S file a memorandum of law in support of this Application

as provided in Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York.

### No Prior Request

56.     No previous motion for the relief sought herein has been made to this or

any other court.

WHEREFORE S&S respectfully requests: (i) allowance of compensation for professional services rendered during the Seventh Compensation Period in the amount of $1,282,444.00 and reimbursement for actual and necessary expenses S&S incurred during the Seventh Compensation Period in the amount of $27,608.36; (ii) final allowance of compensation for professional services rendered during the Final Compensation Period in the amount of $6,020,871.59 and reimbursement for actual and necessary expenses S&S incurred during the Final Compensation Period in the amount of $283,744.28; (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to S&S's right to seek additional compensation for services performed and expenses incurred during the Seventh Compensation Period which were not processed at the time of this Application; and (iv) this Court grant S&S such other and further relief as is just.


Dated:   New York, New York
         December 17, 2009



                              SHEARMAN & STERLING LLP


                              By:   /s/ Douglas P. Bartner        _
                                    Douglas P. Bartner (DB-2301)
                                    Jill Frizzley (JF-8724)

                                    599 Lexington Avenue
                                    New York, New York  10022
                                    Telephone: (212) 848-4000
                                    Facsimile:  (212) 848-7179

                                    Special Counsel to the Debtors and
                                    Debtors in Possession

**EXHIBIT A:**

**FEE APPLICATION CERTIFICATION**

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8724)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :              **Chapter 11**
                                                   :
**DELPHI CORPORATION, INC., <u>et</u> <u>al.</u>,**        :              **Case No.  05 - 44481 (RDD)**
                                                   :
**Debtors.**                                       :              **(Jointly Administered)**
-------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SEVENTH
INTERIM APPLICATION OF SHEARMAN & STERLING LLP FOR ALLOWANCE OF
<u>INTERIM AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

        I, Douglas P. Bartner, hereby certify that:

        1.      I am a partner with the applicant firm, Shearman & Sterling LLP ("<u>S&S</u>"),

with responsibility for the chapter 11 cases of Delphi Corporation and its affiliated debtors

(collectively, the "<u>Debtors</u>"), in respect of compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"),  the Order Under

11 U.S.C. § 331 Establishing Procedures for Monthly Compensation and Reimbursement of

Expenses of Professionals (Docket No. 869)(the "<u>Monthly Compensation Order</u>"), the

Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals (Docket No. 2147)(the "<u>Supplemental</u>

Compensation Order"), the second through seventh supplemental compensation orders (Docket

Nos. 2986, 3630, 4545, 5310, 6145, 12367)(collectively with the Supplemental Compensation

Order, the "Supplemental Compensation Orders"), the Fee Committee And Fee Procedures

Protocol approved by this Court (the "Fee Protocol"), together with the Local Guidelines, UST

Guidelines, Monthly Compensation Order, Supplemental Compensation Orders, Fee Protocol,

(the "Guidelines").

        This certification is made in respect of S&S's seventh and final application, dated

December 17, 2009 (the "Application"), for approval of interim compensation and

reimbursement of expenses for the period commencing October 1, 2007 through and including

January 25, 2008 (the "Seventh Compensation Period") and for final allowance of compensation

for professional services rendered and expenses for the period commencing October 8, 2005

through and including January 25, 2008 (the "Final Compensation Period") in accordance with

the Guidelines.

        In respect of Section B.1 of the Local Guidelines, I certify that:

        a.      I have read the Application;

        b.      to the best of my knowledge, information, and belief formed after
                reasonable inquiry, the fees and disbursements sought fall within
                the Local Guidelines;

        c.      the fees and disbursements sought are billed at rates in accordance
                with practices customarily employed by S&S and generally
                accepted by S&S's clients; and

        d.      in providing a reimbursable service, S&S does not make a profit on
                that service, whether the service is performed by S&S in-house or
                through a third party.

        In respect of section B.2 of the Local Guidelines and as required by the

Administrative Order, I certify that S&S has complied with the provision requiring it to provide

the Debtors, on a monthly basis, with a statement of S&S's fees and disbursements accrued

during the previous month.

NYDOCS03/857891.11

In respect of section B.3 of the Local Guidelines, I certify that the United States

Trustee for the Southern District of New York is being provided with a copy of the Application.

Dated: New York, New York
       December 17, 2009


                                    /s/ Douglas P. Bartner
                                    Douglas P. Bartner (DB-2301)

**EXHIBIT B-1:**

**TIMEKEEPER SUMMARY**

**SEVENTH COMPENSATION PERIOD**

October 1, 2007 – January 25, 2008

## TIMEKEEPER SUMMARY

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Baker, Michael S. | Partner since 2006, FN<br>1998<br>1999 | $694.56 | 70.9 | $49,244.00 |
| Bartner, Douglas P. | Partner since 1991, BR<br>1982<br>1983 | $900.00 | 69.4 | $62,460.00 |
| Baskin, Stuart | Partner since 1989, LT<br>1989<br>1976 | $940.00 | 20.2 | $18,988.00 |
| Laverriere, Kenneth | Partner since 1996, ECEB<br>1987<br>1988 | $900.00 | 13.5 | $12,150.00 |
| Leeds Ruby, Caroline | Partner since 2001, EF<br>1998<br>1998 England | $927.18 | 111.9 | $103,752.00 |
| Lonczak, Don J. | Partner since 2000, TX<br>1992<br>1991 | $850.00 | 5.5 | $4,675.00 |
| Montgomery, Malcolm K. | Partner since 2001, PR<br>2001<br>1990 | $795.00 | 0.9 | $715.50 |
| Polovoy, Brian H. | Partner since 2003, LT<br>1992<br>1993 | $800.00 | 139.8 | $111,840.00 |
| Tenzer, Andrew V. | Partner since 2002, BR<br>1995<br>1991 | $875.00 | 9.6 | $8,400.00 |
| Ashley, Marc D. | Counsel LT<br>2002<br>1995 | $639.58 | 177.0 | $113,205.00 |
| Fagiola, Robert W. | Counsel PR<br>1977<br>1978 | $668.35 | 39.5 | $26,400.00 |
| Glazer, Daniel C. | Counsel IPT<br>1999<br>2000 | $600.00 | 0.5 | $300.00 |
| Kuhn, Patricia | Counsel ECEB<br>2000<br>1990 | $700.00 | 20.3 | $14,210.00 |
| Schiwek, Heiko | Counsel MA<br>1999<br>1997 | $611.27 | 16.9 | $10,330.50 |
| Burke, Brian | Associate LT<br>2005<br>2005 | $495.00 | 268.7 | $133,006.50 |
| Chanda, Parthapratim | Associate LT<br>2004<br>2005 | $495.00 | 0.6 | $297.00 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Chen, Lorna X. | Associate AM<br>2001<br>2002 | $595.00 | 0.4 | $238.00 |
| Childs, Alexander | International Trainee EF<br>2007<br>Not Yet Admitted | $330.00 | 23.8 | $7,854.00 |
| Davies, Elen A. | International Trainee EF<br>2007<br>Not yet admitted. | $270.00 | 32.0 | $8,640.00 |
| Delbaum, Jessica K. | Associate AT<br>2002<br>1996 | $545.00 | 0.1 | $54.50 |
| Flavell, Holly Charlotte | International Trainee EF<br>2007<br>Not yet admitted. | $270.00 | 73.7 | $19,899.00 |
| Folan, Joanna | Associate EF<br>2005<br>2003 (Australia) | $470.00 | 22.8 | $10,716.00 |
| Frizzley, Jill K. | Associate BR<br>2000<br>2002 | $600.00 | 17.7 | $10,620.00 |
| Hardwick, Emma | International Trainee TX<br>2006<br>Not yet admitted. | $315.00 | 1.3 | $409.50 |
| Herman, Sharon | Associate IPT<br>2007<br>2006 | $285.76 | 11.9 | $3,400.50 |
| Izfar, Sarah | Associate FN<br>2007<br>Not Yet Admitted | $325.00 | 12.5 | $4,062.50 |
| Jackson, John D. | Associate AM<br>2003<br>2004 | $545.00 | 0.5 | $272.50 |
| Leung, Joanna P. | Associate FN<br>2007<br>2007 | $325.00 | 39.4 | $12,805.00 |
| McKinnon, Malcom | Associate EF<br>2006<br>2002 New Zealand | $611.16 | 182.1 | $111,292.50 |
| Noh, Solomon J. | Associate BR<br>2002<br>2001 | $600.00 | 262.7 | $157,620.00 |
| O'Halloran, Rory | Associate MA<br>2004<br>2006 | $495.00 | 13.2 | $6,534.00 |
| Oswald, Judson A. | Associate FN<br>2006<br>Not Yet Admitted | $490.63 | 127.6 | $62,604.00 |
| Palach, Randal D. | Associate FN<br>2006<br>2006 | $491.00 | 141.0 | $69,231.50 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Paringaux, Mayumi | Associate MA 2005 2007 (England) | $470.00 | 99.5 | $46,765.00 |
| Rasmussen, Eva A. | Associate ECEB 2000 1983 | $580.00 | 12.9 | $7,482.00 |
| Smith, William | Associate TX 2005 2003 England | $630.00 | 2.0 | $1,260.00 |
| Tadros, Christine | Associate EF 2000 2006 (England) | $790.00 | 1.2 | $948.00 |
| Tsiaras, Matthew | Associate TX 2005 2007 Massachusetts | $435.00 | 25.3 | $11,005.50 |
| Younai, Kevin | Associate PR 2007 Not Yet Admitted | $325.00 | 26.0 | $8,450.00 |
| Zelin, Brenda L. | Associate ECEB 2006 2007 | $435.00 | 6.0 | $2,610.00 |
| Luketic, Marian D. | Specialist BR 2000 1997 | $250.00 | 57.8 | $14,450.00 |
| Dionne, Christine | Coordinator FN 1995 | $235.00 | 4.5 | $1,057.50 |
| Hsueh, Janet | Legal Assistant PR 2007 | $180.00 | 0.9 | $162.00 |
| Ko, Jae | Legal Assistant LT 2005 | $245.00 | 70.3 | $17,223.50 |
| Lin, Jennifer | Legal Assistant BR 2007 | $176.54 | 2.6 | $459.00 |
| Natolie, Eve-Marie | Legal Assistant EF 2007 | $270.00 | 3.3 | $891.00 |
| Orenshteyn, Marianna | Legal Assistant LT 2002 | $220.00 | 4.9 | $1,078.00 |
| Pappano, John D. | Legal Assistant PR 2007 | $180.00 | 0.8 | $144.00 |
| Schwartz, Daniel A. | Legal Assistant LT 2007 | $190.00 | 34.2 | $6,498.00 |
| Huh, Konny | Legal Assistant Intern LT 2007 | $100.00 | 56.7 | $5,670.00 |
| Yau, Tommy | Global Technology 2000 | $200.00 | 0.8 | $160.00 |
| Quintos, Jose | Global Technology 2005 | $135.00 | 0.3 | $40.50 |
| Eikenbrod, Thomas | Corporate Research Specialist 1995 | $180.00 | 0.5 | $90.00 |
| Shanks, Fredrick | Corporate Research Specialist 1982 | $185.00 | 0.2 | $37.00 |
| Tucker, James | Corporate Research Specialist 2001 | $180.00 | 3.7 | $666.00 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate◆ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Molinelli, Maria | Law Clerk Supervisor 1988 | $175.00 | 1.4 | $245.00 |
| Feliciano, Luis | Law Clerk 2004 | $175.00 | 1.5 | $262.50 |
| Flores, Alfredo | Law Clerk 1988 | $175.00 | 0.5 | $87.50 |
| McBride, Tyrone | Law Clerk 2006 | $175.00 | 1.5 | $131.25 |
| Sheopaul, Ruth | Law Clerk 2006 | $175.00 | 5.8 | $1,015.00 |
| Total Fees:  $1,285,115.25 | | | | |
| Voluntary Reductions:  $2,671.25[†] | | | | |
| Total Fees Requested:  $1,282,444.00 | | | | |
| Total Hours:  2,353.0 | | | | |
| Total Professional Hours:  2,100.8 | | | | |
| Blended Rate for Professionals:  $587.75 | | | | |

AT    -    Antitrust
AM    -    Asset Management
BR    -    Bankruptcy & Reorganization
ECEB  -    Executive Compensation & Employee Benefits
EF    -    European Finance
FN    -    Finance
IPT   -    Intellectual Property Transactional
MA    -    Mergers & Acquisitions
PR    -    Property
LT    -    Litigation
TX    -    Tax

*All attorneys are licensed in New York State unless otherwise indicated.

◆Due to changes in billing rates and previously agreed upon rate reductions, where applicable, an Average Hourly Billing Rate has been calculated by dividing total compensation of the professional or paraprofessional by their total hours billed.

[†]Pursuant to this Application S&S is reducing the amount of compensation sought for professional services rendered to the Debtors from $1,285,115.25 to $1,282,444.00.  This reduction offsets a billing error made during the November 2007 fee period; in November 2007 non-working travel was billed at 100% rather than 50%, resulting in an overcharge of $2,671.25.  The reduction is further described in paragraph 50 of the attached fee application.

**EXHIBIT B-2:**

**TIMEKEEPER SUMMARY**

**FINAL COMPENSATION PERIOD**

October 8, 2005 – January 25, 2008

# TIMEKEEPER SUMMARY

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Baker, Michael S. | Partner since 2006, FN<br>1998<br>1999 | $566.78 | 357.4 | $202,567.00 |
| Bartner, Douglas P. | Partner since 1991, BR<br>1982<br>1983 | $791.44 | 520.2 | $411,708.25 |
| Baskin, Stuart | Partner since 1989, LT<br>1989<br>1976 | $824.21 | 355.7 | $293,172.10 |
| Bleich, David L. | Partner since 1976, FN<br>1967<br>1968 | $795.00 | 1.1 | $874.50 |
| Crandall, Jeffrey | Partner since 1998, ECEB<br>1994<br>1983/1982 | $900.00 | 0.2 | $180.00 |
| Evans, Robert III | Partner since 1996, CM<br>1990<br>1991 | $795.00 | 1.6 | $1,272.00 |
| Fratianni, Constance A. | Partner since 2000, BR<br>1985<br>1986 | $753.16 | 205.5 | $154,773.50 |
| Goudiss, Alan S. | Partner since 1996, LT<br>1987<br>1988 | $800.00 | 1.5 | $1,200.00 |
| Greene, Nathan | Partner since 2007, AM<br>2001<br>2000 | $650.00 | 1.1 | $715.00 |
| Laverriere, Kenneth | Partner since 1996, ECEB<br>1987<br>1987 | $892.07 | 24.2 | $21,588.15 |
| Leeds Ruby, Caroline | Partner since 2001, EF<br>1998<br>1998 England | $919.96 | 141.9 | $130,542.00 |
| Lonczak, Don J. | Partner since 2000, TX<br>1992<br>1991 | $850.00 | 5.5 | $4,675.00 |
| Montgomery, Malcolm K. | Partner since 2001, PR<br>2001<br>1990 | $795.00 | 0.9 | $715.50 |
| Polovoy, Brian H. | Partner since 2003, LT<br>1992<br>1993 | $707.48 | 867.9 | $614,023.20 |
| Rappaport, Linda E. | Partner since 1986, ECEB<br>1979<br>1978 | $795.00 | 1.0 | $795.00 |
| Roll III, William J. | Partner since 1988, LT<br>1980<br>1980 | $795.00 | 132.9 | $105,655.50 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Schreiber, Paul S. | Partner since 1994, AM<br>1994<br>1966 | $840.00 | 0.4 | $336.00 |
| Tenzer, Andrew V. | Partner since 2002, BR<br>1995<br>1991 | $708.64 | 411.0 | $291,252.30 |
| Ashley, Marc D. | Counsel LT<br>2002<br>1995 | $550.33 | 967.3 | $532,338.80 |
| Fagiola, Robert W. | Counsel PR<br>1977<br>1978 | $668.35 | 39.5 | $26,400.00 |
| Glazer, Daniel C. | Counsel IPT<br>1999<br>2000 | $600.00 | 0.5 | $300.00 |
| Kelly, Lynette Carol | Counsel BR<br>1995<br>1988 | $599.08 | 372.4 | $223,098.00 |
| Kuhn, Patricia | Counsel ECEB<br>2000<br>1990 | $693.67 | 24.0 | $16,648.00 |
| Schiwek, Heiko | Counsel MA<br>1999<br>1997 | $611.27 | 16.9 | $10,330.50 |
| Shally, Joanna | Counsel LT<br>1979<br>1980 | $513.33 | 3.9 | $2,002.00 |
| Spera, George T. | Counsel ECEB<br>1984<br>1982 | $650.00 | 0.4 | $260.00 |
| Feder, Benjamin D. | Special Attorney BR<br>1998<br>1986 | $600.00 | 8.2 | $4,920.00 |
| Altman, Jordan J. | Associate IPT<br>2005<br>2005 | $385.00 | 18.1 | $6,968.50 |
| Burke, Brian | Associate LT<br>2005<br>2005 | $482.58 | 415.1 | $200,317.50 |
| Chanda, Parthapratim | Associate LT<br>2004<br>2005 | $319.92 | 1,403.4 | $448,978.95 |
| Chen, Lorna X. | Associate AM<br>2001<br>2002 | $595.00 | 0.4 | $238.00 |
| Childs, Alexander | International Trainee EF<br>2007<br>Not Yet Admitted | $330.00 | 23.8 | $7,854.00 |
| Connelly, Elizabeth | Associate BR<br>2006<br>2007 | $275.00 | 6.6 | $1,815.00 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Davies, Elen A. | International Trainee EF 2007 Not yet admitted. | $270.00 | 32.0 | $8,640.00 |
| Delbaum, Jessica K. | Associate AT 2002 1996 | $545.00 | 0.1 | $54.50 |
| Deering, Abigail | Associate BR 2005 Not yet admitted. | $258.70 | 465.9 | $120,529.50 |
| Dunbar, Simon P. | Associate BR 2004 2005 | $382.93 | 119.0 | $45,568.60 |
| Fennessey. Susan A. | Associate BR 1998 2001 | $510.00 | 0.5 | $255.00 |
| Flavell, Holly Charlotte | International Trainee EF 2007 Not yet admitted. | $270.00 | 73.7 | $19,899.00 |
| Folan, Joanna | Associate EF 2005 2003 (Australia) | $470.00 | 22.8 | $10,716.00 |
| Frizzley, Jill K. | Associate BR 2000 2002 | $498.53 | 396.7 | $197,767.25 |
| Gaylor, Monique A. | Associate LT 2004 2005 | $211.50 | 34.6 | $7,317.90 |
| Gershowitz, Ronni | Associate BR 2006 2006 | $275.00 | 8.3 | $2,282.50 |
| Gitlitz, Amy B. | Associate ECEB 1997 1998 | $510.00 | 3.3 | $1,683.00 |
| Gruber, Alan S. | Associate LT 2003 2004 | $353.55 | 701.7 | $248,087.45 |
| Guh-Siesel, Lucia | Associate LT 2003 2002 CA | $435.00 | 8.8 | $3,828.00 |
| Haraguchi, Yuichi | Associate BR 2005 Not yet admitted. | $245.00 | 94.6 | $23,177.00 |
| Hardwick, Emma | International Trainee TX 2006 Not yet admitted. | $315.00 | 1.3 | $409.50 |
| Heath, Wesley J. | Associate LT 2003 2004 | $414.95 | 24.3 | $10,083.20 |
| Herman, Sharon | Associate IPT 2007 2006 | $285.76 | 11.9 | $3,400.50 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Izfar, Sarah | Associate FN<br>2007<br>Not Yet Admitted | $325.00 | 12.5 | $4,062.50 |
| Jackson, John D. | Associate AM<br>2003<br>2004 | $469.88 | 4.3 | $2,020.50 |
| Kaplan, Bryan R. | Associate BR<br>2004<br>2002 | $483.12 | 390.6 | $188,708.00 |
| Kieval, Michael | Associate LT<br>2006<br>2005 (VA) | $364.86 | 22.5 | $8,209.35 |
| Leung, Joanna P. | Associate FN<br>2007<br>2007 | $325.00 | 39.4 | $12,805.00 |
| Martin, Randall L. | Associate BR<br>2003<br>2004 | $432.36 | 82.5 | $35,670.00 |
| Marckesano, Patricia | Associate BR<br>2004<br>2005 | $425.94 | 288.2 | $122,754.50 |
| McKinnon, Malcom | Associate EF<br>2006<br>2002 New Zealand | $606.81 | 249.2 | $151,217.00 |
| Nguyen, Henry | Associate BR<br>2003<br>2004 | $441.34 | 337.8 | $149,083.00 |
| Noh, Solomon J. | Associate BR<br>2002<br>2001 | $600.00 | 262.7 | $157,620.00 |
| O'Halloran, Rory | Associate MA<br>2004<br>2006 | $495.00 | 13.2 | $6,534.00 |
| Oswald, Judson A. | Associate FN<br>2006<br>Not Yet Admitted | $485.26 | 140.4 | $68,130.00 |
| Padilla, John | Associate LT<br>2005<br>Not yet admitted. | $245.00 | 71.8 | $17,591.00 |
| Palach, Randal D. | Associate FN<br>2006<br>2006 | $489.69 | 172.8 | $84,619.00 |
| Patel, Tina S. | Associate LT<br>2001<br>1999 | $510.00 | 0.7 | $357.00 |
| Paringaux, Mayumi | Associate MA<br>2005<br>2007 (England) | $470.00 | 99.5 | $46,765.00 |
| Rasmussen, Eva A. | Associate ECEB<br>2000<br>1983 | $580.00 | 12.9 | $7,482.00 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Sajous, Isabelle | Associate AM<br>2002<br>2003 | $510.00 | 1.0 | $510.00 |
| Smith, William | Associate TX<br>2005<br>2003 England | $630.00 | 2.0 | $1,260.00 |
| Spevak, Stacey C. | Associate BR<br>1999<br>1998 | $510.00 | 30.1 | $15,351.00 |
| Spraggs, Cherie L. | Associate BR<br>2001<br>2002 | $489.96 | 384.9 | $188,584.00 |
| Tadros, Christine | Associate EF<br>2000<br>2006 (England) | $790.00 | 1.2 | $948.00 |
| Tanner, Jeanette | Associate BR<br>2005<br>Not yet admitted. | $245.00 | 82.0 | $20,090.00 |
| Tsiaras, Matthew | Associate TX<br>2005<br>2007 Massachusetts | $435.00 | 25.3 | $11,005.50 |
| Younai, Kevin | Associate PR<br>2007<br>Not Yet Admitted | $325.00 | 26.0 | $8,450.00 |
| Zelin, Brenda L. | Associate ECEB<br>2006<br>2007 | $435.00 | 6.0 | $2,610.00 |
| Luketic, Marian D. | Specialist BR<br>2000<br>1997 | $241.03 | 577.8 | $139,267.25 |
| Wiener, Ira E. | Managing Attorney<br>1993<br>1977 | $313.50 | 5.2 | $1,630.20 |
| Lanzalotto, Christopher | Summer Associate LT<br>2007 | $235.00 | 42.5 | $9,987.50 |
| Marcopoulos, Alexander | Summer Associate<br>2005 | $235.00 | 4.0 | $940.00 |
| Dionne, Christine A. | Sr. Legal Assistant FN<br>1995 | $227.47 | 15.6 | $3,548.50 |
| Karamian, Denise | Sr. Legal Assistant LT<br>1996 | $210.00 | 4.3 | $903.00 |
| Bodley, Jill | Legal Assistant LT<br>2005 | $166.62 | 80.9 | $13,479.70 |
| Hunt, Jillian | Legal Assistant ECEB<br>2005 | $155.00 | 0.4 | $62.00 |
| Hsueh, Janet | Legal Assistant PR<br>2007 | $180.00 | 0.9 | $162.00 |
| Illyes, Gabriella | Legal Assistant BR<br>2006 | $171.06 | 15.1 | $2,583.00 |
| Jedrzejewski, Mariusz | Legal Assistant LT<br>2002 | $170.00 | 10.0 | $1,700.00 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lin, Jennifer | Legal Assistant BR 2007 | $175.67 | 3.0 | $527.00 |
| Ko, Jae | Legal Assistant LT 2005 | $240.18 | 172.4 | $41,407.50 |
| Mentz, Lawrence G. | Legal Assistant LT 2005 | $136.71 | 320.0 | $43,748.55 |
| Nadvornik, Kristi A. | Legal Assistant Coordinator CM 1999 | $210.00 | 7.5 | $1,575.00 |
| Natolie, Eve-Marie | Legal Assistant EF 2007 | $270.00 | 3.3 | $891.00 |
| Orenshteyn, Marianna | Legal Assistant LT 2002 | $220.00 | 4.9 | $1,078.00 |
| Pappano, John D. | Legal Assistant PR 2007 | $180.00 | 0.8 | $144.00 |
| Prosky, Karen | Legal Assistant LT 2003 | $207.00 | 8.6 | $1,780.20 |
| Pullen, Nicholas W. | Legal Assistant BR 2005 | $155.83 | 97.8 | $15,240.50 |
| Reilly, Erin | Legal Assistant BR 2005 | $154.67 | 455.7 | $70,483.20 |
| Schwartz, Daniel A. | Legal Assistant LT 2007 | $190.00 | 34.2 | $6,498.00 |
| Sirin, Ojen | Legal Assistant Coordinator LT 2005 | $210.00 | 2.2 | $462.00 |
| Huh, Konny | Legal Assistant Intern LT 2007 | $100.00 | 66.1 | $6,610.00 |
| Guzman, Jessica | Litigation Support 2000 | $200.00 | 6.0 | $1,200.00 |
| Quintos, Jose | Litigation Support 2005 | $112.74 | 9.8 | $1,104.90 |
| Yau, Tommy | Litigation Support 2000 | $164.03 | 8.6 | $1,410.70 |
| Burke, Barbara | Corporate Research Specialist 1997 | $148.50 | 1.1 | $163.35 |
| Eikenbrod, Thomas | Corporate Research Specialist 1995 | $163.99 | 4.0 | $655.95 |
| Merkin, David | Corporate Research Specialist 1981 | $165.00 | 0.5 | $82.50 |
| Shanks, Fredrick | Corporate Research Specialist 1982 | $185.00 | 4.4 | $814.00 |
| Tucker, James | Corporate Research Specialist 2001 | $172.69 | 13.3 | $2,296.80 |
| Molinelli, Maria | Law Clerk Supervisor 1988 | $158.86 | 24.4 | $3,876.30 |
| Feliciano, Luis | Law Clerk 1990 | $131.02 | 14.0 | $1,834.25 |
| Flores, Alfredo | Law Clerk 1988 | $156.42 | 12.6 | $1,970.90 |
| Gonzalez, Luis | Law Clerk 1996 | $129.26 | 6.8 | $879.00 |
| Jankay, Brian | Law Clerk 2006 | $175.00 | 0.5 | $87.50 |

| Name of Professional Person | *Position of the Applicant, Area of Expertise, Date of Initial Employment, Year of Obtaining License to Practice | Hourly Billing Rate♦ (including changes & discounts) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| McBride, Tyrone | Law Clerk 2006 | $87.50 | 2.5 | $218.75 |
| Sheopaul, Ruth | Law Clerk 2006 | $175.00 | 9.5 | $1,662.50 |
| Tillet, Margaret | Docket Clerk 1993 | $142.06 | 21.3 | $3,025.80 |
| Grand Total Fees: $6,120,640.80 | | | | |
| Voluntary & Agreed Upon Reductions: $99,769.21[†] | | | | |
| Total Fees Requested: $6,020,871.59 | | | | |
| Total Hours: 13,162.0 | | | | |
| Total Professional Hours: 11,089.5 | | | | |
| Total Professional Fees: $5,734,649.50 | | | | |
| Blended Rate for Professionals: $517.12 | | | | |

AM    -    Asset Management
AT    -    Antitrust
BR    -    Bankruptcy & Reorganization
CM    -    Capital Markets
ECEB  -    Executive Compensation & Employee Benefits
EF    -    European Finance
FN    -    Finance
IPT    -    Intellectual Property
MA    -    Mergers & Acquisitions
LT    -    Litigation
PR    -    Property
TX    -    Tax

* All attorneys are licensed in New York State unless otherwise indicated.

♦ Due to changes in billing rates and previously agreed upon rate reductions, where applicable, an Average Hourly Billing Rate has been calculated by dividing total compensation of the professional or paraprofessional by their total hours billed.

[†] This amount reflects voluntary & agreed upon fee reductions totaling $97,097.96 covering the First–Sixth Fee Periods and, as described in paragraph 50 herein, voluntary fee reductions of $2,671.25 for the Seventh Fee Period, for a grand total of $99,769.21.

**EXHIBIT C-1:**

**EXPENSE SUMMARY**

**SEVENTH COMPENSATION PERIOD**

**SHEARMAN & STERLING LLP**

October 1, 2007 –
January 25, 2008

| DISBURSEMENTS | LITIGATION | BANKRUPTCY |
|---|---|---|
| Inhouse Photocopies | $926.10 | $2,585.95 |
| Federal Express | $1,201.41 | $801.87 |
| Global Securities Information | $17.74 | |
| Lexis | $1,276.66 | |
| Messengers | $91.30 | |
| Other Information Services | $2,126.71 | $565.00 |
| Nighttime Secretarial Services | | $2,321.35 |
| Other Outside Services | $2,196.56 | $33.25 |
| Overtime Meals | | $398.76 |
| Overtime Taxis | $137.00 | $1,251.23 |
| Postage & Courier | $92.45 | $18.97 |
| Publications | $10.00 | |
| Secretarial Overtime | $135.00 | $87.38 |
| Stationary | | $0.43 |
| Telephone Charges | $209.92 | $289.79 |
| Local Taxi | $10.00 | |
| Travel & Incidental | $1,995.30 | |
| Travel Meals | $222.54 | |
| Radio Taxis | $181.89 | $140.30 |
| Velo Binding | $30.00 | $36.00 |
| WestLaw | $8,209.70 | $7.80 |
| **SUBTOTALS:** | **$19,070.28** | **$8,538.08** |
| **TOTAL DISBURSEMENTS:** | | **$27,608.36** |

**EXHIBIT C-2:**

**EXPENSE SUMMARY**

**FINAL COMPENSATION PERIOD**

# DISBURSEMENTS

October 8, 2005 –
January 25, 2008

| | LITIGATION | BANKRUPTCY |
|---|---|---|
| Offsite Client Meals | $579.65 | $447.73 |
| Inhouse Photocopies | $12,033.80 | $44,997.47 |
| Court Reporting and Transcripts | $235.00 | $4,098.84 |
| Conference Room Dining | $834.98 | $1,308.91 |
| Facsimile Transmission | | $472.50 |
| Federal Express | $3,793.25 | $6,334.40 |
| Filing Fees | | $4,420.50 |
| Global Securities Information | $238.61 | |
| Lexis Research | $26,718.58 | $4,951.42 |
| Messengers | $440.56 | $553.00 |
| Night Secretarial Service | | $4,886.35 |
| Other Information Services | $13,423.46 | $3,808.64 |
| Other Outside Services | $12,347.66 | $11,179.75 |
| Overtime Meals | $15.00 | $398.76 |
| Overtime Taxis | $1,788.63 | $1,991.43 |
| Offsite Photocopying | $18.25 | |
| Parking Costs for Clients | $31.00 | $147.00 |
| Postage & Courier | $1,419.03 | $345.10 |
| Printing | $27.50 | $85.00 |
| Proofreading | $2,.050.00 | $220.00 |
| Publications | $10.00 | |
| Secretarial Overtime | $180.00 | $1,898.63 |
| Stationary | | $0.43 |
| Telephone Charges | $859.13 | $1,479.24 |
| Temporary Help | $77.50 | |
| Travel & Incidental | $10,989.14 | $10,507.13 |
| Travel Meals | $800.83 | $200.41 |

# DISBURSEMENTS

October 8, 2005 –
January 25, 2008

| | LITIGATION | BANKRUPTCY | |
|---|---|---|---|
| Radio Taxis | $940.92 | $8,381.70 | |
| Local Taxi | $128.00 | $33.00 | |
| Velo Binding | $1,140.00 | $432.00 | |
| WestLaw | $56,710.62 | $17,775.09 | |
| Word Processing | $1,631.25 | $3,465.00 | |
| **SUBTOTALS:** | **$149,462.35** | **$134,819.43** | |
| **Total Disbursements:** | | | **$284,281.78** |
| **Total Reductions:** | | | **$537.50** |
| **TOTAL DISBURSEMENTS REQUESTED:** | | | **$283,744.28** |

**EXHIBIT D-1:**

**SUMMARY BY PROJECT CATEGORIES**

**SEVENTH COMPENSATION PERIOD**

## PROJECT SUMMARY

**SHEARMAN & STERLING LLP**

October 1, 2007 –
January 25, 2008

| PROJECT CATEGORY | HOURS | FEES | VOLUNTARY REDUCTIONS | REDUCED FEES |
|---|---|---|---|---|
| Matter 20 – Securities Class Action | 630.9 | $327,017.50 | | |
| Matter 21 – Derivative Lawsuits | 21.9 | $7,631.50 | | |
| Matter 22 – ERISA Class Action | 159.9 | $95,734.00 | | |
| Matter 26 – Case Administration | 1.7 | $304.00 | | |
| Matter 28 – DIP Financing | 551.8 | $279,875.50 | | |
| Matter 33 – Fee Applications & Objections | 59.7 | $14,992.50 | | |
| Matter 35 – General Corporate | 0.9 | $510.50 | | |
| Matter 38 – Non-Working Travel | 9.0 | $5,473.75 | - $2,671.25 | |
| Matter 49 – Board Advice | 91.1 | $74,816.50 | | |
| Matter 50 – European Restructuring | 826.1 | $478,759.50 | | |
| **TOTAL:** | **2,353.0** | **$1,285,115.25** | | |
| **TOTAL VOLUNTARY REDUCTIONS:** | | | **- $2,671.25** | |
| **TOTAL REDUCED FEES REQUESTED:** | | **$1,282,444.00** | | |

**EXHIBIT D-2:**

**SUMMARY BY PROJECT CATEGORIES**

**FINAL COMPENSATION PERIOD**

## PROJECT SUMMARY

| PROJECT CATEGORY | HOURS | FEES | |
|---|---|---|---|
| | | | October 8, 2005 – January 25, 2008 |
| Matter 20 – Securities Class Action | 3,909.1 | $1,784,739.10 | |
| Matter 21 – Derivate Lawsuits | 114.2 | $39,056.60 | |
| Matter 22 – ERISA Class Action Litigation | 1,455.9 | $643,755.95 | |
| Matter 23 – SEC OPEB Investigation | 134.9 | $40,161.15 | |
| Matter 25 – Business Issues/Operations | 69.5 | $34,876.00 | |
| Matter 26 – Case Administration | 85.5 | $18,914.00 | |
| Matter 27 – Claims Administration & Objections | 2.1 | $913.50 | |
| Matter 28 – DIP Financing | 2,683.0 | $1,361,713.00 | |
| Matter 30 – Employee Benefits/Pensions | 7.6 | $4,095.50 | |
| Matter 31 – Employment Applications & Objections | 1,564.8 | $720,903.50 | |
| Matter 32 – Executory Contracts/Leases | 71.4 | $24,452.50 | |
| Matter 33 – Fee Applications & Objections | 657.7 | $159,011.00 | |
| Matter 34 – First Day Matters | 439.6 | $189,659.50 | |
| Matter 35 – General Corporate | 15.3 | $10,921.00 | |
| Matter 36 – Litigation | 4.9 | $2,294.50 | |
| Matter 37- Meetings of Creditors | 2.6 | $1,298.50 | |
| Matter 38 – Non-Working Travel | 148.2 | $50,271.00 | |
| Matter 40 – Relief From Stay | 1.8 | $609.00 | |
| Matter 41 – Relief from Stay Proceedings | 9.3 | $4,887.50 | |
| Matter 42 – Tax Issues | 1.2 | $604.50 | |
| Matter 43 – Utilities Matters | 37.1 | $18,520.50 | |
| Matter 44 – Strategic Planning | 187.8 | $105,095.00 | |
| Matter 45 – European Financing Matters | 18.2 | $10,022.50 | |
| Matter 47 – Intellectual Property | 53.0 | $22,917.50 | |
| Matter 48 – Securities Advice | 11.4 | $3,315.00 | |
| Matter 49 – Board Advice | 649.8 | $388,873.50 | |
| Matter 50 – European Restructuring | 826.1 | $478,759.50 | |
| **TOTAL FEES:** | **13,162.0** | **$6,120,640.80** | |
| **TOTAL VOLUNTARY REDUCTIONS:** | | **$99,769.21** | |
| **TOTAL REDUCED FEES:** | | **$6,020,871.59** | |

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8724)

Special Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11
                                            :
DELPHI CORPORATION, INC., et al.,           :        Case No.  05 - 44481 (RDD)
                                            :
Debtors.                                    :        (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**NOTICE OF SEVENTH  AND FINAL APPLICATION OF SHEARMAN & STERLING
LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

     PLEASE TAKE NOTICE that the **Seventh and Final Application of**

**Shearman & Sterling LLP, as Attorneys for The Debtors, for (A) Allowance of Interim**

**Compensation for Professional Services Rendered and Reimbursement of Actual and**

**Necessary Expenses Incurred From October 1, 2007 Through January 25, 2008, and (B)**

**Final Allowance of Compensation for Professional Services Rendered and for**

**Reimbursement of Actual and Necessary Expenses Incurred From October 8, 2005**

**Through and Including January 25, 2008** (the "Application") was filed with the United States

Bankruptcy Court for the Southern District of New York on December 17, 2009.  The

Application seeks approval of reasonable compensation for professional legal services rendered and expenses related thereto incurred by Shearman & Sterling LLP, counsel to Delphi Corporation and certain of its direct and indirect subsidiaries (the "Debtors"), for the period commencing October 1, 2007 through and including January, 25 2008 (the "Seventh Compensation Period"), in the amount of $1,310,052.36 (which is comprised of (i) $1,282,444.00 for fees and (ii) $27,608.36 for expenses), and final allowance of compensation for professional services rendered and expenses related thereto incurred by S&S for the period from October 8, 2005 through January 25, 2008 (the "Final Compensation Period"), in the amount of $6,304,615.87, (which is comprised of (i) $6,020,871.59 for fees and (ii) $283,744.28 for expenses).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the entry of an Order granting the Application must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and the Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bank. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, And (III) Scheduling An Initial Case Conference In Accordance With Local Bankr. R. 1007-2(e)(Docket No. 245)(the "Case Management Order"), must (c) state with particularity the legal and factual bases for the objection, and (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) − registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format), (e) must be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (f) must be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) special counsel for Debtors, Shearman & Sterling

LLP, 599 Lexington Avenue, New York, New York 10022, Att'n: Douglas P. Bartner, Esq., and (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard) in each case **so as to be received no later than 4:00 p.m., prevailing Eastern Time on a date to be determined** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT A HEARING ON FINAL APPROVAL OF THE APPLICATION WILL BE HELD ON A DATE TO BE DETERMINED.**  A copy of the Application can be obtained either by (a) accessing the document on the Bankruptcy Court's website at the above-mentioned address, or (b) contacting Marian D. Luketić of Shearman & Sterling LLP at (212) 848-4263.

Dated: December 17, 2009

SHEARMAN & STERLING LLP

By:  /s/ Douglas P. Bartner
Douglas P. Bartner (DB-2301)
Jill Frizzley (JF-8724)

599 Lexington Avenue
New York, New York  10022
Telephone: (212) 848-4000
Facsimile:  (212) 848-7179

Special Counsel to the Debtors and
Debtors in Possession