**Hearing Date and Time:  TBD**
**Objection Deadline:  TBD**

BUTZEL LONG, a professional corporation
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
Thomas B. Radom (P24631)

Commercial and Litigation Counsel to
Delphi Corporation, et al., Debtors and
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
    In re                           :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                              :
                     Debtors.        :    (Jointly Administered)
------------------------------------------------------------x

**SEVENTH AND FINAL APPLICATION OF BUTZEL LONG, COMMERCIAL
AND LITIGATION COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION,
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2007
THROUGH JANUARY 25, 2008 UNDER 11 U.S.C. §§ 330 AND 331**

**SUMMARY OF APPLICATION**

    Applicant's role in this case:    Commercial and Litigation Counsel to
                                                  Delphi Corporation, et al., Debtors and
                                                  Debtors-in-Possession

    Previous Applications:

        Time periods:                      10/08/05 through 9/30/07
        Fees Requested and Allowed:    $ 2,017,329.25
        Expenses Requested and Allowed:    $    122,224.88

Final Application:

| | |
|---|---|
| Time period: | 10/1/07 through 1/25/08 (the "Application Period") |
| Fees Requested: | $ 294,581.47 |
| Expenses Requested: | $     4,613.52 |
| | ---------------- |
| Total Interim Request: | $ 299,194.99 |

Previous Monthly Fee Statements for Current Application Period:

10/1/07 - 10/31/07 (fees: $36,005.70, expenses: $607.62). Butzel Long received payment of 80% of the fees ($28,804.56) and 100% of the expenses ($607.62) requested in this monthly statement.

11/1/07 – 11/31/07 (fees: $59,856.65, expenses: $3,009.32). Butzel Long received payment of 80% of the fees ($47,885.32) and 100% of the expenses ($3,009.32) requested in this monthly statement.

12/1/07 - 12/31/07 (fees: $57,460.50, expenses: $917.54). Butzel Long received payment of 80% of the fees ($45,968.40) and 100% of the expenses ($917.54) requested in this monthly statement.

1/01/08 – 1/25/08 (fees: $141,258.62, expenses: $79.04). Butzel Long received payment of 80% of the fees ($113,006.89) and 100% of the expenses ($79.04) requested in this monthly statement.

Butzel Long ("Butzel Long" or the "Firm"), commercial and litigation counsel to Delphi Corporation, et al., Debtors and Debtors-in-Possession in the above captioned cases ("Debtors"), submits this Seventh and Final Application ("Application"), pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, General Rule M-151 Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases ("Local Guidelines") and the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered November 4, 2005, as supplemented (the

000115900\0015\926066-2                             2

"Interim Compensation Order"), and the Order Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, entered on January 25, 2008 ("Confirmation Order") for allowance and payment of final compensation for professional services rendered to the Debtors and for reimbursement of expenses incurred in connection with such services for the period from October 1, 2007 through January 25, 2008 (the "Application Period").

In support of this Application, Butzel Long respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to the Local Guidelines, a certification of compliance is attached hereto as Exhibit A.

## BACKGROUND

3.     On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(b) and 1108 of the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' Chapter 11 cases (Docket Nos. 28 and 404).

4. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in the Debtors' cases.

5. On January 3, 2006, the Court entered an Order under §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Butzel Long, as commercial and litigation counsel to Debtors, effective as of October 8, 2005 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit B.

## REQUEST FOR FINAL COMPENSATION

6. By this Application, Butzel Long seeks an allowance of final compensation and full payment, without any hold-back of fees, for professional services rendered during the Application Period in the amount of $294,581.47. Butzel Long also requests reimbursement for actual and necessary expenses incurred by the Firm on the Debtors' behalf during the Application Period in the amount of $4,613.52.

7. Pursuant to the Interim Compensation Order, on a monthly basis during the Application Period, Butzel Long served upon the Debtors, the U.S. Trustee, the Committee and agents for the Debtors' pre- and postpetition credit facilities a fee statement for services rendered and expenses incurred. The Interim Compensation Order required that service of any objections to monthly statements be made within 15 days of the service of the respective statement. No objections were received to the Firm's monthly statements for which objections were required to be filed prior to the date of filing this Application.

8.  Butzel Long has received payment of 80% of the fees billed ($235,665.17) and 100% of the expenses ($4,613.52) requested in the monthly statements for the period October 1, 2007 through January 25, 2008.

9.  During the Application Period, Butzel Long's attorneys and paraprofessionals expended a total of 736.50 hours in the performance of necessary and critical services on behalf of the Debtors.

10. A schedule setting forth the total number of hours expended by each service provider during the Application Period and his/her respective hourly billing rate is annexed hereto as Exhibit C.

11. Schedules setting forth the number of hours expended by partners, associates and paraprofessionals of Butzel Long in respect to discrete categories of services rendered to the Debtors, and their respective hourly billing rates, are attached hereto as Exhibit D.

12. A schedule specifying the nature and amount of the expenses for which Butzel Long is seeking reimbursement is attached hereto as Exhibit E.

13. Butzel Long is charging for its services in accordance with its hourly rates in effect on the dates that services were rendered and pursuant to the terms set forth in the Application to employ the Firm, as approved by the Retention Order. Pursuant to agreement with the Debtors, effective January 1, 2007, the hourly rate cap on firm services in the area of vendor/supplier matters increased from $250.00 to $330.00.

14. There is no agreement or understanding between Butzel Long and any other person or entity for the sharing of compensation in connection with these chapter 11 cases.

15. All fees and expenses incurred during the Application Period are detailed in the exhibits to this Application.

16.     Due to the immediacy of legal representation for the Debtors relative to certain matters, it was necessary at times to employ more than one attorney to handle an otherwise difficult and complex task. In those instances where time has been charged by more than one attorney for such services, it was necessary in order to adequately represent the Debtors and to further the proper administration of this case. Therefore, the fees relating to the same were justified under the circumstances. Nonetheless, the Firm has diligently avoided the duplication of tasks throughout these proceedings.

17.     For the period October 8, 2005 through September 30, 2007, the Debtors have paid Butzel Long a total of $2,017,229.25 in fees and $122,234.88 in expenses. These fees and expenses were allowed pursuant to the following interim fee applications and orders:

| DATE OF APPLICATION | PERIOD COVERED IN FEE APPLICATION | TOTAL FEES/EXPENSES REQUESTED | DATE COURT ORDER ENTERED | TOTAL FEES/EXPENSES ALLOWED BY COURT |
|---|---|---|---|---|
| 10/14/05 | 6/1/05 through 8/31/05 | Fees: $140,281.00<br>Expenses: $69,897.14 | 10/14/05 | Fees: $140,281.00<br>Expenses: $69,897.14 |
| 2/21/06 | 9/1/05 through 12/31/05 | Fees: $80,016.50<br>Expenses: $40,061.93 | 3/23/06 | Fees: $80,016.50<br>Expenses: $40,061.93 |
| 6/15/06 | 1/1/06 through 4/30/06 | Fees: $60,707.50<br>Expenses: $14,158.10 | 6/11/06 | Fees: $60,707.50<br>Expenses: $14,158.10 |
| 10/12/06 | 5/1/06 through 8/31/06 | Fees: $44,994.50<br>Expenses: $10,862.34 | 11/9/06 | Fees: $44,994.50<br>Expenses: $10,862.34 |
| 2/15/07 | 9/1/06 through 12/31/06 | Fees: $31,783.50<br>Expenses: $2,216.68 | 2/15/07 | Fees: $31,783.50<br>Expenses: $2,216.68 |
| 6/14/07 | 1/1/07 through 4/30/07 | Fees: $34,514.50<br>Expenses: $2,752.73 | 7/37/07 | Fees: $27,611.60<br>Expenses: $2,752.73 |

18.     Butzel Long also seeks entry of an order for final approval of all fees and expenses incurred in the bankruptcy case as Commercial and Litigation Counsel to the Debtors.

**NARRATIVE SUMMARY OF ACTUAL AND NECESSARY SERVICES RENDERED**

19.     Butzel Long's services rendered to the Debtors have been primarily rendered by its insolvency professionals, Thomas B. Radom and Matthew E. Wilkins, one of its labor professionals, Charlotte A. Garry, six of its litigation professionals, James Wynne, Lynn A. Sheehy, Daniel Dulworth, Maureen Taylor, Daniel Sharkey and Benjamin Steffans, and one of its corporate attorneys, Susan Johnson.  Other Butzel Long attorneys have rendered services as needed.  As the detailed billing statements reflect (attached hereto as Exhibit F), each professional performed discrete services in this matter and they have been jointly involved in matters only where appropriate and essential to the progress of the case.  The names and hourly rates of all professionals and paraprofessionals of the Firm who have billed time during the relevant time period are set forth in Exhibit C.

20.     Since October 8, 2005 Butzel Long has rendered professional services to the Debtors on a weekly basis in furtherance of their interests.  The sheer volume of matters assigned to the Firm have required Butzel attorneys and other personnel to expend a substantial degree of time and resources in meeting the Debtors' needs.

21.     The Firm submits that the services it has rendered on behalf of the Debtors were actual, necessary and appropriate.  Further, the Firm believes that its services have directly contributed to the effective administration of these proceedings.

22.     The following is a general description of the primary services that Butzel Long rendered to the Debtors during the Application Period according to project billing category (as

reflected by the billing summary and supporting detail attached hereto as Exhibits C, D and F). The following is not an inclusive list but highlights of Butzel Long's efforts and activities.

      (i)    *Vendor/Supplier Matters*

23.    Butzel Long has represented the Debtors in numerous matters concerning various troubled suppliers of the companies, namely Access Electronics, Inc., ADC, LP, Autocam Corporation, Bing Metals Group, Inc., Blackhawk Automotive, Brockway Pressed Metals, CEP Products, Dana Corporation, GDX Automotive, Ideal Tool, Innovative Group Global, Inc., Intermet Corporation, Lunt Manufacturing, Manufacturers Products Co., Mold-Ex, QC Onics, Plastech Engineered Products, Precision Harness, Inc., Remy International, Rockford Products Corporation, Stahl Specialty Company, Starbrook Industries, Tenatronics Ltd., The American Team, Tower Automotive, Inc., United Plastics Group, U.S. Aeroteam, Inc., and Wren Industries. These troubled suppliers are sole source, just-in-time suppliers of critical component parts to the Debtors which lack adequate working capital to meet their expenses of operations. They have defaulted and face foreclosure, or at a minimum, have exhausted their borrowing availability, under the applicable loan documents with their respective secured lenders. In some matters, they have sought relief in their own chapter 11 cases. In order to avoid any disruption in the supply of the component parts by these troubled suppliers to the Debtors pending resourcing, a reorganization or a sale of the business to an acceptable buyer, and otherwise to protect the Debtors' tooling, Butzel Long has negotiated the extension of financial and other accommodations by the Debtors to the suppliers and their respective secured lenders through accommodation agreements, access and security agreements, cash collateral orders, debtor in possession financing orders and subordinated participation agreements. Butzel Long also has represented the Debtors in a supplier's chapter 11 case to enforce setoff claims, file proofs of

claim, review critical vendor programs, monitor the confirmation or sale process and preserve and protect generally the Debtors' overall interests in the case.

    (ii)    *Litigation*

24.    Butzel Long continues to represent the Debtors in various litigation matters as follows:

    a.    <u>Delphi v Segway, Inc.</u>

Butzel Long represents Delphi in a matter against Segway, Inc. Delphi and Segway worked together on a lithium ion battery development program in the early 2000's. The goal was for Delphi to ultimately produce for Segway lithium ion batteries for Segway's "Transporter" (which is the electric two-wheel upright scooter). After a few years of development and testing, Segway backed out of the deal. By that point, Delphi had invested approximately $5,000,000 in engineering costs. Delphi asked Segway to reimburse it for these costs (based upon a provision in Segway's Purchase Order Terms and Conditions requiring Segway to pay "reasonable cancellation costs"). Segway refused and suit by Delphi against Segway was commenced in the Oakland County Circuit Court but later removed to Federal District Court by Segway. Delphi successfully moved for remand of the case back to the state court. During this period, primary services related to discovery and Segway's motion for summary judgment which was denied.

    b.    <u>Michigan Spring & Stamping</u>

Delphi is the plaintiff in a UCC breach of contract case against its supplier, PPG. PPG had a contract to make fuel rail clips but the vendor departed

from the specifications of the contract in making them resulting in a defective product. Because the defect constituted a motor vehicle safety defect (the defect was safety-related in the sense that the part, the fuel rail clip, is central to the integrity of an auto's fuel delivery system and the defect could lead to a leak of fuel) the part had to be recalled from the field for replacement, and the expenses of the recall are consequential damages recoverable under Delphi's contract, which is what the lawsuit is about. During this period, primary services related to discovery and ultimately a favorable settlement in favor of Delphi.

c. <u>Kinpo Group</u>

Delphi engaged Butzel Long to pursue its claim against Kinpo for breach of a contract that required Kinpo to develop and manufacture a combination satellite radio receiver and global positioning system navigational product, and to file a lawsuit if Delphi's demands were not met. During this period, Butzel Long prepared and filed a complaint and dealt with foreign service issues regarding the complaint.

d. <u>2007 Property Tax Appeal/Auburn Hills</u>

Delphi engaged Butzel Long to appeal the 2007 tax assessment for the building leased by it located in Auburn Hills. A petition was filed in the Michigan Tax Tribunal and the City of Auburn Hills has filed an answer. The case involves the true cash value of the property and in all likelihood will be pending for at least another year or two, at which time we will amend the petition to include subsequent years' assessments. The amount in dispute is approximately $250,000 in taxes per year. The appeal continues.

  e. Donald Coleman

Delphi engaged Butzel Long to defend it against an age discrimination suit brought by Mr. Coleman in the United States District Court for the Eastern District of Michigan, Southern Division. This suit was subject to the automatic stay in the Debtors' chapter 11 cases and was dismissed without prejudice.

  f. Bytec/Stahl Specialty Company

Each of these companies threatened to stop shipping parts to Delphi unless Delphi provided adequate assurance of payment. Butzel Long was engaged to address and resolve these demands.

(iii) *Labor*

25. Butzel Long responded and filed position statements on a number of EEOC and local agency charges brought by employees of the Debtors all over the United States. In addition, the Firm handled daily labor and employment matters, such as researching issues concerning the FMLA or FLSA, responding to Bullard-Plawecki requests, and helping Human Resources Administrators with employment issues, including document retention questions. Fees for services rendered were originally pursuant to a prepetition engagement agreement between Butzel Long and Debtor, Delphi Corporation, that provided for a daily rate of $1,376 for an eight hour day and a hourly rate of $172 for any time spent over eight hours. Commencing in October, 2006, the fee arrangement was converted to straight hourly for services provided.

(iv) *Environmental*

26. Delphi has utilized the services of Butzel Long to advise on various environmental issues for the Interior Sale Group.

(v) *Promotional Matters*

27. Butzel Long submits that all of the services rendered during the Application Period were (i) actual, appropriate and necessary under the circumstances and benefited the Debtors and the Debtors' bankruptcy estates, and (ii) allowed the Debtors to be adequately represented and promoted the effective administration of the estates. Butzel Long further submits the requested compensation and reimbursement of expenses incurred for such services are reasonable.

28. No prior application has been made to this or any court for the relief requested in this Application.

## NOTICE

29. Notice of this Application has been served according to the terms of the Interim Compensation Order. Notice was served via e-mail upon all parties listed in the Master Service List and the 2002 Entities List except those persons entitled to receive the complete Application along with the Notice. The Notice and complete application with all exhibits were served via overnight mail upon (i) the Debtors' General Counsel; (ii) the Debtors' primary bankruptcy counsel; (iii) counsel for the Committee; (iv) counsel for the agent for the prepetition credit facility; (v) counsel for the agent for the postpetition credit facility; and (vi) the Office of the U.S. Trustee. Butzel Long represents that no other or further notice is necessary.

**WHEREFORE,** Butzel Long, as commercial and litigation counsel to the Debtors, respectfully requests that the Court enter an Order:

(1) granting this Seventh and Final Application for Compensation and Reimbursement of Expenses;

(2) awarding Butzel Long an allowed administrative claim for professional services rendered during the Application Period in the amount of $294,581.47, without any hold-back;

(3)     granting Butzel Long's request for a reimbursement for actual and necessary disbursements made on the Debtors' behalf during the Application Period in the amount of $4,613.52;

(4)     approving final fees in favor of Butzel Long in the amount of $2,311,910.72 for actual, necessary and reasonable professional services rendered on behalf of the Debtors during the bankruptcy cases;

(5)     approving final reimbursement of expenses in favor of Butzel Long in the amount of $126,838.40 for actual, necessary and reasonable expenses incurred on behalf of the Debtors during the bankruptcy cases;

(6)     authorizing the immediate payment of such sums referenced in the preceding paragraphs to the extent permitted by law; and,

(7)     granting such other and further relief as the Court may deem just in the premises.

Dated:  Bloomfield Hills, Michigan
        December 18, 2009

                               Respectfully submitted,

                               BUTZEL LONG, a professional corporation


                               By     /s/   Thomas B. Radom
                                    Thomas B. Radom (P24631)
                                    Stoneridge West
                                    41000 Woodward Avenue
                                    Bloomfield Hills, MI 48304
                                    Telephone:  (248) 258-1416

                                    Commercial and Litigation Counsel to
                                    Delphi Corporation, et al., Debtors and
                                    Debtors-in-Possession