**Presentment Date and Time: December 28, 2009 at 11:00 a.m. (prevailing Eastern time)**
**Objection Deadline:  December 28, 2009 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
                In re                                   :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
                Reorganized Debtors.                    :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PRESENTMENT OF ORDER APPROVING CERTAIN AGREEMENTS WITH
AND RESOLVING CERTAIN OBJECTIONS OF TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, AND
TOYOTA MOTOR SALES, U.S.A., INC. TO (A) ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) CURE AMOUNTS

PLEASE TAKE NOTICE that on June 16, 2009, Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of DPH Holdings Corp. and its subsidiaries and affiliates (the "Reorganized Debtors"), filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan") and the Court entered an order (Docket No. 17032) (the "Modification Procedures Order"), which, among other things, approved certain notices relating to the assumption and assignment of executory contracts and unexpired leases.

PLEASE TAKE FURTHER NOTICE that on July 10, 2009 and July 13, 2009, the Debtors filed and served certain Notices Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (collectively, the "Assignment Notices").

PLEASE TAKE FURTHER NOTICE that on July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA") filed an objection to the Modified Plan (Docket No. 18271) (the "Toyota Plan Objection") and on July 20, 2009, (a) TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"), (b) Toyota Motor Corporation ("TMC") filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"), and (c) Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota") filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection").

PLEASE TAKE FURTHER NOTICE that on July 27, 2009, the Debtors served and subsequently filed a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC were now to be assumed by the Debtors and assigned to DIP Holdco 3, LLC or its affiliate or designee.

PLEASE TAKE FURTHER NOTICE that on August 5, 2009, Toyota filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "New Assignment Objection" and together with the Toyota Plan Objection, the TMC Assignment Objection, the TEMA Assignment Objection, and the TMS Assignment Objection the "Toyota Objections").

PLEASE TAKE FURTHER NOTICE that to resolve the Toyota Objections with respect to the executory contracts and unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC"), the Reorganized Debtors, New DAS LLC, and TMS, TMC, or TEMA, as applicable, have entered into certain agreements that will be filed under seal, but redacted copies of such agreements are attached as exhibits to the proposed order (the "Proposed Order") that is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Proposed Order must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court for the Southern District of New York in accordance with General Order M-242 (as amended) – registered users of the court's case filing system must file electronically, and all

3

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140 (the "Bankruptcy Court"), and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: John Brooks) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: Ron E. Meisler), in each case so as to be received no later than 10:00 a.m. (prevailing Eastern time) on December 28, 2009.

PLEASE TAKE FURTHER NOTICE that if timely written objections are filed, served, and received in accordance with this notice, a hearing to consider approval of the Proposed Order will be held on January 21, 2010, at 10:00 a.m. (prevailing Eastern time) in the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that if no written objections to the Proposed Order are timely filed, served, and received, the Reorganized Debtors will present the Proposed Order to the Bankruptcy Court for consideration on December 28, 2009 at 11:00 a.m. (prevailing Eastern time) and the Bankruptcy Court may enter the Proposed Order without further notice.

Dated:    New York, New York
          December 18, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/ Ron E. Meisler
                                        John Wm. Butler, Jr.
                                        John K. Lyons
                                        Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                        - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                        Kayalyn A. Marafioti

                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
      In re                 :   Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :   Case No. 05-44481 (RDD)
                                                          :
                                                          :   (Jointly Administered)
          Reorganized Debtors.    :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER APPROVING CERTAIN AGREEMENTS WITH AND RESOLVING CERTAIN
OBJECTIONS OF TOYOTA MOTOR ENGINEERING & MANUFACTURING
NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, AND TOYOTA
MOTOR SALES, U.S.A., INC. TO (A) ASSUMPTION AND ASSIGNMENT OF
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) CURE AMOUNTS</u>

("TOYOTA CONTRACTS OBJECTIONS ORDER")

        Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on

June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of

its subsidiaries and affiliates (the "Debtors"), predecessors of DPH Holdings Corp. and its

subsidiaries and affiliates (the "Reorganized Debtors"), for entry of an order (i) approving certain

modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January

25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the

Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors'

proposed plan modifications, (iii) approving the form and manner of notices relating to the

assumption and assignment of executory contracts and unexpired leases under the Modified Plan,

--------------------------------

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

and (iv) authorizing the assumption and assignment of certain prepetition executory contracts and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having entered an order approving, among other things, the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases to be assigned to the applicable Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on July 30, 2009 having entered an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707); and upon the objections by Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA"), Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota") (Docket Nos. 18271, 18484, 18485, 18486, and 18742, collectively, the "Toyota Objections") to (x) adequate assurance of future performance, (y) assumption and assignment with respect to executory contracts or unexpired leases to be assumed and assigned under the Modified Plan, and (z) cure amounts; and the Court having reviewed and considered the Toyota Objections, and the Motion,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    This Court has jurisdiction over the Motion and the Toyota Objections pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion and the Toyota Objections are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases, the Motion, and the Toyota Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

B.       The predicates for the relief sought with respect to the Toyota Objections are the Modified Plan, sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, 9014, and 9019.

C.       As evidenced by the affidavits of service previously filed with the Court (Docket Nos. 14319, 16657, 18351, and 18708), (i) proper, timely, adequate, and sufficient notice of the Motion and the notices of the assumption and assignment of the Assumed and Assigned Contracts as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the assumption and/or assignment of the contracts and unexpired leases covered by the Toyota Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

D.       To resolve the Toyota Objections with respect to the executory contracts and unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC"), the Reorganized Debtors, New DAS LLC, and TMS, TMC, or TEMA, as applicable, have entered into certain agreements (the "Agreements"), redacted copies of which are attached hereto as Exhibit 1.

E.       As agreed to by the parties pursuant to the Agreements, the Toyota Objection found at Docket No. 18742 is hereby deemed resolved and such objection is subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, except as may be otherwise modified by the Agreements.

3

F.      As agreed to by the parties pursuant to the Agreements, the Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486, except to the extent that such objections relate to executory contracts or unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as applicable, are hereby deemed resolved and such objections are subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, except as may be otherwise modified by the Agreements.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Agreements, redacted copies of which are attached hereto as <u>Exhibit 1</u>, are hereby approved and the Reorganized Debtors are authorized to perform under the Agreements.

2.      The Toyota Objection found at Docket No. 18742 is hereby resolved pursuant to the terms of this order and the Agreements.

3.      The Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486 are hereby resolved pursuant to the terms of this order and the Agreements, except to the extent that such objections relate to executory contracts or unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as applicable (the "GM Related Objections"), which GM related Objections remain adjourned without date subject to the Reorganized Debtors' right to re-notice the objections for a future hearing in accordance with the Modification Approval Order.

4.      Toyota shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code, except as may be otherwise modified by the Agreements.

5.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with the Agreements or the enforcement of this order.

Dated: New York, New York
      December ___, 2009

                                      _____
                                          UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Redacted Agreements**

**REDACTED**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this ⟨21⟩ day of October, 2009, by and among (i) DPH–DAS LLC ("DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR CORPORATION ("TMC").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMC Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TMC.

**REDACTED**                          . For purposes of this Agreement only,
the TMC Contracts                              for products currently being
manufactured for TMC under the contracts with DPH

**REDACTED**

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old DAS LLC along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components"), or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

REDACTED

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMC Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TMC and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMC, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMC filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"); and (iii) on August 5, 2009, TMC filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMC New Assignment Objection"; collectively with the Toyota Plan Objection and the TMC Assignment Objection, the "TMC Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMC Objections being adjourned to August 17, 2009. The TMC Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMC Objections.

Now, Therefore, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMC Contracts, and any other executory TMC Contracts

REDACTED

**REDACTED**

(collectively, the "TMC Assigned Contracts")[1] shall (i) if such TMC Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TMC Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC.  For all TMC Assigned Contracts,
that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.   The parties acknowledge and agree that

**REDACTED**

3.   This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMC Objections.

4.   The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency.  If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

---

[1] For purposes of this Agreement,

**REDACTED**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH–DAS LLC

By: _____

Name: _____ JOHN BROOKS _____

Title: _____ PRESIDENT _____

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY
KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC)

By: _____

Name: _____ JOHN D. SHEEHAN _____

Title: _____ President _____

TOYOTA MOTOR CORPORATION

By: _____

Title: _____ General Manager, ILAD, Legal Div.

Date: _____ October 30, 2009 _____

4

**REDACTED**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 26 day of October, 2009, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS I, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates, including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.      DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies or has the obligation to supply, certain automobile component parts to TEMA.

**REDACTED**

For purposes of this Agreement only, the TEMA Contracts               for products currently being manufactured for TEMA under the contracts with DPH

**REDACTED**

B.      The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.      On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan

**REDACTED**

to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.      On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.      Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F.      On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.      On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.      The parties now desire to enter into this Agreement to resolve the TEMA Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.      In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts

2                         **REDACTED**

**REDACTED**

   (collectively, the "TEMA Assigned Contracts")[1] shall (i) if such TEMA Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TEMA Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC. For all TEMA Assigned Contracts,
    that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

   2.  Except for

**REDACTED**

   3.  Notwithstanding anything contained herein,

**REDACTED**

---

[1] For purposes of this Agreement, 

**REDACTED**

3

Monday, October 26, 2009

ryoung

**REDACTED**

4.    Provided that            **REDACTED**

5.    Provided that

**REDACTED**

6.    Notwithstanding anything contained above in Section

**REDACTED**

7.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TBMA Objections.

8.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy. A party may issue a public statement regarding this Agreement and its terms only to the extent necessary to comply with external regulatory reporting obligations of the party.

[Signatures appear on the following page]

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By:
Name: JOHN BEERS
Title: PRES. DEPT

DPH FURUKAWA WIRING SYSTEMS, LLC

By:
Name: JOHN BROOKS
Title:

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC)

By:
Name: JOHN D. SHEEHAN
Title: VP & CEO

TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.

By: Robert A. Young
Title: TEMA Purchasing, AGM
Date: 10·26·09

5

**REDACTED**

**Schedule 1**

**REDACTED**

Monday, October 26, 2009

ryoung

**REDACTED**

### ASSUMPTION AND ASSIGNMENT AGREEMENT

/November/

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this ___10___ day of October, 2009, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A.     DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

**REDACTED**

For

purposes of this Agreement only, the TMS Contracts for products currently being manufactured for TMS under the contracts with DPH

**REDACTED**

B.     The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.     On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure &

**REDACTED**

Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection"; collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMS Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts

**REDACTED**

2

**REDACTED**

(collectively, the "TMS Assigned Contracts")[1] shall (i) if such TMS Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TMS Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC. For all TMS Assigned Contracts, , that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.      The parties acknowledge and agree that

**REDACTED**

3.      This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

4.      The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

---

[1] For purposes of this Agreement,      **REDACTED**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _John Brooks_____
Title: _President_____

DPH FORUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _John Brooks_____
Title: _President_____

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS I, LLC)

By: _____
Name: _John D. Sheehan_____
Title: _VP + CFO_____

TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
Title: _GYP-TCS_____
Date: _11/10/09_____

4