# Exhibit A:

# Retainer Agreement

July 31, 2006

To:  The Official Committee of Equity Security Holders (the "Committee") of Delphi Corporation (together with its subsidiaries, the "Debtors" or the "Company")

**Committee Counsel**
Mr. Brad Eric Scheler, Esq., Partner
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

**Committee Chair**
Mr. Doug Dethy
D.C. Capital Partners, L.P.
800 Third Avenue
40th Floor
New York, NY 10022

Dear Messrs. Scheler and Dethy:

This letter confirms the terms of the agreement (the "Agreement") between Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") and the Committee concerning the Committee's engagement of Houlihan Lokey to provide financial advisory and related services to the Committee in connection with the restructuring of the Company.

1. **Scope of Engagement**. In connection with Houlihan Lokey's exclusive representation of the Committee, the scope of Houlihan Lokey's engagement shall be as follows:

    a. Labor Matters: Assist the Committee in analyzing matters relating to the Company's transformation of its workforce and the impact thereof on the Company on a pro forma basis including, (i) the Debtors' efforts to modify and/or reject (or terminate) collective bargaining agreements and retiree benefits under sections 1113 and 1114 of the Bankruptcy Code, (ii) the Debtors' attrition programs, including any future attrition or buydown programs, and (iii) the resulting costs and claims of such labor transformation efforts and programs, including assistance in evaluating the Company's financial models;

    b. General Motors Corporation: Assist the Committee in analyzing matters relating to the relationship and business arrangements between the Company and General Motors Corporation ("GM") including, evaluating and understanding legacy contracts, GM claims, claims against GM and go-forward business arrangements with GM pertaining to the transformation and the impact of go forward business arrangements on the Company on a pro forma basis, and evaluating potential settlements with GM including assessment of the value of possible debt, equity or other securities of the reorganized company to be received by GM; and

    c. Divestitures and Closings: Assist the Committee in analyzing matters relating to the Company's efforts to divest material property or business and the impact thereof on the Company on a pro forma basis, including the proposed transaction and cash flow impacts.

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006                                                                                                                -2-

For the avoidance of doubt, the following are excluded from the scope of services to be rendered to the Committee:

a. Determination or evaluation of the Debtors' enterprise value, on a consolidated and division basis, provided that the Committee shall be permitted to engage in the evaluation and analysis contemplated by (a), (b) and (c) above;

b. Monitoring and reviewing the business, management, operations, properties, financial condition and prospects of the Debtors;

c. Analyzing and reviewing the Debtors' claims process, including plan classification modeling, negotiation, and claim estimation (except for claims of GM and the unions representing employees of the Debtors arising out of the Company's transformation or those arising out of divestitures and closings); and

d. Participating in negotiations on behalf of the Committee other than with the Debtors.

2.  **Representation**.  Neither the Committee, the members thereof, their constituents, nor any of their advisors or professionals (including, but not limited to, counsel for the Committee), shall be liable for the fees, expenses or other amounts payable to Houlihan Lokey hereunder whether arising under the indemnification provisions hereunder or otherwise.  Notwithstanding such arrangement, Houlihan Lokey's duties hereunder run solely to the Committee, and Houlihan Lokey is not authorized to be, and will not purport to be, acting on behalf of, or at the direction of the Company for any purpose unless otherwise agreed to by the Committee and the Company.  All financial advice, written or oral, provided by Houlihan Lokey to the Committee pursuant to this Agreement is intended solely for the use and benefit of the Committee, and the Committee agrees that such advice may not be disclosed publicly or made available to third-parties without the prior written consent of Houlihan Lokey, which consent shall not be unreasonably withheld.  It is understood and agreed that certain communication and correspondence between Houlihan Lokey and the Committee, and work product and analyses will be considered prepared by Houlihan Lokey for the Committee at the direction of the Committee's counsel in connection with this matter, will be considered in preparation for litigation over the restructuring of the Company, and will be subject to the attorney-client privilege and work-product privilege between Committee Counsel, Houlihan Lokey and the Committee.

3.  **Advisor**.  Houlihan Lokey's services are limited to those specifically provided in this Agreement or subsequently agreed-upon by the parties hereto, and Houlihan Lokey shall have no obligation or responsibility for any other services.  Houlihan Lokey is providing its services hereunder as an independent contractor, and the parties agree that this Agreement does not create an agency or fiduciary relationship between Houlihan Lokey and the parties to this Agreement.

4.  **Consideration**.  In consideration of its services pursuant to this Agreement, and subject to the orders and procedures of the Bankruptcy Court, Houlihan Lokey shall be entitled to receive, and the Company shall pay to Houlihan Lokey, a monthly fee (the "Monthly Fee") each month in advance for its services of $175,000 per month, plus reasonable expenses that are

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006                                                                                                                                -3-

incurred by Houlihan Lokey on behalf of the Committee. Such out-of-pocket expenses shall include, but not be limited to, all documented and reasonable travel expenses, duplicating charges, computer charges, messenger services, long-distance telephone calls and reasonable fees of outside counsel not in excess of $75,000 incurred by Houlihan Lokey before termination (or related to Houlihan Lokey's pre-termination services) in connection with the matters contemplated by this Agreement. Upon execution of this Agreement, the Company shall pay Houlihan Lokey its initial monthly fee of $175,000. The Company shall pay the Monthly Fee on each monthly anniversary of the date of this Agreement (the "Effective Date"), in advance. Payment shall be made to Houlihan Lokey at the address above, Attention: David R. Hilty, in accordance with the wire instructions provided.

The parties acknowledge that the rendering of services hereunder will require a substantial professional commitment of time and effort by Houlihan Lokey and its professionals, and that such commitment may foreclose other opportunities for Houlihan Lokey. Moreover, the actual time and commitment required for the engagement may vary substantially from week to week or month to month, creating "peak load" issues for Houlihan Lokey. Given the numerous issues which may arise in these cases, Houlihan Lokey's commitment to the variable level of time and effort necessary to address such issues, the expertise and capabilities of Houlihan Lokey that will be required in this engagement, and the market rate for Houlihan Lokey's services of this nature (whether in or out of court), the parties agree that the fee arrangement hereunder is reasonable, fairly compensates Houlihan Lokey and provides certainty to the Company and the Committee.

5. **Bankruptcy Court**. The Committee shall, promptly after the execution of this Agreement by all parties hereto, seek an order from the Bankruptcy Court authorizing the employment of Houlihan Lokey pursuant to the terms of this Agreement, as professional persons pursuant to (and subject to the standard of review of) sections 328(a) and 1103 of the Bankruptcy Code, the Bankruptcy Rules, applicable local rules and orders of the Bankruptcy Court. The Committee will use its best efforts to obtain the Bankruptcy Court's approval of the Company's payment of Houlihan Lokey's fees and expenses *nunc pro tunc* to the Effective Date of this Agreement and of the other obligations of the Company provided in this Agreement. If the order authorizing the employment of Houlihan Lokey is obtained, the Company shall pay all fees and expenses as promptly as possible in accordance with the terms of this Agreement, the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders of the Bankruptcy Court. The terms of this paragraph are solely for the benefit of Houlihan Lokey and may be waived, in whole or in part, only by Houlihan Lokey.

6. **Termination**. This Agreement is terminable upon thirty (30) days written notice by the Committee or Houlihan Lokey, <u>provided, however</u>, that if the Agreement is terminated, Houlihan Lokey shall be paid all previously unpaid Monthly Fees and the pro-rata portion of the Monthly Fee for the month in which the Agreement is terminated. The termination of this Agreement will not affect (a) the indemnification, reimbursement, contribution and other obligations of the Company set forth in this Agreement and (b) Houlihan Lokey's right to receive any and all fees and expenses accrued as of the effective date of termination of this Agreement.

7. **Information**. The Company acknowledges and agrees that, in rendering its services hereunder, Houlihan Lokey will be using and relying on information made available to it by the

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006                                                                                                          -4-

Company and their advisors (the "Information") (and information available from public sources and other sources deemed reliable by Houlihan Lokey) without independent verification thereof by Houlihan Lokey or independent appraisal by Houlihan Lokey. Houlihan Lokey does not assume responsibility for the accuracy or completeness of the Information or any other information regarding the Company. Houlihan Lokey confirms that it has entered into a Confidentiality Agreement with the Company (the "Confidentiality Agreement"), and that nothing herein shall relieve it of the obligations provided for in such agreement; provided that Houlihan Lokey can share information that is subject to the Confidentiality Agreement with the Committee and its counsel in order to furnish its services hereunder.

8.    **CHOICE OF LAW; JURISDICTION.** **THIS AGREEMENT HAS BEEN NEGOTIATED, EXECUTED AND DELIVERED AT AND SHALL BE DEEMED TO HAVE BEEN MADE IN NEW YORK, NEW YORK. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS AND, IN THE ABSENCE THEREOF, THE LAWS OF THE STATE OF NEW YORK. THE PARTIES TO THIS AGREEMENT WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF HOULIHAN LOKEY PURSUANT TO, OR THE PERFORMANCE BY HOULIHAN LOKEY OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT.**

9.    **Authority**. The Company has all requisite corporate power and authority to perform its obligations contemplated hereby. The Committee and Houlihan Lokey have fully reviewed this Agreement, have obtained counsel on its terms, and have participated in the drafting of this Agreement such that it shall not be construed against any one party.

10.    **Counterparts**. For the convenience of the parties, any number of counterparts of this Agreement may be executed by the parties hereto. Each such counterpart shall be, and shall be deemed to be, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement.

11.    **Severability**. If it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that any term or provision hereof is invalid or unenforceable, (i) the remaining terms and provisions hereof shall be unimpaired and shall remain in full force and effect and (ii) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term or provision.

12.    **Publicity**. Upon authorization of the Bankruptcy Court for the employment of Houlihan Lokey under this Agreement, Houlihan Lokey may, at its own expense, place announcements in financial and other newspapers and periodicals (such as is customary) describing its services in connection with this engagement, but only to the extent such services may be publicly disclosed.

13.    **Entire Agreement**. This Agreement embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006                                                                                                           -5-

understanding relating to the matters provided for herein. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each party.

14.     **Indemnification**. Subject to the approval of the Bankruptcy Court, and as a material part of the consideration for Houlihan Lokey to furnish its services under this Agreement, the Company shall indemnify Houlihan Lokey and shall hold harmless Houlihan Lokey and its affiliates, and their respective past, present and future directors, officers, shareholders, employees, agents and controlling persons within the meaning of either Section 15 of the Securities Act of 1933, as amended, or Section 20 of the Securities Exchange Act of 1934, as amended (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages, expenses (legal or otherwise) or liabilities (or actions in respect thereof) (collectively, the "Liabilities"), joint or several, arising out of or related to the Agreement, any actions taken or omitted to be taken by an Indemnified Party in connection with Houlihan Lokey's provision of services to the Committee pursuant to this Agreement prior to the termination of this Agreement. In addition, the Company shall reimburse the Indemnified Parties for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, there shall be no liability under the foregoing indemnity and reimbursement agreement for any Liabilities which are finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any Indemnified Party.

If for any reason the foregoing indemnification is unavailable to any Indemnified Party or insufficient to hold it harmless, the Company shall contribute to the amount paid or payable by the Indemnified Party as a result of such Liabilities in such proportion as is appropriate to reflect the relative benefits received (or anticipated to be received) by the Committee and the Company, on the one hand, and Houlihan Lokey, on the other hand, in connection with the services rendered by Houlihan Lokey. If, however, the allocation provided by the immediately preceding sentence is not permitted by applicable law or otherwise, then the Company shall contribute to such amount paid or payable by any Indemnified Party in such proportion as is appropriate to reflect not only such relative benefits, but also the relative fault of the Committee and the Company, on the one hand, and Houlihan Lokey, on the other hand, in connection therewith, as well as any other relevant equitable considerations. Notwithstanding the foregoing, the aggregate contribution of all Indemnified Parties to any such Liabilities shall not exceed the amount of fees actually received by Houlihan Lokey pursuant to the Agreement.

The Committee and the Company shall not effect any settlement or release from liability in connection with any matter for which an Indemnified Party would be entitled to indemnification from the Company, unless such settlement or release contains a release of the Indemnified Parties reasonably satisfactory in form and substance to Houlihan Lokey. The Company shall not be required to indemnify any Indemnified Party for any amount paid or payable by such party in the settlement or compromise of any claim or action without the prior written consent of the Company.

Prior to entering into any agreement or arrangement with respect to, or effecting, any (i) merger, statutory exchange or other business combination or proposed sale, exchange, dividend or other

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006                                                                                                                    -6-

distribution or liquidation of all or a significant proportion of its assets, or (ii) significant recapitalization or reclassification of its outstanding securities that does not directly or indirectly provide for the assumption of the obligations of the Company set forth in this Agreement, the Company will notify Houlihan Lokey in writing thereof (if not previously so notified) and, if requested by Houlihan Lokey, shall arrange in connection therewith alternative means of providing for the obligations of the Company set forth herein, including the assumption of such obligations by another party, insurance, surety bonds or the creation of an escrow, in each case in an amount and upon terms and conditions reasonably satisfactory to Houlihan Lokey.

The Committee and the Company further agree that neither Houlihan Lokey nor any other Indemnified Party shall have any liability, regardless of the legal theory advanced, to the Committee, the Company or any other person or entity (including the Company's equity holders and creditors) related to or arising out of Houlihan Lokey's engagement, except for any liability for losses, claims, damages, liabilities or expenses incurred by the Committee and/or the Company that are finally judicially determined to have resulted from the willful misconduct or gross negligence of any Indemnified Party. The indemnity, reimbursement, contribution and other obligations and agreements of the Company set forth herein shall apply to any modifications of this Agreement, shall be in addition to any liability which these parties may otherwise have, and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of these parties and each Indemnified Party. The foregoing indemnification and other provisions shall survive the consummation of any termination of the relationship established by this Agreement.

The obligations of Houlihan Lokey are solely corporate obligations, and no officer, director, employee, agent, shareholder or controlling person of Houlihan Lokey shall be subjected to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement or any person relying on the services provided hereunder. The Company's obligations with respect to any and all payments owing to Houlihan Lokey and the indemnification, reimbursement, contribution and other similar obligations of the Company under this Agreement shall survive any termination of this Agreement.

The Official Committee of Equity Security
Holders of Delphi Corporation
July 31, 2006

-7-

The undersigned have agreed to the foregoing terms of this Agreement, which shall be effective as of the Effective Date set forth above.

THE OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF DELPHI CORPORATION
    by: DC Capital Partners LP, solely in its capacity as Chair of the Committee and not in its individual capacity

By: _____
    DOUGLAS L. OETHY   8/24/06

HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.

By: _____
    P. Eric Siegert
    Senior Managing Director