**Hearing Date and Time: To be determined.**
**Objection Deadline: To be determined.**

Paul J. N. Roy, Esq.
Craig E. Reimer, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711
(Special Outsourcing Counsel to the
Debtors and Debtors-in-Possession)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No.   05-44481 (RDD) |
| DELPHI  CORPORATION, INC., <u>et al</u>., | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------x

**APPLICATION OF MAYER BROWN LLP, SPECIAL OUTSOURCING COUNSEL TO THE DEBTORS, FOR (I) INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM OCTOBER 1, 2007 THROUGH JANUARY 25, 2008, AND (II) FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM <u>FEBRUARY 1, 2006 THROUGH JANUARY 25, 2008</u>**

**("FINAL FEE APPLICATION")**

| | |
|---|---|
| NAME OF APPLICANT: | Mayer Brown LLP ("Mayer Brown") |
| ROLE IN THE CASE: | Special Outsourcing Counsel to the Debtors |
| DATE OF RETENTION: | February 1, 2006 |
| INTERIM APPLICATION PERIOD: | October 1, 2007 through January 25, 2008 |
| TOTAL HOURS BILLED DURING INTERIM APPLICATION PERIOD: | 40.4 |
| TOTAL FEES RECORDED DURING INTERIM APPLICATION PERIOD: | $17,164.00 |
| LESS VOLUNTARY 5% DISCOUNT: | $261.56 |

LESS VOLUNTARY 10% DISCOUNT:                                              $1,193.25

COMPENSATION SOUGHT FOR                                                   $15,709.19
SERVICES RENDERED DURING
INTERIM APPLICATION PERIOD:

EXPENSES INCURRED DURING                                                  $825.51
INTERIM APPLICATION PERIOD
AND REIMBURSEMENT SOUGHT:

EXISTING FEE HOLDBACK (20%)                                               $3,141.85
DURING INTERIM APPLICATION
PERIOD:

AGGREGATE AMOUNTS PAID TO                                                 $13,392.85
DATE FOR SERVICES RENDERED
AND EXPENSES INCURRED DURING
INTERIM APPLICATION PERIOD:

PRIOR APPLICATIONS:

| PRIOR FEE APPLICATIONS | DATE FILED | PERIOD COVERED | INTERIM FEES REQUESTED (AWARDED) | INTERIM EXPENSE REIMBURSEMENT REQUESTED (AWARDED) |
|---|---|---|---|---|
| FIRST | 07/31/06 | 02/01/06 – 05/31/06 | $504,196.32 ($501,826.75) | $13,458.94 ($13,292.79) |
| SECOND | 11/30/06 | 06/01/06-09/30/06 | $908,664.55 ($906,277.48) | $16,926.48 (16,926.48) |
| THIRD | 03/30/2007 | 10/01/06-01/31/07 | $1,189,182.19 ($1,181,159.18) | $36,591.22 ($33,672.22) |
| FOURTH | 07/20/2007 | 02/01/07-05/31/07 | $791,472.48 ($791,472.48) | $27,949.16 ($25,687.16) |
| FIFTH | 12/13/17 | 06/01/07-09/30/07 | $29,378.49 ($25,878.49) | $1,508.43 ($1,508.43) |

| | |
|---|---|
| FINAL APPLICATION PERIOD: | February 1, 2006 through January 25, 2008 |
| TOTAL HOURS BILLED DURING FINAL APPLICATION PERIOD: | 8,740.3 |
| TOTAL FEES RECORDED DURING FINAL APPLICATION PERIOD: | $3,704,954.50 |
| LESS VOLUNTARY 5% DISCOUNT: | $104,211.96 |
| LESS VOLUNTARY 10% DISCOUNT: | $162,071.82 |
| PREVIOUSLY DISALLOWED FEES: | $16,347.15 |
| COMPENSATION SOUGHT FOR SERVICES RENDERED DURING FINAL APPLICATION PERIOD: | $3,422,323.57 |
| EXISTING FEE HOLDBACK (20%) DURING FINAL APPLICATION PERIOD: | $3,141.85 |
| TOTAL EXPENSES INCURRED DURING FINAL APPLICATION PERIOD | $97,259.74 |
| PREVIOUSLY DISALLOWED EXPENSES: | $5,347.15 |
| TOTAL EXPENSE REIMBURSEMENT SOUGHT: | $91,912.59 |
| AGGREGATE AMOUNTS PAID TO DATE FOR SERVICES RENDERED AND EXPENSES INCURRED DURING FINAL APPLICATION PERIOD: | $3,511,094.31 |

This is an __ Interim  <u>X</u> Final Application

Dated: Chicago, Illinois
December 21, 2009

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax 312.701.7711

By: <u>/s/Paul J.N. Roy, Esq.</u>
     Paul J.N. Roy, Esq.

(Special  Outsourcing Counsel to the
Debtors and Debtors-in-Possession)

Paul J. N. Roy, Esq.
Craig E. Reimer, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax  312.701.7711
(Special Outsourcing Counsel to the
Debtors and Debtors-in-Possession)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :     Case No.   05-44481 (RDD)
   DELPHI  CORPORATION, INC., et al.,           :     (Jointly Administered)
                                 Debtors.        :
-----------------------------------------------------------------x

**APPLICATION OF MAYER BROWN LLP, SPECIAL OUTSOURCING COUNSEL TO THE DEBTORS, FOR (I) INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM OCTOBER 1, 2007 THROUGH JANUARY 25, 2008, AND (II) FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM FEBRUARY 1, 2006 THROUGH JANUARY 25, 2008**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Mayer Brown LLP ("Mayer Brown"), special outsourcing counsel to Delphi Corporation

("Delphi"), one of the debtors and debtors-in-possession (the "Debtors") in the above-captioned

cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant

to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1, hereby makes its

application for (i) interim approval and allowance of compensation of $15,709.19 for

professional services rendered and reimbursement of $825.51 in expenses incurred from October

1, 2007 through and including January 25, 2008 (the "Interim Application Period"); (ii) final

approval and allowance of compensation of $3,422,323.57 for professional services rendered and

reimbursement of $91,912.59 in expenses incurred during these chapter 11 cases from February 1, 2006 through January 25, 2008 (the "Final Application Period"); and (iii) payment of outstanding fees in the amount of $3,141.85, and respectfully states as follows:

## PROFESSIONAL COMPENSATION AND
## REIMBURSEMENT OF EXPENSES REQUESTED

1.      This Final Fee Application has been prepared in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by this Court on April 19, 1995 (the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with same is annexed hereto as Exhibit A.

2.      This Court has jurisdiction to consider the Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Final Fee Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      During the Final Application Period, inclusive of the Interim Application Period, Mayer Brown attorneys have advised the Debtors in connection with certain of their information technology and outsourcing matters and have maintained their rights and interests therein.  A detailed description of the professional services rendered by Mayer Brown during the Final Application Period, inclusive of the Interim Application Period, are set forth in paragraphs 22 through 25.

4.      The partners, associates and paraprofessionals of Mayer Brown devoted approximately 40.4 hours in the rendition of professional services on behalf of the Debtors

2

during the Interim Application Period and approximately 8,740.3 hours during the Final Application Period. A schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Mayer Brown, their respective billing rates, and total amount billed by each during the Interim Application Period accompanies this Application as Exhibit B. Also included in Exhibit B is a schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Mayer Brown, their respective billing rates, and total amount billed by each during the Final Application Period.

5.      Mayer Brown is requesting final approval and allowance of compensation in the aggregate amount of $3,514,236.16, which is comprised of $3,422,323.57 in fees for services rendered, and reimbursement of $97,259.74 in disbursements incurred and posted during the Final Application Period, inclusive of $15,709.19 in fees for services rendered and reimbursement of $825.51 in disbursements incurred and posted during the Interim Application Period. During the Final Application Period, Mayer Brown received intermittent payment of its fees and expenses in accordance with its retention and, accordingly, Mayer Brown hereby seeks payment of the 20% fee holdback related to services rendered during the Interim Application Period in the aggregate amount of $3,141.85.

6.      A schedule setting forth the categories of expenses, total amount for each category and total expenses incurred during the Interim Application Period for which Mayer Brown is seeking reimbursement is attached hereto as Exhibit C. Also included in Exhibit C is a schedule setting forth the categories of expenses, total amount for each category and total expenses incurred during the Final Application Period for which Mayer Brown is seeking final allowance.

7.      Other than the arrangement between Mayer Brown and its members, there does not exist any agreement or understanding between Mayer Brown and any other entity for the sharing of compensation to be received for services rendered in or in connection with the chapter 11 cases.

8.      Pursuant to the terms of that certain engagement letter, dated February 3, 2006, between Mayer Brown and Delphi, Mayer Brown has applied a voluntary 10% discount to all of its fees related to the ITO Outsourcing Services Contract and the ADM Outsourcing matter, and a voluntary 5% discount to all other fees generated during the Interim and Final Application Periods.  Such discounted fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

9.      The attorneys and paraprofessionals of Mayer Brown maintained daily detailed records of their time concurrently with the rendition of professional services.  To the fullest extent possible, the details of each and every conference, telephone conversation, negotiating session, letter, memorandum, factual investigation, drafting activity and research project that occupied the time of a Mayer Brown professional were set forth in such time records which have been furnished to the United States Trustee for the Southern District of New York, the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases, the attorneys for the committee of equity security holders appointed in these chapter 11 cases, the attorneys for the Debtors prepetition lenders, the attorneys for the Debtors' postpetition lenders, and the joint fee review committee in connection with Mayer Brown's monthly fee statements.

10.    As of the date hereof, Mayer Brown does not maintain a retainer for professional services performed and to be performed, and expenses incurred and to be incurred on behalf of the Debtors in connection with these proceedings.

11.    In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, Mayer Brown has complied with these provisions requiring it to provide the Debtors, the attorneys for the Debtors' prepetition and postpetition lenders, the attorneys for the statutory creditors' committee appointed in these cases, and the Office of the United States Trustee for the Southern District of New York, on a monthly basis, with a statement of Mayer Brown's fees and disbursements accrued during the previous month. Mayer Brown has received payment on account of monthly statements submitted during the Interim Application Period as set forth below.

| Monthly Stmnt. | Total Fees | 80% of Fees | 20% of Fees | 100% of Exps. | Payment to Date |
|---|---|---|---|---|---|
| OCT. 2007 | $2,637.98 | $2,110.38 | $527.60 | $247.40 | $2,357.78 |
| NOV. 2007 | $2,159.38 | $1,727.50 | $431.88 | $91.32 | $1,818.82 |
| DEC. 2007 | $6,273.28 | $5,018.62 | $1,254.66 | $300.92 | $5,319.54 |
| JAN. 2008 | $4,638.55 | $3,710.84 | $927.71 | $185.87 | $3,896.71 |
| Totals: | $15,709.19 | $12,567.34 | $3,141.85 | $825.51 | $13,392.85 |

12.    As set forth above, to date Mayer Brown has received payments for services rendered during the Interim Application Period totaling $13,392.85, representing payment of 80% of the fees for professional services rendered and 100% of the expense reimbursement sought by Mayer Brown in its monthly fee statements covering October 1, 2007 through and including January 25, 2008.

13.    Accordingly, Mayer Brown hereby seeks approval of a total of $15,709.19 in fees for services rendered during the Interim Application Period and approval of $825.51 in aggregate expenses related thereto. The total of the 80% of the fees paid during the Interim Application Period is $12,567.34, and the total of the 100% of expenses reimbursed during the

5

Interim Application Period is $825.51.  The aggregate unpaid balance of fees and expenses incurred during the Interim Application Period is $3,141.85, which is comprised of the 20% fee holdback.

14.    Mayer Brown has received payments for services rendered during the Final Application Period, totaling $3,511,094.31, representing payment of 100% of the fees for professional services rendered, less those fees disallowed by the Court, from February 1, 2006 through September 30, 2007 along with 80% of the fees for professional services rendered during the Interim Application Period;  and 100% of the expense reimbursement sought by Mayer Brown in its monthly fee statements covering the Final Application Period.

15.    Accordingly, Mayer Brown hereby seeks final approval and allowance of a total of $3,514,236.16, comprised of $3,422,323.57 in fees for services rendered during the Final Application Period, payment of $3,141.85 in fees comprised of the 20% holdback for services rendered during the Interim Application Period,; and final approval and allowance of $91,912.59 in aggregate expenses related to services rendered during the Final Application Period.

## **BACKGROUND**

16.    On the Petition Date, each of the Debtors filed a voluntary petition in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code.

17.    On October 17, 2005, the United States Trustee for the Southern District of New York appointed the Creditors' Committee.  As of the date hereof, no request has been made for the appointment of a trustee or examiner in these cases.

18.    The Debtors have continued in possession of their respective properties and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

19.    Pursuant to an order of this Court dated May 12, 2006 (Docket No. 3758), and supplemented on January 22, 2007 (Docket No. 6676), the Debtors were authorized to retain Mayer Brown on a final basis as Delphi's special counsel to render legal services in connection with these chapter 11 cases.

20.    Except as otherwise set forth in the Declaration and Disclosure of Paul J.N. Roy in Support of Mayer Brown's Application for Entry of Order Under 11 U.S.C. §§ 327(e) and 1107(b) Authorizing Employment and Retention of Mayer, Brown, Rowe & Maw LLP as Special IT Outsourcing Counsel to the Debtors *Nunc Pro Tunc* to February 1, 2006 (Docket Number 3368), as supplemented periodically, Mayer Brown does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

21.    On December 10, 2007 the Court approved the Debtors' First Amended Disclosure Statement and on January 25, 2008 the Court confirmed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates.

## SUMMARY OF SERVICES

22.    During the Final Application Period, Mayer Brown attorneys have provided critically important legal advice and assistance to Delphi in connection with the preparation, documentation and negotiation of one or more information technology ("IT") outsourcing services contracts that will cover, on a global basis, application hosting, service desk and desktop functions related to the operation of Delphi's businesses.  Mayer Brown attorneys and other professionals

7

rendered approximately 7,035 hours of services in connection with the Debtors' IT matters during the Final Application Period and 16.5 hours during the Interim Application Period.

23.    Mayer Brown also provided additional outsourcing work related to F&A Outsourcing and other business process outsourcing matters, such as drafting, revising and editing a form of outsourcing agreement appropriate for the applicable business processing services; negotiating specific business process outsourcing agreements with third-party bidders to (i) obtain commitments to provide a defined scope of services at agreed-upon levels of service quality and agreed pricing, (ii) provide for ongoing improvement and change in Delphi's needs and available technology, (iii) establish a framework for governing the outsourcing relationship and (iv) allocate legal and business risks associated with the services arrangement; and assisting Delphi in selection of a finalist from the bidding process and finalizing the documentation to be entered into by Delphi with the selected service provider. Mayer Brown attorneys and other professionals rendered approximately 1,232 hours of services to this matter and related issues over the course of the Final Application Period and 3 hours during the Interim Application Period.

24.    In addition to the foregoing, Mayer Brown has performed work related to its retention by the Court and tended to various tasks to ensure compliance with compensation procedures for retained professionals.  Mayer Brown attorneys and other professionals rendered approximately 474 hours of services to retention and compensation compliance matters during the Final Application Period and approximately 21 hours during the Interim Application Period..

25.    In accordance with the UST Guidelines, Mayer Brown has allocated its services to six separate billing categories - (i) IT Outsourcing Services Contract; (ii) Managed Network Services (a subset of IT); (iii)ADM Outsourcing (a subset of IT); (iv) EDS Amendment (a subset of IT); (v) F&A Outsourcing; and (vi) Retention and Compensation Matters.

## APPLICABLE AUTHORITY

26.    In awarding compensation pursuant to sections 330 and 331 of the

Bankruptcy Code to counsel for a debtor, this Court must take into account the cost of comparable

non-bankruptcy services, among other factors.  Section 331 of the Bankruptcy Code provides:

> A trustee, an examiner, a debtor's attorney, or any professional
> person employed under Section 327 or 1103 of this title may apply
> to the court not more than once every 120 days after an order for
> relief in a case under this title, or more often if the court permits,
> for such compensation for services rendered before the date of
> such an application or reimbursement for expenses incurred before
> such date as is provided under Section 330 of this title.  After
> notice and a hearing, the court may allow and disburse to such
> applicant such compensation or reimbursement.

11 U.S.C. § 331.

Section 330(a) of the Bankruptcy Code provides in pertinent part:

> (1) . . . [T]he court may award to a trustee, an examiner, a
> professional person employed under Section 327 or 1103 -
>
> (A)    reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, professional
> person, or attorney and by any paraprofessional person
> employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.
>
> *   *   *
>
> (3) (A)    In    determining    the    amount    of    reasonable
> compensation to be awarded, the court shall consider the nature,
> the extent, and the value of such services, taking into account all
> relevant factors, including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case
> under this title;

9

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

27.    Mayer Brown has, by this Final Fee Application and the time records filed in connection herewith, demonstrated that the work it has done during the Final Application Period was reasonable and benefited the Debtors' estates.  The compensation request is well within the acceptable range for comparable legal services, and is fair given the efforts required of Mayer Brown in these cases and the results achieved for the benefit of this estate and its creditors.

28.    The experience, expertise and the quality of the services brought to this case by Mayer Brown further supports the requested compensation.  The standard rates are comparable to those charged by other practitioners of similar experience, competence and standing.  Moreover, in this case Mayer Brown has applied discounts of 5%, equal to $104,211.96, and 10%, equal to $162,071.82, to certain of its fees and, therefore, is charging the Debtors only 95%, and in many cases only 90%, of the normal and customary hourly rates for similar services rendered in like circumstances to other clients.

## COMPENSATION REQUESTED

29.    Mayer Brown respectfully requests final approval and allowance of its compensation in the amount of $3,514,236.16, representing $3,422,323.57 in fees accrued rendering services on behalf of  Delphi and $91,912.59 in disbursements incurred in relation thereto, during the Final Application Period.  An allowance of compensation in the amount sought in this Application would result in a blended billing rate of approximately $392.00 per hour.

10

30.    The ranges of the hourly rates for Mayer Brown's lawyers and legal assistants that rendered services on behalf of Delphi during the Final Application Period are as follows: the hourly rates for partners range from $420 to $1,025; the hourly rates for counsels range from $47 to $615; the hourly rates for associates range from $205 to $575; and the hourly rate for the legal assistant assigned to this matter ranged from $175 to $245.  The hourly rate of an individual attorney or an individual legal assistant is fixed and based upon a variety of factors, including, among others, seniority and area and nature of expertise.  In the normal course of business, Mayer Brown revises its hourly rates from time to time.

## **DISBURSEMENTS**

31.    As noted above, Mayer Brown seeks reimbursement of $91,912.59 for actual and necessary expenses incurred and recorded during the Final Application Period.  A summary of expenses incurred during each of the Final Application Period and Interim Application Period, set forth by category, is annexed as Exhibit C.  Detailed expense records along with receipts and backup from travel expenses incurred during the Final Application Period have been furnished to the United States Trustee for the Southern District of New York, the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases, the attorneys for the committee of equity security holders appointed in these chapter 11 cases, the attorneys for the Debtors prepetition lenders, the attorneys for the Debtors' postpetition lenders, and the joint fee review committee in connection with Mayer Brown's monthly fee statements.

32.    Mayer Brown's billing rates do not include components for duplicating, word processing and other extraordinary charges that may be incurred by particular clients because of the exigencies of time and volume of demand.  Mayer Brown's billing method,

whereby only the clients who use copying, word processing and other office services are charged for such services, maximizes fairness to all clients.

33.    Mayer Brown records as a reimbursable expense, without any markup, or other attempt to recover overhead, its toll charges for long distance voice and facsimile communications.

34.    The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances and enabled Mayer Brown to serve the needs of Delphi, the Debtors, their estates and their creditors.

## NOTICE

35.    In compliance with the Interim Compensation Order, notice of the filing of this Final Fee Application will be provided to all parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases. In addition, the Final Fee Application in its entirety will be served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq., (vi) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr.,

Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Att'n:  Kayalyn Marafioti, Esq., and (viii) the members of the Fee Review Committee, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: John D. Sheehan, and GE Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078, Attn: Ms. Valeria Venable.

## **CONCLUSION**

36.    For the reasons set forth above, Mayer Brown respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of Delphi during the Final Application Period were of substantial benefit to the Debtors, their estates and their creditors.   Mayer Brown submits further that it provided such services in an economical and efficient manner.   Accordingly, Mayer Brown respectfully requests that the relief requested in this Final Fee Application be granted in full.

WHEREFORE, Mayer Brown requests (i) final approval and allowance of compensation for professional services rendered and reimbursement of expenses as attorneys for Delphi during the Final Application Period, inclusive of the Interim Application Period, in the aggregate amount of $3,514,236.16, which is comprised of $3,422,323.57 in fees and $91,912.59 in expenses; (ii) that the Debtors be directed to pay Mayer Brown $3,141.85, comprised of the 20% fee holdback related to the Interim Application Period; and, (iii) such other and further relief as is just and proper.

Dated: Chicago, Illinois
December 21, 2009

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel. 312.782.0600
Fax 312.701.7711

By: /s/Paul J.N. Roy, Esq.
        Paul J.N. Roy, Esq.

(Special  Outsourcing Counsel to the
Debtors and Debtors-in-Possession)

14