**Hearing Date And Time: January 21, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: January 14, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-FIRST OMNIBUS OBJECTION PURSUANT TO 11 U.S.C.
§ 503(b) AND FED. R. BANKR. P. 3007 TO EXPUNGE CERTAIN (A) SEVERANCE CLAIMS
AND (B) BOOKS AND RECORDS CLAIMS ASSERTING ADMINISTRATIVE EXPENSES

("FORTY-FIRST OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit this Forty-First Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (A) Severance Claims And (B) Books And Records Claims Asserting Administrative Expenses (the "Forty-First Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2008, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No.14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  This Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

2

4.        On October 6, 2009, the Debtors substantially consummated the Modified

Plan, the Effective Date[1] occurred, and the transactions under the Master Disposition Agreement

and related agreements closed.  In connection therewith, DIP Holdco LLP (subsequently

renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of

DIP Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the

Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited

liability company, and Steering Solutions Services Corporation, a Delaware corporation,

acquired certain U.S. manufacturing plants and the Debtors' non-core steering business,

respectively.  The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and

affiliates and remain responsible for the post-Effective Date administration, including, without

limitation, the disposition of certain retained assets and payment of certain retained liabilities as

provided for under the Modified Plan, and the eventual closing of these chapter 11 cases.

5.        This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

6.        The statutory predicates for the relief requested herein are sections 503(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.        Administrative Claims Bar Dates

7.        Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the

Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As

---

[1]    Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

3

Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date

To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B)

Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date

entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court

established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an

administrative expense under section 503(b)(1) of the Bankruptcy (each, an "Administrative

Claim") for the period from the commencement of these cases through June 1, 2009.[2]  On or

before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused

Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11

cases, and Financial Balloting Group LLC, the noticing and voting agent in these chapter 11

cases, or their agents to transmit with the resolicitation materials in connection with the Modified

Plan a Notice Of Bar Date For Filing Proofs Of Administrative Expense describing the

procedures for asserting an Administrative Claim.

        8.      In addition, Articles 1.5 and 10.5 of the Modified Plan establish 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date occurred on

October 6, 2009, the Post-Emergence Bar Date is November 5, 2009.  On or before October 6,

2009, in accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to

---

[2]    On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of
Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require
parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of
these cases through May 31, 2009 rather than through June 1, 2009.

[3]    Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of
Article 10.3 of the Modified Plan.

all parties identifying themselves as creditors of the Reorganized Debtors, as well as those

holding equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving

Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And

Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.

The notice described, among other things, the procedures for asserting an Administrative Claim

arising between June 1, 2009 and the Effective Date.

        9.      On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall

Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website.

        10.     As of the Post-Emergence Bar Date, 3,213 proofs of administrative

expense (the "Proofs of Administrative Expense") have been filed against the Reorganized

Debtors in these cases.  Since the Effective Date, the Reorganized Debtors filed two omnibus

Claims objections to Administrative Claims.  Pursuant to which this Court has disallowed and

expunged approximately 1,507 Administrative Claims.  In addition, the hearings with respect to

24 Administrative Claims have been adjourned pursuant to the Claims Objection Procedures

Order and the Administrative Claims Objection Procedures Order (each as defined below).

        11.     On July 31, 2009, the Debtors filed a Motion For Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the

Debtors requested that certain claims objection procedures set forth in the Order Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of

Administrative Claims.  On October 22, 2009, this Court entered an order granting the

Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims

Objection Procedures Order").

12.    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6.

13.    In this Objection, the Reorganized Debtors are objecting to 83 Proofs of

Administrative Expense, all of which are set forth by Claimant in alphabetical order on <u>Exhibit C</u>

hereto and cross-referenced by proof of administrative expense number and basis of objection.[4]

<u>Relief Requested</u>

14.    By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 503(b) of the Bankruptcy Code and rule 3007(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") disallowing and expunging the Administrative

Claims (a) set forth on <u>Exhibit A</u> hereto filed by former employees asserting liabilities for

severance payments because the holders of such Administrative Claims have been paid their

severance in full and (b) set forth on <u>Exhibit B</u> hereto that were because such Administrative

---

[4]    This is the third omnibus objection to administrative expense claims.

Claims assert liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records.[5]

C.    Severance Claims

15.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts for severance benefits that are not owing pursuant to the Reorganized Debtors' books and records because such Administrative Claims were fully satisfied by severance payments already made (the "Severance Claims").  These payments were offered to employees terminated after October 8, 2005 and were fully paid either over time or in a single lump sum payment.  Accordingly, the Reorganized Debtors believe that the parties asserting Severance Claims are not creditors of the Debtors.

16.    Set forth on Exhibit A hereto are the Severance Claims that the Reorganized Debtors have identified as Claims for which the Debtors are no longer liable and should be disallowed and expunged.  If this Court does not disallow and expunge any of the Severance Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Severance Claims at a later date on any basis whatsoever.

17.    Accordingly, the Reorganized Debtors (a) object to the Severance Claims and (b) seek entry of an order disallowing and expunging the Severance Claims in their entirety.

D.    Books And Records Claims

18.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

---

[5]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

7

assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books

and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe

that the parties asserting Books And Records Claims are not creditors of the Debtors.

19.    The burden is on the claimant asserting an Administrative Claim to prove

by a preponderance of evidence that the allowance of the Administrative Claim is justified.  See

In re United States Lines, Inc., 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); In re National Steel

Corp. et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. American Airlines (In re

Midway Airlines), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R.

624, 630 (Bankr. E.D. Mich. 1996).  Because the holders of Books and Records Claims have

failed to do this, their Books and Records Claims should be disallowed and expunged.

20.    Set forth on Exhibit B hereto are the Books And Records Claims that the

Reorganized Debtors have identified as Claims for which the Debtors are not liable and should

be disallowed and expunged.  If this Court does not disallow and expunge any of the Books And

Records Claims in full, the Reorganized Debtors expressly reserve all of their rights to further

object to such Books And Records Claims at a later date on any basis whatsoever.

21.    Accordingly, the Reorganized Debtors (a) object to the Books And

Records Claims and (b) seek entry of an order disallowing and expunging the Books And

Records Claims in their entirety.

### Separate Contested Matters

22.    Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, to the extent that a response is filed with respect to any Administrative

Claim identified in this Forty-First Omnibus Claims Objection and the Reorganized Debtors are

unable to resolve the response prior to the hearing on this Objection, each such Administrative

Claim and the objection to such Administrative Claim asserted in this Objection will be deemed

to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Pursuant to

the Claims Objection Procedures Order and the Administrative Claims Procedures Order, any

order entered by this Court with respect to an objection asserted in this Objection will be deemed

a separate order with respect to each Administrative Claim.

Reservation Of Rights

23.    The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Forty-First Omnibus Claims Objection and to file additional objections to any

other Administrative Claims (filed or not) which may be asserted against the Reorganized

Debtors, including without limitation the right to object to any Administrative Claim not subject

to this Objection on the basis that it has been asserted against the wrong Debtor entity. Should

one or more of the grounds stated in this Objection be dismissed, the Reorganized Debtors

reserve their rights to object on other stated grounds or on any other grounds that the

Reorganized Debtors may discover. In addition, the Reorganized Debtors reserve the right to

seek further reduction of any Administrative Claim to the extent that such Administrative Claim

has already been paid.

Responses To Objections

24.    Responses to this Forty-First Omnibus Claims Objection are governed by

the provisions of the Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order. The following summarizes the provisions of the Claims Objection

Procedures Order, but is qualified in all respects by the express terms thereof.

E.    Filing And Service Of Responses

25.    To contest an objection, responses (each, a "Response"), if any, to the

Forty-First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules

of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

9

and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the

"Supplemental Case Management Order"), and the Sixteenth Supplemental Order Under 11

U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing

Omnibus Hearing Dates And Revising Certain Notice Procedures, entered December 11, 2009

(Docket No. 19178), (c) be filed with this Court in accordance with General Order M-242 (as

amended) – registered users of the this Court's case filing system must file electronically, and all

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The

Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom

116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago,

Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case

so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on January 14, 2010**.

F.    <u>Contents Of Responses</u>

26.    Every Response to this Forty-First Omnibus Claims Objection must

contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the claimant and a brief description of the basis for the
amount of the Administrative Claim;

10

(c)     a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

(d)     unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

G.    Timely Response Required

27.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Administrative Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on January 21, 2010 at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Forty-First Omnibus Claims Objection.

28.      Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court.  If a claimant whose Proof of Administrative Expense is subject to the Forty-First Omnibus Claims Objection and who is served with this Forty-First Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Forty-First Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.

## Further Information

29.      Questions about this Forty-First Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Administrative Claim should be directed to the Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative Claims.

<u>Notice</u>

30.    Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Sixteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Revising Certain Notice Procedures, entered December 11, 2009 (Docket No. 19178).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

31.    The Reorganized Debtors will provide each claimant whose Proof of Administrative Expense is subject to an objection pursuant to this Forty-First Omnibus Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the claimant's Proof of Administrative Expense that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on <u>Exhibits A</u>and <u>B</u> is attached hereto as <u>Exhibit D</u>.  Claimants will receive a copy of this Forty-First Omnibus Claims Objection without <u>Exhibits A</u> through <u>D</u> hereto.  Claimants will nonetheless be able to review <u>Exhibits A</u> through <u>D</u> hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          December 21, 2009

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr.
                                 John K. Lyons
                                 Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti

                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
       In re                   :       Chapter 11
                     :
DPH HOLDINGS CORP., et al.,   :       Case No. 05-44481 (RDD)
                     :
       Reorganized Debtors.     :       (Jointly Administered)
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
TO EXPUNGE CERTAIN (A) SEVERANCE CLAIMS AND (B) BOOKS
AND RECORDS CLAIMS ASSERTING ADMINISTRATIVE EXPENSES

("FORTY-FIRST-OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-First Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To Expunge Certain (A) Severance Claims And (B) Books And Records

Claims Asserting Administrative Expenses (the "Forty-First Omnibus Claims Objection"),[1] of

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned

cases (collectively, the "Reorganized Debtors"), dated December 21, 2009; and upon the record

of the hearing held on the Forty-First-Omnibus Claims Objection; and after due deliberation

thereon; and good and sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-First Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim for an administrative expense under section

503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on <u>Exhibits</u> <u>A</u> and <u>B</u>

hereto was properly and timely served with a copy of the Forty-First Omnibus Claims Objection,

a personalized Notice Of Objection To Claim, the proposed order granting the Forty-First

Omnibus Claims Objection, and notice of the deadline for responding to the Forty-First Omnibus

Claims Objection.  No other or further notice of the Forty-First Omnibus Claims Objection is

necessary.

B.      This Court has jurisdiction over the Forty-First Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-First Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-First Omnibus

Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Administrative Claims listed on <u>Exhibit A</u> are Administrative Claims

filed by former employees of the Debtors asserting liabilities for severance payments that have

already been satisfied in full (the "Severance Claims").

D.      The Administrative Claims listed on <u>Exhibit B</u> are Administrative Claims

that assert liabilities and dollar amounts for which the Debtors are not liable and that are not

owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

E.      <u>Exhibit C</u> hereto sets forth each of the Administrative Claims referenced

on <u>Exhibits</u> <u>A</u> and <u>B</u> in alphabetical order by claimant and cross-references each such

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
        of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

Administrative Claim by (i) proof of administrative expense number or schedule number and (ii)

basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    Each Severance Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and

expunged in its entirety.

2.    Each Books and Records Claim listed on <u>Exhibit B</u> hereto is hereby

disallowed and expunged in its entirety.

3.    Entry of this order is without prejudice to the Reorganized Debtors' rights

to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further

object to Administrative Claims that are the subject of the Forty-First-Omnibus Claims Objection.

4.    This Court shall retain jurisdiction over the Reorganized Debtors and the

holders of Administrative Claims subject to the Forty-First Omnibus Claims Objection to hear

and determine all matters arising from the implementation of this order.

5.    Each of the objections by the Reorganized Debtors to each Administrative

Claim addressed in the Forty-First Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>

and <u>B</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This

order shall be deemed a separate order with respect to each Administrative Claim that is the

subject of the Forty-First Omnibus Claims Objection.  Any stay of this order shall apply only to

the contested matter which involves such Administrative Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

3

6.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.


Dated: New York, New York
       January ___, 2010



_____
    UNITED STATES BANKRUPTCY JUDGE

**In re DPH Holdings Corp., et al.**                    **Forty-First Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BILLY RAY COLWELL | 19962 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$7,085.00<br><br>$7,085.00 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| CHRISTINA KATHRYN LITTLE | 19959 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$3,195.00<br><br>$3,195.00 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| DAVID ALLEN SMITH | 19878 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$22,250.00<br><br>$22,250.00 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| DAVID G ERMER | 18231 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$20,025.00<br><br>$20,025.00 | 07/10/2009 | DELPHI CORPORATION (05-44481) |
| DAVID R WALTERS | 17597 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$32,250.00<br><br>$32,250.00 | 07/07/2009 | DELPHI CORPORATION (05-44481) |
| DAVID SCOTT HODGES | 18495 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$44,625.00<br><br>$44,625.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| DAVID SCOTT HODGES | 16878 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$89,250.00<br><br>$89,250.00 | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| DONALD J ENZINNA | 17523 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$25,745.00<br><br>$25,745.00 | 07/07/2009 | DELPHI CORPORATION (05-44481) |

\*      The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GARY L DAVIS | 19911 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,324.50<br><br>$10,324.50 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| GARY L ZENT | 19819 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $23,574.00<br><br>$23,574.00 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| GEORGE E BRAND | 17957 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $35,950.00<br><br>$35,950.00 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| GERTRAUD E ESLAIRE | 19583 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $40,520.00<br><br>$40,520.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| GERTRAUD E ESLAIRE | 19965 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $40,520.00<br><br>$40,520.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| HORACE SCRUGGS | 20002 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $14,700.00<br><br>$14,700.00 | 11/02/2009 | DELPHI CORPORATION (05-44481) |
| HORACE SCRUGGS | 18260 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $25,520.00<br><br>$25,520.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| JAMES DAVID TUCKER | 19980 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $8,287.50<br><br>$8,287.50 | 11/05/2009 | DELPHI CORPORATION (05-44481) |

\*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                        Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JAMES P STEIGER | 17704 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$30,960.00<br><br>$30,960.00 | 07/03/2009 | DELPHI CORPORATION (05-44481) |
| JEFFREY C SPENCER | 19171 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$35,700.00<br><br>$35,700.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JODIE M HOFF | 19961 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$4,935.00<br><br>$4,935.00 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| JOHN D FUNK | 19826 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$17,677.50<br><br>$17,677.50 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| JOSEPH R DOUGLASS | 19914 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$9,240.00<br><br>$9,240.00 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| KEITH A KOZLOWSKI | 19947 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$14,420.00<br><br>$14,420.00 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| LAWRENCE J SPROCKETT | 19871 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$36,877.50<br><br>$36,877.50 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| LAWRENCE J SPROCKETT | 19807 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$36,877.50<br><br>$36,877.50 | 10/12/2009 | DELPHI CORPORATION (05-44481) |

\*      The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                                    Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| LINDA L FRITTS | 19948 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$15,992.50<br><br>$15,992.50 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| MARIE M NEY | 19912 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$17,900.00<br><br>$17,900.00 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| RANDALL HACHENSKI | 19876 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$23,187.05<br><br>$23,187.05 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| RAYMOND M AMARA | 18124 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$19,545.00<br><br>$19,545.00 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| RENEE L WAAG | 19839 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$7,052.00<br><br>$7,052.00 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| RICHARD J GIBSON | 19915 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$7,780.50<br><br>$7,780.50 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| ROBERT NELSON MINKLER | 19865 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$14,987.50<br><br>$14,987.50 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| ROY H GRIFFIN III | 19886 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$8,520.00<br><br>$8,520.00 | 11/03/2009 | DELPHI CORPORATION (05-44481) |

*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**      "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                                        **Forty-First Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS * | CLAIM NUMBER | ASSERTED CLAIM AMOUNT ** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| STEVEN PHILLIP NEIMAN | 17930 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $33,750.00<br><br>$33,750.00 | 07/06/2009 | DELPHI CORPORATION (05-44481) |
| SUSAN A LOCKHART | 18132 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $25,740.00<br><br>$25,740.00 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS C BYRNE | 18416 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $31,450.00<br><br>$31,450.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| TODD JAMMER | 19829 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $18,750.00<br><br>$18,750.00 | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| VICTOR MENDEZ | 19892 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $17,302.50<br><br>$17,302.50 | 11/03/2009 | DELPHI CORPORATION (05-44481) |

|  | Total: | 37 | | $872,465.55 | | |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                   Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ABEAM CONSULTING USA LTD<br>8445 FREEPORT PKWY STE 525<br>IRVING, TX 75063 | 18531 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $12,730.00<br><br>$12,730.00 | 07/13/2009 | DELPHI CORPORATION<br>(05-44481) |
| ABILITY WORKS INC<br>ATTN LEE ALDERMAN<br>PO BOX 1698<br>JACKSON, MS 39215-1698 | 17720 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $13,237.67<br><br>$13,237.67 | 07/06/2009 | DELPHI CORPORATION<br>(05-44481) |
| BONNIE THIELE<br>1903 MEADOWLARK DR<br>JANESVILLE, WI 56546-1408 | 17325 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/06/2009 | DELPHI CORPORATION<br>(05-44481) |
| BRANDENBURG INDUSTRIAL SERVICES<br>COLLEEN E MCMANUS<br>MUCH SHELIST DENENBERG<br>AMENT & RUBENSTEIN PC<br>191 N WACKER DR STE 1800<br>CHICAGO, IL 60606 | 17055 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $392,597.38<br><br>$392,597.38 | 06/30/2009 | DELPHI CORPORATION<br>(05-44481) |
| BURNS & MCDONNELL INC<br>ATTN PAUL SINCLAIR<br>C O POLSINELLI SHUGHART PC<br>120 W 12TH ST<br>KANSAS CITY, MO 64105 | 18536 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $123,798.21<br><br>$123,798.21 | 07/13/2009 | DELPHI AUTOMOTIVE<br>SYSTEMS LLC (05-44640) |
| BURNS & MCDONNELL, INC<br>ATTN PAUL SINCLAIR<br>POLSINELLI SHUGHART PC<br>120 W 12TH ST<br>KANSAS CITY, MO 64105 | 17154 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $123,798.21<br><br>$123,798.21 | 07/01/2009 | DELPHI CORPORATION<br>(05-44481) |
| C & N MANUFACTURING INC<br>33722 JAMES J POMPO DR<br>FRASER, MI 48026 | 17509 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $17,962.00<br><br>$17,962.00 | 07/07/2009 | DELPHI CORPORATION<br>(05-44481) |

\*    "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                                **Forty-First Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CHUN CHANG<br>PARKLAND DESIGN CORP<br>1405 LYELL AVE<br>ROCHESTER, NY 14606 | 17884 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $20,510.90<br><br>$20,510.90 | 07/06/2009 | DELPHI CORPORATION<br>(05-44481) |
| COLUMBIA MARKING TOOLS<br>27430 LUCKINO DR<br>CHESTERFIELD, MI 48047 | 17079 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,095.00<br><br>$1,095.00 | 06/30/2009 | DELPHI CORPORATION<br>(05-44481) |
| COMAIRCO EQUIPMENT<br>240 FRENCH RD<br>BUFFALO, NY 14227 | 17077 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $150.00<br><br>$150.00 | 06/30/2009 | DELPHI CORPORATION<br>(05-44481) |
| CUSTOM SERVICE SOLUTIONS INC<br>18 EFNER DR<br>HILTON, NY 14468 | 17843 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $5,287.00<br><br>$5,287.00 | 07/06/2009 | DELPHI CORPORATION<br>(05-44481) |
| CYLINDER SERVICE INC<br>900 MAPLE ST<br>ROCHESTER, NY 14611 | 17068 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $4,924.27<br><br>$4,924.27 | 06/30/2009 | DELPHI CORPORATION<br>(05-44481) |
| DAVID L PERKINS<br>PO BOX 2016<br>LAWRENCEVILLE, GA 30046 | 17716 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $500.00<br><br>$500.00 | 07/03/2009 | DELPHI CORPORATION<br>(05-44481) |
| DAYTON CAPSCREW CORP<br>5747 WEBSTER ST<br>DAYTON, OH 45414 | 16963 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $425.81<br><br>$425.81 | 06/29/2009 | DELPHI CORPORATION<br>(05-44481) |
| ENGINEERED SYSTEMS INC<br>23900 HAGGERTY RD<br>FARMINGTON HILLS, MI 48335-2618 | 18010 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/09/2009 | DELPHI CORPORATION<br>(05-44481) |

\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                                    Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ERATECH ENVIRONMENTAL INC ATTN DOUG KOHNEN 3508 WILMINGTON PIKE KETTERING, OH 45429 | 17047 | Secured: Priority: Administrative: Unsecured: Total: | $697.50 $697.50 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| FANUC ROBOTICS AMERICA INC ATTN M VALLIERES 3900 W HAMLIN RD ROCHESTER HILLS, MI 48309-3253 | 17688 | Secured: Priority: Administrative: Unsecured: Total: | $348.00 $348.00 | 07/08/2009 | DELPHI CORPORATION (05-44481) |
| FESSLER & BOWMAN INC 4099 EAGLES NEST CT FLUSHING, MI 48433 | 17194 | Secured: Priority: Administrative: Unsecured: Total: | $139,971.58 $139,971.58 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| JESCO PRODUCTS CO INC 6592 ARROW DR STERLING HEIGHTS, MI 48314 | 17076 | Secured: Priority: Administrative: Unsecured: Total: | $4,829.94 $4,829.94 | 06/30/2009 | DELPHI CORPORATION (05-44481) |
| JMR SYSTEMS INC 42 E DERRY RD DERRY, NH 03038-1658 | 16884 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| KEYSTONE COMPONENTS INC MIKE 1960 CASE PKWY SOUTH TWINSBURG, OH 44087 | 17404 | Secured: Priority: Administrative: Unsecured: Total: | $431.00 $431.00 | 07/06/2009 | DELPHI CORPORATION (05-44481) |
| LAUREL MACHINE & FOUNDRY CO PO DRAWER 1049 LAUREL, MS 39441 | 17026 | Secured: Priority: Administrative: Unsecured: Total: | $366.25 $366.25 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| LOMAR MACHINE & TOOL CO ATTN BARBARA GEISMAN 135 MAIN ST HORTON, MI 49246 | 17224 | Secured: Priority: Administrative: Unsecured: Total: | $17,103.40 $17,103.40 | 07/02/2009 | DELPHI CORPORATION (05-44481) |

\*      "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                              Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| MARKETWIRE INC<br>100 N SEPULVEDA BLVD STE 300<br>EL SEGUNDO, CA 90245-5656 | 17468 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$3,972.00<br><br>$3,972.00 | 07/07/2009 | DELPHI CORPORATION<br>(05-44481) |
| METFORM INC<br>RAY BURBEE<br>467 F WARDS CORNER RD<br>LOVELAND, OH 45140 | 16916 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$6,235.00<br><br>$6,235.00 | 06/25/2009 | DELPHI CORPORATION<br>(05-44481) |
| MICHAEL BRUEWER<br>103 S 5TH ST<br>MIAMISBURG, OH 45342 | 17710 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$500,000.00<br><br>$500,000.00 | 07/03/2009 | DELPHI CORPORATION<br>(05-44481) |
| NEWCOMB SPRING CORP DBA<br>RESORTES NEWCOMB<br>DAVID DUBROW CONTROLLER<br>5408 PANOLA INDUSTRIAL BLVD<br>DECATUR, GA 30035 | 16883 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$780.00<br><br>$780.00 | 06/26/2009 | DELPHI CORPORATION<br>(05-44481) |
| NORBERT J SHAY DMD<br>150 NEWTON ST<br>BROOKLINE, MA 02445 | 17638 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$1,250.00<br><br>$1,250.00 | 07/03/2009 | DELPHI CORPORATION<br>(05-44481) |
| OHIO INDUSTRIAL SUPPLY INC<br>1220 MARKET AVE S<br>CANTON, OH 44707 | 17590 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$287.97<br><br>$287.97 | 07/07/2009 | DELPHI CORPORATION<br>(05-44481) |
| ORTHO DESIGN INC<br>5710 DIXIE HWY<br>SAGINAW, MI 48601 | 17016 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$20,600.00<br><br>$20,600.00 | 06/29/2009 | DELPHI CORPORATION<br>(05-44481) |

*       "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                      Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| PANALPINA MANAGEMENT LTD AND PANALPINA INC ATTN LAWRENCE SCHWAB THOMAS GAA BIALSON BERGEN & SCHWAB 2600 EL CAMINO REAL STE 300 PALO ALTO, CA 94306 | 19181 | Secured: Priority: Administrative: Unsecured: Total: | $9,664,668.94 $9,664,668.94 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| PARKWAY PLASTICS INC 612 PARKWAY DR W BRANCH, MI 48661 | 16920 | Secured: Priority: Administrative: Unsecured: Total: | $33,066.70 $33,066.70 | 06/25/2009 | DELPHI CORPORATION (05-44481) |
| PIEDMONT NATURAL GAS COMPANY BANKRUPTCY 4339 S TRYON ST CHARLOTTE, NC 28217-1733 | 17729 | Secured: Priority: Administrative: Unsecured: Total: | $81.59 $81.59 | 07/08/2009 | DELPHI CORPORATION (05-44481) |
| PITTSFIELD OF INDIANA INC PO BOX 1027 ANN ARBOR, MI 48106 | 16892 | Secured: Priority: Administrative: Unsecured: Total: | $1,637.00 $1,637.00 | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| RJ STUCKEL CO INC 211 SEEGERS AVE ELK GROVE VILLAGE, IL 60007 | 17023 | Secured: Priority: Administrative: Unsecured: Total: | $1,800.00 $1,800.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| ROCHESTER GAS & ELECTRIC CORPORATION 89 EAST AVE ROCHESTER, NY 14649 | 17196 | Secured: Priority: Administrative: Unsecured: Total: | $10,677.46 $10,677.46 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19139 | Secured: Priority: Administrative: Unsecured: Total: | $238,474.30 $238,474.30 | 07/15/2009 | DELPHI CORPORATION (05-44481) |

*       "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                Forty-First Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SHARON H RICHARDSON MISSISSIPPI WORKERS COMPENSATION INDIVIDUAL SELF INSURER GUARANTY ASSN PO BOX 13187 JACKSON, MS 39236 | 19569 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 08/13/2009 | DELPHI CORPORATION (05-44481) |
| SHARON H RICHARDSON MISSISSIPPI WORKERS COMPENSATION INDIVIDUAL SELF INSURER GUARANTY ASSN PO BOX 13187 JACKSON, MS 39236 | 19560 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 08/13/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| SORALUCE HERMANOS SA ZONA INDUSTRIAL PO BOX 30 AZKOITIA GIPUZKOA, 20720 SPAIN | 17025 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| STATE OF MICHIGAN DEPARTMENT OF TRANSPORTATION PO BOX 30648 LANSING, MI 48909 | 17027 | Secured: Priority: Administrative: Unsecured: Total: | $530.84 $530.84 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| SYNTECH ABRASIVES 8325 H ARROWRIDGE BLVD CHARLOTTE, NC 28273 | 17653 | Secured: Priority: Administrative: Unsecured: Total: | $4,721.00 $4,721.00 | 07/03/2009 | DELPHI CORPORATION (05-44481) |
| TRUEFIT SOLUTIONS INC 800 CRANBERRY WOODS DR STE 120 CRANBERRY TOWNSHIP, PA 16066 | 16889 | Secured: Priority: Administrative: Unsecured: Total: | $450.00 $450.00 | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| VISION ENGINEERING INC JOSEPHINE IORIO 570 DANBURY RD NEW MILFORD, CT 06776 | 17046 | Secured: Priority: Administrative: Unsecured: Total: | $1,965.63 $1,965.63 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| WEILER WELDING COMPANY INC 324 E SECOND ST DAYTON, OH 45402-172 | 17588 | Secured: Priority: Administrative: Unsecured: Total: | $1,144.30 $1,144.30 | 07/07/2009 | DELPHI CORPORATION (05-44481) |

*       "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                    **Forty-First Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WENDLING SHEET METAL INC<br>2633 CARROLLTON RD<br>SAGINAW, MI 48604 | 17089 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$8,950.00<br><br>$8,950.00 | 06/30/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **46** | | **$11,382,056.85** | | |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd   Doc 19223   Filed 12/21/09   Entered 12/21/09 17:15:30   Main Document
Pg 31 of 38

Forty-First Omnibus Claims Objection

Exhibit C - Claimants And Related Administrative Claims Subject To Forty-First Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ABEAM CONSULTING USA LTD | 18531 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ABILITY WORKS INC | 17720 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BILLY RAY COLWELL | 19962 | EXHIBIT A - SEVERANCE CLAIMS |
| BONNIE THIELE | 17325 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BRANDENBURG INDUSTRIAL SERVICES | 17055 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BURNS & MCDONNELL INC | 18536 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BURNS & MCDONNELL, INC | 17154 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| C & N MANUFACTURING INC | 17509 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| CHRISTINA KATHRYN LITTLE | 19959 | EXHIBIT A - SEVERANCE CLAIMS |
| CHUN CHANG | 17884 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| COLUMBIA MARKING TOOLS | 17079 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| COMAIRCO EQUIPMENT | 17077 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| CUSTOM SERVICE SOLUTIONS INC | 17843 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| CYLINDER SERVICE INC | 17068 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DAVID ALLEN SMITH | 19878 | EXHIBIT A - SEVERANCE CLAIMS |
| DAVID G ERMER | 18231 | EXHIBIT A - SEVERANCE CLAIMS |
| DAVID L PERKINS | 17716 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DAVID R WALTERS | 17597 | EXHIBIT A - SEVERANCE CLAIMS |
| DAVID SCOTT HODGES | 16878 | EXHIBIT A - SEVERANCE CLAIMS |
| DAVID SCOTT HODGES | 18495 | EXHIBIT A - SEVERANCE CLAIMS |
| DAYTON CAPSCREW CORP | 16963 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DONALD J ENZINNA | 17523 | EXHIBIT A - SEVERANCE CLAIMS |
| ENGINEERED SYSTEMS INC | 18010 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ERATECH ENVIRONMENTAL INC | 17047 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| FANUC ROBOTICS AMERICA INC | 17688 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| FESSLER & BOWMAN INC | 17194 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| GARY L DAVIS | 19911 | EXHIBIT A - SEVERANCE CLAIMS |
| GARY L ZENT | 19819 | EXHIBIT A - SEVERANCE CLAIMS |
| GEORGE E BRAND | 17957 | EXHIBIT A - SEVERANCE CLAIMS |
| GERTRAUD E ESLAIRE | 19583 | EXHIBIT A - SEVERANCE CLAIMS |
| GERTRAUD E ESLAIRE | 19965 | EXHIBIT A - SEVERANCE CLAIMS |
| HORACE SCRUGGS | 18260 | EXHIBIT A - SEVERANCE CLAIMS |
| HORACE SCRUGGS | 20002 | EXHIBIT A - SEVERANCE CLAIMS |
| JAMES DAVID TUCKER | 19980 | EXHIBIT A - SEVERANCE CLAIMS |
| JAMES P STEIGER | 17704 | EXHIBIT A - SEVERANCE CLAIMS |
| JEFFREY C SPENCER | 19171 | EXHIBIT A - SEVERANCE CLAIMS |
| JESCO PRODUCTS CO INC | 17076 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| JMR SYSTEMS INC | 16884 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| JODIE M HOFF | 19961 | EXHIBIT A - SEVERANCE CLAIMS |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd   Doc 19223   Filed 12/21/09   Entered 12/21/09 17:15:30   Main Document
Pg 32 of 38

Forty-First Omnibus Claims Objection

Exhibit C - Claimants And Related Administrative Claims Subject To Forty-First Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| JOHN D FUNK | 19826 | EXHIBIT A - SEVERANCE CLAIMS |
| JOSEPH R DOUGLASS | 19914 | EXHIBIT A - SEVERANCE CLAIMS |
| KEITH A KOZLOWSKI | 19947 | EXHIBIT A - SEVERANCE CLAIMS |
| KEYSTONE COMPONENTS INC | 17404 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| LAUREL MACHINE & FOUNDRY CO | 17026 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| LAWRENCE J SPROCKETT | 19807 | EXHIBIT A - SEVERANCE CLAIMS |
| LAWRENCE J SPROCKETT | 19871 | EXHIBIT A - SEVERANCE CLAIMS |
| LINDA L FRITTS | 19948 | EXHIBIT A - SEVERANCE CLAIMS |
| LOMAR MACHINE & TOOL CO | 17224 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MARIE M NEY | 19912 | EXHIBIT A - SEVERANCE CLAIMS |
| MARKETWIRE INC | 17468 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| METFORM INC | 16916 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MICHAEL BRUEWER | 17710 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| NEWCOMB SPRING CORP DBA RESORTES NEWCOMB | 16883 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| NORBERT J SHAY DMD | 17638 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| OHIO INDUSTRIAL SUPPLY INC | 17590 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ORTHO DESIGN INC | 17016 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PANALPINA MANAGEMENT LTD AND PANALPINA INC | 19181 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PARKWAY PLASTICS INC | 16920 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PIEDMONT NATURAL GAS COMPANY | 17729 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PITTSFIELD OF INDIANA INC | 16892 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| RANDALL HACHENSKI | 19876 | EXHIBIT A - SEVERANCE CLAIMS |
| RAYMOND M AMARA | 18124 | EXHIBIT A - SEVERANCE CLAIMS |
| RENEE L WAAG | 19839 | EXHIBIT A - SEVERANCE CLAIMS |
| RICHARD J GIBSON | 19915 | EXHIBIT A - SEVERANCE CLAIMS |
| RJ STUCKEL CO INC | 17023 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ROBERT NELSON MINKLER | 19865 | EXHIBIT A - SEVERANCE CLAIMS |
| ROCHESTER GAS & ELECTRIC CORPORATION | 17196 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| ROY H GRIFFIN III | 19886 | EXHIBIT A - SEVERANCE CLAIMS |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD | 19139 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARON H RICHARDSON | 19560 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARON H RICHARDSON | 19569 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SORALUCE HERMANOS SA | 17025 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| STATE OF MICHIGAN DEPARTMENT OF TRANSPORTATION | 17027 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| STEVEN PHILLIP NEIMAN | 17930 | EXHIBIT A - SEVERANCE CLAIMS |
| SUSAN A LOCKHART | 18132 | EXHIBIT A - SEVERANCE CLAIMS |
| SYNTECH ABRASIVES | 17653 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| THOMAS C BYRNE | 18416 | EXHIBIT A - SEVERANCE CLAIMS |
| TODD JAMMER | 19829 | EXHIBIT A - SEVERANCE CLAIMS |

Exhibit C - Claimants And Related Administrative Claims Subject To Forty-First Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| TRUEFIT SOLUTIONS INC | 16889 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| VICTOR MENDEZ | 19892 | EXHIBIT A - SEVERANCE CLAIMS |
| VISION ENGINEERING INC | 17046 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WEILER WELDING COMPANY INC | 17588 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WENDLING SHEET METAL INC | 17089 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |

# Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case No. 05-44481 (RDD)
                                        :
            Reorganized Debtors.        :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM


[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned
cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its
affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to
the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative
Claim") identified in the table below should be disallowed and expunged as summarized in the table
below and described in more detail in the Reorganized Debtors' Forty-First Omnibus Objection Pursuant
To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (A) Severance Claims And (B)
Books And Records Claims Asserting Administrative Expenses (the "Forty-First Omnibus Claims
Objection"), dated December 21, 2009, a copy of which is enclosed (without exhibits).  The Forty-First
Omnibus Claims Objection is set for hearing on January 21, 2010 at 10:00 a.m. (prevailing Eastern time)
before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New
York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-
4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIRST OMNIBUS CLAIMS
OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED
DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON JANUARY 14, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE
MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE
ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF
AN ORDER.

        The enclosed Forty-First Omnibus Claims Objection identifies two different categories of
objections.  The category of Administrative Claim objection applicable to you is identified in the table
below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" filed by former employees of the Debtors asserting liabilities for severance payments that have already been satisfied in full.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" asserting liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.
.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|------------|-------------|--------------------------|---------------------|--------------------|----------------------------------|
|            |             |                          |                     |                    |                                  |

If you wish to view the complete exhibits to the Forty-First Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-First Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of an Administrative Claim should be directed to the claims and noticing agent in the above-captioned cases at 1-888-249-2691 or www.dphholdingsdocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 503(B) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-First Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by the parties set forth in clauses (d) and (e) in the next sentence no later than 4:00 p.m. (prevailing Eastern time) on January 14, 2010. Your Response, if any, to the Forty-First Omnibus Claims Objection should (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York ,

---

1       Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with
General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must
file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable
Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be
submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon.
Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White
Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy,
Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate,
Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.,
John K. Lyons, and Joseph N. Wharton).

        Your Response, if any, must also contain at a minimum the following: (a) the title of the claims
objection to which the Response is directed, (b) the name of the claimant and a brief description of the
basis for the amount of the Administrative Claim, (c) a concise statement setting forth the reasons why the
Administrative Claim should not be disallowed and expunged, including, but not limited to, the specific
factual and legal bases upon which you will rely in opposing the Forty-First Omnibus Claims Objection,
(d) unless already set forth in the proof of administrative expense previously filed with the Court,
documentation sufficient to establish a prima facie right to payment; provided, however, that you need not
disclose confidential, proprietary, or otherwise protected information in the Response; provided further,
however, that you must disclose to the Reorganized Debtors all information and provide copies of all
documents that you believe to be confidential, proprietary, or otherwise protected and upon which you
intend to rely in support of the Administrative Claim, (e) to the extent that the Administrative Claim is
contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount
of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the
contingency, as appropriate, and (f) the address(es) to which the Reorganized Debtors must return any
reply to the Response, if different from the address(es) presented in the Administrative Claim.

        If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on
any such Response will automatically be adjourned from the January 21, 2010 hearing date to a future
date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims
Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested
that the Court conduct a final hearing on January 21, 2010 at 10:00 a.m. (prevailing Eastern time).

        IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS
CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY
THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS
OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE
WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON
LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

        The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIRST
OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH
THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES
ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-

FIRST OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        December 21, 2009