**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
In re:                                          :
                                                :   Chapter 11
DELPHI CORPORATION, et al.,                     :
                                                :   Case No. 05-44481 (RDD)
                                                :
          Debtors.                              :   (Jointly Administered)
                                                :
-----------------------------------------------------------X

**SUMMARY OF SEVENTH INTERIM AND FINAL FEE APPLICATION
OF DELOITTE & TOUCHE LLP AS INDEPENDENT
AUDITORS AND ACCOUNTANTS TO THE DEBTORS, FOR THE
PERIOD FROM OCTOBER 8, 2005 THROUGH JANUARY 25, 2008**

| | |
|---|---|
| Name of applicant: | Deloitte & Touche LLP ("Deloitte & Touche") |
| Authorized to provide professional services to: | Delphi Corporation, et al. |
| Role of applicant: | Independent Auditors and Accountants to the Debtors |
| Period for which interim compensation is sought: | October 1, 2007 through January 25, 2008 |
| Current interim application: | Fees incurred: $120,893.85<br>Expenses requested: $0.00 |
| Amounts paid for interim period: | $96,894.85 |
| Number of hours of services rendered during interim period: | 391.9 |
| Blended hourly rate for interim period: | $308.48 |
| Period for which final compensation is sought: | October 8, 2005 through January 25, 2008 |
| Final application: | Fees incurred: $13,377,565.80[1]<br>Expenses requested: $4,660.98 |

---

[1] This amount takes into account $3,463,454.99 in voluntary reductions agreed to by Deloitte & Touche.

NY813048.6
018000-10112

| | |
|---|---|
| Number of hours of services rendered during final period: | 47,321.3 |
| Blended hourly rate for final period: | $282.70 |

This is a(n):　　　___Monthly　　　_X_ Interim　　　_X_ Final Application

**Previous Interim Fee Applications**

| Date Filed / ECF Number | Period Covered | Fees Requested Net of Voluntary Reductions | Expenses Requested | Total Fees & Expenses Requested | Total Fees & Expenses Approved | Approved Amounts Paid |
|---|---|---|---|---|---|---|
| 4/28/2006 | 10/8/2005 – 1/31/2005 | $4,131,506.08 | $4,660.98 | $4,136,167.06 | $4,094,500.39 | $4,094,500.39 |
| 7/31/2006 | 2/1/2006 – 5/31/2006 | $7,675,269.92 | $0 | $7,675,269.92 | $7,633,603.25 | $7,633,603.25 |
| 11/26/2006 | 6/1/2006 – 9/30/2006 | $1,284,732.40 | $0 | $1,284,732.40 | $1,243,065.73 | $1,243,065.73 |
| 3/30/2007 | 10/1/2006 – 1/31/2007 | $123,506.40 | $0 | $123,506.40 | $105,350.40 | $105,350.40 |
| 7/31/2007 | 2/1/2007 – 5/31/2007 | $134,461.10 | $0 | $134,461.10 | $132,701.10 | $132,701.10 |
| 12/18/2007 | 6/1/2007 – 9/30/2007 | $53,157.06 | $0 | $53,157.06 | $52,112.06 | $52,112.06 |
| Total Prior Interim Applications | | $13,402,632.96 | $4,660.98 | $13,407,293.94 | $13,261,332.93 | $13,261,332.93 |

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                          :
                                                :   Chapter 11
DELPHI CORPORATION, et al.,                     :
                                                :   Case No. 05-44481 (RDD)
                                                :
             Debtors.                           :   (Jointly Administered)
                                                :
------------------------------------------------------------X

### SEVENTH INTERIM AND FINAL FEE APPLICATION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITORS AND ACCOUNTANTS TO THE DEBTORS, FOR THE PERIOD FROM OCTOBER 8, 2005 THROUGH JANUARY 25, 2008

Deloitte & Touche LLP ("**Deloitte & Touche**"), former independent auditors and accountants to the Debtors, hereby submits this application (the "**Application**") for (i) interim allowance of compensation for services rendered in the amount of **$120,893.85** for the period from October 1, 2007 through January 25, 2008 (the "**Seventh Interim Period**"), and (ii) final allowance of compensation for services rendered in the amount of **$13,377,565.80** and costs incurred in these Chapter 11 proceedings in the amount of **$4,660.98** for the period from October 8, 2005 through January 25, 2009 (the "**Final Fee Period**"). This Application is filed pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in (i) the "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases" (the "**Fee Guidelines**"), (ii) the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered November 4, 2005 (as amended, the "**Fee Order**") [ECF No. 869], and (iii) the Guidelines for Reviewing Applications

NY813048.6
018000-10112

4

for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 promulgated by the Office of the United States Trustee (the "**UST Guidelines**").

## BACKGROUND

1. On October 8, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**") and certain of its United States subsidiaries (the "**Initial Filers**") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On October 14, 2005, three additional United States affiliates of Delphi (together with the Initial Filers, the "**Debtors**") also filed voluntary petitions in this Court for relief under the Bankruptcy Code. The Debtors' cases were jointly administered by order entered on the Petition Date [ECF No. 28], and the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**"). No trustee or examiner has been appointed in the Debtors' cases.

4. On January 25, 2008 (the "**Confirmation Date**"), the Court entered an Order [ECF No. 12,359] confirming the Debtors' First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as modified, the "**Plan**"). The Effective Date of the Plan occurred on October 6, 2009.

## RETENTION OF DELOITTE & TOUCHE

5.      On November 23, 2005, the Debtors filed an application for authority to employ Deloitte & Touche as independent auditors and accountants to the Debtors (the "**Retention Application**") [ECF No. 1222].

6.      By order of this Court dated January 17, 2006 and entered January 18, 2006 (the "**Retention Order**") [ECF No. 1832], this Court authorized the retention of Deloitte & Touche by the Debtors as their independent auditors and accountants, nunc pro tunc to October 8, 2005, pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, in accordance with the terms of the engagement letters (the "**Engagement Letters**") filed in support of the Retention Application.

7.      The Engagement Letters provided for Deloitte & Touche to perform certain auditing and accounting services for the Debtors, including: (i) performing an audit of the Debtors' consolidated annual financial statement for the fiscal year ended December 31, 2005 (the "**2005 Audit**"), (ii) providing an opinion as to management's assessment of the effectiveness of the Debtors' internal controls over financial reporting as of December 31, 2005, (iii) performing reviews of interim financial statements for the three and nine-month periods ended September 30, 2005, (iv) assisting the Debtors in their preparation of certain mandatory governmental reports, and (v) rendering certain other accounting services as may have been necessary, including in connection with reports requested of the Debtors by this Court, the United States Trustee or parties-in-interest, as the Debtors, their attorneys or financial advisors may from time to time request.[2]

---

[2] Deloitte & Touche performed all services for which it seeks compensation for and on behalf of the Debtors. Some services incidental to the tasks to be performed by Deloitte & Touche in the Retention Period have been performed by personnel employed by or associated with affiliates of Deloitte & Touche.

8. Pursuant to the Retention Order and the Engagement Letters, in consideration for the services provided to the Debtors, the Debtors agreed to pay Deloitte & Touche the applicable hourly billing rates, as may be modified from time to time, in performing the services required thereunder.

9. Pursuant to the Retention Order and the Engagement Letters, the Debtors further became obligated to reimburse Deloitte & Touche for its reasonable out-of-pocket expenses incurred in connection with the provision of services under the Engagement Letters.

10. The fees and expenses of Deloitte & Touche were subject to the review of the Joint Fee Committee (the "**Fee Committee**"), which consisted of a representative of (i) the Office of the United States Trustee, (ii) the Debtors and (iii) the Committee and was established by that certain Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated May 5, 2006 (the "**Third Supplemental Fee Order**") [ECF No. 3630]. Pursuant to the Third Supplemental Fee Order, the Court further established a series of protocols (the "**Fee Protocols**"), which governed the review of professional fees by the Fee Committee. Under the Fee Protocols, the Fee Committee was authorized to raise and negotiate fee-related concerns with the retained professionals and to reach a mutually acceptable resolution to any fee-related concerns it raised.

11. Deloitte & Touche completed the 2005 Audit around July of 2006 and has performed only limited work for the Debtors since that time in connection with the issuance of certain audit consents.

---

The fees and expenses with respect to such services are included in this Application. Deloitte & Touche has no agreement, express or implied, to share its revenues from the services for which it has been retained in these cases with any nonaffiliated entity.

12.     Pursuant to orders of this Court entered on April 5, 2006 [ECF No. 3121] and June 12, 2007 [ECF No. 8229], the Debtors retained Ernst & Young LLP to replace Deloitte & Touche as their independent auditors and accountants for the fiscal years ended December 31, 2006 and December 31, 2007.

13.     Despite having completed all of the services set forth in the Deloitte & Touche Engagement Letters, and having been replaced by E&Y as the Debtors' independent auditors and accountants, the Debtors and Deloitte & Touche agreed to continue Deloitte & Touche's retention for the sole purpose of ensuring that Deloitte & Touche could issue audit consents if necessary and appropriate.

14.     By Order dated June 16, 2009 (the "**Termination Order**") [ECF No. 17,042], the Bankruptcy Court officially terminated the Debtors' retention of Deloitte & Touche as its independent auditors and accountants.

15.     In accordance with Sections 327(a) and 328(c) of the Bankruptcy Code, Deloitte & Touche has been a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code, and has not held or represented any interest adverse to the Debtors' estates, at all times during the Final Fee Period.

## APPLICATION

16.     This Application is the Seventh Interim and Final Application for approval and allowance of compensation for Deloitte & Touche's services and reimbursement of Deloitte & Touche's expenses. The details of the Seventh Interim Period and the Final Fee Period are set forth below. The Debtors have had the opportunity to review this Fee Application.

A. *<u>Seventh Interim Fee Application.</u>*

17. Deloitte & Touche makes this Application for approval and allowance of interim compensation of $120,893.85 for actual, reasonable and necessary professional services rendered during the Seventh Interim Period pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

18. Pursuant to the UST Guidelines and the Fee Guidelines, Deloitte & Touche has annexed the following exhibits to this Application in connection with the Seventh Interim Period.

    a. **Exhibit A:** A certification of Brock E. Plumb in support of this Application.

    b. **Exhibit B:** The Retention Order.

    c. **Exhibit C:** A summary of the total fees, fee adjustments, and expenses incurred by Deloitte & Touche during the Seventh Interim Period.

    d. **Exhibit D:** A schedule setting forth the names, titles and billing rates of each professional or paraprofessional who performed services for the Debtors during the Seventh Interim Period, the number of hours spent by such professionals or paraprofessionals and the total fees for such services.

    e. **Exhibit E:** A schedule summarizing the number of hours of professional services rendered by Deloitte & Touche during the Seventh Interim Period, broken down by project category.

    f. **Exhibit F:** Detailed contemporaneous time record entries, in respect of all professional services rendered by Deloitte & Touche during the Seventh Interim Period (the "**Interim Time Records**").

19. In an effort to maximize the benefit and minimize the cost to the Debtors' estates of the services rendered by Deloitte & Touche, the fees charged by Deloitte & Touche for the Seventh Interim Period reflect two separate voluntary reductions to Deloitte & Touche's fees. First, Deloitte & Touche agreed to a voluntary discount of its hourly rates, as set forth on Exhibit C, in an aggregate amount of $34,522.10. In addition, the fees charged by Deloitte & Touche for the Seventh Interim Period reflect a voluntary reduction by Deloitte & Touche for certain fee application preparation services detailed in the Interim Time Records in the aggregate amount of $21,708.55.

20. This Application does not seek the reimbursement of any out-of-pocket expenses incurred by Deloitte & Touche in providing professional services to the Debtors during the Seventh Interim Period, and Deloitte & Touche voluntarily waives any right to reimbursement of such out-of-pocket expenses.

21. The following is a summary of the services performed by Deloitte & Touche on the Debtors' behalf during the Seventh Interim Period.

    a. **8-K Consent.** During the Seventh Interim Period, Deloitte & Touche provided services necessary for the issuance of a consent to reissue its opinion on prior financial statements relative to the filing by the Debtors of a Form 8-K and other required disclosures with the U.S. Securities and Exchange Commission (the "**SEC**"). These services consisted of the planning and initiation of consent-related procedures, including, among other things, (i) the review of supporting documents prepared by the Debtors, (ii) the preparation of work papers and memoranda in connection with the issuance of the consent, (iii) the review of, and consultation with the Debtors' personnel regarding, the status of the Form 8-K filing and any issues faced by the Debtors in

connection therewith, (iv) the performance of various required testing, and (v) the review of prior year workpapers to review and support debtor calculations related to disclosures concerning changes in the reporting of segments. Deloitte & Touche rendered 340.2 hours of services in this category during the Seventh Interim Period, which resulted in fees, before any application of any voluntary discounts or adjustments, of $144,810.50.

    b.  **Preparation of Fee and Expense Applications.** Deloitte & Touche prepared monthly fee statements for the months of June 2007 through January 2008 as well as the Sixth Interim Fee Application of Deloitte and Touche. Time incurred in this category was necessary to gather and prepare the compensation documents and to do so in a concise and uniform manner that would satisfy the requirements of the Fee Order, the Fee Guidelines and the UST Guidelines. Included in this work is time associated with the compilation, summarization, review, and reconciliation of records relating to services provided and expenses incurred in the Debtors' chapter 11 cases, the preparation of court filings, and addressing fee committee inquiries regarding applications. Deloitte & Touche rendered 82 hours of services in this category during the Seventh Interim Period, which resulted in fees, before any application of any voluntary discounts or adjustments, of $32,314.

  22.  In accordance with the Fee Order, Deloitte & Touche submitted the Monthly Statements to the Debtors and the other appropriate Notice Parties (as that term is defined in the Fee Order) for each of the months comprising the Seventh Interim Period. Pursuant to the Fee Order, the Debtors have paid Deloitte & Touche $96,894.85 of the fees reflected on the Monthly Statements, but withheld payment of a 20% holdback, totaling $23,999, pending approval of this

Application (the "**Interim Holdback Amount**"). By this Application, Deloitte & Touch requests full payment of the Interim Holdback Amount pursuant to the terms of the Fee Order.

23.     The above-described services rendered by Deloitte & Touche during the Seventh Interim Period were expressly provided for under the Engagement Letters and were of significant importance to the Debtors' ability to comply with applicable SEC and other reporting requirements during the Seventh Interim Period.

**B.     *Final Fee Application.***

24.     Deloitte & Touche makes this Application for final allowance of compensation of $13,377,565.80 for actual, reasonable and necessary expenses incurred during the Final Fee Period and for the reimbursement of $4,660.98 in expenses, pursuant to Section 330 of the Bankruptcy Code and Bankruptcy Rule 2016.

25.     This Final Fee Application incorporates by reference the fee applications of Deloitte & Touche for the First Through Seventh Interim Periods (the "**Interim Applications**"), including the detailed time and expense records supporting those the Interim Applications and the narrative summaries of the services rendered by Deloitte & Touche during the course of its retention.

26.     Each of the Interim Applications of Deloitte & Touche for the First through Sixth Interim Periods (the "**Previous Interim Applications**") has been approved by the Court, and all amounts awarded thereunder have already been paid to Deloitte & Touche pursuant to the provisions of the Fee Order and the orders granting the Previous Interim Applications.

27.     Pursuant to the UST Guidelines and the Fee Guidelines, Deloitte & Touche has annexed the following exhibits to this Application in connection with the Seventh Interim Period.

   a.     **Exhibit A:** Certification of Brock E. Plumb.

NY813048.6
018000-10112

12

   b. **Exhibit B:** The Retention Order.

   c. **Exhibit G:** A summary of the total fees, fee adjustments, and expenses incurred by Deloitte & Touche during the Final Fee Period.

   d. **Exhibit H:** A schedule setting forth the names, titles and billing rates of each professional or paraprofessional who performed services for the Debtors during the Final Fee Period, the number of hours spent by such professionals or paraprofessionals and the total fees for such services.

   e. **Exhibit I:** A schedule summarizing the number of hours of professional services rendered by Deloitte & Touche for the Final Fee Period, broken down by project category.

   f. Copies of the Previous Interim Applications have been filed with the Court and are maintained on the docket in the Debtors' cases. Accordingly, copies of the Previous Interim Applications have not been attached hereto.

28. Consistent with the constant efforts of Deloitte & Touche during the course of its retention to maximize the benefit, while minimizing the cost, to the Debtors' estates of its services, and after consultations with the Fee Committee, the amounts sought by this Final Application reflect several voluntary discounts of a total value to the Debtors' estates of $3,463,454.99 (the "**Aggregate Fee Reduction**"). Specifically, as reflected in the Interim Applications and the supporting documents annexed thereto, the rates charged by Deloitte & Touche during the Final Fee Period reflect (i) a voluntary discount in the aggregate amount of $3,397,109.10, (ii) other voluntary reductions by Deloitte & Touche for certain fee application preparation services in the aggregate amount of $57,213.39 and (iii) a voluntary reduction of

$9,132.50 for non-working travel time. In addition, Deloitte & Touche made every effort to work with other professionals employed in the Debtors' cases to avoid duplication of efforts.

29.  The services detailed in the Interim Applications for which Deloitte & Touche now seeks final approval were reasonable and necessary in order for Deloitte & Touche to discharge its duties and obligations to the Debtors as independent auditors and accountants, in which capacity Deloitte & Touche served an important role in the Debtors' ability to comply with SEC reporting standards and to reorganize. Deloitte & Touche believes that the level of services rendered to achieve the results obtained by Deloitte & Touche for the benefit of the Debtors' estate was reasonable in light of the number and complexity of issues addressed by Deloitte & Touche in the course of its retention.

## CONCLUSION

**WHEREFORE**, Deloitte & Touche respectfully requests entry of an order (i) allowing interim compensation for professional services rendered by Deloitte & Touch during the Seventh Interim Period in the amount of $120,893.85, (ii) allowing final compensation for professional services rendered by Deloitte & Touche during the Final Fee Period in the amount of $13,377,565.80 and (iii) final allowance of reimbursement of $4,660.98 in out-of-pocket expenses incurred by Deloitte & Touche during the Final Fee period, and (iv) such other relief as the Court deems just and proper.

Dated: Detroit, Michigan
December 21, 2009

DELOITTE & TOUCHE LLP

By: /s/ Brock E. Plumb
Brock E. Plumb
600 Renaissance Center, Suite 900
Detroit, Michigan 48243
Tel: (313) 396-3000