UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　　:
　　In re　　　　　　　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　:
DPH HOLDINGS CORP., et al.,　　　　　　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Reorganized Debtors.　:　　(Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CLAIM NUMBERS 10570, 10571,
10964, 10965, 10966, 10967, AND 10968 IDENTIFIED IN THE THIRD
AND FOURTEENTH OMNIBUS CLAIMS OBJECTIONS

("CLAIMS OBJECTION ORDER REGARDING CERTAIN
CONTINGENT REJECTION DAMAGES CLAIMS")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (the "Third Omnibus Claims Objection") with respect to proofs of claim numbers 10570, 10964, 10965, 10966, and 10967 and Fourteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims, dated May 22, 2007 (the "Fourteenth Omnibus Claims Objection") with respect to proofs of claim numbers 10571 and 10968 of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the December 18, 2009 sufficiency hearing held on the Objections to proofs of claim numbers 10570,

10571, 10964, 10965, 10966, 10967, and 10968 (collectively, the "Claims"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The holders (collectively, the "Claimants") of proofs of claim numbers 10570, 10964, 10965, 10966, and 10967 were properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and notice of the deadline for responding to the Third Omnibus Claims Objection.

    B.    The holders (collectively, the "Claimants") of proofs of claim numbers 10571 and 10968 were properly and timely served with a copy of the Fourteenth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Fourteenth Omnibus Claims Objection, and notice of the deadline for responding to the Fourteenth Omnibus Claims Objection.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection or the Fourteenth Omnibus Claims Objection.

C. The Claimants each submitted a response to either the Third Omnibus Claims Objection (Docket Nos. 5643, 8267, 5636, 5641, and 5642) or the Fourteenth Omnibus Claims Objection (Docket Nos. 8267 and 8268).

D. On November 18, 2009, DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

E. The Claimants were properly and timely served with a copy of the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proof Of Claim Nos. 10570 And 10571 Filed By TK Holdings Inc., Automotive Systems, Inc., And Takata Seat Belts, Inc., (B) Proof Of Claim No. 10964 Filed By TK Holdings Inc., (C) Proof Of Claim Nos. 10965 And 10968 Filed By Takata Corporation, And (D) Proof Of Claim Nos. 10966 And 10967 Filed By Highland Industries, Inc. (the "Supplemental Reply") (Docket No. 19158). The Supplemental Reply indicated that these Claims represented Contingent Rejection Damage Claims,[2] that the Debtors had not rejected the

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Reply.

3

executory contracts referenced in these Claims, and that, consequently, no rejection damages had been established for these claims.

    F.  The Court has jurisdiction over the Third Omnibus Claims Objection and the Fourteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Third Omnibus Claims Objection and the Fourteenth Omnibus Claims Objection are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Third Omnibus Claims Objection and Fourteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    G.  The Claims referenced herein should be disallowed and expunged in their entirety. The Claimants have not established a _prima facie_ claim; therefore the Claims should be disallowed and expunged.

    H.  The relief requested in the Third Omnibus Claims Objection and Fourteenth Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Proofs of claim numbers 10570, 10571, 10964, 10965, 10966, 10967, and 10968 are hereby disallowed and expunged in their entirety.

    2.  Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims in these chapter 11 cases, or to further object to claims that are the subject of the Third Omnibus Claims Objection or Fourteenth Omnibus Claims Objection, on any grounds whatsoever.

    3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

    4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection or Fourteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

    5. Each Claim and the objections by the Debtors to each Claim addressed in the Third Omnibus Claims Objection or the Fourteenth Omnibus Claims Objection, as the case may be, and set forth herein constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

    6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated:  White Plains, New York
   December 22, 2009

                /s/ Robert D. Drain_____
                UNITED STATES BANKRUPTCY JUDGE