WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Knute Salhus
Michelle A. Goldis (MG-0530)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                        :
      In re                             :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                          Debtors.      :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SEVENTH INTERIM AND FINAL APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND EXPENSES INCURRED FROM OCTOBER 8, 2005 THROUGH JANUARY 25, 2008

| Name of Applicant: | *Wilmer Cutler Pickering Hale and Dorr LLP* | | | *Total* |
|---|---|---|---|---|
| Authorized to Provide Professional Services to: | **Audit Committee of the Board of Directors of Delphi Corporation Matter (-002)** | **Delphi Corporation / Securities and Disclosure Advice Matter (-120)** | **Delphi Corporation / Mothershead Matter (-121)** | |
| Date of Retention Order: | December 2, 2005 (effective as of October 8, 2005) | January 18, 2007 (effective November 1, 2006) | August 15, 2007 (effective as of March 29, 2007) | |
| Seventh Interim Period for Which Compensation and Reimbursement is Sought: | October 1, 2007 – January 25, 2008 | October 1, 2007 – January 25, 2008 | October 1, 2007 – January 25, 2008 | |

| Amount of Compensation Sought during Seventh Interim Period as Actual, Reasonable, and Necessary: | $4,216.50 | $0.00 | $0.00 | $4,216.50 |
|---|---|---|---|---|
| Amount of Expense Reimbursement Sought during Seventh Interim Period as Actual, Reasonable, and Necessary: | $300.38 | $0.00 | $0.00 | $300.38 |
| **Final Fee Compensation and Expenses Period:** | **October 8, 2005 – January 25, 2008** | **November 1, 2006 – January 25, 2008** | **March 29, 2007 – January 25, 2008** | *Total* |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $908,717.75 | $60,886.50 | $52,824.50 | $1,022,428.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $197,417.24 | $215.40 | $1,702.88 | $199,335.52 |
| Amount of Compensation Previously Received or Expected: [1] | $893,702.75 | $54,136.50 | $52,059.50 | $999,898.75 |
| Amount of Expense Reimbursement Previously Received: | $197,417.24 | $215.40 | $1,702.88 | 199,335.52 |
| **Total Amount Sought for Approval of Fees and Expenses By This Application:** | $1,091,119.99 | $54,351.90 | $53,762.38 | **$1,199,234.27** |

Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), special regulatory counsel for

the Audit Committee (the "Audit Committee") of the Board of Directors (the "Board") of Delphi

Corporation ("Delphi" and, together with the other debtors in the above-captioned proceedings, the

"Debtors"), and special counsel to Delphi Corporation, submits WilmerHale's seventh interim and

final interim application, pursuant to Section 330(a) of title 11 of chapter 11 of the United States Code

(the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the allowance of compensation for professional services rendered and for

---

[1] This Amount of Compensation Previously Received or Expected reflects voluntary reductions totaling $22,530.00.

US1DOCS 7320639v3

reimbursement of expenses incurred in connection with such services for the period from October 8, 2005, through January 25, 2008 (the "Final Application Period"), respectfully represents:

## Background

1.  In 2004, as previously disclosed by Delphi, the Securities and Exchange Commission (the "SEC") and other authorities began investigating Delphi's accounting and adequacy of disclosures for a number of transactions (the "SEC Investigation"). The transactions being investigated include transactions in which Delphi received rebates or other lump-sum payments from suppliers, certain off-balance sheet financings of indirect materials and inventory, and the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of $85 million in credits, as a result of certain settlement agreements entered into between Delphi and General Motors Corporation.

2.  The Audit Committee undertook to examine the circumstances giving rise to the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary actions and communicating with the SEC and other authorities. In 2004, the Company retained WilmerHale to represent the Audit Committee for these purposes. In connection with the SEC Investigation, WilmerHale has reviewed documents, interviewed relevant personnel, advised the Audit Committee and the Board, communicated with the SEC and other authorities, and performed related tasks.

3.  On October 8, 2005 (the "Petition Date"), Delphi and certain other of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors had continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code since the Petition Date.

4.  On November 9, 2005, the Debtors filed an application (the "November 9, 2005 WilmerHale Application") seeking authority under Section 327(e) of the Bankruptcy Code to employ WilmerHale as special regulatory counsel to the Audit Committee with respect to the SEC Investigation, effective as of the Petition Date, in accordance with the terms set forth in the Declaration

3

and Disclosure Statement of Charles Davidow, a partner of WilmerHale, and an engagement letter

between Wilmerhale and Delphi, submitted in support of the WilmerHale Application. The November

9, 2005 WilmerHale Application was approved under an order of the Court entered on December 2,

2005.

5.    On December 26, 2006, the Debtors submitted a Retention Application (the "December

26, 2006 WilmerHale Application") for authorization to employ and retain WilmerHale to provide

Delphi with legal advice in connection with the preparation and filing of Delphi's annual report,

executive compensation, and related disclosure matters. On January 18, 2007, the Court entered an

order granting that Application.

6.    On July 31, 2007, the Debtors submitted a Retention Application (the "July 31, 2007

WilmerHale Application") for authorization to employ and retain WilmerHale to provide Delphi with

legal advice in connection with the securities law-related allegations made by Robert Mothershead in

the Creditor's Request To Hold Matter In Abeyance, In Response to Debtors' Eleventh Omnibus

Claims Objection, filed on April 13, 2007. On August 15, 2007, the Court entered an order granting

that Application nunc pro tunc to March 29, 2007.

7.    On January 25, 2008, the Amended Joint Plan of Reorganization became effective in

the above-captioned cases and Delphi Corporation and certain of its subsidiaries and affiliates became

reorganized debtors in these proceedings (collectively the "Reorganized Debtors").

## Jurisdiction and Venue

8.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157

and 1334, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Consideration

of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4

US1DOCS 7320639v3

## Compliance With Guidelines and Orders Governing
## Applications for Compensation and Reimbursement of Expenses

9.     This Application has been prepared in accordance with (i) the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted

by the Court on April 19, 1995 (the "Local Guidelines"), and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330 adopted on January 30, 1996 (the "UST Guidelines" and, collectively with the Local Guidelines,

the "Guidelines"); (ii) the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals in these cases, entered on November

4, 2005, as supplemented (the "Interim Compensation Order"); and (iii) the Order Approving Joint

Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing

Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered on

April 18, 2006 (the "Joint Interest Order" and, together with the Interim Compensation Order, the "Fee

Application Orders").  The certification of Knute Salhus, as required under the Local Guidelines, is

attached hereto as **Exhibit A**.

## Summary of Application

10.     . WilmerHale seeks interim and final allowance of compensation for professional

services rendered to the Audit Committee, and to Delphi in connection with Securities and Disclosure

Advice and the Mothershead matters during the Final Application Period, in the aggregate amount of

**$999,898.75,**[2] and for reimbursement of expenses incurred in connection with the rendition of

WilmerHale's services during the Final Application Period in the aggregate amount of **$199,335.52,**[3]

for a total award of **$1,199,234.27**.  During the Final Application Period, WilmerHale attorneys and

paraprofessionals expended a total of **2,374.40** hours for which compensation is requested.

---

[2] This amount includes voluntary reductions totaling $22,530.00 and fees in the amount of $4,216.50 incurred during the seventh interim period.
[3] This amount includes services rendered and costs incurred by PricewaterhouseCoopers ("PwC") in the amount of $174,049.57 and expenses in the amount of $300.38 incurred during the seventh interim period.

5

USIDOCS 7320639v3

## Payments Previously Sought And Received By Counsel

11.    On May 1, 2006, WilmerHale filed its First Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From October 8, 2005 Through January 31, 2006 [Docket No. 3549]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $2,500.00.

12.    On July 31, 2006, WilmerHale filed its Second Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From February 1, 2006 Through May 31, 2006 [Docket No. 4739]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $2,500.00.

13.    On November 30, 2006, WilmerHale filed its Third Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From June 1, 2006 Through September 30, 2006 [Docket No. 5994]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $2,500.00.

14.    On February 15, 2007, the Court granted WilmerHale's First, Second, and Third Interim Applications [Docket Nos. 6986, 6997, 7019].

15.    On March 29, 2007, WilmerHale filed its Fourth Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From October 1, 2006 Through January 31, 2007 [Docket No. 7472]. Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $8,000.00.

16.    On June 27, 2007, the Court granted WilmerHale's Fourth Interim Application [Docket No. 8450].

17.    On July 31, 2007, WilmerHale filed its Fifth Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From February 1, 2007 Through May 31, 2007 [Docket No. 8798]. Pursuant to discussions with the Joint Fee Review Committee,

6

WilmerHale voluntarily agreed to a reduction of compensation by $5,500.00.

18.    On October 29, 2007, the Court granted WilmerHale's Fifth Interim Application [Docket No. 10753].

19.    On December 1, 2007, WilmerHale filed its Sixth Interim Application For Allowance Of Compensation For Services Rendered And Expenses Incurred From June 1, 2007 Through September 30, 2007 [Docket No. 11205].  Pursuant to discussions with the Joint Fee Review Committee, WilmerHale voluntarily agreed to a reduction of compensation by $1,530.00.

20.    On February 28, 2008, the Court granted WilmerHale's Sixth Interim Application [Docket No. 12909].

### Seventh Interim Period

21.    As authorized under the Fee Application Orders, WilmerHale timely submitted fee statements during the Seventh Interim Period for (i) October 1, 2007, through October 31, 2007, (ii) November 1, 2007, through November 30, 2007, and (iii) December 1, 2007, through January 25, 2008.

22.    No objections have been received with respect to any of these fee statements.  The tables below summarize the compensation for professional services and reimbursement of expenses that WilmerHale has sought and received (or expects to receive) with respect to services provided and expenses incurred during the Seventh Interim and Final Application Period:

*For Services Performed for the Audit Committee*:

| Application Period | Fees Sought | Expenses Sought | Fees Received or Expected | Expenses Received or Expected | Unpaid Balance / Voluntary Reduction |
|---|---|---|---|---|---|
| 10/8/05 – 11/30/05 | $218,931.50 | $1,785.07 | | | |
| 12/1/05 – 12/31/05 | $62,917.00 | $1,610.80 | | | |
| 1/1/06 – 1/31/06 | $61,478.50 | $1,411.92 | | | |
| **First Interim Application** | **$343,327.00** | **$4,807.79** | **$340,827.00** | **$4,807.79** | **$0.00 / ($2,500.00)** |
| | | | | | |
| 2/1/06 – 2/28/06 | $51,699.50 | $1,831.16 | | | |
| 3/1/06 – 3/31/06 | $61,918.50 | $294.31 | | | |

7

| Application Period | Fees Sought | Expenses Sought | Fees Received or Expected | Expenses Received or Expected | Unpaid Balance / Voluntary Reduction |
|---|---|---|---|---|---|
| 4/1/06 – 4/30/06 | $125,367.50 | $1,442.27 | | | |
| 5/1/06 – 5/31/06 | $60,582.50 | $4,606.85 | | | |
| **Second Interim Application** | **$299,568.00** | **$8,174.59** | **$297,068.00** | **$8,174.59** | **$0.00 / ($2,500.00)** |
| | | | | | |
| 6/1/06 – 6/30/06 | $31,930.50 | $4,115.82 | | | |
| 7/1/06 – 7/31/06 | $20,248.75 | $510.65 | | | |
| 8/1/06 – 8/31/06[4] | $6,757.50 | 174,548.72 | | | |
| 9/1/06 – 9/30/06 | $17,767.50 | $222.87 | | | |
| **Third Interim Application** | **$76,704.25** | **$179,398.06** | **$ 74,204.25** | **$179,398.06** | **$0.00 / ($2,500.00)** |
| | | | | | |
| 10/1/06 – 10/31/06 | $30,492.00 | $760.97 | | | |
| 11/1/06 – 11/30/06 | $50,921.50 | $1,102.40 | | | |
| 12/1/06 – 12/31/06 | $20,712.50 | $730.04 | | | |
| 1/1/07 – 1/31/07 | $8,142.00 | $14.40 | | | |
| **Fourth Interim Application** | **$110,268.00** | **$2,607.81** | **$106,268.00** | **$2,607.81** | **$0.00 / ($4,000.00) Split Voluntary Reduction** |
| | | | | | |
| 2/1/07 – 2/28/07 | 3,481.50 | 166.00 | | | |
| 3/1/07 – 3/31/07 | $10,111.00 | $166.66 | | | |
| 4/1/07 – 4/30/07 | $8,081.50 | $34.43 | | | |
| 5/1/07 – 5/31/07 | $9,306.50 | $233.56 | | | |
| **Fifth Interim Application** | **$30,980.50** | **$600.65** | **$28,230.50** | **$600.65** | **$0.00 / ($2,750.00) Split Voluntary Reduction** |
| | | | | | |
| 6/1/07 – 6/30/07 | $26,781.50 | $106.61 | | | |
| 7/1/07 – 7/31/07 | $10,705.50 | $1,092.41 | | | |
| 8/1/07 – 8/31/07 | $4,232.00 | $194.12 | | | |
| 9/1/07 – 9/30/07 | $1,934.50 | $134.82 | | | |
| **Sixth Interim Application** | **$43,653.50** | **$1,527.96** | **$42,888.50** | **$1,527.96** | **$0.00 / ($765.00) Split Voluntary Reduction** |
| | | | | | |
| 10/1/07 – 10/31/07 | $1,261.00 | $87.47 | 1,008.80 | 87.47 | 252.20 |
| 11/1/07 – 11/30/07 | $2,325.50 | $123.59 | 1,860.40 | 123.59 | 465.10 |
| 12/1/07 – 12/31/07 | $630.00 | $89.32 | 504.00 | 89.32 | 126.00 |
| **Seventh Interim Period** | **$4,216.50** | **$300.38** | **$3,373.20** | **$300.38** | **$843.30** |
| | | | | | |

*For Services Performed for the Delphi Corporation:*

| Application Period | Fees Sought | Expenses Sought | Fees Received or Expected | Expenses Received or Expected | Unpaid Balance/ Voluntary Reduction |
|---|---|---|---|---|---|
| 10/1/06 – 10/31/06 | N/A | N/A | | | |
| 11/1/06 – 11/30/06 | 17,738.50 | 61.00 | | | |
| 12/1/06 – 12/31/06 | 12,363.00 | 2.40 | | | |

---

[4] The amount requested during this period included services rendered and costs incurred by PricewaterhouseCoopers ("PwC") in the amount of $174,049.57. PwC assisted WilmerHale in this matter and added this to WilmerHale's expense request. WilmerHale's actual expenses for this period were $499.15.

8

| Application Period | Fees Sought | Expenses Sought | Fees Received or Expected | Expenses Received or Expected | Unpaid Balance/ Voluntary Reduction |
|---|---|---|---|---|---|
| 1/1/07 – 1/31/07 | 14,031.00 | 152.00 | | | |
| **Fourth Interim Application** - | **$44,132.50** | **$215.40** | **$40,132.50** | 215.40 | $0.00 / ($4,000.00) |
| | | | | | |
| 2/1/07 – 2/28/07 | $16,754.00 | $0.00 | | | |
| **Fifth Interim Application** | **$16,754.00** | **$0.00** | **$14,004.00** | **$0.00** | $0.00 / ($2,750.00) Split Voluntary Reduction |
| | | | | | |

*For Services Performed for Delphi Corporation in connection with the Mothershead matter:*

| Application Period | Fees Sought | Expenses Sought | Fees Received or Expected | Expenses Received or Expected | Unpaid Balance/ Voluntary Reduction |
|---|---|---|---|---|---|
| 4/13/07 – 4/30/07 | $12,971.00 | $473.64 | | | |
| 5/1/07 – 7/31/07 | $38,657.50 | $482.10 | | | |
| 8/1/07 – 8/31/07 | $866.00 | $745.54 | | | |
| 9/1/07 – 9/30/07 | $330.00 | $1.60 | | | |
| **Sixth Application** | **$52,824.50** | **$1,702.88** | **$52,059.50** | **$1,702.88** | $0.00 / ($765.00) Split Voluntary Reduction |

*Summary of Fee Applications and Totals*

| Interim Application | Date Submitted | Docket No. | Court Order Docket No. | Period Covered | Requested | | Approved | | Voluntary Reduction |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Fees | Expenses | Fees | Expenses | |
| First | 5/1/06 | 3549 | 6986 | 10/8/05 – 1/31/06 | $343,327.00 | $ 4,807.79 | $340,827.00 | $4,807.79 | ($2,500.00) |
| Second | 7/31/06 | 4739 | 6997 | 2/1/06 – 5/31/06 | $299,568.00 | $ 8,174.59 | $297,068.00 | $8,174.59 | ($2,500.00) |
| Third | 11/30/06 | 5994 | 7019 | 6/1/06 – 9/30/06 | $ 76,704.25 | $179,398.06 | $ 74,204.25 | $179,398.06 | ($2,500.00) |
| Fourth | 3/29/07 | 7472 | 8450 | 10/1/06 – 1/31/07 | $154,400.50 | $2,823.21 | $146,400.50 | $2,823.21 | ($8,000.00) |
| Fifth | 7/31/07 | 8798 | 10753 | 2/1/07 – 5/31/07 | $ 47,734.50 | $600.65 | $42,234.50 | $600.65 | ($5,500.00) |
| Sixth | 12/01/07 | 11205 | 12909 | 6/1/07 – 9/30/07 | $ 96,478.00 | $3,230.84 | $94,948.00 | $3,230.84 | ($1,530.00) |
| Seventh | 12/23/09 | | | 10/1/07 – 12/31/07 | $4,216.50 | $300.38 | Balance ($843.30) Requested Herein | $300.38 | |
| **TOTALS** | | | | | $1,022,428.75 | $199,335.52 | $995,682.25 | $199,035.14 | ($22,530.00) |

23.    WilmerHale has computerized records of the time spent by all WilmerHale attorneys

and paraprofessionals in connection with its special retention.  For the convenience of the Court and all

parties in interest, a schedule setting forth the number of hours expended during the Final Application

9

Period by each of the partners, counsel, associates, and paraprofessionals of Wilmerhale who rendered

services to the Audit Committee and to Delphi in connection with Securities and Disclosure Advice

and the Mothershead matters, their respective hourly rates, and the year of first bar admission for each

WilmerHale attorney is attached hereto as **Exhibit B**. A schedule specifying the actual and necessary

out-of-pocket expenses during the Final Application Period for which WilmerHale is seeking

reimbursement, and the total amount for each such expense category, is attached as **Exhibit C**.

Pursuant to Section II.D of the UST Guidelines, a schedule setting forth a description of the project

categories utilized by WilmerHale for this case during the Final Application Period, the number of

hours expended by the partners, associates, and paraprofessionals by project category, and the

aggregate fees associated with each project category, is attached hereto as **Exhibit D**.

24.     A schedule setting forth the time records of WilmerHale attorneys and

paraprofessionals during the Final Application Period is attached as **Exhibit E**.[5]

### Professional Services Provided By WilmerHale

25.     Delphi retained WilmerHale in August 2004 to conduct an investigation arising out of a

subpoena Delphi received from the SEC. The Audit Committee assumed control of the investigation.

In addition to conducting an independent investigation, WilmerHale advised the Audit Committee on

appropriate actions with respect thereto, including disciplinary actions and communication with the

SEC and other authorities.

26.     WilmerHale's ongoing representation of the Audit Committee includes communicating

with the Debtors, the Board, the Audit Committee, counsel for the Special Committee that is

investigating certain derivative claims, and the Official Committee of Unsecured Creditors (the

"Creditors' Committee") in an effort to keep them apprised of critical issues related to the SEC

Investigation, and related tasks. WilmerHale also assisted the Audit Committee during the Final

---

[5] Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have
previously received such records. Copies of these records will be made available to other parties in interest upon request.

USIDOCS 7320639v3

Application Period with responses to questions and information requests from the SEC staff. On

October 30, 2006, the SEC commenced and simultaneously settled with the Company a lawsuit

alleging violations of federal securities laws. WilmerHale negotiated that settlement with the SEC.

27.    WilmerHale provided Delphi with legal advice in connection with the preparation and

filing with the SEC of Delphi's annual report and executive compensation disclosure.

28.    WilmerHale's representation of Delphi in connection with the Mothershead matter

includes investigating and advising Delphi with respect to the Mothershead allegations, representing

Delphi before governmental authorities to whom Mr. Mothershead has transmitted his allegations, and

performing the full range of services normally associated with such representation.

29.    During the Final Application Period, WilmerHale also prepared and filed monthly fee

statements and its interim fee application as required under the Fee Application Orders, and conducted

an extensive supplemental review of its client records to identify WilmerHale's connections with the

entities referenced in Bankruptcy Rule 2014(a) and to determine whether additional disclosures were

appropriate.

### Disbursements

30.    As set forth in **Exhibit C** hereto, WilmerHale disbursed **$199,335.52** as actual and

necessary expenses incurred in providing professional services during the Final Application Period.

31.    With respect to photocopying expenses, WilmerHale is charging $0.10 per page, which

is equal to or less than the rate WilmerHale typically charges its clients and is less than the maximum

rate set by the Guidelines. Only clients who actually use services of the types set forth in **Exhibit C**

are separately charged for such service. The effect of including such expenses as part of the hourly

billing rates would impose that cost upon clients who do not require extensive photocopying and other

facilities and services. The amount of the standard photocopying charge is intended to allow

WilmerHale to cover the related expenses of its photocopying service. A determination of the actual

11

expenses per page for photocopying, however, is dependent on both the volume of copies and the total

expenses attributable to photocopying on an annual basis.

32.    None of the travel expenses of WilmerHale attorneys included herein were for first-

class airfare, luxury accommodations, or deluxe meals.

### The Requested Compensation Should Be Allowed

33.    Section 330 provides that a court may award a professional employed under section 327

of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and

reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the

criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, extent, and the value of
> such services, taking into account all relevant factors, including ---
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the completion of,
> a case under this title;
>
> (D)    whether the services were performed within a reasonable amount
> of time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other than
> cases under this title.

11 U.S.C. § 330(3).

34.    In the instant case, WilmerHale respectfully submits that the services for which it seeks

compensation in this Application were necessary for and beneficial to the Debtors' reorganization

efforts. WilmerHale further submits that the compensation requested herein is reasonable in light of

the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

US1DOCS 7320639v3

35.    During the Final Application Period it was critical that WilmerHale perform various services on behalf of the Audit Committee in connection with the SEC Investigation, including reviewing, analyzing, and producing documents, responding to questions and providing information to the SEC staff and other authorities, advising the Audit Committee and the Board with respect to the same, providing information to the Creditors' Committee and the Special Committee of the Board that is charged with investigating certain derivative claims, and performing related tasks. Similarly, WilmerHale's work investigating the Mothershead allegations and advising and representing Delphi in connection with them was crucial to the company's ongoing business operations.

36.    The services rendered by WilmerHale were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Approval of the compensation sought herein is warranted.

## Statements of WilmerHale

37.    The compensation requested by WilmerHale is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

38.    No agreement or understanding exists between WilmerHale and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 cases, nor shall WilmerHale share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person. The foregoing, as supplemented by the Certification of Knute Salhus, attached hereto as **Exhibit A**, constitutes the statement of WilmerHale pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

39.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by WilmerHale.

US1DOCS 7320639v3

## Waiver of Memorandum of Law

40.      Pursuant to Local Bankruptcy Rule 9013-1(b), because there are no novel issues of law

presented by this Application, the Debtors respectfully request that the Court waive the requirement

that the Debtors file a memorandum of law in support of this Application.

## Notice

41.      This Application is being filed and served in accordance with the Fee Application

Orders.

WHEREFORE, WilmerHale respectfully requests that this Court enter an order:

(i) approving the allowance of **$999,898.75** for compensation for professional services

rendered as special regulatory counsel for the Audit Committee and as special counsel to Delphi in

connection with Securities and Disclosure Advice and Mothershead during the period from October 8,

2005 through January 25, 2008;

(ii) approving the allowance of WilmerHale's out-of-pocket expenses incurred in

connection with the rendering of such services during the period from October 8, 2005 through January

25, 2008 in the amount of **$199,335.52**;

(iii) authorizing and directing the Debtors to pay the fees and expenses without

holdback; and

US1DOCS 7320639v3

(iv) granting to WilmerHale such other and further relief as this Court may deem just

and proper.


Dated: New York, NY                    Respectfully submitted,
       December 23, 2009
                                       WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
                                       399 Park Avenue
                                       New York, New York 10022
                                       Tel:  (212) 230-8800
                                       Fax: (212) 230-8888
                                       Knute Salhus
                                       Michelle A. Goldis (MG-0530)


                                       *Special Regulatory Counsel for the Audit Committee of
                                       Delphi Corporation; Special Counsel to Delphi
                                       Corporation*

                                       /s/ Michelle A. Goldis
                                       Michelle A. Goldis (MG-0530)

US1DOCS 7320639v3

## EXHIBIT A
**Certification of Knute Salhus**

WILMER CUTLER PICKERING HALE
  AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel:  (212) 230-8800
Fax: (212) 230-8888
Knute Salhus
Michelle A. Goldis (MG-0530)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                        :
            In re                           :   Chapter 11
                                                        :
DELPHI CORPORATION, et al.,           :   Case No. 05-44481 (RDD)
                                                        :
                              Debtors.   :   (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CERTIFICATION OF KNUTE SALHUS

I, Knute Salhus, certify as follows:

1.        I am a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP

("WilmerHale").  I submit this certification with respect to the application (the "Application")[1]

of WilmerHale as special regulatory counsel for the Audit Committee of the Board of Directors

of Delphi Corporation and as special counsel to Delphi Corporation in the above-captioned cases

for interim allowance of compensation for professional services rendered and for reimbursement

of actual and necessary expenses incurred during the period of October 8, 2005 through January

25, 2008.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Application.

USIDOCS 7320639v3

2.      I make this certification in accordance with General Order M-151, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of

New York on April 19, 1995 (the "Local Guidelines").

3.      In connection therewith, I hereby certify that:

(a)  I have read the Application;

(b)  To the best of my knowledge, information, and belief formed after reasonable

inquiry, the professional fees and disbursements sought in the Application fall within the Local

Guidelines and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines");

(c)  Except to the extent that fees or disbursements are prohibited by the Local

Guidelines or the UST Guidelines, the fees and disbursements sought in the Application are

billed at rates customarily employed by WilmerHale and generally accepted by WilmerHale's

clients;

(d)  In providing a reimbursable service, WilmerHale does not make a profit on

that service, whether the service is performed by WilmerHale in-house or through a third party;

and

(e)  Pursuant to the Guidelines and the Fee Application Orders, each of the

following parties has been served with a copy of the Application containing unredacted

Confidential Time Entries (as defined in the Joint Interest Order), simultaneously with the filing

thereof under seal:  the Debtors and their counsel; the U.S. Trustee; counsel to the Creditors

Committee; and any other Designated Recipients (as defined in the Joint Interest Order).

2

(f)  Copies of the Application have been filed and served upon certain other

parties in interest in accordance with the procedures specified in the Fee Application Orders.

Dated:  New York, NY
       December 23, 2009

                              /s/ Knute Salhus
                              Knute Salhus

US1DOCS 7320639v3

## EXHIBIT B
## FEE TOTALS BY PROFESSIONAL

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing. An unredacted version of this Exhibit B has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

## EXHIBIT C
## EXPENSE TOTALS

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit C has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

2

<u>EXHIBIT D</u>
## HOURS BILLED BY PROJECT CATEGORY

     Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing.  An unredacted version of this Exhibit D has been filed under seal with the Court, with copies provided to "Designated Recipients," as defined in the Joint Interest Order.  A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

US1DOCS 7320639v3

**EXHIBIT E[1]**
**DETAILED TIME ENTRIES**

Pursuant to the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures to Protect Information in Fee Statements, entered by the Court on April 18, 2006 (the "Joint Interest Order"), and other orders of the Court, WilmerHale's "Confidential Time Records" and other detailed information has been redacted from this filing. A party seeking to become a Designated Recipient should consult the terms of the Joint Interest Order.

---

[1] Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have previously received such records. Copies of these records will be made available to other parties in interest upon request.

US1DOCS 7320639v3

## CERTIFICATE OF SERVICE

1.    I certify that, on this 23rd day of December, 2009, copies of the foregoing Seventh Interim and Final Fee Application of Wilmer Cutler Pickering Hale and Dorr LLP for Allowance of Compensation for Services Rendered and Expenses Incurred from October 8, 2005 through January 25, 2008 as well as a copy of the Notice were served, via the Court's electronic noticing system and by first-class, postage pre-paid mail to the Notice Parties listed below.

DPH Holdings Corp.
f/k/a Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn:  General Counsel

John W. Butler, Jr.
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606-1285
Fax: 312-407-0411

Kayalyn A. Marafioti
Thomas J. Matz
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036
Fax: 212-735-2000

Douglas P. Bartner
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
Fax: 646-848-8190

Kenneth S. Ziman
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Fax: 212-455-2502

Marlane Melican
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
Fax: 212-450-3800

Alicia M. Leonhard
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Fax: 212-668-2255

Robert J. Rosenberg
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4802
Fax: 212-751-4864

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn:  David M. Sherbin

US1DOCS 7320639v3

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: John D. Sheehan

Valerie Venable
GE Plastics
Americas
9930 Kincey Avenue
Huntersville, NC 28078

Joe Sykes
Legal Cost Control
255 Kings Highway East
Haddonfield, NJ 08033

Brad Eric Scheler
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004

    2.      I further certify that, on this 23rd day of December, 2009, a copy of the Notice of Seventh Interim and Final Application of Wilmer Cutler Pickering Hale And Dorr LLP for Allowance of Compensation For Services Rendered and Expenses Incurred from October 8, 2005 through January 25, 2008 was served, via the Court's electronic noticing system and by first-class, postage pre-paid mail to the Master Service List and the 2002 List.

By:    /s/ Michelle A. Goldis_____
        Michelle A. Goldis (MG-0530)

WILMER CUTLER PICKERING
HALE AND DORR LLP

6

US1DOCS 7320639v3