**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

**COVER SHEET FOR FINAL FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| **Name of Applicant:** | Steven Hall & Partners, LLC |
| **Role in Case:** | Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors |
| **Date of Retention:** | January 10, 2006 (*nunc pro tunc* to November 7, 2005) |
| **Period Covered:** | November 7, 2005 through January 25, 2008 |
| <u>**Current Application**</u> | |
| **Fees Requested:** | $1,648,071 |
| **Expenses Requested:** | $0 |
| **Total Fees and Expenses Requested:** | $1,648,071 |
| **Blended Hourly Rate:** | $573.23 |

**This is a(n):**    ___   interim  <u>X</u>   final application.

## SECTION I:  FEE SUMMARY

|  | Final |
|---|---|
| Total Fees Requested: | $1,648,071.00 |
| Total Disbursements Requested: | $0.00 |
| Total Fees Previously Allowed: | $1,648,071.00 |
| Total Disbursements Previously Allowed: | $0.00 |
| Total Previously Received by Applicant: | $1,555,096.00 |

## SECTION II:  PROFESSIONAL SUMMARY

| Name of Professional | Hourly Rate[1] | Hours Billed | Final Totals |
|---|---|---|---|
| **SENIOR MANAGING DIRECTOR** | | | |
| Pearl Meyer | $952 | 749.50 | $713,835.00 |
| **MANAGING DIRECTORS** | | | |
| Steven Hall | $700 | 10.40 | $7,280.00 |
| Steven Root | $700 | 15.50 | $10,850.00 |
| Joseph Sorrentino | $611 | 1,175.70 | $718,807.50 |
| | | | $736,937.50 |
| **CONSULTANTS** | | | |
| Michael Sherry | $372 | 138.45 | $51,445.00 |
| **ANALYSTS / ASSOCIATES** | | | |
| Ross Adler | $218 | 426.10 | $92,943.75 |
| Robert Greco | $150 | 9.50 | $1,425.00 |
| Steven Hall, Jr. | $190 | 81.55 | $15,498.75 |
| Jeffrey Hanhan | $217 | 214.00 | $46,372.50 |
| Matthew Schneid | $150 | 26.95 | $4,042.50 |
| | | | $160,282.50 |
| **INTERNS** | | | |
| Christopher Masterson | $125 | 27.40 | $3,425.00 |
| **TOTAL HOURS AND FEES** | | **2,875.05** | **$1,665,925.00** |
| Less Aggregate Fee Committee Reduction | | | **($17,854.00)** |
| **TOTAL FEES AFTER REDUCTION** | | | **$1,648,071.00** |

---

[1] Represents blended billing rates from November 7, 2005 through January 25, 2008.  Hourly rates for some employees were increased during the period due to promotions, or as part of the firm's standard annual rate increase.

## SECTION III:  COMPENSATION BY PROJECT CATEGORY

|  | Hours Billed | Blended Hourly Rate | Final Totals |
|---|---|---|---|
| Compensation and Employment Agreement Advisory Services | 2,846.85 | $   575.75 | $1,639,067.50 |
| Fee Applications | 28.20 | $  952.39 | $  26,857.50 |
| **TOTAL HOURS AND FEES** | **2,875.05** | **$  579.44** | **$1,665,925.00** |
| Less Aggregate Fee Committee Reduction | | | **($17,854.00)** |
| **TOTAL FEES AFTER REDUCTION** | | **$  573.23** | **$1,648,071.00** |

## SECTION IV:  EXPENSE SUMMARY

| Expenses | Amount |
|---|---|
| No Expenses Requested[1] | $0.00 |
| **TOTAL** | **$0.00** |

---

[1]    Steven Hall did not charge for any expenses during the compensation period.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## FINAL FEE AND EXPENSE APPLICATION OF STEVEN HALL & PARTNERS, LLC AS COMPENSATION AND EMPLOYMENT AGREEMENT ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to sections 330 and 503(b)(1)(A) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" collectively with the Local Guidelines, the "Guidelines"), Steven Hall & Partners, LLC ("Steven Hall"), as Compensation and Employment Agreement Advisors to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Delphi Corporation and its debtor affiliates (collectively, the "Debtors"), respectfully submits this final application (the "Application") for allowance of compensation totaling $1,648,071.00, incurred during the period from November 7, 2005 through January 25, 2008 (the "Compensation Period").

In support of this Application, Steven Hall respectfully represents as follows:

1

**Background**

1.     On October 8, 2005 (the "Petition Date"), thirty-nine of the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional Debtors filed voluntary petitions.  The Debtors are continuing in possession of their property and are operating their businesses, as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     The Committee was appointed in these cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") on October 17, 2005.

3.     On December 2, 2005, the Official Committee of Unsecured Creditors' filed that certain Application to Retain, Employ and Compensate Steven Hall, LLC as Compensation and Employment Agreement Advisor for the Official Committee of Unsecured Creditors (the "Retention Application").  On January 10, 2006, this Court entered an order approving the retention of Steven Hall, *nunc pro tunc* to November 7, 2005.

4.     By Order dated November 4, 2005 (the "Administrative Order"), the Court established a procedure for interim compensation and reimbursement of expenses for all professionals in these cases.  In particular, the Administrative Order provides that, absent objection, upon the expiration of twenty days after the service of monthly fee statements, the Debtors are authorized to pay each professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective monthly fee statements.

5.     Pursuant to the Administrative Order, Steven Hall has served monthly fee statements in these cases for the months of November 2005 through January 25th 2008

2

(collectively, the "Monthly Statements").  To date, the Debtors have paid Steven Hall

$1,555,096.00 in fees incurred throughout its retention period.

6.       By this Application, Steven Hall seeks final allowance of compensation incurred

during the Compensation Period and reflected in Steven Hall's Monthly Statements.  Steven Hall

also seeks payment of all outstanding holdbacks owing with respect to the Monthly Statements.

7.       The supervisory responsibility for Steven Hall's efforts on behalf of the

Committee has been undertaken by Pearl Meyer, the Senior Managing Director of Steven Hall.

**Summary of Services Performed During the Compensation Period**

8.       As is reflected in the attached Cover Sheet for the Application (the "Cover

Sheet"), Steven Hall has rendered 2,875.05 hours of compensation advisory services in

representation of the Committee during the Compensation Period.  Based upon the nature of the

services rendered, the time required to provide such services, the value of such services to the

Committee, and the cost of comparable services in non-bankruptcy cases, Steven Hall believes

that the allowed compensation for services rendered to the Committee should be not less than

$1,648,071.00.  This total represents 2,875.05 hours of Steven Hall's professional time, at a

blended average hourly rate of $573.23.  The hourly rate for each professional who performed

services for the Committee during the Compensation Period is set forth in the Cover Sheet.

9.       In accordance with the Local Guidelines, a detailed chronological narrative of the

time spent, the dates and descriptions of the services rendered, and the identity of the

professionals who provided services on behalf of the Committee during the Compensation Period

is attached hereto as Exhibit A (the "Billing Detail," which is incorporated herein by reference).[1]

---

[1]       Section III of the Cover Sheet contains a summary of Steven Hall's services organized by project category.

3

10.     Steven Hall respectfully supplements the Billing Detail with the following

summary of services it performed during the Compensation Period.

     a.     Advice to the Committee with respect to executive compensation, annual
incentives, Key Employee Compensation Plans (KECPs), emergence programs,
and employment agreements;

     b.     Advice to Latham & Watkins, as attorneys for the Committee with respect
to executive compensation, annual incentives, KECPs, emergence programs,
Change in Control agreements, Change in Control estimated costs and
employment agreements;

     c.     Research regarding officer compensation, design and cost of KECPs and
emergence programs in other comparable bankruptcies;

     d.     Research regarding officer compensation, design and cost of
compensation programs in other comparable companies;

     e.     Preparation for and attendance at meetings with the Debtors' employees
and executive compensation consultant regarding executive compensation and
KECP motions; and

     f.     Preparation for and attendance at meetings with the Committee and
Creditors' Sub-Committee.

Steven Hall rendered a total of 2,846.85 hours and $1,639,067.50 related to these compensation

and employment agreement advisory services.

11.     Additionally, with respect to administrative matters during the Compensation

Period, Steven Hall rendered a total of 28.2 hours and $26,857.50 in services related to preparing

monthly fee statements and the interim fee applications.

**<u>Steven Hall's Charges</u>**

12.     Steven Hall's hourly rates and fees charged are consistent with the market rate for

comparable services by comparable professionals.  The hourly rates and fees charged by Steven

Hall are the same as those generally charged to, and paid by, Steven Hall's other clients.  Indeed,

unlike fees paid by most of Steven Hall's clients, due to the "holdback" of fees and the delays

4

inherent in the fee application process, the present value of the fees paid to Steven Hall by the

Debtors is less than fees paid monthly by other of Steven Hall's clients. All hours expended by

Steven Hall were absolutely necessary. Steven Hall believes that the Billing Detail reflects the

actual, fair and reasonable value of the professional expertise provided to the Committee during

the Compensation Period.

## **Disbursements**

13.      Steven Hall did not charge for any expenses in connection with service as advisor

to the Committee during the Compensation Period. Steven Hall does not build a profit

component into its disbursements, and has not charged for Steven Hall's actual out-of-pocket

expenses.

## **Certification**

14.      As required by the Guidelines, a certification that the facts set forth in this

Application are true and correct, and that this Application complies with the Guidelines, is

attached hereto as Exhibit "B."

## **Steven Hall is a Disinterested Person and Holds No Adverse Interest**

15.      All professional services and expenses for which allowance is requested in this

Application were performed by Steven Hall on behalf of the Committee and not on behalf of any

other entity or person. As set forth in the Affidavit of Pearl Meyer of Steven Hall & Partners

Pursuant to Sections 329, 504 and 1103 of the Bankruptcy Code and Rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure, which was previously filed by Steven Hall in these

cases:  (a) Steven Hall holds neither a claim against, nor an interest in, the Debtors, and no

beneficial interest in the Debtors, directly or indirectly, has been acquired or transferred by

Steven Hall or for Steven Hall's benefit since the commencement of these cases, (b) Steven Hall

represents no interest adverse to the Debtors with respect to matters upon which it is engaged, and (c) Steven Hall is a "disinterested person" under section 101(14) of the Bankruptcy Code.

16.     No agreement or understanding exists between Steven Hall and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

## **Reservation of Rights**

17.     To the extent that charges for services rendered during the Compensation Period are inadvertently excluded from this Application for any reason, Steven Hall hereby reserves the right to request approval and payment of such charges in future fee applications

NY\1128823.2                                                                                                           12-23-2009

WHEREFORE, Steven Hall respectfully requests that this Court enter an order: (a)

allowing Steven Hall's request for compensation in the sum of $1,648,071.00 for actual,

reasonable and necessary professional services rendered on behalf of the Committee during the

Compensation Period, and (b) directing the Debtors to pay to Steven Hall the full amount of such

compensation to the extent not already paid.

Dated: New York, New York         STEVEN HALL & PARTNERS, LLC
       December 23, 2009

/s/ Pearl Meyer

Pearl Meyer
645 Fifth Avenue
New York, New York 10022
Tel:  (212) 488-5400
Fax:  (212) 888-8706
Email: pmeyer @shallpartners.com

Compensation and Employment Agreement
Advisor for the Official Committee of
Unsecured Creditors

7