HEARING DATE & TIME:  TBD
OBJECTIONS DUE:  TBD

Michael D. Warner
**WARNER STEVENS, L.L.P.**
301 Commerce Street, Suite 1700
Fort Worth, TX  76102
Telephone:    (817) 810-5250
Facsimile:    (817) 810-5255

Conflicts Counsel For The Official Committee Of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

**SUMMARY OF SEVENTH INTERIM AND FINAL FEE APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**WARNER STEVENS, L.L.P., AS CONFLICTS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD OF NOVEMBER 10, 2005 THROUGH JANUARY 25, 2008**

**Applicant:**               Warner Stevens, L.L.P.

**Role in Case:**            Conflicts Counsel to the Official Committee of Unsecured
                             Creditors

**Date of Retention:**       January 6, 2006 (nunc pro tunc to November 10, 2005)

**Compensation Period:**     November 10, 2005 – January 25, 2008

**This is a final fee application.**

**Final Application -**

Total Compensation Period (November 10, 2005 – January 25, 2008):

| | |
|---|---|
| Final Compensation Requested | $1,393,939.00[1] |
| Final Expenses Requested | $74,322.44[2] |
| Estimated Fees and Expenses For Preparation, Filing and Seeking Court Approval of Final Fee Application | $12,500.00 |
| Total Requested on a Final Basis | $1,480,761.44 |
| Less Amount Received to Date | $1,435,175.84 |
| Unpaid Amount to be Paid Upon Final Court Approval (Amount reflects a deduction for $4,200 being held in trust as described in the Final Fee Application) | $41,385.60 |
| Blended Hourly Rate | $397.55 |

Seventh Reporting Period (October 1, 2007 – January 25, 2008):

| | |
|---|---|
| Compensation Requested | $165,428.00 |
| Expenses Requested | $14,605.83 |
| Total Requested | $180,033.83 |
| Less Amount Received to Date | $146,948.23 |
| Unpaid Amount (20% Holdback) | $33,085.60 |
| Blended Hourly Rate | $431.03 |

---

[1] This amount reflects prior voluntary reductions of $41,904.00.
[2] This amount reflects prior voluntary reductions of $1,235.00.

**Previous Interim Applications –**

First Interim (November 10, 2005 – January 31, 2006):

| | |
|---|---|
| Compensation Requested | $322,376.00 |
| Less Voluntary Reduction | $8,131.00[3] |
| Total Compensation Approved | $314,245.00 |
| Expenses Approved | $14,929.31 |
| Total Approved on Interim Basis | $329,174.31 |
| Less Amount Received to Date | $329,174.31 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $390.71 |

Second Interim (February 1, 2006 – May 31, 2006):

| | |
|---|---|
| Compensation Requested | $502,652.50 |
| Less Voluntary Reduction | $8,131.00[4] |
| Total Compensation Approved | $494,521.50 |
| Expenses Approved | $23,618.63 |
| Total Approved on Interim Basis | $518,140.13 |
| Less Amount Received to Date | $518,140.13 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $418.24 |

---

[3] Warner Stevens voluntarily reduced the total professional fees requested in its First Interim Fee Application by $8,131.00.   Pursuant to the Omnibus Order Granting First Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (October 8, 2005 Through January 31, 2006) entered on February 15, 2007 [Docket No. 6986], the professional fees and expenses awarded to Warner Stevens by the Court totaled $314,245.00 and $14,929.31, respectively.

[4] Warner Stevens voluntarily reduced the total professional fees requested in its Second Interim Fee Application by $8,131.00.   Pursuant to the Omnibus Order Granting Second Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (February 1, 2006 Through May 31, 2006) entered on February 15, 2007 [Docket No. 6997], the professional fees and expenses awarded to Warner Stevens by the Court totaled $494,521.50 and $23,618.63, respectively.

Third Interim (June 1, 2006 – September 30, 2006):

| | |
|---|---:|
| Compensation Requested | $138,352.50 |
| Less Voluntary Reduction | $8,131.00[5] |
| Total Compensation Approved | $130,221.50 |
| Expenses Approved | $10,044.48 |
| Total Approved on Interim Basis | $140,265.98 |
| Less Amount Received to Date | $140,265.98 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $401.79 |

Fourth Interim (October 1, 2006 – January 31, 2007):

| | |
|---|---:|
| Compensation Requested | $117,281.50 |
| Expenses Requested | $5,654.20 |
| Total Requested | $122,935.70 |
| Less Voluntary Reduction | $5,700.00[6] |
| Total Approved on Interim Basis | $117,235.70 |
| Less Amount Received to Date | $117,235.70 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $413.27 |

---

[5] Warner Stevens voluntarily reduced the total professional fees requested in its Third Interim Fee Application by $8,131.00. Pursuant to the Omnibus Order Granting Third Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (June 1, 2006 Through September 30, 2006) entered on February 15, 2007 [Docket No. 7019], the professional fees and expenses awarded to Warner Stevens by the Court totaled $130,221.50 and $10,044.48, respectively.

[6] Warner Stevens voluntarily reduced the total professional fees and expenses requested in its Fourth Interim Fee Application by $4,500.00 and $1,200.00, respectively. Pursuant to the Omnibus Order Granting Fourth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (October 1, 2006 Through January 31, 2007) entered on June 27, 2007 [Docket No. 8450], the professional fees and expenses awarded to Warner Stevens by the Court totaled $112,781.50 and $4,454.20, respectively.

Fifth Interim (February 1, 2007 – May 31, 2007):

| | |
|---|---|
| Compensation Requested | $77,799.50 |
| Expenses Requested | $3,573.15 |
| Total Requested | $81,372.65 |
| Less Voluntary Reduction | $5,535.00[7] |
| Total Approved on Interim Basis | $75,837.65 |
| Less Amount Received to Date | $75,837.65 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $325.53 |

Sixth Interim (June 1, 2007 – September 30, 2007):

| | |
|---|---|
| Compensation Requested | $111,953.00 |
| Expenses Requested | $3,131.84 |
| Total Requested | $115,084.84 |
| Less Voluntary Reduction | $7,511.00[8] |
| Total Approved on Interim Basis | $107,573.84 |
| Less Amount Received to Date | $107,573.84 |
| Unpaid Amount | $0.00 |
| | |
| Blended Hourly Rate | $330.31 |

---

[7] Warner Stevens voluntarily reduced the total professional fees and expenses requested in its Fifth Interim Fee Application by $5,500.00 and $35.00, respectively.  Pursuant to the Omnibus Order Granting Fifth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (February 1, 2007 Through May 31, 2007) entered on October 29, 2007 [Docket No. 10753], the professional fees and expenses awarded to Warner Stevens by the Court totaled $72,299.50 and $3,538.15, respectively.

[8] Warner Stevens voluntarily reduced the total professional fees requested in its Sixth Interim Fee Application by $7,511.00.  Pursuant to the Omnibus Order Granting Sixth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (June 1, 2007 Through September 30, 2007) entered on February 25, 2008 [Docket No. 12909], the professional fees and expenses awarded to Warner Stevens by the Court totaled $104,442.00 and $3,131.84, respectively.

**Attorney/Other Professional Summary –**

Total Compensation Period (November 10, 2005 – January 25, 2008):

| Timekeeper | Initials | Position | Year Admitted | Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|
| Stevens, Lewis T. | LTS | Partner | 1975 | 49.8 | $550 | $26,455.00 |
| Stevens, Lewis T. | LTS | Partner | 1975 | 6.9 | $485 | $3,346.50 |
| Cohen, David T | DTC | Partner | 1984 | 250.0 | $525 | $130,725.00 |
| Cohen, David T | DTC | Partner | 1984 | 42.7 | $475 | $20,282.50 |
| Cohen, David T | DTC | Partner | 1984 | 10.4 | $550 | $5,720.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 10.1 | $550 | $5,555.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 717.3 | $525 | $375,322.50 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 164.6 | $475 | $78,185.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 8.0 | $550 | $4,400.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 586.0 | $525 | $305,550.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 70.9 | $475 | $33,677.50 |
| Erler, Jeffrey R. | JRE | Partner | 1996 | 4.7 | $400 | $1,880.00 |
| Erler, Jeffrey R. | JRE | Partner | 1996 | 57.3 | $440 | $25,212.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 191.6 | $415 | $79,514.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 39.2 | $350 | $12,180.00 |
| Greene, Kenneth C. | KCG | Associate | 1993 | 82.1 | $440 | $35,684.00 |
| Olenczuk, Alexandra P. | APO | Associate | 1994 | 12.2 | $415 | $5,063.00 |
| Olenczuk, Alexandra P. | APO | Associate | 1994 | 6.9 | $350 | $2,415.00 |
| Key, J. Todd | JTK | Associate | 2000 | 11.1 | $340 | $3,774.00 |
| Key, J. Todd | JTK | Associate | 2000 | 2.6 | $250 | $650.00 |
| Scurlock, Laura G. | LGS | Associate | 2001 | 177.1 | $340 | $59,874.00 |
| Scurlock, Laura G. | LGS | Associate | 2001 | 121.1 | $300 | $35,610.00 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 428.6 | $275 | $117,232.50 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 14.9 | $300 | $4,470.00 |
| Reid, Christine M. | CR | Sr. Paralegal | | 195.8 | $160 | $31,168.00 |
| Williams, Silvia N. | SNW | Paralegal | | 1.0 | $150 | $150.00 |
| Williams, Silvia N. | SNW | Paralegal | | 138.1 | $125 | $17,262.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 18.9 | $125 | $2,362.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 0.2 | $150 | $30.00 |
| Keels, Brenda L | BLK | Paralegal | | 52.7 | $150 | $7,905.00 |
| Smoot, Scott T. | STS | Paralegal | | 33.5 | $125 | $4,187.50 |
| **TOTALS** | | | | **3,506.3** | | **$1,435,843.00**[9] |

---

[9] This amount does not take into account $41,904.00 of voluntary reductions.

Seventh Reporting Period (October 1, 2007 – January 25, 2008):

| Timekeeper | Initials | Position | Year Admitted | Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|
| Cohen, David T | DTS | Partner | 1984 | 29.2 | $525 | $15,330.00 |
| Cohen, David T | DTS | Partner | 1984 | 10.4 | $550 | $5,720.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 77.2 | $525 | $40,267.50 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 10.1 | $550 | $5,555.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 115.5 | $525 | $60,637.50 |
| Warner, Michael D. | MDW | Partner | 1984 | 8.0 | $550 | $4,400.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 14.7 | $415 | $6,100.50 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 70.5 | $275 | $18,755.00 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 14.9 | $300 | $4,470.00 |
| Williams, Silvia N. | SNW | Paralegal | | 29.2 | $125 | $3,650.00 |
| Williams, Silvia N. | SNW | Paralegal | | 1.0 | $150 | $150.00 |
| LaBrada, Kerri L. | KLL | Paralegal | | 2.9 | $125 | $362.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 0.2 | $150 | $30.00 |
| **TOTALS** | | | | **383.8** | | **$165,428.00** |

**Expense Summary –**

Total Compensation Period (November 10, 2005 – January 25, 2008):

| Description | Amount |
|---|---|
| Conference Call | $88.82 |
| Courier Service | $6,668.75 |
| Court Reporter: Deposition Transcripts | $2,372.65 |
| Document Retrieval Service | $1,995.36 |
| Electronic Legal Research | $10,968.19 |
| Lien Research / Retrieval Fees | $128.68 |
| PACER Research | $46.72 |
| Photocopy & Printing | $2,270.59 |
| Travel – Airfare | $31,790.85 |
| Travel – Hotel | $8,495.33 |
| Travel – Parking | $64.00 |
| Travel – Transportation | $10,667.50 |
| GRAND TOTAL: | $75,557.44[10] |

Seventh Reporting Period (October 1, 2007 – January 25, 2008):

| Description | Amount |
|---|---|
| Conference Call | $26.23 |
| Courier Service | $832.79 |
| Court Reporter – Deposition Transcripts | $2,372.65 |
| Photocopy & Printing | $744.55 |
| Travel – Airfare | $7,320.80 |
| Travel – Transportation | $1,325.42 |
| Travel – Hotel | $1,983.39 |
| GRAND TOTAL: | $14,605.83 |

---

[10] This amount does not take into account $1,235.00 of voluntary reductions.

HEARING DATE & TIME:  TBD
OBJECTIONS DUE:  TBD

Michael D. Warner
**WARNER STEVENS, L.L.P.**
301 Commerce Street, Suite 1700
Fort Worth, TX  76102
Telephone:      (817) 810-5250
Facsimile:      (817) 810-5255

Conflicts Counsel For The Official Committee Of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

### SEVENTH INTERIM AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF WARNER STEVENS, L.L.P., AS CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF NOVEMBER 10, 2005 THROUGH JANUARY 25, 2008

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

This Seventh Interim and Final Fee Application for Compensation and Reimbursement of Expenses (the "Final Fee Application") is made by Warner Stevens, L.L.P. ("Warner Stevens") and seeks final approval for compensation for services rendered and costs advanced by Warner Stevens, as Conflicts Counsel to the Official Committee of Unsecured Creditors (the "Committee") for Delphi Corporation and certain of its affiliates (the "Debtors"), during the period of November 10, 2005 through January 25, 2008 (the "Total Compensation Period") .

As detailed herein below, Warner Stevens was retained to represent the Committee in November 2005.  Since its retention, Warner Stevens has provided significant and successful legal advice and strategy to the Committee on numerous matters.

SEVENTH INTERIM AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF WARNER STEVENS, L.L.P. – NOVEMBER 10, 2005 THROUGH JANUARY 25, 2008

180299v1

Over the course of these Bankruptcy Cases and through the Confirmation Date of January 25, 2008, Warner Stevens served monthly fee statements and filed quarterly interim fee applications for compensation and reimbursement of expenses, as more fully detailed below.  All such statements and fee applications (the "Prior Fee Applications") have contained significant detail of the legal services performed by Warner Stevens on behalf of the Committee, and therefore, certain detail of services previously performed by Warner Stevens is not repeated herein.  In addition, the detailed time records and descriptions of Warner Stevens which were attached to the Prior Fee Applications are not attached to this Final Fee Application.  Such detail and time records are incorporated herein. The Prior Fee Applications have all been approved by the Court on an interim basis.

The only time period for which Warner Stevens has not been presented an application to the Court is for the time period of October 1, 2007 through January 25, 2008 (the "Seventh Reporting Period").  Attached hereto are the detailed time records and descriptions for Warner Stevens for the Seventh Reporting Period.

By this Final Fee Application, Warner Stevens seeks:

(i)     Final Approval of Professional Fees incurred during the Total Compensation Period of $1,393,939.00, which amount includes professional fees incurred during the Seventh Reporting Period of $165,428.00;

(ii)    Final Approval of Reimbursable Expenses incurred during the Total Compensation Period of $74,322.44, which amount includes expenses incurred during the Seventh Reporting Period of $14,605.83; and

(iii)   Authorization for the Reorganized Debtors to pay to Warner Stevens such Professional Fees and Reimbursable Expenses due and owing in the amount of $41,385.60, which amount is comprised of  $33,085.60 in holdbacks for the Seventh Reporting Period (as described in paragraph 29 below) plus $12,500.00 in fees and expenses incurred and/or anticipated to be incurred in connection with the preparation, filing and seeking Court approval of this Final Fee Application (as described in paragraph 33 below) less $4,200.00 held in Warner Stevens' trust account (as described in paragraph 32 below).

In support of this Final Fee Application, Warner Stevens respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 330.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 330 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Local Guidelines.  Pursuant to Local Guidelines, a certification regarding compliance with such guidelines is attached hereto as Exhibit "A."

## II.    BACKGROUND

2.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors") commenced their reorganization cases by filing voluntary Chapter 11 petitions with this Court.  For the duration of the Bankruptcy Cases the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On October 17, 2005, the United States Trustee for the Southern District of New York appointed the Committee.

4.    At a meeting of the Committee held on or about November 10, 2005, the Committee determined to retain Warner Stevens as its Conflicts Counsel.

5.    On November 23, 2005, the Committee filed its *Application for Order Pursuant to Sections 327, 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving Retention of Warner Stevens, L.L.P., as Conflicts Counsel for the Official Committee of Unsecured Creditors*.

6.    This Court's *Final Order Under 11 U.S.C. §§ 327(a), 328 and 1103 and Fed.R.Bankr.P. 2014(a) Authorizing Employment and Retention of Warner Stevens, L.L.P., as*

*Conflicts Counsel for the Official Committee of Unsecured Creditors*, effective November 10, 2005, was entered in these Bankruptcy Cases on January 6, 2006 (the "Employment Order"). A copy of the Employment Order is attached hereto as Exhibit "B."

7.      No trustee or examiner was appointed in the Debtors' Chapter 11 Bankruptcy Cases.

8.      On April 28, 2006, Warner Stevens filed with the Court, and served on interested parties, its *First Interim Application For Compensation and Reimbursement of Expenses of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of November 10, 2005 Through January 31, 2006* (the "First Fee Application"). The First Fee Application covered the period of November 10, 2005 through January 31, 2006. Pursuant to the First Fee Application, Warner Stevens sought Court approval, on an interim basis, of professional fees in the amount of $322,376.00 and reimbursement of expenses in the amount of $14,929.31, for a total award of $337,305.31.

9.      On February 15, 2007, the *Omnibus Order Granting First Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (October 8, 2005 Through January 31, 2006)* [Docket No. 6986] (the "First Fee Order") was entered by the Court awarding Warner Stevens professional fees in the amount of $314,245.00 and reimbursement of expenses in the amount of $14,929.31, for a total award of $329,174.31, which reflected a voluntary reduction of $8,131.00. Of the amount requested in the First Fee Application, Warner Stevens has received, pursuant to the terms of the Interim Compensation Order and the First Fee Order, the sum of $329,174.31.

10.     On July 31, 2006, Warner Stevens filed with the Court, and served on interested parties, its *Second Interim Application For Compensation and Reimbursement of Expenses of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors for*

*the Period of February 1, 2006 Through May 31, 2006* (the "<u>Second Fee Application</u>").  The Second

Fee Application covered the period of February 1, 2006 through May 31, 2006.  Pursuant to the

Second Fee Application, Warner Stevens sought Court approval, on an interim basis, of professional

fees in the amount of $502,652.50 and reimbursement of expenses in the amount of $23,618.63, for a

total award of $526,271.13.

11.    On February 15, 2007, the *Omnibus Order Granting Second Interim Applications of*

*Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (February 1,*

*2006 Through May 31, 2006)* [Docket No. 6997] (the "<u>Second Fee Order</u>") was entered by the Court

awarding Warner Stevens professional fees in the amount of $494,521.50 and reimbursement of

expenses in the amount of $23,618.63, for a total award of $518,140.13, which reflected a voluntary

reduction of $8,131.00.  Of the amount requested in the Second Fee Application, Warner Stevens

has received, pursuant to the terms of the Interim Compensation Order and the Second Fee Order,

the sum of $518,140.13.

12.    On November 29, 2006, Warner Stevens filed with the Court, and served on

interested parties, its *Third Interim Application For Compensation and Reimbursement of Expenses*

*of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors*

*for the Period of June 1, 2006 Through September 30, 2006* (the "<u>Third Fee Application</u>").  The

Third Fee Application covered the period of June 1, 2006 through September 30, 2006.  Pursuant to

the Third Fee Application, Warner Stevens sought Court approval, on an interim basis, of

professional fees in the amount of $138,352.50 and reimbursement of expenses in the amount of

$10,044.48, for a total award of $148,396.98.

13.    On February 15, 2007, the *Omnibus Order Granting Third Interim Applications of*

*Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (June 1,*

*2006 Through September 30, 2006)* [Docket No. 7019]  (the "Third Fee Order") was entered by the Court awarding Warner Stevens professional fees in the amount of $130,221.50 and reimbursement of expenses in the amount of $10,044.48, for a total award of $140,265.98, which reflected a voluntary reduction of $8,131.00.  Of the amount requested in the Third Fee Application, Warner Stevens has received, pursuant to the terms of the Interim Compensation Order and the Third Fee Order, the sum of $140,265.98.

14.     On March 30, 2007, Warner Stevens filed with the Court, and served on interested parties, its *Fourth Interim Application For Compensation and Reimbursement of Expenses of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of October 1, 2006 Through January 31, 2007* (the "Fourth Fee Application").  The Fourth Fee Application covered the period of October 1, 2006 through January 31, 2007.  Pursuant to the Fourth Fee Application, Warner Stevens sought Court approval, on an interim basis, of professional fees in the amount of $117,281.50 and reimbursement of expenses in the amount of $5,654.20, for a total award of $122,935.70.

15.     On June 27, 2007, the *Omnibus Order Granting Fourth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (October 1, 2006 Through January 31, 2007)* [Docket No. 8450]  (the "Fourth Fee Order") was entered by the Court awarding Warner Stevens professional fees in the amount of $112,781.50 and reimbursement of expenses in the amount of $4,454.20, for a total award of $117,235.70, which reflected a voluntary reduction of $5,700.00.  Of the amount requested in the Fourth Fee Application, Warner Stevens has received, pursuant to the terms of the Interim Compensation Order and the Fourth Fee Order, the sum of $117,235.70.

16.     On July 31, 2007, Warner Stevens filed with the Court, and served on interested parties, its *Fifth Interim Application For Compensation and Reimbursement of Expenses of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2007 Through May 31, 2007* (the "Fifth Fee Application").  The Fifth Fee Application covered the period of February 1, 2007 through May 31, 2007.  Pursuant to the Fifth Fee Application, Warner Stevens sought Court approval, on an interim basis, of professional fees in the amount of $77,799.50 and reimbursement of expenses in the amount of $3,573.15, for a total award of $81,372.65.

17.     On October 29, 2007, the *Omnibus Order Granting Fifth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (February 1, 2007 Through May 31, 2007)* [Docket No. 10753] (the "Fifth Fee Order") was entered by the Court awarding Warner Stevens professional fees in the amount of $72,299.50 and reimbursement of expenses in the amount of $3,538.15, for a total award of $75,837.65, which reflected a voluntary reduction of $5,535.00.  Of the amount requested in the Fifth Fee Application, Warner Stevens has received, pursuant to the terms of the Interim Compensation Order and the Fifth Fee Order, the sum of $75,837.65.

18.     On November 30, 2007, Warner Stevens filed with the Court, and served on interested parties, its *Sixth Interim Application For Compensation and Reimbursement of Expenses of Warner Stevens, L.L.P., as Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of February 1, 2007 Through May 31, 2007* (the "Sixth Fee Application").  The Sixth Fee Application covered the period of June 1, 2007 through September 30, 2007.  Pursuant to the Sixth Fee Application, Warner Stevens sought Court approval, on an interim basis, of professional

fees in the amount of $111,953.00 and reimbursement of expenses in the amount of $3,131.84, for a total award of $115,084.84.

19.    On February 25, 2008, the *Omnibus Order Granting Sixth Interim Applications of Certain Professionals for Allowance of Compensation and Reimbursement of Expenses (June 1, 2007 Through September 30, 2007)* [Docket No. 12909] (the "Sixth Fee Order") was entered by the Court awarding Warner Stevens professional fees in the amount of $104,442.00 and reimbursement of expenses in the amount of $3,131.84, for a total award of $107,573.84, which reflected a voluntary reduction of $7,511.00.  Of the amount requested in the Sixth Fee Application, Warner Stevens has received, pursuant to the terms of the Interim Compensation Order and the Sixth Fee Order, the sum of $107,573.84.

20.    On January 25, 2008 (the "Confirmation Date"), the Court entered an order (the "Confirmation Order") confirming the *First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008* (the "Confirmed Plan").

21.    On July 30, 2009 (the "Modification Approval Date"), the Court entered an order (the "Plan Modification Order") approving certain modifications to the Confirmed Plan embodied in the *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified)* (the "Modified Plan").

22.    On October 6, 2009 (the "Effective Date"), the Modified Plan became effective.

### III.    REQUESTED COMPENSATION AND REIMBURSEMENT

23.     This Final Fee Application is filed by Warner Stevens pursuant to: (a) 11 U.S.C. §§

330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure; (b) the *Order Under 11 U.S.C. §*

*331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (as

supplemented, the "Interim Compensation Order"); (c) the Confirmation Order; and (d) the Plan

Modification Order.

24.     By this Final Fee Application, Warner Stevens seeks:

(i)     Final Approval of Professional Fees incurred during the Total Compensation
Period of $1,393,939.00, which amount includes professional fees incurred
during the Seventh Reporting Period of $165,428.00;

(ii)    Final Approval of Reimbursable Expenses incurred during the Total
Compensation Period of $74,322.44, which amount includes expenses
incurred during the Seventh Reporting Period of $14,605.83; and

(iii)   Authorization for the Reorganized Debtors to pay to Warner Stevens such
Professional Fees and Reimbursable Expenses due and owing in the amount
of $41,385.60, which amount is comprised of  $33,085.60 in holdbacks for
the Seventh Reporting Period (as described in paragraph 29 below) plus
$12,500.00 in fees and expenses incurred and/or anticipated to be incurred in
connection with the preparation, filing and seeking Court approval of this
Final Fee Application (as described in paragraph 33 below) less $4,200.00
held in Warner Stevens' trust account (as described in paragraph 32 below).

25.     All of the professional services which are the subject of this Final Fee Application

were rendered by Warner Stevens exclusively at the request of the Committee and not for or at the

request of any other person or entity.  The supervisory responsibility for Warner Stevens' efforts on

behalf of the Committee has been undertaken by Michael Warner.

26.     No agreement exists, nor will any be made, to share any compensation received by

Warner Stevens for its services on behalf of the Committee with any other person or firm, expect

among partners of Warner Stevens.

27.    All of the expenses for which Warner Stevens seeks reimbursement were actually and necessarily incurred by Warner Stevens in connection with its rendition of professional services to or for the Committee.

28.    As set forth in detail below and in the Prior Fee Applications, the services performed by Warner Stevens on behalf of the Committee have materially benefited the Debtors' chapter 11 estates and their respective creditors.

29.    The Interim Compensation Order provided that professionals retained by order of the Court were permitted to submit monthly billings to the Debtors and, absent objection, 80% of the professional fees incurred and 100% of the reimbursable expenses incurred are authorized to be paid pursuant to the Interim Compensation Order.  For the Seventh Reporting Period, Warner Stevens submitted monthly fee statements and billings to the Debtors in the aggregate amount of $165,428.00 for fees and $14,605.83 for expenses.   Pursuant to the Interim Compensation Order, Warner Stevens has received payment from the Debtors for 100% of the requested expenses and 80% of the requested fees for the Seventh Reporting Period, leaving an unpaid balance of $ 33,085.60 (the 20% holdback).

30.    During the Total Compensation Period, Warner Stevens has submitted requests for monthly compensation and reimbursement of expenses and has received funds from the Debtors in these Bankruptcy Cases through the Confirmation Date as follows:

| Month | Professional Fees Requested | Reimbursable Expenses Requested | Voluntary Reduction | Professional Fees Paid | Reimbursable Expenses Paid | Balance Due to Warner Stevens |
|---|---|---|---|---|---|---|
| Nov/Dec 2005 | $196,380.00 | $1,538.02 | | $157,098.00 | $1,538.02 | $39,282.00 |
| January 2006 | $125,996.00 | $13,391.29 | | $100,796.80 | $13,391.29 | $25,199.20 |
| First Fee Application | | | $8,131.00 | $56,350.20 | $0.00 | $0.00 |
| | | | | | | |
| February 2006 | $123,338.00 | $7,196.64 | | $98,670.40 | $7,196.64 | $24,667.60 |
| March 2006 | $223,927.00 | $2,624.28 | | $179,141.60 | $2,624.28 | $44,785.40 |
| April 2006 | $63,280.00 | $4,402.25 | | $50,624.00 | $4,402.25 | $12,656.00 |
| May 2006 | $54,973.00 | $9,395.46 | | $43,978.40 | $9,395.46 | $10,994.60 |
| Lien Litigation | $37,134.50 | $0.00 | | $0.00 | $0.00 | $37,134.50 |
| Second Fee Application | | | $8,131.00 | $122,107.10 | $0.00 | $0.00 |
| | | | | | | |
| June 2006 | $50,172.50 | $4,822.37 | | $40,138.00 | $4,822.37 | $10,034.50 |
| July 2006 | $29,971.50 | $2,983.72 | | $23,977.20 | $2,983.72 | $5,994.30 |
| August 2006 | $25,142.50 | $2,042.08 | | $20,114.00 | $2,042.08 | $5,028.50 |
| September 2006 | $33,066.00 | $196.31 | | $26,452.80 | $196.31 | $6,613.20 |
| Third Fee Application | | | $8,131.00 | $19,539.50 | $0.00 | $0.00 |
| | | | | | | |
| October 2006 | $24,542.00 | $764.55 | | $19,633.60 | $764.55 | $4,908.40 |
| November 2006 | $33,633.00 | $1,691.70 | | $26,906.40 | $1,691.70 | $6,726.60 |
| December 2006 | $21,667.00 | $546.63 | | $17,333.60 | $546.63 | $4,333.40 |
| January 2007 | $37,439.50 | $2,651.32 | | $29,951.60 | $2,651.32 | $7,487.90 |
| Fourth Fee Application | | | $5,700.00 | $17,756.30 | $0.00 | $0.00 |
| | | | | | | |
| February 2007 | $12,112.50 | $273.26 | | $9,690.00 | $273.26 | $2,422.50 |
| March 2007 | $18,600.00 | $189.27 | | $14,880.00 | $189.27 | $3,720.00 |
| April 2007 | $12,932.50 | $1,756.95 | | $10,346.00 | $1,756.95 | $2,586.50 |
| May 2007 | $34,154.50 | $1,353.67 | | $27,323.60 | $1,353.67 | $6,830.90 |
| Fifth Fee Application | | | $5,535.00 | $10,024.90 | $0.00 | $0.00 |
| | | | | | | |
| June 2007 | $39,568.00 | $1,045.48 | | $31,654.40 | $1,045.48 | $7,913.60 |
| July 2007 | $26,902.50 | $985.18 | | $21,522.00 | $985.18 | $5,380.50 |
| August 2007 | $31,767.50 | $52.70 | | $25,414.00 | $52.70 | $6,353.50 |
| September 2007 | $13,715.00 | $1,048.48 | | $10,972.00 | $1,048.48 | $2,743.00 |
| Sixth Fee Application | | | $7,511.00 | $14,879.60 | $0.00 | $0.00 |
| | | | | | | |
| October 2007 | $24,705.50 | $2,264.19 | | $19,764.40 | $2,264.19 | $4,941.10 |
| November 2007 | $62,752.50 | $535.45 | | $50,202.00 | $535.45 | $12,550.50 |
| December 2007 | $57,645.00 | $3,658.86 | | $46,116.00 | $3,658.86 | $11,529.00 |
| Jan 1-25, 2008 | $20,325.00 | $8,147.33 | | $16,260.00 | $8,147.33 | $4,065.00 |
| | | | | | | |
| TOTALS | $1,435,843.00 | $75,557.44 | $43,139.00 | $1,360,853.40 | $74,322.44 | $33,085.60 |

31.     For the post confirmation period from January 26, 2008 through July 22, 2009, Warner Stevens submitted monthly fee statements (the "Post Confirmation Fee Statements") for payment pursuant to the Confirmed Plan and the Confirmation Order.  The Post Confirmation Fee Statements (i) have not been formally disputed by the Debtors and, therefore, pursuant to the Confirmation Order, are not subject to Court review; and (ii) have been paid in full by the Debtors.  Thus, there is no balance due Warner Stevens for the Post Confirmation Fee Statements.  This Final Fee Application does not include or request compensation or expense reimbursement with respect to services rendered during the post confirmation period.

32.     For the months of August and September 2009, the Debtors requested that Warner Stevens provide an estimate of professional fees and reimbursable expenses.  Warner Stevens provided an estimate of $2,100.00 for each month for a total of $4,200.00.  On or about the Effective Date, Warner Stevens received a wire for $4,200.00 which was immediately transferred, and still remains, in Warner Steven's trust account.  Thus, the $4,200.00 remains in Warner Stevens' trust account.

33.     In connection with the preparation, filing and seeking Court approval of this Final Fee Application, Warner Stevens has incurred and anticipates to incur approximately 45 hours of professional time and reimbursable expenses for a total anticipated amount of $12,500.00.  Warner Stevens, thus, requests Court approval and payment of $12,500.00 for fees and expenses incurred in connection with the preparation, filing and seeking Court approval of this Final Fee Application.

34.     In addition to Warner Steven's seeking final Court approval of professional fees and reimbursable expenses incurred during the Total Compensation Period, Warner Stevens requests authorization for the Reorganized Debtors to pay to Warner Stevens the amount of $41,385.60, which amount is comprised of $33,085.60 in holdbacks for the Seventh Reporting Period plus the

$12,500.00 incurred and/or anticipated to be incurred in connection with the preparation, filing, and seeking Court approval of this Final Fee Application less the $4,200.00 held in Warner Stevens' trust account.

## IV.    EXHIBITS WITH DETAIL OF FEES AND EXPENSES

35.    In the ordinary course of its business, Warner Stevens maintains records of time expended by attorneys and paralegals in rendering services to its clients.  The time records are made contemporaneously with the rendition of professional services and are prepared contemporaneously by the professional who rendered the service.

36.    Warner Stevens also maintains contemporaneous records of all actual and necessary expenses incurred in connection with the rendition of professional services to its clients in the ordinary course of its business.

37.    The exhibits relating to the professional services performed and reimbursable expenses sought by Warner Stevens during the Seventh Reporting Period are as follows:

a.    Exhibit "C" is a summary of the hours expended during the Seventh Reporting Period by each professional.

b.    Exhibit "D" is a chronological statement, by Task Code, detailing all of the professional services rendered to the Committee during the Seventh Reporting Period, as transcribed from Warner Stevens' contemporaneous time records.  The time records show the professional services rendered, the date on which the services were performed, the person who performed the services, a description of the services performed, and the amount of time spent performing the services.

c.    Exhibit "E" is a summary of the professional services rendered during the Seventh Reporting Period for each Task Code.

d.      Exhibit "F" is a statement detailing expenses incurred, which expenses are considered extraordinary and not included in Warner Stevens' overhead, for which approval of reimbursement is requested by this Application during the Seventh Reporting Period.  Warner Stevens' policy regarding such extraordinary expenses is set forth in Section VI below.

38.      The exhibits relating to the final approval of all professional services performed and reimbursable expenses sought by Warner Stevens during these Bankruptcy Cases from November 10, 2005 through January 25, 2008 – the Total Compensation Period are as follows[1]:

a.      Exhibit "G" is a summary of the hours expended during the Total Compensation Period by each professional.

b.      Exhibit "H" is a summary of the professional services rendered during the Total Compensation Period for each Task Code.

c.      Exhibit "I" is a statement detailing expenses incurred, which expenses are considered extraordinary and not included in Warner Stevens' overhead, for which approval of reimbursement is requested by this Application during the Total Compensation Period.  Warner Stevens' policy regarding such extraordinary expenses is set forth in Section VI below.

## V.      <u>SUMMARY OF LEGAL SERVICES PERFORMED BY WARNER STEVENS</u>

39.      Set forth below are summary descriptions of the legal services performed by Warner Stevens during both (i) the Seventh Reporting Period and (ii) the Total Compensation Period on behalf of the Committee.  The legal services are grouped together by specific tasks and arranged by a designated Task Code.  These Task Codes are different to some extent from the task codes used by other professionals in these Bankruptcy Cases and reflect the fact that many of the tasks performed by Warner Stevens for the Committee are "one off" specific projects for which Warner Stevens

---

[1] Warner Stevens does not include a chronological statement, by Task Code, detailing all of the professional services rendered to the Committee during the Total Compensation Period, as transcribed from Warner Stevens' contemporaneous time records.  Such information for all other time periods other than the Seventh Reporting Period were previously filed with the respective Prior Fee Application and are herein incorporated by reference.

assigns matter descriptive and specific task codes. The time records for the legal services, in a chronological listing by Task Code, for the Seventh Reporting Period are set forth in Exhibit "D." These legal services were performed under the supervision of Michael D. Warner as conflicts counsel for the Committee.

40.    Warner Stevens has rendered 383.8 hours of legal service in the representation of the Committee during the Seventh Reporting Period and seeks compensation in the amount of $165,428.00 for such services. This results in a blended hourly rate of $431.03 for the Seventh Reporting Period. For the Total Compensation Period, Warner Stevens has rendered 3,506.3 hours of legal service in the representation of the Committee and seeks compensation in the amount of $1,393,939.00 for such services. This results in a blended hourly rate of $397.55 for the Total Compensation Period.

**A.    Asset Disposition (AD)**

*The Seventh Reporting Period and the Total Compensation Period*

41.    On December 10, 2007, the Debtors filed their motion to approve their proposed sale of their steering and half shaft business (the "Steering Business") for a purchase price of approximately $447 million. As Latham & Watkins, LLP ("Latham"), the Committee's lead counsel, had a conflict, Warner Stevens examined the Debtors' proposed sale of the Steering Business. With the Committee's financial advisors, Warner Stevens analyzed the proposed bidding procedures as well as the accompanying asset purchase agreement.

42.    Warner Stevens also reviewed a limited response to the bid procedures filed by an entity who also submitted an alternative bid to purchase the Steering Business. Again with the Committee's financial advisors, Warner Stevens compared the stalking horse bid to the alternative bid and outlined numerous issues to be considered by the Committee.

43.     Warner Stevens analyzed other bids for the Steering Business that were received pursuant to the bid procedures that were ultimately approved by the Court.  Warner Stevens reviewed and commented on the orders that were proposed by the Debtors to approve the bid procedures as well as the sale of the Steering Business.  Warner Stevens also participated in the hearing to approve the sale of the Steering Business.  Throughout this process, Warner Stevens prepared and provided several memoranda to the Committee summarizing and outlining issues as they pertained to the sale of the Steering Business.

44.     Under the category of Asset Disposition, Warner Stevens incurred 123.4 hours of professional time, which equates to $63,520.00 of legal fees for the Seventh Reporting Period.  No additional professional time was incurred for the remainder of the Total Compensation Period under the category of Asset Disposition.

## B.     Bank of America Lien Review (BA)

*The Seventh Reporting Period*

45.     Under the category of Bank of America Lien Review, Warner Stevens did not incur any professional time in the Seventh Reporting Period.

*The Total Compensation Period*

46.     As described in the First Fee Application, on November 11, 2005, Bank of America, N.A. ("Bank of America"), filed its Motion (I) To Provide Adequate Protection of Security Interests in Collateral and (II) To Terminate the Automatic Stay With Respect to Cash Collateral (the "Bank of America Motion").

47.     In connection with the Bank of America Motion, the Committee requested Warner Stevens to undertake an analysis of Bank of America's liens against revenue generated by certain air

charter agreements entered into by Delphi Automotive Systems Human Resources LLC ("Delphi HR").

48.    On January 13, 2006, Bank of America also filed the Complaint of Bank of America, N.A., for a Declaratory Judgment with Respect to the Priority of Liens and Security Interests in Property of Delphi Automotive Systems Human Resources, LLC (the "Bank of America Complaint").

49.    During the First Reporting Period and the Second Reporting Period, Warner Stevens negotiated a consent order with counsel for Bank of America that was to be entered in connection with the Bank of America Motion and reviewed extensive documentation provided by Bank of America with respect to the leases and the charter agreements, the attachment and perfection of the asserted liens, public records and relevant case law and state statutes.

50.    After Warner Stevens concluded its legal research and analysis and reported to the Committee its conclusions, the decision was made not to proceed with a challenge, as provided under the terms of the consent order, to Bank of America's lien against its collateral.

51.    As a result of the decision not to challenge Bank of America's liens against its collateral, Warner Stevens, on behalf of the Committee, during the Second Reporting Period participated in the negotiation and drafting of a consensual dismissal of the Bank of America Complaint which was filed with, and approved by, the Court in April 2006.

52.    During the Third Reporting Period, Warner Stevens incurred time and fees in connection with a new issue that arose concerning Bank of America's liens with respect to the aircraft and the collateral.  The Debtors extended the term of the charter agreements and Bank of America insisted upon confirming that the existing Consent Order required Delphi HR to continue to

segregate the charter revenue, that the charter revenue was still its cash collateral and that Bank of America's liens continued against the charter revenue.

53.      In connection with this new issue, Warner Stevens incurred time negotiating, reviewing and commenting on various drafts of a Stipulation and Order Among the Debtors, Bank of America, and the Committee (the "<u>Stipulation</u>") with respect to this issue.

54.      At the same time the Stipulation was being negotiated, a separate agreement was being negotiated with respect to an asserted set-off right by the chartering/management company for the two aircraft.  In connection with this matter, Warner Stevens also incurred time negotiating, reviewing and commenting on various drafts of the settlement agreement (the "<u>Settlement Agreement</u>") that resolved the set-off issue.

55.      Warner Stevens also incurred time in this category in connection with drafting two lengthy memorandums to the Committee detailing the proposed Stipulation and Settlement Agreements and Warner Stevens' recommendations with respect thereto.

56.      Under the category of Bank of America Lien Review, Warner Stevens incurred 142.1 hours of professional time, which equates to $56,779.00 of legal fees for the Total Compensation Period.

## C.      Barclays Bank Rule 2004 Examination (BB)

*The Seventh Reporting Period*

57.      Under the category of Barclays Bank Rule 2004 Examination, Warner Stevens did not incur any professional time in the Seventh Reporting Period.

*The Total Compensation Period*

58.      In May 2006, the Debtors filed a motion (the "<u>2004 Motion</u>") to take a 2004 examination of Barclays Bank PLC ("<u>Barclays</u>").  Pursuant to the 2004 Motion, the Debtors sought

the production of documents and testimony with respect to the refusal by Barclays to turnover to the Debtors, on the grounds of set-off, approximately $9 million that Barclays owed to the Debtors. The Debtors disputed Barclays' right of setoff on various grounds, including lack of mutuality.

59.    During the Third Reporting Period, Warner Stevens incurred time conducting legal research, communicating, by way of memorandum, to the Committee the issues involved in the dispute, and drafting a pleading in support of the 2004 Motion. Warner Stevens also reviewed the initial document production of documents by Barclays

60.    During the Fourth Reporting Period, Warner Stevens incurred time analyzing a Settlement Agreement between the Debtors and Barclays (the "Barclays Settlement Agreement") that intended to resolve the 2004 Motion and the asserted set-off claim. Warner Stevens commented on the Barclays Settlement Agreement as well as the proposed order submitted to the Court to approve the Barclays Settlement Agreement. Warner Stevens also communicated, by way of memorandum, to the Committee the issues involved in the dispute and its recommendations respecting the same.

61.    Under the category of Barclays Bank Rule 2004 Examination, Warner Stevens incurred 41.2 hours of professional time, which equates to $18,670.00 of legal fees for the Total Compensation Period.

## D.    Claims Administration and Objection (CAO)

*The Seventh Reporting Period and the Total Compensation Period*

62.    During the Seventh Reporting Period and the Total Compensation Period, Warner Stevens, in conjunction with Latham, continued to review certain claims, the omnibus objections to claims filed by the Debtors, and responses filed by the claimants whose claims had been objected to by the Debtors.

63.    Approximately 16,500 proofs of claims were filed against the Debtors in these cases. During the Seventh Reporting Period and the Total Compensation Period, Warner Stevens continued to review certain claims and settlement of claims that Latham could not review because of a conflict.

64.    Under the category of Claims Administration and Objection, Warner Stevens incurred 20.7 hours of professional time, which equates to $5,885.00 of legal fees for the Seventh Reporting Period.

65.    Under the category of Claims Administration and Objections, Warner Stevens incurred 122.8 hours of professional time, which equates to $43,235.50 of legal fees for the Total Compensation Period.

## E.    Deloitte & Touche Employment Review (DT)

*The Seventh Reporting Period*

66.    Under the category of Deloitte & Touche Employment Review, Warner Stevens did not incur any professional time in the Seventh Reporting Period.

*The Total Compensation Period*

67.    On November 23, 2005, the Debtors filed their *Application for Order Under 11 U.S.C. §§ 327(a), 328(a) and 1107(b) Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditors and Accountants to Debtors, Effective Nunc Pro Tunc to October 8, 2005.*

68.    Warner Stevens was asked by the Committee to review the application and to determine if there were any issues relevant to the Committee and unsecured creditors with respect to the terms of employment of Deloitte & Touche LLP ("Deloitte") by the estates.  After reviewing the employment application and proposed employment order, Warner Stevens advised the Committee of certain issues that needed to be addressed with the Debtors and Deloitte.

69.     In addition, the Lead Plaintiffs in the consolidated securities class action titled *In re Delphi Corp. Securities Litigation*, Master File No. 1:05-CV-2637 (NRB) (SDNY) (the "Lead Plaintiffs") filed an objection to the employment of Deloitte by the estates.

70.     During the First Reporting Period, after numerous discussions with counsel for the Debtors and Deloitte and the filing by Warner Stevens of a limited objection, the parties, prior to the hearing on the application, were able to agree on acceptable language for inclusion in the proposed employment order which was entered on January 11, 2006 (the "Deloitte Employment Order").

71.     Subsequent to entry of the Deloitte Employment Order, the Lead Plaintiffs filed a notice of appeal of the Deloitte Employment Order.  The Committee determined that it was in the interests of the Committee and creditors that the Deloitte Employment Order be upheld on appeal.

72.     During the Second Reporting Period, Warner Stevens incurred time and fees in connection with supporting the Debtors' efforts to have the Deloitte Employment Order upheld on appeal.

73.     In connection with these efforts, Warner Stevens reviewed the record on appeal and the Lead Plaintiffs' Opening Brief.

74.     In February 2006, Warner Stevens drafted and filed a legal brief (the "Brief") on behalf of the Committee in support of the affirmance of the Deloitte Employment Order.  The Brief focused on grounds for denial of the appeal that were different from those argued by the Debtors.

75.      Subsequent to filing the Brief, Warner Stevens attended the hearing on the appeal. In May 2006, the District Court issued an opinion affirming the Deloitte Employment Order.

76.     Under the category of Deloitte & Touche Employment Review, Warner Stevens incurred 139.2 hours of professional time, which equates to $58,071.00 of legal fees for the Total Compensation Period.

F.    **Fee/Employment Application (FEA)**

*The Seventh Reporting Period*

77.    A significant portion of the fees included in this category relate to the time incurred in drafting, preparing and filing the Sixth Fee Application and the accompanying exhibits. This included reviewing and redacting, where necessary, the time entries included as exhibits to the Sixth Fee Application to avoid the disclosure of confidential information.

78.    Also included in the category of Fee/Employment Application is time incurred by Warner Stevens in connection with preparing its monthly fee requests for payment of professional fees and expenses in accordance with the Interim Compensation Order. In addition, Warner Stevens incurred time reviewing the monthly time and expense records that were submitted with the fee requests and redacting such time entries where necessary to avoid disclosure of confidential information.

79.    Under the category of Fee/Employment Application, Warner Stevens incurred 53.8 hours of professional time, which equates to $11,057.00 of legal fees for the Seventh Reporting Period.

*The Total Compensation Period*

80.    Within the category of Fee/Employment Application is time incurred by Warner Stevens in connection with seeking Court approval of Warner Stevens' employment by the Committee. Warner Stevens prepared and filed its application seeking employment as Conflicts Counsel for the Committee, as well as the form of proposed employment order. The Employment Application was filed with the Court on November 23, 2005 and the Employment Order was entered on January 6, 2006.

81.    In addition, after filing the Employment Application, Warner Stevens met with the Office of the United States Trustee to discuss the terms and scope of Warner Stevens' employment. As a result of these discussions with the Office of the United States Trustee, Warner Stevens modified the Employment Order prior to lodging with the Court.

82.    Also included in this category is time incurred in connection with appearing at the Court hearing on the Employment Application and in connection with preparing and filling supplemental declarations with the Court to disclose new client information.

83.    A significant portion of the fees included in this category relate to the time incurred in drafting, preparing and filing the First Fee Application, the Second Fee Application, the Third Fee Application, the Fourth Fee Application, the Fifth Fee Application, the Sixth Fee Application and the accompanying exhibits.  This included reviewing and redacting, where necessary, the time entries included as exhibits to the Prior Fee Applications to avoid the disclosure of confidential information.

84.    During the Total Compensation Period, time was also incurred by Warner Stevens in addressing and responding to the questions and issues raised by the Fee Committee with respect to the Prior Fee Applications.  This involved reviewing the Fee Committee Reports and preparing responses.

85.    Also included in the category of Fee/Employment Application is time incurred by Warner Stevens in connection with preparing its monthly fee requests for payment of professional fees and expenses in accordance with the Interim Compensation Order.  In addition, Warner Stevens incurred time reviewing the monthly time and expense records that were submitted with the fee requests and redacting such time entries where necessary to avoid disclosure of confidential information.

86.    Under the category of Fee/Employment Application, Warner Stevens incurred 477.1 hours of professional time, which equates to $136,208.00 of legal fees for the Total Compensation Period.

## G.    Fee/Employment Objections (FEO)

*The Seventh Reporting Period*

87.    During the Seventh Reporting Period, Warner Stevens incurred time in connection with reviewing the fee applications of those professionals which Latham could not review because of a conflict.  During the Seventh Reporting Period, Warner Stevens continued to review the interim fee applications and accompanying time records, and certain monthly fee statements, of Ernst & Young LLP ("E&Y"), Deloitte, KPMG LLP ("KPMG"), PricewaterhouseCoopers LLP ("PwC"), and Wilmer Cutler Pickering Hale and Dorr LLP ("WCPHD").

88.    Warner Stevens also reviewed and examined Supplemental Retention Declarations filed separately by Deloitte and WCPHD as well as an amendment to the Master Professional Services Agreement entered into and between the Debtors and KPMG.

89.    Under the category of Fee/Employment Objections, Warner Stevens incurred 41.7 hours of professional time, which equates to $13,948.50 of legal fees for the Seventh Reporting Period.

*The Total Compensation Period*

90.    During the Total Compensation Period and in connection with its review of the interim fee applications, the retention and supplemental retention applications, and the additional services agreements filed throughout these cases by E&Y, Deloitte, KPMG, PwC, and WCPHD, Warner Stevens analyzed the pleadings, summarized the documents for review by the Committee

and drafted detailed memoranda to the Committee regarding the issues raised with respect to the issues and Warner Stevens' recommendations respecting the same.

91.      In addition, Warner Stevens incurred time in connection with discussing the retention and supplemental retention applications and additional services agreements with counsel for the Debtors and in negotiating with counsel changes or additions to the language in the proposed retention orders and retention agreements.

92.      Under the category of Fee/Employment Objections, Warner Stevens incurred 293.7 hours of professional time, which equates to $105,990.50 of legal fees for the Total Compensation Period.

## H.      General Committee Operations & Issues (GC)

*The Seventh Reporting Period and the Total Compensation Period*

93.      Time included in the category of General Committee Operations & Issues is the time and effort incurred by Warner Stevens on behalf of the Committee on several general tasks, including small and discreet projects that did not fit within any of the other more specific categories set forth herein.

94.      Warner Stevens incurred time in connection with participating in the weekly meetings held by the Committee and its professionals to discuss the pending matters and issues in the Bankruptcy Cases and to decide on the Committee's position and/or strategy with respect thereto. Except in situations where the physical presence of an attorney from Warner Stevens was needed, Warner Stevens has participated via telephone conference and has limited the number of attorneys that have participated on the conference call.  In connection with participating in such calls, attorneys at Warner Stevens have also incurred time in reviewing the proposed agenda for such

meetings and the memorandums and reports circulated by other Committee professionals detailing the issues to be discussed and considered at the meeting.

95.    In connection with the weekly Committee meetings, Warner Stevens prepared memoranda to the Committee providing summaries of issues being handled by Warner Stevens on behalf of the Committee and proposed recommendations when necessary.  During the Committee meetings, attorneys at Warner Stevens would discuss the matters Warner Stevens was handling on behalf of the Committee, their status and answer any questions that Committee members had with respect to such matters.

96.    Warner Stevens also incurred time in this category in connection with participating at the monthly meetings held between the Debtors and their professionals and the Committee and its professionals.  Only one attorney from Warner Stevens participated in each such meeting.

97.    Under the category of General Committee Operations & Issues, Warner Stevens incurred 34.7 hours of professional time, which equates to $15,545.00 of legal fees for the Seventh Reporting Period.

98.    Under the category of General Committee Operations & Issues, Warner Stevens incurred 829.7 hours of professional time, which equates to $382,088.00 of legal fees during the Total Compensation Period.

## I.    Secured Lender Lien Review (LR)

*The Seventh Reporting Period*

99.    Under the category of Secured Lender Lien Review, Warner Stevens did not incur any professional time in the Seventh Reporting Period.

*The Total Compensation Period*

100.    Warner Stevens was assigned the task by the Committee of investigating the prepetition lending relationship by and among the Debtors, JPMorgan Chase Bank, N.A. ("JPMorgan"), and the Debtors' other prepetition lenders (collectively, the "Prepetition Lenders"). In particular, Warner Stevens was asked to (1) examine, analyze and challenge, if necessary, the validity, enforceability, priority or extent of the prepetition debt (the "Prepetition Debt") owing to the Prepetition Lenders pursuant to the terms of that certain 5-Year Third Amended and Restated Credit Agreement, dated as of June 14, 2005 (the "Prepetition Credit Agreement"), and the other documents executed in connection therewith, and the liens and security interests (the "Prepetition Liens") granted by the Debtors to secure the Prepetition Debt; (2) determine whether the Prepetition Lenders are under-secured or over-secured; and (3) determine, and prosecute, if necessary, any avoidance actions or other claims and/or defenses available to the Debtors' estates against the Prepetition Lenders related to the Prepetition Debt, the Prepetition Liens and/or the Prepetition Credit Agreement.

101.    In accordance with the Final DIP Financing Order entered in these cases, the Committee was initially given until January 16, 2006, to complete the tasks set forth in item (1) above and was given to until April 17, 2006 (the "April 17 Deadline"), to complete the tasks set forth items (2) and (3) above.

102.    During the First Reporting Period, Warner Stevens conducted an extensive review of documents, statutes and case law in its investigation to determine whether any challenge could be made to the Prepetition Debt or the Prepetition Liens or whether any causes of action existed for the Committee to pursue.

103.    In connection with this investigation, Warner Stevens requested and received from the Debtors and JPMorgan, as agent for the Prepetition Lenders, extensive documentation related to the prepetition lending relationship.  Warner Stevens reviewed and analyzed the guaranty and security agreement executed by Delphi and its subsidiaries, UCC financing statements for over thirty entities, control agreements, mortgages, legal opinions, perfection certificates, stock certificates and other documents which purported to grant and/or perfect the Prepetition Liens.

104.    After the completion of its analysis, Warner Stevens prepared a detailed memorandum to the Committee detailing its conclusions and recommendations.  After the meeting with Committee, Warner Stevens met with counsel for JPMorgan and an extension of the January 16, 2006 deadline to the April 17 Deadline was agreed to by the parties.

105.    During the Second Reporting Period, Warner Stevens undertook the research and analysis related to the tasks described in items (2) and (3) in paragraph 100 above.  In particular, Warner Stevens examined whether any causes of action existed with respect to avoidance actions and other claims against the Prepetition Lenders.

106.    In this regard, Warner Stevens prepared, and requested from JPMorgan and the Debtors, on an informal basis, a more extensive list of documents and materials in connection with this second part of the investigation.  The Debtors and JPMorgan, in response to these document requests, produced over 7,000 pages of documents which were reviewed by Warner Stevens. Warner Stevens also reviewed the Debtors' public SEC filings for the last four years and the bankruptcy schedules filed by the Debtors as part of the analysis.

107.    In addition to the extensive document review, Warner Stevens also conducted comprehensive legal research involving applicable law under the United States Bankruptcy Code and New York state law.

108.    After the conclusion of its examination and legal research, Warner Stevens prepared a detailed and lengthy memorandum to the Committee discussing its analysis and conclusions and its recommendations to the Committee as to how to proceed.

109.    After meeting with the Committee, and the Committee's approval of a course of action, Warner Stevens met with counsel for the JPMorgan.

110.    As a result of the meeting, Warner Stevens and counsel for JPMorgan negotiated a stipulation (the "Extension Stipulation") pursuant to which certain causes of action relating to the Prepetition Debt and Prepetition Liens were preserved and the deadline to file such actions was extended to January 2007.

111.    During the Fourth Reporting Period, the Debtors negotiated a new DIP facility which called for a waiver and relinquishment of the preserved causes of action.

112.    Warner Stevens, on behalf of the Committee, reviewed the proposed DIP Agreement and DIP Order with respect to this provision and reported to the Committee.  Working with Latham, Warner Stevens also negotiated the inclusion of certain language in the DIP Order.

113.    Under the category of Secured Lender Lien Review, Warner Stevens incurred 1,052.0 hours of professional time, which equates to $443,009.00 of legal fees for the Total Compensation Period.

**J.    Lien Litigation (LL)**

*The Seventh Reporting Period*

114.    Under the category of Lien Litigation, Warner Stevens did not incur any professional time during the Seventh Reporting Period.

*The Total Compensation Period*

115.    This category includes the time and fees incurred by Warner Stevens in connection with preparing for filing a complaint in the event a consensual extension of the April 17 Deadline discussed above could not be reached with the Prepetition Lenders or if the Committee decided to go forward with litigation.  As the April 17 Deadline approached, Warner Stevens began preparing a complaint setting forth the various legal theories Warner Stevens had developed for challenging the Prepetition Debt and the Prepetition Liens as a necessary precaution in the event commencement of an adversary proceeding as required by the Final DIP Financing Order was needed.

116.    As the Final DIP Financing Order provided that the Debtors could not use cash collateral to pay fees related to the preparation of a complaint against the Prepetition Lenders, Warner Stevens created a separate task code for time related to this matter.

117.    Under the category of Lien Litigation, Warner Stevens incurred 83.0 hours of professional time, which equates to $37,134.50 of legal fees for the Total Compensation Period.

## K.    Plan and Disclosure Statement (PDS)

*The Seventh Reporting Period*

118.    During the Seventh Reporting Period, Warner Stevens assisted Latham in discovery issues as it pertained to the plan and disclosure statement proposed by the Debtors.  Both Warner Stevens and Latham avoided duplication of efforts wherever possible.

119.    At the request of Latham, and on behalf of the Committee, Warner Stevens undertook responsibility for the deposition of David L. Resnick.  This involved a review of plan documents, declarations, prior deposition testimony, numerous objections filed by parties, coordination of strategy with Latham, meetings with the Committee's financial advisors and extensive preparation

for the deposition and the hearing on the disclosure statement.  In addition, Warner Stevens meet

with Debtors' counsel and its advisors and participated at the deposition.

120.    Under the category of Plan and Disclosure Statement, Warner Stevens incurred 109.5

hours of professional time, which equates to $55,472.50 of legal fees during the Seventh Reporting

Period.

*The Total Compensation Period*

121.    Under the category of Plan and Disclosure Statement, Warner Stevens incurred 121.6

hours of professional time, which equates to $61,225.00 of legal fees during the Total Compensation

Period.

## L.    Relief From Stay Proceedings (RFS)

*The Seventh Reporting Period*

122.    Under the category of Relief From Stay Proceedings, Warner Stevens did not incur

any professional time during the Seventh Reporting Period.

*The Total Compensation Period*

123.    During the Fourth Reporting Period, Warner Stevens incurred time in connection

with reviewing a Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the

Bankruptcy Code filed by Tower Automotive, Inc. and certain of its subsidiaries and affiliates

("Tower Automotive").  Warner Stevens analyzed and summarized the relief requested by Tower

Automotive for review by the Committee and drafted detailed memoranda to the Committee

outlining the issues discovered and Warner Stevens' recommendations respecting the same.

124.    Under the category of Relief From Stay Proceedings, Warner Stevens incurred 7.4

hours of professional time, which equates to $2,485.00 of legal fees during the Total Compensation

Period.

M.      **Special Projects (SP)**

*The Seventh Reporting Period*

125.    Under the category of Special Projects, Warner Stevens did not incur any professional time during the Seventh Reporting Period.

*The Total Compensation Period*

126.    During the Fifth Reporting Period and Sixth Reporting Period and at the request of Latham, Warner Stevens undertook legal research and analysis with respect to two issues in the Bankruptcy Cases.

127.    Under the category of Special Projects, Warner Stevens incurred 73.1 hours of professional time, which equates to $27,427.50 of legal fees during the Total Compensation Period.

## VI.    FIRM'S POLICY REGARDING EXPENSES AND PROFESSIONAL BILLING

128.    Exhibits "F" and "I" set forth the expenses incurred by Warner Stevens during the Seventh Reporting Period and the Total Compensation Period, respectively, for which reimbursement is sought in connection with its representation of the Committee.  Warner Stevens' policy is not to charge for long distance telephone charges, incoming and outgoing facsimile transmissions, in-house photocopying and postage.  Warner Stevens's policy with regard to other expenses incurred is as follows:

129.    **Conference Calls**.  Warner Stevens employees a hosting service for conducting Committee conference calls.  These expenses are passed through to the estates at their actual cost to Warner Stevens with no mark-up thereon.  Exhibit "F" states that Warner Stevens seeks reimbursement of $26.23 for the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $88.82 for the Total Compensation Period.

130.    **Court Reporter: Deposition Transcripts**.  Warner Stevens obtained copies of certain deposition transcripts that it deemed necessary related to various Plan and Disclosure Statement issues.  These expenses are passed through to the estates at their actual cost to Warner Stevens with no mark-up thereon.  Exhibit "F" states that Warner Stevens seeks reimbursement of $2,372.65 for the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $2,372.65 for the Total Compensation Period.

131.    **Overnight Courier Services, Document Retrieval Services and PACER Research**.  Warner Stevens uses overnight courier services and/or document retrieval services for delivery/retrieval of documents and for overnight delivery.  Warner Stevens also incurs minimal amounts using the Public Access to Court Electronic Records (PACER) and electronic filing with the Court.  No mark-up of the billing received by Warner Stevens is made.  Exhibit "F" states that Warner Stevens seeks reimbursement of $832.79 for overnight courier service for the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $6,668.75 for overnight courier service, $1,995.36 for document retrieval service, and $46.72 for PACER research for the Total Compensation Period.

132.    **Electronic Legal Research**.  Warner Stevens' policy is not to charge for expenses incurred for electronic legal research that are included as part of its Westlaw service plan.  However, when Warner Stevens must conduct electronic legal research for matters outside the scope of its Westlaw service plan, Warner Stevens uses its best efforts to keep electronic legal research costs to a minimum.  When electronic legal research costs are incurred by Warner Stevens that are charged in addition to its Westlaw service plan, the actual cost is charged to the client, with no mark-up thereon. Warner Stevens does not seek reimbursement for electronic legal research for the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $10,968.19 for electronic legal

research for the Total Compensation Period.  A significant portion of the charges reflected for Westlaw services is legal research related to state statutes, case law and legal treatises and periodicals that are not part of Warner Stevens' service plan.

133.    **Photocopy & Printing.**  Warner Stevens employs outside photocopying / printing services for large projects and for those projects connected with mailing of notices to interested parties.  When an outside service is utilized, the cost is charged to the estate without any mark-up thereon.  In-house photocopying performed by Warner Stevens is provided at no charge to the client. Exhibit "F" states that Warner Stevens seeks reimbursement of $744.55 for outside photocopying and printing during the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $2,270.59 for outside photocopying and printing for the Total Compensation Period.

134.    **Travel**.  Warner Stevens uses its best efforts to keep travel costs to a minimum when travel is necessary to adequately represent the client.  When travel expenses are incurred by Warner Stevens during the ordinary course of its representation, the actual cost[2] is charged and no mark-up is made to the travel costs incurred by Warner Stevens.  During the Seventh Reporting Period, it was necessary for Warner Stevens to incur travel expenses related to meetings with the Committee and the Debtors and attendance at depositions and hearings.  Exhibit "F" states that Warner Stevens seeks reimbursement of $7,320.80 for airfare, $1,325.42 for ground transportation, and $1,983.39 for hotel for the Seventh Reporting Period.  Exhibit "I" states that Warner Stevens incurred $31,790.85 for airfare, $10,667.50 for ground transportation, $64.00 for parking, and $8,495.33 for hotel for the Total Compensation Period.

---

[2]  When air travel is required, Warner Stevens <u>does not bill the estates for travel time</u> unless work on the cases is undertaken during such travel time.

## VII.    REQUEST FOR COMPENSATION

WHEREFORE, based upon the foregoing, Warner Stevens respectfully requests that the Court enter its Order:

(i)      Approving on a final basis Professional Fees incurred during the Total Compensation Period of $1,393,939.00, which amount includes professional fees incurred during the Seventh Reporting Period of $165,428.00;

(ii)     Approving on a final basis Reimbursable Expenses incurred during the Total Compensation Period of $74,322.44, which amount includes expenses incurred during the Seventh Reporting Period of $14,605.83; and

(iii)    Authorizing the Reorganized Debtors to pay to Warner Stevens such Professional Fees and Reimbursable Expenses due and owing in the amount of $41,385.60, which amount is comprised of $33,085.60 in holdbacks for the Seventh Reporting Period (as described in paragraph 29 above) plus $12,500.00 in fees and expenses incurred and/or anticipated to be incurred in connection with the preparation, filing and seeking Court approval of this Final Fee Application (as described in paragraph 33 above) less $4,200.00 held in Warner Steven's trust account (as described in paragraph 32 above).

Dated: December 28, 2009

                Respectfully submitted,

                **WARNER STEVENS, L.L.P.**

                By:    */s/ MICHAEL D. WARNER*
                        Michael D. Warner
                301 Commerce Street, Suite 1700
                Fort Worth, TX 76102
                Telephone:    (817) 810-5250
                Facsimile:    (817) 810-5255

                Conflicts Counsel For The Official Committee Of Unsecured Creditors

# EXHIBIT "A"

Michael D. Warner
**WARNER STEVENS, L.L.P.**
301 Commerce Street, Suite 1700
Fort Worth, TX  76102
Telephone:    (817) 810-5250
Facsimile:    (817) 810-5255

Conflicts Counsel For The Official Committee Of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481(RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

**CERTIFICATION UNDER GUIDELINES FOR DISBURSEMENTS
FOR PROFESSIONALS REGARDING THE SEVENTH INTERIM AND
FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF WARNER STEVENS, L.L.P., AS CONFLICTS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE PERIOD OF NOVEMBER 10, 2005 THROUGH JANUARY 25, 2008**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Cases adopted by the Court on June 24, 1991, and amended

April 19, 1995 (together, the "Local Guidelines") and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. Section 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines"), the

undersigned, a member of the firm Warner Stevens, L.L.P. ("Warner Stevens"), Conflicts

Counsel to the Official Committee of Unsecured Creditors (the "Committee") of Delphi

Corporation and its affiliated debtors in the above-captioned cases (collectively, "Delphi" or the

"Debtors"), hereby certifies with respect to Warner Stevens' seventh interim and final fee

application for allowance of compensation for services rendered and for reimbursement of expenses, dated December 28, 2009 (the "Application"), as follows:

1.      I am the professional designated by Warner Stevens in respect of compliance with the Local Guidelines.

2.      I make this certification in support of the Application in accordance with the Local Guidelines.

3.      In respect of section B.1. of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursement sought fall within the Local Guidelines;

c.      Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Warner Stevens and generally accepted by Warner Stevens' clients; and

d.      In providing a reimbursable service, Warner Stevens does not make a profit on that service, whether the service is performed in-house or through a third party.

4.      In respect of section B.2. of the Local Guidelines, I certify that Warner Stevens has provided, on a monthly basis, statements of Warner Stevens' fees and disbursements accrued during the previous month, by serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application).

5.      In respect of section B.3. of the Local Guidelines, I certify that copies of the Application are being provided to (a) counsel for the Debtors, (b) counsel for the Committee, (c) the Office of the United States Trustee, and (d) to the requisite Notice Parties (as defined in the

Interim Compensation Order) in accordance with paragraph 7 of the Interim Compensation Order.

6.       As required by section B.3. of the Local Guidelines, I certify that the members of the Committee, the Debtors and the Office of the United States Trustee for the Southern District of New York, among others, will each be provided with a copy of the Application at least ten days in advance of the hearing to consider the Application.

Dated:  December 28, 2009

                          /s/ Michael D. Warner
                          Michael D. Warner (MW-3381)

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No. 05-44481 (RDD) |
| | ) | |
| DELPHI CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

**FINAL ORDER UNDER 11 U.S.C. §§ 327(a), 328, AND 1103 AND**
**FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT**
**AND RETENTION OF WARNER STEVENS, L.L.P. AS CONFLICTS**
**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application, dated November 15, 2005 (the "Application"), of the Official

Committee of Unsecured Creditors (the 'Committee") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), for an order (the "Order"), pursuant to 11

U.S.C. §§ 327(a), 328 and 1103 and Fed. R. Bankr. P. 2014, authorizing the employment and

retention of Warner Stevens, L.L.P. ("Warner Stevens") as conflicts counsel to the Committee in

these chapter 11 cases; and upon the Declaration of Michael D. Warner in Support of the

Application for Order Authorizing Employment and Retention of Warner Stevens, L.L.P. as

Conflicts Counsel to the Official Committee of Unsecured Creditors; and this Court having

determined that the relief requested in the Application is in the best interests of the Debtors, their

estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate

notice of the Application has been given and that no other further notice is necessary; and after

due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is granted in all respects; and it is further

ORDERED that the Committee is authorized to retain Warner Stevens as its conflicts

counsel, pursuant to Bankruptcy Code §§ 327 (a), 328 and 1103, (a) to perform services on the

bankruptcy-related matters which  Latham & Watkins ("Latham") cannot handle because such

matters involve Latham's respective clients and could present potential conflicts of interest for

Latham, and (b) to perform other discrete duties as are assigned by Latham to Warner Stevens, as

generally described in the Application and the Declaration of Michael D. Warner; and it is

further

        ORDERED that payment of Warner Stevens' fees and expenses shall be made, subject to

Bankruptcy Court review and approval, pursuant to the terms described in the Application and

the Declaration of Michael D. Warner, in accordance with the applicable provisions of the

Bankruptcy Code (including sections 328, 330 and 331 of the Bankruptcy Code), the Bankruptcy

Rules, and the Local Rules and Orders of this Court; and it is further

        ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Application.

        ORDERED that the Committee shall serve a copy of this Order on the United States

Trustee and the Debtors by hand or overnight mail within five days from the date hereof.

Dated: January 6, 2006
     New York, New York

                               /s/ Robert D. Drain
                      UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "C"**
**Warner Stevens, L.L.P. - Professional and Paraprofessional Summary**
**For the Billing Periods October 1, 2007 Through January 25, 2008**

| Timekeeper | Initials | Position | Year Admitted | Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|
| Cohen, David T | DTS | Partner | 1984 | 29.2 | $525 | $15,330.00 |
| Cohen, David T | DTS | Partner | 1984 | 10.4 | $550 | $5,720.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 77.2 | $525 | $40,267.50 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 10.1 | $550 | $5,555.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 115.5 | $525 | $60,637.50 |
| Warner, Michael D. | MDW | Partner | 1984 | 8.0 | $550 | $4,400.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 14.7 | $415 | $6,100.50 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 70.5 | $275 | $18,755.00 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 14.9 | $300 | $4,470.00 |
| Williams, Silvia N. | SNW | Paralegal | | 29.2 | $125 | $3,650.00 |
| Williams, Silvia N. | SNW | Paralegal | | 1.0 | $150 | $150.00 |
| LaBrada, Kerri L. | KLL | Paralegal | | 2.9 | $125 | $362.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 0.2 | $150 | $30.00 |
| **TOTALS** | | | | **383.8** | | **$165,428.00** |

**EXHIBIT "D"**
**In re Delphi Corporation, et al.; Case No. 05-44481**
**Professional & Paraprofessional Fee Entries for October 1, 2007 - January 25, 2008**

**TASK CODES:**

| | |
|---|---|
| AD | Asset Disposition |
| CAO | Claims Administration and Objections |
| FEA | Fee/Employment Applications |
| FEO | Fee/Employment Objections |
| GC | General Committee Operations & Issues |
| PDS | Plan and Disclosure Statement |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/11/2007 | Michael | Warner | D. | Partner | 2.90 | $525.00 | $ 1,522.50 | Asset Disposition:Initial brief review of motion to sell Steering plant. | AD | F |
| 12/11/2007 | David | Cohen | T. | Partner | 3.40 | $525.00 | $ 1,785.00 | Asset Disposition: Commence review of motion for approval of bid procedures re steering business. | AD | F |
| 12/12/2007 | David | Cohen | T. | Partner | 0.50 | $525.00 | $ 262.50 | Asset Disposition: Tel. to Jefferies re Steering Business sale. | AD | F |
| 12/12/2007 | David | Cohen | T. | Partner | 1.40 | $525.00 | $ 735.00 | Asset Disposition: Review Jefferies Memo re Steering Business sale. | AD | F |
| 12/12/2007 | David | Cohen | T. | Partner | 4.80 | $525.00 | $ 2,520.00 | Asset Disposition: Further review and analysis of Steering Business sale and related documents. | AD | F |
| 12/12/2007 | Jeffrey | Resler | A. | Partner | 1.20 | $525.00 | $ 630.00 | Asset Disposition:Review proposed Bid Procedures - confer with Warner and Cohen re: same (.30) | AD | F |
| 12/12/2007 | Michael | Warner | D. | Partner | 3.90 | $525.00 | $ 2,047.50 | Asset Disposition:Continue to review transaction documents and draft memorandum [REDACTED] for Committee re sale of Steering Unit. | AD | F |
| 12/12/2007 | Michael | Warner | D. | Partner | 0.90 | $525.00 | $ 472.50 | Asset Disposition:Calls with Committee FA re Steering sale motion. | AD | F |
| 12/13/2007 | David | Cohen | T. | Partner | 0.80 | $525.00 | $ 420.00 | Asset Disposition: Participate in conf. call with Jefferies re proposed Steering Business transaction. | AD | F |
| 12/13/2007 | David | Cohen | T. | Partner | 3.60 | $525.00 | $ 1,890.00 | Asset Disposition: Further review and documents re proposed sale of Steering Business to Platinum. | AD | F |
| 12/13/2007 | David | Cohen | T. | Partner | 0.20 | $525.00 | $ 105.00 | Asset Disposition: Tel. to Jefferies re sale of Steering Business. | AD | F |
| 12/13/2007 | Michael | Warner | D. | Partner | 3.80 | $525.00 | $ 1,995.00 | Asset Disposition:Continue to review transaction documents and draft memorandum [REDACTED] for Committee re sale of Steering Unit. | AD | F |
| 12/13/2007 | Michael | Warner | D. | Partner | 2.80 | $525.00 | $ 1,470.00 | Asset Disposition:Continue to review financials and transaction issues re sale of steering business. | AD | F |
| 12/14/2007 | David | Cohen | T. | Partner | 1.80 | $525.00 | $ 945.00 | Asset Disposition: Review memorandum re sale of Steering Business prepared by Jefferies. | AD | F |
| 12/14/2007 | David | Cohen | T. | Partner | 0.30 | $525.00 | $ 157.50 | Asset Disposition: Tel. to Jefferies re sale of Steering Business. | AD | F |
| 12/14/2007 | David | Cohen | T. | Partner | 1.80 | $525.00 | $ 945.00 | Asset Disposition: Review overbid protections re sale of Steering Business. | AD | F |
| 12/14/2007 | Jeffrey | Resler | A. | Partner | 0.60 | $525.00 | $ 315.00 | Asset Disposition:Confer with Warner and Cohen re: Bid Procedure Issues(.30); call with Jefferies re: same(.30) | AD | F |
| 12/14/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | Asset Disposition:Review memo to Committee re: Bid Procedures | AD | F |
| 12/14/2007 | Michael | Warner | D. | Partner | 2.80 | $525.00 | $ 1,470.00 | Asset Disposition:Several calls with FAs for Committee re sale of Steering business, and review and revise memorandum to Committee re sale. | AD | F |
| 12/14/2007 | Michael | Warner | D. | Partner | 0.80 | $525.00 | $ 420.00 | Asset Disposition:E-mail to Committee re sale of Steering business. | AD | F |
| 12/15/2007 | Michael | Warner | D. | Partner | 4.80 | $525.00 | $ 2,520.00 | Asset Disposition:Continue to review structure of sale transaction of Steering unit, in light of bid procedures motion and internal debtor and Committee FA memorandums. | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Asset Disposition: Review Limited Response of Sun Capital to Bid Procedures | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 2.60 | $525.00 | $ 1,365.00 | Asset Disposition: Review MRA and Transition Facilitation Agreement with GM | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 1.50 | $525.00 | $ 787.50 | Asset Disposition:Review APA with Platinum | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 1.10 | $525.00 | $ 577.50 | Asset Disposition:Various conversations with Mike Warner re: whether [REDACTED] | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | Asset Disposition: T/c (2x) with Jefferies re: analyzing Sun proposal | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | Asset Disposition: T/c with Debtors' counsel and advisors re: Sun deal and Debtors' position | AD | F |
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Asset Disposition:Analyze the effects of reduction on Break-up fee and proceeds for the estate | AD | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|---------------|--------------|-------|-------------|------|------|--------|-------------|-----------|-------------------|
| 12/18/2007 | Jeffrey | Resler | A. | Partner | 0.30 | $525.00 | $ 157.50 | Asset Disposition:T/c with Mark Broude re: MRA and UAW | AD | F |
| 12/18/2007 | Michael | Warner | D. | Partner | 0.40 | $525.00 | $ 210.00 | Asset Disposition:Call and email from attorney Herman re his client (Sun) and alternative offer. | AD | F |
| 12/18/2007 | Michael | Warner | D. | Partner | 1.40 | $525.00 | $ 735.00 | Asset Disposition:Review Objection and attachments to same filed by attorney Herman re Sun alternative proposal to sale of Steering business. | AD | F |
| 12/18/2007 | Michael | Warner | D. | Partner | 4.70 | $525.00 | $ 2,467.50 | Asset Disposition:Review GM Global Settlement and exhibits re sale transactions to be completed by Debtors. | AD | F |
| 12/18/2007 | Michael | Warner | D. | Partner | 2.20 | $525.00 | $ 1,155.00 | Asset Disposition:Review Platinum transaction re distributions of excess (overbid) proceeds in event of higher bids and discuss same with Committee's FA's. | AD | F |
| 12/18/2007 | Rachel | Obaldo | R. | Associate | 1.70 | $275.00 | $ 467.50 | Asset Disposition: Supervise preparation of hearing notebook and other materials for M. Warner re: steering sale motion bid procedures. | AD | F |
| 12/18/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Asset Disposition: Telephone conference and exchange emails with Latham re: master restructuring agreement and subsequent amendments between Delphi and GM. | AD | F |
| 12/19/2007 | David | Cohen | T. | Partner | 3.60 | $525.00 | $ 1,890.00 | Asset Disposition: Reviewed limited objection and compared issues to consent rights of GM and unions re sale of Steering Business. | AD | F |
| 12/19/2007 | David | Cohen | T. | Partner | 1.40 | $525.00 | $ 735.00 | Asset Disposition: Staretegy consideratins with attorney Warner re committee position on sale of Steering Business. | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 3.20 | $525.00 | $ 1,680.00 | Asset Disposition: Draft Memorandum to the Committee re: Sun proposal and issues therewith | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | Asset Disposition: Telephone conference with.Isaac Lee re: memo to the Committee and conversations with Rothschild | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 1.80 | $525.00 | $ 945.00 | Asset Disposition: Continued review of the Sun proposal and the MRA and Transition Facilitation Agreement with GM | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | Asset Disposition:T/c with Counsel for Platinum | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.60 | $525.00 | $ 315.00 | Asset Disposition:Confer with Warner (2x) re: hearing tomorrow and Committee's position on Sun deal | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ 262.50 | Asset Disposition: Review declaration of Dan Krasner | AD | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.90 | $525.00 | $ 472.50 | Asset Disposition:Review proposed order | AD | F |
| 12/19/2007 | Michael | Warner | D. | Partner | 3.30 | $525.00 | $ 1,732.50 | Asset Disposition:Outline issues to address with Court re [REDACTED] (during 3.8 hours of travel). | AD | F |
| 12/19/2007 | Michael | Warner | D. | Partner | 1.70 | $525.00 | $ 892.50 | Asset Disposition:Continue to review GM support agreement and Global settlement are sale of business units and compare to Platinum transaction. | AD | F |
| 12/19/2007 | Michael | Warner | D. | Partner | 2.70 | $525.00 | $ 1,417.50 | Asset Disposition:Several calls with attorney for Debtor and with Committee's F A re Sun versus Platinum transaction for Steering business. | AD | F |
| 12/19/2007 | Michael | Warner | D. | Partner | 0.40 | $525.00 | $ 210.00 | Asset Disposition:Call from attorney Rick Wynne re his client Platinum and sale of Steering issues. | AD | F |
| 12/19/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Asset Disposition: Exchange emails with Latham re: bid procedures on sale of steering business. | AD | F |
| 12/19/2007 | Rachel | Obaldo | R. | Associate | 1.40 | $275.00 | $ 385.00 | Asset Disposition: Continue coordination of materials for hearing on bid procedures on sale of steering business. | AD | F |
| 12/19/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Asset Disposition: Telephone conference and exchange emails with counsel for Steering Holding LLC. | AD | F |
| 12/20/2007 | David | Cohen | T. | Partner | 5.60 | $525.00 | $ 2,940.00 | Asset Disposition: Final preparation for and attend hearing on sale of Steering Business. | AD | F |
| 12/20/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ 262.50 | Asset Disposition: Confer with Warner re: issues from last night - proposed order and response to Sun counse re: bid procedures hearing today | AD | F |
| 12/20/2007 | Michael | Warner | D. | Partner | 5.80 | $525.00 | $ 3,045.00 | Asset Disposition:Continue to review documents, calls with attorneys for Debtors, Platinum, and Sun, and preparation for and attend hearing on motion to approve Bid Procedures re Steering Unit. | AD | F |
| 12/20/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Asset Disposition: Review amended 2019 statement filed by Morgan Lewis and summarize same for M. Warner. | AD | F |
| 12/21/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Asset Disposition: Review steering bidding procedures order for pertinent dates and deadlines. | AD | F |
| 12/28/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Asset Disposition: Review and analyze email re: service of certain steering sale documents. | AD | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/18/2008 | Rachel | Obaldo | R. | Associate | 0.70 | $ 300.00 | $ 210.00 | Asset Disposition: Preliminary review of bid received from Worldwide Steering. Conferences re: same. | AD | F |
| 1/18/2008 | Jeffrey | Resler | A. | Partner | 2.00 | $ 550.00 | $ 1,100.00 | Asset Disposition:Review new bid for the Steering Business | AD | F |
| 1/18/2008 | Michael | Warner | D. | Partner | 1.80 | $ 550.00 | $ 990.00 | Asset Disposition: Initial review of 2nd bid for steering unit. | AD | F |
| 1/19/2008 | Rachel | Obaldo | R. | Associate | 0.40 | $ 300.00 | $ 120.00 | Asset Disposition: Conferences re: steering sale bids. Preparation of email to D. Groban re: same. | AD | F |
| 1/20/2008 | Rachel | Obaldo | R. | Associate | 0.40 | $ 300.00 | $ 120.00 | Asset Disposition: Exchange emails with D. Groban re: steering sale bid package received. | AD | F |
| 1/21/2008 | David | Cohen | T. | Partner | 0.20 | $ 550.00 | $ 110.00 | Asset Disposition: Tel. from Groban re sale of steering business. | AD | F |
| 1/21/2008 | David | Cohen | T. | Partner | 3.40 | $ 550.00 | $ 1,870.00 | Asset Disposition: Review proposal from Steering Solutions for purchase of steering business. | AD | F |
| 1/21/2008 | Jeffrey | Resler | A. | Partner | 1.70 | $ 550.00 | $ 935.00 | Asset Disposition: Review revised overbid for Steering Business | AD | F |
| 1/21/2008 | Michael | Warner | D. | Partner | 2.40 | $ 550.00 | $ 1,320.00 | Asset Disposition: Review bid procedures and compare offer rec'd for qualifications and changes to stalking horse. | AD | F |
| 1/24/2008 | David | Cohen | T. | Partner | 3.60 | $ 550.00 | $ 1,980.00 | Asset Disposition: Review competing offer of Renco re purchase of Steering business. | AD | F |
| 1/24/2008 | David | Cohen | T. | Partner | 0.40 | $ 550.00 | $ 220.00 | Asset Disposition: Tel. from Groban re status of bids on sale of steering business. | AD | F |
| 1/24/2008 | David | Cohen | T. | Partner | 0.80 | $ 550.00 | $ 440.00 | Asset Disposition: Review and revise memo re sale of steering business. | AD | F |
| 1/24/2008 | Michael | Warner | D. | Partner | 1.90 | $ 550.00 | $ 1,045.00 | Asset Disposition: Review comments of FA for Committee re [REDACTED] re same with attorney DTC. | AD | F |
| 1/25/2008 | David | Cohen | T. | Partner | 1.20 | $ 550.00 | $ 660.00 | Asset Disposition: Review and revise memo re sale of Steering Business. | AD | F |
| 1/25/2008 | David | Cohen | T. | Partner | 0.80 | $ 550.00 | $ 440.00 | Asset Disposition: Review and revise e-mail to committee members re sale of steering business. | AD | F |
| 1/25/2008 | Jeffrey | Resler | A. | Partner | 0.30 | $ 550.00 | $ 165.00 | Asset Disposition: Confer with Cohen re: cancellation of Auction for Steering Business | AD | F |
| 1/25/2008 | Michael | Warner | D. | Partner | 1.40 | $ 550.00 | $ 770.00 | Asset Disposition: Review and revise memorandum to Committee re steering sale motion and new bid. | AD | F |
| | | | | | 123.40 | | $ 63,520.00 | | AD Total | |
| 10/1/2007 | Rachel | Obaldo | R. | Associate | 1.60 | $275.00 | $ 440.00 | Claims Administration and Objections: Review and analyze motion of Bank of America to temporarily allow claims for voting purposes. | CAO | F |
| 10/5/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Claims Administration and Objections: Review several joint stipulations and agreed orders settling certain claims objections. | CAO | F |
| 10/10/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Claims Administration and Objections: Review proposed thirteenth claims hearing agenda. | CAO | F |
| 10/15/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Claims Administration and Objections: Review various responses to twenty-first omnibus claims objection. | CAO | F |
| 10/17/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Claims Administration and Objections: Review certain responses filed to twenty-first omnibus claims objection. | CAO | F |
| 10/18/2007 | Rachel | Obaldo | R. | Associate | 0.80 | $275.00 | $ 220.00 | Claims Administration and Objections: Review certain responses to twenty-first omnibus objection to claims. | CAO | F |
| 10/22/2007 | Rachel | Obaldo | R. | Associate | 1.10 | $275.00 | $ 302.50 | Claims Administration and Objections: Review several notices of presentment of joint stipulations and agreed orders resolving claims objections. | CAO | F |
| 10/24/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Claims Administration and Objections: Review supplemental scheduling order re: claims omnibus hearings. | CAO | F |
| 10/29/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Claims Administration and Objections: Review proposed fourteenth claims hearing agenda. | CAO | F |
| 10/29/2007 | Rachel | Obaldo | R. | Associate | 0.90 | $275.00 | $ 247.50 | Claims Administration and Objections: Review twenty-second omnibus claims objection and preparation of notes for J. Resler. | CAO | F |
| 11/6/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Claims Administration and Objections: Review joint stipulation and agreed order settling Bank of America claim. | CAO | F |
| 11/6/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | Claims Administration and Objections: Conference with J. Resler re: joint stipulation and agreed order settling Bank of America claim. | CAO | F |
| 11/6/2007 | Rachel | Obaldo | R. | Associate | 0.10 | $275.00 | $ 27.50 | Claims Administration and Objections: Telephone conference with J. Gorman @ Latham re: joint stipulation and agreed order settling Bank of America claim. | CAO | F |
| 11/12/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Claims Administration and Objections: Review several notices of presentment of joint stipulations. | CAO | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|------|------|------|------|------|------|------|------|------|------|
| 11/15/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Claims Administration and Objections: Review proposed fifteenth claims hearing agenda. | CAO | F |
| 11/20/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Claims Administration and Objections: Review certain responses filed to twenty-second omnibus claims objection. | CAO | F |
| 11/20/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Claims Administration and Objections: Review second supplemental claim objection procedures order. | CAO | F |
| 11/21/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Claims Administration and Objections: Review certain responses filed to twenty-second omnibus claims objection. | CAO | F |
| 11/27/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Claims Administration and Objections: Review various responses filed to twenty-second omnibus claims objection. | CAO | F |
| 11/29/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Claims Administration and Objections: Review recently filed stipulations to settle certain claims. | CAO | F |
| 11/30/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Claims Administration and Objections: Review the twenty-third omnibus claims objection. | CAO | F |
| 12/5/2007 | Rachel | Obaldo | R. | Associate | 0.70 | $275.00 | $ 192.50 | Claims Administration and Objections: Review several notices re: presentment of joint stipulations settling claims. | CAO | F |
| 12/10/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Claims Administration and Objections: Review agenda for sixteenth claims hearing. | CAO | F |
| 12/17/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Claims Administration and Objections: Review certain responses to the twenty-third omnibus claims objection. | CAO | F |
| 1/4/2008 | Rachel | Obaldo | R. | Associate | 0.50 | $ 300.00 | $ 150.00 | Claims Administration and Objections: Review several notices of joint stipulations and agreed orders re: settlement of claims. | CAO | F |
| 1/7/2008 | Rachel | Obaldo | R. | Associate | 1.20 | $ 300.00 | $ 360.00 | Claims Administration and Objections: Review several notices of joint stipulations and agreed orders resolving certain claims. | CAO | F |
| 1/10/2008 | Rachel | Obaldo | R. | Associate | 0.50 | $ 300.00 | $ 150.00 | Claims Administration and Objections: Review proposed seventeenth claims hearing agenda. | CAO | F |
| 1/11/2008 | Rachel | Obaldo | R. | Associate | 0.60 | $ 300.00 | $ 180.00 | Claims Administration and Objections: Review proposed eighteenth claims hearing agenda. | CAO | F |
| 1/13/2008 | Rachel | Obaldo | R. | Associate | 1.20 | $ 300.00 | $ 360.00 | Claims Administration and Objections: Review twenty-fourth omnibus claims objection. | CAO | F |
| 1/18/2008 | Rachel | Obaldo | R. | Associate | 0.80 | $ 300.00 | $ 240.00 | Claims Administration and Objections: Review certain responses to twenty-fourth omnibus claims objection. | CAO | F |
| 1/22/2008 | Rachel | Obaldo | R. | Associate | 0.60 | $ 300.00 | $ 180.00 | Claims Administration and Objections: Review certain responses filed to twenty-fourth omnibus claims objection. | CAO | F |
| 1/22/2008 | Rachel | Obaldo | R. | Associate | 0.60 | $ 300.00 | $ 180.00 | Claims Administration and Objections: Review Debtors' twenty-fifth omnibus claims objection. | CAO | F |
| 1/22/2008 | Rachel | Obaldo | R. | Associate | 0.40 | $ 300.00 | $ 120.00 | Claims Administration and Objections: Exchange emails with J. Gorman re: Bank of America's response to the twenty-fourth omnibus claims objection. | CAO | F |
| 1/23/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | Claims Administration and Objections: Preparation of email to T. Matz re: Bank of America response to twenty fourth omnibus claims objection. | CAO | F |
| 1/24/2008 | Rachel | Obaldo | R. | Associate | 0.60 | $ 300.00 | $ 180.00 | Claims Administration and Objections: Review and analyze Debtors' omnibus response in support of twenty fourth omnibus claims objection as it relates to objection to claim of Bank of America. | CAO | F |
| 1/24/2008 | Rachel | Obaldo | R. | Associate | 0.40 | $ 300.00 | $ 120.00 | Claims Administration and Objections: Review proposed twenty-seventh omnibus hearing agenda as it relates to objection to claim of Bank of America. | CAO | F |
| | | | | | 20.70 | | $ 5,885.00 | | CAO Total | |
| 10/4/2007 | Silvia | Williams | N. | Paralegal | 0.20 | $125.00 | $ 25.00 | Fee/Employment Applications: Prepare email correspondence to K. Bambach regarding Warner Stevens' fee and expense estimates for September 2007 | FEA | F |
| 10/4/2007 | Silvia | Williams | N. | Paralegal | 0.30 | $125.00 | $ 37.50 | Fee/Employment Applications: Review Warner Stevens' September 2007 fee and expense invoice. | FEA | F |
| 10/5/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Fee/Employment Applications: Review September 2007 time entries. | FEA | F |
| 10/7/2007 | Emily | Chou | S. | Partner | 4.80 | $415.00 | $ 1,992.00 | Fee/Employment Applications: Review KPMG and E&Y 5th Interim Application and draft memorandum thereon for Committee. | FEA | F |
| 10/15/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ - | Fee/Employment Applications: Review proposal from Fee Committee and respond | FEA | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|------|------|------|------|------|------|------|------|------|------|
| 10/15/2007 | Rachel | Obaldo | R. | Associate | 2.30 | $275.00 | $      - | Fee/Employment Applications: Preparation of analysis for J. Resler in preparation of meeting with Fee Committee. | FEA | F |
| 10/22/2007 | Silvia | Williams | N. | Paralegal | 0.90 | $125.00 | $    112.50 | Fee/Employment Applications: Prepare draft of monthly fee statement. | FEA | F |
| 10/23/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $    210.00 | Fee/Employment Applications: Review proposed Fee order | FEA | F |
| 10/23/2007 | Silvia | Williams | N. | Paralegal | 2.30 | $125.00 | $    287.50 | Fee/Employment Applications: Prepare sixth interim fee application and exhibits. | FEA | F |
| 10/25/2007 | Silvia | Williams | N. | Paralegal | 0.80 | $125.00 | $    100.00 | Fee/Employment Applications: Review spreadsheet of the September 2007 fees and forward to attorney J. Resler for redactions. | FEA | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $    110.00 | Fee/Employment Applications: Review order approving fifth interim fee application to ensure amounts are correct. Preparation of email to J. Resler re: same. | FEA | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $    137.50 | Fee/Employment Applications: Conference with J. Resler and exchange emails with J. Gorman at Latham re: review of monthly time entries. | FEA | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $    137.50 | Fee/Employment Applications: Review draft of September 2007 monthly fee statement. | FEA | F |
| 10/30/2007 | Silvia | Williams | N. | Paralegal | 0.90 | $125.00 | $    112.50 | Fee/Employment Applications: Revise September 2007 fee and expense statement. | FEA | F |
| 10/30/2007 | Silvia | Williams | N. | Paralegal | 1.20 | $125.00 | $    150.00 | Fee/Employment Applications: Combine chronological statements for the months of June 2007 through September 2007 into single exhibit spreadsheet for the 6th interim application. | FEA | F |
| 10/31/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $    110.00 | Fee/Employment Applications:Review further drafts of September 2007 monthly fee statement. | FEA | F |
| 10/31/2007 | Silvia | Williams | N. | Paralegal | 1.50 | $125.00 | $    187.50 | Fee/Employment Applications: Finalize the September 2007 fee and expense statement and service of same. | FEA | F |
| 11/5/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $    137.50 | Fee/Employment Applications: Review October 2007 time entries. | FEA | F |
| 11/5/2007 | Silvia | Williams | N. | Paralegal | 0.60 | $125.00 | $     75.00 | Fee/Employment Applications: Review 6th interim fee spreadsheet for entries referencing Fee Committee issues. | FEA | F |
| 11/5/2007 | Silvia | Williams | N. | Paralegal | 0.20 | $125.00 | $     25.00 | Fee/Employment Applications: Email correspondence to K. Bambach regarding estimates of Warner Stevens' October 2007 fees and expenses. | FEA | F |
| 11/6/2007 | Silvia | Williams | N. | Paralegal | 1.20 | $125.00 | $    150.00 | Fee/Employment Applications: Work on draft of the 6th interim fee application and exhibits. | FEA | F |
| 11/13/2007 | Silvia | Williams | N. | Paralegal | 1.90 | $125.00 | $    237.50 | Fee/Employment Applications: Prepare the October 2007 monthly fee and expense statement and exhibits to same. | FEA | F |
| 11/14/2007 | Silvia | Williams | N. | Paralegal | 2.80 | $125.00 | $    350.00 | Fee/Employment Applications: Finalize draft of 6th interim fee and expense application and exhibits to same and forward to attorney for review. | FEA | F |
| 11/26/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $     82.50 | Fee/Employment Applications: Exchange emails with Latham re: redacted time entries for sixth interim fee application. | FEA | F |
| 11/27/2007 | Silvia | Williams | N. | Paralegal | 0.70 | $125.00 | $     87.50 | Fee/Employment Applications: Revisions to October 2007 fee spreadsheet and process redactions of same. | FEA | F |
| 11/28/2007 | Rachel | Obaldo | R. | Associate | 2.30 | $275.00 | $    632.50 | Fee/Employment Applications: Review and revise draft of sixth interim fee application. | FEA | F |
| 11/28/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $     82.50 | Fee/Employment Applications: Exchange emails with Latham re: scheduling of hearing on sixth interim fee application and corresponding objection deadline. | FEA | F |
| 11/29/2007 | Rachel | Obaldo | R. | Associate | 2.60 | $275.00 | $    715.00 | Fee/Employment Applications: Further revisions to draft of sixth interim fee application. | FEA | F |
| 11/29/2007 | Rachel | Obaldo | R. | Associate | 0.70 | $275.00 | $    192.50 | Fee/Employment Applications: Review and revise October 2007 monthly fee statement. | FEA | F |
| 11/29/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $     55.00 | Fee/Employment Applications: Exchange emails with Latham re: time entries for October 2007. | FEA | F |
| 11/29/2007 | Jeffrey | Resler | A. | Partner | 3.00 | $525.00 | $  1,575.00 | Fee/Employment Applications:Review and revise Fee App | FEA | F |
| 11/29/2007 | Silvia | Williams | N. | Paralegal | 3.20 | $125.00 | $    400.00 | Fee/Employment Applications: Final review and revisions to the October 2007 monthly and 6th interim fee application and exhibits and prepare for filing. | FEA | F |
| 11/30/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $    110.00 | Fee/Employment Applications: Finalize sixth interim fee application. Service of the same. | FEA | F |
| 11/30/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $    137.50 | Fee/Employment Applications: Finalize October 2007 monthly fee statement. | FEA | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|---------------|--------------|-------|-------------|------|------|--------|-------------|-----------|-------------------|
| 11/30/2007 | Silvia | Williams | N. | Paralegal | 3.10 | $125.00 | $ 387.50 | Fee/Employment Applications: Final revisions to 6th interim fee application, e-file, prepare email correspondence and service of same. | FEA | F |
| 11/30/2007 | Silvia | Williams | N. | Paralegal | 0.80 | $125.00 | $ 100.00 | Fee/Employment Applications: Final preparation of the October 2007 fee statement, prepare email correspondence and service of same. | FEA | F |
| 12/4/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | Fee/Employment Applications: Review and respond to inquiry from S. Trevejo at Legal Cost Control. | FEA | F |
| 12/5/2007 | Silvia | Williams | N. | Paralegal | 0.20 | $125.00 | $ 25.00 | Fee/Employment Applications: Prepare email correspondence to K. Bambach regarding the November 2007 estimates. | FEA | F |
| 12/13/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Fee/Employment Applications: Review November 2007 time entries. | FEA | F |
| 12/13/2007 | Silvia | Williams | N. | Paralegal | 2.40 | $125.00 | $ 300.00 | Fee/Employment Applications: Review supporting documentation for SIMS for the Sixth Interim period and prepare for submission. | FEA | F |
| 12/14/2007 | Silvia | Williams | N. | Paralegal | 0.90 | $125.00 | $ 112.50 | Fee/Employment Applications: Complete SIMS submission for the sixth interim period. | FEA | F |
| 12/26/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Fee/Employment Applications: Review draft of November 2007 monthly fee statement. | FEA | F |
| 12/27/2007 | Silvia | Williams | N. | Paralegal | 0.60 | $125.00 | $ 75.00 | Fee/Employment Applications: Revise and process redactions to the professional time detail for the November 2007 fee statement. | FEA | F |
| 12/28/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Fee/Employment Applications: Review draft of November 2007 monthly fee statement. Supervise service of the same. | FEA | F |
| 12/28/2007 | Silvia | Williams | N. | Paralegal | 1.50 | $125.00 | $ 187.50 | Fee/Employment Applications: Prepare the November 2007 monthly fee and expense request and exhibits to same. | FEA | F |
| 12/28/2007 | Silvia | Williams | N. | Paralegal | 1.00 | $125.00 | $ 125.00 | Fee/Employment Applications: Revisions to and finalize the November 2007 monthly fee and expense request and forward to distribution list. | FEA | F |
| 1/3/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | Fee/Employment Applications: Exchange emails with J. Gorman and L. Salcedo re: filing an amended notice of hearing re: sixth interim fee applications. | FEA | F |
| 1/24/2008 | Silvia | Williams | N. | Paralegal | 0.60 | $ 150.00 | $ 90.00 | Fee/Employment Applications: Revisions to the December 2007 fee and expense spreadsheets. | FEA | F |
| 1/25/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | Fee/Employment Applications: Review amended notice re: sixth interim fee applications of Committee's professionals. | FEA | F |
| 1/25/2008 | Silvia | Williams | N. | Paralegal | 0.40 | $ 150.00 | $ 60.00 | Fee/Employment Applications: Process redactions to the December 2007 fee entries and forward same to J. Gorman. | FEA | F |
| | | | | | 53.80 | | $ 11,057.00 | | FEA Total | |
| 10/2/2007 | Rachel | Obaldo | R. | Associate | 2.30 | $275.00 | $ 632.50 | Fee/Employment Objections: Begin review of Wilmer Hale fifth interim fee application and related documents. | FEO | F |
| 10/3/2007 | Emily | Chou | S. | Partner | 3.30 | $415.00 | $ 1,369.50 | Fee/Employment Objections: Commence review of KPMG Fifth Interim Application. | FEO | F |
| 10/4/2007 | Emily | Chou | S. | Partner | 4.60 | $415.00 | $ 1,909.00 | Fee/Employment Objections: Review of KPMG Fifth Interim Fee Application and commence memorandum to the Committee re same. | FEO | F |
| 10/5/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Fee/Employment Objections: Review entered KBCM retention order and accompanying engagement letter. | FEO | F |
| 10/7/2007 | Rachel | Obaldo | R. | Associate | 4.30 | $275.00 | $ 1,182.50 | Fee/Employment Objections: Begin review of PwC fourth interim fee application and related documents. | FEO | F |
| 10/8/2007 | Emily | Chou | S. | Partner | 0.20 | $415.00 | $ 83.00 | Fee/Employment Objections: Draft email to counsel for E&Y confirming that only interim allowance of the 5th Fee Application is sought. | FEO | F |
| 10/8/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Review notice of hearing re: interim fee applications of Debtors' professionals. | FEO | F |
| 10/9/2007 | Emily | Chou | S. | Partner | 1.80 | $415.00 | $ 747.00 | Fee/Employment Objections: Review E&Y Fee entries. | FEO | F |
| 10/9/2007 | Rachel | Obaldo | R. | Associate | 2.40 | $275.00 | $ 660.00 | Fee/Employment Objections: Continue review of fifth interim fee application of Wilmer Hale, subsequent monthly fee statements and preparation of memorandum to the Committee re: same. | FEO | F |
| 10/9/2007 | Rachel | Obaldo | R. | Associate | 2.90 | $275.00 | $ 797.50 | Fee/Employment Objections: Review of fifth interim fee application of Deloitte & Touche and preparation of memorandum to the Committee re: same. | FEO | F |
| 10/9/2007 | Rachel | Obaldo | R. | Associate | 4.60 | $275.00 | $ 1,265.00 | Fee/Employment Objections: Continue review of fourth interim fee application of PwC, subsequent monthly fee statements and preparation of memorandum to the Committee re: same. | FEO | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|------|------|------|------|------|------|------|------|------|------|
| 10/10/2007 | Jeffrey | Resler | A. | Partner | 0.60 | $525.00 | $ 315.00 | Fee/Employment Objections: Review and revise Memos to Committee re: fee apps of Deloitte, Wilmer Cutler and E&Y. | FEO | F |
| 10/10/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Fee/Employment Objections: Review and revise Memos to the Committee re: fee apps of KPMG and PWC; review email to Committee re: same | FEO | F |
| 10/10/2007 | Jeffrey | Resler | A. | Partner | 0.20 | $525.00 | $ 105.00 | Fee/Employment Objections: Confer with R. Obaldo re: memos to the Committee re: fee apps | FEO | F |
| 10/10/2007 | Rachel | Obaldo | R. | Associate | 0.80 | $275.00 | $ 220.00 | Fee/Employment Objections: Revisions to memorandums to the Committee re: interim fee applications of E&Y, KPMG, PwC, Deloitte, & Wilmer Hale. | FEO | F |
| 10/10/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Fee/Employment Objections: Review August 2007 monthly fee statement for Deloitte. | FEO | F |
| 10/11/2007 | Rachel | Obaldo | R. | Associate | 2.20 | $275.00 | $ 605.00 | Fee/Employment Objections: Finalize and circulate memorandums to the Committee re: interim fee applications of E&Y, KPMG, PwC, Deloitte, & Wilmer Hale. | FEO | F |
| 10/16/2007 | Rachel | Obaldo | R. | Associate | 0.60 | $275.00 | $ 165.00 | Fee/Employment Objections: Review analysis of Debtors' other professionals to ensure all professionals reviewed by either Latham or WS. | FEO | F |
| 10/18/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Conference with M. Warner re: fee applications of Debtors' professionals. | FEO | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.70 | $275.00 | $ 192.50 | Fee/Employment Objections: Review several orders entered approving fifth interim fee applications of Deloitte, E&Y, KPMG, PwC, and Wilmer Hale. | FEO | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Review September 2007 monthly fee statement for Wilmer Hale. | FEO | F |
| 11/28/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Fee/Employment Objections: Review fourth supplemental declaration of Deloitte & Touche. | FEO | F |
| 11/30/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Fee/Employment Objections: Further analysis and review re: fourth supplemental declaration of Deloitte & Touche. | FEO | F |
| 12/5/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Review October 2007 monthly fee statement of Wilmer Hale. | FEO | F |
| 12/5/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Fee/Employment Objections: Cursory review of Wilmer Hale's sixth interim fee application. Exchange emails with C. Rogus requesting an unredacted version. | FEO | F |
| 12/5/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Review supplemental declaration of Wilmer Hale. | FEO | F |
| 12/11/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Fee/Employment Objections: Exchange emails with WilmerHale counsel re: unredacted version of sixth interim fee application. | FEO | F |
| 12/11/2007 | Rachel | Obaldo | R. | Associate | 1.30 | $275.00 | $ 357.50 | Fee/Employment Objections: Review and analyze correspondence re: additional services to be provided by KPMG (loan staff services). | FEO | F |
| 12/12/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ 262.50 | Fee/Employment Objections: Review retention issues re: new SOW for KPMG | FEO | F |
| 12/12/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Fee/Employment Objections: Conferences with J. Resler re: additional services to be provided by KPMG. | FEO | F |
| 12/13/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | Fee/Employment Objections: T/c with Melissa Kahn (Skadden) re: KPMG SOW | FEO | F |
| 12/14/2007 | Jeffrey | Resler | A. | Partner | 0.30 | $525.00 | $ 157.50 | Fee/Employment Objections: T/c with Melissa Kahn (Skadden) re: issues with KPMG SOW | FEO | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.30 | $525.00 | $ 157.50 | Fee/Employment Objections:Email exchange with Melissa Kahn (Skadden) re: resolving issue with KPMG SOW | FEO | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.90 | $525.00 | $ 472.50 | Fee/Employment Objections: Review new KPMG SOW | FEO | F |
| 12/24/2007 | Jeffrey | Resler | A. | Partner | 0.30 | $525.00 | $ 157.50 | Fee/Employment Objections: Telephone call with Melissa Kahn re: new KPMG SOW. | FEO | F |
| 1/18/2008 | Rachel | Obaldo | R. | Associate | 0.80 | $ 300.00 | $ 240.00 | Fee/Employment Objections: Review and analyze amendment to the Master Professional Services Agreement entered into between Delphi and KPMG. | FEO | F |
| | | | | | 41.70 | | $ 13,948.50 | | FEO Total | |
| 10/1/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | General Committee Operations & Issues: Review materials for today's committee meeting | GC | F |
| 10/1/2007 | Jeffrey | Resler | A. | Partner | 1.50 | $525.00 | $ 787.50 | General Committee Operations & Issues: Attend Telephonically weekly Committee meeting | GC | F |
| 10/5/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | General Committee Operations & Issues: Review calendar of dates & deadlines circulated by Latham. | GC | F |
| 10/8/2007 | Jeffrey | Resler | A. | Partner | 0.70 | $525.00 | $ 367.50 | General Committee Operations & Issues: Review materials for today's meeting | GC | F |
| 10/8/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | General Committee Operations & Issues: Participate telephonically on weekly Committee Call | GC | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/15/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | General Committee Operations & Issues: Review materials for today's Committee call | GC | F |
| 10/15/2007 | Jeffrey | Resler | A. | Partner | 1.20 | $525.00 | $ 630.00 | General Committee Operations & Issues: Attend weekly Committee call | GC | F |
| 10/15/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | General Committee Operations & Issues: Review calendar of dates & deadlines circulated by Latham. | GC | F |
| 10/17/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | General Committee Operations & Issues: Review materials for today's meeting with the Debtor | GC | F |
| 10/18/2007 | Jeffrey | Resler | A. | Partner | 1.50 | $525.00 | $ 787.50 | General Committee Operations & Issues: Committee call on deal Plan deal with the Debtor and Cap Re | GC | F |
| 10/19/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | General Committee Operations & Issues: Review ninth supplemental case management order. | GC | F |
| 10/24/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | General Committee Operations & Issues: Review proposed twenty-third omnibus hearing agenda re: fifth interim fee applications. | GC | F |
| 10/28/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | General Committee Operations & Issues: Review calendar of dates & deadlines recently circulated by Latham. | GC | F |
| 10/29/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ 262.50 | General Committee Operations & Issues: Review materials for today's call | GC | F |
| 10/29/2007 | Jeffrey | Resler | A. | Partner | 2.00 | $525.00 | $ 1,050.00 | General Committee Operations & Issues: Participate on weekly Committee call | GC | F |
| 10/30/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | General Committee Operations & Issues: Review eighth supplemental affidavit of Latham & Watkins. | GC | F |
| 11/2/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Review calendar of dates & deadlines circulated by Latham. | GC | F |
| 11/5/2007 | Jeffrey | Resler | A. | Partner | 2.00 | $525.00 | $ 1,050.00 | General Committee Operations & Issues:Participate telephonically on weekly Committee Call | GC | F |
| 11/8/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Review calendar of dates and deadlines circulated by Latham. | GC | F |
| 11/9/2007 | Kerri | LaBrada | L. | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 11/12/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | General Committee Operations & Issues:Review materials for today's committee meeting | GC | F |
| 11/12/2007 | Jeffrey | Resler | A. | Partner | 1.20 | $525.00 | $ 630.00 | General Committee Operations & Issues: Telephonic appearance at weekly Committee meeting | GC | F |
| 11/15/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Review calendar of dates and deadlines circulated by Latham. | GC | F |
| 11/20/2007 | Michael | Warner | D. | Partner | 2.80 | $525.00 | $ 1,470.00 | General Committee Operations & Issues:Participate in Committee calls before and after, and meeting with debtors. | GC | F |
| 11/21/2007 | Kerri | LaBrada | L. | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 11/21/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | General Committee Operations & Issues: Review calendar of dates and deadlines circulated by Latham on 11/21/2007. | GC | F |
| 11/26/2007 | Michael | Warner | D. | Partner | 0.50 | $525.00 | $ 262.50 | General Committee Operations & Issues:Review calendar of coming events received from Latham. | GC | F |
| 11/28/2007 | Kerri | LaBrada | L. | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 11/28/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | General Committee Operations & Issues: Review the ninth supplemental case management order. | GC | F |
| 11/28/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | General Committee Operations & Issues: Review twenty-fifth omnibus hearing agenda. | GC | F |
| 11/29/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Review calendar of dates and deadlines circulated by Latham. | GC | F |
| 11/30/2007 | Kerri | LaBrada | L. | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/7/2007 | Kerri | LaBrada | L | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/10/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | General Committee Operations & Issues:Weekly Committee Call | GC | F |
| 12/14/2007 | Kerri | LaBrada | L | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/18/2007 | Kerri | LaBrada | L | Paralegal | 0.80 | $125.00 | $ 100.00 | General Committee Operations & Issues: Retrieve documents in preparation for attorney M. Warners notebook and prepare index of same. | GC | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|------|------|------|------|------|------|------|------|------|------|
| 12/19/2007 | Kerri | LaBrada | L | Paralegal | 0.30 | $125.00 | $ 37.50 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/19/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | General Committee Operations & Issues: Review the proposed twenty-sixth omnibus hearing agenda. | GC | F |
| 12/20/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Review notice of change of omnibus hearing date. | GC | F |
| 12/20/2007 | Rachel | Obaldo | R. | Associate | 0.20 | $275.00 | $ 55.00 | General Committee Operations & Issues: Preparation of email to Latham re: change in omnibus hearing date and whether hearings on sixth interim fee applications will also change. | GC | F |
| 12/21/2007 | Kerri | LaBrada | L | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/26/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | General Committee Operations & Issues: Review calendar of dates & deadlines circulated by Latham. Preparation of email to E. Ruiz re: same. | GC | F |
| 12/27/2007 | Kerri | LaBrada | L | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 12/29/2007 | Kerri | LaBrada | L | Paralegal | 0.20 | $125.00 | $ 25.00 | General Committee Operations & Issues: Reveiw correspondece regarding exclusivity motion and proposed new dates. | GC | F |
| 1/3/2008 | Kerri | LaBrada | L. | Paralegal | 0.20 | $ 150.00 | $ 30.00 | General Committee Operations & Issues: Review correspondence regarding upcoming court deadlines and docket same. | GC | F |
| 1/4/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | General Committee Operations & Issues: Review calendar of dates & deadlines circulated by Latham. | GC | F |
| 1/7/2008 | Jeffrey | Resler | A. | Partner | 0.80 | $ 550.00 | $ 440.00 | General Committee Operations & Issues: Review materials for today's Committee meeting | GC | F |
| 1/7/2008 | Jeffrey | Resler | A. | Partner | 2.70 | $ 550.00 | $ 1,485.00 | General Committee Operations & Issues: Attend Committee meeting | GC | F |
| 1/7/2008 | Michael | Warner | D. | Partner | 0.50 | $ 550.00 | $ 275.00 | General Committee Operations & Issues: Participate in Committee weekly call re plan issues [REDACTED]. | GC | F |
| 1/10/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | General Committee Operations & Issues: Review calendar of dates and deadlines circulated by Latham. | GC | F |
| 1/11/2008 | Rachel | Obaldo | R. | Associate | 0.30 | $ 300.00 | $ 90.00 | General Committee Operations & Issues: Review revised calendar of dates & deadlines circulated by Latham. | GC | F |
| 1/14/2008 | Jeffrey | Resler | A. | Partner | 0.60 | $ 550.00 | $ 330.00 | General Committee Operations & Issues: Review circulated materials for today's Committee call | GC | F |
| 1/14/2008 | Jeffrey | Resler | A. | Partner | 2.00 | $ 550.00 | $ 1,100.00 | General Committee Operations & Issues: Weekly Committee call | GC | F |
| | | | | | 34.70 | | $ 15,545.00 | | GC Total | |
| 10/1/2007 | Jeffrey | Resler | A. | Partner | 1.60 | $525.00 | $ 840.00 | Plan and Disclosure Statement: Review Motion filed by BofA re: estimation re: voting on the Plan; telephone conference with Latham re: same (.20). | PDS | F |
| 10/1/2007 | Jeffrey | Resler | A. | Partner | 0.40 | $525.00 | $ 210.00 | Plan and Disclosure Statement: Telephone conference with Counsel from BofA re: same | PDS | F |
| 10/1/2007 | Rachel | Obaldo | R. | Associate | 0.80 | $275.00 | $ 220.00 | Plan and Disclosure Statement: Review both objections of Bank of America to disclosure statement. | PDS | F |
| 10/19/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Plan and Disclosure Statement: Review supplemental order re: disclosure statement. | PDS | F |
| 11/5/2007 | Jeffrey | Resler | A. | Partner | 0.60 | $525.00 | $ 315.00 | Plan and Disclosure Statement: Review materials for today's weekly Committee | PDS | F |
| 11/8/2007 | Rachel | Obaldo | R. | Associate | 0.30 | $275.00 | $ 82.50 | Plan and Disclosure Statement: Review second supplemental disclosure statement and investment agreement procedures order. | PDS | F |
| 11/20/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Plan and Disclosure Statement: Review local rules re: noticing of depositions. | PDS | F |
| 11/20/2007 | Jeffrey | Resler | A. | Partner | 1.90 | $525.00 | $ 997.50 | Plan and Disclosure Statement: Review Committee objections to Exit Financing. Disclosure Statement and EPCA amendments | PDS | F |
| 11/20/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Plan and Disclosure Statement: Confer with Warner (2x) re: preparing for depo of Resnick | PDS | F |
| 11/20/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Plan and Disclosure Statement: Conference call with Jefferies re: plan and share valuation and recoveries | PDS | F |
| 11/20/2007 | Jeffrey | Resler | A. | Partner | 1.10 | $525.00 | $ 577.50 | Plan and Disclosure Statement: Prepare notes re: changes in deal and values | PDS | F |
| 11/20/2007 | Jeffrey | Resler | A. | Partner | 1.80 | $525.00 | $ 945.00 | Plan and Disclosure Statement: Review Sheehan Declarations | PDS | F |
| 11/20/2007 | Michael | Warner | D. | Partner | 2.70 | $525.00 | $ 1,417.50 | Plan and Disclosure Statement:Review transcript of Sheehan depo of 11/19. | PDS | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|------|------|------|------|------|------|------|------|------|------|------|
| 11/20/2007 | Michael | Warner | D. | Partner | 4.40 | $525.00 | $ 2,310.00 | Plan and Disclosure Statement:Review various pleadings (including Committee objection to Disclosure Statement, Committee Objection to exit financing) in preparation for depo of Resnick. | PDS | F |
| 11/20/2007 | Michael | Warner | D. | Partner | 1.20 | $525.00 | $ 630.00 | Plan and Disclosure Statement:Several calls and emails with Latham attorneys re strategy for Resnick depo. | PDS | F |
| 11/21/2007 | Rachel | Obaldo | R. | Associate | 0.70 | $275.00 | $ 192.50 | Plan and Disclosure Statement: Preparation of materials for deposition of Resnick to be taken by M. Warner. | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 1.50 | $525.00 | $ 787.50 | Plan and Disclosure Statement: Review Resnick declarations | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 1.80 | $525.00 | $ 945.00 | Plan and Disclosure Statement: Confer with Warner (3x) re: preparing questions for Resnick - plan valuation | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Plan and Disclosure Statement: Conference call with Latham re: Resnick deposition | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 2.50 | $525.00 | $ 1,312.50 | Plan and Disclosure Statement: Review materials for Resnick deposition | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 0.80 | $525.00 | $ 420.00 | Plan and Disclosure Statement: Review list of questions for Resnick depo | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 2.70 | $525.00 | $ 1,417.50 | Plan and Disclosure Statement: Review Sheehan depo testimony | PDS | F |
| 11/21/2007 | Jeffrey | Resler | A. | Partner | 0.70 | $525.00 | $ 367.50 | Plan and Disclosure Statement: T/c with Jefferies re: depo issues for Resnick | PDS | F |
| 11/21/2007 | Michael | Warner | D. | Partner | 1.60 | $525.00 | $ 840.00 | Plan and Disclosure Statement:Several calls (3x) and emails with Latham attorneys re depo of Resnick. | PDS | F |
| 11/21/2007 | Michael | Warner | D. | Partner | 2.00 | $525.00 | $ 1,050.00 | Plan and Disclosure Statement: Telephone calls (2x) with Committee FA's regarding same issues in preparation for depo. | PDS | F |
| 11/22/2007 | Michael | Warner | D. | Partner | 5.50 | $525.00 | $ 2,887.50 | Plan and Disclosure Statement: Review of Sheehan depo transcript and various Board and Rothschild docs in preparation for depo of Resnick. | PDS | F |
| 11/23/2007 | Jeffrey | Resler | A. | Partner | 1.50 | $525.00 | $ 787.50 | Plan and Disclosure Statement: Review objections to EPCA and Financing filed by Creditors Committee and Equity Committee | PDS | F |
| 11/23/2007 | Jeffrey | Resler | A. | Partner | 1.80 | $525.00 | $ 945.00 | Plan and Disclosure Statement: Review Warner outline of Depo questions for Resnick | PDS | F |
| 11/23/2007 | Jeffrey | Resler | A. | Partner | 0.60 | $525.00 | $ 315.00 | Plan and Disclosure Statement: T/c with Warner re: depo questions for Resnick | PDS | F |
| 11/23/2007 | Jeffrey | Resler | A. | Partner | 1.80 | $525.00 | $ 945.00 | Plan and Disclosure Statement: Review revised plan and disclosure statement; re: depo | PDS | F |
| 11/23/2007 | Jeffrey | Resler | A. | Partner | 1.40 | $525.00 | $ 735.00 | Plan and Disclosure Statement: Review amendments to EPCA | PDS | F |
| 11/23/2007 | Michael | Warner | D. | Partner | 4.90 | $525.00 | $ 2,572.50 | Plan and Disclosure Statement: Outline issues and questions for Resnick depo. | PDS | F |
| 11/23/2007 | Michael | Warner | D. | Partner | 1.90 | $525.00 | $ 997.50 | Plan and Disclosure Statement: Review various BOD meetings and related documents from Rothschild. | PDS | F |
| 11/24/2007 | Jeffrey | Resler | A. | Partner | 2.10 | $525.00 | $ 1,102.50 | Plan and Disclosure Statement:Review and revise depo questions for Resnick | PDS | F |
| 11/24/2007 | Jeffrey | Resler | A. | Partner | 1.40 | $525.00 | $ 735.00 | Plan and Disclosure Statement: Confer with Warner re: depo questions for Resnick | PDS | F |
| 11/24/2007 | Jeffrey | Resler | A. | Partner | 0.50 | $525.00 | $ 262.50 | Plan and Disclosure Statement: T/c with Jefferies re: [REDACTED] | PDS | F |
| 11/24/2007 | Jeffrey | Resler | A. | Partner | 1.00 | $525.00 | $ 525.00 | Plan and Disclosure Statement: Revise depo questions re: [REDACTED] | PDS | F |
| 11/24/2007 | Michael | Warner | D. | Partner | 11.70 | $525.00 | $ 6,142.50 | Plan and Disclosure Statement:Continue to review pleadings and exhibits for Resnick Depo, outline issues for exam of Resnick. | PDS | F |
| 11/25/2007 | Michael | Warner | D. | Partner | 12.40 | $525.00 | $ 6,510.00 | Plan and Disclosure Statement:Continued preparation for and then attend Deposition of Resnick. | PDS | F |
| 11/26/2007 | Michael | Warner | D. | Partner | 3.10 | $525.00 | $ 1,627.50 | Plan and Disclosure Statement:Review transcript of Resnick depo and outline hearing issues re disclosure statement approval. | PDS | F |
| 11/27/2007 | Michael | Warner | D. | Partner | 3.40 | $525.00 | $ 1,785.00 | Plan and Disclosure Statement:Review various Objections to Disclosure Statement, exit financing and Amendment to EPCA for hearing on 11/29. | PDS | F |
| 11/27/2007 | Michael | Warner | D. | Partner | 1.70 | $525.00 | $ 892.50 | Plan and Disclosure Statement:Outline Resnick issues and related discussions with Latham attorneys re hearing on Modification of EPCA and Disclosure Statement approval and related issues. | PDS | F |
| 11/28/2007 | Michael | Warner | D. | Partner | 6.70 | $525.00 | $ 3,517.50 | Plan and Disclosure Statement:Continue to review pleadings and transcripts and outline issues re objections to Disclosure Statement, exit financing and EPCA. | PDS | F |

| Date | TK First Name | TK Last Name | TK MI | TK Position | Time | Rate | Amount | Description | Task Code | Fee/Exp Indicator |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/29/2007 | Jeffrey | Resler | A. | Partner | 2.00 | $525.00 | $ 1,050.00 | Plan and Disclosure Statement:Review Jefferies report on new plan deal - review emails re: same | PDS | F |
| 11/29/2007 | Michael | Warner | D. | Partner | 2.40 | $525.00 | $ 1,260.00 | Plan and Disclosure Statement:Review various emails (Latham and other professionals) re plan changes and EPCA changes. | PDS | F |
| 12/3/2007 | Michael | Warner | D. | Partner | 1.30 | $525.00 | $ 682.50 | Plan and Disclosure Statement:Participate in Committee weekly call re plan related issues. | PDS | F |
| 12/11/2007 | Rachel | Obaldo | R. | Associate | 0.50 | $275.00 | $ 137.50 | Plan and Disclosure Statement: Review solicitation procedures order for pertinent deadlines. | PDS | F |
| 12/19/2007 | Jeffrey | Resler | A. | Partner | 0.30 | $525.00 | $ 157.50 | Plan and Disclosure Statement:T/c with Neil Berger (Debtors' counsel) re: response to BofA's motion to estimate for voting purposes | PDS | F |
| 12/20/2007 | Rachel | Obaldo | R. | Associate | 0.40 | $275.00 | $ 110.00 | Plan and Disclosure Statement: Review notice of pertinent plan and disclosure statement dates. | PDS | F |
| 12/20/2007 | Rachel | Obaldo | R. | Associate | 1.30 | $275.00 | $ 357.50 | Plan and Disclosure Statement: Review the first amended plan for certain provisions researched by WS as requested by Latham. | PDS | F |
| 1/10/2008 | Rachel | Obaldo | R. | Associate | 0.40 | $ 300.00 | $ 120.00 | Plan and Disclosure Statement: Review confirmation hearing scheduling order. | PDS | F |
| 1/10/2008 | Rachel | Obaldo | R. | Associate | 0.90 | $ 300.00 | $ 270.00 | Plan and Disclosure Statement: Review certain objections to confirmation. | PDS | F |
| 1/10/2008 | Rachel | Obaldo | R. | Associate | 0.20 | $ 300.00 | $ 60.00 | Plan and Disclosure Statement: Conference with M. Warner re: objections to confirmation. | PDS | F |
| 1/11/2008 | Rachel | Obaldo | R. | Associate | 1.20 | $ 300.00 | $ 360.00 | Plan and Disclosure Statement: Continue review certain objections to confirmation. | PDS | F |
| 1/15/2008 | Rachel | Obaldo | R. | Associate | 0.70 | $ 300.00 | $ 210.00 | Plan and Disclosure Statement: Review certain objections to confirmation. | PDS | F |
| | | | | | 109.50 | | $ 55,472.50 | | PDS  Total | |
| | | | | | 383.80 | | $ 165,428.00 | | Grand Total | |

**EXHIBIT "E"**
**Warner Stevens, L.L.P. - Billing Task Code Summary**
**For the Billing Period October 1, 2007 Through January 25, 2008**

| Task Description | Task Code | Hours | Aggregate Fees |
|---|---|---|---|
| Asset Disposition | AD | 123.4 | $63,520.00 |
| Claims Administration and Objection | CAO | 20.7 | $5,885.00 |
| Fee/Employment Applications | FEA | 53.8 | $11,057.00 |
| Fee/Employment Objections | FEO | 41.7 | $13,948.50 |
| General Committee Operations & Issues | GC | 34.7 | $15,545.00 |
| Plan and Disclosure Statement | PDS | 109.5 | $55,472.50 |
| **TOTALS** | | **383.8** | **$165,428.00** |

**EXHIBIT "F"**
**Warner Stevens, L.L.P. - Expense & Disbursements Summary**
**For the Billing Period October 1, 2007 Through January 25, 2008**

| Description | Amount |
|---|---|
| Conference Call | $26.23 |
| Courier Service | $832.79 |
| Court Reporter – Deposition Transcripts | $2,372.65 |
| Photocopy & Printing | $744.55 |
| Travel – Airfare | $7,320.80 |
| Travel – Transportation | $1,325.42 |
| Travel – Hotel | $1,983.39 |
| **GRAND TOTAL:** | **$14,605.83** |

**Firm Policy Regarding Reimbursable Expenses**

Warner Stevens does not charge clients for such expenses as long-distance telephone calls, incoming and outgoing facsimiles, in-house document reproduction and postage.

It is the policy of Warner Stevens that various types of expenses are charged to the estate at the actual cost incurred by the Firm, such as conference call hosting, travel related expenses (airfare, lodging, transportation, parking, etc.), transcripts, courier services and other outsourced services (document reproduction, service, retrieval, etc.).

Warner Stevens' policy is not to charge for expenses incurred for electronic legal research that are included as part of its Westlaw service plan. However, when Warner Stevens must conduct electronic legal research for matters outside the scope of its Westlaw service plan, Warner Stevens uses its best efforts to keep electronic legal research costs to a minimum. When electronic legal research costs are incurred by Warner Stevens that is in addition to its Westlaw service plan, the actual cost is charged to the client, with no mark-up thereon.

**EXHIBIT "G"**
**Warner Stevens, L.L.P. - Professional and Paraprofessional Summary**
**For the Billing Periods November 10, 2005 Through January 25, 2008**

| Timekeeper | Initials | Position | Year Admitted | Hours | Hourly Rate | Amount |
|---|---|---|---|---|---|---|
| Stevens, Lewis T. | LTS | Partner | 1975 | 49.8 | $550 | $26,455.00 |
| Stevens, Lewis T. | LTS | Partner | 1975 | 6.9 | $485 | $3,346.50 |
| Cohen, David T | DTC | Partner | 1984 | 250.0 | $525 | $130,725.00 |
| Cohen, David T | DTC | Partner | 1984 | 42.7 | $475 | $20,282.50 |
| Cohen, David T | DTC | Partner | 1984 | 10.4 | $550 | $5,720.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 10.1 | $550 | $5,555.00 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 717.3 | $525 | $375,322.50 |
| Resler, Jeffrey A. | JAR | Partner | 1988 | 164.6 | $475 | $78,185.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 8.0 | $550 | $4,400.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 586.0 | $525 | $305,550.00 |
| Warner, Michael D. | MDW | Partner | 1984 | 70.9 | $475 | $33,677.50 |
| Erler, Jeffrey R. | JRE | Partner | 1996 | 4.7 | $400 | $1,880.00 |
| Erler, Jeffrey R. | JRE | Partner | 1996 | 57.3 | $440 | $25,212.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 191.6 | $415 | $79,514.00 |
| Chou, Emily S. | ESC | Partner | 1998 | 39.2 | $350 | $12,180.00 |
| Greene, Kenneth C. | KCG | Associate | 1993 | 82.1 | $440 | $35,684.00 |
| Olenczuk, Alexandra P. | APO | Associate | 1994 | 12.2 | $415 | $5,063.00 |
| Olenczuk, Alexandra P. | APO | Associate | 1994 | 6.9 | $350 | $2,415.00 |
| Key, J. Todd | JTK | Associate | 2000 | 11.1 | $340 | $3,774.00 |
| Key, J. Todd | JTK | Associate | 2000 | 2.6 | $250 | $650.00 |
| Scurlock, Laura G. | LGS | Associate | 2001 | 177.1 | $340 | $59,874.00 |
| Scurlock, Laura G. | LGS | Associate | 2001 | 121.1 | $300 | $35,610.00 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 428.6 | $275 | $117,232.50 |
| Obaldo, Rachel R. | RRO | Associate | 2003 | 14.9 | $300 | $4,470.00 |
| Reid, Christine M. | CR | Sr. Paralegal | | 195.8 | $160 | $31,168.00 |
| Williams, Silvia N. | SNW | Paralegal | | 1.0 | $150 | $150.00 |
| Williams, Silvia N. | SNW | Paralegal | | 138.1 | $125 | $17,262.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 18.9 | $125 | $2,362.50 |
| LaBrada, Kerri L. | KLL | Paralegal | | 0.2 | $150 | $30.00 |
| Keels, Brenda L | BLK | Paralegal | | 52.7 | $150 | $7,905.00 |
| Smoot, Scott T. | STS | Paralegal | | 33.5 | $125 | $4,187.50 |
| **TOTALS** | | | | **3,506.3** | | **$1,435,843.00**[1] |

---

[1] This amount does not take into account $41,904.00 of voluntary reductions.

**EXHIBIT "H"**
**Warner Stevens, L.L.P. - Billing Task Code Summary**
**For the Billing Period November 10, 2005 Through January 25, 2008**

| Task Description | Task Code | Hours | Aggregate Fees |
|---|---|---|---|
| Asset Disposition | AD | 123.4 | $63,520.00 |
| Bank of America Lien Review | BA | 142.1 | $56,779.00 |
| Barclays Bank Rule 2004 Examination | BB | 41.2 | $18,670.00 |
| Claims Administration and Objection | CAO | 122.8 | $43,235.50 |
| Deloitte & Touche Employment Review | DT | 139.2 | $58,071.00 |
| Fee/Employment Applications | FEA | 477.1 | $136,208.00 |
| Fee/Employment Objections | FEO | 293.7 | $105,990.50 |
| General Committee Operations & Issues | GC | 829.7 | $382,088.00 |
| Lien Litigation | LL | 83.0 | $37,134.50 |
| Secured Lender Lien Review | LR | 1,052.0 | $443,009.00 |
| Plan and Disclosure Statement | PDS | 121.6 | $61,225.00 |
| Relief From Stay Proceedings | RFS | 7.4 | $2,485.00 |
| Special Projects | SP | 73.1 | $27,427.50 |
| **TOTALS** | | **3,506.3** | **$1,435,843.00**[1] |

---

[1] This amount does not take into account $41,904.00 of voluntary reductions.

**EXHIBIT "I"**
**Warner Stevens, L.L.P. - Expense & Disbursements Summary**
**For the Billing Period November 10, 2005 Through January 25, 2008**

| Description | Amount |
|---|---|
| Conference Call | $88.82 |
| Courier Service | $6,668.75 |
| Court Reporter: Deposition Transcripts | $2,372.65 |
| Document Retrieval Service | $1,995.36 |
| Electronic Legal Research | $10,968.19 |
| Lien Research / Retrieval Fees | $128.68 |
| PACER Research | $46.72 |
| Photocopy & Printing | $2,270.59 |
| Travel – Airfare | $31,790.85 |
| Travel – Hotel | $8,495.33 |
| Travel – Parking | $64.00 |
| Travel – Transportation | $10,667.50 |
| GRAND TOTAL: | $75,557.44[1] |

**Firm Policy Regarding Reimbursable Expenses**

Warner Stevens does not charge clients for such expenses as long-distance telephone calls, incoming and outgoing facsimiles, in-house document reproduction and postage.

It is the policy of Warner Stevens that various types of expenses are charged to the estate at the actual cost incurred by the Firm, such as conference call hosting, travel related expenses (airfare, lodging, transportation, parking, etc.), transcripts, courier services and other outsourced services (document reproduction, service, retrieval, etc.).

Warner Stevens' policy is not to charge for expenses incurred for electronic legal research that are included as part of its Westlaw service plan.  However, when Warner Stevens must conduct electronic legal research for matters outside the scope of its Westlaw service plan, Warner Stevens uses its best efforts to keep electronic legal research costs to a minimum.  When electronic legal research costs are incurred by Warner Stevens that is in addition to its Westlaw service plan, the actual cost is charged to the client, with no mark-up thereon.

---

[1] This amount does not take into account $1,235.00 of voluntary reductions.