UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
    In re                          :    Chapter 11
                                         :
DPH HOLDINGS CORP., et al.,              :    Case No. 05-44481 (RDD)
                                         :
                                         :    (Jointly Administered)
        Reorganized Debtors.         :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING CERTAIN AGREEMENTS WITH AND RESOLVING CERTAIN
OBJECTIONS OF TOYOTA MOTOR ENGINEERING & MANUFACTURING
NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, AND TOYOTA
MOTOR SALES, U.S.A., INC. TO (A) ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) CURE AMOUNTS

("TOYOTA CONTRACTS OBJECTIONS ORDER")

Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of DPH Holdings Corp. and its subsidiaries and affiliates (the "Reorganized Debtors"), for entry of an order (i) approving certain modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January 25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors' proposed plan modifications, (iii) approving the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases under the Modified Plan,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

and (iv) authorizing the assumption and assignment of certain prepetition executory contracts and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with the Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having entered an order approving, among other things, the form and manner of notices relating to the assumption and assignment of executory contracts and unexpired leases to be assigned to the applicable Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on July 30, 2009 having entered an order approving the Modified Plan (the "Modification Approval Order") (Docket No. 18707); and upon the objections by Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA"), Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota") (Docket Nos. 18271, 18484, 18485, 18486, and 18742, collectively, the "Toyota Objections") to (x) adequate assurance of future performance, (y) assumption and assignment with respect to executory contracts or unexpired leases to be assumed and assigned under the Modified Plan, and (z) cure amounts; and the Court having reviewed and considered the Toyota Objections, and the Motion,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.    This Court has jurisdiction over the Motion and the Toyota Objections pursuant to 28 U.S.C. §§ 157 and 1334. The Motion and the Toyota Objections are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases, the Motion, and the Toyota Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

    B. The predicates for the relief sought with respect to the Toyota Objections are the Modified Plan, sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, 9014, and 9019.

    C. As evidenced by the affidavits of service previously filed with the Court (Docket Nos. 14319, 16657, 18351, and 18708), (i) proper, timely, adequate, and sufficient notice of the Motion and the notices of the assumption and assignment of the Assumed and Assigned Contracts as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the assumption and/or assignment of the contracts and unexpired leases covered by the Toyota Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

    D. To resolve the Toyota Objections with respect to the executory contracts and unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC"), the Reorganized Debtors, New DAS LLC, and TMS, TMC, or TEMA, as applicable, have entered into certain agreements (the "Agreements"), redacted copies of which are attached hereto as <u>Exhibit 1</u>.

    E. As agreed to by the parties pursuant to the Agreements, the Toyota Objection found at Docket No. 18742 is hereby deemed resolved and such objection is subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, except as may be otherwise modified by the Agreements.

3

F.	As agreed to by the parties pursuant to the Agreements, the Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486, except to the extent that such objections relate to executory contracts or unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as applicable, are hereby deemed resolved and such objections are subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, except as may be otherwise modified by the Agreements.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.	The Agreements, redacted copies of which are attached hereto as <u>Exhibit 1</u>, are hereby approved and the Reorganized Debtors are authorized to perform under the Agreements.

2.	The Toyota Objection found at Docket No. 18742 is hereby resolved pursuant to the terms of this order and the Agreements.

3.	The Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486 are hereby resolved pursuant to the terms of this order and the Agreements, except to the extent that such objections relate to executory contracts or unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as applicable (the "GM Related Objections"), which GM related Objections remain adjourned without date subject to the Reorganized Debtors' right to re-notice the objections for a future hearing in accordance with the Modification Approval Order.

      4.    Toyota shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code, except as may be otherwise modified by the Agreements.

      5.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with the Agreements or the enforcement of this order.

Dated: New York, New York  
       December 28, 2009

                      <u>/s/Robert D. Drain</u>  
                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Redacted Agreements**