REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 21st day of October, 2009, by and among (i) DPH-DAS LLC ("DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR CORPORATION ("TMC").

RECITALS:

A.   DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMC Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TMC.

REDACTED                         . For purposes of this Agreement only,
the TMC Contracts                                       for products currently being
manufactured for TMC under the contracts with DPH

REDACTED

B.   The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old DAS LLC along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.   On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

**REDACTED**

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.   On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.   Due to the uncertainty surrounding the treatment of the TMC Contracts and Contractual Obligations under the Modified Plan and the insufficiency of Information provided by Debtors' Assignment Notices and New Assignment Notice, TMC and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMC, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMC filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"); and (iii) on August 5, 2009, TMC filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMC New Assignment Objection"; collectively with the Toyota Plan Objection and the TMC Assignment Objection, the "TMC Objections").

F.   On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMC Objections being adjourned to August 17, 2009. The TMC Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.   On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.   The parties now desire to enter into this Agreement to resolve the TMC Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.   In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMC Contracts, and any other executory TMC Contracts

**REDACTED**

2

**REDACTED**

\,collectively, the "TMC Assigned Contracts")[1] shall (i) if such TMC Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TMC Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC. For all TMC Assigned Contracts,
that are being assumed and assigned under the Modified Plan and the MPA, the cure amount shall be $0.

2.   The parties acknowledge and agree that

**REDACTED**

3.   This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMC Objections.

4.   The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

---

[1] For purposes of this Agreement,    **REDACTED**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH-DAS LLC
By: _____
Name: John Brooks
Title: President

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC)
By: _____
Name: JOHN D. SHEEHAN
Title: President

TOYOTA MOTOR CORPORATION
By: _____
Title: General Manager, ILAD, Legal Div.
Date: October 30, 2009

4

**REDACTED**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 26th day of October, 2009, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates, including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies or has the obligation to supply, certain automobile component parts to TEMA.

**REDACTED**

For purposes of this Agreement only, the TEMA Contracts
 for products currently being manufactured for TEMA under the
contracts with DPH

**REDACTED**

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan

REDACTED

to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D. On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E. Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F. On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G. On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H. The parties now desire to enter into this Agreement to resolve the TEMA Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1. In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts

2     REDACTED

**REDACTED**

(collectively, the "TBMA Assigned Contracts")[1] shall (i) if such TBMA Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TBMA Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC. For all TBMA Assigned Contracts,
   that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

    2.    Except for

**REDACTED**

    3.    Notwithstanding anything contained herein,

**REDACTED**

---

[1] For purposes of this Agreement,  **REDACTED**

3

**REDACTED**

4.   Provided that                **REDACTED**

5.   Provided that
**REDACTED**

6.   Notwithstanding anything contained above in Section

**REDACTED**

7.   This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TBMA Objections.

8.   The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy. A party may issue a public statement regarding this Agreement and its terms only to the extent necessary to comply with external regulatory reporting obligations of the party.

[Signatures appear on the following page]

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: *[signature]*
Name: JOHN BROOKS
Title: PURS. DIR.

DPH FURUKAWA WIRING SYSTEMS, LLC

By: *[signature]*
Name: JOHN BROOKS
Title: _____

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC)

By: *[signature]*
Name: JOHN D. SHEEHAN
Title: VP & CFO

TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.

By: Robert A. Young
Title: TEMA Purchasing, AGM
Date: 10·26·09

5

**REDACTED**

Schedule 1

**REDACTED**

Monday, October 26, 2009

ryoung

Schedule 1

**REDACTED**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this __10__ day of ~~October,~~ November 2009, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC) ("New DAS LLC"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A. DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

**REDACTED**

For purposes of this Agreement only, the TMS Contracts for products currently being manufactured for TMS under the contracts with DPH

**REDACTED**

B. The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C. On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure &

**REDACTED**

Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.  On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.  Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection"; collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

F.  On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.  On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.  The parties now desire to enter into this Agreement to resolve the TMS Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.  In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts

**REDACTED**

2

**REDACTED**

(collectively, the "TMS Assigned Contracts")[1] shall (i) if such TMS Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to New DAS LLC, or (ii) if such TMS Assigned Contracts were entered into post-petition, be assigned by DPH to New DAS LLC. For all TMS Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2. The parties acknowledge and agree that

**REDACTED**

3. This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

4. The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

---

[1] For purposes of this Agreement,    **REDACTED**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH-DAS LLC

By: _____
Name: John Brooks
Title: President

DPH Furukawa Wiring Systems, LLC

By: _____
Name: John Brooks
Title: President

DELPHI AUTOMOTIVE SYSTEMS, LLC (FORMERLY KNOWN AS NEW DELPHI AUTOMOTIVE SYSTEMS 1, LLC)

By: _____
Name: John D. Sheehan
Title: VP - CEO

TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
Title: GYP-TCS
Date: 11/10/09

4