UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
       In re                            :       Chapter 11
                                                :
DPH HOLDINGS CORP., et al.,                     :       Case No. 05-44481 (RDD)
                                                :
       Reorganized Debtors.             :       (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
(I) DENYING MICHIGAN SELF-INSURERS' SECURITY FUND'S MOTION
TO PERMIT LATE FILED CLAIM AND (II) DISALLOWING AND
EXPUNGING PROOF OF CLAIM NUMBERS 19501, 19502, 19541, AND 19542

("MICHIGAN SELF-INSURERS' SECURITY FUND ORDER")

        Upon the Motion Of Michigan Self-Insurers' Security Fund (the "Michigan

Security Fund") To Permit Late Filed Claim Pursuant To Fed. R. Bank. P. 9006(B) (Docket No.

19048) (the "Motion"); and upon the Reorganized Debtors' Objection To Motion Of Michigan

Self-Insurers' Security Fund To Permit Late Filed Claim Pursuant To Fed, R. Bank. P. 9006(b)

(Docket No. 19179) by DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated

reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors to the Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the Reply Of Michigan Self-Insurers' Security Fund To Reorganized

Debtors' Objection To Motion To Permit Late Filed Claim Pursuant To Fed. R. Bank. P. 9006(b)

(Docket No. 19192); and this Court having considered the documents and exhibits filed by the

Michigan Security Fund and by the Reorganized Debtors and the arguments of both parties at the

hearing on this matter conducted on December 18, 2009 (the "Hearing"); and after due

deliberation thereon; and good and sufficient cause appearing for the reasons stated by this Court

in its ruling at the conclusion of the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      The Michigan Security Fund was properly and timely served with a copy

of the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice"), which stated that

pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P.

1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim

And Approving Form And Manner Of Notice Thereof, entered by this Court on April 12, 2006

(Docket No. 3206) (the "Bar Date Order"), July 31, 2006 was the deadline for creditors to file

proofs of claim in the Debtors' chapter 11 cases.

B.      The Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and

the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      For the reasons stated by this Court at the Hearing, the Michigan Security

Fund has failed to establish excusable neglect to justify its failure to timely file proofs of claim

numbers 19501, 19502, 19541, and 19542 (the "Claims") pursuant to the Bar Date Order and the

Bar Date Notice.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      The Motion is denied.

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2.      The Claims are hereby disallowed and expunged in their entirety with prejudice, and no distribution shall be made on account of any such Claim from the Debtors' estate or by the Reorganized Debtors.

3.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

4.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  White Plains, New York
        December 23, 2009

/s/ Robert D. Drain _____
UNITED STATES BANKRUPTCY JUDGE