# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
      In re                                 :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                              Debtors.      :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTERIM ORDER UNDER 11 U.S.C. §§ 327(a) AND 328
(I) AUTHORIZING EMPLOYMENT AND RETENTION OF
ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT
BANKER TO DEBTORS AND (II) SCHEDULING FINAL HEARING THEREON

("ROTHSCHILD RETENTION INTERIM ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an interim order (the "Interim Order") under 11 U.S.C. §§ 327(a) and 328 (a) authorizing the employment and retention of Rothschild Inc. ("Rothschild") as financial advisor and investment banker to the Debtors as of October 8, 2005 (the "Petition Date") and (b) scheduling a final hearing thereon; and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the Declaration and Statement of David L. Resnick, a Managing Director at Rothschild, sworn to October 6, 2005, in support of the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being satisfied that Rothschild is disinterested and represents no interest adverse to the Debtors or their estates as to the matters upon which Rothschild is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED on an interim basis.

2. The Debtors are authorized, effective as of the Petition Date, to employ and retain Rothschild on an interim basis pending a final hearing upon adequate notice as the Debtors' financial advisor and investment banker, on the terms set forth in that certain letter agreement, dated as of May 1, 2005, by and among Rothschild, Rohatyn Associates LLC, and Delphi attached hereto as Exhibit 1 (the "Engagement Letter"), except that Rothschild acknowledges and agrees, notwithstanding any statement to the contrary in the Engagement Letter, that it is not being engaged as and shall not be deemed to be an independent contractor, it being understood that Rothschild shall have no authority to bind, represent, or otherwise act as agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor shall Rothschild have the authority to manage money or property of the Debtors, nor shall Rothschild seek any postpetition "opinion fee," notwithstanding the Engagement Letter.

3. Rothschild will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), any applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), any orders of this Court, and any procedures as may be fixed by order of this Court.

2

4. To the extent accrued during this interim retention, Rothschild shall receive only (a) its $250,000 per month cash advisory fee and (b) reimbursement of Rothschild's expenses, which, subject to the following paragraph, shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code.

5. The Office of the United States Trustee retains all rights to object to Rothschild's fee applications (including expense reimbursements) in respect of fees and expenses accruing during the interim period, on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Rothschild shall apply previously unallocated portions of the $250,000 retainer, first, to unpaid prepetition fees and expenses, if any, and second, to postpetition fees and expenses approved by this Court.

7. All requests of Rothschild for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

8. In no event shall Rothschild be indemnified if the Debtors or a representative of their estates asserts a claim for, and a court determines by a final order that such claim arose out of, Rothschild's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9. In the event that Rothschild seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Rothschild's own applications (both interim and final), and such

3

invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent that any term of this Interim Order is inconsistent with the Engagement Letter, such term of this Interim Order shall govern.

11. This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Application on a final basis.

12. The Debtors shall serve a notice of the final hearing to approve the Application (the "Notice"), substantially in the form attached hereto as Exhibit 2, on all known creditors in these chapter 11 cases. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Application or of the entry of the Interim Order need be served by the Debtors.

13. Objections, if any, to approval of the Application on a final basis must be in writing and filed timely in accordance with the requirements set forth in the Notice. There shall be a hearing held on November 29, 2005 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, to determine whether to approve, on a final basis, the retention of Rothschild on the terms described in the Application.

14. Any party-in-interest shall have the right to raise the issue of the application of Rothschild's prepetition retainer to postpetition fees and expenses incurred at any time.

4

15. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Rothschild and its professionals (a) shall only be required to maintain contemporaneous time records, for services rendered postpetition, in one-hour increments and (b) shall not be required to conform to or provide any schedule of hourly rates.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

17. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         October 14, 2005

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
                               :
    In re                      :    Chapter 11
                               :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :
                    Debtors.   :    (Jointly Administered)
                               :
------------------------------ x
```

FINAL ORDER UNDER 11 U.S.C. §§ 327(a)
AND 328 AUTHORIZING EMPLOYMENT AND
RETENTION OF ROTHSCHILD INC. AS FINANCIAL
<u>ADVISOR AND INVESTMENT BANKER TO DEBTORS</u>

("ROTHSCHILD RETENTION FINAL ORDER")

Upon the application, dated October 8, 2005 (the "Application"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Initial Debtors",[1] together with the Additional Debtors, the "Debtors"), for entry of a final order (the "Final Order") under 11 U.S.C. §§ 327(a) and 328 authorizing the employment and retention of Rothschild Inc. ("Rothschild") as financial advisor and investment banker to the Debtors as of October 8, 2005 (the "Petition Date"); and upon the Affidavit Of Robert S. Miller, Jr. In Support Of Chapter 11 Petitions And First Day Orders, sworn to October 8, 2005, and upon the Declaration and Statement of David L. Resnick, a Managing Director at Rothschild, sworn to October 6, 2005; in support of the Application; and upon the record of the hearing held on the

---

[1] On October 14, 2005, Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, and MobileAria, Inc. (collectively, the "Additional Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). Pursuant to an Interim Order Under 11 U.S.C. § 105(a) Directing That Certain Orders In Chapter 11 Cases Of Delphi Corporation, Et Al. Be Made Applicable To Delphi Furukawa Wiring Systems LLC, Delphi Receivables LLC, And MobileAria, Inc., entered by this Court on October 19, 2005, this Order (as defined below) will be applicable to the Additional Debtors.

Application on November 29, 2005; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and this Court being satisfied that Rothschild is disinterested and represents no interest adverse to the Debtors or their estates as to the matters upon which Rothschild is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the matters raised in the Application.

B. This is a core proceeding pursuant to 28. U.S.C. §157(b)(2).

C. The Application sought approval of the employment and retention of Rothschild as the Debtors' financial advisor and investment banker pursuant to that certain letter agreement, dated as of May 1, 2005 (the "Prepetition Engagement Letter"), by and among Rothschild, Rohatyn Associates LLC [2], and Delphi, (collectively, the "Parties").

D. The Parties have agreed to modify the Prepetition Engagement Letter and instead to seek approval of the Debtors' retention of Rothschild pursuant to the terms of that certain restated letter agreement, dated as of October 8, 2005, by and among Rothschild and Delphi, a copy of which is attached hereto as Exhibit 1 (the "Engagement Letter") and incorporated herein by reference.

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application, as modified by this Order and the Engagement Letter, is GRANTED on a final basis.

---

[2] The employment of Rohatyn Associates LLC under the Engagement Letter was terminated by mutual agreement, effective October 2, 2005.

2

2. Pursuant to 11 U.S.C. §§ 327(a) and 328, the Debtors are authorized, effective as of the Petition Date, to employ and retain Rothschild as the Debtors' financial advisor and investment banker on the terms set forth in the Engagement Letter, except that Rothschild acknowledges and agrees, notwithstanding any statement to the contrary in the Engagement Letter, that it is not being engaged as and shall not be deemed to be an independent contractor, it being understood that Rothschild shall have no authority to bind, represent, or otherwise act as agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor shall Rothschild have the authority to manage money or property of the Debtors.

3. Rothschild will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), any applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), any orders of this Court, and any procedures as may be fixed by order of this Court.

4. Subject to the following paragraph, the compensation and reimbursement of expenses to be paid to Rothschild shall be in accordance with the terms of the Engagement Letter, which fees and expense reimbursements shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code.

5. The Office of the United States Trustee retains all rights to object to Rothschild's fee applications (including expense reimbursements) in respect of fees and expenses accruing during Rothschild's engagement pursuant to this Final Order, on all grounds, including,

but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Rothschild shall apply previously unallocated portions of its $250,000 retainer, first, to unpaid prepetition fees and expenses, if any, and second, to postpetition fees and expenses approved by this Court.

7. All requests of Rothschild for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based on the circumstances of the litigation or settlement in respect of which such indemnity is sought.

8. In no event shall Rothschild or any of the Idemnified Parties (as defined in the Engagement Letter) be indemnified if a court determines by a final order that such claim for indemnification arose out of Rothschild's or such Idemnified Party's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9. In the event that Rothschild seeks reimbursement for attorneys' fees from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Rothschild's own applications (both interim and final), and such invoices and time records shall be subject to the Office of the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4

10. To the extent that any term of this Final Order is inconsistent with the Engagement Letter, such term of this Final Order shall govern.

11. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, Rothschild and its professionals (a) shall only be required to maintain contemporaneous time records for services rendered postpetition, in one-half-hour increments, and (b) shall not be required to conform to or provide any schedule of hourly rates.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

13. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:   New York, New York
         November 30, 2005

                                          /s/ ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DELPHI CORPORATION, et al., : Case No. 05-44481 (RDD)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 327(a) AND 328 AND FED. R. BANKR. P. 2014
AUTHORIZING AMENDMENT OF FEE STRUCTURE FOR
MERGER AND ACQUISITION TRANSACTION SERVICES INVOLVING
DEBTORS' STEERING AND INTERIOR DIVISIONS PROVIDED BY
ROTHSCHILD INC. NUNC PRO TUNC TO JULY 19, 2006

("ROTHSCHILD SUPPLEMENTAL RETENTION ORDER")

Upon the supplemental application, dated November 28, 2006 (the "Rothschild Supplemental Retention Application"),[1] of Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 authorizing the amendment of the fee structure for M&A Transaction services involving the Debtors' Steering Division and/or Interior Division provided by Rothschild Inc. as financial advisor and investment banker to the Debtors in these chapter 11 cases; and this Court having determined that the relief requested in the Rothschild Supplemental Retention Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Rothschild Supplemental Retention Application has been given and that no other or further notice is

---

[1] Any initially capitalized terms used but not defined herein shall have the meanings ascribed to them in the Rothschild Supplemental Retention Application.

necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Rothschild Supplemental Retention Application is GRANTED.

2. Pursuant to the Rothschild Supplemental Retention Application and that certain Supplemental Engagement Letter, dated as of July 19, 2006, the Debtors' retention of Rothschild as their financial advisor and investment banker is hereby amended in accordance with 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 and the Minimum M&A Fee outlined in that certain Supplemental Engagement Letter is hereby approved so as to enable Rothschild to be compensated as set forth therein for any services provided related to any M&A Transaction involving the Debtors' Steering Division and/or Interior Division, with approval of such fee structure being effective as of July 19, 2006.

3. Rothschild shall continue to file fee applications for interim and final allowance of compensation (which shall include any fees requested by Rothschild and agreed to by the Debtors under the Supplemental Engagement Letter arising from the Debtors' decision not to complete an M&A Transaction for the Debtors' Steering Division and/or Interior Division) and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, any applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and further orders of this Court.

4. Other than as specifically set forth herein, the terms of the Final Order Under §§ 327(a) And 328 Authorizing Employment And Retention Of Rothschild Inc. As Financial

2

Advisor And Investment Banker To The Debtors (Docket No. 1363) shall remain in full force and effect.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is satisfied by the Supplemental Retention Application.

Dated:  New York, New York
        December 18, 2006

                                            /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE

3