UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                           :

        In re                          :         Chapter 11
                           :
DPH HOLDINGS CORP., <u>et al.</u>,       :         Case No. 05-44481 (RDD)
                           :
             Reorganized Debtors. :      (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS 1374,
1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387,
2539, AND 6668 IDENTIFIED IN THE SIXTEENTH, SEVENTEENTH,
<u>AND TWENTIETH OMNIBUS CLAIMS OBJECTIONS</u>

("CLAIMS OBJECTION ORDER REGARDING
CERTAIN PROTECTIVE CLAIMS")

Upon the Debtors' Sixteenth Omnibus Objection (Procedural) Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended

Claims And (B) Protective Claims (Docket No. 8271) (the "Sixteenth Omnibus Claims

Objection") with respect to proofs of claim numbers 1374, 1375, 1376, 1377, 1378, 1379, 1380,

1381, 1382, 1383, 1384, 1385, 1386, and 1387, the Debtors' Seventeenth Omnibus Objection

(Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)

Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records,

(C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And

Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To

Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the

"Seventeenth Omnibus Claims Objection") with respect to proof of claim numbers 2539, and the

Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C)

Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims

Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting

Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures

Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims

Objection," together with the Sixteenth Omnibus Claims Objection and the Seventeenth

Omnibus Claims Objection, the "Objections") with respect to proof of claim number 6668, of

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the

sufficiency hearing held on the Objections to proofs of claim numbers 1374, 1375, 1376, 1377,

1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, and 6668 (collectively, the

"Protective Claims"); and after due deliberation thereon; and good and sufficient cause appearing

therefor,

   IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A.  American International Group, Inc. and related entities (collectively,

"AIG"), the holders of proofs of claim numbers 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381,

1382, 1383, 1384, 1385, 1386, and 1387 (the "AIG Claims") were properly and timely served

with a copy of the Sixteenth Omnibus Claims Objection, a personalized Notice Of Objection To

Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007,

7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No.

6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the

Sixteenth Omnibus Claims Objection, and notice of the deadline for responding to the Sixteenth

Omnibus Claims Objection.

         B.      RLI Insurance Company ("RLI"), the holder of proofs of claim numbers

2539 and 6668, was properly and timely served with a copy of the Seventeenth Omnibus Claims

Objection, the Twentieth Omnibus Claims Objection, a personalized Notice Of Objection To

Claim, a copy of the Claims Objection Procedures Order, the proposed order with respect to the

Seventeenth Omnibus Claims Objection, the proposed order with respect to the Twentieth

Omnibus Claims Objection, the notice of the deadline for responding to the Seventeenth

Omnibus Claims Objection, and the notice of the deadline for responding to the Twentieth

Omnibus Claims Objection.

         C.      AIG submitted a response to the Sixteenth Omnibus Claims Objection

(Docket No. 8895).

         D.      RLI submitted responses to the Seventeenth Omnibus Claims Objection

(Docket No. 8523) and the Twentieth Omnibus Claims Objection (Docket No. 9391).

         E.      On April 8, 2008, the Debtors and AIG entered into, and this Court

entered, the Amended And Restated Joint Stipulation And Agreed Order Compromising And

Estimating Proof Of Claim Numbers 1373, 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381,

1382, 1383, 1384, 1385, 1386 And 1387 (American International Group, Inc.) (Docket No. 1333)

(the "AIG Estimation Stipulation").  Pursuant to the AIG Estimation Stipulation, each AIG

Claim is estimated in the amount of $0.00 without prejudice to AIG's right to reassert such

3

claims if the Debtors were to reject the insurance policies underlying the AIG Claims pursuant to section 365(a) of the Bankruptcy Code.

   F.  On November 18, 2009, DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

   G.  AIG and RLI were properly and timely served with a copy of the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, And 1387 Filed By American International Group, Inc. And (B) Proofs Of Claim Nos. 2539 And 6668 Filed By RLI Insurance Company (Docket No. 19162) (the "Supplemental Reply").

   H.  This Court has jurisdiction over the Objections pursuant to 28 U.S.C. §§ 157 and 1334.  The Objections are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   I.  The Protective Claims referenced herein should be disallowed and expunged in their entirety.  For the reasons stated by the Court at the December 18, 2009 hearing,

each of AIG and RLI have failed to sufficiently plead an allowable claim; therefore, the

Protective Claims should be disallowed and expunged.

      J.      The relief requested in the Sixteenth Omnibus Claims Objection, the

Seventeenth Omnibus Claims Objection, and the Twentieth Omnibus Claims Objection is in the

best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

      1.      Proofs of claim numbers 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381,

1382, 1383, 1384, 1385, 1386, 1387, 2539, and 6668 are hereby disallowed and expunged in

their entirety.

      2.      Entry of this order is without prejudice to the Reorganized Debtors' right

to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in

these chapter 11 cases, or to further object to claims that are the subject of the Sixteenth

Omnibus Claims Objection, the Seventeenth Omnibus Claims Objection, or the Twentieth

Omnibus Claims Objection, on any grounds whatsoever.

      3.      Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

      4.      This Court shall retain jurisdiction over the Reorganized Debtors and the

holders of Claims subject to the Sixteenth Omnibus Claims Objection, the Seventeenth Omnibus

Claims Objection, or the Twentieth Omnibus Claims Objection, as the case may be, to hear and

determine all matters arising from the implementation of this order.

      5.      Each Claim and the objections by the Debtors to each Claim addressed in

Sixteenth Omnibus Claims Objection, the Seventeenth Omnibus Claims Objection, or the

Twentieth Omnibus Claims Objection, as the case may be, and set forth herein constitutes a

separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be

deemed a separate order with respect to each such Claim.  Any stay of this order shall apply only

to the contested matter which involves such Claim and shall not act to stay the applicability or

finality of this order with respect to the other contested matters covered hereby.

6.      Kurtzman Carson Consultants LLC is hereby directed to serve this order

in accordance with the Claims Objection Procedures Order.


Dated: New York, New York
       December 31, 2009

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE