UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
    In re                          :    Chapter 11
                                        :
DPH HOLDINGS CORP., <u>et al.</u>,      :    Case No. 05-44481 (RDD)
                                        :
        Reorganized Debtors. :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS
15513, 15515, 15519, 15520, 15521, 15524, AND 15532 IDENTIFIED
<u>IN THE FOURTEENTH OMNIBUS CLAIMS OBJECTION</u>

("CLAIMS OBJECTION ORDER REGARDING CERTAIN
CONTINGENT BREACH OF CONTRACT CLAIMS")

Upon the Debtors' Fourteenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims And (B) Protective Claims, dated May 22, 2007 (the "Fourteenth Omnibus Claims Objection" or the "Objection") with respect to proofs of claim numbers 15513, 15515, 15519, 15520, 15521, 15524, and 15532 of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the December 18, 2009 sufficiency hearing held on the Objection to proofs of claim numbers 15513, 15515, 15519, 15520, 15521, 15524, and 15532 (collectively, the "Contingent Breach of Contract Claims"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Johnson Controls, Inc. and certain affiliates ("JCI"), the holders (collectively, the "Claimants") of proofs of claim numbers 15513, 15515, 15519, 15520, 15521, 15524, and 15532 were properly and timely served with a copy of the Fourteenth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Fourteenth Omnibus Claims Objection, and notice of the deadline for responding to the Fourteenth Omnibus Claims Objection.

B.    The Claimants each submitted a response to the Fourteenth Omnibus Claims Objection (Docket Nos. 8331, 8332, 8334, 8335, 8337, 8338, and 8340).

C.    On November 18, 2009, DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

        D.        The Claimants were properly and timely served with a copy of the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 15513, 15515, 15519, 15520, 15521, 15524, And 15532 Filed By Johnson Controls, Inc. And Affiliates (the "Supplemental Reply") (Docket No. 19160).

        E.        The Court has jurisdiction over the Fourteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Fourteenth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Fourteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        F.        The Contingent Breach of Contract Claims should be disallowed and expunged in their entirety.  For the reasons stated by the Court at the December 18, 2009 hearing, the Claimants have failed to sufficiently plead a <u>prima</u> <u>facie</u> claim; therefore, the Contingent Breach of Contract Claims should be disallowed and expunged.

        G.        The relief requested in the Fourteenth Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.        Proofs of claim numbers 15513, 15515, 15519, 15520, 15521, 15524, and 15532 are hereby disallowed and expunged in their entirety.

        2.        Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in

these chapter 11 cases, or to further object to claims that are the subject of the Fourteenth Omnibus Claims Objection, on any grounds whatsoever.

   3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

   4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Fourteenth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

   5. Each Claim and the objections by the Debtors to each Claim addressed in the Fourteenth Omnibus Claims Objection, and set forth herein, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each such Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

   6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.


Dated: New York, New York
   December 31, 2009

          <u>/s/Robert D. Drain</u>
          UNITED STATES BANKRUPTCY JUDGE