UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

    In re                                     :        Chapter 11

                                                  :

DPH HOLDINGS CORP., <u>et al.</u>,          :        Case No. 05-44481 (RDD)

                                                  :

              Reorganized Debtors. :       (Jointly Administered)

                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS
6468, 13646, 14751, AND 16175 IDENTIFIED IN THE THIRTIETH,
<u>THIRTY-FOURTH, AND THIRTY-FIFTH OMNIBUS CLAIMS OBJECTIONS</u>

("CLAIMS OBJECTION ORDER REGARDING CERTAIN
PENSION, BENEFIT, AND OPEB CLAIMS ")

Upon the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b)

And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely

Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F)

Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection")

with respect to proof of claim number 16175, the Debtors' Thirty-Fourth Omnibus Objection

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension

And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain

Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely

Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F)

Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers'

Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority,

(III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled

Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection") with respect to proofs of claim numbers 13464 and 14751, and the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection" and together with the Thirtieth Omnibus Claims Objection and the Thirty-Fourth Omnibus Claims Objection, the "Objections") with respect to proof of claim number 6468, of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the December 18, 2009 sufficiency hearing held on the Objections to proofs of claim numbers 6468, 13646, 14751, and 16175 (collectively, the "Pension And OPEB Claims"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Patricia C. Weinman, the holder of proof of claim number 16175 was properly and timely served with a copy of the Thirtieth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"),

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

the proposed order with respect to the Thirtieth Omnibus Claims Objection, and notice of the deadline for responding to the Thirtieth Omnibus Claims Objection.

   B. Paul Pickles, the holder of proof of claim number 13464, and Hubert Noel Morgan, the holder of proof of claim number 14751, were properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim with respect to their proof of claim, a copy of the Claims Objection Procedures Order, the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Fourth Omnibus Claims Objection.

   C. Barbara Burger (together with Patricia C. Weinman, Paul Pickles, and Hubert Noel Morgan, the "Claimants"), the holder of proof of claim number 6468, was properly and timely served with a copy of the Claims Objection Procedures Order, the proposed order with respect to the Thirty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Fifth Omnibus Claims Objection.

   D. Patricia C. Weinman submitted a response to the Thirtieth Omnibus Claims Objection (Docket No. 13976).

   E. Hubert Noel Morgan submitted a response to the Thirty-Fourth Omnibus Objection (Docket No. 18247).

   F. Paul Pickles submitted a response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 18561).

   G. Barbara Burger submitted a response to the Thirty-Fifth Omnibus Claims Objection (Docket No. 18894).

   H. On November 18, 2009, DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH

3

Holdings, the "Reorganized Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

      I.      The Claimants were properly and timely served with a copy of the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proof Of Claim No. 6468 Filed By Barbara Burger, (B) Proof Of Claim No. 13464 Filed By Paul Pickles, (C) Proof Of Claim No. 14751 Filed By Hubert Noel Morgan, And (D) Proof Of Claim No. 16175 Filed By Patricia C. Weinman (Docket No. 19159) (the "Supplemental Reply").

      J.      This Court has jurisdiction over the Objections pursuant to 28 U.S.C. §§ 157 and 1334. The Objections are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      K.      The Pension And OPEB Claims referenced herein should be disallowed and expunged in their entirety. For the reasons stated by the Court on the record of the December 18, 2009 hearing, the Claimants have failed to sufficiently plead a *prima facie* claim; therefore, the Pension And OPEB Claims should be disallowed and expunged.

      L.      The relief requested in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, and the Thirty-Fifth Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      Proofs of claim numbers 6468, 13646, 14751, and 16175 are hereby disallowed and expunged in their entirety.

      2.      Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these chapter 11 cases, or to further object to claims that are the subject of the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, or the Thirty-Fifth Omnibus Claims Objection, on any grounds whatsoever.

      3.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

      4.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, or the Thirty-Fifth Omnibus Claims Objection, as the case may be, to hear and determine all matters arising from the implementation of this order.

      5.      Each Claim and the objections by the Debtors to each Claim addressed in the Thirtieth Omnibus Claims Objection, the Thirty-Fourth Omnibus Claims Objection, or the Thirty-Fifth Omnibus Claims Objection, as the case may be, and set forth herein constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each such Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

6

      6.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: New York, New York
       December 31, 2009

                                         /s/Robert D. Drain
                                         UNITED STATES BANKRUPTCY JUDGE