UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                     :

      In re                            :        Chapter 11

                                                     :

DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)

                                                   :

                Reorganized Debtors. :       (Jointly Administered)

                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER
16849 FILED BY SHARYL YVETTE CARTER IDENTIFIED IN THE
<u>THIRTY-FOURTH OMNIBUS CLAIMS OBJECTION</u>

("CLAIM OBJECTION ORDER EXPUNGING
SHARYL CARTER'S DUPLICATE CLAIM")

        Upon the Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection" or the "Objection") with respect to proof of claim number 16849, of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the December 18, 2009 sufficiency hearing held on the Objection to proof of claim

number 16849; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Sharyl Yvette Carter, the holder (the "Claimant") of proof of claim number 16849, was properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Fourth Omnibus Claims Objection.

    B.    The Claimant submitted a response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 18457).

    C.    On November 18, 2009, DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

D.   The Claimant was properly and timely served with a copy of the Reorganized Debtors' Supplemental Reply To Responses Of Sharyl Y. Carter To Debtors' Objections To Proofs Of Claim Nos. 16849 And 16850 Filed By Sharyl Y. Carter (Docket No. 19197) (the "Supplemental Reply").

E.   This Court has jurisdiction over the Thirty-Fourth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Thirty-Fourth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Thirty-Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

F.   Proof of claim number 16849 should be disallowed and expunged in its entirety.  Proof of claim number 16849 is a duplicate of proof of claim number 16850, which was also filed by the Claimant, and the Claimant has failed to sufficiently plead a <u>prima facie</u> claim.  Therefore, proof of claim number 16849 should be disallowed and expunged.

G.   The relief requested in the Thirty-Fourth Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Proof of claim number 16849 is hereby disallowed and expunged in its entirety.

2.   Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in

these chapter 11 cases, or to further object to claims that are the subject of the Thirty-Fourth Omnibus Claims Objection, on any grounds whatsoever.

3.  Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

4.  This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Fourth Omnibus Claims Objection and determine all matters arising from the implementation of this order.

5.  Each Claim and the objections by the Debtors to each Claim addressed in the Thirty-Fourth Omnibus Claims Objection, and set forth herein, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each such Claim. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

6.  Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated:  New York, New York
       December 31, 2009

                                  /s/Robert D. Drain
                                  UNITED STATES BANKRUPTCY JUDGE