Hearing Date and Time: To Be Determined
Objection Deadline: To Be Determined

DLA PIPER LLP (US)
550 South Hope Street, Suite 2300
Los Angeles, CA 90071
T: (213) 330-7700
Karol K. Denniston (CA SBN 141667)
Jennifer L. Nassiri (CA SBN 209796)
Natasha L. Johnson (CA SBN 260562)

Corporate, Employment, and Intellectual Property
Counsel for Debtor MobileAria, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re : : | |
| : | Chapter 11 |
| DELPHI CORPORATION, <u>et al.</u>, : | |
| : | Case No. 05-44481 (RDD) |
| Debtors. : | |
| : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COVER SHEET**

**DLA PIPER LLP (US), CORPORATE, EMPLOYMENT, AND INTELLECTUAL
PROPERTY COUNSEL FOR DEBTOR MOBILEARIA, INC.'S SIXTH AND FINAL
APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES UNDER U.S.C. §§ 330 AND 331</u>**

**SUMMARY OF APPLICATION**

| | |
|---|---|
| **Name of Applicant:** | DLA Piper LLP (US) |
| **Role In This Case:** | Corporate, Employment, and Intellectual Property Counsel for Debtor MobileAria, Inc. |
| **Date Of Order Authorizing Employment** | November 16, 2006 (*nunc pro tunc* to May 1, 2006) |
| **Period For Which Final Approval And Final Allowance Of Compensation And Reimbursement Of Expenses Are Sought** | May 1, 2006 through August 15, 2007 |

| | |
|---|---|
| **Amount Sought For Final Approval And Final Allowance Of Compensation And Reimbursement Of Expenses Are (Fees And Expenses From All Previous DLA Piper LLP (US) Fee Applications):** | $321,040.28[1] |
| **Amount Of Compensation Received To Date:** | $321,040.28 |

---

[1] This amount takes into account $17,215.00 in voluntary reductions agreed to by DLA Piper LLP (US).

WEST\21852315.3                                    2

**Prior Interim Fee Applications**

| Fee Application, Filing Date, Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Total Fees and Expenses Approved | Amounts Paid |
|---|---|---|---|---|---|---|
| First Interim Fee Application (Second)<br><br>Filed 11/30/2006 Docket No. 6030 | 5/1/06 – 5/31/06 | $68,065.25 | $344.70 | $68,409.95 | $65,394.95 | $65,394.95 |
| Second Interim Fee Application (Third)<br><br>Filed 11/30/2006 Docket No. 6031 | 6/1/06 – 9/30/06 | $218,036.50 | $7,688.31 | $225,724.81 | $217,324.81 | $217,324.81 |
| Third Interim Fee Application (Fourth)<br><br>Filed 3/31/2007 Docket No. 7726 | 10/1/06 – 1/31/07 | $25,560.50 | $3,960.93 | $29,521.43 | $27,075.43 | $27,075.43 |
| Fourth Interim Fee Application (Fifth)<br><br>Filed 8/24/2007 Docket No. 9154 | 3/1/07 – 5/31/07 | $3,804.00 | $13.17 | $3,817.17 | $1,657.17 | $1,657.17 |

WEST\21852315.3

| Fee Application, Filing Date, Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Total Fees and Expenses Approved | Amounts Paid |
|---|---|---|---|---|---|---|
| Fifth Interim Application (Sixth) Filed 1/10/08 Docket No. 11985 | 6/1/07 – 8/15/07 | $10,676.50 | $85.42 | $10,761.92 | $9,587.92 | $9,587.92 |
| Total Prior Interim Applications: | | $326,142.75 | $12,092.53 | $338,235.28 | $321,040.28 | $321,040.28 |

**Hearing Date and Time: To Be Determined**
**Objection Deadline: To Be Determined**

DLA PIPER LLP (US)
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
T: (213) 330-7700
Karol K. Denniston (CA SBN 141667)
Jennifer L. Nassiri (CA SBN 209796)
Natasha Johnson (CA SBN 260562)

Corporate, Employment, and Intellectual Property
Counsel for Debtor MobileAria, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                        ::
                                             :    Chapter 11
DELPHI CORPORATION, et al.,                  :
                                             :    Case No. 05-44481 (RDD)
                         Debtors.            :
                                             :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DLA PIPER LLP (US), CORPORATE, EMPLOYMENT, AND INTELLECTUAL
PROPERTY COUNSEL FOR DEBTOR MOBILEARIA, INC.'S SIXTH AND FINAL
APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER U.S.C. §§ 330 AND 331**

Pursuant to sections 330 and 331 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-1, General Rule M-104 Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases, General Rule M-151 Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases (the "Local Guidelines"), the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals, entered on November 4, 2005 (Docket No. 869) (as supplemented by Docket Nos. 2747, 2986, 3630, 4545, 5310, 6145 and 12367) (the "Interim Compensation Order"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330, adopted on January 30, 1996 (the "UST Guidelines") and the Order

WEST\21852315.3

Confirming the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, entered on January 25, 2008 ("Confirmation Order"), DLA Piper US LLP ("DLA Piper"), corporate, employment, and intellectual property counsel to MobileAria, Inc. ("MobileAria"), an affiliate of Delphi Corporation ("Delphi") and a debtor and debtor-in-possession in the above-captioned cases (collectively with Delphi and certain of its U.S. subsidiaries and affiliates, the "Debtors") respectfully submits this sixth and final application (the "Final Application") for (i) final allowance of compensation in the amount of $308,947.75 for professional services rendered by DLA Piper during the period beginning May 1, 2006 through and including August 15, 2007 (the "Final Compensation Period"); and (ii) final allowance of reimbursement of its actual and necessary expenses in the amount of $12,092.53 incurred during the Final Compensation Period, such amounts having already been paid by the Debtors.

In support of this Final Application, DLA Piper respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Pursuant to the Local Guidelines, a certification of compliance is attached hereto as **Exhibit "A."**

### BACKGROUND

3. On October 8 and 14, 2005, the Debtors filed voluntary petitions for relief under the Bankruptcy Code. This Court entered orders directing the joint administration of the Debtors' chapter 11 cases. For the duration of these chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Substantially all of the assets of MobileAria have been sold.

4. No trustee or examiner has been appointed in the Debtors' cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an

official committee of unsecured creditors (the "Creditors' Committee"). On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (the "Equity Committee").

5. On November 16, 2006, the Court entered an *Order Under 11 U.S.C. § 327(e) and 1107(b) and Fed. R. Bankr. P. 2014 Authorizing Employment of DLA Piper as Corporate, Employment, and Intellectual Property Counsel to Debtor MobileAria, Inc. Nunc Pro Tunc to May 1, 2006* (the "Retention Order"). A copy of the Retention Order is attached as Exhibit B to the prior interim fee applications submitted by DLA Piper (collectively, the "Interim Fee Applications"), and copies of the Interim Fee Applications are attached hereto as **Exhibits "B," "C," "D," "E," and "F."**

6. By the Interim Compensation Order dated November 4, 2005 [Docket No. 869], this Court established a procedure for interim compensation and reimbursement of expenses for all professionals in these cases. Specifically, the Interim Compensation Order provided that, absent objections to monthly fee statements (each, a "Monthly Statement"), the Debtors would be authorized to pay each professional serving such Monthly Statements an amount equal to 80 percent of the fees and 100 percent of the expenses requested in their respective Monthly Statements.

7. On November 30, 2006, DLA Piper filed its first interim fee application for the period May 1, 2006 through May 31, 2006 (the "First Interim Fee Application") [Docket No. 6030]. The First Interim Fee Application sought the allowance of (i) fees in the amount $68,065.25 and (ii) expenses in the amount of $344.70. A true and correct copy of the First Interim Application is attached hereto as **Exhibit "B."** After discussions with the Joint Fee Review Committee, DLA Piper agreed to reduce its fees sought in the First Interim Fee Application by $3,015.00. Therefore, pursuant to the omnibus order granting interim applications for the period February 1, 2006 through May 31, 2006 [Docket No. 8422], DLA Piper was awarded $65,050.25 in professional fees and $344.70 in expenses in respect of its First Interim Fee Application. A true and correct copy of omnibus order granting second interim

applications[1] is attached hereto as **Exhibit "G."**  DLA Piper received payment of these fees and expenses.

        8.      On November 30, 2006, DLA Piper filed its second interim fee application for the period June 1, 2006 through September 30, 2006 (the "Second Interim Fee Application") [Docket No. 6031].  The Second Interim Fee Application sought the allowance of (i) fees in the amount $218,036.50 and (ii) expenses in the amount of $7,688.31.  A true and correct copy of the Second Interim Application is attached hereto as **Exhibit "C."**  After discussions with the Joint Fee Review Committee, DLA Piper agreed to reduce its fees sought in the Second Interim Fee Application by $8,400.00.  In accordance with the omnibus order granting interim applications for the period June 1, 2006 through September 30, 2006 [Docket No. 8423], DLA Piper was awarded $209,636.50 in professional fees and $7,688.31 in expenses in respect of its Second Interim Fee Application.   A true and correct copy of omnibus order granting third interim applications[2] is attached hereto as **Exhibit "H."**  DLA Piper has received payment of these fees and expenses.

        9.      On March 31, 2007, DLA Piper filed its third interim fee application for the period October 1, 2006 through January 31, 2007 (the "Third Interim Fee Application") [Docket No. 7726].  The Third Interim Fee Application sought the allowance of (i) fees in the amount $25,560.50 and (ii) expenses in the amount of $3,960.93.  A true and correct copy of the Third Interim Application is attached hereto as **Exhibit "D."**  After discussions with the Joint Fee Review Committee, DLA Piper agreed to reduce its fees sought in the Third Interim Fee Application by $2,446.00.  In accordance with the omnibus order granting interim applications for the period October 1, 2006 through January 31, 2007 [Docket No. 8446], DLA Piper was awarded $23,114.50 in professional fees and $3,960.93 in expenses in respect of its Third Interim Fee Application.  A true and correct copy of the omnibus order granting fourth interim

---

[1]     DLA Piper's First Interim Fee Application corresponds to the Debtors' second interim fee period because DLA Piper was retained after the Debtors' first interim fee period.

[2]     DLA Piper's Second Interim Fee Application corresponds to the Debtors' third interim fee period.

applications[3] is attached hereto as **Exhibit "I."** DLA Piper has received payment of these fees and expenses.

10. On August 24, 2007, DLA Piper filed its fourth interim fee application for the period March 1, 2007 through May 31, 2007 (the "Fourth Interim Fee Application") [Docket No. 9154]. The Fourth Interim Fee Application sought the allowance of (i) fees in the amount $3,804.00 and (ii) expenses in the amount of $13.17. A true and correct copy of the Fourth Interim Application is attached hereto as **Exhibit "E."** After discussions with the Joint Fee Review Committee, DLA Piper agreed to reduce its fees sought in the Fourth Interim Fee Application by $2,160.00. In accordance with the omnibus order granting interim applications for the period February 1, 2006 through May 31, 2007 [Docket No. 10742], DLA Piper was awarded $1,644.00 in professional fees and $13.17 in expenses in respect of its Fourth Interim Fee Application. A true and correct copy of omnibus order granting fifth interim applications[4] is attached hereto as **Exhibit "J."** DLA Piper has received payment of these fees and expenses.

11. On January 10, 2008, DLA Piper filed its fifth interim fee application for the period June 1, 2007 through August 15, 2007 (the "Fifth Interim Fee Application") [Docket No. 11985]. The Fifth Interim Fee Application sought the allowance of (i) fees in the amount $10,676.50 and (ii) expenses in the amount of $85.42. A true and correct copy of the Fifth Interim Application is attached hereto as **Exhibit "F."** After discussions with the Joint Fee Review Committee, DLA Piper agreed to reduce its fees sought in the Fifth Interim Fee Application by $1,174.00. In accordance with the omnibus order granting interim applications for the period June 1, 2007 through September 30, 2007 [Docket No. 12883], DLA Piper was awarded $9,502.50 in professional fees and $85.42 in expenses in respect of its Fifth Interim Fee Application. A true and correct copy of omnibus order granting sixth interim applications[5] is attached hereto as **Exhibit "K."** DLA Piper has received payment of these fees and expenses.

---

[3] DLA Piper's Third Interim Fee Application corresponds to the Debtors' fourth interim fee period.

[4] DLA Piper's Fourth Interim Fee Application corresponds to the Debtors' fifth interim fee period.

[5] DLA Piper's Fifth Interim Fee Application corresponds to the Debtors' sixth interim fee period.

12.     On December 10, 2007, the Debtors filed their *First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession* (the "Initial Plan"). On January 25, 2008, (the "Confirmation Date"), this Court entered an order confirming the Initial Plan (the "Confirmation Order").

13.     On July 30, 2009, this Court entered an order which approved certain modifications to the Initial Plan (the "Modified Plan").

14.     On October 6, 2009, the Debtors filed a notice of the occurrence of the Effective Date (as defined in the Modified Plan) (the "Effective Date Notice"). Pursuant to the Effective Date Notice, all final requests for payment of fees and expenses of chapter 11 professionals must be filed no later than December 31, 2009.

15.     Accordingly, by this Final Application, DLA Piper seeks (i) final allowance of compensation already paid in the amount of $308,947.75 for professional services rendered by DLA Piper during the Final Compensation Period; and (ii) final allowance of reimbursement of its actual and necessary expenses in the amount of $12,092.53 incurred and already paid during the Final Compensation Period.

## NARRATIVE SUMMARY OF SERVICES RENDERED

16.     During the Final Compensation Period, DLA Piper's attorneys and paraprofessionals expended a total of 803.55 hours in the performance of necessary and critical services on behalf of MobileAria.

17.     A schedule setting forth the total number of hours expended by each professional, his/her title, and his/her respective hourly billing rate is attached hereto as **Exhibit "L."**

18.     A schedule specifying the nature and amount of expenses for which DLA Piper is seeking final allowance is attached hereto as **Exhibit "M."**

19.     DLA Piper charged for its services in accordance with its hourly rates in effect on the dates the services were rendered and pursuant to the terms set forth in the Retention Application, as approved by the Retention Order.

20.     There is no agreement or understanding between DLA Piper and any other person or entity for the sharing of compensation in connection with these chapter 11 cases.

21.     All fees and expenses incurred during the Final Compensation Period are detailed in the exhibits to this Final Application.

22.     Due to the immediacy and complexity of legal representation for MobileAria relative to certain matters, it was necessary at times to use more than one attorney to handle difficult and complex tasks. In those instances where time has been charged by more than one attorney, it was necessary to adequately represent MobileAria and to further the proper administration of its case. Therefore, the fees relating to these tasks were justified under the circumstances. Nonetheless, DLA Piper has avoided duplication of tasks wherever possible.

23.     Due to its familiarity with MobileAria's business operations and personnel, DLA Piper was able to efficiently provide services to MobileAria. The legal issues presented required a high level of skill and expertise from professionals with knowledge of corporate law, employment law, and intellectual property law. The fees sought by DLA Piper are commensurate with fees awarded to DLA Piper in other cases and the fees charged by comparable law firms. DLA Piper has assigned the work performed in this case to attorneys having the experience and specialization to perform the services required efficiently and properly. The professionals providing the services for which compensation is sought pursuant to this Final Application are most familiar with MobileAria's legal issues and operations.

24.     DLA Piper's services rendered to MobileAria were primarily rendered by its corporate law professionals, Bill Frimel and Christie Branson[6], among others, and its insolvency professionals, Jennifer Nassiri, among others. As the detailed billing statements reflect (attached as Exhibit "F" to the prior Interim Fee Applications), each professional performed discrete services in this matter and they have been jointly involved in matters only where appropriate and essential to the progress of this case. The names and hourly rates of all

---

[6] Ms. Branson is no longer with DLA Piper.

WEST\21852315.3                                    11

professionals and paraprofessionals of DLA Piper who have billed time during the Final Compensation Period is attached hereto as **Exhibit "L."**

25.  DLA Piper submits that the services it has rendered on behalf of MobileAria were actual, necessary and appropriate. Further, DLA Piper believes that its services directly contributed to the effective administration of these proceedings and the sale of MobileAria's assets for $11.7 million.

26.  The following is a general description of the primary services that DLA Piper rendered to MobileAria during the Final Compensation Period according to project billing category (as reflected by the billing summary and supporting detail attached as Exhibits "C," "D" and "F" to the prior Interim Fee Applications). The following is not an inclusive list but highlights DLA Piper's efforts and services.

27.  MobileAria provided fleet management, efficiency and security services for mobile transportation systems, using patented hardware and software that tracks vehicles by satellite. Since 2000, DLA Piper (via its predecessor Gray Cary Ware & Freidenrich) provided general business, employment and corporate advice, as well as advice related to MobileAria's interest in domestic and international patents and other intellectual property interests. After its bankruptcy filing, MobileAria, with DLA Piper's assistance, began to search for and market its assets to potential purchasers of substantially all of MobileAria's assets.

28.  During previous periods in which DLA Piper filed Interim Fee Applications, DLA Piper assisted with the consummation of the $11.7 million asset sale. The asset sale closed on July 31, 2006. Subsequent to the asset sale, DLA Piper continued to assist with and advise on post-closing issues to complete the transition of MobileAria's business.

29.  DLA Piper submits that all of the services rendered and costs expended during the Final Compensation Period were (i) actual, appropriate and necessary under the circumstances and benefited MobileAria and its bankruptcy estate, and (ii) allowed MobileAria to be adequately represented and promoted the effective administration of its estate. DLA Piper further submits the requested compensation and reimbursement of expenses incurred for such services are reasonable.

30. No prior application has been made to this or any court for the relief requested in this Final Application. DLA Piper submitted first, second, third, fourth, and fifth Interim Fee Applications previously, but those applications did not request the final allowance of compensation and reimbursement of expenses.

## NOTICE

31. Notice of this Final Application has been served according to the terms of the Interim Compensation Order. The Final Application with all Exhibits was served via overnight mail upon (i) the Debtors' General Counsel; (ii) the Debtors' primary bankruptcy counsel; (iii) counsel for the Creditors' Committee; (iv) counsel for the agent for the prepetition credit facility; (v) counsel for the agent for the postpetition credit facility; (vi) the U.S. Trustee; (vii) counsel for the Equity Committee, (viii) counsel for GE Plastics America and (ix) Legal Cost Control, Inc. DLA Piper represents that no further notice is necessary.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

WEST\21852315.3

13

WHEREFORE, DLA Piper, as corporate, employment, and intellectual property counsel for MobileAria, respectfully requests that the Court enter an Order.

(1) allowing on a final basis compensation of professional services rendered by DLA Piper during the Final Compensation Period in the amount of $308,947.75;

(2) allowing on a final basis reimbursement of actual and necessary expenses incurred by DLA Piper during the Final Compensation Period in the amount of $12,092.53;

(3) granting such other and further relief as the Court deems just and proper.

Dated:   Los Angeles, California          DLA PIPER LLP (US)
         December 31, 2009

                                                By:  /s/ Jennifer L. Nassiri
                                                   Karol K. Denniston (CA SBN 141667)
                                                   Jennifer L. Nassiri (CA SBN 206936)
                                                   Natasha L. Johnson (CA SBN 260562)
                                                   550 South Hope Street, Suite 2300
                                                   Los Angeles, CA 90071-2678
                                                   (213) 330-7700

                                                   Corporate, Employment, and Intellectual
                                                   Property Counsel for Debtor MobileAria, Inc.