Hearing Date/Time:  TBD
Objections Due:  TBD

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Jeffery D. McFarland
Eric Winston
Tigran Guledjian
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone No.:  213-443-3000
Facsimile No.:  213-443-3100

*Special Litigation Counsel to the Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11 Case
                                                             :
DELPHI CORPORATION, INC., <u>et al</u>.,                     :    No. 05-44481 (RDD)
                                                             :
                                        Debtors.             :    Jointly Administered
------------------------------------------------------------ x

### APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTORS, FOR FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF <u>EXPENSES INCURRED FROM OCTOBER 8, 2005 THROUGH AUGUST 15, 2007</u>

| | |
|---|---|
| **Name of Applicant** | Quinn Emanuel Urquhart Oliver & Hedges, LLP ("<u>Quinn Emanuel</u>") |
| **Authorized to Provide Professional Services to:** | The Debtors |
| **Date of Retention** | March 10, 2006 *nunc pro tunc* to October 8, 2005 |
| **Fee Period** | October 8, 2005 through August 15, 2007 |
| **Fees Incurred for Counsel** | $153,390.00 |
| **Expenses Incurred** | $5,803.58 |

03602.61690/3261261.4

| | |
|---|---|
| **Aggregate Amounts Paid to Date for Services Rendered and Expenses Incurred During Fee Period** | $113,570.93 - $141,341.04[1] |

---

[1] Because Quinn Emanuel's formal retention pursuant to its Court-approved retention application was terminated as of August 15, 2007, and services were provided as an ordinary course professional thereafter, it is unclear at this time to which category of services certain payments received from the Debtors should be applied.

**Prior Interim Applications Filed:**

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Date Filed/ Docket No.** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| April 3, 2006/ #3071 | 10/8/05-1/31/06 | $26,480.50 | $2,419.75 | $26,480.50 | $2,419.75 |
| July 31, 2006/ #4784 | 2/1/06-5/31/06 | $9,432.00 | $604.49 | $9,432.00 | $604.49 |
| November 30, 2006/ #6003 | 6/1/06-9/30/06 | $4,958.50 | $629.74 | $4,487.13 | $629.74 |
| April 2, 2007/ #7552 | 10/1/06-1/31/07 | $4,419.50 | $0.00 | $839.50 | $0.00 |
| July 31, 2007/ #8821 | 2/1/07-5/31/07 | $83,425.50 | $110.55 | $83,092.50 | $110.55 |
| October 23, 2007/ #10705 | 6/1/07-8/15/07 | $24,674.00 | $2,039.05 | $23,036.00 | $2,039.05 |
|  | **TOTAL:** | **$153,390.00** | **$5,803.58** | **$147,367.63** | **$5,803.58** |

## Schedule 1

## Rates, Hours and Fees for Services Rendered during the Fee Period

| Attorneys/Paraprofessionals | Title | Current Hourly Rate ($) | Hours | Total Fee Charged ($) |
|---|---|---|---|---|
| Charles K. Verhoeven | Partner | 700 | 2.6 | 1820 |
| Randa A. Osman | Partner | 510 | 0.70 | 370.00 |
| Allison Burkholder | Associate | 300 | 1.20 | 384.00 |
| Kent J. Bullard | Of Counsel | 490 | 7.30 | 3,577.00 |
| Daniel Bromberg | Partner | 525 | 1.10 | 577.50 |
| TJ Chiang | Associate | 280 | 4.80 | 1,344.00 |
| Joseph Pauovich | Associate | 340 | 19.80 | 6,732.00 |
| John K. Hart | Of Counsel | 475 | 0.30 | 142.50 |
| Iris K. Woon | Associate | 325 | 8.10 | 2,632.50 |
| Gerald Hawxhurst | Of Counsel | 475 | 15.40 | 7,324.00 |
| J.D. Horton | Partner | 490 | 29.60 | 14,504.00 |
| Scott L. Watson | Associate | 325 | 6.60 | 2,145.00 |
| Robert W. Stone | Partner | 576 | 114.70 | 65,952.50 |
| Tigran Guledjian | Of Counsel | 425 | 42.20 | 12,660.00 |
| Steven Wood | Associate | 305 | 36.90 | 11,254.50 |
| Aaron J. Rokosz | Associate | 325 | 4.70 | 1,527.50 |
| Mateo Fowler | Attorney | 305 | 71.30 | 21,608.50 |
| Laura A. Love | Case Assistant | 195 | 21.00 | 4,095.00 |
| **TOTALS** | | | **388.30** | **$158,650.50** |

## Schedule 2

### Summary Of Expenses

| DESCRIPTION | TOTAL |
|---|---|
| Postage/Express Mail | 786.78 |
| Telephone | 17.55 |
| Transcripts | 1,146.75 |
| Travel | 1,945.87 |
| Lexis/Westlaw | 72.18 |
| Professional Services | 986.58 |
| Printing | 824.87 |
| Telecopier | 8.00 |
| Word Processing | 15.00 |
| Total | $5,803.58 |

**Hearing Date/Time: TBD**
**Objections Due:  TBD**

QUINN EMANUEL
OLIVER & HEDGES, LLP
Jeffery D. McFarland
Eric Winston
Tigran Guledjian
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone No.:  213-443-3000
Facsimile No.:  213-443-3100

*Special Litigation Counsel to the Debtors in Possession*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                      :    Chapter 11 Case
                                                            :
DELPHI CORPORATION, INC., <u>et al.</u>,                    :    No. 05-44481 (RDD)
                                                            :
                         Debtors.                           :    Jointly Administered
------------------------------------------------------------ x

## APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTORS, FOR FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF <u>EXPENSES INCURRED FROM OCTOBER 8, 2005 THROUGH AUGUST 15, 2007</u>

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Quinn Emanuel Urquhart Oliver & Hedges, LLP ("<u>Quinn Emanuel</u>"), Special Litigation Counsel to Delphi Corporation and its affiliated debtors and debtors in possession (the "<u>Debtors</u>"), by this Application (the "<u>Application</u>"), respectfully moves this Court, pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Order pursuant to 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals ("<u>Interim Compensation</u>

03602.61690/3261261.4

Order"), for final approval and allowance of compensation for professional services rendered in the amount of $147,367.63 and reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred in the amount of $5,803.58, during the period beginning October 8, 2005 through and including August 15, 2007 (the "Fee Period"), and, in support thereof, respectfully represents as follows:

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended April 21, 1995 (the "Local Guidelines"), a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## II.   GENERAL BACKGROUND

2. On October 8, 2005 (the "Petition Date"), certain of the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 the Bankruptcy Code. On October 14, 2005, three additional Debtors filed voluntary petitions in this Court for reorganization relief under the Bankruptcy Code.

3. On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors.

4. On May 5, 2006, this Court entered a third supplemental Order under 11 U.S.C. § 331 establishing a Joint Fee Committee ("Fee Committee") comprised of: (a) the Office

of the United States Trustee; (b) the Debtors; and (c) the Official Committee of Unsecured Creditors.

### III.   RETENTION OF QUINN EMANUEL

5.   Initially, the Debtors had retained Quinn Emanuel as an ordinary course professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (the "Ordinary Course Professionals Order").  Thereafter, on February 7, 2006, an application was filed for an order approving the retention of Quinn Emanuel as special litigation counsel to the Debtors pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to October 8, 2005 (the "Retention Application").  On March 10, 2006, this Court entered an Order (the "Retention Order") authorizing the Debtors to employ Quinn Emanuel as their special litigation counsel under the terms set forth in the Retention Application.

6.   On August 15, 2007, this Court entered an Order terminating Quinn Emanuel's status as Special Litigation Counsel and (re)authorizing the retention of Quinn Emanuel as an ordinary course professional under the Ordinary Course Professionals Order.

7.   Subsequently, Quinn Emanuel has billed the Debtors $27,759 for fees and expenses incurred pursuant to the Ordinary Course Professionals Order.  As of November 2007, Quinn Emanuel's representation of the Debtors had terminated.

### IV.   PRIOR INTERIM FEE APPLICATIONS

8.   Quinn Emanuel has previously submitted six interim fee applications, aggregating $159,193.58 in fees and expenses, as summarized in the following table.  On February 16, 20, and 22, 2007, July 7, 2007, October 29, 2007, and February 27, 2008, the Court

entered omnibus orders granting, *inter alia*, Quinn Emanuel's fees and expenses in the aggregate amount of $153,171.21.

| Date Filed/ Docket No. | Period Covered | Fees Sought | Fees Allowed | Expenses Sought | Expenses Allowed | Total Amount Sought | Total Amount Allowed |
|---|---|---|---|---|---|---|---|
| April 3, 2006/ #3071 | 10/8/05-1/31/06 | $26,480.50 | $26,480.50 | $2,419.75 | $2,419.75 | $28,900.25 | $28,900.25 |
| July 31, 2006/ #4784 | 2/1/06-5/31/06 | $9,432.00 | $9,432.00 | $604.49 | $604.49 | $10,036.49 | $10,036.49 |
| Nov. 30, 2006/ #6003 | 6/1/06-9/30/06 | $4,958.50 | $4,487.13 | $629.74 | $629.74 | $5,588.24 | $5,116.87 |
| April 2, 2007/ #7552 | 10/1/06-1/31/07 | $4,419.50 | $839.50 | $0.00 | $0.00 | $4,419.50 | $839.50 |
| July 31, 2007/ #8821 | 2/1/07-5/31/07 | $83,425.50 | $83,092.50 | $110.55 | $110.55 | $83,536.05 | $83,203.05 |
| Oct. 23, 2007/ #10705 | 6/1/07-8/15/07 | $24,674.00 | $23,036.00 | $2,039.05 | $2,039.05 | $26,713.05 | $25,075.05 |
| | TOTAL | $153,390.00 | $147,367.63 | $5,803.58 | $5,803.58 | $159,193.58 | $153,171.21 |

9. As stated above, Quinn Emanuel's formal retention pursuant to the Retention Order was terminated as of August 15, 2007, and services were provided as an ordinary course professional thereafter. Therefore, it is not currently certain exactly how much Quinn Emanuel has been paid on account of the foregoing interim fee applications (as opposed to for invoices billed as an ordinary course professional). The amount paid pursuant to the Retention Order is estimated to be between $113,570.93 and $141,341.04. Quinn Emanuel intends to work with the Debtors to reconcile the amounts owed it by the Debtors.

## V.    SUMMARY OF SERVICES

10. As set forth in the Retention Application, the Debtors retained Quinn Emanuel to represent them as special litigation counsel in connection with the following matters: (a) Whitney v. Delphi Corporation; (b) Patent Holding Company v. Delphi Automotive Services Corporation; (c) Quinn v. Delphi Automotive Services Corporation; (d) Crown City Plating

03602.61690/3261261.4                4

Co. v. Delphi Corporation; (e) Quake Global Inc. v. Orbcomm, LLC, et al.; and (f) Fiber Systems, Inc. v. Ernie Gonzales.

11. Since the Petition Date, Quinn v. Delphi Automotive Services Corporation has been dismissed, and Crown City Plating Co. v. Delphi Corporation, has been closed. Quinn Emanuel provided services in connection with the following litigation matters:

A. Patent Holding Company v. Delphi Automotive Systems Corporation, Civil Action No. 99-76013, E.D. Mich.

12. The majority of Quinn Emanuel's services provided to the Debtors (i.e., approximately 70%) were provided in connection with this case. Plaintiff sued Delphi, alleging infringement of three patents directed to various aspects of air bag cover design, and sought compensatory damages and an injunction. Plaintiff further alleged willful infringement and sought treble damages based on its allegations. Delphi denied plaintiff's infringement allegations and asserted counterclaims in which it sought a declaratory judgment that the patents-in-suit are not infringed, are invalid, and are unenforceable.

13. On January 23, 2007, the Court issued an Order lifting the automatic stay with regard to this action for the purpose of liquidating Patent Holding Company's claims in said litigation.

14. An unsuccessful mediation was held on April 11, 2007. The parties eventually settled the case on November 26, 2007.

15. Quinn Emanuel represented Delphi during the Fee Period, including after the lifting of the bankruptcy stay on January 23, 2007, for purposes of an estimation procedure of Patent Holding Company's claims in the Bankruptcy Court. In support of this work, Quinn Emanuel analyzed the infringement claims asserted against Delphi and developed Delphi's non-infringement positions, analyzed and formed invalidity arguments of the patents-in-suit,

03602.61690/3261261.4                          5

reviewed prior art in support of Delphi's invalidity arguments, conducted related legal research and prepared accelerated discovery directed to Patent Holding Company's claims with respect to the estimation procedure. This work culminated in Quinn Emanuel's preparation of the case for trial at the hearing on the estimation procedure in the Bankruptcy Court. In addition, the parties participated in a mediation on April 11, 2007 and Quinn Emanuel was responsible for representing Delphi at the mediation. Quinn Emanuel prepared the mediation statement and performed all related tasks necessary to represent Delphi at the mediation, including analysis of damages, as well as analysis of infringement and invalidity of the patents. The case ultimately settled on November 26, 2007.

      B.      Whitney v. Delphi Corporation, Case No. BC337315, Quake Global Inc. v. Orbcomm, LLC, et al., Case No. CV051410 (C.D. Cal. Feb. 24, 2005), Fiber Systems, Inc. v. Ernie Gonzales, Case No. 4:04CV348 (United States District Court for the Eastern District of Texas, Sherman Division)

      16.      With respect to these three matters, an age discrimination and wrongful termination case, a Sherman Act "de facto exclusive dealing" case, and a misappropriation of confidential/trade secret case, Quinn Emanuel's representation generally consisted of negotiating on behalf of the Debtors and furthering Debtors' efforts to expunge or liquidate the claims.

### VI.    APPLICABLE AUTHORITY

      17.      The factors to be considered in awarding attorneys fees as enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), have been adopted by most courts, including the Bankruptcy Court for the Southern District of New York. See, e.g., In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 22 n.5 (Bankr. S.D.N.Y. 1991). Indeed, a majority of the First Colonial factors are now codified in section 330(a)(3). See, e.g., 3 L. King, et al., Collier on Bankruptcy at ¶ 330.04[3][c] (15th ed. rev 2008).

18. Section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

19. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). Quinn Emanuel respectfully submits that the consideration of these factors should result in this Court's allowance of the full compensation sought.

03602.61690/3261261.4        7

## VII. COMPENSATION REQUESTED

20. Quinn Emanuel respectfully requests final approval and allowance of its compensation in the amount of $153,171.21, representing $147,367.63 in fees accrued rendering services on behalf of the Debtors during the Fee Period.

## VIII. DISBURSEMENTS

21. Quinn Emanuel incurred a total of $5,803.58 in expenses in connection with representing the Debtors during the Fee Period. Quinn Emanuel records all expenses incurred in connection with the performance of professional services. In accordance with section 330 of the Bankruptcy Code, the Local Guidelines and with the U.S. Trustee Guidelines, Quinn Emanuel seeks reimbursement only for the actual cost of such expenses to Quinn Emanuel as estimated by the firm where necessary.

## IX. NOTICE

22. In compliance with the Interim Compensation Order, notice of the filing of this Application will be provided to all parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases. In addition, the Application in its entirety will be served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit

facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq., (vi) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Att'n: Kayalyn Marafioti, Esq., and (viii) the members of the Fee Review Committee, Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: John D. Sheehan, and GE Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078, Attn: Ms. Valeria Venable.

## X.    CONCLUSION

23.    For the reasons set forth above, Quinn Emanuel respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of the Debtors were of substantial benefit to the Debtors, their estates and their creditors. Quinn Emanuel submits further that it provided such services in an economical and efficient manner. Accordingly, Quinn Emanuel respectfully requests that the relief requested in this Application be granted in full.

WHEREFORE, Quinn Emanuel requests (i) final approval and allowance of compensation for professional services rendered and reimbursement of expenses as attorneys for the Debtors during the Fee Period in the aggregate amount of $153,171.21 which is comprised of $147,367.63 in fees and $5,803.58 in expenses; (ii) that the Debtors be directed to pay Quinn Emanuel any amount of the foregoing that they have not to date paid; and, (iii) such other and further relief as is just and proper.

Dated: December 31, 2009
       Los Angeles, California

                   **QUINN EMANUEL URQUHART
                   OLIVER & HEDGES, LLP**

                   By: /s/ Eric Winston

                   Jeffery D. McFarland
                   Eric Winston
                   Tigran Guledjian
                   865 S. Figueroa St. 10th Floor
                   Los Angeles, California 90017
                   Telephone No.: 213-443-3000
                   Facsimile No.: 213-443-3100

                   *Special Litigation Counsel to the Debtors*

Hearing Date/Time: TBD
Objections Due: TBD

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Jeffery D. McFarland
Eric Winston
Tigran Guledjian
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone No.: 213-443-3000
Facsimile No.: 213-443-3100

*Special Litigation Counsel to the Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 Case |
| | : | |
| DELPHI CORPORATION, INC., <u>et al.</u>, | : | No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | Jointly Administered |
| ------------------------------------------------------- x | : | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM <u>OCTOBER 8, 2005 THROUGH AUGUST 15, 2007</u>**

I, Tigran Guledjian, hereby certify that:

      1.     I am a partner with the applicant firm, Quinn Emanuel Urquhart Oliver & Hedges, LLP ("<u>Quinn Emanuel</u>"), with responsibility for the case that formed the basis for the majority of the legal services provided in connection with Quinn Emanuel's retention in the chapter 11 cases of Delphi Corporation and its affiliates (collectively, the "<u>Debtors</u>"), in respect of compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>"), the United States Trustee Guidelines for Reviewing Applications for

03602.61690/3261261.4

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order", and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").

2. This certification is made in respect of Quinn Emanuel's application, dated December 31, 2009 (the "Application"), for final approval and allowance of compensation and reimbursement of expenses for the period commencing October 8, 2005 through and including August 15, 2007 (the "Fee Period").

3. In respect of section B.1 of the Local Guidelines, I certify that:

(a) I have read the Application;

(b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within Local Guidelines;

(c) the fees and disbursements sought are billed at rates in accordance with practices customarily employed at Quinn Emanuel and generally accepted by Quinn Emanuel's clients; and

(d) in providing a reimbursable service, Quinn Emanuel sought to bill such amounts to the Debtors at the amount estimated to reflect actual cost; Quinn Emanuel will not make a profit on that service, whether the service is performed by Quinn Emanuel in-house or through a third party.

    4. In respect of section B.2 of the Local Guidelines, I certify that Quinn Emanuel complied with these provisions requiring it to provide the Debtors, the attorneys for the Debtors' prepetition and postpetition lenders, the attorneys for the statutory creditors' committee appointed in these cases, and the Office of the United States Trustee for the Southern District of New York, on a monthly basis, with a statement of Quinn Emanuel's fees and disbursements accrued during the previous month.

    5. In respect of section B.3 of the Local Guidelines, I certify that (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq. , (vi) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York, New York 10036, Att'n: Kayalyn Marafioti, Esq., and (viii) the members of the Fee Review Committee are each being provided with a copy of the Application.

Dated:  December 31, 2009

      Los Angeles, California

                **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**

                By:  /s/ Tigran Guledjian

                Jeffery D. McFarland
                Eric Winston
                Tigran Guledjian
                865 S. Figueroa St. 10th Floor
                Los Angeles, California 90017
                Telephone No.:  213-443-3000
                Facsimile No.:  213-443-3100

                *Special Litigation Counsel to the Debtors*