MORGAN, LEWIS & BOCKIUS LLP  
Attorneys for Hitachi Chemical (Singapore) Pte. Ltd.  
101 Park Avenue  
New York, New York 10178  
(212) 309-6000  
Menachem O. Zelmanovitz  
Robert M. Scannell  

Hearing Date: January 21, 2010  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x  

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

-------------------------------------------------------x  

### RESPONSE OF HITACHI CHEMICAL (SINGAPORE) PTE. LTD. TO REORGANIZED DEBTORS' FORTIETH OBJECTION TO CLAIMS

Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) ("HCS"), by its undersigned counsel, responding to the Reorganized Debtors' Fortieth Omnibus Objection to Claims dated December 21, 2009 (the "Omnibus Objection"), respectfully represents:

1.  HCS' claim No. 416 (the "HCS Claim") is one of the "Exhibit F Claims" referred to in the Omnibus Objection. By their Omnibus Objection and a Notice of Objection to Claim dated December 21, 2009, a copy of which is annexed hereto as Exhibit 1, the Reorganized Debtors are seeking to (i) reduce the amount of the HCS Claim by the amount of cure payments that have been made to HCS; and (ii) shift the

HCS Claim from the estate of Delphi Corporation to that of Delphi Automotive Systems LLC ("Delphi Automotive").

2. HCS has received the aforesaid cure payments, and accordingly, does not object to the proposed reduction of its claim. However, HCS does not agree with the proposed shift of its claim from the estate of Delphi Corporation to that of Delphi Automotive.

3. In their Omnibus Objection, ¶¶ 33 to 35, the Reorganized Debtors describe and explain the basis for the relief they seek with respect to the Exhibit F Claims; i.e., the reduction of such claims by the amount of the cure payments paid on account of such claims, including the HCS Claim. Nowhere, however, do the Reorganized Debtors set forth any basis for transferring the HCS Claim out of the Delphi Corporation estate to the Delphi Automotive estate.

4. In fact, in several earlier omnibus objections to claims, the Debtors similarly sought to transfer the HCS Claim from the Delphi Corporation estate to the Delphi Automotive estate. After discussions among counsel, the Debtors each time withdrew their effort to transfer the HCS Claim from one estate to the other.

5. Indeed, no basis exists for such transfer as demonstrated by the last pre-petition agreements between the parties which were executed on behalf of Delphi

Corporation, and not Delphi Automotive.[1]  Further, at all times, HCS understood that the entity it was transacting business with was Delphi Corporation.

6. At this time, there also appears to be no logical reason for the Reorganized Debtors to seek to shift the HCS Claim from one estate to another.  The estates of Delphi Corporation and Delphi Automotive have been substantively consolidated pursuant to the confirmed First Amended Joint Plan of Reorganization.  Thus, there is no difference in the treatment of the HCS Claim as between the two estates.  Nevertheless, the Reorganized Debtors continue to insist upon transferring the claim from the Delphi Corporation estate to the Delphi Automotive estate without providing any reason therefor.

7. HCS, in fact, has assigned an interest in its claim against the estate of Delphi Corporation to a third party.  Thus, HCS has a valid interest in seeking to maintain the claim in the Delphi Corporation estate.

8. Accordingly, HCS respectfully submits that the objection to its claim be granted only as to the reduction in amount by reason of the cure payments received, and not as to the transfer of such claim from the estate of Delphi Corporation to the estate of Delphi Automotive.  Alternatively, in the event that the claim is so transferred, HCS respectfully requests that any order entered by the Court reserve HCS' rights to seek

---

[1] Because of the confidentiality restrictions included in such agreements, copies are not attached but will be provided to the Court upon request.  Copies have been previously provided to the Debtors' counsel.

Pg 4 of 4

reconsideration of the claim for the purpose of its transfer back to the estate of Delphi Corporation should the treatment of such claim differ as between the two estates.

Dated:     New York, New York
           January 14, 2010

                                      MORGAN, LEWIS & BOCKIUS LLP

                                      By:     /s/ Menachem O. Zelmanovitz
                                                Menachem O. Zelmanovitz
                                                Robert M. Scannell
                                                101 Park Avenue
                                                New York, New York  10178
                                                (212) 309-6000