BURR & FORMAN, LLP
420 20th Street North
Suite 3400
Birmingham, Alabama
D. Christopher Carson
Marc P. Solomon

Attorneys for Skokie Castings, Inc., f/k/a Castwell Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
DPH HOLDINGS CORP., *et al.*,               :   Case No.: 05-44481 (RDD)
                                            :
          Reorganized Debtors.              :   (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------x

**SKOKIE CASTINGS, INC.'S RESPONSE TO REORGANIZED DEBTORS' FORTIETH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. SECTION 502(B) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN (A) BOOKS AND RECORDS CLAIMS, (B) FULLY SATISFIED CLAIMS, AND (C) OBJECTED-TO CLAIMS TO BE DISALLOWED, (II) MODIFY AND ALLOW CERTAIN (A) PARTIALLY SATISFIED CLAIMS, (B) CLAIMS TO BE FURTHER MODIFIED, (C) OBJECTED-TO CLAIMS TO BE MODIFIED AND ALLOWED, AND (III) ALLOW CERTAIN CLAIMS**

**COMES NOW**, Skokie Castings, Inc., formerly known as Castwell Products, Inc. ("Skokie Castings"), by and through its undersigned counsel, hereby responds and objects (this "Response") to the *Reorganized Debtors' Fortieth Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected-To Claims To Be Disallowed, (II) Modify*

1802078 v1

*And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, (C) Objected-To Claims To Be Modified And Allowed, And (III) Allow Certain Claims* (the "Debtors' Fortieth Omnibus Claims Objection") (Doc. No. 19222). In support thereof, Skokie Castings states as follows:

## STANDARD FOR CLAIM OBJECTIONS

1.     A creditor's filing of a proof of claim that complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the amount and validity of such creditor's claim. *See* Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001).

2.     Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the prima facie validity of such claim. *See, e.g., Sherman v. Novak*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). In meeting its burden, the debtor must produce evidence rebutting the filed proof of claim of probative force equal to the contents of the claim. *See, e.g., In re Brown*, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bears the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves'…that the claims should not be allowed.").

3.     In order to refute the prima facie validity, the debtor must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). An objection alone is insufficient to contest a proof of claim, the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity.").

1802078 v1

**II.        SKOKIE CASTINGS' CLAIM AND THE DEBTORS' OBJECTION**

4.      Skokie Castings filed a timely Proof of Claim, Claim No. 1771[1], (the "Claim") which is incorporated herein in by reference, asserting a claim in the total amount of $200,547.61 for goods shipped to the Debtors prior to the Petition Date but were not paid by the Debtors.

5.      Upon agreement by the parties, this Court entered its' *Order signed on 9/24/2009 Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunging (A) Certain Salaried Pension And OPEB Claims, (B) Certain Wage and Benefit Claims, and (C) Certain Individual Worker's Compensation Books and Records Claim And (II) Modifying and Allowing Certain Claims* (Doc. No. 18932) reducing, reclassifying, and allowing the Claim as a general unsecured claim in the amount of $188,429.84. *See* Doc. No. 18932, *Ex. E*

6.      By and through the Debtors' Fortieth Omnibus Claims Objection, the Debtors now seek to further reduce the Claim to a general unsecured claim in the amount of $178,429.84.

7.      Although the Debtors' Fortieth Omnibus Claims Objection provides insufficient evidence to rebut the prima facie validity of the Claim, it is upon information and belief that the Debtors assert that the Claim is due to be modified and reduced by $10,000.00 due to the tender of a cure payment. However, said cure payment has not been received by Skokie Castings, to date. As such, Skokie Castings objects to the reduction of its' Claim by $10,000.00 as a result of the failure to receive any cure payment.

8.      Accordingly, the amount of the Claim due to be allowed is $188,429.84.

---

[1] Attached to Proof of Claim No. 1771 are the invoices that support the right to payment.

1802078 v1

9. Skokie Castings further represents that in the event it receives from the Debtors available funds in the amount of $10,000.00, it will withdraw this Response and consent to reduction of its previously agreed upon Claim to a general unsecured claim in the amount of $178,429.84, as stated in the Debtors' Fortieth Omnibus Claims Objection.

### III. RESERVATION OF RIGHTS

10. Skokie Castings expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any relevant exhibits, including, but not limited to, additional documentation of the amount of the claims of Skokie Castings; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Debtors' Fortieth Omnibus Claims Objection and this Response.

### IV. ADDRESS FOR RESPONSES

11. Any reply to the Response of Skokie Castings should be addressed to:

D. Christopher Carson
Marc P. Solomon
Burr & Forman, LLP
420 20th Street North, Suite 3400
Birmingham, AL  35203
(205) 458-5372

With a copy to:

Marc Pifko
Kilpatrick Lockhart Preston Gates Ellis, LLP
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

**WHEREFORE, PREMISES CONSIDERED,** Skokie Castings respectfully requests the Court: (1) deny the Debtors' Fortieth Omnibus Claims Objection as it relates to Skokie

1802078 v1

Castings' Claim; (2) allow Skokie Castings' Claim at the amount of $188,429.84; and (3) grant Skokie Castings such other and further relief that the Court may deem just and appropriate.

/s/ Marc P. Solomon
D. Christopher Carson
Marc P. Solomon

Attorneys for Skokie Castings f/k/a Castwell Products, Inc.

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3100
Birmingham, Alabama 35283-0719
Phone: (205) 251-3000
Facsimile: (205) 458-5100

1802078 v1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Electronic Filing, and to the entities below by Federal Express on this the 14th day of January 2010:

DPH Holdings Corp.
5725 Delphi Drive
Troy, MI 48098
Attn: President

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606

Hon. Robert D. Drain
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
Courtroom 118
White Plains, New York 10601-4140

Marc Pifko
Kilpatrick Lockhart Preston Gates Ellis, LLP
599 Lexington Avenue
New York, NY 10022

/s/ Marc P. Solomon
OF COUNSEL

1802078 v1