IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
      In re                        :      Chapter 11
                         :
DPH HOLDINGS CORP., et al.,     :      Case No. 05-44481 (RDD)
                         :
          Reorganized Debtors.     :      (Jointly Administered)
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Melissa Loomis, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

      On January 11, 2010, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight mail, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Reorganized Debtors' Second Supplemental Reply to Response of Sharyl Y. Carter to Debtors' Objection to Proof of Claim Number 16850 Filed by Sharyl Y. Carter ("Second Supplemental Reply Regarding Sharyl Y. Carter's Claim No. 16850") (Docket No. 19303) [a copy of which is attached hereto as Exhibit D]

2) Reorganized Debtors' Expedited Motion for Order Under 11 U.S.C. § 105 Enlarging Time for Professionals to File Final Requests for Payment of Professional Claims ("Motion Enlarging Time to File Final Fee Applications") (Docket No. 19304)

      On January 11, 2010, I caused to be served the document listed below upon the party listed on Exhibit E hereto via overnight mail:

3) Reorganized Debtors' Second Supplemental Reply to Response of Sharyl Y. Carter to Debtors' Objection to Proof of Claim Number 16850 Filed by Sharyl Y. Carter ("Second Supplemental Reply Regarding Sharyl Y. Carter's Claim No. 16850") (Docket No. 19303) [a copy of which is attached hereto as Exhibit D]

On January 11, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit F</u> hereto via overnight mail:

4) Reorganized Debtors' Expedited Motion for Order Under 11 U.S.C. § 105 Enlarging Time for Professionals to File Final Requests for Payment of Professional Claims ("Motion Enlarging Time to File Final Fee Applications") (Docket No. 19304)

Dated: January 14, 2010

_____*/s/ Melissa Loomis*_____
Melissa Loomis

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th day of January, 2010, by Melissa Loomis, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  _*/s/ Aimee M. Parel*_____

Commission Expires:_ *9/27/13*_____

# EXHIBIT A

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | 312-759-5646 | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | 212-972-1677 | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | IRS |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 3

1/13/2010 1:52 PM
Master Service List 091228.xlsx Overnight

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | 212-416-6007 | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Israel Goldowitz | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | Local Counsel to the Reorganized Debtors |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

1/13/2010 1:52 PM
Master Service List 091228.xlsx Overnight

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | 312-407-0411 | Counsel to the Reorganized Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | Counsel to the Reorganized Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | 312-641-6959 | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | Conflicts Counsel to the Reorganized Debtors |
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | Counsel to United States Trustee |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | Creditor Committee Member/Indenture Trustee |

# EXHIBIT B

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | pclark@btlaw.com | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | john.brooks@delphi.com | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | sbetance@kccllc.com | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | patrick.healy@lawdeb.com | Indenture Trustee |

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | lszlezinger@mesirowfinanci al.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | eugene.leff@oag.state.ny.u s | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | william.dornbos@oag.state. ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | tjerman@omm.com | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | sshimshak@paulweiss.com pweintraub@paulweiss.com | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | david.resnick@us.rothschild .com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Reorganized Debtors |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com | Counsel to the Reorganized Debtor |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

1/13/2010 1:54 PM
Master Service List 091228.xlsx Email

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | jcohen@stahlcowen.com tcornell@stahlcowen.com | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | altogut@teamtogut.com | Conflicts Counsel to the Reorganized Debtors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

1/13/2010 1:54 PM
Master Service List 091228.xlsx Email

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Company, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | David M. Powlen | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | david.powlen@btlaw.com | Counsel to Howard county, Indiana |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipp; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 111 Monument Circle Ste 2700 | | Indianapolis | IN | 46204 | | 317-684-5000 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Drinker Biddle & Reath LLP | Janice B. Grubin | 140 Broadway 39th Fl | | New York | NY | 10005-1116 | | 212-248-3140 | janice.grubin@dbr.com | Counsel to Vanguard Distributors, Inc. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Morgan Smith | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-5679 | mmsmith@dykema.com | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth L. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 7 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 11 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuirewoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuirewoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 13 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiaries Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 666 Fifth Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|-----------------|
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | John J. Dawson | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jdawson@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rfp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Rosen Slome Marder LLP | Thomas R. Slome | 333 Earle Ovington Boulevard | Suite 901 | Uniondale | NY | 11533 | | 516-227-1600 | tslome@rsmllp.com | Counsel to JAE Electronics, Inc. |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.L. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 18 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Counsel to The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Legal Department of The Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc. |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers Street 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 21 of 22

1/13/2010 1:51 PM
Email (389)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 22

1/13/2010 1:51 PM
Email (389)

# EXHIBIT C

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Counsel to Pullman Bank and Trust Company |
| Bingham McHale LLP | John E Taylor Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | Co-Counsel for Yazaki North America, Inc. |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | Creditor |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | Counsel to Trutron Corporation |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | | General Counsel to Jason Incorporated |
| McCarthy Tetrault LLP | John J. Salmas | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | Canada | 416-362-1812 | 416-868-0673 | Counsel to Themselves (McCarthy Tetrault LLP) |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | Counsel to  Michigan Heritage Bank; MHB Leasing, Inc. |
| Miller & Chevalier Chartered | Anthony F Shelley Timothy P O'Toole | 655 Fifteenth Street NW Suite 900 | | Washington | DC | 20005 | | 202-626-5800 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R Dal Lago | 909 Third Ave | | New York | NY | 10022 | | 212-735-8600 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth Jeffrey J. Angelovich Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | Counsel to Rotor Clip Company, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | Counsel to Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | Counsel to SKF USA, Inc. |
| Plunkett Cooney | Charles W Browning Robert G Kamenec Elaine M Pohl | 38505 Woodward Avenue | Suite 2000 | Bloomfield Hills | MI | 48304 | | 248-901-4000 | 248-901-4040 | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | Susheel Kirpalani James C Tecce Scott C Shelley | 51 Madison Ave 22nd Fl | | New York | NY | 10010 | | 212-849-7199 | 212-849-7100 | Counsel For Collective Of Tranche C DIP Lenders |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Floor | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | Counsel to Republic Engineered Products, Inc. |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | Attorneys for D-J, Inc. |
| Sachnoff & Weaver, Ltd | Arlene Gelman Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | Counsel to Dott Industries, Inc. |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

1/13/2010 1:52 PM
US Mail (44)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | Counsel to Doosan Infracore America Corp. |
| Thelen Reid Brown Raysman & Steiner LLP | Marcus O. Colabianchi | 101 Second St Ste 1800 | | San Francisco | CA | 94105-3606 | | 415-369-7301 | 415-369-8764 | Counsel to Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | 185 Asylum Street | CityPlace I 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | Counsel to Barnes Group, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | Counsel to Nissan North America, Inc. |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | Counsel to Toshiba America Electronic Components, Inc. |
| WL Ross & Co., LLC | Stephen Toy | 1166 Avenue of the Americas | | New York | NY | 10036-2708 | | 212-826-1100 | 212-317-4893 | Counsel to WL. Ross & Co., LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

1/13/2010 1:52 PM
US Mail (44)

# EXHIBIT D

**Hearing Date and Time: January 21, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Deadline: January 19, 2010**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
      In re                   :     Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :     Case Number 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
      Reorganized Debtors.    :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY TO
RESPONSE OF SHARYL Y. CARTER TO DEBTORS' OBJECTION TO
PROOF OF CLAIM NUMBER 16850 FILED BY SHARYL Y. CARTER

("SECOND SUPPLEMENTAL REPLY REGARDING
SHARYL Y. CARTER'S CLAIM NO. 16850")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Second Supplemental Reply To Response Of Sharyl Y.

Carter To Debtors' Objection To Proof Of Claim Number 16850 Filed Sharyl Y. Carter (the

"Second Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and

certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary

petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009 (the "Effective Date"), the Debtors substantially

consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And

Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"),

which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket

No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On November 18, 2009, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1374, 1375,

1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408,

6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968,

12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075,

15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590,

15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the

"Sufficiency Hearing Notice").

4.      The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Second Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eighth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered September 25, 2009 (Docket No. 18936), the Reorganized Debtors scheduled a sufficiency hearing on December 18, 2009 (the "December 18 Sufficiency Hearing") to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice, including proofs of claim numbers 16849 and 16850 filed by Sharyl Y. Carter, and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.      On December 8, 2009, the Reorganized Debtors filed their Supplemental Reply To Responses Of Sharyl Y. Carter To Debtors' Objections To Proofs Of Claim Nos. 16849 And 16850 Filed By Sharyl Y. Carter (Docket No. 19161).

3

7.      On December 17, 2009, Ms. Carter submitted two letters to this Court comprising her response and reply regarding proofs of claim numbers 16849 and 16852 (Docket Nos. 19197 and 19199).

8.      At the December 18 Sufficiency Hearing, this Court ruled that either of proofs of claim numbers 16849 and 16850 should be expunged as a duplicate claim and adjourned the hearing with respect to the other proof of claim to January 21, 2010.  This Court further stated that the Reorganized Debtors could supplement the record regarding such proof of claim.

9.      On December 24, 2009, the Reorganized Debtors filed and served on Ms. Carter the Notice Of Adjournment Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Claim Number 16850 Filed By Sharyl Y. Carter (Docket No. 19243).

10.     On December 31, 2009, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof Of Claim Number 16849 Filed By Sharyl Yvette Carter Identified In The Thirty-Fourth Omnibus Claims Objection (Docket No. 19272).

11.     This Second Supplemental Reply, which supplements the record regarding proof of claim number 16850, is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Second Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **January 19, 2010.**

B.      Relief Requested

        12.     By this Second Supplemental Reply, the Reorganized Debtors supplement

the record with respect to their request for entry of an order disallowing and expunging proof of

claim number 16850 filed by Sharyl Y. Carter.

C.      Proof Of Claim Number 16850

        13.     On April 28, 2009 and May 1, 2009, Sharyl Y. Carter filed identical

proofs of claim numbers 16849 and 16850, respectively, against Delphi Automotive Systems

LLC ("DAS LLC"), a Debtor in these cases, each asserting a claim in the total amount of $50

million plus interest.  Each of proof of claim numbers 16849 and 16850 also states that the claim

is comprised of a $50 million unsecured non-priority claim, a $50 million unsecured priority

claim, and a $50 million secured priority claim.  Attached to each of these identical proofs of

claim is a letter from Ms. Carter stating that she assumes her attorney would have forwarded

documents to this Court relating to her claim.  As noted above, this Court entered an order

(Docket No. 19272) expunging proof of claim number 16849 as a duplicate claim.

        14.     On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus

Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A)

Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C)

Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain

Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim,

And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State

Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting

Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow

Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by

which the Debtors objected to proof of claim number 16850 on the grounds that such claim

5

asserted dollar amounts and liabilities not reflected on the Debtors' books and records and sought

an order disallowing and expunging proof of claim number 16850.

15.     On July 20 2009,[1] Ms. Carter filed a letter response to the Thirty-Fourth

Omnibus Claims Objection (Docket No. 18457).  In her response, Ms. Carter asserts that she has

been told that she does "not have any claims, due to untimely filing for years."  Nothing in the

Response provides any rational explanation, documentation, evidence, or support for any of the

claims asserted in the Carter Claims.

16.     Pursuant to the Claims Objection Procedures Order, the hearing on the

Debtors' objection to the Carter Claims was adjourned to a future date.  On November 18, 2009,

the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Carter Claims,

among other proofs of claim, scheduling the December 18 Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

17.     The Reorganized Debtors respectfully submit that proof of claim number

16850 fails to state a claim against the Debtors under rule 7012 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  Ms. Carter has not proved any facts to support

a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the

Debtors' objection to proof of claim number 16850 should be sustained and that proof of claim

should be disallowed and expunged in its entirety.

18.     The burden of proof to establish a claim against the Debtors rests on the

claimant and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In

---

[1]     The deadline to file a response to the Thirty-Fourth Omnibus Claims Objection was July 16, 2009 at 4:00 p.m.
(Prevailing Eastern Time).  See Thirty-Fourth Omnibus Claims Objection, ¶ 60.

6

re Spiegel, Inc., No. 03-11540, 2007 WL 2456626 at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make prima facie case).

19.     For purposes of sufficiency, this Court has determined that the standard of

whether a claimant has met its initial burden of proof to establish a claim should be similar to the

standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and

9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007

Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it

plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would

entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently

support a legal liability against the Debtors.

20.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.      Summary Judgment Order Terminating Action Underlying Proof Of Claim Shows That Ms. Carter Fails To State A Claim

21.     Ms. Carter asserts that DAS LLC owes her $50 million plus interest because of a disputed employment litigation claim.  The Reorganized Debtors' books and records, however, reflect that DAS LLC does not owe any amounts to Ms. Carter.

22.     On August 15, 2002, Ms. Carter, an employee of the Debtors since 1997 and an African-American woman, filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), claiming that Delphi Corporation discriminated against her on the basis of her race and that it retaliated against her in violation of Title VII of the Civil Rights Act.  Ms. Carter later asked to withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of Right to Sue.

23.     On June 16, 2002, Ms. Carter filed a complaint against DAS LLC with the United States District Court for the Southern District of Ohio (the "District Court"), alleging that DAS LLC discriminated against her on the basis of her race, sex, disability, and age, and also seeking damages under an intentional tort theory for her alleged workplace injury.  Sharyl Y.

8

<u>Carter v. Delphi Automotive Systems LLC, et al.</u>, Case No. C3-03-205 (S.D. Ohio) (the "District Court Action").[2]

24.    On June 3, 2004, after full discovery, DAS LLC moved for summary judgment (District Court Action, Docket No. 29) (the "DAS LLC Summary Judgment Motion") and on March 28, 2005, the District Court issued an opinion and judgment granting DAS LLC's summary judgment motion in its entirety and terminating the District Court Action (District Court Action, Docket No. 56) (the "Summary Judgment Order").  On April 25, 2005, Ms. Carter filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District Court Action, Docket No. 58) (the "Notice of Appeal").  For this Court's reference, a copy of the DAS LLC Summary Judgment Motion is attached hereto as <u>Exhibit A</u>, a copy of the Summary Judgment Order is attached hereto as <u>Exhibit B</u>, and a copy of the Notice of Appeal is attached hereto as <u>Exhibit C</u>.

25.    Ms. Carter's appeal was pending as of the Petition Date and was subject to the automatic stay during the pendency of these chapter 11 cases and the plan injunction set forth in the Modified Plan following the Effective Date.  The Debtors listed Ms. Carter's employment litigation claim on Schedule F on the Amended and Restated Schedules of Assets and Liabilities for DAS LLC as a contingent, unliquidated, and disputed claim against DAS LLC.

26.    The Reorganized Debtors assert that proof of claim number 16850 should be disallowed and expunged in its entirety because in her proof of claim and responses to the Debtors' objection to her claim, Ms. Carter has not proved any set of facts that support a right to payment from the Reorganized Debtors.  Nothing on the face of her proof of claim discusses the

---

[2]    Although proof of claim number 16850 does not mention this captioned case, a reasonable inference can be made that this proof of claim is based on this litigation.  For example, the letter from Ms. Carter that is attached to proof of claim number 16850 refers to her attorney in the District Court Action, Geoffrey Damon of the Damon Law Office in Cincinnati, Ohio.

facts underlying the District Court Action, let alone the judgment and opinion of the District

Court dismissing her complaint.  The Carter Claims filed with this Court merely make assertions

of liability without any supporting documentation.

27.    Moreover, the Summary Judgment Order shows in detail that there is no

merit to proof of claim number 16850.  By its Summary Judgment Order, the District Court

sustained DAS LLC's Summary Judgment Motion and terminated the District Court Action on

both procedural and substantive grounds.  First, the District Court ruled the Ms. Carter's claims

of age, gender, and disability were barred as a matter of law because she did not demonstrate that

she had first filed administrative charges of discrimination, as required under the Title VII, the

Americans with Disabilities Act, and the Age Discrimination in Employment Act.  See Summary

Judgment Order at 8-9.  Second, the District Court held that her claims were time-barred to the

extent they arose from events that occurred more than 300 days before she filed her EEOC

charge, because Title VII requires that charges of discrimination be filed within 300 days of the

alleged discriminatory act.  See Summary Judgment Order at 9-10.

28.    Third, the District Court concluded that Ms. Carter failed to establish a

prima facie claim of race discrimination based on individual discriminatory acts because she

failed to offer evidence from which a reasonable jury could conclude that she was treated

differently than similarly situated, non-protected employees.  See Summary Judgment Order at

10-12.  Fourth, the District Court ruled that she introduced insufficient evidence to support a

conclusion that she was subject to a hostile work environment.  Even if she was able to make

such a showing, she failed to prove that the work environment was hostile because of her race.

See Summary Judgment Order at 12-16.  Fifth, the District Court held that she failed to establish

a prima facie claim of retaliation for complaining of her "concerns" and for reporting an OSHA

violation because she failed to introduce evidence to show that she suffered a materially adverse employment action.  See Summary Judgment Order at 16-18.  Finally, the District Court ruled that Ms. Carter offered no evidence that would allow a reasonable jury to infer that any elements necessary for her to recover damages for her workplace injury due to an intentional tort by DAS LLC have been satisfied.  See Summary Judgment Order at 18-19.

29.    For the reasons stated in the Summary Judgment Order, Ms. Carter has not met her burden of proof to establish a claim against the Debtors.  Accordingly, Ms. Carter's proof of claim number 16850 is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) and fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Ms. Carter cannot provide facts or law supporting proof of claim number 16850, the Thirty-Fourth Omnibus Claims Objection should be sustained as to proof of claim number 16850 and such claim should be disallowed and expunged in its entirety.

F.    Proof Of Claim Number 16850 Is Untimely

30.    Moreover, proof of claim number 16850 should be disallowed and expunged because it was not timely filed.  On April 12, 2006, this Court entered its Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, entered by this Court on April 12, 2006 (Docket No. 3206) (the "Bar Date Order") setting a bar date of July 31, 2006 (the "Bar Date"), for creditors to file proofs of claim in the Debtors' chapter 11 cases and approved the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice") to be used to notify parties of the Bar Date, and included a form to be used to submit a proof of claim (the "Proof of Claim Form").

31.    On or before April 20, 2006, in accordance with the Bar Date Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in

11

these chapter 11 cases, to transmit to Ms. Carter the Bar Date Notice, which set forth certain

procedures for asserting a proof of claim, and a copy of the Proof of Claim Form.  KCC served

the Bar Date Notice by first class mail at each of the addresses below:

| | |
|---|---|
| Carter Sharyl<br>92 Woolery Ln C<br>Clayton, OH 45415 | Carter Sharyl Yvette<br>Damon Law Office<br>441 Vine St Ste 2900<br>Carew Tower<br>Cincinnati, OH 45202 |
| Sharyl Yvette Carter On Appeal<br>Damon Law Office<br>441 Vine St<br>Ste 2900 Carew Tower<br>Cincinnati, OH 45202 | |

See Affidavit Of Service Of Evan Gershbein, dated April 28, 2006 (Docket No. 3501), the

relevant portions of which, including the Bar Date Notice, are attached hereto as Exhibit D.

32.     Even though proof of claim number 16850 was filed on May 1, 2009 –

almost three years after the Bar Date – yet Ms. Carter has not filed a motion or made any attempt

in her proofs of claim or responses to the Debtors' objection to her proof of claim to establish

excusable neglect under the test outlined by the U.S. Supreme Court in Pioneer Investment

Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  In Pioneer, the

Supreme Court held that excusable neglect is the failure to comply with a filing deadline because

of negligence.  Id. at 394.  In examining whether a creditor's failure to file a claim by the bar date

constituted excusable neglect, the Supreme Court found that the factors include "[a] the danger

of prejudice to the debtor, [b] the length of the delay and its potential impact on judicial

proceedings, [c] the reason for the delay, including whether it was within the reasonable control

of the movant, and [d] whether the movant acted in good faith."  Id. at 395.  The Second Circuit

12

has held the most important factor is the reason for the delay, including whether it was within the
reasonable control of the movant.  <u>Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.</u> (In
re Enron Corp.), 419 F.3d 115, 122-24 (2d Cir. 2005).

33.    As this Court has consistently ruled on motions under Bankruptcy Rule
9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its
failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing
omission.  Then, a movant must show by a preponderance of the evidence that the neglect was
"excusable."  <u>See</u>, <u>e.g.</u>, Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I)
Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing
And Expunging Proof Of Claim Number 16727, entered March 25, 2009 (Docket No. 16515) at
Exh. A p. 2 (citing <u>Pioneer</u> and <u>Midland Cogeneration</u> cases).

34.    Ms. Carter has made no attempt to prove any set of facts showing that her
neglect in timely filing the Carter Claims was "excusable."  Proof of claim number 16850 should,
therefore, be disallowed and expunged with prejudice as untimely.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objection with respect to proof of claim number 16850, (b) disallowing

and expunging proof of claim number 16850 in its entirety, and (c) granting such further and

other relief this Court deems just and proper.


Dated:    New York, New York
          January 11, 2010
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP


                                        By:  /s/ John Wm. Butler, Jr
                                             John Wm. Butler, Jr.
                                             John K. Lyons
                                             Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                             - and -


                                        By:   /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., et al.,
                                           Reorganized Debtors

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARYL Y. CARTER,                          )        Case No. C3-03-205
                                           )
              Plaintiff,                   )        Judge Rice
                                           )        Magistrate Judge Ovington
       v.                                  )
                                           )
DELPHI AUTOMOTIVE                          )
SYSTEMS LLC, et al.,                       )
                                           )
              Defendants.                  )

DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT

Robert S. Walker (0005840)
  rswalker@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Lori A. Clary (0066388)
  laclary@jonesday.com
JONES DAY
41 South High Street
Suite 1900
Columbus, Ohio 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

Trial Attorneys for Defendants

# TABLE OF CONTENTS

**Page**

I.   THE UNDISPUTED FACTS ................................................................. 1

    A.   Delphi's Overtime Procedure ...................................................... 2

    B.   Plaintiff's Employment With Delphi .......................................... 2

    C.   Plaintiff's Workers' Compensation Claim And Work Restrictions ....................... 3

    D.   Plaintiff's Layoff From Delphi ................................................... 4

    E.   Plaintiff's Claims ...................................................................... 4

II.  ARGUMENT ........................................................................................ 5

    A.   Plaintiff's Race Discrimination Claim Fails As A Matter Of Law ..................... 5

    B.   Plaintiff's Sex Discrimination Claim Fails As A Matter Of Law ...................... 12

    C.   Plaintiff's Disability Discrimination Claim Fails As A Matter Of Law .............. 12

    D.   Plaintiff's Age Discrimination Claim Fails As A Matter Of Law ..................... 14

    E.   Plaintiff's Claim For Compensation For Workplace Injuries Is Barred By Ohio's Workers' Compensation Act ..................... 15

    F.   Plaintiff's Claims Fail As A Matter Of Law for Procedural Reasons ................ 16

III. CONCLUSION ................................................................................... 18

Excerpts from the Deposition of Sharyl Y. Carter
with Exhibits ..................................................................... ATTACHMENT A

Affidavit of Thomas J. Munley
with Exhibits ..................................................................... ATTACHMENT B

*Broska v. Henderson,*
70 Fed. Appx. 262 (6th Cir. Jun. 30, 2003) ........................... ATTACHMENT C

*Kinamore v. EPB Electric Utility,*
92 Fed. Appx. 197 (6th Cir. Feb. 9, 2004) .............................. ATTACHMENT D

*Leigh v. Bureau of State Lottery,*
1989 U.S. App. LEXIS 8525 (6th Cir. Jun. 13, 1989) .......................... ATTACHMENT E

*Mast v. IMCO Recycling of Ohio, Inc.,*
58 Fed. Appx. 116 (6th Cir. Feb. 3, 2003) ................................. ATTACHMENT F

*Payne v. O'Neil,*
73 Fed. Appx. 144 (6th Cir. Aug. 13, 2003) ............................. ATTACHMENT G

*Richmond v. Johnson,*
1997 U.S. App. LEXIS 36574 (6th Cir. Dec. 18, 1997) ........................ ATTACHMENT H

*Richmond-Hopes v. City of Cleveland,*
1998 U.S. App. LEXIS 29572 (6th Cir. Nov. 16, 1998) ........................ ATTACHMENT I

Case 9:03-cv-09283-WFK-SCC   Document 25   Filed 06/03/04   Page 3 of 24

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Broska v. Henderson,*
    70 Fed. Appx. 262, 267-68 (6th Cir. Jun. 30, 2003)...............................5-7, 9, 10

*Crocker v. Runyon,*
    207 F.3d 314 (6th Cir. 2000) ..........................................................................13

*EEOC v. Bailey Co.,*
    563 F.2d 439 (6th Cir. 1977) ..........................................................................16

*Ercegovich v. Goodyear Tire & Rubber Co.,*
    154 F.3d 344 (6th Cir. 1998) .............................................................................7

*Faragher v. City of Boca Raton,*
    524 U.S. 775 (1998)......................................................................................9, 11

*Gantt v. Wilson Sporting Goods Co.,*
    143 F.3d 1042 (6th Cir. 1998) ....................................................................13, 14

*Griffin v. Ambika Corp.,*
    103 F. Supp.2d 297 (S.D.N.Y. 2000)............................................................9, 10

*Kinamore v. EPB Electric Utility,*
    2004 U.S. App. LEXIS 2271 (6th Cir. Feb. 9, 2004) ......................................5, 6

*Kocsis v. Multi-Care Management,*
    97 F.3d 876 (6th Cir. 1996) ..............................................................................5

*Leigh v. Bureau of State Lottery,*
    876 F.2d 104, 1989 U.S. App. LEXIS 8525 (6th Cir. Jun. 13, 1989)..........16, 17

*Mast v. IMCO Recycling of Ohio, Inc.,*
    58 Fed. Appx. 116, 118 (6th Cir. Feb. 3, 2003).............................................9, 10

*Oncale v. Sundowner Offshore Services,*
    523 U.S. 75 (1998).........................................................................................9, 10

*Payne v. O'Neil,*
    73 Fed. Appx. 144, 146 (6th Cir. Aug. 13, 2003) ................................................5

*Peltier v. United States,*
    240 F. Supp.2d 725 (N.D. Ohio 2003) .............................................................14

## TABLE OF AUTHORITIES

*Phelps v. Yale Security, Inc.*,
    986  F.2d 1020 (6th Cir. 1993) ...............................................................8, 9, 12

*Primes v. Reno*,
    190 F.3d 765 (6th Cir. 1999) ......................................................................5

*Richmond-Hopes v. City of Cleveland*,
    1998 U.S. App. LEXIS 29572 (6th Cir. 1998) .......................................9, 10

*Richmond v. Johnson*,
    1997 U.S. App. LEXIS 36574 (6th Cir. Dec. 18, 1997)......................9, 10, 12

*Roush v. Weastec, Inc.*,
    96 F.3d 840 (6th Cir. 1996) .......................................................................12

*Sain v. American Red Cross*,
    233 F. Supp.2d 923 (S.D. Ohio 2002) ...................................................16, 17

*U.S. Airways, Inc. v. Barnett*,
    535 U.S. 391 (2002)....................................................................................14

*Vulcu v. Trionix Research Laboratory, Inc.*,
    993 F. Supp. 623 (N.D. Ohio 1998)............................................................12

*Walk v. Rubbermaid, Inc.*,
    913 F. Supp. 1023 (N.D. Ohio 1994)............................................................9

*Wathen v. General Electric Co.*,
    115 F.3d 400 (6th Cir. 1997) .....................................................................16

### STATE CASES

*Fyffe v. Jeno's, Inc.*,
    59 Ohio St. 3d 115 (1991)...........................................................................15

### FEDERAL STATUTES

42 U.S.C. § 12102(2) .........................................................................................12

42 U.S.C. 2000e-5(e)(1) ...............................................................................16, 17

42 U.S.C. § 12117(a) .....................................................................................16, 17

42 U.S.C. § 2000e-5(f)(1) ..................................................................................16

## TABLE OF AUTHORITIES

29 U.S.C. § 626(d) .......................................................................................................16, 17

29 U.S.C. § 631 ...............................................................................................................14

Fed. R. Civ. P. 56...............................................................................................................1

### STATE STATUTES

O.R.C. § 4123.35 ............................................................................................................15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHARYL Y. CARTER, | ) | Case No. C3-03-205 |
| | ) | |
| Plaintiff, | ) | Judge Rice |
| | ) | Magistrate Judge Ovington |
| v. | ) | |
| | ) | |
| DELPHI AUTOMOTIVE | ) | |
| SYSTEMS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT

Defendants Delphi Automotive Systems LLC, Tom Munley, Mary Ann Polvinen, and

Jacquelyn Polk (collectively "defendants") respectfully request that summary judgment be

granted pursuant to Fed. R. Civ. P. 56 on all of plaintiff Sharyl Carter's claims against them. As

established below, plaintiff has never been terminated or demoted, has seen her hourly rate of

pay more than double, and has been offered and worked (and been paid for) thousands of hours

of overtime. She does not have a shred of evidence that defendants' treatment of her was in any

way motivated by her race, sex, age, or alleged disability. Her Complaint should be dismissed in

its entirety with prejudice.

I.    THE UNDISPUTED FACTS

Delphi offers employment opportunities "to qualified applicants and employees on an

equal basis regardless of an individual's age, race, color, sex, religion, national origin, disability,

or sexual orientation," and expressly prohibits discriminatory harassment. (Carter Dep. 11-12,

Ex. 1 at Doc. Nos. 15 and 29.)[1] Delphi policy directs employees to voice concerns to their

---

[1] The record referred to herein is attached, along with copies of all unreported cases cited.

immediate supervisor, to the plant personnel director or union representatives, or to use any other internal complaint procedure. (<u>Id.</u>)

A.    <u>Delphi's Overtime Procedure</u>

The applicable national and local collective bargaining agreements govern overtime for hourly employees. (Carter Dep. 11-12, Ex. 1 at ¶¶ 38, 52-54; Ex. 2 at ¶ 38.) Pursuant to these agreements, bargaining unit employees are divided into equalization groups to equalize overtime opportunities. (<u>Id.</u>, Ex. 1 at ¶ 38; Ex. 2 at ¶ 38.) Employees having the least amount of overtime hours offered in a given equalization group are eligible for the next overtime opportunity. (<u>Id.</u>) If the employee refuses the overtime offer, the offered overtime hours are added to the employee's equalization list total; an employee cannot refuse to work offered overtime hours and maintain her same place in the equalization group. (<u>Id.</u>) Employees are permitted to perform overtime job assignments other than their straight time job assignment. (<u>Id.</u>) An employee who is not eligible for a particular job assignment on straight time due to work restrictions, however, cannot perform a restricted job assignment on overtime; she is charged with available overtime hours as if the employee refused those hours. (<u>Id.</u>)

B.    <u>Plaintiff's Employment With Delphi</u>

In March 1997, Delphi hired plaintiff, an African-American woman, at its Dryden Road facility. (Carter Dep. 7-8, 21.) Plaintiff is an hourly employee and member of the union bargaining unit; the terms and conditions of her employment are governed by local and national collective bargaining agreements. (Carter Dep. 11-13.) Plaintiff has never been demoted and her hourly rate of pay has never been reduced. (Carter Dep. 20.) Her starting hourly rate was $9.90, and currently is $19.95. (Carter Dep. 9-10; Munley Aff. ¶ 2.)

From 1997 through 2002, plaintiff worked as an assembler in Department 101 on second shift. (Carter Dep. 16-17, 19.) Department 101 included several "loops," or lines, each of which

was involved in a different step in the construction of automobile air compressors. (Carter Dep. 24-25.) Plaintiff was responsible for loading and unloading different loops during her regular shift. (Carter Dep. 24.)

C.    Plaintiff's Workers' Compensation Claim And Work Restrictions

In March 1998, plaintiff reportedly injured her back, neck, and right and left shoulder blades while working in initial assembly in Department 101. (Carter Dep. 21-22.) She stated that she "was pushing down, twisting and turning" and "pulled a muscle in [her] neck [and her] back area." (Carter Dep. 22.) She filed a workers' compensation claim, which is pending. (Carter Dep. 21-24.)

Beginning in 1998, Delphi honored medical restrictions generated by plaintiff's physicians. (Carter Dep. 101.) From June 3, 1998 through July 3, 1998 and November 18, 1998 through December 11, 1998, plaintiff was not permitted to lift more than 10 pounds. (Munley Aff. ¶ 3.) From February 1, 1999 through February 22, 1999, and again from March 12, 1999 through August 4, 1999, she was again restricted from lifting over 10 pounds. (Munley Aff. ¶ 3.) This 10-pound lifting restriction was reinstated for the period September 13, 1999 through December 13, 1999. (Munley Aff. ¶ 3.)

In December 1999, plaintiff underwent voluntary breast reduction surgery. (Carter Dep. 135-36.) She was on medical leave from December 15, 1999 until January 27, 2000. (Carter Dep. 136; Munley Aff. ¶ 4.) After returning to work, from January 27, 2000 until February 24, 2000, plaintiff was restricted from lifting more than five pounds. (Munley Aff. ¶ 4.)

In January 2001, plaintiff underwent another breast reduction surgery. (Carter Dep. 135-36.) This time, plaintiff was on medical leave from January 4, 2001 until February 12, 2001. (Carter Dep. 136; Munley Aff. ¶ 4.) After her return to work, from February 12, 2001 through March 9, 2001, plaintiff was prohibited from lifting more than five pounds. (Munley Aff. ¶ 4.)

D.    Plaintiff's Layoff From Delphi

On January 6, 2003, plaintiff, along with hundreds of other bargaining unit employees, was laid off from Delphi due to lack of work. (Carter Dep. 8-9; Munley Aff. ¶ 5.) She received unemployment compensation benefits. (Carter Dep. 9.)

On September 29, 2003, Delphi recalled plaintiff from layoff pursuant to an arbitration award under the collective bargaining agreement. (Carter Dep. 8-9; Munley Aff. ¶ 5.) As part of the arbitration award, plaintiff received more than $41,000 in backpay. (Munley Aff. ¶ 5.) Since her recall from layoff until very recently, plaintiff has been part of a group of approximately 400 employees that performed no production work. (Carter Dep. 8; Munley Aff. ¶ 5.) In late April 2004, Delphi returned these employees to production work. (Munley Aff. ¶ 5.) Plaintiff is not challenging her layoff in this lawsuit. (Carter Dep. 9.) She concedes that she has not experienced any harassment or discrimination since returning to work. (Carter Dep. 130.)

E.    Plaintiff's Claims

On August 15, 2002, plaintiff filed a discrimination charge with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC"), alleging that Delphi discriminated against her on the basis of her race and retaliated against her. (Carter Dep. 144-45, Ex. 16.) Plaintiff later asked to withdraw her charge, and, on March 11, 2003, the EEOC issued a Notice of Right to Sue. (Carter Dep. 147-48, Exs. 17 and 18.) On June 6, 2003, plaintiff filed her Complaint in this Court, alleging that defendants discriminated against her on the basis of her race, sex, disability, and age, and seeking damages for her alleged workplace injury.

II.    ARGUMENT

    A.    <u>Plaintiff's Race Discrimination Claim Fails As A Matter Of Law.</u>

        1.    <u>Plaintiff Cannot Prove That She Was Subjected To Actionable Disparate Treatment.</u>

To prove intentional discrimination, an employee must show (among other things) that she suffered a materially adverse employment action. <u>Kocsis v. Multi-Care Management</u>, 97 F.3d 876, 885 (6th Cir. 1996). The challenged employment action must involve "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." <u>Id.</u> at 886. As the Sixth Circuit explained, "[i]f every . . . action by an employer that makes an employee unhappy or resentful were considered an adverse action, Title VII would be triggered by supervisor criticism or even facial expressions indicating displeasure." <u>Primes v. Reno</u>, 190 F.3d 765, 767 (6th Cir. 1999). Without the threshold requirement of a materially adverse employment action, "[p]aranoia in the workplace would replace the prima facie case as the basis for a Title VII cause of action." <u>Id.</u> Thus, actions that do not result in a substantive change in employment do not constitute adverse employment actions and do not support a discrimination claim as a matter of law.[2]

Here, plaintiff cannot point to any termination, demotion or pay decrease that occurred during her Delphi employment. To the contrary, she has enjoyed significant wage gains and has

---

[2] <u>See also</u> <u>Kinamore v. EPB Electric Utility</u>, 2004 U.S. App. LEXIS 2271 at *11-12 (6th Cir. Feb. 9, 2004) (finding that supervisor's smoking and use of profanity and temporary job assignments did not amount to adverse employment actions because they did not affect the employee's "responsibilities, wages, title or benefits"; summary judgment for employer affirmed); <u>Payne v. O'Neil</u>, 73 Fed. Appx. 144, 146 (6th Cir. Aug. 13, 2003) (finding that redistribution of work and monitoring of employee time were not adverse employment actions because they did not result in "any substantive change" in employee's employment; summary judgment for employer affirmed); <u>Broska v. Henderson</u>, 70 Fed. Appx. 262, 267-68 (6th Cir. Jun. 30, 2003) (finding that increase in supervision and denial of overtime did not amount to adverse employment action as a matter of law; summary judgment for employer affirmed).

been provided substantial opportunities for overtime earnings. (Carter Dep. 9-10, 93; Munley Aff. ¶ 6.)

Plaintiff objects to the presence of her supervisors in her work area and their oversight of her work and her absences from the production line. (Carter Dep. 26-28.) She challenges (Carter Dep. 80-91) occasionally having to obtain permission to go to the restroom and having to wait on four occasions before being permitted to visit the plant medical department, though she was able to do so on numerous other occasions whenever she needed. (E.g., Carter Dep. 74, Ex. 6, 3/28/02 at p. 5; 206-08, Ex. 34, 3/14/01, 8/29/01, 8/31/01, 11/30/01; 204-05, Ex. 32, 1/8/99, 1/28/99, 1/29/99, 2/1/99, 3/11/99, 3/27/99, 5/11/99.) In our Circuit, however, such supervision and workplace monitoring do not constitute adverse employment actions as a matter of law. Payne, 73 Fed. Appx. at 146; Broska, 70 Fed. Appx. at 267.

Plaintiff likewise objects to her supervisors' decisions to assign her to what allegedly were two-person jobs on three of the hundreds of shifts she has worked, as well as to some of the job assignments that she received on overtime. (Carter Dep. 41-46, 49-50, 64-65, 111-12.) But she admits (Carter Dep. 47, 49-50, 64-65, 112) that she lost no pay as a result of these temporary job assignments, and, as to her overtime job assignments, cannot identify any jobs she believes were more favorable than the ones to which she was assigned. Such complaints about temporary work assignments fall far short of establishing a materially adverse employment action. Kinamore, 2004 U.S. App. LEXIS 2271 at *11-12.

Plaintiff also points to occasions on which her co-workers allegedly intentionally sent wrong parts through her line or jammed the line, causing her supervisors to ask her why the line was down. (Carter Dep. 65-72.) Such inquiries also do not rise to the level of a substantive change in plaintiff's employment. Payne, 73 Fed. Appx. at 146. Plaintiff's reliance (Carter Dep.

72-80) on three occasions when other employees bumped into her on the plant floor also is

misplaced: "Title VII was not meant to become a 'general civility code.'" Broska, 70 Fed. Appx.

at 269.

Finally, plaintiff's assertion (Carter Dep. 93) that she was denied overtime opportunities

similarly does not amount to an adverse employment action. She admits that she worked

substantial amounts of overtime (Carter Dep. 93), and, in fact, over the course of seven years,

worked more than 5,000 hours of overtime (Munley Aff. ¶ 6), notwithstanding a nine-month

layoff and nearly three months spent off work due to breast reduction surgeries. Moreover,

plaintiff turned down opportunities to work overtime and received more than $2,000 in pay

letters when contractual overtime equalization errors were made. (Carter Dep. 105, 200, Ex. 31,

8/19/98; Carter Dep. 74, Ex. 6, 8/6/02 at p. 2; 9/12/02; Munley Aff. ¶ 6.) Plaintiff's assertion that

she was discriminatorily denied overtime opportunities has no basis in fact and should be

rejected as a matter of law. Broska, 70 Fed. Appx. at 267-68 (affirming summary judgment for

employer because employee had "not presented evidence showing that he has been denied

overtime opportunities that others have received" and had "not even stated how much overtime

he lost").

Despite the lack of record evidence supporting a lost overtime claim, plaintiff nonetheless

asserts (Carter Dep. 97) that three white co-workers (Mike Risley, Mary Bonham, and Paul

Vickers) worked more overtime than she did. But she would need first to prove that Risley,

Bonham, and Vickers were "nearly identical" to her in all "relevant" aspects. Ercegovich v.

Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998). Plaintiff has no such evidence.

Though she has had numerous medical restrictions during her tenure with Delphi that had

an impact on Delphi's overtime obligations under the collective bargaining agreement, plaintiff

has no evidence that Risley, Bonham, and Vickers were "nearly identical" to her in this respect. In fact, Mr. Vickers has never been subject to medical restrictions, Mr. Risley was subject to a medical restriction for just 32 days in 1997, and Ms. Bonham was restricted for just five days in June 2002. (Munley Aff. ¶ 7.) Similarly, though plaintiff at times turned down overtime opportunities, she cannot speak to whether or how often Risley, Bonham, and Vickers may or may not have done so. And, while plaintiff spent nearly three months on medical leaves during late 1999, 2000, and 2001 for her breast reduction surgeries and was not available to work overtime, she has no evidence of Risley's, Bonham's, and Vickers' availability to work. On this point, the evidence once again shows that Risley has never taken medical leave, Vickers took just one leave which lasted ten days, and Bonham took a one-month medical leave in 2002. (Munley Aff. ¶ 7.) As a result, plaintiff's unsupported belief that she was disadvantaged with respect to overtime opportunities comes nowhere close to proving that she suffered an adverse employment action.

Even if plaintiff could show that she suffered an adverse employment action, she has no evidence that those actions were the result of intentional race discrimination. She admits (Carter Dep. 99), for instance, that supervisor Kim Cornele told plaintiff that she did not always receive overtime offers because of plaintiff's medical restriction. As for being assigned to alleged two-man jobs, plaintiff did not ask her supervisors why she received those assignments and merely assumed that they did so to "set [her] up." (Carter Dep. 43-44.) As for plaintiff's assertion that her supervisors monitored her job performance, the evidence shows, not surprisingly, that monitoring hourly employees' job performance was one of the job responsibilities of Delphi's supervisors. (Munley Aff. ¶ 9.) Plaintiff comes nowhere close to establishing that, but for her race, the actions she challenges would not have occurred. E.g., Phelps v. Yale Security, Inc., 986

F.2d 1020, 1026 (6th Cir. 1993) (rejecting discrimination claims as a matter of law where

employee could not show that, but for protected characteristic, alleged discriminatory action

would not have been taken).  Her claim fails for this reason as well.

    2.    <u>Plaintiff Cannot Prove That She Was Subjected To An Actionable Hostile Work Environment.</u>

Actionable workplace harassment must occur "because of" the alleged victim's protected

status.  <u>Oncale v. Sundowner Offshore Services</u>, 523 U.S. 75, 81 (1998).  Allegedly offensive

conduct prompted by factors other than the victim's protected status does not establish unlawful

harassment.[3]  Even if harassing behavior is based on a protected status, it is actionable only if it

is "so severe or pervasive as to alter the conditions of [the plaintiff's] employment and create an

abusive working environment."  <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 786 (1998).

"[C]onduct must be extreme to amount to a change in the terms and conditions of employment."

<u>Id.</u> at 788.

The Sixth Circuit explains that a difference exists between "cognizable harassment and

mere annoyance."  <u>Broska</u>, 70 Fed. Appx. at 269.  "Minor irritations do not amount to severe or

pervasive harassment."  <u>Id.</u>  A "mere unfriendly work environment is insufficient to establish

liability."  <u>Mast v. IMCO Recycling of Ohio, Inc.</u>, 58 Fed. Appx. 116, 118 (6th Cir. Feb. 3, 2003).

For these reasons, courts reject hostile environment claims based on supervisors "staring" at

---

    [3] <u>Richmond-Hopes v. City of Cleveland</u>, 1998 U.S. App. LEXIS 29572 at *12-13 (6th Cir. 1998) (affirming judgment as a matter of law for employer where plaintiff was unsure whether sexually suggestive comment and gesture were intended as sexual invitation or as "a vulgar way of telling her that [the alleged harasser] intended to ignore her complaint regarding overtime"); <u>Walk v. Rubbermaid, Inc.</u>, 913 F. Supp. 1023, 1029 (N.D. Ohio 1994) (finding no actionable hostile environment where alleged mistreatment was offensive to both protected and non-protected employees), <u>aff'd without op.</u>, 76 F.3d 380 (6th Cir. 1996). In addition, the Sixth Circuit has long held that isolated, ambiguous, or stray remarks do not support inferences of discrimination. <u>E.g.</u>, <u>Richmond v. Johnson</u>, 1997 U.S. App. LEXIS 36574 at *6-7 (6th Cir. Dec. 18, 1997) (finding "What? Are you pregnant?" comment "too abstract, . . . irrelevant and prejudicial" to support finding of gender discrimination); <u>Phelps v. Yale Sec., Inc.</u>, 986 F.2d 1020, 1026 (6th Cir.) (holding that "isolated and ambiguous comments are too abstract, in addition to being irrelevant and prejudicial, to support a finding of . . . discrimination") (internal quotes and citations omitted), <u>cert. denied</u>, 510 U.S. 861 (1993); <u>Griffin v. Ambika Corp.</u>, 103 F. Supp.2d 297, 314 (S.D.N.Y. 2000) (finding use of phrase "you people" insufficient to prove hostile work environment; summary judgment granted for employer).

employees and being in employees' work spaces. <u>E.g.</u>, <u>id.</u> at 122-23 (stating that "[s]taring at

someone, without more, is not generally sufficient to create a hostile work environment";

affirming summary judgment for employer); <u>Broska</u>, 70 Fed. Appx. at 269 (rejecting as a matter

of law claim that continual supervisor monitoring and workplace criticism amounted to severe

and pervasive harassment).

      In our case, the asserted harassment was not based on plaintiff's race. Plaintiff identifies

(Carter Dep. 39-40) just one allegedly race-based comment: Kim Cornele's one-time use of the

phrase "you people" to refer to plaintiff and the two other employees (who happen to be African

American) working with plaintiff on the line. The single use of this race-neutral phrase is not

enough to support plaintiff's claim that her work environment conditions were a result of her

race. <u>E.g.</u>, <u>Richmond</u>, 1997 U.S. App. LEXIS 36574 at *6-7; <u>Griffin</u>, 103 F. Supp.2d at 314.

Moreover, plaintiff admits (Carter Dep. 89-90) that other African-American employees in her

department did not experience the same alleged acts of harassment that she claims to have

suffered. For instance, though plaintiff asserts that she was required to obtain permission before

leaving the production line to go to the restroom (Carter Dep. 87-88), she admits (Carter Dep.

89-90) that her African-American co-workers, Dionne Perry and Valerie Gathers, did not do so.

Plaintiff cannot establish that her work environment was <u>racially</u> hostile, and her claim fails at

the outset. <u>Oncale</u>, 523 U.S. at 81; <u>Richmond-Hopes</u>, 1998 U.S. App. LEXIS 29572 at *12-13.

      In addition, there is no evidence that the alleged harassment was severe or pervasive.

Rather, plaintiff challenges a series of events -- supervisor "monitoring," temporary job

assignments, one-time comments, and workplace clumsiness -- that at most amount to

"annoyances" and "minor irritations." These actions simply do not support a hostile work

environment claim under Title VII. <u>Broska</u>, 70 Fed. Appx. at 269; <u>Mast</u>, 58 Fed. Appx. at 118.

### 3. Defendants Took Reasonable Steps To Address Plaintiff's Complaints.

Moreover, defendants took reasonable steps to prevent and correct promptly the alleged harassment. In August 2002, plaintiff asked Mary Ann Polvinen, labor relations representative, for copies of her grievances, personnel file and medical file and said that her supervisors were harassing her and discriminating against her. (Carter Dep. 74, 155, 161-62, Ex. 6, 8/12/02 at p. 4.) In response, Ms. Polvinen and one of plaintiff's supervisors, Rob Flinch, provided plaintiff with information concerning her grievances and directed her to contact her union representative for additional information. (Carter Dep. 74, 160-62, Ex. 6, 8/12/02 at p. 4, 8/21/02 at pp. 1-3.) Ms. Polvinen also arranged for plaintiff to obtain a copy of her medical file, and, in response to plaintiff's complaint that some of her job assignments caused her pain, advised plaintiff again to obtain medical restrictions. (Carter Dep. 16, 74, Ex. 6, 8/28/02 at p. 4.) Finally, Ms. Polvinen allegedly asked plaintiff to prepare a written statement regarding her complaints before reviewing her personnel file, but plaintiff refused to do so. (Carter Dep. 157-58.)

Tom Munley, personnel director at the Dryden Road facility, Jacquelyn Polk, divisional director of human resources, and Marci Gagliardo, divisional human resources representative, spoke with plaintiff and investigated her complaints. (Carter Dep. 74, 165-72, Ex. 6, 8/28/02 at pp. 2-3.) Though Delphi was unable to confirm plaintiff's generalized assertion of harassment and discrimination, it assured plaintiff that her supervisors had been reminded of Delphi's commitment to a discrimination- and harassment-free work environment and that plaintiff should bring any additional concerns to the company's attention so they could be investigated. (Carter Dep. 172-73, Ex. 22.) Defendants' prompt and appropriate response to plaintiff's complaints, notwithstanding her refusal to provide a written statement of her complaints, provides another basis for dismissing her claim of a racially hostile work environment. Faragher, 524 U.S. at 807-08.

B.    **Plaintiff's Sex Discrimination Claim Fails As A Matter Of Law.**

Plaintiff's sex discrimination claim fails for the same reasons her race discrimination

claim is legally invalid.  She cannot point to any materially adverse employment action, and she

cannot prove intentional discrimination.  Indeed, plaintiff offers even less to support a sex

discrimination claim.  She admits (Carter Dep. 97) that one of the individuals who allegedly

received more favorable overtime treatment was a woman, Mary Bonham.  Moreover, the only

alleged sex-based comment to which plaintiff points (Carter Dep. 131) is supervisor Mike Mott's

comment on one occasion that plaintiff "smelled good." This statement -- facially neutral, and

which some would interpret as a compliment -- does nothing to further plaintiff's claim of sex

discrimination.  Richmond, 1997 U.S. App. LEXIS 36574 at *6-7.  She comes nowhere close to

establishing that, but for her sex, the alleged discriminatory actions would not have occurred.

Phelps, 986 F.2d at 1023.

C.    **Plaintiff's Disability Discrimination Claim Fails As A Matter Of Law.**

Plaintiff had to prove that she has a disability and "was either denied a reasonable

accommodation for her disability or was subject to an adverse employment decision that was

made solely because of her disability." Roush v. Weastec, Inc., 96 F.3d 840, 843 (6th Cir. 1996).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or

more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).  Temporary

impairments or "[i]mpairments that result in only minor limitations are not disabilities." Vulcu

v. Trionix Research Laboratory, Inc., 993 F. Supp. 623, 627 (N.D. Ohio 1998).  Back injuries

typically do not qualify as disabilities.  Id. (finding that back injury that limited ability to "carry

groceries, mow . . . lawn and wash . . . dog" did not qualify as disability).

In addition, if an employee requires a reasonable accommodation of a disability, "it is the

responsibility of the individual with a disability to inform the employer that an accommodation is

needed." <u>Gantt v. Wilson Sporting Goods Co.</u>, 143 F.3d 1042, 1046 (6th Cir. 1998) (citation

omitted). An "employer is not required to speculate as to the extent of the employee's disability

or the employee's need or desire for accommodation." <u>Id.</u> Courts routinely grant summary

judgment to employers when employees do not request accommodation of alleged disabilities

that would enable them to perform their jobs. <u>E.g.</u>, <u>Crocker v. Runyon</u>, 207 F.3d 314, 319-20

(6th Cir. 2000) (holding that, "since [the employee] did not suggest until trial that he needed an

accommodation, the [employer] had no legal duty to provide him one"; summary judgment

affirmed for employer); <u>Gantt</u>, 143 F.3d at 1047 (holding that employee "failed to create an issue

of fact as to whether or not the Company failed to reasonably accommodate her"). Here,

plaintiff's own testimony precludes her from maintaining this claim.

First, plaintiff is not disabled under the ADA. She admits that her back condition did not

prohibit her from performing her job duties at Delphi. (Carter Dep. 132, 134-135.) Indeed,

plaintiff worked over 5,000 hours of overtime from March 1997 until January 2003. (Munley

Aff. ¶ 6.) Moreover, at most plaintiff's back condition temporarily interfered with her everyday

activities for periods of time ranging from minutes to half an hour to an hour. (Carter Dep. 134.)

This condition did not rise to the level of a disability under the ADA as a matter of law, and thus

plaintiff's claim does not get to square one.

In addition, Delphi granted every accommodation plaintiff requested. She admits that she

was granted lifting restrictions on "different occasions" during her employment. (Carter Dep.

101.) While plaintiff asserts that her supervisors refused her requests to be accommodated by

being given light duty jobs when she "was hurting" (Carter Dep. 133), she does not know

whether she had any medical restrictions in place on those occasions. Indeed, when Ms.

Polvinen suggested, in response to plaintiff's complaint that certain job assignments caused her

pain, that plaintiff renew her medical restrictions, plaintiff decided not do so because she did not want to miss out on any overtime opportunities. (Carter Dep. 74, Ex. 6, 8/28/02 at p. 4.) Where, as here, a plaintiff refuses to take necessary steps to obtain the accommodations she allegedly needed, defendants are not liable. Gantt, 143 F.3d at 1047.

Finally, Delphi took no adverse employment action against plaintiff as a result of her alleged disability. As discussed, the actions about which plaintiff complains do not rise to the level of an adverse employment action. To the extent plaintiff asserts that Delphi discriminated against her by refusing to offer overtime due to her medical restrictions, that contention fails for the additional reason that the law does not require employers to violate rights of other employees to accommodate an allegedly disabled individual. U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 394 (2002) (holding that accommodations that conflict with rules of seniority under collective bargaining agreements are not reasonable); Peltier v. United States, 240 F. Supp.2d 725, 730 (N.D. Ohio 2003) (holding that employers are not required to violate rights of other employees under collective bargaining agreement to accommodate disabled individual; summary judgment granted for employer). To the extent Delphi denied plaintiff overtime opportunities due to her medical restrictions (an assertion belied by the significant amount of overtime plaintiff worked during her Delphi employment), Delphi was within its rights to do so, and plaintiff has no evidence that Delphi was in any way unlawfully motivated by plaintiff's physical condition.

D.   Plaintiff's Age Discrimination Claim Fails As A Matter Of Law.

Plaintiff also claims that defendants discriminated against her on the basis of her age. However, the Age Discrimination in Employment Act extends only to "individuals who are at least 40 years of age." 29 U.S.C. § 631. At the time of her deposition in this case, plaintiff was 39 years old. (Carter Dep. 7.) As a result, plaintiff did not fall within the group of individuals the Act was intended to protect, and her claim must be dismissed.

E.    Plaintiff's Claim For Compensation For Workplace Injuries Is Barred By Ohio's Workers' Compensation Act.

Under Ohio law, employers complying with Ohio's Workers' Compensation statute, O.R.C. § 4123.35, "shall not be liable to respond in damages at common law or by statute for any injury . . . . received or contracted by any employee in the course of or arising out of [her] employment . . . . " O.R.C. § 4123.74. Employees can sue for workplace injuries outside the workers' compensation system only if they prove

> (1) knowledge by the employer of the existence of a dangerous
> process, procedure, instrumentality or condition within its business
> operation; (2) knowledge by the employer that if the employee is
> subjected by his employment to such dangerous process,
> procedure, instrumentality or condition, then harm to the employee
> will be a substantial certainty; and (3) that the employer, under
> such circumstances, and with such knowledge, did act to require
> the employee to continue to perform the dangerous task.

Fyffe v. Jeno's, Inc., 59 Ohio St. 3d 115, syllabus ¶ 1 (1991). "[M]ere knowledge and appreciation of a risk" falls far short of the "substantial certainty" requirement. Id. at syllabus ¶ 2.

Plaintiff asserts that her alleged injury occurred as she was performing her job duties in Department 101. (Carter Dep. 22.) She states that she "pulled a muscle in [her] neck, [her] back area" while "pushing down, twisting and turning" compressor components. (Carter Dep. 22.) This alleged injury is within the scope of workplace injuries covered by Ohio's statutory bar for workplace injuries. O.R.C. § 4123.74.

Moreover, plaintiff has no evidence that her injury resulted from a process or procedure "substantially certain" to cause this injury. Fyffe, 59 Ohio St. 3d at syllabus ¶ 1. She cannot recover for her back condition in this lawsuit and must recover, if at all, through her pending workers' compensation claim.

F.    Plaintiff's Claims Fail As A Matter Of Law for Procedural Reasons.

      1.    Plaintiff's Claims Against The Individual Defendants Are Legally Impermissible Under Title VII, The ADA and The ADEA.

Plaintiff asserts that the individual defendants in this case (Tom Munley, Mary Ann Polvinen, and Jacquelyn Polk) are liable because she complained to them about alleged harassment and discrimination but nothing (allegedly) was done. (Carter Dep. 175-76.) The law is clear, however, that individuals may not be held liable for alleged violations of Title VII, the ADEA or the ADA. Wathen v. General Electric Co., 115 F.3d 400, 404-05 n.6 (6th Cir. 1997) (rejecting as a matter of law claims against individual supervisors under Title VII, the ADEA and ADA). Notwithstanding the merits (or lack thereof) of plaintiff's claims, they indisputably fail under this settled principle.

      2.    Plaintiff's Age, Sex, And Disability Discrimination Claims Fail As A Matter Of Law Because She Did Not Satisfy The Procedural Prerequisites For Filing A Civil Lawsuit.

Plaintiff's claims of age, sex and disability discrimination must be dismissed for the additional reason that she failed to file an administrative charge of discrimination on these bases before filing her civil lawsuit. Title VII, the ADA and the ADEA all require employees to file administrative charges of discrimination with the EEOC or a state agency before seeking relief in court. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Quite simply, "[i]f a claimant does not first present a claim to the EEOC, that claim may not be brought before federal courts." Sain v. American Red Cross, 233 F. Supp.2d 923, 929 (S.D. Ohio 2002). Courts routinely dismiss discrimination claims that exceed the scope of allegations of discrimination in the administrative charge. E.g., Leigh v. Bureau of State Lottery, 876 F.2d 104, 1989 U.S. App. LEXIS 8525 at *8-9 (6th Cir. Jun. 13, 1989) (dismissing sex discrimination claim because EEOC charge alleged only race discrimination); EEOC v. Bailey Co., 563 F.2d 439, 448 (6th Cir. 1977) (dismissing religious discrimination claim because EEOC charge alleged only race and sex

discrimination); <u>Sain</u>, 233 F. Supp.2d at 930-931 (dismissing sex discrimination claim because EEOC charge made "no mention of sex discrimination" and box for claimed discrimination on the basis of sex was not marked).

Here, plaintiff's charge alleged discrimination based on race and retaliation only. (Carter Dep. 144, Ex. 16.) Moreover, her charge allegations mention only her status as an African American and her supervisors' status as Caucasians, and state explicitly that she believes she has been "unlawfully discriminated and retaliated against because of [her] race . . . ." (<u>Id.</u>) Nowhere does plaintiff refer to her sex, her age, or alleged disability, even though the charge form clearly gave her the opportunity to do so. Plaintiff admits that she did not file any further charges with the EEOC or OCRC. (Carter Dep. 151.) As a result, her claims for age, sex, and disability discrimination are barred as a matter of law. <u>E.g.</u>, <u>Leigh</u>, 1989 U.S. App. LEXIS 8525 at *5; <u>Sain</u>, 233 F. Supp.2d at 930-31.

> 3.   Certain Of Plaintiff's Claims Are Time-Barred.

Finally, to the extent plaintiff challenges actions occurring more than 300 days before she filed her administrative charge, those claims are likewise barred. Title VII, the ADA and the ADEA all require that charges of discrimination be filed within 300 days of the alleged discriminatory events. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). Alleged discriminatory events occurring beyond that date are time-barred.

Here, plaintiff filed her administrative charge on August 15, 2002. (Carter Dep. 144-45, Ex. 16.) As a result, only those alleged discriminatory acts occurring on or after October 19, 2001 (300 days before plaintiff filed her charge) are timely. Plaintiff thus cannot challenge alleged discriminatory failures to offer her overtime before October 19, 2001 or any alleged act of harassment that occurred before that date. To the extent she purports to do so, her claims should be dismissed.

COI-1270613v3                                        17

III.   CONCLUSION

For the foregoing reasons, defendants respectfully request that plaintiff's claims against

them be dismissed with prejudice.

Respectfully submitted,

s/Lori A. Clary (0066388)
Robert S. Walker (0005840)
  rswalker@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Lori A. Clary (0066388)
  laclary@jonesday.com
JONES DAY
41 South High Street
Suite 1900
Columbus, Ohio 43215
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198

Trial Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 3, 2004, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to the following:

George A. Katchmer, Esq., 17 South St. Clair Street, Suite 320, P.O. Box 4235, Dayton, Ohio

45401-4235, E-Mail: gkatchmer@daytondefenselawyers.com.


<u>s/Lori A. Clary (0066388)</u>
Lori A. Clary (0066388)
 laclary@jonesday.com
JONES DAY
41 South High Street
Suite 1900
Columbus, Ohio 43215
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198

One of the Trial Attorneys for Defendants

# **<u>EXHIBIT B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


SHARYL YVETTE CARTER,

    Plaintiff,                :

                          Case No. 3:03cv205

                         JUDGE WALTER HERBERT RICE

      vs.                :

DELPHI HARRISON THERMAL
SYSTEMS, *et al.*,

    Defendants.          :

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DOC. #29); JUDGMENT TO BE ENTERED ON
BEHALF OF DEFENDANTS AND AGAINST THE PLAINTIFF;
TERMINATION ENTRY

---

Plaintiff Sharyl Carter filed the instant complaint alleging that her employer,

Defendant Delphi Harrison Thermal Systems[1] ("Delphi"), discriminated against her

on the basis of her race, gender, age and disability.[2] Doc. #1. Carter is also seeking

to recover damages for an injury she suffered while at work. Id. The Defendants

---

[1]Referred to by the Defendants as Delphi Automotive Systems LLC.

[2]Also named as Defendants are Tom Munley, Mary Ann Polvinn and Jackie
Polk. Carter does not say, in her complaint, who these individuals are or in what
capacity they are being sued. However, from her deposition testimony, it appears
that they are people to whom she complained about conditions on her job, and
they are being sued for failing to respond appropriately. Doc. #29, Att. #1, Carter
Dep. at 175-76.

have filed a Motion for Summary Judgment. Doc. #29. For the reasons stated

herein, that motion is SUSTAINED.


I.      FACTUAL BACKGROUND

        Carter, an African-American woman, began working for Delphi on March 13,

1997, at its Dryden Road facility. Doc. #29, Att. #1, Carter Dep. at 7-8, 21. She is

a member of the union, and the terms and conditions of her employment are

governed by local and national collective bargaining agreements. Id. at 11-13. She

worked, from 1997 through 2002, as an assembler in Department 101 on the

second shift. Id. 16-17, 19. Department 101 includes several "loops," or lines,

each involved in a different step in the construction of automobile compressors. Id.

at 24-25. During this time, Carter's primary job responsibility was to load and

unload different loops. Id. at 24.

        In 1998, Carter injured her back, neck and both shoulder blades while

working. Doc. #29, Att. #1, Carter Dep. at 21-22. She filed a worker's

compensation claim following the injury. Id. at 21-24. As a result of this injury her

ability to work was medically restricted. Id. at 101; Doc. #29, Att. #4, Munley Aff.

¶ 3. In 1999, and again in 2001, Carter underwent voluntary breast reduction

surgery. Doc. #29, Att. #1, Carter Dep. at 135-36. She was on medical leave

following both of her surgeries, and her work was medically restricted following her

return to work. Id. at 136; Doc. #29, Att. #4, Munley Aff. ¶ 4.

2

On January 6, 2003, Carter, along with a large number of her co-workers, was laid-off from Delphi. Doc. #29, Att. #1, Carter Dep.; Doc. #29, Att. #4, Munley Aff. ¶ 5. Nearly nine months later, on September 29, 2003, she (along with the other laid-off employees) was recalled to work. Id. All of Carter's claims relate to the period before her layoff. Doc. #29, Att. #1, Carter Dep. at 130. In fact, Carter alleges that the discrimination and harassment began almost immediately following her hire. Doc. #40, Carter Aff. ¶ 3.[3]

Carter alleges that she was, because of her race, excessively and intrusively monitored and harrased at her work station by supervisors and investigators (Carter Aff. ¶¶ 5 and 6), denied the opportunity to seek medical attention where others were not (Id. ¶ 10), refused permission to take a restroom break until she found someone to replace her on the line (Id. ¶ 9), placed last for jobs (Id. ¶ 13), sabotaged in her work by other employees (Id. ¶ 7), bumped into on several occasions by supervisors and another employee (Id. ¶ 8), and denied overtime (Id. ¶ 3). All of these events occurred between July 29, 1997, and December, 2002.

---

[3]Defendants move to strike Carter's Affidavit (structured as a request that the Affidavit be disregarded) because it fails to comply with the Fed. R. Civ. P. 56 requirement that facts sworn to by affidavit be based on personal knowledge, because it seeks to admit into evidence inadmissible hearsay, contains conclusory allegations that do not constitute admissible evidence (and thus violates Fed. R. Civ. P. 56), contains references to the record too broad to support her motion for summary judgment, and contradicts, in part, her earlier deposition testimony. Doc. #42 at 1-5. While many of the Defendants arguments are well taken, it is not necessary to strike the affidavit because the flawed "evidence" pointed to by them is not relevant to the Court's ruling on the pending motion.

Doc. #40, Carter Aff. In addition, Carter alleges that on one occasion, Kim

Cornelle, a manager at Delphi, used the phrase "you people," while speaking to her

and two other African-American workers.[4] Doc. #29, Att. #1, Carter Dep. at 39-

40.

On August 15, 2002, Carter filed a discrimination charge with the Ohio Civil

Rights Commission ("OCRC") and the Equal Employment Opportunity Commission

("EEOC"), alleging that Delphi discriminated against her because of her race, and

retaliated against her. Doc. #29, Att. #1, Carter Dep. at 144-45, Ex. 16. She later

withdrew her charges, and, on March 11, 2003, was issued a Notice of Right to

Sue by the EEOC. Id. at 147-48, Exs. 17 and 18. On June 6, 2003, Carter filed

the instant Complaint in this Court, alleging that defendants discriminated against

her on the basis of her race, sex, disability and age, and seeking damages for her

work related injury.[5] Doc. #1. Defendants have filed a Motion for Summary

Judgment. Doc. #29.


II.   STANDARDS GOVERNING A MOTION FOR SUMMARY JUDGMENT

Summary judgment must be entered "against a party who fails to make a

---

[4]Carter points to no evidence indicating when this occurred.

[5]Carter has not made it clear whether she is bringing her claims pursuant to
federal law, state law or both. However, the same analysis applies to claims
brought under Title VII, the ADEA and also to claims under Ohio state law. See,
Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992); see also, In re
Brantley, 34 Ohio App.3d 320, 518 N.E.2d 602 (1987).

4

Case 9:03-cv-00233-WFR-SLD   Document 58   Filed 03/28/05   Page 8 of 20

showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>

<u>v. Catrett</u>, 477 U.S. 317, 322 (1986).  The moving party:

> always bears the initial responsibility of informing the district court of
> the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

<u>Id.</u> at 323; <u>see also</u> <u>Boretti v. Wiscomb</u>, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must

present evidence that creates a genuine issue of material fact making it necessary

to resolve the difference at trial." <u>Talley v. Bravo Pitino Restaurant, Ltd.</u>, 61 F.3d

1241, 1245 (6th Cir. 1995); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 250 (1986). Once the burden of production has so shifted, the party

opposing summary judgment cannot rest on its pleadings or merely reassert its

previous allegations, it is not sufficient to "simply show that there is some

metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith</u>

<u>Radio Corp.</u>, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party

to go beyond the [unverified] pleadings" and present some type of evidentiary

material in support of its position. <u>Celotex Corp.</u>, 477 U.S. at 324. "The plaintiff

must present more than a scintilla of evidence in support of his position; the

evidence must be such that a jury could reasonably find for the plaintiff." <u>Michigan</u>

<u>Protection and Advocacy Serv., Inc. v. Babin</u>, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment "shall be rendered forthwith if the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the
affidavits, if any, show there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).
Summary judgment shall be denied "[i]f there are … 'genuine factual issues that
properly can be resolved only by a finder of fact because they may reasonably be
resolved in favor of either party.'"  Hancock v. Dodson, 958 F.2d 1367, 1374 (6th
Cir. 1992) (citation omitted).  In determining whether a genuine issue of material
fact exists, a court must assume as true the evidence of the nonmoving party and
draw all reasonable inferences in favor of that party.  Anderson, 477 U.S. at 255.
If the parties present conflicting evidence, a court may not decide which evidence
to believe, by determining which parties' affiants are more credible; rather,
credibility determinations must be left to the fact-finder.  10A Wright, Miller &
Kane, Federal Practice and Procedure, § 2726.

In ruling on a motion for summary judgment (in other words, in determining
whether there is a genuine issue of material fact), "[a] district court is not …
obligated to wade through and search the entire record for some specific facts that
might support the nonmoving party's claim."  InterRoyal Corp. v. Sponseller, 889
F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S.
Heath & Son, Inc. v. AT&T Information Sys., Inc., 9 F.3d 561 (7th Cir. 1993);
Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir.), cert. denied, 506

U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift

through the record in search of evidence to support a party's opposition to

summary judgment …").  Thus, a court is entitled to rely, in determining whether a

genuine issue of material fact exists on a particular issue, only upon those portions

of the verified pleadings, depositions, answers to interrogatories and admissions on

file, together with any affidavits submitted, specifically called to its attention by

the parties.


III.    ANALYSIS

        The Defendants argue that all of Carter's claims fail, as a matter of law,

because she has failed to raise a genuine issue of material fact on essential

elements for which she will bear the burden of proof at trial. They also argue that a

number of her claims fail for procedural reasons. For analytical purposes, the Court

will first address the Defendants' procedural arguments and then their substantive

arguments.


        A. Defendants' Procedural Arguments

        1.      Plaintiff's Claims Against the Individual Defendants

        Carter attempts to hold Defendants Munley, Polvinn and Polk personally

liable because of their alleged failure to adequately respond to her complaints of

harassment and discrimination. Doc. #29, Att. #1, Carter Dep. at 175-76. Under

Case 9:03-cv-09203-WFH-SUO   Document 58   Filed 03/28/05   Page 8 of 20

federal law, an individual employee or supervisor may not be held personally liable

for the workplace discrimination and harassment, whether the harassing behavior is

their own or others. Wathen v. General Elec. Co., 115 F.3d 400 (6th Cir. 1997).[6]

Consequently, Defendants' Motion for Summary Judgment on behalf of

Defendants Munley, Polvinn and Polk is SUSTAINED.

2.    Plaintiff's Claims of Age, Sex and Disability Discrimination

In order to maintain her claims under Title VII, the Americans with

Disabilities Act and the Age Discrimination in Employment Act, Carter must

demonstrate that she first filed administrative charges of discrimination. See, Ang

v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir.1991). Carter's allegations

to the EEOC alleged only discrimination based on race. Carter Dep. 144, Ex. 16.

Consequently, her claims of age, gender and disability discrimination are barred as

a matter of law, and the Defendants' Motion for Summary Judgment as to her

claims of age, gender and disability discrimination is SUSTAINED. Only her claims

---

[6]However, under Ohio state law, individual supervisors or managers may be
held personally liable for their own harassing conduct.  Genaro v. Cent. Transport,
Inc., 84 Ohio St.3d 293, 703 N.E.2d 782 (1999). Because Carter's allegations
against the individually named Defendants is for their alleged failure to respond to
her complaints about harassment, because she has introduced no evidence that
would indicate that any of them took part in any of the allegedly harassing acts,
and because she has introduced no evidence that would indicate that they are her
supervisors or managers, her claims against them fail as a matter of both state and
federal law.

of race discrimination under Title VII remain.[7]

### 3. Portions of Plaintiff's Claims Are Time-Barred

The Defendants, in their final procedural challenge, argue that many of the incidents complained of by Carter are time-barred. Title VII requires that charges of discrimination be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Carter argues that all of her claims represent a continuing violation and therefore the statute of limitations does not apply. To the extent that she refers to events that occurred more than 300 days before she filed her EEOC charge, those acts are not independently actionable. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 122 S.Ct. 2061(2002). However, she may refer to those acts to support her hostile work environment claim and as background evidence to support those individual claims that occurred within the statute of limitations. Id. at 113, 118.[8]  Carter filed her administrative charge on August 15,

---

[7]In addition Carter has admitted that she is 39 years of age. Doc. #40 at 11. Consequently, she is not among the protected class the act was intended to protect, and her claims of age discrimination fail for that reason, as well. See, 29 U.S.C. § 631.

[8]She is incorrect in relying on the "continuing violation" doctrine, however. According to that doctrine, a discrete act remains actionable past the time it would normally be barred by the statute of limitations, if it is part of a series of continuing or serial violations, at least one of which occurred within the period of the statute of limitations. The Supreme Court specifically addressed the doctrine in Morgan and held it to be unavailing. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 122 S.Ct. 2061(2002). In that case, the plaintiff alleged several discrete discriminatory and retaliatory acts, some of which occurred within 300

9

2002 . Doc. #29, Att. #1, Carter Dep. at 144-45, Ex. 16. Consequently, only

those acts that occurred after October 19, 2001, are individually actionable.


    B. <u>Substantive Arguments</u>

    1.    Individual Discriminatory Acts

    In <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817,

(1973), the Supreme Court set forth a systematic paradigm for courts to analyze

claims of discrimination brought pursuant to Title VII. In lieu of direct evidence of

discrimination, which she has not adduced, the <u>McDonnell Douglas</u> framework

requires the plaintiff to establish a prima facie claim of discrimination at the outset.

<u>See</u> <u>id.</u> at 802.  "The burden then must shift to the employer to articulate some

legitimate, nondiscriminatory reason" for the alleged discriminatory action. <u>Id.</u> "If

the employer carries this burden, the plaintiff must then prove by a preponderance

of the evidence that the reasons offered by the employer were a pretext for

discrimination.  The ultimate burden of persuasion remains at all times with the

plaintiff."  <u>Newman v. Federal Exp. Corp.</u>, 266 F.3d 401, 405 (6th Cir. 2001)

(citations and internal quotations omitted).

    To establish a prima facie claim of discrimination, a plaintiff must show that

she (1) is a member of a protected class, (2) was qualified for her position (3)

---

days of the time he filed his EEOC complaint, and some of which occurred prior to
that time period. <u>Id.</u> at 106. The Supreme Court held that only incidents that took
place within the timely filing period were actionable. <u>Id.</u> at 114.

10

suffered an adverse employment decision, and (4) was treated differently than similarly situated non-protected employees (i.e., demoted, not promoted, disciplined, or terminated where others in like circumstances were not). See id.; see also McDonnell Douglas, 411 U.S. at 802. Accepting *arguendo* that all of Carter's complained of acts individually rise to the level of adverse employment actions, she still fails to establish a prima facie case of discrimination, because she has failed to introduce sufficient evidence to raise a genuine issue of fact regarding the fourth element. "In order for the two [employees] to be considered similarly-situated; ...the plaintiff and the employee with whom the plaintiff seeks to compare [] herself must be similar in all of the relevant aspects." Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344 (6th Cir. 1998) (internal citations and quotations omitted); see also, Mitchell, supra at 583 ("to be deemed 'similarly-situated', the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.").

For most of her complained-of acts, she fails to point to anyone not in the protected class who was treated differently.[9] For her claims regarding the

---

[9]Indeed, for some she alleges that she was treated uniquely, differently from both members and non-members of her protected class.

11

assignment of overtime, she does point to three white employees who were treated differently (Doc. #29, Att. #1, Carter Dep. at 97), but offers no evidence that would allow a reasonable jury to conclude that she and the employees she compares herself to were similarly situated.[10] Having failed to offer evidence from which a reasonable jury could conclude that she was treated differently than similarly situated, non-protected employees, Carter has failed to raise a genuine issue of material fact on the fourth prong of the McDonnell Douglass analysis, and has therefore, failed to establish a prima facie case. Consequently, the Defendants' Motion for Summary Judgment on Carter's claims of race discrimination, based on individual discriminatory acts, is SUSTAINED.

    2.    Hostile Work Environment

    Taken individually, Carter's complained-of acts do not amount to discrimination. However, Carter also argues that those same acts, taken together, served to create a hostile work environment. "A hostile work environment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's

_____

    [10]Her complaint also alleges that several white employees were assigned jobs that she should have been assigned. Doc. #1, ¶ 2. However, she has offered no evidence to support this contention. In responding to a motion for summary judgment the non-moving party may not rely on their complaint to create a genuine issue of material fact. See Celotex supra. Carter has failed to introduce evidence to support this contention; therefore, Defendants' Motion for Summary Judgment is SUSTAINED.

employment and create an abusive working environment." Bowman v. Shawnee

State University, 220 F.3d 456, 463 (6th Cir. 2000) (quoting Harris v. Forklift Sys.,

Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). In order to

establish a hostile work environment claim, an employee must demonstrate that: 1)

the employee is a member of a protected class, 2) the employee was subject to

harassment, 3) the harassment was based on the employee's membership in the

protected class, 4) the harassment created a hostile work environment, and 5) the

employer failed to take reasonable care to prevent and correct any harassing

behavior. See Williams v. General Motors Corp., 187 F.3d 553, 560-61 (6th Cir.

1999).

     To demonstrate that she was subjected to a hostile work environment,

Carter is required to meet both an objective and a subjective test. Harris 510 U.S.

at 21-22, 114 S.Ct. 367. To demonstrate that the conduct created an objectively

hostile or abusive work environment, she must show that the conduct was severe

or pervasive enough to create an environment that a reasonable person would find

hostile or abusive. Id. To meet the subjective test, she must show that she

subjectively regarded that environment as abusive. Id.

     The court must consider the totality of the circumstances when determining

whether, objectively, the alleged harassment is sufficiently severe or pervasive to

constitute a hostile work environment. Bowman 220 F.3d at 463. "[T]he issue is

not whether each incident of harassment standing alone is sufficient to sustain the

Case 3:03-cv-00266-WHR-SLO    Document 36    Filed 03/29/05    Page 14 of 20

cause of action in a hostile environment case, but whether – taken together – the
reported incidents make out such a case." <u>Williams</u> 187 F.3d at 562. Isolated
incidents, unless extremely serious, will not amount to discriminatory changes in
the terms or conditions of employment. <u>Bowman</u> 220 F.3d at 463. Appropriate
factors for the court to consider when determining whether conduct is severe or
pervasive enough to constitute a hostile work environment "include the frequency
of the discriminatory conduct; its severity; whether it is physically threatening or
humiliating, or a mere offensive utterance; and whether it unreasonably interferes
with an employee's work performance." <u>Id.</u> (quoting <u>Harris</u> 510 U.S. at 23, 114
S.Ct. 367).

Any unequal treatment of an employee that would not have occurred but for
the employee's race may, if sufficiently severe or pervasive under the <u>Harris</u>
standard, constitute a hostile environment in violation of Title VII. <u>See, id.</u>
However, "Title VII does not prohibit all verbal or physical harassment in the
workplace…," it is directed only at discrimination because of membership in a
protected class. <u>See, Oncale v. Sundowner Offshore Serv., Inc.</u>, 523 U.S. 75, 80,
118 S.Ct. 998, 140 L.Ed.2d 201 (1998). The critical issue is whether members of
one race are exposed to disadvantageous terms or conditions of employment to
which members of the other race are not exposed. <u>Jackson v. Quanex Corp.</u>, 191
F.3d 647, 662 (6th Cir.1999).

Even were Carter able to demonstrate that the acts she complains of were

Case 3:03-cv-02061-WHR-SLC   Document 96   Filed 03/29/05   Page 15 of 20

sufficient to create a hostile work environment, her claim would fail because she

has failed to offer sufficient evidence to allow a reasonable jury to determine that it

was a racially hostile work environment. As evidence that she was subjected to a

hostile work environment because of her race, Carter offers the statement of Kim

Cornelle, a manager at Delphi, who used the phrase "you people," while speaking

to her and two other African-American workers. Carter Dep. at 39-40. She also

alleges that several African-American employees complained to her of

discriminatory treatment at Delphi. Carter Dep. at 92. These two facts are

insufficient to raise a genuine issue of material fact that the environment Carter

complains of was based on her race.

Even accepting Carter's view that Cornelle's comment was racially based, a

single race-based comment is insufficient to establish that a hostile work

environment was a racially hostile work environment. See, Diamond v. U.S. Postal

Service, 29 Fed.Appx. 207, 211 (6th Cir. 2002) (unpublished decision). Carter's

testimony, in her deposition, that other African-American employees complained to

her about discriminatory treatment at Delphi is equally unavailing. The court, in

ruling on a motion for summary judgment, is to consider only admissible evidence.

See, Carter v. Univ. of Toledo, 349 F.3d 269, 274 (6th Cir.2003). The hearsay

evidence offered by Carter, that other African-American's believed that they had

received discriminatory treatment at Delphi, cannot be used to support her

contention that she was treated in a discriminatory manner.

15

As has been discussed earlier, Carter has introduced insufficient evidence to support the conclusion that the individual acts she complains of were committed because of her race, and she has here introduced insufficient evidence to support a conclusion that the allegedly hostile work environment she complains of was hostile because of her race. Thus, Carter has failed to introduce sufficient evidence to raise a genuine issue of material fact on her claim that she was subjected to a hostile work environment because of her race. Because she has not introduced evidence sufficient to support her prima facie case, there is no need to analyze whether the Defendants took reasonable care to prevent and correct the allegedly harassing behavior. See, Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct. 2275, (1998) (setting forth standard for affirmative defense to a hostile work environment claim where no tangible employment action is taken). The Defendants' Motion for Summary Judgment on Carter's hostile work environment claim is SUSTAINED.

3.    Retaliation

Carter, in her complaint, has alleged that Delphi retaliated against her for complaining about her "concerns" (Doc. #1 ¶ 5) and for reporting an OSHA violation (Id. ¶ 8). First, she claims she was retaliated against when a plant manager and an employee from human resources, "walked into the department, glared at me, then turned around and walked out of the department without saying

16

a word." Doc. #1 ¶ 5. <u>Second</u>, she claims she was retaliated against when her

supervisors "began to watch what time I left and returned from all breaks,

appointments…, committee man calls and grievance complaints. [And she] was

told that [her] line was being 'watched' but no reason was given as to why." <u>Id.</u> ¶

8.

      To establish a claim of retaliation, a plaintiff must demonstrate that: 1) she

engaged in protected activity; 2) the exercise of the plaintiff's rights was known by

the defendant; 3) the plaintiff suffered an adverse employment action; and, 4)

there was a causal connection between the protected activity and the adverse

employment action. <u>Williams v. General Motors Corp.</u>, 187 F.3d 553, 568 (6th Cir.

1999). With respect to the third element of the prima facie case, the adverse

employment action must be "materially adverse" for the plaintiff to succeed on a

Title VII claim. <u>See</u> <u>Hollins v. Atlantic Co.</u>, 188 F.3d 652, 662 (6th Cir.1999);

<u>Kocsis v. Multi-Care Management, Inc.</u>, 97 F.3d 876, 886 (6th Cir.1996). The

Sixth Circuit has noted the requirements for establishing a materially adverse

employment action:

> [A] materially adverse change in the terms and conditions of
> employment must be more disruptive than a mere inconvenience or an
> alteration of job responsibilities. A materially adverse change might be
> indicated by a termination of employment, a demotion evidenced by a
> decrease in wage or salary, a less distinguished title, a material loss of
> benefits, significantly diminished material responsibilities, or other
> indices that might be unique to a particular situation.

<u>Hollins</u>, 188 F.3d at 662. <u>De</u> <u>minimis</u> employment actions are not materially

17

05-44481-rdd Doc 19321 Filed 01/14/10 Entered 01/14/10 19:58:22 Main Document
Pg 95 of 123
Case 3:03-cv-02263-WHR-SLO Document 36 Filed 03/28/05 Page 18 of 20

adverse and, thus, not actionable. <u>Ford v. General Motors Corp.</u>, 305 F.3d 545, 553 (6th Cir. 2002). Even accepting arguendo that Carter has established all of the other elements of her prima facie case, no reasonable jury could find that the acts she complains of constitute a materially adverse employment action. <u>Cf.</u> <u>Ford</u>, <u>supra</u> (heightened scrutiny, significantly increased workload and constructive discharge, taken together, were sufficient to demonstrate materially adverse employment action). Because Carter has failed to introduce evidence sufficient to create a genuine issue of material fact on a matter for which she will bear the burden of proof at trial, the Defendants' Motion for Summary Judgment is SUSTAINED as to her claim of retaliation.

4.      Recovery for Workplace Injury

Carter also seeks to recover damages for an injury she received while working. Doc. #1 at 6. In 1998, she injured her back, neck and both shoulders while on the job. Doc. #29, Att. #1, Carter Dep. At 21-22. Ohio's workers' compensation laws prevent employees who are injured on the job from suing their employer to recover for the injuries incurred. O.R.C. § 4123.74. However, an employee may recover damages for the intentional torts of his employer. <u>Johnson v. BP Chemicals, Inc.</u>, 85 Ohio St.3d 298, 707 N.E.2d 1107 (1999). To establish a claim based on the intentional tort of his employer, the plaintiff must prove:

1)      knowledge by the employer of the existence of a dangerous
        process, procedure, instrumentality or condition within its

18

business operation;

2)      knowledge by the employer that if the employee is subjected by
his employment to such a dangerous process, procedure,
instrumentality, or condition, then harm to the employee will be
a substantial certainty; and

3)      that the employer, under such circumstances, and with such
knowledge, did act to require the employee to continue to
perform the dangerous task.

Fyffe v. Jeno, 59 Ohio St.3d 115, 570 N.E.2d 1108 (Ohio 1991); see also,

Johnson, supra. Carter has offered no evidence that would allow a reasonable jury

to infer that any of the elements necessary to recover from Delphi for her

workplace injury exist. Because she has failed to raise a genuine issue of material

fact on a matter for which she will bear the burden of proof at trial, the

Defendants' Motion for Summary Judgment on Carter's claims regarding her

workplace injury is SUSTAINED.


IV.     CONCLUSION

The Defendants' Motion for Summary Judgment (Doc. #29) is SUSTAINED

as to all of Carter's claims.

Judgment is to be entered on behalf of the Defendants and against the

Plaintiff.

The above captioned cause is hereby ordered terminated upon the docket

records of the United States District Court for the Southern District of Ohio,

19

Western Division, at Dayton.

March 28, 2005

                                _/s/ Walter Herbert Rice_____
                                WALTER HERBERT RICE, JUDGE
                                UNITED STATES DISTRICT COURT

Copies to:
Counsel of record

# **EXHIBIT C**

## United States District Court for the _____ Southern _____

District of ___Ohio_____

Western Division at Dayton, Ohio

SHARYL Y. CARTER
_____

_____

_____

**Plaintiff,**

vs.

CASE NO.___ 3:2003-cv-00205

[Judge Walter Herbert Rice]

DELPHI HARRISON THERMAL SYSTEMS

[Magistrate Judge Ovington]

TOM MUNLEY, MARY ANN POLVINN
_____

AND JACQUELYN POLK,
_____

**Defendant.**

# NOTICE OF APPEAL

Notice is hereby given that ___Plaintiff Sharyl Y. Carter___ , hereby appeal **s**

(here name all parties taking the appeal)

to the United States Court of Appeals for the Sixth Circuit from ___Judgment in a Civil___ Case &

(the final judgment)

Decision And Entry Sustaining Defendants' Motion for Summary Judgment
(Doc. #29); Judgment to be Entered on Behalf of Defendant and Agai
Against the Plaintiff; Termination Entry  entered on March 28, 2005.

_____ s/ Geoffrey P. Damon, Esq.

Trial Attorney for Plaintiff

Ohio S. Ct. Reg. # 0029397

2900 Carew Tower

441 Vine Street
Cincinnati, Ohio  45202

(513) 345-1427
(513) 579-1418 (FAX)
gdamon@damonlawoffice.com

Case No.: 3:2003-cv-00205
*Sharyl A. Carter, et.al. v. Delphi Harrison Thermal Systems, et.al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2005, that I have filed this document with the Clerk of the United States District Court, through the CM\ECF system and that the following CM\ECF participants will immediately receive notice of its filing through the CM\ECF system:

**Lori A. Clary, Esq.**
**Jones Day**
**P.O. Box 165017**
**Columbus, Ohio 43216-5017**
laclary@jonesday.com

**Johanna Fabrizio Parker, Esq.**
**Jones Day**
**North Point**
**901 Lakeside Avenue**
**Cleveland, Ohio 44114**
jfparker@jonesday.com

**Robert S. Walker, Esq.**
**Jones Day**
**North Point**
**901 Lakeside Avenue**
**Cleveland, Ohio 44114**
rswalker@jonesday.com

**George Andrew Katchmer, Jr.**
**P.O. Box 4235**
**17 South St. Clair Street, Suite 320**
**Dayton, Ohio 45401-4235**
gkatchmer@daytondefenselawyers.com

s/ *Geoffrey P. Damon, Esq.*
Geoffrey P. Damon, Esq. [0029397]
Trial Attorney for Plaintiff
2900 Carew Tower
441 Vine Street
Cincinnati, OH 45202
513-345-1427
513-5791418 (FAX)
gdamon@damonlawoffice.com

1

# **<u>EXHIBIT D</u>**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
        In re                           :   Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :   Case No. 05-44481 (RDD)
                                        :
                       Debtors.         :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants, LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On or before April 20, 2006, I caused to be served the documents listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

1)  Notice of Bar Date for Filing Proofs of Claim [a copy of which is attached hereto as Exhibit B]

2)  Proof of Claim form [a copy of which is attached hereto as Exhibit C]

Dated:  April 28, 2006

                                        _____/s/ Evan Gershbein_____
                                        Evan Gershbein

Subscribed and sworn to (or affirmed) before me on this 28th day of April, 2006, by Evan Gershbein, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature : _____/s/ Amy Lee Huh_____

Commission Expires: _____3/15/09_____

# EXHIBIT A

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Carter Rhonda | | 313 Chewalca Dr | | | Gadsden | AL | 35906 | |
| Carter Richard | | 15393 Chickenbristle Rd | | | Farmersville | OH | 45325-9247 | |
| Carter Richard | | 4590 Shadigee Rd | | | Newfane | NY | 14108 | |
| Carter Richard | | 5309 Columbus Ave | | | Sandusky | OH | 44870 | |
| Carter Rickey | | 217 Densmore Rd | | | Joppa | AL | 35087 | |
| Carter Robert | | 11464 Somerset Trail | | | Concord | OH | 44077 | |
| Carter Robert | | PO Box 17554 | | | Dayton | OH | 45417 | |
| Carter Robert | | PO Box 537 | | | Cortland | OH | 44410-0537 | |
| Carter Ronald | | 3300 Williams Dr | | | Kokomo | IN | 46902 | |
| Carter Roosevelt | | 5175 Causeyville Rd | | | Meridian | MS | 39301 | |
| Carter Ross Rosie | | 1737 Linden Ave | | | Racine | WI | 53403 | |
| Carter Sarah | | 1941 Spruce Dr | | | Carmel | IN | 46033 | |
| Carter Sarah | | 6330 Belmont Pl | | | Saginaw | MI | 48603 | |
| Carter Shana | | 5030 Germantown Pk | | | Dayton | OH | 45418 | |
| Carter Shannon | | 172 Stonybrook Trl Se | | | Bogue Chitto | MS | 39629 | |
| Carter Shannon | | 62 Labelle St | | | Dayton | OH | 45403 | |
| Carter Sharyl | | 92 Woolery Ln C | | | Clayton | OH | 45415 | |
| Carter Sharyl Yvette | | Damon Law Office | 441 Vine St | Ste 2900 Carew Tower | Cincinnati | OH | 45202 | |
| Carter Shawn | | 4818 S Madison Ave | | | Anderson | IN | 46013 | |
| Carter Sheila | | 2109 Cobblestone Dr | | | Kokomo | IN | 46902 | |
| Carter Sonya | | 414 Maryland St Ne | | | Warren | OH | 44483-2714 | |
| Carter Stanly B | | 5530 11th Ave E | | | Northport | AL | 35473-7644 | |
| Carter Stephanie | | 217 Densmore Rd | | | Joppa | AL | 35087 | |
| Carter Steven | | 6197 W 900 N | | | Frankton | IN | 46044 | |
| Carter Susan Joyce | | 1105 Glacier Court | | | Windsor | CO | 80550 | |
| Carter Susan M | | 6 Saratoga Ct | | | N Little Rock | AR | 72116-4421 | |
| Carter T | | 14 Rowan Rd Lower | | | Cheektowaga | NY | 14215 | |
| Carter T Peek | | 2529 Peyton Woods Tr Sw | | | Atlanta | GA | 30311-2137 | |
| Carter Terry | | 3525 Nash St | | | Riverside | CA | 92501 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Sharron E Thomas | | 17322 Cambridge Ave | | | Southfield | MI | 48076-3522 | |
| Sharron H Mitchell | | 344 Overlook Circle | | | Jackson | MS | 39213-2305 | |
| Sharron I Adkins | | 1746 Eleanor Ave | | | Saint Paul | MN | 55116-1438 | |
| Sharron J Holmes | | 267 Highgate Ave | | | Buffalo | NY | 14215-1023 | |
| Sharron Jouppi | | Co Sharon Jouppi | 1011 W Windemere | | Royal Oak | MI | 48073-5216 | |
| Sharron K Vinton and Mary A Vinton | | Vinton Trust Ua Dtd 42604 | 8810 S Gera Rd | | Birch Run | MI | 48415 | |
| Sharron L Allen | | 11661 Se 52nd St | | | Bellevue | WA | 98006-3305 | |
| Sharron L Brunner | | 4101 S Sheridan Rd Lot 06 | | | Lennon | MI | 48449-9412 | |
| Sharron L Brunner | | 4101 S Sheridan Rdlot 6 | | | Lennon | MI | 48449 | |
| Sharron L Clair and Russell N | | Clair Jt Ten | 314 Nesbit Ln | | Rochester Hills | MI | 48309-2176 | |
| Sharron L Stoelzl and | | Peter W Stoelzl Jt Ten | 190 Butterfield Dr | | Novato | CA | 94945-1439 | |
| Sharron L Totten | | 5346 W Frances Rd | | | Clio | MI | 48420-8550 | |
| Sharron P Jobst | | 4018 Neff | | | Detroit | MI | 48224-1415 | |
| Sharron Pollack | | 6344 Wydown Blv | | | St Louis | MO | 63105 | |
| Sharron Vester | | Apt 10 G | 215 S 9th Ave | | Mount Vernon | NY | 10550-3785 | |
| Sharts Jr Stewart | | 6154 East Ave | | | Newfane | NY | 14108 | |
| Sharts Steven | | 2694 Vanhorn Ave | | | Newfane | NY | 14108 | |
| Sharts Stewart L | | 6154 East Ave | | | Newfane | NY | 14108-1328 | |
| Sharvonne Ferguson | | 6023 Ryder Ave | | | Charlotte | NC | 28226-8309 | |
| Sharyl A Mccarthy | | 3403 W 109th Circle | | | Westminster | CO | 80031-6818 | |
| Sharyl J Nye and David G | | Nye Jt Ten | 2713 Hunterwood Dr | | Decatur | AL | 35603-5637 | |
| Sharyl L Jennaro and | | Virginia L Jennaro Jt Ten | 2321 Ne 32nd Court | | Lghthse Point | FL | 33064-8162 | |
| Sharyl Yvette Carter On Appeal | | Damon Law Office | 441 Vine St | Ste 2900 Carew Tower | Cincinnati | OH | 45202 | |
| Sharyn A Mcintyre | | 7153 Steeplechase Way | | | Lansing | MI | 48917-8852 | |
| Sharyn B Greberman | | 1101 Dale Dr | | | Silver Spring | MD | 20910-1607 | |
| Sharyn J Heinzerling | | 608 Dell Ridge Dr | | | Dayton | OH | 45429-1341 | |
| Sharyn L Andrews | | 580 Main St | | | Woburn | MA | 01801-2924 | |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

In re                    :     Chapter 11
                      :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                      :

            Debtors.    :     (Jointly Administered)
                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

TO ALL CREDITORS OF THE DEBTORS, AND OTHER PARTIES-IN-INTEREST:

PLEASE TAKE NOTICE THAT:

In accordance with an order entered on April 12, 2006 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 cases (the "Bar Date Order"), **5:00 p.m. Eastern Time on July 31, 2006** (the "General Bar Date") has been established as the last date for each person or entity (including individuals, partnerships, corporations, limited liability companies, estates, trusts, unions, indenture trustees, the United States Trustee, and governmental units) (individually, a "Person" or "Entity," and collectively, "Persons" or "Entities") to file a proof of claim in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  A list of all Debtors in these chapter 11 cases is attached hereto as Exhibit A.

On October 8, 2005, Delphi and certain of its U.S. subsidiaries filed voluntary petitions in the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions in the Bankruptcy Court for reorganization relief under the Bankruptcy Code.  The term "Petition Date" shall mean the date on which each Debtor filed its chapter 11 bankruptcy petition as set forth on Exhibit A attached hereto.  The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before the applicable Petition Date, except for those holders of the claims listed in Section 4 below which are specifically excluded from the General Bar Date filing requirement.

### 1.    Who Must File A Proof Of Claim

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim against any of the Debtors that arose prior to the applicable Petition Date, and such claim is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the applicable Petition Date must be

filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.      **What To File**

The Debtors are enclosing a proof of claim form which you may use to file any claim you may have in these cases.  If the Debtors scheduled you as a creditor in any of the Debtors' schedules of assets and liabilities (as amended from time to time, the "Schedules"), the form sets forth the amount of your claim as scheduled and whether the claim is scheduled as disputed, contingent, or unliquidated.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/bkforms/index.html or at http://www.delphidocket.com.

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by a claimant's authorized agent.  All proofs of claim must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

If any supporting documentation provided with any proof of claim contains confidential information, such documentation will be subject to examination only by the party asserting the claim, the Debtors, the Debtors' counsel and advisers, the United States Trustee, counsel and advisers to the official committee of unsecured creditors appointed in these chapter 11 cases, Kurtzman Carson Consultants, LLC, the claims and noticing agent in these chapter 11 cases, and any personnel of the United States Bankruptcy Court for the Southern District of New York in the performance of their official duties, and such entities have been ordered to maintain the confidentiality of all supporting documentation to any proof of claim and the information contained therein.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's reorganization case.  A list of the names of the Debtors and their reorganization case numbers is attached hereto as Exhibit A.

3.        **When And Where To File**

Except as provided for herein, all proofs of claim must be filed so as to be <u>received</u> no later than **5:00 p.m. Eastern Time on July 31, 2006** at the following address:

If sent by mail:                                        If sent by messenger or overnight courier:

United States Bankruptcy Court            United States Bankruptcy Court
Southern District of New York               Southern District of New York
Delphi Corporation Claims                    Delphi Corporation Claims
Bowling Green Station                          One Bowling Green
P.O. Box 5058                                       Room 534
New York, New York 10274-5058         New York, New York 10004-1408

**Proofs of claim will be deemed filed only when actually received at the addresses above on or before the General Bar Date.**  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

Governmental units must file proofs of claims in these chapter 11 cases on or prior to the General Bar Date.

4.        **Who Need Not File A Proof Of Claim**

You do not need to file a proof of claim on or prior to the General Bar Date if you are:

(a)        Any Person or Entity (i) which agrees with the nature, classification, and amount of its Claim set forth in the Schedules and (ii) whose Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b)        Any Person or Entity which has already properly filed a proof of claim against the correct Debtor;

(c)        Any Person or Entity which asserts a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)        Any Person or Entity which asserts a Claim solely on the basis of future pension or other post-employment benefits, including, without limitation, retiree health care and life insurance; <u>provided, however</u>, that any such Person or Entity which wishes to assert a Claim against any of the Debtors based on anything other than

future pension or other post-employment benefits must file a proof
of claim on or prior to the General Bar Date;[1]

(e)    Any Debtor or any direct or indirect subsidiary of any of the
Debtors in which the Debtors in the aggregate directly or indirectly
own, control or hold with power to vote, 50 percent or more of the
outstanding voting securities of such subsidiary;

(f)    Any Person or Entity whose Claim against a Debtor previously has
been allowed by, or paid pursuant to, an order of the Bankruptcy
Court;

(g)    Any holder of a Claim arising under or in respect of any of the
following issuances of Delphi Corporation senior and junior
subordinated unsecured debt (each, a "Noteholder"): (i) those
certain senior unsecured securities bearing interest at 6.55% and
maturing on June 15, 2006; (ii) those certain senior unsecured
securities bearing interest at 6.50% and maturing on May 1, 2009;
(iii) those certain senior unsecured securities bearing interest at
6.50% and maturing on August 15, 2013; (iv) those certain senior
unsecured securities bearing interest at 7.125% and maturing on
May 1, 2029; (v) those certain 8.25% junior subordinated notes
due 2033; or (vi) those certain adjustable-rate junior subordinated
notes due 2033  (collectively, the "Unsecured Securities"), other
than the indenture trustees of the Unsecured Securities; provided,
however, that any Noteholder who wishes to assert a Claim against
the Debtors that is not based solely upon the outstanding
prepetition principal and interest due on account of its ownership
of such Unsecured Securities must file a proof of claim on or prior
to the General Bar Date in respect of such Claim; and

(h)    Any holder of equity securities of, or other interests in, the Debtors
solely with respect to such holder's ownership interest in or
possession of such equity securities, or other interest; provided,
however, that any such holder which wishes to assert a Claim
against any of the Debtors that is not based solely upon its
ownership of the Debtors' securities, including, but not limited to,
Claims for damages or recision based on the purchase or sale of
such securities, must file a proof of claim on or prior to the General
Bar Date in respect of such Claim.

This notice is being sent to many persons and entities which have had
some relationship with or have done business with the Debtors but may not have an
unpaid claim against the Debtors.  The fact that you have received this Notice does not

---

[1] The bar date for the filing of Proofs of Claim on account of Claims arising from modification to or
termination of future pension or other post-employment benefits will be determined pursuant to an order of
the Bankruptcy Court approving such modification or termination.

necessarily mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5.        Executory Contracts And Unexpired Leases**

Any person or entity which has a claim arising from the rejection of an Executory Contract must file a proof of claim on account of such claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Bankruptcy Court in an order authorizing such rejection.

**6.        Amended Schedule Bar Date**

If the Debtors amend the Schedules on or after the date of this Notice (listed below) to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a claim against a Debtor reflected therein, the bar date for filing a proof of claim in respect of such amended schedule claim is the later of (a) the General Bar Date or (b) 30 calendar days after a claimant is served with notice that the Debtors have amended their Schedules.

**7.        Consequences Of Failure To File A Proof Of Claim By The General Bar Date**

ANY HOLDER OF A CLAIM WHICH IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 4 ABOVE, AND WHICH FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**8.        The Debtors' Schedules And Access Thereto**

You may be listed as the holder of a claim against the Debtors in any of the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases.

To determine if and how you are listed on any of the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed in any of the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide  to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

Copies of any of the Debtors' Schedules are available for inspection online at http://www.delphidocket.com or on the Court's Internet Website at

http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to
Electronic Court Records ("PACER") are required to access this information on the
Court's Internet Website and can be obtained through the PACER Service Center at
http://www.pacer.psc.uscourts.gov.  No login or password is required to access this
information on the Debtors' Legal Information Website (http://www.delphidocket.com).
Copies of any of the Schedules may also be examined between the hours of 9:00 a.m. and
4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court,
One Bowling Green, Room 511, New York, New York 10004-1408.

A holder of a possible claim against any of the Debtors should consult an
attorney regarding any matters not covered by this Notice, such as whether the holder
should file a proof of claim.

Dated:  New York, New York                                        BY ORDER OF THE COURT
        April 12, 2006

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
        John Wm. Butler, Jr.
        John K. Lyons
        Ron E. Meisler
        333 West Wacker Drive, Suite 2100
        Chicago, Illinois  60606

          - and -

         Kayalyn A. Marafioti (KM 9632)
         Thomas J. Matz (TM 5986)
         Four Times Square
         New York, New York 10036


        Attorneys for Delphi Corporation, et al.,
           Debtors and Debtors-in-Possession



**For additional information:**

Delphi Restructuring Information Hotline:
Toll Free:  (866) 688-8740
International:  (248) 813-2602

Delphi Legal Information Website:
http://www.delphidocket.com

# EXHIBIT A

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 1. | Delphi NY Holding Corporation | 20-3383408 | 05-44480 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 2. | Delphi Corporation | 38-3430473 | 05-44481 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 3. | ASEC Manufacturing General Partnership | 73-1474201 | 05-44482 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 4. | ASEC Sales General Partnership | 73-1474151 | 05-44484 | 1301 Main Parkway Catoosa, OK 74015 | October 8, 2005 |
| 5. | Environmental Catalysts, LLC | | 05-44503 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 6. | Delphi Medical Systems Colorado Corporation | 84-1524184 | 05-44507 | 4300 Road 18 Longmont, CO 80504 | October 8, 2005 |
| 7. | Delphi Medical Systems Texas Corporation | 20-2885110 | 05-44511 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 8. | Delphi Medical Systems Corporation | 32-0052827 | 05-44529 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 9. | Specialty Electronics International Ltd. | 66-0522490 | 05-44536 | 69A Kronprindsens Gade (Third Floor) P.O. Box 1858 St. Thomas, VI | October 8, 2005 |
| 10. | Specialty Electronics, Inc. | 57-0755068 | 05-44539 | 19200 Asheville Highway P.O. Box 519 Landrum, SC 29356 | October 8, 2005 |
| 11. | Delphi Liquidation Holding Company | 95-4359324 | 05-44542 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 12. | Delphi Electronics (Holding) LLC | 95-4554161 | 05-44547 | One Corporate Center Kokomo, IN 46904 | October 8, 2005 |
| 13. | Delphi Technologies, Inc. | 38-3430681 | 05-44554 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 14. | Delphi Automotive Systems Tennessee, Inc. | 38-3319836 | 05-44558 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 15. | Delphi Mechatronic Systems, Inc. | 38-3589834 | 05-44567 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 16. | Delphi Automotive Systems Risk Management Corp. | 38-3575299 | 05-44570 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 17. | Exhaust Systems Corporation | 38-3211473 | 05-44573 | 4800 S. Saginaw Street Flint, MI 48501 | October 8, 2005 |
| 18. | Delphi China LLC | 38-3196159 | 05-44577 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 19. | Delphi Automotive Systems Korea, Inc. | 38-2849490 | 05-44580 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 20. | Delphi International Services, Inc. | 38-3439894 | 05-44583 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |

| | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 21. | Delphi Automotive Systems Thailand, Inc. | 38-3379709 | 05-44586 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 22. | Delphi Automotive Systems International, Inc. | 38-3280289 | 05-44589 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 23. | Delphi International Holdings Corp. | 38-3449527 | 05-44591 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 24. | Delphi Automotive Systems Overseas Corporation | 38-3318021 | 05-44593 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 25. | Delphi Automotive Systems (Holding), Inc. | 38-3422378 | 05-44596 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 26. | Delco Electronics Overseas Corporation | 38-2638990 | 05-44610 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 27. | Delphi Diesel Systems Corp. | 38-3505001 | 05-44612 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 28. | Delphi LLC | 37-1438255 | 05-44615 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 29. | Aspire, Inc. | 36-4392806 | 05-44618 | U.S. Route 1 Morrisville, PA 19067 | October 8, 2005 |
| 30. | Delphi Integrated Service Solutions, Inc. | 38-3473261 | 05-44623 | 1322 Rankin Street Troy, MI 48083 | October 8, 2005 |
| 31. | Delphi Connection Systems | 95-2563022 | 05-44624 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 32. | Packard Hughes Interconnect Company | 33-0595219 | 05-44626 | 17150 Von Karman Avenue Irvine, CA 92614 | October 8, 2005 |
| 33. | DREAL, Inc. | 38-3457411 | 05-44627 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 34. | Delphi Automotive Systems Services LLC | 38-3568834 | 05-44632 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 35. | Delphi Services Holding Corporation | 20-0577653 | 05-44633 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 36. | Delphi Automotive Systems Global (Holding), Inc. | 38-3547659 | 05-44636 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 37. | Delphi Foreign Sales Corporation | 66-0564421 | 05-44638 | Chase Trade, Inc. Post Office Box 309420 55-11 Conacao Gade Charlotte Amalie St. Thomas, VI 00803-9420 | October 8, 2005 |
| 38. | Delphi Automotive Systems Human Resources LLC | 38-3547664 | 05-44639 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 39. | Delphi Automotive Systems LLC | 38-3431131 | 05-44640 | 5725 Delphi Drive Troy, MI 48098 | October 8, 2005 |
| 40. | Delphi Furukawa Wiring Systems LLC | 20-2478586 | 05-47452 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |

|  | Entity | Tax / Federal ID Number | Case Number | Address | Date Of Petition Filing |
|---|---|---|---|---|---|
| 41. | Delphi Receivables LLC | 61-1446224 | 05-47459 | 5725 Delphi Drive Troy, MI 48098 | October 14, 2005 |
| 42. | MobileAria, Inc. | 31-1695929 | 05-47474 | 800 West El Camino Real Suite 240 Mountain View, CA 94040 | October 14, 2005 |

# EXHIBIT C

| United States Bankruptcy Court ___ **Southern** District of ___ **New York** | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| **Name and address where notices should be sent:** | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces ☐ amends   a previously filed claim, dated:_____ |
|---|---|

**1.   Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)              (date)

**2.   Date debt was incurred:**

**3.   If court judgment, date obtained:**

**4.   Total Amount of Claim at Time Case Filed:  $** _____  _____  _____  _____
                                                    (unsecured)      (secured)        (priority)       (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.   Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.   Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority   $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8.   Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.   Supporting Documents:**   *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# EXHIBIT E

Delphi Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Sheryl Y Carter | 1541 LaSalle Ave No 1 | Niagara Falls | NY | 14031 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

1/13/2010 1:47 PM
Carter Special Party

# EXHIBIT F

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Banner & Witcoff Ltd | Charles W Shiftley & Binal J Patel | 10 S Wacker Sr Ste 3000 | | Chicago | IL | 60606 | US |
| Blake Cassels & Graydon LLP | James P Dube | Box 25 Comerce Court West | 199 Bay St | Toronto | ON | M5L 1A9 | Canada |
| Buck Consultants LLC | Peter J McCormick | 500 Grant St Ste 2900 | | Pittsburgh | PA | 15219 | US |
| Butzel Long | Thomas B Radom | Stoneridge West | 41000 Woodward Ave | Bloomfield Hills | MI | 48304 | US |
| Cadwalader Wickersham & Taft | James Robinson & Jeannine D Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | US |
| Cantor Colburn LLP | Daniel E Bruso | 55 Griffin Rd South | | Bloomfield | CT | 06002-0000 | US |
| Covington & Burling LLP | Susan Power Johnston | The New York Times Bldg | 620 Eighth Ave | New York | NY | 10018 | US |
| Debevoise & Plimpton LLP | Bryan R Kaplan | 919 Third Ave | | New York | NY | 10022 | US |
| Deloitte & Touche LLP | Brock E Plumb | 600 Renaissance Center | Ste 900 | Detroit | MI | 48243 | US |
| Dickinson Wright PLLC | Allison R Bach | 500 Woodward Ave Ste 4000 | | Detroit | MI | 48226-3425 | US |
| Dickinson Wright PLLC | Kristi A Katsma | 500 Woodward Ave Ste 4000 | | Detroit | MI | 48226 | US |
| DLA Piper LLP | Jennifer L Nassiri | 550 S Hope St Ste 2300 | | Los Angeles | CA | 90071 | US |
| DLA Piper LLP | Karol K Denniston | 550 S Hope St Ste 2300 | | Los Angeles | CA | 90071 | US |
| DLA Piper LLP | Natasha L Johnson | 550 S Hope St Ste 2300 | | Los Angeles | CA | 90071 | US |
| Dykema Gossett PLLC | Ronald L Rose | 39577 Woodward Ave Ste 300 | | Bloomfield Hills | MI | 48304-2820 | US |
| Farrell Fritz PC | Louis A Scarcella | 1320 RXR Plaza | | Uniondale | NY | 11556-1320 | US |
| Foley & Lardner LLP | Joanne Lee | 321 N Clark St Ste 2800 | | Chicago | IL | 60654 | US |
| Foley & Lardner LLP | John A Simon | One Detroit Center | 500 Woodward Ave Ste 2700 | Detroit | MI | 48226-3489 | US |
| Frank Gecker LLP | Jeremy C Kleinman | 325 N LaSalle St Ste 625 | | Chicago | IL | 60654 | US |
| Frank Gecker LLP | Joseph D Frank | 325 N LaSalle St Ste 625 | | Chicago | IL | 60654 | US |
| Gregory P Joseph LLC | Gregory P Joseph | 485 Lexington Ave | | New York | NY | 10017 | US |
| Houlihan Lokey Capital | P Eric Siegert | 225 S Sixth St Ste 4950 | | Minneapolis | MN | 55402 | US |
| Howard & Howard | Jeffrey A Sadowski | 450 W Fourth ST | | Royal Oak | MI | 48067 | US |
| Howard & Howard | Lisa S Gretchko | 450 W Fourth ST | | Royal Oak | MI | 48067 | US |
| Ivins Phillips & Barker | William L Sollee | 1700 Pennsylvania Ave NW Ste 600 | | Washington | DC | 20006 | US |
| Jaeckle Fleischmann & Mugel | Charles C Swanekamp | 12 Fountain Plaza | | Buffalo | NY | 14202-2292 | US |
| Jaeckle Fleischmann & Mugel | Marjorie A Bialy | 12 Fountain Plaza | | Buffalo | NY | 14202-2292 | US |
| Jefferies & Company Inc | Thomas C Carlson | 520 Madison Ave 10th Fl | | New York | NY | 10022 | US |
| Jones Lang LaSalle | Joseph D Frank | 33845 Treasury Center | | Chicago | IL | 60694-1700 | US |
| King & Spaulding | Daniel Egan | 1185 Ave of the Americas | | New York | NY | 10036 | US |
| King & Spaulding | H Slayton Dabney Jr | 1185 Ave of the Americas | | New York | NY | 10036 | US |
| KPMG LLP | Gary A Silberg | 303 E Wacker Dr | | Chicago | IL | 60601 | US |
| Latham & Watkins LLP | Jude Gorman | 885 Third Ave | | New York | NY | 10022-4802 | US |
| Latham & Watkins LLP | Mark A Broude | 885 Third Ave | | New York | NY | 10022-4802 | US |
| Latham & Watkins LLP | Michael Riela | 885 Third Ave | | New York | NY | 10022-4802 | US |
| Latham & Watkins LLP | Mitchell A Seider | 885 Third Ave | | New York | NY | 10022-4802 | US |
| Latham & Watkins LLP | Robert J Rosenberg | 885 Third Ave | | New York | NY | 10022-4802 | US |
| Legal Costs Control Inc | John J Marquess | 255 Kings Hwy East | | Haddonfield | NJ | 08033-0000 | US |
| Loeb & Loeb LLP | Daniel B Besikof | 345 Park Ave | | New York | NY | 10154 | US |
| Loeb & Loeb LLP | P Gregory Schwed | 345 Park Ave | | New York | NY | 10154 | US |
| Mayer Brown LLP | Craig E Reimer | 71 S Wacker Dr | | Chicago | IL | 60606 | US |
| Mayer Brown LLP | Paul J N Roy | 71 S Wacker Dr | | Chicago | IL | 60606 | US |
| MobileAria Inc | Dr Richard C Lind | 800 W El Camino Real Ste 240 | | Mountain View | CA | 94040 | US |
| Moelis & Company | Isaac Lee & William Derrough | 399 park Ave 5th Fl | | New York | NY | 10022 | US |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 2

1/13/2010 1:43 PM
Motion Enlarging Time Special Parties.xlsx

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Pagemill Partners LLC | Milledge A Hart | 2475 Hanover St | | Palo Alto | CA | 94304 | US |
| Price Heneveld Cooper | Kevin T Grzelak | 695 Kenmoor Ave SE | | Grand Rapids | MI | 49501 | US |
| PricewaterhouseCoopers LLP | rian Decker | 1900 St Antoine St | | Detroit | MI | 48226-2263 | US |
| Quinn Emanuel Urquhart | Eric Winston | 865 S Figueroa St 10th Fl | | Los Angeles | CA | 90017 | US |
| Quinn Emanuel Urquhart | Jeffery D McFarland | 865 S Figueroa St 10th Fl | | Los Angeles | CA | 90017 | US |
| Quinn Emanuel Urquhart | Tigran Guledjian | 865 S Figueroa St 10th Fl | | Los Angeles | CA | 90017 | US |
| Rader Fishman & Grauer | Leigh C Taggart | 39533 Woodward Ave Ste 140 | | Bloomfield Hills | MI | 48304 | US |
| Steven Hall & Partners LLC | Pearl Meyer | 645 Fifth Ave | | New York | NY | 10022 | US |
| Thompson Hine & Flory | Benjamin D Feder | 335 Madison Ave 12th Fl | | New York | NY | 10017-4611 | US |
| Thompson Hine & Flory | Lawrence T Burick | 10 W Second St | 2000 Courthouse Plaza NE | Dayton | OH | 45402-1758 | US |
| Togut Segal & Segal | Albert Togut & Neil Berger | One Penn Plaza Ste 3335 | | New York | NY | 10119 | US |
| W Y Campbell & Co | | One Woodward Ave 26th Fl | | Detroit | MI | 48226 | US |
| Wilmer Cutler Pickering | Knute Salhus & Michelle A goldis | 399 Park Ave | | New York | NY | 10022 | US |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 2

1/13/2010 1:43 PM
Motion Enlarging Time Special Parties.xlsx