**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, New York  10022
(212) 705-7000
Jared R. Clark

*Counsel for Deutsche Bank Securities Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
In re:                                                       :  Chapter 11
                                                             :
DPH HOLDINGS CORP., et al.,                                  :  Case No. 05-44481 (RDD)
                                                             :
                      Debtors.                               :  (Jointly Administered)
                                                             :
------------------------------------------------------------ X

**RESPONSE OF DEUTSCHE BANK SECURITIES INC. TO
REORGANIZED DEBTORS' FORTIETH OMNIBUS OBJECTION AS IT RELATES
TO PROOF OF CLAIM NO. 14664**

Deutsche Bank Securities Inc. ("**DBSI**"), by its undersigned counsel, hereby files this response to the Reorganized Debtors' Fortieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain (A) Books and Records Claims, (B) Fully Satisfied Claims, and (C) Objected-To Claims to be Disallowed, (II) Modify and Allow Certain (A) Partially Satisfied Claims, (B) Claims to be Further Modified, (C) Objected-To Claims to be Modified and Allowed, and (III) Allow Certain Claims (the "**Objection**"),[1] insofar as the Objection relates to Claim No. 14664 (the "**Claim**"), and in support thereof, respectfully states:

---

[1] Capitalized terms not defined herein shall have the definitions ascribed to them in the Objection. For the Court's reference, DBSI files this response because it holds the Claim by assignment.

A/73270874.1

## ARGUMENT

**The Objection Misstates the Previously Allowed Claim Amount.**

1. As explained in greater detail below, the Claim was previously allowed by a stipulation and order of the Court entered on or about April 8, 2008 in an amount different than the amount now proposed by the Reorganized Debtors in the Objection. In addition, the proposed allowed amount for the Claim does not take into account the Reorganized Debtors' obligations under the prior stipulation and order. For these reasons, the Reorganized Debtors should be compelled: (i) to revise the Objection to comport with the terms of the prior stipulation and order, and (ii) to comply with the terms of the stipulation and order in all respects.

2. On or about March 28, 2008, the Debtors (as of that date), Cooper Standard Automotive Inc. f/k/a ITT Automotive Fluid Hdg. Syst. ("**Cooper Standard**"), and DBSI entered into a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 14664 (Cooper Standard Automotive Inc. f/k/a ITT Automotive Fluid Hdg. Syst./Deutsche Bank Securities Inc.) (the "**Stipulation and Order**"). On or about April 8, 2008, the Court "so ordered" the Stipulation and Order. A copy of the Stipulation and Order is attached as Exhibit A for reference.

3. The Stipulation and Order allowed the Claim in the amount of $2,250,000, with $48,742.28 (the "**Cure Amount**") of the Claim to be paid by DAS LLC (as defined in the Stipulation and Order) in cash. Ex. A, §§ 1, 4.

4. The previously allowed amount for the Claim, less the Cure Amount, would have resulted in the Claim being allowed in the amount of $2,201,257.72. This is not the allowance

amount sought for the Claim in the Objection. In addition, upon information and belief, Cooper Standard has not received the Cure Amount.

5. DBSI requested clarification on these issues from the Reorganized Debtors, but has not received the requested information. DBSI requested an adjournment of the original January 14, 2010 response deadline to the Objection, to permit the parties time to sort out these issues. The Reorganized Debtors extended DBSI's time to respond to the Objection to today, but declined to further extend DBSI's response deadline. DBSI files this response to the Objection accordingly.

## CONCLUSION

WHEREFORE, for the reasons set forth above, DBSI respectfully requests that the Court overrule the Objection, direct the Reorganized Debtors to amend the allowed amount for the Claim in accordance with the Stipulation and Order, direct the Reorganized Debtors to make payment of the Cure Amount as directed in the Stipulation and Order, and grant such other relief as is just and proper.

Dated: New York, New York
January 19, 2010

BINGHAM McCUTCHEN LLP

/s/ Jared R. Clark
Jared R. Clark
jared.clark@bingham.com
399 Park Avenue
New York, New York 10022
(212) 705-7000

*Counsel for Deutsche Bank Securities Inc.*

# Exhibit A

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :
In re:                                                    :
                                                          :   Chapter 11
DELPHI CORPORATION, et al.,                               :   Case No. 05-44481 [RDD]
                                                          :
                          Debtors.                        :   Jointly Administered
                                                          :
----------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 14664 (COOPER-STANDARD AUTOMOTIVE INC. F/K/A ITT AUTOMOTIVE FLUID HDG. SYST./DEUTSCHE BANK SECURITIES INC.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), Cooper-Standard Automotive Inc. f/k/a ITT Automotive Fluid Hdg. Syst. ("Cooper-Standard") and Deutsche Bank Securities Inc. ("Deutsche Bank") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 14664 (the "Stipulation") and agree and state as follows:

**WHEREAS,** on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS,** on July 31, 2006, Cooper-Standard filed proof of claim number 14664 against Delphi, asserting an unsecured non-priority claim in the amount of $2,624,997.09 for sale of goods (the "Claim"); and

**WHEREAS,** on June 16, 2007, Cooper-Standard transferred the Claim to Deutsche Bank pursuant to a Notice of Transfer (Docket No. 8274); and

**WHEREAS,** on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").; and

**WHEREAS,** on October 18, 2007, Cooper-Standard filed a Response To Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims; (B) Untimely Equity Claim; (C) Insufficiently Documented Claims; (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claim, And (F) Claims Subject To Modification, Tax Claim Subject To Modification And Modified Claims Asserting Reclamation (Docket No. 10636) (the "Response"); and

**WHEREAS,** Cooper-Standard (and its affiliate ITT Higbie Blaylock) received two (2) Notices of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned under Plan of Reorganization (the "Cure Notices") and Cooper-Standard objected to the cure amounts listed in the Cure Notices (the "Cure Objections"); and

**WHEREAS,** on March 28, 2008, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claim and the Cure Objections, DAS LLC, Cooper-Standard and Deutsche Bank entered into a settlement agreement (the "Settlement Agreement"); and

**WHEREAS,** pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $2,250,000 as a general unsecured non-

priority claim, $48,742.28 (the "Cure Amount") of which will be paid in cash as a cure payment with respect to the assumption of P.O. numbers: D0550004857, D0550005537, D0550011362, D0550014214 and D0550026011; and

**WHEREAS,** DAS LLC is authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

**NOW, THEREFORE,** in consideration of the foregoing, the Debtors, Deutsche Bank and Cooper-Standard stipulate and agree as follows:

1. The Claim is hereby allowed in the amount of $2,250,000 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. Without further order of the Court, DASS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the Cure Amount paid on account of the assumption, pursuant to section 365 of the Bankruptcy Code.

3. The Twenty-First Omnibus Claims Objection and the Response are hereby withdrawn with prejudice.

4. The Cure Objections are amended and the cure amounts shall be paid by DAS LLC in cash.

5. This Stipulation does not impact, alter or affect any other proofs of claim that Cooper-Standard or Deutsche Bank may have filed against the Debtors and it relates solely to those matters arising out of or related to the Claim.

Dated:  New York, New York
        March 28, 2008

                                        DELPHI CORPORATION, et al.,
                                        Debtors and Debtors-in-Possession,

By their Bankruptcy Conflicts Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

Dated:   Detroit, Michigan
         March 28, 2008

                COOPER-STANDARD AUTOMOTIVE, INC.,
                By its Counsel,
                BODMAN LLP,
                By

                /s/ Ralph E. McDowell
                RALPH E. MCDOWELL (P39235)
                A Member of the Firm
                6TH Floor at Ford Field
                1901 St. Antoine Street
                Detroit, Michigan 48226
                (313) 393-7592

Dated:
        March 28, 2008

                DEUTSCHE BANK SECURITIES INC.,
                By

                /s/ Scott G. Martin
                Managing Director

                /s/ Ray Costa
                Managing Director


                    **SO ORDERED**

                This 8th day of April, 2008
                   in New York, New York

                  /s/Robert D. Drain
                HONORABLE ROBERT D. DRAIN