**Hearing Date and Time: To Be Set By The Court**
**Objection Deadline: To Be Set By The Court**

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
20 Church Street, 22nd Floor
Hartford, CT  06103-3207
 (860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)
Dbruso@cantorcolburn.com (e-mail)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re                                               :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                                Debtors.            :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY SHEET PURSUANT TO THE UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES UNDER 11 U.S.C. 330**

Name of Applicant:                    **Cantor Colburn LLP**

Authorized to provide
Professional Services to:             **Delphi Corporation, *et al.***

| | |
|---|---|
| Date of Retention Order: | **January 3, 2006**[1] |
| Period for which compensation and reimbursement is sought: | **October 1, 2007 – January 25, 2008** |
| Amount of Compensation requested (Net of Voluntary Reductions): | **$  119,740.00** |
| Amount of Expense Reimbursement requested: | **$    28,417.19** |
| Total Amount of Compensation And Expenses During the Seventh Fee Period: | **$  148,157.19** |
| Payments By the Debtors For Services Rendered and Expenses Incurred During The Seventh Fee Period: | **$ 125,198.09** |
| Amounts Currently Being Held Back By The Debtors: | **$    22,959.10** |
| Voluntary Reductions: (Not Included In Requested Compensation or Reimbursement): | **$    34,407.50** |
| Credits: | **$          0.00** |
| Total Compensation Requested By Cantor Colburn LLP Prior to the Seventh Fee Period: | **$1,451,760.50** |
| Total Reimbursement Requested by Cantor Colburn LLP Prior to the Seventh Fee Period: | **$  315,845.10** |
| Total Compensation Awarded To Cantor Colburn LLP Prior to The Seventh Fee Period: | **$1,446,807.51** |
| Total Reimbursement Awarded To Cantor Colburn LLP Prior to The Seventh Fee Period: | **$  315,845.10** |

This is a:   __X__ Interim and __X__ Final Application

---

[1] The Retention Order was issued *nunc pro tunc* to the Petition Date, October 8, 2006.

Hearing Date and Time: To Be Set By The Court
Objection Deadline: To Be Set By The Court

CANTOR COLBURN LLP
Daniel E. Bruso (DB5232)
20 Church Street, 22nd Floor
Hartford, CT  06103-3207
 (860) 286-2929 (Telephone)
(860) 286-0115 (Facsimile)
Dbruso@cantorcolburn.com (e-mail)

Patent Counsel to Delphi Corporation *et al.*
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
      In re                      :    Chapter 11
                                                       :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                                                       :
                  Debtors.  :    (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SEVENTH APPLICATION OF CANTOR COLBURN LLP FOR ALLOWANCE OF**
**INTERIM AND FINAL COMPENSATION FOR SERVICES RENDERED AND**
**EXPENSES INCURRED PURSUANT TO 11 U.S.C. §§ 330, 331**

Cantor Colburn LLP ("Cantor Colburn"), patent counsel to Delphi Corporation *et al.*,

debtors and debtors-in-possession in the above-referenced cases (collectively "Debtors"), hereby

files its Seventh Application for Interim and Final Compensation for Services Rendered and

Expenses Incurred Pursuant To 11 U.S.C. §§ 330, 331 (the "Application").  This Application

covers the period of October 1, 2007, through and including January 25, 2008 (the "Seventh Fee Period").

Cantor Colburn seeks this Court's approval of final compensation for actual, reasonable and necessary services rendered during the Seventh Fee Period in the amount of One Hundred Nineteen Thousand Seven Hundred Forty and 00/100 Dollars ($119,740.00). Cantor Colburn also seeks this Court's approval of final reimbursement for actual, reasonable and necessary expenses incurred during the Seventh Fee Period in the amount of Twenty-Eight Thousand Four Hundred Seventeen and 19/100 Dollars ($28,417.19). Thus, Cantor Colburn seeks this Court's approval of final compensation for services rendered and expenses incurred during the Seventh Fee Period in the total amount of One Hundred Forty-Eight Thousand One Hundred Fifty-Seven and 19/100 Dollars ($148,157.19).

Prior to the filing of the instant Application, the Debtors paid Cantor Colburn One Hundred Twenty-Five Thousand One Hundred Ninety-Eight and 9/100 Dollars ($125,198.09) for services rendered and expenses incurred during the Seventh Fee Period, all pursuant to the terms of the Interim Compensation Order (defined hereinafter), as amended. The Debtors have held back Twenty-Two Thousand Nine Hundred Fifty-Nine and 10/100 Dollars ($22,959.10), representing a holdback (the "Holdback") required under the Interim Compensation Order. Accordingly, Cantor Colburn requests that this Court authorize, but not require, the Debtors to pay Cantor Colburn the Holdback, on a final basis, all pursuant to 11 U.S.C § 330.

Finally, Cantor Colburn requests that this Court approve, on a final basis and pursuant to 11 U.S.C. §330, the monies that the Debtors paid to Cantor Colburn for services rendered and expenses incurred prior to the Seventh Fee Period. This Court authorized the Debtors to pay Cantor Colburn these monies when it approved Cantor Colburn's fee applications for periods

that predate the Seventh Fee Period.  Cantor Colburn confirms that the Debtors have paid Cantor

Colburn all of these monies.

In support of the instant Application, Cantor Colburn relies upon the pleadings filed to

date, the exhibits annexed hereto, and states as follows.

## I.    INTRODUCTION

1.    On or about October 8, 2005 (the "Petition Date"), Delphi and certain of its U.S.

subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1130, as amended (the "Bankruptcy

Code") in this Court.  On October 14, 2005, three additional U.S. subsidiaries of Delphi

(together with the Initial Filers, collectively, the "Debtors") filed voluntary petitions in

this Court for reorganization relief under the Bankruptcy Code.

2.    On October 17, 2005, the Office of the Unites States Trustee appointed an official

committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner

has been appointed in the Debtors' cases.

3.    As of the date of this Application, and at all times prior thereto, the Debtors operated and

continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to sections 1107(b) and 1108 of the Bankruptcy Code.  This Court entered

orders directing the joint administration of the Debtor's chapter 11 cases (Dockets Nos.

28 and 404).

4.    As set forth more fully below, Cantor Colburn seeks compensation for actual, reasonable

and necessary services rendered during the Sixth Fee Period in the amount of One

Hundred  Nineteen Thousand Seven Hundred Forty and 00/100 Dollars ($119,740.00)

and reimbursement of actual, reasonable and necessary expenses in the amount of

Twenty-Eight Thousand Four Hundred Seventeen and 19/100 Dollars ($ 28,417.19), for a

total of One Hundred Forty-Eight Thousand One Hundred Fifty-Seven and 19/100

Dollars ($148,157.19).

5.    During the Seventh Fee Period, Cantor Colburn expended Six Hundred Eight-Four and

six/tenths (684.6) hours of professional time, including time expended by patent agents

and technical experts.  Cantor Colburn does not seek compensation for services rendered

by paraprofessionals.  Cantor Colburn's blended hourly rate for professional time is One

Hundred Seventy-Four and 91/100 Dollars per hour ($174.91/hr.).

6.    This is Cantor Colburn's seventh interim fee application.  In addition, this is Cantor

Colburn's final fee application.

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

## III.    STATUTORY BASIS FOR RELIEF

8.    The statutory predicates for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

9.    Cantor Colburn prepared and filed the instant Application in accordance with:

a.   11 U.S.C. §§ 330, 331;

b.   Fed. R. Civ. P. 2014, 2016;

c.   The Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Appendix A to 28 C.F.R. § 58 (the "UST Guidelines");

d.   That certain Administrative Order of the United States Bankruptcy Court for the Southern District of New York dated April 19, 1995 and entitled "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases" (the "Local Guidelines");

e.   This Court's November 4, 2005, Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals [Docket No. 0869] (the "Interim Compensation Order"), as amended from time to time;

f.   This Court's supplemental orders dated March 8, 2006, March 28, 2006, May 5, 2006, July 12, 2006, and October 13, 2006 amending the Interim Compensation Order;

g.   This Court's Sixth Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "Sixth Supplemental Interim Compensation Order")dated December 11, 2006; and

h.   The Delphi Bankruptcy – Fee Committee Billing Guidelines (the "Fee Committee Guidelines").

## IV.    INFORMATION ABOUT CANTOR COLBURN AND THE APPLICATION

10.    On or about December 6, 2005, the Debtors applied to retain Cantor Colburn as patent counsel [Docket No. 1455], all pursuant to 11 U.S.C. §§ 327, 1107, which application was allowed by this Court by order dated January 3, 2006.  A copy of the Order [Docket No. 1709] allowing Cantor Colburn's employment is annexed hereto as "Exhibit A".

11.    More particularly, and as set forth in the Debtor's application to employ, Cantor Colburn was retained as patent counsel to the Debtors in order to:

a.    Prepare patent applications in various fields relating to the Debtors' business operations for filing in the United States Patent and Trademark Office, including without limitation applications directed to devices, components, processes and systems relating to inflatable restraints, inflatable cushions, occupant restraints, safety restraints, exhaust treatment, sensors, catalysts, solid oxide fuel cells, fuel control systems and steering systems;

b.    Respond to office actions and otherwise prosecute patent applications before the United States Patent and Trademark Office in the foregoing fields and as otherwise requested by the Debtors;

c.    Render patentability, infringement, and clearance opinions in the foregoing fields and as otherwise requested by the Debtors;

d.    Draft and negotiate intellectual property acquisitions, transfers or licenses relating to the Debtors' business operations in the foregoing fields and as otherwise requested by the Debtors;

e.    Represent the Debtors in actual and contemplated intellectual property and related litigation; and

2GU5571.DOC                                    6

    f.   Perform such other patent and intellectual property related legal services as the Debtors requested from time to time.

12.    As set forth more fully in the Debtor's application to employ Cantor Colburn:

    a.   Cantor Colburn is to be compensated at its usual and customary hourly rates, which range from $150 to $385 per hour, for work performed on the Debtors' behalf;

    b.   Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a patent application for filing before the United States Patent and Trademark Office are capped at Five Thousand and 00/100 Dollars ($5,000.00);

    c.   Unless otherwise agreed to by the Debtors and Cantor Colburn, the professional service fees charged by Cantor Colburn for preparing a response to an office action from the United States Patent and Trademark Office are capped at One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00);

    d.   When the Debtors and Cantor Colburn agree that work to be performed is beyond the scope of a typical patent application or response to an office action, Cantor Colburn's professional service fee will not be subject to the aforementioned caps; and

    e.   For matters other than the preparation of patent applications and responses to office actions, Cantor Colburn will earn its fees on an hourly basis.

13.    In addition, and as set forth more fully in the Debtor's application to employ Cantor Colburn, the Debtors agreed to pay Cantor Colburn for expenses incurred representing the Debtors.  These expenses are in addition to Cantor Colburn's professional service

fees, and are not subject to the professional service fee caps described above. By way of example, but not limitation, expenses include government fees, filing fees, drawing fees, messengers, facsimiles, computerized research, word processing, printing and photocopying, travel, transcripts, parking charges, filing fees, telephone toll charges, secretarial overtime (when attributable to the Debtors' special needs), notary charges, experts and other consultants retained on the Debtors' behalf, and other similar costs and expenses.

14.    Cantor Colburn had rendered services to the Debtors prior to the Petition Date.

15.    Cantor Colburn commenced rendering services to the Debtors' under the Interim Compensation Order effective as of the Petition Date.

16.    The Debtors did not pay, and Cantor Colburn has not received, any retainer as part of the Debtors' retention of Cantor Colburn.

17.    Cantor Colburn seeks compensation for professional services rendered during the Seventh Fee Period in the amount of One Hundred  Nineteen Thousand Seven Hundred Forty and 00/100 Dollars ($119,740.00), which compensation is the net of certain voluntary deductions described more fully below.

18.    In addition, Cantor Colburn seeks reimbursement of actual, reasonable and necessary expenses in the amount of Twenty-Eight Thousand Four Hundred Seventeen and 19/100 Dollars ($ 28,417.19).  Thus, Cantor Colburn seeks total compensation and expense reimbursement in the total amount of One Hundred Forty-Eight Thousand One Hundred Fifty-Seven and 19/100 Dollars ($148,157.19), for services rendered and expenses incurred during the Seventh Fee Period.

19.    The Debtors are the source of the compensation and reimbursement requested herein.

2GU5571.DOC                                    8

20.    The compensation sought by Cantor Colburn is based on the customary compensation

charged by comparably skilled practitioners in cases other than cases under title 11.

21.    Cantor Colburn does not differentiate between clients operating under the provisions of

the United States Bankruptcy Code, and those that are not.  The rates charged to the

Debtors are the same as the rates charged to non-bankruptcy clients.  Moreover, due to

the fee caps described above, the rates charged to the Debtors may, in certain instances,

be less than the rates charged to other clients, whether in bankruptcy or not.

22.    Prior to the filing of the instant Application, and in accordance with the terms of the

Interim Compensation Order and, as amended, Cantor Colburn served monthly

statements articulating the services it rendered and the expenses it incurred, via overnight

delivery, upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n:

General Counsel, (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker

Drive, Suite 2100, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (iii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq. (the

"U.S. Trustee"), (iv) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York, 10022-4802 (Att'n: Robert J.

Rosenberg, Esq.), (v) counsel for the agent under the Debtors' prepetition credit facility,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017

(Att'n: Marissa Wesley, Esq.), and (vi) counsel for the agent under the Debtors' post

petition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New

York, 10017 (Att'n: Marlane Melican, Esq.).

23.    Prior to filing the instant Application, Cantor Colburn previously filed its First, Second,

Third, Fourth, Fifth and Sixth Interim Applications for Compensation for Services

Rendered and Reimbursement of Expenses Incurred, all pursuant to 11 U.S.C. §§ 330,

331 (collectively, the "Prior Fee Applications"), *see* Docket Nos. 3517, 4772, 5912,

7514, 8883 and 11396, respectively (Cantor Colburn's Prior Fee Applications).  In the

Prior Fee Applications, Cantor Colburn sought compensation for actual, reasonable and

necessary services rendered in the total amount of One Million Four Hundred Fifty-One

Thousand Seven Hundred Sixty and 50/100 Dollars ($1,451,760.50) ) and reimbursement

of actual, reasonable and necessary expenses in the amount of Three Hundred Fifteen

Thousand Eight Hundred Forty-Five and 10/100 Dollars ($315,845.10).

24.    This Court allowed each of Cantor Colburn's Prior Fee Applications.  The Court awarded

Cantor Colburn compensation in the total amount of One Million Four Hundred Forty-

Six Thousand Eight Hundred Seven and 51/100 Dollars ($1,446,807.51) and expense

reimbursement in the amount of Three Hundred Fifteen Thousand Eight Hundred Forty-

Five and 10/100 Dollars ($315,845.10).  *See* Docket Nos. 6986, 6997, 7019, 8446, 10742

and 12883 (Orders allowing the Prior Fee Applications).

25.    Thus, based upon the monies that this Court awarded to Cantor Colburn under the Prior

Fee Applications, as of the date of the instant Application, this Court has awarded Cantor

Colburn compensation and expenses in the total amount of One Million Seven Hundred

Sixty-Two Thousand Six Hundred Fifty-Two and 61/200 Dollars ($1,762,652.61).

26.    Cantor Colburn filed each of the Prior Fee Applications on an interim basis pursuant to

11 U.S.C. § 331.

27.    Cantor Colburn has been in full for all agreed upon amounts approved by the Court under

the Prior Fee Applications.

28.    Under the terms of the Interim Compensation Order, as amended, and subject to this

Court's approval of the Application, the Debtors were permitted to pay Cantor Colburn

for services rendered and expenses incurred during, *inter alia*, the Seventh Fee Period,

subject to objections by the Debtors and any of the entities entitled to notice.  In addition,

under the terms of the Interim Compensation Order, as amended, the Debtors were

required to hold back (monies  for which Cantor Colburn had requested compensation

(the "Holdback").

29.     As of the date of the instant Application, Cantor Colburn has not received any objections

to any of the statements or invoices that it submitted to the Debtors or any entity entitled

to notice.  The Debtors have approved the monthly statements, including without

limitation the monthly statements relating to the Seventh Fee Period.

30.    In addition, there remains a Holdback for services that Cantor Colburn rendered during

the Seventh Fee Period in the amount of Twenty-Two Thousand Nine Hundred Fifty-

None and 10/100 Dollars ($22,959.10).

31.    In this Application Cantor Colburn seeks an order authorizing, but not requiring, the

Debtors to pay Cantor Colburn the Holdback of Twenty-Two Thousand Nine Hundred

Fifty-None and 10/100 Dollars ($22,959.10).

## V.    CASE STATUS

32.    Upon information and belief, and based upon the information that Cantor Colburn can

reasonably ascertain, as of the date of the instant Application, the Debtors filed a

disclosure statement and plan, which this Court approved and confirmed.  Cantor Colburn

cannot reasonably ascertain any additional details regarding the Debtors' disclosure

2GU5571.DOC                                    11

statement or plan, whether all quarterly fees have been paid to the United States Trustee,

whether all monthly operating reports have been filed, the Debtors' amount of cash on

hand or on deposit, or the amount and nature of accrued unpaid administrative expenses

or the amount of unencumbered funds, if any, in the Debtors' bankruptcy estate.

## VI.    SUMMARY SHEET

33.    Annexed hereto as "Exhibit B1" is a summary sheet providing:

    a.    The total compensation and expenses for which Cantor Colburn seeks approval of

      during the period of October 1, 2007, through and including November 30, 2007;

    b.    The total compensation and expenses previously awarded by the Court;

    c.    The name and applicable billing rate for each person who billed time during the

      period of October 1, 2007, through and including November 30, 2007, the

      person's initials, the date of admission for each attorney and, in the case of patent

      agents, the date of the agent's admission to the patent bar; and

    d.    The total hours billed and the total amount of compensation requested for each

      person who billed time during the period the period of October 1, 2007, through

      and including November 30, 2007.

34.    On December 1, 2007, Cantor Colburn increased its hourly rates.  These increases

reflected the added value provided by Cantor Colburn's attorneys and professionals and

the increased efficiency of these attorneys and professionals.

35.    Cantor Colburn's increased hourly rates are reflected in Exhibit B2 of this Application,

which provides:

a. The total compensation and expenses reimbursement for which Cantor Colburn

seeks approval of compensation for the period from December 1, 2007, through

and including January 25, 2008, which is the end of the Seventh Fee Period;

b. The total compensation and expenses previously awarded by the Court;

c. The name and applicable billing rate for each person who billed time during the

period of December 1, 2007, through and including January 25, 2008, the

person's initials, the date of admission for each attorney and, in the case of patent

agents, the date of the agent's admission to the patent bar; and

d. The total hours billed and the total amount of compensation requested for each

person who billed time during the period the period of December 1, 2007, through

and including January 25, 2008.

36.   At all times relevant hereto, Cantor Colburn has performed services in accordance with

the terms of the Order approving Cantor Colburn's employment, including without

limitation the fee caps articulated above.

## VII.   PROJECT BILLING RECORDS AND PROJECT CODES

37.   The Fee Committee has established certain Project Codes and Categories, and requested

that all professionals categorize their activities according to the Project Codes and

Categories.

38.   During the Seventh Fee Period, Cantor Colburn performed services and incurred

expenses of Nine Thousand Two Hundred Eighty-Four and 96/100 Dollars (9,284.96) in

Category 7 (Fee/Employment Applications), comprising professional fees of Eight

Thousand Five Hundred Sixty-Eight and 50/100 Dollars ($8,568.50) and expenses of

Seven Hundred Sixteen and 46/100 Dollars ($716.46).

39.     The balance of fees and expenses during the Seventh Fee Period relate to the Debtors'

business operations, all as categorized under Category 3 (Business Operations).

40.     Annexed hereto as Exhibit C is a copy of each invoice for which Cantor Colburn

rendered services during the Seventh Fee Period.

### VIII.    VOLUNTARY REDUCTION OF FEES

41.     Section E of the Local Guidelines requires an applicant submitting a fee application to

disclose whether the applicant is not requesting all of the fees or disbursements for which

it might be entitled based on the applicable hourly rates multiplied by the hours expended

or based on the court order authorizing retention.

42.     As set forth more fully above, Cantor Colburn agreed to cap its professional fees in

certain matters, which is reflected in this Court's order authorizing Cantor Colburn's

employment.

43.     The voluntary reductions for each project in which a reduction occurred total Thirty-Four

Thousand Four Hundred Seven and 50/100 Dollars ($34,407.50), and are set forth in

Exhibit C of this Application.

### IX.    REQUEST FOR REDACTION OF PRIVILEGED OR CONFIDENTIAL INFORMATION

44.     Section C of the Local Guidelines provides that "[i]f there is a need to omit any

information or description of services as privileged or confidential, the applicant may

make such a request of the court; provided, however, that if such a request is granted, the

court may request that it be furnished with a set of unredacted time records for *in camera*

inspection."

45.     Cantor Colburn respectfully requests that it be permitted to redact privileged or

confidential information from the detailed billing records annexed hereto as Exhibit C.

By way of example, certain billing records disclose the title of an invention that is

sufficiently detailed that a competitor might be able to identify the nature of the

invention. In other cases, particularly cases involving non-infringement or patentability

opinions, Cantor Colburn's billing records identify the patent being analyzed. In still

other cases, particular prior art references considered during prosecution of a patent are

disclosed.

46.     The foregoing information comprises Debtors' confidential and privileged information.

47.     In order to avoid disclosing information contained in the detailed billing records annexed

        hereto as Exhibit C and that comprises the Debtor's confidential and privileged

        information, Cantor Colburn has redacted certain time records to remove such

        confidential and privileged information, in accordance with Section C of the Local

        Guidelines.

48.     Cantor Colburn will provide a copy of unredacted detailed billing records for *in camera*

        inspection by the Court upon request, all as set forth in Section C of the Local Guidelines.

### X.    TIMEKEEPERS BILLING LESS THAN TEN HOURS DURING THE SIXTH FEE PERIOD

49.     The Fee Committee Guidelines provide that "[t]imekeepers billing ten (10.00) hours or

        less during the compensation period should be deducted from fees unless explained

        satisfactorily by the firm. The contribution of these timekeepers is usually negligible."

50.     Certain timekeepers identified in Exhibits B1 and B2 billed less than ten (10) hours

        during the Sixth Fee Period. However, these timekeepers' activities are not negligible

        and should be compensated because:

        a.     The timekeepers were performing tasks relating to cases upon which the

               particular timekeeper had previously worked (including work performed pre-

petition) and were therefore familiar, thereby allowing the timekeeper who was most familiar with a particular matter to handle the tasks performed during the Sixth Fee Period more efficiently than another timekeeper;

b. The timekeepers were performing specific tasks relating to their particular responsibilities within Cantor Colburn, and which the particular timekeeper performs more efficiently than other timekeepers;

c. The timekeepers were performing discrete tasks relating to their particular area of expertise, including their area of technical expertise; and

d. The timekeepers' contributions to the particular matter upon which they were working were not negligible.

51.   If another timekeeper had performed these tasks, Cantor Colburn avers that the fees incurred would likely have been higher than those requested in this Application.

52.   Cantor Colburn further avers that it has satisfactorily explained the reasons that certain timekeepers billed less than ten (10) hours during the Seventh Fee Period, that it has complied with the Fee Committee Guidelines, and that it should be compensated for these timekeepers' activities.

## XI.    REIMBURSEMENT OF ACTUAL, REASONABLE AND NECESSARY EXPENSES

53.   Cantor Colburn seeks reimbursement for of amount of actual, reasonable and necessary expenses in the amount of Twenty-Eight Thousand Four Hundred Seventeen and 19/100 Dollars ($28,417.19).

54.   The expenses for which Cantor Colburn seeks reimbursement are summarized on Exhibit B1 and Exhibit B2 and further described, on a project-by-project basis, on Exhibit C.

55.    Cantor Colburn avers that the expenses are reasonable and economical. The expenses are customarily charged to Cantor Colburn's non-bankruptcy clients.

56.    The expenses incurred by Cantor Colburn that are attributable to charges from third parties are limited to the actual amounts billed to, or paid by, Cantor Colburn on behalf of the Debtors.

57.    The expenses incurred by Cantor Colburn reflect the actual cost of such expenses to Cantor Colburn. With regard to charges for photocopies and facsimiles, the charges are no more than the rates allowed under Sections F(1) and F(2) of the Local Guidelines. More particularly, Cantor Colburn charged $0.10 per page for photocopies during the Seventh Fee Period.

## XII.    CERTIFICATION

58.    The undersigned attorney has been designated by Cantor Colburn with responsibility in the Debtors' cases for ensuring that the instant Application is compliance with the Interim Compensation Order, as amended, the Local Guidelines, the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Code and the UST Guidelines.

59.    The undersigned attorney prepared and has read the application.

60.    To the best of the undersigned attorney's knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought herein ball within the Local Guidelines and the UST Guidelines.

61.    Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Cantor Colburn and generally accepted by Cantor Colburn's clients.

62.     In providing reimbursable services, Cantor Colburn does not make a profit on that

        service, whether the service is performed in-house or though a third party.

63.     Cantor Colburn has provided the Debtors, together with the chair of each official

        committee and the individuals identified in the Interim Compensation Order, a statement

        of fees and disbursements accruing during each month, no more than twenty (20) days

        after the end of each month.

### XIII.  PROPOSED ORDER

50.     A proposed Order allowing the Sixth Fee Application is annexed hereto as "Exhibit D".

        WHEREFORE, Cantor Colburn LLP respectfully requests that this Court:

        a.   Approve Cantor Colburn's Seventh Application For Interim and Final

             Compensation For Services Rendered And Reimbursement Of Expenses Pursuant

             To 11 U.S.C. §§ 330, 331;

        b.   Approve Cantor Colburn's request for compensation and reimbursement of

             expenses in the amount of One Hundred Forty-Eight Thousand One Hundred

             Fifty-Seven and 19/100 Dollars ($148,157.19), comprising compensation in the

             amount of One Hundred  Nineteen Thousand Seven Hundred Forty and 00/100

             Dollars ($119,740.00) and expenses in the amount of Twenty-Eight Thousand

             Four Hundred Seventeen and 19/100 Dollars ($ 28,417.19), for services rendered

             and expenses incurred during the Seventh Fee Period;

        c.   Approve, on a final basis, all compensation and reimbursement that the Debtors

             have previously paid to Cantor Colburn, all pursuant to 11 U.S.C. § 330;

        d.   Approve, on a final basis, all compensation and reimbursement that this Court

             previously awarded to Cantor Colburn, all pursuant to 11 U.S.C. § 330;

2GU5571.DOC                                      18

e. Authorize, but not require, the Debtors to pay Cantor Colburn Twenty-Two

Thousand Nine Hundred Fifty-Nine and 10/100 Dollars ($22,959.10),

representing the Holdback for services rendered and expenses incurred during the

Seventh Fee Period; and

f. Grant such other relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED
CANTOR COLBURN LLP

Dated: January 20, 2010          By:___/s/Daniel E. Bruso_____
                                 Daniel E. Bruso (DB-5232)
                                 Cantor Colburn LLP
                                 20 Church Street
                                 22nd Floor
                                 Hartford, CT  06103-3207
                                 (860) 286-2929 (Telephone)
                                 (860) 2986-0115 (Facsimile)
                                 Dbruso@cantorcolburn.com (e-mail)

                                 Patent Counsel to Delphi Corporation *et al.*,
                                 Debtors and Debtors-in-Possession