**Hearing Date:  March 18, 2010**
                                        **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
      In re                                         :        Chapter 11
                                                 :
DPH HOLDINGS CORP., et al.,              :        Case No. 05-44481 (RDD)
                                                 :
                   Reorganized     :        (Jointly Administered)
Debtors.                                     :
                                                 X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 5368 (ANTHONY N. GARDNER)

("STATEMENT OF DISPUTED ISSUES – ANTHONY N. GARDNER")


       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of

Disputed Issues With Respect To Proof Of Claim Number 5368 filed by Anthony N. Gardner (the "Statement Of Disputed Issues") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On May 9, 2006, Mr. Gardner, a retired employee of the Debtors, filed proof of claim number 5368 (the "Proof of Claim") against Delphi Corporation. The Proof of Claim asserts an unliquidated claim for benefits arising under Delphi Corporation's Supplemental Executive Retirement Program ("SERP") (the "Claim").

3. On June 27, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claim, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823), seeking to modify the amount and classification of the Proof of Claim to a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for SERP benefits.

4. On July 14, 2008, Mr. Gardner filed Anthony N. Gardner's Response To Debtors' Thirtieth Omnibus Claims Objection (Docket No. 13949) (the "Response"), asserting that he and the Debtors had purportedly agreed to settle the Proof of Claim in the amount of $800,000.00.

Disputed Issues

A. <u>Delphi Corporation Does Not Owe Mr. Gardner The Amount Asserted In The Proof of Claim</u>

       5.      The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe the amount asserted in the Proof of Claim for SERP benefits.

       6.      <u>SERP Benefits</u>.  The Debtors were authorized, but not directed to, continue making monthly payments of SERP benefits up to $5,000.00 pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations entered on October 13, 2005 (Docket No. 198) (the "Human Capital Obligations Order").

       7.      The Debtors continued making such payments until March 1, 2008, when they determined they would no longer continue to pay these benefits.  The amount of SERP benefits for each affected retired executive was calculated for the Debtors by Watson Wyatt & Company, a human capital consulting firm, as of March 1, 2008.  These calculations were made according to provisions contained in the SERP in effect at the time the valuation was conducted in early 2008 and in accordance with generally accepted accounting principles.

       8.      Specifically, the calculations were made by determining the present value amount of each retiree's remaining SERP entitlement as of November 1, 2005 – the first date of the first full month after the Petition Date.  That value was then reduced by the amounts of any monthly SERP benefit payments made after the Petition Date through March 1, 2008.

3

9. The present value of the actuarial remaining stream of benefit payments was calculated as of March 1, 2008 using the above-described methodology and became recognized by the Debtors as general unsecured non-priority claims. Following this methodology, the Debtors determined that Mr. Gardner was entitled to a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for his remaining SERP benefits.

10. Because the Debtors believed at that time that such claims might confer value as distributions under a plan of reorganization, the Debtors solicited retirees to sign releases in exchange for settlement of such claims. The Debtors intended to resolve the claims of retirees eligible for SERP benefits who did not sign such a release through the claims objection procedures authorized by this Court. Mr. Gardner did not sign such a release, so the Debtors objected to his Proof of Claim.

11. In his Response, Mr. Gardner asserts that the Debtors had agreed to a modified claim amount of $800,000.00 and attaches as an exhibit to his Response an email message to an attorney for the Debtors and a representative of the Debtors' human resources department stating that he received their message regarding a proposed cap of $800,000.00 for his claim and that he would rather reach a final agreement on the claim rather than a cap. First, the email that Mr. Gardner attached to his Response does not constitute evidence of even an <u>offer</u> by the Debtors to resolve the Proof of Claim, let alone an <u>agreement</u> regarding the amount of the Proof of Claim. Second, the offer by the Debtors was to cap the Proof of Claim, with the Debtors reserving the right to further object and seek to reduce the amount of the Proof of Claim. The Debtors sought such a cap because the Proof of Claim asserted an unliquidated amount.

Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against Delphi Corporation in an amount not to exceed $580,203.73 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       January 20, 2010

    SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP


By: John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -


By: Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors