**Hearing Date: March 18, 2010**
                                                **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
     In re                                      :        Chapter 11
                                                     :
DPH HOLDINGS CORP., et al.,       :        Case No. 05-44481 (RDD)
                                                   :
               Reorganized Debtors.     :        (Jointly Administered)
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
        TO PROOF OF CLAIM NUMBER 16805 (CHARLES K. VEENSTRA)

        ("STATEMENT OF DISPUTED ISSUES – CHARLES K. VEENSTRA")


        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of

Disputed Issues With Respect To Proof Of Claim Number 16805 filed by Charles K. Veenstra (the "Statement Of Disputed Issues") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On February 11, 2008, Mr. Veenstra, a retired employee of the Debtors, filed proof of claim number 16805 (the "Proof of Claim") against Delphi Corporation. The Proof of Claim asserts a priority claim in the amount of $399,440.00 plus unliquidated amounts for certain retiree benefits, specifically (a) benefits arising under Delphi Corporation's Supplemental Executive Retirement Program ("SERP") and (b) other retiree benefits including pension benefits, supplemental life insurance benefits, personal umbrella liability insurance benefits, basic life insurance benefits, medical, prescription drug, dental, vision, and extended care benefits, stock options, and benefits from Delphi Corporation's savings stock purchase program (the "Claim").

3. On June 27, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claim, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Objection"), seeking to modify the amount and classification of the Proof of Claim to a general unsecured non-priority claim in the amount of $189,385.85 against the estate of Delphi Corporation for SERP benefits.

4.    On July 16, 2008, Mr. Veenstra filed the Veenstra Response To Debtors' Thirtieth Omnibus Claims Objection (Docket No. 13948) (the "Response"), asserting that the Objection does not address the retiree benefits other than SERP benefits that were asserted in the Proof of Claim.

Disputed Issues

A.    <u>Delphi Corporation Does Not Owe Mr. Veenstra The Amount Asserted In The Proof of Claim</u>

5.    The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe the amount asserted in the Proof of Claim for SERP benefits and other retiree benefits.

6.    <u>SERP Benefits</u>.  The Debtors were authorized, but not directed to, continue making monthly payments of SERP benefits up to $5,000.00 pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations entered on October 13, 2005 (Docket No. 198) (the "Human Capital Obligations Order").

7.    The Debtors continued making such payments until March 1, 2008, when they determined they would no longer continue to pay these benefits.  The amount of SERP benefits for each affected retired executive was calculated for the Debtors by Watson Wyatt & Company, a human capital consulting firm, as of March 1, 2008.  These calculations were made according to provisions contained in the SERP in effect at the time the valuation was conducted in early 2008 and in accordance with generally accepted accounting principles.

3

8.  Specifically, the calculations were made by determining the present value amount of each retiree's remaining SERP entitlement as of November 1, 2005 – the first date of the first full month after the Petition Date. That value was then reduced by the amounts of any monthly SERP benefit payments made after the Petition Date through March 1, 2008.

9.  The present value of the actuarial remaining stream of benefit payments was calculated as of March 1, 2008 using the above-described methodology and became recognized by the Debtors as general unsecured non-priority claims. Following this methodology, the Debtors determined that Mr. Veenstra was entitled to a general unsecured non-priority claim in the amount of $189,385.85 against the estate of Delphi Corporation for his remaining SERP benefits.

10. Because the Debtors believed at that time that such claims might confer value as distributions under a plan of reorganization, the Debtors solicited retirees to sign releases in exchange for settlement of such claims. The Debtors intended to resolve the claims of retirees eligible for SERP benefits who did not sign such a release through the claims objection procedures authorized by this Court. Mr. Veenstra did not sign such a release, so the Debtors objected to his Proof of Claim.

11. <u>Other Retiree Benefits</u>.  To the extent that the Proof of Claim asserts liabilities for pension benefits or other post-employment benefits ("OPEB"), the Reorganized Debtors assert that such amounts are not owing by the Reorganized Debtors. First, liabilities for pension benefits are not enforceable against the Reorganized Debtors because the Debtors' pension plans under which such asserted liabilities arose are separate legal entities distinct from the Reorganized Debtors. <u>See</u> <u>In re Springfield Furniture, Inc.</u>, 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate

and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The pension plans – not the Reorganized Debtors – are obligated to pay benefits to pension plan participants, so any Claims arising from the pension plans are claims against the pension plans rather than the Reorganized Debtors.

12.    Second, because such pension plans have been terminated, under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq., the Pension Benefit Guaranty Corporation has the sole and total right to recover against employers for pension plan underfunding.  The participants have no right to make claims against the Reorganized Debtors for benefits under terminated plans.  See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

13.    Third, the asserted liabilities for OPEB are not owing by the Reorganized Debtors because OPEB for salaried employees is terminable at will and does not give rise to a right to payment.  This Court has previously determined that OPEB for the Debtors' salaried employees was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees and Their Surviving Spouses And (II) Amending Scope And Establishing Deadline For Completion

Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB Termination Order").[1]

15. The cancellation of a benefit provided on an at will basis does not give rise to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right to payment." See, e.g., In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that terminating plans which are terminable at will gave rise to no claims whatsoever); In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance benefits that exceeded amounts owed under amended severance plan, reasoning that because old severance plan was terminable at will, claims under old severance plan were not enforceable).

## Reservation Of Rights

15. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify

---

[1] "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or terminate Salaried OPEB benefits." Final OPEB Termination Order at ¶ 2.

additional documentation supporting the disallowance, expungement, reduction, or

reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against Delphi Corporation in an amount not to exceed $189,385.85 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
January 20, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                &amp; FLOM LLP

                By: John Wm. Butler, Jr.
                    John Wm. Butler, Jr.
                    John K. Lyons
                    Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                - and -

                By: Kayalyn A. Marafioti
                    Kayalyn A. Marafioti
                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                  Reorganized Debtors