**Hearing Date: March 18, 2010**
                                                  **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :
     In re                               :        Chapter 11
                                       :
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
                                       :
           Reorganized Debtors.  :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOF OF CLAIM NUMBER 17863 (ROBERT E. DETTINGER)**

("STATEMENT OF DISPUTED ISSUES – ROBERT E. DETTINGER")

        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of

Disputed Issues With Respect To Proof Of Claim Number 17863 filed by Robert E. Dettinger (the "Statement Of Disputed Issues") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.  On July 6, 2000, Mr. Dettinger, a retired employee of the Debtors, filed proof of administrative expense number 17863 (the "Administrative Claim") against Delphi Corporation.  The Proof of Claim asserts an administrative expense claim in the amount of $289,538.39 for benefits arising under Delphi Corporation's Supplemental Executive Retirement Program ("SERP") (the "Claim").

3.  On October 15, 2009, the Reorganized Debtors objected to the Administrative Claim pursuant to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit and OPEB Claims, and (VII) Duplicate Claims (Docket No. 18984) (the "Objection"), seeking entry of an order disallowing and expunging the Administrative Claim because it was not owing by the Reorganized Debtors pursuant to their books and records.

4.  On November 2, 2009, Mr. Dettinger submitted a letter in response to the Objection (Docket No. 19032) (the "Response"), asserting that (a) on February 4, 2009 this Court had "adjudicated and recognized" his claim number 16722 in the amount of $289,538.39

2

and (b) a letter dated February 5, 2009 from Delphi stated that "Delphi's decision to stop SERP payments will not affect your settlement," meaning the adjudication of his claim number 16722.

Disputed Issues

A.    <u>Delphi Corporation Does Not Owe Mr. Dettinger The Amount Asserted In The Administrative Claim</u>

        5.    The Reorganized Debtors have reviewed the information attached to the Administrative Claim and the Response and dispute that they owe the amount asserted in the Administrative Claim for SERP benefits.

        6.    First, the Administrative Claim is duplicative of proof of claim number 16722, which was filed by Mr. Dettinger on January 9, 2008 and has been ordered modified by this Court. On December 22, 2008, the Debtors objected to proof of claim number 16722 pursuant to the Debtors' Thirty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.R.Bankr.P.3007 Regarding (A) SERP Claims And Scheduled Liabilities Subject To Modification, (B) Duplicate Or Amended SERP Claims, (C) Claims Subject To Modification, And (D) Claim To Be Expunged Pursuant To Settlement (Docket No. 14619) (the "Thirty-Third Omnibus Claims Objection"), seeking to modify it to the amount of $289,538.39. Mr. Dettinger did not file a response to the Thirty-Third Omnibus Claims Objection, so on January 27, 2009, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) SERP Claims And Scheduled Liabilities Subject To Modification, (B) Duplicate Or Amended SERP Claims, (C) Claims Subject To Modification, And (D) Claim To Be Expunged Pursuant To Settlement, As Identified In Thirty-Third Omnibus Claims Objection (Docket No. 14673), reducing proof of claim number 16722 to a general unsecured non-priority claim in the amount of $289,538.39 against Delphi Corporation, subject to further objection by the Debtors.

3

7.      Second, because the Administrative Claim asserts liabilities for SERP benefits arising <u>before</u> the Petition Date, those liabilities are <u>prepetition</u> claims and are not entitled to treatment as administrative claims.  For these reasons, the Administrative Claim should be disallowed and expunged in its entirety.

Reservation Of Rights

8.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

   WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Administrative Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
   January 20, 2010

          SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP


          By: John Wm. Butler, Jr.
           John Wm. Butler, Jr.
           John K. Lyons
           Ron E. Meisler
          155 North Wacker Drive
          Chicago, Illinois  60606

          - and -


          By: Kayalyn A. Marafioti
           Kayalyn A. Marafioti
          Four Times Square
          New York, New York  10036

          Attorneys for DPH Holdings Corp., et al.,
           Reorganized Debtors