James K. Robinson                                   **Hearing Date and Time: TBD**
Jeannine F. D'Amico                                 **Objection Deadline: TBD**
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C.  20001
Telephone:    (202) 862-2200
Facsimile:    (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
**In re**                                   :          **Chapter 11**
                                            :
**DPH HOLDINGS CORP., et al.,**             :          **Case No. 05-44481 (RDD)**
                                            :
                **Reorganized Debtors.**    :          **(Jointly Administered)**
                                            :
------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

**FINAL APPLICATION**

**NAME OF APPLICANT:**          Cadwalader, Wickersham & Taft LLP

**TIME PERIOD:**                October 10, 2005 through August 15, 2007

**ROLE IN THE CASE:**           Attorneys for the Audit Committee of the Debtors
                                and Debtors in Possession

**CURRENT APPLICATION:**        Total Fees Requested:            $    249,351.05
                                Total Expenses Requested:        $     14,877.18
                                Total Fees & Expenses Requested: $    264,228.23
                                Payments Received, to date:      $    264,228.23

**PRIOR APPLICATIONS:**

First Interim Application:       October 10, 2005 through and including January 31, 2006
                                 Total Fees Requested:              $        77,728.27
                                 Total Fees Allowed:                $        77,028.77
                                 Total Expenses Requested & Allowed: $          483.37


Second Interim Application:      February 1, 2006 through and including May 31, 2006
                                 Total Fees Requested:              $       139,356.00
                                 Total Fees Allowed:                $       138,656.00
                                 Total Expenses Requested & Allowed: $       12,942.26


Third Interim Application:       June 1, 2006 through and including September 30, 2006
                                 Total Fees Requested:              $        11,803.50
                                 Total Fees Allowed:                $        11,103.50
                                 Total Expenses Requested & Allowed: $          471.60


Fourth Interim Application:      October 1, 2006 through and including January 31, 2007
                                 Total Fees Requested:              $        19,051.20
                                 Total Fees Allowed:                $        17,871.20
                                 Total Expenses Requested & Allowed: $          614.20


Fifth Interim Application:       February 1, 2007 through and including May 31, 2007
                                 Total Fees Requested:              $         2,512.98
                                 Total Fees Allowed:                $         2,512.98
                                 Total Expenses Requested & Allowed: $          158.47


Sixth Interim Application:       June 1, 2007 through and including August 15, 2007
                                 Total Fees Requested:              $         6,078.60
                                 Total Fees Allowed:                $         2,178.60
                                 Total Expenses Requested & Allowed: $          207.28

**PROFESSIONAL SERVICES RENDERED BY
CADWALADER, WICKERSHAM & TAFT LLP
FROM OCTOBER 10, 2005 THROUGH AUGUST 15, 2007**

| Name of Professional | Title | Year of Admission | Hourly Rate ($) | Hours Billed | Total Compensation ($) |
|---|---|---|---|---|---|
| James K. Robinson | Partner | 1968 | 652.50 | 61.03 | 39,822.07 |
| Philip Urofsky | Special Counsel | 1989 | 495.00 | 424.76 | 210,256.20 |
| Jeannine D'Amico | Associate | 2003 | 450.00 & 472.50 | 14.7 | 5,562.00 |
| Allison DiPasqua | Clerk | n/a | 153.00 & 157.50 | 1.4 | 218.70 |
| Paula Martin | Paralegal | n/a | 184.50 | 3.64 | 671.58 |
| | | | | | |
| | | | | | |
| Total | | | | 505.53 | $256,530.55 |
| Reductions and Credits | | | | | $7,179.50 |
| **NET TOTAL** | | | | | $249,351.05 |

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
BY CADWALADER, WICKERSHAM & TAFT LLP
FROM OCTOBER 10, 2005 THROUGH AUGUST 15, 2007**

| CATEGORY OF EXPENSES | AMOUNT ($) |
|---|---|
| Telephone | 392.46 |
| Postage | 80.21 |
| Copying | 249.18 |
| Overnight Delivery Services | 120.87 |
| Delivery Services | 236.77 |
| Outside Printing | 204.82 |
| Local Travel | 1,189.84 |
| Out of Town Travel | 11,380.89 |
| Meals | 358.46 |
| Process Service | 312.50 |
| Managing Attorney's Charge | 50.00 |
| Other Professionals | 1.76 |
| Litigation Support Vendors | 9.68 |
| Other | 66.67 |
|  |  |
| **Total** | 14,877.18 |

James K. Robinson                                      **Hearing Date and Time: TBD**
Jeannine F. D'Amico                                    **Objection Deadline: TBD**
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C.  20001
Telephone:    (202) 862-2200
Facsimile:    (202) 862-2400


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                           :
**In re**                                  :          **Chapter 11**
                                           :
**DPH HOLDINGS CORP., et al.,**            :          **Case No. 05-44481 (RDD)**
                                           :
              **Reorganized Debtors.**     :          **(Jointly Administered)**
                                           :
------------------------------------------------------------x


### FINAL APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP, AS ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM OCTOBER 10, 2005 THROUGH AUGUST 15, 2007</u>

Cadwalader, Wickersham & Taft LLP ("<u>Cadwalader</u>"), attorneys for the Audit

Committee of Delphi Corporation and its affiliated debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), for its final application pursuant to sections 330(a) and 331 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>") and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for the final

allowance of compensation for professional services performed by Cadwalader for the period

commencing October 10, 2005 through and including August 15, 2007 (the "<u>Compensation</u>

<u>Period</u>"), and for final allowance of its actual and necessary expenses incurred during the

Compensation Period, respectfully represents as follows:

## JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.        On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.        On October 17, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").  No trustee or examiner was appointed.

4.        On May 5, 2006, this Court entered a third supplemental Order under section 331 of the Bankruptcy Code establishing a Joint Fee Committee ("Fee Committee") comprised of: (a) the Office of the United States Trustee; (b) the Debtors; and (c) the Committee.

5.        On September 6, 2007, the Debtors filed a Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession [Docket No. 9263] and a Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors, And Debtors-In-Possession [Docket No. 9264].  On January 25, 2008, following a three-day contested confirmation hearing, the Court entered the order confirming the plan (as then-modified) (the "Confirmed Plan") [Docket No. 12359].

6.        After certain post-confirmation events, on October 3, 2008, the Debtors filed a motion pursuant to section 1127 of the Bankruptcy Code for an order approving certain modifications to the Confirmed Plan and also sought approval of a related disclosure statement

and procedures for re-soliciting votes on the Confirmed Plan, as modified (the "<u>Modified Plan</u>")
[Docket No. 14310].  After holding a final plan modification hearing on July 29 and 30, 2009,
the Court entered an order on July 30, 2009 approving the Modified Plan [Docket No. 18707].

       7.      On October 6, 2009, the Modified Plan became effective and was
substantially consummated.

<u>**RETENTION OF CADWALADER**</u>

       8.      Initially, the Debtors retained Cadwalader as an ordinary course
professional ("<u>OCP</u>") pursuant to the Order Under 11 U.S.C. §§ 327, 330, and 331 Authorizing
Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (the "<u>OCP
Order</u>"), dated November 4, 2005.  The Debtors retained Cadwalader, *nunc pro tunc* to October
8, 2005, as their attorneys to render legal services in connection with pending government
investigations and inquiries involving the Debtors.

       9.      Subsequently, Cadwalader exceeded the monthly compensation cap set
forth in the OCP Order (the "<u>OCP Cap</u>").  Accordingly, the Debtors filed an application dated
February 21, 2006 for formal retention as government investigations counsel to the Debtors
pursuant to section 327(e) and 1107(b) of the Bankruptcy Code [Docket No. 2466].  On March 9,
2006, the Court entered an Order approving such retention, *nunc pro tunc* to October 8, 2005
(the "<u>Retention Order</u>") [Docket No. 2786].  Cadwalader thereafter submitted interim fee
applications pursuant to the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim
Compensation and Reimbursement of Expenses of Professionals, entered on November 4, 2005
(the "<u>Interim Compensation Order</u>").

       10.      By mid-2007, Cadwalader's fees were no longer exceeding the OCP Cap,
and on August 3, 2007, the Debtors filed a supplemental motion requesting the termination of
Cadwalader's formal retention under the Retention Order and reauthorizing the retention of

Cadwalader as an OCP under the OCP Order.  The Court's Order approving such motion (the "Supplemental OCP Order") [Docket No. 9101] dated August 15, 2007 required Cadwalader to file fee applications in accordance with the Interim Compensation Order, sections 330(a) and 331 of the Bankruptcy Code, the Bankruptcy Rules, and applicable guidelines with respect to all fees and expenses incurred on or before the date of entry of the Supplemental OCP Order.[1]

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

11.     By this Application, Cadwalader requests final allowance of (i) compensation for professional services rendered by Cadwalader during the Compensation Period, in the amount of $249,351.05; and (ii) reimbursement of actual and necessary expenses incurred during the Compensation Period, in the amount of $14,877.18.

12.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 and amended as of November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "U.S. Trustee Guidelines"), and the Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on November 4, 2005 (the "Interim Compensation Order"), as modified by supplemental orders and the Order Approving Joint Interest Agreement Between Debtors and

---

[1] On January 11, 2010, DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases, by and through their counsel, Skadden, Arps, Slate, Meagher & Flom LLP, filed a motion to enlarge the time for professionals to file final fee applications (the "Motion to Enlarge Time") [Docket No. 19304]. Cadwalader hereby joins the Motion to Enlarge Time and requests that the present motion be considered timely filed.

Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures To Protect Information in Fee Statements, entered on April 18, 2006 (the "April 18 Order," and collectively with the Local Guidelines, the U.S. Trustee Guidelines and the Interim Compensation Order, the "Guidelines").   Pursuant to the Local Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit A.

13.    Pursuant to the Retention Order, Cadwalader submitted six interim fee applications requesting compensation for professional services and reimbursement of expenses incurred in connection therewith.  All interim fee applications were approved by the Court, as follows:

(a)    On April 20, 2006, Cadwalader filed its first interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing October 10, 2005 through January 31, 2006 and for reimbursement of expenses incurred during this period.  Cadwalader requested $77,728.27 in fees and $483.37 in expenses, and by order dated February 15, 2007, the Court awarded Cadwalader $77,028.77 in fees and $483.37 in expenses.

(b)    On July 31, 2006, Cadwalader filed its second interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing February 1, 2006 through May 31, 2006 and for reimbursement of expenses incurred during this period.  Cadwalader requested $139,356.00 in fees and $12,942.26 in expenses, and by order dated February 15, 2007, the Court awarded Cadwalader $138,656.00 in fees and $12,942.26 in expenses.

(c)    On November 30, 2006, Cadwalader filed its third interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing June 1, 2006 through September 30, 2006 and for reimbursement of

expenses incurred during this period. Cadwalader requested $11,803.50 in fees and $471.60 in expenses, and by order dated February 15, 2007, the Court awarded Cadwalader $11,103.50 in fees and $471.60 in expenses.

(d)    On March 15, 2007, Cadwalader filed its fourth interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing October 1, 2006 through January 31, 2007 and for reimbursement of expenses incurred during this period. Cadwalader requested $19,051.20 in fees and $614.20 in expenses, and by order dated February 15, 2007, the Court awarded Cadwalader $17,871.20 in fees and $614.20 in expenses.

(e)    On July 31, 2007, Cadwalader filed its fifth interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing February 1, 2007 through May 31, 2007 and for reimbursement of expenses incurred during this period. Cadwalader requested $2,512.98 in fees and $158.47 in expenses, and by order dated October 29, 2007, the Court awarded Cadwalader $2,512.98 in fees and $158.47 in expenses.

(f)    On November 30, 2007, Cadwalader filed its sixth interim fee application for the interim allowance of compensation for professional services performed by Cadwalader for the period commencing June 1, 2007 through August 15, 2007 and for reimbursement of expenses incurred during this period. Cadwalader requested $6,078.60 in fees and $207.28 in expenses, and by order dated February 25, 2008, the Court awarded Cadwalader $2,178.60 in fees and $207.28 in expenses.

14.    In connection with the preparation or allowance of its monthly fee statements, Cadwalader voluntarily adjusted its fees in the exercise of its billing judgment.

Specifically, over the course of the Compensation Period, Cadwalader voluntarily reduced its fees in the amount of $7,179.50.

15.    All of the fees and expenses allowed by the Court pursuant to the Orders described above have been paid in full.

16.    On August 15, 2007, Cadwalader's formal retention pursuant to the Retention Order was terminated, and going forward, Cadwalader was retained as an OCP and paid in the ordinary course of the Debtors' businesses.

## SUMMARY OF SERVICES

17.    During the Compensation Period, Cadwalader rendered substantial professional services to assist the Debtors in connection with pending government investigations and inquiries.  In particular, Cadwalader provided advice and assistance in connection with meetings and correspondence with the government investigators, developing strategy in connection with the government investigations, and in responding to requests from the government for documents and other information.

18.    A more detailed description of the services rendered by Cadwalader during the Compensation Period is contained in each of Cadwalader's interim fee applications, which are incorporated herein by reference as if fully set forth below.

19.    The services rendered by Cadwalader were necessary and appropriate, were performed in an expeditious and efficient manner, and were in the best interests of the Debtors and the other parties in interest.  Compensation for the such services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

20.    Cadwalader's services were performed solely by members of its Business Fraud and Complex Litigation Group, which has a preeminent practice and enjoys a national and

international reputation for its expertise in representing companies in connection with government investigations.

21.     The professional services performed by Cadwalader on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 485.79 recorded hours by a Cadwalader partner and one of its special counsel, 14.7 recorded hours by an associate and 5.04 recorded hours by a paralegal and a clerk relating to the preparation and filing of its previous fee application.  No other professionals or paraprofessionals were involved in providing services to the Debtors.

22.     During the Compensation Period, Cadwalader's billing rate for the partner was $652.50, for the special counsel was $495.00, for the associate was $450.00 and $472.50, for the paralegal was $184.50, and for the clerk was $153.00 and $157.50.  Attached hereto as Exhibit B is a schedule listing all Cadwalader professionals who performed services in these chapter 11 cases during the Compensation Period, the capacity in which each individual is employed by Cadwalader, the hourly billing rate charged by Cadwalader for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.

23.     During the Compensation Period, Cadwalader received no payment and did not receive any promises of payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Cadwalader and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

24.     The fees charged by Cadwalader in these cases were billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates

Cadwalader charged for the services rendered by its professionals in these chapter 11 cases were lower than the rates Cadwalader charged for professional services rendered in comparable non-bankruptcy related matters.  Specifically, consistent with its pre-petition billing practices with respect to the Debtors, Cadwalader agreed to discount its fees 10% and to maintain the previous year's hourly billing rates through April 30, 2007 and then to raise its rates to the generally applicable billing rates with the concurrence of the Debtor.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.  In addition, Cadwalader agreed to limit the professionals working on this matter to one partner and one special counsel (later replaced by an associate).[2]  One paralegal and one clerk assisted in the filing of interim fee applications.

25.    Attached hereto as Exhibit C is a schedule specifying the categories of expenses for which Cadwalader seeks final allowance of reimbursement and the total amount for each such expense category.

26.    Additionally, attached hereto as Exhibit D is a summary of Cadwalader's time records billed during the Compensation Period.  As all of Cadwalader's work on behalf of the Debtor is related to government investigations, all of its records are "Confidential Time Records" under the April 18 Order.  Subject to redaction for the attorney-client privilege where necessary to protect the Debtors' estate, copies of these Confidential Time Records have been furnished to the U.S. Trustee, the Debtors, and attorneys for the Official Committee of Unsecured Creditors in the format specified by the U.S. Trustee's Guidelines and, pursuant to the April 18 Order, have been filed under seal with the Court.

---

[2] Associate Jeannine F. D'Amico replaced special counsel Philip Urofsky on this matter on July 9, 2007.

**ACTUAL AND NECESSARY DISBURSEMENTS OF CADWALADER**

27.    As set forth in Exhibit C hereto, Cadwalader has disbursed $14,877.18 as expenses incurred in providing professional services during the Compensation Period.  With respect to photocopying expenses, Cadwalader has charged Delphi $0.10 per page.  With respect to facsimile expenses, in compliance with the Guidelines, Cadwalader has not charged more than $1.25 per page.  Each of these categories of expenses does not exceed the maximum rate set by the Guidelines.  These charges are intended to cover Cadwalader's direct operating costs, which costs are not incorporated into the Cadwalader hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit C are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  The amount of the standard photocopying charge is intended to allow Cadwalader to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

28.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

      (A)      the time spent on such services;

      (B)      the rates charged for such services;

      (C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      (E)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

      29.      In determining the reasonableness of a compensation request, courts generally apply the lodestar method. Boddy v. United States Bankruptcy Court (In re Boddy), 950 F.2d 334, 337 (6th Cir. 1991) ("The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes that provide for such fees."); see also Shaw, Licitra, Parente, Esernio & Schwartz, P.Z. v. Travelers Indemnity Co. (In re Grant Associates), 154 B.R. 836, 843 (S.D.N.Y. 1993) (noting that the lodestar standard had been adopted by most courts calculating fees under section 330(a), and that "[g]iven the similarity in context and language between the two statutes, the same standard should apply" to fees under section 506(c)); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991). Courts calculate the lodestar amount by multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate. See Drexel, 133 B.R. at 22 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)). In assessing the reasonableness of a compensation request, there is a "strong presumption" that an attorney is entitled to the lodestar fee. Id.

30.     In the instant case, Cadwalader respectfully submits that the services for which it seeks final allowance were necessary for and beneficial to the Debtors' reorganization efforts.  The professional services that Cadwalader rendered were focused on providing a prompt and reasonable resolution of the investigations being conducted by the government.  Such services were necessary to the Debtors' estates and creditors.  Accordingly, Cadwalader submits that the final allowance requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

**NOTICE**

31.     In compliance with the Interim Compensation Order, notice of the filing of this Application is being provided to all parties who have filed a notice of appearance with the Clerk of this Court via the Court's electronic filing system.  In addition, the Application in its entirety will be served on the following parties: (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: David Sherbin, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Att'n: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Att'n: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Att'n: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Att'n: Donald Bernstein, Esq., (vi) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606, Att'n: John Wm. Butler, Jr., Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Att'n: Kayalyn Marafioti, Esq., and (viii) the members of the Fee Review Committee, Delphi

Corporation, 5725 Delphi Drive, Troy, Michigan 48098, Att'n: John D. Sheehan, and GE

Plastics, Americas, 9930 Kincey Avenue, Huntersville, NC 28078, Att'n: Ms. Valeria Venable.

        WHEREFORE, Cadwalader respectfully requests final approval and allowance of

(i) compensation for professional services rendered during the Compensation Period in the

amount of $249,351.05; (ii) reimbursement for actual and necessary expenses incurred during the

Compensation Period in the amount of $14,877.18; and (iii) such other and further relief as the

Court deems just and proper.

Dated:       Washington, District of Columbia
           January 20, 2010

                                 Respectfully submitted,


                                 /s/ Jeannine F. D'Amico

                                 Jeannine F. D'Amico
                                 James K. Robinson
                                 Cadwalader, Wickersham & Taft LLP
                                 700 Sixth Street, N.W.
                                 Washington, D.C. 20001
                                 Telephone:    (202) 862-2200
                                 Facsimile:    (202) 862-2400

                                 *Attorneys for the Audit Committee of the*
                                 *Debtors and Debtors in Possession*

**Exhibit A**

Jeannine F. D'Amico
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C.  20001
Telephone:    (202) 862-2200
Facsimile:    (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                           :
**In re**                                  :        **Chapter 11**
                                           :
**DPH HOLDINGS CORP., <u>et al.</u>,**     :        **Case No. 05-44481 (RDD)**
                                           :
              **Reorganized Debtors.**     :        **(Jointly Administered)**
-----------------------------------------------------------x


### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Jeannine F. D'Amico, hereby certify that:

1.       I am an associate with the applicant firm, Cadwalader, Wickersham & Taft LLP

("<u>Cadwalader</u>"), attorneys for the Audit Committee of Delphi Corporation in connection with

certain government investigations, and am responsible for compliance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 and amended as of November 25,

2009 (the "<u>Local Guidelines</u>"), the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>"), and the Order Pursuant to sections 105(a) and

331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Committee Members, filed on November 4,

2005 (the "<u>Interim Compensation Order</u>"), as modified by subsequent supplemental orders and the Order Approving Joint Interest Agreement Between Debtors and Official Committee of Unsecured Creditors, Implementing Protective Order, and Approving Procedures To Protect Information in Fee Statements, entered on April 18, 2006 (the "<u>April 18 Order</u>," and collectively with the Local Guidelines, UST Guidelines and the Interim Compensation Order, the "<u>Guidelines</u>").

2.     This certification is made in respect of the Final Application of Cadwalader, Wickersham & Taft LLP for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses incurred from October 10, 2005 through August 15, 2007 (the "Application"), dated January 20, 2010, in accordance with the Guidelines.

3.     In respect of section A.1 of the Local Guidelines, I certify that:

I have read the Application;

to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the U.S. Trustee Guidelines;

the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Cadwalader and generally accepted by Cadwalader's clients; and

in providing a reimbursable service, Cadwalader does not make a profit on that service, whether the service is performed by Cadwalader in-house or through a third party.

4.     In respect of section A.2 of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Cadwalader complied with these provisions requiring it to provide the Debtors, the attorneys for the Debtors' prepetition and postpetition lenders, the attorneys for the statutory creditors' committee appointed in these cases, and the Office of the

United States Trustee for the Southern District of New York, on a monthly basis, with a statement of Cadwalader's fees and disbursements accrued during the previous month.

5.      In respect of section A.3 of the Local Guidelines and the Interim Compensation Order, I certify that the Notice Parties under the Interim Compensation Order, as modified by the Court's Order of April 18, 2006, and the members of the Fee Committee are each being provided with a copy of the Application.

Dated:       Washington, D.C.
             January 20, 2010

                                          /s/ Jeannine F. D'Amico
                                          Jeannine F. D'Amico

**<u>Exhibit B</u>**

**PROFESSIONAL SERVICES RENDERED BY**
**CADWALADER, WICKERSHAM & TAFT LLP**
**FROM OCTOBER 10, 2005 THROUGH AUGUST 15, 2007**

| Name of Professional | Title | Year of Admission | Hourly Rate ($) | Hours Billed | Total Compensation ($) |
|---|---|---|---|---|---|
| James K. Robinson | Partner | 1968 | 652.50 | 61.03 | 39,822.07 |
| Philip Urofsky | Special Counsel | 1989 | 495.00 | 424.76 | 210,256.20 |
| Jeannine D'Amico | Associate | 2003 | 450.00 & 472.50 | 14.7 | 5,562.00 |
| Allison DiPasqua | Clerk | n/a | 153.00 & 157.50 | 1.4 | 218.70 |
| Paula Martin | Paralegal | n/a | 184.50 | 3.64 | 671.58 |
| | | | | | |
| | | | | | |
| Total | | | | 505.53 | $256,530.55 |
| Reductions and Credits | | | | | $7,179.50 |
| **NET TOTAL** | | | | | $249,351.05 |

**Exhibit C**

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
BY CADWALADER, WICKERSHAM & TAFT LLP
FROM OCTOBER 10, 2005 THROUGH AUGUST 15, 2007**

| CATEGORY OF EXPENSES | AMOUNT ($) |
|---|---|
| Telephone | 392.46 |
| Postage | 80.21 |
| Copying | 249.18 |
| Overnight Delivery Services | 120.87 |
| Delivery Services | 236.77 |
| Outside Printing | 204.82 |
| Local Travel | 1,189.84 |
| Out of Town Travel | 11,380.89 |
| Meals | 358.46 |
| Process Service | 312.50 |
| Managing Attorney's Charge | 50.00 |
| Other Professionals | 1.76 |
| Litigation Support Vendors | 9.68 |
| Other | 66.67 |
| | |
| **Total** | 14,877.18 |