**Hearing Date And Time: February 25, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: February 18, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
        In re                                           :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
                Reorganized Debtors.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-SECOND OMNIBUS OBJECTION PURSUANT
TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO (I) MODIFY AND ALLOW
CERTAIN (A) CLAIMS PARTIALLY SATISFIED BY CURE PAYMENTS AND (II)
DISALLOW AND EXPUNGE (A) A CERTAIN WORKERS' COMPENSATION
CLAIM AND (B) CERTAIN BOOKS AND RECORDS CLAIMS

("FORTY-SECOND OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.

R. Bankr. P. 3007 To (I) Modify And Allow Certain (A) Claims Partially Satisfied By Cure

Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And

(B) Certain Books And Records Claims (the "Forty-Second Omnibus Claims Objection" or the

"Objection"), and respectfully represent as follows:

Background

A.      The Chapter 11 Filings

        1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the

"Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for

reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

        2.      On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  This Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2008, and the order became final on February 4, 2008.

        3.      On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an

order approving (i) certain modifications to the Confirmed Plan and related disclosure statement

and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket

No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement

to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain

modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii)

2

procedures for re-soliciting votes on the Modified Plan.  This Court entered an order approving

the Modified Plan (Docket No. 18707) on July 30, 2009.

4.      On October 6, 2009, the Debtors substantially consummated the Modified Plan,

the Effective Date[1] occurred, and the transactions under the Master Disposition Agreement and

related agreements closed.  In connection therewith, DIP Holdco LLP (subsequently renamed

Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of DIP

Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the

Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited

liability company, and Steering Solutions Services Corporation, a Delaware corporation,

acquired certain U.S. manufacturing plants and the Debtors' non-core steering business,

respectively.  The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and

affiliates and remain responsible for the post-Effective Date administration, including, without

limitation, the disposition of certain retained assets and payment of certain retained liabilities as

provided for under the Modified Plan, and the eventual closing of these chapter 11 cases.

5.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested herein are sections 502(b) of the

Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules").

---

[1]     Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

B.      Bar Date, Proofs Of Claim, And Omnibus Claims Objections

7.      On April 12, 2006, this Court entered an Order Under 11 U.S.C. §§ 107(b),
501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a)
Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice
Thereof (Docket No. 3206) (the "Bar Date Order").  Among other things, the Bar Date Order
established July 31, 2006 (the "Bar Date") as the last date for all persons and entities holding or
wishing to assert "Claims," as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"),
against a Debtor (collectively, the "Claimants") to file a proof of claim with respect to each such
Claim.

8.      On or prior to April 20, 2006, Kurtzman Carson Consultants LLC
("KCC"), the claims and noticing agent in these cases, provided notice of the Bar Date by
mailing a notice of Bar Date approved by this Court (the "Bar Date Notice"), together with a
proof of claim form, to (a) the persons or entities set forth in the Debtors' Schedules of Assets
and Liabilities and Statements of Financial Affairs filed with this Court on January 20, 2006 and
subsequently amended (collectively, the "Schedules and Statements")[2] and (b) the persons and
entities included in the notice database compiled by the Debtors, but not listed on any of the
Schedules and Statements.  In total, the Debtors caused Bar Date Notices to be served on more
than 500,000 persons and entities.

9.      In addition, the Debtors published the Bar Date Notice in more than two
dozen newspapers throughout the country and abroad[3] and also published it electronically by

---

[2]     The Schedules and Statement were amended on February 1, 2006, April 18, 2006, October 12, 2007, January
17, 2008, and October 10, 2008.

[3]     Specifically, notice was published in the New York Times (National Edition), the Wall Street Journal (National,
European, and Asian Editions), USA Today (Worldwide Edition), the Automotive News (National Edition), the
*(cont'd)*

4

posting on the then-current Delphi Legal Information Website, www.delphidocket.com, on or
before April 24, 2006.

10.    Since the Petition Date, 16,863 proofs of claim (the "Proofs of Claim")
have been filed against the Debtors in these cases.  From September 2006 through the Effective
Date, the Debtors filed 35 omnibus Claims objections to Claims asserting prepetition liabilities.
Since the Effective Date, the Reorganized Debtors have filed three omnibus Claims objections to
Claims asserting prepetition liabilities against the Debtors and three omnibus Claims objections
to Claims asserting administrative expense liabilities against the Debtors.[4]  After hearing these
omnibus Claims objections, this Court disallowed and expunged approximately 11,900 Claims
and modified approximately 4,420 Claims.  In addition, the hearings with respect to
approximately 210 Claims were adjourned pursuant to the Claims Objection Procedures Order
(as defined below).

11.    On October 31, 2006, the Debtors filed a Motion For Order Pursuant To
11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,
And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims
And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or
Estimation Of Claims (Docket No. 5453), in which the Debtors requested this Court, among
other things, to approve certain procedures for contested claim objections (the "Claims Objection

_____

*(cont'd from previous page)*

Adrian Daily Telegram, the Arizona Daily Star, the Buffalo News, the Chicago Sun Times, the Clinton News,
the Columbia Dispatch, the Daily Leader, Dayton Daily News, the Detroit Free Press, the El Paso Times, the
Fitzgerald Herald Leader, the Flint Journal, the Gadsden Times, the Grand Rapids Press, the Greenville News,
the Indianapolis Star, the Kansas City Star, the Kokomo Tribune, the Lansing State Journal, the Laurel Leader,
the Los Angeles Daily News, the Milwaukee Journal Sentinel, the Mobile Beacon, the Mobile Register, the
Oakland Press, the Olathe Daily News, the Rochester Democrat and Chronicle, the Saginaw News, the
Sandusky Register, the Tribune Chronicle, the Tulsa World, the Tuscaloosa News, and The Vindicator.

[4]    Contemporaneously with the filing of this Forty-Second Omnibus Claims Objection, the Reorganized Debtors
are filing a fourth omnibus objection to administrative expense claims against the Debtors.

Procedures Motion").  On December 7, 2006, this Court entered an order granting the Claims

Objection Procedures Motion (Docket No. 6089) (the "Claims Objection Procedures Order").

12.    On November 30, 2007, the Debtors filed a Motion Under New

Bankruptcy Rule 3007(c) And 11 U.S.C. § 105(a) For Order Authorizing  Debtors To Continue

Claims Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. §

502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I)

Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures

Governing Objections To Claims (Docket No. 11187) (the "Supplemental Claims Objection

Procedures Motion").  In that motion, the Debtors requested this Court, among other things, to

authorize the Debtors to continue certain of their current practices and procedures for filing and

serving notice of omnibus Claims objections pursuant to the Claims Objection Procedures Order,

including omnibus Claims objections to more than 100 Claims.  By order entered December 20,

2007, this Court granted the Supplemental Claims Objection Procedures Motion (Docket No.

11561).

13.    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

any) with respect to all Claims and Interests . . . ."  Modified Plan, art. 9.6.

14.    By this Objection, the Reorganized Debtors are objecting to 17 Proofs of

Claim, all of which are set forth by Claimant in alphabetical order on Exhibit F hereto and cross-

referenced by proof of claim number and basis of objection.  Exhibit E hereto sets forth the

formal name of the Debtor entity and its associated bankruptcy case number referenced on

Exhibit F hereto.

<u>Relief Requested</u>

15.     By this Objection, the Reorganized Debtors seek entry of an order

pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and

allowing (a) the Claims set forth on <u>Exhibit A</u> hereto because such Claims assert dollar amounts

or liabilities that have been partially satisfied due to cure payments the Reorganized Debtors

made, pursuant to section 365 of the Bankruptcy Code, in connection with the assumption of

certain executory contracts or unexpired leases (each, a "Contract Assumption") and the

proposed allowed amount, class, and Debtor against which the claims are proposed to be allowed

matches the Reorganized Debtors' books and records and (b) the Claims set forth on <u>Exhibit B</u>

hereto, each of which has been modified pursuant to a prior order of this Court, because such

Claims assert dollar amounts or liabilities that have been partially satisfied due to cure payments

that the Reorganized Debtors made, pursuant to section 365 of the Bankruptcy Code, in

connection with Contract Assumptions and the proposed allowed amount, class, and the Debtor

against which the claims are proposed to be allowed matches the Reorganized Debtors' books

and records.

16.     In addition, the Reorganized Debtors seek entry of an order pursuant to

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging (a)

the Claim set forth on <u>Exhibit C</u> hereto because it was asserted by an individual employee of the

Debtors for workers' compensation benefits and are not reflected on the Reorganized Debtors'

books and records[5] and (b) the Claims set forth on <u>Exhibit D</u> hereto because they assert dollar

amounts or liabilities that are not reflected on the Reorganized Debtors' books and records.

---

[5]     Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and
        records.

7

<u>Objections To Claims</u>

C.      <u>Assumption Of Contracts And Related Cure Payments</u>

17.     The Debtors were party to thousands of contracts for the supply of goods

to the Debtors' manufacturing operations.  Pursuant to article 8.1(a) of the Modified Plan, all

executory contracts and unexpired leases to which any of the Debtors was a party were deemed

automatically assumed in accordance with the provisions and requirements of sections 365 and

1123 of the Bankruptcy Code as of the effective date of the Modified Plan, unless such executory

contracts or unexpired leases (a) had been previously rejected by the Debtors pursuant to a final

order of this Court, (b) were the subject of a motion to reject pending on or before such effective

date, (c) were rejected or assumed pursuant to a motion to sell or transfer property or assets filed

by the Debtors prior to such effective date, (d) had expired or been terminated on or prior to such

effective date (and not otherwise extended) pursuant to their own terms, (e) were listed on

Exhibit 8.1(a) (Rejected Contracts) to the Modified Plan as executory contracts or unexpired

leases to be rejected pursuant to section 365 of the Bankruptcy Code, or (f) were otherwise

rejected pursuant to the terms of the Modified Plan and/or upon the direction of either buyer

pursuant to the Master Disposition Agreement.  In early November 2009, as required under

section 365 of the Bankruptcy Code and article 8.2 of the Modified Plan, the non-Debtor contract

counterparties received payments to cure the undisputed defaults on the assumed executory

contracts and unexpired leases (the "Cure Payments").

18.     In some instances, certain Claims have been satisfied in part by a cure

payment that the Reorganized Debtors made to executory contract counterparties or lessors as to

unexpired leases under which such Claim arose.  As a result, the Reorganized Debtors are

seeking to reduce a portion of each such Claim that pertains to certain executory contracts or

unexpired leases assumed pursuant to section 365 of the Bankruptcy Code and therefore was

partially satisfied by payment of cure.  In determining the amount by which each such Claim

would be satisfied and the amount by which each such Claim would be modified accordingly, the

Reorganized Debtors reviewed the executory contracts and unexpired leases being assumed and

also reviewed related documents to determine the amount of the relevant Claim that should

remain unsecured as a result of the Cure Payments made by the Reorganized Debtors in early

November 2009.  To eliminate multiple recoveries for a single liability, the Reorganized Debtors

seek entry of an order modifying and allowing certain Claims to accurately reflect the amount of

such Claims against a Debtor after the Reorganized Debtors made the Cure Payments.

D.      Partially Satisfied Claims (Exhibit A Claims)

19.      During their Claims review, the Reorganized Debtors determined that

certain Proofs of Claim have been satisfied in part by Cure Payments and thus should be

modified and allowed to reflect the payment of such Cure Payments (the "Exhibit A Claims").

Set forth on Exhibit A hereto is a list of such Claims that the Reorganized Debtors believe should

be modified and allowed solely to assert a properly fully liquidated claim amount different from

that asserted by the Claimant.  The Reorganized Debtors propose to allow the Exhibit A Claims

in amounts and class and against the Debtor that are reflected in the Reorganized Debtors' books

and records.  For each Exhibit A Claim, Exhibit A reflects the amount, classification, and Debtor

asserted in the Claimant's Proof of Claim in a column titled "Claim As Docketed"[6] and the

proposed modified and allowed amount for each such Claim in a column titled "Claim As

Allowed."

20.      The Reorganized Debtors object to the amount of each Claim listed on

Exhibit A and request that each such Claim be revised to reflect the amount listed in the "Claim

---

[6]      The Asserted Claim Amount on Exhibit A reflects only asserted liquidated claims.

As Allowed" column of Exhibit A and be allowed in such amount.  Thus, no Claimant listed on

Exhibit A would be entitled to recover for any Claim in an amount exceeding the dollar amount

listed as the "Allowed Total" for such Claim on Exhibit A.[7]  With respect to each of the Exhibit

A Claims, the Reorganized Debtors request that allowance be conditioned upon the entry of an

order by this Court providing that all responses filed by Claimants to prior omnibus claims

objections with respect to such Exhibit A Claims be deemed overruled.

       21.     Accordingly, the Reorganized Debtors (a) object to the amount of each

Exhibit A Claim and (b) seek an order modifying and allowing the Partially Satisfied Claims to

reflect the Allowed Total as set forth on Exhibit A.

E.     Claims To Be Further Modified (Exhibit B Claims)

       22.     During their Claims review, the Reorganized Debtors determined that

certain Proofs of Claim which have been modified pursuant to a prior order of this Court have

been satisfied in part by Cure Payments and that the amounts of such Claims should be modified

and allowed (the "Exhibit B Claims").  Set forth on Exhibit B hereto is a list of the Exhibit B

Claims that the Reorganized Debtors believe should be modified to assert a fully liquidated claim

in an amount different from that asserted by the Claimant.  For each Claim, Exhibit B reflects the

amount, classification, and Debtor asserted in the Proof of Claim in a column titled "Claim As

Docketed."[8]  The proposed modified and allowed amount of such Exhibit B Claims is reflected

in a column titled "Claim As Allowed."

       23.     The Reorganized Debtors object to the amount of each Claim listed on

Exhibit B and request that each such Claim be revised to reflect the amount listed in the "Claim

---

[7]    For clarity, Exhibit A refers to the Debtor entities by case number and Exhibit E displays the formal name of the
Debtor entities and their associated bankruptcy case numbers referenced in Exhibit A.

[8]    The Asserted Claim Amounts on Exhibit B reflect only asserted liquidated claims.

As Allowed" column of <u>Exhibit B</u>.  Thus, no Claimant listed on <u>Exhibit B</u> would be entitled to recover for any Claim in an amount exceeding the dollar amount listed as the "Allowed Total" of such Claim on <u>Exhibit B</u>.[9]  With respect to each of the Exhibit B Claims, the Reorganized Debtors request that allowance be conditioned upon the entry of an order by this Court providing that all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit B Claims be deemed overruled.

24.    Accordingly, the Reorganized Debtors (a) object to the asserted amount of each Exhibit B Claim and (b) seek an order modifying and allowing the Exhibit B Claims to reflect the Allowed Total as set forth on <u>Exhibit B</u>.

F.    <u>Workers' Compensation Claim (Exhibit C Claims)</u>

25.    During their Claims review, the Reorganized Debtors determined that a certain Proof of Claim filed by an individual employee for workers' compensation benefits asserts liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Exhibit C Claim").  The Reorganized Debtors believe that the individual asserting the Exhibit C Claim is not a creditor of the Debtors.  Therefore, the Exhibit C Claim should be disallowed and expunged in its entirety.

26.    A Claimant's proof of claim is entitled to the presumption of <u>prima facie</u> validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'"  <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (quoting <u>In re Allegheny Int'l, Inc.</u>, 954

---

[9]    For clarity, <u>Exhibit B</u> refers to the former Debtor entities by case number and <u>Exhibit E</u> displays the formal name of the Debtor entities and their associated bankruptcy case numbers referenced on <u>Exhibit B</u>.

F.2d 167, 173-74 (3d Cir. 1992)).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  Id.

27.     Accordingly, the Debtors (a) object to the Exhibit C Claim and (b) seek entry of an order disallowing and expunging the Exhibit C Claim in its entirety.  If this Court does not disallow and expunge the Exhibit C Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to the Exhibit C Claim at a later date on any basis whatsoever.

G.     Books And Records Claims (Exhibit D Claims)

28.     During their Claims review, the Reorganized Debtors determined that certain Proofs of Claim assert dollar amounts or liabilities that are not owing pursuant to the Reorganized Debtors' books and records (the "Exhibit D Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Exhibit D Claims are not creditors of the Debtors.

29.     A Claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes "'at least one of the allegations that is essential to the claim's legal sufficiency.'"  In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74).  Once such an allegation is refuted, "'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'"  Id.

30.     Set forth on Exhibit D hereto are the Claims that the Reorganized Debtors have identified as Claims for which the Debtors are not liable.  Accordingly, the Reorganized Debtors (a) object to the Exhibit D Claims and (b) seek entry of an order disallowing and expunging the Exhibit D Claims in their entirety.  If this Court does not disallow and expunge

12

any of the Exhibit D Claims in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Exhibit D Claims at a later date on any basis whatsoever.

### Separate Contested Matters

31.    Pursuant to the Claims Objection Procedures Order, (a) if a response is filed to this Forty-Second Omnibus Claims Objection, the objection to each Claim covered by such response will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any order entered by this Court with respect to a Claim addressed by this Forty-Second Omnibus Claims Objection will be deemed a separate order with respect to each such Claim.

### Reservation Of Rights

32.    The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Forty-Second Omnibus Claims Objection and to file additional objections to any other Claims (filed or not) which may be asserted against the Debtors, including without limitation the right to object to any Claim not objected to in this Objection on the basis that it has been asserted against the wrong Debtor entity.  Should one or more of the grounds for objection stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated grounds or on any other grounds that the Reorganized Debtors discover.  In addition, the Reorganized Debtors reserve the right to seek further reduction of any Claim to the extent that such Claim has been paid.

### Responses To Objections

33.    Responses to this Forty-Second Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order.  The following summarizes the provisions of that order, but is qualified in all respects by the express terms thereof.

H.    <u>Filing And Service Of Responses</u>

34.    To contest an objection, responses (each, a "Response"), if any, to this Forty-Second Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of this Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on February 18, 2010.**

I.    <u>Contents Of Responses</u>

35.    Every Response to this Forty-Second Omnibus Claims Objection must contain at a minimum the following:

(a)    the title of the claims objection to which the Response is directed;

(b)    the name of the Claimant and a brief description of the basis for the amount of the Claim;

(c)    a concise statement setting forth the reasons why the Claim should not be disallowed and expunged, modified and allowed, as the case

may be, including, but not limited to, the specific factual and legal
bases upon which the Claimant will rely in opposing the claims
objection;

(d)     unless already set forth in the Proof of Claim previously filed with
this Court, documentation sufficient to establish a prima facie right
to payment; provided, however, that the Claimant need not
disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the
Claimant must disclose to the Reorganized Debtors all information
and provide copies of all documents that the Claimant believes to
be confidential, proprietary, or otherwise protected and upon which
the Claimant intends to rely in support of its Claim, subject to
appropriate confidentiality constraints;

(e)     to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that the Claimant believes would be the
allowable amount of such Claim upon liquidation of the Claim or
occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any
reply to the Response, if different from the address(es) presented in
the claim.

J.     Timely Response Required

        36.     If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the hearing on the relevant Claims covered by the Response will be

adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors,

by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With

respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a

final hearing on February 25, 2010 at 10:00 a.m. (prevailing Eastern time).  The procedures set

forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising

from this Forty-Second Omnibus Claims Objection.

        37.     Pursuant to the Claims Objection Procedures Order, only those Responses

made in writing and timely filed and received will be considered by this Court.  If a Claimant

whose Proof of Claim is subject to this Forty-Second Omnibus Claims Objection and who is

15

served with this Forty-Second Omnibus Claims Objection fails to file and serve a timely Response in compliance with the Claims Objection Procedures Order, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Claim consistent with the relief sought in this Forty-Second Omnibus Claims Objection without further notice to the Claimant, provided that, upon entry of such an order, the Claimant will receive notice of the entry of such order as provided in the Claims Objection Procedures Order; provided further, however, that if the Claimant files a timely Response which does not include the required minimum information required by the Claims Objection Procedures Order, the Reorganized Debtors may seek disallowance and expungement of the relevant Claim or Claims only in accordance with the Claims Objection Procedures Order.

### Replies To Responses

38.     Replies to any Responses will be governed by the Claims Objection Procedures Order.

### Service Of Forty-Second Omnibus Claims Objection Order

39.     Service of any order with regard to this Forty-Second Omnibus Claims Objection will be made in accordance with the Claims Objection Procedures Order.

### Further Information

40.     Questions about this Forty-Second Omnibus Claims Objection or requests for additional information about the proposed disposition of Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed

to KCC at 1-888-249-2691 or www.dphholdingsdocket.com.  <u>Claimants should not contact the</u>
<u>Clerk of the Bankruptcy Court to discuss the merits of their Claims.</u>

Notice

      41.     Notice of this Objection has been provided in accordance with the
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,
9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,
And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Sixteenth
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,
9007, And 9014 Establishing Omnibus Hearing Dates And Revising Certain Notice Procedures,
entered December 11, 2009 (Docket No. 19178).  In light of the nature of the relief requested,
the Reorganized Debtors submit that no other or further notice is necessary.

      42.     Pursuant to the Claims Objection Procedures Order, the Reorganized
Debtors will provide each Claimant whose Proof of Claim is subject to an objection pursuant to
this Forty-Second Omnibus Claims Objection with a personalized Notice Of Objection To Claim
which specifically identifies the Claimant's Proof of Claim that is subject to an objection and the
basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of
the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits <u>A</u> and <u>B</u> is
attached hereto as <u>Exhibit G</u>.  A form of the Notice Of Objection To Claim to be sent to the
Claimants listed on <u>Exhibit C</u> and <u>D</u> is attached hereto as <u>Exhibit H</u>.  Claimants will receive a
copy of this Forty-Second Omnibus Claims Objection without <u>Exhibits A</u> through <u>H</u> hereto.
Claimants will nonetheless be able to review <u>Exhibits A</u> through <u>H</u> hereto free of charge by
accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).

In light of the nature of the relief requested, the Reorganized Debtors submit that no other or

further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
January 22, 2010

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:    /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:    /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
                   In re                   :      Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,        :      Case No. 05-44481 (RDD)
                                          :
                                          :      (Jointly Administered)
                Reorganized Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
(I) MODIFY AND ALLOW CERTAIN CLAIMS PARTIALLY SATISFIED BY CURE
PAYMENTS AND (II) DISALLOW AND EXPUNGE (A) A CERTAIN WORKERS'
<u>COMPENSATION CLAIM AND (B) CERTAIN BOOKS AND RECORDS CLAIMS</u>

("FORTY-SECOND OMNIBUS CLAIMS OBJECTION ORDER")

         Upon the Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain Claims Partially Satisfied By Cure

Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And (B)

Certain Books And Records Claims (the "Forty-Second Omnibus Claims Objection" or the

"Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the

above-captioned cases (collectively, the "Reorganized Debtors"), dated January 22, 2010; and

upon the record of the hearing held on the Forty-Second Omnibus Claims Objection; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Second Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, and E hereto was properly and timely served with a copy of the Forty-Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Forty-Second Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Second Omnibus Claims Objection.  No other or further notice of the Forty-Second Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Forty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Claims listed on Exhibit A assert liabilities or dollar amounts that have been partially satisfied by Cure Payments made by the Reorganized Debtors.  The Reorganized Debtors propose to modify and allow each such Claim so that the amount, class, and the Debtor against which each such Claim is proposed to be allowed matches the Reorganized Debtors' books and records (the "Exhibit A Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.      The Claims listed on <u>Exhibit B</u> assert liabilities or dollar amounts that have been previously modified by a prior order and have been partially satisfied by Cure Payments made by the Reorganized Debtors.  The Reorganized Debtors propose to further modify and allow each Claim so that the amounts, class, and the Debtor against which each such Claim is proposed to be allowed matches the Reorganized Debtors' books and records (the "Exhibit B Claims").

E.      The Claim listed on <u>Exhibit C</u> asserts liabilities or dollar amounts for workers' compensation benefits which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Exhibit C Claim").

F.      The Claims listed on <u>Exhibit D</u> assert liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Exhibit D Claims").

G.      <u>Exhibit E</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits A</u> and <u>B</u>.  <u>Exhibit F</u> sets forth each of the Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, and <u>D</u> in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Each Exhibit A Claim listed on <u>Exhibit A</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit A</u> and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit A Claims are deemed overruled.

3

2.      Each Exhibit B Claim listed on Exhibit B hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit B and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit B Claims are deemed overruled.

3.      The Exhibit C Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

4.      Each Exhibit D Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

5.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Forty-Second Omnibus Claims Objection except as such claims may have been settled and allowed.

6.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Forty-Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

7.      Each of the objections by the Reorganized Debtors to each Claim addressed in the Forty-Second Omnibus Claims Objection and attached hereto as Exhibits A, B, C, and D constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Forty-Second Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        8.      Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order.


Dated: New York, New York
        February ____, 2010


                                _____
                                    UNITED STATES BANKRUPTCY JUDGE

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Second Omnibus Claims Objection

**EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED CLAIMS)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|

**CLAIM TO BE ALLOWED**

Claim: 8372
Date Filed: 06/22/2006
Docketed Total: $788,628.25
Filing Creditor Name:
BI TECHNOLOGIES
CORPORATION
ROBINSON BRADSHAW &
HINSON PA
101 N TRYON ST STE 1900
CHARLOTTE, NC 28246

---

**CLAIM AS DOCKETED**

Claim Holder Name

BI TECHNOLOGIES CORPORATION        Docketed Total:        **$6,210.25**
ROBINSON BRADSHAW & HINSON
PA
101 N TRYON ST STE 1900
CHARLOTTE, NC 28246

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $6,210.00 | $0.25 |
| | | **$6,210.00** | **$0.25** |

Claim Holder Name

TPG CREDIT OPPORTUNITIES FUND        Docketed Total:        **$359,912.28**
LP
C/O TPG CREDIT MANAGEMENT LP
4600 WELLS FARGO CTR
90 S SEVENTH ST
MINNEAPOLIS, MN 55402

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $359,912.28 |
| | | | **$359,912.28** |

Claim Holder Name

TPG CREDIT OPPORTUNITIES        Docketed Total:        **$422,505.72**
INVESTORS LP
ATTN SHELLEY HARTMAN
4600 WELLS FARGO CTR
90 S SEVENTH ST
MINNEAPOLIS, MN 55402

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $422,505.72 |
| | | | **$422,505.72** |

---

**CLAIM AS ALLOWED**

Allowed Total:        **$40,729.76**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $40,729.76 |
| | | | **$40,729.76** |

Allowed Total:        **$254,747.14**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $254,747.14 |
| | | | **$254,747.14** |

Allowed Total:        **$299,050.59**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $299,050.59 |
| | | | **$299,050.59** |

---

\*        See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

**EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED CLAIMS)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| Claim: 11256<br>Date Filed: 07/27/2006<br>Docketed Total: $2,405,898.43<br>Filing Creditor Name:<br>CTS CORPORATION<br>171 COVINGTON DR<br>BLOOMINGDALE, IL 60108 | Claim Holder Name<br><br>BEAR STEARNS INVESTMENT PRODUCTS INC<br>CO JPMORGAN CHASE BANK NA<br>LEGAL DEPT<br>1 CHASE MANHATTAN PLAZA 26TH FL<br>NEW YORK, NY 10081    Docketed Total: **$1,950,968.78** | Allowed Total: **$1,854,053.50** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $1,950,968.78 |
| | | | **$1,950,968.78** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $1,854,053.50 |
| | | | **$1,854,053.50** |

| | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| | Claim Holder Name<br><br>CTS CORPORATION<br>171 COVINGTON DR<br>BLOOMINGDALE, IL 60108    Docketed Total: **$454,929.65** | Allowed Total: **$381,361.69** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $161,144.56 | $293,785.09 |
| | | **$161,144.56** | **$293,785.09** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $381,361.69 |
| | | | **$381,361.69** |

\*    See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Second Omnibus Claims Objection

**EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED CLAIMS)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| Claim: 10574<br>Date Filed: 07/25/2006<br>Docketed Total: $5,069,133.35<br>Filing Creditor Name:<br>  FURUKAWA ELECTRIC NORTH<br>  AMERICA APD INC AND<br>  FURUKAWA ELECTRIC<br>  COMPANY<br>  VARNUM RIDDERING<br>  SCHMIDT & HOWLETT LLP<br>  PO BOX 352<br>  GRAND RAPIDS, MI 49501-0352 | Claim Holder Name<br><br>FURUKAWA ELECTRIC NORTH<br>AMERICA APD INC AND<br>FURUKAWA ELECTRIC COMPANY<br>VARNUM RIDDERING SCHMIDT &<br>HOWLETT LLP<br>PO BOX 352<br>GRAND RAPIDS, MI 49501-0352    Docketed Total:    **$312,926.79** | Allowed Total:    **$51,358.26** |

**Claim 10574 — First section**

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | $312,926.79 | | | 05-44640 | | | $51,358.26 |
| | **$312,926.79** | | | | | | **$51,358.26** |

Claim Holder Name

GOLDMAN SACHS CREDIT PARTNERS LP    Docketed Total: **$4,000,000.00**      Allowed Total: **$1,734,007.73**
C/O GOLDMAN SACHS & CO
30 HUDSON 17TH FL
JERSEY CITY, NJ 07302

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $4,000,000.00 | 05-44640 | | | $1,734,007.73 |
| | | | **$4,000,000.00** | | | | **$1,734,007.73** |

Claim Holder Name

SPCP GROUP LLC    Docketed Total: **$756,206.56**      Allowed Total: **$327,817.00**
2 GREENWICH PLZ 1ST FL
GREENWICH, CT 06830

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $756,206.56 | 05-44640 | | | $327,817.00 |
| | | | **$756,206.56** | | | | **$327,817.00** |

\*    See Exhibit E for a listing of debtor entities by case number.

**EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED CLAIMS)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|

**Claim: 11292**

Date Filed: 07/27/2006

Docketed Total: $1,298,844.76

Filing Creditor Name:

HOOVER PRECISION
PRODUCTS INC &
SUBSIDIARIES
PO BOX 899
CUMMING, GA 30028

Claim Holder Name

SPCP GROUP LLC AS AGENT FOR
SILVER POINT CAPITAL FUND LP
AND SILVER POINT CAPITAL
OFFSHORE FUND LTD
TWO GREENWICH PLZ 1ST FL
GREENWICH, CT 06830

Docketed Total: **$1,298,844.76**

Allowed Total: **$1,229,984.99**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | $1,298,844.76 |
| | | | **$1,298,844.76** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $1,229,984.99 |
| | | | **$1,229,984.99** |

---

**Claim: 13815**

Date Filed: 07/31/2006

Docketed Total: $223,843.01

Filing Creditor Name:

MULTEK FLEXIBLE CIRCUITS
INC ET AL
CURTIS MALLET PREVOST
COLT & MOSLE LLP
101 PARK AVE
NEW YORK, NY 10178-0061

Claim Holder Name

SPCP GROUP LLC AS ASSIGNEE OF
MULTEK FLEXIBLE CIRCUITS INC ET
AL
SPCP GROUP LLC
TWO GREENWICH PLZ 1ST FL
GREENWICH, CT 06830

Docketed Total: **$223,843.01**

Allowed Total: **$162,168.60**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $28,136.03 | $195,706.98 |
| | | **$28,136.03** | **$195,706.98** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $162,168.60 |
| | | | **$162,168.60** |

---

**Claim: 14141**

Date Filed: 07/31/2006

Docketed Total: $2,565,472.27

Filing Creditor Name:

SPCP GROUP LLC AS ASSIGNEE
OF PARKER HANNIFIN
CORPORATION
TWO GREENWICH PLZ 1ST FL
GREENWICH, CT 06830

Claim Holder Name

CONTRARIAN FUNDS LLC
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Docketed Total: **$2,565,472.27**

Allowed Total: **$2,211,999.33**

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $73,045.69 | $2,492,426.58 |
| | | **$73,045.69** | **$2,492,426.58** |

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44507 | | | $24,710.11 |
| 05-44640 | | | $2,187,289.22 |
| | | | **$2,211,999.33** |

\*    See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Second Omnibus Claims Objection

**EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED CLAIMS)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|

**CLAIM TO BE ALLOWED**

Claim: 11443
Date Filed: 07/27/2006
Docketed Total: $841,669.98
Filing Creditor Name:
TOWER AUTOMOTIVE INC
C/O KIRKLAND & ELLIS LLP
200 E RANDOLPH DR
CHICAGO, IL 60601

**CLAIM AS DOCKETED**

Claim Holder Name

TOWER AUTOMOTIVE INC
C/O KIRKLAND & ELLIS LLP
200 E RANDOLPH DR
CHICAGO, IL 60601

Docketed Total: $841,669.98

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | $840,595.60 | $1,074.38 | |
| | $840,595.60 | $1,074.38 | |

**CLAIM AS ALLOWED**

Allowed Total: $12,319.80

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $12,319.80 |
| | | | $12,319.80 |

---

**CLAIM TO BE ALLOWED**

Claim: 9037
Date Filed: 07/05/2006
Docketed Total: $1,676,212.31
Filing Creditor Name:
TT ELECTRONICS OPTEK
TECHNOLOGY
ROBINSON BRADSHAW &
HINSON P A
101 N TRYON ST STE 1900
CHARLOTTE, NC 28246

**CLAIM AS DOCKETED**

Claim Holder Name

TPG CREDIT OPPORTUNITIES FUND
LP
C/O TPG CREDIT MANAGEMENT LP
4600 WELLS FARGO CTR
90 S SEVENTH ST
MINNEAPOLIS, MN 55402

Docketed Total: $920,461.40

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $920,461.40 |
| | | | $920,461.40 |

**CLAIM AS ALLOWED**

Allowed Total: $0.00

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $0.00 |
| | | | $0.00 |

---

**CLAIM AS DOCKETED**

Claim Holder Name

TT ELECTRONICS OPTEK
TECHNOLOGY
ROBINSON BRADSHAW & HINSON
P A
101 N TRYON ST STE 1900
CHARLOTTE, NC 28246

Docketed Total: $755,750.91

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | $21,833.87 | $733,917.04 |
| | | $21,833.87 | $733,917.04 |

**CLAIM AS ALLOWED**

Allowed Total: $271,776.26

| Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44640 | | | $271,776.26 |
| | | | $271,776.26 |

---

**Total Claims To Be Allowed: 8**

**Total Amount As Docketed:** $14,869,702.36

**Total Amount As Allowed:** $8,831,374.65

---

* See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Second Omnibus Claims Objection

**EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| Claim: 16255<br>Date Filed:  08/24/2006<br>Docketed Total:     $1,898,409.80<br>Filing Creditor Name:<br> INTERNATIONAL RESISTIVE<br> COMPANY ADVANCED FILM<br> DIVISION<br> ROBINSON BRADSHAW &<br> HINSON PA<br> 101 N TRYON ST STE 1900<br> CHARLOTTE, NC 28246 | Claim Holder Name<br><br>INTERNATIONAL RESISTIVE<br>COMPANY ADVANCED FILM<br>DIVISION<br>ROBINSON BRADSHAW & HINSON<br>PA<br>101 N TRYON ST STE 1900<br>CHARLOTTE, NC 28246    Docketed Total:    **$77,694.80** | Allowed Total:    **$76,772.14** |

| Case Number* | Secured | Priority | Unsecured |   | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| 05-44640 | | $77,693.93 | $0.87 | | 05-44640 | | | $76,772.14 |
| | | **$77,693.93** | **$0.87** | | | | | **$76,772.14** |

| | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| | Claim Holder Name<br><br>TPG CREDIT OPPORTUNITIES FUND<br>LP<br>C/O TPG CREDIT MANAGEMENT LP<br>4600 WELLS FARGO CTR<br>90 S SEVENTH ST<br>MINNEAPOLIS, MN 55402    Docketed Total:    **$1,820,715.00** | Allowed Total:    **$1,791,788.26** |

| Case Number* | Secured | Priority | Unsecured |   | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|---|
| 05-44640 | | | $1,820,715.00 | | 05-44640 | | | $1,791,788.26 |
| | | | **$1,820,715.00** | | | | | **$1,791,788.26** |

*    See Exhibit E for a listing of debtor entities by case number.

**EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| Claim: 8878<br>Date Filed: 06/30/2006<br>Docketed Total: $170,159.62<br>Filing Creditor Name:<br> INTERNATIONAL RESISTIVE<br> COMPANY WIRE & FILM<br> TECHNOLOGIES DIVISION<br> ROBINSON BRADSHAW &<br> HINSON P A<br> 101 NORTH TRYON ST STE 1900<br> CHARLOTTE, NC 28246 | Claim Holder Name<br><br>INTERNATIONAL RESISTIVE     Docketed Total:     **$3,036.28**<br>COMPANY WIRE & FILM<br>TECHNOLOGIES DIVISION<br>ROBINSON BRADSHAW & HINSON<br>P A<br>101 NORTH TRYON ST STE 1900<br>CHARLOTTE, NC 28246 | Allowed Total:     **$820.69** |

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | $3,036.28 | | 05-44640 | | | $820.69 |
| | | **$3,036.28** | | | | | **$820.69** |

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | CLAIM AS ALLOWED |
|---|---|---|
| | Claim Holder Name<br><br>TPG CREDIT OPPORTUNITIES FUND     Docketed Total:     **$167,123.34**<br>LP<br>C/O TPG CREDIT MANAGEMENT LP<br>4600 WELLS FARGO CTR<br>90 S SEVENTH ST<br>MINNEAPOLIS, MN 55402 | Allowed Total:     **$98,788.91** |

| Case Number* | Secured | Priority | Unsecured | Case Number* | Secured | Priority | Unsecured |
|---|---|---|---|---|---|---|---|
| 05-44640 | | | $167,123.34 | 05-44640 | | | $98,788.91 |
| | | | **$167,123.34** | | | | **$98,788.91** |

\*    See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Second Omnibus Claims Objection

**EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED)**

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 10369<br>Date Filed: 07/24/2006<br>Docketed Total: $960.00<br>Filing Creditor Name:<br>N D K AMERICA INC<br>203 N LASALLE ST STE 2500<br>CHICAGO, IL 60601-1262 | Claim Holder Name<br><br>LATIGO MASTER FUND LTD<br>590 MADISON AVE 9TH FL<br>NEW YORK, NY 10022 | Docketed Total: | | $320.00 | | Allowed Total: | | $160.00 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44567 | | | $320.00 | 05-44567 | | | $160.00 |
| | | | | **$320.00** | | | | **$160.00** |
| | Claim Holder Name<br><br>N D K AMERICA INC<br>203 N LASALLE ST STE 2500<br>CHICAGO, IL 60601-1262 | Docketed Total: | | $640.00 | | Allowed Total: | | $0.00 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44567 | | | $640.00 | 05-44567 | | | $0.00 |
| | | | | **$640.00** | | | | **$0.00** |
| Claim: 8775<br>Date Filed: 06/30/2006<br>Docketed Total: $112,408.05<br>Filing Creditor Name:<br>SILICON LABORATORIES INC<br>401 B STREET STE 1700<br>SAN DIEGO, CA 92101 | Claim Holder Name<br><br>HAIN CAPITAL HOLDINGS LLC<br>301 RTE 17 6TH FL<br>RUTHERFORD, NJ 07070 | Docketed Total: | | $102,681.24 | | Allowed Total: | | $48,710.72 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44481 | | | $102,681.24 | 05-44640 | | | $48,710.72 |
| | | | | **$102,681.24** | | | | **$48,710.72** |
| | Claim Holder Name<br><br>SILICON LABORATORIES INC<br>401 B STREET STE 1700<br>SAN DIEGO, CA 92101 | Docketed Total: | | $9,726.81 | | Allowed Total: | | $4,614.28 |
| | **Case Number\*** | **Secured** | **Priority** | **Unsecured** | **Case Number\*** | **Secured** | **Priority** | **Unsecured** |
| | 05-44481 | $9,726.81 | | | 05-44640 | | | $4,614.28 |
| | | **$9,726.81** | | | | | | **$4,614.28** |

\*    See Exhibit E for a listing of debtor entities by case number.

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

Forty-Second Omnibus Claims Objection

### EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED)

| CLAIM TO BE ALLOWED | CLAIM AS DOCKETED | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 13774<br>Date Filed: 07/28/2006<br>Docketed Total: $1,708,509.29<br>Filing Creditor Name:<br>  TOKICO USA INC<br>  MINTZ LEVIN COHN FERRIS<br>  GLOVSKY AND POPEO PC<br>  666 THIRD AVE<br>  NEW YORK, NY 10017 | Claim Holder Name<br><br>DEUTSCHE BANK SECURITIES INC<br>60 WALL ST 3RD FL<br>NEW YORK, NY 10005 | Docketed Total: | | $466.56 | | Allowed Total: | | $439.46 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$466.56<br>**$466.56** | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$439.46<br>**$439.46** |
| | Claim Holder Name<br><br>GOLDMAN SACHS CREDIT<br>PARTNERS LP<br>C/O GOLDMAN SACHS & CO<br>30 HUDSON 17TH FL<br>JERSEY CITY, NJ 07302 | Docketed Total: | | $1,708,042.73 | | Allowed Total: | | $1,607,831.42 |
| | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$1,708,042.73<br>**$1,708,042.73** | Case Number*<br>05-44640 | Secured | Priority | Unsecured<br>$1,607,831.42<br>**$1,607,831.42** |

**Total Claims To Be Allowed: 5**

**Total Amount As Docketed:**    $3,890,446.76

**Total Amount As Allowed:**    $3,629,925.88

---

\*    See Exhibit E for a listing of debtor entities by case number.

**In re DPH Holdings Corp., et al.**                    **Forty-Second Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

### EXHIBIT C -- EXHIBIT C CLAIM (WORKERS' COMPENSATION CLAIM)

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| RALSON ROBERT<br>J BARTON WARREN ESQ<br>WARREN & SIMPSON P C<br>105 NORTH SIDE SQUARE<br>HUNTSVILLE, AL 35801 | 9163 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br><br>$44,500.12<br>$44,500.12 | 07/10/2006 | DELPHI CORPORATION (05-44481) |
| | **Total:**    **1** | | **$44,500.12** | | |

In re DPH Holdings Corp., et al.                                    Forty-Second Omnibus Claims Objection

Case No. 05-44481 (RDD)

## EXHIBIT D -- EXHIBIT D CLAIMS (BOOKS AND RECORDS CLAIMS)

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| FORD MOTOR COMPANY JONATHAN S GREEN MILLER CANFIELD PADDOCK & STONE PLC 150 W JEFFERSON AVE STE 2500 DETROIT, MI 38226 | 14525 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL UNL | 07/31/2006 | DELPHI CORPORATION (05-44481) |
| FORD MOTOR COMPANY JONATHAN S GREEN MILLER CANFIELD PADDOCK & STONE PLC 150 W JEFFERSON AVE STE 2500 DETROIT, MI 38226 | 14517 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL UNL | 07/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| ROBERT BOSCH GMBH ATTN JUDITH LOWITZ ADLER C/O ROBERT BOSCH CORPORATION 38000 HILLS TECH DR FARMINGTON HILLS, MI 48331 | 16771 | Secured: Priority: Administrative: Unsecured: Total: | $1,900,000.00 $1,900,000.00 | 01/10/2008 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| | **Total:** 3 | | **$1,900,000.00** | | |

\*     "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Forty-Second Omnibus Claims Objection

Case No. 05-44481 (RDD)

Exhibit E - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |
| 05-44507 | DELPHI MEDICAL SYSTEMS COLORADO CORPORATION |
| 05-44567 | DELPHI MECHATRONIC SYSTEMS, INC. |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd   Doc 19357   Filed 01/22/10   Entered 01/22/10 18:17:55   Main Document
Pg 37 of 48

Forty-Second Omnibus Claims Objection

Exhibit F - Claimants And Related Claims Subject To Forty-Second Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BEAR STEARNS INVESTMENT PRODUCTS INC | 11256 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| BI TECHNOLOGIES CORPORATION | 8372 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| CONTRARIAN FUNDS LLC | 14141 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| CTS CORPORATION | 11256 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| CTS CORPORPATION | 11256 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| DEUTSCHE BANK SECURITIES INC | 13774 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| FORD MOTOR COMPANY | 14517 | EXHIBIT D -- EXHIBIT D CLAIMS (BOOKS AND RECORDS CLAIMS) |
| FORD MOTOR COMPANY | 14525 | EXHIBIT D -- EXHIBIT D CLAIMS (BOOKS AND RECORDS CLAIMS) |
| FURUKAWA ELECTRIC NORTH AMERICA APD INC AND FURUKAWA ELECTRIC COMPANY | 10574 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| GOLDMAN SACHS CREDIT PARTNERS LP | 10574 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| GOLDMAN SACHS CREDIT PARTNERS LP | 13774 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| HAIN CAPITAL HOLDINGS LLC | 8775 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| HOOVER PRECISION PRODUCTS INC & SUBSIDIARIES | 11292 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| INTERNATIONAL RESISTIVE COMPANY ADVANCED FILM DIVISION | 16255 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION | 8878 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| LATIGO MASTER FUND LTD | 10369 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| MULTEK FLEXIBLE CIRCUITS INC ET AL | 13815 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| N D K AMERICA INC | 10369 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| RALSON ROBERT | 9163 | EXHIBIT C -- EXHIBIT C CLAIM (WORKERS' COMPENSATION CLAIM) |
| ROBERT BOSCH GMBH | 16771 | EXHIBIT D -- EXHIBIT D CLAIMS (BOOKS AND RECORDS CLAIMS) |
| SILICON LABORATORIES INC | 8775 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| SPCP GROUP LLC | 10574 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| SPCP GROUP LLC AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND LTD | 11292 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| SPCP GROUP LLC AS ASSIGNEE OF MULTEK FLEXIBLE CIRCUITS INC ET AL | 13815 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| SPCP GROUP LLC AS ASSIGNEE OF PARKER HANNIFIN CORPORATION | 14141 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| TOKICO USA INC | 13774 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| TOWER AUTOMOTIVE INC | 11443 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| TPG CREDIT OPPORTUNITIES FUND LP | 16255 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| TPG CREDIT OPPORTUNITIES FUND LP | 8372 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| TPG CREDIT OPPORTUNITIES FUND LP | 8878 | EXHIBIT B -- EXHIBIT B CLAIMS (CLAIMS TO BE FURTHER MODIFIED) |
| TPG CREDIT OPPORTUNITIES FUND LP | 9037 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| TPG CREDIT OPPORTUNITIES INVESTORS LP | 8372 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |
| TT ELECTRONICS OPTEK TECHNOLOGY | 9037 | EXHIBIT A -- EXHIBIT A CLAIMS (PARTIALLY SATISFIED  CLAIMS) |

# Exhibit G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :
      In re                            :      Chapter 11
                                   :
DPH HOLDINGS CORP. et al.,       :      Case No. 05-44481 (RDD)
                                   :
              Reorganized Debtors.      :      (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the Reorganized Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of claim, the Reorganized Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be (a) disallowed and expunged or (b) modified and allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain Claims Partially Satisfied By Cure Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And (B) Certain Books And Records Claims (the "Forty-Second Omnibus Claims Objection"), dated January 22, 2010, a copy of which is enclosed (without exhibits). The Reorganized Debtors' Forty-Second Omnibus Claims Objection is set for hearing on February 25, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SECOND OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 18, 2010. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Forty-Second Omnibus Claims Objection identifies four different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

       Claims identified as having a Basis For Objection of "Exhibit A Claims" are Claims that (i) have been partially satisfied by cure payments that the Reorganized Debtors have made in connection with assumptions of certain executory contracts or unexpired leases

pursuant to 11 U.S.C. § 365 and (ii) the Reorganized Debtors' books and records reflect the proposed allowed amount, class, and Debtor against which the Claim is proposed to be allowed.

Claims identified as having a Basis For Objection of "Exhibit B Claims" are Claims that (i) have been modified pursuant to a prior order of this Court, and (ii) assert dollar amounts or liabilities that have been partially satisfied by cure payments that the Reorganized Debtors have made in connection with assumptions of certain executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, and (iii) the Reorganized Debtors' books and records reflect the proposed allowed amount, class, and Debtor against which the Claim is proposed to be allowed.

The Claim identified as having a Basis For Objection of "Exhibit C Claim" asserts liabilities and dollar amounts for workers' compensation benefits that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis For Objection of "Exhibit D Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| | | | | | |

    If you wish to view the complete exhibits to the Forty-Second Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Second Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to the claims and noticing agent in the above-captioned cases at 1-888-249-2691 or www.dphholdingsdocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

    THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL
RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Second Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time)
on February 18, 2010. Your Response, if any, to the Forty-Second Omnibus Claims Objection must (a) be
in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Claims Bankruptcy Rules for the
Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (d) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-
4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n:
President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155
North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N.
Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should
not be (a) disallowed and expunged or (b) modified and allowed, as the case may be, including, but not
limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Second
Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the
Court, documentation sufficient to establish a <u>prima facie</u> right to payment; <u>provided</u>, <u>however</u>, that you
need not disclose confidential, proprietary, or otherwise protected information in the Response; <u>provided
further</u>, <u>however</u>, that you must disclose to the Reorganized Debtors all information and provide copies of
all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you
intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially
unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation
of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the
Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in
the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on
any such Response will automatically be adjourned from the February 25, 2010 hearing date to a future
date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested
objections, the Reorganized Debtors have requested that the Court conduct a final hearing on February 25,
2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR
UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES
ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE
AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-SECOND OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-SECOND OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
         January 22, 2010

4

# Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

In re                                :     Chapter 11
                                       :

DPH HOLDINGS CORP. et al.,    :     Case No. 05-44481 (RDD)
                                       :

               Reorganized Debtors.    :     (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the Reorganized Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of claim, the Reorganized Debtors have determined that one or more of your "Claims," as such term is defined in 11 U.S.C. § 101(5), identified in the table below should be (a) disallowed and expunged or (b) modified and allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain Claims Partially Satisfied By Cure Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And (B) Certain Books And Records Claims (the "Forty-Second Omnibus Claims Objection"), dated January 22, 2010, a copy of which is enclosed (without exhibits). The Reorganized Debtors' Forty-Second Omnibus Claims Objection is set for hearing on February 25, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SECOND OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 18, 2010. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Forty-Second Omnibus Claims Objection identifies four different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

       Claims identified as having a Basis For Objection of "Exhibit A Claims" are Claims that (i) have been partially satisfied by cure payments that the Reorganized Debtors have made in connection with assumptions of certain executory contracts or unexpired leases

pursuant to 11 U.S.C. § 365 and (ii) the Reorganized Debtors' books and records reflect the proposed allowed amount, class, and Debtor against which the Claim is proposed to be allowed.

Claims identified as having a Basis For Objection of "Exhibit B Claims" are Claims that (i) have been modified pursuant to a prior order of this Court, and (ii) assert dollar amounts or liabilities that have been partially satisfied by cure payments that the Reorganized Debtors have made in connection with assumptions of certain executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, and (iii) the Reorganized Debtors' books and records reflect the proposed allowed amount, class, and Debtor against which the Claim is proposed to be allowed.

The Claim identified as having a Basis For Objection of "Exhibit C Claim" asserts liabilities and dollar amounts for workers' compensation benefits that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis For Objection of "Exhibit D Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

    If you wish to view the complete exhibits to the Forty-Second Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Second Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to the claims and noticing agent in the above-captioned cases at 1-888-249-2691 or www.dphholdingsdocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

---

1       Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF THE CLAIMS OBJECTION PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THAT ORDER BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Second Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on February 18, 2010. Your Response, if any, to the Forty-Second Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Claims Objection Procedures Order, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Claim, (iii) a concise statement setting forth the reasons why the Claim should not be (a) disallowed and expunged or (b) modified and allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Second Omnibus Claims Objection, (iv) unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Claim, (v) to the extent that the Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the February 25, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on February 25, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH CLAIM UPON LIQUIDATION OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-SECOND OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-SECOND OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining a Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        January 22, 2010