# **EXHIBIT D**

**[Letter to Counsel for Salaried Plaintiffs]**

COI-1433501v6

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7111
hlennox@jonesday.com

JP577688
245677-600002

December 17, 2009

VIA OVERNIGHT DELIVERY

Alan J. Schwartz, Esq.
Steven P. Schubiner, Esq.
Jacob & Weingarten, P.C.
2301 Big Beaver Road, Suite 777
Troy, Michigan 48084

Anthony F Shelley, Esq.
Timothy P. O'Toole, Esq.
Miller & Chevalier Chartered
655 15th Street, NW, Suite 900
Washington, D.C. 20005

Re:   Black, *et al.* v. The Pension Benefit Guaranty Corporation, *et al.*,
      Case No. 2:09-cv-13616 (E.D. Mich.)

Gentlemen:

I write as one of the counsel for General Motors LLC f/k/a General Motors Company ("New GM") in respect of the above-captioned lawsuit (the "Lawsuit"). New GM hereby demands that the plaintiffs in the Lawsuit (the "Plaintiffs") dismiss New GM from the Lawsuit with prejudice for the reasons set forth below.

**The Lawsuit is Enjoined by the Delphi Confirmation Order**

On July 30, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered its Order Approving Modification Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified (the "Plan"). The Confirmation Order is a final order.

By the Plan and the Confirmation Order, New GM, among others, received a full and complete release of and from, among other things, "any and all claims, debts, obligations, rights, suits, damages, action, causes of action, remedies, and liabilities whatsoever" relating to "any agreement or obligation related to any employees or former employees of the Delphi-Related Parties." See Plan, § 1.25, 11.8, 11.11; Confirmation Order, ¶¶ JJ., 7, 20; Delphi-GM Global Settlement Agreement (as defined in the Plan; Plan Exhibit 7.20(a)), §§ 1.04, 4.01(c), 4.01(k). Also by virtue of the Plan and the Confirmation Order, the Plaintiffs and their counsel are enjoined from, among other things, commencing or asserting

Alan J. Schwartz, Esq.
Steven P. Schubiner, Esq.
Anthony F Shelley, Esq.
Timothy P. O'Toole, Esq.
December 17, 2009
Page 2

any action to recover in respect of any Cause of Action that is released or subject to exculpation under the Plan; claims against New GM asserted in the Lawsuit constitute Causes of Action that are released and subject to exculpation under the Plan. See Plan, § 1.25, 11.11, 11.14; Confirmation Order, ¶¶ JJ, 7, 20, 22; Delphi-GM Global Settlement Agreement §§ 1.04, 4.01(c).

Accordingly, by virtue of the operative provisions cited above in the Plan, the Confirmation Order and the Delphi-GM Global Settlement Agreement, the Lawsuit is barred, and both the Plaintiffs and their counsel are enjoined from pursuing the Lawsuit against New GM.

**New GM Did Not Assume Liabilities that Old GM May Have Had, if Any, in Respect of the Delphi Salaried Plan**

Further, as you note in your Complaint, New GM is a new legal entity created in the Summer of 2009 to purchase, free and clear of all liens, claims and encumbrances (other than liabilities specifically assumed in the Purchase Agreement (defined below)), substantially all of the assets of General Motors Corporation (n/k/a Motors Liquidation Company) and its affiliated debtors and debtors in possession (collectively, "Old GM").

Pursuant to (i) that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, (the "Purchase Agreement"), and the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief, entered on July 5, 2009 (the "Sale Order"), New GM purchased substantially all of the assets of Old GM and assumed certain liabilities of Old GM.

Any and all liabilities arising under or related to the Delphi Salaried Plan (as defined in the Complaint in the Lawsuit) that Old GM might have had (without suggesting that there were any) are Retained Liabilities of Old GM under the Purchase Agreement. New GM did not assume any such liabilities. Purchase Agreement, § 2.3(b)(vii) and pp. 6-7 (definitions of Employees and Employment-Related Obligations). Accordingly, upon the closing of the sale transaction, New GM took the assets free and clear of any and all liabilities that Old GM may have had related to the Delphi Salaried Plan. See Sale Order, ¶¶ AA, BB, DD, 6-11, 15, 46, 48, 52. Further, paragraph 47 of the Sale Order expressly prohibits and enjoins, among others, the Plaintiffs from commencing or continuing the Lawsuit against New GM.

If Old GM had any liabilities related to the Delphi Salaried Plan (which is not proven), New GM did not assume them. Accordingly, New GM cannot be held responsible for any "topping up" of any benefits under the Delphi Salaried Plan, and the Plaintiffs are enjoined from pursuing the Lawsuit against New GM.

**JONES DAY**

Alan J. Schwartz, Esq.
Steven P. Schubiner, Esq.
Anthony F Shelley, Esq.
Timothy P. O'Toole, Esq.
December 17, 2009
Page 3

    Accordingly, pursuant to the terms of the court orders described above, New GM demands that the Plaintiffs dismiss New GM from the Lawsuit with prejudice. New GM reserves all of its rights and remedies to enforce both the Confirmation Order and the Sale Order in any court of competent jurisdiction and to pursue any and all claims and causes of action, or seek damages or other appropriate remedies, for the Plaintiffs' violation of such orders.

    Please let me know your response by December 31, 2009. Feel free to contact me if you have any questions.

Very truly yours,

Heather Lennox

cc:    Andrew M. Kramer, Esq.
        Robert S. Walker, Esq.