# **EXHIBIT E**

**[Letter from Counsel for Salaried Plaintiffs]**

COI-1433501v6

# JACOB & WEINGARTEN

PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

777 SOMERSET PLACE
2301 WEST BIG BEAVER ROAD
TROY, MICHIGAN 48084

ALAN J. SCHWARTZ

alan@jacobweingarten.com

TELEPHONE: (248) 649-1900
FACSIMILE: (248) 649-2920


January 15, 2010

**via e-mail and U.S. Mail**
Heather Lennox, Esq.
Jones Day
901 Lakeside Ave.
Cleveland, Ohio 44114-1190

> Re: *Black, et al. v. The Pension Benefit Guaranty Corporation, et al.*
> Case No. 09-13616 (E.D. Mich.)

Dear Ms. Lennox:

This letter is in response to your December 17, 2009 letter demanding the dismissal of General Motors LLC ("New GM") from the above referenced lawsuit (the "Lawsuit") with prejudice.

We have reviewed the arguments raised and documents identified in your letter, as well as certain other documents and court orders that we believe are relevant to this issue. Based on our analysis and review of the facts and all of the various relevant documents and orders, we believe that New GM has not been released from, and the Plaintiffs are not otherwise barred from asserting, the claims asserted against New GM in the Amended Complaint. Most notably, is the fact that the acts and/or omissions complained of in the Lawsuit relate to New GM's "top-up" of the pension benefits received by each retired "Covered Employee"[1] from the PBGC (and its failure to "top-up" the benefits of the retired employees covered by the Salaried Plan), and such acts or omissions did not occur until after the October 6, 2009 effective date of Delphi's Plan. Moreover, the obligations under the Settlement Agreement are clearly direct obligations of New GM. Thus, whether New GM assumed any liabilities of General Motors Corporation (n/k/a Motors

---

[1] As defined in that certain Settlement Agreement Between And Among GMCo/MLC-IUE-CWA And USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, And Modification And GMCO Assumption Of MLC-IUE-CWA-CBA (the "Settlement Agreement").

**JACOB & WEINGARTEN**
PROFESSIONAL CORPORATION

Heather Lennox, Esq.                                January 15, 2010
Page 2


Liquidation Corporation) with respect to any Delphi pension plan is irrelevant. Accordingly, at this time, we cannot agree to your demand to dismiss New GM from the Lawsuit.

During my recent discussions with Bob Walker, Bob seemed to indicate that if the Plaintiffs did not agree to the requested dismissal of New GM, then New GM may seek such dismissal through the Delphi bankruptcy court. Under the circumstances, we do not believe that the Delphi bankruptcy court is the proper forum. The arguments raised by you that New GM has been released from the claims asserted in the Amended Complaint, or that the Plaintiff's are otherwise barred from pursuing the Lawsuit, are simply affirmative defenses that New GM would raise before Judge Tarnow. If so raised, Judge Tarnow would then decide, at the appropriate time, whether such defenses are valid.

If there are any additional facts or relevant documents that were not described in your letter that you believe support your demand, or if you would like to discuss this matter further, please do not hesitate contact me.

                                          Very truly yours,

                                          Alan J. Schwartz


cc:  Robert S. Walker, Esq.
     Anthony Shelley, Esq.
     Timothy P. O'Toole, Esq.
     Michael Khalil, Esq.
     Steven P. Schubiner, Esq.