DOC # 3/6   ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X             93316
In re:                              :             M-47 (DLC)
                                    :
DELPHI CORPORATION, et al.,         :             MEMORANDUM OPINION
                                    :             and ORDER
              Debtors.              :
                                    :
                                    :
------------------------------------X

DENISE COTE, District Judge:

The Law Debenture Trust Company of New York ("LDTC") brings this motion for leave to appeal an interlocutory order entered on by the United States Bankruptcy Court for the Southern District of New York in the above-captioned bankruptcy proceeding of Delphi Corporation ("Delphi"). LDTC is the successor indenture trustee and property trustee for holders of certain subordinated notes of Delphi, which, along with its subsidiaries, filed for relief under Chapter 11 of Title 11 of the United States Code on October 8, 2005. Shortly after the filing, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). LDTC was not among the seven creditors selected, and it subsequently filed a motion to be appointed to the Committee. On January 5, the Bankruptcy Court declined LDTC's request from the bench, and on February 8 the court issued an order denying the motion (the "February 8 order"). LDTC now brings this motion for leave to appeal the February 8 order pursuant to 28 U.S.C. § 158(a)(3) ("Section 158(a)(3)") and the collateral order doctrine. The motion is opposed by the Committee, Delphi, and certain of Delphi's subsidiaries,

affiliates, debtors, and debtors-in-possession. The motion is denied.

Section 158(a)(3) grants a United States District Court jurisdiction over appeals from interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(3). The parties here agree that in determining whether to grant leave to appeal under Section 158(a)(3), courts apply the standard described in 28 U.S.C. § 1292(b) ("Section 1292(b)"), which governs appeals from interlocutory district court orders to the courts of appeals. See, e.g., In re Worldcom, Inc., No. M-47 (HB), 2003 WL 21498904, at *9 (S.D.N.Y. June 30, 2003). Under Section 1292(b), an interlocutory appeal is permissible when it involves "a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Here, LDTC argues that the Bankruptcy Court erroneously applied the "abuse of discretion" standard in its review of the United States Trustee's decision regarding the composition of the Committee. According to LDTC, the Bankruptcy Court should have reviewed the decision de novo. This does not, however, merit District Court review. Although the Bankruptcy Court said that, "at least as to whether a particular member should be appointed to a committee, the trustee's decision should be reviewed on an abuse-of discretion basis," the Bankruptcy Court made an independent determination of the merits of the decision when

ruling on LDTC's motion. After discussing the composition of the Committee, the court concluded that "the [C]ommittee does adequately represent the interests of all the unsecured creditors, including the sub-debt." Because LDTC has not shown that there is a controlling question of law at stake here, it is unnecessary to consider the remaining components of a Section 1292(b) inquiry. An interlocutory appeal pursuant to Section 158(a)(3) is denied.[1]

The February 8 order is similarly not reviewable under the collateral order doctrine. The collateral order doctrine is "a narrow exception to the general rule that interlocutory orders are not appealable as a matter of right." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 117 (2d Cir. 2006) (citation omitted) (emphasis supplied). In order to fall within the exception, the order must: "(i) conclusively determine the disputed question, (ii) resolve an important issue completely separate from the merits of the action, and (iii) be effectively unreviewable on appeal from a final judgment." Id. (citation omitted). Here,

---

[1] LDTC also appears to argue that permission to appeal should be granted even if it cannot meet its burden under Section 1292(b), because its situation involves "extraordinary circumstances." In In re Enron, No. 02 Civ. 6274 (GBD), 2003 WL 22327118, at *2 (S.D.N.Y. Oct. 10, 2003) -- the primary case from this district on which LDTC relies to support this argument -- none of the interested parties objected to the appeal. That is not the case here. Furthermore, LDTC has utterly failed to describe any extraordinary circumstances, beyond its strong desire to have a seat on the Committee, that would justify review of the February 8 order. There is no need, therefore, to reach the issue of whether "extraordinary circumstances" can support an appeal in the absence of a showing equivalent to that required by Section 1292(b).

3

the Bankruptcy Court's decision to allow the Committee to continue with its current composition is not sufficiently separable from the outcome of the bankruptcy action; indeed, LDTC's objective in petitioning for a seat on the Committee is to secure its direct participation in the reorganization plan that will ultimately result from the proceeding.  Furthermore, the substantive decisions made by the Committee will in many cases be subject to review by the Bankruptcy Court, and ultimately, the District Court.  Finally, if circumstances change, LDTC may be granted a seat on the Committee.  Therefore, for many reasons, the collateral order doctrine is not applicable here.

For the foregoing reasons, LDTC's motion for leave to appeal is denied.

SO ORDERED

Dated:   New York, New York
         July 5, 2006

_____
DENISE COTE
United States District Judge