UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
: 
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
: 
Reorganized Debtors. : (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
TO EXPUNGE CERTAIN (A) SEVERANCE CLAIMS AND (B) BOOKS
AND RECORDS CLAIMS ASSERTING ADMINISTRATIVE EXPENSES

("FORTY-FIRST-OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-First Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (A) Severance Claims And (B) Books And Records Claims Asserting Administrative Expenses (the "Forty-First Omnibus Claims Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), dated December 21, 2009; and upon the record of the hearing held on the Forty-First Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-First Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

  A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A and B hereto was properly and timely served with a copy of the Forty-First Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-First Omnibus Claims Objection, and notice of the deadline for responding to the Forty-First Omnibus Claims Objection. No other or further notice of the Forty-First Omnibus Claims Objection is necessary.

  B. This Court has jurisdiction over the Forty-First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-First Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-First Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  C. The Administrative Claims listed on Exhibit A are Administrative Claims filed by former employees of the Debtors asserting liabilities for severance payments that have already been satisfied in full (the "Severance Claims").

  D. The Administrative Claims listed on Exhibit B are Administrative Claims that assert liabilities and dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

  E. Exhibit D hereto sets forth each of the Administrative Claims referenced on Exhibits A and B in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number and (ii) basis of objection.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each Severance Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

2. Each Books and Records Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

3. With respect to the Administrative Claim for which a Response to the Forty-First Omnibus Claims Objection has been filed and served, as listed on <u>Exhibit C</u>, and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claim shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; <u>provided</u>, <u>however</u>, that such adjournment shall be without prejudice to the Reorganized Debtors' rights to assert that the Response was untimely or otherwise deficient under the Claims Objection Procedures Order or the Administrative Claims Objection Procedures Order.

4. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-First-Omnibus Claims Objection.

5. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-First Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

6. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-First Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>

and <u>B</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-First Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: White Plains, New York
January 26, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE