UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :

            In re                            :          Chapter 11
                                         :
DPH HOLDINGS CORP., et al.,        :          Case No. 05-44481 (RDD)
                                         :
                                         :          (Jointly Administered)
                                         :
              Reorganized Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
TO (I) EXPUNGE CERTAIN (A) BOOKS AND RECORDS CLAIMS, (B) FULLY
SATISFIED CLAIMS, AND (C) OBJECTED-TO CLAIMS TO BE DISALLOWED,
(II) MODIFY AND ALLOW CERTAIN (A) PARTIALLY SATISFIED CLAIMS, (B)
CLAIMS TO BE FURTHER MODIFIED, AND (C) OBJECTED-TO CLAIMS TO
<u>BE MODIFIED AND ALLOWED, AND (III) ALLOW CERTAIN CLAIMS</u>

("FORTIETH OMNIBUS CLAIMS OBJECTION ORDER")

        Upon the Fortieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.
R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected-To Claims To Be Disallowed, (II) Modify And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, And (C) Objected-To Claims To Be Modified And Allowed, And (III) Allow Certain Claims (the "Fortieth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), dated December 21, 2009; and upon the record of the hearing held on the Fortieth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Fortieth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, E, F, G, H-1, H-2, H-3, H-4, and H-5 hereto was properly and timely served with a copy of the Fortieth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Fortieth Omnibus Claims Objection, and notice of the deadline for responding to the Fortieth Omnibus Claims Objection. No other or further notice of the Fortieth Omnibus Claims Objection is necessary.

      B.      This Court has jurisdiction over the Fortieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Fortieth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Fortieth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Claims listed on Exhibit A assert liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Exhibit A Claims").

      D.      The Claims listed on Exhibit B assert liabilities and dollar amounts for which the Debtors are no longer liable pursuant to the Reorganized Debtors' books and records

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

because such Claims have been satisfied in full by Cure Payments made by the Reorganized Debtors (the "Exhibit B Claims").

    E.  The Claims listed on <u>Exhibit C</u> assert liabilities or dollar amounts to which the Debtors or Reorganized Debtors have previously objected and for which the Debtors are no longer liable pursuant to the Reorganized Debtors' books and records because such Claims have been satisfied in full by Cure Payments made by the Reorganized Debtors (the "Exhibit C Claims").

    F.  The Claims listed on <u>Exhibit D</u> assert liabilities or dollar amounts that have been partially satisfied by Cure Payments made by the Reorganized Debtors. The Reorganized Debtors propose to modify and allow each such Claim either because the amount, class, and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Exhibit D Claims").

    G.  The Claims listed on <u>Exhibit E</u> assert liabilities or dollar amounts that have been previously modified by a prior order and have been partially satisfied by Cure Payments made by the Reorganized Debtors. The Reorganized Debtors propose to further modify and allow each such Claim either because the amounts, class, and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Exhibit E Claims").

    H.  The Claims listed on <u>Exhibit F</u> assert liabilities or dollar amounts to which the Debtors or Reorganized Debtors have previously objected and have been partially satisfied by Cure Payments made by the Reorganized Debtors. The Reorganized Debtors propose to modify and allow such claims either because the amount, class, and the Debtor against which the

Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Exhibit F Claims").

    I.  The Claims listed on <u>Exhibit G</u> assert liabilities or dollar amounts that the Reorganized Debtors propose to allow either because the proposed allowed amount, class, and the Debtor against which the Claim is proposed to be allowed matches the Reorganized Debtors' books and records or the proposed allowance constitutes a reasonable compromise (the "Exhibit G Claims").

    J.  <u>Exhibit I</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits D</u>, <u>E</u>, <u>F</u>, and <u>G</u>.  <u>Exhibit J</u> sets forth each of the Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, and <u>G</u> in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number and (ii) basis of objection.

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Exhibit A Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

    2.  Each Exhibit B Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

    3.  Each Exhibit C Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

    4.  Each Exhibit D Claim listed on <u>Exhibit D</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed"

column of Exhibit D and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit D Claims are deemed withdrawn.

        5.        Each Exhibit E Claim listed on Exhibit E hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit E and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit E Claims are deemed withdrawn.

        6.        Each Exhibit F Claim listed on Exhibit F hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit F and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit F Claims are deemed withdrawn.

        7.        Each Exhibit G Claim listed on Exhibit G hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit G and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit G Claims are deemed withdrawn.

        8.        With respect to each Claim for which a Response to the Fortieth Omnibus Claims Objection has been filed and served, as listed on Exhibits H-1, H-2, H-3, H-4, and H-5, and which Response has not been resolved by the parties, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

        9.    Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Fortieth Omnibus Claims Objection except as such claims may have been settled and allowed.

        10.    This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Fortieth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

        11.    Each of the objections by the Reorganized Debtors to each Claim addressed in the Fortieth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, F, and G constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Fortieth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        12.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       January 27, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE