BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------ x
                         :
        In re            :    Chapter 11
                         :
DPH HOLDINGS CORP., et al.,  :  Case No. 05-44481 (RDD)
                         :
                         :    (Jointly Administered)
        Debtors.         :
------------------------ x

## COVER SHEET

**SEVENTH AND FINAL APPLICATION OF BANNER & WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS CORPORATION, SEEKING ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331**

Name of Applicant:                          Banner & Witcoff, Ltd.

Role In This Case:                          Intellectual Property Counsel
                                            for DPH Holdings Corporation

Date/Document # of Order                    January 3, 2006 *nunc pro tunc*
Authorizing Employment:                     to Petition Date – Docket No. 1708

Period for Which Final Approval Is Sought:  October 8, 2005 through August 15, 2007

Amount For Final Approval:                  $265,344.29

Amount Received To Date:                    $265,344.29

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------ x
                         :
In re                    :   Chapter 11
                         :
DPH HOLDINGS CORP., et al.,   :   Case No. 05-44481 (RDD)
                         :
                         :   (Jointly Administered)
Debtors.                 :
------------------------ x

**SEVENTH AND FINAL APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS
CORPORATION, SEEKING ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331**

Banner & Witcoff, Ltd., intellectual property counsel for DPH Holdings Corporation, and once a Retained Professional, submits this seventh and final application seeking a final allowance of compensation and reimbursement of expenses under 11 U.S.C. §§330 and 331, for the period from October 8, 2005 through August 15, 2007.

STATEMENT AT THE OUTSET PURSUANT TO GUIDELINES

Banner[1] submits this final application for (a) allowance of compensation for 647 hours of professional legal services provided by Banner to DPH Holdings, in the amount of $253,346.71 and (b) allowance of reimbursement of actual and necessary charges and disbursements incurred by Banner in the amount of $11,997.58, for a total of

---

[1] "Banner" is Banner & Witcoff, Ltd.

2

$265,344.29, in the rendition of required legal, intellectual property professional services on behalf of DPH Holdings in the time period of October 8, 2005 through August 15, 2007.[2]

## SUMMARY SHEET AND CERTIFICATION

A Summary Sheet is attached as Exhibit A. A Certification is attached as Exhibit B.

## FINAL APPLICATION

In support of this seventh and final application, Banner further represents as follows:

## BACKGROUND – GENERAL MATTERS

1.   On October 8, 2005, Delphi and certain of its United States ("U.S.") subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (On October 14, 2005, three additional U.S. subsidiaries of Delphi (collectively with the Initial Filers, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code.

2.   On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.   On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for

---

[2] This amount takes into account $1,260.00 in voluntary reductions by Banner.

3

an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. After a hearing, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

4.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date[3] occurred, and the transactions under the Master Disposition Agreement and related agreements closed. In connection therewith, DIP Holdco LLP (subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), as assignee of DIP Holdco 3 LLC, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC, a Delaware limited liability company, and Steering Solutions Services Corporation, a Delaware corporation, acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively. The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration, including, without limitation, the disposition of certain retained assets and payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of these chapter 11 cases.

RETURN TO 2006 - RETENTION OF BANNER

---

[3] Capitalized terms used but not defined in this Final Banner Fee Application have the meanings ascribed to them in the Modified Plan.

5.      On January 3, 2006, pursuant to an application dated December 6, 2005, the Bankruptcy Court entered an order titled "Order under 11 U.S.C. §§327(3) and 1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. as Intellectual Property Counsel to Debtors ("Banner Retention Order")," (Docket No. 1708), see Exhibit C at pp. 18-19, and thereby granted the Debtors' request to employ Banner as intellectual property counsel under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, with approval of such employment being effective as of the Petition Date, October 8, 2005.

6.      On August 15, 2007, this Court entered an Order terminating Banner's status as Special Litigation Counsel and authorizing the retention of Banner as an ordinary course professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course of Business (Docket No. 9101).

7.      The dates of October 8, 2005 and August 15, 2007 thus define the start and end of the period for which this fee application is made (the "Application Period").

EVENTS BEFORE THE APPLICATION PERIOD,
INCLUDING IDENTIFICATION OF LITIGATION THAT GIVES RISE TO THIS
APPLICATION AND BANNER'S TERMS AND CONDITIONS OF ENGAGEMENT
IN REPRESENTING DELPHI IN THE LITIGATION

(This following descriptions of events are abbreviated. Please see past Banner fee applications for more information.)

8.      As of October 8, 2005, the Petition Date, Delphi was a defendant in two civil actions for patent infringement in which Banner lawyers previously represented Delphi. These were (a) "ATI I" - Automotive Technologies International, Inc. ("ATI") v. BMW North America, Inc., et al., Appeal No. 06-1013 (Federal Circuit September 29,

2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001), and (b) "ATI II" - Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al., Civil Action No. 04-72035 (E.D.Mich. April 30, 2005).

9. Banner was retained to represent Delphi in the ATI I and ATI II cases by an exchange of letters of engagement described in paragraph 10 of an Affidavit of Charles W. Shifley filed in support of the application for retention of Banner, Exhibit C at pp. 21-26. See also Exhibit C at pp. 28-33, the subject letters of engagement. These letters reflect voluntary accommodations to Delphi including discounted rates and rates fixed over time.

10. The ATI II case was stayed during the pendency of the ATI I case and remains stayed by District Court order.

11. Delphi had an indemnity agreement with General Motors Corporation implicated in the identified civil actions for patent infringement. Pursuant to the agreement, at Delphi expense, Banner represented General Motors Corporation in these actions as well as Delphi.

EVENTS DURING THE APPLICATION PERIOD
CAUSING NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

12. On November 14, 2005, Delphi served the appellate court and its opponent in the ATI I case with its Suggestion of Bankruptcy and Notice of Operation of Automatic Stay.

13. On December 13, 2005, the appellate court issued an order temporarily staying briefing in the ATI I case.

14. On June 29, 2006, this Court granted the plaintiff ATI relief and thereafter the appellate court lifted the stay and proceeded with the appeal. See Exhibits P and Q.

15. From July 2006 through September 2007, the appeal continued and Banner attended to necessary efforts for Delphi in that appeal. See Exhibits C - H, Banner's "Prior Banner Fee Applications."

### EVENTS AFTER THE APPLICATION PERIOD DEMONSTRATING THE BENEFITS OF THE NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

16. On September 6, 2007, the court of appeals issued its decision and Delphi enjoyed the successful results of it and Banner's efforts in the ATI I case. Delphi enjoyed total freedom from liability to the plaintiff in the case. See Exhibits R and S. The ATI II case remains stayed, and is expected to remain so, permanently.

### BANNER'S PRIOR FEE APPLICATIONS AND AMOUNTS PAID TO BANNER BECAUSE OF THE PRIOR BANNER APPLICATIONS

17. On appropriate dates and in appropriate manner, Banner submitted first through sixth interim fee applications (Docket Nos. 3506, 4761, 4781, 5947, 7405, 8808 and 11360), see Exhibits C – H.[4]

18. By its first through sixth Omnibus Orders granting interim fee applications (Docket Nos. 6986, 7026, 7019, 8450, 10741 and 12882), this Court granted the first through sixth Banner interim fee applications, see Exhibits I – N.

### COMPLIANCE BY BANNER'S INVOICES WITH 11 U.S.C. 330, THE INTERIM COMPENSATION ORDER AND FEE GUIDELINES

19. This application, the Prior Banner Fee Applications, Exhibits C - H, and Banner's invoices in the application period, Exs. C at pp. 35-43, D at pp. 60-73, E at pp.

---

[4] Exhibit D is the Second Interim Fee Application with all its exhibits. Docket Nos. 4761 and 4781 lack the Second Interim Fee Application Exhibits B and K.

7

40-55, F at pp. 39-59, G at pp. 40-59, and H at pp. 39-40, comply with 11 U.S.C. 330, the Interim Compensation Order (Docket No. 869), as amended by supplemental order (Docket No. 2747)("the Fee Order") and the U.S. Trustee Fee Guidelines, the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (together, "The Guidelines"), to the best of Banner's ability to provide compliance, and in that they contain all required information and are for necessary and reasonable services and disbursements provided to Delphi in the ATI cases.

20. The Certifying Professional certifies this application as in his Certification, Exhibit B.

21. Further, among other matters, individuals who provided services during the statement periods are listed in the invoices and in the Summary Sheet, Exhibit A. The listed individual(s) are attorneys.

22. The Banner invoices also comply in that respective billing rates, aggregate hours, and reasonably detailed breakdowns of disbursements, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour are all part of the invoices.

23. The Banner invoices also comply in that disbursements are billed at rates and in accordance with practices customarily employed by the applicant and generally accepted by the applicant's clients, and the disbursements, for photocopies, both internal and external, telecommunications, both toll charges and facsimile transmissions, courier and freight, printing, court reporter and transcripts, messenger services, computerized

research, out of town travel expenses, word processing, secretarial and other staff services, cellular telephones, overtime expenses, local and daytime meals, local transportation, and all other disbursements, satisfy the requirements of The Guidelines.

24.  Banner believes its invoices, this application and the Prior Banner Fee Applications, also comply with all other aspects of the Fee Order and all applicable laws, rules, orders, guidelines and the like. To any extent there is any technical noncompliance, Banner respectfully requests a waiver for any such matter.

### ALL REQUIRED NOTICES HAVE BEEN PROVIDED; THERE HAS BEEN NO OBJECTION

25.  Banner provided all required notices pursuant to the Fee Order, including serving monthly statements under paragraph 2(a) of the Order, except as relieved by Fee Committee communication that Fee Committee members did not want papers, by serving the Prior Banner Fee Applications under paragraph 2(a) of the Order, and by serving an e-mail notice of the filing of the Prior Banner Fee Applications and a listing of exhibits filed in support of them on the 2002 Entities List pursuant to paragraph 8 of the Order. See Exhibit I.

### CONCLUSION

WHEREFORE, Banner respectfully requests that the Court (a) enter an order approving final compensation of $253,346.71 to Banner for necessary and reasonable professional services rendered as attorneys for the Debtors during the Application Period, plus allowance of reimbursement of actual and necessary charges and disbursements incurred in the sum of $11,997.58 for a total sum of $265,344.29 and, (b) grant such other and further relief as is just and equitable under the circumstances.

A proposed order is attached at Exhibit U.

          Respectfully submitted,

          PANTERIS & PANTERIS, LLP
          Attorneys for Banner & Witcoff, Ltd.


By:     /s/ *George Panteris*
          George Panteris (GP3235)
          35-16 Bell Boulevard, Suite 201
          Bayside, NY 11361
          Tel: 718.281.2154
          Fax: 718.281.4746
          gpanteris@panterislaw.com