Hearing Date and Time: To Be Determined<br>Objection Deadline: To Be Determined

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------ x
: 
In re : Chapter 11
: 
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
: 
Debtors. : (Jointly Administered)
: 
------------------------------ x

**NOTICE FROM BANNER & WITCOFF, LTD.,**
**INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS CORPORATION,**
**OF THE SEVENTH AND FINAL FEE APPLICATION OF BANNER & WITCOFF,**
**LTD. SEEKING ALLOWANCE OF**
**FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**UNDER 11 U.S.C. SECTIONS 330 AND 331**

**PLEASE TAKE NOTICE** that on February 1, 2010 Banner & Witcoff, Ltd., intellectual property counsel for DPH Holdings Corporation, et. al, and at one time a Retained Professional, filed a seventh and final application seeking final allowance of compensation and reimbursement of expenses in the amount of $ 265,344.29 under 11 U.S.C. Sections 330 and 331, for the period from October 8, 2005 through August 15, 2007 together with the following exhibits: A, Summary sheet; B, Certification; C - H, Banner First through Sixth Interim Fee Applications; I-N, Orders as to the Banner Fee Application; O, order terminating Banner's status as special litigation counsel and authorizing the retention of Banner as an ordinary course professional

according to the order under 11 U.S.C. §§ 327, 330 and 331 authorizing retention of professionals utilized by debtors in ordinary course of business (Docket No. 9101); P, order granting ATI's motion for relief from automatic stay to proceed with appeal of patent litigation; Q, order lifting stay of proceedings in ATI I case; R, Appellate Court Decision in ATI I case; S, Judgment in the ATI I case; T, Service of List of Exhibits; and U, proposed order on the final Banner fee application.

**PLEASE TAKE FURTHER NOTICE** that the Final Banner Fee Application[1] may be viewed on the Court's website or the Debtor's "virtual docket" website; provided that, if a party-in-interest cannot access the Final Banner Fee Application on either website, upon request, Banner[2] shall provide a copy of the Final Banner Fee Application to such party-in-interest.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Final Banner Fee Application will be held on a date and time to be determined by the Court (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Final Banner Fee Application must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Case Management Order Under 11 U.S.C. §§ 102(1) and 105 Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notices, Case Management, and Administrative Procedures, entered by this Court on October 14, 2005 (Docket

---

[1] The "Final Banner Fee Application" is the seventh and final fee application of Banner & Witcoff, Ltd. identified in this notice.
[2] "Banner" is Banner & Witcoff, Ltd.

2

No. 245 and supplemental order entered on March 20, 2006 (Docket No. 2883), (c) must state with particularity the legal and factual bases for the objection, (d) must be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) — registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) DPH Holdings, Corp., 5725 Delphi Drive, Troy, Michigan 48098, Att'n: General Counsel, (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attn: Alicia M. Leonhard, Esq., (iii) counsel for the Creditors' Committee, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022-4802, Attn: Robert J. Rosenberg, Esq., (iv) counsel for the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Marissa Wesley, Esq., (v) counsel for the agent under the Debtors' postpetition credit facility, Davis Polk & Wardell, 450 Lexington Avenue, New York, New York 10017, Attn: Donald Bernstein, Esq., (vi) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John Wm. Butler, Jr., Esq., (vii) counsel to the Debtors Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Kayalyn Marafioti, Esq., (viii) counsel for equity security holders, Fried, Frank, Harris, Shriver & Jacobson, One New York Plaza, New York, New York 10004, Attn: Bonnie Steingart, Esq., and (ix) the members of the Fee Review Committee, SABIC Innovative Plastics, 9930 Kincey Avenue, Huntersville, NC 28078, Attn: Ms. Valeria Venable, Legal Cost Control, Inc. 255 Kings Highway East, Haddonfield, New Jersey 08033, Attn: John J. Marguess and counsel for

SABIC Innovative Plastics, Harrington Dragich PLLC, 21043 Mack Avenue, Grosse Point Woods, Michigan 48236, Attn: David G. Dragich, in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on a date to be determined (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections made as set forth herein and in accordance with the Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing. If no responses or objections to the Final Banner Fee Application are timely made and served in accordance with the procedures set forth herein and in the Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Final Banner Fee Application without further notice.

| | |
|---|---|
| Dated: Chicago, Illinois<br>February 1, 2010 | Respectfully submitted,<br><br>PANTERIS & PANTERIS, LLP<br>Attorneys for Banner & Witcoff, Ltd. |
| By: | /s/ *George Panteris*<br>George Panteris (GP3235)<br>35-16 Bell Boulevard, Suite 201<br>Bayside, NY  11361<br>Tel: 718.281.2154<br>Fax: 718.281.4746<br>gpanteris@panterislaw.com |