BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------- x
                                :
    In re                       :    Chapter 11
                                :
DPH HOLDINGS CORP., et al.,     :    Case No. 05-44481 (RDD)
                                :
                                :    (Jointly Administered)
    Debtors.                    :
------------------------------- x

LIST OF EXHIBITS TO THE SEVENTH AND FINAL APPLICATION OF BANNER &
WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS
CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11
<u>U.S.C. SECTIONS 330 AND 331</u>

# EXHIBIT B

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

    In re                                :          Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,   :          Case No. 05-44481 (RDD)
                                            :
                                            :          (Jointly Administered)
Debtors.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION FOR
SEVENTH AND FINAL APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS CORPORATION,
SEEKING ALLOWANCE OF FINAL COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u> UNDER 11 U.S.C. SECTIONS 330 AND 331**

      I, Charles W. Shifley, as the "Certifying Professional" for Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for DPH Holdings Corporation ("DPH"), and formerly a Retained Professional, certify as follows:

      1.    I have read the Seventh and Final Application of Banner & Witcoff, Ltd., Intellectual Property Counsel to DPH Holdings Corporation, Seeking Allowance of Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections 330 and 331 ("the Final Banner Fee Application").

FURTHER CERTIFICATIONS PURSUANT TO THE AMENDED GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES

2. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Final Banner Fee Application fall within the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases ("the Amended Guidelines") and the UST Guidelines, except as specifically noted in this certification and described in Banner's fee application (there are no exceptions).

3. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, except to the extent that fees or disbursements are prohibited by the Amended Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the applicant, Banner, and generally accepted by the applicant's clients.

4. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in providing reimbursable service, the applicant does not make a profit on the service, whether the service is performed by the applicant in-house or through a third party.

5. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the trustee, and in this chapter 11 case, the chair of each official committee and the debtor, in the Application Period, were provided not later than 20 days after the end of each month with a statement of fees and disbursements accrued during such month. The statements provided contain a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and

paraprofessional, a general description of the services rendered, a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices.

6. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the trustee, and in this chapter 11 case, the chair of each official committee and the debtor, in the Application Period, were all been provided with a copy of the relevant fee application at least 10 days before the date set by the court or any applicable rules for filing fee applications.

FURTHER CERTIFICATIONS PURSUANT TO THE GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES

7. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the Final Banner Fee Application complies with the mandatory guidelines set forth in the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

8. The Certifying Professional is unable to certify that the trustee, debtor, or chair of each official committee (as to each respective committee's professionals) has reviewed the fee application and has approved it. (There are no known objections.)

9. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in charging for a particular service, the applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

10. To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in seeking reimbursement for a service which the applicant justifiably purchased or contracted for from a third party (such as temporary paralegal

4

or secretary services, or messenger service), the applicant requests reimbursement only for the amount billed to the applicant by the third-party vendor and paid by the applicant to such vendor.

Respectfully submitted,

*Charles W. Shifley*
Charles W. Shifley
Binal J. Patel
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

4